| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| James v. Comm'n for Lawyer Discipline, 310 S.W.3d 598 | 302+1 | A pleading's purpose is to give fair notice of a party's claims and the relief sought. | Is giving fair notice of a party's claims and the relief sought the purpose of pleading? | 023553.docx | LEGALEASE-00145830-LEGALEASE-00145831 |
| Peru Coal Co. v. Merrick, 79 Ill. 112 | 307A+726 | A second application for a continuance at the same term will not be heard, unless the second application is based upon facts that have arisen after the first motion was overruled; and, where a second application is made upon substantially the same grounds as the first, it should be overruled, although the facts stated are sufficient to authorize a continuance. | Can a second application for continuance be admitted? | Pretrial Procedure - Memo # 5836 - C - SS.docx | ROSS-003304821-ROSS-003304822 |
| Perotti v. Ferguson, 454 N.E.2d 951 | 307A+746 | Trial court may, sua sponte, dismiss action for nonappearance at pretrial conference. Rules Civ.Proc., Rule 41(B)(1). | "Can a trial court, sua sponte, dismiss an action for nonappearance at a pretrial conference?" | Pretrial Procedure - Memo # 6488 - C - BP.docx | ROSS-003288340-ROSS-003288341 |
| Dorsey v. Nold, 362 Md. 241 | 307A+746 | Sanctions are available for the violation of directives in scheduling orders, although they are not specified in any rule. Md.Rule 2-504. | "Are sanctions available for the violation of directives in scheduling orders, although they are not specified in any rule?" | 034038.docx | LEGALEASE-00145111-LEGALEASE-00145112 |
| Farm Bureau Mut. Ins. Co. v. Schwan, 687 N.W.2d 388 | 307A+552 | A court will not dismiss an issue as moot if it is capable of repetition and likely to evade review. | Will a court dismiss an issue as moot if it is capable of repetition and likely to evade review? | Pretrial Procedure - Memo # 6521 - C - SB.docx | ROSS-003303206-ROSS-003303207 |
| E.I. DuPont De Nemours & Co. v. Sidran, 140 So. 3d 620 | 307A+563 | To support a dismissal based upon a fraud on the court, the court must find the false testimony was directly related to the central issue in the case. | Should whatever scheme of fraud a court finds be supported by clear and convincing evidence that goes to the very core issue at trial? | 034096.docx | LEGALEASE-00145302-LEGALEASE-00145303 |
| Wyeth Ayerst Pharm. v. Assessor of Town of Champlain, 24 A.D.3d 849 | 307A+560 | Failure to properly serve party is jurisdictional defect subjecting proceeding to dismissal. | Is failure to properly serve a party a jurisdictional defect subjecting proceeding to dismissal? | Pretrial Procedure - Memo # 6552 - C - SJ.docx | ROSS-003288367-ROSS-003288368 |
| Schneller v. St. Mary's Hosp. Med. Ctr., 162 Wis. 2d 296 | 307A+748 | Primary concern of circuit court when addressing untimely motion to amend scheduling order is the accommodation of conflicting interests of permitting parties to fully present their case, preventing prejudice to opposing party, and deterring litigants from flaunting court orders and interfering with the orderly administration of justice; circuit court must consider whether moving party has demonstrated cause for amending the scheduling order and whether the interests of justice would be served by granting the amendment. W.S.A. 801.15(2)(a), 802.10. | Is the circuit court's broad discretion in the matter of sanctioning parties for violating scheduling orders absolutely essential to the court's ability to efficiently and effectively administer its calendar? | 034332.docx | LEGALEASE-00145675-LEGALEASE-00145676 |
| Newell v. Engel, 899 P.2d 273 | 307A+46 | Harshest of all sanctions for failure to obey order to provide or permit discovery is dismissal or entry of default judgment, which should be imposed only in extreme circumstances. Rules Civ.Proc., Rule 37(b)(2). | Is the dismissal or entry of default judgment the harshest of all sanctions and should be imposed only in extreme circumstances? | Pretrial Procedure - Memo # 6678 - C - PC.docx | ROSS-003288429 |
| Haley v. Simmons, 529 F.2d 78 | 313+158 | Dismissal is not invariably required where service is ineffective: under such circumstances court has discretion to either dismiss action or quash service but retain the case. | Is dismissal not invariably required where service is ineffective? | 034666.docx | LEGALEASE-00145354-LEGALEASE-00145355 |
| Carolina Marina & Yacht Club v. New Hanover Cty. Bd. of Comm'rs, 207 N.C. App. 250 | 15A+1724(2) | If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action. | Will an action be dismissed if the issues become moot? | Pretrial Procedure - Memo # 6973 - C - NS.docx | ROSS-003289924-ROSS-003289925 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jackson Cty. Bd. of Election Comm'rs ex rel. Brown v. City of Lee's Summit, 277 S.W.3d 740 | 13+6 | A case is "moot" if the decision would have no practical effect upon an existent controversy; when an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual relief, the case is moot and generally should be dismissed. | "Is a case ""moot"" if the decision would have no practical effect upon an existent controversy?" | Pretrial Procedure - Memo # 6988 - C - VP.docx | ROSS-003289947-ROSS-003289948 |
| State ex rel. AG Processing v. Pub. Serv. Comm'n, 276 S.W.3d 303 | 13+6 | A case is "moot" if the decision would have no practical effect upon an existent controversy. | "Is a case ""moot"" if the decision would have no practical effect upon an existent controversy?" | 034803.docx | LEGALEASE-00145766-LEGALEASE-00145767 |
| Johnson v. Eugene Emergency Physicians, P.C., 159 Or. App. 167 | 307A+563 | Dismissal is a "drastic" sanction to be reserved for the most severe violations of rules and court orders. | "Is a dismissal a ""drastic"" sanction to be reserved for the most severe violations of rules and court orders?" | Pretrial Procedure - Memo # 7073 - C - AP.docx | ROSS-003315550-ROSS-003315551 |
| Denson v. T.D.C.J.-I.D., 63 S.W.3d 454 | 307A+552 | Trial court may dismiss a claim as frivolous when it has no arguable basis in law or fact. V.T.C.A., Civil Practice & Remedies Code S 14.003(a)(2), (b)(2). | Can a court dismiss claim as frivolous if claim has no arguable basis in law? | Pretrial Procedure - Memo # 7146 - C - PB.docx | ROSS-003289951-ROSS-003289952 |
| Holder v. Sheet Metal Worker's Internat. Assn., 121 Cal. App. 3d 321 | 307A+551 | If legislative policy that defendants faced with a lawsuit should have reasonable opportunity to locate evidence and witnesses in preparing a defense conflicts with judicial policy that, subject to plaintiff's exercise of reasonable diligence, an action should be tried on the merits wherever possible, the judicial policy predominates. | Should an action be tried on the merits wherever possible? | Pretrial Procedure - Memo # 7163 - C - SU.docx | ROSS-003289479-ROSS-003289480 |
| State v. John F.M., 285 Conn. 52 | 307A+563 | A defendant or plaintiff who fails to produce evidence, when he is ordered to do so, is in default and case may go against him on this ground. | Is a defendant or plaintiff who fails to produce evidence in default and case can go against him on this ground? | Pretrial Procedure - Memo # 7172 - C - KBM.docx | ROSS-003289965-ROSS-003289966 |
| Isaacs v. Am. Iron & Steel Co., 690 N.W.2d 373 | 307A+552 | Issue generally may be dismissed as moot if an event occurs that resolves the issue or renders it impossible to grant effective relief. | "Should a case be dismissed as moot, whenever an event occurs that renders a decision unnecessary?" | 035225.docx | LEGALEASE-00145889-LEGALEASE-00145890 |
| Weeden v. City of Beloit, 22 Wis. 2d 414 | 307A+552 | Power to dismiss groundless, vexatious, and harassing litigations is inherent in courts, and vexatious action will be dismissed where it is clear that there is no meritorious cause of action. | Can a vexatious action be dismissed where it is clear that there is no meritorious cause of action? | 035242.docx | LEGALEASE-00145944-LEGALEASE-00145945 |
| Johnson v. Landmark First Nat. Bank, 415 So. 2d 161 | 307A+563 | Ultimate sanction of dismissal for attorney's failure to comply with trial court's orders should be employed only in aggravated situations. | Should the ultimate sanction of dismissal for an attorney's failure to comply with trial court's orders be employed only in aggravated situations? | 035430.docx | LEGALEASE-00145174-LEGALEASE-00145175 |
| Pixton v. Williams Scotsman, 924 So. 2d 37 | 307A+563 | Lacking involvement or complicity by the client, an attorney's misconduct should not result in a dismissal of an action. | "Would an attorney's misconduct result in a dismissal of an action, when clients involvement or complicity is lacking?" | Pretrial Procedure - Memo # 7448 - C - NS.docx | ROSS-003317067-ROSS-003317068 |
| D.C. v. Serafin, 617 A.2d 516 | 307A+563 | Trial court has authority to dismiss action when plaintiff fails to comply with order of court. Civil Rule 41(b). | Does a trial court have authority to dismiss an action when a plaintiff fails to comply with order of court? | 035553.docx | LEGALEASE-00146345-LEGALEASE-00146346 |
| Tisdale v. Stone & Webster Eng'g Corp., 595 F. Supp. 1016 | 413+1 | Different workmen's compensation schemes enacted by the several states are complex and best administered by the individual state's agencies or courts. | "Who should administer workmens compensation laws, agencies or courts?" | 01711.docx | LEGALEASE-00092054-LEGALEASE-00092055 |
| State ex rel. Blankenship v. Richardson, 196 W. Va. 726 | 92+961 | It is duty of legislature to consider facts, establish policy, and embody that policy in legislation; it is duty of court, however, to determine constitutionality of legislation. | "Does the Court sit as a superlegislature, or is it the legislatures duty to consider the facts, establish, policy, and embody the policy in legislation?" | 10671.docx | LEGALEASE-00095449-LEGALEASE-00095450 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Larson v. Wisconsin Dep't of Indus., Labor & Human Relations, 76 Wis. 2d 595 | 92+2528 | Workmen's compensation is wholly statutory and questions as to what should properly be the public policy concerning it are determined by the legislature and not by the courts. | "For workers compensation, is it the legislature or the courts that determine the questions regarding what should properly be the public policy?" | 11498.docx | LEGALEASE-00094446-LEGALEASE-00094447 |
| United States v. Kay, 200 F. Supp. 2d 681 | 63+2 | Payments made by the defendants to foreign government officials for purpose of reducing customs duties and taxes did not fall under the scope of provision of the Foreign Corrupt Practices Act (FCPA), prohibiting payments to foreign officials to obtain or retain business; although the plain language of the statute was ambiguous, legislative history showed that the Congress specifically rejected proposed language to broaden the "obtain or retain business" clause that would have covered the defendants' conduct. Securities Exchange Act of 1934, S 30A(a), as amended, 15 U.S.C.A. S 78dd-1(a); Foreign Corrupt Practices Act of 1977, S 104(a), 15 U.S.C.A. S 78dd-2(a). | "Is the plain language of a provision of FCPA, prohibiting payments to foreign officials to obtain or retain business ambiguous?" | 10757.docx | LEGALEASE-00094285-LEGALEASE-00094286 |
| United States v. Dixon, 658 F.2d 181 | 63+3 | A defendant charged with aiding and abetting a bribery need not be present at the time of the delivery. 18 U.S.C.A. SS 2, 201(b)(2). | Does a defendant charged with aiding and abetting a bribery need to be present at the time of the delivery? | 10759.docx | LEGALEASE-00094402-LEGALEASE-00094403 |
| United States v. Hernandez, 731 F.2d 1147 | 282+105 | Witness bribery statute is to be broadly construed in order to effectuate its legislative purpose of deterring corruption. 18 U.S.C.A. S 201. | Should section 201 be broadly construed in order to effectuate its legislative purpose of deterring corruption? | Bribery - Memo #918 - C-JL_57456.docx | ROSS-003293484-ROSS-003293486 |
| Hafen v. United States, 30 Fed. Cl. 470 | 260+29 | If unpatented mining claim is found valid, claimant gains certain exclusive possessory rights, but no rights arise from invalid claim of any kind. | Does any right arise from an invalid claim of any kind? | Mines and Minerals - Memo #281 - C - EB?_57475.docx | ROSS-003293466 |
| St. Romain v. Midas Expl., 430 So. 2d 1354 | 260+58 | Although it is necessary that mineral leases be in writing, it is not essential that lessee sign written instrument; what is required is that lessee indicate consent to lease agreement. LSA-C.C. arts. 1797, 1798, 1803, 1811, 1816-1818. | "Given that a mineral lease must be in writing, is it essential that the lessee sign the written instrument?" | Mines and Minerals - Memo #288 - C - CSS_57480.docx | ROSS-003296290-ROSS-003296291 |
| Atl. Oil Co. v. Los Angeles Cty., 69 Cal. 2d 585 | 260+83 | Right to drill for and produce oil when granted is a profit a prendre, a right to remove part of substance of land. | Is the exclusive right to drill for and produce oil when granted a profit a prendre? | 021566.docx | LEGALEASE-00147710-LEGALEASE-00147711 |
| McCulloch v. Murphy, 125 F. 147 | 260+38(14) | The burden of proving an abandonment of a mining claim, or that the required annual assessment work has not been done, so as to render it subject to relocation, rests on the party asserting it, and the proof must be clear and convincing to establish a forfeiture. | Can a forfeiture of a mining claim be established upon clear and convincing proof of the failure of the former owner to have work performed? | Mines and Minerals - Memo #294 - C - EB_57486.docx | ROSS-003279760-ROSS-003279761 |
| Corkum v. Clark, 263 Mass. 378 | 296+7 | Remedy under law authorizing pensions, providing determination of claims by administrative officers, is exclusive. | "When the law provides that claims for pensions are to be finally determined by administrative officers, is that the exclusive remedy?" | Pension - Memo 60 - RK_57456.docx | ROSS-003279174-ROSS-003279175 |
| Hare v. First Nat. Bank, 272 S.W. 261 | 296+9 | Mortgages or other contracts limiting pensioners' rights to receive and use proceeds of warrants void. | Are contracts or arrangements limiting a pensioners or a public officers rights to receive and use proceeds of warrants void? | 022856.docx | LEGALEASE-00147856-LEGALEASE-00147857 |
| Orgain v. Butler, 478 S.W.2d 610 | 302+49 | Plaintiff, in pleading, is only required to make concise statement of facts on which he relies, and court will then grant proper relief. | Is a plaintiff only required to make a concise statement of the facts upon which he relies? | 023581.docx | LEGALEASE-00147610-LEGALEASE-00147611 |
| Neff v. Brady, 527 S.W.3d 511 | 302+228.14 | The purpose of special exceptions is to compel clarification of a pleading that fails to plead a cause of action or is not clear or sufficiently specific. | Is the purpose of special exceptions to compel clarification of a pleading? | 023588.docx | LEGALEASE-00147758-LEGALEASE-00147759 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Brown v. Kidney & Hypertension Assocs., L.L.P., 5 So. 3d 258 | 307A+590.1 | Mere contact with opposing counsel is insufficient to prevent abandonment of an action; a litigant must take some step in the prosecution or defense of the case in the trial court that hastens the case toward judgment. LSA-C.C.P. art. 561. | Is mere contact with opposing counsel insufficient to prevent abandonment of an action? | Pretrial Procedure - Memo # 7614 - C - RY.docx | ROSS-003286349-ROSS-003286350 |
| Leetaru v. Bd. of Trustees of Univ. of Illinois, 2015 IL 117485 | 307A+686.1 | A motion to involuntarily dismiss based upon certain defects or defenses admits the sufficiency of the complaint, but asserts affirmative matter that defeats the claim. S.H.A. 735 ILCS 5/2-619. | Will a motion to involuntarily dismiss assert affirmative matter that defeats the claim? | 11020.docx | LEGALEASE-00094224-LEGALEASE-00094225 |
| Lewis v. Morgan, 79 So. 3d 926 | 307A+561.1 | Affirmative defense appearing on the face of a complaint can be grounds for a motion to dismiss. West's F.S.A. RCP Rules 1.110(d), 1.140(b). | Will an affirmative defense appearing on the face of a complaint be a ground for motion to dismiss? | 11038.docx | LEGALEASE-00094518-LEGALEASE-00094519 |
| Treaster v. Betts, 324 S.W.3d 487 | 307A+561.1 | A pre-trial dismissal based on an affirmative defense must be granted under the standards of summary judgment. | Will a pre-trial dismissal based on affirmative defense be granted under the standards of summary judgement? | Pretrial Procedure - Memo # 7688 - C - NS.docx | ROSS-003313425-ROSS-003313426 |
| Giraldo v. Cossin, 399 So. 2d 540 | 307A+590.1 | Action cannot advance toward trial unless court has jurisdiction over party sued. | Can action advance toward trial unless a court has jurisdiction over a party sued? | 11224.docx | LEGALEASE-00094791-LEGALEASE-00094792 |
| New Bar Partnership v. Martin, 729 S.E.2d 675 | 307A+561.1 | A complaint may be properly dismissed for absence of law to support a claim, absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. Rules Civ.Proc., Rule 12(b)(6). | When can a complaint be properly dismissed? | Pretrial Procedure - Memo # 7772 - C - KS.docx | ROSS-003300154-ROSS-003300155 |
| Buss Aluminum Prod. v. Crown Window Co., 651 So. 2d 694 | 307A+590.1 | Timely authorized reply to affirmative defense is pleading that constitutes record activity, for purposes of determining whether suit should be dismissed for failure to prosecute. | Is a timely authorized reply to an affirmative defense is a pleading that constitutes record activity? | Pretrial Procedure - Memo # 7776 - C - CK.docx | ROSS-003300165-ROSS-003300166 |
| Fontenot v. Blue Cross Ass'n, 485 So. 2d 1001 | 307A+590.1 | A party takes a "step" in a prosecution or defense of a suit within meaning of abandonment of action article (LSA-C.C.P. art. 561) when he takes formal action, before the court or on the record, intended to hasten the matter to judgment. | Is an action taken by any party considered a step under statute governing abandonment of actions? | 036124.docx | LEGALEASE-00148016-LEGALEASE-00148017 |
| Fortune v. Com., 14 Va. App. 225 | 352H+288 | Where conduct of accused, under conditions and circumstances described, points with reasonable certainty to specific intent to commit rape, intent is established. | Can a defendants specific intent to commit rape be inferred from the circumstances? | 042973.docx | LEGALEASE-00147964-LEGALEASE-00147965 |
| R.W. v. Schrein, 263 Neb. 708 | 352H+190 | An intent to inflict injury can be inferred as a matter of law in cases of sexual abuse. | Can intent to inflict injury be inferred as a matter of law in sexual abuse cases? | 042984.docx | LEGALEASE-00147976-LEGALEASE-00147977 |
| Hormann v. New Hampshire Ins. Co., 236 Kan. 190 | 413+45 | Employee, as well as employer, is bound by rules and procedures set forth in the Workmen's Compensation Act. K.S.A. 44-501 et seq. | "Are parties to employment contracts bound by the remedies, rules, and procedures set forth by the Workers Compensation Act?" | 11454.docx | LEGALEASE-00094746-LEGALEASE-00094747 |
| Hill v. John Chezik Imports, 797 S.W.2d 528 | 413+2 | Workers' Compensation Act is substitutional, supplanting all other common-law rights of an employee if the Act applies. V.A.M.S. S 287.010 et seq. | "If the Workers' Compensation Act applies, is the act substitutional, supplanting all other common-law rights of an employee?" | Workers Compensation - Memo #486 ANC.docx | ROSS-003300422-ROSS-003300423 |
| State v. Travelers Ins. Co., 70 Conn. 590 | 24+125 | A state has a right to debar aliens from holding stock in its corporations, or to admit them to that privilege only on such terms as it may prescribe. | Does a state have a right to debar or admit aliens from holding shares in her corporations? | Aliens_Immigration and_1qzq_IBz1xtMW1-c6arVVDtSBstCAu3Wr.docx | ROSS-000000298-ROSS-000000299 |
| Katsoris v. WME IMG, 237 F. Supp. 3d 92 | 25T+182(1) | There is nothing irrevocable about an agreement to arbitrate, and under a variety of circumstances one party may waive or destroy by his conduct his right to insist upon arbitration. | Is there anything irrevocable about an agreement to arbitrate? | Alternative Dispute Resolution - Memo 783 - RK.docx | LEGALEASE-00037924-LEGALEASE-00037926 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hill v. Ricoh Americas Corp., 603 F.3d 766 | 25T+182(1) | An important consideration in determining whether a party has waived its right to arbitration is maintenance of the combined efficiency of the public and private dispute-resolution systems. | Is maintenance of the combined efficiency of the public and private dispute-resolution systems an important consideration? | 007912.docx | LEGALEASE-00148999-LEGALEASE-00149000 |
| Yeoman v. United States, 400 F.2d 793 | 34+20.6(6) | Exemption from armed service for ministers is to be extended only to leaders of various faiths and not to members generally. Universal Military Training and Service Act, S 1 et seq., 50 U.S.C.A. App. S 451 et seq. | Is exemption from the armed service for ministers extended only to leaders of various faiths and not to members generally? | Armed Services - Memo 312 - RK_58126.docx | ROSS-003278996-ROSS-003278997 |
| Farmers State Bank v. Doering, 80 Ill. App. 3d 959 | 8.30E+52 | A "note" is a unilateral instrument containing an express and absolute promise of signer to pay a specific person or order, or bearer, a definite sum of money at a specified time. | "How is a note reffered to as,under the law?" | 010565.docx | LEGALEASE-00148707-LEGALEASE-00148708 |
| Empire Millwork Corp. v. Lapides, 155 F. Supp. 765 | 195+47 | Under the Uniform Negotiable Instruments Act providing that a holder may retain his right of action against a party secondarily liable even without his consent, fact that composition agreement extended time for payment on note by the primary obligor did not also operate to extend time for payment by the indorser-guarantor until the same date. Code Md.1951, art. 13, S 140(6). | When can a person secondarily liable discharged? | 010576.docx | LEGALEASE-00148480-LEGALEASE-00148481 |
| Jackson Bros. v. Harpeth Nat. Bank, 12 Tenn. App. 464 | 83E+401 | Where the holder of an instrument transfers it for value, without indorsing it, the transfer vests in the transferee such title as the transferer had therein, but subject to defenses good against the transferer; and failure of consideration is a good defense. | Does the transferee become the owner subject to all defenses enforceable against the transferor? | 010591.docx | LEGALEASE-00148332-LEGALEASE-00148333 |
| Clark v. Peabody, 22 Me. 500 | 83E+501 | The ratification by the payee of an indorsement made thereon by one assuming to act as his agent without authority operates as an indorsement only from the time of the ratification. | How does ratification of an indorsement without authority by payee operate? | Bills and Notes -Memo 702-DB_58207.docx | ROSS-003307390-ROSS-003307391 |
| United States v. Madeoy, 912 F.2d 1486 | 63+13 | Whether individual is public official within meaning of bribery statute is question of law. 18 U.S.C.A. S 201(a)(1). | Is the question of whether someone is a public official within the meaning of the bribery statute a question of law or fact? | 012017.docx | LEGALEASE-00148071-LEGALEASE-00148072 |
| In Interest of M.M., 571 So. 2d 112 | 67+7 | Ownership of building or structure is material element of burglary and must be proven as alleged in order to support conviction. West's F.S.A. S 810.02. | Is ownership of the building or structure a material element of burglary? | Burglary - Memo 267 - RK.docx | LEGALEASE-00038299-LEGALEASE-00038300 |
| In Interest of M.M., 571 So. 2d 112 | 67+7 | Ownership of building or structure is material element of burglary and must be proven as alleged in order to support conviction. West's F.S.A. S 810.02. | Is ownership of the building or structure a material element of burglary? | Burglary - Memo 267 - RK_58149.docx | ROSS-003307882-ROSS-003307883 |
| Newman v. RAG Wyoming Land Co, 53 P.3d 540 | 260+55(5) | Parties can sever coalbed methane from remainder of oil and gas estate and convey it separately. | Can parties sever the coalbed methane from the remainder of the oil and gas estate? | Mines and Minerals - Memo #262 - C - CSS_57983.docx | ROSS-003282223-ROSS-003282224 |
| Hovden v. Lind, 301 N.W.2d 374 | 260+55(5) | The term "minerals" as used in a reservation clause in a land sale contract excludes clay and scoria, as well as gravel. | "Does the word mineral in a land sale contract exclude gravel, clay, and scoria?" | Mines and Minerals - Memo #265 - C - CSS_57986.docx | ROSS-003282443-ROSS-003282444 |
| Dye v. Duncan, Dieckman & Duncan Min. Co., 164 F. Supp. 747 | 260+23(1) | In order to avoid forfeiture of a mining claim, the locator or his agent must perform annual labor. 30 U.S.C.A. S 28. | "To avoid forefeiture of a claim and maintain a state mining claim, must the locator or claim holder perform annual labor?" | Mines and Minerals - Memo #331 - C - EB_57996.docx | ROSS-003292433-ROSS-003292434 |
| Saul v. Cahan, 153 A.D.3d 947 | 302+18 | A cause of action sounding in breach of fiduciary duty must be pleaded with particularity. McKinney's CPLR 3016(b). | Should a cause of action for breach of fiduciary duty be pleaded with particularity? | 023592.docx | LEGALEASE-00148534-LEGALEASE-00148535 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bright v. Frank Russell Investments, 191 Wash. App. 73 | 302+20 | Litigants in good faith may raise alternative legal grounds for a desired outcome. | Can litigants in good faith raise alternative legal grounds for a desired outcome? | Pleading - Memo 474 - RMM.docx | LEGALEASE-00038555-LEGALEASE-00038556 |
| Gambino v. Standard Fire Ins. Co., 12-474 (La. App. 5 Cir. 2/21/13) | 307A+590.1 | A step by one party prevents abandonment of a suit for lack of prosecution as to all of the parties, even though they are not solidarily liable. LSA-C.C.P. art. 561. | Does a step by one party prevent abandonment of a suit for lack of prosecution as to all of the parties? | 035051.docx | LEGALEASE-00148312-LEGALEASE-00148313 |
| Berde v. N. Shore-Long Island Jewish Health Sys., 98 A.D.3d 932 | 307A+590.1 | Where a case is not marked off or stricken from the trial calendar, but is removed from the calendar for another reason, the case is not subject to dismissal as an abandoned case. McKinney's CPLR 3404. | "Where a case is not marked off or stricken from the trial calendar, is the case not subject to dismissal as an abandoned case?" | 035067.docx | LEGALEASE-00148382-LEGALEASE-00148383 |
| Louisiana Dep't of Transp. & Dev. v. Bayou Fleet, 37 So. 3d 1066 | 307A+590.1 | Any formal discovery in a case is considered a step in the prosecution, as required to avoid dismissal for abandonment, whether or not filed in the record, provided it has been served on all the parties. LSA-C.C.P. art. 561. | Is any formal discovery in a case considered a step in the prosecution? | Pretrial Procedure - Memo # 7787 - C - PC_57812.docx | ROSS-003279360-ROSS-003279361 |
| Mullarkey v. Florida Feed Mills, 268 So. 2d 363 | 413+19 | Concept of exclusiveness of remedy embodied in workmen's compensation statute providing that the Act is the exclusive source of liability of the employer if the employee has accepted the Act is a rational mechanism for making the compensation system work in accord with the purposes of the Act since, in return for accepting vicarious liability for all work-related injuries regardless of fault, and surrendering his traditional defenses and superior resources for litigation, employer is allowed to treat compensation as a routine cost of doing business, while employee trades his tort remedies for a system of compensation without contest, thus sparing him the cost, delay and uncertainty of a claim in litigation. F.S.A. S 440.11. | What does the employee relinquish or trade for compensation? | 048354.docx | LEGALEASE-00148729-LEGALEASE-00148730 |
| Randall v. Chrysler Corp., 135 Mich. App. 415 | 413+2 | Rights to benefits under the workers' compensation scheme are purely statutory and the legislature has the prerogative to redefine the extent of those benefits. | Does the Legislature have the prerogative to redefine the extent of workers compensation benefits? | 048358.docx | LEGALEASE-00148737-LEGALEASE-00148738 |
| State v. Smith, 10 R.I. 258 | 18+4 | Under Rev.St. c. 829, S 4, providing for punishment of one selling adulterated milk, the seller of milk takes upon himself the risk of knowing that the article which he offers for sale is not adulterated, rendering it unnecessary to show a guilty intent or knowledge. | "In a prosecution for adulteration, is it the responsibility or the risk of the vendor or a seller to know about the articles he sells or deals with? " | Adulteration- Memo 56-_1Uo8Cz-0KWvopkJL3D0IuUm_FCSV36g7Z.doc | ROSS-000000137-ROSS-000000138 |
| In re Woodberry, 383 B.R. 373 | 83E+426 | Under South Carolina law, when a negotiable note payable to order is endorsed generally by the payee, the note and its incidents pass in the commercial world by delivery. | How a negotiable note payable to order is passed in the commercial world? | Bills and Notes -Memo 983-DB_58713.docx | ROSS-003308329 |
| Sterling & Snapp v. Bender, 7 Ark. 201 | 83E+426 | A bill or note indorsed in blank is transferable by delivery only, and so long as the indorsement continues in blank, it makes the bill or note in effect payable to bearer. | Can a bill or note indorsed in blank is payable to bearer? | Bills and Notes -Memo 993-DB_58717.docx | ROSS-003307269-ROSS-003307270 |
| Guernsey v. Imperial Bank of Canada, 188 F. 300 | 8.30E+14 | The laws of the place where an indorsement is signed or is delivered so that it becomes a contract govern the necessity of some presentment, demand, and notice of dishonor. | Does the law of the place where the indorsement is signed govern the validity? | Bills and Notes-Memo 1040-SB_60165.docx | ROSS-003321753-ROSS-003321754 |
| Secy. of Veterans Affairs v. Leonhardt, 2015-Ohio-931 | 83E+426 | When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed. R. C. S 1303.25(B). | Is a note indorsed in blank payable to its bearer? | Bills and Notes-Memo 92-PR_58232.docx | ROSS-003324841-ROSS-003324842 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Putnam v. Shoaf, 620 S.W.2d 510 | 289+559 | An individual's right in specific partnership property is the partnership tenancy possessory right of equal use or possession by partners for partnership purposes; that possessory right is incident to the partnership and the possessory right does not exist in the absence of the partnership; the possessory right is not the partner's interest in the assets of the partnership as the real interest of the partner is his share of the profits and surplus. T.C.A. SS 61-1-123 to 61-1-125. | Is the partners interest in the partnership his share of the profits and surplus? | Partnership - Memo 483 - RK_58655.docx | ROSS-003284691-ROSS-003284693 |
| James River Equip. v. Mecklenburg Utilities, 179 N.C. App. 414 | 302+53(1) | Liberal pleading rules permit pleading in the alternative, and alternative theories may be pursued in the complaint even if plaintiff may not ultimately be able to prevail on both. Rules Civ.Proc., Rule 8(e)(2), West's N.C.G.S.A. S 1A-1. | Do liberal pleading rules permit pleading in the alternative? | Pleading - Memo 483-RMM_58678.docx | ROSS-003278391-ROSS-003278392 |
| West v. Robinson, 486 S.W.3d 669 | 307A+622 | A claim filed in forma pauperis has no arguable basis in law, warranting dismissal without a hearing, if it relies on an indisputably meritless legal theory. Tex. Civ. Prac. & Rem. Code Ann. S 13.001. | Does a claim have any arguable basis in law if it relies on an indisputably meritless legal theory? | Pretrial Procedure - Memo # 7976 - C - SU_58338.docx | ROSS-003279515-ROSS-003279516 |
| Ashcroft v. Iqbal, 556 U.S. 662 | 170A+1772 | To survive motion to dismiss, complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face; claim has "facial plausibility" when plaintiff pleads factual content that allows court to draw reasonable inference that defendant is liable for misconduct alleged. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A. | Only a complaint that states a plausible claim for relief survives a motion to dismiss for failure to state a claim? | Pretrial Procedure - Memo # 7981 - C - CK_58343.docx | ROSS-003281785-ROSS-003281786 |
| Minnesota Humane Soc. v. Minnesota Federated Humane Societies, 611 N.W.2d 587 | 307A+581 | Because parties to civil litigation have no legal duty to settle, a refusal to do so is not tantamount to a refusal to prosecute. | Is a refusal to settle tantamount to a refusal to prosecute since parties to civil litigation have no legal duty to settle? | Pretrial Procedure - Memo # 8186 - C - RY_58761.docx | ROSS-003282509-ROSS-003282510 |
| Hendriksen v. Young Men's Christian Ass'n of San Diego, 173 Cal. App. 2d 764 | 308+188 | Both principal and agent may be sued in single action, but verdict exonerating agent is declaration that agent has done no wrong and necessarily exonerates principal. West's Ann.Civ.Code, SS 2338, 2339. | Is a verdict exonerating the agent a declaration that the agent has done no wrong? | 041380.docx | LEGALEASE-00149835-LEGALEASE-00149836 |
| State v. Tedesco, 175 Conn. 279 | 308+92(1) | A principal may delegate to agent all that he himself can do except acts peculiarly personal or acts regulated by statute which are required to be performed personally. | Can acts which are required to be performed personally by statute be delegated? | Principal and Agent - Memo 145 - RK_58692.docx | ROSS-003282141 |
| State v. Most, 578 N.W.2d 250 | 352H+190 | The intent requisite to conviction for lascivious acts with a child may be inferred from the nature of the act itself, and proof of acts of a similar nature is unnecessary. I.C.A. S 709.8. | Can intent for lascivious acts with a child be inferred from the nature of the act? | 042992.docx | LEGALEASE-00149798-LEGALEASE-00149799 |
| United States v. Murphy, 556 F. Supp. 2d 1232 | 3.77E+03 | A person may intimidate another without intentionally making a direct or even veiled threat. | Can you intimidate someone without actually making a direct or even veiled threat? | "Threats, Stalking, and Harassment- Memo #1 - C - LB_58583.docx" | ROSS-003321189-ROSS-003321190 |
| United States v. St. Louis Coffee & Spice Mills, 189 F. 191 | 178+5 | The word "adulteration," as used in Food and Drugs Act June 30, 1906, c. 3915, S 2, 34 Stat. 768, 21 U.S.C.A. S 2, means to corrupt, debase, or make impure by an admixture of a foreign, or a baser substance. | What is adulteration as used in the Food and Drugs Act (Act)? | Adulteration-Memo 9-PR_1V9XW3o4wtNnOUjh wVdef7Rx1Rt71VTi_.docx | ROSS-000000164-ROSS-000000165 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Overton v. Hardin, 46 Tenn. 375 | 83E+467 | An indorser for value, has no remedy against the maker for costs incurred by him in his own defense, but an accommodation indorser may recover from the maker the cost incurred in resisting, in good faith and upon reasonable grounds, a recovery against him upon his indorsement. | Can an accommodation indorser recover from the maker? | Bills and Notes - Memo 791- ANM _58710.docx | ROSS-003283252-ROSS-003283253 |
| Cady v. Bay City Land Co., 102 Or. 5 | 83E+431 | Since one who writes his name on the back of a negotiable instrument may enlarge or restrict his liability without destroying his character as an indorser, a writing by the payee on the back of a promissory note, "Notice of protest waived and payment guaranteed," passed title to his assignee; such guaranty of payment being equivalent to an indorsement, and the rights of the parties, in view of Or.L. S 7910, ORS 71.118, requiring protest only in case of foreign bills of exchange, not being affected by such waiver of notice. | "Are indorsements with waiver of notice, demand and protest capable of passing title? " | 010984.docx | LEGALEASE-00150472-LEGALEASE-00150473 |
| Hardy v. De Leon, 5 Tex. 211 | 156+22(2) | A recital of one deed in another binds the parties, and those who claim under them by matters subsequent. | Does a recital of one deed in another bind the parties and those who claim under them by matters subsequent? | Estoppel - Memo #44 - C - CSS_59033.docx | ROSS-003278699 |
| Paso Robles War Mem'l Hosp. Dist. v. Negley, 29 Cal. 2d 203 | 198H+233 | The Local Hospital District Law, in imposing an ad valorem levy on all real and personal property within district, not upon basis of special benefit, imposes a "general tax" and not a "special assessment". Health and Safety Code, SS 32200-32205. | Can the Special assessments be levied on the basis of special benefit? | 019098.docx | LEGALEASE-00150548-LEGALEASE-00150549 |
| Minnesota Humane Soc. v. Minnesota Federated Humane Societies, 611 N.W.2d 587 | 307A+581 | Although a court might sanction a party for conduct in settlement negotiations, the court cannot dismiss a case for refusal to settle. | Can a court sanction a party for conduct in settlement negotiations? | Pretrial Procedure - Memo # 8210 - C - RY_58785.docx | ROSS-003282176-ROSS-003282177 |
| Windsor Realty & Mgt. v. Ne. Ohio Reg'l Sewer Dist., 68 N.E.3d 327 | 307A+624 | If there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss for failure to state a claim. Rules Civ.Proc., Rule 12(b)(6). | Can a complaint be dismissed merely because doubt exists that the plaintiff will ultimately prevail? | Pretrial Procedure - Memo # 8246 - C - KBM_58818.docx | ROSS-003284838-ROSS-003284839 |
| Ashcroft v. Iqbal, 556 U.S. 662 | 170A+1772 | To survive motion to dismiss, complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face; claim has "facial plausibility" when plaintiff pleads factual content that allows court to draw reasonable inference that defendant is liable for misconduct alleged. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A. | Does only a complaint that states a plausible claim for relief survive a motion to dismiss? | Pretrial Procedure - Memo # 8325 - C - TJ_58839.docx | ROSS-003309996-ROSS-003309997 |
| Ranjha v. BJBP Properties, 2013 IL App (1st) 122155 | 302+48 | A complaint is legally sufficient if it states a recognized claim upon which relief can be granted; a complaint that fails to meet that standard should be dismissed because there is no recourse at law for the alleged injury. S.H.A. 735 ILCS 5/2-615. | Is a complaint legally sufficient if it states a recognized claim upon which relief can be granted? | 036896.docx | LEGALEASE-00150090-LEGALEASE-00150091 |
| Hotel & Motel Holdings v. BJC Enterprises, 414 S.C. 635 | 307A+622 | The complaint should not be dismissed for failure to state a claim merely because the court doubts the plaintiff will prevail in the action. Rules Civ.Proc., Rule 12(b)(6). | Can a court dismiss a complaint for failure to state a claim merely because it doubts the plaintiff will prevail? | 037001.docx | LEGALEASE-00150361-LEGALEASE-00150362 |
| Avery Contracting v. Niehaus, 492 S.W.3d 159 | 307A+622 | Motion to dismiss for failure to state a claim tests the adequacy of a plaintiff's petition. | Does a motion to dismiss for failure to state a claim test the adequacy of a plaintiff's petition? | Pretrial Procedure - Memo # 8413 - C - KS_58903.docx | ROSS-003292492-ROSS-003292493 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People ex rel. Griffin v. City of Brooklyn, 4 N.Y. 419 | 371+2001 | Taxation exacts money from individuals as their share of a public burden, and the taxpayer receives, or is supposed to receive, just compensation in the benefits conferred by government and in the proper application of the tax. | What does taxpayers receive in return for paying taxes? | Taxation - Memo # 868 - C - JL_59069.docx | ROSS-003285719-ROSS-003285720 |
| Dockeray v. Carnival Corp., 724 F. Supp. 2d 1216 | 25T+182(2) | Simply failing to assert in an answer arbitration as an affirmative defense does not constitute default of a right to arbitration. | Does failing to assert arbitration as an affirmative defense constitute default of the right to arbitration? | 007934.docx | LEGALEASE-00151397-LEGALEASE-00151398 |
| Lawson v. Fin. Am. Private Brands, 537 S.W.2d 483 | 83E+813 | Negotiation of commercial paper not payable to bearer takes effect only when endorsement is made and until that time there is no presumption that a transferee is the owner. V.T.C.A., Bus. & C. SS 1.201(20), 3.201(c), 3.301, 3.307. | Will Negotiation of Commercial paper takes place when an indorsement is made? | 009417.docx | LEGALEASE-00151094-LEGALEASE-00151095 |
| State v. Skorpen, 57 Wash. App. 144 | 83E+503 | Forged check does not by itself constitute evidence of a debt; extrinsic evidence is necessary to show that payee in good faith paid the check or took it for value. West's RCWA 9A.56.010(12)(b)(i), 62A.3-404(1). | Does a forged signature constitute evidence of a debt? | 009710.docx | LEGALEASE-00151250-LEGALEASE-00151251 |
| Rosa v. Deutsche Bank Nat. Tr. Co., 191 So. 3d 987 | 266+1749 | In a mortgage foreclosure action, where the plaintiff's status as holder relies on a blank indorsement, the plaintiff must establish that it had possession of the original note, indorsed in blank, when the complaint was filed. | When is it necessary for a plaintiff to establish possession of an original note? | Bills and Notes- Memo 1079- ANM_59396.docx | ROSS-003312045-ROSS-003312046 |
| Calvo v. U.S. Bank Nat. Ass'n, 181 So. 3d 562 | 266+1749 | Where the plaintiff's status as holder of promissory note in a foreclosure action relies on a blank indorsement, the plaintiff must establish that it had possession of the original note, indorsed in blank, when the complaint was filed. | When is it necessary for a plaintiff to establish possession of an original note? | 010025.docx | LEGALEASE-00151331-LEGALEASE-00151332 |
| Hopple v. Cleveland Disc. Co., 25 Ohio App. 138 | 83E+481 | Bona fide purchaser of instrument in nature of chose in action takes free from collateral equities, though subject to obligor's defenses against original owner. | What happens to a bonafide purchaser of instrument? | 010727.docx | LEGALEASE-00151108-LEGALEASE-00151109 |
| Sterling & Snapp v. Bender, 7 Ark. 201 | 83E+426 | A bill or note indorsed in blank is transferable by delivery only, and so long as the indorsement continues in blank, it makes the bill or note in effect payable to bearer. | To whom is the note in effect payable when the indorsement continues in blank? | 010805.docx | LEGALEASE-00151280-LEGALEASE-00151281 |
| Fed. Deposit Ins. Corp. v. Nobles, 901 F.2d 477 | 195+28 | Guaranty that was separate and apart from promissory note was not "negotiable" instrument, and thus, did not fall within scope of Uniform Commercial Code but, rather, was governed by general contract law. U.C.C. S 1-101 et seq. | "Should a guarantee be a part of the promissory note, to be considered as a negotiable instrument?" | 010806.docx | LEGALEASE-00151308-LEGALEASE-00151309 |
| Derico v. Duncan, 410 So. 2d 27 | 172H+114 | Contracts made in violation of requirements of Mini-Code regarding consumer finance are null, void and unenforceable as matter of public policy. Code 1975, S 5-19-1 et seq. | Are contracts made in violation of mini-code requirements null and void? | Consumer Credit - Memo 104-IS_59227.docx | ROSS-003294765 |
| Travellers Int'l, A.G. v. Trans World Airlines, 41 F.3d 1570 | 95+168 | Under New York law, implied covenant of good faith and fair dealing inheres in every contract. | Is there an implied covenant of good faith in every contract? | Consumer Credit - Memo 106-IS_59229.docx | ROSS-003321940 |
| Auguston v. Spry, 282 A.D.2d 489 | 302+20 | Causes of action alleging breach of contract and unjust enrichment may be pleaded alternatively. McKinney's CPLR 3014. | Can breach of contract and unjust enrichment be pleaded in the alternative? | 023668.docx | LEGALEASE-00151319-LEGALEASE-00151320 |
| New Bar Partnership v. Martin, 729 S.E.2d 675 | 307A+561.1 | A complaint may be properly dismissed for absence of law to support a claim, absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. Rules Civ.Proc., Rule 12(b)(6). | On what basis can a complaint be properly dismissed? | 037408.docx | LEGALEASE-00151294-LEGALEASE-00151295 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Airline Support v. ASM Capital II, 279 P.3d 599 | 308+99 | Supreme Court considers three factors when evaluating apparent authority: (1) the manifestations of the principal to the third party, (2) the third party's reliance on the principal's manifestations, and (3) the reasonableness of the third party's interpretation of the principal's manifestations and the reasonableness of the third party's reliance. (Per Carpeneti, C.J., with one justice concurring and two justices concurring in the result, and one justice not participating.) Restatement (Second) of Agency S 8 comment. | Can apparent authority be the result of principals manifestation? | Principal and Agent - Memo 172 - KC_59454.docx | ROSS-003296609-ROSS-003296610 |
| Ferenc v. Brenner, 927 F. Supp. 2d 537 | 308+127.1 | Under both Illinois and California law, an agent acting within the scope of his agency is entitled to invoke an arbitration agreement entered into by his principal. | Can an agent invoke an arbitration agreement? | Principal and Agent - Memo 90 - KC_59288.docx | ROSS-003308334-ROSS-003308335 |
| White Springs Agric. Chemicals v. Glawson Investments Corp., 660 F.3d 1277 | 25T+329 | Arbitration panel's incorrect legal conclusion is not grounds under Federal Arbitration Act (FAA) for vacating or modifying award. 9 U.S.C.A. SS 10, 11. | Can an arbitration panel's incorrect legal conclusion be considered grounds for vacating or modifying the arbitral award? | Alternative Dispute Resolution - Memo 815 - RK_59500.docx | ROSS-003293403-ROSS-003293404 |
| Iowa Grain Co. v. Brown, 171 F.3d 504 | 25T+182(2) | Uncertainty about the right to arbitrate is a factor that tends to undermine a finding that a party has waived its right to arbitration by the mere filing of a court action. | Is uncertainty about the right to arbitration a factor that tends to undermine a finding of waiver? | 008029.docx | LEGALEASE-00151504-LEGALEASE-00151505 |
| United States v. Miller, 229 F.2d 839 | 108H+15 | Matters of attachment, execution, and the like are to be determined by law of the forum, not by the law of the place where judgment was rendered or where a debt was contracted. Fed.Rules Civ.Proc. rule 69(a), 28 U.S.C.A. | Are matters of attachment and execution to be determined by the law of the forum? | 014087.docx | LEGALEASE-00151544-LEGALEASE-00151545 |
| Bolin Farms v. Am. Cotton Shippers Ass'n, 370 F. Supp. 1353 | 95+2 | Codal article relating to governing law for public and private written instruments has developed general rule that validity and construction of contract is determined by lex loci contractus and the remedy according to lex fori. LSA-C.C. art. 10. | Is the remedy of a contract determined by lex fori? | 009912.docx | LEGALEASE-00151608-LEGALEASE-00151609 |
| In re Ben Weiss Co., 271 F.2d 234 | 21+2 | A corporation can act only through its duly authorized officers and agents, and affidavits on behalf of corporations may be made by any duly authorized officers or agents having knowledge of facts verified, even though statute regulating making of affidavit makes no provision or exception in favor of corporations. | Who is authorized to make affidavits on behalf of corporations? | Affidavits - Memo 38 - _1P8OFa0tJ0JqHGcm-3EvSn6i35Wj_amm2.docx | ROSS-000000172-ROSS-000000173 |
| U.S. v. Peralta-Sanchez, 847 F.3d 1124 | 92+4437 | The fact that aliens are protected by the Due Process Clause does not mean that all aliens are entitled to enjoy all the advantages of citizenship or that all aliens must be placed in a single homogenous legal classification; the class of aliens is itself a heterogeneous multitude of persons with a wide-ranging variety of ties to this country. U.S. Const. Amend. 5. | Is the class of aliens a heterogenous multitude of persons with a wide-ranging variety of ties to this country? | "Aliens, Immigration and Citizenship - Memo 37 - RK_60124.docx" | ROSS-003280959-ROSS-003280960 |
| Charles Nelson Co. v. Morton, 106 Cal. App. 144 | 8.30E+05 | It is duty of courts, in construing the negotiable instruments law, to have in mind purpose of securing uniformity in law of commercial paper. | Should Negotiable Instruments law be construed so as to secure uniformity? | 010053.docx | LEGALEASE-00152414-LEGALEASE-00152415 |
| In re Nosek, 386 B.R. 374 | 51+2187 | Purpose of Rule 9011 is to deter baseless filings in bankruptcy and thus avoid the expenditure of unnecessary resources by imposing sanctions on those found to have violated it. Fed.Rules Bankr.Proc.Rule 9011, 11 U.S.C.A. | What was the aim of legislation behind Rule 9011? | 010279.docx | LEGALEASE-00152347-LEGALEASE-00152348 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stone v. Mehlberg, 728 F. Supp. 1341 | 83E+524 | A mortgage which was not payable to order or bearer was not a negotiable instrument and thus assignees of the mortgagee were not protected by the UCC's holder in due course doctrine. U.C.C. S 3-101 et seq. | "Is mortgage a negotiable instrument, when it is not payable to the bearer?" | 010811.docx | LEGALEASE-00151869-LEGALEASE-00151870 |
| In re Ferrell, 539 F.3d 1186 | 172H+1322 | To effectuate purpose of Truth in Lending Act (TILA), court construes TILA's provisions liberally in favor of the consumer. Truth in Lending Act, S 102(a), 15 U.S.C.A. S 1601(a). | "To effectuate the purpose of TILA, do courts construe its provisions liberally in favor of the consumer?" | 013994.docx | LEGALEASE-00152607-LEGALEASE-00152608 |
| Fin. Freedom Acquisition v. Standard Bank & Tr. Co., 2014 IL App (1st) 120982 | 172H+1555 | The right to rescind a loan transaction under the Truth in Lending Act (TILA) may be exercised only by the obligor, that is, the person to whom credit is extended; thus, an individual who is not named on the promissory note executed by his or her spouse is not an obligor, and does not have a right to rescind. Truth in Lending Act, S 125(a), 15 U.S.C.A. S 1635(a). | Does an individual who is not an obligor have a right to rescind? | 013996.docx | LEGALEASE-00152609-LEGALEASE-00152610 |
| Rodgers v. Harper & Moore, 170 Ala. 647 | 200+181 | One placing objects within a highway calculated to frighten horses of ordinary gentleness is liable for injuries to a person caused by the frightening of a horse of ordinary gentleness. | Will placing objects in the highway to frighten horses make one liable? | 018778.docx | LEGALEASE-00152531-LEGALEASE-00152533 |
| Kanerva v. Weems, 2014 IL 115811 | 307A+683 | In ruling on a motion to dismiss which challenges the legal sufficiency of a complaint, a court must accept as true all well-pleaded facts in the complaint, as well as any reasonable inferences that may arise from them; the critical inquiry is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. S.H.A. 735 ILCS 5/2-615. | "In ruling on a motion to dismiss which challenges the legal sufficiency of a complaint, should a court accept as true all well-pleaded facts in the complaint?" | 037520.docx | LEGALEASE-00152087-LEGALEASE-00152088 |
| Dani v. Miller, 2016 OK 35 | 307A+680 | The purpose of a motion to dismiss is to test the law that governs the claim, not the underlying facts. 12 Okl.St.Ann. S 2012(B)(6). | "Is the purpose of a motion to dismiss to test the law that governs the claim in litigation, and not the underlying facts?" | 037629.docx | LEGALEASE-00152041-LEGALEASE-00152042 |
| Bell v. Phillips, 465 S.W.3d 544 | 307A+680 | A petition does not have to plead operative or evidentiary facts, so it will survive dismissal if it pleads ultimate facts and not conclusions. | "Does a petition not have to plead operative or evidentiary facts, so it will survive dismissal if it pleads ultimate facts and not conclusions?" | Pretrial Procedure - Memo # 8713 - C - NE_59749.docx | ROSS-003296737-ROSS-003296738 |
| Chubb Grp. Ins. Companies v. Carrizalez, 375 Ill. App. 3d 537 | 307A+680 | Dismissal is appropriate where the record establishes that no genuine issue of material fact exists. | Is dismissal appropriate where the record establishes that no genuine issue of material fact exists? | Pretrial Procedure - Memo # 8763 - C - NS_59764.docx | ROSS-003293103-ROSS-003293104 |
| Young v. Medlantic Lab. P'ship, 125 Md. App. 299 | 307A+680 | It is clearly inappropriate for judge to make finding of fact in context of motion to dismiss. | Is it clearly inappropriate for a judge to make finding of fact in context of motion to dismiss? | 037774.docx | LEGALEASE-00151921-LEGALEASE-00151922 |
| Valley Peat & Humus v. Sunnylands, 398 Pa. Super. 400 | 307A+581 | Granting of non pros judgment is founded upon equitable doctrine of laches. | Is granting of non pros judgment founded upon equitable doctrine of laches? | 038331.docx | LEGALEASE-00152688-LEGALEASE-00152689 |
| Swindell v. Latham, 145 N.C. 144 | 308+92(1) | An agent can only contract for his principal within the limits of his authority, and one dealing with an agent with limited powers must generally inquire as to the extent of his authority. | Can an agent only contract for his principal within the limit of his authority? | 041501.docx | LEGALEASE-00152275-LEGALEASE-00152276 |
| Swindell v. Latham, 145 N.C. 144 | 308+92(1) | An agent can only contract for his principal within the limits of his authority, and one dealing with an agent with limited powers must generally inquire as to the extent of his authority. | "While dealing with an agent, is one required to inquire the extent of his authority?" | 041503.docx | LEGALEASE-00152283-LEGALEASE-00152284 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Total Control v. Danaher Corp., 359 F. Supp. 2d 380 | 308+89(3) | To recover exemplary damages under the Illinois Sales Representative Act (ISRA), a plaintiff must show that a principal failed to provide timely payment of commissions to a sales representative. S.H.A. 820 ILCS 120. | How can a sales representative claim unpaid commissions? | Principal and Agent - Memo 54 - KC_60261.docx | ROSS-003307373-ROSS-003307374 |
| Mitchell v. Teague, 233 S.W. 1040 | 308+88 | Where an agent on his own account undertakes to delegate to a third party the performance of a duty which he owes his principal, the subagent must look for his compensation to his immediate employer, and not to the principal. | Who pays commission to sub-agent employed by an agent? | 042081.docx | LEGALEASE-00152255-LEGALEASE-00152256 |
| Carlson v. Carlson, 363 N.W.2d 803 | 308+69(2) | Agent cannot profit from subject of agency without principal's consent, freely given after full disclosure of any facts that might influence principal's judgment. | Can an agent claim his compensation from the subject of the principal? | 042096.docx | LEGALEASE-00152263-LEGALEASE-00152264 |
| Cruse v. O'Quinn, 273 S.W.3d 766 | 21+9 | An objection that statements in an affidavit are conclusory is one that relates to a defect in substance, and so may be raised for the first time on appeal. | Are conclusory statements defects of substance in an affidavit? | Affidavits - Memo 62 - _1CVTIH0ZYoBsw7804tfq B4O1JkSNBIRbx.docx | ROSS-000000221-ROSS-000000223 |
| Pamar Enterprises v. Huntington Banks of Mich., 228 Mich. App. 727 | 8.30E+207 | Instrument made payable to two or more persons not alternatively is payable to all of them and may be negotiated, discharged, or enforced only by all of them. M.C.L.A. S 440.3110(4). | Can an instrument made payable to two or more persons not alternatively be negotiated by all of them? | 009889.docx | LEGALEASE-00153629-LEGALEASE-00153630 |
| Warner v. Beardsley, 8 Wend. 194 | 83E+462 | To discharge an indorser on the ground of the omission of the creditor to proceed against the principal debtor when requested so to do, it must appear that the principal was solvent at the time of the request, within the jurisdiction of the state in which the suit against the surety is instituted, and that the creditor, without any reasonable excuse, neglected or refused to proceed until the principal debtor became insolvent and unable to pay. | Is it necessary for the surety to show that the principal was solvent at the time he requested the creditor to proceed and collect the debt? | Bills and Notes - Memo 923 - RK.docx | LEGALEASE-00042639-LEGALEASE-00042641 |
| Maye v. University of Minnesota, 615 N.W.2d 383 | 141E+1090 | State university is part of the executive branch of state government, and as such, its decisions are given deference by Court of Appeals under the principle of separation of powers. | Is a public university considered a part of the executive branch of government? | Education - Memo #114 - C - ATS_60321.docx | ROSS-003281680-ROSS-003281681 |
| Dagrosa v. Calabro, 105 N.Y.S.2d 178 | 156+29 | Purchaser who accepts deed which recognizes easement over realty is estopped by such acceptance from denying existence of such easement. | Is a purchaser who accepts a deed which recognizes an easement over the realty estopped by such acceptance from denying existence of such easement? | 018025.docx | LEGALEASE-00152894-LEGALEASE-00152895 |
| Aspenhof Corp. v. State Tax Comm'n of Missouri, 789 S.W.2d 867 | 371+2516 | Fact that real property where recreational facilities were located was losing money was not relevant factor to consider in using replacement cost less depreciation method of assessing value of property for tax purposes. | What are the three factors that consist the replacement cost less depreciation method to calculate true value in money when assessing property? | 018334.docx | LEGALEASE-00153529-LEGALEASE-00153530 |
| State ex rel. Berkshire v. City of Logansport, 928 N.E.2d 587 | 307A+622 | A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim, not the facts supporting it. Trial Procedure Rule 12(B)(6). | When can a motion to dismiss for failure to state a claim upon which relief can be granted be treated as a motion for summary judgment? | 037923.docx | LEGALEASE-00153259-LEGALEASE-00153260 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Grove Isle Ass'n v. Grove Isle Assocs., LLLP, 137 So. 3d 1081 | 241+180(7) | Date of accrual of condominium association's claims for declaratory relief invalidating certain provisions of the declaration of condominium, including those requiring condominium unit owners to pay for maintenance of facilities outside the condominium and limiting the association's right to amend the declaration, could not be determined from the four corners of the complaint, and thus trial court could not dismiss the claims on the basis of the five-year statute of limitations, even if claims accrued when developer turned over control of the condominium to association; complaint did not allege when developer turned over control. West's F.S.A. SS 95.031(1), 95.11, 718.124. | "In determining the merits of a motion to dismiss, should the trial court limit itself to the four corners of the complaint?" | 038009.docx | LEGALEASE-00152822-LEGALEASE-00152823 |
| Plengemeier v. Thermadyne Indus., 409 S.W.3d 395 | 241+180(7) | A motion to dismiss is the proper motion for attacking a petition on the ground it is barred by the statute of limitations, especially where the expiration of the limitation appears on the face of the petition; the trial court may not dismiss the petition unless it is clearly established on the petition's face and without exception that the cause of action is time-barred. | "In ruling on a motion to dismiss, including one based on the bar of a statute of limitations, is the trial court obliged to construe the petition liberally and give the pleadings their broadest intendment?" | Pretrial Procedure - Memo # 8939 - C - TM_60392.docx | ROSS-003280539-ROSS-003280540 |
| Wells v. Endicott, 2013 IL App (5th) 110570 | 307A+624 | Dismissal based on the pleadings is appropriate only where, viewing the allegations in the light most favorable to the plaintiff, it is clear that no set of facts can be proved under the pleadings that will entitle the plaintiff to relief. S.H.A. 735 ILCS 5/2-615. | When is a dismissal based on the pleadings appropriate? | 038021.docx | LEGALEASE-00152906-LEGALEASE-00152907 |
| Saunders v. Tisher, 902 A.2d 830 | 307A+680 | On a motion to dismiss, facts are not adjudicated, but rather there is an evaluation of the allegations in the complaint in relation to any cause of action that may reasonably be inferred from the complaint. | "When the trial court acts on a motion to dismiss for failure to state a claim upon which relief can be granted, are facts not adjudicated?" | 038095.docx | LEGALEASE-00153392-LEGALEASE-00153393 |
| Mayor of Savanna v. Hartridge, 8 Ga. 23 | 371+2001 | Taxation, in reference to the subject matter, is divided by writers on political economy, as well as the tax laws of all governments, into three classes-capitation, property and income; and where one or more is treated of or acted upon, the other is never intended. | What are the three classes of taxation? | 046047.docx | LEGALEASE-00153398-LEGALEASE-00153399 |
| Perez v. Tomberlin, 86 Ariz. 66 | 228+185.2(4) | Plaintiff's affidavit, filed in response to defendant's motion for summary judgment, must be affirmative and present sufficient materials to show that there is a triable issue of material fact. A.R.S. Rules of Civil Procedure, rule 30(f). | Is it fundamental that the affidavit present sufficient materials to show that there is a triable issue of material fact? | Affidavits - Memo 81 - SNJ_62006.docx | ROSS-003297949-ROSS-003297950 |
| In re Miller, 114 F. 838 | 8.30E+41 | Under Nevada law, casino marker is type of check, drawn on customer's bank account designated in the instrument, and is subject to legal regime governing checks. | Is a casino marker a type of check? | 009034.docx | LEGALEASE-00154452-LEGALEASE-00154453 |
| White-Wilson-Drew Co. v. Egelhoff, 96 Ark. 105 | 83E+528 | Where a creditor received a note payable at a future date in payment of a past-due debt, the extension of the time to pay was a sufficient consideration to make the creditor a holder for value. | Will extension of the time of payment amounts be sufficient consideration to make the debtor a holder for value? | 009787.docx | LEGALEASE-00154649-LEGALEASE-00154650 |
| Rubio v. Capital One Bank, 613 F.3d 1195 | 172H+1527 | In applying Truth in Lending Act (TILA) and its implementing regulations, a court requires absolute compliance by creditors, and even technical or minor violations of the TILA impose liability on the creditor. Truth in Lending Act, S 127(c)(1)(A)(i)(I), 15 U.S.C.A. S 1637(c)(1)(A)(i)(I). | "Under TILA, is absolute compliance by creditors required?" | Consumer Credit - Memo 66 - JK_60821.docx | ROSS-003278941-ROSS-003278942 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Frazier-Hampton v. Hesterly, 89 Ark. App. 211 | 200+6(1) | Public road does not have to be established by formal order of county court; instead, prescriptive right-of-way can be established by county working road for period in excess of seven years. | How can a public road be established? | 06611.docx | LEGALEASE-00096613-LEGALEASE-00096614 |
| M Series Rebuild v. Town of Mount Pleasant, 222 N.C. App. 59 | 307A+622 | The purpose of a motion to dismiss is to test law of a claim, not to resolve evidentiary conflicts. Rules Civ.Proc., Rule 12, West's N.C.G.S.A. S 1A-1. | "Is the purpose of a motion to dismiss to test a law of a claim, not to resolve evidentiary conflicts?" | 038576.docx | LEGALEASE-00153992-LEGALEASE-00153993 |
| Williams v. Gaffin Indus. Servs., 88 So. 3d 1027 | 307A+681 | Trial court erred in dismissing employee's estate's complaint, alleging intentional harm, based on the doctrine of election of remedies, available under workers' compensation law, because court considered disputed matters outside the four corners of the complaint; facts relied upon by employer in support of its election of remedies defense did not appear on the face of the complaint or in any attachments to the complaint, and instead, they were supplied by employer through various documents and an affidavit filed in support of its motion to dismiss. | "If the court is required to consider matters outside the four corners of the complaint, is the cause not subject to dismissal on the basis of the affirmative defense?" | 038655.docx | LEGALEASE-00153899-LEGALEASE-00153900 |
| Succession of Knox, 579 So. 2d 1164 | 307A+581 | Suit for nullity of judgment of possession is not "succession proceeding," and thus is subject to five-year abandonment rule. LSA-C.C.P. art. 561, subd. A. | "Is suit for nullity of judgment of possession, ""succession proceeding""?" | Pretrial Procedure - Memo # 9453 - C - TM_60946.docx | ROSS-003278354-ROSS-003278355 |
| Flanigan v. City of Leavenworth, 232 Kan. 522 | 307A+581 | What constitutes such failure to prosecute as to warrant dismissal must be determined by circumstances of each particular case. Rules Civ.Proc., K.S.A. 60-241(b). | Should failure to prosecute as to warrant dismissal be determined by circumstances of each particular case? | 038853.docx | LEGALEASE-00154483-LEGALEASE-00154484 |
| Fisser v. Int'l Bank, 164 F. Supp. 826 | 308+183(1) | Agent of an absent owner of cargo may assert in his own name his principal's right of action. | Can an agent of an absent cargo owner assert in his own his principals right of action? | 041626.docx | LEGALEASE-00154601-LEGALEASE-00154602 |
| Sherzer v. Homestar Mortg. Servs., 849 F. Supp. 2d 501 | 172H+1556 | Mortgagors were required to file legal action to enforce their right to rescind mortgage loan under Truth in Lending Act (TILA) within statutory three-year period or right would be completely extinguished, regardless of whether mortgagors filed their rescission claim within one year of sending their notice of rescission to mortgage lender. Truth in Lending Act, S 125(f), 15 U.S.C.A. S 1635(f). | What is the time period for rescission under  1635(f)? | Consumer Credit - Memo 195 - RK_61857.docx | ROSS-003305471-ROSS-003305472 |
| Egan v. Moore, 36 Misc. 2d 967 | 141E+1015 | The state university is an integral part of the government of the state and as such is subject to immediate control of the board of trustees. Education Law, SS 101, 201, 207, 352, 354, 355; Laws 1962, c. 930; Const. art. 5, S 4; art. 11, S 2. | Is a university subject to the control of the board of regents? | 06604.docx | LEGALEASE-00096623-LEGALEASE-00096624 |
| Marsden v. Encompass Ins. Co., 374 N.J. Super. 241 | 156+52(1) | Estoppel is an equitable doctrine, founded in the fundamental duty of fair dealing imposed by law. | Is estoppel founded in the fundamental duty of fair dealing imposed by law? | Estoppel - Memo #108 - C - CSS_61675.docx | ROSS-003296171-ROSS-003296172 |
| Leong v. Potter, 347 F.3d 1117 | 156+52(1) | Doctrine of "equitable estoppel" focuses on defendant's wrongful actions preventing plaintiff from asserting his claim. | Does estoppel focus on the defendant's wrongful actions preventing the plaintiff from asserting his claim? | Estoppel - Memo #113 - C - CSS_61681.docx | ROSS-003280886-ROSS-003280887 |
| Manias v. Yeck, 11 Ill. 2d 512 | 253+455 | Where husband had made agreement to convey portion of land held in joint tenancy with wife, who was not party to such agreement, joint tenancy was thereby severed and tenancy in common resulted and husband's interest was subject to agreement even after his death. | "Where one joint tenant makes an agreement to convey, will the joint tenancy be severed resulting in a tenancy in common?" | Exchange of Property - Memo 16 - AM_61346.docx | ROSS-003297855-ROSS-003297856 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stamato v. Agamie, 24 N.J. 309 | 322H+644 | Equity deems time provisions in land contract to be formal rather than essential, unless circumstances or express language indicate otherwise. | Is time the essence of land contracts? | Exchange of Property - Memo 8 - AM.docx | LEGALEASE-00044887-LEGALEASE-00044888 |
| Annett v. Am. Honda Motor Co., 548 N.W.2d 798 | 307A+581 | Dismissal of an action for failure to prosecute is an extreme remedy and should be used only when there is an "unreasonable and unexplained delay," which is an omission to do something which the party might do and might reasonably be expected to do towards vindication or enforcement of his rights. SDCL 15-11-11. | "Should dismissal of an action for failure to prosecute be used only when there is an ""unreasonable and unexplained delay""?" | Pretrial Procedure - Memo # 10008 - C - KS_61558.docx | ROSS-003278535-ROSS-003278536 |
| State ex rel. Missouri Highway & Transp. Comm'n v. Moulder, 726 S.W.2d 812 | 307A+581 | Law disfavors dismissal of cases because of failure to prosecute as it favors trial on merits. | Does law disfavor dismissal of cases because of failure to prosecute as it favors trial on merits? | 039052.docx | LEGALEASE-00154946-LEGALEASE-00154947 |
| Chevron Oil Co. v. Traigle, 436 So. 2d 530 | 307A+581 | Defendant's submission for decision of already abandoned case precludes him from raising claim of abandonment. LSA-C.C.P. art. 561. | Does defendant's submission for decision of already abandoned case preclude him from raising claim of abandonment? | 039089.docx | LEGALEASE-00155199-LEGALEASE-00155200 |
| Greene v. Tri-Cty. Cmty. Sch. Dist., 315 N.W.2d 779 | 307A+581 | It is in public interest that cases not tried or settled within reasonable time be dismissed. Rules Civ.Proc., Rules 215.1, 252. | Is it in public interest that cases not tried or settled within reasonable time be dismissed? | 039100.docx | LEGALEASE-00155271-LEGALEASE-00155272 |
| Landfield v. Sherman, 201 So. 2d 819 | 307A+581 | Primary purpose of statute providing for dismissal of an action for want of prosecution upon inaction for a year is to promote the expeditious disposition of litigation. F.S.A. S 45.19. | What is the primary purpose of rule governing dismissal for failure to prosecute? | 039167.docx | LEGALEASE-00155360-LEGALEASE-00155361 |
| Polowick v. Meredith Const. Co., 29 Ill. App. 3d 1092 | 307A+581 | Complaint should not be dismissed for want of prosecution unless the plaintiff has been guilty of inexcusable delay. | Should a complaint be dismissed for want of prosecution unless the plaintiff has been guilty of inexcusable delay? | Pretrial Procedure - Memo # 9709 - C - VP_61979.docx | ROSS-003295203-ROSS-003295204 |
| Graham v. Mut. Life Ins. Co. of New York, 176 N.C. 313 | 308+92(1) | Where one deals with an agent, it behooves him to ascertain correctly the extent of the agent's authority and power to contract. | Does it behoove one when dealing with an agent to ascertain correctly the extent of his authority? | 041655.docx | LEGALEASE-00155708-LEGALEASE-00155709 |
| Bickel Coal Co. v. Louisville Tire Co., 228 Ky. 239 | 308+19 | Person seeking damages from one for another's acts must establish denied relation of master and servant or principal and agent. | Is one responsible for another only when the relation of principal and agent exists? | 041666.docx | LEGALEASE-00155396-LEGALEASE-00155397 |
| City of Scranton v. O'Malley Mfg. Co., 341 Pa. 200 | 371+2001 | Liability to pay taxes arises from no contractual relation between the taxable and the state, and cannot be enforced by common-law proceedings unless a statute so provides. | Can liability to pay taxes be enforced by common law proceedings? | 046085.docx | LEGALEASE-00154996-LEGALEASE-00154997 |
| Ford Motor Co. v. Linnane, 102 Mont. 325 | 371+2001 | Taxes are levied upon persons and not upon property, and, while strictly speaking property which person owns is used to determine amount of tax he shall pay, it is person who pays the tax, and person is liable, and property is security for payment. | Are all taxes levied upon persons or property? | 046089.docx | LEGALEASE-00155042-LEGALEASE-00155043 |
| McInness v. Wilson Printing Co., 258 Ill. App. 161 | 413+101 | The extrahazardous employments specified in Workmen's Compensation Act, have reference only to right to compensation under act, and do not fix standard for any other purpose. S.H.A. ch. 48, S 138 et seq. | "Does the Compensation Act define employment by reference only to the right to compensation under the act, and not attempt to fix a standard for any other purpose?" | 048640.docx | LEGALEASE-00155552-LEGALEASE-00155553 |
| Renville State Bank v. Kinsberg, 40 S.D. 191 | 21+9 | Written declaration, properly sworn to, may constitute an affidavit, though in form of ordinary pleading. | Can a written declaration in the form of an ordinary pleading constitute an affidavit? | Affidavits - Memo 80 - _1cdbZBGR1LZnQ4OPN8myz_nn_3XerjjsO.docx | ROSS-000000254-ROSS-000000255 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Eastview Estates II, 713 F.2d 443 | 156+52(1) | In California, under appropriate circumstances, doctrine of equitable estoppel can prevent a party from asserting statute of frauds; estoppel will normally be invoked to prevent unconscionable injury or unjust enrichment. West's Ann.Cal.Civ.Code S 1624, subd. 5. | Can equitable estoppel prevent a party from asserting the Statute of Frauds? | 017799.docx | LEGALEASE-00156272-LEGALEASE-00156273 |
| State v. Deines, 268 Kan. 432 | 200+158 | Where there is an obstruction across a public right-of-way which obstructs the travel of an individual, the obstruction is a nuisance per se and the affected individual may remove the obstruction by way of abatement. | Can an individual remove the obstruction by way of abatement? | 019200.docx | LEGALEASE-00156246-LEGALEASE-00156247 |
| Twp. of Hutchinson v. Filk, 44 Minn. 536 | 200+159(2) | While indictment is the common-law remedy for the abatement of a public nuisance, a court of equity will take jurisdiction of a civil action to abate and enjoin the maintenance of an obstruction to a highway which is a public nuisance. | Does equity have the jurisdiction to abate public nuisances? | 019201.docx | LEGALEASE-00156250-LEGALEASE-00156251 |
| Correa v. Orient-Express Hotels, 84 A.D.3d 651 | 307A+682.1 | Neither affidavit nor deposition testimony offered by defendant constituted the type of documentary evidence that could be considered on motion to dismiss based on defense founded upon documentary evidence. McKinney's CPLR 3211(a)(1). | Is an affidavit considered as a documentary evidence? | 024553.docx | LEGALEASE-00156102-LEGALEASE-00156103 |
| Millsaps v. Orlando Wrecker, 634 So. 2d 680 | 307A+694 | Order dismissing cause for lack of indispensable party is not an adjudication on the merits and, thus, should be without prejudice. | "Is an order dismissing a pleading for lack of an indispensable party not a merits adjudication, and should thus be without prejudice?" | 024677.docx | LEGALEASE-00155940-LEGALEASE-00155941 |
| Citibank (S. Dakota), N.A. v. Martin, 11 Misc. 3d 219 | 307A+690 | A lack of standing renders the litigation a nullity, subject to dismissal without prejudice. | "Does a lack of standing render the litigation a nullity, subject to dismissal without prejudice?" | Pretrial Procedure - Memo # 10364 - C - NS_62089.docx | ROSS-003319568 |
| Ray & Sons Masonry Contractors v. U.S. Fid. & Guar. Co., 353 Ark. 201 | 302+308 | Pleading requirement, that any written instrument or document upon which a claim or defense is based shall be attached as an exhibit to the pleading raising the claim or defense, is mandatory. Rules Civ.Proc., Rule 10(d). | "If a claim is based on a written document, should the document itself be attached to the pleading as an exhibit?" | 024762.docx | LEGALEASE-00156218-LEGALEASE-00156219 |
| Blackgold Realty Corp. v. Milne, 119 A.D.2d 512 | 307A+679 | On motion to dismiss pleading for insufficiency after extrinsic evidence is introduced, allegations are not deemed true, rather, inquiry is whether pleader has cause of action, not whether he has properly stated one, and motion should be granted where essential facts have been negated beyond substantial question by affidavits and evidence submitted. | "Where the court has considered extrinsic evidence on a motion to dismiss, should the motion only be granted where the essential facts have been negated?" | 039468.docx | LEGALEASE-00156180-LEGALEASE-00156181 |
| Wilson v. Gen. Motors Corp., 298 N.Y. 468 | 413+101 | The Workmen's Compensation Law should be broadly construed to embrace all activities which can in any reasonable sense be included within its coverage. Workmen's Compensation Law, S 1 et seq. | Has workmens compensation been broadly construed to embrace all activities? | 048461.docx | LEGALEASE-00156018-LEGALEASE-00156019 |
| BHA Investments v. State, 138 Idaho 348 | 371+2002 | Fees and taxes are generally distinguished in that fees are for purpose of regulation whereas taxes are solely for purpose of raising revenue. | Are fees and taxes distinguished in that fees are for the purpose of regulation and taxes are solely for the purpose of raising revenue? | 044590.docx | LEGALEASE-00156677-LEGALEASE-00156678 |
| Kimball v. Whitney, 15 Ind. 280 | 83E+481 | A promissory note might, under the old system of practice, be equitably assigned, without indorsement, so as to vest the equitable interest in the assignee, and entitle him to proceed upon it in equity; and by our present statute he can sue in his own name. | Can an assignee of a note sue in his own name? | 009098.docx | LEGALEASE-00157155-LEGALEASE-00157156 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Connor & Walker v. Donnell, Lawson & Co., 55 Tex. 167 | 8.30E+10 | An accommodation note, wherever dated, signed or indorsed, takes effect, and in law is regarded as made, when and where it is actually delivered and negotiated. | Where is an accommodation note regarded as made? | 010929.docx | LEGALEASE-00157940-LEGALEASE-00157941 |
| McAllister Enterprises v. McAllister Hotel, 219 So. 2d 114 | 156+52(4) | Doctrine of equitable estoppel will be applied only where to refuse its application would be virtually to sanction perpetration of fraud. | Does estoppel only apply where to refuse its application would be virtually to sanction the perpetration of fraud? | 017878.docx | LEGALEASE-00156999-LEGALEASE-00157000 |
| Teledyne Indus. v. N.L.R.B., 911 F.2d 1214 | 156+52(5) | Judicial estoppel is applied with caution to avoid impinging on truth-seeking function of court. | Is judicial estoppel applied with caution to avoid impinging on the truth-seeking function of the court? | Estoppel - Memo #194 - C - CSS_63216.docx | ROSS-003284612-ROSS-003284613 |
| State ex rel. Martin v. Dane Cty. Mut. Ben. Ass'n, 247 Wis. 220 | 217+1002 | In determining whether business for which a corporation was formed and actually carried on constituted a form of insurance, court must examine all the facts and determine real nature and substance of activities carried on by the corporation. St.1931, S 180.01 et seq.; St.1943, S 206.55. | Can the substance of an insurance contract be changed by giving it another name? | 019544.docx | LEGALEASE-00157379-LEGALEASE-00157380 |
| Wolfpack Enterprises v. Arrington, 272 Ga. App. 175 | 307A+690 | Dismissal with prejudice based solely on want of prosecution or failure to appear is improper. West's Ga.Code Ann. S 9-11-41(b, c); Uniform Superior Court Rule 14. | Is a dismissal with prejudice based solely on want of prosecution or failure to appear improper? | 025051.docx | LEGALEASE-00156717-LEGALEASE-00156718 |
| Luna v. United Parcel Serv., 2003 WL 139592 | 307A+693.1 | Dismissal for want of prosecution does not preclude the filing of another suit; therefore, dismissing a case with prejudice for want of prosecution is improper. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does a dismissal for want of prosecution not preclude the filing of another suit? | Pretrial Procedure - Memo # 10553 - C - KG.docx | LEGALEASE-00046987-LEGALEASE-00046988 |
| Luna v. United Parcel Serv., 2003 WL 139592 | 307A+693.1 | Dismissal for want of prosecution does not preclude the filing of another suit; therefore, dismissing a case with prejudice for want of prosecution is improper. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does a dismissal for want of prosecution not preclude the filing of another suit? | Pretrial Procedure - Memo # 10553 - C - KG_62450.docx | ROSS-003281321-ROSS-003281322 |
| Crosrol Carding Developments v. Gunter & Cooke, 12 N.C. App. 448 | 307A+694 | Dismissal for failure to join a necessary party is not dismissal on the merits and may not be with prejudice. Rules of Civil Procedure, rule 41(b), G.S. S 1A-1. | Is a dismissal for failure to join a necessary party not a dismissal on the merits and cannot be with prejudice? | 025097.docx | LEGALEASE-00156861-LEGALEASE-00156862 |
| Lewis v. City of Savannah, 336 Ga. App. 126 | 307A+693.1 | Upon dismissal of a case, all prior orders that were entered in the case are superceded and can no longer be enforced against the parties. | "Upon dismissal of a case, are all prior orders that were entered in the case superseded and can no longer be enforced against the parties?" | 025143.docx | LEGALEASE-00157137-LEGALEASE-00157138 |
| Hous. Auth. of St. Louis Cty. v. Lovejoy, 731 S.W.2d 510 | 307A+693.1 | Involuntary dismissal of plaintiff's action, in which counterclaim has been filed, does not ordinarily operate to dismiss or to discontinue such counterclaim. V.A.M.S. S 510.170. | "Does an involuntary dismissal of a plaintiff's action, in which a counterclaim has been filed, not ordinarily operate to dismiss or to discontinue such counterclaim?" | Pretrial Procedure - Memo # 10633 - C - SJ_63242.docx | ROSS-003296685-ROSS-003296686 |
| Polk v. Wimsatt, 689 S.W.2d 363 | 307A+693.1 | Dismissal of suit for lack of prosecution alone does not operate as a bar to cause of action. Rules Civ.Proc., Rules 41.02, 77.02. | Does dismissal of suit for lack of prosecution alone not operate as a bar to a cause of action? | Pretrial Procedure - Memo # 10640 - C - NE_63249.docx | ROSS-003281414-ROSS-003281415 |
| Pender v. Pender, 634 S.W.2d 244 | 307A+693.1 | An order to dismiss terminates the litigation, the petition as well as the action, unless the decree directs a different effect. | Does an order to dismiss terminate the litigation unless the decree directs a different effect? | 025251.docx | LEGALEASE-00156829-LEGALEASE-00156830 |
| Ellis v. Crockett, 51 Haw. 45 | 307A+693.1 | Order dismissing complaint in its entirety is judgment denying all relief to plaintiff whose complaint is being dismissed. | Is an order dismissing a complaint in its entirety a judgment denying all relief to a plaintiff whose complaint is being dismissed? | Pretrial Procedure - Memo # 10673 - C - NC_62652.docx | ROSS-003285510-ROSS-003285511 |
| Robert & Co. Assocs. v. Covil, 113 Ga. App. 387 | 307A+693.1 | Effect of nonsuit is to dismiss case and it puts entire case out of court, including the petition. | "Is the effect of nonsuit to dismiss a case and does it put the entire case out of court, including the petition?" | 025295.docx | LEGALEASE-00156995-LEGALEASE-00156996 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Peaslee v. Michalski, 167 So. 2d 242 | 307A+693.1 | A mere nonsuit at trial is not a final judgment and until such judgment is entered case is still pending. F.S.A. S 54.09. | Is a mere nonsuit at trial not a final judgment and until such judgment is entered will a case be still pending? | Pretrial Procedure - Memo # 10687 - C - TJ_62666.docx | ROSS-003295255 |
| Mongeon v. Burkebile, 79 N.D. 234 | 307A+693.1 | The words "with prejudice" appearing in motion or order for dismissal are not always conclusive against plaintiff, but their effect is determined by conditions under which they are used. | "Are the words ""with prejudice"" appearing in a motion or order for dismissal always conclusive against a plaintiff?" | 025311.docx | LEGALEASE-00157034-LEGALEASE-00157035 |
| Whitaker v. Wright, 100 Fla. 282 | 307A+693.1 | Jurisdiction of parties is not lost by mere entry of nonsuit without final judgment. | Is the jurisdiction of parties not lost by mere entry of nonsuit without final judgment? | 025320.docx | LEGALEASE-00157048-LEGALEASE-00157049 |
| Pure Milk Co. v. Salter, 224 Ala. 417 | 307A+510 | Plaintiff's common-law right to dismiss suit carrying with it plea of set-off or recoupment prevails in Alabama except as modified by statute (Code 1923, S 9493). | "At common law, can the plaintiff at any time dismiss his suit, carrying along with it a defendant's plea of set-off or recoupment?" | Pretrial Procedure - Memo # 11044 - C - PC_63433.docx | ROSS-003294502-ROSS-003294503 |
| Johnson v. LeBonheur Children's Med. Ctr., 74 S.W.3d 338 | 231H+3045 | A person serving two masters may subject both to liability for the same act if the act is within the scope of employment for both. | When can a person serving two masters subject both to liability for the same act? | Principal and Agent - Memo 413 - RK_63533.docx | ROSS-003296270-ROSS-003296271 |
| KnightBrook Ins. Co. v. Payless Car Rental Sys., 43 F. Supp. 3d 965 | 308+48 | Under Arizona law, "agency" is consensual and fiduciary relationship that creates fiduciary duty upon the agent to act in good faith and according to terms of agency agreement. Restatement (Third) of Agency S 1.01. | Is an agency a consensual relationship? | Principal and Agent - Memo 419 - RK_63539.docx | ROSS-003284806-ROSS-003284807 |
| Ward v. Mgmt. Analysis Co. Employee Disability Ben. Plan, 135 F.3d 1276 | 308+3(1) | Whether as between parties their relationship is one of agency depends on their relations as they in fact exist under agreement or acts of parties, and the question is not governed by stipulations of the parties. | Can agency be governed by stipulation of the parties? | Principal and Agent - Memo 425 - RK_63545.docx | ROSS-003309162-ROSS-003309163 |
| Whitco Produce Co. v. Bonanza Int'l, 154 Ga. App. 92 | 289+437 | Generally, franchise contract under which one operates a type of business on royalty basis does not create agency or partnership relationship. | Can a franchise contract create an agency relationship? | Principal and Agent - Memo 428 - RK_63548.docx | ROSS-003279117-ROSS-003279118 |
| Johnson v. LeBonheur Children's Med. Ctr., 74 S.W.3d 338 | 231H+3045 | A person serving two masters may subject both to liability for the same act if the act is within the scope of employment for both. | Can a person serving two masters subject both to liability for the same act? | Principal and Agent - Memo 431 - RK_63551.docx | ROSS-003297919-ROSS-003297920 |
| Patterson v. W. Auto Supply Co., 991 F. Supp. 1319 | 308+26 | Under Florida law, descriptive labels utilized by parties to define their relationship do not control nature and extent of that relationship for purposes of agency law. | Can descriptive labels utilized by the parties to define their relationship control the nature and extent of that relationship? | Principal and Agent - Memo 437 - RK_63557.docx | ROSS-003322509-ROSS-003322510 |
| Dougherty v. Bank of Am., N.A., 177 F. Supp. 3d 1230 | 308+48 | Under California law, a principal-agent relationship exists if an agent holds the power to alter the legal relations between the principal and third persons, if an agent is a fiduciary, or if the principal has a right to control the day-to-day conduct of the agent; if, however, the principal has no control over the day-to-day operations and only has the right to dictate the end result of the agent's activities, then an independent contractor relationship exists. Cal. Civ. Code S 2295. | When does an independent contractor relationship exist? | Principal and Agent - Memo 478- PR_63269.docx | ROSS-003279872-ROSS-003279873 |
| Pescia v. Auburn Ford-Lincoln Mercury Inc., 68 F. Supp. 2d 1269 | 308+1 | Under Alabama law, the test for determining whether one is an agent of the defendant is whether the defendant has reserved the right of control over the means by which the work is done; stated differently, the defendant must have reserved the right to direct not only what shall be done, but also how it shall be done. | How should it to be determined whether one is an agent? | Principal and Agent - Memo 506 - KK_63284.docx | ROSS-003321017-ROSS-003321018 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| APSB Bancorp v. Thornton Grant, 26 Cal. App. 4th 926 | 308+3(2) | Independent contractor and agent are not mutually exclusive legal categories, and independent contractor is also an agent when it contracts to act on behalf of a principal and is subject to the principal's control except with respect to the agent's physical conduct. | Can an independent contractor also be an agent? | Principal and Agent - Memo 512 - KK_63290.docx | ROSS-003321610-ROSS-003321611 |
| State ex rel. Ford Motor Co. v. Bacon, 63 S.W.3d 641 | 308+1 | "Agency" is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. Restatement (Second) of Agency S 1. | Can an agency relationship result from manifestation of consent? | Principal and Agent - Memo 562-SB_63578.docx | ROSS-003293204-ROSS-003293205 |
| Crist v. Ervin, 56 So. 3d 745 | 92+2317 | A statutory filing fee is not considered an unconstitutional tax repugnant to court access if the fee is used to fund the costs of the administration of justice. West's F.S.A. Const. Art. 1, S 21. | Is filing fee an unconstitutional tax? | Taxation - Memo # 1028 - C - JL.docx | LEGALEASE-00047655-LEGALEASE-00047656 |
| Sykes v. State, 578 N.W.2d 807 | 3.77E+48 | Effect of a terroristic threat is not an essential element of the offense, but the victim's reaction to the threat is circumstantial evidence relevant to the element of intent. M.S.A. S 609.713, subd. 1. | Is the effect of a terroristic threat an essential element of the offense? | Threats - Memo #163 - C - LB.docx | LEGALEASE-00047713-LEGALEASE-00047714 |
| Com. v. Sholley, 432 Mass. 721 | 3.77E+11 | It was of no consequence, for purposes of prosecution for threatening to commit a crime, that threat pertained to some uncertain time in the future. M.G.L.A. c. 275, S 2. | "If a threat pertains to some uncertain time in the future, does this have any consequence on the prosecution for threatening to commit a crime?" | 046876.docx | LEGALEASE-00157692-LEGALEASE-00157693 |
| Alejandro v. Riportella, 250 A.D.2d 556 | 413+102 | Statute defining "employment" for purposes of coverage by workers' compensation law as including employment in trade, business or occupation carried on by employer for pecuniary gain, generally applies to employers carrying on business for profit, and not to persons who engage laborers to perform work on their private homes. McKinney's Workers' Compensation Law S 2, subd. 5. | How is employment defined in Workers Compensation? | 047689.docx | LEGALEASE-00157492-LEGALEASE-00157493 |
| Rotert v. Faulkner, 660 S.W.2d 463 | 83E+481 | Even though note does not possess quality of negotiability, its owner may nonetheless, by assignment, transfer his interest to another, and any language, however informal, if it shows intention of owner of chose in action to transfer it, and sufficiently identifies subject matter, is sufficient to vest property therein in assignee. | Can the owner of a non-negotiable note transfer his interest by assignment? | 009116.docx | LEGALEASE-00158938-LEGALEASE-00158939 |
| Willard v. Bank of Am., 204 F. Supp. 3d 829 | 172H+1280 | Credit card issuer did not relinquish its beneficial interest in credit card holder's credit card account by securitizing its credit card receivables and transferring them to a trust, and thus, credit card holder was not relieved of her obligation to pay the debt owed on the account; securitization merely created a separate contract involving the receivables, distinct from card holder's debt obligations, and did not divest the issuer of its ownership interest in the credit card account. | Does securitizing credit card receivables divest the issuer of its ownership interest in the credit card accounts? | 014046.docx | LEGALEASE-00158750-LEGALEASE-00158751 |
| Jackson-Shaw Co. v. Jacksonville Aviation Auth., 510 F. Supp. 2d 691 | 183+1 | Under Florida law, franchises are permitted to be used for the good of the public, usually for the purpose of rendering an adequate service without unjust discrimination, and for a reasonable compensation. | Are franchises granted for public good? | 018537.docx | LEGALEASE-00158945-LEGALEASE-00158946 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gulf Ref. Co. v. Cleveland Tr. Co., 166 Miss. 759 | 183+1 | "Franchise" is special privilege conferred by governmental authority, and which does not belong to citizens of country generally as matter of common right. | Does franchise belong to the citizens by common right? | 018573.docx | LEGALEASE-00158759-LEGALEASE-00158760 |
| Grosso v. Love, 667 A.2d 43 | 307A+561.1 | Both statute of limitations and res judicata are affirmative defenses and, as such, are waived if not raised in a responsive pleading. Rules Civ.Proc., Rules 1030, 1032, 42 Pa.C.S.A. | Are statute of limitations and res judicata waived if not raised in a responsive pleading? | Pretrial Procedure - Memo # 10749 - C - TJ_63864.docx | ROSS-003282515 |
| Kansas City Mortg. Co. v. Burgess, 306 So. 2d 161 | 241+180(7) | Three-year statute of limitations for an action for fraud is an affirmative defense and can be asserted by a motion to dismiss only if it appears on the face of a prior pleading. West's F.S.A. S 95.11(5)(d); 30 West's F.S.A. Rules of Civil Procedure, rule 1.110(d). | Will affirmative defenses appearing on face of prior pleading be asserted in motion to dismiss? | 025451.docx | LEGALEASE-00158282-LEGALEASE-00158283 |
| LaRocca v. Bailey, 799 So. 2d 1263 | 307A+693.1 | A motion and order to dismiss without prejudice has the same force and effect as a final judgment. LSA-C.C.P. art. 1918. | Does a motion and order to dismiss without prejudice have the same force and effect as a final judgment? | Pretrial Procedure - Memo # 10988 - C - NS_64111.docx | ROSS-003278840-ROSS-003278841 |
| Kouba v. Febco, 543 N.W.2d 245 | 307A+693.1 | Dismissal without prejudice neither precludes subsequent action nor addresses merits of action. | Does a dismissal without prejudice neither preclude subsequent action nor addresses merits of an action? | 025786.docx | LEGALEASE-00159192-LEGALEASE-00159193 |
| Weber v. Weber, 908 S.W.2d 356 | 307A+693.1 | Dismissal of petition in civil action does not render counterclaim or cross-claim filed in action dismissed or discontinued. V.A.M.R. 67.05. | Does dismissal of a petition in a civil action not render a counterclaim or cross-claim filed in action dismissed or discontinued? | 025792.docx | LEGALEASE-00159178-LEGALEASE-00159179 |
| Iskalo Elec. Tower LLC v. Stantec Consulting Servs., 113 A.D.3d 1105 | 307A+46 | Generally, a conditional order of dismissal is self-executing and a party's failure to produce the requested items on or before the date certain renders it absolute; nevertheless, a conditional order, like any other, must be sufficiently specific to be enforceable. | Is a conditional order of dismissal meant to be self-executing? | 025804.docx | LEGALEASE-00159166-LEGALEASE-00159167 |
| Golconda Petroleum Corp. v. Petrol Corp., 46 F. Supp. 23 | 307A+693.1 | Where a party is allowed to intervene and the original action is dismissed, intervention also fails. | "Where a party is allowed to intervene and the original action is dismissed, does intervention also fail?" | Pretrial Procedure - Memo # 11059 - C - SHS_63446.docx | ROSS-003281391-ROSS-003281392 |
| Rausch v. Hanberry, 377 So. 2d 901 | 343+2205 | Dilatory exception of prematurity was properly maintained as to action in redhibition, where plaintiff failed to tender return of the residence which allegedly contained vices and defects sufficient to warrant rescission of the sale, but dismissal of the action in redhibition should have been without prejudice; on the other hand, as to the quanti minoris relief sought, that demand was not premature since tender to return the object sold is not required to maintain an action in quanti minoris. LSA-C.C. arts. 2521, 2541, 2545; LSA-C.C.P. arts. 926, 930, 933 comment. | "When an action is premature, should it be dismissed?" | 025882.docx | LEGALEASE-00158076-LEGALEASE-00158077 |
| Butler v. Mayer, Brown & Platt, 301 Ill. App. 3d 919 | 307A+679 | In ruling on motion to dismiss, court must accept as true all well-pleaded facts in plaintiff's complaint and all inferences that can reasonably be drawn in his favor. S.H.A. 735 ILCS 5/2-619. | Can a complaint be dismissed when no genuine issue of material fact exists? | 025897.docx | LEGALEASE-00158112-LEGALEASE-00158113 |
| Bd. of Educ. of City of Chicago v. Bd. of Trustees of Pub. Sch. Teachers' Pension & Ret. Fund of Chicago, 395 Ill. App. 3d 735 | 30+3200 | Motions to dismiss based on certain defects or defenses present a question of law, and rulings thereon are reviewed de novo. S.H.A. 735 ILCS 5/2-619. | Are rulings reviewed de novo when motions to dismiss present a question of law? | 025956.docx | LEGALEASE-00158280-LEGALEASE-00158281 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Turner v. Mem'l Med. Ctr., 233 Ill. 2d 494 | 307A+561.1 | A motion to dismiss on the pleadings does not raise affirmative defenses, but rather alleges only defects on the face of the complaint. S.H.A. 735 ILCS 5/2-615. | Does a motion to dismiss on pleadings raise affirmative defense? | 025966.docx | LEGALEASE-00158328-LEGALEASE-00158329 |
| Dinges v. Gabardi, 202 Ill. App. 3d 732 | 307A+561.1 | Even if complaint states cause of action on its face, where affirmative defense negates cause of action, dismissal is proper. | Will a dismissal be proper if complaint states cause of action on its face? | 039555.docx | LEGALEASE-00159218-LEGALEASE-00159219 |
| Keough v. Cyrus USA, 204 S.W.3d 1 | 307A+699 | In the absence of evidence, a trial court does not abuse its discretion by denying a motion to reinstate. | "In the absence of evidence, does a trial court not abuse its discretion by denying a motion to reinstate?" | 039598.docx | LEGALEASE-00159031-LEGALEASE-00159032 |
| Violette v. Shoup, 16 Cal. App. 4th 611 | 308+3(1) | Person does not become agent of another simply by offering help or making suggestion. | Can a person become the agent of another simply by offering help or making a suggestion? | Principal and Agent - Memo 378 - RK_63936.docx | ROSS-003297002-ROSS-003297003 |
| Cislaw v. Southland Corp., 4 Cal. App. 4th 1284 | 308+3(1) | General rule is where franchise agreement gives franchisor the right of complete or substantial control over the franchisee, an agency relationship exists. | When will a franchise agreement establish an agency relationship? | Principal and Agent - Memo 381 - RK_63939.docx | ROSS-003319442-ROSS-003319443 |
| St. Clair Intermediate Sch. Dist.t v. Intermediate Educ. Ass'n/Michigan Educ. Ass'n, 458 Mich. 540 | 308+1 | Fundamental to the existence of an agency relationship is the right to control the conduct of the agent with respect to the matters entrusted to him. Restatement (Second) of Agency S 14. | Is the right to control the conduct of the agent fundamental to the existence of an agency? | Principal and Agent - Memo 523 - RK_63981.docx | ROSS-003322810-ROSS-003322811 |
| Am. Envtl. v. 3-J Co., 222 Ill. App. 3d 242 | 308+1 | Attorney, broker, auctioneer, and other persons similarly employed for single transaction or for series of transactions are agents, although as to their physical activities they are independent contractors. | Is a brokeremployed for a single transaction an agent? | 041967.docx | LEGALEASE-00159079-LEGALEASE-00159080 |
| Caterpillar v. Usinor Industeel, 393 F. Supp. 2d 659 | 308+1 | Under Illinois law, test for agency is whether alleged principal has right to control manner in which work is carried out by alleged agent, and whether alleged agent can affect legal relationships of principal. | What is the test for agency? | 041970.docx | LEGALEASE-00159055-LEGALEASE-00159056 |
| Moblard v. Klippenstein, 239 F. Supp. 274 | 308+1 | Under Michigan law, an agent is a business representative whose function it is to bring about, modify, effect, accept performance of, or terminate contractual obligations between his principal and third persons. | Is an agent a business representative? | Principal and Agent - Memo 528 - RK_63986.docx | ROSS-003279021 |
| Fischer v. Machado, 50 Cal. App. 4th 1069 | 308+1 | Existence of fiduciary relation modifies all agency agreements and creates rules which do not apply to contracts in which one party is not agent for other. | Does existence of a fiduciary relationship modify all agency agreements? | Principal and Agent - Memo 530 - RK_63988.docx | ROSS-003281254-ROSS-003281255 |
| Am. Envtl. v. 3-J Co., 222 Ill. App. 3d 242 | 308+1 | Attorney, broker, auctioneer, and other persons similarly employed for single transaction or for series of transactions are agents, although as to their physical activities they are independent contractors. | Is an auctioneeremployed for a single transaction an agent? | 042004.docx | LEGALEASE-00159089-LEGALEASE-00159090 |
| Rosas v. Alice's Tea Cup, 127 F. Supp. 3d 4 | 24+123 | The protections of the FLSA are available to citizens and undocumented workers alike; denying undocumented workers the protection of FLSA would permit abusive exploitation of workers and create an unacceptable economic incentive to hire undocumented workers by permitting employers to underpay them. Fair Labor Standards Act of 1938, S 1, 29 U.S.C.A. S 201. | Are the protections of the Fair Labor Standards Act (FLSA) available to citizens and undocumented workers alike? | "Aliens, Immigration and Citizenship - Memo 72 - RK_64806.docx" | ROSS-003321963-ROSS-003321964 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| CONTRERAS v. CORINTHIAN VIGOR INSURANCE BROKERAGE, 25 F.Supp.2d 1053 | 360+18.46 | Employee's claim under the Fair Labor Standards Act (FLSA) alleging that employer reported her to Immigration and Naturalization Service (INS) in retaliation for bringing an unpaid wages and overtime claim was not precluded by California statute providing that communications during course of official proceeding were privileged; statute was preempted by FLSA, as Congress clearly intended FLSA's anti-retaliation provision to apply to all workers including undocumented aliens. U.S.C.A. Const. Art. 6, cl. 2; Fair Labor Standards Act of 1938, S 15(a)(3), as amended, 29 U.S.C.A. S 215(a)(3); West's Ann.Cal.Civ.Code S 47(b). | Are the protections of the Fair Labor Standards Act (FLSA) available to citizens and undocumented workers alike? | 006923.docx | LEGALEASE-00160212-LEGALEASE-00160213 |
| CONTRERAS v. CORINTHIAN VIGOR INSURANCE BROKERAGE, 25 F.Supp.2d 1053 | 360+18.46 | Employee's claim under the Fair Labor Standards Act (FLSA) alleging that employer reported her to Immigration and Naturalization Service (INS) in retaliation for bringing an unpaid wages and overtime claim was not precluded by California statute providing that communications during course of official proceeding were privileged; statute was preempted by FLSA, as Congress clearly intended FLSA's anti-retaliation provision to apply to all workers including undocumented aliens. U.S.C.A. Const. Art. 6, cl. 2; Fair Labor Standards Act of 1938, S 15(a)(3), as amended, 29 U.S.C.A. S 215(a)(3); West's Ann.Cal.Civ.Code S 47(b). | Are the protections of the Fair Labor Standards Act (FLSA) available to undocumented workers? | 006929.docx | LEGALEASE-00160218-LEGALEASE-00160219 |
| I.N.S. v. Lopez-Mendoza, 468 U.S. 1032 | 24+423 | Evidence derived from illegal but peaceful arrests by Immigration and Naturalization Service officers need not be suppressed in a civil deportation hearing held by the INS. (Per Justice O'Connor with three Justices concurring.) | Can evidence derived from arrests be suppressed in a civil deportation hearing? | 006937.docx | LEGALEASE-00160202-LEGALEASE-00160203 |
| Mendoza v. United States Immigration & Customs Enf't, 849 F.3d 408 | 24+107 | Individual born abroad is presumed to be alien and bears burden of rebutting that presumption. | Does an individual born abroad is presumed to be an alien and bears the burden of rebutting that presumption? | "Aliens, Immigration, and Citizenship- Memo 3 - AM_64145.docx" | ROSS-003281059-ROSS-003281060 |
| Am. Exch. Nat. Bank v. Steeley, 10 S.W.2d 1038 | 83E+335 | Negotiability of bill or note is destroyed by reference therein to extrinsic contract to terms of which bill or note is subject. | Does a reference to some extrinsic contract in a bill of exchange or promissory note subjecting it to the terms of the contract destroy its negotiability? | 010488.docx | LEGALEASE-00160071-LEGALEASE-00160072 |
| Nat'l Leasing Corp. v. Williams, 80 F.R.D. 416 | 8.30E+10 | Obligations of maker of note are determined by law of state designated on instrument as place of payment. | Can the obligations of the maker of the note be determined by the law of the state designated on the instrument? | Bills and Notes-Memo 1399- JK_64839.docx | ROSS-003309366 |
| Bologna Bros. v. Morrissey, 154 So. 2d 455 | 83E+433(1) | Every endorsement, accommodation or otherwise, is essentially original contract, equivalent to new note or bill in favor of holder, and accommodation paper is governed by same rules as other paper. | What is an endorsement equivalent to? | Bills and Notes-Memo 1400- JK_64840.docx | ROSS-003294310-ROSS-003294311 |
| M.T. v. State, 2009 Ark. App. 761 | 129+107 | For purposes of disorderly conduct, a public inconvenience, annoyance, or alarm can occur due to an individual's conduct whether the individual and the people are on public or private property. West's A.C.A. S 5-71-207(a)(1). | Can public inconvenience occur due to an individuals conduct? | 014270.docx | LEGALEASE-00159936-LEGALEASE-00159937 |
| Herkner v. Rubin, 126 Cal. App. 677 | 156+52(3) | Doctrines of estoppel by conduct and ratification have no application to contract which violates express mandate of law. | Does estoppel by conduct have no application to a contract which violates an express mandate of the law? | 017864.docx | LEGALEASE-00159290-LEGALEASE-00159291 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Raymo, 419 So. 2d 858 | 181+5 | It is necessary to offense of forgery that offender either actively desired to defraud another or that he must have known that defrauding another was reasonably certain to result from his act or failure to act; to defraud in sense intended by forgery definitions means to injure or prejudice rights of another, but it is unnecessary that injury result from actual consummation of fraud, and it is immaterial whom offender intended to defraud. LSA-R.S. 14:10, 14:72. | Is intent to defraud an essence of forgery? | 018431.docx | LEGALEASE-00159705-LEGALEASE-00159706 |
| People v. Parker, 152 Ill. App. 3d 732 | 181+1 | Crime of forgery is committed when a defendant, by fraud or trickery, causes another to execute a deed of trust or other document where the signer is unaware, by reason of such trickery, that he is executing a document of that nature. | When is an offence of forgery said to be committed? | 018439.docx | LEGALEASE-00159921-LEGALEASE-00159922 |
| Application of City & Cty. of Honolulu Corp. Counsel, 54 Haw. 356 | 183+2 | Where terms of franchise are uncertain and reasonably susceptible to multiple meanings, or if the provisions of the franchise are conflicting or ambiguous, the terms of the franchise are construed favorably to the public interests. | Should a franchise be construed in favor of the public? | Franchise - Memo 33 - KNR_64629.docx | ROSS-003293503-ROSS-003293504 |
| City of Gary v. Allstate Ins. Co., 612 N.E.2d 115 | 217+1001 | "Insurance" generally is contract of indemnity through which party undertakes obligation to compensate another against loss arising from certain specified contingencies or perils; "insurance" shifts risk of loss from one party to another. West's A.I.C. 27-1-2-3(a). | Is insurance a contract of indemnity? | Insurance - Memo 81 - SNJ_64657.docx | ROSS-003278527-ROSS-003278528 |
| Barth v. City of Miami, 146 Fla. 542 | 302+17 | A declaration must state clearly every fact essential to plaintiff's right of action, and the allegations thereof must be positive or by fair inference derived therefrom contain all the ultimate facts upon which plaintiff relies for recovery. | Should a declaration state distinctly and clearly every fact that is essential to the plaintiff's right of action? | 023848.docx | LEGALEASE-00159656-LEGALEASE-00159657 |
| Stern v. First Nat. Bank of S. Miami, 275 So. 2d 58 | 307A+561.1 | A motion to dismiss may be based on an affirmative defense when grounds therefore appear on the face of a prior pleading. 30 F.S.A. Rules of Civil Procedure, rules 1.110(d), 1.140(b). | When a motion to dismiss is allowed based on an affirmative defense? | 039576.docx | LEGALEASE-00159408-LEGALEASE-00159409 |
| Labrie v. Kenney, 95 S.W.3d 722 | 307A+697 | A dismissal for want of prosecution is not a decision on the merits, and does not prevent a party from refiling the suit. | "Is a dismissal for want of prosecution not a decision on the merits, and does not prevent a party from refiling the suit?" | 039781.docx | LEGALEASE-00159350-LEGALEASE-00159351 |
| Reid v. Spazio, 970 A.2d 176 | 307A+561.1 | Since court is generally limited to facts appearing on the face of the pleadings when deciding a motion to dismiss for failure to state a claim upon which relief can be granted, affirmative defenses, such as laches, are not ordinarily well-suited fortreatment on such a motion. Chancery Court Rule 12(b)(6). | Can relief be granted when court is limited to facts appearing on the fact of the pleadings? | 039918.docx | LEGALEASE-00159565-LEGALEASE-00159566 |
| Colby v. Umbrella, Inc, 184 Vt. 1 | 307A+695 | The complaint is a bare bones statement that merely provides the defendant with notice of the claims against it, and its purpose is to initiate the cause of action, not prove the merits of the plaintiff's case, and as such, the rules of civil procedure allow a plaintiff to plead over if she has omitted essential elements and require the court to take the plaintiff's allegations as true on a motion to dismiss, so as not to unfairly prejudice the plaintiff before she has any opportunity to develop the case. Rules Civ.Proc., Rule 15(a). | Is the complaint a bare bones statement that merely provides the defendant with notice of the claims against it? | 040197.docx | LEGALEASE-00160224-LEGALEASE-00160225 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Technocom Bus. Sys. v. N. Carolina Dep't of Revenue, 219 N.C. App. 207 | 371+3602 | One purpose of the sales and use tax scheme is to equalize the tax burden on all state residents; this is achieved through imposition of the use tax in certain situations where the sales tax is not applicable. West's N.C.G.S.A. S 105-164.1. | Is the purpose of the sales and use tax scheme is to equalize the tax burden on all state residents? | Taxation - Memo 1077 - C - SS_64485.docx | ROSS-003283342-ROSS-003283343 |
| Jackson v. Univ. Hosp. of Cleveland, 122 Ohio App. 3d 371 | 413+11 | The purpose of the Workers' Compensation Act is not to make an employer an absolute insurer of an employee's safety, but only to protect the employee against risks and hazards incident to the performance of his work. R.C. S 4123.01 et seq. | What is the purpose of the Workmens Compensation law? | 048666.docx | LEGALEASE-00160188-LEGALEASE-00160189 |
| Cessna Fin. Corp. v. Morrison, 667 S.W.2d 580 | 8.30E+10 | Kansas law governs substantive rights and liabilities of parties to promissory note where note expressly provided for payment in Kansas. | Does the law of the state where the note in question is made payable govern the substantive liability of the parties? | 010106.docx | LEGALEASE-00161767-LEGALEASE-00161768 |
| United States v. Gelb, 944 F.2d 52 | 110+1134.75 | In general, sentence within general limits and not based on materially inaccurate or otherwise improper information or communications will not be set aside on appeal. | Under what circumstances would a sentence be set aside on appeal? | 012525.docx | LEGALEASE-00161501-LEGALEASE-00161502 |
| Com. v. Weselyk, 268 Pa. Super. 569 | 63+16 | Sentence of two concurrent terms of six to 12 months total confinement and concurrent term of five years' probation on bribery conviction of Department of Revenue employee was not excessive, in that although trial court found that imprisonment was not needed for rehabilitative or custodial purposes it was justified because of breach of public trust. 18 Pa.C.S.A. S 4701(a)(3). | Can a sentence of imprisonment be justified by an appellants breach of public trust? | 012547.docx | LEGALEASE-00161497-LEGALEASE-00161498 |
| United States v. Glazer, 129 F. Supp. 285 | 63+16 | Where, in prosecution for bribery of government official under statute providing for fine of not more than three times amount of money offered as such bribe, indictment charged offer of $100, and where, at trial, evidence was adduced that amount may have been $2, there was variance between indictment and proof such as would render impossible ascertainment of amount of permissible fine which judge could impose under statute. 18 U.S.C.A. 201. | Should the government prove the amount of money offered as a bribe? | 012569.docx | LEGALEASE-00161509-LEGALEASE-00161510 |
| U.S. v. Brown, 364 F.3d 1266 | 135H+25 | That forfeiture served in part a deterrent purpose does not automatically render it "punishment" for double jeopardy purposes. U.S.C.A. Const.Amend. 5. | "Does the forfeiture served in part a deterrent purpose and does not automatically render it ""punishment"" for double jeopardy purposes?" | 015592.docx | LEGALEASE-00160692-LEGALEASE-00160693 |
| Scott v. Blanchet High Sch., 50 Wash. App. 37 | 141E+931 | Liability of school for negligent supervision of student is not limited to situations involving school hours, property, or curricular activities; extracurricular activities under the auspices of the school also fall within a school's duty. | "Is the liability of schools limited to situations involving school hours, property or curricular activities?" | 017239.docx | LEGALEASE-00161056-LEGALEASE-00161057 |
| Vogel v. Carolina Int'l, 711 P.2d 708 | 156+52.10(1) | Waiver requires clear, unequivocal, and decisive acts of party showing such purpose. | "Does a waiver require a clear, unequivocal, and decisive act of the party showing such a purpose?" | Estoppel - Memo 227 - C - CSS_65203.docx | ROSS-003280240-ROSS-003280241 |
| Honey v. Henry's Franchise Leasing Corp. of Am., 64 Cal. 2d 801 | 322H+905 | Wilfully defaulting purchaser under contract to purchase realty may recover excess of part payments over damages caused by his breach of contract to purchase realty. West's Ann.Civ.Code, S 3307. | Can a willfully defaulting vendee recover the excess of his part payments over damages caused by his breach? | Exchange of Property - Memo 88 - RK_66314.docx | ROSS-003310286-ROSS-003310287 |
| State v. Homar, 798 P.2d 824 | 141+50 | Easement for road or highway does not limit its use to movement of vehicles but, rather, embraces every reasonable method of travel over, under and along right-of-way. | "Does the grant of a public road easement embrace every reasonable method of travel over, under and along the right-of-way?" | Highways - Memo 394 - RK_66324.docx | ROSS-003307493-ROSS-003307494 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| McGrath v. Stevenson, 194 Wash. 160 | 200+77(2) | A man may have more than one place of "residence," within meaning of statute authorizing vacation of county road on petition of freeholders residing in the vicinity, though he can have only one place of residence for voting and other purposes. Rem.Rev.Stat. S 6503. | How many places of residence can a man have for voting purposes? | Highways - Memo 448 - RK_66348.docx | ROSS-003305573-ROSS-003305574 |
| State ex rel. Arn v. State Comm'n of Revenue & Taxation, 163 Kan. 240 | 200+99 | The construction and repair of public roads is a "governmental function" which may be exercised by the state or delegated to state or local agencies. | Is constructing and repairing the public roads and highways a governmental function? | 018868.docx | LEGALEASE-00161725-LEGALEASE-00161726 |
| Newman v. Mayor of City of Newport, 73 R.I. 385 | 200+80 | The public acquires only an easement in legally established public highway, the fee in the soil remaining in owners of adjoining lands. | Does the public acquire an easement by the legal establishment of a public highway? | Highways - Memo 461 - RK.docx | LEGALEASE-00050776-LEGALEASE-00050777 |
| Newman v. Mayor of City of Newport, 73 R.I. 385 | 200+80 | The public acquires only an easement in legally established public highway, the fee in the soil remaining in owners of adjoining lands. | Does the public acquire an easement by the legal establishment of a public highway? | Highways - Memo 461 - RK_66361.docx | ROSS-003294115-ROSS-003294116 |
| Shell Oil Co. v. Jackson Cty., 193 S.W.2d 268 | 200+165 | Public roads belong to the state and are subject to legislative control, which control may be delegated to local authorities. | Are public roads belonging to the State subject to legislative control? | 018891.docx | LEGALEASE-00161823-LEGALEASE-00161824 |
| Jefferson Cty., Tenn. v. Tennessee Val. Auth., 146 F.2d 564 | 268+658 | The state or its political subdivision holds, as a trustee, title to the easement for public highways and roads, and a quasi corporation such as a city or county holds such property by delegation of general sovereign power; authority for its acquisition and control being governmental and the interest exclusively that of the public. | Does the State hold as a trustee title to the easement for public highways and roads? | Highways - Memo 466 - RK_66366.docx | ROSS-003281387-ROSS-003281388 |
| State v. Nelson, 158 Wash. 2d 699 | 200+86 | Owner of fee in highway can use it only in way that is compatible with public travel thereon. | Can the owner of a fee in a highway use it only in a way that is compatible with the public travel thereon? | 018896.docx | LEGALEASE-00161803-LEGALEASE-00161804 |
| Kackley v. Burtrum, 947 S.W.2d 461 | 302+427 | Issues raised by implied consent are treated as if raised by pleadings even though pleadings are not formally amended to conform to evidence. V.A.M.R. 55.33(b). | Are issues raised by implied consent treated as if raised by the pleadings? | 023887.docx | LEGALEASE-00161435-LEGALEASE-00161436 |
| Annen v. Trump, 913 S.W.2d 16 | 302+38.5 | Primary purpose of petition is to define and isolate issues for parties and trial court. | "Is defining and isolating the issues for the parties and the trial court, the primary purpose of a petition?" | 023891.docx | LEGALEASE-00161523-LEGALEASE-00161524 |
| Almes v. Burket, 2005 PA Super 289 | 307A+697 | A petition to open a judgment of non pros is addressed to the equitable powers of the court; it is a request to open a judgment of non pros by way of grace and not of right. | Is a petition to open a judgment of non pros addressed to the equitable powers of the court? | 039654.docx | LEGALEASE-00161170-LEGALEASE-00161171 |
| Mazer v. Sargent Elec. Co., 180 A.2d 63 | 307A+699 | Motion to strike off judgments of non pros was improper where not directed to defects in record. | Is a motion to strike off judgments of non pros is improper where not directed to defects in record? | Pretrial Procedure - Memo 11241 - C - DA_65265.docx | ROSS-003308528 |
| McKane Family Ltd. P'ship v. Sacajawea Family Ltd. P'ship, 211 So. 3d 117 | 307A+695 | Although failure to comply with a statutory condition precedent to suit, absent waiver or estoppel, requires dismissal, such a lapse is not ultimately fatal, and the plaintiff may amend its complaint. | Does failure to comply with a statutory condition precedent to suit require dismissal? | 040114.docx | LEGALEASE-00161393-LEGALEASE-00161394 |
| White v. Pruneau, 913 S.W.2d 959 | 307A+694 | Generally, dismissal without prejudice is not adjudication on the merits, and, unless otherwise barred, such dismissal allows party to refile action. | "Generally, is a dismissal without prejudice not adjudication on the merits?" | 040300.docx | LEGALEASE-00160935-LEGALEASE-00160936 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Elite Door & Trim v. Tapia, 355 S.W.3d 757 | 307A+678 | Subcontractor's failure to appear at hearing to determine whether to dismiss subcontractor's suit against sub-subcontractor for breach of contract, negligence, and breach of warranty for want of prosecution was not intentional or the result of conscious indifference, and case thus was not subject to dismissal under rule of civil procedure governing dismissal for want of prosecution based on subcontractor's failure to appear, where subcontractor had no notice from trial court of dismissal hearing. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3). | Is a court authorized to dismiss a case for want of prosecution under the rules of civil procedure? | 040395.docx | LEGALEASE-00160636-LEGALEASE-00160637 |
| FIA Card Servs., N.A. v. Salmon, 180 Ohio App. 3d 548 | 307A+583 | It is within the sound discretion of the trial court to dismiss an action for lack of prosecution, and an appellate court is confined solely to whether the trial court abused that discretion. | Is it within the sound discretion of the trial court to dismiss an action for lack of prosecution? | Pretrial Procedure - Memo 11725 - C - NE_65441.docx | ROSS-003280964-ROSS-003280965 |
| HICA Educ. Loan Corp. ex rel. Sallie Mae v. Fielding, 953 So. 2d 1261 | 307A+583 | A dismissal for want of prosecution is within the discretion and inherent power of the trial court. | Is a dismissal for want of prosecution within the discretion and inherent power of the trial court? | 040453.docx | LEGALEASE-00161068-LEGALEASE-00161069 |
| Levermann v. Cartall, 715 S.W.2d 728 | 307A+583 | Trial court may dismiss suit for want of prosecution pursuant to its inherent power. | Can a court dismiss suit for want of prosecution pursuant to its inherent power? | Pretrial Procedure - Memo 11790 - C - NC_65648.docx | ROSS-003295201-ROSS-003295202 |
| Scherer v. Hanson, 270 N.W.2d 23 | 307A+583 | Determination whether to dismiss action for failure to prosecute is within discretion of the trial court. Rules Civ.Proc., Dist.Ct., rule 41.02(1), 27A M.S.A. | Is the determination of whether to dismiss an action within the discretion of the trial court? | Pretrial Procedure - Memo 11797 - C - NC_65473.docx | ROSS-003281086-ROSS-003281087 |
| Providence Bank v. Billings, 29 U.S. 514 | 371+2003 | The power of legislation and consequently of taxation operates on all the persons and property belonging to the body politic. | Does the power of taxation operate on all the persons and property belonging to the body politic? | 046298.docx | LEGALEASE-00161693-LEGALEASE-00161694 |
| Indiana Nat. Bank of Indianapolis v. Goss, 208 F.2d 619 | 8.30E+10 | Under Illinois law, law of place of payment of note is the law which will govern the nature, validity, interpretation, and effect of the obligation. | "Does the law of the place of performance of a contract governthe nature, validity, interpretation and effect of the obligation?" | 009215.docx | LEGALEASE-00162632-LEGALEASE-00162633 |
| United States v. $184,505.01 in U.S. Currency, 72 F.3d 1160 | 135H+25 | Forfeiture proceeding in which party does not participate does not place that party in jeopardy, and therefore that party cannot use that forfeiture as basis of double jeopardy challenge to subsequent proceeding. U.S.C.A. Const.Amend. 5. | Does a forfeiture proceeding in which the party does not participate place that party in jeopardy? | Double Jeopardy - Memo 106 - C - SB_65885.docx | ROSS-003282294-ROSS-003282295 |
| U.S. v. Thompson, 118 F. Supp. 2d 723 | 135H+25 | Jeopardy does not attach in civil forfeiture case on date when property becomes forfeitable. U.S.C.A. Const.Amend. 5. | Does jeopardy not attach in a civil forfeiture case on a date when property becomes forfeitable? | 014974.docx | LEGALEASE-00162226-LEGALEASE-00162227 |
| Nero v. D.C., 936 A.2d 310 | 135H+96 | A defendant waives his double jeopardy right and may be retried if he moves for a mistrial. U.S.C.A. Const.Amend. 5. | Does a defendant waives his double jeopardy right and may be retried if he moves for a mistrial? | 015059.docx | LEGALEASE-00162466-LEGALEASE-00162467 |
| Antoine E.J. v. Birch Family Servs., 95 A.D.3d 832 | 141E+795 | Schools are under duty to adequately supervise students in their charge and they will be held liable for foreseeable injuries proximately related to absence of adequate supervision. | Do schools have a duty to supervise students and protect them against intentional injuries? | 017185.docx | LEGALEASE-00161992-LEGALEASE-00161994 |
| Regents of Univ. of Michigan v. State, 395 Mich. 52 | 360+131 | Some, but not all, conditions may be imposed upon an appropriation to a constitutional college or university but the legislature may not interfere with the management and control of those institutions; within those limitations, legislature may appropriate state funds for a special purpose and, if the university accepts the appropriation, it must use the funds for that purpose. M.C.L.A.Const.1963, art. 8, SS 4, 5. | Can the legislature interfere with the management and control of a university? | Education - Memo 356 - C - ATS_65922.docx | ROSS-003295145-ROSS-003295146 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Chemlen, 165 Conn. App. 791 | 181+4 | The ordinary meaning of "deceive," as used in forgery statute, is to cause to believe the false; deceive indicates an inculcating of one so that he takes the false as true, the unreal as existent, the spurious as genuine. C.G.S.A. S 53a-139(a). | What is the difference between intent to deceive and intent to defraud under the forgery statute? | 018465.docx | LEGALEASE-00161934-LEGALEASE-00161935 |
| United States v. Pearce, 65 F.3d 22 | 181+4 | Minimal nexus between document-making implement and interstate commerce is sufficient to constitute violation of statute prohibiting fraud in connection with identification documents. 18 U.S.C.A. S 1028(a)(5). | Is a minimal nexus with interstate commerce sufficient to constitute violation of the forgery statute? | 018469.docx | LEGALEASE-00162013-LEGALEASE-00162014 |
| Browning v. State, 174 Ga. App. 759 | 181+4 | Uttering or delivering writing is essential element of offense of forgery in the first degree; but it is not essential element of forgery in the second degree. O.C.G.A. S 16-9-2(a). | Is uttering or delivering any writing an essential element of forgery in the first degree? | Forgery - Memo 57 - SNJ_65941.docx | ROSS-003278285-ROSS-003278286 |
| Arnold v. Erkmann, 934 S.W.2d 621 | 289+1040 | To bring action for right to accounting of partnership profits, plaintiff must plead existence of partnership and withholding of profits. | "To bring an action for accounting, does the plaintiff need to plead the existence of a partnership?" | 022694.docx | LEGALEASE-00162247-LEGALEASE-00162248 |
| Doe v. Gleicher, 393 Ill. App. 3d 31 | 307A+695 | Claims dismissed without an opportunity to amend are final even if the case is not dismissed in its entirety. | Are claims dismissed without an opportunity to amend final even if the case is not dismissed in its entirety? | Pretrial Procedure - Memo 11566 - C - BP_65989.docx | ROSS-003296208-ROSS-003296209 |
| Doe v. Sex Offender Registry Bd., 459 Mass. 603 | 268+256 | The critical question in determining whether an exaction is designed to compensate a governmental entity providing services for its expenses is whether the fees are reasonably designed to compensate an entity for its anticipated regulatory expenses; in making this determination, reasonable latitude must be given to the agency in fixing charges to cover its anticipated expenses in connection with the services to be rendered. | "In determining whether a charge is a fee or a tax, what is the critical question to be decided by the court?" | 046156.docx | LEGALEASE-00162514-LEGALEASE-00162515 |
| ANR Pipeline Co. v. Lafaver, 150 F.3d 1178 | 371+2003 | State's interests in integrity of its property tax system lie at core of state's sovereignty. | Do a state's interests in the integrity of its property tax system lie at the core of the state's sovereignty? | 046335.docx | LEGALEASE-00161950-LEGALEASE-00161951 |
| Amos v. Mathews, 99 Fla. 1 | 371+2005 | As inherent attribute of sovereignty, state may impose all taxes not expressly or by clear implication inhibited by State or Federal Constitutions. | Can the state impose any tax that is inhibited by State or Federal Constitutions? | Taxation - Memo 1176 - C -JL_65993.docx | ROSS-003280197-ROSS-003280198 |
| Lovell By & Through Lovell v. Poway Unified Sch. Dist., 90 F.3d 367 | 3.77E+11 | Statutes punishing threats must be interpreted with the commands of First Amendment clearly in mind; what is a threat must be distinguished from what is constitutionally protected speech. U.S.C.A. Const.Amend. 1. | Statutes punishing threats must be interpreted with the commands of which amendment in mind? | 046975.docx | LEGALEASE-00162202-LEGALEASE-00162203 |
| Thornton v. Dean, 19 S.C. 583 | 219+28 | If a contract be entered into in one place to be performed in another, the parties may stipulate for the rate of interest of either country; if the contract stipulate generally for interest without fixing the rate, it should be the rate of interest at the place of payment; if no interest be stipulated, and payment be not made, interest by way of damages is according to the law of the place of payment. | Can parties stipulate the rate of interest? | 009138.docx | LEGALEASE-00162827-LEGALEASE-00162828 |
| Johnston v. Gawtry, 83 Mo. 339 | 8.30E+10 | The state in which a note is made payable, and in which it is delivered in consummation of a bargain, is the place of the contract. | Is the state in which a note is made payable and in which it is delivered in consummation of a bargain the place of the contract? | Bills and Notes - Memo 1351 - RK_66254.docx | ROSS-003320637-ROSS-003320638 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Evans v. Anderson, 78 Ill. 558 | 8.30E+10 | The existing laws of the state at the time of making a note therein form a portion of the contract, and the liability of the maker must be determined under them. | Which law determines the liability of the maker of a note? | Bills and Notes - Memo 1355 - RK_66257.docx | ROSS-003307569-ROSS-003307570 |
| United States v. Lemons, 67 F. Supp. 985 | 8.30E+10 | The law of the state in which a check or negotiable instrument is executed determines the formality and essential validity thereof, and the incidents of the obligation of such instrument. | Which law determines the incidents of obligation of a check | Bills and Notes - Memo 1360 - RK.docx | LEGALEASE-00052497-LEGALEASE-00052498 |
| Indiana Nat. Bank of Indianapolis v. Goss, 208 F.2d 619 | 8.30E+10 | Under Illinois law, law of place of payment of note is the law which will govern the nature, validity, interpretation, and effect of the obligation. | "What governs the nature, validity, interpretation and effect of the obligation of a note?" | Bills and Notes - Memo 1368 - RK_66269.docx | ROSS-003296858-ROSS-003296859 |
| Dep't of Consumer & Bus. Servs. v. Clements, 240 Or. App. 226 | 413+186 | The court must determine whether an employer is a subject employer or a nonsubject employer under the Workers' Compensation Law before it can determine whether that employer's worker who is applying for workers' compensation is employed by a nonsubject employer for purposes of the casual worker exception to subject worker status, which applies when a casual worker is employed in the course of the trade, business, or profession of a nonsubject employer, and thus, since the Workers' Compensation Law states that a subject employer is one who employs one or more subject workers, the employee whose status as a subject worker is still in question cannot be counted as the only subject worker of that employer for purposes of establishing that the employer is a subject employer. West's Or.Rev. Stat. Ann. SS 656.023, 656.027(3)(a)(B). | "In Workers Compensation, must a determination of whether one is a worker be made before it can be determined if that person is a subject or nonsubject worker?" | 048717.docx | LEGALEASE-00162711-LEGALEASE-00162712 |
| United States v. Hernandez, 803 F.3d 1341 | 135H+25 | Because restitution and forfeiture serve different purposes, imposition of both does not implicate double jeopardy. U.S.C.A. Const.Amend. 5. | "Because restitution and forfeiture serve different purposes, does imposition of both not implicate double jeopardy?" | Double Jeopardy - Memo 139 - C - SKG_66383.docx | ROSS-003280228-ROSS-003280229 |
| Warren v. McDonald, 28 Vet. App. 214 | 34+136 | A veteran's withdrawal of an appeal to the Board of Veterans' Appeals is only effective where withdrawal is explicit, unambiguous, and done with a full understanding of the consequences of such action on the part of the claimant. 38 C.F.R. SS 20.204, 20.204(b). | When is a veteran's withdrawal of an appeal to the Board of Veterans' Appeals effective? | 008855.docx | LEGALEASE-00163928-LEGALEASE-00163929 |
| Stewart v. Citizens & S. Nat. Bank, 138 Ga. App. 209 | 8.30E+27 | Check is merely an order on bank to pay from drawer's account, and may be revoked at any time before it has been certified, accepted, or paid by the bank, and may be revoked by operation of the law on the death of the drawer. Code, S 109A-4-405. | When can a check be revoked? | 009331.docx | LEGALEASE-00163013-LEGALEASE-00163014 |
| Lambeth v. Lewis, 114 Ga. App. 191 | 162+221(4.1) | Check is revoked by drawer's death but may in proper action be used as evidence in support of payee's claim of indebtedness against decedent but not as evidence of indebtedness itself. Code, SS 109A-3-409, 109A-4-405. | Can a be used as evidence in support of the payee's claim of indebtedness against the decedent but not as evidence of the indebtedness itself? | Bills and Notes - Memo 1455 - RK_66511.docx | ROSS-003283223-ROSS-003283224 |
| Robinson v. State Farm Mut. Auto. Ins. Co., 52 So. 3d 416 | 135+2 | Residency is a more flexible concept than domicile, and permanency is not a requirement for residency; even a temporary and transient place of dwelling can qualify. | Can even a temporary and transient place of dwelling qualify for residency? | Domicile - Memo 49 - C - AD_67128.docx | ROSS-003305396 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Shinault, 147 F.3d 1266 | 135H+59 | Defendant has a valued right to have his trial completed by a particular tribunal; as soon as the jury is sworn, the defendant acquires a constitutional interest, under Double Jeopardy Clause, in having that jury see his case through to a conclusion. U.S.C.A. Const.Amend. 5. | Does the defendant acquire a constitutional interest to have jury see his case through to a conclusion? | 014800.docx | LEGALEASE-00163950-LEGALEASE-00163951 |
| State v. Stover, 271 Or. 132 | 135H+51 | Jeopardy does not attach until jury is sworn or, if judge is trier of fact, until first witness is sworn, or until defendant is convicted on plea of guilty. | Will jeopardy attach when first witness is sworn? | Double Jeopardy - Memo 1102 - C - NS_68007.docx | ROSS-003305773-ROSS-003305774 |
| People v. Herdman, 310 P.3d 170 | 135H+30 | A sentence enhancer is not a substantive element of an offense for purposes of double jeopardy analysis. U.S.C.A. Const.Amend. 5. | Is a sentence enhancer a substantive element of an offense for purposes of double jeopardy analysis? | Double Jeopardy - Memo 1122 - C - TJ_68026.docx | ROSS-003282610 |
| Williams v. New York, 367 F. Supp. 2d 449 | 135H+30 | There is no double jeopardy bar to use of prior convictions in sentencing a persistent offender. U.S.C.A. Const.Amend. 5. | Is there a double jeopardy bar to use of prior convictions in sentencing a persistent offender? | 014943.docx | LEGALEASE-00163998-LEGALEASE-00163999 |
| United States v. Muth, 896 F. Supp. 196 | 135H+25 | Jeopardy did not attach in civil forfeiture proceeding until final judgment was entered, and, therefore, double jeopardy principles did not preclude criminal prosecution which arose from same facts as those underlying civil forfeiture proceedings which began before, but which ended after, defendant pled guilty to the criminal charge. U.S.C.A. Const.Amend. 5. | Does jeopardy not attach in a civil forfeiture proceeding until final judgment is entered? | 015168.docx | LEGALEASE-00163519-LEGALEASE-00163520 |
| State v. Lynch, 134 N.M. 139 | 135H+96 | A defendant's motion for or consent to a mistrial generally forecloses any claim of double jeopardy. U.S.C.A. Const.Amend. 5; Const. Art. 2, S 15. | Does a defendant's motion for or consent to a mistrial generally foreclose any claim of double jeopardy? | 015226.docx | LEGALEASE-00162983-LEGALEASE-00162984 |
| People v. Tate, 317 Ill. App. 3d 272 | 135H+99 | Existence of manifest necessity for a mistrial is requisite only where the state requests a mistrial that the defendant opposes; where the defendant seeks a mistrial, there is no need for such a finding. | Is the existence of manifest necessity for a mistrial requisite only where the state requests a mistrial that the defendant opposes? | Double Jeopardy - Memo 286 - C - KG_66971.docx | ROSS-003285801 |
| Davidson v. United States, 48 A.3d 194 | 135H+96 | When a mistrial is declared with the consent of the defendant or upon his motion, it is ordinarily assumed to remove any barrier to reprosecution. U.S.C.A. Const.Amend. 5. | Is a motion by a defendant for mistrial ordinarily assumed to remove any double jeopardy barrier to reprosecution? | 015323.docx | LEGALEASE-00163183-LEGALEASE-00163184 |
| United States v. Bauman, 887 F.2d 546 | 135H+201 | Double jeopardy clause is not absolute bar to reprosecution once jury has been empaneled and sworn; defendant may, for example, waive double jeopardy protection by consenting to mistrial before verdict is rendered. U.S.C.A. Const.Amend. 5. | Is the double jeopardy clause not an absolute bar to reprosecution once a jury has been empaneled and sworn? | Double Jeopardy - Memo 346 - C - NE_66536.docx | ROSS-003281514-ROSS-003281515 |
| United States v. Holley, 986 F.2d 100 | 135H+59 | Double jeopardy clause is not absolute bar to reprosecution once jury has been empaneled and sworn. U.S.C.A. Const.Amend. 5. | Is the double jeopardy clause not an absolute bar to reprosecution once a jury has been empaneled and sworn? | 015373.docx | LEGALEASE-00162917-LEGALEASE-00162918 |
| Com. v. Graham, 109 A.3d 733 | 135H+97 | If the prosecution engages in certain forms of intentional misconduct, the double jeopardy clause bars retrial. U.S.C.A. Const.Amend. 5. | Does the law ordinarily permit retrial when the defendant successfully moves for a mistrial unless the prosecution has engaged in certain forms of intentional misconduct? | 015387.docx | LEGALEASE-00163139-LEGALEASE-00163140 |
| State v. Roberts, 119 Ohio St. 3d 294 | 135H+100.1 | Acquittals are afforded absolute finality for purposes of applying double jeopardy protections. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 10. | Are acquittals afforded absolute finality for purposes of applying double jeopardy protections? | 015601.docx | LEGALEASE-00162961-LEGALEASE-00162962 |
| Bishop v. State, 176 Ga. App. 357 | 135H+95.1 | Mistrial declared for erroneous reasons and not for legal cause is bar to another trial. O.C.G.A. S 16-1-8(e)(2)(D). | Is a mistrial declared for erroneous reasons and not for legal cause a bar to another trial? | Double Jeopardy - Memo 465 - C - TJ_67154.docx | ROSS-003292684 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People ex rel. Spiers v. Lawley, 17 Cal. App. 331 | 391+23 | Where a grant of a franchise to construct and maintain a toll road contained in itself no provision requiring that the consent of the state should first be obtained before the right to sell or transfer the franchise could be exercised, or any statute to that effect, it might be transferred without the consent of the state. | Can franchises be transferred without consent? | 018601.docx | LEGALEASE-00163253-LEGALEASE-00163254 |
| Cockburn v. O'Meara, 155 F.2d 340 | 260+79.1(0.5) | In Louisiana, the payment of an overriding royalty is the payment of "rent" and is not the payment of the price for the oil or gas rights as if they were sold. | Does the payment of an overriding royalty constitute a payment of rent or rather the payment of the price for the oil or gas rights as if they were sold? | 021686.docx | LEGALEASE-00163315-LEGALEASE-00163316 |
| State of New Mexico Uninsured Employers' Fund v. Gallegos, 395 P.3d 533 | 307A+697 | A party may move by right to reinstate within 30 days of dismissal, but whether the motion will be granted depends on the existence of the moving party's good cause justification for failing to prosecute its cause of action during the 180 days preceding dismissal. NMRA 1-041(E)(2), 1-060(B)(6). | Can a party move by right to reinstate within 30 days of dismissal? | Pretrial Procedure - Memo 11896 - C - SHB.docx | LEGALEASE-00053589-LEGALEASE-00053590 |
| Wells Fargo Bank, N.A. v. Bohatka, 112 So. 3d 596 | 302+243 | For purposes of general rule that trial courts are to give plaintiffs an opportunity to amend a defective pleading, the failure to attach necessary documents is a remediable offense. | "As a general matter, are trial courts to give plaintiffs an opportunity to amend a defective pleading?" | 040790.docx | LEGALEASE-00163837-LEGALEASE-00163838 |
| Malone v. Com., 636 S.W.2d 647 | 110+55 | Intent or knowledge are not elements of the crimes of forcible rape and sodomy so as to make voluntary intoxication available as a defense. KRS 501.020, 501.050, 501.080, 510.040(1)(a), 510.070(1)(a). | Is intoxication a defense to the crime of rape? | 043125.docx | LEGALEASE-00164086-LEGALEASE-00164087 |
| People v. Hamil, 20 Ill. App. 3d 901 | 352H+190 | Intent to commit rape may be inferred from conduct of accused, character of assault, acts done and time and place of occurrence, as well as from words spoken. S.H.A. ch. 38, S 8-4. | Can intent to commit rape be inferred from the defendants words? | Sex Offenses - Memo 131 - RK.docx | LEGALEASE-00053836-LEGALEASE-00053837 |
| State v. Robinson, 345 Mo. 897 | 352H+191 | Where a man has carnal intercourse with a woman mentally incapable of giving consent he is not guilty of "rape" if he believes he has her consent and is unaware of her infirmity, and burden is on the state to establish the woman's incapacity. | Is sexual intercourse with a woman incapable from mental infirmity of giving consent rape? | 043137.docx | LEGALEASE-00164080-LEGALEASE-00164081 |
| Towell v. Steger, 154 S.W.3d 471 | 3.77E+05 | Stalking statutes should be construed narrowly enough to prevent serious abuse, but broadly enough to maximize victim protection. V.A.M.S. S 455.010. | How should the stalking statute be construed to prevent serious abuse? | 046988.docx | LEGALEASE-00163389-LEGALEASE-00163390 |
| Curry v. State, 17 Ga. App. 377 | 3.77E+28 | Stalking statute was intended to fill gaps in law by criminalizing conduct that fell short of assault or battery. West's F.S.A. S 784.048. | How was the stalking statute intended to fill gaps in the law? | "Threats, Stalking and Harassment - Memo 243 - C - LB_66848.docx" | ROSS-003293829-ROSS-003293830 |
| Rush v. Oppenheimer & Co., 779 F.2d 885 | 25T+182(2) | Bare fact that an answer was filed was inadequate by itself to support a claim of waiver of arbitration, absent demonstration of prejudice to other party. | Is filing an answer adequate to support a claim of waiver of arbitration? | Alternative Dispute Resolution - Memo 871 - RK_67476.docx | ROSS-003295779 |
| Gulf Guar. Life Ins. Co. v. Connecticut Gen. Life Ins. Co., 304 F.3d 476 | 25T+184 | Jurisdiction of courts to intervene into arbitral process prior to issuance of award is very limited; courts are limited to decisions regarding whether a valid agreement to arbitrate exists and scope and enforcement of that agreement, including the arbitrability of given underlying disputes under agreement. | Is the jurisdiction by the courts to intervene into the arbitral process prior to issuance of an award limited under the Federal Arbitration Act (FAA)? | 008122.docx | LEGALEASE-00165048-LEGALEASE-00165050 |
| Buck v. Davenport Sav. Bank, 29 Neb. 407 | 83E+432 | A writing on the back of a note, "Demand, notice, and protest waived, and payment guarantied," signed by the payee of the note, is an indorsement. | Does a writing protest waived on the back of a note constitutes an indorsement with enlarged liability? | 010059.docx | LEGALEASE-00164323-LEGALEASE-00164324 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Shultz v. S.E.C., 614 F.2d 561 | 349B+40.14(2) | Disciplinary actions taken by the business conduct committee of an exchange are subject to full review by the Securities and Exchange Commission. | Are the Exchange Committee disciplinary actions subject to full review by the Securities and Exchange Commission? | 013630.docx | LEGALEASE-00164264-LEGALEASE-00164265 |
| State v. Guillaume, 293 Mont. 224 | 135H+30 | Weapon enhancement statute is a sentencing factor, and does not create a separate crime or element of a crime in violation of the protection against double jeopardy. MCA 46-18-221. | Is weapon enhancement statute a sentencing factor? | 014997.docx | LEGALEASE-00164619-LEGALEASE-00164620 |
| State v. Morgan, 32 Wash. App. 236 | 135H+30 | Principles of double jeopardy do not apply to additional trial of penalty enhancement statute. U.S.C.A. Const.Amend. 5. | Do principles of double jeopardy apply to additional trial of penalty enhancement statute? | Double Jeopardy - Memo 1239 - C - NE_67376.docx | ROSS-003280213-ROSS-003280214 |
| Raulerson v. State, 609 So. 2d 1301 | 350H+1240 | Sentence for committing first-degree felony punishable by life may be enhanced under the habitual violent felony offender statute. West's F.S.A. S 775.084. | Does habitual violent felony offender statute violate double jeopardy? | 015048.docx | LEGALEASE-00164831-LEGALEASE-00164832 |
| Com. v. Cumming, 466 Mass. 467 | 135H+5.1 | The constitutional guarantee against double jeopardy protects a defendant not only against a second prosecution for the same offense after acquittal or conviction but also against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | Does double jeopardy represent a constitutional policy of finality for the defendant's benefit in criminal proceedings? | Double Jeopardy - Memo 862 - C - NS.docx | LEGALEASE-00054297-LEGALEASE-00054298 |
| State v. Hoyt, 922 S.W.2d 443 | 135H+59 | Defendant is not placed in jeopardy in jury trial until jury has been properly impaneled and sworn; where no jury had been sworn before court dismissed charge, jeopardy had not attached, and prosecution was free to refile the charge. U.S.C.A. Const.Amend. 5. | Will a jeopardy be attached in a jury trial until the jury is empaneled and sworn? | 016663.docx | LEGALEASE-00165131-LEGALEASE-00165132 |
| Ex Parte Victorick, 453 S.W.3d 5 | 135H+56.1 | With respect to a jury trial, jeopardy attaches, for double jeopardy purposes, when the jury is empaneled and sworn, and for a bench trial, jeopardy attaches when the defendant pleads to the charging instrument. U.S. Const. Amend. 5. | Does a jeopardy attach when the defendant pleads to the charging instrument? | Double Jeopardy - Memo 991 - C - PC.docx | LEGALEASE-00054327-LEGALEASE-00054328 |
| Superior Dispatch v. Ins. Corp. of New York, 181 Cal. App. 4th 175 | 156+53 | Estoppel may arise although there was no designed fraud on the part of the person sought to be estopped. | Can an estoppel arise although there was no designed fraud on the party of the person sought to be estopped? | Estoppel - Memo 304 - C - CSS_67186.docx | ROSS-003282184-ROSS-003282185 |
| Cosby v. Moore, 259 Ala. 41 | 156+56 | An estoppel cannot exist where knowledge of both parties is equal, and nothing is done by the one to mislead the other. | "Can an estoppel exist where knowledge of both parties is equal, and nothing is done by the one to mislead the other?" | 018283.docx | LEGALEASE-00164447-LEGALEASE-00164448 |
| Kimack v. Adams, 930 S.W.2d 505 | 233+531 | "Lease," as distinguished from license, is not mere privilege to enter premises for specific purpose, but agreement which gives rise to relationship of landlord and tenant, and which entitles tenant to exclusive possession of premises for determinate period. | Is a lease an agreement which gives rise to the relationship between landlord and tenant? | Landlord and Tenant - Memo 84 - RK_67506.docx | ROSS-003296454-ROSS-003296455 |
| In re Safeguard Self-Storage Tr., 2 F.3d 967 | 238+44(2) | Under California common law, use of lease language is not conclusive of intention but strongly indicates that parties contemplated a lease, rather than a license, relationship. | Is the use of lease language conclusive of the intention of the parties contemplating such a relationship? | Landlord and Tenant - Memo 87 - RK_67509.docx | ROSS-003282335-ROSS-003282336 |
| Beckett v. City of Paris Dry Goods Co., 14 Cal. 2d 633 | 233+507 | The use of the terminology of a lease, such as "tenantable," "lease," "demised," and "rental," is not conclusive of intention but strongly indicates that parties contemplated the landlord-tenant relation. | Is the use of lease language conclusive of the intention of the parties contemplating such a relationship? | 021024.docx | LEGALEASE-00164963-LEGALEASE-00164964 |
| In re Strickland, 2002 WL 58482 | 307A+699 | A reinstatement order rendered after expiration of the trial court's plenary power is void. | Is a reinstatement order rendered after expiration of the trial court's plenary power void? | Pretrial Procedure - Memo 12159 - C - RF_67583.docx | ROSS-003293017-ROSS-003293018 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| City of Harrisburg v. Sch. Dist. of City of Harrisburg, 675 A.2d 758 | 371+2311 | Normally taxable activity conducted on exempt public real property is subject to taxation. 72 P.S. S 5020-204(a)(7). | Is a taxable activity conducted on exempt public real property subject to taxation? | Taxation - Memo 1243 - C - SS_67228.docx | ROSS-003296662-ROSS-003296663 |
| L&B Real Estate v. Hous. Auth. of Cty. of Los Angeles, 149 Cal. App. 4th 950 | 371+2311 | Although provisions exempting private property from taxation are strictly construed, because taxation of public property is the exception and not the rule, and may occur only if there is express authority to do so, the exemption for public property is liberally construed. West's Ann.Cal. Const. Art. 13, S 3. | When can a public property be taxed? | 046452.docx | LEGALEASE-00164545-LEGALEASE-00164546 |
| City of Egg Harbor City v. Cty. of Atl. Cty., 10 N.J. Tax 7 | 371+2311 | If private user of public property is carrying out a public purpose, real property will not be taxed for local property tax purposes. | "When the private user of a public property is carrying out a public purpose, will the real property be taxed for local property tax purposes?" | Taxation - Memo 1264 - C - SS_67410.docx | ROSS-003296674-ROSS-003296675 |
| Knight v. State, 25 Ark. App. 353 | 3.77E+12 | To be found guilty of terroristic threatening, defendant must have intended to fill victim with intense fright. A.C.A. S 5-13-301. | What must the defendant intend to fill the victim with in order to be found guilty of threatening the victim? | 047037.docx | LEGALEASE-00164499-LEGALEASE-00164500 |
| People v. Kirkpatrick, 365 Ill. App. 3d 927 | 3.77E+18 | The trier of fact may look to the context in which a threat arose when determining whether the threat was credible, for purposes of determining whether a defendant committed the offense of threatening a public official. | Where may the trier of fact look when determining whether the threat was credible? | 047055.docx | LEGALEASE-00164579-LEGALEASE-00164580 |
| Liberty Mut. Ins. Co. v. Gulf Oil Corp., 559 F. Supp. 777 | 413+186 | Where basis of alleged liability is workers' compensation and plaintiff sues those employers with whom he had an employee-employer relationship, then liability becomes a solidary one between those employers. LSA-R.S. 23:1061. | "In workers compensation, when does liability become a solidary?" | Workers' Compensation - Memo 745 - C - ANC_67244.docx | ROSS-003307439-ROSS-003307440 |
| Reyes v. S. Boulevard Partners, 78 A.D.2d 746 | 413+186 | Neither usage with respect to coverage nor specific agreement is controlling upon issue of employment in workers' compensation case. | Does usage with respect to coverage or a specific agreement control the issue of employment? | 048787.docx | LEGALEASE-00164335-LEGALEASE-00164336 |
| Lamb v. State Work Relief Comp. Fund, 127 Pa. Super. 44 | 413+186 | Ordinarily, test of determining by whom one is employed does not depend solely on payment of wages, but it may aid in determining that fact. | Does the payment of wages aid in determining who one is employed by? | 048810.docx | LEGALEASE-00164709-LEGALEASE-00164710 |
| State v. Strine, 176 Wash. 2d 742 | 135H+59 | Jeopardy attaches after the jury is selected and sworn; it is not necessary that argument or testimony be presented. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | Is it necessary that argument or testimony be presented when jeopardy attaches after the jury is selected and sworn? | Double Jeopardy - Memo 1014 - C - DHA_67631.docx | ROSS-003283958-ROSS-003283959 |
| State v. Juarez, 115 Wash. App. 881 | 135H+59 | Jeopardy attaches after jury is selected and sworn; it is not necessary that argument or testimony be presented. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | Is it necessary that argument or testimony be presented when jeopardy attaches after the jury is selected and sworn? | 014634.docx | LEGALEASE-00165311-LEGALEASE-00165312 |
| Richardson v. United States, 468 U.S. 317 | 135H+98 | Neither failure of jury to reach verdict nor trial court's declaration of a mistrial following a hung jury was an event that terminated original jeopardy which attached when jury was sworn, so that defendant had no valid double jeopardy claim that second trial was barred because of failure to introduce legally sufficient evidence to go to jury, regardless of sufficiency of evidence at first trial. U.S.C.A. Const.Amend. 5. | When will the protection of double jeopardy clause apply? | Double Jeopardy - Memo 1023 - C - KG_67738.docx | ROSS-003308517-ROSS-003308518 |
| Turner v. State ex rel. Gruver, 168 So. 2d 192 | 135H+59 | Jeopardy attaches when the jury is impaneled and sworn; however, not every mistrial declared after jeopardy attaches invokes the protections of the double jeopardy clause. U.S.C.A. Const.Amend. 5; West's F.S.A. Const. Art. 1, S 9. | Would the declaration of a mistrial after jeopardy attaches invoke the protection of double jeopardy clause? | 014684.docx | LEGALEASE-00165682-LEGALEASE-00165683 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Potts, 181 S.W.3d 228 | 135H+59 | The primary reason jeopardy is said to attach after the jury is selected is to protect the interest of an accused in retaining a chosen jury. U.S.C.A. Const.Amend. 5. | What is the primary reason for jeopardy to attach after the jury is selected? | Double Jeopardy - Memo 1058 - C - VA_67880.docx | ROSS-003285653-ROSS-003285654 |
| Reese v. State, 190 Misc. 316 | 135H+59 | Jeopardy principles pose no bar to declaration of mistrial when jury has not been impanelled or sworn. U.S.C.A. Const.Amend. 5. | Does jeopardy principles pose bar to declaration of mistrial when jury has not been impaneled or sworn? | 014816.docx | LEGALEASE-00166056-LEGALEASE-00166057 |
| State v. Rudy B., 147 N.M. 45 | 135H+1 | The United States Constitution prohibits the states from twice exposing a citizen to punishment for the same offense. U.S.C.A. Const.Amend. 5. | Does the United States Constitution prohibit the states from twice exposing a citizen to punishment for the same offense? | Double Jeopardy - Memo 666 - C - SHB_68670.docx | ROSS-003278438-ROSS-003278439 |
| People v. Seel, 34 Cal. 4th 535 | 135H+95.1 | A mistrial does not constitute a termination of jeopardy, and accordingly double jeopardy does not arise from the legal necessity of a mistrial. U.S.C.A. Const.Amend. 5; West's Ann.Cal. Const. Art. 1, S 15. | "Does a mistrial constitute a termination of jeopardy, and accordingly double jeopardy arises from the legal necessity of a mistrial?" | Double Jeopardy - Memo 676 - C - KI_67889.docx | ROSS-003282775-ROSS-003282776 |
| Scott v. State, 164 A.3d 177 | 135H+1 | Although the Constitution of Maryland does not contain a counterpart to the Double Jeopardy Clause, the common law of Maryland provides for a prohibition on double jeopardy. U.S. Const. Amend. 5. | Does common law provide for prohibition on double jeopardy? | 016070.docx | LEGALEASE-00165817-LEGALEASE-00165818 |
| Stamps v. State, 151 So. 3d 248 | 135H+1 | The double-jeopardy clause affords three protections: (1) protection from a second prosecution for the same offense after acquittal, (2) protection from a second prosecution for the same offense after conviction, and (3) protection from multiple punishments for the same offense. U.S.C.A. Const.Amend. 5; West's A.M.C. Const. Art. 3, S 22. | Does the Double Jeopardy Clause protect against a second prosecution for the same offense after acquittal? | Double Jeopardy - Memo 710 - C - RF_68673.docx | ROSS-003298653-ROSS-003298654 |
| State v. Zeno, 155 So. 3d 4 | 135H+5.1 | The double jeopardy clause prevents the State from punishing a defendant multiple times for the same offense and prevents a second prosecution for an offense following an acquittal or conviction. U.S.C.A. Const.Amend. 5. | Do Federal and state constitutions both provide that no person shall twice be put in jeopardy of life or liberty for the same offense? | Double Jeopardy - Memo 714 - C - RF_68674.docx | ROSS-003294585-ROSS-003294586 |
| State v. Zeno, 155 So. 3d 4 | 135H+5.1 | The double jeopardy clause prevents the State from punishing a defendant multiple times for the same offense and prevents a second prosecution for an offense following an acquittal or conviction. U.S.C.A. Const.Amend. 5. | Do Federal and state constitutions both provide that no person shall twice be put in jeopardy of life or liberty for the same offense? | 016107.docx | LEGALEASE-00165855-LEGALEASE-00165856 |
| State v. Schubert, 212 N.J. 295 | 135H+1 | An individual's right against being placed in jeopardy twice for the same offense is both a common law and a constitutional right. U.S.C.A. Const.Amend. 5; N.J.S.A. Const. Art. 1, par. 11. | Is an individual's right against being placed in jeopardy twice for the same offense both a common law and a constitutional right? | 016109.docx | LEGALEASE-00165857-LEGALEASE-00165858 |
| Napoli v. Supreme Court, 40 A.D.2d 159 | 135H+95.1 | Even where trial judge is overassiduous in granting a mistrial and his action premature, double jeopardy will not result, and such is the case even where the record does not clearly reveal the motivation of the trial judge in declaring the mistrial. | "Even where a trial judge is over assiduous in granting a mistrial and his action premature, will double jeopardy not result?" | Double Jeopardy - Memo 718 - C - BP_68039.docx | ROSS-003296426-ROSS-003296428 |
| United States v. Lewis, 368 F.3d 1102 | 135H+96 | Double jeopardy ordinarily does not apply if defendant obtains mistrial; courts presume that defendant, in seeking mistrial, gives up his or her right to verdict by jury. U.S.C.A. Const.Amend. 5. | "Do courts presume that a defendant, in seeking mistrial, gives up his or her right to verdict by jury?" | 016205.docx | LEGALEASE-00165519-LEGALEASE-00165520 |
| State v. Coppage, 34 Kan. App. 2d 776 | 135H+100.1 | A judgment of acquittal, for purposes of double jeopardy, is a resolution, correct or not, of some or all of the factual elements of the offense charged. U.S.C.A. Const.Amend. 5; K.S.A. Const.Bill of Rights, S 10; K.S.A. 21-3108(1)(a). | "Is a judgment of acquittal, for purposes of double jeopardy, a resolution, correct or not, of some or all of the factual elements of the offense charged?" | 016248.docx | LEGALEASE-00165571-LEGALEASE-00165572 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Cabrera, 804 F. Supp. 2d 1261 | 135H+100.1 | A person who has been found not guilty by a jury may not thereafter be tried for the same offense without violating the Double Jeopardy Clause; this is because the law affords absolute finality to a jury's verdict of acquittal, no matter how erroneous its decision. U.S.C.A. Const.Amend. 5. | "Before the Double Jeopardy Clause is implicated, should some event, such as an acquittal, terminate the original jeopardy?" | 016263.docx | LEGALEASE-00165587-LEGALEASE-00165588 |
| People v. Tolliver, 347 Ill. App. 3d 203 | 135H+99 | A deadlocked jury is a manifest necessity justifying the declaration of a mistrial and the retrial of the defendant. | Is a deadlocked jury a manifest necessity justifying the declaration of a mistrial and a retrial of a defendant? | Double Jeopardy - Memo 836 - C - TM_67951.docx | ROSS-003308931-ROSS-003308932 |
| People v. Eroshevich, 214 Cal. App. 4th 1335 | 135H+1 | The protection against double jeopardy generally precludes retrial for the same offense after a conviction or an acquittal. U.S.C.A. Const.Amend. 5; West's Ann.Cal. Const. Art. 1, S 15. | Does the protection against double jeopardy generally preclude retrial for the same offense after a conviction or an acquittal? | 016416.docx | LEGALEASE-00165213-LEGALEASE-00165214 |
| State v. Jenkins, 157 Or. App. 156 | 135H+1 | Double Jeopardy Clause protects against a second prosecution after conviction for the same offense by the same sovereign. U.S.C.A. Const.Amend. 5. | Does double Jeopardy Clause protects against a second prosecution after conviction for the same offense by the same sovereign? | 016471.docx | LEGALEASE-00165275-LEGALEASE-00165276 |
| State v. Myers, 171 W. Va. 277 | 135H+1 | Double Jeopardy Clause in West Virginia Constitution provides immunity from further prosecution where a court having jurisdiction has acquitted the accused, and it protects against a second prosecution for the same offense after conviction, and it also prohibits multiple punishments for the same offense. Const. Art. 3, S 5. | What immunity is provided by the double jeopardy clause? | Double Jeopardy - Memo 901 - C - RF_67690.docx | ROSS-003294051-ROSS-003294052 |
| State v. Boggs, 741 N.W.2d 492 | 135H+1 | The double jeopardy principle protects persons from prosecution for the same offense after conviction or acquittal, and against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 12. | Does the double jeopardy principle protect persons from prosecution for the same offense? | 016553.docx | LEGALEASE-00165371-LEGALEASE-00165372 |
| Com. v. Constant, 925 A.2d 810 | 135H+1 | Once a defendant is placed in jeopardy for an offense, and jeopardy terminates with respect to that offense, the defendant may neither be tried nor punished a second time for the same offense. U.S.C.A. Const.Amend. 5. | Can a defendant be tried nor punished a second time for the same offense? | Double Jeopardy - Memo 941 - C - NE_67815.docx | ROSS-003283115-ROSS-003283116 |
| State v. Gouleed, 720 N.W.2d 794 | 135H+1 | Both the federal and state constitutions prohibit trying a criminal defendant twice for the same crime. U.S.C.A. Const.Amend. 4; M.S.A. Const. Art. 1, S 7. | Does both the federal and state constitutions prohibit trying a criminal defendant twice for the same crime? | Double Jeopardy - Memo 947 - C - KS_67821.docx | ROSS-003278844-ROSS-003278845 |
| State v. Thomas, 124 So. 3d 1049 | 135H+1 | The constitutional protection provided by the Double Jeopardy Clause prohibits (1) second prosecution for the same offense after acquittal; (2) second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | What are the prohibitions prescribed by double jeopardy clause? | 016597.docx | LEGALEASE-00165413-LEGALEASE-00165414 |
| Smith v. Hedgpeth, 706 F.3d 1099 | 135H+5.1 | Double Jeopardy Clause protects defendant against both successive punishments and successive prosecutions for the same criminal offense. U.S.C.A. Const.Amend. 5. | Does the Fifth Amendment's Double Jeopardy Clause preclude successive prosecutions and successive punishments for the same criminal offense? | 016599.docx | LEGALEASE-00165415-LEGALEASE-00165416 |
| In re Gateway Ethanol, 415 B.R. 486 | 50+1 | Disclaimer of warranties of merchantability and fitness for a particular purpose are permitted in both sales and leases, for purposes of determining whether agreement is a true lease or a disguised sale/security agreement. UCC SS 2-316, 2A-214. | Are a disclaimer of warranties of merchantability and fitness for a particular purpose permitted in both sales and leases? | Secured Transactions - Memo 37 - C - PC_68066.docx | ROSS-003292805-ROSS-003292806 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Woods, 23 Del. 499 | 230+21.4 | A habitual offender hearing is not a trial and, therefore, legal principles such as res judicata, double jeopardy, and the right to a jury trial do not apply. U.S.C.A. Const.Amends. 5, 6. | Is a habitual offender hearing a trial? | 014875.docx | LEGALEASE-00166242-LEGALEASE-00166243 |
| Griffin v. State, 148 Ga. App. 311 | 135H+100.1 | Federal double jeopardy jurisprudence bars a defendant from being prosecuted for an offense after being acquitted for the same offense. U.S.C.A. Const.Amend. 5. | Does federal double jeopardy jurisprudence bar a defendant from being prosecuted for an offense after being acquitted for the same offense? | Double Jeopardy - Memo 500 - C - SB_68279.docx | ROSS-003294732-ROSS-003294733 |
| Stow v. Murashige, 389 F.3d 880 | 135H+100.1 | A verdict of acquittal is final, ending a defendant's jeopardy, and is a bar to a subsequent prosecution for the same offense even when not followed by any judgment; this is true even though an acquittal may appear to be erroneous. U.S.C.A. Const.Amend. 5. | Is that a jury's verdict of acquittal bars a subsequent retrial on those same offenses perhaps the most fundamental rule in the history of double jeopardy jurisprudence? | 015881.docx | LEGALEASE-00166244-LEGALEASE-00166245 |
| State v. Broom, 146 Ohio St. 3d 60 | 135H+1 | The Double Jeopardy Clause protects against three distinct evils: a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | What are the evils double jeopardy protects against? | 015950.docx | LEGALEASE-00166309-LEGALEASE-00166310 |
| State v. Lindell, 828 N.W.2d 1 | 135H+1 | The Double Jeopardy Clause serves to create finality and to prevent prosecutorial overreaching. U.S.C.A. Const.Amend. 5. | Does the double Jeopardy Clause serve to create finality and to prevent prosecutorial overreaching? | Double Jeopardy - Memo 657 - C - KG_68434.docx | ROSS-003281300 |
| Borough of Paramus v. Cty. of Bergen, 27 N.J. Tax 215 | 371+2311 | Claims for tax exemption have to stand scrutiny to show that they serve a public purpose. | Should claims for tax exemption stand scrutiny to show that they serve a public purpose? | Taxation - Memo 1286 - C - MV.docx | LEGALEASE-00056082-LEGALEASE-00056083 |
| Station #2 v. Lynch, 695 S.E.2d 537 | 13+27(1) | An omission or non-performance of a duty may sound both in contract and in tort, but only where the omission or non-performance of the contractual duty also violates a common law duty. | Can an omission or non-performance of a duty sound both in contract and in tort? | Action - Memo 962 - C _13NsA5Cg_sT17x9rGexI 9M9UXPrpEA2pL.docx | ROSS-000000051-ROSS-000000052 |
| Wells Fargo Bank, N.A. v. Fifth Third Bank, 931 F. Supp. 2d 834 | 172H+926 | Under Ohio law, lending bank's gross negligence claim failed to allege actual damages beyond losses already attributed to lending bank's breach of contract claim against bank which administered a joint line of credit on behalf of both banks, as required to bring a gross negligence tort claim in addition to a breach of contract claim, where the only additional damages associated with the gross negligence claims were additional punitive damages. | Should a tort claim arising out of a breach of contract include actual damages attributable to the wrongful acts of the alleged tortfeasor which are in addition to those attributable to the breach of the contract? | Action - Memo 973 - C _1hiAKH15dZ9gpNcJ9WD cbFGIjD-ZAzEI_.docx | ROSS-000000071-ROSS-000000072 |
| Neptune Estates v. Big Poll & Son Const., 39 Misc. 3d 649 | 13+27(1) | An action based upon an alleged injury to property is one sounding in tort. | Is an action based upon an alleged injury to property one sounding in tort? | Action - Memo 974 - C _1Qi1V_tPP0apKSIqFl2H1 u5OxMQT6xypY.docx | ROSS-000000073 |
| Choharis v. State Farm Fire & Cas. Co., 961 A.2d 1080 | 217+3379 | The duty which is owed to an insured for failure to settle a claim sounds in contract and not in tort. | Does the duty which is owed to an insured for failure to settle a claim sound in contract and not in tort? | Action - Memo 983 - C _1LYaYXEhbC00LMXaaXd mZ-3XyKfa5XEh5.docx | ROSS-000000090-ROSS-000000091 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tamari v. Bache & Co. (Lebanon) S.A.L., 730 F.2d 110 | 83H+6.1 | Under both "conduct" and "effects" tests for determining jurisdictional questions arising from transnational disputes, district court had subject matter jurisdiction over cause of action under Commodity Exchange Act arising from trading on United States exchanges, even though parties were nonresident aliens and contacts between them occurred in foreign country since transmission of commodity futures orders to United States constituted "conduct" within United States and alleged fraud implicated integrity of American market. Commodity Exchange Act, SS 4b, 4c, as amended, 7 U.S.C.A. SS 6b, 6c. | "Under the effects test to determine whether Commodity Exchange Act applies to foreign agents, what do the courts look to?" | 013619.docx | LEGALEASE-00167103-LEGALEASE-00167104 |
| United States v. Hanahan, 798 F.2d 187 | 135H+31 | Protections of the double jeopardy clause against multiple punishment or repeated prosecutions for same offense are not triggered by revocation of parole. U.S.C.A. Const.Amend. 5. | Does a double jeopardy clause protect a defendant in a criminal proceeding against multiple punishment or repeated prosecutions for the same offense? | 015793.docx | LEGALEASE-00166532-LEGALEASE-00166534 |
| In re Rigg, 198 B.R. 681 | 349A+10 | Lease agreement can be construed to create security interest only if agreement prohibits lessee from terminating lease. V.T.C.A., Bus. & C. S 1.201(37). | Can a lease agreement be construed to create a security interest only if an agreement prohibits lessee from terminating lease? | Secured Transactions - Memo 129 - C - NE_68701.docx | ROSS-003295323 |
| Lombard v. Station Square Inn Apartments Corp., 94 A.D.3d 717 | 349A+2 | Reservation of title under a lease does not create a security interest unless the parties so intended. McKinney's Uniform Commercial Code S 9-610(a). | Does reservation of title under a lease not create a security interest unless the parties so intended? | 042725.docx | LEGALEASE-00166743-LEGALEASE-00166744 |
| Union Oil Co. of Cal. v. State Bd. of Equalization, 60 Cal. 2d 441 | 371+2311 | Privately-held leasehold interests in publicly-owned real property are subject to taxation, while public ownership interest is exempt. | Does privately-held leasehold interests in public-owned real property subject to taxation? | Taxation - Memo 1291 - C - KAD_68505.docx | ROSS-003307529-ROSS-003307530 |
| Burlington N. v. Flathead Cty., 176 Mont. 9 | 371+2016 | In order to have a validly authorized tax, there is no requirement that the Legislature use language "is hereby authorized to levy a tax." | "Is there any requirement that the Legislature use the language ""is hereby authorized to levy a tax."" in order to validly authorize a tax?" | Taxation - Memo 1342 - C - SM.docx | LEGALEASE-00056696-LEGALEASE-00056697 |
| Moore v. Sch. Dist. of Pittsburgh, 338 Pa. 466 | 371+2016 | The delegation of legislative power to tax is not unlawful where Legislature, in connection with the delegation of such power, fixes the maximum limit of the tax. | Is the delegation of legislative power to tax unlawful where Legislature fixes the maximum limit of the tax? | Taxation - Memo 1364 - C - SD_68651.docx | ROSS-003280346-ROSS-003280347 |
| Couchman v. Univ. of Cent. Florida, 84 So. 3d 445 | 141E+997 | Administrative Procedure Act (APA) only applies to a state university when the university is acting pursuant to statutory authority from the legislature. West's F.S.A. SS 120.52(1, 6), 1001.706(2)(b). | Does the APA apply to a state university when the university is acting pursuant to statutory authority derived from the legislature? | Education - Memo #303 - C- ATS_65661.docx | ROSS-003279640-ROSS-003279641 |
| Bridgeport Music v. Diamond Time, Ltd., 371 F.3d 883 | 156+52(1) | Application of equitable estoppel should be premised on defendant's improper conduct as well as plaintiff's actual and reasonable reliance thereon. | Is the application of equitable estoppel premised on misconduct by the defendant? | 017738.docx | LEGALEASE-00167332-LEGALEASE-00167333 |
| Westmoreland Coal Co. v. Fed. Mine Safety & Health Review Comm'n, 606 F.2d 417 | 260+92.5(2) | The purpose of Federal Coal Mine Health and Safety Act is to protect the safety of the miner and Act is to be interpreted liberally to effect that purpose. Federal Coal Mine Health and Safety Act of 1969, SS 2 et seq., 113(d)(1) as amended 30 U.S.C.A. SS 801 et seq., 823(d)(1). | Is the purpose of the Federal Coal Mine Health and Safety Act to protect the safety of the miner? | 021223.docx | LEGALEASE-00167338-LEGALEASE-00167339 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Schlegel v. Hough, 182 Or. 441 | 260+38(13) | In suit to quiet title to an unpatented placer mining claim, defendant was required in pleading to negative the performance of $100 worth of improvements and prove the lack thereof to establish claimed forfeiture, and allegation only that plaintiff during year involved had not done any work or labor constituting assessment work or annual labor as required by law for mining claims was insufficient. 30 U.S.C.A. S 28. | How much labor does the law require to be performed upon each mining claim each year? | 021624.docx | LEGALEASE-00167340-LEGALEASE-00167342 |
| United States v. Pennell, 144 F. Supp. 317 | 377E+12(2) | The test of whether words or phrases are harmless or threatening is the context in which they are used, measured by common experience of the society in which they are used. 18 U.S.C.A. S 875(a-d). | What is the test for whether words or phrases are harmless or threatening? | 046766.docx | LEGALEASE-00167349-LEGALEASE-00167351 |
| State v. Kilburn, 151 Wash. 2d 36 | 3.77E+25 | One who writes a threat in a personal diary or mutters a threat unaware that it might be heard does not knowingly threaten, and therefore cannot be convicted under felony harassment statute. West's RCWA 9A.46.020. | "If a defendant mutters a threat unaware that it might be heard, is he guilty of knowingly threatening someone?" | 046800.docx | LEGALEASE-00167368-LEGALEASE-00167370 |
| Int'l Ribbon Mills, Ltd. v. Arjan Ribbons, 36 N.Y.2d 121 | 38+90 | Assignee never stands in any better position than his assignor; he is subject to all the equities and burdens which attach to property assigned because he receives no more and can do no more than his assignor. | Does an assignee stand in a better position than that of the assignor? | 07345.docx | LEGALEASE-00077617-LEGALEASE-00077619 |
| Commerce Tr. Co. v. Air 1st Aviation Companies, 366 Ill. App. 3d 135 | 267+34 | It is the responsibility of the party filing a motion to request the trial court to rule on the motion, and when no ruling has been made on a motion, it is presumed to have been abandoned absent circumstances indicating otherwise. | "When a party moves to strike an affidavit will its failure to obtain a ruling on its motion to strike, operate as a waiver of the objections to the affidavit?" | 06287.docx | LEGALEASE-00077835-LEGALEASE-00077836 |
| Phillips Dev. & Realty v. LJA Eng'g, 499 S.W.3d 78 | 106+39 | A trial court has discretion to allow the party opposing a special appearance to contest personal jurisdiction to file late affidavits or to enter other orders as are just. Tex. R. Civ. P. 120a(3). | Does trial court have the discretion to allow late affidavits? | 03745.docx | LEGALEASE-00078287-LEGALEASE-00078289 |
| Lee v. Bankers Tr. Co., 166 F.3d 540 | 237+1.6 | Under New York choice-of-law rules in defamation cases, the state of the plaintiff's domicile will usually have the most significant relationship to the case, and its law will therefore govern. | What is the choice of law rule in defamation law? | 05851.docx | LEGALEASE-00080853-LEGALEASE-00080855 |
| United States v. S. California Edison Co., 300 F. Supp. 2d 964 | 145+13 | Under California law, operation of a power plant was not an ultrahazardous activity for the purposes of strict liability doctrine. | Are the activities of power plants classified as ultrahazardous for the purposes of the strict liability doctrine? | 13349.docx | LEGALEASE-00081419-LEGALEASE-00081420 |
| People v. M.D., 231 Ill. App. 3d 176 | 352H+59(2) | It is irrational to imply consent by a spouse to a sexual assault, which is generally a violent, degrading act that results in severe physical and psychological harm. S.H.A. Const. Art. 1, S 2. | Is there an implied consent to sex among spouses? | 00933.docx | LEGALEASE-00083692-LEGALEASE-00083693 |
| Pilcher v. Direct Equity Lending, 189 F. Supp. 2d 1198 | 95+98 | A void act has no legal force or effect; a voidable act is not void in itself but may be declared void usually at the option of an affected party. | Can a voidable act be made void at the option of the affected party? | Consumer Credit - Memo 27 - RK.docx | ROSS-003329111-ROSS-003329112 |
| W. Point-Pepperell v. Donovan, 689 F.2d 950 | 349+200 | Standards for reviewing magistrate's finding of probable cause are same for both administrative and criminal warrants. | Are the standards for reviewing a magistrates finding of probable cause same for both administrative and criminal warrants? | 05120.docx | LEGALEASE-00084233-LEGALEASE-00084234 |
| W. Point-Pepperell v. Donovan, 689 F.2d 950 | 349+200 | Standards for reviewing magistrate's finding of probable cause are same for both administrative and criminal warrants. | Are the standards for reviewing a magistrates finding of probable cause same for both administrative and criminal warrants? | 05594.docx | LEGALEASE-00084254-LEGALEASE-00084255 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Power Oil Co. v. Cochran, 138 Neb. 827 | 92+2500 | The wisdom of Legislature in intrusting broad powers in division of motor fuels in department of agriculture and inspection with respect to determining program for inspection of refined petroleum products is not a matter of judicial determination, since courts are not arbiters of legislative wisdom but function as a check upon unauthorized and unconstitutional assumptions of power, and in an action attacking validity of statute as providing for excessive inspection fees, only question for determination by court is whether the fees are reasonably necessary to defray expense of inspection. Laws 1933, c. 116, S 3; Laws 1939, c. 85. | Will courts interfere in charging inspection fees? | 06447.docx | LEGALEASE-00084378-LEGALEASE-00084379 |
| State v. Whitwell, 215 S.W.3d 760 | 110+1023(3) | A ruling in limine is interlocutory only and is subject to change during the course of trial; the motion in limine, in and of itself, presents nothing for appeal. | Is a ruling in limine interlocutory only and subject to change during the course of the trial? | 05221.docx | LEGALEASE-00084919-LEGALEASE-00084920 |
| United States v. Aguasvivas-Castillo, 668 F.3d 7 | 174+1.3 | In challenging disproportionality of a forfeiture, it is the defendant's burden, not the government's, to raise the issue of future deprivation of livelihood. U.S.C.A. Const.Amend. 8. | Is it the defendants burden to raise the issue of future deprivation of livelihood to challenge the disproportionality of forfeiture? | 05828.docx | LEGALEASE-00089182-LEGALEASE-00089184 |
| Tisdale v. Stone & Webster Eng'g Corp., 595 F. Supp. 1016 | 413+1 | Different workmen's compensation schemes enacted by the several states are complex and best administered by the individual state's agencies or courts. | "Who should administer workmens compensation laws, agencies or courts? " | 02034.docx | LEGALEASE-00092184-LEGALEASE-00092185 |
| Wilson v. Harris, 304 S.W.3d 824 | 307A+561.1 | A complaint is subject to dismissal for failure to state a claim if an affirmative defense clearly and unequivocally appears on the face of the complaint. Rules Civ.Proc., Rule 12.02(6). | Will a defense be available on a motion to dismiss for failure to state a claim? | 11345.docx | LEGALEASE-00094159-LEGALEASE-00094160 |
| In re Bycura, 540 B.R. 211 | 135+1 | Under South Carolina law, party's "residence" is the place where he actually lives or has his home, his dwelling place or place of habitation, his abode, house where his home is, or dwelling house. | "Is the place where a party lives or has his home, a party's residence under State law? " | 10794.docx | LEGALEASE-00094327-LEGALEASE-00094328 |
| Hill v. John Chezik Imports, 797 S.W.2d 528 | 413+2 | Workers' Compensation Act is substitutional, supplanting all other common-law rights of an employee if the Act applies. V.A.M.S. S 287.010 et seq. | "If the Workers' Compensation Act applies, is the act substitutional, supplanting all other common-law rights of an employee? " | 11456.docx | LEGALEASE-00094545-LEGALEASE-00094546 |
| Long v. Silver, 248 F.3d 309 | 25T+179 | A non-signatory may invoke an arbitration clause under ordinary state-law principles of agency or contract. | Can a non-signatory invoke an arbitration clauseunder ordinary state-law principles of agency or contract? | 10747.docx | LEGALEASE-00094571-LEGALEASE-00094572 |
| New Bar Partnership v. Martin, 729 S.E.2d 675 | 307A+561.1 | A complaint may be properly dismissed for absence of law to support a claim, absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. Rules Civ.Proc., Rule 12(b)(6). | When can a complaint be properly dismissed? | 11266.docx | LEGALEASE-00094651-LEGALEASE-00094652 |
| State ex rel. Blankenship v. Richardson, 196 W. Va. 726 | 92+961 | It is duty of legislature to consider facts, establish policy, and embody that policy in legislation; it is duty of court, however, to determine constitutionality of legislation. | "Does the Court sit as a superlegislature, or is it the legislatures duty to consider the facts, establish, policy, and embody the policy in legislation? " | 11487.docx | LEGALEASE-00094816-LEGALEASE-00094817 |
| Lewis v. Morgan, 79 So. 3d 926 | 307A+561.1 | Affirmative defense appearing on the face of a complaint can be grounds for a motion to dismiss. West's F.S.A. RCP Rules 1.110(d), 1.140(b). | Will an affirmative defense appearing on the face of a complaint be a ground for motion to dismiss? | 10222.docx | LEGALEASE-00095060-LEGALEASE-00095061 |
| Leetaru v. Bd. of Trustees of Univ. of Illinois, 2015 IL 117485 | 307A+686.1 | A motion to involuntarily dismiss based upon certain defects or defenses admits the sufficiency of the complaint, but asserts affirmative matter that defeats the claim. S.H.A. 735 ILCS 5/2-619. | Will a motion to involuntarily dismiss assert affirmative matter that defeats the claim? | 10204.docx | LEGALEASE-00095278-LEGALEASE-00095279 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Treaster v. Betts, 324 S.W.3d 487 | 307A+561.1 | A pre-trial dismissal based on an affirmative defense must be granted under the standards of summary judgment. | Will a pre-trial dismissal based on affirmative defense be granted under the standards of summary judgement? | 10306.docx | LEGALEASE-00095365-LEGALEASE-00095366 |
| Giraldo v. Cossin, 399 So. 2d 540 | 307A+590.1 | Action cannot advance toward trial unless court has jurisdiction over party sued. | Can action advance toward trial unless a court has jurisdiction over a party sued? | 09872.docx | LEGALEASE-00096004-LEGALEASE-00096005 |
| Brown v. Kidney & Hypertension Assocs., L.L.P., 5 So. 3d 258 | 307A+590.1 | Mere contact with opposing counsel is insufficient to prevent abandonment of an action; a litigant must take some step in the prosecution or defense of the case in the trial court that hastens the case toward judgment. LSA-C.C.P. art. 561. | Is mere contact with opposing counsel insufficient to prevent abandonment of an action? | 09654.docx | LEGALEASE-00096312-LEGALEASE-00096313 |
| Egan v. Moore, 36 Misc. 2d 967 | 141E+1015 | The state university is an integral part of the government of the state and as such is subject to immediate control of the board of trustees. Education Law, SS 101, 201, 207, 352, 354, 355; Laws 1962, c. 930; Const. art. 5, S 4; art. 11, S 2. | Is a university subject to the control of the board of regents? | 05283.docx | LEGALEASE-00096660-LEGALEASE-00096661 |
| Frazier-Hampton v. Hesterly, 89 Ark. App. 211 | 200+6(1) | Public road does not have to be established by formal order of county court; instead, prescriptive right-of-way can be established by county working road for period in excess of seven years. | How can a public road be established? | 05290.docx | LEGALEASE-00096696-LEGALEASE-00096697 |
| State v. Gray, 292 N.C. 270 | 352H+69 | When deadly weapon is displayed in threatening manner in course of single transaction of forcible rape or sodomy, offense is aggravated rape or aggravated sodomy. V.A.M.S. SS 566.030, 566.060. | Will it become aggravated rape if the actor used a deadly weapon during the offense? | 042906.docx | LEGALEASE-00121435-LEGALEASE-00121436 |
| Brown v. Brown, 110 Me. 280 | 221+136 | Every state or nation possesses exclusive sovereignty and jurisdiction within its own territory. | Does every state or nation possesses exclusive sovereignty and jurisdiction within its own territory? | 019960.docx | LEGALEASE-00122840-LEGALEASE-00122841 |
| Jovic v. L-3 Servs., 69 F. Supp. 3d 750 | 221+387 | The act of state doctrine is an affirmative defense, on which the defendant carries the burden of proof. | Is the act of state doctrine an affirmative defense on which the defendant carries the burden of proof? | International Law - Memo # 139 - C - SA.docx | ROSS-003301455-ROSS-003301456 |
| Brinkmann v. Common Sch. Dist. No. 27 of Gasconade Cty., 238 S.W.2d 1 | 13+61 | A cause of action accrues at time when its owner may legally invoke aid of a proper tribunal to enforce his demand; when he has a present right to institute and maintain an action or suit. | Does a cause of action accrue at the time when its owner has a present right to institute and maintain an action or suit? | 006359.docx | LEGALEASE-00124297-LEGALEASE-00124298 |
| Honduras Aircraft Registry Ltd. v. Gov't of Honduras, 883 F. Supp. 685 | 221+342 | District court can only reach decision regarding whether to decline inquiry into validity of foreign sovereign's acts, under "act of state" doctrine, after considering international comity, respect for sovereignty of foreign nations on their own territory, and avoidance of embarrassment to the Executive Branch in its conduct of foreign affairs. | What are some of the reasons underlying the act of state doctrine? | 020869.docx | LEGALEASE-00124870-LEGALEASE-00124871 |
| City of Wichita v. Denton, 296 Kan. 244 | 307A+3 | The purpose of an order in limine is to assure a fair and impartial trial to all parties by excluding from trial inadmissible evidence, prejudicial statements, and improper questions. | Is a motion in limine used to provide an impartial trial? | 024342.docx | LEGALEASE-00125205-LEGALEASE-00125206 |
| Journal-Gazette Co. v. Bandido's, 712 N.E.2d 446 | 237+49 | Under the "fair index rule," if newspaper headline is a fair index of an accurate article, it is not actionable; if it is not a fair index, then the headline must be examined independently to determine whether it is actionable under general principles of libel. | When are headlines not actionable under the principles of libel? | 021106.docx | LEGALEASE-00125481-LEGALEASE-00125482 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rogers v. United States, 124 Fed. Cl. 757 | 34+2 | Military departments, like other federal agencies, are bound by their own regulations; even when Congress has given the military discretion in conducting its affairs, the military is bound to follow its own procedural regulations should it choose to promulgate them. | Is the military bound to follow its own procedural regulations? | 008786.docx | LEGALEASE-00126288-LEGALEASE-00126289 |
| Laidlaw Waste Sys. v. Bay Cities Servs., 43 Cal. App. 4th 630 | 1.41E+30 | Public schools of state are matter of statewide, rather than local or municipal, concern. | "Are public schools of a state a matter of statewide, rather than local or municipal, concern?" | Education - Memo # 35 - C - SU.docx | ROSS-003285995-ROSS-003285997 |
| United States v. Gundy, 842 F.3d 1156 | 67+2 | The generic, contemporary definition of burglary consists of these elements: (1) an unlawful or unprivileged entry into, or remaining in, (2) a building or other structure, (3) with intent to commit a crime therein. | What are the elements of burglary? | Burglary - Memo 8 - RK.docx | ROSS-003317045-ROSS-003317046 |
| Ex parte Diamond, 596 So. 2d 423 | 401+5.1 | "Subject matter" within meaning of venue statute for actions where real estate is subject matter refers to nature of cause of action and of relief sought. Code 1975, S 6-3-2. | Does subject matter refer to the nature of the cause of action and the nature of the relief sought? | 047468.docx | LEGALEASE-00128855-LEGALEASE-00128856 |
| Memphis & C. Ry. Co. v. Pace, 282 U.S. 241 | 200+121 | Construction and maintenance of serviceable roads is public purpose for which property may be taxed by state. | Is the construction and maintenance of serviceable roads a typical purpose for which property may be taxed by the state? | 018784.docx | LEGALEASE-00129049-LEGALEASE-00129050 |
| Second Nat. Bank of Paintsville v. Meek Appliance Co., 244 S.W.2d 769 | 172H+593 | Bank which paid check to payee despite receipt and acquiescence in stop-payment order from drawer was properly adjudged liable for net loss caused to drawer of check. KRS 287.405. | Is a bank liable for payment of a check after receiving a stop payment order? | 009385.docx | LEGALEASE-00129181-LEGALEASE-00129182 |
| State v. Perez, 147 Conn. App. 53 | 63+11 | In a bribery case involving a public servant, if direct evidence of the requisite intent is unavailable, it may be established by circumstantial evidence; the quid pro quo requirement is satisfied as long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor. C.G.S.A. S 53a-148(a). | Can the requisite corrupt intent in a bribery case be established by circumstantial evidence if direct evidence is unavailable? | 011095.docx | LEGALEASE-00130539-LEGALEASE-00130540 |
| Stegmaier v. Trammell, 597 F.2d 1027 | 79+6 | Even though, under the Alabama judicial scheme, deputy circuit clerk did not stand in a confidential relationship to a policy maker or to a policy-making process, deputy circuit clerk fell within the "confidential employee" exception to the general proscription of patronage dismissals where, under Alabama statutes, deputy clerks were empowered to conduct all business which the elected clerk was authorized to conduct and where the clerk was statutorily subject to civil liability and fines for failure to perform statutory duties, thus making it necessary for circuit clerk to select a deputy in whom he has total trust and confidence and from whom he can expect undivided loyalty. Code of Ala.1975, SS 12-17-93, 12-17-93(2), 12-17-94, 12-17-94(b). | Can a deputy circuit clerk who is in a confidential relationship to a policymaker be discharged solely upon the basis of political affiliation? | 013396.docx | LEGALEASE-00131229-LEGALEASE-00131230 |
| Nw. Fire Dist. v. U.S. Home of Arizona Const. Co., 213 Ariz. 489 | 371+2001 | Assessment imposed upon a broad class of parties is more likely to be a tax than an assessment imposed upon a narrow class. | Is an assessment imposed upon a broad class of parties more likely to be a tax than an assessment imposed upon a narrow class? | Taxation - Memo # 214 - C - KI.docx | ROSS-003288259-ROSS-003288260 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bank of New York Mellon v. Poker Run Acquisitions, 208 So. 3d 199 | 307A+517.1 | A voluntary dismissal divests the trial court of continuing jurisdiction over a case; however, where the parties, prior to dismissal, present a settlement agreement to the trial court for approval and the trial court enters an order of dismissal predicated on the parties' settlement agreement, the trial court retains jurisdiction to enforce the terms of the settlement agreement. West's F.S.A. RCP Rule 1.420(a). | Does a voluntary dismissal divest the trial court of continuing jurisdiction over a case? | Pretrial Procedure - Memo # 2486 - C - PC.docx | ROSS-003288273-ROSS-003288274 |
| Freeman v. Leader Nat. Ins. Co., 58 S.W.3d 590 | 307A+517.1 | After a case is dismissed, the trial court may take no further action, and any step attempted is a nullity. | "After a voluntary dismissal is filed, may the circuit court take no further steps as to the dismissed action, and any step attempted is viewed as a nullity?" | 027785.docx | LEGALEASE-00132264-LEGALEASE-00132265 |
| Jamison v. Lloyd, 51 Mich. App. 570 | 307A+749.1 | Pretrial summary issued by court after pretrial conference controlled subsequent course of litigation. GCR 1963, 301.3. | Does a pretrial summary issued by a court after a pretrial conference control a subsequent course of litigation? | 028112.docx | LEGALEASE-00132529-LEGALEASE-00132530 |
| Wheeler v. Del Duca, 151 A.D.3d 1005 | 386+10 | The essential elements of a cause of action sounding in trespass are the intentional entry into the land of another without justification or permission. | What are the elements of a cause of action sounding in trespass? | 047340.docx | LEGALEASE-00133436-LEGALEASE-00133437 |
| Paniagua v. Orange Cty. Fire Auth., 149 Cal. App. 4th 83 | 307A+517.1 | When an action is wilfully dismissed by the plaintiff against a sole defendant, it is as though no action had ever been filed. | "When an action is wilfully dismissed by the plaintiff against a sole defendant, is it as though no action had ever been filed? " | 028320.docx | LEGALEASE-00133702-LEGALEASE-00133703 |
| Arena v. Borough of Jamesburg, Middlesex Cty., 309 N.J. Super. 106 | 307A+517.1 | Voluntary dismissal without prejudice leaves situation as if action had never been filed. | Does a voluntary dismissal without prejudice leave the situation as if the action had never been filed? | 028326.docx | LEGALEASE-00133710-LEGALEASE-00133712 |
| Fisher v. Carolina Door Prod., 286 S.C. 5 | 83E+670 | Antedating of promissory note does not affect its negotiability, and time when antedated note is payable is determined by stated date if instrument is payable at fixed period after date. Code 1976, SS 36-1-201(31), 36-3-114. | Is a promissory note invalidated by the virtue of being antedated? | 010236.docx | LEGALEASE-00134726-LEGALEASE-00134727 |
| Merrick v. Britton, 26 Ark. 496 | 307A+723.1 | Where a party, for any good cause, is unprepared to go to trial, and fails by motion to postpone or continue, to show the fact to the court, at the proper time, he waives his want of preparation, and all right to afterwards object. | Should a party who is unprepared to go to trial move for a continuance at the proper time? | 030423.docx | LEGALEASE-00136160-LEGALEASE-00136161 |
| Wehe v. Montgomery, 711 F. Supp. 1035 | 308+99 | "Unauthorized signature" is one made without actual, implied or apparent authority, and any unauthorized signature is wholly inoperative unless principal certifies it or is precluded from denying it. | What is an unauthorized signature? | Principal and Agent - Memo 78 - KC.docx | ROSS-003290111-ROSS-003290112 |
| Shaffer v. Superior Court, 33 Cal. App. 4th 993 | 92+1229 | Limited protections accorded, in connection with discovery, for individual's privacy interests extend both to individual's personal and financial matters. West's Ann.Cal. Const. Art. 1 S 1; West's Ann.Cal.C.C.P. S 2017(a). | Do limited protections accorded for an individual's privacy interests extend both to an individual's personal and financial matters? | Pretrial Procedure - Memo # 4996 - C - VA.docx | ROSS-003288711-ROSS-003288712 |
| Citizens Nat. Bank v. Waltman, 344 So. 2d 725 | 8.30E+274 | Execution of a renewal note with full knowledge of the facts constituting defense to the original note waives such defense as to the renewal. | Does execution of a renewal note with full knowledge of the facts constituting a defense to the original note waive all defenses? | 010492.docx | LEGALEASE-00140960-LEGALEASE-00140961 |
| Blanchard v. Ashby Const. Co., 95 So. 2d 670 | 200+175 | A person who attempts to make a left turn or attempts to turn from a direct line on public highways must ascertain before turning that turn can be made safely. LSA-R.S. 32:235, subd. A, 32:236, subd. A. | How should a person making a left turn on a highway proceed? | 019023.docx | LEGALEASE-00141571-LEGALEASE-00141572 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lee v. Atl. Coast Line R. Co., 145 Fla. 618 | 371+2005 | Statutory taxing power is as potent to taxing districts as it is to the state, counties, municipalities, unless restrained by a paramount law. Const. art. 9, SS 1, 10, and S 6, as amended; art. 12, SS 10, 11, 17. | Is the statutory taxing power as potent to taxing districts as it is to the state? | 045536.docx | LEGALEASE-00141799-LEGALEASE-00141800 |
| United States v. Perdiz, 256 F. Supp. 805 | 63+3 | Arresting officers' failure to advise accused of his rights to counsel and to remain silent did not render accused immune from prosecution for attempt to bribe arresting officers after arrest. | Does arresting officers' failure to advise accused of his rights to counsel and to remain silent render accused immune from prosecution for attempt to bribe arresting officers after arrest? | 012048.docx | LEGALEASE-00141844-LEGALEASE-00141845 |
| Michael v. Matheis, 77 Mo. App. 556 | 307A+74 | Where a certificate to a deposition taken before a commissioner, under Rev.St.1889, S 4448, V.A.M.S. S 492.220, is authenticated by the private seal or scrawl of the commissioner, it is sufficient; he not being a public official and having no official seal. | "Where a certificate to a deposition taken before a commissioner is authenticated by the private seal or scrawl of the commissioner, is it sufficient?" | 032651.docx | LEGALEASE-00143307-LEGALEASE-00143308 |
| Com. v. Kelley, 444 Pa. Super. 377 | 352H+21(4) | Construing "sexual intercourse" according to the fair import of its terms, digital penetration cannot be considered intercourse within its ordinary meaning. 18 Pa.C.S.A. S 3101. | Can digital penetration be considered sexual intercourse? | 043070.docx | LEGALEASE-00143390-LEGALEASE-00143391 |
| Briceno v. State, 580 S.W.2d 842 | 211+1585 | The elements of offenses of indecency with a child and indecent exposure are identical except that indecency with a child requires defendant to know that a child is present, whereas indecent exposure requires that defendant is reckless as to presence of other person; proof of the higher degree of culpability, knowing, is proof of lower culpable mental state, reckless, and hence proof that a child is present necessarily would be proof of presence of a person, so that indecency with a child requires, in addition to proving all the elements of indecent exposure, a showing of higher culpable mental state and that the person is a child. V.T.C.A., Penal Code SS 21.08, 21.11(a)(2). | Are the elements of indecency with a child and indecent exposure identical? | 043115.docx | LEGALEASE-00143494-LEGALEASE-00143495 |
| Gordon v. Gatlin Commons Prop. Owners Ass'n, 199 So. 3d 1120 | 307A+746 | Trial court failed to analyze six Kozel factors when choosing dismissal as sanction for failure to comply with amended pre-trial order in plaintiff's personal injury action against property owners association, warranting remand; trial court found only that plaintiff failed to disclose her expert witness list, expert reports, expert opinion summaries, fact witnesses, and failure to appear at docket call, and then found that plaintiff's multiple violations of amended pre-trial order were willful or contumacious. | "Before a court may dismiss a cause as a sanction for counsel's noncompliance with court order, should it first consider six factors, and set forth explicit findings of fact in the order that imposes the sanction of dismissal?" | 034497.docx | LEGALEASE-00144033-LEGALEASE-00144034 |
| Katsoris v. WME IMG, 237 F. Supp. 3d 92 | 25T+182(1) | There is nothing irrevocable about an agreement to arbitrate, and under a variety of circumstances one party may waive or destroy by his conduct his right to insist upon arbitration. | Is there anything irrevocable about an agreement to arbitrate? | Alternative Dispute Resolution - Memo 783 - RK_58116.docx | ROSS-003293850-ROSS-003293852 |
| United States v. Murphy, 556 F. Supp. 2d 1232 | 3.77E+03 | A person may intimidate another without intentionally making a direct or even veiled threat. | Can you intimidate someone without actually making a direct or even veiled threat? | 047106.docx | LEGALEASE-00149629-LEGALEASE-00149630 |
| State v. Smith, 10 R.I. 258 | 18+4 | Under Rev.St. c. 829, S 4, providing for punishment of one selling adulterated milk, the seller of milk takes upon himself the risk of knowing that the article which he offers for sale is not adulterated, rendering it unnecessary to show a guilty intent or knowledge. | "In a prosecution for adulteration, is it the responsibility or the risk of the vendor or a seller to know about the articles he sells or deals with?" | 006564.doc | LEGALEASE-00149939-LEGALEASE-00149940 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Admiral Oriental Line v. United States, 86 F.2d 201 | 308+85 | An agent, compelled to defend a baseless suit, grounded on acts performed in his principal's business, may recover from principal expenses of his defense. | Can an Agent recover expenses of a suit? | 042040.docx | LEGALEASE-00152247-LEGALEASE-00152248 |
| Luna v. United Parcel Serv., 2003 WL 139592 | 307A+693.1 | Dismissal for want of prosecution does not preclude the filing of another suit; therefore, dismissing a case with prejudice for want of prosecution is improper. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does a dismissal for want of prosecution not preclude the filing of another suit? | 025080.docx | LEGALEASE-00156817-LEGALEASE-00156818 |
| Sykes v. State, 578 N.W.2d 807 | 3.77E+48 | Effect of a terroristic threat is not an essential element of the offense, but the victim's reaction to the threat is circumstantial evidence relevant to the element of intent. M.S.A. S 609.713, subd. 1. | Is the effect of a terroristic threat an essential element of the offense? | Threats - Memo #163 - C - LB_62718.docx | ROSS-003284116-ROSS-003284117 |
| Crist v. Ervin, 56 So. 3d 745 | 92+2317 | A statutory filing fee is not considered an unconstitutional tax repugnant to court access if the fee is used to fund the costs of the administration of justice. West's F.S.A. Const. Art. 1, S 21. | Is filing fee an unconstitutional tax? | Taxation - Memo # 1028 - C - JL_63305.docx | ROSS-003294273-ROSS-003294274 |
| Nat'l Bank of Hyde Park in Chicago v. Isaacs, 27 Ill. 2d 205 | 371+3661 | The retailers' occupation tax is levied on seller, and custom of passing on burden to buyer by means of price increase does not alter its nature, but it is the legal incidence of the tax that controls. S.H.A. ch. 120, S 441. | Is the Retailer's Occupation Tax a tax on the seller? | 046257.docx | LEGALEASE-00159887-LEGALEASE-00159888 |
| Newman v. Mayor of City of Newport, 73 R.I. 385 | 200+80 | The public acquires only an easement in legally established public highway, the fee in the soil remaining in owners of adjoining lands. | Does the public acquire an easement by the legal establishment of a public highway? | 018883.docx | LEGALEASE-00161815-LEGALEASE-00161816 |
| United States v. Lemons, 67 F. Supp. 985 | 8.30E+11 | The law of the state in which a check or negotiable instrument is executed determines the formality and essential validity thereof, and the incidents of the obligation of such instrument. | Which law determines the incidents of obligation of a check? | Bills and Notes - Memo 1360 - RK_66262.docx | ROSS-003322460-ROSS-003322461 |
| People v. Hamil, 20 Ill. App. 3d 901 | 352H+190 | Intent to commit rape may be inferred from conduct of accused, character of assault, acts done and time and place of occurrence, as well as from words spoken. S.H.A. ch. 38, S 8-4. | Can intent to commit rape be inferred from the defendants words? | 043131.docx | LEGALEASE-00164074-LEGALEASE-00164075 |
| Ex Parte Victorick, 453 S.W.3d 5 | 135H+56.1 | With respect to a jury trial, jeopardy attaches, for double jeopardy purposes, when the jury is empaneled and sworn, and for a bench trial, jeopardy attaches when the defendant pleads to the charging instrument. U.S. Const. Amend. 5. | Does a jeopardy attach when the defendant pleads to the charging instrument? | 016671.docx | LEGALEASE-00165151-LEGALEASE-00165152 |
| Burlington N. v. Flathead Cty., 176 Mont. 9 | 371+2016 | In order to have a validly authorized tax, there is no requirement that the Legislature use language "is hereby authorized to levy a tax." | "Is there any requirement that the Legislature use the language ""is hereby authorized to levy a tax"" in order to validly authorize a tax?" | 046593.docx | LEGALEASE-00166627-LEGALEASE-00166628 |
| Agio Indus. v. Delta Oil Co., 485 So. 2d 340 | 307A+583 | Dismissal for want of prosecution is within discretion and inherent power of trial court, but such harsh sanction should be used only in extreme circumstances. | Is the dismissal for want of prosecution within the discretion and the inherent power of trial court? | Pretrial Procedure - Memo 11793 - C - NC_65470.docx | ROSS-003279820-ROSS-003279821 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Willis v. Columbus Med. Ctr., 306 Ga. App. 331 | 25T+481 | After parents filed medical malpractice action on behalf of their son and case was referred to mediation, no written order was filed with the clerk within the statutory period, and thus, case was automatically dismissed as a matter of law, although parents' counsel was under the mistaken impression that the trial court's order had been filed by Office of Dispute Resolution; plain language of the mediation order and well-established case law placed duty squarely upon the parents and/or their counsel to ensure that the necessary actions had been taken in order to avoid dismissal. West's Ga.Code Ann. SS 9-2-60(b), 9-11-41(e). | Does an automatic dismissal due to a fact that no written order is taken for a period of five years result as a matter of law and the court has no discretion to order action reinstated? | Pretrial Procedure - Memo 11522 - C - NE_65337.docx | ROSS-003280831-ROSS-003280832 |
| State v. Nelson, 158 Wash. 2d 699 | 200+86 | Owner of fee in highway can use it only in way that is compatible with public travel thereon. | Can the owner of a fee in a highway use it only in a way that is compatible with the public travel thereon? | Highways - Memo 468 - RK_66368.docx | ROSS-003280839 |
| State v. Deines, 268 Kan. 432 | 200+158 | Where there is an obstruction across a public right-of-way which obstructs the travel of an individual, the obstruction is a nuisance per se and the affected individual may remove the obstruction by way of abatement. | Can an individual remove the obstruction by way of abatement? | Highways -Memo 427-PR_62043.docx | ROSS-003280864-ROSS-003280865 |
| Powers v. Sims & Levin, 542 F.2d 1216 | 172H+1561 | Under Truth in Lending Act, when rescission is attempted under circumstances which would deprive lender of its legal due, attempted rescission will not be judicially enforced unless it is so conditioned that lender will be assured of receiving its legal due. Truth in Lending Act, S 125(b), 15 U.S.C.A. S 1635(b). | Can attempted rescission be judicially enforced? | Consumer Credit - Memo 22 - IS_60039.docx | ROSS-003281099-ROSS-003281100 |
| United States v. Turner, 32 U.S. 132 | 181+5 | The making of a false instrument which is the subject of forgery with a fraudulent intent, although in the name of a nonexisting person, constitutes "forgery" as much as if it had been made in the name of a person known to exist and to whom credit was due. | Will a note be deemeda forgery if it is made with intent to defraud? | Bills and Notes - Memo 1006 - RK_61286.docx | ROSS-003281985-ROSS-003281987 |
| Howard v. Cty. of Amador, 220 Cal. App. 3d 962 | 233+531 | Distinguishing characteristics of a "leasehold estate" are that the lease gives the lessee exclusive possession of the premises against all the world, including the owner, and its term is limited to endure for a definite and ascertained period, however short or long the period may be. | Are leases characterized by the exclusive possession of premises they provide against the world? | Landlord and Tenant - Memo 81 - ANG.docx | ROSS-003283236-ROSS-003283237 |
| Vines v. Branch, 244 Va. 185 | 386+49 | One who commits trespass to chattel is liable to its rightful possessor for actual damages suffered by reason of loss of its use. | Will a trespasser to chattels be liable for actual damages? | Trespass - Memo - 125 - RK.docx | ROSS-003283834-ROSS-003283835 |
| Simitar Entm't v. Silva Entm't, 44 F. Supp. 2d 986 | 25T+113 | Federal Arbitration Act's proarbitration policy does not operate without regard to the intent of the contracting parties, for arbitration is a matter of consent, not of coercion. 9 U.S.C.A. S 1 et seq. | Does the pro-arbitration policy operate without the intent of the contracting parties? | Alternative Dispute Resolution - Memo 67-JS.docx | ROSS-003284066-ROSS-003284067 |
| Witt v. U.S. Dep't of Air Force, 444 F. Supp. 2d 1138 | 209+101 | Congress, directly or by delegation, has power to define who is an Indian for purposes of determining property rights. | Does the Congress has the power to define who is an Indian for purposes of determining property rights? | Indians - Memo 80 - BP.docx | ROSS-003284202-ROSS-003284203 |
| Doe v. Amherst Coll., 238 F. Supp. 3d 195 | 237+1 | The tort of defamation seeks to impose liability on a defendant for harm sustained by a plaintiff as a result of the publication of a false statement about the plaintiff to others. | When can liability for defamation be imposed on a defendant? | Libel and Slander- Memo 7 - RM.docx | ROSS-003284591-ROSS-003284592 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Walker v. McGuire, 2015 IL 117138 | 79+12 | Clerks of circuit courts did not fall within state constitutional provision prohibiting fee officers in judicial system, and, thus, provision of civil procedure code, which imposed $50 filing fee in residential mortgage foreclosure cases, two percent of which was retained by clerk for court in which complaint was filed, was not unconstitutional; clerks were officers of judicial branch of government, but they were non-judicial officers, and clerks performed no quasi-judicial functions. S.H.A. Const. Art. 6, S 14; S.H.A. 735 ILCS 5/15-1504.1. | Is a circuit clerk a non-judicial officer of the judicial branch of the government? | Clerks of Court - Memo 50 - RK.docx | ROSS-003285055-ROSS-003285056 |
| M.T. v. State, 2009 Ark. App. 761 | 129+107 | For purposes of disorderly conduct, a public inconvenience, annoyance, or alarm can occur due to an individual's conduct whether the individual and the people are on public or private property. West's A.C.A. S 5-71-207(a)(1). | Can public inconvenience occur due to an individual's conduct? | Disorder Conduct - Memo 16 - PR_64295.docx | ROSS-003285341-ROSS-003285342 |
| In re Patterson, 330 B.R. 631 | 51+2823 | Doctrine of equitable subrogation is not applicable in bankruptcy case, when to apply it would directly circumvent the result intended by Congress in enacting the Bankruptcy Code, as when preference defendant seeks to avoid results of having its lien avoided, for failing to perfect lien in timely fashion, by being subrogated to another lienholder's rights. 11 U.S.C.A. S 547(b). | Is equitable subrogation applicable in bankruptcy cases? | Subrogation - Memo 383 - VP C.docx | ROSS-003285365-ROSS-003285366 |
| Smith v. City of Chicago, 143 F. Supp. 3d 741 | 386+6 | Under Illinois law, an injury to or interference with possession, with or without physical force, constitutes a trespass to personal property. | Can trespass to personal property occur without physical force? | Trespass - Memo 123 - RK.docx | ROSS-003286315-ROSS-003286316 |
| Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | To prevent confusion and misunderstanding during trial, both the motion in limine and the resulting order should be in writing. | "To prevent confusion and misunderstanding during trial, should both the motion in limine and the resulting order be in writing?" | Pretrial Procedure - Memo # 70 - C - KA.docx | ROSS-003286381-ROSS-003286382 |
| Third & Catalina Assocs. v. City of Phoenix, 182 Ariz. 203 | 148+2.2 | Requiring money to be spent to comply with regulation is not unconstitutional taking of private property. U.S.C.A. Const.Amend. 5. | Is requiring money to be spent to comply with a regulation an unconstitutional taking of private property? | Eminent Domain - Memo 302 - GP.docx | ROSS-003286736-ROSS-003286737 |
| Mastercraft Wayside Furniture Co. v. Sightmaster Corp., 332 Mass. 383 | 30+6 | Ordinarily, question of correctness of a general finding or decision cannot be raised by an exception or claim of report, which lies only to questions of law. | Can the question of correctness of a general finding be raised by an exception or claim of report? | Appeal and error - Memo 46 - RK.docx | ROSS-003287269-ROSS-003287270 |
| Stiles v. City of Guthrie, 1895 OK 51 | 200+121 | Under Laws 1893, the board of county commissioners had no authority to levy a tax for road and bridge purposes unless first authorized by a majority vote of the people on a submission of the question at a general or special election. | Can a board of county commissioners levy taxes? | Highways -Memo 37 - RK.docx | ROSS-003287316-ROSS-003287319 |
| Sheely v. Pinion, 200 W. Va. 472 | 307A+746 | In formulating appropriate sanction for failure to comply with scheduling order, court shall be guided by equitable principles; court may consider seriousness of conduct, impact conduct had in case and in administration of justice, any mitigating circumstances, and whether conduct was isolated occurrence or was pattern of wrongdoing throughout case. Rules Civ.Proc., Rule 16(f). | "In formulating appropriate sanction, shall a court be guided by equitable principles? " | Pretrial Procedure - Memo # 6517 - C - NS.docx | ROSS-003288350-ROSS-003288351 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Westmoreland Coal Co. v. Fed. Mine Safety & Health Review Comm'n, 606 F.2d 417 | 260+92.5(2) | The purpose of Federal Coal Mine Health and Safety Act is to protect the safety of the miner and Act is to be interpreted liberally to effect that purpose. Federal Coal Mine Health and Safety Act of 1969, SS 2 et seq., 113(d)(1) as amended 30 U.S.C.A. SS 801 et seq., 823(d)(1). | Is the purpose of the Federal Coal Mine Health and Safety Act to protect the safety of the miner? | Mines and Minerals - Memo # 58 - C - CSS.docx | ROSS-003288385-ROSS-003288386 |
| Vill. of Fontana-On-Geneva Lake v. Hoag, 57 Wis. 2d 209 | 307A+747.1 | A proper record of the pretrial conference should be held and that record should include any stipulations that are agreed to by the parties. W.S.A. 269.65(2). | Should a proper record of the pretrial conference be held and that record should include any stipulations that are agreed to by the parties? | Pretrial Procedure - Memo # 1676 - C - BP.docx | ROSS-003289072-ROSS-003289073 |
| Sabino v. WOIO, 56 N.E.3d 368 | 237+1 | Defamation can be in the form of defamation per se or defamation per quod: "defamation per se" means that the defamation is accomplished by the very words spoken or written; "defamation per quod" is when a statement with an apparently innocent meaning becomes defamatory through interpretation or innuendo. | What is defamation per se and defamation per quod? | Libel and Slander- Memo 10 - RM.docx | ROSS-003289747-ROSS-003289748 |
| In re New Hampshire Youth Dev. Ctr., 152 N.H. 86 | 413+2 | Because the right to workers' compensation is statutory in its origin, injured workers' rights can be no greater than what the legislature has provided. | " Is the right to compensation statutory in origin, and can an injured workers rights be greater than what the legislature has provided?" | Workers Compensation - Memo #377 ANC.docx | ROSS-003289896-ROSS-003289897 |
| BITT Int'l Co. v. Fletcher, 259 Ga. App. 406 | 233+2155 | Stakes furnished by landlord for crops raised by tenant came within crop lien under Crop Lien Foreclosure Act by operation of law, though there was no agreement as to the use of the stakes in landlord's and tenant's written contract, where stakes were furnished for use in making the crop, were necessary to making the crop, and were used by tenant in making the crop. West's Ga.Code Ann. S 44-14-340(1). | What are some of the conditions that must be satisfied under the Crop Lien Foreclosure Act? | Agriculture - Memo 30 - SB.docx | ROSS-003289990-ROSS-003289991 |
| Pasco v. State, 563 N.E.2d 587 | 352H+21(1) | Evidence of slightest degree of penetration of female sex organ by male sex organ is sufficient to sustain rape conviction, and such penetration can be inferred from circumstantial evidence. | Can penetration be inferred from circumstantial evidence? | Sex Offence - Memo 84 - RK.docx | ROSS-003290097-ROSS-003290098 |
| McDaniel v. Plumbe, 3 Greene 331 | 307A+91 | A bill of discovery is subject to equity jurisdiction only, and cannot come up for correction of error at law. | Is a bill of discovery subject to equity jurisdiction only and cannot come up for a correction of error at law? | Pretrial Procedure - Memo # 4757 - C - TM.docx | ROSS-003291771-ROSS-003291772 |
| Admiral Oriental Line v. United States, 86 F.2d 201 | 308+85 | An agent, compelled to defend a baseless suit, grounded on acts performed in his principal's business, may recover from principal expenses of his defense. | Can an Agent recover expenses of a suit? | Principal and Agent - Memo 56 - KC_60263.docx | ROSS-003291875 |
| United States v. Madeoy, 912 F.2d 1486 | 63+13 | Whether individual is public official within meaning of bribery statute is question of law. 18 U.S.C.A. S 201(a)(1). | Is the question of whether someone is a public official within the meaning of the bribery statute a question of law or fact? | Bribery - Memo #675 - C - LB_57722.docx | ROSS-003291899-ROSS-003291901 |
| Neff v. Brady, 527 S.W.3d 511 | 302+228.14 | The purpose of special exceptions is to compel clarification of a pleading that fails to plead a cause of action or is not clear or sufficiently specific. | Is the purpose of special exceptions to compel clarification of a pleading? | Pleading - Memo 457 - RMM_58005.docx | ROSS-003293178-ROSS-003293179 |
| Stern v. First Nat. Bank of S. Miami, 275 So. 2d 58 | 307A+561.1 | A motion to dismiss may be based on an affirmative defense when grounds therefore appear on the face of a prior pleading. 30 F.S.A. Rules of Civil Procedure, rules 1.110(d), 1.140(b). | When a motion to dismiss is allowed based on an affirmative defense? | Pretrial Procedure - Memo 11152 - C - KG_64365.docx | ROSS-003293659 |
| State ex rel. Arn v. State Comm'n of Revenue & Taxation, 163 Kan. 240 | 200+99 | The construction and repair of public roads is a "governmental function" which may be exercised by the state or delegated to state or local agencies. | Is constructing and repairing the public roads and highways a governmental function? | Highways - Memo 454 - RK_66354.docx | ROSS-003295092-ROSS-003295093 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ready v. United/Goedecke Servs., 393 Ill. App. 3d 56 | 307A+3 | Court's ruling on evidentiary motions such as motions in limine are left to the court's discretion and will not be disturbed on appeal absent an abuse of that discretion. | "Are rulings on evidence motions, such as motions in limine, left undisturbed on review absent an abuse of discretion? " | Pretrial Procedure - Memo # 586 - C - SSB.docx | ROSS-003295577-ROSS-003295578 |
| Cady v. Bay City Land Co., 102 Or. 5 | 83E+431 | Since one who writes his name on the back of a negotiable instrument may enlarge or restrict his liability without destroying his character as an indorser, a writing by the payee on the back of a promissory note, "Notice of protest waived and payment guaranteed," passed title to his assignee; such guaranty of payment being equivalent to an indorsement, and the rights of the parties, in view of Or.L. S 7910, ORS 71.118, requiring protest only in case of foreign bills of exchange, not being affected by such waiver of notice. | "Are indorsements with waiver of notice, demand and protest capable of passing title?" | Bills and Notes-Memo 984-IS_58955.docx | ROSS-003295753-ROSS-003295754 |
| Frymire Eng'g Co. ex rel. Liberty Mut. Ins. Co. v. Jomar Int'l, Ltd., 259 S.W.3d 140 | 366+26 | Equitable subrogation applies in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | Does the doctrine of equitable subrogation most often arise in the context of insurance? | Subrogation - Memo 158 - ANG C.docx | ROSS-003295953-ROSS-003295954 |
| Lacey v. Vill. of Palatine, 379 Ill. App. 3d 62 | 307A+685 | The affirmative matter asserted by the defendant on a motion to dismiss based upon defects or defenses must be apparent on the face of the complaint; otherwise, the motion must be supported by affidavits or certain other evidentiary materials. S.H.A. 735 ILCS 5/2-619(a)(9). | Should the affirmative matter asserted by the defendant be apparent on the face of the complaint or supported by affidavits or certain other evidentiary materials? | Pretrial Procedure - Memo # 9848 - C - UG_61443.docx | ROSS-003296689-ROSS-003296690 |
| Beharry v. Reno, 183 F. Supp. 2d 584 | 221+109 | In general, customary international law has the same status as domestic legislation. Restatement (Third) of Foreign Relations Law S 701 comment. | Does customary international law have the same status as domestic legislation? | International Law - Memo 476 - TH.docx | ROSS-003297798-ROSS-003297799 |
| In re Houston, 409 B.R. 799 | 366+1 | Subrogation is allowed under South Carolina law only upon fact intensive inquiry and a balancing of equity. | Is subrogation allowed only upon fact intensive inquiry and a balancing of equity? | Subrogation - Memo # 405 - C - SA.docx | ROSS-003299438-ROSS-003299439 |
| Murphy v. Colorado Aviation, 41 Colo. App. 237 | 307A+749.1 | Trial court had broad discretion in allowing deviations from terms of pretrial orders. Rules of Civil Procedure, rule 16. | Does a trial court have broad discretion in allowing deviations from the terms of pretrial orders? | Pretrial Procedure - Memo # 2305 - C - NS.docx | ROSS-003300025-ROSS-003300026 |
| Serrano v. Priest, 5 Cal. 3d 584 | 1.41E+19 | The word "system" as used in constitutional direction to legislature to provide system of common schools means one system which shall be applicable to all common schools within state. West's Ann.Const. art. 9, S 5. | "What does the word ""system"" implies with respect to a system of common schools?" | Education - Memo # 98 - C - SU.docx | ROSS-003300756-ROSS-003300758 |
| Green v. Hill, 954 F.2d 694 | 413+1 | Federal Employees' Compensation Act covers liability created both by negligent and intentional acts on part of government. 5 U.S.C.A. SS 8102, 8116(c). | Does the employee's compensation act cover liability created both by negligent an intentional acts on the part of government? | Workers Compensation - Memo #107 ANC.docx | ROSS-003301324-ROSS-003301325 |
| In re Trampush, 552 B.R. 817 | 366+1 | Under Wisconsin law, the object of subrogation is to do substantial justice independent of form or contract relation between the parties. | Is the object of subrogation to do substantial justice independent of form or contract relation between the parties? | Subrogation - Memo # 536 - ANG C.docx | ROSS-003301462-ROSS-003301463 |
| Stone v. Mehlberg, 728 F. Supp. 1341 | 83E+524 | A mortgage which was not payable to order or bearer was not a negotiable instrument and thus assignees of the mortgagee were not protected by the UCC's holder in due course doctrine. U.C.C. S 3-101 et seq. | "Is mortgage a negotiable instrument, when it is not payable to the bearer? " | Bills and Notes-Memo 1154-PR_59644.docx | ROSS-003307820 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Caterpillar v. Usinor Industeel, 393 F. Supp. 2d 659 | 308+1 | Under Illinois law, test for agency is whether alleged principal has right to control manner in which work is carried out by alleged agent, and whether alleged agent can affect legal relationships of principal. | What is the test for agency? | Principal and Agent - Memo 526 - RK_63984.docx | ROSS-003308149-ROSS-003308150 |
| Fed. Land Bank of Baltimore v. Joynes, 179 Va. 394 | 366+1 | "Subrogation" is the substitution of another person in the place of the creditor to whose right he succeeds in relation to the debt, and the doctrine of subrogation is not dependent upon contract nor upon privity between the parties, but rather is the creature of equity and is founded upon principles of natural justice. | Is subrogation an equitable remedy which substitutes another person or entity in the place of the creditor whose claim was satisfied? | Subrogation - Memo 397 RM C.docx | ROSS-003308844-ROSS-003308846 |
| In re Commitment of Kelley, 2012 IL App (1st) 110240 | 307A+3 | A ruling on a motion in limine is a matter within the discretion of the trial court and will not be reversed absent an abuse of that discretion. | Is a ruling on a motion in limine reversed absent an abuse of that discretion? | Pretrial Procedure - Memo  # 574 - C - SSB.docx | ROSS-003311835-ROSS-003311836 |
| Gambino v. Standard Fire Ins. Co., 12-474 (La. App. 5 Cir. 2/21/13) | 307A+590.1 | A step by one party prevents abandonment of a suit for lack of prosecution as to all of the parties, even though they are not solidarily liable. LSA-C.C.P. art. 561. | Does a step by one party prevent abandonment of a suit for lack of prosecution as to all of the parties? | Pretrial Procedure - Memo # 7124 - C - CK_58018.docx | ROSS-003311860 |
| Weitz Co. v. Lexington Ins. Co., 982 F. Supp. 2d 975 | 366+1 | Under Iowa law, equitable subrogation will never be enforced when doing so would be inequitable, or where it would work injustice to others having equal equities. | Will equitable subrogation be enforced when it would work injustice to rights of those having equities? | Subrogation - Memo 294 - RM C.docx | ROSS-003312223-ROSS-003312224 |
| Nentwig v. United Indus., 256 Mont. 134 | 307A+750 | While pretrial order should be liberally construed to permit any issues at trial that are embraced within its language, theory or issue must be at least implicitly included in the pretrial order. | "Should a pretrial order be construed liberally, whilst the theory or issue tried is included, at least implicitly, in the pretrial order?" | Pretrial Procedure - Memo # 1665 - C - KG.docx | ROSS-003314823-ROSS-003314824 |
| Snyder v. Motorists Mut. Ins. Co., 2 Ohio App. 2d 19 | 221+138 | Sovereignty of nations bordering seas does not stop at shoreline but extends over and under the ocean for some distance. | Does the sovereignty of nations bordering seas stop at shoreline or does it extend over and under the ocean for some distance? | International Law - Memo # 257 - C - ANC.docx | ROSS-003315156-ROSS-003315158 |
| Todd W. Musburger, Ltd. v. Meier, 394 Ill. App. 3d 781 | 307A+3 | Motions in limine are designed to produce a trial without the introduction of prejudicial material. | Are motions in limine designed to produce a trial without the introduction of prejudicial material? | Pretrial Procedure - Memo  # 217 - C - CRB.docx | ROSS-003316049-ROSS-003316050 |
| Application of Kaul, 261 Kan. 755 | 371+2003 | Power to levy taxes is inherent in power to govern, but exercise of that power is dependent upon existence of legislation designating kinds of property to be taxed. | Is the power to levy taxes inherent in the power to govern? | Taxation - Memo # 724 - C - SJ.docx | ROSS-003317112-ROSS-003317113 |
| In re McCabe Grp., 424 B.R. 1 | 366+1 | Under Massachusetts law, equitable subrogation exists to prevent unwarranted windfalls, because duplicative recoveries are a result which the law has never looked upon with favor. | Does equitable subrogation exist to prevent unwarranted windfalls? | Subrogation - Memo 212 RM C.docx | ROSS-003324200-ROSS-003324201 |
| Gen. Motors Corp. v. Pamela Equities Corp., 146 F.3d 242 | 25T+119 | Parties may agree to the submission to arbitration of existing controversies without any previous contract to do so. | Can parties agree to arbitrate existing controversies without any previous contract to do so? | Alternative Dispute Resolution - Memo 344 - RK.docx | ROSS-003325030-ROSS-003325031 |
| Davidson v. Bugbee, 227 Mich. App. 264 | 13+61 | Cause of action accrues when all the elements of claim have occurred and can be alleged in proper complaint. | Does a cause of action accrue when all the elements of claim have occurred and can be alleged in proper complaint? | Action - Memo # 155 - C - CS.docx | ROSS-003325232-ROSS-003325233 |
| McCabe v. Braunstein, 439 B.R. 1 | 366+1 | "Equitable subrogation" occurs, under Massachusetts law, where one party, by virtue of its payment of another's obligation, steps into the shoes of the party who was owed the obligation for purposes of getting recompense for its payment. | When does equitable subrogation occur? | Subrogation - Memo 175 ANG C.docx | ROSS-003325521-ROSS-003325523 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Transamerica Ins. Co. v. Barnett Bank of Marion Cty., N.A., 524 So. 2d 439 | 366+35 | Remedy of equitable subrogation is customarily denied to party who could have protected himself but who had been negligent in doing so. | Is a remedy of equitable subrogation customarily denied to a party who could have protected himself but who had been negligent in doing so ? | Subrogation - Memo # 1059 - C - NS.docx | ROSS-003325762-ROSS-003325763 |
| Weeden v. City of Beloit, 22 Wis. 2d 414 | 307A+552 | Power to dismiss groundless, vexatious, and harassing litigations is inherent in courts, and vexatious action will be dismissed where it is clear that there is no meritorious cause of action. | Can a vexatious action be dismissed where it is clear that there is no meritorious cause of action? | Pretrial Procedure - Memo # 7249 - C - KG.docx | ROSS-003329107-ROSS-003329108 |
| Mujica v. Occidental Petroleum Corp., 381 F. Supp. 2d 1164 | 221+387 | Party asserting applicability of act of state doctrine bears burden of proof. | Does the party asserting applicability of act of state doctrine bear the burden of proof? | International Law - Memo # 199 - C - MLS.docx | ROSS-003329277-ROSS-003329278 |
| Allen v. State ex rel. Ernest N. Morial--New Orleans Exhibition Hall Auth., 814 So. 2d 644 | 200+194 | State has duty to exercise reasonable care in maintenance of highways to prevent defective and dangerous conditions from injuring travellers, and if highways are in dangerously defective condition and State has notice of condition, State is negligent if it does not notify or warn public of condition. | Does the state have a duty to exercise reasonable care in the maintenance and care of its highways? | Highways -Memo 126 - KC.docx | ROSS-003329530 |
| Roth v. First Nat. State Bank of New Jersey, 169 N.J. Super. 280 | 172H+1697 | There is a generally recognized obligation of confidentiality in respect of a depositor's financial relationship with a bank. | Is there a recognized obligation of confidentiality in respect of a depositor's financial relationship with a bank? | 000106.docx | LEGALEASE-00115391-LEGALEASE-00115393 |
| Montgomery v. Keppel, 75 Cal. 128 | 277+1 | Having readily accessible means of acquiring knowledge of a fact, which he might have ascertained by inquiry, is equivalent to notice and knowledge of it. | Is readily accessible means of knowledge the equivalent to notice? | Notice - Memo 13 - VP.doc | ROSS-003287298-ROSS-003287299 |
| Gilling v. E. Airlines, 680 F. Supp. 169 | 25T+111 | Purpose of arbitration programs are to provide parties with quick and inexpensive means of resolving their disputes while, at the same time, reducing court's case load, and explicit in arbitration program is need for parties to participate in good faith, so that failure to do so warrants appropriate sanctions by court. | Does arbitration help the courts in reducing the workload? | Alternative Dispute Resolution - Memo 30 - JS.docx | LEGALEASE-00000349-LEGALEASE-00000351 |
| Erving v. Virginia Squires Basketball Club, 468 F.2d 1064 | 25T+110 | Where federal law is applicable, it should be implemented in such way as to make arbitration effective and not to erect technical and unsubstantial barriers. 9 U.S.C.A. S 1 et seq. | How can federal law be implemented to make arbitration effective? | Alternative Dispute Resolution - Memo 8 - JS.docx | ROSS-003284154-ROSS-003284156 |
| People v. Maldonado, 119 A.D.3d 610 | 181+1 | There can be a forgery only if the actor is not the ostensible maker or drawer of the instrument and is not authorized by that person to either make, complete or alter the instrument. | "To constitute forgery, is it necessary that the actual maker or drawer be someone other than the ostensible maker or drawer of the instrument?" | Forgery - Memo 11 - RM.docx | LEGALEASE-00000482-LEGALEASE-00000484 |
| Frierson v. Watson, 371 S.C. 60 | 277+12 | Notice of a deed is notice of its entire contents, and notice of whatever matters one would have learned upon the inquiry that the instrument made it one's duty to pursue. | What does a notice of a deed provide under law? | 003839.docx | LEGALEASE-00115801-LEGALEASE-00115802 |
| Hardy v. Smith, 148 So. 3d 64 | 20+11 | An essential element of adverse possession relates to the claimant's intent to assert dominion and control over the disputed property. | Is the element of intention essential to prove adverse possession? | 003861.docx | LEGALEASE-00115853-LEGALEASE-00115854 |
| State v. Peterson, 153 Idaho 157 | 181+10 | Alteration of figures in upper right-hand corner of check designating amount payable did not materially change the obligation of the maker where the amount expressed in words remained unchanged. F.S.A. S 674.19(1). | Does alteration of the figures on a negotiable instrument constitute forgery? | Forgery - Memo 25 - AKA.docx | ROSS-003284314-ROSS-003284316 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Flamingo 55, 378 B.R. 893 | 309+6 | Under California law, a surety is the same as a guarantor, and a "surety" or "guarantor" is one who promises to answer for the debt, default, or miscarriage of another, or hypothecates property as security therefor. West's Ann.Cal.Civ.Code S 2787. | How is a surety similar to a guarantor? | 003953.docx | LEGALEASE-00115886-LEGALEASE-00115887 |
| Unified Sch. Dist. No. 500, Wyandotte Cty. v. Turk, 219 Kan. 655 | 277+12 | Where there is a statutory provision for constructive notice, it has the same effect as actual notice and binds equally, regardless of whether actual information thereof came to the party to be charged. K.S.A. 26-503, 26-505, 26-506. | Does constructive notice have the same effect as actual notice? | 003963.docx | LEGALEASE-00115968-LEGALEASE-00115969 |
| Adamovic v. METME Corp., 961 F.2d 652 | 25T+113 | Federal policy favoring arbitration does not give courts license to compel arbitration absent agreement to do so. | Does Federal policy favoring arbitration give courts license to compel arbitration? | Alternative Dispute Resolution - Memo 88 - JS.docx | LEGALEASE-00000986-LEGALEASE-00000987 |
| Farnsworth v. Towboat Nantucket Sound, 790 F.3d 90 | 25T+114 | Under the Federal Arbitration Act (FAA), courts must treat arbitration agreements in the same way as other contracts and enforce them according to their terms. 9 U.S.C.A. S 1 et seq. | What is the fundamental principal of Federal Arbitration Act (FAA)? | Alternative Dispute Resolution - Memo 50 - JS.docx | ROSS-003283557-ROSS-003283558 |
| In re Marriage of McTiernan & Dubrow, 133 Cal. App. 4th 1090 | 315+36 | Personal property may be incorporeal, i.e., without tangible substance, and it may be intangible in the sense that it is a right rather than a physical object. West's Ann.Cal.Civ.Code S 663. | Can personal property be incorporeal? | Property - Memo 1 - ANG.docx | ROSS-003297186-ROSS-003297187 |
| Simmons Foods v. H. Mahmood J. Al-Bunnia & Sons Co., 634 F.3d 466 | 25T+112 | Order to arbitrate grievance should not be denied unless it may be said with positive assurance that arbitration clause is not susceptible of interpretation that covers asserted dispute; however, party who has not agreed to arbitrate dispute cannot be forced to do so. 9 U.S.C.A. SS 1-16. | When is a dispute submitted to arbitration? | 003737.docx | LEGALEASE-00116100-LEGALEASE-00116101 |
| Barclaysamerican Corp. v. Kane, 746 F.2d 653 | 170A+1604(1) | Party seeking to assert attorney-client privilege or a work product doctrine as a bar to discovery has burden of establishing that either or both is applicable. | Who has the burden of demonstrating that the privilege is applicable? | 07120.docx | LEGALEASE-00089146-LEGALEASE-00089147 |
| Catlin (Syndicate 2003) at Lloyd's v. San Juan Towing & Marine Services, 946 F. Supp. 2d 256 | 16+10(4) | Floating drydock was maritime interest, and thus insurance dispute involving drydock fell within scope of federal district court's admiralty jurisdiction, even though drydock was not fully operational structure, and policy covered incidental non-maritime elements, where drydock was designed, constructed, and used to provide marine maintenance and repair services to vessels, and policy covered "all risks of docking, undocking, or moving in harbour and going on or off gridiron or graving docks," provided for loss or damage directly caused by "(a)ccidents in going on or off, or while on drydocks, graving docks, ways, gridirons or pontoons," provided protection in event that insured "come(s) into collision with any other vessel, craft or structure, floating or otherwise," protected insured from liability "for physical loss of or damage to watercraft and their equipment, cargo and other interests on board," and covered tools and equipment "used in the operation of (insured)'s business," which policy identified as "(v)essel (r)epair (and) (m)arine (s)alvage." 28 U.S.C.A. S 1333(1). | When does an insurance policy come within the admiralty jurisdiction? | 004054.docx | LEGALEASE-00116132-LEGALEASE-00116134 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Consolidation Coal Company v. Benefits Review Board, 629 F.3d 322 | 413+262 | LHWCA "status requirement" is that covered "employee" must be person engaged in "maritime employment," which expressly includes specified occupations but is not limited to those callings. Longshore and Harbor Workers' Compensation Act, S 2(3), 33 U.S.C.A. S 902(3). | Does the Longshore and Harbor Workers' Compensation Act apply to ship repairmen? | Admiralty Law - Memo 27 - JS.docx | LEGALEASE-00001499-LEGALEASE-00001500 |
| International Sea Food Ltd. v. M/V Campeche, 566 F.2d 482 | 228+830.1 | United States district court had subject matter jurisdiction in admiralty to enforce a foreign maritime decree which awarded damages to plaintiff on claim for maritime collision in suit brought against the four original defendants and the defendants' United States maritime insurer which allegedly issued a policy in effect at time of collision and which provided coverage for the foreign judgment. Supplemental Rules for Certain Admiralty and Maritime Claims, rule B, 28 U.S.C.A. | Can a court of admiralty enforce a decree of a foreign admiralty? | Admiralty Law - Memo 28 - JS.docx | LEGALEASE-00001501-LEGALEASE-00001502 |
| Etokie v. Carmax Auto Superstores, 133 F. Supp. 2d 390 | 25T+111 | If costs under an arbitration agreement would prevent or deter prospective litigants from filing their claims and vindicating their statutory rights, the arbitration agreement is unenforceable under the Federal Arbitration Act (FAA). 9 U.S.C.A. S 1 et seq. | When can an arbitration agreement be unenforceable? | Alternative Dispute Resolution - Memo 43 - JS.docx | ROSS-003282798-ROSS-003282800 |
| Goldfarb v. Reicher, 112 N.J.L. 413 | 38+5 | Absent statute to the contrary, nothing is assignable at law or in equity that does not directly or indirectly involve a right to property. | "What does the general doctrine of assignability state with respect to a right of property, directly or indirectly, both at law and in equity?" | Assignments - Memo 37 - JS.docx | LEGALEASE-00001582-LEGALEASE-00001584 |
| United States v. Viloski, 814 F.3d 104 | 180+63(1) | Under the Eighth Amendment, a forfeiture is unconstitutionally excessive if it is grossly disproportional to the gravity of a defendant's offense. U.S.C.A. Const.Amend. 8. | Does a punitive forfeiture violate the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense under the Eighth Amendment? | 004727.docx | LEGALEASE-00116420-LEGALEASE-00116422 |
| United States v. Ferro, 681 F.3d 1105 | 174+1.3 | "Fine," for purposes of the Eighth Amendment's Excessive Fines Clause, refers to a payment to a sovereign as punishment for some offense. U.S.C.A. Const.Amend. 8. | What does fine for the purposes of the Eighth Amendment's Excessive Fines Clause refer to? | Fines - Memo 6 - RK.docx | ROSS-003288549-ROSS-003288551 |
| Merryman v. State, 391 S.W.3d 261 | 146+4 | The agreement required by statute prohibiting misapplication of fiduciary property need not be a written contract, but may be only an understanding or arrangement as to a particular course of action. V.T.C.A., Penal Code S 32.45(a)(2)(A). | Does the agreement under which a fiduciary holds property or money be a written contract? | 004313.docx | LEGALEASE-00116551-LEGALEASE-00116552 |
| State v. Morris, 156 N.C. App. 335 | 146+5 | Fraudulent intent required for embezzlement is defined as intent to willfully and corruptly use or misapply another's property for purposes other than that for which it was held; such intent may be shown by direct evidence, or by evidence of facts and circumstances from which it may reasonably be inferred. West's N.C.G.S.A. S 14-74. | What is the fraudulent intent required for embezzlement? | 004317.docx | LEGALEASE-00116676-LEGALEASE-00116677 |
| Chesapeake & O. Ry. Co. v. Greenup Cty., Ky., 175 F.2d 169 | 148+55 | The power of eminent domain is so inherently governmental in character, and so essential for the public welfare, as not to be susceptible of abridgement by agreement. | What is the inherent character of the power of eminent domain? | Eminent Domain - Memo 5 - AKA.doc | ROSS-003282559-ROSS-003282561 |
| 401 Public Safety v. Ray, 80 N.E.3d 895 | 237+1 | To establish a claim of defamation, a plaintiff must prove the existence of a communication with defamatory imputation, malice, publication, and damages. | How does a plaintiff establish a claim of defamation? | 004423.docx | LEGALEASE-00116647-LEGALEASE-00116648 |
| Freeman v. Grain Processing Corp., 895 N.W.2d 105 | 279+4 | To constitute a nuisance, there must be a degree of danger likely to result in damage inherent in the thing itself, beyond that arising from a mere failure to exercise ordinary care. | Are nuisance and negligence distinguishable? | 004438.docx | LEGALEASE-00116640-LEGALEASE-00116641 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cont'l Ins. Co. v. Washeon Corp., 524 F. Supp. 34 | 50+5 | To establish a bailment, there must be delivery and acceptance of bailed property for specific purpose in accordance with express or implied contract been bailor and bailee, delivery to bailee must be complete, and for period of the bailment, bailee must have exclusive right to possession of bailed property, even as against the owner. | What is required to establish a bailment? | Bailment - Memo 6 - JS.docx | ROSS-003295190-ROSS-003295191 |
| Nat. Res. Def. Council v. U.S. E.P.A., 279 F.3d 1180 | 1.49E+17 | Like other agencies, when issuing permits under the Administrative Procedure Act (APA), the Environmental Protection Agency (EPA) must provide notice sufficient to fairly apprise interested persons of the subjects and issues before the agency. 5 U.S.C.A. S 553(b, c). | What is sufficient notice that the EPA is required to provide? | 004563.docx | LEGALEASE-00116536-LEGALEASE-00116537 |
| Wheeling-Pittsburgh Steel Corp. v. Dep't of Envtl. Prot., 979 A.2d 931 | 149E+678 | As an agency responsible for enforcing and implementing environmental statutes and regulations, Department of Environmental Protection (DEP) is in the best position to interpret its own regulations, and its interpretation is accorded deference and given controlling weight unless it is clearly erroneous. | Is the Department of Environmental Protection (DEP) empowered with the authority to interpret and enforce environmental laws? | Environmental Law - Memo 46 - AKA.doc | ROSS-003284572-ROSS-003284573 |
| Ex parte N.M., 132 So. 3d 1088 | 401+1.5 | The question of proper venue for an action is determined at the commencement of the action; if venue is not proper at the commencement of the action, then, upon motion of the defendant, the action must be transferred to a court where venue would be proper. | When is the proper venue for an action determined? | Venue - Memo 18 - RK.docx | ROSS-003315822-ROSS-003315823 |
| Wheeling-Pittsburgh Steel Corp. v. Dep't of Envtl. Prot., 979 A.2d 931 | 149E+678 | As an agency responsible for enforcing and implementing environmental statutes and regulations, Department of Environmental Protection (DEP) is in the best position to interpret its own regulations, and its interpretation is accorded deference and given controlling weight unless it is clearly erroneous. | Is the Department of Environmental Protection (DEP) empowered with the authority to interpret and enforce environmental laws? | Environmental Law - Memo 46 - AKA.doc | LEGALEASE-00002692-LEGALEASE-00002693 |
| Allemania Fire Ins. Co. of Pittsburgh v. Keller Diamond Corp., 101 N.Y.S.2d 9 | 50+11 | Bailee's promise to return the thing bailed except in a specified event adds to the liability of bailee implied by law and makes bailee liable for failure to return caused by some other event. | What is a bailees promise under bailment law? | Bailment - Memo 17 - ANG.docx | LEGALEASE-00002761-LEGALEASE-00002762 |
| Isik Jewelry v. Mars Media, 418 F. Supp. 2d 112 | 50+1 | The element of lawful possession, however created, and duty to account for personal property as the property of another creates a bailment, regardless of whether such possession is based on contract in the ordinary sense. | Is a formal agreement required for a bailment? | Bailment - Memo 20 - ANG.docx | ROSS-003284541-ROSS-003284543 |
| White River Estates v. Hiltbruner, 134 Wash. 2d 761 | 379+115 | When person acts "unreasonably" in light of circumstances, such action is similar to negligence, not intentional tort. | Does a persons unreasonable act in light of the circumstances result in an intentional tort? | 004812.docx | LEGALEASE-00116857-LEGALEASE-00116858 |
| Perez v. Cumba, 138 Conn. App. 351 | 302+1 | Pleadings are intended to limit the issues to be decided at the trial of a case and are calculated to prevent surprise. | Are pleadings intended to limit the issues to be decided at the trial of a case? | 004826.docx | LEGALEASE-00116772-LEGALEASE-00116773 |
| Ampco Auto Parks v. Williams, 517 S.W.2d 401 | 50+14(1) | In bailment for mutual benefit of bailor and bailee, bailee owes bailor duty of ordinary care and safekeeping subject matter of the bailment. | Does a bailment impose a duty of ordinary care upon the bailee? | Bailment  - Memo 40 - RK.docx | ROSS-003327665-ROSS-003327666 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| U. S. Fire Ins. Co. v. Paramount Fur Serv., 168 Ohio St. 431 | 50+12 | A compensated bailee owes to his bailor a duty to exercise ordinary care to protect the bailed property, but a constructive bailee like any other uncompensated bailee, does not ordinarily owe the owner the duty to exercise ordinary care and, therefore, is not liable to owner for mere negligence in protecting the property. | Does a compensated bailee owe any kind of duty to his bailor? | Bailment  - Memo 43 - RK.docx | ROSS-003326508-ROSS-003326509 |
| Fireman's Fund Ins. Co. v. Wagner Fur, 760 F. Supp. 1101 | 50+16 | Any unauthorized delivery of bailed property by bailee, even delivery to wrong person resulting from bailee's good-faith mistake, constitutes "conversion." | Does the unauthorized delivery of property by the bailee to the wrong person constitute conversion? | 004962.docx | LEGALEASE-00116980-LEGALEASE-00116982 |
| State v. Weaver, 160 N.C. App. 613 | 146+9 | In embezzlement context, although defendant's possession of the entrusted property may be actual or constructive, even constructive possession of property requires an intent and capability to maintain control and dominion over it. West's N.C.G.S.A. S 14-90. | What kind of possession required to establish prima facie case of an offence of embezzlement? | Embezzlement  - Memo 29 - RK.docx | LEGALEASE-00002969-LEGALEASE-00002970 |
| Sokol Holdings v. BMB Munai, 542 F.3d 354 | 25T+112 | While obligation to arbitrate depends on consent, such consent need not always be expressed in formal contract made with the party demanding arbitration. | Should consent to arbitrate be expressed in a formal contract? | 005199.docx | LEGALEASE-00116851-LEGALEASE-00116853 |
| Adamovic v. METME Corp., 961 F.2d 652 | 25T+113 | Federal policy favoring arbitration does not give courts license to compel arbitration absent agreement to do so. | Does Federal policy favoring arbitration give courts license to compel arbitration? | Alternative Dispute Resolution - Memo 109 - JS.docx | ROSS-003296724-ROSS-003296725 |
| In re Involuntary Dissolution of Battle Creek State Bank, 254 Neb. 120 | 172H+202 | Banking corporations are quasi-public institutions in the sense that whole stream of commerce, whether interstate or intrastate, largely depends upon their existence. | "What is the nature of a banking corporation, under the law?" | 005271.docx | LEGALEASE-00116914-LEGALEASE-00116915 |
| Kyung Sup Ahn v. Rooney, Pace Inc., 624 F. Supp. 368 | 25T+112 | Whether party has or has not agreed to arbitrate is determined on basis of ordinary contract principles. | Is it determined based on ordinary contract principles whether parties have agreed to arbitrate? | Alternative Dispute Resolution - Memo 125 - JS.docx | ROSS-003283060-ROSS-003283062 |
| Cent. Illinois Light Co. v. Illinois Pollution Control Bd., 17 Ill. App. 3d 699 | 1.49E+19 | Decision of the Pollution Control Board must be based on record, and material findings of fact must be supported by evidence. S.H.A. ch. 1111/212, S 1001 et seq. | Should the Pollution Control Board base its decision on the information and facts present on the record in a case? | 005041.docx | LEGALEASE-00117226-LEGALEASE-00117227 |
| State v. Flores, 2015 WL 5038535 | 207+2 | Aggravated incest statute was not unconstitutionally vague on ground that it punished acts made criminal elsewhere in Criminal Code and granted prosecutorial discretion in choosing among various offenses in charging defendant; aggravated incest statute most closely described defendant's conduct, and public policy of protecting juvenile family members from adult relatives outweighed any unfairness caused by increased penalty. LSA-R.S. 14:4, 14:78.1; LSA-Const. Art. 5, S 26; LSA-C.Cr.P. art. 61. | Are aggravated incest statutes unconstitutionally vague? | 000459.docx | LEGALEASE-00117428-LEGALEASE-00117429 |
| Willison v. Watkins, 28 U.S. 43 | 233+650 | The principle of estoppel applies to the relation between landlord and tenant and operates in its full force to prevent tenant from violating contract whereby he obtained and holds possession. | Is a tenant estopped from questioning his landlords title? | 000485.docx | LEGALEASE-00117309-LEGALEASE-00117310 |
| J.C. Penney Co. v. Giant Eagle, 813 F. Supp. 360 | 233+501 | Pennsylvania follows modern view which treats landlord-tenant relations in light of principles of contract law, as opposed to property law. | Are Landlord  Tenant relations interpreted according to principles of contract law? | Landlord and Tenant - Memo 16 - RK.docx | LEGALEASE-00003809-LEGALEASE-00003810 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Reade v. Reva Holding Corp., 30 A.D.3d 229 | 386+40(4) | Allegations that contractor hired by landlord to add a second story to building failed to properly cover and seal exploratory holes that it opened in the roof, which allegedly resulted in leaks into tenant's store and, on at least two occasions, allegedly caused water pipes to freeze and burst, stated claim that landlord and contractor committed a trespass upon the demised premises by causing water and debris to be deposited therein, without any right to do so. | Can trespass be caused by causing a foreign substance to enter onto another's property? | 000752.docx | LEGALEASE-00117448-LEGALEASE-00117449 |
| Primerica Life Ins. Co. v. Brown, 304 F.3d 469 | 25T+139 | Federal Arbitration Act (FAA) expresses strong national policy favoring arbitration of disputes, and all doubts concerning arbitrability of claims should be resolved in favor of arbitration. 9 U.S.C.A. S 1 et seq. | How do courts resolve claims when there are doubts concerning arbitrability? | 004917.docx | LEGALEASE-00117385-LEGALEASE-00117386 |
| Ashley v. State, 527 S.W.2d 302 | 350H+1251 | Sentence to be served, either actually confined, or on probation or parole, has no effect on time at which conviction becomes final for purposes of enhancement of punishment in subsequent case. V.T.C.A., Penal Code S 12.42(d). | Does the sentence to be served have any effect on the finality of the conviction? | 004975.docx | LEGALEASE-00117303-LEGALEASE-00117304 |
| Dep't of Welfare v. Brock, 306 Ky. 243 | 98+21 | The old common-law rule depriving felons of civil rights has been relaxed and felons may now own, inherit and transmit property, sue and be sued, and have most of the rights accorded other persons. | "Can a felon hold, inherit and dispose of property?" | 004984.docx | LEGALEASE-00117316-LEGALEASE-00117317 |
| People v. Sales, 116 Cal. App. 4th 741 | 164T+26 | The elements of the crime of attempted extortion are (1) a specific intent to commit extortion and (2) a direct ineffectual act done towards its commission. West's Ann.Cal.Penal Code S 524. | Is extortion a specific intent crime? | 005048.docx | LEGALEASE-00117389-LEGALEASE-00117390 |
| GP Credit Co. v. Orlando Residence, Ltd., 349 F.3d 976 | 315+22 | In general, intangible personal property is "located" in its owner's domicile, although there are exceptions, such as where the documents of title are in a state that is not the owner's domicile. | What is the general rule regarding the location of intangible personal property? | Property - Memo 20 - JS.docx | ROSS-003310904-ROSS-003310905 |
| Reade v. Reva Holding Corp., 30 A.D.3d 229 | 386+40(4) | Allegations that contractor hired by landlord to add a second story to building failed to properly cover and seal exploratory holes that it opened in the roof, which allegedly resulted in leaks into tenant's store and, on at least two occasions, allegedly caused water pipes to freeze and burst, stated claim that landlord and contractor committed a trespass upon the demised premises by causing water and debris to be deposited therein, without any right to do so. | Can trespass be caused by causing a foreign substance to enter onto another's property? | Trespass - Memo 47 - RK.docx | LEGALEASE-00004002-LEGALEASE-00004003 |
| GP Credit Co. v. Orlando Residence, Ltd., 349 F.3d 976 | 315+22 | In general, intangible personal property is "located" in its owner's domicile, although there are exceptions, such as where the documents of title are in a state that is not the owner's domicile. | What is the general rule regarding the location of intangible personal property? | Property - Memo 20 - JS.docx | LEGALEASE-00004083-LEGALEASE-00004084 |
| Henry v. Halliburton, 690 S.W.2d 775 | 237+48(1) | "Fair comment" doctrine gives newspaper right fairly and honestly to comment upon matter of public interest, which is qualified privilege at common law in defamation actions. | Does the doctrine of fair comment extend to public interest? | 000539.docx | LEGALEASE-00117455-LEGALEASE-00117457 |
| Foretich v. Advance Magazine Publishers, 765 F. Supp. 1099 | 237+33 | Defamation may be "per quod defamation," arising by innuendo from published words in combination with known extrinsic facts, or "per se defamation," appearing on the face of the publication. | Can defamation action occur from innuendos? | 000557.docx | LEGALEASE-00117464-LEGALEASE-00117465 |
| Commil USA v. Cisco Sys., 135 S. Ct. 1920 | 386+2 | A trespass can be committed despite the actor's mistaken belief that she has a legal right to enter the property. Restatement (Second) of Torts S 164. | Does a persons mistaken belief that they have a legal right to enter the property negate a charge of trespass? | 000738.docx | LEGALEASE-00117562-LEGALEASE-00117563 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Green v. State Civil Serv. Comm'n, 90 Ohio St. 252 | 316P+81 | Civil service law, authorizing civil service commission to provide rules as to civil service, are not a delegation of powers to enact laws in violation of Const. art. 1, S 18. | Does authorizing a Civil Service Commission to provide rules to the civil service constitute a delegation of legislative power? | Administrative Law - Memo 55 - RK.docx | LEGALEASE-00004357-LEGALEASE-00004358 |
| State v. Nelson, 158 Wash. 2d 699 | 92+4356 | Because a driver's license is a property interest protected by the due process clauses of the United States and Washington Constitutions, before a driver's license may be revoked, the government must provide the licensee with notice and opportunity for hearing appropriate to the nature of the case. U.S.C.A. Const.Amend. 14. | Are the due process rights of notice and hearing required in an administrative proceeding? | Administrative Law - Memo 58 - RK.docx | LEGALEASE-00004364-LEGALEASE-00004366 |
| In re Edwards, 537 B.R. 797 | 315+370 | Under Texas law, when a claim of adverse possession is made against a co-owner, the party seeking title by adverse possession must prove an ouster of the co-tenant not in possession or repudiation of the co-tenancy relationship. | Must an ouster by a tenant be proved? | Landlord and Tenant - Memo 33 - TH.docx | ROSS-003285671-ROSS-003285673 |
| Salisbury v. Smith, 115 A.D.2d 840 | 48A+20 | Certificate of title is not conclusive on issue of ownership of vehicle, but rather is prima facie evidence of ownership, and presumption of ownership arising from certificate is subject to rebuttal. | Can a certificate of title be prima facie evidence of vehicle ownership? | 000687.docx | LEGALEASE-00117594-LEGALEASE-00117595 |
| Green v. State Civil Serv. Comm'n, 90 Ohio St. 252 | 316P+81 | Civil service law, authorizing civil service commission to provide rules as to civil service, are not a delegation of powers to enact laws in violation of Const. art. 1, S 18. | Does authorizing a Civil Service Commission to provide rules to the civil service constitute a delegation of legislative power? | 000351.docx | LEGALEASE-00117706-LEGALEASE-00117707 |
| Grant v. Detroit Ass'n of Women's Clubs, 443 Mich. 596 | 233+513 | Caretaker allowed to occupy apartment in building in return for his services established existence of landlord-tenant relationship, to extent required to defeat summary judgment in favor of building owner which had terminated his employment and locked him out; apartment had been provided in consideration of caretaker's labor, possession and control of apartment had been transferred to caretaker who occupied it exclusive of owner, length of tenancy was agreed upon, occupancy was independent of relationship in that caretaker did not have to live on premises, occupancy was not treated as marginal consequence of employment, and public policy against lockouts of tenant was furthered by finding of landlord and tenant relationship. M.C.L.A. S 600.2918. | Are migrants living in labor camps considered tenants? | Landlord and Tenant - Memo 28 - TH.docx | LEGALEASE-00004595-LEGALEASE-00004596 |
| Dick v. State, 107 Md. 11 | 110+2197 | The jury in a criminal case are judges of the law as well as the facts, and an error by the state's attorney in a prosecution of an attorney for embezzlement, under Code Pub.Gen.Laws, art. 27, S 103, prohibiting embezzlement by an agent, in telling the jury that whether defendant was an agent within the meaning of such section was something with which they had nothing to do, was not cured by a statement of the court that it was true that they jury were the judges of the law as well as the facts; that the court had decided in passing on the admissibility of testimony that an attorney was an agent within the statute, but that the jury was not compelled to accept the court's opinion, and had a perfect right to disagree with the court. | Is an attorney at law an agent within the statute of embezzlement? | 000396.docx | LEGALEASE-00117843-LEGALEASE-00117845 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nelson v. State Acc. Ins. Fund, 43 Or. App. 155 | 207+1 | Statute proscribing incest and statute proscribing rape of a child are not addressed to same subject matter, and incest is not more specific criminalization of conduct covered by rape of a child, notwithstanding fact that same conduct will in some instances violate both statutes. V.T.C.A., Penal Code SS 21.09, 25.02. | Is incest a more specific criminalization of conduct covered by rape of a child? | Incest - Memo 9 - TH.docx | ROSS-003298221-ROSS-003298222 |
| Ikomoni v. Exec. Asset Mgmt., 309 Ga. App. 81 | 233+1745 | The exclusive method whereby a landlord may evict a tenant is through a properly instituted statutory dispossessory action. West's Ga.Code Ann. S 44-7-50 et seq. | What is the exclusive method available to a landlord to evict a tenant? | Landlord and Tenant - Memo 34 - TH.docx | ROSS-003284675-ROSS-003284676 |
| Brown & Williamson Tobacco Corp. v. Jacobson, 713 F.2d 262 | 237+116 | In general, damages remedies in defamation cases can include compensatory damages which may be either general or special, punitive or exemplary damages, and nominal damages. | What damage remedies available in defamation cases? | 000580.docx | LEGALEASE-00117922-LEGALEASE-00117923 |
| Camacho v. Honda Motor Co., 741 P.2d 1240 | 313A+208 | Under "crashworthiness" doctrine, manufacturer of motor vehicle need not make vehicle absolutely safe, but need only provide some measure of reasonable, cost-effective safety in the foreseeable use of its product. | Is a manufacturer required under law to make a vehicle absolutely safe? | 000653.docx | LEGALEASE-00117909-LEGALEASE-00117910 |
| State v. Connecticut Employees Union Indep., 322 Conn. 713 | 25T+312 | Given the narrow scope of the public policy limitation on arbitral authority, the trial court's order vacating the arbitrator's award should be upheld only if the plaintiff demonstrates that the award clearly violated an established public policy mandate. | Can a trial court vacate the arbitration award on the grounds of public policy? | Labor and Employment - Memo 3 - VP.docx | LEGALEASE-00004770-LEGALEASE-00004771 |
| State ex rel. Yeagley v. Harden, 68 Ohio St. 3d 136 | 302+2 | Civil rules regarding pleadings do not apply to special statutory proceedings to extent that they would by their nature be clearly inapplicable. Rules Civ.Proc., Rule 1(C)(7). | Do Civil Rules apply to special statutory proceedings? | Pleading - Memo 24 - ANG.docx | ROSS-003285196-ROSS-003285197 |
| Chicago, R.I. & P.R. Co. v. Linwood Stone Prod. Co., 258 Iowa 1378 | 302+4 | Designation given a pleading is not of vital importance; its character is to be determined largely by its allegations and legal effect, not solely from name given it. | Is the character of a pleading determined by its allegations? | 000870.docx | LEGALEASE-00117944-LEGALEASE-00117945 |
| Burt v. Beautiful Savior Lutheran Church of Broomfield, 809 P.2d 1064 | 386+10 | "Trespass" is physical intrusion upon property of another without permission of person lawfully entitled to possession of real estate, and liability requires only intent to do act that itself constitutes or inevitably causes intrusion, without reference to nature or immediacy of harm or whether intrusion was caused by negligent act. | Does liability for trespass requires only an intent to do the act that itself constitutes the intrusion? | 000884.docx | LEGALEASE-00117946-LEGALEASE-00117947 |
| Opalinski v. Robert Half Int'l Inc., 761 F.3d 326 | 25T+200 | Because parties frequently disagree whether a particular dispute is arbitrable, courts play a limited threshold role in determining whether the parties have submitted a particular dispute to arbitration, in other words the question of arbitrability. 9 U.S.C.A. S 1 et seq. | Can an arbitrator decide an issue if the parties have not authorized him to do so? | Alternative Dispute Resolution - Memo 152 - RK.docx | ROSS-003287114-ROSS-003287115 |
| China Auto Care v. China Auto Care (Caymans), 859 F. Supp. 2d 582 | 25T+138 | Federal public policy strongly favors arbitration as an alternative means of dispute resolution, and this policy requires the court to construe arbitration clauses as broadly as possible. 9 U.S.C.A. S 2. | How broadly do the courts construe arbitration clauses under current federal policy? | 001009.docx | LEGALEASE-00118009-LEGALEASE-00118011 |
| State v. Nelson, 158 Wash. 2d 699 | 203+505 | Elements of "homicide by arson" are: occurrence of a fire which causes death of a person; opportunity on part of accused to set fire; and an incendiary fire, which was ignited by accused. | What are the elements of homicide by arson? | 001072.docx | LEGALEASE-00118072-LEGALEASE-00118073 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Standard, 232 Or. 333 | 203+839 | To state crime of involuntary manslaughter in doing of lawful act, indictment must set forth in detail acts or omissions which were performed without due caution or circumspection, pleaded as in civil actions for negligence. ORS 163.040. | Can a crime be committed by an otherwise lawful act performed without due caution? | 001080.docx | LEGALEASE-00118080-LEGALEASE-00118081 |
| D.R. Horton v. N.L.R.B., 737 F.3d 344 | 25T+210 | When considering whether contrary congressional command is present, courts must remember that questions of arbitrability must be addressed with healthy regard for federal policy favoring arbitration; party opposing arbitration bears burden of showing whether congressional command exists, and any doubts are resolved in favor of arbitration. 9 U.S.C.A. S 1 et seq. | What burden is placed upon the party who opposes arbitration? | Alternative Dispute Resolution - Memo 169 - RK.docx | ROSS-003289226-ROSS-003289227 |
| Price v. Vattes, 161 S.W.3d 397 | 289+501 | Court never presumes that a partnership exists and the burden is upon the party asserting its existence to establish all elements of a partnership by clear, cogent, and convincing evidence. | Who has the burden of proving the existence of a partnership? | Partnership - Memo 18 - JS.docx | ROSS-003295139-ROSS-003295140 |
| Southex Exhibitions v. Rhode Island Builders Ass'n., 279 F.3d 94 | 289+421 | Partnership is a notoriously imprecise term, whose definition is especially elusive in practice, and since a partnership can be created absent any written formalities whatsoever, its existence vel non normally must be assessed under a "totality-of-the-circumstances" test. | Does the totality of the circumstances test govern partnership formation? | 000619.docx | LEGALEASE-00118286-LEGALEASE-00118287 |
| Newman v. Corbman, 47 F.Supp. 1021 | 289+426(1) | The mere fact of joint ownership does not establish a "partnership" nor is the sharing of net profits conclusive of such relationship. | Does a joint ownership or sharing of profits alone establish a partnership? | 000625.docx | LEGALEASE-00118280-LEGALEASE-00118281 |
| Holiday Inns v. Pollution Control Bd., 27 Ill. App. 3d 704 | 149E+663 | Issue of whether pollution control board's denial of requested variance from compliance with effluent standards for one year was arbitrary and caused an unreasonable hardship was moot where time period for which variance was requested or could have been granted had expired since no proceedings were ever brought to impose a fine or penalty for violation of any rule or regulation. S.H.A. ch. 1111/212, SS1001 et seq., 1030-1036, 1036(b), 1042-1045. | Can the Pollution Control Board impose penalties as a condition to granting variance? | 05356.docx | LEGALEASE-00080803-LEGALEASE-00080804 |
| Forrest v. Durnell, 86 Tex. 647 | 233+720 | The relation of landlord and tenant does not exist unless there be a reversionary interest in the former; and out of this arises the distinction between assignments of leases and under-leases. If a lessee parts with his whole term in all the rented premises, no reversionary interest remains in him and a person taking through him is an assignee liable to payment to the landlord as the original lessee contracted to pay. If he rents parts of it to different persons for the entire term, such persons to the extent of their several holdings are also assignees and in so far liable to the lessor, just as was the original lessee. | Is the relationship between a landlord and a tenant created by the existence of a reversionary interest in the property? | 000951.docx | LEGALEASE-00118190-LEGALEASE-00118192 |
| Sw. Elec. Power Co. v. Certain Underwriters at Lloyds of London, 772 F.3d 384 | 221+292 | The Federal Arbitration Act (FAA) governs appellate review of arbitration orders, including those arising under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards. 9 U.S.C.A. SS 16, 208. | Does the Federal Arbitration Act govern appellate review of arbitration orders? | 001176.docx | LEGALEASE-00118416-LEGALEASE-00118417 |
| Franklin v. State ex rel. Alabama State Milk Control Bd., 232 Ala. 637 | 92+1111 | Right of citizen to enjoyment of, and exercise of dominion over, property is not absolute, but is subject to regulation by state when required by public interest. | Are the property rights of citizens absolute? | 001253.docx | LEGALEASE-00118326-LEGALEASE-00118327 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Monteleone v. Airey, 57 So.2d 257 | 289+411 | A partnership and a corporation are two different and distinct legal entities and the rights and obligations of a partner are not similar to the rights and obligations of a stockholder in a corporation. | Are corporations and partnerships two different entities? | 022311.docx | LEGALEASE-00118165-LEGALEASE-00118166 |
| Matthews v. Malkus, 377 F. Supp. 2d 350 | 386+1 | Under New York law, requisite elements for claim of trespass are: (1) intentional entry by defendants onto plaintiff's land, and (2) wrongful use without justification or consent. | What are the elements of a trespass claim? | Trespass - Memo 27 - RK.docx | LEGALEASE-00005920-LEGALEASE-00005921 |
| Sisk v. State, 260 So. 2d 485 | 146+29 | Indictment charging defendant with embezzlement of tractor parts was subject to demurrer where the ownership of the property taken was not shown, the property taken was not described in language sufficiently definite so as to identify it, and the value of the various parts was not alleged. Code 1942, SS 2123, 2538. | Is it necessary that the indictment charging embezzlement describe the property taken? | 001234.docx | LEGALEASE-00118581-LEGALEASE-00118582 |
| Hogoboom v. State, 120 Neb. 525 | 146+29 | Value of property constitutes essential element of information charging embezzlement. Comp.St.1922, S 10154, and S 9629, as amended by Laws 1923, c. 95. | Does value of property constitute an essential element of information charging embezzlement? | Embezzlement - Memo 57 - JS.docx | LEGALEASE-00005985-LEGALEASE-00005987 |
| Woods v. Com., 2003 WL 1389108 | 207+4 | Victim was under 12 years old when sexual abuse charges occurred, which was only relevant time element necessary to support convictions for sexual abuse and incest, thus, that victim's date of birth was never established and that jury instructions for sexual offenses contained erroneous dates would not support directed verdict; date of act of incest was not necessary element of offense and it was sufficient that Commonwealth proved offense was committed prior to rendition of indictment. KRS 510.110(1)(b)(2). | Is the date of the offense a specific element of aggravated incest? | 001477.docx | LEGALEASE-00118655-LEGALEASE-00118656 |
| JS & H Const. Co. v. Richmond Cty. Hosp. Auth., 473 F.2d 212 | 25T+113 | Courts are bound to take notice of expressed policy of Congress favoring arbitration before litigation. 9 U.S.C.A. SS 1-14. | Are the courts bound to take notice of the federal policy in favor of arbitration? | 001677.docx | LEGALEASE-00118721-LEGALEASE-00118722 |
| State v. Posenjak, 127 Wash. App. 41 | 209+119 | Only the tribe that signed the treaty, or the signatory tribe, can exercise treaty rights; individual Indians do not have any treaty rights, even if they are descendents of the signors of the treaty, because a treaty is a contract between sovereigns, not individuals. | Who may exercise treaty rights under Indian treaties? | 001790.docx | LEGALEASE-00118794-LEGALEASE-00118795 |
| Rohrs v. Rohrs, 17 A.D.3d 659 | 249+34 | To recover damages for malicious prosecution, plaintiff must establish that underlying criminal action was terminated in his or her favor. | When does a cause of action to recover damages for malicious prosecution arise? | 001834.docx | LEGALEASE-00118813-LEGALEASE-00118814 |
| Colbert v. City of Chicago, 851 F.3d 649 | 249+3 | Under Illinois law, plaintiff may not maintain malicious-prosecution claim against arresting officer without first showing some postarrest action that influenced prosecutor's decision to indict. | When will an officer be held liable for malicious prosecution? | 001838.docx | LEGALEASE-00118688-LEGALEASE-00118689 |
| Sherman v. Boston, 486 S.W.3d 88 | 46H+86 | Legal entities, such as a corporation or a limited liability company, generally may appear in a district or county court only through a licensed attorney. | Does a corporation or a partnership need to be represented by a licensed attorney? | 001854.docx | LEGALEASE-00118779-LEGALEASE-00118780 |
| Malawey v. Malawey, 137 S.W.3d 518 | 76D+127 | Joint legal custody is appropriate only where parents display the willingness and ability to share the rights and responsibilities of raising their children. V.A.M.S. S 452.375, subd. 1(2). | When is joint legal custody appropriate? | Child Custody - Memo 9 - ANG.docx | ROSS-003302169-ROSS-003302170 |
| Stueve Bros. Farms v. United States, 737 F.3d 750 | 148+2.1 | Government's delay in acquiring property, even when it ultimately intends to acquire property, is normally not enough to constitute taking. U.S.C.A. Const.Amend. 5. | Does the governments delay in acquiring a property constitute a taking? | Eminent Domain -Memo 68-VP.docx | ROSS-003282804-ROSS-003282805 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| St. Christopher Assocs. v. United States, 511 F.3d 1376 | 148+2.33 | Generally, takings claims do not arise under a government contract because the government is acting in its proprietary rather than its sovereign capacity, and because remedies are provided by the contract. U.S.C.A. Const.Amend. 5. | Under what capacity does the government act when it initiates a taking? | 001544.docx | LEGALEASE-00119006-LEGALEASE-00119007 |
| People v. Catlin, 26 Cal. 4th 81 | 203+566 | As long as the jury finds in murder prosecution that without the criminal act the death would not have occurred when it did, it need not determine which of the concurrent causes was the principal or primary cause of death, but only whether the criminal act was a substantial factor contributing to the result, even if victim's preexisting physical condition was also a substantial factor causing death. | Can a victims preexisting physical condition destroy defendants responsibility for a death? | Homicide - Memo 41 - TH.docx | LEGALEASE-00006843-LEGALEASE-00006844 |
| Oneida Indian Nation of New York v. New York, 194 F. Supp. 2d 104 | 209+174 | Accord and satisfaction, unclean hands, and waiver were not defenses to claim that requirement of Nonintercourse Act of federal approval of Indian land transactions was not satisfied; allowing such state law-based defenses in Indian land claim action would have contravened established policy pertaining to Indians' ability to enforce their property rights, and would have contradicted federal policy regarding requirements under Nonintercourse Act. 25 U.S.C.A. S 177. | Will Indian land transactions be unlawful under the Nonintercourse Act unless approved by the United States? | Indians - Memo 25 - TH.doc | ROSS-003283348-ROSS-003283350 |
| Madera Production Co. v. Atlantic Richfield Co., 107 S.W.3d 652 | 13+16 | The true nature of any lawsuit depends upon the facts alleged in the petition, the rights asserted, and the relief sought, not the terms used to describe the cause of action. | What determines the nature of a suit? | 001872.docx | LEGALEASE-00118883-LEGALEASE-00118884 |
| Meadows v. Blake, 36 So.3d 1225 | 302+34(1) | A court must look to the content of the pleading to determine the nature of the action; substance is considered over form, and the label is not controlling. | Is the nature or character of a pleading determined from its content? | Pleading - Memo 43 - TH.docx | ROSS-003287658-ROSS-003287660 |
| Tarulli v. Circuit City Stores, 333 F. Supp. 2d 151 | 25T+114 | The Federal Arbitration Act (FAA) covers arbitration provisions that are contained in employment contracts and arbitration agreements. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act (FAA) cover arbitration provisions contained in employment contracts? | Alternative Dispute Resolution - Memo 243 - RK.docx | ROSS-003284465-ROSS-003284467 |
| Hatfield v. Green, 840 So.2d 759 | 289+453 | Absent an express agreement, the chief criterion in determining the existence of a partnership is the parties' intent and this intent may be inferred from the parties' actions and conduct. West's A.M.C. S 79-12-11. | Can the existence of a partnership be determined absent an express partnership agreement? | 002310.docx | LEGALEASE-00119166-LEGALEASE-00119167 |
| Hayes v. State, 341 S.W.3d 293 | 401+2 | A civil rights claim is typically a transitory action in terms of evaluating venue; a transitory cause of action may become local when a statute prescribes a particular county in which they must be brought. | When do transitory actions become local? | Venue - Memo 55-ANG.docx | ROSS-003284223-ROSS-003284224 |
| Pennsylvania Elec. Co. v. Morrison, 354 Pa. 472 | 145+3 | The sections of Electric Cooperative Corporation Act, exempting corporations organized thereunder from Public Utility Commission's jurisdiction and control and providing that other laws of commonwealth shall not apply to such corporations, render filing of certificate of public convenience, obtained from Public Utility Commission, by proposed electric cooperative corporation unnecessary before issuance of certificate of incorporation to it. 14 P.S. SS 282, 288; 46 P.S. S 552(1). | Is a cooperative incorporated under Electric Cooperative Corporation Act a public utility? | 002202.docx | LEGALEASE-00119338-LEGALEASE-00119339 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Lung, 70 Wash. 2d 365 | 203+511 | Corpus delicti in homicide case requires fact of death and causal connection between death and criminal agents, but establishment of corpus delicti does not require proof of causal relation between death and accused. | Can corpus delicti be established by circumstantial evidence? | 002240.docx | LEGALEASE-00119296-LEGALEASE-00119297 |
| Howard v. Commonwealth, 484 S.W.3d 295 | 207+5 | In the context of the statute criminalizing incest between a stepparent and stepchild, "stepchild" refers to the son or daughter of one's spouse by a former partner at any age. Ky. Rev. Stat. Ann. S 530.020(1). | Is sexual intercourse considered incest between step-father and a step-child who has reached the age of majority? | 002257.docx | LEGALEASE-00119248-LEGALEASE-00119249 |
| State v. Clevenger, 69 Wash. 2d 136 | 207+4 | "Corpus delicti of incest" consists of an act of sexual intercourse between male and female persons within prohibited degrees of relationship to each other. | What is the corpus delicti of incest? | Incest - Memo 44 - JS.docx | ROSS-003299664-ROSS-003299665 |
| Crab Boat Owners Ass'n v. Hartford Ins. Co. of the Midwest, 325 F.Supp.2d 1057 | 386+2 | Under California law, pleading of intentional trespass will not restrict jury to finding liability only on showing of intentional conduct; showing of negligence can also prove liability. | Can a showing of negligence prove liability for trespass? | Trespass - Memo 57 - JS.docx | ROSS-003309844-ROSS-003309845 |
| Millers Mut. Ins. Ass'n of Illinois v. Graham Oil Co., 282 Ill. App. 3d 129 | 386+10 | One may be liable in trespass for causing thing or third person to enter land of another either through negligent act or intentional act. | Can a showing of negligence prove liability for trespass? | 002318.docx | LEGALEASE-00119172-LEGALEASE-00119173 |
| Murray v. Neth, 279 Neb. 947 | 15A+1107 | As a general rule, administrative agencies have no general judicial powers, even though they may perform some quasi-judicial duties. | Do administrative agencies have general judicial powers? | Administrative Law - Memo 165 - RK.docx | ROSS-003312143-ROSS-003312145 |
| Hahn v. Neth, 270 Neb. 164 | 15A+1107 | As a general rule, administrative agencies have no general judicial powers, even though they may perform some quasi-judicial duties. | Do administrative agencies have general judicial powers? | 002346.docx | LEGALEASE-00119423-LEGALEASE-00119424 |
| Minnesota Ctr. for Envtl. Advocacy v. Metro. Council, 587 N.W.2d 838 | 73+1 | "Certiorari" is an extraordinary remedy only available to review judicial or quasi-judicial proceedings and actions; conversely, it is not available to review legislative or administrative actions. | Is certiorari available when the acts sought to be reviewed are of legislative or administrative character? | Administrative Law - Memo 173 - RK.docx | ROSS-003297461-ROSS-003297462 |
| Coos Cty. Sheep Co. v. United States, 331 F.2d 456 | 145+9(1) | Under Oregon law, rights acquired under an easement for an electric power transmission line granting right to remove trees and make clearings necessary was right to remove trees and make such clearing as might have been necessary for erection of the line, and right to trim overhanging branches of trees which interfered with the wires if such trimming was reasonably necessary to ensure safe operation of the line. | Can company supplying electricity trim branches of trees interfering with wires if necessary for safety and enjoyment of franchise privileges? | Electricity - Memo 11 - JS.docx | LEGALEASE-00007757-LEGALEASE-00007758 |
| In re Miller, 114 F. 838 | 8.30E+41 | Under Nevada law, casino marker is type of check, drawn on customer's bank account designated in the instrument, and is subject to legal regime governing checks. | Is a casino marker a check? | 002054.docx | LEGALEASE-00119450-LEGALEASE-00119451 |
| HS Tejas, Ltd. v. City of Houston, 462 S.W.3d 552 | 148+2.1 | In at least some circumstances courts may consider federal and state takings claims together, as the analysis for both is complementary. | Is the analysis for federal and state takings complementary? | Eminent Domain - Memo 83 - RK.docx | ROSS-003298651-ROSS-003298652 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Greer v. Nat'l Grid, 89 A.D.3d 1059 | 249+26 | In action, inter alia, to recover damages for malicious prosecution, allegation that criminal prosecution would not have been initiated against plaintiff had defendant properly trained and supervised its employees failed to state cognizable claim, since action arose from same facts as first cause of action alleging malicious prosecution, allegations of negligence did not support malicious prosecution cause of action, and cause of action to recover damages for negligent prosecution was not recognized in New York. | Does negligent prosecution supports malicious prosecution? | 05265.docx | LEGALEASE-00082102-LEGALEASE-00082103 |
| Rehoboth Mall Ltd. P'ship v. NPC Int'l, 953 A.2d 702 | 233+590 | Delaware courts do not give any particular significance to the use of the words "renew" or "extend," in deciding whether a new lease has been created; rather, applying traditional contract principles, Delaware courts determine the intent of the parties from the language of the lease. | Do the courts apply traditional contract principles while interpreting lease provisions? | 001950.docx | LEGALEASE-00119690-LEGALEASE-00119691 |
| Metro. Dist. v. Hous. Auth. of City of Hartford, 12 Conn. App. 499 | 317A+101 | Metropolitan district, as a municipal corporation rendering utility services in the form of sewer services, was a "municipal utility," within meaning of utility receivership statute. C.G.S.A. S 16-262f. | Is a municipal corporation rendering utility services in the form of sewer services a municipal utility? | 001979.docx | LEGALEASE-00119676-LEGALEASE-00119677 |
| Commonwealth v. Butterick, 100 Mass. 12 | 8.30E+66 | An order for the payment of money drawn by a person on himself, payable to his own order, and by himself accepted and indorsed, may be treated as a bill of exchange. | "Is a bill drawn by a person, payable to his own order, a bill of exchange?" | 00762.docx | LEGALEASE-00081580-LEGALEASE-00081582 |
| Lim v. Offshore Specialty Fabricators, 404 F.3d 898 | 25T+116 | Foreign arbitration clauses are deemed a subset of foreign forum selection clauses in general; therefore, analysis of foreign forum selection clauses can be extended to foreign arbitration clauses. | Do courts consider foreign arbitration clauses as a subset of foreign forum selection clauses? | 05243.docx | LEGALEASE-00082108-LEGALEASE-00082110 |
| Lynn v. Allied Corp., 41 Ohio App. 3d 392 | 253+1076(3) | Derivative cause of action for loss of consortium cannot provide greater relief than relief permitted for primary cause of action. | May a derivative cause of action provide greater relief than that available under a primary cause of action? | Action - Memo 32 - ANG.docx | ROSS-003297914-ROSS-003297915 |
| Simpson v. Estate of Simpson, 922 So. 2d 1027 | 162+243 | The term "independent action" in statute requiring a claimant against an estate to "bring an independent action upon the claim" if an objection to the claim is filed requires the filing of a separate action upon a claim against the estate; this requirement allows pleadings and responses sufficient to set the issues before the court prior to hearing. West's F.S.A. S 733.705(4, 5). | Do independent action requires the filing of a separate action upon a claim against an estate? | Action - Memo 43 - RM.docx | ROSS-003298314-ROSS-003298315 |
| Feigenbaum v. Guaracini, 402 N.J. Super. 7 | 366+38 | The doctrine of equitable subrogation should not be imposed where its enforcement would be inconsistent with the terms of a contract or when the contract, either expressly or by implication, forbids its application. | When may equitable subrogation be imposed? | 05267.docx | LEGALEASE-00082085-LEGALEASE-00082086 |
| Sun Valley Fin. Servs. of Phoenix v. Guzman, 212 Ariz. 495 | 366+1 | Application of the doctrine of equitable subrogation depends upon the particular facts and circumstances of each case, and subrogation can only be granted when an equitable result will be reached. | What does the application of subrogation depend upon? | Subrogation - Memo 12 - VP.docx | ROSS-003301698-ROSS-003301699 |
| Hunt v. N. Carolina Logistics, 193 F. Supp. 3d 1253 | 217+3512 | New Mexico law recognizes that the doctrine of subrogation allows an insurer who has fully compensated the insured to step into the shoes of the insured and collect what it has paid from the wrongdoer. | What does subrogation allow? | 002549.docx | LEGALEASE-00119988-LEGALEASE-00119989 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Allstate Ins. Co. v. Palumbo, 109 Conn. App. 731 | 366+1 | Although subrogation is a highly favored doctrine which courts should be inclined to extend rather than restrict, there is no general rule to determine whether a right of subrogation exists. | What does ordering subrogation depend on? | 002592.docx | LEGALEASE-00120079-LEGALEASE-00120080 |
| In re Farris, 229 Or. 209 | 46H+942 | No attorney should be appointed as prosecutor in disbarment proceeding if he was counsel for client interested in case. | Can an attorney be appointed as prosecutor in a disbarment proceeding if he was counsel for a client interested in the disbarment case? | Administrative Law - Memo 176 - RK.docx | ROSS-003297494 |
| Thomson-CSF, S.A. v. Am. Arbitration Ass'n, 64 F.3d 773 | 25T+141 | Traditional principles of agency law may bind nonsignatory to arbitration agreement. | Do the traditional principles of agency law bind a nonsignatory to an arbitration agreement? | 002644.docx | LEGALEASE-00120022-LEGALEASE-00120023 |
| Mecum v. Weilert Custom Homes, 239 F. Supp. 3d 1093 | 170B+3053 | Whether a binding arbitration agreement exists is determined under the principles of state contract law. | Which principles of law are utilized to determine the existence of a binding arbitration agreement? | 002665.docx | LEGALEASE-00120068-LEGALEASE-00120070 |
| Bahoor v. Varonis Sys., 152 F. Supp. 3d 1091 | 170B+3053 | Whether a binding arbitration agreement exists is determined under the principles of state contract law. | Which principles of law are utilized to determine the existence of a binding arbitration agreement? | Alternative Dispute Resolution - Memo 300 - RK.docx | LEGALEASE-00008911-LEGALEASE-00008913 |
| S.C. Pub. Serv. Auth. v. F.E.R.C., 762 F.3d 41 | 145+9(2) | Orders from Federal Energy Regulatory Commission (FERC) under FPA that merely required electricity transmission planning regions to establish processes for identifying and evaluating public policies that might affect transmission needs did not violate requirement that FERC act in such a way to facilitate "planning and expansion of transmission facilities to meet the reasonable needs of load-serving entities to satisfy (their) service obligations"; requirement would be violated only if FERC exercised its authority in manner that was at odds with needs of load-serving entities. Federal Power Act, S 217(b)(4), 16 U.S.C.A. S 824q(b)(4). | Does the Federal Power Act give the Federal Energy Regulatory Commission (FERC) the authority to order involuntary wheeling of electric power? | 002706.docx | LEGALEASE-00120195-LEGALEASE-00120196 |
| Olson v. Cty. of Shasta, 5 Cal. App. 3d 336 | 148+266 | An action in inverse condemnation is generally available only where taking results in property damage or destruction or other depreciation in market value or unlawfully dispossesses owner. | Is the risk of future flooding considered an act for purposes of a taking? | 002730.docx | LEGALEASE-00120217-LEGALEASE-00120218 |
| Nguyen v. Burgerbusters, 182 N.C. App. 447 | 249+28 | In an action for malicious prosecution, the malice element may be satisfied by a showing of either actual or implied malice; implied malice may be inferred from want of probable cause in reckless disregard of the plaintiff's rights. | How is the element of malice satisfied in an action for malicious prosecution? | 002757.docx | LEGALEASE-00120250-LEGALEASE-00120251 |
| State v. Crisman, 123 Idaho 27 | 221+179 | Receiving state's executive branch must recognize sovereignty of other state before diplomatic immunity exists. | Should the receiving state recognize the sovereignty of the other state before diplomatic immunity exists? | Ambassadors and Consuls - Memo 1 - TH.docx | ROSS-003300911-ROSS-003300913 |
| United States v. Al Sharaf, 183 F. Supp. 3d 45 | 221+179 | Under the Vienna Convention on Diplomatic Relations, a diplomat enjoys immunity from the criminal jurisdiction of the host country, subject to certain restrictions. | Does a diplomat enjoy immunity from the criminal jurisdiction of the host country? | 002823.docx | LEGALEASE-00119856-LEGALEASE-00119857 |
| Smith v. McMullen, 589 F. Supp. 642 | 237+7(1) | Under Texas law, when a statement unambiguously and falsely imputes criminal conduct to another, it is actionable slander per se, and it is error to allow a jury to determine whether such statements are defamatory. | Does falsely imputing a criminal offense constitute slander per se? | 002888.docx | LEGALEASE-00119874-LEGALEASE-00119876 |
| Ford Motor Credit Co. v. Ditton, 52 Ala. App. 555 | 386+6 | Gist of action of trespass is an injury to the possession of personal property by use of unlawful force which is essential element of action. | Is unlawful force an essential element of trespass? | Trespass - Memo 73 - TH.docx | ROSS-003295151-ROSS-003295152 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stephan v. United States, 133 F.2d 87 | 384+2 | The constitutional definition of treason has left no room for constructive treason, and Congress could not and has not undertaken to restrict or enlarge the constitutional definition. 18 U.S.C.A. S 2381; U.S.C.A. Const. art. 3, S 3, cl. 1. | Can Congress restrict or enlarge the constitutional definition of treason? | 003674.docx | LEGALEASE-00120282-LEGALEASE-00120283 |
| Chicago W. Div. Ry. Co. v. Rend, 6 Ill. App. 243 | 386+4 | Where an injury is inflicted to a plaintiff's right by a willful act of force, it constitutes a trespass. | Can an injury inflicted to a plaintiff's right by a willful act constitute a trespass? | 003678.docx | LEGALEASE-00120286-LEGALEASE-00120287 |
| Ryals v. U.S. Steel Corp., 562 So. 2d 192 | 272+1045(3) | Duty owed by landowner to adult trespasser who comes upon land and is injured while committing crime is duty not intentionally to injure trespasser. | Is there a duty upon the landowner not to injure the trespasser using needless violence? | 003693.docx | LEGALEASE-00120295-LEGALEASE-00120296 |
| United States v. Al Sharaf, 183 F. Supp. 3d 45 | 221+179 | Under the Vienna Convention on Diplomatic Relations, a diplomat enjoys immunity from the criminal jurisdiction of the host country, subject to certain restrictions. | Does a diplomat enjoy immunity from the criminal jurisdiction of the host country? | Ambassadors and Consuls - Memo 4 - TH.docx | LEGALEASE-00009485-LEGALEASE-00009486 |
| People v. Mollette, 87 Misc. 2d 236 | 203+520 | Murder, the taking of the life of another human being, has always been considered the most serious crime in civilized society, and the right to life has always been paramount in our laws, and certainly far more precious than one's right to property or other interests. | Is murder considered the most serious crime in a civilized society? | 003168.docx | LEGALEASE-00120412-LEGALEASE-00120413 |
| United States v. Reza-Ramos, 816 F.3d 1110 | 203+522 | Federal murder statute was enacted by Congress to enlarge common law definition of murder. 18 U.S.C.A. S 1111. | Did congress pass the federal murder statute to enlarge the common law definition of murder? | 003181.docx | LEGALEASE-00120492-LEGALEASE-00120493 |
| Com. v. Matchett, 386 Mass. 492 | 203+520 | Purpose of statute governing murder is to gradate punishment and to categorize murder as murder in first or second degree, and does not serve to transform death, without more, into murder. M.G.L.A. c. 265, S 1. | What is the purpose of the murder statute? | 003183.docx | LEGALEASE-00120494-LEGALEASE-00120495 |
| People v. Russell, 266 Mich. App. 307 | 92+1132(50) | Statute prohibiting sexual contact between two individuals related by blood or affinity to the third degree does not give trier of fact unstructured and unlimited discretion in finding guilt, and thus, statute is not unconstitutionally vague on its face, even though statute precludes sexual conduct between two consenting adults under some circumstances. M.C.L.A. SS 750.520e(1)(d), 750.520a(n). | Does the law prohibit all incestual sexual relations among consenting adults? | 003185.docx | LEGALEASE-00120541-LEGALEASE-00120542 |
| Underwager v. Salter, 22 F.3d 730 | 237+51(1) | "Actual malice," in defamation context, does not mean "ill will," but means knowledge that statement was false, or doubts about its truth coupled with reckless disregard of whether it was false. | Does knowledge of a false statement constitute actual malice? | 003324.docx | LEGALEASE-00120609-LEGALEASE-00120610 |
| Stern v. Cosby, 645 F. Supp. 2d 258 | 237+51(5) | In deciding whether a story was published with actual malice, a book publisher has no independent duty to investigate an author's story unless the publisher has actual, subjective doubts as to the accuracy of the story. | Does a publisher have a duty to investigate the accuracy of reports or stories? | 003328.docx | LEGALEASE-00120613-LEGALEASE-00120615 |
| Pan Am Sys. v. Hardenbergh, 871 F. Supp 2d 6 | 92+2161 | Under Maine law, courts determine whether an allegedly defamatory statement pertains to a public concern, protected by First Amendment, by assessing its content, form and context. U.S.C.A. Const.Amend. 1. | How do Courts determine whether statements involve a matter of public concern? | Libel and Slander - Memo 155 - RK.docx | ROSS-003322793-ROSS-003322795 |
| In re Entergy Corp., 142 S.W.3d 316 | 317A+102 | In construing the Public Utility Regulatory Act (PURA) or any other statute, a court's objective is to determine and give effect to the legislature's intent. V.T.C.A., Utilities Code SS 39.001-41.104. | What is the courts objective in construing the Public Utility Regulatory Act (PURA)? | 003501.docx | LEGALEASE-00120332-LEGALEASE-00120333 |
| State Farm Mut. Auto. Ins. Co. v. Du Page Cty., 2011 IL App (2d) 100580 | 366+1 | The right of equitable subrogation arises when a party pays a debt for which another is primarily liable and that in equity and good conscience should have been discharged by the latter. | What is the doctrine of equitable subrogation? | Subrogation - Memo 81 - ANG C.docx | ROSS-003324622-ROSS-003324624 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Suffolk Const. Co. v. Benchmark Mech. Sys., 475 Mass. 150 | 366+32 | "Implied subrogation" is an equitable adjustment of rights that operates when a creditor is entitled to recover from two sources, one of which bears a primary legal responsibility; if the secondary source, the subrogee, pays the obligation, it succeeds to the rights of the party it has paid, the subrogor, against the third, primarily responsible party. | What is an implied subrogation? | Subrogation - Memo 88 - MS C.docx | ROSS-003316155-ROSS-003316156 |
| Chimarios v. Duhl, 152 A.D.2d 508 | 401+4 | Generally, venue of transitory action lies in county where cause of action arose; rule, however, is not inflexible and may be outweighed by other considerations that favor different venue for matter to be tried. | Is the general rule that the venue of a transitory action lies in the county where the cause of action arose? | Venue - Memo 63 - RK.docx | ROSS-003313048-ROSS-003313049 |
| N. Utilities Div. of K N Energy v. Town of Evansville, 822 P.2d 829 | 366+1 | Since causes of action for damage or injury to persons and property survive and are assignable, they can be subject of claim for conventional subrogation. W.S.1977, S 1-4-101. | Is assignment of a cause of action for damage or personal injury subject of a subrogation claim? | Subrogation - Memo 91 - VP C.docx | LEGALEASE-00010329-LEGALEASE-00010330 |
| Horne v. U.S. Dep't of Agric., 750 F.3d 1128 | 148+2.2 | In general, the imposition and collection of penalties and fines does not run afoul of the Takings Clause. U.S.C.A. Const.Amend. 5. | Does the imposition and collection of penalties and fines run afoul of the taking clause? | 003101.docx | LEGALEASE-00120689-LEGALEASE-00120690 |
| Lucas v. S.C. Coastal Council, 505 U.S. 1003 | 148+2.10(3) | South Carolina Supreme Court erred in applying rule that harmful or noxious uses of property may be proscribed by government regulation without requirement of compensation to decide case in which property owner alleged that all economically viable use of his property was precluded by South Carolina Beachfront Management Act, which barred him from erecting any permanent habitable structures on his land; in order to avoid paying compensation, state had to identify background principles of nuisance and property law that prohibited use as landowner presently intended in circumstances in which property was presently found. U.S.C.A. Const.Amend. 5. | Does the Takings Clause require compensation when regulations prevent an owner from putting land to use? | Eminent Domain - Memo 141 - RK.docx | ROSS-003284889-ROSS-003284891 |
| McBeth v. Himes, 598 F.3d 708 | 92+3865 | If one voluntarily relinquishes some property or liberty interest, then she cannot have a claim for a due process violation because no state official deprived her of the interest. U.S.C.A. Const.Amend. 14. | When a person voluntarily surrenders property can it amount to a deprivation of a constitutionally-protected interest? | 003145.docx | LEGALEASE-00120811-LEGALEASE-00120812 |
| Isom v. State, 651 N.E.2d 1151 | 110+1437 | Although jury instruction erroneously suggested that sudden heat was element of voluntary manslaughter, it was not such as to mislead jury and constitute fundamental error, as required for post-conviction relief from convictions for murder and conspiracy to commit murder, where instruction, read in its totality, clearly explained that sudden heat was mitigator for reducing what would otherwise be murder to voluntary manslaughter; jury was expressly instructed that sudden heat acted as mitigator, and state's and defense counsel's closing arguments reminded jury that it was mitigating factor. West's A.I.C. 35-42-1-3(b). | Is the existence of sudden heat of passion an element of voluntary manslaughter? | 003153.docx | LEGALEASE-00120747-LEGALEASE-00120748 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Isom v. State, 651 N.E.2d 1151 | 110+1437 | Although jury instruction erroneously suggested that sudden heat was element of voluntary manslaughter, it was not such as to mislead jury and constitute fundamental error, as required for post-conviction relief from convictions for murder and conspiracy to commit murder, where instruction, read in its totality, clearly explained that sudden heat was mitigator for reducing what would otherwise be murder to voluntary manslaughter; jury was expressly instructed that sudden heat acted as mitigator, and state's and defense counsel's closing arguments reminded jury that it was mitigating factor. West's A.I.C. 35-42-1-3(b). | Is sudden heat considered as a mitigating factor in a prosecution for murder? | 003157.docx | LEGALEASE-00120753-LEGALEASE-00120754 |
| Sanders v. Robinson, 864 F.2d 630 | 209+131 | Tribal court had jurisdiction over non-Indian husband as defendant in divorce and custody proceeding involving couple and their children, all of whom resided on reservation during marriage. 28 U.S.C.A. S 1331. | Does tribal court possess jurisdiction in divorce or dissolution of marriage cases involving non-Indians? | Indians - Memo 49 - BP.docx | LEGALEASE-00010445-LEGALEASE-00010446 |
| Engrassia v. DiLullo, 121 Misc. 2d 667 | 249+39 | A malicious prosecution action is not available in circumstances where no actual interference with person or property is shown. | Is a malicious prosecution action possible when there is no actual interference with person or property? | 05063.docx | LEGALEASE-00083718-LEGALEASE-00083719 |
| Dial v. Martin, 37 S.W.2d 166 | 289+853 | It is right and duty of surviving members of partnership, dissolved by one partner's death, to wind up firm's business. | Does a surviving partner have the duty to wind up the firms business? | 003416.docx | LEGALEASE-00120857-LEGALEASE-00120858 |
| Ethington v. Wright, 66 Ariz. 382 | 317A+181 | The corporation commission has full and exclusive power in the matter of prescribing classifications, rates, and charges of public service corporations, and in making rules, regulations, and orders, concerning such classifications, rates, and charges by which public service corporations are to be governed, and the commission's exclusive field may not be invaded by the courts, the Legislature, or the executive. A.R.S.Const. art. 15, S 14. | Does the Corporation Commission have the right to prescribe just and reasonable rates to be made by the public service corporation within the State? | 003503.docx | LEGALEASE-00120710-LEGALEASE-00120712 |
| Sanders v. Robinson, 864 F.2d 630 | 209+131 | Tribal court had jurisdiction over non-Indian husband as defendant in divorce and custody proceeding involving couple and their children, all of whom resided on reservation during marriage. 28 U.S.C.A. S 1331. | Does tribal court possess jurisdiction in divorce or dissolution of marriage cases involving non-Indians? | 003236.docx | LEGALEASE-00120749-LEGALEASE-00120750 |
| Richland Cty. v. Carolina Chloride, 382 S.C. 634 | 148+266 | In essence, "inverse condemnation" is a governmental taking absent an eminent domain proceeding. U.S.C.A. Const.Amend. 5. | Is inverse condemnation a governmental taking absent an eminent domain proceeding? | 017376.docx | LEGALEASE-00120953-LEGALEASE-00120954 |
| Yellow Cab Co. of Providence v. Ferri, 108 R.I. 80 | 48A+84 | Where application for certificate to operate taxicab was filed prior to the effective date of statute permitting appeals from orders of Division of Public Utilities to be taken to the Supreme Court and abolishing public utility hearing board, Superior Court rather than Supreme Court was proper forum for judicial review of order granting the application even though the order had been entered after the effective date of the statute. Gen.Laws 1956, SS 39-1-3, 39-5-1, 39-5-9, 39-1-12, 42-35-15. | Is judicial review of an adverse decision by the Public Utility Hearing Board available to a person under s 42-35-15 of the Administrative Procedures Act? | 042573.docx | LEGALEASE-00120959-LEGALEASE-00120960 |
| Wisconsin Power & Light Co. v. Pub. Serv. Comm'n, 181 Wis. 2d 385 | 317A+102 | Predominant purpose underlying Public Utilities Law is protection of consuming public rather than competing utilities. W.S.A. 196.01 et seq. | Is the predominant purpose of the Public Utilities Law the protection of consuming public? | Public Utilities - Memo 77 - AM.docx | ROSS-003298771-ROSS-003298772 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Reagan v. Baird, 140 Ill. App. 3d 58 | 302+8(4) | Recitation of "other valuable consideration" in deed attached as exhibit was mere conclusion, that could be disregarded in determining whether complaint to set aside alleged fraudulent conveyance stated cause of action. | Is the recitation of other valuable consideration a mere conclusion? | 022910.docx | LEGALEASE-00120979-LEGALEASE-00120980 |
| City of San Antonio v. TPLP Office Park Properties, 218 S.W.3d 60 | 148+106 | If access to a landowner's property is materially and substantially impaired by the city, the landowner is entitled to compensation; however, diminished access is not compensable if suitable access remains. | Is diminished access compensable if suitable access remains under the takings law? | Eminent Domain - Memo 171 - GP.docx | ROSS-003288111-ROSS-003288112 |
| Weaver v. Palmer Bros. Co., 270 U.S. 402 | 92+4267 | Act prohibiting use of shoddy in manufacture of comfortables held violative of due process clause. Act Pa. June 14, 1923, SS 1, 2, P.L. 802, 35 P.S. S 961 et seq.; U.S.C.A.Const. Amend. 14. | Whether the absolute prohibition of the use of shoddy in manufacture of comfortables violates the due process clause? | Inspection - Memo 25 - SH.docx | ROSS-003285465-ROSS-003285466 |
| In re Morgan, 291 B.R. 795 | 366+1 | Under Tennessee law, legal or equitable subrogation is founded on principles of justice and equity, and its operation is governed by principles of equity. | Is equitable subrogation founded on principles of justice and equity and its operation is governed by principles of equity? | Subrogation - Memo # 431 - C - SA.docx | ROSS-003283824-ROSS-003283825 |
| Ripley v. Piehl, 700 N.W.2d 540 | 366+1 | The equity of the party seeking subrogation must be clear and substantial, and superior to that of other claimants. | "Should the equity of the party seeking subrogation be clear and substantial, and superior to that of other claimants?" | Subrogation - Memo # 432 - C - SU.docx | LEGALEASE-00011166-LEGALEASE-00011168 |
| Am. States Ins. Co. v. Allstate Ins. Co., 94 Conn. App. 79 | 366+1 | Subrogation is a highly favored doctrine which courts should be inclined to extend, rather than restrict. | "Is subrogation a highly favored doctrine which courts should be inclined to extend, rather than restrict?" | 043750.docx | LEGALEASE-00121537-LEGALEASE-00121538 |
| Blankenship v. Estate of Bain, 5 S.W.3d 647 | 366+1 | A right of subrogation may arise by contract (conventional subrogation), by application of equitable principles of law (legal subrogation), or by application of a statute (statutory subrogation). | Do subrogation rights arise by statute? | Subrogation - Memo # 497 - C - NO.docx | ROSS-003313271-ROSS-003313272 |
| Dattel Family Ltd. P'ship v. Wintz, 250 S.W.3d 883 | 366+1 | Subrogation is not appropriate in every circumstance; as an equitable doctrine, it is applied only if its application achieves equity under the facts and circumstances of the case at hand. | Is subrogation appropriate in every circumstance? | 043930.docx | LEGALEASE-00121224-LEGALEASE-00121225 |
| Wasko v. Manella, 269 Conn. 527 | 366+1 | In a subrogation case, the determination of what equity requires is a matter for the discretion of the trial court. | Is the determination of what equity requires a matter for the discretion of the trial court in a Subrogation case? | Subrogation - Memo # 638 - C - SA.docx | ROSS-003287553-ROSS-003287554 |
| Pennsylvania Nat. Mut. Cas. Ins. Co. v. City of Pine Bluff, 354 F.3d 945 | 366+7(1) | "Equitable subrogation" is one of a surety's principal mechanisms for reducing loss; arising by operation of law, the doctrine permits the surety to acquire and assert the rights of those parties whom the surety pays. | Is equitable subrogation one of a surety's principal mechanisms for reducing loss? | 044007.docx | LEGALEASE-00121394-LEGALEASE-00121396 |
| In re Monaco, 514 B.R. 477 | 366+1 | Under Texas law, the general purpose of equitable subrogation is to prevent unjust enrichment of the debtor that owed the debt being paid. | Does equitable subrogation prevent the unjust enrichment of the debtor? | 044160.docx | LEGALEASE-00121564-LEGALEASE-00121565 |
| Fidlar Techs. v. LPS Real Estate Data Sols., 82 F. Supp. 3d 844 | 386+6 | Under Illinois law, tort of trespass to chattels requires that the trespass involve an act of direct physical interference. | Does the tort of trespass to chattels require that the trespass involve an act of direct physical interference? | 047146.docx | LEGALEASE-00121284-LEGALEASE-00121285 |
| QVC v. Resultly, 159 F. Supp. 3d 576 | 386+6 | Under Pennsylvania law, a trespass to a chattel may be committed by intentionally: (1) dispossessing another of the chattel, or (2) using or intermeddling with a chattel in the possession of another. Restatement (Second) of Torts S 217. | How can a trespass to chattel be committed? | 047152.docx | LEGALEASE-00121358-LEGALEASE-00121359 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Anderson v. Waffle House, 920 F. Supp. 2d 685 | 25T+143 | In determining motion to compel arbitration, court first inquires whether parties agreed to arbitrate dispute at issue; this inquiry consists of two subsidiary questions, whether there is a valid agreement to arbitrate between the parties and whether dispute in question falls within scope of that arbitration agreement. 9 U.S.C.A. S 4. | How do courts reconcile doubts regarding the scope of arbitrable issues? | 007051.docx | LEGALEASE-00122393-LEGALEASE-00122395 |
| Arakawa v. Japan Network Grp., 56 F. Supp. 2d 349 | 78+1502 | Possibility that employee might be required to pay one half of any expenses incurred in arbitration, including arbitrator's compensation, pursuant to arbitration agreement with employer did not constitute barrier to vindication of employee's statutory rights under Title VII and, thus, did not render agreement unenforceable; prior to submitting to arbitration, there was no indication how large arbitration fees would be or whether employee would actually be required to pay any portion of those fees. Civil Rights Act of 1964, S 701 et seq., 42 U.S.C.A. S 2000e et seq. | Is an agreement to arbitrate Title VII claims that calls for a plaintiff to pay fees unenforceable? | 007099.docx | LEGALEASE-00122444-LEGALEASE-00122445 |
| Hubicki v. Festina, 156 S.W.3d 897 | 30+3158 | The face of the record, for purposes of restricted appeal review for error on face of record, consists of all the papers on file in the appeal, including the reporter's record. Rules App.Proc., Rules 26.1(c), 30. | What consists in the face of the record for the purpose of a restricted appeal? | Appeal And Error - Memo 22 - BP.docx | ROSS-003283989-ROSS-003283990 |
| Strickland v. Dep't of Agric. & Consumer Servs., 922 So. 2d 1022 | 268+628 | To prevent the spreading of fire, property may be destroyed without compensation to the owner. | "In order to prevent spreading of fire, can a private property be destroyed without compensating the owner?" | 017419.docx | LEGALEASE-00121862-LEGALEASE-00121864 |
| Elias v. Rolling Stone LLC, 192 F. Supp. 3d 383 | 237+6(1) | When the defendant's statements, read in context, are readily understood as conjecture, hypothesis, or speculation, this signals the reader that what is said is opinion, and not fact, and thus not actionable as defamation under New York law. | How are statements identified as opinions and not facts? | 021053.docx | LEGALEASE-00122303-LEGALEASE-00122304 |
| Charles v. Eshleman, 5 Colo. 107 | 260+97 | The reason for the distinction between the ordinary commercial partnership and a mining partnership, and for limiting the powers of the members of the latter class, is that the mining partnership is not founded on the delectus person√¶, whereas the other class is. | Is a mining partnership founded on the delectus personae? | 021839.docx | LEGALEASE-00122500-LEGALEASE-00122501 |
| ADP Marshall v. Brown Univ., 784 A.2d 309 | 307A+3 | A trial justice's decision regarding a motion in limine may be preliminary or absolute in nature. | Is a decision regarding a motion in limine preliminary or absolute in nature? | Pretrial Procedure - Memo # 108 - C - SPB.docx | ROSS-003288213-ROSS-003288214 |
| Perry v. Gulf Stream Coach, 871 N.E.2d 1038 | 307A+3 | Ordinarily the denial of a motion in limine can occasion no error; the objectionable occurrence is the improper admission of items in evidence. | Can the denial of a motion in limine occasion no error? | Pretrial Procedure - Memo # 168 - C - CRB.docx | ROSS-003297231-ROSS-003297232 |
| Sher v. Deane H. Tank, 269 Ill. App. 3d 312 | 30+3209 | Reviewing court will not reverse trial court's order allowing or excluding evidence in limine absent clear showing of abuse of that discretion. | Is it within the discretion of the trial judge to grant or deny a motion in limine? | 028110.docx | LEGALEASE-00122113-LEGALEASE-00122114 |
| Walnut Creek Nursery v. Banske, 26 N.E.3d 648 | 30+242(4) | Absent either a ruling admitting evidence accompanied by a timely objection or a ruling excluding evidence accompanied by a proper offer of proof, there is no basis for a claim of error. | Does a trial court's ruling on a motion in limine determine the ultimate admissibility of the evidence? | Pretrial Procedure - Memo # 267 - C - MLS.docx | ROSS-003289024-ROSS-003289025 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Poff v. Elkins, 2014 Ark. App. 663 | 307A+3 | A trial court's ruling on a motion in limine is not a final ruling on the admissibility of the evidence in question, but only interlocutory, tentative, or preliminary in nature. | "Is the denial of a motion to exclude evidence in all circumstances a binding declaration that all such evidence is admissible, immune from further review during trial?" | 041253.docx | LEGALEASE-00122345-LEGALEASE-00122346 |
| Wilkins v. Leeds, 216 Ind. 508 | 317A+102 | The legislature intended by act changing definition of term "public utility" so as to exclude municipally-owned plants, to take municipally-owned plants out of general public utilities statute. Acts 1913, c. 76, S 1, as amended by Acts 1933, c. 190 (Burns' Ann.St. S 54-201 et seq.). | Are municipally owned utilities removed from the public utilities definition or statute? | 042193.docx | LEGALEASE-00121938-LEGALEASE-00121939 |
| Chenoweth v. Maloy, 143 Md. 622 | 70+12(4) | Under Acts 1910, c. 180, creating the Public Service Commission and providing for regulation of public service corporations, the Commission may grant the United Railways Company, of Baltimore, the right to collect a greater passenger fare than that prescribed by Acts 1900, c. 313, now Revised Charter of Baltimore City 1915, S 796, Code Pub.Loc.Laws, art. 4, S 768, in view of SS 311/212 and 55, repealing inconsistent acts or parts thereof. | Did the Public Service Commission repeal all acts that prescribed or limited the price of a product furnished by any corporation applicable to the new system of regulations? | 042216.docx | LEGALEASE-00122523-LEGALEASE-00122525 |
| Seal v. Andrews, 214 Miss. 215 | 48A+78 | Evidence justified finding that operations of motor carrier in operating buses between city of Magnolia and city of McComb, and in operating buses to and in town of Summit, came within exception of Motor Carrier Regulatory Act providing that term "motor carrier" as defined in act shall not include motor vehicles engaged in transportation of persons within zone adjacent to and commercially part of municipality, or municipalities, but not exceeding five miles from corporate limit, so that such operators were not required to obtain certificate of public convenience and necessity to carry on such operations. Code 1942, SS 7632 et seq., 7635; Interstate Commerce Act, S 201 et seq., 49 U.S.C.A. S 301 et seq. | "Should the acts of the Public Service Commission conform as nearly as practicable to the rules, regulations, requirements, etc., of the Interstate Commerce Commission?" | Public Utilties - 317A - 102 - Memo 97 - AM - 10.17.2017.docx | ROSS-003283693-ROSS-003283694 |
| Am. Fid. Fire Ins. Co. v. United States, 385 F. Supp. 1075 | 366+7(1) | A surety, upon satisfying debts of principal, is subrogated only to such rights as creditors had against the principal. West's Ann.Cal.Civ.Code, S 2848. | "Is a surety, upon satisfying debts of principal, subrogated only to such rights as creditors had against the principal?" | Subrogation - Memo # 901 - C - VA.docx | ROSS-003324902-ROSS-003324903 |
| Serna v. Arde Apparel, 657 So. 2d 966 | 13+61 | Legal rights accrue and are fixed not when action is brought to enforce them, but rather when last element necessary to constitute cause of action occurs. | When do legal rights accrue? | Action - Memo # 149 - C - CS.docx | ROSS-003284252-ROSS-003284253 |
| State v. Phillips, 130 So. 3d 416 | 13+61 | For cause of action to accrue, one party must have breached duty to other, and other must have been injured. | "Will cause of action accrue when one party has breached a duty to another, and the other is injured?" | Action - Memo # 177 - C - CS.docx | ROSS-003295037-ROSS-003295038 |
| Adams v. Mills, 286 U.S. 397 | 70+200 | In contemplation of law, claim for damages for overcharge by carriers arose at time extra charge was paid. Interstate Commerce Act S 8, 49 U.S.C.A. S 8. | Does claim for damages for overcharge by carriers arise at time extra charge was paid? | Action - Memo # 182 - C - CS.docx | ROSS-003284677-ROSS-003284678 |
| Sec. Bank & Tr. Co. v. Larkin, Hoffman, Daly & Lindgren, Ltd., 897 N.W.2d 821 | 13+61 | A cause of action "accrues" when all of the elements of the action have occurred, such that the cause of action could be brought and would survive a motion to dismiss for failure to state a claim. | When does a cause of action accrue? | 005968.docx | LEGALEASE-00123317-LEGALEASE-00123318 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Chandler v. Multidata Sys. Int'l Corp., 163 S.W.3d 537 | 106+40.4 | Negligence and wrongful death action that patients and survivors of patients who received radiation treatment in Panama brought against manufacturers of computer-operated treatment planning system and radiation therapy unit arose in Panama, for purposes of determining whether under doctrine of forum non conveniens trying case in Missouri would be substantially more inconvenient than trying the case in Panama; a cause of action accrued when and originated where damages were sustained and capable of ascertainment, and injuries to patients and survivors of patients were sustained in Panama. | Does a cause of action accrue when and originates where damages are sustained and capable of ascertainment? | Action- Memo # 79 - C - LK.docx | ROSS-003325134-ROSS-003325135 |
| Renfroe v. Eli Lilly & Co., 686 F.2d 642 | 241+2(1) | According to Missouri law, cause of action does not accrue until plaintiff has sustained at least some damage capable of ascertainment, and the same rule applies to issue of where the cause of action originates for purposes of application of borrowing statute. V.A.M.S. SS 516.100, 516.190. | Does a cause of action accrue when damages are sustained and capable of ascertainment? | 006500.docx | LEGALEASE-00123560-LEGALEASE-00123561 |
| Guyden v. Aetna, 544 F.3d 376 | 25T+124 | Former employee's claim that she was terminated as director of internal audit in retaliation for her attempt to bring attention to employer's accounting irregularities, in violation of Sarbanes-Oxley Act (SOX) whistleblowing protection provision, lacked inherent conflict between SOX's underlying purposes and arbitration, pursuant to employee's agreement to arbitrate employment-related disputes, as would have rendered employee's SOX claim nonarbitrable, since employee sought compensation not only for her own injuries but also to bring auditing issues to attention of board of directors, shareholders, and investing public, and SOX's primary purpose was to provide private remedy for aggrieved employee, not to publicize alleged corporate misconduct. 9 U.S.C.A. S 2; 18 U.S.C.A. S 1514A. | Are claims brought under the Sarbanes-Oxley Act (SOX) whistleblower protection provision arbitrable? | 007138.docx | LEGALEASE-00123923-LEGALEASE-00123924 |
| Osman v. Osman, 285 Va. 384 | 203+530 | Murder is the unlawful killing of another with malice, which, in a legal sense, means any wrongful act done willfully or purposely. | Does malice mean any wrongful act done willfully or purposely in the context of murder? | 019348.docx | LEGALEASE-00123565-LEGALEASE-00123566 |
| Snider v. Seung Lee, 584 F.3d 193 | 221+396 | Criminal prosecution by a foreign government is not subject to guarantees under the United States Constitution. | Is criminal prosecution by a foreign government subject to guarantees under the United States Constitution? | 019747.docx | LEGALEASE-00123449-LEGALEASE-00123450 |
| McCook Metals L.L.C. v. Alcoa Inc., 192 F.R.D. 242 | 221+351 | If an attorney-client privilege exists in a foreign country with respect to communications pertaining to patent, then comity requires United States court to apply that country's laws to documents for which privilege is asserted. | Does comity require the application of the attorney client privilege with respect to documents for which the attorney client privilege exists in a foreign country? | 019818.docx | LEGALEASE-00124161-LEGALEASE-00124162 |
| Lizarbe v. Rondon, 642 F. Supp. 2d 473 | 221+351 | Actions of military officers are not ipso facto acts of state, within meaning of the act of state doctrine. | "Are actions of military officers ipso facto acts of state, within meaning of the act of state doctrine?" | 019918.docx | LEGALEASE-00123545-LEGALEASE-00123546 |
| Doe v. Qi, 349 F. Supp. 2d 1258 | 221+387 | Normally, the burden of proving acts of state rests on the party asserting the applicability of the doctrine; however, where there is a potential for embarrassing the Executive Branch, the act of state doctrine may be raised sua sponte. | Does the party asserting the act of state doctrine have the burden to prove that the act in question was an act of state? | 020001.docx | LEGALEASE-00123273-LEGALEASE-00123274 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111 | 221+104 | To attain the status of a rule of customary international law, a norm must be specific, universal, and obligatory. Rest. 3rd, Restatement of the Foreign Relations Law of the United States S 102(2). | "Should a ""norm of international law"" be specific, universal, and obligatory?" | International Law - Memo # 272 - C - TJ.docx | ROSS-003311110-ROSS-003311111 |
| In re Simon, 153 F.3d 991 | 221+162 | Comity is limited to cases in which there is, in fact, a true conflict between domestic and foreign law. | Is comity limited to cases in which there is a true conflict between domestic and foreign law? | 020251.docx | LEGALEASE-00124079-LEGALEASE-00124080 |
| Cardenas v. Solis, 570 So. 2d 996 | 228+830.1 | Generally, only final judgment of courts of foreign country are subject to recognition and enforcement in United States, provided certain jurisdictional due process standards are observed by the foreign court; nonfinal or interlocutory orders of foreign courts, however, are generally not entitled to such recognition or enforcement. U.S.C.A. Const.Amends. 5, 14. | "Does a generally recognized rule of international comity state that an American court will only recognize a final and valid judgement however, modifiable foreign orders can be granted extraterritorial effect even though they might not be final for purposes of res judicata?" | 020307.docx | LEGALEASE-00123609-LEGALEASE-00123610 |
| United States v. Rasheed, 802 F. Supp. 312 | 221+397 | Fourth Amendment does not apply to search of nonresident aliens on ship in international waters. U.S.C.A. Const.Amend. 4. | Does the Fourth Amendment apply to a search of nonresident aliens on ship in international waters? | International Law - Memo # 817 - C - ANC.docx | ROSS-003288835-ROSS-003288836 |
| Nat'l Coal. Gov't of Union of Burma v. Unocal, 176 F.R.D. 329 | 221+515 | Party asserting applicability of act of state doctrine bears burden of proof; at minimum, this burden requires that party offer some evidence that government acted in its sovereign capacity and some indication of depth and nature of government's interest. | Who bears the burden of proof when an assertion that the act of state doctrine is applicable is made? | International Law - Memo 320 - RK.docx | ROSS-003298209-ROSS-003298210 |
| In re Utnehmer, 499 B.R. 705 | 289+426(1) | Under California law, the presence of profit-sharing does not support a presumption of the existence of the partnership unless there was also an actual sharing of the profits. West's Ann.Cal.Corp.Code S 16202. | Is a mere presence of profit sharing agreement sufficient to support a presumption of the existence of the partnership? | 021877.docx | LEGALEASE-00122631-LEGALEASE-00122632 |
| Shockey v. Pelfrey, 314 Ky. 441 | 302+310 | An exhibit forms a part of a pleading and may aid and cure an allegation which is vaguely, indefinitely and defectively stated, but exhibit cannot supply an averment which has been wholly omitted. Civ.Code Prac. S 120. | Can an exhibit cure or aid a defective allegation? | 022955.docx | LEGALEASE-00123498-LEGALEASE-00123500 |
| San Francisco v. Wendy's Int'l, 221 W. Va. 734 | 157+546 | Although in limine hearings are generally recommended prior to Daubert determinations, they are not required; the only legal requirement is that the parties have an adequate opportunity to be heard before the district court makes its decision. | Are in limine hearings generally recommended prior to Daubert determinations and are they preliminary determinations? | 024147.docx | LEGALEASE-00122570-LEGALEASE-00122571 |
| Choate v. Natvig, 952 S.W.2d 730 | 307A+3 | Granting motion in limine does not automatically result in permanent exclusion of disputed evidence. | Does granting motion in limine automatically result in permanent exclusion of disputed evidence? | Pretrial Procedure - Memo # 325 - C - ANC.docx | ROSS-003297274-ROSS-003297275 |
| Headley v. Williams, 162 N.C. App. 300 | 307A+3 | A trial court's ruling on a motion in limine is not final, but rather interlocutory and subject to modification. | Is the court's ruling on a motion in limine interlocutory and subject to change during the course of the trial? | 032837.docx | LEGALEASE-00123081-LEGALEASE-00123082 |
| Sw. Country Enterprises v. Lucky Lady Oil Co., 991 S.W.2d 490 | 307A+3 | Ruling granting a motion in limine is not a ruling on the admissibility of evidence and does not preserve error in exclusion of evidence; motion in limine simply prohibits references to specific issues without first obtaining a ruling on the admissibility of those issues outside the presence of the jury. | "Is a ruling granting a motion in limine, a ruling on the admissibility of evidence and does not preserve error in exclusion of evidence?" | 044225.docx | LEGALEASE-00122954-LEGALEASE-00122955 |
| Pramer S.C.A. v. Abaplus Int'l Corp., 76 A.D.3d 89 | 13+5 | Private right of action is not implied under the commercial bribery provisions of the Penal Law. | Is a private right of action implied under the commercial bribery provisions of a penal law/statute? | 011102.docx | LEGALEASE-00124226-LEGALEASE-00124227 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Altizer v. Town of Cedar Bluff, Va., 104 F. Supp. 3d 760 | 148+114.1 | To assert a Fifth Amendment takings claim, the plaintiff must establish a deprivation of a cognizable property interest; the length of deprivation may vary, because temporary takings are as protected by the Constitution as are permanent ones. U.S.C.A. Const.Amend. 5. | Are temporary takings protected by the Constitution as are permanent ones? | Eminent Domain - Memo 243 - GP.docx | ROSS-003297739-ROSS-003297740 |
| Doe v. Qi, 349 F. Supp. 2d 1258 | 221+342 | The more intrusive the remedy upon the sovereignty of the foreign state, the more the concerns of the act of state doctrine are implicated. | Are the concerns of the act of state doctrine implicated when remedies are intrusive? | International Law - Memo # 305 - C - ES.docx | ROSS-003310821-ROSS-003310822 |
| In re Doe, 860 F.2d 40 | 221+151 | Head-of-state immunity is a personal right which derives from and remains an attribute of state sovereignty, and because it is the state that gives power to lead and ensuing trappings of power, including immunity, state may therefore take back that which it bestowed upon its erstwhile leaders. | Is head-of-state immunity a personal right which derives from and remains an attribute of state sovereignty? | International Law - Memo # 826 - C - ANC.docx | ROSS-003284114-ROSS-003284115 |
| Agudas Chasidei Chabad of U.S. v. Russian Fed'n, 528 F.3d 934 | 221+387 | Under the act of state doctrine, the burden of proving an act of state rests on the party asserting the defense. | "Under the act of state doctrine, does the burden of proving an act of state rest on the party asserting the defense?" | 020882.docx | LEGALEASE-00124739-LEGALEASE-00124740 |
| United States v. Noriega, 746 F. Supp. 1506 | 221+151 | In order to be entitled to head of state immunity, government official must be recognized as head of state. | In order to be entitled to head of state immunity; must a government official be recognized as head of state? | International Law- Memo # 769 - C -  SU.docx | ROSS-003315485-ROSS-003315486 |
| Catalanello v. Kramer, 18 F. Supp. 3d 504 | 237+6(1) | Under New Jersey law, in determining whether a statement is an actionable statement of fact or a nonactionable opinion, courts consider, inter alia, the statement's verifiability, since a factual statement can be proved or disproved objectively while an opinion statement generally cannot; only if the statement suggested specific factual assertions that could be proven true or false could the statement qualify as actionable defamation. | Can false factual assertion constitute actionable defamation? | 021042.docx | LEGALEASE-00125160-LEGALEASE-00125161 |
| Boling v. Clinton Cotton Mills, 163 S.C. 13 | 237+6(2) | Oral imputations of falsehood are not actionable per se, unless they charge crime or affect one in his business or profession. | "In the context of libel and slander, are oral imputations of falsehood actionable per se?" | Libel and Slander - Memo 201 - BP.docx | ROSS-003281924-ROSS-003281925 |
| Smith v. Polsky, 796 S.E.2d 354 | 307A+3 | Trial court's ruling on a motion in limine is not a final ruling on the admissibility of the evidence in question, but only interlocutory or preliminary in nature; therefore, trial court's ruling on a motion in limine is subject to modification during the course of the trial. | Is trial court's ruling on a motion in limine preliminary in nature? | 024307.docx | LEGALEASE-00124950-LEGALEASE-00124951 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Groves v. Ihsanullah, 2016-Ohio-7703 | 307A+3 | Counsel for deceased patient's mother did not, by inquiring on cross-examination of defense expert witness as to whether witness assumed patient had history of drug seeking, violate motions in limine limiting witness's testimony regarding substance and drug abuse opinions and excluding evidence concerning patient's prior emergency room encounters to request narcotic prescription refills and, thus, mother was prejudiced by trial judge's sanctioning of counsel through issuance of curative jury instruction, entitling mother to new trial in wrongful death and medical malpractice action against hospital and emergency care provider premised on patient's death due to prescription drug overdose; liminal motions were not final, and trial judge overruled defense objections to questioning. Rules Civ.Proc., Rule 59(A)(1). | "Is a trial court's ruling on a motion in limine not a final ruling on the admissibility of the evidence in question, but only interlocutory or preliminary in nature?" | 028229.docx | LEGALEASE-00125002-LEGALEASE-00125003 |
| Gautney v. Rapley, 2 Ark. App. 116 | 307A+1 | No error flowed from acceptance of only one party's pretrial memorandum where it was not shown to be misleading or to have incorrectly cited the law and where nothing contained in such memorandum could have in any way improperly influenced court or prejudiced other parties. | Does an error flow from the acceptance of only one party's pretrial memorandum? | Pretrial Procedure - Memo # 481 - C - LK.docx | ROSS-003324273-ROSS-003324274 |
| Medix Ambulance Serv. v. Superior Court, 97 Cal. App. 4th 109 | 307A+1 | Parties are entitled to oral argument in critical pretrial matters where there is a real and genuine dispute. | Are parties entitled to oral argument in critical pretrial matters? | 032094.docx | LEGALEASE-00124467-LEGALEASE-00124468 |
| Jackson v. Joyner, 309 S.W.3d 910 | 307A+3 | A motion in limine should not be used as a vehicle to preclude a claim or defense or as a substitute for a motion for summary judgment. | Should a motion in limine be used as a vehicle to preclude a claim or defense? | Pretrial Procedure - Memo # 821 - C - KA.docx | ROSS-003285235-ROSS-003285236 |
| Duran v. Hyundai Motor Am., 271 S.W.3d 178 | 307A+3 | Motions in limine serve fundamentally different purposes than motions for summary judgment; they are not subject to the same procedural safeguards. | Is a motion in limine subject to the same safeguards as a motion for summary judgment? | 036803.docx | LEGALEASE-00125495-LEGALEASE-00125496 |
| People v. Williams, 128 Ill. App. 3d 384 | 110+632(4) | A motion in limine is addressed to the trial court's inherent power to admit or exclude evidence. | What inherent power of the trial court are motions in limine addressed to? | Pretrial Procedure - Memo # 825 - C - KA.docx | ROSS-003297772-ROSS-003297773 |
| S.C. Dep't of Transp. v. McDonald's Corp., 375 S.C. 90 | 30+78(1) | Ruling on motion in limine is generally not considered a final order on the admissibility of evidence and, for that reason, is not immediately appealable. | Is a ruling on a motion in limine considered a final order? | Pretrial Procedure - Memo # 835 - C - VA.docx | ROSS-003312755-ROSS-003312756 |
| Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | An unclear order in limine is worse than no order at all; even if the court concludes that the evidence is inadmissible, it has the discretion to deny the motion in limine before trial. | Is an unclear order in limine worse than no order at all? | Pretrial Procedure - Memo # 844 - C - KA.docx | ROSS-003290251-ROSS-003290252 |
| Hous. Auth. of Macon v. Younis, 279 Ga. App. 599 | 307A+3 | A motion in limine should be granted when there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. | Should a motion in limine be granted when there is no circumstance under which the evidence under scrutiny is likely to be admissible? | Pretrial Procedure - Memo # 853 - C - TJ.docx | ROSS-003296412-ROSS-003296413 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Menna v. Jaiman, 80 Conn. App. 131 | 307A+313 | Trial court did not improperly shift burden to motorist to show a lack of prejudice in motion for sanctions due to motorist's failure to disclose expert witnesses, though court allowed motorist to present evidence at oral arguments, given that motorist was only presented with last opportunity to rebut driver's claim of prejudice before court ruled, and court determined that defendant driver would be prejudiced by the motorist's lack of disclosure only after the driver read into the record the standard interrogatories that had been sent to motorist and her answer, which, submitted nearly five years before trial, were the only disclosure of expert information. Practice Book 1998, S 13-4(1)(A). | Does the party who seeks a sanction for the violation of discovery rules bear the burden of showing that it was prejudiced? | 041198.docx | LEGALEASE-00125413-LEGALEASE-00125414 |
| Velazquez v. Serrano, 43 So. 3d 82 | 366+1 | Equitable subrogation is not allowed if it works any injustice to the rights of others; a party's entitlement to subrogation therefore depends upon the equities and attending facts of each case. | Is a party's entitlement to subrogation dependent upon the equities of each case? | 044329.docx | LEGALEASE-00125065-LEGALEASE-00125066 |
| Smith v. Associated Nat. Gas Co., 7 S.W.3d 530 | 30+205 | A complaint about a trial court's in limine ruling preserves nothing for appellate review. | Does a complaint about a trial court's ruling on a motion in limine preserve the issue for appellate review? | Subrogation - Memo 938 - RK.docx | ROSS-003284090-ROSS-003284092 |
| In re Houston, 409 B.R. 799 | 366+1 | Under South Carolina law, doctrine of equitable subrogation is to be applied according to dictates of equity and good conscience, in light of actions and relationship of parties. | Is the doctrine of equitable subrogation founded upon any principles? | 044402.docx | LEGALEASE-00125103-LEGALEASE-00125104 |
| In re Lapeer Cty. Clerk, 242 Mich. App. 497 | 79+1 | County clerk is an independently elected county official whose duties are prescribed by State Constitution, statutes, and court rules. M.C.L.A. Const. Art. 6, S 14; M.C.L.A. SS 600.571, 600.1007; MCR 8.105, 8.119. | Who is a county clerk? | 013405.docx | LEGALEASE-00125729-LEGALEASE-00125730 |
| Com., Dep't of Health v. Hanes, 78 A.3d 676 | 79+1 | Clerk of Orphans' Court and Register of Wills was not a judicial officer, and therefore mandamus petition addressing clerk's issuance of marriage licenses was not one directed to a court, as could render petition subject to jurisdiction of Supreme Court; clerk's position was defined by statute as part of "system and related personnel," which expressly excluded judicial officers. 42 Pa.C.S.A. SS 102, 721(2). | Is a Clerk of the Orphans' Court a judicial officer? | 013442.docx | LEGALEASE-00125626-LEGALEASE-00125627 |
| State v. Bennett, 307 Conn. 758 | 203+527 | To act intentionally, as required to support murder conviction, the defendant must have had the conscious objective to cause the death of the victim. | Does the defendant have conscious objective to cause the death of the victim to consider his act was intentional? | Homicide - Memo 155 - VG.docx | ROSS-003300049-ROSS-003300050 |
| Gerber v. Sharp, 72 Ind. 553 | 366+7(1) | A. was surety for B. on a note to C. for part of the purchase money of real estate. B. at the same time made a note for the residue and a mortgage on the real estate to C. to secure the payment of both notes. Afterwards, the first note being due, C. recovered judgment thereon against B. as principal and A. as surety, and, as B. was then insolvent, A. paid the judgment in full, and then brought suit to foreclose the mortgage for the amount paid. Held, that the suit could be maintained, and that A. was entitled to be subrogated to all C.'s rights in the mortgage. | Is the rule that a surety who has paid the debt of a principal is entitled to be substituted in place of creditor as to all securities held by him for payment of debt applies whether security is real or personal property? | 044062.docx | LEGALEASE-00125658-LEGALEASE-00125659 |
| Adaman Mut. Water Co. v. United States, 278 F.2d 842 | 148+85 | A restrictive covenant imposing a duty which runs with the land taken constitutes a compensable interest. U.S.C.A.Const. Amend. 5. | Does a restrictive covenant constitute a compensable interest in land? | Eminent Domain - Memo 257 - GP.docx | ROSS-003300175-ROSS-003300176 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wright v. United States, 963 F. Supp. 7 | 386+6 | To prevail on trespass claim under District of Columbia law,, plaintiffs must prove that trespass to realty occurred, and that such action was tortious or unauthorized. | What must a plaintiff prove in order to prevail on a trespass claim? | Trespass - Memo 189 - RK.docx | ROSS-003326891 |
| Youngbey v. D.C., 766 F. Supp. 2d 197 | 386+10 | To prove trespass claim in District of Columbia, plaintiff must prove (1) that trespass to realty occurred, and (2) that such action was tortious or unauthorized. | What must a plaintiff prove in order to prevail on a trespass claim? | 047237.docx | LEGALEASE-00125834-LEGALEASE-00125835 |
| United States v. CPC Int'l Inc., 875 F. Supp. 264 | 13+61 | Right to bring action arises when acts or omissions constituting cause of action occur. | Does the right to bring action arise when acts or omissions constituting cause of action occur? | 005331.docx | LEGALEASE-00126074-LEGALEASE-00126075 |
| Duryee v. Turner, 20 Mo. App. 34 | 13+61 | In the absence of any agreement between the landlord and tenant as to when the rent for a farm is to be paid, it is payable at the end of the year, and an action to recover it cannot be maintained before that time. | "If an agreement between the landlord and tenant as to when the rent is to be paid is absent, is it payable at the end of the year?" | Action - Memo #  131 - C - SB.docx | ROSS-003312630-ROSS-003312631 |
| Volk v. United States, 111 Fed. Cl. 313 | 34+2 | By their nature, military procedures limit the military's discretion because the military is bound to follow its own procedural regulations if it chooses to implement some. | Is the military bound to follow its own procedural regulations once it chooses to implement some? | 008807.docx | LEGALEASE-00126290-LEGALEASE-00126291 |
| Cott Index Co. v. Jagneaux, 685 So. 2d 656 | 79+1 | Office of clerk of parish court has no legal status and is simply functional organization by and through which clerk of court carries out his/her official duties; it is clerk, as office holder, who enters into contracts and who is party to litigation. LSA-Const. Art. 5, S 28. | Does the office of the clerk of court have a legal status? | 013416.docx | LEGALEASE-00126272-LEGALEASE-00126273 |
| United States v. Rasheed, 802 F. Supp. 312 | 221+397 | Fourth Amendment does not apply to search of nonresident aliens on ship in international waters. U.S.C.A. Const.Amend. 4. | Does the Fourth Amendment apply to a search of nonresident aliens on the ship in international waters? | International Law - Memo # 817 - C - SHS.docx | ROSS-003286609-ROSS-003286610 |
| In re Tamimi, 176 F.3d 274 | 221+432 | Under Foreign Sovereign Immunities Act (FSIA), foreign state is entitled to sovereign immunity unless plaintiff demonstrates that one of the exceptions to sovereign immunity applies, and, if no exception to sovereign immunity is applicable, courts lack both statutory subject-matter jurisdiction and personal jurisdiction. 28 U.S.C.A. SS 1602 et seq., 1604. | Is a foreign state is entitled to sovereign immunity? | International Law - Memo # 833 - C - NS.docx | ROSS-003326576-ROSS-003326577 |
| Spielman v. State, 27 Md. 520 | 210+1017(1) | A demurrer opens for review all the previous pleadings, and notwithstanding the defectiveness of the pleading demurred to, the court in criminal as well as in civil proceedings, gives judgment against the party who in pleading committed the first error. | Does a demurrer open all pleadings? | 023016.docx | LEGALEASE-00126204-LEGALEASE-00126205 |
| Duran v. Hyundai Motor Am., 271 S.W.3d 178 | 307A+3 | Motions in limine serve fundamentally different purposes than motions for summary judgment; they are not subject to the same procedural safeguards. | Is a motion in limine subject to the same safeguards as a motion for partial summary judgment? | Pretrial Procedure - Memo # 881 - C - KA.docx | ROSS-003313596-ROSS-003313597 |
| Dowden v. Cent. Louisiana Elec. Co., 368 So. 2d 465 | 317A+112 | Fact that utility is regulated by state body does not convert utility from private utility company to a public body. | Does the fact that a state body regulates a utility convert it from a private utility to a public body? | 042383.docx | LEGALEASE-00126334-LEGALEASE-00126335 |
| Prentzel v. State, Dep't of Pub. Safety, 169 P.3d 573 | 386+6 | Trespass to chattels is a lesser form of conversion; it can be committed when a party intentionally dispossess another of the chattel or intentionally uses or interferes with a chattel in another's possession. | Is trespass to chattels a lesser degree of conversion? | 047189.docx | LEGALEASE-00125991-LEGALEASE-00125992 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Prentzel v. State, Dep't of Pub. Safety, 169 P.3d 573 | 386+6 | Trespass to chattels is a lesser form of conversion; it can be committed when a party intentionally dispossess another of the chattel or intentionally uses or interferes with a chattel in another's possession. | Is trespass to chattels a lesser claim than the tort of conversion? | Trespass - Memo 193 - RK.docx | ROSS-003285483-ROSS-003285484 |
| Bergin v. Temple, 111 Mont. 539 | 13+61 | A cause of action can "arise" but once, and when it once accrues it remains in force until it is extinguished or satisfied, or barred by statute. | "Can a cause of action ""arise"" and remain in force until it is extinguished or satisfied?" | Action - Memo # 145 - C - UG.docx | ROSS-003299900-ROSS-003299901 |
| Unexcelled Chem. Corp. v. United States, 345 U.S. 59 | 13+61 | A cause of action is created when there is a breach of duty owed plaintiff, and it is that breach of duty, and not its discovery, that normally is controlling. | Will a cause of action be created when there is a breach of duty owed to the plaintiff? | Action - Memo #265 - C - SKG.docx | ROSS-003300043-ROSS-003300044 |
| State v. Torbert, 200 Ala. 663 | 79+2 | Under Code 1907, S 6698, probate judge of Hale county is clerk of county court of which he is also judge; provision of Acts 1915, p. 865, S 9, subsec. 3, which makes clerk of circuit court ex officio clerk of county court, being limited to counties having more than 26,000 and less than 26,100 inhabitants. | Will the clerks of a circuit court be ex-officio clerks of a county court? | Clerks of Court - Memo 51 - RK.docx | ROSS-003300135-ROSS-003300136 |
| Hous. Auth. of City of Newark v. Ricciardi, 176 N.J. Super. 13 | 148+63 | It is not necessarily any proposed or adopted redevelopment plan for the area but rather the declaration of blight itself which is the act of independent significance engendering a decline in value. N.J.S.A. 20:3-30, 20:3-38, 40:55-21.10. | What is the ordinary and natural consequence of a declaration of blight under the statutes eminent domain? | 017627.docx | LEGALEASE-00126607-LEGALEASE-00126608 |
| Sisk v. Abbott Labs., 298 F.R.D. 314 | 170A+751 | The failure to plead an affirmative defense as required by federal rule governing pleading results in the waiver of that defense and its exclusion from the case; such waiver, however, should not be effective unless the failure to plead resulted in unfair surprise or prejudice. Fed.Rules Civ.Proc.Rule 8(c), 28 U.S.C.A. | Does the failure to plead an affirmative defense result in the waiver of that defense? | 023062.docx | LEGALEASE-00126720-LEGALEASE-00126721 |
| Borough of Scottdale v. Nat'l Cable Television Corp., 476 Pa. 47 | 317A+112 | The category of business activities affected with public interest which can be subjected to regulation as public utilities is not a closed category. | Is there a closed category of business activities affected with public interest? | Public Utilities - Memo 194 - AM.docx | LEGALEASE-00016630-LEGALEASE-00016631 |
| Stonega Coke & Coal Co. v. Price, 106 F.2d 411 | 150+423 | A decree in equity may speak as of its date and should completely determine the controversy before the court. | Can a decree in equity speak as of its date and should completely determine the controversy before the court? | 006246.docx | LEGALEASE-00127168-LEGALEASE-00127169 |
| Circuit City Stores v. Najd, 294 F.3d 1104 | 25T+134(2) | Generally applicable contract defenses, such as lack of consideration and mutual assent, may invalidate an arbitration agreement. 9 U.S.C.A. S 2. | Can lack of consideration invalidate an arbitration agreement? | Alternative Dispute Resolution - Memo 438 - RK.docx | ROSS-003286420-ROSS-003286421 |
| Coleman v. Nat'l Movie-Dine, 449 F. Supp. 945 | 25T+134(3) | Claim of fraud in inducement of contract is insufficient to prevent invocation of arbitration provision of contract. 9 U.S.C.A. S 1 et seq. | Cana claim of fraud in the inducement of a contract prevent the invocation of an arbitration provision in the contract? | 007233.docx | LEGALEASE-00127227-LEGALEASE-00127228 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Chicago Ry. Equip. Co. v. Merchants' Nat. Bank, 136 U.S. 268 | 83E+335 | An instrument in the usual form of a promissory note, to pay to the order of the payee a certain sum at a certain time, contained the statement that it was one of a series of 25 notes, and should "become due and payable to the holder on the failure of the maker to pay the principal and interest of any one of the notes of said series," and that all of said notes were "given for the purchase price of 250 railway freight cars manufactured by the payee hereof, and sold by said payee to the maker hereof, which cars are numbered from 13,000 to 13,249, inclusive, and marked on the side thereof with the words and letters, "Blue Line, C. & E.I.R.R. Co.'; and it is agreed by the maker hereof that the title to said cars shall remain in the said payee until all the notes of said series, both principal and interest, are fully paid, all of said notes being equally and ratably secured on said cars." Held, that the note was negotiable. | Does failure to pay series of notes affect the negotiability of the instrument? | 009043.docx | LEGALEASE-00126946-LEGALEASE-00126947 |
| Thompson v. Thompson, 149 Tex. 632 | 8.30E+303 | Time certificates of deposit payable to owner at a future date constitute "negotiable instruments" and are in effect promissory notes of issuing bank. | Could time deposits be considered as nonnegotiable instruments under US Law? | 010988.docx | LEGALEASE-00126962-LEGALEASE-00126963 |
| Raitport v. Provident Nat. Bank, 451 F. Supp. 522 | 79+72 | At common law, court clerks enjoy no immunity with respect to performance of ministerial duties, such as the docketing of papers or the issuance of writs, but, rather, liability attaches only for nonperformance or improper performance of required act. | Is a prothonotary a clerk of court of common pleas? | 013450.docx | LEGALEASE-00126902-LEGALEASE-00126903 |
| Fisher v. City of Berkeley, 37 Cal. 3d 644 | 268+619 | The fixing of prices, like other applications of the police power, may reduce the value of the property which is being regulated; but the fact that the value is reduced does not mean that the regulation is invalid. U.S.C.A. Const.Amends. 5, 14. | Is fixing of prices invalid under the eminent domain statutes? | 017656.docx | LEGALEASE-00126983-LEGALEASE-00126985 |
| Sparks v. Porter, 270 F.Supp. 953 | 101+1249 | Provision of Florida fictitious name statute to effect that person shall include every individual, whether natural or artificial, firm or group or combinations of individuals or partnerships, whether natural or representative, except corporations, does not exempt corporations from the statute. F.S.A. S 865.09(2). | Can the term person be used to refer to partnerships and other associations? | 021944.docx | LEGALEASE-00127261-LEGALEASE-00127262 |
| Corwin v. Shoup, 76 Ill. 246 | 30+749 | A plea of release of errors must state the facts relied upon, and one which merely averred that the errors were released, without stating in what manner or by what act they were released, was insufficient. | Should a plea of release of errors state the facts relied upon? | 023068.docx | LEGALEASE-00126894-LEGALEASE-00126895 |
| Hunn v. Dan Wilson Homes, 789 F.3d 573 | 308+69(8) | Under Texas law, agent has a duty after the termination of the agency not to use or to disclose to third persons principal's trade secrets or other similar confidential matters. | Does the duty of confidentiality stay even after termination of agency? | 041770.docx | LEGALEASE-00127112-LEGALEASE-00127113 |
| Auclair v. Vermont Elec. Power Co., 133 Vt. 22 | 317A+113 | Issuance of certificate of public good by Public Service Board is resolution that project for which certificate is granted is in public interest of the state. 30 V.S.A. S 248. | Is the issuance of the certificate of public good a determination that the project for which it is granted is in the public interest? | 042428.docx | LEGALEASE-00126950-LEGALEASE-00126951 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| City of Tallahassee v. Mann, 411 So. 2d 162 | 145+11.3(1) | Public Service Commission does not have jurisdiction over a municipal electric utility's rates although it has jurisdiction to prescribe a rate structure for all utilities and, for such purpose, "rates" refers to the dollar amount charged for aparticular service or an established amount of consumption while "rate structure" refers to the classification system used in justifying different rates. West's F.S.A. S 366.04(2)(b). | Does the Public Service Commission (PSC) have jurisdiction over the rate structure of municipal utilities? | 042434.docx | LEGALEASE-00127017-LEGALEASE-00127018 |
| Liberty Mut. Ins. Co. v. Perfect Knowledge, 299 A.D.2d 524 | 366+35 | Waiver of subrogation provisions, which reflect the parties' allocation of the risk of liability between themselves to third parties through the device of insurance, are generally valid and enforceable. | Are waiver-of-subrogation provisions valid and enforceable? | 044255.docx | LEGALEASE-00127116-LEGALEASE-00127117 |
| Murray v. Cadle Co., 257 S.W.3d 291 | 366+1 | The trial court must balance the equities in view of the totality of the circumstances to determine whether a party is entitled to equitable subrogation. | Does subrogation depends on a balancing of equities? | 044271.docx | LEGALEASE-00126954-LEGALEASE-00126956 |
| McDonald v. Bryson, 97 Ga. App. 466 | 13+65 | Where suit is filed on a chose in action and during pendency of suit plaintiff obtains an assignment of his chose in action, demurrer based on such assignment will be sustained and petition dismissed inasmuch as a plaintiff may recover only upon facts as they exist at time of commencement of action. | Can a plaintiff recover only upon facts as they exist at time of commencement of action? | Action - Memo # 649 - C - KA.docx | ROSS-003313391-ROSS-003313392 |
| Holt v. Wissinger, 145 Conn. 106 | 13+65 | Equitable relief, whether injunctive or otherwise, is to be granted, if at all, only on situation as it exists at time of trial, even though past conduct may be considered in determining, at time of trial, probability of future conduct warranting injunctive relief. | Is injunctive relief to be granted only in a situation as it exists at the time of trial? | 005869.docx | LEGALEASE-00127309-LEGALEASE-00127310 |
| Hoffmann v. T.J. Ronan, 275 A.D. 57 | 13+65 | In equity action, state of facts existing at time of trial, not at commencement of action, controls. | "In actions in equity, does the state of facts existing at the time of the trial control?" | Action - Memo # 679 - C - KG.docx | ROSS-003303367-ROSS-003303369 |
| Mediacom Commc'ns Corp. v. Sinclair Broad. Grp., 460 F. Supp. 2d 1012 | 212+1064 | Conditions at time of hearing, rather commencement of suit, will generally be basis for any injunctive relief. | Does a condition existing at the time of hearing of the suit furnish a basis for injunctive relief? | 005939.docx | LEGALEASE-00127822-LEGALEASE-00127823 |
| Costello v. United States, 365 U.S. 265 | 150+72(1) | Laches requires proof of lack of diligence by party against whom defense is asserted and prejudice to party asserting the defense. | Are elements necessary to the recognition of defense of laches proof of lack of diligence by the party against whom it is asserted and prejudice to the party asserting such defense? | 006031.docx | LEGALEASE-00127325-LEGALEASE-00127326 |
| Minnesota Min. & Mfg. Co. v. Plymouth Rubber Co., 178 F. Supp. 591 | 13+65 | The existence of a cause of action is to be tested as of time of filing of complaint and no recovery may be had if no cause be shown to exist at that time. | Is the existence of a cause of action to be tested as of the time of filing of the complaint? | 006058.docx | LEGALEASE-00127545-LEGALEASE-00127546 |
| Knapp-Monarch Co. v. Casco Prod. Corp., 342 F.2d 622 | 13+65 | Cause of action is to be tested as of time of filing of complaint and if no active infringement occurred before filing of complaint, it is fatally defective and cannot be cured by infringement after filing. | "If no act of patent infringement occurred prior to filing of a complaint, is it fatally defective?" | 006060.docx | LEGALEASE-00127553-LEGALEASE-00127554 |
| Richardson v. Richardson, 309 Mich. 336 | 13+65 | Conditions existing at time of commencement of legal action govern in determining issues therein. Comp.Laws 1929, S 13972. | Do conditions existing at the time of the commencement of legal action govern in determining issues therein? | 006068.docx | LEGALEASE-00127654-LEGALEASE-00127655 |
| Pokorny v. Quixtar, 601 F.3d 987 | 25T+134(6) | Agreements to arbitrate must contain at least a modicum of bilaterality to avoid unconscionability under California law. | Should arbitration agreements contain at least a modicum of bilaterality to avoid unconscionability? | Alternative Dispute Resolution - Memo 445 - RK.docx | ROSS-003290008-ROSS-003290009 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lomax v. Woodmen of World Life Ins. Soc'y, 228 F. Supp. 2d 1360 | 25T+134(6) | Generally, prohibiting class wide arbitration does not render an otherwise valid arbitration clause unconscionable. | Does prohibiting class wide arbitration render an otherwise valid arbitration clause unconscionable? | Alternative Dispute Resolution - Memo 447 - RK.docx | ROSS-003284994-ROSS-003284995 |
| United States v. Gundy, 842 F.3d 1156 | 67+2 | The generic, contemporary definition of burglary consists of these elements: (1) an unlawful or unprivileged entry into, or remaining in, (2) a building or other structure, (3) with intent to commit a crime therein. | What are the elements of burglary? | Burglary - Memo 8 - RK.docx | LEGALEASE-00017538-LEGALEASE-00017539 |
| Greater Wilmington Transp. Auth. v. Kline, 285 A.2d 819 | 317A+141 | State Public Service Commission is essentially a regulatory body performing certain statutorily authorized legislative functions, not including the granting of franchises. 26 Del.C. SS 127, 162. | Is the Public Service Commission essentially a regulatory body? | 042462.docx | LEGALEASE-00127700-LEGALEASE-00127701 |
| Hancock Fabrics v. Alterman Real Estate I, 302 Ga. App. 568 | 217+3522 | Waiver of subrogation clauses in leases are enforceable even in the absence of a requirement that either party purchase insurance. | Is a waiver of subrogation clauses in leases enforceable? | 043426.docx | LEGALEASE-00127732-LEGALEASE-00127733 |
| Hancock Fabrics v. Alterman Real Estate I, 302 Ga. App. 568 | 217+3522 | Waiver of subrogation clauses in leases are enforceable even in the absence of a requirement that either party purchase insurance. | Are waiver of subrogation clauses in lease agreements enforceable? | 043444.docx | LEGALEASE-00127807-LEGALEASE-00127809 |
| St. Paul Fire & Marine Ins. Co. v. Amerada Hess Corp., 275 N.W.2d 304 | 366+35 | Waiver of right of subrogation must be by act of subrogee; it cannot be contracted away by conduct or agreement of third parties. | Is a waiver of the right of subrogation an act of the subrogee? | Subrogation - Memo # 1203 - C - KBM.docx | ROSS-003285393-ROSS-003285394 |
| Travelers Indem. Co. of Connecticut v. Losco Group, 204 F. Supp. 2d 639 | 366+35 | Under New York law, claims for gross negligence are not precluded by waivers of subrogation provisions. | Are claims for gross negligence precluded by waivers of subrogation provisions? | 043540.docx | LEGALEASE-00127749-LEGALEASE-00127751 |
| Am. Zurich Ins. Co. v. Barker Roofing, 387 S.W.3d 54 | 217+3522 | Indemnification clause in subcontract pertaining to claims or losses incurred due to delay in subcontractor's performance of the subcontract work as directed by prime contractor or in accordance with the subcontract's terms due to inadequate staffing, due to delay in preparation, procurement or purchasing, due to correction of defective work, or due to sub-subcontractor delay, labor issues, and insolvency did not modify owner's and prime contractor's contractual waiver of all rights against subcontractors for damages covered by property insurance. | "Does the project owner's and contractor's contractual waiver of all rights against subcontractors ""for damages caused by fire"" waive all rights for fire damage?" | 043545.docx | LEGALEASE-00127756-LEGALEASE-00127757 |
| In re Berg, 387 B.R. 524 | 366+35 | Under Illinois law, conventional subrogation will be applied even when the record shows a release of the satisfied encumbrance. | Will conventional subrogation be applied even when the record shows a release of the satisfied encumbrance? | 043572.docx | LEGALEASE-00127666-LEGALEASE-00127667 |
| State v. Labor & Indus. Review Comm'n, 136 Wis. 2d 281 | 92+2528 | Because law of worker's compensation is statutory, public policy questions concerning its scope and fairness are for legislature, not courts. W.S.A. 102.17(4), 102.66. | Are policy considerations in workers compensation matters for the legislature or the courts? | 048534.docx | LEGALEASE-00127398-LEGALEASE-00127399 |
| State ex rel. Priest v. Gunn, 326 S.W.2d 314 | 13+65 | Matters arising pendente lite may be pleaded in defense by respondent in mandamus proceeding or by the relator in his replication. | Can matters arising pendentelite be pleaded in defense by respondent in mandamus proceeding or by the relator in his replication? | Action - Memo # 829 - C - VA.docx | ROSS-003284909-ROSS-003284911 |
| Morales v. Sun Constructors, 541 F.3d 218 | 25T+135 | Arbitration clauses may be attacked under such grounds as exist at law or in equity for the revocation of a contract. | Can arbitration provisions be attacked under grounds that exist at law or in equity for the revocation of a contract? | 007250.docx | LEGALEASE-00128651-LEGALEASE-00128652 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Jacques, 463 F.2d 653 | 34+20.1(1) | Constitutional grant of power to raise and support armies is not dependent on a declaration of war and fact that there has been no formal declaration of war does not, therefore, affect the congressional power of conscription. Military Selective Service Act, SS 1 et seq., 12(a), 50 U.S.C.A. App. SS 451 et seq., 462(a). | Does Congress have the power to compel military service in peacetime? | 008316.docx | LEGALEASE-00128602-LEGALEASE-00128603 |
| Padilla ex rel. Newman v. Bush, 233 F. Supp. 2d 564 | 34+1 | President may exercise his powers as Commander in Chief without a declaration of war. | Can the president exercise his powers as commander in chief without a declaration of war? | 008353.docx | LEGALEASE-00128413-LEGALEASE-00128414 |
| In re Bridges, 28 S.W.3d 191 | 287+65(1) | The right to a nonsuit exists at the moment a written motion is filed with the clerk of the court, and the granting of a nonsuit is merely a ministerial matter. Vernon's Ann.Texas Rules Civ.Proc., Rules 162, 163. | Does the party requesting a non-suit have an absolute right to a non-suit at the moment the motion is filed? | 038861.docx | LEGALEASE-00128308-LEGALEASE-00128309 |
| Bell v. Hummel, 136 Cal. App. 3d 1009 | 30+105 | Generally, voluntary dismissal by plaintiff where defendant has not sought affirmative relief is effective immediately and no appeal lies therefrom. | Is a voluntary dismissal effective immediately? | Pretrial Procedure - Memo # 953 - C - ES.docx | ROSS-003286873-ROSS-003286874 |
| In re New York Skyline, 432 B.R. 66 | 307A+501 | Under New York law, stipulation of discontinuance "with prejudice" is narrowly interpreted when the interests of justice, or the particular equities involved, warrant such an approach. | How does the court interpret or construe the language with prejudice when interests of justice or particular equities are involved? | 039045.docx | LEGALEASE-00128251-LEGALEASE-00128252 |
| Erie R. Co. v. Pub. Utilities Comm'n of Ohio, 123 Ohio St. 682 | 320+227 | In railroads' purely interstate operations, publication of notice of filing of application and proof of public convenience and necessity are unnecessary. | Is the publication of a notice for filing an application required in a purely interstate operation as per the Public Utilities Commission? | 042476.docx | LEGALEASE-00128188-LEGALEASE-00128189 |
| St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply, 317 F. Supp. 2d 33 | 217+3522 | Under New York law, parties to agreement may waive their insurer's right of subrogation; however, waiver of subrogation clause cannot be enforced beyond scope of specific context in which it appears. | Can a waiver of subrogation provision be enforced beyond the scope what appears in a contract? | 043232.docx | LEGALEASE-00128450-LEGALEASE-00128452 |
| St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply, 317 F. Supp. 2d 33 | 366+35 | Under New York law, enforcement of waiver of subrogation depends on specific terms of waiver as executed by parties. | Does enforcement of waiver of subrogation depend on specific terms of waiver as executed by parties? | 043275.docx | LEGALEASE-00128463-LEGALEASE-00128464 |
| St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply, 317 F. Supp. 2d 33 | 366+35 | Under New York law, waiver of subrogation clause can bar subrogated claim for gross negligence. | "Under law, can a waiver of subrogation clause bar a subrogated claim for gross negligence?" | 043277.docx | LEGALEASE-00128475-LEGALEASE-00128476 |
| Pecot v. Hill, 227 La. 131 | 13+65 | Generally, a plaintiff's right to relief depends upon existence of such right at inception of suit. | Does a plaintiff's right to relief depend upon the existence of such right at the inception of the suit? | Action - Memo # 842 - C - DA.docx | ROSS-003300401-ROSS-003300402 |
| Manor Bldg. Corp. v. Manor Complex Assocs., Ltd., 435 Pa. Super. 246 | 8.30E+05 | Purpose of Uniform Commercial Code (UCC) is to enhance marketability of negotiable instruments and to allow bankers, brokers, and general public to trade in confidence. 13 Pa.C.S.A. S 3101 et seq. | What is the purpose of the Universal Commercial Code? | Bills and Notes - Memo 145 - RK.docx | ROSS-003327100-ROSS-003327101 |
| Jones v. Bruce, 211 S.W. 692 | 289+502 | In a contest between alleged partners, the proof of partnership must be by the clearest and most positive evidence. | Will the proof of partnership have to be by the clearest and most positive evidence when partnership has been contested between alleged partners? | 021993.docx | LEGALEASE-00128917-LEGALEASE-00128918 |
| Colorado Performance Corp. v. Mariposa Associates, 754 P.2d 401 | 226H+17 | A joint venture is a partnership formed for a limited purpose; hence, the substantive law of partnerships must be applied in determining whether a joint venture exists. | Is the substantive law of partnerships applicable to joint ventures? | Partnership - Memo 239 - RK.docx | LEGALEASE-00018716-LEGALEASE-00018717 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dickenson Manor v. Slagle, 732 S.W.2d 263 | 401+5.3(1) | Phrase "whereby the title thereto may be affected" in statute providing "Suits for the possession of real estate, or whereby the title thereto may be affected, or for the enforcement of the lien of any special tax bill thereon, shall be brought in the county where such real estate, or some part thereof, is situated," means that judgment must operate directly upon the real estate title. V.A.M.S. S 508.030. | How is the term whereby the title may be affected interpreted by the courts? | 047496.docx | LEGALEASE-00128883-LEGALEASE-00128884 |
| City of San Benito v. Rio Grande Valley Gas Co., 109 S.W.3d 750 | 250+187.5 | Unnamed class members did not waive challenge to denial of opt-out requests by failing to seek appellate or mandamus review until after final judgment and by failing to seek mandamus relief in the Supreme Court after the court of appeals denied mandamus relief; the members had no right to interlocutory appeal from initial denial of opt-out requests a year before final judgment, and filing a request for an extraordinary writ was not a prerequisite to an appeal. V.T.C.A., Civil Practice & Remedies Code S 51.014. | Is filing a request for an extraordinary writ a prerequisite to an appeal? | Appeal and error - Memo 32 - RK.docx | ROSS-003300494-ROSS-003300496 |
| Clohset v. No Name Corp., 302 Mich. App. 550 | 228+489 | Lack of subject matter jurisdiction can be collaterally attacked, whereas the exercise of that jurisdiction can be challenged only on direct appeal. | Can the lack of subject matter jurisdiction be collaterally attacked? | Appeal and error - Memo 36 - RK.docx | ROSS-003313976-ROSS-003313978 |
| Liberty Loan Corp. of Eunice v. Lavine, 324 So. 2d 481 | 83E+417 | If instrument is originally bearer paper, it forever remains bearer paper, in spite of special endorsements. LSA-R.S. 7:40. | Does an instrument which is originally bearer paper remain so after special endorsements? | 009372.docx | LEGALEASE-00129024-LEGALEASE-00129025 |
| State ex rel. Little Prairie Special Rd. Dist. of Pemiscot Cty. v. Thompson, 315 Mo. 56 | 200+121 | Road district, being municipal corporation, can levy general taxes on property within its boundaries for purposes of district. | Can a Road district levy general taxes on property? | Highways - Memo 39 - RK.docx | LEGALEASE-00018962-LEGALEASE-00018963 |
| Temple v. Cotton Transfer Co., 126 Neb. 287 | 307A+501 | "Dismissal" in effect is equivalent of "nonsuit," and, in practice, also imports the same thing as "discontinuance." | "Is a ""dismissal"" in effect equivalent of a ""nonsuit,"" and, does it in practice imports the same thing as ""discontinuance""?" | 026221.docx | LEGALEASE-00129111-LEGALEASE-00129112 |
| Senseley v. First Nat. Life Ins. Co., 205 La. 61 | 307A+501 | Plaintiff has control of a suit and the right to discontinue or dismiss it at any time except where rights of defendant are prejudiced, and as respects a reconventional demand the defendant has similar control and rights. Code Prac. art. 491. | Does a plaintiff have control of a suit and the right to discontinue or dismiss it at any time? | Pretrial Procedure - Memo # 1310 - C-BP.docx | LEGALEASE-00018972-LEGALEASE-00018973 |
| Copar Pumice Co. v. Bosworth, 502 F. Supp. 2d 1200 | 260+29 | The Forest Service is authorized to manage surface resources by federal statute, but not to interfere with mining claims. Multiple Use Mining Act of 1955, S 4, 30 U.S.C.A. S 612. | Is the Forest Service authorized to interfere with mining claims? | Woods and Forest - Memo 35 - RK.docx | ROSS-003301818-ROSS-003301819 |
| Copar Pumice Co. v. Bosworth, 502 F. Supp. 2d 1200 | 260+29 | The Forest Service is authorized to manage surface resources by federal statute, but not to interfere with mining claims. Multiple Use Mining Act of 1955, S 4, 30 U.S.C.A. S 612. | Is the Forest Service authorized to manage surface resources? | Woods and Forest - Memo 37 - RK.docx | LEGALEASE-00018980-LEGALEASE-00018981 |
| Thomson-CSF, S.A. v. Am. Arbitration Ass'n, 64 F.3d 773 | 25T+141 | Traditional principles of agency law may bind nonsignatory to arbitration agreement. | Can traditional principles of agency law bind a nonsignatory to an arbitration agreement? | 007336.docx | LEGALEASE-00129618-LEGALEASE-00129619 |
| Scates v. Arizona Corp. Comm'n, 118 Ariz. 531 | 30+14(2) | Superior court's entry of judgment based on specific mandate and opinion of Court of Appeals is nonappealable. | Is a superior court's entry of judgment based on a specific mandate appealable? | Appeal and error - Memo 60 - RK.docx | ROSS-003326095-ROSS-003326096 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Evans v. Charity Hosp. in New Orleans, 2000-0202 (La. App. 4 Cir. 11/14/01), 801 So. 2d 1192 | 106+204 | Difference between supervisory jurisdiction and appellate jurisdiction is that the former is discretionary on the part of the appellate court while the latter is invocable by the litigant as a matter of right. | What is the difference between appellate and supervisory jurisdiction? | 008240.docx | LEGALEASE-00129455-LEGALEASE-00129456 |
| Com. v. Spano, 451 Pa. Super. 226 | 30+21 | Neither silence nor agreement of parties will confer jurisdiction where it otherwise would not exist; therefore, even if a party fails to raise issue of jurisdiction, it is still affirmative duty of Superior Court to consider issue of subject-matter jurisdiction. | Can parties waive issues regarding appellate jurisdiction and confer jurisdiction on the Supreme Court by agreement? | Appeal and error - Memo 67 - RK.docx | LEGALEASE-00019040-LEGALEASE-00019042 |
| McReynolds v. Benner Twp., 368 Pa. Super. 301 | 30+23 | Although neither party raised the issue, Superior Court could consider sua sponte whether it had jurisdiction over the case. | Can a court raise the issue of its jurisdiction sua sponte? | 008273.docx | LEGALEASE-00129583-LEGALEASE-00129584 |
| Killough v. Killough, 373 So. 2d 336 | 134+178 | Marriage is dissolved by death of a party and an action pending for dissolution by divorce is terminated and absolutely abated by the death, but if there is a judgment affecting property rights, death of a party may not affect right of unsuccessful party or his representative to institute vacation proceedings or proceed to appeal. | Is an appeal permitted to proceed after the death of a party? | 008280.docx | LEGALEASE-00129589-LEGALEASE-00129590 |
| Landry v. Minvielle, 219 So. 2d 235 | 30+334(1) | An appeal cannot be prosecuted in name of a person deceased, and any judgment rendered by an appellate court for or against one deceased and not represented before it, is an absolute nullity. Uniform Rules, Courts of Appeal, rule 13, S 2, 8 LSA-R.S. | Will an appeal on behalf of a deceased person be treated as a nullity? | 008284.docx | LEGALEASE-00129593-LEGALEASE-00129594 |
| In re Kolben's Estate, 203 Misc. 1012 | 8.30E+76 | Although death of the drawer of a check given for a valuable consideration does not terminate the drawer's liability upon the instrument, it does operate to revoke the authority of the payee to collect from the drawee, and the payee is entitled only to a recovery from the drawer's estate as a general creditor, since payee acquired no vested right in funds in hands of the drawee, but the title thereto has passed to drawer's legal representative. Negotiable Instruments Law, S 325. | Does the death of the maker of a check or instrument terminate his liability? | Bills and Notes - Memo 171 - RK.docx | LEGALEASE-00019094-LEGALEASE-00019095 |
| State v. Ralph Williams N. W. Chrysler Plymouth, 87 Wash. 2d 298 | 67+2 | Crime of burglary is complete when entry has been made into an automobile without the owner's consent and with an intent to commit a felony, theft, or assault; consummation of the intended felony, theft, or assault is not necessary to complete the crime. T.C.A. S 39-14-402(a)(4). | When is the crime of burglary complete? | Burglary - Memo 44 - RK.docx | ROSS-003300684-ROSS-003300686 |
| Com. v. Simpson, 316 Pa. Super. 115 | 210+815 | Criminal trespass is not a lesser included offense of burglary, since one of the elements of the former is knowledge by defendant that he was not privileged to enter, which is not an element of burglary. | Is knowledge an element of burglary? | 013232.docx | LEGALEASE-00129645-LEGALEASE-00129646 |
| State v. Pierre, 131 So. 3d 319, 324 | 67+9(2) | To constitute simple burglary, it is sufficient if entry into vehicle is accomplished by opening hood and it is not necessary that there be entry into part of vehicle capable of or designed to accommodate a person. LSA-R.S. 14:3, 14:62, 14:67, 14:68. | Does opening the hood of a vehicle constitute burglary? | 013247.docx | LEGALEASE-00129657-LEGALEASE-00129658 |
| Sealey v. Bd. of Educ., 14 S.W.3d 597 | 141E+449 | Mere possession of a teaching certificate, without more, does not satisfy the statutory definition of a teacher. V.A.M.S. S 168.104(7). | Does mere possession of a teaching certificate satisfies the statutory definition of a teacher? | 016968.docx | LEGALEASE-00129263-LEGALEASE-00129264 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Brooks v. Sch. Dist. of City of Moberly, Mo., 267 F.2d 733 | 316P+145 | Under Missouri law, a teacher, on expiration of his contract, has neither contractual nor statutory rights to continued employment. V.A.M.S. S 163.090. | Does a teacher on expiration of his contract has contractual or statutory rights to continued employment? | 016982.docx | LEGALEASE-00129279-LEGALEASE-00129280 |
| DeLong v. Bd. of Ed. of Sw. Sch. Dist., 36 Ohio St. 2d 62 | 141E+560 | Teacher had no statutory right to reemployment upon expiration of her three-year limited contract, despite recommendation of superintendent that she be reemployed under a continuing contract. R.C. S 3319.11. | Does a teacher on expiration of his contract has contractual or statutory rights to continued employment? | Education - Memo # 87 - C- NA.docx | LEGALEASE-00019190-LEGALEASE-00019191 |
| People v. McCue, 150 Cal. 195 | 388+398 | In an action by the people to abate an obstruction in a highway, the complainant alleged certain probative facts but alleged that the street was a public highway, and the court, in addition to finding the probative facts alleged, found, under the "findings of facts," that the street was a public highway. Held that, though the former facts found did not show that the street was a public highway, such fact was of no avail to defendant on appeal, as the latter finding of the court was a finding of an ultimate fact and could not be treated as a conclusion of law or as a mere general conclusion of fact from the specific facts previously found. | "Is an allegation that a street is a highway, an allegation of ultimate fact?" | 023129.docx | LEGALEASE-00129463-LEGALEASE-00129465 |
| Cook v. Lichtblau, 176 So. 2d 523 | 307A+501 | Plaintiff may not terminate action as matter of right by taking nonsuit whether voluntary or involuntary. 30 F.S.A. Rules of Civil Procedure, rule 1.35. | Is a plaintiff entitled to take nonsuit as a matter of right? | 023998.docx | LEGALEASE-00129446-LEGALEASE-00129448 |
| Harvey Aluminum v. Am. Cyanamid Co., 203 F.2d 105 | 170A+1692 | The purpose of the rule permitting voluntary dismissal is to facilitate voluntary dismissals, and to limit them to an early stage of the proceedings before issue is joined. Fed.Rules Civ.Proc. rule 41(a)(1), 28 U.S.C.A. | Does the rule related to voluntary dismissal limit such dismissal as a matter of right to the early stages of litigation? | Pretrial Procedure - Memo # 1003 - C - SK.docx | LEGALEASE-00019244-LEGALEASE-00019245 |
| Mass v. Superior Court In & For City & Cty. of San Francisco, 197 Cal. App. 2d 430 | 307A+597 | Since exceptions to operation of dismissal statutes must be strictly construed, mere discussion of delay is not sufficient and there must be specific agreement to waive provisions of statute. West's Ann.Code Civ.Proc. S 583. | Should the exceptions to the operation of dismissal statutes be strictly construed? | Pretrial Procedure - Memo # 1038 - C - KI.docx | ROSS-003286922-ROSS-003286924 |
| Knightstown Banner v. Town of Knightstown, 882 N.E.2d 270 | 307A+501 | The test for determining whether a voluntary dismissal is proper is whether the opposing party would be substantially prejudiced by dismissal. Trial Procedure Rule 41(A)(2). | What is the test for determining whether a voluntary dismissal is proper? | Pre-trial Procedure - Memo # 1044 - C - KG.docx | ROSS-003328117-ROSS-003328118 |
| Jacobs v. Jacobs, 127 Misc. 505 | 307A+501 | Right to discontinue matrimonial action may be denied in its entirety, unconditionally, in proper case. | "Can the right to discontinue a matrimonial action be denied in its entirety, unconditionally?" | 026235.docx | LEGALEASE-00129449-LEGALEASE-00129450 |
| State ex rel. Meramec Iron Co. v. Gaddy, 83 Mo. 138 | 307A+501 | It is only where the action of the court on the trial is such as to preclude the plaintiff from a recovery that it is proper to suffer a nonsuit. | Is it only where the action of the court on the trial is such as to preclude the plaintiff from a recovery that it is proper to suffer a nonsuit? | Pretrial Procedure - Memo # 1329 - C - RY.docx | ROSS-003301218-ROSS-003301219 |
| Bd. of Trustees of City of Delray Beach Police & Firefighters Ret. Sys. v. Citigroup Glob. Markets, 622 F.3d 1335 | 25T+141 | Determination of whether a signatory has authority to bind non-signatory to arbitrate turns on specific facts of each case. | How do courts determine the authority of a signatory to bind a non-signatory to arbitrate? | Alternative Dispute Resolution - Memo 510 - RK.docx | LEGALEASE-00019558-LEGALEASE-00019559 |
| Thomson-CSF, S.A. v. Am. Arbitration Ass'n, 64 F.3d 773 | 25T+141 | As a general matter, corporate relationship alone is not sufficient to bind nonsignatory to arbitration agreement. | Is a corporate relationship sufficient to bind a nonsignatory to an arbitration agreement? | Alternative Dispute Resolution - Memo 519 - RK.docx | ROSS-003286516-ROSS-003286517 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jones v. State Bd. of Ed. Of & For State of Tenn., 279 F. Supp. 190 | 67+4 | Removal of a wheel, tire, hub cap, or lug nuts, or any combination of the above, from the outside of a conveyance could not constitute burglary, as there was no intent to commit an offense within the vehicle. West's F.S.A. S 810.02. | Does the removal of tires from a vehicle constitute burglary? | 013224.docx | LEGALEASE-00129707-LEGALEASE-00129708 |
| Rose v. Rose, 526 N.E.2d 231 | 307A+501 | Generally, voluntary dismissal should be allowed unless defendant will suffer some legal prejudice other than mere prospect of second suit. Trial Procedure Rule 41(A, C). | Should dismissal be allowed if a defendant suffers some legal prejudice? | 025193.docx | LEGALEASE-00129831-LEGALEASE-00129832 |
| Dobson v. Crews, 164 So. 2d 252 | 307A+501 | Voluntary nonsuit or dismissal may be effected only by compliance with applicable rule. 30 F.S.A. Rules of Civil Procedure, rule 1.35(a). | Can a voluntary nonsuit or dismissal be effected only by compliance with applicable rules? | Pretrial Procedure - Memo # 1071 - C - SHS.docx | ROSS-003287667-ROSS-003287668 |
| Mays v. Disneyland, 213 Cal. App. 2d 297 | 307A+742.1 | Purpose of pretrial is to expedite proceedings and to facilitate correct determination of issues and pretrial proceeding should not become trap for unwary. | Should the purpose of a pretrial proceeding become a trap for the unwary? | 026260.docx | LEGALEASE-00129823-LEGALEASE-00129824 |
| Brown v. Hardin, 197 Kan. 517 | 307A+742.1 | At pretrial conference court may make any determination that will aid in fair, orderly and efficient disposition of the action. K.S.A. 60-216. | What determination will the court make at a pretrial conference? | 026327.docx | LEGALEASE-00129893-LEGALEASE-00129894 |
| Conover v. Smith, 20 Ill. App. 3d 258 | 307A+44.1 | Purpose of sanctions of Supreme Court rule governing failure to comply with order or rules relating to discovery or pretrial conferences is to coerce cooperation rather than to dispose of litigation as a form of punishment. Supreme Court Rules, rule 219(c), S.H.A. ch. 110A, S 219(c). | What is a pretrial conference? | 026333.docx | LEGALEASE-00129921-LEGALEASE-00129922 |
| Thomas v. Gray, 19 Mich. App. 90 | 307A+742.1 | Although intended objective of pretrial procedure is to permit party to rely on pretrial statement to frame issues to be tried, primary concern is to see that justice prevails. | Is it the primary concern of a pretrial procedure to see that justice is done? | 026334.docx | LEGALEASE-00129940-LEGALEASE-00129941 |
| Malerbi v. Cent. Reserve Life of N. Am. Ins. Co., 225 Neb. 543 | 307A+742.1 | Pretrial conferences are conducted to simplify issues, amend pleadings, and avoid unnecessary proof of facts at trial and to avoid traps and surprises at trial. | What is the purpose of pretrial conference and what does it avoid? | Pretrial Procedure - Memo # 1401- C - SHB.docx | LEGALEASE-00019838-LEGALEASE-00019839 |
| King v. Zimmerman, 266 Mont. 54 | 307A+743 | Purpose of pretrial orders is to prevent surprise, simplify issues, and permit counsel to prepare their case for trial on basis of pretrial orders. | Does a pretrial order prevent surprise? | Pretrial Procedure - Memo # 1420 - C - VA.docx | ROSS-003314485-ROSS-003314488 |
| Cook v. Nacogdoches Anesthesia Grp., L.L.P., 167 S.W.3d 476 | 307A+501 | The party requesting a nonsuit has an absolute right to a nonsuit at the moment the motion is filed with the clerk, so long as the motion is timely filed. | Does a moving party have an absolute right to nonsuit when a motion for voluntary nonsuit is timely? | 026602.docx | LEGALEASE-00130008-LEGALEASE-00130010 |
| Rose v. Rose, 526 N.E.2d 231 | 307A+501 | Generally, voluntary dismissal should be allowed unless defendant will suffer some legal prejudice other than mere prospect of second suit. Trial Procedure Rule 41(A, C). | "Should dismissal of a plaintiff's action be allowed, even if a defendant suffers a prospect of a second lawsuit?" | 026605.docx | LEGALEASE-00130011-LEGALEASE-00130012 |
| People v. Hayward, 54 Misc. 3d 19 | 399+1 | Allegations that defendant was on a public sidewalk when he approached pedestrians while holding compact discs (CD), spoke to the pedestrians, and followed them for approximately one block, were insufficient to support an inference that defendant's purpose was to obtain an immediate donation or solicit a sale, as required to support conviction for aggressive begging. New York City Administrative Code, S 10-136(a)(2). | Does soliciting a sale support a conviction for aggressive begging? | 047456.docx | LEGALEASE-00129805-LEGALEASE-00129806 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Clanton v. Cain-Sloan Co., 677 S.W.2d 441 | 413+1 | Provisions of workers' compensation law, providing an expeditious and certain recovery from the employer while limiting the amount of liability to which the employee is exposed, create a duty on the employer to compensate the employee for work-related injuries and a right of the employee to receive such compensation. T.C.A. SS 50-6-102, 50-6-103, 50-6-108, 50-6-111, 50-6-225, 50-6-226. | Do the provisions of the Workers Compensation Law create a duty on the employers to compensate the employees for work-related injuries? | Workers Compensation - Memo # 130 ANC.docx | LEGALEASE-00020080-LEGALEASE-00020081 |
| Qualcomm Inc. v. Am. Wireless License Grp., 980 So. 2d 261 | 25T+138 | While court will read the reach of an arbitration agreement between parties broadly, that is a different matter from the question of who may invoke its protections; this is so because an agreement to arbitrate is a waiver of valuable rights that are both personal to the parties and important to the open character of state and federal judicial systems, an openness to which the country has been committed from its inception. | Do courts construe the reach of an arbitration agreement broadly? | 007300.docx | LEGALEASE-00130979-LEGALEASE-00130980 |
| Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857 | 25T+143 | A limitation on the arbitrator's power is not a reason for bypassing arbitration where claim is made upon the contract itself and is within the scope of the arbitration clause. | Is limitation on an arbitrators power a reason for bypassing arbitration? | 007403.docx | LEGALEASE-00131364-LEGALEASE-00131365 |
| Maria Victoria Naviera, S.A. v. Cementos Del Valle, S.A., 759 F.2d 1027 | 25T+143 | Where scope of arbitration agreement was unlimited, issues addressed to liability of parties and cancellation of underlying agreement, rather than agreement to arbitrate, were to be determined by arbitrator. | "When the scope of the arbitration agreement is unlimited, what is to be determined by the arbitrator?" | 007407.docx | LEGALEASE-00131368-LEGALEASE-00131369 |
| McMahon v. RMS Elecs., 618 F. Supp. 189 | 25T+143 | When a tort claim is based in substantial part on contractual rights and responsibilities of the two contracting parties, then it must be arbitrated as required by arbitration clause. | When can a tort claim be arbitrated? | Alternative Dispute Resolution - Memo 550 - RK.docx | ROSS-003287240-ROSS-003287241 |
| United States v. Shober, 489 F. Supp. 393 | 306+50 | In prosecution for mail fraud and bribery, whether defendant paid certain money to congressmen with "corrupt" intent to influence his official action on defendant's application for federal funding or merely as part of a "traditional" business practice of tendering political contributions to promote favorable business climate for federal funds which defendant needed was question for jury to decide at trial; similarly, whether defendant was victim of extortion or bribery was question for jury to decide. | Is the jury required to determine the defendant's intent for bribery cases? | 011075.docx | LEGALEASE-00130360-LEGALEASE-00130361 |
| United States v. Nagin, 810 F.3d 348 | 63+1(1) | A conviction for bribery or "honest-services" wire fraud does not require proof that the official intended to be influenced in his official actions. 18 U.S.C.A. S 201(b)(2). | Does the conviction for bribery require proof that the official intended to be influenced in his official actions? | Bribery - Memo # 74 - C - JL.docx | LEGALEASE-00020228-LEGALEASE-00020229 |
| United States v. Cisneros, 826 F.3d 1190 | 67+4 | Generic burglary has the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime; however, the "building or structure" element of generic burglary does not include booths, vehicles, boats, or aircrafts. | Does generic burglary include entry into vehicles and boats? | Burglary - Memo 20 - RK.docx | ROSS-003300668-ROSS-003300670 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Howard, 742 F.3d 1334 | 350H+1285 | Alabama's third-degree burglary statute, which was non-generic because the statutory definition of "building" included vehicles and watercraft, which fell outside the "building or structure" element of generic burglary, was an indivisible statute, and thus, defendant's prior convictions under that statute did not qualify as predicate burglary convictions for purposes of application of the Armed Career Criminal Act (ACCA) in defendant's sentencing for being a felon in possession of a firearm; the Alabama statute's definition of "building" was not drafted in the alternative, but instead, the statute provided one definition of building and then included a non-exhaustive list of things that fell under that definition, including any vehicle or watercraft used for the lodging of persons. 18 U.S.C.A. S 924(e); Ala.Code 1975, SS 13A-7-1(2), 13A-7-7(a). | Does generic burglary include entry into vehicles and boats? | 012821.docx | LEGALEASE-00131286-LEGALEASE-00131287 |
| State v. Simons, 65 N.C. App. 164 | 67+10 | If a burglarized dwelling is occupied, the crime is "burglary in the first degree," but if it is unoccupied, however momentarily, and whether known to the intruder or not, the crime is "burglary in the second degree." G.S. SS 14-51, 14-54. | What is burglary in the first degree? | 013186.docx | LEGALEASE-00131325-LEGALEASE-00131326 |
| State v. Little, 126 S.W. 713 | 67+2 | The common-law offense of burglary is committed when a person breaks or enters into the dwelling house or sleeping apartment of another in the nighttime with the intent to commit a felony therein. | What is common law burglary? | Burglary - Memo 41 - RK.docx | ROSS-003327202-ROSS-003327203 |
| State v. Mestas, 2370 P.3d 805 | 67+9(2) | A given entry is "unauthorized" within meaning of the burglary statute if it violates or potentially violates the possessory rights, particularly the right to exclude, and privacy interests of a protected structure's rightful occupant. West's NMSA S 30-16-3. | What is unauthorized entry for the crime of burglary? | 013284.docx | LEGALEASE-00131441-LEGALEASE-00131442 |
| Alexander v. Haffner, 323 Mo. 1197 | 307A+501 | Term "discontinuance" held to indicate merely that plaintiff has taken nonsuit or that dismissal has been had. | "Is the term ""discontinuance"" held to indicate merely that a plaintiff has taken a nonsuit or that dismissal has been had?" | 026074.docx | LEGALEASE-00130779-LEGALEASE-00130780 |
| Pershing v. Ward, 34 N.M. 298 | 307A+508 | Under section 4295, Code of 1915, a defendant who has filed a counterclaim against plaintiff in a cause tried to the court has the right to dismiss without prejudice before judgment is rendered. | "Does a defendant, in a cause tried to court, have a right to dismiss his counterclaim without prejudice before judgment?" | 026076.docx | LEGALEASE-00130812-LEGALEASE-00130813 |
| In re Carton, 48 N.J. 9 | 307A+747.1 | The sense of rule that pretrial order shall be signed by court and attorneys for the parties is that counsel should never be required to sign an order he does not consider adequate to cover his position. R.R. 4:29-1(b). | Should a counsel sign an order that he does not consider adequate to cover his position? | 026763.docx | LEGALEASE-00130311-LEGALEASE-00130312 |
| Palace Expl. Co. v. Petroleum Dev. Co., 316 F.3d 1110 | 170A+1922 | Purpose of rule providing that a pretrial order controls subsequent course of the action unless modified by a subsequent order is to avoid surprise, not foment it. Fed.Rules Civ.Proc.Rule 16, 28 U.S.C.A. | Does the pretrial order govern the subsequent course of the action unless modified by a later order? | Pretrial Procedure - Memo # 1674 - C - AP.docx | ROSS-003287907-ROSS-003287908 |
| 150 Centreville v. Lin Assocs. Architects, PC, 39 Misc. 3d 513 | 307A+331 | A party has a duty to preserve, protect, and safeguard evidence when it has notice that the evidence is relevant to litigation or should have known that the evidence might be relevant to future litigation. | "Do litigants have a duty to preserve evidence which they know, or reasonably should know, is relevant in the action?" | 026812.docx | LEGALEASE-00130358-LEGALEASE-00130359 |
| Wenrich v. Employers Mut. Ins. Companies, 35 Kan. App. 2d 582 | 307A+749.1 | In the absence of an attempt to modify the pretrial order, such order is binding and controls the subsequent course of trial. | Does a pretrial order bind and control the subsequent course of trial? | 026871.docx | LEGALEASE-00131209-LEGALEASE-00131210 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Woodward v. Heritage Const. Co., 887 N.E.2d 994 | 307A+749.1 | Although a pretrial order has a binding effect, this does not mean that it must be rigidly and pointlessly adhered to at trial. | Should a pretrial order be rigidly and pointlessly adhered to at a trial? | Pretrial Procedure - Memo # 1752 - C - NE.docx | ROSS-003300671-ROSS-003300672 |
| City of New York v. State, 138 Misc. 2d 768 | 307A+331 | Party cannot be compelled to create new document just to satisfy adversary's disclosure requirements. McKinney's CPLR 3120(a). | Can a party be compelled to create a new document just to satisfy adversary's disclosure requirements? | Pretrial Procedure - Memo # 2051 - C - SHS.docx | ROSS-003301336-ROSS-003301338 |
| Elwood v. Panhandle Concrete Co., 236 Neb. 751 | 307A+750 | Generally, issues delineated in unaltered pretrial order supplant issues raised in pleadings. | "Do issues delineated in unaltered pretrial order, supplant issues raised in pleadings?" | Pretrial Procedure - Memo # 2063- C - KG.docx | LEGALEASE-00020949-LEGALEASE-00020950 |
| Bell Atl.-Pennsylvania v. Pennsylvania Pub. Util. Comm'n, 763 A.2d 440 | 371+2001 | "Tax" is a measure which generates revenue for support of government, based upon judicial authority. | Is tax a measure which generates revenue based on judicial authority? | 044581.docx | LEGALEASE-00131013-LEGALEASE-00131015 |
| Bill DeLuca Enterprises v. Comm'r of Revenue, 431 Mass. 314 | 371+2001 | Essence of any system of taxation is that it should produce revenue ascertainable, and payable to the government, at regular intervals, since only by such a system is it practicable to produce a regular flow of income and apply methods of accounting, assessment, and collection capable of practical operation. | "Does the system of taxation produce revenue ascertainable, and payable to the government?" | Taxation - Memo # 108 - C - SU.docx | ROSS-003301676-ROSS-003301678 |
| Nw. Energetic Servs. v. California Franchise Tax Bd., 159 Cal. App. 4th 841 | 371+2002 | The essence of a "tax" is that it raises revenue for general governmental purposes and is compulsory rather than imposed in response to a voluntary decision to seek benefits; a "fee," on the other hand, funds a regulatory program or compensates for services or benefits provided by the government. | Why are taxes ordinarily imposed? | 044716.docx | LEGALEASE-00130837-LEGALEASE-00130838 |
| Mcleod v. Columbia Cty., 278 Ga. 242 | 371+2001 | A charge is generally not a "tax" if its object and purpose is to provide compensation for services rendered. | Is charge a tax if the object and purpose of such charge is to provide compensation for services rendered? | Taxation - Memo # 190 - C - SS.docx | ROSS-003304035-ROSS-003304036 |
| Conlen Grain & Mercantile v. Texas Grain Sorghum Producers Bd., 519 S.W.2d 620 | 371+2001 | "Tax" is burden or charge imposed by legislative power of state upon persons or property to raise money for public purposes. Vernon's Ann.Civ.St. art. 55c. | On whom is a tax imposed upon? | 044910.docx | LEGALEASE-00130528-LEGALEASE-00130529 |
| Stevenson v. New York State Tax Appeals Tribunal, 106 A.D.3d 1146 | 371+2001 | "Taxes" are public burdens imposed generally for governmental purposes benefiting the entire community. | Are taxes public burdens imposed to benefit the entire community? | 045250.docx | LEGALEASE-00130601-LEGALEASE-00130603 |
| Empress Casino Joliet Corp. v. Blagojevich, 674 F. Supp. 2d 993 | 371+2001 | An assessment is a tax if it is for revenue raising purposes, regardless of whether the proceeds go to a general fund or are devoted to a more specialized purpose. | Is an assessment a tax if it is for revenue raising purpose? | 046102.docx | LEGALEASE-00130737-LEGALEASE-00130739 |
| Storedahl Properties v. Clark Cty., 143 Wash. App. 489 | 371+2001 | Charges imposed for purposes other than raising money to fund the public treasury, such as for regulating activities, are not taxes and are not subject to constitutional taxation constraints. West's RCWA Const. Art. 7, S 1. | What charges are not taxes? | 046136.docx | LEGALEASE-00130745-LEGALEASE-00130746 |
| Nishitani v. United States, 42 Fed. Cl. 733 | 34+3(1) | Judicial review is only appropriate in military matters where the military's discretion is limited and Congress has established tests and standards against which the court can measure the military's conduct. | When is judicial review of military decisions appropriate? | Armed Services - Memo 71 - RK.docx | ROSS-003286617-ROSS-003286618 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Sun-Diamond Growers of California, 526 U.S. 398 | 63+1(1) | To convict under federal bribery statute, there must be a quid pro quo, a specific intent to give or receive something of value in exchange for an official act, while illegal gratuity may constitute merely a reward for some future act that public official will take and may already have determined to take, or for a past act that he has already taken. 18 U.S.C.A. S 201(b)(1, 2), (c). | "What is the definition of ""quid pro quo"" for the purpose of bribery?" | Bribery - Memo #88 - C-JL.docx | ROSS-003287219-ROSS-003287221 |
| State v. Hinkle, 229 N.W.2d 744 | 67+2 | "Public offense" as used in the burglary statute encompasses a wide variety of specific crimes to which the State attaches a penalty for the infraction thereof and is not limited to larceny. I.C.A. S 708.1. | Does burglary require a public offense? | Burglary - Memo 107 - JS.docx | ROSS-003290557-ROSS-003290558 |
| City of Mishawaka v. Squadroni, 486 N.E.2d 1088 | 307A+749.1 | Pretrial order should be liberally construed in order to ensure trial of every lawsuit on its merits. | Should a pretrial order be liberally construed in order to ensure trial of every lawsuit on its merits? | Pretrial Procedure - Memo # 2120 - C - ES.docx | ROSS-003301581-ROSS-003301582 |
| Campbell v. Nako Corp., 198 Kan. 421 | 307A+749.1 | A pretrial order does not preclude review of trial court's ruling on question of law. | Does a pretrial order preclude review of the trial court's ruling on a question of law? | Pretrial Procedure - Memo # 2237 - C - SKG.docx | ROSS-003286536 |
| Nelson v. Allstate Ins. Co., 753 A.2d 1001 | 307A+749.1 | The rule governing pretrial orders contemplates that fair disclosure will be made to remove cases from the realm of surprise, and both parties generally are bound by the pretrial order. Civil Rule 16(g). | Are parties bound by a pre-trial order? | Pretrial Procedure - Memo # 2261 - C - SN.docx | ROSS-003287449-ROSS-003287450 |
| Miller v. Reddin, 422 F.2d 1264 | 170A+1713.1 | A voluntary dismissal by plaintiff automatically terminates action upon filing of dismissal with clerk; no order of court is required. Fed.Rules Civ.Proc. rule 41(a) (1), 28 U.S.C.A. | Does a voluntary dismissal terminate the action when the notice of the plaintiff's intent to dismiss is filed with the clerk? | 027842.docx | LEGALEASE-00132076-LEGALEASE-00132077 |
| Farrell By & Through Farrell v. Dome Labs., a Div. of Miles Labs.,Inc., 650 P.2d 380 | 30+4792 | Fact that order of voluntary dismissal without prejudice was previously affirmed on appeal did not prevent trial court from vacating such order pursuant to defendants' motion for relief from final order, and furthermore none of conditions added by amended judgment were reviewed in prior appeal. Rules Civ.Proc., Rules 41(a)(2), 60(b). | Is a voluntary dismissal without prejudice sufficiently final to support a motion filed pursuant to Rule 60(b)? | 027851.docx | LEGALEASE-00132198-LEGALEASE-00132199 |
| Griffin v. Dep't of Local Gov't Fin., 765 N.E.2d 716 | 371+2001 | The nature of a tax must be determined by its operation and incidence, rather than by its title or designation made by the legislature. | Is the nature of a tax determined by its designation made by the legislature? | Taxation - Memo # 127 - C - CK.docx | ROSS-003315356-ROSS-003315357 |
| In re Opinion of the Justices, 133 Me. 525 | 371+2002 | A "tax" is an enforced contribution to raise revenue and not to reimburse state for special services rendered to a given party. | Is tax an enforced contribution to raise revenue? | 044822.docx | LEGALEASE-00131553-LEGALEASE-00131554 |
| State, ex rel. Emrick, v. Wasson, 62 Ohio App. 3d 498 | 268+405 | Although "tax" and "assessment" are similar concepts in that they are government-imposed financial burdens for public or quasi-public purpose, functional distinction exists between the two; tax is burden levied on citizens for general operation of government, and assessment is narrower burden levied on specific property owners to cover costs of benefits bestowed on property by public improvements. | "Is ""tax"" a burden imposed by a government?" | Taxation - Memo # 225 - C - KI.docx | ROSS-003304052-ROSS-003304054 |
| Vournas v. Montgomery Cty., 53 Md. App. 243 | 371+2001 | Where primary objective of tax is raising revenue, it is revenue measure, and amount of tax is not reviewable by the courts. | "Is the amount of the tax reviewable by the courts, where the primary objective of a tax is to raise revenue?" | Taxation - Memo # 310 - C - CK.docx | ROSS-003328968-ROSS-003328969 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Cty. of Orange, 262 F.3d 1014 | 268+485(1) | Although California's Mello-Roos tax is not an "ad valorem tax," that is, a tax imposed on property according to its value, it is billed to the properties within the community facilities districts on the regular ad valorem property tax bills sent to the property owners. West's Ann.Cal.Gov.Code SS 53311-53368.3. | What is an ad valorem tax? | 045443.docx | LEGALEASE-00131929-LEGALEASE-00131930 |
| Dinkel v. Graves Truck Line, 10 Kan. App. 2d 604 | 413+1 | Workmen's Compensation Act is complete and exclusive within itself and provides procedures on each phase of a claimant's right to compensation. K.S.A. 44-501 et seq. | Is the Workmens Compensation Act complete and exclusive within itself? | 047754.docx | LEGALEASE-00131901-LEGALEASE-00131902 |
| Hartford Acc. & Indem. Co. v. Rigdon, 418 F. Supp. 540 | 413+1164 | Action under workmen's compensation laws is purely statutory and the rights and remedies granted by Alabama Workmen's Compensation Act are exclusive in those cases coming within influence of that Act. Code of Ala., Tit. 26, S 312. | "Do workmens compensation statutes create rights, remedies and procedures all their own?" | 047841.docx | LEGALEASE-00131791-LEGALEASE-00131792 |
| State v. Campbell Cty. Sch. Dist., 2001 WY 19 | 63+1(1) | Mere offer or solicitation of a bribe is violative of bribery statute and a concert of action is unnecessary. K.S.A. 21-3901. | Is the mere offer or solicitation of a bribe violative of the bribery statute? | 011340.docx | LEGALEASE-00133312-LEGALEASE-00133313 |
| United States v. Verrusio, 762 F.3d 1 | 63+1(2) | The criminal anti-gratuity provision has no requirement that the gift to a federal official actually influence the performance of an official act; what matters is what the gift was contemplated for at the time it was given. 18 U.S.C.A. S 201(c)(1)(B). | Does the criminal anti-gratuity provision require that the payment to the official actually influence the performance of an official act? | Bribery - Memo #291 - C - LB.docx | ROSS-003300649-ROSS-003300650 |
| Roby v. Day, 635 P.2d 611 | 289+558 | Each partner is possessed of a joint interest in the whole but does not own any separate part of the partnership property; partner's rights in a partnership is an intangible property right, a chose in action, and a right to receive money shown to be due on liquidation and accounting. | Is a partners right in partnership property an intangible one? | 022102.docx | LEGALEASE-00133503-LEGALEASE-00133504 |
| Stone and Michaud Ins. v. Bank Five for Sav., 785 F.Supp. 1065 | 226H+41 | Under New Hampshire law, same legal rules that govern partnerships also govern joint ventures, as parties in joint venture stand in same relationship to each other as partners in partnership. | Do parties in a joint venture stand in the same relationship to each other as the partners in a partnership? | 022112.docx | LEGALEASE-00133513-LEGALEASE-00133514 |
| Beach v. Anderson, 417 N.W.2d 709 | 289+529 | Real estate owned by partnership is considered personalty, and once partnership acquires realty with partnership funds and for partnership purposes, it then becomes personalty for all purposes. M.S.A. S 323.25. | Is real estate owned by a partnership treated as a personalty? | 022162.docx | LEGALEASE-00133564-LEGALEASE-00133565 |
| Shanks v. Klein, 104 U.S. 18 | 289+715 | Real estate purchased with partnership funds for partnership purposes, though the title be taken in the individual name of one or both partners, is first subject to the partnership debts, and is then to be distributed among the copartners according to their respective rights. | Does partnership real estate have to be applied to the satisfaction of the partnership debts? | 022167.docx | LEGALEASE-00133568-LEGALEASE-00133569 |
| McBee v. Williamson, 96 Ga. App. 859 | 302+8(17) | Mere allegation that certain facts constitute gross, rather than ordinary, negligence is a conclusion; but in action against driver for injuries sustained by occupant, plaintiff must state clearly whether he relies on ordinary negligence or gross negligence. | Is a mere allegation of negligence a conclusion? | Pleading - Memo 288 - RMM.docx | ROSS-003286905-ROSS-003286906 |
| Cotton v. Ostroski, 250 Neb. 911 | 307A+749.1 | Purpose of pretrial conference is to simplify issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial; to that end, litigants must adhere to spirit of procedure and are bound by pretrial order to which no exception has been taken. | What is the clear purpose of pretrial conference? | 027087.docx | LEGALEASE-00132822-LEGALEASE-00132823 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. State Comp. Mut. Ins. Fund v. Berg, 279 Mont. 161 | 307A+750 | Failure to raise issue or theory in pretrial order may result in waiver of that issue or theory. Rules Civ.Proc., Rule 16(e). | Will failure to raise issue or theory in pretrial order result in waiver of that issue or theory? | Pretrial Procedure - Memo # 1966 - C - MS.docx | ROSS-003300765-ROSS-003300766 |
| Polansky v. Berenji, 393 S.W.3d 362 | 307A+506.1 | Although the nonsuit immediately renders the merits of the case moot, the trial court need not immediately dismiss the suit when notice of nonsuit is filed. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does a nonsuit render the merits of a plaintiff's claims moot? | Pretrial Procedure - Memo # 2294 - C - SK.docx | LEGALEASE-00022834-LEGALEASE-00022835 |
| Applied Bank v. Wenzlick, 344 S.W.3d 229 | 307A+517.1 | Once the case is dismissed in accordance with voluntary dismissal rule, any further action by the trial court is viewed as a nullity. V.A.M.R. 67.02(a)(2). | "Once the case is dismissed in accordance with voluntary dismissal rule, is any further action by the trial court viewed as a nullity?" | 028053.docx | LEGALEASE-00133391-LEGALEASE-00133392 |
| Rabello v. Alonso, 927 So. 2d 45 | 307A+520 | Trial court lacked jurisdiction to set aside a stipulated voluntary dismissal and reinstate the dismissed action nearly two years after signing an order of dismissal; dismissal deprived trial court of jurisdiction to consider a simple request for reinstatement, and one-year time limit for bringing a motion for relief from judgment based on fraud or mistake had expired. West's F.S.A. RCP Rule 1.540. | "Once a stipulated voluntary dismissal is taken, does the court lose jurisdiction over the action?" | Pretrial Procedure - Memo # 2551 - C - NS.docx | ROSS-003327141-ROSS-003327142 |
| Morgan v. Evans, 39 Mass. App. Ct. 465 | 307A+517.1 | In dismissing action pursuant to rule governing voluntary dismissals by court order, court may grant dismissal without prejudice or may require that the dismissal be with prejudice. Rules Civ.Proc., Rule 41(a)(2), 43A, 43B M.G.L.A. | Can a court grant dismissal without prejudice or may require that the dismissal be with prejudice? | Pretrial Procedure - Memo # 2559 - C - NS.docx | ROSS-003315234-ROSS-003315235 |
| Matter of R.G., Jr., 865 S.W.2d 504 | 307A+517.1 | Nonsuit or voluntary dismissal of cause of action is effective at time it is filed; oral nonsuit is effective at time of nonsuit and signing of order granting it is purely ministerial. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Is an oral nonsuit effective at the time of nonsuit and a signing of an order granting it is purely ministerial? | 028218.docx | LEGALEASE-00133279-LEGALEASE-00133280 |
| Rehman v. ECC Int'l Corp., 698 So. 2d 921 | 307A+517.1 | Although voluntary dismissal of action is without prejudice to bringing of new action, it does preclude revival of original action. | Does voluntary dismissal of action preclude revival of original action? | 028562.docx | LEGALEASE-00132667-LEGALEASE-00132668 |
| Owens-Corning Fiberglas Corp. v. Fibreboard Corp., 95 Md. App. 345 | 307A+517.1 | Motion for voluntary dismissal may be granted with or without prejudice in court's discretion. Md.Rule 2-506. | Can a motion for voluntary dismissal be granted with or without prejudice in a court's discretion? | Pretrial Procedure - Memo # 2878 - C - RY.docx | ROSS-003301112-ROSS-003301113 |
| Kenney v. Rockingham Sch. Dist., 123 Vt. 344 | 413+1 | The nature, conditions, obligations and incidents of employment all have a bearing on proper determination of a given workmen's compensation case. | What has bearing on a proper determination of a given workmens compensation case? | 047885.docx | LEGALEASE-00132974-LEGALEASE-00132975 |
| Kenney v. Rockingham Sch. Dist., 123 Vt. 344 | 413+1 | Vermont does not stand outside all development in workmen's compensation law and, when, justifiable, its concepts are not to be denied development and expansion. | "When justifiable, should the concepts of a states workmens compensation statute be denied development and expansion?" | 047887.docx | LEGALEASE-00132978-LEGALEASE-00132979 |
| State ex rel. Morgan v. Indus. Acc. Bd., 130 Mont. 272 | 413+1 | Each compensation case must be decided upon its own fact features in the application of the law. R.C.M.1947, S 92-101 et seq. | Should each compensation case be decided upon its own fact features in the application of the law? | 047903.docx | LEGALEASE-00133194-LEGALEASE-00133195 |
| Granahan v. Celanese Corp. of Am., Plastics Div., 3 N.J. 187 | 413+1 | A cause of action in a compensation case is predicated on an accident arising out of and in course of employment and not on the injuries incident thereto. | What does a cause of action in a compensation case predicated upon? | Workers Compensation - Memo #231 ANC.docx | ROSS-003288604-ROSS-003288605 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Olson v. Trinity Lodge No. 282, A. F. & A. M., 226 Minn. 141 | 413+608 | The phrase "arising out of employment" within meaning of compensation act, expresses factor of origin, source, or contribution rather than cause in sense of being proximate or direct. | Are workers compensation acts sui generis? | 047937.docx | LEGALEASE-00133178-LEGALEASE-00133179 |
| Buckingham Estates Homeowners Ass'n v. Metcalf, 207 So. 3d 966 | 307A+517.1 | Generally, a voluntary dismissal terminates a trial court's jurisdiction over a matter. Fla. R. Civ. P. 1.420(a)(1). | "Generally, does a voluntary dismissal terminate a trial court's jurisdiction over a matter?" | 028293.docx | LEGALEASE-00133656-LEGALEASE-00133657 |
| Ex parte Spurlock, 66 F. Supp. 997 | 34+3(1) | Under our form of government, the military, even in time of war, is subordinate to the civil power not superior to it. | "Is the military, even in time of war, subordinate to the civil power?" | 008383.docx | LEGALEASE-00133749-LEGALEASE-00133751 |
| H.D. Arnaiz, Ltd. v. Cty. of San Joaquin, 96 Cal. App. 4th 1357 | 307A+517.1 | A voluntary dismissal by written request to the clerk is not a final judgment as no judgment, final or otherwise, is necessary to the dismissal. West's Ann.Cal.C.C.P. S 581(b)(1). | Is a voluntary dismissal by written request to the clerk a final judgment as no judgment? | 028659.docx | LEGALEASE-00133854-LEGALEASE-00133855 |
| In re Singh, 434 B.R. 298 | 308+117(1) | Under New York law, the authority of an agent who signs a contract for the sale of land must be authorized in writing. | Should the authority of an agent who signs or executes a contract of sale be stated in writing? | Principal and Agent - Memo 86 - KC.docx | ROSS-003290914-ROSS-003290915 |
| Farmer v. State, 341 Ark. 220 | 352H+190 | Sexual gratification, like intent, is rarely capable of proof by direct evidence and must usually be inferred from the circumstances. A.C.A. SS 5-14-101(1)(B), 5-14-103. | Can sexual gratification be inferred from the circumstances? | 043038.docx | LEGALEASE-00133864-LEGALEASE-00133865 |
| Agric. Commodities Auth. v. Balkcom, 215 Ga. 107 | 371+2001 | A "tax" is a rate or sum of money assessed on person, property, etc., of citizen. | Is tax a rate or sum of money assessed on person and property of citizen? | 045108.docx | LEGALEASE-00133906-LEGALEASE-00133907 |
| Sablosky v. Messner, 372 Pa. 47 | 371+2121 | Taxation is a practical matter and legislation upon the subject will not be declared invalid because some inequities inevitably result. | Can a legislation upon the subject of taxation be declared invalid? | Taxation - Memo # 396 - C - KBM.docx | ROSS-003290957-ROSS-003290958 |
| Roth v. United States, 378 F.3d 1371 | 34+7(1) | Documents that are sent to a selection board in connection with proposed promotion must be substantially complete, and must fairly portray the officer's record. | Is a substantially complete and fair record a necessary requirement for proper consideration by a selection board? | 008434.docx | LEGALEASE-00133934-LEGALEASE-00133935 |
| Maier v. Orr, 754 F.2d 973 | 34+18 | No one has an individual right, constitutional or otherwise, to enlist in armed forces, composition of those forces being within purview of Congress and the military. | Does a servicemen have the right to enlist or reenlist in the armed forces? | 008470.docx | LEGALEASE-00134198-LEGALEASE-00134199 |
| Sani-Serv Div. of Burger Chef Sys. v. S. Bank of W. Palm Beach | 95+53 | Once legal consideration appears, its adequacy is not subject to judicial inquiry except under unusual circumstances. | "Once a legal consideration appears, is its adequacy a subject for judicial inquiry?" | Bills and Notes - Memo 261- VP.docx | ROSS-003289100-ROSS-003289101 |
| Holsomback v. Akins, 134 Ga. App. 543 | 8.30E+76 | A check is not revoked by operation of law because it was presented to drawee bank within ten days after drawer's death. Code, S 109A-4-405(2). | Can a check be revoked by operation of law after the death of drawer? | 010221.docx | LEGALEASE-00133962-LEGALEASE-00133963 |
| Falco v. Bates, 30 Ill. App. 3d 570 | 8.30E+76 | In absence of consideration passing from payee to drawer of check to support drawer's liability on the check, timely filing of stop payment order by drawer operated to extinguish any liability of drawer to payee. | Does timely filing of a stop payment order by the drawer extinguish his liability to payee? | 010223.docx | LEGALEASE-00133966-LEGALEASE-00133967 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Hawkins, 37 F. Supp. 3d 964 | 63+14 | In its jury instruction, court appropriately defined term "corruptly" in prosecution under federal program bribery statute by using definition provided in Seventh Circuit pattern instructions, under which "(a) person acts corruptly when that person acts with the understanding that something of value is to be offered or given to reward or influence him in connection with his official duties," while rejecting defendants' alternate instructions, each of which involved statement that person acts "corruptly" if he "acts with the purpose of wrongfully influencing the business or transactions of" the government agency, since statute was not focused on whether defendants took action after receiving bribe, but rather defendants' knowledge that payment was offered as bribe. 18 U.S.C.A. S 666(a)(1)(B). | Does the federal bribery statute extend to bribes offered to state and local officials employed by agencies receiving federal funds? | 011262.docx | LEGALEASE-00134306-LEGALEASE-00134307 |
| Northpark Assocs. No. 2, Ltd. v. Homart Dev. Co., 262 Ga. 138 | 200+80 | Governing authority can acquire fee simple title to county road only through condemnation or express grant in deed or other instrument. | How can a governing authority acquire fee-simple title to a county road? | Highways -Memo 102-DB.docx | ROSS-003290474-ROSS-003290475 |
| Sivigliano v. Harrah's N. Kansas City Corp., 188 S.W.3d 46 | 302+370 | The purpose of fact-pleading is to present, define, and isolate the controverted issues so as to advise the trial court and the parties of the issues to be tried and to expedite the trial of a cause on the merits; the pleadings limit and define the issues of the case. V.A.M.R. 55.05. | What is the purpose of fact pleading? | 023281.docx | LEGALEASE-00134685-LEGALEASE-00134686 |
| Arizona State Highway Dep't v. Bechtold, 105 Ariz. 125 | 307A+750 | Purpose of pretrial order is to simplify issues and shorten trial time, but such orders are not absolute and do not completely jell issues in action. | Does a pretrial order not completely jell issues in an action? | 027664.docx | LEGALEASE-00134573-LEGALEASE-00134574 |
| Perez v. Miami-Dade Cty., 297 F.3d 1255 | 170A+1686 | In deciding whether to grant or deny a motion to withdraw or amend admissions, court should consider whether the withdrawal will subserve the presentation of the merits, and determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case; a district court abuses its discretion in denying a motion to withdraw or amend admissions when it applies some other criterion beyond foregoing two-part test or grossly misapplies the two-part test in making its ruling. Fed.Rules Civ.Proc. Rule 36(b), 28 U.S.C.A. | Should the party seeking to have the admissions enforced must show that it will have difficulty proving its case as a result of the withdrawal of the admissions? | 028944.docx | LEGALEASE-00134066-LEGALEASE-00134067 |
| Jahn v. Brickey, 168 Cal. App. 3d 399 | 307A+486 | Responding party must obtain leave of court before amending admissions. West's Ann.Cal.C.C.P. S 2033. | Must a responding party obtain a leave of court before amending admissions? | 028986.docx | LEGALEASE-00134738-LEGALEASE-00134739 |
| Standard Sav. Ass'n v. Cromwell, 714 S.W.2d 49 | 307A+486 | Court has discretion to shorten time provided for notice of hearing on motion to withdraw admission of fact. Vernon's Ann.Texas Rules Civ.Proc., Rules 21, 169. | Does a court have discretion to shorten a time provided for notice of hearing on motion to withdraw admission of fact? | 029099.docx | LEGALEASE-00134625-LEGALEASE-00134626 |
| Schmal v. Minnesota Mut. Life Ins. Co., 432 N.W.2d 695 | 307A+483 | Admissions were to be deemed admitted after plaintiffs failed to file answers to requests for admissions. Rules Civ.Proc., Rules 127, 128. | Are admissions to be deemed admitted after plaintiffs fail to file answers to requests for admissions? | Pretrial Procedure - Memo # 3502 - C - ES.docx | ROSS-003331251-ROSS-003331252 |
| Navelski v. Int'l Paper Co., 244 F. Supp. 3d 1275 | 386+10 | Under Florida law, "trespass" to real property is an injury to or use of the land of another, by one who has no right or authority. | Can trespass to real property be committed by a person who has no right or authority? | 047353.docx | LEGALEASE-00134842-LEGALEASE-00134843 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jacque v. Steenberg Homes, 209 Wis. 2d 605 | 386+56 | Nominal damages can support punitive damage award in case of intentional trespass to land, as both individual and society have significant interests in deterring intentional trespass to land, regardless of lack of resulting measurable harm. | "Can a defendant be punished by a large damage award, despite the lack of measurable harm or a minimal actual harm in cases of trespass?" | 047403.docx | LEGALEASE-00134806-LEGALEASE-00134807 |
| Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217 | 25T+143 | Party cannot avoid arbitration simply because the arbitration clause uses general, inclusive language, rather than listing every possible specific claim. | Can a party to an arbitration agreement avoid arbitration? | 007543.docx | LEGALEASE-00135801-LEGALEASE-00135802 |
| Rojas v. TK Commc'ns, 87 F.3d 745 | 25T+146 | Arbitration clause in employment contract providing for arbitration of claims contesting validity of agreement, enforcement of its financial terms, or other disputes was sufficiently broad to encompass female employee's Title VII claims. Civil Rights Act of 1964, S 701 et seq., as amended, 42 U.S.C.A. S 2000e et seq. | "Do courts recommend arbitration when arbitration agreement contains the language requiring any action contesting the validity of the Agreement, the enforcement of its financial terms, or any other disputes, submitted to arbitration?" | Alternative Dispute Resolution - Memo 627 - SB.docx | ROSS-003305016-ROSS-003305017 |
| McGuire, Cornwell & Blakey v. Grider, 771 F. Supp. 319 | 25T+149 | As a general rule, where arbitrator named in arbitration agreement cannot or will not arbitrate dispute, court does not void agreement but instead appoints different arbitrator. 9 U.S.C.A. S 5. | Does the court make an arbitration agreement void if an arbitrator named in the arbitration agreement cannot or will not arbitrate a dispute? | 007579.docx | LEGALEASE-00135317-LEGALEASE-00135319 |
| State v. Greer, 238 N.C. 325 | 63+1(1) | "Bribery" is voluntary offering, giving, receiving or soliciting of any sum of money, present or thing of value with corrupt intent to influence recipient's action as a public officer or official, or person whose ordinary profession or business relates to administration of public affairs, whether in legislative, executive, or judicial departments of government in performance of any official duty required of him, but bribe must be intended to influence recipient in discharge of a legal duty, and not a mere moral duty. G.S. S 14-218. | Should a bribe be intended to influence the recipient in the discharge of a legal duty? | 011549.docx | LEGALEASE-00135367-LEGALEASE-00135368 |
| United States v. Parlavecchio, 903 F. Supp. 788 | 36+2 | Terms "extortion," "bribery," and "arson" contained in Travel Act are to be read more broadly than their strict common law definitions. 18 U.S.C.A. S 1952(b). | "Does the term ""bribery"" in the Travel Act have the same meaning with ""bribery"" in the common law?" | 011569.docx | LEGALEASE-00135258-LEGALEASE-00135259 |
| Mash v. State, 90 Ga. App. 322 | 67+4 | The word "storehouse", within statute defining burglary as the breaking and entering into storehouse, means place where goods are stored or kept for sale at wholesale or retail, such as shop or store. Code, S 26-2401. | Is a storehouse subject to the burglary statute? | 012631.docx | LEGALEASE-00135796-LEGALEASE-00135797 |
| People v. Alvarado, 87 Cal. App. 4th 178 | 350H+96 | For purposes of the One Strike law, which mandates indeterminate life sentences of 15 or 25 years to life for specified sex offenses that are committed under one or more "aggravating" circumstances, including commission of a rape during commission of a burglary, phrase "during the commission of a burglary" refers to that period of time between the burglar's initial entry with the requisite intent and the burglar's escape to a place of temporary safety. West's Ann.Cal.Penal Code S 667.61(e)(2). | Is an escape part of the burglary? | 012639.docx | LEGALEASE-00135849-LEGALEASE-00135851 |
| Kennedy v. State Indus. Comm'n, 1937 OK 526 | 67+16 | Possession of burglarious implements or tools with a guilty intent may be joint as well as several, and where guilty intent of several is manifested by their joint act, it becomes a joint offense. R.R.S.1943, S 28-534. | Can there be joint possession of burglars tools? | Burglary - Memo 127 - JS.docx | ROSS-003290182-ROSS-003290184 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Edwards, 103 Ariz. 487 | 67+9(0.5) | Statute making burglary by mechanical means illegal and specifying three distinct classes of mechanical means for committing burglary, (1) by use of explosives, (2) use of burning or melting force, (3) use of any mechanical device or contrivance, was not ambiguous and ejusdem generis rule of construction would not be applied. A.R.S. S 13-303. | Does use of explosives constitute burglary? | Burglary - Memo 130 - JS.docx | ROSS-003290438-ROSS-003290440 |
| People v. Mire, 173 Mich. 357 | 350H+1486 | The punishment, imprisonment for not less than 15 years nor more than 30 years, prescribed by Pub.Acts 1907, No. 64, for one who with intent to commit crime breaks and enters a building, and for purpose of committing any crime uses a high explosive, is not cruel and unusual. | What is the punishment for burglary with use of explosives? | Burglary - Memo 132 - JS.docx | ROSS-003289285-ROSS-003289287 |
| In re Vidal, 234 B.R. 114 | 289+1131 | Under New Mexico law, partnership agreement governs relationship between general and limited partners. NMSA 1978, SS 54-2-1 to 54-2-63. | What governs the relationship between general partners and limited partners? | Partnership - Memo 322 - SNP.docx | ROSS-003291631-ROSS-003291632 |
| Fromm v. Bd. of Directors of Police & Firemen's Ret. Sys., 81 N.J. Super. 138 | 296+2 | One of the fundamental purposes of pensioning civil servants is to secure good behavior and maintenance of reasonable standards of discipline during service. | Why should civil servants be pensioned? | 022782.docx | LEGALEASE-00135739-LEGALEASE-00135740 |
| Peachtree Apartments v. Pallo, 317 S.W.3d 189 | 307A+517.1 | Once a case is voluntarily dismissed, the court loses all jurisdiction over it, and may take no further action. | "Once a case is voluntarily dismissed, does the court lose all jurisdiction over it, and may take no further action?" | Pretrial Procedure - Memo # 2766 - C - DA.docx | ROSS-003305105-ROSS-003305106 |
| Madison Assocs. v. Bass, 158 Ill. App. 3d 526 | 388+26 | Substitution of attorneys after commencement of trial does not constitute good cause for granting continuance. | Is the substitution of attorneys after the commencement of trial a good cause for granting continuance? | Pretrial Procedure - Memo # 3272 - C - KG.docx | ROSS-003317856-ROSS-003317857 |
| Brown v. Rowe Chevrolet-Buick, 86 N.C. App. 222 | 307A+716 | Generally, withdrawal of counsel on eve of trial is not ipso facto grounds for continuance. | Is the withdrawal of counsel on eve of trial not ipso facto grounds for continuance? | Pretrial Procedure - Memo # 3297 - C - SU.docx | LEGALEASE-00025213-LEGALEASE-00025214 |
| Martin v. Wyatt, 243 Ga. App. 31 | 307A+716 | Continuances because of the absence of counsel are not favored, and a strict compliance with the law is required, particularly since the matter rests within the sound discretion of the trial judge. O.C.G.A. S 9-10-155. | Is continuance on ground of counsel's illness favored? | 029373.docx | LEGALEASE-00135401-LEGALEASE-00135402 |
| Waites v. Sondock, 561 S.W.2d 772 | 307A+712 | Legislative continuance is mandatory except in those cases in which party opposing continuance alleges that substantial existing right will be defeated or abridged by delay; in cases of this type, trial court has duty to conduct hearing on such allegations, and if allegations are shown to be meritorious court should deny continuance. Vernon's Ann.Civ.St. art. 2168a. | Is a legislative continuance mandatory? | 029374.docx | LEGALEASE-00135419-LEGALEASE-00135420 |
| Allen v. State ex rel. Ernest N. Morial--New Orleans Exhibition Hall Auth., 814 So. 2d 644 | 110+593 | Illness of counsel, where there is but one, or of the leading counsel, where there is more than one, is sufficient ground for the continuance of a cause, especially where the sickness is so sudden that another cannot, under the circumstances, do justice to the cause. | Is illness of counsel a sufficient ground for the continuance of a cause? | 029634.docx | LEGALEASE-00135138-LEGALEASE-00135139 |
| Enter. Recovery Sys. v. Salmeron, 401 Ill. App. 3d 65 | 307A+483 | The failure to answer requests for admission means that all factual statements in the requests are deemed to be admitted. | Does the failure to answer requests for admission mean that all factual statements in the requests are deemed to be admitted? | Pretrial Procedure - Memo # 3637 - C - CK.docx | ROSS-003290512-ROSS-003290513 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Sewell, 472 S.W.3d 449 | 307A+483 | Deemed admissions were never intended to be a trap in which a party admits he has no cause of action or defense. | Are deemed admissions intended to be a trap in which a party admits he has no cause of action or defense? | Pretrial Procedure - Memo # 3644 - C - AP.docx | ROSS-003290514-ROSS-003290515 |
| Novak v. Novak, 2007 S.D. 108 | 307A+485 | Whether an award of attorney fees is warranted, for the failure to admit facts set forth in a request for admissions which are later established, is left to the sound discretion of the circuit court, which has broad discretion with regard to sanctions imposed. SDCL S 15-6-37(c)(2). | Does a court have broad discretion to determine amount of a reasonable attorney fee on motion for costs of proof? | 030080.docx | LEGALEASE-00135069-LEGALEASE-00135070 |
| Osceola Inns v. State Highway Dept, 133 Ga. App. 736 | 307A+483 | In absence of denials of request for admissions being before court, matters contained in request must be treated as admissions. | "In absence of denials of request for admissions being before court, must matters contained in a request be treated as admissions?" | 030110.docx | LEGALEASE-00135901-LEGALEASE-00135902 |
| W. Morgan-E. Lawrence Water & Sewer Auth. v. 3M Co., 208 F. Supp. 3d 1227 | 386+10 | Under Alabama law, an indirect trespass occurs where the trespasser releases a foreign polluting matter beyond the boundaries of his property, knowing to a substantial certainty that it will invade the property. | When does indirect trespass occur? | 047370.docx | LEGALEASE-00135250-LEGALEASE-00135251 |
| New York State Elec. & Gas Corp. v. Cty. of Chemung, 137 A.D.3d 1550 | 386+11 | The essence of trespass is injury to the right of possession, and such trespass may occur under the surface of the ground; a person need not have title to the property but must simply have sufficient property rights to maintain an action for trespass. | Can a person not having the title to property maintain a trespass action? | 047378.docx | LEGALEASE-00135268-LEGALEASE-00135269 |
| United States v. Anderson, 509 F.2d | 63+1(1) | Donor may be convicted of giving a bribe despite the fact that the recipient had no intention of altering his official activities, or even lacked the power to do so. 18 U.S.C.A. S 201(a, b). | "In a bribery case, should the conviction of the donor and donee always be consistent?" | 011303.docx | LEGALEASE-00136739-LEGALEASE-00136740 |
| Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, 369 F.3d 212 | 63+1(1) | Commercial bribery cannot be committed unilaterally by an alleged bribe receiver: one cannot be guilty of receiving a commercial bribe unless someone else is guilty of paying it. | Can commercial bribery be committed unilaterally? | Bribery - Memo #428 - C - LB.docx | ROSS-003291586-ROSS-003291587 |
| State v. Knight, 140 Ohio App. 3d 797 | 63+1(1) | A police officer's duty, for purposes of a prosecution for bribery, may arise from usage or custom. | Where do a police officers duties arise from for purposes of a prosecution for bribery? | 011701.docx | LEGALEASE-00136632-LEGALEASE-00136633 |
| State v. Walker, 130 S.W.3d 18 | 63+1(1) | Crime of bribery is complete when offer is made; it is not element of offense that act to be influenced was actually performed or accomplished. V.A.M.S. S 576.010. | Is the performance of the act being influenced an element of bribery? | 011873.docx | LEGALEASE-00136123-LEGALEASE-00136124 |
| Upton v. State, 166 Ga. App. 541 | 63+1(1) | Where an act is entirely outside of official functions of officer to whom bribe is offered, offense is not bribery. O.C.G.A. S 16-10-2. | Can a public officer be bribed where the induced act is entirely outside of the official functions of him? | 011875.docx | LEGALEASE-00136158-LEGALEASE-00136159 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Railey v. State, 58 Tex. Crim. 1 | 67+2 | Pen.Code 1895, art. 838 (Vernon's Ann.P.C. art. 1389), provides that burglary is constituted by the entrance of a house by force, threats, or fraud, with intent to commit a felony or theft. Article 839 (1390) provides that one is guilty of burglary who, with intent to commit a felony or theft, by breaking enters the house in the daytime. Article 841 (1393) provides that the entry may consist of the entry of any part of the body, or that the offense may be constituted by the discharge of firearms into the house with the intent to injure the person therein. Held, that article 841 (1393) is but an addition to articles 838 and 839 (1389, 1390), and under the three articles, burglary may consist of entering a house by force, etc., or in entering a house and remaining therein with the intent to commit a felony, or by the discharge of firearms into a house with the intent to injure the person therein, and the intention need not be to commit a felony. | Does entry in a burglary involve the discharge of firearms? | Burglary - Memo 124 - JS.docx | ROSS-003332001-ROSS-003332003 |
| Wright v. Minneapolis St. Ry. Co., 222 Minn. 105 | 200+175 | A vehicle or pedestrian standing still on a highway can have no right of way over other vehicles or pedestrians, whatever their rights otherwise might be. Minn.St.1941, § 169.01, subd. 45, § 169.21, subd. 2. | Does a pedestrian standing still on the highway have a right of way over other vehicles? | 019248.docx | LEGALEASE-00136810-LEGALEASE-00136811 |
| Krug v. Meehan, 109 Cal. App. 2d 274 | 302+35 | An averment of conclusion of law is ordinarily deemed surplusage and will be disregarded in considering sufficiency of pleading. | Will an averment of conclusion of law be disregarded in considering sufficiency of pleading? | Pleading - Memo 309 - RMM.docx | ROSS-003291637-ROSS-003291638 |
| Morgan v. Crowley, 91 Ga. App. 58 | 302+207 | Factitious demands by special demurrer are not favored, and practice of requiring unnecessary elaboration of pleadings by process of such special demurrers should not be encouraged. | Are factitious demands by special demurrer favored? | 023340.docx | LEGALEASE-00136530-LEGALEASE-00136531 |
| Bd. of Comm'rs of Tipton Cty. v. Brown, 4 Ind. App. 288 | 307A+716 | The sickness of counsel is not a sufficient ground for continuance, where it is not shown that such sickness prejudiced the client's case. | "Is the sickness of counsel not a sufficient ground for continuance, where it is not shown that such sickness prejudiced the client's case?" | 029267.docx | LEGALEASE-00136061-LEGALEASE-00136062 |
| Gilcrease v. Bacarisse, 26,318 (La. App. 2 Cir. 12/7/94) | 307A+716 | Party is not entitled to indefinite continuances simply because she contends she is unable to secure counsel. | Is a party not entitled to indefinite continuances simply because she contends she is unable to secure counsel? | 029452.docx | LEGALEASE-00136436-LEGALEASE-00136437 |
| Willoughby v. Upshur Rural Elec. Co-op. Corp., 562 S.W.2d 33 | 307A+716 | It is within discretion of trial court to grant continuance due to absence of counsel. Rules of Civil Procedure, rule 253. | Is it within discretion of trial court to grant continuance due to absence of counsel? | 029460.docx | LEGALEASE-00136463-LEGALEASE-00136464 |
| Travis v. Commercial Union Ins. Co., 569 So. 2d 115 | 307A+483 | Generally, when obligation is based on writing, prima facie proof of obligation requires introducing that writing; jurisprudential exception is that when plaintiff requests admissions of contractual coverage or production of policy, defendant's failure to comply may be construed as supplying missing proof. | "When an obligation is based on writing, does a prima facie proof of obligation require introducing that writing?" | Pretrial Procedure - Memo # 3701 - C - TM.docx | ROSS-003290882-ROSS-003290883 |
| 19th St. Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345 | 170A+1292 | To "perpetuate the testimony of a witness" means to record, prior to trial and for use at trial, the witness' known testimony in a case where the witness may be unavailable for trial. | Are perpetuation depositions arranged by the litigants when it becomes known that a witness will be unavailable to testify at trial? | 030165.docx | LEGALEASE-00137055-LEGALEASE-00137056 |
| Chambers v. Pruitt, 241 S.W.3d 679 | 307A+483 | Requests for admissions must be served and received before a failure to answer will result in deemed admissions. | Should requests for admissions be served and received before a failure to answer will result in deemed admissions? | 030171.docx | LEGALEASE-00136996-LEGALEASE-00136997 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Masten v. Gower, 165 S.W.2d 901 | 307A+483 | A party's failure to answer inquiries on adverse party's written request for admission or denial of relevant facts has effect of a "judicial admission", which cannot be controverted upon the trial. Rules of Civil Procedure, rule 169. | "Does a party's failure to answer at all has the effect of a ""judicial admission""", which cannot be controverted upon the trial?" | Pretrial Procedure - Memo # 3951 - C - TM.docx | ROSS-003290587-ROSS-003290588 |
| Delta Disc. Co. v. Fryer, 244 Ark. 489 | 307A+477.1 | Answers to requests for admissions must be verified by responding party rather than by his attorney. | Should answers to requests for admissions be verified by the responding party rather than by his/her attorney? | 030262.docx | LEGALEASE-00136922-LEGALEASE-00136923 |
| Prof'l Rodeo Cowboys Ass'n v. Wilch, Smith & Brock, 42 Colo. App. 30 | 30+3711 | Award of costs for expenses incurred by plaintiff in proving facts which defendants have previously failed to admit is within sound discretion of trial court and will not be interfered with on appeal absent abuse of discretion. Rules of Civil Procedure, rule 37(c). | Is awarding of costs within sound discretion of a court? | 030300.docx | LEGALEASE-00136894-LEGALEASE-00136895 |
| Ethridge v. Perryman, 363 S.W.2d 696 | 307A+720 | Where it appears from pleadings, application for continuance and testimony that parties have prepared to meet issues tendered by amendment, a continuance on account of the amendment is not necessary. V.A.M.R. Civil Rule 55.53; Section 509.490 RSMo 1959, V.A.M.S. | Does an amendment of an adversary's pleading not entitle a party to a continuance as of course? | 030333.docx | LEGALEASE-00136442-LEGALEASE-00136443 |
| Cunningham v. Columbia/St. David's Healthcare Sys., 185 S.W.3d 7 | 307A+720 | An attorney's misplaced reliance on an assistant does not constitute due diligence to obtain discovery sought, as would warrant granting continuance to allow party to make, amend, or supplement its discovery response. Vernon's Ann.Texas Rules Civ.Proc., Rule 193.6(c). | Does an attorney's misplaced reliance on an assistant constitute due diligence to obtain discovery sought? | 030430.docx | LEGALEASE-00136185-LEGALEASE-00136186 |
| Dillingham v. I.N.S., 267 F.3d 996 | 24+397 | Because federal authority in immigration matters is plenary, federal classifications differentiating between groups of aliens are subject to relaxed scrutiny. | Are federal classifications distinguishing or differentiating among groups of aliens valid? | 007013.docx | LEGALEASE-00137611-LEGALEASE-00137612 |
| Dillingham v. I.N.S., 267 F.3d 996 | 24+397 | Because federal authority in immigration matters is plenary, federal classifications differentiating between groups of aliens are subject to relaxed scrutiny. | Is federal authority in immigration matters plenary? | Aliens_Immigration and Citizenship_Memo 9 - GP.docx | ROSS-003289941-ROSS-003289942 |
| Smith v. Sec'y of Army, 384 F.3d 1288 | 34+5(6) | As a general matter, a military service member is entitled only to the salary of the rank to which he is appointed and in which he serves. | Is a military service member entitled only to the salary of the rank to which he is appointed and in which he serves? | Armed Services - Memo 167 - JS.docx | ROSS-003290398-ROSS-003290399 |
| Beitner v. Becker, 34 A.D.3d 406 | 8.30E+56 | Memorandum of indebtedness, which stated only that promisor owed promisee certain corporate stock, negotiable instruments, and action warrants, was not a promissory note, where it did not by its terms contain a promise to pay; rather, the memorandum was a voluntary and unenforceable executory promise. McKinney's Uniform Commercial Code SS 3-104(1)(a-d), (2)(d). | Is a memorandum in the form of a promissory note if it did not by its terms contain a promise to pay? | 010254.docx | LEGALEASE-00137908-LEGALEASE-00137909 |
| United States v. Apple, 927 F. Supp. 1119 | 63+1(1) | Fundamental purpose of bribery statute is to preserve integrity of federal funds that support state government activities. 18 U.S.C.A. S 666(a)(2). | What is the fundamental purpose of the federal bribery statute? | 011804.docx | LEGALEASE-00137761-LEGALEASE-00137762 |
| Twp. of Crane v. Secoy, 103 Ohio St. 258 | 316P+863 | A public office is a public trust, and public property and public money in the hands of or under the control of a public officer constitute a trust fund for which the official as trustee is responsible to the same degree as the trustee of a private trust fund. | Is a public office a public trust? | Bribery - Memo #516 - C - EB.docx | ROSS-003291592-ROSS-003291594 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Calderon, 158 Cal. App. 4th 137 | 67+9(2) | A sufficient "entry" is made to warrant a conviction of burglary when any part of the body of the intruder is inside the premises. West's Ann.Cal.Penal Code S 459. | Is entry of any part of the body of an intruder sufficient for burglary? | Burglary - Memo 140 - JS.docx | ROSS-003332004-ROSS-003332006 |
| People v. Glazier, 186 Cal. App. 4th 1151 | 67+9(2) | Burglary may be committed by using an instrument to enter a building, whether that instrument is used solely to effect entry, or to accomplish the intended money or felony as well. West's Ann.Cal.Penal Code S 459. | Is entry using an instrument sufficient for burglary? | 012698.docx | LEGALEASE-00137428-LEGALEASE-00137429 |
| State v. Ewing, 298 S.W.2d 439 | 67+10 | To sustain a charge of second degree burglary, it is essential to show, directly or circumstantially, that some force was used to effect entry. | Does burglary involve entry by use of force? | 012700.docx | LEGALEASE-00137432-LEGALEASE-00137433 |
| Hall v. State Farm Fire & Cas. Co., 937 F.2d 210 | 67+2 | Elements necessary to constitute crime of common-law burglary include breaking and entering in nighttime of dwelling house of another with intent to commit felony therein. | What are the elements of common law burglary? | Burglary - Memo 150 - JS.docx | ROSS-003331016-ROSS-003331018 |
| State v. Green, 182 Wash. App. 133 | 67+46(2) | Failure to instruct that to find defendant guilty jury must find that breaking or entering was done with intent to commit felony or other infamous crime was prejudicial error in prosecution for felonious breaking and entering. G.S. S 14-54. | Is breaking and entering a felony? | 012729.docx | LEGALEASE-00137535-LEGALEASE-00137536 |
| State v. English, 132 Conn. 573 | 410+337(19) | Where defendant charged with crime of statutory burglary with violence testified in his own behalf, a proper record of conviction for prior burglary would be admissible as affecting defendant's credibility as a witness, since both common-law and statutory burglary are infamous crimes. Gen.St.1930, SS 5582, 6091, 6097, 6100. | Is burglary an infamous crime? | Burglary - Memo 155 - JS.docx | ROSS-003317187-ROSS-003317189 |
| People v. Dabney, 260 Cal. App. 2d 786 | 67+3 | In order to obtain conviction for burglary, prosecution must prove that the entry was made with specific intent to commit grand or petit larceny or any felony. West's Ann.Pen.Code, S 459. | Does burglary require specific intent? | 012754.docx | LEGALEASE-00137402-LEGALEASE-00137403 |
| Holiday Dinner Theatres of Am. v. Bartke, 281 So. 2d 376 | 307A+687 | In considering motion to dismiss, movant is deemed to admit as true material facts well pleaded. 30 F.S.A. Rules of Civil Procedure, rules 1.110(b), 1.120(b). | Will a motion to dismiss admit only well pleaded facts? | Pleading - Memo 346 - RMM.docx | ROSS-003305095-ROSS-003305096 |
| Checker Leasing v. Sorbello, 181 W. Va. 199 | 307A+483 | Failure to respond to request for admissions will be deemed an admission of matter set forth in request. Rules Civ.Proc., Rule 36. | Will failure to respond to a request for admissions be deemed an admission of matter set forth in a request? | 030157.docx | LEGALEASE-00137178-LEGALEASE-00137179 |
| United Auto. Ins. Co. v. W. Hollywood Pain & Rehab. Ctr., 162 So. 3d 98 | 307A+486 | If the adverse party is not prejudiced, relief from a technical admission may be granted for mere inadvertence. West's F.S.A. RCP Rule 1.370. | Can relief from a technical admission be granted for mere inadvertence if the adverse party is not prejudiced? | 030496.docx | LEGALEASE-00137139-LEGALEASE-00137140 |
| Wood v. Am. Locomotive Co., 246 A.D. 376 | 307A+93 | General examination before trial may be had on showing of necessity and materiality, but may not be availed of to harass adverse party or for purpose of fishing expedition, and must be sought and prosecuted in good faith. Civil Practice Act, S 288. | Will examinations before trial which are calculated to harass and annoy the opponents not be granted? | Pretrial Procedure - Memo # 4474 - C - KG.docx | ROSS-003331148-ROSS-003331149 |
| Voegele v. Tschirley, 76 S.D. 509 | 30+3239 | In absence of showing of clear abuse of discretion, trial court's action in regard to granting or denying continuance following amendment of the pleadings will not be disturbed by the Supreme Court. | Is the granting of continuance because of amendment to a pleading within discretion of a court? | 031215.docx | LEGALEASE-00137097-LEGALEASE-00137098 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Crown Castle Int'l Corp., 247 S.W.3d 349 | 307A+36.1 | Under Delaware law, derivative plaintiffs are not entitled to discovery in order to demonstrate presuit demand futility. | Are derivative plaintiffs not entitled to discovery in order to demonstrate presuit demand futility? | Pretrial Procedure - Memo # 4602 - C - KG.docx | LEGALEASE-00027542-LEGALEASE-00027543 |
| State v. Ralph Williams N. W. Chrysler Plymouth, 87 Wash. 2d 298 | 307A+725 | Decision to impose terms as a condition to grant of a continuance is within discretion of trial court and will be overturned by Supreme Court only if there exists a manifest abuse of discretion. CR 40(d). | Is the trial court vested with the power to impose terms as the condition for granting a continuance? | Pretrial Procedure - Memo # 4681 - C - ES.docx | ROSS-003304642-ROSS-003304643 |
| Johansen v. Gray, 279 A.D. 108 | 307A+173 | The statute contemplates a taking of testimony to resolve an issue of fact between parties to an action in so far as it arises from the pleadings of such parties to each other, and does not authorize an examination of a party to an action by another party in respect of an issue of fact, unless it arises from the pleadings between such parties. Rules of Civil Practice, rule 63; Civil Practice Act, S 288. | Should the right to have an examination of a party before trial be found in a statute or rule? | 031432.docx | LEGALEASE-00137450-LEGALEASE-00137451 |
| Dickson v. Simonds, 107 N.Y.S.2d 257 | 307A+91 | Priority in examination of adverse party before trial must be determined on the facts and circumstances of each case. | Should the priority in examination of an adverse party before trial be determined on the facts and circumstances of each case? | 031478.docx | LEGALEASE-00137085-LEGALEASE-00137086 |
| Lake v. Le Jeune, 226 La. 48 | 308+103(7) | A mandate to buy or sell must be express and special; if conceived only in general terms it does not suffice. LSA-C.C. arts. 2996, 2997. | Should the mandate to buy or sell property be express and special? | Principal and Agent - Memo 73 - KC.docx | ROSS-003318262-ROSS-003318263 |
| Rame v. Popovich, 878 F. Supp. 2d 439 | 25T+329 | Arbitrator did not exceed her authority or act in manifest disregard of the law in determining that parties' agreement permitted the employees to bring their Fair Labor Standards Act (FLSA) and New York Labor Law claims against employers on a collective or class basis; agreement did not contain an explicit class action waiver, and contained language that "the arbitrator will decide all claims according to law, may award all damages and relief allowed by law," and that "(t)he arbitration may award any remedy or relief as a court could award on the same claim." 9 U.S.C.A. S 10(a)(4); Fair Labor Standards Act of 1938, S 1 et seq., 29 U.S.C.A. S 201 et seq. | Is a waiver of Fair Labor Standards Act (FLSA) collective action enforceable? | 007601.docx | LEGALEASE-00138999-LEGALEASE-00139000 |
| Erlandson v. Erskine, 76 Mont. 537 | 8.30E+266 | Renewal note is treated as new transaction on new promise, if parties' intention was to extinguish original note. | Can a renewal note be treated as a new transaction or promise if governed by the intention of parties? | Bills and Notes - Memo 178 - IS.docx | LEGALEASE-00027936-LEGALEASE-00027937 |
| Sawgrass Builders v. Realty Co-op., 172 Ga. App. 324 | 83E+695 | A check is an unconditional promise to pay and a stop payment order does not discharge the maker's liability on the check. | Does mere order of stop payment discharges the maker of the check from his liabilities? | 010148.docx | LEGALEASE-00138832-LEGALEASE-00138833 |
| Arnold v. Potomac Improvement Co., 118 W. Va. 425 | 83E+618(4) | What is reasonable time within which to present demand note for payment is question of fact to be determined by trier of facts on circumstances in each particular case. Code 1931, 46-6-2. | What is the reasonable time in which a demand note must be presented for payment? | Bills and Notes- Memo 377-PR.docx | ROSS-003289151-ROSS-003289153 |
| In re McMullen Oil Co., 251 B.R. 558 | 172H+622 | Under California law, a bank may be liable for conversion when it permits the deposit of a check into a third party's account without the indorsement of the payee. West's Ann.Cal.Com.Code S 3420(a). | Can the bank be held liable for conversion of check? | Bills and Notes- Memo 380-PR.docx | ROSS-003303817-ROSS-003303818 |
| State v. Gibbs, 306 S.W.3d 178 | 386+76 | The intent to commit a crime is an essential element of burglary; it is this element of criminal intent that separates burglary in the second degree from its lesser-included offense of trespass in the first degree. | What separates second degree burglary from first degree trespass? | Burglary - Memo 169 - KNR.docx | ROSS-003303692-ROSS-003303694 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Prodon v. State, 555 S.W.2d 451 | 67+3 | Intent to commit theft or intent to commit felony, as used in burglary statute, is element of offense of burglary. V.T.C.A., Penal Code S 30.02. | Does burglary require intent to commit theft? | Burglary - Memo 185 - KNR.docx | ROSS-003288743-ROSS-003288744 |
| Martin v. State, 10 Md. App. 274 | 129+110 | To convict for disorderly conduct, trier of fact must find that there was unreasonable noise, followed by admonition to stop, which was in turn followed by more unreasonable noise. IC 35-45-1-3 (1982 Ed.). | When do courts sustain disorderly conviction based on unreasonable noise? | 014410.docx | LEGALEASE-00138533-LEGALEASE-00138534 |
| In re Exmark Mfg. Co., 299 S.W.3d 519 | 307A+36.1 | Order compelling discovery from manufacturer of zero-turn riding lawnmower in products liability action, arising out of accident in which owner of this type of lawnmower was paralyzed as result of "rollover" incident involving lawnmower, requiring manufacturer to disclose information on other lawnmowers manufacturer made but which owner had not used, was reasonably tailored to relevant product defect, and was not impermissibly overbroad; order focused on production of documents about inclusion or lack of rollover protective systems on zero-turn riding lawnmowers and focused on different models of the same basic product rather than different products, and there was a connection between alleged defect and discovery ordered. Vernon's Ann.Texas Rules Civ.Proc., Rule 192.3(a); V.T.C.A., Civil Practice & Remedies Code S 82.005. | Should there be a connection between the alleged defect and the discovery ordered? | 031078.docx | LEGALEASE-00138221-LEGALEASE-00138222 |
| Beam ex rel. Martha Stewart Living Omnimedia v. Stewart, 845 A.2d 1040 | 307A+36.1 | In general, derivative plaintiffs are not entitled to discovery in order to demonstrate demand futility. | Are derivative plaintiffs entitled to discovery in order to demonstrate demand futility? | Pretrial Procedure - Memo # 4838 - C - SK.docx | ROSS-003331621-ROSS-003331622 |
| Smith v. Loftis Bros. & Co., 43 Ga. App. 354 | 307A+69.1 | Testimony taken by deposition should be reduced to writing by officer or disinterested stenographer and subscribed by deponent (Civ.Code 1910, S 5905 et seq.). | "Should the testimony of the witness be reduced to writing by the officer taking the deposition, or by the witness in the presence of the officer; or the officer may employ a disinterested stenographer to take down and write out the testimony?" | 031665.docx | LEGALEASE-00138412-LEGALEASE-00138413 |
| Parker v. Culler Furniture Co., 278 A.D. 135 | 307A+91 | In determining whether examination of adversary before trial should be ordered, test is one of necessity and usefulness, and not one of burden of proof. | "In determining whether examination of an adversary before trial should be ordered, is the test one of necessity and usefulness?" | 031730.docx | LEGALEASE-00138135-LEGALEASE-00138136 |
| In re Gilbert, 274 Ky. 187 | 307A+74 | An examiner who takes depositions is a sworn officer of the court, and examiner's certificate imports all the fidelity and exactitude of the sworn testimony of the witness in open court. | Is an examiner who takes depositions a sworn officer of the court? | Pretrial Procedure - Memo # 4980 - C - NE.docx | ROSS-003302884-ROSS-003302885 |
| Dep't of Mgmt. v. Fastrac Const. Inc., 701 So. 2d 1200 | 307A+36.1 | Trial court may order discovery necessary for a determination of proper venue. | Can a trial court order discovery necessary for a determination of proper venue? | 031988.docx | LEGALEASE-00138146-LEGALEASE-00138147 |
| Prather v. Pritchard, 26 Ind. 65 | 307A+74 | It is not necessary that the names of the witnesses examined should be stated in the certificate of the officer taking the deposition. It is sufficient if they are referred to as "the above-named deponents.". | Is it not necessary that the names of the witnesses examined should be stated in the certificate of the officer taking the deposition? | 032558.docx | LEGALEASE-00138912-LEGALEASE-00138913 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Bankers Ins. Co., 245 F.3d 315 | 25T+151 | Mandatory arbitration, as a prerequisite to initiation of litigation, and binding arbitration, in which the parties must accept an award or decision of the arbitrator, are two different things, and although non-binding arbitration may turn out to be a futile exercise, this fact does not, as a legal matter, preclude a non-binding arbitration agreement from being enforced. | Whether mandatory arbitration and binding arbitration are considered to be the same by the court? | 007613.docx | LEGALEASE-00139009-LEGALEASE-00139011 |
| McIlroy v. PaineWebber, 989 F.2d 817 | 25T+151 | When parties agree to arbitration, they agree to accept whatever reasonable uncertainties might arise from the process. | When parties agree to arbitration do they agree to accept uncertainties which may arise from the process? | 007616.docx | LEGALEASE-00139012-LEGALEASE-00139013 |
| United States v. O'Brien, 994 F. Supp. 2d 167 | 63+13 | Generally, in a bribery case, whether wages are bona fide and paid in the usual course of business are questions of fact for the jury. 18 U.S.C.A. S 666(c). | Who determines whether wages and salaries are bona fide for purposes of a bribery prosecution? | 011895.docx | LEGALEASE-00139311-LEGALEASE-00139312 |
| Raymer v. United States, 660 F.2d 1136 | 260+92.5(2) | Federal Coal Mine Health and Safety Act of 1969 did not create private right of action by mine employees against Government. Federal Coal Mine Health and Safety Act of 1969, SS 2, 3(a) as amended 30 U.S.C.A. SS 801 et seq., 802(a). | Is there a private right of action under the mine safety act? | Mines and Minerals - Memo #57 - C - CSS.docx | ROSS-003301927-ROSS-003301928 |
| Cousins v. State Farm Mut. Auto. Ins. Co., 258 So. 2d 629 | 307A+13 | Decisions of federal courts interpreting similar federal rules on discovery are persuasive, though not necessarily controlling, in proceedings involving state discovery statutes. LSA-C.C.P. arts. 1421-1452; Fed.Rules Civ.Proc. rules 26-37, 28 U.S.C.A. | Are decisions applying and interpreting a federal rule persuasive in nature? | 026242.docx | LEGALEASE-00139063-LEGALEASE-00139064 |
| Clark v. Clark, 11 Va. App. 286 | 307A+501 | Claimant is absolutely entitled to one nonsuit within statutory limitations period. Code 1950, S 8.01-380. | Is a claimant absolutely entitled to one nonsuit within the statutory limitations period? | 026596.docx | LEGALEASE-00139147-LEGALEASE-00139148 |
| Ricketson v. Blair, 171 Ga. App. 714 | 307A+717.1 | If "cumulative" testimony of absent witness is "material," motion for continuance should nevertheless be granted. O.C.G.A. S 9-10-160. | "If ""cumulative"" testimony of an absent witness is ""material,"" should a motion for continuance be granted?" | Pretrial Procedure - Memo # 2015 - C - DA.docx | ROSS-003289074-ROSS-003289075 |
| Columbus Tr. Co. v. Upper Hudson Elec. & R. Co., 190 N.Y.S. 737 | 307A+91 | In Civil Practice Act, S 1569, permitting a judge to apply the remedial provisions of that act to suits pending when it took effect, the term "remedial," which means a statute to supply some defect or abridge some superfluity of the common law or to give a new remedy, was evidently used in view of the distinction between remedial statutes which can be made applicable to pending actions and those statutes which create new rights or affect existing rights, and the provisions of article 9 of that act for the examination of witnesses before trial are within the term. | "What does the term ""remedial"" mean?" | 030957.docx | LEGALEASE-00139143-LEGALEASE-00139144 |
| United States v. Standefer, 610 F.2d 1076 | 316P+1057 | Neither statute proscribing the providing of illegal gratuities to a public official nor statute prohibiting an employee of the United States acting in connection with any revenue law of the United States from accepting fees, compensation or rewards,other than as permitted by law, for the performance of his duties obligates the government to prove a specific intent or a quid pro quo. 18 U.S.C.A. S 201(f); 26 U.S.C.A. (I.R.C.1954) S 7214(a)(2)~¢ Y. | Is the government obligated to prove a specific intent in a bribery charge? | 011927.docx | LEGALEASE-00139689-LEGALEASE-00139690 |
| White v. Dougherty, 8 Tenn. 309 | 289+716 | The joint creditors of a partnership have in equity a general lien on the funds of the partnership, and are entitled to payment out of the partnership effects, in preference to creditors of an individual member of the firm. | "In cases of insolvency, do the partnership creditors have a right to payment from the partnership fund in preference to individual creditors of the partners?" | 022358.docx | LEGALEASE-00139434-LEGALEASE-00139435 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Harper v. State Farm Mut. Auto. Ins. Co., 484 So. 2d 737 | 307A+749.1 | Pretrial order controls subject and course of action unless modified at trial to prevent manifest injustice. | Does a pretrial proceeding control the subject and course of action? | 027549.docx | LEGALEASE-00139427-LEGALEASE-00139428 |
| Gulf City Ins. Co. v. Stephens, 51 Ala. 121 | 307A+74 | When the certificate of the commissioner states that the witnesses were "duly sworn" it will be presumed that they were sworn, as the statute requires (Rev.Code, S 2720), "to speak the truth, the whole truth, and nothing but the truth." | "When the certificate of the commissioner states that the witnesses were ""duly sworn"", will it be presumed that they were sworn, as the statute requires?" | 032717.docx | LEGALEASE-00139639-LEGALEASE-00139640 |
| Leavings v. Mills, 175 S.W.3d 301 | 83E+401 | A note may be transferred even if it is not indorsed by the transferee; in that case, the transferee acquires whatever rights the transferor had in the note, but he does not become the holder. V.T.C.A., Bus. & C. S 3.201. | Can a note be transferred when it is not indorsed by the transferee? | Bills and Notes - Memo 511 - RK.docx | ROSS-003304302-ROSS-003304303 |
| Aiken Bag Corp. v. McLeod, 89 Ga. App. 737 | 8.30E+76 | A check is a mere order upon a bank to pay from the drawer's account and is subject to revocation by drawer at any time before it has been certified, accepted, or paid by the bank. Code, S 14-1707. | Is a check revocable until paid? | 010338.docx | LEGALEASE-00139783-LEGALEASE-00139784 |
| Ingram v. Earthman, 993 S.W.2d 611 | 8.30E+06 | Note that was not negotiable was not governed by Uniform Commercial Code (UCC), and thus, rights and liabilities of parties to note had to be found in common law of bills and notes and in contract law. | Are negotiable notes governed by Uniform Commercial Code? | 010360.docx | LEGALEASE-00140247-LEGALEASE-00140248 |
| State v. Walker, 130 S.W.3d 18 | 63+1(1) | Crime of bribery is complete when offer is made; it is not element of offense that act to be influenced was actually performed or accomplished. V.A.M.S. S 576.010. | "In order to commit the offense of bribery, does the statute require that the act to be influenced be performed?" | 011925.docx | LEGALEASE-00139707-LEGALEASE-00139708 |
| Allen v. State ex rel. Ernest N. Morial--New Orleans Exhibition Hall Auth., 814 So. 2d 644 | 200+194 | State has duty to exercise reasonable care in maintenance of highways to prevent defective and dangerous conditions from injuring travellers, and if highways are in dangerously defective condition and State has notice of condition, State is negligent if it does not notify or warn public of condition. | Does the statehave a duty to exercise reasonable care in the maintenance and care of its highways? | 018966.docx | LEGALEASE-00139769-LEGALEASE-00139770 |
| Interstate Busses Corp. v. Blodgett, 276 U.S. 245 | 200+121 | State may impose more than one form of tax on use of highways in interstate commerce, if aggregate charge bears reasonable relation to privilege granted. | Can the State impose more than one form of tax on use of its highways? | 019005.docx | LEGALEASE-00140338-LEGALEASE-00140339 |
| Kreidler v. Cecio Bros., 19 Conn. Supp. 477 | 200+96(1) | A right of action against highway commissioner is maintainable, if at all, only under statute, and no right exists in domain of alleged nuisance. Gen.St.1949, S 2201, as amended Gen.St.Supp.1953, S 964. | Is a right of action against highway commissioner maintainable? | 019102.docx | LEGALEASE-00139927-LEGALEASE-00139928 |
| Coakley v. Attorney Gen., 318 Mass. 508 | 296+2 | "Pensions" are bounties which Congress has right to give, to withhold, to distribute, or to recall at its discretion. | "Does congress have the right to give, to withhold, to distribute, or to recall at its discretion pensions?" | 022798.docx | LEGALEASE-00140556-LEGALEASE-00140557 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Doe v. City of Los Angeles, 42 Cal. 4th 531 | 241+191 | Extended statute of limitations reviving personal injury actions arising from childhood sexual abuse against an allegedly responsible nonperpetrator is not a defense to a statute of limitations, but an expansion of the limitations period, the purpose of which is to expand access to the courts by victims of childhood sexual abuse, and it would be inconsistent with this purpose to apply more stringent rules of pleading than those that ordinarily apply, so that a sexual abuse complaint ordinarily is sufficient if it alleges ultimate rather than evidentiary facts. West's Ann.Cal.C.C.P. SS 340.1(b)(2), 425.10(a). | Is a complaint sufficient if it alleges ultimate rather than evidentiary facts? | 023423.docx | LEGALEASE-00140051-LEGALEASE-00140052 |
| Henry v. Huntley, 37 Vt. 316 | 307A+69.1 | Where the name of a magistrate is inserted in a citation for taking a deposition, the party taking the deposition is not at liberty to go to another magistrate. | "Where the name of a magistrate is inserted in a citation for taking a deposition, is the party taking the deposition not at liberty to go to another magistrate?" | 029173.docx | LEGALEASE-00140217-LEGALEASE-00140218 |
| Kirby v. Cannon, 9 Ind. 371 | 307A+69.1 | A party cannot retake the deposition of a witness, or take his supplementary deposition, without leave of court. | "Can a party retake the deposition of a witness, or take his supplementary deposition, without leave of court?" | Pretrial Procedure - Memo # 3235 - C - ES.docx | ROSS-003301201-ROSS-003301202 |
| Cook v. Shorthill, 82 Iowa 277 | 307A+74 | Under Code 1873, S 3738, providing that where depositions are taken on interrogatories neither of the parties, their agents or attorneys, shall be present unless both are present, and that the certificate shall state the fact if the party is present, a deposition will not be suppressed because the notary's certificate recites that it was reduced to writing by another person in his presence, unless it is shown that such person was a party, or the agent or attorney of a party. | "When depositions are taken on commission, with interrogatories attached, can party attend in person or by attorney, unless the adverse party is present or is represented?" | Pretrial Procedure - Memo # 5304 - C - VA.docx | ROSS-003289475-ROSS-003289476 |
| Thilman & Co. v. Esposito, 87 Ill. App. 3d 289 | 307A+726 | Where defendants' motion for rehearing was continued four times before motion was denied, two of such occasions were at request of defendants, and defendants did not seek to obtain new counsel to represent them after attorney suffered coronary deficiency, but rather, defendants sought continuances hoping their attorney would recover and again actively represent them, defendants did not act with due diligence, even if motion for continuance had been before court, and therefore, trial court did not abuse its discretion in denying defendants' motion for rehearing instead of granting continuance. | Can the judge deny defendants' motion for rehearing rather than ordering continuance? | 032441.docx | LEGALEASE-00140466-LEGALEASE-00140467 |
| Expedia v. City of New York Dep't of Fin., 22 N.Y.3d 121 | 371+2013 | Local governments lack an independent power to tax, as the state constitution vests the taxing power in the Legislature and authorizes the Legislature to delegate that power to local governments. McKinney's Const. Art. 16, S 1. | Does a state constitution vests the taxing power in the state legislature? | 045469.docx | LEGALEASE-00140419-LEGALEASE-00140420 |
| United States v. Baumann, 684 F. Supp. 2d 1146 | 63+1(1) | Statute prohibiting bribery concerning programs receiving federal funds does not require that bribe itself be in excess of $5,000; government may also allege that business or transaction received in return for bribe was worth in excess of $5,000. 18 U.S.C.A. S 666(a)(2). | "Does any statute require that the bribe itself be in excess of $5,000?" | Bribery - Memo #303 - C - JL.docx | ROSS-003302073-ROSS-003302074 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Apple, 927 F. Supp. 1119 | 63+1(1) | Fundamental purpose of bribery statute is to preserve integrity of federal funds that support state government activities. 18 U.S.C.A. S 666(a)(2). | What is the fundamental purpose behind the federal bribery statute? | 012147.docx | LEGALEASE-00141949-LEGALEASE-00141950 |
| United States v. Rasco, 853 F.2d 501 | 63+1(1) | In obtaining conviction of defendant for bribery of bank official, Government need not establish that bribe was actually paid; crime of offering bribe is completed when defendant expressed ability and a desire to pay bribe. 18 U.S.C.A. S 201. | Is statute prohibiting bribery of a public official satisfied if a defendant expresses ability and a desire to pay the bribe? | 012161.docx | LEGALEASE-00141987-LEGALEASE-00141988 |
| Dixon v. Alford, 143 So. 679 | 113+3 | No custom could require landowner to continue advances to farmer tenant when tenant was not working and anticipated crop could not be expected. | May a custom require a landowner to advance his farmer tenant? | 014133.docx | LEGALEASE-00141722-LEGALEASE-00141723 |
| Chicago, M. & St. P. Ry. Co. v. Lindeman, 143 F. 946 | 113+3 | A custom must be uniform, certain, and known, or so notorious that a person of ordinary prudence in the exercise of reasonable care, dealing with its subjects, would have been aware of it. | "Does a custom have to be uniform, definite, and certain to be binding?" | 014177.docx | LEGALEASE-00141831-LEGALEASE-00141832 |
| Rindskoff Bros. v. Barrett, 14 Iowa 101 | 113+3 | The requisites of a good custom are, that it must be established, uniform, general and known to the parties: the degree in which all these should attach, must depend upon the peculiar circumstances of each case. | What are the characteristics of a good custom? | 014218.docx | LEGALEASE-00141967-LEGALEASE-00141968 |
| United States v. Marcavage, 609 F.3d 264 | 92+1738 | For purposes of First Amendment free speech analysis, "traditional public fora" are defined by the objective characteristics of the property, such as whether, by long tradition or by government fiat, the property has been devoted to assembly and debate. U.S.C.A. Const.Amend. 1. | What does traditional public fora means? | 014457.docx | LEGALEASE-00141190-LEGALEASE-00141191 |
| Nevada Power Co. v. Watt, 515 F. Supp. 307 | 149E+604(2) | The regulations under which the Secretary of the Interior assessed and required deposits for costs incurred by the Bureau of Land Management in preparation of environmental impact statement for those applying for right-of-way to construct an energy system were invalid as being insufficient and inconsistent with Federal Land Policy and Management Act mandate of reasonableness in view of fact that regulations did not take into consideration, nor did they permit consideration by the Secretary of factors required to be considered in a determination of reasonable costs. Federal Land Policy and Management Act of 1976, SS 304(b), 310, 504(g), 510(a), 43 U.S.C.A. SS 1734(b), 1740, 1764(g), 1770(a); National Environmental Policy Act of 1969, S 102, 42 U.S.C.A. S 4332. | Did the Congress express that the Secretary should consider the benefit to the general public in its attempted recoupment of costs of an EIS (Environmental Impact Statement) by language of section 304(b) of the FLPMA (Federal Land Policy and Management Act of 1976)? | Mines and Minerals - Memo # 125- C - EB.docx | ROSS-003291054-ROSS-003291055 |
| The N. Carolina State Bar v. Key, 189 N.C. App. 80 | 388+395(5) | "Ultimate facts" are the final facts required to establish the plaintiff's cause of action or the defendant's defense, and "evidentiary facts" are those subsidiary facts required to prove the ultimate facts. | Are evidentiary facts those facts necessary to prove the ultimate facts? | Pleading - Memo 384 - RMM.docx | LEGALEASE-00031018-LEGALEASE-00031019 |
| Burton v. Airborne Exp., 367 Ill. App. 3d 1026 | 302+312 | Exhibits are a part of the complaint to which they are attached, and the factual allegations contained within an exhibit attached to a complaint serve to negate inconsistent allegations of fact contained within the body of the complaint. | Are exhibits attached to a complaint part of that complaint? | 023454.docx | LEGALEASE-00141224-LEGALEASE-00141225 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Strong v. Gunning, 153 Ill. App. 182 | 307A+723.1 | A defendant is not entitled several terms after filing his plea to a continuance under Practice Act 1907, S 32, Smith-Hurd Stats. c. 110, Appendix S 32. Similar provisions Civil Practice Act 1933, see S.H.A. ch. 110, S 36. | Is a defendant not entitled several terms after filing his plea to a continuance? | 030631.docx | LEGALEASE-00141260-LEGALEASE-00141261 |
| Butler v. Harter, 152 So. 3d 705 | 307A+375 | On plaintiff's motion to compel discovery of defendant's entire litigation file after defendant moved for attorney fees and costs when judgment was entered for plaintiff on her action for damages stemming from a car accident in an amount less that defendant's offer of judgment, plaintiff failed to demonstrate a need of the materials so as to challenge whether defendant's offer of judgment was made in good faith, or that she was unable to obtain the equivalent of the materials by other means, as required to obtain defendant's work product; the trial court did not find need or undue hardship, but rather found its credibility determination would necessitate the use of privileged communications, assuming proper waiver of privilege, apparently referring to attorney-client privilege, rather than work product. West's F.S.A. RCP Rule 1.280(b)(4). | "To determine whether a moving party seeking privileged material will experience undue hardship if they do not obtain the material, must courts balance the moving party's burden in obtaining information?" | Pretrial Procedure - Memo # 4810 - C - DHA.docx | ROSS-003291271-ROSS-003291272 |
| Leet v. Union Pac. R. Co., 25 Cal. 2d 605 | 307A+725 | If court may not refuse to exercise its jurisdiction, it may not accomplish the same result by an indefinite continuance. | Can a court accomplish the same result by an indefinite continuance if it refuses to exercise its jurisdiction? | 032134.docx | LEGALEASE-00141322-LEGALEASE-00141323 |
| Sydnor v. Palmer, 29 Wis. 226 | 307A+74 | Where the return of commissioners to take testimony out of the state shows that the witnesses subscribed their names to their respective answers, and the certificate of the commissioners state the witnesses "were duly sworn before giving their evidence," it will be presumed that they knew the contents of their answers as written down, and were sworn "to speak the truth," according to the customary form of oath. | "Shall the commissioners certify that the witness ""was duly sworn before giving his evidence""?" | 032537.docx | LEGALEASE-00142001-LEGALEASE-00142002 |
| Fisk v. Tank, 12 Wis. 276 | 307A+74 | A deposition is not invalidated for want of a venue or statement of the place of taking, either in its margin or the commissioner's certificate. | Is a deposition not invalidated for want of a venue or statement of the place of taking? | Pretrial Procedure - Memo # 5434 - C - SHB.docx | ROSS-003289525-ROSS-003289526 |
| Hale v. Gibbs, 43 Iowa 380 | 307A+75 | It is competent for the party who has taken a deposition to refuse to offer it, or any part of it, in evidence, but he cannot withdraw it from the files. | "Is it competent for the party who has taken a deposition to refuse to offer it, or any part of it, in evidence, but he cannot withdraw it from the files?" | 032581.docx | LEGALEASE-00141681-LEGALEASE-00141682 |
| Succession of Grant, 14 La. Ann. 795 | 307A+74 | The capacity and signature of a justice of the peace who has taken a deposition under commission in another state must be established by the certificate of the governor, under the great seal of the state. | Is a certificate of authentication required from a justice of the peace of a state to take a deposition of another state? | Pretrial Procedure - Memo # 5487 - C - PC.docx | LEGALEASE-00031355-LEGALEASE-00031356 |
| Ankrim v. Sturges, 9 Pa. 275 | 307A+74 | Where a rule of court provides that depositions shall not be read unless filed within a reasonable time, and depositions were taken, and the cause continued because they were not filed, and the depositions were then filed, they may be read on the trial of the cause. | Does the rule of court require depositions to be filed within a reasonable time? | Pretrial Procedure - Memo # 5724 - C - DHA.docx | ROSS-003288945-ROSS-003288946 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Texas Parks & Wildlife Dep't v. Garland, 313 S.W.3d 920 | 307A+554 | If a trial court lacks jurisdiction over some claims but not others, the trial court should dismiss those claims over which it does not have subject matter jurisdiction but retain those claims over which it does. | Will a trial court dismiss claims over which it has no subject matter jurisdiction? | 032984.docx | LEGALEASE-00141523-LEGALEASE-00141524 |
| In re OSG Ship Mgmt., 514 S.W.3d 331 | 307A+554 | Forum-selection clauses are presumptively valid unless shown to be unreasonable, and they may be enforced through a motion to dismiss. | "Unless shown to be unreasonable, are forum-selection clauses valid?" | 033313.docx | LEGALEASE-00140806-LEGALEASE-00140807 |
| Hentz v. Asheville City Bd. of Educ., 189 N.C. App. 520 | 307A+554 | A motion to dismiss for lack of subject matter jurisdiction may be raised at any time. Rules Civ.Proc., Rule 12(b)(1), West's N.C.G.S.A. S 1A-1. | Can a motion to dismiss subject matter jurisdiction be raised at any time? | 033319.docx | LEGALEASE-00140824-LEGALEASE-00140825 |
| Tennant v. Sinclair Oil & Gas Co., 355 P.2d 887 | 371+2001 | It is a sound principle of taxation that, insofar as practicable, the benefits of taxation should be directly received by those who are most directly concerned in bearing the burdens of taxation. | Should the benefits of taxation be directly received by those directly concerned in bearing burdens of taxation? | 045157.docx | LEGALEASE-00140945-LEGALEASE-00140946 |
| Tennant v. Sinclair Oil & Gas Co., 355 P.2d 887 | 371+2001 | It is a sound principle of taxation that, insofar as practicable, the benefits of taxation should be directly received by those who are most directly concerned in bearing the burdens of taxation. | Should the benefits of taxation be directly received by those directly concerned in bearing burdens of taxation? | Taxation - Memo # 412 - C- NA.docx | LEGALEASE-00031605-LEGALEASE-00031606 |
| Atl. Coast Line R. Co. v. Com., 302 Ky. 36 | 371+2001 | The obligation to pay taxes rests solely on legislation and legislative intent to tax must clearly appear. | Does the obligation to pay taxes rest solely on legislation and a clear legislative intent? | 045159.docx | LEGALEASE-00140965-LEGALEASE-00140966 |
| B-C Remedy Co. v. Unemployment Comp. Comm'n of N. C., 226 N.C. 52 | 371+2810 | The relation between the state and a taxpayer is not one of contract, and the state acquires no vested interest in taxpayer's money which the state cannot waive by appropriate legislation. | Is the relation between the state and a taxpayer one of contract? | Taxation - Memo # 414 - C - SU.docx | ROSS-003288778-ROSS-003288779 |
| Colonial Pipeline Co. v. Com., 145 S.E.2d 227 | 371+2005 | State has inherent and unlimited power of taxation unless restrained by State or Federal Constitution, and power of state to levy taxes is not derived from Federal Constitution as interpreted by Supreme Court. | Does the state have inherent and unlimited power of taxation unless restrained by State or Federal Constitution? | 045362.docx | LEGALEASE-00141346-LEGALEASE-00141347 |
| Giers Imp. Corp. v. Inv. Serv., 235 S.W.2d 355 | 268+956(1) | The power to tax is a governmental function inherent in the state and exercised by legislature subject to constitutional limitation, but there are matters governmental in character, including taxation, over which a city may exercise authority delegated to it. | Are there taxation matters over which a city may exercise authority delegated to it? | 045449.docx | LEGALEASE-00141453-LEGALEASE-00141454 |
| Pelouze v. City of Richmond, 183 Va. 805 | 371+2275 | Generally, a statute will not be construed to tax municipality's property, unless such intention is clearly manifested by statute, though state has power to tax its political subdivisions' property, in absence of constitutional prohibition. | Can a statute be construed to tax municipality's property without being clearly manifested by the statute? | 045492.docx | LEGALEASE-00141762-LEGALEASE-00141763 |
| Cargill v. Spaeth, 215 Minn. 540 | 371+2005 | A state may tax interest received by a domiciliary thereof from a source without the state. Minn.St.1941, S 290.17(2). | Can a state tax interest received by a domiciliary thereof from a source without the state? | 045507.docx | LEGALEASE-00141773-LEGALEASE-00141774 |
| Chesapeake & Potomac Tel. Co. v. City of Morgantown, 105 S.E.2d 260 | 371+3249 | "Excise taxes", such as occupational, license, privilege and franchise taxes, are charges for privilege arising from use of property, while "property taxes" are taxes directly on property itself. | "Are ""excise taxes"" charges for privilege arising from use of property?" | Taxation - Memo # 678 - C - NS.docx | ROSS-003330700-ROSS-003330701 |
| Polimaster Ltd. v. RAE Sys., 623 F.3d 832 | 25T+149 | Adherence to agreed-upon procedures by parties to an arbitration agreement is regularly enforced, such as where relevant to the choice of forum of arbitration or the appointment of arbitrators. | Is adherence to the parties agreed upon procedure for arbitration regularly enforced? | 007624.docx | LEGALEASE-00143282-LEGALEASE-00143283 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Jennings, 160 F.3d 1006 | 63+1(1) | For purposes of statute prohibiting bribery of public officials and witnesses, illegal gratuities, which typically follow the act for which they are paid, may be conveyed before the occurrence of the act, so long as the payor believes the official has already committed himself or herself to the action. 18 U.S.C.A. S 201(c)(1)(A). | What is the difference between accepting a bribe and accepting a gratuity? | Bribery - Memo #340 - C-JL.docx | LEGALEASE-00032040-LEGALEASE-00032041 |
| United States v. Apple, 927 F. Supp. 1119 | 63+1(2) | Bribery statute prohibiting attempts to influence state governmental agency receiving federal funds in connection with any business or transaction of agency involving "anything of value of $5,000 or more" did not require government to show that "thing" that held value of over $5,000 held that value for Indiana Department of Environmental Management (IDEM), whose investigator was allegedly bribed; all else being equal, showing that "thing" held value for defendant could suffice, as well as showing that defendant's bribe did cost IDEM over $5,000 or otherwise held value for IDEM. 18 U.S.C.A. S 666(a)(2). | "In bribery involving federal monies, should the assessment of the thing's value be connected to the integrity of federal program funds?" | Bribery - Memo #348 - C-JL.docx | ROSS-003288833-ROSS-003288834 |
| Consolidation Coal Co. v. United States, 528 F.3d 1344 | 260+92.5(2) | The phrase "coal produced" in Surface Mining Control and Reclamations Act (SMCRA) section concerning coal producers' payment of reclamation fees would be interpreted as "coal extracted," rather than as including the entire process of extracting and selling coal, in order to avoid a potential violation of the Export Clause; even assuming that SMCRA was ambiguous as to the meaning of "coal produced," this interpretation was the only reasonable construction preserving the constitutionality of the statute and neither the government, nor the court was bound by any past contrary assertions by the government. U.S.C.A. Art. I, S 9, cl. 5; Surface Mining Control and Reclamation Act of 1977, S 402(a), 30 U.S.C.A. S 1232(a). | "Does ""coal produced"" mean ""coal extracted""?" | 021207.docx | LEGALEASE-00143265-LEGALEASE-00143266 |
| Ballmer v. Babbitt, 926 F. Supp. 575 | 260+94 | Five-year statute of limitations governing proceeding for enforcement of civil fine, penalty, or forfeiture applied to bar federal government's effort to collect delinquent environmental-related federal and state civil penalties against coal mining company and its officer and shareholder, despite fact that collection was sought through administrative rather than judicial proceedings, as Office of Surface Mining Reclamation and Enforcement (OSM) did not take enforcement action until it placed company on its applicant violator system more than five years after Office's claims accrued. 28 U.S.C.A. S 2462; Surface Mining Control and Reclamation Act of 1977, S 510(c), as amended, 30 U.S.C.A. S 1260(c); 30 C.F.R. SS 773.15(b)(1), 773.5. | "Is the reclamation fee a fine, penalty, or forfeiture?" | Mines and Minerals - Memo # 55 - C - CSS.docx | ROSS-003291061-ROSS-003291062 |
| United States v. Etcheverry, 230 F.2d | 260+29.3 | Where mining claim has been perfected, it is in effect a grant, from United States, of exclusive right of possession but exclusive possession of surface is limited to use for mining purposes. 30 U.S.C.A. SS 22, 26. | "When a mining claim has been perfected under the law, is it in effect a grant from the United States?" | Mines and Minerals - Memo #160 - C - EB.docx | ROSS-003302346-ROSS-003302347 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Long Trusts v. Griffin, 222 S.W.3d 412 | 185+63(2) | Oil and gas interests are real property, and, thus, contracts for the transfer or assignment of oil and gas interests are subject to the statute of frauds. V.T.C.A., Bus. & C.S 26.01. | Are oil and gas interests real property? | 021400.docx | LEGALEASE-00143488-LEGALEASE-00143489 |
| In re Bailey's Estate, 187 Pa. 381 | 289+711 | Where there are partnership and separate creditors and partnership and separate assets, and the firm is insolvent, each class has priority over its respective estate. | "Where there are partnerships and separate creditors, does each class have priority upon its respective estate?" | Partnership - Memo 428-JK.docx | ROSS-003301969-ROSS-003301970 |
| Seacrist v. S. California Edison Co., 197 Cal. Rptr. 3d 834 | 307A+477.1 | Judicial admissions may be made in a pleading, by stipulation during trial, or by response to request for admission. | "Can Judicial admissions be made in a pleading, by stipulation during trial, or by response to request for admission?" | 030666.docx | LEGALEASE-00142838-LEGALEASE-00142839 |
| Bydalek v. Brines, 29 S.W.3d 848 | 307A+723.1 | Trial court was not required to grant continuance, where motion was neither verified nor supported by affidavit. V.A.M.R. 65.03. | "Is a trial court required to grant continuance, where a motion was neither verified nor supported by affidavit?" | 030694.docx | LEGALEASE-00142748-LEGALEASE-00142749 |
| Cheney v. Woodworth, 13 Colo. App. 176 | 307A+74 | The provision that, before signing a deposition, the interrogatories and the answers thereto shall be carefully read to the witness, will conclusively be presumed to have been complied with, where the witness has signed the deposition, and the officer taking it certifies that, before so doing, it was read to him. | "Before signing a deposition, shall the interrogatories and the answers thereto be carefully read to the witness?" | 032516.docx | LEGALEASE-00142162-LEGALEASE-00142164 |
| Burke v. Scott, 410 S.W.2d 826 | 307A+726 | Fact that there were other continuances in past, presumably granted for good cause, is no basis for denial of later continuance. | Can a continuance granted in the past for good cause be a basis for a denial of later cause? | 033519.docx | LEGALEASE-00142298-LEGALEASE-00142299 |
| Alldred v. Alldred, 132 Conn. App. 430 | 307A+560 | Because service of process implicates a court's personal jurisdiction, an action commenced by improper service must be dismissed. | Must an action commenced by improper service be dismissed? | Pretrial Procedure - Memo # 6253 - C - NS.docx | ROSS-003289131-ROSS-003289132 |
| Taylor v. Mazda Motor of Am., 934 So. 2d 518 | 307A+746 | The sanction imposed by the trial court for violation of a pre-trial order must be commensurate with the offense. | Should the sanction imposed by the trial court for violation of a pre-trial order be commensurate with the offense? | 033908.docx | LEGALEASE-00142334-LEGALEASE-00142335 |
| Rucker v. Taylor, 828 N.W.2d 595 | 307A+560 | A defendant may uphold the purpose of the service rule by moving to dismiss for untimely service. I.C.A. Rule 1.302(5). | Can a defendant uphold the purpose of the service rule by moving to dismiss for untimely service? | 033965.docx | LEGALEASE-00142864-LEGALEASE-00142865 |
| Tri Star Investments v. Miele, 407 So. 2d 292 | 307A+563 | A trial court has inherent authority to dismiss an action when fraud has been perpetrated on the court; however, the power should be exercised cautiously and sparingly, and only upon a clear showing of fraud, pretense, collusion, or similar wrongdoing. | Does a trial court have the inherent authority to dismiss an action when it finds that a plaintiff has perpetrated a fraud on the court? | 034412.docx | LEGALEASE-00143532-LEGALEASE-00143533 |
| State v. Mitchell, 106 Ariz. 492 | 352H+187 | It is presumed that male person charged with assault with intent to commit rape is over 18 years of age. | Is there a presumption that a male charged with assault with intent to commit rape is over 18 years of age? | Sex Offence - Memo 99 - RK.docx | LEGALEASE-00033098-LEGALEASE-00033099 |
| Comm'r of Revenue v. Franchi, 423 Mass. 817 | 371+3405 | General rule is that tax statutes are to be strictly construed according to their plain meaning, as State has no power to tax unless that power has been expressly conferred by statute. | Does the State have the power to tax? | 045293.docx | LEGALEASE-00142800-LEGALEASE-00142801 |
| Shea v. Boston Edison Co., 431 Mass. 251 | 371+2005 | There is no restraint upon the power of the legislature to lay taxes, except such as the constitution of the United States or that of the state imposes. | Is there any restraint upon the power of the legislature to lay taxes? | Taxation - Memo # 518 - C - SKG.docx | ROSS-003290178-ROSS-003290179 |
| City & Cty. of San Francisco v. Cty. of San Mateo, 10 Cal. 4th 554 | 371+2513 | Amount of ad valorem tax paid on parcel of real property is product of valuation of real property and tax rate applied to that valuation. | Does ad valorem tax include the valuation of the real property and the tax applied to that valuation? | 045560.docx | LEGALEASE-00142110-LEGALEASE-00142111 |
| Sabatino v. LaSalle Bank, N.A., 96 S.W.3d 113 | 401+5.1 | In order for "title to be affected," so as to predicate venue in the county where the land is located, title to the land must be the subject of the controversy; it is not enough for the judgment to affect the title incidentally or collaterally. V.A.M.S. § 508.030. | Must the title to land be the subject of controversy for the suit to be brought in the county where the land is situated? | Venue - Memo 94 - JS.docx | ROSS-003303351-ROSS-003303352 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Elliott v. Dep't of Labor & Indus., 151 Wash. App. 442 | 413+2 | An industrial insurance claim is governed by explicit statutory directives and not the common law. | Is an industrial insurance claim governed by statutory directives and not the common law? | Workers Compensation - Memo #334 ANC.docx | ROSS-003288970-ROSS-003288971 |
| Leadertex v. Morganton Dyeing & Finishing Corp., 67 F.3d 20 | 25T+182(1) | Pretrial expense and delay, without more, do not constitute prejudice sufficient to support finding of waiver of right to arbitration. | Does pretrial expense and delay constitute prejudice sufficient to support a finding of waiver? | Alternative Dispute Resolution - Memo 702 - RK.docx | ROSS-003287055-ROSS-003287056 |
| Republic Ins. Co. v. PAICO Receivables, 383 F.3d 341 | 25T+182(1) | Ultimately, the question of what constitutes a waiver of the right of arbitration depends on the facts of each case. | Does the question of what constitutes a waiver of the right of arbitration depend on the facts of each case? | Alternative Dispute Resolution - Memo 709 - RK.docx | ROSS-003288672-ROSS-003288673 |
| Wood v. Woeste, 461 S.W.3d 778 | 34+34.2(4) | If a service member complies with the requirements for a stay under the federal Servicemembers Civil Relief Act (SCRA), it is mandatory that the trial court grant a stay. 50 App.U.S.C.A. S 522(b)(1). | Is it mandatory for a court to grant a stay if a service member complies with the requirements for a stay? | 008649.docx | LEGALEASE-00144454-LEGALEASE-00144455 |
| Casey v. United States, 8 Cl. Ct. 234 | 34+2 | Army regulations must be in accordance with those promulgated by the Department of Defense, and to extent the Army regulations conflict with those of DOD, the service regulations must give way. 10 U.S.C.A. S 1169. | Does a service regulation have to give way when it conflicts with a department of defense regulation? | 008667.docx | LEGALEASE-00144643-LEGALEASE-00144644 |
| U.S. ex rel. Pasciuto v. Baird, 39 F. Supp. 411 | 34+20.8(1) | Statements made by selective service registrants or selectees should be entirely accurate, and registrants or selectees should be held to strict accountability for each statement made. Selective Training and Service Act of 1940, S 10(a) (2), 50 U.S.C.A.Appendix, S 310(a) (2). | Should statements made by selective service registrants or selectees be entirely accurate? | Armed Services - Memo 274 - RK.docx | ROSS-003288524 |
| United States v. Collins, 78 F.3d 1021 | 164T+30 | Although public officials are usually the only ones charged with extorting property under color of official right, private persons may be convicted of extortion under color of official right if they aided and abetted public official's receipt of money to which he was not entitled. 18 U.S.C.A. S 1951. | When can a private person be convicted of extortion under color of official right? | 012250.docx | LEGALEASE-00144963-LEGALEASE-00144964 |
| Faust v. State, 189 Ga. App. 426 | 67+2 | Burglary consists of two elements, the burglarious breaking and entering the house or building, and the felonious intent to steal therein or to commit a felony. Code 1942, S 2043. | Is intent to steal an element of burglary? | Burglary - Memo 214 - SB.docx | ROSS-003315190-ROSS-003315193 |
| Cross v. State, 590 S.W.2d 510 | 110+795(2.35) | Defendant charged with burglary of an inhabited dwelling was not entitled to a jury instruction on simple assault; simple assault was not a lesser included offense under burglary and the evidence supported the jury determination of burglary. | Is simple assault a lesser-included offense of burglary? | Burglary - Memo 219 - SB.docx | ROSS-003314282-ROSS-003314284 |
| Kristensen v. McGrath, 179 F.2d 796 | 135+1 | "Residence" is not a term of fixed legal definition but takes on shades of meaning according to the statutory framework in which it is found. | "Is ""residence"" a term of fixed legal definition?" | Domicile - Memo # 21 - C-SA.docx | ROSS-003289033-ROSS-003289034 |
| Guy Scroggins v. Emerald Expl., 401 So. 2d 680 | 260+47 | Mineral rights, including mineral leases, are classified under the mineral code as incorporeal immovables and subject to civil code articles respecting immovable property. LSA-R.S. 31:2, 31:16, 31:18; LSA-C.C. arts. 2275, 2276. | Are mineral rights incorporeal immovables? | 021381.docx | LEGALEASE-00144161-LEGALEASE-00144162 |
| FPI Dev. v. Nakashima, 231 Cal. App. 3d 367 | 302+11 | Properly drafted pleadings aver ultimate facts that constitute cause of action or defense thereto. | Does a properly drafted pleading aver the ultimate facts? | 023516.docx | LEGALEASE-00144041-LEGALEASE-00144042 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Gen. Motors Corp., 296 S.W.3d 813 | 307A+554 | The court retains the power in an abated action to dismiss claims over which it does not have jurisdiction and cases that it believes-however erroneously or inadvertently-have not been prosecuted with sufficient diligence. | Do the court retain the power to dismiss claims over which it does not have jurisdiction? | Pretrial Procedure - Memo # 5781 - C - PC.docx | ROSS-003289455-ROSS-003289456 |
| Bankers Mut. Ins. Co. v. Friedlander, 262 A.2d 606 | 307A+726 | Where two continuances covering period of approximately a year had been granted in tenant's insurer's action to recover amount paid after fire, denial of third continuance to locate witness was not abuse of discretion. | Would the denial of third continuance to locate witness be considered an abuse of discretion? | 033226.docx | LEGALEASE-00144570-LEGALEASE-00144571 |
| Matthews , on behalf of M.M. v. Kountze Indep. Sch. Dist., 484 S.W.3d 416 | 307A+552 | Persuading a court, as basis for dismissal, that the challenged conduct cannot reasonably be expected to recur is a heavy burden. | "Is persuading a court that the challenged conduct cannot reasonably be expected to recur, a burden?" | 034318.docx | LEGALEASE-00144273-LEGALEASE-00144274 |
| Gabriel v. Johnston's L.P. Gas Serv., 98 A.D.3d 168 | 307A+563 | A court has the discretion to dismiss the complaint in the event of a plaintiff's failure to appear. N.Y.Ct.Rules, S 202.27(b). | Does a court have the discretion to dismiss the complaint in the event of a plaintiff's failure to appear? | Pretrial Procedure - Memo # 6778 - C - PB.docx | ROSS-003301959-ROSS-003301960 |
| McClure v. Cty. of Jackson, 185 N.C. App. 462 | 13+6 | Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of the action; if the issues before a court become moot at any time during the course of the proceedings, the usual response should be to dismiss the action. | Should an action be dismissed if the issues before the court become moot? | Pretrial Procedure - Memo # 6787 - C - SPB.docx | LEGALEASE-00034463-LEGALEASE-00034464 |
| Cty. of Cameron v. Brown, 80 S.W.3d 549 | 302+111.48 | When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend, but if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. | "If the pleadings or record conclusively negate the existence of jurisdiction, should the suit be dismissed?" | 034507.docx | LEGALEASE-00144045-LEGALEASE-00144047 |
| Brown v. Brown, 110 Me. 280 | 307A+746 | Dismissal orders for failure to appear at a pretrial conference must be carefully scrutinized, and the plaintiff's conduct must mandate dismissal. (Per Crawley, J., with one Judge concurring and two Judges concurring in the result.) Rules Civ.Proc., Rule 16(f). | Must dismissal orders for failure to appear at a pretrial conference be carefully scrutinized? | 034547.docx | LEGALEASE-00143852-LEGALEASE-00143853 |
| Whitman v. Kentucky Cent. Life & Accident Ins. Co., 232 Ky. 173 | 307A+563 | Where party declines to conform to valid court order, trial court may dismiss his case. | "Where party declines to conform to valid court order, can a trial court dismiss his case?" | Pretrial Procedure - Memo # 7104 - C - KA_57778.docx | ROSS-003282771-ROSS-003282772 |
| Acme Markets v. Callanan, 236 Ill. 2d 29 | 268+956(4) | Purpose of Property Tax Extension Limitation Law (PTELL) is to provide greater citizen control over the levy of taxes they are required to pay. 35 ILCS 200/18-190 (2004 Bar Ed.). | What is the purpose of the Property Tax Extension Limitation Law (PTELL)? | 045692.docx | LEGALEASE-00144488-LEGALEASE-00144489 |
| Cohen v. Harrington, 722 A.2d 1191 | 371+2060 | Regardless of the nomenclature used by the General Assembly, it is the nature of a tax itself that determines whether the tax is an excise tax or a property tax. | Does the nature of a tax itself determine whether the tax is an excise tax or a property tax? | 045754.docx | LEGALEASE-00144437-LEGALEASE-00144438 |
| United States v. McManigal, 708 F.2d 276 | 63+1(1) | There is bribery when offer is made with intent that offeree act favorably to offeror even when no particular act is contemplated by offeror or offeree. | Does a particular act need to be contemplated by the offeror or offeree in order for the crime of bribery to be established? | 012279.docx | LEGALEASE-00145232-LEGALEASE-00145233 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Evans v. United States, 504 U.S. 255 | 164T+24(1) | Affirmative act of inducement by public official, such as a demand, was not element of offense of extortion "under color of official right" prohibited by Hobbs Act; government was only required to show that public official obtained payment to which he was not entitled, knowing that payment was made in return for official acts; overruling U.S. v. O'Grady, 742 F.2d 682; U.S. v. Aguon, 851 F.2d 1158. 18 U.S.C.A. S 1951. | "Under bribery statute, to convict a public official, what does a public official need to know when he obtains a payment to which he is not entitled?" | 012338.docx | LEGALEASE-00145853-LEGALEASE-00145854 |
| People v. Hinson, 269 Cal. App. 2d 573 | 67+29 | From evidence establishing defendant's unlawful and forcible entry into discount store, burglarious intent could be reasonably and justifiably inferred. West's Ann.Pen.Code, S 459. | Can the intent in the crime of burglary be inferred from unlawful and forcible entry? | 012859.docx | LEGALEASE-00145506-LEGALEASE-00145510 |
| People v. Escobar, 7 Cal. App. 4th 1430 | 110+822(7) | Special jury instruction, that "intent to aid and abet a burglary must be formed prior to or at the time of the entry," when heard in context, could not have been misleading, despite claim that instruction did not make clear that it was perpetrator's entry, not defendant's entry, if any, which determined whether defendant had requisite intent; instruction was preceded by instructions distinguishing between direct perpetrators and aiders and abettors and defining aiders and abettors. West's Ann.Cal.Penal Code S 459. | Does the intent to aid and abet a burglary have to exist prior to entry? | Burglary - Memo 243 - TB.docx | ROSS-003300839-ROSS-003300840 |
| Ex parte Coley, 942 So. 2d 349 | 135+8 | As a general proposition a person can have but one domicile, and when once acquired is presumed to continue until a new one is gained in fact and intent. | Can a person have but one domicile as a general proposition? | 10795.docx | LEGALEASE-00094495-LEGALEASE-00094496 |
| Hopkins v. J. E. Foster & Son, 360 S.W.2d 180 | 95+318 | Where letter of commitment provided that lender was to be furnished with a title policy insuring deed of trust as a first lien on the property, without reservation, lender was entitled to have as security a first lien on owner's property, including all minerals, and was not required to honor its commitment where two-thirds of the minerals under owner's land were outstanding in a third person. | Would a conveyance of land without reservations include all minerals and mineral rights? | Mines and Minerals - Memo #224 - C - CSS.docx | ROSS-003288434-ROSS-003288435 |
| Skaw v. United States, 13 Cl. Ct. 7 | 260+17(1) | For purpose of determining validity of contested mineral claims, mining claim does not create any rights against United States and is not valid unless and until all requirements of mining laws have been satisfied, and one such requirement is actual physical finding of valuable mineral deposit within limits of claim. 30 U.S.C.A. SS 22, 23, 29. | Does a mining claim create any rights against the United States? | 021451.docx | LEGALEASE-00146075-LEGALEASE-00146076 |
| Bohatch v. Butler & Binion, 977 S.W.2d 543 | 46H+158 | Partner in law firm can be expelled from partnership for accusing, in good faith, another partner of overbilling without subjecting partnership to tort damages for breach of fiduciary duty. | Can a partner be expelled over disagreements about firm policy? | 022471.docx | LEGALEASE-00146374-LEGALEASE-00146375 |
| Hooper v. Yoder, 737 P.2d 852 | 289+933 | Generally, when partners organize corporation to operate business of partnership and transfer assets to corporation, partnership is dissolved. C.R.S. 7-60-131(1)(a)(III). | Is a partnership dissolved when partners organize a corporation to operate the business of the partnership? | 022480.docx | LEGALEASE-00146388-LEGALEASE-00146389 |
| Egberts v. Wood, 3 Paige Ch. 517 | 289+662 | One of the partners during the existence of a partnership, may, without the consent of his copartners, make a valid assignment, in the name of the firm, of all or any of the partnership effects directly to a creditor of the firm in payment of his debt. | Can a partner assign the partnership effects in order to give a preference to particular creditors? | 022492.docx | LEGALEASE-00146402-LEGALEASE-00146403 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Heckman v. Williamson Cty., 369 S.W.3d 137 | 78+1333(4) | Named plaintiff in putative class action under S 1983 against county on behalf of indigent criminal defendants who were allegedly deprived of right to court-appointed counsel on misdemeanor charges carrying possible confinement pleaded jurisdictional facts sufficient to establish, for standing purposes, that he suffered from an injury-in-fact at time he sued; plaintiff alleged that he requested court-appointed attorney and provided proof of indigency at his first appearance, that trial court threatened to raise his bond if he did not have attorney at next appearance, and that at time of filing present action he had not been appointed an attorney and charges against him were still pending. U.S.C.A. Const.Amend. 6; 42 U.S.C.A. S 1983. | Should a court dismiss a class action for want of jurisdiction if the named plaintiff entirely lacked individual standing at the time he sued? | Pretrial Procedure - Memo # 5845 - C - VA.docx | ROSS-003301575-ROSS-003301576 |
| McGinley v. McGinley, 170 S.W.2d 938 | 30+3239 | Where case had been continued once at defendant's instance, a further continuance for same causes rested largely in trial court's discretion, whose action would not be interfered with except for obvious abuse. R.S.1939, S 1087. | Will further continuance for same causes rest largely in trial court's discretion? | 033160.docx | LEGALEASE-00145637-LEGALEASE-00145638 |
| State ex rel. Bush v. Spurlock, 42 Ohio St. 3d 77 | 307A+554 | Standard of review for dismissal is whether any cause of action cognizable by forum has been raised in complaint. Rules Civ.Proc., Rule 12(B)(1). | "In determining whether a complaint states any cause of action cognizable by forum, must a court be presented with motion to dismiss for lack of subject-matter jurisdiction?" | 033196.docx | LEGALEASE-00145210-LEGALEASE-00145211 |
| Polin, U.S.A. v. Walsh, 61 Ohio App. 3d 637 | 307A+534 | Notice requirement provides party opportunity to avoid dismissal but, if party does not act, trial court does not abuse its discretion in dismissing action. Rules Civ.Proc., Rule 41(B)(1). | "Can a trial court, sua sponte, dismiss an action for nonappearance at a pretrial conference?" | 034035.docx | LEGALEASE-00145099-LEGALEASE-00145100 |
| McCormick v. Meyer, 582 N.W.2d 141 | 307A+560 | If there is a delay in service, the court must first determine if the delay was presumptively abusive; if the court finds the delay is presumptively abusive, the court must then determine if the plaintiff has shown the delay was justified, and if the delay was not justified, the case must be dismissed. | "If there is a delay in service, should the court first determine if the delay was presumptively abusive?" | 034066.docx | LEGALEASE-00145204-LEGALEASE-00145205 |
| Wake Cares v. Wake Cty. Bd. of Educ., 190 N.C. App. 1 | 307A+552 | When a court's determination can have a practical effect on a controversy, the court may not dismiss the case as moot. | When a court's determination can have a practical effect on a controversy will the court dismiss the case as moot? | Pretrial Procedure - Memo # 6978 - C - SB.docx | ROSS-003291447-ROSS-003291448 |
| In re Patton, 47 S.W.3d 825 | 307A+746 | The requirement that sanctions for violations of pre-trial orders must be related to offensive conduct is not met when the party seeking sanctions can show no prejudice due to the offending party's conduct. Vernon's Ann.Texas Rules Civ.Proc., Rule 166. | "For a court-imposed sanction to have a direct relationship with offensive conduct, should the sanction be directed against the abuse and toward remedying the prejudice caused the innocent party?" | 034818.docx | LEGALEASE-00145934-LEGALEASE-00145935 |
| Warriner v. Ferraro, 177 So. 2d 723 | 307A+563 | Court has inherent power to impose sanction of dismissal for a failure to comply with a court order. 30 F.S.A. Rules of Civil Procedure, rule 1.35(b). | Does a court have inherent power to impose sanction of dismissal for a failure to comply with a court order? | Pretrial Procedure - Memo # 7004 - C - SB.docx | ROSS-003289943-ROSS-003289944 |
| Pressey v. State, 114 N.W.2d 518 | 307A+563 | Courts have inherent power to dismiss action for disobedience of authorized court order regardless of statutory authority. | Do courts have inherent power to dismiss action for disobedience of a court order? | 035188.docx | LEGALEASE-00145742-LEGALEASE-00145743 |
| Scarcia v. U.S. Gypsum Co., 164 Misc. 825 | 307A+552 | A complaint may be dismissed on motion where litigation is vexatious and clearly without merit. | Will a complaint be dismissed upon motion where the litigation is vexatious and clearly without merit? | Pretrial Procedure - Memo # 7386 - C - BP.docx | ROSS-003290055-ROSS-003290056 |
| Clark v. State Farm Mut. Auto. Ins. Co., 769 So. 2d 176 | 307A+683 | Any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. | "Because dismissal is the harshest of remedies, should any reasonable doubt about abandonment of the suit should be resolved in favor of allowing the prosecution?" | 035473.docx | LEGALEASE-00145916-LEGALEASE-00145917 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Vaughan v. Swift Transp. Co., 14-208 (La. App. 5 Cir. 10/29/14), 164 So. 3d 235 | 13+70 | Motions to withdraw, enroll or substitute counsel are not considered formal "steps" in the prosecution or defense of an action, within the meaning of the abandonment statute, because such motions grant to counsel the right to take steps, or to prepare to take steps, toward the prosecution or defense of a case, but are not considered steps, because they do not hasten the matter to judgment. LSA-C.C.P. art. 561. | Is a motion to enroll as counsel of record not a step in the prosecution of a case? | 035528.docx | LEGALEASE-00146048-LEGALEASE-00146049 |
| State ex rel. Owen v. Donald, 160 Wis. 21 | 371+2100 | The language of the constitution as to state taxation, though, in form, a grant of power, is, in fact, a limitation thereof. It must be read in the light of the rule peculiarly adaptable to the construction of such constitutional provisions, Expressio unius exclusio alterius. | Is the language of the Constitution as to state taxation a limitation of power? | 045875.docx | LEGALEASE-00146295-LEGALEASE-00146296 |
| Graf v. Whitaker, 192 Ariz. 403 | 307A+563 | Courts have power to control proceedings before them and enter orders of default or dismissal when party fails to abide by procedural rules of court. | Do courts have the power to control proceedings before them? | Pretrial Procedure - Memo # 7061 - C - SU_58315.docx | ROSS-003282965-ROSS-003282966 |
| United States v. Reiser, 394 F. Supp. 1060 | 34+20.4(1) | All citizens, male or female, must be subject to military draft on an equal basis. Military Selective Service Act, SS 1(c), 3, 4, 12, 50 U.S.C.A. App. SS 451(c), 453, 454, 462; U.S.C.A.Const. Amends. 5, 14. | "Must all citizens, male or female, be subject to military draft on an equal basis?" | Armed Services - Memo 291 - JK_57599.docx | ROSS-003278797-ROSS-003278798 |
| Dodd v. United States, 76 F. Supp. 991 | 34+77(5) | Beneficiaries, whether designated or not, have no vested rights in national service life insurance and an insured may change beneficiaries at any time without the consent or knowledge of previous beneficiaries, and Congress may enlarge the permissible classes as it chooses. National Life Insurance Act of 1940, SS 601, 602(g), (h) (3), 38 U.S.C.A. SS 801, 802(g), (h) (3). | "Do beneficiaries, whether designated or not, have vested rights in National Service Life Insurance?" | 008721.docx | LEGALEASE-00148030-LEGALEASE-00148031 |
| Madden v. United States, 18 F. Supp. 534 | 34+58(5) | Congress may make retroactive changes in war risk insurance contract and alter rights that would ordinarily be deemed vested. | Does congress have power to make retrospective changes in an insurance contract? | Armed Services - Memo 298 - RK_57606.docx | ROSS-003295282 |
| In re Involuntary Dissolution of Battle Creek State Bank, 254 Neb. 120 | 172H+202 | Banking corporations are quasi-public institutions in the sense that whole stream of commerce, whether interstate or intrastate, largely depends upon their existence. | Does a bank possess a quasi-public character? | 07068.docx | LEGALEASE-00089127-LEGALEASE-00089129 |
| Stuckey v. State, 141 Md. App. 143 | 63+1(1) | Whether public servant was actually controlled or influenced is irrelevant to bribery offense, so long as payment was accepted or solicited with the intent to control the public servant. West's A.I.C. 35-44-1-1. | Does a bribery conviction require the prosecution to prove that the public official was actually influenced or controlled? | 10782.docx | LEGALEASE-00094366-LEGALEASE-00094367 |
| United States v. Yonan, 623 F. Supp. 881 | 319H+50 | Just as enterprise itself must amount to more than sheer pattern of racketeering activity, for purposes of Racketeer Influenced and Corrupt Organizations Act (18 U.S.C.A. S 1962(c)), one does not "associate with" enterprise by committing crimes against it. | "For purposes of RICO, can someone ""associate with"" an enterprise by committing crimes against it?" | 09976.docx | LEGALEASE-00095648-LEGALEASE-00095649 |
| United States v. Madeoy, 912 F.2d 1486 | 63+1(2) | Rule of lenity did not require interpretation of bribery statute defining public official to mean that VA fee appraiser was not public official in prosecution for bribery; Congress's intent was sufficiently clear and there was no need to resort to rule of lenity where VA fee appraiser clearly within definition of "public official." 18 U.S.C.A. S 201(a)(1). | Is a fee appraiser considered aa a public official within the context of a bribery prosecution? | 012424.docx | LEGALEASE-00148042-LEGALEASE-00148043 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Haley v. City of Rapid City, 269 N.W.2d 398 | 200+68 | A public way, having once been lawfully established, can be vacated or abandoned only by some lawful method, and burden of proof is on one obstructing a lawfully established public way to show vacation or abandonment. | How does vacation or abandonment of a legally established public way occur? | 10803.docx | LEGALEASE-00094195-LEGALEASE-00094196 |
| Searcy v. Hemet Unified Sch. Dist., 177 Cal. App. 3d 792 | 302+14 | Facts ascertainable from public record may not properly be plead on information and belief. | Can facts that are ascertainable from public records properly be pleaded on information and belief? | Pleading - Memo 446 - RMM_57495.docx | ROSS-003293450-ROSS-003293451 |
| Orgain v. Butler, 478 S.W.2d 610 | 302+398 | For a variance between pleadings and proof to be fatal, the variance must be substantial, misleading, and a prejudicial departure. | "Must a variance between pleadings and proof be substantial, misleading and prejudicial for it to be fatal?" | 023577.docx | LEGALEASE-00147523-LEGALEASE-00147524 |
| Atkins v. Fischer, 232 F.R.D. 116 | 170A+2757 | Court's inherent power to sanction litigation misconduct encompasses power to sanction attorney or party misconduct, and includes power to enter default judgment. | "Do courts possess the inherent authority to sanction litigants and their counsel, including the power to dismiss an action?" | 10905.docx | LEGALEASE-00094341-LEGALEASE-00094342 |
| Sandholm v. Kuecker, 2012 IL 111443 | 307A+686.1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the plaintiff's claim but asserts certain defects or defenses outside the pleadings which defeat the claim. S.H.A. 735 ILCS 5/2-619(a). | Can a motion to dismiss allege defects on the face of the complaint? | 10939.docx | LEGALEASE-00094279-LEGALEASE-00094280 |
| Williams v. Gaffin Indus. Servs., 88 So. 3d 1027 | 307A+681 | Trial court erred in dismissing employee's estate's complaint, alleging intentional harm, based on the doctrine of election of remedies, available under workers' compensation law, because court considered disputed matters outside the four corners of the complaint; facts relied upon by employer in support of its election of remedies defense did not appear on the face of the complaint or in any attachments to the complaint, and instead, they were supplied by employer through various documents and an affidavit filed in support of its motion to dismiss. | Could the cause be subject to dismissal if the court is required to consider matters outside the four corners of the complaint? | 11084.docx | LEGALEASE-00094339-LEGALEASE-00094340 |
| Czarobski v. Lata, 227 Ill. 2d 364 | 307A+561.1 | A motion for involuntary dismissal based upon certain defects or defenses admits the legal sufficiency of the plaintiff's claim but asserts affirmative matter outside of the pleading that defeats the claim. S.H.A. 735 ILCS 5/2-619(a)(9). | "Is a dismissal for failure to establish good cause for service of the summons and complaint within six months after filing the complaint, equivalent to a failure to prosecute?" | 11261.docx | LEGALEASE-00094795-LEGALEASE-00094796 |
| Jameson Realty Grp. v. Kostiner, 351 Ill. App. 3d 416 | 307A+562 | The defense of laches may be considered on a motion to dismiss a complaint if its applicability appears from the face of the complaint or by affidavit submitted with the motion. | Can defenses be considered on motion to dismiss a complaint? | Pretrial Procedure - Memo # 7811 - C - NS_57829.docx | ROSS-003280107-ROSS-003280108 |
| Lai Chan v. Chinese-Am. Planning Council Home Attendant Program, 180 F. Supp. 3d 236 | 231H+1549(11) | Employees' wage-related claims under New York law and Fair Labor Standards Act (FLSA) against employer fell within scope of arbitration provision in collective bargaining agreement (CBA) between employees' bargaining representative and employer, which required that all wage and hour-related claims be submitted to arbitration, even though claims accrued prior to execution of modified CBA which added arbitration provision, where arbitration provision did not contain provision placing temporal limitation on arbitrability. Fair Labor Standards Act of 1938 S 6, 29 U.S.C.A. S 206. | Can an arbitration provision cover claims that accrued prior to the execution of the agreement to arbitrate? | Alternative Dispute Resolution - Memo 754 - RK.docx | LEGALEASE-00037860-LEGALEASE-00037861 |
| Indus. Trades Union of Am. v. Dunn Worsted Mills, 131 F. Supp. 945 | 358+80 | At common law, submission to arbitration cannot be specifically enforced and either party to submission may revoke it at any time before award is made. | Can submission to arbitration be specifically enforced? | Alternative Dispute Resolution - Memo 791 - RK_58124.docx | ROSS-003296008-ROSS-003296009 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rutledge v. United States, 72 F. Supp. 352 | 34+63 | As respects National Service Insurance the courts should give effect to the wishes and intentions of the men in service if it is reasonably possible to do so from the available evidence since compliance with the rigid forms of ordinary life insurance is not required if the intention is made certain and affirmative action is taken to express it. | Is it the duty of the courts to give effect to the wishes and intentions of the insured? | 008762.docx | LEGALEASE-00148824-LEGALEASE-00148825 |
| Unlimited Adjusting Grp. v. Wells Fargo Bank, N.A., 174 Cal. App. 4th 883 | 83E+406 | The intended payee of a check may negotiate the check by indorsing it and depositing it in his or her bank account. | Can the intended payee negotiate a check by indorsing it and depositing it in bank account? | 010404.docx | LEGALEASE-00148638-LEGALEASE-00148639 |
| Seufert v. Gille, 131 S.W. 102 | 289+973 | Where, in an action on a note executed in the name of a firm by a partner V. after dissolution, the issue was whether his copartner G. had by his course of conduct clothed V. with apparent authority to sign the note, and G. admitted that he knew that V. had borrowed money of plaintiff, and that he himself, had agreed with V. that the latter should pay the partnership debts, and V. testified that he had told G. that money had been borrowed from plaintiff, and that G. had said on one occasion that he would like to see plaintiff paid, evidence that G. had borrowed money from plaintiff in the name of the firm after the dissolution of the firm, and that the note sued on was in renewal of notes evidencing such indebtedness, was admissible to establish G.'s implied assent to V.'s attempt to bind the firm on the note sued on. | Can a partner execute a note in the name of the firm after its dissolution by renewal of the note of the firm to bind other partners or the firm? | Bills and Notes- Memo 464-IS_57875.docx | ROSS-003278362-ROSS-003278363 |
| Farrar v. Gilman, 19 Me. 440 | 83E+815 | The indorsement of negotiable paper belonging to a bank by a cashier is prima facie evidence of a legal transfer of such paper. | Is an indorsement prima facie evidence of a legal transfer of a negotiable note? | 010418.docx | LEGALEASE-00148444-LEGALEASE-00148445 |
| Brock v. Lueth, 141 Neb. 545 | 8.30E+186 | Where memorandum on back of note is made by agreement of parties before signing, the memorandum is a part of the note and is binding on all of the parties to the note. | Is memorandum at back of note made by agreement of parties before signing binding on all the parties? | 010514.docx | LEGALEASE-00148067-LEGALEASE-00148068 |
| First Nat. Bank v. Lock-Stitch Fence Co., 24 F. 221 | 83E+456 | A third party who places his name upon the back of a negotiable promissory note at the time of its execution by the maker, and before its delivery to the payee, will be liable as a joint maker; and the note itself, with the indorsement thereon, is prima facie evidence of such liability. | Can third person indorsing be liable as a joint maker? | 010581.docx | LEGALEASE-00148580-LEGALEASE-00148581 |
| In re Mayfield, 39 B.R. 900 | 83E+406 | When transfer of promissory note is for value, transferee acquires transferor's rights; transferee becomes owner if transferor was owner, but holds instruments subject to all defenses and equities enforceable against transferor. | Does the transferee become the owner subject to all defenses enforceable against the transferor? | Bills and Notes- Memo 674-PR_57904.docx | ROSS-003308823-ROSS-003308824 |
| State v. Schenkolewski, 301 N.J. Super. 115 | 63+1(1) | Neither offeror nor the recipient of bribe need be public official to prove bribery, and it is sufficient if recipient created understanding with offeror that he could influence matters in connection with official duty, whether or not he was capable of actually effecting such an act. N.J.S.A. 2C:27-2. | "In a bribery case, is it possible that neither the offeror nor the recipient of the bribe is a public official?" | Bribery - Memo #980 - C-JL_57946.docx | ROSS-003294420-ROSS-003294421 |
| Pariani v. State of California, 105 Cal. App. 3d 923 | 260+4 | Any doubt concerning scope of State's mineral reservation in a grant must be resolved in favor of State. West's Ann.Civ.Code, S 1069. | "If there is any doubt concerning the scope of the State's reservation of mineral rights, must it be resolved in favor of the state?" | 021195.docx | LEGALEASE-00148296-LEGALEASE-00148297 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Benge v. Scharbauer, 152 Tex. 447 | 260+55(4) | An instrument may convey two separate estates in minerals, one of which may be a full mineral interest and the other a royalty or other interest in minerals. | Could an instrument convey two separate estates in the minerals? | 021511.docx | LEGALEASE-00148556-LEGALEASE-00148557 |
| The L'Invincible, 14 U.S. 238 | 221+213 | Although the hull or the owners of a privateer may under some circumstances be subject to damages in a neutral court after the courts of the captor have decided that the capture was not sanctioned by his sovereign, the seizure by private armed vessel, until such decision, is as much the act of the sovereign and entitled to same exemption from scrutiny as the seizure by a national vessel. | Is there any distinction in the scrutiny of a public or national vessel and a private armed vessel? | 021745.docx | LEGALEASE-00148490-LEGALEASE-00148491 |
| Bank & Tr. Co. of Arlington Heights v. Arnold N. May Builders, 90 Ill. App. 3d 454 | 302+350(4) | Motion for judgment on the pleadings tests sufficiency of pleadings as a matter of law and admits truth of all facts pleaded by opposite party. | Does a motion for judgment on the pleadings test the sufficiency of the pleadings? | 023614.docx | LEGALEASE-00148727-LEGALEASE-00148728 |
| Am. Int'l Grp. v. ACE INA Holdings, 722 F. Supp. 2d 948 | 308+183(3) | Under New York law, principal can assert claim for fraud based on misrepresentations made to its agent. | Can a principal assert claim for misrepresentations made to its agent? | Principal and Agent - Memo 135 - KC_58049.docx | ROSS-003284478 |
| Eisler v. United States, 170 F.2d 273 | 34+20.4(2) | Alien resident may be required to contribute to support of United States, and may lawfully be inducted for national defense service in time of war. | Can an alien be called to serve in the defense of the country? | Aliens_Immigration and_1iM0m1YPIwjacygQtkYx8t6iWccFzxu_e.docx | ROSS-000000294-ROSS-000000295 |
| Burns v. Neiman Marcus Grp., 173 Cal. App. 4th 479 | 8.30E+27 | A "check" is simply an order to the drawee bank to pay the sum stated, signed by the maker and payable on demand. West's Ann.Cal.Com.Code S 3103. | Is check merely an order to pay the sum which has been stated? | 009653.docx | LEGALEASE-00149645-LEGALEASE-00149646 |
| Wilmington Tr. Co. v. Delaware Auto Sales, 271 A.2d 41 | 172H+786 | Where defendant bank received stop payment order from its depositor before it issued treasurer's check to plaintiff automobile dealer in exchange for depositor's check, bank had no right to charge depositor's account, complete failure of consideration for treasurer's check resulted, and bank had right to refuse to honor it when presented by the dealer. 5A Del.C. SS 3-305, 3-306(c). | Does the bank have the right to refuse to honor a check presented by the payee? | 010530.docx | LEGALEASE-00149515-LEGALEASE-00149516 |
| Kain v. Walke, 12 Ala. 184 | 83E+496 | The death and insolvency of the maker of a note is a sufficient excuse for the failure of the assignee to prosecute a suit against him to judgment, execution, and a return of "No property found." | Can insolvency of the maker of a note a sufficient excuse? | Bills and Notes- Memo 723-ANM_58227.docx | ROSS-003292838 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dillard v. Thomasville Auto Sales, 221 F. Supp. 3d 677 | 172H+1344 | Car dealership's used car loan disclosure form, on which payment amount and dates were slightly misaligned, such that number of payments, amount of payments, and dates of first and last payments were printed on line separating rows, was sufficiently clear to satisfy dealership's obligation under Truth-in-Lending Act (TILA) to disclose the number, amount, and due dates or period of payments scheduled to repay the total of payments; no reasonable consumer could have construed form as requiring first 19 payments to be made weekly, with the final monthly payment to be made 15 months later, and only plausible interpretation was that two lines in question belonged in rows in which characters' lower halves sat, such that first 19 payments were to be made monthly beginning one month after closing. Truth in Lending Act S 128, 15 U.S.C.A. S 1638(a)(6); 12 C.F.R. S 226.18(g). | Is a creditor required to disclose the number and amount of payments under the federal law? | 013931.docx | LEGALEASE-00149533-LEGALEASE-00149534 |
| Succession of Valdez, 44 So. 2d 151 | 156+55 | A person cannot be estopped by his declarations even if of a judicial character if they have neither deceived nor damaged any one. | "Is a person estopped by his judicial declarations, which have neither deceived nor damaged any one?" | 017728.docx | LEGALEASE-00149068-LEGALEASE-00149069 |
| Hatch's Estate v. C.I.R., 198 F.2d 26 | 220+3933.1 | For income tax purposes, sale of partnership interest in going concern should be treated as sale of capital asset, if the transaction in substance and effect, as distinguished from form and appearance, is essentially the sale of a partnership interest. 26 U.S.C.A. (I.R.C.1954) S 1202. | Is the sale of a partnership asset to be treated as a sale of capital asset? | 022554.docx | LEGALEASE-00149893-LEGALEASE-00149894 |
| Cole v. O'Tooles of Utica, 222 A.D.2d 88 | 302+4 | Plaintiffs need not label cause of action in pleading, and in fact, even if cause of action is labeled incorrectly, it will not be dismissed if acts alleged constitute cognizable cause of action. | Do plaintiffs need to label a cause of action? | 036358.docx | LEGALEASE-00149233-LEGALEASE-00149234 |
| Bergeron v. Roszkowski, 866 A.2d 1230 | 307A+683 | On a motion to dismiss based on failure to prosecute, although the trial court must weigh the equities between the parties, it need not view the evidence in a light most favorable to the plaintiffs. | Is mere delay enough to warrant dismissal for lack of prosecution? | 036476.docx | LEGALEASE-00149185-LEGALEASE-00149186 |
| Minnesota Humane Soc. v. Minnesota Federated Humane Societies, 611 N.W.2d 587 | 307A+581 | Although a court might sanction a party for conduct in settlement negotiations, the court cannot dismiss a case for refusal to settle. | Can the court dismiss a case for refusal to settle? | Pretrial Procedure - Memo # 8199 - C - RY_58774.docx | ROSS-003280925-ROSS-003280926 |
| A. Gay Jenson Farms Co. v. Cargill, 309 N.W.2d 285 | 308+1 | "Agency" is the fiduciary relationship that results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. | Is consent important to form agency relationship | Principal and Agent - Memo 146 - KC_58560.docx | ROSS-003282580-ROSS-003282581 |
| Towell v. Steger, 154 S.W.3d 471 | 3.77E+05 | Stalking statutes should be construed narrowly enough to prevent serious abuse, but broadly enough to maximize victim protection. V.A.M.S. S 455.010. | Should stalking statutes be construed narrowly or broadly? | "Threats, Stalking, and Harassment - Memo #3 - C - LB_58576.docx" | ROSS-003282953-ROSS-003282955 |
| Campion v. Bd. of Aldermen of City of New Haven, 278 Conn. 500 | 414+1202 | Zoning regulations are local legislative enactments and, therefore, their interpretation is governed by the same principles that apply to the construction of statutes. | Can the enactment of local zoning regulations be considered a legislative function? | Zoning and Planning - Memo 6 - RM_62208.docx | ROSS-003294609-ROSS-003294610 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jones v. Madison Cty. Comm'rs, 137 N.C. 579 | 104+24 | Const. art. 7, S 7, declares that no county shall contract any debt, pledge its faith, or loan its credit, and that no tax shall be levied, except for the necessary expenses thereof, unless by a vote of a majority of the qualified voters; and section 14 provides that the General Assembly shall have power by statute to modify, change, or abrogate any and all of the provisions of article 7, except sections 7, 9, and 13-section 9 requiring uniform taxation, and section 13 relating to debts of the Confederate government. Held, that Laws 1903, p. 490, c. 289, requiring the funding of the floating indebtedness and the refunding of certain bonds of Madison county, and requiring the laying of a tax for the payment of the bonds, is not in excess of the legislative authority, though the county offices are created by Const. art. 7; the debts in question having been for necessary expenses, and the Legislature, except as limited, having power to supervise and control the action of county officers in governmental matters. Judgment (1904) 47 S.E. 753, 135 N.C. 218, reversed on rehearing. | Does the legislature have power to compel a county to levy a tax for road purposes? | Highways -Memo 276 - DB.docx | LEGALEASE-00039984-LEGALEASE-00039985 |
| Don Shevey & Spires v. Am. Motors Realty Corp., 279 S.C. 58 | 307A+581 | Plaintiff has burden of prosecuting his action, and the trial court may properly dismiss action for plaintiff's unreasonable neglect in proceeding with his cause. | Does a plaintiff have the burden of prosecuting their action? | 037007.docx | LEGALEASE-00150369-LEGALEASE-00150370 |
| Hoover v. Mercy Health, 2012 WL 2549485 | 302+8(1) | A conclusion in a petition must be supported by factual allegations that provide the basis for that conclusion, that is, facts that demonstrate how or why the conclusion is reached; if a petition fails to state a claim upon which relief can be granted, the trial court may properly order it to be dismissed, regardless of whether the order is treated as a summary judgment or as an order pursuant to a motion to dismiss. (Per Kathianne Knaup Crane, P.J., with one judge concurring and one judge dissenting.) | Should a conclusion in a petition be supported by factual allegations that provide the basis for that conclusion? | 037424.docx | LEGALEASE-00150661-LEGALEASE-00150663 |
| People ex rel. Griffin v. City of Brooklyn, 4 N.Y. 419 | 371+2415 | The power to tax implies a power to apportion the tax as the legislature shall see fit, and the power of apportionment has no limit where there is no constitutional restraint. | Is the power to tax limited by constitutional restraint? | 045960.docx | LEGALEASE-00150554-LEGALEASE-00150555 |
| Ryan's Family Steakhouse v. Kilpatric, 966 So. 2d 273 | 25T+182(2) | Both delay and the extent of the moving party's participation in judicial proceedings are material factors in assessing a plea of prejudice resulting in a waiver of a right to arbitration. | What are the material factors involved in assessing a plea of prejudice? | Alternative Dispute Resolution - Memo 793 - RK_59478.docx | ROSS-003292376-ROSS-003292378 |
| Sweater Bee by Banff, Ltd. v. Manhattan Indus., 754 F.2d 457 | 25T+182(2) | Litigation of substantial issues going to merits may constitute waiver of arbitration. | Does litigation of substantial issues going to the merits constitute a waiver of arbitration? | 007925.docx | LEGALEASE-00151388-LEGALEASE-00151389 |
| The Belize, 25 F. Supp. 663 | 25T+182(2) | Where party who has agreed to arbitrate a controversy that may arise takes controversy to court in ordinary way, and other party files an answer on the merits, thereby joining with first party in rejecting arbitration and tendering controversy to court, one party is not thereafter entitled to resort to arbitration over protest of other. | Does there come a time in litigation where it is unfair to permit one side to resort to arbitration over the protest of the other? | Alternative Dispute Resolution - Memo 798 - RK_59483.docx | ROSS-003279938-ROSS-003279939 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hibernia Bank & Tr. Co. v. Dresser, 132 La. 532 | 83E+334 | Under Negotiable Instrument Law, S 5, an instrument which contains an order or promise to do any act in addition to the payment of money is not negotiable. | Is an instrument which contains an order to do any act in addition to the payment of money negotiable? | 010778.docx | LEGALEASE-00151226-LEGALEASE-00151227 |
| Hibernia Bank & Tr. Co. v. Dresser, 132 La. 532 | 83E+334 | Under Negotiable Instrument Law, S 5, an instrument which contains an order or promise to do any act in addition to the payment of money is not negotiable. | Is an instrument which contains promise to do any act in addition to the payment of money is negotiable? | Bills and Notes-Memo 1117-IS_59399.docx | ROSS-003280716-ROSS-003280717 |
| Sterling & Snapp v. Bender, 7 Ark. 201 | 83E+426 | A bill or note indorsed in blank is transferable by delivery only, and so long as the indorsement continues in blank, it makes the bill or note in effect payable to bearer. | Can a bill indorsed or endorsed in blank be transferred by delivery? | Bills and Notes-Memo 1153-PR_59418.docx | ROSS-003299109 |
| Derico v. Duncan, 410 So. 2d 27 | 172H+114 | Contracts made in violation of requirements of Mini-Code regarding consumer finance are null, void and unenforceable as matter of public policy. Code 1975, S 5-19-1 et seq. | Are contracts made in violation of mini-code requirements unenforceable? | 013670.docx | LEGALEASE-00150856-LEGALEASE-00150857 |
| Butler Cty. Dairy v. Butler Cty., 285 Neb. 408 | 200+88 | Statutory provision that granted electors of a township the power "to prevent the exposure or deposit of offensive or injurious substances within the limits of the town" vested township with specific authority to prohibit liquid livestock waste pipelines from being constructed on, over, or under township roads; liquid livestock waste constituted an offensive and potentially injurious pollutant which was required by statute to be managed in a manner that was environmentally acceptable. West's Neb.Rev.St. SS 23-224(6), 54-2416, et seq.; Neb.Admin.R. & Regs. tit. 130. | Are the townships authorized to raise money for constructing roads within the township? | Highways -Memo 381 - DB_59252.docx | ROSS-003319044-ROSS-003319045 |
| Dang v. Smith, 190 Cal. App. 4th 646 | 302+21 | Because a pleader's original allegation is conclusively deemed true, the pleader is not permitted to assert its logical opposite. | Is the pleader permitted to assert the logical opposite of the original allegation? | 022901.docx | LEGALEASE-00151377-LEGALEASE-00151378 |
| British Am. & E. Co. v. Wirth Ltd., 592 F.2d 75 | 308+92(1) | An agent serves under the control and supervision of his principal; so long as he acts within the ambit of his authority to represent his principal, he binds the principal. | Does an agent serve under the control and supervision of his principal? | Principal and Agent - Memo 191 - KC_59472.docx | ROSS-003280467-ROSS-003280468 |
| Forest Guardians v. Animal & Plant Health Inspection Serv., 309 F.3d 1141 | 411+7 | The Forest Service Manual does not have the force of law and does not bind the agency and is therefore not entitled to deference. | Is the Forest Service Manual entitled to deference and has the force of law? | 047548.docx | LEGALEASE-00151056-LEGALEASE-00151057 |
| Lamb v. Thompson, 265 F.3d 1038 | 411+7 | Reviewing court must give Forest Service's interpretations of its own regulations controlling weight unless they are plainly erroneous or inconsistent with the regulations. | Do the Forest Service's interpretations of Forest Plan control its regulations? | 047552.docx | LEGALEASE-00151146-LEGALEASE-00151147 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Haskins v. Prudential Ins. Co. of Am., 230 F.3d 231 | 25T+420 | Employee of financial services firm would be required to arbitrate his race and age discrimination claims against firm pursuant to arbitration agreement he had entered into with securities dealers' association, which provided for arbitration of any dispute between employee and firm that was required to be arbitrated under rules of organizations with which employee registered, and which contained two acknowledgements that employee understood contents of agreement, even though agreement did not specifically delineate claims subject to arbitration, firm did not provide employee with copy of association's arbitration rules, and none of firm's agents discussed arbitration clause with employee. Civil Rights Act of 1964, S 701 et seq., as amended, 42 U.S.C.A. S 2000e et seq.; Age Discrimination in Employment Act of 1967, S 2 et seq., 29 U.S.C.A. S 621 et seq. | "If an employer failed to provide copy of the applicable exchange organizations rules, is the signing party on notice that his claims could have been subject to arbitration?" | 007993.docx | LEGALEASE-00151456-LEGALEASE-00151457 |
| Am. Reliable Ins. Co. v. Arrington, 269 F. Supp. 2d 758 | 118A+46 | Federal court will not apply first-to-file rule, and dismiss lawsuit in favor of lawsuit raising substantially similar issues that was previously filed in another federal court, where plaintiff in this other suit has raised these similar issues by means of request for declaratory relief in anticipation of subsequent lawsuit. | Is there an exception to the first filed rule when a plaintiff files suit for declaratory relief in anticipation of a lawsuit to be filed by the defendant? | Alternative Dispute Resolution - Memo 844 - RK_59529.docx | ROSS-003296288-ROSS-003296289 |
| Faiaz v. Colgate Univ., 64 F. Supp. 3d 336 | 141E+1166 | Under New York law, implied contract is formed when university accepts student for enrollment; if student complies with university's terms and completes required courses, university must award that student a degree. | An implied contract is formed when the university accepts the student for enrollment? | Education -  Memo # 202 C - KS_60317.docx | ROSS-003292201-ROSS-003292202 |
| Barrett v. Dodge, 16 R.I. 740 | 8.30E+10 | If no particular place of payment is specified in a note, the law of the place of contract governs as to the obligation and duty imposed on the maker. | Which law governs a note where no particular place of payment is specified? | Bills and Notes - Memo 862 - RK_59543.docx | ROSS-003295476-ROSS-003295477 |
| Thrall v. Newell, 19 Vt. 202 | 95+82 | The defendant executed to the plaintiff a written assignment in these words: "I hereby assign to R., a note in my favor against W. and H. dated 13th Nov., 1838, for one hundred and fifty dollars, payable in one year from date, with use, for value received." Held, that the words "for value received" were not merely descriptive of the note assigned, but that, prima facie at least, they imported a sufficient legal consideration for the assignment. | Are the words for value received forming a part of the contract of assignment prima facie evidence of consideration for the assignment? | Bills and Notes - Memo 871 - RK_59552.docx | ROSS-003293254-ROSS-003293255 |
| Purifoy v. Teasley, 188 Ala. 416 | 296+10 | A widow who is drawing a pension under Gen.Acts 1911, p. 690, is a pensioner within section 27, authorizing the payment of the warrant to the children of the pensioner, or the collection by the probate judge and use in paying the expenses of the pensioner's burial and last illness. | Can a widow be a pensioner? | 022879.docx | LEGALEASE-00151562-LEGALEASE-00151563 |
| Helms v. Alabama Pension Comm'n, 231 Ala. 183 | 296+12 | "Purposely" within statute providing that no applicant for pension who has been purposely stricken from pension rolls shall be entitled to back pay must be given ordinarily accepted meaning of with deliberate intent or express purpose; on purpose; intentionally; designedly; expressly. Code 1928, S 2971. | "Can an applicant for pension, who has been purposely stricken from pension rolls, be entitled to back pay?" | 022887.docx | LEGALEASE-00151576-LEGALEASE-00151577 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wilson v. Cty. of Orange, 881 So. 2d 625 | 307A+561.1 | Dismissal should not be granted on the basis of an affirmative defense, except when the face of the complaint is sufficient to demonstrate the existence of that defense. | Would the face of the complaint be sufficient to demonstrate the existence of that defense? | Pretrial Procedure - Memo # 8613 - C - DA_59685.docx | ROSS-003282849-ROSS-003282850 |
| 21st Amendment v. Indiana Alcohol & Tobacco Comm'n, 84 N.E.3d 691 | 307A+622 | A motion to dismiss tests the legal sufficiency of a claim, rather than the facts that support it. Ind. R. Trial P. 12(B)(6). | "Does a motion to dismiss test the legal sufficiency of the claim, not the facts that support it?" | 037738.docx | LEGALEASE-00151803-LEGALEASE-00151804 |
| Wright v. Wright, 567 S.W.2d 371 | 8.30E+210 | As a matter of general law, there may be a presumption that comakers of promissory note, in absence of evidence to the contrary, are equally liable; bills and notes, however, do not necessarily express entire agreement between ostensible comakers. | Are comakers of a promissory note equally liable? | Bills and Notes - Memo 783 -KC_60013.docx | ROSS-003323318-ROSS-003323319 |
| Packer v. Roberts, 140 Ill. 9 | 83E+481 | Note cannot be assigned by separate instrument, and where payee has by deed of assignment, duly assigned all his property, legal title to note is not thereby transferred to assignee so as to preclude payee from suing thereon in his own name for use of assignee. | Can a note be assigned by a separate instrument without indorsement so as to vest a legal title in an assignee? | 009929.docx | LEGALEASE-00151861-LEGALEASE-00151862 |
| Wells Fargo Bank, NA v. Ostiguy, 127 A.D.3d 1375 | 266+1749 | Holder status, as required for standing to pursue foreclosure action, is established where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff. McKinney's Uniform Commercial Code S 3-301. | Who can be a holder of a note? | 010046.docx | LEGALEASE-00152384-LEGALEASE-00152385 |
| Farrar v. Gilman, 19 Me. 440 | 83E+815 | The indorsement of negotiable paper belonging to a bank by a cashier is prima facie evidence of a legal transfer of such paper. | "When a cashier of the bank or confidential officer endorses a note, is it prima facie evidence of legal transfer?" | 010772.docx | LEGALEASE-00152491-LEGALEASE-00152492 |
| Sterling & Snapp v. Bender, 7 Ark. 201 | 83E+426 | A bill or note indorsed in blank is transferable by delivery only, and so long as the indorsement continues in blank, it makes the bill or note in effect payable to bearer. | Can a note indorsed in blank be transferred by delivery? | 010809.docx | LEGALEASE-00151873-LEGALEASE-00151874 |
| In re Lee, 408 B.R. 893 | 83E+426 | If an indorsement does not specify a payee, it constitutes a "blank indorsement," as defined in the California Commercial Code (CCC), which makes the note payable to whoever is the bearer of the note. West's Ann.Cal.Com.Code S 3205(b). | "If an indorsement does not specify a payee or indorsee, is it a blank indorsement?" | Bills and Notes-Memo 1177-ANM_60974.docx | ROSS-003282611-ROSS-003282612 |
| Moody v. Lindsey, 202 Va. 1 | 200+79.2 | Generally, nonuser will not operate to discontinue a legally established highway, unless coupled with affirmative evidence of an intent to abandon, especially where there is no use of premises adverse to right of public. Acts 1904, c. 106, SS 2, 3 as amended by Acts 1908, c. 280, and S 9. | Does nonuse operate as abandonment of a highway? | 018678.docx | LEGALEASE-00152497-LEGALEASE-00152498 |
| Lindstrom v. Arnold, 421 So.2d 1178 | 48A+173(2) | There was no violation by motorist of statute prohibiting parking or stopping on highways outside of residential or business districts where her vehicle was stopped on the highway because it was disabled. LSA-R.S. 32:141, subds. A, B. | Is there a violation if a disabled vehicle is stopped on highway? | 018911.docx | LEGALEASE-00152055-LEGALEASE-00152056 |
| Cascardo v. Snitow Kanfer Holtzer & Millus, LLP, 100 A.D.3d 674 | 307A+679 | Motion to dismiss for failure to state a cause of action should be granted where, even viewing the allegations as true, the plaintiff cannot establish a cause of action. McKinney's CPLR 3211(a)(7). | When should a motion to dismiss for failure to state a cause of action be granted? | 037547.docx | LEGALEASE-00152307-LEGALEASE-00152308 |
| Marshall v. Burger King Corp., 222 Ill. 2d 422 | 272+1692 | Whether a duty exists in a particular case is a question of law for the court to decide. | Does a duty that exists in a particular case a question of law for the court to decide? | Pretrial Procedure - Memo # 8722 - C - NS_60240.docx | ROSS-003322895-ROSS-003322896 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Adams v. USAA Cas. Ins. Co., 317 S.W.3d 66 | 307A+680 | Determination of factual questions or whether the party is entitled to relief on the merits is not appropriate on a motion to dismiss. | Is a court's determination of factual questions not appropriate on a motion to dismiss? | 037700.docx | LEGALEASE-00152006-LEGALEASE-00152007 |
| Spence v. Cherian, 135 A.3d 1282 | 307A+622 | Court should dismiss a claim if a third-party plaintiff fails to plead, or cannot make out on the facts pleaded, an essential element of that claim, and if a plaintiff could not have originally sued the third-party defendant on a given claim, the claim against the third-party defendant also must be dismissed. | Should a court dismiss a claim if a plaintiff fails to plead? | Pretrial Procedure - Memo # 8848 - C - KG_59846.docx | ROSS-003320834-ROSS-003320835 |
| Boca Burger v. Forum, 912 So. 2d 561 | 307A+561.1 | A defendant may, at its option, raise any affirmative defense, including the defense of federal preemption, in a motion to dismiss. West's F.S.A. RCP Rule 1.140(b). | Can a defendant raise any affirmative defense in a motion to dismiss? | 037868.docx | LEGALEASE-00152146-LEGALEASE-00152147 |
| Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co. Kommanditgesellschaft v. Republic of Romania, 123 F. Supp. 2d 174 | 308+96 | Under New York law, actual authority may be established by any action that reasonably indicates to agent that principal wants agent to perform certain task. | Can an action of the Principal establish authority? | 041334.docx | LEGALEASE-00152297-LEGALEASE-00152298 |
| Gowens v. Tys. S. ex rel. Davis, 948 So. 2d 513 | 308+47 | Although as against a principal, both principal and agent are deemed to have notice of whatever either has notice of, the imputation of the principal's knowledge to the agent is contrary to the general principles of agency. | Can a principals knowledge be imputed to an agent? | Principal and Agent - Memo 202 - KC_59870.docx | ROSS-003296513-ROSS-003296514 |
| St. Clair Intermediate Sch. Dist.t v. Intermediate Educ. Ass'n/Michigan Educ. Ass'n, 458 Mich. 540 | 308+1 | Fundamental to the existence of an agency relationship is the right to control the conduct of the agent with respect to the matters entrusted to him. Restatement (Second) of Agency S 14. | Can an agents conduct be controlled by the principal with respect to matters entrusted to him? | 041506.docx | LEGALEASE-00152333-LEGALEASE-00152334 |
| Hidden Brook Air v. Thabet Aviation Int'l Inc., 241 F. Supp. 2d 246 | 308+99 | "Actual authority" exists when an agent has the power to do an act or to conduct a transaction on account of the principal which, with respect to the principal, he is privileged to do because of the principal's manifestation to him. Restatement (Second) of Agency S 7 comment. | When does actual authority exist in an agent? | Principal and Agent - Memo 225 - KC_60111.docx | ROSS-003278430-ROSS-003278431 |
| Hartford Elevator v. Lauer, 94 Wis. 2d 571 | 308+60 | An agent is liable for damages in the event of breach of duty to his principal and any losses he causes may be offset against any claim he may have for compensation. | Will an agent be liable for damages in the event of breach? | Principal and Agent - Memo 57 - KC_60264.docx | ROSS-003318941 |
| Hartzell v. Waco, 256 Va. 294 | 308+94 | "Special agent" is one who is authorized to perform one or more specific acts in pursuance of particular instructions, or within restrictions necessarily implied from the stated acts to be performed. | Who is a Special Agent under the law? | Principal and Agent - Memo 65 - KC_60272.docx | ROSS-003278700-ROSS-003278701 |
| Valeriano-Cruz v. Neth, 14 Neb. App. 855 | 21+12 | An "affidavit" is a written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation; an affidavit must bear on its face, by the certificate of the officer before whom it is taken, evidence that it was duly sworn to by the party making the same. | Should the affidavit bear on its face to have been taken before the proper officer? | Affidavits - Memo 50 - _1GIj-B9TmGRbbXtl-LPDANrVAyxuLoLQ.docx | ROSS-000000197-ROSS-000000198 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Habersham v. Lehman, 63 Ga. 380 | 83E+731(2) | A negotiable note being indorsed in blank (the blank still unfilled), any holder may sue the maker. A full indorsement by a person other than the payee, will not hinder the blank indorsement by the payee from operating as evidence of title in the present holder. | Can any holder sue a maker on a negotiable note indorsed in blank? | Bills and Notes - Memo 877 - RK_60677.docx | ROSS-003308356-ROSS-003308357 |
| Turner v. Beneficial Corp., 242 F.3d 1023 | 172H+1537 | Detrimental reliance is an element in a TILA claim for actual damages; overruling Jones v. Bill Heard Chevrolet, Inc., 212 F.3d 1356; Ransom v. S & S Food Center, Inc. of Florida, 700 F.2d 670. Truth in Lending Act, S 130(a)(1), (a)(2)(A), 15 U.S.C.A. S 1640(a)(1), (2)(A). | Is detrimental reliance an element of Truth in Lending Act (TILA) claims for actual damages? | Bills and Notes - Memo 885 - RK_60684.docx | ROSS-003280399-ROSS-003280400 |
| Thorp, Smith & Hanchett v. Craig, 10 Iowa 461 | 83E+675 | The law of the place where a bill of exchange is payable governs as to the allowance of days of grace. | Will law of the place where a draft is made payable govern the days of grace upon a bill of exchange? | 009865.docx | LEGALEASE-00153582-LEGALEASE-00153583 |
| Smith v. Anderson, 70 Vt. 424 | 8.30E+10 | Where parties to a note, who lived in different states, did not contract with reference to the law of either state, the law of the place in which the contract was made would determine the right to recover; and hence a charge that whether or not the note had been paid might depend on whether the contract was made in one state or another is not erroneous. | Does the law of the place in which a contract was made govern the right to recover? | 009899.docx | LEGALEASE-00153651-LEGALEASE-00153652 |
| Atl. Cmty. Coll. v. Civil Serv. Comm'n, 59 N.J. 102 | 141E+990 | County colleges are not agencies of county government but, rather, are separate political subdivisions which serve separate purpose and operate apart from governing bodies of counties in which they are situated. N.J.S.A. 18A:64A-3, 4, 7 to 9, 15. | Is a county college an agency of county government? | 017074.docx | LEGALEASE-00152881-LEGALEASE-00152882 |
| Virginia Elec. & Power Co. v. Buchwalter, 228 Va. 684 | 156+29 | In action challenging electric company's easement, lot owner, who as grantee, was in privy with party who granted easement to electric company, was bound by every estoppel which would have been binding on grantor, whether or not he sought to deny grantor's title. | Are those who derive title from or through the parties bound by every estoppel that would have been binding on the parties? | 018016.docx | LEGALEASE-00153019-LEGALEASE-00153020 |
| Niday v. GMAC Mortg., 353 Or. 648 | 266+894 | Lender that had provided loan underlying trust deed, not Mortgage Electronic Registration Systems (MERS), a private electronic database used by lenders, loan servicers, investors, and other industry participants to track transfer of beneficial interests in mortgage loan obligations, was the "beneficiary" of trust deed, for purposes of determining whether beneficiary had assigned a beneficial interest in trust deed but failed to record that assignment, such as would preclude nonjudicial foreclosure of trust deed pursuant to Oregon Trust Deed Act (OTDA); even though MERS had been named as beneficiary in trust deed, lender was the party to whom the underlying, secured obligation was owed. West's Or.Rev. Stat. Ann. S 86.735(1). | Does a trust deed convey an interest in real property to a trustee to secure the performance of an obligation the grantor owes to a beneficiary? | 018330.docx | LEGALEASE-00153505-LEGALEASE-00153506 |
| Ex Parte AutoSource Motors, 156 So. 3d 397 | 106+35 | If a defendant makes a prima facie evidentiary showing that a court has no personal jurisdiction, the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint. Rules Civ.Proc., Rule 12(b)(2). | "In considering a motion to dismiss for want of personal jurisdiction, should a court consider as true the allegations of the plaintiff's complaint not controverted by the defendant's affidavits?" | Pretrial Procedure - Memo # 8889 - C - SN_61230.docx | ROSS-003278492-ROSS-003278493 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Weatherman v. Gary-Wheaton Bank of Fox Valley, N.A., 186 Ill. 2d 472 | 30+3200 | De novo standard of review applies to appeal from an order granting motion to dismiss that attacks legal sufficiency of complaint based on defects on its face. S.H.A. 735 ILCS 5/2-615. | Does a motion to dismiss under section 2615 alleging defects on the face of the complaint attack the legal sufficiency of the complaint? | 06613.docx | LEGALEASE-00096591-LEGALEASE-00096592 |
| Berger v. Emerson Climate Techs., 508 S.W.3d 136 | 307A+681 | Issue on a motion to dismiss is not whether the plaintiff is entitled to a judgment in his favor, rather it is whether he is entitled to be heard on his claim. | Is an issue on a motion to dismiss not whether the plaintiff is entitled to a judgment in his favor? | Pretrial Procedure - Memo # 9055 - C - MS_60460.docx | ROSS-003296693-ROSS-003296694 |
| Howard v. Frost Natl Bank, 458 S.W.3d 849 | 307A+681 | Courts disregard conclusions not supported by facts in the context of assessing a motion to dismiss. | Do courts disregard conclusions not supported by facts in the context of assessing a motion to dismiss? | 06618.docx | LEGALEASE-00096617-LEGALEASE-00096618 |
| Papa John's Int'l v. Cosentino, 916 So. 2d 977 | 307A+561.1 | If the face of the complaint contains allegations which demonstrate the existence of an affirmative defense, then such a defense may be considered on a motion to dismiss, otherwise, affirmative defenses may not be considered. West's F.S.A. RCP Rule 1.110(d). | When can affirmative defense be considered on a motion to dismiss? | 038435.docx | LEGALEASE-00153332-LEGALEASE-00153333 |
| Regency Oaks Corp. v. Norman-Spencer McKernan, 129 A.D.3d 1454 | 308+99 | The mere creation of an agency for some purpose does not automatically invest the agent with apparent authority to bind the principle without limitation. | "Do the acts of an agent, within the scope of his real or apparent authority, bind the principal? " | Principal Agent- Memo 29 -AM.docx | LEGALEASE-00043316-LEGALEASE-00043317 |
| Faiola v. Calderone, 275 Pa. 303 | 308+99 | Where an agent of limited powers has been in the habit of managing the business committed to his care in a manner involving an enlargement of his powers with the knowledge and acquiescence of his principal, authority is then implied. | Can a principal be responsible for acts done in excess of his instructions? | Principal and Agent - Memo 261 - KC_60658.docx | ROSS-003296599 |
| Stubl v. T.A. Sys., 984 F. Supp. 1075 | 308+81(5) | Under Michigan law, sales agents are entitled to post-termination commissions for sales they procured during their time at former employer. | Is an agent entitled to get a post-termination commission if he procured the sale? | 041552.docx | LEGALEASE-00152802-LEGALEASE-00152803 |
| Hartford Elevator v. Lauer, 94 Wis. 2d 571 | 308+60 | An agent is liable for damages in the event of breach of duty to his principal and any losses he causes may be offset against any claim he may have for compensation. | Can an agent be held liable for breach of duty to his principal? | 041557.docx | LEGALEASE-00152931-LEGALEASE-00152932 |
| Barratt Am. Inc. v. City of Rancho Cucamonga, 37 Cal. 4th 685 | 371+2001 | In general, taxes are imposed for revenue purposes, rather than in return for a specific benefit conferred or privilege granted. | "In general, are taxes imposed for revenue purposes?" | 046018.docx | LEGALEASE-00153311-LEGALEASE-00153312 |
| United States of Am. v. Beasley, 184 F. Supp. 3d 950 | 411+12 | Evidence was sufficient to support finding that defendant's son, in delivering all terrain vehicles (ATVs) for use by customers at federal recreation area, was acting as defendant's agent, such that defendant, through her son as agent, had engaged in work activity on national forest land in possible violation of federal regulation, where defendant had twice told forest service officers, when they informed her that she needed special-use authorization to rent out ATVs on federal land, that she believed that her son, who was not employee of defendant's business, could deliver ATVs without permit, where ATVs that son delivered were of type rented out by defendant's business, and where son, in response to forest service officer's question, informed officer that "business was good." 36 C.F.R. S 261.10(c). | Does dispatching ATVs or snowmobiles into a national forest constitute an activity affecting national forest lands? | 047657.docx | LEGALEASE-00153706-LEGALEASE-00153707 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re McCarthy, 119 Misc. 257 | 21+8 | The omission of the venue from an affidavit is not fatal, if the instrument or any part thereof expressly or by implication shows where it was taken. | Is the omission of venue fatal if the instrument expressly or impliedly shows where it was taken? | Affidavits - Memo 56 - _1HFaz4Xuusa6C7yT76Fc VUp-tDAnPUhIg.docx | ROSS-000000209 |
| Haygood v. Head, 305 Ga. App. 375 | 21+12 | In the absence of a valid jurat, a writing in the form of an affidavit has no force and no validity and amounts to nothing, when standing alone or when construed in connection with other evidence; to make a valid affidavit, the affiant must swear to it, and the fact of his swearing must be certified by a proper officer. | Is verification of an affidavit without effect in the absence of a jurat? | 006699.docx | LEGALEASE-00154393-LEGALEASE-00154394 |
| Boyd v. Am. Bank of Commerce at Wolfforth, 872 S.W.2d 29 | 8.30E+183 | In construing promissory notes, court's primary objective is to ascertain and give effect to true intentions of the parties, seeking to give effect to all the provisions in notes so that none will be rendered meaningless. | What is the primary objective of a court when construing a promissory note? | Bills and Notes - Memo 998 - RK_61317.docx | ROSS-003292310-ROSS-003292311 |
| Mathis v. DCR Mortg. III Sub I, 389 S.W.3d 494 | 8.30E+184 | A court's primary duty in construing a note and deed of trust, as when construing a contract, is to ascertain the parties' intent from the instrument's language. | What is the primary objective of a court when construing a promissory note? | 009990.docx | LEGALEASE-00154693-LEGALEASE-00154694 |
| Bizier v. Globe Fin. Servs., 654 F.2d 1 | 172H+1322 | Truth in Lending Act is intended to balance scales sought to be weighed in favor of lenders and is thus to be liberally construed in favor of borrowers. Truth in Lending Act, S 102 et seq. as amended 15 U.S.C.A. S 1601 et seq. | Should Truth in Lending Act (TILA) be constructed in favor of lenders or borrowers? | 013702.docx | LEGALEASE-00154378-LEGALEASE-00154379 |
| Osage Nation v. Bd. of Commissioners of Osage Cty., 394 P.3d 1224 | 228+181(6) | Contested jurisdictional facts are adjudicated by the finder of fact and not by a motion to dismiss or summary judgment. | Can contested jurisdictional facts not be adjudicated on either a motion to dismiss or for summary judgment? | Pretrial Procedure - Memo # 9277 - C - VA_61241.docx | ROSS-003294197-ROSS-003294198 |
| Brown v. Knowles, 307 P.3d 915 | 307A+622 | To identify the nature of the injury asserted, courts look to the facial allegations in complaint. | "To identify the nature of the injury asserted, do courts look to the facial allegations in a complaint?" | 038989.docx | LEGALEASE-00154543-LEGALEASE-00154544 |
| Nat'l Westminster Bank USA v. Century Healthcare Corp., 885 F. Supp. 601 | 101+1058 | Lender liability is predicated on unmistakable showing that subservient corporation in reality has no separate, independent existence of its own and was being used to further purposes of dominant corporation. | What is lender liability predicated on? | Bills and Notes-Memo 1200-SB_61827.docx | ROSS-003322359-ROSS-003322360 |
| Swift & Co. v. Bankers Tr. Co., 280 N.Y. 135 | 8.30E+67 | Under Illinois law, checks which corporate maker's clerk fraudulently induced maker to make payable to a nonexistent person, under belief that such a person actually existed, were payable to bearer, could be transferred without indorsement, and authorized bank to pay the checks without indorsement and without liability for payment after forged indorsement by the clerk. Smith-Hurd Stats.Ill. c. 98, S 29. | Under what circumstances checks be payable to bearer? | 010856.docx | LEGALEASE-00155384-LEGALEASE-00155385 |
| Bank of New York Mellon v. Deane, 41 Misc. 3d 494 | 83E+417 | Whatever the rights of a person to enforce an instrument by reason of delivery or assignment, a person is not a "holder" by reason of delivery or assignment alone, unless delivery is made of a bearer instrument. | Can a person become a holder by reason of delivery? | Bills and Notes-Memo 1208-PR_61519.docx | ROSS-003321714 |
| Nat'l Union Fire Ins. Co. Pittsburgh, Pa. v. Proskauer Rose Goetz & Mendelsohn, 165 Misc. 2d 539 | 83E+416 | Certificate of deposit, even if nonnegotiable, can be assigned and can be passed by delivery without endorsement by person to whose order it is made payable. | Can a certificate of deposit be assigned by delivery? | 010863.docx | LEGALEASE-00155336-LEGALEASE-00155337 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Corp. Comm'n of N. Carolina v. Wilkinson, 201 N.C. 344 | 83E+455 | One writing name on negotiable instrument otherwise than as maker, drawer, or acceptor is deemed indorser, unless contrary intention is indicated. C.S. S 3044. | Can a person be deemed to be an indorser unless he clearly indicates by appropriate words? | 010865.docx | LEGALEASE-00155344-LEGALEASE-00155345 |
| Palmer v. Champion Mortg., 465 F.3d 24 | 172H+1342 | Courts must evaluate the adequacy of Truth in Lending Act (TILA)disclosures from the vantage point of a hypothetical average consumer, a consumer who is neither particularly sophisticated nor particularly dense. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | What is an average consumer? | Consumer Credit - Memo 169 - RK.docx | LEGALEASE-00044623-LEGALEASE-00044624 |
| Jackson v. Grant, 890 F.2d 118 | 172H+1556 | Failure to notify borrower that she had right to rescind real estate loan transaction under Truth in Lending Act extended borrower's right to rescind for three years after transaction was consummated. Truth in Lending Act, SS 102, 125(a), 15 U.S.C.A. SS 1601, 1635(a); Truth in Lending Regulations, Regulation Z, S 226.23(a)(3), 15 U.S.C.A. foll. S 1700. | Does a failure to notify borrower that he had a right to rescind the transaction under TILA extended the borrower's right to rescind for three years? | 013740.docx | LEGALEASE-00155743-LEGALEASE-00155744 |
| Brown v. Marquette Sav. & Loan Ass'n, 686 F.2d 608 | 172H+1537 | Borrower need not have been so misled as to have suffered actual damages as result of violation of Truth in Lending Act to recover statutory penalty. Truth in Lending Simplification and Reform Act of 1980, S 601 et seq., 15 U.S.C.A. S 1601 note; Truth in Lending Act, S 130(d), 15 U.S.C.A. S 1640(d). | Can a borrower recover the statutory penalty for a technical violation without showing that he has been deceived by the statutory violation? | 013752.docx | LEGALEASE-00155480-LEGALEASE-00155481 |
| Harris v. Tower Loan of Mississippi, 609 F.2d 120 | 172H+1561 | Where a transaction is rescinded under Truth in Lending Act, the creditor is not barred from offsetting the value owed to it by the obligor from the sum it initially tendered to the obligor. Truth in Lending Act, S 125(b), 15 U.S.C.A. S 1635(b). | Can the creditor offset the value owed to it by the obligor from the sum it initially tendered to the obligor? ? | Consumer Credit - Memo 213 - RK_61875.docx | ROSS-003305837-ROSS-003305838 |
| Reyes v. New York Univ., 305 A.D.2d 392 | 141E+1234 | Institutions of higher education maintain contractual relationships with their students, and can, under appropriate facts, be liable for breaches regarding scholarships. | Can universities be liable for breach of contract regarding scholarships? | 017089.docx | LEGALEASE-00154837-LEGALEASE-00154838 |
| Keles v. Hultin, 144 A.D.3d 987 | 141E+1000 | Courts retain a restricted role in dealing with and reviewing controversies involving colleges and universities. | Do courts have a restricted role in reviewing controversies involving universities? | Education - Memo #266 - C - ATS_61537.docx | ROSS-003295242-ROSS-003295243 |
| Klouda v. Pechousek, 414 Ill. 75 | 315+333 | Any act of a joint tenant which destroys any one of its necessarily coexistent unities, operates as a severance of the joint tenancy and extinguishes the right of survivorship. | "Where one joint tenant makes an agreement to convey, will the joint tenancy be severed resulting in a tenancy in common?" | 018297.docx | LEGALEASE-00154819-LEGALEASE-00154820 |
| Drigotas v. Doyle, 85 F. Supp. 908 | 200+173 | Usually, pedestrian about to step from city curb or country road margin in Maine onto highway is not charged with duty to look and listen. | Is pedestrian charged or negligent with the duty to look? | Highways- Memo 421-ANM_61959.docx | ROSS-003323555 |
| Drigotas v. Doyle, 85 F. Supp. 908 | 200+173 | Usually, pedestrian about to step from city curb or country road margin in Maine onto highway is not charged with duty to look and listen. | Is a pedestrian charged with the duty to listen? | Highways- Memo 422-SB_61902.docx | ROSS-003294520-ROSS-003294521 |
| Gross v. United Engineers & Constructors Inc., 224 Pa. Super. 233 | 302+37 | Sufficiency of complaint is governed by facts alleged therein and fact that lacking information subsequently was or could be supplied is not governing. | Is the sufficiency of the complaint governed by the facts alleged therein? | Pleading - Memo 556 - RMM_62364.docx | ROSS-003295059-ROSS-003295060 |
| Laurie v. Ezard, 595 S.W.2d 336 | 307A+581 | In determining whether to dismiss dormant case, time the case has been on file and its prior inactivity may be considered; however, only in unusual situation should case be dismissed for prior inactivity. | What should be considered in determining whether to dismiss dormant case? | Pretrial Procedure - Memo # 9692 - C - SK_61593.docx | ROSS-003322688-ROSS-003322689 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hahn v. Binder, 33 A.D.2d 903 | 307A+581 | Where late appearance of counsel on calendar call was not willful dismissal may not have been justified. N.Y.Ct.Rules, S 660.5(c) (3) (i). | Is dismissal justified where the late appearance of counsel on calendar call was not willful? | 039225.docx | LEGALEASE-00155254-LEGALEASE-00155255 |
| Wood v. Cosme, 447 S.W.2d 746 | 307A+581 | Where party fails to appear and prosecute his case, trial court cannot try case for him, and only remedy is to dismiss the case. | Can court try the case for a party where party fails to appear and prosecute his case? | Pretrial Procedure - Memo # 9737 - C - NE_61616.docx | ROSS-003294261-ROSS-003294262 |
| Karen Stavins Enterprises v. Cmty. Coll. Dist. No. 508, 2015 IL App (1st) 150356 | 307A+681 | Motion to dismiss cannot be supported by affidavit or by reference to facts not contained within the complaint. S.H.A. 735 ILCS 5/2-615. | Can a motion to dismiss be supported by affidavit or by reference to facts not contained within the complaint? | Pretrial Procedure - Memo # 9819 - C - BP_61776.docx | ROSS-003296445-ROSS-003296446 |
| Harris v. McKay, 138 Va. 448 | 308+92(1) | Where an agent's authority is proved, no question of privity can arise. The doctrine of principal and agent, whether disclosed or undisclosed, recognizes that privity of contract exists between the principal and one dealing with the agent. The act of the agent is the act of the principal. | Does the doctrine of principal and agent recognize that privity of contract exists? | Principal and Agent - Memo 343 - RK.docx | LEGALEASE-00045512-LEGALEASE-00045513 |
| Baker v. City of E. Orange, 95 N.J.L. 365 | 371+2001 | "Taxes" are, in legal contemplation, neither debts nor contractual obligations, but are, in the strictest sense of the word, exactions. | "In legal contemplation, are taxes either debts or contractual obligations?" | 046094.docx | LEGALEASE-00155046-LEGALEASE-00155047 |
| Ragen v. Wolfner, 43 Ill. App. 2d 70 | 228+185.1(1) | Although exhibits attached to affidavits for summary judgment were not separately sworn to as true copies of their originals, references thereto in the text of the affidavits rendered the exhibits verified copies. Supreme Court Rules, rule 15(1), S.H.A. ch. 110, S 101.15(1). | Are exhibits attached thereto in an affidavit considered verified? | Affidavits - Memo 89 - _1w_Joh4KNkEtcktAWV9 ATTlAm0F58NXKm.docx | ROSS-000000272-ROSS-000000273 |
| Spencer v. Sterling Bank, 63 Cal. App. 4th 1055 | 83E+427 | If indorsement is made by holder of instrument and indorsement identifies person to whom it makes instrument payable, it is a "special indorsement." West's Ann.Cal.Com.Code S 3205(a). | Is it a special indorsement if the holder of an instrument makes an indorsement identifying a person to whom it is payable? | 010743.docx | LEGALEASE-00156403-LEGALEASE-00156404 |
| State v. Vampran, 459 So. 2d 1333 | 96H+100(2) | Desire to teach others a lesson is not an acceptable basis for penalty imposed on a defendant, and trial judge in imposing sentence for distribution of cocaine erred in hoping that, by imposing sentence of imprisonment, he would send message to other drug offenders in community, and trial judge also erred in relying upon considerations for which there was no supporting factual evidence in the record. LSA-R.S. 40:967, subd. A; LSA-C.Cr.P. art. 894.1; U.S.C.A. Const.Amend. 8. | Is a desire to teach others a lesson an acceptable basis for imposing a sentence? | Bribery - Memo 1071 - C - ML_65556.docx | ROSS-003295596-ROSS-003295597 |
| Kaptein By & Through Kaptein v. Conrad Sch. Dist., 281 Mont. 152 | 141E+954 | Student's right to participate in extracurricular activities, although not fundamental right, is clearly subject to constitutional protection. | Is a students right to participate in extracurricular school activities a fundamental right? | Education - Memo # 277 - C - KS_62020.docx | ROSS-003281208-ROSS-003281209 |
| Catalina Foothills Unified Sch. Dist. No. 16 v. La Paloma Prop. Owners Ass'n, 238 Ariz. 510 | 148+9 | Political subdivisions, including school districts, do not have inherent powers of eminent domain and may only exercise those powers that are statutorily delegated to them. | Do schools districts have inherent powers? | Education - Memo # 291 - C - KS_62341.docx | ROSS-003298680-ROSS-003298681 |
| Crosrol Carding Developments v. Gunter & Cooke, 12 N.C. App. 448 | 307A+694 | Dismissal for failure to join a necessary party is not dismissal on the merits and may not be with prejudice. Rules of Civil Procedure, rule 41(b), G.S. S 1A-1. | Is a dismissal based upon a failure to join a necessary party a dismissal of the action without prejudice? | 024639.docx | LEGALEASE-00155887-LEGALEASE-00155888 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Frigard v. United States, 862 F.2d 201 | 170A+1837.1 | Ordinarily, case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice. | Should a case dismissed for lack of subject matter jurisdiction be dismissed without prejudice so that a plaintiff can reassert his claims in a competent court? | 024646.docx | LEGALEASE-00155896-LEGALEASE-00155897 |
| Arrow Marble v. Estate of Killion, 441 S.W.3d 702 | 307A+690 | While admittedly erroneous, a dismissal with prejudice that should have been without prejudice is not automatically void-it is merely voidable. | "While admittedly erroneous, is a dismissal with prejudice that should have been without prejudice not automatically void-it is merely voidable?" | 024653.docx | LEGALEASE-00155906-LEGALEASE-00155907 |
| Skevofilax v. Aventis Pasteur, 167 Md. App. 1 | 307A+690 | To warrant dismissal of the complaint with prejudice, the plaintiff must have acted intentionally, as opposed to accidentally or involuntarily. | "To warrant dismissal of the complaint with prejudice, should the plaintiff have acted intentionally?" | Pretrial Procedure - Memo # 10363 - C - NS_62088.docx | ROSS-003279391 |
| Storedahl Properties v. Clark Cty., 143 Wash. App. 489 | 268+956(1) | Where a charge relates to a direct benefit or service, the court generally does not consider it a tax or assessment; instead, the court refers to such charges as regulatory fees, a rather broad category that can include a wide assortment of utility customer fees, utility connection fees, garbage collection fees, local storm water facility fees, user fees, permit fees, parking fees, registration fees, filing fees, and license fees. | "Where a charge is related to a direct benefit or service, will it be considered a tax?" | Taxation - Memo # 990 - C - JL_62492.docx | ROSS-003279585-ROSS-003279586 |
| State v. Cunningham, 344 N.C. 341 | 3.77E+10 | Elements of communicating a threat are that: defendant threatened person; communicated threat to that person; made threat in such a manner and under such circumstances that reasonable person would believe threat was likely to be carried out; and person threatened believed that threat was likely to be carried out. G.S. S 14-277.1. | What are the elements of communicating a threat? | 046659.docx | LEGALEASE-00156070-LEGALEASE-00156071 |
| In Interest of M.M., 571 So. 2d 112 | 67+7 | Ownership of building or structure is material element of burglary and must be proven as alleged in order to support conviction. West's F.S.A. S 810.02. | Is ownership of the building or structure an essential element of burglary? | Burglary - Memo 267 - RK_62271.docx | ROSS-003278780-ROSS-003278781 |
| Kidd v. Commonwealth, 273 Ky. 300 | 67+9(1) | The word "break" implies force, and, as used in the storehouse breaking statute, it has the same well-known and definite meaning as at common law with reference to the crime of burglary. Ky.St. S 1164. | What does the word break denote in the context of burglary? | 013114.docx | LEGALEASE-00156530-LEGALEASE-00156531 |
| Com. v. Corbin, 300 Pa. Super. 218 | 67+9(2) | A person who is licensed or privileged to enter the premises is not a burglar even though he intends to commit a crime therein. 18 Pa.C.S.A. S 3502. | Can a person who is licensed or privileged to enter be considered a burglar? | Burglary - Memo 313 - RK_62315.docx | ROSS-003309322-ROSS-003309323 |
| People v. Isidore, 185 A.D.2d 622 | 67+15 | Generally, person is "licensed or privileged" to enter premises within meaning of burglary statute when he or she has permission of owner or someone whose relationship to premises gives him or her authority to grant such consent. McKinney's Penal Law SS 140.00, subd. 5, 140.25, subd. 2, 155.25. | Who is privileged in the context of burglary? | 013154.docx | LEGALEASE-00156609-LEGALEASE-00156610 |
| Brimhall v. Brewster, 835 N.E.2d 593 | 307A+690 | Unless the trial court indicates that the dismissal is without prejudice, it must be deemed to be with prejudice. Trial Procedure Rule 41(B). | "Unless the trial court indicates that the dismissal is without prejudice, should it be deemed to be with prejudice?" | Pretrial Procedure - Memo # 10527 - C - NS_62427.docx | ROSS-003293467-ROSS-003293468 |
| Dick Poe Motors v. DaimlerChrysler Corp., 169 S.W.3d 478 | 307A+690 | A dismissal of a case for want of prosecution is not a trial on the merits, and therefore dismissal with prejudice is improper. | "Is a dismissal of a case for want of prosecution not a trial on the merits, and therefore dismissal with prejudice is improper?" | 025040.docx | LEGALEASE-00156699-LEGALEASE-00156700 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re NC & VA Warranty Co., 556 B.R. 182 | 308+1 | Under North Carolina law, there are two essential ingredients in the principal-agent relationship: (1) authority, either express or implied, of the agent to act for the principal, and (2) the principal's control over the agent. | What are the essential ingredients of a principal-agent relationship? | Principal and Agent - Memo 570-SB_63586.docx | ROSS-003295713-ROSS-003295714 |
| Orbison v. Welsh, 242 Ind. 385 | 371+2750 | The payment of a tax is compulsory and not optional, and it entitles taxpayer to receive nothing in return, other than rights of government which are enjoyed by all citizens alike. | Is a tax compulsory and not optional? | 044592.docx | LEGALEASE-00156681-LEGALEASE-00156682 |
| Com. v. Kelley, 444 Pa. Super. 377 | 3.77E+10 | Direct communication of threat between defendant and victim was not required element of crime of making terroristic threats. 18 Pa.C.S.A. S 2706. | Is a direct communication of a threat between defendant and victim a required element of the crime of making terroristic threats? | 046663.docx | LEGALEASE-00156486-LEGALEASE-00156487 |
| Oregon Wild, v. Constance Cummins, 239 F. Supp. 3d 1247 | 411+8 | Forest Service's issuance of annual operating instructions (AOI) to manage livestock grazing in national forest did not violate land and resource management plan for forest, and thus did not violate National Forest Management Act (NFMA), which required all agency actions to comply with adopted forest plans, despite environmental conservation organizations' allegations that grazing was preventing attainment of riparian management objectives (RMO) included in forest plan to protect inland fish, where organizations failed to demonstrate that grazing in forest was the cause of any failure to attain RMOs or that there was any failure to attain RMOs at the watershed level, rather than individual creek level, as required by forest plan, and, although Forest Service failed to attain specific, numerical goals set out in RMOs, the forest plan did not require narrow and rigid application of RMOs, but was aimed at meeting targets over time and Forest Service was on a trajectory to reach targets. Forest and Rangeland Renewable Resources Planning Act of 1974, S 2 et seq., 16 U.S.C.A. S 1600 et seq. | What does National Forest Management Act (NFMA) provides for forest planning and management? | 047639.docx | LEGALEASE-00156661-LEGALEASE-00156662 |
| Allison v. Manzke, 118 Wis. 11 | 38+90 | The assignee of a chose in action stands exactly in the shoes of his assignor. He succeeds to all his rights and privileges, but acquires no greater right than his assignor had in the thing assigned. | Does an assignee have the same rights as the assignor? | 009059.docx | LEGALEASE-00157097-LEGALEASE-00157098 |
| Stiles v. Farrar, 18 Vt. 444 | 83E+484 | The interest of the payee in a note not negotiable may be assigned; and if assigned, and notice thereof is given to the maker, and an action is commenced upon the note in the name of the payee for the benefit of the assignee, the equitable interest of the assignee will be protected at law. This is not now an open question. | Is the equitable interest of the assignee protected by lawupon his giving proper notice? | 009107.docx | LEGALEASE-00157175-LEGALEASE-00157176 |
| Port Fin. Co. v. Ber, 45 So. 2d 404 | 156+52(1) | A plea of equitable estoppel cannot be permitted to prevail when in conflict with and diametrically opposed to the positive written law. LSA-C.C.art.21. | Can estoppel prevail when in conflict with positive written law? | Estoppel - Memo #153 - C - CSS_62354.docx | ROSS-003293714-ROSS-003293715 |
| Campbell v. First Baptist Church of City of Durham, 51 N.C. App. 393 | 315+609 | In an "exchange" of property, specific property is given in consideration of property other than money, although one of the parties may pay a sum of money in addition to the property. | "In an exchange of property, is the consideration received for the property given?" | Exchange of property - Memo 20 - AM_62726.docx | ROSS-003296251-ROSS-003296252 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Webb Mtn, 414 B.R. 308 | 51+2645.1 | Under Bankruptcy Code's definition of "transfer," any transfer of an interest in property is a "transfer," including a transfer of possession, custody, or control even if there is no transfer of title, inasmuch as possession, custody, and control constitute interests in property. 11 U.S.C.A. S 101(54). | "Does possession, custody, and control constitute interests in property?" | 018291.docx | LEGALEASE-00156897-LEGALEASE-00156898 |
| East Lake Creek Ranch, LLP v. Brotman, 998 P.2d 46 | 315+609 | One test for determining whether a transaction constitutes a "sale" or instead an "exchange" is whether there is a fixed value at which the exchange is to be made; if there is a fixed value, it is a sale. | Is there a test to determine whether the transaction constitutes a sale or exchange of property? | Exchange of property - Memo 19 - AM_62575.docx | ROSS-003307093-ROSS-003307094 |
| Stiles v. Graves, 143 A.D.3d 1215 | 307A+690 | Dismissal of action without prejudice permits a plaintiff to relitigate an identical claim to that which has been dismissed. | Does a dismissal of action without prejudice permit a plaintiff to re-litigate an identical claim to that which has been dismissed? | Pretrial Procedure - Memo # 10456 - C - KG_62735.docx | ROSS-003295098-ROSS-003295099 |
| Hutcheson v. Elec. Data Access Techs., 327 S.W.3d 622 | 307A+690 | An involuntary dismissal for a failure to prosecute may be made with prejudice if there is notice and an opportunity to be heard before the dismissal is made; however, dismissal with prejudice implicates due process concerns, requiring notice and an opportunity to be heard. U.S.C.A. Const.Amend. 14. | Can an involuntary dismissal for a failure to prosecute be made with prejudice if there is notice and an opportunity to be heard before the dismissal is made? | 024969.docx | LEGALEASE-00157297-LEGALEASE-00157298 |
| Hickman v. Adams, 35 S.W.3d 120 | 336H+140 | "Dismissal with prejudice" constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. | Does a dismissal with prejudice operate as if the case had been fully tried and decided? | Pretrial Procedure - Memo # 10502 - C - UG_63372.docx | ROSS-003281422-ROSS-003281423 |
| Blake v. Stinson, 5 So. 3d 615 | 307A+694 | The failure of the trial court to address the preclusive effect of an order of dismissal for want of prosecution compels a determination that it operates as an adjudication on the merits. Rules Civ.Proc., Rule 41(b). | Is a dismissal for want of prosecution clearly with prejudice? | Pretrial Procedure - Memo # 10576 - C - DA_62613.docx | ROSS-003279860-ROSS-003279861 |
| Richmond Cty. Bd. of Educ. v. Cowell, 225 N.C. App. 583 | 30+70(5) | The denial of a motion to dismiss is an interlocutory order which is not immediately appealable unless that denial affects a substantial right of the appellant. | Is the denial of a motion to dismiss an interlocutory order? | 025152.docx | LEGALEASE-00157159-LEGALEASE-00157160 |
| Airgrowers v. Tomlinson, 230 Ga. App. 415 | 307A+693.1 | Cross-claim is not subject to dismissal simply because main claim has been dismissed, and, where it can be adjudicated without regard to main claim, cross-claim should be considered even after main claim has been dismissed. | Is a cross-claim not subject to dismissal simply because a main claim has been dismissed? | 025204.docx | LEGALEASE-00157279-LEGALEASE-00157280 |
| Myers v. Cohen, 67 Haw. 389 | 307A+693.1 | Dismissal of a claim for want of prosecution does not dispose of a counterclaim, and a counterclaim may be adjudicated on the merits even where a complaint is dismissed. | Does dismissal of a claim for want of prosecution dispose of a counterclaim? | 025232.docx | LEGALEASE-00156737-LEGALEASE-00156738 |
| Dollarhide v. Bancroft, 2008 WY 113 | 307A+581 | No precise rule may be laid down as to what circumstances justify a dismissal for lack of prosecution; instead, the circumstances surrounding each case must be examined, keeping in mind the conflict between the need for the court to manage its docket for the purpose of preventing undue delay on the one hand, and the policy favoring disposition of cases on the merits on the other hand. Rules Civ.Proc., Rule 41(b); District Courts Uniform Rule 203(c). | Can a precise rule be laid down as to what circumstances justify a dismissal for lack of prosecution? | Pretrial Procedure - Memo # 10730 - C - SK_63261.docx | ROSS-003279296-ROSS-003279297 |
| White v. Revco Disc. Drug Centers, 33 S.W.3d 713 | 231H+25 | An agent may serve two masters simultaneously, so long as the objectives of one master are not contrary to the objectives of the other. Restatement (Second) of Agency S 226. | Can an agent serve two masters simultaneously if the objectives are not contrary? | Principal and Agent - Memo 411 - RK_63531.docx | ROSS-003280799-ROSS-003280800 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hickman v. Barclay's Int'l Realty, 5 So. 3d 804 | 308+1 | It is the right of control, not actual control or descriptive labels employed by the parties, that determines an agency relationship. | Can descriptive labels employed by the parties determine an agency relationship? | Principal and Agent - Memo 418 - RK_63538.docx | ROSS-003281078-ROSS-003281079 |
| Turner v. Bd. of Aviation Comm'rs, 743 N.E.2d 1153 | 308+9 | Agency relationship arises from the consent of the parties in the form of a contractual agreement, but it is not necessary that the contract or the authority of the agent to act be in writing. | Is it necessary that the authority of the agent to act be in writing? | Principal and Agent - Memo 433 - RK_63553.docx | ROSS-003297753-ROSS-003297754 |
| In re Hughes, 513 S.W.3d 28 | 308+1 | For an agency relationship to exist, there must be (1) a meeting of the minds between the parties to establish the relationship, and (2) some act constituting the appointment of the agent. | Should there be meeting of minds between the parties for an agency to exist? | Principal and Agent - Memo 456- PR_63470.docx | ROSS-003283018-ROSS-003283019 |
| Chase v. Kawasaki Motors Corp., U.S.A., 140 F. Supp. 2d 1280 | 308+19 | Under Alabama law, whether an express agency relationship exists depends on whether there is evidence of a retained right of control by the principal over the agent; an agency relationship may not be presumed. | Can express agency exist when there is right of control? | 041855.docx | LEGALEASE-00157574-LEGALEASE-00157575 |
| In re Grabau, 151 B.R. 227 | 65+3 | California Real Estate Act contemplates that someone can act as salesman without necessarily qualifying as real estate broker; in that instance, real estate salesman is merely agent of employing broker. West's Ann.Cal.Bus. & Prof.Code SS 10131, 10131.1-10131.3, 10131.6, 10132. | Who is a real estate salesman? | 041875.docx | LEGALEASE-00157490-LEGALEASE-00157491 |
| Figi Graphics v. Dollar Gen. Corp., 33 F. Supp. 2d 1263 | 308+1 | Critical factor in determining existence of agency relationship is degree of control exercised by principal over agent. | What is the critical factor in determining existence of an agency relationship? | Principal and Agent - Memo 476- PR_63267.docx | ROSS-003296274-ROSS-003296275 |
| Lawrence v. Anheuser-Busch, 523 A.2d 864 | 308+1 | It is essential to agency relationship that principal have right to control work of agent and that agent act primarily for benefit of principal. | Is it essential that the principal have the right to control the work of the agent? | 041932.docx | LEGALEASE-00157740-LEGALEASE-00157741 |
| State, ex rel. Petroleum Underground Storage Tank Release Comp. Bd., v. Withrow, 62 Ohio St. 3d | 371+2002 | It is not possible to come up with single test that will correctly distinguish tax from fee in all situations; what is tax for one inquiry is not necessarily tax under other circumstances. | Is it possible to come up with a single test that will correctly distinguish a tax from a fee? | 044555.docx | LEGALEASE-00157233-LEGALEASE-00157234 |
| People v. Stout, 193 Colo. 466 | 3.77E+13 | Actual subjective fear on part of victim is not a necessary element of crime of menacing. C.R.S. '73, 18-3-206. | Is actual subjective fear on the part of the victim a necessary element of the crime of menacing? | 046716.docx | LEGALEASE-00157309-LEGALEASE-00157310 |
| In re Ricky T., 87 Cal. App. 4th 1132 | 377E+48(2) | If surrounding circumstances can show whether a terrorist threat was made, absence of circumstances can also show that a terrorist threat was not made. West's Ann.Cal.Penal Code S 422. | Can an absence of surrounding circumstances show that a terrorist threat was not made? | 047060.docx | LEGALEASE-00157674-LEGALEASE-00157675 |
| In re Ricky T., 87 Cal. App. 4th 1132 | 3.77E+13 | Term "sustained fear," as used in Penal Code section requiring the prohibited threat be such as to cause a reasonable person to be in sustained fear for his personal safety, is a period of time that extends beyond what is momentary, fleeting, or transitory. West's Ann.Cal.Penal Code S 422. | "What is ""sustained fear"" as used in the Penal Code prohibiting threats?" | 047062.docx | LEGALEASE-00157676-LEGALEASE-00157677 |
| Rouse v. State, 369 N.W.2d 811 | 413+102 | "Employment," for purposes of workers' compensation law, is mutual arrangement between employer and employee under which both give up and gain certain things. I.C.A. SS 85.20, 85.61(2). | "Is employment, under compensation law, a mutual arrangement between employer and employee?" | Worker's Compensation - Memo #632 - C - ANC_63492.docx | ROSS-003293681-ROSS-003293682 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Eeastern. Acceptance Corp. v. Kavlick, 10 N.J. Super. 253 | 83E+430 | Endorsement "without recourse" is not restrictive endorsement but is qualified endorsement which does not impair negotiable character of instrument, and since its purpose is simply to exempt endorser from liability for payment of instrument in event it is dishonored at maturity, its presence does not indicate that endorser's title may be defective. R.S. 7:2-36, 38; R.S. 7:2-36, 38, N.J.S.A. | Is an endorsement without recourse a restrictive endorsement or a qualified endorsement? | 009422.docx | LEGALEASE-00158118-LEGALEASE-00158119 |
| Danco v. Commerce Bank/Shore, N.A., 290 N.J. Super. 211 | 83E+472 | Virgule, when placed between names of two payees on instrument, specifically indicates that alternative endorsement is acceptable, and that payment on an endorsement is proper with signature of either. | What does a virgule when placed between two names indicate? | Bills and Notes-Memo 1164 - AR_63610.docx | ROSS-003292792-ROSS-003292793 |
| F.D.I.C. v. Bank of New York, 479 F. Supp. 2d 1 | 170B+3957 | Federal Deposit Insurance Corporation (FDIC), in action brought against indenture trustee for interests of investors who purchased asset-backed securities from trust established by defunct bank, seeking to enforce its rights to bank's credit card receivables, was entitled to permanent injunction against pending and future proceedings as to central interpleader issue of whether the Master Indenture's ipso facto clause and its early amortization requirement were enforceable, but not as to alternative claim to receivables allegedly not dependent on the enforceability of early amortization; the former issue was already decided, injury to FDIC of having to endure wasteful relitigation would be irreparable, parties had already had a full and fair opportunity to litigate issue, and public interest would be served by avoiding additional lengthy and complex proceedings, but the latter, alternative, claim might present new issues. | Was NextBank established to issue consumer credit cards through the internet? | 013732.docx | LEGALEASE-00158725-LEGALEASE-00158726 |
| Com. v. Baez, 42 Mass. App. Ct. 565 | 35+63.4(1) | To find "breach of the peace" within the meaning of Gorman test for authority of officers to arrest motorists without warrants, act must at least threaten to have some disturbing effect on public. | What does the term breach of the peace mean as an offense? | Disorderly Conduct - Memo 3 - KC_64033.docx | ROSS-003306506-ROSS-003306507 |
| Landry v. Istre, 510 So. 2d 1310 | 322H+1276 | Civil Code articles relative to redhibitory sales are applicable to contracts of exchange. LSA-C.C. art. 2667. | "Do all the Civil Code provisions relative to the contract of sale, that includes redhibitory sales, apply to the contract of exchange?" | 018311.docx | LEGALEASE-00158880-LEGALEASE-00158881 |
| Bank of Augusta v. Earle, 38 U.S. 519 | 183+1 | Franchises are special privileges conferred by government upon individuals, and which do not belong to the citizens of the country generally of common right. It is essential to the character of a franchise that it should be a grant from the sovereign authority, and in this country no franchise can be held which is not derived from the law of the state. | Is franchise a privilege granted by the government? | 018584.docx | LEGALEASE-00158763-LEGALEASE-00158764 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Kahn's Estate, 18 Mo.App. 426 | 289+866 | Rev.St.1879, S 207, provides that any administrator may establish a demand against his intestate in the same manner as other persons. Section 68 provides that the administration of partnership effects shall conform to the administration of other estates, except as otherwise provided. Section 65 declares that, when the surviving partner administers on the partnership effects, he shall have power to pay off claims against the firm without requiring them to be exhibited to the probate court for allowance, and the court shall allow such partner in his settlements all demands he may thus discharge. Held, that the administration of partnership effects by a surviving partner is governed solely by section 65, so that it is not necessary for a surviving partner, administering upon the partnership effects, to exhibit a claim of his own against the firm to the probate court. | Does the administration upon partnership effects conform to administrations in ordinary cases? | 022635.docx | LEGALEASE-00158777-LEGALEASE-00158778 |
| Texas State Bd. of Registration for Prof'l Engineers v. Dalton, Hinds & O'Brien Eng'g Co., 382 S.W.2d 130 | 212+1546 | Allegations of fact in a suit for injunction should be direct, certain and particular and leave nothing to inference, and the petition should contain specific fact allegations showing a right in the pleader, the wrong done by the defendant, and resulting injury. | "Should allegations of fact in a suit for injunction be direct, certain, and particular?" | 023825.docx | LEGALEASE-00158582-LEGALEASE-00158583 |
| Moucha v. Burger King Corp., 450 So. 2d 335 | 307A+561.1 | Affirmative defense appearing on face of complaint may be raised by motion to dismiss complaint. West's F.S.A. RCP Rule 1.110(d). | Will an affirmative defense appearing on face of complaint be raised by motion to dismiss complaint? | Pretrial Procedure - Memo # 10777 - C - NC_63644.docx | ROSS-003280192-ROSS-003280193 |
| Adjustment Specialists v. Collection Bureau of Orlando, 221 So. 2d 443 | 307A+687 | Well-pleaded allegations of complaint are taken as true for purpose of considering motion to dismiss, and affirmative defenses are to be asserted in answer. | Can well-pleaded allegations of complaint be taken as true? | 025469.docx | LEGALEASE-00158448-LEGALEASE-00158449 |
| Gugello v. Select Specialty Hosp.-Tulsa, 143 P.3d 519 | 228+341 | A trial court's term-time power to modify or vacate a judgment is not restricted to specific grounds, statutory or otherwise, and the court's power is almost unlimited; no exceptional circumstances are required. | "Is the term-time power not restricted to specific grounds, statutory or otherwise?" | Pretrial Procedure - Memo # 10852 - C - SHS_63876.docx | ROSS-003282206-ROSS-003282207 |
| Hoffman v. Paracelsus Health Care Corp., 752 So. 2d 1030 | 307A+581 | The law favors trial of issues on the merits, and dismissals for want of prosecution are therefore employed reluctantly. Rules Civ.Proc., Rule 41(b). | "Because the law favors a trial on the merits, should a dismissal with prejudice be executed reluctantly?" | 025633.docx | LEGALEASE-00158711-LEGALEASE-00158712 |
| Allstate Ins. Co. v. Anderson, 329 Ill. App. 3d 93 | 307A+693.1 | A dismissal for want of prosecution is ordinarily not a final order because of plaintiff's right to refile under Code of Civil Procedure; when the time for refiling expires, the litigation is terminated and the order is final. S.H.A. 735 ILCS 5/13-217. | Are dismissals for want of prosecution not final orders? | Pretrial Procedure - Memo # 10990 - C - NS_64113.docx | ROSS-003296245-ROSS-003296246 |
| Butler v. Mayer, Brown & Platt, 301 Ill. App. 3d 919 | 307A+679 | In ruling on motion to dismiss, court must accept as true all well-pleaded facts in plaintiff's complaint and all inferences that can reasonably be drawn in his favor. S.H.A. 735 ILCS 5/2-619. | Can a complaint be dismissed when the defendant is entitled to judgment as a matter of law? | 025901.docx | LEGALEASE-00158120-LEGALEASE-00158121 |
| Jai Borchers v. Franciscan Tertiary Province of Sacred Heart, 2011 IL App (2d) 101257 | 30+3200 | Motions to dismiss based upon certain defects or defenses present a question of law, and appellate court reviews rulings thereon de novo. S.H.A. 735 ILCS 5/2-619. | Would motions to dismiss present a question of law? | Pretrial Procedure - Memo # 11096 - C - DA.docx | LEGALEASE-00048601-LEGALEASE-00048602 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| McClung's Ex'rs v. Spotswood, 19 Ala. 165 | 308+92(3) | When authority is given to an agent to do a particular act, and the manner of executing that authority is not prescribed, the principal is bound by the act of the agent, although it may not be done in the manner in which he desired it to be done, or in which he would himself have done it. | Can a party be affected or when dealing with an agent given authority to do an act when mode or manner of executing the authority is not expressed even to the agent himself? | 041675.docx | LEGALEASE-00158926-LEGALEASE-00158927 |
| Townsend v. Shipley, 29 Ariz. 96 | 308+23(4) | Evidence that plaintiff purchased land of defendant, held under option unknown to plaintiff, with no showing of employment of defendant to make purchase, and only contract proved was one of purchase and sale with parties treating each other as vendor and vendee, held to show that relation of "agency," which imports commercial dealings between two parties, through medium of another, did not exist. | Does agency always import commercial dealings between two parties by and through the medium of another? | Principal and Agent - Memo 396 - RK_63952.docx | ROSS-003305380-ROSS-003305381 |
| Arsand v. City of Franklin, 83 Wis. 2d 40 | 308+159(1) | An agent may or may not be a servant; if he is not a servant, his principal is not vicariously liable for his negligent physical conduct except under certain circumstances. | When is a principal not vicariously liable for the negligence of his agent? | Principal and Agent - Memo 403 - RK_63958.docx | ROSS-003293576-ROSS-003293577 |
| Fischer v. Machado, 50 Cal. App. 4th 1069 | 308+1 | Existence of fiduciary relation modifies all agency agreements and creates rules which do not apply to contracts in which one party is not agent for other. | What rules does the existence of a fiduciary relationship create? | Principal and Agent - Memo 531 - RK_63989.docx | ROSS-003309047-ROSS-003309048 |
| In re Mario S., 38 Misc. 3d 444 | 24+179 | Juvenile court's function in deciding motion for special findings which would permit juvenile to file application for adjustment of status as a special immigrant juvenile (SIJ) is limited in scope: court must determine whether, under state law, juvenile is under age 21, unmarried, dependent upon court through order of placement or other court order, whether reunification with one or both parents is not possible due to abuse, neglect, or abandonment, and whether it would be contrary to juvenile's best interest to be returned to his or her previous country of nationality, and court need not determine any other issues, such as juvenile's motivation in moving for required findings, whether allowing particular child to remain in the country might pose threat to public safety, or whether United States Customs and Immigration Services (USCIS), the federal agency charged with enforcing immigration laws, may or may not grant juvenile's application for adjustment of status as a SIJ. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J); 8 C.F.R. S 204.11(c). | Should the juvenile court determine what the juvenile's motivation in making an application might be? | "Aliens, Immigration and Citizenship - Memo 124 - RK_64766.docx" | ROSS-003292457-ROSS-003292458 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Mario S., 38 Misc. 3d 444 | 24+179 | Under the current special immigrant juvenile (SIJ) provisions of the Immigration and Nationality Act (INA), in order to be eligible to petition the federal government for SIJ status, the resident alien must be under age 21 and unmarried, he or she must have been declared dependent upon a state juvenile court, and the juvenile court must have made two additional findings: (1) that reunification with one or both of the alien's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under state law, and (2) that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | "Has Congress removed the requirement that a state juvenile court find that a juvenile is eligible for long-term foster care because of abuse, neglect, or abandonment?" | "Aliens, Immigration and Citizenship - Memo 136 - RK_64776.docx" | ROSS-003296595-ROSS-003296596 |
| In re Sing W.C., 83 A.D.3d 84 | 24+179 | The appointment of a guardian constitutes the necessary declaration of dependency on a juvenile court required for a juvenile to be eligible for special immigrant juvenile status. Immigration and Nationality Act, S 101(a)(27)(J)(i), 8 U.S.C.A. S 1101(a)(27)(J)(i); 8 C.F.R. S 204.11(c). | Is it required than an alien be under the age of 21 in order to be eligible for Special Immigrant Juvenile (SIJ) status? | 006892.docx | LEGALEASE-00160116-LEGALEASE-00160117 |
| Walling v. Cushman, 238 Mass. 62 | 8.30E+10 | The maker of a note is ordinarily deemed to have bound himself in accordance with the laws of the place where it is payable and his contract is to be performed. | Is the maker of a note bound by the law of the place where the note is payable? | 009271.docx | LEGALEASE-00160415-LEGALEASE-00160416 |
| Johnston v. Gawtry, 83 Mo. 339 | 8.30E+10 | The state in which a note is made payable, and in which it is delivered in consummation of a bargain, is the place of the contract. | Is the state where the note is payable and is delivered in consummation of a bargain the place of contract? | Bills and Notes-Memo 1404- JK_64843.docx | ROSS-003308200-ROSS-003308201 |
| People v. Carcel, 3 N.Y.2d 327 | 129+132 | Under subdivision of disorderly conduct statute proscribing as such conduct persons who congregate with others on a public street and refuse to move on when ordered by police, term "congregates with others" requires at the very least three persons assembling at a given time and place. Penal Law, S 722 and subd. 3. | Does assemblage of at least three persons constitute congregate with others? | 014353.docx | LEGALEASE-00159424-LEGALEASE-00159425 |
| Trustees of Univ. of Alabama v. Winston, 5 Stew. & P. 17 | 141E+990 | The President and Trustees of the University of Alabama constitute a public corporation, and their charter may be altered, amended, or repealed by the legislature, at pleasure. | Does a university constitute a public corporation? | 017144.docx | LEGALEASE-00159864-LEGALEASE-00159865 |
| Fisher v. Bd. of Regents of Univ. of Nebraska, 108 Neb. 666 | 141E+1011 | The Constitution of 1875, by adopting the University of Nebraska as a state institution under a charter declaring a purpose "to afford to the inhabitants of this state the means of acquiring a thorough knowledge of the various branches of literature, science, and the arts", (Laws 1869, p. 172, S 2), and by vesting its general government in a board of regents under the direction of the Legislature, did not prohibit the latter from imposing new and additional duties on the regents or from requiring them to establish and conduct a plant for the manufacture and distribution of hog cholera serum. | Are there limitations on legislative power over a university? | 017146.docx | LEGALEASE-00159879-LEGALEASE-00159880 |
| Witherell v. Kelly, 195 A.D. 227 | 156+52.15 | An equitable estoppel need not rest upon a consideration, agreement, or legal obligation. | "MEMORANDUM # 1731. QuestionMust an equitable estoppel rest upon a consideration, agreement, or legal obligation?" | Estoppel - Memo #173 - C - CSS.docx | LEGALEASE-00049290-LEGALEASE-00049291 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cochran v. Ozark Country Club, 339 So. 2d 1023 | 156+52(5) | Plaintiff cannot, by way of estoppel, endow with validity a transaction which is illegal and against public policy. | Can one by way of estoppel endow with validity a transaction which is illegal and against public policy? | Estoppel - Memo #200 - CSS_64537.docx | ROSS-003280135-ROSS-003280136 |
| Peoples Bank & Tr. Co. v. Fid. & Cas. Co. of N. Y., 231 N.C. 510 | 170+113 | "False pretense" is heart of forgery and principal difference between the two is that forgery exclusively pertains to a writing, while false pretense covers fraudulent deceits by parol. | How is false pretense different from forgery? | 018435.docx | LEGALEASE-00159850-LEGALEASE-00159851 |
| Gordon's Const. & Landfill v. Iberia Par. Gov't, 815 So. 2d 991 | 183+4 | Generally, the claim that an exclusive franchise or privilege has been acquired is not regarded favorably, and in the absence of an express provision to that effect, grants of franchises are not construed to be grants of exclusive privileges; exclusive franchise does not arise by implication. | Are exclusive franchises favored under law? | 018498.docx | LEGALEASE-00159980-LEGALEASE-00159981 |
| Gordon's Const. & Landfill v. Iberia Par. Gov't, 815 So. 2d 991 | 183+4 | In effect, the grantor of an exclusive franchise removes from itself the power and authority to grant similar rights to others or to permit others to engage in the same activity for which the exclusive franchise was awarded. LSA-R.S. 33:4169.1. | What are exclusive franchises? | Franchise - Memo 36 - KNR_64632.docx | ROSS-003293434-ROSS-003293435 |
| Neils v. City of Seattle, 185 Wash. 269 | 183+2 | Power to grant franchises is a sovereign power, resting in state, and may be delegated by state, but it is not within powers of cities unless expressly delegated to them by state. | Can the power to grant franchises be delegated by the State? | 018510.docx | LEGALEASE-00160044-LEGALEASE-00160045 |
| People v. Union Tr. Bank, 406 Ill. 208 | 106+219.10(5) | To authorize direct appeal to Supreme Court on ground that franchise is involved, there must be question as to validity or existence of corporation or franchise or right to exercise privileges of franchise. S.H.A. ch. 110, S 199. | Is the right to be a corporation a franchise? | 018521.docx | LEGALEASE-00159797-LEGALEASE-00159798 |
| Cohen v. Vill. of Kensington, 61 Misc. 2d 122 | 371+2233 | Corporation's agreement to install and maintain new street lighting system on village realty and lease it to village for period of ten years did not result in "special franchise" taxable under Real Property Tax Law. Real Property Tax Law S 102, subd. 17. | What does the term special franchise with regard to real property tax law imply? | Franchises - Memo 17 - KNR_65689.docx | ROSS-003295010-ROSS-003295011 |
| Hatch's Estate v. C.I.R., 198 F.2d 26 | 220+3933.1 | For income tax purposes, sale of partnership interest in going concern should be treated as sale of capital asset, if the transaction in substance and effect, as distinguished from form and appearance, is essentially the sale of a partnership interest. 26 U.S.C.A. (I.R.C.1954) S 1202. | Should the sale of a partnership asset be treated as the sale of a capital asset? | 022556.docx | LEGALEASE-00160242-LEGALEASE-00160243 |
| Geiselman v. Anderson, 242 S.W. 798 | 289+768 | Allegations of partnership can be controverted only by a special plea, denying under oath the fact of the partnership, and, unless so denied, such allegations are taken as confessed. | Can allegations of a partnership be taken as confessed if not denied under oath? | 022604.docx | LEGALEASE-00160110-LEGALEASE-00160111 |
| Anchor Centre Partners, Ltd. v. Mercantile Bank, N.A., 803 S.W.2d 23 | 289+535 | Partner is agent of partnership for purposes of its business, and rights and liabilities of partner to other partners and third parties is largely determined by principles of agency. V.A.M.S. SS 358.040, subd. 3, 358.090, subd. 1. | Does the principle of agency govern a partners liability? | Partnership - Memo 547 - GP_64573.docx | ROSS-003280786-ROSS-003280787 |
| BLDG Mgmt. Co. v. Meija, 32 Misc. 3d 652 | 388+14 | Rule governing calendar defaults, restorations, and dismissals is applicable to Housing Court proceedings. N.Y.Ct.Rules, S 208.14. | "Is the rule governing calendar defaults, restorations, and dismissals applicable to Housing Court proceedings?" | 039731.docx | LEGALEASE-00159284-LEGALEASE-00159285 |
| Salvi v. Vill. of Lake Zurich, 2016 IL App (2d) 150249 | 307A+622 | A motion to dismiss on the pleadings challenges the legal sufficiency of a complaint, based on defects apparent on its face, whereas a motion for involuntary dismissal admits the legal sufficiency of the complaint but asserts some other matter that defeats the claim. S.H.A. 735 ILCS 5/2-615, 5/2-619. | Does a motion to dismiss on the pleadings challenge the complaint's legal sufficiency? | 039885.docx | LEGALEASE-00159746-LEGALEASE-00159747 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Salvi v. Vill. of Lake Zurich, 2016 IL App (2d) 150249 | 307A+622 | A motion to dismiss on the pleadings challenges the legal sufficiency of a complaint, based on defects apparent on its face, whereas a motion for involuntary dismissal admits the legal sufficiency of the complaint but asserts some other matter that defeats the claim. S.H.A. 735 ILCS 5/2-615, 5/2-619. | Does a motion to dismiss on the pleadings challenge the complaint's legal sufficiency? | Pretrial Procedure - Memo 11374 - C - RF.docx | LEGALEASE-00049910-LEGALEASE-00049911 |
| Lloyd Noland Found. v. HealthSouth Corp., 979 So. 2d 784 | 307A+561.1 | Dismissal for failure to state a claim can be obtained on the basis of an affirmative defense when the affirmative defense appears clearly on the face of the pleading. Rules Civ.Proc., Rule 12(b)(6). | Can a dismissal be obtained when the affirmative defense appears clearly on the face of the pleading? | 039937.docx | LEGALEASE-00159626-LEGALEASE-00159627 |
| Del-Val Elec. Inspection Serv. v. Stroudsburg-E. Stroudsburg Zoning & Codes Office, 100 Pa. Cmwlth. 429 | 307A+583 | Grant of petition for non pros rests with sound discretion of trial court. | Does the grant of petition for non pros rest with sound discretion of trial court? | 040533.docx | LEGALEASE-00160234-LEGALEASE-00160235 |
| Bridges v. Prod. Operators, 974 So. 2d 54 | 371+3602 | The Louisiana sales and use tax is an excise tax, which is imposed upon the transaction itself, not the property involved in the transaction. | Is sales and use tax an excise tax that is imposed upon a transaction? | 046206.docx | LEGALEASE-00160014-LEGALEASE-00160015 |
| DaimlerChrysler Servs. N. Am. v. Arizona Dep't of Revenue, 210 Ariz. 297 | 371+3604 | Gross receipts taxes are on the gross receipts from sales payable by the seller, in contrast to sales taxes, which are also levied on the gross receipts from sales but are payable by the buyer, although they are collected by the seller and remitted to the taxing entity. | What are gross receipts taxes? | Taxation - Memo 1099 - C - SU_65676.docx | ROSS-003293023 |
| Durant v. State, 222 Ga. App. 872 | 3.77E+35 | Under aggravated stalking law which requires, inter alia, making nonconsensual contact with another person for the purpose of harassing and intimidating the other person, "contact" means to get in touch with and communicate with another person. O.C.G.A. S 16-5-91(a). | "What does ""contact"" mean under aggravated stalking laws in regards to nonconsensual contact for the purpose of harassing and intimidating the other person?" | 046910.docx | LEGALEASE-00160292-LEGALEASE-00160293 |
| Light v. United States, 220 U.S. 523 | 92+2412 | Legislative power was not unconstitutionally delegated to the Secretary of Agriculture by the provisions of the forest reserve act (Act June 4, 1897, c. 2, 30 Stat. 35 and Act Feb. 1, 1905, c. 288, S 5, 33 Stat. 628), making criminal the violation of the rules and regulations covering forest reservations, made and promulgated by him under authority of those statutes. | Is the Secretary of Agriculture authorized to make provisions for the protection against destruction by fire and depredations of the public forest and forest reservations? | Woods and Forests - Memo 10-ANM_64528.docx | ROSS-003309220-ROSS-003309221 |
| Aiken Bag Corp. v. McLeod, 89 Ga. App. 737 | 8.30E+76 | A check is a mere order upon a bank to pay from the drawer's account and is subject to revocation by drawer at any time before it has been certified, accepted, or paid by the bank. Code, S 14-1707. | Can a check be revoked before it has been paid by the bank? | 010555.docx | LEGALEASE-00160791-LEGALEASE-00160792 |
| United States v. Reyes, 239 F.3d 722 | 110+1152.21(1) | Court of Appeals reviews district court's refusal to give requested jury instruction for abuse of discretion. | Did the district court abuse its discretion in refusing to instruct the jury on positional predisposition in prosecution for bribery? | 012541.docx | LEGALEASE-00161705-LEGALEASE-00161706 |
| Hudson v. Sch. Dist. No. 1, Lancaster Cty., 5 Neb. App. 908 | 135H+25 | Civil penalty may constitute "punishment" for purpose of double jeopardy analysis. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 12. | "Can a civil penalty constitute ""punishment"" for a purpose of double jeopardy analysis?" | 015156.docx | LEGALEASE-00160592-LEGALEASE-00160593 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. $455,273.72 in Funds from Bank of Am. Checking Account #~£0019-2067-7376 held in the name of the Voice of Soc. Concern Ass'n, 813 F. Supp. 2d 124 | 135H+25 | In rem civil forfeitures are neither punishment nor criminal for purposes of the Double Jeopardy Clause. U.S.C.A. Const.Amend. 5; 18 U.S.C.A. SS 981, 985. | "Is an in rem civil forfeiture ""punishment"" for double jeopardy purposes?" | Double Jeopardy - Memo 93 - C - NS_65733.docx | ROSS-003320897-ROSS-003320898 |
| Groves v. Prickett, 420 F.2d 1119 | 156+52.10(1) | Waiver can be employed only for defensive purposes, and although it can preclude assertion of rights it cannot be used to impose legal duties. | Can waiver be used to impose legal duties? | 018106.docx | LEGALEASE-00161227-LEGALEASE-00161228 |
| Clear Lake Ctr. v. Garden Ridge, 416 S.W.3d 527 | 156+52.10(3) | The elements of waiver include: (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right. | What are the elements of waiver? | 018114.docx | LEGALEASE-00161271-LEGALEASE-00161272 |
| Moss v. Aetna Life Ins. Co., 73 F.2d 339 | 156+52.10(2) | Waiver must be supported by agreement founded on valuable consideration, in absence of conduct creating estoppel. | Should waiver be supported by an agreement founded upon valuable consideration? | Estoppel - Memo 264 - C - CSS_65743.docx | ROSS-003279419-ROSS-003279420 |
| Barker & Bratton Steel Works v. N. River Ins. Co., 541 S.W.2d 294 | 257+157(7) | Conversation wherein officer for steel fabricator allegedly agreed to delivery of materials, prior to time mechanic's lien affidavit was due or filed, once officer for general contractor stated that surety had agreed to pay fabricator's claim for materials supplied was not evidence of an intentional relinquishment of rights or of conduct warranting an inference of such relinquishment by owner, contractor or surety and, hence, was not evidence of a waiver by owner, contractor or surety of defect appearing in mechanic's lien affidavit or timely filing thereof. Vernon's Ann.Civ.St. arts. 5453, 5472d. | Is waiver such conduct as warrants inference of the relinquishment of a right? | 018178.docx | LEGALEASE-00161876-LEGALEASE-00161877 |
| Paret v. Louisiana Highway Comm'n, 178 La. 454 | 200+79.5 | Police jury widening road acquired only servitude over strips of land on each side of old road, and nonuse of one strip, for over ten years, together with use by fee owner, barred public's right to servitude. Rev.St. SS 3369, 3370; Civ.Code, arts. 658, 789. | Does the opening or laying out of a road vest in the Police Jury a right of passage over the land? | 018833.docx | LEGALEASE-00161757-LEGALEASE-00161758 |
| Perry v. Lee Cty., 71 Ark. App. 47 | 200+77(2) | County court did not have jurisdiction over petition to open county road, where only six freeholders, rather than the requisite ten freeholders, signed petition. A.C.A. SS 14-298-103(a), 14-298-117(a). | Does a petition to open a county road have to be signed by ten freeholders of the county? | Highways - Memo 440 - RK_66341.docx | ROSS-003281179-ROSS-003281180 |
| Bloebaum v. Gen. Am. Life Ins. Co., 734 S.W.2d 539 | 217+1012 | Medical and hospital expense insurance is not insurance in usual sense, providing benefits upon occurrence of an event; it is by definition contract of indemnity, intended to indemnify and hold insured harmless from obligations he is by law compelled to pay. | "Are medical and hospital expense insurance, insurance in the usual sense? " | Insurance - Memo 114 - SNJ_65771.docx | ROSS-003292732-ROSS-003292733 |
| Stephanz v. Laird, 846 S.W.2d 895 | 289+453 | Persons who intend to do things that constitute partnership are partners whether their expressed purpose was to create or avoid relationship. | "If the parties intend to do things that constitute a partnership, are they partners?" | 022666.docx | LEGALEASE-00161315-LEGALEASE-00161316 |
| Harris v. Johnson, 218 Ill. App. 3d 588 | 302+8(1) | To state cause of action properly, complaint must contain facts and not merely conclusions; cause of action will be dismissed if complaint contains mere conclusions unsupported by facts. | "Should a complaint contain facts, to state a cause of action properly?" | Pleading - Memo 607 - RMM_65792.docx | ROSS-003282596-ROSS-003282597 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Moore v. Sergi, 38 Conn. App. 829 | 302+38.5 | The purpose of the complaint is to limit the issues to be decided at the trial of a case and to prevent surprise. | "Are limiting the issues to be decided at the trial and preventing surprise, purposes of a complaint?" | Pleading - Memo 617 - RMM_65802.docx | ROSS-003281965-ROSS-003281966 |
| Prairie View A & M Univ. of Texas v. Mitchell, 27 S.W.3d 323 | 307A+695 | It is not proper to dismiss an action when a legitimate pleading amendment will demonstrate the court's jurisdiction. | Does an appellate court not dismiss an action where a legitimate pleading amendment will demonstrate jurisdiction? | 040229.docx | LEGALEASE-00161663-LEGALEASE-00161664 |
| Lane v. Lensmeyer, 158 S.W.3d 218 | 307A+696.1 | Once a petition is dismissed with prejudice, the trial court is powerless to reinstate it, including the filing of an amended petition. | "Once a petition is dismissed with prejudice, is the trial court powerless to reinstate it?" | Pretrial Procedure - Memo 11600 - C - SKG_65616.docx | ROSS-003278860-ROSS-003278861 |
| Griffiths v. Helvering, 308 U.S. 355 | 220+3056 | Taxation is not so much concerned with the refinements of title as it is with actual command over property taxed, that is, the actual benefit for which the tax is paid, and it makes no difference that such command may be exercised through specific retention of legal title or the creation of a new equitable but controlled interest or the maintenance of effective benefit through the interposition of a subservient agency. | Is taxation concerned with the actual command over the property taxed? | 046295.docx | LEGALEASE-00161689-LEGALEASE-00161690 |
| City of Zanesville v. Richards, 5 Ohio St. 589 | 371+2003 | Without express authority of law, no tax for state, county, township, or corporate purposes can be levied. | Can tax be levied without express authority of law? | Taxation - Memo 1151 - C - JL_65485.docx | ROSS-003279171 |
| Ajabu v. State, 677 N.E.2d 1035 | 3.77E+11 | Word "communicate," as used in intimidation statute, encompasses those threats made known or transmitted to another person, and no requirement exists that threat be communicated directly to victim in order to support conviction. West's A.I.C. 35-45-2-1. | "What threats does the word ""communicate,"" as used in the intimidation statute, encompass?" | 046955.docx | LEGALEASE-00161000-LEGALEASE-00161001 |
| Walling v. Cushman, 238 Mass. 62 | 8.30E+11 | Contract of indorsement being new and separate, its validity is determined generally by laws of state where made, and presumption of common law formulated in Negotiable Instruments Law is that unless contrary appears, indorsement is prima facie made at place where instrument is dated; and in suit against administrators of married woman who indorsed note dated and payable at Denver, Colo., it appearing that one note was made and indorsed in Illinois, there being no showing where others were made and indorsed, domicile of decedent was immaterial to her liability. | Does the law of the place determine the validity of a contract of indorsement? | 009177.docx | LEGALEASE-00162670-LEGALEASE-00162671 |
| Guernsey v. Imperial Bank of Canada, 188 F. 300 | 8.30E+14 | The laws of the place where an indorsement is signed or is delivered so that it becomes a contract govern the necessity of some presentment, demand, and notice of dishonor. | Which law governs the validity and extent of the contract when the indorsement is delivered? | Bills and Notes - Memo 1332 - RK_66235.docx | ROSS-003294252-ROSS-003294253 |
| Corbin Russwin v. Alexander's Hardware, 147 N.C. App. 722 | 95+129(1) | "Forum selection clause" designates the venue of any potential conflict arising out of a contract, whereas a "consent to jurisdiction clause" waives personal jurisdiction and venue, and a "choice of law clause" designates the law to be applied. | Does the choice of law clause designate the law to be applied? | Bills and Notes - Memo 1339 - RK_66242.docx | ROSS-003323536-ROSS-003323537 |
| Nelson v. JPMorgan Chase Bank, N.A. | 172H+1584 | Real Estate Settlement Procedures Act (RESPA) provides no private right of action for technical violations of its disclosure mandates. Real Estate Settlement Procedures Act of 1974, S 2 et seq., 12 U.S.C.A. S 2601 et seq. | Does RESPA provide a private right of action for technical violations of its disclosure mandates? | Consumer Credit - Memo 232 - RK_66301.docx | ROSS-003293835-ROSS-003293836 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Clementi, 70 F.3d 997 | 135H+25 | Double jeopardy does not attach to forfeiture of firearms found in possession of felon, as it is not punishment to take from a criminal that which law forbids him to possess. U.S.C.A. Const.Amend. 5; 18 U.S.C.A. SS 922(g)(1), 924(d). | Does double jeopardy not attach to forfeiture of firearms found in possession of a felon? | Double Jeopardy - Memo 120 - C - BP_65899.docx | ROSS-003279631 |
| T.M. on behalf of T.M. v. Quakertown Cmty. Sch. Dist., 251 F. Supp. 3d 792 | 141E+878 | School district placed elementary-aged autistic student in least restrictive environment capable of providing meaningful educational benefit under IDEA, although district did not implement recommendation of parents' evaluator in its entirety to reduce mainstreaming in favor of increase in one-on-one programming; evaluator's recommendation lacked details, student benefited from, and was making progress in, socialization, district adopted many recommended annual goals and plans, if one-on-one programming were implemented during school hours specially designed instruction would have required significant changes, district ensured regular contact with non-disabled peers and access to general education environment, and IEPs tracked progress with increasing and developing socialization opportunities. Individuals with Disabilities Education Act S 612, 20 U.S.C.A. S 1412(a)(5)(A). | Are school districts required to create an individualized education plan for disabled students under IDEA? | Education - Memo 333 - C - HJ.docx | LEGALEASE-00051889-LEGALEASE-00051891 |
| Regents of Univ. of Minnesota v. Lord, 257 N.W.2d 796 | 141E+998 | While legislature cannot place conditions on appropriations made to University of Minnesota for any purpose which would intrude on internal control and management of University by board of regents, legislature has power to impose reasonable conditions on use of funds appropriated by it to University if conditions are limited in scope and will promote general welfare. | Can the legislature impose reasonable conditions on the use of university funds? | 017264.docx | LEGALEASE-00162116-LEGALEASE-00162117 |
| Addicks Servs. v. GGP-Bridgeland, LP, 596 F.3d 286 | 156+52.10(3) | Silence or inaction, for so long a period as to show an intention to yield the known right, is enough to prove waiver, under Texas law. | Is silence or inaction enough to prove waiver? | 018196.docx | LEGALEASE-00161914-LEGALEASE-00161915 |
| Estate of Dormaier ex rel. Dormaier v. Columbia Basin Anesthesia, P.L.L.C., 177 Wash. App. 828 | 302+49 | A complaint must identify the legal theory upon which the plaintiff seeks relief. CR 8. | Should a complaint identify the legal theory upon which the plaintiff seeks relief? | Pleading - Memo 624-RMM_66424.docx | ROSS-003279619-ROSS-003279620 |
| Cepero v. Bank of New York Mellon Tr. Co., 189 So. 3d 204 | 266+1781 | Mortgagors did not waive claim of insufficiency of service of process in foreclosure action, even though mortgagors moved to dismiss without asserting claim of insufficiency, made discovery requests, and moved for extension of time to file answer, where mortgagors asserted claim of insufficiency prior to court ruling on motion to dismiss, mortgagors' requests were not requests for affirmative relief, and mortgagors were never called on to answer complaint. West's F.S.A. RCP Rule 1.140(b). | "Where the initial motion to dismiss does not include a claim of lack of jurisdiction or insufficiency of service of process, are those claims waived?" | Pretrial Procedure - Memo 11535 - C - NS_65973.docx | ROSS-003311525-ROSS-003311526 |
| Mississippi Baptist Med. Ctr. v. Powell ex rel. Powell, 101 So. 3d 694 | 307A+697 | Mere denial of receipt of notice of dismissal for failure to prosecute a claim is insufficient to create a triable issue of fact in a subsequent lawsuit. Rules Civ.Proc., Rule 41(b). | Is a mere denial of a receipt insufficient to create a triable issue of fact in a subsequent lawsuit? | Pretrial Procedure - Memo 11809 - C - MS_66437.docx | ROSS-003294211-ROSS-003294212 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Esslinger v. Sun Ref. & Mktg. Co., 379 Pa. Super. 69 | 307A+697 | Judgment of non pros may only be stricken when there are defects apparent on face of record. | Can a judgment of non pros only be stricken when there are defects apparent on a face of record? | 040597.docx | LEGALEASE-00162340-LEGALEASE-00162341 |
| Richmond Cty. Bus. Ass'n v. Richmond Cty., 224 Ga. 854 | 104+190.1 | If there is any doubt as to power of county to tax in particular instance, it must be resolved in the negative. | "If there is any doubt as to the power of the county to tax in a particular instance, should it be resolved in the negative?" | Taxation - Memo 1007 - C - JL_66470.docx | ROSS-003284442-ROSS-003284443 |
| In re State Tax on Foreign-Held Bonds, 82 U.S. 300 | 371+2068 | The power of taxation of a state is limited to persons, property, and business within her jurisdiction. All taxations must relate to one of these subjects. | "Is the power of taxation of a state limited to persons, property, and business?" | 046378.docx | LEGALEASE-00162088-LEGALEASE-00162089 |
| Am. Oil Co. v. Neill, 380 U.S. 451 | 371+2008 | When a tax is imposed on an out-of-state vendor, "nexus" between the taxing state and the taxpayer is the outstanding prerequisite of state power to tax, and consistent with such requirement there must be some definite link, some minimum connection, between a state and the person, property or transaction it seeks to tax. | What is the prerequisite on state power to tax where a tax is imposed on an out-of-state vendor? | 046384.docx | LEGALEASE-00162099-LEGALEASE-00162101 |
| Am. Fid. Fire Ins. Co. v. State Bd. of Equalization, 34 Cal. App. 3d 51 | 371+3602 | Sales tax is an excise tax levied for privilege of conducting retail business in California. West's Ann.Rev. & Tax.Code, SS 6001-7176. | Is sales tax an excise tax levied for the privilege of conducting retail business? | 046413.docx | LEGALEASE-00162522-LEGALEASE-00162523 |
| GenOn Mid-Atl. v. Montgomery Cty., Md., 650 F.3d 1021 | 170B+2036 | In determining whether charge is "tax," for purposes of Tax Injunction Act, court should consider: (1) what entity imposes charge; (2) what population is subject to charge; and (3) what purposes are served by use of monies obtained by charge. 28 U.S.C.A. S 1341. | What are the three factors that the courts look to when determining whether a particular charge is a fee or a tax? | 046651.docx | LEGALEASE-00162438-LEGALEASE-00162439 |
| Guernsey v. Imperial Bank of Canada, 188 F. 300 | 8.30E+14 | The manner of giving and sufficiency of notice of dishonor is governed by the laws of the place where the note is payable. | Does the law of the place where a note is payable govern the manner of giving notice? | 009237.docx | LEGALEASE-00162785-LEGALEASE-00162786 |
| United States v. Le Duc, 48 F.2d 789 | 34+79(21) | Burden of proof to establish permanent and total disability while war risk term policy was in effect is upon plaintiff. | Who has the burden of proof to establish permanent and total disability while an insurance policy was in effect? | Armed Services - Memo 353 - RK_66873.docx | ROSS-003280284-ROSS-003280285 |
| Daskam v. Ullman, 74 Wis. 474 | 38+97 | By the assignment of a contract in writing at its face value, the assignor impliedly warrants that the maker is liable, unless the contrary clearly appears. | Is a maker liable upon an instrument when the assignor impliedly warrants the same? | 009316.docx | LEGALEASE-00162973-LEGALEASE-00162974 |
| Sawgrass Builders v. Realty Co-op., 172 Ga. App. 324 | 83E+695 | A check is an unconditional promise to pay and a stop payment order does not discharge the maker's liability on the check. | Does a stop payment order discharge the maker's liability on a check? | Bills and Notes - Memo 1450 - RK_66508.docx | ROSS-003285252 |
| First Nat. Bank & Tr. Co. of Augusta v. Georgia R.R. Bank & Tr. Co., 238 Ga. 693 | 8.30E+76 | Once check had been acted upon by drawee bank, its drawer no longer had authority to stop payment. Code, SS 109A-4-303, 109A-4-403. | Does a drawer have authority to stop payment on a check that hasbeen acted upon by a bank? | 009337.docx | LEGALEASE-00163025-LEGALEASE-00163026 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Washington, 106 F.3d 983 | 63+14 | Instruction that defendant could be convicted of bribery if he accepted a thing of value corruptly in return for being influenced to omit an act in violation of his official duty as police officer was supported by evidence that he thought undercover officer was a drug dealer, yet did not arrest him, begin investigation into his activities, or report him to the police department and that he accepted a bribe rather than taking appropriate police procedures and arresting undercover officer or making some type of report. | What are the essential elements for jury instruction in order to convict for bribery? | 012571.docx | LEGALEASE-00162911-LEGALEASE-00162912 |
| Kotche v. Cty. Bd. of Winnebago Cty., 87 Ill. App. 3d 1127 | 79+6 | Actions of county board in controlling hiring and firing and conditions of employment of employees of clerk of circuit court were not within the board's budgetary and statutory authority. S.H.A. ch. 25, SS 9, 27.3; ch. 34, S 432. | "Does the Clerks of Court Act empower county boards to control the hiring, firing, promotion, or compensation of deputy clerks hired by the circuit court?" | 013581.docx | LEGALEASE-00164104-LEGALEASE-00164105 |
| United States v. Simonetti, 998 F.2d 39 | 135H+99 | Retrial after properly declared mistrial does not automatically offend double jeopardy clause; instead, retrial is permissible after mistrial is declared over defendant's objection if mistrial was justified by manifest necessity. U.S.C.A. Const.Amend. 5. | Is a Double Jeopardy Clause not offended when the State seeks to retry a defendant after a series of properly declared mistrials? | Double Jeopardy - Memo 356 - C - SHS_66634.docx | ROSS-003293144-ROSS-003293145 |
| State v. Storer, 368 S.W.3d 293 | 135H+95.1 | Dismissal filed after a jury has been impaneled and sworn is with prejudice, pursuant to statute, unless the defendant has consented to having the case dismissed without prejudice. V.A.M.S. S 56.087(2, 4). | When does a dismissal filed after a jury has been impaneled and sworn is with prejudice? | 015415.docx | LEGALEASE-00163473-LEGALEASE-00163474 |
| State v. Battle, 279 N.C. 484 | 135H+95.1 | Generally, an order of mistrial in a criminal case will not support a plea of former jeopardy. G.S. SS 7A-31(b) (4), 14-89.1. | Does an order of mistrial in a criminal case support a plea of former jeopardy? | 015421.docx | LEGALEASE-00163575-LEGALEASE-00163576 |
| Osborn v. Bank of U.S., 22 U.S. 738 | 212+1463 | An injunction will be granted to prevent the franchise of a corporation from being destroyed, as well as to restrain a party from violating it by attempting to participate in its exclusive privileges. | Does injunction prevent infringement of franchise? | Franchises - Memo 60 - KNR_66656.docx | ROSS-003280242-ROSS-003280243 |
| State v. Green, 896 N.W.2d 770 | 203+530 | When an individual acts on state of mind which prompts one to do wrongful act intentionally without legal justification or excuse, the individual is said to have acted with malice aforethought. | What is malice aforethought? | Homicide - Memo 173 - RK.docx | LEGALEASE-00053467-LEGALEASE-00053468 |
| Singer v. Siedband, 138 S.W.3d 750 | 302+46 | Capacity in which a party sues must be determined from content of pleadings, not solely from captions or titles thereof. | Should the capacity in which a party sues be determined from the content of the pleadings? | Pleading - Memo 645 - RMM_67277.docx | ROSS-003283617-ROSS-003283618 |
| Hunter v. Gang, 132 Nev. Adv. Op. 22 | 30+3206 | In considering whether to uphold a dismissal with prejudice by a district court entered pursuant to its inherent authority, the appellate court considers the same factors that are pertinent to the district court's exercise of discretion to dismiss an action with prejudice under the rule governing dismissal for want of prosecution and an appellate court's subsequent review of that decision. Rules Civ.Proc., Rule 41(e). | "Do courts have inherent authority to dismiss an action for want of prosecution, which is independent of any authority granted under statutes or court rules?" | Pretrial Procedure - Memo 12086 - C - DHA_67061.docx | ROSS-003282250-ROSS-003282251 |
| In re Montgomery Ward, 469 B.R. 522 | 349A+10 | Under Illinois law, courts must analyze the economic reality of agreement to determine its true nature, and therefore determination of whether lease is true lease or financing agreement depends on circumstances of the case. S.H.A. 810 ILCS 5/1-203(a). | Should courts analyze the economic reality of an agreement to determine its true nature? | 042747.docx | LEGALEASE-00164006-LEGALEASE-00164007 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tyson v. Trigg, 50 F.3d 436 | 352H+55 | Lack of consent is part of definition of rape and must therefore be proved by state beyond reasonable doubt under Indiana law. IC 35-42-4-1(a) (1988 Ed.). | Is lack of consent part of the definition of rape? | Sex Offenses - Memo 137 - RK_66940.docx | ROSS-003280067-ROSS-003280068 |
| State v. Castagna, 387 N.J. Super. 598 | 3.77E+06 | Purpose to be served by enactment of the harassment statute is to make criminal private annoyances that are not entitled to constitutional protection, and, thus, the substantive criminal offense of making or causing to be made, a communication likely to cause annoyance or alarm is directed at the purpose behind and motivation for making or causing the communication to be made. N.J.S.A. 2C:33-4a. | What is the purpose to be served by the enactment of the harassment statute? | "Threats, Stalking and Harassment - Memo 235 - LB_67272.docx" | ROSS-003283320-ROSS-003283321 |
| In re Ryan D., 100 Cal. App. 4th 854 | 3.77E+10 | Where accused did not personally communicate threat to victim, it must be shown that he specifically intended that threat be conveyed to victim. West's Ann.Cal.Penal Code S 422. | "If the accused did not personally communicate a threat to the victim, what must be shown?" | "Threats, Stalking and Harassment - Memo 239 - LB_66844.docx" | ROSS-003283260-ROSS-003283261 |
| In re Ryan D., 100 Cal. App. 4th 854 | 3.77E+11 | Criminal threat is specific and narrow class of communication; it is expression of intent to inflict serious evil upon another person. West's Ann.Cal.Penal Code S 422. | What is a criminal threat an expression of? | "Threats, Stalking and Harassment - Memo 242 - LB_66847.docx" | ROSS-003296519-ROSS-003296520 |
| Johnson Assocs. Corp. v. HL Operating Corp., 680 F.3d 713 | 25T+210 | Although a party can waive its contractual right to arbitration, because of the strong presumption in favor of arbitration, waiver of the right to arbitration is not to be lightly inferred. | Should waiver of the right to arbitration be lightly inferred? | 008045.docx | LEGALEASE-00165012-LEGALEASE-00165013 |
| Kruse v. AFLAC Int'l, 458 F. Supp. 2d 375 | 25T+179 | Where party to arbitration agreement alleges that nonsignatory engaged in a conspiracy with signatory, nonsignatory may compel arbitration. | Can a nonsignatory compel arbitration when a party alleges a nonsignatory engaged in a conspiracy with a signatory? | 008053.docx | LEGALEASE-00165001-LEGALEASE-00165002 |
| In re LIBOR-Based Fin. Instruments Antitrust Litig., 935 F. Supp. 2d 666 | 83H+2 | Neither Commodity Exchange Act (CEA) nor its legislative history specifically authorizes extraterritorial application of statute. Commodity Exchange Act, S 9(a)(2), 7 U.S.C.A. S 13(a)(2). | Does the Commodity Exchange Act (CEA) authorize extraterritorial application of the statute? | 013624.docx | LEGALEASE-00164216-LEGALEASE-00164217 |
| Hervey v. Rhode Island Locomotive Works, 93 U.S. 664 | 108H+21 | The liability of property to be sold under legal process is determined by the law of the state where it is situated, and not that of the jurisdiction where the owner lives. | Under what law is the liability of property to be sold under execution determined by? | 014089.docx | LEGALEASE-00165081-LEGALEASE-00165082 |
| Gue v. Tide Water Canal Co., 65 U.S. 257 | 108H+37 | The land or works essential to the enjoyment of a corporate franchise cannot be separated from it, and sold under a fi. fa., so as to destroy or impair the value of the franchise. | Can the land or works essential to the enjoyment of a franchise be separated from it? | 014101.docx | LEGALEASE-00165095-LEGALEASE-00165097 |
| Klein v. City of New Orleans, 99 U.S. 149 | 108H+40 | If lands are held by a corporation for public purposes and the ground rents are part of the public revenues, they cannot be levied on or sold. | Can lands held for public purposes be levied or sold? | Creditors' Remedies - Memo 32 - RK_67501.docx | ROSS-003280574-ROSS-003280576 |
| United States v. Ambers, 85 F.3d 173 | 135H+30 | Enhancing sentence for conspiracy because of prior conviction which resulted from one of the overt acts supporting the conspiracy presents no double jeopardy problem; enhancement increases the sentence for the current conspiracy offense, not for the sentence for the distinct, prior offense. U.S.C.A. Const.Amend. 5. | "Does enhancement increase the sentence for the current conspiracy offense, not for the sentence for the distinct, prior offense?" | Double Jeopardy - Memo 1249 - C - NE_67551.docx | ROSS-003285148-ROSS-003285149 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Cheek, 361 P.3d 679 | 135H+59 | The merger doctrine does not apply before trial, because the double jeopardy protections attach only when an accused is put on trial and a jury has been sworn and impaneled. U.S.C.A. Const.Amend. 5. | Why does the merger doctrine not apply before trial? | 016644.docx | LEGALEASE-00165103-LEGALEASE-00165104 |
| State v. Metzinger, 456 S.W.3d 84 | 135H+59 | In a court-tried case, jeopardy attaches when the court begins to hear evidence on the issue of guilt. U.S. Const. Amend. 5. | Can a jeopardy attach when the court begins to hear evidence on the issue of guilt? | 016665.docx | LEGALEASE-00165147-LEGALEASE-00165148 |
| Bd. of Educ. of City of Plainfield, Union Cty. v. Cooperman, 105 N.J. 587 | 141E+678 | Commissioner of Department of Education could override power of boards of education to exclude students from public schools due to health reasons. N.J.S.A. 18A:40-7, 18A:40-10, 26:4-6. | Can students be excluded from school because they have a contagious disease? | 017318.docx | LEGALEASE-00164364-LEGALEASE-00164365 |
| Steinhart v. Cty. of Los Angeles, 47 Cal. 4th 1298 | 156+52(5) | In general, the law particularly disfavors estoppels where the party attempting to raise the estoppel is represented by an attorney at law. | Does the law disfavour estoppels where the party attempting to raise the estoppel is represented by an attorney at law? | 018270.docx | LEGALEASE-00164423-LEGALEASE-00164424 |
| Willow Springs Condo. Ass'n v. Seventh BRT Dev. Corp., 245 Conn. 1 | 302+370 | A plaintiff may not allege one cause of action and recover upon another. Practice Book 1978, S 134. | Can a plaintiff allege one cause of action and recover upon another? | 023957.docx | LEGALEASE-00164385-LEGALEASE-00164386 |
| Therrien v. Mercantile-Commerce Bank & Tr. Co., 360 Mo. 149 | 302+34(6) | Where petition is not attacked until after verdict or judgment, intendments are to be taken most strongly in favor of pleader. V.A.M.S. S 509.250. | "Where a petition is not attacked until after judgment, are intendments taken most strongly in favor of the pleader?" | 023959.docx | LEGALEASE-00164387-LEGALEASE-00164388 |
| Holmstrom v. Lee, 26 S.W.3d 526 | 302+72 | Only relief consistent with the facts and pleaded theories may be granted under a general prayer. | Will only the reliefs consistent with the facts and pleaded theories be granted under a general prayer? | 023971.docx | LEGALEASE-00164603-LEGALEASE-00164604 |
| Ross v. Petro, 515 F.3d 653 | 135H+99 | The requirement of manifest necessity for a mistrial is not to be interpreted literally or applied mechanically, in determining whether retrial is barred by double jeopardy; what is required is a high degree of necessity. U.S.C.A. Const.Amend. 5. | Is the requirement of manifest necessity for a mistrial not to be interpreted literally or applied mechanically? | 041000.docx | LEGALEASE-00164271-LEGALEASE-00164272 |
| State v. Morris, 156 N.C. App. 335 | 135H+5.1 | Defendant's constitutional right to be free from double jeopardy took precedence over State's interest and convenience in obtaining cumulative punishments. U.S.C.A. Const.Amend. 5. | Is the right to be free from double jeopardy a constitutional right? | 041039.docx | LEGALEASE-00164441-LEGALEASE-00164442 |
| Canyon v. State, 218 So. 3d 871 | 135H+1 | A double jeopardy claim goes to the jurisdiction of the trial court to render judgment. U.S.C.A. Const. Amend. 5. | Does a double jeopardy claim go to the jurisdiction of the trial court to render judgment? | 041050.docx | LEGALEASE-00164493-LEGALEASE-00164494 |
| Camacho v. Chandeleur Homes, 862 So. 2d 540 | 307A+583 | A trial court possesses the inherent authority to dismiss an action for want of prosecution; this power is a necessary means to the orderly expedition of justice and the trial court's control of its own docket. Rules Civ.Proc., Rule 41(b). | Does a court possess the inherent authority to dismiss an action for want of prosecution? | 041111.docx | LEGALEASE-00164943-LEGALEASE-00164944 |
| Moore v. Com., 254 Va. 184 | 352H+259 | Penetration by penis of a vagina is essential element of crime of rape; proof of penetration, however slight the entry may be, is sufficient. | Is slight penetration sufficient to constitute rape? | Sex Offenses - Memo 26 - RK.docx | LEGALEASE-00054697-LEGALEASE-00054698 |
| Dep't of Labor & Indus. of State of Wash. v. Fankhauser, 121 Wash. 2d 304 | 413+252 | Sole proprietors and partners are expressly excluded from mandatory coverage under Industrial Insurance Act, are not required to participate in workers' compensation system, and are not considered "workers" or "employees" automatically covered under Act. West's RCWA 51.08.180, 51.08.185, 51.12.020, 51.12.020(5). | Who is expressly excluded under workers compensation? | 048575.docx | LEGALEASE-00164655-LEGALEASE-00164656 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Peters v. Michienzi, 385 Mass. 533 | 413+186 | Person who does not fall within homeowner's exemption because, for example, he does not "reside therein" or because structure is not "dwelling house" may, but need not necessarily, be "employer" within purview of Workmen's Compensation Act. M.G.L.A. c. 152, S 1(5). | When is homeowner not an employer? | 048779.docx | LEGALEASE-00164309-LEGALEASE-00164310 |
| Keller v. Old Lycoming Twp., 286 Pa. Super. 339 | 413+186 | Meaning of "employer" under Workmen's Compensation Act is controlled by the legal interpretation of the Act and not by definitions that others care to give to that term. 77 P.S. S 1 et seq. | Is the meaning of employer under the Act controlled by the legal interpretation of the Act? | Workers' Compensation - Memo 750 - C - ANC_67249.docx | ROSS-003282069-ROSS-003282070 |
| United States v. Young, 657 F.3d 408 | 135H+59 | For the purposes of the Fifth Amendment Double Jeopardy Clause, jeopardy does not attach until the jury is empaneled and takes the oath. U.S.C.A. Const.Amend. 5. | Does jeopardy attach until the jury is empaneled and takes the oath? | 014655.docx | LEGALEASE-00165467-LEGALEASE-00165468 |
| People v. Shepard, 98 P.3d 905 | 135H+29.1 | Imposition of consecutive sentences for two counts of sexual exploitation of child did not violate defendant's rights under state and federal double jeopardy clauses, where prosecution represented, at providency hearing, that evidence would have shown that defendant committed various acts against single victim, including taking five different photographs of her in sexually explicit poses. U.S.C.A. Const.Amend. 5; West's C.R.S.A. Const. Art. 2, S 18; West's C.R.S.A. S 18-1-408(3). | When would the defendant's rights under double jeopardy clause not be violated? | 014674.docx | LEGALEASE-00165669-LEGALEASE-00165670 |
| Bellew v. State, 304 Ga. App. 529 | 135H+59 | Jeopardy attaches once a jury is impaneled and sworn, and a defendant has a the right under the Double Jeopardy Clause to be tried by the original impaneled jury. U.S.C.A. Const.Amend. 5. | Does the defendant have a right to be tried by the original impaneled jury? | 014680.docx | LEGALEASE-00165678-LEGALEASE-00165679 |
| People v. Henry, 172 Cal. App. 4th 530 | 135H+100.1 | Jeopardy attaches when the jury is empaneled and sworn; jeopardy terminates when the jury arrives at a verdict, or when the trial judge enters a final judgment of acquittal. U.S.C.A. Const.Amend. 5; S.H.A. Const. Art. 1, S 10. | Does jeopardy terminate when the judge enters a final judgement of acquittal? | 014756.docx | LEGALEASE-00166010-LEGALEASE-00166011 |
| Washington v. Sobina, 387 F. Supp. 2d 460 | 110+577.14 | It was appropriate to evaluate petitioner's speedy trial claim separately as to each of his trials where his first trial ended in a mistrial, and second and third trials resulted in a hung jury as to certain counts; because each retrial was legally appropriate and not a result of misconduct by the government, consolidating the periods of time leading up to each trial could inappropriately exaggerate the delay for speedy trial purposes. U.S.C.A. Const.Amend. 6. | Is it a violation of double jeopardy to have four trials? | 016022.docx | LEGALEASE-00165744-LEGALEASE-00165745 |
| People v. Monterroso, 34 Cal. 4th 743 | 135H+100.1 | An acquittal requires more than a bar to further proceedings; it requires a disposition based upon a determination of the merits. | Do acquittals require a disposition based upon a determination of the merits to further proceedings? | 016055.docx | LEGALEASE-00165803-LEGALEASE-00165804 |
| State v. Salter, 425 N.J. Super. 504 | 135H+1 | State Constitution's prohibition against double jeopardy protects against three distinct abuses: a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. N.J.S.A. Const. Art. 1, par. 11. | What are the abuses double jeopardy protects against? | 016088.docx | LEGALEASE-00165835-LEGALEASE-00165836 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Williams, 128 Ill. App. 3d 384 | 135H+95.1 | Unless a defendant who has been placed in jeopardy consents to trial's interruption, or a mistrial occurs because of manifest necessity, the state is precluded from bringing defendant to trial again. U.S.C.A.Const. Amend. 5. | "Once defendant has been placed in jeopardy, does he have a right to have his guilt finally weighed by that tribunal?" | 016228.docx | LEGALEASE-00165547-LEGALEASE-00165548 |
| State v. C.J.F., 183 S.W.3d 841 | 135H+100.1 | The time when jeopardy attaches in a jury trial serves as the lynchpin for all double jeopardy jurisprudence; after jeopardy attaches, any charge that is dismissed, waived, abandoned or on which the jury returns an acquittal may not be retried. U.S.C.A. Const.Amend. 5. | Does the time when jeopardy attaches in a jury trial serve as the lynchpin for all double jeopardy jurisprudence? | 016246.docx | LEGALEASE-00165569-LEGALEASE-00165570 |
| State v. Tate, 256 Conn. 262 | 110+295 | Doubts about whether an offense is jeopardy-barred must be resolved in favor of the liberty of the citizen. U.S.C.A.Const.Amend. 5. | Are doubts about whether an offense is jeopardy-barred be resolved in favor of the liberty of the citizen? | 016410.docx | LEGALEASE-00165207-LEGALEASE-00165208 |
| Com. v. Phim, 462 Mass. 470 | 135H+1 | The Fifth Amendment's prohibition on double jeopardy, and parallel Massachusetts statutory and common law, generally precludes the commonwealth from trying a defendant more than once for the same offense. U.S.C.A. Const.Amend. 5; M.G.L.A. c. 263, S 7. | Does the law preclude the commonwealth from trying a defendant more than once for the same offense? | Double Jeopardy - Memo 900 - C - RF_67689.docx | ROSS-003281120-ROSS-003281121 |
| Villanueva v. State, 194 S.W.3d 146 | 135H+1 | "Double jeopardy" is the principle that a person shall not be subject for the same offense to be twice put in jeopardy of life or limb. U.S.C.A. Const.Amend. 5; Vernon's Ann.Texas Const. Art. 1, S 14. | "Do double jeopardy principles protect individuals not against being twice punished, but against being twice put into jeopardy?" | 016535.docx | LEGALEASE-00165355-LEGALEASE-00165356 |
| State v. Weight, 868 N.W.2d 821 | 135H+1 | Each case in which a double jeopardy violation is asserted must turn upon its own facts. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 12. | Should a double jeopardy violation turn upon its own facts in each case it is asserted? | 015970.docx | LEGALEASE-00166327-LEGALEASE-00166328 |
| Owens v. Trammell, 792 F.3d 1234 | 135H+1 | The Double Jeopardy Clause prevents the government from placing a defendant in jeopardy twice for the same offense. U.S.C.A. Const.Amend. 5. | Does double jeopardy prevent the government from placing a defendant in jeopardy twice for the same offense? | 015980.docx | LEGALEASE-00166335-LEGALEASE-00166336 |
| Catchings v. State, 111 So. 3d 1238 | 135H+1 | "Double jeopardy" consists of three separate constitutional protections: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | What does double jeopardy consist of? | 015990.docx | LEGALEASE-00166345-LEGALEASE-00166346 |
| Williams v. State Farm Mut. Auto. Ins. Co., 202 Mich. App. 491 | 135H+1 | Double jeopardy prohibits a person for the same offense to be twice put in jeopardy of life or limb. U.S.C.A. Const.Amend. 5. | Does double jeopardy prohibit a person for the same offense to be twice put in jeopardy of life or limb? | Double Jeopardy - Memo 658 - C - KG_68435.docx | ROSS-003282041-ROSS-003282042 |
| AllGood Entm't v. Dileo Entm't & Touring, 726 F. Supp. 2d 307 | 13+27(1) | Promissory estoppel is an equitable doctrine that sounds in contract rather than tort, for purposes of applying New York choice-of-law rules to such claim. | Is promissory estoppel an equitable doctrine that sounds in contract rather than tort? | Action - Memo 960 - C _18yb4vvuELoB6_4nBeg M7Aqsgt3hg6Sw9.docx | ROSS-000000047-ROSS-000000048 |
| Kerr v. First Commodity Corp. of Boston, 735 F.2d 281 | 83H+2 | Commodities Exchange Act does not preempt punitive damages awards for common-law fraud in commodities transactions. Commodity Exchange Act, SS 1-19, as amended, 7 U.S.C.A. SS 1-24. | Does Commodity Exchange Act preempt punitive damages awards for common law fraud in commodities transactions? | 013595.docx | LEGALEASE-00167033-LEGALEASE-00167034 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mormels v. Girofinance, S. A., 544 F. Supp. 815 | 83H+2 | Securities cases and principles are used as persuasive aids to interpretation of the Commodity Exchange Act. Securities Act of 1933, SS 1 et seq., 17(a), 15 U.S.C.A. SS 77a et seq., 77q(a); Securities Exchange Act of 1934, SS 1 et seq., 10(b), 15 U.S.C.A. SS 78a et seq., 78j(b); Commodity Exchange Act, SS 1 et seq., 4b, 4d, 7 U.S.C.A. SS 1 et seq., 6b, 6d. | Are securities cases and principles used as persuasive aids to interpretation of the Commodity Exchange Act? | Commodity Future Trading Regulation - Memo 54 - C - JL_68715.docx | ROSS-003308431-ROSS-003308432 |
| Taylorsville City v. Adkins, 145 P.3d 1161 | 135H+100.1 | Acquittals, unlike convictions, terminate the initial jeopardy, whether they are express or implied by a conviction on a lesser included offense; thus, whether the trial is to a jury or to the bench, subjecting the defendant to postacquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause. U.S.C.A. Const.Amend. 5. | "Do acquittals, unlike convictions, ""terminate"" the initial jeopardy?" | 015875.docx | LEGALEASE-00166685-LEGALEASE-00166686 |
| Greater Poughkeepsie Library Dist. v. Town of Poughkeepsie, 81 N.Y.2d 574 | 371+2016 | Taxing power may be delegated to legislative bodies of municipalities and quasi-municipal corporations. McKinney's Const. Art. 3, S 1; Art. 16, S 1. | Can the taxing power be delegated to legislative bodies of municipalities and quasi-municipal corporations? | 046569.docx | LEGALEASE-00166551-LEGALEASE-00166552 |
| Sch. Dist. of Philadelphia v. Frankford Grocery Co., 376 Pa. 542 | 371+2016 | The grant by the legislature of the right to levy taxes is to be strictly construed and is not to be extended by implication. | "Where the legislature delegates the right to tax to a political sub division, should grant of such right is to be strictly construed, and not extended by implication?" | Taxation - Memo 1347 - C - SBH.docx | LEGALEASE-00056706-LEGALEASE-00056707 |
| Johnson v. Genesee Cty., Mich., 232 F. Supp. 567 | 371+2016 | Power of taxation is vested exclusively in legislative branch of government and may be delegated by Legislature to municipal corporations. | Can the taxing power vested in Legislature be delegated to municipalities? | 046630.docx | LEGALEASE-00166817-LEGALEASE-00166818 |
| Hill v. Roberts, 142 Tenn. 215 | 371+2013 | A state, having full control of counties and cities, in the matter of taxation at least, may authorize them to levy a tax, or may direct them to levy a tax, or may itself directly tax for their benefit. | Can a state directly tax for its benefit? | 046634.docx | LEGALEASE-00166827-LEGALEASE-00166828 |
| Hatfield v. Green, 840 So.2d 759 | 289+453 | Absent an express agreement, the chief criterion in determining the existence of a partnership is the parties' intent and this intent may be inferred from the parties' actions and conduct. West's A.M.C. S 79-12-11. | Can the existence of a partnership be determined absent an express partnership agreement? | Partnership - Memo 66 - RK.docx | ROSS-003285799-ROSS-003285800 |
| Hatfield v. Green, 840 So.2d 759 | 289+453 | Absent an express agreement, the chief criterion in determining the existence of a partnership is the parties' intent and this intent may be inferred from the parties' actions and conduct. West's A.M.C. S 79-12-11. | Can the existence of a partnership be determined absent an express partnership agreement? | 10826.docx | LEGALEASE-00081440-LEGALEASE-00081441 |
| Commonwealth v. Butterick, 100 Mass. 12 | 8.30E+66 | An order for the payment of money drawn by a person on himself, payable to his own order, and by himself accepted and indorsed, may be treated as a bill of exchange. | "Is a bill drawn by a person, payable to his own order, a bill of exchange? " | 00994.docx | LEGALEASE-00081653-LEGALEASE-00081655 |
| State v. Crisman, 123 Idaho 27 | 221+179 | Receiving state's executive branch must recognize sovereignty of other state before diplomatic immunity exists. | Should the receiving state recognize the sovereignty of the other state before diplomatic immunity exists? | 05720.docx | LEGALEASE-00082155-LEGALEASE-00082156 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Greer v. Nat'l Grid, 89 A.D.3d 1059 | 249+26 | In action, inter alia, to recover damages for malicious prosecution, allegation that criminal prosecution would not have been initiated against plaintiff had defendant properly trained and supervised its employees failed to state cognizable claim, since action arose from same facts as first cause of action alleging malicious prosecution, allegations of negligence did not support malicious prosecution cause of action, and cause of action to recover damages for negligent prosecution was not recognized in New York. | Does negligent prosecution supports malicious prosecution? | 06586.docx | LEGALEASE-00082185-LEGALEASE-00082186 |
| Lim v. Offshore Specialty Fabricators, 404 F.3d 898 | 25T+116 | Foreign arbitration clauses are deemed a subset of foreign forum selection clauses in general; therefore, analysis of foreign forum selection clause can be extended to foreign arbitration clauses. | Do courts consider foreign arbitration clauses as a subset of foreign forum selection clauses? | 06564.docx | LEGALEASE-00082203-LEGALEASE-00082205 |
| In re N.B., 199 P.3d 16 | 209+138 | Court of Appeals would decline to adopt judicially created "existing Indian family exception" to the Indian Child Welfare Act (ICWA), under which ICWA would be applied only to removal of Indian children who were members of an Indian home and participated in Indian culture, in proceeding in which stepmother petitioned to terminate mother's parental rights and to adopt Indian child. Indian Child Welfare Act of 1978, S 2 et seq., 25 U.S.C.A. S 1901 et seq. | When does the Indian Child Welfare Act (ICWA) apply? | 05055.docx | LEGALEASE-00083736-LEGALEASE-00083737 |
| Illinois v. Rodriguez, 497 U.S. 177 | 35+68.2(1) | Fourth Amendment generally prohibits warrantless entry of person's home, whether to make arrest or to search for specific objects. U.S.C.A. Const.Amend. 4. | Do warrantless inspections violate the fourth amendment? | 05122.docx | LEGALEASE-00084184-LEGALEASE-00084185 |
| In re Gardner, 534 A.2d 947 | 368+1 | Patient's decision, made prior to accident not to be kept alive in persistent vegetative state by life-sustaining procedures was not suicide inasmuch as grievous injuries resulting in vegetative condition were not self-inflicted. | Will a persons right not to be kept alive in a persistent vegetative state by life-sustaining procedures amount to suicide? | 05166.docx | LEGALEASE-00084229-LEGALEASE-00084230 |
| In re Gardner, 534 A.2d 947 | 368+1 | Patient's decision, made prior to accident not to be kept alive in persistent vegetative state by life-sustaining procedures was not suicide inasmuch as grievous injuries resulting in vegetative condition were not self-inflicted. | Will a persons right not to be kept alive in a persistent vegetative state by life-sustaining procedures amount to suicide? | 05640.docx | LEGALEASE-00084275-LEGALEASE-00084276 |
| Illinois v. Rodriguez, 497 U.S. 177 | 35+68.2(1) | Fourth Amendment generally prohibits warrantless entry of person's home, whether to make arrest or to search for specific objects. U.S.C.A. Const.Amend. 4. | Do warrantless inspections violate the fourth amendment? | 05596.docx | LEGALEASE-00084311-LEGALEASE-00084312 |
| Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111 | 221+104 | To attain the status of a rule of customary international law, a norm must be specific, universal, and obligatory. Rest. 3rd, Restatement of the Foreign Relations Law of the United States S 102(2). | "Should a ""norm of international law"" be specific, universal, and obligatory? " | 05682.docx | LEGALEASE-00085019-LEGALEASE-00085020 |
| Barclaysamerican Corp. v. Kane, 746 F.2d 653 | 170A+1604(1) | Party seeking to assert attorney-client privilege or a work product doctrine as a bar to discovery has burden of establishing that either or both is applicable. | Who has the burden of demonstrating that the privilege is applicable? | 05871.docx | LEGALEASE-00089185-LEGALEASE-00089186 |
| In re Involuntary Dissolution of Battle Creek State Bank, 254 Neb. 120 | 172H+202 | Banking corporations are quasi-public institutions in the sense that whole stream of commerce, whether interstate or intrastate, largely depends upon their existence. | Does a bank possess a quasi-public character? | 10801.docx | LEGALEASE-00089311-LEGALEASE-00089313 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. O'Brien, 994 F. Supp. 2d 167 | 63+13 | Generally, in a bribery case, whether wages are bona fide and paid in the usual course of business are questions of fact for the jury. 18 U.S.C.A. S 666(c). | "Does 18 U.S.C. 666(c) apply to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business or are they exempted?" | 01674.docx | LEGALEASE-00092050-LEGALEASE-00092051 |
| United States v. Yonan, 623 F. Supp. 881 | 319H+50 | Just as enterprise itself must amount to more than sheer pattern of racketeering activity, for purposes of Racketeer Influenced and Corrupt Organizations Act (18 U.S.C.A. S 1962(c)), one does not "associate with" enterprise by committing crimes against it. | "For purposes of RICO, can someone ""associate with"" an enterprise by committing crimes against it?" | 10792.docx | LEGALEASE-00094234-LEGALEASE-00094235 |
| Stuckey v. State, 141 Md. App. 143 | 63+1(1) | Whether public servant was actually controlled or influenced is irrelevant to bribery offense, so long as payment was accepted or solicited with the intent to control the public servant. West's A.I.C. 35-44-1-1. | Does a bribery conviction require the prosecution to prove that the public official was actually influenced or controlled? | 09966.docx | LEGALEASE-00095579-LEGALEASE-00095580 |
| Czarobski v. Lata, 227 Ill. 2d 364 | 307A+561.1 | A motion for involuntary dismissal based upon certain defects or defenses admits the legal sufficiency of the plaintiff's claim but asserts affirmative matter outside of the pleading that defeats the claim. S.H.A. 735 ILCS 5/2-619(a)(9). | "Is a dismissal for failure to establish good cause for service of the summons and complaint within six months after filing the complaint, equivalent to a failure to prosecute? " | 09909.docx | LEGALEASE-00096138-LEGALEASE-00096139 |
| Howard v. Frost Natl Bank, 458 S.W.3d 849 | 307A+681 | Courts disregard conclusions not supported by facts in the context of assessing a motion to dismiss. | Do courts disregard conclusions not supported by facts in the context of assessing a motion to dismiss? | 05297.docx | LEGALEASE-00096640-LEGALEASE-00096641 |
| Golf Tr. of Am. v. Soat, 355 Ill. App. 3d 333 | 302+1 | A "pleading" is defined as a formal document in which a party to a legal proceeding, especially a civil lawsuit, sets forth or responds to allegations, claims, denials, or defenses. | What is a pleading? | Pleading - Memo 18 - VP.docx | ROSS-003283381-ROSS-003283382 |
| In re Hass, 273 B.R. 45 | 25T+113 | Consensual resolution of litigation has been favored in the law from time immemorial, whether by the parties themselves, or through mediation or other techniques of dispute resolution. | Is consensual resolution of litigation favored in law? | 001017.docx | LEGALEASE-00118106-LEGALEASE-00118107 |
| Matthews v. Malkus, 377 F. Supp. 2d 350 | 386+1 | Under New York law, requisite elements for claim of trespass are: (1) intentional entry by defendants onto plaintiff's land, and (2) wrongful use without justification or consent. | What are the elements of a trespass claim? | 000723.docx | LEGALEASE-00118516-LEGALEASE-00118517 |
| Hogoboom v. State, 120 Neb. 525 | 146+29 | Value of property constitutes essential element of information charging embezzlement. Comp.St.1922, S 10154, and S 9629, as amended by Laws 1923, c. 95. | Does value of property constitute an essential element of information charging embezzlement? | 001238.docx | LEGALEASE-00118589-LEGALEASE-00118591 |
| People v. Catlin, 26 Cal. 4th 81 | 203+566 | As long as the jury finds in murder prosecution that without the criminal act the death would not have occurred when it did, it need not determine which of the concurrent causes was the principal or primary cause of death, but only whether the criminal act was a substantial factor contributing to the result, even if victim's preexisting physical condition was also a substantial factor causing death. | Can a victims preexisting physical condition destroy defendants responsibility for a death? | 001732.docx | LEGALEASE-00118867-LEGALEASE-00118868 |
| N. Utilities Div. of K N Energy v. Town of Evansville, 822 P.2d 829 | 366+1 | Since causes of action for damage or injury to persons and property survive and are assignable, they can be subject of claim for conventional subrogation. W.S.1977, S 1-4-101. | Is assignment of a cause of action for damage or personal injury subject of a subrogation claim? | 003641.docx | LEGALEASE-00120423-LEGALEASE-00120424 |
| In re E.M.V., 312 S.W.3d 288 | 30+5 | For purposes of the requirement that the error complained of must be apparent from the face of the record for a restricted appeal to be reviewable, the "face of the record" consists of all the papers on file in the appeal, including the reporter's record. Rules App.Proc., Rule 30. | What consists in the face of the record for the purpose of a restricted appeal? | 008163.docx | LEGALEASE-00122013-LEGALEASE-00122014 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nat'l Coal. Gov't of Union of Burma v. Unocal, 176 F.R.D. 329 | 221+515 | Party asserting applicability of act of state doctrine bears burden of proof; at minimum, this burden requires that party offer some evidence that government acted in its sovereign capacity and some indication of depth and nature of government's interest. | Who bears the burden of proof when an assertion that the act of state doctrine is applicable is made? | 020768.docx | LEGALEASE-00123554-LEGALEASE-00123555 |
| Beaty v. Republic of Iraq, 480 F. Supp. 2d 60 | 221+342 | "Act-of-state" doctrine bars courts from adjudicating a case when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries. | "Is the act of state doctrine is an inquiry into a consequence of domestic separation of powers, and it directs the court to dismiss the suit if its resolution would require the court to declare invalid an official act of a foreign sovereign?" | 020035.docx | LEGALEASE-00123558-LEGALEASE-00123559 |
| Borough of Scottdale v. Nat'l Cable Television Corp., 476 Pa. 47 | 317A+112 | The category of business activities affected with public interest which can be subjected to regulation as public utilities is not a closed category. | s there a closed category of business activities affected with public interest? | 042385.docx | LEGALEASE-00126346-LEGALEASE-00126347 |
| Bear v. Fleming, 714 F. Supp. 2d 972 | 1.41E+31 | Courts do not and cannot intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values. | "As a general rule, can courts intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values?" | 016746.docx | LEGALEASE-00127108-LEGALEASE-00127109 |
| State ex rel. Little Prairie Special Rd. Dist. of Pemiscot Cty. v. Thompson, 315 Mo. 56 | 200+121 | Road district, being municipal corporation, can levy general taxes on property within its boundaries for purposes of district. | Can a road district levy general taxes on property? | 018792.docx | LEGALEASE-00129051-LEGALEASE-00129052 |
| Copar Pumice Co. v. Bosworth, 502 F. Supp. 2d 1200 | 260+29 | The Forest Service is authorized to manage surface resources by federal statute, but not to interfere with mining claims. Multiple Use Mining Act of 1955, S 4, 30 U.S.C.A. S 612. | Is the Forest Service authorized to manage surface resources? | 047580.docx | LEGALEASE-00129127-LEGALEASE-00129128 |
| Senseley v. First Nat. Life Ins. Co., 205 La. 61 | 307A+501 | Plaintiff has control of a suit and the right to discontinue or dismiss it at any time except where rights of defendant are prejudiced, and as respects a reconventional demand the defendant has similar control and rights. Code Prac. art. 491. | Does a plaintiff have control of a suit and the right to discontinue or dismiss it at any time? | 026227.docx | LEGALEASE-00129135-LEGALEASE-00129136 |
| Scates v. Arizona Corp. Comm'n, 118 Ariz. 531 | 30+14(2) | Superior court's entry of judgment based on specific mandate and opinion of Court of Appeals is nonappealable. | Is a superior court's entry of judgment based on a specific mandate appealable? | 008238.docx | LEGALEASE-00129451-LEGALEASE-00129452 |
| Malerbi v. Cent. Reserve Life of N. Am. Ins. Co., 225 Neb. 543 | 307A+742.1 | Pretrial conferences are conducted to simplify issues, amend pleadings, and avoid unnecessary proof of facts at trial and to avoid traps and surprises at trial. | hat is the purpose of pretrial conference and what does it avoid? | 026373.docx | LEGALEASE-00130032-LEGALEASE-00130033 |
| Bd. of Trustees of City of Delray Beach Police & Firefighters Ret. Sys. v. Citigroup Glob. Markets, 622 F.3d 1335 | 25T+141 | Determination of whether a signatory has authority to bind non-signatory to arbitrate turns on specific facts of each case. | How do courts determine the authority of a signatory to a bind non-signatory to arbitrate? | 007350.docx | LEGALEASE-00130207-LEGALEASE-00130208 |
| Elwood v. Panhandle Concrete Co., 236 Neb. 751 | 307A+750 | Generally, issues delineated in unaltered pretrial order supplant issues raised in pleadings. | "Do issues delineated in unaltered pretrial order, supplant issues raised in pleadings?  " | 027358.docx | LEGALEASE-00130548-LEGALEASE-00130549 |
| United States v. Nagin, 810 F.3d 348 | 63+1(1) | A conviction for bribery or "honest-services" wire fraud does not require proof that the official intended to be influenced in his official actions. 18 U.S.C.A. S 201(b)(2). | Does the conviction for bribery require proof that the official intended to be influenced in his official actions? | 011110.docx | LEGALEASE-00130639-LEGALEASE-00130640 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Froedtert Grain & Malting Co. v. Tax Comm'n of Wis., 221 Wis. 225 | 92+2525 | Legislature cannot by designation change nature of tax, but it is for court to determine nature and effect of tax and uphold or avoid it according as its nature and effect as determined may require (Const.Wis. art. 8, S 1). | Is the nature of a tax determined by its designation made by the legislature? | 044635.docx | LEGALEASE-00131474-LEGALEASE-00131475 |
| State v. Bd. of Comm'rs of Marion Cty., 170 Ind. 595 | 200+18 | All roads laid out under legislative enactment are public highways belonging to the state, under full control of the Legislature, which may, in the absence of constitutional limitations, exercise such control directly. | Do all roads laid out under legislative enactment belong to the State? | Highways -Memo 100 - DB.docx | ROSS-003332013-ROSS-003332014 |
| Northpark Assocs. No. 2, Ltd. v. Homart Dev. Co., 262 Ga. 138 | 200+80 | Governing authority can acquire fee simple title to county road only through condemnation or express grant in deed or other instrument. | How can a governing authority acquire fee-simple title to a county road? | 018930.docx | LEGALEASE-00134333-LEGALEASE-00134334 |
| Madison Assocs. v. Bass, 158 Ill. App. 3d 526 | 388+26 | Substitution of attorneys after commencement of trial does not constitute good cause for granting continuance. | Is the substitution of attorneys after the commencement of trial a good cause for granting continuance? | 029249.docx | LEGALEASE-00135510-LEGALEASE-00135511 |
| United States v. Kabot, 295 F.2d 848 | 63+14 | Court in prosecution for bribery of internal revenue agent properly instructed jury to disregard question of merits of tax case involved. | Was it proper for the court in a bribery case of an internal revenue agent to disregard the question of the mertis of the tax case involved and exclude it from evidence? | 011495.docx | LEGALEASE-00135852-LEGALEASE-00135853 |
| Hobby v. State, 480 S.W.2d 554 | 67+7 | Specific ownership of building is not an essential element which needs to be proved in prosecution for burglary; title, as far as law of burglary is concerned, follows possession and possession constitutes sufficient ownership as against burglar. | Is burglary an offense against possession? | 012648.docx | LEGALEASE-00135866-LEGALEASE-00135867 |
| In re Crown Castle Int'l Corp., 247 S.W.3d 349 | 307A+36.1 | Under Delaware law, derivative plaintiffs are not entitled to discovery in order to demonstrate presuit demand futility. | Are derivative plaintiffs not entitled to discovery in order to demonstrate  presuit  demand futility? | 031246.docx | LEGALEASE-00137197-LEGALEASE-00137198 |
| Erlandson v. Erskine, 76 Mont. 537 | 8.30E+266 | Renewal note is treated as new transaction on new promise, if parties' intention was to extinguish original note. | Can a renewal note be treated as a new transaction or promise if governed by the intention of parties? | 009399.docx | LEGALEASE-00138776-LEGALEASE-00138777 |
| The N. Carolina State Bar v. Key, 189 N.C. App. 80 | 388+395(5) | "Ultimate facts" are the final facts required to establish the plaintiff's cause of action or the defendant's defense, and "evidentiary facts" are those subsidiary facts required to prove the ultimate facts. | Are evidentiary facts those facts necessary to prove the ultimate facts? | 023446.docx | LEGALEASE-00140843-LEGALEASE-00140844 |
| Alaska S.S. Co. v. State, 31 Wash. 2d 328 | 371+2005 | The taxing power of a state is one of its attributes of sovereignty and may be exercised at discretion of state subject to constitutional limitations. U.S.C.A.Const. art. 1, S 10, cl. 2. | Is the taxing power of a state subject to constitutional limitations? | 045550.docx | LEGALEASE-00141811-LEGALEASE-00141812 |
| United States v. Jacobs, 431 F.2d 754 | 63+1(1) | Under statute against corruptly giving, offering or promising anything of value to any public official with intent to influence any official act or to influence official to commit any fraud or make opportunity for commission of any fraud on United States or to induce official to do or omit to do any act in violation of his lawful duty, attempted bribery is a crime and so long as bribe is offered or promised with requisite intent to influence any official act, the crime is committed. 18 U.S.C.A. S 201(b). | When is attempted bribery completed? | 012190.docx | LEGALEASE-00142463-LEGALEASE-00142464 |
| State v. Mitchell, 106 Ariz. 492 | 352H+187 | It is presumed that male person charged with assault with intent to commit rape is over 18 years of age. | Is there a presumption that a male charged with assault with intent to commit rape is over 18 years of age? | 043117.docx | LEGALEASE-00143500-LEGALEASE-00143501 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Allwein v. Horn, 558 So. 2d 810 | 307A+746 | Dismissal with prejudice is a severe penalty and should be imposed only in extreme circumstances where plaintiff is clearly aware that his noncompliance with statutory provision outlining pretrial procedure and empowering district court with discretion to order pretrial conference and issue orders concerned therewith will result in dismissal of action. LSA-C.C.P. art. 1551. | Is dismissal with prejudice a severe penalty and should be imposed only in extreme circumstance? | 035534.docx | LEGALEASE-00146180-LEGALEASE-00146181 |
| Wolfe v. Gober, 11 Vet. App. 1 | 34+62 | Policies of National Service Life Insurance (NSLI) are contracts of United States and possess same legal incidence as other government contracts. | Are National Service Life Insurance policies considered contracts of the United States? | 008701.docx | LEGALEASE-00146547-LEGALEASE-00146548 |
| Lai Chan v. Chinese-Am. Planning Council Home Attendant Program, 180 F. Supp. 3d 236 | 231H+1549(11) | Employees' wage-related claims under New York law and Fair Labor Standards Act (FLSA) against employer fell within scope of arbitration provision in collective bargaining agreement (CBA) between employees' bargaining representative and employer, which required that all wage and hour-related claims be submitted to arbitration, even though claims accrued prior to execution of modified CBA which added arbitration provision, where arbitration provision did not contain provision placing temporal limitation on arbitrability. Fair Labor Standards Act of 1938 S 6, 29 U.S.C.A. S 206. | Can an arbitration provision cover claims that accrued prior to the execution of the agreement to arbitrate? | 007834.docx | LEGALEASE-00148869-LEGALEASE-00148870 |
| Kain v. Walke, 12 Ala. 184 | 83E+496 | The death and insolvency of the maker of a note is a sufficient excuse for the failure of the assignee to prosecute a suit against him to judgment, execution, and a return of "No property found." | Can insolvency of the maker of a note a sufficient excuse? | 010637.docx | LEGALEASE-00149443-LEGALEASE-00149444 |
| Mathews v. Federated Serv. Ins. Co., 122 Or. App. 124 | 307A+622 | Court may grant a pretrial motion to dismiss only if complaint, on its face, fails to state a claim. Rules Civ.Proc., Rule 21, subd. A(8). | "On a pre-trial motion to dismiss, can the trial court dismiss only if the pleading on its face fails to state a claim?" | 036770.docx | LEGALEASE-00150098-LEGALEASE-00150099 |
| Jones v. Madison Cty. Comm'rs, 137 N.C. 579 | 104+24 | Const. art. 7, S 7, declares that no county shall contract any debt, pledge its faith, or loan its credit, and that no tax shall be levied, except for the necessary expenses thereof, unless by a vote of a majority of the qualified voters; and section 14 provides that the General Assembly shall have power by statute to modify, change, or abrogate any and all of the provisions of article 7, except sections 7, 9, and 13-section 9 requiring uniform taxation, and section 13 relating to debts of the Confederate government. Held, that Laws 1903, p. 490, c. 289, requiring the funding of the floating indebtedness and the refunding of certain bonds of Madison county, and requiring the laying of a tax for the payment of the bonds, is not in excess of the legislative authority, though the county offices are created by Const. art. 7; the debts in question having been for necessary expenses, and the Legislature, except as limited, having power to supervise and control the action of county officers in governmental matters. Judgment (1904) 47 S.E. 753, 135 N.C. 218, reversed on rehearing. | Does the legislature have power to compel a county to levy a tax for road purposes? | 019100.docx | LEGALEASE-00150566-LEGALEASE-00150567 |
| Barrett v. Dodge, 16 R.I. 740 | 8.30E+10 | If no particular place of payment is specified in a note, the law of the place of contract governs as to the obligation and duty imposed on the maker. | Which law governs a note where no particular place of payment is specified? | 009789.docx | LEGALEASE-00151610-LEGALEASE-00151611 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Valeriano-Cruz v. Neth, 14 Neb. App. 855 | 21+12 | An "affidavit" is a written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation; an affidavit must bear on its face, by the certificate of the officer before whom it is taken, evidence that it was duly sworn to by the party making the same. | Should the affidavit bear on its face to have been taken before the proper officer? | 006626.docx | LEGALEASE-00152951-LEGALEASE-00152952 |
| Harris v. Tower Loan of Mississippi, 609 F.2d 120 | 172H+1561 | Where a transaction is rescinded under Truth in Lending Act, the creditor is not barred from offsetting the value owed to it by the obligor from the sum it initially tendered to the obligor. Truth in Lending Act, S 125(b), 15 U.S.C.A. S 1635(b). | Can the creditor offset the value owed to it by the obligor from the sum it initially tendered to the obligor? | 013807.docx | LEGALEASE-00155649-LEGALEASE-00155650 |
| Harris v. McKay, 138 Va. 448 | 308+92(1) | Where an agent's authority is proved, no question of privity can arise. The doctrine of principal and agent, whether disclosed or undisclosed, recognizes that privity of contract exists between the principal and one dealing with the agent. The act of the agent is the act of the principal. | Does the doctrine of principal and agent recognize that privity of contract exists? | Principal and Agent - Memo 343 - RK_61931.docx | ROSS-003296748-ROSS-003296749 |
| Palmer v. Champion Mortg., 465 F.3d 24 | 172H+1342 | Courts must evaluate the adequacy of Truth in Lending Act (TILA)disclosures from the vantage point of a hypothetical average consumer, a consumer who is neither particularly sophisticated nor particularly dense. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | What is an average consumer? | 013706.docx | LEGALEASE-00155730-LEGALEASE-00155731 |
| Kaptein By & Through Kaptein v. Conrad Sch. Dist., 281 Mont. 152 | 141E+954 | Student's right to participate in extracurricular activities, although not fundamental right, is clearly subject to constitutional protection. | Is a students right to participate in extracurricular school activities a fundamental right? | 016822.docx | LEGALEASE-00156148-LEGALEASE-00156149 |
| Meyers v. City of Jacksonville, 754 So. 2d 198 | 307A+690 | Dismissal of a complaint with prejudice is a severe sanction which should be granted only when the pleader has failed to state a cause of action, and it conclusively appears that there is no possible way to amend the complaint to state a cause of action. | "Is a dismissal for lack of standing without prejudice and thus has no effect on the underlying duties, rights, or obligations of the parties?" | 025132.docx | LEGALEASE-00156981-LEGALEASE-00156982 |
| United States v. Sutcliffe, 505 F.3d 944 | 377E+12(5) | A conviction for transmission in interstate commerce of any communication containing threat to injure requires the specific intent to threaten, and only true threats may be prohibited. 18 U.S.C.A. S 875(c). | What does a conviction require for transmission in interstate commerce of a threatening communication? | 046701.docx | LEGALEASE-00157014-LEGALEASE-00157015 |
| Witherell v. Kelly, 195 A.D. 227 | 156+52.15 | An equitable estoppel need not rest upon a consideration, agreement, or legal obligation. | "Must an equitable estoppel rest upon a consideration, agreement, or legal obligation?" | 017862.docx | LEGALEASE-00159270-LEGALEASE-00159271 |
| Rohatynsky v. Kalogiannis, 763 So. 2d 1270 | 307A+695 | A claim should not be dismissed with prejudice for failure to state a claim without giving the plaintiff an opportunity to amend the defective pleading, unless it is apparent that the pleading cannot be amended to state a cause of action. | "Can leave to amend be denied where there is prejudice to the opposing party, or an amendment would be futile?" | 040254.docx | LEGALEASE-00160825-LEGALEASE-00160826 |
| Bloebaum v. Gen. Am. Life Ins. Co., 734 S.W.2d 539 | 217+1012 | Medical and hospital expense insurance is not insurance in usual sense, providing benefits upon occurrence of an event; it is by definition contract of indemnity, intended to indemnify and hold insured harmless from obligations he is by law compelled to pay. | "Are medical and hospital expense insurance, insurance in the usual sense?" | 019526.docx | LEGALEASE-00161571-LEGALEASE-00161572 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. One Parcel of Real Prop. with Bldgs., Appurtenances, & Improvements, 908 F. Supp. 1070 | 135H+25 | Double jeopardy clause is not limited to "life or limb" sanctions; clause also applies to imprisonment and monetary penalties. U.S.C.A. Const.Amend. 5. | "Is a double jeopardy clause is not limited to ""life or limb"" sanctions?" | Double Jeopardy - Memo 119 - C - BP_65898.docx | ROSS-003284411-ROSS-003284412 |
| Bologna Bros. v. Morrissey, 154 So. 2d 455 | 8.30E+10 | Legal effect of notes is governed by law of country where they were executed and delivered; this rule applies to accommodation paper. | Is the legal effect of promissory notes governed by the law of the country where they were executed and delivered? | Bills and Notes - Memo 1349 - RK_66252.docx | ROSS-003279885-ROSS-003279886 |
| State v. Green, 896 N.W.2d 770 | 203+530 | When an individual acts on state of mind which prompts one to do wrongful act intentionally without legal justification or excuse, the individual is said to have acted with malice aforethought. | What is malice aforethought? | 019393.docx | LEGALEASE-00164054-LEGALEASE-00164055 |
| Moore v. Com., 254 Va. 184 | 352H+259 | Penetration by penis of a vagina is essential element of crime of rape; proof of penetration, however slight the entry may be, is sufficient. | Is slight penetration sufficient to constitute rape? | 043157.docx | LEGALEASE-00164906-LEGALEASE-00164907 |
| Denver Feed Co. v. City of Commerce City, 702 P.2d 285 | 371+2016 | Taxing authority may assess and collect taxes only within the express authority conferred by law. | Should the taxing authority assess and collect taxes only within the express authority conferred by law? | 046584.docx | LEGALEASE-00166613-LEGALEASE-00166614 |
| Haygood v. Head, 305 Ga. App. 375 | 21+12 | In the absence of a valid jurat, a writing in the form of an affidavit has no force and no validity and amounts to nothing, when standing alone or when construed in connection with other evidence; to make a valid affidavit, the affiant must swear to it, and the fact of his swearing must be certified by a proper officer. | Is verification of an affidavit without effect in the absence of a jurat? | Affidavits - Memo 87 - _1nVtvxE0kpW99kyVBsk5Uq8P-QZB8-R2a.docx | ROSS-000000268-ROSS-000000269 |
| People v. Stout, 193 Colo. 466 | 3.77E+13 | Actual subjective fear on part of victim is not a necessary element of crime of menacing. C.R.S. '73, 18-3-206. | Is actual subjective fear on the part of the victim a necessary element of the crime of menacing? | Threats - Memo #167- C - LB_62768.docx | ROSS-003279453-ROSS-003279454 |
| Archangel Diamond Corp. v. Lukoil, 123 P.3d 1187 | 307A+681 | "Documentary evidence," which can be considered on a motion to dismiss for lack of personal jurisdiction, consists of the allegations in the complaint, as well as affidavits and any other evidence submitted by the parties. | "Does ""documentary evidence"" consist of the allegations in the complaint along with any affidavits and any other evidence submitted by the parties?" | Pretrial Procedure - Memo # 9798 - C - TM_61418.docx | ROSS-003280465-ROSS-003280466 |
| AXA Art Americas Corp. v. Pub. Storage, 208 F. Supp. 3d 820 | 13+27(1) | When the only loss or damage that a plaintiff has suffered is to the subject matter of the contract, under Texas law, the plaintiff's action is ordinarily on the contract. | "When the only loss or damage is to the subject matter of the contract, is the plaintiff's action ordinarily on the contract?" | Action - Memo 957 - C - SHB_68582.docx | ROSS-003280677-ROSS-003280678 |
| Myers v. Cohen, 67 Haw. 389 | 307A+693.1 | Dismissal of a claim for want of prosecution does not dispose of a counterclaim, and a counterclaim may be adjudicated on the merits even where a complaint is dismissed. | Does dismissal of a claim for want of prosecution dispose of a counterclaim? | Pretrial Procedure - Memo # 10643 - C - NE_62459.docx | ROSS-003280692-ROSS-003280693 |
| In re Trask, 462 B.R. 268 | 366+1 | Under Maine law, equitable subrogation is a concept derived from principles of restitution and unjust enrichment. | Is equitable subrogation a concept derived from principles of restitution and unjust enrichment? | Subrogation - Memo 261 -VP C.docx | ROSS-003281724-ROSS-003281725 |
| Bougadis v. Langefeld, 69 Ill. App. 3d 1010 | 228+185.1(1) | Where affidavits filed in support of defendants' motion for summary judgment contained assertions which were within personal knowledge of respective affiants, and statements which were not conclusions but were facts of type which would be admissible in evidence, there were no significant deficiencies in affidavits, even though statements were in narrative form. Supreme Court Rules, rules 191, 191(a), S.H.A. ch. 110A, SS 191, 191(a). | Can an affidavit be taken in as evidence? | Affidavits - Memo 7-ANG.docx | ROSS-003282243-ROSS-003282244 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Burns v. Neiman Marcus Grp., 173 Cal. App. 4th 479 | 8.30E+27 | A "check" is simply an order to the drawee bank to pay the sum stated, signed by the maker and payable on demand. West's Ann.Cal.Com.Code S 3103. | Is check merely an order to pay the sum which has been stated? | Bills and Notes - Memo 760 - KC_58511.docx | ROSS-003282863-ROSS-003282864 |
| State v. C.J.F., 183 S.W.3d 841 | 135H+100.1 | The time when jeopardy attaches in a jury trial serves as the lynchpin for all double jeopardy jurisprudence; after jeopardy attaches, any charge that is dismissed, waived, abandoned or on which the jury returns an acquittal may not be retried. U.S.C.A. Const.Amend. 5. | Does the time when jeopardy attaches in a jury trial serve as the lynchpin for all double jeopardy jurisprudence? | Double Jeopardy - Memo 785 - C - SN_67790.docx | ROSS-003282916-ROSS-003282917 |
| Geiselman v. Anderson, 242 S.W. 798 | 289+768 | Allegations of partnership can be controverted only by a special plea, denying under oath the fact of the partnership, and, unless so denied, such allegations are taken as confessed. | Can allegations of a partnership be taken as confessed if not denied under oath? | Partnership - Memo 509 - SB_64868.docx | ROSS-003283091-ROSS-003283092 |
| Pramer S.C.A. v. Abaplus Int'l Corp., 76 A.D.3d 89 | 13+5 | Private right of action is not implied under the commercial bribery provisions of the Penal Law. | Is a private right of action implied under the commercial bribery provisions of a penal law/statute? | Bribery - Memo # 7 - TH.docx | ROSS-003283199-ROSS-003283200 |
| Matthews v. Malkus, 377 F. Supp. 2d 350 | 386+1 | Under New York law, requisite elements for claim of trespass are: (1) intentional entry by defendants onto plaintiff's land, and (2) wrongful use without justification or consent. | What are the elements of a trespass claim? | Trespass - Memo 27 - RK.docx | ROSS-003284310-ROSS-003284311 |
| Chicago W. Div. Ry. Co. v. Rend, 6 Ill. App. 243 | 386+4 | Where an injury is inflicted to a plaintiff's right by a willful act of force, it constitutes a trespass. | Does an injury inflicted to a plaintiff's right by a willful act constitute a trespass? | Trespass - Memo 100 - RK.docx | ROSS-003284834-ROSS-003284835 |
| Frigard v. United States, 862 F.2d 201 | 170A+1837.1 | Ordinarily, case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice. | Should a case dismissed for lack of subject matter jurisdiction be dismissed without prejudice so that a plaintiff can reassert his claims in a competent court? | Pretrial Procedure - Memo # 10238 - C - NE_61743.docx | ROSS-003284957-ROSS-003284958 |
| Replay v. Sec'y of Treasury of Puerto Rico, 778 F. Supp. 2d 207 | 92+3936 | Fifth Amendment applies to actions of the federal government, not those of private individuals, or of state, local or municipal governments. U.S.C.A. Const.Amend. 5. | Does the Fifth Amendment only apply to actions of the federal government? | Eminent Domain - Memo 152 - RK.docx | ROSS-003285489-ROSS-003285490 |
| State v. Standard, 232 Or. 333 | 203+839 | To state crime of involuntary manslaughter in doing of lawful act, indictment must set forth in detail acts or omissions which were performed without due caution or circumspection, pleaded as in civil actions for negligence. ORS 163.040. | Can a crime be committed by an otherwise lawful act performed without due caution? | Homicide - Memo 33 - RK.docx | ROSS-003285591-ROSS-003285592 |
| Oliver v. Coffman, 112 Ind. App. 507 | 302+8(1) | An "ultimate fact" within meaning of rule requiring that such facts be pleaded is the final or resultant fact that has been reached by the processes of logical reasoning from the detailed or probative facts. | Are ultimate facts the final facts reached by the process of logical reasoning? | Pleading - Memo 114 - RMM.docx | ROSS-003286097-ROSS-003286099 |
| Padilla ex rel. Newman v. Bush, 233 F. Supp. 2d 564 | 34+1 | President may exercise his powers as Commander in Chief without a declaration of war. | Can the president exercise his powers as commander in chief without a declaration of war? | Armed Forces - Memo 5 - RK.docx | ROSS-003286627-ROSS-003286628 |
| Adamovic v. METME Corp., 961 F.2d 652 | 25T+113 | Federal policy favoring arbitration does not give courts license to compel arbitration absent agreement to do so. | Does Federal policy favoring arbitration give courts license to compel arbitration | Alternative Dispute Resolution - Memo 88 - JS.docx | ROSS-003289187-ROSS-003289188 |
| Burt v. Beautiful Savior Lutheran Church of Broomfield, 809 P.2d 1064 | 386+10 | "Trespass" is physical intrusion upon property of another without permission of person lawfully entitled to possession of real estate, and liability requires only intent to do act that itself constitutes or inevitably causes intrusion, without reference to nature or immediacy of harm or whether intrusion was caused by negligent act. | Does liability for trespass requires only an intent to do the act that itself constitutes the intrusion? | Trespass -Memo -54- VP.docx | ROSS-003289350-ROSS-003289351 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Ballestas, 795 F.3d 138 | 110+97(3) | Maritime Drug Law Enforcement Act (MDLEA) conspiracy provision applied extraterritorially to reach defendant's conduct in Colombia; extraterritorial reach of MDLEA's substantive prohibitions was clear and such application was consistent with Congress's purpose in enacting it, even though its conspiracy prohibition was codified in separate statutory section. 46 U.S.C.A. S 70506(b). | Does the Maritime Drug Law Enforcement Act apply to acts committed outside the territorial jurisdiction of the United States? | Admiralty Law - Memo 30 - JS.docx | ROSS-003289788-ROSS-003289790 |
| Neal v. State Farm Fire & Cas. Co., 300 Ga. App. 68 | 352H+51(1) | Defendant who was charged with attempted statutory rape was not entitled to cross-examine victim as to whether she told him she was 16; knowledge of the age of the victim was not an element of the offense of statutory rape, and reasonable belief that the victim was of the age of consent was not a defense to statutory rape. | Is knowledge of victim's age an element in statutory rape? | Sex Offence - Memo 44 - SB.docx | ROSS-003290922-ROSS-003290923 |
| Farmer v. State, 341 Ark. 220 | 352H+190 | Sexual gratification, like intent, is rarely capable of proof by direct evidence and must usually be inferred from the circumstances. A.C.A. SS 5-14-101(1)(B), 5-14-103. | Can sexual gratification be inferred from the circumstances? | Sex Offence - Memo 58 - SB.docx | ROSS-003291806-ROSS-003291807 |
| Owens v. Trammell, 792 F.3d 1234 | 135H+1 | The Double Jeopardy Clause prevents the government from placing a defendant in jeopardy twice for the same offense. U.S.C.A. Const.Amend. 5. | Does double jeopardy prevent the government from placing a defendant in jeopardy twice for the same offense? | Double Jeopardy - Memo 650 - C - PC_68427.docx | ROSS-003292403-ROSS-003292404 |
| Eeastern. Acceptance Corp. v. Kavlick, 10 N.J. Super. 253 | 83E+430 | Endorsement "without recourse" is not restrictive endorsement but is qualified endorsement which does not impair negotiable character of instrument, and since its purpose is simply to exempt endorser from liability for payment of instrument in event it is dishonored at maturity, its presence does not indicate that endorser's title may be defective. R.S. 7:2-36, 38; R.S. 7:2-36, 38, N.J.S.A. | Is an endorsement without recourse a restrictive endorsement or a qualified endorsement? | Bills and Notes - Memo 21 - KC_63606.docx | ROSS-003295906-ROSS-003295907 |
| First Nat. Bank & Tr. Co. of Augusta v. Georgia R.R. Bank & Tr. Co., 238 Ga. 693 | 8.30E+76 | Once check had been acted upon by drawee bank, its drawer no longer had authority to stop payment. Code, SS 109A-4-303, 109A-4-403. | Does a drawer have authority to stop payment on a check that has been acted upon by a bank? | Bills and Notes - Memo 1457 - RK_66513.docx | ROSS-003296705 |
| QVC v. Resultly, 159 F. Supp. 3d 576 | 386+6 | Under Pennsylvania law, a trespass to a chattel may be committed by intentionally: (1) dispossessing another of the chattel, or (2) using or intermeddling with a chattel in the possession of another. Restatement (Second) of Torts S 217. | What are the elements to the tort of trespass to chattel? | Trespass - Memo 120 - RK.docx | ROSS-003297648-ROSS-003297649 |
| Stern v. Cosby, 645 F. Supp. 2d 258 | 237+51(5) | In deciding whether a story was published with actual malice, a book publisher has no independent duty to investigate an author's story unless the publisher has actual, subjective doubts as to the accuracy of the story. | Does a publisher have a duty to investigate the accuracy of reports or stories? | Libel and Slander - Memo 154 - RK.docx | ROSS-003298186-ROSS-003298188 |
| Hyosung Am. v. Sumagh Textile Co., 934 F. Supp. 570 | 308+8 | Under New York law, elements of agency relationship are manifestation by principal that agent shall act for him, acceptance of undertaking by agent, and understanding between parties that principal is to be in control of undertaking; of these, critical element is control of agent by principal. | What are the elements required to form an agency relationship? | Principal and Agent - Memo 7 - RK.docx | ROSS-003298826-ROSS-003298827 |
| In re Trans World Airlines, 261 B.R. 103 | 13+61 | Generally, one has right to institute suit, so that cause of action will have accrued, when a wrong has been done, a duty has been breached, or an injury has been inflicted. | What is the right to institute suit? | Action - Memo # 148 - C - CS.docx | ROSS-003299216-ROSS-003299217 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kenney v. Rockingham Sch. Dist., 123 Vt. 344 | 413+1 | Vermont does not stand outside all development in workmen's compensation law and, when, justifiable, its concepts are not to be denied development and expansion. | "When justifiable, should the concepts of a state's workmen's compensation statute be denied development and expansion?" | Workers Compensation - Memo #190 ANC.docx | ROSS-003302065-ROSS-003302066 |
| Roby v. Day, 635 P.2d 611 | 289+558 | Each partner is possessed of a joint interest in the whole but does not own any separate part of the partnership property; partner's rights in a partnership is an intangible property right, a chose in action, and a right to receive money shown to be due on liquidation and accounting. | Is a partner's right in partnership property an intangible one? | Partnership - Memo 271 - RK.docx | ROSS-003302865-ROSS-003302866 |
| In re Crown Castle Int'l Corp., 247 S.W.3d 349 | 307A+36.1 | Under Delaware law, derivative plaintiffs are not entitled to discovery in order to demonstrate presuit demand futility. | Are derivative plaintiffs not entitled to discovery in order to demonstrate presuit demand futility? | Pretrial Procedure - Memo # 4602 - C - KG.docx | ROSS-003303588-ROSS-003303589 |
| Landry v. Istre, 510 So. 2d 1310 | 322H+1276 | Civil Code articles relative to redhibitory sales are applicable to contracts of exchange. LSA-C.C. art. 2667. | "Do all the Civil Code provisions relative to the contract of sale, that includes redhibitory sales, apply to the contract of exchange?" | Exchange of Property - Memo 27 - DB_64041.docx | ROSS-003308045-ROSS-003308046 |
| In re Frankum, 399 B.R. 498 | 366+1 | Right to assert subrogation rights is not automatic, and court must look to the particular facts and circumstances of a case to determine if subrogation is appropriate. | Is the right to assert subrogation rights automatic? | Subrogation - Memo 327 RM C.docx | ROSS-003311492-ROSS-003311493 |
| Colonial Sur. Co. v. United States, 108 Fed. Cl. 622 | 366+1 | "Equitable subrogation" is a creature of equity, is enforced solely for the purpose of accomplishing the ends of substantial justice, and is independent of any contractual relations between the parties. | What is equitable subrogation? | Subrogation - Memo 115 VP C.docx | ROSS-003312609-ROSS-003312610 |
| United States v. Alfisi, 308 F.3d 144 | 63+1(2) | Bribery involves the giving of value to procure a specific official action from a public official. 18 U.S.C.A. S 201(b)(1)(A). | Does bribery involve the giving of value to procure a specific official action from a public official? | Bribery - Memo # 36 - C - SD.docx | ROSS-003313364-ROSS-003313366 |
| St. Bernard Trappers' Ass'n v. Michel, 162 La. 366 | 307A+501 | Plaintiff may discontinue suit at any time, unless there is reconventional demand or prejudice to defendant's rights. Code Prac. art. 491. | "Can a plaintiff discontinue a suit at any time, unless there is a re-conventional demand or prejudice to a defendant's rights?" | Pretrial Procedure - Memo # 1657 - C - KG.docx | ROSS-003314091-ROSS-003314092 |
| Fireman's Fund Ins. Co. v. Wagner Fur, 760 F. Supp. 1101 | 50+16 | Any unauthorized delivery of bailed property by bailee, even delivery to wrong person resulting from bailee's good-faith mistake, constitutes "conversion." | Does the unauthorized delivery of property by the bailee to the wrong person constitute conversion? | Bailment - Memo 49 - RK.docx | ROSS-003315987-ROSS-003315989 |
| In re Karp, 373 B.R. 837 | 366+1 | Under Illinois law, there are two types of subrogation: "conventional subrogation," which is based on express or implied agreement, and "legal subrogation," which arises by operation of law. | What are the two types of subrogation based upon? | Subrogation - Memo # 543 - C - SU.docx | ROSS-003324448-ROSS-003324450 |
| Washington Mut. Bank v. Chiappetta, 584 F. Supp. 2d 961 | 366+1 | Equitable subrogation exists under Ohio law to alleviate inequities due to fraud and mistake. | Does equitable subrogation exist to alleviate inequities due to fraud and mistake? | Subrogation - Memo 547 C - SA.docx | ROSS-003324968-ROSS-003324969 |
| East Lake Creek Ranch, LLP v. Brotman, 998 P.2d 46 | 315+609 | One test for determining whether a transaction constitutes a "sale" or instead an "exchange" is whether there is a fixed value at which the exchange is to be made; if there is a fixed value, it is a sale. | What test determines whether a transaction constitutes a sale or an exchange of property? | Exchange of Property - Memo 1 - RK.docx | ROSS-003326557-ROSS-003326558 |
| Howard v. Ferrellgas Partners, 748 F.3d 975 | 25T+112 | While the Federal Arbitration Act (FAA) favors arbitration, before the FAA's heavy hand in favor of arbitration swings into play, the parties themselves must agree to have their disputes arbitrated. 9 U.S.C.A. S 1 et seq. | Does Federal Arbitration Act (FAA) favor arbitration? | Alternative Dispute Resolution - Memo 84 - AKA.docx | ROSS-003326588-ROSS-003326589 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hooks v. Fourth Court of Appeals, 808 S.W.2d 56 | 307A+501 | In ordinary case, absent special statutory provisions, plaintiff has absolute right to take nonsuit. | "In ordinary case, does the plaintiff have an absolute right to take a non suit?" | Pretrial Procedure - Memo # 962 - C - TJ.docx | ROSS-003330729-ROSS-003330730 |
| Phillips Home Builders v. Travelers Ins. Co., 700 A.2d 127 | 217+1832(1) | If relevant insurance contract language is clear and unambiguous, it must be given its plain meaning; however, if there is ambiguity, contract language must be construed most strongly against insurer that drafted it. | When is an insurance policy ambiguous? | 000181.docx | LEGALEASE-00115664-LEGALEASE-00115665 |
| State ex rel. Murphy v. Aronson, 330 S.W.2d 140 | 277+9 | "Reasonable notice" is one that provides an opportunity for a litigant to present his views as to matters instantly before the court which may affect his rights. | What is a reasonable notice under the law? | 000274.docx | LEGALEASE-00115565-LEGALEASE-00115566 |
| Hoose v. Doody, 886 N.E.2d 83 | 20+86 | Western landowners could not have reasonably believed in good faith that they both owned northern lot by adverse possession and also that they did not have to pay taxes on the northern lot, and thus their failure to pay taxes on the northern lot did not satisfy the adverse possession tax statute, which required an adverse possession claimant to pay all taxes that the "claimant reasonably believes in good faith to be due on the land." West's A.I.C. 32-21-7-1. | What requirements need to be fulfilled in order to claim a title under adverse possession? | Adverse Possession - Memo 8 - RM.docx | LEGALEASE-00000435-LEGALEASE-00000437 |
| SCAC Transp. (USA) Inc. v. S.S. Danaos, 578 F. Supp. 327 | 25T+111 | By consenting to arbitration a party relinquishes certain rights and safeguards provided by judicial system; if a party does not consent to arbitration, however, it retains these rights and should not be bound by an arbitration award. | What is the consequence of consenting to arbitration? | 000075.docx | LEGALEASE-00115403-LEGALEASE-00115404 |
| N. Am. Van Lines v. Lexington Ins. Co., 678 So. 2d 1325 | 217+3419 | While concept of bad faith arose in connection with liability policies, good faith obligation is implied in all insurance contracts. | Are insurance contracts considered as contract of good faith? | Insurance - Memo 13 VP.docx | LEGALEASE-00000545-LEGALEASE-00000547 |
| Hughes v. Cornerstone Inspection Grp., 336 Ga. App. 283 | 21+1 | Affidavits are admissible forms of evidence that may be filed in opposition to motions. West's Ga.Code Ann. SS 9-11-6(d), 9-11-56(c); Uniform Superior Court Rule 6.2. | Can affidavits be considered as an admissible form of evidence? | 07317.docx | LEGALEASE-00077623-LEGALEASE-00077625 |
| In re MacDonald, 326 B.R. 6 | 51+2556 | Prohibition against assignment of personal injury claims under Massachusetts common law did not affect or limit Chapter 7 trustee's rights to debtor's prepetition personal injury claim, which arose by operation of law, pursuant to bankruptcy statute defining "property of the estate," rather than by assignment. Bankr.Code, 11 U.S.C.A. S 541(a). | Does the law prohibit assignment of personal injury claims? | Assignments - Memo 11 - JS.docx | ROSS-003284492-ROSS-003284493 |
| Reedy v. Bussell, 148 Cal. App. 4th 1272 | 30+4173 | In order to obtain a reversal based upon such a procedural flaw in the notice for a motion, the appellant must demonstrate not only that the notice was defective, but that he or she was prejudiced. | What should a party demonstrate to claim insufficient or defective notice? | 003849.docx | LEGALEASE-00115789-LEGALEASE-00115790 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Estate of Starkel, 134 Wash. App. 364 | 409+302(1) | Statute providing that whenever any matter in official proceeding is required to be proved by affidavit, matter may with like force and effect be proved by unsworn written statement that meets certain criteria applied in will contest to give "like force and effect" to will witnesses' self-proving affidavit, which complied with that statute's express requirements, in lieu of notarized affidavit otherwise required under statute prescribing formal requirements for valid will; witnesses' attestation became relevant when will's validity was challenged, thereby subjecting will to probate, which clearly was official judicial proceeding. West's RCWA 9A.72.085, 11.12.020(2). | Are unsworn statements signed under the penalty of perjury permitted in lieu of affidavits? | 07320.docx | LEGALEASE-00077599-LEGALEASE-00077600 |
| Rodriquez v. Texas Farmers Ins. Co., 903 S.W.2d 499 | 30+204(4) | When appellate complaint relates to substance of affidavit, it is not necessary that objection be pointed out to trial court, because there is no requirement of opportunity to amend such a complaint. | Will defects of substance in affidavits be allowed to be amended? | Affidavits - Memo 14 - MS.docx | ROSS-003301197-ROSS-003301198 |
| City of Atchison v. Bartholow, 4 Kan. 124 | 21+1 | Code, S 343, defines an "affidavit" to be a declaration under oath made without notice to the adverse party, but the next section declares a deposition to be a declaration under oath made on notice to the adverse party. | What distinguishes affidavit from deposition? | 06066.docx | LEGALEASE-00077680-LEGALEASE-00077681 |
| State v. Quartier, 114 Or. 657 | 307A+61 | Under Or.L. SS 826, 827, ORS 45.020, 45.030, distinction between "affidavit" and "deposition" is that latter is taken with notice to adverse party for purpose of enabling him to attend and cross-examine. | What distinguishes affidavit from deposition? | 06602.docx | LEGALEASE-00077753-LEGALEASE-00077754 |
| State v. Sachs, 264 S.C. 541 | 349+101 | Search warrant does not offend the constitution so long as it is issued upon affidavit or affirmation. | Will a search warrant issued upon affidavit or affirmation offend the Constitution? | Affidavits - Memo 3-ANG.docx | ROSS-003288512-ROSS-003288513 |
| F.H. Paschen/S.N. Nielsen v. Burnham Station, 372 Ill. App. 3d 89 | 21+17 | Courts must accept an affidavit as true if it is uncontradicted by counteraffidavits or other evidentiary materials. | Can courts accept an affidavit as true if it is uncontradicted by counter-affidavits or other evidentiary materials? | 003870.docx | LEGALEASE-00115930-LEGALEASE-00115931 |
| In re Hyde's Estate, 218 N.Y. 55 | 21+18 | Ex parte affidavits although truth may often be found therein, are weak evidence, to be received with caution in every case. | Are affidavits regarded as weak evidence? | 003874.docx | LEGALEASE-00115943-LEGALEASE-00115945 |
| Gantz v. Dir. of Revenue, 858 S.W.2d 793 | 267+29 | Trial court is generally free to believe or disbelieve statements made in affidavits offered as evidence on motions. | Can the trial court disbelieve an affidavit? | Affidavits- Memo 23 - ANG.docx | LEGALEASE-00000891-LEGALEASE-00000892 |
| Emery v. Orleans Levee Bd., 11 So. 2d 652 | 21+1 | An "affidavit" is nothing more than a sworn statement made by one who is not subjected to cross-examination, whereas "testimony" in the record comes from witnesses who appear in open court and are subject to cross-examination. | Can an affidavit be subjected to cross examination? | 06285.docx | LEGALEASE-00077837-LEGALEASE-00077838 |
| Jackson Park Yacht Club v. Illinois Dep't of Local Gov't Affairs, 93 Ill. App. 3d 542 | 238+53 | License is not assignable, and merely gives another right to use premises for specific purpose with owner retaining possession and control. | Are licenses assignable? | Assignments - Memo 23 - AKA.docx | ROSS-003296262-ROSS-003296263 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| LaBarge Pipe & Steel Co. v. First Bank, 550 F.3d 442 | 195+4 | Under Louisiana law, a "standby letter of credit" is similar to a "guaranty" in that it acts as a protection against default by a customer in a purchase agreement; however, a guaranty differs from a standby letter of credit in that under a standby letter of credit, the beneficiary has bargained for the right to be paid upon presentation of specific documents, even if the beneficiary defaults on the underlying contract with the applicant. | Is a standby letter of credit similar to a guaranty? | 003951.docx | LEGALEASE-00115884-LEGALEASE-00115885 |
| State v. Negron, 5 Conn. Cir. Ct. 159 | 277+12 | Where there is any ambiguity in terms of notice, rendering its meaning doubtful, doubt must be resolved against person giving notice. | Will an ambiguity in the terms of a notice be resolved against the person giving the notice? | 003964.docx | LEGALEASE-00115970-LEGALEASE-00115971 |
| Gantz v. Dir. of Revenue, 858 S.W.2d 793 | 267+29 | Trial court is generally free to believe or disbelieve statements made in affidavits offered as evidence on motions. | Can the trial court disbelieve an affidavit? | 003881.docx | LEGALEASE-00115966-LEGALEASE-00115967 |
| Howard v. Henderson, 142 Ga. 1 | 315+133 | Under Civ.Code 1910, S 3671, a life tenant's conveyance of a greater estate than she possesses will not work a forfeiture as at common law. | What happens when a life tenant conveys a greater estate than they possess? | Life Estate - Memo 12-JS.docx | ROSS-003282857-ROSS-003282859 |
| Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142 | 311H+21 | Boilerplate objections or blanket refusals inserted into a response to a request for production of documents are insufficient to assert a privilege; however, a privilege is not waived per se if a privilege log is not produced within the 30-day time limit for responding to such requests. Fed.Rules Civ.Proc.Rule 34, 28 U.S.C.A. | Will a privilege be waived if a privilege log is not produced within thirty day time limit? | 005308.docx | LEGALEASE-00116041-LEGALEASE-00116043 |
| Reardon v. Riggs Nat. Bank, 677 A.2d 1032 | 315+131 | Ownership rights consist not only of present right to possession and use of property, but also of right to future use; accordingly, one person may own life estate, with future interest in remainderman upon life tenant's death. | Do ownership rights in property consist future use? | 003038.docx | LEGALEASE-00116098-LEGALEASE-00116099 |
| Certain Underwriters at Lloyd's London v. Westchester Fire Ins. Co., 489 F.3d 580 | 25T+230 | Arbitration is a creature of contract, and an arbitration panel has the authority to decide only the issues that have been submitted for arbitration by the parties. | Does an arbitration panel has authority to decide issues that are not submitted for arbitration by the parties? | 003760.docx | LEGALEASE-00116162-LEGALEASE-00116163 |
| Momand v. Twentieth-Century Fox Film Corp., 37 F. Supp. 649 | 38+24(1) | Under Oklahoma law relating to assignments of causes of action, a tort pure and simple is any tort which does not arise out of a contract express or implied. 12 Okl.St.Ann. SS 221, 1051; 60 Okl.St.Ann. SS 312, 313. | Are assignments of a cause of action in a tort valid? | Assignments - Memo 33 - JS.docx | ROSS-003297957-ROSS-003297958 |
| In re Johnson, 554 B.R. 448 | 38+12 | Under California law, creditor did not have a valid assignment of, or security interest in, Chapter 11 debtor's salary under player contract, where the wage assignment did not contain a statement that debtor, who was a professional hockey player, had not made any prior assignment of other property in addition to wages as consideration in the same transaction, an earnings withholding order against debtor's wages or salary was in force, and, barring injury, debtor had to play hockey in order to receive the full salary provided for in the player contract and had other obligations under the contract that he had to perform or risk reduction in pay or, ultimately, termination. Cal. Lab. Code S 300. | Is the consent of a spouse required for an assignment of wages? | Assignments - Memo 34-JS.docx | LEGALEASE-00001458-LEGALEASE-00001460 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| First Nat. Bank of Juneau v. Martin, 16 Alaska 313 | 38+7 | A vested interest in decedent's estate is assignable, including a future or contingent estate, if person to take it is certain and if coupled with an interest. | Is a vested future interest assignable? | Assignments - Memo 41 - JS.docx | LEGALEASE-00001464-LEGALEASE-00001466 |
| Gov't of V.I. v. 0.459 Acres of Land Consisting of Following: ~£Parcel No. 6A Estate Thomas Kings Quarter & Parcel No. 9A, Estate Thomas, Virgin Islands, 286 F. Supp. 2d 501 | 25T+112 | Arbitration is completely voluntary remedy, and litigants may freely contract to refer their dispute to arbitration, as alternative to litigation. | Can litigants freely refer their disputes to arbitration? | 004167.docx | LEGALEASE-00116250-LEGALEASE-00116252 |
| Hoffman v. Cargill Inc., 236 F.3d 458 | 25T+111 | Arbitration is not designed to be a perfect system of justice, but is designed primarily to avoid the complex, time-consuming and costly alternative of litigation. | Is arbitration a perfect system of justice? | 004170.docx | LEGALEASE-00116253-LEGALEASE-00116254 |
| Estate of Guido v. Exempla, 2012 COA 48, 9, 292 P.3d 996 | 25T+357 | An arbitration award confirmation proceeding is a special statutory proceeding, not a "civil action" in the ordinary meaning of that term. West's C.R.S.A. SS 13-22-205, 13-22-222(1); Rules Civ.Proc., Rule 3(a). | Is an arbitration proceeding a civil action? | 06331.docx | LEGALEASE-00078395-LEGALEASE-00078396 |
| Kingsbrook Jewish Med. Ctr. v. Richardson, 486 F.2d 663 | 360+191.6(1) | The Administrative Procedure Act constitutes a waiver of sovereign immunity concerning those claims which come within its scope. 5 U.S.C.A. SS 701-706. | Does the Administrative Procedure Act constitute a waiver of sovereign immunity? | 004483.docx | LEGALEASE-00116401-LEGALEASE-00116402 |
| Farmer v. Mach. Craft, 406 So. 2d 981 | 50+1 | In order to constitute "bailment" there must be change of possession, actual or constructive, and bailee must have voluntarily assumed custody and possession of property for another. | What constitutes bailment? | Bailment - Memo 8 - ANG.docx | ROSS-003284230-ROSS-003284232 |
| Moody v. People, 65 Colo. 339 | 146+1 | Embezzlement is common-law larceny extended by statute to cover cases where the stolen property comes originally into the possession of the defendant without a trespass. | What is embezzlement? | Embezzlement- Memo 13 - VP.docx | ROSS-003311490-ROSS-003311491 |
| Rockstead v. City of Crystal Lake, 486 F.3d 963 | 148+1 | The Constitution does not forbid government to take private property for public use; it merely requires that, if it does so, it pay the owner just compensation. U.S.C.A. Const.Amend. 5. | Does the federal constitution forbid takings? | Eminent Domain - Memo 4 - AKA.doc | LEGALEASE-00002117-LEGALEASE-00002118 |
| Scott v. Doggett, 226 S.W.2d 183 | 192+7 | "Good will", although intangible, is an integral part of the business the same as the physical assets, and the rule for measuring damages to good will is the same as that for measuring damages to any other property. | Can goodwill which is intangible be considered an integral part of the business? | Goodwill - Memo 18 - ANG..docx | ROSS-003284357-ROSS-003284359 |
| May v. May, 214 W. Va. 394 | 134+797 | There are a variety of acceptable methods of valuing the goodwill of a professional practice for purposes of equitable distribution, and no single method is to be preferred as a matter of law. | Is there a single acceptable method of valuing goodwill? | 05836.docx | LEGALEASE-00089223-LEGALEASE-00089225 |
| Crooks v. Moses, 138 S.W.3d 629 | 272+200 | For the negligent activity theory of liability to be applicable, the evidence must show that the injuries were directly related to the activity itself. | When does the negligent activity theory of liability be applicable in an action? | 004448.docx | LEGALEASE-00116705-LEGALEASE-00116706 |
| United States v. Nat'l City Lines, 80 F. Supp. 734 | 361+1567 | Matters of venue and change of venue are as a rule mere incidences of procedure, and statutes relating to remedies and procedure operate retrospectively. | Can matters of venue operate retrospectively? | Venue - Memo 11 - RM.docx | ROSS-003311232-ROSS-003311234 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bohannon v. State, 1954 OK CR 48 | 50+1 | A "bailment" involves either an express or implied mutual agreement to safe keep property between the owner and its custodian either gratuitously or for some consideration. | What does bailment involve? | Bailment - Memo 5 - JS.docx | ROSS-003297712-ROSS-003297713 |
| Celotex Corp. v. Illinois Pollution Control Bd., 65 Ill. App. 3d 776 | 1.49E+15 | Purpose of variance procedure under Environmental Protection Act is to give temporary relief to a polluter while encouraging future compliance. S.H.A. ch. 1111/212, S 1035. | What is the purpose of the variance procedure under the EPA? | 004553.docx | LEGALEASE-00116520-LEGALEASE-00116522 |
| Discovery S. Grp., Ltd. v. Pollution Control Bd., 275 Ill. App. 3d 547 | 149E+323 | Proof that noise unreasonably interfered with enjoyment of life and lawful activity, for purposes of section of Environmental Protection Act (EPA) prohibiting noise pollution, does not require proof with respect to each of criteria listed in Act for consideration by Pollution Control Board. S.H.A. 415 ILCS 5/33(c); Ill. Admin. Code title 35, SS 900.101, 900.102. | Does unreasonable interference require proof with respect to the criteria listed in Section 33(c) of the EPA? | Environmental Law - Memo 28 - JS.docx | ROSS-003284775-ROSS-003284776 |
| Seizer v. Sessions, 132 Wash. 2d 642 | 253+756 | Mere physical separation does not dissolve a marital community; however, it is not necessary for purposes of statute governing earnings and accumulations of husband and wife "living separate and apart" that dissolution action be final or even pending. West's RCWA 26.16.140. | Does the community property dissolve after separation? | 004803.docx | LEGALEASE-00116741-LEGALEASE-00116742 |
| Craig ex rel. Estate of Craig v. Zink, 2016 IL App (4th) 150939 | 162+227(1) | A claim against an estate is not a pleading within the meaning of the Civil Code, and it need not set forth a formal cause of action. | Is a claim against an estate a pleading? | Pleading - Memo 10 - VP.docx | ROSS-003286044-ROSS-003286045 |
| John T. Handy Co. v. Carman, 102 Md. App. 188 | 50+1 | Modern usage divides bailments into three types: (1) for sole benefit of bailor and this encompasses depositum and mandatum bailments; (2) for sole benefit of bailee and this encompasses commodatum bailments; and (3) for mutual benefit of both and this encompasses locatum and pignori acceptum or vadium bailments. | Does a bailment provide mutual benefit to both the bailor and the bailee? | 004623.docx | LEGALEASE-00116898-LEGALEASE-00116899 |
| Bd. of Cty. Comm'rs of Arapahoe Cty. v. Intermountain Rural Elec. Ass'n, 655 P.2d 831 | 148+7 | Authority to condemn under power of eminent domain may be conferred by state upon governmental subdivision or other entity expressly by statute or by necessary implication from rights, powers, and duties conferred by legislature; however, even though purpose for which property is sought to be condemned is "public use" within meaning of constitutional provision, in absence of express or necessarily implied statutory condemnation authority, private property may not be condemned. C.R.S.1973, 38-1-101 to 38-1-121; Const. Art. 2, S 15. | When does the right to condemn private property exists? | Eminent Domain - Memo 19 - AKA.doc | LEGALEASE-00002808-LEGALEASE-00002809 |
| Nat. Res. Def. Council v. U.S. E.P.A., 966 F.2d 1292 | 1.49E+18 | Environmental Protection Agency (EPA) lacks authority to ignore unambiguous deadlines set by Congress for issuing regulations. | Does the Environmental Protection Agency have the authority to ignore unambiguous deadlines set by the Congress? | Environmental Law - Memo 57 - AKA.doc | LEGALEASE-00002845-LEGALEASE-00002846 |
| People v. Illinois Pollution Control Bd., 119 Ill. App. 3d 561 | 1.49E+18 | Rules for which Pollution Control Board lacks statutory authority to promulgate are void. | "If the Pollution Control Board lacks statutory authority to promulgate, is the rule void?" | Environmental Law - Memo 58 - AKA.doc | LEGALEASE-00002847-LEGALEASE-00002848 |
| U. S. Steel Corp. v. Illinois Pollution Control Bd., 52 Ill. App. 3d 1 | 149E+682 | Burden of establishing the invalidity of water effluent regulations of the Pollution Control Board rested with petitioner steel company. S.H.A. ch. 1111/212, SS 1029, 1041; Supreme Court Rules, rule 335, S.H.A. ch. 110A, S 335. | Who has the burden to establish the invalidity of the regulations promulgated by the Pollution Control Board? | Environmental Law - Memo 60 - AKA.doc | LEGALEASE-00002851-LEGALEASE-00002852 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Howard v. Ferrellgas Partners, 748 F.3d 975 | 25T+112 | While the Federal Arbitration Act (FAA) favors arbitration, before the FAA's heavy hand in favor of arbitration swings into play, the parties themselves must agree to have their disputes arbitrated. 9 U.S.C.A. S 1 et seq. | Do the parties themselves have to agree for their disputes to be arbitrated? | Alternative Dispute Resolution - Memo 104 - JS.docx | ROSS-003284016-ROSS-003284017 |
| Piggly Wiggly Operators' Warehouse v. Piggly Wiggly Operators' Warehouse Indep. Great Truck Drivers Union, Local No. 1, 611 F.2d 580 | 231H+1578 | Where neither employer nor union questioned the arbitrability of dispute, stated in grievance, as to whether purported section of collective bargaining agreement was in fact a valid term of the agreement, such grievance defined arbitrator's authority without regard to whether the parties had a prior legal obligation to submit that dispute. | Does the grievance submitted to the arbiter define his authority? | 005245.docx | LEGALEASE-00116812-LEGALEASE-00116814 |
| Adkins v. Labor Ready, 303 F.3d 496 | 25T+112 | Even though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate. | "If arbitration has a favored place, is there a need for an underlying agreement between the parties to arbitrate?" | 005258.docx | LEGALEASE-00116837-LEGALEASE-00116838 |
| Adamovic v. METME Corp., 961 F.2d 652 | 25T+113 | Federal policy favoring arbitration does not give courts license to compel arbitration absent agreement to do so. | DoesFederal policy favoring arbitration give courts license to compel arbitration? | Alternative Dispute Resolution - Memo 109 - JS.docx | LEGALEASE-00003378-LEGALEASE-00003379 |
| Nat. Res. Def. Council v. U.S. E.P.A., 797 F. Supp. 194 | 1.49E+19 | Impossibility claims by Environmental Protection Agency (EPA), made in connection with statutorily mandated time limits, must be carefully scrutinized, and EPA's burden in such cases is especially heavy. | How should courts review claims of impossibility made by the Environmental Protection Agency (EPA)? | 005025.docx | LEGALEASE-00117213-LEGALEASE-00117214 |
| United States v. Valenzeno, 123 F.3d 365 | 164T+4 | Congress intended that Hobbs Act's protection of interstate commerce extend as far as the Constitution permits and no farther. U.S.C.A. Const. Art. 1, S 8, cl. 3; 18 U.S.C.A. S 1951(a). | What did Congress intend to achieve by the enactment of the Hobbs Act? | 005069.docx | LEGALEASE-00117188-LEGALEASE-00117190 |
| Gray v. Wackenhut Servs., 721 F. Supp. 2d 282 | 272+202 | Under New York Law, to establish a prima facie case of negligence, a plaintiff must demonstrate the existence of a duty, a breach of that duty, and that the breach of such duty was the proximate cause of his or her injuries. | Can a defendant be held liable for negligence when there is an absence of duty of care? | 005133.docx | LEGALEASE-00117246-LEGALEASE-00117247 |
| Seguro v. Cummiskey, 82 Conn. App. 186 | 272+210 | The nature of duty imperative to a negligence cause of action and the specific persons to whom it is owed are determined by the circumstances surrounding the conduct of the individual. | How have courts defined the term duty as an essential element of negligence? | 005135.docx | LEGALEASE-00117248-LEGALEASE-00117249 |
| Bradley v. Avis Rental Car Sys., 902 F. Supp. 814 | 237+33 | Under Illinois law, statements that falsely impute commission of criminal offense involving moral turpitude are defamatory per se; it is not necessary for statement to contain technical language of criminal charge in assessing whether statement is in fact defamatory per se. | Should technical words and language be used in defamatory statements? | Libel and Slander - Memo 66 - JS.docx | ROSS-003297921-ROSS-003297923 |
| Yeakey v. Hearst Commc'ns, 156 Wash. App. 787 | 237+30 | The falsity prong of a defamation claim is satisfied with evidence that a statement is probably false or leaves a false impression due to omitted facts. | What is the meaning of the term falsity in defamation law? | Libel and Slander - Memo 61 - JS.docx | ROSS-003287165-ROSS-003287166 |
| Neely v. Wilson, 418 S.W.3d 52 | 237+30 | Under "substantial truth doctrine," if a broadcast taken as a whole is more damaging to the plaintiff's reputation than a truthful broadcast would have been, the broadcast is not substantially true and is actionable as defamation; this evaluation involves looking to the "gist" of the broadcast. | What is the use of substantial truth doctrine in defamation? | 000552.docx | LEGALEASE-00117341-LEGALEASE-00117342 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Bounds, 495 B.R. 725 | 253+862 | When community property is held in one spouse's name only, there is presumption under Texas law that it is sole-management community property. V.T.C.A., Family Code S 3.104(a). | Can a property be presumed as community property if it is held in the name of one spouse only? | 005115.docx | LEGALEASE-00117331-LEGALEASE-00117332 |
| Webb v. Pioneer Bank & Tr. Co., 530 So. 2d 115 | 253+892 | Consent or concurrence of both spouses to management, control, or disposition of community property is required only in instances specified by law. LSA-C.C. art. 2346. | Does a managing spouse have the right to dispose of community property? | Marriage and Cohabitation- Memo 50 - JS.docx | LEGALEASE-00003898-LEGALEASE-00003899 |
| Zimmerman v. Carmack, 292 A.D.2d 601 | 386+10 | Allegations by next door neighbor that homeowners removed lawn ornaments from the neighbor's backyard, that homeowners damaged neighbor's barbecue grill, and that they diverted rainwater onto neighbor's yard causing flooding, stated claim for trespass. | What is the essence of a trespass action? | Trespass - Memo 14 - RK.docx | ROSS-003324980-ROSS-003324981 |
| TDM Farms of N. Carolina v. Wilhoite Family Farm, 969 N.E.2d 97 | 386+10 | "Trespass" is defined as an unlawful interference with one's person, property, or rights; any unauthorized intrusion or invasion of private premises or land of another. | How is trespass defined? | Trespass - Memo 17 - RK.docx | ROSS-003311718-ROSS-003311719 |
| Lightning Oil Company v. Anadarko E&P Onshore, 520 S.W.3d 39 | 386+12 | "Trespass" to real property is an unauthorized entry upon the land of another, and may occur when one enters, or causes something to enter, another's property. | What constitutes a trespass to real property? | Trespass - Memo 25 - RK.docx | ROSS-003297666-ROSS-003297667 |
| Reeves v. Meridian S. Ry., 61 So. 3d 964 | 386+2 | A trespass is committed even if the trespasser has a good-faith belief that he has a right to enter the land. | Can a trespass be committed even if the trespasser has a good-faith belief that he has a right to enter the land ? | Trespass - Memo 49 - JS.docx | LEGALEASE-00004176-LEGALEASE-00004177 |
| Reeves v. Meridian S. Ry., 61 So. 3d 964 | 386+2 | A trespass is committed even if the trespasser has a good-faith belief that he has a right to enter the land. | Can a trespass be committed even if the trespasser has a good-faith belief that he has a right to enter the land? | Trespass - Memo 49 - JS.docx | LEGALEASE-00004292-LEGALEASE-00004293 |
| Alexander v. State, 126 Tex. Crim. 625 | 203+500 | Every killing is unlawful unless expressly excused or justified by the law. | "Is every killing considered to be unlawful unless expressly excused, or justified by the law?" | Homicide - Memo 10 - RK.docx | ROSS-003297652-ROSS-003297654 |
| State v. Neumann, 111, 348 Wis. 2d 455 | 211+1558 | For purposes of determining whether state law imposes a legal duty on a parent to furnish medical care to his or her child and, if so, under what circumstances, numerous state statutes impose responsibility on parents for the care of their children, including the requirement that they provide medical care when necessary; these statutes demonstrate the legislature's recognition of the legal duty of parents to support and protect their children, including providing them with medical care, when necessary. W.S.A. 48.13(10), 767.41(1m)(f, g, i). | Do parents have a legal duty to provide medical care for a child if necessary? | Homicide - Memo 24 - RK.docx | LEGALEASE-00004386-LEGALEASE-00004387 |
| In re Revel AC, 532 B.R. 216 | 233+546 | Under New Jersey law, where the intentions of the parties is unclear, the burden is on the party asserting the existence of a lease to demonstrate a landlord-tenant relationship. | "When ambiguity arises, is the burden on the party asserting to demonstrate the existence of the lease?" | Landlord and Tenant - Memo 35 - TH.docx | LEGALEASE-00004440-LEGALEASE-00004442 |
| United States v. Davidson, 139 F.2d 908 | 315+63 | Under Texas law an "equitable title" is a right enforceable in equity to have legal title to real estate or the fruits thereof transferred to the owner of the right. | What is an equitable title under property law? | Property - Memo 25 - THJS.docx | LEGALEASE-00004478-LEGALEASE-00004482 |
| Costanza v. Dep't of Envtl. Res., 146 Pa. Cmwlth. 588 | 1.49E+19 | Power to grant declaratory relief was not implied by power of Environmental Hearing Board to issue adjudications. 35 P.S. S 7514(a). | Is there an express grant of power upon the Environmental Hearing Board to provide declaratory relief? | 000405.docx | LEGALEASE-00117777-LEGALEASE-00117778 |
| Sunderland v. United States, 266 U.S. 226 | 315+22 | Tenure, transfer, control, and disposition of land subject to exclusive jurisdiction of state. | "Are tenure, transfer, control, and disposition of land subject to the exclusive jurisdiction of a state?" | Property - Memo 23 - JS.docx | ROSS-003310746-ROSS-003310747 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| English v. Bd. of Sch. Comm'rs of Mobile Cty., 83 F. Supp. 3d 1271 | 78+1119 | Title VII was not designed to make federal courts second-guess the business judgment of employers, and because work assignment claims strike at the very heart of an employer's business judgment and expertise, absent unusual circumstances, they typically do not constitute adverse employment actions supporting a discrimination claim. Civil Rights Act of 1964, S 703(a)(1), 42 U.S.C.A. S 2000e-2(a)(1). | Do federal courts second-guess the business judgment of employers? | Labor and Employment - Memo 4 - VP.docx | LEGALEASE-00004772-LEGALEASE-00004773 |
| Brown v. Johnson, 118 Tex. 143 | 233+525 | Relation of landlord and tenant is question of fact, and may be proved or disproved by parol evidence. | Can the relation between a landlord and a tenant be disproved by parol evidence? | 000816.docx | LEGALEASE-00117948-LEGALEASE-00117949 |
| Harasz v. Katz, 239 F. Supp. 3d 461 | 249+3 | Under Connecticut law, to be liable for malicious prosecution, an individual need not personally initiate a criminal proceeding against the plaintiff; he or she may procure that initiation by someone else. | When can an individual be liable for a malicious-prosecution? | Malicious Prosecution - Memo 5 - MS.docx | LEGALEASE-00004814-LEGALEASE-00004816 |
| Mickas v. Mickas, 229 Ga. 10 | 134+90 | Where the substance of plaintiff's pleading seeking a divorce was sufficient to comport with the statutory requirements, whether the pleading was denominated a "complaint" or "petition" was immaterial. Code, SS 81A-104(e) (1) (iii), 81A-106(a), 102-102, subd. 8. | Does the substance of a pleading determine its nature? | 000867.docx | LEGALEASE-00117937-LEGALEASE-00117939 |
| Bhd. Ry. Carmen of U.S. & Canada, AFL-CIO-CLC v. Norfolk & W. Ry. Co., 745 F.2d 370 | 231H+1625 | Judicial review of an arbitration panels' decision involving a minor dispute between a railroad and its employees under the Railway Labor Act is extremely limited. Railway Labor Act, S 3, subds. 1(i), 2, 45 U.S.C.A. S 153, subds. 1(i), (2). | Is the courts review of an arbitration panels decision limited? | Alternative Dispute Resolution - Memo 165 - RK.docx | ROSS-003302131-ROSS-003302132 |
| In re D & B Swine Farms, 430 B.R. 737 | 51+2049 | Customer's alleged postpetition breaches of nursery and finishing agreements with Chapter 11 debtor-swine farm operator were "core" matters within bankruptcy court's jurisdiction, warranting denial of enforcement of nursery agreement's arbitration provision on grounds that ordering arbitration and staying debtor's adversary proceeding would substantially interfere with debtor's reorganization efforts; any monies that debtor would recover on its contract claims would be the only assets of estate, and amounts that debtor sought to recover for postpetition breaches were not available prepetition and so were integral part of bankruptcy case. 28 U.S.C.A. S 157(b). | When can arbitration provisions be enforced in bankruptcy courts? | Alternative Dispute Resolution - Memo 167 - RK.docx | ROSS-003297293-ROSS-003297295 |
| Metro. Milwaukee Ass'n of Commerce v. Milwaukee Cty., 431 F.3d 277 | 231H+1 | State may not use its spending power as pretext for regulating labor relations. | Can the state use its spending power for regulating labor relations? | Labor and Employment - Memo 6 - VP.docx | LEGALEASE-00004958-LEGALEASE-00004959 |
| Cayuga Nation v. Tanner, 824 F.3d 321 | 209+117 | The Bureau of Indian Affairs (BIA) has the authority to make recognition decisions regarding tribal leadership, but only when the situation has deteriorated to the point that recognition of some government was essential for Federal purposes; thus, the BIA has both the authority and responsibility to interpret tribal law when necessary to carry out the government-to-government relationship with the tribe. | What is the relevance of the Bureau of Indian Affairs? | 019434.docx | LEGALEASE-00117841-LEGALEASE-00117842 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Matter of Clem, 29 B.R. 3 | 51+2311 | While a corporation or a partnership is recognized as a "person" by the Bankruptcy Code and may be a debtor, there is no provision in the Code authorizing such an entity to jointly file for relief with any other. Bankr.Code, 11 U.S.C.A. SS 101(30), 109. | Can a partnership be a debtor? | 022353.docx | LEGALEASE-00118084-LEGALEASE-00118085 |
| Bowen Eng'g v. Estate of Reeve, 799 F. Supp. 467 | 149E+461 | While New Jersey Environmental Rights Act generally allows for citizen enforcement of state environmental laws, it does not create any independent substantive rights, and thus does not give rise to private right to recover cleanup costs under New Jersey Spill Act, which does not itself provide for private recovery of cleanup costs. N.J.S.A. 2A:35A-1 to 2A:35A-14, 58:10-23.11f, 58:10-23.11g. | Does the Environmental Rights Act (ERA) confer any independent substantive rights? | 000936.docx | LEGALEASE-00118217-LEGALEASE-00118218 |
| Jonkers v. Summit Twp., 278 Mich. App. 263 | 20+68 | In cases in which the adverse claimant claims title under color of deed, disseisin occurs when the record owner first receives notice of the adverse deed. | When does Disseisin occur? | Property - Memo 38 - RM.docx | ROSS-003322289-ROSS-003322291 |
| Rhine v. Union Carbide Corp., 343 F.2d 12 | 25T+113 | Under federal law, it is now a clearly established national policy to encourage use of arbitration. Labor Management Relations Act, 1947, S 203(d), 29 U.S.C.A. S 173(d); 9 U.S.C.A. SS 3, 4. | Is encouraging arbitration a national policy under federal law? | 001045.docx | LEGALEASE-00118104-LEGALEASE-00118105 |
| Backoff v. Weiner, 305 Mass. 375 | 233+501 | The reciprocal obligations of landlord and tenant do not depend upon validity of landlord's title. | Do reciprocal obligations between landlord and tenant depend upon the validity of landlords title? | 001094.docx | LEGALEASE-00118125-LEGALEASE-00118128 |
| Graphic Commc'ns Union, Chicago Paper Handlers' & Electrotypers' Local No. 2 v. Chicago Tribune Co., 779 F.2d 13 | 231H+1519 | There is strong federal policy in favor of arbitrating disputes in general and labor disputes in particular. | Is there a strong federal policy in favor of arbitrating labor disputes? | Alternative Dispute Resolution - Memo 181 - RK.docx | ROSS-003297675-ROSS-003297676 |
| S. Louisiana Cement v. Van Aalst Bulk Handling, B.V., 383 F.3d 297 | 25T+114 | Congress's intent in enacting the section of the Federal Arbitration Act (FAA) governing appellate review of arbitration orders was to favor arbitration, and it did so by authorizing immediate appeals from orders disfavoring arbitration and forbidding immediate appeals from orders favoring arbitration. 9 U.S.C.A. S 16. | Does the Federal Arbitration Act govern appellate review of arbitration orders? | Alternative Dispute Resolution - Memo 196 - RK.docx | LEGALEASE-00005473-LEGALEASE-00005474 |
| Joiner v. City of Dallas, 380 F. Supp. 754 | 148+1 | Power of eminent domain is offspring of political necessity and is inherent power inseparable from sovereignty unless denied by fundamental law. Vernon's Ann.Tex.Civ.St. arts. 3264-3271, 3266, subd. 6, 6081e; 42 U.S.C.A. SS 1981-1983, 1988; Vernon's Ann.St.Tex.Const. art. 1, S 17. | Is eminent domain the offspring of necessity? | 001275.docx | LEGALEASE-00118352-LEGALEASE-00118354 |
| Millennium Park Joint Venture v. Houlihan, 241 Ill. 2d 281 | 233+531 | The essential elements of a lease include: (1) the extent and bounds of the property, (2) the term of the lease, (3) the amount of rent, and (4) the time and manner of payment. | What are the essential elements required of a lease? | Landlord and Tenant - Memo 57 - RK.docx | ROSS-003283976-ROSS-003283977 |
| Utah Power & Light Co. v. Pfost, 286 U.S. 165 | 83+62.1 | Respecting interstate transmission of electrical energy, state legislation is subject to paramount authority of commerce clause. Laws Idaho 1931, Ex.Sess., c. 3, S 1 et seq.; U.S.C.A.Const. art. 1, S 8, cl. 3. | Is the transmission of electric current from one state to another an interstate commerce subject to the Commerce Clause? | 000912.docx | LEGALEASE-00118698-LEGALEASE-00118699 |
| Lake Cty. Tr. Co. v. Two Bar B, 238 Ill. App. 3d 589 | 315+22 | Law of the state where the real estate is situated governs the rights of the parties. | Does the law of the state where the real estate is situated govern the rights of the parties? | Property - Memo 29 - RM.docx | LEGALEASE-00005929-LEGALEASE-00005930 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cassidy v. Pavlonnis, 227 Or. App. 259 | 315+34 | A property owner's right to convey the property in exchange for money is a real property interest. | Can a property owner's right to convey the property in exchange for money be termed as a real property interest? | Property - Memo 32 - RM.docx | ROSS-003315326-ROSS-003315327 |
| Pinnacle Properties V v. Mainline Supply of Atlanta, 319 Ga. App. 94 | 315+605 | Every legal interest in real and personal property can be seized and sold. | Can every legal interest in real and personal property be seized and sold? | 000972.docx | LEGALEASE-00118466-LEGALEASE-00118467 |
| Juarez v. Select Portfolio Servicing, 708 F.3d 269 | 266+1408 | Under Massachusetts law, assignment of mortgage is conveyance of interest in land that requires writing signed by grantor. | Does a conveyance of an interest in land require a writing signed by the grantor? | 000976.docx | LEGALEASE-00118446-LEGALEASE-00118447 |
| Lifevantage Corp. v. Domingo, 208 F. Supp. 3d 1202 | 237+32 | Under Utah's tort law, multi-level marketing company had an independent duty not to defame former lead distributor, and thus economic loss rule did not bar distributor's defamation claim against company; company owed a tort duty not to defame distributor regardless of the terms of independent distributor agreement. | Does economic loss rule bar a claim for defamation? | 05375.docx | LEGALEASE-00080809-LEGALEASE-00080810 |
| Townsend v. Cty. of Los Angeles, 49 Cal. App. 3d 263 | 46H+9 | Fundamental right of attorney to practice law does not encompass the right to work for a particular employer, whether that employer be public or private. | Is there a fundamental right to work for a particular employer? | Labor and Employment - Memo 25 - VP.docx | ROSS-003298536-ROSS-003298537 |
| Skokie Valley Beverage Co. v. Beer, Soft Drinks, Water, Fruit Juice, Carbonic Gas, Liquor Sales Drivers, Helpers, Inside Workers, Bottlers, Warehousemen, Sch., Sightseeing, Charter Bus Drivers, Gen. Promotional Employees of Affiliated Indus., Local Union No. 744., 563 F. Supp. 460 | 231H+2057 | Unions legally are entitled to enforce their rights to strike and only to extent they have contracted away their right to strike over disputes may they be enjoined from doing so. Norris-La Guardia Act, S 4, 29 U.S.C.A. S 104; Labor Management Relations Act, 1947, S 301(a), 29 U.S.C.A. S 185(a). | Do the labor union has a general right to strike? | 001396.docx | LEGALEASE-00118471-LEGALEASE-00118472 |
| Cebe Farms v. United States, 116 Fed. Cl. 179 | 148+2.1 | "Physical taking" under the Fifth Amendment constitutes a permanent and exclusive occupation by the government that destroys the owner's right to possession, use, and disposal of the property. U.S. Const. Amend. 5. | What are physical takings? | 001440.docx | LEGALEASE-00118560-LEGALEASE-00118561 |
| PBM Prod. v. Mead Johnson Nutrition Co., 678 F. Supp. 2d 390 | 237+1.6 | Virginia applies the lex loci delicti rule, that is, the law of the place of the wrong, to defamation actions. | Is lex loci delicti applied to defamation cases? | 001481.docx | LEGALEASE-00118490-LEGALEASE-00118491 |
| Brown v. E.F. Hutton & Co., 610 F. Supp. 76 | 25T+113 | There is a strong federal policy favoring arbitration, and thus any party arguing waiver of arbitration bears a heavy burden of proof. | Who bears the burden of proof in waiving arbitration? | 001666.docx | LEGALEASE-00118710-LEGALEASE-00118711 |
| Rush v. Oppenheimer & Co., 779 F.2d 885 | 25T+113 | Policies underlying federal arbitration statute (9 U.S.C.A. S 1 et seq.) favor enforcement of agreements to arbitrate disputes. | Do the policies underlying the Federal Arbitration Act favor enforcement of agreements to arbitrate disputes? | 001679.docx | LEGALEASE-00118723-LEGALEASE-00118724 |
| Oneida Indian Nation of New York v. New York, 194 F. Supp. 2d 104 | 209+201 | Laches and adverse possession were not permissible defenses to Oneida Indian Nations' claims under Nonintercourse Act. 25 U.S.C.A. S 177. | Is laches a permissible defense under the Indian Nonintercourse Act? | Indians - Memo 26 - TH.doc | LEGALEASE-00006251-LEGALEASE-00006253 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Adelson v. Harris, 973 F. Supp. 2d 467 | 302+358 | Under Nevada law, political advocacy group's internet petition and press release requesting that presidential candidate not to accept funds from casino owner were not "communications in direct connection with issue under consideration by judicial or executive body," for purposes of anti-SLAPP (strategic lawsuit against public participation) statute, even though petition arose following publication of news report of former casino employee's wrongful termination suit, in which he alleged that owner had "personally approved" of prostitution in his Chinese casinos. West's NRSA 41.660. | What is communication in good faith in defamation law? | 002285.docx | LEGALEASE-00118603-LEGALEASE-00118604 |
| Bugenig v. Hoopa Valley Tribe, 266 F.3d 1201 | 209+126 | The power of Congress in Indian affairs, although plenary, is not absolute; it must be rationally related to the protection of Indians. U.S.C.A. Const. Art. 1, S 8, cl. 3; U.S.C.A. Art. 2, S 2, cl. 2. | Is the power of Congress in Indian affairs absolute? | 003222.docx | LEGALEASE-00118514-LEGALEASE-00118515 |
| Lake Cty. Tr. Co. v. Two Bar B, 238 Ill. App. 3d 589 | 315+22 | Law of the state where the real estate is situated governs the rights of the parties. | Does the law of the state where the real estate is situated govern the rights of the parties? | Property - Memo 29 - RM.docx | ROSS-003330052-ROSS-003330053 |
| Underground Sols. v. Palermo, 41 F. Supp. 3d 720 | 13+17 | Under Illinois' doctrine of depecage, which refers to the process of cutting up a case into individual issues, subjecting each to a separate choice-of-law analysis, in analyzing a state anti-strategic lawsuit against public participation (anti-SLAPP) statute cited as a defense to a defamation claim, the choice-of-law question regarding the anti-SLAPP law is treated separately from whether a statement is defamatory; this is because the anti-SLAPP question involves whether a statement is privileged, not whether its content is defamatory. | What is doctrine of depecage in defamation cases? | Libel and Slander - Memo 100 - JS.docx | LEGALEASE-00006392-LEGALEASE-00006394 |
| Jones v. Dugger, 518 So. 2d 295 | 203+510 | The "year and a day" rule is a rule of evidence rather than an element of the offense of murder. | Is the year and a day rule considered as a rule of evidence rather than an element of offense of murder? | 001559.docx | LEGALEASE-00118996-LEGALEASE-00118997 |
| Morrow v. City of Cleveland, 73 Ohio App. 460 | 302+6 | Facts judicially noticed are not ordinarily required to be pleaded, and, if pleaded matter conflicts with judicial knowledge of the court, the latter controls. | Should facts judicially noticed be pleaded? | 001581.docx | LEGALEASE-00119053-LEGALEASE-00119054 |
| Levy v. Delaware, L. & W.R. Co., 211 A.D. 503 | 157+1 | Judicial knowledge will not commonly aid pleading, nor be exercised to regulate mode of bringing controversies into court, and of stating and conducting them. | Does judicial notice aid pleading? | 001587.docx | LEGALEASE-00119059-LEGALEASE-00119061 |
| United States v. Cramer, 137 F.2d 888 | 384+1 | A treasonable intent, and an overt act in manifestation of that intent, are essential elements to a conviction for "treason". Cr.Code S 1, 18 U.S.C.A. S 1; U.S.C.A. Const. art. 3, S 3, cl. 1. | Is an overt act in manifestation of the intent an essential element to the conviction for treason? | Treason - Memo 7 - MS.docx | ROSS-003298633-ROSS-003298634 |
| Com. v. Stafford, 451 Pa. 95 | 203+507 | One charged with homicide cannot escape liability merely because the blow he inflicts is not mortal, or the immediate cause of death; if his blow is the legal cause in that it started a chain of causation which lead to the death, he is guilty of homicide. | Is criminal responsibility confined to a sole or immediate cause of death? | Homicide - Memo 45 - TH.docx | LEGALEASE-00006852-LEGALEASE-00006853 |
| Lummi Indian Tribe v. Whatcom Cty., Wash., 5 F.3d 1355 | 209+120 | Parcels of land approved for alienation by federal government and then reacquired by tribe did not then become inalienable by operation of Nonintercourse Act; because parcels remained alienable, they were also taxable. 25 U.S.C.A. S 177. | Would land be rendered inalienable upon reacquisition by a tribe? | Indians - Memo 27 - TH.doc | LEGALEASE-00006860-LEGALEASE-00006861 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Washington, 853 F.3d 946 | 209+123 | United States may abrogate treaties with Indian tribes, just as it may abrogate treaties with fully sovereign nations, but only by Act of Congress that clearly expresses intent to do so. | Can the United States abrogate a treaty it entered with an Indian tribe? | 001771.docx | LEGALEASE-00118899-LEGALEASE-00118900 |
| United States v. Washington, 853 F.3d 946 | 209+123 | United States may abrogate treaties with Indian tribes, just as it may abrogate treaties with fully sovereign nations, but only by Act of Congress that clearly expresses intent to do so. | How can the United States abrogate a treaty with an Indian tribe? | 001773.docx | LEGALEASE-00118828-LEGALEASE-00118829 |
| Shy v. Navistar Int'l Corp, 781 F.3d 820 | 25T+114 | The Federal Arbitration Act applies even when the agreement is limited to only a particular class of disputes. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act apply when an arbitration agreement is limited to a particular class of disputes? | 002145.docx | LEGALEASE-00119105-LEGALEASE-00119106 |
| Nichols v. Stapleton, 877 F.2d 1401 | 25T+114 | Amendment of the Federal Arbitration Act removing appellate jurisdiction over interlocutory arbitration orders applies retrospectively because it addresses remedies and procedures, and does not otherwise alter substantive rights. 9 U.S.C.A. S 15. | Does the Judicial Improvement Act apply retroactively? | 002158.docx | LEGALEASE-00119118-LEGALEASE-00119119 |
| AT&T Mobility LLC v. Concepcion, 563 U.S. 333 | 25T+114 | The principal purpose of the Federal Arbitration Act (FAA) is to ensure that private arbitration agreements are enforced according to their terms. 9 U.S.C.A. SS 2-4. | What is the principal purpose of Federal Arbitration Act (FAA)? | 002180.docx | LEGALEASE-00119140-LEGALEASE-00119141 |
| Ex parte Compass Bank, 77 So. 3d 578 | 13+1 | A "cause of action" grows out of the wrongful act, and not the various forms of damages that may flow from the single wrongful act. | Does a cause of action grow out of a wrongful act? | Action - Memo 15 - MS.docx | ROSS-003283964-ROSS-003283965 |
| Gonzales v. California Dep't of Corr., 739 F.3d 1226 | 13+1 | Under California law, a "cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty. | What does a cause of action comprise of? | Action - Memo 2 - MS.docx | ROSS-003295962-ROSS-003295963 |
| State v. Olson, 182 Wash. App. 362 | 110+1159.1 | Facts in embezzlement prosecution were for jury, and Supreme Court would not disturb guilty verdict unless evidence as a matter of law was insufficient to justify guilty verdict. SDC 13.4006. | When will the court disturb a jurys findings or guilty verdict? | 00773.docx | LEGALEASE-00081557-LEGALEASE-00081558 |
| Bonneville Power Admin. v. F.E.R.C., 422 F.3d 908 | 145+1.5 | Even though governmental and municipal utilities are public in normal parlance, they are not "public utilities" under the Federal Power Act (FPA). Federal Power Act, SS 1, 321 et seq., as amended, 16 U.S.C.A. SS 792, 791a et seq. | Can governmental and municipal utilities be termed as public utilities under the Federal Power Act? | Electricity - Memo 12 - JS.docx | ROSS-003282984-ROSS-003282985 |
| In re Pennichuck Water Works, 160 N.H. 18 | 317A+195 | The appealing party may overcome presumption that findings of fact by the Public Utilities Commission (PUC) are presumed prima facie lawful and reasonable only by showing that there was no evidence from which the PUC could conclude as it did. RSA 541:13. | Are findings of fact by the Public Utilities Commission presumed lawful and reasonable? | Electricity - Memo 23 - RK.docx | ROSS-003312137-ROSS-003312138 |
| Glisson v. State, 188 Ga. App. 152 | 207+5 | Incest statute, while prohibiting sexual relations between certain persons related only by affinity, did not include stepgrandfather-stepgranddaughter relationship and thus, stepgrandfather could not be convicted of incest for sexual conduct with stepgranddaughter. O.C.G.A. S 16-6-22(a). | Does sexual intercourse between step-grandfather and step-grandchild amount to incest? | Incest - Memo 49 - JS.docx | ROSS-003285633-ROSS-003285634 |
| Jefferson Cty. Sch. Dist. No. R-1 v. Indus. Comm'n, 698 P.2d 1350 | 15A+1458 | In proper case, doctrines of res judicata and collateral estoppel may be applied to administrative proceedings. | Is the doctrine of collateral estoppel applicable to administrative proceedings? | Administrative Law - Memo 171 - RK.docx | ROSS-003325673-ROSS-003325674 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dinger v. State, 540 N.E.2d 39 | 207+14 | Proof of slightest penetration of defendant's stepdaughter was sufficient in prosecution for criminal deviate conduct, child molesting, and incest; penetration could be inferred from stepdaughter's physical condition soon after crimes. IC 1971, 35-42-4-1 to 35-42-4-3, 35-46-1-3. | Can penetration be inferred from a victims physical condition? | Incest - Memo 59 - RK.docx | LEGALEASE-00007906-LEGALEASE-00007907 |
| Hetherington v. Camp Bird Min., Leasing & Power Co., 70 Colo. 531 | 145+11(1) | Electricity made by artificial means is a product of manufacture, and is personal property. | Is electricity made by artificial means a product of manufacture and personal property? | Electricity - Memo 33 - RK.docx | ROSS-003308776-ROSS-003308778 |
| Vill. of Tiki Island v. Ronquille, 463 S.W.3d 562 | 148+2.1 | The economic impact of a regulation may indicate a taking even if the landowner has not been deprived of all economically beneficial use of his property. Tex. Const. art. 1, S 17. | Can the economic impact of a regulation lead to a taking? | 002397.docx | LEGALEASE-00119498-LEGALEASE-00119499 |
| Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419 | 148+2.1 | Economic impact of government regulation, especially the degree of interference with investment-backed expectations, is of particular significance in determining whether government regulation constitutes a "taking" within meaning of taking clause as is a character of the governmental action. U.S.C.A.Const.Amends. 5, 14. | When can a taking be readily found? | Eminent Domain - Memo 82 - RK.docx | LEGALEASE-00007985-LEGALEASE-00007986 |
| Shalett v. Brownell-Kidd Co., 153 So.2d 425 | 289+528 | Commercial partnerships are exclusively confined to ownership of movable property, and when a commercial partnership purports to purchase immovable property, the partners become co-owners of it in their individual capacity. LSA-C.C. art. 2824. | Is a commercial partnership confined to movable property? | Partnership - Memo 77 - RK.docx | ROSS-003282359 |
| York Rd. Realty Co. v. Cheltenham Twp., 136 A.3d 1047 | 148+271 | Claim under statute governing consequential damages resulting from condemnation is separate and distinct from a claim for a de facto taking. 26 Pa.C.S.A. SS 502(c)(1), 714. | Is a claim for consequential damages separate and distinct from a claim of a de facto taking? | 001894.docx | LEGALEASE-00119658-LEGALEASE-00119659 |
| Norfolk Redevelopment & Hous. Auth. v. Chesapeake & Potomac Tel. Co. of Virginia, 464 U.S. 30 | 393+347 | Telephone company, which was required to relocate some of its transmission facilities because of street realignment resulting from federally funded urban renewal project, was not a "displaced person" entitled to relocation benefits under the Uniform Relocation Assistance and Real Property Acquisitions Policies Act since the Act did not change the common-law principle that utility forced to relocate from public right-of-way must do so at its own expense. Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, SS 101 et seq., 202(a)(1), 42 U.S.C.A. SS 4601 et seq., 4622(a)(1). | Should public utilities bear the expense of their relocation for the fulfillment of a public need? | 001980.docx | LEGALEASE-00119678-LEGALEASE-00119679 |
| Piven v. Comcast Corp., 397 Md. 278 | 401+4 | Transitory actions can ordinarily be brought wherever the defendant works, lives, or has a principal office. | Can transitory actions be brought where the defendant works or lives? | Venue - Memo 57 - ANG.docx | ROSS-003325091-ROSS-003325093 |
| Circuit City Stores v. Adams, 194 F.3d 1070 | 25T+124 | Arbitration agreement signed by employee at time of job application was an "employment contract," and thus the Federal Arbitration Act (FAA) was inapplicable to suit by employee against employer under state fair employment statute, and district court lacked authority under the FAA to compel arbitration, notwithstanding a disclaimer in the agreement stating that it did not form a contract of employment and in no way altered the at-will status of employee's employment, as the agreement was a condition precedent to employment. 9 U.S.C.A. SS 1 et seq., 4. | Does the Federal Arbitration Act (FAA) apply to labor contracts? | 002773.docx | LEGALEASE-00119708-LEGALEASE-00119709 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hardy v. Clendening, 25 Ark. 436 | 386+3 | Any unlawful exercise of authority over the goods of another will support trespass, even though no force may be exerted. Thus trespass will lie against the purchaser, with notice, of the goods of a third person at a sale under execution. | Can an unlawful exercise of authority over the goods of another support an action for trespass? | Trespass - Memo 83 - TH.docx | ROSS-003298107-ROSS-003298109 |
| Mennen v. Easter Stores, 951 F. Supp. 838 | 231H+826 | "Constructive discharge" exists when employer deliberately renders employee's working conditions intolerable and thus forces employee to quit. | When does a constructive discharge exist? | Labor and Employment - Memo 58 - VP.docx | ROSS-003283821-ROSS-003283823 |
| Tidwell v. Meyer's Bakeries, 93 F.3d 490 | 78+1123 | To constitute constructive discharge, employer must deliberately create intolerable working conditions with intention of forcing the employee to quit and employee must quit. | When does a constructive discharge exist? | 003271.docx | LEGALEASE-00119576-LEGALEASE-00119578 |
| Resolute Forest Prod. v. U.S. Dep't of Agric., 219 F.Supp.3d 69 | 13+1 | Where there is a legal right, there is also a legal remedy by suit or action at law, whenever that right is invaded. | "Is there a legal remedy by suit or action at law, when a legal right is invaded?" | 002475.docx | LEGALEASE-00120024-LEGALEASE-00120025 |
| Tinder v. Pinkerton Sec., 305 F.3d 728 | 25T+116 | Whether a binding arbitration agreement exists is determined under principles of state contract law. | Does state contract law determine the validity of arbitration agreements? | 002660.docx | LEGALEASE-00120054-LEGALEASE-00120055 |
| Stop Exploiting Taxpayers v. Jones, 211 Ariz. 576 | 268+108.7 | Municipal ordinances setting rates charged for city-owned utility services were administrative acts rather than legislative ones, and thus, the ordinances were not subject to referendum, where the ordinances listed specific utility services that the city provided and contained schedules modifying the rates charged for those services, the ordinances did not affect the underlying statutes and ordinances through which the city owned and operated its utilities, and the rate changes were considered annually as part of the city's budget process. | Is fixing rates for electric power supplied by municipally owned utility a legislative act? | 002704.docx | LEGALEASE-00120187-LEGALEASE-00120188 |
| Starr Int'l Co. v. United States, 121 Fed. Cl. 428 | 148+2.2 | An illegal exaction occurs under the Fifth Amendment when the Government requires a citizen to surrender property the Government is not authorized to demand as consideration for action the Government is authorized to take. U.S. Const. Amend. 5. | When does an illegal exaction occur under the law? | Eminent Domain - Memo 114 - RK.docx | ROSS-003297339-ROSS-003297341 |
| Thiokol Chem. Corp. v. Morris Cty. Bd. of Taxation, 41 N.J. 405 | 238+44(2) | The difference between a "lease" and a "license" is that a lease gives exclusive possession of the premises against the world, including the owner, while a license confers a privilege to occupy under the owner. | What is the difference between a lease and a license? | Landlord and Tenant - Memo 73 - RK.docx | ROSS-003284970-ROSS-003284971 |
| Chaney v. Whitney, 107 So. 2d 471 | 233+531 | A "lease" is similar to a "sale", as there are three absolutely necessary essentials common to both: the thing, the price, and the consent. LSA-C.C. art. 2670. | Is a lease similar to a sale? | 002747.docx | LEGALEASE-00120236-LEGALEASE-00120237 |
| Kirton v. N. Chicago St. R. Co., 91 Ill. App. 554 | 386+4 | If unlawful act causes immediate injury, whether it be intentional or not, trespass lies. | Can trespass occur if an unlawful act causes immediate injury regardless of it being intentional or not? | Trespass - Memo 97 - RK.docx | ROSS-003285013-ROSS-003285014 |
| Rana v. Islam, 305 F.R.D. 53 | 221+180 | Determining whether consular immunity applies under the Vienna Convention on Consular Relations (VCCR) involves a two-part inquiry, in which first, the court must determine whether the official's actions implicated some consular function, and second, the acts for which the consular officials seek immunity must be performed in the exercise of the consular functions in question. Vienna Convention on Consular Relations, Art. 43(1), 1969 WL 97928. | Is a consular official immune form suit when the acts complained of were performed in the course of his official duties? | 003001.docx | LEGALEASE-00120513-LEGALEASE-00120514 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Rosal, 191 F. Supp. 663 | 221+179 | Under the common law of nations, diplomats-in-transit are entitled to immunity when in United States en route between their posts and home countries, although not accredited to United States. | Are diplomats in transit entitled to immunity? | 003003.docx | LEGALEASE-00120515-LEGALEASE-00120516 |
| Khanom v. Kerry, 37 F. Supp. 3d 567 | 24+207 | Aliens' claims seeking mandamus order compelling Consul General of United States at Dhaka, Bangladesh, Secretary of State, or Secretary of Department of Homeland Security (DHS) to approve aliens' immigrant visa applications and issue immigrant visas and seeking declaratory judgment that Consul General's previous denial of visas was without basis in fact or law were jurisdictionally barred, under doctrine of consular nonreviewability, shielding from judicial review consular officer's discretionary decision to grant or deny visas. | Is a consular officials decision to withhold or issue a visa subject to judicial review? | Ambassadors and Consuls - Memo 23 - RK.docx | ROSS-003282682-ROSS-003282683 |
| Barnes v. Lehi City, 74 Utah 321 | 145+1 | Public Utilities Commission has no jurisdiction over municipally owned electric plants. | Does the Public Utilities Commission have jurisdiction over municipally owned electric plants? | 003073.docx | LEGALEASE-00120311-LEGALEASE-00120312 |
| Hawaii Hous. Auth. v. Midkiff, 467 U.S. 229 | 148+13 | "Public use" requirement of Fifth Amendment for taking of private property is coterminous with scope of a sovereign's police powers. U.S.C.A. Const.Amend. 5. | Is the public use requirement coterminous with the scope of a sovereign's police powers? | 003085.docx | LEGALEASE-00120345-LEGALEASE-00120346 |
| Int'l Fed'n of Prof'l & Tech. Engineers v. United States, 111 Fed. Cl. 175 | 148+2.1 | Government's mere assertions of ownership cannot, standing alone, constitute a Fifth Amendment taking. U.S. Const. Amend. 5. | "Can the governments mere assertion of ownership, standing alone, constitute a taking?" | Eminent Domain - Memo 130 - JS.docx | ROSS-003289327-ROSS-003289329 |
| Evans v. State, 317 Ark. 532 | 207+13 | Whether incest victim had subsequent sexual relations with another and whether she initially admitted or denied such conduct to investigating authorities was entirely collateral, and even if there was some relevance to that subsequent conduct, probative value was not substantially outweighed by danger of unfair prejudice. Rule of Evid., Rule 403; A.C.A. S 5-26-202. | Is consent an issue in a charge of incest? | Incest - Memo 69 - RK.docx | ROSS-003285957-ROSS-003285959 |
| State v. Coffey, 8 Wash. 2d 504 | 207+7 | The guilt or innocence of accused in a prosecution for incest is not affected by the consent or non-consent of prosecutrix. | Is the guilt or innocence of an accused in a prosecution for incest affected by the consent of the prosecutrix? | Incest - Memo 70 - RK.docx | ROSS-003299365-ROSS-003299367 |
| State v. Masnik, 125 N.J.L. 34 | 207+10 | An indictment charging that accused incestuously had carnal knowledge of body of daughter charged offense of "incest" under section of incest statute relating to incestuous conduct between parent and child, rather than same offense under preceding section covering incest not involving parent-child relationship. N.J.S.A. 2:139-1, 2:139-2. | Is carnal knowledge an element of the crime of incest? | 003209.docx | LEGALEASE-00120566-LEGALEASE-00120567 |
| State v. Rogers, 2007 MT 227 | 352H+184 | State need not prove direct evidence of arousal, or intent to be aroused, in order to meet its burden of proving the sexual contact element of sexual assault; the jury may infer intent of sexual arousal from the defendant's acts. MCA 45-5-502. | Can the jury infer the intent of sexual arousal from the defendants acts? | Incest - Memo 81 - RK.docx | ROSS-003284256-ROSS-003284257 |
| Cobb v. Time, 278 F.3d 629 | 92+2163 | A "reckless disregard" for the truth of allegedly defamatory statements, showing of which will demonstrate actual malice sufficient to allow public official or public figure to recover for defamation under First Amendment, means that the defendant must have made the false publication with a high degree of awareness of probable falsity. U.S.C.A. Const.Amend. 1. | How is reckless disregard defined? | Libel and Slander - Memo 146 - RK.docx | ROSS-003296326-ROSS-003296328 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cordier v. Lincoln County Nat. Bank, 702 S.W.2d 428 | 289+425 | Joint tenancy, tenancy in common, tenancy by entirety, joint property, common property, or part ownership does not of itself establish a partnership. KRS 362.180(2). | Do tenants in joint tenancies in property establish partnership? | 003454.docx | LEGALEASE-00120663-LEGALEASE-00120664 |
| Bank of New York v. Nally, 820 N.E.2d 644 | 366+1 | Application of the doctrine of equitable subrogation depends on the equities and attending facts and circumstances of each case. | Does the application of equitable subrogation depend on the facts of the case? | 003535.docx | LEGALEASE-00120343-LEGALEASE-00120344 |
| In re Trampush, 552 B.R. 817 | 366+1 | Wisconsin does not follow either the majority or minority rules that require actual or constructive knowledge of other liens to defeat subrogation; Wisconsin, instead, has adopted the "Restatement Approach" to subrogation, which gives courts freedom in weighing the equitable concerns in each individual case, such that, in Wisconsin, equitable concerns reign supreme. | What is the scope of Restatement Approach to subrogation? | Subrogation - Memo 61 - RM C.docx | ROSS-003284189-ROSS-003284191 |
| AJJ Enterprises, LLP v. Jean-Charles, 160 Conn. App. 375 | 366+1 | "Subrogation" is a doctrine which equity borrowed from the civil law and administers so as to secure justice without regard to form or mere technicality. | How is subrogation administered? | 003590.docx | LEGALEASE-00120405-LEGALEASE-00120406 |
| Zurich Am. Ins. Co. v. S.-Owners Ins. Co., 248 F. Supp. 3d 1268 | 366+27 | Under Florida law, conventional subrogation arises or flows from a contract between the parties establishing an agreement that the party paying the debt will have the rights and remedies of the original creditor. | How does subrogation generally arise? | 003604.docx | LEGALEASE-00120418-LEGALEASE-00120420 |
| Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. KPMG Peat Marwick, 742 So. 2d 328 | 366+1 | The right to subrogation is not absolute, but depends upon the equities and attending facts of each case. | Is a party's entitlement to subrogation dependent upon the equities and attendant facts of each case? | Subrogation - Memo 80 - ANG C.docx | ROSS-003299628-ROSS-003299629 |
| Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. KPMG Peat Marwick, 742 So. 2d 328 | 366+1 | The right to subrogation is not absolute, but depends upon the equities and attending facts of each case. | Is a party's entitlement to subrogation dependent upon the equities and attendant facts of each case? | Subrogation - Memo 97 - VP C.docx | ROSS-003285220-ROSS-003285221 |
| People v. Brown, 193 Colo. 120 | 146+49 | There is no need for special finding of value of fraudulently converted property in embezzlement prosecution. | Is there any need for special finding of the value of fraudulently converted property in cases of embezzlement? | Embezzlement - Memo 75 - SH.docx | ROSS-003311253-ROSS-003311254 |
| United States v. Dow, 357 U.S. 17 | 148+148 | Generally, if the United States has entered into possession of property prior to acquisition of title, it is the former event which constitutes the act of taking, and it is that event which gives rise to claim for compensation and fixes date as of which land is to be valued and Government's obligation to pay interest accrues. Declaration of Taking Act, SS 1-5, 40 U.S.C.A. SS 258a-258e. | What factor determines the date of valuation under the takings law? | 003133.docx | LEGALEASE-00120799-LEGALEASE-00120800 |
| Bane v. State, 587 N.E.2d 97 | 203+668 | Sudden heat is mitigator, rather than element of crime of voluntary manslaughter and, as such, once issue of sudden heat has been injected into case, burden is on state to negate its existence. West's A.I.C. 35-42-1-3, 35-42-1-3(b). | Does the state bear the burden of disproving the existence of sudden heat beyond a reasonable doubt? | Homicide - Memo 101 - RK.docx | LEGALEASE-00010418-LEGALEASE-00010419 |
| Hayes v. Irwin, 541 F. Supp. 397 | 237+120(2) | Malice, which is necessary to support an award of punitive damages, is inferred by law from the character of a defamation when there is an absence of lawful excuse or absence of privilege. Ga.Code, S 105-702. | How is malice inferred in defamation? | 003342.docx | LEGALEASE-00120821-LEGALEASE-00120822 |
| Quinones v. United States, 492 F.2d 1269 | 237+5 | As a general rule, malice is presumed or implied to exist from unprivileged publication of defamatory words actionable per se. | Is malice presumed where the defamation is actionable per se? | 003356.docx | LEGALEASE-00120835-LEGALEASE-00120836 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Adiscov v. Autonomy Corp., 762 F. Supp. 2d 826 | 170A+673 | There are two basic requirements for a pleading to comply with notice pleading rule: (1) sufficient factual allegations, and (2) plausibility of those allegations. Fed.Rules Civ.Proc.Rule 8(a), 28 U.S.C.A. | What are the two basic requirements for a pleading to comply with Rule 8? | 003462.docx | LEGALEASE-00120867-LEGALEASE-00120869 |
| Cities of Oxford, Carthage, Louisville, Starkville & Tupelo v. Ne. Mississippi Elec. Power Ass'n, 704 So. 2d 59 | 148+9 | Amendments to Public Utilities Act of 1956 requiring Public Service Commission (PSC) cancellation of public utility's certificate of public convenience and necessity before municipality could exercise eminent domain power to acquire utility's facilities did not violate state constitutional provision prohibiting abridgment of eminent domain rights, despite contention that, by allowing utility to correct any inadequacies before Commission would cancel certificate, amended Act effectively placed ability to abridge power of eminent domain in hands of private corporations; legislature, which could grant or deny power of eminent domain to municipality, could also establish procedure or method by which power might be void. Const. Art. 7, S 190; Code 1972, SS 77-3-13(6), 77-3-17, 77-3-21. | Are municipal utility statutes subordinate to the contrary provisions of the Public Utilities Act 1956 if the legislature intends it? | 042546.docx | LEGALEASE-00120903-LEGALEASE-00120904 |
| Deutsche Bank Nat'l Tr. Co. v. Payton, App (1st), 76 N.E.3d 804 | 366+1 | Doctrine of equitable subrogation is the remedial device designed to prevent an unjust enrichment. | Is common law or equitable right of subrogation a remedial device utilized to prevent unjust enrichment? | 044333.docx | LEGALEASE-00120776-LEGALEASE-00120777 |
| Bradley v. State Farm Mut. Auto. Ins. Co., 290 Mich. App. 156 | 366+1 | Subrogation rights can be acquired by way of contractual assignment or under principles of equity. | Can subrogation rights be acquired by way of contractual assignment or under principles of equity? | Subrogation - Memo 357 - NS.docx | ROSS-003328293-ROSS-003328294 |
| Dattel Family Ltd. P'ship v. Wintz, 250 S.W.3d 883 | 366+1 | Subrogation is an equitable doctrine with the aim of placing the burden of bearing a loss where it ought to be. | Is subrogation an equitable doctrine with the aim of placing the burden of bearing a loss where it ought to be? | 043928.docx | LEGALEASE-00120983-LEGALEASE-00120984 |
| Blaney v. O'Heron, 256 Ga. App. 612 | 249+60(5) | Evidence of prior actions is relevant to the issue of malice, a required element of a claim of malicious prosecution, where it demonstrates that a defendant was aware from previous experience that his actions in the past had resulted in similar injuries, but nevertheless continued in his course of conduct in utter indifference to the consequences. O.C.G.A. S 51-7-40. | Is the evidence of prior acts relevant in a malicious prosecution action? | 021122.docx | LEGALEASE-00120989-LEGALEASE-00120990 |
| Com. v. Root, 191 Pa. Super. 238 | 368+1 | Policy of law is to protect human life, including life of person who wishes to destroy his own life. | Does the policy of the law include the protection of a person who wishes to destroy his own life? | Suicide - Memo 24 - AKA.docx | ROSS-003283798-ROSS-003283799 |
| Jenkins v. Bd. of Cty. Comm'rs of Madison Cty., 698 N.E.2d 1268 | 148+134 | Highest and best use represents component of damages to be considered once issue of taking is resolved in favor of landowner, and once taking has been established, damages may be based upon highest and best use of property at time of taking. | "On what factor must the damages be based, once a taking has been established?" | Eminent Domain - Memo 174 -GP.docx | LEGALEASE-00010971-LEGALEASE-00010972 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Schlaikjer v. Kaplan, 296 Kan. 456 | 307A+3 | District court's decision on a motion in limine involves a two-prong test, and to grant the motion, the court must determine that: (1) the material or evidence will be inadmissible at trial; and (2) a pretrial ruling is justified, as opposed to a ruling during trial, because (a) the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; (b) the consideration of the issue during trial might unduly interrupt and delay the trial; or (c) a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | Does a district court's decision on a motion in limine involve a two-prong test? | Pretrial Procedure - Memo # 29 - C - KI.docx | ROSS-003288103-ROSS-003288104 |
| BNSF R. Co. v. Phillips, 434 S.W.3d 675 | 307A+3 | The granting of a motion in limine is not a ruling on the admissibility of the evidence and does not preserve error; a motion in limine simply prohibits references to specific issues without first obtaining a ruling on the admissibility of those issues outside the presence of the jury. | Is the granting of a motion in limine a ruling on the admissibility of the evidence and does not preserve error? | Pretrial Procedure - Memo # 53 - C - AP.docx | ROSS-003326708-ROSS-003326710 |
| State v. Davis, 505 S.W.3d 401 | 352H+72 | Law does not require or expect utmost resistance to a sexual assault when it appears that such resistance would be futile or would provoke a more serious injury. | Is resistance to sexual assault necessary to sustain a conviction for sexual assault? | 042912.docx | LEGALEASE-00121516-LEGALEASE-00121517 |
| Columbia Bank v. Turbeville, 143 So. 3d 964 | 366+1 | Equitable subrogation is an equitable remedy rooted in the legal consequence of the actions and relationship between the parties. | Is equitable subrogation an equitable remedy created by the legal consequences of the acts and relationships of the parties? | 043700.docx | LEGALEASE-00121346-LEGALEASE-00121347 |
| Houston v. Bank of Am. Fed. Sav. Bank, 119 Nev. 485 | 366+1 | "Equitable subrogation" is an equitable remedy to avoid a person's receiving an unearned windfall at the expense of another. | Is equitable subrogation a remedy to avoid an unearned windfall? | Subrogation - Memo # 487 - C - SA.docx | ROSS-003297726-ROSS-003297727 |
| MacNab v. Fireman's Fund Ins. Co., 243 Or. 267 | 366+1 | Before a party is entitled to subrogation to the rights of another his equity must be strong and his case clear. | "In order to be entitled to equitable subrogation, must a party's equity be strong and his case clear?" | Subrogation - Memo # 558 - C - AP.docx | ROSS-003325228-ROSS-003325229 |
| Ameriquest Mortg. Co. v. Alton, 273 Mich. App. 84 | 366+1 | Equitable subrogation will not be enforced where it will work injustice to the rights of those having equal equities. | Will equitable subrogation be enforced where it will work injustice to the rights of those having equal equities? | Subrogation - Memo # 579 - ES.docx | ROSS-003311289-ROSS-003311290 |
| Weissman v. Weener, 12 F.3d 84 | 366+7(1) | Under guarantee, creditor is permitted to seek recourse against guarantor; guarantor would then be subrogated to rights of creditor. | "Under guarantee, is a creditor permitted to seek recourse against guarantor and then subrogated to the rights of a creditor?" | 043962.docx | LEGALEASE-00121207-LEGALEASE-00121208 |
| In re XTI Xonix Techs. Inc., 156 B.R. 821 | 366+7(1) | Under Oregon law, guarantor has right of subrogation which permits him to be substituted to the position of the creditor whom he has paid. | Does a guarantor have the right of subrogation which permits him to be substituted to the position of the creditor whom he has paid? | 043972.docx | LEGALEASE-00121238-LEGALEASE-00121239 |
| Hicks v. Londre, 107 P.3d 1009 | 366+1 | Equitable subrogation is a highly favored doctrine and has been given liberal application. | Is equitable subrogation a highly favored doctrine and has been given liberal application? | Subrogation - Memo # 671 - C - SU.docx | ROSS-003295390-ROSS-003295391 |
| In re Clothes, 40 B.R. 997 | 366+7(1) | Under commercial law rules, the guarantor, on payment, steps into the creditor's shoes. | "Under commercial law rules, does the guarantor, on payment, step into the creditor's shoes?" | Subrogation - Memo # 688 - C - SA.docx | ROSS-003324554-ROSS-003324555 |
| In re Kuehn, 563 F.3d 289 | 113+1 | Under Wisconsin common law, property rights may arise from custom and usage. | Can property rights arise under common law by custom or usage? | Customs & Usage - Memo 26 - TH.docx | ROSS-003326049-ROSS-003326050 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hallco Texas v. McMullen Cty., 221 S.W.3d 50 | 148+307(2) | The extent of the governmental intrusion may be a question for the trier of fact, but whether the facts constitute a taking is a question of law. U.S.C.A. Const.Amend. 5; Vernon's Ann.Texas Const. Art. 1, S 17. | Is the ultimate question of whether the facts constitute a taking a question of fact? | 017453.docx | LEGALEASE-00122164-LEGALEASE-00122165 |
| Roberts v. State, 2001 OK CR 14 | 203+527 | Murder is a result-of-conduct offense, which requires that the culpable mental state relate to the result of the conduct, i.e., the causing of the death. | Is murder a result of conduct offense? | 019341.docx | LEGALEASE-00122462-LEGALEASE-00122463 |
| In re Agent Orange Prod. Liab. Litig., 373 F. Supp. 2d 7 | 221+111 | A corporation is not immune from civil legal action based on international law. | Is a corporation immune from civil legal action based on international law? | 020107.docx | LEGALEASE-00122460-LEGALEASE-00122461 |
| Gevinson v. Manhattan Const. Co. of Okl., 420 S.W.2d 486 | 289+425 | A single individual or entity cannot be owner of a partnership, though he or it could become the owner of what might have theretofore been property which belonged to such. | Can a single individual be an owner of a partnership? | Partnership - Memo 108 - RK.docx | ROSS-003296482 |
| Kelley v. McNamee, 164 F. 369 | 260+99(2) | A mining partnership, unlike an ordinary one, is not dissolved by the sale of the interest of one of the partners; but whether the retiring partner is liable for indebtedness of the partnership subsequently incurred depends on the facts of the case. As to employes who continue in the employment after the change, without knowledge thereof, his liability continues, but not for subsequent wages, if they know of the transfer. | How is a mining partnership different from that of an ordinary partnership? | 021832.docx | LEGALEASE-00122493-LEGALEASE-00122495 |
| Billan v. Hercklebrath, 23 Ind. 71 | 95+341 | An answer of entire or partial failure of consideration must set out the facts showing the failure. | Should an answer of a total or partial failure of consideration set out the facts showing the failure? | 022919.docx | LEGALEASE-00121912-LEGALEASE-00121913 |
| Smith v. Bentson, 127 Cal. App. Supp. 789 | 302+192(3) | Common counts, though mainly conclusions of law, are not subject to either general or special demurrer. | Are common counts subject to special or general demurrer? | 022933.docx | LEGALEASE-00122154-LEGALEASE-00122156 |
| Moya v. Northrup, 10 Cal. App. 3d 276 | 42+5 | A pleading which is sufficient as a common count is not generally subject to general demurrer or to special demurrer on ground of uncertainty. West's Ann.Code Civ.Proc. SS 430, subds. 6, 8, 472d. | Are common counts subject to special or general demurrer? | Pleading - Memo 131 - RMM.docx | ROSS-003300681-ROSS-003300683 |
| Torgerson v. Minneapolis, St. P. & S.S.M. Ry. Co., 49 N.D. 1096 | 302+214(4) | Demurrer does not necessarily admit the inferences or conclusions from the facts drawn from the facts alleged in the complaint. | Does a demurrer admit the inferences or conclusions from the facts alleged in the complaint? | 022936.docx | LEGALEASE-00122208-LEGALEASE-00122209 |
| Schafer v. RMS Realty, 138 Ohio App. 3d 244 | 307A+3 | Denial of motion in limine is within sound discretion of trial judge. | Is a denial of motion in limine within the sound discretion of trial judge? | Pretrial Procedure - Memo # 159 - C - CRB.docx | ROSS-003326355-ROSS-003326356 |
| Huckaby v. A.G. Perry & Son, 20 S.W.3d 194 | 307A+3 | The trial court has authority to make a pretrial ruling on the admissibility of evidence. | Does the trial court have authority to make a pretrial ruling on the admissibility of evidence? | Pretrial Procedure - Memo # 171 - C - CRB.docx | ROSS-003297097-ROSS-003297098 |
| Armstrong Remodeling & Const. v. Cardenas, 2012 Ark. App. 387 | 307A+3 | When a motion in limine is made, the proponent of the evidence has the burden of showing that the evidence is admissible. | "When a motion in limine is made, does the proponent of the evidence have the burden of showing that the evidence is admissible?" | Pretrial Procedure - Memo # 393 - C - NE.docx | ROSS-003284917-ROSS-003284918 |
| Peed v. Peed, 72 N.C. App. 549 | 307A+3 | Power to grant a motion in limine is within the discretion of the trial court. | Does the power to grant a motion in limine lie within the sound discretion of the trial court? | 028047.docx | LEGALEASE-00122088-LEGALEASE-00122089 |
| Konieczny v. Kamin Builders, 304 Ill. App. 3d 131 | 307A+3 | It is within the discretion of the trial judge to grant or deny a motion in limine. | Is it within the discretion of the trial judge to grant or deny a motion in limine? | Pretrial Procedure - Memo # 253 - C - PB.docx | LEGALEASE-00012245-LEGALEASE-00012246 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Union Elec. Co. v. Illinois Commerce Comm'n, 39 Ill. 2d 386 | 190+6 | Order of Commerce Commission which purported to modify and amend a certificate of convenience and necessity previously granted to electric company to furnish natural gas service in certain area, which reduced that area and granted a certificate of convenience and necessity to another utility to serve major part of area previously allocated to electric company, constituted a modification or rescission of electric company's certificate which was governed by statute relating to modification of decisions and orders, rather than the type of alteration or modification contemplated by statute providing that certificates of public convenience and necessity may be altered or modified by the Commission upon its own motion or upon application by person or corporation affected. S.H.A. ch. 1112/323, SS 56, 71. | Is an opportunity to be heard provided under the Public Utilities Act? | 042188.docx | LEGALEASE-00121794-LEGALEASE-00121796 |
| City of Oakland v. Key Sys., 64 Cal. App. 2d 427 | 317A+181 | In proceeding in quo warranto brought by city, through port commission, to determine authority of defendant public utilities to exercise certain franchises and privileges upon an area of tidelands within territorial limits of city, superior court could enter binding judgment if the Railroad Commission should not assume jurisdiction upon a related question germane to the operation of the utility company. Gen.Laws Act 6386; Const. art. 12, SS 22, 23. | Are the powers of the Railroad Commission unlimited? | 042200.docx | LEGALEASE-00122056-LEGALEASE-00122057 |
| Chrysler First Bus. Credit Corp. v. Kawa, 914 P.2d 540 | 366+7(1) | Sureties have right of subrogation to creditor's position when debt goes into default. | Do sureties have the right of subrogation to a creditor's position when debt goes into default? | Subrogation - Memo # 734 - C - SU.docx | ROSS-003312152-ROSS-003312153 |
| In re Big Idea Prods., 372 B.R. 388 | 366+7(1) | Under Texas law, a surety who pays a creditor of the principal is subrogated to all of the rights that creditor has to collect the debt from the principal. | Is a surety who pays a creditor of the principal subrogated to all of the rights that creditor has to collect the debt from the principal? | Subrogation - Memo # 740 - C - SU.docx | ROSS-003324625-ROSS-003324627 |
| In re Tomlin, 280 B.R. 374 | 366+7(1) | Upon payment of debt by guarantor, guarantor steps into shoes of initial creditor and is subrogated to rights of initial creditor; there is no new debt to guarantor, but shifting of original debt from creditor to guarantor. | "Once the guarantor pays a creditor, does he step into the shoes of the debtor whose debt he has paid and acquire that debtor's rights with respect to the obligation he has satisfied?" | 044208.docx | LEGALEASE-00122119-LEGALEASE-00122120 |
| Murphy v. Aero-Med, Ltd., 345 F. Supp. 2d 40 | 241+199(1) | Issue of when a cause of action accrues for limitations purposes is a question of fact which, ordinarily, must be decided by a trier of fact. | Is the issue of when and to whom a cause of action accrues a question of fact? | Action - Memo # 134 - C - CS.docx | ROSS-003284607-ROSS-003284609 |
| Washington Metro. Area Transit Auth. v. Ragonese, 617 F.2d 828 | 13+61 | Action to enforce right to damages does not accrue until entitlement to payment is established. | Does an action to enforce a right to damages accrue before entitlement to payment is established? | Action - Memo # 136 - C - CS.docx | ROSS-003298853-ROSS-003298854 |
| Sec. Bank & Tr. Co. v. Larkin, Hoffman, Daly & Lindgren, Ltd., 897 N.W.2d 821 | 13+61 | A cause of action "accrues" when all of the elements of the action have occurred, such that the cause of action could be brought and would survive a motion to dismiss for failure to state a claim. | When does general right of action accrue? | Action - Memo # 144 - C - CS.docx | ROSS-003310267-ROSS-003310268 |
| Seymour v. Richardson, 194 Va. 709 | 13+1 | A "cause of action" accrues to a person when that person first comes to a right to bring action and consists of act or omission constituting violation of duty but differs from a "right of action" which is the right to bring suit. | "Does a ""cause of action"" accrue to a person when that person first comes to a right to bring action?" | 005582.docx | LEGALEASE-00123917-LEGALEASE-00123918 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gen. Motors Acceptance Corp. v. Howard, 487 S.W.2d 708 | 13+61 | The accrual of a cause of action is not negated by showing that it may be subject to defeat on the merits by an affirmative defense. | Is the accrual of a cause of action negated by showing that it may be subject to defeat on the merits by an affirmative defense? | 005620.docx | LEGALEASE-00124013-LEGALEASE-00124014 |
| In re Bounds, 495 B.R. 725 | 13+61 | Under Texas law, when act setting injury in motion is itself a completed wrong, such as an invasion of some personal or property right of plaintiff, the act and legal injury occur simultaneously, and cause of action "accrues" from time that act is committed, even though little, if any, actual damage occurs immediately upon commission of act. | Does a cause of action accrue when damages are sustained even if at the time that the act is done it is apparent that injury will inevitably result? | Action - Memo # 32 - C - LK.docx | ROSS-003282650-ROSS-003282651 |
| Sec. Bank & Tr. Co. v. Larkin, Hoffman, Daly & Lindgren, Ltd., 897 N.W.2d 821 | 13+61 | Minnesota adheres to the rule requiring some damage to occur for a cause of action to accrue. | Does any rule require some damage to occur for a cause of action to accrue? | Action - Memo # 48 - C - LK.docx | ROSS-003296420-ROSS-003296421 |
| Lapham v. Stewart, 137 Idaho 582 | 241+55(3) | "Objectively ascertainable damage" standard for accrual of malpractice cause of action is not limited to medical malpractice cases, but applies to all types of professional malpractice. I.C. S 5-219, subd. 4. | Does any rule require some damage to occur for a cause of action to accrue? | 005840.docx | LEGALEASE-00123205-LEGALEASE-00123206 |
| Kanon v. Methodist Hosp., 9 S.W.3d 365 | 241+43 | Generally, a cause of action accrues when a wrongful act causes an injury, regardless of when the plaintiff learns of the injury. | Does a cause of action accrue when a wrongful act causes an injury? | 005850.docx | LEGALEASE-00123275-LEGALEASE-00123276 |
| Diamond v. Davis, 680 A.2d 364 | 241+199(1) | What constitutes accrual of cause of action is question of law; however, when accrual actually occurred in particular case is question of fact. | Does deciding what constitutes accrual of a cause of action entailing statutory construction present an issue of law? | 006488.docx | LEGALEASE-00123423-LEGALEASE-00123424 |
| Klopstock v. Superior Court in & for City & Cty. of San Francisco, 17 Cal. 2d 13 | 302+248(2) | The test in determining whether pleading can be amended is not whether under technical rules of pleading a new cause of action is introduced, but whether attempt is made to state facts which give rise to a wholly distinct and different legal obligation against defendant, and the power to permit amendment will be denied only if a change is made in the liability sought to be enforced against the defendant. Code Civ.Proc. S 473. | Is a cause of action an obligation the plaintiff seeks to enforce against the defendant? | 006496.docx | LEGALEASE-00123492-LEGALEASE-00123493 |
| Moses v. CashCall, 781 F.3d 63 | 25T+121 | Where Congress's intent to preclude waiver of judicial remedies for statutory rights at issue can be deduced, the court of first impression has discretion to decide whether to withhold arbitration. 9 U.S.C.A. S 1 et seq. | Do courts have discretion to decide whether to withhold arbitration? | Alternative Dispute Resolution - Memo 397 - RK.docx | ROSS-003285071-ROSS-003285072 |
| United States v. Ganim, 510 F.3d 134 | 63+1(1) | Like extortion, the crime of bribery requires a quid pro quo. | Does the crime of bribery require a quid pro quo like extortion? | 011018.docx | LEGALEASE-00122588-LEGALEASE-00122589 |
| Corbin-Dykes Elec. Co. v. Burr, 18 Ariz. App. 101 | 113+1 | "Custom" or "usage" is defined as an habitual or customary practice, more or less widespread, which prevails within a geographical or sociological area; usage is a course of conduct based on a series of actual occurrences. | How is custom or usage defined? | Customs & Usage - Memo 25 - TH.docx | ROSS-003300490-ROSS-003300491 |
| Res. Investments v. United States, 85 Fed. Cl. 447 | 148+2.1 | Nature and extent of permitted development under regulatory regime vis-a-vis the development sought by claimant may shape claimant's legitimate investment-backed expectations, for purposes of applying Penn Central test for partial regulatory takings. U.S.C.A. Const.Amend. 5. | What factors shape reasonable expectation under the takings law? | 017463.docx | LEGALEASE-00122637-LEGALEASE-00122638 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bd. of Regents of Univ. of Houston Sys. v. FKM P'ship, Ltd., 178 S.W.3d 1 | 148+166 | Like other civil cases, an eminent domain proceeding is subject to the rules of civil procedure. | Are eminent domain proceedings subject to the rules of civil procedure? | 017469.docx | LEGALEASE-00122736-LEGALEASE-00122737 |
| Yousuf v. Samantar, 552 F.3d 371 | 221+151 | Head-of-state immunity is premised on the concept that a state and its ruler are one for purposes of immunity. | Is head-of-state immunity premised on the concept that a state and its ruler are one for purposes of immunity? | 019741.docx | LEGALEASE-00123828-LEGALEASE-00123829 |
| Lafontant v. Aristide, 844 F. Supp. 128 | 221+151 | Head-of-state immunity is premised on concept that state and its ruler are one for purposes of immunity. | Is head-of-state immunity premised on the concept that a state and its ruler are one for purposes of immunity? | International Law - Memo 577 - TH.docx | ROSS-003289013-ROSS-003289014 |
| John Mohr & Sons v. Vacudyne Corp., 354 F. Supp. 1113 | 221+324 | The Acts of Congress do not and are not intended to operate beyond the limits of the United States. | Are the acts of congress intended to operate beyond the limits of the United States? | International Law - Memo # 182 - C - PHS.docx | ROSS-003298421-ROSS-003298422 |
| United States v. Roberts, 1 F. Supp. 2d 601 | 221+138 | The "high seas" encompasses that part of the ocean which is beyond the territorial sea of any country. | Does the term high seas encompass the part of the ocean which is beyond the territorial sea of any country? | International Law - Memo # 190 - C - PHS.docx | ROSS-003325060-ROSS-003325061 |
| Hernandez v. United States, 757 F.3d 249 | 221+392 | De jure sovereignty is not the only relevant consideration in determining the geographic reach of the Constitution; the Court of Appeals' inquiry involves the selective application of constitutional limitations abroad, requiring the Court to balance the potential of such application against countervailing government interests. | Is de jure sovereignty the only relevant consideration in determining the geographic reach of a Constitution? | International Law - Memo # 811 - C - ANC.docx | ROSS-003324883-ROSS-003324886 |
| Mayer v. Clark, 40 Ala. 259 | 289+714 | A partnership creditor has no lien on partnership property which he can enforce at law, except by obtaining judgment and execution thereon; and it seems that in equity he has no lien. | Do partnership creditors have a lien upon the partnership property? | Partnership - Memo 174 - BP.docx | ROSS-003287465-ROSS-003287466 |
| EZ Green Assocs. v. Georgia-Pac. Corp., 331 Ga. App. 183 | 115+176 | Trial court did not abuse its discretion by granting grass seed system licensee's motion in limine to exclude licensor's proposed calculation method for proving lost profits, as they were not based on any actual track record of sales as required by Georgia law; licensor's argument that its track record of sales was "tainted" by licensee's misconduct did not exempt it from requirement that it must prove its damages to a reasonable degree of certainty. | Is admission or exclusion of evidence within the sound discretion of the trial court and how should the court exercise its power while granting a motion in limine excluding evidence? | 024043.docx | LEGALEASE-00122898-LEGALEASE-00122899 |
| Gary v. Heritage Nat. Healthplan Servs., 485 N.W.2d 851 | 30+3194 | District court has wide discretion in its rulings on pretrial deadlines and will be reversed only for abuse of such discretion. | Does District court have wide discretion in its rulings on pretrial deadlines? | 024048.docx | LEGALEASE-00122927-LEGALEASE-00122928 |
| Duran v. Hyundai Motor Am., 271 S.W.3d 178 | 307A+3 | A motion in limine should not be used to "choke off" a party's entire claim or defense. | "Should a motion in limine be used to ""choke off"" a party's entire claim or defense?" | 028633.docx | LEGALEASE-00122831-LEGALEASE-00122832 |
| Moonan v. Louisiana Med. Mut. Ins. Co., 202 So. 3d 529 | 307A+3 | A motion in limine presents an evidentiary matter that is subject to the great discretion of the trial court. | Does the trial court have great discretion in its consideration of motions in limine? | Pretrial Procedure - Memo # 287 - C - CRB.docx | ROSS-003281810-ROSS-003281812 |
| S.C. Dep't of Transp. v. McDonald's Corp., 375 S.C. 90 | 30+78(1) | Ruling on motion in limine is generally not considered a final order on the admissibility of evidence and, for that reason, is not immediately appealable. | Is a ruling on a motion in limine a final order? | Pretrial Procedure - Memo # 60 - C - VA.docx | ROSS-003326335-ROSS-003326336 |
| Ball v. Rao, 48 S.W.3d 332 | 307A+3 | Repeated violations of limine orders may result in mistrials or reversals. | May repeated violations of limine orders result in mistrials or reversals? | Pretrial Procedure - Memo # 62 - C - VA.docx | ROSS-003301267-ROSS-003301268 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Petraski v. Thedos, 382 Ill. App. 3d 22 | 307A+3 | Whether a motion in limine should be granted is subject to the trial court's discretion. | Is the question of whether a motion in limine should be granted subject to the trial court's discretion? | Pretrial Procedure - Memo # 381 - C - SSB.docx | ROSS-003282829-ROSS-003282830 |
| Pac. Tel. & Tel. Co. v. Eshleman, 166 Cal. 640 | 317A+102 | Under Const. art. 12, SS 22, 23, Legislature held authorized, subject only to the federal Constitution, to confer on the Railroad Commission any power cognate and germane to the subject of public utilities. | Are the powers conferred on the Railroad commission cognate and germane to the purposes for which it was created? | Public Utilities - Memo 121 - AM.docx | LEGALEASE-00013996-LEGALEASE-00013998 |
| Pac. Bell v. Pub. Utilities Comm'n, 79 Cal. App. 4th 269 | 317A+119.1 | A tariff, when approved by the Public Utilities Commission (PUC), has the force of law. West's Ann.Cal.Pub.Util.Code S 489(a). | Does a tariff approved by the Public Utilities Commission (PUC) have the force of law? | 042250.docx | LEGALEASE-00123520-LEGALEASE-00123521 |
| Bozman v. Bozman, 146 Md. App. 183 | 13+61 | Cause of action is said to have arisen when facts exist to support each element. | Is a cause of action said to have arisen when facts exist to support each element? | Action - Memo #  223 - C - NO.docx | ROSS-003324275-ROSS-003324276 |
| Harig v. Johns-Manville Prod. Corp., 284 Md. 70 | 241+95(5) | A cause of action for latent diseases, whether framed in terms of negligence or strict liability, accrues when plaintiff discovers, or through exercise of reasonable care and diligence should have discovered, the nature and cause of his disability or impairment. Code, Courts and Judicial Proceedings, S 5-101. | Does cause of action accrue when plaintiff ascertains or should have ascertained nature and cause of injury? | 005393.docx | LEGALEASE-00124771-LEGALEASE-00124772 |
| PaineWebber v. Fowler, 791 F. Supp. 821 | 25T+134(5) | Agreements to arbitrate issues exclusively in a particular forum are enforceable as a matter of contract law. | Is an agreement to arbitrate issues in a particular forum enforceable? | 007177.docx | LEGALEASE-00125572-LEGALEASE-00125573 |
| United States v. Pomrenke, 198 F. Supp. 3d 648 | 63+1(1) | To convict a defendant of bribery, the defendant must have engaged in a quid pro quo. 18 U.S.C.A. S 201(b). | Should the defendant be engaged in quid pro quo to be convicted for bribery? | 011005.docx | LEGALEASE-00125402-LEGALEASE-00125403 |
| Mendenhall v. City of Indianapolis, 717 N.E.2d 1218 | 148+307(2) | Ordinarily, the question of whether a particular interference with private property is substantial, and thus constitutes a taking by inverse condemnation, is a question of fact for the fact-finder. | "Is the question of whether a particular interference is substantial a question of fact for the fact-finder, according to the taking law?" | 017544.docx | LEGALEASE-00125419-LEGALEASE-00125420 |
| Allied Bank Int'l v. Banco Credito Agricola de Cartago, 566 F. Supp. 1440 | 221+342 | The act of state doctrine, which is designed to avoid judicial action which impinges upon foreign relations of United States, ultimately derives from separation of powers provided in Constitution. | Does the act of state doctrine ultimately derive from the separation of powers provided in the Constitution? | 019829.docx | LEGALEASE-00124796-LEGALEASE-00124797 |
| El-Hadad v. Embassy of United Arab Emirates, 69 F. Supp. 2d 69 | 221+342 | Act of State doctrine applies only when the actions of the foreign state occur within that foreign state. | Does the Act of State doctrine apply only when the actions of the foreign state occur within that foreign state? | International Law - Memo # 296 - C - KA.docx | ROSS-003328452-ROSS-003328454 |
| Nat'l Coal. Gov't of Union of Burma v. Unocal, 176 F.R.D. 329 | 221+342 | It is only when officials having sovereign authority act in official capacity that act of state doctrine applies. | Is it only when officials having sovereign authority act in official capacity that act of state doctrine applies? | International Law - Memo # 417 - C - MLS.docx | ROSS-003284497-ROSS-003284498 |
| Torrico v. Int'l Bus. Machines Corp., 213 F. Supp. 2d 390 | 221+395 | Congress has the authority to regulate the conduct of U.S. employers outside the territorial jurisdiction of the United States; nevertheless, courts will presume that Congress has not exercised this power, i.e., that statutes apply only to acts performed within United States territory, unless Congress manifests an intent to reach acts performed outside United States territory. Restatement (Third) of Foreign Relations Law of the United States S 402(2). | "The act of state doctrine is premised on the principle that [e]very sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory?" | International Law - Memo # 806 - C - ANC.docx | LEGALEASE-00014665-LEGALEASE-00014666 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Int'l Admin. Servs., 211 B.R. 88 | 221+321 | If interest of one country in controversy is greater, other country should consider deferring jurisdiction to the first, though each has concurrent jurisdiction. Restatement (Third) of Foreign Relations S 403. | "If the interest of one country in controversy is greater, should another country consider deferring jurisdiction to the first?" | 020644.docx | LEGALEASE-00125113-LEGALEASE-00125114 |
| Estate of Domingo v. Republic of the Philippines, 694 F. Supp. 782 | 221+151 | Purpose of head of state immunity is to avoid disruption of foreign relations. | Is the purpose of head of state immunity to avoid disruption of foreign relations? | International Law - Memo # 827 - C - ANC.docx | ROSS-003295513-ROSS-003295514 |
| United States v. Sum of $70,990,605, 4 F. Supp. 3d 189 | 221+387 | Party invoking the act of state doctrine bears the burden to prove its applicability. | Does the party invoking the act of state doctrine have the burden of establishing factual predicate for doctrine's applicability? | International Law - Memo 475 - TH.docx | ROSS-003328981-ROSS-003328983 |
| Lafontant v. Aristide, 844 F. Supp. 128 | 221+151 | Visiting head-of-state is generally immune from jurisdiction of foreign state's courts. | Is a visiting head-of-state generally immune from the jurisdiction of a foreign state's courts? | 020871.docx | LEGALEASE-00124859-LEGALEASE-00124860 |
| Wells v. Gillette, 620 So.2d 301 | 307A+1 | Orderly disposition of each case and docket and avoidance of surprise are inherent in theory of pretrial procedure. | Is avoidance of surprise inherent in theory of pretrial procedure? | 031338.docx | LEGALEASE-00125357-LEGALEASE-00125358 |
| Gunter v. Murphy's Lounge, 141 Idaho 16 | 30+3209 | The appellate court reviews the trial court's decision to grant or deny a motion in limine under an abuse of discretion standard. | Are the trial courts vested with broad discretion when ruling on a motion in limine? | Pretrial Procedure - Memo # 829 - C - KA.docx | ROSS-003325385-ROSS-003325386 |
| Fed. Armored Serv. v. Pub. Serv. Comm'n, 204 Mich. App. 24 | 317A+169.1 | Decision of Public Service Commission (PSC) is unlawful when it involves erroneous interpretation or application of the law and unreasonable when it is unsupported by evidence. M.C.L.A. S 462.26(8). | When is a decision of the Public Service Commission (PSC)? | 042302.docx | LEGALEASE-00125487-LEGALEASE-00125488 |
| Zurich Am. Ins. Co. v. S.-Owners Ins. Co., 248 F. Supp. 3d 1268 | 366+27 | Under Florida law, conventional subrogation arises or flows from a contract between the parties establishing an agreement that the party paying the debt will have the rights and remedies of the original creditor. | Does subrogation generally arise contractually? | 044286.docx | LEGALEASE-00124678-LEGALEASE-00124679 |
| N. Utilities Div. of K N Energy v. Town of Evansville, 822 P.2d 829 | 366+1 | Since causes of action for damage or injury to persons and property survive and are assignable, they can be subject of claim for conventional subrogation. W.S.1977, S 1-4-101. | Is the assignment of a cause of action for personal injury subject to a subrogation claim? | Subrogation - Memo 1022 - C- CAT.docx | ROSS-003311317-ROSS-003311318 |
| State, By & Through Healy v. Smither, 290 Or. 827 | 366+38 | Subrogee's rights rise no higher than the rights of the subrogor, and person against whom claim is made may assert, as a defense to subrogation claim, any defenses available against the subrogor. | Does a subrogee stand in the shoes of the subrogor and have no better rights than possessed by the latter? | 044372.docx | LEGALEASE-00125521-LEGALEASE-00125522 |
| Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638 | 366+1 | Doctrine of equitable subrogation is not created by a contract, but by the legal consequences of the acts and relationships of the parties. | Does legal or equitable subrogation arise from the legal consequences of the acts of the parties? | Subrogation - Memo 990 - C- CAT.docx | LEGALEASE-00015494-LEGALEASE-00015495 |
| Nationwide Mut. Fire Ins. Co. v. T & N Master Builder & Renovators, 2011 IL App (2d) 101143 | 366+1 | As an action in equity, a claim may be subrogated only in order to prevent injustice or unjust enrichment and will not be maintained when it would be inequitable to do so. | Will subrogation be allowed where it would be inequitable? | 044430.docx | LEGALEASE-00125339-LEGALEASE-00125340 |
| Aiken Bag Corp. v. McLeod, 89 Ga. App. 737 | 8.30E+76 | A check is a mere order upon a bank to pay from the drawer's account and is subject to revocation by drawer at any time before it has been certified, accepted, or paid by the bank. Code, S 14-1707. | Can a check be revoked at anytime by the drawer? | 009503.docx | LEGALEASE-00125612-LEGALEASE-00125613 |
| Roylston v. Pima Cty., 106 Ariz. 249 | 79+1 | Judiciary has power to supervise operation of office of clerk of superior court. A.R.S. S 11-401; A.R.S.Const. art. 3; art. 6, S 23. | Does the judiciary has the power to supervise the operation of the office of Clerk of the Superior Court? | Clerks of court - Memo 16- VP.docx | ROSS-003286473-ROSS-003286474 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Smith v. Culliver, 186 Ohio App. 3d 534 | 79+1 | The office of clerk of courts is an office separate and distinct from that of judge of the common pleas court. | Is an office of clerk of courts separate and distinct from that of judge of the common pleas court? | Clerks of court - Memo 5-VP.docx | ROSS-003303567 |
| Barrett v. State, 965 So. 2d 1260 | 79+67 | The court clerk is a ministerial officer of the court and has no authority to contest the validity of a court's order issued in the performance of its judicial function. | Is a clerk of the court a ministerial officer? | 013521.docx | LEGALEASE-00125686-LEGALEASE-00125687 |
| Chaney v. State, 314 S.W.3d 561 | 203+527 | Murder, whether intentionally or knowingly committed, is a result oriented offense; therefore, the full statutory definitions of intentional and knowing do not apply, and the State must establish that the defendant intended the result of death or that he was aware that his conduct was reasonably certain to cause that result. V.T.C.A., Penal Code SS 6.03, 19.02(b)(1). | Is intentionally or knowingly committed murder considered a result oriented offense? | 019361.docx | LEGALEASE-00125628-LEGALEASE-00125629 |
| People v. Butler, 187 Cal. App. 4th 998 | 203+662 | Involuntary manslaughter is a lesser offense of murder, distinguished by its mens rea. West's Ann.Cal.Penal Code SS 187, 192. | Is involuntary manslaughter considered to be a lesser offense of murder distinguished by its mens rea? | 019376.docx | LEGALEASE-00125737-LEGALEASE-00125738 |
| Foster v. Shubert Holding Co., 316 Mass. 470 | 29T+972(3) | The general allegation that a combination and agreement are unlawful is insufficient, as a matter of pleading, to state a cause of action in tort. G.L.(Ter.Ed.) c. 93, S 2 (M.G.L.A.). | Is an allegation that the combination was unlawful and illegal sufficient to state a claim? | 023005.docx | LEGALEASE-00125608-LEGALEASE-00125609 |
| Caverno v. Fellows, 286 Mass. 440 | 302+16 | Great detail in pleading well-known torts or infringement of legal rights is not required. | Is great detail required in pleading well known torts or infringement of legal rights? | Pleading - Memo 168 - RMM.docx | ROSS-003290228-ROSS-003290229 |
| In re Cent. Illinois Energy Coop., 561 B.R. 699 | 268+742(4) | Under Illinois law, a statutory immunity from suit or liability is an affirmative defense that must be pleaded and proved by the party seeking its protection. | What is a statutory immunity from suit or liability? | 006727.docx | LEGALEASE-00125794-LEGALEASE-00125795 |
| Jones v. Boswell, 250 S.W.3d 140 | 386+6 | Trespass to chattel is the wrongful interference with the use or possession of another's property. | Is wrongful interference with the use or possession of another's property considered trespass to chattel? | 047185.docx | LEGALEASE-00125788-LEGALEASE-00125789 |
| Farrell by Lehner v. John Deere Co., 151 Wis. 2d 45 | 386+6 | Individual using personal property without owner's permission is trespasser as to owner of property. | Is an individual who uses personal property without the owner's permission a trespasser? | 047261.docx | LEGALEASE-00125856-LEGALEASE-00125857 |
| King v. Phillips, 94 N.C. 555 | 13+61 | An action cannot be maintained on a new promise to pay a debt secured by a bond while the bond is in force. | Can an action be maintained on a new promise to pay a debt secured by a bond while the bond is in force? | Action - Memo # 130 - C - SB.docx | ROSS-003286425 |
| Rector v. Mississippi State Highway Comm'n, 623 So. 2d 975 | 241+6(1) | For purposes of amendment to statute of repose reducing period after acceptance of improvements to real property in which suits may be filed for injuries arising from defective design or construction from ten years to six years and providing that amendment applies only to causes of action "accruing" after January 1, 1986, term "accruing" refers to date marking action which begins period of prescription; thus, enactment of amendment did not bar all actions based on injuries occurring after January 1, 1986, if acceptance of work occurred prior to January 1, 1980, which would have eliminated then existing exposure for work accepted between January 1, 1976 and December 31, 1979; cause of action accrued from acceptance for purposes of statute of repose. Code 1972, S 15-1-41. | Is the time when a cause of action arises distinguished from when prescription begins to run? | 006466.docx | LEGALEASE-00126183-LEGALEASE-00126184 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Harrison v. Dir. of Dep't of Corr., 194 Mich. App. 446 | 13+61 | Cause of action "arises," for determining whether amended statute applies, when plaintiff's claim accrues, not when it is filed. | Does a cause of action arise when the plaintiff's claim accrues or when it is filed? | Action - Memorandum - 275 - SK.docx | ROSS-003299376-ROSS-003299377 |
| Hart v. Guardian Tr. Co., 75 N.E.2d 570 | 13+61 | A cause of action accrues at the moment of a wrong, default, or delict by the defendant and injury to the plaintiff, except in those cases where an act may not be legally injurious until subsequent events occur. | Does a cause of action accrue at the moment of a wrong? | Action- memo # - PC332.docx | ROSS-003284962-ROSS-003284963 |
| Lamar v. State, 603 So. 2d 1113 | 63+1(1) | Material element of crime of bribery is defendant's intent at time he attempted to bribe witness. Code 1975, S 13A-10-121. | Is corrupt intent at the time of the offense a material element of the crime of bribery? | Bribery - Memo # 38 - C-NA.docx | ROSS-003286646-ROSS-003286648 |
| Shelden v. United States, 34 Fed. Cl. 355 | 148+303 | To provide for full value of property taken, just compensation under Fifth Amendment includes interest on property, expenses and fees. U.S.C.A. Const.Amend. 5. | "Does just compensation include interest on the property, expenses and fees?" | Eminent Domain - Memo 262 - GP.docx | ROSS-003303607-ROSS-003303608 |
| Estate of Domingo v. Republic of the Philippines, 694 F. Supp. 782 | 221+151 | Purpose of head of state immunity is to avoid disruption of foreign relations. | Is the purpose of the head of state immunity to avoid disruption of foreign relations? | 020654.docx | LEGALEASE-00126159-LEGALEASE-00126160 |
| Kirk v. Ford Motor Co., 141 Idaho 697 | 307A+3 | When presented with a motion in limine, a trial court has the authority to deny the motion and wait until trial to determine if the evidence should or should not be excluded. | Can the trial court deny the motion in limine? | 037928.docx | LEGALEASE-00126086-LEGALEASE-00126087 |
| Ball v. Rao, 48 S.W.3d 332 | 307A+3 | Repeated violations of limine orders may result in mistrials or reversals. | May repeated violations of a courts in limine orders result in mistrials or reversals? | 038039.docx | LEGALEASE-00126161-LEGALEASE-00126162 |
| Weadon v. Shahen, 50 Cal. App. 2d 254 | 13+63 | The doctrine of "laches" is based on knowledge of facts and acquiescence in them to the damage of the other party. | Is the doctrine of  laches based on knowledge of facts and acquiescence in them to the damage of the other party? | 005406.docx | LEGALEASE-00126726-LEGALEASE-00126727 |
| Philadelphia, B. & W. R. Co. to Use of Pennsylvania R. Co. v. Quaker City Flour Mills Co., 282 Pa. 362 | 13+61 | Cause of action accrues at moment party has legal right to sue. | Can a cause of action accrue at moment party has legal right to sue? | Action - Memo # - C 316-TJ.docx | ROSS-003284784-ROSS-003284785 |
| Hood v. Slappey, 601 So. 2d 981 | 13+61 | Cause of action accrues when act complained of results in injury to plaintiff. | Does cause of action accrue when act complained of results in injury to plaintiff? | Action - Memo # 251 - C -SPB.docx | ROSS-003285749-ROSS-003285750 |
| Gorod v. Tabachnick, 428 Mass. 1001 | 79+67 | Clerks and registers, whether elected or appointed, are ministerial officers of court when it comes to receiving and filing papers, and in the absence of an order from a judge, they may not refuse to accept a notice of appeal, even if they believe that no appeal is available or that notice is untimely or otherwise defective. | Are clerks of courts ministerial officers? | 013462.docx | LEGALEASE-00126788-LEGALEASE-00126789 |
| Barrett v. State, 965 So. 2d 1260 | 79+67 | The court clerk is a ministerial officer of the court and has no authority to contest the validity of a court's order issued in the performance of its judicial function. | Is a clerk a ministerial officer of the court? | 013469.docx | LEGALEASE-00126792-LEGALEASE-00126793 |
| Barker v. Francis, 741 P.2d 548 | 322H+644 | Closing date alone in contract for sale or exchange of land does not make time of the essence. | Does a closing date in a contract make time of the essence? | 018356.docx | LEGALEASE-00126493-LEGALEASE-00126494 |
| In re Refined Petroleum Prod. Antitrust Litig., 649 F. Supp. 2d 572 | 221+342 | Act of state doctrine may be applied only to acts that are (1) governmental acts (2) undertaken by a recognized sovereign (3) within its own territory. | Does the act of state doctrine apply only to actions of a nation within its territory? | 020291.docx | LEGALEASE-00126387-LEGALEASE-00126388 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Evans v. Herbranson, 241 Iowa 268 | 302+8(12) | Allegations of waiver, estoppel, acquiescence, absence of right and the like, standing alone, were mere legal conclusions, and pleaded no defense unless based upon well-pleaded sustaining facts. | Are allegations of waiver conclusions? | 023054.docx | LEGALEASE-00126706-LEGALEASE-00126707 |
| Hofler v. Hill, 311 N.C. 325 | 366+7(1) | Cosureties, or equal obligors, on a debt may not be subrogated to the rights of the creditor against each other but are limited to a just and ratable contribution. G.S. S 26-5. | "Can co-sureties, or equal obligors, on a debt be subrogated to the rights of the creditor against each other?" | Subrogation - Memo # 690 - C - SA.docx | ROSS-003326846-ROSS-003326847 |
| Dennis' Lessee v. Kelso, 28 Md. 333 | 13+63 | Courts will not encourage laches, vigilantibus et non dormientibus leges subveniunt. | "Will courts encourage laches, vigilantibus et non dormientibus leges subveniunt?" | 006232.docx | LEGALEASE-00127179-LEGALEASE-00127180 |
| Soto v. State Indus. Prod., 642 F.3d 67 | 25T+134(3) | Spanish-speaking employee's consent to arbitrate was not in error, and was not void, due to her lack of fluency in English and thus her inability to fully understand contents of agreements that she had signed; although employee never received copy of one document, onus was on her to obtain and read copy before signing it. 31 L.P.R.A. S 3404. | Does lack of fluency in English void a partys consent to an agreement? | 007237.docx | LEGALEASE-00127231-LEGALEASE-00127232 |
| Tompkins Printing Equip. Co. v. Almik, 725 F. Supp. 918 | 363+3 | Document cannot become, by stipulation of parties, negotiable instrument; document may be negotiable instrument only if it meets requirements listed in Uniform Commercial Code. U.C.C. SS 3-101 et seq., 3-104, 3-104(1)(d), 3-202(3). | Is it necessary for an instrument to meet the requirements listed in the Uniform Commercial Code in order to qualify as a negotiable instrument? | 009038.docx | LEGALEASE-00127048-LEGALEASE-00127049 |
| Wyland v. W. Shore Sch. Dist., 52 A.3d 572 | 1.41E+30 | A court generally should not interfere with a school district's discretion regarding educational policy; nonetheless, a school district does not have the discretion to disregard a statutory mandate. | Can courts interfere with a school district's discretion regarding school policy? | Education - Memo # 20 - C - SU.docx | ROSS-003326972-ROSS-003326973 |
| In re Am. Freight Sys., 179 B.R. 952 | 148+81.1 | Protection afforded by Fifth Amendment taking clause applies to vested property rights. U.S.C.A. Const.Amend. 5. | Does the protection afforded by the Fifth Amendment apply to vested property rights? | Eminent Domain - Memo 295 - GP.docx | ROSS-003298595 |
| United Employer Ben. Corp. v. Dep't of Ins. & Fin. of State of Or., 133 Or. App. 477 | 148+2.2 | Mere threat to take action on the occurrence of some uncertain future event is not "taking" under either State or Federal Constitution. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 18. | Is mere threat to take action on the occurrence of some uncertain future event a taking? | Eminent Domain - Memo 298 - GP.docx | ROSS-003286569-ROSS-003286570 |
| Liberty Mut. Ins. Co. v. Whitehouse, 868 F. Supp. 425 | 148+2.1 | In order to establish violation of taking clause, one must demonstrate both that property was taken and that no provision was made for awarding just compensation. U.S.C.A. Const.Amend. 5. | What must be demonstrated to establish a violation of just compensation provision? | Eminent Domain - Memo 301 - GP.docx | ROSS-003285126-ROSS-003285128 |
| U.S. Fire Ins. Co. v. Corporacion Insular De Seguros, 853 F. Supp. 47 | 148+2.1 | Determination of whether government action constitutes taking under Fifth Amendment is made on case by case basis. U.S.C.A. Const.Amends. 5, 14. | How is the determination whether government action constitutes a taking is made under the law? | Eminent Domain - Memo 309 - GP.docx | ROSS-003300023-ROSS-003300024 |
| Montgomery v. Hall, 229 Or. 428 | 302+8(11) | Bare allegation of ownership unaccompanied with supporting facts is generally deemed purely conclusion of law and not averment of fact. | Is an allegation of ownership a conclusion of law? | 023076.docx | LEGALEASE-00127030-LEGALEASE-00127031 |
| Watson v. City of E. Point, 223 Ga. 185 | 302+8(11) | An allegation that a party is the owner of specified land is an allegation of an ultimate fact and not a conclusion of law. | "Is the allegation that a party is the owner of a specified land, an allegation of ultimate fact?" | 023082.docx | LEGALEASE-00127042-LEGALEASE-00127043 |
| Montgomery v. Hall, 229 Or. 428 | 302+8(11) | Bare allegation of ownership unaccompanied with supporting facts is generally deemed purely conclusion of law and not averment of fact. | Is the allegation of ownership a conclusion of law? | Pleading - Memo 209 - RMM.docx | ROSS-003300303-ROSS-003300304 |
| Foster v. Rowland, 194 Ga. 845 | 302+8(11) | Allegation that a party is owner of specified realty is an allegation of an "ultimate fact" and not a "conclusion of law". Code, S 33-117. | Is the allegation of ownership of specified realty an ultimate fact or a conclusion of law? | 023093.docx | LEGALEASE-00127164-LEGALEASE-00127165 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Foster v. Rowland, 194 Ga. 845 | 302+8(11) | Allegation that a party is owner of specified realty is an allegation of an "ultimate fact" and not a "conclusion of law". Code, S 33-117. | Is the allegation of ownership of specified realty an ultimate fact or conclusion of law? | 023095.docx | LEGALEASE-00127160-LEGALEASE-00127161 |
| In re Guardianship of Spinnie, 2016 IL App (5th) 150564 | 308+79(5) | The mere existence of a fiduciary relationship between a principal and an agent prohibits the agent from seeking or obtaining any selfish benefit for herself, and if the agent does so, the transaction is presumed to be fraudulent. | Can an Agent use the Power of Attorney for his own benefit? | 041834.docx | LEGALEASE-00126907-LEGALEASE-00126908 |
| Cody Gas Co. v. Pub. Serv. Comm'n of Wyoming, 748 P.2d 1144 | 317A+145.1 | Public Service Commissions have power to grant blanket or area certificates to public utilities. | Does the Public Service Commission (PSC) have the power to grant blanket or area certificates? | 042438.docx | LEGALEASE-00127070-LEGALEASE-00127071 |
| In re Apple & AT & TM Antitrust Litig., 596 F. Supp. 2d 1288 | 386+7 | Under California law, common law trespass lies where an intentional interference with the possession of personal property has proximately caused injury; consent can be limited by its scope, however, and creates a privilege to enter only in so far as a condition or restriction is complied with. | What privilege does a restricted consent create in a trespass action? | 047306.docx | LEGALEASE-00127022-LEGALEASE-00127023 |
| Shamrock Coal Co. v. Maricle, 5 S.W.3d 130 | 413+1 | The General Assembly is free to limit the application of workers' compensation benefits. | Is the General Assembly free to limit the application of workers compensation benefits? | 048164.docx | LEGALEASE-00126942-LEGALEASE-00126943 |
| Gormley v. Panuzio, 166 Conn. 1 | 13+65 | In mandamus, factual situation existing at time writ is to issue governs. | "In mandamus, does the factual situation existing at the time of the writ is to issue govern?" | Action - Memo # 658 - C - TM.docx | ROSS-003285767-ROSS-003285768 |
| Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567 | 212+1563 | Preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries burden of persuasion. | When should the extraordinary remedy of injunction be granted? | 005898.docx | LEGALEASE-00127600-LEGALEASE-00127601 |
| Taggart v. W. Maryland R. Co., 24 Md. 563 | 13+63 | Lapse of time, not amounting to the bar of limitations, is not a defense to an action at law. | "Is a lapse of time, not amounting to the bar of limitations, a defense to an action at law?" | 006039.docx | LEGALEASE-00127352-LEGALEASE-00127353 |
| Perona v. Stark, 114 Ariz. 570 | 13+65 | Judgment must be supported by facts as they existed at time of commencement of action. | Must a judgment be supported by facts as they existed at the time of the commencement of an action? | Action - Memo # 761 - C - TJ.docx | ROSS-003289906-ROSS-003289907 |
| Parr v. First State Bank of San Diego, 307 S.W.2d 309 | 13+65 | Courts do not decide cases when nothing is left to litigate at the time of hearing. | Do courts decide cases when nothing is left to litigate at the time of hearing? | 006079.docx | LEGALEASE-00127788-LEGALEASE-00127789 |
| Hammon v. Wichita Cty., 290 S.W.2d 545 | 13+65 | Generally right to equitable relief must be determined as such right may or may not exist at the time of the hearing. | Will the right to equitable relief exist at the time of hearing? | 006204.docx | LEGALEASE-00127522-LEGALEASE-00127523 |
| Leonard v. Medlang, 264 N.W.2d 481 | 13+65 | In equitable actions, relief will be awarded as warranted by circumstances existing at time of the award. | "In equitable actions, should relief be awarded as warranted by circumstances existing at the time of the award?" | Action - Memo # 861 - C - PC.docx | ROSS-003303423-ROSS-003303424 |
| Coleman v. Coleman, 1 A.D.3d 833 | 13+24 | At common law an equitable defense could not be interposed to an action at law, and judgment was given as a matter of course against a defendant having only an equitable defense. | Are equitable defenses available to a law action? | 006273.docx | LEGALEASE-00127923-LEGALEASE-00127924 |
| Mastrobuono v. Lange, 241 A.D. 770 | 13+65 | Equity will give relief as exigencies of case demand at close of trial. | Will equity give relief as the exigencies of the case demand at the close of trial? | Action - Memo # 893 - C - VA.docx | ROSS-003325373-ROSS-003325376 |
| Citizens' Nat. Bank of Netcong v. John Wills, 130 N.J.L. 201 | 13+65 | In actions at law, the rights of the parties are generally determined as of the time of beginning of the action. | "In actions at law, are the rights of the parties generally determined as of the time of beginning of the action?" | 006317.docx | LEGALEASE-00128096-LEGALEASE-00128098 |
| Blair v. Scott Specialty Gases, 283 F.3d 595 | 25T+134(2) | When both parties have agreed to be bound by arbitration, adequate consideration exists, and the arbitration agreement should be enforced. | Do courts presume that adequate consideration exists when both parties agreed to be bound by arbitration? | 007203.docx | LEGALEASE-00127378-LEGALEASE-00127379 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sydnor v. Conseco Fin. Servicing Corp., 252 F.3d 302 | 25T+134(6) | Party seeking to avoid arbitration on grounds that costs and fees made arbitration agreement unconscionable must prove that arbitration would be prohibitively expensive. | Can a party avoid arbitration by proving that arbitration would be prohibitively expensive? | 007215.docx | LEGALEASE-00127406-LEGALEASE-00127407 |
| Jeter v. Ellenville Cent. Sch. Dist., 50 A.D.2d 366 | 1.41E+30 | Education is a matter of interest and concern for the state and is subject to the control of the legislature. | Is education a matter of interest and concern for the state and subject to the control of the legislature? | 016881.docx | LEGALEASE-00127469-LEGALEASE-00127471 |
| State ex rel. Douglas v. Faith Baptist Church of Louisville, 207 Neb. 802 | 141E+919 | State always has a legitimate concern for maintaining minimum standards in all schools it allows to operate. | Does a state have a legitimate concern in requiring minimum standards in all of its schools? | 016886.docx | LEGALEASE-00127500-LEGALEASE-00127501 |
| Ratigan v. Davis, 175 Neb. 416 | 1.41E+30 | Legislature has complete power over organization, function, and finances of school district. | "Does legislature have complete power over organization, function, and finances of school district?" | Education - Memo # 42 - C - SU.docx | ROSS-003286522-ROSS-003286523 |
| Divisich v. Marshall, 281 N.Y. 170 | 1.41E+30 | It is public policy of state that public education shall be beyond control by municipalities and politics. | Has the policy of a state been to place public education beyond the control of municipality? | 016900.docx | LEGALEASE-00127612-LEGALEASE-00127614 |
| Reg'l High Sch. Dist. No. 3 v. Town of Newtown, 134 Conn. 613 | 1.41E+30 | The state, in legislating concerning education, is exercising its broad, sovereign power. | "Is a state, in legislating concerning education, exercising its broad, sovereign power?" | Education - Memo # 47 - C - SU.docx | ROSS-003285085-ROSS-003285087 |
| Samaad v. City of Dallas, 940 F.2d 925 | 148+277 | A "takings" claim is not ripe until claimant has unsuccessfully sought compensation from the state; short of that, it must be certain that the state would deny the claimant compensation were he to undertake the obviously futile act of seeking it. U.S.C.A. Const.Amend. 5. | Is a takings claim ripe until the claimant has unsuccessfully sought compensation from the state? | 017706.docx | LEGALEASE-00127668-LEGALEASE-00127670 |
| Middleoak Ins. Co. v. Tri-State Sprinkler Corp., 77 Mass. App. Ct. 336 | 366+35 | A property owner's waiver of subrogation for losses covered by property insurance results not just if a contract requires the owner to provide property insurance postconstruction, but also if the owner secures coverage for the property after final payment. | Does an owner's waiver of subrogation rights if the owner secures coverage for the property? | Subrogation - Memo # 1137 - C - TJ.docx | ROSS-003286994-ROSS-003286995 |
| Lopez v. Concord Gen. Mut. Ins. Grp., 155 Vt. 320 | 366+35 | Waiver of subrogation right will be found only where subrogated party has specifically and unequivocally relinquished that right. | Will a waiver of subrogation right be found only where subrogated party has specifically and unequivocally relinquished that right? | Subrogation - Memo # 1140 - C - TJ.docx | ROSS-003286303-ROSS-003286304 |
| In re Monaco, 514 B.R. 477 | 366+41(6) | Under Texas law, the party seeking to establish a right to equitable subrogation bears the burden of proof to show that the right exists. | Does the person seeking subrogation have the burden of showing right thereto? | 043424.docx | LEGALEASE-00127718-LEGALEASE-00127719 |
| Jindra v. Diederich Flooring, 181 Wis. 2d 579 | 366+41(6) | Right to subrogation is not automatic but, rather, party seeking to apply subrogation has burden of proving right to subrogation. (Per Day, J., with two Justices concurring and two Justices concurring in result.) | Does a party seeking to apply subrogation have the burden of proving the right to subrogation? | Subrogation - Memo # 1230 - C - CK.docx | ROSS-003330833-ROSS-003330834 |
| Nat'l Shawmut Bank of Boston v. New Amsterdam Cas. Co., 290 F. Supp. 664 | 366+35 | Express language should be used to extinguish a right as venerable and well-known as that of subrogation. | Should express language be used to extinguish a right as venerable and well-known as that of subrogation? | Subrogation - Memo # 1274 - C - SKG.docx | ROSS-003286369-ROSS-003286370 |
| Vogel v. Hochhalter, 516 N.W.2d 214 | 413+1 | Workers' compensation system requires insurers to fulfill compensation obligations incurred by insured employers. M.S.A. S 176.001. | Does the workers compensation system require insurers to fulfill compensation obligations incurred by insured employers? | 048528.docx | LEGALEASE-00127362-LEGALEASE-00127363 |
| Teater v. Good Hope Dev. Corp., 14 Cal. 2d 196 | 335+8(4) | The right to immediate and exclusive possession of the property at time of commencement of action is a prerequisite to maintenance of replevin, and existence of preliminary act or condition precedent to be performed precludes maintenance of the action. | Will an after-acquired interest support replevin? | 006008.docx | LEGALEASE-00128375-LEGALEASE-00128376 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Phifer v. Mut. Ben. Health & Acc. Ass'n, 24 Tenn. App. 600 | 302+277 | Suits are to be tried with reference to conditions obtaining at time the action is commenced, and subsequent events cannot be considered unless presented by supplemental pleading. | Are suits to be tried with reference to conditions obtaining at the time the action is commenced? | Action - Memo # 795 - C - KBM.docx | ROSS-003289921-ROSS-003289922 |
| Adams v. California Mut. Bldg. & Loan Ass'n, 18 Cal. 2d 487 | 13+63 | Where delay in commencing action is induced by defendant's conduct, the delay cannot be availed of by defendant as a defense. | "Where delay in commencing an action is induced by a defendant's conduct, can the delay be availed of by a defendant as a defense?" | Action - Memo # 796 - C - UG.docx | LEGALEASE-00018026-LEGALEASE-00018027 |
| Jennings v. High Farms Corp., 35 Misc. 2d 80 | 13+65 | In action for interference with peaceable possession, right to judgment depends on facts as they stood when action was commenced, and not as they stand at date of trial and what defendants may or may not do after service of summons will in no way tend to render ineffectual the judgment for damages. | "In an action at law, does the right to judgment depend on facts as they stood when the action was commenced?" | Action - Memo # 798 - C - UG.docx | LEGALEASE-00018030-LEGALEASE-00018031 |
| Goldblatt v. City of Chicago, 30 Ill. App. 2d 211 | 13+65 | A case is determined on law as it stands when judgment is rendered and not when suit was brought. | Is a case determined by the law as it stands when judgment is rendered and not when the suit was brought? | 006151.docx | LEGALEASE-00128512-LEGALEASE-00128513 |
| Poole v. Rourke, 779 F. Supp. 1546 | 34+2 | Department of Defense regulations control when they conflict with regulations promulgated by Air Force. | Do Department of Defense regulations control when they conflict with regulations promulgated by the Air Force? | Armed Forces - Memo 45 RK.docx | ROSS-003312599-ROSS-003312600 |
| Silverthorne v. Laird, 460 F.2d 1175 | 34+2 | Once the Army promulgates regulations, it is bound to follow them, and when it applies them in an arbitrary manner, the courts have power to review. | Do the courts have power to review if the army applies regulations in an arbitrary manner? | 008357.docx | LEGALEASE-00128638-LEGALEASE-00128639 |
| Iacono v. Lyons, 6 S.W.3d 715 | 30+347(1) | When a nonsuit is filed after a partial judgment has been signed, the judgment does not become final for appeal until the trial court signs either an order granting the nonsuit or a final judgment explicitly memorializing the nonsuit. Vernon's Ann.Texas Rules Civ.Proc., Rule 329b; Rules App.Proc., Rule 26.1. | Does a party have an absolute right to file a nonsuit? | 038792.docx | LEGALEASE-00128275-LEGALEASE-00128277 |
| Luster v. Luster, 128 Conn. App. 259 | 307A+501 | The right of a plaintiff to withdraw his action before a hearing on the merits is absolute and unconditional. C.G.S.A. S 52-80. | Is the right of a plaintiff to withdraw his action before a hearing on the merits absolute and unconditional? | 038832.docx | LEGALEASE-00128293-LEGALEASE-00128294 |
| Ethicon Endo-Surgery v. Gillies, 343 S.W.3d 205 | 307A+501 | The party requesting a non-suit has an absolute right to a non-suit at the moment the motion is filed. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does the party requesting a non-suit have an absolute right to a non-suit at the moment the motion is filed? | Pretrial Procedure - Memo # 950 - C - SK.docx | ROSS-003285261-ROSS-003285262 |
| Temple v. Mary Washington Hosp., 288 Va. 134 | 307A+501 | The right to take a nonsuit is a powerful tactical weapon in the hands of a plaintiff. West's V.C.A. S 8.01-380. | Is the right to take a nonsuit a powerful tactical weapon in the hands of a plaintiff? | Pretrial Procedure - Memo # 960 - C - TJ.docx | ROSS-003330727-ROSS-003330728 |
| Winchester Homes v. Osmose Wood Preserving, 37 F.3d 1053 | 307A+517.1 | Under Virginia law, party may nonsuit either cause of action, claim, or party, and nonsuit does not operate as bar to subsequent suit between same parties on same cause of action. | "Can a party nonsuit a cause of action, a claim, or a party?" | Pretrial Procedure - Memo # 971 - C - KBM.docx | ROSS-003285270-ROSS-003285272 |
| Iacono v. Lyons, 6 S.W.3d 715 | 30+347(1) | When a nonsuit is filed after a partial judgment has been signed, the judgment does not become final for appeal until the trial court signs either an order granting the nonsuit or a final judgment explicitly memorializing the nonsuit. Vernon's Ann.Texas Rules Civ.Proc., Rule 329b; Rules App.Proc., Rule 26.1. | Does the party requesting a nonsuit have an absolute right to a nonsuit at the moment the motion is filed with the clerk? | 039254.docx | LEGALEASE-00128381-LEGALEASE-00128382 |
| Palmer v. State, 140 So. 3d 448 | 211+1658 | An indictment that alleges sexual battery of a child is not required to claim that the sexual penetration occurred without the victim's consent. West's A.M.C. S 97-3-95(1)(c). | Does penetration without consent constitute sexual battery? | Sex Offence - Memo 59 - SB.docx | LEGALEASE-00018343-LEGALEASE-00018344 |
| Stanford v. Aulick, 124 Ariz. 487 | 366+7(1) | A surety is entitled to be subrogated to position of mortgagee when he is compelled to pay debt. | Is a surety entitled to be subrogated to the position of a mortgagee when he is compelled to pay debt? | Subrogation - Memo # 1072 - C - KG.docx | ROSS-003298821-ROSS-003298822 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cunningham v. Metro. Life Ins. Co., 116 Wis. 2d 331 | 366+41(6) | Party seeking to prove subrogation has burden of introducing evidence to that effect. | Does the party seeking to prove subrogation have the burden of introducing evidence to that effect? | Subrogation - Memo # 1084 - C - KG.docx | ROSS-003300432-ROSS-003300434 |
| In re Rebel Rents, 307 B.R. 171 | 366+38 | Like other equitable remedies, right to subrogation may be lost by waiver, laches, or estoppel. | "Can a right to subrogation be lost by waiver, laches, or estoppel?" | 043279.docx | LEGALEASE-00128479-LEGALEASE-00128482 |
| McGlohon v. Ogden, 251 Ga. 625 | 217+3519(1) | Statutory provision that insurer of plaintiff seeking recovery from tort-feasor shall be subrogated to the rights of plaintiff to extent of benefits provided is self-executing; i.e., no agreement between insured and insurer is required to effectuate the right of subrogation. O.C.G.A. S 33-34-3(d). | Is subrogation self-executing? | Subrogation - Memo # 1092 - C - VP.docx | ROSS-003286817-ROSS-003286819 |
| W. Am. Ins. Co. v. Cates, 865 N.E.2d 1016 | 217+3522 | The insurer's right to subrogation may be waived, or the insurer may be estopped from asserting it, due to the insurer's unreasonable delay in satisfying its obligation under the policy. | Can the right to subrogation be waived? | Subrogation - Memo # 1110 - C - ES.docx | ROSS-003300237-ROSS-003300238 |
| Webber v. Frye, 199 Iowa 448 | 366+35 | Right of subrogation may be lost by inexcusable negligence on part of person asserting it. | Can the right of subrogation be lost by inexcusable negligence on part of a person asserting it? | Subrogation - Memo # 1116 - C - ES.docx | ROSS-003327303-ROSS-003327304 |
| In re Berg, 387 B.R. 524 | 366+35 | Under Illinois law, conventional subrogation will be applied even when the record shows a release of the satisfied encumbrance. | Can conventional subrogation be applied even if there is a release of the satisfied encumbrance? | 043408.docx | LEGALEASE-00128310-LEGALEASE-00128311 |
| Minnesota Min. & Mfg. Co. v. Plymouth Rubber Co., 178 F. Supp. 591 | 13+65 | The existence of a cause of action is to be tested as of time of filing of complaint and no recovery may be had if no cause be shown to exist at that time. | Is a cause of action to be tested as of the time of filing of a complaint? | Action - Memo # 778 - C - VP.docx | LEGALEASE-00018523-LEGALEASE-00018524 |
| Jewett v. Commonwealth Bond Corp., 241 A.D. 131 | 13+65 | Court of equity will determine measure of relief from situation adduced at trial. | Will a court of equity determine the measure of relief from the situation adduced at trial? | Action - Memo # 833 - C - VA.docx | ROSS-003286459-ROSS-003286460 |
| Int'l Talent Grp. v. Copyright Mgmt., 629 F. Supp. 587 | 25T+137 | Arbitration clause covering claims "relating to" contract is broader than cause covering claims "arising out of" contract. | Is an arbitration clause covering claims relating to a contract broader than a clause covering claims arising out of a contract? | Alternative Dispute Resolution - Memo 475 - RK.docx | ROSS-003300424-ROSS-003300425 |
| Summit Bank v. The Creative Cook, 730 S.W.2d 343 | 8.30E+273 | Agreement to extend time of payment of a negotiable instrument or execution of a renewal note constitutes a new contract between the parties. | Does the renewal of a note require execution of a new contract? | 009347.docx | LEGALEASE-00128999-LEGALEASE-00129000 |
| In re Cmty. Sch. Dist. of Malvern, Mills Cty., 250 Iowa 1240 | 1.41E+13 | Establishment and reorganization of school districts is within the scope of the legislative power. | Is establishment and reorganization of school districts within the scope of the legislative power? | Education - Memo # 62 - C - SU.docx | ROSS-003300244-ROSS-003300245 |
| Howell v. Harvey, 5 Ark. 270 | 289+924 | To enable one partner to dissolve partnership at will, the renunciation must be made in good faith and not at an unreasonable time. | Does the power to dissolve a partnership at will have to be exercised in good faith? | 022010.docx | LEGALEASE-00128935-LEGALEASE-00128937 |
| McCollum v. McCollum, 67 S.W.2d 1055 | 289+605 | Where dissolution of partnership constitutes breach of contract, there may be suit for damages, but power to dissolve cannot be denied. | "If the dissolution of a partnership constitutes a breach of contract, can there be a suit for damages for the breach?" | Partnership - Memo 229 - RK.docx | ROSS-003287337-ROSS-003287338 |
| Williams v. Obstfeld, 314 F.3d 1270 | 226H+3 | Under Florida law, a joint venture is a form of partnership, and both types of entities are generally governed by the same rules of law. | Are joint ventures and partnerships governed by the same law? | 022022.docx | LEGALEASE-00128948-LEGALEASE-00128949 |
| Schroeder v. Schroeder, 223 Neb. 684 | 307A+501 | Collateral consequences, such as subjection to further litigation, do not interfere with one's right of dismissal. | "Do collateral consequences, such as subjection to further litigation, interfere with one's right of dismissal?" | Pretrial Proceedure - Memo # 1144 - C - TJ.docx | ROSS-003288397-ROSS-003288398 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Papania v. Aetna Cas. & Sur. Co., 291 So. 2d 908 | 366+35 | A necessary prerequisite to an impairment of subrogation rights is establishment of responsibility for damages. | Is the establishment of responsibility for damages a necessary prerequisite to an impairment of subrogation rights? | Subrogation - Memo # 1247 - C - AP.docx | ROSS-003301152-ROSS-003301153 |
| Jindra v. Diederich Flooring, 181 Wis. 2d 579 | 366+41(6) | Party requesting subrogation has burden of proving that there is some basis for asserting subrogation, and that subrogation should be allowed in those circumstances. (Per Day, J., with two Justices concurring and two Justices concurring in result.) | Does a party requesting subrogation have burden of proving that there is a basis for asserting subrogation? | 043530.docx | LEGALEASE-00128823-LEGALEASE-00128824 |
| Clark v. Sanders, 267 Ala. 674 | 401+5.1 | "Subject matter" within statute to the effect that if real estate be subject matter of suit, whether it be exclusive subject matter or not, bill in equity may be filed in county where same, or material portion thereof, is situated, means nature of cause of action and of relief sought. Code 1940, Tit. 7, S 294. | Does subject matter refer to the nature of the cause of action and the nature of the relief sought? | Venue - Memo 103 - RK.docx | LEGALEASE-00018772-LEGALEASE-00018773 |
| Combined Commc'ns Corp. v. Pub. Serv. Co. of Colorado, 865 P.2d 893 | 401+5.1 | Suit to obtain money judgment against utility is not one that affects its property or operations for purposes of venue rule. Rules Civ.Proc., Rule 98(a). | Do suits to obtain a money judgement against a utility come under the mandatory venue statute? | Venue - Memo 109 - RK.docx | ROSS-003302016-ROSS-003302017 |
| Paul Revere Variable Annuity Ins. Co. v. Kirschhofer, 226 F.3d 15 | 25T+138 | Tenet of contra proferentem may be employed in construing ambiguities in arbitration agreements against drafters. | Do courts use the tenet of contra proferentem in construing ambiguities in arbitration agreements? | Alternative Dispute Resolution - Memo 493 - JK.docx | ROSS-003300441-ROSS-003300442 |
| State Roads Comm'n of Md. v. Smith, 224 Md. 537 | 30+9 | A reservation of points or questions for consideration by court in banc is substitute for appeal to Court of Appeals. | Is a reservation of points or questions for consideration by a court in banc a substitute for appeal to the Court of Appeals? | 008179.docx | LEGALEASE-00129061-LEGALEASE-00129062 |
| Buckner v. Greenwood, 6 Ark. 200 | 83E+417 | A bill or note payable to bearer passes by delivery, so as to vest the legal interest in the holder, and authorize him to sue upon it in his own name. | Is the legal interest in a promissory note transferable? | Bills and Notes - Memo 162 - RK.docx | LEGALEASE-00018950-LEGALEASE-00018951 |
| Singh v. Uber Techs. Inc., 235 F. Supp. 3d 656 | 25T+140 | A delegation provision in an arbitration agreement is severable from the underlying agreement to arbitrate, and if a plaintiff chooses to challenge the delegation provision, it must do so specifically. | Can a delegation provision be severed from the rest of the arbitration agreement? | Alternative Dispute Resolution - Memo 500 - RK.docx | ROSS-003285570-ROSS-003285572 |
| Harris v. Ferris, 18 Fla. 81 | 30+14(1) | The dismissal of an appeal or writ of error for want of prosecution does not bar a second proceeding. | Does the dismissal of an appeal or writ of error for want of prosecution bar a second proceeding? | 008236.docx | LEGALEASE-00129434-LEGALEASE-00129435 |
| In re Hanley's Estate, 23 Cal. 2d 120 | 30+21 | Jurisdiction cannot be conferred upon appellate courts by consent or stipulation of parties, estoppel or waiver. Code Civ.Proc. S 939; Probate Code, S 1233. | "Can Appellate jurisdiction be conferred by agreement, waiver, or estoppel? " | Appeal and error - Memo 69 - RK.docx | LEGALEASE-00019045-LEGALEASE-00019046 |
| In re Mason's Estate, 194 Misc. 308 | 8.30E+76 | A check is a mere order for payment of money and authority of payee as agent of maker is revoked by death of maker prior to time check is cashed. | Can a holder present his claim against the maker's estate after the maker's death? | Bills and Notes - Memo 164 - RK.docx | LEGALEASE-00019080-LEGALEASE-00019081 |
| In re James B., 109 Cal. App. 4th 862 | 67+9(0.5) | Neither forced entry in the usual sense of the word nor use of burglar tools are elements of automobile burglary. West's Ann.Cal.Penal Code S 459. | Is forced entry an element of auto burglary? | 013218.docx | LEGALEASE-00129639-LEGALEASE-00129640 |
| People v. McDonald, 4 Ill. App. 3d 62 | 67+2 | Gist of offense of burglary is not amount involved but is unlawful entry of premises of another with intent to commit a felony or a theft within. | What is the gist of burglary? | Burglary - Memo 58 - RK.docx | ROSS-003287444-ROSS-003287446 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Crooks v. Maynard, 112 Idaho 312 | 79+6 | Constitutional provision, which prohibits district court clerk from appointing deputies and assistants unless authorized by county commissioners, does not give commissioners power to override every hiring decision with respect to clerk of district court and does not permit commissioners to refuse hiring of needed deputy or clerical assistant. Const. Art. 18, S 6. | Can clerks of the district court appoint deputy clerks? | Clerks of court - Memo 105 - RK.docx | ROSS-003300720-ROSS-003300721 |
| McIntyre v. Seminole Cty. Sch. Bd., 779 So. 2d 639 | 141E+560 | A teacher or contractual employee who can only be terminated for cause has a contractual property interest in his job. | Does a teacher or a contractual employee who can only be terminated for cause have a contractual property interest in his job? | Education - Memo # 86 - C- NA.docx | ROSS-003285882-ROSS-003285883 |
| Neusted v. Skernswell, 69 Cal. App. 2d 361 | 302+8(11) | Allegation in complaint seeking to establish a trust in real property and for partition and sale thereof that defendant holds the property "as trust" was a naked conclusion of the pleader. | "Is an allegation that the defendant holds the property as Trust, a naked conclusion of the pleader?" | 023116.docx | LEGALEASE-00129317-LEGALEASE-00129318 |
| Zumbrun v. Univ. of S. California, 25 Cal. App. 3d 1 | 302+214(5) | Allegations of damages without allegations of fact to support them are but conclusions of law, which are not admitted by demurrer. | "Are allegations of damages without allegations of fact to support them, admitted by demurrer?" | 023118.docx | LEGALEASE-00129338-LEGALEASE-00129339 |
| Aison v. Hudson River Black River Regulating Dist., 279 A.D.2d 754 | 307A+501 | Party should not be permitted to discontinue an action for the purpose of circumventing an order of the court. McKinney's CPLR 3217. | Can a party be permitted to discontinue an action for the purpose of circumventing an order of the court? | Pre-trial Procedure - Memo # 1045 - C - KG.docx | ROSS-003286016-ROSS-003286017 |
| DuBray v. Warner Bros. Records, 236 A.D.2d 312 | 307A+501 | Motion for discontinuance should not be used to circumvent order of court or to enable plaintiffs to do indirectly what they are not permitted to do directly. | Can a party be permitted to discontinue an action for the purpose of circumventing an order of the court? | 024893.docx | LEGALEASE-00129291-LEGALEASE-00129292 |
| State ex rel. Butte-Los Angeles Mining Co. v. Dist. Court of Second Judicial Dist., 103 Mont. 140 | 307A+501 | Plaintiff has no absolute right at all times under all circumstances to discontinue, dismiss, or take a nonsuit. | "Do a plaintiff has an absolute right to discontinue, dismiss, or take a nonsuit?" | Pre-trial Procedure - Memo # 1053 - C - KG.docx | ROSS-003286022-ROSS-003286023 |
| Cape Oil Co. v. Williams, 427 S.W.2d 122 | 307A+501 | Defendant cannot force plaintiff to prosecute its cause of action or continue its litigation. | Can a defendant force a plaintiff to prosecute its cause of action or continue its litigation? | Pretrial Procedure - Memo # 1270 - C - PC.docx | ROSS-003300447-ROSS-003300448 |
| Fair Share Org. v. Kroger Co., 132 Ind. App. 160 | 307A+501 | When a motion to dismiss is filed by plaintiff at an appropriate time, the court has no alternative but to dismiss. Burns' Ann.St. S 2-901, subd. 1. | "When a motion to dismiss is filed by a plaintiff at an appropriate time, does the court have any alternatives?" | Pretrial Procedure - Memo # 992 - C - NC.docx | ROSS-003287650-ROSS-003287651 |
| George v. Ospalik, 299 Ill. App. 3d 888 | 307A+501 | There is no right under statute to voluntarily dismiss action where statute allowing such dismissals conflicts with Supreme Court rules. S.H.A. 735 ILCS 5/2-1009(a). | Is there a right under statute to voluntarily dismiss an action where a statute allowing such dismissals conflicts with Supreme Court rules? | 041214.docx | LEGALEASE-00129392-LEGALEASE-00129393 |
| Ewing v. Bd. of Educ. of Cty. of Summers, 202 W. Va. 228 | 307A+501 | Motions to dismiss are viewed with disfavor, and lower courts should rarely grant such motions. | "Are motions to dismiss viewed with disfavor, and should lower courts grant such motions only rarely?" | 041216.docx | LEGALEASE-00129440-LEGALEASE-00129441 |
| Harris v. Billings, 16 Cal. App. 4th 1396 | 307A+509 | Right of plaintiff to voluntarily dismiss action before commencement of trial not absolute; exceptions to right to dismiss arise generally where action has proceeded to determinative adjudication, or to decision that is tantamount to an adjudication. West's Ann.Cal.C.C.P. SS 581, 581(b), (b)(1, 2). | Is a right of a plaintiff to voluntarily dismiss action before commencement of trial not absolute? | Pretrial Proceedure - Memo # 1136 - C - TJ.docx | ROSS-003315324-ROSS-003315325 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bd. of Trustees of City of Delray Beach Police & Firefighters Ret. Sys. v. Citigroup Glob. Markets, 622 F.3d 1335 | 25T+141 | Party that has not signed an arbitration agreement may be compelled to arbitrate, if signatory executed arbitration agreement as agent. | Can a party who has not signed an arbitration agreement be compelled to arbitrate if a signatory executes an arbitration agreement as agent of that party? | Alternative Dispute Resolution - Memo 506 - RK.docx | ROSS-003300653-ROSS-003300654 |
| Hamilton Life Ins. Co. of New York v. Republic Nat. Life Ins. Co., 408 F.2d 606 | 25T+141 | There is no impediment to enforcing agreement to arbitrate as between two parties in dispute involving multiparty agreement. 9 U.S.C.A. SS 2, 4. | Is there any impediment to enforcing an agreement to arbitrate between two parties in a dispute involving a multi-party agreement? | Alternative Dispute Resolution - Memo 516 - RK.docx | ROSS-003287003-ROSS-003287004 |
| Marino v. Evans, 87 A.D.2d 623 | 79+6 | Determination by chief administrator of courts of office of court administration that position of senior court clerk was not so technical as to require that those considered to be in direct line of promotion be limited to petitioners and those similarly situated supported decision to offer promotion to position to others and was not an abuse of discretion. | Are changes to promotional opportunities allowed? | 013384.docx | LEGALEASE-00130191-LEGALEASE-00130192 |
| Bolin v. San Bernardino City Unified Sch. Dist., 155 Cal. App. 3d 759 | 316P+222 | Teacher's expectation of being assigned to particular school on basis of seniority is not protected right. | Is the expectation of being assigned to a particular school on the basis of seniority a protected right? | Education - Memo # 93 - C- NA.docx | ROSS-003287308-ROSS-003287309 |
| McGuinness v. Allison Realty Co., 46 Misc. 8 | 302+8(13) | Where plaintiff sued for injuries caused by the falling of a building while under construction, and joined the superintendent of buildings of the city of New York and the city as defendants, allegations of the complaint setting out the duties of such superintendent and the city-they being created by statute-are not allegations of fact, but conclusions of law. | "Are allegations as to duties created by statute, conclusions of law?" | 023136.docx | LEGALEASE-00129727-LEGALEASE-00129729 |
| Irving v. Rees, 146 A.D. 703 | 302+214(5) | Allegation that plaintiff was next of kin of decedent, in the face of facts set forth showing the contrary, is a conclusion of law, not admitted by demurrer. | "Is an allegation that one is the next of kin of the decedent, a mere legal conclusion?" | 023147.docx | LEGALEASE-00129789-LEGALEASE-00129790 |
| Cadlo v. Owens-Illinois, 125 Cal. App. 4th 513 | 184+41 | Each element in a cause of action for fraud or negligent misrepresentation must be factually and specifically alleged, as the policy of liberal construction of pleadings is not generally invoked to sustain a misrepresentation pleading defective in any material respect; thus, the mere assertion of reliance without specific factual allegations is insufficient. | Should a cause of action for negligent misrepresentation be specifically alleged? | Pleading - Memo 244 - RMM.docx | ROSS-003287388-ROSS-003287389 |
| Senseley v. First Nat. Life Ins. Co., 205 La. 61 | 307A+501 | A suit or reconventional demand may be dismissed on the voluntary motion of party maintaining such demand only with the consent of any parties to suit whose rights would be prejudiced by such dismissal. Code Prac. art. 491. | "Can a suit be dismissed if the dismissal of either of the demands, principal or in reconvention, would prejudice the rights of other parties to the suit?" | 026229.docx | LEGALEASE-00129813-LEGALEASE-00129814 |
| Gullett v. McCormick, 421 S.W.2d 352 | 307A+742.1 | Attendance of witnesses and taking of testimony at pretrial conference is generally not approved. CR 16. | Is the attendance of witnesses and taking of testimony at pretrial conference generally approved? | Pretrial Procedure - Memo # 1409 - C - UG.docx | ROSS-003300515-ROSS-003300516 |
| Hasenauer v. Durbin, 216 Neb. 714 | 307A+750 | Purpose of pretrial conference is to simplify issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial; to that end, litigants must adhere to spirit of procedure and are bound by pretrial order to which no exception has been taken. | What is the purpose of a pretrial conference? | 026550.docx | LEGALEASE-00129850-LEGALEASE-00129851 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| St. James Plaza v. Notey, 166 A.D.2d 439 | 307A+501 | Leave to discontinue cause of action should, absent special circumstances, be granted. McKinney's CPLR 3217(b). | "Should leave to discontinue a cause of action absent special circumstances, be granted?" | 026598.docx | LEGALEASE-00129988-LEGALEASE-00129989 |
| St. James Plaza v. Notey, 166 A.D.2d 439 | 307A+501 | Leave to discontinue cause of action must be denied, where party opposing motion can demonstrate prejudice. McKinney's CPLR 3217(b). | "Must leave to discontinue a cause of action be denied, where a party opposing a motion can demonstrate prejudice?" | 026600.docx | LEGALEASE-00130006-LEGALEASE-00130007 |
| Johnson v. Toscano, 144 Conn. 582 | 307A+742.1 | In action for personal injuries, the preparation for pretrial should include an up-to-date medical appraisal of the plaintiff's injuries and extent of his recovery. | What should be included in the preparation for pretrial in an action for personal injuries? | Pretrial Procedure - Memo # 1628 - C - NS.docx | ROSS-003286254-ROSS-003286255 |
| Phillips v. Monroe Auto Equip. Co., 251 Neb. 585 | 307A+44.1 | Substantive sanctions regarding discovery and other pretrial procedural matters are designed to prevent party who has failed to comply with discovery from profiting by such misconduct. | What are discovery and pretrial procedure designed to eliminate? | 026715.docx | LEGALEASE-00130093-LEGALEASE-00130094 |
| King v. Zimmerman, 266 Mont. 54 | 307A+743 | Purpose of pretrial orders is to prevent surprise, simplify issues, and permit counsel to prepare their case for trial on basis of pretrial orders. | What is the purpose of pre-trial orders and how does it help counsels? | 026738.docx | LEGALEASE-00130249-LEGALEASE-00130250 |
| City of Costa Mesa v. McKenzie, 30 Cal. App. 3d 763 | 413+391 | Workmen's compensation is compulsory and may not be subsidized by any contributions or exactions from employees. | Is workmens compensation compulsory and may it be subsidized by any contribution or exactions from employees? | 047826.docx | LEGALEASE-00130145-LEGALEASE-00130146 |
| Eisen v. Venulum Ltd., 244 F. Supp. 3d 324 | 25T+414 | District Court, rather than arbitrator, would determine enforceability of arbitration clauses in investment contracts involving interests in fine wines, even though contracts included requirement that all disputes under contracts be sent to arbitration, since there was no language in contracts expressly stating that arbitrability disputes would be resolved by arbitration, contracts stated that International Chamber of Commerce (ICC) rules would control any arbitration, ICC rule provided that arbitrator determined validity of arbitration agreement if party against which claim had been made challenged its validity, but investor, who was bringing claims against foreign corporation for violations of securities laws, was challenging validity of arbitration clauses. | Does reference to International Chamber of Commerce rules in an arbitration clause present a clear and unmistakable agreement to arbitrate arbitrability? | 007388.docx | LEGALEASE-00130869-LEGALEASE-00130870 |
| Gregory v. Electro-Mech. Corp., 83 F.3d 382 | 25T+143 | Tort claims and claims other than breach of contract are not automatically excluded from contractual arbitration clause. | Are tort and other non-contract claims automatically excluded from contractual arbitration clauses? | 007390.docx | LEGALEASE-00130902-LEGALEASE-00130904 |
| Clark v. United States, 322 F.3d 1358 | 34+5(2) | When National Guard members are not activated into federal service, they are not treated as federal employees. | "When National Guard members are not activated into federal service, can they be treated as federal employees?" | 008436.docx | LEGALEASE-00130711-LEGALEASE-00130713 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Castillo-Morales, 507 F.3d 873 | 350H+793 | Defendant's prior conviction under Florida's second-degree burglary statute was for "burglary of a dwelling" within meaning of sentencing guideline defining "crime of violence" warranting enhancement of sentence of a defendant convicted of illegal reentry following an aggravated-felony conviction and deportation; defendant stipulated that "a factual basis" for his plea was present in "court documents," and charging affidavit included an admission from defendant's accomplice and co-defendant, which stated he and defendant entered the residence through an unsecured kitchen window. Immigration and Nationality Act, S 276(b), 8 U.S.C.A. S 1326(b); U.S.S.G. S 2L1.2, 18 U.S.C.A.; West's F.S.A. S 810.02(1, 3). | What is a burglary of a dwelling? | Burglary - Memo 25 - RK.docx | ROSS-003300877-ROSS-003300878 |
| United States v. Reina-Rodriguez, 468 F.3d 1147 | 67+2 | "Burglary of a dwelling," as qualifies as crime of violence under the sentencing guidelines providing for 16-level sentencing increase for defendant convicted of illegal reentry after deportation, requires: (1) an unlawful or unprivileged entry into, or remaining in, (2) a building or structure that constitutes a dwelling, (3) with the intent to commit a crime. U.S.S.G. S 2L1.2(b)(1)(A)(ii), 18 U.S.C.A. | What is a burglary of a dwelling? | 012990.docx | LEGALEASE-00131301-LEGALEASE-00131302 |
| People v. Cunningham, 2002 WL 1065598 | 67+4 | Purpose of residential burglary statute is to deter unlawful entry into dwellings and thereby protect privacy and sanctity of the home. Ill.Rev.Stat.1991, ch. 38, P 19-3(a). | What is the purpose of the burglary statute? | 013162.docx | LEGALEASE-00131317-LEGALEASE-00131318 |
| Tobler v. State, 371 So. 2d 1043 | 67+2 | Forced entry into fenced area constituted one burglary and later forced entry into enclosed trailer park within area constituted a second burglary so as to warrant conviction for both offenses. | Can entering a fenced area constitute burglary? | Burglary - Memo 85 - JK.docx | ROSS-003300712-ROSS-003300713 |
| Estep v. Commissioners of Boundary Cty., 122 Idaho 345 | 79+6 | Constitutional provision that clerk of district court shall be empowered by county commissioners to appoint deputies and clerical assistants who shall receive compensation fixed by commissioners does not authorize commissioners to order hiring policies to govern clerk, but authorizes clerk to hire deputy clerks. Const. Art. 18, S 6. | Are county commissioners required to authorize the appointment of clerks? | 013529.docx | LEGALEASE-00131260-LEGALEASE-00131261 |
| Kicklighter v. Goodrich, 162 F. Supp. 3d 1363 | 170B+2385(2) | County clerk of state superior court, in her official capacity, acted as an "arm of the State" when she terminated chief deputy clerk, and thus was entitled to Eleventh Amendment immunity from deputy clerk's claim for damages under S 1983 for alleged violation of her First Amendment right to association, based on deputy clerk's allegation that she was terminated due to her marriage to a county sheriff's deputy; county clerk derived her power and duties from the State, independent of the county in which she served, and exercised her hiring and firing powers for the State. U.S. Const. Amend. 11; Ga. Const, art. IX, S 1; 42 U.S.C.A. S 1983; Ga. Code Ann. SS 15-6-50, 15-6-61, 15-6-82, 15-6-87. | Are deputy clerks of the superior court county employees? | Clerks of court - Memo 94 - RK.docx | ROSS-003287293-ROSS-003287294 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kicklighter v. Goodrich, 162 F. Supp. 3d 1363 | 170B+2385(2) | County clerk of state superior court, in her official capacity, acted as an "arm of the State" when she terminated chief deputy clerk, and thus was entitled to Eleventh Amendment immunity from deputy clerk's claim for damages under S 1983 for alleged violation of her First Amendment right to association, based on deputy clerk's allegation that she was terminated due to her marriage to a county sheriff's deputy; county clerk derived her power and duties from the State, independent of the county in which she served, and exercised her hiring and firing powers for the State. U.S. Const. Amend. 11; Ga. Const, art. IX, S 1; 42 U.S.C.A. S 1983; Ga. Code Ann. SS 15-6-50, 15-6-61, 15-6-82, 15-6-87. | Are deputy clerks of the superior court county employees? | 013533.docx | LEGALEASE-00131268-LEGALEASE-00131269 |
| Turner v. N. Carolina Dep't of Transp., 223 N.C. App. 90 | 48A+252 | Department of Transportation (DOT) is subject to a suit to recover damages for death caused by its negligence only as is provided in the Tort Claims Act. West's N.C.G.S.A. S 143-291. | Can the Department of Transportation (DOT) be held liable in tort? | 018781.docx | LEGALEASE-00131189-LEGALEASE-00131190 |
| U.S. ex rel. Batty v. Amerigroup Illinois, 528 F. Supp. 2d 861 | 170A+1772 | On a motion to dismiss for failure to state a claim, detailed factual allegations are not necessary, but merely reciting the elements of a cause of action is insufficient. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A. | Is the mere recital of the elements of a cause of action insufficient? | 023166.docx | LEGALEASE-00130333-LEGALEASE-00130335 |
| Moore v. Kayport Package Exp., 885 F.2d 531 | 170A+636 | While statements of time, place, and nature of alleged fraudulent activities are sufficient under civil rule requiring particularity in pleading circumstances of alleged fraud, mere conclusory allegations of fraud are insufficient. Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A. | Are conclusory allegations of fraud sufficient? | 023171.docx | LEGALEASE-00130389-LEGALEASE-00130391 |
| Peaslee v. Michalski, 167 So. 2d 242 | 307A+531 | A "voluntary nonsuit" is one ordered against a party-plaintiff who has affirmatively sought it; an "involuntary nonsuit" is one ordered against a defaulting plaintiff who has not affirmatively sought it. | "Is a ""voluntary nonsuit"" one ordered against a party-plaintiff who has affirmatively sought it?" | Pretrial Procedure - Memo # 1224 - C - DA.docx | ROSS-003287495-ROSS-003287496 |
| Parks v. Breedlove, 241 Ga. App. 72 | 307A+749.1 | A pretrial order limits the issues for trial and controls the subsequent course of the action unless modified at trial to prevent manifest injustice. | Is a pre-trial order to be construed liberally to allow the consideration of all questions fairly within the ambit of contested issues? | 026416.docx | LEGALEASE-00130406-LEGALEASE-00130409 |
| Taylor v. S & M Lamp Co., 12 Cal. Rptr. 323 | 307A+742.1 | If sufficiency of pleading is raised at pretrial conference, it should be resolved before pretrial order is signed and case set for trial. | "When should sufficiency of pleading, raised at pretrial conference be resolved?" | 026655.docx | LEGALEASE-00130374-LEGALEASE-00130375 |
| Makuakane v. Tanigawa, 50 Haw. 493 | 307A+747.1 | Parties and attorneys cannot be held bound by provisions of an unsigned pre-trial order. | Can parties and attorneys be held bound by provisions of an unsigned pre-trial order? | 026755.docx | LEGALEASE-00130291-LEGALEASE-00130292 |
| Senseley v. First Nat. Life Ins. Co., 205 La. 61 | 307A+501 | Plaintiff has control of a suit and the right to discontinue or dismiss it at any time except where rights of defendant are prejudiced, and as respects a reconventional demand the defendant has similar control and rights. Code Prac. art. 491. | Can a plaintiff discontinue an action against a defendant where the rights of the latter will not be prejudiced thereby? | 026769.docx | LEGALEASE-00130338-LEGALEASE-00130339 |
| Gillikin v. Pierce, 98 N.C. App. 484 | 307A+501 | If no counterclaim is pending, or if counterclaim does not arise out of same transaction, party may voluntarily dismiss his complaint without opposing party's consent by filing notice of dismissal. Rules Civ.Proc., Rule 41(a)(1), (a)(1)(i), G.S. S 1A-1. | "Is it an error to allow the plaintiff to dismiss his own case, where no counterclaim has been interposed?" | 026774.docx | LEGALEASE-00130381-LEGALEASE-00130382 |
| Shawe v. Elting, 157 A.3d 142 | 307A+331 | A party in litigation has an affirmative duty to preserve potentially relevant evidence. | Does a party in litigation have an affirmative duty to preserve potentially relevant evidence? | 026810.docx | LEGALEASE-00130804-LEGALEASE-00130805 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hibbert v. Ransdell, 26 P.3d 721 | 307A+749.1 | In general, a pretrial order should supersede pleadings and control the future course of the action unless modified to prevent injustice. | Will a pre-trial order supersede the pleadings? | 026934.docx | LEGALEASE-00130477-LEGALEASE-00130478 |
| Perkins v. Carter, 09-673 (La. App. 5 Cir. 12/29/09), 30 So. 3d 862 | 307A+1 | One of principal purposes of pretrial proceeding is to narrow issues of litigation to those which are contested and to dispense with proof on issues which are not contested. LSA-C.C.P. art. 1551. | What is the purpose of pretrial proceedings with regard to contested issues? | Pretrial Procedure - Memo # 1773 - SKG.docx | LEGALEASE-00020812-LEGALEASE-00020813 |
| Dillard Dep't Stores v. Hall, 909 S.W.2d 491 | 307A+331 | Unlike depositions and interrogatories, requests for document production may not be used simply to explore. Vernon's Ann.Texas Rules Civ.Proc., Rule 167. | Can requests for production of documents be used simply to explore? | Pretrial Procedure - Memo # 2080 - C - NS.docx | ROSS-003286465-ROSS-003286466 |
| In Interest of Hill, 102 Ill. App. 3d 387 | 307A+717.1 | Motion for continuance is insufficient where there is no showing that absence of witness would jeopardize case. | Is a motion for continuance insufficient where there is no showing that absence of witness would jeopardize case? | Pretrial Procedure - Memo # 2091 - C - NS.docx | LEGALEASE-00020994-LEGALEASE-00020995 |
| Foster v. Texas Dept. of Pub. Safety, 443 S.W.2d 66 | 30+3239 | Application for additional time is addressed to discretion of trial court whose ruling will not be disturbed upon appeal unless abuse of discretion is shown. Rules of Civil Procedure, rule 166-A(f). | Will an order granting or refusing the motion be disturbed on appeal? | 027535.docx | LEGALEASE-00130847-LEGALEASE-00130848 |
| Michigan Employment Sec. Comm'n v. Patt, 4 Mich. App. 228 | 371+2001 | Essential characteristics of a "tax" are that it is not a voluntary payment or donation, but an enforced contribution, exacted pursuant to legislative authority. | Is tax a voluntary payment or donation? | Taxation - Memo # 105 - C - SU.docx | LEGALEASE-00021056-LEGALEASE-00021057 |
| Grace v. St. Louis Cty., No. ED94746, 2011 WL 1660653 | 371+2001 | "Taxes" are proportional contributions imposed by the state upon individuals for the support of government and for all public needs; taxes are not payments for a special privilege or a special service rendered. | Are taxes proportional contributions imposed by the state? | Taxation - Memo # 112 - C - CK.docx | ROSS-003290516-ROSS-003290517 |
| Weisblat v. City of San Diego, 176 Cal. App. 4th 1022 | 371+2001 | A tax is a "special tax" whenever expenditure of its revenues is limited to specific purposes; this is true even though there may be multiple specific purposes for which the revenues may be spent. | When is a tax a special tax? | Taxation - Memo # 115 - C - CK.docx | ROSS-003315348-ROSS-003315349 |
| Okeson v. City of Seattle, 150 Wash. 2d 540 | 371+2002 | Charges imposed by a local government for purposes other than raising money for the public treasury, such as for the regulation of an activity, are not taxes and are not subject to constitutional taxation constraints. | Is tax a charge imposed to raise money for the public treasury? | 045031.docx | LEGALEASE-00130556-LEGALEASE-00130558 |
| Pifer v. Laird, 328 F. Supp. 649 | 34+2 | Army is entitled to first crack at interpreting its own regulations and to great deal of deference in interpretations it reaches. | Is the army entitled to a first crack at interpreting its own regulations? | 008889.docx | LEGALEASE-00132403-LEGALEASE-00132404 |
| U.S. ex rel. Hirshberg v. Cooke, 336 U.S. 210 | 258A+893 | The statute authorizing Secretary of Navy, with approval of President, to adopt and alter regulations and orders for control of navy, could not be construed as permitting navy to extend its court-martial jurisdiction beyond limits Congress had fixed. 34 U.S.C.A. S 591. | Can naval regulations be altered only with the approval of the president? | 008900.docx | LEGALEASE-00132415-LEGALEASE-00132416 |
| Aguilar Mortega v. Dep't of Def., 520 F. Supp. 2d 1 | 34+3(1) | Military courts are independent of the federal courts, and are analogized to state court systems when individuals punished by court-martial seek redress in federal courts. | Are military courts independent of federal courts? | Armed Services - Memo 76 - RK.docx | ROSS-003285692-ROSS-003285693 |
| United States v. Garrido, 713 F.3d 985 | 372+1014(10) | Convictions for honest services wire or mail fraud, pursuant to bribery theory, require at least an implied quid pro quo. 18 U.S.C.A. SS 1341, 1343, 1346. | "What is the definition of ""quid pro quo"" for the purpose of bribery?" | 012313.docx | LEGALEASE-00132082-LEGALEASE-00132084 |
| United States v. Mullins, 800 F.3d 866 | 63+1(1) | Evidence of quid pro quo is not necessary to establish that a public agent solicited corruptly anything of value in connection with a transaction of $5,000 or more. 18 U.S.C.A. S 666(a)(1)(B). | Is the evidence of quid pro quo necessary to establish that a public agent commit corrupt solicitation under bribery statute? | 012336.docx | LEGALEASE-00132087-LEGALEASE-00132088 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| McGee v. Finley, 65 So. 2d 384 | 302+8(15) | Heirs at law suing to annul two sales of realty by their ancestor were required, as prerequisite to introduction of parol evidence to show that signature of their ancestor was obtained by some manner of artifice or fraud, to have alleged in their petition the primary facts, and not merely conclusions, showing the fraud relied upon. | Must allegations of fraud contain facts and not mere conclusions? | 023204.docx | LEGALEASE-00131719-LEGALEASE-00131720 |
| Spudnuts v. Lane, 131 Ariz. 424 | 302+8(15) | Although no particular language is necessary in pleading fraud, elements constituting fraud must be found considering pleading as a whole and bare allegations that thing is "fraudulent" are insufficient to comply with rule. 16 A.R.S. Rules Civ.Proc., Rule 9(b). | Is any language necessary in pleading fraud? | 023208.docx | LEGALEASE-00131945-LEGALEASE-00131946 |
| Crist v. Goody, 31 Colo. App. 496 | 307A+331 | Rules dealing with interrogatories, discovery, and production must be liberally construed. Rules of Civil Procedure, rule 26. | "Must rules dealing with interrogatories, discovery, and production be liberally construed?" | 027273.docx | LEGALEASE-00131561-LEGALEASE-00131562 |
| Vinlis Const. Co. v. Roreck, 19 A.D.2d 753 | 307A+331 | Discovery and inspection must be obtained as authorized by statute and rule. Civil Practice Act, S 296 and subd. 1; Rules of Civil Practice, rule 141. | Must discovery and inspection be obtained as authorized by statute and rule? | Pretrial Procedure - Memo # 2114 - C - ES.docx | ROSS-003301579-ROSS-003301580 |
| Reeves v. Travelers Ins. Companies, 421 A.2d 47 | 307A+747.1 | Ultimate sanction of dismissal of action for failure to comply with pretrial procedure should be imposed only for the most serious instances of noncompliance with pretrial procedures. | Should the ultimate sanction be imposed only for the most serious instances of noncompliance with pretrial procedures? | 027442.docx | LEGALEASE-00131931-LEGALEASE-00131932 |
| Wenrich v. Employers Mut. Ins. Companies, 35 Kan. App. 2d 582 | 307A+749.1 | In the absence of an attempt to modify the pretrial order, such order is binding and controls the subsequent course of trial. | "Where a pretrial order was not modified, does it control a subsequent course of action?" | 027473.docx | LEGALEASE-00132313-LEGALEASE-00132314 |
| B. C. Richter Contracting Co. v. Cont'l Cas. Co., 230 Cal. App. 2d 491 | 307A+749.1 | Pretrial orders fixed actual issues and superseded inconsistent pleadings. Cal. Rules of Court, rule 216. | Can pretrial orders fix actual issues and supersede inconsistent pleadings? | 027652.docx | LEGALEASE-00132348-LEGALEASE-00132349 |
| Harris v. Ward Greenberg Heller & Reidy LLP, 151 A.D.3d 1808 | 307A+517.1 | When plaintiff's voluntary notice of discontinuance is timely, the action is discontinued and it is as if it had never been; everything done in the action is annulled and all orders in the case are nullified. McKinney's CPLR 3217(a). | "When an action is discontinued, is it as if it had never been?" | 027755.docx | LEGALEASE-00132002-LEGALEASE-00132003 |
| Morgan Stanley Dean Witter Commercial Fin. Servs. v. Sutula, 185 Ohio App. 3d 152 | 307A+517.1 | When a voluntary dismissal is filed, the time-stamped date on that document is controlling, not a subsequent court entry, nor can the court's subsequent actions affect a self-executing dismissal. Rules Civ.Proc., Rule 41(A)(1)(a). | "When a voluntary dismissal is filed, is the time-stamped date on that document controlling?" | 027759.docx | LEGALEASE-00132053-LEGALEASE-00132054 |
| In re Cole, 428 B.R. 747 | 307A+517.1 | Under Ohio law, where litigants agree to a voluntary dismissal, the action is treated as if it had never been commenced. Ohio Rules Civ.Proc., Rule 41. | "Where litigants agree to a voluntary dismissal, is the action treated as if it had never been commenced?" | Pretrial Procedure - Memo # 2327 - C - NE.docx | ROSS-003300039-ROSS-003300040 |
| Allied Van Lines v. Fairfield Ins. Co., 591 F. Supp. 2d 852 | 307A+517.1 | In Louisiana, as in other jurisdictions, a voluntary dismissal is a dismissal without prejudice unless otherwise stated, as predicted by federal district court. | Is a voluntary dismissal a dismissal without prejudice unless it otherwise states? | Pretrial Procedure - Memo # 2381 - C - TM.docx | ROSS-003288231-ROSS-003288232 |
| Michigan State Highway Comm'n v. Redmon, 42 Mich. App. 642 | 307A+749.1 | Counsel cannot sit idly by and then for the first time interpose objections at trial. | Can counsel sit idly by and then for the first time interpose objections at trial? | 027873.docx | LEGALEASE-00132323-LEGALEASE-00132324 |
| Kendra Oil & Gas v. Homco, Ltd., 879 F.2d 240 | 170A+1935.1 | Pretrial order governs conduct at trial unless modified, which may be done only to prevent manifest injustice. Fed.Rules Civ.Proc.Rule 16(e), 28 U.S.C.A. | Does a pretrial order govern a conduct of trial? | 027918.docx | LEGALEASE-00132296-LEGALEASE-00132297 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| GenOn Mid-Atl. v. Montgomery Cty., Md., 650 F.3d 1021 | 170B+2036 | For purposes of Tax Injunction Act, assessment imposed upon narrow class is less likely to be tax than assessment imposed upon broad class of parties. 28 U.S.C.A. S 1341. | Is an assessment imposed on a narrow class likely to be a tax? | 044811.docx | LEGALEASE-00131534-LEGALEASE-00131535 |
| Am. Auto. Ass'n v. State, 136 N.H. 579 | 371+2001 | "Tax" is enforced contribution to raise revenue and not to reimburse state for special services. Const. Pt. 2, Art. 5. | Is tax an enforced contribution to reimburse the State for special services? | Taxation - Memo # 222 - C - KI.docx | LEGALEASE-00022137-LEGALEASE-00022139 |
| City of Hot Springs By & Through Starr v. Vapors Theatre Rest., 298 Ark. 444 | 371+2001 | Any doubt regarding imposition of tax should be resolved in favor of taxpayer and against taxing authority. | Should any doubt regarding imposition of tax be resolved in favor of a taxpayer and against the taxing authority? | 044879.docx | LEGALEASE-00132019-LEGALEASE-00132020 |
| Centerre Bank of Crane v. Dir. of Revenue, 744 S.W.2d 754 | 371+2001 | It is manner of operation which determines nature of tax, not sanctions imposed for failure to pay it. | Do sanctions imposed for failure to pay the tax determine the nature of a tax? | 044912.docx | LEGALEASE-00131907-LEGALEASE-00131908 |
| Mills v. Cty. of Trinity, 108 Cal. App. 3d 656 | 371+2001 | In its broadest sense, a "tax" includes all charges upon persons or property for support of government or for public purposes. | "What does ""tax"" include in its broadest sense?" | 044942.docx | LEGALEASE-00132010-LEGALEASE-00132011 |
| Dalton v. State Prop. & Buildings Comm'n, 304 S.W.2d 342 | 371+2001 | Ordinarily, phrase "annual tax" means a direct ad valorem tax and a tax which is levied each year. Const. S 50. | "Does the phrase ""annual tax"" mean a direct ad valorem tax and a tax which is levied each year?" | 045048.docx | LEGALEASE-00132116-LEGALEASE-00132117 |
| United States v. Pomponio, 511 F.2d 953 | 63+1(1) | The word "bribery" as used in the Travel Act is not limited to the corruption of public officials, and extended to defendant's conduct in making payments to bank officer for purpose of influencing his conduct relative to loans made to corporations owned or controlled by defendants. Penal Law N.Y.1965, S 180.00; 18 U.S.C.A. SS 215, 1952. | "Is ""bribery"" as used in the Travel Act only limited to the corruption of public officials?" | 011346.docx | LEGALEASE-00133216-LEGALEASE-00133217 |
| People v. Blue, 207 Ill. 2d 542 | 282+120 | False reporting is not a specific instance of attempt to influence a public servant; while the crime of false reporting penalizes those who provide untruthful information to public officials, regardless of an attempt to influence public officials, the attempted influence offense can occur without any false reporting at all. West's C.R.S.A. SS 18-1-408(1), 18-8-111(1)(d), 18-8-306. | Is false reporting a specific instance of attempt to influence a public servant? | Bribery - Memo #264 - C-JL.docx | ROSS-003300849-ROSS-003300850 |
| N. J. Gendron Lumber Co. v. Great N. Homes, 8 Mass. App. Ct. 411 | 379+210 | "Commercial bribery" is advantage one competitor secures over fellow competitor by his secret and corrupt dealing with employees or agents of prospective purchasers. M.G.L.A. c. 271 S 39. | What does the crime of commercial bribery entail? | 011432.docx | LEGALEASE-00133387-LEGALEASE-00133388 |
| Pramer S.C.A. v. Abaplus Int'l Corp., 76 A.D.3d 89 | 13+5 | Private right of action is not implied under the commercial bribery provisions of the Penal Law. | Is a private right of action implied under the commercial bribery provisions? | Bribery - Memo #302 - C-JL.docx | ROSS-003327686-ROSS-003327687 |
| Sardanis v. Sumitomo Corp., 279 A.D.2d 225 | 13+5 | Penal Law's commercial bribery provision did not create implied private right of action. McKinney's Penal Law S 180.03. | Is a private right of action implied under the commercial bribery provisions? | 011447.docx | LEGALEASE-00133034-LEGALEASE-00133035 |
| Dreisbach v. Eifler, 764 S.W.2d 631 | 289+658 | Partner owns no personal specific interest in any specific property or asset of partnership, and thus, cannot assign any interest in a specific property or particular asset. | Do partners have personal interest in specific property belonging to the partnership? | 022086.docx | LEGALEASE-00133484-LEGALEASE-00133485 |
| Home State Bank v. Vandolah, 188 Ill.App. 123 | 289+810(1) | One partner may assign his interest in partnership property to third person but such person does not thereby become partner in firm without consent of other partners. | Can a partner convey his property rights to a third person? | 022106.docx | LEGALEASE-00133507-LEGALEASE-00133508 |
| Allen v. Devon Energy Holdings, 367 S.W.3d 355 | 289+1134 | A general partner in a limited partnership owes a fiduciary duty to the limited partners because of its control over the entity. | Does a general partner in a limited partnership owe a fiduciary duty to a limited partner? | 022118.docx | LEGALEASE-00133525-LEGALEASE-00133526 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Soley v. VanKeppel, 656 N.E.2d 508 | 289+429 | Lack of daily involvement by one partner is not per se indicative of an absence of partnership. West's A.I.C. 23-4-1-7. | Is the lack of daily involvement by one partner per se indicative of an absence of a partnership? | 022147.docx | LEGALEASE-00133549-LEGALEASE-00133550 |
| Fox v. Fifth W., 153 Mont. 95 | 307A+743 | Court's pretrial order restricting argument with reference to alleged omission, which went to issue of entire case, was error. | Is a court's pre-trial order restricting counsel on an evidentiary point that went to the issue of the entire case itself an error? | Pretrial Procedure - Memo # 1832 - C - KS.docx | ROSS-003287275-ROSS-003287276 |
| Rogers v. Rausa, 871 So. 2d 748 | 307A+750 | If a claim or issue is omitted from the pretrial order, it is waived, even if it appeared in the complaint. | Is it a waiver if a claim or issue is omitted from the pretrial order even if it appeared in the complaint? | 027101.docx | LEGALEASE-00133241-LEGALEASE-00133242 |
| Am. Nat. Rent-A-Car v. McNally, 8 Ariz. App. 208 | 307A+747.1 | Pretrial order may be dispensed with only for good reason. 17 A.R.S. Uniform Rules of Practice of the Superior Court, rule VI(c). | Can a pretrial order be dispensed with only for a good reason? | 027110.docx | LEGALEASE-00133223-LEGALEASE-00133225 |
| Barrow v. Abramowicz, 931 A.2d 424 | 307A+749.1 | Scheduling orders are not merely guidelines but have full force and effect as any other order of the superior court. Superior Court Civil Rule 16. | Do scheduling orders have full force and effect as any other order of the superior court? | 027116.docx | LEGALEASE-00133068-LEGALEASE-00133071 |
| Oller v. Kincheloe's, 235 Kan. 440 | 307A+749.1 | A pretrial order which specifies the issues to be tried supersedes and replaces the pleadings. Rules Civ.Proc., K.S.A. 60-216. | Does a pretrial order that specifies the issues to be tried supersede and replace the pleadings? | 027161.docx | LEGALEASE-00133117-LEGALEASE-00133118 |
| Cade v. Mid-City Hosp. Corp., 45 Cal. App. 3d 589 | 307A+717.1 | Unavailability of witness or absence of evidence may be proper grounds for continuance. | May the unavailability of a witness or absence of evidence be proper grounds for continuance? | 027187.docx | LEGALEASE-00132976-LEGALEASE-00132977 |
| Contreras By & Through Contreras v. Carbon Cty. Sch. Dist. No. 1, 843 P.2d 589 | 30+3311 | Trial court has discretion to waive requirements contained in its pretrial orders, and ruling which excuses failure to observe pretrial order will not be overturned on appeal unless there has been abuse of discretion. | Does the trial court have the discretion to waive requirements contained in its pretrial orders? | Pretrial Procedure - Memo # 2148 - C - SN.docx | ROSS-003301597-ROSS-003301598 |
| Esmieu v. Schrag, 92 Wash. 2d 535 | 307A+749.1 | Parties are bound by the facts agreed to at pretrial conference and established by the pretrial order. CR 16(b). | Are parties bound by the facts agreed to at the pretrial conference and established by the pretrial order? | 027713.docx | LEGALEASE-00132764-LEGALEASE-00132765 |
| Beverly Enterprises-Arkansas v. Hillier, 341 Ark. 1 | 307A+501 | Plaintiff have an absolute right to voluntarily nonsuit a claim without prejudice. Rules Civ.Proc., Rule 41(a). | Does a plaintiff have an absolute right to voluntarily nonsuit a claim without prejudice? | Pretrial Procedure - Memo # 2579 - C - ES.docx | ROSS-003300133-ROSS-003300134 |
| Stearns Bank N.A. v. Palmer, 182 S.W.3d 624 | 307A+517.1 | The trial court loses jurisdiction on the date a voluntary dismissal is filed. V.A.M.R. 67.02(a). | Does the trial court lose jurisdiction on the date a voluntary dismissal is filed? | 028204.docx | LEGALEASE-00133142-LEGALEASE-00133143 |
| Hyman Farm Serv. v. Earth Oil & Gas Co., 920 S.W.2d 452 | 307A+517.1 | Venue was not conclusively fixed by first filing, where venue determination was not made in first suit. | "Is a venue conclusively fixed by first filing, where venue determination was not made in the first suit?" | 028208.docx | LEGALEASE-00133182-LEGALEASE-00133183 |
| Sec. Pac. Hous. Servs. v. Friddle, 315 Ark. 178 | 307A+517.1 | Dismissal with prejudice is as conclusive of rights of parties as if there were adverse judgment after trial. | Is dismissal with prejudice as conclusive of rights of parties as if there were an adverse judgment after the trial? | 028216.docx | LEGALEASE-00133273-LEGALEASE-00133274 |
| Wright v. Eddinger, 320 Ark. 151 | 307A+506.1 | After final submission of case, motion for voluntary nonsuit is within discretion of trial court. Rules Civ.Proc., Rule 41(a). | Is it within a court's discretion to permit a nonsuit after final submission of case? | 028397.docx | LEGALEASE-00132894-LEGALEASE-00132895 |
| Ross v. Wallack, 188 So. 3d 597 | 307A+486 | The proper procedural mechanism to accomplish the withdrawal of admissions that have been deemed admitted by operation of law is to file a motion asking that the admissions be withdrawn. Rules Civ.Proc., Rule 36(b). | What is the proper procedural mechanism to accomplish the withdrawal of admissions? | 028570.docx | LEGALEASE-00132714-LEGALEASE-00132715 |
| Bass v. Durham Cty. Hosp. Corp., 158 N.C. App. 217 | 307A+517.1 | The effect of a voluntary dismissal is to leave the plaintiff exactly as she was before the action was commenced. Rules Civ.Proc., Rule 41(a), West's N.C.G.S.A. S 1A-1. | Is the effect of a voluntary dismissal to leave the plaintiff exactly as she was before the action was commenced? | Pretrial Procedure - Memo # 2807 - C - BP.docx | ROSS-003315062-ROSS-003315063 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Trent v. Franco, 253 Ga. App. 104 | 307A+517.1 | The renewal statute is remedial in nature, and it is construed liberally to allow renewal where a suit is disposed of on any ground not affecting its merits. O.C.G.A. S 9-2-61. | Is the renewal statute remedial in nature? | 028621.docx | LEGALEASE-00133012-LEGALEASE-00133013 |
| In re Tutu Wells Contamination Litig., 846 F. Supp. 1243 | 386+14 | Under Virgin Islands law, harm to plaintiff's property, physical or otherwise, is not element of tort of trespass. Restatement (Second) of Torts SS 158, 163. | "Is a harm to the Plaintiffs' property, physical or otherwise, an element of the tort of trespass?" | 047316.docx | LEGALEASE-00133306-LEGALEASE-00133307 |
| Lugue v. Hercules, 12 F. Supp. 2d 1351 | 386+14 | Under Georgia law, any unlawful interference with property, regardless of actual injury, is considered a trespass. O.C.G.A. S 51-9-1. | Can any unlawful interference with property regardless of actual injury be considered as a trespass? | 047328.docx | LEGALEASE-00133385-LEGALEASE-00133386 |
| Case Poythress v. J. P. Stevens & Co., 54 N.C. App. 376 | 413+1 | Workers' Compensation Act has never been construed to guarantee recovery; it merely affords right to claim for recovery. | Does the Workers' Compensation Act guarantee recovery? | Workers Compensation - Memo #138 ANC.docx | LEGALEASE-00023305-LEGALEASE-00023306 |
| Cunning v. City of Hopkins, 258 Minn. 306 | 413+1 | The right to workmen's compensation does not arise out of tort, but exists by reason of the Workmen's Compensation Act. M.S.A. SS 176.011, subd. 16, 176.021, subd. 1. | "Does the right to workmens compensation arise out of tort, or does it exist by reason of the Workmens Compensation Act?" | Workers Compensation - Memo #200 ANC.docx | LEGALEASE-00023361-LEGALEASE-00023362 |
| United States v. Bankers Ins. Co., 245 F.3d 315 | 25T+151 | Mandatory arbitration, as a prerequisite to initiation of litigation, and binding arbitration, in which the parties must accept an award or decision of the arbitrator, are two different things, and although non-binding arbitration may turn out to be a futile exercise, this fact does not, as a legal matter, preclude a non-binding arbitration agreement from being enforced. | Is it possible to enforce a non-binding arbitration clause? | 007611.docx | LEGALEASE-00133664-LEGALEASE-00133665 |
| Rhynehardt v. Sears Logistics Servs., 103 Ohio App. 3d 327 | 307A+517.1 | Unless otherwise stated in notice of dismissal, a voluntary dismissal is without prejudice. Rules Civ.Proc., Rule 41(A)(1). | "Unless otherwise stated in the notice of dismissal, is a voluntary dismissal without prejudice?" | Pretrial Procedure - Memo # 2614 - C - KA.docx | ROSS-003305099-ROSS-003305100 |
| United States v. Forfari, 268 F.2d 29 | 34+4 | Nonappropriated fund instrumentalities of the Army, Air Force, Navy and Marine Corps are integral parts of United States military services. 5 U.S.C.A. SS 150k, 150k-1; West's Ann.Cal.Labor Code, S 3601. | Are non-appropriated fund instrumentalities of the United States integral parts of United States military services? | 008388.docx | LEGALEASE-00133760-LEGALEASE-00133761 |
| L. B. Smith v. Bankers Tr. Co. of W. N. Y., 80 A.D.2d 496 | 8.30E+211 | A check drawn payable to two payees, A and B, whose names are separated by a virgule is a check payable to the payees in the alternative; such a check is functionally identical to one drawn payable to two payees in the manner "A or B." Uniform Commercial Code, S 3-116. | Does checks which listed payees should be separated by a virgule and payable to the payees in the alternative? | 010206.docx | LEGALEASE-00133887-LEGALEASE-00133888 |
| Alvarado v. Hyundai Motor Co., 885 S.W.2d 167 | 307A+517.1 | Taking of nonsuit does not prejudice parties from seeking same relief in subsequent suit. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does taking of nonsuit prejudice parties from seeking the same relief in a subsequent suit? | 028329.docx | LEGALEASE-00133713-LEGALEASE-00133714 |
| Hugh O'Connor v. J. Robert Autenreith, 343 So. 2d 1090 | 308+111(1) | Agent's power, which must be express and special for number of purposes including power to compromise, must also be express and special for power to grant gratuitous remission of debt. LSA-C.C. art. 2997. | Should an agents powers be express and special to effect compromise? | 042133.docx | LEGALEASE-00133736-LEGALEASE-00133737 |
| State v. Burch, 740 S.W.2d 293 | 210+572(2) | It is generally permissible and sufficient for indictment to charge offense in language of statute, provided statute sets forth all constituent elements of offense. | Does an indictment require all elements of the offense alleged? | 043068.docx | LEGALEASE-00133812-LEGALEASE-00133813 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bd. of Ed. of Union Free Sch. Dist. No. 3 of Town of Oyster Bay, Nassau Cty. v. Allen, 6 A.D.2d 316 | 371+2001 | Taxation is to support the public welfare, as that may from time to time and from place to place be conceived. | "Is the theory of taxation, as that may from time to time and from place to place be conceived, to support public welfare?" | Taxation - Memo # 390 - C - KBM.docx | LEGALEASE-00023742-LEGALEASE-00023743 |
| Niblack v. Adler, 209 Ill. App. 156 | 8.30E+266 | Whether promissory note would be deemed renewal of former note, depended on intention of the parties. | Does the question whether the note could be deemed a renewal of a former note depends on the intention of the parties? | 009466.docx | LEGALEASE-00134258-LEGALEASE-00134259 |
| In re Dunneback's Estate, 302 Mich. 73 | 83E+679 | A renewal note does not operate as "payment" of the original debt in absence of a novation or express agreement of the parties. | Does the renewal of an original note operate as payment? | 009474.docx | LEGALEASE-00134396-LEGALEASE-00134397 |
| Ne. Factor & Disc. Co. v. Mortg. Investments of Ga., 107 Ga. App. 705 | 83E+405 | Writing in back of a bill or note with the intention of transferring title is an indorsement even though it is in terms an assignment. | Is a writing on the back of a bill or a note an indorsement? | Bills and Notes - Memo 287 - V - IS.docx | ROSS-003290010-ROSS-003290011 |
| United States v. Kemp, 500 F.3d 257 | 372+1021 | District Court did not misstate the law when instructing jury on the bribery theory of honest services wire fraud; Court repeatedly emphasized the quid pro quo element, explained that it was not necessary to show that any specific benefit was given in exchange for any specific official act, and explained that specific intent to engage in a quid pro quo exchange was required. 18 U.S.C.A. S 1346. | "Under the stream of benefits theory of bribery, does it need to be shown that any specific benefit was given in exchange for a specific official act?" | 011227.docx | LEGALEASE-00133996-LEGALEASE-00133998 |
| People v. Coward, 100 A.D.2d 628 | 110+29(12) | Fact that defendant was acquitted of rape and sodomy did not preclude consideration of the injuries inflicted during the alleged sexual attack for purposes of determining whether physical injury occurred to the victim for purposes of showing that defendant committed burglary in the first degree. McKinney's Penal Law SS 10.00, subd. 9, 140.30. | Does first degree burglary conviction require physical injury to the victim? | Burglary - Memo 96 - KNR.docx | ROSS-003329792-ROSS-003329794 |
| Comm'r of Transp. v. Shea, 47 Conn. Supp. 418 | 200+80 | The right of freehold is not touched by establishing a highway; it continues in original owner of land in the same manner as before highway was established, subject to easement. | What happens to the right of freehold on establishment of a highway? | Highways -Memo 104 - DB.docx | ROSS-003329815-ROSS-003329816 |
| Smith v. St. Louis Cty. Softball Assoc., 623 S.W.2d 38 | 302+233.1 | Although rules stress liberality in allowing amendments to pleadings, granting such leave is not mandatory. V.A.M.R. 55.33, 67.06. | Is granting leave to amend pleadings mandatory? | Pleading - Memo 297 - RMM.docx | ROSS-003303721-ROSS-003303722 |
| Smith v. St. Louis Cty. Softball Assoc., 623 S.W.2d 38 | 302+236(1) | Trial court has discretion to deny request for leave to amend petition. V.A.M.R. 55.33, 67.06. | Do the trial court have discretion to deny a request for leave to amend a petition? | 023271.docx | LEGALEASE-00134262-LEGALEASE-00134263 |
| Gibson v. Brewer, 952 S.W.2d 239 | 302+48 | Missouri is a fact-pleading state; short and plain statement of facts showing that pleader is entitled to relief presents, limits, defines, and isolates contested issues for trial court and parties in order to expedite trial on merits. V.A.M.R. 55.05. | Should pleadings contain short and plain statement of the facts showing that the pleader is entitled to relief? | Pleading - Memo 304 - RMM.docx | ROSS-003290566-ROSS-003290567 |
| Hodge v. Johnson, 852 N.E.2d 650 | 307A+517.1 | Where an action is voluntarily dismissed without prejudice, the situation is as though no action had been brought. | "Where an action is voluntarily dismissed without prejudice, is the situation as though no action had been brought?" | 028419.docx | LEGALEASE-00133964-LEGALEASE-00133965 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ex parte Green, 103 S.W. 503 | 307A+69.1 | Where depositions are taken under notice providing that the taking will begin on a specified day and continue from day to day until the depositions are completed, and continuances are had, the officer should keep a record showing what was done on each day, and the cause for each continuance or adjournment. | "If for any reason the taking of deposition is adjourned to the following day, should the officer taking the deposition note the cause for the adjournment?" | 028940.docx | LEGALEASE-00134015-LEGALEASE-00134016 |
| Spiecker v. Petroff, 971 S.W.2d 536 | 307A+486 | In construing rule requirements for withdrawal of deemed admissions, Court of Appeals must give liberal construction to rule. Vernon's Ann.Texas Rules Civ.Proc., Rules 1, 169(2). | "In construing rule requirements for withdrawal under rule 169, do the courts liberal construction to the rule?" | 028981.docx | LEGALEASE-00134740-LEGALEASE-00134742 |
| Allied Gas & Chem. Co. v. Federated Mut. Ins. Co., 332 N.W.2d 877 | 307A+486 | There is no need to distinguish between motion to file untimely response and motion to amend or withdraw an admission. Rules Civ.Proc., Rules 127, 128. | Do courts acknowledge the similarity between the rulings on motion to file untimely response and motion to amend or withdraw an admission? | 028990.docx | LEGALEASE-00134745-LEGALEASE-00134746 |
| Marshall v. Vise, 767 S.W.2d 699 | 307A+483 | Unanswered requests for admissions are automatically deemed admitted, unless court on motion permits there withdrawal or amendment. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "Upon failure to answer request to admit or deny genuineness of certain facts, are facts therein automatically deemed admitted?" | 029049.docx | LEGALEASE-00134291-LEGALEASE-00134292 |
| Brankovic v. Snyder, 259 Ga. App. 579 | 307A+486 | Merely being forced to go to trial is not the sort of prejudice as will prevent the withdrawal of deemed admissions. West's Ga.Code Ann. S 9-11-36(b). | Is merely being forced to go to trial not the sort of prejudice as will prevent the withdrawal of deemed admissions? | 029069.docx | LEGALEASE-00134402-LEGALEASE-00134403 |
| Kohl v. United States, 226 F.2d 381 | 371+2001 | A tax imposed on property or income therefrom only by reason of its ownership is direct. U.S.C.A. Const. art. 1, SS 2, 9. | "Is a tax imposed on property or income therefrom only by reason of its ownership, a direct tax?" | 045025.docx | LEGALEASE-00134422-LEGALEASE-00134423 |
| WHYY v. Borough of Glassboro, 50 N.J. 6 | 371+2001 | As existence of government is necessity, taxes are demanded and received in order for government to function. | "Are taxes demanded and received in order for the government to function, as the existence of government is a necessity?" | 045039.docx | LEGALEASE-00134343-LEGALEASE-00134344 |
| State ex rel. Lane Drug Stores v. Simpson, 122 Fla. 582 | 371+2001 | Character of tax must be determined from its practical effect and operation, rather than from particular descriptive language applied thereto. Const.U.S. Amend. 14; Const.Fla.Declaration of Rights, S 1. | Can the character of a tax be determined by the language used? | 045060.docx | LEGALEASE-00134237-LEGALEASE-00134239 |
| Menz v. Coyle, 117 N.W.2d 290 | 371+2001 | A "tax" is an enforced contribution for public purposes which is in no way dependent upon will or consent of person taxed. | Is a tax in any way dependent upon will or consent of person taxed? | 045082.docx | LEGALEASE-00134108-LEGALEASE-00134109 |
| Seeth v. Joseph, 276 A.D. 188 | 371+2001 | The matter of revenue taxation has no relation to the subject of regulation or police power. | Does the matter of revenue taxation have any relation to the subject of regulation or police power? | 045088.docx | LEGALEASE-00133994-LEGALEASE-00133995 |
| Parks Hiway Enterprises v. CEM Leasing, 995 P.2d 657 | 386+11 | Trespass is an unauthorized intrusion or invasion of another's land, including subsurface areas. | "Can trespass includeintrusion or invasion of another's land, including subsurface areas?" | 047414.docx | LEGALEASE-00134779-LEGALEASE-00134780 |
| Thomas v. Carnival Corp., 573 F.3d 1113 | 25T+515 | Unless there is affirmative defense that prevents application of United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards, court should compel parties to arbitrate, providing following jurisdictional prerequisites are met: (1) there is agreement in writing to arbitrate dispute; (2) agreement provides for arbitration in territory of signatory of Convention; (3) agreement arises out of legal relationship, whether contractual or not, that is considered commercial; and (4) one party to agreement is not United States citizen, or commercial relationship at issue has some reasonable relation with foreign state. 9 U.S.C.A S 201 et seq. | Can recognition and enforcement of an arbitral award be refused by courts? | 007536.docx | LEGALEASE-00135794-LEGALEASE-00135795 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Whitfield, 590 F.3d 325 | 372+1021 | At trial of attorney and two former state judges charged with honest services fraud in connection with two separate prolonged bribery schemes, jury instructions accurately stated the law, even though district court did not include phrase "quid pro quo"; court required government to prove that defendants entered into corrupt agreement for attorney to provide judge with things of value with intent to influence judge's action or judgment on any matter which may then have been or was thereafter pending subject to judge's action or judgment, court instructed jury to consider whether judges' rulings were accompanied by honest belief in the law and facts of a case rather than a corrupt purpose, government was not required to prove that defendants had identified a particular case that would be influenced, only that they had specific intent to give or receive something of value in exchange for an official act to be performed in the future, and this sufficiently conveyed essential idea of give-and-take. 18 U.S.C.A. S 1346; Miss.Code 1972, S 97-11-11. | "In order to prove a case of bribery, does the government have to prove the occurrence of the quid pro quo?" | 011573.docx | LEGALEASE-00135173-LEGALEASE-00135175 |
| Shockley v. State, 695 S.W.2d 754 | 67+41(3) | Intent, as an essential element of burglary, must be proved by state beyond a reasonable doubt; it may not be left simply to speculation and surmise; however, as a question of fact for jury, intent may be inferred from surrounding circumstances. V.T.C.A., Penal Code S 30.02. | Does burglary require proof beyond a reasonable doubt? | Burglary - Memo 112-jS.docx | LEGALEASE-00024937-LEGALEASE-00024938 |
| Shelly v. State, 107 Ga. App. 736 | 135H+144 | Offenses of possessing burglary tools and burglary are separate and distinct, and a person being prosecuted for either is in no jeopardy of being convicted of the other, or of being convicted of an offense which is an essential part of the other. | Is the possession of burglary tools different from burglary? | Burglary - Memo 121 - JS.docx | ROSS-003303668-ROSS-003303670 |
| State v. Richards, 29 Utah 310 | 67+8 | Under Rev. St. 1898, S 4334, defining "burglary" as entering "in the nighttime," etc., and section 4338, defining "nighttime" as the period between sunset and sunrise, a larceny, to constitute burglary, must be committed in the nighttime, and affirmative proof that it was so committed must be adduced; but such proof need not be direct, but may be circumstantial, in character. | What is nighttime in burglary? | Burglary - Memo 160 - JS.docx | ROSS-003330657-ROSS-003330659 |
| McNeill v. Thomas, 203 N.C. 219 | 302+8(15) | Unless facts relied on to constitute fraud are distinctly alleged, courts cannot grant relief therefor. | Should facts relied on to constitute fraud or mistake be distinctly alleged? | 023320.docx | LEGALEASE-00135668-LEGALEASE-00135669 |
| Cardiff Equities v. Superior Court, 166 Cal. App. 4th 1541 | 307A+517.1 | A court cannot force a litigant to pursue claims it chooses to abandon through voluntary dismissal. West's Ann.Cal.C.C.P. S 581. | Can a court force a litigant to pursue claims it chooses to abandon through voluntary dismissal? | 028520.docx | LEGALEASE-00134978-LEGALEASE-00134979 |
| Autry v. Bryan, 224 Va. 451 | 307A+716 | Client is not to be rewarded with continuance when there is unexplained, unexcused nonappearance by his attorney of record. | "Should a client be rewarded with continuance when there is unexplained, unexcused nonappearance by his attorney of record?" | Pretrial Procedure - Memo # 3270 - C - KG.docx | LEGALEASE-00025187-LEGALEASE-00025188 |
| Cont'l Cas. Co. v. Kinsey, 513 N.W.2d 66 | 307A+24 | It is incumbent upon party requesting additional discovery prior to ruling on summary judgment motion to bring to court's attention reasons justifying that request. Rules Civ.Proc., Rule 56(f). | "Is it incumbent upon a party wishing to rely on requests for admission to put the requests into evidence, and the record, as by a motion to admit?" | 029560.docx | LEGALEASE-00135411-LEGALEASE-00135412 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Avila, 117 Cal. App. 4th 771 | 110+589(2) | Illness of the defendant constitutes good cause sufficient to grant a motion for a mistrial or a request to continue the trial. | Is sickness of principal counsel a good cause for a continuance at a trial? | Pretrial Procedure - Memo # 3550 - C - KG.docx | ROSS-003290959-ROSS-003290960 |
| Schiro v. Monteleone, 2 La. App. 280 | 275+86 | A firm composed of two lawyers is not entitled to continuance, nor to new trial, on ground that one was engaged in another court, when case presented no difficulty, and party applying suggests no evidence which would have produced different judgment. | "Does an absence of counsel a ground of continuance, where a party has been assisted by other counsel and had no evidence which would have produced a different result if his counsel had been present?" | 029726.docx | LEGALEASE-00135681-LEGALEASE-00135682 |
| Babcock v. Martinez, 368 Ill. App. 3d 130 | 307A+483 | Although a party may constructively admit facts, even ultimate facts, by failing to respond to a request for admission, a party does not constructively admit legal conclusions by a failure to respond to requests that contain those conclusions. Sup.Ct.Rules, Rule 216(c). | Does a party's failure to respond to a request to admit facts pursuant to Supreme Court Rules admit any specified relevant fact set forth in the request? | 029810.docx | LEGALEASE-00135380-LEGALEASE-00135381 |
| Employers Ins. of Wausau v. Halton, 792 S.W.2d 462 | 307A+483 | Good cause is threshold standard for withdrawal of deemed admissions. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | Is good cause a threshold standard for withdrawal of deemed admissions? | 029812.docx | LEGALEASE-00135390-LEGALEASE-00135391 |
| Lambert v. Bunge Corp., 169 So. 2d 207 | 307A+716 | Illness of principal counsel in trial of case is good ground for continuance. LSA-C.C.P. art. 1601. | Is illness of a principal counsel in trial of case a good ground for continuance? | 029833.docx | LEGALEASE-00135697-LEGALEASE-00135698 |
| Bradford Motor Cars v. Frem, 511 So. 2d 1120 | 307A+483 | Plaintiff cannot liquidate damages merely by serving a request for admissions which is not answered. | Can a plaintiff liquidate damages merely by serving a request for admissions which is not answered? | Pretrial Procedure - Memo # 3673 - C - NE.docx | LEGALEASE-00025603-LEGALEASE-00025604 |
| Schiro v. Monteleone, 2 La. App. 280 | 275+86 | A firm composed of two lawyers is not entitled to continuance, nor to new trial, on ground that one was engaged in another court, when case presented no difficulty, and party applying suggests no evidence which would have produced different judgment. | Is the absence of counsel a ground of continuance where a party has been assisted by other counsel and had no evidence which would have produced a different result if his counsel were present? | Pretrial Procedure - Memo # 3802 - C - SB.docx | ROSS-003317906-ROSS-003317907 |
| Barton v. Lary, 283 S.W. 920 | 307A+717.1 | First application for continuance because of absence of material witness, to procure whom due diligence was shown, held erroneously overruled. | Should an application for continuance which shows that the applicant has not used due diligence to procure the attendance of the witness be overruled? | 030393.docx | LEGALEASE-00135991-LEGALEASE-00135992 |
| State Indus. Acc. Comm'n v. Aebi, 177 Or. 361 | 371+2001 | An exaction imposed by statute does not lose its character as a tax because it is applied only to a certain class. | Does exaction imposed by statute destroy the character of a tax merely because it is applied only to a certain class? | 045236.docx | LEGALEASE-00135016-LEGALEASE-00135017 |
| Franco v. Bank of Forest Park, 118 Ga. App. 700 | 8.30E+186 | Where notations in margin of note concerning amount included for credit life premiums on life of maker of note and how much was included for interest to maturity did not alter or change obligation of contract, notations were not material alterations, though notations were made after note was signed without knowledge or consent of maker. Code, S 109A-3-407. | Do alterations on the note operate to discharge the parties from their obligations? | Bills and Notes -Memo 236 -VP.docx | ROSS-003317018 |
| United States v. Agostino, 132 F.3d 1183 | 110+1173.1 | Court of Appeals will reverse based on error in refusing to give requested instructions only if, considering all instructions, evidence and arguments, it appears that jury was misled and its understanding of issues was seriously affected to prejudice of complaining party. | What constitutes misleading the jury in a bribery trial? | Bribery - Memo #207 - C- EB.docx | LEGALEASE-00025855-LEGALEASE-00025857 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Zwick, 199 F.3d 672 | 63+1(1) | The value of a transaction is not required to be measured from the perspective of the organization, government, or agency in question, when determining whether an agent of an organization, government, or agency receiving federal funds has violated the statute prohibiting the acceptance of a bribe with respect to a transaction having a value of $5,000 or more. 18 U.S.C.A. S 666(a)(1)(B). | "What is the purpose of the $5,000 value element for bribery under the bribery statute?" | 011322.docx | LEGALEASE-00136900-LEGALEASE-00136902 |
| United States v. Jennings, 160 F.3d 1006 | 63+1(1) | "Illegal gratuity," for purposes of statute prohibiting bribery of public officials and witnesses, is a payment made to an official concerning a specific official act or omission that the payor expected to occur in any event. 18 U.S.C.A. S 201(c)(1)(A). | How is illegal gratuity defined under the statute? | Bribery - Memo #460 - C-JL.docx | ROSS-003317530-ROSS-003317532 |
| State v. Lopez, 522 So. 2d 997 | 63+1(1) | Bribery statute prohibits any payment intended to influence performance of any act by public servant, even if person pays for doing of act the public servant is legally bound to do. West's F.S.A. S 838.015(1). | Does a public servant still violate bribery statute even if he is legally bound to do so? | 011867.docx | LEGALEASE-00136099-LEGALEASE-00136100 |
| D. P. v. State, 129 Ga. App. 680 | 211+2561 | Where petition in juvenile delinquency proceeding alleged that juvenile had committed burglary but made no mention of offense of receiving stolen goods and receiving stolen goods was not lesser included offense within crime of burglary, there was insufficient notice to the juvenile of the offense alleged to be the basis for his delinquency. Code, S 24A-1603. | Is receiving stolen goods a lesser included offense than burglary? | Burglary - Memo 138 - JS.docx | ROSS-003330645-ROSS-003330647 |
| Manuel v. Red Hill Cmty. Unit Sch. Dist. No. 10 Bd. of Educ., 324 Ill. App. 3d 279 | 302+11 | A statement of a defendant's knowledge is an allegation of ultimate fact and not a conclusion, and plaintiff need not plead the evidentiary facts that he will use to prove the defendant's knowledge. | Should a plaintiff plead evidentiary facts to prove defendants' knowledge? | Pleading - Memo 324 - RMM.docx | ROSS-003289457-ROSS-003289458 |
| Chatham Surgicore, Ltd. v. Health Care Serv. Corp., 356 Ill. App. 3d 795 | 302+8(1) | A complaint need only allege facts which establish the right to recovery; not only are allegations of law or conclusions not required, they are improper. | Are allegations of law or conclusions in complaint improper? | 023348.docx | LEGALEASE-00136866-LEGALEASE-00136867 |
| Gerken v. State Auto Ins. Co. of Ohio, 2014-Ohio-4428 | 307A+483 | Trial court has no discretion whether to deem matters admitted when party fails to answer request for admission by the deadline. Rules Civ.Proc., Rule 36(A) (2011). | "Is the rule governing requests for admission self-executing, and the matters set forth in the requests for admissions are automatically deemed admitted if they are not answered by the rule's deadline?" | Pretrial Procedure - Memo # 3592 - C - NA.docx | ROSS-003290501-ROSS-003290502 |
| Coyne v. State Farm Fire & Cas. Co., 50 Misc. 2d 58 | 307A+477.1 | Where simple request or demand for admission is made, response should be a simple "admit or deny". CPLR S 104. | "Should the response be a simple ""admit or deny"", where simple request or demand for admission is made?" | 030278.docx | LEGALEASE-00136666-LEGALEASE-00136667 |
| Stribling v. Stribling, 85 S.W.2d 315 | 307A+723.1 | Application for continuance must show compliance with statute to entitle applicant to continuance as matter of right. Vernon's Ann.Civ.St. art. 2168. | Should an application for continuance show compliance with a statute to entitle an applicant to continuance as a matter of right? | 030296.docx | LEGALEASE-00136846-LEGALEASE-00136847 |
| State v. Cologne, 562 So. 2d 24 | 110+603.2 | General rule is that motions for continuance be in writing since denial of oral motion for continuance leaves nothing for review; however, exception exists where circumstances producing motion for continuance occur unexpectedly and counsel for defendant had no opportunity to prepare written motion. LSA-C.Cr.P. art. 707. | Should a motion for a continuance be considered as being in writing? | Pretrial Procedure - Memo # 4062 - C - NS.docx | ROSS-003332144-ROSS-003332145 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Collins v. Frost, 54 Ind. 242 | 307A+723.1 | Time to prepare and file an affidavit for continuance is within the discretion of the trial court. | Is the time to prepare and file an affidavit for continuance within the discretion of the trial court? | Pretrial Procedure - Memo # 4086 - C - SK.docx | ROSS-003317629-ROSS-003317630 |
| Taylor v. Morgan, 379 So. 2d 1256 | 307A+725 | Rule requiring 20-day interlude between date of setting and trial applied only to initial settings or resettings to future trial dates and not to continuances from time to time. Rules of Civil Procedure, rule 40. | Does the rule requiring 20-day interlude between date of setting and trial apply to continuances? | 030867.docx | LEGALEASE-00136934-LEGALEASE-00136935 |
| In re Jacobs, 300 S.W.3d 35 | 307A+36.1 | A defendant's net worth is relevant in a suit involving exemplary damages; therefore, in cases where such damages may be awarded, parties may discover and offer evidence of a defendant's net worth. | Is a defendant's net worth relevant in a suit involving exemplary damages? | 031177.docx | LEGALEASE-00137012-LEGALEASE-00137015 |
| Pelas v. Wooley, 297 So. 2d 546 | 307A+725 | Every contested motion for continuance is to be tried contradictorily with opposing party. LSA-C.C.P. arts. 1601, 1602. | Is every contested motion for continuance to be tried contradictorily with opposing party? | 031196.docx | LEGALEASE-00137051-LEGALEASE-00137052 |
| Jordan v. Jordan, 130 S.C. 330 | 307A+720 | Where amendment allowed during trial takes other side by surprise, case should be continued. | "Where an amendment allowed during trial takes the other side by surprise, should the case be continued?" | 031200.docx | LEGALEASE-00137061-LEGALEASE-00137062 |
| Bruno v. Gauthier, 70 So. 2d 693 | 308+89(5) | An agent suing for commissions is not required to allege or prove his payment for license, but his lack of license is a matter of defense to be set up and proved by defendant principal. | "If an agent sues for commissions, is he required to prove his licenses?" | 041324.docx | LEGALEASE-00136870-LEGALEASE-00136871 |
| Am. Soc. of Mech. Engineers v. Hydrolevel Corp., 456 U.S. 556 | 308+159(1) | Under general rules of agency law, principals are liable when their agents act with apparent authority and commit torts. | Is principal liable for the acts of an agent? | 042150.docx | LEGALEASE-00136787-LEGALEASE-00136788 |
| In re Carnahan, 160 N.H. 73 | 413+2 | The rights and remedies provided by the workers' compensation law are purely statutory. | Are the rights and remedies provided by the workers compensation laws purely statutory? | 048032.docx | LEGALEASE-00136976-LEGALEASE-00136977 |
| New Haven Sav. Bank v. Follins, 431 F. Supp. 2d 183 | 83E+405 | Under Massachusetts law, proper negotiation of instrument payable to identified person requires holder's written endorsement on instrument itself or on separate paper that is firmly affixed to promissory note. M.G.L.A. c. 106, S 3-104(a). | Whether endorsement should be on the instrument itself to be effective? | 009429.docx | LEGALEASE-00138101-LEGALEASE-00138102 |
| United States v. Duvall, 846 F.2d 966 | 63+1(2) | The Government was not required to prove that county supervisors accepted bribes with value of more than $5,000, in action arising out of kickbacks in purchases of county materials; $5,000 figure contained in bribery statute did not place value on bribe, but rather qualified transactions or series of transactions that recipient of bribe carries out in exchange for receiving "anything of value." 18 U.S.C.A. S 666(b). | Does the $5000 value apply to the bribe or the transaction or series of transactions? | Bribery - Memo #511 - C-CSS.docx | ROSS-003303639-ROSS-003303641 |
| Myers v. State Bd. of Equalization, 240 Cal. App. 4th 722 | 210+815 | Burglary of building was lesser included offense of burglary of habitation where proof showed that trailer in which burglary occurred was enclosed structure. V.T.C.A., Penal Code S 30.01. | Is burglary of a building a lesser included offense than burglary of a habitation? | Burglary - Memo 105 - JS.docx | ROSS-003289271-ROSS-003289273 |
| People v. Allen, 20 Cal. App. 4th 846 | 67+2 | To constitute an auto burglary, neither forced entry in the usual sense of the word nor use of burglar tools is required. West's Ann.Cal.Penal Code S 459. | Does burglary involve entry by use of force? | Burglary - Memo 142 - JS.docx | ROSS-003317439-ROSS-003317441 |
| State v. Crow, 517 S.W.2d 753 | 67+9(2) | Entry is indispensable element in crime of burglary, but to prove entry, it is not necessary to show that defendant's whole body made entrance into building; entry of hand or an instrument is sufficient. T.C.A. S 39-904. | Is entry necessary for burglary? | Burglary - Memo 143 - JS.docx | ROSS-003330648-ROSS-003330650 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Clark v. State Farm Mut. Auto. Ins. Co., 769 So. 2d 176 | 67+9(3) | Entry through open door can constitute burglary, assuming it is committed with requisite intent, if building is not open to the public. Vernon's Ann.Texas P.C. arts. 1390-1394 (Repealed); V.T.C.A., Penal Code SS 30.02, 30.02 comment. | Does entry through an open door constitute burglary? | Burglary - Memo 144 - JS.docx | ROSS-003291600-ROSS-003291602 |
| State v. Davis, 160 Conn. App. 251 | 67+9(0.5) | Breaking and entering of dwelling house of another by night with intent to commit felony is felony of burglary under state common law. | Is burglary a common law felony? | 012726.docx | LEGALEASE-00137528-LEGALEASE-00137530 |
| State v. Scott, 38 Or. App. 465 | 67+4 | "Railway boxcar," which conceivably could be adapted for purpose of carrying on business therein or for accommodating people overnight, but which was not so adapted and was nothing more than structure on wheels designed for storage of goods during their transportation, was not a "building" as defined in burglary statute, and thus defendant could not be convicted of first-degree burglary of boxcar. ORS 164.205(1). | What is a building under the burglary statute? | Burglary - Memo 156 - JS.docx | ROSS-003289299-ROSS-003289301 |
| Petree v. State, 530 S.W.2d 90 | 210+815 | Larceny and attempt to commit larceny are not essential elements of burglary and hence are not lesser included offenses of that crime. T.C.A. SS 39-901, 39-903, 39-904, 39-4202. | Is larceny a lesser included offense than burglary? | Burglary - Memo 97 - JS.docx | ROSS-003290459-ROSS-003290460 |
| N. Indiana Transit v. Burk, 228 Ind. 162 | 200+179 | At common law, the right to stop at a reasonable place and in a reasonable manner is an incident of the right to travel. | Is the right to stop at a reasonable place and in a reasonable manner an incident of the right to travel? | 018825.docx | LEGALEASE-00137738-LEGALEASE-00137739 |
| Otto v. Young, 227 Mo. 193 | 302+9 | Under our system of pleading it is sufficient if the pleader states the facts and leaves the court to find the law. | Is it sufficient to states the facts and leaves the court to find the law? | 023355.docx | LEGALEASE-00137073-LEGALEASE-00137074 |
| Black v. Sutton, 299 Ky. 836 | 302+48 | The pleader must state facts from which legal conclusions may be drawn and declared by the courts. | Should the pleader state facts from which legal conclusions may be drawn? | 023357.docx | LEGALEASE-00137105-LEGALEASE-00137106 |
| Melito v. Interboro Mut. Indem. Ins. Co., 73 A.D.2d 819 | 302+8(1) | While "material facts" need not be pleaded, statements in pleadings must be factual, i. e., essential facts required to give notice must be stated. CPLR 3013. | Are the statements in pleadings required to be factual? | 023363.docx | LEGALEASE-00137209-LEGALEASE-00137210 |
| Winneshiek Mut. Ins. Ass'n v. Roach, 257 Iowa 354 | 302+9 | Pleader must plead ultimate facts in case and cannot plead conclusions by themselves; good pleading consists of statements of ultimate facts and, when so stated, pleader has right to plead his conclusions based thereon. | Can a pleader plead conclusions by themselves? | 023373.docx | LEGALEASE-00137619-LEGALEASE-00137620 |
| In re Butler, 101 N.Y. 307 | 307A+723.1 | It is not an abuse of discretion to deny an oral motion for continuance that is not reduced to writing. | Is it is an abuse of discretion to deny an oral motion for continuance that is not reduced to writing? | 030317.docx | LEGALEASE-00137479-LEGALEASE-00137480 |
| Jordan v. Jordan, 130 S.C. 330 | 307A+720 | Where amendment allowed during trial takes other side by surprise, case should be continued. | "While an amendment can be allowed by the court during the trial, if it takes the other side by surprise, should the case be continued?" | Pretrial Procedure - Memo # 4393 - C - MS.docx | ROSS-003290022-ROSS-003290023 |
| In re Wurtzel, 18 Misc. 2d 994 | 307A+94 | In filiation proceeding, motion for order striking petition of complainant for failure to attend for examination in Children's Court must be denied, in view that statute providing for depositions before trial by a party to an action in a "court of record" is inapplicable to the Children's Court which is not a "court of record." Civil Practice Act, S 288 et seq.; Rules of Civil Practice, rule 120 et seq.; Domestic Relations Law, S 1 et seq.; Judiciary Law, S 2. | Is the right to examine a party before trial purely statutory? | Pretrial Procedure - Memo # 4455 - C - KG.docx | ROSS-003318121-ROSS-003318122 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Behm v. Cape Lumber Co., 834 So. 2d 285 | 307A+36.1 | Proper discovery includes records and information that are relevant to the calculation of damages. West's F.S.A. RCP Rule 1.280(b)(1). | Does proper discovery include records and information that are relevant to the calculation of damages? | Pretrial Procedure - Memo # 4470 - C - CK.docx | ROSS-003304607-ROSS-003304608 |
| Bagley v. Winslow, 34 Misc. 223 | 307A+91 | An order to examine an adverse party before trial will not be granted unless the necessity for such an examination before trial is clearly shown, and unless it appears that material facts are in his knowledge which the moving party cannot in any other manner establish. | Will an order to examine an adverse party before trial not be granted unless the necessity for such an examination before a trial is clearly shown? | 031006.docx | LEGALEASE-00137621-LEGALEASE-00137623 |
| Sparacello v. Andrews, 501 So. 2d 269 | 307A+725 | Trial judge must look to facts of each case in ruling on party's motion for continuance. LSA-C.C.P. art. 1601. | Should a judge look to facts of each case in ruling on a partys motion for continuance? | 031266.docx | LEGALEASE-00137248-LEGALEASE-00137249 |
| Decesare v. Lembert, 144 Cal. App. 3d 20 | 307A+725 | There is no statutory basis for an allowance of attorney fees as condition for granting postponement. West's Ann.Cal.C.C.P. SS 1021 et seq., 1024. | Is there a statutory basis for an allowance of attorney fees as condition for granting postponement? | 031421.docx | LEGALEASE-00137316-LEGALEASE-00137319 |
| Crow-Crimmins-Wolff & Munier v. Westchester Cty., 126 A.D.2d 696 | 307A+36.1 | No discovery may be had with respect to discussions between parties pursuant to an agreement providing that those discussions are off the record. McKinney's CPLR 3101(b), 5701(c). | Can no discovery be had with respect to discussions between parties pursuant to an agreement providing that those discussions are off the record? | Pretrial Procedure - Memo # 5037 - C - ES.docx | ROSS-003305239-ROSS-003305240 |
| Stern v. Four Freedoms Nat. Med. Servs., Co., 417 So. 2d 1085 | 307A+724 | In deciding upon sufficiency of motion for continuance, no presumption favorable to applicant is to be indulged. West's F.S.A. Rules Civ.Proc., Rule 1.460. | "Should a presumption favorable to the applicant be indulged, in deciding the sufficiency of an affidavit for continuance?" | 031949.docx | LEGALEASE-00138055-LEGALEASE-00138056 |
| Heine v. Colton, Hartnick, Yamin & Sheresky, 786 F. Supp. 360 | 308+106 | General principles of agency law support power of agent to accept payment on behalf of principal. N.Y.McKinney's General Obligations Law S 5-1502A, subds. 6, 11. | Can an agent accept payment on behalf of a principal? | Principal and Agent - Memo 77 - KC.docx | ROSS-003291286-ROSS-003291287 |
| Gianforte v. Crucible Steel Co. of Am., 25 N.J. Super. 183 | 413+1 | Rights of parties in a workmen's compensation case are determined as of date of award. | Are the rights of parties in a workmens compensation case determined as of the date of the award? | 047914.docx | LEGALEASE-00137101-LEGALEASE-00137102 |
| United States v. Gillette, 420 F.2d 298 | 34+20.1(1) | Exercise of power to conscript and train men does not depend on contemporaneous existence of a war and may be exercised in time of peace. | Does the exercise of power to conscript depend on the contemporaneous existence of a war? | Armed Services - Memo 227 - SB.docx | ROSS-003304261-ROSS-003304262 |
| Stratton v. Equitable Bank, N.A., 104 B.R. 713 | 172H+617 | Under Maryland law, bank may be liable for conversion when it permits deposit of check into third party's account upon missing or unauthorized endorsement of named payee. Md.Code, Commercial Law S 3-419(1)(c). | Can the bank be held liable for conversion of check? | 010326.docx | LEGALEASE-00138620-LEGALEASE-00138621 |
| In re Wells, 407 B.R. 873 | 83E+481 | Under Ohio law, right to enforce promissory note cannot be assigned; rather, note must be negotiated in accordance with Ohio's version of the Uniform Commercial Code (UCC). Ohio R.C. S 1303.22. | Can the right to enforce a note be assigned? | Bills and Notes -Memo 387 -VP.docx | ROSS-003302040-ROSS-003302041 |
| People v. Dioguardi, 8 N.Y.2d 260 | 164T+8 | Bribery of labor representative and extortion are mutually exclusive crimes, and essence of "bribery" is the voluntary giving of something of value to influence the performance of official duty, whereas the essence of "extortion" is duress. Penal Law, S 380 and subd. 2. | What is the essence of bribery? | 011776.docx | LEGALEASE-00138148-LEGALEASE-00138149 |
| State v. Stock, 212 So. 3d 1268 | 67+29 | Specific intent is required for a conviction for simple burglary, and it may be inferred from the circumstances and actions of the accused. La. Rev. Stat. Ann. S 14:62.2. | Can specific intent in burglary be inferred from circumstances? | Burglary - Memo 168 - KNR.docx | ROSS-003290456-ROSS-003290458 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Walker, 130 S.W.3d 18 | 67+3 | Motive is not requisite element of crime of burglary and it is only when state attempts to prove motive to bolster its case that instruction with respect to it would be at all proper. | Is motive an element of burglary? | Burglary - Memo 178 - KNR.docx | ROSS-003315936-ROSS-003315937 |
| Edgett v. State, 43 So. 3d 541 | 67+19 | Because the offense of burglary itself requires an underlying crime, an indictment for burglary that does not specify what crime the accused intended to commit is fatally defective. | Does burglary require an underlying crime? | Burglary - Memo 184 - KNR.docx | ROSS-003288957-ROSS-003288960 |
| United States v. Coutchavlis, 260 F.3d 1149 | 129+107 | In determining whether defendant's conduct created risk of "public alarm, nuisance, jeopardy, or violence," for purpose of disorderly conduct regulation, the issue is not whether the public actually witnessed the act, but rather whether the act took place in a location accessible to the public. 36 C.F.R. S 2.34(a)(2). | Is it necessary for public to witness the act under the disorderly conduct laws? | 014418.docx | LEGALEASE-00138675-LEGALEASE-00138676 |
| United States v. Mulligan, 177 F. Supp. 384 | 260+1 | Until federal government issues final certificate, it retains both legal and equitable title to lands for which placer mining claims have been filed. | "Until the government issues the final certificate, does it retain both legal and equitable title to the mineral wealth?" | 021190.docx | LEGALEASE-00138445-LEGALEASE-00138447 |
| Martin v. Gurley, 74 Ga. App. 642 | 302+201 | A demurrer must be free from imperfection, particularly in case of special demurrer, which must point out clearly and specifically alleged imperfection in pleading attacked thereby. | "Must a demurrer, being a critic, be free from imperfections?" | Pleading - Memo 357 - RMM.docx | ROSS-003291642-ROSS-003291643 |
| Barker Indus. v. Gould, 146 N.C. App. 561 | 307A+726 | Denying defendants a second continuance to obtain counsel was not an abuse of discretion, where defendants were fully aware their counsel had filed a motion to withdraw, motion had been granted by the trial court a full four months before trial was scheduled to begin, and trial court had given defendants ample opportunity to obtain counsel, including a 30-day stay of the proceedings to enable defendants to retain counsel, and a one day continuance on the day of trial when defendants announced that their attorney was not able to attend court on that day. | Will denying the defendant a second continuance to obtain counsel be considered as an abuse of discretion? | Pretrial Procedure - Memo # 4414 - C - KG.docx | ROSS-003328252-ROSS-003328253 |
| Gleneagle Ship Mgmt. Co. v. Leondakos, 602 So. 2d 1282 | 307A+36.1 | Discovery is permitted for purpose of determining issues such as whether jurisdiction exists. | Is discovery permitted for the purpose of determining issues such as whether jurisdiction exists? | 031062.docx | LEGALEASE-00138139-LEGALEASE-00138141 |
| Rosen v. McCobb, 192 So. 3d 576 | 307A+36.1 | Party has right to discover financial information when related to issues in the case. | Does a party have a right to discover financial information when related to issues in the case? | Pretrial Procedure - Memo # 4528 - C - NE.docx | ROSS-003291751-ROSS-003291752 |
| Hewins v. Weiler, 44 Ariz. 309 | 307A+725 | Continuance, length of which is contingent on another event, is valid, unless party is denied opportunity to be heard. | Is a continuance valid if the length of it is contingent on another event? | 031600.docx | LEGALEASE-00138163-LEGALEASE-00138164 |
| Brown v. Gage, 519 S.W.2d 190 | 307A+726 | It is only on the first application for continuance that it is not necessary to show that the absent testimony cannot be procured from any other source; on all subsequent applications, this must be shown. Rules of Civil Procedure, rule 252. | Would it be necessary to show on the first application for continuance that the absent testimony cannot be procured? | 031687.docx | LEGALEASE-00138170-LEGALEASE-00138171 |
| Stony Brook I Homeowners Ass'n v. Superior Court, 84 Cal. App. 4th 691 | 307A+36.1 | Litigant's right to evidence of an expert's potential bias is not unfettered or unconditional. | Is a litigant's right to evidence of an expert's potential bias not unfettered or unconditional? | Pretrial Procedure - Memo # 5073 - C - SU.docx | ROSS-003291190-ROSS-003291191 |
| Bartleman v. Humphrey, 441 S.W.2d 335 | 307A+74 | A deposition under oath consists of original answers as well as changed answers, with witness' reasons, if any for changes. | Does a deposition under oath consist of original answers as well as changed answers? | 032053.docx | LEGALEASE-00138405-LEGALEASE-00138408 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kinnon v. Arcoub, Gopman & Assocs., 490 F.3d 886 | 308+141 | Under Florida law, an agent who makes a contract on behalf of an undisclosed principal is a party to the contract. | "Is an agent who makes a contract on behalf of an undisclosed principal, a party to the contract?" | Principal and Agent - Memo 114 - KC.docx | ROSS-003291206-ROSS-003291207 |
| Reed v. Trovatten, 209 Minn. 348 | 13+65 | The right to a writ of mandamus is determined as of the time of the hearing rather than of the application. | Is the right to a writ of mandamus determined as of the time of the hearing rather than of the application? | 006169.docx | LEGALEASE-00139167-LEGALEASE-00139168 |
| Idea Nuova v. GM Licensing Grp., 617 F.3d 177 | 25T+151 | In consulting agreement, marketer of novelty products and licensing consultant consented to confirmation of arbitrated disputes, even if agreement did not specifically state that arbitration was final and binding, thus precluding marketer's motion to vacate or modify four arbitration awards in favor of consultant related to alleged oral extension of agreement and resulting commissions due to consultant; parties agreed to arbitration with American Arbitration Association (AAA), so that AAA's rules, including requirement that parties consent to confirmation, were incorporated into agreement. 9 U.S.C.A. S 9. | Does a party to an American Arbitration Association (AAA) arbitration consent to judicial confirmation of final arbitral awards? | 007618.docx | LEGALEASE-00139016-LEGALEASE-00139018 |
| Fed. Power Comm'n v. Hope Nat. Gas Co., 320 U.S. 591 | 260+92.5(3) | Under the Natural Gas Act, the Federal Power Commission has no authority over the production or gathering of natural gas. Natural Gas Act, S 1(b), 15 U.S.C.A. S 717(b). | Does the Federal Power Commission have authority over the production or gathering of natural gas? | 021639.docx | LEGALEASE-00139354-LEGALEASE-00139355 |
| Suffield Bank v. Berman, 25 Conn. App. 369 | 307A+36.1 | Defenses relating to mathematical calculation of mortgage debt need not be disclosed, but defenses that go to issue of liability for debt must be disclosed in timely manner. Practice Book of 1978, SS 206, 236, 367, 372, 374, 527. | Must defenses that go to the issue of the defendant liability for the debt is disclosed prior to trial? | 030952.docx | LEGALEASE-00139139-LEGALEASE-00139140 |
| In re Islamorada Fish Co. Texas, 319 S.W.3d 908 | 115+181 | A defendant's net worth is relevant and discoverable when punitive damages may be awarded. | Is a defendant's net worth relevant and discoverable when punitive damages can be awarded? | Pretrial Procedure - Memo # 5018 - C - SS.docx | ROSS-003302893-ROSS-003302894 |
| Ex Parte LKQ Birmingham, 159 So. 3d 766 | 413+2 | An action brought under the workers' compensation laws is purely statutory in nature. | Is an action brought under the workers compensation laws purely statutory in nature? | 048009.docx | LEGALEASE-00139329-LEGALEASE-00139330 |
| Wilson v. United States, 77 Ct. Cl. 630 | 34+13.1(1) | The failure of Congress to make an appropriation for the statutory pay of an officer does not, of itself, preclude his right to recover. | Can the failure of Congress to make an appropriation for the statutory pay of an officer preclude their right to recover? | 008584.docx | LEGALEASE-00139526-LEGALEASE-00139527 |
| United States v. Shields, 999 F.2d 1090 | 63+3 | Judge's issuing of judgment compelled or supported by law is no defense to taking bribe. 18 U.S.C.A. SS 1951, 1952. | Is issuing a judgment compelled or supported by law a defense to taking a bribe? | 012025.docx | LEGALEASE-00139383-LEGALEASE-00139384 |
| Hystad v. Indus. Comm'n, 389 N.W.2d 590 | 260+92.32(1) | When deviation from standard of uniform size spacing units on oil or gas pool is necessary to protect correlative rights, Industrial Commission must explain why deviation is necessary within context of right of each owner to have just and equitable share of common source of supply and duty of other owners not to damage or take undue proportion of oil or gas from that common source of supply. NDCC 28-32-13. | What are the minimum necessary findings to determine the extent of correlative rights in the context of prescribing the shape of spacing units? | 021656.docx | LEGALEASE-00139379-LEGALEASE-00139380 |
| In re Woskob, 305 F.3d 177 | 289+1006 | Under Pennsylvania law, when dissolution of partnership occurs through operation of law and without the need for a judicial decree, the date of dissolution is the date of the first effective act of dissolution. 15 Pa.C.S.A. S 8353. | When is the date on which a dissolution of a partnership made effective? | Partnership - Memo 367 - SB.docx | ROSS-003291119-ROSS-003291120 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Life Care Centers of America v. Charles Town Associates Ltd. Partnership, 79 F.3d 496 | 289+1138(1) | Operations of business of limited partnership are left to general partner, who, unlike limited partners, is personally liable for operation of partnership. | Is the basic premise of a limited partnership that the general partners are personally liable for partnership obligations and limited partners are not? | Partnership - Memo 368 - SB.docx | LEGALEASE-00029273-LEGALEASE-00029274 |
| Seibert v. Sears, Roebuck & Co., 45 Cal. App. 3d 1 | 307A+749.1 | Pretrial conference order controls subsequent course of an action even where it is inconsistent with pleadings therein. | Does a pretrial order control where it is inconsistent with the pleadings? | 028013.docx | LEGALEASE-00139488-LEGALEASE-00139489 |
| Fawcett v. Altieri, 38 Misc. 3d 1022 | 307A+36.1 | Discovery is permitted with respect to not only materials having to do with liability, but also to damages as well. McKinney's CPLR 3101(a). | Is discovery permitted with respect to materials that have to do with liability but also to damages as well? | 031160.docx | LEGALEASE-00139555-LEGALEASE-00139556 |
| Howell v. United States, 25 Ct. Cl. 288 | 34+8 | An officer takes rank in his grade from the time when the law entitles him to do so, and not necessarily from the time when he is commissioned. | Does an officer take rank in his grade from the time the law entitles him to do so? | Armed Services - Memo 219 - SB.docx | ROSS-003301973-ROSS-003301974 |
| Gidden Motor Co. v. Johnston, 155 Miss. 328 | 83E+418 | Nonnegotiable instruments which partake of nature of commercial paper are assignable by indorsement and delivery. | Are non-negotiable instruments which partake the nature of commercial paper assignable by endorsement and delivery? | Bills and Notes - Memo 398 - RK.docx | ROSS-003302010-ROSS-003302011 |
| Rebel v. Nat'l City Bank of Evansville, 598 N.E.2d 1108 | 266+1135 | Taking out new note and mortgage for same debt upon same land would not discharge lien of first mortgage unless parties so intend. | What happens when a new note is taken for the same debt? | 009546.docx | LEGALEASE-00140692-LEGALEASE-00140693 |
| Farris v. Wells, 68 Ga. 604 | 83E+406 | Where a note, draft or check is made payable to order, the indorsement of the payee is necessary to transfer the legal title to another. Without such indorsement, the transferee takes the paper as a mere chose in action, and to recover it must aver and prove the consideration. | Is the endorsement of the payee necessary to transfer legal title of a note? | 009574.docx | LEGALEASE-00140472-LEGALEASE-00140473 |
| Leiter v. Arnold, 114 Ga. App. 323 | 349A+9 | Law existing prior to effective date of Uniform Commercial Code governed contract entered into prior to that date. | Does the Uniform Commercial Code apply to notes executed before the effective date of the Code? | 009582.docx | LEGALEASE-00140520-LEGALEASE-00140521 |
| Harry H. White Lumber Co. v. Crocker-Citizens Nat. Bank, 253 Cal. App. 2d 368 | 172H+622 | Where checks were payable to two joint payees, and indorsement of first joint payee was forged on checks by second joint payee, and collecting bank paid the checks, and first joint payee sued collecting bank, applicable sections of Civil Code were those dealing with effect of forged signature and indorsement where instrument is payable to two or more persons, and not section dealing with discharge of negotiable instrument by any act which will discharge simple contract for payment of money, and section providing that obligation in favor of several persons is extinguished by performance rendered to any one of them, except in case of deposit made by owners in common, or in joint ownership. West's Ann.Civ.Code, SS 1475, 3104, 3122, 3200(4). | Can one indorse for others with the authority from others? | 010261.docx | LEGALEASE-00140141-LEGALEASE-00140142 |
| Cohen & Feldman v. Silbowitz, 146 Misc. 324 | 8.30E+76 | Stopping payment should never be exercised in disregard of rights of innocent holder for value. | Can stopping payment on a check be exercised in disregard of the legal rights of innocent holder? | 010340.docx | LEGALEASE-00139787-LEGALEASE-00139788 |
| Linahan v. Linahan, 131 Conn. 307 | 83E+481 | Notes negotiable in form could be transferred by assignment, either indorsed on them or embodied in a separate instrument. | Can notes negotiable in form be transferred by assignment? | 010422.docx | LEGALEASE-00140286-LEGALEASE-00140287 |
| In re Jolly N, 122 B.R. 897 | 83E+481 | Under New Jersey Uniform Commercial Code, check does not operate as assignment of funds until accepted by drawee bank. N.J.S.A. 12A:3-409(1). | When is a check operated as an assignment of funds? | 010433.docx | LEGALEASE-00140386-LEGALEASE-00140387 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Discher v. Klapp, 124 Ind. App. 563 | 200+77(1) | Vacation of highways is not generally favored, and public rights therein must be divested by some manner as provided by law. | Is vacation of highways generally favored? | 018661.docx | LEGALEASE-00140588-LEGALEASE-00140589 |
| Schwaner v. Hayes, 142 Mo. App. 100 | 200+150 | Under Sess. Laws 1901, pp. 234, 235 (Ann. St. 1906, SS 9436, 9441), permitting any taxpayer to pay the amount of his poll tax in money or labor, and providing that, if paid in labor, it should be performed when required by the commissioners, provided the county court may by order of record require all poll taxes to be paid in money, the road commissioner upon receiving notice that taxpayers desire to pay their poll tax in labor must fix the time for doing the work and thereafter warn him out, and, where that was not done so that a taxpayer was not given an opportunity to pay the tax by labor, it cannot be recovered from him; the county court not having ordered poll taxes paid in money. | Can payment of poll tax be paid either in money or labor? | 018666.docx | LEGALEASE-00140356-LEGALEASE-00140357 |
| Ledford v. Se. Motor Truck Lines, 29 Tenn. App. 675 | 200+183 | Generally, a workman working on a highway is not guilty of contributory negligence for failure to keep a sharp lookout for approaching vehicles. | Should a workman on the highway have to lookout for vehicles? | 018668.docx | LEGALEASE-00139773-LEGALEASE-00139774 |
| Bond v. Green, 189 Va. 23 | 200+75 | "Vacation" means termination of existence of highway by direct action of public authorities, as distinguished from loss or abandonment of public right by nonuser. | What is the distinction between the terms vacation and abandonment in dealing with statutes dealing with highways? | 019009.docx | LEGALEASE-00140346-LEGALEASE-00140347 |
| In re Advisory Opinion to the Governor, 98 Fla. 843 | 296+1 | Pensions lawfully allowed by Legislature may be deemed legitimate state expenses. F.S.A.Const. art. 9, S 2. | Can pensions that are lawfully allowed by Legislature be deemed a legitimate state expenses? | 022760.docx | LEGALEASE-00140490-LEGALEASE-00140491 |
| City of Tampa v. State ex rel. Evans, 155 Fla. 177 | 296+2 | The Legislature has power to grant pensions as a gratuity for public service rendered. | Does the Legislature have the power to grant pensions as a gratuity for public services rendered? | 022800.docx | LEGALEASE-00140562-LEGALEASE-00140563 |
| In re Estate of Lowe, 156 N.C. App. 616 | 307A+486 | The grant or denial of a motion to withdraw an admission is discretionary with the trial court. | Is the grant or denial of a motion to withdraw an admission discretionary with the trial court? | 029138.docx | LEGALEASE-00139753-LEGALEASE-00139754 |
| McKell v. Collins Colliery Co., 46 W. Va. 625 | 307A+69.1 | A deposition once taken cannot be retaken without the leave of the court, which will be granted when justice seems to require it. | Can a deposition once taken be retaken without the leave of the court? | 029142.docx | LEGALEASE-00139793-LEGALEASE-00139795 |
| Hartford Fire Ins. Co. v. Becton, 103 Tex. 236 | 307A+74 | Under Rev.St.1895, art. 2284, as amended by Acts 1907, p. 186, c. 91, Rules of Civil Procedure, rule 196, requiring the officer, before whom a deposition has been taken, to "certify" on the envelope inclosing the deposition for its return that he in person deposited the same in the mail for transmission, the certificate indorsed on the envelope must be authenticated by the officer's seal. Error, 124 S.W. 474, 58 Tex.Civ.App. 578, refused. | "After being certified, is the deposition required to be inclosed in an envelope or wrapper sealed and directed to the clerk of the court in which the action is pending?" | 032396.docx | LEGALEASE-00140362-LEGALEASE-00140363 |
| Fisk v. Tank, 12 Wis. 276 | 307A+74 | It is no objection to a deposition that it was reduced to writing by the deponent instead of the commissioner before whom it was taken. | Is it no objection to a deposition that it was reduced to writing by the deponent instead of the commissioner before whom it was taken? | 032480.docx | LEGALEASE-00140558-LEGALEASE-00140559 |
| In re Bloom Bus. Jets, 522 S.W.3d 764 | 95+141(1) | The party opposing enforcement of the forum-selection clause has a heavy burden of proof; if it does not carry it, the trial court must enforce the clause by dismissing the suit. | Does a party opposing enforcement of forum-selection clause have a heavy burden of proof? | 032823.docx | LEGALEASE-00139837-LEGALEASE-00139838 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| St. Vrain Valley Sch. Dist. RE-1J v. Loveland by & through Loveland, 395 P.3d 751 | 307A+554 | Questions of governmental immunity implicate subject matter jurisdiction and are determined in accordance with a motion to dismiss. Colo. R. Civ. P. 12(b)(1). | Do questions of governmental immunity implicate subject matter jurisdiction? | Pretrial Procedure - Memo # 5634 - C - SK.docx | ROSS-003288019-ROSS-003288020 |
| Tallman Gulch Metro. Dist. v. Natureview Dev., 399 P.3d 792 | 307A+554 | Determining whether there is immunity under the Colorado Governmental Immunity Act (CGIA) is a question of subject matter jurisdiction, to be decided pursuant to a motion to dismiss for lack of subject matter jurisdiction. Colo. Rev. Stat. Ann. S 24-10-101 et seq.; Colo. R. Civ. P. 12(b)(1). | Do questions of governmental immunity implicate subject matter jurisdiction? | 032827.docx | LEGALEASE-00139845-LEGALEASE-00139846 |
| Gray v. City of Opelika, 216 So. 3d 431 | 307A+682.1 | Evidentiary matters may be freely submitted on a motion to dismiss that attacks jurisdiction. Rules Civ.Proc., Rule 12. | Can evidentiary matters be freely submitted on a motion to dismiss that attacks jurisdiction? | Pretrial Procedure - Memo # 5635 - C - SN.docx | ROSS-003288907-ROSS-003288908 |
| Beam ex rel. Martha Stewart Living Omnimedia v. Stewart, 845 A.2d 1040 | 307A+36.1 | In general, derivative plaintiffs are not entitled to discovery in order to demonstrate demand futility. | Are derivative plaintiffs entitled to discovery to demonstrate demand futility? | 032868.docx | LEGALEASE-00139991-LEGALEASE-00139992 |
| In re Bloom Bus. Jets, 522 S.W.3d 764 | 95+141(1) | The party opposing enforcement of the forum-selection clause has a heavy burden of proof; if it does not carry it, the trial court must enforce the clause by dismissing the suit. | Does the party opposing enforcement of the forum-selection clause have a heavy burden of proof? | Pretrial Procedure - Memo # 5683 - C - SK.docx | ROSS-003329399-ROSS-003329400 |
| Allstate New Jersey Ins. Co. v. Cherry Hill Pain & Rehab Inst., 389 N.J. Super. 130 | 307A+554 | Lack of standing may be raised as a failure to state a cause of action. R. 4:6-2(e). | Can lack of standing be raised as a failure to state a cause of action? | Pretrial Procedure - Memo # 5920 - C - NS.docx | ROSS-003289701-ROSS-003289702 |
| Universal Forest Prod. E. Div. v. Morris Forest Prod., 558 F. Supp. 2d 893 | 366+2 | Under Wisconsin law, right of subrogation never follows an actual primary liability, and there can be no right of subrogation in one whose duty it is to pay, or in one claiming under him against one who is secondarily liable, or not liable at all. | Are there any subrogation rights where equities are equal? | Subrogation - Memo # 1249 - C - RY.docx | ROSS-003288745-ROSS-003288746 |
| Universal Forest Prod. E. Div. v. Morris Forest Prod., 558 F. Supp. 2d 893 | 366+2 | Under Wisconsin law, right of subrogation never follows an actual primary liability, and there can be no right of subrogation in one whose duty it is to pay, or in one claiming under him against one who is secondarily liable, or not liable at all. | Are there any subrogation rights where equities are equal? | 043518.docx | LEGALEASE-00139819-LEGALEASE-00139820 |
| Federated Mut. Ins. Co. v. Woodstock '99 LLC, 190 F. Supp. 2d 324 | 366+35 | Under New York law, sponsor's actual conduct in conveying requirement that its supplier waive subrogation against festival organizer and in voluntarily undertaking responsibility to review insurance obtained by supplier for festival was relevant to show agreed intention that contract with organizer impose duty on sponsor to take such actions. | Is the most persuasive evidence of the agreed intention of the parties in certain circumstances of waiver of subrogation is what the parties did when the circumstances arose? | 043522.docx | LEGALEASE-00139879-LEGALEASE-00139880 |
| Chestnut Sec. Co. v. Oklahoma Tax Comm'n, 125 F.2d 571 | 371+2005 | The constitutional power of a state to tax is limited only by its jurisdiction over the objects of its asserted power. | Is the constitutional power of a state to tax limited only by its jurisdiction over the objects of its asserted power? | Taxation - Memo # 592 - C - ES.docx | ROSS-003291505-ROSS-003291506 |
| Hennigan v. Atl. Ref. Co., 282 F. Supp. 667 | 386+11 | Actions for trespass to land are primarily to redress invasions of the right to exclusive use and possession thereof. | What does an action for trespass to land primarily redress? | 047418.docx | LEGALEASE-00140635-LEGALEASE-00140636 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Com. v. Mannos, 311 Mass. 94 | 63+3 | Mayor's political friend, who arranged for payment of bribes from architects and engineers engaged in construction work for city, made collections from them, and turned over to mayor what was collected, was properly charged and convicted of bribery as a "principal" under statute providing for the punishment of a public officer who corruptly requests or accepts a bribe, even though friend was not a public officer. G.L.(Ter.Ed.) c. 268, S 8; c. 274, SS 2, 3 (M.G.L.A.). | "Should the person who participates in every essential step of bribery be considered as a principal, even if he is not a public official?" | 012053.docx | LEGALEASE-00141852-LEGALEASE-00141853 |
| Sugarman v. State, 173 Md. 52 | 63+3 | Under statute providing that the offense of bribing an officer exists only when such officer is in the performance of his official duties, alleged attempt to bribe an officer while such officer was engaged in making an unlawful arrest did not constitute "bribery". Code Pub. Gen. Laws Supp.1935, art. 27, S 31. | Can a person be convicted of attempting to bribe an officer when the officer is not in the performance of his official duties? | 012109.docx | LEGALEASE-00140796-LEGALEASE-00140797 |
| United States v. Espy, 989 F. Supp. 17 | 63+6(1) | Indictment stated offense against Secretary of Agriculture for criminal violation of statute prohibiting gratuities to federal officials, even though there was no allegation of nexus between provision of thing of value and specific official act to be performed or committed. 18 U.S.C.A. S 201(c)(1)(B). | Does gratuity statute require nexus to be alleged by an indictment? | 012124.docx | LEGALEASE-00141144-LEGALEASE-00141145 |
| State v. Vallee, 136 Me. 432 | 63+1(1) | Generally, there need not be mutual intent on the part of both the giver and accepter of a bribe, and it is sufficient that the person accused had the guilty intent. Rev.St.1930, c. 133, S 5. | Does there need to be a mutual intent between the bribe giver and bribe receiver before one individual can be found guilty of bribery? | 012155.docx | LEGALEASE-00141957-LEGALEASE-00141958 |
| Katz v. N. Kansas City Dev. Co., 223 Mo. App. 606 | 113+6 | Custom must be proved uniform to bring notice thereof to individual engaged in a particular business. | "Must custom be shown to be general, uniform, and notorious to bring notice to individuals engaged in a particular business?" | Customs & Usage - Memo 134 - RK.docx | ROSS-003291010-ROSS-003291011 |
| Ex parte Weissinger, 247 Ala. 113 | 135+1 | A person's "domicile" is that place in which his habitation is fixed without any present intention of removing, and it embraces the fact of residence and the intention to remain. | What does a person's domicile embrace? | 014473.docx | LEGALEASE-00141073-LEGALEASE-00141074 |
| In re Bycura, 540 B.R. 211 | 135+1 | Under South Carolina law, party's "residence" is the place where he actually lives or has his home, his dwelling place or place of habitation, his abode, house where his home is, or dwelling house. | Is residence a person's dwelling place or place of habitation? | 014478.docx | LEGALEASE-00141089-LEGALEASE-00141090 |
| Reich v. Lopez, 858 F.3d 55 | 135+2 | Owning property in forum does not alone establish domicile; one may have more than one residence in different parts of country or world, but person may have only one domicile. | Can a person have more than one residence in different parts of country or world? | 014541.docx | LEGALEASE-00140955-LEGALEASE-00140956 |
| Hinkel v. Weyerhaeuser Co., 6 Wash. App. 548 | 48A+309(4) | Instruction in action for personal injuries and damages arising from automobile accident which occurred on highway where smoke from slash burning on defendant's property had created a driving hazard that one driving through fog or smoke must exercise a very high degree of care and must exercise that degree of care and caution in passing through fog or smoke as a careful and prudent person would exercise under such circumstances did not establish a higher degree of care than the reasonable and prudent standards for operating a vehicle through fog or smoke. | What is the degree of care to be exercised while driving through fog? | 019021.docx | LEGALEASE-00141535-LEGALEASE-00141536 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pease v. Udall, 332 F.2d 62 | 260+5.1(2) | Secretary of the Interior had discretion to refuse to make any oil and gas lease of lands notwithstanding statute providing that first qualified applicant shall be entitled to lease without competitive bidding on lands not within any known geological structure of producing fields, and exercise of discretion by refusal to lease was not inconsistent with determination to sell leases under regulations relating to leasing of Indian lands. Mineral Lands Leasing Act, S 17 as amended 30 U.S.C.A. S 226; 25 U.S.C.A. SS 398, 398a. | "Does the Mineral Leasing Act leave to the Secretary, within his discretion, a determination as to what lands are to be leased?" | 021139.docx | LEGALEASE-00140752-LEGALEASE-00140753 |
| Hoyl v. Babbitt, 927 F. Supp. 1411 | 260+5.1(7) | Suspension of operation under federal coal lease can be granted at request of lessee or can be mandated by Secretary of Interior in his discretion when it is necessary to avoid environmental harm. Mineral Leasing Act, S 39, 30 U.S.C.A. S 209. | Could a suspension be granted in the Secretary's discretion when it is necessary to avoid an environmental harm.? | 021164.docx | LEGALEASE-00140889-LEGALEASE-00140890 |
| Houser v. Brown, 29 Ohio App. 3d 358 | 260+92.56 | Duty to plug oil or gas well which is or becomes incapable of producing oil or gas in commercial quantities is a continuing duty of the owner of that well. R.C. S 1509.12. | Does a duty to plug attach once a well becomes incapable of producing in commercial quantities? | Mines and Minerals - Memo #112 - C - CSS.docx | ROSS-003291075-ROSS-003291076 |
| Mud Control Labs. v. Covey, 2 Utah 2d 85 | 260+97 | An agreement to share losses is not a condition precedent to existence of a mining partnership. | Is an agreement to share losses a condition precedent to the existence of a mining partnership? | Mines and Minerals - Memo #128 - C - CSS.docx | ROSS-003289096-ROSS-003289097 |
| Lazarus v. Manufacturers Cas. Ins. Co., 267 F.2d 634 | 289+515 | Within broad limits, partnership may choose any name it wishes, even that of an individual partner. | Can a partnership choose the name of an individual partner as the firm name? | 022366.docx | LEGALEASE-00141975-LEGALEASE-00141976 |
| Raiser v. Utah Cty., 409 F.3d 1243 | 170A+1686 | More than a failure to meet deadlines is required to deny a party relief from an admission that was deemed to be made due to untimely response to a request for admissions. Fed.Rules Civ.Proc.Rule 36(b), 28 U.S.C.A. | Is more than a failure to meet discovery deadlines required to deny a party relief from an admission? | Pretrial Procedure - Memo # 3245 - C - PB.docx | ROSS-003302797-ROSS-003302799 |
| Dunham v. Roer, 708 N.W.2d 552 | 307A+723.1 | There is a presumption in favor of granting continuances to allow sufficient time for discovery. | Is there a presumption in favor of granting continuances to allow sufficient time for discovery? | 030611.docx | LEGALEASE-00141140-LEGALEASE-00141141 |
| GeoChem Tech Corp. v. Verseckes, 929 S.W.2d 85 | 307A+723.1 | In ruling on discretionary matter such as motion for continuance, trial court is entitled to take the entire procedural history of the case into account. | Should a trial judge be permitted to consider the entire history of the case in deciding whether or not good cause exists for granting a continuance? | Pretrial Procedure - Memo # 4293 - C - SJ.docx | LEGALEASE-00031120-LEGALEASE-00031121 |
| N. Am. Acc. Ins. Co. v. Williamson, 118 Ill. App. 670 | 307A+74 | Statute requiring certificate of official character of notary who takes a deposition does not require that certificate shall state that notary was authorized by laws of state where he resides to administer an oath. Smith-Hurd Stats. c. 51, S 30. | "In executing a commission to take the depositions of witnesses residing out of the state, is the certificate of the officer before whom the oath of the commissioner was taken sufficient evidence that he has such authority?" | Pretrial Procedure - Memo # 5229 - C - DHA.docx | ROSS-003289459-ROSS-003289461 |
| Ex parte Stiles, 136 Tex. 211 | 307A+63 | The right to take the deposition of a witness depends entirely on the statutes which must be strictly complied with. Vernon's Ann.Civ.St. arts. 1, 3713, 3746; Rules of Civil Procedure, rules 182-215. | Must there be a strictly substantial compliance with the statute in taking depositions? | 032523.docx | LEGALEASE-00142071-LEGALEASE-00142072 |
| Cushman v. Wooster, 45 N.H. 410 | 307A+74 | Under the requisition of our statute that in taking depositions, when the adverse party does not attend, a copy of the notice left with him, etc., shall be annexed to the certificate of the taking thereof, it is not sufficient to fold the notice with the deposition and inclose it in the same envelope, directed to the court. | Should the certificate stating the non-attendance of a party at the taking of the deposition be annexed to the certificate of the taking? | Pretrial Procedure - Memo # 5427 - C - CK.docx | ROSS-003288827-ROSS-003288828 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Shoemaker v. Stiles, 102 Pa. 549 | 307A+74 | Courts have power to make rules respecting the filing of depositions, and cannot be reversed for enforcing them. | Do courts have power to make rules respecting the filing of depositions? | 032564.docx | LEGALEASE-00141702-LEGALEASE-00141703 |
| Semmens v. Walters, 55 Wis. 675 | 307A+74 | A deposition may be returned to the commissioner for correction by signing his name as commissioner, instead of with his official title. | "Can a deposition be returned to the commissioner for correction by signing his name as commissioner, instead of his official title?" | Pretrial Procedure - Memo # 5473 - C - SN.docx | ROSS-003289330-ROSS-003289331 |
| State v. Kimball, 50 Me. 409 | 307A+74 | The certificate of the justice of his official character is prima facie evidence of his qualification. | "Is affixture of name by the Justice of peace, in the certificate, as his official character a prima facie evidence of qualification to act in that capacity?" | 032986.docx | LEGALEASE-00141561-LEGALEASE-00141562 |
| S. Pac. R. Co. v. Royal, 23 S.W. 316 | 307A+74 | Where neither the caption nor certificate of a deposition contains the title of the cause, a reference in the caption to the "annexed commission" is not sufficient to identify the case in which the deposition was taken. | "If the commission is not in the record, will a reference to the annexed commission be sufficient to identify the case in which the depositions were taken?" | Pretrial Procedure - Memo # 5736 - C - SB.docx | ROSS-003301533-ROSS-003301534 |
| Celadon Trucking Servs. v. Martinez, 320 S.W.3d 377 | 2+1 | If the impediment to the court's jurisdiction can be removed, then the court may abate proceedings to allow a reasonable opportunity for the jurisdictional problem to be cured. | "If a claim is not within a court's jurisdiction, and the impediment to jurisdiction cannot be removed, then should it be dismissed?" | 032991.docx | LEGALEASE-00141606-LEGALEASE-00141607 |
| Murray v. Univ. of N. Carolina at Chapel Hill, 782 S.E.2d 531 | 30+241 | Court of Appeals lacked jurisdiction over state university's interlocutory appeal of order denying its motion to dismiss student's complaint alleging that university's sexual assault grievance procedure was unlawful; university raised sovereign immunity doctrine for the first time at the hearing on the motion and neither university's written motion nor its oral argument relied on rule governing failure to state a claim in connection with sovereign immunity defense, written motion cited rules governing dismissal for failure to state a claim and lack of subject matter jurisdiction but did not include rule governing lack personal jurisdiction, and trial court's order did not reference rule governing lack of personal jurisdiction. West's N.C.G.S.A. SS 1-277(a), 116-40.11(a); Rules Civ.Proc., Rule 12(b)(1, 2, 6), West's N.C. G.S.A. S 1A-1. | "If a court finds at any stage of the proceedings that it lacks jurisdiction over the subject matter of a case, must it dismiss the case for want of jurisdiction?" | 033299.docx | LEGALEASE-00140756-LEGALEASE-00140757 |
| In re C.M.C., 192 S.W.3d 866 | 307A+554 | Without subject-matter jurisdiction, the trial court must dismiss the case. | "Without subject-matter jurisdiction, must the trial court dismiss the case?" | 033348.docx | LEGALEASE-00140943-LEGALEASE-00140944 |
| Moore v. McCullough, 6 Mo. 444 | 307A+726 | That two continuances have been made in the same cause, and one of them at the instance of the party applying for a third, is no ground for a refusal of the application, when the materiality of the testimony is shown, and every degree of diligence that could be expected. | Can an application for continuance be refused when every degree of diligence could be expected? | Pretrial Procedure - Memo # 6098 - C - DHA.docx | ROSS-003289564-ROSS-003289565 |
| Oregon Waste Systems v. Department. of Environmental Quality of State of Or., 511 U.S. 93 | 371+2005 | States have broad discretion to configure their systems of taxation as they deem appropriate. | Do states have broad discretion to configure their systems of taxation as they deem appropriate? | 045370.docx | LEGALEASE-00141376-LEGALEASE-00141377 |
| First Union Nat. Bank of Florida v. Ford, 636 So. 2d 523 | 268+967(1) | Counties, as parts of state, are immune from state, municipal, or other special districts' attempts at taxation. | "Are counties immune from state, municipal, or other special districts' attempts at taxation?" | 045382.docx | LEGALEASE-00141421-LEGALEASE-00141422 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wells v. Malloy, 402 F. Supp. 856 | 371+2005 | Power to tax is an inherent aspect of sovereignty and includes the power to enforce uniformly the collection of tax by any constitutional means; only requirement is that the means used be fair, reasonable and equitable. | Does the power to tax include the power to enforce uniformly the collection of tax by any constitutional means? | Taxation - Memo # 622 - C - SU.docx | ROSS-003288861-ROSS-003288862 |
| Great Lakes Dredge & Dock Co. v. Charlet, 134 F.2d 213 | 371+2005 | The power of a state to tax, as well as its power to govern men and things, will not be lightly stricken down by implication. | Can the power of a state to tax be lightly stricken down by implication? | Taxation - Memo # 634 - C - ES.docx | ROSS-003330252-ROSS-003330253 |
| Bullock v. Marathon Oil Co., 798 S.W.2d 353 | 371+2005 | Inherent in state's power to tax is state's freedom to select subjects of taxation. | Is the states freedom to select subjects of taxation inherent in the states power to tax? | 045546.docx | LEGALEASE-00141807-LEGALEASE-00141808 |
| Sadiku v. Aatronics Inc., 142 Idaho 410 | 413+2 | Worker's Compensation Act is purely statutory, and benefits can be awarded only as provided in the Act. I.C. S 72-101 et seq. | Is workers compensation purely statutory and can benefits be awarded only as provided in the Act? | 048112.docx | LEGALEASE-00141228-LEGALEASE-00141229 |
| Grandt v. Douglas Cty., 14 Neb. App. 219 | 413+2 | The right to and amount of recovery in workers' compensation proceedings are purely statutory. | Is the right to and amount of recovery in workers compensation proceedings purely statutory? | 048118.docx | LEGALEASE-00141324-LEGALEASE-00141325 |
| In re Gagnon, 147 N.H. 366 | 413+2 | The rights and remedies provided by the Workers' Compensation Law are purely statutory. | Is it a settled position that the rights and remedies provided by the Workers' Compensation Law are purely statutory? | 048167.docx | LEGALEASE-00142069-LEGALEASE-00142070 |
| Medtronic AVE v. Advanced Cardiovascular Sys., 247 F.3d 44 | 25T+210 | There is a presumption of arbitrability, and an order to arbitrate should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. | "If the claims of arbitrability are plausible, does the interpretation of the contract have to be passed on to the arbitrator?" | 007517.docx | LEGALEASE-00143220-LEGALEASE-00143221 |
| Rogers, Burgun, Shahine & Deschler v. Dongsan Const. Co., 598 F. Supp. 754 | 25T+156 | Fact that dispute under subcontract was to be arbitrated did not deprive district court of its authority to provide provisional remedies. | Does arbitration deprive the court of its authority to provide provisional remedies? | 007658.docx | LEGALEASE-00143382-LEGALEASE-00143383 |
| United States v. Sun-Diamond Growers of California, 526 U.S. 398 | 63+1(1) | To convict under federal bribery statute, there must be a quid pro quo, a specific intent to give or receive something of value in exchange for an official act, while illegal gratuity may constitute merely a reward for some future act that public official will take and may already have determined to take, or for a past act that he has already taken. 18 U.S.C.A. S 201(b)(1, 2), (c). | Is specific intent required for a bribery offense? | 011219.docx | LEGALEASE-00142895-LEGALEASE-00142896 |
| State v. Knight, 140 Ohio App. 3d 797 | 63+1(1) | Soliciting improper sexual relations may be construed as a "valuable thing," within meaning of bribery statute prohibiting public servants from soliciting or accepting for himself or another person any valuable thing or valuable benefit to corrupt or improperly influence him or another public servant or party official with respect to the discharge of his or the other public servant's or party official's duty. R.C. S 2921.02(B). | "In bribery, is soliciting improper sexual relations construed as a valuable thing?" | 011648.docx | LEGALEASE-00142943-LEGALEASE-00142944 |
| Ayala By & Through Ayala v. Joy Mfg. Co., 580 F. Supp. 521 | 260+92.5(1) | There is no private cause of action for violations of Mine Health and Safety Act. Federal Coal Mine Health and Safety Act of 1969, S 2 et seq., as amended, 30 U.S.C.A. S 801 et seq. | Is there a private cause of action for violations of the Mine Health and Safety Act? | 021635.docx | LEGALEASE-00142140-LEGALEASE-00142141 |
| Uhler v. Semple, 20 N.J. Eq. 288 | 289+801 | There is no confidential relation between partners until the partnership is formed, and in the course of negotiations between an existing firm and a stranger, where the firm proposes to put in the old stock at a certain price, the maxim "caveat emptor" applies. | Are relations between partners confidential before the partnership is formed? | 022432.docx | LEGALEASE-00143436-LEGALEASE-00143437 |
| In re Stevens' Estate, 261 A.D. 48 | 296+2 | A pension is given to a soldier by the United States government exclusively for his own benefit. | Is a pension given to a soldier by the United States government exclusively for his own benefit? | Pension - Memo 38 - SB.docx | ROSS-003289234 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Butler, 101 N.Y. 307 | 307A+723.1 | It is not an abuse of discretion to deny an oral motion for continuance that is not reduced to writing. | Is it an abuse of discretion to deny an oral motion for continuance that is not reduced to writing? | 030646.docx | LEGALEASE-00142971-LEGALEASE-00142972 |
| Schindler v. Austwell Farmers Co-op., 829 S.W.2d 283 | 307A+726 | Trial court did not abuse its discretion in denying debtor's third motion for continuance, which was requested on grounds of debtor's illness and lack of opportunity for debtor and counsel to adequately develop available defenses to creditor's action, inasmuch as record reflected that debtor's condition had improved since hearing on his second motion for continuance, which was also urged on illness grounds, and record further indicated that debtor had discharged his counsel and obtained new counsel two weeks before trial, despite his former attorney's warning that continuance would not likely be granted and despite creditor's warning that it would object to any motion for continuance based on inadequate preparation of counsel. | Did the court abuse its discretion in denying debtor's third motion for continuance? | Pretrial Procedure - Memo # 5413 - C - PC.docx | ROSS-003289515-ROSS-003289516 |
| Thorpe v. Gelbwaks, 953 So. 2d 606 | 307A+554 | A defendant contesting personal jurisdiction must file a motion to dismiss. | Must a defendant contesting personal jurisdiction file a motion to dismiss? | 033457.docx | LEGALEASE-00143134-LEGALEASE-00143135 |
| Dillion v. Mabbutt, 265 Neb. 814 | 307A+560 | Language of statute providing for dismissal of unserved petitions is self-executing and mandatory. Neb.Rev.St. S 25-217. | Is language of statute providing for dismissal of unserved petitions self-executing and mandatory? | 033749.docx | LEGALEASE-00143594-LEGALEASE-00143595 |
| Bankers Mut. Ins. Co. v. Friedlander, 262 A.2d 606 | 307A+726 | Where two continuances covering period of approximately a year had been granted in tenant's insurer's action to recover amount paid after fire, denial of third continuance to locate witness was not abuse of discretion. | Would the denial of third continuance be an abuse of discretion where plaintiff had the opportunity to make a full examination of defendant's records? | 033827.docx | LEGALEASE-00142694-LEGALEASE-00142695 |
| Durham v. D.C., 494 A.2d 1346 | 307A+746 | Caution must be observed by trial court when it chooses to impose very severe sanction of dismissal for failure of a party to attend a pretrial conference. Civil Rule 16-II. | Must the trial court be cautious where it chooses to impose severe sanction of dismissal? | Pretrial Procedure - Memo # 6602 - C - SU.docx | ROSS-003289759-ROSS-003289760 |
| Cokeley v. State, 87 Tex. Crim. 256 | 352H+186 | Under indictment charging rape on woman mentally unsound, it was requisite for state to show: First, the act; and, second, mental unsoundness of the woman. | Does the state have to show that prosecutrix was mentally unsound at the time of intercourse? | Sex Offence - Memo 92 - RK.docx | ROSS-003290103-ROSS-003290104 |
| Fleming v. State, 376 S.W.3d 854 | 92+4509(15) | Offense of aggravated sexual assault of victim under age 14 did not violate Due Process or Due Course of Law Clauses of United States and Texas Constitutions based on failure to require proof that defendant knew victim was under age 14 at time of sexual act; defendant had no fundamental right to mens rea element regarding victim's age, and statute was rationally related to State's legitimate objective of protecting children. U.S.C.A. Const.Amend. 14; Vernon's Ann.Texas Const. Art. 1, S 19; V.T.C.A., Penal Code S 22.021. | Is the State required to prove that the defendant knew the victims age? | 043110.docx | LEGALEASE-00143472-LEGALEASE-00143473 |
| Alaska S.S. Co. v. State, 31 Wash. 2d 328 | 371+2005 | The taxing power of a state is one of its attributes of sovereignty and may be exercised at discretion of state subject to constitutional limitations. U.S.C.A.Const. art. 1, S 10, cl. 2. | Is the power to tax an essential attribute of sovereignty? | 045277.docx | LEGALEASE-00142920-LEGALEASE-00142921 |
| Redevelopment Agency v. Comm'n on State Mandates, 55 Cal. App. 4th 976 | 360+119 | Goals of constitutional provisions pertaining to tax and government spending limitations are to protect California residents from excessive taxation and government spending. West's Ann.Cal. Const. Art. 13A, S 1 et seq.; Art. 13B, S 1 et seq. | What are the goals of constitutional provisions pertaining to tax and government spending limitations? | Taxation - Memo # 504 - C - SKG.docx | ROSS-003302261-ROSS-003302263 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Chestnut Sec. Co. v. Oklahoma Tax Comm'n, 125 F.2d 571 | 371+2005 | The constitutional power of a state to tax is limited only by its jurisdiction over the objects of its asserted power. | Is constitutional power of a state to tax limited by its jurisdiction over objects of its asserted power? | Taxation - Memo # 644 - C - ES.docx | ROSS-003330256-ROSS-003330257 |
| High Tide Seafoods v. State, 106 Wash. 2d 695 | 371+3249 | If tax is imposed upon value of property, it may be a "property tax"; if levied upon privilege of doing business, it is an "excise tax." | "Is the tax levied upon privilege of doing business an ""excise tax""?" | Taxation - Memo # 656 - C - AP.docx | ROSS-003316764-ROSS-003316766 |
| Dixie Greyhound Lines v. McCarroll, 22 F. Supp. 985 | 148+2.4 | Even destruction of business by tax would not render it invalid or require compensation on such ground alone, as persons entering on business take such risk. | Can a tax be held invalid on the ground that it may destroy a business? | 045590.docx | LEGALEASE-00142473-LEGALEASE-00142474 |
| People ex rel. State Auditor v. Illinois Cent. R. Co., 119 Ill. 83 | 371+2300 | Laws exempting property from taxation are strictly construed, and nothing will be held to come within the exemption which does not clearly appear to be so, and all reasonable intendments will be indulged in favor of the state. | Are all property presumed to be subject to taxation? | 045600.docx | LEGALEASE-00142489-LEGALEASE-00142490 |
| Kohl v. United States, 226 F.2d 381 | 371+2001 | A tax imposed on property or income therefrom only by reason of its ownership is direct. U.S.C.A. Const. art. 1, SS 2, 9. | Is the tax imposed on property or income therefrom only by reason of its ownership is direct? | Taxation - Memo # 691 - C - NS.docx | ROSS-003331917-ROSS-003331918 |
| United States v. 4,432 Mastercases of Cigarettes, More Or Less, 448 F.3d 1168 | 371+2060 | An "ad valorem tax" describes a tax the size of which directly correlates to the value of the item taxed. | "Is an ad valorem tax"" defined by its method for calculating the size of the tax describes a tax the size of which directly correlates to the value of the item taxed?" | 045718.docx | LEGALEASE-00142231-LEGALEASE-00142232 |
| Livingston v. Town of Mt. Pleasant, 356 S.C. 35 | 371+2060 | Normally, taxes are imposed on all property for the maintenance of the government, while assessments are imposed only on the property that is to be benefited. | "Are taxes normally imposed on all property for the maintenance of the government, while assessments are imposed only on the property that is to be benefited?" | Taxation - Memo # 748 - C - SHB.docx | ROSS-003303616-ROSS-003303617 |
| Madera Production Co. v. Atlantic Richfield Co., 107 S.W.3d 652 | 401+5.1 | Suit seeking net profits interest based on ownership of land is considered action on real property interest, meaning the suit must be filed where the property is located. V.T.C.A., Civil Practice & Remedies Code S 15.011. | Is a suit seeking net profits interest based on ownership of land an interest in land? | Venue - Memo 93 - JS.docx | LEGALEASE-00033325-LEGALEASE-00033326 |
| Curtis Green & Clay Green v. Clark, 318 S.W.3d 98 | 413+2 | Workers' compensation is a creature of statute, dependent on the legislature for its continuing existence. | "Is workers compensation a creature of statute, and is its continuing existence dependent on the legislature?" | 048023.docx | LEGALEASE-00143338-LEGALEASE-00143340 |
| Flyer Printing Co. v. Hill, 805 So. 2d 829 | 25T+121 | Parties may agree to arbitrate statutory claims, including claims under Title VII, so long as the agreement furnishes an adequate mechanism for vindicating the claimant's statutory rights; however, when an arbitration agreement contains provisions that defeat the remedial purpose of the statute, the agreement is not enforceable. Civil Rights Act of 1964, S 701, as amended, 42 U.S.C.A. S 2000e; West's F.S.A. S 760.11. | Is an arbitration provision that defeats a federal statutes remedial purpose enforceable? | 007684.docx | LEGALEASE-00144769-LEGALEASE-00144770 |
| St. Mary's Med. Ctr. of Evansville v. Disco Aluminum Prod. Co., 969 F.2d 585 | 25T+182(1) | Waiver of right to arbitrate is grounds for federal court to refuse to enforce arbitration agreement. 9 U.S.C.A. S 2. | Is waiver of the right to arbitrate grounds for courts to refuse to enforce arbitration? | 007730.docx | LEGALEASE-00144944-LEGALEASE-00144946 |
| In re Lewis' Estate, 37 Pa. D. & C. 463 | 34+34.4(1) | Soldiers' and Sailors' Civil Relief Act is applicable to bankruptcy proceedings. Soldiers' and Sailors' Civil Relief Act of 1940, S 1 et seq., 50 App.U.S.C.A. S 501 et seq. | Is the Soldiers and Sailors Civil Relief Act applicable to bankruptcy proceedings? | 008647.docx | LEGALEASE-00144411-LEGALEASE-00144412 |
| Howard v. United States, 28 F. Supp. 985 | 34+56 | A policy of liberalism permeates the entire structure of war risk insurance. | Does a policy of liberalism permeate the entire structure of war risk insurance? | 008665.docx | LEGALEASE-00144641-LEGALEASE-00144642 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Haese, 162 F.3d 359 | 110+508(2) | Testimony of government's key witness was properly admitted, despite fact that he testified pursuant to a favorable plea agreement; statute prohibiting the giving, offering, or promising anything of value to witness for or because of his testimony was not violated by fact that witness' testimony was obtained in exchange for a favorable plea agreement. 18 U.S.C.A. S 201(c)(2). | Is there any violation of law when testimony of a witness is obtained in exchange for a favorable plea agreement? | Bribery - Memo #452 - C-JL.docx | ROSS-003288138-ROSS-003288139 |
| United States v. Marks, 209 F.3d 577 | 63+1(1) | Prosecutor's offer of leniency in exchange for truthful testimony is not an illegal witness gratuity. 18 U.S.C.A. S 201(c)(2). | Is a prosecutor's offer of leniency in exchange for truthful testimony illegal? | 011726.docx | LEGALEASE-00144533-LEGALEASE-00144534 |
| People v. Palmer, 26 Ill. 2d 464 | 67+2 | Gist of "burglary" is entry of building with felonious intent, and when entry and intent are shown, proof of specific items taken is not essential. | Does burglary require specific items to be taken? | Burglary - Memo 216 - SB.docx | ROSS-003290994-ROSS-003290997 |
| Massey v. United States, 320 A.2d 296 | 67+3 | An intent to steal or commit a crime at the time of entry is a requisite element of proof in burglary case. D.C.C.E. S 22-1801(a, b). | Is intent to steal at the time of entry required for burglary? | Burglary - Memo 222 - SB.docx | ROSS-003288978-ROSS-003288981 |
| Alden Sign Co. v. Roblee, 121 Colo. 432 | 113+7 | A uniform, notorious and reasonable trade custom or usage may be binding on party to contract, but trade custom which is unreasonable is not binding on person who does not expressly agree to be bound thereby. | Is an unreasonable trade custom binding on a person who does not expressly agree to be bound by the custom? | 014239.docx | LEGALEASE-00143915-LEGALEASE-00143916 |
| Vermilion Par. Sch. Bd. v. ConocoPhillips Co., 83 So. 3d 1234 | 317+55 | State land set aside and dedicated for the use of public education was owned by the state, rather than by parish school board, where the management of such Section 16 land was vested by the state in local school board, including the authority to grant mineral leases on the land. LSA-R.S. 17:100.6, 30:151 et seq., 41:638. | For what use did the United States or federal government set aside and dedicate 16th (sixteenth) section lands? | 021363.docx | LEGALEASE-00144037-LEGALEASE-00144038 |
| Greer v. Shook, 503 S.W.3d 571 | 260+55(2) | Royalty interests in a mineral estate may be conveyed or reserved as a fixed fraction of total production, also known as a "fractional royalty interest," or as a fraction of the total royalty interest, also known as a "fraction of royalty interest" or a "floating" royalty interest; the floating royalty interest varies in accordance with the size of the landowner's royalty. | Can royalty interests be conveyed as a fractional royalty? | Mines and Minerals - Memo #253 - C - CSS.docx | LEGALEASE-00033787-LEGALEASE-00033788 |
| Iowa Supreme Court Comm'n on the Unauthorized Practice of Law v. Sullins, 893 N.W.2d 864 | 302+49 | A petition need not allege a specific legal theory, so long as it meets the fair notice requirement. | Should a petition allege a specific legal theory? | 023504.docx | LEGALEASE-00143623-LEGALEASE-00143624 |
| Rieff v. Evans, 630 N.W.2d 278 | 302+48 | A pleading is sufficient if it apprises of the incident out of which the claim arose and the mere general nature of action. Rules Civ.Proc., Rule 69(b). | Is a pleading sufficient if it apprises of the incident out of which the claim arose? | 023506.docx | LEGALEASE-00143659-LEGALEASE-00143660 |
| Bennett v. Mallinckrodt, 698 S.W.2d 854 | 302+11 | Although a pleader need not allege evidentiary or operative facts, he must allege ultimate facts and cannot rely on mere conclusions. V.A.M.R. 55.04, 55.05. | Can a pleader rely on mere conclusions? | Pleading - Memo 423 - RMM.docx | ROSS-003288560-ROSS-003288561 |
| Shockley v. Morgan, 103 Ga. 156 | 307A+74 | It was proper to reject answers to interrogatories embracing questions which referred exclusively and in terms to an alleged account, when no account was attached to the interrogatories for exhibition to the witness; objection having been duly made in writing before the commission was issued. | Is it proper to reject answers to interrogatories embracing questions which referred exclusively and in terms to an account? | 032687.docx | LEGALEASE-00144201-LEGALEASE-00144202 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Burrell v. State, 18 Tex. 713 | 110+614(1) | There being no statutory provision for a third continuance, whether it shall be granted or not must rest in the sound discretion of the court. | Can a third application for continuance be addressed to the sound discretion of the trial court? | Pretrial Procedure - Memo # 5763 - C - DHA.docx | ROSS-003288070-ROSS-003288071 |
| Pac. Co. v. Johnson, 212 Cal. 148 | 371+2005 | State may annex conditions to corporate franchise and require corporation to contribute to state revenues. | Can state annex conditions to corporate franchise towards contribution to state revenues? | 033660.docx | LEGALEASE-00144123-LEGALEASE-00144124 |
| Christian v. Lincoln Auto. Co., 403 Ill. App. 3d 1038 | 307A+560 | An indication of diligence, for purposes of a motion to dismiss for failure to exercise reasonable diligence to obtain service, is a plaintiff's efforts to obtain service through an alias summons. Sup.Ct.Rules, Rule 103(b). | Can a plaintiff's efforts to obtain service through an alias summons be an indication of diligence? | 033718.docx | LEGALEASE-00144435-LEGALEASE-00144436 |
| Taylor v. Taylor, 20 Ill. 650 | 307A+746 | Sanctions imposed for violations of a pretrial order must be just and appropriate. Vernon's Ann.Texas Rules Civ.Proc., Rule 166. | Must sanctions imposed for violations of a pretrial order be just and appropriate? | Pretrial Procedure - Memo # 6350 - C - MS.docx | LEGALEASE-00034150-LEGALEASE-00034151 |
| Perez v. City of New Orleans, 173 F. Supp. 3d 337 | 313+153 | A district court has broad discretion to dismiss an action for insufficient service of process. Fed. R. Civ. P. 12(b)(5). | Should a district court dismiss an action where service of process is insufficient? | 034019.docx | LEGALEASE-00144403-LEGALEASE-00144404 |
| Roberts v. Golden Crest Waters, 1 S.W.3d 291 | 307A+746 | "Death-penalty sanction" is any sanction that adjudicates a claim and precludes the presentation of the merits of the case. | "Is a ""death-penalty sanction"" any sanction that adjudicates a claim and precludes the presentation of the merits of the case?" | 034244.docx | LEGALEASE-00144765-LEGALEASE-00144766 |
| Hanson v. Disotell, 106 So. 3d 345 | 307A+587 | Alternative sanction less than dismissal with prejudice of property owner's suit against neighbor and others for owner's failure to prosecute action for conspiracy to interfere with owner's lease agreement did not serve best interests of justice; after Supreme Court issued mandate on interlocutory review in which it remanded with directions to set case for trial, property owner took no action for over four years until he filed motion to set trial, case had been on docket for 11 years, and although death of one witness might not have been sufficient to show prejudice, since his deposition had been preserved for record, defendants suffered prejudice from delay, specifically with potential alteration of physical evidence and witness' memories. Rules Civ.Proc., Rule 41(b). | Is dismissal for failure to comply with an order of the trial court appropriate only where there is a clear record of delay or contumacious conduct? | Pretrial Procedure - Memo # 6666 - C - SS.docx | LEGALEASE-00034317-LEGALEASE-00034318 |
| Beasley v. Girten, 61 So. 2d 179 | 307A+746 | It is duty of counsel to attend pre-trial conference or to seek continuance for cause, and a motion to continue for cause should have the same consideration as any other motion. Rules of Common Law, rule 16, 30 F.S.A.; Equity Rules, rule 77, 31 F.S.A. | Is it the duty of counsel to attend a pre-trial conference or to seek continuance for a cause? | 034387.docx | LEGALEASE-00144511-LEGALEASE-00144512 |
| Kincaid v. Ames Dep't Stores, 283 Ill. App. 3d 555 | 307A+560 | Immediate attempt to obtain service evinces diligence on part of plaintiff, for purposes of determining whether action should be dismissed. Sup.Ct.Rules, Rule 103(b). | Does an immediate attempt to obtain service evinces diligence on part of a plaintiff? | 034447.docx | LEGALEASE-00144395-LEGALEASE-00144396 |
| Becker v. Becker, 262 N.C. 685 | 307A+560 | Delay of service beyond 120 days after filing is presumptively abusive, and may provide basis for dismissal of action. Rules Civ.Proc., Rule 49. | Is delay of service beyond 120 days after filing presumptively abusive? | Pretrial Procedure - Memo # 6759 - C - SHS.docx | ROSS-003288472-ROSS-003288473 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hayes v. Smith, 58 Mont. 306 | 371+2005 | The taxing power of the state does not extend beyond the territorial limits of the state, nor to all subjects actually within the confines of the state, and on which the state has the physical power to impose a tax, but is limited to subjects which have acquired a situs within the state for the purpose of taxation. | Is both the taxing power and the means necessary to exercise it exists in the state? | 045752.docx | LEGALEASE-00144415-LEGALEASE-00144416 |
| Alaska S.S. Co. v. State, 31 Wash. 2d 328 | 371+2005 | The taxing power of a state is one of its attributes of sovereignty and may be exercised at discretion of state subject to constitutional limitations. U.S.C.A.Const. art. 1, S 10, cl. 2. | Which attributes is a state exercising in its right to tax? | 045761.docx | LEGALEASE-00144468-LEGALEASE-00144469 |
| Murray v. City of Charleston, 96 U.S. 432 | 371+2005 | A state has power to levy taxes and to subordinate contracts to that power so far as it is unrestrained by constitutional limitation. | Does a state have the power to levy taxes and to subordinate contracts to that power? | 045780.docx | LEGALEASE-00144566-LEGALEASE-00144567 |
| Atchison, T. & S.F. Ry. Co. v. Collins, 294 F. 742 | 371+2005 | A state has a wide range of power in imposing taxes, a power commensurate with its needs. | Does a state have a wide range of power that commensurate with its needs in imposing taxes? | 045794.docx | LEGALEASE-00144598-LEGALEASE-00144600 |
| Tyler v. Livonia Pub. Sch., 459 Mich. 382 | 413+2 | Subject matter of workmen's compensation reposes within the control of the legislature. M.C.L.A. S 418.101 et seq. | Does the subject matter of workmens compensation repose within the control of the legislature? | 048195.docx | LEGALEASE-00144243-LEGALEASE-00144244 |
| Clark v. State Workmen's Comp. Com'r, 155 W. Va. 726 | 413+2 | Right to workmen's compensation benefits is wholly statutory, and they may be paid to claimant only as authorized by law. Code, 23-4-1. | Are workmens compensation rights wholly statutory? | 048197.docx | LEGALEASE-00144249-LEGALEASE-00144250 |
| HDH Corp. v. Atl. Charter Ins. Co., 425 Mass. 433 | 413+2 | Legislature intended that workers' compensation system supplant common law tort system as a means for compensating injured employees. | What was the Legislature intent for the workers compensation system? | 048219.docx | LEGALEASE-00144315-LEGALEASE-00144316 |
| United States v. Reaves, 126 F. 127 | 34+19 | Rev.St. 1419, as amended by Act Feb. 23, 1881 (10 U.S.C.A. SS 5532, 5533), provides that minors between the ages of 14 and 18 years shall not be enlisted for naval service without the consent of their parents or guardians; and section 1420 (10 U.S.C.A. SS 5532, 5533), as amended by the same act, declares that no minor under the age of 14 years shall be enlisted in the navy service. Held, that where a minor under the age of 18 years enlisted in the navy without the consent of his father, then living, on the minor's fraudulent representation that he was over 21 years of age, such enlistment was not void as to the minor, but voidable only, at the instance of his father. | For whose benefit is the written consent of a parent or guardian for enlistment of men under 21 required? | 008604.docx | LEGALEASE-00146519-LEGALEASE-00146520 |
| Katzer v. United States, 49 Ct. Cl. 294 | 34+26 | Under the provisions of article 1751 of the Navy Regulations, paymasters' clerks are officers of the navy in the constitutional sense, so as to entitle them to the mileage allowed in Act March 3, 1901. | Are paymasters clerks officers of the Navy? | Armed Services - Memo 232 - JK.docx | ROSS-003301482 |
| United States v. Townsend, 630 F.3d 1003 | 63+1(2) | Term "any thing of value," as used in the federal statute prohibiting bribes offered to state and local officials employed by agencies receiving federal funds, may include intangibles, such as freedom from jail and incremental increases in such freedom. 18 U.S.C.A. S 666(a)(1)(B). | Does the term thing of value include intangibles? | 011142.docx | LEGALEASE-00146063-LEGALEASE-00146064 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Gagnon, 21 Misc. 3d 594 | 210+357(28) | Indictment charging defendant with attempted bribing of a witness would be dismissed, where no evidence was presented to grand jury that defendant, in addition to suggesting to witness that he would drop civil charges against her in exchange for her dropping criminal assault and endangering charges against him, also sought an agreement by witness to either perjure or absent herself had charges gone to trial. McKinney's Penal Law S 215.05. | "Does a ""release agreement"" where one party agrees to drop criminal or civil charges constitute bribery of a witness?" | Bribery - Memo #861 - C - LB.docx | ROSS-003290969-ROSS-003290970 |
| Sheriff, Clark Cty., Nev. v. Stevens, 97 Nev. 316 | 67+2 | Offense of "burglary" is complete when house or other building is entered with specific intent to commit larceny or any felony therein. N.R.S. 205.060, subd. 1. | Does burglary involve intent to commit any felony? | Burglary - Memo 210 - JS.docx | ROSS-003327838-ROSS-003327841 |
| State v. Ring, 554 N.W.2d 758 | 67+3 | To obtain burglary conviction, state must prove defendant intended to commit some independent crime other than trespass after illegal entry into building. M.S.A. S 609.582. | Does burglary require proof of a crime other than trespass? | Burglary - Memo 213 - JS.docx | ROSS-003302418-ROSS-003302421 |
| State v. Greer, 238 N.C. 325 | 67+41(4) | Evidence of any act of physical force, however slight, by which an obstruction to the entry of premises is removed is sufficient to prove the essential element of breaking as used in the statutory offense of burglary. Neb.Rev.St. S 28-507(1). | "Does a breaking, necessary to constitute the crime of burglary, require the act of a physical force?" | Burglary - Memo 242 - TB.docx | ROSS-003288289-ROSS-003288290 |
| Pounds v. Jurgens, 296 S.W.3d 100 | 260+55(1) | The mineral estate in land may be severed from the surface estate not only by a grant of the minerals in a deed or reservation in a conveyance, but also by grant in a lease. | Can a lease sever the mineral estate from the surface? | 021453.docx | LEGALEASE-00146081-LEGALEASE-00146082 |
| Kimbro v. Bullitt, 63 U.S. 256 | 289+650 | Whenever there are written articles of agreement between partners, their power and authority, inter se, are to be ascertained and regulated by the terms of the written stipulations. | Can a partnership be regulated by the written articles of agreement? | 022445.docx | LEGALEASE-00146325-LEGALEASE-00146326 |
| Benfield v. Costner, 67 N.C. App. 444 | 302+11 | North Carolina is a notice pleading state, and detailed fact pleading generally is no longer required. | Is detailed fact pleading required in a notice pleading state? | 023532.docx | LEGALEASE-00145075-LEGALEASE-00145076 |
| Smith v. Lewis, 669 S.W.2d 558 | 302+11 | Pleader is required to state only ultimate facts, and it is not necessary to plead facts or circumstances by which ultimate facts will be established. | Is a pleader required to state the facts or circumstances by which the ultimate facts will be established? | Pleading - Memo 429 - RMM.docx | ROSS-003301144-ROSS-003301145 |
| Porter v. Urbana-Champaign Sanitary Dist., 237 Ill. App. 3d 296 | 302+11 | Complaint need not set out evidence plaintiff intends to present but only ultimate facts, particularly where small claims complaint is involved. | Is a complaint required to set out evidence? | 023541.docx | LEGALEASE-00145444-LEGALEASE-00145445 |
| In re Canales, 113 S.W.3d 56 | 302+386.1 | The pleadings and the evidence must coincide; however, a variance between the pleadings and proof is fatal only if the divergence is substantial, misleading, and prejudicial. | Must the pleadings and the evidence coincide? | 023557.docx | LEGALEASE-00146118-LEGALEASE-00146119 |
| Badran v. Bertrand, 210 Neb. 747 | 302+380 | Proof must correspond with allegations in pleadings and relief cannot be granted upon proof of case substantially different from case made in pleadings. | Must pleadings and proof correspond? | 023561.docx | LEGALEASE-00146206-LEGALEASE-00146207 |
| Freeman v. JI Specialty Servs., 505 S.W.3d 14 | 302+104(1) | A motion to dismiss due to a lack of subject-matter jurisdiction is the functional equivalent of a plea to the jurisdiction. | Is a motion to dismiss based on a lack of subject matter jurisdiction the functional equivalent of a plea to the jurisdiction? | Pretrial Procedure - Memo # 6486 - C - VA.docx | ROSS-003289707-ROSS-003289708 |
| Stock v. Arnott, 415 Pa. Super. 113 | 307A+746 | While attorneys for parties are obligated to appear at pretrial conferences, parties themselves are not unless they are specifically ordered to do so. | "While attorneys for parties are obligated to appear at pretrial conferences, are parties themselves not unless they are specifically ordered to do so?" | 034043.docx | LEGALEASE-00145122-LEGALEASE-00145123 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bartles v. Hinkle, 196 W. Va. 381 | 307A+44.1 | In formulating appropriate sanction, court shall be guided by equitable principles; initially, court must identify alleged wrongful conduct and determine if it warrants sanction, and court must explain its reasons clearly on record if it decides sanction is appropriate. | "In formulating appropriate sanction, shall a court be guided by equitable principles?" | Pretrial Procedure - Memo # 6517 - C - NS.docx | LEGALEASE-00035387-LEGALEASE-00035388 |
| Gautreaux v. Maya, 112 So. 3d 146 | 30+3259 | The abuse of discretion standard of review applicable to a trial court's order dismissing a complaint for perpetrating a fraud on the court is somewhat narrowed, as it must take into account the heightened standard of clear and convincing evidence upon which an order of dismissal for fraud on the court must be based, and where the trial court does not receive live testimony, appellate deference is further narrowed, because the appellate court's review is based on the same record. | Should a dismissal for fraud on the court be supported by clear and convincing evidence? | 034104.docx | LEGALEASE-00145326-LEGALEASE-00145327 |
| Henry v. Shober, 566 N.W.2d 190 | 307A+560 | Dismissal of action is required if there is unjustified, abusive delay in completing service. | "Is dismissal of action required if there is unjustified, abusive delay in completing service?" | Pretrial Procedure - Memo # 6536 - C - AP.docx | ROSS-003289732 |
| Henry v. Shober, 566 N.W.2d 190 | 307A+560 | If delay in obtaining service of process is presumptively abusive, it does not matter whether delay is intentional, and action is subject to dismissal if plaintiff fails to carry burden of proving that delay was justified. Rules Civ.Proc., Rule 49. | "If delay in obtaining service of process is presumptively abusive, does it not matter whether delay is intentional?" | 034115.docx | LEGALEASE-00145352-LEGALEASE-00145353 |
| Kiser v. Caudill, 210 W. Va. 191 | 307A+44.1 | In formulating the appropriate sanction, a court shall be guided by equitable principles; initially, the court must identify the alleged wrongful conduct and determine if it warrants a sanction, and the court must explain its reasons clearly on the record if it decides a sanction is appropriate. Rules Civ.Proc., Rule 37(b). | Should a court explain reasons clearly on record if it decides sanction is appropriate? | 034127.docx | LEGALEASE-00145419-LEGALEASE-00145420 |
| City of El Paso v. Tom Brown Ministries, 505 S.W.3d 124 | 13+13 | A court has no subject-matter jurisdiction over a claim made by a party who lacks standing to assert it. | Does a court have jurisdiction over a claim made by a plaintiff who lacks standing to assert it? | Pretrial Procedure - Memo # 6724 - C - KS.docx | ROSS-003289820-ROSS-003289821 |
| City of El Paso v. Tom Brown Ministries, 505 S.W.3d 124 | 13+13 | A court has no subject-matter jurisdiction over a claim made by a party who lacks standing to assert it. | Does a court have jurisdiction over a claim made by a plaintiff who lacks standing to assert it? | 034400.docx | LEGALEASE-00145095-LEGALEASE-00145096 |
| Annexation Ordinance F-2008-15 v. City of Evansville, 955 N.E.2d 769 | 307A+552 | When a dispositive issue in a case has been resolved in such a way as to render it unnecessary to decide the question involved, the case will be dismissed. | Will a case be dismissed as moot when a dispositive issue in a case has been resolved? | 034636.docx | LEGALEASE-00145152-LEGALEASE-00145153 |
| McCormick v. Meyer, 582 N.W.2d 141 | 307A+560 | It is clear that dismissal is required if there is an unjustified abusive delay in completing service. | Is it clear that dismissal is required if there is an unjustified abusive delay in completing service? | 034678.docx | LEGALEASE-00145537-LEGALEASE-00145538 |
| Ex parte McFry, 219 Ala. 492 | 307A+552 | When case has become moot, court will decline to consider merits and dismiss case. | Will court decline to consider merits and dismiss case when case has become moot? | Pretrial Procedure - Memo # 6966 - C - BP.docx | LEGALEASE-00035617-LEGALEASE-00035618 |
| Capaci v. Folmar Kenner, 43 So. 3d 1229 | 307A+581 | Dismissal of a party's claim with prejudice pursuant to rule permitting involuntary dismissal for failure of plaintiff to prosecute or to comply with rules or any order of court is a drastic sanction that should be used only in extreme situations. Rules Civ.Proc., Rule 41(b). | Should a plaintiff's conduct mandate dismissal of claim with prejudice as sanctions? | 034811.docx | LEGALEASE-00145887-LEGALEASE-00145888 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mangiafico v. St., 767 So. 2d 1103 | 307A+563 | It is not an abuse of discretion for a trial court to hold the parties to the terms of its order. (Per Brown, J., with three Justices concuring and two Justices concurring in the result.) | Is it not an abuse of discretion for a trial court to hold the parties to the terms of its order? | 09473.docx | LEGALEASE-00096210-LEGALEASE-00096211 |
| Samuels v. King Motor Co. of Fort Lauderdale, 782 So. 2d 489 | 307A+563 | Dismissing a complaint as a sanction under rule pertaining to involuntary dismissal of action for failure to comply with orders of the court to amend a complaint to state a cause of action is generally unnecessary, as dismissal is always available where the complaint does not state a cause of action. West's F.S.A. RCP Rule 1.420(b). | Can action be subject to involuntary dismissal for failure to comply with any rule or order of court? | 10831.docx | LEGALEASE-00094119-LEGALEASE-00094120 |
| Butler v. Circulus, 557 S.W.2d 469 | 307A+563 | Dismissal for failure to follow a court order presupposes an order lawfully made. | Does a dismissal for a failure to follow a court order presuppose an order lawfully made? | 10035.docx | LEGALEASE-00095459-LEGALEASE-00095460 |
| Nunez v. Burgos, 215 So. 3d 931 | 307A+581 | Abandonment is meant not as a ground to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned. La. Code Civ. Proc. Ann. art. 561. | Is abandonment not meant to dismiss actions on mere technicalities? | 10041.docx | LEGALEASE-00095312-LEGALEASE-00095313 |
| Pressey v. State, 114 N.W.2d 518 | 307A+563 | Court may dismiss an action where plaintiff disobeys order concerning proceedings. R.R.S.1943, S 25-601. | Can a court dismiss an action where a plaintiff disobeys an order concerning proceedings? | 035165.docx | LEGALEASE-00145804-LEGALEASE-00145805 |
| Giraldo v. California Dep't of Corr. & Rehab., 168 Cal. App. 4th 231 | 307A+552 | The policy behind a mootness dismissal is that courts decide justiciable controversies and will normally not render advisory opinions. | What is the policy behind a mootness dismissal? | 035235.docx | LEGALEASE-00145920-LEGALEASE-00145921 |
| Arbelovsky v. Ebasco Servs., 922 P.2d 225 | 307A+563 | Trial court's discretion to order litigation-ending sanctions is severely limited; there must be willful noncompliance with court orders, extreme circumstances, or gross violations of rules of civil procedure. Rules of Civ.Proc., Rules 37, 41(b, e). | Is it within the discretion of the trial court to impose sanctions for noncompliance with court orders? | 035249.docx | LEGALEASE-00145955-LEGALEASE-00145956 |
| Serna v. O'Donnell, 70 F.R.D. 618 | 170A+2734 | Dismissal of frivolous in forma pauperis actions is appropriate to prevent abuses of the processes of the court. 28 U.S.C.A. S 1915(d). | Is dismissal of frivolous action appropriate to prevent abuse of process? | 035307.docx | LEGALEASE-00145663-LEGALEASE-00145664 |
| Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100 | 307A+563 | A remedy of dismissal for a party's noncompliance with a court order is not favored if lesser sanctions will suffice. | Is a remedy of dismissal for a party's noncompliance with a court order not favored if lesser sanctions will suffice? | 035420.docx | LEGALEASE-00145087-LEGALEASE-00145088 |
| Boothe Fin. Corp. v. Lindley, 6 Ohio St. 3d 247 | 92+3560 | States have great discretion in laying taxes; however, taxing power is subject to equal protection clause. U.S.C.A. Const.Amend. 14; Const. Art. 1, S 2. | Do states have great discretion in laying taxes? | 10599.docx | LEGALEASE-00095143-LEGALEASE-00095144 |
| Johnson v. City of Pendleton, 131 Or. 46 | 371+2005 | State department exercising taxing power exercises purely governmental functions. | Do the state department exercising taxing power exercise purely governmental functions? | Taxation - Memo # 825 - C - CK.docx | ROSS-003304999-ROSS-003305000 |
| People of State of New York v. Latrobe, 279 U.S. 421 | 371+2005 | State is not required by Constitution to adopt best possible taxation system. | Is the state required by Constitution to adopt the best possible taxation system? | Taxation - Memo # 827 - C - CK.docx | ROSS-003317279-ROSS-003317280 |
| Humana of Florida v. McKaughan on Behalf of McKaughan, 652 So. 2d 852 | 413+2 | Workers' Compensation Act is limited statutory substitute for common-law rights and liabilities. West's F.S.A. S 440.11(1). | Is the Workers Compensation Act a limited statutory substitute for common law rights and liabilities? | 048248.docx | LEGALEASE-00145597-LEGALEASE-00145598 |
| Galion Iron Works & Mfg. Co. v. J.D. Adams Mfg. Co., 128 F.2d 411 | 25T+135 | A right to arbitration arising out of mutual agreement may be waived, amended, or altered, like any other contractual right. | Is it possible to amend the right to arbitration which arose out of mutual agreement? | 10731.docx | LEGALEASE-00094265-LEGALEASE-00094266 |
| Bean v. United States, 7 F.2d 393 | 34+63 | Contracts of war risk insurance not to be interpreted according to principles governing other contracts of insurance. | Should contracts of war risk insurance be interpreted according to the principles governing other contracts of insurance? | 10751.docx | LEGALEASE-00094189-LEGALEASE-00094190 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Hood v. Louisville Tire Ctr., 204 So. 3d 1250 | 307A+581 | The presence of the aggravating factors is not a requirement to dismissal for failure to prosecute, specifically when delay alone may suffice for a dismissal. Miss. R. Civ. P. 41(b). | Is the presence of the aggravating factors a requirement to dismissal for failure to prosecute? | 10994.docx | LEGALEASE-00094083-LEGALEASE-00094084 |
| United States v. Downing, 454 F.2d 373 | 110+429(1) | Defendant's selective service file and letter from commanding officer of induction station reporting defendant's failure to submit to United States attorney were admissible as official records, in prosecution for failure to submit to induction, although, with respect to the file, chief custodian was out of jurisdiction, and clerical assistant of local board, who testified for Government, had not been employed entire period of time during which entries were made, and she could not be certain personally that entries were accurate, where defendant had advised his local board that he would have nothing to do with the armed services. 28 U.S.C.A. SS 1732, 1733. | Are letters and entries in a board file admissible in a prosecution for knowingly failing to report? | 008714.docx | LEGALEASE-00148004-LEGALEASE-00148005 |
| People v. Jordan, 15 Ill. App. 3d 672 | 63+1(1) | A person's receipt of property is not alone enough to sustain a bribery conviction. S.H.A. ch. 38, S 33-1(d). | Is a person's receipt of property alone enough to sustain a bribery conviction? | 09972.docx | LEGALEASE-00095110-LEGALEASE-00095111 |
| Allard v. Com., 24 Va. App. 57 | 67+4 | For structure to be subject of burglary, it must be permanently affixed to ground so as to become part of the realty at time of unlawful entry. Code 1950, S 18.2-90. | Does burglary require permanently fixed structures? | Burglary - Memo 256 - SB_57634.docx | ROSS-003279141-ROSS-003279145 |
| Rodgers v. Harper & Moore, 170 Ala. 647 | 200+181 | One placing objects within a highway calculated to frighten horses of ordinary gentleness is liable for injuries to a person caused by the frightening of a horse of ordinary gentleness. | When is one liable for frightening a horse in a highway? | Highway - Memo 191 - ANM_57466.docx | ROSS-003285347-ROSS-003285348 |
| Pease v. Johnson, 106 Cal. App. 2d 449 | 260+27(1) | Where claimant to mining land had actual knowledge of another's prior location claimant could not avail himself of alleged technical defects in the making of the prior location. | "Can one who has actual knowledge of the claims of another to mineral land, in good faith, relocate the land because of technical defects in the making of the location?" | 021582.docx | LEGALEASE-00147716-LEGALEASE-00147717 |
| Smart v. White, 73 Me. 332 | 296+6 | Rev.St. U. S. S 5485, 38 U.S.C.A. S 112, makes taking a greater fee than is fixed by statute for procuring a pension a high misdemeanor; and intent to do wrong or the practice of deceit or fraud is not an element of the offense. Held, that a pensioner can recover an illegal fee paid, although the attorney had no intent to commit a wrong and practiced no fraud or deceit. | Is taking a greater fee than which is fixed by statute for procuring a pension a high misdemeanor? | 022836.docx | LEGALEASE-00147838-LEGALEASE-00147839 |
| People v. Birch Sec. Co., 86 Cal. App. 2d 703 | 302+14 | When facts are available from public records, it is ordinarily improper to allege such facts on mere information and belief. | Is it improper to allege facts on mere information and belief? | Pleading - Memo 447 - RMM_57496.docx | ROSS-003296191-ROSS-003296192 |
| Hart Properties v. Slack, 159 So. 2d 236 | 302+36(1) | Litigants are bound by allegations of their pleadings, and admissions contained in pleadings as between parties are accepted as facts without necessity of supporting evidence. | Are the parties bound by the allegations of their pleadings? | 023584.docx | LEGALEASE-00147706-LEGALEASE-00147707 |
| Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547 | 302+104(1) | A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. | Is a plea to the jurisdiction a dilatory plea? | Pleading - Memo 458 - RMM_58006.docx | ROSS-003294678-ROSS-003294679 |
| Nunez v. Burgos, 215 So. 3d 931 | 307A+590.1 | Once abandonment has occurred, for the purpose of a motion to dismiss based on abandonment, action by the plaintiff cannot breathe new life into the suit. La. Code Civ. Proc. Ann. art. 561. | "Once abandonment has occurred, can action by the plaintiff breathe new life into the suit?" | 034975.docx | LEGALEASE-00147670-LEGALEASE-00147671 |
| Viesel v. Republic Ins. Co., 665 So. 2d 1221 | 307A+590.1 | Notice of intent to take deposition constitutes "step" in prosecution of action for purposes of provision of Code of Civil Procedure governing abandonment of action. LSA-C.C.P. art. 561. | "Does the notice of intent to take deposition constitute a ""step"" in the prosecution of an action?" | Pretrial Procedure - Memo # 7485 - C - CK_57524.docx | ROSS-003294320-ROSS-003294321 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cristino v. Bur. of Workers' Comp., 2012-Ohio-4420 | 307A+681 | Because affirmative defenses typically rely on matters outside the complaint, they normally cannot be raised in a motion to dismiss for failure to state a claim. Rules Civ.Proc., Rule 12(B)(6). | Do affirmative defenses rely on matters outside the complaint? | 10129.docx | LEGALEASE-00095351-LEGALEASE-00095352 |
| Harris Cty. v. Gambichler, 479 S.W.3d 514 | 307A+690 | A dismissal for want of prosecution is not a determination on the merits, and therefore dismissal with prejudice in such circumstances is improper. Tex. R. Civ. P. 165a(1). | Is a dismissal for want of prosecution a determination on the merits? | Pretrial Procedure - Memo # 7556 - C - BP.docx | LEGALEASE-00037239-LEGALEASE-00037240 |
| Shulver v. Slocum, 566 So. 2d 1089 | 307A+590.1 | Statute on abandonment of action is to be liberally interpreted, and any action or step taken to move case toward judgment should be considered. LSA-C.C.P. art. 561. | Is the statute on abandonment of action to be liberally interpreted? | 11076.docx | LEGALEASE-00094244-LEGALEASE-00094245 |
| Allied Gas & Chem. Co. v. Federated Mut. Ins. Co., 365 N.W.2d 26 | 307A+590.1 | Effect of a continuance is merely to hold dismissal in suspension on certain conditions which, if not met, will make dismissal automatic. Rules Civ.Proc., Rule 215.1. | Is the effect of a continuance merely to hold dismissal in suspension on certain conditions? | 11190.docx | LEGALEASE-00094561-LEGALEASE-00094562 |
| Felo v. Ochsner Med. Ctr.- Westbank, 182 So. 3d 417 | 307A+581 | Article governing abandonment of an action is to be liberally construed in favor of maintaining a plaintiff's suit; abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned. LSA-C.C.P. art. 561. | "Is abandonment meant to dismiss actions on mere technicalities, or to dismiss actions which in fact clearly have been abandoned?" | Pretrial Procedure - Memo # 7753 - C - PC.docx | ROSS-003300113-ROSS-003300114 |
| Louisiana Dep't of Transp. & Dev. v. Bayou Fleet, 37 So. 3d 1066 | 307A+581 | Abandonment is not meant as a ground to dismiss actions on mere technicalities; it is a ground to dismiss actions which in fact clearly have been abandoned. LSA-C.C.P. art. 561. | "Is abandonment meant to dismiss actions on mere technicalities, or to dismiss actions which in fact clearly have been abandoned?" | 11232.docx | LEGALEASE-00094095-LEGALEASE-00094096 |
| McBride v. Hopewell, 428 A.2d 1198 | 307A+590.1 | Word "action" in rule of procedure which allows court, on its own motion, to dismiss any action for want of prosecution at any time more than two years after last docket entry showing action taken by plaintiff other than motion for continuance is broad enough to encompass all interlocutory orders in lawsuit, including nonfinal adjudication of liability. Rules of Civil Procedure, Rule 41(b)(1). | "When is the word ""action"" broad enough?" | 11236.docx | LEGALEASE-00094137-LEGALEASE-00094138 |
| Graves v. State Bd. of Pharmacy, 188 Kan. 194 | 307A+552 | Trial court had no authority to enter any judgment other than dismissal of action which had become moot. | "Does the court have the authority to enter any judgment other than dismissal of an action, which had become moot?" | 036153.docx | LEGALEASE-00147265-LEGALEASE-00147266 |
| Kunin v. Forman Realty Corp., 21 Ill. App. 2d 221 | 307A+552 | When issue presented is of substantial public interest, a suit will not be dismissed because of mootness. | Will a suit be dismissed because of mootness when issue presented is of substantial public interest? | 11325.docx | LEGALEASE-00094643-LEGALEASE-00094644 |
| Crawford Supply Co. v. Schwartz, 396 Ill. App. 3d 111 | 307A+561.1 | The phrase "affirmative matter," in statute that allows for dismissal where the claim asserted is barred by affirmative matter avoiding the legal effect of or defeating the claim, encompasses any defense other than a negation of the essential allegations of the plaintiff's cause of action. S.H.A. 735 ILCS 5/2-619(a)(9). | "Would a defendant's compliance with the controlling statute be an ""affirmative matter"" warranting dismissal of the complaint?" | Pretrial Procedure - Memo # 7890 - C - SK.docx | LEGALEASE-00037691-LEGALEASE-00037692 |
| Huch v. Charter Commc'ns, 290 S.W.3d 721 | 307A+561.1 | A motion to dismiss based on an affirmative defense may be sustained if the defense is irrefutably shown by the petition. | When can a motion to dismiss based on an affirmative defense be sustained? | 036315.docx | LEGALEASE-00147618-LEGALEASE-00147619 |
| Phelps v. Union Bank & Tr. Co., 225 Ala. 238 | 371+2063 | Inherent power of state to collect taxes on property within its jurisdiction and on domestic concerns is attribute of sovereignty. | Do states have sovereign attribute in imposing taxes for domestic purposes? | 11427.docx | LEGALEASE-00094007-LEGALEASE-00094008 |
| Bosch v. Busch Dev., 777 P.2d 431 | 413+2102 | Statutory employer who has not been required to pay workers' compensation benefits does not enjoy immunity from negligence suit by worker. U.C.A.1953, 35-1-42(2), (3)(b), (5), 35-1-60, 35-1-62. | Can a worker sue a statutory employer who has not been required to pay workers compensation benefits? | 11468.docx | LEGALEASE-00094647-LEGALEASE-00094648 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Robinson v. Food Serv. of Belton, 415 F. Supp. 2d 1221 | 25T+182(1) | Waiver of arbitration rights requires unequivocal demonstration of intent to waive. | Does waiver of arbitration rights require an unequivocal demonstration of intent to waive? | 007903.docx | LEGALEASE-00148972-LEGALEASE-00148973 |
| Witherell v. Ela, 42 N.H. 295 | 83E+755 | The indorser of a bill or note in full, or in blank, when it is returned to him, may strike out his indorsement and maintain an action on it in his own name. | Can an indorsement of a note when returned to the owner after protest be strike out by the owner and maintain an action in his own name? | Bills and Notes- Memo 456-IS_57867.docx | ROSS-003294061 |
| Gregory's v. Haan, 545 N.W.2d 488 | 8.30E+264 | "Extension of credit" means to make or renew loan of money or any agreement to forbear enforcing repayment of such loan. | Does extension of credit mean to renew a loan? | Bills and Notes- Memo 619-IS_57887.docx | ROSS-003282835-ROSS-003282836 |
| In re Long, 353 B.R. 1 | 266+1421 | Under Massachusetts law, as between assignee and maker of mortgage note, neither consideration nor notice to maker was essential to valid assignment. | "Is consideration or notice to the maker, essential to an assignment between assignee and the maker of the note?" | 010599.docx | LEGALEASE-00148386-LEGALEASE-00148387 |
| Bank of Italy Nat. Tr. & Sav. Ass'n v. Symmes, 118 Cal. App. 716 | 8.30E+06 | Negotiable Instruments Law, since it covers entire subject, must control if applicable. Civ.Code, S 3082 et seq. | Does Negotiable Instruments Law control in all cases to which it is applicable? | Bills and Notes -Memo 691-DB_58200.docx | ROSS-003278473 |
| City of Rockland v. Johnson, 267 A.2d 382 | 200+80 | At common law, the public acquires only an easement in land taken for establishment of highway. | Does the public only acquire an easement in land taken for establishment of highway? | 019069.docx | LEGALEASE-00148434-LEGALEASE-00148435 |
| Marin Cty. v. Superior Court of Marin Cty., 53 Cal. 2d 633 | 200+80 | All roads committed to care of a county belong, ultimately, to all people of state. | Do all roads committed to the care of a county belong ultimately to all people of the state? | Highways -Memo 254-DB.docx | LEGALEASE-00038370-LEGALEASE-00038371 |
| Shell Oil Co. v. Bd. of Comm'rs of Pontchartrain Levee Dist., 336 So. 2d 248 | 260+49 | Constitutional prohibition against divestiture of mineral rights on property sold by the state equally prohibits the acquisition of those mineral rights by others by the running of prescription against the state. LSA-Const. art. 4, S 2; LSA-C.C. arts. 3474, 3478 et seq. | Does the Constitutional prohibition against the alienation of minerals by the state equally prohibit the acquisition of these minerals by others? | 021197.docx | LEGALEASE-00148292-LEGALEASE-00148293 |
| Tarrant Cty. Water Control & Imp. Dist. No. One v. Haupt, 854 S.W.2d 909 | 260+73.1(6) | Right to minerals carries with it right to enter and extract them, and all others such incidents thereto as are necessary to be used for getting and enjoying them. | Does the right to minerals carry with it the right to enter and extract them? | 021537.docx | LEGALEASE-00148662-LEGALEASE-00148663 |
| Reed v. Consol. Feldspar Corp., 71 S.D. 189 | 260+68(1) | A mine lessee who has agreed to pay lessor royalties need not extract ore at a loss. | Is a lessee who has agreed to pay lessor royalties required to extract ore at a loss? | 021595.docx | LEGALEASE-00148097-LEGALEASE-00148098 |
| Wiesenthal v. Goff, 63 Idaho 342 | 260+29.1 | Unpatented mining claims are "property" in highest sense of such term, which may be bought, sold and conveyed and will pass by descent. 30 U.S.C.A. S 26. | Is a mining claim a property? | 021618.docx | LEGALEASE-00148211-LEGALEASE-00148212 |
| U.S. v. Jackson, 904 F. Supp. 118 | 110+627.6(3) | Defendants indicted on charges relating to alleged plot to ship weapons to Laos in order to facilitate overthrow of government were entitled to discovery of evidence relating to United States' overt or covert military planning or operations with respect to Laos from 2005 through 2007; "at peace" requirement under Neutrality Act constituted element of offense upon which government bore burden of proof at trial, and thus sought information would be both material to preparation of defense and potentially exculpatory. 18 U.S.C.A. S 960; Fed.Rules Cr.Proc.Rule 16, 18 U.S.C.A. | Is at peace an element of offence under Neutrality Act? | Neutrality Laws - Memo 10- ANM_57998.docx | ROSS-003279934-ROSS-003279935 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| U.S. v. Jackson, 904 F. Supp. 118 | 110+627.6(3) | Defendants indicted on charges relating to alleged plot to ship weapons to Laos in order to facilitate overthrow of government were entitled to discovery of evidence relating to United States' overt or covert military planning or operations with respect to Laos from 2005 through 2007; "at peace" requirement under Neutrality Act constituted element of offense upon which government bore burden of proof at trial, and thus sought information would be both material to preparation of defense and potentially exculpatory. 18 U.S.C.A. S 960; Fed.Rules Cr.Proc.Rule 16, 18 U.S.C.A. | Who has to prove the at peace element of an offence under Neutrality Act? | 021749.docx | LEGALEASE-00148502-LEGALEASE-00148503 |
| McCleery v. Thompson, 130 Pa. 443 | 289+671 | A judgment confessed by one partner in the firm name for a firm debt, though void against the others, is good against the partner confessing it; under it partnership goods may be taken in execution; otherwise if the judgment be confessed by a retiring partner after dissolution. | Will a judgment confessed by one partner in the firm name be void against the non-assenting partners? | 022503.docx | LEGALEASE-00148958-LEGALEASE-00148959 |
| In re M.M. Winkler & Associates, 190 B.R. 272 | 51+3372.13 | Under certain circumstances, fraud may be imputed from one partner to another in context of bankruptcy dischargeability proceeding. Bankr.Code, 11 U.S.C.A. S 523(a)(2)(A). | Can fraud be imputed from one partner to another? | Partnership - Memo 474 - JK_58159.docx | ROSS-003282940-ROSS-003282941 |
| F.V. Const. Corp. v. Cmty. Bank of Florida, 106 So. 3d 1012 | 302+358 | To constitute a sham pleading, it must be inherently false and based on plain or conceded facts clearly known to be false. | Are sham pleadings those pleadings which are inherently false? | 023618.docx | LEGALEASE-00148747-LEGALEASE-00148748 |
| Holder v. Orange Grove Med. Specialties, P.A., 54 So. 3d 192 | 30+3206 | Appellate court may uphold a dismissal with prejudice for want of prosecution when there is: (1) a record of dilatory or contumacious conduct by the plaintiff, and (2) a finding by appellate court that lesser sanctions would not serve the interests of justice; additional "aggravating factors" or actual prejudice may bolster the case for dismissal, but are not requirements. | "Can the presence of an aggravating factor, serve to bolster or strengthen the case for a dismissal?" | Pretrial Procedure - Memo # 7591 - C - RF_57799.docx | ROSS-003294522-ROSS-003294523 |
| Sheen v. The Time Inc. Magazine Co., 817 So. 2d 974 | 307A+590.1 | Not every document filed in a case qualifies as record activity, for purposes of rule governing dismissal of actions for failure to prosecute. West's F.S.A. RCP Rule 1.420(e). | Will not every document filed in a case qualify as record activity? | 036098.docx | LEGALEASE-00148095-LEGALEASE-00148096 |
| In re Merv Properties, 539 B.R. 516 | 101+2404(1) | Under Kentucky law, the adverse interest exception, providing that knowledge of an agent is not imputed to the principal when it is clear that the agent would not communicate the fact in controversy to the principal, is not applicable when the company actually benefits from the transaction in question. | What is Adverse Interest Exception? | Principal and Agent - Memo 127 - KC_58041.docx | ROSS-003295554 |
| State of Or. By &amp; Through State Forester v. United States, 308 F.2d 568 | 411+7 | Action by State of Oregon and nonprofit corporation against United States to recover amount expended to extinguish forest fire alleged to have been negligently caused by agents and employees of Forest Service of United States was not action for money or damages for injury or loss of property within Tort Claims Act and could not be maintained under Tort Claims Act. ORS SS 477.002-477.071; 28 U.S.C.A. S 1346(b). | Do expenses incurred by states in fighting forest fires come under statutes like Tort Claims Act or The Federal Tort Claims Act? | Woods and Forest - Memo 76 - ANM_58051.docx | ROSS-003297042-ROSS-003297043 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United Marine Mut. Indem. Ass'n v. Marshall, 510 F. Supp. 34 | 413+2 | Whole theory of Longshoremen's and Harbor Workers' Compensation Act is to provide the injured workman with certain and absolute benefits in lieu of common-law damages. Longshoremen's and Harbor Workers' Compensation Act, SS 1 et seq., 4-9, 32, 33 U.S.C.A. SS 901 et seq., 904-909, 932. | What is the whole theory of the Worker's Compensation Act? | 048395.docx | LEGALEASE-00148298-LEGALEASE-00148299 |
| People v. Snowburger, 113 Mich. 86 | 178+1.5 | It is competent for the Legislature, under the police power, to provide for the protection of the public health by making it an offense punishable by fine and imprisonment to sell adulterated food or drink, irrespective of the seller's knowledge of the adulteration. | Whether knowledge needs to be proved for an offence to sell adulterated milk? | 006570.docx | LEGALEASE-00149947-LEGALEASE-00149948 |
| Hernandez v. Dep't of Air Force, 498 F.3d 1328 | 34+115(7) | Provisions for benefits to members of the Armed Services are to be construed in the beneficiaries' favor. | Should provisions for benefits to members of the Armed Services be construed in the beneficiaries' favor? | Armed Services - Memo 334 - RK_58607.docx | ROSS-003278558-ROSS-003278559 |
| Ex parte Burson, 615 S.W.2d 192 | 34+101 | Veterans Administration benefits, unlike air force disability retirement benefits, are not divisible or assignable; they are not property. 38 U.S.C.A. S 3101. | Are Veterans Administration (VA) benefits divisible property? | Armed Services - Memo 337 - RK_58610.docx | ROSS-003294761-ROSS-003294762 |
| de Rodulfa v. United States, 461 F.2d 1240 | 92+4244 | Veterans' benefits are gratuities and establish no vested rights in recipients and benefits may be withdrawn by Congress at any time and under any conditions Congress may impose. | Are Veterans' benefits gratuities? | Armed Services - Memo 338 - RK_58611.docx | ROSS-003284120-ROSS-003284121 |
| Whitlock v. Bank of Maryville, 612 S.W.2d 481 | 172H+517 | "Certificate of deposit" is written acknowledgment by bank or banker of receipt of sum of money on deposit which bank or banker promises to pay to depositor, to order of depositor, or to some other person or to his order, and no particular form is necessary to constitute certificate of deposit, provided essential characteristics are present. | What is a Certificate of Deposit (CD)? | 009663.docx | LEGALEASE-00149690-LEGALEASE-00149691 |
| Zier v. E. Acceptance Corp., 61 A.2d 106 | 8.30E+05 | Purpose of Uniform Negotiable Instruments Law is to facilitate negotiation of commercial paper. | Is the purpose of Uniform Negotiable Instruments Law to facilitate the negotiation of commercial paper? | 010612.docx | LEGALEASE-00149151-LEGALEASE-00149152 |
| In re Burm, 554 B.R. 5 | 8.30E+200 | Under Massachusetts law, a promissory note is nothing more than a written contract for the payment of money, subject to the fundamental rules governing contract law. | Is promissory note a contract? | Bills and Notes- Memo 732-IS_58520.docx | ROSS-003325962-ROSS-003325963 |
| Spurgin v. Denton Cty. Nat. Bank, 235 S.W. 970 | 8.30E+08 | The Uniform Negotiable Instrument Act held not applicable to notes which were executed and had matured long before the act became effective. | Can the Uniform Negotiable Instrument Act be applied on a note or check executed prior to the passing of the Act? | 010657.docx | LEGALEASE-00149439-LEGALEASE-00149440 |
| Liberty Loan Corp. of Eunice v. Lavine, 324 So. 2d 481 | 83E+426 | Instruments, which are originally order paper but subsequently become bearer paper by blank endorsement, are converted back to order paper if they are specially endorsed. LSA-R.S. 7:40. | Can an indorsement convert order paper into bearer paper? | 010966.docx | LEGALEASE-00149487-LEGALEASE-00149488 |
| Grimes v. Fremont Gen. Corp., 933 F. Supp. 2d 584 | 172H+33 | A standard lender-borrower relationship, without more, is not the kind of relationship that supports a claim of negligent misrepresentation. | Is the lender borrower relationship a kind of relationship that supports a claim of negligent misrepresentation? | 014123.docx | LEGALEASE-00149865-LEGALEASE-00149867 |
| State v. Pyritz, 90 Or. App. 601 | 210+1005 | Demurrer to criminal charges on constitutional grounds is sustainable if statute is vague or overbroad on its face. | Is a demurrer on constitutional grounds sustainable if the statute is vague or overbroad on its face? | Disorderly Conduct-Memo 54-PR_58527.docx | ROSS-003278616-ROSS-003278617 |
| Thomas v. Leonard Truck Lines, 7 So. 2d 753 | 156+3(1) | A pleader is not "estopped" by judicial allegations which have neither deceived nor damaged anyone. | Is a pleader estopped by judicial allegations which have neither deceived nor damaged anyone? | Estoppel - Memo #9 - C - CSS_58267.docx | ROSS-003310221-ROSS-003310222 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| U.S. v. Jackson, 904 F. Supp. 118 | 110+627.6(3) | Defendants indicted on charges relating to alleged plot to ship weapons to Laos in order to facilitate overthrow of government were entitled to discovery of evidence relating to United States' overt or covert military planning or operations with respect to Laos from 2005 through 2007; "at peace" requirement under Neutrality Act constituted element of offense upon which government bore burden of proof at trial, and thus sought information would be both material to preparation of defense and potentially exculpatory. 18 U.S.C.A. S 960; Fed.Rules Cr.Proc.Rule 16, 18 U.S.C.A. | Who decides whether the prosecution has carried its burden of proving that the United States is at peace? | 021720.docx | LEGALEASE-00149909-LEGALEASE-00149910 |
| Host v. BNSF Ry. Co., 460 S.W.3d 87 | 302+20 | It is perfectly proper for a plaintiff to plead and to submit alternative theories for a single injury. | Is it proper for a plaintiff to plead alternative theories for a single injury? | 023632.docx | LEGALEASE-00149535-LEGALEASE-00149536 |
| Jenkins v. Tucker, 18 So. 3d 265 | 307A+581 | Aggravating factors bolster a case for dismissal for want of prosecution, but they are not required even when dismissal is with prejudice. Rules Civ.Proc., Rule 41(b). | Does aggravating factors bolster a case for dismissal but are not required even when dismissal is with prejudice? | Pretrial Procedure - Memo # 7992 - C - SU_58351.docx | ROSS-003282372-ROSS-003282373 |
| Sears Mortg. Corp. v. Rose, 134 N.J. 326 | 308+1 | Agency relationship is created when one party consents to have another act on its behalf, with principal controlling and directing acts of agent. | Is consent important to form agency relationship? | 041392.docx | LEGALEASE-00149591-LEGALEASE-00149592 |
| In re Riemer, 82 F.2d 162 | 51+2954.1 | "Taxes" are not "debts," within Bankruptcy Act, but are imposts levied according to law to raise money for support of government, and their payment is governed by statute giving taxes priority (Bankr.Act S 64 as amended, 11 U.S.C.A. S 104). | Are taxes levied to raise money for the support of the government? | 045893.docx | LEGALEASE-00149197-LEGALEASE-00149198 |
| Educ. Films Corp. of Am. v. Ward, 282 U.S. 379 | 371+2001 | Nature of tax as regards question of validity must be determined by its operation, rather than by particular descriptive language applied to it. | Should the nature of a tax be determined by its operation or descriptive language? | 045926.docx | LEGALEASE-00149364-LEGALEASE-00149365 |
| H.E.S. v. J.C.S., 175 N.J. 309 | 3.77E+06 | The stalking statute was intended to intervene in repetitive harassing or threatening behavior before the victim has actually been physically attacked. N.J.S.A. 2C:12-10. | What was the stalking statute intended to intervene in? | "Threats, Stalking, and Harassment - Memo #11 - C - LB_58567.docx" | ROSS-003320159-ROSS-003320160 |
| Com. v. Tizer, 454 Pa. Super. 1 | 3.77E+11 | Terroristic threats statute is not designed to penalize spur-of-the-moment threats that arise out of anger in course of dispute. 18 Pa.C.S.A. S 2706. | Is the terroristic threats statute designed to penalize spur-of-the-moment threats? | 047078.docx | LEGALEASE-00149589-LEGALEASE-00149590 |
| Com. v. Ferrer, 283 Pa. Super. 21 | 3.77E+10 | Elements of the offense of terroristic threats are: a threat to commit a crime of violence, communicated with intent to terrorize or with reckless disregard of the risk of causing such terror. 18 Pa.C.S.A. S 2706. | When does a person commit the crime of terroristic threats? | "Threats, Stalking, and Harassment - Memo #16 - C - LB_58572.docx" | ROSS-003294639-ROSS-003294640 |
| Idaho Sporting Cong. v. U.S. Forest Serv., 843 F. Supp. 1373 | 411+7 | Appeals Reform Act (ARA) was not self implementing; rather, National Forest Service was expected and required to implement ARA through administrative rulemaking. Forest and Rangeland Renewable Resources Planning Act of 1974, S 14, as amended, 16 U.S.C.A. S 1612. | Is Forest Service required to implement the Appeals Reform Act (ARA) through administrative rulemaking? | 047563.docx | LEGALEASE-00149686-LEGALEASE-00149687 |
| Downie v. Kent Prod., 122 Mich. App. 722 | 413+2 | Workers' compensation system is wholly creature of statute and court is not free to redraw statute because of change in tort concepts. M.C.L.A. S 411.1 et seq. | What are courts free to do regarding workers compensation? | 048374.docx | LEGALEASE-00149245-LEGALEASE-00149246 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Broos v. Portec, 376 N.W.2d 688 | 413+63 | Workers' compensation statutes in effect on date employee sustains disabling injury governed both his rights to compensation and extent of his employer's liability. | Are the provisions of the Workmen's Compensation Law fixed as to interested parties at the time the employment begins? | Workers Compensation - Memo #548 - C - ANC_58930.docx | ROSS-003295292-ROSS-003295293 |
| R.A. Brown & Co. v. Chancellor, 61 Tex. 437 | 83E+675 | In Act March 20, 1848, requiring three days of grace, etc., a proviso limited its effect to contracts between merchants and their factors and agents. Act Jan. 11, 1862, struck out such proviso, and required three days of grace to be allowed on "all bills of exchange and promissory notes assignable and negotiable by law." Held, that a note payable on demand is not entitled to days of grace, and suit lies thereon without previous demand. | Are days of grace allowed to bills payable on demand? | 009999.docx | LEGALEASE-00150218-LEGALEASE-00150219 |
| Dolan v. Fairbanks Capital Corp., 930 F. Supp. 2d 396 | 172H+1341 | TILA requires creditors to clearly and accurately disclose all the material terms of a credit transaction. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Does the TILA require creditors to disclose all material terms? | 013971.docx | LEGALEASE-00150550-LEGALEASE-00150551 |
| St. Breux v. U.S. Bank, Nat. Ass'n, 919 F. Supp. 2d 1371 | 172H+1385 | If the master servicer for a consumer loan discloses to the consumer in layman's terms that it is indeed the master servicer, it need not use the magical legal words "master servicer" in order to comply with the Truth in Lending Act (TILA) disclosure provision requiring a loan servicer, in response to a consumer obligor's request, to identify the owner or master servicer for the obligation. Truth in Lending Act, S 131(f)(2), 15 U.S.C.A. S 1641(f)(2). | Is it necessary for the servicer to use the magic word master servicer? | 013979.docx | LEGALEASE-00150580-LEGALEASE-00150581 |
| Kelsey v. District of Columbia, 85 F.Supp.3d 327 | 141E+861 | The IDEA was designed to open the door of public education to handicapped children on appropriate terms and not to guarantee any particular level of education once inside. Individuals with Disabilities Education Act S 601 et seq., 20 U.S.C.A. S 1400 et seq. | What is the IDEA designed to do? | Education - Memo #116 - C - BR_58733.docx | ROSS-003291949-ROSS-003291950 |
| K's Merch. Mart v. Northgate Ltd. P'ship, 359 Ill. App. 3d 1137 | 156+14 | In an estoppel certificate, the signer is certifying the course of performance has not produced any defaults. | "In an estoppel certificate, does the signer certify the course of performance has not produced any defaults?" | Estoppel - Memo #36 - C - CSS_59025.docx | ROSS-003280076-ROSS-003280077 |
| Kennedy v. Missouri Atty. Gen., 922 S.W.2d 68 | 302+48 | Petition must contain allegations of fact in support of each essential element of cause pleaded. | Should the petition state allegations of fact in support of each essential element of the cause pled? | 036810.docx | LEGALEASE-00150131-LEGALEASE-00150132 |
| Holder v. Orange Grove Med. Specialties, P.A., 54 So. 3d 244 | 307A+583 | Trial courts have the inherent authority to dismiss cases for want of prosecution as a means of controlling the court's docket and ensuring the orderly expedition of justice. | "Is a failure to prosecute, as grounds for dismissal, considered on a case-by-case basis?" | 036814.docx | LEGALEASE-00150160-LEGALEASE-00150161 |
| Simmons v. Abruzzo, 49 F.3d 83 | 170A+1741.3 | District court has power to dismiss complaint for failure to comply with court order, treating noncompliance as failure to prosecute. Fed.Rules Civ.Proc.Rule 41(b), 28 U.S.C.A. | Can a claim be dismissed for a failure to comply with a court order? | Pretrial Procedure - Memo # 8324 - C - AC_58838.docx | ROSS-003279490-ROSS-003279491 |
| Johnson v. Preferred Prof'l Ins. Co., 91 A.3d 994 | 307A+622 | The standard a plaintiff must meet at the motion to dismiss stage is low. | Is the standard a plaintiff must meet at the motion to dismiss stage low? | Pretrial Procedure - Memo # 8536 - C - SHS_59215.docx | ROSS-003292383-ROSS-003292384 |
| Looney v. State, 336 Ga. App. 882 | 3.77E+10 | A defendant need not have the immediate ability to carry out the threat to violate statute governing crime of terroristic threats. West's Ga.Code Ann. S 16-11-37(a). | Does a defendant need to have an immediate ability to carry out a threat in order to violate the statute criminalizing terroristic threats? | 046829.docx | LEGALEASE-00150298-LEGALEASE-00150299 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Smith, 10 R.I. 258 | 3.77E+10 | A communication constitutes a threat, as an element of the offense of making terroristic threats, if, in context, it would have a reasonable tendency to create apprehension that its originator will act according to its tenor. M.S.A. S 609.713. | When does a communication or statement constitute a threat? | 046847.docx | LEGALEASE-00150450-LEGALEASE-00150451 |
| Haddock v. Quinn, 287 S.W.3d 158 | 25T+182(2) | Both delay and the extent of the moving party's participation in judicial proceedings are material factors in assessing prejudice, for purposes of determining whether a party has waived arbitration. | What are the material factors involved in assessing a plea of prejudice? | 007920.docx | LEGALEASE-00151383-LEGALEASE-00151385 |
| Stoltz v. Aurora Loan Servs., 194 So. 3d 1097 | 83E+426 | An indorsement in blank is sufficient to prove that the person in possession of the note is its holder. | Is indorsement in blank sufficient to prove that the person in possession of the note is its holder? | Bills and Notes- Memo 1055- ANM_59393.docx | ROSS-003280155-ROSS-003280156 |
| Galbreath v. Wallrich, 45 Colo. 537 | 38+97 | Assignment of a nonnegotiable contract does not carry a warranty that it will be performed; but assignee merely impliedly warrants it is what it purports to be, and hence, where nonnegotiable contracts to furnish ties to a railroad were assigned, the mere fact that it subsequently canceled them and refused to allow assignees to fill them did not impose any liability on assignors. | Does the assignee of a nonnegotiable contract impliedly warrant that it is genuine? | 010732.docx | LEGALEASE-00151216-LEGALEASE-00151217 |
| Lieberman v. Cappellino, 96 N.Y.S.2d 546 | 83E+481 | "Assignment" is generally used to signify the transfer of non-negotiable instruments, while "indorsement" is used to signify a transfer of negotiable instruments. Rules of Supreme Court of Kings County, rule 7; Judiciary Law, S 149. | "Is assignment generally used to signify the transfer of nonnegotiable instruments, whereas indorsement is used to signify a transfer of negotiable instruments?" | 010782.docx | LEGALEASE-00151258-LEGALEASE-00151259 |
| Household Fin. Corp. v. Buck, 107 Ill. App. 3d 628 | 172H+1347 | Disclosure of delinquency charges section of consumer loan contract must be presented in a way that borrower can comprehend easily and must be intelligible to the average consumer. Truth in Lending Regulations, Regulation Z, S 226.1 et seq., 15 U.S.C.A. foll. S 1700; Truth in Lending Act S 102 et seq., 15 U.S.C.A. S 1601 et seq.; Ill.Rev.Stat.1977, ch. 74, SS 66(i, k), 70(b). | Should the disclosure be presented in a way that the borrower can comprehend easily? | Consumer Credit -Memo 112-DB_59231.docx | ROSS-003292896 |
| Brown v. Payday Check Advance, 202 F.3d 987 | 172H+1522 | Statutory damages were not available under Truth in Lending Act (TILA) for lender's failure to emphasize the typeface of "finance charge" and "annual percentage rate," omission of descriptive explanations, and inclusion of non-mandatory disclosures in required disclosure portion of payday loan forms, and, thus, failure to establish actual injury precluded any recovery by borrowers under TILA; statutory damages were available "only" for violations of enumerated subsections and rules, and TILA subsections violated by lender were not among them. Consumer Credit Protection Act, SS 122(a), 128(a)(8), (b)(1), 130(a), 15 U.S.C.A. SS 1632(a), 1638(a)(8), (b)(1), 1640(a). | Are statutory damages available only for violations of enumerated subsections and rules? | Consumer Credit -Memo 119-PR_59235.docx | ROSS-003319341 |
| Holm v. Montgomery, 62 Wash. 398 | 200+89 | Since the public has only easement of use in a highway, and the fee rests in the abutting owner, who may make such use of the land within the highway as will not interfere with its use by the public, such owner may use the highway on which to maintain ditches for the benefit of his land, provided he does so without creating a nuisance or interfering with its use as a highway. | Does the public have an easement of use in a public street or highway while the fee rests in the owners of the abutting property? | Highways -Memo 60 - DB_59347.docx | ROSS-003292562-ROSS-003292563 |
| Arcade Steam Laundry v. Bass, 159 So. 2d 915 | 302+20 | One may plead two or more statements of claim alternatively in one count or in separate counts. 30 F.S.A. Rules of Civil Procedure, rule 1.8(f, g); Fed.Rules Civ.Proc. rule 10(b), 28 U.S.C.A. | Can one plead two or more statements of a claim alternatively in one count? | 023688.docx | LEGALEASE-00151333-LEGALEASE-00151334 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Carlson v. Hannah, 6 N.J. 202 | 308+92(1) | The power of an agent to bind his principal is limited to such acts as are within his actual or apparent authority. | Can an agent bind his principal for acts within his authority? | 041459.docx | LEGALEASE-00151262-LEGALEASE-00151263 |
| Kasson v. Noltner, 43 Wis. 646 | 308+92(1) | A principal is responsible for the act of his agent when he has either given such agent authority to do the act, or justified the party dealing with the agent in believing that the latter had such authority. | Can a principal be responsible for the act of his agent if he has given the authority? | 041468.docx | LEGALEASE-00151315-LEGALEASE-00151316 |
| Walker v. President & Fellows of Harvard Coll., 82 F. Supp. 3d 524 | 141E+1166 | An entering student forms a contractual relationship with her university, and a disciplinary code can be part of that contract. | Can the university disciplinary code be part of the contract with the students? | 016715.docx | LEGALEASE-00151480-LEGALEASE-00151481 |
| Xiaolu Peter Yu v. Vassar Coll., 97 F. Supp. 3d 448 | 141E+1166 | In New York, relationship between university and its students is contractual in nature, and college is contractually bound to provide students with the procedural safeguards that it has promised. | A college is contractually bound to provide students with the procedural safeguards that it has promised? | 016717.docx | LEGALEASE-00151478-LEGALEASE-00151479 |
| Austin v. Albany Law Sch. of Union Univ., 38 Misc. 3d 988 | 141E+1166 | The relationship between an institution of higher education and its students is contractual, rather than fiduciary, in nature. | "Is the relationship between an institution of higher education and its students fiduciary, in nature?" | Education - Memo # 204 - C - KS_60318.docx | ROSS-003298086-ROSS-003298087 |
| Bologna Bros. v. Morrissey, 154 So. 2d 455 | 8.30E+12 | Obligation of endorser or accommodation party is governed by lex loci contractus. | Is the obligation of an endorser or accommodation party governed by lex loci contractus? | 008985.docx | LEGALEASE-00151600-LEGALEASE-00151601 |
| Leavings v. Mills, 175 S.W.3d 301 | 83E+401 | A note may be transferred even if it is not indorsed by the transferee; in that case, the transferee acquires whatever rights the transferor had in the note, but he does not become the holder. V.T.C.A., Bus. & C. S 3.201. | Is endorsement by the transferee necessary for a note to be transferred? | Bills and Notes - Memo 633 - RK_59537.docx | ROSS-003283340-ROSS-003283341 |
| Rachbach v. Cogswell, 547 F.2d 502 | 172H+1561 | Section of the Truth in Lending Act providing that obligor who exercises right to rescind is not liable for any finance or other charge does not preclude court from doing equity, and no abuse of discretion was shown in the imposition of interest as an equitable condition to the right of rescission of mortgage contract where the borrower had had the benefit of the use of the loan proceeds. Truth in Lending Act, S 125(b) as amended 15 U.S.C.A. S 1635(b). | Is an obligor liable for finance or other charges when exercising the right to rescind? | 013878.docx | LEGALEASE-00151556-LEGALEASE-00151557 |
| Wilson v. Cty. of Orange, 881 So. 2d 625 | 307A+561.1 | Dismissal should not be granted on the basis of an affirmative defense, except when the face of the complaint is sufficient to demonstrate the existence of that defense. | Should a dismissal be granted on the basis of an affirmative defense? | 037447.docx | LEGALEASE-00151739-LEGALEASE-00151740 |
| In re Custody of G.J., 796 N.E.2d 756 | 307A+680 | A motion to dismiss tests the legal sufficiency of the claim, not the facts that support it. | "Does a motion to dismiss test the legal sufficiency of the claim, not the facts that support it?" | Pretrial Procedure - Memo # 8783 - C - KS_59782.docx | ROSS-003280633-ROSS-003280634 |
| Palestroni v. Jacobs, 10 N. J. Super. 266 | 275+142 | It is against policy of law to receive affidavits of jurors to show or explain reasons or methods of jurors or any of them in giving or consenting to verdict or what was put into it. | Is it against policy of law to receive affidavits of jurors? | Affidavits - Memo 35 - _11Hw8s3Ulj1zwnIuZDJcro704rRQwH7sv.docx | ROSS-000000168-ROSS-000000169 |
| Leavings v. Mills, 175 S.W.3d 301 | 83E+401 | A note may be transferred even if it is not indorsed by the transferee; in that case, the transferee acquires whatever rights the transferor had in the note, but he does not become the holder. V.T.C.A., Bus. & C. S 3.201. | Can a note be transferred without an indorsement? | 009726.docx | LEGALEASE-00152578-LEGALEASE-00152579 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Sabertooth, 443 B.R. 671 | 83E+335 | Promissory notes were not "negotiable instruments" under Pennsylvania law where they were subject to other rights and obligations which were stated in other loan documents, making the notes conditional. 13 Pa.C.S.A. S 3106(a)(3). | When a note is subject to rights and obligations is it negotiable? | 010697.docx | LEGALEASE-00152584-LEGALEASE-00152585 |
| Gidden Motor Co. v. Johnston, 155 Miss. 328 | 83E+418 | Nonnegotiable instruments which partake of nature of commercial paper are assignable by indorsement and delivery. | Are nonnegotiable instruments which partake of nature of commercial paper assignable? | 010747.docx | LEGALEASE-00152435-LEGALEASE-00152436 |
| Harry H. White Lumber Co. v. Crocker-Citizens Nat. Bank, 253 Cal. App. 2d 368 | 172H+622 | Where checks were payable to two joint payees, and indorsement of first joint payee was forged on checks by second joint payee, and collecting bank paid the checks, and first joint payee sued collecting bank, applicable sections of Civil Code were those dealing with effect of forged signature and indorsement where instrument is payable to two or more persons, and not section dealing with discharge of negotiable instrument by any act which will discharge simple contract for payment of money, and section providing that obligation in favor of several persons is extinguished by performance rendered to any one of them, except in case of deposit made by owners in common, or in joint ownership. West's Ann.Civ.Code, SS 1475, 3104, 3122, 3200(4). | "Should all insdorse , when there are two or more payees?" | 010754.docx | LEGALEASE-00152467-LEGALEASE-00152468 |
| Meyers v. Nicolet Rest. of De Pere, 843 F.3d 724 | 172H+1705 | Customer did not suffer any injury-in-fact from restaurant's violation of Fair and Accurate Credit Transactions Act (FACTA), in which restaurant printed expiration date of customer's credit card on his receipt, and thus customer lacked Article III standing to sue restaurant under FACTA; customer never suffered any concrete harm because restaurant printed his card's expiration date, customer discovered violation immediately, nobody else ever saw receipt, and printing of a card's expiration date, without more, would not heighten risk of identity theft. U.S. Const. art. 3, S 2, cl. 1; Consumer Credit Protection Act S 605, 15 U.S.C.A. S 1681c(g)(1). | Does failure to truncate a credit cards expiration date on receipt lead to a risk of identity theft? | Consumer Credit - Memo 125-IS_60072.docx | ROSS-003280350-ROSS-003280351 |
| Jordan v. Montgomery Ward & Co., 442 F.2d 78 | 172H+1573 | Authority to enforce compliance with credit advertising requirements of Truth in Lending Act is relegated to administrative agencies. Truth in Lending Act, SS 108, 141-145, 15 U.S.C.A. SS 1607, 1661-1665. | Can credit advertising requirements be relegated? | 013779.docx | LEGALEASE-00152418-LEGALEASE-00152419 |
| Telles v. Dewind, 140 A.D.3d 1701 | 129+107 | Conduct does not have to take place in public in order for a person to be found guilty of disorderly conduct, so long as the person recklessly creates a risk of a public disturbance. McKinney's Penal Law S 240.20(1). | Can a person be held guilty of disorderly conduct if he causes public inconvenience? | Disorderly Conduct-Memo 81-PR_60080.docx | ROSS-003280704-ROSS-003280705 |
| Appeal of City of Nashua, 138 N.H. 261 | 371+2632 | In tax abatement cases before State Board of Tax and Land Appeals, municipality must disclose its preferred equalization ratio; if it employs its own uniform ratio to discount properties' fair market values to assessed values, municipality must make good-faith offering of that ratio, as well as methodology by which it computed ratio. RSA 75:1, 75:8. | Is there a constitutional mandate to assess all taxpayers in a town at the same proportion of fair market value of the property? | 018328.docx | LEGALEASE-00152726-LEGALEASE-00152727 |
| Wade v. Moody, 255 Ark. 266 | 200+79.1 | Once color of title to a road was established by adverse possession of the public, it became incumbent on landowner to show abandonment. | Who has the burden of showing abandonment when title by adverse possession is established? | Highways - Memo 236 - RK.docx | LEGALEASE-00041924-LEGALEASE-00041925 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Phipps v. United States, 126 Fed. Cl. 674 | 200+79.1 | Under Iowa law, there is a presumption that once a highway is shown to exist, it continues to exist, and any abandonment must be proven by clear and satisfactory evidence. | Is there a presumption that once a highway is shown to exist it continues to exist? | Highways - Memo 240 - RK_60183.docx | ROSS-003279562-ROSS-003279563 |
| Joint Highway Dist. No. 13 v. Hinman, 220 Cal. 578 | 200+121 | Highway construction is "public purpose" for which property may be taxed by state. | Is construction of a proposed highway a typical public purpose for which property may be taxed by the state? | Highways - Memo 328 - RK_60190.docx | ROSS-003279627-ROSS-003279628 |
| Memphis & C. Ry. Co. v. Pace, 282 U.S. 241 | 200+121 | Construction and maintenance of serviceable roads is public purpose for which property may be taxed by state. | Is construction of a proposed highway a typical public purpose for which property may be taxed by the state? | 018771.docx | LEGALEASE-00152523-LEGALEASE-00152524 |
| Craig v. Heis, 30 Ohio St. 550 | 200+145 | An assessment levied, under Act March 27, 1867, 64 Ohio Laws, 80, for the construction of a road, is a lien on the land from the time the assessment is made. | Are assessments for road improvements considered liens? | 018773.docx | LEGALEASE-00152525-LEGALEASE-00152526 |
| Unruh v. Purina Mills, 289 Kan. 1185 | 302+48 | Whether a pleading is sufficient to state a cause of action is a question of law. | Is whether a pleading is sufficient to state a cause of action a question of law? | 037891.docx | LEGALEASE-00152192-LEGALEASE-00152193 |
| Zeeb v. Atlas Powder Co., 32 Del. Ch. 486 | 308+92(1) | Except as to acts so peculiarly personal that their performance may not be delegated, or except as to acts regulated by statute which are required to be performed personally, generally an individual may do all acts through an agent which he could do himself. | Who can be delegated to an agent? | 041498.docx | LEGALEASE-00152227-LEGALEASE-00152228 |
| In re Lang's Estate, 301 Pa. 429 | 162+518(2) | Where notes due from residents in state were held by deceased in another state at time of death, ancillary letters of administration were improperly granted in state (20 PS S 341). Act June 7, 1917, P. L. 457, S 2(a), 20 PS S 341, provides that ancillary letters of administration shall be grantable only by register of county where principal part of goods and estate of such decedent within this commonwealth shall be. The situs of the notes was in the other state where the owner thereof died, and there was no part of decedent's estate in county when ancillary letters were granted. | Is the situs of a promissory note with the owner? | 009922.docx | LEGALEASE-00153684-LEGALEASE-00153685 |
| Haywood v. Ryan, 85 N.J.L. 116 | 129+108 | That a person walking along a public street in a peaceable manner is followed by a crowd does not make him a disorderly person in violation of Act Concerning Disorderly Persons, S 3. | "Is a person walking along a public highway, quietly and peacefully followed by a crowd, a disorderly person?" | 014391.docx | LEGALEASE-00153420-LEGALEASE-00153421 |
| Ishimatsu v. Regents of Univ. of Cal., 266 Cal. App. 2d 854 | 141E+1010 | University is "statewide administrative agency" within meaning of government code and possesses adjudicatory powers derived from constitution as to problems and purposes of its personnel. West's Ann.Const. art. 9, S 9; West's Ann.Gov.Code, S 11000 et seq. | Is a university a statewide administrative agency? | 016764.docx | LEGALEASE-00153760-LEGALEASE-00153761 |
| Dinu v. President & Fellows of Harvard Coll., 56 F. Supp. 2d 129 | 141E+1166 | Student handbook can be source of terms defining reciprocal rights and obligations of university and its students. | "Can student handbook, like the occasional employee handbook, be a source of the terms defining the reciprocal rights and obligations of a school and its students?" | Education - Memo # 219 - C - KS_61004.docx | ROSS-003280100-ROSS-003280101 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Phillip C. ex rel. A.C. v. Jefferson Cty. Bd. of Educ., 701 F.3d 691 | 141E+867 | Regulation stating that parent of disabled student has right to independent educational evaluation (IEE) at public expense if parent disagrees with evaluation obtained by public agency does not exceed scope of Individuals with Disabilities Education Act (IDEA), as would render regulation invalid; although IDEA section stating that parent must have opportunity to obtain IEE of child does not expressly state that parent is to be reimbursed for cost of IEE, separate IDEA section expressly requires Secretary of Education to preserve any IDEA regulation that existed as of July 20, 1983, and one of the regulations in effect at that time expressly provided to parents right to IEE at public expense, and subsequent to 1983, Congress reauthorized IDEA on three separate occasions without altering parent's right to publicly financed IEE. Individuals with Disabilities Education Act, SS 607(b)(2), 615(b), 20 U.S.C.A. SS 1406(b)(2), 1415(b); 34 C.F.R. S 300.502. | What is the take of Congress on Parent's rights under Individuals with Disabilities Education Act? | 017060.docx | LEGALEASE-00152828-LEGALEASE-00152829 |
| Sprik v. Regents of Univ. of Michigan, 43 Mich. App. 178 | 141E+990 | Powers of the University of Michigan are separate and distinct from those of the legislature, and, not being a legislative creature, it does not need legislative approval of its expenditures. M.C.L.A.Const.1963, art. 8, S 5. | Does a university need legislative approval for expenditures? | 017072.docx | LEGALEASE-00152876-LEGALEASE-00152877 |
| Sprik v. Regents of Univ. of Michigan, 43 Mich. App. 178 | 141E+990 | Powers of the University of Michigan are separate and distinct from those of the legislature, and, not being a legislative creature, it does not need legislative approval of its expenditures. M.C.L.A.Const.1963, art. 8, S 5. | Does a university need legislative approval of its expenditures? | 017095.docx | LEGALEASE-00153732-LEGALEASE-00153733 |
| Chennault v. Sager, 187 Mont. 455 | 200+77(2) | Within the statute governing abandonment of county roads, requiring petition to contain signatures of either ten persons or a majority of freeholders of road district where abandonment is sought, the alternative of the majority of freeholders of the road district cannot be interpreted as meaning a majority of those directly affected, even if size of the road district is such that compliance with the second alternative is impossible. MCA 7-14-2601. | Does the statue state that the petition must contain the signature of a majority of freeholders of the road district? | Highways-Memo 357-SB_60751.docx | ROSS-003294312-ROSS-003294313 |
| Seiser v. Maggard, 457 S.W.2d 678 | 302+21 | Under present-day practice and pleading, regardless of consistency, party may set forth his claim. V.A.M.R. Civil Rules 55.06, 55.12. | "Can a party set forth his claim, regardless of consistency?" | 023698.docx | LEGALEASE-00153107-LEGALEASE-00153108 |
| Pentecostal Holiness Church v. Mauney, 270 So. 2d 762 | 302+24 | "Sham pleadings" are those which are inherently false and must have been known by interposing party to be untrue. | Are sham pleadings those which must have been known by the interposing party to be untrue? | 023700.docx | LEGALEASE-00153247-LEGALEASE-00153248 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nelson v. Hillsborough Cty., 189 So. 3d 1037 | 104+213.5(1) | Dismissal of personal injury action against the county for claimant's failure to comply with the statutory notice requirements for a tort claim against the State or any of its agencies or subdivisions was erroneous, where trial court determined that the claimant's allegation that notice was provided was insufficient because it did not provide a date for such notice or attach the letter to the complaint, and in reaching this conclusion the court looked outside the four corners of the complaint, pressing counsel as to what evidence of notice claimant would be able to produce. West's F.S.A. S 768.28(6)(b); West's F.S.A. RCP Rule 1.120(c). | "For purposes of ruling on a motion to dismiss, can the trial court look no further than the four corners of the complaint?" | 038059.docx | LEGALEASE-00153201-LEGALEASE-00153202 |
| Granite State Ins. Co. v. Transatlantic Reinsurance Co., 132 A.D.3d 479 | 307A+680 | The court should not dismiss a defense where there remain questions of fact requiring a trial. McKinney's CPLR 3211(b). | Should the court not dismiss a defense where there remain questions of fact requiring a trial? | Pretrial Procedure - Memo # 8982 - C - UG_60646.docx | ROSS-003282431 |
| Jensen v. Doherty, 101 Idaho 910 | 307A+581 | Dismissal for failure to prosecute is a remedy to be sparingly used, but it is always available. Rules of Civil Procedure, Rule 41(b). | "Is dismissal for failure to prosecute a remedy to be sparingly used, but always available?" | Pretrial Procedure - Memo # 9168 - C - KI_60479.docx | ROSS-003284728-ROSS-003284729 |
| McMillan v. Wells, 924 S.W.2d 33 | 307A+581 | Missouri law disfavors dismissal of causes for failure to prosecute; law favors trial on merits. | Does law disfavor dismissal of causes for failure to prosecute? | Pretrial Procedure - Memo # 9196 - C - BP_60504.docx | ROSS-003278446-ROSS-003278447 |
| Murphy v. Stonewall Kitchen, 503 S.W.3d 308 | 307A+683 | The facts alleged in the petition are assumed to be true and are construed liberally in favor of the plaintiff on a motion to dismiss for failure to state a claim. | Are the facts alleged in a petition assumed to be true and construed liberally? | 038429.docx | LEGALEASE-00153111-LEGALEASE-00153112 |
| Stubl v. T.A. Sys., 984 F. Supp. 1075 | 308+81(5) | Under Michigan law, sales agents are entitled to post-termination commissions for sales they procured during their time at former employer. | Are sales agents entitled to post-termination commissions? | Principal and Agent - Memo 265 - KC_60661.docx | ROSS-003280592 |
| Bailey v. Worton, 752 So. 2d 470 | 308+92(1) | Authority of an agent to bind his principal rests upon the powers conferred upon him by the principal. | Does the authority of an agent to bind his principal rest upon the power conferred upon him by the principal? | Principal and Agent - Memo 305 - KC_60666.docx | ROSS-003280359-ROSS-003280360 |
| City of Madera v. Black, 181 Cal. 306 | 371+2001 | The word "impost," in its broader sense, means any tax or tribute imposed by authority, and applies as well to a tax on persons as a tax on property. | What does the word impost mean for the purpose of tax? | Taxation - Memo # 917 - C - JL.docx | LEGALEASE-00043489-LEGALEASE-00043490 |
| Perkins v. Texas Nat. Bank of Commerce of Houston, 448 S.W.2d 725 | 21+9 | Fact that affidavit contains both admissible and inadmissible matters does not render it entirely void. | Will affidavit be rendered void if it contains both admissible and inadmissible matters? | Affidavits - Memo 73 - SNJ.docx | LEGALEASE-00043597-LEGALEASE-00043598 |
| Osgood's Adm'rs v. Artt, 17 F. 575 | 83E+525 | By the rules of the law merchant, the purchaser of negotiable paper payable to order, unless it be indorsed by the payee, takes subject to any defense which the payor has against the payee. He becomes, in such case, only the equitable owner of the debt or claim evidenced by the security. | Does a bona fide purchaser for value of negotiable paper that is indorsed by the payee take legal title unaffected by any equities the payor has against the payee? | 009776.docx | LEGALEASE-00154731-LEGALEASE-00154732 |
| Boyd v. Am. Bank of Commerce at Wolfforth, 872 S.W.2d 29 | 8.30E+183 | In construing promissory notes, court's primary objective is to ascertain and give effect to true intentions of the parties, seeking to give effect to all the provisions in notes so that none will be rendered meaningless. | Should the intention of parties be given effect when interpreting a promissory note? | Bills and Notes - Memo 999 - IS RK_61318.docx | ROSS-003321174-ROSS-003321175 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mathis v. DCR Mortg. III Sub I, 389 S.W.3d 494 | 8.30E+184 | A court's primary duty in construing a note and deed of trust, as when construing a contract, is to ascertain the parties' intent from the instrument's language. | Should the intention of parties be given effect when interpreting a promissory note? | 009992.docx | LEGALEASE-00154695-LEGALEASE-00154696 |
| Wilson Courts Tenants Ass'n v. 523-525 Mellon St., 924 A.2d 289 | 307A+680 | A motion for judgment on the pleadings should not be granted where there is a genuine issue of material fact. Civil Rule 12(c). | Should a motion for judgment on the pleadings not be granted where there is a genuine issue of material fact? | 038130.docx | LEGALEASE-00154807-LEGALEASE-00154808 |
| Montgomery Cty. v. Fuqua, 22 S.W.3d 662 | 307A+561.1 | Affirmative defenses are "pleas in bar," and do not provide a justification for summary dismissal on the pleadings. | Do affirmative defenses provide a justification for summary dismissal on the pleadings? | 038451.docx | LEGALEASE-00154495-LEGALEASE-00154496 |
| Univ. of Houston v. Elthon, 9 S.W.3d 351 | 302+78 | Affirmative defenses are pleas in bar, and do not provide a justification for summary dismissal on the pleadings. | Do affirmative defenses provide a justification for summary dismissal on the pleadings? | Pretrial Procedure - Memo # 9238 - C - SJ.docx | LEGALEASE-00043959-LEGALEASE-00043960 |
| City of Los Angeles v. Gleneagle Dev. Co., 62 Cal. App. 3d 543 | 307A+594.1 | Dismissal for want of prosecution is only mandated when there is an entire absence of any showing of good cause for delay. | Is dismissal only mandated when there is an entire absence of any showing of good cause for delay? | 038808.docx | LEGALEASE-00154089-LEGALEASE-00154090 |
| Ritter v. Aetna Cas. & Sur. Co., 686 S.W.2d 563 | 307A+581 | A trial court on the motion of defendant or on its own motion may dismiss an action for failure to prosecute, such being an involuntary dismissal. V.A.M.R. 67.02, 67.03. | Can a court on the motion of defendant or on its own motion dismiss an action for failure to prosecute? | Pretrial Procedure - Memo # 9475 - C - SB_61088.docx | ROSS-003296333-ROSS-003296334 |
| Unemployment Comp. Div. of Employment Sec. Bureau v. Bjornsrud, 261 N.W.2d 396 | 307A+581 | Dismissal for lack of prosecution is a harsh remedy and should be resorted to only in extreme cases. | Is dismissal for lack of prosecution a harsh remedy to be resorted to only in extreme cases? | Pretrial Procedure - Memo # 9513 - C - NC_61104.docx | ROSS-003283566-ROSS-003283567 |
| Zeis v. Fruehauf Corp., 56 Wis. 2d 486 | 307A+581 | Public policy requires dismissal of stale lawsuits which have not been adequately prosecuted. | Does public policy require dismissal of stale lawsuits which have not been adequately prosecuted? | 039189.docx | LEGALEASE-00154779-LEGALEASE-00154780 |
| NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V., 28 F.3d 572 | 308+92(1) | Under law of Indiana, "actual authority" to act on behalf of another requires principal's manifest consent to have person act as its agent, agent's manifest consent to arrangement, and principal's control over agent's actions. | What are the elements of actual authority in the context of agency relationship? | 041533.docx | LEGALEASE-00154121-LEGALEASE-00154122 |
| Fisser v. Int'l Bank, 164 F. Supp. 826 | 308+183(1) | Agent of an absent owner of cargo may assert in his own name his principal's right of action. | "Under admiralty law, can an agent assert in his own name the principals right of action?" | Principal and Agent - Memo 324 - KC_61257.docx | ROSS-003295073 |
| United States v. Orozco-Santillan, 903 F.2d 1262 | 377E+12(1) | Alleged threats should be considered in light of their entire factual context, including surrounding events and reaction of listeners. 18 U.S.C.A. S 115. | What should alleged threats be considered in light of? | Threats - Memo #65 - C - LB_61266.docx | ROSS-003280555-ROSS-003280556 |
| United States v. Heard, 709 F.3d 413 | 350H+66 | Imposition of within-Guidelines sentence of 151 months for conviction of aiding and abetting bribery of a public official was proper; Guidelines range was 151-188 months, and since there were multiple counts of conviction including conspiracy, tax evasion, subscribing false tax returns, and corrupt interference with internal revenue laws, court was authorized to impose sentence on count carrying the highest statutory maximum of 180 months. 18 U.S.C.A. SS 201(b)(1), 3553(a); U.S.S.G. SS 3D1.4, 5G1.2, 18 U.S.C.A. | How should the court impose sentences when there are multiple counts of conviction? | 011119.docx | LEGALEASE-00154884-LEGALEASE-00154885 |
| Forney 921 Lot Dev. Partners I v. Paul Taylor Homes, Ltd., 349 S.W.3d 258 | 156+52.15 | Unlike equitable estoppel, quasi-estoppel does not require a showing of a false representation or detrimental reliance. | Does quasi-estoppel not require a false representation or detrimental reliance? | Estoppel - Memo #91 - C - CSS_61543.docx | ROSS-003282454-ROSS-003282455 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dillon v. Rogers, 596 F.3d 260 | 156+52(1) | Estoppel is an equitable doctrine invoked to avoid injustice in particular cases. | Is estoppel an equitable doctrine invoked to avoid injustice in particular cases? | 018097.docx | LEGALEASE-00155380-LEGALEASE-00155381 |
| In re Bd. of Water Supply of City of New York, 277 N.Y. 452 | 148+131 | "Fair market value," as used in measuring just compensation in condemnation proceedings, means neither panic value, auction value, speculative value, nor a value fixed by depressed or inflated prices. Const. art. 1, S 6. | Is fair market value of a property the same as its auction value? | 018368.docx | LEGALEASE-00155176-LEGALEASE-00155177 |
| Corsello v. Verizon New York, 77 A.D.3d 344 | 302+64(1) | A cause of action is duplicative of another when they both arise out of the same facts and allege the same damages. | Is a cause of action duplicative of another when they both arise out of the same facts and allege the same damages? | 023773.docx | LEGALEASE-00155436-LEGALEASE-00155437 |
| Crooked Creek, III v. City of Greenwood, 352 Ark. 465 | 307A+690 | Where a dismissal is with prejudice, it is conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff. | Is the dismissal of a claim with prejudice conclusive as to the rights of the parties on that claim? | 024593.docx | LEGALEASE-00155791-LEGALEASE-00155792 |
| Laurie v. Ezard, 595 S.W.2d 336 | 307A+581 | Dismissal for failure to prosecute should not be based on remote, even if extended, periods of inactivity. | Should dismissal for failure to prosecute be based on remote periods of inactivity? | 039138.docx | LEGALEASE-00155245-LEGALEASE-00155247 |
| Heaney v. Verson Allsteel Press Co., 64 Mich. App. 597 | 307A+581 | Purpose of no progress dismissals is to permit court to clean up dead wood and where plaintiff is in fact prosecuting claim with due diligence, policy of rule will not be furthered by denying reinstatement. | Is the purpose of no progress dismissals to permit court to clean up dead wood? | 039168.docx | LEGALEASE-00155402-LEGALEASE-00155403 |
| Willis v. Wetco, 853 P.2d 533 | 307A+594.1 | A showing of "good cause" for delay in prosecution is the production of a reasonable excuse for lack of prosecution. | Is a showing of good cause a production of a reasonable excuse for lack of prosecution? | 039209.docx | LEGALEASE-00155106-LEGALEASE-00155107 |
| Employers Liab. Assur. Corp. v. Zolfo Merch. Inc., 62 Misc. 2d 872 | 307A+581 | Delays in proceeding to judgment stand on same footing as failing to prosecute an action. CPLR 3215(c). | Do delays in proceeding to judgment stand on the same footing as failing to prosecute an action? | 039217.docx | LEGALEASE-00155213-LEGALEASE-00155214 |
| Montgomery Furniture Co. v. Hardaway, 104 Ala. 100 | 308+93 | The authority of a general agent is, as to third parties, what it appears to be, and must be determined by the nature of the business, and is prima facie coextensive with its requirements. | Can an agents authority be determined by the nature of his business? | Principal and Agent - Memo 310 - RK_61908.docx | ROSS-003284718-ROSS-003284719 |
| Montgomery Furniture Co. v. Hardaway, 104 Ala. 100 | 308+93 | The authority of a general agent is, as to third parties, what it appears to be, and must be determined by the nature of the business, and is prima facie coextensive with its requirements. | Is an agents authority prima facie co-existive with its requirements? | Principal and Agent - Memo 311 - RK_61909.docx | ROSS-003294341-ROSS-003294342 |
| Booker v. United Am. Ins. Co., 700 So. 2d 1333 | 308+54 | Principal is bound by acts of purported subagent only if (1) agent had express authority to appoint subagent; (2) agent had implied authority to appoint subagent; or (3) principal ratified appointment. | When will the principal be bound for the acts of a purported subagent? | 041634.docx | LEGALEASE-00155680-LEGALEASE-00155681 |
| Booker v. United Am. Ins. Co., 700 So. 2d 1333 | 308+54 | Principal is bound by acts of purported subagent only if (1) agent had express authority to appoint subagent; (2) agent had implied authority to appoint subagent; or (3) principal ratified appointment. | Can a principal be held liable if he ratifies the acts of a purported subagent? | Principal and Agent - Memo 334 - RK_61922.docx | ROSS-003294034-ROSS-003294035 |
| First Tr. Joint Stock Land Bank of Chicago, Ill. v. Diercks, 222 Iowa 534 | 308+92(1) | Whatever an agent says or does within the scope of his express or implied authority binds his principal, and is deemed his act. | Is it fundamental law that anything done or said by an agent is the act of and binds the principal? | Principal and Agent - Memo 340 - RK_61928.docx | ROSS-003284056-ROSS-003284057 |
| Com. v. Braica, 68 Mass. App. Ct. 244 | 3.77E+23 | A "pattern of conduct or series of acts," as used in the criminal-harassment statute, requires at least three separate incidents that occurred after the effective date of the statute. M.G.L.A. c. 265, S 43A(a). | "What does ""a pattern of conduct or series of acts,"" as used in the criminal harassment statute, require?" | 046781.docx | LEGALEASE-00155182-LEGALEASE-00155183 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ragen v. Wolfner, 43 Ill. App. 2d 70 | 228+185.1(1) | Although exhibits attached to affidavits for summary judgment were not separately sworn as true copies of their originals, references thereto in the text of the affidavits rendered the exhibits verified copies. Supreme Court Rules, rule 15(1), S.H.A. ch. 110, S 101.15(1). | Are exhibits attached thereto in an affidavit considered verified? | Affidavits - Memo 89 - SNJ.docx | LEGALEASE-00045624-LEGALEASE-00045625 |
| Herbert S. Newman & Partners, P.C. v. CFC Const. Ltd. P'ship, 236 Conn. 750 | 156+52(1) | Estoppel is predicated on proof of misleading conduct resulting in prejudice to other party. | Is estoppel predicated on proof of misleading conduct resulting in prejudice to the other party? | Estoppel - Memo #124 - C - CSS_62026.docx | ROSS-003279046-ROSS-003279047 |
| M.J. Oldenstedt Plumbing Co. v. K mart Corp., 257 Ill. App. 3d 759 | 156+52(1) | Estoppel is equitable doctrine preventing party from taking advantage of his own wrongdoing. | Is estoppel an equitable doctrine preventing a party from taking advantage of his own wrongdoing? | Estoppel - Memo #129 - C - CSS_62029.docx | ROSS-003293912-ROSS-003293913 |
| Holz v. Lyles, 287 Ala. 280 | 200+159(1) | The right of an individual to an injunction against obstruction of a public street or highway depends on whether he has sustained damages different from that sustained by the public; if he sustains an additional specific damage he may sue to have it abated if remedy at law is inadequate. | Is an individual entitled to injunction against obstruction of a public road? | 019204.docx | LEGALEASE-00156264-LEGALEASE-00156265 |
| Wood Preserving Co. v. Resaca Lumber Co., 29 Ga. App. 501 | 302+35 | Conclusions in pleadings are to be disregarded, where the particular facts alleged are contradictory to them, or fail to support them. | Are conclusions in pleadings disregarded where particular facts alleged are contradictory to them? | Pleading - Memo 570 - RMM_62378.docx | ROSS-003291997-ROSS-003291998 |
| Wood Preserving Co. v. Resaca Lumber Co., 29 Ga. App. 501 | 302+35 | Conclusions in pleadings are to be disregarded, where the particular facts alleged are contradictory to them, or fail to support them. | Are conclusions in pleadings disregarded where particular facts alleged are contradictory to them? | Pleading - Memo 570 - RMM.docx | LEGALEASE-00045776-LEGALEASE-00045777 |
| Iverson v. Iverson, 38 Ill. App. 3d 308 | 302+64(1) | Duplicitous pleadings, though not in strict conformity with Civil Practice Act, are permitted. S.H.A. ch. 40, S 1; ch. 110, SS 33, 33(2); Supreme Court Rules, rule 135, S.H.A. ch. 110A, S 135. | Are duplicitous pleadings which are not in conformity with Civil Practice Act permitted? | Pleading - Memo 572 - RMM_62380.docx | ROSS-003295008-ROSS-003295009 |
| Arrow Marble v. Estate of Killion, 441 S.W.3d 702 | 307A+690 | An order dismissing a claim with prejudice when only dismissal without prejudice was appropriate can be challenged through a postjudgment motion. | Can an order dismissing a claim with prejudice when only dismissal without prejudice was appropriate be challenged through a post judgment motion? | 024652.docx | LEGALEASE-00155904-LEGALEASE-00155905 |
| Garrett v. Williams, 250 S.W.3d 154 | 307A+690 | A dismissal with prejudice is improper if the plaintiff's failure to comply with the statute's procedural requirements can be remedied. | Is a dismissal with prejudice improper if the plaintiff's failure can be remedied? | 024746.docx | LEGALEASE-00156160-LEGALEASE-00156161 |
| Smith v. SBC Commc'ns Inc., 178 N.J. 265 | 307A+690 | The motion to dismiss should be granted only in rare instances and ordinarily without prejudice. | Should the motion to dismiss should be granted only in rare instances and ordinarily without prejudice? | 024758.docx | LEGALEASE-00156194-LEGALEASE-00156195 |
| State v. Payne, 178 Ohio App. 3d 617 | 3.77E+28 | Substantial incapacity sufficient to support a conviction for menacing by stalking does not mean that the victim must be hospitalized, or totally unable to care for herself; incapacity is substantial if it has a significant impact upon the victim's daily life. R.C. S 2903.211(A)(1), (D)(2)(a, b). | "Does ""substantial incapacity"" for the purposes of a conviction for menacing by stalking, require the victim to be hospitalized?" | 046819.docx | LEGALEASE-00155990-LEGALEASE-00155991 |
| State v. Devlin, 249 Or. 678 | 67+41(4) | Entry, as any other element of corpus delicti of crime of burglary, need not be proven by direct evidence, but may be established by circumstantial evidence. ORS 164.240. | Can burglary be proved by circumstantial evidence? | 013082.docx | LEGALEASE-00156565-LEGALEASE-00156566 |
| State v. Williams, 124 Wash. 160 | 67+16 | Offender need not personally enter burglarized building in order to be guilty as a principal in the burglary. LSA-R.S. 14:24, 14:62.2. | Does a person need to enter the building to be guilty of being a principal in a burglary? | 013088.docx | LEGALEASE-00156571-LEGALEASE-00156572 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Strosnider v. State, 422 N.E.2d 1325 | 210+813 | Criminal mischief is not a lesser included offense of burglary with intent to commit theft, since damage element in criminal mischief charge is not element of burglary charge and therefore criminal mischief is not proved by same or less than all material elements of burglary. IC 31-6-2-4(d), 35-41-1-2, 35-43-2-2(a)(4) (1980 Supp.). | Is mischief a lesser included offense of burglary? | Burglary - Memo 291 - RK.docx | LEGALEASE-00046257-LEGALEASE-00046258 |
| State v. Jackson, 112 Wash. 2d 867 | 210+813 | Malicious mischief was not lesser included offense of attempted second-degree burglary, even if "substantial step" in attempt was property damage; property damage was not inherent characteristic of attempted burglary. West's RCWA 9A.28.020, 9A.28.020(1), 9A.48.090, 9A.52.030, 9A.52.040. | Is mischief a lesser included offense of burglary? | 013102.docx | LEGALEASE-00156553-LEGALEASE-00156554 |
| State v. Jackson, 112 Wash. 2d 867 | 210+813 | Malicious mischief was not lesser included offense of attempted second-degree burglary, even if "substantial step" in attempt was property damage; property damage was not inherent characteristic of attempted burglary. West's RCWA 9A.28.020, 9A.28.020(1), 9A.48.090, 9A.52.030, 9A.52.040. | Is mischief a lesser included offense of burglary? | Burglary - Memo 291 - RK_62293.docx | ROSS-003293133-ROSS-003293134 |
| Bryant v. State, 282 Ga. 631 | 67+41(4) | Circumstantial evidence can suffice to prove the lack of authority to enter a dwelling, as required to support conviction for burglary. West's Ga.Code Ann. S 16-7-1. | Can circumstantial evidence establish lack of authority to enter? | Burglary - Memo 295 - RK_62297.docx | ROSS-003320216-ROSS-003320217 |
| State v. Jackson, 112 Wash. 2d 867 | 67+2 | Nonconsent is not per se element of burglary but element of "breaking" means actual or constructive use of some force against part of building in effectuating unconsented entry. F.S.A. S 810.02. | Is nonconsent an element of breaking? | 013118.docx | LEGALEASE-00156534-LEGALEASE-00156535 |
| Williams v. State Farm Mut. Auto. Ins. Co., 202 Mich. App. 491 | 67+9(1) | Use of any force in pushing wider a partly open door and entering a building constitutes a burglary. | Do entries through partly open doors constitute burglary? | 013142.docx | LEGALEASE-00156613-LEGALEASE-00156614 |
| Com. v. Starkes, 268 Pa. Super. 108 | 67+2 | Under statute providing that person is guilty of burglary if he enters building or occupied structure with intent to commit a crime therein, unless premises are at the time open to the public or the actor is licensed or privileged to enter, a person is not a burglar if he is permitted to enter premises, even though he intends to commit a crime. 18 Pa.C.S.A. S 3502(a). | Can a person who is licensed or privileged to enter be considered a burglar? | 013152.docx | LEGALEASE-00156607-LEGALEASE-00156608 |
| People v. Smith, 128 Misc. 2d 733 | 67+10 | One commits second-degree burglary if he knowingly and unlawfully enters or remains in occupied structure with intent to commit crime against person or property. West's C.R.S.A. S 18-4-203. | Are unlawful entry or remaining in a building elements of second degree burglary? | 013170.docx | LEGALEASE-00156581-LEGALEASE-00156582 |
| People v. Oram, 217 P.3d 883 | 67+3 | Intent to commit a crime against another person or property while in the dwelling, for purposes of second degree burglary, can be formed either before or after the unlawful entry. West's C.R.S.A. S 18-3-206(1)(a). | Are unlawful entry or remaining in a building elements of second degree burglary? | Burglary - Memo 323 - RK.docx | LEGALEASE-00046318-LEGALEASE-00046319 |
| People v. Pritchard, 149 A.D.3d 1479 | 67+4 | Where a building consists of two or more units separately secured or occupied, each unit shall be deemed both a separate building in itself and a part of the main building, for purposes of first-degree burglary statute. McKinney's Penal Law S 140.00(2)(3). | Does a building consisting of separate units constitute separate buildings? | 013172.docx | LEGALEASE-00156583-LEGALEASE-00156584 |
| Richmond Cty. Bus. Ass'n v. Richmond Cty., 224 Ga. 854 | 104+190.2 | County can only exercise power of taxation as conferred upon it either directly by constitution or by general assembly when authorized by constitution. | When can a county exercise the power of taxation? | Taxation - Memo # 1006-C - JL_62479.docx | ROSS-003293079-ROSS-003293080 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nw. Mut. Life Ins. Co. v. State Bd. of Equalization, 73 Cal. App. 2d 548 | 268+405 | A special assessment is a "tax" in that it distributes what is originally a public burden, but is not a tax in the sense of a tax for revenue which is an exaction upon the citizen for support of government, paid to the state as a state for protection or public service, whereas a special "assessment" is imposed upon property within a limited area for payment of a local improvement to enhance value of all property within that area and can be levied only upon land; and is ordinarily based wholly upon benefits, and is exceptional both as to time and locality. | What are some significant differences between a special assessment and a tax? | 044508.docx | LEGALEASE-00156478-LEGALEASE-00156479 |
| Williams v. People, 687 P.2d 950 | 3.77E+10 | An unloaded firearm is, as a matter of law, a "deadly weapon" under the felony menacing statute. C.R.S. 18-1-901(3)(e). | "Is an unloaded firearm a ""deadly weapon"" under the felony menacing statute?" | 046679.docx | LEGALEASE-00156496-LEGALEASE-00156497 |
| Com. v. Kidd, 296 Pa. Super. 393 | 3.77E+10 | Present ability to inflict harm is not required as an element of offense of terroristic threats. 18 Pa.C.S.A. S 2706. | Is a present ability to inflict harm a required element of offense of terroristic threats? | 046682.docx | LEGALEASE-00156498-LEGALEASE-00156499 |
| Jarrell v. State, 537 S.W.2d 255 | 3.77E+10 | Capability to carry out threat is not essential element of offense of terroristic threats. V.T.C.A., Penal Code S 22.07. | Is the capability to carry out a threat an essential element of the offense of terroristic threats? | 046684.docx | LEGALEASE-00156500-LEGALEASE-00156501 |
| Native Ecosystems Council v. Weldon, 697 F.3d 1043 | 411+7 | The determination of whether a party has properly exhausted a claim to the Forest Service must be made on a case-by-case basis. Department of Agriculture Reorganization Act of 1994, S 212(e), 7 U.S.C.A. S 6912(e). | Is there a bright-line test or standard to determine whether a party has properly exhausted a claim to the Forest Service? | Woods and Forests - Memo 4 - KC_62520.docx | ROSS-003279968-ROSS-003279969 |
| R.S. Oglesby Co. v. Bank of New York, 114 Va. 663 | 8.30E+10 | A negotiable note made in Virginia from New York, and discounted there, is a New York contract, and its validity, when sued on in this State, is to be determined by the laws of New York. A clause in such a note providing for the payment of a fee of ten per cent. for collection by an attorney is, like the provisions for the payment of interest and exchange, a mere incident of the principal contract, and to be governed by the same law, although payment is sought to be enforced in Virginia. | What types of provisions are considered mere incident to a principal contract? | 009118.docx | LEGALEASE-00157844-LEGALEASE-00157845 |
| Farm Mortg. & Loan Co. v. Beale, 113 Neb. 293 | 95+2 | Where persons residing in different states contract, they can select laws of either state to govern it. | Can the laws of either state be selected to govern a contract between parties residing in different states? | 010923.docx | LEGALEASE-00157932-LEGALEASE-00157933 |
| Bolz v. Hatfield, 41 S.W.3d 566 | 156+52(6) | Estoppel is not a favorite of the law and will not arise unless justice to the rights of others demands it. | Will an estoppel not arise unless justice to the rights of others demands it? | 017874.docx | LEGALEASE-00157782-LEGALEASE-00157783 |
| Rhodes v. State, 240 S.W.3d 882 | 156+52(5) | Estoppel is a flexible doctrine that manifests itself in various forms that are not limited to unilateral requests. | Does an estoppel manifest itself in various forms that are not limited to unilateral requests? | 017880.docx | LEGALEASE-00157780-LEGALEASE-00157781 |
| Genske v. Jensen, 188 Wis. 17 | 322H+1277 | A contract for exchange of property requiring abstract of title showing it to be "merchantable" means a good, marketable title, such as would be conveyed by an ordinary warranty deed. | Does the term merchantable used in contract means a marketable title? | 018417.docx | LEGALEASE-00157446-LEGALEASE-00157447 |
| People v. Roschli, 275 N.Y. 26 | 217+1001 | That which is in substance a contract of insurance cannot be changed into something else by giving it another name. | Can the substance of an insurance contract be changed by giving it another name? | Insurance - Memo 39 - SNJ_62729.docx | ROSS-003282926-ROSS-003282927 |
| White v. Washington Metro. Area Transit Auth., 432 A.2d 726 | 307A+581 | Because dismissal for failure to prosecute is extreme penalty for lack of diligence, it is disfavored. Civil Rule 41(b). | "Is dismissal for failure to prosecute for lack of diligence, disfavored as it is an extreme penalty?" | 024796.docx | LEGALEASE-00157714-LEGALEASE-00157715 |
| Jennings v. SSM Health Care St. Louis, 355 S.W.3d 526 | 307A+690 | The general rule is that a dismissal failing to indicate that it is with prejudice is deemed to be without prejudice. | Is it the general rule that a dismissal failing to indicate that it is with prejudice is deemed to be without prejudice? | 024961.docx | LEGALEASE-00157247-LEGALEASE-00157248 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Points v. Oklahoma Pub. Co., 672 P.2d 1146 | 228+204 | An action's termination cannot be both a judgment upon merits and a dismissal sans prejudice; it must be either one or other. | Can the termination of a case be both a judgment on the merits and a dismissal without prejudice? | Pretrial Procedure - Memo # 10509 - C - SB_63378.docx | ROSS-003308849-ROSS-003308850 |
| Rice v. Crow, 81 Cal. App. 4th 725 | 307A+690 | "Retraxit" is a judgment on the merits preventing a subsequent action on the dismissed claim. | "Is ""retraxit"" a judgment on the merits preventing a subsequent action on the dismissed claim?" | 025125.docx | LEGALEASE-00156959-LEGALEASE-00156960 |
| Channel Lumber Co. v. Porter Simon, 78 Cal. App. 4th 1222 | 308+1 | Heart of agency is expressed in the ancient maxim: "Qui facit per alium facit per se," meaning he who acts through another acts by or for himself. | "What does the principle qui facit per alium, facit per se mean?" | 041762.docx | LEGALEASE-00157822-LEGALEASE-00157823 |
| In re HH (US), 175 B.R. 188 | 308+1 | In deciding whether agency relationship exists, finder of fact must look to substance of relationship; talismanic language alone does not give rise to agency. | Can talismanic language determine an agency relationship? | 041822.docx | LEGALEASE-00157920-LEGALEASE-00157921 |
| Cole v. McWillie, 464 S.W.3d 896 | 308+8 | For an agency relationship to exist, there must be both a meeting of the minds between the parties and some act constituting the appointment of an agent. | Should there be meeting of minds between the parties for an agency to exist? | 041846.docx | LEGALEASE-00157544-LEGALEASE-00157545 |
| Arizona State Tax Comm'n v. Parsons-Jurden Corp., 9 Ariz. App. 92 | 308+1 | Agency is ultimately a question of intention of parties as evidenced by their acts, and is not dependent upon what the particular person in question is called. | Is agency a question of the intention of the parties? | 041918.docx | LEGALEASE-00157512-LEGALEASE-00157513 |
| Basile v. H & R Block, 563 Pa. 359 | 308+1 | Agency results only if there is an agreement for the creation of a fiduciary relationship with control by the beneficiary. | Does an agreement for the creation of a fiduciary relationship with control by the beneficiary result in agency? | Principal and Agent - Memo 498 - KK_63277.docx | ROSS-003305551-ROSS-003305552 |
| Viado v. Domino's Pizza, 230 Or. App. 531 | 231H+23 | Pursuant to common law "right-to-control" test, an agent is an employee if the principal has the right to control the physical details of the work being performed by the agent; in other words, the principal directs not only the end result, but also controls how the employee performs the work. | When is an agent considered an employee? | Principal and Agent - Memo 507 - KK_63285.docx | ROSS-003311826-ROSS-003311827 |
| Bruce v. ICI Americas, 933 F. Supp. 781 | 308+1 | Under Iowa law, principal's right to control agent is primary consideration in determining existence of agency relationship. | What is the primary consideration in determining the existence of an agency relationship? | Principal and Agent - Memo 510 - KK_63288.docx | ROSS-003321317-ROSS-003321318 |
| Kahn v. Royal Banks of Missouri, 790 S.W.2d 503 | 308+29.5 | Reasonable duration of agent's authority depends on such factors as nature of acts specifically authorized, formality of authorization, and likelihood of changes in purposes of principal. | What does the duration of agency depend upon? | 042163.docx | LEGALEASE-00157522-LEGALEASE-00157523 |
| In re Wyly, 552 B.R. 338 | 308+8 | Under Texas law, an agency relationship need not be expressly established, and instead may be implied based on the conduct of the parties under the circumstances. | How is a relationship of agency created? | 042167.docx | LEGALEASE-00157484-LEGALEASE-00157485 |
| TracFone Wireless v. Comm'n on State Emergency Commc'ns, 397 S.W.3d 173 | 371+2002 | Legislature's decision to label a charge a "fee" rather than a "tax" is not binding; a charge is a fee rather than a tax when the primary purpose of the fee is to support a regulatory regime governing those who pay the fee. | Is the legislature's decision to label a charge a fee rather than a tax binding on the courts? | 044569.docx | LEGALEASE-00157062-LEGALEASE-00157063 |
| People v. Butler, 187 Cal. App. 4th 998 | 3.77E+11 | For purposes of statute making it a crime to threaten another with death or great bodily injury, a threat is sufficiently specific when it threatens death or great bodily injury, and a threat is not insufficient simply because it does not communicate a time or precise manner of execution. West's Ann.Cal.Penal Code S 422. | Is a threat insufficient because it does not communicate a time or precise manner of execution? | 046870.docx | LEGALEASE-00157684-LEGALEASE-00157685 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Manning v. State Indus. Acc. Comm'n, 234 Or. 207 | 413+108 | In determining whether workmen are engaged in hazardous occupations covered by Workmen's Compensation Act, the controlling factor is the occupation of the employer. ORS 656.082, 656.084, 656.086. | Does Workmens Compensation law protect the workmen of employers engaged in hazardous occupations? | 047699.docx | LEGALEASE-00157640-LEGALEASE-00157641 |
| Finlay & Assocs. v. Borg-Warner Corp., 146 N.J. Super. 210 | 29T+264 | Where distributorship agreement did not grant a license to use trade name or trademark, service mark or related characteristic, for either a definite or indefinite period of time, distributorship agreement did not contain requirement for economic dependency, and distributor's business did not operate under name of any franchisor, Franchise Practices Act did not apply to distributorship agreement, and distributor could not recover against manufacturer under such Act for alleged wrongful termination of distributorship. N.J.S.A. 56:10-1 et seq., 3, subd. a, 4, 5, 7. | What does the term franchise mean? | Franchises - Memo 2 - ANG_65693.docx | ROSS-003283668-ROSS-003283670 |
| In re Bryan, 466 B.R. 460 | 29+16 | Debtor's annuity was not "insurance" and, therefore, her interest in annuity did not fall within Missouri exemptions for assessment plan life insurance, stipulated premium plan life insurance, or unmatured life insurance contracts; though there are similarities between life insurance contracts and annuities, the two are quite different, as a life insurance contract is normally funded in regular intervals and is payable at death, while an annuity is funded at its inception and is payable at a pre-determined date, and mere fact that debtor's annuity was issued by insurance company was insufficient to make it life insurance. V.A.M.S. SS 377.090, 377.330, 513.430(1)(7). | How is insurance different from annuity? | 019554.docx | LEGALEASE-00158320-LEGALEASE-00158321 |
| Ayer v. Ayer, 41 Vt. 346 | 289+954 | Where a partnership is dissolved, each partner has equal right to collect the debts due; but in making such collection he acts for the partnership, and not in his sole exclusive right, and is accountable as such partner for all that he collects. | "After dissolution, does each partner have the power to collect debts of the partnership?" | 021799.docx | LEGALEASE-00158538-LEGALEASE-00158539 |
| Geiselman v. Andreson, 242 S.W. 798 | 289+768 | Allegations of partnership can be controverted only by a special plea, denying under oath the fact of the partnership, and, unless so denied, such allegations are taken as confessed. | Is an allegation of partnership confessed if not denied under an oath? | 021810.docx | LEGALEASE-00158580-LEGALEASE-00158581 |
| McLeod v. Marion Labs., 600 S.W.2d 656 | 307A+561.1 | For affirmative defense to be sustained upon bare motion to dismiss, defense must be irrefutably established by plaintiff's pleading. V.A.M.R. Civil Rule 55.27(a)(1). | Should a defense be established by pleading for a petition to be dismissed? | 025450.docx | LEGALEASE-00158276-LEGALEASE-00158277 |
| Braddock v. Zimmerman, 906 A.2d 776 | 307A+695 | A complaint that is dismissed without prejudice but with express leave to amend is nevertheless a dismissed complaint. | Is a complaint that is dismissed without prejudice but with express leave to amend nevertheless a dismissed complaint? | Pretrial Procedure - Memo # 10914 - C - SK_64104.docx | ROSS-003280161-ROSS-003280162 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Houston Indep. Sch. Dist. v. Morris, 355 S.W.3d 668 | 371+2785 | Rule of civil procedure providing that any dismissal pursuant to rule could not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief did not allow taxpayers to proceed with their affirmative claim for refund after taxing units nonsuited claims against taxpayers for delinquent property taxes and, pursuant to taxpayers' motion, the district court realigned the parties with taxpayers becoming plaintiffs seeking affirmative relief of refund, where taxpayers' affirmative claim did not comport with requirements of Tax Code concerning exhaustion of administrative remedies, which was required for court to have jurisdiction. V.T.C.A., Tax Code S 42.09(a)(2), (b); Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Although generally a lawsuit can proceed after dismissal of a claim by an adverse party, should the lawsuit independently comport with a court's jurisdiction?" | 025731.docx | LEGALEASE-00158434-LEGALEASE-00158435 |
| State ex rel. Corbin v. Portland Cement Ass'n, 142 Ariz. 421 | 307A+690 | Since judgment granting state's motion of dismissal of its antitrust action and injunctions imposed pursuant to dismissal requiring State to move within 30 days to dismiss its claim in antitrust action pending in Federal District Court were intermixed, and since trial court specifically retained jurisdiction for limited purpose of enforcing provisions of its judgment of dismissal and injunction, trial court's determination that State's three-day delay in dismissing federal court claim was de minimis under the circumstances and that dismissal should be without prejudice was not an abuse of discretion. 16 A.R.S. Rules Civ.Proc., Rule 41(a), par. 2. | When does a court retain its jurisdiction? | 025742.docx | LEGALEASE-00158631-LEGALEASE-00158632 |
| State v. Chillingworth, 106 Fla. 323 | 307A+693.1 | After dismissal of action, court is without further jurisdiction and cannot render any judgment for any adverse party. | "After dismissal of action, is a court without further jurisdiction and cannot render any judgment for any adverse party?" | 026009.docx | LEGALEASE-00158396-LEGALEASE-00158397 |
| Keyes v. Chicago, B. & Q. R. Co., 326 Mo. 236 | 307A+693.1 | Taking of involuntary nonsuit against one or more of defendants is equivalent to dismissal of action against such defendants. | Is the taking of involuntary nonsuit against one or more of defendants equivalent to a dismissal of action against such defendants? | Pretrial Procedure - Memo # 11127 - C - VP_63786.docx | ROSS-003305910-ROSS-003305911 |
| Townsend v. Shipley, 29 Ariz. 96 | 308+23(4) | Evidence that plaintiff purchased land of defendant, held under option unknown to plaintiff, with no showing of employment of defendant to make purchase, and only contract proved was one of purchase and sale with parties treating each other as vendor and vendee, held to show that relation of "agency," which imports commercial dealings between two parties, through medium of another, did not exist. | Does agency always import commercial dealings between two parties by and through the medium of another? | 041723.docx | LEGALEASE-00158995-LEGALEASE-00158996 |
| Juarbe v. City of Philadelphia, 288 Pa. Super. 330 | 308+3(1) | Principal and agent can be in relationship of a master and servant, or simply in status of two independent contractors. | Can a principal and agent be in the status of two independent contractors? | Principal and Agent - Memo 538 - RK_63996.docx | ROSS-003321902-ROSS-003321903 |
| State v. Weaver, 160 N.C. App. 613 | 308+1 | Two essential elements of an agency relationship are: (1) authority of agent to act on behalf of principal, and (2) principal's control over agent. | Does an agent have authority to act on behalf of the principal? | 042008.docx | LEGALEASE-00159093-LEGALEASE-00159094 |
| Am. Soc. of Mech. Engineers v. Hydrolevel Corp., 456 U.S. 556 | 308+159(1) | Under general rules of agency law, principals are liable when their agents act with apparent authority and commit torts. | Can a principal be held liable for the tort of an agent? | 042031.docx | LEGALEASE-00159140-LEGALEASE-00159141 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Anthony v. City of Omaha, 283 Neb. 868 | 371+3602 | A "sales tax" is a tax upon the sale, lease, rental, use, storage, distribution, or other consumption of all tangible personal property in the chain of commerce. | What is a sales tax? | Taxation - Memo 1066 - C - KI_64706.docx | ROSS-003282142-ROSS-003282143 |
| Perez-Olano v. Gonzalez, 248 F.R.D. 248 | 24+154 | "Age-out" regulations pursuant to which an alien minor will "age-out" of eligibility for special immigrant juvenile (SIJ) status if the child turns 21 years old before being granted SIJ status or SIJ-based adjustment, or if the child is no longer dependent on the state court or eligible for long-term foster care, are consistent with statutory goal of protecting abused, neglected, and abandoned immigrant children, and their adoption of those regulations was not arbitrary and capricious. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J); 8 C.F.R. SS 204.11(c)(1, 5), 205.1(a)(3)(iv). | "Was Special Immigrant Juvenile (SIJ) status created to protect abused, neglected, and abandoned immigrant youth through a process allowing them to become legal permanent residents?" | "Aliens, Immigration and Citizenship - Memo 118 - RK_64760.docx" | ROSS-003278551-ROSS-003278552 |
| Fonseca v. Fong, 167 Cal. App. 4th 922 | 24+211 | Over no conceivable subject is the legislative power of Congress more complete than it is over the admission of aliens. | Is the legislative power of Congress more complete over the admission of aliens than any other conceivable subject? | "Aliens, Immigration and Citizenship - Memo 127 - RK_64768.docx" | ROSS-003320269-ROSS-003320270 |
| In re Estate of Nina L. ex rel. Howerton, 2015 IL App (1st) 152223 | 211+2066 | The Special Immigrant Juvenile (SIJ) statute affirms that state courts are the appropriate forum for child welfare determinations regarding abuse, neglect, or abandonment, and a child's best interests. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Is a state court's role in the Special Immigrant Juvenile (SIJ) process to identify neglected alien children? | "Aliens, Immigration and Citizenship - Memo 155 - RK_64790.docx" | ROSS-003279698-ROSS-003279699 |
| Sei Fujii v. State of California (1952) supra, 38 Cal.2d 718 | 92+3114 | Even if purpose of Alien Land Law, classifying persons on basis of eligibility to citizenship, was to restrict use and ownership of land to persons who were loyal and had interest in welfare of state, classification would have been unreasonable, since ineligibility for citizenship does not establish lack of loyalty or absence of interest in welfare of country. U.S.C.A.Const. Amend. 14; St.1921, p. lxxxxiii, SS 1, 2, 7. | Does eligibility to citizenship automatically engender loyalty or create an interest in the welfare of the country? | "Aliens, Immigration and Citizenship - Memo 67 - RK_64801.docx" | ROSS-003280622-ROSS-003280623 |
| In re Hei Ting C., 109 A.D.3d 100 | 24+179 | The Family Court's issuance of a child support order directing mother to pay child support to father did not qualify the parents' two children, who were born in Hong Kong and lived in United States with their father, as "dependent on a juvenile court" or committed to the custody of an individual appointed by a State or juvenile court, as required for the children to qualify for special immigrant juvenile status (SIJS) under federal law; the Family Court had not accepted jurisdiction over the custody of the children, there had been no need for intervention by the Family Court to ensure that the children were placed in a safe and appropriate custody, guardianship, or foster care situation, and the children had not been committed to the custody of any individual by any court. 8 U.S.C.A. S 1101(a)(27)(J)(i). | Are special findings of juvenile court necessary to permit a juvenile to file an application for Special Immigrant Juvenile (SIJ) status? | 006925.docx | LEGALEASE-00160214-LEGALEASE-00160215 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rosas v. Alice's Tea Cup, 127 F. Supp. 3d 4 | 24+123 | The protections of the FLSA are available to citizens and undocumented workers alike; denying undocumented workers the protection of FLSA would permit abusive exploitation of workers and create an unacceptable economic incentive to hire undocumented workers by permitting employers to underpay them. Fair Labor Standards Act of 1938, S 1, 29 U.S.C.A. S 201. | Are the protections of the Fair Labor Standards Act (FLSA) available to undocumented workers? | "Aliens, Immigration and Citizenship - Memo 75 - RK_64809.docx" | ROSS-003280385-ROSS-003280386 |
| Arizona v. United States, 567 U.S. 387 | 24+690 | Government of United States has broad, undoubted power over subject of immigration and status of aliens, resting, in part, on its constitutional power to "establish an uniform Rule of Naturalization," and its inherent power as sovereign to control and conduct relations with foreign nations. U.S.C.A. Const. Art. 1, S 8, cl. 4. | Does the Government of the United States have the power to regulate the status of aliens? | "Aliens, Immigration and Citizenship - Memo 84 - RK_64817.docx" | ROSS-003297413-ROSS-003297414 |
| Indiana Nat. Bank of Indianapolis v. Goss, 208 F.2d 619 | 8.30E+10 | Under Illinois law, law of place of payment of note is the law which will govern the nature, validity, interpretation, and effect of the obligation. | Which law governs the nature and validity of note? | Bills and Notes - Memo 1397 - JK.docx | LEGALEASE-00049183-LEGALEASE-00049184 |
| Icard v. Harbuck, 137 Ga. App. 570 | 83E+672 | Note payable generally "after date" and not otherwise expressing time for payment is payable on demand and due immediately, bearing interest from date of demand, which is any date on and after execution. | When is an instrument payable if no time is specified for repayment? | 009645.docx | LEGALEASE-00160443-LEGALEASE-00160444 |
| R.E.B. v. State of Hawaii Dep't of Educ., 870 F.3d 1025 | 141E+862 | IDEA required that autistic student's individualized education plan (IEP) provide transition services when student exited private school to attend public school, overruling J.M. v. Dep't of Educ., Haw., 224 F.Supp.3d 1071, Rachel L. v. Haw. Dep't of Educ., 2012 WL 4472263. Individuals with Disabilities Education Act S 614, 20 U.S.C.A. SS 1414(d)(1)(A)(i)(IV), 1414(d)(1)(A)(i)(VIII)(bb). | "Under the Individuals with Disabilities Education Act (IDEA), must schools provide for transition services when a child transfers between schools?" | 017339.docx | LEGALEASE-00159931-LEGALEASE-00159933 |
| Wellman v. Holzer, 56 N.Y.S.2d 299 | 156+59 | The doctrine of estoppel is applied to promote justice and fair dealing and never in aid of a fraudulent purpose. | Can estoppel never be applied to aid a fraudulent purpose? | Estoppel - Memo #206 - C - CSS_64542.docx | ROSS-003294162-ROSS-003294163 |
| Johnson v. State, 138 Md. App. 539 | 181+44(1) | Requisite intent to injure or defraud in context of forgery need not be proven by positive and direct evidence and may be inferred by jury from evidence before it. | Is intent to defraud an essence of forgery? | Forgery - Memo 34 - SH_64307.docx | ROSS-003296480-ROSS-003296481 |
| City of Detroit v. Detroit United Ry., 172 Mich. 136 | 396A+6 | A franchise granted by a municipality to a street railroad company and accepted by it constitutes in law a contract mutually binding on both parties, which is terminated by the limitation therein expressed. | Is franchise agreement a mutually binding contract upon the parties? | 018496.docx | LEGALEASE-00159950-LEGALEASE-00159951 |
| Baltimore Steam Co. v. Baltimore Gas & Elec. Co., 123 Md. App. 1 | 183+1 | Franchise is a contract between the grantor and grantee, and since such a contract confers exceptional privileges and powers, it is to be strictly construed against the franchisee. | Is franchise a contract between grantor and grantee? | Franchises - Memo 20 - KNR_65694.docx | ROSS-003281457-ROSS-003281458 |
| Salter v. Condon, 236 Ill.App. 17 | 289+525 | Good will does not always exist in the case of a partnership and whether it exists or not depends upon the facts and circumstances in each case. | Does the fact whether good will exists or not depend upon the facts and circumstances in each case? | 022641.docx | LEGALEASE-00160010-LEGALEASE-00160011 |
| Matter of Minton Group, 46 B.R. 222 | 289+558 | Tenancy in partnership is not freely alienable, and unlike tenant in common, tenant in partnership may not call for partition and sale. | Can a tenancy in partnership be freely alienable like a tenancy in common? | Partnership - Memo 545 - GP_64571.docx | ROSS-003294054 |
| Equitable Life Assur. Soc. of U.S. v. McKeithan, 119 Fla. 486 | 302+17 | Declaration is sufficient when it contains all essentials of cause of action whether by direct allegations or by fair inferences from direct allegations. | Should a declaration contain all the essentials of a cause of action? | 023849.docx | LEGALEASE-00159770-LEGALEASE-00159771 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Harman v. Univ. of Tennessee, 353 S.W.3d 734 | 302+38.5 | An essential purpose of the complaint is to give notice of the issues to be tried so that the opposing party can adequately prepare for trial. Rules Civ.Proc., Rule 8.01. | Is notice giving the purpose of a complaint? | 023861.docx | LEGALEASE-00160016-LEGALEASE-00160017 |
| Keough v. Cyrus USA, 204 S.W.3d 1 | 307A+699 | The movant for reinstatement bears the burden to produce evidence supporting the motion. | Does the movant for reinstatement bear the burden to produce evidence supporting the motion? | Pretrial Procedure - Memo 11169 - C - VP_64380.docx | ROSS-003296258-ROSS-003296259 |
| Lundburg v. Stinson, 5 Haw. App. 394 | 336H+286 | Dismissal with prejudice is adjudication on the merits of all issues that were raised or could have been raised in the pleadings, and subsequent litigation involving same claims is barred by res judicata. Circuit Court Rule 12(b)(6). | Is a dismissal with prejudice an adjudication on the merits of all the issues that were raised or could have been raised in the pleadings? | 039855.docx | LEGALEASE-00159603-LEGALEASE-00159604 |
| Bailey v. Gitt, 135 N.C. App. 119 | 30+781(1) | Parents' appeal from directed verdict for health care providers on certain claims in wrongful death action was moot, where parents voluntarily dismissed with prejudice "all claims which had not previously been dismissed by the Court pursuant to defendants' motion for a directed verdict"; directed verdict order left open possibility of recovery of damages for funeral expenses and nominal damages, thus keeping alive underlying issue of negligence for determination by jury, but parents' voluntary dismissal with prejudice of negligence issue was same as judgment on merits of that issue. G.S. S 28A-18-2; Rules Civ.Proc., Rule 50(a), G.S. S 1A-1. | Is a voluntary dismissal with prejudice the same as a judgment on the merits? | Pretrial Procedure - Memo 11361 - C - SHB_64428.docx | ROSS-003294277-ROSS-003294278 |
| Shackelford v. Arkansas Power & Light Co., 334 Ark. 634 | 307A+693.1 | Claim against a defendant remains until the trial court enters an order of dismissal. | Does a claim against a defendant remain until the trial court enters an order of dismissal? | 039867.docx | LEGALEASE-00159668-LEGALEASE-00159669 |
| Lonestar Alternative Sol. v. Leview-Boymelgreen Soleil Developers., 10 So. 3d 1169 | 307A+561.1 | When deciding a motion to dismiss, a trial court may not consider affirmative defenses. West's F.S.A. RCP Rule 1.140(b). | Will a court consider affirmative defenses when deciding a motion to dismiss? | Pretrial Procedure - Memo 11390 - C - DA_64444.docx | ROSS-003296306-ROSS-003296307 |
| Sprint Spectrum, LP v. State, Dep't of Revenue, 174 Wash. App. 645 | 371+3602 | An item of tangible personal property may not be subject both to use tax and sales tax. West's RCWA 82.12.020(1)(a) (2009). | "Is an item of tangible property subject to both, use tax and sales tax?" | 046188.docx | LEGALEASE-00159734-LEGALEASE-00159735 |
| Weber-Stephen Prod. v. Dep't of Revenue, 324 Ill. App. 3d 893 | 371+3602 | The state "sales tax" consists of two separate, complementary taxes: the retailers' occupation tax (ROTA) and the use tax. | "What are the two separate, complementary taxes the state ""sales tax"" consists of?" | Taxation - Memo 1111 - C - VA_65679.docx | ROSS-003280599 |
| Native Ecosystems Council v. Dombeck, 304 F.3d 886 | 411+8 | Environmental group challenging timber sale on national forest land raised issue of Forest Plan amendment procedures before United States Forest Service (USFS) administrative decision-maker sufficiently for agency to review procedures and to conclude that it complied with National Forest Management Act (NFMA), and thus group properly exhausted its administrative remedies as to issues raised before court; decision-maker properly understood group to raise issue whether USFS complied with NFMA in amending Forest Plan road density standards, and addressed issue in its decision. Forest and Rangeland Renewable Resources Planning Act of 1974, S 2 et seq., as amended, 16 U.S.C.A. S 1600 et seq. | "While objecting to a Forest Service decision, should the claims raised at the administrative appeal and in the federal complaint be similar so as to ascertain whether the agency was on notice of the same claims raised in the federal court?" | 047598.docx | LEGALEASE-00159535-LEGALEASE-00159536 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| De Haas v. Cascade Frozen Foods, 23 Wash. 2d 754 | 413+105 | Unless an employee is engaged in one of extrahazardous occupations enumerated by statute or by Department of Labor and Industries, he is not within compulsory operation of compensation act. Rem.Rev.Stat. SS 7674, 7676. | When is an employee within the compulsory operation of the Act? | Workers Compensation - Memo 678 - C - ANC_64279.docx | ROSS-003281282 |
| DRFP L.L.C. v. Republica Bolivariana de Venezuela, No. 16-3960, 2017 WL 3635530 | 8.30E+12 | The Ohio Uniform Commercial Code (UCC) governs the creation, transfer, and enforceability of negotiable instruments. | "What governs the creation, transfer and enforceability of negotiable instruments?" | 009681.docx | LEGALEASE-00160811-LEGALEASE-00160812 |
| Walling v. Cushman, 238 Mass. 62 | 8.30E+12 | Contract of indorsement being new and separate, its validity is determined generally by laws of state where made, and presumption of common law formulated in Negotiable Instruments Law is that unless contrary appears, indorsement is prima facie made at place where instrument is dated; and in suit against administrators of married woman who indorsed note dated and payable at Denver, Colo., it appearing that one note was made and indorsed in Illinois, there being no showing where others were made and indorsed, domicile of decedent was immaterial to her liability. | What law determines the validity of the contract of an indorser? | Bills and Notes -Memo 1381- JK_66282.docx | ROSS-003321102-ROSS-003321103 |
| Thorp, Smith & Hanchett v. Craig, 10 Iowa 461 | 83E+675 | The law of the place where a bill of exchange is payable governs as to the allowance of days of grace. | Does the law of the place where a draft is made payable govern the allowance of days of grace? | Bills and Notes -Memo 1383- JK_66284.docx | ROSS-003321854-ROSS-003321855 |
| Wade v. Darring, 511 S.W.2d 320 | 8.30E+10 | Where note under which endorsers brought action against makers was made payable in North Carolina, laws of North Carolina governed subsequent liability of the parties. | Does the law of the state where the note in question is made payable govern the substantive liability of the parties? | Bills and Notes -Memo 1385- JK_66285.docx | ROSS-003308816 |
| First Nat. Bank & Tr. Co. of Augusta v. Georgia R.R. Bank & Tr. Co., 238 Ga. 693 | 8.30E+76 | Once check had been acted upon by drawee bank, its drawer no longer had authority to stop payment. Code, SS 109A-4-303, 109A-4-403. | Can the drawer stop payment after the check had been acted upon by the bank? | Bills and Notes -Memo 61-DB_65107.docx | ROSS-003281021 |
| United States v. Ford, 435 F.3d 204 | 63+14 | In prosecution for accepting a bribe as an agent of an organization receiving federal funds, jury instructions, in explaining both the meaning of "corruptly" and "intending to be influenced," misstated the requisite criminal intent; instructions appeared to have told the jury that the "corruptly" requirement was fully satisfied by the recipient's knowledge of the donor's intent and omitted any reference to the recipient's intent in accepting the thing of value, and thus did not clearly communicate specific intent element requiring recipient's intent to be influenced in her official duties. 18 U.S.C.A. S 666(a)(1)(B). | "In prosecution for accepting a bribe, do jury instructions include the intent, the state of mind, of a person acting corruptly or intending to be influenced?" | Bribery - Memo 1075 - C - AV_65557.docx | ROSS-003293489-ROSS-003293490 |
| U.S. v. Wilson, 59 F.2d 97 | 135H+25 | Summary forfeiture, by definition, can never serve as jeopardy component of double jeopardy motion. U.S.C.A. Const.Amend. 5. | Can summary forfeiture serve as a jeopardy component of a double jeopardy motion? | 015728.docx | LEGALEASE-00160719-LEGALEASE-00160720 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Endrew F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist. RE-1, 137 S. Ct. 988 | 141E+862 | In determining what it means to meet the unique needs of a child with a disability, as required to provide the child a free appropriate public education (FAPE), the IDEA provisions governing the individual education plan (IEP) development process are a natural source of guidance, as it is through the IEP that the free appropriate public education required by the IDEA is tailored to the unique needs of a particular child. Individuals with Disabilities Education Act, SS 602(9, 29), 614, 20 U.S.C.A. SS 1401(9, 29), 1414. | Must a Free Appropriate Public Education be specially designed to meet the unique needs of a child with a disability? | Education - Memo 316 - C - SG_65178.docx | ROSS-003279591-ROSS-003279593 |
| Purvis v. Busey, 260 Ala. 373 | 200+80 | The public only acquires an easement in highways, the fee of the land remains in the owner subject to the easement. | Does the fee remain with the owner when the public acquires an easement in the highway? | Highways - Memo 399 - RK.docx | LEGALEASE-00050710-LEGALEASE-00050711 |
| Antenucci v. Hartford Roman Catholic Diocesan Corp., 142 Conn. 349 | 200+80 | Abutting owner is presumed, no evidence to contrary, to own fee of land to center of highway, and as to land within limits of such highway, abutting owner has all rights not incompatible with public easement. | Is an abutting owner presumed to own the fee to the land to the center of the highway? | Highways - Memo 400 - RK_66329.docx | ROSS-003318955-ROSS-003318956 |
| Hansell v. Massey, 244 Iowa 969 | 200+77(2) | "Interested parties" are the only ones entitled to notice of final hearing in proceedings to vacate highways and "interested parties" are those who own property to which vacation causes a special damage, separate and distinct from that suffered by general public. I.C.A. SS 306.1 et seq., 306.17, 306.18, 306.21, 306.26. | Which parties are entitled to notice of final hearing in vacation proceedings? | Highways - Memo 446 - RK_66346.docx | ROSS-003297279-ROSS-003297280 |
| Twp. of Livingston v. Parkhurst, 122 N.J.L. 598 | 64+21(7) | One driving a heavy truck, to which was attached a trailer loaded with a gasoline shovel, was entitled to use a public bridge and highway, but was under a duty to use reasonable care not to cause damage to highway or bridge. | Is there a duty to use reasonable care so as not to cause damage to highways and bridges? | Highways - Memo 455 - RK_66355.docx | ROSS-003325842-ROSS-003325843 |
| Minnie Creek Drainage Dist. v. Streeter, 327 Ill. 236 | 200+80 | Public has but easement in highway, and owner may exercise every right not inconsistent therewith. | Can the fee owner exercise every right of ownership not inconsistent with the easement of the public? | 018889.docx | LEGALEASE-00161821-LEGALEASE-00161822 |
| Shindler v. Marr & Associates, 695 S.W.2d 699 | 289+1110 | Strict compliance with applicable statutes is not required for formation of a limited partnership. Vernon's Ann.Texas Civ.St. art. 6132a, S 3(b). | Is strict compliance with the applicable statues required for the formation of a limited partnership? | Partnership - Memo 563 - GP_65235.docx | ROSS-003283084-ROSS-003283085 |
| Hanson v. Birmingham, 92 F.Supp. 33 | 289+451 | At common law if essential elements of a partnership are not present, a partnership will not be declared to exist even though parties designate their arrangements as partnership. | Does a partnership exist if any of the essential elements is absent? | 022667.docx | LEGALEASE-00161323-LEGALEASE-00161324 |
| Dobson v. Mortg. Elec. Registration Sys./GMAC Mortg. Corp., 259 S.W.3d 19 | 302+408 | Because the failure to state a cause of action is a jurisdictional defect, it may be raised at any time during the proceedings. | Is the failure to state a cause of action a jurisdictional defect? | 023879.docx | LEGALEASE-00161249-LEGALEASE-00161250 |
| Phillips v. Bradshaw, 859 S.W.2d 232 | 307A+622 | Pleading which states no cause of action confers no subject matter jurisdiction on court and is subject to dismissal. | "Is a pleading which states no cause of action, subject to dismissal?" | Pleading - Memo 611 - RMM_65796.docx | ROSS-003295328-ROSS-003295329 |
| Braddock v. Zimmerman, 906 A.2d 776 | 307A+695 | A complaint that is dismissed without prejudice but with express leave to amend is nevertheless a dismissed complaint. | Is a complaint that is dismissed without prejudice with express leave to amend nevertheless a dismissed complaint? | Pretrial Procedure - Memo 11590 - C - NE_65608.docx | ROSS-003280553-ROSS-003280554 |
| Williams v. Bank of Tallassee, 456 So. 2d 50 | 307A+695 | When motions to dismiss are granted, plaintiff should always be afforded leave to amend. | "When motions to dismiss are granted, should a plaintiff always be afforded leave to amend?" | 040345.docx | LEGALEASE-00161138-LEGALEASE-00161139 |
| Pinson v. Grimes, 42 So. 3d 650 | 307A+583 | The circuit court has the inherent power to dismiss an action for the failure to prosecute. | Does the circuit court have the inherent power to dismiss an action for the failure to prosecute? | 040413.docx | LEGALEASE-00160731-LEGALEASE-00160732 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Snelling v. Beck, 207 S.W.3d 202 | 307A+583 | A dismissal for failure to prosecute is within the trial court's discretion and appellate court reviews for an abuse of that discretion. | Is a dismissal for failure to prosecute within the trial court's discretion? | 040449.docx | LEGALEASE-00161044-LEGALEASE-00161045 |
| Tyler v. United States, 281 U.S. 497 | 371+2003 | Power of taxation is fundamental and imperious necessity of all government, not to be restricted by mere legal fictions. | Is the power of taxation is a fundamental and imperious necessity of all government? | 046293.docx | LEGALEASE-00161687-LEGALEASE-00161688 |
| John Hancock Mut. Life Ins. Co. v. Fid.-Baltimore Nat. Bank & Tr. Co., 212 Md. 506 | 8.30E+10 | Generally, law governing a bill or note is the law which the parties to the instrument intend to govern, and, therefore, if bill or note contains express provision that it shall be governed by laws of a particular state, such laws will govern. | Is it generally to be conceded that the proper law governing a bill or note is the law which the parties to the instrument intended to govern? | Bills and Notes - Memo 1344 - RK_66247.docx | ROSS-003280454-ROSS-003280455 |
| Lifanda v. Elmhurst Dodge, 237 F.3d 803 | 172H+1342 | Court views the sufficiency of TILA-mandated disclosures from the standpoint of an ordinary consumer, not the perspective of a Federal Reserve Board member, federal judge, or English professor. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | How is the sufficiency of TILA mandated disclosures determined? | 013854.docx | LEGALEASE-00162596-LEGALEASE-00162597 |
| Allen v. Illinois Cmty. Coll. Bd., 315 Ill. App. 3d 837 | 141E+993 | Community college districts are created by the legislature pursuant to its authority to create public corporations, not under any provision of the State Constitution; thus, the rules pertaining to public elementary and secondary schools do not apply to community colleges. S.H.A. Const. Art. 10, S 1. | Are community college districts created by the legislature? | Education - Memo 354 - C - ATS_65921.docx | ROSS-003279992-ROSS-003279993 |
| In re Acosta, 182 B.R. 561 | 156+52.10(1) | Under California law, waiver requires sufficient awareness of relevant circumstances and likely consequences. | Does waiver require sufficient awareness of the relevant circumstances and likely consequences? | 018154.docx | LEGALEASE-00162265-LEGALEASE-00162266 |
| United Cities Gas Co. v. Brock Expl. Co., 995 F. Supp. 1284 | 95+227 | Although waiver of contractual right under Kansas law is consensual in nature, party's intention may be inferred from its conduct and requisite knowledge may be actual or constructive. | Is waiver consensual in nature? | 018163.docx | LEGALEASE-00162278-LEGALEASE-00162279 |
| Salem Cmty. Sch. Corp. v. Richman, 406 N.E.2d 269 | 156+52.10(2) | "Waiver" is election to forego some advantage that might otherwise have been insistent upon; existence of waiver is ordinarily determined from conduct of parties making it. | Is waiver an election to forego some advantage that might otherwise have been insisted upon? | 018165.docx | LEGALEASE-00162280-LEGALEASE-00162281 |
| Wendling v. State, 465 N.E.2d 169 | 181+4 | Knowledge of falsity of written instrument is not a separate essential element of present crime of forgery. | Is knowledge of falsity of the instrument an essential element of forgery? | Forgery - Memo 50 - SNJ_65765.docx | ROSS-003279852-ROSS-003279853 |
| United States v. Gomes, 969 F.2d 1290 | 181+4 | A bogus document is "counterfeit" if it is calculated to deceive honest, sensible and unsuspecting person of ordinary observation and care dealing with person supposed to be upright and honest. | What is a counterfeit? | 018471.docx | LEGALEASE-00161988-LEGALEASE-00161989 |
| Hillme v. Chastain, 75 S.W.3d 315 | 289+429 | A voice in the management of the partnership business, a share of the profits of the partnership business, and a corresponding risk of loss and liability to partnership creditors are all indications of a partnership. | Is right to a voice in management of the partnership business an indicia of a partnership relationship? | 022690.docx | LEGALEASE-00162228-LEGALEASE-00162229 |
| Copland v. Commissioner of Internal Revenue, 41 F.2d 501 | 289+432 | Special agreements for particular adventures and join undertakings limited in character do not constitute "partnerships." | Do special agreements for particular adventure and joint undertakings constitute partnership? | 022745.docx | LEGALEASE-00162530-LEGALEASE-00162531 |
| Cornelius v. River Ridge Ranch Landowners Ass'n, 202 P.3d 564 | 307A+583 | The power to dismiss for failure to prosecute is in the sound discretion of the trial court. | Is the power to dismiss for failure to prosecute in the sound discretion of the trial court? | 040625.docx | LEGALEASE-00162516-LEGALEASE-00162517 |
| Westlake Transp. v. Pub. Serv. Comm'n, 255 Mich. App. 589 | 371+2002 | Taxes have a primary purpose of raising revenue, while fees are usually in exchange for a service rendered or a benefit conferred. | Do taxes and fees differ in primary purpose? | Taxation - Memo 1036 - C - JL_66479.docx | ROSS-003280760-ROSS-003280761 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Bies, 258 Minn. 139 | 371+3530 | The obligation of citizens to pay state income taxes is purely statutory, and taxes can be levied, assessed, and collected only in the method pointed out by the statute. M.S.A. S 290.01 et seq. | Is the obligation to pay taxes a statutory creation? | Taxation - Memo 1072 - C - KI_65673.docx | ROSS-003282090-ROSS-003282091 |
| U.S. Fid. & Guar. Co. v. State ex rel. Oklahoma Tax Comm'n, 2002 OK 42, 14, 54 P.3d 1010 | 371+3602 | A "sales tax" is a statutorily imposed burden on the sale of goods and based on their value. | "Is a ""sales tax"" a statutorily imposed burden on the sale of goods and based on their value?" | 046247.docx | LEGALEASE-00161916-LEGALEASE-00161917 |
| Safe Deposit & Tr. Co. of Baltimore, Md., v. Commonwealth of Virginia, 280 U.S. 83 | 371+2008 | State law undertaking to tax things beyond jurisdiction conflicts with Federal Constitution. U.S.C.A.Const. Amend. 14. | Does a statute of a state conflict with the Constitution if such statute undertakes to tax things beyond its jurisdiction? | Taxation - Memo 1192 - C -JL_66002.docx | ROSS-003294616-ROSS-003294617 |
| State v. Murphy, 545 N.W.2d 909 | 3.77E+11 | Terroristic threats statute is designed to deter and punish future act threatened, as well as underlying act of making threat; statute mandates that threats must be to commit future crime of violence which would terrorize victim. M.S.A. S 609.713, subd. 1. | What are the terroristic threats statute designed to deter and punish? | 046973.docx | LEGALEASE-00162200-LEGALEASE-00162201 |
| Jett v. Dunlap, 179 Conn. 215 | 413+2093 | Principal that Workmen's Compensation Act is sole remedy against employer where a worker's personal injury is covered by Act is not eroded when employee alleges an intentional tort by his supervisor. C.G.S.A. S 31-284(a). | "Under the Workers' Compensation Act, does the employee surrender his right to bring a common law action against the employer limiting the employers liability to the statutory amount?" | 048622.docx | LEGALEASE-00162382-LEGALEASE-00162383 |
| Bologna Bros. v. Morrissey, 154 So. 2d 455 | 8.30E+10 | Legal effect of notes is governed by law of country where they were executed and delivered; this rule applies to accommodation paper. | Is the legal effect of promissory notes governed by the law of the countrywhere they were executed and delivered? | Bills and Notes - Memo 1349 - RK.docx | LEGALEASE-00052477-LEGALEASE-00052478 |
| Corbin Russwin v. Alexander's Hardware, 147 N.C. App. 722 | 95+129(1) | "Forum selection clause" designates the venue of any potential conflict arising out of a contract, whereas a "consent to jurisdiction clause" waives personal jurisdiction and venue, and a "choice of law clause" designates the law to be applied. | What does a choice of law clause designate? | Bills and Notes - Memo 1358 - RK_66260.docx | ROSS-003285773-ROSS-003285774 |
| Res. Holding Corp. v. Schoff's Estate, 105 Vt. 144 | 8.30E+10 | Parties' rights held governed by law of jurisdiction in which note was made and delivered. | Are the rights of parties governed by the law of the jurisdiction were a note is made and delivered? | 009246.docx | LEGALEASE-00162737-LEGALEASE-00162738 |
| Hongkong & Shanghai Banking Corp. v. Lazard-Godchaux Co. of Am., 207 A.D. 174 | 8.30E+10 | The law of the place of payment as to days of grace on a foreign bill of exchange applies. | Will the law of the place of payment apply to a foreign bill of exchange? | Bills and Notes - Memo 1369 - RK_66270.docx | ROSS-003292291-ROSS-003292292 |
| Smith v. Thirty-Seventh Judicial Circuit of Missouri, 847 S.W.2d 755 | 413+186 | Right of control over employee, not source of funds by which employee is paid, determines who is employer for workers' compensation purposes. V.A.M.S. SS 105.800, 287.120, subd. 1. | "In workers compensation, is it the right to control or the source of funds that determines who the employer is?" | Workers' Compensation - Memo 726 - C - ANC_67093.docx | ROSS-003291846-ROSS-003291847 |
| Davis v. Brown, 87 N.Y.2d 626 | 110+867.23 | Defendant could modify or limit his motion for mistrial before motion was granted, to specify that he was requesting only mistrial with prejudice, such that trial judge's subsequent grant of mistrial without prejudice was granted without defendant's consent. | "Can a defendant modify or limit his motion for mistrial before a motion was granted, to specify that he was requesting only mistrial with prejudice?" | 015281.docx | LEGALEASE-00162893-LEGALEASE-00162894 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bowers v. Shinseki, 26 Vet. App. 201 | 34+104.3(5) | To receive Department of Veterans Affairs (VA) disability compensation benefits, a claimant must first establish veteran status and, absent established veteran status, presumptions of service connection are not applicable. 38 U.S.C.A. S 101(2, 22, 24); 38 C.F.R. S 3.318. | Is veterans status required to be eligible for Veterans Affairs (VA) disability compensation benefits? | 008820.docx | LEGALEASE-00163902-LEGALEASE-00163903 |
| United States v. Sligh, 31 F.2d 735 | 34+73(2) | Term "total and permanent disability," within World War Veterans' Act, does not mean absolute incapacity to do any work. World War Veterans' Act 1924, 38 U.S.C.A. SS 101, 102, 109, 210 et seq., 301, 302, 314, 351, 355, 501, 503, 537 et seq., 611, 621, 625, 626, 741 et seq., 3001, 3010, 3022, 3101 et seq., 3201-3203, 3301, 3304, 3401, 3404, 3405, 3501 et seq., 5001 et seq. | Does the term total and permanent disability mean that there is proof of absolute incapacity to do any work at all? | Armed Services - Memo 354 - RK_66874.docx | ROSS-003292444-ROSS-003292445 |
| Young v. United States, 94 Fed. Cl. 671 | 34+136 | As an administrative body within the Department of Veterans Affairs, the Board of Veterans' Appeals is not a "court" as defined by the transfer statute. 28 U.S.C.A. SS 610, 1631. | Are administrative bodies like the Board of Veterans' Appeals considered courts? | 008861.docx | LEGALEASE-00163934-LEGALEASE-00163935 |
| Georgia R.R. Bank & Tr. Co. v. First Nat. Bank & Tr. Co. of Augusta, 139 Ga. App. 683 | 172H+593 | Where item has been "finally paid" by drawee prior to drawer's attempted revocation thereof, right to revoke settlement was lost. Code, S 109A-4-213(1). | Can a drawer revoke a check after it is finally paid? | 009338.docx | LEGALEASE-00163029-LEGALEASE-00163031 |
| Carter v. Marion, 183 N.C. App. 449 | 79+6 | Political affiliation was an appropriate employment requirement for deputy clerks of the superior court, and thus, newly elected clerk was entitled to terminate deputy clerks based on their political affiliation; deputy clerks served at the pleasure of the elected clerk, they took an oath of office, and they served as the public face of the clerk's office. West's N.C.G.S.A. S 7A-102(a). | Is political affiliation an appropriate requirement for a deputy clerk of the superior court? | 013564.docx | LEGALEASE-00164120-LEGALEASE-00164121 |
| AFSCME Council 25 v. Wayne Cty., 292 Mich. App. 68 | 79+66 | Under the judicial branch's inherent constitutional authority the circuit court judges had the exclusive authority to make the determination with respect to the assignment or selection of a particular court clerk to serve in a judge's courtroom; therefore, a local administrative order of circuit court, which required the county clerk to assign a court clerk to a presiding judge's courtroom on the basis of the judge's selection of a clerk from the appropriate pool, was a proper exercise of the circuit court's exclusive judicial authority under the Michigan Constitution, and it was permissible because it concerned internal court management, even though it conflicted with collective bargaining agreement and arbitrator's ruling. M.C.L.A. Const. Arts. 3, S 2, 6, SS 1, 5; MCR 8.112(B)(1). | Does a circuit judge have the authority to select and assign his courtroom clerk? | 013572.docx | LEGALEASE-00164094-LEGALEASE-00164095 |
| State ex rel. Core v. Merrifield, 202 W. Va. 100 | 79+6 | A circuit judge has complete control of the deputy circuit clerk assigned to her court. Const. Art. 8, S 3. | Does a circuit judge have complete control of the deputy circuit clerk assigned to her court? | 013579.docx | LEGALEASE-00164102-LEGALEASE-00164103 |
| Oglesby v. Deal, 311 Ga. App. 622 | 135+2 | In general, one's legal residence for the purpose of being sued in the state is the same county as her domicile. | Is one's legal residence for the purpose of being sued in the state the same county as her domicile? | Domicile - Memo 47 - C - AJ_67126.docx | ROSS-003279511-ROSS-003279512 |
| Abarca v. State, 256 Ga. App. 37 | 135H+59 | Defendant had been placed in jeopardy, for double jeopardy purposes, before the earlier trial was terminated due to want of prosecution since the previous jury had been impaneled and sworn. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 1, Par. 18. | Can a defendant be placed in jeopardy before the earlier trial was terminated? | Double Jeopardy - Memo 1082 - C - TM_67988.docx | ROSS-003280312-ROSS-003280313 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Abarca v. State, 256 Ga. App. 37 | 135H+59 | Defendant had been placed in jeopardy, for double jeopardy purposes, before the earlier trial was terminated due to want of prosecution since the previous jury had been impaneled and sworn. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 1, Par. 18. | Why would a defendant be placed in jeopardy before the earlier trial is terminated? | Double Jeopardy - Memo 1083 - C - TM_67989.docx | ROSS-003280232-ROSS-003280233 |
| Ex parte Hayes, 931 S.W.2d 721 | 135H+59 | For purposes of state constitutional double jeopardy prohibition, jury is considered "impaneled" only after all twelve jurors, plus any alternates, have been qualified and accepted and jury, as a whole, is given requisite oath. Vernon's Ann.Texas Const. Art. 1, S 14. | "When is a jury considered ""impaneled""?" | Double Jeopardy - Memo 1100 - C - NS_68005.docx | ROSS-003295281 |
| United States v. Gallardo, 915 F. Supp. 216 | 135H+25 | Jeopardy does not attach in civil forfeiture proceeding until final judgment is entered. U.S.C.A. Const.Amend. 5. | Does jeopardy not attach in a civil forfeiture proceeding until final judgment is entered? | Double Jeopardy - Memo 236 - C - BP_66755.docx | ROSS-003281039-ROSS-003281040 |
| Camden v. Circuit Court of Second Judicial Circuit, Crawford Cty., Ill., 892 F.2d 610 | 135H+96 | When defendant consents to mistrial, double jeopardy clause will bar retrial only if governmental or judicial conduct was intended to goad defendant into assenting to mistrial. U.S.C.A. Const.Amend. 5. | "Does the double jeopardy clause bar retrial unless the district court's mistrial declaration was occasioned by manifest necessity, or consented to by the defendant?" | 015266.docx | LEGALEASE-00163701-LEGALEASE-00163702 |
| State v. Swartz, 541 N.W.2d 533 | 135H+108 | Prosecutorial misconduct exception to rule that double jeopardy does not bar retrial of defendant after mistrial declared at defendant's request did not apply to defendant, whose conviction was reversed due to prosecutor's deliberate use of perjured testimony which likely influenced outcome of trial and where no motion for mistrial based on prosecutorial misconduct was made. U.S.C.A. Const.Amend. 6. | Does double jeopardy not bar retrial of a defendant after mistrial declared at a defendant's request? | Double Jeopardy - Memo 303 - C - PC_66597.docx | ROSS-003293263-ROSS-003293264 |
| Alston v. State, 177 Md. App. 1 | 135H+95.1 | A defendant can be put in jeopardy even in a prosecution that did not culminate in a conviction or an acquittal; this doctrine refers to the species of double jeopardy law known as retrial following mistrial. U.S.C.A. Const.Amend. 5. | Can a defendant be put in jeopardy even in a prosecution that did not culminate in a conviction or an acquittal? | 015447.docx | LEGALEASE-00163503-LEGALEASE-00163504 |
| Torres v. K-Site 500 Assocs., 632 So. 2d 110 | 156+52.10(3) | Party may waive any rights to which he or she is legally entitled, by actions or conduct warranting inference that known right has been relinquished. | Can a party waive any rights to which he is entitled? | 018216.docx | LEGALEASE-00162997-LEGALEASE-00162998 |
| In re Tracy B., 391 S.C. 51 | 203+530 | "Malice," as element of murder, is the wrongful intent to injure another and indicates a wicked or depraved spirit intent on doing wrong. Code 1976, S 16-3-10. | Does malice indicate a wicked or depraved spirit intent on doing wrong? | 019391.docx | LEGALEASE-00164052-LEGALEASE-00164053 |
| Com. v. Neves, 474 Mass. 355 | 203+530 | In a nonfelony-murder case, fact that shooting was accidental negates malice element required for murder. | Does shooting by accident negate the malice element required for murder? | 019397.docx | LEGALEASE-00164058-LEGALEASE-00164059 |
| State v. Rich, 132 N.C. App. 440 | 203+546 | "Wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty and deliberately bent on mischief" are examples, any one of which may provide the malice necessary to convict a defendant of second-degree murder. G.S. S 14-17. | Does malice include cruelty? | 019410.docx | LEGALEASE-00164038-LEGALEASE-00164039 |
| Robinson v. Estate of Jester, 333 Ga. App. 41 | 302+46 | The names of the parties to an action must appear either in the caption of the petition or in the body thereof. | Should the names of the parties to an action appear in the caption of the petition? | 023933.docx | LEGALEASE-00163372-LEGALEASE-00163373 |
| Gehrke v. State, 363 S.W.2d 490 | 302+43 | Misnomer does not change nature of a pleading, and jurisdiction of the court is invoked even though improperly styled and docketed. Rules of Civil Procedure, rule 71. | Does a misnomer change the nature of a pleading? | 023941.docx | LEGALEASE-00163585-LEGALEASE-00163586 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| K.O. Real Estate v. O'Toole, 291 S.W.3d 780 | 228+252(1) | Lessor's petition placed tenant on notice that lessor was seeking possession, and thus trial court could award lessor possession, even though merely titling the cause of action as "Rent and Possession" or including a request for possession in its prayer and relief did not adequately plead a case of possession, where lessor attached lease as part of its petition, lease included provisions setting forth lessor's entitlement to possession upon non-payment of rent, lessor pled facts in its petition giving rise to its entitlement to possession, and evidence was presented during trial that lessor was seeking everything under the lease including possession. | Is the prayer a part of the petition? | 023947.docx | LEGALEASE-00163735-LEGALEASE-00163736 |
| Iole v. W. Auto Supply Co., 352 Pa. Super. 528 | 30+70(0.5) | Appellate rule permitted taking of appeal from court's determination that plaintiffs had not excused their failure to timely file complaint made on plaintiffs' petition to open or strike non pros judgment, even though the order appealed from was interlocutory, limiting Erie Human Relations Commission v. Erie Insurance Exchange, 304 Pa.Super. 172, 450 A.2d 157, holding that exceptions to judgment of non pros would be treated as reconsideration motion and did not toll statute of limitations to permit appeal beyond 30-day appeal period to the facts of the case. Rules App.Proc., Rule 311(a)(1), 42 Pa.C.S.A. | "Before a judgment of non pros can be opened, should the petition to open be timely filed?" | 040664.docx | LEGALEASE-00163046-LEGALEASE-00163047 |
| Broome v. State Dep't of Corr., 330 Wis. 2d 792 | 30+3896 | In examining the complaint on motion to dismiss for failure to state a claim, the Court of Appeals take the allegations as true, construing them liberally in the plaintiff's favor. W.S.A. 802.06(2)(b). | "When a plaintiff is faced with a motion to dismiss for failure to state a claim and recognizes that the complaint does not allege all facts necessary to state a claim, is the proper procedure to amend the complaint?" | Pretrial Procedure - Memo 12134 - C - VP_66711.docx | ROSS-003292709-ROSS-003292710 |
| People v. Marino, 388 Ill. 203 | 352H+99 | The gist of offense of assault with intent to commit rape is specific intent charged. | Is specific intent considered as the gist of the offense of assault with intent to commit rape? | 043127.docx | LEGALEASE-00164070-LEGALEASE-00164071 |
| Executone Info. Sys. v. Davis, 26 F.3d 1314 | 25T+183 | Federal law does not impose any requirements as to how specific notice of arbitration must be. | Does federal law impose any requirements as to how specific a notice of arbitration must be? | 008101.docx | LEGALEASE-00165065-LEGALEASE-00165066 |
| Booker v. Ward, 94 F.3d 1052 | 241+104.5 | Doctrine of equitable tolling provides that person is not required to sue within statutory limitations period if he cannot, under the circumstances, reasonably be expected to do so. | What is the doctrine of equitable tolling? | 008103.docx | LEGALEASE-00165067-LEGALEASE-00165068 |
| Ackerman v. Tobin, 22 F.2d 541 | 108H+59 | Unadjusted claim for loss under insurance policy is generally held to be subject to garnishment. | Are unadjusted claims for loss under an insurance policy subject to garnishment? | Creditors' Remedies - Memo 34 - RK_67503.docx | ROSS-003305712-ROSS-003305713 |
| In re Steele, 323 B.R. 776 | 135+2 | Under Florida law, fact that person arranges for his mail to be left at particular address does not make him a "resident" at that address. | "Does the fact that a person arranges for his mail to be left at particular address not make him a ""resident"" at that address?" | 014585.docx | LEGALEASE-00164234-LEGALEASE-00164235 |
| Dickey v. McComb Dev. Co., 115 S.W.3d 42 | 322H+948 | The fact that an individual leases the abode while physically absent from it does not mean, by itself, that the abode is no longer his "residence" for purposes of statute mandating 60-day notice period for cure of default on property used as "residence" before vendors can terminate sale contract. V.T.C.A., Property Code SS 5.061-5.063. | "If one leases the abode while physically absent from it does not mean, in and of itself, that the abode was no longer his residence?" | 014591.docx | LEGALEASE-00164244-LEGALEASE-00164245 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Watts, 519 U.S. 148 | 135H+30 | Sentencing enhancements do not punish defendant for crimes of which he was not convicted, but rather increase his sentence because of manner in which he committed crime of conviction. U.S.C.A. Const.Amend. 5. | Do sentencing enhancements punish defendant for crimes of which he was not convicted? | 015021.docx | LEGALEASE-00164663-LEGALEASE-00164664 |
| State v. Edwards, 510 S.W.3d 374 | 135H+1 | The protection against double jeopardy is a constitutional right addressing the power of the State to bring a charge against an accused. U.S. Const. Amend. 5. | Is protection against double jeopardy a constitutional right? | Double Jeopardy - Memo 845 - C - VA_67567.docx | ROSS-003278692 |
| Commonwealth v. Angus, 450 S.W.3d 719 | 135H+59 | When a bench trial is held, jeopardy attaches when the first witness is sworn. U.S. Const. Amend. 5; Ky. Const. S 13. | Can a jeopardy be attached when the first witness is sworn when a bench trial is held? | Double Jeopardy - Memo 990 - C - PC_67721.docx | ROSS-003279425-ROSS-003279426 |
| State v. Yetman, 516 S.W.3d 33 | 135H+7 | Because jeopardy attaches before the judgment becomes final, the constitutional protection against double jeopardy embraces the defendant's valued right to have his trial completed by a particular tribunal. U.S. Const. Amend. 5. | Will a defendant be placed in jeopardy when the jury is empaneled and sworn? | Double Jeopardy - Memo 999 - C - PC_67730.docx | ROSS-003294199-ROSS-003294200 |
| Dombrosky v. Farmers Ins. Co. of Washington, 84 Wash. App. 245 | 156+54 | No estoppel arises if injured party had equal opportunity to determine facts. | Does estoppel arise if the injured party had equal opportunity to determine the facts? | Estoppel - Memo 314 - C - CSS_67196.docx | ROSS-003281380-ROSS-003281381 |
| In re Estate of Long, 311 Ill. App. 3d 959 | 233+531 | A farm tenancy is a personal services contract in which the tenant is expected to perform services that require skill and judgment. | Are farm tenancies considered personal service contracts? | 021032.docx | LEGALEASE-00164971-LEGALEASE-00164972 |
| Gregg v. Rauner, 84 N.E.3d 572 | 92+2392 | The Governor's executive clemency powers are extremely broad and cannot be controlled by either the courts or the legislature. | Can the Governors clemency power be controlled by the legislature or the courts? | Pardon and Parole - Memo 1 - RK_67516.docx | ROSS-003292037-ROSS-003292038 |
| Shell v. Conrad, 153 S.W.2d 384 | 302+376 | Facts alleged in a petition or complaint and not denied by answer stand admitted and need not be proved. | "Should facts alleged in petition and not denied by answer, be proved?" | Pleading - Memo 651 - RMM_67283.docx | ROSS-003283256-ROSS-003283257 |
| Web Press Servs. Corp. v. New London Motors, 203 Conn. 342 | 302+388 | Court will overlook variance between pleadings and proof, unless variance is so material that it prejudices other party in presentation of case. Practice Book 1978, S 178. | Will the court overlook a variance between the pleadings and proof? | 023967.docx | LEGALEASE-00164485-LEGALEASE-00164486 |
| City of Tyler v. Beck, 198 S.W.3d 1 | 307A+583 | The trial court has inherent authority to dismiss any case before it for want of prosecution. | Does the trial court have the inherent authority to dismiss any case before it for want of prosecution? | Pretrial Procedure - Memo 12209 - C - PC_67303.docx | ROSS-003283271-ROSS-003283272 |
| Hillsborough Cty. v. Kortum, 585 So. 2d 1029 | 371+2311 | Property subject to easement held by government unit is not immune or exempt from taxation. | Is a property subject to easement held by government immune or exempt from taxation? | 046454.docx | LEGALEASE-00164549-LEGALEASE-00164550 |
| City of Egg Harbor City v. Cty. of Atl. Cty., 10 N.J. Tax 7 | 371+2311 | Property owned by county, leased to Department of Corrections and operated by private profit-making entity as juvenile detention facility was exempt from local property taxation, as publicly owned property, used for a public purpose, regardless of whether DOC had authority to contract with for-profit entity. N.J.S.A. 30:1B-8, 30:4-91.2, 54:4-3.3. | Is a lease of public property for private purposes exempt from local property taxation? | 046476.docx | LEGALEASE-00164691-LEGALEASE-00164692 |
| Andrews v. Pal-Mar Water Control Dist. Dep't of Revenue, 388 So. 2d 4 | 371+2315 | The state and its political subdivisions are immune from taxation since there is no power to tax them. | Is the state and its political subdivisions immune from taxation since there is no power to tax them? | 046486.docx | LEGALEASE-00164707-LEGALEASE-00164708 |
| State v. Espinoza, 233 Ariz. 176 | 135H+59 | Defendant is placed in jeopardy once he is put to trial before a jury so that if the jury is discharged without his consent he cannot be tried again. U.S.C.A. Const.Amend. 5. | Why will a defendant be placed in jeopardy once he is put to trial before a jury? | 014617.docx | LEGALEASE-00165265-LEGALEASE-00165266 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Triplett, 355 S.W.3d 543 | 135H+59 | In a court-tried case, jeopardy attaches once evidence has been presented as to the merits of the issue of guilt; however, if the proceeding is designed to hear the accused's defenses or objections before trial, and no determination of factual guilt or innocence is made or attempted, then jeopardy does not attach. U.S.C.A. Const.Amend. 5. | Will jeopardy attach once evidence has been presented as to the merits of the issue of guilt? | 014649.docx | LEGALEASE-00165451-LEGALEASE-00165452 |
| Martinez v. Caldwell, 644 F.3d 238 | 135H+59 | Under Double Jeopardy Clause, a defendant has a right to a complete trial by the jury first selected and impaneled. U.S.C.A. Const.Amend. 5. | Does a defendant have a right to a complete trial by the jury first selected and impaneled? | Double Jeopardy - Memo 1030 - C - KG_67852.docx | ROSS-003279190-ROSS-003279191 |
| People v. Moyer, 292 A.D.2d 793 | 135H+59 | Defendant's retrial was not barred by double jeopardy; jeopardy never attached at first trial because entire jury had not been impaneled and sworn at time of declaration of mistrial. | Is jeopardy attached when jury has not been impaneled? | Double Jeopardy - Memo 1062 - C - VA_67984.docx | ROSS-003279686-ROSS-003279687 |
| State v. Rowe, 480 A.2d 778 | 135H+59 | It is a fundamental principle of criminal law that in criminal prosecution tried to jury, jeopardy attaches as soon as jury is impaneled and sworn. U.S.C.A. Const.Amend. 5; M.R.S.A. Const. Art. 1, § 8. | Can a jury trial commence till jury is sworn to determine when jeopardy attaches? | 014752.docx | LEGALEASE-00166006-LEGALEASE-00166007 |
| Honester v. State, 329 Ga. App. 406 | 135H+7 | Once a defendant's jury is impaneled and sworn, jeopardy attaches, and he is entitled to be acquitted or convicted by that jury. U.S.C.A. Const.Amend. 5. | Is a defendant entitled to be acquitted or convicted by the jury who is impaneled and sworn? | Double Jeopardy - Memo 1080 - C - TM_67986.docx | ROSS-003281369-ROSS-003281370 |
| State v. Battle, 279 N.C. 484 | 135H+95.1 | Generally, an order of mistrial in a criminal case will not support a plea of former jeopardy. G.S. SS 7A-31(b) (4), 14-89.1. | "Generally, will an order of mistrial not support a plea of former jeopardy?" | Double Jeopardy - Memo 778 - C - NS_67783.docx | ROSS-003320765-ROSS-003320766 |
| Reed v. State, 157 Tex. Crim. 585 | 135H+100.1 | If one is acquitted of being an habitual criminal, he cannot again be prosecuted for habitual criminality, absent intervening conviction of one of required triggering felonies. | "If one is acquitted of being a habitual criminal, can he again be prosecuted for habitual criminality?" | 016336.docx | LEGALEASE-00165659-LEGALEASE-00165660 |
| People v. Jackson, 178 Cal. App. 4th 590 | 135H+100.1 | If defendant is put in jeopardy for a number of offenses and jury acquits defendant of all offenses defendant cannot be tried again for those offenses. Const. art. 1, S 6; U.S.C.A.Const. Amend. 5. | "If a defendant is put in jeopardy for a number of offenses and the jury acquits the defendant of all of them, can the defendant be tried again for those offenses?" | 016342.docx | LEGALEASE-00165583-LEGALEASE-00165584 |
| Ex parte Pritzkau, 391 S.W.3d 185 | 135H+6 | The Fifth Amendment's Double Jeopardy Clause protects against repeated prosecutions for the same offense. U.S.C.A. Const.Amend. 5. | Are repeated prosecutions for the same offense protected by the double jeopardy clause? | 016479.docx | LEGALEASE-00165283-LEGALEASE-00165284 |
| Smith v. State Indus. Comm'n, 1938 OK 167 | 135H+1 | Prohibition against double jeopardy precludes dual convictions for the same criminal act. U.S.C.A. Const.Amend. 5. | Is prohibition against double jeopardy preclude dual convictions for the same criminal act? | Double Jeopardy - Memo 931 - C - NE_67805.docx | ROSS-003305652-ROSS-003305653 |
| Walck v. Edmondson, 472 F.3d 1227 | 135H+1 | Under the double jeopardy clause, a state is prohibited from putting a criminal accused twice in jeopardy for the same crime. U.S.C.A. Const.Amend. 5. | Is a state prohibited from putting a criminal accused twice in jeopardy for the same crime? | Double Jeopardy - Memo 946 - C - KS_67820.docx | ROSS-003292490-ROSS-003292491 |
| State v. Atkins, 130 Wash. App. 395 | 135H+1 | Both the United States Constitution and the Washington State Constitution prohibit multiple convictions for the same offense. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | Does both the United States Constitution and the Washington State Constitution prohibit multiple convictions for the same offense? | Double Jeopardy - Memo 949 - C - KS_67823.docx | ROSS-003281461-ROSS-003281462 |
| Khalifa v. State, 382 Md. 400 | 135H+1 | The Double Jeopardy Clause forbids multiple convictions and sentences for the same offense. U.S.C.A. Const.Amend. 5. | Does the Double Jeopardy Clause forbid multiple convictions and sentences for the same offense? | 016603.docx | LEGALEASE-00165419-LEGALEASE-00165420 |
| United States v. Holley, 986 F.2d 100 | 135H+59 | Double jeopardy clause is not absolute bar to reprosecution once jury has been empaneled and sworn. U.S.C.A. Const.Amend. 5. | Will the double jeopardy clause be an absolute bar to re-prosecution once jury has been empanneled and sworn? | 016628.docx | LEGALEASE-00165447-LEGALEASE-00165448 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Brankle Brokerage & Leasing, 394 B.R. 906 | 349A+10 | Under North Carolina law, equity in "lessee" is one of distinctive characteristics of lease intended for security. | "Is equity in ""lessee"" one of distinctive characteristics of a lease intended for security?" | Secured Transactions - Memo 43 - C - PC_68072.docx | ROSS-003293903-ROSS-003293904 |
| People v. Miller, 164 Cal. App. 4th 653 | 135H+30 | Double jeopardy protections do not apply to the trial of prior conviction allegations. U.S.C.A. Const.Amend. 5. | Do double jeopardy protections apply to the trial of prior conviction allegations? | Double Jeopardy - Memo 1154 - C - SHB_68238.docx | ROSS-003280974-ROSS-003280975 |
| State v. Daniels, 160 Wash. 2d 256 | 135H+100.1 | While jury silence can be construed as an acquittal and can therefore act to terminate jeopardy, such is not the case when a jury fails to agree and such disagreement is evident from the record. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | Can jury silence be construed as an acquittal and can therefore act to terminate jeopardy? | Double Jeopardy - Memo 506 - C - SN_68285.docx | ROSS-003281835-ROSS-003281836 |
| State v. Juarez, 115 Wash. App. 881 | 135H+99 | A mistrial will free defendant from further prosecution, unless it is prompted by manifest necessity; this means that extraordinary and striking circumstances must be present which clearly indicate that substantial justice cannot be obtained without discontinuing the trial. | "Will a mistrial free a defendant from further prosecution, unless it is prompted by manifest necessity?" | 015940.docx | LEGALEASE-00166299-LEGALEASE-00166300 |
| Moghalu v. United States, 122 A.3d 923 | 135H+1 | Double jeopardy provides a guarantee against being twice put to trial for the same offense. U.S.C.A. Const.Amend. 6. | Does Double jeopardy provide a guarantee against being twice put to trial for the same offense? | Double Jeopardy - Memo 648 - C - PC_68425.docx | ROSS-003296304-ROSS-003296305 |
| Rosal v. First Fed. Bank of California, 671 F. Supp. 2d 1111 | 13+27(1) | Under California law, a claim for restitution is inconsistent and incompatible with a related claim for breach of contract or a claim in tort. | Is a claim for restitution inconsistent and incompatible with a related claim for breach of contract or a claim in tort? | Action - Memo 976 - C - _1h5wS3LIYEaG2WbldIoTu7jg7Skqmm2qy.docx | ROSS-000000076-ROSS-000000077 |
| Sayan v. State, 381 So. 2d 363 | 135H+95.1 | After mistrial, case stands as if it had never been tried, and defendant is subject to being tried again on same charge. | "After mistrial, does a case stand as if it had never been tried, and a defendant is subject to being tried again on the same charge?" | Double Jeopardy - Memo 567 - C - SK_68346.docx | ROSS-003311775 |
| State Fire Marshall v. Lee, 101 Mich. App. 829 | 141E+924 | Christians must comply with fire and safety regulations which are applicable to all schools and which are applied equally to all schools. U.S.C.A.Const. Amend. 1. | Should religious schools comply with fire and safety regulations applicable to schools? | 017167.docx | LEGALEASE-00166951-LEGALEASE-00166952 |
| In re CRIIMI MAE, 251 B.R. 796 | 349A+10 | Under New York law, it is not the characterization contained within contract, but the effect of its terms, which is relevant in distinguishing pledge of securities from absolute conveyance of securities with promise to repurchase. | "Is it not the characterization contained within a contract, but the effect of its terms, which is relevant for a pledge of securities?" | Secured Transactions - Memo 110 - C - DHA_68626.docx | ROSS-003282407-ROSS-003282408 |
| In re Otasco, 196 B.R. 554 | 349A+10 | Whether particular lease is intended for security is to be determined by facts of each case. 12A Okl.St.Ann. S 1-201(37)(b). | Is whether a particular lease is intended for a security to be determined by facts of each case? | 042711.docx | LEGALEASE-00166729-LEGALEASE-00166730 |
| In re Greenville Auto Mall, 278 B.R. 414 | 349A+10 | Under Illinois' revised definition of security interest, the primary focus is on the economic realities of the transaction rather than the intent of the parties. S.H.A. 810 ILCS 5/1-201(37). | "Is the focus on ""economic realities"" of a transaction?" | 042728.docx | LEGALEASE-00166747-LEGALEASE-00166748 |
| In re Wiersma, 283 B.R. 294 | 349A+10 | To differentiate between an absolute assignment and a security interest, Idaho courts examine substance of the relevant documents in context of the surrounding transaction. I.C. S 28-1-201. | When do courts examine substance of the relevant documents in context of the surrounding transaction? | Secured Transactions - Memo 93 - C - MS_68748.docx | ROSS-003279257-ROSS-003279258 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Edison Bros. Stores, 207 B.R. 801 | 349A+10 | Under New York law as it existed at time parties entered into equipment lease, it could be inferred that option price was not nominal, and that lease was true lease rather than disguised security agreement, if lease provided that lessee could acquire leased property only by paying its fair market value at conclusion of lease term. N.Y.McKinney's Uniform Commercial Code S 1-201(37) (1993). | "When deciding whether option price is ""nominal,"" should a court compare option price?" | 042886.docx | LEGALEASE-00167099-LEGALEASE-00167100 |
| Johnston v. Nanney, 147 So. 2d 268 | 371+2974 | Unauthorized acts of assessors and tax collectors in assessing and collecting taxes on property which previously has been adjudicated to state for unpaid taxes cannot bind state and does not constitute waiver of title by state. Act No. 47 of 1938; LSA-R.S. 47:2181, 47:2186. | Is a public property exempt from taxation? | Taxation - Memo 1292 - C - KAD_68506.docx | ROSS-003318845-ROSS-003318846 |
| State ex rel. Wis. Univ. Bldg. Corp. v. Bareis, 257 Wis. 497 | 371+2311 | Exemptions from taxation are acceptable when the property has been acquired and used by and for the benefit of the state. | Are the exemptions from taxation acceptable when the property has been acquired and used by and for the benefit of the state? | 046530.docx | LEGALEASE-00166512-LEGALEASE-00166513 |
| Dobbs v. Shelby Cty. Econ. & Indus. Dev. Auth., 749 So. 2d 425 | 371+2016 | Legislature is prohibited from delegating the power to levy taxes to a public industrial authority (PIA). Const. Art. 1, S 23; Art. 11, S 212. | Is the Legislature prohibited from delegating the power to levy taxes to a public industrial authority? | Taxation - Memo 1322 - C - SC.docx | LEGALEASE-00056656-LEGALEASE-00056657 |
| Hillsborough Inv. Co. v. City of Tampa, 149 Fla. 7 | 371+2016 | The sovereign power to levy a tax and the machinery for collection thereof cannot be transferred to private individuals in absence of statute, but is vested in public officials, and a taxing unit, in absence of statute, cannot assign its claim for taxes to a citizen, and thereby subrogate the citizen to the collecting rights of the taxing unit. | Can a taxing unit assign its claim for taxes to a citizen? | Taxation - Memo 1361 - C - SD_68648.docx | ROSS-003294707-ROSS-003294708 |
| Mitchell v. Knox Cty. Fiscal Court, 165 Ky. 543 | 104+190.1 | Where the power to tax is delegated to the fiscal court, the grant must be strictly construed. | "Where the power to tax is delegated to the fiscal court, how is the grant construed?" | Taxation - Memo 1377 - C - SCG_68664.docx | ROSS-003293598-ROSS-003293599 |
| Amoco Prod. Co. v. S. Ute Indian Tribe, 526 U.S. 865 | 260+2 | "Coal," for purposes of Coal Land Acts of 1909 and 1910, providing that United States reserved coal in lands patented under Acts, does not include coalbed methane (CBM) gas. 30 U.S.C.A. SS 81, 83-85. | "Does the reservation of ""coal"" include gas found within the coal formation, commonly referred to as coalbed methane gas (CBM gas)?" | 021170.docx | LEGALEASE-00167336-LEGALEASE-00167337 |
| Manchester v. City of Amesbury, 138 F. Supp. 3d 54 | 3.77E+11 | Under Massachusetts law, the expression of intention to inflict a crime on another, as required to support conviction for threatening to commit a crime, may contain an explicit or implicit threat; the assessment whether the accused made a threat is not confined to a technical analysis of the precise words uttered. Mass. Gen. Laws Ann. ch. 275, S 2. | Does the expression of an intent to inflict a crime on another need to contain an explicit or implicit threat? | 046874.docx | LEGALEASE-00167377-LEGALEASE-00167378 |
| State v. Quartier, 114 Or. 657 | 307A+61 | Under Or.L. SS 826, 827, ORS 45.020, 45.030, distinction between "affidavit" and "deposition" is that latter is taken with notice to adverse party for purpose of enabling him to attend and cross-examine. | What distinguishes affidavit from deposition? | 07315.docx | LEGALEASE-00077584-LEGALEASE-00077585 |
| Hughes v. Cornerstone Inspection Grp., 336 Ga. App. 283 | 21+1 | Affidavits are admissible forms of evidence that may be filed in opposition to motions. West's Ga.Code Ann. SS 9-11-6(d), 9-11-56(c); Uniform Superior Court Rule 6.2. | Can affidavits be considered as an admissible form of evidence? | 06068.docx | LEGALEASE-00077668-LEGALEASE-00077670 |
| State v. Sachs, 264 S.C. 541 | 349+101 | Search warrant does not offend the constitution so long as it is issued upon affidavit or affirmation. | Will a search warrant issued upon affidavit or affirmation offend the Constitution? | 06073.docx | LEGALEASE-00077690-LEGALEASE-00077691 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gilbride v. Trunnelle, 620 N.W.2d 244 | 21+1 | "Professional statement" is a technique, used as a matter of convenience and practical necessity to establish a record of matters peculiarly within the knowledge of an attorney. | Do professional statements have the effect of an affidavit? | 06592.docx | LEGALEASE-00077738-LEGALEASE-00077739 |
| Dennis v. Coleman's Parking & Greasing Stations, 211 Minn. 597 | 50+1 | A "bailment", like any other contract, may be established by express words, written or oral, or by implication from acts and general conduct. | Can a contract for bailment be an oral agreement? | 06350.docx | LEGALEASE-00078385-LEGALEASE-00078386 |
| Cassidy v. Pavlonnis, 227 Or. App. 259 | 315+34 | A property owner's right to convey the property in exchange for money is a real property interest. | Can a property owner's right to convey the property in exchange for money be termed as a real property interest? | 05384.docx | LEGALEASE-00080827-LEGALEASE-00080828 |
| Jonkers v. Summit Twp., 278 Mich. App. 263 | 20+68 | In cases in which the adverse claimant claims title under color of deed, disseisin occurs when the record owner first receives notice of the adverse deed. | When does Disseisin occur? | 05386.docx | LEGALEASE-00080829-LEGALEASE-00080831 |
| Bonneville Power Admin. v. F.E.R.C., 422 F.3d 908 | 145+1.5 | Even though governmental and municipal utilities are public in normal parlance, they are not "public utilities" under the Federal Power Act (FPA). Federal Power Act, SS 1, 321 et seq., as amended, 16 U.S.C.A. SS 792, 791a et seq. | Can governmental and municipal utilities be termed as public utilities under the Federal Power Act? | 11331.docx | LEGALEASE-00081477-LEGALEASE-00081478 |
| Hetherington v. Camp Bird Min., Leasing & Power Co., 70 Colo. 531 | 145+11(1) | Electricity made by artificial means is a product of manufacture, and is personal property. | Is electricity made by artificial means a product of manufacture and personal property? | 00770.docx | LEGALEASE-00081559-LEGALEASE-00081561 |
| Weitz Co. v. Lexington Ins. Co., 982 F. Supp. 2d 975 | 366+1 | Under Iowa law, equitable subrogation will never be enforced when doing so would be inequitable, or where it would work injustice to others having equal equities. | When would equitable subrogation not be enforced? | 07772.docx | LEGALEASE-00081892-LEGALEASE-00081893 |
| Weitz Co. v. Lexington Ins. Co., 982 F. Supp. 2d 975 | 366+1 | Under Iowa law, equitable subrogation will never be enforced when doing so would be inequitable, or where it would work injustice to others having equal equities. | When would equitable subrogation not be enforced? | 06497.docx | LEGALEASE-00081941-LEGALEASE-00081942 |
| Rivas v. Napolitano, 714 F.3d 1108 | 221+188 | Federal courts are generally without power to review the actions of consular officials. | Do federal courts have power to review the actions of consular officials? | 05046.docx | LEGALEASE-00083740-LEGALEASE-00083741 |
| Rivas v. Napolitano, 714 F.3d 1108 | 221+188 | Federal courts are generally without power to review the actions of consular officials. | Do federal courts have power to review the actions of consular officials? | Ambassadors and Consuls - Memo 28 - SH.docx | ROSS-003284364-ROSS-003284365 |
| Ball v. Rao, 48 S.W.3d 332 | 307A+3 | Repeated violations of limine orders may result in mistrials or reversals. | May repeated violations of limine orders result in mistrials or reversals? | 06548.docx | LEGALEASE-00085044-LEGALEASE-00085045 |
| May v. May, 214 W. Va. 394 | 134+797 | There are a variety of acceptable methods of valuing the goodwill of a professional practice for purposes of equitable distribution, and no single method is to be preferred as a matter of law. | Is there a single acceptable method of valuing goodwill? | 07085.docx | LEGALEASE-00089115-LEGALEASE-00089117 |
| Traders & Gen. Ins. Co. v. Turner, 149 S.W.2d 593 | 413+8 | The Workmen's Compensation Act is not intended to compensate employee merely for loss of earnings, but for loss of earning capacity, at a wage rate based on his capacity to earn when employed full time. Vernon's Ann.Civ.St. art. 8309, S 1, 1st subds. 1-3, 5. | What do workers compensation benefits pay or compensate for? | 01715.docx | LEGALEASE-00092044-LEGALEASE-00092045 |
| Mangiafico v. St., 767 So. 2d 1103 | 307A+563 | It is not an abuse of discretion for a trial court to hold the parties to the terms of its order. (Per Brown, J., with three Justices concuring and two Justices concurring in the result.) | Is it not an abuse of discretion for a trial court to hold the parties to the terms of its order? | 10825.docx | LEGALEASE-00094103-LEGALEASE-00094104 |
| Butler v. Circulus, 557 S.W.2d 469 | 307A+563 | Dismissal for failure to follow a court order presupposes an order lawfully made. | Does a dismissal for a failure to follow a court order presuppose an order lawfully made? | 10851.docx | LEGALEASE-00094149-LEGALEASE-00094150 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Boothe Fin. Corp. v. Lindley, 6 Ohio St. 3d 247 | 92+3560 | States have great discretion in laying taxes; however, taxing power is subject to equal protection clause. U.S.C.A. Const.Amend. 14; Const. Art. 1, S 2. | Do states have great discretion in laying taxes? | 11415.docx | LEGALEASE-00094400-LEGALEASE-00094401 |
| Cristino v. Bur. of Workers' Comp., 2012-Ohio-4420 | 307A+681 | Because affirmative defenses typically rely on matters outside the complaint, they normally cannot be raised in a motion to dismiss for failure to state a claim. Rules Civ.Proc., Rule 12(B)(6). | Do affirmative defenses rely on matters outside the complaint? | 10945.docx | LEGALEASE-00094677-LEGALEASE-00094678 |
| Graves v. State Bd. of Pharmacy, 188 Kan. 194 | 307A+552 | Trial court had no authority to enter any judgment other than dismissal of action which had become moot. | "Does the court have the authority to enter any judgment other than dismissal of an action, which had become moot?" | Pretrial Procedure - Memo # 7831 - C - KG.docx | ROSS-003327220-ROSS-003327221 |
| Nunez v. Burgos, 215 So. 3d 931 | 307A+581 | Abandonment is meant not as a ground to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned. La. Code Civ. Proc. Ann. art. 561. | Is abandonment not meant to dismiss actions on mere technicalities? | 10857.docx | LEGALEASE-00094793-LEGALEASE-00094794 |
| People v. Jordan, 15 Ill. App. 3d 672 | 63+1(1) | A person's receipt of property is not alone enough to sustain a bribery conviction. S.H.A. ch. 38, S 33-1(d). | Is a person's receipt of property alone enough to sustain a bribery conviction? | 10788.docx | LEGALEASE-00094842-LEGALEASE-00094843 |
| Mangiafico v. St., 767 So. 2d 1103 | 307A+563 | It is not an abuse of discretion for a trial court to hold the parties to the terms of its order. (Per Brown, J., with three Justices concuring and two Justices concurring in the result.) | Is it not an abuse of discretion for a trial court to hold the parties to the terms of its order? | 10009.docx | LEGALEASE-00094858-LEGALEASE-00094859 |
| Allied Gas & Chem. Co. v. Federated Mut. Ins. Co., 365 N.W.2d 26 | 307A+590.1 | Effect of a continuance is merely to hold dismissal in suspension on certain conditions which, if not met, will make dismissal automatic. Rules Civ.Proc., Rule 215.1. | Is the effect of a continuance merely to hold dismissal in suspension on certain conditions? | 10374.docx | LEGALEASE-00095537-LEGALEASE-00095538 |
| State ex rel. Hood v. Louisville Tire Ctr., 204 So. 3d 1250 | 307A+581 | The presence of the aggravating factors is not a requirement to dismissal for failure to prosecute, specifically when delay alone may suffice for a dismissal. Miss. R. Civ. P. 41(b). | Is the presence of the aggravating factors a requirement to dismissal for failure to prosecute? | 10178.docx | LEGALEASE-00095616-LEGALEASE-00095617 |
| Bean v. United States, 7 F.2d 393 | 34+63 | Contracts of war risk insurance not to be interpreted according to principles governing other contracts of insurance. | Should contracts of war risk insurance be interpreted according to the principles governing other contracts of insurance? | 09935.docx | LEGALEASE-00095622-LEGALEASE-00095623 |
| Samuels v. King Motor Co. of Fort Lauderdale, 782 So. 2d 489 | 307A+563 | Dismissing a complaint as a sanction under rule pertaining to involuntary dismissal of action for failure to comply with orders of the court to amend a complaint to state a cause of action is generally unnecessary, as dismissal is always available where the complaint does not state a cause of action. West's F.S.A. RCP Rule 1.420(b). | Can action be subject to involuntary dismissal for failure to comply with any rule or order of court? | 09479.docx | LEGALEASE-00096112-LEGALEASE-00096113 |
| Collins v. Bartlett Park Dist., 2013 IL App (2d) 130006 | 307A+683 | A ruling on a motion to dismiss must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party, but conclusions of law or fact unsupported by specific factual allegations are not to be taken as true. S.H.A. 735 ILCS 5/2-619. | When will all pleadings and supporting documents be interpreted most favourable to the non-moving party? | 09758.docx | LEGALEASE-00096407-LEGALEASE-00096409 |
| Adamovic v. METME Corp., 961 F.2d 652 | 25T+113 | Federal policy favoring arbitration does not give courts license to compel arbitration absent agreement to do so. | DoesFederal policy favoring arbitration give courts license to compel arbitration? | 005239.docx | LEGALEASE-00115875-LEGALEASE-00115876 |
| Reeves v. Meridian S. Ry., 61 So. 3d 964 | 386+2 | A trespass is committed even if the trespasser has a good-faith belief that he has a right to enter the land. | Can a trespass be committed even if the trespasser has a good-faith belief that he has a right to enter the land? | 000756.docx | LEGALEASE-00117480-LEGALEASE-00117481 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| English v. Bd. of Sch. Comm'rs of Mobile Cty., 83 F. Supp. 3d 1271 | 78+1119 | Title VII was not designed to make federal courts second-guess the business judgment of employers, and because work assignment claims strike at the very heart of an employer's business judgment and expertise, absent unusual circumstances, they typically do not constitute adverse employment actions supporting a discrimination claim. Civil Rights Act of 1964, § 703(a)(1), 42 U.S.C.A. S 2000e-2(a)(1). | Do federal courts second-guess the business judgment of employers? | 000802.docx | LEGALEASE-00117779-LEGALEASE-00117780 |
| Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638 | 366+1 | Doctrine of equitable subrogation is not created by a contract, but by the legal consequences of the acts and relationships of the parties. | Does legal or equitable subrogation arise from the legal consequences of the acts of the parties? | 044425.docx | LEGALEASE-00125311-LEGALEASE-00125312 |
| Pub. Serv. Comm'n v. Jamaica Water Supply Co., 54 A.D.2d 10 | 317A+111 | General mandate of Public Service Commission to assure safe and adequate service by just and reasonable rates necessarily implies the power to control disbursements of funds as dividends; solvency of a public utility is clearly related to its capability to provide the public service for which it was franchised. Public Service Law SS 89-b, subd. 1, 89-c, subd. 4, 89-j. | What is the general mandate of the Public Service Law? | 042322.docx | LEGALEASE-00125690-LEGALEASE-00125691 |
| Bishop Baking Co. v. Forgey, 538 S.W.2d 602 | 413+51 | Workmen's compensation law is to be liberally construed in order to accomplish its intended purposes, but, it is not a social welfare statute, and the sympathies of the court may not control its determination. | Is the Workers Compensation Act a social welfare statute? | 048503.docx | LEGALEASE-00127495-LEGALEASE-00127496 |
| Jindra v. Diederich Flooring, 181 Wis. 2d 579 | 366+41(6) | Party requesting subrogation has burden of proving that there is some basis for asserting subrogation, and that subrogation should be allowed in those circumstances. (Per Day, J., with two Justices concurring and two Justices concurring in result.) | Does the party requesting subrogation have burden of proving that there is some basis for asserting subrogation? | 043492.docx | LEGALEASE-00127608-LEGALEASE-00127609 |
| Jennings v. High Farms Corp., 35 Misc. 2d 80 | 13+65 | In action for interference with peaceable possession, right to judgment depends on facts as they stood when action was commenced, and not as they stand at date of trial and what defendants may or may not do after service of summons will in no way tend to render ineffectual the judgment for damages. | " In an action at law, does the right to judgment depend on facts as they stood when the action was commenced?" | 006111.docx | LEGALEASE-00128195-LEGALEASE-00128196 |
| Palmer v. State, 140 So. 3d 448 | 211+1658 | An indictment that alleges sexual battery of a child is not required to claim that the sexual penetration occurred without the victim's consent. West's A.M.C. S 97-3-95(1)(c). | Does penetration without consent constitute sexual battery? | 043040.docx | LEGALEASE-00128240-LEGALEASE-00128241 |
| Buckner v. Greenwood, 6 Ark. 200 | 83E+417 | A bill or note payable to bearer passes by delivery, so as to vest the legal interest in the holder, and authorize him to sue upon it in his own name. | Is the legal interest in a promissory note transferable? | 009373.docx | LEGALEASE-00129026-LEGALEASE-00129027 |
| In re Hanley's Estate, 23 Cal. 2d 120 | 30+21 | Jurisdiction cannot be conferred upon appellate courts by consent or stipulation of parties, estoppel or waiver. Code Civ.Proc. S 939; Probate Code, S 1233. | "Can Appellate jurisdiction be conferred by agreement, waiver, or estoppel?" | Appeal and error - Memo 69 - RK.docx | ROSS-003285643-ROSS-003285645 |
| Heisler v. Hines Motor Co., 282 Mont. 270 | 307A+743 | Pretrial order serves to prevent surprise, simplify the issues, and permit counsel to prepare their case for trial. | Does a pretrial order prevent surprise? | 026402.docx | LEGALEASE-00130124-LEGALEASE-00130125 |
| Case Poythress v. J. P. Stevens & Co., 54 N.C. App. 376 | 413+1 | Workers' Compensation Act has never been construed to guarantee recovery; it merely affords right to claim for recovery. | Does the Workers' Compensation Act guarantee recovery? | 047784.docx | LEGALEASE-00132746-LEGALEASE-00132747 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bd. of Ed. of Union Free Sch. Dist. No. 3 of Town of Oyster Bay, Nassau Cty. v. Allen, 6 A.D.2d 316 | 371+2001 | Taxation is to support the public welfare, as that may from time to time and from place to place be conceived. | "Is the theory of taxation, as that may from time to time and from place to place be conceived, to support public welfare?" | Taxation - Memo # 390 - C - KBM.docx | ROSS-003290955-ROSS-003290956 |
| Bradford Motor Cars v. Frem, 511 So. 2d 1120 | 307A+483 | Plaintiff cannot liquidate damages merely by serving a request for admissions which is not answered. | Can a plaintiff  liquidate damages merely by serving a request for admissions which is not answered? | 029892.docx | LEGALEASE-00135536-LEGALEASE-00135537 |
| Reese v. Mayer, 198 Neb. 499 | 48A+171(4.1) | When two vehicles approach intersection at approximately the same time, vehicle on right has right to proceed in lawful manner in preference to vehicle on left; vehicle on right has right to immediate use of intersection, and it is this use of roadway that vehicle on left is required to yield to vehicle on right; right-of-way which vehicle on left is required to yield to vehicle on right is qualified, and driver on right must exercise due care, may not proceed in disregard of surrounding circumstances, and where necessary to avoid collision may be required to yield right-of-way. | Does the driver of motor vehicle approaching from the right have a right of way? | Highways -Memo 91 - GP.docx | ROSS-003291615-ROSS-003291616 |
| Gidden Motor Co. v. Johnston, 155 Miss. 328 | 83E+418 | Nonnegotiable instruments which partake of nature of commercial paper are assignable by indorsement and delivery. | Are non-negotiable instruments which partake the nature of commercial paper assignable by endorsement and delivery? | 009508.docx | LEGALEASE-00140598-LEGALEASE-00140599 |
| Scullin v. Cameron, 518 So. 2d 695 | 30+3239 | Continuances are not favored, and trial court's denial of motion for continuance will be upset on appeal only when a palpable or gross abuse of discretion has been shown. | "Can a trial court deny plaintiff's motion for continuance of trial, as plaintiff had been notified of trial date before?" | 032140.docx | LEGALEASE-00142714-LEGALEASE-00142715 |
| Madera Production Co. v. Atlantic Richfield Co., 107 S.W.3d 652 | 401+5.1 | Suit seeking net profits interest based on ownership of land is considered action on real property interest, meaning the suit must be filed where the property is located. V.T.C.A., Civil Practice & Remedies Code S 15.011. | Is a suit seeking net profits interest based on ownership of land an interest in land? | Venue - Memo 93 - JS.docx | ROSS-003318493-ROSS-003318494 |
| Cokeley v. State, 87 Tex. Crim. 256 | 352H+186 | Under indictment charging rape on woman mentally unsound, it was requisite for state to show: First, the act; and, second, mental unsoundness of the woman. | Does the state have to show that prosecutrix was mentally unsound at the time of intercourse? | 043105.docx | LEGALEASE-00143456-LEGALEASE-00143457 |
| Taylor v. Taylor, 20 Ill. 650 | 307A+746 | Sanctions imposed for violations of a pretrial order must be just and appropriate. Vernon's Ann.Texas Rules Civ.Proc., Rule 166. | Must sanctions imposed for violations of a pretrial order be just and appropriate? | 033873.docx | LEGALEASE-00143645-LEGALEASE-00143646 |
| Meier v. Senecaut, 641 N.W.2d 532 | 313+63 | Motorist failed to present substantial evidence of good cause for failing to serve petition on driver within 90 days of filing petition or to take affirmative action to obtain extension or directions from court when service could not be accomplished; although there was confusion as to whether driver or his grandfather was proper defendant, motorist failed to justify her inability to accomplish service of process after confusion was clarified and she obtained correct address for driver, and it was not enough to merely attempt service at driver's residence during times when working residents would have been expected to be at work. Rules Civ.Proc., Rule 49 (2001). | "When there is no service within ninety days after filing of the petition and no order extending the time for service, is the delay presumptively abusive?" | 034424.docx | LEGALEASE-00143647-LEGALEASE-00143648 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hanson v. Disotell, 106 So. 3d 345 | 307A+587 | Alternative sanction less than dismissal with prejudice of property owner's suit against neighbor and others for owner's failure to prosecute action for conspiracy to interfere with owner's lease agreement did not serve best interests of justice; after Supreme Court issued mandate on interlocutory review in which it remanded with directions to set case for trial, property owner took no action for over four years until he filed motion to set trial, case had been on docket for 11 years, and although death of one witness might not have been sufficient to show prejudice, since his deposition had been preserved for record, defendants suffered prejudice from delay, specifically with potential alteration of physical evidence and witness' memories. Rules Civ.Proc., Rule 41(b). | Is dismissal for failure to comply with an order of the trial court appropriate only where there is a clear record of delay or contumacious conduct? | 034320.docx | LEGALEASE-00144281-LEGALEASE-00144282 |
| Brown v. Kidney & Hypertension Assocs., L.L.P., 5 So. 3d 258 | 307A+590.1 | Any formal discovery is a "step" in the prosecution that can preclude dismissal for abandonment, whether or not filed in the record, provided it has been served on all parties. LSA-C.C.P. art. 561. | Is any formal discovery in a case considered a step in the prosecution? | 036094.docx | LEGALEASE-00148111-LEGALEASE-00148112 |
| Marin Cty. v. Superior Court of Marin Cty., 53 Cal. 2d 633 | 200+80 | All roads committed to care of a county belong, ultimately, to all people of state. | Do all roads committed to the care of a county belong ultimately to all people of the state? | Highways -Memo 254-DB_57969.docx | ROSS-003294906 |
| Bright v. Frank Russell Investments, 191 Wash. App. 73 | 302+20 | Litigants in good faith may raise alternative legal grounds for a desired outcome. | Can litigants in good faith raise alternative legal grounds for a design? | 023620.docx | LEGALEASE-00149027-LEGALEASE-00149028 |
| Pac. Gas & Elec. Co. v. United States, 3 Cl. Ct. 329 | 393+622 | Acceptance or receipt of benefits is not sufficient to create a contract that binds United States in absence of affirmative authorization. | Can the Forest Service personnel contractually bind United States without proper legal authority? | 047561.docx | LEGALEASE-00151244-LEGALEASE-00151245 |
| Vetri v. Johnston, 112 N.Y.S.2d 822 | 83E+469 | Maker of notes was not "necessary party" to action by assignee of accommodation indorser against payee for whom notes were endorsed, for damages sustained when accommodation indorser was compelled to pay notes to purchaser of value after maker and payee failed to meet their obligations. Civil Practice Act, SS 193, 194. | Is the maker of a note a necessary party ? | 010704.docx | LEGALEASE-00152598-LEGALEASE-00152599 |
| City of Madera v. Black, 181 Cal. 306 | 371+2001 | The word "impost," in its broader sense, means any tax or tribute imposed by authority, and applies as well to a tax on persons as to a tax on property. | What does the word impost mean for the purpose of tax? | Taxation - Memo # 917 - C - JL_60621.docx | ROSS-003296562-ROSS-003296563 |
| Thornton v. Crowther, 24 Mo. 164 | 83E+481 | An assignment of a promissory note, written on a separate paper, although not transferring the legal ownership, transfers the beneficial ownership in the note, so as to enable the assignee to sue on it in his own name. | Is an assignee of a note entitled to sue in his own name? | Bills and Notes - Memo 950 - RK_60809.docx | ROSS-003295387 |
| Perkins v. Texas Nat. Bank of Commerce of Houston, 448 S.W.2d 725 | 21+9 | Fact that affidavit contains both admissible and inadmissible matters does not render it entirely void. | Will affidavit be rendered void if it contains both admissible and inadmissible matters? | Affidavits - Memo 73 - _16M8mb00NLo3vkNyEK UPcNSVoN0zC4l88.docx | ROSS-000000241-ROSS-000000242 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nazworth v. Swire Florida, 486 So. 2d 637 | 308+1 | It is the right of control, and not the actual control an employer or owner has over an agent, which determines the agency relationship between the parties. | Is it the actual control by the employer over the agent that determine the relationship between the parties? | 041914.docx | LEGALEASE-00157470-LEGALEASE-00157471 |
| Keough v. Cyrus USA, 204 S.W.3d 1 | 307A+699 | The movant for reinstatement bears the burden to produce evidence supporting the motion. | Does the movant for reinstatement bear the burden to produce evidence supporting the motion? | 039596.docx | LEGALEASE-00159547-LEGALEASE-00159548 |
| Flacke v. Town of Fine, 113 Misc. 2d 56 | 411+8 | Use and preservation of forest preserve is subject to reasonable regulations of Legislature within strictly restricted constitutional bounds. Const.Art. 14, S 1. | Are Forest Preserve District (FPD) creations of the legislature and should the statutes granting power to them be strictly construed? | 047610.docx | LEGALEASE-00159640-LEGALEASE-00159641 |
| Indiana Nat. Bank of Indianapolis v. Goss, 208 F.2d 619 | 8.30E+10 | Under Illinois law, law of place of payment of note is the law which will govern the nature, validity, interpretation, and effect of the obligation. | Which law governs the nature and validity of note? | 009277.docx | LEGALEASE-00160368-LEGALEASE-00160369 |
| United States v. Gonzalez, 76 F.3d 1339 | 135H+25 | Defendant must be party to civil forfeiture proceeding for double jeopardy to attach. U.S.C.A. Const.Amend. 5. | Should a defendant be a party to civil forfeiture proceeding for double jeopardy to attach? | 015750.docx | LEGALEASE-00160721-LEGALEASE-00160722 |
| Shindler v. Marr & Associates, 695 S.W.2d 699 | 289+1110 | Strict compliance with applicable statutes is not required for formation of a limited partnership. Vernon's Ann.Texas Civ.St. art. 6132a, S 3(b). | QuestionIs strict compliance with the applicable statues required for the formation of a limited partnership? | 022665.docx | LEGALEASE-00161309-LEGALEASE-00161310 |
| Purvis v. Busey, 260 Ala. 373 | 200+80 | The public only acquires an easement in highways, the fee of the land remains in the owner subject to the easement. | Does the fee remain with the owner when the public acquires an easement in the highway? | Highways - Memo 399 - RK_66328.docx | ROSS-003281303-ROSS-003281304 |
| Thorp, Smith & Hanchett v. Craig, 10 Iowa 461 | 83E+675 | The law of the place where a bill of exchange is payable governs as to the allowance of days of grace. | Which law governs the allowance of days of grace upon a bill of exchange? | 009235.docx | LEGALEASE-00162783-LEGALEASE-00162784 |
| Dobbs v. Shelby Cty. Econ. & Indus. Dev. Auth., 749 So. 2d 425 | 371+2016 | Legislature is prohibited from delegating the power to levy taxes to a public industrial authority (PIA). Const. Art. 1, S 23; Art. 11, S 212. | Is the Legislature prohibited from delegating the power to levy taxes to a public industrial authority? | Taxation - Memo 1322 - C - SC_68516.docx | ROSS-003280866-ROSS-003280867 |
| Educ. Films Corp. of Am. v. Ward, 282 U.S. 379 | 371+2001 | Nature of tax as regards question of validity must be determined by its operation, rather than by particular descriptive language applied to it. | Should the nature of a tax be determined by its operation or descriptive language? | Taxation - Memo # 851 - C - JL_58479.docx | ROSS-003279913-ROSS-003279914 |
| Cayuga Nation v. Tanner, 824 F.3d 321 | 209+117 | The Bureau of Indian Affairs (BIA) has the authority to make recognition decisions regarding tribal leadership, but only when the situation has deteriorated to the point that recognition of some government was essential for Federal purposes; thus, the BIA has both the authority and responsibility to interpret tribal law when necessary to carry out the government-to-government relationship with the tribe. | What is the relevance of the Bureau of Indian Affairs? | Indians - Memo 15 - JS_62215.docx | ROSS-003280775-ROSS-003280776 |
| McCleery v. Thompson, 130 Pa. 443 | 289+671 | A judgment confessed by one partner in the firm name for a firm debt, though void against the others, is good against the partner confessing it; under it partnership goods may be taken in execution; otherwise if the judgment be confessed by a retiring partner after dissolution. | Will a judgment confessed by one partner in the firm name be void against the non-assenting partners? | Partnership - Memo 468 - JK_58153.docx | ROSS-003282007-ROSS-003282008 |
| United States v. Ahrensfield, 698 F.3d 1310 | 135H+1 | Double Jeopardy Clause embodies two vitally important interests, i.e., the principle that state is not permitted to make repeated attempts to convict individual for same offense and interest in preserving finality of judgments. U.S.C.A. Const.Amend. 5. | What is the two vitally important interests double jeopardy clause embodies? | Double Jeopardy - Memo 713 - C - RF_68035.docx | ROSS-003282432-ROSS-003282433 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Com. v. Stafford, 451 Pa. 95 | 203+507 | One charged with homicide cannot escape liability merely because the blow he inflicts is not mortal, or the immediate cause of death; if his blow is the legal cause in that it started a chain of causation which lead to the death, he is guilty of homicide. | Is criminal responsibility confined to a sole or immediate cause of death? | Homicide - Memo 45 - TH.docx | ROSS-003282704-ROSS-003282705 |
| McDowell v. Citicorp Inc., 752 N.W.2d 209 | 307A+695 | If the dismissal of a complaint also constitutes dismissal of an action, then a motion to amend is improper. SDCL S 15-6-15(a). | "If the dismissal of a complaint also constitutes dismissal of an action, is a motion to amend improper?  " | Pretrial Procedure - Memo 11575 - C - BP_65595.docx | ROSS-003283036-ROSS-003283037 |
| In re Trask, 462 B.R. 268 | 366+1 | Under Maine law, the doctrine of equitable subrogation requires that the equities of the parties be weighed and balanced. | Does the doctrine of equitable subrogation require that the equities of the parties be weighed and balanced? | Subrogation - Memo 177 - ANG C.docx | ROSS-003283189-ROSS-003283190 |
| Mariners Sav. & Loan Assn. v. Neil, 22 Cal. App. 3d 232 | 253+562 | Husband's separate property is not liable for wife's debts contracted either before or after marriage. West's Ann.Civ.Code, S 5103. | Is the separate property of a husband or wife liable for the debts of their spouse? | Marriage and Cohabitation - Memo 15 - RK.docx | ROSS-003284332-ROSS-003284333 |
| Oncor Elec. Delivery Co. v. Murillo, 449 S.W.3d 583 | 272+1000 | A finding of liability on a negligent-activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity. | When does the negligent activity theory of liability be applicable in an action? | Negligence- Memo 9 - VP.docx | ROSS-003284341-ROSS-003284342 |
| Fed. Armored Serv. v. Pub. Serv. Comm'n, 204 Mich. App. 24 | 317A+169.1 | Decision of Public Service Commission (PSC) is unlawful when it involves erroneous interpretation or application of the law and unreasonable when it is unsupported by evidence. M.C.L.A. S 462.26(8). | "When is a decision of the Public Service Commission ("""PSC""")?" | Public Utilities - Memo 156 - AM.docx | ROSS-003285295-ROSS-003285296 |
| Barnes v. Nw. Repossession, 210 F. Supp. 3d 954 | 386+6 | Under Illinois law, an injury to or interference with possession, with or without physical force, constitutes a trespass to personal property. | What constitutes a trespass to personal property? | Trespass - Memo 111 - JS.docx | ROSS-003286301-ROSS-003286302 |
| Eisen v. Venulum Ltd., 244 F. Supp. 3d 324 | 25T+414 | District Court, rather than arbitrator, would determine enforceability of arbitration clauses in investment contracts involving interests in fine wines, even though contracts included requirement that all disputes under contracts be sent to arbitration, since there was no language in contracts expressly stating that arbitrability disputes would be resolved by arbitration, contracts stated that International Chamber of Commerce (ICC) rules would control any arbitration, ICC rule provided that arbitrator determined validity of arbitration agreement if party against which claim had been made challenged its validity, but investor, who was bringing claims against foreign corporation for violations of securities laws, was challenging validity of arbitration clauses. | Does reference to International Chamber of Commerce rules in an arbitration clause present a clear and unmistakable agreement to arbitrate arbitrability ? | Alternative Dispute Resolution - Memo 528 - RK.docx | ROSS-003286520-ROSS-003286521 |
| Ball v. Rao, 48 S.W.3d 332 | 307A+3 | Repeated violations of limine orders may result in mistrials or reversals. | May repeated violations of a court's in limine orders result in mistrials or reversals? | Pretrial Procedure - Memo # 895 - C - VA.docx | ROSS-003286862-ROSS-003286863 |
| Forman v. Fina Oil & Chem. Co., 858 S.W.2d 498 | 307A+717.1 | Mere compliance with rule governing motion for continuance on ground of want of testimony does not guarantee that continuance will be granted. Vernon's Ann.Texas Rules Civ.Proc., Rule 252. | Does a mere compliance with the rule governing motion for continuance on the ground of want of testimony guarantee that a continuance will be granted? | Pretrial Procedure - Memo # 2079 - C - NS.docx | ROSS-003287363-ROSS-003287364 |
| In re Agent Orange Prod. Liab. Litig., 373 F. Supp. 2d 7 | 221+111 | A corporation is not immune from civil legal action based on international law. | Is a corporation immune from civil legal action based on international law? | International Law - Memo # 253 - C - ANC.docx | ROSS-003287648-ROSS-003287649 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Matsyuk v. State Farm Fire & Cas. Co., 155 Wash. App. 324 | 366+1 | The purpose of subrogation is to put the financial consequences on the party responsible for the loss. | Is the purpose of subrogation to put the financial consequences on the party responsible for the loss? | Subrogation - Memo 251 - VG C.docx | ROSS-003288233-ROSS-003288234 |
| City of Costa Mesa v. McKenzie, 30 Cal. App. 3d 763 | 413+391 | Workmen's compensation is compulsory and may not be subsidized by any contributions or exactions from employees. | Is workmen's compensation compulsory and may it be subsidized by any contribution or exactions from employees? | Workers Compensation - Memo #160 ANC.docx | ROSS-003288584-ROSS-003288585 |
| Employers Ins. of Wausau v. Com., Dep't of Transp., 581 Pa. 381 | 366+1 | A subrogation claim, in substance, is equitable in nature, and therefore does not sound in assumpsit. | "Is a subrogation claim, in substance, equitable in nature, and therefore does not sound in assumpsit?" | Subrogation - Memo 551 C - SA.docx | ROSS-003289129-ROSS-003289130 |
| King v. Long Beach Mortg. Co., 672 F. Supp. 2d 238 | 172H+1556 | Delivery of a single copy of the notice does not trigger extension of rescission right to three years under Truth in Lending Act (TILA). 12 C.F.R. S 226.23(a)(3), (b)(1). | Does the delivery of a single copy of the notice trigger an extension of the right to rescission? | Consumer Credit - Memo 202 - RK_61864.docx | ROSS-003293655-ROSS-003293656 |
| DRFP L.L.C. v. Republica Bolivariana de Venezuela, No. 16-3960, 2017 WL 3635530 | 8.30E+12 | The Ohio Uniform Commercial Code (UCC) governs the creation, transfer, and enforceability of negotiable instruments. | "What governs the creation, transfer and enforceability of negotiable instruments? " | Bills and Notes - Memo 78 - KC_65103.docx | ROSS-003294346 |
| U.S. Fid. & Guar. Co. v. State ex rel. Oklahoma Tax Comm'n, 2002 OK 42, 14, 54 P.3d 1010 | 371+3602 | A "sales tax" is a statutorily imposed burden on the sale of goods and based on their value. | "Is a ""sales tax"" a statutorily imposed burden on the sale of goods and based on their value? " | Taxation - Memo 1107 - C - SN_65678.docx | ROSS-003295275-ROSS-003295276 |
| S. Farm Bureau Cas. Ins. Co. v. Tallant, 362 Ark. 17 | 366+1 | "Subrogation" is the substitution of one party for another; the party asserting subrogation is making a demand under the right of another. | Is the party asserting subrogation making a demand under the right of another? | Subrogation - Memo 285 - RM C.docx | ROSS-003295392-ROSS-003295395 |
| Williams v. State Farm Mut. Auto. Ins. Co., 202 Mich. App. 491 | 181+4 | In case of forgery, culpable mental state requires proof of knowledge that instrument is forged. | "In the case of forgery, what does culpable mental state require?  " | Forgery - Memo 58 - SNJ_65942.docx | ROSS-003296221-ROSS-003296222 |
| In re Wyly, 552 B.R. 338 | 308+8 | Under Texas law, an agency relationship need not be expressly established, and instead may be implied based on the conduct of the parties under the circumstances. | How is the agency relationship created? | Principal and Agent - Memo 8 - RK.docx | ROSS-003296249-ROSS-003296250 |
| Williams v. Bank of Tallassee, 456 So. 2d 50 | 307A+695 | When motions to dismiss are granted, plaintiff should always be afforded leave to amend. | "When motions to dismiss are granted, should a plaintiff always be afforded leave to amend?  " | Pretrial Procedure - Memo 11670 - C - SHS_65407.docx | ROSS-003296606 |
| Blankenship v. Estate of Bain, 5 S.W.3d 647 | 366+1 | A right of subrogation may arise by contract (conventional subrogation), by application of equitable principles of law (legal subrogation), or by application of a statute (statutory subrogation). | What can the right of subrogation arise from? | Subrogation - Memo 165 - ANG C.docx | ROSS-003296779-ROSS-003296780 |
| Von Holden v. Chapman, 87 A.D.2d 66 | 368+1 | Preservation of life has high social value in our culture and suicide is deemed "a grave public wrong." | Is suicide deemed as a grave public wrong? | Suicide - Memo 1 - AKA.docx | ROSS-003298142-ROSS-003298143 |
| Sec. Pac. Hous. Servs. v. Friddle, 315 Ark. 178 | 307A+517.1 | Dismissal with prejudice is as conclusive of rights of parties as if there were adverse judgment after trial. | Is dismissal with prejudice as conclusive of rights of parties as if there were an adverse judgment after the trial? | Pretrial Procedure - Memo # 2594 - C - NC.docx | ROSS-003300141-ROSS-003300142 |
| Pinnacle Properties V v. Mainline Supply of Atlanta, 319 Ga. App. 94 | 315+605 | Every legal interest in real and personal property can be seized and sold. | Can every legal interest in real and personal property be seized and sold? | Property - Memo 35 - RM.docx | ROSS-003300718-ROSS-003300719 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stearns Bank N.A. v. Palmer, 182 S.W.3d 624 | 307A+517.1 | The trial court loses jurisdiction on the date a voluntary dismissal is filed. V.A.M.R. 67.02(a). | Does the trial court lose jurisdiction on the date a voluntary dismissal is filed? | Pretrial Procedure - Memo # 2586 - C - NC.docx | ROSS-003301577-ROSS-003301578 |
| In re Cent. Illinois Energy Coop., 561 B.R. 699 | 268+742(4) | Under Illinois law, a statutory immunity from suit or liability is an affirmative defense that must be pleaded and proved by the party seeking its protection. | What is a statutory immunity from suit or liability? | Agriculture - Memo 22 - SB.docx | ROSS-003303470-ROSS-003303471 |
| Pelas v. Wooley, 297 So. 2d 546 | 307A+725 | Every contested motion for continuance is to be tried contradictorily with opposing party. LSA-C.C.P. arts. 1601, 1602. | Is every contested motion for continuance to be tried contradictorily with opposing party? | Pretrial Procedure - Memo # 4571 - C - DA.docx | ROSS-003304217-ROSS-003304218 |
| Wilson v. Cty. of Orange, 881 So. 2d 625 | 307A+561.1 | Dismissal should not be granted on the basis of an affirmative defense, except when the face of the complaint is sufficient to demonstrate the existence of that defense. | Should a dismissal be granted on the basis of an affirmative defense? | Pretrial Procedure - Memo # 8611 - C - DA_59683.docx | ROSS-003308481-ROSS-003308482 |
| Perkins v. Texas Nat. Bank of Commerce of Houston, 448 S.W.2d 725 | 21+9 | Fact that affidavit contains both admissible and inadmissible matters does not render it entirely void. | Will affidavit be rendered void if it contains both admissible and inadmissible matters? | Affidavits - Memo 73 - SNJ_62001.docx | ROSS-003308817-ROSS-003308818 |
| Laurie v. Ezard, 595 S.W.2d 336 | 307A+581 | Dismissal for failure to prosecute should not be based on remote, even if extended, periods of inactivity. | Should dismissal for failure to prosecute be based on remote periods of inactivity? | Pretrial Procedure - Memo # 9691 - C - SK_61592.docx | ROSS-003310242-ROSS-003310244 |
| E. Nat. Bank v. Glendale Fed. Sav. & Loan Ass'n, 508 So. 2d 1323 | 366+1 | Equitable subrogation is governed by operation of equitable principles rather than legal rules and will not be applied where it would work injustice to innocent third parties. | Is the doctrine of equitable subrogation a doctrine based on equity? | Subrogation - Memo 195 - RM.docx | ROSS-003310936-ROSS-003310937 |
| Pusl v. Means, 2009 PA Super 192 | 366+1 | The goal of subrogation is to place the burden of the debt upon the person who should bear it. | Should the goal of subrogation be to place the burden on the debt upon the person who should bear it? | Subrogation - Memo 394 - VP C.docx | ROSS-003311114-ROSS-003311115 |
| First Am. Title Ins. Co. v. Cumberland Cty. Bank, 633 F. Supp. 2d 566 | 366+38 | Under Tennessee law, equitable subrogation will not be enforced when it would work injustice to rights of those having equities. | Will equitable subrogation be enforced when it would work injustice to rights of those having equities? | Subrogation - Memo 172 - ANG C.docx | ROSS-003311488-ROSS-003311489 |
| Zurich Am. Ins. Co. v. S.-Owners Ins. Co., 248 F. Supp. 3d 1268 | 366+27 | Under Florida law, conventional subrogation arises or flows from a contract between the parties establishing an agreement that the party paying the debt will have the rights and remedies of the original creditor. | How does subrogation generally arise? | Subrogation - Memo 73 - VP C.docx | ROSS-003311664-ROSS-003311666 |
| In re Lopez, 486 B.R. 221 | 172H+117 | So long as a borrower receives one notice of right to cancel, the rescission period may not be extended under either the Truth in Lending Act (TILA) or the Massachusetts Consumer Credit Cost Disclosure Act (MCCCDA). Consumer Credit Protection Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq.; M.G.L.A. c. 140D, S 10 et seq. | Can the rescission period be extended if the borrower receives notice? | Consumer Credit - Memo 14 - RK.docx | ROSS-003312430-ROSS-003312431 |
| Senseley v. First Nat. Life Ins. Co., 205 La. 61 | 307A+501 | Plaintiff has control of a suit and the right to discontinue or dismiss it at any time except where rights of defendant are prejudiced, and as respects a reconventional demand the defendant has similar control and rights. Code Prac. art. 491. | Cana plaintiff discontinue an action against a defendant where the rights of the latter will not be prejudiced thereby? | Pretrial Procedure - Memo # 1659 - C - KG.docx | ROSS-003314594-ROSS-003314595 |
| Bullock v. Marathon Oil Co., 798 S.W.2d 353 | 371+2005 | Inherent in state's power to tax is state's freedom to select subjects of taxation. | Is the states freedom to select subjects of taxation inherent in the states power to tax? | Taxation - Memo # 635 - C - NC.docx | ROSS-003317074-ROSS-003317075 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dickenson Manor v. Slagle, 732 S.W.2d 263 | 401+5.3(1) | Phrase "whereby the title thereto may be affected" in statute providing "Suits for the possession of real estate, or whereby the title thereto may be affected, or for the enforcement of the lien of any special tax bill thereon, shall be brought in the county where such real estate, or some part thereof, is situated," means that judgment must operate directly upon the real estate title. V.A.M.S. S 508.030. | How is the term 'whereby the title may be affected' interpreted by the courts? | Venue - Memo 116 - RK.docx | ROSS-003317650-ROSS-003317651 |
| Pennsylvania Nat. Mut. Cas. Ins. Co. v. Ins. Com'r of Com. of Pa., 121 Pa. Cmwlth. 618 | 308+159(1) | Principal is liable for acts of its agent committed in scope of its employment even though principal did not authorize acts. | Can a principal be held liable for an unauthorized act of an agent performed within the scope of his employment? | Principal and Agent - Memo 117 - KC.docx | ROSS-003317894-ROSS-003317895 |
| Lumley v. Bd. of Regents for Univ. of Michigan, 215 Mich. App. 125 | 13+61 | Cause of action accrues when all elements of claim have occurred and can be alleged in proper complaint. | Does a cause of action accrue when all elements of claim have occurred and can be alleged in proper complaint? | Action - Memo # 214 - C - NO.docx | ROSS-003322785-ROSS-003322786 |
| Zurich Am. Ins. Co. v. S.-Owners Ins. Co., 248 F. Supp. 3d 1268 | 366+27 | Under Florida law, conventional subrogation arises or flows from a contract between the parties establishing an agreement that the party paying the debt will have the rights and remedies of the original creditor. | Does subrogation generally arise contractually? | Subrogation - Memo 1005 - C- CAT.docx | ROSS-003323807-ROSS-003323808 |
| Home Ins. Co. v. Cincinnati Ins. Co., 213 Ill. 2d 307 | 208+20 | "Indemnification" differs from "subrogation" in that the entity seeking indemnification does so in its own right, while in the latter the subrogee succeeds to another's right to payment. | Does a party seeking subrogation does so as a successor to another party's right to payment? | Subrogation - Memo 199 - RM C.docx | ROSS-003324593-ROSS-003324594 |
| Wasko v. Manella, 269 Conn. 527 | 366+1 | Equitable subrogation arises strictly as a matter of equity, regardless of whether there is an explicit agreement; it is designed to promote and to accomplish justice and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it. | Is equitable subrogation a remedy that arises strictly as a matter of equity? | Subrogation - Memo 398 - RM C.docx | ROSS-003324937-ROSS-003324938 |
| In re Bill Heard Enterprises, 423 B.R. 771 | 366+1 | Equity rules are not absolute and competing equities must be considered in any subrogation-restitution situation; the subrogee must have clear equity, and subrogation is defeated by countervailing equities. | Are equity rules absolute? | Subrogation - Memo 310 - RM C.docx | ROSS-003324995-ROSS-003324997 |
| Zissu v. IH2 Prop. Illinois, 157 F. Supp. 3d 797 | 386+6 | Trespass to personal property under Illinois law involves an injury to or interferences with possession of chattel, with or without physical force. | Does a trespass to personal property require physical force? | Trespass - Memo 121 - RK.docx | ROSS-003325125-ROSS-003325126 |
| AJJ Enterprises, LLP v. Jean-Charles, 160 Conn. App. 375 | 366+1 | "Subrogation" is a doctrine which equity borrowed from the civil law and administers so as to secure justice without regard to form or mere technicality. | How is subrogation administered? | Subrogation - Memo 65 - RM C.docx | ROSS-003325129-ROSS-003325130 |
| In re Shavers, 418 B.R. 589 | 366+1 | Under Mississippi law, the object of equitable subrogation is the doing of complete, essential, and perfect justice between all parties. | "Is the object of equitable subrogation the doing of complete, essential and perfect justice between all parties?" | Subrogation - Memo 312 - RM C.docx | ROSS-003325143-ROSS-003325145 |
| Farrell by Lehner v. John Deere Co., 151 Wis. 2d 45 | 386+6 | Individual using personal property without owner's permission is trespasser as to owner of property. | Is an individual who uses personal property without the owner's permission a trespasser? | Trespass - Memo 202 - RK.docx | ROSS-003325920-ROSS-003325921 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jindra v. Diederich Flooring, 181 Wis. 2d 579 | 366+41(6) | Party requesting subrogation has burden of proving that there is some basis for asserting subrogation, and that subrogation should be allowed in those circumstances. (Per Day, J., with two Justices concurring and two Justices concurring in result.) | Does a party requesting subrogation have burden of proving that there is a basis for asserting subrogation? | Subrogation - Memo # 1253 - C - KA.docx | ROSS-003327262-ROSS-003327263 |
| United States v. Heyman, 794 F.2d 788 | 111H+8 | Account executive for financial institution who caused financial institution to violate law regarding reporting of large monetary transactions could be convicted of willfully causing deposits to be structured so as to violate reporting law, which if directly performed by financial institution would be federal offense, although he himself had no legal responsibility to file currency transaction reports. 18 U.S.C.A. S 2(b); 31 U.S.C.A. SS 5311, 5313, 5322. | When does a financial institution file a currency transaction report? | Banks and Banking - Memo 3 - MS.docx | ROSS-003311389-ROSS-003311391 |
| Employers Ins. of Wausau v. Com., Dep't of Transp., 581 Pa. 381 | 38+90 | An "assignment" is a transfer of property or some other right from one person to another, and unless in some way qualified, it extinguishes the assignor's right to performance by the obligor and transfers that right to the assignee. | What is an assignment? | 000092.docx | LEGALEASE-00115518-LEGALEASE-00115519 |
| Gulfstream III Assocs. v. Gulfstream Aerospace Corp., 995 F.2d 425 | 38+2 | Validity of assignment of antitrust claim is a matter of federal common law. | Is the assignment of antitrust claim a matter of federal common law? | 000096.docx | LEGALEASE-00115548-LEGALEASE-00115549 |
| Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court, 46 Cal. 4th 993 | 38+31 | The legal concept of "assignment" refers to the transferability of all types of property, including a cause of action. | Does transfer of assignment refer to all types of property? | Assignments - Memo 6 - MS.docx | LEGALEASE-00000118-LEGALEASE-00000119 |
| Beauchamp v. N. Am. Sav. Ass'n, 543 S.W.2d 536 | 195+1 | Transaction of "guaranty" is species of contract with at least three parties, a promisor, creditor to whom promise is made and a debtor, that arises when promisor makes promise to creditor either as to solvency of debtor or as to payment of debt. | How many parties are involved in a contract of guaranty? | Guaranty - Memo 7 - RM.docx | ROSS-003296997-ROSS-003296999 |
| DeCespedes v. Prudence Mut. Cas. Co. of Chicago, Ill., 193 So. 2d 224 | 217+1867 | The contract of insurance is said to be a contract of utmost good faith, and the law of insurance may be thought of as an extension of the law of suretyship. | Are insurance contracts considered as contract of good faith? | 000188.docx | LEGALEASE-00115668-LEGALEASE-00115670 |
| Potter Huffman Land & Live Stock Co. v. Witcher, 48 Cal. App. 93 | 322H+1166 | Where defendant was given sufficient information to place him on inquiry as to plaintiff's rights long before transfer of water rights to him, he was not an innocent purchaser without notice, in view of Civ.Code, S 19, since he had readily accessible means of acquiring knowledge which is equivalent to notice or knowledge of such rights. | Is readily accessible means of knowledge the equivalent to notice? | Notice - Memo 13 - VP.doc | LEGALEASE-00000266-LEGALEASE-00000267 |
| Caldwell v. Corbin, 152 Ga. App. 153 | 392T+6(1) | Administrative Procedure Act and statute governing review of findings of Board of Review of Employment Security Agency are in derogation of common law and must be strictly construed. Code, SS 3A-101 et seq., 54-619. | Is Administrative Procedure Act construed strictly? | Administrative Law - Memo 4 - RM.docx | ROSS-003298367-ROSS-003298369 |
| Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court, 46 Cal. 4th 993 | 38+31 | The legal concept of "assignment" refers to the transferability of all types of property, including a cause of action. | Does transfer of assignment refer to all types of property? | 000098.docx | LEGALEASE-00115555-LEGALEASE-00115556 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jackson Cty. Bd. of Election Comm'rs v. Paluka, 13 S.W.3d 684 | 277+3 | "Implied notice" is knowledge implied from surrounding facts and circumstances, so as to hold one to have known that which he could have discovered by the exercise of ordinary care. | What are the kinds of notices recognized by law? | 000260.docx | LEGALEASE-00115681-LEGALEASE-00115682 |
| Eljer Mfg. v. Kowin Dev. Corp., 14 F.3d 1250 | 25T+374(1) | Arbitration does not provide system of "junior varsity trial courts" offering losing party complete and rigorous de novo review. | What are the benefits of arbitration? | Alternative Dispute Resolution - Memo 17 - JS.docx | LEGALEASE-00000690-LEGALEASE-00000691 |
| Mitchell v. State, 132 Neb. 891 | 181+10 | It is "forgery" fraudulently to alter any part of instrument when alteration is capable of working injury to another, and hence it is "forgery" fraudulently to erase one signature and insert another (Comp.St.1929, SS 28-601, 62-807). | What is a material alteration that constitute forgery? | 003927.docx | LEGALEASE-00115868-LEGALEASE-00115869 |
| Buchta v. Seng, 444 N.E.2d 1250 | 83E+712 | Comaker of note can be accommodation party and is liable as maker to principal, but accommodation party's liability to principal does not affect relationship between accommodation party and party accommodated, and accommodation party is not liable to party accommodated and has right to indemnification against the accommodated party. IC 26-1-3-415, 26-1-3-415(5) (1982 Ed.). | What is the liability of an accommodation party? | Guaranty - Memo 20 - AKA.docx | ROSS-003303162-ROSS-003303163 |
| United States v. Pipkins, 528 F.2d 559 | 311H+156 | It is vital to claim of attorney-client privilege that the communication was made and maintained in confidence. | Is it vital to a claim of attorney-client privilege that the communication has been made and maintained in confidence? | 005291.docx | LEGALEASE-00116039-LEGALEASE-00116040 |
| Phillips v. Scalf, 778 N.E.2d 480 | 315+22 | Under the rule of "mobilia sequuntur personam," the situs of intangible personal property is the legal domicile of the owner. | What is the situs of an intangible personal property? | Property - Memo 6 - ANG.docx | ROSS-003298117-ROSS-003298118 |
| Chavala Co-op. v. Hortman, 93 Ga. App. 505 | 315+22 | Unless otherwise stipulated, situs of a debt follows creditor's domicile and is construed according to laws of state in which creditor resides. | Which is the situs of a debt? | 003053.docx | LEGALEASE-00116075-LEGALEASE-00116076 |
| Henderson v. U.S Patent Comm'n, Ltd., 188 F. Supp. 3d 798 | 25T+112 | A party may not be compelled under the Federal Arbitration Act (FAA) to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so. 9 U.S.C.A. S 4. | Can parties be forced to arbitrate on a class-wide basis? | 03819.docx | LEGALEASE-00078153-LEGALEASE-00078154 |
| S. Owners Ins. Co. v. Cooperativa De Seguros Multiples, 143 So. 3d 439 | 315+603 | The primary elements of ownership of property are the rights of possession, use and enjoyment, the right to change or improve the property, and the right to alienate the property. | What are the elements and rights of ownership of the property? | Property - Memo 10 - ANG.docx | LEGALEASE-00001369-LEGALEASE-00001370 |
| Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662 | 25T+137 | Under the Federal Arbitration Act (FAA), an implicit agreement to authorize class-action arbitration is not a term that the arbitrator may infer solely from the fact of the parties' agreement to arbitrate, because class-action arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator, and the relative benefits of class-action arbitration are much less assured than the benefits of bilateral arbitration, giving reason to doubt the parties' mutual consent to resolve disputes through class-wide arbitration. 9 U.S.C.A. S 1 et seq. | Can parties specify with whom they choose to arbitrate their disputes? | 003754.docx | LEGALEASE-00116156-LEGALEASE-00116158 |
| Cincinnati Ins. Co. v. Am. Hardware Mfrs. Ass'n, 387 Ill. App. 3d 85 | 38+31 | Whether an assignment has occurred is dependent upon proof of intent to make an assignment and that intent must be manifested. | Does the occurrence of an assignment depend upon proof of intent? | Assignments - Memo 35 - JS.docx | ROSS-003311460-ROSS-003311462 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527 | 16+7 | Federal courts in the United States possess jurisdiction in admiralty over claims to enforce a foreign admiralty judgment. 28 U.S.C.A. S 1333. | Can a court of admiralty enforce a decree of a foreign admiralty? | Admiralty Law - Memo 28 - JS.docx | ROSS-003297349-ROSS-003297350 |
| Aerojet-Gen. Corp. v. Am. Arbitration Ass'n, 478 F.2d 248 | 25T+111 | Basic purpose of arbitration is speedy disposition of disputes without the expense and delay of extended court proceedings. | What is the basic purpose of arbitration? | 004140.docx | LEGALEASE-00116232-LEGALEASE-00116233 |
| Merit Ins. Co. v. Leatherby Ins. Co., 714 F.2d 673 | 25T+111 | People who arbitrate do so because they prefer a tribunal knowledgeable about the subject matter of their dispute to a generalist court with its austere impartiality but limited knowledge of the subject matter. | Why do parties prefer to arbitrate? | Alternative Dispute Resolution - Memo 22 - JS.docx | LEGALEASE-00001531-LEGALEASE-00001533 |
| Stark v. Sandberg, Phoenix & von Gontard, P.C., 381 F.3d 793 | 25T+111 | Arbitration is not perfect system of justice, nor is it designed to be; rather, it is designed primarily to avoid complex, time-consuming and costly alternative of litigation. | For what purpose is arbitration primarily designed? | 06328.docx | LEGALEASE-00078413-LEGALEASE-00078415 |
| Int'l Bhd. of Elec. Workers, Local No. 367, AFL-CIO v. Graham Cty. Elec. Coop., 783 F.2d 897 | 25T+111 | "Interest arbitration" is arbitration over new contract terms and is distinct from "grievance arbitration," which covers disputes regarding compliance with an existing agreement. | Differentiate between interest arbitration and grievance arbitration? | 004180.docx | LEGALEASE-00116260-LEGALEASE-00116261 |
| In re Apple iPhone 3G Prod. Liab. Litig., 859 F. Supp. 2d 1084 | 25T+114 | Congress created the Federal Arbitration Act (FAA) to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate and place such agreements on the same footing as other contracts. 9 U.S.C.A. S 1 et seq. | Is arbitration a forum for resolving disputes more expeditiously? | 004202.docx | LEGALEASE-00116271-LEGALEASE-00116273 |
| Brener v. Becker Paribas Inc., 628 F. Supp. 442 | 25T+111 | Arbitration provides prompt and efficient method for resolving disputes, without expense, delays, or complications that are inherent in litigation, and also promotes judicial efficiency in general by reducing courts' case load. | Is arbitration an efficient method of dispute resolution? | 06339.docx | LEGALEASE-00078390-LEGALEASE-00078391 |
| Louisiana Mun. Police Employees Ret. Sys. v. Sealed Air Corp., 253 F.R.D. 300 | 311H+168 | Attorney-client privilege will not be waived by disclosure to agent whose services are necessary for effective representation of client's interests. | Are agents of an attorney covered by attorney-client privilege? | 10523.docx | LEGALEASE-00089335-LEGALEASE-00089336 |
| Louisiana Mun. Police Employees Ret. Sys. v. Sealed Air Corp., 253 F.R.D. 300 | 311H+168 | Attorney-client privilege will not be waived by disclosure to agent whose services are necessary for effective representation of client's interests. | Are agents of an attorney covered by attorney-client privilege? | 07113.docx | LEGALEASE-00089144-LEGALEASE-00089145 |
| Bowne of New York City v. AmBase Corp., 150 F.R.D. 465 | 311H+159 | Under New York law, attorney-client privilege covers communications between attorney and client, as well as between two attorneys who represent client or between client and attorney's agent or between client's agent and attorney. McKinney's CPLR 4503. | Are agents of a client covered by attorney-client privilege? | 005298.docx | LEGALEASE-00116207-LEGALEASE-00116208 |
| Levy v. Senate, 34 A.3d 243 | 311H+146 | Disclosure of a fee agreement between an attorney and client does not reveal a confidential communication and, therefore, is not subject to the attorney-client privilege. | Is a fee agreement a confidential communication? | 005306.docx | LEGALEASE-00116218-LEGALEASE-00116219 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Merit Ins. Co. v. Leatherby Ins. Co., 714 F.2d 673 | 25T+111 | People who arbitrate do so because they prefer a tribunal knowledgeable about the subject matter of their dispute to a generalist court with its austere impartiality but limited knowledge of the subject matter. | Why do parties prefer to arbitrate? | Alternative Dispute Resolution - Memo 22 - JS.docx | ROSS-003284220-ROSS-003284222 |
| In re Bridge Construction Services of Florida, 39 F. Supp. 3d 373 | 354+209(1) | A vessel owner has no right to seek exoneration under Limitation of Liability Act if the owner's right to limitation of liability in the federal court is adequately protected; such protection may include stipulation that the total claim for damages will not exceed the value of the vessel, or that any claim of res judicata bearing on the limitation of liability before the federal court is waived. 46 U.S.C.A. S 30505(a). | Can the liability of a vessel owner exceed the value of the vessel? | 004078.docx | LEGALEASE-00116311-LEGALEASE-00116313 |
| Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading, 697 F.3d 59 | 16+26 | A plaintiff must explicitly designate a claim as an admiralty claim or else forego admiralty's special procedures and remedies; only if admiralty is the sole possible jurisdictional basis is the designation unnecessary. Fed.Rules Civ.Proc.Rule 9(h), 28 U.S.C.A. | What happens when a claim for relief falls within the federal courts' admiralty jurisdiction and also within the court's subject-matter jurisdiction? | Admiralty Law - Memo 24 - JS.docx | ROSS-003286139-ROSS-003286141 |
| Pawn 1st v. City of Phoenix, 239 Ariz. 539 | 414+1006 | A zoning board has no powers except those granted by the statutes creating it, and its power is restricted to that granted by the zoning ordinance in accordance with the statute. A.R.S. S 9-462.06. | Do zoning boards have powers other than those granted by the zoning ordinance? | 06364.docx | LEGALEASE-00078375-LEGALEASE-00078376 |
| Green v. State Civil Serv. Comm'n, 90 Ohio St. 252 | 253+1172 | Crime of bigamy is committed when bigamous ceremonial marriage is consummated and cohabitation is not necessary to constitute crime of bigamy. Burns' Ann.St. SS 10-4204, 10-4205. | Is cohabitation necessary to constitute the commission of the crime of bigamy? | 004798.docx | LEGALEASE-00116332-LEGALEASE-00116334 |
| Ancient Coin Collectors Guild v. U.S. Customs & Border Prot., Dep't of Homeland Sec., 801 F. Supp. 2d 383 | 393+254 | The President is not an "agency" within the meaning of the Administrative Procedure Act (APA); as a result, presidential actions are not reviewable for abuse of discretion under the APA. 5 U.S.C.A. S 702. | Are presidential actions reviewable for abuse of discretion under the Administrative Procedure Act? | 004274.docx | LEGALEASE-00116573-LEGALEASE-00116575 |
| LaPlace v. Briere, 404 N.J. Super. 585 | 50+1 | A bailment may be created by contract, either express or implied, or by operation of law or statute. | Can a contract of bailment be created by operation of law? | Bailment - Memo 11 - ANG.docx | ROSS-003301413-ROSS-003301415 |
| Sierra Club v. Illinois Pollution Control Bd., 2011 IL 110882 | 1.49E+18 | State Pollution Control Board performs both quasi-legislative and quasi-judicial functions; granting of an adjusted standard is an adjudicative determination, that is, quasi-judicial in nature, while the adoption of a rule or regulation is legislative in nature. S.H.A. 415 ILCS 5/28.1(a). | When does the Pollution Control Board grant an adjusted standard to a person in an adjudicatory determination? | Environmental Law - Memo 51 - AKA.doc | LEGALEASE-00002354-LEGALEASE-00002355 |
| Ogle Cty. Bd. on Behalf of Cty.of Ogle v. Pollution Control Bd., 272 Ill. App. 3d 184 | 15A+1104 | Unlike court, administrative agency is statutory creation, limited in its authority by statute, and to extent that agency acts outside its statutory authority, it acts without jurisdiction. | "Is the authority of a statutory administrative agency, like the Pollution Control Board, limited by its enabling statute?" | Environmental Law - Memo 37 - AKA.doc | LEGALEASE-00002479-LEGALEASE-00002480 |
| Brecciaroli v. Connecticut Comm'r of Envtl. Prot., 168 Conn. 349 | 1.49E+04 | The "evils" of unreasonable pollution, impairment or destruction of our natural resources are proper subjects for regulation under the police power. C.G.S.A. S 22a-28; C.G.S.A.Const. art. 1, S 11. | Does prevention of pollution come under the purview of the police power? | Environmental Law - Memo 8 -JS.docx | LEGALEASE-00002734-LEGALEASE-00002736 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Weiss v. Statewide Grievance Comm., 227 Conn. 802 | 46H+1163(5) | Judicial review of statewide grievance committee's conclusions is similar to review afforded to administrative agency decision; judicial role is limited to reviewing record to determine if facts as found are supported by evidence contained within record and whether conclusions that follow are legally and logically correct. Practice Book 1978, S 27N(f). | Is statewide grievance committee (SGC) an agency under the Administrative Procedure Act? | 004594.docx | LEGALEASE-00116966-LEGALEASE-00116967 |
| Atl. Contracting & Material Co. v. Adcock, 161 N.C. App. 273 | 50+5 | For purposes of bailment being created by delivery of possession of goods and acceptance of delivery by bailee, "delivery" is defined as bailor's relinquishing exclusive possession, custody, and control to bailee. | What is delivery in a bailment? | 004632.docx | LEGALEASE-00117023-LEGALEASE-00117024 |
| S/M Indus. v. Hapag-Lloyd A.G., 586 So. 2d 876 | 50+16 | Conversion may occur where there is wrongful delivery of personal property by bailee to third party, resulting in its loss to owner of property; neither sincere or apparently well-founded belief that delivery was right nor exercise of any degree of care constitutes defense even to gratuitous bailee. | When does conversion occur in a bailment? | Bailment - Memo 46 - RK.docx | ROSS-003295880-ROSS-003295881 |
| United States v. Yokley, 542 F.2d 300 | 164T+4 | Limited purpose of Hobbs Anti-Racketeering Act was to amend Anti-Racketeering Act of 1934 without affecting scope of 1934 Act, and by such amendment to curb the kind of labor racketeering reflected by a judicial decision, and to eliminate racketeering in the United States. 18 U.S.C.A. S 1951. | Was the purpose of the Hobbs Act to amend the Anti Racketeering Act? | 005050.docx | LEGALEASE-00117048-LEGALEASE-00117049 |
| Chorpenning v. United States, 11 Ct. Cl. 625 | 25T+112 | To clothe a person with the authority of an arbitrator, the parties must mutually agree to be bound by his decision of the matter in controversy. An arbitrament which concludes only one of the parties would be an anomaly in the law. | How can a person get the authority of an arbitrator? | 005243.docx | LEGALEASE-00116805-LEGALEASE-00116806 |
| Warnick v. Warnick, 133 P.3d 997 | 157+397(5) | Just as the parol evidence rule operates to prevent extrinsic evidence from being used to contradict, subtract from, add to, or vary the terms of an unambiguous contract, it also operates to prevent extrinsic evidence from being used to avoid Revised Uniform Partnership Act's default provisions when the agreement is silent or ambiguous. Wyo.Stat.Ann. S 17-21-101. | Will the Uniform Partnership Act Provisions apply to silent or ambiguous partnership agreement? | Partnership- Memo 6 - JS.docx | ROSS-003284459-ROSS-003284460 |
| Willowbrook Dev. Corp. v. Illinois Pollution Control Bd., 92 Ill. App. 3d 1074 | 149E+682 | Since Pollution Control Board acted unconditionally in granting variance from ban on future connections between sanitary drainage outlets and sewer for 52 of developer's 152 proposed units, while unconditionally denying the variance for the remaining 100 units and since mere fact that Board granted partial variance did not give rise to imposition of a condition on the variance within meaning of Environmental Protection Act, Board's decision to deny variance for 100 of the units was a quasijudicial decision reviewable under the manifest weight of evidence test. S.H.A. ch. 1111/212, SS 1035, 1036. | Can the Pollution Control Board grant a variance if a regulation imposes an arbitrary or unreasonable hardship on an individual polluter under Section 35 of the Environmental Protection Act? | 005031.docx | LEGALEASE-00117183-LEGALEASE-00117184 |
| Walls v. Oxford Mgmt. Co., 137 N.H. 653 | 233+1252 | Landlords owe general duty of reasonable care to their tenants but, as general principle, have no duty to protect tenants from criminal attack. | Does the landlord have a general duty to protect a tenant from criminal attacks? | Landlord and Tenant - Memo 03 - RK.docx | ROSS-003285577-ROSS-003285579 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Pranno, 385 F.2d 387 | 164T+4 | Statute providing for punishment of anyone who in any way or degree obstructs, delays or affects commerce or movement of any article or commodity in commerce by extortion or conspires so to do is to be construed broadly and is not limited to conduct which directly and immediately obstructs a particular movement of goods in interstate commerce. 18 U.S.C.A. S 1951. | Did Congress intend the Hobbs Act to be broadly construed? | 005066.docx | LEGALEASE-00117185-LEGALEASE-00117187 |
| Longo v. Tauriello, 201 Misc. 35 | 233+1841 | The Temporary State Housing Rent Commission is an "administrative agency" of the government engaged in establishing maximum rents for housing accommodations and is not a "judicial body" or a tribunal having the judicial attributes of a court. McK.Unconsol.Laws, SS 8581 et seq., 8584, 8586. | Is a rent commission an administrative agency of the government? | Administrative Law - Memo 156 - RK.docx | ROSS-003299564-ROSS-003299565 |
| Com. v. K.M., 452 Pa. Super. 7 | 352H+21(2) | Female defendant could be convicted of rape, statutory rape, and incest of another female based on evidence that defendant used her lips to penetrate her minor daughter's sex organs. 18 Pa.C.S.A. SS 3121, 4302; S 3122 (Repealed). | Can incest be committed with a minor? | 000435.docx | LEGALEASE-00117426-LEGALEASE-00117427 |
| Harlan E. Moore Charitable Tr. v. United States, 812 F. Supp. 130 | 233+501 | Under Illinois law, most important element in determining whether landlord-tenant relationship or joint venture exists is intention of parties, and burden of proving existence of joint venture is on party who claims relationship exists. | Is intention an element to determine the relationship between a landlord and a tenant? | 000487.docx | LEGALEASE-00117434-LEGALEASE-00117435 |
| Richardson v. Richardson, 309 Mich. 336 | 134+831 | For purposes of property division incident to divorce, an obligation to pay which arises before marriage should be treated as the incurring spouse's separate debt and cannot be assigned to the non-incurring spouse. V.T.C.A., Family Code S 3.001(1, 2). | Can a spouses debt before marriage be considered as that spouses separate debt? | 005125.docx | LEGALEASE-00117343-LEGALEASE-00117344 |
| Ayres v. Hadaway, 303 Mich. 589 | 46H+9 | The practice of law is not a "property right" or a "natural right" or right guaranteed by constitution, but a "privilege" to those who attain certain standards of learning and character. | Is the practice of law a privilege or a property right? | 005157.docx | LEGALEASE-00117363-LEGALEASE-00117364 |
| State v. Graves, 74 N.C. 396 | 315+51 | Rails, when made up into a fence upon the land, become a part of the realty. | "Does a rail, when made up into a fence upon the land, become a part of the realty?" | 005159.docx | LEGALEASE-00117365-LEGALEASE-00117366 |
| Peter Kiewit Sons' v. Douglas Cty., 172 Neb. 710 | 371+2232 | Bank accounts of corporation kept in bank outside of state of corporation's domicile are taxable in state of domicile unless shown to be within exception to general rule that intangible personal property has situs of domicile of owner for tax purposes. | What is the general rule regarding the location of intangible personal property? | 005163.docx | LEGALEASE-00117369-LEGALEASE-00117370 |
| Barnette v. Grizzly Processing, 809 F. Supp. 2d 636 | 279+9 | Under Kentucky law, claims for trespass and nuisance both require that plaintiffs establish causation, i.e., that the defendants caused the harm. | Does a claim for trespass require causation? | 000713.docx | LEGALEASE-00117539-LEGALEASE-00117540 |
| Muhammad v. United States, 884 F. Supp. 2d 306 | 393+905 | Federal Tort Claims Act (FTCA) did not waive government immunity from strict liability tort of trespass, which was alleged in occupants' complaint, which claimed that federal agents planned and authorized the entry and search of their property with the purpose of arresting a fugitive; complaint failed to allege a negligent or reckless trespass under Pennsylvania law over which court would have subject matter jurisdiction. 28 U.S.C.A. SS 1346(b), 2680(h); Restatement (Second) of Torts SS 165, 232. | Is trespass a strict liability tort? | Trespass - Memo 52-JS.docx | LEGALEASE-00004184-LEGALEASE-00004185 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Calvert & Marsh Coal Co. v. Pass, 393 So. 2d 955 | 386+1 | Wantonness in a trespass action is established by mere knowledge on the part of the defendant of his invasion of the plaintiff's rights. | How is the element of wantonness established in a trespass action? | Trespass - Memo 9 - RK.docx | ROSS-003311187-ROSS-003311188 |
| Corzelius v. Harrell, 143 Tex. 509 | 260+92.3(2) | The statutes authorizing Railroad Commission to adjust correlative rights of owners of gas in common reservoir are not unconstitutional as conferring purely judicial duties on administrative body, in view of constitutional provision authorizing legislature to pass all laws appropriate for conservation and development of state's natural resources and statutes providing for full review of Commission's orders in courts. Vernon's Ann.Civ.St. arts. 6008, SS 3, 7, 10, 11, 6049c, SS 7, 8, 6049d, S 4; Vernon's Ann.St.Const. art. 2, S 1; art. 16, S 59a, adopted Aug. 21, 1917. | Is a statute authorizing the Railroad Commission to adjust correlative rights valid? | 000343.docx | LEGALEASE-00117695-LEGALEASE-00117696 |
| State v. Parsley, 521 N.W.2d 44 | 203+504 | Claim of accidental discharge may establish defense to charge of intentional homicide. | Can accidental discharge be used as a defense to the charge of intentional homicide? | 000432.docx | LEGALEASE-00117750-LEGALEASE-00117751 |
| State v. McCall, 245 Iowa 991 | 253+1141 | "Incest", in short, is sexual intercourse between persons too closely related, and is comparable with "adultery" which is sexual intercourse between persons one or both of whom are married to third persons. I.C.A. S 704.1. | Is incest comparable with adultery? | 000453.docx | LEGALEASE-00117722-LEGALEASE-00117723 |
| State v. Farrington, 35 Wash. App. 799 | 352H+5(7) | Incest and indecent liberties do not have identical elements and violation of incest statute does not necessarily violate indecent liberties statute; therefore, incest is not a special statute superseding indecent liberties so as to deny defendant equal protection when he was charged with indecent liberties rather than incest. West's RCWA 9A.64.020. | Do incest and indecent liberties have identical elements? | Incest - Memo 7 - TH.docx | ROSS-003285479-ROSS-003285480 |
| Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co., 598 F.3d 257 | 219+39(2.15) | Damages are "liquidated damages" under Kentucky law, for purposes of award of prejudgment interest, when the amount in question is either agreed upon by the parties or is fixed by operation of law or the parties. | What are liquidated and unliquidated damages? | 000591.docx | LEGALEASE-00117650-LEGALEASE-00117652 |
| Jenoff v. Hearst Corp., 453 F. Supp. 541 | 237+120(2) | Plaintiff in a defamation action cannot recover punitive or exemplary damages in absence of proof of actual malice. U.S.C.A.Const. Amend. 1. | When can exemplary damages not be recovered by a plaintiff? | 000603.docx | LEGALEASE-00117656-LEGALEASE-00117657 |
| Glassey v. Cont'l Ins. Co., 176 Wis. 2d 587 | 313A+114 | Strict liability and negligence are alternative theories of recovery in Wisconsin products liability cases. | Is strict liability an alternative to the negligence theory of recovery? | 000661.docx | LEGALEASE-00117590-LEGALEASE-00117591 |
| Gutterman v. Target Corp., 242 F. Supp. 3d 695 | 313A+113 | Under Illinois law, a negligence-based theory of products liability focuses on the defendant's conduct, whereas a strict products liability-based theory focuses on the product at issue. | Does the negligence based theory of product liability focuses on defendant's conduct? | Products Liability - Memo 25- JS.docx | ROSS-003298035-ROSS-003298036 |
| Citizens Nat. Bank of Kirksville, Mo., v. Comm'r of Internal Revenue, 122 F.2d 1011 | 315+63 | An "equitable title" is a right possessed by a person to have the legal title to property transferred to him upon the performance of specified conditions. | What is an equitable title under property law? | 000678.docx | LEGALEASE-00117600-LEGALEASE-00117604 |
| In re Rausch, 213 B.R. 364 | 92+1114 | While right to engage in one's occupation is important right that cannot be denied without due process under the Fifth Amendment, it is not fundamental right. U.S.C.A. Const.Amend. 5. | Is a right to engage in a particular occupation a fundamental right? | Labor and Employment - Memo 1 - VP.docx | ROSS-003283625-ROSS-003283626 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Novecon Ltd. v. Bulgarian-Am. Enter. Fund, 190 F.3d 556 | 237+51(1) | Under District of Columbia law, the common-law malice necessary to overcome the self-defense privilege to alleged defamation is considerably different from the actual malice necessary to overcome the First Amendment privilege; while the latter requires publication with knowledge that a statement was false or with reckless disregard as to whether it was false, common-law malice, by contrast, emphasizes bad faith and evil motive. U.S.C.A. Const.Amend. 1. | Is common law malice different from actual malice? | 000572.docx | LEGALEASE-00117665-LEGALEASE-00117666 |
| Jenoff v. Hearst Corp., 453 F. Supp. 541 | 237+120(2) | Plaintiff in a defamation action cannot recover punitive or exemplary damages in absence of proof of actual malice. U.S.C.A.Const. Amend. 1. | When can exemplary damages not be recovered by a plaintiff? | Libel and Slander - Memo 86 - TH.docx | LEGALEASE-00004718-LEGALEASE-00004719 |
| Antolovich v. Brown Grp. Retail, 183 P.3d 582 | 386+2 | Intent is an element of the tort of trespass, as trespass requires an intent to cause a thing to enter the plaintiff's property. Restatement (Second) of Torts, S 158. | Is intent or intentional act an element of trespass? | 000882.docx | LEGALEASE-00117942-LEGALEASE-00117943 |
| Hoffman v. Cargill Inc., 236 F.3d 458 | 25T+113 | The Federal Arbitration Act (FAA) established a liberal federal policy favoring arbitration agreements, and compels courts to be solicitous of both the arbitration process and its results. 9 U.S.C.A. SS 1-16. | Does the Federal Arbitration Act (FAA) compel courts to be solicitous of the arbitration process and its results? | 001047.docx | LEGALEASE-00118046-LEGALEASE-00118048 |
| State v. Ryan, 249 Neb. 218 | 203+523 | Without element of malice or mens rea, second-degree murder statute would be of doubtful validity and perhaps unconstitutional. Neb.Rev.St. S 28-304(1). | Is malice an essential element of murder? | 001066.docx | LEGALEASE-00118066-LEGALEASE-00118067 |
| Wadsworth v. State, 275 Mont. 287 | 92+1114 | While State Constitution encompasses right to opportunity to pursue employment generally as necessary incident of fundamental right to pursue life's basic necessities, applicable provision does not, without more, grant right or property interest in any particular job or employment. Const. Art. 2, S 3. | Is the right to employment a fundamental right? | Labor and Employment - Memo 12 - VP.docx | LEGALEASE-00004956-LEGALEASE-00004957 |
| United States v. Loera, 952 F. Supp. 2d 862 | 209+278 | While defendant charged with misdemeanor offense of assault by striking, beating, or wounding an Indian on tribal land, being himself 3/16ths Mojave Indian by blood, barely satisfied "Indian blood" prong of test for Indian status, he did not satisfy "tribal or government recognition" prong, where defendant's application for enrollment in tribe had been rejected on multiple occasions, defendant had never maintained his own residence on Indian reservation, defendant had not participated, to any substantial degree, in exclusively tribal, as opposed to generic "Native American," activities, and only tribe with which defendant claimed any affiliation had refused to recognize him as member; accordingly, even assuming that federal statute under which prosecution was brought, which authorized federal courts to preside over prosecutions arising out of crimes committed by "non-Indians" against Indians in Indian country, used the term "Indians" in broad sense, as not being limited to enrolled members of Indian tribe, defendant was still a "non-Indian" and thus subject to prosecution in federal court. 18 U.S.C.A. S 1152. | ho can be described as Indians or Native Americans? | Indians - Memo 2 - JS.docx | LEGALEASE-00004964-LEGALEASE-00004965 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Perry v. Wilson, 183 Ky. 155 | 315+22 | The title to real estate is governed solely by the law of the place where it is situated. | Is title to real estate governed by the laws of the place where it is situated? | 000675.docx | LEGALEASE-00118264-LEGALEASE-00118266 |
| New York Pub. Interest Research Grp. by Wathen v. Town of Islip, 71 N.Y.2d 292 | 149E+595(6) | Consent order of Department of Environmental Conservation which modified prior order pertaining to town landfill by increasing landfill's permissible slope and maximum height and permitting burial of ash in one portion of landfill was not "action" triggering requirements for State Environmental Quality Review Act compliance; order on consent was modification of prior order which, itself, was order made in enforcement proceeding exempt from Act, and order imposed substantial obligations on town. McKinney's ECL SS 8-0105, subd. 5, 27-1313. | Do the Commissioner has the prosecutorial discretion to issue and modify orders in enforcement proceedings in connection with violations of Environmental Conservation Law (ECL)? | Environmental Law - Memo 88 - VP.docx | ROSS-003311279-ROSS-003311280 |
| Hill v. Liebman, 53 Ga. App. 462 | 233+1354 | In tenant's action for injuries caused by negligence of defendant in making repairs to premises, allegations of petition that plaintiff rented premises from defendant and that rent was paid to and accepted by defendant held sufficient as allegation of relationship of landlord and tenant, since person may be landlord without being owner (Code 1933, SS 61-111, 61-112). | Could a person be a landlord without being the owner? | Landlord and Tenant - Memo 50 - ANG.docx | ROSS-003311247-ROSS-003311248 |
| Green Tree-AL LLC v. Dominion Res., 104 So. 3d 177 | 315+607 | Because a manufactured home is personal property, it cannot be conveyed by deed and must be conveyed by transferring the certificate of title as required by statute. Code 1975, S 32-20-30(a). | Can a manufactured home be a personal property? | 000964.docx | LEGALEASE-00118195-LEGALEASE-00118196 |
| In re Hass, 273 B.R. 45 | 25T+113 | Consensual resolution of litigation has been favored in the law from time immemorial, whether by the parties themselves, or through mediation or other techniques of dispute resolution. | Is consensualresolution of litigation favored in law? | Alternative Dispute Resolution - Memo 160 - RK.docx | LEGALEASE-00005382-LEGALEASE-00005383 |
| Safer v. Nelson Fin. Grp., 422 F.3d 289 | 25T+139 | There is strong federal policy in favor of arbitration; arbitration should not be denied unless it can be said with positive assurance that arbitration clause is not susceptible of interpretation which would cover dispute at issue. | Under what circumstances may courts deny arbitration? | 001193.docx | LEGALEASE-00118428-LEGALEASE-00118429 |
| SR Int'l Bus. Ins. Co. v. Energy Future Holdings Corp., 539 F. Supp. 2d 871 | 25T+112 | In determining whether parties should be compelled to arbitrate a dispute, the district court applies a two-pronged test to determine: (1) whether the parties agreed to arbitrate the dispute, and (2) whether legal constraints external to the parties' agreement foreclosed arbitration of those claims. | Under what circumstances may courts deny arbitration? | Alternative Dispute Resolution - Memo 203 - RK.docx | LEGALEASE-00005490-LEGALEASE-00005491 |
| Detroit, G.H. & M. Ry. Co. v. Weber, 248 Mich. 28 | 148+8 | Extent to which power of eminent domain may be exercised is restricted to express terms or clear implication of statute containing grant. | Can eminent domain be applied by implication? | 05824.docx | LEGALEASE-00080888-LEGALEASE-00080889 |
| Beeland Wholesale Co. v. Kaufman, 234 Ala. 249 | 148+1 | "Eminent domain" is in the nature of a forced sale of property rights for an amount of money equal to value of property rights. | Is eminent domain a forced or voluntary sale? | 001263.docx | LEGALEASE-00118340-LEGALEASE-00118341 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| F. F. E. Co. v. United Oystermen's Union 19600, 130 N.J. Eq. 292 | 95+116(1) | In view of National Labor Relations Act, specifically authorizing closed shop contracts, and state legislation, providing that no injunction shall issue prohibiting requirements that all employees of a particular employer or group of employers shall be members of a particular labor organization, contract between labor union and employer, requiring union membership or permits as condition of continuance of employment, was not void as being against public policy. National Labor Relations Act § 8, 29 U.S.C.A. § 158; N.J.S.A. 2A:15-51. | Are closed shop contracts unlawful? | Labor and Employment - Memo 17 - VP.docx | ROSS-003283731-ROSS-003283732 |
| Jobes v. Evangelista, 369 N.J. Super. 384 | 249+28 | "Actual malice" component of a cause of action for malicious prosecution is the intentional doing of a wrongful act without just cause or excuse. | How is actual malice defined in an action for malicious prosecution? | 001826.docx | LEGALEASE-00118225-LEGALEASE-00118226 |
| Green Tree-AL LLC v. Dominion Res., 104 So. 3d 177 | 315+607 | Because a manufactured home is personal property, it cannot be conveyed by deed and must be conveyed by transferring the certificate of title as required by statute. Code 1975, § 32-20-30(a). | Is it possible to convey a manufactured home by deed? | 000974.docx | LEGALEASE-00118454-LEGALEASE-00118455 |
| Barrett v. Manufacturers Ry. Co., 453 F.2d 1305 | 25T+376 | Arbitration is favored by the law and the decision of the arbitrators is final and not subject to review on either the merits or procedural issues. Labor Management Relations Act, 1947, § 301, 29 U.S.C.A. § 185. | Is the decision of the arbitrator subject to review? | 001140.docx | LEGALEASE-00118677-LEGALEASE-00118679 |
| Project Reflect v. Metro. Nashville Bd. of Pub. Educ., 947 F. Supp. 2d 868 | 1.41E+04 | In Tennessee, school-age children have a constitutional and statutory right to a public education. West's T.C.A. Const. Art. 11, § 12; West's T.C.A. §§ 49-6-3001(c)(1), 49-6-3003. | Do school-age children have a constitutional and statutory right to a public education? | Education - Memo 2 - JS.docx | ROSS-003311091-ROSS-003311092 |
| Simpson v. Harper, 21 Tenn. App. 431 | 146+24 | Partner, though liable civilly for debts of partnership, was not liable criminally for the embezzlement by a copartner, done without partner's consent or knowledge. | "Can a partner, held civilly liable for embezzling partnership property, be held criminally liable?" | 001222.docx | LEGALEASE-00118680-LEGALEASE-00118681 |
| State v. Yell, 104 N.H. 87 | 146+27 | Word "fraudulent" in indictment charging embezzlement includes "intent" to do act and is descriptive of motive. | What does the word fraudulent imply in an indictment charging embezzlement? | 001228.docx | LEGALEASE-00118558-LEGALEASE-00118559 |
| Whatley v. State, 135 Tex. Crim. 490 | 146+27 | The use of word "fraudulently" is indispensable in charging offense of theft by bailee under statute providing that any person having possession of personalty by virtue of a bailment who should "fraudulently" convert such property should be guilty of theft. Pen.Code 1925, art. 1429. | Is use of the word fraudulent indispensable in charging an offence of theft? | 001233.docx | LEGALEASE-00118579-LEGALEASE-00118580 |
| Wells v. Liddy, 1 F. Supp. 2d 532 | 237+1.6 | In defamation actions, the place of the harm, for Maryland choice-of-law purposes, has traditionally been considered to be the place where the defamatory statement was published, i.e., seen or heard by nonparties. Restatement of Conflict of Laws §§ 377, 377 note. | What is place of harm in a defamation cases? | 001333.docx | LEGALEASE-00118480-LEGALEASE-00118482 |
| Graber v. Fuqua, 279 S.W.3d 608 | 249+36 | Claims for malicious prosecution arise only after the underlying case reaches a final judgment and all appeals are exhausted. | When is judgment considered as final for malicious prosecution action? | 001485.docx | LEGALEASE-00118592-LEGALEASE-00118593 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cherry v. Dealers Transport Co., 64 F.Supp. 682 | 170A+655 | The phrase "all pleadings shall be so construed as to do substantial justice", as used in the Federal Rules of Civil Procedure and amendments to the Missouri Civil Procedure Code pertaining to pleadings, must be given a practical meaning which does not contemplate that plaintiff may be pleading mislead his adversary or that a party should be permitted to weave a net of artificial refinements and subtle technicalities in which to catch an unwary litigant. V.A.M.S. SS 509.040, 509.050; Fed.Rules Civ.Proc. rule 8, 28 U.S.C.A.; Appendix of Forms, forms 9, 10, 28 U.S.C.A. | Should pleadings be construed to do substantial justice? | Pleading - Memo 49 - ANG.docx | ROSS-003284045-ROSS-003284046 |
| Collins v. Int'l Dairy Queen, 168 F.R.D. 668 | 25T+112 | Pursuant to Federal Arbitration Act, parties may not be compelled to submit commercial dispute to arbitration unless they have contracted to do so. 9 U.S.C.A. SS 2-4. | Can parties be compelled to submit commercial disputes to arbitration? | 001694.docx | LEGALEASE-00118738-LEGALEASE-00118739 |
| Leprino Foods Co. v. Gress Poultry, 379 F.Supp.2d 650 | 289+454 | Under Pennsylvania law, to determine if a partnership exists, there must be clear, mutual assent on the part of two or more persons to form a partnership. | Is mutual assent required to form a partnership? | Partnership - Memo 48 - RK.docx | ROSS-003297975-ROSS-003297976 |
| Salyer v. S. Poverty Law Ctr., 701 F. Supp. 2d 912 | 237+27 | As predicted by federal court, Kentucky would follow "single publication rule," for mass publications of allegedly defamatory materials, which provides that any form of mass communication or aggregate publication is a single communication and can give rise to only one action for libel. | What is aggregate communication in defamation? | 10821.docx | LEGALEASE-00081473-LEGALEASE-00081474 |
| Camunes v. Frontier Enterprises, 61 S.W.3d 579 | 231H+782 | The only judicially-created exception to the employment-at-will doctrine is the discharge of an employee for the sole reason that the employee refused to perform an illegal act. | Is there any judicial exception to the employment-at-will doctrine? | Labor and Employment - Memo 40 - VP.docx | ROSS-003286403-ROSS-003286404 |
| Nelson v. Seaboard Sur. Co., 269 F.2d 882 | 289+507 | Under Minnesota law, issue of existence of a partnership is a question of fact when there is a showing of participation in profits. | Is the existence of partnership a question of fact or a question of law? | 001563.docx | LEGALEASE-00118957-LEGALEASE-00118958 |
| Winston & Strawn LLP v. Law Firm of John Arthur Eaves, 47 F. Supp. 3d 68 | 289+450 | Under Mississippi law, an express agreement is not required to form a partnership, and intent may be implied or established from the surrounding circumstances. Miss. Code Ann. S 79-13-202(a). | Can a partnership without an express agreement be implied through the parties conduct? | Partnership - Memo 69 - ANG.docx | ROSS-003282348-ROSS-003282350 |
| Lutz v. Erie Ins. Exch., 848 N.E.2d 675 | 157+43(2) | A trial court may judicially notice a party's pleadings, whether or not facts recited in those pleadings are susceptible to judicial notice. Rules of Evid., Rule 201. | Can courts take judicial notice of pleadings? | 001590.docx | LEGALEASE-00119062-LEGALEASE-00119063 |
| People v. Sanchez, 24 Cal. 4th 983 | 203+507 | There may be multiple proximate causes of a homicide, even where there is only one known actual or direct cause of death. West's Ann.Cal.Penal Code S 187. | Can there be multiple proximate causes for a homicide? | Homicide - Memo 42 - TH.docx | ROSS-003283970-ROSS-003283972 |
| Mohegan Tribe v. State of Conn., 638 F.2d 612 | 209+120 | "Within the bounds of the United States" language of 1793, 1796, 1799, and 1802 Nonintercourse statutes, which provided that no purchase of Indian lands within the bounds of the United States would be valid unless accomplished by a federal treaty, was not merely meant to exclude land transactions with tribes residing outside of the United States that claimed land within the United States. Act March 1, 1793, S 1 et seq., 1 Stat. 329; Act May 19, 1796, S 1 et seq., 1 Stat. 469; Act March 3, 1799, S 1 et seq., 1 Stat. 743; Act March 30, 1802, S 1 et seq., 2 Stat. 139; Act June 30, 1834, SS 1 et seq., 29, 4 Stat. 729. | Will Indian land transactions be unlawful under the Nonintercourse Act unless approved by the United States? | Indians - Memo 25 - TH.doc | LEGALEASE-00006857-LEGALEASE-00006859 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Karuk Tribe of California v. U.S. Forest Serv., 640 F.3d 979 | 209+122 | Treaties signed between the United States and several California tribes in 1851 and 1852 were never ratified by the Senate, and thus have no binding effect on the United States. U.S.C.A. Const. Art. 2, S 2, cl. 2. | Is the United States bound by an Indian treaty not ratified by the Congress? | 001780.docx | LEGALEASE-00118901-LEGALEASE-00118903 |
| Porter v. Kimzey, 309 F. Supp. 993 | 106+508(7) | Where prosecution under criminal defamation statute affected plaintiff alone and not a group seeking to exercise some broad right of freedom of speech and arrest was based upon private warrant taken out by one citizen of state against another and was not founded on organized effort at law enforcement or harassment by public officials, action to enjoin indictment or prosecution did not lie. Code Ga. S 26-2804; U.S.C.A.Const. Amend. 1. | What is criminal defamation? | 002097.docx | LEGALEASE-00119403-LEGALEASE-00119405 |
| Brady v. Brady, 161 N.C. 324 | 401+4 | Within the rule that a cause of action, when local, may be tried only in the state where the transaction relied on occurred, and, when transitory, may be tried elsewhere, actions are "transitory" when the transactions relied on might have taken place anywhere, and are "local" when they could not occur except in some particular place. | What is the distinction between local and transitory actions? | 10830.docx | LEGALEASE-00081452-LEGALEASE-00081454 |
| In re Application of Neb. Pub. Power Dist., 281 Neb. 350 | 145+1 | A decision of the Power Review Board (PRB) will be affirmed if it is supported by the evidence and is not arbitrary, capricious, unreasonable, or otherwise illegal. | When will a decision of the Power Review Board be affirmed? | Electricity - Memo 9 - JS.docx | ROSS-003312705-ROSS-003312706 |
| In re City of N. Platte, 257 Neb. 551 | 145+1 | Decision of the Power Review Board (PRB) will be affirmed if it is supported by the evidence and is not arbitrary, capricious, unreasonable, or otherwise illegal. | When will a decision of the Power Review Board be affirmed? | 002232.docx | LEGALEASE-00119315-LEGALEASE-00119316 |
| State v. Sage, 255 Mont. 227 | 207+4 | By purposely urging his natural daughter to have sexual relations with him, defendant completed crime of solicitation of incest justifying his conviction. MCA 45-4-101, 45-5-507; Ill.S.H.A. ch. 38, P 1-1 et seq., 8-1. | Does sexual relationship between father and natural daughter amount to incest? | Incest - Memo 42 - JS.docx | LEGALEASE-00007549-LEGALEASE-00007550 |
| Kraft v. Langford, 565 S.W.2d 223 | 115+39 | Concepts of temporary and permanent injuries to real property are mutually exclusive and damages for both may not be recovered in same action. | Can a party recover damages for both permanent and temporary damages in a single action? | 001902.docx | LEGALEASE-00119617-LEGALEASE-00119618 |
| State v. McCall, 245 Iowa 991 | 207+6 | The term "sexual intercourse", as it relates to law of incest, means sexual or carnal connection, or coition, and the term necessarily includes penetration. I.C.A. S 704.1. | What is sexual penetration under incest laws? | 002883.docx | LEGALEASE-00119784-LEGALEASE-00119785 |
| Long v. Fulton Cty. Sch. Dist., 807 F | 13+1 | Whether a litigant has a cause of action is analytically distinct and prior to the question of what relief, if any, a litigant may be entitled to receive. | Can a litigant have cause of action? | Action - Memo 41 - RM.docx | LEGALEASE-00008725-LEGALEASE-00008727 |
| Prof'l Real Estate Inv'rs v. Columbia Pictures Indus., 508 U.S. 49 | 13+2 | Probable cause to institute civil proceedings requires no more than reasonable belief that there is chance that claim may be held valid upon adjudication. | When does a litigant have probable cause to initiate a suit? | 002484.docx | LEGALEASE-00119905-LEGALEASE-00119907 |
| Ray v. Donohew, 177 W. Va. 441 | 366+32 | Doctrine of subrogation means that one who has right to pay, and does pay, that which ought to have been paid by another is entitled to exercise all remedies with creditor possessed against other. | What does the right of subrogation depend upon? | 002579.docx | LEGALEASE-00120135-LEGALEASE-00120136 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Weitz Co. v. Lexington Ins. Co., 982 F. Supp. 2d 975 | 366+1 | Under Iowa law, equitable subrogation will never be enforced when doing so would be inequitable, or where it would work injustice to others having equal equities. | When would equitable subrogation not be enforced? | Subrogation - Memo 36 - RM.docx | ROSS-003282602-ROSS-003282603 |
| Am. Sur. Co. of New York v. State Tr. & Sav. Bank of Mt. Pleasant, 218 Iowa 1 | 366+1 | Doctrine of equitable subrogation will not be enforced when doing so would be inequitable or where it would work injustice to others having equal equities (Code 1931, S 11667). | When would equitable subrogation not be enforced? | Subrogation - Memo 36 - RM.docx | LEGALEASE-00008830-LEGALEASE-00008831 |
| Old Republic Life Ins. Co. v. TransWood Inc., 2016-0552 (La. App. 1 Cir. 6/2/17), 222 So. 3d 995 | 366+1 | Subrogation may result from either the agreement of the obligor or the obligee or both with a third person, or directly by operation of law. La. Civ. Code Ann. art. 1825. | What does subrogation result from? | 002616.docx | LEGALEASE-00120106-LEGALEASE-00120107 |
| Dawson v. State Law Enf't Div., 304 S.C. 59 | 316P+481 | State Employee Grievance Committee, as final administrative authority, may not delegate its role as final decision maker to personnel director. | Can an administrative body delegate its role of decision making? | 002623.docx | LEGALEASE-00120152-LEGALEASE-00120153 |
| Sarhank Grp. v. Oracle Corp., 404 F.3d 657 | 221+292 | Federal arbitration law controls in deciding issue of whether enforcement of foreign arbitral award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards would be contrary to American public policy. 9 U.S.C.A. SS 201-208. | Is an arbitration award that is contrary to public policy enforceable? | 002668.docx | LEGALEASE-00120073-LEGALEASE-00120074 |
| Mastrobuono v. Shearson Lehman Hutton Inc., 812 F. Supp. 845 | 360+18.77 | Federal Arbitration Act did not preempt choice-of-law provision in arbitration clause, whereby parties to stock brokerage agreement agreed to arbitrate their disputes in accordance with New York law, including New York law prohibiting arbitrators from making any punitive damages awards; by agreeing to arbitrate in accordance with New York law, investors waived any potential award of punitive damages in arbitration. 9 U.S.C.A. S 1 et seq. | Can a choice-of-law provision contained in an arbitration clause preempt the Federal Arbitration Act in federal court proceedings? | 002695.docx | LEGALEASE-00120150-LEGALEASE-00120151 |
| Faroldi v. Nungesser, 144 So. 2d 568 | 233+531 | Lease is contract imposing reciprocal obligations on parties by which one party gives to the other the enjoyment of a thing at fixed price. LSA-C.C. art. 2669. | Are there reciprocal obligations in leases? | 002739.docx | LEGALEASE-00120228-LEGALEASE-00120229 |
| In re Pub. Serv. Elec. & Gas Co.'s Rate Unbundling, Stranded Costs & Restructuring Filings, 330 N.J. Super. 65 | 145+11.2(1) | Electric utility's use of deferred accounting for actual costs related to societal benefits charge (SBC) and nonutility generator transition charge (NTC) did not make rate reductions illusory by preordaining that there would be a rate increase after four-year transition period involving deregulation of electric utilities, and thus, use of deferred accounting did not violate Electric Discount and Energy Competition Act of 1999. N.J.S.A. 48:3-52, subds. d, f. | Does the Electric Discount and Energy Competition Act (EDECA) prohibit deferred accounting? | 002837.docx | LEGALEASE-00119935-LEGALEASE-00119936 |
| Biro v. Conde Nast, 883 F. Supp. 2d 441 | 237+22 | Under New York law a defamatory implication may be based on a combination of individual statements which in themselves may not be defamatory, but which might lead the reader to draw an inference that is damaging to the plaintiff. | What is defamation by implication? | Libel and Slander - Memo 127 - JS.docx | ROSS-003297478-ROSS-003297479 |
| Gen. Prod. Co. v. Meredith Corp., 526 F. Supp. 546 | 237+9(1) | A corporation may be defamed by statements which cast aspersion on its honesty, credit, efficiency or its prestige or standing in its field of business. | How can a corporation be defamed? | Libel and Slander - Memo 134 - JS.docx | ROSS-003289336-ROSS-003289337 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ford Motor Credit Co. v. Ditton, 52 Ala. App. 555 | 386+6 | Gist of action of trespass is an injury to the possession of personal property by use of unlawful force which is essential element of action. | Can the unlawful force which is necessary to constitute trespass be constructive force? | 002951.docx | LEGALEASE-00119828-LEGALEASE-00119829 |
| Jocks v. Tavernier, 97 F. Supp. 2d 303 | 168+16 | Under New York law, damages for false arrest are to compensate for injuries from the beginning of custody to arraignment, while damages for malicious prosecution are to compensate for injuries after arraignment. | What form of remedy is available under a claim of malicious prosecution? | 003372.docx | LEGALEASE-00120264-LEGALEASE-00120265 |
| Wimmer v. United States, 264 F. 11 | 384+6 | Under the constitutional definition of "treason" as adhering to the enemies, giving them aid and comfort, both adherence and giving aid are necessary, and to favor or support the enemy is insufficient. | Does adherence to the enemy and rendering them aid and comfort constitute treason? | 003668.docx | LEGALEASE-00120276-LEGALEASE-00120277 |
| Long v. Fulton Cty. Sch. Dist., 807 F | 13+1 | Whether a litigant has a cause of action is analytically distinct and prior to the question of what relief, if any, a litigant may be entitled to receive. | Can a litigant have cause of action? | 002477.docx | LEGALEASE-00120061-LEGALEASE-00120063 |
| Hannes v. Kingdom of Roumania Monopolies Inst., 260 A.D. 189 | 221+426 | The law granting immunity to foreign sovereigns grants like immunity to those representing them, such as ambassadors, and the immunity extends to instrumentalities and property of the sovereigns. | Does the privilege of immunity extend to the propertyof foreign sovereigns? | 002995.docx | LEGALEASE-00120507-LEGALEASE-00120508 |
| City of Redding, Cal. v. F.E.R.C., 693 F.3d 828 | 145+11.3(1) | The authority of the Federal Energy Regulatory Commission (FERC) to determine a just and reasonable rate is limited by being prospective only, and does not permit retroactive adjustments to rates. Federal Power Act, S 206(a), 16 U.S.C.A. S 824e(a). | Is the FERC authorized to permit retroactive adjustments to rates? | Electricity - Memo 56 - JS.docx | ROSS-003297867-ROSS-003297868 |
| Katzin v. United States, 120 Fed. Cl. 199 | 393+1027(1) | A takings claim brought under the Fifth Amendment does not accrue based on the United States' mere assertion of title; rather, the cause of action accrues when the United States interferes with a plaintiff's property rights. U.S.C.A. Const.Amend. 5. | "Can the governments mere assertion of ownership, standing alone, constitute a taking?" | Eminent Domain - Memo 130 - JS.docx | LEGALEASE-00009699-LEGALEASE-00009701 |
| State v. Dymond, 110 N.H. 228 | 207+5 | Absence of marriage between defendant and complainant's mother would not make alleged crime of incest by intercourse a legal impossibility. RSA 579:7. | Does the offense of incest require proof of marriage? | 003215.docx | LEGALEASE-00120574-LEGALEASE-00120575 |
| State v. Skinner, 132 Conn. 163 | 207+12.1 | In prosecution for incest, the state is required to prove the fact that the crime has been committed and defendant's agency therein. Gen.St.1930, S 6229. | "In a prosecution, is the state required to prove defendant's agency?" | Incest - Memo 83 - RK.docx | ROSS-003297977-ROSS-003297979 |
| In re Tribune Media Co., 552 B.R. 282 | 237+4 | Fault, as element of defamation claim under Maryland law, may be based either on negligence or constitutional malice, which is sometimes called "actual malice." | Can fault in a defamation case be based on negligence or malice? | 003297.docx | LEGALEASE-00120582-LEGALEASE-00120583 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Langeslag, 366 B.R. 51 | 228+828.21(2) | Prepetition state-court judgment on radio station owner's defamation claim against Chapter 7 debtor-former employee was not entitled to collateral estoppel effect in owner's subsequent proceeding under the discharge exception for willful and malicious injury; special interrogatory given the jury did not mention debtor's contemporaneous intent, trial judge instructed jury on issue of debtor's intent in the alternative, with reference to both intentional publication and negligent publication, and nothing in the record revealed which option the jury elected in its fact-finding, so that there was no clearly-articulated finding of fact on specific intent that could be matched to bankruptcy law's requirements, and it was at least as likely as not that the issue actually decided by the jury was not identical to the issue raised by the subject discharge exception. 11 U.S.C.A. S 523(a)(6). | What is negligent publication? | Libel and Slander - Memo 158 - RK.docx | ROSS-003283993-ROSS-003283995 |
| In re Langeslag, 366 B.R. 51 | 228+828.21(2) | Prepetition state-court judgment on radio station owner's defamation claim against Chapter 7 debtor-former employee was not entitled to collateral estoppel effect in owner's subsequent proceeding under the discharge exception for willful and malicious injury; special interrogatory given the jury did not mention debtor's contemporaneous intent, trial judge instructed jury on issue of debtor's intent in the alternative, with reference to both intentional publication and negligent publication, and nothing in the record revealed which option the jury elected in its fact-finding, so that there was no clearly-articulated finding of fact on specific intent that could be matched to bankruptcy law's requirements, and it was at least as likely as not that the issue actually decided by the jury was not identical to the issue raised by the subject discharge exception. 11 U.S.C.A. S 523(a)(6). | What is negligent publication? | Libel and Slander - Memo 158 - RK.docx | LEGALEASE-00009808-LEGALEASE-00009810 |
| Cobin v. Rice, 823 F.Supp. 1419 | 289+936 | Under California law, conduct of partners which is injurious to partnership constitutes ground for judicial dissolution of partnership. West's Ann.Cal.Corp.Code S 15032(1)(d, f). | Can the conduct of a partner be grounds for the dissolution of a partnership? | 003438.docx | LEGALEASE-00120646-LEGALEASE-00120647 |
| Zaidi v. Shah, 502 S.W.3d 434 | 184+7 | Certain formal relationships, such as those between an attorney and client, between partners, and between a trustee and a trust beneficiary, give rise to fiduciary duties as a matter of law. | Does a fiduciary relationship exist between partners in a partnership? | 003445.docx | LEGALEASE-00120654-LEGALEASE-00120655 |
| First Nat. Bank & Tr. Co. In Larned v. Wetzel, 42 Kan. App. 2d 924 | 13+2 | At both law and equity, an injured party cannot obtain a remedy unless there is a corresponding wrong for which a remedy is necessary. | Can a party obtain an equitable remedy without a wrong for which a remedy is necessary? | Subrogation - Memo 146 - VP C.docx | ROSS-003310862-ROSS-003310863 |
| A. Copeland Enterprises v. Slidell Mem'l Hosp., 657 So. 2d 1292 | 366+27 | Subrogation may result from either agreement of obligor or obligee or both with third person or directly from operation of law. LSA-C.C. art. 1825. | What does subrogation result from? | 003571.docx | LEGALEASE-00120357-LEGALEASE-00120358 |
| Chase v. Ameriquest Mortg. Co., 155 N.H. 19 | 366+1 | Equitable subrogation applies where one who has discharged the debt of another may, under certain circumstances, succeed to the rights and position of the satisfied creditor. | When does subrogation apply? | Subrogation - Memo 75 - ANG C.docx | LEGALEASE-00009933-LEGALEASE-00009934 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Spector v. Old Town Key W. Dev., Ltd., 567 So. 2d 1017 | 289+1012 | General partners' suit against limited partners' which sought appointment of liquidating trustee to dissolve and eventually distribute assets, was transitory claim, and need not have been brought in county in which property in question was located; any remedy provided by trustee was ancillary and did not constitute underlying major question, and no action for receiver directly affected title to property. | "In the case of in personam actions, does the presence of real property as an issue make it a local action?" | 003699.docx | LEGALEASE-00120629-LEGALEASE-00120631 |
| In re Tribune Media Co., 552 B.R. 282 | 237+4 | Fault, as element of defamation claim under Maryland law, may be based either on negligence or constitutional malice, which is sometimes called "actual malice." | Can fault in a defamation case be based on negligence or malice? | Libel and Slander - Memo 141 - RK.docx | LEGALEASE-00010132-LEGALEASE-00010133 |
| In re Langeslag, 366 B.R. 51 | 228+828.21(2) | Prepetition state-court judgment on radio station owner's defamation claim against Chapter 7 debtor-former employee was not entitled to collateral estoppel effect in owner's subsequent proceeding under the discharge exception for willful and malicious injury; special interrogatory given the jury did not mention debtor's contemporaneous intent, trial judge instructed jury on issue of debtor's intent in the alternative, with reference to both intentional publication and negligent publication, and nothing in the record revealed which option the jury elected in its fact-finding, so that there was no clearly-articulated finding of fact on specific intent that could be matched to bankruptcy law's requirements, and it was at least as likely as not that the issue actually decided by the jury was not identical to the issue raised by the subject discharge exception. 11 U.S.C.A. S 523(a)(6). | What is negligent publication? | 003337.docx | LEGALEASE-00120622-LEGALEASE-00120624 |
| Customers Bank v. Municipality of Norristown, 942 F. Supp. 2d 534 | 148+2.2 | Under Pennsylvania law, city's filing of municipal liens against condominium units did not affect owners' use of properties until foreclosure, and thus did not constitute regulatory taking. U.S.C.A. Const.Amend. 5. | Does imposition of municipal lien constitute a taking? | 003114.docx | LEGALEASE-00120699-LEGALEASE-00120700 |
| Karam v. State, Dep't of Envtl. Prot., 308 N.J. Super. 225 | 148+2.1 | Neither diminution of land value itself, nor impairment of marketability of land alone, constitutes a taking. U.S.C.A. Const.Amends. 5, 14. | Can the diminution of land value or impairment of the marketability of land constitute a taking? | 003122.docx | LEGALEASE-00120784-LEGALEASE-00120786 |
| Dahlen v. Shelter House, 598 F.3d 1007 | 148+266 | Planned homeless shelter's alleged violation of Iowa Eminent Domain Law's definition of public purpose did not necessarily give rise to a federal takings claim. U.S.C.A. Const.Amend. 5; I.C.A. S 6A.22(2)(a)(1). | Do violations of state eminent domain statutes give rise to federal constitutional claims? | Eminent Domain - Memo 159 - GP.docx | ROSS-003285382-ROSS-003285384 |
| Hinojosa v. Dep't of Nat. Res., 263 Mich. App. 537 | 148+266 | Causes of action of trespass-nuisance and unconstitutional taking are differentiated by their sources and by the damages recoverable; legislature has the constitutional authority to modify or abolish the common-law tort of trespass-nuisance, but an action that establishes an unconstitutional taking may not be limited except as provided by the Constitution because of the preeminence of the Constitution. M.C.L.A. Const. Art. 10, S 2; M.C.L.A. S 691.1407(1). | Can an action that establishes an unconstitutional taking be limited? | 017377.docx | LEGALEASE-00120955-LEGALEASE-00120956 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Deptford Twp. v. Woodbury Terrace Sewerage Corp., 54 N.J. 418 | 317A+145.1 | Since powers delegated by Legislature to Public Utilities Commission are to be read broadly, exceptions to those powers must be carefully circumscribed. | Does the Public Utilities Commission have broad powers? | 042566.docx | LEGALEASE-00120946-LEGALEASE-00120947 |
| Moody v. City of Newport News, Va., 93 F. Supp. 3d 516 | 170A+629 | In the event of conflict between the bare allegations of the complaint and any exhibit attached to the complaint, the exhibit prevails. Fed.Rules Civ.Proc.Rule 10(c), 28 U.S.C.A. | "When there is a conflict between the bare allegations of a complaint and any exhibit attached to a complaint, will the exhibit prevail?" | 022915.docx | LEGALEASE-00120981-LEGALEASE-00120982 |
| S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, 713 F.3d 175 | 170A+1829 | When addressing the appropriateness of dismissal for lack of standing, the court considers exhibits attached to the complaint in addition to the complaint itself, and in the event of conflict between the bare allegations of the complaint and any exhibit attached to the complaint, the exhibit prevails. Fed.Rules Civ.Proc.Rule 10(c), 28 U.S.C.A. | "When there is a conflict between the bare allegations of a complaint and any exhibit attached to a complaint, will the exhibit prevail?" | Pleading - Memo 122 - RMM.docx | LEGALEASE-00010896-LEGALEASE-00010897 |
| Rock River Lumber Corp. v. Universal Mortg. Corp. of Wisconsin, 82 Wis. 2d 235 | 366+1 | Conventional subrogation is a doctrine of equity, and is applied or denied upon equitable principles. | Is subrogation applied or denied upon equitable principles? | 043936.docx | LEGALEASE-00120985-LEGALEASE-00120986 |
| Compassion in Dying v. State of Wash., 79 F.3d 790 | 92+3767 | State statute which prohibited physician-assisted suicide violated equal protection rights of mentally competent, terminally ill adults who desired physician-assisted suicide to hasten death; state law allowed terminally ill persons whose condition involved use of life sustaining equipment to obtain medical assistance in terminating that treatment while those terminally ill patients whose treatment did not involve life-support systems were denied option of hastening death with medical assistance. U.S.C.A. Const.Amend. 14; West's RCWA 9A.36.060. | Do mentally competent and terminally ill adults have a right to knowingly and voluntarily hasten their deaths? | 044479.docx | LEGALEASE-00120987-LEGALEASE-00120988 |
| Sierra Tucson v. Lee ex rel. Cty. of Pima, 230 Ariz. 255 | 106+207.1 | Court of Appeals would accept special action jurisdiction with respect to petitioners' challenge to trial court's denial of their change of venue in underlying wrongful death suit, as an appeal could not adequately cure an erroneous venue ruling, case required interpretation of venue statute and rule, which was particularly appropriate for review by special action, and such interpretation and correct application of statute were matters of statewide importance. A.R.S. S 12-404; 16 A.R.S. Rules Civ.Proc., Rule 15(a). | Are venue rulings reviewable by special action? | 008144.docx | LEGALEASE-00121647-LEGALEASE-00121648 |
| Power Oil Co. v. Cochran, 138 Neb. 827 | 92+2500 | The wisdom of Legislature in intrusting broad powers in division of motor fuels in department of agriculture and inspection with respect to determining program for inspection of refined petroleum products is not a matter of judicial determination, since courts are not arbiters of legislative wisdom but function as a check upon unauthorized and unconstitutional assumptions of power, and in an action attacking validity of statute as providing for excessive inspection fees, only question for determination by court is whether the fees are reasonably necessary to defray expense of inspection. Laws 1933, c. 116, S 3; Laws 1939, c. 85. | Will courts interfere in charging inspection fees? | 019481.docx | LEGALEASE-00121317-LEGALEASE-00121318 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Thompson v. Nagle, 118 F.3d 1442 | 352H+32 | Under Alabama law, conviction for rape requires evidence that victim was alive at time of intercourse. Ala.Code 1975, S 13A-6-61(a). | Does a conviction for rape require the victim to be alive when it was committed? | Sex Offence - Memo 11 - BP.docx | LEGALEASE-00011126-LEGALEASE-00011128 |
| Johnson v. Beane, 541 Pa. 449 | 366+1 | Goal of subrogation is to place burden of debt upon person who should bear it. | Does subrogation place the burden on the debt upon the person who should bear it? | Subrogation - Memo # 455 - C - NO.docx | ROSS-003283225-ROSS-003283226 |
| Trogub v. Robinson, 366 Ill. App. 3d 838 | 366+1 | "Subrogation" is the substitution of one person for another; one person stands in the shoes of another and asserts that person's rights against the defendant. | Is subrogation the substitution of one person for another? | 043719.docx | LEGALEASE-00121426-LEGALEASE-00121428 |
| Countryside Co-op. v. Harry A. Koch Co., 280 Neb. 795 | 366+2 | Generally, "subrogation" is the right of one, who has paid an obligation which another should have paid, to be indemnified by the other. | Is subrogation the right of one who has paid an obligation which another should have paid to be indemnified by the other? | Subrogation - Memo # 484 - C - SA.docx | ROSS-003295380-ROSS-003295381 |
| McShaffry v. Amegy Bank Nat. Ass'n, 332 S.W.3d 493 | 366+7(1) | Statute that provides subrogation rights for sureties includes guarantors who have paid a judgment. V.T.C.A., Bus. & C. S 34.04. | Does subrogation rights are provided to guarantors who have paid a judgment? | 043995.docx | LEGALEASE-00121352-LEGALEASE-00121353 |
| In re Steve's Furniture Warehouse, 46 B.R. 80 | 366+7(1) | Once guarantor has paid principal's obligation, guarantor is subrogated to creditor's rights. West's Ann.Cal.Civ.Code, S 2848. | Is a guarantor subrogated to creditor's rights once the guarantor has paid principal's obligation? | Subrogation - Memo # 684 - C - SA.docx | ROSS-003312638-ROSS-003312639 |
| Leahy v. Haworth, 141 F. 850 | 83E+374 | A written assignment on the back of a promissory note payable to the order of the payee, signed by such payee, is the equivalent of a blank indorsement to transfer title to the note free from equities, either under the law merchant or Comp.St.Neb.1901, S 3380, which provides that "all bonds, promissory notes, bills of exchange, foreign and inland, drawn for any sum or sums of money certain, and made payable to any person or order, or to any person or assigns, shall be negotiable by indorsement thereon so as absolutely to transfer and vest the property thereof in each and every indorsee successfully," and under such section a written guaranty, signed by the payee on the back of a note payable to his order, constitutes an indorsement with an enlarged liability, and transfers the legal title free from equities existing between the maker and payee. | Does a payee's assignment on the back of the note of all my right and title bind him as an indorser? | 009550.docx | LEGALEASE-00122328-LEGALEASE-00122329 |
| Bronco Wine Co. v. Jolly, 129 Cal. App. 4th 988 | 148+81.1 | The takings clause protects real property, tangible personal property, and intangible property. U.S.C.A. Const.Amend. 5. | "Are real, tangible and personal property protected by taking clause?" | Eminent Domain - Memo 197 - GP.docx | ROSS-003288636-ROSS-003288637 |
| Echtenkamp v. Loudon Cty. Pub. Sch., 263 F. Supp. 2d 1043 | 237+6(1) | Under Virginia law, merely offensive or unpleasant statements are not defamatory, rather, defamatory statements are those that make plaintiff appear odious, infamous, or ridiculous. | Are unpleasant and offensive statements defamatory? | 021072.docx | LEGALEASE-00122282-LEGALEASE-00122284 |
| Redwing Carriers v. Saraland Apartments, 94 F.3d 1489 | 289+1175(6) | Limited partner is not generally liable for obligations of partnership, although exception arises when limited partner acts like general partner in controlling partnership's business. | When does a limited partner become liable like a general partner? | 021819.docx | LEGALEASE-00122483-LEGALEASE-00122484 |
| McCrary v. Butler, 540 So.2d 736 | 289+429 | There is no arbitrary test as to whether partnership exists, but such determination will be made upon all attendant circumstances, including right to manage and control business. Code 1975, S 10-8-20. | Is there an arbitrary test used to determine the existence of a partnership? | 021861.docx | LEGALEASE-00122515-LEGALEASE-00122516 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fed. Mgt. Co. v. Coopers & Lybrand, 137 Ohio App. 3d 366 | 307A+3 | A motion in limine may be properly brought on the basis of collateral estoppel. | Can a motion in limine be properly brought on the basis of collateral estoppel? | Pretrial Procedure - Memo # 174 - C - CRB.docx | ROSS-003324618-ROSS-003324619 |
| Benson v. Shuler Drilling Co., 316 Ark. 101 | 307A+3 | When party files motion in limine to exclude evidence as hearsay, burden is on offering party to prove admissibility of evidence. | "When a motion in limine is made, does the proponent of the evidence have the burden of showing that the evidence is admissible?" | 024240.docx | LEGALEASE-00121878-LEGALEASE-00121879 |
| Three Way v. Burton Enterprises, 177 P.3d 219 | 307A+3 | Evidence that is not relevant may be found inadmissible via a motion in limine. | Can evidence that is not relevant be found inadmissible via a motion in limine? | 024248.docx | LEGALEASE-00121896-LEGALEASE-00121897 |
| Certain Underwriters at Lloyd's, London v. S. Nat. Gas Co., 142 So. 3d 436 | 307A+3 | A trial court has broad discretion in determining whether to grant a motion in limine. | Do trial courts have broad discretion when ruling on a motion in limine? | Pretrial Procedure - Memo # 21 - C - KA.docx | ROSS-003298235-ROSS-003298236 |
| Chubb/Home Ins. Companies v. Outboard Marine Corp., 238 Ill. App. 3d 558 | 307A+3 | Orders in limine are interlocutory in nature and are subject to reconsideration by trial court throughout trial; this flexibility allows court to interpret and make any necessary corrections to its order in limine during trial. | Are rulings on motions in limine considered interlocutory in nature subject to reconsideration at trial? | Pretrial Procedure - Memo # 250 - C - PB.docx | LEGALEASE-00012239-LEGALEASE-00012240 |
| Lowder v. All Star Mills, 60 N.C. App. 699 | 307A+1 | For pretrial motion hearings it is affidavits and not oral testimony that is preferred form of evidence. | What is the preferred form of evidence for pretrial motion hearings? | Pretrial Procedure - Memo # 463 - C - SN.docx | ROSS-003284326-ROSS-003284327 |
| Rosebrock v. E. Shore Emergency Physicians, 221 Md. App. 1 | 308+43(1) | Under well-established principles of agency law, an agent's authority terminates upon the death of the principal. | Can agent terminate agency on principals death? | 041310.docx | LEGALEASE-00122287-LEGALEASE-00122288 |
| Harter v. Missouri Pub. Serv. Comm'n, 361 S.W.3d 52 | 317A+167 | Rule of Civil Procedure that provided when computing any time period prescribed by statute, the day of the event after which the designated period of time begins to run is not included, and the last day of the period so computed is to be included, unless it is a Saturday, Sunday, or legal holiday, did not apply to the time limit for attorney to file an application for a rehearing before the Public Service Commission (PSC); Rules of Civil Procedure did not apply to proceedings in administrative agencies, and statute that required application for a rehearing to be made to the PSC before the effective date of the order did not require the computation of any period of time. V.A.M.R. 44.01(a). | Does the circuit court review the proceedings of the Public Service Commission (PSC)? | 042204.docx | LEGALEASE-00122137-LEGALEASE-00122138 |
| Chicago Rys. Co. v. Commerce Comm'n, 336 Ill. 51 | 317A+102 | One purpose of public utility legislation is to protect established utility from destructive competition. | Does the legislation concerning public utilities protect them from destructive competition? | Public Utilities - Memo 110 - AM.docx | ROSS-003297670-ROSS-003297672 |
| Wisconsin Tel. Co. v. Pub. Serv. Comm'n of Wisconsin, 206 Wis. 589 | 92+2426 | Statute imposing on public utilities cost of their regulation, held not invalid as delegating legislative power to Public Service Commission in authorizing commission to exempt utility from expense of investigation when public interest requires. St.1931, SS 196.02(4), 196.41, 196.85, 198.55 (W.S.A.). | Should the public utility investigation bear the cost of investigation? | 042618.docx | LEGALEASE-00122193-LEGALEASE-00122195 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Am. Contractors Indem. Co. v. Saladino, 115 Cal. App. 4th 1262 | 366+28 | The prerequisites to the assertion of a right of subrogation are: (1) payment must have been made by the subrogee to protect his or her own interest; (2) the subrogee must not have acted as a volunteer; (3) the debt paid must be one for which the subrogee was not primarily liable; (4) the entire debt must have been paid; and (5) subrogation must not work any injustice to the rights of others. | What certain prerequisites must be satisfied by one who claims to be equitably subrogated to the rights of a secured creditor? | Subrogation - Memo # 534 - C - NO.docx | LEGALEASE-00012399-LEGALEASE-00012400 |
| Cline v. Yamaga, 97 Cal. App. 3d 239 | 13+61 | A cause of action arises when liability or obligation is established and suit may be brought. | Does a cause of action arise when a liability or obligation is established? | Action - Memo # 137 - C - CS.docx | ROSS-003282974-ROSS-003282975 |
| Am. Gen. Life & Acc. Ins. Co. v. Edwards, 76 So. 3d 183 | 13+61 | A cause of action accrues when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested. | Does cause of action arise when party has right to sue? | Action - Memo # 167 - C - CS.docx | ROSS-003323057-ROSS-003323058 |
| Hodge v. Serv. Mach. Co., 438 F.2d 347 | 13+61 | A suit may not be brought upon a cause of action until it exists, and a cause of action does not exist until all its elements coalesce. | Can a suit be brought upon a cause of action before it exists? | Action - Memo # 175 - C - CS.docx | ROSS-003311272-ROSS-003311274 |
| Clayworth v. Pfizer, 49 Cal. 4th 758 | 29T+290 | That a party may ultimately be unable to prove a right to damages or restitution does not demonstrate that the party lacks standing to argue for its entitlement to them, under Unfair Competition Law (UCL) standing provision. West's Ann.Cal.Bus. & Prof.Code S 17204. | Does claim for damages for overcharge by carriers arise at time extra charge was paid? | 005641.docx | LEGALEASE-00124034-LEGALEASE-00124035 |
| In re Marriage of Klug, 130 Cal. App. 4th 1389 | 13+61 | A cause of action is a legal obligation the plaintiff seeks to enforce against the defendant, and does not come into existence or arise until all the elements have been established. | Is a cause of action an obligation the plaintiff seeks to enforce against the defendant? | Action- Memo # 78 - C - LK.docx | ROSS-003302247-ROSS-003302248 |
| El Hoss Eng'g & Transp. Co. v. Am. Indep. Oil Co., 183 F. Supp. 394 | 25T+140 | Neither an alleged breach nor a repudiation of a contract precludes arbitration under an arbitration clause, and illegality of contract in whole or in part does not operate to nullify an agreement to arbitrate. 9 U.S.C.A. SS 1, 2, 4. | Does an illegal clause in a contract operate to nullify an agreement to arbitrate found in the same contract? | Alternative Dispute Resolution - Memo 405 - RK.docx | ROSS-003284999-ROSS-003285000 |
| Koveleskie v. SBC Capital Markets, 167 F.3d 361 | 25T+420 | Securities industry employee's Equal Pay Act and New York Human Rights Law claims were arbitrable pursuant to arbitration agreement in securities registration application. Fair Labor Standards Act of 1938, S 6, as amended, 29 U.S.C.A. S 206; N.Y.McKinney's Executive Law S 298. | Are claims regarding violations of the Equal Pay Act (EPA) subject to arbitration? | 007140.docx | LEGALEASE-00123932-LEGALEASE-00123933 |
| Telles v. Dewind, 140 A.D.3d 1701 | 129+107 | Conduct does not have to take place in public in order for a person to be found guilty of disorderly conduct, so long as the person recklessly creates a risk of a public disturbance. McKinney's Penal Law S 240.20(1). | When is a person guilty of disorderly conduct? | 06964.docx | LEGALEASE-00085346-LEGALEASE-00085347 |
| Holy Land Found. for Relief & Dev. v. Ashcroft, 219 F. Supp. 2d 57 | 148+2.2 | Blocking of Muslim charitable foundation's assets by Office of Foreign Asset Control (OFAC) under International Emergency Economic Powers Act (IEEPA) did not constitute taking of foundation's property without just compensation, as would violate foundation's Fifth Amendment rights, since blocking was temporary deprivation that did not vest assets in government. U.S.C.A. Const.Amend. 5.; International Emergency Economic Powers Act, S 202 et seq., 50 U.S.C.A. S 1701 et seq. | Does blocking under Executive Orders constitute takings within the meaning of the Fifth Amendment? | 017471.docx | LEGALEASE-00122789-LEGALEASE-00122790 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Glob. Relief Found. v. O'Neill, 207 F. Supp. 2d 779 | 148+2.2 | A temporary blocking of assets under the International Emergency Economic Powers Act (IEEPA) does not constitute a "taking" because it is a temporary action and not a vesting of property in the United States. U.S.C.A. Const.Amend. 5; Emergency Economic Powers Act, S 202 et seq., 50 U.S.C.A. S 1701 et seq. | Does a temporary blocking of assets constitute taking? | Eminent Domain - Memo 212 - GP.docx | ROSS-003284139-ROSS-003284140 |
| In re Fresh & Process Potatoes Antitrust Litig., 834 F. Supp. 2d 1141 | 221+342 | The act of state doctrine is meant to facilitate the foreign relations of the United States; it recognizes thoroughly sound principle that on occasion individual litigants may have to forgo decision on the merits of their claims because involvement of courts in such a decision might frustrate conduct of United States foreign policy. | Is the act of state doctrine meant to facilitate the foreign relations of the United States? | International Law - Memo # 89 - C - LK.docx | ROSS-003283893-ROSS-003283894 |
| Anderson v. Gladden, 188 F. Supp. 666 | 221+136 | The jurisdiction of a nation within its own territory is exclusive and absolute and is susceptible to no limitation not imposed by itself. | Is the jurisdiction of a nation within its own territory exclusive and absolute? | 019962.docx | LEGALEASE-00122850-LEGALEASE-00122851 |
| Mannington Mills v. Congoleum Corp., 595 F.2d 1287 | 221+395 | In determining whether extraterritorial jurisdiction should be exercised in antitrust action between American companies, federal court should consider factors including; degree of conflict with foreign law or policy; nationality of parties; relative importance of alleged violation of conduct compared to that abroad; availability of remedy abroad and pendency of litigation there; existence of intent to harm or affect American commerce and its foreseeability; possible effects upon foreign relations if court exercises jurisdiction and grants relief; whether, if relief is granted, party will be placed in position of being forced to perform an act illegal in either country or be under conflicting requirements of both countries; whether court can make its orders effective; whether order for relief would be acceptable in this country if made by foreign agent under similar circumstances; and whether treaty with affected nations is addressed to issue. | "To qualify as an act of state, is it necessary to prove that the act occurred as a result of a considered policy determination by a government to give effect to its political and public interest?" | 020260.docx | LEGALEASE-00124119-LEGALEASE-00124120 |
| In re Philippine Nat'l. Bank, 397 F.3d 768 | 221+342 | Act of state doctrine is to be applied pragmatically and flexibly, with reference to its underlying considerations. | Should act of state doctrine be applied pragmatically and flexibly? | International Law - Memo 325 - RK.docx | ROSS-003297056-ROSS-003297058 |
| Agudas Chasidei Chabad of U.S. v. Russian Fed'n, 528 F.3d 934 | 221+387 | Under the act of state doctrine, the burden of proving an act of state rests on the party asserting the defense. | Does the burden of establishing that the conduct of a foreign government amounts to an Act of State rest with the party asserting the defense? | International Law - Memo 337 - RK.docx | LEGALEASE-00013469-LEGALEASE-00013470 |
| Daniel v. Daniel, 166 Ky. 182 | 302+192(2) | Where a petition states a cause of action, a general demurrer will not lie because of indefiniteness in the statement of facts; the remedy being by motion to make the petition more specific under Civ.Code Prac. S 134. | Will a demurrer lie when there is indefiniteness in the statement of facts? | Pleading - Memo 144 - RMM.docx | ROSS-003289342-ROSS-003289343 |
| Davis v. Kraff, 405 Ill. App. 3d 20 | 307A+3 | Whether a motion in limine should be granted is subject to the trial court's discretion. | Is a motion in limine granted subject to the discretion of the trial court and will not be reversed on appeal absent a clear showing of an abuse of that discretion? | Pretrial Procedure - Memo # 184 - C - CRB.docx | LEGALEASE-00013605-LEGALEASE-00013606 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Chicago Motor Bus Co. v. Chicago Stage Co., 287 Ill. 320 | 317A+194 | Under Public Utilities Act, Laws 1913, p. 495, S 68, it is not sufficient to justify reversal of reasonable order of Public Utilities Commission, made in lawful exercise of its powers, that court of review should be of opinion that order was unwise or inexpedient, but, it must be arbitrary action not resting on reasonable basis for exercise of discretionary powers. | Is the Public Utilities Commission given arbitrary powers under the statute? | 042223.docx | LEGALEASE-00122585-LEGALEASE-00122587 |
| Broadvox-CLEC v. AT&T Corp., 184 F. Supp. 3d 192 | 317A+111 | When a tariff is clear and unambiguous on its face, no construction by the court is necessary, and the parties are bound by its terms. | Are parties bound by the terms of a tariff if it is unambiguous? | Public Utilities - Memo 128 - AM.docx | ROSS-003296611-ROSS-003296612 |
| Maryland Cas. Co. v. NSTAR Elec. Co., 471 Mass. 416 | 317A+111 | A public utility's liability for damages may be limited by properly filed and approved tariffs. | Can a public utility limit its liability in its tariff? | 042252.docx | LEGALEASE-00123580-LEGALEASE-00123581 |
| Shenker v. Lockheed Sanders, 919 F. Supp. 55 | 13+61 | Under New Hampshire law, a cause of action "arises" when all of the necessary elements are present. | "Does a cause of action ""arise"" when all of the necessary elements are present?" | Action - Memo # 213 - C - NO.docx | ROSS-003282225-ROSS-003282226 |
| Doe v. Dep't of Corr., 249 Mich. App. 49 | 13+61 | A cause of action becomes a vested right when it accrues and all the facts become operative and known. | Does a cause of action become a vested right when it accrues? | Action - Memo # 226 - C - NO.docx | ROSS-003311806-ROSS-003311807 |
| City of Columbus v. Anglin, 120 Ga. 785 | 13+61 | The abstract and primary rights and duties of men are determined by the substantive law, which is ever in operation but no action can be based upon substantive law alone. When there is an invasion of primary rights, then, and not until then the adjective or remedial law becomes operative and under it arise rights of action. | When does remedial law become operative in a cause of action? | 005815.docx | LEGALEASE-00124882-LEGALEASE-00124884 |
| Green v. W.R.M. & Assocs., Ltd., 174 F. Supp. 2d 459 | 25T+125 | Discrimination claims under Title VII can be subjected to compulsory arbitration under the Federal Arbitration Act (FAA). 9 U.S.C.A. S 1 et seq.; Civil Rights Act of 1964, S 701 et seq., 42 U.S.C.A. S 2000e et seq. | Can Title VII claims be subject to compulsory arbitration? | Alternative Dispute Resolution - Memo 413 - RK.docx | ROSS-003285886-ROSS-003285887 |
| Genesco v. T. Kakiuchi & Co., 815 F.2d 840 | 25T+133(2) | Party may be bound by agreement to arbitrate even absent signature. 9 U.S.C.A. S 3. | Can parties be bound by an agreement to arbitrate even absent a signature? | 007171.docx | LEGALEASE-00125568-LEGALEASE-00125569 |
| Scone Investments v. Am. Third Mkt. Corp., 992 F. Supp. 378 | 25T+141 | Though Federal Arbitration Act requires that the arbitration agreement be in writing, party may be bound by an agreement to arbitrate even absent a signature to that agreement, and in the absence of a signed agreement, court must apply ordinary contract principles to determine whether the party can be bound by the contract. 9 U.S.C.A. S 3. | Can parties be bound by an agreement to arbitrate even absent a signature? | Alternative Dispute Resolution - Memo 425 - RK.docx | ROSS-003289998-ROSS-003289999 |
| Snyder v. Smith, 736 F.2d 409 | 25T+134(5) | Courts must give effect to freely negotiated forum selection clauses in arbitration agreements. | Do courts have to give effect to freely negotiated forum selection clause? | 007181.docx | LEGALEASE-00125576-LEGALEASE-00125577 |
| Holsomback v. Akins, 134 Ga. App. 543 | 162+221(4.1) | Where check was given by payee's stepmother in consideration of payee's relinquishment of his share of his father's estate, a contract was formed with stepmother which was binding on her estate and which was not revoked by stepmother's death, and in such case the check might be used as evidence in support of payee's claim of indebtedness against the stepmother but not as evidence of the indebtedness itself. Code, S 113-1525. | Can a check be used as evidence in support of the payees claim of indebtedness? | 06957.docx | LEGALEASE-00085352-LEGALEASE-00085353 |
| United States v. Dimora, 750 F.3d 619 | 63+1(1) | Efforts to buy favor or generalized goodwill do not necessarily amount to bribery. | Do efforts to buy favor or generalized goodwill amount to bribery? | Bribery - Memo # 5 - TH.docx | ROSS-003286185-ROSS-003286186 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara (Pertamina), 313 F.3d 70 | 221+388 | Foreign sovereign's views regarding its own laws merit, although they do not command, some degree of deference. | Does a foreign sovereigns view regarding its own laws merit some degree of deference? | International Law - Memo # 283 - C - TJ.docx | ROSS-003311077-ROSS-003311078 |
| World Wide Minerals Ltd. v. Republic of Kazakhstan, 116 F. Supp. 2d 98 | 221+342 | Act of state doctrine does not demonstrate a lack of jurisdiction, but rather functions as a doctrine of abstention. | Does the act of state doctrine demonstrate a lack of jurisdiction or a lack of function as a doctrine of abstention? | International Law - Memo # 529 - TH.docx | ROSS-003314164-ROSS-003314165 |
| Attorney Gen. of Canada v. R.J. Reynolds Tobacco Holdings, 268 F.3d 103 | 221+387 | Under "act-of-state doctrine," court presumes validity of foreign state's laws within that state's territory. | "Under the act of state doctrine, are courts precluded from inquiring into validity of public acts of recognized sovereign power committed within its own territories?" | 020528.docx | LEGALEASE-00124228-LEGALEASE-00124230 |
| Republic of Philippines v. Marcos, 806 F.2d 344 | 221+342 | Fact that challenged actions were taken by government no longer in power, and that country's current government seeks adjudication in United States courts, are relevant to determination of whether to apply act of state doctrine, but are not dispositive. | Does a head of state lose protection of the act of state doctrine because he was no longer head of state? | 020873.docx | LEGALEASE-00125306-LEGALEASE-00125307 |
| The Huff Energy Fund v. Longview Energy Co., 482 S.W.3d 184 | 302+34(6) | Where special exceptions are not filed, court construes the petition liberally in favor of the pleader. | Will a petition be construed liberally in favor of the pleader when there are no special exceptions? | 022991.docx | LEGALEASE-00125411-LEGALEASE-00125412 |
| Kaldis v. Crest Fin., 463 S.W.3d 588 | 302+34(1) | In the absence of special exceptions, courts must construe the pleadings liberally in favor of the pleader. | Are pleadings construed liberally in favor of the pleader? | 022993.docx | LEGALEASE-00125417-LEGALEASE-00125418 |
| In re Commitment of Kelley, 2012 IL App (1st) 110240 | 307A+3 | A ruling on a motion in limine is a matter within the discretion of the trial court and will not be reversed absent an abuse of that discretion. | When will ruling on a motion in limine be reversed? | Pretrial Procedure - Memo  # 572 - C - SSB.docx | ROSS-003324928-ROSS-003324929 |
| Smith v. Polsky, 796 S.E.2d 354 | 307A+3 | Trial court's ruling on a motion in limine is not a final ruling on the admissibility of the evidence in question, but only interlocutory or preliminary in nature; therefore, trial court's ruling on a motion in limine is subject to modification during the course of the trial. | Are the court's rulings on a motion in limine final? | Pretrial Procedure - Memo  # 576 - C - SSB.docx | ROSS-003308972-ROSS-003308973 |
| Krosky v. Ohio Edison Co., 20 Ohio App. 3d 10 | 307A+3 | Granting of motion in limine is prospective order and makes no determination as to ultimate admissibility of evidence. | Are motions in limine prospective and dispositive as to the final admissibility of evidence? | 032059.docx | LEGALEASE-00124413-LEGALEASE-00124414 |
| Krosky v. Ohio Edison Co., 20 Ohio App. 3d 10 | 307A+3 | Granting of motion in limine is prospective order and makes no determination as to ultimate admissibility of evidence. | Are motions in limine prospective and dispositive as to the final admissibility of evidence? | Pretrial Procedure - Memo # 511 - C - LK.docx | LEGALEASE-00015172-LEGALEASE-00015173 |
| Ball v. Rao, 48 S.W.3d 332 | 307A+3 | Repeated violations of limine orders may result in mistrials or reversals. | Do repeated violations of in limine orders result in a mistrial or a reversal? | Pretrial Procedure - Memo # 837 - C - VA.docx | ROSS-003324004-ROSS-003324005 |
| State v. Jones, 105 N.J. Super. 493 | 110+404.20 | In seeking to exclude certain evidence, the movant bears the initial burden of demonstrating the probability of tampering, and once this burden has been met, the burden shifts to the proponent of the evidence to submit evidence that tampering did not occur. | Does the party who files the motion in limine to exclude evidence or expert witnesses have the burden of demonstrating that the evidence or expert should be excluded? | 041200.docx | LEGALEASE-00125437-LEGALEASE-00125438 |
| Auchan USA v. Houston Lighting & Power Co., 961 S.W.2d 197 | 317A+111 | Unless found to be unreasonable, public utility tariffs carry dignity of statutory law. Vernon's Ann.Texas Civ.St. art. 1446c-0, S 1.002. | Do tariffs carry the dignity of statutory law? | Public Utilities - Memo 150 - AM.docx | ROSS-003297888-ROSS-003297889 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| First Assembly of God v. Texas Utilities Elec. Co., 52 S.W.3d 482 | 317A+119.1 | Unless found to be unreasonable, filed tariffs govern a utility's relationship with its customers and have the force and effect of law. | Is the burden to prove the unreasonableness of a tariff on the customer? | Public Utilities - Memo 151 - AM.docx | ROSS-003285422-ROSS-003285423 |
| Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. KPMG Peat Marwick, 742 So. 2d 328 | 366+1 | The right to subrogation is not absolute, but depends upon the equities and attending facts of each case. | Is a party's entitlement to subrogation dependent upon the attendant facts of each case? | Subrogation - Memo 1012 -- C- CAT.docx | ROSS-003282013-ROSS-003282014 |
| Argonaut Ins. Co. v. C & S Bank of Tifton, 140 Ga. App. 807 | 366+1 | Subrogation is not founded upon contract, express or implied, but upon principles of equity and justice. | Is the right of subrogation founded upon express or implied contract? | 044310.docx | LEGALEASE-00124826-LEGALEASE-00124827 |
| In re Jones, 534 B.R. 588 | 366+1 | Under Vermont law, application of equitable subrogation is not based simply on whether a lender paid another's debt; rather, it contemplates a balancing of the equities between competing claimants. | Is equitable subrogation a remedy available to a lender that paid another's debt? | 044316.docx | LEGALEASE-00125004-LEGALEASE-00125005 |
| In re Trampush, 552 B.R. 817 | 366+1 | Wisconsin does not follow either the majority or minority rules that require actual or constructive knowledge of other liens to defeat subrogation; Wisconsin, instead, has adopted the "Restatement Approach" to subrogation, which gives courts freedom in weighing the equitable concerns in each individual case, such that, in Wisconsin, equitable concerns reign supreme. | What is Restatement Approach in relation to subrogation? | 044435.docx | LEGALEASE-00125361-LEGALEASE-00125362 |
| Com. v. Johnston, 446 Mass. 555 | 203+728 | Conviction of assault with intent to murder requires proof of assault and a specific intent to kill that equates with malice, and "malice," in this context, means only the absence of justification, excuse, and mitigation. M.G.L.A. c. 265, § 18(b). | Does intent to murder means intent to kill with malice? | 019378.docx | LEGALEASE-00125746-LEGALEASE-00125747 |
| McGowan v. McGowan, 4 Misc. 2d 165 | 302+9 | In action to impress trust upon realty and to declare that parties owned property as tenants in common on ground that defendants received property upon a trust for benefit of parents of parties to action and upon death of parents, intestate, title to property vested in surviving children, defense alleging illegality of agreements set forth in complaint which did not plead supporting facts was insufficient and would be stricken. Rules of Civil Practice, rule 109. | Is an allegation of illegality without supporting facts sufficient? | 023003.docx | LEGALEASE-00125598-LEGALEASE-00125599 |
| Chapman v. DePuy Orthopedics, 760 F. Supp. 2d 1310 | 241+55(1) | Under Virginia law, cause of action accrues under tort law on date that injury is sustained. West's V.C.A. § 8.01-243(A). | Does a tort cause of action accrue until an injury is sustained? | Action - Memorandum - 272 - SK.docx | LEGALEASE-00015819-LEGALEASE-00015821 |
| Adams v. U.S. Forest Serv., 671 F.3d 1138 | 34+2 | The regulations of the army and navy have the force of law with respect to a person or subject-matter of which the Secretary has official control, but to have the force of law they must conform to the law. | Do army regulations have the force of law? | 008875.docx | LEGALEASE-00126294-LEGALEASE-00126296 |
| Schwaner v. Dep't of Army, 370 F. Supp. 2d 408 | 34+2 | Army regulations must be in accord with directives promulgated by the Department of Defense. | Do army regulations have to be in accord with the directives promulgated by the Department of Defense? | 008878.docx | LEGALEASE-00126297-LEGALEASE-00126298 |
| United States v. Hill, 279 F.3d 731 | 221+331 | Extraterritorial jurisdiction is proper under the "nationality theory," which permits a country to apply its statutes to extraterritorial acts of its own nationals. | "Is extraterritorial jurisdiction proper under the ""nationality theory""?" | 020932.docx | LEGALEASE-00126170-LEGALEASE-00126171 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Anderson v. Bd. of Sup'rs of Louisiana State Univ. & Agr. & Mech. Coll. ex rel. Louisiana State Univ. Health Sci. Ctr., 943 So. 2d 1198 | 307A+3 | The trial court has great discretion when ruling on evidentiary matters, such as motions in limine. | Do trial courts have the discretion to defer a ruling on a motion in limine? | 037908.docx | LEGALEASE-00126108-LEGALEASE-00126109 |
| Mid-Texas Commc'ns Sys. v. Am. Tel. & Tel. Co., 615 F.2d 1372 | 372+623 | In the Federal Communications Commission's determination of the "public interest" question under the Communications Act, there is no doubt that competition is a relevant factor, but competition per se is not the sole touchstone for decision since competition is not the only consideration; rather, the FCC must consider all factors relating to the "public convenience and necessity." Communications Act of 1934, SS 1 et seq., 201(a), 47 U.S.C.A. SS 151 et seq., 201(a). | Is competition a relevant factor in weighing the public interest? | 042360.docx | LEGALEASE-00125988-LEGALEASE-00125990 |
| Peddicord v. Tri-City Gas Co., 232 Ala. 445 | 317A+111 | Public utility company may require deposit by customer to guarantee payment of bills as condition precedent to rendition of service. | Does a utility require a deposit as a condition precedent to the rendition of service? | 042365.docx | LEGALEASE-00126054-LEGALEASE-00126055 |
| Scottsdale Ins. Co. v. Addison Ins. Co., 448 S.W.3d 818 | 366+1 | Subrogation is classified as either equitable, the right to which is imposed by law, or conventional, the right to which arises from a contract. | Do subrogation rights arise by contract or by operation of law? | Subrogation - Memo 972 C - ES.docx | ROSS-003298949-ROSS-003298950 |
| CompuServe Inc. v. Cyber Promotions, 962 F. Supp. 1015 | 386+7 | Harm to personal property or diminution of its quality, condition, or value as result of defendant's use can be predicate for liability for trespass to chattels. Restatement (Second) of Torts S 218(b). | When will a trespass to chattels be actionable? | Trespass - Memo 200 - RK.docx | ROSS-003286858-ROSS-003286859 |
| Ford Motor Credit Co. v. Ditton, 52 Ala. App. 555 | 386+6 | Gist of action of trespass is an injury to the possession of personal property by use of unlawful force which is essential element of action. | What is the gist of the action of trespass? | Trespass - Memo 205 - RK.docx | ROSS-003300586-ROSS-003300587 |
| Norton v. Steinfeld, 36 Ariz. 536 | 13+61 | Statute of limitations could not be set in motion before accrual of cause of action. | Can statute of limitations be set in motion before accrual of cause of action? | 005505.docx | LEGALEASE-00126444-LEGALEASE-00126445 |
| In re Trans World Airlines, 261 B.R. 103 | 13+61 | Generally, one has right to institute suit, so that cause of action will have accrued, when a wrong has been done, a duty has been breached, or an injury has been inflicted. | When does one have a right to institute suit? | 005548.docx | LEGALEASE-00126485-LEGALEASE-00126486 |
| Law Project for Psychiatric Rights v. State, 239 P.3d 1252 | 30+3226 | Supreme Court reviews de novo whether a party has standing to sue, as the issue raises a question of law. | Is a party's standing to sue a question of law? | Action - Memo # 226 - C - NA.docx | ROSS-003298290-ROSS-003298291 |
| Hartley v. Sioux City & New Orleans Barge Lines, 247 F. Supp. 1015 | 13+61 | Cause of action does not arise upon starting of action in court; it must have arisen before commencement of the action. | Does cause of action arise upon the starting of the action in court? | 005687.docx | LEGALEASE-00126638-LEGALEASE-00126639 |
| Blue Cross of W. New York v. Bd. of Co-op. Educ. Servs. Orleans-Niagara Ctys., 187 A.D.2d 933 | 13+61 | Generally, cause of action on contract accrues when extent of damages can be ascertained, and where there is likelihood of setoffs and debits, a claim does not accrue. | Does a cause of action on contract accrue when extent of damages can be ascertained? | Action - Memo # 247 - C - SPB.docx | ROSS-003289853-ROSS-003289854 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Teamsters Local Union 377 v. City of Youngstown, 50 Ohio St. 2d 200 | 13+61 | Normally, a cause of action does not accrue until such time as the infringement of a right arises. | Does a cause of action accrue until such time as the infringement of a right arises? | 005729.docx | LEGALEASE-00126554-LEGALEASE-00126555 |
| Greene & Co. v. Raymond Bros., 9 Neb. 295 | 13+61 | It is only in the exceptional cases of fraud mentioned in Code Civ.Proc. S 237, relating to attachments, that an action can properly be commenced on a claim before it is due. | When can an action be properly commenced on a claim before it is due? | 006366.docx | LEGALEASE-00126397-LEGALEASE-00126398 |
| Lumbermens Mut. Cas. Co. v. Shaw, 684 S.W.2d 195 | 13+61 | Legal injury must be sustained before any cause of action in any case arises. | Should legal injury be sustained before any cause of action in any case arises? | Action - Memo #271 - C - SN.docx | ROSS-003286584-ROSS-003286585 |
| Gilchrist v. United States, 33 Fed. Cl. 791 | 34+2 | Department of Defense (DOD) directive is controlling authority over Army regulation. | Do Department of Defense (DOD) directives control when they conflict with regulations promulgated by the Army? | 008886.docx | LEGALEASE-00126375-LEGALEASE-00126376 |
| Gainok v. Featherson, 131 Ariz. 421 | 8.30E+299 | Although underlying contract concerned sale of realty, Uniform Commercial Code's commercial paper provisions applied to promissory note which appeared on its face to be negotiable and was assumed in parties' arguments to be negotiable. A.R.S. SS 44-2501 to 44-2579. | Does a promissory note fall within the provisions of Article 3 under the Uniform Commercial Code (UCC)? | Biils and Notes-Memo 104- ANG.docx | ROSS-003286441-ROSS-003286442 |
| Cook v. City of Topeka, 232 Kan. 334 | 79+1 | A clerk of a court is a ministerial officer and, without statutory authority, cannot exercise a judicial function. | Can a clerk of a Court exercise judicial functions? | 013438.docx | LEGALEASE-00126766-LEGALEASE-00126767 |
| Ferlita v. State, 380 So. 2d 1118 | 79+67 | A clerk of court acts in purely ministerial capacity, and has no discretion to pass upon sufficiency of documents presented for filing. | Does a court clerk exercise any discretion? | 013444.docx | LEGALEASE-00126772-LEGALEASE-00126773 |
| State ex rel. McClure v. Marion Superior Court, 239 Ind. 472 | 79+7 | Clerk of circuit court is not a county officer but is a circuit officer, and the appointive power to fill vacancies in the office resides in the Governor and not in a board of county commissioners. Burns' Ann.St. SS 49-201, 49-404, 49-405; Const. art. 6, SS 2, 9, art. 7, SS 1, 9. | Is a clerk of the circuit court a circuit officer? | 013456.docx | LEGALEASE-00126782-LEGALEASE-00126783 |
| Bailey v. United States, 78 Fed. Cl. 239 | 148+266 | Property owner is free to attempt to invalidate government decision and also to seek compensation if he alleges that decision resulted in taking. U.S.C.A. Const.Amend. 5. | Who is entitled to compensation of a taking under the law? | 017617.docx | LEGALEASE-00126528-LEGALEASE-00126529 |
| Kramer v. Cleveland & P. R. Co., 5 Ohio St. 140 | 320+114(3) | Under Const. art. 8, S 4, providing that private property shall be inviolate, but subservient to the public welfare, if a compensation is paid to the owner, benefits conferred by the use of land for railroad purposes may be set off against the damages occasioned thereby. | "Is a private property subservient to the public welfare, under the takings law?" | 017621.docx | LEGALEASE-00126562-LEGALEASE-00126563 |
| Lightwater Corp. v. Republic of Argentina, 2003 WL 1878420 | 221+357 | Failure of Republic of Argentina to make payments on bonds that it issued which were held outside the Republic was not act of the Republic dealing with property located within its territory, for purposes of act of state doctrine, which thus did not apply to bar recovery by bond owners after the Republic defaulted by halting payments on bonds. | Does the act of state doctrine apply only to actions of a nation within its territory? | International Law - Memo # 394 - ABR.docx | ROSS-003300063-ROSS-003300064 |
| Bollenbacher v. Soc'y for Sav. in City of Cleveland, 148 Ohio St. 649 | 237+7(4) | A charge by one that another intended or attempted to commit a crime does not constitute slander, since mere intention is not a violation of law. | Does charging someone with intent to commit a crime constitute actionable slander? | 021116.docx | LEGALEASE-00126379-LEGALEASE-00126380 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Richland Gas Co. v. Hale, 169 La. 300 | 190+6 | Grantee of gas franchise from municipal corporation need not secure from Public Service Commission certificate of public convenience or necessity. Act No. 136 of 1898, as amended by Act No. 189 of 1920; Const.1921, art. 6, SS 3, 4. | Does a grantee of a franchise from a municipality need a certificate of convenience and necessity? | 042614.docx | LEGALEASE-00126580-LEGALEASE-00126581 |
| Sinell v. Town of Sharon, 206 Minn. 437 | 13+63 | Laches is a strictly equitable defense, as distinguished from the absolute defense afforded by a statute of limitations. | "Is laches a strictly equitable defense, distinguished from the absolute defense afforded by a statute of limitations?" | 005413.docx | LEGALEASE-00126834-LEGALEASE-00126835 |
| Morales v. Sun Constructors, 541 F.3d 218 | 25T+134(3) | Heightened "knowing and voluntary" standard does not apply to arbitration agreements under Federal Arbitration Act (FAA). 9 U.S.C.A. S 1 et seq. | Is applying a knowing and voluntary standard to arbitration agreements inconsistent with FAA? | Alternative Dispute Resolution - Memo 436 - RK.docx | ROSS-003300074-ROSS-003300075 |
| Bowes v. Indus. Bank of Chicago, 58 Ill. App. 498 | 8.30E+29 | Every indorsement of bill may be considered as new bill drawn by indorser on acceptor in favor of payee. | Should every indorsement of a bill be considered as a new bill? | Bills and notes - Memo 107- ANG.docx | ROSS-003286633-ROSS-003286634 |
| In re Latin Inv. Corp., 156 B.R. 102 | 83E+873 | Whether instrument is negotiable is question of law to be determined solely from face of instrument, without reference to intent of parties. U.C.C. S 9-105(1)(i). | How should it be determined if an instrument is negotiable? | 009032.docx | LEGALEASE-00126882-LEGALEASE-00126883 |
| Hoke ex rel. Reidenbach v. Elizabethtown Area Sch. Dist., 833 A.2d 304 | 1.41E+31 | A court is not supposed to be a "super" school board and substitute its own judgment for that of the school district, and therefore, in the absence of a gross abuse of discretion, courts will not second-guess school policies; however, courts can intervene if schools act outside their statutory authority. | Can the courts intervene when schools act outside their statutory authority? | Education - Memo # 24 - C - SU.docx | ROSS-003299969-ROSS-003299970 |
| Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419 | 148+2.1 | A permanent physical occupation authorized by government is a "taking" without regard to the public interest that it may serve. U.S.C.A.Const.Amends. 5, 14. | What does the term permanent physical occupation encompasses under the law? | Eminent Domain - Memo 307 - GP.docx | ROSS-003300199-ROSS-003300201 |
| Wray v. Fitch, 95 Ohio App. 3d 249 | 148+2.2 | To be considered part of the "taking" in an appropriation case, so that abutting landowner would be entitled to compensation, interference with access to or from property must be substantial, material or unreasonable; "substantial interference" occurs when owner is prevented from enjoying continued use to which property had been previously devoted. | When does a Substantial interference occur under the taking law? | 017667.docx | LEGALEASE-00127074-LEGALEASE-00127075 |
| Harris v. Missouri Dep't of Conservation, 755 S.W.2d 726 | 148+2.1 | There is no litmus test for determining whether there has been a taking of private property by government; rather, most determinations must be made on case by case basis. | How is the determination whether government action constitutes a taking is made under the law? | 017669.docx | LEGALEASE-00127087-LEGALEASE-00127088 |
| Hudson v. Am. Oil Co., 152 F. Supp. 757 | 200+158 | Only public authorities may abate any public nuisance brought about by obstruction of public highway unless "special" injury to individual exists, and difference between such injury and injury to public must be one of kind rather than merely one of degree. | Who can abate public nuisance in a highway? | 018670.docx | LEGALEASE-00126986-LEGALEASE-00126987 |
| Cunard S.S. Co. v. Mellon, 262 U.S. 100 | 221+138 | The jurisdiction of a country over a ship flying its flag partakes more of the characteristics of personal than of territorial sovereignty, and has little application in foreign territorial waters beyond what is affirmatively or tacitly permitted by the local sovereign. | Does the jurisdiction of law of the flag doctrine partake more of the characteristics of personal than of territorial sovereignty? | International Law - Memo # 1025 - C - RY.docx | ROSS-003286597-ROSS-003286599 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Laplace v. Estate of Laplace ex rel. Laplace, 220 Fed.Appx. 69 | 289+802 | Partnership agreement, under which remaining partners committed to purchase interest of withdrawing partner for $100,000, controlled over New Jersey Revised Uniform Partnership Act (RUPA) provision, calling for buyout price for interests of dissociating partner based on "fair value," which applied only where subject was not covered in agreement. N.J.S.A. SS 42:1A-4(a), 42:1A-34. | "When a partner is dissociated from a partnership, will his interest be purchased for a buyout price?" | 021961.docx | LEGALEASE-00127281-LEGALEASE-00127282 |
| In re Monaco, 514 B.R. 477 | 366+41(6) | Under Texas law, the party seeking to establish a right to equitable subrogation bears the burden of proof to show that the right exists. | "Who bears the burden of proving the applicability of the ""equitable subrogation"" doctrine?" | 044269.docx | LEGALEASE-00126929-LEGALEASE-00126930 |
| Lang v. Nissan N. Am., 170 S.W.3d 564 | 413+2084 | In exchange for no-fault recovery, employees have limited recovery and relinquish certain common-law rights of action against their employers which they might otherwise have had, and thus, delicate compromise between the interests of employers and employees lies at the heart of workers' compensation law. | What is at the heart of a workers compensation law? | 048436.docx | LEGALEASE-00126838-LEGALEASE-00126839 |
| Perrine v. Montone, 76 F.R.D. 444 | 13+65 | Generally, case will be decided on basis of law in effect at time of decision. | Will a case be decided on basis of law in effect at the time of the decision? | 006045.docx | LEGALEASE-00127440-LEGALEASE-00127441 |
| First Nat. Bank of Kansas City v. Kavorinos, 364 Mo. 947 | 13+65 | The right to judgment depends on the facts as they existed at the time of the commencement of the action and not at the time of the trial. | Must a judgment be supported by facts as they existed at the time of the commencement of an action? | 006047.docx | LEGALEASE-00127459-LEGALEASE-00127460 |
| Wright v. Smith, 124 N.E.2d 363 | 13+65 | Rights of parties in equity are properly determined as of the date of the entry of the decree. | Will the rights of the parties in equity be determined as of the date of the entry of the decree? | 006201.docx | LEGALEASE-00127519-LEGALEASE-00127521 |
| Town of Newington v. Mazzoccoli, 133 Conn. 146 | 13+65 | In action for declaratory judgment and for an injunction, plaintiff's right to injunctive relief should be determined as of date of trial. | "In action for injunctive relief, should a plaintiff's right be determined as of the date of trial?" | Action - Memo # 901 - C - TM.docx | ROSS-003286573-ROSS-003286574 |
| State v. Holt, 368 P.3d 409 | 67+2 | Privacy interest that modern burglary statute protects is related to, though broader than, the security of habitation. West's NMSA S 30-16-3. | What is the interest that the burglary statute protects? | Burglary - Memo 14 - RK.docx | ROSS-003290046-ROSS-003290047 |
| Cty. Bd. of Ed. of Jones Cty. v. Smith, 239 Miss. 53 | 1.41E+31 | Courts must enforce the school laws in accordance with the mandate from the Legislature. | Should the courts enforce the school laws in accordance with the mandate from the Legislature? | Education - Memo # 52 - C - SU.docx | ROSS-003285088-ROSS-003285089 |
| Poorbaugh v. United States, 27 Fed. Cl. 628 | 148+2.2 | No taking of trees can occur unless government has taken underlying property; destruction of trees without taking of underlying land is characterized as tortious invasion or conversion and is not compensable in Court of Federal Claims. U.S.C.A. Const.Amend. 5. | Can taking of trees occur if the government hasnt taken the underlying property? | 017692.docx | LEGALEASE-00127374-LEGALEASE-00127375 |
| Harris Cty. v. Felts, 881 S.W.2d 866 | 148+2.19(1) | Construction of parkway in close proximity to plaintiffs' property, increasing noise at plaintiff's property due to construction activities, and increasing dust on their property, did not warrant recovery of damages for inverse condemnation where no land was physically appropriated, plaintiffs were never denied access to their property, and there was no direct restriction on use of their property; fact that property decreased in value as result of parkway project did not constitute "taking." Vernon's Ann.Texas Const. Art. 1, S 17. | What does the term direct restriction encompasses under the taking law? | 017698.docx | LEGALEASE-00127481-LEGALEASE-00127482 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Warminster Twp. Mun. Auth. v. Pennsylvania Pub. Util. Comm'n, 185 Pa. Super. 431 | 317A+113 | What may constitute a need for service justifying issuance of a certificate of public convenience depends upon locality involved and particular circumstances of each case. | What does the constitution of a need for a service depend on? | Public Utilities - Memo 228 - AM.docx | LEGALEASE-00017688-LEGALEASE-00017689 |
| Hanson v. Blum, 53 N.D. 526 | 366+35 | Junior lienholder selling under junior lien waives rights acquired by payment of superior lien. | Does a junior lienholder selling under a junior lien waive rights acquired by payment of the superior lien? | 043384.docx | LEGALEASE-00127988-LEGALEASE-00127989 |
| Travelers Indem. Co. of Connecticut v. Losco Group, 204 F. Supp. 2d 639 | 366+35 | Under New York law, claims for gross negligence are not precluded by waivers of subrogation provisions. | Can a subrogation waiver bar a claim for gross negligence? | 043430.docx | LEGALEASE-00127740-LEGALEASE-00127741 |
| Footlocker v. KK & J, 69 A.D.3d 481 | 217+3522 | Waiver of subrogation clauses are necessarily premised on the procurement of insurance by the parties. | Is waiver of subrogation clauses premised on the procurement of insurance by the parties? | Subrogation - Memo # 1191 - C - BP.docx | ROSS-003300474-ROSS-003300475 |
| St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply, 317 F. Supp. 2d 33 | 366+35 | Waiver of subrogation clause, absent any indication of overreaching or unconscionability, is neither invalid under New York statutory law nor contrary to public policy, and thus can bar subrogated claim for gross negligence. N.Y.McKinney's GeneralObligations Law S 5-323. | "Absent any indication of overreaching or unconscionability, does a waiver of a subrogation rights provision violate General Obligations Law?" | Subrogation - Memo # 1200 - C - KBM.docx | LEGALEASE-00017770-LEGALEASE-00017771 |
| Travelers Indem. Co. of Connecticut v. Losco Group, 204 F. Supp. 2d 639 | 366+35 | Under New York law, claims for gross negligence are not precluded by waivers of subrogation provisions. | Does a waiver of subrogation bar claims of negligence or gross negligence? | 043464.docx | LEGALEASE-00127639-LEGALEASE-00127640 |
| Colonial Properties Realty Ltd. P'ship v. Lowder Const. Co., 256 Ga. App. 106 | 366+35 | Waiver-of-subrogation clause in construction contract did not violate statute prohibiting indemnification of promisee to insurance contract, where clause did not indemnify property owner, but shifted risk to insurer, whether owner or construction company was at fault. O.C.G.A. S 13-8-2(b). | "Can parties to a building-related contract agree to look solely to insurance to cover their losses without violating the statute, and does such an intent of the parties recognized as a waiver of the subrogation clause?" | 043478.docx | LEGALEASE-00127562-LEGALEASE-00127563 |
| Jindra v. Diederich Flooring, 181 Wis. 2d 579 | 366+41(6) | Party requesting subrogation has burden of proving that there is some basis for asserting subrogation, and that subrogation should be allowed in those circumstances. (Per Day, J., with two Justices concurring and two Justices concurring in result.) | Does the party requesting subrogation have burden of proving that there is some basis for asserting subrogation? | Subrogation - Memo # 1236 - C - CK.docx | LEGALEASE-00017815-LEGALEASE-00017816 |
| Indus. Risk Insurers v. Port Auth. of New York & New Jersey, 387 F. Supp. 2d 299 | 217+3522 | Under New York law, waivers of subrogation rights contained in commercial leases are enforceable. | Are waivers of subrogation rights contained in commercial leases enforceable? | 043512.docx | LEGALEASE-00127606-LEGALEASE-00127607 |
| Sec. Ins. Co. of New Haven-The Connecticut Indem. Co. v. Mangan, 250 Md. 241 | 366+35 | Rights of conventional subrogee may be limited or denied him by the terms of his agreement. | Can rights of a conventional subrogee be limited or denied to him by the terms of his agreement? | Subrogation - Memo # 1275 - C - SKG.docx | ROSS-003290402-ROSS-003290404 |
| Bishop Baking Co. v. Forgey, 538 S.W.2d 602 | 413+51 | Workmen's compensation law is to be liberally construed in order to accomplish its intended purposes, but, it is not a social welfare statute, and the sympathies of the court may not control its determination. | Is the Workers Compensation Act a social welfare statute? | Workers Compensation - Memo #75 ANC.docx | LEGALEASE-00017929-LEGALEASE-00017930 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Roman v. W.C.A.B. (Rohm & Haas), 163 Pa. Cmwlth. 307 | 413+1 | State Constitution authorizes state to enact laws to compensate workers suffering from work-related injury or disease, but does not mandate that every injured or diseased worker receive compensation, and thus does not prohibit Workers' Compensation Act's 300-week limitations period for occupational disease compensation claims or Occupational Disease Act's four-year limitations period. 77 P.S. SS 411(2), 1401(c); Const.Art. III, S 18. | Does the constitution prohibit a 300-week limitation period for occupational disease compensation claims or the occupational disease acts four-year limitations period? | 048536.docx | LEGALEASE-00127415-LEGALEASE-00127416 |
| Champion Spark Plug Co. v. Reich, 121 F.2d 769 | 13+65 | Equity is not restricted to an adjustment of rights of parties as such rights existed when suit was brought, but will give relief appropriate to events occurring pending the suit. | Does equity act in the present tense and mold its decree to actualities? | 005986.docx | LEGALEASE-00128271-LEGALEASE-00128272 |
| Lester v. Beer, 74 Cal. App. 2d Supp. 984 | 13+65 | A plaintiff's right of action must exist when he commences his action, since the rights of the parties are to be judged by the conditions existing when action was begun. | Can a plaintiff's right of action exist when he commences his action? | 005993.docx | LEGALEASE-00128287-LEGALEASE-00128288 |
| Dunn Indus. Grp. v. City of Sugar Creek, 2002 WL 31548615 | 25T+113 | Guarantor who is not signatory to contract containing arbitration clause is generally not bound by the arbitration clause, but in most state courts, including Missouri, the strong federal policy in favor of arbitration means arbitration agreements are enforced against guarantors or sureties where the arbitration agreement is incorporated by reference into the guaranty or performance bond. | Is a guarantor who is not a signatory to a contract containing an arbitration clause bound by the arbitration clause? | 007271.docx | LEGALEASE-00128672-LEGALEASE-00128673 |
| United States v. McGee, 432 F. Supp. 557 | 34+1 | Providing for the common defense is the obligation of the national military establishment and such obligation runs to all citizens irrespective of location. U.S.C.A.Const. art. 1, S 8. | Is providing for the common defense an obligation of the military? | Armed Forces - Memo 11 RK.docx | LEGALEASE-00018123-LEGALEASE-00018124 |
| In re Brodie, 128 F. 665 | 34+2 | Rules and orders promulgated by the Secretary of War for the government of the army are presumed to be issued by the Secretary with the approbation and under the direction of the President, as commander in chief, though they do not expressly so state. | Should rules and orders publicly promulgated through the secretary of war be treated as the acts of the president? | Armed Forces - Memo 29 RK.docx | LEGALEASE-00018158-LEGALEASE-00018159 |
| Simmons v. Brown, 497 F. Supp. 173 | 34+2 | Regulations of the various branches of the service must be in accordance with those of the Department of Defense. | Should regulations of various branches of the service be in accordance with those of the Department of Defense? | 008349.docx | LEGALEASE-00128632-LEGALEASE-00128633 |
| Shulas v. Estabrook, 385 N.J. Super 91 | 307A+515.1 | When a party moves to voluntarily dismiss an action, whether to dismiss with or without prejudice, whether to impose terms, and the crafting of terms that are fair and just in the circumstances, are all matters that lie within the court's sound discretion; in exercising that discretion, the court is chiefly required to protect the rights of the defendant. R. 4:37-1(b). | Does an examination into the propriety of a voluntary dismissal without prejudice require an investigation into the reasons for seeking the order as well as the actions or inactions of the parties that preceded its entry? | 039192.docx | LEGALEASE-00128316-LEGALEASE-00128317 |
| Commonwealth Tel. Co. v. Carley, 192 Wis. 464 | 317A+112 | Whether corporation is public utility, subject to control of Railroad Commission, is determined by its acts. | Should one rely on what a charter of a corporation says it does while determining whether it is a public utility? | 042483.docx | LEGALEASE-00128295-LEGALEASE-00128296 |
| Cent. Tr. Co. v. Calumet Co., 260 Ill. App. 410 | 317A+101 | The fact that articles of incorporation authorize company to engage in public utility business, within purview of statute requiring public utilities commission to authorize mortgage by public utility, does not make corporation a public utility until business of public utility is actually operated. S.H.A. ch. 1112/323, S 27. | Is a charter a naked authority to do business by companies? | 042485.docx | LEGALEASE-00128299-LEGALEASE-00128301 |
| In re Rebel Rents, 307 B.R. 171 | 366+38 | Like other equitable remedies, right to subrogation may be lost by waiver, laches, or estoppel. | "Can you lose subrogation rights by waiver, laches, or estoppel?" | 043266.docx | LEGALEASE-00128401-LEGALEASE-00128402 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wright v. Smith, 124 N.E.2d 363 | 13+65 | Rights of parties in equity are properly determined as of the date of the entry of the decree. | Are the rights of parties in equity determined as of the date of the entry of the decree? | 006181.docx | LEGALEASE-00128737-LEGALEASE-00128738 |
| Henson v. Bank of Am., 935 F. Supp. 2d 1128 | 83E+417 | Under Colorado law, if an instrument is payable to the bearer, it may be negotiated by transfer of possession alone. | Can an instrument payable to bearer be negotiated by transfer of possession alone? | Bills and Notes - Memo 157 - RK.docx | ROSS-003312636-ROSS-003312637 |
| Bank of New York v. Raftogianis, 418 N.J. Super. 323 | 83E+426 | A note initially made payable "to order" that becomes a bearer instrument by being endorsed in blank can be both transferred and negotiated by delivery alone. N.J.S.A. 12A:3-109(c). | Can an instrument payable to bearer be negotiated by transfer of possession alone? | 009364.docx | LEGALEASE-00129016-LEGALEASE-00129017 |
| Colt v. Mt. Princeton Trout Club, 78 P.3d 1115 | 101+1526(2) | In a closely held corporation, the relationship between directors and shareholders is akin to a relationship among partners; directors owe the highest degree of loyalty and trust to the other shareholders, are required to exercise good faith, and may not use their power to harm the other shareholders. | Is the relationship between shareholders in a closely held corporation analogous to that of partners? | 022046.docx | LEGALEASE-00128972-LEGALEASE-00128973 |
| Goedmakers v. Goedmakers, 520 So. 2d 575 | 401+5.1 | When suit is merely for payment of money, such as purchase price of property, there is no "property in litigation" and venue cannot be asserted on that basis. West's F.S.A. S 47.011. | When a lawsuit is for payment of money such as the purchase price of the property can the action come under the mandatory venue statute? | 047492.docx | LEGALEASE-00128879-LEGALEASE-00128880 |
| Residential Sav. Mortg. v. Keesling, 73 So. 3d 280 | 401+8.2 | Venue on mortgagor's action against mortgagee for fraud and negligence regarding mortgagee's solicitation of and inducement to mortgagor to take out a new mortgage loan was in Broward County, although the causes of action concerned a refinancing on mortgagor's home which was located in Pinellas County and mortgagor might have signed the documents in Pinellas County, where mortgagor was seeking money damages, real property was not in litigation by virtue of her claims, which sounded in negligence, misrepresentation, and fraud, and closing occurred in, and funds were disbursed from, Broward County, which was the only county in which mortgagee had an office. West's F.S.A. S 47.051. | Can real property be considered in litigation for venue purposes based on prior litigation? | 047506.docx | LEGALEASE-00128893-LEGALEASE-00128894 |
| Meadows Indem. Co. v. Baccala & Shoop Ins. Servs., Ins., 760 F. Supp. 1036 | 25T+139 | While parties may not be compelled to submit commercial dispute to arbitration unless they have contracted to do so, federal policy requires district court to construe arbitration clauses as broadly as possible and any doubts concerning scope of arbitrable issue should be resolved in favor of arbitration. | Does federal policy favoring arbitration require courts to construe arbitration clauses as broadly as possible? | Alternative Dispute Resolution - Memo 487 - JK.docx | LEGALEASE-00018874-LEGALEASE-00018875 |
| Champion Auto Sales v. Polaris Sales Inc., 943 F. Supp. 2d 346 | 25T+139 | Under the Federal Arbitration Act (FAA), the Court resolves doubts in favor of arbitration and enforces privately-negotiated arbitration agreements in accordance with their terms. 9 U.S.C.A. S 2. | How do courts enforces privately-negotiated arbitration agreements? | Alternative Dispute Resolution - Memo 489 - JK.docx | LEGALEASE-00018876-LEGALEASE-00018877 |
| Consol. Bathurst, Ltd. v. Rederiaktiebolaget Gustaf Erikson, 645 F. Supp. 884 | 25T+138 | Under Arbitration Act, arbitration clauses are to be generously construed and all doubts are to be resolved in favor of arbitration. 9 U.S.C.A. S 1 et seq. | Should arbitration clauses be generously construed and all doubts resolved in favor of arbitration? | 007312.docx | LEGALEASE-00129103-LEGALEASE-00129104 |
| Sea Pines Ass'n for Prot. of Wildlife v. S.C. Dep't of Nat. Res., 345 S.C. 594 | 287+6(2) | A real party in interest is one who has a real, material, or substantial interest in the subject matter of the action, as opposed to one who has only a nominal or technical interest in the action. | Who is a real party in interest? | Appeal and error - Memo 33 - RK.docx | ROSS-003300703-ROSS-003300705 |
| Landers v. Joerger, 15 Ariz. 480 | 30+13 | While a valid, subsisting appeal is pending in the Supreme Court a writ of error, if prosecuted, will be dismissed. | Can a writ of error be prosecuted when a valid subsisting appeal is pending? | Appeal and error - Memo 54 - RK.docx | ROSS-003300032-ROSS-003300033 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Delta Acceptance Corp. v. Goldman, 388 So. 2d 85 | 83E+417 | If an instrument was originally bearer paper it remained so in spite of special endorsements, under law as it existed prior to January 1, 1975. LSA-R.S. 10:3-204(1). | Does an instrument which is originally bearer paper remain so after special endorsements? | Bills and Notes - Memo 161 - RK.docx | ROSS-003299208-ROSS-003299209 |
| Wyoming Sawmills Inc. v. U.S. Forest Serv., 383 F.3d 1241 | 149E+679 | United States Forest Service's action will be reversed only if it is arbitrary, capricious, otherwise not in accordance with the law, or not supported by substantial evidence. | What standard of review is used in reviewing the Forest Services actions? | 047584.docx | LEGALEASE-00129137-LEGALEASE-00129138 |
| Inland Wetlands & Watercourses Comm'n of Town of Wallingford v. Andrews, 139 Conn. App. 359 | 30+4 | Proper way to vindicate a legal position is not to disobey the court orders, but rather to challenge them on appeal. | What is the proper way to vindicate a legal position? | Appeal and error - Memo 38 - RK.docx | ROSS-003314171-ROSS-003314172 |
| Serco Co. v. Choice Bumper, 199 Ga. App. 846 | 30+14(4) | Although cross appeal may survive dismissal of main appeal, this is true only where cross appeal can stand on its own merit. O.C.G.A. S 5-6-48(e). | When can a cross appeal survive dismissal of the main appeal? | Appeal and error - Memo 76 - RK.docx | ROSS-003314196-ROSS-003314197 |
| Corona v. Laird, 357 F. Supp. 1357 | 34+3(1) | If army rulings are found to be discretionary they are beyond power of review of civilian courts in absence of unusual circumstances. | Can discretionary rulings of an army be subject to judicial review? | 008379.docx | LEGALEASE-00129350-LEGALEASE-00129351 |
| People v. Borgen, 282 Ill. App. 3d 116 | 67+2 | Offenses of burglary and residential burglary are mutually exclusive, i.e., residential burglary can be committed only in dwelling place, whereas burglary cannot. S.H.A. 720 ILCS 5/19-1(a), 19-3(a). | Are burglary and residential burglary mutually exclusive offenses? | Burglary - Memo 43 - RK.docx | ROSS-003299318-ROSS-003299320 |
| People v. Mooney, 145 Cal. App. 3d 502 | 67+2 | In order to commit auto burglary, the vehicle must be locked and entry made without consent of the owner. West's Ann.Cal.Penal Code S 459. | How is auto burglary committed? | Burglary - Memo 45 - RK.docx | ROSS-003327204-ROSS-003327205 |
| United States v. Dooley, 228 F. Supp. 3d 733 | 350H+1263 | "Generic burglary," as enumerated predicate prior violent felony, as basis for sentence enhancement under the Armed Career Criminal Act (ACCA), is an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime. 18 U.S.C.A. S 924(e)(2)(B)(ii). | What is a generic burglary? | 013215.docx | LEGALEASE-00129636-LEGALEASE-00129638 |
| D.S.S. v. State, 806 So. 2d 554 | 67+7 | Ownership for the purposes of charging burglary is not the same as ownership in property law since burglary is a disturbance to habitable security and not to the fee; actual ownership is not required, rather "ownership" means any possession which is rightful as against the burglar and is satisfied by proof of special or temporary ownership, possession, or control. West's F.S.A. S 810.02. | Is burglary a disturbance to habitable security? | Burglary - Memo 50 - RK.docx | ROSS-003300893-ROSS-003300894 |
| Bogart v. Unified Sch. Dist. No. 298 of Lincoln Cty., Kansas, 432 F. Supp. 895 | 316P+194 | Purpose of tenure and continuing contract laws is to give recognition to a constitutionally protectible interest. K.S.A. 72-5411. | What is the purpose of tenure and continuing contract laws? | Education - Memo # 76- C NA.docx | LEGALEASE-00019170-LEGALEASE-00019171 |
| Wood v. Strickland, 420 U.S. 308 | 141E+735 | It is not the role of the federal courts to set aside decisions of school administrators which the court may view as lacking a basis in wisdom or compassion. | Do public high school students have substantive and procedural rights while at school? | 016978.docx | LEGALEASE-00129275-LEGALEASE-00129276 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Quick v. Andresen, 238 Or. 433 | 228+197 | A judgment of nonsuit is the only method of dismissing an action at law, as distinguished from a suit in equity. | Is a judgment of nonsuit the only method of dismissing an action at law? | Pretrial Procedure - Memo # 1163 - C- BP.docx | ROSS-003301093-ROSS-003301094 |
| Robinson v. Gen. Mills Restaurants, 110 N.C. App. 633 | 307A+513 | Crucial element in notice of dismissal is intention of party actually to dismiss case. | "Is the ""crucial element"" of a voluntary dismissal the intention of the party actually to dismiss the case?" | 024702.docx | LEGALEASE-00129233-LEGALEASE-00129234 |
| Toscano v. Delgado, 506 S.W.2d 317 | 307A+501 | Save in exceptional circumstances, the right of plaintiff, on timely demand, to take a nonsuit is unlimited. | Is a plaintiff's right to take a nonsuit unlimited? | 024706.docx | LEGALEASE-00129251-LEGALEASE-00129253 |
| First Am. Nat. Bank of Iuka v. Alcorn, 361 So. 2d 481 | 307A+502 | Although right of a complainant to take a nonsuit is large, it is not unlimited and lies within discretion of court. Code 1972, S 11-7-125. | Is a plaintiff's right to take a nonsuit unlimited? | Pretrial Procedure - Memo # 1031 - C - KI.docx | LEGALEASE-00019272-LEGALEASE-00019274 |
| Alvarado v. Hyundai Motor Co., 885 S.W.2d 167 | 307A+501 | Rule concerning nonsuits was designed to allow plaintiff to avoid unexpected emergencies. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Is the nonsuit rule designed to allow the plaintiff to escape from unexpected emergencies? | Pretrial Procedure - Memo # 1032 - C - KI.docx | LEGALEASE-00019275-LEGALEASE-00019276 |
| Anderson v. Sonoco Prod. Co., 112 Ohio App. 3d 305 | 307A+501 | "Plaintiff" is the party who brings action for purposes of rule providing that action may be dismissed by "plaintiff" without order of court by filing notice of dismissal before commencement of trial. Rules Civ.Proc., Rule 41(A)(1). | "Can a plaintiff voluntarily dismiss the action once, without prejudice at any time prior to the commencement of trial?" | Pretrial Procedure - Memo # 1167- C- BP.docx | ROSS-003326519-ROSS-003326520 |
| Judge of Prob. v. Abbot, 13 N.H. 21 | 307A+506.1 | Before opening his case, plaintiff may become nonsuit as a matter of right; after the opening and before verdict, he may, with consent of the court. | "Before opening his case, can a plaintiff become nonsuit as a matter of right?" | Pretrial Procedure - Memo # 1328 - C - RY.docx | ROSS-003300478-ROSS-003300479 |
| Guglielmoni v. Diamond, 263 A.D. 1012 | 307A+501 | Generally, a plaintiff is entitled to discontinue an action upon appropriate terms. | Is a plaintiff entitled to discontinue an action upon appropriate terms? | 039530.docx | LEGALEASE-00129374-LEGALEASE-00129375 |
| Aucoin v. Fell, 779 So. 2d 1087 | 317A+114 | Articles providing means for owner of enclosed estate to access property by foot or vehicle through servitude of passage do not allow owner right of servitude of passage for utilities. LSA-C.C. arts. 689, 705. | Is an enclosed estate granted the right of servitude of passage for utilities? | Public Utilities - Memo 254 - AM.docx | LEGALEASE-00019503-LEGALEASE-00019504 |
| Nitro Distrib. v. Alticor, 453 F.3d 995 | 25T+141 | An agent is subject to the same contractual provisions, including arbitration contracts, to which the principal is bound. | Is an agent subject to the same contractual provisions to which the principal is bound? | 007346.docx | LEGALEASE-00130203-LEGALEASE-00130204 |
| E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S., 269 F.3d 187 | 25T+141 | When the non-signatory to an arbitration agreement knowingly exploits the agreement containing the arbitration clause despite having never signed the agreement, courts prevent a non-signatory from embracing a contract, and then turning its back on the portions of the contract, such as an arbitration clause, that it finds distasteful. 9 U.S.C.A. S 1 et seq. | Is a non-signatory precluded from embracing a contract? | Alternative Dispute Resolution - Memo 515 - RK.docx | LEGALEASE-00019569-LEGALEASE-00019570 |
| Alcaraz v. Avnet, 933 F. Supp. 1025 | 25T+146 | Employee's claims of national origin, age, and sex discrimination were not arbitrable, where employment agreement entered into by parties authorized arbitrator to award damages for breach of contract only and did not give arbitrator authority to make an award of other damages. | Can parties exclude statutory claims from the scope of an arbitration agreement? | 007376.docx | LEGALEASE-00130235-LEGALEASE-00130236 |
| Heisler v. Hines Motor Co., 282 Mont. 270 | 307A+743 | Pretrial order serves to prevent surprise, simplify the issues, and permit counsel to prepare their case for trial. | What does a pretrial order serve to do? | 026398.docx | LEGALEASE-00130038-LEGALEASE-00130041 |
| King v. Zimmerman, 266 Mont. 54 | 307A+743 | Purpose of pretrial orders is to prevent surprise, simplify issues, and permit counsel to prepare their case for trial on basis of pretrial orders. | What is the purpose of pre-trial orders? | Pretrial Procedure - Memo # 1554 - C - CK.docx | ROSS-003287630-ROSS-003287631 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Malerbi v. Cent. Reserve Life of N. Am. Ins. Co., 225 Neb. 543 | 307A+742.1 | Pretrial conferences are conducted to simplify issues, amend pleadings, and avoid unnecessary proof of facts at trial and to avoid traps and surprises at trial. | What are Pretrial conferences conducted for? | 026609.docx | LEGALEASE-00130019-LEGALEASE-00130020 |
| Frank v. Am. Gen. Fin., 23 F. Supp. 2d 1346 | 25T+143 | Existence of an arbitration agreement between a plaintiff and a defendant does not necessarily mean that all of the plaintiff's claims against that defendant are arbitrable under the agreement. | Does the existence of an arbitration agreement between a plaintiff and a defendant mean that all of the plaintiffs claims against the defendant are arbitrable? | 007425.docx | LEGALEASE-00131386-LEGALEASE-00131388 |
| State v. Taylor, 136 Ohio Misc. 2d 18 | 67+2 | Essence of crime of burglary is not value, but rather entry into a specific structure with an intent to commit a theft or any felony therein. A.R.S. S 13-302(A). | What is the essence of burglary? | Burglary - Memo 29 - RK.docx | ROSS-003313651-ROSS-003313652 |
| People v. Beauchamp, 241 Ill. 2d 1 | 67+2 | The purpose of the burglary statute is to protect the security and integrity of certain specified enclosures, including motor vehicles. S.H.A. 720 ILCS 5/19-1(a). | What is the purpose of the burglary statute? | Burglary - Memo 32 - RK.docx | ROSS-003314342-ROSS-003314344 |
| Morris v. State, 166 Ga. App. 137 | 67+22 | Indictment for burglary must specify location of burglary, and contain some allegation regarding ownership of burglarized premises. Code, S 27-701. | Does a burglary indictment have to specify the location of the burglary? | 013296.docx | LEGALEASE-00131413-LEGALEASE-00131414 |
| People v. Tatem, 62 Cal. App. 3d 655 | 210+815 | By statutory definition, petty theft, or theft of any kind, is not a necessarily included offense of burglary, because burglary can be committed without committing theft. West's Ann.Pen.Code, SS 459, 484(a). | Is theft a lesser included offense of burglary? | Burglary - Memo 87 - JK.docx | ROSS-003286753-ROSS-003286754 |
| State Bd. of Ret. v. Bulger, 446 Mass. 169 | 79+8 | The standard for removing a clerk-magistrate from office, where required by the "public good," is broad, and in contrast, the standard for pension forfeiture based on dereliction of duty is more narrow and specific. M.G.L.A. c. 211, S 4; c. 32, S 15(4). | What is the standard for pension forfeiture of a clerk based on dereliction of duty? | 013403.docx | LEGALEASE-00131248-LEGALEASE-00131249 |
| State ex rel. Butte-Los Angeles Mining Co. v. Dist. Court of Second Judicial Dist., 103 Mont. 140 | 307A+501 | Plaintiff has no absolute right at all times under all circumstances to discontinue, dismiss, or take a nonsuit. | "Does a plaintiff have no absolute right to discontinue, dismiss or take a nonsuit?" | Pretrial Procedure - Memo # 1236 - C - UG.docx | ROSS-003327964-ROSS-003327965 |
| Hutchison v. Seariver Mar., 22 So. 3d 989 | 307A+742.1 | The ultimate purpose of a scheduling order is to hasten the matter to judgment by selecting deadlines for the parties to conclude all pretrial matters. | What is the purpose of a scheduling order? | Pretrial Procedure - Memo # 1432 - C - SKG.docx | ROSS-003299652-ROSS-003299653 |
| In re Ashcroft, 888 F.2d 546 | 307A+742.1 | Pretrial conference discussion of settlement is designed to encourage and facilitate settlement as early as possible, but is not designed to impose settlement on unwilling litigants. Fed.Rules Civ.Proc.Rule 16 note, 28 U.S.C.A. | When is the encouragement of settlement a valid subject for consideration in pretrial conference? | 026489.docx | LEGALEASE-00131135-LEGALEASE-00131136 |
| Carnes v. Meadowbrook Exec. Bldg. Corp., 17 Kan. App. 2d 292 | 307A+742.1 | Primary purposes of pretrial conference are to reduce, if not completely remove, uncertainty from trial, to determine exactly what issues are involved, and to establish what procedures are to be followed. | What is the primary purpose of a pretrial conference? | Pretrial Procedure - Memo # 1480 - C - ES.docx | LEGALEASE-00020540-LEGALEASE-00020541 |
| SurgiJet v. Hicks, 236 Ga. App. 80 | 307A+717.1 | A motion for a continuance based on an absent witness is addressed to the sound legal discretion of the trial court and no error will be assigned unless it appears that the trial court abused that discretion in passing on the motion. | How is a motion for discontinuance based on an absent witness addressed? | Pretrial Procedure - Memo # 1737 - C - NS.docx | LEGALEASE-00020740-LEGALEASE-00020741 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| LaRose v. Curoe, 343 N.W.2d 153 | 307A+742.1 | Rationale of pretrial conference is to promote efficient and effective disposition of litigation, and thus full participation in such conferences should be encouraged. Rules Civ.Proc., Rule 66; Fed.Rules Civ.Proc.Rule 16, 28 U.S.C.A. | What is the rationale of pretrial conference? | 027030.docx | LEGALEASE-00130946-LEGALEASE-00130947 |
| Atkins v. Atkins, 177 Cal. App. 2d 207 | 307A+750 | Purpose of pretrial order is to make specific legal theories on which each party is proceeding and to crystallize and formulate issues to be litigated at trial; however, this does not mean that there must be unswerving and rigid adherence to every provision. Rules of Civil Procedure, rule 16(c). | What purpose do pre-trial orders serve? | Pretrial Procedure - Memo # 2022 - C - SKG.docx | ROSS-003301326-ROSS-003301327 |
| Silicon Valley Taxpayers Ass'n v. Santa Clara Cty. Open Space Auth., 44 Cal. 4th 431 | 371+2061 | Unlike a special assessment, a tax can be levied without reference to peculiar benefits to particular individuals or property. | Is special assessment similar to tax? | 044724.docx | LEGALEASE-00130853-LEGALEASE-00130854 |
| Stevenson v. New York State Tax Appeals Tribunal, 106 A.D.3d 1146 | 371+2001 | "Taxes" are public burdens imposed generally for governmental purposes benefiting the entire community. | Are taxes generally imposed for governmental purposes? | 045269.docx | LEGALEASE-00130606-LEGALEASE-00130608 |
| Unite Here Local 217 v. Sage Hosp. Res., 722 F. Supp. 2d 161 | 231H+1549(7) | Even if court rather than arbitrator were to determine length of neutrality agreement between hotel and union, underlying dispute over union's majority status among hotel employees might be arbitrable after agreement had expired; controversy had its real source in that agreement, which neither expressly nor by clear implication forbade postexpiration arbitration of issues that legitimately arose under contract during effective dates. | What is the two prong analysis which governs post-expiration arbitrability of disputes? | Alternative Dispute Resolution - Memo 565 - RK.docx | LEGALEASE-00021308-LEGALEASE-00021309 |
| Jackson v. State Highway Dep't of Ga., 164 Ga. 434 | 34+3(2) | Posse Comitatus Act, which provides that "Whoever, except * * *, willfully uses any part of the Army or the Air Force as a posse comitatus or otherwise to execute the laws shall be fined not more than $10,000 or imprisoned not more than two years, or both," does not apply to United States Coast Guard. 18 U.S.C.A. S 1385; 14 U.S.C.A. SS 1-3, 89(a, b), 141(a); 10 U.S.C. S 101. | Does the Posse Comitatus Act apply to the members of the Coast Guard? | 008954.docx | LEGALEASE-00132485-LEGALEASE-00132486 |
| United States v. Pomrenke, 198 F. Supp. 3d 648 | 63+1(1) | To convict a defendant of bribery, the defendant must have engaged in a quid pro quo. 18 U.S.C.A. S 201(b). | Must quid pro quo be present for a bribery conviction? | 012225.docx | LEGALEASE-00132014-LEGALEASE-00132016 |
| United States v. O'Brien, 994 F. Supp. 2d 167 | 63+1(1) | Phrase "anything of value" in bribery statute is construed broadly, and includes intangible rights and benefits. 18 U.S.C.A. S 666. | "How should the phrase ""anything of value"" in the bribery statute be construed?" | Bribery - Memo #92 - C-CSS.docx | ROSS-003285795-ROSS-003285796 |
| Pritchard v. Sec. Tr. Co. of Rochester, 188 N.Y.S. 548 | 307A+331 | The provisions of Code of Civil Procedure, SS 803 and 807, and of General Rules of Practice, Rule 14, relating to discovery, should not be construed away by technical construction. | "Should the provisions relating to discovery, be construed away by technical construction?" | 027169.docx | LEGALEASE-00132067-LEGALEASE-00132068 |
| Hampton Clinic v. Dist. Court of Franklin Cty., 231 Iowa 65 | 307A+331 | The statutes providing for the production of books and papers are remedial and should be liberally construed. Code 1939, SS 11316, 11317. | "The statutes providing for the production of books and papers are remedial, should they be liberally construed?" | 027483.docx | LEGALEASE-00132364-LEGALEASE-00132365 |
| Shelter Mut. Ins. Co. v. Vulgamott, 96 S.W.3d 96 | 307A+517.1 | Once a plaintiff voluntarily dismisses a claim prior to the introduction of evidence, it is as if the suit were never brought. | "Once a plaintiff files a voluntary dismissal of a claim, is it as if the claim had never been brought?" | Pretrial Procedure - Memo # 2199 - C - DA.docx | ROSS-003287418-ROSS-003287419 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Whitmore v. Mut. Life Ins. Co. of N. Y., 122 Vt. 328 | 307A+749.1 | Subsequent course of action in trial of a cause is controlled by agreement or admission made at pretrial conference. County Court Rules, rule 3A. | Is a subsequent course of action in trial of case controlled by agreement or admissions made at a pretrial conference? | Pretrial Procedure - Memo # 2517 - C-BP.docx | ROSS-003301549-ROSS-003301550 |
| Dye, v. Missouri Dep't of Soc. Servs., 476 S.W.3d 359 | 307A+517.1 | After a voluntary dismissal is filed, the circuit court may take no further steps as to the dismissed action, and any step attempted is viewed as a nullity. Mo. Sup. Ct. R. 67.02(a). | Does a voluntary dismissal without prejudice render that cause of action a nullity? | 028090.docx | LEGALEASE-00132231-LEGALEASE-00132232 |
| Schmeer v. Cty. of Los Angeles, 153 Cal. Rptr. 3d 352 | 371+2001 | The term "tax" in ordinary usage refers to a compulsory payment made to the government or remitted to the government. | "What does the term ""tax"" in ordinary usage refer to?" | Taxation - Memo # 157 - C- NA.docx | ROSS-003304020-ROSS-003304021 |
| Nw. Fire Dist. v. U.S. Home of Arizona Const. Co., 213 Ariz. 489 | 371+2001 | Assessment imposed upon a broad class of parties is more likely to be a tax than an assessment imposed upon a narrow class. | Is an assessment imposed on a broad class more likely to be a tax? | 044809.docx | LEGALEASE-00131522-LEGALEASE-00131523 |
| Amalgamated Transit Union Local 587 v. State, 142 Wash. 27 | 371+2001 | "Tax" is a pecuniary burden laid upon individuals or property to support the government, and is a payment exacted by legislative authority; essential characteristics of a tax are that it is not a voluntary payment or donation, but an enforced contribution, exacted pursuant to legislative authority. | What are the essential characteristics of a tax? | 044818.docx | LEGALEASE-00131549-LEGALEASE-00131550 |
| City of Carondelet, to Use of Reuter v. Picot, 38 Mo. 125 | 371+2001 | A tax, in its essential characteristics, is not a debt, nor in the nature of a debt, but is an impost levied by the government on its citizens for the support of the state. | Is tax a debt in its essential characteristic? | 044820.docx | LEGALEASE-00131551-LEGALEASE-00131552 |
| Okeson v. City of Seattle, 150 Wash. 2d 540 | 371+2001 | Generally speaking, taxes are imposed to raise money for the public treasury. | Are taxes generally imposed to raise money for the public treasury? | 044827.docx | LEGALEASE-00131572-LEGALEASE-00131573 |
| Griffin v. Dep't of Local Gov't Fin., 765 N.E.2d 716 | 371+2001 | The nature of a tax must be determined by its operation and incidence, rather than by its title or designation made by the legislature. | Is it the manner of operation which determines the nature of a tax? | 044908.docx | LEGALEASE-00131899-LEGALEASE-00131900 |
| Menz v. Coyle, 117 N.W.2d 290 | 371+2001 | A "tax" is an enforced contribution for public purposes which is in no way dependent upon will or consent of person taxed. | Is tax in any way dependent upon the will or contract of the person or entity taxed? | 044944.docx | LEGALEASE-00132021-LEGALEASE-00132022 |
| Swanson v. State, Dep't of Educ., 249 Neb. 466 | 371+2001 | Tax laws represent legislature's definition of measure of every citizen's duty in support of public burdens. | What do tax laws represent? | 044982.docx | LEGALEASE-00131947-LEGALEASE-00131948 |
| State ex rel. & to Use of Moore v. Wabash R. Co., 357 Mo. 380 | 371+2001 | Taxation, which is taking of private property for public use, requires strict compliance with law, and tax may be levied only when proceedings therefor are wholly within terms of statute authorizing it. | Does taxation require a strict compliance with law? | 045092.docx | LEGALEASE-00132163-LEGALEASE-00132164 |
| Clear Channel Outdoor v. Mayor & City Council of Baltimore, 153 F. Supp. 3d 865 | 371+2001 | The "classic tax" is imposed by the legislature upon a large segment of society, and is spent to benefit the community at large. | "On whom is a ""classic tax"" imposed upon?" | 045554.docx | LEGALEASE-00131909-LEGALEASE-00131910 |
| Martin v. Indus. Comm'n, 75 Ariz. 403 | 413+3 | Workmen's Compensation Law does not provide for general health and accident coverage, and therefore every accidental death of an employee is not compensable. | What types of acts are not compensable under workmens compensation laws? | 047805.docx | LEGALEASE-00131717-LEGALEASE-00131718 |
| Louisiana State Bar Ass'n v. Pitard, 462 So. 2d 178 | 63+1(1) | One essential element of public bribery is conscious knowing intent to influence person's conduct. LSA-R.S. 14:118. | Is intent an element of bribery? | 011344.docx | LEGALEASE-00133346-LEGALEASE-00133347 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Jordan, 15 Ill. App. 3d 672 | 63+1(1) | A person's receipt of property is not alone enough to sustain a bribery conviction. S.H.A. ch. 38, S 33-1(d). | Is a persons receipt of property enough to sustain a bribery conviction? | 011406.docx | LEGALEASE-00133218-LEGALEASE-00133219 |
| United States v. Hyde, 448 F.2d 815 | 63+1(1) | Distinction between extortion by public official and acceptance of bribe is initiative and purpose on part of official and fear and lack of voluntariness on part of victim. 18 U.S.C.A. S 1951. | What is the distinction between extortion by public official and acceptance of bribe? | 011430.docx | LEGALEASE-00133383-LEGALEASE-00133384 |
| In re Decker, 10 B.R. 440 | 289+561 | Where an assignment is not clearly intended to convey a partner's interest in specific partnership property, that is, his right to use partnership property for partnership purposes, but is intended to convey some interest in partnership property, the fact that the parties did not couch their assignment in proper terms does not justify a court's holding their transaction void when there exists evidence establishing basis upon which the transaction can be consistent and valid. | Can a partner assign his interest in specific partnership property to other partners? | 022104.docx | LEGALEASE-00133505-LEGALEASE-00133506 |
| Wozniak v. Miles, 2002 WL 31429805 | 46H+627 | Attorney and law firm representing online music partnership in negotiations concerning its acquisition owed no duty to minority partner who, having been unaware that negotiations were underway, sold his partnership interest before the acquisition occurred; minority partner believed firm owed him duty of care individually, given the small size of the partnership, the nature and scope of the legal representation, and his having been unaware that acquisition was imminent, but neither the attorney nor the firm had ever had contact with him, professionally or otherwise. West's Ann.Cal.Corp. Code S 16201; Prof.Conduct Rule 3-600(A). | Does the duty of care owed by an attorney to the partnership extend to the individual partners? | Partnership - Memo 277 - RK.docx | LEGALEASE-00022553-LEGALEASE-00022554 |
| U.S. v. Cohn, 128 F. 615 | 289+1331 | A partner is not chargeable with criminal acts of his copartner or others, acting in behalf of the firm, unless he has knowledge thereof. | "If a partner possess guilty knowledge of the criminal acts of his copartner, can he be criminally liable?" | 022135.docx | LEGALEASE-00133541-LEGALEASE-00133542 |
| Brown v. Bateh, 331 So.2d 671 | 289+715 | A partner has a right to protect his private property from the demands of partnership creditors, if there is partnership property that can satisfy the partnership debts. Rules of Civil Procedure, rule 65(d). | Can the private property of individual partners be used to pay off partnership debts? | Partnership - Memo 301 - RK.docx | ROSS-003290539-ROSS-003290540 |
| Candelario Del Moral v. UBS Financial Services Inc. of Puerto Rico, 81 F.Supp.3d 143 | 253+753 | Under Puerto Rico law, in absence of valid pre-nuptial agreement, legal conjugal partnership governs spouses' economic relationship during marriage. | Do conjugal partnerships end when the marriage is dissolved? | Partnership - Memo 303 - RK.docx | LEGALEASE-00022606-LEGALEASE-00022607 |
| King v. Mississippi Power & Light Co., 244 Miss. 486 | 302+8(17) | It is not sufficient to allege negligence as mere conclusion of pleader, but facts must be pleaded showing actual negligence. | Is it sufficient to allege negligence as a mere conclusion? | 022897.docx | LEGALEASE-00133352-LEGALEASE-00133353 |
| Schowalter v. Washington Mut. Bank, 275 Ga. App. 182 | 307A+750 | Claim or issue, though previously raised in pleadings, is waived when it is omitted from the pretrial order. | Is it a waiver if a claim or issue is omitted from the pretrial order even if it appeared in the complaint? | Pretrial Procedure - Memo # 1858 - C - SHB.docx | LEGALEASE-00022693-LEGALEASE-00022694 |
| Ned v. Union Pac. Corp., 2014-1310 (La. App. 3 Cir. 4/15/15) | 307A+747.1 | A trial court has wide discretion to provide for pretrial orders and to ensure that the terms of the order are enforced. LSA-C.C.P. art. 1551. | Does a trial court have the discretion to enter a pretrial order? | Pretrial Procedure - Memo # 1863 - C - VA.docx | ROSS-003287283-ROSS-003287286 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Singer Mfg. Co. v. Bowne, 81 N.J. Eq. 157 | 307A+331 | Wherever letters or papers are evidential in a cause and relevant, and are in the possession of either party, the court of equity has the inherent power to order the production of such papers for inspection by the other party. | Is the power to require a party to permit his opponent to inspect the documents in his possession inherent in the court? | 027133.docx | LEGALEASE-00133200-LEGALEASE-00133202 |
| Thurman v. James, 48 Mo. 235 | 307A+501 | In practice, the words "discontinuance" and "dismissal" import the same thing-namely, that the cause is sent out of court. | "In practice, do the words ""discontinuance"" and ""dismissal"" import the same thing that the cause is sent out of court?" | 027193.docx | LEGALEASE-00133004-LEGALEASE-00133005 |
| Travelers Ins. Co. v. Joachim, 315 S.W.3d 860 | 307A+517.1 | A nonsuit extinguishes a case or controversy from the moment the motion is filed or an oral motion is made in open court, and the only requirement is the mere filing of the motion with the clerk of the court. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does a nonsuit render the merits of a plaintiff's claims moot? | 027695.docx | LEGALEASE-00132582-LEGALEASE-00132583 |
| Bardales v. Duarte, 181 Cal. App. 4th 1262 | 307A+517.1 | By definition, a voluntary dismissal without prejudice is not a final judgment on the merits. | Is a voluntary dismissal without prejudice a final judgment on the merits? | 028072.docx | LEGALEASE-00133426-LEGALEASE-00133427 |
| Estate of Barksdale ex rel. Farthing v. Duke Univ. Med. Ctr., 175 N.C. App. 102 | 307A+517.1 | Voluntary dismissal of action leaves the plaintiff exactly where he was before the action was commenced. Rules Civ.Proc., Rule 41(a), West's N.C.G.S.A. S 1A-1. | Does a voluntary dismissal of action leave the plaintiff exactly where he was before the action was commenced? | 028202.docx | LEGALEASE-00132775-LEGALEASE-00132776 |
| Internorth v. Iowa State Bd. of Tax Review, 333 N.W.2d 471 | 371+2001 | A "tax" is charge levied to pay cost of government; tax is not paid unless amount is transmitted to government, and does not accrue when it is neither charged nor owed. | Does a tax accrue when it is neither charged nor owed? | 045001.docx | LEGALEASE-00133292-LEGALEASE-00133293 |
| Savitt v. L. & F. Const. Co., 123 N.J.L. 149 | 413+1 | Under the Workmen's Compensation Law, rights of parties are determined as of the date of the award and not as of the date of the accident. N.J.S.A. 34:15-12, 34:15-40. | When are the rights of the parties determined under the workmens compensation law? | 047977.docx | LEGALEASE-00133466-LEGALEASE-00133467 |
| Khalsa v. Weinberger, 779 F.2d 1393 | 34+3(1) | Mindes test for determining reviewability of military decision applies to statutory claims against military. | Does the Mindes test for determining reviewability of military decision apply to statutory claims against military? | 008372.docx | LEGALEASE-00133686-LEGALEASE-00133687 |
| Auto. Tire Serv. v. First Nat. Bank of Ariz., Phoenix, 102 Ariz. 512 | 8.30E+76 | A "check" is merely the drawer's order to pay the named payee the amount specified and can be countermanded any time before payment or certification. A.R.S. SS 6-259, 44-589. | Can a check be countermanded? | 010213.docx | LEGALEASE-00133590-LEGALEASE-00133591 |
| United States v. Corrigan, 144 F.3d 763 | 92+2035 | Military officials need not demonstrate actual harm before implementing a regulation restricting speech and may act to forestall reasonably anticipated harm to morale or to the orderly functioning of the base. U.S.C.A. Const.Amend. 1. | Do military officials demonstrate actual harm before implementing regulation restricting speech? | 008386.docx | LEGALEASE-00133756-LEGALEASE-00133757 |
| Munn v. Rateliff, 247 Ark. 609 | 200+79.6 | It is existence of gate and not how continuously it is closed that constitutes notice to public that road is being used by permission and not as matter of right. | What constitutes as notice to the public that they are using the road as permission and not as right? | 018920.docx | LEGALEASE-00133768-LEGALEASE-00133769 |
| Maharishi Sch. Vedic Scis. v. Connecticut Constitution Assocs. Ltd. P'ship, 260 Conn. 598 | 308+99 | "Apparent authority" is that semblance of authority that a principal, through its own acts or inadvertences, causes or allows third persons to believe the principal's agent possesses. | What is an apparent authority in a principal-agent relation? | Principal and Agent - Memo 84 - KC.docx | LEGALEASE-00023698-LEGALEASE-00023699 |
| Jones v. State Bd. of Ed. Of & For State of Tenn., 279 F. Supp. 190 | 352H+157 | Sexual battery is not a specific intent crime and thus the indictment need not refer to a specific intent. | Does the indictment of sexual battery require reference to specific intent? | Sex Offence - Memo 69 - SB.docx | ROSS-003291228-ROSS-003291229 |
| Nieves v. United States, 133 Fed. Cl. 306 | 34+5(3) | The constructive service doctrine only applies to improper terminations from active military service. | Does the constructive service doctrine apply only to improper terminations from active military service? | 008446.docx | LEGALEASE-00134025-LEGALEASE-00134026 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wright v. United States, 81 Fed. Cl. 369 | 34+5(3) | A servicemember cannot invoke the constructive service doctrine if he voluntarily retires from the military. | Can a service member invoke the constructive service doctrine if he voluntarily retired from the military? | 008448.docx | LEGALEASE-00134070-LEGALEASE-00134071 |
| Thomas v. United States, 42 Fed. Cl. 449 | 34+18.5 | No one has a right to enlist or re-enlist in the armed forces unless specially granted such a right by statute or regulation. | Does a servicemen have the right to enlist or reenlist in the armed forces? | Armed Services - Memo 147 - JS.docx | ROSS-003303767-ROSS-003303768 |
| Citizens' Tr. Co. v. Ward, 195 Mo. App. 223 | 83E+429 | The indorsement of a note, "Pay to any bank or banker," is an indorsement for collection, and does not transfer title. | Does the indorsement pay to any bank or banker an indorsement for collection and do such indorsement transfer title? | Bills and Notes - Memo 281- VP.docx | ROSS-003291563-ROSS-003291564 |
| Shain v. Sullivan, 106 Cal. 208 | 83E+405 | An indorsement may be made upon the face of a note with the same effect as upon the back. | Does the indorsement made upon the face of the note has the same effect as if made upon the back? | 009484.docx | LEGALEASE-00134582-LEGALEASE-00134584 |
| United States v. Jacobs, 431 F.2d 754 | 63+1(1) | Statute against corruptly giving, offering, or promising anything of value to public official with intent to influence any official act or to influence official to commit fraud or make opportunity for commission of any fraud on United States or to induce such public official to do or omit to do any act in violation of his lawful duty seeks to prevent aftermath suffered by public when an official is corrupted and thereby perfidiously fails to perform his public service and duty, and purpose of statute is to discourage one from seeking an advantage by attempting to influence public official to depart from conduct deemed essential to public interest. 18 U.S.C.A. S 201(b). | What is the evil sought to be prevented by the deterrent effect of 18 U.S.C. 201(b) concerning bribery? | Bribery - Memo #318 - C-CSS.docx | ROSS-003290353-ROSS-003290354 |
| State v. Com. v. Beneficial Fin. Co., 360 Mass. 188 | 63+14 | Court's instructions as to Commonwealth's burden in establishing that person allegedly bribed was officer were proper. | Is the burden of proof on the Commonwealth in establishing the person allegedly bribed was an officer? | 011476.docx | LEGALEASE-00134808-LEGALEASE-00134809 |
| Tom Green Cty. v. Moody, 116 Tex. 299 | 200+121 | Legislature has full discretion to adopt method of taxing all properties in county at assessed values for cost of highway to be improved within it. | What are the powers of Legislature with respect to taxation? | Highways -Memo 99 - DB.docx | ROSS-003290610-ROSS-003290611 |
| Hozer v. State, Dep't of Treasury, Consol. Police & Firemen's Pension Fund Comm'n, 95 N.J. Super. 196 | 296+1 | A "pension" is a bounty springing from appreciation and graciousness of the sovereign; it is an inducement to conscientious, efficient and honorable service. | Is pension an inducement to honorable service? | Pension - Memo 1 - MS.docx | ROSS-003317686-ROSS-003317687 |
| Hozer v. State, Dep't of Treasury, Consol. Police & Firemen's Pension Fund Comm'n, 95 N.J. Super. 196 | 296+2 | One fundamental purpose of the pensioning of civil servants is to secure good behavior and the maintenance of reasonable standards of discipline during service. | What is a pension? | Pension - Memo 8 - SB.docx | ROSS-003287643-ROSS-003287644 |
| Polansky v. Berenji, 393 S.W.3d 362 | 307A+517.1 | A nonsuit is effective when it is filed; it extinguishes a case or controversy from the moment the motion is filed or an oral motion is made in open court. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Is a nonsuit effective upon the date of its filing? | Pretrial Procedure - Memo # 2719 - C - PC.docx | LEGALEASE-00024089-LEGALEASE-00024090 |
| Farm Credit Bank of Omaha v. McLaughlin, 474 N.W.2d 883 | 307A+483 | In applying rule governing deemed admissions, technical consideration should not be allowed to prevail to the detriment of substantial justice, and rule should be liberally construed. Rules Civ.Proc., Rule 36. | Is the rule allowing withdrawal of admissions to be construed liberally? | 028928.docx | LEGALEASE-00134329-LEGALEASE-00134330 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Soliz v. State, 163 Tex. Crim. 508 | 110+507(7) | A prosecutrix in a statutory rape case is not an accomplice witness and a conviction for statutory rape can be sustained upon her uncorroborated testimony. | Can a prosecutrix become an accomplice in a rape case? | Sex Offence - Memo 47 - SB.docx | LEGALEASE-00024572-LEGALEASE-00024573 |
| State v. Owen, 133 N.C. App. 543 | 352H+136 | A person who is present, aiding and abetting in a rape actually perpetrated by another, is equally guilty with the actual perpetrator of the crime. G.S. S 14-27.2(a)(1). | Is aiding and abetting in a rape equally guilt as rape? | Sex Offence - Memo 49 - SB.docx | LEGALEASE-00024576-LEGALEASE-00024577 |
| Com. v. Eastman Kodak Co., 385 Pa. 607 | 371+2001 | While a statutory declaration as to the kind of tax imposed is entitled to weight, the nature of a tax depends upon its incidence, and not upon its label, and therefore, if a tax in its practical operation and effect is not what it purports to be, the realities control. | Do the realities control when a tax in its practical operation and effect is not what it purports to be? | 045015.docx | LEGALEASE-00134493-LEGALEASE-00134494 |
| Kaufman v. City of Tucson, 6 Ariz. App. 429 | 238+7(9) | Test of whether license tax is prohibitory is whether rates will annihilate whole business not just any given firm. A.R.S. S 4-223, subsecs. A, B. | Can tax be prohibitory if its purpose is to raise revenue? | Taxation - Memo # 351 - C - SU.docx | ROSS-003291234-ROSS-003291235 |
| City of Columbus v. Atlanta Cigar Co., 111 Ga. App. 774 | 371+2001 | Basic nature of tax must be determined by what it does and not by name given it by taxing authority. | Should the basic nature of tax be determined by what it does and not by name given to it by taxing authority? | 045102.docx | LEGALEASE-00133938-LEGALEASE-00133939 |
| U.S. Steel Corp. v. State, 65 Wash. 2d 385 | 371+2763 | Tax is not a "debt" and does not bear interest unless specifically imposed by statute. | Does a tax bear interest unless specifically imposed by a statute? | 045104.docx | LEGALEASE-00133942-LEGALEASE-00133943 |
| City of Evanston v. N. Illinois Gas Co., 229 F. Supp. 3d 714 | 386+10 | In Illinois, a "trespass" is an invasion in the exclusive possession and physical condition of land. | Is trespass an invasion in the exclusive possession and physical condition of land? | 047360.docx | LEGALEASE-00134902-LEGALEASE-00134903 |
| State ex rel. Green v. Gibson Circuit Court, 246 Ind. 446 | 386+11 | An action for trespass quare clausum fregit (trespass to real estate) cannot be maintained for invasion of right-of-way or easement. | Can an action for trespass be maintained for an invasion of a right of way or easement? | 047401.docx | LEGALEASE-00134804-LEGALEASE-00134805 |
| Bloomingdales v. New York City Transit Auth., 13 N.Y.3d 61 | 386+11 | The essence of trespass to real property is injury to the right of possession, and such trespass may occur under the surface of the ground. | Can trespass occur under the surface of the ground? | 047405.docx | LEGALEASE-00134812-LEGALEASE-00134813 |
| Swain v. Standard Acc. Ins. Co., 81 S.W.2d 258 | 413+1 | Workmen's Compensation Act which provides for compensation to employee for injury resulting in his disability only, and to legal beneficiaries for injuries resulting in his death, creates two distinct remedies, although flowing from same accident or injury. Vernon's Ann.Civ.St. art. 8306 et seq. | To whom does the workmens compensation act provide compensation? | 047985.docx | LEGALEASE-00134914-LEGALEASE-00134915 |
| Harrington v. Dep't of Labor & Indus., 252 Mich. 87 | 413+1 | Compensation for injuries is not private matter between employer and employee, but one wherein public is interested. | "Is the compensation for injuries a private matter between the employer and employee, or is the public interested?" | 047993.docx | LEGALEASE-00134872-LEGALEASE-00134873 |
| United States v. Wechsler, 392 F.2d 344 | 63+1(1) | Deposit in bank by member of zoning board of check allegedly received in payment for his vote on application for re-zoning was "use of facility in interstate or foreign commerce" within meaning of statute prohibiting use of such facility for unlawful activity. 18 U.S.C.A. S 1952. | Does depositing a check constitute the use of a facility in interstate or foreign commerce? | 011491.docx | LEGALEASE-00135859-LEGALEASE-00135860 |
| United States v. Gatling, 96 F.3d 1511 | 63+1(1) | Term "corruptly" in bribery statute requires that public official accept money with specific intent of performing official act in return. 18 U.S.C.A. S 201. | What does the term corruptly in bribery statute mean? | 011518.docx | LEGALEASE-00135495-LEGALEASE-00135497 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Razete v. United States, 199 F.2d 44 | 63+1(1) | "Graft" means an advantage which one person by reason of his peculiar position of superiority, influence or trust, exacts from another, and also includes the fraudulent obtaining of public money by the corruption of public officials. | What is the meaning of the word graft? | 011559.docx | LEGALEASE-00135326-LEGALEASE-00135327 |
| People v. Dioguardi, 8 N.Y.2d 260 | 164T+8 | Bribery of labor representative and extortion are mutually exclusive crimes, and essence of "bribery" is the voluntary giving of something of value to influence the performance of official duty, whereas the essence of "extortion" is duress. Penal Law, S 380 and subd. 2. | Are bribery and extortion mutually exclusive crimes? | 011633.docx | LEGALEASE-00135975-LEGALEASE-00135977 |
| Sarten v. State, 158 Ind. App. 516 | 67+2 | The essential elements of "safe burglary" are breaking and entering of a building, with intent to commit a felony, and the taking of or an attempt to enter a safe. IC 1971, 35-1-61-1, Burns' Ind.St.Ann. S 10-702a. | What are the elements of burglary of a safe? | Burglary - Memo 117 - JS.docx | ROSS-003291597-ROSS-003291599 |
| Stotts v. State, 257 Ind. 8 | 67+2 | Safe burglary statute was not rendered vague by failure to make ownership of safe and money or location of safe elements of offense, since requirement that taking be unlawful and with felonious intent indicates that owner must be other than accused and statute requires that entry into or carrying off of safe be in conjunction with breaking and entering. IC 1971, 35-1-61-1, Burns' Ann.St. S 10-702a. | What are the elements of burglary of a safe? | 012642.docx | LEGALEASE-00135854-LEGALEASE-00135855 |
| Fleck v. Cablevision VII, 763 F.Supp. 622 | 289+923 | Under Iowa law, terms of partnership agreement governed both a dissolution of partnership, and a sale of partnership's assets to one of partners. | Is the partnership agreement relevant in governing dissolution of partnership? | 022217.docx | LEGALEASE-00135124-LEGALEASE-00135125 |
| Krug v. Meehan, 109 Cal. App. 2d 274 | 302+8(16) | A mere averment that instrument, such as deed, was procured by undue influence, is statement of conclusion of law. | Is the mere averment of undue influence a conclusion of law? | Pleading - Memo 308 - RMM.docx | ROSS-003290568-ROSS-003290569 |
| Logan v. S. Cal. Rapid Transit Dist., 136 Cal. App. 3d 116 | 302+193(5) | To withstand demurrer, complaint must allege ultimate facts, not evidentiary facts or conclusions of law. | Must a complaint allege evidentiary facts? | 023299.docx | LEGALEASE-00135210-LEGALEASE-00135211 |
| Hambleton v. Hartman, 160 Pa. Super. 447 | 302+8(16) | The facts which constitute alleged fraud, accident or mistake must be averred in order to rely thereon as a ground for relief. | Should facts constituting fraud be averred where it is set up as a ground of relief? | Pleading - Memo 316 - RMM.docx | ROSS-003302922-ROSS-003302923 |
| Rust v. Rust, 88 S.W.2d 787 | 302+8(16) | Facts relied on to show duress must be pleaded, and general allegation thereof is insufficient to present such issue. | Should facts relied on to show duress be pleaded? | 023313.docx | LEGALEASE-00135455-LEGALEASE-00135456 |
| Hyundai Motor Co. v. Alvarado, 892 S.W.2d 853 | 307A+517.1 | While nonsuit by plaintiff may have effect of vitiating earlier interlocutory orders, decision on the merits such as summary judgment is not vitiated; such rule includes partial summary judgments. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | May a nonsuit have the effect of vitiating earlier interlocutory orders? | Pretrial Procedure - Memo # 2786 - C - MS.docx | LEGALEASE-00025121-LEGALEASE-00025122 |
| Mayo v. New York Tel. Co., 175 A.D.2d 390 | 307A+716 | Trial court abused its discretion by refusing to honor plaintiffs' counsel's affirmation of engagement in another court as valid ground for adjournment; there was no reason to believe that situation brought to Supreme Court's attention was not as counsel represented, merits of plaintiffs' action were sufficiently apparent, and none of the parties to the litigation would have been prejudiced had adjournment been granted. | Is engagement of counsel in another court been recognized as a valid ground for an adjournment? | Pretrial Procedure - Memo # 3358 - C - VP.docx | ROSS-003290890-ROSS-003290891 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cotton States Life Ins. Co. v. Edwards, 74 Ga. 220 | 307A+716 | The continuance of cases on account of the absence of counsel is not favored, and such absence is no cause for postponement, unless in cases of necessity or misconception. Absence without leave, to attend trials of cases pending in other courts, is no ground for continuance. | Is the absence of counsel is cause of postponement? | 029524.docx | LEGALEASE-00135675-LEGALEASE-00135676 |
| Locklear v. Sellers, 126 So. 3d 978 | 307A+483 | Admissions pursuant to discovery rule governing admissions, whether express or by default, are conclusive as to the matters admitted. Rules Civ.Proc., Rule 36. | "Are admissions, whether express or by default, conclusive as to the matters admitted?" | Pretrial Procedure - Memo # 3531 - C - SK.docx | ROSS-003290478-ROSS-003290479 |
| Watson v. Geren, 483 F. Supp. 2d 226 | 34+5(4) | While late application for conscientious objector status may be the basis for suspicion as to petitioner's sincerity, this alone cannot provide a basis in fact for denial of petitioner's application. | Is a late application alone enough to justify the Army's rejection of an individuals application? | 008489.docx | LEGALEASE-00137041-LEGALEASE-00137042 |
| United States v. Smith, 196 F.3d 1034 | 63+1(1) | Government's grant of immunity to government witness and its agreement to notify relevant authorities of witness's cooperation did not amount to giving of something of value for testimony in violation of statute criminalizing bribery of witnesses. 18 U.S.C.A. S 201(c)(2). | Is government's promise of leniency to a cooperating witness amount to giving of something of value for testimony in violation of 18 U.S.C. 201(c)(2)? | Bribery - Memo #472 - C- JL.docx | ROSS-003303885-ROSS-003303886 |
| People v. Harper, 75 N.Y.2d 313 | 63+1(1) | The gist of the crime of bribe receiving by a witness is not the payment of money, but the agreement or understanding under which the witness accepts or agrees to accept benefit, and thus crime is completed when the witness solicits, accepts or agrees to accept the benefit in exchange for a promise either that his testimony will be affected or that he will absent himself from or otherwise avoid appearing at the action or proceeding, regardless of whether the benefit is actually conferred. McKinney's Penal Law S 215.05. | What is the gist of the crime of bribery of witness? | 011860.docx | LEGALEASE-00136024-LEGALEASE-00136025 |
| Com. v. Ohle, 291 Pa. Super. 110 | 63+1(1) | Under section of Crimes Code proscribing bribery in official and political matters, once offer to confer proscribed benefit, or once agreement is made, crime is complete, and there need be no waiting for benefit actually to be conferred. 18 Pa.C.S.A. S 4701. | Can a defendant be charged with bribery before the benefit is actually conferred? | 011877.docx | LEGALEASE-00136175-LEGALEASE-00136176 |
| Morris v. Bloomgren, 127 Ohio St. 147 | 48A+171(4.1) | Vehicle approaching intersection from right has absolute right of way, qualified only by requirement that it must proceed in lawful manner. Gen.Code, SS 6310-28, 6310-28a (repealed 1941. See SS 6307-2, 6307-40). | Does the driver of motor vehicle approaching from the right have a right of way? | Highways -Memo 91 - GP.docx | LEGALEASE-00026025-LEGALEASE-00026026 |
| Fulton v. Baxter, 596 P.2d 540 | 289+1009 | Good faith is required when one partner is trying to oust another partner. | Is it necessary to observe good faith in a partnership when one partner is trying to oust and get rid of another? | 022283.docx | LEGALEASE-00136405-LEGALEASE-00136406 |
| Farrands v. Melanson, 438 A.2d 910 | 307A+483 | Following a failure to answer a request for admissions, facts in the request are deemed admitted. Rules Civ.Proc., Rule 36. | Are the facts in a failure to answer a request for admissions deemed admitted? | Pretrial Procedure - Memo # 3946 - C - SB.docx | ROSS-003317943-ROSS-003317944 |
| Verkin v. Sw. Ctr. One, Ltd., 784 S.W.2d 92 | 307A+723.1 | There is no requirement that motion for continuance on grounds of discovery must be accompanied by request for discovery. Vernon's Ann.Texas Rules Civ.Proc., Rule 166a(f). | Should a motion for continuance on the grounds of discovery must be accompanied by a request for discovery? | 030232.docx | LEGALEASE-00136430-LEGALEASE-00136431 |
| Snider v. Cincinnati Car Co., 27 Ohio Dec. 212 | 307A+723.1 | Where there is a right to continue a case the better method would be, instead of withdrawing a juror, to discharge the entire jury. | Would the better method be to discharge the entire jury where there is a right to continue a case? | Pretrial Procedure - Memo # 3981 - C - MS.docx | ROSS-003289911-ROSS-003289912 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Pfeiffer v. Taylor, 19 Wis. 566 | 307A+723.1 | A circuit judge at chambers has power to make an order for a stay of proceedings under a previous order appointing a receiver, etc., made by the circuit court. | Does a circuit judge have power to make an order for a stay of proceedings? | 030429.docx | LEGALEASE-00136183-LEGALEASE-00136184 |
| Matter of Estate of Berth, 157 Wis. 2d 717 | 307A+91 | Power to take depositions rests entirely upon statute, as power did not exist at common law. | Does the power to take depositions rest entirely upon statute? | Pretrial Procedure - Memo # 4437 - C - MS.docx | ROSS-003302143-ROSS-003302144 |
| First Nat. Acceptance Co. v. Bishop, 187 S.W.3d 710 | 308+143(2) | An agent may make a contract for an undisclosed principal in his own name, and the latter may sue or be sued on the contract. | Can an agent acting on behalf of undisclosed principal sue on his own name? | Principal and Agent - Memo 96 - KC.docx | ROSS-003290918-ROSS-003290919 |
| Comerford v. Pryor Foundry, 987 P.2d 434 | 371+2027 | The primary consideration in considering tax statutes is that legislative intent be ascertained and given effect. | Is the pivotal question in ascertaining the tax statutes imposed by statute that concerning legislative intent? | Taxation - Memo # 468 - C - NA.docx | ROSS-003291816-ROSS-003291817 |
| Shada v. Whitney, 172 Neb. 220 | 413+2 | The Workmen's Compensation Act creates new remedies, new rights and new liabilities and manner in which it operates is to be found in legislation itself. R.R.S.1943, SS 48-173, 48-176, 48-178, 48-181. | Where are rights found under the workers compensation? | Workers Compensation - Memo #343 ANC.docx | ROSS-003290185-ROSS-003290186 |
| Funai Elec. Co. v. Daewoo Elecs. Corp., 616 F.3d 1357 | 24+133 | Courts are open to native and alien alike, when affected by a violation of United States law. | Are the courts of the United States open to aliens? | 007011.docx | LEGALEASE-00137545-LEGALEASE-00137546 |
| Corinth, Shiloh & Savannah Tpk. Co. v. Gooch, 113 Miss. 50 | 8.30E+76 | A written order drawn by a company in favor of creditor for payment of money due company from another was a "bill of exchange" under the definition of Code 1906, S 4002. | What does the term bill of exchange encompasses? | Bills and Notes -Memo 211 -GP.docx | ROSS-003303509-ROSS-003303510 |
| Carter Steel Supply & Fabrication v. Iowa Mut. Ins. Co., 174 N.W.2d 647 | 8.30E+76 | If payment is stopped on check, check becomes promissory note due on demand and imports its own consideration. I.C.A. S 537.2. | Does a check becomes a promissory note on demand when payment is stopped? | Bills and Notes-Memo 120-DB.docx | ROSS-003289154-ROSS-003289155 |
| People v. Ritholz, 359 Mich. 539 | 63+11 | Corrupt intent is a necessary element in crime of bribery but it is not necessary that there be direct testimony as to intent required, and intent is to be gathered from the acts done and circumstances under which they were done. | Is it necessary that there be direct testimony as to the intent required in the bribery statute? | 011791.docx | LEGALEASE-00137995-LEGALEASE-00137997 |
| People v. Smith, 128 Misc. 2d 733 | 67+46(2) | In a crime such as burglary that requires a specific intent, it is essential that court give an instruction defining required concomitant intent. West's Ann.Pen.Code, S 459. | Does burglary require specific intent? | Burglary - Memo 163 - JS.docx | ROSS-003290453-ROSS-003290455 |
| Glenn v. State, 659 S.W.2d 438 | 67+46(2) | Omission of essential element of culpable mental state from jury charge on burglary constituted fundamental error requiring reversal. V.T.C.A., Penal Code SS 6.02(b, c), 30.02(a)(3). | Is a culpable mental state required for burglary? | Burglary - Memo 98 - JS.docx | ROSS-003317587-ROSS-003317589 |
| State ex rel. Rucker v. Feitz, 174 Mo. App. 456 | 200+158 | The erection and maintenance of a post and wire fence upon a part of the public highway constituting an unlawful obstruction thereof was a public nuisance and should be abated. | Can the unlawful obstruction of a highway interfere with the rights of the public? | Highways -Memo 66-PR.docx | ROSS-003302824-ROSS-003302825 |
| Withrow v. Withrow, 278 Ga. 525 | 307A+716 | The absence of a party's counsel, without leave, to attend proceedings in other courts is no ground for continuance or postponement. | Will a postponement be allowed for absence of one of several counsels unless the opposite party consents? | 030141.docx | LEGALEASE-00137367-LEGALEASE-00137368 |
| Spaulding v. Hotchkiss, 62 N.Y.S.2d 151 | 307A+64 | Examination of persons not parties to action before trial may not be availed of to annoy or harass adverse party or for purpose of fishing expedition. Civil Practice Act, S 307. | Will examinations before trial which are calculated to harass and annoy the opponents not be granted? | 031011.docx | LEGALEASE-00137705-LEGALEASE-00137706 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Broome v. Perlman, 178 Misc. 873 | 307A+91 | The practice of examining an adverse party before trial should not be hampered by technical requirements so long as the inquiry is directed to relevant issues. Civil Practice Act, S 288 et seq. | Is the privilege of examining defendants before trial permitted? | 031013.docx | LEGALEASE-00137715-LEGALEASE-00137717 |
| Memphis Pub. Co. v. City of Memphis, 871 S.W.2d 681 | 307A+186 | Deposition is inherently public event, at least in sense that opposing party is present when testimony is taken and there is nothing, other than protective order, to prevent opposing party from disseminating information he or she learns at deposition; thus, discovery deposition does not carry with it requisite attribute of confidentiality needed to classify it as "attorney work product." Rules Civ.Proc., Rule 26.02(3). | Is a deposition an inherently public event? | 031358.docx | LEGALEASE-00137464-LEGALEASE-00137465 |
| Mercer v. Andersen, 715 N.W.2d 114 | 30+3208 | District court has broad discretion to amend scheduling-order deadlines, and appellate courts review its decision for an abuse of discretion. | Does a court have discretion to amend scheduling-order deadlines? | 031364.docx | LEGALEASE-00137592-LEGALEASE-00137593 |
| Friday v. Mutz, 483 So. 2d 1269 | 307A+720 | Generally, when amendment presents new claim or defense which takes opposing party by surprise, continuance must be allowed. LSA-C.C.P. art. 1151. | Does the fact that a complaint is amended in itself entitle the defendant to a continuance? | 031372.docx | LEGALEASE-00137660-LEGALEASE-00137661 |
| Echols v. Bridges, 235 S.E.2d 535 | 307A+747.1 | Pretrial order should be liberally construed to allow consideration of all questions fairly within ambit of contested issues, and where question of precluding issues is raised, matter is within discretion of trial judge. Code, S 81A-116. | Should a pretrial order be construed liberally? | Pretrial Procedure - Memo # 4762 - C - SK.docx | ROSS-003317786-ROSS-003317787 |
| Brown v. Gage, 519 S.W.2d 190 | 307A+726 | It is only on the first application for continuance that it is not necessary to show that the absent testimony cannot be procured from any other source; on all subsequent applications, this must be shown. Rules of Civil Procedure, rule 252. | Should it be shown on all subsequent applications for continuance that absent testimony cannot be procured? | 031713.docx | LEGALEASE-00138075-LEGALEASE-00138076 |
| Balandzich v. Demeroto, 10 Wash. App. 718 | 307A+726 | Where action had been commenced in August 1967, plaintiffs had been represented by various counsel and six continuances had been granted, the last continuance was granted on July 29, 1971 to January 12, 1972, a date suggested by plaintiff husband, and, in granting continuance, court imposed condition that plaintiffs should have no more continuances for any reason, denial of a seventh sought by plaintiff was not unreasonable. | Can the court grant the last continuance by imposing a condition that plaintiff should have no more continuances for any reason? | Pretrial Procedure - Memo # 4933 - C - KBM.docx | ROSS-003291785-ROSS-003291786 |
| E. Bank Realty v. Robert, 411 So. 2d 500 | 308+103(1) | In a mandate, the power must be express and special when it relates to selling or buying property. LSA-C.C. art. 2997. | Should the mandate to buy or sell property be express and special? | 042115.docx | LEGALEASE-00137816-LEGALEASE-00137817 |
| Raniere v. Citigroup Inc., 827 F. Supp. 2d 294 | 25T+151 | Although waiver of Fair Labor Standards Act (FLSA) collective action was unenforceable and therefore had to be severed, court could not order class arbitration where arbitration policy expressly provided that any claim brought on a class, collective,or representative action basis must be filed in a court of competence jurisdiction in the event waiver was found to be unenforceable. Fair Labor Standards Act of 1938, S 16(b), 29 U.S.C.A. S 216(b). | Is a waiver of Fair Labor Standards Act (FLSA) collective action enforceable? | Alternative Dispute Resolution - Memo 648 - SB.docx | ROSS-003300484-ROSS-003300485 |
| U.S. ex rel. Flannery v. Commanding Gen., Second Serv. Command, 69 F. Supp. 661 | 34+22(1) | An individual's military status is established by his contract of enlistment and is coterminous with such contract and is terminated by his unconditional discharge, and after termination of contract by performance and discharge, he has civilian status and no further contract relationship with the army. | Is an individuals military status established by enlistment? | 008597.docx | LEGALEASE-00138679-LEGALEASE-00138680 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Admiral Ins. Co. v. Brinkcraft Dev., Ltd., 921 F.2d 591 | 8.30E+10 | Designation in promissory note that law of New York would apply bore a sufficient "reasonable relation" to New York to constitute valid choice of law under Uniform Commercial Code; one of payee's general partners was a New York resident and the other was a Texas corporation with principal offices in New York, note and payee's limited partnership certificate both stated that New York was payee's principal place of business and payments on note were made in payee's principal offices in New York, as expressly required by note. V.T.C.A., Bus. & C. S 3.104. | Which law would govern the promissory note if there is no choice of law provision? | 009403.docx | LEGALEASE-00138818-LEGALEASE-00138819 |
| Dishman v. Hill, 578 N.E.2d 654 | 83E+909 | In order for drawer of check who issues stop payment order to avoid statutory penalties in excess of amount of check, drawer must show "valid legal cause"; this means that drawer must successfully present recognized legal defense at trial instituted to collect on check. West's A.I.C. 28-2-8-1. | Can a payment on check be stopped when the drawer has a legal right? | 010167.docx | LEGALEASE-00138238-LEGALEASE-00138239 |
| Bank of New York Mellon v. Deane, 41 Misc. 3d 494 | 83E+417 | Whatever the rights of a person to enforce an instrument by reason of delivery or assignment, a person is not a "holder" by reason of delivery or assignment alone, unless delivery is made of a bearer instrument. | Who is a holder of an instrument? | 010332.docx | LEGALEASE-00138866-LEGALEASE-00138867 |
| Teesdale v. City of Chicago, 792 F. Supp. 2d 978 | 129+110 | Loudness, by itself, is not enough to constitute disorderly conduct under Illinois law; instead, surrounding circumstances must be considered. S.H.A. 720 ILCS 5/26-1(a)(1). | "Is loudness, by itself, enough to constitute disorderly conduct? " | Disorderly Conduct-Memo 38- PR.docx | LEGALEASE-00028078-LEGALEASE-00028079 |
| Heard v. Rizzo, 281 F. Supp. 720 | 129+110 | Loud, boisterous and unseemly noise or disturbance must all be present to constitute noise or disturbance prohibited by Pennsylvania disorderly conduct statute. 46 P.S.Pa. S 558, subd. 1. | What are the elements that constitute disorderly conduct? | Disorderly Conduct-Memo 43- PR.docx | ROSS-003290213-ROSS-003290214 |
| Biddle v. Martin, 992 F.2d 673 | 129+103 | Whether particular conduct is disorderly depends not only on conduct itself but also on conduct's unreasonableness in relation to surrounding circumstances. | Whether unreasonableness of the conduct depends upon the conduct and the circumstances in which it occurs? | 014420.docx | LEGALEASE-00138693-LEGALEASE-00138694 |
| Summit Twp. Rd. Dist. v. Hayes Freight Lines, 44 Ill. App. 2d 274 | 200+182 | Absolute statutory liability may be imposed against any person who damages a highway structure as result of illegal operation on highway. S.H.A. ch. 951/212, S 232. | Can a person be held liable for damages arising from an illegal operation upon a highway? | 018981.docx | LEGALEASE-00138718-LEGALEASE-00138719 |
| Watt v. W. Nuclear, 462 U.S. 36 | 260+2 | Congress' purpose in severing surface estate from mineral estate in lands patented under Stock-Raising Homestead Act was to encourage concurrent development of both the surface and subsurface of those lands. Stock-Raising Homestead Act, S 9, 43 U.S.C.(1976 Ed.) S 299. | What was the Congress purpose in severing the surface estate from the mineral state? | 021253.docx | LEGALEASE-00138374-LEGALEASE-00138375 |
| Stoddart v. Garnhart, 35 Tex. 300 | 307A+723.1 | Where a continuance is asked on account of the absence of a witness who lives in the county and has been subpoenaed, a continuance will be denied where the name of the witness is not shown. | "Where a continuance is asked on account of the absence of a witness who lives in the county, will a continuance be denied where the name of the witness is not shown?" | 030861.docx | LEGALEASE-00138677-LEGALEASE-00138678 |
| Flynn v. Royal Dev. Co., 54 N.Y.S.2d 585 | 307A+91 | Where answer contains no affirmative defense and only general denials, defendant, in proper case, may examine plaintiff before trial. | Is a party entitled to examine the other party concerning allegations in the complaint or answer which the party must prove and which are controverted by a general denial? | 031635.docx | LEGALEASE-00138482-LEGALEASE-00138483 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Douglas v. Burley, 134 So. 3d 692 | 307A+747.1 | Compliance with the practice rule providing timelines for completion of discovery does not excuse a party's failure to adhere to a scheduling order. Uniform Circuit and County Court Rule 4.04(A). | Is a partys failure to adhere to a scheduling order excusable on other grounds? | 031651.docx | LEGALEASE-00138649-LEGALEASE-00138650 |
| Coffel v. Spradley, 495 S.W.2d 735 | 307A+69.1 | Deponent's signature to his deposition goes to the form, rather than the substance, of the deposition and is not in all events indispensable. V.A.M.R. Civil Rule 57.22. | Is the deponent's signature to his deposition not in all events indispensable? | 031703.docx | LEGALEASE-00138350-LEGALEASE-00138351 |
| Bankers Mut. Ins. Co. v. Friedlander, 262 A.2d 606 | 307A+726 | Where two continuances covering period of approximately a year had been granted in tenant's insurer's action to recover amount paid after fire, denial of third continuance to locate witness was not abuse of discretion. | Would the denial of defendants' third motion for continuance in suit be an abuse of discretion? | 031748.docx | LEGALEASE-00138240-LEGALEASE-00138241 |
| Holmes v. Crane, 167 N.Y.S. 735 | 307A+91 | Where a fiduciary relation exists, the rules prescribed for the examination of a party before trial are relaxed. | "Where a fiduciary relation exists, are the rules prescribed for the examination of a party before trial relaxed?" | Pretrial Procedure - Memo # 5067 - C - SB.docx | ROSS-003291188-ROSS-003291189 |
| Collier Servs. Corp. v. Salinas, 812 S.W.2d 372 | 307A+36.1 | Terms of settlement agreement are properly discoverable to extent they are relevant. Vernon's Ann.Texas Rules Civ.Proc., Rule 166b, subd. 2, par. f(2). | Are the terms of a settlement agreement properly discoverable to the extent they are relevant? | 032074.docx | LEGALEASE-00138486-LEGALEASE-00138487 |
| Walley v. Gentry, 68 Mo. App. 298 | 307A+74 | The certificate of a notary to depositions taken before him, "that in pursuance of the annexed notice" the witnesses named came before him and were severally sworn to testify the whole truth, etc., touching the matter in controversy, and that they were examined and their examination reduced to writing and subscribed by them, respectively, in his presence, on the day, between the hours, and at the place in that behalf as aforesaid, etc., is sufficient to show that the depositions were taken in conformity to the notice, and it was not necessary for the notary to state the manner of pursuing the notice as to time and place. | The certificate of a notary to depositions taken before him sufficient to show that the depositions were taken in conformity to the notice? | Pretrial Procedure - Memo # 5341 - C - KBM.docx | ROSS-003288794-ROSS-003288795 |
| United States v. Prejean, 494 F.2d 495 | 67+15 | Under Texas law, one cannot be convicted of burglary unless he entered the premises without the owner's consent; even if he commits theft once inside, if the owner consented to his entry, he cannot be convicted of burglary. Vernon's Ann.Tex.P.C. arts. 1389, 1391. | Does burglary require proof of entry without consent? | 012825.docx | LEGALEASE-00139125-LEGALEASE-00139126 |
| Myers v. United States, 17 F.3d 890 | 316P+934 | Mine Safety and Health Administration (MSHA) inspectors could not be liable under Federal Tort Claims Act (FTCA) to survivors of coal miners killed in explosion for failure to monitor mine's compliance with safety regulations; Tennessee law providedno basis for finding that private individual under like circumstances would owe duty of care to miners or their survivors, and FTCA did not create private cause of action for government's breach of regulatory scheme. 28 U.S.C.A. SS 2671-2680; Federal Mine Safety and Health Act of 1977, S 2 et seq., 30 U.S.C.A. S 801 et seq. | Is there a private right of action under the mine safety act? | 021637.docx | LEGALEASE-00139352-LEGALEASE-00139353 |
| Weaver v. Jock, 717 S.W.2d 654 | 307A+508 | Defendant's pleading did not constitute claim for affirmative relief because he was doing nothing more than resisting plaintiff's recovery for work performed; therefore, plaintiff had an absolute right to nonsuit. Vernon's Ann.Texas Rules Civ.Proc., Rule 164. | "If defendant is doing nothing more than resisting plaintiff's recovery, is a plaintiff's right to nonsuit absolute?" | Pretrial Procedure - Memo # 1145 - C - TJ.docx | ROSS-003301154-ROSS-003301155 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Blevins v. Blevins, 131 Misc. 315 | 307A+501 | As a general rule, a party who commences an action may terminate the litigation, unless circumstances exist affording basis for exercise of legal discretion authorizing their denial, such an intervention of adverse party's substantial rights. | Can a party who commences an action terminate it and does the trial court have discretion to take the decision on the discontinuance of the action? | Pretrial Procedure - Memo # 1396 - C - SHB.docx | ROSS-003302753-ROSS-003302754 |
| In re Ashcroft, 888 F.2d 546 | 307A+742.1 | Pretrial conference discussion of settlement is designed to encourage and facilitate settlement as early as possible, but is not designed to impose settlement on unwilling litigants. Fed.Rules Civ.Proc.Rule 16 note, 28 U.S.C.A. | What is pretrial conference discussion of a settlement designed to do? | Pretrial Procedure - Memo # 1399 - C - SHB.docx | ROSS-003289070-ROSS-003289071 |
| White v. Ballon, 149 N.Y.S.2d 82 | 307A+91 | Examinations of defendants by plaintiffs prior to trial are favored by the courts and are not to be thwarted on technicalities, and it is within their power themselves to define the scope where an examination is warranted. Civil Practice Act, S 296. | Are examinations of defendants by plaintiffs prior to trial favored by the courts and are not to be thwarted on technicalities? | 030972.docx | LEGALEASE-00139169-LEGALEASE-00139170 |
| DuBois v. Workers' Comp. Appeals Bd., 5 Cal. 4th 382 | 413+2 | Right to workers' compensation benefits is wholly statutory and is not derived from common law. West's Ann.Cal. Const. Art. 14, S 4. | Is the right to benefits from workers compensation entirely or wholly statutory? | Workers Compensation - Memo #296 ANC.docx | LEGALEASE-00029154-LEGALEASE-00029155 |
| Richardson v. United States, 38 Ct. Cl. 182 | 34+13.1(13) | Act March 3, 1899, c. 413, S 13, 30 Stat. 1007, 34 U.S.C.A. S 1158a, provides that commissioned officers of the line of the navy and of the medical and pay corps shall receive the same pay and allowances, except forage, as may be provided by law for officers of corresponding rank in the army. Rev.St. S 1261, 10 U.S.C.A. S 692, provides that officers of the army shall be entitled to the pay therein stated after their respective designations, and designates first and second lieutenants mounted and not mounted; and section 1168 provides that the medical department of the army shall consist of a surgeon general, with rank of brigadier general, and assistant surgeons, with the rank of lieutenant of the cavalry for the first three years of the service, and the rank of captain of cavalry after three years' service. Held, that an assistant surgeon in the navy, with rank of lieutenant, was entitled to the mounted pay given to a lieutenant in the army, as mounted pay is not an allowance, but a part of the officer's pay proper, and the officer to whom it is assigned by statute receives it, whether or not he is actually mounted. | What is the primary objective of the Navy Personnel Act? | 008588.docx | LEGALEASE-00139520-LEGALEASE-00139521 |
| Ulve v. City of Raymond, 51 Wash. 2d 241 | 388+243 | In action against city for wrongful death of decedent who was driving automobile which went off dock into river, instruction that one driving through fog must exercise a very high degree of care was prejudicially erroneous in that it conflicted with subsequent instruction which contained correct rule and was confusing to jury. | What is the degree of care to be exercised while driving through dust? | 019019.docx | LEGALEASE-00139530-LEGALEASE-00139531 |
| Dixon v. Koplar, 102 F.2d 295 | 289+530 | There is no individual ownership of partnership property until partnership has ceased activity and its debts have been paid. | Can a partner claim individual ownership of partnership property only after the partnership has ceased and the debts are paid off? | 022315.docx | LEGALEASE-00139566-LEGALEASE-00139567 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| L. Fullam & Co. v. Abrahams & Epstine, 29 Kan. 725 | 289+723 | The general rule that the property of an individual partner is to be first applied to his individual debts, before it can be resorted to by partnership creditors, does not apply as against partnership creditors who have obtained a prior lien on the property of an individual partner by garnishment or other appropriate judicial proceedings. | Will the property of the individual partners be first applied to the payment of the debts of the individual partners before it is applied to the partnership debts? | 022362.docx | LEGALEASE-00139459-LEGALEASE-00139460 |
| Gray v. City of Opelika, 216 So. 3d 431 | 307A+682.1 | Evidentiary matters may be freely submitted on a motion to dismiss that attacks jurisdiction. Rules Civ.Proc., Rule 12. | Can a party submit evidentiary matters to support a motion to dismiss that attacks venue? | Pretrial Procedure - Memo # 5600 - C - SK.docx | ROSS-003288896-ROSS-003288897 |
| Shinyu Noro v. United States, 148 F.2d 696 | 24+136 | In a civil court trying an alien enemy for a crime committed in peacetime, constitutional safeguards of accused must be maintained, notwithstanding that it may be true that accused, by executive power, may be summarily arrested and interned and his property sequestered. | Are constitutional safeguards available to an alien enemy under criminal prosecution? | 006917.docx | LEGALEASE-00140445-LEGALEASE-00140446 |
| Willard v. Moies, 30 Mo. 142 | 83E+481 | The holder of a negotiable promissory note may sue thereon without any written assignment thereof. | Can the holder of a negotiable promissory note sue without a written assignment? | 009521.docx | LEGALEASE-00140613-LEGALEASE-00140614 |
| Ramot v. Schotenfels, 15 Iowa 457 | 8.30E+266 | After the maturity of a promissory note the parties made and indorsed thereon the following agreement: "Renewed for an indefinite time at ten dollars interest per month, and the whole amount then to pay when both parties may agree." Held, that the agreement could not be construed as a covenant never to sue, but was a renewal without fixing a definite time of payment; and that the note became due and payable at its date, or at least within a reasonable time thereafter. | When is the note payable when no time is fixed for payment? | 009540.docx | LEGALEASE-00140676-LEGALEASE-00140677 |
| Liberty Nat. Bank & Tr. Co. v. Dvorak, 199 N.W.2d 414 | 8.30E+266 | A note is "renewed" when a new note evidencing same obligation is executed and delivered by maker to holder of old note. | Is there renewal of a note when there is a new note evidencing the same obligation? | 009542.docx | LEGALEASE-00140680-LEGALEASE-00140681 |
| Gross v. Lamme, 77 Nev. 200 | 83E+578 | Lack or failure of consideration is not available to maker as defense against holder in due course, or holder's assignee. N.R.S. 92.002, 92.033, 92.035, 92.041, 92.065. | Is lack of consideration a defense against a holder in due course? | 010316.docx | LEGALEASE-00140003-LEGALEASE-00140004 |
| Williams v. Alphonse Mortg. Co., 144 So. 2d 600 | 83E+481 | Note payable to order of maker and endorsed by her was payable to bearer and transferable by assignment. | "Does a note payable to order of maker and endorsed by her, payable to bearer and transferable by assignmentor delivery?" | 010352.docx | LEGALEASE-00140245-LEGALEASE-00140246 |
| Suhr v. Felter, 589 So.2d 583 | 48A+12 | Broken down vehicle awaiting repair was legally parked on highway shoulder where vehicle did not obstruct flow of traffic, was not hazard to public safety, and was not in area designated as no parking area. LSA-R.S. 32:2, 32:143, 32:144, subd. B, 32:296, 48:342. | Under what circumstances are parking of a vehicle on the shoulder of the highway proscribed? | 018694.docx | LEGALEASE-00139811-LEGALEASE-00139812 |
| In re Opinion of the Justices, 133 Me. 525 | 296+1 | By direct provision of Const. pt. 1, art. 36, pensions are not to be granted, except in consideration of actual services, and never for more than one year at a time; a "pension" ordinarily suggesting the idea of a bounty or reward for services rendered. | Can a pension be granted for more than one year at a time? | Pension - Memo 14 - SB.docx | ROSS-003289017 |
| Hammitt v. Gaynor, 144 N.Y.S. 123 | 92+4170 | The use of a public revenue to pay pensions is not a taking of the property of the taxpayers without due process of law. | Is the use of public revenue to pay a pension constitutional? | 022764.docx | LEGALEASE-00140502-LEGALEASE-00140503 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jones v. Cheney, 253 Ark. 926 | 92+2632 | Technically, pension constitutes mere gratuity subject to modification or repeal as opposed to vested right not subject to such impairment. | Is pension a mere gratuity? | Pension - Memo 18 - SB.docx | ROSS-003289225 |
| Jack Doe 1 v. Lake Oswego Sch. Dist., 242 Or. App. 605 | 302+9 | Complaint must allege ultimate facts from which the required conclusions are inferable, not a mere possibility, and an inferable conclusion is more than a suspicion, a suggestion, a speculation, or a conjecture. | Must a complaint allege ultimate facts? | 023419.docx | LEGALEASE-00139983-LEGALEASE-00139984 |
| Boyles v. Kerr, 855 S.W.2d 593 | 302+34(3) | In absence of special exceptions, petition should be construed liberally in favor of pleader; court should uphold petition as to cause of action that may be reasonably inferred from what is specifically stated, even if element of cause of action is not specifically alleged. | "Should pleadings be construed liberally in favor of the pleader, in the absence of special exceptions?" | Pleading - Memo 380 - RMM.docx | ROSS-003291168-ROSS-003291169 |
| Standard Acc. Ins. Co. v. Pellecchia, 104 A.2d 288 | 366+1 | Although subrogation is of equitable origin and is enforced on equitable principles, recovery is generally sought at law, but right of subrogation will not be recognized at law unless the right of action made the subject thereof is legal in its nature, and is cognizable at law. | Can parties waive or limit a right of subrogation by agreement? | Subrogation - Memo # 1261 - C - SJ.docx | ROSS-003303618-ROSS-003303619 |
| Internorth v. Iowa State Bd. of Tax Review, 333 N.W.2d 471 | 371+2001 | A "tax" is charge levied to pay cost of government; tax is not paid unless amount is transmitted to government, and does not accrue when it is neither charged nor owed. | Is a tax considered as paid if the amount is transmitted to government? | Taxation - Memo # 251 - C - NA.docx | ROSS-003289661 |
| United States v. Peskin, 527 F.2d 71 | 63+14 | In Travel Act prosecution of attorney for allegedly bribing village officials for favorable zoning action, trial court properly instructed jury that unless alleged extortion of payments by village officials in return for fair zoning decision was so overpowering as to negate criminal intent of wilfulness, it was not total defense to bribery charges. 18 U.S.C.A. S 1952. | Can extortion be a total defense to bribery charges? | 011442.docx | LEGALEASE-00141997-LEGALEASE-00141998 |
| United States v. Buenrostro, 781 F.3d 864 | 63+1(1) | The $5,000 element of federal bribery statute pertains to subject matter of bribe, which must be valued at $5,000 or more; in other words, the business or transaction sought to be influenced must have a value of $5,000 or more. 18 U.S.C.A. S 666(a)(2). | "Is it the subject matter of the bribe that must be valued at $5,000 or more?" | Bribery - Memo #634 - C - CSS.docx | ROSS-003290903-ROSS-003290904 |
| State v. Woelfel, 621 N.W.2d 767 | 63+2 | As criminal statute, law prohibiting bribery by public officer or public employee, had to be construed in favor of defendant and against state. M.S.A. SS 609.42, subd. 1(2), 609.415. | "Where the statute prohibiting bribery by a public officer or public employee is unclear, which side should it be construed in favor of?" | 011965.docx | LEGALEASE-00141626-LEGALEASE-00141627 |
| United States v. Bigler, 907 F. Supp. 401 | 63+2 | Congress' power to provide for general welfare in conjunction with necessary and proper clause gives Congress power to enact statute which makes it federal offense to corruptly give anything of value to any person, with intent to influence or reward agent of local government. U.S.C.A. Const. Art. 1, S 8, cl. 18; 18 U.S.C.A. S 666(a)(2). | What is the source of Congresss power to enact bribery statute? | 011967.docx | LEGALEASE-00141079-LEGALEASE-00141080 |
| Pankey v. Atchison, T. & S.F. Ry. Co., 180 Mo. App. 185 | 113+3 | To make a custom effective, it must be general, uniform, certain and notorious, and known to the parties, or so general and universal that knowledge must be presumed. | Under what circumstances will a custom be effective? | 014169.docx | LEGALEASE-00141823-LEGALEASE-00141824 |
| Pankey v. Atchison, T. & S.F. Ry. Co., 180 Mo. App. 185 | 113+3 | To make a custom effective, it must be general, uniform, certain and notorious, and known to the parties, or so general and universal that knowledge must be presumed. | When will a custom be effective? | 014171.docx | LEGALEASE-00141825-LEGALEASE-00141826 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Strong v. Grand Trunk R. Co., 15 Mich. 206 | 113+3 | Before any custom can be admitted into the law, it must appear that it has been general, and uniformly and peaceably acquiesced in, and not subject to contention and dispute. | Does a customs usage have to be general and established to be admitted into the law? | 014210.docx | LEGALEASE-00141902-LEGALEASE-00141903 |
| Caffroy v. Fremlin, 198 Cal. App. 2d 176 | 260+47 | Landowner does not have absolute title to oil and gas in place as corporeal realty but has exclusive right to drill for oil and gas upon his premises. | Does the owner of land have the exclusive right on his land to drill for1 and produce oil? | 021168.docx | LEGALEASE-00140947-LEGALEASE-00140948 |
| Salzseider v. Brunsdale, 94 N.W.2d 502 | 361+1091 | In construing a statute, consideration must be given to ordinary sense of words used, their context, and purpose sought to be accomplished. | "Can the court construe the word ""minerals"" according to the classifications of animal, vegetable or mineral or according to the classifications of organic and inorganic substances?" | 021204.docx | LEGALEASE-00141927-LEGALEASE-00141929 |
| Hufo Oils v. R.R. Comm'n of Texas, 717 S.W.2d 405 | 260+92.54 | Under statute defining petroleum products for purposes of well-classification, natural gasoline is not "crude petroleum oil." V.T.C.A., Natural Resources Code S 86.002. | For the purposes of well-classification is natural gasoline crude petroleum oil? | 021286.docx | LEGALEASE-00141519-LEGALEASE-00141520 |
| Appeal of Slemmer, 58 Pa. 168 | 289+927 | A partner may at any time withdraw and cause a technical dissolution of the firm, subject to liability, to his co-partners if the act is wrongful. | Can a partner withdraw from the partnership at any time? | 022399.docx | LEGALEASE-00141904-LEGALEASE-00141905 |
| Price v. Hunt, 59 Mo. 258 | 289+663 | One member of a firm cannot appropriate its property or assets, without the consent of his copartners, to the payment of his individual debts. | Is mutual consent of all the partners required in a partnership to appropriate the partnership effects for the payment of an individual partners debt? | 022404.docx | LEGALEASE-00141945-LEGALEASE-00141946 |
| Anserv Ins. Servs. v. Albrecht In & For Cty. of Maricopa, 192 Ariz. 48 | 302+11 | Because Arizona is a notice pleading state, extensive factual recitations are not required in complaint. 16 A.R.S. Rules Civ.Proc., Rule 8. | Are extensive factual recitations required in a notice pleading state? | Pleading - Memo 395 - RMM.docx | ROSS-003289048-ROSS-003289049 |
| Pepper v. Bentley, 59 So. 3d 684 | 307A+726 | Trial court did not exceed its authority by setting a second trial date, after an initial grant of continuance, that left fewer than 60 days before start of trial; neither party objected to the second trial setting, thereby agreeing to the date set, parties had notice and opportunity to be heard, and no further continuances were requested. Rules Civ.Proc., Rule 40(a). | Will the court exceed its authority by setting a second trial date after an initial grant of continuance? | 031324.docx | LEGALEASE-00140768-LEGALEASE-00140769 |
| Burrill v. Watertown Bank & Loan Co., 51 Barb. 105 | 307A+74 | Mere formal defects in the return of a commission for the examination of witnesses will not be regarded on the trial. | Will mere formal defects in the return of a commission for the examination of witnesses not be regarded on the trial? | 032543.docx | LEGALEASE-00141963-LEGALEASE-00141964 |
| Thorpe v. Gelbwaks, 953 So. 2d 606 | 307A+554 | A defendant contesting personal jurisdiction must file a motion to dismiss. | Can a defendant contesting personal jurisdiction file a motion to dismiss? | Pretrial Procedure - Memo # 6017 - C - SKG.docx | ROSS-003289735-ROSS-003289736 |
| S. Serv. Co. v. Los Angeles Cty., 15 Cal. 2d 1 | 371+2001 | The general relationship of sovereign and taxpayer is not founded on nor does it create any contractual rights. | Is the general relationship of sovereign and taxpayer founded on any contractual rights? | Taxation - Memo # 426 - C - SU.docx | ROSS-003288787-ROSS-003288788 |
| S. Serv. Co. v. Los Angeles Cty., 15 Cal. 2d 1 | 371+2001 | The general relationship of sovereign and taxpayer is not founded on nor does it create any contractual rights. | Does the general relationship of sovereign and taxpayer create any contractual rights? | 045189.docx | LEGALEASE-00141154-LEGALEASE-00141155 |
| Witzenburger v. State ex rel. Wyoming Cmty. Dev. Auth., 575 P.2d 1100 | 268+956(1) | Taxing power of State is practically without limit, but political subdivisions' taxing power is limited to those powers authorized by the legislature. | Is the political subdivisions' taxing power limited to those powers authorized by the legislature? | 045358.docx | LEGALEASE-00141320-LEGALEASE-00141321 |
| Helvey v. Sax, 38 Cal. 2d 21 | 371+2003 | The state's taxing power is derived, from its sovereign authority, and not from any grant to it by the owner of the property. | Is a state's power to tax derived from its sovereign authority? | 045360.docx | LEGALEASE-00141338-LEGALEASE-00141339 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cont'l Motors Corp. v. Muskegon Twp., 365 Mich. 191 | 371+2005 | The Constitution authorizes only two general methods of taxation, ad valorem and specific. Const. art. 10, S 3. | Are ad valorem and specific the only two general methods of taxation? | 045530.docx | LEGALEASE-00141795-LEGALEASE-00141796 |
| Casey v. Richland Cty. Council, 282 S.C. 387 | 371+2060 | "Taxes" are imposed on all property for maintenance of government, as opposed to assessments which are placed only on property to be benefited by proposed improvements. | "Are ""taxes"" imposed on all property for maintenance of government?" | 045553.docx | LEGALEASE-00142011-LEGALEASE-00142012 |
| Vill. of Lombard v. Illinois Bell Tel. Co., 405 Ill. 209 | 371+2160 | "Excise taxes," such as occupational license, privilege and franchise taxes, are charges for privilege arising from use of property, while "property taxes" are taxes directly on property itself. | "Are ""excise taxes"" charges for privilege arising from use of property?" | 045598.docx | LEGALEASE-00141651-LEGALEASE-00141652 |
| Lee v. Grandcor Med. Sys., 702 F. Supp. 252 | 25T+182(2) | Buyers of hospital did not waive any rights they might have under arbitration clause in transfer agreement by petitioning for removal, filing answer, and requesting jury trial, in action asserting state law claims against buyers for breach of contract, fraudulent inducement, and tortious interference with business relations; plaintiffs did not allege or demonstrate any material prejudice as a result of delay caused by buyers' conduct. | Can a general arbitration clause cover a claim that the plaintiff was fraudulently induced to enter into the underlying agreement? | Alternative Dispute Resolution - Memo 595 - RK.docx | ROSS-003290702-ROSS-003290703 |
| Recognition Equip. v. NCR Corp., 532 F. Supp. 271 | 170A+1264 | Seller, which alleged that it provided buyer with goods and related parts but received payment from buyer erroneously based upon wrong price list, was not entitled to discovery pending arbitration of parties' dispute, as discovery under the Federal Rules of Civil Procedure pending arbitration would not further purposes of arbitration under the Federal Arbitration Act of facilitating and expediting resolution of disputes. 9 U.S.C.A. S 3. | Is providing disputants with a less costly alternative to litigation a purpose of the Federal Arbitration Act? | 007488.docx | LEGALEASE-00143105-LEGALEASE-00143106 |
| In re Marriage of Dorsey, 2014 COA 19, 15, 342 P.3d 491 | 25T+135 | Separation agreement's forum selection clause, which stated that certain state court had exclusive and continuing jurisdiction over matters relating to interpretation and enforcement of agreement, did not preclude arbitration pursuant to agreement's arbitration clause regarding post-marital dissolution dispute as to amount of final property division payment; there was no indication that parties intended for forum selection clause to supersede or revoke arbitration clause, and arbitration clause would have essentially been rendered meaningless if forum selection clause exempted any issue involving interpretation of agreement from arbitration. | Can an arbitration clause be nullified by a forum selection clause? | 007490.docx | LEGALEASE-00143146-LEGALEASE-00143147 |
| Sanford v. H.A.S., 136 F. Supp. 2d 1215 | 25T+145 | Under Alabama law, arbitration agreement between car buyer and seller, which was signed by the buyer on May 4, did not apply to a purchase transaction on May 9, even though the May 4 agreement purported to apply to "all disputes between (the parties) concerning the vehicle," and the buyer purchased the same vehicle on May 9 that was the subject of the May 4 agreement; what was contemplated on May 4 was the May 4 sale, and under the parol evidence rule, the subsequent agreement discharged the prior one, regardless of when the subsequent agreement was made, and the documents signed on May 9 became the fully integrated understanding between the parties when they were signed. | Can parties create an exception to the parol evidence rule through their arbitration agreements? | 007501.docx | LEGALEASE-00143161-LEGALEASE-00143162 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Cotton Yarn Antitrust Litig., 2005 WL 3274372 | 25T+134(1) | Under North Carolina law, arbitration of disputes was well-established custom in textile industry, and thus arbitration was automatically part of agreements reached between yarn manufacturers and purchasers, even though parties' oral agreements did not provide for arbitration, and purchasers contended that they were unaware that arbitration was standard practice, where "Yarn Rules" incorporated in sales contracts and confirmations indicated that arbitration of disputes was standard practice, and numerous cases noted that arbitration of disputes was standard in textile industry. West's N.C.G.S.A. SS 25-1-201(b)(3), 25-1-303(c), 25-2-207(2)(b). | Will the widespread use of arbitration clauses in an industry put a contracting party on notice that its agreement contains an arbitration clause? | 007503.docx | LEGALEASE-00143163-LEGALEASE-00143165 |
| United States v. Smith, 124 F. Supp. 406 | 34+20.1(1) | Congress has constitutional power to compel conscientious objectors to perform military service. | Does Congress have the power to compel a conscientious objector to perform military duties? | 008613.docx | LEGALEASE-00142160-LEGALEASE-00142161 |
| Lancaster v. State, 21 Ala. App. 140 | 34+36 | Fact of defendant's being a soldier does not exempt him from crime or change rules of evidence. | Does the fact that the defendant is a soldier exempt him from a crime or change the rules of evidence? | 008625.docx | LEGALEASE-00142227-LEGALEASE-00142228 |
| Brown v. Patella, 24 Cal. App. 2d 362 | 83E+481 | In action on note assigned to plaintiff, it was not necessary that plaintiff prove any consideration passing from him to his assignor for assignment, especially where evidence showed that assignment was made for collection. | Is it necessary to prove consideration for an assignment? | Bills and Notes - Memo 506 - RK.docx | ROSS-003304301 |
| Allen v. Commercial Credit Co., 155 Ga. 545 | 83E+481 | Assignment in writing of note payable to named person or order need not be indorsed thereon or attached thereto to pass the legal title. | Is it necessary to endorse an assignment in writing to pass legal title to the holder? | Bills and Notes - Memo 572 - RK.docx | ROSS-003288060-ROSS-003288061 |
| United States v. Leyva, 282 F.3d 623 | 63+1(1) | Use of an official position was not an element of bribery offense; plain language of statute required only that the public official accept a thing of value in exchange for perpetrating a fraud, and absence of any official act requirement was particularly pointed in light of explicit "official act" or "official duty" language in other subsections of statute. 18 U.S.C.A. S 201(b)(2)(B). | Is the use of an official position an element of the bribery statute? | 011561.docx | LEGALEASE-00142455-LEGALEASE-00142456 |
| United States v. Synowiec, 333 F.3d 786 | 63+1(1) | Statute prohibiting bribery of a public official is satisfied if a defendant expresses an ability and a desire to pay the bribe. 18 U.S.C.A. S 201(b). | Is the crime of offering a bribe complete when a defendant expresses an ability and a desire to pay the bribe? | 011612.docx | LEGALEASE-00142812-LEGALEASE-00142813 |
| State v. Badaracco, 156 Conn. App. 65 | 63+1(1) | Under federal law, a bribery conviction must be based on more than evidence of mere preparation; it must progress to the point that the defendant made an offer that consisted of an expression of a desire and an ability to pay the public official for performing a proscribed act. 18 U.S.C.A. S 201(b). | "Under bribery statute, can a bribery conviction be based on evidence of mere preparation?" | 012163.docx | LEGALEASE-00142354-LEGALEASE-00142355 |
| Louisiana Sav. Ass'n v. Trahan, 415 So. 2d 592 | 113+8 | Neither custom nor usage nor practice may prevent enforcement of an express statutory provision. LSA-C.C. art. 3. | "May custom, usage, or practice prevent enforcement of an express statutory provision?" | 014254.docx | LEGALEASE-00142816-LEGALEASE-00142817 |
| Berk v. Sherman, 682 A.2d 209 | 289+950 | Under Maryland law, after dissolution, partner can bind partnership by any act appropriate for winding up partnership affairs or completing transactions unfinished at dissolution. Md.Code, Corporations and Associations, S 9-604. | "After dissolution, can the partners bind the partnership?" | Partnership - Memo 402 - JS.docx | ROSS-003289185-ROSS-003289186 |
| Stubbs v. Fleming, 92 Ga. 354 | 307A+74 | A direct interrogatory, added, without notice to the other party, after the interrogatories were crossed, should be disregarded. | "Should a direct interrogatory, added, without notice to the other party, be disregarded?" | Pretrial Procedure - Memo # 5412 - C - PB.docx | ROSS-003288819 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Steiner Transocean Ltd. v. Efremova, 109 So. 3d 871 | 307A+681 | As a general rule, when considering a motion to dismiss, a trial court is limited to the allegations within the four corners of the complaint and any attachments. | "When considering a motion to dismiss, is a trial court permitted to consider evidence outside the four corners of the complaint?" | Pretrial Procedure - Memo # 6275 - C - KG.docx | ROSS-003289832-ROSS-003289833 |
| M.L. v. Eskenazi Health / Midtown Mental Health CMHC, 80 N.E.3d 219 | 13+6 | When a court is unable to render effective relief to a party, the case is deemed moot and usually dismissed. | Will a case that is rendered moot be dismissed? | Pretrial Procedure - Memo # 6680 - C - SK.docx | ROSS-003289317-ROSS-003289318 |
| Merhish v. H. A. Folsom & Assocs., 646 P.2d 731 | 307A+552 | Once a controversy has become moot, a trial court should enter an order of dismissal. | Should a trial enter an order of dismissal once a controversy has become moot? | Pretrial Procedure - Memo # 6681 - C - SKG.docx | ROSS-003289801-ROSS-003289802 |
| State v. W.R., Jr., 181 Wash. 2d 757 | 352H+191 | Once a defendant asserts a consent defense to a charge for rape involving forcible compulsion and provides sufficient evidence to support the defense, the State bears the burden of proving lack of consent as part of its proof of the element of forcible compulsion. West's RCWA 9A.44.050(1)(a). | Does the State have the burden of proof in rape cases involving questions of consent? | Sex Offence - Memo 81 - RK.docx | LEGALEASE-00033062-LEGALEASE-00033063 |
| Sizemore v. State, 10 Md. App. 682 | 352H+184 | A jury may infer penetration from the physical condition of the victim soon after the incident. | Can a jury infer penetration from the physical condition of the victim? | Sex Offence - Memo 90 - RK.docx | LEGALEASE-00033080-LEGALEASE-00033081 |
| People v. Kutella, 132 Ill. App. 2d 248 | 211+1724 | When forceable rape for forceable deviate sexual assault is charged, defendant has burden of proving that he is under age and state does not have to allege or prove that fact. | Does a defendant bear the burden of proving they are underage when forcible rape is charged? | 043107.docx | LEGALEASE-00143466-LEGALEASE-00143467 |
| Winnebago Tribe of Nebraska v. Kline, 283 Kan. 64 | 371+2005 | The right to tax is penal in nature so that, where there is reasonable doubt as to the meaning of a taxing act, it will be construed most favorably to the taxpayer. | Is the right to tax penal in nature? | 045285.docx | LEGALEASE-00142885-LEGALEASE-00142886 |
| Cherokee State Bank of St. Paul v. Wallace, 202 Minn. 582 | 371+2005 | The state constitutional provisions relating to power of taxation are not a grant of power but only a limitation thereon. Const.Minn. art. 9, S 1. | Are the state constitutional provisions relating to power of taxation a grant of power to the state? | 045564.docx | LEGALEASE-00142152-LEGALEASE-00142153 |
| Rogers Park Post No. 108, Am. Legion v. Brenza, 8 Ill. 2d 286 | 371+2166 | In Illinois, all property is subject to taxation unless exempt by statute, in conformity with constitutional provisions relating thereto. S.H.A.Const. art. 9, S 1; Ill.Rev.Stat.1953, ch. 120, S 500(7). | Is all property presumed to be subject to taxation? | Taxation - Memo # 654 - C - AP.docx | ROSS-003317083-ROSS-003317084 |
| De Blois v. Comm'r of Corps. & Taxation, 276 Mass. 437 | 371+2060 | Tax imposed by statute on income derived from professions, employments, trade, or business is "property tax" not "excise tax". M.G.L.A. c. 62 SS 5, 6. | "Is a tax imposed by statute on income derived from professions, employments, trade, or business a ""property tax""?" | 045655.docx | LEGALEASE-00143007-LEGALEASE-00143008 |
| Whittaker v. Robinson, 981 S.W.2d 118 | 413+4 | Workers' compensation legislation does not create a quasi tort or seek to compensate an injured worker for his or her entire loss; instead, income benefits are awarded on the basis of occupational disability which is equated to a decrease in the injured worker's wage earning capacity. KRS 342.0011(11) (1995). | Does workers compensation create a quasi tort? | 048114.docx | LEGALEASE-00142684-LEGALEASE-00142685 |
| Parsons v. Steelman Transp., 335 S.W.3d 6 | 413+45 | The Court of Appeals is guided by the general rules of statutory construction in interpreting the Workers' Compensation Law. V.A.M.S. S 287.010 et seq. | "Is workers compensation law entirely a creature of statute, and what is the court guided by when interpreting it?" | Workers Compensation - Memo #380 ANC.docx | ROSS-003303695-ROSS-003303696 |
| RoadTechs v. MJ Highway Tech., Ltd., 79 F. Supp. 2d 637 | 25T+156 | District court has discretion whether to dismiss or stay action after referring it to arbitration. 9 U.S.C.A. S 3. | Do courts have the discretion to dismiss or stay action after referring it to arbitration? | 007664.docx | LEGALEASE-00144684-LEGALEASE-00144685 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| McCarney v. Nearing, Staats, Prelogar & Jones, 866 S.W.2d 881 | 25T+182(1) | Whether party opposing arbitration has been prejudiced by acts inconsistent with arbitration, such that right to arbitrate may have been waived, is determination to be made on case-by-case basis. 9 U.S.C.A. S 1 et seq. | Do courts determine whether inconsistent actions constitute prejudice on a case by case basis? | 007711.docx | LEGALEASE-00144826-LEGALEASE-00144827 |
| Auto. Mechanics Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, 502 F.3d 740 | 95+206 | Enforcement of a forum selection clause, including an arbitration clause, is not jurisdictional; it is a waivable defense. | Is enforcement of the forum selection clause of an arbitration agreement jurisdictional? | 007739.docx | LEGALEASE-00144983-LEGALEASE-00144984 |
| United States v. Bryan, 263 F. Supp. 895 | 34+20.8(1) | Classification process is not adversary proceeding between board and registrant in which slightest misstep will penalize registrant. | Is the classification process an adversary proceeding between the board and a registrant? | 008680.docx | LEGALEASE-00144662-LEGALEASE-00144663 |
| Becker v. Hershey, 309 F. Supp. 487 | 34+20.8(2) | Neither the courts nor the National Director of the Selective Service System has the power of supervision over local draft boards, nor may they assume it; nor may the boards abdicate it. Military Selective Service Act of 1967, S 10(b) (3), 50 U.S.C.A. App. S 460(b) (3). | Do local boards have the sole responsibility for classification? | 008695.docx | LEGALEASE-00144680-LEGALEASE-00144681 |
| Perrin v. United States, 444 U.S. 37 | 63+1(1) | Bribery of private employee prohibited by state criminal statute violates the Travel Act which makes it a federal offense to travel or to use any facility in interstate commerce to commit "bribery * * * in violation of the laws of the State in which committed." 18 U.S.C.A. S 1952. | Does conduct violating state commercial bribery statute also violate Travel Act? | 012228.docx | LEGALEASE-00143840-LEGALEASE-00143841 |
| United States v. Brecht, 540 F.2d 45 | 164T+19 | Difference between commercial bribe taking and extortion is only that extortion involves initiative of defendant and coercion of victim. 18 U.S.C.A. S 1951; Penal Law N.Y. SS 155.05, subd. 2 (e)(ix), 180.05. | What is the difference between commercial bribe taking and extortion? | Bribery - Memo #852 - C - LB.docx | ROSS-003287331-ROSS-003287332 |
| State v. Lopez, 897 N.W.2d 295 | 67+4 | Statutory definition of "building," for purposes of the crime of burglary, encompasses subunits, such as a motel room, and thus, a motel and a rented room within the motel both qualify as a "building" for the purposes of burglary statute; motel room is intentionally constructed from the component parts of walls, a ceiling, and a door, for the express purpose of affording shelter for guests. Minn. Stat. Ann. SS 609.581(2), 609.582(1). | Does a motel room qualify as a building under a burglary statute? | Burglary - Memo 226 - SB.docx | ROSS-003315200-ROSS-003315203 |
| U.S. v. Wilson, 59 F.2d 97 | 350H+1263 | Burglary of building that is not a dwelling is not "crime of violence" per se, as term is defined for purposes of former version of Sentencing Guidelines' career offender provision, but may, under certain circumstances, be considered as such. U.S.S.G. SS 4B1.1, 4B1.2(1)(ii) (1995). | Is burglary of a non-dwelling a crime of violence? | 012943.docx | LEGALEASE-00144910-LEGALEASE-00144911 |
| Helmerich & Payne v. State ex rel. Comm'rs of the Land Office, 935 P.2d 1179 | 260+5.2(1) | Under royalty clauses in oil and gas leases issued by Commissioners of the Land Office, which based royalty on "market value," state was not entitled to additional royalty payments from lessees in sum equal to its fractional share of value of all gross production and excise taxes that were assessed against gas production and which were paid by purchaser, but which were not deducted from payments to lessees or state. | "Does market value or market price, as used in royalty clauses, mean the gas purchase contract price?" | 021387.docx | LEGALEASE-00144215-LEGALEASE-00144216 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Harvey E. Yates Co. v. Powell, 98 F.3d 1222 | 260+5.2(1) | Under New Mexico law, duty of lessee which entered into statutory gas lease with state to pay royalty on that portion of take-or-pay settlement which is attributable to future price reductions is not triggered until that future production is actually taken by settling purchaser and, thus, when lessee negotiates buy-down payment in exchange for reduced future price term, state has no right to royalty up front on that portion of settlement proceeds; however, when future production under purchase contract is taken at newly "bought-down" price, state should receive royalty based on both proceeds obtained by lessee from sale of gas at bought-down price and commensurate portion of settlement proceeds that is attributable to price reductions applicable to future production under renegotiated gas sales agreement as production occurs. NMSA 1978, S 19-10-4.1. | When is the duty to pay a royalty under a lease which conditions royalty payments on production triggered? | Mines and Minerals - Memo #190 - C - EB.docx | ROSS-003287522-ROSS-003287523 |
| State v. NV Sumatra Tobacco Trading Co., 403 S.W.3d 726 | 307A+683 | Proper question on a motion to dismiss for lack of personal jurisdiction is whether, taking the plaintiff's factual allegations as true and resolving all reasonably disputed facts in the plaintiff's favor, the plaintiff has shown, by a preponderance of the evidence, that state's courts may properly exercise jurisdiction over defendant, rather than the summary judgment standard of whether a genuine issue as to any material fact exists and whether moving party is entitled to judgment as a matter of law. Rules Civ.Proc., Rules 12.02(2), 56.01 et seq. | "If trial court determines that it is appropriate to decide motion to dismiss, is then dismissal proper only if all the specific facts alleged by plaintiff collectively fail to establish a prima facie case?" | 032669.docx | LEGALEASE-00144381-LEGALEASE-00144382 |
| Concerned Citizens of Sterling v. Town of Sterling, 204 Conn. 551 | 15A+2161 | Issue of subject matter jurisdiction, arising from alleged failure to exhaust administrative remedies, can be raised at any time, including on appeal; if trial court had no jurisdiction because plaintiffs failed to exhaust their administrative remedies, action must be dismissed. | Can a party challenge a court's subject matter jurisdiction at any time? | 033037.docx | LEGALEASE-00143755-LEGALEASE-00143756 |
| State v. Langley, 232 S.W.3d 363 | 307A+554 | If a trial court lacks jurisdiction over some claims but not others, the trial court should dismiss those claims over which it does not have subject matter jurisdiction but retain those claims over which it does. | Do the court retain the power to dismiss claims over which it does not have jurisdiction? | 033062.docx | LEGALEASE-00143957-LEGALEASE-00143958 |
| State ex rel. Camden-Clark Mem'l Hosp. v. Hill, 205 W. Va. 236 | 307A+560 | Dismissal for failing to timely serve process on a defendant after an action is filed is mandatory in a case in which good cause for the lack of service is not shown, and a plaintiff whose case is subject to dismissal for noncompliance has two options to avoid the consequences of the dismissal: (1) to timely show good cause for not having effected service of the summons and complaint, or (2) to refile the action before any time defenses arise and timely effect service under the new complaint. Rules Civ.Proc., Rule 4(I) (1997). | Is dismissal for failing to timely serve process on a defendant after an action is filed is mandatory in a case in which good cause for the lack of service not shown? | Pretrial Procedure - Memo # 6461 - C - SKG.docx | LEGALEASE-00034164-LEGALEASE-00034165 |
| St. Louis Police Leadership Org. v. St. Louis Bd. of Police Commissioners, 465 S.W.3d 501 | 307A+674 | A moot case raises the issue of justiciability, and therefore courts may dismiss it sua sponte. | "Should a courts dismiss a moot suasponte,if it raises the issue of justiciability?" | 034226.docx | LEGALEASE-00144743-LEGALEASE-00144744 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Perez v. New York City Hous. Auth., 290 A.D.2d 265 | 307A+746 | A dismissal of an action based on a plaintiff's failure to appear at a calendar call should be vacated where the plaintiff shows a reasonable excuse for the default and a meritorious cause of action. N.Y.Ct.Rules, S 202.27. | Should a dismissal of an action based on a plaintiff's failure to appear at a calendar call be vacated where the plaintiff shows a reasonable excuse for the default and a meritorious cause of action? | Pretrial Procedure - Memo # 6630 - C - KG.docx | LEGALEASE-00034273-LEGALEASE-00034274 |
| Bosque v. Rivera, 135 So. 3d 399 | 307A+563 | Although District Court of Appeal reviews a dismissal for fraud on the court under an abuse of discretion standard, that standard of review is somewhat narrowed to take into account that the dismissal must be established by clear and convincing evidence. | "To support a dismissal for fraud on the court, should the movant establish, by clear and convincing evidence, have a party has sentiently set in motion some unconscionable scheme?" | Pretrial Procedure - Memo # 6763 - C - SS.docx | ROSS-003301949-ROSS-003301950 |
| Brown v. Brown, 110 Me. 280 | 307A+746 | Dismissal is the most severe sanction that a court may apply for failure to appear at a pretrial conference, and thus, judicial discretion must be carefully exercised to assure that the situation warrants the imposition of such a sanction. (Per Crawley, J., with one Judge concurring and two Judges concurring in the result.) Rules Civ.Proc., Rule 16(f). | Is dismissal the most severe sanction that a court can apply for failure to appear at a pretrial conference? | 034546.docx | LEGALEASE-00143812-LEGALEASE-00143813 |
| Chiappetta v. LeBlond, 544 A.2d 759 | 102+2 | Trial court possesses inherent authority to sanction parties and attorneys for abuse of litigation process. Rules Civ.Proc., Rule 16(f)(5). | Does a trial court have an inherent power to sanction? | 034575.docx | LEGALEASE-00144227-LEGALEASE-00144228 |
| Magruder v. Supplee, 316 U.S. 394 | 371+2060 | Realty "taxes" are merely a form of raising revenue for support of government and are not like "rent", and are not paid for privilege of occupying property for any given period of time. | "Are realty ""taxes"" merely a form of raising revenue for support of government?" | 045687.docx | LEGALEASE-00144464-LEGALEASE-00144465 |
| Michigan Land & Iron Co. v. L'Anse Twp., 63 Mich. 700 | 371+2005 | It is the policy of the law to raise taxes no faster than they are likely to be needed, and, while all reasonable presumptions may be made in favor of the necessities of a new region, no presumption can stand when overthrown by facts. | Is the policy of the law to raise taxes no faster than they are likely to be needed? | Taxation - Memo # 753 - C - DHA.docx | ROSS-003331922-ROSS-003331924 |
| Commonwealth v. Union Pac. R. Co., 214 Ky. 339 | 371+2005 | State, in exercising its right to tax, exercises attributes of sovereignty, and may tax only things and persons subject thereto. | Which attributes is a state exercising in its right to tax? | Taxation - Memo # 768 - C - VA.docx | LEGALEASE-00034716-LEGALEASE-00034717 |
| Nadeau v. Equity Residential Properties Mgmt. Corp., 251 F. Supp. 3d 637 | 25T+134(1) | Under the Federal Arbitration Act (FAA), a party seeking to avoid enforcement of an arbitration agreement can invoke a defense that would be available to a party seeking to avoid the enforcement of any contract. 9 U.S.C.A. S 2. | Can an arbitration agreement be avoided by a defense that is only applicable to arbitration agreements? | 007768.docx | LEGALEASE-00146427-LEGALEASE-00146428 |
| Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411 | 156+52(1) | "Equitable estoppel" precludes a party from asserting rights he otherwise would have had against another when his own conduct renders assertion of those rights contrary to equity. | What does the doctrine of equitable estoppel mean in the context of arbitration? | Alternative Dispute Resolution - Memo 728 - RK.docx | LEGALEASE-00034868-LEGALEASE-00034869 |
| Curtis v. United States, 33 Fed. Cl. 586 | 34+30 | Decision by President or his deputies to award particular medal is discretionary act which is not reviewable by court of federal claims. | Is the decision to award a medal reviewable by the court? | Armed Services - Memo 153 - SNJ.docx | ROSS-003301955-ROSS-003301956 |
| United States v. Townsend, 630 F.3d 1003 | 63+1(2) | Term "any thing of value," as used in the federal statute prohibiting bribes offered to state and local officials employed by agencies receiving federal funds, may include intangibles, such as freedom from jail and incremental increases in such freedom. 18 U.S.C.A. S 666(a)(1)(B). | Does the term thing of value include intangibles? | 01678.docx | LEGALEASE-00092052-LEGALEASE-00092053 |
| United States v. Brecht, 540 F.2d 45 | 164T+4 | Main purpose of Congress in enacting Hobbs Act was to combat labor racketeering. 18 U.S.C.A. S 1951. | What was the main purpose of Congress in enacting the Hobbs Act? | 012255.docx | LEGALEASE-00145072-LEGALEASE-00145074 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Romes v. Commonwealth, 164 Ky. 334 | 142T+725(1) | Proof of general reputation of accused as bribe taker and of his having accepted bribes on other occasions held not the corroboration of a witness required under Ky.St. S 1594, in a prosecution for bribery. | Can evidence of the general reputation of the accused as a bribe-taker corroborate his guilt for accepting the bribe for which he's being prosecuted? | 012277.docx | LEGALEASE-00145184-LEGALEASE-00145185 |
| State v. Hows, 31 Utah 168 | 67+23 | Under Rev. St. 1898, S 4334, as amended by Sess. Laws 1905, p. 16, c. 19, making it burglary for any person to break and enter a building with intent to commit a larceny or any other felony, an information charging the breaking and entering a building at night with intent to steal goods, without stating their value, sufficiently charges a burglary in the first degree, as larceny within such section includes both a misdemeanor and a felony, and the words "or any other felony" are equivalent to "or any felony other than that embraced within the larceny." | Does burglary involve intent to commit any felony? | 012851.docx | LEGALEASE-00145434-LEGALEASE-00145437 |
| Wagshal v. Rigler, 711 A.2d 112 | 307A+560 | In determining whether plaintiff has shown good cause why action should not be dismissed for untimely service, court considers reasons for the plaintiff's failure to comply with the rule, prejudice to the plaintiff and lack of prejudice to the defendant accruing from the dismissal, and whether plaintiff has made some showing of reasonable diligence in attempting to comply with the rules. Civil Rules 4(m), 41(b). | Is the reason for the plaintiff's failure to comply with the rule the principal factor to be considered in the good-cause inquiry? | 034404.docx | LEGALEASE-00145158-LEGALEASE-00145159 |
| Horjales v. Loeb, 291 So. 2d 92 | 307A+552 | Court has right to dismiss a cause with prejudice when collusion appears between plaintiff and a principal defendant. | Does court have right to dismiss a cause with prejudice when collusion appears between plaintiff and a principal defendant? | 034724.docx | LEGALEASE-00146268-LEGALEASE-00146269 |
| Ballard v. Weast, 121 N.C. App. 391 | 307A+552 | Cases should have been dismissed where plaintiffs' claims were moot at time summary judgment determination was made. | Should a case be dismissed if plaintiffs' claims were moot at time summary judgment order was entered? | 034800.docx | LEGALEASE-00145712-LEGALEASE-00145713 |
| Szilagyi v. Testa, 99 Nev. 83 | 307A+563 | Court may dismiss a complaint for failure to prosecute or for violation of a court order. | Can a court dismiss a complaint for failure to prosecute or for violation of a court order? | 10868.docx | LEGALEASE-00094748-LEGALEASE-00094749 |
| Texas Employers' Ins. Ass'n v. Bragg, 670 S.W.2d 712 | 307A+483 | No motion to deem unanswered requests for admissions admitted must be filed. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | Should no motion to deem unanswered requests for admissions admitted be filed? | Pretrial Procedure - Memo # 7227 - C - KI.docx | ROSS-003289507-ROSS-003289508 |
| Denson v. T.D.C.J.-I.D., 63 S.W.3d 454 | 307A+552 | Trial court may dismiss a claim as frivolous when it has no arguable basis in law or fact. V.T.C.A., Civil Practice & Remedies Code S 14.003(a)(2), (b)(2). | Is it an abuse of discretion to dismiss a case that arguably has a basis in law or fact? | 035290.docx | LEGALEASE-00145543-LEGALEASE-00145544 |
| Kolsti v. Guest, 576 S.W.2d 892 | 307A+552 | When a case becomes moot, only proper judgment is one dismissing the cause. | Is the only proper judgment to dismiss the cause when a case becomes moot? | 035311.docx | LEGALEASE-00146151-LEGALEASE-00146152 |
| City of Philadelphia Water Revenue Bureau v. Frempong, 744 A.2d 822 | 307A+741 | Party is under same duty to appear at a scheduled conciliation or a pre-trial conference as to appear for trial. | Is a party under the same duty to appear at a scheduled pre-trial conference as to appear at trial? | 035381.docx | LEGALEASE-00145385-LEGALEASE-00145386 |
| People ex rel. Wolff v. Wheeler, 60 Ill. App. 351 | 307A+552 | Courts do not sit for the purpose of entering judgment in matters about which there is neither controversy nor necessity for adjudicating, and a court may, sua sponte, dismiss a suit which appears to be a mere mock contention. | "Can a court suasponte, dismiss a suit which appears to be a mere mock contention?" | 035494.docx | LEGALEASE-00146323-LEGALEASE-00146324 |
| In re D.W., 202 N.C. App. 624 | 307A+724 | Continuances are not favored and the party seeking a continuance has the burden of showing sufficient grounds for it. | Does a party seeking a continuance have the burden of showing sufficient grounds for granting the motion? | 035544.docx | LEGALEASE-00146321-LEGALEASE-00146322 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| DuBois v. Workers' Comp. Appeals Bd., 5 Cal. 4th 382 | 413+2 | Right to workers' compensation benefits is wholly statutory and is not derived from common law. West's Ann.Cal. Const. Art. 14, S 4. | "For workers compensation, is the right to benefits wholly statutory?" | 048241.docx | LEGALEASE-00145553-LEGALEASE-00145554 |
| Vorvis v. S. New England Tel. Co., 821 F. Supp. 851 | 413+2 | Under Connecticut Worker's Compensation Act, employee generally surrenders his or her right to bring common-law action against employer. C.G.S.A. SS 31-275 et seq., 31-284(a). | "Under the Workers Compensation Act, what does the employee surrender?" | 048270.docx | LEGALEASE-00145655-LEGALEASE-00145656 |
| Alvarez v. Meadow Lane Mall Ltd. P'ship, 560 N.W.2d 588 | 307A+560 | Dismissal of action is required if there is "abusive delay" in completing service. Rules Civ.Proc., Rule 49. | "Is a dismissal of action required if there is ""abusive delay"" in completing service?" | Pretrial Procedure - Memo # 7067 - C - AP_58320.docx | ROSS-003294654-ROSS-003294656 |
| State v. Walker, 130 S.W.3d 18 | 67+4 | Test applicable in determining whether a structure is a "building," as that term is used in burglary statute, is whether the structure is suitable for affording shelter for human beings. M.S.A. S 609.58, subd. 1(2). | What is the test to determine if a structure is a building under a burglary statute? | 012996.docx | LEGALEASE-00147888-LEGALEASE-00147889 |
| Emerson v. McWhirter, 133 Cal. 510 | 260+25 | Where a local regulation required a notice of a mining claim to be posted at each end thereof, and notice was posted at only one end, all other regulations being complied with, the failure to post at both ends did not work a forfeiture, in the absence of a rule so providing. | Can a failure to comply with the local mining rules and customs work a forfeiture? | 021578.docx | LEGALEASE-00147750-LEGALEASE-00147751 |
| Sheridan v. McElligott, 278 N.Y. 59 | 268+200(10) | Under provision of Greater New York Charter relating to the annual allowance to the representative of the member of the uniformed force who shall die during his term of service, the discretion to award a pension not to exceed one-half of the salary of deceased member is vested in the Fire Commissioner as trustee of the relief funds and is not reviewable by the courts. Greater New York Charter, S 791, as amended by Loc.Laws 1930, p. 84. | Are actions taken by officials relating to pensions reviewable by courts? | 022838.docx | LEGALEASE-00147840-LEGALEASE-00147841 |
| In re Baker's Estate, 48 Misc. 2d 732 | 296+10 | United States could recover from decedent's estate the pension benefits paid to her as widow of World War I veteran, where benefits were premised on her representation that she had terminated her purported marital relationship with another man and this representation was false. 38 U.S.C.A. S 101(3). | Does the United States have the ability to recover benefits received by a decedent from the Veterans Administration that were procured by false representation? | Pension - Memo 67 - JK_57653.docx | ROSS-003291876-ROSS-003291877 |
| Bond v. Dunmire, 129 Ill. App. 3d 796 | 302+11 | Allegations of legal conclusions and allegations of evidence constitute merely formal defects in complaint, and not defects of substance. S.H.A. ch. 110, P 2-612(b). | Do allegations of legal conclusions constitute defects of substance? | 023565.docx | LEGALEASE-00146977-LEGALEASE-00146978 |
| In re Bustamante, 510 S.W.3d 732 | 302+16 | A pleading is sufficient when an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy. Tex. R. Civ. P. 47(a). | When is a pleading sufficient? | 023573.docx | LEGALEASE-00147371-LEGALEASE-00147372 |
| The Huff Energy Fund v. Longview Energy Co., 482 S.W.3d 184 | 302+34(6) | Where special exceptions are not filed, court construes the petition liberally in favor of the pleader. | "Should a petition be construed liberally in favor of the pleader, when there are no special exceptions?" | 023575.docx | LEGALEASE-00147452-LEGALEASE-00147453 |
| Brandt v. MillerCoors, 2013 IL App (1st) 120431 | 307A+687 | A motion to dismiss based upon certain defects or defenses admits the sufficiency of the claim but asserts affirmative matter that defeats the claim; the motion takes as true all well-pleaded facts and all reasonable inferences taken from those facts. S.H.A. 735 ILCS 5/2-619. | Can the motion consider all well-pleaded facts and all reasonable inferences taken from those facts as true? | 10264.docx | LEGALEASE-00095467-LEGALEASE-00095468 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fanaro v. First Nat. Bank of Chicago, 160 Ill. App. 3d 1030 | 336H+125 | Dismissal for want of prosecution is not considered adjudication on merits; such dismissal does not prejudice party against whom dismissal was entered, nor does such dismissal receive res judicata effect, and vacatur of that dismissal does not constitute another action. S.H.A. ch. 110, P 13-217. | Will suits dismissed for want of prosecution decide any issues in controversy? | 11154.docx | LEGALEASE-00094057-LEGALEASE-00094058 |
| Manuel v. Lacarbo, 554 So. 2d 774 | 307A+590.1 | Enrollment or substitution of counsel is not a step in prosecution or defense of suit for purposes of avoiding dismissal of suit for failure to take any action in trial court for period of five years. LSA-C.C.P. art. 561. | Is enrollment or substitution of counsel not a step in prosecution or defense? | 11173.docx | LEGALEASE-00094613-LEGALEASE-00094614 |
| Allied Gas & Chem. Co. v. Federated Mut. Ins. Co., 365 N.W.2d 26 | 307A+676 | If there is an appeal, or if other grounds for an exemption are established, automatic dismissal rule is inapplicable, and is not renewed until a notice under rule is again sent after grounds for exemption are removed. Rules Civ.Proc., Rule 215.1. | "If there is an appeal, or if other grounds for an exemption are established, is the automatic dismissal rule inapplicable?" | Pretrial Procedure - Memo # 7795 - C - TM.docx | LEGALEASE-00037600-LEGALEASE-00037601 |
| People v. Willis, 79 A.D.3d 1739 | 110+312 | Because the question of whether a person was seeking sexual gratification is generally a subjective inquiry, it can be inferred from the conduct of the perpetrator. | Can sexual gratification be inferred from the defendants action? | 042958.docx | LEGALEASE-00147939-LEGALEASE-00147941 |
| In re J.B.M., 157 S.W.3d 823 | 352H+190 | In a case where the charge is attempted sexual assault, intent may be inferred from the defendant's actions, words, and conduct. V.T.C.A., Penal Code SS 15.01(a), 22.011(a)(1). | How is intent for sexual assault inferred? | 042980.docx | LEGALEASE-00147970-LEGALEASE-00147971 |
| Rector v. Dep't of Labor & Indus. of State of Wash., 61 Wash. App. 385 | 413+2 | Industrial insurance claim is governed by explicit statutory directives and not by common law. West's RCWA 51.04.010 et seq. | Is an industrial insurance claim governed by common law? | Workers Compensation - Memo #483 ANC.docx | ROSS-003286966-ROSS-003286967 |
| Milwaukee Am. Ass'n v. Landis, 49 F.2d 298 | 25T+163 | Good-faith submission to arbiter is proper, and decision is binding, unless unsupported by evidence, or without legal foundation. | Is a submission in good faith to an arbiter controverted questionconsidered proper and binding? | Alternative Dispute Resolution - Memo 760 - RK.docx | LEGALEASE-00037873-LEGALEASE-00037874 |
| Baker v. Conoco Pipeline Co., 280 F. Supp. 2d 1285 | 25T+182(1) | The mere passage of time cannot be relied upon as a waiver of the right to arbitrate. | Can passage of time be relied upon as a waiver of the right to arbitrate? | Alternative Dispute Resolution - Memo 790 - RK_58123.docx | ROSS-003293646-ROSS-003293647 |
| Galloway v. United States, 319 U.S. 372 | 34+73(1) | "Total and permanent disability", within war risk insurance statutes, means something more than incipient or occasional disability. War Risk Insurance Acts, 1917, S 400, 40 Stat. 409, 1918, S 13, 40 Stat. 555. | Does the meaning of the term Total and permanent disability mean something more than incipient or occasional disability? | 008774.docx | LEGALEASE-00148834-LEGALEASE-00148835 |
| Goolrick v. Wallace, 154 Ky. 596 | 83E+430 | The purpose of an indorsement without recourse is to transfer the title to the instrument without creating any personal liability on the part of the indorser. | What is the effect or purpose of indorsement of a note without recourse? | Bills and Notes - Memo 640 - ANM _58192.docx | ROSS-003323261-ROSS-003323262 |
| In re Onstad's Estate, 224 Wis. 332 | 366+4 | Both under common law and suretyship and provision of Negotiable Instrument Law declaring person absolutely liable to pay instrument primarily liable, an accommodation maker of a note, as surety, is entitled by subrogation to whatever security payee has for enforcement of claim against principal maker (St.1929, S 116.01). | Does Negotiable Instrument Law change the law of suretyship? | 010505.docx | LEGALEASE-00148145-LEGALEASE-00148146 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Standard Fed. Sav. & Loan Ass'n v. Citizens Ins. Co. of Am., 99 Mich. App. 338 | 8.30E+05 | Standard that technical construction of negotiable instrument law is not to be favored remains applicable standard notwithstanding adoption of Uniform Commercial Code. M.C.L.A. SS 440.3105, 440.3112(1), 440.3118 comment. | Should technical construction of negotiable instrument law be favored? | 010509.docx | LEGALEASE-00148113-LEGALEASE-00148114 |
| Ricketts v. Harvey, 106 Ind. 564 | 8.30E+162 | If the consideration of a promissory note is in part legal and in part illegal, and is indivisible, there can be no recovery upon such note. | Can there be a recovery if the consideration of a promissory note is in part illegal? | 010531.docx | LEGALEASE-00148420-LEGALEASE-00148421 |
| Commercial Trading Co. v. Trade Bank & Tr. Co., 207 Misc. 510 | 8.30E+05 | The free circulation of negotiable paper is to be encouraged and the law must be interpreted in that light. | Should negotiable instrument law be interpreted in view of free circulation of negotiable paper? | 010544.docx | LEGALEASE-00148462-LEGALEASE-00148463 |
| Hayes v. Midland Credit Co., 173 Minn. 554 | 83E+412 | Person lending commercial paper to accommodate another may limit use to be made thereof, unless it passes to holder in due course. | Can the accommodation party limit the use of accommodation paper for a specific purpose? | Bills and Notes- Memo 677-PR.docx | LEGALEASE-00038118-LEGALEASE-00038119 |
| Vinyard v. United States, 335 F.2d 176 | 110+382 | Legality of initial arrest for refilling of liquor bottles was immaterial in prosecution for subsequent bribery of arresting officers. 18 U.S.C.A. S 201(b)(3); 26 U.S.C.A. (I.R.C.1954) S 5301(C). | Is the legality of the arrest material for bribery subsequent to arrest? | 012448.docx | LEGALEASE-00148286-LEGALEASE-00148287 |
| People v. DeRouen, 38 Cal. App. 4th 86 | 67+6 | Defendant could be convicted of burglary in the first degree based on his theft of property from vacation homes, notwithstanding his claim that homes were not "inhabited dwellings" within meaning of burglary statutes because no one lived at homes at time of commission of offense and there was no evidence that any of the victims intended to return to homes for more than overnight visit in the future; occupant of a vacation home reasonably expects same protection from unauthorized intrusions as occupant of any other residence. West's Ann.Cal.Penal Code SS 459, 460. | Is a vacation home considered a dwelling under the burglary statute? | 013026.docx | LEGALEASE-00148800-LEGALEASE-00148801 |
| State v. Schneider, 36 Wash. App. 237 | 67+6 | Law of burglary is designed to protect the dweller and, hence, controlling question is occupancy rather than ownership. West's RCWA 9A.52.010(3), 9A.52.030(1). | Does the law of burglary protect the dweller? | Burglary - Memo 268 - RK_58150.docx | ROSS-003321035-ROSS-003321036 |
| Rosette Inc. v. United States, 277 F.3d 1222 | 260+2 | Geothermal process as a whole was inorganic, and therefore geothermal resources were properly classified as generally mineral in character for purposes of determining whether such resources qualified as "mineral" under reservation of mineral rights mandated by Stock Raising Homestead Act (SRHA). 43 U.S.C.A. S 299. | Is the geothermal process as a whole inorganic to be classified as mineral in character? | Mines and Minerals - Memo # 25 - C - EB_57974.docx | ROSS-003293155-ROSS-003293156 |
| Sutton v. SM Energy Co., 421 S.W.3d 153 | 260+78.1(1) | Although habendum clause in oil and gas lease typically controls mineral estate's duration, other clauses may extend habendum clause's term. | Does a lease's habendum clause define the mineral estate's duration? | 021584.docx | LEGALEASE-00148223-LEGALEASE-00148224 |
| Clifton v. Koontz, 160 Tex. 82 | 260+68(1) | In a mineral lease, the terms "produced" and "produced in paying quantities" mean substantially the same thing. | Do the terms produced and produced in paying quantities mean substantially the same thing? | Mines and Minerals - Memo #308 - C - CSS_57759.docx | ROSS-003291838-ROSS-003291839 |
| Leabo v. Leninski, 2 Conn. App. 715 | 302+34(1) | A formalistic or highly technical construction of pleadings is contrary to a proper view of pleading requirements. | Is a formalistic or highly technical construction of pleadings required? | Pleading - Memo 463 - RMM_58011.docx | ROSS-003296060-ROSS-003296061 |
| Mueller v. N. Broward Hosp. Dist., 403 So. 2d 581 | 307A+590.1 | Record activity, as would preclude dismissal for failure to prosecute, need not be directed to or instituted by party who seeks dismissal. 30 West's F.S.A. Rules of Civil Procedure, Rule 1.420(e). | Should record activity not be directed to or instituted by a party who seeks dismissal? | 036427.docx | LEGALEASE-00149041-LEGALEASE-00149042 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Perrin v. Papa John's Int'l, 114 F. Supp. 3d 707 | 170A+2554 | Defendants raising affirmative defense of statute of limitations in five class actions asserting minimum wage claims under state laws and FLSA collective action did not meet their burden of proof to produce facts showing that some or all of plaintiffs' claims fell outside applicable limitations period, where they had not identified applicable statute of limitations or put forth facts which supported their defense and their opposition brief did not respond to, or even mention, plaintiffs' motion for partial summary judgment on that defense. Fair Labor Standards Act of 1938, S 1 et seq., 29 U.S.C.A. S 201 et seq. | Does a defendant bear the initial burden to prove the affirmative matter defeating the plaintiff's claim? | 036585.docx | LEGALEASE-00148780-LEGALEASE-00148781 |
| Smith v. SunTrust Bank, 554 B.R. 344 | 308+166(1) | In order to ratify an agreement, under North Carolina law, a party must have full knowledge of all material facts relative to the unauthorized transaction. | Can an agreement/transaction be ratified without full knowledge? | 041361.docx | LEGALEASE-00148520-LEGALEASE-00148521 |
| In re J.B.M., 157 S.W.3d 823 | 352H+190 | In a case where the charge is attempted sexual assault, intent may be inferred from the defendant's actions, words, and conduct. V.T.C.A., Penal Code SS 15.01(a), 22.011(a)(1). | How is an accuseds intent for sexual assault inferred? | Sex Offence - Memo 117 - RK_58168.docx | ROSS-003283099 |
| In re Manion, 2008 WL 4180294 | 92+1229 | The trial court did not abuse its discretion in ordering discovery of financial records in a contract and tort suit involving the care and breeding of horses. The record contained no indication that the documents were confidential or privileged, and the party seeking to avoid discovery failed to cite any authority in support of a constitutional privacy right in one's personal financial records. | Do financial records have a constitutional right to privacy? | Bills and Notes - Memo 759 - KC_58510.docx | ROSS-003282409-ROSS-003282410 |
| Harper v. State Farm Mut. Auto. Ins. Co., 484 So. 2d 737 | 8.30E+294 | A "check" is a negotiable instrument, defined in relevant part as a draft, other than a documentary draft, payable on demand and drawn on a bank, and inherent in its definition, a check is a promise to pay which can be taken by the bearer or indorsee and cashed or converted on demand into federal reserve notes equaling the value stated on the check. West's Ga.Code Ann. S 11-3-104(f). | Is check payable on demand? | 010651.docx | LEGALEASE-00149684-LEGALEASE-00149685 |
| Larrabee v. Bank of Am., N.A., 714 F. Supp. 2d 562 | 172H+1344 | Borrower who sued lender and Federal Home Loan Mortgage Corporation (Freddie Mac), seeking rescission of mortgage loan transaction, failed to allege that lender inaccurately disclosed number and due dates of mortgage payments, as required to state claim under Truth in Lending Act (TILA); borrower's erroneous construction of mortgage terms on disclosure form would have mandated 359 loan payments on single date. Truth in Lending Act, S 103(u), 15 U.S.C.A. S 1602(u); 12 C.F.R. S 226.18(g). | Is a creditor required to disclose the due dates or periods of payments scheduled under the federal law? | Consumer Credit - Memo 61 - KC_58078.docx | ROSS-003308128-ROSS-003308129 |
| Caraang v. PNC Mortg., 795 F. Supp. 2d 1098 | 172H+32 | Lenders generally do not owe their borrowers a duty of care sounding in negligence. | Does the lender owe borrower a duty of care sounding in negligence? | Creditors' Remedies - Memo 12 - RK_58634.docx | ROSS-003284405-ROSS-003284406 |
| Newcomb v. Peck, 17 Vt. 302 | 108H+8 | A plea of nil debet is not a good plea to an action of debt on a judgment of another state. | Is nil debet a good plea to an action founded on a judgment of another state? | 014057.docx | LEGALEASE-00149874-LEGALEASE-00149875 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cuka v. State, 80 S.D. 232 | 200+80 | Under option agreement specifically stating purpose of acquiring plaintiff's property was to secure necessary right of way for highway purposes only, easement was all that state could acquire regardless of form of instrument of conveyance. SDC 1960 Supp. 28.13A01-28.13A03. | Can state acquire easement regardless of the form of the instrument of conveyance? | Highways -Memo 258 - DB_58542.docx | ROSS-003292426-ROSS-003292427 |
| Almand v. Atlanta Consol. St. Ry. Co., 108 Ga. 417 | 268+647 | When a municipal corporation is created, it becomes vested with jurisdiction over the territory embraced within its corporate limits, and the mere fact that there has been a valuable improvement made by the county authorities on one of the streets of an incorporated city does not oust the municipality of its jurisdiction over such street notwithstanding the street improved was, before the incorporation of the city, a part of an established public road of the county. | Does the creation of a municipal corporation restrict power of the counties over roads? | 019280.docx | LEGALEASE-00149495-LEGALEASE-00149496 |
| Noel Canning v. N.L.R.B., 705 F.3d 490 | 92+606 | When interpreting a constitutional provision, court must look to the natural meaning of the text as it would have been understood at the time of the ratification of the constitution. | How should a statute or constitutional provision be interpreted? | 021709.docx | LEGALEASE-00149810-LEGALEASE-00149811 |
| Gayon v. McCarthy, 252 U.S. 171 | 221+212 | Cr.Code, S 10, as amended by Act May 7, 1917, 18 U.S.C.A. S 22, as to hiring or retaining another to go outside the United States with intent to enlist in the service of a foreign people, uses "retain" as an alternative to "hire," and as meaning something different from the usual employment with payment in money; and one may be retained, in the sense of engaged, to render a service by a verbal promise, and by a prospect for advancement or payment in the future. | Can retain be used as an alternative to hire? | Neutrality Laws - Memo 29- ANM_58556.docx | ROSS-003306964-ROSS-003306965 |
| Hamilton v. Williams, 298 S.W.3d 334 | 310+324 | An inmate's claim has no arguable basis in law, and may thus be dismissed as frivolous, if it relies upon an indisputably meritless legal theory. V.T.C.A., Civil Practice & Remedies Code S 14.003. | Does a claim have any arguable basis in law if it relies on an indisputably meritless legal theory? | 036362.docx | LEGALEASE-00149249-LEGALEASE-00149250 |
| Whipps v. Ryan, 2014 WL 6725850 | 307A+581 | Property owner failed to show good cause why his claims against various parties in consolidated actions involving several parcels of real property should not be dismissed for failure to prosecute, despite contention that owner was denied the opportunity to pursue his claims while other matters in the case were pending and that trial court had declared him a vexatious litigator; owner provided no examples of an instance in which he sought to pursue his claims, and despite his active involvement in the case owner never filed a motion to compel additional discovery or instituted proceedings for judgment as a matter of law. Rules Civ.Proc., Rule 41(B)(1). | Do proper factors for consideration in a dismissal with prejudice for failure to prosecute include the drawn-out history of the litigation? | Pretrial Procedure - Memo # 8022 - C - DHA.docx | LEGALEASE-00039364-LEGALEASE-00039365 |
| Bavand v. OneWest Bank, F.S.B., 176 Wash. App. 475 | 307A+622 | Motions to dismiss for failure to state a claim should be granted only sparingly and with care. CR 12(b)(6). | Should motions to dismiss for failure to state a claim be granted only sparingly and with care? | Pretrial Procedure - Memo # 8193 - C - KBM.docx | LEGALEASE-00039550-LEGALEASE-00039551 |
| Testa v. Roberts, 44 Ohio App. 3d 161 | 308+4 | Creation of power of attorney requires that principal be mentally competent at time power is executed. | Should the principal be mentally competent to execute a power of attorney? | 041395.docx | LEGALEASE-00149605-LEGALEASE-00149606 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Brown v. State of La., 383 U.S. 131 | 211+1666(5) | Defendant charged with first-degree sexual assault and child molestation was not entitled to mens rea instruction stating that the purpose of defendant's penile penetration of child victim was for his sexual arousal or gratification and did not result from innocent or inadvertent touching; contact by penile penetration precludes innocent or accidental touching, and defendant's acts occurred over the course of seven years. | Is mens rea instruction necessary for crimes involving penile penetration? | 042990.docx | LEGALEASE-00149796-LEGALEASE-00149797 |
| Bullock v. Texas Monthly, 731 S.W.2d 160 | 371+2288 | It is inherent in the exercise of the power to tax that a state be free to select the subjects of taxation and to grant exemptions. | Is the government free to select the subjects of taxation? | Taxation - Memo # 853 - C - JL_58481.docx | ROSS-003294150-ROSS-003294151 |
| Elston v. Dewes, 28 Ill. 436 | 83E+675 | Prior to the act of the general assembly of 1861, Laws 1861, p. 119, days of grace could not be claimed by the maker of a note. | Did days of grace exist as a right prior to the passing of the act of 1861 with regard to promissory notes? | 010004.docx | LEGALEASE-00150240-LEGALEASE-00150241 |
| Petit v. U.S. Dept. of Educ., 756 F.Supp.2d 11 | 141E+867 | Department of Education regulation excluding cochlear implant mapping as service covered under Individuals with Disabilities Education Act (IDEA) did not contravene IDEA, since mapping was not "related service" designed to meet disabled students' unique needs and prepare them for further education, employment, and independent living; regulation was necessary for agency's compliance with IDEA and did not substantively alter protections embodied in prior regulations, and agency properly determined that fitting of hearing devices did not include technical adjustments. Individuals with Disabilities Education Act, S 602(26), 20 U.S.C.A. S 1401(26); 34 C.F.R. S 300.34(b). | What is the IDEA designed to do? | 017032.docx | LEGALEASE-00150146-LEGALEASE-00150147 |
| Woldert v. Skelly Oil Co., 202 S.W.2d 706 | 156+25 | A stranger to a deed, on the theory of estoppel may not establish his title by recitals in such deed. | Can a stranger to a deed establish his title by recitals in such deed on the theory of estoppel? | 018004.docx | LEGALEASE-00150454-LEGALEASE-00150455 |
| Gorby v. McEndarfer, 135 Ind. App. 74 | 200+80 | Abutting owner owns to center of street or highway, subject only to easement of public to use of street or highway. | Do abutting owners own the center of street or highway? | Highways -Memo 264 - DB_58962.docx | ROSS-003326185 |
| JLG Trucking v. Garza, 466 S.W.3d 157 | 302+20 | Parties may plead conflicting claims and defenses in the alternative so long as they have a reasonable basis in fact and law. | Can alternative defenses be pleaded? | 023654.docx | LEGALEASE-00150462-LEGALEASE-00150463 |
| Lemlem v. Adams, 2004-0281 (La. App. 1 Cir. 2/11/05) | 307A+581 | Rule on abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions that clearly have been abandoned. LSA-C.C.P. art. 561. | Is the rule on abandonment meant to dismiss actions on mere technicalities or to dismiss actions that clearly have been abandoned? | Pretrial Procedure - Memo # 8071 - C - SKG_58748.docx | ROSS-003279232-ROSS-003279233 |
| Wake Cty. v. Hotels.com, 235 N.C. App. 633 | 307A+681 | Motion to dismiss for failure to state a claim is addressed solely to the sufficiency of the complaint. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | Is a motion to dismiss for failure to state a claim addressed solely to the sufficiency of the complaint? | 036788.docx | LEGALEASE-00150154-LEGALEASE-00150155 |
| Steinberger v. McVey ex rel. Cty. of Maricopa, 234 Ariz. 125 | 307A+622 | The plausibility or sufficiency of plaintiff's evidence is not at issue in determining the legal sufficiency of a complaint. | Is the plausibility or sufficiency of plaintiffs evidence not at issue in determining the legal sufficiency of a complaint? | 036874.docx | LEGALEASE-00150272-LEGALEASE-00150273 |
| McMillan v. Wells, 924 S.W.2d 33 | 307A+581 | Missouri law disfavors dismissal of causes for failure to prosecute; law favors trial on merits. | Does law disfavor dismissal of cases because of failure to prosecute? | 037078.docx | LEGALEASE-00150634-LEGALEASE-00150636 |
| G.H. Skala Const. Co. v. NPW, 704 N.E.2d 1044 | 307A+581 | It is a party's responsibility to keep informed of hearing dates through an attorney or his own initiative. | Is it a party's responsibility to be informed of hearing dates through an attorney or his own initiative? | Pretrial Procedure - Memo # 8525 - C - TJ_59204.docx | ROSS-003294442-ROSS-003294443 |
| Geren v. Gruber, 26 La. Ann. 694 | 371+2001 | Taxes are not "debts" in the ordinary sense of that word, but forced contributions for the support of the body politic. | Are taxes debts in the ordinary sense of the word? | 045964.docx | LEGALEASE-00150590-LEGALEASE-00150591 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Plum Creek Timber Co. v. Washington State Forest Practices Appeals Bd., 99 Wash. App. 579 | 149E+595(7) | Substantial evidence supported determination by Forest Practices Appeals Board (FPAB) that larger project of which proposed road project was a part would not have a probable, significant adverse impact upon recreation or aesthetics, so that rule adopted by Department of Ecology pursuant to Forest Practices Act did not make road project, which was a Class III forest practice otherwise exempt from review under State Environmental Practices Act (SEPA), subject to SEPA review. West's RCWA 34.05.570(3)(e), 76.09.040, 76.09.050(1); Wash. Admin. Code S 197-11-305. | Does the Forest Practices Act authorize the Forest Practices Board to adopt forest practice rules? | 047574.docx | LEGALEASE-00150556-LEGALEASE-00150557 |
| Jernigan v. Bank One, Texas, N.A., 803 S.W.2d 774 | 83E+813 | Negotiation of commercial paper takes place only when endorsement is made and until then there is no presumption that transferee is owner. V.T.C.A., Bus. & C. S 3.201(c). | Will Negotiation of Commercial paper takes place when an indorsement is made? | Bills and Notes - Memo 206- IS_59300.docx | ROSS-003283058-ROSS-003283059 |
| Livonia Prop. Holdings v. 12840-12976 Farmington Rd. Holdings, 717 F. Supp. 2d 724 | 83E+435 | Under Michigan law, allonge affixed to promissory note effectively negotiates instrument without regard to space remaining on original instrument. M.C.L.A. S 440.3204(1). | Can an allonge effectively negotiate an instrument? | Bills and Notes-Memo 1065 -IS_59336.docx | ROSS-003294473-ROSS-003294474 |
| Citizens' Tr. Co. v. Ward, 195 Mo. App. 223 | 83E+429 | The indorsement of a note, "Pay to any bank or banker," is an indorsement for collection, and does not transfer title. | "Is pay to any bank or banker an indorsement for collection and that such an indorsement, under the general rule did not transfer title?" | Bills and Notes-Memo 1126-IS_59405.docx | ROSS-003281225-ROSS-003281226 |
| In re Key W. Rest. & Lounge, 54 B.R. 978 | 217+1971 | Insurance policy, which does not contain unconditional promise to pay sum certain in money, is not negotiable instrument; therefore, transfer of policy is not covered by Article 3 of Uniform Commercial Code. U.C.C. S 3-101 et seq. | "Is an insurance policy, a negotiable instrument?" | 010816.docx | LEGALEASE-00150794-LEGALEASE-00150795 |
| Mruk v. Mortg. Elec. Registration Sys., 82 A.3d 527 | 83E+426 | Under Rhode Island's version of Uniform Commercial Code (UCC), endorsements need not be sealed or dated, and endorsements in blank made only by the signature of the endorser are valid. Gen.Laws 1956, S 6A-3-205. | Is validity of endorsement in blank recognized? | 010826.docx | LEGALEASE-00151359-LEGALEASE-00151360 |
| Suhr v. Felter, 589 So.2d 583 | 48A+12 | Broken down vehicle awaiting repair was legally parked on highway shoulder where vehicle did not obstruct flow of traffic, was not hazard to public safety, and was not in area designated as no parking area. LSA-R.S. 32:2, 32:143, 32:144, subd. B, 32:296, 48:342. | Is parking on the shoulder of a highway permitted? | Highways - Memo 52 - IS.docx | LEGALEASE-00040724-LEGALEASE-00040725 |
| Missouri Pac. R. Co. v. Izard Cty. Highway Imp. Dist. No. 1, 143 Ark. 261 | 200+122 | The assessment for local improvement is not a "tax" in the ordinary sense of that term as used within the Constitution and in statutes generally. | Is the assessment for local improvement a tax? | 019163.docx | LEGALEASE-00151016-LEGALEASE-00151017 |
| Martin Cty. v. Wachovia Bank & Tr. Co., 178 N.C. 26 | 200+121 | The construction and maintenance of roads and bridges is a matter of general public concern, of benefit to people of the entire state, and Legislature may cast expense thereof upon state at large, or on territory specially and immediately benefited, even though the work may not be a part of the total area attached. | Is the construction of roads a matter of general public concern? | Highways -Memo 368 - DB_59245.docx | ROSS-003280244 |
| De La Garza v. Ryals, 239 S.W.2d 854 | 302+38.5 | A petition is principally a recital of facts which give rise to a cause of action. | Is a petition a recital of facts which give rise to a cause of action? | Pleading - Memo 504 - RMM_59429.docx | ROSS-003279202-ROSS-003279203 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Golden Valley Elec. Ass'n v. Coll. Enterprises, 455 P.2d 215 | 302+20 | Litigant may plead in the alternative and advance inconsistent claims or defenses, but such right does not relieve litigant of his obligation of setting forth the alternative or inconsistent claims in his pleadings in order to give notice to the opposite side of what it must meet at trial. Rules of Civil Procedure, rule 8(e) (2). | Can a litigant plead in the alternative and advance inconsistent claims or defenses? | Pleading - Memo 505 - RMM_59430.docx | ROSS-003294463-ROSS-003294464 |
| Lyons v. Lindsey Morden Claims Mgmt., 985 S.W.2d 86 | 302+36(1) | An alternative statement in a pleading in conflict with other allegations in the same pleading does not constitute a judicial admission. Vernon's Ann.Texas Rules Civ.Proc., Rule 48. | Does an alternative statement in a pleading in conflict with other allegations in the same pleading constitute an admission? | Pleading - Memo 506 - RMM_59431.docx | ROSS-003294092-ROSS-003294093 |
| Price v. Holmes, 198 Kan. 100 | 302+20 | It is permissible for pleader to allege a cause of action in the alternative provided the alternatives are not repugnant. | "Can a pleader allege a cause of action in the alternative, provided that the alternatives are not repugnant?" | 023682.docx | LEGALEASE-00151238-LEGALEASE-00151239 |
| Carlson v. Hannah, 6 N.J. 202 | 308+92(1) | The power of an agent to bind his principal is limited to such acts as are within his actual or apparent authority. | Is the power of an agent to bind is his principal limited? | 041457.docx | LEGALEASE-00151256-LEGALEASE-00151257 |
| Int'l Bhd. of Elec. Workers, Local Union 824 v. Verizon Florida, 803 F.3d 1241 | 231H+1591 | It is true that an arbitrator is not free to reinterpret the parties' dispute and frame it in his own terms; nevertheless, where the parties refuse to stipulate to the issues at arbitration, the arbitrator is empowered to frame and decide all the issues in the grievance as he sees them. | Is an arbitrator free to reinterpret the parties' dispute and frame it in his own terms? | Alternative Dispute Resolution - Memo 808 - RK_59493.docx | ROSS-003278395-ROSS-003278396 |
| Faulkenberg v. CB Tax Franchise Sys., LP, 637 F.3d 801 | 25T+182(2) | A party does not waive its right to arbitrate a dispute by filing a motion to dismiss or a motion to transfer venue. Fed.Rules Civ.Proc.Rule 12(b)(3), 28 U.S.C.A. | Does a motion to transfer venue constitute a waiver of the right to arbitrate? | Alternative Dispute Resolution - Memo 833 - RK_59518.docx | ROSS-003294128-ROSS-003294129 |
| Nw. Adjustment Co. v. Payne, 173 Or. 229 | 8.30E+215 | When an accommodation maker is required to pay note, he may recover from party accommodated amount so paid. | When is the maker of an accommodation note able to recover from the party accommodated? | Bills and Notes - Memo 637 - RK_59540.docx | ROSS-003292266-ROSS-003292268 |
| Couret v. Conner, 118 Miss. 374 | 8.30E+12 | That notes in controversy between an assignor and an assignee were payable in Mississippi was immaterial to their rights where the assignment was governed by the law of Louisiana, as the contract of assignment was separate and distinct from that evidenced by the notes. | Does the law of the place where the note is payable govern its interpretation? | 009794.docx | LEGALEASE-00151615-LEGALEASE-00151616 |
| Jacobsen v. Bunker, 699 P.2d 1208 | 8.30E+10 | Legal effect of promissory notes is governed by the law of the jurisdiction where they are executed and delivered. | Which law governs the legal effect of a promissory note? | Bills and Notes - Memo 865 - RK_59546.docx | ROSS-003293535-ROSS-003293536 |
| Thorp, Smith & Hanchett v. Craig, 10 Iowa 461 | 83E+675 | The law of the place where a bill of exchange is payable governs as to the allowance of days of grace. | Which law governs the days of grace with respect to a bill of exchange? | 009798.docx | LEGALEASE-00151619-LEGALEASE-00151621 |
| Bologna Bros. v. Morrissey, 154 So. 2d 455 | 8.30E+12 | Obligation of endorser or accommodation party is governed by lex loci contractus. | Is the obligation of an accommodation party governed by lex loci contractus? | 009908.docx | LEGALEASE-00151602-LEGALEASE-00151603 |
| State ex rel. Little Prairie Special Rd. Dist. of Pemiscot Cty. v. Thompson, 315 Mo. 56 | 200+121 | Road district, being municipal corporation, can levy general taxes on property within its boundaries for purposes of district. | Are road districts municipal corporations? | 018761.docx | LEGALEASE-00151672-LEGALEASE-00151673 |
| United States v. Story, 34 F. Supp. 571 | 296+10 | Where a prior indorsement is forged on a pension check, which is "commercial paper", subsequent indorsers are liable to the government. | Are subsequent indorsers liable to the government when prior indorsement is forged on a pension check? | 022875.docx | LEGALEASE-00151552-LEGALEASE-00151553 |
| Int'l Turbine Serv. v. Lovitt, 881 S.W.2d 805 | 21+3 | Affidavit verified by counsel as "true and correct to the best of his knowledge" is insufficient as an affidavit unless authorized by statute. | Is an affidavit insufficient if not authorized by a statute? | Affidavits - Memo 37 - _1_npwEa4sLPOppNd3s Md5PIRIt6quSl_J.docx | ROSS-000000170-ROSS-000000171 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Athey v. Mortg. Elec. Registration Sys., 314 S.W.3d 161 | 21+3 | Form defects in an affidavit include the affiant's lack of personal knowledge. | Do form defects in an affidavit include the affiants lack of personal knowledge? | Affidavits - Memo 45 - _1CfW8QWcC3xYHdaiQr0vVTw21_32qR_1X.docx | ROSS-000000187-ROSS-000000188 |
| Mathews v. Diaz, 426 U.S. 67 | 24+116 | A legitimate distinction between citizens and aliens may justify attributes and benefits for one class not accorded to the other. | Is there a legitimate distinction between aliens and citizens? | "Aliens, Immigration and Citizenship - Memo 40 - RK_60127.docx" | ROSS-003281557-ROSS-003281558 |
| Sterling & Snapp v. Bender, 7 Ark. 201 | 83E+426 | A bill or note indorsed in blank is transferable by delivery only, and so long as the indorsement continues in blank, it makes the bill or note in effect payable to bearer. | What happens when an instrument or note is indorsed in blank? | 010038.docx | LEGALEASE-00152345-LEGALEASE-00152346 |
| Corinth, Shiloh & Savannah Tpk. Co. v. Gooch, 113 Miss. 50 | 8.30E+76 | A written order drawn by a company in favor of creditor for payment of money due company from another was a "bill of exchange" under the definition of Code 1906, S 4002. | What is a bill of exchange? | Bills and Notes -Memo 211 -DB_59650.docx | ROSS-003309696 |
| In re Rountree, 330 B.R. 166 | 51+3403(1) | Because the policy behind the Bankruptcy Code is to give the debtor a fresh start, the plaintiff has the burden of proving that a debt is nondischargeable. 11 U.S.C.A. S 523(a); Fed.Rules Bankr.Proc.Rule 4005, 11 U.S.C.A. | Who shares the burden of proof that the debt is excluded from discharge? | 010278.docx | LEGALEASE-00152321-LEGALEASE-00152322 |
| In re AppOnline.com, 321 B.R. 614 | 83E+335 | Under New York law, promise to pay in promissory note is not "unconditional," as required for note to be negotiable, if instrument states that it is subject to or governed by any other agreement. N.Y.McKinney's Uniform Commercial Code S 3-105(2)(a). | "Is it necessary for a promissory note to be unconditional, if the instrument states that it is subject to or governed by any other agreement?" | 010693.docx | LEGALEASE-00152576-LEGALEASE-00152577 |
| F.D.I.C. v. Skotzke, 881 F. Supp. 364 | 83E+335 | Mere fact that promissory note was collateralized by mortgage did not affect its status as negotiable instrument. | Does the mere fact that a note is collateralized by a mortgage affect its status as a negotiable instrument? | 010698.docx | LEGALEASE-00152590-LEGALEASE-00152591 |
| Kinzig v. First Fid. Bank, N.A., 277 N.J. Super. 255 | 172H+591 | Virgule, as used in payee portion of check, permitted payment to either of the two payees listed and required endorsement of only one payee. N.J.S.A. 12A:3-116; 13 Pa.C.S.A. S 3116 (1992). | Can payment be made by either payee if virgule is used? | 010756.docx | LEGALEASE-00152469-LEGALEASE-00152470 |
| NEBCO v. Adams, 270 Neb. 484 | 195+1 | A "guaranty" is a contract by which the guarantor promises to make payment if the principal debtor defaults. | When the principal debtor defaults can the guarantor make payment? | 010838.docx | LEGALEASE-00152443-LEGALEASE-00152444 |
| Valencia v. Anderson Bros. Ford, 617 F.2d 1278 | 172H+1322 | Truth in Lending Act is to be liberally construed to achieve goal of meaningful disclosure of terms and conditions of credit before consummation of consumer credit transaction. Truth in Lending Act, SS 102, 128(a)(10), 15 U.S.C.A. SS 1601, 1638(a)(10). | Is TILA only a disclosure statute that does not substantively regulate consumer credit? | 014038.docx | LEGALEASE-00152623-LEGALEASE-00152624 |
| Twp. of Jefferson v. Dir., Div. of Taxation, Dep't of Treasury, 26 N.J. Tax 1 | 371+2632 | For purposes of determining the validity of the average ratios of assessed value to true value of real property contained in table of equalized valuations promulgated by Director of Taxation for the apportionment of school aid, equalized true value is not required to be actually or accurately representative of true market value, but rather the equalization table is a practical approximation. N.J.S.A. 54:1-35.1 et seq. | Does equalized true value actually or accurately represent true market value? | Exchange Of Property - Memo 34 - KK_60083.docx | ROSS-003298727-ROSS-003298728 |
| Jones v. Gould, 741 F.2d 220 | 200+79.1 | Once one claiming establishment of a road by adverse possession establishes title by adverse possession landowner has the burden of showing abandonment. | Who has the burden of showing abandonment when title by adverse possession is established? | 018687.docx | LEGALEASE-00152501-LEGALEASE-00152502 |
| Weeder v. Cent. Cmty. Coll., 269 Neb. 114 | 307A+561.1 | An affirmative defense may be asserted in a 12(b)(6) motion filed pursuant to the Nebraska Rules of Pleading in Civil Actions when the defense appears on the face of the complaint. | Will an affirmative defense be asserted in a motion when the defense appears on the face of the complaint? | Pretrial Procedure - Memo # 8857 - C - MS_59854.docx | ROSS-003283113-ROSS-003283114 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Tedesco, 175 Conn. 279 | 308+92(1) | A principal may delegate to agent all that he himself can do except acts peculiarly personal or acts regulated by statute which are required to be performed personally. | "Can a principal delegate all acts, that he can do himself?" | 041500.docx | LEGALEASE-00152269-LEGALEASE-00152270 |
| Whitford v. Gaskill, 119 N.C. App. 790 | 308+100(0.5) | Power of attorney must expressly confer authority to give gift of real property. | Should authority be expressly conferred in a Power of Attorney? | Principal and Agent - Memo 64-KC_60271.docx | ROSS-003283311 |
| Daskam v. Ullman, 74 Wis. 474 | 38+97 | By the assignment of a contract in writing at its face value, the assignor impliedly warrants that the maker is liable, unless the contrary clearly appears. | Does the assigner of an instrument impliedly warrant validity? | Bills and Notes - Memo 843 - RK.docx | LEGALEASE-00042550-LEGALEASE-00042551 |
| Mariner's Bank v. Abbott, 28 Me. 280 | 157+423(8) | Though, if a promise in a note is jointly and severally to pay, it cannot be shown to be otherwise, when the creditor extends the time of payment to one of several debtors the others may prove by parol that they are sureties merely, and that the extension was injurious to them. | Is parol proof admissible to show that a part is a surety? | 009828.docx | LEGALEASE-00153549-LEGALEASE-00153550 |
| Perrone v. Gen. Motors Acceptance Corp., 232 F.3d 433 | 172H+1537 | Detrimental reliance is element of claim for actual damages under either the Truth in Lending Act (TILA) or Consumer Leasing Act (CLA). Truth in Lending Act, SS 130(a)(1), 185, 15 U.S.C.A. SS 1640(a)(1), 1667d. | Is detrimental reliance an element of Truth in Lending Act (TILA) claims for actual damages? | 009833.docx | LEGALEASE-00153555-LEGALEASE-00153556 |
| Pope & Ballance v. Righter Parry Lumber Co., 162 N.C. 206 | 83E+334 | Under Revisal 1905, S 2151, providing that a negotiable instrument must contain an unconditional promise to pay a sum certain in money, a note which recited that it was subject to the provisions of a deed is conditional and not negotiable; sections 2153, 2154, defining an unconditional promise and specifying what facts do not affect negotiability, not curing the defect. | What are the requirements of a negotiable instrument? | Bills and Notes - Memo 918 - RK_60714.docx | ROSS-003296132-ROSS-003296133 |
| Byrd Printing Co. v. Whitaker Paper Co., 135 Ga. 865 | 83E+768 | A bank check is a contract in writing, by the execution and delivery of which the drawer contracts with the payee that the bank will, on presentation, pay to him or his order the amount designated, and is not a mere request upon a third person to pay, and in a suit by the payee thereon it is not necessary to allege the consideration for which the check was given or set forth any further showing than that plaintiff was named as payee, and that the check had been presented for payment, and payment refused. | Is a check a contract? | 009914.docx | LEGALEASE-00153668-LEGALEASE-00153669 |
| Taylor v. Domestic Remodeling, 97 F.3d 96 | 172H+1581 | By commencing district court action to exercise their rescissory rights under the TILA prior to expiration of extended three-year period for rescinding home improvement contract, consumers gave required statutory notice of rescission, though consumers did not mail copy of their summons and complaint to defendant until some time later; filing of complaint itself constituted statutory notice of rescission under the TILA. Truth in Lending Act, S 125(f), 15 U.S.C.A. S 1635(f); 12 C.F.R. S 226.23(a)(3). | Does filing of a complaint constitute statutory notice of rescission? | 013675.docx | LEGALEASE-00152969-LEGALEASE-00152970 |
| Caldwell v. Bd. of Trustees Broward Cmty. Coll., 858 So. 2d 1199 | 141E+990 | Public community colleges are not part of the executive branch of state government. West's F.S.A. S 1004.67. | Are community colleges parts of the executive branch of state government? | 017051.docx | LEGALEASE-00152788-LEGALEASE-00152789 |
| Ray v. Wilmington Coll., 106 Ohio App. 3d 707 | 141E+990 | Private schools have broad discretion in making rules and setting up procedures to enforce those rules. | Does a private school have broad discretion in making rules? | 017062.docx | LEGALEASE-00152834-LEGALEASE-00152835 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Martin-Trigona v. Univ. of New Hampshire, 685 F. Supp. 23 | 141E+990 | Traditionally, universities possess broad discretion in administration of their internal affairs. | Do universities possess broad discretion in administration of internal affairs? | 017070.docx | LEGALEASE-00152868-LEGALEASE-00152869 |
| Cleveland, C., C. & I. Ry. Co. v. Wynant, 114 Ind. 525 | 200+181 | The mere fact that an object is in a highway in violation of the statute does not necessarily make the owner liable for damages resulting from fright which the object may have occasioned to horses, but there must have been some natural causative connection between the violation of the statute and the frightening of the horses. | "Is there a natural and causative connection between the violation of a statute, and the frightening of a horse?" | Highways -Memo 352-SB_60746.docx | ROSS-003323607-ROSS-003323609 |
| Hawkeye Foodservice Distribution v. Iowa Educators Corp., 812 N.W.2d 600 | 307A+681 | The only issue when considering a motion to dismiss is the petitioner's right of access to the district court, not the merits of his allegations. | What is the only issue when considering a motion to dismiss? | Pretrial Procedure - Memo # 9121 - C - PC_60465.docx | ROSS-003294047-ROSS-003294048 |
| Randles v. Moore, 780 So. 2d 158 | 307A+561.1 | An affirmative defense may be a basis for a motion to dismiss only if it appears within the four corners of the complaint. | Can an affirmative defense be a basis for a motion to dismiss only if it appears within the four corners of the complaint? | 038405.docx | LEGALEASE-00152949-LEGALEASE-00152950 |
| Hyosung Am. v. Sumagh Textile Co., 934 F. Supp. 570 | 308+8 | Under New York law, elements of agency relationship are manifestation by principal that agent shall act for him, acceptance of undertaking by agent, and understanding between parties that principal is to be in control of undertaking; of these, critical element is control of agent by principal. | What are the elements of agency? | Principal Agent- Memo 27 - AM_60514.docx | ROSS-003292919-ROSS-003292920 |
| Advanced Neurological Care, P.C. v. State Farm Mut. Auto. Ins. Co., 38 Misc. 3d 750 | 308+47 | Every contract of agency carries with it an implied obligation on the part of the principal to do nothing that would thwart the effectiveness of the agency. | Does the principal have any implied duty in an agency? | Principal Agent- Memo 31-AM_60516.docx | ROSS-003281319-ROSS-003281320 |
| Polley v. Plainsur Corp., 7 Misc. 2d 605 | 308+47 | Every contract of agency carries with it an implied obligation on the part of the principal to do nothing that would thwart the effectiveness of the agency. | Does the principal have any implied duty in an agency? | 041301.docx | LEGALEASE-00153125-LEGALEASE-00153126 |
| Swindell v. Latham, 145 N.C. 144 | 308+92(1) | An agent can only contract for his principal within the limits of his authority, and one dealing with an agent with limited powers must generally inquire as to the extent of his authority. | Can an agent contract for his principal? | Principal and Agent - Memo 234 - KC_60527.docx | ROSS-003293164-ROSS-003293166 |
| Emmons v. Dowe, 2 Wis. 322 | 308+92(1) | An estoppel in pais or by the conduct of a party, may be created as effectually by the acts or conduct of the agent as of the principal; but such acts of the agent, to conclude his principal, must be within the scope of his authority. | Is Estoppel in pais created by the act of an agent? | 041550.docx | LEGALEASE-00153489-LEGALEASE-00153490 |
| Messenger Courier Ass'n of Americas v. California Unemployment Ins. Appeals Bd., 175 Cal. App. 4th 1074 | 308+92(1) | Relationships of agency usually contemplate three parties-the agent, the principal, and third parties with whom the agent interacts in some manner. | How many parties does the relationship of agency contemplate? | Principal and Agent - Memo 294 - KC_60587.docx | ROSS-003282469-ROSS-003282470 |
| In re Lason, 314 B.R. 296 | 308+92(1) | Under Georgia law, person acting as agent has ability to create obligations for the principal to third parties. | Can an agent create obligations for the principal to third parties? | Principal and Agent - Memo 299 - KC_60662.docx | ROSS-003282806-ROSS-003282807 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| German v. Com., 410 Mass. 445 | 371+2001 | "Tax" is revenue-raising exaction imposed through generally applicable rates to defray public expense; nature of monetary exaction will be decided by studying its operation rather than how it has been characterized by legislature. | Is tax imposed through generally applicable rates? | 045998.docx | LEGALEASE-00153269-LEGALEASE-00153270 |
| Pray v. N. Liberties, 31 Pa. 69 | 371+2001 | A tax is generally understood to mean the imposition of a duty or impost for the support of the government. In that sense it is understood all the world over as contradistinguished from a mere municipal or corporate charge for improvement of property within the corporation or municipal bounds. | Is tax an imposition of a duty or impost for the support of government? | 046045.docx | LEGALEASE-00153390-LEGALEASE-00153391 |
| Wyeth v. Levine, 555 U.S. 555 | 360+18.65 | Drug user's state law failure-to-warn claims against manufacturer of antihistamine that was used to treat nausea, for failing to adequately warn of dangers of administering drug intravenously using an IV-push, rather than IV-drip, methodology, were not preempted by federal law on theory that requiring manufacturer to comply with state law duty to provide stronger warning about IV-push administration, after the Food and Drug Administration (FDA) had previously approved warning label placed on drug, would obstruct purposes and objectives of federal drug labeling regulation; if Congress thought state-law suits posed an obstacle to its objectives, it surely would have enacted express pre-emption provision at some point during the 70-year history of the Federal Food, Drug, and Cosmetic Act (FDCA). U.S.C.A. Const. Art. 6, cl. 2; Federal Food, Drug, and Cosmetic Act, S 1 et seq., 21 U.S.C.A. S 301 et seq. | Does any act prohibit against the manufacture or shipment in interstate commerce of any adulterated or misbranded food or drug? | Adulteration - Memo 8_1rbGMvlSJxTWUJrHeEMoeejQvlgips-kj.docx | ROSS-000000114-ROSS-000000115 |
| Kern v. Treeline Golf Club, 433 S.W.2d 215 | 21+9 | Even though affidavit may be made by attorney for party it is necessary that affidavit set out authority by which it is made. Rules of Civil Procedure, rule 14. | Is it necessary that the affidavit set out the authority by which such affidavit is made? | Affidavits - Memo 74 -_1b6UqRZJshUJZ7zqfB5grcjHTcdS7VIgq.docx | ROSS-000000243-ROSS-000000245 |
| Riggs v. Price, 3 Greene 334 | 83E+361 | A note for a certain sum in property is not negotiable at common law; but such a note is assignable under the statute of Iowa; and when payable to bearer may be sued in the name of any holder. | Can a note payable to bearer be sued in the name of the holder? | Bills and Notes - Memo 945 - RK_60805.docx | ROSS-003278642 |
| Packer v. Roberts, 140 Ill. 9 | 83E+481 | Note cannot be assigned by separate instrument, and where payee has by deed of assignment, duly assigned all his property, legal title to note is not thereby transferred to assignee so as to preclude payee from suing thereon in his own name for use of assignee. | Can title to a promissory note be transferred by a separate instrument in writing? | 009949.docx | LEGALEASE-00154002-LEGALEASE-00154003 |
| Frank Maddox Realty &Mortg. v. First Nat. Bank of Atlanta, 196 Ga. App. 114 | 83E+481 | Because there was a merger of the holder's predecessor in interest into the holder, no written assignment of promissory note was required to be produced in order for holder to recover on the note. | Is a written assignment required to be produced to show the merger of the appellee's predecessorin interest? | 009957.docx | LEGALEASE-00153780-LEGALEASE-00153781 |
| Telles v. Dewind, 140 A.D.3d 1701 | 129+107 | Conduct does not have to take place in public in order for a person to be found guilty of disorderly conduct, so long as the person recklessly creates a risk of a public disturbance. McKinney's Penal Law S 240.20(1). | Is a person guilty of disorderly conduct if he causes annoyance? | Disorderly Conduct-Memo 108-IS_61205.docx | ROSS-003281215-ROSS-003281216 |
| Alabama Great S. R. Co. v. Gilbert, 6 Ala. App. 372 | 302+26 | In a pleading, as a general rule, words are to be taken in their ordinary and popular sense, unless it plainly appears that they were used in a different sense. | Are common or popular words construed in their popular sense? | Pleading - Memo 535-RMM_61223.docx | ROSS-003281747-ROSS-003281748 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Korn v. Ray, 434 S.W.2d 798 | 302+72 | Prayer for relief is not part of pleading, and omission thereof does not oust court of jurisdiction of subject matter. | Is the prayer for relief a part of the pleading? | 023747.docx | LEGALEASE-00154577-LEGALEASE-00154578 |
| Rucker v. Taylor, 828 N.W.2d 595 | 307A+560 | Good cause for failure to timely accomplish service of process requires an examination of all of the surrounding facts to determine if they reveal understandable mitigating circumstances, for purposes of a motion to dismiss. I.C.A. Rule 1.302(5). | "When the grounds for the motion to dismiss are based on an alleged failure to provide timely service within the required time frame, is a court permitted to consider facts outside the pleadings?" | Pretrial Procedure - Memo # 9367 - C - TJ_61055.docx | ROSS-003305904-ROSS-003305905 |
| Dubois v. Corroon & Black Corp., 12 Cal. App. 4th 1689 | 307A+581 | Although public policy regards with favor trial on merits, that policy is not absolute; counterveiling, though subordinate, principle to foreclose on reasonable delay and compel diligent prosecution of litigation, in a proper case, will take precedence. West's Ann.Cal.C.C.P. S 583.420. | Is public policy regards with favor trial on merits absolute? | Pretrial Procedure - Memo # 9443 - C - NS_60938.docx | ROSS-003298126-ROSS-003298127 |
| Szilagyi v. Testa, 99 Nev. 83 | 307A+563 | Court may dismiss a complaint for failure to prosecute or for violation of a court order. | Can court dismiss a complaint for failure to prosecute or for violation of a court order? | Pretrial Procedure - Memo # 9478 - C - TJ_61089.docx | ROSS-003293338-ROSS-003293339 |
| United States v. Malik, 16 F.3d 45 | 306+33 | Absence of explicitly threatening language does not preclude finding of "threat," for purposes of federal statute making it offense to mail threatening communications. 18 U.S.C.A. S 876. | Does the absence of explicitly threatening language preclude the finding of a threat? | Threats - Memo #64 - C - LB_61265.docx | ROSS-003280616-ROSS-003280617 |
| Native Ecosystems Council v. Weldon, 697 F.3d 1043 | 411+8 | Forest plans are designed to manage forest resources by balancing the consideration of environmental and economic factors. National Forest Management Act of 1976, SS 6, 12(a), 16 U.S.C.A. S 1604. | How are forest plans designed to manage forest resource? | Woods and Forests - Memo 82 - RK_61328.docx | ROSS-003323668-ROSS-003323669 |
| Harper v. State Farm Mut. Auto. Ins. Co., 484 So. 2d 737 | 8.30E+294 | A "check" is a negotiable instrument, defined in relevant part as a draft, other than a documentary draft, payable on demand and drawn on a bank, and inherent in its definition, a check is a promise to pay which can be taken by the bearer or indorsee and cashed or converted on demand into federal reserve notes equaling the value stated on the check. West's Ga.Code Ann. S 11-3-104(f). | Is check a type of negotiable instrument? | Bills and Notes - Memo 20 - KC_61943.docx | ROSS-003279989-ROSS-003279990 |
| Wrenn v. Lawrence Cotton Mills, 198 N.C. 89 | 157+423(6) | Persons writing names on backs of notes are secondarily liable as indorsers, in absence of words clearly indicating different intent, and parol evidence of indorsement thereof as comakers, guarantors, or sureties is inadmissible (C.S. SS 3044, 3045). | Can a person be deemed to be an indorser unless he clearly indicates by appropriate words? | Bills and Notes-Memo 1214-PR.docx | LEGALEASE-00044606-LEGALEASE-00044607 |
| Rudisell v. Fifth Third Bank, 622 F.2d 243 | 172H+1561 | Rescission under provision of Truth in Lending Act is an equitable remedy and court may condition return of monies to debtor upon return of property to creditor. Truth in Lending Act, S 125 as amended 15 U.S.C.A. S 1635. | Is rescission an equitable remedy? | 013746.docx | LEGALEASE-00155629-LEGALEASE-00155630 |
| In re Gunn, 387 B.R. 856 | 172H+1241 | Under Alabama law, loan transaction in which terms of pawn ticket executed by pledgor and pawnshop provided that pledgor would receive $500.00 loan due in 30 days at a specified interest rate in exchange for granting pawnshop a security interest in her automobile, and further provided for redemption of the pledged automobile for a fixed price after a fixed period of time, was a "pawn transaction." Ala.Code 1975, S 5-19A-2(3). | What is a pawn transaction? | Consumer Credit - Memo 4 - AM_61528.docx | ROSS-003305937-ROSS-003305938 |
| Wright v. State of Ga., 373 U.S. 284 | 282+160 | One cannot be punished for failing to obey command of police officer if that command is itself violative of Constitution. | Can a person be punished for failing to obey the command of an officer if the command violates the Constitution? | 014377.docx | LEGALEASE-00155496-LEGALEASE-00155497 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Martin v. Powers, 505 S.W.3d 512 | 217+1001 | The basic concept of insurance involves an insurer who, in exchange for a premium, assumes certain risks that otherwise would be the obligation of the insured. | What is the basic concept or principle of insurance? | 019562.docx | LEGALEASE-00154966-LEGALEASE-00154967 |
| Dep't of Soc. Servs. v. Romero, 609 P.2d 1323 | 307A+602 | Whether delay is ground for the dismissal of an action is to be determined on totality of circumstances; this includes the conduct of both parties and the opportunity each has had to move the case forward if they so desire, and also what, if any, difficulty or prejudice may have been caused to the other party by the delay, and most important, whether it appears that any injustice has resulted. | Should delay as a ground for the dismissal of an action be determined on totality of circumstances? | Pretrial Procedure - Memo # 9688 - C - SK_61589.docx | ROSS-003282584-ROSS-003282585 |
| O'Donnell v. Union Paving Co., 121 Pa. Super. 68 | 101+2314 | Corporation intrusting manager with general supervision of particular branch of its business invests him with power of general agent coextensive with business intrusted to his care, and is bound by his contracts on its behalf made within apparent scope of authority. | "If the principal holds the agent out to the world as a general agent, would any contract made within the scope of the business bind the principal?" | 041618.docx | LEGALEASE-00155665-LEGALEASE-00155666 |
| Dewey Fish Co. v. Dep't of Labor & Indus. of State of Washington, 181 Wash. 95 | 413+101 | Workmen's Compensation Law applies to all within limits of territorial jurisdiction of state, except those clearly excluded by law. Rem.Rev.Stat. S 7673 et seq. | Does the Act apply within the territorial jurisdiction of the state? | 048634.docx | LEGALEASE-00155526-LEGALEASE-00155527 |
| Scott v. City of Seymour, 659 N.E.2d 585 | 21+9 | When affiant makes conclusion of fact, it must appear that affiant had opportunity to observe and did observe matters about which he or she testifies. | Is it necessary that the affiant had an opportunity to observe the matters about which he or she testifies? | Affidavits - Memo 70 - _1m7axEnxE43aYclRCcGqWgIdCKa-cGgfN.docx | ROSS-000000235-ROSS-000000236 |
| Sealey v. Johanson, 175 F. Supp. 3d 681 | 156+52(1) | Equitable estoppel in Mississippi is an extraordinary remedy and should only be invoked to prevent unconscionable results. | Should equitable estoppel only be invoked to prevent unconscionable results? | 017747.docx | LEGALEASE-00155861-LEGALEASE-00155862 |
| Major League Baseball v. Morsani, 790 So. 2d 1071 | 156+52(1) | Prime purpose of doctrine of equitable estoppel is to prevent a party from profiting from his or her wrongdoing. | Is equitable estoppel meant to prevent a party from profiting from his or her wrongdoing? | Estoppel - Memo #121 - C - CSS_62023.docx | ROSS-003294059-ROSS-003294060 |
| Highland Paving Co. v. First Bank, 227 N.C. App. 36 | 302+34(2) | Where both general and specific allegations are made respecting same matter, latter control. | "Where both general and specific allegations are made respecting the same matter, which controls?" | 023789.docx | LEGALEASE-00156082-LEGALEASE-00156083 |
| Gerbino v. Isle of Paradise B, 149 So. 3d 69 | 118A+328 | Trial court could not dismiss with prejudice, for failure to timely file fourth amended complaint, condominium unit owner's declaratory judgment action seeking to determine whether private docks were built on common property of the condominium association, without considering the Kozel factors for determining if the ultimate sanction of dismissal should be imposed for an attorney's neglect; trial court gave no reason for the dismissal other than failure to timely amend the complaint which, alone, was insufficient to warrant dismissal with prejudice, and without trial court's analysis of the Kozel factors, District Court of Appeal could not review trial court's discretionary decision. | "Once a court has dismissed a complaint with leave to amend, it cannot subsequently dismiss with prejudice for failure to timely amend unless what?" | 024648.docx | LEGALEASE-00155900-LEGALEASE-00155901 |
| Patel v. Home Depot USA, 2012 IL App (1st) 103217 | 302+308 | If a claim is based on a written document, the document itself must be attached to the pleading as an exhibit; the exhibit is part of the pleading for purposes of a motion to dismiss. S.H.A. 735 ILCS 5/2-615. | "If a claim is based on a written document, should the document itself be attached to the pleading as an exhibit?" | Pretrial Procedure - Memo # 10376 - C - AC_62101.docx | ROSS-003280541 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Country Meadows Convalescent Ctr. v. Utah Dep't of Health, Div. of Health Care Fin., 851 P.2d 1212 | 198H+511 | Nursing home operator's petition for review of decision by Utah Department of Health (UDOH) denying Medicaid reimbursement for entire costs plus 10% contractor's fee, on ground that contractor that built facility was related entity, was subject to dismissal for failure to prosecute as result of operator's failure to act on case for over five years, despite UDOH's own failure to move review proceedings forward and prejudice that dismissal was cause to operator's other pending reimbursement claims. Rules Civ.Proc., Rule 41(b); U.C.A.1953, 26-23-2. | "Should court consider what each party has done to move the case forward, when determining whether to dismiss an action for failure to prosecute?" | 025371.docx | LEGALEASE-00156405-LEGALEASE-00156406 |
| People v. DeRouen, 38 Cal. App. 4th 86 | 67+6 | Defendant could be convicted of burglary in the first degree based on his theft of property from vacation homes, notwithstanding his claim that homes were not "inhabited dwellings" within meaning of burglary statutes because no one lived at homes at time of commission of offense and there was no evidence that any of the victims intended to return to homes for more than overnight visit in the future; occupant of a vacation home reasonably expects same protection from unauthorized intrusions as occupant of any other residence. West's Ann.Cal.Penal Code SS 459, 460. | Are vacation homes considered dwellings under burglary statutes? | 013024.docx | LEGALEASE-00156409-LEGALEASE-00156410 |
| Jean Pierre v. State, 635 S.W.2d 548 | 67+7 | Concept of "ownership," for purposes of proving a burglary, is different than commonly-understood concepts of ownership under general property law: ownership means any possession which is rightful as against the burglar and is satisfied by proof of special or temporary ownership, possession, or control. | Is ownership in burglary different from ownership in property law? | Burglary - Memo 273 - RK_62276.docx | ROSS-003281518-ROSS-003281519 |
| U.S. v. Thompson, 118 F. Supp. 2d 723 | 258A+724 | Entry through unobstructed open window or door will not constitute "breaking" that will support charge of burglary. MCM 1984, Pt. IV, P 55, subd. c. | Does entry through an open window constitute burglary? | 013092.docx | LEGALEASE-00156575-LEGALEASE-00156576 |
| State v. Miles, 160 A.3d 23 | 110+44 | Intent to commit a crime, an overt act towards its commission, failure of consummation, and apparent possibility of commission of crime are requisite elements of an attempted crime. Section 556.150 RSMo 1969, V.A.M.S. | Is entry necessary for attempted burglary? | 013108.docx | LEGALEASE-00156559-LEGALEASE-00156560 |
| McEver v. State, 352 So. 2d 1213 | 67+9(0.5) | Though nonconsent is not a separate element of crime of breaking and entering with a felonious intent, it must be proven as part of element of breaking. | Is nonconsent an element of breaking? | Burglary - Memo 299 - RK_62301.docx | ROSS-003308165 |
| Cartey v. State, 337 So. 2d 835 | 67+9(1) | Breaking of an inner door or structure within open building constituted a "breaking" for purposes of burglary statute. West's F.S.A. S 810.05. | Does breaking of an interior door constitute burglary? | 013127.docx | LEGALEASE-00156524-LEGALEASE-00156525 |
| State v. Goble, 5 Ohio App. 3d 197 | 37+144 | Under felonious assault statute, any injury, regardless of its gravity or duration, may constitute physical harm. R.C. S 2901.01(C). | "What type of injury constitutes ""physical harm"" under the menacing statute?" | 046675.docx | LEGALEASE-00156492-LEGALEASE-00156493 |
| All. for Wild Rockies v. Kruger, 950 F. Supp. 2d 1172 | 411+8 | Forest plan amendments are permitted by National Forest Management Act (NFMA) and can modify the plan in any way if the Forest Supervisor determines the changes will be insignificant to the plan's overall objectives. National Forest Management Act of 1976, SS 6, 12(a), 16 U.S.C.A. S 1604(f)(4); 36 C.F.R. S 219.10(f) (2000). | Can Forest Plans be amended? | Woods and Forests - Memo 6 - KC_62522.docx | ROSS-003293608-ROSS-003293609 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| E.L. Husting Co. v. Coca-Cola Co., 194 Wis. 311 | 106+8 | Until contrary appears, state statute is presumed to be for regulation and control of persons and property within such state. | Is a legislation presumed to only regulate the inhabitants or persons within that state or country? | Aliens Immigration and_1AReyZ3Z0Kyc1egm VHyWfoYSswUIFRIXn.doc x | ROSS-000000274-ROSS-000000275 |
| LVNV Funding v. Mavaega, 527 S.W.3d 128 | 38+90 | An assignee steps into the shoes of its assignor; it acquires no greater rights than those held by the assignor at the time of the assignment. | Can an assignee acquire greater rights than which the assignor has? | Bills and Notes - Memo 1219 - JK.docx | LEGALEASE-00046462-LEGALEASE-00046463 |
| Thrall v. Newell, 19 Vt. 202 | 95+82 | The defendant executed to the plaintiff a written assignment in these words: "I hereby assign to R., a note in my favor against W. and H. dated 13th Nov., 1838, for one hundred and fifty dollars, payable in one year from date, with use, for value received." Held, that the words "for value received" were not merely descriptive of the note assigned, but that, prima facie at least, they imported a sufficient legal consideration for the assignment. | "Do the words ""value received"" furnish evidence of consideration for an assignment?" | Bills and Notes - Memo 1255 - RK_62544.docx | ROSS-003307537-ROSS-003307538 |
| Stiles v. Farrar, 18 Vt. 444 | 83E+484 | The interest of the payee in a note not negotiable may be assigned; and if assigned, and notice thereof is given to the maker, and an action is commenced upon the note in the name of the payee for the benefit of the assignee, the equitable interest of the assignee will be protected at law. This is not now an open question. | Can a note which is not negotiable be assignable? | Bills and Notes - Memo 1256 - RK.docx | LEGALEASE-00046494-LEGALEASE-00046495 |
| Bodnar v. Matheron, 154 N.Y.S.2d 596 | 83E+426 | Checks drawn to named payee and endorsed by him in blank are payable to bearer. Negotiable Instruments Law, S 64. | "Whether checks drawn to a payee and endorsed by him in blank, payable to bearer?" | Bills and Notes-Memo 1276-ANM_63202.docx | ROSS-003323620 |
| Bank of U.S. v. Tyler, 29 U.S. 366 | 8.30E+10 | Where a note was made and signed and payable in Kentucky, the obligations and rights of the parties must depend on the laws of that state. | Which law governs the obligations and rights of the parties to a note? | 010928.docx | LEGALEASE-00157938-LEGALEASE-00157939 |
| Fredenburg v. Lyon Lake M.E. Church, 37 Mich. 476 | 156+52(1) | Estoppels never arise from ambiguous facts, but must be established by such as are unequivocal and not susceptible of two constructions. | Does estoppel arise from ambiguous facts? | Estoppel - Memo #164 - C - CSS_62568.docx | ROSS-003293555-ROSS-003293556 |
| Marrero v. McDonnell Douglas Capital Corp., 200 Mich. App. 438 | 156+52(5) | Doctrine of estoppel should be applied only where facts are unquestionable and wrong to be prevented undoubted. | Should estoppel be applied only where the facts are unquestionable and the wrong to be prevented undoubted? | Estoppel - Memo #190 - C - CSS_63214.docx | ROSS-003293521-ROSS-003293522 |
| Adams v. First Nat. Bank of Bells/Savoy, 154 S.W.3d 859 | 322H+84 | A conveyance of an interest in real property must be in writing, signed by the grantor, and delivered to the grantee. V.T.C.A., Property Code S 5.021. | Should conveyance of an interest in real property be in writing? | 018305.docx | LEGALEASE-00156923-LEGALEASE-00156924 |
| Minnesota Humane Soc. v. Minnesota Federated Humane Societies, 611 N.W.2d 587 | 307A+690 | Because a dismissal with prejudice is the most punitive sanction that can be imposed for failure to prosecute, it should be granted only under exceptional circumstances. | Should a dismissal with prejudice be granted only under exceptional circumstances? | 025121.docx | LEGALEASE-00156941-LEGALEASE-00156942 |
| Risse v. APV Anderson Bros., 714 S.W.2d 922 | 307A+693.1 | Dismissal for improper venue does not preclude party from filing action in proper forum. V.A.M.R. 67.03. | Does dismissal for improper venue not preclude a party from filing action in a proper forum? | 025222.docx | LEGALEASE-00157311-LEGALEASE-00157312 |
| Ballen v. Aero Mayflower Transit Co., 144 A.D.2d 407 | 307A+693.1 | Counterclaims against plaintiff may be adjudicated after plaintiff's action against defendant is dismissed on merits. | Can counterclaims against a plaintiff be adjudicated after a plaintiff's action against a defendant is dismissed on merits? | Pretrial Procedure - Memo # 11011 - C - TM_64130.docx | ROSS-003306864-ROSS-003306865 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| St. Clair Intermediate Sch. Dist.t v. Intermediate Educ. Ass'n/Michigan Educ. Ass'n, 458 Mich. 540 | 308+1 | Fundamental to the existence of an agency relationship is the right to control the conduct of the agent with respect to the matters entrusted to him. Restatement (Second) of Agency S 14. | What is fundamental to the existence of an agency relationship? | Principal and Agent - Memo 415 - RK_63535.docx | ROSS-003307436-ROSS-003307437 |
| Hickman v. Barclay's Int'l Realty, 5 So. 3d 804 | 308+1 | It is the right of control, not actual control or descriptive labels employed by the parties, that determines an agency relationship. | Does the right of control determine an agency relationship? | 041836.docx | LEGALEASE-00157956-LEGALEASE-00157957 |
| Rubin v. Islamic Republic of Iran, 33 F. Supp. 3d 1003 | 308+1 | Under Illinois law, a principal-agent relationship is a legal concept founded upon a consensual and fiduciary relationship between two parties; central question in determining such a relationship is whether principal had the right to control the activities of agent. | Is the principal-agent relationship a consensual relationship? | Principal and Agent - Memo 451 - RK_63571.docx | ROSS-003280696-ROSS-003280697 |
| Jackson v. Searcy, 628 So. 2d 887 | 308+1 | For agency relationship to exist, there must be meeting of the minds of principal and agent as to scope of agent's employment. | Should there be meeting of minds as to the scope of the agent's employment? | 041850.docx | LEGALEASE-00157556-LEGALEASE-00157557 |
| Indep. Gin Co. v. Parker, 19 Ariz. App. 413 | 308+1 | Agency is question of intention of parties, as evidenced by their acts, and is not dependent upon what particular person in question is called. | Is agency a question of the intention of the parties? | Principal and Agent - Memo 497 - KK_63276.docx | ROSS-003306331-ROSS-003306332 |
| Turley v. Kotter, 263 Pa. Super. 523 | 231H+23 | "Servant" is agent employed by master to perform service in his affairs whose physical conduct in performance of service is controlled or is subject to right to control by master. | Is a servant an agent? | Principal and Agent - Memo 502 - KK_63281.docx | ROSS-003306448-ROSS-003306449 |
| Przekopski v. Przekop, 124 Conn. App. 238 | 308+1 | "Agency" is the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. | "Is the one for whom an action is to be taken, a principal?" | Principal and Agent - Memo 503 - KK_63282.docx | ROSS-003307869-ROSS-003307870 |
| Mavrix Photographs v. Livejournal, 873 F.3d 1045 | 308+1 | Whether an agency relationship exists depends on the level of control a principal exerts over the agent. | Does an agency relationship depend on the level of control? | 042049.docx | LEGALEASE-00157900-LEGALEASE-00157901 |
| Leary v. Johnson, 159 Conn. 101 | 308+1 | An essential ingredient of agency is that agent is doing something at the behest and for the benefit of the principal. | "Is doing something at the behest and benefit of the principal, an essential ingredient of agency?" | Principal and Agent - Memo 568- SB_63584.docx | ROSS-003308063-ROSS-003308064 |
| In re Grubin, 476 B.R. 699 | 308+1 | Under New York law, relationship of principal and agent arises when: (1) principal manifests consent to agent that agent shall act on principal's behalf, and subject to principal's control, and (2) agent consents so to act. Restatement (Second) of Agency S 1. | How does the relationship of principal and agent arise? | Principal and Agent - Memo 577- SB_63593.docx | ROSS-003318967 |
| White v. Com. Med. Prof'l Liab. Catastrophe Loss Fund, 131 Pa. Cmwlth. 567 | 371+2002 | Question of whether enactment is tax or regulatory measure is determined by purposes for which it is enacted and not by its title. | What determines whether an enactment is a tax or regulatory measure? | 044557.docx | LEGALEASE-00157229-LEGALEASE-00157230 |
| State v. Saltzman, 128 So. 3d 1060, 1092 | 3.77E+12 | Terroristic threats statute does not require that recipient of threat be terrorized but, rather, requires that actor have intent to terrorize as result of threat. | Does the terroristic threats statute require that the recipient of the threat be terrorized? | 046714.docx | LEGALEASE-00157341-LEGALEASE-00157342 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Reynolds, 1998-Ohio-171 | 3.77E+24 | "Personal contact," as used within harassment statute, merely requires visual or physical proximity; it does not require that the victim recognize the offender or know the identity of the person harassing her, nor does it require that the victim actually feel threatened, intimidated, or alarmed, only that the defendant act with the intent to cause such a reaction. I.C.A. S 708.7, subd. 1, par. b. | "Does personal contact as used in the harassment statute, require a physical touching or oral communication?" | 046718.docx | LEGALEASE-00157363-LEGALEASE-00157364 |
| Thurman Currie Const. v. Indus. Comm'n of Arizona, 2009 WL 3755980 | 413+124 | Evidence supported ALJ's determination that landowner and his marital community were employers regarding construction of house and thus were subject to Workers' Compensation Act. Though landowner alleged that he was building house as private landowner, not as general contractor through his construction business, landowner co-mingled his personal and business activities to such a degree that he was engaged in his usual trade or business of homebuilding. Landowner used his experience and position with business in constructing house. In addition, landowner applied for a building activity permit under the business's name. A.R.S. S 23-902(A). | "In the Workers' Compensation Act, does the term regularly employed refer to whether the employer regularly employs workers, or whether the employee is performing a task in the employers usual trade?" | 047691.docx | LEGALEASE-00157498-LEGALEASE-00157499 |
| Mocek v. City of Albuquerque, 813 F.3d 912 | 129+106 | Conduct which tends to disturb the peace, as element for disorderly conduct under New Mexico law, is conduct which is inconsistent with the peaceable and orderly conduct of society, and this includes an act that disturbs the peace and tranquility of the community. | What are the necessary elements of a valid disorderly conduct charge? | 014303.docx | LEGALEASE-00158897-LEGALEASE-00158898 |
| Commercial Credit Corp. v. Taylor, 448 S.W.2d 190 | 156+52(4) | Estoppel in pais may be invoked against a party only when he has failed to do that which he had a duty to do, and cannot be invoked because of failure to do that which he owed no duty to do. | Can estoppel in pais be invoked when a party has failed to do that which he had a duty to do? | Estoppel - Memo #171 - C - CSS_64179.docx | ROSS-003306874-ROSS-003306875 |
| Ingram-Clevenger v. Lewis & Clark Cty., 194 Mont. 43 | 200+76 | Board of county commissioners is given discretion to do whatever is necessary for best interests of county roads. MCA 7-14-2103, 7-14-2103(3), 7-14-2601 et seq. | Does the Board of County Commissioners have discretion to act in matters related to county roads? | Highways - Memo 77 - ANM_64049.docx | ROSS-003308999-ROSS-003309000 |
| Evanston Ins. Co. v. Dillard Dept. Stores, 602 F.3d 610 | 46H+146 | Exception to individual liability of partners for debts and obligations of registered limited liability partnerships (LLP) under Texas Revised Partnership Act (TRPA) did not apply to judgment entered against LLP law firm, even though conduct underlying judgment occurred prior to dissolution of LLP, where the LLP had been dissolved and its registration had expired when judgment was entered against it. Vernon's Ann.Texas Civ.St. art. 6132b-3.08 (2009). | "Is a partner in a limited liability partnership individually liable for debts and obligations arising from errors, omissions, negligence, incompetence, or malfeasance committed in the course of the partnership business by another partner?" | 022608.docx | LEGALEASE-00158610-LEGALEASE-00158611 |
| Malkan v. Gen. Transistor Corp., 27 Misc. 2d 275 | 2+8(4) | Prayer for permanent and temporary injunctions restraining corporation from exercising its option to buy stockholder's shares of stock did not render complaint subject to dismissal on ground that there was a prior action pending in which stockholder sought to have stock option agreement rescinded and nullified, when complaint contained no allegations upon basis of which affirmative relief with respect to stock option could be obtained. | Is a complaint tested by the prayer for relief? | 023821.docx | LEGALEASE-00158498-LEGALEASE-00158499 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Williams v. Nash, 428 So. 2d 96 | 307A+561.1 | In those instances in which face of complaint fails to show that action is barred by affirmative defense, it may not be raised by a motion to dismiss but must be raised by an answer. Rules Civ.Proc., Rules 8(c), 12(b). | Will an affirmative defense be raised by a motion to dismiss or by an answer? | Pretrial Procedure - Memo # 10779 - C - NC_63646.docx | ROSS-003284597 |
| Mohiuddin v. Doctors Billing & Mgmt. Sols., 196 Md. App. 439 | 307A+693.1 | A court's words "without prejudice" in dismissing a claim permit a refiling; the words "with prejudice" prohibit refiling. Md.Rule 2-322(b). | "Does a court's words ""without prejudice"" in dismissing a claim permit a refiling?" | 025733.docx | LEGALEASE-00158556-LEGALEASE-00158557 |
| Briggs v. Toyota Mfg. of Texas, 337 S.W.3d 275 | 307A+561.1 | Affirmative defense should be raised through a motion for summary judgment, not through a motion to dismiss. Vernon's Ann.Texas Rules Civ.Proc., Rule 166a. | Can an affirmative defense be raised through a motion for summary judgement or proven at trial? | Pretrial Procedure - Memo # 11071 - C - NE_63458.docx | ROSS-003293644-ROSS-003293645 |
| Van Milligen v. Dep't of Employment Sec., 373 Ill. App. 3d 532 | 30+3200 | Motions to dismiss based upon certain defects or defenses present a question of law, and appellate courts review rulings thereon de novo. S.H.A. 735 ILCS 5/2-619. | Would motions to dismiss present a question of law? | 025954.docx | LEGALEASE-00158274-LEGALEASE-00158275 |
| Jewett v. Town of Alton, 7 N.H. 253 | 308+92(3) | Where an authority is given by law to three or more persons, it may, in general, be executed by a major part of the persons to whom it is so delegated; but where corporations or individuals give an authority jointly to three or more persons, in order to bind the principals, all the agents must act. | Does authority have to be exercised by a majority when it is given to three or more people? | Principal and Agent - Memo 371 - RK_63929.docx | ROSS-003306868-ROSS-003306869 |
| Violette v. Shoup, 16 Cal. App. 4th 611 | 308+3(1) | Person does not become agent of another simply by offering help or making suggestion. | Will a person become the agent of another by offering help? | Principal and Agent - Memo 384 - RK_63942.docx | ROSS-003323035 |
| White v. Revco Disc. Drug Centers, 33 S.W.3d 713 | 231H+25 | An agent may serve two masters simultaneously, so long as the objectives of one master are not contrary to the objectives of the other. Restatement (Second) of Agency S 226. | When can an agent serve two masters simultaneously? | Principal and Agent - Memo 467- PR_63790.docx | ROSS-003307908 |
| Ferrentino v. Dime Sav. Bank of New York, F.S.B., 159 Misc. 2d 690 | 308+1 | Attorney-in-fact is merely special type of agent, and death of principal revokes authority of agent and power of attorney. | Is an attorney-in-fact a special type of agent? | Principal and Agent - Memo 483 - RK_63968.docx | ROSS-003285275-ROSS-003285276 |
| Mouawad Nat. Co. v. Lazare Kaplan Int'l Inc., 476 F. Supp. 2d 414 | 308+1 | Under New York law, the principal's power to control the agent is an essential element of an agency relationship; the essence of control in an agency sense is in the necessity of the consent of the principal on a given matter. | Is the principal's power to control the agent essential to an agency relationship? | 041952.docx | LEGALEASE-00159007-LEGALEASE-00159008 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| H.S.P. v. J.K., 223 N.J. 196 | 24+179 | Evidence supported trial court's finding that mother who sent her child from India to the United States to be cared for by his uncle did not wilfully, recklessly or with gross negligence fail to provide child with adequate food, clothing, shelter, education, medical or surgical care, as would support a finding of "abuse" or "neglect" in uncle's petition seeking findings supporting Special Immigrant Juvenile (SIJ) status for child on grounds that reunification with mother was not viable; mother was financially unable to provide better care for child, there was no showing that child's harsh physical labor while employed in India was contrary to the child labor laws of India or exposed him to danger to life or limb, and there was no showing that the death of child's siblings due to malnutrition was the result of mother's failure to provide food or medical care despite having financial ability. Immigration and Nationality Act, S 101(a)(27)(J)(i), 8 U.S.C.A. S 1101(a)(27)(J)(i); N.J.S.A. 9:6-1, 9:6-8.9(b), 9:6-8.21(c)(2), 9:6-8.46(a)(1). | "Can abused, neglected, or abandoned children seek special status to remain in the United States rather than being deported along with abusive or neglectful parents?" | 006773.docx | LEGALEASE-00160340-LEGALEASE-00160341 |
| Simbaina v. Bunay, 221 Md. App. 440 | 24+101 | Immigration and Nationality Act (INA), which requires that a state juvenile court make specific factual findings before a minor can petition the United States Citizenship and Immigration Services for special immigrant juvenile (SIJ) status, directs the state court to enter factual findings that are advisory to a federal agency determination, but does not offend separation of powers under State Constitution; federal government has exclusive jurisdiction with respect to immigration, but state juvenile courts play an important and indispensable role in the SIJ application process, and federal government delegated this power to state juvenile courts because these courts are the appropriate forum for child welfare determinations regarding abuse,neglect, or abandonment, and a child's best interests. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J); West's Ann.Md. Const.Declaration of Rights, Art. 8~¢ Y. | "Did Congress require that a court must find that reunification is not possible because of abuse, neglect, or abandonment?" | 006858.docx | LEGALEASE-00160462-LEGALEASE-00160463 |
| Lehndorff Geneva v. Warren, 74 Wis. 2d 369 | 24+116 | Power of state to apply its laws exclusively to aliens is exceedingly narrow. | Is the power of a state to apply its laws exclusively to aliens narrow? | "Aliens, Immigration and Citizenship - Memo 63 - RK_64797.docx" | ROSS-003296431-ROSS-003296432 |
| Arizona v. United States, 567 U.S. 387 | 24+690 | Government of United States has broad, undoubted power over subject of immigration and status of aliens, resting, in part, on its constitutional power to "establish an uniform Rule of Naturalization," and its inherent power as sovereign to control and conduct relations with foreign nations. U.S.C.A. Const. Art. 1, S 8, cl. 4. | Does the federal government of United States have the power to regulate immigration? | "Aliens, Immigration and Citizenship - Memo 83 - RK_64816.docx" | ROSS-003283863-ROSS-003283864 |
| Indiana Nat. Bank of Indianapolis v. Goss, 208 F.2d 619 | 8.30E+10 | Under Illinois law, law of place of payment of note is the law which will govern the nature, validity, interpretation, and effect of the obligation. | Which law governs the nature and validity of a contract? | Bills and Notes - Memo 1396 - JK.docx | LEGALEASE-00049181-LEGALEASE-00049182 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Patent Title Co. v. Stratton, 89 F. 174 | 8.30E+10 | The rights of the parties to a negotiable note made in Colorado are governed by the laws of the state (Mills' Ann.St. SS 243, 244), rather than by the general principles of the law merchant. | Does the state law govern the rights of parties to a negotiable instrument? | 009644.docx | LEGALEASE-00160431-LEGALEASE-00160432 |
| Jacobson v. Fed. Deposit Ins. Corp., 407 F. Supp. 821 | 83E+642 | Under Iowa law, a negotiable instrument is discharged when the principal debtor becomes the holder thereof at or after maturity in his own right. I.C.A. SS 541.120(5), 554.3601-554.3606. | When is a negotiable instrument discharged? | 010458.docx | LEGALEASE-00160421-LEGALEASE-00160422 |
| Nat'l Leasing Corp. v. Williams, 80 F.R.D. 416 | 8.30E+10 | Obligations of maker of note are determined by law of state designated on instrument as place of payment. | By what law are the obligations of the maker of a note determined? | Bills and Notes-Memo 1398- JK_64838.docx | ROSS-003309739 |
| Jacobsen v. Bunker, 699 P.2d 1208 | 8.30E+10 | Legal effect of promissory notes is governed by the law of the jurisdiction where they are executed and delivered. | What law governs the legal effect of a promissory note? | 010910.docx | LEGALEASE-00160354-LEGALEASE-00160355 |
| Levin-Richmond Terminal Corp. v. Int'l Longshoremen's & Warehousemen's Union, Local 10, 751 F. Supp. 1373 | 156+52(5) | Equitable estoppel principles are applicable to actions arising under federal law. | Are estoppel principles applicable in actions arising under federal law? | 017870.docx | LEGALEASE-00159333-LEGALEASE-00159334 |
| Commercial Bank & Tr. Co. v. Canale, 450 So. 2d 761 | 156+52(6) | Equitable estoppel is not favored and is invoked sparingly because it bars normal assertion of rights. | Does equitable estoppel bar the normal assertion of rights? | 017920.docx | LEGALEASE-00159992-LEGALEASE-00159993 |
| Anderson v. Anderson, 196 N.W.2d 727 | 156+52(6) | Equitable estoppel is not favored and is invoked sparingly because it bars normal assertion of rights. | Does equitable estoppel bar the normal assertion of rights? | Estoppel - Memo #208 - C - CSS.docx | LEGALEASE-00049320-LEGALEASE-00049321 |
| Succession of Valdez, 44 So. 2d 151 | 156+54 | The doctrine of estoppel is applicable only to ignorance of matters of fact, and not to acknowledgments or statements of propositions of law. | Is estoppel applicable only to acknowledgements of matters of fact? | 017938.docx | LEGALEASE-00160075-LEGALEASE-00160076 |
| Tollett v. Franklin Equities, 586 S.W.2d 96 | 371+2233 | Corporate franchise tax is not an ad valorem property tax but is a tax levied upon privilege of engaging in business in corporate form in the state, and is levied upon net worth or capital of the corporation. T.C.A. S 67-2908. | What is corporate franchise tax? | 018523.docx | LEGALEASE-00159852-LEGALEASE-00159853 |
| Clairol Inc. v. Com., 513 Pa. 74 | 371+2256 | Franchise tax is purely tax on right and privilege to conduct business within Commonwealth, and thus foreign corporation is not necessarily exempt from franchise tax merely because it possesses no tangible property within Commonwealth. 72 P.S. S 7601 et seq. | Is franchise tax a tax on the right or privilege to conduct business? | 018561.docx | LEGALEASE-00159477-LEGALEASE-00159478 |
| Kartman v. State Farm Mut. Auto. Ins. Co., 634 F.3d 883 | 217+2090 | Essence of an insurance policy is a promise by the insurer to compensate the insured for the loss of something of value that is covered under the policy, thereby shifting the risk of loss from the insured to the insurer. | What is the essence of an insurance policy? | 019602.docx | LEGALEASE-00159658-LEGALEASE-00159659 |
| Perrin v. Keene, 19 Me. 355 | 289+956 | A power to one partner to settle the affairs of the partnership, after a dissolution, does not authorize him to contract debts in the name of the firm, so as to bind his copartners; and the fact that the contract is for the loan of money to pay the partnership debts makes no difference. | Does the power to settle and adjust the affairs of the partnership authorize a partner to use the partnerships name for that purpose? | 022553.docx | LEGALEASE-00160244-LEGALEASE-00160245 |
| In re Magnani, 223 B.R. 177 | 289+953 | Under Iowa law, dissolution does not effect change in partner's interest in specific partnership property. | Does dissolution effect a change in a partners interest in partnership property? | 022646.docx | LEGALEASE-00160046-LEGALEASE-00160047 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Prime Locations of CT v. Rocky Hill Dev., 167 Conn. App. 786 | 302+38.5 | The purpose of a complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise. | Is limiting the issues at trial the purpose of a complaint? | 023855.docx | LEGALEASE-00159938-LEGALEASE-00159939 |
| 474 W. 150th St. Realty Corp. v. Lewis, 166 Misc. 2d 954 | 307A+699 | Motion to restore proceeding to trial calendar may be treated by court as motion to vacate dismissal for abandonment. McKinney's CPLR 3404. | Can a court properly treat a motion to restore action dismissed for abandonment as one to vacate dismissal? | 039631.docx | LEGALEASE-00159726-LEGALEASE-00159727 |
| F.D.I.C. v. Finlay, 832 S.W.2d 158 | 307A+699 | Trial court may not orally reinstate case that was dismissed for one of prosecution. | Can a trial court orally reinstate a case that was dismissed for want of prosecution? | 039636.docx | LEGALEASE-00159740-LEGALEASE-00159741 |
| Skarin Custom Homes v. Ross, 388 Ill. App. 3d 739 | 307A+561.1 | Purpose of a dismissal based on other affirmative matter is to dispose of issues of law and easily proved issues of fact early in the litigation. S.H.A. 735 ILCS 5/2-619(a)(9). | What would be the purpose of a dismissal based on other affirmative matter? | 039925.docx | LEGALEASE-00159585-LEGALEASE-00159586 |
| Lloyd Noland Found. v. HealthSouth Corp., 979 So. 2d 784 | 307A+561.1 | Dismissal for failure to state a claim can be obtained on the basis of an affirmative defense when the affirmative defense appears clearly on the face of the pleading. Rules Civ.Proc., Rule 12(b)(6). | When can a dismissal for failure to state a claim be obtained on the basis of an affirmative defense? | 039936.docx | LEGALEASE-00159617-LEGALEASE-00159618 |
| State v. Carlon, 265 Or. App. 390 | 3.77E+38 | At assault and harassment trial arising from fight between defendant and her sister at sister's home, validity of defendant's claim of self-defense did not depend on whether sister lawfully used force to attempt to remove defendant from home, but on whether defendant had a reasonable belief that her own actions in response to sister were necessary. | Does a defendant's use of force in a claim of self defense depend on a reasonable belief? | 047068.docx | LEGALEASE-00160190-LEGALEASE-00160191 |
| Forest Pres. Dist. of Cook Cty. v. Jirsa, 336 Ill. 624 | 148+41 | Forest preserve district could not condemn land as connecting parts of natural forest, where adjoining property of district was contiguous unit. Forest Preserve Act, as amended by Laws 1921, p. 467, Smith-Hurd Stats. c. 571/212, S 1 et seq. | Does the Forest Preserve District (FPD) have the authority to acquire lands? | 047618.docx | LEGALEASE-00159695-LEGALEASE-00159696 |
| Koreski v. Seattle Hardware Co., 17 Wash. 2d 421 | 413+2159 | Where electric motor service corporation, which was within extrahazardous employment classification, contracted to repair machinery of hardware company, whose operation of power-driven machinery brought it within extrahazardous employment classification, and manager of the service corporation was injured while supervising or personally assisting in the repair work, the manager was a "workman" within the Workmen's Compensation Act and could not maintain personal injury action against the hardware company even though the service corporation failed to carry him on its payroll and make report to Department of Labor and Industries that the manager was carried on payroll. Rem.Rev.Stat. SS 7673, 7674-1, 7675, 7676. | "For the Workmens Compensation Act to apply, must the business of the corporation in which the employers are engaged in be classified as extra hazardous, and the injuries sustained, for which compensation is claimed, be received by an employee while engaged in the course of extra hazardous work classified as such?" | Workers Compensation - Memo 665 - C - ANC_64580.docx | ROSS-003279523-ROSS-003279524 |
| Nat'l Leasing Corp. v. Williams, 80 F.R.D. 416 | 8.30E+10 | Obligations of maker of note are determined by law of state designated on instrument as place of payment. | Which law determines the obligations of the maker of a note? | Bills and Notes - Memo 63-DB_65096.docx | ROSS-003296239 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Lone Star Gas Co., 86 S.W.2d 484 | 350H+820 | In light of the multiplicity of victims, the attempted or actual monetary loss substantially greater than the minimum loss specified in the statutes and a high degree of sophistication or planning occurring over a lengthy period of time, defendant's conduct in selling basement waterproofing on basis of misrepresentations was a major economic offense, which constituted an aggravating factor justifying a dispositional departure from presumptive sentence of Minnesota Sentencing Guidelines on his conviction of four counts of theft by swindle. M.S.A. SS 609.05, 609.52, subds. 2(4), 3(1, 5). | Can the court depart from guidelines in the case of a major economic offense? | 012545.docx | LEGALEASE-00161295-LEGALEASE-00161296 |
| Com. v. Knepp, 307 Pa. Super. 535 | 350H+50 | In imposing sentence, sentencing court must consider particular circumstances of offense and character of defendant. 42 Pa.C.S.A. SS 9731 et seq., 9732. | Should the sentencing court consider the character of the defendant in reaching its determination? | 012551.docx | LEGALEASE-00161503-LEGALEASE-00161504 |
| United States v. Real Prop. Identified as: Parcel 03179-005R, 287 F. Supp. 2d 45 | 135H+25 | Civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause. U.S.C.A. Const.Amend. 5. | "Does civil forfeiture not constitute ""punishment"" for purpose of a double jeopardy clause?" | Double Jeopardy - Memo 32 - C - KI.docx | LEGALEASE-00050424-LEGALEASE-00050425 |
| State v. Nunez, 129 N.M. 63 | 135H+25 | Removal of harm to the public is an aspect of forfeitures under the Controlled Substances Act; however, this aspect, by itself, does not render forfeiture a predominately remedial sanction, for double-jeopardy purposes. Const. Art. 2, S 15; NMSA 1978, S 30-31-34 et seq. | Is removal of harm to the public an aspect of forfeitures under the Controlled Substances Act? | Double Jeopardy - Memo 8 - C - SS_65176.docx | ROSS-003295207 |
| Cain v. Horne, 220 Ariz. 77 | 141E+914 | Clause of State Constitution prohibiting state aid to private schools (Aid Clause) was afforded a construction independent from that of the clause of State Constitution prohibiting appropriations for religious purposes (Religion Clause), for purpose of determining constitutionality of school voucher program through which state authorized a public school student's transfer to a private or sectarian school of the student's choice and subsidized the tuition of such schools; text of the Aid Clause encompassed more than did the Religion Clause, with the Aid Clause prohibiting the use of public funds not only to aid private or sectarian schools, but to aid public corporations as well. A.R.S. Const. Art. 2, S 12; Art. 9, S 10. | Does the Religion Clause prohibits an appropriation to pay for religious instruction in public schools? | 017246.docx | LEGALEASE-00161094-LEGALEASE-00161095 |
| Johnson v. Structured Asset Servs., 148 S.W.3d 711 | 156+52.10(2) | A waiver does not need to be founded upon a new agreement, supported by consideration, or based upon estoppel. | Does waiver need to be founded on a new agreement? | Estoppel - Memo 228 - C - CSS_65204.docx | ROSS-003292656-ROSS-003292657 |
| Taranto Amusement Co. v. Mitchell Assocs., 820 So. 2d 726 | 156+52.10(2) | A waiver presupposes a full knowledge of a right existing, and an intentional surrender or relinquishment of that right. | Does waiver presuppose a full knowledge of a right existing? | Estoppel - Memo 245 - C - CSS_65221.docx | ROSS-003293524-ROSS-003293525 |
| Close v. Crossland, 47 Minn. 500 | 315+623 | A warranty of title may be implied in a contract of exchange as upon a sale of personal property. | Can a warranty of title be implied in a contract of exchange? | 018380.docx | LEGALEASE-00161793-LEGALEASE-00161794 |
| United States v. London, 714 F.2d 1558 | 181+9 | False writing can be made by any number of artificial means and still fall within ambit of common-law forgery. | Can forgery be made by artificial means including photocopy machine? | 018441.docx | LEGALEASE-00161841-LEGALEASE-00161842 |
| Spence v. Frantz, 195 Wis. 69 | 200+80 | Abutting landowner has title to center of highway or street subject to public easement. | Does the abutting owner have title to the center of the highway subject to public easement? | Highways - Memo 469 - RK_66369.docx | ROSS-003325223-ROSS-003325224 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Commercial Union Assur. Companies v. Kaplan, 152 N.J. Super. 273 | 217+1001 | Insurance law recognizes insurance as an instrument of social policy and a means by which innocent victims of negligence are compensated. | Is insurance an instrument of social policy? | Insurance - Memo 112 - SNJ_65768.docx | ROSS-003280661-ROSS-003280662 |
| Fort Walton Lumber & Supply Co. v. Par., 142 So. 2d 346 | 307A+697 | Statute respecting the dismissal of actions for failure to prosecute and for reinstatement upon "good cause" shown does not contemplate such a misfortune as confusion reigning when a law partnership representing a party is dissolved to which situation the clients could have readjusted themselves by employment of other counsel. F.S.A. S 45.19(1). | Should the good cause necessary under statute to reinstate a suit dismissed for failure to prosecute essentially be made to appear by petition for reinstatement? | 040014.docx | LEGALEASE-00160745-LEGALEASE-00160746 |
| Braddock v. Zimmerman, 906 A.2d 776 | 307A+695 | A complaint that is dismissed without prejudice but with express leave to amend is nevertheless a dismissed complaint. | "Is a complaint that is dismissed without prejudice with express leave to amend, a dismissed complaint?" | Pretrial Procedure - Memo 11588 - C - NE_65606.docx | ROSS-003281521-ROSS-003281522 |
| Finlan v. Peavy, 205 S.W.3d 647 | 307A+583 | A trial court has broad discretion in determining whether to dismiss a lawsuit. | Does a court have broad discretion in determining whether to dismiss a lawsuit? | 040457.docx | LEGALEASE-00161160-LEGALEASE-00161161 |
| Lake Meredith Reservoir Co. v. Amity Mut. Irr. Co., 698 P.2d 1340 | 307A+583 | District courts have inherent power to dismiss claim for failure to prosecute. Rules Civ.Proc., Rule 41(b)(1, 2). | Do courts have inherent power to dismiss claim for failure to prosecute? | 040544.docx | LEGALEASE-00160953-LEGALEASE-00160954 |
| Holcomb v. Com., 58 Va. App. 339 | 3.77E+11 | A "threat," in the criminal context, is recognized to be a communication avowing an intent to injure another's person or property. | How is a threat recognized in the criminal context? | 046940.docx | LEGALEASE-00160915-LEGALEASE-00160916 |
| Mayor & City Council of Baltimore v. Trunk, 172 Md. 35 | 413+105 | That injury suffered by employee was accidental, and was sustained in course of his employment, is not sufficient to entitle employee to compensation, since there must exist a "workman" and "employer" and an "extrahazardous employment," within definition of compensation statute. Code Pub.Gen.Laws Supp.1935, art. 101, S 35. | "What else is required for an award of compensation, besides the injury being suffered in the course of employment?" | 048698.docx | LEGALEASE-00161231-LEGALEASE-00161232 |
| Moore v. Indus. Acc. Fund, 80 Mont. 136 | 413+105 | Occupation, to be hazardous within Compensation Act, must be one of those enumerated or of same general character (Rev.Codes 1921, S 2852). | "Under the Compensation Act, are hazardous occupations limited to those enumerated and to others of the same general character?" | 048707.docx | LEGALEASE-00161339-LEGALEASE-00161340 |
| State v. Bayles, 121 Wash. 215 | 92+2432 | Workmen's Compensation Act, Rem.Code 1915, S 6604-2, as amended by Laws 1919, p. 340, S 1, and Laws 1920-21, p. 719, S 1, giving the labor department power, after hearing had on its own motion, or on the application of any person interested, to declare any occupation to be extrahazardous, and be under the act, is not unconstitutional, as delegating legislative authority. | "Who can declare an occupation not already included in the Workmens Compensation Act, as extra hazardous?" | 048716.docx | LEGALEASE-00160817-LEGALEASE-00160818 |
| Nat'l Leasing Corp. v. Williams, 80 F.R.D. 416 | 8.30E+10 | Obligations of maker of note are determined by law of state designated on instrument as place of payment. | Which law determines the obligation of the maker of a note? | Bills and Notes - Memo 1346 - RK_66249.docx | ROSS-003293680 |
| Clark v. United States, 913 F. Supp. 441 | 135H+25 | Civil forfeiture of drug proceeds is not punishment for double jeopardy purposes. U.S.C.A. Const.Amend. 5; Tariff Act of 1930, S 602 et seq., 19 U.S.C.A. S 1602 et seq.; Comprehensive Drug Abuse Prevention and Control Act of 1970, S 511(a)(6), 21 U.S.C.A. S 881(a)(6). | Is the civil forfeiture of drug proceeds not punishment for double jeopardy purposes? | 014847.docx | LEGALEASE-00162166-LEGALEASE-00162167 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Zettel v. Paschen Contractors, 100 Ill. App. 3d 614 | 217+1701 | An agreement to obtain insurance is not agreement of insurance; person promising to obtain insurance does not by that promise become insurer although he may assume liabilities of one if he breaches agreement. | Is an agreement to obtain insurance an agreement of insurance? | 019516.docx | LEGALEASE-00162356-LEGALEASE-00162357 |
| Gerbino v. Isle of Paradise B, 149 So. 3d 69 | 118A+328 | Trial court could not dismiss with prejudice, for failure to timely file fourth amended complaint, condominium unit owner's declaratory judgment action seeking to determine whether private docks were built on common property of the condominium association, without considering the Kozel factors for determining if the ultimate sanction of dismissal should be imposed for an attorney's neglect; trial court gave no reason for the dismissal other than failure to timely amend the complaint which, alone, was insufficient to warrant dismissal with prejudice, and without trial court's analysis of the Kozel factors, District Court of Appeal could not review trial court's discretionary decision. | "Once a court has dismissed a complaint with leave to amend, can it subsequently dismiss with prejudice for failure to timely amend?" | 040148.docx | LEGALEASE-00162158-LEGALEASE-00162159 |
| S.S. White Dental Mfg. Co. v. Com., 212 Mass. 35 | 371+2127 | Property tax is not proportional upon all inhabitants of commonwealth if it be assessed upon certain property at different rate from that assessed upon other similar property. | Can any tax be assessed upon certain property at a rate different from that upon other property? | Taxation - Memo 1189 - C-JL_65999.docx | ROSS-003308084-ROSS-003308085 |
| Domenech v. Nat'l City Bank of New York, 294 U.S. 199 | 371+2008 | Puerto Rico is an agency of the federal government without independent sovereignty, whose authority to tax must be derived from the United States. | Can a Territory tax a federal instrumentality? | 046387.docx | LEGALEASE-00162112-LEGALEASE-00162113 |
| Hunt v. Standart, 15 Ind. 33 | 8.30E+12 | The contract of indorsers is to pay a note generally on certain conditions, not at any particular place, and is governed by the lex loci contractus; and hence the statute placing bills payable at a bank on the same footing as bills of exchange has no application to indorsers, and therefore, if their liability is not fixed by the exercise of due diligence to collect it from the maker, they are discharged. | Does the liability of drawer attach according to the lex loci contractus? | 009151.docx | LEGALEASE-00162811-LEGALEASE-00162812 |
| Thorp, Smith & Hanchett v. Craig, 10 Iowa 461 | 83E+675 | The law of the place where a bill of exchange is payable governs as to the allowance of days of grace. | Which law governs the allowance of days of grace upon a bill of exchange? | Bills and Notes - Memo 1356 - RK.docx | LEGALEASE-00052489-LEGALEASE-00052490 |
| In Interest of Doe, 7 Haw. App. 582 | 3.77E+24 | Words and hand gestures are not essential elements of crime of harassment. HRS S 711-1106(1)(b). | Are words and hand gestures essential elements of the crime of harassment? | "Threats, Stalking and Harassment - Memo 227 - C - LB_67078.docx" | ROSS-003308091-ROSS-003308092 |
| White v. Bethlehem Steel Corp., 222 F.3d 146 | 413+186 | While the LHWCA does not explicitly adopt the borrowed servant doctrine, the word "employer," as used in the LHWCA section providing that an employer's LHWCA liability shall be exclusive, encompasses both general employers and employers who borrow a servant from that general employer. Longshore and Harbor Workers' Compensation Act, S 5(a), 33 U.S.C.A. S 905(a). | Does employer encompass employers who borrow from a general employer? | 048729.docx | LEGALEASE-00162699-LEGALEASE-00162700 |
| Jackson v. United States, 398 F. Supp. 607 | 34+79(1) | Under Servicemen's Group Life Insurance Program, responsibilities of the United States are not those of insurer, and thus actions for nonpayment or other breach of policy lie against private insurer, and not the government. 38 U.S.C.A. S 775. | Are the responsibilities of the United States under the Servicemen's Group Life Insurance Program those of an insurer | Armed Services - Memo 367 - RK.docx | LEGALEASE-00052699-LEGALEASE-00052700 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Zumwalt v. Superior Court, 49 Cal. 3d 167 | 104+23 | Local rule directing transfer of work-related duties, and civil service employees performing them, from control of county clerk to that of superior court executive officer, and enabling legislation, did not violate state constitutional provision that county clerk shall be ex officio clerk of Superior Court. West's Ann.Cal.Gov.Code S 69898; West's Ann.Cal. Const. Art. 1, S 26; Art. 6, S 4. | Is assigning court related duties from the county clerk to the superior court unconstitutional? | 013549.docx | LEGALEASE-00164130-LEGALEASE-00164131 |
| Ex parte Hayes, 931 S.W.2d 721 | 135H+59 | For purposes of state constitutional double jeopardy prohibition, jury is not selected as trier of fact, and defendant is not placed in jeopardy of conviction, until jury has been impaneled. Vernon's Ann.Texas Const. Art. 1, S 14. | Will defendant be placed in jeopardy of conviction when jury has been impaneled? | 014806.docx | LEGALEASE-00163956-LEGALEASE-00163957 |
| United States v. Ham, 58 F.3d 78 | 135H+96 | Defendant's failure to object to mistrial does not constitute implied consent to mistrial, if defendant had no opportunity to object. U.S.C.A. Const.Amend. 5. | "Does a defendant's failure to object to mistrial not constitute implied consent to mistrial, if defendant had no opportunity to object?" | 015305.docx | LEGALEASE-00163058-LEGALEASE-00163059 |
| People v. Burgess, 206 Cal. App. 3d 762 | 135H+95.1 | Double jeopardy clause protects against retrial after improper declaration of mistrial. U.S.C.A. Const.Amend. 5; West's Ann.Cal. Const. Art. 1, S 15. | Does a double jeopardy clause protect against a retrial after an improper declaration of mistrial? | 015493.docx | LEGALEASE-00163601-LEGALEASE-00163602 |
| Velez v. Clarinda Corr. Facility, 791 F.3d 831 | 135H+134 | When defendant has been charged with multiple offenses under same statute and arising out of same transaction, court must look to whether state legislature intended facts underlying each count to constitute separate unit of prosecution, and if unit of prosecution intended by legislature prescribes multiple punishments under same statute and conceivably arising from same incident, the Double Jeopardy Clause is not violated. U.S.C.A. Const.Amend. 5. | Does a double jeopardy clause ensure a defendant that he will not suffer more than one punishment or incessant prosecutions for a same breach of law? | 015508.docx | LEGALEASE-00163643-LEGALEASE-00163644 |
| State v. Wright, 127 P.3d 742 | 135H+100.1 | An acquittal is an absolute bar to retrial under the Double Jeopardy Clause, regardless of how erroneous. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | "Is an acquittal is an absolute bar to retrial under the Double Jeopardy Clause, regardless of how erroneous?" | Double Jeopardy - Memo 460 - C - PC_66544.docx | ROSS-003291993-ROSS-003291994 |
| Jensen v. Fremont Motors Cody, 2002 WY 173, 58 P.3d 322 | 156+52.10(3) | While the necessary intent for waiver of a right may be implied from conduct, the conduct should speak the intent clearly. | "While intent for waiver may be implied from conduct, should the conduct speak the intent clearly?" | Estoppel - Memo 279 - C - CSS_66551.docx | ROSS-003282970-ROSS-003282971 |
| Black v. Delaware & R. Canal Co., 24 N.J. Eq. 455 | 148+45 | The legislature, in the exercise of the right of eminent domain, may take the shares of stock in a corporation and the corporate franchise for public use, on providing for just compensation. | Can franchises be taken for public use? | Franchises - Memo 66 - KNR_66819.docx | ROSS-003283191-ROSS-003283192 |
| El Paso Refining v. Scurlock Permian Corp., 77 S.W.3d 374 | 398+126 | Usury is a personal defense and may not be asserted by a guarantor unless the contract with the guarantor also contains the usurious provision. | Can an individual guarantor assert a defense of usury? | 018620.docx | LEGALEASE-00163573-LEGALEASE-00163574 |
| Rubinfeld v. Mappa, 42 Misc. 2d 464 | 302+49 | It is not title of action or prayer for judgment but facts set out in complaint which determine kind and character of action. CPLR S 6501. | Does the title of a complaint does determine the character of the action? | 023937.docx | LEGALEASE-00163479-LEGALEASE-00163480 |
| Davaloo v. State Farm Ins. Co., 135 Cal. App. 4th 409 | 302+43 | The allegations in the body of the complaint, not the caption, constitute the cause of action against the defendant. | Do the allegations in the body of the complaint constitute the cause of action against the defendant? | 023943.docx | LEGALEASE-00163547-LEGALEASE-00163548 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hunter v. Gang, 132 Nev. Adv. Op. 22 | 30+3206 | When reviewing the dismissal of an action for want of prosecution under the district court's inherent authority, in considering the conduct of the parties, the appellate court considers whether the parties behaved in accordance with a reasonable and good-faith belief that no court action was necessary. | Should a court demonstrate that some specific circumstance exists before it may resort to its inherent authority to dismiss an action for want of prosecution? | 040866.docx | LEGALEASE-00163865-LEGALEASE-00163866 |
| In re Ryan D., 100 Cal. App. 4th 854 | 3.77E+11 | Criminal-threat statute does not require that threat be personally communicated to victim by person who makes threat. West's Ann.Cal.Penal Code S 422. | Does the criminal-threat statute require that the threat be personally communicated to the victim by the person who makes the threat? | 047001.docx | LEGALEASE-00163423-LEGALEASE-00163424 |
| Salvatierra v. Calderon, 836 So.2d 149 | 135+2 | Residence of itself does not constitute domicile, but it has been one of the important elements in determining question of domicile. | Is residence one of the important elements in determining question of domicile? | Domicile - Memo 71 - C - NSY_67150.docx | ROSS-003292873 |
| State v. Schubert, 212 N.J. 295 | 135H+1 | A core principal of the jurisprudence of England and America is that no man can be twice lawfully punished for the same offense. | Can a man be twice lawfully punished for the same offense? | 016388.docx | LEGALEASE-00165183-LEGALEASE-00165184 |
| 28 Mott St. Co. v. Summit Imp. Corp., 59 Misc. 2d 459 | 185+123(2) | Where entry on leased premises was pursuant to an informal oral agreement, which was barred by Statute of Frauds, the tenancy created was a "tenancy at will". | Is a tenancy created by an oral agreement treated as a tenancy at will? | 021028.docx | LEGALEASE-00164967-LEGALEASE-00164968 |
| In re A.G., 21 N.E.3d 355 | 135H+5.1 | The state constitution provides the same double jeopardy protections as the federal constitution, proscribing both successive prosecutions and successive punishments for the same offense. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 10. | What are the constitutional protections double jeopardy provides? | 041041.docx | LEGALEASE-00164451-LEGALEASE-00164452 |
| Givens v. State, 144 A.3d 717 | 360+4.1(2) | The Double Jeopardy Clause of the Fifth Amendment is fully applicable to state criminal proceedings; the double jeopardy prohibition is also part of Maryland common law. U.S. Const. Amend. 5. | Is the double jeopardy prohibition part of the common law? | 041044.docx | LEGALEASE-00164459-LEGALEASE-00164460 |
| Independent Technical Services v. Campo's Exp., 812 A.2d 1238 | 307A+583 | The trial court, as all judiciary, has a duty to encourage the timely resolution of all disputes. | "Do courts, as all judiciary, have a duty to encourage the timely resolution of all disputes?" | Pretrial Procedure - Memo 12217 - C - DHA_67311.docx | ROSS-003294725 |
| Johnson-Snodgrass v. KTAO, 75 S.W.3d 84 | 307A+676 | A party must be provided with adequate notice of the trial court's intent to dismiss for want of prosecution under its inherent authority, i.e., for failure to diligently prosecute case, instead of for a violation of rule of civil procedure governing dismissals for want of prosecution. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does a court have the inherent authority to dismiss a case that has not been diligently prosecuted? | 041099.docx | LEGALEASE-00164898-LEGALEASE-00164899 |
| Skipper v. State, 257 Ga. 802 | 352H+76 | Other than penetration of female sex organ by male sex organ, infliction of physical injury is not element of offense of rape. O.C.G.A. S 16-6-1. | Is physical injury an element of rape? | Sex Offenses - Memo 22 - RK_67524.docx | ROSS-003294514-ROSS-003294515 |
| Hackler v. Swisher Mower & Mach. Co., 284 S.W.2d 55 | 413+1709 | Where material facts relating to compensation claimant's status as employee were not disputed, question of existence of employee-employer relationship was one of law. V.A.M.S. SS 287.020, 287.030. | "How should the definition of employer, as well as the whole of the Workmens Compensation law be construed?" | Workers' Compensation - Memo 770 - C - ANC.docx | LEGALEASE-00054873-LEGALEASE-00054874 |
| Ex parte Ueno, 971 S.W.2d 560 | 135H+57 | In state court, jeopardy attaches in bench trial when defendant pleads to indictment. U.S.C.A. Const.Amend. 5. | Will jeopardy attach in case of bench trial when the defendant pleads to the indictment? | 014672.docx | LEGALEASE-00165667-LEGALEASE-00165668 |
| State v. Juarez, 115 Wash. App. 881 | 135H+59 | Jeopardy attaches after jury is selected and sworn; it is not necessary that argument or testimony be presented. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | Is it necessary to present testimony or argument once jeopardy attaches? | 014764.docx | LEGALEASE-00166020-LEGALEASE-00166021 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| U.S. ex rel. Rogers v. LaVallee, 517 F.2d 1330 | 135H+100.1 | Verdict of acquittal although not followed by judgment is a bar to a subsequent prosecution for the same offense even though acquittal may appear to be based on erroneous charge. | Is a verdict of acquittal a bar to a subsequent prosecution for the same offense? | 016142.docx | LEGALEASE-00165889-LEGALEASE-00165890 |
| Pavey v. State, 764 N.E.2d 692 | 135H+99 | "Necessity," for purposes of manifest necessity for a mistrial, such that double jeopardy does not attach, is not to be interpreted literally; there need be only a "high degree" of necessity for concluding that a mistrial is appropriate. U.S.C.A. Const.Amend. 5. | "Is a ""high degree"" of necessity sufficient to conclude that a mistrial is appropriate?" | Double Jeopardy - Memo 837 - C - MS_67952.docx | ROSS-003280709-ROSS-003280710 |
| Williams v. State Farm Mut. Auto. Ins. Co., 202 Mich. App. 491 | 135H+1 | Double jeopardy prohibits a person for the same offense to be twice put in jeopardy of life or limb. U.S.C.A. Const.Amend. 5. | Can a person be twice put in jeopardy of life or limb for the same offense? | 016509.docx | LEGALEASE-00165327-LEGALEASE-00165328 |
| State v. Letell, 103 So. 3d 1129 | 135H+5.1 | Double Jeopardy Clause protects the accused against multiple punishments for the same offense as well as a second prosecution for the same offense after acquittal or conviction. U.S.C.A. Const.Amend. 5. | Do federal and state constitutions provide that no person shall be put in jeopardy twice for the same criminal offense? | Double Jeopardy - Memo 919 - C - SK.docx | LEGALEASE-00055583-LEGALEASE-00055584 |
| Bies v. Bagley, 519 F.3d 324 | 135H+1 | Double Jeopardy Clause does not allow a state to prevent relitigation of an issue. U.S.C.A.Const.Amend. 5. | Does double Jeopardy Clause allow a state to prevent relitigation of an issue? | 016539.docx | LEGALEASE-00165359-LEGALEASE-00165360 |
| In re Commercial Money Ctr., 350 B.R. 465 | 349A+10 | Labels cannot change the true nature of underlying transactions as sales or loans for security. | Can labels change the true nature of underlying transactions as sales or loans for security? | 042811.docx | LEGALEASE-00166030-LEGALEASE-00166031 |
| People v. Crane, 308 Ill. App. 3d 675 | 135H+100.1 | Where the defendant is acquitted of an offense, the bar of double jeopardy descends, and the State is precluded from reprosecuting the defendant for the same offense. U.S.C.A.Const.Amend. 5; S.H.A. Const. Art. 1, S 10. | "Regardless of whether it is the state or the defendant seeking a trial de novo, do double jeopardy principles preclude the state from reprosecuting the defendant?" | 015684.docx | LEGALEASE-00166407-LEGALEASE-00166408 |
| Simonds v. State, 799 P.2d 1210 | 135H+1 | Double jeopardy provisions of State and Federal constitutions have same meaning and are coextensive in application; each protects against second prosecution for same offense after acquittal, second prosecution for same offense after conviction, and multiple punishments for same offense. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 11. | Do the federal and the state double jeopardy provision have the same meaning? | Double Jeopardy - Memo 639 - C - PC_68416.docx | ROSS-003282048-ROSS-003282049 |
| Teachers Ins. Co. v. Berry, 901 F. Supp. 322 | 13+27(1) | Under Florida law, nature of cause of action against insurer for bad faith failure to settle is ex contractu and, thus, sounds in contract, not tort. | Is a bad faith claim against an insurer an action ex contractu? | Action - Memo 963 - C _1P4EaUCF9-qPcZs5Vvqa1CxWMPTeObDB-.docx | ROSS-000000053-ROSS-000000054 |
| State v. Ambrose, 598 P.2d 354 | 135H+98 | Trial court's sua sponte declaration of mistrial and discharge of jury in attempted homicide prosecution on basis of comments made by prosecutor in regard to expense and inconvenience of a retrial while jurors were being questioned with respect to likelihood that a verdict would be reached during further deliberations was not shown to be necessary, and, thus, the discharge operated as an acquittal and the constitutional guarantee against double jeopardy precluded a retrial. U.C.A.1953, 76-4-101, 76-5-203; U.S.C.A.Const. Amend. 5; Const. art. 1, S 12. | "Ought a defendant not to be put on a second trial for a same offense where, over defendant's objection, a jury has been discharged because a court did not like counsel's conduct?" | Double Jeopardy - Memo 579 - C -  SHB.docx | LEGALEASE-00056362-LEGALEASE-00056363 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United Capital Ins. Co. v. Brunswick Ins. Agency, 144 Ohio App. 3d 595 | 307A+692 | A dismissal may be conditioned upon the refiling of the action in an alternate forum, and other conditions may also be imposed. | Can a dismissal be conditioned upon the refiling of the action in an alternate forum? | 040850.docx | LEGALEASE-00167083-LEGALEASE-00167084 |
| In re Smith Barney, 975 S.W.2d 593 | 349A+10 | Under South Carolina law, labels used by parties to describe their agreement are helpful, but not conclusive per se, in distinguishing lease from disguised security agreement. S.C.Code 1976, S 36-1-201(37). | "Are labels used by parties to describe their agreement helpful, but not conclusive per se?" | 042641.docx | LEGALEASE-00166933-LEGALEASE-00166934 |
| State ex rel. Pub. Welfare Comm'n v. Malheur Cty. Court, 185 Or. 392 | 371+2013 | The power to tax is a legislative power which cannot be delegated to an administrative body, but a county court is a governmental body to which both the power and the duty to tax may be delegated. | Can the legislature delegate the power to tax to an administrative board? | Taxation - Memo 1316 - C - NK.docx | LEGALEASE-00056644-LEGALEASE-00056645 |
| Expedia v. City of New York Dep't of Fin., 22 N.Y.3d 121 | 371+2016 | Legislature's delegation of taxing power to local governments is fundamentally limited by the constitution, as the Legislature must describe with specificity the taxes authorized by any enabling statute. McKinney's Const. Art. 16, S 1. | "Should the legislature describe with specificity, the taxes authorized by any enabling statute?" | 046554.docx | LEGALEASE-00166522-LEGALEASE-00166523 |
| Mountain View/Evergreen Imp. & Serv. Dist. v. Brooks Water & Sewer Dist., 896 P.2d 1355 | 371+2016 | Only duly elected government officials of state, county, or municipality can authorize taxation for public as a whole. | Who can authorize taxation for public as a whole? | Taxation - Memo 1324 - C - AD_68518.docx | ROSS-003294205-ROSS-003294206 |
| State ex rel. Bd. of Health Ctr. Trustees of Clay Cty. v. Cty. Comm'n of Clay Cty., 896 S.W.2d 627 | 371+2016 | Political subdivision's power to tax is contingent upon grant of authority to tax by the legislature. V.A.M.S. Const. Art. 6, S 7; Art. 10, SS 1, 2, 15. | What is contingent upon grant of authority to tax by the legislature? | Taxation - Memo 1325 - C - AD_68519.docx | ROSS-003281954-ROSS-003281955 |
| Greater Poughkeepsie Library Dist. v. Town of Poughkeepsie, 81 N.Y.2d 574 | 371+2016 | Power to tax may not be delegated to administrative agencies or other governmental departments. McKinney's Const. Art. 3, S 1; Art. 16, S 1. | Can the power to tax be delegated to administrative agencies or other governmental departments? | Taxation - Memo 1328 - C - AK_68522.docx | ROSS-003281477-ROSS-003281478 |
| City of Camden v. Byrne, 82 N.J. 133 | 371+2016 | Even an impost for county and township purposes is a state tax; it can be imposed by no other authority. | Is an impost for county and township purposes a state tax? | 046589.docx | LEGALEASE-00166619-LEGALEASE-00166620 |
| Welch v. Town of Ludlow, 136 Vt. 83 | 371+2016 | Legislature, having the power to tax, can confer that power upon towns in such a manner as it pleases; state has ultimate control over methods used for local taxation. 32 V.S.A. S 3431; S 3408, Laws 1965, No. 178. | Can the legislature confer the power to tax upon towns in such a manner as it pleases? | 046591.docx | LEGALEASE-00166623-LEGALEASE-00166624 |
| Smith v. State Indus. Comm'n, 1938 OK 167 | 377E+12(1) | The offense of corruption by threat against a public servant involves a threat made with an intent to influence a public servant to do, or not do, some discretionary act. | "What does the offense of ""corruption by threat"" involve?" | Threats - Memo #62 - C - LB_61263.docx | ROSS-003278521-ROSS-003278522 |
| Matter of R.D., 486 S.W.3d 130 | 3.77E+10 | It is immaterial to a threat offense whether the accused had the capability or the intention to carry out his threat. | Is it material to a threat offense whether the accused has the capability or intention to carry out his threat? | 046831.docx | LEGALEASE-00167371-LEGALEASE-00167372 |
| Caldwell v. Corbin, 152 Ga. App. 153 | 392T+6(1) | Administrative Procedure Act and statute governing review of findings of Board of Review of Employment Security Agency are in derogation of common law and must be strictly construed. Code, SS 3A-101 et seq., 54-619. | Is Administrative Procedure Act construed strictly? | 04773.docx | LEGALEASE-00077128-LEGALEASE-00077129 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cole v. State, 92 Okla. Crim. 316 | 349+105.1 | An affidavit to support a search warrant cannot be made by proxy, for affiant must do some unequivocal act in presence of magistrate showing an indication that he intended to take oath. | Can an affidavit be given by a proxy? | 07303.docx | LEGALEASE-00077633-LEGALEASE-00077634 |
| Creative Ventures v. Jim Ward & Assocs., 195 Cal. App. 4th 1430 | 38+100 | The general rule is that the assignee takes subject to all equities and defenses existing in favor of the maker. West's Ann.Cal.Civ.Code S 1459. | Does the assignee stand on the same footing with regard to the equities and defenses available to the maker? | 06646.docx | LEGALEASE-00077767-LEGALEASE-00077769 |
| Henderson v. U.S Patent Comm'n, Ltd., 188 F. Supp. 3d 798 | 25T+112 | A party may not be compelled under the Federal Arbitration Act (FAA) to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so. 9 U.S.C.A. S 4. | Can parties be forced to arbitrate on a class-wide basis? | 05001.docx | LEGALEASE-00078087-LEGALEASE-00078088 |
| State v. Yell, 104 N.H. 87 | 146+27 | Word "fraudulent" in indictment charging embezzlement includes "intent" to do act and is descriptive of motive. | What does the word fraudulent imply in an indictment charging embezzlement? | 05347.docx | LEGALEASE-00080801-LEGALEASE-00080802 |
| State v. Yell, 104 N.H. 87 | 146+27 | Word "fraudulent" in indictment charging embezzlement includes "intent" to do act and is descriptive of motive. | What does the word fraudulent imply in an indictment charging embezzlement? | 05821.docx | LEGALEASE-00080903-LEGALEASE-00080904 |
| United States v. Henry, 111 F.3d 111 | 24+769 | Power of Congress to control immigration is plenary and vests Congress with broad discretion in defining offenses in the area. | Does Congress have plenary power over immigration? | Aliens Immigration and Citizenship - Memo 1 - RK.docx | ROSS-003324348-ROSS-003324349 |
| Harper v. State Farm Mut. Auto. Ins. Co., 484 So. 2d 737 | 8.30E+294 | A "check" is a negotiable instrument, defined in relevant part as a draft, other than a documentary draft, payable on demand and drawn on a bank, and inherent in its definition, a check is a promise to pay which can be taken by the bearer or indorsee and cashed or converted on demand into federal reserve notes equaling the value stated on the check. West's Ga.Code Ann. S 11-3-104(f). | Are checks negotiable instruments? | Bills and Notes - Memo 20 - RK.docx | ROSS-003287719-ROSS-003287720 |
| Marshall v. Wait, 628 F.2d 1255 | 216+3 | An individual who enters a particular industry is put on notice of the likelihood of unannounced nonconsensual warrantless inspections by both the history and degree of regulation and, by accepting the benefits of the trade, he also accepts the burden of regulation and thereby consents to the necessity of inspection; consequently, there can be no reasonable expectation of privacy at least as to administrative inspections. U.S.C.A.Const. Amend. 4. | Is an individual operating within a highly regulated industry bound to administrative inspection? | 00827.docx | LEGALEASE-00083971-LEGALEASE-00083972 |
| Levine v. 418 Meadow St. Assocs., 163 Conn. App. 701 | 30+1 | The right to an appeal is not a constitutional one; rather, it is but a statutory privilege available to one who strictly complies with the statutes and rules on which the privilege is granted. | Is right to appeal constitutional? | 05111.docx | LEGALEASE-00084197-LEGALEASE-00084198 |
| Wilmington Tr. Co. v. Clark, 289 Md. 313 | 368+1 | Under the English common law, suicide was a felony punishable by ignominious burial on the highway and forfeiture of the suicide's goods and chattels to the king. | Is suicide a felony? | 05164.docx | LEGALEASE-00084199-LEGALEASE-00084200 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Final Exit Network, 889 N.W.2d 296 | 92+1807 | Statute criminalizing assisting suicide was narrowly tailored to serve the government's compelling interest in the preservation of human life, and therefore survived strict scrutiny in challenge to statute as a content-based restriction violating the First Amendment as applied to right-to-die organization's actions of advising member who committed suicide as to suicide methods, observing member's connection of suicide device, and removal and disposal of suicide equipment; state had a compelling interest in the preservation of member's life and the prevention of her suicide, despite fact that she had an incurable condition and suffered from chronic pain, and organization's argument that statute was underinclusive because it only criminalized organizations' speech aimed at a specific individual despite availability of same information from other sources was foreclosed by precedent from state supreme court that found the statute narrowly tailored. U.S. Const. Amend. 1; Minn. Stat. Ann. S 609.215(1). | Does the state have a compelling interest in preventing suicide? | 05168.docx | LEGALEASE-00084220-LEGALEASE-00084221 |
| Power Oil Co. v. Cochran, 138 Neb. 827 | 92+2500 | The wisdom of Legislature in intrusting broad powers in division of motor fuels in department of agriculture and inspection with respect to determining program for inspection of refined petroleum products is not a matter of judicial determination, since courts are not arbiters of legislative wisdom but function as a check upon unauthorized and unconstitutional assumptions of power, and in an action attacking validity of statute as providing for excessive inspection fees, only question for determination by court is whether the fees are reasonably necessary to defray expense of inspection. Laws 1933, c. 116, S 3; Laws 1939, c. 85. | Will courts interfere in charging inspection fees? | 05126.docx | LEGALEASE-00084246-LEGALEASE-00084247 |
| State v. Final Exit Network, 889 N.W.2d 296 | 92+1807 | Statute criminalizing assisting suicide was narrowly tailored to serve the government's compelling interest in the preservation of human life, and therefore survived strict scrutiny in challenge to statute as a content-based restriction violating the First Amendment as applied to right-to-die organization's actions of advising member who committed suicide as to suicide methods, observing member's connection of suicide device, and removal and disposal of suicide equipment; state had a compelling interest in the preservation of member's life and the prevention of her suicide, despite fact that she had an incurable condition and suffered from chronic pain, and organization's argument that statute was underinclusive because it only criminalized organizations' speech aimed at a specific individual despite availability of same information from other sources was foreclosed by precedent from state supreme court that found the statute narrowly tailored. U.S. Const. Amend. 1; Minn. Stat. Ann. S 609.215(1). | Does the state have a compelling interest in preventing suicide? | Suicide - Memo 20 - AKA.docx | ROSS-003285717-ROSS-003285718 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Davis v. Kraff, 405 Ill. App. 3d 20 | 307A+3 | Whether a motion in limine should be granted is subject to the trial court's discretion. | Is a motion in limine granted subject to the discretion of the trial court and will not be reversed on appeal absent a clear showing of an abuse of that discretion? | 05214.docx | LEGALEASE-00084898-LEGALEASE-00084899 |
| Davis v. Kraff, 405 Ill. App. 3d 20 | 307A+3 | Whether a motion in limine should be granted is subject to the trial court's discretion. | Is a motion in limine granted subject to the discretion of the trial court and will not be reversed on appeal absent a clear showing of an abuse of that discretion? | 05688.docx | LEGALEASE-00084980-LEGALEASE-00084981 |
| Doe v. Unocal Corp., 110 F. Supp. 2d 1294 | 24+763 | Violations of international law actionable under Alien Tort Claims Act (ATCA) must be of a norm that is specific, universal, and obligatory. 28 U.S.C.A. S 1350. | "Should a ""norm of international law"" be specific, universal, and obligatory?" | 06529.docx | LEGALEASE-00085048-LEGALEASE-00085049 |
| Telles v. Dewind, 140 A.D.3d 1701 | 129+107 | Conduct does not have to take place in public in order for a person to be found guilty of disorderly conduct, so long as the person recklessly creates a risk of a public disturbance. McKinney's Penal Law S 240.20(1). | When is a person guilty of disorderly conduct? | 10780.docx | LEGALEASE-00085396-LEGALEASE-00085397 |
| Brandt v. MillerCoors, 2013 IL App (1st) 120431 | 307A+687 | A motion to dismiss based upon certain defects or defenses admits the sufficiency of the claim but asserts affirmative matter that defeats the claim; the motion takes as true all well-pleaded facts and all reasonable inferences taken from those facts. S.H.A. 735 ILCS 5/2-619. | Can the motion consider all well-pleaded facts and all reasonable inferences taken from those facts as true? | 11080.docx | LEGALEASE-00094289-LEGALEASE-00094290 |
| Rector v. Dep't of Labor & Indus. of State of Wash., 61 Wash. App. 385 | 413+2 | Industrial insurance claim is governed by explicit statutory directives and not by common law. West's RCWA 51.04.010 et seq. | Is an industrial insurance claim governed by common law? | 11450.docx | LEGALEASE-00094347-LEGALEASE-00094348 |
| Chase v. Ameriquest Mortg. Co., 155 N.H. 19 | 366+1 | Equitable subrogation applies where one who has discharged the debt of another may, under certain circumstances, succeed to the rights and position of the satisfied creditor. | When does subrogation apply? | Subrogation - Memo 75 - ANG C.docx | ROSS-003325099-ROSS-003325100 |
| Thompson v. Nagle, 118 F.3d 1442 | 352H+32 | Under Alabama law, conviction for rape requires evidence that victim was alive at time of intercourse. Ala.Code 1975, S 13A-6-61(a). | Does a conviction for rape require the victim to be alive when it was committed? | Sex Offence - Memo 11 - BP.docx | ROSS-003285336-ROSS-003285338 |
| Dunn & Black, P.S. v. United States, 366 F. Supp. 2d 1008 | 170B+3079(8) | Whether equitable subrogation applies in a case presents a question of state law; whether the doctrine is applicable to any particular case depends upon the peculiar facts and circumstances of such case. | Does the question of whether equitable subrogation applies to any particular case depend upon the peculiar facts and circumstances of such case? | 043685.docx | LEGALEASE-00121286-LEGALEASE-00121287 |
| Holsomback v. Akins, 134 Ga. App. 543 | 162+221(4.1) | Where check was given by payee's stepmother in consideration of payee's relinquishment of his share of his father's estate, a contract was formed with stepmother which was binding on her estate and which was not revoked by stepmother's death, and in such case the check might be used as evidence in support of payee's claim of indebtedness against the stepmother but not as evidence of the indebtedness itself. Code, S 113-1525. | Can a check be used as evidence in support of the payees claim of indebtedness? | 009505.docx | LEGALEASE-00125076-LEGALEASE-00125077 |
| Warminster Twp. Mun. Auth. v. Pennsylvania Pub. Util. Comm'n, 185 Pa. Super. 431 | 317A+113 | What may constitute a need for service justifying issuance of a certificate of public convenience depends upon locality involved and particular circumstances of each case. | What does the constitution of a need for a service depend on? | 042458.docx | LEGALEASE-00127551-LEGALEASE-00127552 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. McGee, 432 F. Supp. 557 | 34+1 | Providing for the common defense is the obligation of the national military establishment and such obligation runs to all citizens irrespective of location. U.S.C.A.Const. art. 1, S 8. | Is providing for the common defense an obligation of the military? | 008295.docx | LEGALEASE-00128575-LEGALEASE-00128576 |
| Champion Auto Sales v. Polaris Sales Inc., 943 F. Supp. 2d 346 | 25T+139 | Under the Federal Arbitration Act (FAA), the Court resolves doubts in favor of arbitration and enforces privately-negotiated arbitration agreements in accordance with their terms. 9 U.S.C.A. S 2. | How do courts enforce privately-negotiated arbitration agreements? | 007308.docx | LEGALEASE-00129083-LEGALEASE-00129084 |
| Wyoming Sawmills Inc. v. U.S. Forest Serv., 383 F.3d 1241 | 149E+679 | United States Forest Service's action will be reversed only if it is arbitrary, capricious, otherwise not in accordance with the law, or not supported by substantial evidence. | What is the standard of review for reviewing the Forest Services action? | 047586.docx | LEGALEASE-00129139-LEGALEASE-00129140 |
| Bogart v. Unified Sch. Dist. No. 298 of Lincoln Cty., Kansas, 432 F. Supp. 895 | 316P+194 | Purpose of tenure and continuing contract laws is to give recognition to a constitutionally protectible interest. K.S.A. 72-5411. | What is the purpose of tenure and continuing contract laws? | 016962.docx | LEGALEASE-00129235-LEGALEASE-00129236 |
| Ellis v. Gilbert, 19 Utah 2d 189 | 307A+742.1 | Among proper purposes in proceedings before trial is exploration of possibility of resolving dispute without trial. | What is among the proper purposes in proceedings before trial? | 026321.docx | LEGALEASE-00129811-LEGALEASE-00129812 |
| E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S., 269 F.3d 187 | 25T+141 | When the non-signatory to an arbitration agreement knowingly exploits the agreement containing the arbitration clause despite having never signed the agreement, courts prevent a non-signatory from embracing a contract, and then turning its back on the portions of the contract, such as an arbitration clause, that it finds distasteful. 9 U.S.C.A. S 1 et seq. | Is a non-signatory precluded from embracing a contract? | 007361.docx | LEGALEASE-00130218-LEGALEASE-00130219 |
| Carnes v. Meadowbrook Exec. Bldg. Corp., 17 Kan. App. 2d 292 | 307A+742.1 | Primary purposes of pretrial conference are to reduce, if not completely remove, uncertainty from trial, to determine exactly what issues are involved, and to establish what procedures are to be followed. | What is the primary purpose of a pretrial conference? | Pretrial Procedure - Memo # 1480 - C - ES.docx | ROSS-003314510-ROSS-003314511 |
| Wozniak v. Miles, 2002 WL 31429805 | 46H+627 | Attorney and law firm representing online music partnership in negotiations concerning its acquisition owed no duty to minority partner who, having been unaware that negotiations were underway, sold his partnership interest before the acquisition occurred; minority partner believed firm owed him duty of care individually, given the small size of the partnership, the nature and scope of the legal representation, and his having been unaware that acquisition was imminent, but neither the attorney nor the firm had ever had contact with him, professionally or otherwise. West's Ann.Cal.Corp. Code S 16201; Prof.Conduct Rule 3-600(A). | Does the duty of care owed by an attorney to the partnership extend to the individual partners? | 022114.docx | LEGALEASE-00133521-LEGALEASE-00133522 |
| Candelario Del Moral v. UBS Financial Services Inc. of Puerto Rico, 81 F.Supp.3d 143 | 253+753 | Under Puerto Rico law, in absence of valid pre-nuptial agreement, legal conjugal partnership governs spouses' economic relationship during marriage. | Do conjugal partnerships end when the marriage is dissolved? | 022173.docx | LEGALEASE-00133574-LEGALEASE-00133575 |
| Maharishi Sch. Vedic Scis. v. Connecticut Constitution Assocs. Ltd. P'ship, 260 Conn. 598 | 308+99 | "Apparent authority" is that semblance of authority that a principal, through its own acts or inadvertences, causes or allows third persons to believe the principal's agent possesses. | What is an apparent authority in a principal-agent relation? | 042134.docx | LEGALEASE-00133740-LEGALEASE-00133741 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tippett v. United States, 185 F.3d 1250 | 34+5(3) | Information is considered misleading, for purpose of claim that provision of information amounted to misrepresentation that rendered discharge involuntary, if a reasonable person would have been misled by the representation; the misleading information can be negligently or even innocently provided, and, if the employee materially relies on the misinformation to his detriment, his retirement is considered involuntary. | Is a decision of a member of the military to resign or retire presumed to be voluntary? | 008450.docx | LEGALEASE-00134076-LEGALEASE-00134078 |
| Soliz v. State, 163 Tex. Crim. 508 | 110+507(7) | A prosecutrix in a statutory rape case is not an accomplice witness and a conviction for statutory rape can be sustained upon her uncorroborated testimony. | Can a prosecutrix become an accomplice in a rape case? | 043019.docx | LEGALEASE-00134764-LEGALEASE-00134765 |
| State v. Owen, 133 N.C. App. 543 | 352H+136 | A person who is present, aiding and abetting in a rape actually perpetrated by another, is equally guilty with the actual perpetrator of the crime. G.S. S 14-27.2(a)(1). | Is aiding and abetting in a rape equally guilt as rape? | 043023.docx | LEGALEASE-00134768-LEGALEASE-00134769 |
| Robbins v. Allstate Ins. Co., 362 Ill. App. 3d 540 | 307A+483 | A deemed admission for failing to respond to a request for admission is a judicial admission and is thus incontrovertible, even at the summary judgment stage. Sup.Ct.Rules, Rule 216(a). | "Where a party fails to properly respond to a request to admit facts, will those factual matters in the request be deemed judicial admissions which cannot later be controverted by any contrary evidence? " | 029661.docx | LEGALEASE-00135083-LEGALEASE-00135084 |
| Autry v. Bryan, 224 Va. 451 | 307A+716 | Client is not to be rewarded with continuance when there is unexplained, unexcused nonappearance by his attorney of record. | "Should a client be rewarded with continuance when there is unexplained,  unexcused non appearance by his attorney of record?" | 029245.docx | LEGALEASE-00135451-LEGALEASE-00135452 |
| Sayers v. Artistic Kitchen Design LLC, 280 Ga. App. 223 | 307A+472 | Purpose of requests for admissions is to expedite trial and clarify the issues in a case, not gain tactical advantage over an opponent. | May requests for admissions not be used as a tactical device to trap unwary pro se litigants? | 029993.docx | LEGALEASE-00136712-LEGALEASE-00136713 |
| Morris v. McElroy, 219 Ala. 369 | 307A+723.1 | Authority to grant or refuse continuance resides in court, not trial judge. | "Does the authority to grant or refuse continuance reside in court, not a trial judge?" | 030573.docx | LEGALEASE-00137881-LEGALEASE-00137882 |
| Teesdale v. City of Chicago, 792 F. Supp. 2d 978 | 129+110 | Loudness, by itself, is not enough to constitute disorderly conduct under Illinois law; instead, surrounding circumstances must be considered. S.H.A. 720 ILCS 5/26-1(a)(1). | "Is loudness, by itself, enough to constitute disorderly conduct?" | 014409.docx | LEGALEASE-00138360-LEGALEASE-00138361 |
| Scott By & Through Scott v. Flynt, 704 So. 2d 998 | 307A+36.1 | Under no circumstances should a court order require plaintiff in medical malpractice or other action to release medical information unconditionally. Code 1972, S 13-1-21; Rules of Evid., Rule 503. | Should a court order or require a person to release medical information unconditionally? | Pretrial Procedure - Memo # 4865 - C - VA.docx | ROSS-003291145-ROSS-003291146 |
| Cropp v. Woleslagel, 207 Kan. 627 | 307A+742.1 | In the encouragement of settlement at a pretrial conference, it is not function of trial court to coerce or compel a litigant to make a settlement. K.S.A. 60-216. | Can a court compel a litigant to make a settlement during a pretrial conference? | 026351.docx | LEGALEASE-00139043-LEGALEASE-00139044 |
| DuBois v. Workers' Comp. Appeals Bd., 5 Cal. 4th 382 | 413+2 | Right to workers' compensation benefits is wholly statutory and is not derived from common law. West's Ann.Cal. Const. Art. 14, S 4. | Is the right to benefits from workers compensation entirely or wholly statutory? | Workers Compensation - Memo #296 ANC.docx | ROSS-003303797-ROSS-003303798 |
| State v. W.R., Jr., 181 Wash. 2d 757 | 352H+191 | Once a defendant asserts a consent defense to a charge for rape involving forcible compulsion and provides sufficient evidence to support the defense, the State bears the burden of proving lack of consent as part of its proof of the element of forcible compulsion. West's RCWA 9A.44.050(1)(a). | Does the State have the burden of proof in rape cases involving questions of consent? | 043083.docx | LEGALEASE-00143412-LEGALEASE-00143413 |
| Sizemore v. State, 10 Md. App. 682 | 352H+184 | A jury may infer penetration from the physical condition of the victim soon after the incident. | Can a jury infer penetration from the physical condition of the victim? | 043101.docx | LEGALEASE-00143446-LEGALEASE-00143447 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mueller v. Brunn, 101 Wis. 2d 231 | 401+5.1 | Person's interest in water in well is interest in real property and not riparian right for purposes of statute establishing venue in cases involving injury to real property. W.S.A. 801.50(1)(a), 990.01(35). | Is the contamination of water an injury to real property with respect to the venue rules? | 047510.docx | LEGALEASE-00144916-LEGALEASE-00144917 |
| Allied Gas & Chem. Co. v. Federated Mut. Ins. Co., 365 N.W.2d 26 | 307A+676 | If there is an appeal, or if other grounds for an exemption are established, automatic dismissal rule is inapplicable, and is not renewed until a notice under rule is again sent after grounds for exemption are removed. Rules Civ.Proc., Rule 215.1. | " If there is an appeal, or if other grounds for an exemption are established, is the automatic dismissal rule inapplicable?" | 036108.docx | LEGALEASE-00148059-LEGALEASE-00148060 |
| Hayes v. Midland Credit Co., 173 Minn. 554 | 83E+412 | Person lending commercial paper to accommodate another may limit use to be made thereof, unless it passes to holder in due course. | Can the accommodation party limit the use of accommodation paper for a specific purpose? | Bills and Notes- Memo 677-PR_57907.docx | ROSS-003320892 |
| Milwaukee Am. Ass'n v. Landis, 49 F.2d 298 | 25T+163 | Good-faith submission to arbiter is proper, and decision is binding, unless unsupported by evidence, or without legal foundation. | Is a submission in good faith to an arbiter controverted question considered proper and binding? | 007847.docx | LEGALEASE-00148882-LEGALEASE-00148883 |
| Thomas v. Leonard Truck Lines, 7 So. 2d 753 | 156+3(1) | A pleader is not "estopped" by judicial allegations which have neither deceived nor damaged anyone. | Is a pleader estopped by judicial allegations which have neither deceived nor damaged anyone? | 018083.docx | LEGALEASE-00149111-LEGALEASE-00149112 |
| Cuka v. State, 80 S.D. 232 | 200+80 | Under option agreement specifically stating purpose of acquiring plaintiff's property was to secure necessary right of way for highway purposes only, easement was all that state could acquire regardless of form of instrument of conveyance. SDC 1960 Supp. 28.13A01-28.13A03. | Can state acquire easement regardless of the form of the instrument of conveyance? | 019078.docx | LEGALEASE-00149726-LEGALEASE-00149727 |
| Behrman v. Louisiana Ry. & Nav. Co., 127 La. 775 | 156+3(1) | A party is not estopped by allegations of law unsuccessfully made in a former suit. | Is a party estopped by allegations unsuccessfully made in a former suit? | Estoppel - Memo #18 - C - CSS_58593.docx | ROSS-003278916-ROSS-003278917 |
| Daskam v. Ullman, 74 Wis. 474 | 38+97 | By the assignment of a contract in writing at its face value, the assignor impliedly warrants that the maker is liable, unless the contrary clearly appears. | Does the assigner of an instrument impliedly warrant validity? | Bills and Notes - Memo 843 - RK_60296.docx | ROSS-003279856-ROSS-003279857 |
| LVNV Funding v. Mavaega, 527 S.W.3d 128 | 38+90 | An assignee steps into the shoes of its assignor; it acquires no greater rights than those held by the assignor at the time of the assignment. | Can an assignee acquire greater rights than which the assignor has? | 009053.docx | LEGALEASE-00157093-LEGALEASE-00157094 |
| Stiles v. Farrar, 18 Vt. 444 | 83E+484 | The interest of the payee in a note not negotiable may be assigned; and if assigned, and notice thereof is given to the maker, and an action is commenced upon the note in the name of the payee for the benefit of the assignee, the equitable interest of the assignee will be protected at law. This is not now an open question. | Can a note which is not negotiable be assignable? | 009103.docx | LEGALEASE-00157169-LEGALEASE-00157170 |
| Indiana Nat. Bank of Indianapolis v. Goss, 208 F.2d 619 | 8.30E+10 | Under Illinois law, law of place of payment of note is the law which will govern the nature, validity, interpretation, and effect of the obligation. | Which law governs the nature and validity of a contract? | Bills and Notes - Memo 1396 - JK_64836.docx | ROSS-003296483-ROSS-003296484 |
| John Hancock Mut. Life Ins. Co. v. Fid.-Baltimore Nat. Bank & Tr. Co., 212 Md. 506 | 8.30E+10 | Generally, law governing a bill or note is the law which the parties to the instrument intend to govern, and, therefore, if bill or note contains express provision that it shall be governed by laws of a particular state, such laws will govern. | Is the law which the parties to the instrument intended the proper law governing a bill or note? | Bills and Notes - Memo 1353 - RK_66256.docx | ROSS-003322851-ROSS-003322852 |
| Jackson v. United States, 398 F. Supp. 607 | 34+79(1) | Under Servicemen's Group Life Insurance Program, responsibilities of the United States are not those of insurer, and thus actions for nonpayment or other breach of policy lie against private insurer, and not the government. 38 U.S.C.A. S 775. | Are the responsibilities of the United States under the Servicemen's Group Life Insurance Program those of an insurer? | 008869.docx | LEGALEASE-00163920-LEGALEASE-00163921 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cilibrasi v. Reiter, 103 Cal. App. 2d 397 | 413+186 | Workmen's Compensation Act and Labor Code do not govern liability of one who is not the employer to an employee of another. West's Ann.Labor Code, SS 3201 et seq., 3859; West's Ann.Const. art. 20, S 21. | Can the liability of one who is not the employer to an employee be governed by workmens compensation? | 048563.docx | LEGALEASE-00164605-LEGALEASE-00164606 |
| Hackler v. Swisher Mower & Mach. Co., 284 S.W.2d 55 | 413+1709 | Where material facts relating to compensation claimant's status as employee were not disputed, question of existence of employee-employer relationship was one of law. V.A.M.S. SS 287.020, 287.030. | "How should the definition of employer, as well as the whole of the Workmens Compensation law be construed?" | 048802.docx | LEGALEASE-00164667-LEGALEASE-00164668 |
| State v. Letell, 103 So. 3d 1129 | 135H+5.1 | Double Jeopardy Clause protects the accused against multiple punishments for the same offense as well as a second prosecution for the same offense after acquittal or conviction. U.S.C.A. Const.Amend. 5. | Do federal and state constitutions provide that no person shall be put in jeopardy twice for the same criminal offense? | 016522.docx | LEGALEASE-00165344-LEGALEASE-00165345 |
| State ex rel. Pub. Welfare Comm'n v. Malheur Cty. Court, 185 Or. 392 | 371+2013 | The power to tax is a legislative power which cannot be delegated to an administrative body, but a county court is a governmental body to which both the power and the duty to tax may be delegated. | Can the legislature delegate the power to tax to an administrative board | 046550.docx | LEGALEASE-00166514-LEGALEASE-00166515 |
| Bennett v. Van Doren Indus., 262 Kan. 426 | 307A+680 | Legal sufficiency of claim is determined from well-pled facts in petition. Rules Civ.Proc., K.S.A. 60-212(b)(6). | Is the legal sufficiency of claim determined from well-pled facts in a petition? | Pretrial Procedure - Memo # 9288 - C - SB_61044.docx | ROSS-003279061 |
| Wake Cty. v. Hotels.com, 235 N.C. App. 633 | 307A+681 | Motion to dismiss for failure to state a claim is addressed solely to the sufficiency of the complaint. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | Is a motion to dismiss for failure to state a claim addressed solely to the sufficiency of the complaint? | Pretrial Procedure - Memo # 8221 - C - SJ_58796.docx | ROSS-003279135-ROSS-003279136 |
| Moore v. Indus. Acc. Fund, 80 Mont. 136 | 413+105 | Occupation, to be hazardous within Compensation Act, must be one of those enumerated or of same general character (Rev.Codes 1921, S 2852). | "Under the Compensation Act, are hazardous occupations limited to those enumerated and to others of the same general character?" | Workers' Compensation - Memo 697 - ANC_65530.docx | ROSS-003279418 |
| Binner v. Limestone Cty., 129 S.W.3d 710 | 307A+699 | Motion to reinstate is the failsafe to prevent improper dismissal of cases for failure to appear, for failure to dispose of case within Supreme Court's time standards for disposition, and for failure to diligently prosecute case. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subds. 1, 2. | Is a motion to reinstate the failsafe to prevent improper dismissal of cases for failure to appear? | Pretrial Procedure - Memo # 10829 - C - PC_64092.docx | ROSS-003280548-ROSS-003280549 |
| State v. Tedesco, 175 Conn. 279 | 308+92(1) | A principal may delegate to agent all that he himself can do except acts peculiarly personal or acts regulated by statute which are required to be performed personally. | "Can a principal delegate all acts, that he can do himself?" | Principal and Agent - Memo 207 - KC_60978.docx | ROSS-003281103 |
| Mavrix Photographs v. Livejournal, 873 F.3d 1045 | 308+1 | Whether an agency relationship exists depends on the level of control a principal exerts over the agent. | Does an agency relationship depend on the level of control? | Principal and Agent - Memo 564-SB_63580.docx | ROSS-003281213-ROSS-003281214 |
| Expedia v. City of New York Dep't of Fin., 22 N.Y.3d 121 | 371+2016 | Legislature's delegation of taxing power to local governments is fundamentally limited by the constitution, as the Legislature must describe with specificity the taxes authorized by any enabling statute. McKinney's Const. Art. 16, S 1. | "Should the legislature describe with specificity, the taxes authorized by any enabling statute?" | Taxation - Memo 1318 - C - PA_68512.docx | ROSS-003283386-ROSS-003283387 |
| In re Magnani, 223 B.R. 177 | 289+953 | Under Iowa law, dissolution does not effect change in partner's interest in specific partnership property. | Does dissolution effect a change in a partners interest in partnership property? | Partnership - Memo 542-RM_64665.docx | ROSS-003283402-ROSS-003283403 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re R.N., 356 S.W.3d 56 | 211+2096 | Trial court did not abuse its discretion, in proceeding for termination of parental rights, by failing to grant parents' motion for mistrial after therapist made reference on cross-examination by child protective services to father's criminal history, in violation of order granting a motion in limine; parents failed to moved to strike that testimony or to instruct jury to disregard it, and trial court could have concluded the violation was insufficiently consequential to warrant the severe sanction of a mistrial, or could also have determined that any prejudice could have been cured by an instruction to the jury to disregard had such a request been made. | "When a trial court issues an order granting a motion in limine, does the opposing party have a duty to comply with that order and to instruct the witnesses to do the same?" | Pretrial Procedure - Memo # 423 - C - SSB.docx | ROSS-003283851-ROSS-003283852 |
| Hinojosa v. Dep't of Nat. Res., 263 Mich. App. 537 | 148+266 | Causes of action of trespass-nuisance and unconstitutional taking are differentiated by their sources and by the damages recoverable; legislature has the constitutional authority to modify or abolish the common-law tort of trespass-nuisance, but an action that establishes an unconstitutional taking may not be limited except as provided by the Constitution because of the preeminence of the Constitution. M.C.L.A. Const. Art. 10, S 2; M.C.L.A. S 691.1407(1). | Can an action that establishes an unconstitutional taking be limited? | Eminent Domain - Memo 162 - GP.docx | ROSS-003284003-ROSS-003284004 |
| Pawn 1st v. City of Phoenix, 239 Ariz. 539 | 414+1006 | A zoning board has no powers except those granted by the statutes creating it, and its power is restricted to that granted by the zoning ordinance in accordance with the statute. A.R.S. S 9-462.06. | Do zoning boards have powers other than those granted by the zoning ordinance? | Zoning and planning - Memo 23 - JS.docx | ROSS-003284383-ROSS-003284384 |
| Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638 | 366+1 | Doctrine of equitable subrogation is not created by a contract, but by the legal consequences of the acts and relationships of the parties. | "Is ""equitable subrogation"" or ""legal subrogation"" broadly applied in every conceivable type of transaction in which the party invoking the doctrine has been required to pay a debt for which another is primarily answerable?" | Subrogation - Memo 228 - VG C.docx | ROSS-003284773-ROSS-003284774 |
| Harlan E. Moore Charitable Tr. v. United States, 812 F. Supp. 130 | 233+501 | Under Illinois law, most important element in determining whether landlord-tenant relationship or joint venture exists is intention of parties, and burden of proving existence of joint venture is on party who claims relationship exists. | Is intention an element to determine the relationship between a landlord and a tenant? | Landlord and Tenant - Memo 15 - RK.docx | ROSS-003284799-ROSS-003284801 |
| Morris v. State, 166 Ga. App. 137 | 67+22 | Indictment for burglary must specify location of burglary, and contain some allegation regarding ownership of burglarized premises. Code, S 27-701. | Does a burglary indictment have to specify the location of the burglary? | Burglary - Memo 84 - JK.docx | ROSS-003285834-ROSS-003285835 |
| Taylor v. Domestic Remodeling, 97 F.3d 96 | 172H+1581 | By commencing district court action to exercise their rescissory rights under the TILA prior to expiration of extended three-year period for rescinding home improvement contract, consumers gave required statutory notice of rescission, though consumers did not mail copy of their summons and complaint to defendant until some time later; filing of complaint itself constituted statutory notice of rescission under the TILA. Truth in Lending Act, S 125(f), 15 U.S.C.A. S 1635(f); 12 C.F.R. S 226.23(a)(3). | Does filing of a complaint constitute statutory notice of rescission? | Consumer Credit - Memo 120-IS_60297.docx | ROSS-003285911-ROSS-003285912 |
| Frank v. Am. Gen. Fin., 23 F. Supp. 2d 1346 | 25T+143 | Existence of an arbitration agreement between a plaintiff and a defendant does not necessarily mean that all of the plaintiff's claims against that defendant are arbitrable under the agreement. | Does the existence of an arbitration agreement betweena plaintiff and a defendant mean that all of the plaintiff's claims against the defendant are arbitrable? | Alternative Dispute Resolution - Memo 546 - RK.docx | ROSS-003286533-ROSS-003286535 |
| Simmons v. Brown, 497 F. Supp. 173 | 34+2 | Regulations of the various branches of the service must be in accordance with those of the Department of Defense. | Should regulations of various branches of the service be in accordance with those of the Department of Defense? | Armed Forces - Memo 48 - RK.docx | ROSS-003286602-ROSS-003286603 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| White v. Ballon, 149 N.Y.S.2d 82 | 307A+91 | Examinations of defendants by plaintiffs prior to trial are favored by the courts and are not to be thwarted on technicalities, and it is within their power themselves to define the scope where an examination is warranted. Civil Practice Act, S 296. | Are examinations of defendants by plaintiffs prior to trial favored by the courts and are not to be thwarted on technicalities? | Pretrial Procedure - Memo # 4450 - C - SK.docx | ROSS-003287802-ROSS-003287803 |
| In re Jones, 544 B.R. 692 | 172H+1247 | Under Alabama law, the 30-day redemption period for pledged goods starts at the date the pawn contract matures, not at the date the vehicle is repossessed. Ala. Code S 5-19A-6. | When does the 30-day redemption period start in a pawn contract? | Consumer Credit- Memo 3 - RK.docx | ROSS-003287951-ROSS-003287952 |
| Ulve v. City of Raymond, 51 Wash. 2d 241 | 388+243 | In action against city for wrongful death of decedent who was driving automobile which went off dock into river, instruction that one driving through fog must exercise a very high degree of care was prejudicially erroneous in that it conflicted with subsequent instruction which contained correct rule and was confusing to jury. | hat is the degree of care to be exercised while driving through dust? | Highways -Memo 161- IS.docx | ROSS-003288843-ROSS-003288844 |
| Razete v. United States, 199 F.2d 44 | 63+1(1) | "Graft" means an advantage which one person by reason of his peculiar position of superiority, influence or trust, exacts from another, and also includes the fraudulent obtaining of public money by the corruption of public officials. | "What is the meaning of the word ""graft""?" | Bribery - Memo #362 - C-CSS.docx | ROSS-003289204-ROSS-003289205 |
| Bonin v. Vannaman, 261 Kan. 199 | 13+27(1) | Nature of a claim-whether it sounds in tort or contract-is determined from pleadings and from real nature and substance of facts therein alleged. | "Is the nature of a claim, whether it sounds in tort or contracts, determined from the pleadings?" | Action - Memo 978 - C - MV_68602.docx | ROSS-003294575-ROSS-003294576 |
| State ex rel. Pub. Welfare Comm'n v. Malheur Cty. Court, 185 Or. 392 | 371+2013 | The power to tax is a legislative power which cannot be delegated to an administrative body, but a county court is a governmental body to which both the power and the duty to tax may be delegated. | Can the legislature delegate the power to tax to an administrative board? | Taxation - Memo 1316 - C - NK_68510.docx | ROSS-003296362-ROSS-003296363 |
| Lozada v. Dale Baker Oldsmobile, 91 F. Supp. 2d 1087 | 25T+134(6) | Arbitration clause in retail installment sales and security agreements involving sales of automobiles, providing for waiver by buyers of right to proceed by way of class action, was substantively unreasonable and unconscionable under Michigan law, due to failure to confer on arbitrator authority to provide injunctive and declaratory relief available to buyers under federal Truth in Lending Act (TILA) and state consumer protection act. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq.; M.C.L.A. S 445.911(3). | Are arbitration clauses enforceable as to TILA claims? | Alternative Dispute Resolution - Memo 362 - RK.docx | ROSS-003297732-ROSS-003297733 |
| In re Deuel, 361 B.R. 509 | 366+1 | Under California law, doctrine of equitable subrogation operates only when it does not work any injustice to rights of others. | Does the doctrine of equitable subrogation operate only when it does not work any injustice to the rights of others? | Subrogation - Memo 315 - RM C.docx | ROSS-003298007-ROSS-003298008 |
| Simpson v. Harper, 21 Tenn. App. 431 | 146+24 | Partner, though liable civilly for debts of partnership, was not liable criminally for the embezzlement by a copartner, done without partner's consent or knowledge. | "Can a partner, held civilly liable for embezzling partnership property, be held criminally liable? " | Embezzlement - Memo 48 - JS.docx | ROSS-003298015-ROSS-003298016 |
| Haitian Centers Council v. McNary, 969 F.2d 1350 | 24+490 | Haitian refugees intercepted in international waters are "alien(s)" for purposes of Immigration and Nationality Act provision prohibiting deportation of alien to country where his life or freedom would be threatened on account of his race, religion, nationality, social group membership, or political opinion; as used in Act, term "alien" means any person not citizen or national of United States. Immigration and Nationality Act, SS 101(a)(3), 243(h)(1), as amended, 8 U.S.C.A. SS 1101(a)(3), 1253(h)(1). | What does the term alien mean? | Aliens_ Immigration and citizenship- Memo 2 - RK.docx | ROSS-003298390-ROSS-003298391 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| McCabe v. Braunstein, 439 B.R. 1 | 366+1 | Under Massachusetts law, one of the primary purposes of equitable subrogation is to avoid unwarranted windfalls. | Is one of the primary purposes of equitable subrogation to avoid unwarranted windfalls? | Subrogation - Memo 181 - ANG C.docx | ROSS-003299244-ROSS-003299246 |
| Argonaut Ins. Co. v. C & S Bank of Tifton, 140 Ga. App. 807 | 366+1 | Subrogation is not founded upon contract, express or implied, but upon principles of equity and justice. | Is the right of subrogation founded upon express or implied contract? | Subrogation - Memo 1017 - C- CAT.docx | ROSS-003299361-ROSS-003299362 |
| State Bd. of Ret. v. Bulger, 446 Mass. 169 | 79+8 | The standard for removing a clerk-magistrate from office, where required by the "public good," is broad, and in contrast, the standard for pension forfeiture based on dereliction of duty is more narrow and specific. M.G.L.A. c. 211, S 4; c. 32, S 15(4). | What is the standard for pension forfeiture of a clerk based on dereliction of duty? | Clerks of court - Memo 123 - RK.docx | ROSS-003300233-ROSS-003300234 |
| United States v. Wechsler, 392 F.2d 344 | 63+1(1) | Deposit in bank by member of zoning board of check allegedly received in payment for his vote on application for re-zoning was "use of facility in interstate or foreign commerce" within meaning of statute prohibiting use of such facility for unlawful activity. 18 U.S.C.A. S 1952. | Does depositing a check constitute the use of a facility in interstate or foreign commerce? | Bribery - Memo #327 - C-CSS.docx | ROSS-003303972-ROSS-003303973 |
| F.D.I.C. v. Skotzke, 881 F. Supp. 364 | 83E+335 | Mere fact that promissory note was collateralized by mortgage did not affect its status as negotiable instrument. | Does the mere fact that a note is collateralized by a mortgage affect its status as a negotiable instrument? | Bills and Notes-Memo 1034 - SB_60159.docx | ROSS-003305748-ROSS-003305749 |
| Jackson v. Searcy, 628 So. 2d 887 | 308+1 | For agency relationship to exist, there must be meeting of the minds of principal and agent as to scope of agent's employment. | Should there be meeting of minds as to the scope of the agent's employment? | Principal and Agent - Memo 458- PR_63472.docx | ROSS-003306780-ROSS-003306781 |
| Mouawad Nat. Co. v. Lazare Kaplan Int'l Inc., 476 F. Supp. 2d 414 | 308+1 | Under New York law, the principal's power to control the agent is an essential element of an agency relationship; the essence of control in an agency sense is in the necessity of the consent of the principal on a given matter. | Is the principal's power to control the agent essential to an agency relationship? | Principal and Agent - Memo 515 - RK_63974.docx | ROSS-003306939-ROSS-003306940 |
| Dodge Data & Analytics LLC v. iSqFt, 183 F. Supp. 3d 855 | 386+6 | Under Ohio law, a trespass to chattel occurs when one intentionally disposes another of their personal property. | Is the intentional dispossession of another's personal property considered a trespass to chattel? | Trespass - Memo 117 - RK.docx | ROSS-003310860-ROSS-003310861 |
| Schedlmayer v. Trans Int'l Airlines, 99 Misc. 2d 478 | 50+31(1) | Negligence of bailor which contributes to loss of bailed item will generally exonerate bailee, and burden of proving such contributory negligence is upon the bailee. CPLR 1412. | "Will the negligence of the bailor, contributing to the loss, exonerate the bailee from liability?" | Bailment - Memo 38 - RK.docx | ROSS-003311892-ROSS-003311893 |
| Poorbaugh v. United States, 27 Fed. Cl. 628 | 148+2.2 | No taking of trees can occur unless government has taken underlying property; destruction of trees without taking of underlying land is characterized as tortious invasion or conversion and is not compensable in Court of Federal Claims. U.S.C.A. Const.Amend. 5. | Can taking of trees occur if the government hasn't taken the underlying property? | Eminent Domain - Memo 322 - GP.docx | ROSS-003313687-ROSS-003313688 |
| Mays v. Disneyland, 213 Cal. App. 2d 297 | 307A+742.1 | Purpose of pretrial is to expedite proceedings and to facilitate correct determination of issues and pretrial proceeding should not become trap for unwary. | Should the purpose of a pretrial proceeding becomea trap for the unwary? | Pretrial Procedure - Memo # 1336 - C - SB.docx | ROSS-003314656-ROSS-003314657 |
| Rinn v. First Union Nat. Bank of Maryland, 176 B.R. 401 | 366+1 | Founded on principles of natural reason and justice, subrogation is highly favored doctrine and expansively applied. | Is the doctrine of subrogation expansively applied? | Subrogation - Memo 194 - RM.docx | ROSS-003316741-ROSS-003316743 |
| City of Columbus v. Anglin, 120 Ga. 785 | 13+61 | The abstract and primary rights and duties of men are determined by the substantive law, which is ever in operation but no action can be based upon substantive law alone. When there is an invasion of primary rights, then, and not until then the adjective or remedial law becomes operative and under it arise rights of action. | When does remedial law become operative in a cause of action? | Action - Memo # 363.docx | ROSS-003322881-ROSS-003322883 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jacobson v. Fed. Deposit Ins. Corp., 407 F. Supp. 821 | 83E+642 | Under Iowa law, a negotiable instrument is discharged when the principal debtor becomes the holder thereof at or after maturity in his own right. I.C.A. SS 541.120(5), 554.3601-554.3606. | When is a negotiable instrument discharged? | Bills And Notes -Memo 52- AM_64596.docx | ROSS-003323958-ROSS-003323959 |
| Countryside Co-op. v. Harry A. Koch Co., 280 Neb. 795 | 366+2 | Generally, "subrogation" is the right of one, who has paid an obligation which another should have paid, to be indemnified by the other. | "Is subrogation the right of one, who has paid an obligation which another should have paid, to be indemnified by the other?" | Subrogation - Memo 343 - KG.docx | ROSS-003324053-ROSS-003324054 |
| River Bar Farms v. Moore, 83 Ark. App. 130 | 401+4 | In an action combining a transitory cause of action with a local cause of action, venue is determined by the essential character of the action. | How is venue determined when a transitory cause of action is combined with a local cause of action in a complaint? | Venue - Memo 59 - ANG.docx | ROSS-003329178-ROSS-003329179 |
| Brasher v. Craig, 483 S.W.3d 446 | 59+48(1) | The theories of boundary by acquiescence and adverse possession are separate and distinct legal doctrines. | Are the doctrines of boundary by acquiescence and adverse possession one and the same? | Adverse Possession - Memo 10 - RM.docx | ROSS-003285206-ROSS-003285208 |
| Lawrence v. Cooper Indep. Theatres, 177 Kan. 125 | 233+730 | Restrictions against assignment of lease constitutes prohibitions against the right of alienation, and they are not favored by court and are to be strictly construed, and are not implied. | Are restrictions on assignments strictly construed? | Assignments - Memo 2 - MS.docx | LEGALEASE-00000110-LEGALEASE-00000111 |
| In re Linerboard Antitrust Litig., 333 F. Supp. 2d 333 | 170B+3079(4) | Question of assignment of a federal antitrust claim is governed by federal common law. | Is the assignment of antitrust claim a matter of federal common law? | Assignments - Memo 5 - MS.docx | LEGALEASE-00000116-LEGALEASE-00000117 |
| State v. Longo, 132 N.J.L. 515 | 181+1 | The "person" defrauded, within meaning of forgery statutes, can be a state, county, or other governmental unit. | Does the person defrauded within the forgery statutes include government or other authorities? | 000144.docx | LEGALEASE-00115522-LEGALEASE-00115523 |
| State v. Spence, 131 Or. App. 392 | 181+1 | One is guilty of forgery when one makes instrument which purports to be authentic creation of its ostensible maker, but is not authentic because ostensible maker is fictitious. ORS 165.002(4), 165.007. | When is one guilty of forgery? | 000150.docx | LEGALEASE-00115417-LEGALEASE-00115419 |
| Cattle National Bank & Trust Co. v. Watson, 880 N.W.2d 906 | 195+1 | A "guaranty" is a contract by which the guarantor promises to make payment if the principal debtor defaults. | Will a promise to make payment for the default of another amount to guaranty? | 03636.docx | LEGALEASE-00077213-LEGALEASE-00077214 |
| Concierge Nursing Centers v. Antex Roofing, 433 S.W.3d 37 | 217+1000 | In an insurance arrangement, the insurer assumes the risk that a loss may occur in exchange for a premium payment; in this way, insurance companies are in the business of spreading losses across the premiums they receive. | "In an insurance arrangement, what is the risk that the insurer assumes?" | 000196.docx | LEGALEASE-00115430-LEGALEASE-00115432 |
| Riker v. Lemmon, 798 F.3d 546 | 253+228 | The Constitution protects a prisoner's fundamental right to marry; individuals do not lose this constitutional protection simply because they are imprisoned. | Do prisoners have a fundamental right to marry? | 000244.docx | LEGALEASE-00115472-LEGALEASE-00115473 |
| Anderson v. Goins, 187 S.W.2d 415 | 322H+189 | A deed conveying realty to minor girl in consideration of her agreement to marry grantor, who placed deed with grantee's mother for delivery to grantee after marriage, was not void as contrary to public policy under rule pertaining to marriage brokerage contracts, as mother obtained no benefit or promise of reward from grantor for consenting to marriage. | Will the courts consider marriage brokerage contracts as void? | Marriage and Cohabitation - Memo 5 - RM.docx | LEGALEASE-00000258-LEGALEASE-00000259 |
| State v. Harris, 104 P.3d 1250 | 350H+205 | Purpose of statute requiring state to provide notice of intent to seek hard 40 sentence is to make defendant aware of hard 40 prospect so as to be in a position to devise his or her strategy. K.S.A. 21-4624(1). | What purpose does a notice serve under law? | Notice - Memo 2 - VP.docx | LEGALEASE-00000268-LEGALEASE-00000269 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| AT&T Mobility LLC v. Concepcion, 563 U.S. 333 | 360+18.15 | The Federal Arbitration Act (FAA) preempts California's judicial rule stating that a class arbitration waiver is unconscionable under California law if it is found in a consumer contract of adhesion in a setting in which disputes between the contracting parties predictably involve small amounts of damages, and if it is alleged that the party with superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money, because that rule stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress in enacting the FAA, which include ensuring the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings; abrogating Discover Bank v. Superior Court, 36 Cal.4th 148, 30 Cal.Rptr.3d 76, 113 P.3d 1100. 9 U.S.C.A. S 2; West's Ann.Cal.Civ.Code SS 1668, 1670.5(a). | What is the prime objective of an agreement to arbitrate? | 004125.docx | LEGALEASE-00115623-LEGALEASE-00115625 |
| Bates v. Northwestern Human Services, 466 F. Supp. 2d 69 | 9+1 | While accounting is extraordinary remedy, it may nevertheless be appropriate when plaintiff is unable to determine how much, if any, money is due him from another. | What is accounting? | Account -Memo 2 - VP.docx | LEGALEASE-00000388-LEGALEASE-00000389 |
| Eubank v. First Nat. Bank of Bellville, 814 S.W.2d 130 | 195+1 | Guaranty creates secondary obligation whereby guarantor promises to answer for debt of another and may be called upon to perform once primary obligor has failed to perform. | How does a guaranty create a secondary obligation on the guarantor? | Guaranty - Memo 3 - RM.docx | LEGALEASE-00000519-LEGALEASE-00000520 |
| Meadows v. Belknap, 199 W. Va. 243 | 322H+319 | No particular words are necessary to create a life estate; any language in conveyance, which sufficiently shows grantor's intention will suffice. | How are life estates created? | Life Estates - Memo 8 - RM.docx | LEGALEASE-00000590-LEGALEASE-00000592 |
| Jenkins v. Jenkins, 784 S.W.2d 640 | 277+1 | Reasonable notice is prerequisite to court's power to order notice of a proceeding for a period of time different than that prescribed by rule governing notice. V.A.M.R. 44.01(d). | What is a prerequisite to the lawful exercise of the courts power? | Notice - Memo 5 - VP.docx | LEGALEASE-00000621-LEGALEASE-00000623 |
| Fredette v. Town of Southampton, 95 A.D.3d 940 | 21+13.1 | Absence of certificate of conformity for out-of-state affidavit is not fatal defect. | Is the absence of a certificate of conformity for a foreign or out-of-state affidavit a fatal defect? | 003771.docx | LEGALEASE-00115839-LEGALEASE-00115840 |
| In re Empyrean Biosciences Securities Litigation, 219 F.R.D. 408 | 170A+629 | Where securities fraud complaint in action brought pursuant to the Private Securities Litigation Reform Act (PSLRA) was otherwise lacking in substantive allegations, attached affidavit provided by plaintiffs' counsel, which contained evidentiary support for the absent allegations, was not a "written instrument" within meaning of rule providing that "(a) copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes," and thus it could not be considered by court as part of complaint. Securities Exchange Act of 1934, S 21D, as amended, 15 U.S.C.A. S 78u-4; Fed.Rules Civ.Proc.Rule 10(c), 28 U.S.C.A. | Can affidavits be considered as pleadings? | 07336.docx | LEGALEASE-00077580-LEGALEASE-00077581 |
| State v. Hamilton, 291 Or. 283 | 181+10 | Word "maker" as used in statute concerning false alteration of written instrument is to be understood in broad sense, as one who makes or executes, and, in such sense, endorser is also maker, since endorser is executing instrument. ORS 165.002 et seq., 165.002(1, 6, 8), 165.013. | Should the term maker be legally understood in a broad sense? | Forgery - Memo 20 - JS.docx | ROSS-003288674-ROSS-003288675 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| MJ & Partners Rest. Ltd. P'ship v. Zadikoff, 10 F. Supp. 2d 922 | 379+396 | Under Illinois law, as predicted by district court, exclusive licensee of the right to exploit a celebrity's name, likeness, or personality may state a cause of action for misappropriation of the right to publicity. | Is the right to exploit ones name or likeliness assignable? | 003906.docx | LEGALEASE-00115939-LEGALEASE-00115940 |
| Kelly v. Rainelle Coal Co., 135 W. Va. 594 | 124+8 | A "profit a prendre in gross" is in the nature of an estate in land rather than an easement and is assignable and inheritable. | Is profit a prendre in gross assignable and heritable? | Assignments - Memo 28 - MS.docx | ROSS-003302276-ROSS-003302278 |
| Monster Content v. HOMES.COM, 331 B.R. 438 | 51+2131 | Actual knowledge of a bankruptcy proceeding does not supplant the requirement of formal notice for a known creditor. U.S.C.A. Const.Amend. 5; 11 U.S.C.A. S 1141(d). | Will actual knowledge supplant a formal statutory notification? | 05856.docx | LEGALEASE-00089240-LEGALEASE-00089241 |
| Andrews v. Jackson Cty., 43 Mich. App. 160 | 1.49E+03 | There is no right to pollute; local government may take reasonable regulatory action under the police power to prevent pollution. | Is there a right to pollute? | 004004.docx | LEGALEASE-00116011-LEGALEASE-00116013 |
| Glens Falls Ins. Co. v. Consol. Freightways, 242 Cal. App. 2d 774 | 48A+144.1(4) | Proof of financial responsibility required by Automobile Financial Responsibility Law may be given by written certificate of insurance carrier authorized to do business in California that motor vehicle liability policy had been issued and is in effect, by deposit with motor vehicle department of $25,000, or by written certificate of self-insurer holding certificate of self-insurance. West's Ann.Vehicle Code, SS 16055, 16431, 16435, 16436. | Is a certificate of self-insurance a motor vehicle liability policy? | 03839.docx | LEGALEASE-00078135-LEGALEASE-00078137 |
| Hallock v. Bushauer, 113 N.J. Eq. 102 | 277+12 | Second purchaser, chargeable with notice of vendor's previous contract to another purchaser, will be compelled in equity to convey land to first purchaser. | "Can a second purchaser, having notice of a previous contract, be compelled to convey to a former purchaser holding such previous contract?" | Notice -Memo 31- JS.docx | ROSS-003282721-ROSS-003282722 |
| Pomeroy v. Sam Thorpe Min. Co., 37 Ariz. 541 | 277+12 | Notice of unrecorded instrument is equivalent to recording of it, with respect to person having such notice. | "Is a notice of unrecorded instrument equivalent to the recording of it, with respect to the person having such notice?" | 03846.docx | LEGALEASE-00078140-LEGALEASE-00078143 |
| Chapman v. Chapman, 526 So.2d 131 | 315+134 | Duty owed by life tenant to remaindermen is comparable to that of a trustee or quasi-trustee, as life tenant cannot injure the property to the detriment of the rights of the remaindermen. | What is the nature of relationship between a life tenant and a remainderman? | 004254.docx | LEGALEASE-00115995-LEGALEASE-00115996 |
| Burton v. Hilltop Care Ctr., 813 N.W.2d 250 | 15A+2202 | When determining whether an agency has been clearly vested with the authority to interpret a provision of law, reviewing court does not focus its inquiry on whether the agency does or does not have the broad authority to interpret the act as a whole; instead, each case requires a careful look at the specific language the agency has interpreted as well as the specific duties and authority given to the agency with respect to enforcing particular statutes. I.C.A. S 17A.19(10)(c, l). | Is it required that an agency be vested with express authority to interpret a statute? | Administrative Law - M_1-VoXZg2MuSr_IDFFIYQ3FI SDIJxYj3Fi.docx | ROSS-000000096-ROSS-000000097 |
| Oltarsh v. Turf Broadway, 12 Misc. 2d 984 | 25+5(2) | Changing a nonnegotiable instrument to one that is negotiable is a "material alteration" invalidating the note as against a holder in due course. Negotiable Instruments Law, SS 91, 205, 206. | Is a change of a writing from a non-negotiable instrument into a negotiable instrument a material alteration of the original instrument? | Forgery - Memo 31 - JS.docx | LEGALEASE-00001264-LEGALEASE-00001265 |
| S. Owners Ins. Co. v. Cooperativa De Seguros Multiples, 143 So. 3d 439 | 315+603 | The primary elements of ownership of property are the rights of possession, use and enjoyment, the right to change or improve the property, and the right to alienate the property. | What are the elements and rights ofownership of the property? | 003032.docx | LEGALEASE-00116085-LEGALEASE-00116086 |
| Cislo v. City of Shelton, 35 Conn. Supp. 645 | 268+63.1 | Courts must search for statutory authority for municipal enactment rather than search for a statutory prohibition against it. | Do the courts to search for a statutory prohibition for an enactment while determining whether a regulation was enacted within the authority of the enactor? | Zoning and Planning - Memo 26 - JS.docx | ROSS-003288135-ROSS-003288137 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Omega Protein v. Samson Contour Energy E&P LLC (In re Omega Protein), 548 F.3d 361 | 354+208 | Vessel owner has "privity" or knowledge of the unseaworthy conditions or negligent acts, such that owner may not limit its liability for maritime casualties, if he personally participated in the negligent conduct or brought about the unseaworthy condition. 46 U.S.C.A. S 30505(a). | "In maritime law, does privity and knowledge mean that a shipowner knew or should have known that a certain condition existed?" | Admiralty Law - Memo 13 - JS.docx | LEGALEASE-00001477-LEGALEASE-00001479 |
| United States v. Nueci-PeV±a, 711 F.3d 191 | 110+1030(2) | There was no plain error in defendant's conviction for possession with the intent to distribute over 1140 pounds of cocaine and heroin while on board a vessel in violation of the Maritime Drug Law Enforcement Act (MDLEA), on grounds that in enacting the MDLEA Congress exceeded its authority under the Piracies and Felonies Clause to define and punish piracies and felonies committed on the high seas by not requiring a nexus between the charged conduct and the United States; other circuit courts of appeal had held that the MDLEA was a constitutional exercise of Congress' power under the Piracies and Felonies Clause, and there was no Supreme Court precedent holding otherwise. U.S.C.A. Const. Art. 1, S 8, cl. 10; 46 U.S.C.A. SS 70502(c), 70503(a)(1), (b). | "How is ""a vessel without nationality"" defined under admiralty law?" | 004071.docx | LEGALEASE-00116142-LEGALEASE-00116143 |
| Sear v. Cadillac Auto. Co. of Boston, 501 F. Supp. 1350 | 25T+367 | Appeal is not required by Federal Constitution but is rightfully conferred by statute, and right of appeal from arbitration, which is informal adjudication, quasi-judicial in nature, is conferred by statute. 9 U.S.C.A. SS 1-14. | What is the nature of arbitration? | 004200.docx | LEGALEASE-00116269-LEGALEASE-00116270 |
| Vesta Fire Ins. Corp. v. New Cap Reinsurance Corp., 244 B.R. 209 | 51+2422.5(4.1) | While bankruptcy court supervising domestic insolvency may grant relief from automatic stay to allow creditor to commence or continue arbitration, the considerations involved in granting exception from injunction entered in ancillary proceedings concerning foreign debtors are markedly different, as such proceedings do not call for bankruptcy court to make any determination of debtor's property interests, or to make any determination concerning timing of liquidation or manner in which validity of creditors' claims are assessed. Bankr.Code, 11 U.S.C.A. S 304. | Is the right to litigate more substantial than the contractual right to arbitrate? | 004211.docx | LEGALEASE-00116280-LEGALEASE-00116282 |
| Maersk v. Neewra, 687 F. Supp. 2d 300 | 16+17.1 | A tort claim falls within a federal court's admiralty jurisdiction if (1) the alleged tort occurred on navigable water (the "location" or "situs" requirement), and (2) the activity giving rise to the incident had a substantial relationship to traditional maritime activity, such that the incident had a potentially disruptive influence on maritime commerce (the "connection" or "status" requirement). | What happens when a claim for relief falls within the federal courts' admiralty jurisdiction and also within the court's subject-matter jurisdiction? | 004081.docx | LEGALEASE-00116314-LEGALEASE-00116316 |
| City of San Antonio v. Pub. Util. Comm'n of Texas, 506 S.W.3d 630 | 15A+1262 | In general, a reviewing court must construe administrative rules, which have the same force as statutes, in the same manner as statutes. | Are administrative rules construed like statutes? | 004541.docx | LEGALEASE-00116370-LEGALEASE-00116371 |
| City of San Antonio v. Pub. Util. Comm'n of Texas, 506 S.W.3d 630 | 15A+1262 | In general, a reviewing court must construe administrative rules, which have the same force as statutes, in the same manner as statutes. | re administrative rules construed like statutes? | Environmental Law - Memo 23 - Duplicate has not been reviewed.docx | LEGALEASE-00002006-LEGALEASE-00002007 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Framlau Corp. v. Dembling, 360 F. Supp. 806 | 15A+1622 | Administrative Procedure Act, being remedial and not jurisdictional, cannot serve as an independent basis for jurisdiction. 5 U.S.C.A. S 701 et seq. | Is Administrative Procedure Act a jurisdictional statute? | 004271.docx | LEGALEASE-00116562-LEGALEASE-00116564 |
| United States v. Miller, 317 U.S. 369 | 148+122 | "Just compensation," within constitutional provision requiring that just compensation be given for private property taken for public use, means the full and perfect equivalent in money of property taken, so that owner will be put in as good position pecuniarily as he would have occupied if his property had not been taken. U.S.C.A.Const. Amend. 5. | What does the term just compensation imply under the law? | Eminent Domain - Memo 9 - AKA.doc | LEGALEASE-00002128-LEGALEASE-00002129 |
| Merrill v. Davis, 100 N.M. 552 | 253+201 | For a marriage to be valid, it must be formally entered into by contract and solemnized before an appropriate official. NMSA 1978, SS 40-1-1, 40-1-2. | Is a marriage valid without solemnization? | Marriage and Cohabitation - Memo 10 - MS.docx | LEGALEASE-00002203-LEGALEASE-00002204 |
| Bibiano v. Lynch, 834 F.3d 966 | 24+385 | Given unique circumstances of case in which alien, a Mexican citizen and transgender woman who returned to United States unlawfully following her removal pursuant to in absentia removal order issued by immigration judge (IJ) in the Ninth Circuit, petitioned for review of Board of Immigration Appeals (BIA) order upholding the denial of her request for withholding of removal by IJ in the Eleventh Circuit, the interests of justice favored keeping petition in the Ninth Circuit, as opposed to transfer pursuant to court's inherent authority; the government acknowledged that alien's confusion over venue was understandable, as case spanned multiple decision-makers and three jurisdictions, one of which was the Ninth Circuit where alien originally filed for asylum, there were no allegations of gamesmanship or forum shopping, case had been pending for more than a year and had been fully briefed under Ninth Circuit law, and transfer would waste judicial resources and cause unnecessary delay. | Can a court have jurisdiction even if it is not the proper venue? | 004464.docx | LEGALEASE-00116471-LEGALEASE-00116472 |
| Noell v. City of Carrollton, 431 S.W.3d 682 | 148+1 | Under state constitution's provision governing taking of property, state may not by declaration transform private property into public property under the police power. Vernon's Ann.Texas Const. Art. 1, S 17. | Can a state transform private property into public property? | Eminent Domain - Memo 13 - AKA.doc | LEGALEASE-00002343-LEGALEASE-00002344 |
| In re Estate of Sterile, 902 So. 2d 915 | 253+255 | A valid marriage according to the law of a foreign nation will be recognized as such in the United States. | Are foreign marriages recognized in the United States? | Marriage and Cohabitation - Memo 13 - RK.docx | LEGALEASE-00002360-LEGALEASE-00002361 |
| Dep't of Envtl. Prot. v. Landmark Enterprises, 3 So. 3d 434 | 1.49E+04 | Department of Environmental Protection (DEP), as a creature of statute, is governed by statute; it can exercise only the powers granted to it by the legislature. | Is the Department of Environmental Protection (DEP) limited to exercise those powers vested in it by the General Assembly? | Environmental law - Memo 7 - JS.docx | LEGALEASE-00002387-LEGALEASE-00002388 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Sanchez, 62 Wash. App. 329 | 110+1167(1) | Information alleging that defendant, while under the influence, or by operation of vehicle in reckless manner or with disregard for safety of others, did drive vehicle injuring victim, whose death was proximate result, gave notice of missing element of vehicular homicide of a causal connection between criminal conduct and death, and defendant failed to show that he was nonetheless actually prejudiced by inartful language, so that omission of causation element from information was not reversible error. West's RCWA 46.61.520(1). | Is death considered to be an essential element in vehicular homicide? | Homicide - Memo 6 - RM.docx | LEGALEASE-00002535-LEGALEASE-00002536 |
| E.P.A. v. Pollution Control Bd., 308 Ill. App. 3d 741 | 1.49E+18 | In an adjusted-standard proceeding the Pollution Control Board considers facts and circumstances relevant to the petitioner in the context of the factors the Board relied upon when adopting the pertinent rule of general applicability. S.H.A. 415 ILCS 5/28.1(c). | When does the Pollution Control Board grant an adjusted standard to a person in an adjudicatory determination? | Environmental Law - Memo 51 - AKA.doc | LEGALEASE-00002699-LEGALEASE-00002700 |
| Fountain Park Co. v. Hensler, 199 Ind. 95 | 148+1 | Constitutional provisions relating to eminent domain are not grants of power, but limitations on use of power inherent in sovereignty. | Do eminent domain provisions grant or limit the governments exercise of power? | Eminent Domain - Memo 23 - AKA.doc | LEGALEASE-00002815-LEGALEASE-00002816 |
| State ex rel. Eastvold v. Superior Court of State, Skagit Cty., 44 Wash. 2d 607 | 148+1 | Power of eminent domain does not depend for its existence on specific grant in Constitution but is inherent in sovereignty and exists in sovereign state without recognition thereof in Constitution. | Does the power of eminent domain depend for its existence upon any constitutional provisions? | Eminent Domain - Memo 28 - AKA.doc | ROSS-003284339-ROSS-003284340 |
| Head v. Head, 714 So. 2d 231 | 253+798 | Goodwill is recognized as incidental property right in connection with commercial businesses, and its value may properly be included in evaluation of community-owned commercial business, in contrast to one-person "professional" corporation where goodwill results solely from identity of professional and his or her personal relationship with patients or clients. | Is goodwill an incidental property in connection with commercial business? | 004758.docx | LEGALEASE-00116999-LEGALEASE-00117000 |
| Benavidez v. United States, 177 F.3d 927 | 272+201 | Mere allegation of negligence does not turn an intentional tort into negligent conduct. | Can a mere allegation of negligence turn an intentional tort into negligent conduct? | 004822.docx | LEGALEASE-00116822-LEGALEASE-00116823 |
| Cafferty v. State, Dep't of Transp., Div. of Motor Vehicle Servs., 144 Idaho 324 | 302+1 | The Rules of Civil Procedure establish a system of notice pleading. Rules Civ.Proc., Rule 8(a)(1). | Does the Rules of Civil Procedure establish a system of notice pleading? | 004844.docx | LEGALEASE-00116963-LEGALEASE-00116965 |
| Schedlmayer v. Trans Int'l Airlines, 99 Misc. 2d 478 | 50+31(1) | Negligence of bailor which contributes to loss of bailed item will generally exonerate bailee, and burden of proving such contributory negligence is upon the bailee. CPLR 1412. | "Will the negligenceof the bailor, contributing to the loss, exonerate the bailee from liability?" | 004950.docx | LEGALEASE-00117081-LEGALEASE-00117082 |
| Stapleman v. State, 680 P.2d 73 | 50+16 | Conversion of property by bailee may be committed by refusing to redeliver to bailor at expiration or completion of bailment. | What acts of the bailee constitute conversion of property?? | 004960.docx | LEGALEASE-00117091-LEGALEASE-00117092 |
| Wausau Ins. Co. v. All Chicagoland Moving & Storage Co., 333 Ill. App. 3d 1116 | 50+31(1) | A prima facie case of bailment creates a rebuttable presumption that the defendant acted negligently. | Is the presumption of negligence rebuttable in a bailment? | Bailment - Memo 51 - RK.docx | ROSS-003302952-ROSS-003302953 |
| Gvozdenovic v. United Air Lines, 933 F.2d 1100 | 25T+112 | Although party is bound by arbitral award only where it has agreed to arbitrate, agreement may be implied from party's conduct. | Is an arbitral award binding only when a party has agreed to arbitrate? | Alternative Dispute Resolution - Memo 94 - JS.docx | ROSS-003301109-ROSS-003301111 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fountain Park Co. v. Hensler, 199 Ind. 95 | 148+1 | Constitutional provisions relating to eminent domain are not grants of power, but limitations on use of power inherent in sovereignty. | Do eminent domain provisions grant or limit the governments exercise of power? | Eminent Domain - Memo 23 - AKA.doc | LEGALEASE-00003162-LEGALEASE-00003163 |
| Energy Transp., Ltd. v. M.V. San Sebastian, 348 F. Supp. 2d 186 | 25T+139 | In interpreting arbitration agreement, as in any other instance of contract interpretation, parties' intentions control, but those intentions are generously construed as to issues of arbitrability. | Are arbitration agreements creatures of contract law? | 004873.docx | LEGALEASE-00117133-LEGALEASE-00117135 |
| Deutch v. Hoffman, 165 Cal. App. 3d 152 | 310+111 | Statutes relating to civil death or suspension of civil rights of persons sentenced to prison are penal in nature and are to be strictly construed. | How should civil death statutes be construed? | 004969.docx | LEGALEASE-00117195-LEGALEASE-00117196 |
| Caplan v. Keystone Weaving Mills, 431 Pa. 407 | 30+87(5) | Order changing venue was not appealable where lower court exercised its discretion and made a choice between two courts which were of equal competence in the action, and the appeal did not question the jurisdiction of court of county where suit was instituted, nor did it dispute that such county was one of proper venue. Pa.R.C.P. No. 1006(d, e); 12 P.S. Appendix; 12 P.S. S 672. | "For procedural purposes, do the courts treat an objection to venue the same way as raising a question of jurisdiction?" | 005182.docx | LEGALEASE-00117267-LEGALEASE-00117269 |
| 20th Century Ins. Co. v. Garamendi, 8 Cal. 4th 216 | 15A+1057 | Adoption of regulations by administrative agency is action that is, in nature, quasi-legislative rather than quasi-adjudicative. West's Ann.Cal.Gov.Code SS 11342(b), 11346. | Is adoption of a regulation by an administrative agency a quasi-legislative act? | Administrative Law - Memo 162 - RK.docx | ROSS-003297521-ROSS-003297523 |
| Com. v. Fouse, 417 Pa. Super. 534 | 207+2 | Incest statute protects children from parental or familial sexual abuse and lessens chance of genetic defects while promoting solidarity of family unit. 18 Pa.C.S.A. S 4302. | Does oral intercourse amount to sexual intercourse under incest statutes? | 000468.docx | LEGALEASE-00117430-LEGALEASE-00117431 |
| Calvert & Marsh Coal Co. v. Pass, 393 So. 2d 955 | 386+1 | Wantonness in a trespass action is established by mere knowledge on the part of the defendant of his invasion of the plaintiff's rights. | What is the meaning of wantonness in a trespass action? | Trespass - Memo 45 - RK.docx | ROSS-003309016-ROSS-003309017 |
| In re Succession of Dysart, 206 So. 3d 357 | 253+833 | Mere mixing of separate funds and community funds in the same account does not of itself convert an entire account into community property. La. Civ. Code Ann. art. 2341. | Will it become a community property if separate funds and community funds are deposited in one account? | 005107.docx | LEGALEASE-00117321-LEGALEASE-00117322 |
| Skillstorm v. Elec. Data Sys., 666 F. Supp. 2d 610 | 91+516 | Legal malice required for claim of statutory conspiracy under Virginia law requires that defendant acted intentionally, purposefully, and without lawful justification to injure plaintiff; plaintiff need not prove that defendant's primary and overriding purpose was to injure plaintiff's reputation, trade, or business, but, importantly, plaintiff must prove that such a purpose was at least one of purposes of conspiracy. West's V.C.A. SS 18.2-499, 18.2-500. | What does the term legal malice mean? | 000568.docx | LEGALEASE-00117462-LEGALEASE-00117463 |
| Strei v. Blaine, 996 F. Supp. 2d 763 | 386+2 | Because trespass is an intentional tort under Minnesota law, reasonableness on the part of the defendant is not a defense to trespass liability. | Is reasonableness on the part of the defendant a defense for trespass? | Trespass - Memo 40 - RK.docx | ROSS-003313028-ROSS-003313029 |
| Daniel v. Morris, 181 So.3d 1195 | 386+14 | The injury caused by trespass to real property is the loss of the use and enjoyment of the land or injury to the land. Restatement (Second) of Torts S 158. | When does a trespass occur? | Trespass - Memo 18 - RK.docx | ROSS-003297657-ROSS-003297659 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Spiker v. W. Virginia Racing Comm'n, 135 W. Va. 512 | 315T+33 | Under the statute conferring power on the West Virginia Racing Commission to prescribe rules, regulations and conditions under which horse races should be conducted in the State, Commission has the authority to promulgate and enforce rules which provide that a horse owned by any person may be suspended when its saliva or urine shows presence of any narcotic, stimulant or drug, and that the purse won by a horse found to have been stimulated should be returned and redistributed. Code 19-23-12 to 19-23-23. | Can the Legislature grant regulatory power over horse racing to a State Racing Commission? | 000330.docx | LEGALEASE-00117682-LEGALEASE-00117684 |
| O'Meara v. Union Oil Co. of Cal., 212 La. 745 | 260+92.16 | The various powers conferred by the legislature by Act of 1940 on the Commissioner of Conservation and provision of the act requiring exhaustion of administrative remedy before relief can be sought from the courts, delegate to the Commissioner authority to find the facts upon which the law is to be applied in controversies over production and conservation of oil and gas resources in Louisiana. LSA-R.S. 30:4, 30:6(a), 30:8(a) et seq., 30:12, 30:14, 30:16. | Does the Commissioner of conservation have the authority to find the facts upon which the law is to be applied? | 000341.docx | LEGALEASE-00117693-LEGALEASE-00117694 |
| Conner v. Joe Hatton, 216 So. 2d 209 | 178+1.7 | Sections of statute authorizing Commissioner of Agriculture to include in a sweet corn marketing order provisions for grading, inspecting and regulating marketing practices in sweet corn industry, for establishment of plans and programs for advertising and sales promotion, and for carrying on research studies in production and distribution and for expenditure of money for such purposes do not constitute an unlawful delegation of legislative power. F.S.A. S 573.17(3) (a, b, d). | Is the authority vested in an administrative agency to regulate the grading and labeling of fruit an unlawful delegation of legislative authority? | 000347.docx | LEGALEASE-00117699-LEGALEASE-00117700 |
| U. S. Gypsum Co. v. Schiavo Bros., 668 F.2d 172 | 233+694 | Under Pennsylvania law, "holdover tenant" is one who unjustifiably refuses to surrender possession of a leasehold premises at end of term of lease. | What is a holdover tenant? | Landlord and Tenant - Memo 27 - TH.docx | LEGALEASE-00004425-LEGALEASE-00004426 |
| Folgueras v. Hassle, 331 F. Supp. 615 | 233+513 | Migrants living in labor camps were tenants within meaning of Michigan law and their tenancy entitled them, their guests, and representatives of assistance organizations to full rights of ingress and egress to and from their dwellings, and one of rights of tenancy with which landlord might not interfere was right to invite and associate with guests of tenant's own choosing. 42 U.S.C.A. SS 2809, 2861, 2862; Elementary and Secondary Education Act of 1965, SS 101, 103(6), 105(c), 20 U.S.C.A. SS 241a, 241c(6), 241e(c). | Are migrants living in labor camps considered tenants? | 000512.docx | LEGALEASE-00117635-LEGALEASE-00117636 |
| Zimmerman v. Al Jazeera Am., 246 F. Supp. 3d 257 | 237+32 | Under District of Columbia law, a valid claim for defamation requires a showing of legal harm, that is, defamation per se, or special harm as a result of the publication. | Is harm a necessary element of a defamation claim? | Libel and Slander - Memo 70 - RK.docx | ROSS-003298598-ROSS-003298599 |
| Funkhouser v. Ford Motor Co., 285 Va. 272 | 313A+133 | Manufacturer is not an insurer of its product's safety, and a manufacturer has a duty to warn only if it knows or has reason to know that its product is dangerous. | Does a manufacturer have a duty to warn about the product even if it is unaware of the dangerous nature of its product? | 000647.docx | LEGALEASE-00117896-LEGALEASE-00117897 |
| Allberry v. Parkmor Drug, 834 N.E.2d 199 | 313A+225 | When filling prescription for drug used to treat impotence, pharmacist had no duty to warn customer of drug's side effects or to give customer manufacturer's product information. | Does a pharmacist have a duty to warn a consumer of possible side effects associated with a prescription drug prescribed by a physician? | Products Liability - Memo 19- TH.docx | ROSS-003284483-ROSS-003284485 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Adkins v. Mong, 168 Mich. App. 726 | 313A+225 | Pharmacist had no duty to warn patient of potential side effects of substances it was dispensing in accordance with prescriptions submitted by licensed physician, all of which were valid on their face. | Does a pharmacist have a duty to warn a consumer of possible side effects associated with a prescription drug prescribed by a physician? | 000651.docx | LEGALEASE-00117907-LEGALEASE-00117908 |
| Wolfe v. Lewisburg Tr. & Safe Deposit Co., 305 Pa. 583 | 322H+3 | Questions respecting transfer of title to land are governed by laws of place where lands are situated. | Is the transfer of title to land governed by the law of the state where the land is situated? | Property - Memo 22 - JS.docx | ROSS-003312892-ROSS-003312894 |
| Smith v. State Indus. Comm'n, 1938 OK 167 | 92+4450 | Defendant's asserted "right" to participate in adult consensual incest was not a fundamental liberty interest protected by State Constitution. Const. Art. 1, S 8; Art. 11, S 8; T.C.A. S 39-15-302. | Does a person have a fundamental liberty to engage in incest? | 000783.docx | LEGALEASE-00117848-LEGALEASE-00117849 |
| Benton v. State, 265 Ga. 648 | 92+3781 | Incest statute which prohibits intercourse between stepfather and child under age of consent does not arbitrarily draw class of individuals subject to punishment and is rationally related to legitimate government interest of protection of children and family unity; thus, statute does not violate state or federal equal protection clauses. U.S.C.A. Const.Amend. 14; Const. Art. 1, S 1, Pars. 1, 2; O.C.G.A. S 16-6-22. | Do incest statutes violate equal protection rights of persons? | Incest - Memo 26 - ANG.docx | LEGALEASE-00004766-LEGALEASE-00004767 |
| Chemehuevi Indian Tribe v. Jewell, 767 F.3d 900 | 209+151 | Goal of Indian Nonintercourse Act is to ensure that tribal lands remain in tribal hands. 25 U.S.C.A. S 177. | What is the goal and purpose of the Indian Nonintercourse Act? | Indians - Memo 18 - MS.doc | LEGALEASE-00004768-LEGALEASE-00004769 |
| London v. Sears, Roebuck & Co., 619 F. Supp. 2d 854 | 237+23.1 | Under California law, "publication" of a defamatory statement, which may be written or oral, is defined as a communication to some third person who understands both the defamatory meaning of the statement and its application to the person to whom reference is made; publication to a single individual is sufficient to satisfy the publication element of a defamation claim. | Can communication to a single individual mean publication under defamation? | 000832.docx | LEGALEASE-00117913-LEGALEASE-00117915 |
| Rosen v. Tesoro Petroleum Corp., 399 Pa. Super. 226 | 249+0.6 | Proper choice of law in malicious prosecution cases is not always law of forum in which underlying action is brought. | What law governs a claim of malicious prosecution? | Malicious Prosecution - Memo 2 - ANG.docx | LEGALEASE-00004807-LEGALEASE-00004808 |
| Poulas v. Kumpures, 189 Ark. 44 | 106+190(8) | Where counterclaim was orally pleaded in municipal court, it was within discretion of circuit court to allow defendant to embody counterclaim in amended answer in circuit court. | Are oral pleadings permitted? | 000862.docx | LEGALEASE-00117911-LEGALEASE-00117912 |
| Wall St. Assocs. v. Becker Paribas, 818 F. Supp. 679 | 25T+113 | Federal policy favors enforcement of arbitration agreements and confirmation of arbitration awards. 9 U.S.C.A. S 1 et seq. | Does federal policy favor the confirmation of arbitration awards? | 001015.docx | LEGALEASE-00118018-LEGALEASE-00118019 |
| Rosen v. Tesoro Petroleum Corp., 399 Pa. Super. 226 | 249+0.6 | Proper choice of law in malicious prosecution cases is not always law of forum in which underlying action is brought. | What law governs a claim of malicious prosecution? | Malicious Prosecution - Memo 2 - ANG.docx | LEGALEASE-00005129-LEGALEASE-00005130 |
| State in Interest of H.R.V., 906 P.2d 913 | 76D+921(1) | On review of juvenile court determination regarding child custody, Court of Appeals performs its own weighing of evidence and makes its own decision based on facts in record; however, juvenile court is allowed considerable latitude of discretion, and its judgment will not be disturbed unless Court determines that it exceeded scope of permitted discretion or acted contrary to law. | Are matters involving the custody or best interests of a child equitable in nature? | 000890.docx | LEGALEASE-00118150-LEGALEASE-00118151 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Emerson Enterprises v. Kenneth Crosby New York, 781 F. Supp. 2d 166 | 13+3 | New York Environmental Conservation Law (ECL) does not provide a private cause of action. N.Y.McKinney's ECL S 37-0107. | Does the Environmental Conservation Law (ECL) create a private cause of action? | 000920.docx | LEGALEASE-00118221-LEGALEASE-00118222 |
| State v. Martin, 102 N.J.L. 388, 400, 132 A. 93, 98 (1926) | 405+1156 | Statute providing that any person who for hire drills a well shall keep a log, a copy of which shall be furnished to the division of water upon forms prescribed by the chief of division of water, constituted a reasonable exercise of the power of the General Assembly to pass laws for the conservation of the natural resources of the state, and was not violative of either the state or the federal constitution. R.C. S 1521.05. | Does conservation of natural resources come under the state constitution? | 05358.docx | LEGALEASE-00080825-LEGALEASE-00080826 |
| Thorne v. Ornauer, 8 Colo. 353 | 231+90 | Written pleadings are only required to be filed in causes originally begun in courts of record. | Are written pleadings required in courts of record? | Pleading - Memo 32 - TH.docx | ROSS-003283564-ROSS-003283565 |
| Fennell v. Illinois Cent. R. Co., 2012 IL 113812 | 106+40.3 | Unless the factors in forum non conveniens analysis weigh strongly in favor of transfer or dismissal, the plaintiff's choice of forum should rarely be disturbed. | Is a plaintiffs right to select forum substantial? | Venue - Memo 30 - TH.docx | LEGALEASE-00005421-LEGALEASE-00005423 |
| Asahi Glass Co. v. Toledo Eng'g Co., 262 F. Supp. 2d 839 | 25T+193 | Even though a nonsignatory may not invoke Federal Arbitration Act's mandatory stay provision in moving to stay an action pending arbitration, a district court has discretion to stay third party litigation involving common questions of fact within the scope of an arbitration agreement to which the third party is not a signatory. 9 U.S.C.A. S 3. | When are arbitration proceedings against a signatory and a non-signatory stayed? | 001130.docx | LEGALEASE-00118372-LEGALEASE-00118374 |
| Asahi Glass Co. v. Toledo Eng'g Co., 262 F. Supp. 2d 839 | 25T+193 | Even though a nonsignatory may not invoke Federal Arbitration Act's mandatory stay provision in moving to stay an action pending arbitration, a district court has discretion to stay third party litigation involving common questions of fact within the scope of an arbitration agreement to which the third party is not a signatory. 9 U.S.C.A. S 3. | When are arbitration proceedings against a signatory and a non-signatory stayed? | Alternative Dispute Resolution - Memo 178 - RK.docx | LEGALEASE-00005432-LEGALEASE-00005434 |
| Javitch v. First Union Sec., 315 F.3d 619 | 25T+199 | Before compelling an unwilling party to arbitrate under Federal Arbitration Act (FAA), the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement. 9 U.S.C.A. S 1 et seq. | When does the Federal arbitration Act (FAA) provide for a stay of proceedings? | 001143.docx | LEGALEASE-00118380-LEGALEASE-00118381 |
| Barrett v. Manufacturers Ry. Co., 453 F.2d 1305 | 25T+376 | Arbitration is favored by the law and the decision of the arbitrators is final and not subject to review on either the merits or procedural issues. Labor Management Relations Act, 1947, S 301, 29 U.S.C.A. S 185. | Is the arbitrators decision final? | 001145.docx | LEGALEASE-00118382-LEGALEASE-00118384 |
| Bache Halsey Stuart v. French, 425 F. Supp. 1231 | 25T+178 | Federal Arbitration Act embodies federal policy favoring arbitration of disputes between parties who have contractually agreed to arbitrate, but such policy is not without judicial exception, and where compelling arbitration conflicts with other important federal policies, courts may refuse to order arbitration. 9 U.S.C.A. S 4. | Can courts refuse to order arbitration? | 001155.docx | LEGALEASE-00118392-LEGALEASE-00118394 |
| Hagstrom v. Breutman, 572 F. Supp. 692 | 25T+113 | Absent an indication from Congress that arbitration should not be permitted, federal policy in favor of arbitration should be enforced. | When will the federal policy in favor of arbitration not be enforced? | 001158.docx | LEGALEASE-00118395-LEGALEASE-00118396 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Marchetto v. DeKalb Genetics Corp., 711 F. Supp. 936 | 25T+113 | Courts must vigorously enforce arbitration clauses in commercial contracts. 9 U.S.C.A. S 1 et seq. | Should courts enforce arbitration clauses in commercial contracts? | 001160.docx | LEGALEASE-00118397-LEGALEASE-00118399 |
| Brady v. Williams Capital Grp., 64 A.D.3d 127 | 25T+140 | Appropriate remedy for invalid and unenforceable fee-splitting provisions in arbitration agreement between employee and employer was to sever provisions, rather than to void entire arbitration agreement and force employee to pursue her employment discrimination claims in state or federal court, since agreement contained clause providing that rendering of any provision void or unenforceable "shall not affect the validity of the remainder of the Agreement." | Can a punitive damage clause be severed from an arbitration agreement? | Alternative Dispute Resolution - Memo 194 - RK.docx | ROSS-003285135-ROSS-003285137 |
| CompuCredit Corp. v. Greenwood, 565 U.S. 95 | 25T+113 | Federal Arbitration Act (FAA) provision requiring enforcement of contracts containing arbitration provisions establishes a liberal federal policy favoring arbitration agreements. 9 U.S.C.A. S 2. | Does the Federal Arbitration Act establish a liberal fedral policyfavoring arbitration agreements? | 001173.docx | LEGALEASE-00118413-LEGALEASE-00118415 |
| People v. Swenson, 127 Cal. App. 2d 658 | 146+27 | Allegation that an act was done fraudulently implies that such act was done with intent to defraud. | Does an allegation that an act was done fraudulently imply that such act was done with intent to defraud? | 001229.docx | LEGALEASE-00118148-LEGALEASE-00118149 |
| United States v. 2,606.84 Acres of Land in Tarrant Cty., Tex., 309 F. Supp. 887 | 148+1 | Power of eminent domain should be exercised only within framework of the law. | Should the power of eminent domain be exercised within the framework of the law? | 001271.docx | LEGALEASE-00118348-LEGALEASE-00118349 |
| Domaingue v. MacDonald, 978 F. Supp. 53 | 207+4 | Under Massachusetts law, essential elements of crime of incest are sexual intercourse with person within degree of consanguinity wherein marriage is prohibited. M.G.L.A. c. 272, S 17. | What are the elements that constitute an incest? | Incest - Memo 33 - JS.docx | ROSS-003289726-ROSS-003289727 |
| Landau v. Superior Court, 81 Cal. App. 4th 191 | 92+1114 | No one has fundamental constitutional right to work for, or to have continued employment with, particular public or private employer. U.S.C.A. Const.Amend. 14; West's Ann.Cal. Const. Art. 1, S 7(a); Art. 4, S 16(a). | Is there a fundamental right to work for a particular employer? | 001389.docx | LEGALEASE-00118442-LEGALEASE-00118443 |
| In re Borough of Blakely, 25 A.3d 458 | 148+277 | Property owner's claims of injury and substantial deprivation of the use of his property due to borough's construction of storm water drainage facilities which cut off vehicular access to an adjacent road were speculative and conjectural, and thus, the trial court properly rejected his de facto taking claim as premature and insufficient; owner's claim for a de facto taking was based on the premise that he could not build homes on three lots because the plastic drainage pipe blocked vehicular access to the road, but the borough never told owner he could not build homes on the lots, he never consulted with the planning commission regarding the lots, he did not investigate what storm water improvements had to be made to build homes on the lots, and he did not explain why access was not possible from another road abutting the property. | Does the law of eminent domain provide a relief for a speculative and conjectural claim of de facto taking? | 001456.docx | LEGALEASE-00118651-LEGALEASE-00118652 |
| In re H.A. Manosh Corp., 147 Vt. 367 | 1.49E+45 | Environmental Board rule defining "substantial change" so as to necessitate acquisition of permit under land use law did not negate or undermine legislature's intent, but rather, simply defined parameters of statutory exemption afforded preexisting uses. 10 V.S.A. SS 6081, 6086(a). | How Environmental Board Rule define substantial change? | 001466.docx | LEGALEASE-00118614-LEGALEASE-00118615 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cook v. Winfrey, 975 F. Supp. 1045 | 237+1.6 | Under Illinois conflicts law, when multi-state defamation case arises, applicable law is that of victim's domicile. | What is the law applicable to multi state defamation cases? | Libel and Slander- Memo 109 - ANG.docx | ROSS-003282085-ROSS-003282087 |
| Cox v. Ocean View Hotel Corp., 533 F.3d 1114 | 25T+113 | Federal Arbitration Act (FAA) creates a policy favoring enforcement of agreements to arbitrate. 9 U.S.C.A. S 2. | Which Federal Arbitration Act (FAA) provision favors enforcement of agreements to arbitrate? | 001704.docx | LEGALEASE-00118748-LEGALEASE-00118749 |
| U. S. for Use & Benefit of Indus. Eng'g & Metal Fabricators v. Eric Elevator Corp., 214 F. Supp. 947 | 25T+114 | In general, provisions of Federal Arbitration Act are applicable to suits under Miller Act. 9 U.S.C.A. S 9; Miller Act, S 2, 40 U.S.C.A. S 270b. | Does the Federal Arbitration Act apply to suits and proceedings brought under the Miller Act? | Alternative Dispute Resolution - Memo 235 - RK.docx | ROSS-003285978-ROSS-003285979 |
| Frasca v. Basile, 27 Conn. Supp. 292 | 157+52 | Doctrine of judicial notice serves function of establishing facts to which offer of evidence would normally be directed. | Is judicial notice a matter of pleading? | 001579.docx | LEGALEASE-00119029-LEGALEASE-00119030 |
| E & M Liquors v. Pub. Serv. Elec. & Gas Co., 388 N.J. Super. 566 | 317A+101 | Immunity from wrongful acts is not favored and public utilities do not enjoy a general tort immunity. | Do public utilities enjoy tort immunity? | 001609.docx | LEGALEASE-00119039-LEGALEASE-00119040 |
| Cura-Cruz v. CenterPoint Energy Houston Elec., 522 S.W.3d 565 | 317A+101 | Generally, a public utility has a duty to exercise ordinary and reasonable care, but the degree of care is commensurate with the danger, for purposes of a negligence action. | What is the duty of a public utility? | Public utilities - Memo 18 - RM.docx | ROSS-003289437-ROSS-003289438 |
| Law v. S.C. Dep't of Corr., 368 S.C. 424 | 249+32 | In an action for malicious prosecution, malice may be inferred from a lack of probable cause to institute the prosecution. | When is malice inferred in a malicious prosecution claim? | 001801.docx | LEGALEASE-00118918-LEGALEASE-00118919 |
| Croft v. Grand Casino Tunica, 910 So. 2d 66 | 249+18(6) | In malicious prosecution action, probable cause to institute prosecution is determined from the facts apparent to the reasonable person at the time the prosecution is initiated. | How is probable cause in the context of malicious prosecution evaluated? | 001807.docx | LEGALEASE-00118959-LEGALEASE-00118960 |
| Arciniaga v. Gen. Motors Corp., 460 F.3d 231 | 25T+114 | Congress passed the Federal Arbitration Act (FAA) to tame judges' antipathy to any innovation that would deprive them of their jurisdiction. | Has the Federal Arbitration Act affected the hostility courts once held towards arbitration agreements? | 002169.docx | LEGALEASE-00119129-LEGALEASE-00119130 |
| Merritt v. Mountain Laurel Chalets, 96 F.Supp.3d 801 | 289+421 | Whether a partnership exists in a given case depends upon applicable state law. | Is the existence of a partnership decided by state law? | 002302.docx | LEGALEASE-00119158-LEGALEASE-00119159 |
| Ralph v. State Dep't of Nat. Res., 171 Wash. App. 262 | 13+1 | The nature of a claim for relief is determined by the facts alleged in the complaint and as adduced thereunder, and by the relief requested. | How is the nature of a claim for relief determined? | 002042.docx | LEGALEASE-00119284-LEGALEASE-00119285 |
| Hayes v. State, 341 S.W.3d 293 | 401+2 | A civil rights claim is typically a transitory action in terms of evaluating venue; a transitory cause of action may become local when a statute prescribes a particular county in which they must be brought. | Is a claim for violation of civil rights a transitory action? | 002114.docx | LEGALEASE-00119336-LEGALEASE-00119337 |
| State v. Buck, 92 Or. App. 130 | 207+2 | Difference in treatment accorded to incest statute to those who engage in intercourse with person while married to that person's parent as opposed to those who engage in sexual intercourse with person without being married to that person's parent was rationally related to legitimate governmental purpose of protection of family, and did not deny equal protection of the laws to stepfather who was convicted of incest with adult stepdaughter. ORS 163.505(1), 163.525, 163.525(1); U.S.C.A. Const.Amend. 14; Const.Art. 1, S 20. | Does incest prohibit sexual relationships between step-children and step-parents? | 002255.docx | LEGALEASE-00119243-LEGALEASE-00119244 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Jones, 105 N.J. Super. 493 | 207+4 | Lack of consent, or force and violence, is not a necessary element of "incest." Code 1939, S 12978. | Are force and violence elements of incest? | Incest - Memo 46 - JS.docx | ROSS-003282992-ROSS-003282994 |
| Pyburn v. State, 301 Ga. App. 372 | 207+5 | Adoptive children enjoy the rights and privileges of a biological child, including protection from incest. West's Ga.Code Ann. S 16-6-22(a). | Are adoptive children protected from incest? | Incest - Memo 47 - JS.docx | ROSS-003324360-ROSS-003324361 |
| Bradford v. Com., 345 S.W.3d 245 | 207+5 | As a matter of first impression, incest statute, while prohibiting sexual intercourse of deviate sexual intercourse between certain persons known to be ancestors, descendants, or family members, did not include a step-grandfather/step-grandchild relationship and thus, defendant could not be convicted of incest for sexual conduct with step-grandchild. KRS 530.020. | Does sexual intercourse between step-grandfather and step-grandchild amount to incest? | 002272.docx | LEGALEASE-00119270-LEGALEASE-00119271 |
| Schmall v. Vill. of Addison, 171 Ill. App. 3d 344 | 145+13 | Persons engaged in transmission of electricity are not insurers of public safety. | Are persons engaged in the transmission of electricity insurers of the safety of the public? | Electricity - Memo 25 - RK.docx | LEGALEASE-00007783-LEGALEASE-00007787 |
| Petition of Boston & Maine Corp., 109 N.H. 324 | 15A+1058 | If private rights are affected by an administrative board's decision, that decision is a judicial one. | Are decisions of administrative boards considered judicial when they affect private rights? | Administrative Law - Memo 169 - RK.docx | LEGALEASE-00007890-LEGALEASE-00007891 |
| Raines v. Com., 379 S.W.3d 152 | 207+5 | Age of victim was not element of crime of incest, and statute was properly applied to defendant who engaged in sexual relations with his adult stepdaughter; primary element for incest was relationship of the parties, "relationship of stepparent and stepchild" was specifically set forth in incest statute as prohibited relationship, and no relationship listed in statute had an age constraint. KRS 530.020. | Is victim's age an element of the crime of incest? | 001475.docx | LEGALEASE-00119466-LEGALEASE-00119467 |
| Schlader v. Interstate Power Co., 591 N.W.2d 10 | 317A+101 | Strict liability does not arise merely because a public utility is involved. | Does strict liability arise merely because a public utility is involved? | Public utilities - Memo 24 - RM.docx | ROSS-003285273-ROSS-003285274 |
| Rossin v. S. Union Gas Co., 472 F.2d 707 | 317A+101 | A public utility is responsible for damage resulting from its wrongful conduct. | Are public utilities responsible for damages resulting from their wrongful conduct? | 001984.docx | LEGALEASE-00119682-LEGALEASE-00119683 |
| Golden Rule Ins. Co. v. Manasherov, 200 Ill. App. 3d 961 | 401+52(1) | Trial court in declaratory judgment action brought by health insurer did not abuse its discretion in transferring case from Lawrence County where insurer was located to Cook County, where primary issue concerned what representations, if any, agent made to insured with respect to effective date of policy, and such representations occurred in Cook County; although congestion of court dockets in Cook County favored insurer's choice of venue, factor was outweighed by public interest in having localized controversies decided at home; moreover, less deference is accorded an insurer's choice of forum in a declaratory judgment action, given legislative intent to protect consumers of insurance products. | Is it in the best interest of the public that local disputes are settled in local courts? | 001994.docx | LEGALEASE-00119601-LEGALEASE-00119602 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Golden Rule Ins. Co. v. Manasherov, 200 Ill. App. 3d 961 | 401+52(1) | Trial court in declaratory judgment action brought by health insurer did not abuse its discretion in transferring case from Lawrence County where insurer was located to Cook County, where primary issue concerned what representations, if any, agent made to insured with respect to effective date of policy, and such representations occurred in Cook County; although congestion of court dockets in Cook County favored insurer's choice of venue, factor was outweighed by public interest in having localized controversies decided at home; moreover, less deference is accorded an insurer's choice of forum in a declaratory judgment action, given legislative intent to protect consumers of insurance products. | Is it in the best interest of the public that local disputes are settled in local courts? | Venue - Memo 60 - ANG.docx | LEGALEASE-00008231-LEGALEASE-00008232 |
| Greene v. Maxwell, 251 Ill. 335 | 322H+165 | The mental capacity required of a grantor to sustain his deed is greater than that required of a testator to sustain his will. It is not enough that the grantor comprehends that he is making a deed of the property, but he must have the ability to transact ordinary business. | Can the mere comprehension of the grantor sustain a transaction? | 00779.docx | LEGALEASE-00081596-LEGALEASE-00081598 |
| Int'l Union, United Auto. Aircraft v. Benton Harbor Malleable Indus., 242 F.2d 536 | 25T+115 | In absence of a statute so providing, a party to a contract cannot as a matter of right have its differences or disputes with the other contracting parties under the contract submitted to arbitration, since there is no common-law right of arbitration. | s there a common law right of arbitration? | Alternative Dispute Resolution - Memo 278 - RK.docx | LEGALEASE-00008274-LEGALEASE-00008275 |
| State v. Haston, 64 Ariz. 72 | 207+6 | Proof of an emission is not essential to show a completed sexual offense of rape, adultery, incest, or other carnal knowledge. Code 1939, SS 43-405, 43-4901, 63-107 (A.R.S. SS 13-471, 13-611 to 13-614, 25-101). | Is emission an essential element of incest? | 002876.docx | LEGALEASE-00119763-LEGALEASE-00119765 |
| Mahurin v. St. Luke's Hosp. of Kansas City, 809 S.W.2d 418 | 37+704 | An operation performed without a patient's consent is a battery or trespass. | Can an operation performed without a patient's consent be considered as a battery or trespass? | Trespass - Memo 86 - TH.docx | LEGALEASE-00008368-LEGALEASE-00008370 |
| Fowler v. S. Wire & Iron, 104 Ga. App. 401 | 386+4 | At common law, "trespass" was wrongful act done with force and immediately injurious to person of another. | Can trespass be committed against the person of another? | 002976.docx | LEGALEASE-00119790-LEGALEASE-00119791 |
| City of Fairhope v. Raddcliffe, 48 Ala. App. 224 | 386+3 | To be a trespass there must be an act of direct force producing injury or damage. | Is direct force producing injury or damage required to constitute a trespass? | 05276.docx | LEGALEASE-00082119-LEGALEASE-00082121 |
| Int'l Union, United Auto. Aircraft v. Benton Harbor Malleable Indus., 242 F.2d 536 | 25T+115 | In absence of a statute so providing, a party to a contract cannot as a matter of right have its differences or disputes with the other contracting parties under the contract submitted to arbitration, since there is no common-law right of arbitration. | Is there a common law right of arbitration? | 002786.docx | LEGALEASE-00119721-LEGALEASE-00119722 |
| Christenbury Eye Ctr., P.A. v. Medflow, 802 S.E. 2d 888 | 13+1 | Where the right of a party is once violated the injury immediately ensues and the cause of action arises. | When does an injury ensue and a cause of action arise? | 002502.docx | LEGALEASE-00120083-LEGALEASE-00120086 |
| United States v. Cronenweth Dairy Co., 102 F. Supp. 364 | 317A+101 | Mere fact that industry is affected with public interest and may be regulated under police power does not give such industry character of public utility. | Is an industry affected with public interest given the character of a public utility? | 003487.docx | LEGALEASE-00119860-LEGALEASE-00119861 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rock River Lumber Corp. v. Universal Mortg. Corp. of Wisconsin, 82 Wis. 2d 235 | 366+1 | Conventional subrogation is a doctrine of equity, and is applied or denied upon equitable principles. | Is subrogation applied or denied on equitable principles? | 002547.docx | LEGALEASE-00119979-LEGALEASE-00119980 |
| Jindra v. Diederich Flooring, 181 Wis. 2d 579 | 366+27 | When seeking to impose subrogation on another party under express contractual provision, proof is presumably existence and also applicability of provision. (Per Day, J., with two Justices concurring and two Justices concurring in result.) | Issue: What types of subrogation exist? | Subrogation - Memo 9 - ANG.docx | LEGALEASE-00008866-LEGALEASE-00008867 |
| Olinger v. Smith, 892 N.W.2d 775 | 13+25(2) | Actions to enforce the open meetings law are ordinary, not equitable, actions. Iowa Code Ann. S 21.6. | Are actions to enforce the open meetings law equitable actions? | Administrative Law - Memo 184 - RK.docx | ROSS-003324558-ROSS-003324559 |
| Cooper v. WestEnd Capital Mgmt., 832 F.3d 534 | 25T+116 | The Court of Appeals permits arbitration under non-Federal Arbitration Act (FAA) rules if a contract expressly references state arbitration law. 9 U.S.C.A. S 1 et seq. | When do courts permit arbitration under non-FAA rules? | 002646.docx | LEGALEASE-00120026-LEGALEASE-00120027 |
| Cooper v. WestEnd Capital Mgmt., 832 F.3d 534 | 25T+116 | The Court of Appeals permits arbitration under non-Federal Arbitration Act (FAA) rules if a contract expressly references state arbitration law. 9 U.S.C.A. S 1 et seq. | When will a court permit arbitration under non-FAA rules? | 002657.docx | LEGALEASE-00120049-LEGALEASE-00120051 |
| Volt Info. Scis. v. Bd. of Trustees of Leland Stanford Junior Univ., 489 U.S. 468 | 360+18.15 | Federal Arbitration Act contains no express preemptive provision nor does it reflect congressional intent to occupy entire field of arbitration. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act (FAA) pre-empt state law that conflicts with federal law? | Alternative Dispute Resolution - Memo 305 - RK.docx | ROSS-003283476-ROSS-003283477 |
| Evans v. Faught, 231 Cal. App. 2d 698 | 233+680 | "Leasehold" is an estate in land and an interest in real property and lease is primarily a conveyance in that it transfers an estate to lessee. | Is a leasehold an estate in land? | Landlord and Tenant - Memo 74 - RK.docx | ROSS-003285917-ROSS-003285918 |
| Diallo v. State, 186 Md. App. 22 | 221+179 | The individual claiming diplomatic immunity from prosecution bears the burden of showing that he or she is entitled to immunity. Diplomatic Relations Act, S 5, 22 U.S.C.A. S 254d. | Who bears the burden of showing that he or she is entitled to diplomatic immunity? | 05248.docx | LEGALEASE-00082100-LEGALEASE-00082101 |
| In re Pub. Serv. Elec. & Gas Co.'s Rate Unbundling, 167 N.J. 377 | 145+1 | Nothing in the Electric Discount and Energy Competition Act (EDECA) prohibits deferred accounting. N.J.S.A. 48:3-57, subd. b(3). | Does the Electric Discount and Energy Competition Act (EDECA) prohibit deferred accounting? | Electricity - Memo 40 - JS.docx | ROSS-003329932-ROSS-003329933 |
| Matter of Cajun Elec. Power Co-op., 109 F.3d 248 | 145+1 | Primary purpose of Rural Electrification Act (RE Act) is to bring abundant, low-cost electric energy to rural America. Rural Electrification Act of 1936, S 1 et seq., as amended, 7 U.S.C.A. S 901 et seq. | What is the Primary purpose of the Rural Electrification Act? | Electricity - Memo 45 - JS.docx | ROSS-003324659-ROSS-003324661 |
| United States v. Burr, 25 F. Cas. 55 | 384+5 | If a body of men be actually assembled for the purpose of effecting a treasonable purpose by force, that is levying war. But it must be a warlike assemblage, carrying the appearance of force, a military assemblage in a condition to make war or practice hostility. | Must there be actual assemblage of men to meet the levy war element of treason? | 003666.docx | LEGALEASE-00120274-LEGALEASE-00120275 |
| Jindra v. Diederich Flooring, 181 Wis. 2d 579 | 366+27 | When seeking to impose subrogation on another party under express contractual provision, proof is presumably existence and also applicability of provision. (Per Day, J., with two Justices concurring and two Justices concurring in result.) | What types of subrogation exist? | 002621.docx | LEGALEASE-00120121-LEGALEASE-00120122 |
| Anonymous v. Anonymous, 44 Misc. 2d 14 | 221+180 | In contradistinction to ambassadors, consuls are commercial representatives and, as such, their diplomatic immunity is limited at the most to their official acts. | Is the immunity of consuls limited in contradistinction to ambassadors? | 002999.docx | LEGALEASE-00120511-LEGALEASE-00120512 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Arcaya v. Paez, 145 F. Supp. 464 | 221+180 | A consul is not immune from suit except when action is based upon acts which he has committed within scope of his duties, but an ambassador or minister is absolutely immune from suit even though it be based upon personal transactions. | Does an ambassador enjoy absolute immunity? | 003007.docx | LEGALEASE-00120519-LEGALEASE-00120520 |
| Starr Int'l Co. v. United States, 121 Fed. Cl. 428 | 148+2.2 | The same government action cannot be both an unauthorized illegal exaction and an authorized taking without just compensation in violation of Fifth Amendment. U.S. Const. Amend. 5. | Can the same government action be both an unauthorized illegal exaction and an authorized taking? | 003081.docx | LEGALEASE-00120339-LEGALEASE-00120340 |
| TrinCo Inv. Co. v. United States, 722 F.3d 1375 | 148+2.1 | There are certain prerequisites that must be met before the doctrine of necessity can be applied to absolve the Government of a duty to compensate a party for lost property under the Fifth Amendment's Takings Clause, including that the doctrine of necessity may be applied only when there is an imminent danger and an actual emergency giving rise to actual necessity. U.S.C.A. Const.Amend. 5. | What factors gives rise to actual necessity under the law? | 003089.docx | LEGALEASE-00120351-LEGALEASE-00120352 |
| Naples v. United States, 344 F.2d 508 | 203+520 | Single offense cannot be both first and second degree murder. D.C.Code 1961, SS 22-2401 to 22-2403; 18 U.S.C.A. S 1111. | Can an offense be both first and second degree murder? | 003170.docx | LEGALEASE-00120479-LEGALEASE-00120480 |
| Ballou v. Walker, 400 P.3d 234 | 289+445 | A partnership agreement is essentially a contract between the partners to be interpreted and applied in accordance with principles of contract law. | Are the principles of contract law applicable in partnership? | 003441.docx | LEGALEASE-00120650-LEGALEASE-00120651 |
| Dix Mut. Ins. Co. v. LaFramboise, 149 Ill. 2d 314 | 366+1 | There is no general rule to determine whether right of subrogation exists since right depends upon equities of each particular case. | When is subrogation not allowed? | Subrogation - Memo 58 - RM C.docx | ROSS-003315910-ROSS-003315911 |
| In re Stambaugh, 532 B.R. 572 | 366+1 | Four criteria must be met in order for equitable subrogation to apply as exception to Pennsylvania's "first in time" lien priority rule: (1) claimant must have paid creditor to protect his own interests; (2) claimant must not have acted as volunteer; (3) claimant must not have been primarily liable for debt; and (4) allowing subrogation must not cause injustice to the rights of others. | Is equitable subrogation an exception to the first in time lien priority rule? | Subrogation - Memo 68 - VP C.docx | ROSS-003283881 |
| Nationwide Mut. Fire Ins. Co. v. T & N Master Builder & Renovators, 2011 IL App (2d) 101143 | 366+1 | As an action in equity, a claim may be subrogated only in order to prevent injustice or unjust enrichment and will not be maintained when it would be inequitable to do so. | When is subrogation not allowed? | 003578.docx | LEGALEASE-00120374-LEGALEASE-00120375 |
| Harris v. State, 2004 OK CR 1 | 110+1040 | Failure of jury to determine value of property defendant obtained through false pretenses was plain error, requiring reversal of conviction for obtaining property by false pretenses, where, as result of defective verdict, defendant was denied his substantial right in only being convicted and incarcerated by trial court having power to do so as result of proper verdict. W.S.1977, SS 6-3-106, 7-11-502; Rules Crim.Proc., Rule 49(b). | "In an offence against the property of another, is it an error if the jury fails to determine the value of the property in the verdict?" | 003079.docx | LEGALEASE-00120760-LEGALEASE-00120761 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Peters v. ContiGroup, 292 S.W.3d 380 | 279+1 | "Nuisance" is the unreasonable, unusual, or unnatural use of one's property so that it substantially impairs the right of another to peacefully enjoy his property; the focus is on the defendant's unreasonable interference with the plaintiff's use and enjoyment of his land. | What does nuisance entail? | Eminent Domain - Memo 144 - RK.docx | ROSS-003283003-ROSS-003283004 |
| In re Williams, 328 S.W.3d 103 | 203+908 | Both inference of an intent to kill and an inference of malice may be inferred from the facts and circumstances of an unlawful killing where a deadly weapon is used. R.C. S 2901.05. | Can malice be inferred from thecircumstances of the killing? | 003161.docx | LEGALEASE-00120773-LEGALEASE-00120775 |
| Bentley v. Northshore Dev., 935 F. Supp. 500 | 249+45 | Principals of corporation whose requests precipitated initiation of previous suit against plaintiff were the proper parties to plaintiff's malicious prosecution suit even though it was corporation, and not principals, who actually brought prior suit. Restatement (Second) of Torts S 674. | Who are proper parties to a plaintiffs malicious prosecution? | Malicious Prosecution - Memo 89 - AKA.docx | ROSS-003283858-ROSS-003283859 |
| Consol. Water Utilities, Ltd. v. Arizona Corp. Comm'n, 178 Ariz. 478 | 317A+124 | State Constitution required Arizona Corporation Commission to calculate rates for public service corporation by calculating "fair value rate base" from fair value of corporation's properties within state at time rate is fixed. A.R.S. Const. Art. 15, SS 1 et seq., 14. | Does the Corporation Commission have the right to prescribe just and reasonable rates to be made by the public service corporation within the State? | Public Utilities - Memo 48 - JS.docx | ROSS-003282281-ROSS-003282283 |
| In re Houston, 409 B.R. 799 | 366+1 | Subrogation is allowed under South Carolina law only upon fact intensive inquiry and a balancing of equity. | Is the decision whether to grant equitable subrogation necessarily a fact intensive inquiry? | 003545.docx | LEGALEASE-00120677-LEGALEASE-00120678 |
| Isom v. State, 651 N.E.2d 1151 | 110+1437 | Although jury instruction erroneously suggested that sudden heat was element of voluntary manslaughter, it was not such as to mislead jury and constitute fundamental error, as required for post-conviction relief from convictions for murder and conspiracy to commit murder, where instruction, read in its totality, clearly explained that sudden heat was mitigator for reducing what would otherwise be murder to voluntary manslaughter; jury was expressly instructed that sudden heat acted as mitigator, and state's and defense counsel's closing arguments reminded jury that it was mitigating factor. West's A.I.C. 35-42-1-3(b). | Does the state bearthe burden of disproving the existence of sudden heat beyond a reasonable doubt? | Homicide - Memo 101 - RK.docx | LEGALEASE-00010654-LEGALEASE-00010655 |
| Aetna Life Ins. Co. v. Mut. Ben. Health & Acc. Ass'n, 82 F.2d 115 | 237+5 | Published false statements may constitute libel per se against corporation as against an individual, and by such libel malice may be imputed to corporation as to individual. | Can libel be imputed to a corporation? | 05533.docx | LEGALEASE-00083804-LEGALEASE-00083805 |
| Leitner v. United States, 92 Fed. Cl. 220 | 148+2.4 | Taxation is not the taking of private property for public purpose, under the Fifth Amendment. U.S.C.A. Const.Amend. 5. | Is taxation a taking of private property for public purpose? | 017368.docx | LEGALEASE-00120939-LEGALEASE-00120940 |
| Reardon v. Keating, 980 F. Supp. 2d 302 | 92+1051 | The mere violation of a state law does not automatically give rise to a violation of federal due process rights. U.S.C.A. Const.Amend. 14. | Do violations of state eminent domain statutes give rise to federal constitutional claims? | 017370.docx | LEGALEASE-00120941-LEGALEASE-00120943 |
| In re Centex Homes, 411 N.J. Super. 244 | 317A+145.1 | Generally speaking, the power of the Board of Public Utilities (BPU) to regulate utilities is broad. N.J.S.A. 48:2-12 to 48:2-25(a). | Are the powers concerning regulation of public utilities delegated to the Board of Public Utility Commissioners (BPU) broad? | 042568.docx | LEGALEASE-00120948-LEGALEASE-00120950 |
| St. Lawrence Cty. Nat. Bank of Canton v. Watkins, 153 A.D. 551 | 302+8(4) | An allegation that a written instrument was executed and delivered "for a valuable consideration" is an allegation of fact, and not a conclusion of law. | Is an allegation for a valuable consideration a statement of fact? | 022908.docx | LEGALEASE-00120977-LEGALEASE-00120978 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Vimont v. Christian Cty. Health Dep't, 502 S.W.3d 718 | 23+1 | Constitutional farming rights are subject to local-government powers duly authorized and conferred by the state constitution. Mo. Const. art. 1, S 35, art. 6, S 1 et seq. | What government powers are constitutional farming rights subject to? | 006705.docx | LEGALEASE-00121743-LEGALEASE-00121744 |
| Kingsway Cathedral v. Iowa Dep't Of Transp., 711 N.W.2d 6 | 92+3855 | Fourteenth Amendment to the Federal Constitution makes the Fifth Amendment applicable to the states and their political subdivisions. U.S.C.A. Const.Amends. 5, 14. | How is Fifth Amendment made applicable to the states? | 017396.docx | LEGALEASE-00121499-LEGALEASE-00121500 |
| Ferrari v. United States, 73 Fed. Cl. 219 | 148+2.2 | Owners of tracts within national monument did not establish that their property was constructively taken because the government's offering price for purchase of the tracts was below owners' estimation of market value, as failed negotiation between government and owners did not constitute a "taking." | Does a failed negotiation between the Government and a property owner constitute a taking? | 017406.docx | LEGALEASE-00121495-LEGALEASE-00121496 |
| Rochester Transit Corp. v. Pub. Serv. Comm'n, 271 A.D. 406 | 70+12(11) | That Public Service Commission had notice of last service-at-cost contract between city and street railroad and that commission made orders in collateral proceedings after such notice did not constitute implied approval by commission of subsequent contract between city and street railroad so as to preclude commission from investigating rates, since commission cannot divest itself of jurisdiction except in manner provided by Legislature. Public Service Law, S 49, subds. 9, 11. | Is the Public Service Commission a delegate of the Legislature? | 042597.docx | LEGALEASE-00121401-LEGALEASE-00121403 |
| Residential Util. Consumer Office v. Arizona Corp. Comm'n, 238 Ariz. 8 | 317A+124 | The constitutional requirement that the Corporation Commission determine the fair value of a utility's property when setting rates is intended to avoid the harsh extremes of the rate spectrum and to ensure that both consumers and public service corporations are treated fairly. A.R.S. Const. Art. 15, S 14. | Is ascertaining the fair value of a utility property a prerogative of public service corporations? | 042600.docx | LEGALEASE-00121420-LEGALEASE-00121421 |
| State Farm Gen. Ins. Co. v. Wells Fargo Bank, N.A., 143 Cal. App. 4th 1098 | 217+3513(4) | While subrogation has its source in equity and arises by operation of law, it may also arise out of the contractual language of an insurance policy; subrogation provisions of most insurance contracts typically are general and add nothing to the rights of subrogation that arise as a matter of law. | From what sources can subrogation arise? | 043652.docx | LEGALEASE-00121102-LEGALEASE-00121103 |
| Worden v. Smith, 178 Wash. App. 309 | 366+1 | The purpose of the doctrine of equitable subrogation is to avoid a person's receiving an unearned windfall at the expense of another. | Is equitable subrogation a remedy to avoid an unearned windfall? | 043738.docx | LEGALEASE-00121503-LEGALEASE-00121504 |
| Bainbridge v. Travelers Cas. Co. of Connecticut, 159 P.3d 748 | 366+1 | Because it is an equitable doctrine, no additional actions are needed before equitable subrogation can occur, and unlike in an assignment, a subrogor need not intend to equitably subrogate the claims to a subrogee; it arises because it is imposed by courts to prevent unjust enrichment. | Are additional actions needed before equitable subrogation can occur as it is an equitable doctrine? | Subrogation - Memo # 496 - C - NO.docx | ROSS-003327692-ROSS-003327693 |
| Worden v. Smith, 178 Wash. App. 309 | 366+1 | The purpose of the doctrine of equitable subrogation is to avoid a person's receiving an unearned windfall at the expense of another. | Is the purpose of subrogation to avoid an unearned windfall? | Subrogation - Memo # 518 - C - SU.docx | ROSS-003297629-ROSS-003297630 |
| In re Big Idea Prods., 372 B.R. 388 | 366+1 | Under Texas law, subrogation is an equitable right that will not be granted when it would serve an injustice. | Is subrogation an equitable right that will not be granted when it would serve an injustice? | 043845.docx | LEGALEASE-00121372-LEGALEASE-00121373 |
| In re Big Idea Prods., 372 B.R. 388 | 366+1 | Under Texas law, the right of subrogation does not depend on the provisions of the contract between the parties; it is implied in equity. | Does the right of subrogation depend on the provisions of the contract between the parties? | Subrogation - Memo # 559 - C - SN.docx | ROSS-003298723-ROSS-003298724 |
| Hicks v. Londre, 107 P.3d 1009 | 366+1 | A lienholder who successfully invokes the doctrine of equitable subrogation is called a "subrogee." | Is a lienholder who successfully invokes the doctrine of equitable subrogation called a subrogee? | Subrogation - Memo # 561 - C - AP.docx | ROSS-003325769-ROSS-003325770 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re V. Pangori & Sons, 53 B.R. 711 | 366+7(1) | Surety subrogates to the rights of only those creditors whom it pays on principal's behalf. | Does a surety subrogate to the rights of only those creditors whom it pays on the principal's behalf? | Subrogation - Memo # 610 - ANG C.docx | ROSS-003289582-ROSS-003289583 |
| Elec. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 346 F. Supp. 2d 958 | 366+27 | Under Illinois law, contractual subrogation arises out of a contract, while equitable subrogation arises out of the court's equitable powers. | "Does contractual subrogation arise out of a contract, while equitable subrogation arises out of the court's equitable powers?" | Subrogation - Memo # 670 - C - SU.docx | ROSS-003326568-ROSS-003326570 |
| First Am. Title Ins. Co. v. First All. Title, 718 F. Supp. 2d 669 | 366+7(1) | Under Virginia law, a surety who pays a principal's creditor is typically subrogated to the creditor's claims against the principal. | Is a surety who pays a principal's creditor typically subrogated to the creditor's claims against the principal? | 044036.docx | LEGALEASE-00121636-LEGALEASE-00121637 |
| Osterman v. Baber, 714 N.E.2d 735 | 366+38 | While ordinary negligence will not bar the application of doctrine of equitable subrogation, the remedy will not be allowed where the party is guilty of culpable negligence. | Is equitable subrogation to be given a liberal application? | 044038.docx | LEGALEASE-00121638-LEGALEASE-00121640 |
| State Fid. Mortg. Co. v. Varner, 740 S.W.2d 477 | 366+7(1) | Surety who has paid debt of principal is subrogated to right of action against principal for debt so paid. | Is a surety who has paid the debt of a principal subrogated to a right of action against the principal for debt so paid? | Subrogation - Memo # 692 - C - SA.docx | ROSS-003287545-ROSS-003287546 |
| Guillot v. Hix, 838 S.W.2d 230 | 366+33(1) | Generally, rights conferred by subrogation are entirely derivative of subrogor's interests, to which subrogee merely succeeds. | Are subrogation rights derivative? | Subrogation - Memo # 727 - C - SA.docx | ROSS-003285527-ROSS-003285529 |
| Mut. of Enumclaw Ins. Co. v. USF Ins. Co., 164 Wash. 2d 411 | 366+1 | Subrogation has two distinct types; conventional subrogation, which arises by contract, and equitable subrogation, which arises by operation of law. | Is subrogation of two distinct types? | Subrogation - Memorandum - 586 - SK.docx | ROSS-003324373-ROSS-003324374 |
| Ickes v. Grassmeyer, 30 F. Supp. 3d 375 | 386+16 | Under Pennsylvania law, an individual commits the tort of trespass to chattels by intentionally dispossessing another person of a chattel or intermeddling with a chattel in another person's possession; if the interference with the owner's right of possession is sufficiently severe to permanently deprive him or her of that right, the trespass culminates in a conversion. | When does a trespass culminate into a conversion? | Trespass - Memo 132 - AKA.docx | ROSS-003283777-ROSS-003283778 |
| Installit v. Carpenters 46 N. California Ctys. Conference Bd., 214 F. Supp. 3d 855 | 231H+1549(7) | Employer's unfair labor practice claim under the LMRA against union was arbitrable under the Federal Arbitration Act (FAA), even though arbitration agreement did not explicitly state that statutory claims could be resolved through arbitration and the LMRA established a right to sue for damages resulting from unfair labor practice; arbitration agreement was not required to contain clear, explicit statement that parties intended to arbitrate statutory claims, and fact that LMRA established a right to sue for unfair labor practices did not mean that federal courts retained exclusive jurisdiction over those suits. 9 U.S.C.A. S 1 et seq.; National Labor Relations Act S 8(b)(4), 29 U.S.C.A. S 158(b)(4); Labor Management Relations Act, 1947 S 303, 29 U.S.C.A. S 187. | Can statutory claims be the subject of an arbitration agreement? | 007056.docx | LEGALEASE-00122400-LEGALEASE-00122401 |
| Nat'l Leasing Corp. v. Williams, 80 F.R.D. 416 | 8.30E+10 | Obligations of maker of note are determined by law of state designated on instrument as place of payment. | How are the obligations of the maker of the note determined? | Bills and Notes - Memo 49 - KC.docx | ROSS-003310982-ROSS-003310983 |
| Universal Premium Acceptance Corp. v. York Bank & Tr. Co., 69 F.3d 695 | 83E+342 | One requirement for negotiability is that instrument must be "payable to order or to bearer." 13 Pa.C.S.A. S 3104(a)(3). | Is it obligatory for a negotiable instrument to be payable to order or to bearer? | Bills And Notes-Negotiability-Memo 27-AM.docx | ROSS-003328795-ROSS-003328796 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| City of Austin v. Travis Cty. Landfill Co., 73 S.W.3d 234 | 148+2.8 | Landowner has no right to exclude overflights above its property, because airspace is part of the public domain, and thus a property owner is only entitled to compensation if its property is taken by overflights that immediately and directly interfere with the property's use and enjoyment, which inquiry requires a more extensive factual showing than the mere existence of overflights. U.S.C.A. Const.Amend. 5; Vernon's Ann.Texas Const. Art. 1, S 17. | Do a landowner have right to exclude overflights above its property? | Eminent Domain - Memo 200 - GP.docx | ROSS-003287300-ROSS-003287301 |
| MetroplexCore v. Parsons Transp., 743 F.3d 964 | 226H+14 | For purpose of determining whether a joint venture exists, Texas defines a "community of interest" as a commonly shared incentive between the parties as to the progress and goals of joint venturers. | What is a community of interest? | Partnership - Memo 155 - RK.docx | ROSS-003284261-ROSS-003284262 |
| In re Copeland, 291 B.R. 740 | 289+453 | Under Tennessee law, it is not necessary that parties intend to actually form a partnership or even that they know the legal result of their actions is to create a partnership. | Can a partnership be unintentionally formed by contract? | 022751.docx | LEGALEASE-00122469-LEGALEASE-00122470 |
| Scalp & Blade v. Advest, 309 A.D.2d 219 | 30+123 | No appeal as of right lies from evidentiary ruling, whether made before or during trial, where ruling has not been embodied in formal order. McKinney's CPLR 5512. | "Does an order ruling on motion in limine, even when made in advance of trial on motion papers, constitute an advisory opinion, that is neither appealable as of right nor by permission?" | Pretrial Procedure - Memo  # 180 - RM C.docx | ROSS-003284317-ROSS-003284318 |
| Jackson v. Joyner, 309 S.W.3d 910 | 307A+3 | A motion in limine is not subject to the same safeguards as a motion for summary judgment or for partial summary judgment. | Is a motion in limine subject to the same safeguards as a motion for summary judgment  or for partial summary judgment? | 026531.docx | LEGALEASE-00122273-LEGALEASE-00122274 |
| Brokamp v. Mercy Hosp. Anderson, 132 Ohio App. 3d 850 | 307A+3 | "Motion in limine" is a tentative, interlocutory, precautionary ruling by a trial court reflecting its anticipatory treatment of an evidentiary issue; in virtually all circumstances, finality does not attach when the motion is granted. | Does finality attach when a motion in limine is granted? | Pretrial Procedure - Memo # 248 - C - CRB.docx | LEGALEASE-00012235-LEGALEASE-00012236 |
| Florida-Georgia Chem. Co. v. Nat'l Labs., 153 So. 2d 752 | 308+39 | Revocation of agency becomes operative as to agent from time he has actual notice thereof, but notice to third parties will not effect revocation as to agent. | Should  revocation of agency be communicated to the agent? | 041291.docx | LEGALEASE-00122280-LEGALEASE-00122281 |
| Illinois Commerce Comm'n v. Chicago Rys. Co., 362 Ill. 559 | 70+10 | Regulation provided by Public Utilities Act is not for benefit of carrier alone, but convenience and need of public is of primary importance and was so contemplated by Legislature in enactment of the act. Smith-Hurd Stats. c. 1112/323, S 50. | Why does the Public Utilities Act contemplate supervision of every public utility? | Public Utilities - Memo 106 - AM.docx | LEGALEASE-00012359-LEGALEASE-00012361 |
| McDonald v. Rentfrow, 176 Neb. 796 | 92+2403 | The legislature may confer judicial power upon public boards or courts to determine facts and equities under which legislation authorizes changes in school district boundaries, and in delegating such power legislature must condition determination by court or board upon reasonable fact standards. | Is the function of determining whether the suggested boundaries for utilities are reasonable for public convenience and welfare legislative in nature? | 042211.docx | LEGALEASE-00122219-LEGALEASE-00122220 |
| In re Flamingo 55, 378 B.R. 893 | 366+1 | "Statutory subrogation" occurs by virtue of a right created by statute. | Does statutory subrogation occur by virtue of a right created by statute? | Subrogation - Memo # 531 - C - NO.docx | ROSS-003324356-ROSS-003324357 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Smith, 740 F. Supp. 2d 1111 | 411+8 | Under Chevron analysis, Forest Service's interpretation of "area" under Federal Lands Recreation Enhancement Act (FLREA), to include parking lots and undeveloped campsites was contrary to the clear language of the statute, which authorized charging of an amenity fee at national forest, but prohibited fee for undeveloped "areas" of forest; FLREA set out six specific listed amenities which were required before land could be considered "area," and parking lot and campsite did not have any of these requisite amenities. Federal Lands Recreation Enhancement Act, Div. J, S 803(d)(1), 16 U.S.C.A. S 6802(d)(1). | Can an amenity fee be charged for parking in an undeveloped site? | Woods and Forests - memo 20 - DM.docx | ROSS-003325504-ROSS-003325505 |
| Ryan v. Gifford, 935 A.2d 258 | 106+13.6(6) | The passive receipt, holding and allowing to vest of allegedly backdated stock options by nonresident officers of Delaware corporation did not constitute a "continuing wrong," and thus personal jurisdiction could not be asserted, in derivative action brought in Delaware by shareholder alleging that officers breached their fiduciary duties in regard to backdated stock options, over nonresident officers who received stock options prior to effective date of nonresident officer implied consent statute, passively allowed options to vest after statute's effective date, but did not exercise the options. 10 West's Del.C. S 3114(b). | Is the continuing wrong doctrine a narrow one? | 005440.docx | LEGALEASE-00122797-LEGALEASE-00122798 |
| Dolezal v. Bockes, 602 N.W.2d 348 | 13+61 | When a cause of action has accrued, the party owning the action has a vested interest in it. | Does the party owning the action has a vested interest when a cause of action has accrued? | Action - Memo # 127 - C - CS.docx | ROSS-003297537-ROSS-003297538 |
| Grenier v. Med. Eng'g Corp., 99 F. Supp. 2d 759 | 13+61 | Under Louisiana law, cause of action arises when plaintiff has right to sue. | Does a cause of action arise when plaintiff has right to sue? | Action - Memo # 135 - C - CS.docx | ROSS-003315465-ROSS-003315466 |
| Fetzer v. Wood, 211 Ill. App. 3d 70 | 13+61 | In personal injury action arising out of negligence, cause of action accrues at the time of injury. | "Does the cause of action accrue at the time of injury, in personal injury action?" | Action - Memo # 143 - C - CS.docx | ROSS-003297880-ROSS-003297881 |
| Brown v. R.J. Reynolds Tobacco Co., 52 F.3d 524 | 241+43 | Under Louisiana law, cause of action "accrues" when plaintiff may bring lawsuit. | Does a cause of action accrue when plaintiff may bring a lawsuit? | 005569.docx | LEGALEASE-00123892-LEGALEASE-00123893 |
| Shuck v. Bank of Am., N.A., 862 So. 2d 20 | 13+62 | All elements of a cause of action must exist and be complete before an action may properly be commenced. | Should a cause of action exist and be completed before an action can be commenced? | Action - Memo # 171 - C - CS.docx | ROSS-003284283-ROSS-003284285 |
| M.J. Farms, Ltd. v. Exxon Mobil Corp., 2007-2371 (La. 7/1/08) | 13+61 | A sine qua non for accrual of a cause of action is damages. | Are damages a sine qua non for accrual of a cause of action? | Action - Memo # 43 - C - LK.docx | LEGALEASE-00012657-LEGALEASE-00012658 |
| In re Mueller, 19 Misc. 3d 536 | 13+61 | It is the character of the claim which governs the accrual time for a cause of action. | Is it the character of the claim which governs the accrual time for a cause of action? | Action - Memo # 45 - C - LK.docx | ROSS-003323973-ROSS-003323974 |
| Spicewood Summit Office Condominiums Ass'n v. Am. First Lloyd's Ins. Co., 287 S.W.3d 461 | 13+61 | A party is unable to bring suit until the party's cause of action has accrued. | Is a party unable to bring suit until the party's cause of action has accrued? | 005903.docx | LEGALEASE-00123388-LEGALEASE-00123389 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| O'Hara v. Mt. Vernon Bd. of Educ., 16 F. Supp. 2d 868 | 231H+1549(14) | Teacher was not required to submit to arbitration under collective bargaining agreement (CBA) her claims under the Family Medical Leave Act (FMLA), and could instead assert the claims in district court; the CBA did not purport to require arbitration of any and all grievances arising from teacher's employment, and Ohio statute excluded United States statutes from "supremacy" provision of the CBA. Family and Medical Leave Act of 1993, S 2 et seq., 29 U.S.C.A. S 2601 et seq.; Ohio R.C. S 4117.10(A). | Are contractual agreements to arbitrate Family and Medical Leave Act (FMLA) claims enforceable? | Alternative Dispute Resolution - Memo 388 - RK.docx | ROSS-003285694-ROSS-003285695 |
| Arrigo v. Blue Fish Commodities, 704 F. Supp. 2d 299 | 25T+121 | Congress did not intend former employee's claims for overtime compensation under Fair Labor Standards Act (FLSA) to be non-arbitrable, and thus arbitration of claims could be compelled. Fair Labor Standards Act of 1938, S 1 et seq., 29 U.S.C.A. S 201 et seq. | Are Fair Labor Standards Act (FLSA) claims arbitrable? | 007107.docx | LEGALEASE-00123774-LEGALEASE-00123775 |
| Parisi v. Goldman, Sachs & Co., 710 F.3d 483 | 25T+124 | As a general matter, Title VII claims can be subject to mandatory arbitration. Civil Rights Act of 1964, S 701 et seq., 42 U.S.C.A. S 2000e et seq. | Can Title VII claims be subjected to mandatory arbitration? | 007132.docx | LEGALEASE-00123888-LEGALEASE-00123889 |
| State v. Pierre, 131 So. 3d 319, 324 | 110+312 | Specific intent may be inferred from the circumstances surrounding the accused's actions. | Can the specific intent be established by the circumstances surrounding an accused's actions for murder? | 019345.docx | LEGALEASE-00123556-LEGALEASE-00123557 |
| State v. Wrenn, 279 N.C. 676 | 203+540 | Murder in first degree is unlawful killing of human being with malice and with premeditation and deliberation. G.S. S 14-17. | What constitutes murder in the first degree? | 019352.docx | LEGALEASE-00123652-LEGALEASE-00123653 |
| Omar v. Geren, 689 F. Supp. 2d 1 | 221+136 | Jurisdiction of a nation within its own territory is necessarily exclusive and absolute. | Is jurisdiction of a nation within its own territory necessarily exclusive and absolute? | International Law - Memo # 11- C - LK.docx | ROSS-003285279-ROSS-003285280 |
| Republic of Iraq v. ABB AG, 768 F.3d 145 | 221+342 | Act of state doctrine does not bar adjudication of the consequences of a foreign act. | Does the act of state doctrine bar adjudication of the consequences of a foreign act? | 020492.docx | LEGALEASE-00123643-LEGALEASE-00123645 |
| Doe v. Exxon Mobil Corp., 69 F. Supp. 3d 75 | 221+387 | Burden of proving that an act of state occurred lies with the party asserting the defense. | Who bears the burden of proving that an act of state occurred? | 020776.docx | LEGALEASE-00123590-LEGALEASE-00123591 |
| Doe v. Qi, 349 F. Supp. 2d 1258 | 221+342 | Act of state doctrine is not compelled by international law and is not controlled by international law. | Is the act of state compelled or controlled by international law? | 020801.docx | LEGALEASE-00123725-LEGALEASE-00123726 |
| Access Telecom v. MCI Telecommunications Corp., 197 F.3d 694 | 221+388 | Recognizing the difficulty of interpreting foreign law, courts may defer to foreign government interpretations. | Can courts defer to a foreign government interpretation? | International Law - Memo 358 -SB.docx | ROSS-003324453-ROSS-003324455 |
| Cortiza v. Rosenblat, 291 So.2d 425 | 289+701 | Members of an ordinary partnership are not bound in solido for partnership debts; each partner in such a partnership is bound only for his virile share of the debt. LSA-C.C. arts. 2872, 2873. | Is each partner bound for his share of partnership debt? | 021889.docx | LEGALEASE-00122829-LEGALEASE-00122830 |
| Speake v. Prewitt, 6 Tex. 252 | 289+474 | A dormant partner is one who participates in the profits of the partnership, but whose name is not mentioned in the firm, or embraced under general terms in the firm name. | Who is a dormant partner? | 021902.docx | LEGALEASE-00123270-LEGALEASE-00123272 |
| Mauldin v. Branch Bank of Mobile, 2 Ala. 502 | 289+960 | Actual notice of the dissolution of a partnership must be given to persons who have had dealings with the firm, or the retiring partner will continue liable for contracts made with them in the name of the firm after dissolution. | Is it necessary to give actual notice of dissolution of partnership to the persons who had dealings with the firm? | 021905.docx | LEGALEASE-00123299-LEGALEASE-00123300 |
| Merlino v. W. Coast Macaroni Mfg. Co., 90 Cal. App. 2d 106 | 302+192(2) | A demurrer for uncertainty will not lie even as to uncertain and ambiguous allegations if such allegations refer to immaterial matters, and in such event they will be treated as surplusage and will be disregarded. | Does a demurer for uncertainty lie as to immaterial matters? | 022967.docx | LEGALEASE-00123515-LEGALEASE-00123516 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bova v. Gary, 843 N.E.2d 952 | 307A+3 | The granting of a motion in limine does not determine the ultimate admissibility of the evidence. | Does the granting of a motion in limine determine the ultimate admissibility of the evidence? | 024064.docx | LEGALEASE-00123085-LEGALEASE-00123086 |
| Neal v. Nimmagadda, 279 Ill. App. 3d 834 | 307A+3 | Motion in limine to exclude inadmissible evidence may be brought either before or during trial. | May a motion in limine to exclude inadmissible evidence be brought either before or during trial? | 032276.docx | LEGALEASE-00122856-LEGALEASE-00122858 |
| Duran v. Hyundai Motor Am., 271 S.W.3d 178 | 307A+3 | A motion in limine should not be used as a substitute for a dispositive motion such as a motion for summary judgment. | Should a motion in limine be used as a substitute for a dispositive motion such as a motion for summary judgment? | Pretrial Procedure - Memo 374 - RK.docx | ROSS-003298697-ROSS-003298698 |
| State v. Grubb, 28 Ohio St. 3d 199 | 110+1035(2) | At trial, it is incumbent upon defendant, who has been temporarily restricted from introducing evidence by virtue of grant of motion in limine in favor of State, to seek introduction of the evidence by proffer or otherwise in order to enable trial court to make final determination as to its admissibility and to preserve any objection on record for purposes of appeal. | Is a motion in limine a means of raising objection to an area of inquiry to prevent prejudicial questions and statements until the admissibility of the questionable evidence can be determined during the course of the trial? | Pretrial Procedure - Memo 383 - RK.docx | LEGALEASE-00013972-LEGALEASE-00013973 |
| Brokamp v. Mercy Hosp. Anderson, 132 Ohio App. 3d 850 | 307A+3 | "Motion in limine" is a tentative, interlocutory, precautionary ruling by a trial court reflecting its anticipatory treatment of an evidentiary issue; in virtually all circumstances, finality does not attach when the motion is granted. | "For motions in limine, does finality attach when the motion is granted?" | 041204.docx | LEGALEASE-00122966-LEGALEASE-00122967 |
| City of Pasadena v. R.R. Comm'n of California, 183 Cal. 526 | 317A+145.1 | Const. art. 12, S 22, authorizing the Legislature to confer additional powers of the same kind or different from those conferred on the Railroad Commission, does not authorize the Legislature to confer upon the commission powers not germane to the purpose for which it was created. | Are the powers conferred on the Railroad commission cognate and germane to the purposes for which it was created? | 042233.docx | LEGALEASE-00122813-LEGALEASE-00122815 |
| State v. Lone Star Gas Co., 86 S.W.2d 484 | 190+14.5(6) | Statutory appeal to determine whether natural gas rate is confiscatory or unreasonable and unjust, and question to be decided by court is not whether court would make same order as was made by Railroad Commission, but is whether commission acted reasonably upon sufficient evidence, and whether any substantial right of party appealing from order had been infringed. Vernon's Ann.Civ.St. art. 6059. | Is ratemaking delegated only to the Railroad Commission? | Public Utilities - Memo 123 - AM.docx | LEGALEASE-00013999-LEGALEASE-00014000 |
| Broadvox-CLEC v. AT&T Corp., 184 F. Supp. 3d 192 | 317A+111 | A court may interpret a tariff by reference to sources other than the language in the tariff itself only when it is ambiguous, so that a literal reading is impossible. | Does the language of a tariff have different possible interpretations if it is unambiguous? | 042248.docx | LEGALEASE-00123484-LEGALEASE-00123485 |
| PECO Energy Co. v. Twp. of Upper Dublin, 922 A.2d 996 | 317A+111 | Public utility tariffs have the force and effect of law, and are binding on the customer as well as the utility. | Are public utility tariffs binding on the customer and the utility? | Public Utilities - Memo 137 - AM.docx | ROSS-003283879-ROSS-003283880 |
| Ray v. Leader Fed. Sav. & Loan Ass'n, 40 Tenn. App. 625 | 368+1 | "Suicide" is the willful and voluntary act of a person who understands the physical nature of the act, and intends by it to accomplish the result of self termination. | Is suicide a voluntary crime? | 044460.docx | LEGALEASE-00122550-LEGALEASE-00122551 |
| Aven v. State, 102 Tex. Crim. 478 | 368+3 | One placing poison in mouth of suicide, at suicide's request, knowing intent, guilty of murder. | Is a person guilty of murder if he places poison inside the victims mouth with the intent to help the victim commit suicide? | 044485.docx | LEGALEASE-00122740-LEGALEASE-00122741 |
| Davidson v. Bugbee, 227 Mich. App. 264 | 13+61 | Cause of action accrues when all the elements of claim have occurred and can be alleged in proper complaint. | Does a cause of action accrue only when all the necessary elements have occurred? | Action - Memo # 181 - C - PHS.docx | ROSS-003283804-ROSS-003283805 |
| Patterson v. Tenet Healthcare, 113 F.3d 832 | 25T+121 | Title VII claims are subject to individual consensual agreements to arbitrate. Civil Rights Act of 1964, S 701 et seq., 42 U.S.C.A. S 2000e et seq. | Are Title VII claims subject to arbitration agreements? | 007101.docx | LEGALEASE-00124914-LEGALEASE-00124915 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Kaplan, 143 F.3d 807 | 25T+130 | Arbitration agreement may limit its preclusive effects. Restatement (Second) of Judgments S 84(4). | Can an arbitration agreement limit its preclusive effect? | Alternative Dispute Resolution - Memo 416 - RK.docx | ROSS-003300666-ROSS-003300667 |
| Adams v. Suozzi, 433 F.3d 220 | 25T+132 | If the contract embodying a purported arbitration agreement never existed, the arbitration agreement itself does not exist. | How do courts construe an arbitration agreement if the contract embodying the purported arbitration agreement never existed? | Alternative Dispute Resolution - Memo 417 - RK.docx | ROSS-003284978-ROSS-003284979 |
| Sumaza v. Coop. Ass'n, 297 F. Supp. 345 | 25T+132 | Arbitration agreement need not follow particular form or phraseology. | Does an arbitration agreement need to follow any particular form or phraseology? | Alternative Dispute Resolution - Memo 422 - RK.docx | ROSS-003284595-ROSS-003284596 |
| Sapiro v. VeriSign, 310 F. Supp. 2d 208 | 25T+134(2) | Mutual agreements to arbitrate are independently sufficient forms of consideration. | Are mutual agreements to arbitrate independently sufficient forms of consideration? | Alternative Dispute Resolution - Memo 434 - RK.docx | ROSS-003298729-ROSS-003298730 |
| City of New York v. Consol. Edison Co. of New York, 274 A.D.2d 189 | 148+2.1 | Not every regulatory intrusion on property rights amounts to a taking. U.S.C.A. Const.Amend. 5. | Does every regulatory intrusion on property rights amounts to a taking? | Eminent Domain - Memo 231 - GP.docx | ROSS-003283873-ROSS-003283874 |
| Commonwealth Edison Co. v. United States, 46 Fed. Cl. 29 | 148+2.2 | A government-imposed obligation to pay "money" is not susceptible to a taking analysis. | Is a government-imposed obligation to pay money susceptible to a taking analysis? | Eminent Domain - Memo 237 - GP.docx | ROSS-003298799-ROSS-003298800 |
| Doe v. Qi, 349 F. Supp. 2d 1258 | 221+342 | Act of state doctrine is not compelled by international law and is not controlled by international law. | Is the act of state doctrine neither compelled nor controlled by international law? | International Law - Memo # 302 - C - ES.docx | ROSS-003296985-ROSS-003296986 |
| Aguinda v. Texaco, 142 F. Supp. 2d 534 | 170B+2971 | Court would dismiss, on forum non conveniens grounds, tort suit brought by claimants alleging damages arising out of negligent management of oil pipelines on land owned by Ecuadorian government, even though suit included claim under Alien Tort Claims Act, which provided federal forum for aliens suing United States entities for violations of law of nations; alleged conduct of oil company being sued was not sufficiently egregious. 28 U.S.C.A. S 1350. | Does the Alien Tort Statute (ATS) apply only to shockingly egregious violations of universally recognized principles of international law? | 020241.docx | LEGALEASE-00124699-LEGALEASE-00124701 |
| Bank Tejarat v. Varsho-Saz, 723 F. Supp. 516 | 221+387 | Burden of establishing applicability of act of state doctrine rests on proponent. | Does the burden of establishing applicability of an act of state doctrine rest on the proponent? | International Law - Memo # 422 - C - MLS.docx | ROSS-003283673-ROSS-003283674 |
| Honduras Aircraft Registry Ltd. v. Gov't of Honduras, 883 F. Supp. 685 | 221+342 | Exceptions to act of state doctrine include those acts by foreign state that are purely commercial or for which no foreign policy goal of the executive branch is impeded. | Is the act of state doctrine primarily designed to avoid impingement by judiciary upon conduct of foreign policy by Executive Branch? | 020524.docx | LEGALEASE-00124267-LEGALEASE-00124268 |
| Interamerican Ref. Corp. v. Texaco Maracaibo, 307 F. Supp. 1291 | 221+351 | Anticompetitive practices compelled by foreign nations are not restraints of commerce, as commerce is understood in the Sherman Act, because refusal to comply would put an end to commerce. Sherman Anti-Trust Act, SS 1, 2, 15 U.S.C.A. SS 1, 2. | Are anticompetitive practices compelled by foreign nations violations of the Sherman Act? | 020540.docx | LEGALEASE-00124478-LEGALEASE-00124479 |
| Dominicus Americana Bohio v. Gulf & W. Indus., 473 F. Supp. 680 | 221+351 | Conduct related to commercial endeavors is not immunized by the act of state doctrine. | Is conduct related to commercial endeavors immunized by the act of state doctrine? | 020555.docx | LEGALEASE-00124358-LEGALEASE-00124359 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| R.M.S. Titanic v. Haver, 171 F.3d 943 | 221+334 | Beyond territorial waters lie the high seas, over which no nation can exercise sovereignty. | Can a nation exercise sovereignty over the high seas? | International Law - Memo # 807 - C - ANC.docx | ROSS-003285101-ROSS-003285105 |
| Johnson v. Citimortgage, 351 F. Supp. 2d 1368 | 237+7(1) | Under Georgia law, "libel per se" is publication charging that one is guilty of crime, dishonesty, or immorality. West's Ga.Code Ann. S 51-5-1. | Is charging someone with immorality or dishonesty libel per se? | 021083.docx | LEGALEASE-00124926-LEGALEASE-00124927 |
| Story v. Lanier, 166 S.W.3d 167 | 289+507 | What will constitute a partnership is a matter of law, but whether a partnership exists under conflicting evidence is one of fact. West's T.C.A. S 61-1-101(6). | Is the existence of a partnership a question of fact of law? | 021821.docx | LEGALEASE-00124846-LEGALEASE-00124847 |
| Davis v. Quality Pest Control, 641 S.W.2d 324 | 302+8(6) | If opposing party is not misled and if no special exceptions have been filed, petition may even allege legal conclusions. | Can a legal conclusion be plead? | 022976.docx | LEGALEASE-00125374-LEGALEASE-00125375 |
| Brown v. Am. Transfer & Storage Co., 601 S.W.2d 931 | 30+4251 | To be reversible, variance between pleadings and proof must be substantial, misleading, constitute surprise, and be a prejudicial departure from the pleadings. | When will a variance between the pleading and the proof of claim be fatal? | 022999.docx | LEGALEASE-00125273-LEGALEASE-00125274 |
| Connecticut Light & Power Co. v. Gilmore, 289 Conn. 88 | 307A+3 | A trial court may entertain a motion in limine made by either party regarding the admission or exclusion of anticipated evidence. Practice Book 1998, S 42-15. | Has the motion in limine generally been used in courts to invoke a trial judge's inherent discretionary powers to prevent occurrences that might unnecessarily prejudice the right of any party to a fair trial? | 024348.docx | LEGALEASE-00125308-LEGALEASE-00125310 |
| Windus v. Great Plains Gas, 255 Iowa 587 | 307A+1 | To expedite litigation is one of the chief objectives of the rules of civil procedure. 58 I.C.A. Rules of Civil Procedure, rules 215.1, 252, 253. | What is one of the chief objectives of the rules of civil procedure? | Pretrial Procedure - Memo # 475 - C - HAM.docx | ROSS-003297415-ROSS-003297416 |
| Lamb v. Geovjian, 165 Vt. 375 | 307A+3 | Trial court has broad discretion in its pretrial evidentiary rulings. | Does a trial court have broad discretion in its pretrial evidentiary rulings? | Pretrial Procedure - Memo # 506 - C - LK.docx | ROSS-003298354-ROSS-003298355 |
| Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | To prevent confusion and misunderstanding during trial, both the motion in limine and the resulting order should be in writing. | Should both the motion in limine and the resulting order be in writing? | Pretrial Procedure - Memo # 845 - C - KA.docx | ROSS-003298706-ROSS-003298707 |
| Pink Dot v. Teleport Commc'ns Grp., 89 Cal. App. 4th 407 | 317A+111 | If there is an ambiguity in a tariff, any doubt in its interpretation is to be resolved in favor of the nondrafter and against the utility. West's Ann.Cal. Civil Code 4F 1654. | Should the interpretation of an ambiguous tariff be resolved in favor of the non-drafter and against the utility? | Public Utilities - Memo 145 - AM.docx | ROSS-003298714-ROSS-003298715 |
| Bank of New York v. Nally, 820 N.E.2d 644 | 366+1 | Application of the doctrine of equitable subrogation depends on the equities and attending facts and circumstances of each case. | On what does the application of equitable subrogation depend? | 044404.docx | LEGALEASE-00125107-LEGALEASE-00125108 |
| State Bd. of Ret. v. Bulger, 446 Mass. 169 | 79+1 | A clerk of a court is a public officer clothed with official functions of a highly important nature. | Is a clerk of a court a public officer? | 013350.docx | LEGALEASE-00125712-LEGALEASE-00125713 |
| Com., Dep't of Health v. Hanes, 78 A.3d 676 | 253+236 | Official duty of clerk of Orphans' Court of issuing marriage licenses did not give clerk discretion to determine whether provision of state Marriage Law, defining marriage as being between one man and one woman, was constitutional; clerk was not an administrative officer with discretion to interpret statutes, and marriage license statute did not authorize clerk to exercise any discretion or judgment with respect to its provisions. 23 Pa.C.S.A. SS 1102, 1302(a, b); 42 Pa.C.S.A. S 2757. | Is a prothonotary an administrative officer who has the discretion to interpret statutes? | 013518.docx | LEGALEASE-00125681-LEGALEASE-00125683 |
| Cook v. City of Topeka, 232 Kan. 334 | 79+1 | A clerk of a court is a ministerial officer and, without statutory authority, cannot exercise a judicial function. | Is a clerk of the court a ministerial officer? | Clerks of court - Memo 8-VP.docx | ROSS-003285980-ROSS-003285981 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Foster v. Shubert Holding Co., 316 Mass. 470 | 302+214(4) | Conclusions of fact unless they are necessary inferences from the particular facts alleged are not admitted by a demurrer. | Are necessary inferences from facts admitted by a demurrer? | 023009.docx | LEGALEASE-00125632-LEGALEASE-00125634 |
| Nat'l Fuel Gas Distribution Corp. v. Pennsylvania Pub. Util. Comm'n, 76 Pa. Cmwlth. 102 | 317A+128 | As general matter, utility management is in hands of utility and Public Utility Commission may not interfere with lawful management decisions, including decisions related to necessity and propriety of operating expenses, unless, on basis of record evidence, it finds abuse of utility's managerial discretion. | Does the Public Utilities Commission have the power to interfere with the general management decisions of the public utilities without express legislative authority? | 042312.docx | LEGALEASE-00125642-LEGALEASE-00125643 |
| Petition of New England Tel. & Tel. Co., 115 Vt. 494 | 317A+111 | The function of a public service commission is that of control and not of management, and regulation should not obtrude itself into the place of management. | Is management the function of the Public Service Commission? | Public Utilities - Memo 164 - AM.docx | LEGALEASE-00015621-LEGALEASE-00015622 |
| State v. Wilson, 127 N.C. App. 129 | 352H+94 | The intent required for attempted rape of a child is the intent to accomplish the criminal result: to have sexual intercourse. West's RCWA 9A.28.020(1), 9A.44.076(1). | Is intent an element in the attempted rape of a child? | 042918.docx | LEGALEASE-00125696-LEGALEASE-00125697 |
| Baggett v. Hewlett-Packard Co., 582 F. Supp. 2d 1261 | 386+6 | Allegations that manufacturer of printers and ink toner cartridges programmed its printers to stop printing when ink cartridges were not empty, thus depriving consumers of the remaining ink, were sufficient to state claim for trespass to chattels. | Does the law recognize trespass committed by programming a technological or electronic entity? | Trespass - Memo 162 - RK.docx | LEGALEASE-00015716-LEGALEASE-00015717 |
| eBay v. Bidder's Edge, 100 F. Supp. 2d 1058 | 386+6 | Under California law, claim for "trespass to chattels" lies where intentional interference with possession of personal property has proximately caused injury. | What constitutes a valid trespass to chattels claim? | 047220.docx | LEGALEASE-00125824-LEGALEASE-00125825 |
| Hawkins v. Hawkins, 101 N.C. App. 529 | 386+6 | Actual damage is not essential element of cause of action for trespass to chattels, except by dispossession. | Does the cause of action for trespass to chattels require actual damage? | 047247.docx | LEGALEASE-00125838-LEGALEASE-00125839 |
| Gallizzi v. Williams, 218 So. 2d 499 | 13+61 | Cause of action in slander accrues at time of alleged publication. | Does a cause of action in slander accrue at the time of alleged publication? | Action - Memo # 137 - C - MS.docx | ROSS-003285708-ROSS-003285709 |
| Lathrop v. McBride, 209 Neb. 351 | 241+55(1) | Cause of action for slander or libel accrues on date of publication of defamatory matter. Neb.Rev.St. S 25-208. | Does a cause of action in slander accrue at the time of alleged publication? | 005357.docx | LEGALEASE-00126134-LEGALEASE-00126135 |
| Williams Companies v. Dunkelgod, 2012 OK 96, 295 P.3d 1107 | 13+61 | Cause of action accrues when plaintiff could have first maintained an action. | Does a cause of action ordinarily accrue when plaintiff could first maintain an action to a successful result? | 005359.docx | LEGALEASE-00126141-LEGALEASE-00126142 |
| Martin v. Farm & Home Sav. & Loan Ass'n of Missouri, 81 S.W.2d 779 | 13+61 | Cause of action to recover debt does not mature until debt matures or becomes due. | Can a cause of action to recover debt mature until debt matures or becomes due? | Action - Memo # - C 306-UG.docx | ROSS-003303321-ROSS-003303322 |
| Forman v. Mississippi Publishers Corp., 195 Miss. 90 | 13+61 | A cause of action "accrues" when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested. | Does a cause of action accrue at the place where it come into existence as an enforceable claim? | Action- Memo # C - 338 SHB.docx | ROSS-003312809-ROSS-003312810 |
| McKinley v. United States, 249 U.S. 397 | 34+1 | Congress has authority to make rules and regulations for protection of the health and welfare of those composing the armies raised by it. | Does the congress have the authority to raise and support armies? | 008726.docx | LEGALEASE-00126284-LEGALEASE-00126285 |
| Nat'l Westminster Bank, USA v. State, 76 N.Y.2d 507 | 104+146 | As clerk of courts, county clerk is state officer for whom State is responsible; but when performing general duties, county clerk acts as local officer, and local government must answer for actions taken. | Are state governments responsible for the actions of a county clerk? | 013428.docx | LEGALEASE-00126282-LEGALEASE-00126283 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bormann v. Bd. of Sup'rs In & For Kossuth Cty., 584 N.W.2d 309 | 148+85 | Easements are property interests subject to the just compensation requirements of state and federal constitutions. U.S.C.A. Const.Amends. 5, 14; I.C.A. Const. Art. 1, S 18. | Are easements subject to the just compensation requirements of the Fifth Amendment to the Federal Constitution? | 017584.docx | LEGALEASE-00126014-LEGALEASE-00126015 |
| K & K Const. v. Dep't of Nat. Res., 456 Mich. 570 | 148+221 | Determining size of denominator parcel to be analyzed in takings analysis is inherently a factual inquiry. U.S.C.A. Const.Amend. 5; M.C.L.A. Const. Art. 10, S 2. | Is determining the size of the denominator parcel a factual inquiry under the taking laws? | 017599.docx | LEGALEASE-00126179-LEGALEASE-00126180 |
| United States v. Ibarguen-Mosquera, 634 F.3d 1370 | 221+334 | Objective, protective, and territorial principles of international law only apply to laws that govern the conduct of flagged vessels. | "Do objective, protective, and territorial principles of international law only apply to stateless vessels?" | International law - Memo # 791 - C - MS.docx | ROSS-003299587-ROSS-003299589 |
| United States v. Juda, 46 F.3d 961 | 221+321 | Under international law, nation may generally assert jurisdiction over its citizens. | "Under international law, can a nation assert jurisdiction over its citizens?" | International Law - Memo # 835 - C - BP.docx | ROSS-003298657-ROSS-003298658 |
| R.M.S. Titanic v. Haver, 171 F.3d 943 | 221+334 | Beyond territorial waters lie the high seas, over which no nation can exercise sovereignty. | Can any nation exercise sovereignty over the high seas? | 020672.docx | LEGALEASE-00126058-LEGALEASE-00126059 |
| City of Coahoma v. Pub. Util. Comm'n of Texas, 626 S.W.2d 488 | 405+2096 | Term "public utility" used in "grandfather certificate" section of the Public Utilities Regulatory Act includes "retail public utility" as defined in section providing that for purpose of article dealing with certificates of convenience and necessity "retail public utility" means any person, corporation, water supply or sewer service corporation, or municipality operating facilities for providing retail utility service. Vernon's Ann.Civ.St. art. 1446c, SS 1 et seq., 3, 3(b, c), 49 et seq., 53. | Does the term public utility include retail public utility? | 042379.docx | LEGALEASE-00126328-LEGALEASE-00126329 |
| State v. Campbell Cty. Sch. Dist., 2001 WY 19 | 352H+119 | Consent or reasonable mistake as to age of victim is no defense to charge of first-degree sexual assault on child. Neb.Rev.St. S 28-319(1)(c). | Is consent a defense to first degree sexual assault on a child? | Sex Offence - Memo 34 - BP.docx | LEGALEASE-00016168-LEGALEASE-00016169 |
| U. S. Fid. & Guar. Co. v. First State Bank of Salina, 208 Kan. 738 | 366+8 | When a surety on a construction contractor's bond is required to remedy default of its principal, it is subrogated to rights of contractor, laborers and materialmen whose bills it pays, and owner of project. | "Is a surety subrogated to rights of contractor, laborers and materialmen, acquire the rights of its principal?" | 044245.docx | LEGALEASE-00125876-LEGALEASE-00125877 |
| City of Amsterdam v. Daniel Goldreyer, Ltd., 882 F. Supp. 1273 | 386+6 | Trespass to chattel occurs when party intentionally damages or interferes with use of property belonging to another. Restatement (Second) of Torts SS 217-221. | When does a trespass to chattel occur? | Trespass - Memo 192 - RK.docx | ROSS-003327334-ROSS-003327335 |
| People, to Use of Tritch v. Cramer, 15 Colo. 155 | 13+61 | When a contract, express or implied, is violated, a cause of action at once accrues. The same is true of torts constituting a trespass upon person or property; also of torts in connection with which assumpsit might have been maintained at the common law. | "Does a cause of action at once accrue when a contract, express or implied, is violated?" | 005455.docx | LEGALEASE-00126408-LEGALEASE-00126409 |
| Johnson v. Gupta, 682 N.E.2d 827 | 92+2311 | Open courts provision of State Constitution does not require that every plaintiff have remedy for injuries suffered, and there may be claim or demand without any right to sue for its recovery. West's A.I.C. Const. Art. 1, S 12. | Can there be a claim or demand without any right to sue for its recovery? | 005485.docx | LEGALEASE-00126402-LEGALEASE-00126403 |
| Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Keck, Mahin & Cate, 154 S.W.3d 714 | 13+61 | Because damages are an element of a legal-malpractice claim, the claim does not accrue until the client discovers, or should have discovered, it was legally injured. | Does a legal malpractice claim accrue when the client discovers or should have discovered that he was legally injured? | 005557.docx | LEGALEASE-00126526-LEGALEASE-00126527 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Broyles v. Com., 309 Ky. 837 | 13+61 | An action cannot be maintained if commenced before accrual of cause of action sought to be enforced. | Can an action be maintained if commenced before accrual of cause of action sought to be enforced? | Action - Memo # 233 - C - KI.docx | ROSS-003285739-ROSS-003285740 |
| Highline Sch. Dist. No. 401, King Cty. v. Port of Seattle, 87 Wash. 2d 6 | 13+61 | Cause of action accrues on occurrence of last element essential to such action. | Does cause of action accrue on occurrence of last element essential to the action? | 005759.docx | LEGALEASE-00126587-LEGALEASE-00126588 |
| Kane Cty. v. Carlson, 116 Ill. 2d 186 | 79+1 | Circuit clerk is nonjudicial officer of judicial branch of government. S.H.A. Const. Art. 6, S 18(b). | Are circuit clerks non-judicial officers of the judicial branch of the government? | 013432.docx | LEGALEASE-00126760-LEGALEASE-00126761 |
| Roylston v. Pima Cty., 106 Ariz. 249 | 79+1 | Clerk of superior court is part of judicial branch of government. A.R.S. S 11-401; A.R.S.Const. art. 3; art. 6, S 23. | Is a clerk of a superior court a part of the judicial branch of the government? | Clerks of Court - Memo 31 - RK.docx | ROSS-003286666-ROSS-003286667 |
| Roylston v. Pima Cty., 106 Ariz. 249 | 79+1 | Judiciary has power to supervise operation of office of clerk of superior court. A.R.S. S 11-401; A.R.S.Const. art. 3; art. 6, S 23. | Does the judiciary have the power to supervise the operations of the office of the clerk of a superior court? | Clerks of Court - Memo 32 - RK.docx | LEGALEASE-00016480-LEGALEASE-00016481 |
| Haywood v. Ryan, 85 N.J.L. 116 | 129+108 | Act Concerning Disorderly Persons, S 3, applies only to such persons as shall by their act obstruct or interfere with the movement of persons lawfully on the street. | Is a person who obstructs or interferes with any person lawfully in streets or public places a disorderly person? | Disorderly Conduct-Memo 28- ANG.docx | LEGALEASE-00016518-LEGALEASE-00016519 |
| Long Island Water-Supply Co. v. City of Brooklyn, 166 U.S. 685 | 148+45 | A contract is property which may be taken by condemnation proceedings for public use. | Can a contract be taken under condemnation proceedings for public use? | 017633.docx | LEGALEASE-00126659-LEGALEASE-00126660 |
| Kelley v. Mallory, 202 Or. 690 | 302+32 | When instrument relied on is set out in full in pleading, it prevails over allegations as to its legal effect. | Will an instrument prevail over allegations as to its legal effect? | 023050.docx | LEGALEASE-00126702-LEGALEASE-00126703 |
| Lyerly v. Yeadon, 199 S.C. 363 | 13+63 | "Laches" ordinarily involves not only neglect to enforce a legal or equitable right but also such a change in conditions as to prejudice the right of one of the parties in making his defense and render inequitable the enforcement of the claim sought to be asserted. | Does mere neglect for a time to enforce a legal right constitutes laches? | 005400.docx | LEGALEASE-00126869-LEGALEASE-00126870 |
| D.O.F. v. Lewisburg Area Sch. Dist. Bd. of Sch. Directors, 868 A.2d 28 | 1.41E+31 | When schools act outside their statutory authority, courts can intervene. | Can the courts intervene when schools act outside their statutory authority? | 016794.docx | LEGALEASE-00127058-LEGALEASE-00127059 |
| In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig., 725 F.3d 65 | 279+59 | Under New York law, a public nuisance is an offense against the state and is subject to abatement or prosecution on application of the proper governmental agency. | Who can abate public nuisance in a highway? | Highways - Memo 13 - BP.docx | LEGALEASE-00016892-LEGALEASE-00016893 |
| Carlson v. Lindauer, 119 Cal. App. 2d 292 | 302+8(11) | Where an allegation of ownership is expressly predicated on specific averments in suit to quiet title, allegation of ownership is a mere conclusion of law and may be disregarded. | Should an allegation of ownership be disregarded? | 023087.docx | LEGALEASE-00127154-LEGALEASE-00127155 |
| KBD & Assocs. v. Great Lakes Foam Techs., 295 Mich. App. 666 | 308+81(5) | Sales agents are entitled to post-termination commissions for sales they procured during their time at the former employer. | Is an agent entitled to post termination commission for sales they procured? | 041308.docx | LEGALEASE-00126923-LEGALEASE-00126924 |
| Pub. Serv. Comm'n v. Formal Complaint of WWZ Co., 641 P.2d 183 | 317A+113 | A private sewage disposal company does not fall within the statute defining a "public utility" within the jurisdiction of the Public Service Commission as including every person that owns, operates, leases, controls, or has power to operate, lease or control any plant, property or facility for the supply, storage, distribution or furnishing to or for the public of water for manufacturing, municipal, agriculture or domestic uses, except and excluding any such plant, property or facility owned by a municipality. W.S. 1977, SS 37-1-101(a)(vi)(E), 37-2-127. | Is a disposal company or its operation thereof a public utility? | 042418.docx | LEGALEASE-00126859-LEGALEASE-00126860 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gen. Commc'ns Sys. v. State Corp. Comm'n, 216 Kan. 410 | 317A+113 | The word "necessity" as used in public utility law generally means a public need without which the public is inconvenienced to the extent of being handicapped. K.S.A. 66-101 et seq. | What does the word necessity imply in reference to public utilities? | 042426.docx | LEGALEASE-00126936-LEGALEASE-00126937 |
| Touchet Valley Grain Growers v. Opp & Seibold Gen. Const., 119 Wash. 2d 334 | 366+35 | Parties to contract may waive their subrogation rights and, absent fraud, waiver will be valid and enforceable. | Are anti-subrogation waivers valid and enforceable? | 043286.docx | LEGALEASE-00127078-LEGALEASE-00127079 |
| Albany Ins. Co. v. United Alarm Servs., 194 F. Supp. 2d 87 | 366+35 | Contractual waiver of subrogation rights is enforceable, under Connecticut law, if waiver is clear and unambiguous. | Is a contractual waiver of subrogation rights enforceable if the waiver is clear and unambiguous? | Subrogation - Memo # 1259 - C - SKG.docx | ROSS-003285416-ROSS-003285417 |
| S. Mut. Church Ins. Co. v. ARS Mech., 306 Ga. App. 748 | 294+89(5) | The party seeking to recover payment bears the burden of showing that the voluntary-payment doctrine does not apply. | "Who bears the burden of showing the inapplicability of the voluntary payment doctrine, under law?" | Subrogation - Memo # 975 - C - TJ.docx | LEGALEASE-00017090-LEGALEASE-00017091 |
| Day Cruises Mar., L.L.C v. Christus Spohn Health Sys., 267 S.W.3d 42 | 366+41(6) | Burden is on the party claiming equitable subrogation to establish he is entitled to it. | Is the burden on the party claiming equitable subrogation to establish he is entitled to it? | Subrogation - Memo # 982 - C - NC.docx | ROSS-003290415-ROSS-003290416 |
| Keefer v. Spohrer, 168 Kan. 331 | 13+65 | Ordinarily, a plaintiff's right to recover, if any, is to be determined as of time action is commenced. | Is a plaintiff's right to recover to be determined as of the time action is commenced? | 005962.docx | LEGALEASE-00127952-LEGALEASE-00127953 |
| In re Galewitz' Estate, 3 A.D.2d 280 | 13+65 | Equity need not speak with finality until the decree, and when it does, it does with reference to the facts, the law, and equities then existing. | Does equity need not speak with finality until the decree? | 006083.docx | LEGALEASE-00127834-LEGALEASE-00127836 |
| Jose v. Lyman, 316 Mass. 271 | 13+63 | Laches is not to be imputed to a minor and no exception is made of infants under guardianship. | Is laches to be imputed to a minor and no exception is made of infants under guardianship? | Action - Memo # 878 - C - KI.docx | ROSS-003286563-ROSS-003286564 |
| Jones v. Foote, 165 Conn. 516 | 13+65 | A court will grant equitable relief, injunctive or otherwise, only on situation as it exists at time of trial. | Does equity deal only with the situation existing at the time of trial? | Action - Memo # 894 - C - VA.docx | ROSS-003285851-ROSS-003285853 |
| Perpich v. U.S. Dep't of Def., 880 F.2d 11 | 34+1 | Authority given to Congress by the army clause is plenary and exclusive. U.S.C.A. Const. Art. 1, S 8, cl. 12. | Is the authority given to Congress by the army clause plenary and exclusive? | 008363.docx | LEGALEASE-00128099-LEGALEASE-00128100 |
| Sch. Dist. No. One Fractional, Ira Twp. v. Sch. Dist. No. Two Fractional, Chesterfield | 1.41E+13 | Under Michigan laws and constitution, school matters are subject to state legislature's control and are matters of state concern. | Is education a matter of interest and concern for the state and subject to the control of the legislature? | Education - Memo # 38 - C - SU.docx | LEGALEASE-00017570-LEGALEASE-00017572 |
| People ex rel. Buffalo Util. Co. v. Vill. of Buffalo Grove, 85 Ill. App. 2d 382 | 183+5 | There is nothing to prevent municipally owned utility from competing directly in same area of operation with privately owned utility. S.H.A. ch. 1112/323, SS 10.3, 56. | Can municipal businesses compete with private utility businesses? | 042467.docx | LEGALEASE-00128086-LEGALEASE-00128087 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| RLI Ins. Co. v. S. Union Co., 341 S.W.3d 821 | 366+35 | Natural gas utility could seek protection under waiver of subrogation clause in contract between construction contractor and owner of hog plant that was partially destroyed in natural gas explosion while it was under construction; utility was included within the identifiable class of persons covered by the waiver of subrogation provision, utility's activities in provision of gas distribution line and necessary metering and regulatory equipment fell within the plain, ordinary, and common sense meaning ascribed contractual phrase "construction or operations related to" the project, provision of a gas service line to the plant was essential to the plant's ultimate operation, and utility could not have transported natural gas to the plant without undertaking these construction activities. | Is a waiver of subrogation provision in a contract a mechanism for reducing litigation by preventing claims? | 043339.docx | LEGALEASE-00127941-LEGALEASE-00127942 |
| Agostinelli v. Stein, 17 A.D.3d 982 | 366+35 | Waiver of subrogation clause cannot be enforced beyond scope of specific context in which it appears. | Can a waiver of subrogation be enforced beyond the scope originally intended? | 043428.docx | LEGALEASE-00127738-LEGALEASE-00127739 |
| Price v. High Pointe Oil Co., 294 Mich. App. 42 | 386+7 | Liability for a trespass to chattel generally requires some showing of damages. | Does liability for a trespass to chattel generally require some showing of damages? | Trespass - Memo 218 - RK.docx | ROSS-003303945-ROSS-003303946 |
| Batchelder v. Tweedie, 294 A.2d 443 | 13+65 | Substantive rights are fixed at the date on which the cause of action accrues; however, procedural statutes are ordinarily applicable to pending actions. | Are substantive rights fixed at the date on which the cause of action accrues? | 005982.docx | LEGALEASE-00128249-LEGALEASE-00128250 |
| Fruehauf Trailer Co. v. City of Detroit, 325 Mich. 407 | 13+65 | A litigant may not sue first and obtain his right of action afterwards. | Can one sue first and obtain his right of action afterwards? | Action - Memo # 731 - C - ES.docx | ROSS-003284866-ROSS-003284867 |
| Orsi v. Bd. of Appeals of Town of Bethlehem, 3 A.D.3d 698 | 13+65 | Generally, court must apply law as it exists at time of decision. | Should a court apply a law as it exists at the time of a decision? | 006003.docx | LEGALEASE-00128341-LEGALEASE-00128342 |
| Archer v. Utah State Land Bd., 15 Utah 2d 321 | 361+1551 | Ordinarily, facts and law in given lawsuit are to be applied as of date of filing of original complaint. | "Since equity always speaks as of the date of its decree, are facts about the filing date of the complaint relevant and material to the main issue?" | Action - Memo # 794 - C - KBM.docx | LEGALEASE-00018022-LEGALEASE-00018023 |
| Bate v. Davis, 309 Ky. 709 | 307A+551 | An action cannot be maintained if commenced before accrual of cause which is sought to be enforced, and such an action should be dismissed without prejudice to plaintiff's right to begin a new action on accrual of the cause; and, upon proper and timely objection being made, the nonexistence of a cause of action when suit was started is a fatal defect which cannot be cured by accrual of cause pending suit. | Can an action be maintained if commenced before the accrual of the cause which is sought to be enforced? | Action - Memo # 821 - C - SJ.docx | ROSS-003286357-ROSS-003286358 |
| Dumais v. Am. Golf Corp., 299 F.3d 1216 | 25T+135 | Arbitration agreement that bound employee but gave employer unfettered right to alter agreement or its scope was illusory and unenforceable. | Is an arbitration agreement giving one party the unfettered right to alter the arbitration agreements existence or its scope illusory? | 007241.docx | LEGALEASE-00128642-LEGALEASE-00128644 |
| United Steelworkers of Am. v. Crane Co., 456 F. Supp. 385 | 25T+135 | Arbitration can be ordered when contract requiring such remedy has expired and dispute arises under terms of expired contract. | Can courts order arbitration when the contract requiring arbitration has expired? | Alternative Dispute Resolution - Memo 460 - RK.docx | ROSS-003285549-ROSS-003285550 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Int'l Bhd. of Elec. Workers, Local No. 367, AFL-CIO v. Graham Cty. Elec. Coop., 783 F.2d 897 | 25T+135 | Obligation to arbitrate a new contract, i.e., "interest arbitration," may survive the termination of an old contract. | Can interest arbitration survive the termination of a contract? | 007248.docx | LEGALEASE-00128649-LEGALEASE-00128650 |
| Gogri v. Jack In The Box Inc., 166 Cal. App. 4th 255 | 307A+508 | Plaintiff's voluntary dismissal was timely filed under statute granting a plaintiff an absolute right to timely voluntary dismissal, and thus trial court lacked discretion to vacate dismissal or grant defendant's motion for summary judgment, even though trial court had sustained demurrers without leave to amend as to some of plaintiff's causes of action, and both parties had moved for summary judgment as to remaining causes of action, where trial court had issued no tentative ruling on summary judgment motions, and plaintiff had submitted admissible evidence in support of its motion; there had been no public and formal indication by court regarding merits of case, and plaintiff had not committed any procedural dereliction that rendered judgment against him inevitable or mere formality. West's Ann.Cal.C.C.P. S 581. | Is a voluntary dismissal available to the plaintiff as a matter of right? | 038742.docx | LEGALEASE-00128263-LEGALEASE-00128264 |
| In re Segal, 527 B.R. 85 | 51+2260 | The right to voluntarily dismiss a Chapter 7 case is not absolute; the debtor must establish cause for dismissal. 11 U.S.C.A. S 707(a). | Is the right to a voluntary dismissal not absolute? | 038812.docx | LEGALEASE-00128281-LEGALEASE-00128282 |
| City of Milwaukee v. Pub. Serv. Comm'n, 11 Wis. 2d 111 | 268+57 | Existence of municipality supplying water as a public utility does not result in grant of an indeterminate permit to operate as a public utility. W.S.A. 196.01(5). | Does the existence as a public utility result in the grant of an indeterminate permit? | Public Utilities - Memo 235 - AM.docx | ROSS-003286945-ROSS-003286946 |
| US Airways v. Qwest Corp., 238 Ariz. 413 | 372+840 | Telecommunication utility owed common law duty, as an underground facilities operator under Blue Stake Law, to data center operator, which experienced interrupted service resulting from severed cable that was allegedly not properly marked prior to excavation; even though law authorized a civil action for damages in favor of only utilities and excavators, law explicitly imposed duty on utility to carefully mark its underground cable, and law was enacted, in part, to protect end users like operator. A.R.S. SS 40-360.22(B), 40-360.28(B). | Are negligence actions against a utility for service interruption or other economic losses part of the common law? | Public Utilities - Memo 246 - AM.docx | ROSS-003285327-ROSS-003285328 |
| In re Larbar Corp., 177 F.3d 439 | 366+35 | Surety can waive right of equitable subrogation in favor of another creditor. | Can a surety waive the right of equitable subrogation in favor of another creditor? | 043315.docx | LEGALEASE-00128114-LEGALEASE-00128115 |
| Hall v. Windsor Sav. Bank, 97 Vt. 125 | 366+35 | The right of subrogation, though it may be lost by waiver or estoppel, is unaffected by the conduct of another. | Is the right of subrogation unaffected by the conduct of another? | Subrogation - Memo # 1117 - C - ES.docx | ROSS-003300443-ROSS-003300444 |
| Stolberg v. Caldwell, 175 Conn. 586 | 1.41E+13 | Furnishing of education for general public is state function and duty. | Is furnishing of education for the general public a state function and duty? | 016925.docx | LEGALEASE-00128778-LEGALEASE-00128780 |
| Danson v. Casey, 33 Pa. Cmwlth. 614 | 1.41E+13 | The power of the state over education falls into that class of powers which are fundamental to our government. Act April 1, 1834, P.L. 102. | Does the power of a state over education fall into that class of powers which are fundamental to the government? | Education - Memo # 57 - C - SU.docx | ROSS-003286779-ROSS-003286780 |
| Brown v. Bd. of Ed. of City of Chicago, 386 F. Supp. 110 | 1.41E+13 | Local control over public education should be maintained wherever possible. | Should local control over public education be maintained wherever possible? | 016930.docx | LEGALEASE-00128783-LEGALEASE-00128784 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State Auto. and Cas. Underwriters v. Johnson, 766 S.W.2d 113 | 289+950 | Term "winding up" means administration of assets for purpose of terminating partnership business and discharging obligations of partnership to its members. | What is the winding up of partnership? | 021978.docx | LEGALEASE-00128900-LEGALEASE-00128901 |
| Wester & Co. v. Nestle, 669 P.2d 1046 | 289+821 | Agreement to discharge withdrawing partner from existing liability may be inferred from course of dealing between creditor having knowledge of dissolution and person or partnership continuing business. C.R.S.1973, 7-60-136(2). | Does the dissolution of a partnership discharge the existing liability of any partners? | Partnership - Memo 222 - RK.docx | ROSS-003300777-ROSS-003300778 |
| In re Western World Funding, 52 B.R. 743 | 289+429 | Partners have an equal legal right to manage, but actual management may be delegated to a single partner or coadventurer without destroying their relationship as coadventurers or partners. | Can the management and control of the partnership be delegated? | 022032.docx | LEGALEASE-00128958-LEGALEASE-00128959 |
| Pedro v. Pedro, 463 N.W.2d 285 | 101+1526(2) | Relationship between shareholders in a closely held corporation is analogous to that of partners, in that each shareholder owes the others a fiduciary duty. | Is the relationship between shareholders in a closely held corporation analogous to that of partners? | Partnership - Memo 244 - RK.docx | ROSS-003300296-ROSS-003300297 |
| In re Christenberry, 336 B.R. 353 | 101+3501 | Under Tennessee law, "sole proprietorship" is a form of business in which one person owns all assets of a business, in contrast to a partnership and corporation, and the sole proprietor is solely liable for all debts of the business. | Is a sole proprietorship different from a partnership? | 022052.docx | LEGALEASE-00128978-LEGALEASE-00128979 |
| Roberson v. Rollins, 710 S.W.2d 180 | 307A+501 | Rule governing nonsuits is liberally construed in favor of right to nonsuit. Vernon's Ann.Texas Rules Civ.Proc., Rule 164. | Is a rule governing nonsuits liberally construed in favor of a right to nonsuit? | 041237.docx | LEGALEASE-00128789-LEGALEASE-00128790 |
| Demolle v. Louisiana Dep't of Wildlife & Fisheries, 580 So. 2d 1083 | 360+200 | Statute which governs suits against Department of Wildlife and Fisheries is specific statute which supersedes general venue statute for suits brought against State. LSA-R.S. 13:5104, subd. A, 36:602. | Do statutes which govern specific agencies supersede general venue statues? | Venue - Memo 113 - RK.docx | ROSS-003288546-ROSS-003288548 |
| Greene v. A.G.B.B. Hotels, 505 So. 2d 666 | 401+5.1 | Not every action that concerns real property involve property in litigation for purpose of determining venue. West's F.S.A. S 47.011. | Does every action that concerns real property involve the property in the litigation? | Venue - Memo 117 - RK.docx | ROSS-003288338-ROSS-003288339 |
| Livitsanos v. Superior Court, 2 Cal. 4th 744 | 413+1 | Touchstone of workers' compensation system is industrial injury which results in occupational disability or death. West's Ann.Cal.Labor Code S 3201 et seq. | What is the touchstone of the workers compensation system? | 047723.docx | LEGALEASE-00128726-LEGALEASE-00128727 |
| Jordan v. Horstmeyer, 152 A.D.3d 1097 | 30+125 | While no appeal lies from an order issued on consent, that rule does not apply where the order differs from or exceeds the consent. | Can an appeal lie from an order issued on consent? | Appeal and error - Memo 27 - RK.docx | LEGALEASE-00018886-LEGALEASE-00018887 |
| Moran v. Murphy, 230 Mass. 5 | 30+6 | Only way to bring material evidence before full court on appeal in action at law is by exceptions or report. | How can material evidence be brought before the court in an action at law? | Appeal and error - Memo 47 - RK.docx | ROSS-003313478-ROSS-003313479 |
| Beebe v. St. Helens, 124 Or. 638 | 110+260.4 | Writ of review proceedings in recorder's court could not be prosecuted at time appeal to circuit court from conviction was pending. | Can a party prosecute an appeal from a judgment while a writ of review to the same court is pending? | Appeal and error - Memo 53 - RK.docx | ROSS-003287053-ROSS-003287054 |
| Colburn v. Williams, 16 Ariz. 73 | 30+13 | Where defendant on the overruling of a new trial gave notice of appeal and a few days later filed a bond for costs, which was approved, the appeal was perfected and the trial court lost jurisdiction and could not entertain an application for a writ of error. | Can a writ of error be prosecuted when a valid subsisting appeal is pending? | 008226.docx | LEGALEASE-00129117-LEGALEASE-00129118 |
| Snohomish Cty. v. State, 69 Wash. App. 655 | 411+7 | As agency created by statute, forest practices appeals board has only those powers expressly granted or necessarily implied from statute. West's RCWA 76.09.210, 76.09.220, 76.09.220(7). | What kind of powers do agency appeal boards have? | Woods and Forest - Memo 38 - RK.docx | ROSS-003290650-ROSS-003290651 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Huntington Alloys v. United Steelworkers of Am., 623 F.2d 335 | 25T+151 | There must be strict adherence to essential terms of agreement to arbitrate. | Must there be strict adherence to the essential terms of an agreement to arbitrate? | 007314.docx | LEGALEASE-00129195-LEGALEASE-00129196 |
| Fort v. Fort, 104 So. 2d 69 | 30+14(0.5) | An improvident petition for a writ of certiorari may not be treated as an appeal. F.S.A. S 59.45. | Is an improvident petition for a writ of certiorari treated as an appeal? | Appeal and error - Memo 58 - RK.docx | ROSS-003313486-ROSS-003313487 |
| Rice v. Steele, 295 S.W.3d 453 | 30+322 | An "indispensable party" is one whose absence prevents the Court of Appeals from granting complete relief among those already parties. | What constitutes an indispensable party? | 008275.docx | LEGALEASE-00129585-LEGALEASE-00129586 |
| People v. Kerestes, 38 Ill. App. 3d 681 | 67+28(1) | Element of intent is an essential part of the crime of burglary which must be properly alleged and proved. | Is intent an essential part of burglary? | Burglary - Memo 63 - RK.docx | ROSS-003300697-ROSS-003300698 |
| Crooks v. Maynard, 112 Idaho 312 | 79+65 | District judge in exercise of supervisory power over clerical activities of district court clerk may set guidelines for hiring deputy clerks that perform judicial functions, control assignment of persons hired by clerk, and refuse assignment of personnel considered unacceptable for judicial function. Act March 3, 1863, 12 Stat. 808; Const. Art. 2, S 1; Art. 5, SS 1 et seq., 16; Art. 18, S 6; I.C. SS 1-1002, 31-3107. | Can a judge set guidelines for hiring deputy clerks? | 013367.docx | LEGALEASE-00129686-LEGALEASE-00129687 |
| Sublett v. Dist. Sch. Bd. of Sumter Cty., 617 So. 2d 374 | 141E+421 | School employee had contractual property interest in his job in maintenance department because he could only be terminated for just cause. | Does a teacher or a contractual employee who can only be terminated for cause have a contractual property interest in his job? | 016980.docx | LEGALEASE-00129277-LEGALEASE-00129278 |
| State v. Hackley, Hume & Joyce, 124 La. 854 | 302+8(1) | Ultimate facts of necessity are conclusions from intermediate and evidentiary facts; but legal conclusions cannot be pleaded as ultimate facts. | "Are ultimate facts of necessity, conclusions drawn from intermediate and evidentiary facts?" | Pleading - Memo 214 - RMM.docx | ROSS-003287365-ROSS-003287366 |
| State v. Hackley, Hume & Joyce, 124 La. 854 | 302+228.19 | Exception of no cause of action admits well-pleaded facts, but not conclusions of law. | Does an exception of no cause of action admit well-pleaded facts? | 023105.docx | LEGALEASE-00129191-LEGALEASE-00129192 |
| Morley v. Wilson, 261 Mass. 269 | 302+8(3) | Allegation of arbitrary and capricious conduct states legal conclusion. | Does a general allegation of arbitrary and capricious conduct state a mere legal conclusion? | 023112.docx | LEGALEASE-00129237-LEGALEASE-00129238 |
| Ethicon Endo-Surgery v. Gillies, 343 S.W.3d 205 | 307A+501 | The party requesting a non-suit has an absolute right to a non-suit at the moment the motion is filed. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does a plaintiff generally have an absolute right to nonsuit at the moment a motion is filed with a clerk? | 024439.docx | LEGALEASE-00129533-LEGALEASE-00129534 |
| Greenberg v. Brookshire, 640 S.W.2d 870 | 307A+501 | Rule governing right to take nonsuit is construed liberally in favor of right to nonsuit. Vernon's Ann.Rules Civ.Proc., Rules 164, 164 note. | Should the nonsuit rule be construed liberally in favor of the right to take a nonsuit? | 024711.docx | LEGALEASE-00129256-LEGALEASE-00129258 |
| Smith v. Columbian Carbon Co., 145 Tex. 478 | 307A+501 | Rule giving plaintiff right to take a nonsuit should be liberally construed. Rules of Civil Procedure, rule 164. | Should the rule recognizing the right of a plaintiff to take a nonsuit be liberally construed? | Pre-trial Procedure - Memo # 1051 - C - KG.docx | ROSS-003287656-ROSS-003287657 |
| Bedgood v. Stevens, 200 Ga. 244 | 388+14 | A motion to dismiss a pending cause should be construed as a motion to strike the case from the docket. | Can a motion to dismiss construed as a motion to strike a case from a docket? | 026237.docx | LEGALEASE-00129216-LEGALEASE-00129217 |
| Wright v. Steers, 179 N.E.2d 721 | 371+2001 | The nature of tax must be determined by its operation and incidence, rather than by its title or designation made by the legislature. | How is the nature of a tax determined? | 044786.docx | LEGALEASE-00129537-LEGALEASE-00129538 |
| InterGen N.V. v. Grina, 344 F.3d 134 | 25T+141 | Courts should be extremely cautious about forcing arbitration in situations in which identity of parties who have agreed to arbitrate is unclear. | When should the courts be cautious about forcing arbitration? | 007359.docx | LEGALEASE-00130216-LEGALEASE-00130217 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stein v. Dowling, 867 F. Supp. 2d 1087 | 92+1186 | Members of military are not excluded from protection granted by First Amendment. U.S.C.A. Const.Amend. 1. | Are military members excluded from the protection granted by the First Amendment? | Armed Services - Memo 120 - JS.docx | LEGALEASE-00019594-LEGALEASE-00019595 |
| Allen v. State ex rel. Ernest N. Morial--New Orleans Exhibition Hall Auth., 814 So. 2d 644 | 234+1 | Burglary and grand larceny are two separate crimes, and conviction for one is not dependent upon conviction for the other. West's A.M.C. SS 97-17-33, 97-17-41. | Are burglary and larceny separate crimes? | Burglary - Memo 52 - RK.docx | ROSS-003285817-ROSS-003285818 |
| United States v. Walgreen Co., 846 F.3d 879 | 170A+636 | In addition to satisfying the False Claims Act's requirements, qui tam plaintiffs must meet the heightened pleading standards of the rule stating that, in all averments of fraud or mistake, the plaintiff must state with particularity the circumstances constituting fraud or mistake. 31 U.S.C.A. S 3729; Fed. R. Civ. P. 9(b). | Should circumstances constituting mistake be stated with particularity? | 023158.docx | LEGALEASE-00129911-LEGALEASE-00129912 |
| Huth v. Wisconsin Pub. Serv. Corp., 82 Wis. 2d 102 | 307A+502 | At common law and early under the code, the right to discontinue an action was absolute; however, the rule now is that leave to discontinue may be denied in the court's discretion, if the rights of the opposing party will be substantially prejudiced by discontinuance. | Is the right to discontinue an action absolute under common law? | 026140.docx | LEGALEASE-00129905-LEGALEASE-00129906 |
| Griffin v. Miles, 553 S.W.2d 933 | 307A+501 | Right of plaintiff to take voluntary nonsuit is absolute and cannot be denied; however, this right is not without limitation, e. g., where right of adverse party to be heard on his claim for affirmative relief is prejudiced. Rules of Civil Procedure, rule 164. | Is the right of a plaintiff to take a voluntary nonsuit absolute and cannot be denied? | 026142.docx | LEGALEASE-00129925-LEGALEASE-00129926 |
| Lanco v. Dir., Div. of Taxation, 21 N.J. Tax 200 | 371+2001 | Regulations interpreting the terms of a tax statute do not by their own force impose taxes. | "Do regulations interpreting the terms of a tax statute by their own force, impose taxes?" | 044784.docx | LEGALEASE-00130162-LEGALEASE-00130163 |
| Camping Const. Co. v. Dist. Council of Iron Workers, 915 F.2d 1333 | 231H+1549(9) | Dispute over termination of prehire collective bargaining agreement was arbitrable under agreement to arbitrate any differences that may arise regarding meaning and enforcement of agreement. | Will broad arbitration clauses cause a court to hold that the parties have provided for arbitration of disputes regarding termination? | 007397.docx | LEGALEASE-00131358-LEGALEASE-00131359 |
| Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, 473 U.S. 614 | 25T+143 | Potential complexity of antitrust matters does not suffice to ward off arbitration nor does arbitration panel pose too great a danger of innate hostility to constraints on business conduct that antitrust law imposes. 9 U.S.C.A. S 1 et seq. | Can potential complexities of antitrust matters suffice to ward off arbitration? | 007432.docx | LEGALEASE-00131393-LEGALEASE-00131395 |
| State v. Handy, 156 So. 3d 785 | 67+2 | To establish the crime of simple burglary, it is not required that an actual theft or a taking occur. LSA-R.S. 14:62. | Does simple burglary require theft or taking? | 012888.docx | LEGALEASE-00131292-LEGALEASE-00131293 |
| Hood v. State, 860 S.W.2d 931 | 67+42(1) | When there is independent evidence of burglary, unexplained possession of recently stolen property can constitute sufficient evidence of guilt to support conviction. | Is possession of goods evidence of burglary? | 013144.docx | LEGALEASE-00131315-LEGALEASE-00131316 |
| Armintrout v. People, 864 P.2d 576 | 67+9(0.5) | Word "or" in statute providing that person commits second-degree burglary if he knowingly breaks entrance into, "or" enters, "or" remains unlawfully in building or occupied structure, should be construed in the disjunctive to refer to alternative ways of committing same crime. West's C.R.S.A. S 18-4-203(1). | What is burglary in the second degree? | 013188.docx | LEGALEASE-00131327-LEGALEASE-00131328 |
| State v. Bell, 145 Ohio Misc.2d 55 | 67+8 | Common-law burglary is an offense against the habitation carried out when the occupants are expected to be asleep and therefore not alert to prevent invasion of their dwelling. | What is common law burglary? | 013199.docx | LEGALEASE-00131339-LEGALEASE-00131340 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Gatewood, 169 Kan. 679 | 67+9(1) | Pushing open closed door of dwelling house constitutes actual breaking into it, and opening of closed outer door thereof with felonious intent is sufficient to constitute "burglarious breaking." G.S.1935, 21-513. | What constitutes burglarious breaking? | 013292.docx | LEGALEASE-00131435-LEGALEASE-00131436 |
| Bates v. State, 582 S.W.2d 84 | 210+827 | Larceny and attempt to commit larceny are not essential elements of burglary and, hence, are not lesser included offenses of that crime. | Is larceny an element of burglary? | Burglary - Memo 88 - JK.docx | ROSS-003326302-ROSS-003326303 |
| People v. Givens, 164 Misc. 2d 463 | 67+41(9) | Intent to use burglar's tool unlawfully may be established by circumstantial evidence. McKinney's Penal Law S 140.35. | Can intent be proved by circumstantial evidence for the charge of possession of burglars tools? | Burglary - Memo 89 - JK.docx | ROSS-003327750-ROSS-003327751 |
| McReynolds v. Hartley, 251 Ill. App. 3d 1038 | 79+6 | Deputy clerk as no independent authority as deputy and may only perform duties under direction of clerk of circuit court. | Does a deputy clerk have independent authority? | 013535.docx | LEGALEASE-00131270-LEGALEASE-00131271 |
| Estep v. Commissioners of Boundary Cty., 122 Idaho 345 | 79+6 | Constitutional provision that clerk of district court shall be empowered by county commissioners to appoint deputies and clerical assistants who shall receive compensation fixed by commissioners does not authorize commissioners to order hiring policies to govern clerk, but authorizes clerk to hire deputy clerks. Const. Art. 18, S 6. | Is a clerk of the district court governed by the county commissioners' order? | 013539.docx | LEGALEASE-00131276-LEGALEASE-00131277 |
| Blankenship v. Kootenai Cty., 125 Idaho 101 | 79+66 | Clerk of court is judicial officer while performing judicial clerical duties for court. I.C. S 1-907. | Is a clerk of the district court a judicial officer while performing judicial clerical duties for the court? | 013540.docx | LEGALEASE-00131278-LEGALEASE-00131279 |
| Bradley v. Graham, 250 Miss. 244 | 307A+501 | Complainant has right to take without prejudice a voluntary dismissal. Code 1942, S 1538. | Does a complainant have a right to take without prejudice a voluntary dismissal? | 026093.docx | LEGALEASE-00131085-LEGALEASE-00131086 |
| English v. Atlanta Transit Sys., 134 Ga. App. 621 | 307A+501 | Plaintiff is entitled to voluntary dismissal as matter of right when he substantially complies with statutory conditions. Code, S 81A-141(a). | is a plaintiff entitled to a voluntary dismissal as a matter of right when he substantially complies with statutory conditions? | Pretrial Procedure - Memo # 1233 - C - UG.docx | LEGALEASE-00020440-LEGALEASE-00020441 |
| Progressive Ins. Companies v. Hartman, 788 S.W.2d 424 | 307A+501 | Defendant cannot force plaintiff to prosecute suit against plaintiff's own best interests. | Can a defendant force a plaintiff to prosecute a suit against a plaintiff's own best interests? | Pretrial Procedure - Memo # 1266 - C - PC.docx | ROSS-003300967-ROSS-003300968 |
| Crystal Lake Golf Course v. Kalin, 252 So. 2d 379 | 307A+746 | Failure of defendant's counsel to attend pretrial conference, while possibly subjecting him to judicial sanctions, should not serve as a predicate upon which to punish defendant where record was devoid of any evidence reflecting a persistent refusal to attend or a wilful disregard of an order of the court, and where record was also devoid of any response by plaintiff to or refutation of defendant's sworn motion and affidavit in support of his motion to vacate. 30 & 31 F.S.A. Rules of Civil Procedure, rules 1.200, 1.540(b). | What is a pretrial conference designed to do? | Pretrial Procedure - Memo # 1469 - C - SK.docx | ROSS-003314729-ROSS-003314730 |
| Maudsley v. Pederson, 676 N.W.2d 8 | 307A+747.1 | Whether or not to enforce its own scheduling order is clearly within the district court's discretion. | Does the court have discretion in enforcing its own scheduling order? | 026635.docx | LEGALEASE-00130289-LEGALEASE-00130290 |
| Wilson Foods Corp. v. Turner, 218 Ga. App. 74 | 307A+747.1 | Pretrial order is ineffective for any purpose until it is signed by trial judge. | Is a pretrial order ineffective for any purpose until it is signed by a trial judge? | Pretrial Procedure - Memo # 1601 - C - PC.docx | ROSS-003314789-ROSS-003314790 |
| Ekberg, v. Sharp, 2003 WY 123 | 307A+742.1 | The objectives of the civil procedure rule allowing the district court to set pretrial deadlines are to allow the district court to expedite the disposition of actions, establish early and continuing control over actions, and facilitate settlement of the case. Rules Civ.Proc., Rule 16. | What are the objectives of the civil procedure rule in setting pre-trial deadlines? | 026753.docx | LEGALEASE-00130285-LEGALEASE-00130286 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Carton, 48 N.J. 9 | 307A+747.1 | A trial court should not order counsel to sign a pretrial order counsel questions. R.R. 4:29-1(b). | Should a trial court order a counsel to sign a pretrial order counsel questions? | 026761.docx | LEGALEASE-00130303-LEGALEASE-00130304 |
| Sobolewski v. State, 889 N.E.2d 849 | 110+629(1) | Nondisclosure of a rebuttal witness is excused when that witness was unknown and unanticipated; in this context, a "known" witness refers to knowledge of the existence of the witness, and an "anticipated" witness is one which a party or her counsel anticipates the need for at trial. | "Does ""known witness"" refer to knowledge of the existence of that witness?" | Pretrial Procedure - Memo # 1700 - C - DA.docx | ROSS-003300645-ROSS-003300646 |
| Unruh v. Purina Mills, 289 Kan. 1185 | 307A+749.1 | The pretrial order supersedes any pleadings and has the effect of amending the pleadings to conform to it. West's K.S.A. 60-216(e). | Does the pretrial order supersede any pleadings and have the effect of amending the pleadings to conform to it? | 026843.docx | LEGALEASE-00130806-LEGALEASE-00130807 |
| Misle Chevrolet Co. v. Kometscher, 225 Neb. 804 | 30+199 | Failure to object to specification of issues in pretrial orders waives error claimed in that regard on appeal. | Do issues set out in a pretrial order supplant the issues raised in the pleadings? | Pretrial Procedure - Memo # 1807 - C - SN.docx | ROSS-003287263-ROSS-003287264 |
| Estate of Cooper, 11 Cal. App. 3d 1114 | 307A+743 | The pretrial order determines issues to be tried; issues that are not designated as being in dispute are no longer issues in the case. | Do pretrial orders determine the issues to be tried? | Pretrial Procedure - Memo # 1812 - C - SB.docx | ROSS-003287988-ROSS-003287989 |
| Clark v. Randalls Food, 317 S.W.3d 351 | 307A+331 | For purposes of determining whether there exists a duty to preserve evidence, a party can anticipate litigation before it receives actual notice of potential litigation. | Can a party anticipate litigation before it receives actual notice of potential litigation? | Pretrial Procedure - Memo # 2158 - C - PC.docx | ROSS-003313411-ROSS-003313412 |
| Endsley v. City of Chicago, 319 Ill. App. 3d 1009 | 371+2001 | "Taxes" are an enforced proportional contribution levied by the State, by virtue of its sovereignty, for support of the government. | "By virtue of what, are taxes levied by the State?" | Taxation - Memo # 125 - C - CK.docx | ROSS-003301682-ROSS-003301685 |
| Town of Hilton Head Island v. Morris, 324 S.C. 30 | 371+2001 | Statute levies tax when it fixes amount or rate to be imposed. | Does a statute levy tax when it fixes amount or rate to be imposed? | 044714.docx | LEGALEASE-00130831-LEGALEASE-00130832 |
| Alabama Power Co. v. Fed. Power Comm'n, 134 F.2d 602 | 405+2617 | In proceeding by Federal Power Commission to determine power company's actual legitimate cost of construction of dam for development of water power, taxes are allowable as a cost only from date that property included in project is definitely committed to it and cannot be otherwise used. Federal Power Act S 4(b) as amended 16 U.S.C.A. S 797(b). | To whom is the tax paid to? | Taxation - Memo # 31 - C - KBM.docx | LEGALEASE-00021198-LEGALEASE-00021199 |
| Alabama Power Co. v. Fed. Power Comm'n, 134 F.2d 602 | 371+2001 | "Taxes" are annual compensation paid to government for annual protection and for current support of government and are generally an "expense" and not an "investment". | Is a tax paid to the government? | Taxation - Memo # 32 - C - KBM.docx | LEGALEASE-00021200-LEGALEASE-00021201 |
| Mississippi Power Co. v. Mississippi Pub. Serv. Comm'n, 168 So. 3d 905 | 371+2001 | A tax is paid to the government, not a privately-owned corporate entity which is not an arm of the State. | Is a tax paid to a privately-owned corporate entity which is not an arm of the State? | Taxation - Memo # 33 - C - KBM.docx | ROSS-003288306-ROSS-003288307 |
| Dean v. Lehman, 143 Wash. 2d 12 | 371+2002 | In ascertaining whether a governmentally imposed charge is a fee or a tax, the court applies a three factor test, the first factor of which inquires whether the primary purpose of the state is to accomplish desired public benefits which cost money, or whether the primary purpose is to regulate; if the primary purpose of the charges is to raise revenue the charges are a tax, but if the primary purpose is regulatory, the charges are properly characterized as "tools of regulation" rather than taxes. | Is tax an imposed charge? | 045055.docx | LEGALEASE-00130561-LEGALEASE-00130563 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Maryland Theatrical Corp. v. Brennan, 180 Md. 377 | 238+1 | Generally, when it appears from act itself that revenue is its main objective and amount of tax imposed thereby supports such theory, the act is a "revenue measure", not a "regulatory measure". | "When is an enactment a ""revenue measure""?" | 046091.docx | LEGALEASE-00130716-LEGALEASE-00130718 |
| Empress Casino Joliet Corp. v. Blagojevich, 674 F. Supp. 2d 993 | 371+2001 | An assessment is a tax if it is for revenue raising purposes, regardless of whether the proceeds go to a general fund or are devoted to a more specialized purpose. | When is an assessment a tax? | 046099.docx | LEGALEASE-00130726-LEGALEASE-00130728 |
| Singleton v. Haywood Elec. Membership Corp., 357 N.C. 623 | 386+1 | A claim of trespass requires: (1) possession of the property by plaintiff when the alleged trespass was committed, (2) an unauthorized entry by defendant, and (3) damage to plaintiff. | What are the requisites for a claim of trespass? | 047389.docx | LEGALEASE-00131346-LEGALEASE-00131347 |
| In re Am. Exp. Fin. Advisors Sec. Litig., 672 F.3d 113 | 89+414 | Investors' claims against financial services company and financial consultant for breach of fiduciary duty, breach of contract, fraud, and negligent misrepresentation included claims falling outside settlement agreement and release in prior class action binding investors, which contained carve-out for suitability claims outside common course of conduct that was alleged or could have been alleged in class action, and therefore such claims were subject to parties' agreement to arbitrate, where investors alleged that defendants failed to invest their funds in conservative fashion as agreed, that alleged mismanagement did not fall within class action's common course of conduct of steering investors into certain managed programs, investors also alleged cover-up conduct outside scope of release, and investors asserted claims involving conduct that occurred after class period ended. | Can claims which have been released through a settlement agreement be subject to arbitration? | 007464.docx | LEGALEASE-00132383-LEGALEASE-00132384 |
| Reid v. Doe Run Res. Corp., 701 F.3d 840 | 25T+179 | A nonsignatory attempting to bind a signatory to an arbitration agreement is distinct from a signatory attempting to bind a nonsignatory. | Is a nonsignatory attempting to bind a signatory to an arbitration agreement distinct from a signatory attempting to bind a nonsignatory? | 007470.docx | LEGALEASE-00132389-LEGALEASE-00132390 |
| Bond v. United States, 47 Fed. Cl. 641 | 34+3(1) | Although the deference accorded to military actions by the judiciary is substantial, it is not unlimited. | Is the deference accorded to military actions by the judiciary unlimited? | 008943.docx | LEGALEASE-00132467-LEGALEASE-00132468 |
| Welder v. Green, 985 S.W.2d 170 | 289+806 | Partner can be expelled from partnership, without any breach of duty, over disagreements about firm policy or to resolve some other fundamental schism; the fiduciary duty partners owe one another does not encompass a duty to remain partners. | Can a partner be expelled from the partnership? | 022193.docx | LEGALEASE-00132495-LEGALEASE-00132496 |
| Welder v. Green, 985 S.W.2d 170 | 289+566 | Managing partners owe their partners the highest fiduciary duty recognized in the law. | Do the managing partners owe their partners the highest fiduciary duty? | 022201.docx | LEGALEASE-00132481-LEGALEASE-00132482 |
| Juengain v. Tervalon, 223 So. 3d 1174 | 307A+517.1 | A dismissal without prejudice is considered as if the suit has never been filed. | Is a dismissal without prejudice considered as if the suit has never been filed? | 027554.docx | LEGALEASE-00131775-LEGALEASE-00131776 |
| Washburn v. Terminal R. R. Ass'n of St. Louis, 114 Ill. App. 2d 95 | 307A+15 | Purpose of discovery is ascertainment of truth and expedition of disposition of litigation. | Is the purpose of discovery ascertainment of truth and expedition of a disposition of litigation? | Pretrial Procedure - Memo # 2211 - C - KA.docx | ROSS-003288143-ROSS-003288144 |
| Washburn v. Terminal R. R. Ass'n of St. Louis, 114 Ill. App. 2d 95 | 307A+15 | Purpose of discovery is ascertainment of truth and expedition of disposition of litigation. | Is the purpose of discovery ascertainment of truth and expedition of a disposition of litigation? | 027568.docx | LEGALEASE-00131520-LEGALEASE-00131521 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wachovia SBA Lending v. Kraft, 165 Wash. 2d 481 | 266+2131(2) | Debtor's wife, against whom creditor had brought deficiency action following foreclosure of promissory note secured by deed of trust on debtor's and wife's home, was not "prevailing party" on basis of grant of creditor's motion for dismissal of action without prejudice, under statute providing for prevailing party attorney fees in action on contract or lease which contains unilateral attorney fee provision, as creditor's voluntary dismissal without prejudice was not a "final judgment" rendered in wife's favor; abrogating, Marassi v. Lau, 71 Wash.App. 912, 859 P.2d 605, Allahyari v. Carter Subaru, 78 Wash.App. 518, 897 P.2d 413. West's RCWA 4.84.330. | Is a voluntary dismissal a final judgment when it leaves the parties as if the action had never been brought? | Pretrial Procedure - Memo # 2336 - C - KG.docx | ROSS-003286582-ROSS-003286583 |
| Wachovia SBA Lending v. Kraft, 165 Wash. 2d 481 | 307A+517.1 | A voluntary dismissal leaves the parties as if the action had never been brought. | Does a voluntary dismissal leave the parties as if the action had never been brought? | Pretrial Procedure - Memo # 2380 - C - TM.docx | LEGALEASE-00021961-LEGALEASE-00021962 |
| Price v. Wyeth Holdings Corp., 505 F.3d 624 | 307A+517.1 | Under Indiana law, once a suit is voluntarily dismissed, the situation is just as though the suit has never been filed. | "Once a suit is voluntarily dismissed, is the situation just as though the suit has never been filed?" | Pretrial Procedure - Memo # 2469 - C - MS.docx | ROSS-003287537-ROSS-003287538 |
| Rivers v. State, 327 S.C. 271 | 371+2001 | Taxpayers have no vested interest in tax laws remaining unchanged. | Do taxpayers have vested interest in tax laws remaining unchanged? | Taxation - Memo # 129 - C - CK.docx | ROSS-003301169-ROSS-003301170 |
| Weisblat v. City of San Diego, 176 Cal. App. 4th 1022 | 371+2001 | A tax is a "general tax" only when its revenues are placed into the general fund and are available for expenditure for any and all governmental purposes. | "Is a tax considered as a general tax"" when its revenues are placed into the general fund?" | 044642.docx | LEGALEASE-00131480-LEGALEASE-00131481 |
| Arbuckle-Coll. City Fire Prot. Dist. v. Cty. of Colusa, 105 Cal. App. 4th 1155 | 371+2001 | Taxes that provide revenues that are available for all purposes of the governmental entity are "general taxes" and include ad valorem property taxes; whereas, taxes that provide revenue for a specific or limited purpose are "special taxes." | "Is a tax considered as a general tax"" when its revenues are placed into the general fund?" | Taxation - Memo # 131 - C - KBM.docx | LEGALEASE-00022057-LEGALEASE-00022058 |
| Sanford v. Walther., 467 S.W.3d 139 | 371+2763 | Taxes and interest on tax delinquencies are not the same, for purposes of reviewing illegal exaction claims, in that taxes are enforced contributions exacted pursuant to statutory authority, whereas interest is a charge for the use of tax money that the government was deprived of using due to late payment. | "Are taxes, enforced contributions exacted pursuant to statutory authority?" | Taxation - Memo # 152 - C- NA.docx | ROSS-003288424-ROSS-003288425 |
| City of Lebanon Junction v. Cellco P'ship, 80 S.W.3d 761 | 371+2001 | The character of any tax is to be determined by its incidents, and the name by which it is described in the legislation imposing it is without significance. | Is the character of a tax determined by its incidents? | Taxation - Memo # 206 - C - KI.docx | ROSS-003304043-ROSS-003304044 |
| City of Lebanon Junction v. Cellco P'ship, 80 S.W.3d 761 | 371+2001 | The character of any tax is to be determined by its incidents, and the name by which it is described in the legislation imposing it is without significance. | Is the character of a tax determined by its name? | Taxation - Memo # 207 - C - KI.docx | ROSS-003286820-ROSS-003286821 |
| Bemis Bro. Bag Co. v. Wallace, 197 Minn. 216 | 371+2001 | "Taxation" is a burden or charge imposed by legislative power upon persons or property to raise money for public purposes. | "What is ""taxation""?" | 044848.docx | LEGALEASE-00131638-LEGALEASE-00131639 |
| Pub. Advocate & Consumers Educ. & Protective Ass'n v. City of Philadelphia, 662 A.2d 686 | 371+2001 | Necessary predicate to finding of unlawful tax is direct taking of customer funds. | What is the necessary predicate to finding of unlawful tax? | Taxation - Memo # 262 - C - SU.docx | ROSS-003301938-ROSS-003301939 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mayor & City Council of Ocean City v. Purnell-Jarvis, Ltd., 86 Md. App. 390 | 371+2001 | Act is "revenue raising" measure when it appears from act itself that revenue is its main objective. | "Is an Act a ""revenue raising"" measure when it appears from act itself that revenue is its main objective?" | 044926.docx | LEGALEASE-00131957-LEGALEASE-00131958 |
| German v. Com., 410 Mass. 445 | 371+2001 | "Tax" is revenue-raising exaction imposed through generally applicable rates to defray public expense; nature of monetary exaction will be decided by studying its operation rather than how it has been characterized by legislature. | "Does the Supreme Judicial Court look to proposed operation of the exaction, to determine whether a monetary exaction to be imposed is a tax?" | Taxation - Memo # 292 - C - KBM.docx | LEGALEASE-00022233-LEGALEASE-00022234 |
| Faber v. Loveless, 249 Iowa 593 | 371+2001 | While the name given a tax by the legislature is not determinative, such legislative designation is an important factor in determining the character of the tax. | Is the legislative designation of a particular tax determinative as to its nature? | 044950.docx | LEGALEASE-00132037-LEGALEASE-00132038 |
| United States v. Peskin, 527 F.2d 71 | 63+1(1) | Although language and scope of Travel Act are not limited to original congressional purpose of combatting organized crime, Congress did not intend broad ranging interpretation of Act. 18 U.S.C.A. S 1952. | Is the Travel Act enacted to combat organized crime? | Bribery - Memo #225 - C-CSS.docx | ROSS-003287382-ROSS-003287383 |
| State v. Ferro, 128 N.J. Super. 353 | 63+1(1) | Phrase "any person" as used in statute providing that any person who offers to or gives or receives any money or thing of value as bribe or reward in connection with government work, service, etc., does not mean a government official, even in context of being the recipient of a bribe; the bribe must be directed towards official action and the offender, as recipient of the bribe, must only have or create an understanding with the briber that he can influence matters in connection with an official duty; whether he is capable of actually effecting such an act is irrelevant. N.J.S.A. 2A:93-6. | "Does the phrase ""any person"" within the bribery statute mean any government official?" | 011379.docx | LEGALEASE-00133308-LEGALEASE-00133309 |
| Roberson v. Medtronic, 494 F. Supp. 2d 864 | 13+5 | Federal Anti-Kickback Act provides only criminal penalties for its violation and provides no private right of action. Social Security Act, S 1128B, 42 U.S.C.A. S 1320a-7b. | Does the Anti-Kickback Act provide a private cause of action? | 011434.docx | LEGALEASE-00133389-LEGALEASE-00133390 |
| In re Wedtech Corp., 72 B.R. 464 | 226H+3 | "Joint venture" is informal partnership among two or more persons for limited goal or objective; characteristics and legal consequences of joint venture are virtually identical with those of partnership. | Are joint ventures formed for a limited objective? | 022059.docx | LEGALEASE-00133495-LEGALEASE-00133496 |
| Wanetick v. Mel's of Modesto, 811 F.Supp. 1402 | 46H+621 | Under California law, attorneys for limited partnership owed no fiduciary duties to limited partner and no duty to volunteer advice for benefit of limited partner. | Does the duty of loyalty owed by an attorney to a limited partnership extend to the individual partners? | 022116.docx | LEGALEASE-00133523-LEGALEASE-00133524 |
| In re Nantucket Island Associates Ltd. Partnership Unitholders Litigation, 810 A.2d 351 | 289+1099 | Provision in limited partnership agreement exempting general partner from obtaining limited partners' written consent to amendments admitting additional limited partners did not evidence any authority on the part of general partner to unilaterally amend limited partnership agreement to add a new class of preferred limited partnership units having superior rights to existing units; provision was in section of agreement that would have otherwise required general partner to obtain written unanimousconsent from all the limited partners, and provision only allowed general partner to admit new limited partners upon consent of a majority of the limited partners and include as consenting those partners who did not affirmatively object. | Can a partnership agreement be amended with the consent of the partners? | Partnership - Memo 280 - RK.docx | ROSS-003305083-ROSS-003305084 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Nantucket Island Associates Ltd. Partnership Unitholders Litigation, 810 A.2d 351 | 289+1099 | Provision in limited partnership agreement exempting general partner from obtaining limited partners' written consent to amendments admitting additional limited partners did not evidence any authority on the part of general partner to unilaterally amend limited partnership agreement to add a new class of preferred limited partnership units having superior rights to existing units; provision was in section of agreement that would have otherwise required general partner to obtain written unanimousconsent from all the limited partners, and provision only allowed general partner to admit new limited partners upon consent of a majority of the limited partners and include as consenting those partners who did not affirmatively object. | Can a partnership agreement be amended with the consent of the partners? | Partnership - Memo 280 - RK.docx | LEGALEASE-00022559-LEGALEASE-00022560 |
| In re Nantucket Island Associates Ltd. Partnership Unitholders Litigation, 810 A.2d 351 | 289+1099 | When a limited partnership agreement is ambiguous, the interpretative principle of construction against the drafter tends to be implicated. | How will an ambiguous limited partnership agreement be construed? | 022124.docx | LEGALEASE-00133529-LEGALEASE-00133530 |
| Carroll v. Caldwell, 12 Ill. 2d 487 | 302+8(15) | Statements by way of general conclusions of fraud are not sufficient in a pleading. | Are statements by way of general conclusions of fraud sufficient in a pleading? | 023247.docx | LEGALEASE-00133042-LEGALEASE-00133043 |
| Hamilton v. City of Shreveport, 180 So. 2d 30 | 302+8(17) | General allegation of negligence is merely pleader's conclusion of law. | Is a general allegation of negligence merely the pleaders own conclusion of law? | 023257.docx | LEGALEASE-00133320-LEGALEASE-00133321 |
| Makuakane v. Tanigawa, 50 Haw. 493 | 307A+747.1 | After a pre-trial conference, a trial judge should not commence with the trial until a pre-trial order has been signed. | "After a pre-trial conference, should a trial judge commence with the trial until a pre-trial order has been signed?" | Pretrial Procedure - Memo # 1865 - C - VA.docx | ROSS-003286391-ROSS-003286393 |
| Hoyt Properties v. Prod. Res. Grp., 716 N.W.2d 366 | 307A+517.1 | A district court has discretion to determine whether a voluntary dismissal should be with prejudice. 48 M.S.A., Rules Civ.Proc., Rule 41.01(a). | Does a district court have discretion to determine whether a voluntary dismissal should be with prejudice? | Pretrial Procedure - Memo # 2543 - C - PB.docx | ROSS-003286662-ROSS-003286663 |
| Wells Fargo Bank, Nat. Ass'n v. Voorhees, 194 So.3d 448 | 307A+483 | The use of admissions obtained through a technicality should not form a basis to preclude adjudication of a legitimate claim. West's F.S.A. RCP Rule 1.370(b). | Should the liberal standard for relief from a technical admission be decided upon their merits rather than technical rules of default? | 028569.docx | LEGALEASE-00132700-LEGALEASE-00132701 |
| Hilliard v. Bennett, 925 S.W.2d 338 | 307A+517.1 | Trial court lacked discretion after nonsuit to sua sponte impose sanctions on attorneys who filed action; no claim for affirmative relief or for sanctions had been filed at time attorneys filed their notice of nonsuit, nor had trial court before that time announced its intentions sua sponte to consider or impose sanctions. | Does trial court lack discretion after nonsuit to impose sanctions? | 028597.docx | LEGALEASE-00132796-LEGALEASE-00132797 |
| Young v. City of Visalia, 687 F. Supp. 2d 1155 | 97C+115 | Police officers' using of owners' seized property for their own use was not an element of conversion under California law or trespass to chattels. | Can the use of seized property by officers be classified as conversion or trespass to chattels? | 047334.docx | LEGALEASE-00133414-LEGALEASE-00133415 |
| Jaynes v. Com., 276 Va. 443 | 386+1 | "Trespass" is the unauthorized use of or entry onto another's property. | Is the unauthorized use of or entry onto another's property a trespass? | Trespass - Memo 247 - RK.docx | LEGALEASE-00023281-LEGALEASE-00023282 |
| Smith v. Colorado Interstate Gas Co., 794 F. Supp. 1035 | 413+2084 | Employee's claim against employer for intentional infliction of emotional distress, arising out of disciplinary measures imposed on her for conducting personal business at work, was barred by exclusive remedy provision of Colorado Worker's Compensation Act. West's C.R.S.A. S 8-40-101 et seq.; C.R.S. 8-52-102(2). | Is compensation under the Worker's Compensation Act intended to be an employee's exclusive remedy against an employer for job-related injuries? | Workers Compensation - Memo #105 ANC.docx | LEGALEASE-00023285-LEGALEASE-00023286 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Perron v. ITT Wire & Cable Div., 103 R.I. 336 | 413+1 | The Workmen's Compensation Act is social legislation remedial in nature. | "Is the Workmens Compensation Act a social legislation, remedial in nature?" | 047847.docx | LEGALEASE-00132877-LEGALEASE-00132879 |
| Wait v. Travelers Indem. Co. of Illinois, 240 S.W.3d 220 | 413+52 | Workers' Compensation Act should be liberally construed in favor of compensation, and any doubts should be resolved in the employee's favor; however, this liberal-construction requirement does not authorize courts to amend, alter, or extend its provisions beyond its obvious meaning. West's T.C.A. S 50-6-101 et seq. | Is Workmens compensation law a social welfare statute? | 047881.docx | LEGALEASE-00132970-LEGALEASE-00132971 |
| Gray v. Williams, 91 Vt. 111 | 25+10 | Generally if a memorandum written on an instrument in the margin is made before or at the time of its execution, it is considered a part of it, and, if it affects the operation of the instrument, it is a material part of it. | Are the memoranda at the side of the note a part of it? | 010224.docx | LEGALEASE-00133622-LEGALEASE-00133623 |
| Brye v. Brakebush, 32 F.3d 1179 | 228+828.7 | Under Wisconsin law of res judicata, state court's dismissal of former employee's petition for review of administrative decision rejecting state discrimination claim did not bar federal court from hearing employee's Title VII claims; although dismissal was with prejudice and thus tantamount to judgment on the merits with respect to further proceedings in regard to state charges, dismissal was without prejudice to any right employee might have to pursue claims in federal or state court under Title VII. Civil Rights Act of 1964, S 701 et seq., as amended, 42 U.S.C.A. S 2000e et seq. | Is dismissal with prejudice tantamount to a judgment on the merits? | Pretrial Procedure - Memo # 2631 - C - KG.docx | ROSS-003290281-ROSS-003290282 |
| Kelly v. Cent. Bank & Tr. Co. of Denver, 794 P.2d 1037 | 83E+452 | Negotiation of order paper requires authorized endorsement of named payee. C.R.S. 4-3-202. | Does a negotiation of an order paper require the authorized indorsement of the named payee? | 010935.docx | LEGALEASE-00133772-LEGALEASE-00133773 |
| In re Caddo Par.-Villas S., Ltd., 250 F.3d 300 | 83E+481 | Under Louisiana law, right to enforce negotiable instrument is not strictly personal obligation, and thus may be assigned. LSA-C.C. arts. 1766, 2642. | Can the right to enforce a negotiable instrument be assigned? | 010943.docx | LEGALEASE-00133780-LEGALEASE-00133781 |
| Roberson v. Medtronic, 494 F. Supp. 2d 864 | 13+5 | Federal Anti-Kickback Act provides only criminal penalties for its violation and provides no private right of action. Social Security Act, S 1128B, 42 U.S.C.A. S 1320a-7b. | Does the Anti-Kickback Statute provide for a private right of action? | 011200.docx | LEGALEASE-00133848-LEGALEASE-00133849 |
| City of Houston v. Riner, 896 S.W.2d 317 | 307A+486 | Mere fact that trial on merits will be necessary is not such "prejudice" as will warrant denying request to withdraw deemed admissions. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2. | Does the mere fact that a trial on the merits where the plaintiff knew that the defendant disputed almost every issue in the lawsuit constitute undue prejudice? | 028858.docx | LEGALEASE-00133920-LEGALEASE-00133921 |
| Pantano v. State, 124 Nev. 1498 | 211+1594 | Complaint charging defendant with sexual assault of a child under 14 that did not specify the exact date and time of offense was not defective, as time and date were not essential elements of a sexual offense against a minor. | Are time and date essential elements of a sexual offense against a minor? | Sex Offence - Memo 61 - SB.docx | LEGALEASE-00023712-LEGALEASE-00023713 |
| State v. Ray, 122 W. Va. 39 | 211+1658 | An indictment for statutory rape was demurrable where it failed to allege that the defendant was over 16 years of age. Code 1931, 61-2-15, 62-9-7. | Does an indictment of statutory rape require to state the defendants age? | Sex Offence - Memo 65 - SB.docx | LEGALEASE-00023720-LEGALEASE-00023721 |
| People v. Hornaday, 400 Ill. 361 | 352H+155 | Indictment for forcible rape need not aver that the female was not the wife of accused. | Does an indictment for forcible rape require that the female not be the wife of the accused? | 043055.docx | LEGALEASE-00133832-LEGALEASE-00133833 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Foley, 740 F.3d 1079 | 110+368.37 | Although defendant was not charged with sexual assault, his charged crimes of child pornography production, distribution, and possession, as well as transporting a minor across state lines to engage in a sex act, involved sexual acts by adults with minors between 12 and 16 years old, which fell within definition of sexual assault under rule allowing admission, in a case in which defendant was accused of sexual assault, of evidence that defendant committed any other assault, and thus witness's testimony that several years earlier, when he was between 11 and 13 years old, he had been sexually molested by defendant in a gym locker room was admissible; focus of the rule was on the conduct itself rather than how the charges were drafted. 18 U.S.C.A. SS 2251(a), 2423(a), 2252A; Fed.Rules Evid.Rule 413, 28 U.S.C.A. | Is the production of child pornography a crime? | 043119.docx | LEGALEASE-00133810-LEGALEASE-00133811 |
| House v. United States, 99 Fed. Cl. 342 | 34+5(6) | Where a member of the military resigns or retires, his decision is presumed to be voluntary, for purposes of invoking Military Pay Act. 37 U.S.C.A. S 204. | Is a decision of a member of the military to resign or retire presumed to be voluntary? | Armed Services - Memo 138 - JS.docx | ROSS-003303762-ROSS-003303764 |
| Kim v. United States, 47 Fed. Cl. 493 | 34+5(3) | A choice between two unpleasant alternatives does not make the decision to retire from the military involuntary. | Does a choice between two unpleasant alternatives yield a voluntary decision to retire? | 008466.docx | LEGALEASE-00134183-LEGALEASE-00134184 |
| Thomas v. United States, 42 Fed. Cl. 449 | 34+18.5 | Court of Federal Claims does not have the authority to order the re-enlistment of a serviceman beyond the date on which his term of enlistment would have expired. | Does a court have authority to order reinstatement? | Armed Services - Memo 148 - JS.docx | ROSS-003289976-ROSS-003289977 |
| United States v. Mariano, 983 F.2d 1150 | 350H+653(4) | Essential difference between bribe and illegal gratuity is intention of bribe-giver to effect quid pro quo and, thus, bribery sentencing guideline applies when transfer of money has corrupt purpose, such as inducing public official to participate in fraud or to influence official actions. U.S.S.G. SS 2C1.1, 2C1.1, comment. (backg'd.), 18 U.S.C.A.App. | What is the distinction between a bribe and an illegal gratuity? | 011469.docx | LEGALEASE-00134830-LEGALEASE-00134832 |
| Kirby v. Gaub, 75 S.W.3d 916 | 307A+517.1 | Voluntary dismissal of civil action is effective on date it is filed with court. V.A.M.R. 67.02. | Is a voluntary dismissal of civil action is effective on date it filed with court? | 028431.docx | LEGALEASE-00134027-LEGALEASE-00134028 |
| State ex rel. McCulloch v. Taylor, 268 Mo. 312 | 307A+69.1 | Rev.St.1909, SS 1944-1949, V.A.M.S. SS 510.030 to 510.060, does not authorize requirement that witness produce books and papers on giving deposition. | Does any statute authorize the requirement that a witness produce books and papers on giving deposition? | Pretrial Procedure - Memo # 2982- C - KG.docx | ROSS-003330058-ROSS-003330059 |
| McKell v. Collins Colliery Co., 46 W. Va. 625 | 307A+69.1 | A deposition once taken cannot be retaken without the leave of the court, which will be granted when justice seems to require it. | Are depositions retaken without an order of court properly excluded? | 028806.docx | LEGALEASE-00134689-LEGALEASE-00134690 |
| Salveson v. Cubin, 791 P.2d 581 | 307A+749.1 | Whether or not parties in particular case are required to abide by holding that pretrial order controlled subsequent course of action in civil case is within broad discretion of trial judge. Rules Civ.Proc., Rule 16; District Court Rule 601. | Does the pretrial order controls the subsequent course of action? | Pretrial Procedure - Memo # 2989 - C - AP.docx | ROSS-003291663-ROSS-003291664 |
| Evans v. Rothschild, 54 Kan. 747 | 307A+69.1 | The adverse party has a right to be personally present at the taking of any deposition pursuant to notice. Code, S 352. | Does the adverse party have a right to be personally present at the taking of any deposition pursuant to notice? | 028952.docx | LEGALEASE-00134212-LEGALEASE-00134213 |
| Wells Fargo Bank, Nat. Ass'n v. Voorhees, 194 So.3d 448 | 307A+486 | Rule allowing withdrawal of admissions gives the court the flexibility to change a ruling or permit a party to amend or withdraw admissions. West's F.S.A. RCP Rule 1.370(b). | Can a party move that an admission be withdrawn or amended? | 029085.docx | LEGALEASE-00134575-LEGALEASE-00134576 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| 32nd Ave. LLC v. Angelo Holding Corp., 134 A.D.3d 696 | 307A+473 | Certain items in notice to admit, served upon plaintiff LLC by individual third-party defendant in fraud action, improperly sought concessions that went to essence of the controversy between the parties and involved matters that were in contravention of allegations of complaint, such that individual third-party defendant could not have reasonably believed that admissions he sought were not in substantial dispute, and, thus plaintiff LLC was not obligated to respond to them, and they were not admitted by reason of plaintiff LLC's failure to respond to notice. McKinney's CPLR 3123(a). | "Does the rule governing admissions authorize the service of a notice to admit upon a party, and provides that if a timely response thereto is not served, the contents of the notice are deemed admitted?" | Pretrial Procedure - Memo # 3488 - C - NS.docx | ROSS-003317812-ROSS-003317813 |
| Santos v. Dean, 96 Wash. App. 849 | 307A+472 | Purpose of rule governing requests for admissions is to eliminate from controversy matters that will not be disputed at trial. CR 36. | "Is the purpose of rule, providing that if party fails to admit truth of any matter as requested in request for admissions the court may award reasonable expenses including attorney fees, to eliminate from controversy matters which will not be disputed?" | 030023.docx | LEGALEASE-00134857-LEGALEASE-00134858 |
| City of New Orleans v. Christian, 229 La. 855 | 371+2001 | Character of a tax must be determined by its incidents, and name by which a tax is described in the statute is immaterial. | "Is the name by which a tax is described in the statute, immaterial?" | Taxation - Memo # 338 - C- NA.docx | LEGALEASE-00024604-LEGALEASE-00024605 |
| City of New Orleans v. Christian, 229 La. 855 | 371+2001 | Character of a tax must be determined by its incidents, and name by which a tax is described in the statute is immaterial. | "Is the name by which a tax is described in the statute, immaterial?" | 045017.docx | LEGALEASE-00134452-LEGALEASE-00134453 |
| St. Lucie Estates v. Ashley, 105 Fla. 534 | 371+2810 | When legally assessed, taxing officers are powerless to compromise or release tax except as specifically authorized by statute, which must be rigidly pursued (Const. art. 9, S 5). | Is a tax predicated on contract? | 045053.docx | LEGALEASE-00134280-LEGALEASE-00134281 |
| Wilentz v. Hendrickson, 133 N.J. Eq. 447 | 371+2763 | Interest does not inhere in a tax as a legal incident, but may be attached to a tax by legislative enactment. | Can interest be attached to a tax by legislative enactment? | Taxation - Memo # 440 - C - SS.docx | ROSS-003303662-ROSS-003303663 |
| Martin Marietta Corp. v. Ins. Co. of N. Am., 40 Cal. App. 4th 1113 | 217+2310 | Personal injury coverage for wrongful entry or eviction or other invasion of right of private occupancy under broad form comprehensive general liability (CGL) endorsement is not limited to landlord-tenant claims, but encompasses trespass and may encompass nuisance claims arising from pollution, whether or not defendant entered plaintiff's land with force and violence or threats thereof and with intent to oust plaintiff from possession. | Can a trespass claim include wrongful entry or invasion by pollutants? | 047396.docx | LEGALEASE-00134795-LEGALEASE-00134796 |
| Builders First Source-S. Texas, LP v. Ortiz, 515 S.W.3d 451 | 25T+363(1) | Arbitrator's sanctions orders against employee, who allegedly suffered on-the-job injuries, for discovery violations in arbitration proceedings on negligence claims against employer were final, rather than interlocutory, orders, and thus were subject to review by district court for evident partiality by the arbitrator, in light of worker's voluntary nonsuit of his claims without prejudice; when worker voluntarily nonsuited claims, only remaining claims for affirmative relief were sanctions motions, and once those motions were adjudicated, no further issues remained before arbitrator. 9 U.S.C.A. S 10(a)(2); Tex. R. Civ. P. 162. | Does Federal Arbitration Act (FAA) provide for any court intervention prior to issuance of arbitral award? | Alternative Dispute Resolution - Memo 632 - SB.docx | LEGALEASE-00024786-LEGALEASE-00024788 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Cogan, 266 F. Supp. 374 | 91+283 | Indictment charging conspiracy, bribery and aiding and abetting receipt of bribes and alleging that internal revenue agents received fees not provided by law, that defendant offered agent's fees other than provided by law in recognition of acts performed by agents and that defendant through his employee offered money to agents to influence their official actions, and bill of particulars were sufficient to apprise defendant of charges against him, enable him to prepare his defense, avoid double jeopardy and avoid prejudicial surprise at trial. 18 U.S.C.A. SS 201, 371; 26 U.S.C.A. (I.R.C.1954) S 7214(a)(2). | Is a person convicted for aiding and abetting an agents violation under 26 U.S.C.  7214(a)(2) of the bribery statute? | Bribery - Memo #325 - C-EB.docx | ROSS-003290355-ROSS-003290356 |
| United States v. Kummer, 89 F.3d 1536 | 63+1(1) | "With intent to be influenced" language of statute prohibiting offer, acceptance, or solicitation to influence operations of employee benefit plan prohibits bribe, which involves quid pro quo. 18 U.S.C.A. S 1954. | Does Section 1954 of the statute concerning bribes prohibit bribes and gratuities? | 011525.docx | LEGALEASE-00135461-LEGALEASE-00135462 |
| Lamar v. State, 603 So. 2d 1113 | 63+1(1) | Material element of crime of bribery is defendant's intent at time he attempted to bribe witness. Code 1975, S 13A-10-121. | What is a material element of the crime of bribery? | Bribery - Memo #387 - C - LB.docx | ROSS-003303599-ROSS-003303600 |
| United States v. Arnone, 973 F. Supp. 206 | 350H+736 | Loan used to finance building construction was not proper element of the improper benefit sentencing computation with respect to convictions for conspiracy and violation of bank bribery and gratuity statute; loan, with or without favorable modifications, represented real benefit to bank, real estate market was booming at time bank extended loan to one defendant and her partners, and deal with third party indicated in loan proposal submitted to bank's board of investment was not a complete illusion. 18 U.S.C.A. S 215; U.S.S.G. S 2B4.1, 18 U.S.C.A. | What is bank bribery? | Bribery - Memo #478 - C-JL.docx | ROSS-003303626-ROSS-003303627 |
| Davenport v. State, 27 Ga. App. 284 | 110+29(11) | That defendant in breaking and entering the sheriff's office in the courthouse may have been guilty of larceny from the house under Penal Code 1910, S 180, does not prevent his trial and conviction for burglary from a place of business. | Is breaking and entering a place of business considered a burglary? | 012627.docx | LEGALEASE-00135783-LEGALEASE-00135784 |
| United States v. Andrello, 9 F.3d 247 | 350H+1262 | For purposes of statute providing sentence enhancement for defendant who is convicted of unlawful possession of firearm and who has three prior convictions for violent felonies, the matter of whether crime other than one specifically identified as a violent felony in sentence enhancement statute involves conduct that presents serious potential risk of physical injury to another is question to be answered by reference to general definition of crime of which defendant was convicted. 18 U.S.C.A. S 924(e)(2)(B)(ii). | Is burglary a violent felony? | Burglary - Memo 129 - JS.docx | ROSS-003318561-ROSS-003318563 |
| Coughlin v. City of Milwaukee, 227 Wis. 357 | 302+8(16) | A mere averment of duress, without setting out facts justifying such averment, is a conclusion of law. | Is the mere averment of duress a conclusion of law? | Pleading - Memo 317 - RMM.docx | ROSS-003290572-ROSS-003290573 |
| Matter of Wong, 252 Mont. 111 | 307A+716 | Seeking a continuance due to lack of representation does not ensure grant of continuance. | Does seeking a continuance due to lack of representation not ensure the grant of a continuance? | 029235.docx | LEGALEASE-00135340-LEGALEASE-00135341 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Amari v. Molloy, 180 Misc. 2d 664 | 13+68 | Plaintiff, whose counsel applied to withdraw, was not entitled to automatic stay of proceedings, under statute authorizing such stays in event of death, removal, or disability of attorney, since plaintiff had consented to withdrawal, which was akin to discharge of counsel, and statute did not apply to discharges. McKinney's CPLR 321(c). | Will the withdrawal of counsel entitle a party to an automatic continuance? | 029375.docx | LEGALEASE-00135435-LEGALEASE-00135436 |
| Sands v. State Through Louisiana State Med. Ctr., Sch. of Dentistry, 458 So. 2d 960 | 307A+716 | A continuance is not due on a naked showing that a client has discharged his or her lawyer; to discharge one's lawyer, even without any cause, would otherwise enable one to delay going to trial forever. | Is a continuance not due on a naked showing that a client has discharged his or her lawyer? | 029532.docx | LEGALEASE-00135693-LEGALEASE-00135694 |
| Smith v. Turner, 48 U.S. 283 | 307A+69.1 | A deposition cannot be taken in term time except by agreement of parties. | Can a deposition be taken in term time except by agreement of parties? | 029620.docx | LEGALEASE-00134929-LEGALEASE-00134930 |
| Miller v. Marina Mercy Hosp., 157 Cal. App. 3d 765 | 307A+483 | Failure to answer a request for admissions is deemed an admission of matters contained in request. West's Ann.Cal.C.C.P. S 2033. | Is failure to answer a request for admissions deemed an admission of matters contained in the request? | Pretrial Procedure - Memo # 3541 - C - SK.docx | ROSS-003290832-ROSS-003290833 |
| Robbins v. Allstate Ins. Co., 362 Ill. App. 3d 540 | 307A+483 | The failure to respond to a request for admission results in the admission of the facts contained in the request. Sup.Ct.Rules, Rule 216(a). | Does the failure to respond to a request for admission result in the admission of the facts contained in the request? | 029710.docx | LEGALEASE-00135453-LEGALEASE-00135454 |
| Tennessee Dep't of Human Servs. v. Barbee, 714 S.W.2d 263 | 307A+483 | Purpose of requests for admissions is to eliminate undisputed matters in order to reduce trial time by narrowing issues; such requests which are unanswered are deemed admitted and the matter requested is conclusively established. Rules Civ.Proc., Rule 36.02. | Are requests for admissions that are unanswered deemed admitted? | 029718.docx | LEGALEASE-00135568-LEGALEASE-00135569 |
| Fireman's Fund Ins. Co. v. Whirlpool Corp,2002 WL 228208 | 307A+485 | Unlike other discovery sanctions, an award of expenses for failure to respond to request for admission is not a penalty; instead, it is designed to reimburse reasonable expenses incurred by a party in proving the truth of a requested admission when any trial would have been expedited or shortened if the request had been admitted. West's Ann.Code Civ.Proc. S 2033(o). | "Is an award of expenses for failure to respond to request for admission, a penalty? " | Pretrial Procedure - Memo # 3822 - C - DA.docx | LEGALEASE-00025666-LEGALEASE-00025667 |
| Pandozy v. Shamis, 254 S.W.3d 596 | 307A+716 | Generally, the court should grant a continuance if a party has no attorney through no fault of his own. Vernon's Ann.Texas Rules Civ.Proc., Rule 251. | "Generally, should the court grant a continuance if a party has no attorney through no fault of his own?" | 030122.docx | LEGALEASE-00135956-LEGALEASE-00135957 |
| Wilentz v. Hendrickson, 133 N.J. Eq. 447 | 371+2763 | Interest does not inhere in a tax as a legal incident, but may be attached to a tax by legislative enactment. | Does interest inhere in a tax as a legal incident? | 045211.docx | LEGALEASE-00135944-LEGALEASE-00135945 |
| Friedman v. Am. Sur. Co. of New York, 137 Tex. 149 | 371+2001 | The exercise of the power of "eminent domain" takes property and not money, whereas the exercise of the power to "tax" takes money alone. Vernon's Ann.St.Const. art. 1, S 17. | "Does the exercise of the power of ""eminent domain"" take property?" | Taxation - Memo # 443 - C - SS.docx | ROSS-003291246-ROSS-003291247 |
| Linley v. DeMoss, 83 Ohio App. 3d 594 | 386+10 | Common-law tort in "trespass" upon real property occurs when person, without authority or privilege, physically invades or unlawfully enters private premises of another whereby damages directly ensue, even though such damages may be insignificant; act of nonconsensual entry may be intentional or negligent. | "Can a nonconsensual entry to anothers property, irrespective of whether intentional or negligent, cause a trespass?" | 047372.docx | LEGALEASE-00135256-LEGALEASE-00135257 |
| Kuhn v. Tumminelli, 366 N.J. Super 431 | 83E+503 | The misappropriation of funds from a check is unauthorized, but does not convert an authorized endorsement into a forgery. | "If misappropriation of the funds is unauthorized, does that convert an authorized endorsement into a forgery?" | Bills and Notes- Memo 234- VP.docx | ROSS-003289118-ROSS-003289119 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| President, etc., of Springfield Bank v. Merrick, 14 Mass. 322 | 8.30E+186 | And the words "foreign bills," written underneath the body of a note, may be made to control it, and restrain its otherwise negotiable character. | Do the words foreign bills at the foot of a note otherwise negotiable form an essential part of the contract so as to defeat its negotiability? | Bills and Notes -Memo 238 -VP.docx | ROSS-003330496-ROSS-003330497 |
| United States v. McGregor, 879 F. Supp. 2d 1308 | 63+1(1) | A campaign contribution transforms into a bribe when it is tied to a specific act; in other words, when there is a quid pro quo or a this for that. | When is a campaign contribution a bribe? | 011308.docx | LEGALEASE-00136796-LEGALEASE-00136797 |
| Sarver v. Allen Cty., By & Through Its Fiscal Court, 582 S.W.2d 40 | 200+105(1) | Though the statute which provides that "county roads" are public roads which have been accepted by the fiscal court of the county as part of the county road system necessarily implies that most "county roads" were public roads before they were accepted as county roads, it is not necessary that this be so; a county is statutorily empowered to lay out and establish a county road before acquiring the necessary right-of-way from the owners of the property over which it will be opened. KRS 178.010, 178.010(b), 178.080. | Are county roads accepted as public roads? | 019242.docx | LEGALEASE-00136745-LEGALEASE-00136746 |
| Hodges v. Rajpal, 459 S.W.3d 237 | 289+1161 | A limited partner does not have standing to sue for injuries to the partnership that merely diminish the value of that partner's interest; the right of recovery belongs to the general partnership, even though the economic impact of the alleged wrongdoing may bring about reduced earnings, salary or bonus. | Do limited partners have a cause of action for damages to their interest in limited partnership? | 022232.docx | LEGALEASE-00136285-LEGALEASE-00136286 |
| State Matter of Camp Carson Mines, Ltd., 36 B.R. 554 | 289+1106 | Certificate of limited partnership may be executed by general partner or some other person on behalf of another partner, and where partner signed for himself and for another, requirement that two or more persons sign or swear to certificate was satisfied. Bankr.Code, 11 U.S.C.A. S 101(30). | Do two or more persons need to sign and swear to a certificate in order to form a limited partnership? | 022264.docx | LEGALEASE-00136353-LEGALEASE-00136354 |
| Alford v. Zeigler, 65 Ga. App. 294 | 302+18 | Reasonable definiteness and certainty in pleading is all that is required, and factitious demands by special demurrer should not be encouraged. | Is reasonable definiteness all that is required in a pleading? | 023338.docx | LEGALEASE-00136494-LEGALEASE-00136495 |
| Jie v. Certified Lloyds Plan 34,545 (La. App. 2 Cir. 4/4/01) | 307A+483 | Failure to timely answer a request for admissions should not automatically result in admission of the facts. LSA-C.C.P. arts. 1467, 1468. | Does a party's failure to timely respond to a request for admissions result in matters being automatically admitted? | 029857.docx | LEGALEASE-00136876-LEGALEASE-00136877 |
| Schwan's Sales Enterprises v. Idaho Transp. Dep't, 142 Idaho 826 | 30+3332 | Trial court's decision to award attorney fees as sanction under rule governing failure to admit during discovery genuineness of documents or truth of any matter requested to be admitted is reviewed under the abuse-of-discretion standard. Rules Civ.Proc., Rule 37(c). | "Is court's decision to award attorney fees as sanction, discretionary?" | 029975.docx | LEGALEASE-00136459-LEGALEASE-00136460 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gonzales v. Surplus Ins. Servs., 863 S.W.2d 96 | 92+4011 | Defendant's failure to respond to plaintiff's request for admissions for no good reason amounted, in practical terms, to procedural default as to plaintiff's motion for summary judgment, and defendant was not denied due process, even though plaintiff failed to establish that defendant received actual notice of summary judgment hearing; admissions were deemed admitted by operation of law due to defendant's failure to timely answer request, defendant failed to file motion to file answers late, plaintiff's case against defendant was proved by deemed admissions, notice of summary judgment hearing was therefore essentially moot, since defendant was legally precluded from introducing any evidence controverting deemed admissions, trial court was essentially performing ministerial act in granting summary judgment motion, and defendant's explanations and excuses were provided to trial court during hearing on his motion for new trial. Vernon's Ann.Texas Rules Civ.Proc., Rules 21a, 166a, 169; U.S.C.A. Const.Amend. 14. | Can deemed admissions not be contradicted by other summary judgment evidence? | 030187.docx | LEGALEASE-00136696-LEGALEASE-00136697 |
| H. Richards Oil Co. v. W. S. Luckie, 391 S.W.2d 135 | 157+222(10) | Allowance of one defendant's admissions against all defendants in action for materials supplied was error in absence of showing that the defendant to whom admissions were directed was other defendants' agent or had authority to represent them. | "Are admissions directed to one defendant, whether answered, or admitted by reason of failure to answer, evidence against other defendants in the same case?" | 030224.docx | LEGALEASE-00136355-LEGALEASE-00136356 |
| Henke Grain Co. v. Keenan, 658 S.W.2d 343 | 307A+483 | Deemed admissions can be used to support granting of summary judgment. | Can deemed admissions be used to support granting of summary judgment? | 030228.docx | LEGALEASE-00136373-LEGALEASE-00136374 |
| California Viking Sprinkler Co. v. Pac. Indem. Co., 213 Cal. App. 2d 844 | 307A+749.1 | Parties by their conduct could make clear an issue which pretrial definition did not make clear. | Can parties by their conduct make clear an issue which pretrial definition did not make clear? | Pretrial Procedure - Memo # 4081 - C - NS.docx | ROSS-003317627-ROSS-003317628 |
| Gen. Acc. Fire & Life Assur. Corp. v. Cohen, 203 Va. 810 | 307A+483 | Matters admitted for want of answer to request for admissions are admitted only as stated in the request. Code 1950, S 8-111.1. | Are matters admitted for want of answer to request for admissions admitted only as stated in the request? | 030451.docx | LEGALEASE-00136345-LEGALEASE-00136346 |
| D. H. v. State, 76 Wis. 2d 286 | 211+2990 | Failure to grant continuance in juvenile court waiver proceedings is not improper where no request therefor was made. W.S.A. 48.18. | Is failure to grant continuance not improper where no request was made? | 030813.docx | LEGALEASE-00136838-LEGALEASE-00136839 |
| Kawasaki Kisen Kaisha, Ltd. v. Plano Molding Co., 696 F.3d 647 | 308+101(2) | Intermediaries entrusted with goods are cargo owners' agents only in their ability to contract for liability limitations with carriers downstream. | "Are intermediaries entrusted with goods, agents?" | Principal and Agent - Memo 98 - KC.docx | ROSS-003304685-ROSS-003304686 |
| Shinyu Noro v. United States, 148 F.2d 696 | 24+136 | In a civil court trying an alien enemy for a crime committed in peacetime, constitutional safeguards of accused must be maintained, notwithstanding that it may be true that accused, being an enemy, may be summarily arrested and interned and his property sequestered. | Are constitutional safeguards available to an alien? | 007003.docx | LEGALEASE-00137533-LEGALEASE-00137534 |
| Nichols & Shepard Co. v. Dedrick, 61 Minn. 513 | 8.30E+126 | An agreement to extend the time of payment of a debt is sufficient consideration for the execution by a third party of his note to the creditor as collateral security for the payment of such debt. | Whether an agreement to extend the time of payment of debt constitutes sufficient consideration? | Bills and Notes- Memo 314-PR.docx | ROSS-003303813-ROSS-003303814 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Blackwood, 768 F.2d 131 | 164T+24(4) | Public official's use of his office to obtain money not due him or his office is crux of Hobbs Act requirement that official extort property from another "under color of official right." 18 U.S.C.A. SS 1951, 1951(b)(2). | What is extortion under color of official right? | 011843.docx | LEGALEASE-00137598-LEGALEASE-00137599 |
| Minter v. State, 70 Tex. Crim. 634 | 67+9(0.5) | Under Sand. & H.Dig., S 1492, if one either break or enter the house of another in the night time with intent to commit a felony, he is guilty of burglary. | Is both breaking and entering necessary for burglary? | Burglary - Memo 146 - JS.docx | ROSS-003316276-ROSS-003316278 |
| Knox Coll. v. Celotex Corp., 85 Ill. App. 3d 714 | 302+53(1) | Although pleading combined several causes of action in one count, allegations of count were specific enough to reasonably inform defendant of claims it was to meet and, therefore, count was not bad in substance and should not have been stricken. S.H.A. ch. 110, S 33(2). | "Is a pleading which reasonably informs the opposite party of the nature of the claim which it is called upon to meet, bad in substance?" | Pleading - Memo 345 - RMM.docx | ROSS-003302940-ROSS-003302941 |
| Lambert v. Bunge Corp., 169 So. 2d 207 | 307A+716 | Illness of principal counsel in trial of case is good ground for continuance. LSA-C.C.P. art. 1601. | "Is the sickness of the principal counsel of the defendant, the other not being prepared to go on to trial, good ground for a continuance at the cost of the defendant?" | 030132.docx | LEGALEASE-00137390-LEGALEASE-00137391 |
| Bienenfeld v. Mortg. Comm'n, 161 Misc. 311 | 307A+91 | Before an examination will be ordered, complaint must allege a cause of action. | "Before an examination will be ordered, must a complaint allege a cause of action?" | Pretrial Procedure - Memo # 4459 - C - NS.docx | ROSS-003290690-ROSS-003290691 |
| In re Einhorn's Estate, 138 N.Y.S.2d 840 | 307A+91 | An examination of party before trial must be legitimately sought, and the party seeking it must act in good faith. Civil Practice Act, SS 288 et seq., 309. | Should an examination of a party before trial be legitimately sought? | Pretrial Procedure - Memo # 4487 - C - SK.docx | ROSS-003331152-ROSS-003331153 |
| Vaughan v. John Hancock Mut. Life Ins. Co., 61 S.W.2d 189 | 307A+720 | Adversary has right to time to examine pleadings allowed by court. | Does the adversary have the right to time to examine pleadings allowed by court? | 031302.docx | LEGALEASE-00137408-LEGALEASE-00137409 |
| State ex rel. Spring River Elec. Power Co. v. Thurman, 232 Mo. 130 | 307A+725 | The circuit court has power to impose, as a condition to the granting of a continuance of a cause which has stood on the docket for about five years and has been repeatedly continued, that the plaintiff pay the accrued costs at least 10 days before the beginning of the next term, and in default of such payment that the cause stand as dismissed. | Is the trial court vested with the power to impose terms as the condition for granting a continuance? | 031354.docx | LEGALEASE-00137410-LEGALEASE-00137411 |
| Wolosin v. Campo, 256 A.D.2d 332 | 307A+726 | Plaintiff was not entitled to lengthier adjournment prior to trial on defendant's counterclaim, where trial court postponed jury selection and trial at plaintiff's request, and action had appeared on trial assignment part calendar on nine previous occasions. | When would a plaintiff not be entitled to lengthier adjournment prior to trial on defendant's counterclaim? | 031454.docx | LEGALEASE-00137594-LEGALEASE-00137595 |
| In re Frank A. Smith Sales, 32 S.W.3d 871 | 307A+36.1 | Settlement agreements, including the amount of the settlement, are discoverable where they are shown to be relevant. Vernon's Ann.Texas Rules Civ.Proc., Rule 166b, subd. 2, par. f(2) (Repealed). | "Are settlement agreements, including the amount of the settlement, discoverable where they are shown to be relevant?" | 031969.docx | LEGALEASE-00138091-LEGALEASE-00138092 |
| Moe v. Zitek, 75 N.D. 222 | 308+102(2) | Employment of attorney need not be directly by client, but agent with proper authority may employ attorney to bring suit in principal's name. | Can an agent employ an attorney for his/her principal? | Principal and Agent - Memo 71 - KC.docx | ROSS-003291210-ROSS-003291211 |
| Cromwell v. United States, 42 Ct. Cl. 432 | 34+13.1(3) | The navy personnel act as amended by Act June 7, 1900, c. 859, 31 Stat. 697, 34 U.S.C.A. S 251, is not incompatible with Rev.St. S 1556, fixing the pay of a rear admiral. The earlier statute continues operative as regards the excepted class of officers in service when the navy personnel act was enacted. | "Though the general object of the navy personnel act was to equalize army and navy pay, did the act operate to reduce pay previously fixed for naval officers?" | Armed Services - Memo 221 - SB.docx | ROSS-003287098-ROSS-003287099 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Maryland Tr. Co. v. Gregory, 129 W. Va. 35 | 83E+375 | An indorsement of negotiable note "for collection" was a "restrictive indorsement" which barred any further negotiation of the note and vested title in indorsee for use of indorser. Code, 46-3-7. | Whether restrictive indorsement are negotiable? | 009439.docx | LEGALEASE-00138126-LEGALEASE-00138127 |
| Flynn v. Currie, 130 Me. 461 | 8.30E+76 | Where drawer of check stops payment thereon, he is liable to holder of check for consequences of his conduct. | Can a drawer be liable for the consequences of stopping a payment? | 010133.docx | LEGALEASE-00138800-LEGALEASE-00138801 |
| In re Winborne's Will, 231 N.C. 463 | 8.30E+76 | A "check" is nothing more than a bill of exchange drawn on a bank and it does not operate as an assignment of any part of funds to the credit of drawer with the bank until it is presented to and accepted by the bank on which it is drawn and drawer may at any time before acceptance by the bank stop payment or withdraw his funds from the bank. G.S. SS 25-192, 25-197. | Does the drawer have authority to withdraw his funds or stop the payment from the bank anytime? | 010150.docx | LEGALEASE-00138836-LEGALEASE-00138837 |
| Smith v. McKeller, 638 So. 2d 1192 | 8.30E+56 | The word "promise" does not have to be used ritualistically to confect a promissory note; instead, words "to be paid on demand" are sufficient to confect a promissory note. | Does the word promise have to be ritualistically used to confect a promissory note? | 010251.docx | LEGALEASE-00138416-LEGALEASE-00138417 |
| Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., 772 F.3d 111 | 83E+481 | Under New York law, specific incantations of "assignment" are unnecessary to perfect a transfer of a note. | It is necessary to have specific incantations of assignment to perfect a transfer? | Bills and Notes -Memo 385 -VP.docx | ROSS-003301559-ROSS-003301560 |
| United States v. Forszt, 655 F.2d 101 | 63+1(1) | In Indiana it is soliciting or receiving of money by official to influence him with respect to his official duties that is gravamen of offense of bribery. Burns' Ind.St.Ann. S 10-602. | What is the gravamen of the offense of bribery? | 011879.docx | LEGALEASE-00138604-LEGALEASE-00138605 |
| State v. Kahinu, 53 Haw. 646 | 67+41(3) | Intent to commit larceny or any felony may be established by inference from the surrounding circumstances and accompanying and attendant acts of the person accused. HRS S 726-1. | What are the circumstances from which intent may be inferred in burglary? | Burglary - Memo 167 - KNR.docx | ROSS-003316286-ROSS-003316288 |
| United States v. Marotz, 75 F. Supp. 3d 1167 | 393+295 | Actual notice, pursuant to pursuant to the statutory mandate that regulations be posted in a conspicuous place in federal property, requires that law officers give a potential arrestee notice that he will be arrested if he continues his objectionable conduct. 40 U.S.C.A. S 1315(c); 41 C.F.R. S 102-74.365. | Will actual notice fulfills the purpose of conspicuous posting requirement? | Disorderly Conduct-Memo 34- PR.docx | ROSS-003290461-ROSS-003290462 |
| Steuben Twp. of Steuben Cty. v. Lake Shore & M.S. Ry. Co., 58 Ind. App. 529 | 64+27 | Highways, including bridges, forming part thereof, belong to state, and an action for destruction of bridge is not maintainable by township or county on theory of property loss; but where bridge has been negligently destroyed, township may sue therefor, unless the county must restore it; and where township failed to repair such bridge, county, repairing it, could sue for injury. | Can the township or town recover damages from the wrong doer for the injury to the roads and bridges? | 018960.docx | LEGALEASE-00138830-LEGALEASE-00138831 |
| Bedell v. Duniven, 77 Cal. App. 2d 145 | 200+183 | A pedestrian crossing a roadway within a pedestrian crosswalk has duty to exercise reasonable care. | Does a pedestrian have the duty to exercise reasonable care? | Highways -Memo 125 - KC.docx | ROSS-003302283-ROSS-003302284 |
| Bell v. Nat'l Life & Acc. Ins. Co., 41 Ala. App. 94 | 302+9 | It is sometimes permissible and necessary for a pleader to draw conclusions where facts are alleged that tend to support such conclusion, and it is only "mere conclusions" or "bald conclusions" without supporting facts which are objectionable in pleading. | When is it necessary for the pleader to draw conclusions? | Pleading - Memo 364 - RMM.docx | ROSS-003290593-ROSS-003290594 |
| Bowen v. Mewborn, 218 N.C. 423 | 302+8(1) | A conclusion deduced by pleader is mere brutum fulmen, unless supported by facts stated in pleading. | Is a deduced conclusion a mere brutum fulmen? | 023409.docx | LEGALEASE-00138786-LEGALEASE-00138787 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Conner v. Sampson, 22 Tex. 20 | 307A+723.1 | An application for a continuance for the absence of a witness must show that the witness has had a reasonable notice by subpoena, and what notice is reasonable depends upon all the circumstances of the case. | Must an application for a continuance for the absence of a witness show that the witness has had a reasonable notice by subpoena? | 030873.docx | LEGALEASE-00138752-LEGALEASE-00138753 |
| Humburg v. Namura, 13 Haw. 702 | 231+146(1) | A district magistrate's order continuing an action for rent until the termination of a bankruptcy cause in the federal court, that is to say, for an indefinite and uncertain time, is equivalent to an order of dismissal and is a "final order," and is appealable. | Is an indefinite continuance by a magistrate equivalent to an order of dismissal? | 031609.docx | LEGALEASE-00138264-LEGALEASE-00138265 |
| Stogner v. Albright, 219 A.D. 748 | 307A+91 | An examination before trial that is not sought in good faith to be used upon the trial will be refused. | Are examinations before trial that is not sought in good faith to be used upon the trial not favoured by the courts? | 031710.docx | LEGALEASE-00138393-LEGALEASE-00138394 |
| Stevenson v. Illinois Cent. R. Co., 157 Ky. 561 | 307A+74 | Under Civ.Code Prac. S 585, a deposition cannot be read in evidence unless it is filed with the papers of the case before the commencement of the trial. | Can a deposition be read in evidence unless it is filed with the papers of the case before the commencement of the trial? | 031790.docx | LEGALEASE-00138130-LEGALEASE-00138131 |
| Capra v. Phillips Inv. Co., 302 S.W.2d 924 | 307A+74 | A witness at trial may correct his deposition testimony and give reasons for so doing. Sections 492.340, 492.350 RSMo 1949, V.A.M.S. | Can a witness at trial correct his deposition testimony and give reasons for so doing? | Pretrial Procedure - Memo # 5089 - C - SB.docx | ROSS-003304657-ROSS-003304658 |
| Ebersole v. S. Bldg. & Loan Ass'n, 147 Ala. 177 | 307A+71 | Under Code 1896, S 1841, making it the duty of a commissioner to reduce the answers of a witness to writing, or cause it to be done by the witness himself or some impartial person, a commissioner is not required to himself take down the answers of a witness in the commissioner's own handwriting. | Should the commissioner require the questions to be reduced to writing? | 032455.docx | LEGALEASE-00138906-LEGALEASE-00138907 |
| United States v. Fernandez, 722 F.3d 1 | 63+3 | State legislators are not categorically exempt from prosecution under the federal bribery statute; the plain language of the statute includes a "representative" of a "government" in the list of positions that fall under the statute's definition of "agent," and there is no more classic government "representative" than a legislative branch officer. 18 U.S.C.A. S 666(d)(1). | Are state legislators categorically exempt from prosecution under the federal bribery statute? | Bribery - Memo #571 - C - LB.docx | ROSS-003315829-ROSS-003315830 |
| People v. Nichols, 196 Cal. App. 2d 223 | 67+29 | Burglarious intent could be justifiably inferred from evidence of unlawful and forcible entry. West's Ann.Pen.Code, S 459. | Can intent to commit burglary be inferred from forcible entry? | 012810.docx | LEGALEASE-00139097-LEGALEASE-00139098 |
| Oshinsky v. Gumberg, 188 A.D. 23 | 307A+172 | Departure from general rule that applicant can have examination of adverse party before trial to prove his own case only is justified, where there is a fiduciary relation between the parties, and when the facts are peculiarly within the knowledge of the adverse party, or where a defense unanswered and established would destroy plaintiff's cause of action. | "Where the relationship of a principal and agent to an action, should the technical rules governing examination of a party before trial be relaxed?" | Pretrial Procedure - Memo # 4436 - C - KG.docx | LEGALEASE-00028986-LEGALEASE-00028988 |
| Hefty v. Strickhouser, 2008 WI 96 | 307A+747.1 | Litigants are expected to follow circuit court scheduling orders. | Are litigants expected to follow circuit court scheduling orders? | Pretrial Procedure - Memo # 5006 - C - KBM.docx | ROSS-003291275-ROSS-003291276 |
| Guy v. Arthur H. Thomas Co., 55 Ohio St. 2d 183 | 413+1 | Genesis of workers' compensation was the inability of the common-law remedies to cope with modern industrialism and its inherent injuries to workers. R. C. S 4123.01 et seq. | What is the genesis of workers compensation? | 047792.docx | LEGALEASE-00139239-LEGALEASE-00139240 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ewer v. Johnson, 44 Wash. 2d 746 | 48A+246(11) | Instruction, in action for injuries sustained in seven-automobile head and tail collision in dust storm, on duty of drivers driving in dust clouds, was not subject to claimed infirmity of requiring exercise of a degree of care greater than that which should be exercised by a careful and prudent person. | What is the degree of care to be exercised while driving through dust? | Highways -Memo 161-IS.docx | LEGALEASE-00029253-LEGALEASE-00029254 |
| Oatman v. Andrew, 43 Vt. 466 | 307A+74 | After a deposition is filed, the magistrate who took it has no authority to amend the caption; but the court may ratify and render valid such unauthorized amendment. | "After a deposition is filed, does the magistrate who took it have no authority to amend the caption?" | 032267.docx | LEGALEASE-00139423-LEGALEASE-00139424 |
| Bishop v. Hilliard, 227 Ill. 382 | 307A+74 | It is not necessary that certificates of the official character of the officer before whom depositions are taken accompany the depositions, but they may be produced in court at hearing and the notary's official character there be established. | Is it necessary that certificates of the official character of an officer accompany the depositions? | Pretrial Procedure - Memo # 5276 - C - TM.docx | ROSS-003287880-ROSS-003287881 |
| Purdy & Fitzpatrick v. State, 71 Cal. 2d 566 | 24+116 | Discrimination on basis of alienage invokes strict standard of review. | Does discrimination on the basis of alienage invoke a strict standard of review? | "Aliens, Immigration and Citizenship - Memo 6 - RK.docx" | ROSS-003287919-ROSS-003287920 |
| Matter of Spangler, 56 B.R. 990 | 343+517(1) | Whether an agreement is a lease or sale under U.C.C. S 1-201(37) requires, at the threshold, determination of intent of parties to the transaction. | Does the intent of the parties determine the transaction? | 009397.docx | LEGALEASE-00140191-LEGALEASE-00140192 |
| Slutsky v. Blooming Grove Inn, 147 A.D.2d 208 | 83E+415 | Valid transfer of note required endorsement on note or firmly affixed paper. McKinney's Uniform Commercial Code SS 3-104, 3-202(2-4). | Whether a valid transfer of note requires endorsement on note or firmly affixed paper? | 010309.docx | LEGALEASE-00139907-LEGALEASE-00139909 |
| Marshall v. Staley, 528 P.2d 964 | 83E+481 | Love and affection between decedent and his stepdaughters was sufficient consideration to support assignment of note from the decedent to his stepdaughters. | Are love and affection sufficient consideration required for an assignment of the note? | Bills and Notes -Memo 419 -DB.docx | ROSS-003290848 |
| Neal v. Bradley, 238 Ark. 714 | 83E+481 | Generally, recordation statutes do not apply to assignments of notes unless specifically so stated. | Do recordation statutes apply to assignment of notes? | 010350.docx | LEGALEASE-00140187-LEGALEASE-00140188 |
| Ingram v. Earthman, 993 S.W.2d 611 | 8.30E+06 | Note that was not negotiable was not governed by Uniform Commercial Code (UCC), and thus, rights and liabilities of parties to note had to be found in common law of bills and notes and in contract law. | Are nonnegotiable instruments governed by common law? | Bills and Notes -Memo 431 -DB.docx | LEGALEASE-00029694-LEGALEASE-00029695 |
| People's Bank of Mobile v. Moore, 201 Ala. 411 | 83E+316 | Instruments drawn upon, or payable out of a particular fund, are not negotiable. | Are instruments drawn upon or payable out of a particular fund negotiable? | Bills and Notes- Memo 523-PR.docx | ROSS-003327678-ROSS-003327679 |
| United States v. Allen, 10 F.3d 405 | 63+1(1) | Extortion under color of official right and bribery are really different sides of the same coin; extortion under color of official right equals the knowing receipt of bribes and it is extortion if the official knows that the bribe is motivated by a hope that it will influence him in the exercise of his office and if, knowing that, he accepts the bribe. | Are extortion and bribery different sides of the same coin? | Bribery - memo #587 - C-CSS.docx | ROSS-003301621-ROSS-003301622 |
| People v. Herron, 251 P.3d 1190 | 63+1(1) | To commit offense of bribery, it is not required that the act to be influenced be performed. S.H.A. ch. 38, S 33-1(d, e). | "In order to commit the offense of bribery, does the statute require that the act to be influenced be performed?" | Bribery - Memo #611 - C-JL.docx | ROSS-003288857-ROSS-003288858 |
| Second Measure v. Kim, 143 F. Supp. 3d 961 | 289+560 | Under California law, one partner can be liable to another for conversion of partnership property. | Can one partner be liable to another for conversion of partnership property? | 022337.docx | LEGALEASE-00139763-LEGALEASE-00139764 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Firemen's Relief Ass'n of Washington v. Minehart, 430 Pa. 66 | 296+2 | A "pension" is merely a bounty for past services, designed to provide recipient with his daily wants. (Per Roberts, J., with two justices concurring and one justice concurring in result). 72 P.S. S 2262. | Is a pension a bounty for past services? | 022774.docx | LEGALEASE-00140530-LEGALEASE-00140531 |
| Mount v. Trustees of Pub. Emp. Ret. Sys. of New Jersey, 133 N.J. Super. 72 | 316P+385 | Public employee's pension rights and benefits are based upon and fall within scope of statutes governing Public Employees' Retirement System. N.J.S.A. 43:15A-6 et seq. | Does a right to pension depend on a granting statute? | 022784.docx | LEGALEASE-00140542-LEGALEASE-00140543 |
| Ledwith v. Bankers Life Ins. Co., 156 Neb. 107 | 296+2 | A pension, granted for services previously rendered, fully paid for when rendered, and giving rise to no legal obligation for further compensation, is a gratuity. | When can a pension be regarded as a gratuity? | 022794.docx | LEGALEASE-00140554-LEGALEASE-00140555 |
| Caterpillar Indus. v. Keskes, 639 So. 2d 1129 | 307A+36.1 | Substantial similarity must be established before similar accidents or incidents are discoverable. | Must substantial similarity be established before similar accidents or incidents are discoverable? | 032409.docx | LEGALEASE-00140384-LEGALEASE-00140385 |
| Harvey v. Osborn, 55 Ind. 535 | 307A+74 | Where a deposition is taken before the "clerk of a court of record," he must certify to the same under the seal of such court. | "Where a deposition is taken before the ""clerk of a court of record,"" must he certify to the same under the seal of such court?" | 032447.docx | LEGALEASE-00140474-LEGALEASE-00140475 |
| Terry v. Cmty. Health Network, 17 N.E.3d 389 | 30+3212 | The standard of review on appeal of a trial court's ruling on a motion to dismiss for lack of subject-matter jurisdiction is dependent upon (1) whether the trial court resolved disputed facts, and (2) if the court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a paper record. | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, can the trial court consider the complaint?" | Pretrial Procedure - Memo # 5686 - C - SN.docx | LEGALEASE-00030336-LEGALEASE-00030337 |
| Knight v. Nichols, 34 Me. 208 | 307A+74 | A deposition is admissible though it be not stated in the caption at whose request it was taken. | Is a deposition admissible though it be not stated in the caption at whose request it was taken? | 033476.docx | LEGALEASE-00140406-LEGALEASE-00140408 |
| Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114 | 308+159(1) | Vicarious liability due to an agency relationship can be based on apparent authority; "apparent authority" arises in those situations where the principal causes persons with whom the agent deals to reasonably believe that the agent has authority despite the absence of an actual agency relationship. | Can Vicarious Liability be based on Actual Authority? | Principal and Agent - Memo 103 - GP.docx | ROSS-003329205-ROSS-003329206 |
| First Ins. Co. of Hawaii v. Jackson, 67 Haw. 165 | 366+41(6) | In classical subrogation action, burden of proof is upon party claiming subrogation to show that he is entitled to it. | Who has the burden to prove an entitlement while claiming subrogation? | 043355.docx | LEGALEASE-00139715-LEGALEASE-00139716 |
| Wilkins v. Gibson, 113 Ga. 31 | 366+23(2) | Where one advances money to pay off an incumbrance on realty under an agreement that the advance made is to be secured by a lien on the property, delay on the part of an intervening incumbrancer to prosecute his legal remedies and indulgences granted by him to the debtor, brought about by the fact that the lien to which subrogation is asked had been canceled on the records, will, when accompanied by substantial damage to the rights of the intervening incumbrancer, be a sufficient reason for a court of equity to refuse the person advancing the money the right of subrogation and a decree setting aside the cancellation, when the claim of subrogation is not asserted within a reasonable time after knowledge that the prior incumbrance has been canceled of record. | Will subrogation be allowed if the person claiming the right of subrogation has unreasonably delayed in asserting such right? | 043538.docx | LEGALEASE-00139917-LEGALEASE-00139918 |
| Poole v. William Penn Fire Ins. Co., 264 Ala. 62 | 366+35 | Intentional relinquishment of a known right amounts to a waiver of subrogation rights. | Does intentional relinquishment of a known right amount to a waiver of subrogation rights? | 043561.docx | LEGALEASE-00140015-LEGALEASE-00140016 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sanford v. Walther., 467 S.W.3d 139 | 371+2763 | Unlike taxes, interest on state-tax delinquencies is not levied generally on all taxpayers for the purpose of raising revenue, for purposes of reviewing illegal exaction claims. | Are interest on tax delinquencies the same as taxes? | 044676.docx | LEGALEASE-00140165-LEGALEASE-00140166 |
| Sciscoe v. Enbridge Gathering (N. Texas), 519 S.W.3d 171 | 386+12 | A trespass does not have to be committed in person but may be caused by allowing or causing something to cross the boundary of the property in question. | Does a trespass need to be committed in person? | 047429.docx | LEGALEASE-00140623-LEGALEASE-00140624 |
| Fields v. Blake, 349 F. Supp. 2d 910 | 34+28(2) | Commanding officer of a military base has wide discretion as to whom he can exclude from the base. | Does the Commanding officer of a military base have wide discretion as to whom he can exclude from the base? | Armed Services - Memo 243 - TB.docx | ROSS-003287110-ROSS-003287111 |
| Bradford v. Union Tr. Co., 242 Ky. 709 | 83E+868 | Evidence held not to show binding agreement between maker and purchaser of note to extend time for payment so as to discharge indorser from liability. Ky. St. S 3720b-120, subd. 6; Comp. Gen. Laws Fla. 1927, S 6872. | Can an agreement to delay the day of payment without consideration bind the holder? | 010467.docx | LEGALEASE-00141543-LEGALEASE-00141544 |
| Jacobs v. Pierce, 132 Ill. App. 547 | 83E+498 | Where a payee or assignor of a promissory note has been required to take up note, his right of action revives. | When does the right of action revive to the payee of a promissory note? | 010483.docx | LEGALEASE-00140814-LEGALEASE-00140815 |
| Baker Bank & Tr. Co. v. Behrnes, 217 So. 2d 461 | 83E+412 | The pledgee of a bearer note is a "holder" and if he satisfies statutory requirements, he is a "holder in due course". LSA-C.C. art. 3158; LSA-R.S. 7:52. | Can a pledgee of a note be a holder in due course? | 010496.docx | LEGALEASE-00141067-LEGALEASE-00141068 |
| People v. Manfredi, 166 A.D.2d 460 | 63+3 | Person who pays coerced bribe is not guilty of criminal conduct and cannot be accomplice of bribe receiver. McKinney's Penal Law S 200.05; McKinney's CPL S 60.22. | Should a person be an accomplice of bribery if he was coerced to pay the bribe? | 012108.docx | LEGALEASE-00140786-LEGALEASE-00140787 |
| People v. Woodruff, 9 Ill. 2d 429 | 63+1(2) | A de facto officer is punishable for accepting or soliciting a bribe in the same manner as if he were an officer de jure, and it is likewise bribery to offer or to give him a bribe. | Is an officer de facto punishable for accepting or soliciting a bribe? | 012113.docx | LEGALEASE-00140826-LEGALEASE-00140827 |
| Shields v. Blue Grass Ordnance Depot, 308 Ky. 496 | 231H+2380(4) | Where overtime compensation is sought under Fair Labor Standards Act in a Portal-to-Portal suit on ground that claim is not barred by the Portal-to-Portal Act because within exception dealing with custom and practice, facts must be alleged showing that such custom or practice was certain, general, uniform, and recognized. Portal-to-Portal Act of 1947, S 1 et seq., 29 U.S.C.A. S 251 et seq.; Fair Labor Standards Act of 1938, S 16(b), 29 U.S.C.A. S 216(b). | "In order to establish a custom, must it be proven that it is uniform and recognized by the law as essential?" | 014131.docx | LEGALEASE-00141720-LEGALEASE-00141721 |
| Rosenberg Bros. & Co. v. U.S. Shipping Bd. Emergency Fleet Corp., 7 F.2d 893 | 113+19(3) | Custom or usage, to be binding, must be definite, uniform, and well known, and be established by clear and satisfactory evidence, and shown to be long-established, reasonable, and generally acquiesced in. | How should the evidence of usage be established? | 014144.docx | LEGALEASE-00141734-LEGALEASE-00141735 |
| Baker v. J.W. McMurry Contracting Co., 282 Mo. 685 | 113+3 | To be binding, a custom must, among other requisites, be certain, uniform, general, and of long existence. | Does a custom have to be of long existence in order to be binding? | 014161.docx | LEGALEASE-00141779-LEGALEASE-00141780 |
| Cont'l Coal Co. v. Birdsall, 108 F. 882 | 113+3 | A custom of the port in which a charter was made, in order to be admissible to explain the charter must be reasonable, certain, consistent with the contract, and not contrary to law, and so general, and long established that the parties are conclusively presumed to have contracted with reference to it. | Does custom have to be uniform and notorious to be presumed to be understood by parties? | 014196.docx | LEGALEASE-00141878-LEGALEASE-00141879 |
| Padilla-Mangual v. Pavia Hosp., 516 F.3d 29 | 135+1 | Person's domicile is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning. 28 U.S.C.A. S 1332(a)(1). | What is a person's domicile? | 014469.docx | LEGALEASE-00141813-LEGALEASE-00141814 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| No. 3 Oakland Suburban Heights v. Bekermeier, 94 Ill. App. 2d 67 | 200+77(1) | Under statute relating to vacation of portion of highway by county highway superintendent assessment of damages is not jurisdictional when proceeding is for vacation only, and assessment of damages is jurisdictional only when there is a taking of land. S.H.A. ch. 121, SS 6-306, 6-315a. | When is the ascertainment or assessment of damages jurisdictional in reference to the vacation of a highway? | Highway-Memo 164-ANM.docx | ROSS-003301820-ROSS-003301821 |
| Pit River Tribe v. Bureau of Land Mgmt., 306 F. Supp. 2d 929 | 170A+1061 | Genuine issue of material fact as to whether Bureau of Land Management's (BLM) improperly continued geothermal leases on federal land as unit, rather than addressing leases one-by-one to determine whether extensions of those leases ought to be granted, precluded judgment on pleadings in tribe's action alleging that BLM's action violated Geothermal Steam Act, National Environmental Policy Act (NEPA), National Historic Preservation Act (NHPA), and federal government's fiduciary trust obligation totribe. National Historic Preservation Act, S 106, 16 U.S.C.A. S 470f; Geothermal Steam Act of 1970, S 6(a, g), 30 U.S.C.A. S 1005(a, g); National Envi ronmental Policy Act of 1969, S 2 et seq., 42 U.S.C.A. S 4321 et seq. | Did the congress enact the Geothermal Steam Act to promote the development of geothermal leases on federal lands? | 021141.docx | LEGALEASE-00140970-LEGALEASE-00140971 |
| Teselle v. McLoughlin, 173 Cal. App. 4th 156 | 302+11 | A complaint measures the materiality of the facts asserted as a cause of action; it ordinarily does not assert an evidentiary fact. | Does a complaint measure the materiality of the facts asserted as a cause of action? | 023460.docx | LEGALEASE-00141364-LEGALEASE-00141365 |
| Barrow v. Bement, 239 S.W. 273 | 307A+723.1 | A motion for a continuance which fails to allege due diligence as required by the statute is fatally defective. | "Is an application for a continuance bad which fails to state that the party has used due diligence, although the facts stated may seem to show diligence?" | Pretrial Procedure - Memo # 4296 - C - TM.docx | LEGALEASE-00031122-LEGALEASE-00031123 |
| Skelton v. Gen. Candy Co., 539 S.W.2d 605 | 307A+720 | A party is not conclusively bound by estimates of time, speed or distance. | "Is a party not conclusively bound by estimates of time, speed or distance?" | 030717.docx | LEGALEASE-00141487-LEGALEASE-00141488 |
| Vega v. State, 898 S.W.2d 359 | 110+603.2 | Trial court did not abuse its discretion in refusing to grant defendant's oral motion for continuance on the third day of trial; defendant was required to make written motion. Vernon's Ann.Texas C.C.P. art. 29.03. | Is an oral motion for continuance insufficient to constitute a basis of reversal for refusing to continue? | 030739.docx | LEGALEASE-00141563-LEGALEASE-00141564 |
| Home Ins. Co. v. Gonzalez, 648 So. 2d 291 | 307A+91 | Rule governing depositions before action or pending appeal is intended to be used only for preservation of evidence and not for presuit discovery. West's F.S.A. RCP Rules 1.290(a)(1), 1.290 comment. | Is Rule 1.290(a)(1) intended to be used only for preservation of evidence and not for pre-suit discovery? | 031327.docx | LEGALEASE-00140726-LEGALEASE-00140727 |
| Miller v. McDonald, 13 Wis. 673 | 30+3914 | Where it appears from the deposition that a portion of the testimony favorable to the party taking it, "was objected to," it will be presumed that the objection was made by the adverse party, it being certified by the officer that such party attended at the taking of the deposition. The word "attended," as used in the statute prescribing the form of certificate to be annexed to a deposition, means some thing more than mere personal presence; it signifies participation in the examination of the witness. | Should the certificate stating the non-attendance of a party at the taking of the deposition be annexed to the certificate of the taking? | 032528.docx | LEGALEASE-00142053-LEGALEASE-00142054 |
| Doe v. Roe, 24 Ga. 384 | 307A+74 | Interrogatories are not necessarily vitiated by the fact that the case stated at the head of the answers is not the same as the case on trial. | Are interrogatories not necessarily vitiated by the fact that the case stated at the head of the answers is not the same as the case on trial? | 032552.docx | LEGALEASE-00141712-LEGALEASE-00141713 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ft. Worth & D.C. Ry. Co. v. Walker, 48 Tex. Civ. App. 86 | 307A+74 | The return on a deposition envelope serves the purpose only to preserve the purity of the return of the deposition, and is a matter properly for the court, and not for the jury, as evidence. | Does return on a deposition envelope serve the purpose to preserve the purity of the return? | 032570.docx | LEGALEASE-00141698-LEGALEASE-00141699 |
| Jenkins v. Tobin, 31 Ark. 306 | 307A+74 | Where depositions are taken before a justice of the peace in another state, a certificate of authentication of his official character should accompany the deposition. | Is a certificate of authentication required from a justice of the peace of a state to take a deposition of another state? | 032607.docx | LEGALEASE-00141328-LEGALEASE-00141329 |
| Dawson Ins. v. Quantum Capital Network, 923 So. 2d 1194 | 302+85(4) | Untimely motion to dismiss for forum non conveniens was not a "pleading" and, therefore, was not a "response" for purposes of rule permitting extension of period within which to respond to the complaint. West's F.S.A. RCP Rules 1.090(b), 1.100(a). | "Is an untimely motion to dismiss for forum non conveniens not a ""pleading""?" | 033464.docx | LEGALEASE-00140931-LEGALEASE-00140932 |
| Gay v. Kendig, 2 Rob. (LA) 472 | 307A+726 | To obtain a third continuance on the ground of the absence of the same witness, the materiality of the testimony must be shown, and such extraordinary diligence as to satisfy the court that it was absolutely impossible to procure the evidence. | Can the materiality of testimony be shown to obtain a third continuance due to absence of same witness? | 033487.docx | LEGALEASE-00141640-LEGALEASE-00141644 |
| In re Custom Contractors, 439 B.R. 544 | 371+2005 | Doctrine of intergovernmental tax immunity bars only those taxes that are imposed directly on one sovereign by the other or that discriminate against a sovereign or those with whom it deals. | What does the doctrine of intergovernmental tax immunity bar? | 045432.docx | LEGALEASE-00141014-LEGALEASE-00141016 |
| Callaway v. City of Overland Park, 211 Kan. 646 | 371+2060 | An "ad valorem tax" is a tax imposed on the basis of the value of the article or thing taxed. | "Is an ""ad valorem tax"" a tax imposed on the basis of the value of the article or thing taxed?" | Taxation - Memo # 688 - C - CK.docx | ROSS-003302334-ROSS-003302336 |
| Summit Claims Mgmt. v. Lawyers Exp. Trucking, 913 So. 2d 1182 | 413+2 | Workers' compensation is a branch of law which is entirely statutory in origin. | Is workers compensation a branch of law which is entirely statutory in origin? | 048122.docx | LEGALEASE-00141352-LEGALEASE-00141353 |
| First Allmerica Fin. Life Ins. Co. v. Minnesota Life Ins. Co, 188 F. Supp. 2d 101 | 25T+145 | Under Minnesota contract law, arbitration clause of asset acquisition agreement requiring binding arbitration for any dispute with respect to operation of acquisition agreement applied only to disputes as to operation of agreement, and not to disputes concerning interpretation of agreement; separate interpretation provision of agreement stated that parties could pursue judicial remedies in event of dispute with respect to interpretation of agreement, and if arbitration clause were deemed to apply to disputes concerning both operation and interpretation of agreement, interpretation provision would be rendered meaningless. | Does the omission of any reference to interpretation of the agreement support the limited application of the arbitration clause? | 007497.docx | LEGALEASE-00143157-LEGALEASE-00143158 |
| United States v. Apple, 927 F. Supp. 1119 | 63+1(2) | Bribery statute prohibiting attempts to influence state governmental agency receiving federal funds in connection with any business or transaction of agency involving "anything of value of $5,000 or more" did not require government to show that "thing" that held value of over $5,000 held that value for Indiana Department of Environmental Management (IDEM), whose investigator was allegedly bribed; all else being equal, showing that "thing" held value for defendant could suffice, as well as showing that defendant's bribe did cost IDEM over $5,000 or otherwise held value for IDEM. 18 U.S.C.A. S 666(a)(2). | "In ruling on the thing- of-value element, does the statute require either the gain to the defendant or the loss to the victim to be $5,000 or more, or is it sufficient if the overall transaction or target of the bribe is valued at $5,000 or more?" | 011578.docx | LEGALEASE-00142614-LEGALEASE-00142615 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Madeoy, 912 F.2d 1486 | 63+13 | Whether individual is public official within meaning of bribery statute is question of law. 18 U.S.C.A. S 201(a)(1). | "In a bribery case, who should decide whether an individual is a public official?" | 012181.docx | LEGALEASE-00142433-LEGALEASE-00142434 |
| United States v. Labovitz, 251 F.2d 393 | 63+1(1) | Under statute making it a crime to offer money to any person acting for United States with intent to influence his decision or action on any matter before him in his official capacity or to induce him to do or omit to do any act in violation of his lawful duty, either an intention to influence official behavior or an intention to induce unlawful action will supply required culpability. 18 U.S.C.A. S 201. | "According to the face of the statute, when will the culpability be satisfied for the offense of bribery?" | 012194.docx | LEGALEASE-00142465-LEGALEASE-00142466 |
| Heckman v. Williamson Cty., 369 S.W.3d 137 | 106+247(7) | Though ordinarily lacking jurisdiction over an appeal from an interlocutory order, the Supreme Court had appellate jurisdiction, because on a conflict with its prior decisions, over decision of Court of Appeals that held on an interlocutory appeal that because no named plaintiff in putative class action had standing on all of class's claims, no named plaintiff had standing at all; Supreme Court had previously held that a named plaintiff's lack of standing to bring some, but not all, of his claims just deprived trial court of jurisdiction over those discrete claims. V.T.C.A., Government Code S 22.225(b). | "If the plaintiff lacks standing to bring all of his claims, must the court dismiss the whole action for want of jurisdiction?" | Pretrial Procedure - Memo # 5717 - C - KG.docx | LEGALEASE-00032515-LEGALEASE-00032516 |
| Orr v. Calicott, 2009 Ark. App. 857 | 307A+554 | A dismissal for improper venue does not go to the merits of whether the plaintiff can recover; all that has been determined is that the plaintiff brought suit in the wrong county. | Does a dismissal for improper venue does not go to whether the plaintiff can recover? | 033427.docx | LEGALEASE-00142768-LEGALEASE-00142769 |
| State ex rel. Title Loan Co. v. Vincent, 239 S.W.3d 136 | 307A+684 | Quantum of proof necessary for a circuit court to dismiss an action when it appears that the circuit court lacks subject-matter jurisdiction is not high; it must appear by a preponderance of the evidence that the circuit court is without jurisdiction. V.A.M.R. 55.27(g)(3). | Should a motion to dismiss be granted where it appears that the circuit court lacks subject matter jurisdiction? | Pretrial Procedure - Memo # 6062 - C - AP.docx | LEGALEASE-00032624-LEGALEASE-00032625 |
| In re Paul's Estate, 303 Pa. 330 | 371+2005 | Question of jurisdiction of state to tax cannot turn on theories or fictions. | Can questions on jurisdiction of state to tax turn on theories or fictions? | Pretrial Procedure - Memo # 6231 - C - CK.docx | ROSS-003329609-ROSS-003329610 |
| Maher v. Urman, 211 Ariz. 543 | 30+3230 | Court of Appeals reviews a trial court's grant or denial of relief from dismissal of complaint for untimely service under savings statute for an abuse of discretion, and court will not disturb the exercise of the trial court's discretion if it is supported by any reasonable evidence. A.R.S. S 12-504. | Will a dismissal for untimely service be reviewed upon an abuse-of-discretion standard? | 033803.docx | LEGALEASE-00142322-LEGALEASE-00142323 |
| Hamilton v. Morris Res., Ltd., 225 S.W.3d 336 | 307A+746 | The exclusion of an exhibit not listed in a pretrial order is not an impermissible sanction. Vernon's Ann.Texas Rules Civ.Proc., Rule 166(a). | Is the exclusion of an exhibit not listed in a pretrial order not an impermissible sanction? | 033900.docx | LEGALEASE-00142290-LEGALEASE-00142291 |
| Rucker v. Taylor, 828 N.W.2d 595 | 307A+560 | Good cause for failure to timely accomplish service of process requires an examination of all of the surrounding facts to determine if they reveal understandable mitigating circumstances, for purposes of a motion to dismiss. I.C.A. Rule 1.302(5). | "Is a court permitted to consider facts outside the pleadings, when the grounds for motion to dismiss are based on alleged failure to provide timely service?" | 033948.docx | LEGALEASE-00142664-LEGALEASE-00142665 |
| Berger v. United States, 295 U.S. 78 | 91+293 | Variance is not "material" where indictment charges a conspiracy involving several persons, and the proof establishes conspiracy against only some of them. | Is a variance material when the indictment and proof correspond? | Sex Offence - Memo 77 - RK.docx | LEGALEASE-00033054-LEGALEASE-00033055 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Adams, 19 Cal. App. 4th 412 | 352H+184 | Combination of sperm in rectum plus injuries is circumstantial evidence from which penetration by penis may be inferred for purposes of sodomy statute. West's Ann.Cal.Penal Code S 286(a). | Can penetration be proven by circumstantial evidence? | Sex Offence - Memo 87 - RK.docx | LEGALEASE-00033074-LEGALEASE-00033075 |
| Campbell v. State, 125 So. 3d 46 | 211+1724 | The State bears the burden of proving a defendant's age as an affirmative fact in a prosecution for fondling a minor over whom defendant held a position of trust or authority. West's A.M.C. S 97-5-23(2). | Does the State bear the burden of proving a defendants age? | 043109.docx | LEGALEASE-00143468-LEGALEASE-00143469 |
| Pourier v. Bd. of Cty. Comm'rs of Shannon Cty., 83 S.D. 235 | 371+2005 | Taxation of Indians by federal government does not impliedly authorize taxation by the state. | Does the taxation of Indians by federal government impliedly authorize taxation by the state? | 045291.docx | LEGALEASE-00142820-LEGALEASE-00142821 |
| Commonwealth Edison Co. v. Montana, 453 U.S. 609 | 371+2005 | States have considerable latitude in imposing general revenue taxes. | Do states have considerable latitude in imposing general revenue taxes? | Taxation - Memo # 492 - C - NS.docx | ROSS-003315784-ROSS-003315785 |
| United States v. City of Roanoke, 258 F. Supp. 415 | 371+2005 | Waiver of immunity from taxation must not only be express but it must also be strictly construed. | Should the waiver of immunity from taxation be express and strictly construed? | 045322.docx | LEGALEASE-00142581-LEGALEASE-00142582 |
| Collier Cty. v. State, 733 So. 2d 1012 | 371+2005 | Power of state and local governments to levy taxes is governed by the Constitution. West's F.S.A. Const. Art. 7, S 1(a). | Is the power of state and local governments to levy taxes governed by the Constitution? | Taxation - Memo # 501 - C - SKG.docx | ROSS-003304970-ROSS-003304971 |
| Cont'l Motors Corp. v. Muskegon Twp., 376 Mich. 170 | 371+3249 | A tax upon possessory rights is an "excise tax" and not an "ad valorem property tax". | "Is tax upon possessory rights an ""excise tax"" and not an ""ad valorem property tax""?" | Taxation - Memo # 646 - C - SS.docx | ROSS-003303578-ROSS-003303579 |
| Collector of Taxes of City of Boston v. Revere Bldg., 276 Mass. 576 | 371+2060 | "Tax" on realty, in its nature, is not "debt", but monetary burden for support of government laid on owner and secured by lien on realty. M.G.L.A. c. 60 S 35. | "Is a ""tax"" on realty a ""debt""?" | 045635.docx | LEGALEASE-00142794-LEGALEASE-00142795 |
| Flynn v. City & Cty. of San Francisco, 18 Cal. 2d 210 | 371+2060 | Tax levied by reason of ownership of property is a "property tax" rather than "occupation tax". | "Is a tax levied by reason of ownership of property a ""property tax"" rather than ""occupation tax""?" | 045637.docx | LEGALEASE-00142798-LEGALEASE-00142799 |
| Ortho Pharm. Corp. v. Amgen, 882 F.2d 806 | 25T+156 | In regard to district court's decision as to request for injunctive relief in arbitrable dispute, if existing status quo is currently causing one of parties irreparable injury and thereby threatens to nullify arbitration process, then it is necessary to alter situation to prevent injury. 9 U.S.C.A. S 3. | Is the relief granted by the court when there is an arbitration process limited to restoring the parties precisely to their pre-litigation position? | Alternative Dispute Resolution - Memo 682 - RK.docx | ROSS-003288657-ROSS-003288658 |
| Oil, Chem. & Atomic Workers' Int'l Union, Local 4-447 v. Chevron Chem. Co., 815 F.2d 338 | 231H+1549(6) | In view of the fact that there was legitimate dispute as to union's compliance with procedural time requirements for filing grievance, question of timeliness of grievance did not fit within rare group of cases where court could decide issue of procedural arbitrability if it could confidently be said not only that claim was strictly procedural, but that claim could operate to bar arbitration altogether, and thus procedural question involving timeliness of grievance was properly decided by arbitrator. | Is the question of timeliness of the request for arbitration considered as a procedural arbitrability? | 007690.docx | LEGALEASE-00144793-LEGALEASE-00144794 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Bishton, 463 F.2d 887 | 63+1(1) | Under statute prohibiting receipt of money "for or because of any official act performed or to be performed," prosecution is not limited to receiving money for actions which are currently or may in the future be pending before a public official, asopposed to acts already completed; and, as so construed, statute is not unconstitutionally vague. 18 U.S.C.A. S 201(f, g). | Can an official accept a bribe for acts already performed? | 011418.docx | LEGALEASE-00143973-LEGALEASE-00143974 |
| People v. Gaio, 81 Cal. App. 4th 919 | 63+1(1) | Bribery involves a payment designed to alter the outcome of any matter that could conceivably come before the official, and a large number of such matters may provide alternative predicates for the offense. West's Ann.Cal.Penal Code SS 67.5, 68. | What type of payments does bribery involve or prohibit? | 012196.docx | LEGALEASE-00143635-LEGALEASE-00143636 |
| People v. Zayas, 89 A.D.3d 610 | 67+10 | To obtain burglary in the third degree conviction against defendant, who had entered a coffee shop, jumped over a counter into a nonpublic area, tried unsuccessfully to open a cash register, and was promptly arrested, the People were not required to prove that defendant entered the shop itself with larcenous intent, since defendant's entry into the building only became unlawful at the moment when defendant crossed from the public area to the nonpublic area. McKinney's Penal Law S 140.00(5). | Does theft in a nonpublic area constitute a burglary? | 012872.docx | LEGALEASE-00144841-LEGALEASE-00144844 |
| People v. Lymore, 25 Ill. 2d 305 | 67+2 | "Burglary" is entry of building with felonious intent, and when such entry and intent are shown, crime is complete and further allegation or proof that specific items were taken is not essential. | Does burglary require specific items to be taken? | 012876.docx | LEGALEASE-00144845-LEGALEASE-00144848 |
| Holcomb v. State, 445 S.W.3d 767 | 67+19 | Indictment charging burglary of a habitation was fundamentally defective for failing to allege culpable mental state. V.T.C.A., Penal Code SS 6.02, 6.02(a, b), 30.02(a)(1, 3). | Does burglary require a culpable mental state? | Burglary - Memo 220 - SB.docx | ROSS-003304471-ROSS-003304474 |
| Glenn v. State, 659 S.W.2d 438 | 67+46(2) | Omission of essential element of culpable mental state from jury charge on burglary constituted fundamental error requiring reversal. V.T.C.A., Penal Code SS 6.02(b, c), 30.02(a)(3). | Does burglary require a culpable mental state? | 012890.docx | LEGALEASE-00144857-LEGALEASE-00144860 |
| In re WRT Energy Corp., 202 B.R. 579 | 260+47 | Under Louisiana law, oil and gas are not owned by the landowner or any other person until reduced to possession. | Are oil and gas not owned until reduced to possession? | Mines and Minerals - Memo #188 - C - CSS.docx | LEGALEASE-00033767-LEGALEASE-00033768 |
| Thompson v. Haile, 12 Tex. 139 | 307A+74 | Where an officer taking a deposition does not certify that it was signed by the witness, it is not admissible in evidence. | "Where an officer taking a deposition does not certify that it was signed by the witness, is it not admissible in evidence?" | 032691.docx | LEGALEASE-00144171-LEGALEASE-00144172 |
| Hipp v. Huchett, 4 Tex. 20 | 307A+726 | A third application for continuance is addressed to the sound discretion of the trial court. | Can a third application for continuance be addressed to the sound discretion of the trial court? | 033032.docx | LEGALEASE-00143694-LEGALEASE-00143695 |
| Hyde v. Benson, 6 Ark. 396 | 79+6 | An authentication of the official character of a judge, before whom depositions were taken, by a deputy clerk, not disclosing the name of his principal, is insufficient. | "According to the requisitions of the statute, is it essential to authenticate the official character of the officer before whom depositions were taken without which it would be consequently rejected by the court??" | Pretrial Procedure - Memo # 5764 - C - NC.docx | ROSS-003291348-ROSS-003291349 |
| Foster v. Foster, 149 S.W.3d 575 | 307A+74 | A deposition that has been taken and sealed up cannot be opened at the instance of the witness, in the absence of the opposite party, for the correction of an error. Where such correction becomes necessary, if should be done by appending an affidavit, explaining the circumstances. | Can a deposition be opened and amended in the absence of the opposite side? | Pretrial Procedure - Memo # 5778 - C - NE.docx | ROSS-003289655-ROSS-003289656 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hood's Gardens v. Young, 976 N.E.2d 80 | 413+2084 | Exclusivity provisions of the Workers' Compensation Act did not deprive trial court subject matter jurisdiction to consider declaratory judgment action concerning whether contract between customer and tree removal company exposed customer to workers' compensation liability for injury to subcontractor hired by tree removal company; specific issue did not pertain to the "rights and remedies granted to an employee" that were the subject of the Act's exclusivity provision. West's A.I.C. 22-3-1-2. | Does a motion to dismiss for lack of subject matter jurisdiction present a threshold question concerning the trial court's power to act? | Pretrial Procedure - Memo # 6774 - C - KG.docx | ROSS-003316837 |
| All S. Mini Storage No. 2, Ltd. v. Woodcon Const. Servs., 205 Ga. App. 393 | 307A+690 | Trial court erred in dismissing defendants' counterclaim with prejudice for failure to appear at scheduled pretrial conference; although trial court has discretion to dismiss complaint or counterclaim for failure to appear, such dismissal does not operate as adjudication on merits, and thus dismissal must be without prejudice. O.C.G.A. S 9-11-41(b)(1). | Does a court have the discretion to dismiss the complaint in the event of a plaintiff's failure to appear? | 034481.docx | LEGALEASE-00143953-LEGALEASE-00143954 |
| Bosque v. Rivera, 135 So. 3d 399 | 307A+563 | Although District Court of Appeal reviews a dismissal for fraud on the court under an abuse of discretion standard, that standard of review is somewhat narrowed to take into account that the dismissal must be established by clear and convincing evidence. | "To obtain a dismissal for fraud on the court, should the movant prove his case by clear and convincing evidence?" | Pretrial Procedure - Memo # 6839 - C - SK.docx | LEGALEASE-00034525-LEGALEASE-00034526 |
| Chira v. Glob. Med. Review, 160 Misc. 2d 368 | 307A+554 | Improper venue is not a jurisdictional defect requiring dismissal of the action. | Is improper venue not a jurisdictional defect requiring dismissal of an action? | 034608.docx | LEGALEASE-00144091-LEGALEASE-00144092 |
| M.L. v. Eskenazi Health / Midtown Mental Health CMHC, 80 N.E.3d 219 | 13+6 | When a court is unable to render effective relief to a party, the case is deemed moot and usually dismissed. | Should moot cases be dismissed? | Pretrial Procedure - Memo # 7347 - C - SK.docx | ROSS-003302124-ROSS-003302125 |
| Sadler v. Creekmur, 354 Ill. App. 3d 1029 | 307A+552 | An action will be dismissed as moot once the plaintiff has secured what was originally sought. | Will an action be dismissed as moot once the plaintiff has secured what was originally sought? | 035409.docx | LEGALEASE-00144997-LEGALEASE-00144998 |
| State ex rel. Seaboard Air Line R. Co. v. Gay, 160 Fla. 445 | 371+2445 | Obligation to pay taxes is purely statutory, and taxes can be levied, assessed, and collected only in express method pointed out by statute, and statute may not be construed to impose a tax unless its terms definitely so provide. | Is payment of taxes a statutory liability on the owner of property? | 045688.docx | LEGALEASE-00144474-LEGALEASE-00144475 |
| Harsha v. City of Detroit, 261 Mich. 586 | 371+2005 | Generally, subject to constitutional restrictions, power of taxation is limited only by will of state as expressed in legislation. | Is the power of taxation limited by the will of state as expressed in legislation? | 045749.docx | LEGALEASE-00144389-LEGALEASE-00144390 |
| In re Frick's Estate, 277 Pa. 242 | 371+2005 | A tax can only be imposed by the state when it has either jurisdiction over the person or over his property. | Can a tax be imposed by the state only when it has either jurisdiction over the person or over his property? | Taxation - Memo # 774 - C - VA.docx | LEGALEASE-00034726-LEGALEASE-00034728 |
| Davis Plumbing Co. v. Burns, 967 So. 2d 94 | 413+2 | An action brought under the Alabama workers' compensation laws is purely statutory. | Is an action brought under the workers compensation laws purely statutory? | 048074.docx | LEGALEASE-00144147-LEGALEASE-00144148 |
| Rankin v. Allstate Ins. Co., 336 F.3d 8 | 25T+182(1) | The components of waiver of an arbitration clause by inaction are undue delay and a modicum of prejudice to the other side. | What are the components of waiver of an arbitration clause? | 007749.docx | LEGALEASE-00145077-LEGALEASE-00145078 |
| Sheridan v. Superior Court In & For Pinal Cty., 91 Ariz. 211 | 110+576(1) | Proceedings against accused brought in the superior court should have been dismissed upon accused's application, even though he was arrested under warrant issued by a superior court judge acting as magistrate, where no information was filed against accused within 30 days after he was held to answer for an offense, and no good cause for not dismissing the prosecution was shown by affidavit. 17 A.R.S. Rules of Criminal Procedure, rule 236. | "Does a justice of the peace, when exercising the powers of a magistrate, have equal authority with the justices of the Supreme Court and judges of the superior courts when acting in a similar capacity?" | 011146.docx | LEGALEASE-00146100-LEGALEASE-00146101 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Sorrow, 732 F.2d 176 | 164T+24(5) | Compulsion is not element in Hobbs Act prosecution of public official. 18 U.S.C.A. S 1951. | Is compulsion an element in a Hobbs Act prosecution of a public official? | Bribery - Memo #855 - C - LB.docx | ROSS-003290967-ROSS-003290968 |
| United States v. Mosberg, 866 F. Supp. 2d 275 | 63+6(1) | Indictment of defendant for honest services fraud sufficiently alleged quid pro quo bribery, where the indictment alleged the elements of honest services fraud, and apprised defendant of the sort of bribery scheme that had to defend against-favorable real estate deals in exchange for expediting or favorably resolving Planning Board matters and Township litigation. Fed.Rules Cr.Proc.Rule 7(c)(1), 18 U.S.C.A.; 18 U.S.C.A. S 1341. | "For purpose of jury instructions, can the word in return for sufficiently communicate the quid pro quo element of bribery?" | 012305.docx | LEGALEASE-00145635-LEGALEASE-00145636 |
| People v. Ramirez, 112 Cal. App. 507 | 67+3 | When burglary is predicated on an unlawful entry, a defendant must have had the intent to commit a crime other than criminal trespass at the time of entry; intent may be inferred from the circumstances of the entry. McKinney's Penal Law S 140.25(2). | Does burglary require proof of a crime other than trespass? | 012864.docx | LEGALEASE-00145523-LEGALEASE-00145526 |
| Mineral Policy Ctr. v. Norton, 292 F. Supp. 2d 30 | 260+92.5(1) | Provision of FLPMA requiring Bureau of Land Management (BLM) to prevent "undue or unnecessary degradation" of public lands required prevention of otherwise permissible mining operations that, although necessary for mining, would unduly harm or degrade public land. Federal Land Policy and Management Act of 1976, S 302(b), 43 U.S.C.A. S 1732(b). | Should the Bureau of Land Management (BLM) prevent undue degradation? | Mines and Minerals - Memo #232 - C - EBn++.docx | ROSS-003291099-ROSS-003291100 |
| Shea v. Nilima, 133 F. 209 | 260+12 | The fact that a mining claim is located by an alien does not render the location illegal or void, but, at most, it is only voidable at the instance of the government; and a subsequent declaration of intention to become a citizen by a locator, or one having an interest in the claim, prior to the inception of any adverse rights, relates back to the date of the location or acquisition of the alien's interest, and validates the transaction. | Are the location of a mining claim by an alien and all the rights following from such location voidable or void? | 021505.docx | LEGALEASE-00145056-LEGALEASE-00145057 |
| Beckman v. Farmer, 579 A.2d 618 | 289+950 | Winding up can be contemporaneous with dissolution when partners expressly or impliedly agree to transfer their shares of business to continuing partner; transfer is for sum which may include outgoing partner's percentage of profits from unfinished business earned before date of dissolution, and take form of agreed-upon accounting concurrent with dissolution. | Can winding up and settling of partnership affairs be contemporaneous with dissolution? | 022472.docx | LEGALEASE-00146376-LEGALEASE-00146377 |
| Bedford v. White, 106 Colo. 439 | 296+2 | A pension having no reasonable relation to public good is void as a mere "private grant", but a pension serving a present public purpose is not void as a mere private grant, even though, as an incident to the accomplishment of the public purpose, the recipients thereof may be personally benefited. | Does a grant of pension serve a public good or public purpose? | 022808.docx | LEGALEASE-00145368-LEGALEASE-00145369 |
| Hefferman v. Bass, 467 F.3d 596 | 170A+673 | The point of the notice pleading standard under the federal rules of procedure is that the plaintiff is not required to plead either facts or legal theories. Fed.Rules Civ.Proc.Rule 8(a), 28 U.S.C.A. | Does notice pleading require pleading of facts? | 023537.docx | LEGALEASE-00145450-LEGALEASE-00145451 |
| M Series Rebuild v. Town of Mount Pleasant, 222 N.C. App. 59 | 307A+554 | A motion to dismiss based on sovereign immunity is a jurisdictional issue. Rules Civ.Proc., Rule 12(b)(1, 2), West's N.C.G.S.A. S 1A-1. | Is a motion to dismiss based on sovereign immunity a jurisdictional issue? | Pretrial Procedure - Memo # 5859 - C - CK.docx | ROSS-003302444-ROSS-003302445 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Haddix v. Am. Zurich Ins. Co., 253 S.W.3d 339 | 307A+554 | If the pleadings affirmatively negate the existence of jurisdiction, dismissal is appropriate. | "If the pleadings affirmatively negate the existence of jurisdiction, is dismissal appropriate?" | Pretrial Procedure - Memo # 5876 - C - VP.docx | ROSS-003288109-ROSS-003288110 |
| Martinez v. Bank of New York Mellon, 198 So. 3d 911 | 266+1793 | Trial court's finding that mortgagor committed fraud on the court during testimony at foreclosure trial was not support by sufficient evidence, and therefore, striking of mortgagor's pleadings and entering default judgment against her during middle of trial was not warranted; trial court did not allow parties to conclude presentation of their respective cases, and did not make factual findings as to mortgagor's alleged lies and perjury in which she claimed that she never signed mortgage nor wrote letter stating that she had moved out of premises. | "While a trial court has the inherent power to impose sanctions on a party who destroys evidence or perpetrates a fraud on the court, should that power be exercised with great restraint?" | 034060.docx | LEGALEASE-00145166-LEGALEASE-00145167 |
| Tomlinson-McKenzie v. Prince, 718 So. 2d 394 | 307A+746 | Excluding the testimony of a witness is a harsh remedy which should be invoked sparingly. | Is excluding the testimony of a witness a harsh remedy which should be sparingly invoked? | 034090.docx | LEGALEASE-00145286-LEGALEASE-00145287 |
| Uthe v. Baker, 629 N.W.2d 121 | 307A+560 | District court must dismiss an action where service of process is insufficient. | "Should a district court dismiss the action, absent proper service of process or a waiver thereof?" | 034110.docx | LEGALEASE-00145340-LEGALEASE-00145341 |
| Flores v. Cooper Tire & Rubber Co., 218 Ariz. 52 | 307A+552 | The decision to dismiss a case based on mootness is largely discretionary. | "Is the decision to dismiss a case based on mootness, largely discretionary?" | Pretrial Procedure - Memo # 6672 - C - ES.docx | ROSS-003304891-ROSS-003304892 |
| Wilder v. Wilder, 146 N.C. App. 574 | 307A+581 | Three factors that the trial judge must address before dismissing claim for failure to prosecute are: (1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice. Rules Civ.Proc., Rule 41(b), G.S. S 1A-1. | "Under the rule of procedure governing dismissals of actions, can a claim be dismissed for one of three reasons?" | Pretrial Procedure - Memo # 6682 - C - SS.docx | ROSS-003288430-ROSS-003288431 |
| Davis v. DND/Fidoreo, 317 N.J. Super. 92 | 307A+560 | Dismissal of the action is the appropriate relief when there is a claim of improper service. | Is dismissal of the action appropriate relief when there is a claim of improper service? | 034670.docx | LEGALEASE-00145407-LEGALEASE-00145408 |
| Christianson By & Through Christianson v. Educ. Serv. Unit No. 16, 243 Neb. 553 | 307A+563 | Courts have inherent power to dismiss action for disobedience of court order. | Do courts have the inherent power to dismiss action for disobedience of a court order? | 034824.docx | LEGALEASE-00145993-LEGALEASE-00145994 |
| Kubel v. San Marco Floor & Wall, 967 So. 2d 1063 | 307A+563 | Circuit court has the inherent authority to dismiss a complaint for fraud. | Does a circuit court have the inherent authority to dismiss a complaint for fraud? | 10820.docx | LEGALEASE-00094105-LEGALEASE-00094106 |
| Fablok Mills v. Cocker Mach. & Foundry Co., 125 N.J. Super. 251 | 307A+563 | Where noncompliance with rules can be remedied by other measures, dismissal ordinarily will not be required. R. 4:23-5. | "Where noncompliance with rules can be remedied by other measures, will dismissal ordinarily not be required?" | 035155.docx | LEGALEASE-00145748-LEGALEASE-00145749 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Meadow Fresh Farms v. Utah State Univ. Dep't of Agric. & Applied Sci., 813 P.2d 1216 | 307A+596 | Corporation failed to establish excusable neglect for its failure to prosecute sufficient to demonstrate that it was abuse of discretion for trial court to deny corporation's motion to set aside judgment dismissing action for failure to prosecute; while corporation claimed that lack of communication with counsel resulted in confusion as to counsel's continued representation which resulted in counsel's nonappearance at order to show cause hearing, action based on same facts had previously been dismissed for failure to prosecute, and corporation offered no excuse for counsel's neglect in failing to attend hearing. Rules Civ.Proc., Rule 60(b). | Can a trial court dismiss an action pursuant to rule permitting dismissal for failure to prosecute? | 035167.docx | LEGALEASE-00145808-LEGALEASE-00145809 |
| Bert Cattle Co. v. Warren, 238 Neb. 638 | 307A+563 | Courts have the inherent power to dismiss an action for disobedience of a court order. | Do courts have inherent power to dismiss action for disobedience of a court order? | Pretrial Procedure - Memo # 7214 - C - SU.docx | LEGALEASE-00035875-LEGALEASE-00035876 |
| Brister v. Manville Forest Prod., 749 So. 2d 881 | 13+70 | Notice of deposition, served on adverse party, was a step in the prosecution, for purposes of abandonment, even though notice was not filed in the record. LSA-C.C.P. art. 561. | "Is any formal discovery a ""step"" in the prosecution that can preclude dismissal for abandonment?" | 035192.docx | LEGALEASE-00145752-LEGALEASE-00145753 |
| Cutler v. Nw. Suburban Cmty. Hosp., 405 Ill. App. 3d 1052 | 307A+46 | Trial court in medical malpractice action should have granted plaintiff's request to be held in contempt for failing to produce doctor, who authored physician's report, for a deposition rather than dismissing the plaintiff's complaint with prejudice; when the plaintiff filed his complaint, there was confusion over whether statute required the disclosure of the reviewing health professional's identity, and a contempt proceeding was the appropriate method of testing the correctness of discovery order. 735 ILCS 5/2-622 (2004 Bar Ed.) | Does a trial court have the inherent authority to dismiss a cause of action with prejudice for failure to comply with court orders? | Pretrial Procedure - Memo # 7283 - C - RY.docx | ROSS-003288642-ROSS-003288643 |
| Brown v. Diaz, 184 Ga. App. 409 | 307A+552 | Dismissal of frivolous action is appropriate to prevent abuse of process. | Is dismissal of frivolous action appropriate to prevent abuse of process? | Pretrial Procedure - Memo # 7285 - C - SHB.docx | LEGALEASE-00036000-LEGALEASE-00036001 |
| Duncan Pub. v. City of Chicago, 304 Ill. App. 3d 778 | 13+6 | A claim is "moot" when no actual controversy exists or events occur which make it impossible for a court to grant effectual relief. | Will actions be dismissed as moot once plaintiffs have secured what was originally sought? | Pretrial Procedure - Memo # 7309 - C - NS.docx | LEGALEASE-00036024-LEGALEASE-00036025 |
| Sadler v. Creekmur, 354 Ill. App. 3d 1029 | 307A+552 | An action will be dismissed as moot once the plaintiff has secured what was originally sought. | Will actions be dismissed as moot once plaintiffs have secured what was originally sought? | 035344.docx | LEGALEASE-00145814-LEGALEASE-00145815 |
| Johnson v. Allstate Ins. Co., 410 So. 2d 978 | 93+20 | A party may not ignore a valid order of court except at its peril. | Does a party ignore a valid order of court at its own peril? | 035350.docx | LEGALEASE-00145877-LEGALEASE-00145878 |
| Methodist Hosps. of Dallas v. Texas Workers' Comp. Comm'n, 874 S.W.2d 144 | 307A+552 | When cause becomes moot only proper judgment is one dismissing cause. | "When a cause becomes moot, is the only proper judgment one which dismisses the cause?" | 035365.docx | LEGALEASE-00146098-LEGALEASE-00146099 |
| Ronwin v. Piper, Jaffray & Hopwood, 113 Ill. App. 3d 687 | 307A+552 | A court has inherent power to protect itself from frivolous and vexatious litigation. | Does a court have inherent power to protect itself from frivolous and vexatious litigation? | Pretrial Procedure - Memo # 7344 - C - SHB.docx | ROSS-003290037-ROSS-003290038 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Howard v. Risch, 959 So. 2d 308 | 307A+226 | Even if trial court had an evidentiary basis on which to conclude that driver intentionally misrepresented his medical history in his deposition, a sanction of dismissal on the basis that driver perpetrated a fraud upon the court was not warranted in driver's personal injury action against two other motorists; driver revealed three minor accidents or injuries in his deposition, and there was no evidentiary support that the medical matters driver failed to disclose made any difference to the case. | "For the trial court to properly exercise its discretion to dismiss a claim for fraud on the court, should there be an evidentiary basis to dismiss the case?" | 035477.docx | LEGALEASE-00146020-LEGALEASE-00146021 |
| Port Auth. of Allegheny Cty. v. Div. 85, Amalgamated Transit Union, 34 Pa. Cmwlth. 71 | 307A+552 | A recognized exception to the doctrine that a case will be dismissed if at any stage of the judicial process it is rendered moot is illustrated by cases in which technically moot issues are nevertheless decided on the merits because they are of a recurring nature, capable of repeatedly avoiding review, and involve issues of important public interest. | Will a case be dismissed if at any stage of the judicial process it is rendered moot? | Pretrial Procedure - Memo # 7403 - C - SJ.docx | ROSS-003290059-ROSS-003290060 |
| Hill v. Roberts, 142 Tenn. 215 | 371+2005 | No constitutional restriction upon a state's power to tax will be inferred. | Can any constitutional restriction upon a state's power to tax be inferred? | 045805.docx | LEGALEASE-00145938-LEGALEASE-00145939 |
| People ex rel. Stafford v. Travis, 231 N.Y. 339 | 371+2005 | The authority of a state to lay a tax is dependent on jurisdiction of the subject of the tax, and so as far as it affects a nonresident doing business in the state its jurisdiction is over the business done by him in the state. | Is the authority of a state to lay a tax dependent on jurisdiction of the subject of the tax? | 045859.docx | LEGALEASE-00146279-LEGALEASE-00146280 |
| N. Carolina Chiropractic Ass'n v. Aetna Cas. & Sur. Co., 89 N.C. App. 1 | 413+2 | Workers' Compensation Act does not take away common-law rights that are unrelated to employer-employee relationship. G.S. S 97-1 et seq. | Does the Act take away common law rights that are unrelated to the employer-employee relationship? | 11472.docx | LEGALEASE-00094029-LEGALEASE-00094030 |
| Carraway v. City of Alexandria, 693 So. 2d 314 | 307A+590.1 | Filing of amended petition is "step" which precludes dismissal for abandonment, if amended petition is more than restatement of original petition. LSA-C.C.P. art. 561. | "Is filing of an amended petition a ""step"" which precludes dismissal for abandonment?" | Pretrial Procedure - Memo # 7908 - C - PC.docx | ROSS-003300292-ROSS-003300293 |
| Edwards v. Hanger, 197 So. 3d 993 | 307A+581 | No wrongful motive or intent is necessary to show willful conduct that warrants the dismissal of an action for failure to prosecute. Rules Civ.Proc., Rule 41(b). | Is a wrongful motive or intent necessary to show willful conduct? | Pretrial Procedure - Memo # 7604 - C - BP.docx | ROSS-003326786 |
| Merchants Nat. Bank of Mobile v. Commonwealth Life Ins. Co., 32 Ala. App. 509 | 34+20.10(2) | Induction into the armed forces is completed upon acceptance by the government of the draftee. | Is induction into the armed forces completed upon acceptance by the government of the draftee? | Armed Services - Memo 311 - RK_57620.docx | ROSS-003283754 |
| United States v. Hall, 424 F. Supp. 508 | 63+3 | Both giver and taker of bribe may be charged as coconspirators to violate Travel Act. 18 U.S.C.A. S 1952. | Can giver and taker of bribe be charged as co-conspirators to violate Travel Act? | 09947.docx | LEGALEASE-00095379-LEGALEASE-00095380 |
| Com. v. Dowe, 315 Mass. 217 | 63+3 | The words "executive officer", within statute relating to the request or acceptance by executive officer of a bribe, refers to an officer of the executive branch of the state government, and not to a municipal officer having executive duties. G.L.(Ter.Ed.) c. 268, S 8 (M.G.L.A.). | "To whom do the words ""executive officer"" refer to in regards to bribery of an executive officer?" | 10776.docx | LEGALEASE-00094416-LEGALEASE-00094417 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Elsey, 81 Cal. App. 4th 948 | 67+9(1) | Term "other building," within the meaning of the burglary statute, is intended to expand the definition of burglary to cover structures beyond those listed; it was not meant to bar multiple counts of burglary based on multiple entries into separate offices, apartments, or rooms, simply because they happen to be inside a larger structure. West's Ann.Cal.Penal Code S 459. | Can a room within a building be subject to burglary? | Burglary - Memo 245 - SB_57622.docx | ROSS-003292646-ROSS-003292648 |
| Sassnett v. State, 838 So. 2d 650 | 110+1910 | Defense counsel's failure to delineate the elements of burglary of a dwelling or pursue lesser offenses, including that of burglary of a structure, prejudiced defendant, as element of ineffective assistance, in prosecution for burglary of dwelling, where record showed defendant burglarized detached garage, nothing in record disclosed that it was enclosed by a fence, and burglary of detached garage not enclosed together with home by fence did not constitute burglary of dwelling under statute in effect at time. U.S.C.A. Const.Amend. 6. | Is burglary of a detached garage a burglary of a dwelling? | Burglary - Memo 254 - SB_57632.docx | ROSS-003321871-ROSS-003321875 |
| In re Amber S., 33 Cal. App. 4th 185 | 67+4 | "Building" under California's burglary statute is any structure that has walls on all sides and is covered by roof; "walls" can take various forms and need not reach roof, but they must act as significant barrier to entrance without cutting or breaking. West's Ann.Cal.Penal Code S 459. | Do building structures under burglary law require four walls and a roof? | 013006.docx | LEGALEASE-00147872-LEGALEASE-00147875 |
| Henderson v. C-K, 261 Or. 15 | 200+175 | Obedience is required only to stop signs installed or authorized by public bodies or officials. ORS 483.138. | Is a person required to obey only stop signs installed by officials? | Highways -Memo 174-IS_57470.docx | ROSS-003291951-ROSS-003291952 |
| Parker v. Standard Oil Co. of Kan., 250 S.W.2d 671 | 260+56 | A mineral lease is the conveyance of a determinable fee interest in land. | Is a mineral lease the conveyance of a determinable fee interest in land? | Mines and Minerals - Memo #285 - C - CSS.docx | LEGALEASE-00036935-LEGALEASE-00036936 |
| Morton v. Solambo Copper Mining Co., 26 Cal. 527 | 260+26 | If a discoverer of a mineral lode locates the same in accordance with the mining customs of the district, by placing upon the lode a notice that he and certain others (giving their names) claim the same for themselves, and enters upon and works the same thereunder, such location and entry give such other parties a vested right as tenants in common in said lode, although they do not know that the location has been made in their names; and the discoverer cannot divest such rights of the others without their consent, by taking away the notice and putting another in its place, with other names in it. | Can a person locate a mining claim for others? | 021576.docx | LEGALEASE-00147754-LEGALEASE-00147755 |
| Rush v. French, 1 Ariz. 99 | 260+25 | Failure of a mining locator to comply with the local miners' rules, under which the location was made, does not work a forfeiture, unless the rules themselves so provide. | Can a failure to comply with the local mining rules and customs work a forfeiture? | Mines and Minerals - Memo #296 - C - EB_57488.docx | ROSS-003296500-ROSS-003296501 |
| Smith v. U.S. Shipping Bd. Emergency Fleet Corp., 2 F.2d 390 | 296+7 | Soldiers' pensions being mere gratuities which may be withdrawn at will, Congress may impose such limitations as it deems desirable, as regards judicial review of administrator's decisions. 38 U.S.C.A. S 705. | Can congress impose limitations on the granting of pensions? | 022844.docx | LEGALEASE-00147846-LEGALEASE-00147847 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| U.S. v. Brown, 364 F.3d 1266 | 296+13 | It is a violation of Rev.St.U.S. S 5485, 38 U.S.C.A. S 112, which forbids any agent or attorney or other person instrumental in prosecuting any claim for pension directly or indirectly to contract for, demand, receive, or retain any greater compensation for his services than $25, to contract to render such services for more than $25; to demand more than that sum for such services after rendering them without a contract; to retain more than that sum out of the check sent to the pensioner; or to receive more than that sum in pursuance of any agreement, direct or indirect, express or implied, or of any legal or moral obligation; but it is not a violation of the section to receive more than $25 for such services, wholly as a gratuity, and without demand. | Does receiving pension benefits from a pensioner as compensation violate pension laws? | 022862.docx | LEGALEASE-00147954-LEGALEASE-00147955 |
| Kissman v. Bendix Home Sys., 587 S.W.2d 675 | 302+72 | A prayer for relief must be consistent with facts stated as basis for relief; accordingly, only relief consistent with theory of claim reflected in petition may be granted under a general prayer. | Should a prayer be consistent with the facts stated as a basis for relief? | Pleading - Memo 452 - RMM_57501.docx | ROSS-003283149-ROSS-003283150 |
| Anderson v. Anderson, 196 N.W.2d 727 | 307A+563 | Involuntary dismissal is drastic sanction which should be utilized only in extreme situations. | Is involuntary dismissal a drastic sanction which should be utilized only in extreme situations? | 09622.docx | LEGALEASE-00095770-LEGALEASE-00095771 |
| Harris Cty. v. Gambichler, 479 S.W.3d 514 | 307A+690 | A dismissal for want of prosecution is not a determination on the merits, and therefore dismissal with prejudice in such circumstances is improper. Tex. R. Civ. P. 165a(1). | Is a dismissal for want of prosecution a determination on the merits? | 035704.docx | LEGALEASE-00147247-LEGALEASE-00147248 |
| Juengain v. Tervalon, 223 So. 3d 1174 | 307A+581 | An action may be dismissed as abandoned under the abandonment statute only without prejudice. La. Code Civ. Proc. Ann. art. 561. | Can an action be dismissed as abandoned under the abandonment statute only without prejudice? | Pretrial Procedure - Memo # 7693 - C - SK.docx | ROSS-003286526-ROSS-003286527 |
| Tillett Bros. Const. Co. v. Dep't of Transp., 210 Ga. App. 84 | 307A+590.1 | It is not necessary for order to advance or resolve litigation matter for order to be "order" within meaning of statute pursuant to which action is subject to automatic dismissal when no written order is taken for period of five years. O.C.G.A. S 9-2-60(b). | Is it not necessary for an order to advance or resolve a litigation matter? | Pretrial Procedure - Memo # 7718 - C - NE.docx | ROSS-003300045-ROSS-003300046 |
| Cotter v. Dias, 130 A.3d 164 | 307A+581 | A mere delay is not enough to warrant a dismissal for lack of prosecution. Superior Court Rules Civ.Proc., Rule 41(b). | Is a mere delay enough to warrant a dismissal for lack of prosecution? | 11204.docx | LEGALEASE-00094669-LEGALEASE-00094670 |
| Clemons v. Nissan N. Am., 2013 IL App (4th) 120943 | 307A+561.1 | A party moving for involuntary dismissal based on certain defects or defenses has the burden of proof on the motion and the concomitant burden of going forward. S.H.A. 735 ILCS 5/2-619(a). | Will a party moving for involuntary dismissal have the burden of proof on the motion? | 036217.docx | LEGALEASE-00147531-LEGALEASE-00147532 |
| U.S. ex rel. Barile v. Murff, 116 F. Supp. 163 | 361+1598 | Legislation affecting aliens is not invalid merely because it is retrospective in operation. U.S.C.A.Const. art. 1, S 9; Amend. 5; Immigration and Nationality Act, S 241(a)(4), (b), 8 U.S.C.A. S 1251(a)(4), (b). | Is legislation affecting aliens invalid merely because it is retrospective in operation? | Aliens_Immigration and_12a3lJlI0StcBk4cCNcoNaMBO56UY92Sy.docx | ROSS-000000282-ROSS-000000283 |
| Katris v. Immigration & Naturalization Serv., 562 F.2d 866 | 24+459 | Illegality of arrest of alien would not bar deportation proceedings or void deportation order based on alien's admission at deportation hearing of his illegal status in this country. Immigration and Nationality Act, SS 101 et seq., 106(a), 212(a)(20), 241(a)(1), 244(e), 264(e), 287(a)(2), 8 U.S.C.A. SS 1101 et seq., 1105a(a), 1182(a)(20), 1251(a)(1), 1254(e), 1304(e), 1357(a)(2). | Does a defect or irregularity in arrest of an alien invalidate a deportation proceeding? | Aliens_Immigration and_17kI2ugOH9r0QnuFjl8JHPI_UjgBp5weZ.docx | ROSS-000000284-ROSS-000000285 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| DeGroff v. MascoTech Forming Techs.-Fort Wayne, 179 F. Supp. 2d 896 | 25T+133(2) | Exceptions to general rule, under Indiana law, that party to contract is bound by provisions regardless of whether party read provisions, did not apply to employee who signed documents at time of acceptance for full-time employment requiring arbitration of disputes; employer's urging that she sign documents so that notice could be given to payroll department did not constitute trickery, and prospective employee had no relation of trust or confidence with employer justifying her signing of documents without reading them. | Do courts consider an arbitration agreement invalid if a party to the agreement argues lack of time to read the arbitration agreement before signing? | Alternative Dispute Resolution - Memo 753 - RK_58086.docx | ROSS-003282456-ROSS-003282458 |
| Collins & Aikman Prod. Co. v. Bldg. Sys., 58 F.3d 16 | 25T+137 | Arbitration clause which submitted to arbitration any claim or controversy arising out of or relating to the agreement was the paradigm of a broad arbitration clause. | What is the paradigm of a broad arbitration clause? | 007866.docx | LEGALEASE-00148915-LEGALEASE-00148916 |
| Nicholas v. KBR, 565 F.3d 904 | 25T+182(2) | Widow of former employee prejudiced former employer by bringing suit alleging that employer's failure to pay life insurance proceeds breached severance agreement, as required to support finding of waiver of agreement's arbitration clause; delay in asserting clause was substantial, i.e. 10 months, was unexplained, and came only after significant progress in case, including removal to federal court, unsuccessful motion to remand, filing of answer, discovery requests, depositions, and opposing party's beginning preparation of its summary judgment motion. | "Where a party fails to demand arbitration and engages in pretrial activity inconsistent with intent to arbitrate, can the party opposing a motion to compel arbitration show that its position has been prejudiced?" | 007890.docx | LEGALEASE-00148951-LEGALEASE-00148953 |
| United States v. Fallon, 407 F.2d 621 | 34+20.6(6) | Exemptions from military service for conscientious objectors and ministers of religion are matters of legislative grace. Universal Military Training and Service Act, S 1 et seq. as amended 50 U.S.C.A. App. S 451 et seq.; U.S.C.A.Const. art. 1, S 8. | Is ministerial exemption a matter of legislative grace? | 008759.docx | LEGALEASE-00148820-LEGALEASE-00148821 |
| United States v. La Favor, 96 F.2d 425 | 34+73(1) | The pursuit of vocational training is inconsistent with the claim of "permanent disability" within the contemplation of a war risk policy. | Is the pursuit of vocational training inconsistent with the claim of permanent disability? | 008780.docx | LEGALEASE-00148840-LEGALEASE-00148841 |
| Cady v. Shepard, 12 Wis. 639 | 83E+801 | Where a promissory note is indorsed by the payee, and also by another party, the legal inference from the instrument itself, is that the payee is the first indorser. | Whether the payee is the first indorser? | 010564.docx | LEGALEASE-00148695-LEGALEASE-00148696 |
| Northwestern National Life Insurance Co. v. Laurel Federal Savings Bank, 979 F.2d 354 | 83E+452 | "Forged endorsement" under Maryland Uniform Commercial Code (UCC) is one made without actual, implied, or apparent authority. Md.Code, Commercial Law S 1-201(43). | What is a forged endorsement? | Bills and Notes-Memo 474- PR.docx | LEGALEASE-00038158-LEGALEASE-00038159 |
| United States v. Ollison, 555 F.3d 152 | 146+21 | Plain language of statute prohibiting theft or bribery by agent of organization receiving federal funds does not distinguish between "high-level" and "low-level" employees. 18 U.S.C.A. S 666(a)(1), (d)(1). | Does the federal bribery statute distinguish between different types of employees? | 012023.docx | LEGALEASE-00148147-LEGALEASE-00148148 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| U.S. v. Jackson, 904 F. Supp. 118 | 282+174(1) | In prosecution for corruptly endeavoring to influence and impede petit jurors, court properly instructed jury as to essential elements by instructing that, to find guilt, jury must find that defendant contacted specific jurors who had been selected to serve on panel from which petit jurors were to be selected in pending criminal action, that jurors must find that by such contact defendant endeavored to influence and impede such prospective jurors in discharge of their duties as members of the jury and that jury must find that defendant's actions were done corruptly. 18 U.S.C.A. S 1503. | Can a person be convicted for endeavoring to corruptly influence a petit juror even though the person being influenced was not yet selected or sworn? | 012406.docx | LEGALEASE-00148538-LEGALEASE-00148539 |
| United States v. Condon, 170 F.3d 687 | 110+392.32(7) | Criminal statute penalizing whoever gives, offers, or promises anything of value for or because of testimony does not require exclusion of evidence obtained through promise of immunity or lowered sentence, as statute creates neither private right of action nor rule of evidence and, in any event, statute is not violated by such conduct because forgoing criminal prosecution, or securing a lower sentence, is not a "thing of value" within meaning of statute. 18 U.S.C.A. S 201(c)(2). | Could payment of a debt to society by providing testimony be a different animal even as cancellation of a private debt is a thing of value in the statutory sense? | 012407.docx | LEGALEASE-00148540-LEGALEASE-00148541 |
| Hemi Grp. v. City of New York, N.Y., 559 U.S. 1 | 319H+62 | Assuming that alleged violation of Jenkins Act by out-of-state online seller of cigarettes, in failing to file a report with the State listing the name, address, and quantity of cigarettes purchased from online seller by state residents, could constitute a predicate offense under the Racketeer Influenced and Corrupt Organizations Act (RICO), such violation was not proximate cause of city's alleged injury from loss of tax revenues based on failure of city residents to pay city's use tax for their cigarette purchases from online seller, as required for a RICO civil claim based on the plaintiff being injured in his business or property by reason of a RICO predicate offense, because the conduct directly causing the harm to city, i.e., cigarette purchasers' failure to pay use taxes to city, was distinct from the conduct giving rise to the alleged predicate acts of fraud, i.e., the online seller's failure to file Jenkins Act reports with the State. (Per Chief Justice Roberts, with three Justices concurring and one Justice concurring in part and concurring in the judgment.) Jenkins Act, S 1 et seq., 15 U.S.C.A. S 375 et seq.; 18 U.S.C.A. SS 1962(c), 1964(c); N.Y.McKinney's Tax Law S 471(2). | What is the compensable injury flowing from a Racketeer Influenced and Corrupt Organizations Act violation? | 012437.docx | LEGALEASE-00148258-LEGALEASE-00148259 |
| United States v. Kemmel, 188 F. Supp. 736 | 63+1(1) | Under statute prohibiting the promising, offering or giving of money to a government officer or employee with intent to influence him in the discharge of his lawful duties, an actual tender of the bribe is not necessary to perfect the offense, but mere acts of preparation will not suffice. 18 U.S.C.A. S 201. | Are mere acts of preparation enough to suffice for a charge of bribery? | 012462.docx | LEGALEASE-00148640-LEGALEASE-00148641 |
| State v. Conn, 420 So. 2d 1123 | 67+6 | It is not necessary for a person to be present in the house at the time of the burglary in order to satisfy the "inhabited dwelling" requirement of the burglary statute. LSA-R.S. 14:62.2. | Is it necessary for the building to be occupied to constitute burglary? | 013016.docx | LEGALEASE-00148794-LEGALEASE-00148795 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Compton v. State, 607 S.W.2d 246 | 234+7 | Three ways that ownership of stolen property may be alleged are that named individual had title to the property, possession, or a greater right to possession than defendant, and greater right to possession theory does not apply only in cases where both owner and actor have joint interests in the property; overruling McGee v. State, 572 S.W.2d 723. V.T.C.A., Penal Code S 1.07(a)(24, 28). | How is the ownership of the burglarized premises proven? | 013040.docx | LEGALEASE-00148806-LEGALEASE-00148807 |
| Stottlemyer v. Crampton, 235 Md. 138 | 200+167 | Under right to use public roads, person may use highway for purpose of leading or driving cattle. Code 1957, art. 66C, S 467. | Can cattles be driven in public highway? | Highways -Memo 249-IS.docx | LEGALEASE-00038362-LEGALEASE-00038363 |
| Amoco Prod. Co. v. Guild Tr., 636 F.2d 261 | 260+55(5) | Under Wyoming law, reservation of "coal and other minerals" in 1909 railroad deed conveying surface of land grants from United States Government was unambiguous and included oil and gas, notwithstanding references to "mines" or "mining" in the reservation. | "Does the reservation of ""coal and other minerals"" include oil and gas?" | 021193.docx | LEGALEASE-00148238-LEGALEASE-00148239 |
| Skivolocki v. E. Ohio Gas Co., 38 Ohio St. 2d 244 | 260+55(6) | Right to strip mine is not incident to ownership of a severed mineral estate. | Is the right to strip mine incident to ownership of a mineral estate? | 021541.docx | LEGALEASE-00148679-LEGALEASE-00148680 |
| Welcome v. Jennings, 780 P.2d 1039 | 260+23(3) | In order to preserve exclusive right of possession and extraction of minerals from mining claim, locator must perform annual labor and record annual affidavit of labor. AS 38.05.210. | "Does a person acquire the exclusive right to possess and extract minerals by discovery, location, and recording?" | 021614.docx | LEGALEASE-00148173-LEGALEASE-00148174 |
| General Elec. Credit Corp. v. Stover, 708 S.W.2d 355 | 289+1145 | Under the Uniform Limited Partnership Act of 1967, a limited partner was without authority to act for or bind partnership or general partners. K.S.A. 56-101 to 56-151 (Repealed). | Does a limited partner have authority to act for or bind the partnership? | 022501.docx | LEGALEASE-00148949-LEGALEASE-00148950 |
| Argence v. Box Opportunities, 95 So. 3d 539 | 307A+581 | Dismissal of an action on grounds of abandonment may only be made without prejudice. LSA-C.C.P. arts. 561, 2129, 2164. | Can dismissal of an action on grounds of abandonment be made without prejudice? | 036579.docx | LEGALEASE-00148776-LEGALEASE-00148777 |
| Jaffe v. Heffner, 173 Cal. App. 2d 512 | 308+182 | An agent is presumed to have performed his duty of communicating knowledge or information to his principal. | Has an agent performed his duty by communicating knowledge or information to principal? | 041364.docx | LEGALEASE-00148550-LEGALEASE-00148551 |
| LaBombard v. Peck Lumber Co., 141 Vt. 619 | 413+2 | The right to workers' compensation is fully statutory, nonexisting except under the circumstances provided in the statute. | "Is the right to workers compensation wholly statutory, not existing except under the circumstances provided in the act?" | 048380.docx | LEGALEASE-00148240-LEGALEASE-00148241 |
| Matter of Johner, 643 P.2d 932 | 413+2 | Workers' compensation is a statutory responsibility and any change or addition to the law is a function of the legislature and not the courts. | Is workers compensation a statutory responsibility? | 048383.docx | LEGALEASE-00148250-LEGALEASE-00148251 |
| Commonwealth v. Hufnal, 185 Pa. 376 | 18+7 | Act June 26, 1895, P.L. 317, "An act to provide against the adulteration of food," though providing: "An article shall be deemed to be adulterated: * (a) In the case of food: * (3) if any valuable or necessary constituent or ingredient has been wholly or in part abstracted from it,"- does not authorize conviction of one who, under the description of "skimmed milk," sells milk from which the cream has been taken by separator process, known as the "centrifugal method," though thereby more cream is extracted than by the old-fashioned skimming process. | Is skimmed milk an exempting clause or not prohibited under adulteration? | 006545.docx | LEGALEASE-00149335-LEGALEASE-00149336 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| D.C. v. Lynham, 16 App. D.C. 85 | 198H+982 | It is no defense for a druggist who is prosecuted for selling an adulterated drug in violation of Act Cong. Feb. 17, 1898 (30 Stat. 246), relating the adulteration of foods and drugs in the District of Columbia, to show simply that he was at the time of sale, or of possession for sale, ignorant of the fact that the drug was adulterated, as he must know what he sells, or proposes to sell, and that it conforms to the standard prescribed by law. | Can a defendant take up a defense of ignorance of adulteration? | Adulteration- Memo 57-_1Uh9DiV52Gn6e9jraZO0BWvG-kYO4PNqO.doc | ROSS-000000139-ROSS-000000140 |
| State v. Smith, 10 R.I. 258 | 178+14 | An indictment charged defendant with willfully and unlawfully having in his possession with intent to sell and exchange, and with having for sale and exchange, certain watered milk. Held, that evidence of the possession of such milk by defendant's servant, with intent to sell or exchange the same, was not sufficient to convict defendant, without proof that the servant, in so possessing the milk, was acting for and in accordance with the will of the defendant, his master. | Will milk be adulterated if certain foreign substance are added? | Adulteration- Memo 58-IS_58590.doc | ROSS-003292442-ROSS-003292443 |
| United States v. Zenon, 182 F. Supp. 2d 211 | 34+40(5) | An individual may be convicted of violating statute prohibiting trespassing on a military installation in instances where the government does not own the property in question; when the government does not own the land, statute requires only that government demonstrate either a possessory interest in, or occupation or control of, the area reserved by the military. 18 U.S.C.A. S 1382. | Is government ownership of the property in question a requisite for a conviction under 18 U.S.C.  1382? | 008783.docx | LEGALEASE-00149762-LEGALEASE-00149763 |
| Ex parte Burson, 615 S.W.2d 192 | 34+101 | Veterans Administration benefits, unlike air force disability retirement benefits, are not divisible or assignable; they are not property. 38 U.S.C.A. S 3101. | Are Veterans Administration (VA) benefits divisible? | Armed Services - Memo 336 - RK_58609.docx | ROSS-003294404-ROSS-003294405 |
| Neely v. Comm'n for Lawyer Discipline, 302 S.W.3d 331 | 92+1228 | There are no constitutional rights to privacy affected by disclosure of banking records or in personal financial records. | Do financial records have a constitutional right to privacy? | 009649.docx | LEGALEASE-00149633-LEGALEASE-00149634 |
| Robinson v. Lair, 31 Iowa 9 | 83E+789 | In order to cast upon the plaintiff in an action upon a promissory note, or other written instrument, the burden of proving the genuineness of the signature of the maker or indorser thereof, the same must, under our present statute, chap. 28, laws of 1862, be denied under oath by the party whose signature it purports to be. It is accordingly held, that a denial by the maker of the genuineness of the signature of the indorser is not sufficient to throw such onus upon the plaintiff. | Till when shall a signature be deemed genuine and admitted? | Bills and Notes - Memo 777 -IS_58623.docx | ROSS-003296630-ROSS-003296631 |
| Coltharp v. Calcasieu-Marine Nat. Bank of Lake Charles, 199 So. 2d 568 | 83E+426 | Negotiable Instruments Law provision that, where an instrument, payable to bearer, is endorsed specially, it may nevertheless be further negotiated by delivery, has no application to instrument originally payable to order and subsequently converted to bearer paper by a blank endorsement. LSA-R.S. 7:9(5), 7:34, 7:40. | What happens when an instrument payable to bearer is endorsed specially? | Bills and Notes -Memo 977-DB.docx | LEGALEASE-00038984-LEGALEASE-00038985 |
| Elston v. Dewes, 28 Ill. 436 | 83E+675 | Prior to the act of the general assembly of 1861, Laws 1861, p. 119, days of grace could not be claimed by the maker of a note. | Did days of grace exist as a right prior to the passing of the act of 1861? | Bills and Notes -Memo 998-DB_58722.docx | ROSS-003296367-ROSS-003296368 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rountree v. Chowan Cty., 796 S.E.2d 827 | 184+22(1) | Retired tax administrator's purported reliance on county's representation that new position with county would not jeopardize his eligibility for retirement benefits was not justified, and thus did not support negligent misrepresentation claim; administrator did not make a reasonable inquiry into county's alleged representations and was not denied the opportunity to investigate, administrator was aware that the rules governing his benefits were available in the state employee retirement handbook and had consulted the handbook for other benefits information, and administrator did not consult with anyone else regarding his eligibility requirements before coming out of retirement and accepting the new position. | Does a plaintiff's negligence claim fail if he fails to make any independent investigation or fails to demonstrate he was prevented from doing so? | 014074.docx | LEGALEASE-00149851-LEGALEASE-00149852 |
| State v. Nesbitt, 79 Idaho 1 | 200+163(3) | Wicked, wilful or criminal intent to violate statute is not an essential ingredient of crime of obstructing a public road. I.C. S 18-3907. | Is intent essential in a crime of obstructing a public highway? | 019007.docx | LEGALEASE-00149293-LEGALEASE-00149294 |
| Goodwine v. Vermilion Cty., 271 Ill. 126 | 200+121 | Power of county board to aid in the construction of roads and bridges under County Law, S 57, S.H.A. ch. 34, S 57, held not limited or modified by Road and Bridge Act, S 126, S.H.A. ch. 121, S 134. | Does the county board have the power to aid in the construction of roads? | Highways -Memo 283 - DB_58544.docx | ROSS-003282507-ROSS-003282508 |
| Newell v. Cincinnati, N.O. & T.P. Ry. Co., 246 Ky. 628 | 371+2413 | Powers of fiscal court to levy tax are limited by statute, and must be strictly construed. | Can the fiscal court of a county levy taxes? | 019113.docx | LEGALEASE-00149509-LEGALEASE-00149510 |
| Jackson v. State Highway Dep't of Ga., 164 Ga. 434 | 200+103.1 | State highway board has large discretion in locating state-aid road, and should consider costs, difficulties, advantages and markets served in selecting route. Park's Ann.Code Supp.1922, S 828 (ppp). | Does the state highway board have discretion in locating a state-aid road? | Highways-Memo 224-ANM_58553.docx | ROSS-003283328-ROSS-003283329 |
| Gayon v. McCarthy, 252 U.S. 171 | 221+212 | Cr.Code, S 10, as amended by Act May 7, 1917, 18 U.S.C.A. S 22, as to hiring or retaining another to go outside the United States with intent to enlist in the service of a foreign people, uses "retain" as an alternative to "hire," and as meaning something different from the usual employment with payment in money; and one may be retained, in the sense of engaged, to render a service by a verbal promise, and by a prospect for advancement or payment in the future. | Is there a difference between retain and hire? | Neutrality Laws - Memo 28 - ANM.docx | LEGALEASE-00039207-LEGALEASE-00039208 |
| Gayon v. McCarthy, 252 U.S. 171 | 221+212 | Cr.Code, S 10, as amended by Act May 7, 1917, 18 U.S.C.A. S 22, as to hiring or retaining another to go outside the United States with intent to enlist in the service of a foreign people, uses "retain" as an alternative to "hire," and as meaning something different from the usual employment with payment in money; and one may be retained, in the sense of engaged, to render a service by a verbal promise, and by a prospect for advancement or payment in the future. | Do the terms retain and hire means the same? | Neutrality Laws - Memo 30- ANM_58557.docx | ROSS-003320780 |
| Perrin v. Keene, 19 Me. 355 | 289+956 | A power to one partner to settle the affairs of the partnership, after a dissolution, does not authorize him to contract debts in the name of the firm, so as to bind his copartners; and the fact that the contract is for the loan of money to pay the partnership debts makes no difference. | Does the power to settle and adjust the affairs of the partnership authorize the use of the partnership name for that purpose? | 022552.docx | LEGALEASE-00149891-LEGALEASE-00149892 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Nixon v. Summit Inv. Co., 186 S.W.3d 428 | 307A+581 | Although delay in prosecuting an action does not, of itself, justify dismissal for failure to prosecute, it is a factor to be considered. | "Does a delay in prosecuting an action, justify dismissal for failure to prosecute?" | Pretrial Procedure - Memo # 8026 - C - NS_58381.docx | ROSS-003311235 |
| Cotter v. Dias, 130 A.3d 164 | 307A+581 | A mere delay is not enough to warrant a dismissal for lack of prosecution. Superior Court Rules Civ.Proc., Rule 41(b). | Is mere delay enough to warrant dismissal for lack of prosecution? | Pretrial Procedure - Memo # 8043 - C - NS_58398.docx | ROSS-003283109-ROSS-003283110 |
| Smith v. SunTrust Bank, 554 B.R. 344 | 308+166(1) | In order to ratify an agreement, under North Carolina law, a party must have full knowledge of all material facts relative to the unauthorized transaction. | Is full knowledge required for ratification? | 041387.docx | LEGALEASE-00149843-LEGALEASE-00149844 |
| Citizens' Sav. & Loan Ass'n v. City of Topeka, 87 U.S. 655 | 371+2003 | The power to tax is the strongest and most pervading of all powers of government reaching directly or indirectly to all classes of the people. | Is the power to tax the strongest of all the powers of government? | Taxation - Memo # 843 - C - JL_58471.docx | ROSS-003308105-ROSS-003308106 |
| People v. Byrd, 285 Ill. App. 3d 641 | 3.77E+10 | Gravamen of offense of intimidation is the exercise of improper influence, the making of a threat with intent to coerce another. S.H.A. 720 ILCS 5/12-6(a). | What is the gravamen of the offense of intimidation? | Threats - Memo #47 - C - LB_60787.docx | ROSS-003319376-ROSS-003319377 |
| Allstate Ins. Co. v. Eagle-Picher Indus., 410 N.W.2d 324 | 413+9 | Rights afforded by Workers' Compensation Act are incidents of employment relationship and are contractual in nature. M.S.A. S 176.001 et seq. | Is the right to compensation contractual in nature? | Workers Compensation - Memo #525 ANC_58599.docx | ROSS-003283286-ROSS-003283287 |
| Urbina v. Homeview Lending Inc., 681 F. Supp. 2d 1254 | 172H+1584 | Generally, RESPA does not create express or implied private rights of action; a limited exception to this rule exists when a specific statutory provision mentions such a right. Real Estate Settlement Procedures Act of 1974, S 2 et seq., 12 U.S.C.A. S 2601 et seq. | Does RESPA create private right of action? | Consumer Credit - Memo 90 - PR_59094.docx | ROSS-003310514-ROSS-003310515 |
| Bloom v. Martin, 865 F. Supp. 1377 | 172H+1584 | Amorphous goals of Real Estate Settlement Procedures Act (RESPA) of curbing abusive settlement practices in real estate industry did not translate into legislative intent to create private right of action for violation of RESPA section requiring disclosures by mortgage lenders at or prior to settlement. Real Estate Settlement Procedures Act of 1974, S 4, as amended, 12 U.S.C.A. S 2603. | Does RESPA create private right of action? | 013985.docx | LEGALEASE-00150728-LEGALEASE-00150729 |
| State v. Hale, 136 Tex. 29 | 405+2827 | The Minnesota state tax commission may, on proper showing, abate an assessment in proceedings to construct a county ditch; such assessment being "an assessment levied by a municipality for local improvements" within Gen.St.1913, S 1978, (M.S.A. S 270.07), which abatement may be made after ditch is established and assessment confirmed. | Can the municipal corporations be authorized to levy assessments for local improvements? | Highways -Memo 270 - DB_59040.docx | ROSS-003282516-ROSS-003282517 |
| Boyd v. Lane, 869 S.W.2d 305 | 302+53(2) | Express contract and implied contract may be pleaded in the alternative without the pleading being struck for insufficiency. | Can an express contract and an implied contract be pleaded in the alternative? | Pleading - Memo 489-RMM_59045.docx | ROSS-003296429-ROSS-003296430 |
| Stamatiou v. El Greco Studios, 898 S.W.2d 571 | 302+36(1) | Pleader is not admitting anything other than uncertainty when stating facts in alternative, but if alternative fact allegations are not based on genuine doubt, they may be considered admissions against interest. | "Is the pleader admitting anything other than uncertainty, when stating facts in the alternative?" | 023656.docx | LEGALEASE-00150290-LEGALEASE-00150291 |
| Pietrangelo v. Wilmer Cutler Pickering Hale & Dorr, LLP, 68 A.3d 697 | 307A+622 | A complaint must tender more than naked assertions devoid of further factual enhancement; in other words, factual allegations must be enough to raise a right to relief above the speculative level. Civil Rule 8(a)(2). | Should a complaint tender more than naked assertions devoid of further factual enhancement? | 036668.docx | LEGALEASE-00150129-LEGALEASE-00150130 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Schmidt v. Mahoney, 659 N.W.2d 552 | 307A+624 | An order granting a motion to dismiss for failure to state a claim may only be upheld if the petition on its face fails to set forth facts upon which relief could be granted under any circumstances. | "On a pre-trial motion to dismiss, can the trial court dismiss only if the pleading on its face fails to state a claim?" | Pretrial Procedure - Memo # 8213 - C - SKG.docx | LEGALEASE-00040101-LEGALEASE-00040102 |
| Otte v. Edwards, 370 S.W.3d 898 | 307A+679 | When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court of Appeals applies the following standard of review: A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition; it assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom; and no attempt is made to weigh any facts alleged as to whether they are credible or persuasive, instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. | "In order to avoid dismissal for failure to state a cause of action, should a petition invoke substantive principles of law entitling plaintiff to relief?" | Pretrial Procedure - Memo # 8328 - C - KI_58841.docx | ROSS-003294591-ROSS-003294592 |
| Ingels v. Riley, 5 Cal. 2d 154 | 371+2001 | Character of tax must be ascertained by its incidents and from natural and legal effect of language employed in taxing statute. | How should the character of tax be ascertained? | 045972.docx | LEGALEASE-00150212-LEGALEASE-00150213 |
| Dep't of Nat. Res. of State of Wash. v. Marr, 54 Wash. App. 589 | 411+6 | Legislature's intent in enacting the Forest Practices Act was to foster the commercial timber industry while protecting the environment. West's RCWA 76.09.010. | What is the purpose of Forest Practices Act (FPA)? | 047573.docx | LEGALEASE-00150540-LEGALEASE-00150541 |
| Stoltz v. Aurora Loan Servs., 194 So. 3d 1097 | 83E+426 | An indorsement in blank is sufficient to prove that the person in possession of the note is its holder. | What is sufficient to prove that the person in possession of the note is its holder? | Bills and Notes- Memo 1077- ANM_59394.docx | ROSS-003320199-ROSS-003320200 |
| Bank of Indian Territory v. First Nat. Bank, 109 Mo. App. 665 | 83E+429 | An indorsement on a draft by a bank to whom it is made payable as follows, "Pay to any bank or banker or order," is an indorsement for collection, and not a transfer of the title of the draft. | "Is pay to any bank or banker an indorsement for collection and that such an indorsement, under the general rule did not transfer title?" | 010790.docx | LEGALEASE-00151367-LEGALEASE-00151368 |
| Gibson v. Spikes, 143 Ark. 270 | 200+121 | The Legislature has the power to levy road improvement assessments subject only to the right of the owner to have an arbitrary abuse of that power reversed by the courts. | Are the assessments levied by the legislature subjected to the rights of the landowner? | 019160.docx | LEGALEASE-00151006-LEGALEASE-00151007 |
| Matthews v. Simmons, 589 S.W.2d 156 | 302+20 | Pleadings can be in the alternative, and a petition using the term "and/or" is not too indefinite to state a claim upon which relief can be granted. | Can pleadings be in the alternative? | 023674.docx | LEGALEASE-00151323-LEGALEASE-00151324 |
| Mechanics' Bank of Alexandria v. Bank of Columbia, 18 U.S. 326 | 308+92(1) | The liability of the principal depends on whether the act of his agent was done in the exercise and within the limits of the powers delegated. The profession on their face that an agent's acts were in the exercise of his agency does not give them their validity. | What does the liability of the principal depend on? | Principal and Agent - Memo 165 - KC_59447.docx | ROSS-003281671-ROSS-003281672 |
| Kasson v. Noltner, 43 Wis. 646 | 308+92(1) | A principal is responsible for the act of his agent when he has either given the agent authority to do the act, or justified the party dealing with the agent in believing that the latter had such authority. | When is a principal responsible for the acts of the agent? | Principal and Agent - Memo 186 - KC_59467.docx | ROSS-003296542-ROSS-003296543 |
| In re Estate of Capuzzi, 470 Mich. 399 | 308+92(1) | A duly authorized agent has the power to act and bind the principal to the same extent as if the principal acted. | Does the agent have the power to act and bind the principal to the same extent as if the principal acted? | 041472.docx | LEGALEASE-00151329-LEGALEASE-00151330 |
| Matter of Reyes Compania Naviera S.A., 649 F. Supp. 789 | 25T+171 | Parties' intention to arbitrate can be determined not only by initial arbitration clause, but also by text of submission agreement. | How do courts determine the parties' intention to arbitrate? | 007951.docx | LEGALEASE-00151414-LEGALEASE-00151415 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Am. Sugar Ref. Co. v. The Anaconda, 138 F.2d 765 | 25T+176 | An arbitration agreement may be repudiated, waived, or abandoned by one or both of the parties to it. | "Can the parties to an arbitration agreement repudiate, waive or abandon it?" | 007978.docx | LEGALEASE-00151441-LEGALEASE-00151442 |
| Com. v. Wheeler, 205 Mass. 384 | 178+1 | Rev.Laws, c. 56, SS 56, 57, as amended by St.1908, c. 643, providing punishment for selling or having for sale milk below a certain standard of quality, is a proper exercise of the police power for the prevention of fraud and the promotion of the public health. | Will the quality of milk depend on food that cows are fed? | Adulteration- Memo 61-_1ShT4GLCrafje4H8JYP6RZ486MD-ClqTD.docx | ROSS-000000145-ROSS-000000146 |
| Hunt's Ex'r v. Hall, 37 Ala. 702 | 8.30E+10 | A note executed in one state, and made payable in another, must bear interest according to the law of the latter state when no rate of interest is expressed. | Which law governs the interest payable on a note? | 009801.docx | LEGALEASE-00151622-LEGALEASE-00151623 |
| Collinwood Shale, Brick & Supply Co. v. Binder, 60 Ohio App. 2d 91 | 172H+1349 | All possible security interests which are retained or could be acquired in consumer's residence in any consumer credit transaction must be clearly explained to consumer in separate statement in order to comply with requirement of "meaningful disclosure" under federal Truth in Lending Act. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Does the consumer have the right to rescind credit transactionin which a security interest is or will be retained or acquired in a consumer's home? | 013876.docx | LEGALEASE-00151554-LEGALEASE-00151555 |
| Sims v. First Consumers Nat. Bank, 303 A.D.2d 288 | 360+18.19 | Regulation Z, which is derived from the federal Truth in Lending Act and which requires that consumer disclosures be clearly and conspicuously in writing, does not preempt state consumer protection law. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq.; 12 C.F.R. S 226.5. | Is Regulation Z derived from the federal Truth in Lending Act? | 013898.docx | LEGALEASE-00151588-LEGALEASE-00151589 |
| Chamness v. Mays, 2014 IL App (5th) 130381 | 200+79.1 | "Abandonment" of a road will be found only where the public has acquired the legal right to another road, or where the necessity for another road has ceased to exist. | How can the abandonment of a road be found? | Highways - Memo 298 - RK_59591.docx | ROSS-003309953-ROSS-003309954 |
| Burke Cty. v. Askin, 291 Ga. 697 | 200+79.1 | County had discretion to abandon road and trial court's role was limited to review of any such exercise of that discretion. | Does a County have discretion to abandon roads? | Highways - Memo 301 - RK_59594.docx | ROSS-003295769-ROSS-003295770 |
| Field v. Webber, 132 Me. 236 | 200+172 | Driving to left of middle of road which clear vision discloses unobstructed is not necessarily evidence of negligence. Rev.St.1930, c. 29, SS 2, 70-72, 74. | Is driving on the left negligent? | Highways - Memo 308 - RK_59601.docx | ROSS-003278516-ROSS-003278517 |
| In re Smith Barney, 975 S.W.2d 593 | 296+10 | A pension under Acts 1889, c. 198, is for future support of the pensioner, and not to reimburse him, and therefore a pension warrant issued after death of pensioner does not belong to his estate, but should be returned for cancellation. | Does a pension warrant issued after death of pensioner belong to the pensioners estate? | 022881.docx | LEGALEASE-00151564-LEGALEASE-00151565 |
| M.S.P.C. v. U.S. Cust. and Border Protec., 60 F. Supp. 3d 1156 | 24+397 | The scope of judicial review of expedited orders of removal is extremely narrow. Immigration and Nationality Act, S 235(b)(1), 8 U.S.C.A. S 1225(b)(1). | Is the scope of judicial review of orders of removal narrow? | 006882.docx | LEGALEASE-00152560-LEGALEASE-00152561 |
| M.S.P.C. v. U.S. Cust. and Border Protec., 60 F. Supp. 3d 1156 | 24+397 | The scope of judicial review of expedited orders of removal is extremely narrow. Immigration and Nationality Act, S 235(b)(1), 8 U.S.C.A. S 1225(b)(1). | Is the scope of judicial review of orders of removal narrow? | "Aliens, Immigration and Citizenship - Memo 43 - RK_60129.docx" | ROSS-003282794-ROSS-003282795 |
| Bank Josephine v. Conn, 599 S.W.2d 773 | 349A+240 | In action for deficiency judgment secured party, rather than debtor, had burden of proving that it acted with commercial reasonableness in holding and disposition of collateral. KRS 355.9-504. | Who has the burden to prove the commercial reasonableness of an act under a contract? | 010277.docx | LEGALEASE-00152315-LEGALEASE-00152316 |
| Kagan v. Wattendorf& Co., 294 Mass. 588 | 38+31 | Valid assignment may be made by any words or acts which fairly indicate intention to make assignee the owner of the claim. | Is it compulsory to have written assignment? | 010280.docx | LEGALEASE-00152351-LEGALEASE-00152352 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bishoff v. Fehl, 345 Pa. 539 | 309+190(1) | On payment of note by surety, and not until such payment, surety may maintain common law action of "indebitatus assumpsit". | When can a surety maintain an action of indebitatus assumpsit? | 010706.docx | LEGALEASE-00152600-LEGALEASE-00152601 |
| Gidden Motor Co. v. Johnston, 155 Miss. 328 | 83E+418 | Nonnegotiable instruments which partake of nature of commercial paper are assignable by indorsement and delivery. | Can nonnegotiable instruments be assigned by indorsement and delivery? | 010749.docx | LEGALEASE-00152453-LEGALEASE-00152454 |
| Chase Plaza Condo. Ass'n v. JPMorgan Chase Bank, N.A., 98 A.3d 166 | 83E+659 | An indorsement in blank usually makes an instrument payable to the bearer and transfers with it legal title to security attached to the instrument. D.C. Official Code, 2001 Ed. SS 28:3-205, 28:3-301. | What is indorsement in blank or blank indorsement? | Bills and Notes-Memo 1168-ANM_59667.docx | ROSS-003291953-ROSS-003291954 |
| Allen v. Beneficial Fin. Co. of Gary, 531 F.2d 797 | 172H+1342 | Disclosure form required under the Truth in Lending Act is for the borrower and must be presented in a conceptual framework a borrower can easily comprehend, and the subtractional method does not provide such a framework. Truth in Lending Act, S 121(a) as amended 15 U.S.C.A. S 1631(a); Truth in Lending Regulations, Regulation Z, S 226.6(a), 15 U.S.C.A. following section 1700. | In what way should a disclosure be presented? | Consumer Credit -Memo 140 -DB_59672.docx | ROSS-003282411 |
| Bone v. Hibernia Bank, 493 F.2d 135 | 172H+1346 | Bank's use of "Rule of 78's" for computing finance charge rebates, instead of actuarial method, did not constitute a prepayment penalty charge required to be disclosed. Truth in Lending Act, S 124, 15 U.S.C.A. S 1634. | Does a rebate calculated according to the Rule of 78's constitute a penalty charge for prepayment that must be disclosed? | Consumer Credit -Memo 28 -DB_60045.docx | ROSS-003310303-ROSS-003310304 |
| Rodrigues v. Members Mortg. Co., 323 F. Supp. 2d 202 | 172H+15(2) | The disclosure requirements of federal Truth in Lending Act (TILA) and Massachusetts Consumer Credit Cost Disclosure Act (CCCDA) are essentially the same and generally do not require separate analysis. Truth in Lending Act, S 125, 15 U.S.C.A. S 1635; M.G.L.A. c. 140D, S 1 et seq. | Does TILA and CCCDA require a separate analysis? | Consumer Credit -Memo 93 -SB_60171.docx | ROSS-003309441-ROSS-003309442 |
| Phipps v. United States, 126 Fed. Cl. 674 | 200+79.1 | Under Iowa law, in order to prove abandonment of a highway, actual acts of relinquishment accompanied by an intention to abandon must be shown. | What needs to be shown in order to prove abandonment? | Highways - Memo 239 - RK_60182.docx | ROSS-003309439-ROSS-003309440 |
| Stephens v. Dunn, 453 S.W.3d 241 | 30+3281 | When reviewing dismissals for failure to state a claim, the appellate court reviews the facts alleged in the plaintiff's petition, without any weighing of credibility or persuasiveness, to determine if they meet the elements of any recognized cause of action. | Does a review of a motion to dismiss for failure to state a cause of action assume that all of plaintiff's averments are true? | 037529.docx | LEGALEASE-00152124-LEGALEASE-00152125 |
| St. Clair Intermediate Sch. Dist.t v. Intermediate Educ. Ass'n/Michigan Educ. Ass'n, 458 Mich. 540 | 308+1 | Fundamental to the existence of an agency relationship is the right to control the conduct of the agent with respect to the matters entrusted to him. Restatement (Second) of Agency S 14. | Can a principal control the conduct of an agent? | 041505.docx | LEGALEASE-00152325-LEGALEASE-00152326 |
| McHarry v. Bowman, 274 Ill. App. 487 | 308+97 | A power of attorney should be so construed as to limit power to clear and obvious intent of agency therein created. | Should a Power of Attorney be strictly limited to intent of parties? | 042103.docx | LEGALEASE-00152291-LEGALEASE-00152292 |
| Horton v. Fulton, 130 Ga. 466 | 21+7 | On an interlocutory hearing for injunction, affidavits not "entitled in the cause," and which make no reference to the case or the court where the case is pending, are not admissible in evidence. | What is the consequence of affidavits not entitled in the cause? | Affidavits - Memo 53 - _1AVPphh1WQc4ul0ot30 6EHpwIF_NUEGd6.docx | ROSS-000000203-ROSS-000000204 |
| Proctor v. Home Tr. Co., 221 Mo. App. 577 | 83E+731(1) | Indorsement is unnecessary to convey title or enable holder to sue on note in his own name as real party in interest. | Is a written assignment necessary for the holder to sue in his own name? | Bills and Notes - Memo 841 - RK_60294.docx | ROSS-003293081-ROSS-003293082 |
| Jacobsen v. Bunker, 699 P.2d 1208 | 8.30E+10 | Legal effect of promissory notes is governed by the law of the jurisdiction where they are executed and delivered. | Are promissory notes governed by the law of the place where they are executed? | 009859.docx | LEGALEASE-00153578-LEGALEASE-00153579 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jacobsen v. Bunker, 699 P.2d 1208 | 8.30E+10 | Legal effect of promissory notes is governed by the law of the jurisdiction where they are executed and delivered. | Are promissory notes governed by the law of the place where they are executed? | Bills and Notes - Memo 898 - RK_60697.docx | ROSS-003306286-ROSS-003306287 |
| Jacobsen v. Bunker, 699 P.2d 1208 | 8.30E+10 | Legal effect of promissory notes is governed by the law of the jurisdiction where they are executed and delivered. | Are promissory notes governed by the law of the place where they are delivered? | Bills and Notes - Memo 899 - RK_60698.docx | ROSS-003284041-ROSS-003284042 |
| Howard v. Branner, 23 La. Ann. 369 | 8.30E+10 | A note executed in one state, and made payable in another, must bear interest according to the law of the latter state when no rate of interest is expressed. | Which law governs interest if a note is dated in one state and payable in another state? | Bills and Notes - Memo 905 - RK_60704.docx | ROSS-003281728-ROSS-003281729 |
| Fedewa v. J.P. Morgan Chase Bank, Nat. Ass'n, 921 F. Supp. 2d 504 | 8.30E+282 | Under Virginia law, notes are negotiable instruments that are freely transferable without impairment of the rights to subsequent holders. | Are notes negotiable instruments? | 009891.docx | LEGALEASE-00153631-LEGALEASE-00153632 |
| Smith v. Anderson, 70 Vt. 424 | 8.30E+10 | Where parties to a note, who lived in different states, did not contract with reference to the law of either state, the law of the place in which the contract was made would determine the right to recover; and hence a charge that whether or not the note had been paid might depend on whether the contract was made in one state or another is not erroneous. | Which law governs the right to recover? | 009897.docx | LEGALEASE-00153649-LEGALEASE-00153650 |
| Matter of McLeod, 158 B.R. 393 | 83E+481 | Although endorsement of order paper normally is prerequisite to transfer by negotiation, note can also be transferred by assignment. | Is it possible to transfer a note by assignment? | 009959.docx | LEGALEASE-00153722-LEGALEASE-00153723 |
| Diemar & Kirk Co. v. Smart Styles, 261 N.C. 156 | 172H+593 | Drawer of check has right at any time prior to acceptance by bank, to stop payment of check. | Does a drawer of a check has a right to stop its payment? | Bills and notes-memo 82-IS_60736.docx | ROSS-003284516-ROSS-003284517 |
| McGowan v. King, 569 F.2d 845 | 172H+1581 | There was no requirement that plaintiff himself be deceived in order to sue in public interest under Truth in Lending Act. Truth in Lending Act, S 130(a) as amended 15 U.S.C.A. S 1640(a). | Is it a requirement to be deceived in order to sue in the public interest? | Consumer Credit - Memo 92 - SB_60300.doc | ROSS-003324312-ROSS-003324313 |
| Esteban v. Cent. Missouri State Coll., 415 F.2d 1077 | 141E+990 | School has latitude and discretion in its formulation of rules and regulations and of general standards of conduct. | What discretion does a school have in its formulation of standards of conduct? | 017076.docx | LEGALEASE-00152953-LEGALEASE-00152954 |
| Florence Cty. Sch. Dist. Four v. Carter By & Through Carter, 510 U.S. 7 | 141E+863 | IDEA was intended to ensure that children with disabilities receive education that is both appropriate and free. Individuals with Disabilities Education Act, S 602(a)(18), as amended, 20 U.S.C.A. S 1401(a)(18). | What ensures appropriate education to children with disabilities? | Education - Memo#165 C-BR_60341.docx | ROSS-003281211-ROSS-003281212 |
| Anderson v. Nesbitt, 43 Ind. App. 703 | 28+53 | Owner of cows wrongfully allowing them to run at large on highway is not liable for injuries caused by horse frightened at the cows and running away; there being no special circumstances, such as allowing them to run at large during nighttime, or that they so obstructed the beaten part of highway that a horse would be frightened. | "Does an object in the highway in violation of statute, make the owner liable for damages resulting from fright which may have occasioned to horses ?" | 019138.docx | LEGALEASE-00153590-LEGALEASE-00153592 |
| State v. Jackson, 112 Wash. 2d 867 | 110+632(3.1) | General pleadings are to be liberally construed and where there is conflict between general and specific allegations of pleading, specific allegations control. | "Where there is a conflict between general and specific allegations of a pleading, will the specific allegations control?" | 023696.docx | LEGALEASE-00153382-LEGALEASE-00153383 |
| Bollen v. Woodhams, 68 Colo. 322 | 302+24 | A "sham pleading" is one good in form, but false in fact. | "Is a sham pleading one good in form, but false in fact?" | 023702.docx | LEGALEASE-00153257-LEGALEASE-00153258 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wallisville Corp. v. McGuinness, 154 So. 3d 501 | 30+3284 | An order dismissing a complaint for failure to state a cause of action is reviewed de novo. | "Should the party moving for dismissal for failure to state a cause of action admit all well pleaded facts as true, as well as reasonable inferences that can arise from those facts?" | Pretrial Procedure - Memo # 9083 - C - KI.docx | LEGALEASE-00043180-LEGALEASE-00043181 |
| Ellis v. Harland Bartholomew & Assocs., 1 Haw. App. 420 | 307A+581 | Where there has been a clear record of delay by the plaintiff, dismissal is properly granted. | Is a dismissal properly granted where there has been a clear record of delay by the plaintiff? | Pretrial Procedure - Memo # 9170 - C - KI_60481.docx | ROSS-003282990-ROSS-003282991 |
| In re Greenfield Direct Response, 171 B.R. 848 | 308+105(1) | Under Illinois law, agent who collects money on behalf of principal does not become owner of such money. | Does an agent who collects money on behalf of the principal become the owner of the money? | 041305.docx | LEGALEASE-00153163-LEGALEASE-00153164 |
| Florida-Georgia Chem. Co. v. Nat'l Labs., 153 So. 2d 752 | 308+39 | Revocation of agency becomes operative as to agent from time he has actual notice thereof, but notice to third parties will not effect revocation as to agent. | When is revocation effective or operative? | Principal and Agent - Memo 152 - SB_60771.docx | ROSS-003308035-ROSS-003308036 |
| Quint v. O'Connell, 89 Conn. 353 | 308+99 | The "apparent authority" of an agent is to be determined by the acts of the principal and not by the acts of the agent, the principal's liability being determined not merely by what was the apparent authority of the agent, but by what authority a third person, exercising reasonable care, was justified in believing principal had conferred upon the agent. | Can apparent authority be determined by the acts of the agents principal? | 041420.docx | LEGALEASE-00153692-LEGALEASE-00153693 |
| Michigan Employment Sec. Comm'n v. Patt, 4 Mich. App. 228 | 371+2001 | Essential characteristics of a "tax" are that it is not a voluntary payment or donation, but an enforced contribution, exacted pursuant to legislative authority. | What is the essential character of a tax? | 045996.docx | LEGALEASE-00153271-LEGALEASE-00153272 |
| State ex rel. Spelts v. Rowe, 108 Neb. 232 | 371+2001 | A tax law is a legislative enactment defining the measure of every man's duty in support of public burdens, and a tax thus imposed is not founded on contract, and does not establish the relation of debtor and creditor between the taxpayer and the state, and may be repealed or amended by a subsequent Legislature. | What are tax laws? | Taxation - Memo # 897 - C - JL_60604.docx | ROSS-003294173-ROSS-003294174 |
| Weaver v. Prince George's Cty., 281 Md. 349 | 371+2060 | "Property tax" is a charge on the owner of property by reason of his ownership alone without regard to any use that might be made of it. | What is property tax? | Taxation - Memo # 907 - C - JL_60612.docx | ROSS-003291908-ROSS-003291909 |
| Keane v. Annice Heygood Trevitt Support Tr., 285 Ga. App. 155 | 21+5 | An affidavit must be sworn to in person before a notary public or other officer empowered to administer oaths. | Is it necessary that the officer be empowered to administer oaths? | Affidavits - Memo 52 - _1Sp2AVpeWoeA6YxqDGFvlkPuCkNtrxbL-.docx | ROSS-000000201-ROSS-000000202 |
| Reyes v. Arco Wentworth Mgmt. Corp., 83 A.D.3d 47 | 21+18 | Absence of translator's affidavit, required of foreign language witnesses, renders a foreign language witness's English language affidavit facially defective and inadmissible. McKinney's CPLR 2101(b). | Should a translated affidavit be accompanied by an affidavit from the translator? | Affidavits - Memo 58 - _1fi4qqG94r0jYgtUdLgyMeDuvsd_Z6-Ng.docx | ROSS-000000212-ROSS-000000214 |
| Gorman v. Am. Honda Motor Co., 302 Mich. App. 113 | 228+185.1(6) | An unsworn, unsigned affidavit may not be considered by the trial court on a motion for summary disposition. MCR 2.116(C)(10). | Can an unsigned affidavit be considered by the court? | Affidavits - Memo 85 - _1jj1GN0pIMUYCPtKuUpt0G5V3JdPlEWXS.docx | ROSS-000000264-ROSS-000000265 |
| Henson v. Bank of Am., 935 F. Supp. 2d 1128 | 8.30E+299 | Under Colorado law, a promissory note is a negotiable instrument that is freely assignable. | Can a negotiable instrument which is freely assignable be called a promissory note? | 009021.docx | LEGALEASE-00154751-LEGALEASE-00154752 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Curtiss v. Hazen, 56 Conn. 146 | 83E+341 | Revision 1875, omitting the words "according to the custom of merchants and the law relating to inland bills of exchange," from the statute declaring that a note is negotiable which is "payable to a person or his order, or to the bearer," does not render negotiable a note payable to a person simply, and not to his order or to bearer. | Is a note payable to the order of a person or to the bearer negotiable? | Bills and Notes - Memo 857 - RK.docx | LEGALEASE-00043682-LEGALEASE-00043683 |
| Papex Int'l Brokers Ltd. v. Chase Manhattan Bank, N.A., 821 F.2d 883 | 172H+821 | Under Puerto Rico law, payee that never received and never possessed checks never became "holder" of checks and thus, lacked standing to sue collecting bank for accepting and paying checks on forged endorsements. 19 L.P.R.A. SS 17, 61, 91, 381. | Can a payee recover from the collecting bank on a forged indorsement if the check was never delivered to the payee? | Bills and Notes - Memo 859 - RK_61304.docx | ROSS-003291869-ROSS-003291870 |
| In re Kellogg's Will, 14 Misc. 2d 1054 | 336H+457 | A decree of the New York County Surrogate directing the assignment of decedent's note was res judicata against executors on that issue. | Can a note be assignable even if it is not negotiable? | 009935.docx | LEGALEASE-00154014-LEGALEASE-00154015 |
| Bronner v. Walrath, 208 A.D. 758 | 96+4 | If one of several joint and several makers of a note pays more than his share, he may have contribution from the others. | "In case of joint liability on a note, can one person seek contribution from others?" | 009970.docx | LEGALEASE-00154673-LEGALEASE-00154674 |
| United States v. Teel, 691 F.3d 578 | 174+1.5 | It was within district court's discretion to vary from Guidelines when fining defendant $250,000 per count following conviction of offenses in connection with role in two separate bribery schemes; district court's reliance on defendant's assets was not in reference to his socio-economic status, instead, it was with regard to his ability to pay fine and need for fine to be sufficiently punitive. 18 U.S.C.A. S 3572(a)(1); U.S.S.G. S 5E1.2(d), 18 U.S.C.A. | Should the court consider the defendant's ability to pay when imposing a fine? | 011123.docx | LEGALEASE-00154797-LEGALEASE-00154798 |
| Barnes v. Chase Home Fin., 825 F. Supp. 2d 1057 | 172H+1322 | As a consumer-protection statute, TILA is liberally construed in favor of consumers and is strictly enforced against creditors. Truth in Lending Act, S 102, 15 U.S.C.A. S 1601. | Is TILA strictly enforced against creditors? | 013946.docx | LEGALEASE-00154004-LEGALEASE-00154005 |
| Richard v. Perkins, 373 F. Supp. 2d 1211 | 92+4224(4) | Student athletes do not have property or liberty interests protected by the Due Process Clause in participating in intercollegiate athletics. U.S.C.A. Const.Amend. 14. | Do student athletes have a constitutional right to participate in athletic programs? | 06608.docx | LEGALEASE-00096597-LEGALEASE-00096598 |
| Fry v. Bd. of Regents of Univ. of Wisconsin Sys., 132 F. Supp. 2d 744 | 141E+1171 | University's system for allocating mandatory student activity fees to fund student groups was not viewpoint neutral, and thus constituted compelled speech in violation of First Amendment rights of students who objected to positions and views of funded groups; system completely delegated funding decisions to student government without objective criteria or effective oversight. U.S.C.A. Const.Amend. 1. | Can a student be required to pay a fee to subsidize expressive speech? | 016798.docx | LEGALEASE-00153861-LEGALEASE-00153862 |
| Lattin v. Adams Cty., 149 Idaho 497 | 200+17 | A public road may be acquired: (1) if the public uses the road for a period of five years, and (2) the road is worked and kept up at the expense of the public; the County must prove these elements by a preponderance of the evidence. West's I.C.A. S 40-202(3). | How can a public road be acquired? | Highways - Memo 2-KK_61209.docx | ROSS-003296016-ROSS-003296017 |
| HSBC USA v. Lugo, 127 A.D.3d 502 | 307A+590.1 | Defendant waived her right to seek dismissal of complaint as abandoned, where defendant did not object to plaintiff's treatment of her untimely answer as notice of appearance, and she thereafter sought documents from plaintiff. McKinney's CPLR 3215(c). | Can a defendant waive the right to seek a dismissal? | 038908.docx | LEGALEASE-00154382-LEGALEASE-00154383 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hope Lutheran Church v. Chellew, 460 N.E.2d 1244 | 308+1 | Elements of actual agency relationship are manifestation of consent by principal, acquiescence by agent, and control exerted by principal. | What are the elements of actual agency? | 041531.docx | LEGALEASE-00154103-LEGALEASE-00154104 |
| Bank of New York v. Raftogianis, 418 N.J. Super. 323 | 83E+426 | A note initially made payable "to order" that becomes a bearer instrument by being endorsed in blank can be both transferred and negotiated by delivery alone. N.J.S.A. 12A:3-109(c). | Can an instrument payable to bearer be negotiated by transfer? | Bills and Notes-Memo 1209-PR_61520.docx | ROSS-003280708 |
| Billingham v. Bryan, 10 Iowa 317 | 83E+606 | The indorsement of a nonnegotiable promissory note is equivalent to the execution of a new note, and the liability of the indorser is not contingent upon due presentation to the maker, and notice of non-payment. | "Whether the indorser of a promissory note not negotiable, is liable to a suit by the holder, without demand upon the makers, and notice of the non-payment?" | 010868.docx | LEGALEASE-00155354-LEGALEASE-00155355 |
| Ofor v. Ocwen Loan Servicing, 649 F.3d 808 | 170B+3634(4) | Court of Appeals applies an objective standard of review to allegations that a creditor violated TILA. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Are alleged violations of TILA subject to an objective standard of review? | Consumer Credit - Memo 192 - RK_61854.docx | ROSS-003322421-ROSS-003322422 |
| Rudisell v. Fifth Third Bank, 622 F.2d 243 | 172H+1556 | If disclosures required by Truth in Lending Act are not made, debtor has continuing right to rescind. Truth in Lending Act, S 125 as amended 15 U.S.C.A. S 1635. | Does the debtor have a continuing right to rescind if disclosures required by TILA are not made? | 013781.docx | LEGALEASE-00155512-LEGALEASE-00155513 |
| Phelps-Roper v. City of Manchester, Missouri, 738 F. Supp. 2d 947 | 129+111 | City ordinance prohibiting pickets and protests within 300 feet of funeral or burial service was not narrowly tailored to serve significant government interest, for purposes of church members' challenge to ordinance on First Amendment grounds; first version of ordinance contained complete ban on pickets and protests within 300-foot radius of any funeral, while later versions restricted too much speech due to size of buffer zone. U.S.C.A. Const.Amend. 1. | "Does an ordinance which prohibits protected speech, picketing, and protests on public streets and sidewalks regulate expressive conduct protected by the First Amendment?" | Disorderly Conduct - Memo 151 - RK_61877.docx | ROSS-003280245-ROSS-003280246 |
| Com. v. Fitta, 391 Mass. 394 | 92+1132(60) | Statute proscribing open and gross lewdness and lascivious behavior requires proof that defendant's act was committed in such a way as to produce alarm or shock, which is an additional element not required by statute proscribing indecent exposure; thus, the disparity of the sentencing provisions of these two statutes does not make them unconstitutionally vague. M.G.L.A. c. 218, S 26A; c. 272, S 16; U.S.C.A. Const.Amend. 14. | What is required to prove open lewdness? | Disorderly Conduct-Memo 142- JK.docx | LEGALEASE-00044775-LEGALEASE-00044776 |
| Klinge v. Ithaca Coll., 167 Misc. 2d 458 | 141E+1015 | Where a college has adopted a rule, the law requires substantial compliance. | "If a college adopts a rule, does the law require substantial compliance?" | Education - Memo # 295 - C - KS_61673.docx | ROSS-003298901-ROSS-003298902 |
| Sluder v. Steak & Ale of Little Rock, 368 Ark. 293 | 307A+690 | A dismissal with prejudice is as conclusive of the rights of the parties as if there were an adverse judgment as to the plaintiff after a trial. | Is the dismissal of a claim with prejudice conclusive as to the rights of the parties on that claim? | Pretrial Procedure - Memo # 10207 - C - SJ_61715.docx | ROSS-003285231-ROSS-003285232 |
| FV-I for Morgan Stanley Mortg. Capital Holdings v. Kallevig, 392 P.3d 1248 | 307A+690 | The proper remedy for a lack of standing is dismissal without prejudice. | Is the proper remedy for a lack of standing dismissal without prejudice? | Pretrial Procedure - Memo # 10215 - C - DHA.docx | LEGALEASE-00044986-LEGALEASE-00044987 |
| Watkins Inv. Co. v. William B. Tanner Co., 684 S.W.2d 929 | 307A+581 | In determining whether case should be dismissed, whether a claim has been diligently prosecuted must be decided on a case-by-case basis. | On what basis should it be decided whether a claim has been diligently prosecuted? | Pretrial Procedure - Memo # 9646 - C - KS_61399.docx | ROSS-003280624 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| City of Waco v. Texas Coffin Co., 472 S.W.2d 800 | 307A+581 | A case should not be dismissed on the ground of abandonment unless such abandonment clearly appears. | Should a case be dismissed on the ground of abandonment unless such abandonment clearly appears? | Pretrial Procedure - Memo # 9723 - C - NE_61410.docx | ROSS-003294583-ROSS-003294584 |
| Reynolds v. Jimmy John's Enterprises, 2013 IL App (4th) 120139 | 307A+683 | A motion for involuntary dismissal of action based on an affirmative matter admits the legal sufficiency of the complaint, admits all well-pleaded facts and all reasonable inferences therefrom, and asserts an affirmative matter outside the complaint bars or defeats the cause of action. S.H.A. 735 ILCS 5/2-619(a)(9). | Should an affirmative matter asserted by a defendant moving for involuntary dismissal based on certain defects or defenses be apparent on the face of the complaint? | 039353.docx | LEGALEASE-00154898-LEGALEASE-00154899 |
| Montgomery Furniture Co. v. Hardaway, 104 Ala. 100 | 308+93 | The authority of a general agent is, as to third parties, what it appears to be, and must be determined by the nature of the business, and is prima facie coextensive with its requirements. | How is an agents authority determined? | 041600.docx | LEGALEASE-00155637-LEGALEASE-00155638 |
| Ford Motor Co. v. Kentucky Unemployment Comp. Comm'n, 243 S.W.2d 657 | 308+92(1) | The powers of an agent must be specifically granted or necessarily inferred, and they cannot be created carte blanche. | Should the powers of an agent be specific or necessarily inferred? | Principal and Agent - Memo 362 - KC.docx | LEGALEASE-00045524-LEGALEASE-00045525 |
| Ford Motor Co. v. Kentucky Unemployment Comp. Comm'n, 243 S.W.2d 657 | 308+92(1) | The powers of an agent must be specifically granted or necessarily inferred, and they cannot be created carte blanche. | Can the powers of an agent be created carte blanche? | Principal and Agent - Memo 366 - KC_61628.docx | ROSS-003281868 |
| People ex rel. Curren v. Schommer, 392 Ill. 17 | 371+2001 | A "tax" is a mode of raising revenue for public needs for a public purpose. | Is tax a mode of raising revenue for the public needs for a public purpose? | 046081.docx | LEGALEASE-00154970-LEGALEASE-00154971 |
| United States v. Arbo, 691 F.2d 862 | 411+12 | Evidence was sufficient to show that government agents carrying out compliance inspection of defendant's claim were engaged in performance of their official duties as required to support defendant's misdemeanor conviction for interference with forest officers in performance of their official duties. 16 U.S.C.A. S 551. | Is it criminal to interfere with a forest official? | 047643.docx | LEGALEASE-00155172-LEGALEASE-00155173 |
| Garcia v. City of New York, 222 A.D.2d 192 | 141E+809(3) | School, acting in loco parentis, did not act with ordinary prudence in allowing five-year-old student to proceed to bathroom alone which gave rise to child's sexual molestation by older student where two memoranda had been circulated in school directing teachers to send all pupils under third grade to bathroom with partners, and principal testified regarding awareness of risks to unescorted students in school corridors and bathrooms. | Do schools act in loco parentis? | 016844.docx | LEGALEASE-00156317-LEGALEASE-00156318 |
| Douglas v. Aztec Petroleum Corp., 695 S.W.2d 312 | 156+52(1) | Purpose of estoppel is for protection of those who have been misled by that which upon its face was fair, and it is for protection of innocent, indeed, only the innocent may invoke it. | Does the purpose of estoppel is the protection of those who have been misled by that which upon its face was fair? | 017787.docx | LEGALEASE-00156236-LEGALEASE-00156237 |
| DRFP L.L.C. v. Rep√[blica Bolivariana de Venezuela, 151 F. Supp. 3d 809 | 156+52(1) | While Ohio courts have long espoused that the point of estoppel is to prevent fraud, estoppel is not actionable fraud and is not treated like actionable fraud; there is usually no need for scienter, an intent to deceive, in estoppel cases. | Is estoppel not actionable fraud? | 017801.docx | LEGALEASE-00156274-LEGALEASE-00156275 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Goettman v. N. Fork Valley Rest., 176 P.3d 60 | 307A+681 | Documentary evidence that a court may consider on a motion by a nonresident defendant to dismiss for lack of personal jurisdiction consists of the allegations in the complaint, as well as affidavits and any other evidence submitted by the parties. West's C.R.S.A. S 13-1-124. | Does documentary evidence consist of the allegations in the complaint? | Pretrial Procedure - Memo # 10065 - C - AC_62395.docx | ROSS-003281888 |
| Pantoja-Cahue v. Ford Motor Credit Co., 375 Ill. App. 3d 49 | 307A+681 | A motion to dismiss is based on the pleadings rather than the underlying facts. S.H.A. 735 ILCS 5/2-615. | Is a motion to dismiss based on the insufficiency in the pleading rather than on the underlying facts? | 024760.docx | LEGALEASE-00156206-LEGALEASE-00156207 |
| City of Dallas, Tex. v. F.C.C., 118 F.3d 393 | 371+2002 | Franchise fees are not a tax, but essentially a form of rent, the price paid to rent use of public right-of-ways. | Are franchise fees a tax? | Taxation - Memo # 983 - C - JL_62128.docx | ROSS-003295155-ROSS-003295156 |
| Compton v. State, 607 S.W.2d 246 | 234+7 | Three ways that ownership of stolen property may be alleged are that named individual had title to the property, possession, or a greater right to possession than defendant, and greater right to possession theory does not apply only in cases where both owner and actor have joint interests in the property; overruling McGee v. State, 572 S.W.2d 723. V.T.C.A., Penal Code S 1.07(a)(24, 28). | How is the ownership of burglarized premises proven? | 013038.docx | LEGALEASE-00156417-LEGALEASE-00156418 |
| Dwight v. Newell, 15 Ill. 333 | 162+124 | One of several executors or administrators may assign a note made payable to the testator. | Can an executor assign a promissory note made payable to the testator? | Bills and Notes -Memo 1234 - JK_62259.docx | ROSS-003281447-ROSS-003281448 |
| In re Kang Jin Hwang, 396 B.R. 757 | 83E+481 | Under California law, fundamental feature of negotiable instruments is that they are transferred by delivery of possession, not by contract or assignment. West's Ann.Cal.Com. Code SS 3201, 3203. | Can a negotiable instrument be transferred by the delivery of possession? | 010083.docx | LEGALEASE-00156643-LEGALEASE-00156644 |
| State v. Butler, 178 Mo. 272 | 350H+519 | Separate sentences could be imposed for offenses of burglary and possession of burglar's tools, in that each offense required proof of at least one element which the other did not; possession of burglar's tools requires possession of tool or instrument with intent to use it in burglary, while burglary does not require use of any tool or instrument, but does require entry of occupied structure. I.C.A. SS 713.1, 713.7. | Can burglary be committed without the use of tools? | Burglary - Memo 293 - RK_62295.docx | ROSS-003282463-ROSS-003282464 |
| Templeton v. State, 725 So. 2d 764 | 67+9(1) | Any effort, however slight, such as the turning of a door knob to enter, constitutes a "breaking," for purposes of burglary. | Does turning a door knob constitute a breaking? | Burglary - Memo 300 - RK_62302.docx | ROSS-003295472-ROSS-003295473 |
| Jenkins v. State, 101 So. 3d 161 | 67+9(1) | Using even the slightest force to gain unauthorized entry satisfies the breaking element of the crime of burglary; for example, opening an unlocked door or pushing a door that is slightly ajar constitutes a breaking. West's A.I.C. 35-43-2-1. | Does opening an unlocked door constitute a breaking? | Burglary - Memo 304 - RK_62306.docx | ROSS-003322147-ROSS-003322148 |
| People v. Henry, 172 Cal. App. 4th 530 | 67+9(2) | Defendant's acts of forcing open the hood of an automobile and examining objects under the hood constituted "entry" of the automobile, as required for the offense of vehicle burglary, where the doors of the automobile were locked, and the hood could normally only be opened using a latch within the locked passenger compartment. West's Ann.Cal.Penal Code S 459. | Can the opening of a hood constitute burglary? | 013156.docx | LEGALEASE-00156591-LEGALEASE-00156592 |
| State v. Gotcher, 52 Wash. App. 350 | 67+10 | Person is "armed" with deadly weapon, within meaning of first-degree burglary statute, when weapon is readily accessible and available for use. West's RCWA 9A.52.020(1). | When is a person armed with a deadly weapon under the burglary statute? | 013166.docx | LEGALEASE-00156577-LEGALEASE-00156578 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Davis, 112 A.D.3d 959 | 67+9(2) | Passing forged check through a chute in a walk-up window of a check-cashing facility, or inserting stolen automated teller machine (ATM) card into an ATM, is not an "entry" within the meaning of the burglary statute; although intended result in each instance is larceny, neither act violates occupant's possessory interest in building as does using a tool to reach into a building and remove property; disapproving People v. Ravenscroft, 198 Cal.App.3d 639, 243 Cal.Rptr. 827. West's Ann.Cal.Penal Code S 459. | Can entry in burglary be committed using an instrument? | 013178.docx | LEGALEASE-00156589-LEGALEASE-00156590 |
| Spence v. Spence, 368 S.C. 106 | 336H+107 | Dismissal of a complaint "with prejudice" is intended to bar relitigation of the same claim. | "Is a dismissal of a complaint ""with prejudice"" intended to bar relitigation of the same claim?" | 025027.docx | LEGALEASE-00156667-LEGALEASE-00156668 |
| Nw. Mut. Life Ins. Co. v. State Bd. of Equalization, 73 Cal. App. 2d 548 | 268+405 | A special assessment is a "tax" in that it distributes what is originally a public burden, but is not a tax in the sense of a tax for revenue which is an exaction upon the citizen for support of government, paid to the state as a state for protection or public service, whereas a special "assessment" is imposed upon property within a limited area for payment of a local improvement to enhance value of all property within that area and can be levied only upon land; and is ordinarily based wholly upon benefits, and is exceptional both as to time and locality. | Are special assessments and taxes both distribution of that which is originally a public burden? | Taxation - Memo # 1009 - C - JL_62481.docx | ROSS-003292342-ROSS-003292343 |
| Morris Bros. Lumber Co. v. Eakin, 262 F.2d 259 | 411+1 | Where cutting of standing timber sold is to commence at once and be completed within a reasonable time, it is regarded as personalty under Pennsylvania law. | Will standing timber be personalty? | Woods and Forests - Memo 2 - KC_62518.docx | ROSS-003284330-ROSS-003284331 |
| In re Kang Jin Hwang, 396 B.R. 757 | 83E+481 | Under California law, fundamental feature of negotiable instruments is that they are transferred by delivery of possession, not by contract or assignment. West's Ann.Cal.Com. Code SS 3201, 3203. | Can a negotiable instrument be transferred by contract or assignment? | Bills and Notes - Memo 1242 - RK_62532.docx | ROSS-003282172-ROSS-003282173 |
| Nelson v. Regions Mortg., 170 S.W.3d 858 | 83E+481 | Note purchaser who received assignment of mortgage and copies of the note and deed of trust, but who never received the original note and deed of trust, was not a "holder" of the note within the meaning of the law of negotiable instruments. V.T.C.A., Bus. & C. S 3.201(a). | Is possession of the original instrument necessary to be a holder? | 009081.docx | LEGALEASE-00157117-LEGALEASE-00157118 |
| McCullough v. Stepp, 91 Ga. App. 103 | 83E+426 | An indorsement in blank specifies no indorsee, and an instrument indorsed in blank is payable to bearer and may be negotiated by delivery. Code, S 14-405. | Does indorsement in blank specifies any indorsee? | Bills and Notes-Memo 1277-ANM_63203.docx | ROSS-003307967 |
| In re Mason's Estate, 194 Misc. 308 | 8.30E+11 | Rule that validity of a contract is governed by law of place where contract is made is applicable to a check. | Is the validity of a contract governed by the place where the contract was made? | Bills and Notes-Memo 1419 - JK_63520.docx | ROSS-003282219-ROSS-003282220 |
| Bradley v. State Farm Mut. Auto. Ins. Co., 290 Mich. App. 156 | 67+7 | Landlord as property owner can be guilty of burglarizing premises of tenant who is possessor of the property if landlord breaks and enters without tenant's permission. Burns' Ann.St. S 10-701(b). | Can an owner or landlord be convicted of burglary? | 013078.docx | LEGALEASE-00157187-LEGALEASE-00157188 |
| Vacuum Sys. v. Bridge Const. Co., 632 A.2d 442 | 156+118 | Estoppel is a doctrine that should be carefully and sparingly applied and requires clear and satisfactory proof. | Does estoppel require clear and satisfactory proof? | 017887.docx | LEGALEASE-00157760-LEGALEASE-00157761 |
| Campbell v. First Baptist Church of City of Durham, 51 N.C. App. 393 | 315+609 | In an "exchange" of property, specific property is given in consideration of property other than money, although one of the parties may pay a sum of money in addition to the property. | What constitutes an exchange? | Exchange of property - Memo 9 - AM_62728.docx | ROSS-003294303-ROSS-003294304 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Adem v. Des Peres Hosp., 515 S.W.3d 810 | 307A+690 | If a motion court's order and judgment do not specifically state that a claim is dismissed with prejudice, it is deemed to be dismissed without prejudice. Mo. Sup. Ct. R. 67.03. | "If a motion to dismiss did not specifically state it is dismissed with prejudice, is it deemed to be dismissed without prejudice?" | 024898.docx | LEGALEASE-00157227-LEGALEASE-00157228 |
| Rist v. Design Ctr. at Floor Concepts, 314 P.3d 681 | 307A+690 | Typically, subject matter jurisdiction cannot be waived and can be raised at any time; furthermore, when subject matter jurisdiction is lacking, dismissing a claim with prejudice is appropriate. | "Typically, can subject matter jurisdiction be waived and can be raised at any time?" | 024949.docx | LEGALEASE-00156769-LEGALEASE-00156770 |
| Fairfield Mountain Prop. Owners Ass'n v. Doolittle, 149 N.C. App. 486 | 307A+690 | A dismissal for failure to join a necessary party is not a dismissal on the merits and may not be with prejudice. Rules Civ.Proc., Rule 12(b)(7), West's N.C.G.S.A. S 1A-1. | Is a dismissal for failure to join indispensable party not an adjudication on the merits and cannot be granted with prejudice? | 025021.docx | LEGALEASE-00157744-LEGALEASE-00157745 |
| Save Our Springs All. v. City of Austin, 149 S.W.3d 674 | 307A+690 | A finding that a claim is not ripe results in dismissal without prejudice. | Does a finding that a claim is not ripe result in dismissal without prejudice? | Pretrial Procedure - Memo # 10541 - C - SN_62441.docx | ROSS-003296525-ROSS-003296526 |
| Frazier v. Progressive Companies, 27 S.W.3d 592 | 307A+690 | The general rule is that a dismissal for want of prosecution is a dismissal without prejudice. | Is the general rule that a dismissal for want of prosecution is a dismissal without prejudice? | Pretrial Procedure - Memo # 10577 - C - DA_62614.docx | ROSS-003279262-ROSS-003279263 |
| Rice v. Crow, 81 Cal. App. 4th 725 | 307A+690 | Dismissal with prejudice is the modern name for a common law retraxit. | Is Dismissal with prejudice the modern name for a common law retraxit? | Pretrial Procedure - Memo # 10580 - C - DA_62617.docx | ROSS-003283051-ROSS-003283052 |
| Osborne v. Osborne, 2 Conn. App. 635 | 307A+693.1 | An order of nonsuit terminates an action when it is issued and no further proceedings are necessary. | Does an order of nonsuit terminate an action when it is issued and no further proceedings are necessary? | Pretrial Procedure - Memo # 10644 - C - NE_62460.docx | ROSS-003281950-ROSS-003281951 |
| Jose v. Indiana Nat. Bank of Indianapolis, 139 Ind. App. 272 | 228+190 | The practical effect of a judgment by way of a motion to dismiss and by a motion for summary judgment are the same and they both result in a final determination of controversy at trial level so that the party who is adversely affected has a right to appeal. Burns' Ann.St. SS 2-1007, 2-1011, 2-2524. | Are the practical effects of a judgment by way of a motion to dismiss and by a motion for summary judgment the same? | Pretrial Procedure - Memo # 10679 - C - KG_62658.docx | ROSS-003293029-ROSS-003293030 |
| Hehr v. Swendseid, 243 Cal. App. 2d 142 | 307A+693.1 | Dismissal obtained "without prejudice" will nevertheless be "with prejudice" if obtained in contravention of statute. West's Ann.Code Civ.Proc. S 581. | "Will a dismissal obtained ""without prejudice"" nevertheless be ""with prejudice"" if obtained in contravention of statute?" | 025291.docx | LEGALEASE-00156977-LEGALEASE-00156978 |
| Blake v. Stinson, 5 So. 3d 615 | 307A+581 | "Willful default," as it applies to a dismissal for want of prosecution, is a conscious or intentional failure to act; no wrongful motive or intent is necessary to show willful conduct. Rules Civ.Proc., Rule 41(b). | Is wrongful motive or intent necessary to show willful conduct? | Pretrial Procedure - Memo # 10716 - C - SK_63252.docx | ROSS-003278732-ROSS-003278733 |
| CTL/Thompson Texas v. Starwood Homeowner's Ass'n, 461 S.W.3d 627 | 307A+690 | A dismissal with prejudice operates as res judicata to bar the dismissed claims; but a dismissal without prejudice means that the same claims may be refiled in an entirely new cause. | Does a dismissal with prejudice operate as res judicata to bar the dismissed claims? | Pretrial Procedure - Memo # 10882 - C - PC_63686.docx | ROSS-003294553-ROSS-003294554 |
| Metro. Transit Auth. v. Ry. Exp. Agency, 323 Mass. 707 | 307A+517.1 | A discontinuance is not a bar to the maintenance of a subsequent action brought for the same cause. | Is discontinuance a bar to the maintenance of a subsequent action brought for the same cause? | Pretrial Procedure - Memo # 11046 - C - KI_63435.docx | ROSS-003305891-ROSS-003305892 |
| Nordstrom Credit v. Dep't of Revenue, 120 Wash. 2d 935 | 308+1 | Agency requires that both parties consent to relationship and that principal exercise control over agent. | Does an agency require both parties consenting to the relationship? | Principal and Agent - Memo 424 - RK_63544.docx | ROSS-003294169-ROSS-003294170 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Townsend v. Univ. Hosp.- Univ. of Colorado, 83 S.W.3d 913 | 308+1 | An agency relationship may be found from underlying facts or direct and circumstantial evidence showing the relationship of the parties. | Can agency be proven by circumstantial evidence? | Principal and Agent - Memo 441 - RK_63561.docx | ROSS-003293619-ROSS-003293620 |
| Whitley v. Taylor Bean & Whitacker Mortg. Corp., 607 F. Supp. 2d 885 | 308+1 | The parties must consent to a principal-agent relationship, which may be created by conduct or contract. | Must the parties consent to a principal-agent relationship? | Principal and Agent - Memo 453 - RK_63573.docx | ROSS-003307710-ROSS-003307711 |
| Eyerman v. Mary Kay Cosmetics, 967 F.2d 213 | 308+1 | Agency relationship contains three essential attributes; agent must have power to alter legal relations between principal and third persons, agent must be fiduciary of principal in matters within scope of agency, and principal must have right to control agent's conduct of matters entrusted to her. | Is an agent a fiduciary with respect to matters within the scope of the agency? | Principal and Agent - Memo 455 - RK_63575.docx | ROSS-003307525-ROSS-003307526 |
| In re Grabau, 151 B.R. 227 | 65+3 | California Real Estate Act contemplates that someone can act as salesman without necessarily qualifying as real estate broker; in that instance, real estate salesman is merely agent of employing broker. West's Ann.Cal.Bus. & Prof.Code SS 10131, 10131.1-10131.3, 10131.6, 10132. | Who is a real estate salesman? | Principal and Agent - Memo 475-PR_63266.docx | ROSS-003283009-ROSS-003283010 |
| Basile v. H & R Block, 563 Pa. 359 | 308+1 | Agency results only if there is an agreement for the creation of a fiduciary relationship with control by the beneficiary. | Can agency be a result of an agreement for the creation of a fiduciary relationship? | Principal and Agent - Memo 499 - KK_63278.docx | ROSS-003321365-ROSS-003321366 |
| Przekopski v. Przekop, 124 Conn. App. 238 | 308+1 | "Agency" is the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. | Who is a principal? | 041926.docx | LEGALEASE-00157694-LEGALEASE-00157695 |
| APSB Bancorp v. Thornton Grant, 26 Cal. App. 4th 926 | 308+3(2) | Independent contractor and agent are not mutually exclusive legal categories, and independent contractor is also an agent when it contracts to act on behalf of a principal and is subject to the principal's control except with respect to the agent's physical conduct. | Are independent contractors and agents mutually exclusive legal categories? | Principal and Agent - Memo 511 - KK_63289.docx | ROSS-003298508-ROSS-003298509 |
| In re NetBank, 459 B.R. 801 | 308+1 | Essential characteristic of agency relationship is that agent acts subject to principal's direction and control. | What is the essential characteristic of an agency relationship? | Principal and Agent - Memo 575-SB_63591.docx | ROSS-003319318-ROSS-003319319 |
| In re Butler, 101 N.Y. 307 | 308+1 | Under Washington law, agency relationship results from manifestation of consent by principal for agent to act on his behalf and subject to his control. | Can actual authority be created by a principal's manifestation of consent? | Principal and Agent - Memo 579-SB_63595.docx | ROSS-003319530-ROSS-003319531 |
| First Jackson Sec. Corp. v. B. F. Goodrich Co., 253 Miss. 519 | 308+3(1) | "Agent" is one who stands in shoes of his principal, and his principal's alter ego; word "employee" is not synonymous with "agent". | Does an agent stand in the shoes of the principal? | Principal and Agent - Memo 580-SB_63596.docx | ROSS-003281007-ROSS-003281008 |
| First Jackson Sec. Corp. v. B. F. Goodrich Co., 253 Miss. 519 | 308+3(1) | "Agent" is one who stands in shoes of his principal, and his principal's alter ego; word "employee" is not synonymous with "agent". | Can an agent be his principal's alter ego? | 042083.docx | LEGALEASE-00157804-LEGALEASE-00157805 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Ricky T., 87 Cal. App. 4th 1132 | 3.77E+11 | Surrounding circumstances must be examined to determine if threat which gives rise to charge of terrorist threat is real and genuine, a true threat. West's Ann.Cal.Penal Code S 422. | Why must the surrounding circumstances of a threat be examined? | "Threats, Stalking and Harassment- Memo #129 - C - LB_63323.docx" | ROSS-003295061-ROSS-003295062 |
| Town v. Hazen, 51 N.H. 596 | 322H+697 | A. conveys to B. a lot of land, reserving all the wood and timber standing and down thereon, with one year to remove the same. Whatever wood and timber A. cuts and severs from the soil within the year becomes his personal property, and remains his property after the year has expired, although he cannot remove the same after the expiration of the year without trespassing upon B. | Can a wood or tree become a personal property? | Woods and Forest - Memo 91 - SB_63604.docx | ROSS-003279777-ROSS-003279779 |
| Marshall v. Staley, 528 P.2d 964 | 83E+481 | Love and affection between decedent and his stepdaughters was sufficient consideration to support assignment of note from the decedent to his stepdaughters. | Is love and affection sufficient consideration to support an assignment? | Bills and Notes - Memo 1428 - RK_63811.docx | ROSS-003308243 |
| Handy v. Anchor Mortg. Corp., 464 F.3d 760 | 172H+1342 | The sufficiency of TILA-mandated disclosures is determined from the standpoint of the ordinary consumer. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Is the sufficiency of TILA-mandated disclosures determined from the standpoint of the ordinary consumer? | Consumer Credit - Memo 216-IS_64024.docx | ROSS-003281893-ROSS-003281894 |
| Wilson v. Com., 290 Ky. 223 | 129+107 | Under statute prohibiting photographing of a non-consenting person's intimate parts or undergarments covering those intimate parts not visible to the general public when the circumstances are such that the person being photographed would have a reasonable expectation of privacy, the requirement that the victim's intimate parts or undergarments covering those intimate parts not otherwise be visible to the general public does not mean that a violation must occur in a public place; rather, this is simply a standard by which to assess whether the victim's intimate parts or undergarments were reasonably out of view, as a prerequisite to finding that the accused has viewed them unlawfully. West's V.C.A. S 18.2-386.1(A). | What is reasonable expectation of privacy of a victim in a public place? | 014299.docx | LEGALEASE-00159204-LEGALEASE-00159205 |
| Ervin v. City of Pittsburgh, 339 Pa. 241 | 156+52(2) | The doctrine of "estoppel" is founded on considerations of sound public policy. | Is the doctrine of estoppel founded on considerations of sound public policy? | 017856.docx | LEGALEASE-00159210-LEGALEASE-00159211 |
| Saathoff v. City of San Diego, 35 Cal. App. 4th 697 | 183+1 | In addition to criteria that privilege conferred upon corporation or individual by government duly empowered to grant it involve vital public service, municipal "franchise" must pertain to privilege that only government can bestow and which is essential to performance of general function of private party; while concept of franchise does not require continuance in perpetuity, it involves some degree of permanence and stability. | Is franchise a privilege available to individuals? | 018575.docx | LEGALEASE-00158761-LEGALEASE-00158762 |
| Saathoff v. City of San Diego, 35 Cal. App. 4th 697 | 183+1 | In addition to criteria that privilege conferred upon corporation or individual by government duly empowered to grant it involve vital public service, municipal "franchise" must pertain to privilege that only government can bestow and which is essential to performance of general function of private party; while concept of franchise does not require continuance in perpetuity, it involves some degree of permanence and stability. | Is franchise a privilege available to individuals? | Franchises - Memo 4 - ANG.docx | LEGALEASE-00047942-LEGALEASE-00047943 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| E.M. Bailey Distrib. Co. v. Conagra, 676 S.W.2d 770 | 183+1 | A franchise is a grant of right to use public property or at least the property over which granting authority has control. (Per Wintersheimer, J., with two Justices concurring and one Justice concurring result.) | Is franchise a right to use public property? | 018607.docx | LEGALEASE-00158870-LEGALEASE-00158871 |
| Foot v. Sabin, 19 Johns. 154 | 289+774 | Where one of two partners subscribes the partnership name as surety to a note, the burden of showing the authority and consent of the other partner is on the holder of the note. | Does the burden of proving that the partner who did not sign consented to be bound lie on the creditor? | 022629.docx | LEGALEASE-00158727-LEGALEASE-00158728 |
| Shattuck v. Chandler, 40 Kan. 516 | 289+869 | Comp.Laws 1885, c. 37, art. 2, provides that on the death of a partner the property shall be appraised and remain in the possession of the surviving partner, and if he sees fit to continue its management, and the disposing of the assets, and the payment of the debts, he may do so on giving bond; and the probate court may cite him to an accounting, and adjudicate on his accounts as on those of an administrator; and, in case of his failure to faithfully administer the estate, suit may be brought on his bond; and, if he refuse to give bond and take charge of the property, the deceased partner's administrator shall wind up the business. Held, that these provisions, being ample for their purpose, deprive the surviving partner of the power to transfer his trust by assigning for the benefit of creditors. | Does a surviving partner have the power to make an assignment of the partnership estate? | 022636.docx | LEGALEASE-00158846-LEGALEASE-00158847 |
| Madison County Bank v. Gould, 5 Hill 309 | 289+1145 | A special partner, transacting any business for the firm, becomes a general partner, and liable for the debts of the firm. | "If a special partner transacts any business on account of a partnership, will he be deemed to be a general partner?" | 022729.docx | LEGALEASE-00158550-LEGALEASE-00158551 |
| Ankeny v. Lockheed Missiles & Space Co., 88 Cal. App. 3d 531 | 302+8(1) | Pleading must allege facts and not conclusions and material facts must be alleged directly and not by way of recital. | Should material facts be alleged by way of recital? | 023813.docx | LEGALEASE-00158326-LEGALEASE-00158327 |
| Cuthburtson v. Harry C. Harter Post No. 839 of the V.F.W., 245 Iowa 922 | 302+17 | The issues of a law suit should be presented in an open and forthright manner, and there is no justification for a pleading by innuendo. | Should the issues of a law suit be presented in an open and forthright manner? | 023833.docx | LEGALEASE-00158810-LEGALEASE-00158811 |
| Matheson v. Am. Carbonics, 867 S.W.2d 146 | 307A+699 | Oral hearing is required on any timely filed motion to reinstate following dismissal for want of prosecution, absent affirmative waiver of hearing by movant, and trial court has no discretion about whether to set hearing. Vernon's Ann.Texas Rules Civ.Proc., Rules 165a, 165a, subd. 3. | Is an oral hearing required on any timely filed motion to reinstate? | 025561.docx | LEGALEASE-00158092-LEGALEASE-00158093 |
| Tiffany v. Brenton State Bank of Jefferson, 508 N.W.2d 87 | 307A+699 | Reinstatement of case dismissed for want of prosecution may be mandatory or discretionary; however, both types of reinstatement require proof that counsel exercised reasonable diligence in preparing and pursuing case for trial. Rules Civ.Proc., Rule 215.1. | Can reinstatement of a case dismissed for want of prosecution be mandatory or discretionary? | 025563.docx | LEGALEASE-00158106-LEGALEASE-00158107 |
| Munster v. Bill Watson Ford, 970 So. 2d 36 | 307A+690 | A dismissal with prejudice is a severe penalty that should be reserved only for extreme circumstances. | Is a dismissal with prejudice a severe penalty that should be reserved only for extreme circumstances? | Pretrial Procedure - Memo # 10900 - C - PC_63898.docx | ROSS-003281444-ROSS-003281445 |
| Couchman v. Cardona, 471 S.W.3d 20 | 307A+693.1 | A motion to dismiss with prejudice survives a nonsuit filed by a plaintiff. | Does a motion to dismiss with prejudice survive a nonsuit filed by a plaintiff? | Pretrial Procedure - Memo # 10943 - C - MS_63708.docx | ROSS-003296388-ROSS-003296389 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dir. of Ins. ex rel. State v. A & A Midwest Rebuilders, 383 Ill. App. 3d 721 | 170B+3292 | Federal law draws a distinction between dismissing an action and dismissing a complaint; the former is a final judgment but not the latter. | Does federal law draw a distinction between dismissing an action and dismissing a complaint? | 025744.docx | LEGALEASE-00158633-LEGALEASE-00158634 |
| Mobil Oil Corp. v. Bransford, 648 So. 2d 119 | 307A+693.1 | Dismissal of any claim against apparent agent also requires dismissal of same claim against apparent principal. | Does dismissal of any claim against an apparent agent also require dismissal of a same claim against an apparent principal? | Pretrial Procedure - Memo # 11004 - C - RF_64124.docx | ROSS-003282590-ROSS-003282591 |
| Wade v. Welch, 8 So. 2d 128 | 307A+551 | When an action is premature, it must be dismissed, reserving, however, to the plaintiff, the right to bring it in due time. Code Prac. art. 158. | "When an action is premature, should it be dismissed?" | Pretrial Procedure - Memo # 11060 - C - SHS_63447.docx | ROSS-003284550-ROSS-003284551 |
| Ortega v. Transamerica Ins. Co., 91 N.M. 31 | 307A+693.1 | Effect of a dismissal without prejudice is that it ordinarily imports further proceedings. | Is an effect of a dismissal without prejudice that it ordinarily imports further proceedings? | Pretrial Procedure - Memo # 11120 - C - VP_63778.docx | ROSS-003280821-ROSS-003280822 |
| In re D.D.M., 116 S.W.3d 224 | 307A+508 | A "claim for affirmative relief" is a pleading that states facts showing a cause of action independent of the plaintiff's claim and allows defendant to recover benefits, compensation, or relief despite plaintiff's abandonment or failure to establish a claim. | Can a prior pleading be a claim for relief? | 039552.docx | LEGALEASE-00159208-LEGALEASE-00159209 |
| Bushendorf v. Freightliner Corp., 13 F.3d 1024 | 308+3(1) | Automobile dealer or other similar type of dealer who merely buys goods from manufacturers or other suppliers for resale to consuming public is not his supplier's agent. | Can the agent bind his principal with representations made within the scope of his employment? | Principal and Agent - Memo 379 - RK_63937.docx | ROSS-003323655-ROSS-003323656 |
| Kingan & Co. v. Silvers, 13 Ind. App. 80 | 308+3(1) | Legal difference between agent and servant is that agency imports commercial dealing between two parties through another, while service refers to actions on and concerning things and deals with matters of manual or mechanical execution. | What does service deal with? | Principal and Agent - Memo 398 - RK_63954.docx | ROSS-003278960-ROSS-003278961 |
| Arsand v. City of Franklin, 83 Wis. 2d 40 | 308+159(1) | An agent may or may not be a servant; if he is not a servant, his principal is not vicariously liable for his negligent physical conduct except under certain circumstances. | Can an agent be a servant? | Principal and Agent - Memo 402 - RK_63957.docx | ROSS-003283075-ROSS-003283076 |
| California Real Estate Loans v. Wallace, 18 Cal. App. 4th 1575 | 65+102 | For purposes of liability to third parties for torts, real estate salesperson is agent of broker who employs him or her, and broker is liable as matter of law for all damages caused to third persons by tortious acts of salesperson which were committed within course and scope of salesperson's employment. | "Is a salesperson, the agent of the broker?" | Principal and Agent - Memo 473-PR_63796.docx | ROSS-003307632-ROSS-003307633 |
| Tax Matrix Techs. v. Wegmans Food Markets, 154 F. Supp. 3d 157 | 308+48 | Under Pennsylvania law, an agency relationship is a fiduciary one, and the agent is subject to a duty of loyalty to act only for the principal's benefit. | Does an agent have a duty to be loyal to his principal? | 041959.docx | LEGALEASE-00159071-LEGALEASE-00159072 |
| Gipson v. Davis Realty Co., 215 Cal. App. 2d 190 | 308+1 | By virtue of statutory enactment real estate salesman is agent of real estate broker as matter of law. West's Ann.Bus. & Prof.Code, SS 10000-11709, 10131, 10132, 10137, 10151, 10160, 10177(h). | Are real estate salesmen agents of the broker? | 041991.docx | LEGALEASE-00159103-LEGALEASE-00159104 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Matter of Assessment of Additional N. Carolina & Orange Cty. Use Taxes Against Vill. Pub. Corp. for Period from Apr. 1, 1972 through Mar. 31, 1978, 312 N.C. 211 | 371+3602 | Purpose of the state sales and use tax is to generate revenue for the state and to equalize the tax burden on all state residents. G.S. S 105-164.1 et seq. | Is the purpose of the state sales and use tax is to generate revenue for the state? | 046289.docx | LEGALEASE-00159085-LEGALEASE-00159086 |
| In re Marisol N.H., 115 A.D.3d 185 | 196+8 | In proceedings in which three children petitioned the Family Court for the appointment of their natural mother as their guardian, so that they could pursue special immigrant juvenile status (SIJS) as a means to obtaining lawful residency status in the United States, the Family Court had the statutory authority under the Surrogate's Court Procedure Act to grant the children's petitions for the appointment of their mother as their guardian, even though no one was opposing the appointment of the mother as guardian of the children. 8 U.S.C.A. S 1101(a)(27)(J)(iii); 8 C.F.R. S 204.11(c); McKinney's SCPA 103(24), 1703. | Does the procedure for obtaining Special Immigrant Juvenile (SIJ) status involve the collaboration of state and federal systems? | 006767.docx | LEGALEASE-00160316-LEGALEASE-00160317 |
| In re Mario S., 38 Misc. 3d 444 | 24+179 | Alien child, who was brought from Mexico to the United States by his mother to live with his father when he was about six months old, was eligible for special immigrant juvenile (SIJ) status; child was an unmarried person under 21 years of age, at the time child's motion was filed and granted he was a dependent child under New York law and was under the continuing jurisdiction of the Family Court, child's father had abandoned him under New York law, child's reunification with his father, who had been deported to Mexico, was not possible, child's reunification with his mother was tenuous given her apparent immigration status, and it was not in child's best interests to be returned to Mexico, as he would be a stranger in a foreign land were he to be forced to return there. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J); 8 C.F.R. S 204.11(c). | Do eligibility requirements for juvenile immigrants hinge primarily on a reunification determination? | 006856.docx | LEGALEASE-00160474-LEGALEASE-00160475 |
| Lehndorff Geneva v. Warren, 74 Wis. 2d 369 | 24+116 | Resident aliens enjoy the heightened judicial solicitude of a suspect class. | Are resident aliens a class of people who are appropriate for heightened judicial solicitude? | "Aliens, Immigration and Citizenship - Memo 64 - RK_64798.docx" | ROSS-003307202-ROSS-003307203 |
| Sei Fujii v. State of California (1952) supra, 38 Cal.2d 718 | 24+123 | All aliens lawfully in the United States have right to work for living in common occupations of community. Nationality Act of 1940, SS 303, 701, as amended, 8 U.S.C.A. SS 703, 1001; Immigration Act of 1924, S 13(c), as amended, 8 U.S.C.A. S 213(c). | Do aliens have a right to work for a living in the common occupations of the community? | 006908.docx | LEGALEASE-00160101-LEGALEASE-00160102 |
| I.N.S. v. Lopez-Mendoza, 468 U.S. 1032 | 24+292 | Mere fact of illegal arrest had no bearing on subsequent deportation proceeding against alien who had objected only to fact that he had been summoned to a deportation hearing following unlawful arrest, but had entered no objection to receipt in evidence of admission, after arrest, of illegal entry into country. | Does an illegal arrest have bearing on a subsequent deportation proceeding? | "Aliens, Immigration and Citizenship - Memo 78 - RK_64812.docx" | ROSS-003310027-ROSS-003310028 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Oates v. First Nat. Bank of Montgomery, 100 U.S. 239 | 83E+524 | Act Ala.1873, p. 111, puts "bills of exchange and promissory notes, payable in money at a certain place of payment therein designated," upon the same basis as to immunity from set-off, discount, or equities as bills and notes payable at a bank or private banking house. | What governs the bills of exchange and promissory notes payable in money at banks or private banking house? | 008987.docx | LEGALEASE-00159238-LEGALEASE-00159239 |
| Lowry Nat. Bank v. Fickett, 122 Ga. 489 | 8.30E+266 | The term "renewal," as applied to a note, means the re-establishment of the particular contract for another period of time. | What is renewal as applied to a promissory note? | 009636.docx | LEGALEASE-00159893-LEGALEASE-00159894 |
| Schwegmann Bank & Tr. Co. of Jefferson v. Falkenberg, 931 F.2d 1081 | 83E+533 | In deciding whether holder of negotiable instrument is holder in due course, under Louisiana law, court must examine facts surrounding transaction to determine whether holder took note in subjective good faith. LSA-R.S. 10:3-302. | Can a party acquire holder in due course status by becoming a holder of a negotiable instrument? | 010477.docx | LEGALEASE-00159866-LEGALEASE-00159867 |
| Veschi v. Nw. Lehigh Sch. Dist., 772 A.2d 469 | 92+1075 | Parents have constitutionally protected right to decide where child goes to school. | Do parents have a constitutional right to decide where their child attends school? | Education - Memo 257 - C - HJ_64174.docx | ROSS-003292819-ROSS-003292820 |
| Collett v. Collett, 217 S.W.2d 60 | 156+54 | There can be no estoppel in pais in absence of deception, which cannot exist when the party pleading estoppel has full knowledge of the truth of the matter. | Can there be no estoppel in pais in the absence of deception? | 017860.docx | LEGALEASE-00159248-LEGALEASE-00159249 |
| Lone Mountain Prod. Co. v. Nat. Gas Pipeline Co. of Am., 710 F. Supp. 305 | 156+87 | Because test for estoppel is objective in nature, party asserting estoppel must show that his reliance was reasonable under the circumstances. | Is the test of estoppel objective? | 017901.docx | LEGALEASE-00159958-LEGALEASE-00159959 |
| State ex rel. Peterson v. Quinlivan, 198 Minn. 65 | 101+1212 | "Franchise" as applied to corporations is generally used to designate right or privilege conferred by law. | Is franchise a privilege conferred by law? | Franchise - Memo 28 - KNR_64624.docx | ROSS-003292654-ROSS-003292655 |
| State ex inf. Shartel, ex rel. City of Sikeston v. Missouri Utilities Co., 331 Mo. 337 | 183+2 | Power to grant franchises resides in state, and city, in granting franchise, acts as state's agent. | Does the city act as agent of the state while granting franchises? | 018504.docx | LEGALEASE-00160020-LEGALEASE-00160021 |
| Greenberg v. City of New York, 152 Misc. 488 | 48A+84 | Action of board of estimate in granting bus franchise is not subject to review or appeal, but is true legislative act; but action of transit commission in granting or denying certificate of convenience and necessity is subject to judicial review by court on certiorari. | Is a certificate of convenience and necessity different from a franchise? | 018515.docx | LEGALEASE-00160057-LEGALEASE-00160058 |
| People ex rel. Roberts & Schaefer Co. v. Emmerson, 305 Ill. 348 | 371+2540 | Corporation Act of 1919, S 105, Similar provisions Corporation Act 1933, see S.H.A. ch. 32, SS 157.131-157.133, 157.138-157.140, requiring each corporation to pay annual franchise tax on its authorized capital stock, is not a property tax dependent on value of corporate assets, but is to be construed with reference to distinction between "capital stock" and "capital," the capital stock being the sum total fixed by the charter as the amount paid in or to be paid in as capital on which the corporation is to do business; capital may be increased by surplus profits or diminished by losses, but not the capital stock. | Is franchise tax paid annually? | 018527.docx | LEGALEASE-00159944-LEGALEASE-00159945 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Marcoux v. Shell Oil Prod. Co. LLC, 524 F.3d 33 | 29T+270(4) | District court set appropriate threshold for materiality of breach required for constructive termination under PMPA, in instructing jury that it could find constructive termination only if breach of lease was such material change that it effectively ended lease, even though gasoline service station franchisees continued to operate business, and that question was not simply whether lease was breached, but whether breach effectively ended franchise relationship. Petroleum Marketing Practices Act, S 101 et seq., 15 U.S.C.A. S 2801 et seq. | Does the Petroleum Marketing Practices Act make a distinction between franchise and franchise relationship? | Franchise - Memo 57 - ANG_64645.docx | ROSS-003294620-ROSS-003294621 |
| Dersch Energies v. Shell Oil Co., 314 F.3d 846 | 29T+297 | A petroleum franchisor cannot circumvent the PMPA's prohibition on conditioning renewal of franchise on franchisee's release or waiver of rights under federal or state law by offering to renew the parties' franchise relationship on terms and conditions identical to those contained in a prior franchise agreement, whether the prior agreement was entered into before or after the enactment of PMPA, nor is a franchisor permitted to use the provision on good faith offers in the normal course of business to do an end run around the release and waiver prohibition. Petroleum Marketing Practices Act, SS 102(b)(3)(A), 105(f)(1), 15 U.S.C.A. SS 2802(B)(3)(A), 2805(f)(1). | When can a franchisor decline to renew a franchise? | 018577.docx | LEGALEASE-00159434-LEGALEASE-00159436 |
| City of Roseville v. Local No. 1614, Int'l Ass'n of Firefighters, AFL-CIO, 53 Mich. App. 547 | 217+1718 | A comprehensive hospital service and care certificate issued under Blue Cross is not a "contract of insurance," so that such certificate would not be "property" in controversy between city and union over whether designation of insurance carrier presented an arbitrable dispute. | Does a contract entitling certificate holders to medical services or supplies at free or reduced rates amount to insurance? | 019578.docx | LEGALEASE-00159934-LEGALEASE-00159935 |
| Farmers Ins. Exch. v. Enter. Leasing Co., 281 Va. 612 | 217+1001 | Self-insurance does not involve the transfer of a risk of loss, but rather a retention of that risk, making it the antithesis of insurance. | Does self-insurance involve risk of loss? | 019596.docx | LEGALEASE-00159587-LEGALEASE-00159588 |
| Twin Hills Golf & Country Club v. Town of Forest Park, 123 P.3d 5 | 371+3602 | The state sales tax is an excise tax rather than a property tax or an income tax. 68 Okl.St.Ann. SS 1351, 1354. | Is the state sales tax an excise tax rather than a property tax or an income tax? | 046226.docx | LEGALEASE-00159833-LEGALEASE-00159834 |
| Mississippi Cty. v. City of Osceola, 515 S.W.3d 96 | 371+3710 | An "illegal exaction" is a tax that is either not authorized by law or is contrary to law. | Is illegal exaction a tax that is either not authorized by law or is contrary to law? | 046249.docx | LEGALEASE-00159868-LEGALEASE-00159869 |
| Dyno Nobel v. Dir. of Revenue, 75 S.W.3d 240 | 371+3603 | Use tax and sales tax are designed to complement one another. | Are use tax and sales tax designed to complement one another? | Taxation - Memo 1110 - C - VA_64514.docx | ROSS-003278883-ROSS-003278884 |
| Mr. B's v. City of Chicago, 302 Ill. App. 3d 930 | 371+3602 | A "sales tax" is commonly understood to be a tax on the sale of tangible personal property. | "Is a ""sales tax"" commonly understood to be a tax on the sale of tangible personal property?" | Taxation - Memo 1115 - C - VA_64518.docx | ROSS-003294759-ROSS-003294760 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Richard v. Connecticut Elec. Mfg. Co., 200 A.D. 681 | 83E+623 | Time drafts, payable four months after date, and drawn in New York for acceptance and payment in Japan, held "foreign bills of exchange," under Negotiable Instruments Law, SS 210, 213, the drawer of which was discharged by failure to present them for acceptance and to protest them for nonacceptance, under sections 111, 260, and not "inland bills of exchange," which, under section 189, it was not necessary to protest for nonacceptance; section 130, as to presentment for payment not being necessary to charge a person primarily liable, being inapplicable. | What is an inland bill of exchange? | Bills and Notes - Memo 75 - KC_65100.docx | ROSS-003281731-ROSS-003281732 |
| Lienkauf Banking Co. v. Haney, 93 Miss. 613 | 8.30E+10 | A note executed within the state, but negotiable and payable in another state, must be governed by the law of that state, though given for the price of property and reserving title to the property until full payment. | What law governs a note which is payable in another state? | Bills and Notes -Memo 1376- JK_66278.docx | ROSS-003321142-ROSS-003321143 |
| Garner v. State, 858 S.W.2d 656 | 135H+96 | In determining whether retrial after mistrial violates double jeopardy clause, before defendant's failure to object constitutes implied consent to mistrial, defendant must be given adequate opportunity to object to court's motion. U.S.C.A. Const.Amend. 5. | Will consent not be inferred from a silent record? | 015891.docx | LEGALEASE-00160747-LEGALEASE-00160748 |
| State v. Scott, 38 Or. App. 465 | 135H+25 | In rem civil forfeiture is not "punishment" for double jeopardy purposes. U.S.C.A. Const.Amend. 5. | "Is an in rem civil forfeiture ""punishment"" for double jeopardy purposes?" | 016547.docx | LEGALEASE-00161898-LEGALEASE-00161899 |
| AeroGlobal Capital Mgmt. v. Cirrus Indus., 871 A.2d 428 | 156+52.10(2) | The facts relied upon to prove waiver must be unequivocal. | Must the facts relied upon to prove waiver be unequivocal? | Estoppel - Memo 241 - C -CSS_65217.docx | ROSS-003292295-ROSS-003292296 |
| Tenneco Inc. v. Enter. Prod. Co., 925 S.W.2d 640 | 156+52.10(2) | Party's express renunciation of a known right can establish waiver. | Can a party's express renunciation of a known right establish waiver? | Estoppel - Memo 250 - C -CSS_65226.docx | ROSS-003281485-ROSS-003281486 |
| Fudge v. Kelly, 4 Ga. App. 630 | 315+623 | Mere breach of warranty will not authorize a rescission of a horse swap. | Can mere breach of warranty authorize the rescission of a horse swap? | Exchange of Property - Memo 70 - RK_66309.docx | ROSS-003280898-ROSS-003280899 |
| McGuire v. Thompson, 152 Neb. 28 | 343+1624(7) | An assertion or representation, made by one selling or exchanging personal property at time thereof, as to condition of property, with intent that other party to transaction shall rely thereon, which he does, amounts to "warranty." | Do assertions or representationsrespecting the condition of the thing sold at the time of sale amount to a warranty? | 018388.docx | LEGALEASE-00161797-LEGALEASE-00161798 |
| Russell v. Phelps, 73 Vt. 390 | 315+754 | A contract of exchange of property is governed by the same rules of law as a contract of sale, and upon breach thereof an action may be maintained for damages for conversion of the property traded for, as well as an action on the contract itself. | Is a contract of exchange of property governed by the same rules of law as a contract for sale? | 018390.docx | LEGALEASE-00161799-LEGALEASE-00161800 |
| People v. Shaw, 27 Mich. App. 325 | 181+2 | There is nothing in statute which makes it a misdemeanor to knowingly use a credit card to obtain or attempt to obtain goods, property or service regardless of whether a forgery is committed, which would preclude defendant, charged with forging a credit card sales slip, from being prosecuted under the general forgery statute since the two statutes do not cover the same subject matter. M.C.L.A. SS 750.219a, 750.248. | Will a specific credit card statute preclude a prosecution or conviction under the general forgery statutes? | 018454.docx | LEGALEASE-00161872-LEGALEASE-00161873 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bay Indus. v. Jefferson Cty., Bd. of Comm'rs of Jefferson Cty., 33 Wash. App. 239 | 200+77(2) | "Freeholder," for purpose of statutory requirement that petition to vacate county road be signed by ten freeholders residing in vicinity of road, is one who holds either legal or equitable title to real estate. West's RCWA 36.87.020. | Does a freeholder hold title to real estate? | Highways - Memo 441 - RK_66342.docx | ROSS-003319074-ROSS-003319075 |
| Ingram-Clevenger v. Lewis & Clark Cty., 194 Mont. 43 | 200+75.1 | General provision related to county roads stating that board of county commissioners shall discontinue or abandon county roads when freeholders properly petition therefor provides that county commissioner shall abandon county roads when sufficient petition is filed, which, after requisite investigation, is found to be feasible and desirable for use and benefit of public. MCA 7-14-2103(3). | Can freeholders of a road district petition the board of county commissioners for the abandonment of a particular road? | 018845.docx | LEGALEASE-00161739-LEGALEASE-00161740 |
| Sec. & Exch. Comm'n v. Variable Annuity Life Ins. Co. of Am., 359 U.S. 65 | 217+1001 | Underwriting of risk is the one earmark of insurance as it has commonly been conceived of in popular understanding and usage. | Can the earmark of insurance be described as the underwriting of risks? | 019532.docx | LEGALEASE-00161583-LEGALEASE-00161584 |
| Bordelon Marine v. F/V KENNY BOY, 780 F. Supp. 2d 497 | 217+1710 | Under Louisiana insurance law, act of issuing an insurance policy is distinct from insuring one; an "insurer" is the party to a contract of insurance who assumes the risk and undertakes to indemnify the insured, or pay a certain sum on the happening of a specified contingency, while an "issuer" is one who brings policy into effect for subscribers. | Who is an insurer? | Insurance - Memo 118 - SNJ_65775.docx | ROSS-003293515-ROSS-003293516 |
| Burwell v. Cawood, 43 U.S. 560 | 289+875 | Though generally every partnership is dissolved by the death of one of the partners where the articles of co-partnership do not stipulate otherwise, yet either one may provide, by his will, for the continuance of the partnership after his death, and bind his estate thereby, or only that portion of it already embarked in the partnership. | Can a partnership agreement be continued after the death of a partner if the partnership agreement so provides? | 022668.docx | LEGALEASE-00161331-LEGALEASE-00161332 |
| White v. Mazda Motor of Am., 313 Conn. 610 | 302+38.5 | The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise; only those issues raised by the plaintiff in the latest complaint can be tried before the jury. | "Are only those issues, raised by the plaintiffs in the latest complaint, tried before the jury?" | 023869.docx | LEGALEASE-00160549-LEGALEASE-00160550 |
| Langford v. Douglas, 359 S.W.2d 951 | 307A+699 | Motion to reinstate an action dismissed for lack of prosecution could be considered as a bill of review, but as a bill of review, it properly did not belong in original cause. | Can a motion to reinstate an action dismissed for lack of prosecution be considered as a bill of review? | 039684.docx | LEGALEASE-00160654-LEGALEASE-00160655 |
| William A. White & Sons v. Doelger, 232 N.Y.S.2d 1 | 307A+699 | It is essential on application to vacate dismissal that affidavit of merits be submitted. | Is it essential on an application to vacate dismissal that an affidavit of merits be submitted? | 039685.docx | LEGALEASE-00160678-LEGALEASE-00160679 |
| Gallucci v. Phillips & Jacobs, 418 Pa. Super. 306 | 307A+695 | Complaint should not be dismissed where there is a reasonable probability that amendment can be successfully completed. | Should a complaint not be dismissed where there is a reasonable probability that amendment can be successfully completed? | Pretrial Procedure - Memo 11654 - C - KS_65391.docx | ROSS-003284626-ROSS-003284627 |
| Motorcycle Stuff v. Bryant, 182 Ga. App. 554 | 307A+695 | Renewal statute, which allows renewal of action either within original applicable period of limitations or within six months after discontinuance or dismissal, will apply only if original action was itself valid suit. O.C.G.A. S 9-2-61. | Will a renewal statute apply only if original action was itself valid suit? | 040331.docx | LEGALEASE-00161096-LEGALEASE-00161097 |
| People v. Sears, 344 Ill. 189 | 371+2003 | Taxes can be levied, assessed, and collected only in mode pointed out by express statute. | Can taxes be levied in the mode other than pointed out by express statute? | 046312.docx | LEGALEASE-00160743-LEGALEASE-00160744 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Clausen, 95 Wash. 214 | 371+2003 | The power of taxation is incident of sovereignty, possessed by state without being expressly conferred by people, being a legislative power necessarily following the general power to make laws. | Is the power of taxation an incident of sovereignty? | 046329.docx | LEGALEASE-00160843-LEGALEASE-00160844 |
| DiMaria v. State, 12 Ill. Ct. Cl. 1 | 413+105 | The Workmen's Compensation Act does not automatically apply to all employees of the State, but only to those engaged in an employment in a department of the State which is engaged in extra hazardous enterprises, named in the act. | When does a State employee come under the Workmens Compensation Act? | 048687.docx | LEGALEASE-00161152-LEGALEASE-00161153 |
| Smith v. Marine Oil Co., 10 La. App. 674 | 413+105 | Only occupations protected by compensation laws are those specifically designated in act or determined hazardous in advance. | What are the only occupations protected by the compensation laws? | 048706.docx | LEGALEASE-00161335-LEGALEASE-00161336 |
| Rokowsky v. Gordon, 501 F. Supp. 1114 | 83E+676 | Demand note is payable at place of residence of maker, if no place of payment is named in the note. | Where is a demand note payable if no place of payment is named in the note? | Bills and Notes - Memo 1322 - RK_66225.docx | ROSS-003293761-ROSS-003293762 |
| Lienkauf Banking Co. v. Haney, 93 Miss. 613 | 8.30E+10 | A note executed within the state, but negotiable and payable in another state, must be governed by the law of that state, though given for the price of property and reserving title to the property until full payment. | Will a note made payable in another state be governed by the law of that state? | Bills and Notes - Memo 1342 - RK_66245.docx | ROSS-003323076-ROSS-003323077 |
| Hongkong & Shanghai Banking Corp. v. Lazard-Godchaux Co. of Am., 207 A.D. 174 | 8.30E+10 | The law of the place of payment as to days of grace on a foreign bill of exchange applies. | Which law applies to the foreign bill of exchange? | Bills and Notes - Memo 1347 - RK_66250.docx | ROSS-003296355-ROSS-003296356 |
| State v. York, 252 S.W.3d 245 | 135H+96 | Double jeopardy does not attach when a defendant consents to termination of the proceeding. U.S.C.A. Const.Amend. 5. | Does double jeopardy not attach when a defendant consents to termination of the proceeding? | Double Jeopardy - Memo 124 - C - NC_65903.docx | ROSS-003278448 |
| United States v. Johnson, 396 F.3d 902 | 156+52.10(2) | A specific dialogue with the judge is not a necessary prerequisite to a valid waiver by defendant if there is other evidence in the record demonstrating a knowing and voluntary waiver; thus, most waivers are effective when set out in writing and signed. | Are most waivers effective when set out in writing and signed? | 018149.docx | LEGALEASE-00162236-LEGALEASE-00162238 |
| Hall v. Parks, No. 07-08-0321-CV, 2009 WL 1393280 | 322H+1131 | Evidence was sufficient that a seller waived his contractual right to require his written consent prior to an assignment of an executory contract for the conveyance of real property. The assignee delivered the assignment to the seller and the seller acquiesced to her taking over the contract. The assignee paid the seller for three years and her payments were accepted. During this period, the seller never exercised his rights under the executory contract. Thus, the seller's silence and inaction for such an unreasonable time, coupled with his knowledge of the assignee's interest in the contract, indicated his intention to waive his contractual right to written consent. | "Once a right is waived, is it lost forever?" | Estoppel - Memo 256 - C - CSS_66082.docx | ROSS-003294154-ROSS-003294155 |
| Lonzo v. Town of Marksville, 430 So. 2d 1088 | 413+1061 | Interlocal risk management agency is not insurance company or insurer, "de facto" or otherwise, under Louisiana laws, and such agency could not be held liable to claimant for workers' compensation payments. LSA-R.S. 33:1345. | Is an interlocal risk management agency (IRMA) an insurance company? | 019514.docx | LEGALEASE-00162348-LEGALEASE-00162349 |
| Gibbs v. Mayo, 162 N.C. App. 549 | 217+1001 | "Insurance" is a contract whereby, for a stipulated consideration, one party undertakes to compensate the other for loss on a specified subject by specified perils. | What is insurance? | 019644.docx | LEGALEASE-00162045-LEGALEASE-00162046 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Walsh v. Ellingson Agency, 188 Mont. 367 | 289+433 | Partnership may be created for purchase and sale of real estate for a profit. | Can a partnership be created for the purchase and sale of real estate? | 022739.docx | LEGALEASE-00162470-LEGALEASE-00162471 |
| Albright v. Hughes, 107 Ind. App. 651 | 289+432 | A "particular partnership" is one where the parties have united to share benefits of a single individual transaction or enterprise, and particular partnership agreements are not lacking in mutuality or void for want of consideration. | What is a particular partnership? | 022743.docx | LEGALEASE-00162524-LEGALEASE-00162525 |
| Estate of Dormaier ex rel. Dormaier v. Columbia Basin Anesthesia, P.L.L.C., 177 Wash. App. 828 | 302+48 | A complaint should adequately alert the defendant of the claim's general nature. CR 8. | Should a complaint adequately alert the defendant of the claim's general nature? | 023901.docx | LEGALEASE-00162168-LEGALEASE-00162169 |
| Glazebrook v. Bd. of Sup'rs of Spotsylvania Cty., 266 Va. 550 | 302+193(5) | A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof. | Does a demurrer test the legal sufficiency of a pleading? | 023923.docx | LEGALEASE-00162440-LEGALEASE-00162441 |
| Eagle Signal Corp. v. Wittig, 766 S.W.2d 390 | 307A+697 | If a trial court reinstates a case when it has no authority to do so, order of reinstatement is void. | "If a trial court reinstates a case when it has no authority to do so, is an order of reinstatement void?" | Pretrial Procedure - Memo 11826 - C - MS_66110.docx | ROSS-003282034-ROSS-003282035 |
| Austin v. Aldermen of Boston, 74 U.S. 694 | 371+2003 | The right of taxation carries with it inherently the power to embarrass and destroy. | Does the right of taxation carry with it inherently the power to embarrass and destroy? | 046333.docx | LEGALEASE-00161940-LEGALEASE-00161941 |
| Rozner v. Korshak, 55 Ill. 2d 430 | 371+2003 | Power to regulate and power to tax are distinct powers, but each may be exercised by the imposition of a license fee. | Can a tax be exercised by the imposition of a license fee? | 046339.docx | LEGALEASE-00161962-LEGALEASE-00161963 |
| Reed v. Bjornson, 191 Minn. 254 | 371+2003 | Except as limited by Constitution, power of taxation is exhaustive and embraces every conceivable subject of taxation. | Is the constitution a grant of or a limitation upon the power of taxation? | 046341.docx | LEGALEASE-00161964-LEGALEASE-00161965 |
| S. S. Kresge Co. v. Bowers, 2 Ohio St. 2d 113 | 371+2003 | Power and right to tax, for any reason, rest with government and give rise to power and right to collect and police the tax. | Does the power to tax rest with the government? | Taxation - Memo 1171 - C -JL_65824.docx | ROSS-003281005-ROSS-003281006 |
| Anderson v. City of Joplin, 646 S.W.2d 727 | 371+3602 | "Sales tax" is assessed against taxpayer as percentage of price of goods. | "Is the ""sales tax"" assessed against taxpayer as percentage of price of goods?" | Taxation - Memo 1216 - C - TJ_66483.docx | ROSS-003281147-ROSS-003281148 |
| Ragsdale v. Dep't of Revenue, 321 Or. 216 | 371+2006 | Intergovernmental tax immunity is based on need to protect each sovereign's governmental operations from undue interference by the other. | What is the purpose of intergovernmental tax immunity? | 046649.docx | LEGALEASE-00162544-LEGALEASE-00162545 |
| United States v. Young, 376 A.2d 809 | 3.77E+12 | Specific intent to extort is not necessary element of crime of threatening to injure another person. D.C.C.E. S 22-2307. | Is a specific intent to extort a necessary element of the crime of threatening to injure another person? | 046963.docx | LEGALEASE-00162180-LEGALEASE-00162181 |
| Midland Sav. & Loan Co. v. Solomon, 71 Kan. 185 | 58+49 | The fact that the obligor in a bond for the payment of money has secured it by a mortgage on real estate located in a foreign state, where suit is brought to enforce it, does not abrogate the stipulation that the bond shall be payable in and governed by the laws of the state in which it is executed, and the bond must be interpreted by the laws of the state where it is executed. | Does the fact that one of the incidents of the debt consists of a lien on real property in another state change the law that governs a debt? | 009145.docx | LEGALEASE-00162805-LEGALEASE-00162806 |
| Jones v. Rider, 60 N.H. 452 | 83E+822 | A note is presumed to be payable where dated, if no other place of payment is mentioned therein. | Is a promissory note presumed to be payable where dated if no other place of payment is mentioned in the note? | Bills and Notes - Memo 1350 - RK_66253.docx | ROSS-003280325 |
| John Hancock Mut. Life Ins. Co. v. Fid.-Baltimore Nat. Bank & Tr. Co., 212 Md. 506 | 8.30E+10 | Generally, law governing a bill or note is the law which the parties to the instrument intend to govern, and, therefore, if bill or note contains express provision that it shall be governed by laws of a particular state, such laws will govern. | Is the law which the parties to the instrument intended the proper law governing a bill or note | Bills and Notes - Memo 1353 - RK.docx | LEGALEASE-00052485-LEGALEASE-00052486 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| John Hancock Mut. Life Ins. Co. v. Fid.-Baltimore Nat. Bank & Tr. Co., 212 Md. 506 | 8.30E+10 | Generally, law governing a bill or note is the law which the parties to the instrument intend to govern, and, therefore, if bill or note contains express provision that it shall be governed by laws of a particular state, such laws will govern. | Is the law that the parties intend to govern the proper law governing a bill or note? | Bills and Notes - Memo 1367 - RK.docx | LEGALEASE-00052509-LEGALEASE-00052510 |
| Seymour v. Principi, 245 F.3d 1377 | 34+104.5 | Under statutory scheme for veterans' benefits, disability compensation is generally payable only to veterans, while death benefits are payable to survivors. | Is Veterans Affairs disability Compensation payable only to veterans? | Armed Services - Memo 344 - RK_66865.docx | ROSS-003280407-ROSS-003280408 |
| Pelea v. Nicholson, 497 F.3d 1290 | 34+102.1 | Veteran's spouse, children, or dependent parents may not pursue disability compensation claims of a veteran, even as heirs to the veteran's estate. 38 U.S.C.A. S 1101 et seq. | Can survivors pursue disability compensation claims of a veteran? | 008824.docx | LEGALEASE-00163885-LEGALEASE-00163886 |
| U.S. v. Jackson, 904 F. Supp. 118 | 63+14 | There was no circularity in bribery instructions which defined "unlawfully" as "corruptly" and defined "corruptly" as "wrongful design." | Was there circularity in bribery instructions which defined unlawfully as corruptly and defined corruptly as wrongful design? | 012578.docx | LEGALEASE-00162905-LEGALEASE-00162906 |
| State ex rel. Core v. Merrifield, 202 W. Va. 100 | 79+6 | A circuit judge can prevent a deputy clerk from being transferred from his courtroom. Const. Art. 8, S 3. | Can a circuit judge prevent a deputy clerk from being transferred from his courtroom? | Clerks of courts - Memo 83 - RK_66905.docx | ROSS-003293149-ROSS-003293150 |
| State ex rel. Core v. Merrifield, 202 W. Va. 100 | 79+6 | Chief judge of county circuit court lacked authority to issue order decreeing that circuit clerk was to treat both courtroom clerks equally as far as rights, benefits, and responsibilities, and further decreeing that such order supersedes "any and/or all employment agreements and/or personnel policy rules currently in existence which may conflict with the provisions contained herein"; order exceeded what was necessary for circuit judge to retain proper control over selection and retention of his courtroom clerk, and judge lacked power to unilaterally formulate employment policy governing all deputy clerks in circuit clerk's office. Const. Art. 8, S 3; Code, 7-7-7. | Do judges have the power to increase the compensation of their courtroom clerks? | 013575.docx | LEGALEASE-00164098-LEGALEASE-00164099 |
| Ex parte Hayes, 931 S.W.2d 721 | 135H+59 | For purposes of state constitutional double jeopardy prohibition, jury is not selected as trier of fact, and defendant is not placed in jeopardy of conviction, until jury has been impaneled. Vernon's Ann.Texas Const. Art. 1, S 14. | Will jury be selected as trier of fact until it has been impaneled? | Double Jeopardy - Memo 1098 - C - NS_68003.docx | ROSS-003281714-ROSS-003281715 |
| United States v. Washington, 69 F.3d 401 | 135H+25 | For double jeopardy purposes, jeopardy does not attach whenever government seizes property. U.S.C.A. Const.Amend. 5. | "For double jeopardy purposes, does jeopardy not attach whenever a government seizes property?" | 015193.docx | LEGALEASE-00163619-LEGALEASE-00163620 |
| Perez v. State, 266 Ga. App. 82 | 110+1026.10(1) | Criminal defendant may waive any of the rights secured him by law, including right to appeal. Vernon's Ann.Texas C.C.P. art. 1.14(a). | Can a defendant waive any of the rights secured to him by law? | Estoppel - Memo 298 - C - CSS_66651.docx | ROSS-003280564-ROSS-003280565 |
| Gordon's Const. & Landfill v. Iberia Par. Gov't, 815 So. 2d 991 | 183+4 | Non-exclusive franchise does not confer upon the franchisee the right to be free of competition, and does not prevent the granting of a similar franchise to others. LSA-R.S. 33:4169.1. | Does a non-exclusive franchise include the right to be free from competition? | Franchises - Memo 59 - KNR_66655.docx | ROSS-003279962-ROSS-003279963 |
| Bailey v. Parker, 34 Ohio App. 207 | 200+177 | Automobile driver exceeding speed limit prescribed by law would be guilty of negligence per se. Gen.Code, S 12603 (repealed 1941. See Gen.Code, S 6307-21). | Is exceeding the speed limit negligence per se? | 018794.docx | LEGALEASE-00163038-LEGALEASE-00163039 |
| People v. Reese, 491 Mich. 127 | 203+530 | Elements of voluntary manslaughter are included in murder, with murder possessing the single additional element of malice. | Are the elements of voluntary manslaughter included in murder? | Homicide - Memo 185 - RK_66928.docx | ROSS-003280195-ROSS-003280196 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Simasko Prod. Co., 52 B.R. 676 | 260+62.1 | "Production payments" are interests in real property which are carved out of lessee's interest; production payments are identical to overriding royalties, except that production payment is limited in amount to stated volume of production or until specified sum has been realized from production. | Is an overriding royalty an interest in real property? | 021701.docx | LEGALEASE-00163327-LEGALEASE-00163328 |
| Winston & Strawn LLP v. Law Firm of John Arthur Eaves, 47 F. Supp. 3d 68 | 302+46 | A party has a right to be accurately named in the process and pleadings of the court. | Does a party have the right to be accurately named in the process and pleadings of the court? | 023951.docx | LEGALEASE-00163786-LEGALEASE-00163787 |
| Hunter v. Gang, 132 Nev. Adv. Op. 22 | 30+3206 | When reviewing the dismissal of an action for want of prosecution under the district court's inherent authority, in considering the conduct of the parties, the appellate court considers whether the parties behaved in accordance with a reasonable and good-faith belief that no court action was necessary. | Is a justification required for the court to resort to the inherent authority to dismiss an action for want of prosecution? | Pretrial Procedure - Memo 12088 - C - DHA_67063.docx | ROSS-003306883-ROSS-003306884 |
| Compass Dev. v. Blevins, 10 Haw. App. 388 | 307A+674 | Civil procedure rule authorizing defendant to move for dismissal for failure of plaintiff to prosecute does not constitute limitation on inherent power of court to sua sponte order dismissal of case for want of prosecution. Rules Civ.Proc., Rule 41(b). | Do courts have the inherent power to dismiss cases for want of prosecution? | Pretrial Procedure - Memo 12141 - C - VP_66718.docx | ROSS-003291976-ROSS-003291977 |
| Binyon v. State of California, 17 Cal. App. 4th 952 | 307A+583 | Trial courts have inherent authority to dismiss for delay in prosecution. | Do trial courts have inherent authority to dismiss for delay in prosecution? | 040964.docx | LEGALEASE-00163278-LEGALEASE-00163279 |
| In re Ryan D., 100 Cal. App. 4th 854 | 3.77E+06 | Criminal-threat statute was not enacted to punish emotional outbursts; it targets only those who try to instill fear in others. West's Ann.Cal.Penal Code S 422. | What was the criminal-threat statute not enacted to punish? | 046999.docx | LEGALEASE-00163415-LEGALEASE-00163416 |
| Kral v. Patrico's Transit Mixing Co., 181 Mich. App. 226 | 413+186 | Where workers' compensation benefits are an issue, "economic reality" test is applied in determining whether worker is employee of particular employer. | "Where workers compensation benefits are at issue, what test is applied?" | 048765.docx | LEGALEASE-00164148-LEGALEASE-00164149 |
| Prince v. Baton Rouge Gen. Hosp., 449 So. 2d 90 | 413+186 | An employer-employee relationship must exist before provisions of Workers' Compensation Law apply. LSA-R.S. 23:1021 et seq. | What must exist for workers compensation to apply? | 048773.docx | LEGALEASE-00164160-LEGALEASE-00164161 |
| In re Citigroup Inc. Sec. Litig., SHS, 2014 WL 3610988 | 25T+183 | If arbitration is invoked in response to lawsuit, it must be done early in the case. | "If arbitration is invoked in response to a lawsuit, should it be done as early as possible?" | 008099.docx | LEGALEASE-00165063-LEGALEASE-00165064 |
| Hester v. D.C., 433 F. Supp. 2d 71 | 135+2 | Under District of Columbia law, person's residency does not change by virtue of being incarcerated in another state. D.C. Official Code, 2001 Ed. S 1-1001.02(16)(A, E). | Does a person's residency not change by virtue of being incarcerated in another state? | 014573.docx | LEGALEASE-00164212-LEGALEASE-00164213 |
| Thomas v. Eighth Judicial Dist. Court in & for Cty. of Clark, 402 P.3d 619 | 135H+1 | Generally, a state may not put a defendant in jeopardy twice for the same offense. U.S. Const. Amend. 5; Nev. Const. art. 1, S 8. | Can a state put a defendant in jeopardy twice for the same offense? | 016363.docx | LEGALEASE-00165127-LEGALEASE-00165128 |
| In re D.W., 202 N.C. App. 624 | 135H+1 | Primary purpose for the prohibition against double jeopardy is to preserve the finality or integrity of judgments, and therefore, any application of the double jeopardy clause depends upon the legitimacy of a defendant's expectation of finality in the judgment. U.S.C.A. Const.Amend. 5. | What is the primary purpose of prohibiting double jeopardy? | 016371.docx | LEGALEASE-00165139-LEGALEASE-00165140 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| El Marocco Club v. Richardson, 746 A.2d 1228 | 156+55 | The key element of an estoppel is intentionally induced prejudicial reliance. | Is the key element of an estoppel intentionally induced prejudicial reliance? | Estoppel - Memo 307 - C - CSS_67189.docx | ROSS-003279692-ROSS-003279693 |
| Riger v. L & B Ltd. P'ship, 278 Md. 281 | 233+1859 | Montgomery County rent control law confers no property right, protected by Fourteenth Amendment, on holdover tenants; thus tenants were not entitled to relief on theory that the code procedure for landlords to seek extraordinary rent increases involved taking of tenants' "property" without due process of law. U.S.C.A.Const. Amend. 14. | Do tenants have property interests recognized and protected by the due process clause of the Fourteenth Amendment of the Constitution? | 021014.docx | LEGALEASE-00164973-LEGALEASE-00164974 |
| Matthews v. Fayette Cty., 233 Ga. 220 | 302+47 | A prayer for process need not be included in the complaint as a prerequisite to valid service of process. Code, SS 81A-104(a), 81A-108(a). | Should a prayer for process be included in the complaint as a prerequisite to valid service of process? | 023955.docx | LEGALEASE-00164383-LEGALEASE-00164384 |
| Moore v. Drennan, 269 Or. 189 | 302+127(1) | A statement of fact in a party's pleadings is an admission that the fact exists as stated. | Is a statement of fact in a party's pleading an admission that the fact exists as stated? | Pleading - Memo 661 - RMM_68616.docx | ROSS-003294232-ROSS-003294233 |
| Meyer v. Frakes, 884 N.W.2d 131 | 135H+1 | A primary purpose of the Double Jeopardy Clause is to preserve the finality of judgments. U.S. Const. Amend. 14. | Is the primary purpose of double jeopardy to preserve the finality of judgements? | 041043.docx | LEGALEASE-00164445-LEGALEASE-00164446 |
| Dearmond v. Alaska State Dev. Corp., 376 P.2d 717 | 371+2010 | The phrase "public purpose" within constitutional provision prohibiting the levy of a tax or appropriation of public money except for a public purpose represents a concept which is not capable of precise definition, and is a concept which will change as conditions create changing public needs, and whether a public purpose is being served must be decided as each case arises and in light of particular facts and circumstances of each case. Const. art. 9, S 6. | "Can the phrase public purpose within the meaning of taxation, be given a precise definition?" | 046421.docx | LEGALEASE-00164955-LEGALEASE-00164956 |
| Hart v. State, 368 N.C. 122 | 371+2010 | In determining whether a specific appropriation is for a public purpose, as required under state constitution, the term "public purpose" is not to be narrowly construed. West's N.C.G.S.A. Const. Art. 5, S 2(1, 7). | "Should the term public purpose, within the meaning of taxation, be construed too narrowly?" | 046425.docx | LEGALEASE-00164953-LEGALEASE-00164954 |
| Index Mines Corp. v. Indus. Comm'n of Colo., 82 Colo. 272 | 413+361 | Statute providing that any company operating business by leasing shall be liable for injuries to lessee's employees cannot be limited to cases where lessees are themselves employees. Workmen's Compensation Act, S 49. | Is an employer liable for compensation if the employer is operating its business by leasing? | 048818.docx | LEGALEASE-00164739-LEGALEASE-00164740 |
| State v. Dorman, 225 N.C. App. 599 | 135H+59 | Under both the federal and state constitutions, jeopardy does not attach until, among other things, a jury is impaneled and sworn. U.S.C.A. Const.Amend. 5; West's N.C.G.S.A. Const. Art. 1, S 19. | When is a jeopardy attached under the federal and state constitutions? | 014630.docx | LEGALEASE-00165303-LEGALEASE-00165304 |
| Beard v. State, 2004 WL 1103680 | 135H+30 | Enhancement allegations based on defendant's prior convictions did not constitute double jeopardy. U.S.C.A. Const.Amend. 5. | Do enhancement allegations based on defendant prior convictions constitute double jeopardy? | Double Jeopardy - Memo 1192 - C - NE.docx | LEGALEASE-00055106-LEGALEASE-00055107 |
| State v. Swafford, 206 W. Va. 390 | 135H+95.1 | Double jeopardy can be implicated where the jury is discharged before it has arrived at a verdict. U.S.C.A. Const.Amend. 5; Const. Art. 3, S 5. | Can double jeopardy be implicated where the jury is discharged before it has arrived at a verdict? | 016043.docx | LEGALEASE-00165791-LEGALEASE-00165792 |
| Sivri v. Strange, 338 F. Supp. 2d 357 | 135H+107.1 | Acquittal terminates jeopardy for double jeopardy purposes, but reversal of a conviction does not. U.S.C.A. Const.Amend. 5. | "Does acquittal terminates jeopardy for double jeopardy purposes, but reversal of a conviction does not?" | 016061.docx | LEGALEASE-00165807-LEGALEASE-00165808 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Miles, 160 A.3d 23 | 135H+1 | The Double Jeopardy Clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. U.S. Const. Amend. 5; N.J. Const. art. 1, par. 11. | What protection does double jeopardy provide under the law? | 016080.docx | LEGALEASE-00165827-LEGALEASE-00165828 |
| Bretz v. Crist, 546 F.2d 1336 | 135H+100.1 | Acquittal on a defective indictment is a bar to subsequent prosecution for the same offense. U.S.C.A.Const. Amend. 5. | Is acquittal on a defective indictment a bar to a subsequent prosecution for the same offense? | 016132.docx | LEGALEASE-00165879-LEGALEASE-00165881 |
| State v. Nappo, 185 N.J. Super. 600 | 135H+95.1 | Dismissal unrelated to guilt or innocence is functional equivalent of a mistrial. | Is a dismissal unrelated to guilt or innocence a functional equivalent of a mistrial? | Double Jeopardy - Memo 780 - C - NS_67785.docx | ROSS-003307663-ROSS-003307664 |
| Losey v. Frank, 268 F. Supp. 2d 1066 | 135H+100.1 | Under double jeopardy principles, an unreversed verdict results in finality, and thus, acquittals are an absolute bar to appeal or to a new trial, and unreversed convictions are an absolute bar to a new trial. U.S.C.A. Const.Amend. 5. | "Under double jeopardy principles, does an unreversed verdict result in finality?" | Double Jeopardy - Memo 792 - C - KI_67797.docx | ROSS-003294126-ROSS-003294127 |
| Blake v. State, 65 A.3d 557 | 135H+1 | Protection against double jeopardy is fundamental to the criminal justice system; it is found in the Fifth Amendment to the United States Constitution, in the state constitution, and in the state criminal statutes. U.S.C.A. Const.Amend. 5; West's Del.C.Ann. Const. Art. 1, S 8. | Is protection against double jeopardy fundamental to the criminal justice system? | Double Jeopardy - Memo 890 - C - TJ_67679.docx | ROSS-003281101-ROSS-003281102 |
| State v. Johnson, 115 N.J. Super. 6 | 135H+165 | A person convicted of offense and then put on trial for an element of that offense has been put twice in jeopardy for the same accusation. | Can a person be put twice in jeopardy for the same offense? | 016528.docx | LEGALEASE-00165348-LEGALEASE-00165349 |
| People v. Davidson, 159 Cal. App. 4th 205 | 135H+1 | No plea of double jeopardy can properly be made where the defendant is tried only once. U.S.C.A.Const.Amend.5; West's Ann.Cal. Const. Art. 1, S 15. | Can a plea of double jeopardy be properly made where the defendant is tried only once? | 016549.docx | LEGALEASE-00165367-LEGALEASE-00165368 |
| McGraw v. State, 688 So. 2d 764 | 135H+59 | Double jeopardy right attaches when jury is sworn and empaneled to hear case. U.S.C.A.Const.Amend. 5; Const. Art. 3, S 22. | Does a double jeopardy attach when the jury is sworn? | 016622.docx | LEGALEASE-00165439-LEGALEASE-00165440 |
| People v. Haller, 174 Cal. App. 4th 1080 | 135H+5.1 | The double jeopardy clause prohibits successive punishment for the same offense; the policy of the clause therefore circumscribes the relevance of recidivism. U.S.C.A. Const.Amend. 5. | Does the double jeopardy clause prohibit successive punishment for the same offense? | Double Jeopardy - Memo 1148 - C - MS_68233.docx | ROSS-003294650-ROSS-003294651 |
| State v. Mosley, 16 So. 3d 398 | 135H+30 | Double jeopardy principles are inapplicable to sentence enhancement proceedings. U.S.C.A. Const.Amend. 5. | Are double jeopardy principles inapplicable to sentence enhancement proceedings? | 014895.docx | LEGALEASE-00166228-LEGALEASE-00166229 |
| State v. Benn, 161 Wash. 2d 256 | 135H+6 | Double jeopardy clauses prohibit the State from prosecuting a defendant for the same offense after acquittal. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | Does an acquittal of an offense terminates jeopardy and prohibits the State from trying the defendant a second time for the same offense? | 015689.docx | LEGALEASE-00166411-LEGALEASE-00166412 |
| State v. Prop. Located at No. 70 Oakland St., 727 So. 2d 1240 | 135H+25 | Civil forfeiture of interest in property does not constitute double jeopardy. U.S.C.A.Const.Amend. 5. | Does civil forfeiture of interest in property not constitute double jeopardy? | Double Jeopardy - Memo 535 - C - DHA_68314.docx | ROSS-003283038-ROSS-003283039 |
| Appeal of News Pub. Co., 12 Kan. App. 2d 328 | 371+2016 | Entire matter of taxation is legislative and does not exist apart from statute; legislature is empowered to provide means and agencies for carrying out its responsibilities in matter of taxation. | The entire matter of taxation is legislative and does not exist apart from statute. | Taxation - Memo 1330 - C - NSY.docx | LEGALEASE-00056672-LEGALEASE-00056673 |
| Great Lakes Gas Transmission Co. v. State Treasurer, 140 Mich. App. 635 | 371+2016 | Taxing authority may not be exercised unless expressly conferred by legislature. | Can the taxing authority be exercised without being expressly conferred by legislature? | 046586.docx | LEGALEASE-00166615-LEGALEASE-00166616 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Welch v. Town of Ludlow, 136 Vt. 83 | 371+2016 | Legislature, having the power to tax, can confer that power upon towns in such a manner as it pleases; state has ultimate control over methods used for local taxation. 32 V.S.A. S 3431; S 3408, Laws 1965, No. 178. | Do states have ultimate control over methods used for local taxation? | Taxation - Memo 1341 - C - AAK_68535.docx | ROSS-003282161 |
| State v. Harris, 104 P.3d 1250 | 350H+205 | Purpose of statute requiring state to provide notice of intent to seek hard 40 sentence is to make defendant aware of hard 40 prospect so as to be in a position to devise his or her strategy. K.S.A. 21-4624(1). | What purpose does a notice serve under law? | 04819.docx | LEGALEASE-00077132-LEGALEASE-00077133 |
| Eckerd Corp. v. J & S, 647 F. Supp. 2d 388 | 38+1 | Assignability of rights may be limited by operation of law or by public policy. | Does the operation of law or public policy limit the assignability of rights? | 07364.docx | LEGALEASE-00077635-LEGALEASE-00077636 |
| Eckerd Corp. v. J & S, 647 F. Supp. 2d 388 | 38+1 | Assignability of rights may be limited by operation of law or by public policy. | Does the operation of law or public policy limit the assignability of rights? | 06115.docx | LEGALEASE-00077671-LEGALEASE-00077672 |
| Glens Falls Ins. Co. v. Consol. Freightways, 242 Cal. App. 2d 774 | 48A+144.1(4) | Proof of financial responsibility required by Automobile Financial Responsibility Law may be given by written certificate of insurance carrier authorized to do business in California that motor vehicle liability policy had been issued and is in effect, by deposit with motor vehicle department of $25,000, or by written certificate of self-insurer holding certificate of self-insurance. West's Ann.Vehicle Code, SS 16055, 16431, 16435, 16436. | Is a certificate of self-insurance a motor vehicle liability policy? | 05021.docx | LEGALEASE-00078119-LEGALEASE-00078121 |
| Pomeroy v. Sam Thorpe Min. Co., 37 Ariz. 541 | 277+12 | Notice of unrecorded instrument is equivalent to recording of it, with respect to person having such notice. | "Is a notice of unrecorded instrument equivalent to the recording of it, with respect to the person having such notice? " | 05028.docx | LEGALEASE-00078122-LEGALEASE-00078125 |
| Patrick v. Burget, 486 U.S. 94 | 29T+902 | Sherman Act was not intended to restrain state action or official action directed by state. Sherman Anti-Trust Act, S 1 et seq., 15 U.S.C.A. S 1 et seq. | Can the Sherman Act restrain an official action by the state? | 06362.docx | LEGALEASE-00078379-LEGALEASE-00078380 |
| Patrick v. Burget, 486 U.S. 94 | 29T+902 | Sherman Act was not intended to restrain state action or official action directed by state. Sherman Anti-Trust Act, S 1 et seq., 15 U.S.C.A. S 1 et seq. | Can the Sherman Act restrain an official action by the state? | 05041.docx | LEGALEASE-00078488-LEGALEASE-00078489 |
| Patrick v. Burget, 486 U.S. 94 | 29T+902 | Sherman Act was not intended to restrain state action or official action directed by state. Sherman Anti-Trust Act, S 1 et seq., 15 U.S.C.A. S 1 et seq. | Can the Sherman Act restrain an official action by the state? | 05515.docx | LEGALEASE-00078514-LEGALEASE-00078515 |
| Benavidez v. United States, 177 F.3d 927 | 272+201 | Mere allegation of negligence does not turn an intentional tort into negligent conduct. | Can a mere allegation of negligence turn an intentional tort into negligent conduct? | Negligence- Memo 12 - VP.docx | ROSS-003284535-ROSS-003284536 |
| Weigle v. Pifer, 139 F. Supp. 3d 760 | 272+201 | A mere allegation of negligence does not turn an intentional tort into negligent conduct. | Can a mere allegation of negligence turn an intentional tort into negligent conduct? | 07407.docx | LEGALEASE-00079077-LEGALEASE-00079078 |
| Benavidez v. United States, 177 F.3d 927 | 272+201 | Mere allegation of negligence does not turn an intentional tort into negligent conduct. | Can a mere allegation of negligence turn an intentional tort into negligent conduct? | 06694.docx | LEGALEASE-00079143-LEGALEASE-00079144 |
| Cook v. Winfrey, 975 F. Supp. 1045 | 237+1.6 | Under Illinois conflicts law, when multi-state defamation case arises, applicable law is that of victim's domicile. | What is the law applicable to multi state defamation cases? | 05380.docx | LEGALEASE-00080834-LEGALEASE-00080835 |
| Domaingue v. MacDonald, 978 F. Supp. 53 | 207+4 | Under Massachusetts law, essential elements of crime of incest are sexual intercourse with person within degree of consanguinity wherein marriage is prohibited. M.G.L.A. c. 272, S 17. | What are the elements that constitute an incest? | 06687.docx | LEGALEASE-00080936-LEGALEASE-00080937 |
| City of Fairhope v. Raddcliffe, 48 Ala. App. 224 | 386+3 | To be a trespass there must be an act of direct force producing injury or damage. | Is direct force producing injury or damage required to constitute a trespass? | 05750.docx | LEGALEASE-00082152-LEGALEASE-00082154 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Casstevens v. Smith, 269 S.W.3d 222 | 366+1 | The right of equitable subrogation arises when one pays the debt of another for which the other is primarily liable. | Is the purpose of equitable subrogation to prevent the unjust enrichment of the debtor who was primarily liable? | 00836.docx | LEGALEASE-00083975-LEGALEASE-00083976 |
| Hickey v. United States, 64 F.2d 628 | 209+141(1) | Congress has right to reimpose restrictions on Indian property once freed therefrom. Act June 28, 1906, S 4, 34 Stat. 544; Act March 3, 1921, S 4, 41 Stat. 1250; Act Feb. 27, 1925, S 1, 25 U.S.C.A. S 331 note. | Does the Congress have the right to reimpose restrictions on Indian property once freed? | 05113.docx | LEGALEASE-00084203-LEGALEASE-00084205 |
| R.M.W. v. G.M.M., 23 Misc. 3d 713 | 211+1532 | Biological mother's alleged behavior, in appearing at home of biological father, acting verbally abusive, demanding to see their child, grabbing that child, and trying to force child into a car constituted disorderly conduct, as required to establish a family offense in proceedings on petitions brought on behalf, inter alia, of petitioner who lived and had child with biological father and of subject children. McKinney's Family Court Act S 821(1)(a); McKinney's Penal Law S 240.20. | When is a person guilty of disorderly conduct? | 05729.docx | LEGALEASE-00085378-LEGALEASE-00085379 |
| Burton v. Hilltop Care Ctr., 813 N.W.2d 250 | 15A+2202 | When determining whether an agency has been clearly vested with the authority to interpret a provision of law, reviewing court does not focus its inquiry on whether the agency does or does not have the broad authority to interpret the act as a whole; instead, each case requires a careful look at the specific language the agency has interpreted as well as the specific duties and authority given to the agency with respect to enforcing particular statutes. I.C.A. S 17A.19(10)(c, l). | Is it required that an agency be vested with express authority to interpret a statute? | 05812.docx | LEGALEASE-00089196-LEGALEASE-00089197 |
| Monster Content v. HOMES.COM, 331 B.R. 438 | 51+2131 | Actual knowledge of a bankruptcy proceeding does not supplant the requirement of formal notice for a known creditor. U.S.C.A. Const.Amend. 5; 11 U.S.C.A. S 1141(d). | Will actual knowledge supplant a formal statutory notification? | 10838.docx | LEGALEASE-00089245-LEGALEASE-00089246 |
| Pomeroy v. Sam Thorpe Min. Co., 37 Ariz. 541 | 277+12 | Notice of unrecorded instrument is equivalent to recording of it, with respect to person having such notice. | "Is a notice of unrecorded instrument equivalent to the recording of it, with respect to the person having such notice?" | 07020.docx | LEGALEASE-00090183-LEGALEASE-00090186 |
| Carraway v. City of Alexandria, 693 So. 2d 314 | 307A+590.1 | Filing of amended petition is "step" which precludes dismissal for abandonment, if amended petition is more than restatement of original petition. LSA-C.C.P. art. 561. | "Is filing of an amended petition a ""step"" which precludes dismissal for abandonment? " | 11365.docx | LEGALEASE-00094027-LEGALEASE-00094028 |
| United States v. Hall, 424 F. Supp. 508 | 63+3 | Both giver and taker of bribe may be charged as coc-conspirators to violate Travel Act. 18 U.S.C.A. S 1952. | Can giver and taker of bribe be charged as co-conspirators to violate Travel Act? | 10763.docx | LEGALEASE-00094051-LEGALEASE-00094052 |
| Edwards v. Hanger, 197 So. 3d 993 | 307A+581 | No wrongful motive or intent is necessary to show willful conduct that warrants the dismissal of an action for failure to prosecute. Rules Civ.Proc., Rule 41(b). | Is a wrongful motive or intent necessary to show willful conduct? | 10992.docx | LEGALEASE-00094091-LEGALEASE-00094092 |
| Anderson v. Anderson, 196 N.W.2d 727 | 307A+563 | Involuntary dismissal is drastic sanction which should be utilized only in extreme situations. | Is involuntary dismissal a drastic sanction which should be utilized only in extreme situations? | 10974.docx | LEGALEASE-00094512-LEGALEASE-00094513 |
| Kubel v. San Marco Floor & Wall, 967 So. 2d 1063 | 307A+563 | Circuit court has the inherent authority to dismiss a complaint for fraud. | Does a circuit court have the inherent authority to dismiss a complaint for fraud? | 10004.docx | LEGALEASE-00095274-LEGALEASE-00095275 |
| Cotter v. Dias, 130 A.3d 164 | 307A+581 | A mere delay is not enough to warrant a dismissal for lack of prosecution. Superior Court Rules Civ.Proc., Rule 41(b). | Is a mere delay enough to warrant a dismissal for lack of prosecution? | 09852.docx | LEGALEASE-00095730-LEGALEASE-00095731 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People ex rel. Price v. Illinois Cent. R. Co., 266 Ill. 636 | 200+127(2) | Under Road and Bridge Law, S 56, S.H.A. ch. 121, S 62, a resolution of the county board directing the county clerk to extend on the tax books road and bridge taxes, is not an approval by the board of the taxes, to render a levy valid. | Does the county clerk have authority to extend the road and bridge tax? | 09453.docx | LEGALEASE-00096086-LEGALEASE-00096087 |
| Juengain v. Tervalon, 223 So. 3d 1174 | 307A+581 | An action may be dismissed as abandoned under the abandonment statute only without prejudice. La. Code Civ. Proc. Ann. art. 561. | Can an action be dismissed as abandoned under the abandonment statute only without prejudice? | 09778.docx | LEGALEASE-00096410-LEGALEASE-00096411 |
| Richard v. Perkins, 373 F. Supp. 2d 1211 | 92+4224(4) | Student athletes do not have property or liberty interests protected by the Due Process Clause in participating in intercollegiate athletics. U.S.C.A. Const.Amend. 14. | Do student athletes have a constitutional right to participate in athletic programs? | 05287.docx | LEGALEASE-00096658-LEGALEASE-00096659 |
| R.J.W. v. State, 910 So. 2d 357 | 2.31E+18 | For purposes of kidnapping, "restraint" is the actus reus requirement of "abduction," while the specific intent to prevent liberation is the mens rea requirement. V.T.C.A., Penal Code SS 20.01, 20.04. | What is the mens rea of the kidnapping statute? | 021000.docx | LEGALEASE-00121837-LEGALEASE-00121838 |
| State v. Lone Star Gas Co., 86 S.W.2d 484 | 190+14.5(6) | Statutory appeal to determine whether natural gas rate is confiscatory or unreasonable and unjust is merely corrective, and question to be decided by court is not whether court would make same order as was made by Railroad Commission, but is whether commission acted reasonably upon sufficient evidence, and whether any substantial right of party appealing from order had been infringed. Vernon's Ann.Civ.St. art. 6059. | Is ratemaking delegated only to the Railroad Commission? | 042236.docx | LEGALEASE-00123053-LEGALEASE-00123054 |
| M.J. Farms, Ltd. v. Exxon Mobil Corp., 2007-2371 (La. 7/1/08) | 13+61 | A sine qua non for accrual of a cause of action is damages. | Are damages a sine qua non for accrual of a cause of action? | Action - Memo # 43 - C - LK.docx | ROSS-003289168-ROSS-003289169 |
| United States v. Sum of $70,990,605, 991 F. Supp. 2d 154 | 221+342 | Even if the domestic court's factual findings must necessarily cast doubt upon the validity of the foreign sovereign's acts, the act of state doctrine is inapplicable if the foreign act of state does not need to be invalidated. | "Under the act of state doctrine, is it not sufficient that a court's factual findings would impugn the foreign state's actions or should the claims call for the invalidation of those actions?" | 019662.docx | LEGALEASE-00123465-LEGALEASE-00123466 |
| Petition of New England Tel. & Tel. Co., 115 Vt. 494 | 317A+111 | The function of a public service commission is that of control and not of management, and regulation should not obtrude itself into the place of management. | Is management the function of the Public Service Commission? | 042318.docx | LEGALEASE-00125684-LEGALEASE-00125685 |
| State v. Campbell Cty. Sch. Dist., 2001 WY 19 | 352H+119 | Consent or reasonable mistake as to age of victim is no defense to charge of first-degree sexual assault on child. Neb.Rev.St. S 28-319(1)(c). | Is consent a defense to first degree sexual assault on a child? | 042924.docx | LEGALEASE-00126220-LEGALEASE-00126221 |
| Haywood v. Ryan, 85 N.J.L. 116 | 129+108 | Act Concerning Disorderly Persons, S 3, applies only to such persons as shall by their act obstruct or interfere with the movement of persons lawfully on the street. | Is a person who obstructs or interferes with person lawfully in streets or public places a disorderly person? | 014399.docx | LEGALEASE-00126603-LEGALEASE-00126604 |
| State v. Blake, 882 So. 2d 1187 | 110+273(4.1) | Felony possession of stolen property was not responsive verdict to charge of simple burglary, and thus, State was required to amend information or file new bill before trial court could accept defendant's guilty plea to possession of stolen property, where burglary did not require proof of stolen property and thus possession of stolen property was not a lesser included offense. LSA-C.Cr.P. arts. 558, 814, subd. A, par. 44. | Does simple burglary require proof of possession of stolen goods? | Burglary - Memo 15 - RK.docx | ROSS-003312890-ROSS-003312891 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Burleigh v. Hecht, 22 S.D. 301 | 150+84 | The doctrine of laches is applicable only to equitable actions and does not apply to legal actions. | Is the doctrine of laches applicable only to equitable actions and does not apply to legal actions? | 006191.docx | LEGALEASE-00128760-LEGALEASE-00128761 |
| Jordan v. Horstmeyer, 152 A.D.3d 1097 | 30+125 | While no appeal lies from an order issued on consent, that rule does not apply where the order differs from or exceeds the consent. | Can an appeal lie from an order issued on consent? | 008173.docx | LEGALEASE-00129055-LEGALEASE-00129056 |
| Sutton v. Ohio Dep't of Edn., 80 N.E.3d 1238 | 316P+871 | Educators are bound by the principles found in the Licensure Code of Professional Conduct for Ohio Educators. R.C. S 3319.31. | Are educators bound by the principles found in the Licensure Code? | 016964.docx | LEGALEASE-00129249-LEGALEASE-00129250 |
| Fort v. Fort, 104 So. 2d 69 | 30+14(0.5) | An improvident petition for a writ of certiorari may not be treated as an appeal. F.S.A. S 59.45. | Is an improvident petition for a writ of certiorari treated as an appeal? | 008234.docx | LEGALEASE-00129430-LEGALEASE-00129431 |
| City of Norfolk v. Norfolk Cty., 194 Va. 716 | 307A+501 | In absence of statute or rule of court, matter of dismissing an action, or of taking a nonsuit, is controlled by common law. | Does the right of a plaintiff to take a voluntary nonsuit come from common law? | 026002.docx | LEGALEASE-00129524-LEGALEASE-00129525 |
| Stein v. Dowling, 867 F. Supp. 2d 1087 | 92+1186 | Members of military are not excluded from protection granted by First Amendment. U.S.C.A. Const.Amend. 1. | Are military members excluded from the protection granted by the First Amendment? | 008412.docx | LEGALEASE-00130077-LEGALEASE-00130078 |
| Alabama Power Co. v. Fed. Power Comm'n, 134 F.2d 602 | 371+2001 | "Taxes" are annual compensation paid to government for annual protection and for current support of government and are generally an "expense" and not an "investment". | Is a tax paid to the government? | 044994.docx | LEGALEASE-00130541-LEGALEASE-00130542 |
| Perkins v. Carter, 09-673 (La. App. 5 Cir. 12/29/09), 30 So. 3d 862 | 307A+1 | One of principal purposes of pretrial proceeding is to narrow issues of litigation to those which are contested and to dispense with proof on issues which are not contested. LSA-C.C.P. art. 1551. | What is the purpose of pretrial proceedings with regard to contestedissues? | 026972.docx | LEGALEASE-00130933-LEGALEASE-00130934 |
| Wachovia SBA Lending v. Kraft, 165 Wash. 2d 481 | 266+2131(2) | Debtor's wife, against whom creditor had brought deficiency action following foreclosure of promissory note secured by deed of trust on debtor's and wife's home, was not "prevailing party" on basis of grant of creditor's motion for dismissal of action without prejudice, under statute providing for prevailing party attorney fees in action on contract or lease which contains unilateral attorney fee provision, as creditor's voluntary dismissal without prejudice was not a "final judgment" rendered in wife's favor; abrogating, Marassi v. Lau, 71 Wash.App. 912, 859 P.2d 605, Allahyari v. Carter Subaru, 78 Wash.App. 518, 897 P.2d 413. West's RCWA 4.84.330. | Is a voluntary dismissal a final judgment when it leaves the parties as if the action had never been brought? | 027780.docx | LEGALEASE-00132161-LEGALEASE-00132162 |
| Wachovia SBA Lending v. Kraft, 165 Wash. 2d 481 | 307A+517.1 | A voluntary dismissal leaves the parties as if the action had never been brought. | Does a voluntary dismissal leave the parties as if the action had never been brought? | 027855.docx | LEGALEASE-00132208-LEGALEASE-00132209 |
| Smith v. Colorado Interstate Gas Co., 794 F. Supp. 1035 | 413+2084 | Employee's claim against employer for intentional infliction of emotional distress, arising out of disciplinary measures imposed on her for conducting personal business at work, was barred by exclusive remedy provision of Colorado Worker's Compensation Act. West's C.R.S.A. S 8-40-101 et seq.; C.R.S. 8-52-102(2). | Is compensation under the Worker's Compensation Act intended to be an employee's exclusive remedy against an employer for job-related injuries? | 047721.docx | LEGALEASE-00132540-LEGALEASE-00132541 |
| Jaynes v. Com., 276 Va. 443 | 386+1 | "Trespass" is the unauthorized use of or entry onto another's property. | s the unauthorized use of or entry onto another's property a trespass? | 047344.docx | LEGALEASE-00133442-LEGALEASE-00133443 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Nantucket Island Associates Ltd. Partnership Unitholders Litigation, 810 A.2d 351 | 289+1099 | Provision in limited partnership agreement exempting general partner from obtaining limited partners' written consent to amendments admitting additional limited partners did not evidence any authority on the part of general partner to unilaterally amend limited partnership agreement to add a new class of preferred limited partnership units having superior rights to existing units; provision was in section of agreement that would have otherwise required general partner to obtain written unanimous consent from all the limited partners, and provision only allowed general partner to admit new limited partners upon consent of a majority of the limited partners and include as consenting those partners who did not affirmatively object. | Can a partnership agreement be amended with the consent of the partners? | 022122.docx | LEGALEASE-00133527-LEGALEASE-00133528 |
| State v. Ray, 122 W. Va. 39 | 211+1658 | An indictment for statutory rape was demurrable where it failed to allege that the defendant was over 16 years of age. Code 1931, 61-2-15, 62-9-7. | Does an indictment of statutory rape require to state the defendants age? | 043053.docx | LEGALEASE-00133834-LEGALEASE-00133835 |
| Pantano v. State, 124 Nev. 1498 | 211+1594 | Complaint charging defendant with sexual assault of a child under 14 that did not specify the exact date and time of offense was not defective, as time and date were not essential elements of a sexual offense against a minor. | Are time and date essential elements of a sexual offense against a minor? | 043045.docx | LEGALEASE-00133852-LEGALEASE-00133853 |
| Fireman's Fund Ins. Co. v. Whirlpool Corp, 2002 WL 228208 | 307A+485 | Unlike other discovery sanctions, an award of expenses for failure to respond to request for admission is not a penalty; instead, it is designed to reimburse reasonable expenses incurred by a party in proving the truth of a requested admission when any trial would have been expedited or shortened if the request had been admitted. West's Ann.Code Civ.Proc. S 2033(o). | "Is an award of expenses for failure to respond to request for admission, a penalty?" | 030074.docx | LEGALEASE-00135057-LEGALEASE-00135058 |
| McKissick v. Jackson, 15 Kan. App. 2d 508 | 307A+725 | Awarding expenses in preparing for trial is a reasonable condition for continuance. | Is awarding expenses in preparing for trial a reasonable condition for continuance? | 031558.docx | LEGALEASE-00139203-LEGALEASE-00139204 |
| United States v. Kahn, 472 F.2d 272 | 63+3 | Under Pennsylvania law, extortion is not complete defense to bribery charge, but may be relevant on issues of intent and wilfulness. | Is extortion a complete defense to bribery charge? | 012035.docx | LEGALEASE-00139396-LEGALEASE-00139397 |
| Berger v. United States, 295 U.S. 78 | 91+293 | Variance is not "material" where indictment charges a conspiracy involving several persons, and the proof establishes conspiracy against only some of them. | Is a variance material when the indictment and proof correspond? | 043074.docx | LEGALEASE-00143400-LEGALEASE-00143401 |
| People v. Adams, 19 Cal. App. 4th 412 | 352H+184 | Combination of sperm in rectum plus injuries is circumstantial evidence from which penetration by penis may be inferred for purposes of sodomy statute. West's Ann.Cal.Penal Code S 286(a). | Can penetration be proven by circumstantial evidence? | 043094.docx | LEGALEASE-00143434-LEGALEASE-00143435 |
| Roark v. Macoupin Creek Drainage Dist., 316 Ill. App. 3d 835 | 302+11 | A plaintiff is not required to plead evidence in his complaint but is only required to allege ultimate facts. | Is a plaintiff only required to allege ultimate facts in his complaint? | 023508.docx | LEGALEASE-00143772-LEGALEASE-00143773 |
| In re WRT Energy Corp., 202 B.R. 579 | 260+47 | Under Louisiana law, oil and gas are not owned by the landowner or any other person until reduced to possession. | Are oil and gas not owned until reduced to possession? | 021385.docx | LEGALEASE-00144199-LEGALEASE-00144200 |
| Parker v. Standard Oil Co. of Kan., 250 S.W.2d 671 | 260+56 | A mineral lease is the conveyance of a determinable fee interest in land. | Is a mineral lease the conveyance of a determinable fee interest in land? | 021556.docx | LEGALEASE-00147694-LEGALEASE-00147695 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Morgan Guar. Tr. Co. of New York v. Staats, 428 Pa. Super. 479 | 83E+522 | Every holder of negotiable instrument is deemed prima facie holder in due course. | Is a holder of a negotiable instrument is a holder in due course? | Bills and Notes- Memo 648-IS_57888.docx | ROSS-003281047 |
| State Fid. Mortg. Co. v. Varner, 740 S.W.2d 477 | 38+90 | Assignee obtains only right, title and interest of his assignor at time of assignment and thus, may recover only those damages potentially available to assignor. | What rights does an assignee obtain from the assignor at the time of assignment? | 010518.docx | LEGALEASE-00148412-LEGALEASE-00148413 |
| Stottlemyer v. Crampton, 235 Md. 138 | 200+167 | Under right to use public roads, person may use highway for purpose of leading or driving cattle. Code 1957, art. 66C, § 467. | Can cattles be driven in public highways? | 019065.docx | LEGALEASE-00148422-LEGALEASE-00148423 |
| Coltharp v. Calcasieu-Marine Nat. Bank of Lake Charles, 199 So. 2d 568 | 83E+426 | Negotiable Instruments Law provision that, where an instrument, payable to bearer, is endorsed specially, it may nevertheless be further negotiated by delivery, has no application to instrument originally payable to order and subsequently converted to bearer paper by a blank endorsement. LSA-R.S. 7:9(5), 7:34, 7:40. | What happens when an instrument payable to bearer is endorsed specially? | Bills and Notes -Memo 977-DB_58712.docx | ROSS-003283100 |
| Gayon v. McCarthy, 252 U.S. 171 | 221+212 | Cr.Code, S 10, as amended by Act May 7, 1917, 18 U.S.C.A. S 22, as to hiring or retaining another to go outside the United States with intent to enlist in the service of a foreign people, uses "retain" as an alternative to "hire," and as meaning something different from the usual employment with payment in money; and one may be retained, in the sense of engaged, to render a service by a verbal promise, and by a prospect for advancement or payment in the future. | Is there a difference between retain and hire? | 021732.docx | LEGALEASE-00149700-LEGALEASE-00149701 |
| Bavand v. OneWest Bank, F.S.B., 176 Wash. App. 475 | 307A+622 | Motions to dismiss for failure to state a claim should be granted only sparingly and with care. CR 12(b)(6). | Should motions to dismiss for failure to state a claim be granted only sparingly and with care? | 036725.docx | LEGALEASE-00150008-LEGALEASE-00150009 |
| Suhr v. Felter, 589 So.2d 583 | 48A+12 | Broken down vehicle awaiting repair was legally parked on highway shoulder where vehicle did not obstruct flow of traffic, was not hazard to public safety, and was not in area designated as no parking area. LSA-R.S. 32:2, 32:143, 32:144, subd. B, 32:296, 48:342. | Is parking on the shoulder of a highway permitted? | 018905.docx | LEGALEASE-00151172-LEGALEASE-00151173 |
| Univ. State Bank v. Gifford Hill Concrete Corp., 431 S.W.2d 561 | 302+20 | Although theories of recovery on contract and on quantum meruit bases are inconsistent, they may be plead alternatively. Rules of Civil Procedure, rules 47, 48. | Can inconsistent theories of recovery be pled in the alternative? | 023684.docx | LEGALEASE-00151260-LEGALEASE-00151261 |
| Curtiss v. Hazen, 56 Conn. 146 | 83E+341 | Revision 1875, omitting the words "according to the custom of merchants and the law relating to inland bills of exchange," from the statute declaring that a note is negotiable which is "payable to a person or his order, or to the bearer," does not render negotiable a note payable to a person simply, and not to his order or to bearer. | Is a note payable to the order of a person or to the bearer negotiable? | 009778.docx | LEGALEASE-00154733-LEGALEASE-00154734 |
| Ford Motor Co. v. Kentucky Unemployment Comp. Comm'n, 243 S.W.2d 657 | 308+92(1) | The powers of an agent must be specifically granted or necessarily inferred, and they cannot be created carte blanche. | Should the powers of an agent be specific or necessarily inferred? | 041665.docx | LEGALEASE-00155394-LEGALEASE-00155395 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| FV-I for Morgan Stanley Mortg. Capital Holdings v. Kallevig, 392 P.3d 1248 | 307A+690 | The proper remedy for a lack of standing is dismissal without prejudice. | Is the proper remedy for a lack of standing dismissal without prejudice? | 024604.docx | LEGALEASE-00155805-LEGALEASE-00155806 |
| Trent Realty Associates v. First Federal Sav. and Loan Ass'n of Philadelphia, 657 F.2d 29 | 170B+2447 | Limited partnership is an unincorporated association whose citizenship, for diversity purposes, is deemed to be that of persons composing the association. | Is limited partnership a form of unincorporated association? | 022615.docx | LEGALEASE-00158629-LEGALEASE-00158630 |
| Spence v. Frantz, 195 Wis. 69 | 200+80 | Abutting landowner has title to center of highway or street subject to public easement. | Does the abutting owner have title to the center of the highway subject to public easement? | 018897.docx | LEGALEASE-00161805-LEGALEASE-00161806 |
| John Hancock Mut. Life Ins. Co. v. Fid.-Baltimore Nat. Bank & Tr. Co., 212 Md. 506 | 8.30E+10 | Generally, law governing a bill or note is the law which the parties to the instrument intend to govern, and, therefore, if bill or note contains express provision that it shall be governed by laws of a particular state, such laws will govern. | Is the law that the parties intend to govern the proper law governing a bill or note? | Bills and Notes - Memo 1367 - RK_66268.docx | ROSS-003308615-ROSS-003308616 |
| Johnson v. State, 529 S.W.3d 36 | 135H+96 | Double jeopardy clause does not bar retrial if defendant requests, or consents to, a mistrial. U.S. Const. Amend. 5. | "After a mistrial not requested by defendant, but not objected to by him or her, do state and federal double jeopardy clauses not bar a second trial?" | 015328.docx | LEGALEASE-00163213-LEGALEASE-00163214 |
| Seymour v. Principi, 245 F.3d 1377 | 34+104.5 | Under statutory scheme for veterans' benefits, disability compensation is generally payable only to veterans, while death benefits are payable to survivors. | Is Veterans Affairs disability Compensation payable only to veterans? | 008822.docx | LEGALEASE-00163883-LEGALEASE-00163884 |
| State v. Smith, 10 R.I. 258 | 178+14 | An indictment charged defendant with willfully and unlawfully having in his possession with intent to sell and exchange, and with having for sale and exchange, certain watered milk. Held, that evidence of the possession of such milk by defendant's servant, with intent to sell or exchange the same, was not sufficient to convict defendant, without proof that the servant, in so possessing the milk, was acting for and in accordance with the will of the defendant, his master. | Will milk be adulterated if certain foreign substance are added ? | Adulteration- Memo 58-_1xIjUxHU9ztB6gsyGxQ-zFB0CDEi207nC.doc | ROSS-000000141-ROSS-000000142 |
| Mississippi Cty. v. City of Osceola, 515 S.W.3d 96 | 371+3710 | An "illegal exaction" is a tax that is either not authorized by law or is contrary to law. | Is illegal exaction a tax that is either not authorized by law or is contrary to law? | Taxation - Memo 1108 - SN_64512.docx | ROSS-003279129-ROSS-003279130 |
| Anadarko Petroleum Corp. v. Thompson, 94 S.W.3d 550 | 260+73.5 | Lease's habendum clause defines the mineral estate's duration. | Does a lease's habendum clause define the mineral estate's duration? | Mines and Minerals - Memo #299 - C - CSS_57756.docx | ROSS-003279677-ROSS-003279678 |
| Adem v. Des Peres Hosp., 515 S.W.3d 810 | 307A+690 | If a motion court's order and judgment do not specifically state that a claim is dismissed with prejudice, it is deemed to be dismissed without prejudice. Mo. Sup. Ct. R. 67.03. | "If a motion to dismiss did not specifically state it is dismissed with prejudice, is it deemed to be dismissed without prejudice ? " | Pretrial Procedure - Memo # 10453 - C - KG_62733.docx | ROSS-003279742-ROSS-003279743 |
| Estate of Dormaier ex rel. Dormaier v. Columbia Basin Anesthesia, P.L.L.C., 177 Wash. App. 828 | 302+48 | A complaint should adequately alert the defendant of the claim's general nature. CR 8. | Should a complaint adequately alert the defendant of the claim's general nature? | Pleading - Memo 621-RMM_66421.docx | ROSS-003280439-ROSS-003280440 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cornelius v. River Ridge Ranch Landowners Ass'n, 202 P.3d 564 | 307A+590.1 | A unilateral resumption of prosecution should not insulate a plaintiff from dismissal for lack of prosecution. | Should a unilateral resumption of prosecution not insulate a plaintiff from dismissal for lack of prosecution? | Pretrial Procedure - Memo # 7145 - C - VP_58037.docx | ROSS-003280773-ROSS-003280774 |
| Tiffany v. Brenton State Bank of Jefferson, 508 N.W.2d 519 | 307A+699 | Reinstatement of case dismissed for want of prosecution may be mandatory or discretionary; however, both types of reinstatement require proof that counsel exercised reasonable diligence in preparing and pursuing case for trial. Rules Civ.Proc., Rule 215.1. | Can reinstatement of a case dismissed for want of prosecution be mandatory or discretionary? | Pretrial Procedure - Memo # 10861 - C - KI_63881.docx | ROSS-003282132-ROSS-003282133 |
| First Jackson Sec. Corp. v. B. F. Goodrich Co., 253 Miss. 519 | 308+3(1) | "Agent" is one who stands in shoes of his principal, and his principal's alter ego; word "employee" is not synonymous with "agent". | Can an agent be his principal's alter ego? | Principal and Agent - Memo 581-SB_63597.docx | ROSS-003282174-ROSS-003282175 |
| Ralph v. State Dep't of Nat. Res., 171 Wash. App. 262 | 13+1 | The nature of a claim for relief is determined by the facts alleged in the complaint and as adduced thereunder, and by the relief requested. | How is the nature of a claim for relief determined? | Action - Memo 5 - MS.docx | ROSS-003284481-ROSS-003284482 |
| Osterman v. Baber, 714 N.E.2d 735 | 366+38 | While ordinary negligence will not bar the application of doctrine of equitable subrogation, the remedy will not be allowed where the party is guilty of culpable negligence. | Is equitable subrogation to be given a liberal application? | Subrogation - Memo # 679 - C - NO.docx | ROSS-003284715-ROSS-003284717 |
| In re Am. Exp. Fin. Advisors Sec. Litig., 672 F.3d 113 | 89+414 | Investors' claims against financial services company and financial consultant for breach of fiduciary duty, breach of contract, fraud, and negligent misrepresentation included claims falling outside settlement agreement and release in prior class action binding investors, which contained carve-out for suitability claims outside common course of conduct that was alleged or could have been alleged in class action, and therefore such claims were subject to parties' agreement to arbitrate, where investors alleged that defendants failed to invest their funds in conservative fashion as agreed, that alleged mismanagement did not fall within class action's common course of conduct of steering investors into certain managed programs, investors also alleged cover-up conduct outside scope of release, and investors asserted claims involving conduct that occurred after class period ended. | Can claims which have been released through a settlement agreement be subject to arbitration? | Alternative Dispute Resolution - Memo 566 - RK.docx | ROSS-003285613-ROSS-003285614 |
| KBD & Assocs. v. Great Lakes Foam Techs., 295 Mich. App. 666 | 308+81(5) | Sales agents are entitled to post-termination commissions for sales they procured during their time at the former employer. | Is an agent entitled to post termination commission for sales they procured? | Principal Agent -Memo 53 - RM.docx | ROSS-003286708-ROSS-003286709 |
| City of Coahoma v. Pub. Util. Comm'n of Texas, 626 S.W.2d 488 | 405+2096 | Term "public utility" used in "grandfather certificate" section of the Public Utilities Regulatory Act includes "retail public utility" as defined in section providing that for purpose of article dealing with certificates of convenience and necessity "retail public utility" means any person, corporation, water supply or sewer service corporation, or municipality operating facilities for providing retail utility service. Vernon's Ann.Civ.St. art. 1446c, SS 1 et seq., 3, 3(b, c), 49 et seq., 53. | Does the term 'public utility' include retail public utility? | Public Utilities - Memo 191 - AM.docx | ROSS-003286749-ROSS-003286750 |
| Fablok Mills v. Cocker Mach. & Foundry Co., 125 N.J. Super. 251 | 307A+563 | Where noncompliance with rules can be remedied by other measures, dismissal ordinarily will not be required. R. 4:23-5. | "Where noncompliance with rules can be remedied by other measures, will dismissal ordinarily not be required? " | Pretrial Procedure - Memo # 7190 - C - KBM.docx | ROSS-003289492-ROSS-003289493 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Keefer v. Spohrer, 168 Kan. 331 | 13+65 | Ordinarily, a plaintiff's right to recover, if any, is to be determined as of time action is commenced. | Is a plaintiffs right to recover to be determined as of the time action is commenced? | Action - Memo # 705 - C - NE.docx | ROSS-003289888-ROSS-003289889 |
| Lewis v. Pub. Serv. Comm'n, 463 So. 2d 227 | 145+11.3(1) | Public Service Commission's jurisdiction over rate structure does not include jurisdiction over actual rates charged by municipal electric utility. West's F.S.A. S 366.04(2)(b). | "Does the Public Service Commission (""PSC"") have jurisdiction over the rate structure of municipal utilities?" | Public Utilities - Memo 217 - AM.docx | ROSS-003290306-ROSS-003290307 |
| United States v. McGregor, 879 F. Supp. 2d 1308 | 63+1(1) | A campaign contribution transforms into a bribe when it is tied to a specific act; in other words, when there is a quid pro quo or a this for that. | When is a campaign contribution a bribe? | Bribery - Memo #210 - C-JL.docx | ROSS-003290347-ROSS-003290348 |
| Neal v. Bradley, 238 Ark. 714 | 83E+481 | Generally, recordation statutes do not apply to assignments of notes unless specifically so stated. | Do recordation statutes apply to assignment of notes? | Bills and Notes -Memo 423 -DB.docx | ROSS-003290849-ROSS-003290850 |
| State v. Voyles, 691 S.W.2d 452 | 210+541 | An indictment or information must allege all elements of crime intended to be charged and if such elements are missing they cannot be supplied by intendment or implication. | Does an indictment require all elements of the offense alleged? | Sex Offence - Memo 74 - SB.docx | ROSS-003291808-ROSS-003291809 |
| Sei Fujii v. State of California (1952) supra, 38 Cal.2d 718 | 24+123 | All aliens lawfully in the United States have right to work for living in common occupations of community. Nationality Act of 1940, SS 303, 701, as amended, 8 U.S.C.A. SS 703, 1001; Immigration Act of 1924, S 13(c), as amended, 8 U.S.C.A. S 213(c). | Do aliens have a right to work for a living in the common occupations of the community? | "Aliens, Immigration and Citizenship - Memo 66 - RK_64800.docx" | ROSS-003292355-ROSS-003292356 |
| Welcome v. Jennings, 780 P.2d 1039 | 260+23(3) | In order to preserve exclusive right of possession and extraction of minerals from mining claim, locator must perform annual labor and record annual affidavit of labor. AS 38.05.210. | "Does a person acquire the exclusive right to possess and extract minerals by discovery, location, and recording? " | Mines and Minerals - Memo #321 - C - EB_57772.docx | ROSS-003292711 |
| In re Houston, 409 B.R. 799 | 366+1 | Subrogation is allowed under South Carolina law only upon fact intensive inquiry and a balancing of equity. | Is the decision whether to grant equitable subrogation necessarily a fact intensive inquiry? | Subrogation - Memo 111 VP C.docx | ROSS-003295986-ROSS-003295987 |
| Univ. State Bank v. Gifford Hill Concrete Corp., 431 S.W.2d 561 | 302+20 | Although theories of recovery on contract and on quantum meruit bases are inconsistent, they may be plead alternatively. Rules of Civil Procedure, rules 47, 48. | Can inconsistent theories of recovery be pled in the alternative? | Pleading - Memo 508 - RMM_59433.docx | ROSS-003296136-ROSS-003296137 |
| Terry Contracting v. State, 51 Misc. 2d 545 | 13+61 | Cause of action "accrues" when a suit may be maintained thereon. | "Does a cause of action ""accrue"" when a suit may be maintained thereon? " | Action - Memo # 133 - C - CS.docx | ROSS-003296392-ROSS-003296393 |
| Rochester Transit Corp. v. Pub. Serv. Comm'n, 271 A.D. 406 | 70+12(11) | That Public Service Commission had notice of last service-at-cost contract between city and street railroad and that commission made orders in collateral proceedings after such notice did not constitute implied approval by commission of subsequent contract between city and street railroad so as to preclude commission from investigating rates, since commission cannot divest itself of jurisdiction except in manner provided by Legislature. Public Service Law, S 49, subds. 9, 11. | Is the Public Service Commission a delegate of the Legislature? | Public Utilities - Memo 88 - AM.docx | ROSS-003296652-ROSS-003296654 |
| In re Kizzee-Jordan, 626 F.3d 239 | 366+27 | Texas recognizes three types of subrogation: equitable, contractual, and statutory. | "Are the three types of subrogation contractual, statutory, and equitable?" | Subrogation - Memo 299 - RM C.docx | ROSS-003296839-ROSS-003296840 |
| Scottsdale Ins. Co. v. Addison Ins. Co., 448 S.W.3d 818 | 366+1 | Determination of whether a party has a right to equitable subrogation depends on the facts of the case. | Does the application of equitable subrogation always depend on the facts of a particular case? | Subrogation - Memo 185 - ANG C.docx | ROSS-003296989-ROSS-003296991 |
| City of Fairhope v. Raddcliffe, 48 Ala. App. 224 | 386+3 | To be a trespass there must be an act of direct force producing injury or damage. | Is direct force producing injury or damage required to constitute a trespass? | Trespass -Memo 75 - TH.docx | ROSS-003297217-ROSS-003297219 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jackson v. Joyner, 309 S.W.3d 910 | 307A+3 | A motion in limine is not subject to the same safeguards as a motion for summary judgment or for partial summary judgment. | Is a motion in limine subject to the same safeguards as a motion for summary judgment or for partial summary judgment? | Pretrial Procedure - Memo # 15 - C - KA.docx | ROSS-003297441-ROSS-003297442 |
| S. Farm Bureau Cas. Ins. Co. v. Tallant, 362 Ark. 17 | 366+1 | "Subrogation" is the substitution of one party for another; the party asserting subrogation is making a demand under the right of another. | Is subrogation the substitution of one party for another? | Subrogation - Memo 270 ANG C.docx | ROSS-003297619-ROSS-003297620 |
| Energy Transp., Ltd. v. M.V. San Sebastian, 348 F. Supp. 2d 186 | 25T+139 | In interpreting arbitration agreement, as in any other instance of contract interpretation, parties' intentions control, but those intentions are generously construed as to issues of arbitrability. | Are Arbitration agreements creatures of contract law? | Alternative Dispute Resolution - Memo 123 - JS.docx | ROSS-003297682-ROSS-003297684 |
| Fredette v. Town of Southampton, 95 A.D.3d 940 | 21+13.1 | Absence of certificate of conformity for out-of-state affidavit is not fatal defect. | Is the absence of a certificate of conformity for a foreign or out-of-state affidavit a fatal defect? | Affidavits - Memo 11 - ANG.docx | ROSS-003298695-ROSS-003298696 |
| State Bd. of Ret. v. Bulger, 446 Mass. 169 | 79+1 | A clerk of a court is a public officer clothed with official functions of a highly important nature. | Is a clerk of a court a public officer? | Clerks of Court - Memo 43 - RK.docx | ROSS-003299471-ROSS-003299472 |
| Board of County Com'rs of Saguache County v. Flickinger, 687 P.2d 975 | 118A+392.1 | To extent that district court erred in its finding that road passed through private property a distance of approximately three quarters of a mile to one mile, instead of slightly more than six tenths of a mile as shown in centerline survey, such error was clearly harmless in action seeking judicial declaration that road was a public highway acquired through adverse use, in that such error did not affect district court's conclusion that road had become public highway through adverse use by public for at least 20 consecutive years. C.R.S. 43-2-201(1)(c). | When can roads become public highways? | Highways - Memo 6 - RK.docx | ROSS-003299562-ROSS-003299563 |
| Osborne v. Jauregui, 252 S.W.3d 70 | 366+1 | Absent a contractual provision, subrogation is based on equitable principles. | Is subrogation based on equitable principles absent a contractual provision? | Subrogation - Memo # 538 - ANG C.docx | ROSS-003299618-ROSS-003299619 |
| Poole v. William Penn Fire Ins. Co., 264 Ala. 62 | 366+35 | Intentional relinquishment of a known right amounts to a waiver of subrogation rights. | Does intentional relinquishment of a known right amount to a waiver of subrogation rights? | Subrogation - Memo # 1262 - C - SJ.docx | ROSS-003302206-ROSS-003302207 |
| Tax Matrix Techs. v. Wegmans Food Markets, 154 F. Supp. 3d 157 | 308+48 | Under Pennsylvania law, an agency relationship is a fiduciary one, and the agent is subject to a duty of loyalty to act only for the principal's benefit. | Does an agent have a duty to be loyal to his principal? | Principal and Agent - Memo 520 - RK_63978.docx | ROSS-003307206-ROSS-003307207 |
| LVNV Funding v. Mavaega, 527 S.W.3d 128 | 38+90 | An assignee steps into the shoes of its assignor; it acquires no greater rights than those held by the assignor at the time of the assignment. | Can an assignee acquire greater rights than which the assignor has? | Bills and Notes - Memo 1219 - JK_62529.docx | ROSS-003310492-ROSS-003310493 |
| Schwegmann Bank & Tr. Co. of Jefferson v. Falkenberg, 931 F.2d 1081 | 83E+533 | In deciding whether holder of negotiable instrument is holder in due course, under Louisiana law, court must examine facts surrounding transaction to determine whether holder took note in subjective good faith. LSA-R.S. 10:3-302. | Can a party acquire holder in due course status by becoming a holder of a negotiable instrument? | Bills And Notes -Memo 55- AM_64294.docx | ROSS-003312195-ROSS-003312196 |
| N. Star Water Logic v. Ecolotron, 486 S.W.3d 102 | 307A+501 | The plaintiff's right to take a nonsuit is unqualified and absolute as long as the defendant has not made a claim for affirmative relief. Tex. R. Civ. P. 162. | Is the right to a nonsuit absolute? | Pretrial Procedure - Memo # 1321 - C - KA.docx | ROSS-003313951-ROSS-003313952 |
| Wyoming Sawmills Inc. v. U.S. Forest Serv., 383 F.3d 1241 | 149E+679 | United States Forest Service's action will be reversed only if it is arbitrary, capricious, otherwise not in accordance with the law, or not supported by substantial evidence. | What is the standard of review for reviewing the Forest Service's action? | Woods and Forest - Memo 40 - RK.docx | ROSS-003315275-ROSS-003315276 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fedewa v. J.P. Morgan Chase Bank, Nat. Ass'n, 921 F. Supp. 2d 504 | 8.30E+282 | Under Virginia law, notes are negotiable instruments that are freely transferable without impairment of the rights to subsequent holders. | Are notes negotiable instruments? | Bills and Notes - Memo 916 - RK_60712.docx | ROSS-003320279-ROSS-003320280 |
| Atlanta Int'l Ins. Co. v. Bell, 438 Mich. 512 | 366+1 | "Equitable subrogation" is legal fiction that permits one party to stand in shoes of another. | Is equitable subrogation a legal fiction? | Subrogation - Memo 242 - VG C.docx | ROSS-003324729-ROSS-003324730 |
| Washington Mut. Bank v. Chiappetta, 584 F. Supp. 2d 961 | 366+1 | Unjust enrichment under Ohio law is part of the doctrine of equitable subrogation, not a separate doctrine. | Is unjust enrichment part of the doctrine of equitable subrogation? | Subrogation - Memo 395 - RM C.docx | ROSS-003325625-ROSS-003325626 |
| Bel Air & Briney v. City of Kent, 190 Wash. App. 166 | 366+1 | Subrogation is an equitable remedy, and is founded in the facts and circumstances of each particular case. | Is equitable subrogation founded in the facts and circumstances of each particular case? | Subrogation - Memo 142 - VP C.docx | ROSS-003325731-ROSS-003325732 |
| Raines v. Com., 379 S.W.3d 152 | 207+5 | Age of victim was not element of crime of incest, and statute was properly applied to defendant who engaged in sexual relations with his adult stepdaughter; primary element for incest was relationship of the parties, "relationship of stepparent and stepchild" was specifically set forth in incest statute as prohibited relationship, and no relationship listed in statute had an age constraint. KRS 530.020. | Is victim's age as an element of the crime of incest? | Incest - Memo 35 - RM.docx | ROSS-003329309-ROSS-003329310 |
| Mein v. U. S. Car Testing Co., 115 Ohio App. 145 | 106+13.5(14) | A so-called "maintenance contract" whereby defendant agreed to maintain listed parts in good repair, "including both labor and parts for a period of one year", indemnifying against loss or damage resulting from perils outside and unrelated to defects in any parts sold and restricting liability by excluding certain named perils was a contract of "insurance" so that Kansas court had jurisdiction over defendant under Kansas statute providing for obtaining jurisdiction over and service upon those engaging in insurance business in state. G.S.Kan.1949, 40-1102(m). | What is the difference between a warranty and insurance? | 000194.docx | LEGALEASE-00115604-LEGALEASE-00115605 |
| Flowers v. Bedford Twp., 304 Mich. App. 661 | 315+147 | A "life estate" gives the holder the right to possess, control, and enjoy the property during the holder's lifetime. | What interest vests with the holder of a life estate? | Life Estates - Memo 5 - RM.docx | ROSS-003296625-ROSS-003296626 |
| Life Ins. Co. of Georgia v. Smith, 719 So. 2d 797 | 157+129(5) | Evidence of forgeries by life insurance agent to obtain funds from beneficiary for investment and to inflate sales account were relevant as other wrongs or acts and admissible in suit by employees alleging fraud in sale of life insurance by representing it as cafeteria retirement program or savings plan, even though the alleged other wrongs occurred after the alleged fraud; insurer defended on ground that written material disclosed that employees were purchasing insurance, employees claimed forgery of their signatures on these documents, and forgery and concealment of critical portions of documents were common elements in the transactions. Rules of Evid., Rule 404(b). | Is forgery a species of fraud? | Forgery - Memo 13 - RM.docx | LEGALEASE-00000489-LEGALEASE-00000490 |
| Guthrie v. Nat'l Advert. Co., 556 N.E.2d 337 | 277+2 | Notice is actual where the purchaser is aware of the adverse claim or title or has such information as would lead to knowledge. | When can a notice be inferred as an actual notice? | 10829.docx | LEGALEASE-00089307-LEGALEASE-00089308 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jules-Wallace & Co. v. R.A. Mgmt., 148 Misc. 180 | 38+13 | Assignment of wages to be earned in future, under employment contract not then existing, held void as against public policy, or at least unenforceable in law action against employer. | How is the validity of wage assignments to be tested? | 07343.docx | LEGALEASE-00077586-LEGALEASE-00077587 |
| Minor v. Minor, 2008 WL 582503 | 20+116(7) | Evidence on counterclaim to quiet title by way of adverse possession, in action for summary ejectment, was insufficient to warrant giving counterclaimant's requested jury instruction on adverse possession of an identified portion of property; counterclaimant did not plead adverse possession of specified portion of tract in her counterclaim and presented no evidence at trial that she adversely possessed only identified portion thereof, only known and visible line or boundary mentioned in claimant's evidence did not correspond to portion of property claimed, and counterclaimant claimed adverse possession of entire parcel at every opportunity during trial. West's N.C.G.S.A. S 1-40. | Do the Courts recognize claims for adverse possession of an identified portion of property owned by another? | 003868.docx | LEGALEASE-00115864-LEGALEASE-00115865 |
| Weihing v. Dodsworth, 100 Conn. App. 29 | 21+17 | Affidavits are insufficient to determine the facts unless they disclose that no genuine issue as to a material fact exists. | Are affidavits insufficient to determine facts? | 003872.docx | LEGALEASE-00115935-LEGALEASE-00115936 |
| Costanzo v. Costanzo, 248 N.J. Super. 116 | 38+4 | Any "specific thing", debt, or chose in action may be subject of assignment, but that which is not in existence or cannot be identified cannot be assigned. | Can any specific thing be assigned to effectuate a legal assignment? | Assignments - Memo 17 - AKA.docx | LEGALEASE-00000899-LEGALEASE-00000900 |
| McIntosh v. State, 23 Ga. App. 513 | 181+10 | The figures in a check do not control the words in its body denoting the sum called for in determining the legal effect, and are not a material part of instrument, so that their alteration by raising the figures is not a basis for a prosecution for forgery. | Does alteration of the figures on a negotiable instrument constitute forgery? | 003933.docx | LEGALEASE-00115932-LEGALEASE-00115934 |
| Tyson v. Masten Lumber & Supply, 44 Md. App. 293 | 277+12 | Actual knowledge may supplant formal statutory notification. | Will actual knowledge supplant a formal statutory notification? | Notice -Memo 23 - ANG_62201.docx | ROSS-003282550-ROSS-003282551 |
| Kershaw v. Burns, 91 S.C. 129 | 141+3(2) | A right of way with neither of its termini on claimant's premises, not essentially necessary to enjoyment thereof, held not appurtenant, but in gross. | "Is a right of way, in gross, incapable of being transferred?" | Assignments - Memo 38 - JS.docx | LEGALEASE-00001183-LEGALEASE-00001184 |
| Chapman v. Chapman, 526 So.2d 131 | 315+155 | Appropriate remedy for life tenants' failure to pay taxes, which resulted in waste, was not an acceleration of vested remaindermen's interest in the real property but, rather, appointment of receiver to collect rents and apply them to discharged tax indebtedness. | Can a life tenant who commits an unreasonable act which results in damage to the corpus of the property or the remaindermen be liable for damages? | 004248.docx | LEGALEASE-00115989-LEGALEASE-00115991 |
| AT & T Techs. v. Commc'ns Workers of Am., 475 U.S. 643 | 25T+112 | Arbitration is matter of contract and party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. | Can parties submit to arbitrate any dispute that they have not agreed to arbitrate? | 003712.docx | LEGALEASE-00116077-LEGALEASE-00116079 |
| Bazemore v. Jefferson Capital Sys., 827 F.3d 1325 | 25T+112 | Absent agreement to arbitrate dispute, court cannot compel parties to settle their dispute in arbitral forum. 9 U.S.C.A. S 1 et seq. | Can a court compel arbitration in the absence of an arbitration agreement? | 003722.docx | LEGALEASE-00116089-LEGALEASE-00116091 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States Aviation Underwriters v. Pilatus Bus. Aircraft, LTD, 582 F.3d 1131 | 16+17.1 | To determine whether general character of activity giving rise to incident was substantially related to traditional maritime activity, as required to warrant admiralty jurisdiction, court must determine whether a tortfeasor's activity, commercial or noncommercial, on navigable waters is so closely related to activity traditionally subject to admiralty law that the reasons for applying special admiralty rules would apply in the suit at hand; if activities of any one putative tortfeasor are substantially related to a traditional maritime activity, this prong of the jurisdictional test is satisfied. | Can admiralty jurisdiction be invoked for aviation torts? | 004049.docx | LEGALEASE-00116118-LEGALEASE-00116119 |
| Kevin Messina v. John A. White (In re Kevin Messina), 574 F.3d 119 | 354+209(3) | In considering a vessel owner's petition for exoneration or limitation of liability under Limitation of Liability Act, the district court will normally be required to conduct a two-step inquiry: first, it must determine whether the accident was caused by conduct that is actionable, for if there was no fault or negligence for the shipowner to be privy to or have knowledge of within meaning of the Act, there is no liability to be limited and the owner would then be entitled to exoneration; if the claimant carries his burden of proving the accident was caused by actionable conduct, the owner then has the burden of proving that the actionable conduct or condition was without his privity or knowledge. 46 U.S.C.A. S 30505(a, b). | "In maritime law, does privity and knowledge mean that a shipowner knew or should have known that a certain condition existed?" | 004051.docx | LEGALEASE-00116127-LEGALEASE-00116129 |
| Canton Port Servs. v. M/V Snow Bird, 690 F. Supp. 2d 405 | 252+23 | Docking services provided to vessel at its owner's order were "necessaries" under Federal Maritime Liens Act (FMLA), and thus port services company automatically acquired maritime lien on vessel from time it began providing docking services, regardless of whether owner received invoices from company or whether he offered to settle his debt, where owner never forwarded check or otherwise paid company any fees, and never posted any security following vessel's arrest. 46 U.S.C.A. SS 31301(4), 31342. | How can one establish a maritime lien on a vessel? | 06309.docx | LEGALEASE-00078369-LEGALEASE-00078371 |
| In re Holt, 28 A.D.2d 201 | 38+18 | A right to future performance under an obligation existing at time of assignment is an "existing right" as opposed to a "future right". | Can a right to future performance of an obligation be assigned? | Assignments - Memo 42 - JS.docx | ROSS-003284939-ROSS-003284940 |
| Hoye v. Like, 958 S.W.2d 234 | 50+1 | Even though bailment contract may arise by implication, it cannot arise from nothing, nor from mere conjecture or possibility. | When does a bailment arise? | 07378.docx | LEGALEASE-00079079-LEGALEASE-00079080 |
| Pringle v. Builders Transp., 298 S.C. 494 | 413+1165 | Where provisions of Administrative Procedures Act and Workers' Compensation Act conflict, APA controls. Code 1976, SS 1-23-310 et seq., 42-1-10 et seq., 42-17-60. | "When there is a conflict between the Administrative Procedure Act and the Workers' Compensation Act, which shall prevail over the other?" | 004039.docx | LEGALEASE-00116360-LEGALEASE-00116361 |
| Consumers Power Co. v. Pub. Serv. Comm'n, 189 Mich. App. 151 | 15A+1104 | Generally, statute which grants power to administrative agency is to be strictly construed; administrative authority must be affirmatively or plainly granted, for doubtful power does not exist. | Is strict construction applied to statutes that grant power to administrative agencies? | 004281.docx | LEGALEASE-00116358-LEGALEASE-00116359 |
| State v. Greathouse, 113 Wash. App. 889 | 146+1 | Unlike theft by taking, which requires a trespass in the taking, theft by embezzlement involves a violation of trust. West's RCWA 9A.56.010(19)(b), 9A.56.020(1)(a). | Does embezzlement involve violation of trust? | 004309.docx | LEGALEASE-00116503-LEGALEASE-00116504 |
| United States v. Evans, 572 F.2d 455 | 146+4 | In prosecution for embezzling or stealing public money, property, or records, government must establish that it suffered some actual property loss. 18 U.S.C.A. S 641. | Is it essential to establish some property loss by the government in a violation of 18 U.S.C.A s 641? | 004315.docx | LEGALEASE-00116555-LEGALEASE-00116556 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Acequia, 34 F.3d 800 | 253+1081 | Under Idaho law, one spouse is liable for tort of the other only if spouse authorizes tortious act and act furthers community purpose. | Is a spouse liable for the torts of the other spouse? | Marriage and Cohabitation - Memo 16 - AKA.doc | LEGALEASE-00002205-LEGALEASE-00002206 |
| Arsenal Coal Co. v. Com., Dep't of Envtl. Res., 505 Pa. 198 | 260+92.17 | Preenforcement review is not within authority of Environmental Hearing Board, as statutory remedy prescribed by state Surface Mining Conservation and Reclamation Act contemplates resort to Environmental Hearing Board upon Department action; it is only within context of appeal from Department of Environmental Resources action upon application of allegedly illegal regulation, that Board enjoys ancillary power to rule on validity of regulations. 52 P.S. S 1396.4(b); 71 P.S. SS 510-21, 510-21(a, c); 2 Pa.C.S.A. S 703(a). | Is pre-enforcement review within the authority of the Environmental Hearing Board (EHB)? | Environmental Law - Memo 52 - AKA.doc | ROSS-003288113-ROSS-003288114 |
| Lingle v. Chevron U.S.A. Inc., 544 U.S. 528 | 148+70 | Takings Clause does not prohibit taking of private property, but instead places condition on exercise of that power; in other words, it is designed not to limit governmental interference with property rights per se, but rather to secure compensation in event of otherwise proper interference amounting to a taking. U.S.C.A. Const.Amend. 5. | What purpose does the Takings Clause serve? | Eminent Domain - Memo 1 - AKA.doc | LEGALEASE-00002452-LEGALEASE-00002453 |
| Lindsey v. Lindsey, 392 P.3d 968 | 253+422 | Married persons have a right to separately own and enjoy property, and that right does not dissipate upon divorce. | Can a married person own separate property during marriage? | 004792.docx | LEGALEASE-00116735-LEGALEASE-00116736 |
| Bramlett v. Overnite Transp., 102 N.C. App. 77 | 50+12 | North Carolina recognizes three types of bailments: bailments for sole benefit of bailor; bailments for sole benefit of bailee, or gratuitous bailments; and bailments for mutual benefit of both parties. | What are the different types of bailments? | 004625.docx | LEGALEASE-00116905-LEGALEASE-00116906 |
| Hadfield v. Gilchrist, 343 S.C. 88 | 50+2 | A "gratuitous bailment" is, by definition, one in which the transfer of possession or use of the bailed property is without compensation. | What is a gratuitous bailment? | Bailment - Memo 24 - ANG.docx | ROSS-003295277-ROSS-003295278 |
| Am. Petroleum Inst. v. E.P.A., 706 F.3d 474 | 1.49E+275 | Environmental Protection Agency's (EPA) 2012 projection of cellulosic biofuel production in connection with its promulgation of renewable fuel standards (RFS) was in excess of the agency's statutory authority under Clean Air Act (CAA); neither statutory text nor the general structure of the RFS program supported EPA's decision to adopt a methodology in which the risk of overestimation was set deliberately to outweigh the risk of underestimation. Clean Air Act, S 211(o )(7)(D)(i), 42 U.S.C.A. S 7545(o )(7)(D)(i). | Can the Environmental Protection Agency (EPA) rely on its general authority to make rules to carry on functions when a specific statutory directive defines its relevant functions in a particular area? | Environmental Law - Memo 55 - AKA.doc | LEGALEASE-00002841-LEGALEASE-00002842 |
| Melvin v. United States, 963 F. Supp. 1052 | 50+2 | Under Kansas law, "bailment for mutual benefit" arises whenever it appears that both parties receive benefit from transaction; it is not necessary for bailee to receive compensation from bailor, so long as bailment is incident of business from which bailee makes a profit. | When does a bailment for mutual benefit arise? | Bailment -  Memo 45 - RK.docx | ROSS-003283497-ROSS-003283498 |
| Command Cinema Corp. v. VCA Labs, 464 F. Supp. 2d 191 | 50+16 | Any misdelivery of a bailed good, whether made in a good faith or not, results in liability of the bailee for conversion under New York law. | Does the misdelivery of goods constitute conversion? | Bailment -  Memo 48 - RK.docx | ROSS-003324149-ROSS-003324150 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Dial, 757 F.2d 163 | 184+25 | It is fraud to impose enormous risk of loss on one's employer through deliberate misrepresentation even if risk does not materialize. | Can an act come under the offence of embezzlement if the risk did not materialize? | Embezzlement  - Memo 34 - RK.docx | ROSS-003288518-ROSS-003288519 |
| People v. Mahumed, 381 Ill. 81 | 164T+10 | Sending letters through the mails threatening to expose one's past for the purpose of extorting money is "blackmail". | Are the terms blackmail and extortion synonymous? | 005045.docx | LEGALEASE-00117109-LEGALEASE-00117111 |
| Rader v. ShareBuilder Corp., 772 F. Supp. 2d 599 | 379+436 | Blackmail and extortion are, in almost all jurisdictions, crimes, not civil causes of action. | Can extortion and blackmail create civil causes of action? | 005052.docx | LEGALEASE-00117112-LEGALEASE-00117114 |
| Viacom Int'l Inc. v. Icahn, 747 F. Supp. 205 | 164T+19 | Hobbs Act extortion violation has two elements: wrongful means and wrongful objective. 18 U.S.C.A. S 1951(b)(2). | What are the elements which constitute a violation under the Hobbs Act? | Extortion - Memo 4 - RK.docx | LEGALEASE-00003001-LEGALEASE-00003003 |
| Ostroff v. Alterra Healthcare Corp., 433 F. Supp. 2d 538 | 25T+112 | Court cannot direct parties to arbitration unless agreement to arbitrate is valid. | Can a court direct parties to arbitrate if the agreement to arbitrate is not valid? | Alternative Dispute Resolution - Memo 115 - JS.docx | ROSS-003297898-ROSS-003297900 |
| Marcus v. Masucci, 118 F. Supp. 2d 453 | 25T+133(1) | In determining whether there is a contractual provision mandating arbitration of dispute, courts are to employ ordinary contract principles. | Is it determined based on ordinary contract principles whether parties have agreed to arbitrate? | 004878.docx | LEGALEASE-00117138-LEGALEASE-00117140 |
| Reichhold Chemicals v. Illinois Pollution Control Bd., 204 Ill. App. 3d 674 | 149E+420 | Illinois Environmental Protection Agency had no authority to reconsider or modify its earlier decision denying application for permit to operate polyester resin manufacturing plant based on possible violation of Environmental Protection Act, and State Pollution Control Board had statutory duty to review permit denial within 35 days of applicant's filing of petition for review after Agency did not reply to its letter requesting reconsideration of denial and erred in dismissing that petition on ground that request for reconsideration was pending with Agency. S.H.A. ch. 1111/212, PP 1005(d), 1039(a). | Is the Pollution Control Board empowered with the authority to hear rehearing requests? | 005037.docx | LEGALEASE-00117221-LEGALEASE-00117223 |
| In re Masonite Corp., 997 S.W.2d 194 | 401+1.5 | Plaintiff has the first choice to fix venue in a proper county by filing the suit in the county of his choice. | Is the plaintiff or the defendant given the first choice of venue? | 005177.docx | LEGALEASE-00117262-LEGALEASE-00117264 |
| Dexheimer v. CDS, 104 Wash. App. 464 | 233+1110 | Under the common law, a landlord's duty with respect to a latent defect is only to warn of its existence; there is no common law duty to repair. | Is the landlord under a common law duty to repair rental property? | Landlord and Tenant - Memo 06 - RK.docx | LEGALEASE-00003709-LEGALEASE-00003710 |
| Robertson v. Southwestern Bell Yellow Pages, 190 S.W.3d 899 | 237+21 | Statements about very large groups generally will not support an action for defamation. | Can statements against large groups of people support an action for defamation? | Libel and Slander- Memo 48 - RK.docx | ROSS-003297238-ROSS-003297239 |
| In re Masonite Corp., 997 S.W.2d 194 | 250+4(4) | Trial court's abuse of its discretion in ordering transfer of venue for claims of non-resident plaintiffs to their counties of residence on its own motion, instead of granting defendants' motion to transfer venue of such claims to proper county of defendants' choice, presented exceptional circumstances rendering appellate remedy inadequate and thus warranting mandamus relief, where effect of trial court's disregard for parties' pleadings, facts, and law would be that claims of hundreds of plaintiffs would be tried in multiple improper forums, all with automatic reversible error. | Does the plaintiff get second choice of venue? | 005180.docx | LEGALEASE-00117265-LEGALEASE-00117266 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hall v. Citizens Ins. Co. of Am., 141 Mich. App. 676 | 237+119 | For purposes of element of defamation action requiring proof of "special harm" or "special injury" caused by publication, "special harm" or "special injury" merely refers to actual harm resulting from defamatory statement; "actual harm" includes not only out-of-pocket losses, but also damages for mental and emotional suffering. | What constitutes actual harm in the context of defamation? | 000550.docx | LEGALEASE-00117327-LEGALEASE-00117328 |
| Biondo v. Biondo, 769 So. 2d 94 | 253+953 | By matrimonial agreement, wife and husband could have provided for contribution to the expenses of the marriage, for apportionment of community property according to fixed shares, or for the reservation of fruits as separate property, and they could have provided that their existing or future property would be subject to something other than the legal regime. LSA-C.C. art. 2330. | How is a property classified as separate and community? | Marriage and Cohabitation- Memo 51 - JS.docx | LEGALEASE-00003900-LEGALEASE-00003901 |
| Turner v. Mullins, 162 S.W.3d 356 | 315+22 | In determining the ownership of property, courts apply the law of the jurisdiction in which the land is located. | What law is applied in determining the ownership of a property? | Property - Memo 19 - JS.docx | ROSS-003311200-ROSS-003311201 |
| Johnson v. Paynesville Farmers Union Co-op. Oil Co., 817 N.W.2d 693 | 386+14 | Entry upon the land that interferes with the landowner's right to exclusive possession results in trespass whether that interference was reasonably foreseeable or whether it caused damages. | Does the right to exclusive possession of the property have an important role in the tort of trespass? | Trespass - Memo 20 - RK.docx | LEGALEASE-00004136-LEGALEASE-00004138 |
| Aguilar v. Trujillo, 162 S.W.3d 839 | 386+12 | A trespass can be either by entry of a person on another's land or by causing or permitting a thing to cross the boundary of the premises. | Are actual damages an element of the tort of trespass? | Trespass - Memo 16 - RK.docx | LEGALEASE-00004243-LEGALEASE-00004244 |
| People v. Williams, 128 Ill. App. 3d 384 | 207+1 | As defined by statute, "sexual intercourse occurs when there is any penetration of the female sex organ by the male sex organ," and it is thus obvious that no female is physically or biologically able to perform sexual intercourse with another female no matter whether the relationship is one of consanguinity or affinity; to equate the father-daughter sexual relationship with a mother-son sexual relationship as similar acts between parents and a designated child ignores the differences between those acts, physically, psychologically, naturally, historically, and statistically. S.H.A. ch. 38, S 11-1. | How is sexual intercourse defined? | Incest - Memo 13 - TH.docx | LEGALEASE-00004394-LEGALEASE-00004395 |
| State v. Haston, 64 Ariz. 72 | 207+6 | Proof of an emission is not essential to show a completed sexual offense of rape, adultery, incest, or other carnal knowledge. Code 1939, SS 43-405, 43-4901, 63-107 (A.R.S. SS 13-471, 13-611 to 13-614, 25-101). | Is committing the crime of incest the same as committing the crime of rape? | 000455.docx | LEGALEASE-00117720-LEGALEASE-00117721 |
| State v. Allen, 125 Ariz. 158 | 207+5 | In regard to offense of sexual abuse in the third degree, if the requisite degree of consanguinity or affinity exists between defendant and victim, no exception is made merely because half-blood relationships are involved. I.C.A. SS 4.1, subd. 23, 709.4, subd. 4. | Are half-blood relationships included within the incest prohibition? | 000463.docx | LEGALEASE-00117703-LEGALEASE-00117705 |
| People v. Womack, 167 Cal. App. 2d 130 | 207+5 | Prohibitions against incestuous relationships apply to designated near relatives, whether by the half blood or the whole blood. West's Ann.Pen.Code, S 285; West's Ann.Civ.Code, S 59. | Are half-blood relationships included within the incest prohibition? | Incest - Memo 21 - TH.docx | LEGALEASE-00004407-LEGALEASE-00004409 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gordon v. State, 327 Ga. App. 774 | 207+2 | Half-blood relationship between defendant, the uncle, and child complainant, the niece, was not one expressly enumerated by the incest statute such that the sexual relationship between them could not be classified as incestuous, thus precluding conviction for incest; in recognizing the well-settled principles of statutory construction providing that the expression of one thing implies the exclusion of another, and that, if some things are expressly mentioned, the inference is stronger that those not mentioned were intended to be excluded, the Court of Appeals found that the incest statute's specific reference to a brother and sister of the half blood necessarily evinced an intent to exclude other, unmentioned half-blood relationships. West's Ga.Code Ann. S 16-6-22. | Is an uncle or aunt engaging in sexual intercourse with a nephew or niece guilty of incest? | Incest - Memo 6 - TH.docx | LEGALEASE-00004410-LEGALEASE-00004411 |
| Villas at Parkside Partners v. City of Farmers Branch, Tex., 675 F.3d 802 | 268+111(4) | General severability clause could not be applied to revise and leave intact any remaining parts of city ordinance that required all adults living in rental housing within city to obtain an occupancy license conditioned upon occupant's citizenship or lawful immigration status, since ordinance lacked functional coherence without its unconstitutional criminal offense and penalty provisions and its overarching judicial review process. U.S.C.A. Const. Art. 6, cl. 2. | Are obtaining licenses mandatory for renting property? | 000499.docx | LEGALEASE-00117646-LEGALEASE-00117647 |
| Indep. Gas & Oil Producers v. Union Oil Co. of California, 669 F.2d 624 | 298+1 | Doctrine of perpetuities voids any property right which may vest more than twenty-one years after some life in being at the creation of the interest. | What violates the rule against perpetuities ? | 000514.docx | LEGALEASE-00117633-LEGALEASE-00117634 |
| Lasher v. Redevelopment Auth. of Allegheny Cty., 211 Pa. Super. 408 | 233+704 | When grantor remains in possession after a conveyance of the premises he is a "tenant at will," especially where he has consent of the grantee. | Do grantors who continue to remain in possession after a deed hold possession as tenants at will? | 000532.docx | LEGALEASE-00117617-LEGALEASE-00117618 |
| In re Byrd, 546 B.R. 434 | 315+782 | Under Idaho law, ownership of motor vehicle is generally determined by reference to title certificate. | How is ownership of a motor vehicle determined? | Property - Memo 26 - TH.docx | ROSS-003313224-ROSS-003313225 |
| State v. Tarpley, 157 Or. App. 693 | 315+792 | Term "proof" in statute governing proof of ownership or right to possession of a vehicle refers to establishing prima facie proof of an individual's ownership or possessory interest in a vehicle through a certificate of title, salvage title certificate, or Department of Transportation records. ORS 164.005, 164.105, 801.100, 802.240, 803.010. | Can a certificate of title be prima facie evidence of vehicle ownership? | Property - Memo 28 - TH.docx | ROSS-003297342-ROSS-003297343 |
| Jones v. Marsh, 148 Tex. 362 | 23H+662(3) | The statute providing for trial de novo under same rules as ordinary civil suits on appeal to district court from county judge's order denying application for license to sell beer at retail contemplates only limited review, and question for district court is whether county judge's fact findings are reasonably supported by substantial evidence. Vernon's Ann.P.C. arts. 666-14, 667-6. | What is the standard of review a district court should use when hearing an appeal from the Firemen's and Policemen's Civil Service Commission? | 000313.docx | LEGALEASE-00117971-LEGALEASE-00117972 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Bale, 512 N.W.2d 164 | 207+5 | Sexual penetration between adoptive parent and child did not constitute incest under statute limiting crime of incest to sexual penetration between those related by consanguinity; adoption did not create legal consanguinity between adoptive parent and child. SDCL 22-22-1(6). | Do incest laws prohibit sexual intercourse between people who are related by affinity? | 000457.docx | LEGALEASE-00117967-LEGALEASE-00117968 |
| Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co., 598 F.3d 257 | 219+39(2.15) | Damages are "liquidated damages" under Kentucky law, for purposes of award of prejudgment interest, when the amount in question is either agreed upon by the parties or is fixed by operation of law or the parties. | When are damages liquidated? | Libel and Slander - Memo 84 - TH.docx | ROSS-003285573-ROSS-003285575 |
| Thompson v. TCI Prod. Co., 81 F. Supp. 3d 1257 | 313A+119 | Under Oklahoma law, manufacturer's commercial solvent was not unreasonably dangerous to an extent beyond that which would be contemplated by the ordinary consumer who would purchase it, and thus manufacturer was not liable for products liability under design defect theory after consumer of barrel that had contained solvent died in explosion allegedly caused by ignition of solvent residue in barrel when consumer was attempting cut into it with a torch, where it was known generally, and especially to the trained automobile body shop technicians who where the intended consumers, that solvents such as manufacturer's were extremely flammable and that vapors from such solvents could ignite explosively. | What are the elements to prove a claim of manufacturer's product liability? | Products Liability - Memo 12- TH.docx | ROSS-003284752-ROSS-003284754 |
| Kennedy v. City of New York, 196 N.Y. 19 | 233+695(3) | A tenant holding over after the expiration of a definite term for a year, or years, may be treated by the landlord as a trespasser, or as a tenant from year to year, holding under the conditions of the original lease except as to duration. Order (1908) 111 N.Y.S. 61, 127 App.Div. 89, reversed. | Is a tenant who holds over considered a tenant from year to year? | Landlord and Tenant - Memo 38 - ANG.docx | LEGALEASE-00004776-LEGALEASE-00004779 |
| Bellows v. Ziv, 38 Ill. App. 2d 342 | 233+695(3) | Where a tenant holds over after expiration of a lease for a year or years, landlord may elect to accept and treat him as a tenant from year to year. | Is a tenant who holds over considered a tenant from year to year? | 000806.docx | LEGALEASE-00117787-LEGALEASE-00117790 |
| White v. Croft, 1918 WL 3198, 47 Pa.C.C. 161 | 233+710 | When lease is made for specified time without provision for renewal and tenant holds over after expiration of term, he becomes tenant at sufferance and may be dispossessed at any time, without notice, or may vacate leased premises and be liable for rent only for time he was in possession. | Is a tenant by holding over also a tenant by sufferance? | Landlord and Tenant - Memo 39 - ANG.docx | LEGALEASE-00004780-LEGALEASE-00004783 |
| Brown v. Johnson, 118 Tex. 143 | 233+525 | Relation of landlord and tenant is question of fact, and may be proved or disproved by parol evidence. | Is the existence of a landlord tenant relationship a question of fact? | Landlord and Tenant - Memo 40 - ANG.docx | LEGALEASE-00004784-LEGALEASE-00004785 |
| Roberts v. Casey, 36 Cal. App. 2d Supp. 767 | 233+525 | The determination of whether a person is a lodger or a tenant presents a mixed question of law and fact. | Is determination of a tenant and a lodger a mixed question of law and fact? | 000823.docx | LEGALEASE-00117955-LEGALEASE-00117956 |
| Fuqua v. Graber, 158 S.W.3d 635 | 249+0.7 | As a matter of first impression, debtor's state law claim for malicious prosecution against attorney and attorney's law firm, in which he alleged that attorney and law firm, acting on behalf of a client, wrongfully filed an adversary proceeding in debtor's then-pending bankruptcy case, was not preempted by federal bankruptcy law; debtor's malicious prosecution claim did not accrue until five years after he was discharged in bankruptcy. | Does state claims for malicious prosecution preempted by a proceeding in the bankruptcy court? | Malicious Prosecution - Memo 3 - MS.docx | LEGALEASE-00004809-LEGALEASE-00004811 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Davis v. Smith, 227 S.W.3d 299 | 249+4 | Claim for malicious prosecution requires the institution of a civil or criminal proceeding by or at the insistence of the defendant. | What is the prerequisite to the malicious prosecution claim? | 000842.docx | LEGALEASE-00117821-LEGALEASE-00117822 |
| Stephan v. United States, 133 F.2d 87 | 384+2 | The constitutional definition of treason has left no room for constructive treason, and Congress could not and has not undertaken to restrict or enlarge the constitutional definition. 18 U.S.C.A. S 2381; U.S.C.A. Const. art. 3, S 3, cl. 1. | Is the doctrine of constructive treason adopted in the United States? | Treason - Memo 4 - ANG.docx | LEGALEASE-00004850-LEGALEASE-00004851 |
| Davis v. Houston Lighting & Power, 990 F. Supp. 515 | 25T+200 | When confronted with question of arbitrability, a district court must determine, as a threshold matter, whether grievance before it is subject to arbitration. | Does national policy favor arbitration? | 000987.docx | LEGALEASE-00117985-LEGALEASE-00117986 |
| Williams v. State Farm Mut. Auto. Ins. Co., 202 Mich. App. 491 | 203+567 | A "deadly weapon" is not only a weapon with which death may be easily and readily produced, but one which is likely to produce death or great bodily harm from the manner in which it is used. | Is a deadly weapon considered one that as it was used death would probably result? | 001070.docx | LEGALEASE-00118070-LEGALEASE-00118071 |
| Hopi Tribe v. U.S. Envtl. Prot. Agency, 851 F.3d 957 | 209+105 | United States has a general trust relationship with Indian tribes. | Does the United States owe a general trust responsibility to Indian tribes? | Indians - Memo 7 - JS_62223.docx | ROSS-003279313-ROSS-003279314 |
| Zuzak v. Querbes, 193 So. 258 | 65+71 | On question whether a certain lease was the renewal of a prior lease upon the execution of which additional brokerage commissions were due, both leases, which named a partnership as lessee, involved the same lessee, notwithstanding that a change in membership of partnership occurred between dates of execution of leases, since a "partnership" once formed and put into action becomes in contemplation of law a moral being distinct from the persons who compose it. | Is a partnership a civil person having civil rights? | Partnership - Memo 40 - JS_62239.docx | ROSS-003281508-ROSS-003281509 |
| Williams v. State Farm Mut. Auto. Ins. Co., 202 Mich. App. 491 | 203+567 | A "deadly weapon" is not only a weapon with which death may be easily and readily produced, but one which is likely to produce death or great bodily harm from the manner in which it is used. | Is a deadly weapon considered one that as it was used death would probably result? | Homicide - Memo 28 - RK.docx | LEGALEASE-00005262-LEGALEASE-00005263 |
| Merck & Co. Inc. v. Lyon, 941 F. Supp. 1443 | 212+1384 | Under North Carolina law, narrow preliminary injunction against former employee's disclosure to competitor of pharmaceutical product manufacturer's supply agreement for active agreement in stomach acid antagonist, and project launch dates of various antagonist line extensions, was warranted under inevitable disclosure theory; former employee's positions with manufacturer and competitor were similar, competition between parties was intense, former employee was not forthright with manufacturer regarding his employment with competitor, and manufacturer's trade secrets were general business information. N.C.G.S. S 66-154(a). | Do employees have the freedom to sell their expertise to the highest and most congenial bidder? | Labor and Employment - Memo 9 - VP.docx | LEGALEASE-00005282-LEGALEASE-00005283 |
| Heritage Bank v. Kasson, 853 N.W.2d 868 | 289+501 | Party asserting that a partnership relationship exists has the burden of proving that relationship by a preponderance of the evidence. | Who has the burden of proving the existence of a partnership? | 000615.docx | LEGALEASE-00118290-LEGALEASE-00118291 |
| Boyer v. First Nat. Bank of Kokomo, 476 N.E.2d 895 | 226H+17 | Joint venture is similar to a partnership except a joint venture contemplates only a single business transaction; partnership, on the other hand, is formed for general business of a particular kind. | Is a joint venture limited to a single transaction? | 000627.docx | LEGALEASE-00118277-LEGALEASE-00118279 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Xcel Energy Servs. Inc. v. F.E.R.C., 815 F.3d 947 | 145+1 | Primary aim of the Federal Power Act (FPA) is the protection of consumers from excessive rates and charges. Electric Utility Companies Act, S 205(a), 16 U.S.C.A. S 824d(a). | What is the primary aim of Federal Power Act? | Electricity - Memo 1 - RM.docx | ROSS-003283488-ROSS-003283490 |
| Wilson v. Texas Parks & Wildlife Dep't, 886 S.W.2d 259 | 401+17 | If plaintiff's venue choice is not properly challenged through motion to transfer venue, propriety of venue is fixed in county chosen by plaintiff. V.T.C.A., Civil Practice & Remedies Code S 15.063; Vernon's Ann.Texas Rules Civ.Proc., Rule 86, subd. 1. | Does a plaintiff have the right to choose venue? | 001112.docx | LEGALEASE-00118110-LEGALEASE-00118112 |
| Estate of Prather v. Sherman Hosp. Sys., 2015 IL App (2d) 140723 | 401+52(1) | When a plaintiff chooses his home forum or the site of the accident or injury, the choice of forum is most likely convenient; however, when a plaintiff is foreign to the chosen forum and when the action giving rise to the litigation did not occur in the chosen forum, the plaintiff's choice of forum is accorded less deference. | Is the plaintiffs choice of venue entitled to the same weight in all cases? | Venue - Memo 31 - TH.docx | ROSS-003311933-ROSS-003311935 |
| Mlle. Reif, v. Randau, 166 Misc. 247 | 379+210 | The right to carry on business, be it called "liberty" or "property," has value, and to interfere therewith without just cause is unlawful. | Does the right to carry on business has value? | 001379.docx | LEGALEASE-00118173-LEGALEASE-00118174 |
| Window Rock Unified Sch. Dist. v. Reeves, 861 F.3d 894 | 209+106 | Federal government may limit tribe's power either by treaty or by statute. | How does the federal government limit a tribes sovereignty? | Indians - Memo 11 - MS_62211.docx | ROSS-003307655-ROSS-003307656 |
| People v. Williams, 128 Ill. App. 3d 384 | 92+3419 | The legislature's determination that a more severe penalty was needed to deter men from committing aggravated incest than was needed to deter women, and that men most often, if not exclusively, commit the offense, was not arbitrary, irrational, or unreasonable, and aggravated incest statute did not offend equal protection clause. U.S.C.A.Const. Amend. 14; S.H.A.Const.1970, art. 1, S 18; S.H.A. ch. 38, SS 11-10, 11-11. | Are incest sentences more stringent on men than on women? | 05362.docx | LEGALEASE-00080807-LEGALEASE-00080808 |
| Dauphin Cty. Indus. Dev. Auth. v. Pennsylvania Pub. Util. Comm'n, 123 A.3d 1124 | 145+1 | The purpose of the Alternative Energy Act is to encourage growth and investment in renewable sources of energy. 73 P.S. SS 1648.1-1648.8. | What is the purpose of Alternative Energy Act? | Electricity - Memo 4 - RM.docx | ROSS-003286177-ROSS-003286178 |
| Nat'l Blvd. Bank of Chicago v. Citizens Utilities Co. of Illinois, 107 Ill. App. 3d 992 | 315+34 | Normally, water and sewer mains are considered real property. | Is water and sewer mains considered as real property? | Property - Memo 34 - RM.docx | ROSS-003283927-ROSS-003283928 |
| Brown v. Bd. of Ed. of Topeka, Shawnee Cty., Kan., 347 U.S. 483 | 92+3278(1) | The opportunity of an education, where the state has undertaken to provide it, is a right which must be made available to all on equal terms. U.S.C.A.Const. Amend. 14. | Is education a core function of the state government? | Education - Memo 1 - JS.docx | LEGALEASE-00005952-LEGALEASE-00005953 |
| Bolduc v. Bailey, 586 F. Supp. 896 | 237+1 | Gravamen of action for defamation is damage to one's reputation in the community caused by the defamatory statements. | What is the gravamen of an action for defamation? | 001314.docx | LEGALEASE-00118499-LEGALEASE-00118500 |
| In Re Mountaintop Area Joint Sanitary Auth., 166 A.3d 553 | 148+2.1 | When determining whether a de facto taking has occurred, court focuses on the governmental action in question. | Does occurrence of a de facto taking focus on the governmental action in question? | Eminent Domain -Memo 56- VP.docx | LEGALEASE-00006082-LEGALEASE-00006083 |
| Home Builders Ass'n of Greater Chicago v. City of Chicago, 213 F. Supp. 3d 1019 | 148+2.1 | Mere diminution in the value of property, however serious, is insufficient to demonstrate a taking. U.S. Const. Amend. 5. | Is diminution of property value alone sufficient to support a taking? | 001464.docx | LEGALEASE-00118669-LEGALEASE-00118670 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Smith v. Luther, 973 F. Supp. 601 | 249+47 | Conclusory allegation that special agent of Mississippi State Tax Commission and colleague "further participated in prosecuting these unfounded charges against (taxpayer) at trial" was not sufficient to state claim against agent for malicious prosecution under Mississippi law. | Is conclusory allegation sufficient to state a claim of malicious prosecution? | Malicious Prosecution - Memo 37 - ANG.docx | ROSS-003285218-ROSS-003285219 |
| Hornstein v. Wolf, 109 A.D.2d 129 | 249+50 | Conclusory, unsubstantiated allegations of malice were not sufficient to state claim of malicious prosecution. | Is conclusory allegation sufficient to state a claim of malicious prosecution? | 001497.docx | LEGALEASE-00118657-LEGALEASE-00118658 |
| Tennant v. Chase Home Fin., 187 So. 3d 1172 | 302+34(1) | Under modern rules of civil procedure, pleadings are to be liberally construed in favor of the pleader. Rules Civ.Proc., Rule 8. | How are pleadings construed under the modern pleading rules? | 001505.docx | LEGALEASE-00118562-LEGALEASE-00118564 |
| In Re Mountaintop Area Joint Sanitary Auth., 166 A.3d 553 | 148+2.1 | When determining whether a de facto taking has occurred, court focuses on the governmental action in question. | Does occurrence of a de facto taking focus on the governmental action in question? | 001448.docx | LEGALEASE-00118605-LEGALEASE-00118606 |
| Mayfield v. Lockheed Eng'g & Scis. Co., 970 S.W.2d 185 | 231H+783 | Exception to at-will employment doctrine that recognizes wrongful termination action against employer who discharges employee for making good faith attempt to determine legality of his actions did not apply in former employee's wrongful termination action against engineering company, where employee alleged that he was laid off solely for going up the chain of command to complain about another employee's use of word "fictitious" in connection with financial reports that were required under contract with National Aeronautics and Space Administration (NASA), and employee made no inquiry with any governmental entity as to legality of actions he was asked to do for employer. | Does the public policy prohibit the discharge of an employee who in good faith attempts to find out if the requested act is illegal? | 001424.docx | LEGALEASE-00118941-LEGALEASE-00118942 |
| Vasko v. United States, 112 Fed. Cl. 204 | 148+2.1 | The government must be operating in its sovereign, rather than in its proprietary capacity, when it initiates a taking. U.S. Const. Amend. 5. | Under what capacity does the government act when it initiates a taking? | Eminent Domain -Memo 74-VP.docx | ROSS-003285225-ROSS-003285226 |
| McFarland v. Entergy Mississippi, 919 So. 2d 894 | 317A+101 | Public utility companies only have a duty to eliminate foreseeable danger. | Do public utility companies have a duty to eliminate foreseeable danger? | Public utilities  - Memo 17 - RM.docx | ROSS-003311264-ROSS-003311265 |
| Cassidy v. State, 853 So. 2d 594 | 342+26 | There was sufficient evidence to make it jury question whether pocketknife wielded by defendant in robbery was deadly weapon, to support conviction for robbery with deadly weapon, since defendant displayed open pocketknife to store clerk and threatened to cut her throat. | Can a pocketknife be considered a deadly weapon? | 001725.docx | LEGALEASE-00118876-LEGALEASE-00118877 |
| State v. Myers, 171 W. Va. 277 | 203+1174 | In any case of homicide, there must be proof of the identity of the deceased and the causation of death. | Is proof of causation of death required in a case of homicide? | Homicide - Memo 43 - TH.docx | ROSS-003284827-ROSS-003284829 |
| Elk v. United States, 87 Fed. Cl. 70 | 209+121 | Treaty with Indian tribe is a contract and should be interpreted to give effect to intent of signatories. | Is a treaty with an Indian tribe a contract? | Indians - Memo 28 - TH.doc | LEGALEASE-00006862-LEGALEASE-00006863 |
| Elk v. United States, 87 Fed. Cl. 70 | 209+121 | Treaty with Indian tribe is a contract and should be interpreted to give effect to intent of signatories. | How should a treaty between the United States and an Indian tribe be interpreted? | Indians - Memo 32 - TH.docx | LEGALEASE-00006870-LEGALEASE-00006871 |
| Lobo v. Celebrity Cruises, 426 F. Supp. 2d 1296 | 25T+146 | Provision of Federal Arbitration Act (FAA) stating that contracts of employment of seamen are not covered by the Act prevents arbitration clauses in employment contracts between U.S. seafarers and their U.S. employers from being enforceable. 9 U.S.C.A. S 1. | Does the Federal Arbitration Act (FAA) cover arbitration provisions contained in employment contracts? | 002134.docx | LEGALEASE-00119094-LEGALEASE-00119096 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Buckeye Check Cashing v. Cardegna, 546 U.S. 440 | 25T+134(3) | Challenges to the validity of arbitration agreements that are made "upon such grounds as exist at law or in equity for the revocation of any contract," within meaning of Federal Arbitration Act provision stating that arbitration provisions are valid, irrevocable, and enforceable "save upon such grounds as exist at law or in equity for the revocation of any contract," include specific challenges to the validity of the agreement to arbitrate and challenges to the contract as a whole, either on a ground that directly affects the entire agreement, such as fraudulent inducement, or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid. 9 U.S.C.A. S 2. | Do courts or arbitrators adjudicate claims of fraud in the inducement? | 002164.docx | LEGALEASE-00119124-LEGALEASE-00119125 |
| Regions Bank v. Britt, 642 F.Supp.2d 584 | 25T+114 | Bank loan affected commerce such that arbitration clause in loan terms was subject to Federal Arbitration Act (FAA) in bank's action to compel arbitration of customer's claims against bank, even though customer claimed transaction was wholly intrastate; loan involved electronic communications and funds crossing state lines, and commercial lending, taken in the aggregate, had broad impact on national economy. U.S.C.A. Const. Art. 1, S 8, cl. 3; 9 U.S.C.A. S 2. | What are transactions in commerce under the Federal Arbitration Act? | 002171.docx | LEGALEASE-00119131-LEGALEASE-00119132 |
| Hayes v. State, 341 S.W.3d 293 | 401+17 | Party cannot waive or consent to venue when a cause of action has been localized by statute. | Can one waive or consent to venue when a transitory action has been localized by statute? | Venue - Memo 56-ANG.docx | ROSS-003299594-ROSS-003299595 |
| Stow Mun. Elec. Dep't v. Dep't of Pub. Utilities, 426 Mass. 341 | 145+11.3(4) | Electric utility's "stranded costs" can include existing contractual obligations for power purchases above current market rates. | What are Stranded costs? | Electricity - Memo 13 - JS.docx | ROSS-003282303-ROSS-003282304 |
| State v. Jones, 105 N.J. Super. 493 | 110+775(4) | In prosecution for first-degree murder, trial court did not err in allowing "on or about" instruction in face of affirmative alibi; time of death was not element of crime and defense of alibi for particular time period does not constructively create such an element and, thus, "on or about" instruction did not relieve state of its burden to prove any element. | Is time of death considered an element of homicide? | 002236.docx | LEGALEASE-00119290-LEGALEASE-00119291 |
| State v. Angulo, 148 Wash. App. 642 | 110+563 | "Prima facie," in the context of the "corpus delicti rule," appears to mean that the evidence must preponderate in favor of the existence of a criminal act or agency; if the evidence could equally point to both a criminal or non-criminal cause, then the state has not met its burden of establishing the corpus delicti. | What is the corpus delicti of incest? | 002261.docx | LEGALEASE-00119257-LEGALEASE-00119258 |
| Kaplan v. Inc. Vill. of Lynbrook, 12 A.D.3d 410 | 386+10 | Person entering upon the land of another without permission, whether innocently or by mistake, is a trespasser. | Can a trespass occur by mistake? | 002330.docx | LEGALEASE-00119208-LEGALEASE-00119209 |
| Gill v. LDI, 19 F. Supp. 2d 1188 | 386+2 | Under Washington law, a trespass claim does not require that the invasion or trespass itself be intentional, and it is sufficient that the act resulting in the trespass is intentional. | Does the law require that the invasion or trespass itself be intentional? | Trespass - Memo 69 - JS.docx | ROSS-003284552-ROSS-003284553 |
| Com. v. Smith, 2005 PA Super 293 | 207+6 | "Sexual intercourse" between persons within the degrees of consanguinity within which marriages are prohibited or declared by law to be incestuous and void, as will support incest charge, is limited to penile-vaginal penetration, with or without emission. M.G.L.A. c. 272, S 17. | Is incest limited to penile-vaginal penetration? | 002414.docx | LEGALEASE-00119444-LEGALEASE-00119445 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| ASA Investerings Partnership v. C.I.R., 201 F.3d 505 | 220+3913 | Partnership, through which corporation allocated capital gains to foreign entities, was not acceptable as real tax entity, where sole purpose of its "business activity," was tax avoidance; foreign entities were controlled by foreign bank, and any risks inherent in foreign bank's investments were de minimis. | Does an activity whose sole purpose is tax avoidance considered a business activity? | Partnership - Memo 71 - RK.docx | ROSS-003281752-ROSS-003281753 |
| J.K.S. Realty v. City of Nashua, 164 N.H. 228 | 148+2.1 | When determining whether a governmental taking has occurred, the question is one of degree and its resolution is governed by no set test. | Does the facts and circumstances of each case determine a taking? | 001896.docx | LEGALEASE-00119664-LEGALEASE-00119665 |
| Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, 170 F.3d 1 | 170B+3053 | Question of scope of arbitration agreement under Federal Arbitration Act (FAA) is matter not just of state law, but of general federal arbitration law. 9 U.S.C.A. S 1 et seq. | How do courts determine the scope of an arbitration agreement? | 002811.docx | LEGALEASE-00119746-LEGALEASE-00119747 |
| Selby v. State, 76 Md. App. 201 | 203+525 | Murder is common-law crime, proof of which requires showing that criminally responsible human being, with malice, killed another human being. | Is murder a common law crime? | Homicide - Memo 68 - RK.docx | ROSS-003284157-ROSS-003284159 |
| People v. Duszkewycz, 27 Ill. 2d 257 | 352H+21(1) | The common denominator of forcible rape and incest is element of unlawful carnal knowledge. | What is the common denominator of forcible rape and incest? | Incest - Memo 61 - JS.docx | ROSS-003284182 |
| Bucca v. State, 43 N.J. Super. 315 | 207+5 | Where uncle, who was New Jersey resident, married his niece, who was daughter of uncle's sister, in Italy under dispensation authorized by Italian law, uncle, who sought to bring the niece to New Jersey, would not be entitled to full recognition of such Italian marriage under New Jersey law, and therefore, uncle's cohabitation with niece in New Jersey would constitute incest. N.J.S. 2A:114-1, N.J.S.A.; R.S. 37:1-1, N.J.S.A. | Is marriage between uncle and niece a crime of incest? | 002078.docx | LEGALEASE-00119879-LEGALEASE-00119880 |
| Robinson v. Brice, 894 S.W.2d 525 | 219+39(2.6) | Term "claim," as used in provision of prejudgment interest statute which requires plaintiff to provide written notice of claim in order for claim for prejudgment interest to accrue, means demand for compensation or assertion of right to be paid. Vernon's Ann.Texas Civ.St. art. 5069-1.05, S 6(a). | "What is a ""claim""?" | Action - Memo 35 - ANG.docx | ROSS-003284698-ROSS-003284699 |
| Kiser v. A.W. Chesterton Co., 285 Va. 12 | 13+1 | A "right of action" is the remedial right accorded a person to enforce a cause of action and arises only when a person's rights are infringed; consequently, a right of action cannot arise until there is a cause of action. | "When does a ""right of action"" arise?" | 002466.docx | LEGALEASE-00120001-LEGALEASE-00120003 |
| Parker v. Town of Milton, 169 Vt. 74 | 13+13 | To have standing, plaintiff must, at minimum, show (1) injury in fact, (2) causation, and (3) redressability. | What must a plaintiff show for standing to bring a case? | 002469.docx | LEGALEASE-00120006-LEGALEASE-00120007 |
| Pawley v. State, 217 So.3d 128 | 46H+1291 | No party, whether represented or pro se, has the "right" to file frivolous claims. | Does a party have the right to file a frivolous claim? | 002508.docx | LEGALEASE-00120123-LEGALEASE-00120124 |
| Worden v. Smith, 178 Wash. App. 309 | 366+1 | The purpose of the doctrine of equitable subrogation is to avoid a person's receiving an unearned windfall at the expense of another. | What is the purpose of the doctrine of equitable subrogation? | Subrogation - Memo 83 - RM C.docx | ROSS-003296899-ROSS-003296901 |
| Chamber of Commerce of U.S. v. N.L.R.B., 879 F. Supp. 2d 18 | 15A+1062 | Quorum of administrative agency acting on matter need not be physically present together at any particular time. | "For a board to conduct its proceedings, is it required that the forum need to be physically present at any one time?" | 002636.docx | LEGALEASE-00120176-LEGALEASE-00120177 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Beldon Roofing Co. v. Sunchase IV Homeowners' Ass'n, 494 S.W.3d 231 | 360+18.15 | Federal Arbitration Act (FAA) did not preempt agreed order between contractor and condominium homeowner association to submit their dispute over payment to arbitration under state Alternative Dispute Resolution Act (ADR Act), even though contractor and association had previously agreed to arbitrate pursuant to their contract; court could enforce agreed order, thus giving effect to contractual rights and expectations of parties, without doing violence to policies behind the FAA. 9 U.S.C. S 1 et seq.; Tex. Civ. Prac. & Rem. Code Ann. S 154.001 et seq. | When does the Federal Arbitration Act (FAA) supersede state laws regarding primary jurisdiction? | 002670.docx | LEGALEASE-00120087-LEGALEASE-00120088 |
| Luster v. Retail Credit Co., 575 F.2d 609 | 237+119 | In defamation case mental anguish and embarrassment are proper elements of damages. | Can mental anguish be an element of damages in defamation? | 002911.docx | LEGALEASE-00119885-LEGALEASE-00119886 |
| Sorge v. City of New York, 56 Misc. 2d 414 | 221+176 | United States government may confer on foreign consul in United States territory power to administer oath and consul thus becomes magistrate as if he were acting for United States. | Does the United States have the authority to confer on a counsel the power to administer oaths? | Ambassadors and Consuls - Memo 26 - RK.docx | LEGALEASE-00009671-LEGALEASE-00009672 |
| Com. v. De Pofi, 362 Pa. 229 | 203+520 | Every willful and deliberate and premeditated murder is a "heinous offense". | "Is every willful, deliberate and premeditated murder a heinous offense?" | 003174.docx | LEGALEASE-00120485-LEGALEASE-00120486 |
| In re Creditrust Corp., 283 B.R. 826 | 237+112(2) | Under Ohio law, plaintiff in defamation suit must prove fault on part of defendant in publishing defamatory statement by clear and convincing evidence. | Is the plaintiff required to prove fault in a defamation claim? | 003314.docx | LEGALEASE-00120599-LEGALEASE-00120601 |
| Log Creek. v. Kessler, 717 F. Supp. 2d 1239 | 237+4 | Florida law ordinarily requires a defamation plaintiff to prove fault. Restatement (Second) of Torts SS 558, 580A, 580B. | Is the plaintiff required to prove fault in a defamation claim? | Libel and Slander - Memo 148 - RK.docx | ROSS-003298708-ROSS-003298710 |
| Hillme v. Chastain, 75 S.W.3d 315 | 289+425 | Partnership property that is held only in an individual name does not affect the partnership status. | Does it affect the partnership status if the partnership property is held only in the name of one partner? | Partnership - Memo 95 - RK.docx | ROSS-003283897-ROSS-003283899 |
| Argonaut Ins. Co. v. C & S Bank of Tifton, 140 Ga. App. 807 | 366+1 | Subrogation is not founded upon contract, express or implied, but upon principles of equity and justice. | Is the right of subrogation founded upon contract? | Subrogation - Memo 85 - RM C.docx | LEGALEASE-00009955-LEGALEASE-00009956 |
| Houston v. Bank of Am. Fed. Sav. Bank, 119 Nev. 485 | 366+1 | "Equitable subrogation" is an equitable remedy to avoid a person's receiving an unearned windfall at the expense of another. | Is equitable subrogation a remedy? | Subrogation - Memo 87 - RM C.docx | ROSS-003283461-ROSS-003283463 |
| Hampton v. Metro. Water Reclamation Dist. of Greater Chicago, 2016 IL 119861 | 148+2.17(5) | Temporary flooding could constitute a compensable taking under both the federal and state constitutions, and courts were required to look to the facts of each case to determine whether the property owner's use and enjoyment of the property has been diminished or destroyed; overruling Luperini v. County of Du Page, 265 Ill.App.3d at 89, 202 Ill.Dec. 528, 637 N.E.2d 1264. | Does seasonally recurring flooding constitute a taking? | Eminent Domain - Memo 133 - JS.docx | ROSS-003314242-ROSS-003314244 |
| Chapman v. United States, 107 Fed. Cl. 47 | 148+2.2 | The government is not liable for a taking under the Fifth Amendment when it destroys property to prevent the spreading of a fire. U.S.C.A. Const.Amend. 5. | Is the government liable for the destruction of property when it acts to prevent the spreading of a fire? | Eminent Domain - Memo 137 - RK.docx | ROSS-003285926-ROSS-003285927 |
| Stearn v. MacLean-Hunter Ltd., 46 F.R.D. 76 | 237+5 | Proof of malice is not essential element of private libel suit. | Is proof of malice essential in private citizen libel suits? | 003348.docx | LEGALEASE-00120827-LEGALEASE-00120828 |
| Abramson v. Georgetown Consulting Grp., 765 F. Supp. 255 | 317A+145.1 | Virgin Islands Public Services Commission (PSC) has authority, independent of the Commissioner of Property and Procurement, to procure the services of agents to assist the PSC in its investigation of public utilities operating within the territory of the United States Virgin Islands. 30 V.I.C. S 18; 31 V.I.C. SS 230-250. | Can a Public Service Commission (PSC) appoint agents to assist in investigating public utilities? | 003506.docx | LEGALEASE-00120723-LEGALEASE-00120724 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Luthmers v. Hazel, 212 Ill. App. 199 | 249+61 | In action for malicious prosecution and for false arrest, it is always competent to show a discharge for purpose of showing termination of suit. | Is discharge in a case sufficient to show termination of the prosecution for malicious prosecution action? | 021124.docx | LEGALEASE-00120998-LEGALEASE-00121000 |
| Stone v. Washington Reg'l Med. Ctr., 515 S.W.3d 104 | 75+10 | When a charitable trust is created, legal title is passed to the trustee to hold it for the benefit of a charitable purpose. | What happens when a charitable trust is created? | 01107.docx | LEGALEASE-00084152-LEGALEASE-00084153 |
| Covenant Presbytery v. First Baptist Church, 489 S.W.3d 153 | 75+10 | When a charitable trust is created, legal title is passed to the trustee to hold it for the benefit of a charitable purpose. Ark. Code Ann. S 28-73-103(4). | What happens when a charitable trust is created? | 013328.docx | LEGALEASE-00121753-LEGALEASE-00121754 |
| City of San Antonio v. TPLP Office Park Properties, 218 S.W.3d 60 | 148+106 | If access to a landowner's property is materially and substantially impaired by the city, the landowner is entitled to compensation; however, diminished access is not compensable if suitable access remains. | Is diminished access compensable if suitable access remains under the takings law? | Eminent Domain - Memo 171 - GP.docx | LEGALEASE-00010965-LEGALEASE-00010966 |
| Delta Sales Yard v. Patten, 870 P.2d 554 | 241+4(2) | Statute of limitations applicable to civil lawsuits against sheriffs, coroners, police officers, firefighters, national guardsmen and any other law enforcement authorities was not unconstitutionally vague for failing to define term "law enforcement authority"; statute was sufficiently clear to permit persons of ordinary intelligence to ascertain meaning of "law enforcement authority" by reference to peace officer classification statute that explicitly included brand inspectors. West's C.R.S.A. SS 13-80-103(1)(c), 18-1-90(3)(I )(IV). | Is a brand inspector a law enforcement authority? | Inspection - Memo 27 - SH.docx | ROSS-003283960-ROSS-003283961 |
| Delta Sales Yard v. Patten, 870 P.2d 554 | 316P+985 | Peace officer classification for brand inspectors was not limited to brand inspector's power of arrest, but encompassed all of inspector's statutory duties to enforce all laws of state pursuant to peace officer classification statute; thus, one-yearstatute of limitations for civil actions against sheriffs, coroners, police officers, firefighters, national guardsmen, and any other law enforcement authority applied to suit against brand inspector alleging willful and wanton negligence in permit ing resale of cattle without proper title clearance. West's C.R.S.A. SS 13-80-103(1)(c), 18-1-901, 18-1-901(3)(I )(IV), 35-53-128, 35-53-128(2). | Are brand inspectors vested with the power to arrest? | 019479.docx | LEGALEASE-00121278-LEGALEASE-00121279 |
| Cornette v. State, 295 Ga. App. 877 | 2.31E+12 | Kidnapping occurs when a person abducts or steals away any person without lawful authority or warrant and holds that person against his or her will. West's Ga.Code Ann. S 16-5-40(a). | When does kidnapping occur? | Kidnapping - Memo 2 - TH.docx | ROSS-003297059-ROSS-003297060 |
| McGuire v. State, 266 Ga. App. 673 | 2.31E+12 | A person commits the offense of "kidnapping" when he abducts or steals away any person without lawful authority or warrant or holds such person against his or her will. West's Ga.Code Ann. S 16-5-40(a). | When does kidnapping occur? | 020995.docx | LEGALEASE-00121705-LEGALEASE-00121706 |
| Reagan v. Baird, 140 Ill. App. 3d 58 | 302+312 | Facts set forth and exhibits attached to complaint control over allegation of complaint itself. | Will exhibits attached to a complaint control over the allegations of the complaint? | 022912.docx | LEGALEASE-00121509-LEGALEASE-00121511 |
| Onstad v. Wright, 54 S.W.3d 799 | 46H+747 | The mere fact that the order on the motion in limine was a preliminary ruling did not defeat the trial court's authority to sanction counsel for his failure to comply with the ruling. | Is a motion in limine a preliminary ruling by a trial court? | Pretrial Procedure - Memo # 57 - C - AP.docx | ROSS-003303232-ROSS-003303233 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cty. of Inyo v. Pub. Utilities Com., 26 Cal. 3d 154 | 405+2081 | Section of constitutional provision grants legislature power to confer additional authority and jurisdiction on Public Utilities Commission consistent with scope of constitutional article, which is not limited to common carriers and transportation companies, over which Commission has had jurisdiction since 1879, but deals with public utilities in all forms, and thus possible legislation conferring Commission jurisdiction over municipally owned water companies, selling beyond municipal borders oreven within such borders, would clearly fall within scope of such section of such present article; disapproving language in City of Pasadena v. Railroad Commission, 183 Cal. 526, 192 P. 25, insofar as contrary to reasoning of opinion. West's Ann.Const. art. 12, S 5. | Is the Public Utilities Commission given the authority to regulate public utilities under Section 23 of Article XII of the Constitution? | 042587.docx | LEGALEASE-00121162-LEGALEASE-00121163 |
| City of Rochester v. Pub. Serv. Comm'n, 192 Misc. 33 | 317A+120 | Under the Public Service Law, the Public Service Commission is the delegate of the legislature in regulation of rates. Public Service Law, S 60 et seq. | Is the Public Service Commission a delegate of the Legislature? | Public Utilities - Memo 88 - AM.docx | LEGALEASE-00011110-LEGALEASE-00011112 |
| Velazquez v. Serrano, 43 So. 3d 82 | 366+1 | Equitable subrogation is not allowed if it works any injustice to the rights of others; a party's entitlement to subrogation therefore depends upon the equities and attending facts of each case. | Is equitable subrogation not allowed if it works any injustice to the rights of others? | 05611.docx | LEGALEASE-00084313-LEGALEASE-00084314 |
| Osborne v. Jauregui, 252 S.W.3d 70 | 30+3774 | Appellate court will not disturb a trial court's balancing of the equities with respect to subrogation claim unless it would be inequitable to allow the judgment to stand. | Is subrogation based upon equitable principles? | Subrogation - Memo # 467 - C - SA.docx | ROSS-003282213-ROSS-003282214 |
| Levy v. HLI Operating Co., 924 A.2d 210 | 366+33(1) | Subrogation differs from contribution because its operation rests on concepts of primary and secondary liability among obligors; thus, it acts to place an entire loss, not just a portion, on another party. | "Are ""contribution"" and ""subrogation"" distinct?" | 043713.docx | LEGALEASE-00121397-LEGALEASE-00121398 |
| In re McGrath's Estate, 159 Pa. Super. 78 | 366+1 | Subrogation will be enforced only if it can be predicated upon some equitable doctrine, applicant therefor has an equity to invoke and his cause is just and its enforcement consonant with right and justice, and then only in a clear case. | "Is subrogation an equitable doctrine and must depend upon inherent justice and some principle of equity jurisprudence, usually unjust enrichment?" | Subrogation - Memo # 852 - RM C.docx | ROSS-003284112-ROSS-003284113 |
| In re AppOnline.com, 321 B.R. 614 | 8.30E+10 | Under New York choice-of-law rules, general rule is that laws of state where note is executed and payable govern the interpretation of that note. | Which law governs the interpretation of a note? | 009557.docx | LEGALEASE-00122349-LEGALEASE-00122350 |
| Bankers Tr. (Delaware) v. 236 Beltway Inv., 865 F. Supp. 1186 | 8.30E+282 | Just as separate agreements cannot destroy instrument's negotiability under Virginia law, neither can they create negotiability. Va.Code 1950, S 8.3-119(2) (Repealed). | Does a separate agreement destroy or affect the negotiability of an instrument in any manner? | Bills And Notes-Negotiability-Memo 28 - AM.docx | ROSS-003286147-ROSS-003286148 |
| McNish v. Gen. Credit Corp., 164 Neb. 526 | 398+76 | Where charge for loan made to finance purchase of truck was in excess of maximum rate of interest allowable by statute, note given as evidence of such loan was void from its inception and maker was entitled to have the same canceled as well as a return of installment payments previously made thereon. R.S.Supp. 1953, S 45-138. | Are loans made in violation of installment loan statutes void and uncollectable? | Consumer Credit - Memo 19 - IS VP.docx | ROSS-003283813-ROSS-003283814 |
| Davis v. May, 135 S.W.3d 747 | 148+307(2) | The ultimate question of whether the facts constitute a taking is a question of law, not a question of fact. | Is the ultimate question of whether the facts constitute a taking a question of fact? | Eminent Domain - Memo 201 - GP.docx | ROSS-003301593-ROSS-003301594 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Thomas v. Lloyd, 17 S.W.3d 177 | 289+623 | Evidence that the land is used by the firm is of itself insufficient to rebut the presumption that title is in the individual partners; the mere use of land by a partnership does little to show the land is owned by the partnership. | Does use of land by a partnership make it partnership property? | 021828.docx | LEGALEASE-00122489-LEGALEASE-00122490 |
| In re Funneman, 155 B.R. 197 | 289+953 | Under Illinois law, partners' rights in partnership property are secondary to rights of partnership creditors; until creditors of partnership are satisfied, no partner has right to any distribution from partnership. | Do partners have the right to distribution of partnership property before creditors are satisfied? | Partnership - Memo 158 - RK.docx | LEGALEASE-00011982-LEGALEASE-00011983 |
| Sorenson v. Bowen, 199 Or. 607 | 302+8(5) | A general averment of indebtedness without any statement of facts supporting it is a mere "conclusion of law." | Is an allegation of indebtedness a conclusion of law? | 022925.docx | LEGALEASE-00122123-LEGALEASE-00122124 |
| Dubecky v. Horvitz Co., 64 Ohio App. 3d 726 | 30+4179 | Court of Appeals will not disturb trial court's ruling on request for motion in limine unless there has been abuse of discretion. | Is a trial court's ruling on a motion in limine left to the sound discretion of the trial court and reversal at the appellate court is only in cases of abuse? | Pretrial Procedure - Memo  # 91 - C - JTB.docx | LEGALEASE-00012176-LEGALEASE-00012177 |
| Vega v. La Movida, 294 Ga. App. 311 | 307A+3 | Trial court may modify a ruling on a motion in limine. | Can a trial court modify a ruling on a motion in limine? | Pretrial Procedure - Memo # 957 - C - MLS.docx | ROSS-003287068-ROSS-003287069 |
| State ex rel. AG Processing v. Pub. Serv. Comm'n of State of Missouri, 2003 WL 1906385 | 190+4.1 | Gas and electric utilities that filed application with Public Service Commission (PSC) for merger were not required to submit a market power study as part of their application as proof that merger was not detrimental to public; instead customer that challenged proposed merger had burden to show on appeal that Public Service Commission (PSC) erred by failing to order the utilities to submit a market power study as part of their application for approval of their merger. V.A.M.S. S 393.150, subd. 2, 4 Mo.Code of State Regulations 240-2.060(7)(D), (8)(D). | Should Public Service Commissions ensure that a change in the ownership of a public utility is not detrimental to the public? | 042206.docx | LEGALEASE-00122147-LEGALEASE-00122148 |
| Am. Ins. Co. v. Ohio Bur. of Workers Comp., 62 Ohio App. 3d 921 | 366+7(1) | Surety is traditionally subrogated to rights of the one it pays, the obligee. | Is a surety traditionally subrogated to the rights of the one it pays? | 044206.docx | LEGALEASE-00122111-LEGALEASE-00122112 |
| City of Cleveland v. Ohio Civil Rights Comm'n, 43 Ohio App. 3d 153 | 13+61 | Civil rules pertaining to commencement of civil action apply unless there is good and sufficient reason not to apply them. | When do civil rules pertaining to commencement of civil action apply? | 005514.docx | LEGALEASE-00123820-LEGALEASE-00123821 |
| Matter of Estate of Musgrove, 144 Ariz. 168 | 241+43 | The general rule is that a cause of action accrues whenever one person may sue another. | Does cause of action arise when party has a right to file suit? | 005559.docx | LEGALEASE-00123884-LEGALEASE-00123885 |
| Cooper Indus. v. City of S. Bend, 899 N.E.2d 1274 | 241+95(1.5) | For an action to accrue for limitations purposes, it is not necessary that the full extent of the damage be known or even ascertainable, but only that some ascertainable damage has occurred. | Does a claim accrue before damages are ascertainable? | 005607.docx | LEGALEASE-00123996-LEGALEASE-00123997 |
| In re Santiago, 563 B.R. 457 | 13+61 | Under Puerto Rico law, a breach of contract claim accrues at the time of the breach. 31 L.P.R.A. S 3018. | Does a breach of contract claim accrue at the time of the breach? | Action - Memo # 39 - C - LK.docx | ROSS-003315892-ROSS-003315893 |
| N. Carolina Farm Bureau Mut. Ins. Co. v. Hull, 795 S.E.2d 420 | 241+46(6) | Claim for breach of contract accrues, and statute of limitations begins to run, at the time of notice of the breach. N.C. Gen. Stat. Ann. S 1-52. | Does a breach of contract claim accrue at the time of the breach? | 005822.docx | LEGALEASE-00123065-LEGALEASE-00123066 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rex v. CSA-Credit Sols. of Am., 507 F. Supp. 2d 788 | 25T+121 | Text of the Credit Repair Organization Act (CROA) did not evidence a congressional intent for claims under the CROA to be nonarbitrable. Credit Repair Organizations Act, SS 405(a), 409(a), 15 U.S.C.A. SS 1679c(a), 1679g(a). | Did Congress intend for Credit Repair Organization Act (CROA) claims to be nonarbitrable? | 007114.docx | LEGALEASE-00123788-LEGALEASE-00123789 |
| Howard v. Anderson, 36 F. Supp. 2d 183 | 25T+121 | Pre-dispute agreements to arbitrate Title VII claims are enforceable. Civil Rights Act of 1964, S 701 et seq., 42 U.S.C.A. S 2000e et seq. | Are agreements to arbitrate Title VII claims enforceable? | 007118.docx | LEGALEASE-00123844-LEGALEASE-00123845 |
| Marchese v. Shearson Hayden Stone, 734 F.2d 414 | 25T+121 | It is up to case-by-case interpretation to determine which statutes are such that an arbitrator can consider a claim thereunder. | Do courts use a case by case interpretation to determine which statutes allow an arbitrator to consider a statutory claim? | 007126.docx | LEGALEASE-00123867-LEGALEASE-00123868 |
| Montgomery v. Compass Airlines, 98 F. Supp. 3d 1012 | 231H+1549(14) | Provision of collective bargaining agreement (CBA), requiring the system board to hear and decide all grievances, and providing that its decisions were final and binding on the parties, required airline employee to submit FMLA claim against airline employer to system board for arbitration; CBA provision was clear and unmistakable waiver of judicial forum for the FMLA claim, as the CBA contained explicit statutory reference to the FMLA, wherein employer promised to comply with the FMLA, and CBA provision made arbitration of any claims arising under the terms of the CBA mandatory. Family and Medical Leave Act of 1993, S 2 et seq., 29 U.S.C.A. S 2601 et seq. | Can employment-related civil rights claims be subjected to mandatory arbitration provisions? | 007134.docx | LEGALEASE-00123894-LEGALEASE-00123895 |
| State ex rel. Atty. Gen. v. Vela, 987 N.E.2d 722 | 75+6 | No particular form of words or conduct is necessary for the manifestation of intention to create a charitable trust. R.C. S 109.23. | What form is required to create a charitable trust? | 013342.docx | LEGALEASE-00122674-LEGALEASE-00122675 |
| City of Des Plaines v. Redella, 365 Ill. App. 3d 68 | 148+2.19(1) | Property owners were not entitled to just compensation from city after private road owned by owners was converted into a public highway by prescriptive easement; statute allowed city to convert private road to a public highway by prescription, and conversion by prescription did not constitute a governmental taking for which compensation was required. U.S.C.A. Const.Amend. 5; S.H.A. Const. Art. 1, S 5; S.H.A. 605 ILCS 5/2-202. | Is acquisition of an easement by prescription a taking? | 017459.docx | LEGALEASE-00122590-LEGALEASE-00122591 |
| United States v. Rojas, 812 F.3d 382 | 221+391 | Extraterritorial application of United States law must also be consistent with international law. | Must extraterritorial application be consistent with international law? | 019707.docx | LEGALEASE-00123760-LEGALEASE-00123761 |
| United States v. One (1) 43 Foot Sailing Vessel Winds Will, License O.N. 531317/U.S. & Equip., 405 F. Supp. 879 | 221+138 | No nation may exercise sovereignty over the waters of the high seas. | Can any nation exercise sovereignty over the waters of the high seas? | 020585.docx | LEGALEASE-00123330-LEGALEASE-00123331 |
| In re Funneman, 155 B.R. 197 | 289+559 | Under Illinois law, partner has no right to possess partnership property except for partnership purposes. | Do partners have a right to possess partnership property for non-partnership purpose? | Partnership - Memo 168 - BP.docx | ROSS-003289403-ROSS-003289405 |
| Deford v. Reynolds, 36 Pa. 325 | 289+804 | A dormant partner may retire from the firm without giving notice of his withdrawal; but where A and B trade as A & Co., B is not a dormant partner, though a creditor be ignorant of the name of the other partner. | Does a dormant partner need to give notice of his retirement? | Partnership - Memo 182 - BP.docx | ROSS-003301567-ROSS-003301568 |
| Vega v. La Movida, 294 Ga. App. 311 | 307A+3 | Trial court may modify a ruling on a motion in limine. | Can trial court modify a ruling on a motion in limine? | 029169.docx | LEGALEASE-00123079-LEGALEASE-00123080 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| S. Life & Health Ins. Co. v. Wynn, 29 Ala. App. 207 | 368+1 | "Suicide" is a voluntary criminal self-destruction and was a felony at common law, and in Alabama is a crime involving moral turpitude. | Does suicide involve moral turpitude? | 044458.docx | LEGALEASE-00122546-LEGALEASE-00122547 |
| State v. Willis, 255 N.C. 473 | 368+3 | Suicide is a crime, and one who aids and abets another in, or is accessory before the fact to self-murder is amenable to the law. Const. art. 11, S 1; G.S. S 14-1. | Is aiding and abetting a suicide a crime? | Suicide - Memo 43 - JS.docx | ROSS-003297331-ROSS-003297333 |
| In re Extradition of Exoo, 522 F. Supp. 2d 766 | 166+5 | Court would deny extradition demand made by authorities of Ireland, seeking custody of accused charged with aiding, abetting, and counseling commission of suicide; there was no comparable offense under federal law or law of West Virginia, where accused was found, and 25 states either had no relevant law or had aiding or abetting suicide statutes that were not substantially analogous to Ireland law, precluding necessary conclusion that crime of which accused was charged was felonious under law of preponderance of states. | Is aiding and abetting a suicide a crime? | 044482.docx | LEGALEASE-00122729-LEGALEASE-00122731 |
| Midland Tar Distillers v. M/T Lotos, 362 F. Supp. 1311 | 25T+133(2) | Agreement to arbitrate need not be embodied in any single writing or document. | Does an arbitration agreement have to be embodied in a single writing or document? | Alternative Dispute Resolution - Memo 426 - RK.docx | ROSS-003286611-ROSS-003286612 |
| Cebe Farms v. United States, 116 Fed. Cl. 179 | 148+2.1 | Physical taking under the Fifth Amendment occurs when government encroaches upon or occupies private land for its own proposed use. U.S. Const. Amend. 5. | Under what category of takings does the government seizes property? | 017497.docx | LEGALEASE-00124302-LEGALEASE-00124304 |
| State v. Benson, 183 N.C. 795 | 203+547 | Murder in the second degree is the unlawful killing of a human being with malice, but without premeditation and deliberation. | What is murder in second degree? | 019354.docx | LEGALEASE-00124273-LEGALEASE-00124274 |
| Sampson v. Fed. Republic of Germany, 975 F. Supp. 1108 | 221+342 | Act of state doctrine, prohibiting courts of one country from sitting in judgment on acts of the government of another done within its own territory, does not apply to commercial activities of a sovereign state. | Does the act of state doctrine apply to commercial activities of a sovereign state? | International Law - Memo # 438 - C - MLS.docx | ROSS-003301233-ROSS-003301235 |
| Interamerican Ref. Corp. v. Texaco Maracaibo, 307 F. Supp. 1291 | 221+351 | Federal jurisdiction being present, a showing of bona fide compulsion by a foreign government immunizes an otherwise illegal boycott. Sherman Anti-Trust Act, SS 1, 2, 15 U.S.C.A. SS 1, 2; Clayton Act, S 4, 15 U.S.C.A. S 15. | Is participation in what might otherwise be an illegal boycott immunized by acquiescence in the order of a foreign government? | 020538.docx | LEGALEASE-00124432-LEGALEASE-00124433 |
| United States v. Laden, 92 F. Supp. 2d 189 | 110+97(0.5) | Rule of lenity did not prohibit extraterritorial application of statutes prohibiting killing or attempted killing of a foreign official, official guest, or internationally protected person and use of a weapon of mass destruction against a national of the United States while such national is outside of the United States or against any property owned or used by the United States to conduct of foreign national on foreign soil. 18 U.S.C.A. SS 1116, 2332a(a). | Does the United States recognize principles of jurisdiction under international law by which a nation may reach conduct outside its territory? | 020623.docx | LEGALEASE-00125069-LEGALEASE-00125071 |
| White v. Manchester Enter., 871 F. Supp. 934 | 237+1 | Private individuals need only establish simple negligence to recover for defamation under Kentucky law. | Is it sufficient for a private individual to prove only negligence to recover for defamation? | 021091.docx | LEGALEASE-00125150-LEGALEASE-00125151 |
| Orgain v. Butler, 478 S.W.2d 610 | 302+398 | For a variance between pleadings and proof to be fatal, the variance must be substantial, misleading, and a prejudicial departure. | When will a variance between the pleading and the proof of claim be fatal? | Pleading - Memo 162 - RMM.docx | ROSS-003300280-ROSS-003300281 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Windus v. Great Plains Gas, 255 Iowa 587 | 228+343 | Courts favor expeditious trials on merits, but under settled rules of procedure, and judgment will not be vacated when petitioner, through counsel, has ignored plain mandates of rule with ample opportunity to abide by them. 58 I.C.A. Rules of Civil Procedure, rules 215.1, 252, 253. | Do courts favor expeditious trials on the merits? | Pretrial Procedure - Memo # 476 - C - HAM.docx | ROSS-003298191-ROSS-003298192 |
| Terex-Telelect v. Wade, 59 N.E.3d 298 | 30+3209 | When reviewing a grant or denial of a motion in limine, the Court of Appeals applies the standard of review for the admission of evidence, which is whether the trial court abused its discretion. | Is the granting of a motion in limine an adjunct of the inherent power of trial courts which will not be reversed absent an abuse of discretion? | Pretrial Procedure - Memo # 820 - C - KA.docx | LEGALEASE-00015189-LEGALEASE-00015190 |
| Jackson v. Joyner, 309 S.W.3d 910 | 307A+3 | A motion in limine is not subject to the same safeguards as a motion for summary judgment or for partial summary judgment. | Is a motion in limine subject to the same safeguards as a motion for summary judgment? | Pretrial Procedure - Memo # 823 - C - KA.docx | ROSS-003295219-ROSS-003295220 |
| Kaufman v. Comm'n for Lawyer Discipline, 197 S.W.3d 867 | 46H+1156 | Attorney did not proffer during trial evidence of his substantive defenses, which was excluded by motion in limine, or obtain an adverse ruling from the trial court, and thus preserved nothing for review in connection with the exclusion of that evidence at trial which resulted in attorney's disbarment. Rules App.Proc., Rule 33.1(a)(2)(A). | Is the granting of a motion in limine a final ruling on the evidence or does it preserve anything for review? | 038433.docx | LEGALEASE-00124449-LEGALEASE-00124450 |
| Matter of Valley Rd. Sewerage Co., 154 N.J. 224 | 268+711 | Evidence supported Board of Public Utilities' (BPU) rejection of proposed business plan of sewer utility opposing revocation of franchise rights and appointment of custodial receiver with power to sell utility, which was beset with financial, managerial, and environmental problems; utility had history of making and breaking promises to regulatory agencies, tax agreements and consent orders in business plan were contingent on resolution of issues in current proceeding, and current customers would be exposed to a tripling of their rates under utility's proposal. N.J.S.A. 48:2-14, 48:2-16, subd. 1(a), 48:2-23, 48:2-40. | "Does the Board of Public Utilities (BPU) have the power to supervise and regulate all public utilities and their property rights, equipment and franchises?" | 042283.docx | LEGALEASE-00125061-LEGALEASE-00125062 |
| Sw. Bell Tel. Co. v. Vollmer, 805 S.W.2d 825 | 372+851 | Unless found to be unreasonable, telephone company tariffs carry the dignity of statutory law, and, ordinarily, a tariff is presumed reasonable. Vernon's Ann.Texas Civ.St. art. 1446c, S 1 et seq. | Do tariffs carry the dignity of statutory law? | 042289.docx | LEGALEASE-00125294-LEGALEASE-00125295 |
| Smith v. Safeguard Mut. Ins. Co., 212 Pa. Super. 83 | 228+271 | Prothonotary has duty to record all judgments entered by court or confessed by parties before court and he may be authorized to act for another in same manner that any other person may be, but then his powers are derived from instrument under which he acts and not from his office. 12 P.S. S 739. | Who is a prothonotary of a Court? | 013464.docx | LEGALEASE-00125637-LEGALEASE-00125639 |
| State ex rel. Harvey v. Second Judicial Dist. Court, 117 Nev. 754 | 79+1 | District courts have the authority to supervise county clerks when they are acting in the capacity of court clerk; when acting as court clerk, the county clerk is performing duties for the judicial system and is an arm of the court. Const. Art. 4, S 32. | Is a district court clerk an arm of the court? | 013505.docx | LEGALEASE-00125673-LEGALEASE-00125674 |
| Sweeney v. Philadelphia Record Co., 126 F.2d 53 | 237+10(1) | Under Pennsylvania law, it is "libel per se" to charge a public officer with a crime or misdemeanor in office and to impute criminality to the official conduct of a judge. | Is it libel per se to charge a person with misdemeanor? | 021110.docx | LEGALEASE-00125610-LEGALEASE-00125611 |
| Muchnick v. Post Pub. Co., 332 Mass. 304 | 237+97 | In libel action, contention that newspaper editorial had been a fair comment upon matter of public interest and therefore privileged was matter of defense not open on demurrer to declaration. | Are matters of defence open on demurrer? | Pleading - Memo 169 - RMM.docx | ROSS-003300096-ROSS-003300097 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Steere v. Franklin Cty. Farm Bureau, 172 Kan. 179 | 23+4(2) | County Farm Bureaus were governmental agencies and once properly organized had all power and authority given by statute and were legal entities in and of themselves, but such organizations, being creatures of state, had only powers conferred on them by statutes, and such incidental powers as were necessary to carry statutory powers into effect. G.S.1949, 2-601 to 2-607, 17-1601 to 17-1631. | What powers does a public organization have? | 006721.docx | LEGALEASE-00125784-LEGALEASE-00125785 |
| Burshan v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 805 So. 2d 835 | 386+6 | Trespass to personal property is the intentional use of, or interference with, a chattel which is in the possession of another, without justification. | Can a bank account be regarded as chattel and the subject of a trespass? | 047213.docx | LEGALEASE-00125816-LEGALEASE-00125817 |
| Craigslist Inc. v. 3Taps Inc., 942 F. Supp. 2d 962 | 386+7 | Under California law, tort of trespass to chattel does not encompass electronic communication that neither damages recipient computer system nor impairs its functioning. | What must a plaintiff establish to prevail on a claim for trespass to chattels based on access to a computer system? | 047249.docx | LEGALEASE-00125840-LEGALEASE-00125841 |
| Johnson v. Martin, 423 So. 2d 868 | 386+6 | Damages to personal property may be recovered in a trespass action. | Can damages to personal property be recovered in an action for trespass? | Trespass - Memo 201 - RK.docx | ROSS-003299883-ROSS-003299884 |
| St. John v. Superior Court, 87 Cal. App. 3d 30 | 106+55 | The section of the Government Code which authorizes a superior court to transfer from the county clerk to the court's executive officer certain "powers, duties and responsibilities required or permitted to be exercised or performed by the county clerk in connection with judicial actions, proceedings and records" simply authorizes a superior court to transfer from the county clerk to the court's executive officer functions performed by the county clerk, as county clerk, in connection with judicial actions and records; therefore, the enactment of the section did not violate the provision of the State Constitution which provides that the county clerk is ex officio clerk of the superior court. West's Ann.Const. art. 6, S 4; West's Ann.Gov.Code, S 69898(d). | Is a county clerk also the clerk of the superior court? | 013490.docx | LEGALEASE-00126321-LEGALEASE-00126322 |
| Yohe v. Nugent, 321 F.3d 35 | 237+49 | Fair report privilege under Massachusetts law protects published reports of arrests by police from liability for defamation; thus, newspaper's publication of fact that one has been arrested, and upon what accusation, is not actionable, if true. | Does the publication of an arrest constitute a defamatory action? | 021114.docx | LEGALEASE-00126303-LEGALEASE-00126304 |
| Couture v. Lowery, 122 Vt. 239 | 185+152(1) | Statute of frauds is an affirmative defense which must be specially pleaded and when once asserted as a matter of defense, plea or answer is then inconsistent with idea of waiver. 12 V.S.A. S 1024; Fed.Rules Civ.Proc. rule 8(c), 28 U.S.C.A. | Should an affirmative defense be specially pleaded? | 023036.docx | LEGALEASE-00126232-LEGALEASE-00126233 |
| Kaufman v. Comm'n for Lawyer Discipline, 197 S.W.3d 867 | 46H+1156 | Attorney did not proffer during trial evidence of his substantive defenses, which was excluded by motion in limine, or obtain an adverse ruling from the trial court, and thus preserved nothing for review in connection with the exclusion of that evidence at trial which resulted in attorney's disbarment. Rules App.Proc., Rule 33.1(a)(2)(A). | "Is the granting of a motion in limine not a final ruling on the evidence, which preserves nothing for review?" | Pretrial Procedure - Memo # 864 - C - TJ.docx | ROSS-003286660-ROSS-003286661 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gen. Tel. Co. of Sw. v. City of Perryton, 552 S.W.2d 888 | 92+2426 | Fixing and regulating utility rates is a governmental function inherent in state; the function is legislative in character, and legislature may delegate power through rate-making governmental agencies or to municipal corporations as to utilities operating within limits of such municipal corporations. | Does a city have an inherent power to regulate a utility? | Public Utilities - Memo 178 - AM.docx | ROSS-003286732-ROSS-003286733 |
| Russell v. Am. Real Estate Corp., 89 S.W.3d 204 | 386+6 | "Trespass to personalty" is an injury to, or interference with, possession of the property, unlawfully, with or without the exercise of physical force. | What is trespass to personalty? | 047211.docx | LEGALEASE-00125999-LEGALEASE-00126000 |
| Weicht v. Suburban Newspapers of Greater St. Louis, 32 S.W.3d 592 | 386+6 | A "trespass to personal property" is defined as a wrongful taking of chattels. | Can the wrongful taking of chattels constitute a trespass to personal property? | 047218.docx | LEGALEASE-00126008-LEGALEASE-00126009 |
| Poff v. Hayes, 763 So. 2d 234 | 386+6 | Trespass to real property is similar to trespass to chattels in that trespass, generally, is a wrong against the right of possession. | Is trespass a wrong against the right of possession? | Trespass - Memo 182 - RK.docx | ROSS-003286428 |
| Fordham v. Eason, 351 N.C. 151 | 386+6 | The basis of a trespass to chattel cause of action lies in injury to possession. | What is the basis of a trespass to chattel cause of action? | 047227.docx | LEGALEASE-00126028-LEGALEASE-00126029 |
| Calabrese v. McHugh, 170 F. Supp. 2d 243 | 13+61 | In Connecticut, cause of action accrues when plaintiff suffers actionable harm. | Does cause of action accrue when plaintiff suffers an actionable harm? | Action - Memo # 124 - C - UG.docx | ROSS-003313356-ROSS-003313357 |
| In re Estate of Velasco, 214 S.W.3d 213 | 30+3226 | Whether a party has standing to sue is a question of law that the Court of Appeals reviews de novo. | Is a party's standing to sue a question of law? | 005665.docx | LEGALEASE-00126572-LEGALEASE-00126573 |
| Booker v. Real Homes, 103 S.W.3d 487 | 241+43 | Cause of action generally accrues when wrongful act produces injury, regardless of when plaintiff learns of the injury; there are exceptions, however, such as the "discovery rule," which determines when the cause of action accrued where plaintiff could not have known of his injury when it occurred. | Is occurrence of an injury essential for a cause of action? | 005736.docx | LEGALEASE-00126676-LEGALEASE-00126677 |
| Nationwide Ins. Co. v. Ohio Dep't of Transp., 61 Ohio Misc. 2d 761 | 13+1 | After cause of action has accrued, it can neither be taken away nor diminished; cause of action accrues when claim or right on which it is founded has matured so that action can be brought upon it, which is usually completed at moment when wrong done by defendant produces injury to plaintiff. | Can a cause of action be taken away or diminished after it has accrued? | Action - Memo # 302 - C - VA.docx | ROSS-003289867 |
| Pasternak v. Robin, 511 P.2d 529 | 13+63 | Mere delay, short of the running of the applicable statute of limitations, does not in and of itself constitute "laches." | "Does a mere delay in and of itself constitute ""laches""?" | 006022.docx | LEGALEASE-00126648-LEGALEASE-00126649 |
| Memphis & C. Ry. Co. v. Pace, 282 U.S. 241 | 200+121 | Construction and maintenance of serviceable roads is public purpose for which property may be taxed by state. | Can highways or serviceable roads be taxed by the state? | 018918.docx | LEGALEASE-00126620-LEGALEASE-00126621 |
| Tectrade Int'l Ltd. v. Fertilizer Dev. & Inv., B.V., 258 A.D.2d 349 | 302+8(7) | Provisions of the parties' contract prevail over conclusory allegations of the complaint. | Do provisions of a contract prevail over conclusory allegations of the complaint? | 022893.docx | LEGALEASE-00126692-LEGALEASE-00126693 |
| Kelley v. Mallory, 202 Or. 690 | 302+8(1) | Conclusion of law in pleading is not issuable, requires no denial, does not aid the pleading, and amounts to a nullity. | Does a conclusion of law require denial? | 023052.docx | LEGALEASE-00126704-LEGALEASE-00126705 |
| Benavides v. E. New Mexico Med. Ctr., 338 P.3d 1265 | 413+1 | Rights of workers and rights of employers must be subject to same standards under Workers' Compensation Act. West's NMSA S 52-1-1 et seq. | Should the rights of workers and rights of employers be subject to same standards under Workers' Compensation Act? | 048593.docx | LEGALEASE-00126712-LEGALEASE-00126713 |
| Boynton v. Renwick, 46 Ill. 280 | 83E+481 | The legal title to a note cannot be transferred by assignment by a separate instrument. | Can the legal title to a note be transferred by assignment by a separate instrument? | 009092.docx | LEGALEASE-00126920-LEGALEASE-00126922 |
| Texas v. United States, 523 U.S. 296 | 170B+2121 | Claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or may not occur at all. | Is mere threat to take action on the occurrence of some uncertain future event a taking? | Eminent Domain - Memo 298 - GP.docx | LEGALEASE-00016855-LEGALEASE-00016856 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Warnick v. Warnick, 133 P.3d 997 | 289+816 | Assuming the trial court valued the partnership using liquidation value, for purposes of determining the buyout cost of dissociating partner's interest, partnership was not entitled to a deduction of the hypothetical costs of sale, given that "liquidation value" was the fair market value of its assets sold separately, and deduction of hypothetical costs of sale would result in a value less than the fair market value of the assets. Wyo.Stat.Ann. S 17-21-701(b). | What is a buyout price in a partnership? | 021957.docx | LEGALEASE-00127277-LEGALEASE-00127278 |
| Miller v. Modern Motor Co. of Glendale, 107 Cal. App. 38 | 302+8(10) | Where waiver is relied upon, in bringing action, facts constituting waiver must be set forth. | Should facts constituting waiver be pleaded if a waiver is relied upon? | 023066.docx | LEGALEASE-00126892-LEGALEASE-00126893 |
| Chase Manhattan Mortg. Corp. v. Cook, 141 S.W.3d 709 | 366+41(5) | A party claiming subrogation must plead and prove the right to subrogation. | Should a party claiming subrogation plead and prove the right to subrogation? | Subrogation - Memo # 983 - C - SK.docx | ROSS-003312336-ROSS-003312337 |
| Haynes v. Williams Fence & Aluminum, 805 So. 2d 215 | 413+11 | The Workers' Compensation Act is intended to be remedial and not superfluously litigious in nature. | Is the workers compensation act remedial in nature? | 048093.docx | LEGALEASE-00126959-LEGALEASE-00126961 |
| Tampa Aluminum Prod. Co. v. Watts, 132 So. 2d 414 | 413+1 | Workmen's compensation cases, like other lawsuits, must generally be determined by their peculiar facts. | Should each workers compensation case turn on its facts? | 048244.docx | LEGALEASE-00126909-LEGALEASE-00126910 |
| S. Bell v. MacDonald, 671 So. 2d 207 | 413+1 | Employer must offer or furnish workers' compensation benefits when employer knows or should know that benefits are due. | Should an employer offer or furnish benefits when the employer knows or should know that benefits are due? | 048459.docx | LEGALEASE-00126822-LEGALEASE-00126823 |
| Benjamin v. Jacobson, 172 F.3d 144 | 92+2385 | In requiring termination of consent decrees that are not supportable by requisite findings, Prison Litigation Reform Act (PLRA) termination provision does not violate constitutional separation of powers principle by requiring courts to reopen final judgments, since PLRA's termination provision does not require termination of any relief other than prospective relief, courts would have inherent authority to modify or terminate forward-looking injunctive provisions in light of changes in law or circumstances, and statutory definition of prospective relief expressly excludes compensatory monetary damages. 18 U.S.C.A. S 3626(b)(2). | "Do a court of equity have the power to modify an injunction in adaptation to changed conditions, though it was entered by consent?" | 005900.docx | LEGALEASE-00127615-LEGALEASE-00127617 |
| Pillow v. Pillow, 13 Tenn. 420 | 134+154 | When a bill or petition for divorce in chancery contains a prayer for particular relief, and also for general relief, if the proof authorizes a decree according to the prayer for particular relief, it must be made, but if not, the court will proceed in the general prayer. | "When the prayer for relief includes a particular relief, a general relief, and a special relief, should the decree follow the special relief?" | 006081.docx | LEGALEASE-00127826-LEGALEASE-00127827 |
| Hamdi v. Rumsfeld, 296 F.3d 278 | 34+1 | The authority to capture those who take up arms against the United States belongs to the Commander in Chief. U.S.C.A. Const. Art. 2, S 2, cl. 1. | Does the Commander in Chief have the authority to capture those who take up arms against America? | Armed Forces - Memo 6 - RK.docx | ROSS-003285915-ROSS-003285916 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Burrows, 73 Mich. App. 51 | 48A+339 | Legislature, which intended to punish breaking and entering of motor vehicle with purpose to steal, determined that such conduct would be felonious if intent was to steal property of more than $5 in value or if person in course of removing goods or property damaged any part of motor vehicle, and thus defendant, who raised hood and entered engine compartment with his hands and then severed battery cables and removed battery, was guilty of violating statutory provision pertaining to breaking or entering motor vehicle despite fact that damage to vehicle occurred after entering of vehicle had been completed. M.C.L.A. S 750.356a. | What are the elements of breaking and entering into a motor vehicle? | 012646.docx | LEGALEASE-00128062-LEGALEASE-00128063 |
| People v. Sherow, 196 Cal. App. 4th 1296 | 67+2 | The lack of consent to enter the building at issue is not an element of burglary. West's Ann.Cal.Penal Code S 459. | Is lack of consent to enter a building an element of burglary? | Burglary - Memo 18 - RK.docx | ROSS-003327130-ROSS-003327131 |
| State v. White, 115 Wis. 2d 696 | 67+9(0.5) | Essential elements of felonious breaking or entering are breaking or entering, that such breaking or entering was of any building, and that such breaking or entering was with intent to commit any felony or larceny therein. | What are the elements of breaking and entering? | Burglary - Memo 2 - RK.docx | LEGALEASE-00017524-LEGALEASE-00017525 |
| Hawkins v. City of La Grande, 315 Or. 57 | 148+81.1 | Personal property, such as livestock and crops, can be "taken" for purposes of takings clause of State Constitution, even if realty on which such personal property is located is not taken. Const. Art. 1, S 18. | "Can personal property, such as the livestock and crops be taken under the taking laws?" | Eminent Domain - Memo 323 - GP.docx | LEGALEASE-00017626-LEGALEASE-00017627 |
| Thomson v. Iowa State Commerce Comm'n, 235 Iowa 469 | 317A+113 | "Public convenience and necessity" are not synonymous, convenience being much broader and more inclusive than necessity, but effect must be given to both; necessity meaning reasonably necessary but not absolutely imperative. | Are the words public convenience and necessity synonymous and should effect be given to both? | 042464.docx | LEGALEASE-00127746-LEGALEASE-00127748 |
| Jindra v. Diederich Flooring, 181 Wis. 2d 579 | 366+35 | One may waive subrogation explicitly in writing, or one may be held to have waived subrogation by conduct. (Per Day, J., with two Justices concurring and two Justices concurring in result.) | Can anyone waive subrogation explicitly in writing or by conduct? | 043516.docx | LEGALEASE-00127627-LEGALEASE-00127628 |
| Davis v. Gerstenslager Co., 302 F. Supp. 742 | 366+1 | Subrogation is legal right, but it may be waived as part of insurance contract. | Can subrogation be waived as part of an insurance contract? | Subrogation - Memo # 1273 - C - SKG.docx | ROSS-003287057-ROSS-003287058 |
| Labarre v. Rateau, 210 La. 34 | 157+89 | The presumption of laches arising from lapse of time may be rebutted by competent testimony. | Can the presumption of laches be overcome by competent testimony? | Action - Memo # 728 - C - ES.docx | ROSS-003289894-ROSS-003289895 |
| Aspero v. Shearson Am. Exp., 768 F.2d 106 | 25T+135 | Although created by contract, duty to arbitrate does not necessarily end when contract is terminated. | Does the duty to arbitrate end when the contract terminates? | Alternative Dispute Resolution - Memo 467 - RK.docx | ROSS-003286970-ROSS-003286971 |
| United States v. Scholz, 19 M.J. 837 | 258A+509 | Government agencies, including those of the military, must comply with their own regulations, and the Navy is obligated to comply with Department of Defense directives. | "Do government agencies, including the military, have to comply with the regulations they promulgate?" | Armed Forces - Memo 44 - LEGALEASE.docx | LEGALEASE-00018162-LEGALEASE-00018163 |
| In re Sheena B., 83 A.D.3d 1056 | 307A+501 | Courts may deny discontinuance to protect the interests of the parties. McKinney's CPLR 3217(b). | Can the courts deny discontinuance to protect the interests of the parties? | Pretrial Procedure - Memo # 952 - C - SK.docx | ROSS-003313121-ROSS-003313122 |
| In re Rebel Rents, 307 B.R. 171 | 366+38 | Like other equitable remedies, right to subrogation may be lost by waiver, laches, or estoppel. | Can a right to subrogation be lost? | 043167.docx | LEGALEASE-00128541-LEGALEASE-00128543 |
| Factory Mut. Ins. Co. v. Citizens Ins. Co. of Am., 2006 WI App 16 | 366+35 | A party to a contract may waive subrogation explicitly in writing. | Can a party to a contract waive subrogation explicitly in writing? | Subrogation - Memo # 1223 - C - NE.docx | ROSS-003286793-ROSS-003286794 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Footlocker v. KK & J, 69 A.D.3d 481 | 366+35 | A waiver of subrogation may bar a claim for gross negligence. | Can a waiver of subrogation bar a claim for gross negligence? | Subrogation - Memo # 1055 - C - NS.docx | ROSS-003317329-ROSS-003317330 |
| Jindra v. Diederich Flooring, 181 Wis. 2d 579 | 217+3522 | Underinsured motorist insurer waived any potential right to subrogation under subrogation clause of policy and relied upon reimbursement agreement in policy by paying insured driver amount of settlement agreed to between underinsured motorist's insurer and driver and, thus, underinsured motorist insurer had claim for reimbursement of amount paid against driver and did not have to bring subrogation claim against insurer of underinsured motorist's employer for such recovery in driver's action against underinsured motorist and his employer. (Per Day, J., with two Justices concurring and two Justices concurring in result.) | Can an entity waive a subrogation right for reimbursement? | 043264.docx | LEGALEASE-00128373-LEGALEASE-00128374 |
| Kiker v. Pennsylvania Fin. Responsibility Assigned Claims Plan, 742 A.2d 1082 | 366+35 | Extinguishing a subrogee's statutory right to be reimbursed is generally disfavored. | Is extinguishing a subrogee's statutory right to be reimbursed disfavored? | Subrogation - Memo # 1112 - C - ES.docx | ROSS-003330944-ROSS-003330945 |
| Flot v. Wenger Mixer Mfg. Co., 189 Kan. 80 | 366+35 | Right to subrogation may be waived or subrogee may be estopped to assert right. | Can a right to subrogation be waived or subrogee be estopped to assert a right? | Subrogation - Memo # 1115 - C - ES.docx | ROSS-003312246-ROSS-003312247 |
| Fairfield Dev. Co. v. Jackson, 438 So. 2d 664 | 13+62 | Suit is premature if it is brought before right to enforce it has accrued and such prematurity is determined by fact existing at time suit is filed; evidence may be considered in assessing prematurity. LSA-C.C.P. arts. 423, 930. | When does an action become premature? | 006335.docx | LEGALEASE-00128774-LEGALEASE-00128775 |
| Exch. Mut. Ins. Co. v. Haskell Co., 742 F.2d 274 | 25T+141 | Surety on performance bond was bound by arbitration clause where performance bond incorporated by reference the terms of subcontract, the subcontract incorporated by reference the general contract and the general contract imposed obligation to submit all unresolved disputes to arbitration, and same was true though it was surety, which did not sign general contract, that sought to avoid arbitration. | Can performance bonds incorporate a duty to arbitrate by referencing a subcontract? | Alternative Dispute Resolution - Memo 478 - RK.docx | LEGALEASE-00018569-LEGALEASE-00018570 |
| Ditts v. Lonsdale, 49 Ind. 521 | 289+468 | Nominal partners are those who appear, or are held out to the world, as partners, but who have no real interest in the firm or business. | Does a nominal partner have any interest in the firm? | 021797.docx | LEGALEASE-00128902-LEGALEASE-00128903 |
| Hensel Phelps Const. Co. v. C.I.R., 703 F.2d 485 | 289+482 | Intent of parties is critical factor in determining when partnership began. | Is the intent of the parties a critical factor in determining when a partnership shall commence? | Partnership - Memo 232 - RK.docx | LEGALEASE-00018700-LEGALEASE-00018701 |
| Bader v. Cox, 701 S.W.2d 677 | 289+950 | A partnership does not terminate upon dissolution but continues until winding up is completed. Vernon's Ann.Texas Civ.St. art. 6132b, S 30. | Does a partnership continue after dissolution for the purpose of winding up? | 022024.docx | LEGALEASE-00128950-LEGALEASE-00128951 |
| King Cty. Council v. King Cty. Pers. Bd., 43 Wash. App. 317 | 307A+501 | Plaintiff in civil action has absolute right to voluntary dismissal under CR 41. | Does a plaintiff in a civil action have an absolute right to a voluntary dismissal? | Pretrial Proceedure - Memo # 1147 - C - TJ.docx | ROSS-003328649-ROSS-003328650 |
| Tomsha v. City of Colorado Springs, 856 P.2d 13 | 413+1 | There is no constitutionally protected civil right in workers' compensation benefits. 42 U.S.C.A. S 1981. | Is there a constitutionally protected civil right in workers compensation? | 047717.docx | LEGALEASE-00128722-LEGALEASE-00128723 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| T.N. v. I.B., 188 So. 3d 675 | 30+4 | The proper method to challenge an injunction is by direct appeal. Rules App.Proc., Rule 4(a)(1). | Is a direct appeal the proper method to challenge an injunction? | 008188.docx | LEGALEASE-00129070-LEGALEASE-00129071 |
| Meckler v. Hecht Rubber Corp., 190 So.2d 186 | 73+5(1) | A writ of certiorari would not be issued to review order of circuit court setting aside summary final judgment previously entered in favor of petitioner in absence of showing of any material injury for which petitioner would have no adequate remedy by appeal, since, even if grounds recited in order setting aside summary final judgment were insufficient in law, other meritorious grounds might be shown on appeal from final judgment. | Will courts grant certiorari to review an order denying summary judgment? | Appeal and error - Memo 41 - RK.docx | ROSS-003326079-ROSS-003326080 |
| Burney v. Hargraves, 264 Ark. 680 | 30+10 | Neither mandamus nor prohibition nor certiorari can be used as a substitute for appeal. Supreme Court Rules, rule 16. | "Can mandamus, prohibition, or certiorari be used as a substitute for appeal?" | Appeal and error - Memo 42 - RK.docx | ROSS-003327744-ROSS-003327745 |
| Ebenstein & Ebenstein, P.C. v. Smith Thibault Corp., 20 Conn. App. 23 | 30+21 | Neither the parties nor the trial court can confer jurisdiction upon the Appellate Court. | Can a trial court confer jurisdiction upon an appellate court? | 008263.docx | LEGALEASE-00129546-LEGALEASE-00129547 |
| Hughes v. York Cty. Dep't of Soc. Servs., 36 Va. App. 22 | 30+322 | A "necessary party" to an appeal is one whose interests are likely to be defeated or diminished by a successful appeal. | Who is a necessary party for the purpose of an appeal? | 008278.docx | LEGALEASE-00129587-LEGALEASE-00129588 |
| People v. Johnson, 129 Ill. App. 3d 399 | 106+100(1) | Decision by Supreme Court that burglary and residential burglary are separate and mutually exclusive offenses did not announce new rule of law, but merely applied statutory law to facts presented, and thus could be applied retroactively to collateral review of conviction which was pending at time of decision. Ill.Rev.St.1989, ch. 38, P 9-1(a)(3), 19-1(a), 19-3(a). | Are burglary and residential burglary mutually exclusive offenses? | 013203.docx | LEGALEASE-00129624-LEGALEASE-00129626 |
| Ashley v. State, 527 S.W.2d 302 | 67+2 | Word "crime" in burglary statutes includes misdemeanors as well as felonies. Code 1972, SS 97-17-41, 97-17-43. | Does the crime of burglary include felonies and misdemeanors? | Burglary - Memo 60 - RK.docx | ROSS-003314158-ROSS-003314159 |
| Diaz v. State, 699 S.W.2d 683 | 67+3 | Entry with intent to commit theft is element that distinguishes burglary from criminal trespass. V.T.C.A., Penal Code SS 30.02, 30.05. | How is burglary distinguished from criminal trespass? | 013249.docx | LEGALEASE-00129659-LEGALEASE-00129660 |
| Bibb v. State, 352 So. 2d 840 | 67+3 | Intent to steal or commit a felony is an essential part of the gravamen of the crime of burglary. | Is intent an essential part of burglary? | 013251.docx | LEGALEASE-00129661-LEGALEASE-00129662 |
| O'Leary v. Shipley, 313 Md. 189 | 79+6 | Trial court improperly applied Supreme Court's Elrod-Branti political patronage test in adjudicating deputy clerk's claim that she had not been reappointed by clerk of court after unsuccessfully running against clerk in general election; trial court should have applied Pickering-Mt. Healthy test, as deputy clerk had alleged that her overt expressive conduct in challenging clerk in election was considered by clerk and played a role in her dismissal. | Is the Elrod-Branti political patronage test used to show political patronage as the sole motive of a discharge? | 013354.docx | LEGALEASE-00129673-LEGALEASE-00129674 |
| Wiltz v. Esso Standard Oil Co., 126 So. 2d 649 | 302+11 | A plaintiff is not required to set forth details of proof or of evidence which he relies on, and only allegations of fact that are required in a petition are those of ultimate facts which are conclusions drawn from evidentiary facts. | Are ultimate facts conclusions drawn from evidentiary facts? | 023103.docx | LEGALEASE-00129169-LEGALEASE-00129170 |
| Washington-Youree Hotel Co. v. Union Indem. Co., 146 So. 342 | 302+228.19 | Exception of no cause of action admits well-pleaded facts, but not conclusions of law. | Does an exception of no cause of action admit conclusions of law? | 023109.docx | LEGALEASE-00129243-LEGALEASE-00129244 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Martin v. Cook, 68 Cal. App. 3d 799 | 307A+594.1 | Exceptions to operation of statute providing for dismissal for want of prosecution must be strictly construed. West's Ann.Code Civ.Proc. S 583(a, b). | Should the exceptions to the operation of dismissal statutes be strictly construed? | Pretrial Procedure - Memo # 1038 - C - KI.docx | LEGALEASE-00019287-LEGALEASE-00019289 |
| Yell Cty. Tel. Co. v. Taylor, 336 Ark. 108 | 307A+501 | Right to a voluntary nonsuit rests solely with plaintiffs. Rules Civ.Proc., Rule 41(a). | Does the right to a voluntary nonsuit rest solely with plaintiffs? | 041210.docx | LEGALEASE-00129370-LEGALEASE-00129371 |
| Perdue v. Cruse, 38 So. 3d 1235 | 141+36(3) | Evidence that enclosed estate had long been used as a residence was insufficient to support trial court's finding that a predial servitude existed such as to allow the placement of a water service line across servient tenement holders' property, outside of original right of passage, in servient tenement holders' action for trespass, where no evidence was presented that indicated a predial servitude had been created by convention or acquired by prescription. LSA-C.C. art. 689 et seq. | Is an enclosed estate granted the right of servitude of passage for utilities? | 042519.docx | LEGALEASE-00129231-LEGALEASE-00129232 |
| Bridas S.A.P.I.C. v. Gov't of Turkmenistan, 345 F.3d 347 | 25T+141 | Typically, a guarantor cannot be compelled to arbitrate on the basis of an arbitration clause in a contract to which it is not a party. 9 U.S.C.A. S 1 et seq. | Can a guarantor be compelled to arbitrate based on an arbitration clause in a contract? | 007340.docx | LEGALEASE-00130197-LEGALEASE-00130198 |
| Nationwide Mut. Ins. Co. v. Home Ins. Co., 330 F.3d 843 | 25T+141 | Arbitration panel may not determine rights or obligations of non-parties to arbitration. 9 U.S.C.A. S 1 et seq. | Can an arbitration panel determine the rights or obligations of non-parties to arbitration? | 007348.docx | LEGALEASE-00130205-LEGALEASE-00130206 |
| Besemer v. Bd. of Cty. Comm'rs, Brown Cty., 357 N.W.2d 365 | 79+33 | District court has broad discretion under statute allowing review of salary set for clerk of court and deputy clerks to adjust disputed salaries. M.S.A. SS 485.018, subd. 7, 487.13. | Does the district court have the discretion to adjust salaries? | Clerks of court - Memo 112 - RK.docx | LEGALEASE-00019608-LEGALEASE-00019609 |
| Messmer v. State Farm Cty. Mut. Ins. Co. of Texas, 972 S.W.2d 774 | 307A+501 | Plaintiff's right to nonsuit is absolute and trial judge has no discretion to refuse to grant dismissal. | Is a plaintiff's right to nonsuit an absolute one? | 025899.docx | LEGALEASE-00129717-LEGALEASE-00129718 |
| Schneck v. Mut. Serv. Cas. Ins. Co., 18 Wis. 2d 566 | 307A+742.1 | Purposes of pretrial conference are to simplify issues and determine necessity or desirability of amendments to pleading. W.S.A. 269.65(1)(a, b), (2). | What are the purposes of a pretrial conference? | Pretrial Procedure - Memo # 1334 - C - SB.docx | ROSS-003300999-ROSS-003301000 |
| Rocky Mountain Exp. Co. v. Colquitt, 179 Cal. App. 2d 204 | 307A+742.1 | The purpose of pretrial proceedings is to expedite and not to obstruct administration of justice. | Is a pretrial proceeding aimed at expedition and not obstruction of the administration of justice? | Pretrial Procedure - Memo # 1511 - C - VP.docx | ROSS-003301080-ROSS-003301081 |
| Kerley v. State, 89 Tex. Crim. 199 | 352H+147 | It is not necessary that an indictment charging rape upon a girl under 18 years of age negative her previous unchastity. | Is chastity relevant in a rape indictment? | 043059.docx | LEGALEASE-00130062-LEGALEASE-00130063 |
| Cooks v. Neely Lumber Co., 275 So. 2d 386 | 413+1 | Workmen's compensation law was not intended to impair lawful right to contract. | Did the Workmens Compensation law intend to impair the lawful right to contract? | 047824.docx | LEGALEASE-00130143-LEGALEASE-00130144 |
| Oil, Chem. & Atomic Workers' Int'l Union, Local 4-447 v. Chevron Chem. Co., 815 F.2d 338 | 231H+1549(6) | Issue of timely compliance with grievance procedure was question of procedural, not substantive arbitrability, and thus, in view of party's agreement that underlying substantive claim of wrongful dismissal was arbitrable under collective bargaining agreement, timing issue was also arbitrable. | Can procedural questions be arbitrated if the underlying substantive question is arbitrable as well? | 007452.docx | LEGALEASE-00131421-LEGALEASE-00131422 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fitzgerald v. Com., 11 Va. App. 625 | 135H+144 | Double jeopardy did not prohibit defendant's convictions for destruction of private property and for burglary, as result of causing damage to property when breaking and entering building, in that each offense required proof of fact not required for the other; burglary could be proved without necessity of proving that private property was damaged or carried away, while destruction of private property could be proved without necessity of proving entry or intent to commit larceny. Code 1950, SS 18.2-91, 18.2-137. | Does burglary require damage to property? | 013050.docx | LEGALEASE-00131305-LEGALEASE-00131306 |
| Smith v. State Indus. Comm'n, 1938 OK 167 | 67+46(1) | Where defendant was either not guilty of committing any crime or was guilty of breaking and entering with intent to steal key to automobile which he was later found driving, court was not required to charge jury that it could find defendant not guilty of burglary in fourth degree but guilty of breaking and entering alone. 11 Del.C. SS 395, 3706. | What is burglary in the fourth degree? | Burglary - Memo 39 - RK.docx | ROSS-003285809-ROSS-003285810 |
| Gibson v. Blanton, 483 S.W.2d 372 | 30+4525 | Failure to grant a nonsuit timely filed is reversible error. Rules of Civil Procedure, rule 164. | "Is failure to grant a nonsuit timely filed, a reversible error?" | 026127.docx | LEGALEASE-00130508-LEGALEASE-00130509 |
| Sammons v. Doctors for Emergency Servs., P.A., 913 A.2d 519 | 307A+749.1 | Scheduling orders are not merely guidelines but have full force and effect as any other order of the Superior Court. | Are scheduling orders mere guidelines? | 026866.docx | LEGALEASE-00131133-LEGALEASE-00131134 |
| Priest v. McConnell, 219 Neb. 328 | 307A+743 | Pretrial conferences are conducted to simplify and narrow issues of case and to avoid traps and surprises. | Why are pretrial conferences conducted? | 026974.docx | LEGALEASE-00130981-LEGALEASE-00130983 |
| Oppenheim v. Straus, 210 A.D. 880 | 307A+331 | The production of books and papers must be compelled by order of the court. | Should the production of books and papers be compelled by order of the court? | 027326.docx | LEGALEASE-00131040-LEGALEASE-00131041 |
| Milam v. Attaway, 195 Ga. App. 496 | 307A+749.1 | Interpretation of pretrial order is within discretion of trial court. | Is the interpretation of pretrial order within the discretion of trial court? | Pretrial Procedure - Memo # 2076- C - KG.docx | ROSS-003301349-ROSS-003301350 |
| Hall v. State Farm Fire & Cas. Co., 937 F.2d 210 | 170A+1923 | Trial court has great discretion in interpreting pretrial order. | Is the interpretation of pretrial order within the discretion of trial court? | 027379.docx | LEGALEASE-00130816-LEGALEASE-00130817 |
| Bill DeLuca Enterprises v. Comm'r of Revenue, 431 Mass. 314 | 371+2001 | Essence of any system of taxation is that it should produce revenue ascertainable, and payable to the government, at regular intervals, since only by such a system is it practicable to produce a regular flow of income and apply methods of accounting, assessment, and collection capable of practical operation. | What is the essence of any system of taxation? | Taxation - Memo # 107 - C - SU.docx | ROSS-003286784-ROSS-003286785 |
| Am. Life & Acc. Ins. Co. of Kentucky v. Com., 173 S.W.3d 910 | 371+2001 | The character of a tax is determined by its operation, effect, and incidents, not by the label the legislature appends in the statute. | How is the character of a tax determined? | Taxation - Memo # 182 - C - SS.docx | ROSS-003288242-ROSS-003288243 |
| Alabama Power Co. v. Fed. Power Comm'n, 134 F.2d 602 | 371+2001 | "Taxes" are annual compensation paid to government for annual protection and for current support of government and are generally an "expense" and not an "investment". | To whom is the tax paid to? | 044976.docx | LEGALEASE-00130502-LEGALEASE-00130503 |
| Arbuckle-Coll. City Fire Prot. Dist. v. Cty. of Colusa, 105 Cal. App. 4th 1155 | 371+2001 | Taxes that provide revenues that are available for all purposes of the governmental entity are "general taxes" and include ad valorem property taxes; whereas, taxes that provide revenue for a specific or limited purpose are "special taxes." | When is a tax a general tax? | 045338.docx | LEGALEASE-00130662-LEGALEASE-00130664 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Arbuckle-Coll. City Fire Prot. Dist. v. Cty. of Colusa, 105 Cal. App. 4th 1155 | 371+2001 | Taxes that provide revenues that are available for all purposes of the governmental entity are "general taxes" and include ad valorem property taxes; whereas, taxes that provide revenue for a specific or limited purpose are "special taxes." | When is a tax a general tax? | Taxation - Memo # 51 - C - KBM.docx | LEGALEASE-00021245-LEGALEASE-00021247 |
| Dukesherer Farms v. Ball, 405 Mich. 1 | 371+2001 | Taxes are exactions or involuntary contributions of money which are sanctioned by law and enforceable by courts and which are imposed primarily for public rather than private purposes. | Is the collection of tax sanctioned by law and enforceable by courts? | 045742.docx | LEGALEASE-00130491-LEGALEASE-00130493 |
| Dukesherer Farms v. Ball, 405 Mich. 1 | 371+2001 | Taxes are exactions or involuntary contributions of money which are sanctioned by law and enforceable by courts and which are imposed primarily for public rather than private purposes. | Is tax an exaction or involuntary contribution of money? | 045765.docx | LEGALEASE-00130496-LEGALEASE-00130497 |
| Bell v. City of Winter Park, Fla., 745 F.3d 1318 | 399+1 | Municipal ordinance, allowing person residing in a dwelling unit to post "no loitering" sign and allowing city officer to enforce such prohibition against loitering within 50 feet of dwelling, on its face violated free speech rights, in that ordinance permitted private citizens to have municipality regulate speech on traditional public fora for any reason, and it provided no standards for enforcement, leaving officers free to enforce prohibition on basis of content or viewpoint of an individual's speech. U.S.C.A. Const.Amend. 1. | Can an officer enforce a posted no loitering sign? | 047448.docx | LEGALEASE-00130635-LEGALEASE-00130636 |
| HIM Portland v. DeVito Builders, 317 F.3d 41 | 25T+144 | Property owner could not compel arbitration of dispute with construction contractor, pursuant to parties' contract, where contract's arbitration clause required request for mediation as condition precedent to arbitration, and neither owner nor contractor had requested mediation of the dispute. 9 U.S.C.A. S 1 et seq. | Is arbitration possible if mediation stands as a condition precedent? | 007468.docx | LEGALEASE-00132387-LEGALEASE-00132388 |
| State v. Brooks, 24 So. 3d 917 | 67+6 | In order to constitute an "inhabited dwelling," for purposes of aggravated burglary statute, a person must live in the dwelling, but the person need not be present in the inhabited dwelling at the time of the burglary. LSA-R.S. 14:60. | What is an inhabited dwelling in the context of burglary? | Burglary - Memo 69 - RK.docx | ROSS-003326291-ROSS-003326292 |
| State v. Superior Court of Pierce Cty., 55 Wash. 328 | 79+6 | A deputy county clerk is an ex officio clerk of the superior court in his county and his authority is coextensive with that of his principal. West's Ann.Gov.Code, SS 1194, 69841 et seq., 69843. | Is a deputy county clerk an ex-officio clerk of the superior court? | 013542.docx | LEGALEASE-00131837-LEGALEASE-00131839 |
| Newman Grove Creamery Co. v. Deaver, 208 Neb. 178 | 307A+742.1 | Purpose of pretrial conference is to simplify and to narrow issues of case and to avoid traps and surprises. | What is the purpose of pretrial conference and what does it simplify? | 026526.docx | LEGALEASE-00131746-LEGALEASE-00131747 |
| Rosenbaum v. Texas Energies, 241 Kan. 295 | 307A+749.1 | In determining breadth of pretrial order, order should be given liberal construction. | "In determining breadth of pretrial order, should an order be given liberal construction?" | Pretrial Procedure - Memo # 1973 - C - MS.docx | ROSS-003301525-ROSS-003301526 |
| Tumlison v. Harville, 237 Ark. 113 | 307A+331 | Discovery statute contemplates that party may, for good cause, be afforded opportunity to examine documents which themselves constitute evidence or which may reasonably be expected to lead to discovery of evidence. Ark.Stats. SS 28-348(b), 28-356. | "Can a discovery statute contemplate that a party may, for good cause, be afforded an opportunity to examine documents which themselves constitute evidence?" | Pretrial Procedure - Memo # 2111 - C - ES.docx | LEGALEASE-00021664-LEGALEASE-00021665 |
| Barham v. Hawk, 165 N.C. App. 708 | 307A+517.1 | Once a plaintiff files a voluntary dismissal, it is as if the suit had never been filed. Rules Civ.Proc., Rule 41(a)(1), West's N.C.G.S.A. S 1A-1. | "When a plaintiff files a voluntary dismissal, is it as if the suit had never been filed?" | Pretrial Procedure - Memo # 2312 - C - NS.docx | ROSS-003313482-ROSS-003313483 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| U.S. Bank Nat. Ass'n v. Rivera, 193 So. 3d 954 | 266+1800 | Trial court lacked jurisdiction to enter discovery orders after mortgagee's voluntary dismissal of foreclosure action following grant of mortgagee's motion to vacate final foreclosure judgment based on irregularities in actions taken by former counsel for mortgagee; voluntary dismissal was jurisdictional and served to terminate the litigation, instantaneously divesting the lower court of jurisdiction to entertain further motions or to enter further orders that would have otherwise either disposed of the case on the merits or revived the original action. West's F.S.A. RCP Rule 1.540(B). | Does a voluntary dismissal irrevocably terminate an action? | 027810.docx | LEGALEASE-00131766-LEGALEASE-00131768 |
| Borger v. Conner, 210 A.2d 546 | 307A+749.1 | Generally party is bound by pretrial order, but rigid adherence to it should not always be exacted. | Is a party bound to rigidly adhere to a pretrial order? | Pretrial Procedure - Memo # 2515 - C-BP.docx | ROSS-003301008-ROSS-003301009 |
| Arbuckle-Coll. City Fire Prot. Dist. v. Cty. of Colusa, 105 Cal. App. 4th 1155 | 371+2001 | Taxes that provide revenues that are available for all purposes of the governmental entity are "general taxes" and include ad valorem property taxes; whereas, taxes that provide revenue for a specific or limited purpose are "special taxes." | What are general taxes? | Taxation - Memo # 133 - C - KBM.docx | LEGALEASE-00022061-LEGALEASE-00022063 |
| Hochstedler v. St. Joseph Cty. Solid Waste Mgmt. Dist., 770 N.E.2d 910 | 371+2002 | Generally, a tax is an enforced contribution to provide for the support of government, whereas a fee is a charge for a particular benefit to the payer. | Can taxation be considered as optional? | 044655.docx | LEGALEASE-00131536-LEGALEASE-00131537 |
| Austin v. Centerpoint Energy Arkla, 365 Ark. 138 | 371+2001 | A "tax" is a burden imposed by a government upon a taxpayer for the use and benefit of that government. | "Is ""tax"" imposed for the use and benefit of the government?" | Taxation - Memo # 224 - C - KI.docx | ROSS-003300287-ROSS-003300289 |
| Circle C'' Coal Co. v. Com., 628 S.W.2d 883 | 371+2001 | Character of tax is not determined by label placed upon it by legislature, but by its operation and effect. | Is the character of a tax determined by its label? | Taxation - Memo # 227 - C - KI.docx | ROSS-003288268-ROSS-003288270 |
| Huntington Pub. Co. v. Caryl, 180 W. Va. 486 | 371+2001 | In tax matters, it is substance, not form of transaction, that determines tax liability. | Is it the form of transaction that determines tax liability in tax matters? | 044884.docx | LEGALEASE-00131742-LEGALEASE-00131743 |
| Weekes v. City of Oakland, 21 Cal. 3d 386 | 371+2001 | The character of a tax is ascertained from its incidents, not its label; the legislative designation of a particular tax is persuasive but not determinative as to its nature. (Per Curiam, with three Justices concurring and two Justices concurring specially.) | Is the legislative designation of a particular tax persuasive as to its nature? | 044948.docx | LEGALEASE-00132035-LEGALEASE-00132036 |
| German v. Com., 410 Mass. 445 | 371+2001 | "Tax" is revenue-raising exaction imposed through generally applicable rates to defray public expense; nature of monetary exaction will be decided by studying its operation rather than how it has been characterized by legislature. | How is the nature of a monetary exaction decided? | Taxation - Memo # 304 - C - CK.docx | ROSS-003331041-ROSS-003331042 |
| People v. Herskowitz, 41 N.Y.2d 1094 | 63+1(1) | Scope of crime of bribery encompasses all public servants. Penal Law 1965, S 200.00. | Does the scope of the crime of bribery encompass all public servants? | Bribery - Memo #238 - C-CSS.docx | ROSS-003286672-ROSS-003286673 |
| Northwestern Nat. Bank of Minneapolis v. Fox & Co., 102 F.R.D. 507 | 349B+27.34 | Individual partners in accounting firm could be held jointly and severally liable under the securities law, as well as the common law, for any fraudulent acts committed by their copartners or the accounting firm itself in the course of partnership business. Securities Act of 1933, SS 12(2), 17(a), 15 U.S.C.A. SS 77l (2), 77q(a); Securities Exchange Act of 1934, S 10(b), 15 U.S.C.A. S 78j(b). | Will fraud committed while transacting the partnership business by one partner make the other partners liable? | 022094.docx | LEGALEASE-00133497-LEGALEASE-00133498 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Batson v. Cherokee Beach & Campgrounds, 428 So. 2d 991 | 302+228.22 | Mere allegations of negligence are not allegations of fact which must be accepted as true for adjudication of objection of no cause of action, but are conclusions of law. LSA-C.C.P. arts. 891, 931. | Are mere allegations of negligence allegations of fact? | Pleading - Memo 289 - RMM.docx | ROSS-003300873-ROSS-003300874 |
| Fortenberry v. Weber, 18 Cal. App. 3d 213 | 307A+749.1 | Normally, pretrial conference order will control as against inconsistent pleadings. Cal.Rules of Court, rule 216. | Will a pretrial conference order control as against inconsistent pleadings? | Pretrial Procedure - Memo # 2453 - C - MS.docx | ROSS-003288264-ROSS-003288265 |
| Cottrell v. Warren, 18 Pa. 487 | 307A+331 | The Act of February 27, 1798, 9 Sm.L. 303, 28 P.S. S 61, was intended to supply the want of a bill of discovery. | What act is intended to supply the want of a bill of discovery? | Pretrial Procedure - Memo # 2490 - C - PC.docx | ROSS-003327114-ROSS-003327115 |
| Lee v. Kwong, 193 Cal. App. 4th 1275 | 307A+517.1 | An arbitration is viewed as a trial on the merits, for purposes of a voluntary dismissal. West's Ann.Cal.C.C.P. S 581(b)(1), (c). | "Is an arbitration viewed as a trial on the merits, for purposes of a voluntary dismissal?" | 028055.docx | LEGALEASE-00133395-LEGALEASE-00133396 |
| Hopkins v. Ciba-Geigy Corp., 111 N.C. App. 179 | 307A+517.1 | "Two-dismissal rule," which equates second voluntary dismissal with adjudication on the merits, applies only when plaintiff has twice dismissed action based on or including same claim. | "When does the ""two-dismissal rule"" apply?" | 028222.docx | LEGALEASE-00133328-LEGALEASE-00133329 |
| Sanford v. Dudley, 196 So. 3d 1106 | 307A+486 | For the trial court to exercise its discretion to permit withdrawal of admission, the party seeking to withdraw an admission must first file a motion requesting that relief. Rules Civ.Proc., Rule 36. | Does a trial court have discretion to deny a request for leave to withdraw or amend an admission even when the two preconditions for seeking withdrawal from deemed admissions are established? | 028409.docx | LEGALEASE-00132950-LEGALEASE-00132951 |
| Thor Industries v. Indiana Dept. of State Revenue, 60 N.E.3d 308 | 307A+486 | "Prejudice," within meaning of rule providing defense against withdrawal of deemed admissions on a showing of prejudice against the opponent of the withdrawal, does not mean that the party who has obtained the admission will lose the benefit of the admissions; rather, it means that the party has suffered a detriment in the preparation of his case. Trial Procedure Rule 36(B). | "What does ""prejudice"" mean under the law?" | Pretrial Procedure - Memo # 2828 - C - SB.docx | ROSS-003301623-ROSS-003301624 |
| City of Houston v. Church, 554 S.W.2d 242 | 20+29 | Entry and possession without claim of right is nothing more than a trespass and unless true owner has actual knowledge of hostile claim, possession must be so open, visible and notorious as to raise the presumption of notice that the rights of true owner are invaded intentionally and with purpose of asserting claim of title adverse to his, so potent that owner could not be deceived, in order to mature title by adverse possession. | Can the entry and possession of land without a claim of right be held as a trespass? | 047342.docx | LEGALEASE-00133438-LEGALEASE-00133439 |
| Murray v. Thompson, 136 Tenn. 118 | 211+1076 | Negotiable Instruments Law, S 22, providing that indorsement of the instrument by an infant passes the property therein, merely makes the indorsement not void, and does not take away any right to disaffirm. | Is the indorsement by an infant on an instrument void? | 010199.docx | LEGALEASE-00133678-LEGALEASE-00133679 |
| In re Bakri's Estate, 109 N.Y.S.2d 654 | 8.30E+76 | A check is a mere order upon a bank to pay from the drawer's account, and, until presented and paid, is revocable by drawer. | When can a drawer revoke a check? | 010211.docx | LEGALEASE-00133584-LEGALEASE-00133585 |
| Bay v. Shrader, 50 Miss. 326 | 8.30E+186 | The test of the materiality of any indorsement or memorandum on the back or foot of a note is the time and the intent of it. If made before or at the time of the execution, it forms a part of it, and may control the obligation in some important particulars. But, being disconnected from the body of the instrument to which the maker's name is signed, it forms no original part of it, until shown to have been upon it when executed. | "Do memoranda or indorsement at the foot or on the back of the note or an instrument, when executed, constitute a part of the contract?" | 010230.docx | LEGALEASE-00133670-LEGALEASE-00133671 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Freeman v. Leader Nat. Ins. Co., 58 S.W.3d 590 | 307A+517.1 | A plaintiff's voluntary dismissal is effective as of the date it is filed. V.A.M.R. 67.02(a). | Is a plaintiff's voluntary dismissal effective as of the date it is filed? | 028267.docx | LEGALEASE-00133628-LEGALEASE-00133629 |
| Freeman v. Leader Nat. Ins. Co., 58 S.W.3d 590 | 307A+517.1 | The trial court loses jurisdiction as of the date of dismissal of a case. | Does the trial court lose jurisdiction as of the date of dismissal of a case? | Pretrial Procedure - Memo # 2621 - C - KG.docx | ROSS-003304089-ROSS-003304090 |
| United States v. Articles of Drug, 15 Cartons, Zenith Hydralazine HCL, Hydrochlorothiazide & Reserpine Tablets, 568 F. Supp. 29 | 198H+331 | Where articles of drug seized were not being held for personal consumption by manufacturer, they were being "held for sale," both at time of seizure and at time of filing of complaint, within meaning of statute providing for forfeiture of any drug that is adulterated or misbranded while held for sale after shipment in interstate commerce, even though manufacturer voluntarily withheld them from sale pending outside laboratory testing results and notwithstanding fact that manufacturer may have intended in future to cure any adulteration of drugs. Federal Food, Drug, and Cosmetic Act, S 304(a)(1), 21 U.S.C.A. S 334(a)(1). | Do the government has a right to forfeit adulterated food or drug after it has been shipped in interstate commerce? | Adulteration -Memo 11-VP.docx | LEGALEASE-00023517-LEGALEASE-00023518 |
| In re Kang Jin Hwang, 396 B.R. 757 | 83E+481 | Under California law, fundamental feature of negotiable instruments is that they are transferred by delivery of possession, not by contract or assignment. West's Ann.Cal.Com. Code SS 3201, 3203. | What is the fundamental feature of a negotiable instrument? | 010939.docx | LEGALEASE-00133776-LEGALEASE-00133777 |
| People v. Foley, 206 Ill. App. 3d 709 | 352H+151 | Type of sexual penetration is not element of offense of criminal sexual assault or aggravated criminal sexual abuse, and its inclusion in indictment is merely surplusage. S.H.A. ch. 38, PP 12-13(a)(1, 3), 12-16(d). | Is the type of sexual penetration an element in sexual offenses? | 043049.docx | LEGALEASE-00133838-LEGALEASE-00133839 |
| In re W. Iowa Farms Co., 135 F.3d 1257 | 83E+417 | Endorsement consisting simply of name of payee turns check into bearer paper; anyone who comes into possession of it can assert ownership, and persons dealing with instrument in good faith and without reasonable suspicion can deal with that person as true owner. | How is a check turned to bearer paper? | 010933.docx | LEGALEASE-00133980-LEGALEASE-00133981 |
| United States v. Terry, 707 F.3d 607 | 63+1(1) | If a public official receives money through promises to improperly employ his public influence, he has accepted a bribe. 18 U.S.C.A. S 201(b)(2). | Under what condition would receipt of money by an official be considered a bribe? | Bribery - Memo #172 - C-JL.docx | ROSS-003289164-ROSS-003289165 |
| United States v. O'Brien, 994 F. Supp. 2d 167 | 63+1(1) | Phrase "anything of value" in bribery statute is construed broadly, and includes intangible rights and benefits. 18 U.S.C.A. S 666. | "How is ""anything of value"" construed in a bribery prosecution?" | 011283.docx | LEGALEASE-00134479-LEGALEASE-00134480 |
| Miller v. City of Wauwatosa, 87 Wis. 2d 676 | 200+81 | Owner of land abutting a public highway holds title to center of highway subject to public easement and when highway is discontinued or vacated land reverts to owner unencumbered by easement. W.S.A. 80.32(3). | "Does the abutting landowner, own the center of the highway?" | 018936.docx | LEGALEASE-00134511-LEGALEASE-00134512 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gower v. Lamb, 282 S.W.2d 867 | 302+8(17) | In petition for damage allegedly done to plaintiff's parked automobile as result of being struck by defendant's vehicle, driven at time by thief, allegation that plaintiff's damage had been result of negligence by defendant was not a conclusion, but an ultimate fact, which could be pleaded as such, and therefore petition could be regarded as charging common-law negligence as well as statutory negligence, notwithstanding fact that main reliance was upon violation of statute prohibiting motorist to leave unattended a vehicle with ignition unlocked. Section 304.150 RSMo 1949, V.A.M.S. | Can negligence be pleaded as such? | Pleading - Memo 294 - RMM.docx | ROSS-003290562-ROSS-003290563 |
| Hesse v. Wagner, 475 S.W.2d 55 | 302+1 | Pleadings in the case are for the court and the parties, not the jury; they define and limit the issues. | Do the pleadings limit and define issues of the case? | 023279.docx | LEGALEASE-00134481-LEGALEASE-00134482 |
| In re Cole, 428 B.R. 747 | 307A+517.1 | Under Ohio law, where litigants agree to a voluntary dismissal, the action is treated as if it had never been commenced. Ohio Rules Civ.Proc., Rule 41. | Does a voluntary dismissal render the action as if it had never been commenced? | Pretrial Procedure - Memo # 2940 - C - SK.docx | ROSS-003290331-ROSS-003290332 |
| Oliphant Fin. v. Galaviz, 299 S.W.3d 829 | 307A+483 | Facts that have been deemed admitted may not be contradicted by evidence at the trial. Vernon's Ann.Texas Rules Civ.Proc., Rules 198.2(c), 198.3. | May facts that have been deemed admitted not be contradicted by evidence at the trial? | 029925.docx | LEGALEASE-00134579-LEGALEASE-00134581 |
| Gustafson v. Riggs, 10 Ariz. App. 74 | 371+2001 | Taxes fall naturally into three classifications: (1) capitation or poll taxes, (2) taxes on property, (3) excises. | How many classifications do taxes naturally fall into? | 045073.docx | LEGALEASE-00134150-LEGALEASE-00134151 |
| Elton v. Anheuser-Busch Beverage Grp., 50 Cal. App. 4th 1301 | 386+14 | Trespass may be committed by consequential and indirect injury as well as by direct and forcible injury. West's Ann.Cal.C.C.P. S 1021.9. | Can trespass be committed due to a consequential injury? | 047358.docx | LEGALEASE-00134898-LEGALEASE-00134899 |
| Tracfone Wireless v. Blue Ocean's Distrib., 616 F. Supp. 2d 1284 | 170B+2235 | While valid arbitration clauses are to be enforced under the Federal Arbitration Act, they do not oust district courts of their jurisdiction. 9 U.S.C.A. S 3. | Does section 3 of the Arbitration Act enables the court to stay the trial until arbitration is over? | 007562.docx | LEGALEASE-00135847-LEGALEASE-00135848 |
| McGuire, Cornwell & Blakey v. Grider, 771 F. Supp. 319 | 25T+216 | Arbitrator's unwillingness to arbitrate parties' dispute over legal fees did not affect enforceability of arbitration agreement, absent showing that naming of arbitrator was central to parties' agreement to arbitrate. Fed.Rules Civ.Proc.Rule 60(b)(2), 28 U.S.C.A.; 9 U.S.C.A. S 5. | Does the unwillingness of the arbitrator to arbitrate the parties dispute affect the enforceability of the arbitration agreement? | 007582.docx | LEGALEASE-00135324-LEGALEASE-00135325 |
| Haywood v. State, 283 Ga. App. 568 | 210+923 | "Surplusage" is the allegation of matter wholly foreign and impertinent to the cause and all matter beyond the circumstances necessary to constitute the action. | "What is ""mere surplusage""?" | Bribery - Memo #334 - C - EB.docx | ROSS-003291579-ROSS-003291581 |
| Vaughn v. State, 13 Ariz. App. 15 | 67+2 | Burglary is distinctly different crime from grand theft, requiring no actual taking. A.R.S. S 13-1641. | Is grand theft different from burglary? | 012644.docx | LEGALEASE-00135864-LEGALEASE-00135865 |
| State v. Ralph Williams N. W. Chrysler Plymouth, 87 Wash. 2d 298 | 67+2 | Burglary is an offense against the security interest in possession of property rather than an offense against the legal title or ownership of the property. T.C.A. S 39-14-402(a)(4). | Is burglary an offense against possession? | Burglary - Memo 120 - KJS.docx | ROSS-003302750-ROSS-003302752 |
| People v. Seymour, 28 Misc. 2d 224 | 67+9(1) | Breaking out of building after having committed larceny therein constitutes third-degree burglary. Penal Law, S 404, subd. 2. | Does breaking out constitute burglary? | Burglary - Memo 122 - JS.docx | ROSS-003331002-ROSS-003331004 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kessinger Hunter Mgmt. Co. v. Davis, 782 S.W.2d 426 | 307A+716 | Trial court may exercise discretion when attorney legislator requests continuance; filing of application for legislative continuance does not divest trial court of jurisdiction and preclude further proceedings. V.A.M.R. 65.06. | Can a trial court exercise discretion when an attorney-legislator requests a continuance? | 029379.docx | LEGALEASE-00135457-LEGALEASE-00135458 |
| Janczyk v. Davis, 125 Mich. App. 683 | 307A+483 | Generally, where party fails to answer, requests are taken as admitted. GCR 1963, 312.1. | "When a party fails to answer, are requests taken admitted?" | Pretrial Procedure - Memo # 3505 - C - ES.docx | ROSS-003304419-ROSS-003304420 |
| Horshaw v. Cook, 16 Ga. 526 | 307A+716 | The mere absence of counsel, with the papers of the defendant, is not a sufficient ground for the continuance of a cause. | Does the mere absence of the counsel constitute a sufficient ground for a continuance? | Pretrial Procedure - Memo # 3573 - C - SS.docx | ROSS-003289780-ROSS-003289781 |
| Brigante v. Huang, 20 Cal. App. 4th 1569 | 307A+478 | Trial court's discretion to grant appropriate relief from requests for admissions which are deemed admitted when defendant cannot be found and no properly verified response is filed is not limited to ordering that entire set of requests for admission be deemed admitted or relieving responding party from answering at all; court is empowered to fashion remedy that will do justice in situation with which it is confronted and may, for example, order that only some matters be deemed admitted or may relieve defense from admitting or denying requests on condition that it demonstrate continuing and vigorous effort to locate defendant. West's Ann.Cal.C.C.P. S 2033. | Can an attorney verify a response to requests for admission (RFA) on behalf of an individual party? | Pretrial Procedure - Memo # 3926 - C - MS.docx | ROSS-003290580-ROSS-003290581 |
| City of Columbus v. Atlanta Cigar Co., 111 Ga. App. 774 | 371+2001 | Basic nature of tax must be determined by what it does and not by name given it by taxing authority. | Is the basic nature of a tax determined by its name or label? | Taxation - Memo # 450 - C - SS.docx | ROSS-003291310-ROSS-003291311 |
| Owens v. Fosdick, 153 Fla. 17 | 371+2001 | The nature of a tax must be determined by its operation rather than by its terminology. | Should the nature of the tax be determined by its operation rather than by its terminology? | 045242.docx | LEGALEASE-00135037-LEGALEASE-00135038 |
| Alabama Power Co. v. Fed. Power Comm'n, 134 F.2d 602 | 371+2001 | "Taxes" are annual compensation paid to government for annual protection and for current support of government and are generally an "expense" and not an "investment". | Are taxes an expense? | 045244.docx | LEGALEASE-00135049-LEGALEASE-00135050 |
| Am. Transmission v. Channel 7 of Detroit, 239 Mich. App. 695 | 386+1 | A "trespass" is an unauthorized invasion upon the private property of another. | Is trespass an unauthorized invasion of the private property of another? | 047366.docx | LEGALEASE-00135238-LEGALEASE-00135239 |
| Boulware v. Carbajal, 138 Ariz. 118 | 48A+6 | Amendment changing statute, which had required that there be an intersection and sidewalks on opposite sides of a highway in order for there to be an unmarked crosswalk, to define an unmarked crosswalk as existing at a "T" intersection affected substantive, and not merely procedural, rights, and therefore could not be given retroactive effect. A.R.S. S 28-602, subd. 2(a). | When does an unmarked crosswalk exist? | 018923.docx | LEGALEASE-00136729-LEGALEASE-00136730 |
| Howard v. Howard, 200 N.C. 574 | 106+512 | "Comity" is recognition which one nation allows within its territory to legislative, executive, or judicial acts of another nation. | What is comity or international comity? | 020696.docx | LEGALEASE-00136525-LEGALEASE-00136527 |
| Vicksburg, S. & P. Ry. Co. v. Scott, 47 La. Ann. 706 | 307A+716 | Physical inability of counsel to be present and manage the trial of a case is a sufficient ground for continuance. | Is the illness of a counsel and the counsels inability to be present and manage the trial of a case a sufficient ground for continuance? | Pretrial Procedure - Memo # 3284 - C - KG.docx | LEGALEASE-00026145-LEGALEASE-00026146 |
| Thompson v. Thompson, 149 Tex. 632 | 307A+716 | The withdrawal of a party's attorney does not automatically entitle the party to a pretrial continuance. | Does the withdrawal of a party's attorney not automatically entitle the party to a pretrial continuance? | 029340.docx | LEGALEASE-00136167-LEGALEASE-00136168 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Moss v. Malone, 880 S.W.2d 45 | 307A+716 | When ground for continuance is withdrawal of counsel, movant must show that failure to be represented at trial was not due to her fault or negligence. | "When ground for continuance is withdrawal of counsel, must a movant show that failure to be represented at trial was not due to her fault or negligence?" | 029346.docx | LEGALEASE-00136171-LEGALEASE-00136172 |
| Hatcher v. Bowen, 74 Ga. 840 | 307A+716 | Absence of counsel in attendance on other courts is not a favored ground for a postponement. | Is absence of counsel in attendance on other courts not a favoured ground for a postponement? | 029404.docx | LEGALEASE-00136215-LEGALEASE-00136216 |
| City of San Antonio v. Stevens, 126 S.W. 666 | 307A+723.1 | An application for continuance must state, as provided by Rev.St.1895, art. 1278, Vernon's Ann.Civ.St. art. 2168, the residence of the witnesses for whom continuance is sought. | Should an application for continuance state the residence of the witnesses? | 030307.docx | LEGALEASE-00137063-LEGALEASE-00137064 |
| Purdy & Fitzpatrick v. State, 71 Cal. 2d 566 | 24+116 | Discrimination on basis of alienage invokes strict standard of review. | Does discrimination or classification on the basis of alienage require strict standard of review? | 007001.docx | LEGALEASE-00137526-LEGALEASE-00137527 |
| Riedman v. Macht, 98 Ind. App. 124 | 8.30E+296 | Law merchant is part of common law and governs bills of exchange, but does not at common law apply to promissory notes which at common law were not negotiable as bills of exchange. | What is the Law Merchant? | Bills and Notes - Memo 208- GP.docx | ROSS-003305024 |
| Gilbert v. United States, 165 F.3d 470 | 83+82.6 | Drug trafficking is an economic enterprise that substantially affects interstate commerce in numerous ways. | Does possession of illegal drugs impact interstate commerce? | 011796.docx | LEGALEASE-00137987-LEGALEASE-00137988 |
| United States v. Kearney, 498 F.2d 61 | 67+15 | Under District of Columbia statute defining burglary as entry without breaking with intent to commit any criminal offense, consent to enter is not defense where one is shown to have entered with the requisite criminal intent. D.C.C.E. SS 22-1801(a), 22-3102. | Is unlawful entry a lesser included offense of burglary? | Burglary - Memo 106 - JS.docx | ROSS-003290171-ROSS-003290172 |
| State v. Briggs, 161 Conn. 283 | 67+8 | Word "daytime" as used in statutory crime of breaking and entering a dwelling in the daytime means that time of day when there is sufficient daylight so as to be able to discern the features of another by natural sunlight. C.G.S.A. S 53-73. | What is daytime in burglary? | Burglary - Memo 159 - JS.docx | ROSS-003331022-ROSS-003331024 |
| Stuart v. McVey, 59 Idaho 740 | 48A+246(8) | An instruction for plaintiffs in action for death of driver of automobile colliding with defendants' truck, if truck was being driven on left side of highway, was erroneous as in effect instructing jury that driving on left side of highway is negligence per se. | Can driving on the left side of a highway be considered as negligence? | 018858.docx | LEGALEASE-00137755-LEGALEASE-00137756 |
| City of Silverton v. Brown, 63 Or. 418 | 200+14 | The general rule is that the width of a highway established entirely by user is limited to the ground actually used. | What would be construed as the width of highway? | Highways -Memo 80-IS.docx | ROSS-003289356-ROSS-003289357 |
| Darnall v. Hughes, 17 So. 3d 1201 | 200+79.6 | County maintenance is not essential to the status of a public road, and the placement of a fence across a road does not per se constitute an abandonment of the road; evidence regarding these factors is pertinent, however, to the question of whether a public road has been abandoned. | Does placement of a fence across a road constitute abandonment of the road? | 019233.docx | LEGALEASE-00137931-LEGALEASE-00137932 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Burrows v. Cty. Court of Carter Cty., 308 S.W.2d 299 | 200+77(9) | On appeal from judgment of circuit court affirming order of county court vacating segment of county road, although Court of Appeals cannot substitute its judgment on evidence for that of county court, Court of Appeals is authorized to determine whether county court reasonably could have made its findings and reached its result upon consideration of all of the evidence before it, and to set aside order of county court if it is found to be clearly contrary to overwhelming weight of evidence. Sections 228.120, subd. 2, 228.130, 536.140, subd. 2 RSMo 1949, V.A.M.S.; V.A.M.S.Const. art. 5, S 22. | Does the failure to obtain report from county highway engineer render an order vacating a road void? | 019323.docx | LEGALEASE-00137745-LEGALEASE-00137746 |
| Lambert v. Bunge Corp., 169 So. 2d 207 | 307A+716 | Illness of principal counsel in trial of case is good ground for continuance. LSA-C.C.P. art. 1601. | "Where a defendant swears that his principal counsel is unable to attend, as he is informed and believes, from severe illness, and that he cannot safely go to trial without him, is he entitled to a continuance?" | 030130.docx | LEGALEASE-00137458-LEGALEASE-00137459 |
| Bullistron v. Augustana Hosp., 52 Ill. App. 3d 66 | 307A+723.1 | Failure to comply with relevant statutory provisions is, of itself, grounds for denial of a motion for continuance. Supreme Court Rules, rule 231, S.H.A. ch. 110A, S 231. | "Is a denial of motion for continuance not error, where the motion does not substantially comply with an applicable statute?" | 030321.docx | LEGALEASE-00137420-LEGALEASE-00137421 |
| Georgia Cas. Co. v. Campbell, 266 S.W. 854 | 307A+720 | Filing of a trial amendment does not necessarily entitle plaintiff to continuance. | Will the filing of a trial amendment entitle a plaintiff to a continuance? | 030823.docx | LEGALEASE-00137075-LEGALEASE-00137076 |
| Horlick's Malted Milk Co. v. A. Spiegel Co., 155 Wis. 201 | 307A+91 | It is the purpose of St.1911, S 4096, subds. 3, 5 (W.S.A. 326.10, 326.12), to afford a full discovery of all matters relevant to the controversy. | Is it the purpose of statutes to afford a full discovery of all matters relevant to the controversy? | Pretrial Procedure - Memo # 4739 - C - AP.docx | ROSS-003318103-ROSS-003318104 |
| Brinker v. Brinker, 7 Pa. 53 | 106+198 | The orphans' court, not being one of general equity jurisdiction, cannot entertain a bill of discovery. | Is a bill of discovery subject to equity jurisdiction only and cannot come up for a correction of error at law? | 031486.docx | LEGALEASE-00137118-LEGALEASE-00137119 |
| Roberts v. Schlather & Steinmeyer, 8 S.W.2d 296 | 307A+725 | Continuance because of incomplete service on defendant entered on docket could be set aside only on motion and notice, and default judgment without notice could not stand. | Should a continuance be set aside only on a proper motion of which the opposite party should be advised? | 031592.docx | LEGALEASE-00138045-LEGALEASE-00138046 |
| Erlandson v. Erskine, 76 Mont. 537 | 8.30E+266 | Renewal note is treated as new transaction on new promise, if parties' intention was to extinguish original note. | When does the renewal of the note extinguish the original debt? | Bills and Notes - Memo 225 - IS.docx | ROSS-003290000-ROSS-003290001 |
| First Nat. Bank v. Rhode Island Ins. Co., 184 Ark. 812 | 8.30E+76 | Bill of exchange drawn by drawer upon himself is in legal effect promissory note, and cannot be countermanded (Crawford & Moses' Dig. S 7896). | Can a bill of exchange drawn by the maker upon himself is a promissory note? | 010135.docx | LEGALEASE-00138804-LEGALEASE-00138805 |
| Hebel v. Ebersole, 543 F.2d 14 | 8.30E+76 | Where auction company, on being informed that consignor had not paid for cattle sold at consignment sale, stopped payment on check, which it had issued to consignor and which the latter had endorsed to a holder in due course, the holder had an action under Illinois law against the auction company on the check as if the check were a promissory note. S.H.A. ch. 26, SS 3-413, 4-403. | Does the holder of the check have an action against drawer similar to that of a promissory note? | 010172.docx | LEGALEASE-00138252-LEGALEASE-00138253 |
| In re Kang Jin Hwang, 396 B.R. 757 | 83E+481 | Under California law, fundamental feature of negotiable instruments is that they are transferred by delivery of possession, not by contract or assignment. West's Ann.Cal.Com. Code SS 3201, 3203. | What is a fundamental feature of negotiable instruments? | Bills and Notes -Memo 388-VP.docx | ROSS-003288789-ROSS-003288790 |
| Roberts v. Mississippi State Highway Comm'n, 309 So. 2d 156 | 200+182 | Regulation of vehicle and load weights is long-recognized and long-used method of maintaining and preserving state's highways. Code 1972, S 65-1-47. | What should be done in preserving or protecting highways? | 018954.docx | LEGALEASE-00138701-LEGALEASE-00138702 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rospert v. Old Fort Mills, 81 Ohio App. 241 | 302+9 | The doctrine of res ipsa loquitur being a rule of evidence, it is not necessary to be pleaded. | Should the doctrine of res ipsa loquitur be pleaded? | 023407.docx | LEGALEASE-00138750-LEGALEASE-00138751 |
| St. Louis, B. & M. Ry. Co. v. Jenkins, 163 S.W. 621 | 307A+74 | The absence of the seal on the envelope in which depositions were returned is not a ground for suppressing the depositions; the seal being imprinted where the officers certified to the deposition proper. | Is the absence of the seal on the envelope in which depositions were returned not a ground for suppressing the depositions? | 031819.docx | LEGALEASE-00138548-LEGALEASE-00138549 |
| Heyl v. Bradford, 217 Ill. App. 477 | 307A+81 | Where deposition was taken by officer outside the state and dedimus on which it was taken did not name any particular person as commissioner, want of proper certificate showing official character of person taking deposition, as required by statute, could be taken advantage of on trial by objecting to reading of deposition in evidence. Smith-Hurd Stats. c. 51, S 30. | Shall a deposition taken before a notary out of the state be accompanied by a certificate of the official character of the notary? | Pretrial Procedure - Memo # 4966 - C - DHA.docx | ROSS-003291252-ROSS-003291253 |
| Dunham v. Halloway, 2 Okla. 78 | 307A+74 | Where a certificate fails to show that depositions were taken at the place named in the notice, and where it further appears that the adverse party was not present when such depositions were taken, the depositions should be suppressed. | Should depositions be taken at a place designated in notice? | Pretrial Procedure - Memo # 5122 - C - CK.docx | ROSS-003318184-ROSS-003318185 |
| N. Am. Acc. Ins. Co. v. Williamson, 118 Ill. App. 670 | 307A+74 | A certificate of official character of notary public who took deposition could properly be attached thereto before deposition was read in evidence. Smith-Hurd Stats. c. 51, S 30. | "Is the official certificate of the commissioner before whom a deposition was taken, purporting to be under his hand and seal, presumptive evidence of his official character?" | 032387.docx | LEGALEASE-00138888-LEGALEASE-00138889 |
| Danese v. Morrison-Knudsen/Slattery, 784 F. Supp. 228 | 413+2084 | Under Pennsylvania Workmen's Compensation Act are exclusive remedies available to workers who seek to recover from their employers for work-related injuries. 77 P.S. S 481(a). | What are the burdens of proof exchanged for or supplanted by the Workers Compensation Act? | 048610.docx | LEGALEASE-00138254-LEGALEASE-00138255 |
| State v. Allen, 125 Ariz. 158 | 67+3 | A lawful entry, even one accompanied by nefarious intent, is not by itself a burglary; unlawful presence and criminal intent must coincide for a burglary to occur. West's RCWA 9A.52.010, 9A.52.030(1). | Can criminal intent with lawful entry constitute burglary? | 012814.docx | LEGALEASE-00139105-LEGALEASE-00139106 |
| Amoco Prod. Co. v. S. Ute Indian Tribe, 526 U.S. 865 | 260+2 | Surface patentees, not Indian tribe holding equitable title to reserved coal in lands patented under Coal Lands Acts of 1909 and 1910, owned coalbed methane (CBM) gas contained in such coal, inasmuch as common conception of coal in 1909 and 1910 did not include CBM gas, and, even if right to mine coal implied right to release gas incident to coal mining, such right did not imply ownership of gas in first instance. 30 U.S.C.A. SS 81, 83-85. | "At common-law, does the right of the owner of one mineral estate include the use, and even damage, of a neighboring estate as necessary and reasonable to the extraction of his own minerals?" | 021153.docx | LEGALEASE-00139341-LEGALEASE-00139343 |
| United States v. Kahn, 472 F.2d 272 | 63+3 | Under Pennsylvania law, extortion is not complete defense to bribery charge, but may be relevant on issues of intent and wilfulness. | Is extortion a complete defense to bribery charge? | Bribery - Memo #688 - C-JL.docx | LEGALEASE-00029251-LEGALEASE-00029252 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Duncan Land & Expl. v. Littlepage, 984 S.W.2d 318 | 260+78.1(8) | Two-prong test is applied to determine whether oil or gas well is producing in paying, or commercial, quantities: first, court asks whether production is sufficient to pay lessee profit, even small one, over operating and marketing expenses, although cost of drilling well may never be repaid; second, if first prong is answered in affirmative, court asks whether or not, under all relevant circumstances, reasonably prudent operator would continue to operate well in manner in which it is being operated for purpose of making profit and not merely for speculation. | Does the Railroad Commission have the power to determine where or whether wells may be drilled? | 021654.docx | LEGALEASE-00139371-LEGALEASE-00139372 |
| California Steel Bldgs. v. Transp. Indem. Co., 242 Cal. App. 2d 749 | 307A+749.1 | In absence of request for modification, party is bound by pretrial order. Cal.Rules of Court, rules 215(b), 216, 218. | "In absence of a request for modification, is a party bound by a pretrial order?" | Pretrial Procedure - Memo # 2473 - C - SJ.docx | ROSS-003289302-ROSS-003289303 |
| Morrison v. White, 16 La. Ann. 100 | 307A+74 | It is not necessary that the return should show by whom the answers of the witnesses were reduced to writing. | Is it not necessary that the return should show by whom the answers of the witnesses were reduced to writing? | 032279.docx | LEGALEASE-00139453-LEGALEASE-00139454 |
| Egri v. Foisie, 83 Conn. App. 243 | 302+354 | A motion to dismiss on jurisdictional grounds essentially asserts that, as a matter of law and fact, a plaintiff cannot state a cause of action that is properly before the court, while by contrast, a motion to strike attacks the sufficiency of the pleadings. Practice Book 1998, SS 10-31, 10-39. | Is there a significant difference between asserting that a plaintiff cannot state a cause of action and asserting that a plaintiff has not stated a cause of action? | 032722.docx | LEGALEASE-00139597-LEGALEASE-00139598 |
| Ryan v. May, 14 Ill. 49 | 83E+481 | The legal title to a note cannot be transferred by assignment by a separate instrument. | Can the legal title to a note be transferred by an assignment through a separate instrument? | 009522.docx | LEGALEASE-00140619-LEGALEASE-00140620 |
| First Nat. Bank of Fredonia v. Meadows, 460 S.W.2d 604 | 83E+736(1) | Kansas Negotiable Instruments Act has no application to a nonnegotiable instrument, but it does not follow that an action may not be declared on as if negotiable. K.S.A. 84-3-407, 84-4-401, 84-8-206. | Does the Uniform Negotiable Instruments Act apply to nonnegotiable instruments? | 009591.docx | LEGALEASE-00140570-LEGALEASE-00140571 |
| Ingram v. Mandler, 56 F.2d 994 | 83E+481 | Note may be transferred by assignment without actual delivery. | Can a note be transferred by assignment without actual delivery? | 010425.docx | LEGALEASE-00140317-LEGALEASE-00140318 |
| United States v. Ganim, 510 F.3d 134 | 63+1(1) | Like extortion, the crime of bribery requires a quid pro quo. | Does extortion require a quid pro quo? | Bribery - Memo #602 - C - LB.docx | ROSS-003315608-ROSS-003315609 |
| Clark v. State of Ill., 30 Ill. Ct. Cl. 32 | 200+188 | The State of Illinois is not guilty of negligence unless it has reasonable notice of a dangerous condition and fails to warn the motoring public. | Is the State negligent if it does not notify or warn the public if a highway is dangerously defective? | 018967.docx | LEGALEASE-00139767-LEGALEASE-00139768 |
| State v. Commissioners of Haywood Cty., 122 N.C. 812 | 200+121 | The legislature has power to compel a county to levy a tax for road purposes, and may direct the manner in which the roads shall be worked. Acts 1897, c. 249. | Does the legislature have power to direct the manner in which the roads shall be worked in a county? | 019031.docx | LEGALEASE-00140231-LEGALEASE-00140232 |
| Grunwaldt v. City of Milwaukee, 35 Wis. 2d 530 | 228+181(15.1) | Existence of material issue of fact as to whether particular parcel of land was discontinued for highway use and reverted to abutting owner would preclude granting of summary judgment in abutting owner's action to quiet title to property, unless trial court could dispose of case on other legal grounds. W.S.A. 80.01(3). | "Does the conveyance of property abutting on a street or highway, transfer legal title to the land to the center of the adjacent street or highway?" | Highways -Memo 185 - DB.docx | ROSS-003287461-ROSS-003287462 |
| Fischer v. Fischer, 197 S.W.3d 98 | 289+924 | Right to dissolve is inseparably incident to every partnership, and there can be no indissoluble partnership. | Is the right to dissolve a partnership an inseparable incident to every partnership? | 022286.docx | LEGALEASE-00140145-LEGALEASE-00140146 |
| Dodge v. Bd. of Educ. of City of Chicago, 364 Ill. 547 | 296+1 | State may control the giving or taking away of pensions. | Can the State control the giving or taking away of pensions? | 022891.docx | LEGALEASE-00140494-LEGALEASE-00140495 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Einhorn's Estate, 138 N.Y.S.2d 840 | 307A+91 | An examination of party before trial must be legitimately sought, and the party seeking it must act in good faith. Civil Practice Act, SS 288 et seq., 309. | "To warrant order for examination of the adverse party before trial, must it appear that the application is made in good faith?" | 031336.docx | LEGALEASE-00140641-LEGALEASE-00140642 |
| Gulf City Ins. Co. v. Stephens, 51 Ala. 121 | 307A+74 | Several depositions may be included in one certificate, if it is sufficiently formal. It is not necessary that a separate certificate should be appended to each deposition. | Can several depositions be included in one certificate? | 032334.docx | LEGALEASE-00139903-LEGALEASE-00139904 |
| Ford v. United Bhd. of Carpenters & Joiners of Am., 50 Wash. 2d 832 | 307A+74 | Where commissioner's certificate was not attached to deposition when it was submitted and was submitted under separate cover but contents of deposition were thereafter duly certified and deposition was returned to trial court with certificate attached, error, if any, in original manner of certification was thereby cured. | Is no formal certificate necessary to be attached to exhibits in order to make them parts of the deposition in which reference is made to them? | 032483.docx | LEGALEASE-00140568-LEGALEASE-00140569 |
| Trantham v. State Disbursement Unit, 313 Mich. App. 157 | 268+956(2) | Fees charged by a government entity must be reasonably proportionate to the direct and indirect costs of providing the services for which the fee is charged; a fee is presumed reasonable unless it is facially or evidently so wholly out of proportion to the expense involved that it must be held to be a mere guise or subterfuge to obtain the increased revenue. | Is a tax designed to raise revenue? | 044865.docx | LEGALEASE-00140237-LEGALEASE-00140238 |
| Catania v. Vanacore, 136 Conn. 244 | 386+11 | The act of persons other than owners of easement, in going unlawfully upon right of way, would not constitute a trespass against owners of the easement. | Can trespass be committed against the owners of a mere easement of passage? | 047422.docx | LEGALEASE-00140596-LEGALEASE-00140597 |
| W. Virginia Div. of Izaak Walton League of Am. v. Butz, 522 F.2d 945 | 411+8 | As used in Organic Act provision that timber in national forest, before being sold, shall be marked and designated, "marked" means selection and indication by a blaze, paint or marking hammer on the stem of trees to be felled or retained, and "designate" means to indicate, and as the words are not synonymous, forest service must not only designate that area from which timber is to be sold, but mark each individual tree authorized to be cut. 16 U.S.C.A. S 476. | What is the meaning of marking or marked in the context of forestry? | 047596.docx | LEGALEASE-00140272-LEGALEASE-00140273 |
| Mosley v. United States, 456 F. Supp. 671 | 260+92.8 | Tennessee statute applying to mines other than commercial coal mines and providing regulations for shop and other equipment imposes duties both upon employers and upon employees but no duty upon mine inspector, and certainly not upon private person, and creates no right of action for money damages against any person alleged to have failed to have guarded adequately any article of equipment listed therein. T.C.A. SS 58-1102, 58-1103, 58-1107(a). | Is the failure to perform a statute imposed positive duty to inspect a mine considered as actionable negligence for which liability would be incurred? | 021296.docx | LEGALEASE-00141433-LEGALEASE-00141434 |
| Long v. U.S., 96 F.Supp. 445 | 289+639 | Under Oklahoma law, in operation of a partnership affair, each member acts as principal for himself, and as agent for other members in general scope of enterprise. 54 Okl.St.Ann. S 1. | "Does a partner, in a partnership, act as a principal to himself?" | Partnership - Memo 397 - TB.docx | ROSS-003302654-ROSS-003302655 |
| Roark v. Macoupin Creek Drainage Dist., 316 Ill. App. 3d 835 | 302+11 | A plaintiff is not required to plead evidence in his complaint but is only required to allege ultimate facts. | Is a plaintiff required to plead evidence in his complaint? | 023466.docx | LEGALEASE-00141553-LEGALEASE-00141554 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Estate of Johnson by Johnson v. Vill. of Libertyville, 146 Ill. App. 3d 834 | 302+11 | Pleader is not required to set out his evidence; only ultimate facts to be proved should be alleged, and not evidentiary facts tending to prove ultimate facts. | Is a pleader required to set out his evidence? | 023470.docx | LEGALEASE-00141608-LEGALEASE-00141609 |
| Rusch v. Cox, 130 Conn. 26 | 307A+713 | Motions for continuance are within the discretion of the trial court and their denial is not error unless that discretion is abused. | Will a refusal of continuance on ground of absence of witnesses be an abuse of discretion? | Pretrial Procedure - Memo # 5207 - C - AC.docx | ROSS-003302200-ROSS-003302201 |
| M.C. Lee & Co. v. Stowe & Wilmerding, 57 Tex. 444 | 307A+74 | So much of a deposition as is not pertinent to the interrogatories propounded, should, when properly objected to, be stricken out. | "When so much of a deposition as is not pertinent to the interrogatories propounded, should it, when properly objected to, be stricken out?" | 032584.docx | LEGALEASE-00141677-LEGALEASE-00141678 |
| Cooper v. Stinson, 5 Minn. 201 | 307A+74 | Under a commission to take the depositions of three witnesses out of the state, the commissioner returned upon the first deposition that the witness was duly sworn by him. On the other two he returned that the witnesses were "duly sworn as before mentioned." Held, that this was a sufficient compliance with rule 13 of the district court, rule 13 requiring the commissioner to certify at the bottom of each deposition that it was sworn to before him, and that the deposition was admissible. | Is it necessary that a separate certificate should be appended to each deposition? | 032622.docx | LEGALEASE-00141222-LEGALEASE-00141223 |
| Draper & Kramer v. King, 2014 IL App (1st) 132073 | 307A+531 | Under the law, there is a clear preference for disposing of issues based on the merits. | Is there a clear preference for disposing of issues based on the merits? | 033280.docx | LEGALEASE-00140720-LEGALEASE-00140721 |
| Moore v. Mitchell, 30 F.2d 600 | 371+2001 | Enforcement of revenue laws rests on force and authority, not on consent. | Do enforcement of revenue laws rest on force and authority? | 045154.docx | LEGALEASE-00140897-LEGALEASE-00140898 |
| Havens v. Attorney Gen., 91 N.H. 115 | 371+2001 | A "tax" in itself is an economic charge which must be paid in some way by the person affected, and it must either come from a surplus of the taxpayer, or the burden must be passed on to those with whom taxpayer has economic relations. | Should a tax be paid in some way by the person affected? | 045183.docx | LEGALEASE-00141113-LEGALEASE-00141114 |
| Indiana Dep't of State Revenue v. Bendix Aviation Corp., 237 Ind. 98 | 371+2005 | The states retain the power to tax except as limited or restricted by United States Constitution. | What are the restrictions for the states to retain their power to tax? | 045467.docx | LEGALEASE-00141575-LEGALEASE-00141576 |
| Vadnais v. Fed. Nat. Mortg., 754 F.3d 524 | 83+71.1 | Statutes exempting Federal National Mortgage Association (Fannie Mae), Federal Home Loan Mortgage Corporation (Freddie Mac), and Federal Housing Finance Agency (FHFA) from all state taxation were a valid exercise of Congress's power under the Commerce Clause, where Congress had a rational basis for finding that state taxation of federal agencies interfered with interstate commerce. U.S.C.A. Const. Art. 1, S 8, cl. 3; Federal National Mortgage Association Charter Act, S 309(c)(2), 12 U.S.C.A. S 1723a(c)(2); Emergency Home Finance Act of 1970, S 303(e), 12 U.S.C.A. S 1452(e); Federal Housing Enterprises Financial Safety and Soundness Act of 1992, S 1367, 12 U.S.C.A. S 4617(j)(2). | Is there any provision of the Constitution that insulates state taxes from federal powers granted by the Constitution? | 045500.docx | LEGALEASE-00141766-LEGALEASE-00141767 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Am. Soda, LLP v. U.S. Filter Wastewater Grp., 428 F.3d 921 | 95+206 | Contractual forum selection clause designating the state courts or arbitration as "the exclusive forum for the resolution of any disputes related to or arising out of" the contract was mandatory rather than permissive, although the clause did not specify a county or tribunal for venue. | When will a forum selection clause be enforced as mandatory? | 007621.docx | LEGALEASE-00143275-LEGALEASE-00143277 |
| Deputy v. Lehman Bros., 374 F. Supp. 2d 695 | 25T+154 | A court may dismiss a case if all of the issues raised before it are arbitrable. | Can a court dismiss a case if all the issues raised before it are arbitrable? | Alternative Dispute Resolution - Memo 662 - RK.docx | ROSS-003287036-ROSS-003287037 |
| United States v. Barash, 412 F.2d 26 | 63+1(1) | Although criminal intent is a necessary element for conviction for payment of gratuities to internal revenue agents in return for favorable adjustments in connection with audits of personal income tax returns, no specific intent is required, and offense was established if the payments were made because of economic duress, a desire to create a better working atmosphere, or appreciation for a speedy and favorable audit. 26 U.S.C.A. (I.R.C.1954) S 7214(a) (2); 18 U.S.C.A. S 2(b). | Does a gratuity count require specific intent? | 011485.docx | LEGALEASE-00142205-LEGALEASE-00142206 |
| Abbott v. BP Expl. & Prod. Inc., 781 F. Supp. 2d 453 | 149E+700 | Former project control supervisor for an oil and gas drilling site and a consumer advocacy organization supporting environmental protection stated a claim for injunctive relief against an oil company under the Outer Continental Shelf Lands Act (OCSLA) regarding oil production in the Gulf of Mexico; plaintiffs alleged with specificity the factual basis underlying the company's purported regulatory violations concerning its subsea engineering documentation database, the longer a production site remained operative without the required engineering documents, the greater the risk that an accident could occur, and destruction of the Gulf by a spill or other incident would affect the public interest in a dramatically negative manner. Outer Continental Shelf Lands Act, S 23(a)(4), 43 U.S.C.A. S 1349(a)(4). | Does a lease issued under the OCSLA (Outer Continental Shelf Act) convey title in the land or an unencumbered estate in oil and gas? | 021160.docx | LEGALEASE-00142774-LEGALEASE-00142775 |
| In re Century Offshore Mgmt. Corp., 185 B.R. 734 | 260+114.5 | Under new 1995 Louisiana Oil, Gas, and Water Wells Lien Act, which grants mechanics' and materialman's liens or privileges to oil and gas contractors who provide services to oil and gas facilities, the privilege or lien clearly secures the entire cost of labor or services, not just any unpaid amounts. LSA-R.S. 9:4862, subd. A. | "Is the purpose of the oil well lien act to protect those who contribute labour, services, and equipment to the drilling of wells from the default of those who engage them?" | Mines and Minerals - Memo #157 - C - CSS.docx | ROSS-003287508-ROSS-003287509 |
| VLIW Tech. v. Hewlett-Packard Co., 840 A.2d 606 | 302+11 | Under Delaware's judicial system of notice pleading, a plaintiff need not plead evidence; rather, the plaintiff need only allege facts that, if true, state a claim upon which relief can be granted. | "In a system of notice pleading, must a plaintiff plead evidence?" | 023493.docx | LEGALEASE-00142983-LEGALEASE-00142984 |
| Strutz v. McNagny, 558 N.E.2d 1103 | 307A+716 | Trial court did not abuse its discretion in denying third motion by plaintiff attorney, who was acting as his own counsel, for continuance in order to allow his cocounsel to review the file; since plaintiff had filed complaint and had participated in the case up to the time of hearing, plaintiff was aware of issues and arguments to be addressed. | Did the court abuse its discretion in denying debtor's third motion for continuance? | 032502.docx | LEGALEASE-00142314-LEGALEASE-00142315 |
| Gray v. Phillips, 54 Tex. Civ. App. 148 | 307A+74 | A deposition may be withdrawn and irregularities corrected by the officer taking it under order of the court, and in its presence. | Can a court permit withdrawal of depositions to correct irregularities? | 032519.docx | LEGALEASE-00142114-LEGALEASE-00142115 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Terry v. Terry, 160 Ind. App. 653 | 307A+715 | Under proper circumstances, illness of a party litigant is sufficient grounds for a continuance. | "Is illness of a party, sufficient ground for a continuance?" | 033923.docx | LEGALEASE-00142368-LEGALEASE-00142370 |
| Mohr v. Mohr, 859 N.W.2d 377 | 307A+560 | Statute providing for dismissal of unserved petitions is self-executing and mandatory. Neb. Rev. Stat. S 25-217. | Is the statute providing for dismissal of unserved petitions self-executing and mandatory? | Pretrial Procedure - Memo # 6416 - C - SK.docx | ROSS-003301792-ROSS-003301793 |
| Heise v. Olympus Optical Co., 111 F.R.D. 1 | 170A+1751 | Defense of insufficiency of process challenges content of summons, and defense of insufficiency of service of process challenges manner or method of service. Fed.Rules Civ.Proc.Rule 12(b), 28 U.S.C.A. | Does the defense of insufficiency of process differ from insufficiency of the service of process? | 034355.docx | LEGALEASE-00143218-LEGALEASE-00143219 |
| Deutsche Bank Nat'l Tr. Co. v. Waldorf, 92 So. 3d 857 | 266+1798 | Trial court's failure to consider the Kozel factors for determining whether dismissal with prejudice is an appropriate sanction for attorney misconduct before dismissing bank's foreclosure complaint with prejudice for failure to provide the court with a summary final judgment package before the hearing on bank's summary judgment motion required reversal and remand for consideration of the factors in determining what sanction other than dismissal was appropriate. | Are sanctions for attorney misconduct short of dismissing a case with prejudice appropriate when the errors are made by the attorney? | 034414.docx | LEGALEASE-00143554-LEGALEASE-00143555 |
| New York Carpet World v. Dep't of Employment Sec., 283 Ill. App. 3d 497 | 307A+560 | Distinction exists between "misnomer," that is, serving misnamed party, and serving the wrong person, for purposes of determining whether complaint should be dismissed. S.H.A. 735 ILCS 5/2-401(b). | Does a distinction exist between misnomer and serving the wrong person? | Pretrial Procedure - Memo # 6733 - C - PC.docx | ROSS-003289344 |
| Barcon v. Wyoming State Bd. of Equalization, 845 P.2d 373 | 371+2013 | Power to tax is legislative power which includes power to say what shall be taxed, who pays it and what tax shall be. | "Does the power to tax include power to say who shall be taxed, who shall pay it, and what the tax shall be?" | 045331.docx | LEGALEASE-00142423-LEGALEASE-00142424 |
| Newman v. City of Indianola, 232 N.W.2d 568 | 371+2060 | There is a distinction between a "tax" and an "assessment"; a "tax" is a charge to pay the cost of government without regard to special benefits conferred. | "Is there a distinction between a ""tax"" and an ""assessment""?" | Taxation - Memo # 669 - C - CK.docx | ROSS-003317234-ROSS-003317235 |
| City of Huntington v. Bacon, 196 W. Va. 457 | 371+2061 | Essential characteristic of ad valorem tax is that tax is levied according to value of property. | "Is an ""ad valorem tax"" one imposed on property according to its value?" | 045716.docx | LEGALEASE-00142213-LEGALEASE-00142214 |
| HFC Investments v. Valley View State Bank, 361 S.W.3d 450 | 401+5.3(2.1) | Allegations in vendor's petition that purchaser fraudulently induced vendor to enter into purchase agreement and execute deeds transferring Kansas property to purchaser, and that the agreement and deeds executed as a part thereof were not binding on vendor and were null and void or void and voidable, affected the title to real estate, and thus, were subject to dismissal pursuant to statutory provision that required actions affecting title to real estate be brought in the county in which the property is located, even if the petition asserted additional counts seeking money damages arising out of the same set of operative facts. V.A.M.S. S 508.030. | Must the title to land be the subject of controversy for the suit to be brought in the county where the land is situated? | 047536.docx | LEGALEASE-00143422-LEGALEASE-00143423 |
| Rector v. Dep't of Labor & Indus. of State of Wash., 61 Wash. App. 385 | 413+2 | Industrial insurance claim is governed by explicit statutory directives and not by common law. West's RCWA 51.04.010 et seq. | What are industrial insurance claimed governed by? | Workers Compensation - Memo #382 ANC.docx | ROSS-003303389-ROSS-003303390 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Travelers Indem. Co. v. Reker, 100 S.W.3d 756 | 413+2084 | Workers' compensation is a creature of statute, and the remedies and procedures described therein are exclusive. KRS 342.690(1). | Are the remedies and procedures in workers compensation exclusive? | 048157.docx | LEGALEASE-00142146-LEGALEASE-00142147 |
| Sexton v. Jenkins & Assocs., 41 S.W.3d 1 | 413+2 | The Workers' Compensation Law supplants the common law in determining remedies for on-the-job injuries. V.A.M.S. S 287.120. | What does workers compensation law supplant? | 048178.docx | LEGALEASE-00142201-LEGALEASE-00142202 |
| Weaver v. Florida Power & Light Co., 172 F.3d 771 | 25T+182(1) | Generally, arbitration should not be compelled when party who seeks to compel arbitration has waived that right. | Can arbitration be compelled by a court when the party who seeks to compel arbitration has waived that right? | 007735.docx | LEGALEASE-00144959-LEGALEASE-00144960 |
| United States v. White, 836 F.3d 437 | 350H+1285 | West Virginia burglary statute, which included self-propelled motor homes in its definition of "dwelling," swept more broadly than generic burglary, and thus defendant's prior West Virginia burglary convictions did not constitute "burglaries" that could serve as predicate violent felony offenses under Armed Career Criminal Act (ACCA). 18 U.S.C.A. S 924(e)(2)(B)(ii); W. Va. Code Ann. S 61-3-11(a). | Is burglary an enumerated offense? | Burglary - Memo 207 - JS.docx | ROSS-003328726-ROSS-003328729 |
| State v. Hussain, 189 Ariz. 336 | 67+4 | Motel room qualified as a "residential structure" within meaning of burglary statute. A.R.S. S 13-1501, subd. 7. | Does a motel room qualify as a building under a burglary statute? | 012912.docx | LEGALEASE-00144879-LEGALEASE-00144882 |
| United States v. Marrero, 677 F.3d 155 | 350H+1263 | Offenses listed in Application Note 1 of career offender Sentencing Guideline, including murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling, are "enumerated" as crimes of violence for purposes of determining the Guideline's applicability. U.S.S.G. S 4B1.2(a), 18 U.S.C.A. | Is burglary of a hotel room a crime of violence? | Burglary - Memo 229 - SB.docx | ROSS-003302219-ROSS-003302222 |
| Cont'l Sales Corp. v. Stookesberry, 170 Colo. 16 | 302+38.5 | Primary function of complaint is to give notice, and theories of action are no longer significant. | Is giving notice the primary purpose of a complaint? | Pleading - Memo 427 - RMM.docx | ROSS-003291184-ROSS-003291185 |
| Fennema v. Vander Aa, 236 N.E.2d 409 | 307A+746 | A pretrial conference is primarily a procedure to simplify and speed up the trial, which encourages parties to agree to stipulations and to admission of documents and frequently leads to a settlement through the aid of pretrial judge, and a conference should not be used for purpose of summarily dismissing a cause when plaintiff fails to appear or, on the other hand, for purpose of striking defendant's answer and permitting plaintiff to prove up his claim when defendant fails to appear. | Is a pretrial conference primarily a procedure to simplify and speed up the trial? | Pretrial Procedure - Memo # 6707 - C - NE.docx | ROSS-003288443 |
| Saviers v. Smith, 101 Ohio St. 132 | 371+2005 | The power to tax is an attribute of sovereignty, and in Ohio is included in the general legislative power conferred by Const. art. 2, S 1, upon the General Assembly without limitation. | Is a state's power to tax included in the general legislative power conferred by constitution? | 045790.docx | LEGALEASE-00144588-LEGALEASE-00144589 |
| 7 Utes Corp. v. Dist. Court In & For Eighth Judicial Dist. (Jackson Cty.), 702 P.2d 262 | 401+2 | In determining the proper venue for an action, the substance rather than the form of the action controls. | Is it the substance of the action or the form of the action which controls the venue of the case? | 047508.docx | LEGALEASE-00144682-LEGALEASE-00144683 |
| U.S. v. Thompson, 118 F. Supp. 2d 723 | 34+56 | Each war risk insurance case must be governed by its own facts. | Should every war risk insurance case be governed by its own facts? | 008703.docx | LEGALEASE-00146557-LEGALEASE-00146558 |
| United States v. Sorrow, 732 F.2d 176 | 164T+21 | Hobbs Act only requires minimal interference with interstate commerce. 18 U.S.C.A. S 1951. | What degree of interference with interstate commerce does the Hobbs Act require? | 012262.docx | LEGALEASE-00145115-LEGALEASE-00145116 |
| People v. Henderson, 138 Cal. App. 2d 505 | 67+29 | Burglarious intent may be inferred from the forcible and unlawful entry alone. West's Ann.Pen.Code, S 459. | Can the intent in the crime of burglary be inferred from unlawful and forcible entry? | Burglary - Memo 212 - JS.docx | ROSS-003315737-ROSS-003315741 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Langford v. Bivins, 225 S.W. 867 | 260+74 | Time is of the essence of contracts for the sale of mineral leases and lands. | Is time of the essence of contracts for the sale of mineral leases? | 021438.docx | LEGALEASE-00146001-LEGALEASE-00146002 |
| Freeman v. United States Dep't of the Interior, 37 F. Supp. 3d 313 | 148+83 | Decision by Interior Board of Land Appeals (IBLA) that Department of Interior (DOI) could initiate contest and administrative law judge (ALJ) could determine validity of unpatented mining claims as of date of alleged takings did not undermine purposes of Mining Law; use of those historical dates was necessary to answer key legal question triggering initiation of contest hearing, i.e., validity of mining claims at dates when claimant alleged government taking, and Mining Law authorized Secretary of the Interior to serve as guardian of public's rights as part of its management of public lands. 30 U.S.C.A. S 22 et seq.; 43 U.S.C.A. S 1457 | Are lands withdrawn from mineral entry considered to be within the public domain and subject to the statutory rights enumerated in the General Mining Law? | 021470.docx | LEGALEASE-00146172-LEGALEASE-00146173 |
| Arnold v. Wainwright, 6 Minn. 358 | 108H+1175 | When partnership real estate is in the name of one or more parties, a trust arises in favor of the firm by operation of law, which is not affected by the statute of frauds and uses, and which will follow the lands after conveyance by the holder of its legal title, except when the conveyance is to a bona fide grantee or mortgagee without notice. An assignee for the benefit of creditors is not such a bona fide purchaser. | Can a partner convey away the real estate of the partnership firm? | 022488.docx | LEGALEASE-00146398-LEGALEASE-00146399 |
| Rucker v. Merck, 172 Ga. 793 | 371+3456 | Congress may provide that federal compensation for military service shall be exempt from all taxation (38 U.S.C.A. SS 753, 754; U.S.C.A.Const. art. 1, S 8, cl. 11). | Are pensions granted for military service? | Pension - Memo 44 - TB.docx | ROSS-003287642 |
| Rhodes v. United States, 79 F. 740 | 296+2 | A disease was contracted within "the line of duty," within Rev.St. SS 4693, 4694, providing for pensions for soldiers "disabled by reason of any wound or injury received, or disease contracted, while in the service of the United States and in the line of duty," only if the service was the cause of the disease. | Can an injury caused to a victim in the line of duty entitle him to pension? | 022825.docx | LEGALEASE-00145879-LEGALEASE-00145880 |
| Bader v. Cox, 701 S.W.2d 677 | 302+1 | Function of a pleading is to define issues at trial, not to state evidence. | Is defining issues or stating evidence the function of pleading? | Pleading - Memo 442 - RMM.docx | ROSS-003288570-ROSS-003288571 |
| Stop & Shop Supermarket Co. v. Cty. of Bergen, 162 A.3d 291 | 13+6 | Mootness is threshold justiciability determination rooted in notion that judicial power is to be exercised only when party is immediately threatened with harm. | Is excluding the testimony of a witness a harsh remedy which should be invoked sparingly? | 034136.docx | LEGALEASE-00145446-LEGALEASE-00145447 |
| Mistich v. Com., Pa. Bd. of Prob. & Parole, 863 A.2d 116 | 307A+552 | Generally, a case will be dismissed as moot if there exists no actual case or controversy. | Can a case be dismissed as moot if there exists no actual case or controversy? | Pretrial Procedure - Memo # 7234 - C - SB.docx | ROSS-003289996-ROSS-003289997 |
| In re Brooks, 143 N.C. App. 601 | 307A+552 | If, during the course of litigation, an action becomes moot, it should usually be dismissed. | Should an action be dismissed if during the course of litigation it becomes moot? | 035367.docx | LEGALEASE-00146046-LEGALEASE-00146047 |
| Braden v. S. Main Bank, 837 S.W.2d 733 | 30+3324 | Trial court may impose sanctions on any party that abuses discovery process; sanctions imposed are within that court's discretion and will be set aside only if the court clearly abused its discretion. Vernon's Ann.Texas Rules Civ.Proc., Rule 215. | Does a trial court abuse its discretion if sanctions it imposes are not just? | 035500.docx | LEGALEASE-00146651-LEGALEASE-00146652 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| MAG Portfolio Consultant, GMBH v. Merlin Biomed Grp. LLC, 268 F.3d 58 | 25T+182(1) | Under estoppel theory for binding nonsignatory to arbitration agreement, where company knowingly accepted direct benefits of agreement containing arbitration clause, company may be bound by arbitration clause even without signing agreement. 9 U.S.C.A. S 1 et seq. | Can a company be estopped from avoiding an arbitration clause under the estoppel theory? | 09913.docx | LEGALEASE-00094913-LEGALEASE-00094914 |
| Westmoreland v. Sadoux, 299 F.3d 462 | 25T+179 | Nonsignatory cannot compel arbitration merely because he is an agent of one of the signatories of arbitration agreement. | Can a nonsignatory compel arbitration because he is an agent of one of the signatories? | Alternative Dispute Resolution - Memo 747 - RK.docx | ROSS-003285941-ROSS-003285942 |
| Gillars v. United States, 182 F.2d 962 | 384+6 | "Treason" consists of two elements, namely, adherence to the enemy, and rendering him aid and comfort, and, hence, a citizen intellectually or emotionally may favor the enemy and harbor sympathies for convictions disloyal to policy or interests of the United States but so long as he commits no act of aid and comfort to the enemy there is no treason, and a citizen may take actions which aid and comfort the enemy, but if there is no adherence to the enemy in that, and there is no intent to betray, there is no treason. U.S.C.A.Const. art. 3, S 3; Act April 30, 1790, 1 Stat. 112. | What are the elements of treason? | Treason - Memo 18 - RK.docx | ROSS-003286937-ROSS-003286938 |
| Carlisle v. U.S., 83 U.S. 147 | 384+1 | "Allegiance" is the obligation of fidelity and obedience which the individual owes to the government under which he lives, or to his sovereign in return for the protection he receives, and it may be an absolute and permanent obligation, or it may be a qualified and temporary one. | How is allegiance defined? | 10623.docx | LEGALEASE-00095409-LEGALEASE-00095410 |
| Whigham v. Chase Auto Fin. Corp., 826 F. Supp. 2d 914 | 34+34.4(6) | Servicemember failed to allege lien held by assignee of financing contract he executed in connection with the purchase of a new truck included any charges for storage, as required to state a claim against assignee under provision of Servicemember Civil Relief Act (SCRA) governing storage liens. Servicemembers Civil Relief Act, S 307, 50 App.U.S.C.A. S 537. | "In order to fall within the Soldiers' and Sailors' Civil Relief Act (SSCRA), must a storage lien include charges for storage?" | Armed Services - Memo 292 - JK.docx | LEGALEASE-00036699-LEGALEASE-00036700 |
| Newman v. People, 23 Colo. 300 | 63+1(1) | To constitute bribery the act of two persons is essential, that of him who gives and of him who receives. Their minds must concur, but it is immaterial whether the giver makes the first advances or gives the money for some personal advantage to himself. | Is the act of two persons essential to the crime of bribery? | 10770.docx | LEGALEASE-00094844-LEGALEASE-00094845 |
| Mun. Paving Co. v. Donovan Co., 142 S.W. 644 | 268+703(1) | A city ordinance prohibited a movement of any engine propelled by steam over any street, except on tracks, but that the section should not apply to any engine used by any contractor engaged in street work, provided the consent of the mayor was first obtained to the use of the engine. Held, that a contractor's steam roller was an engine within the meaning of such ordinance, and that it was not to be construed as limited to requiring the mayor's consent only in case of a steam engine operated or moved on railway tracks provided for such purpose. | Do the statutes provide any warning regarding use of a steam roller in street? | 018628.docx | LEGALEASE-00147690-LEGALEASE-00147691 |
| In re Estate of Gallagher, 383 Ill. App. 3d 901 | 307A+688 | Party moving for involuntary dismissal admits legal sufficiency of complaint but asserts affirmative defense or other matter to defeat plaintiff's claim. S.H.A. 735 ILCS 5/2-619. | What is the purpose of a motion to dismiss that admits the legal sufficiency of the complaint? | 11026.docx | LEGALEASE-00094161-LEGALEASE-00094162 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Arrow Marble v. Estate of Killion, 441 S.W.3d 702 | 307A+690 | A dismissal for failure to appear at trial or for want of prosecution should be without prejudice. | Should a dismissal for failure to prosecute be without prejudice? | 11117.docx | LEGALEASE-00094185-LEGALEASE-00094186 |
| Arrow Marble v. Estate of Killion, 441 S.W.3d 702 | 307A+690 | A dismissal for failure to appear at trial or for want of prosecution should be without prejudice. | Is a dismissal for failure to prosecute to be without prejudice? | 10334.docx | LEGALEASE-00094992-LEGALEASE-00094993 |
| Bowles v. State, 737 N.E.2d 1150 | 352H+21(1) | Mere touching alone is not sufficient to constitute the crime of child molesting. West's A.I.C. 35-42-4-3. | Does mere touching constitute child molesting? | 042965.docx | LEGALEASE-00147952-LEGALEASE-00147953 |
| State v. McCallister, 107 Ariz. 143 | 110+264 | Failure to inform defendant before receiving plea of guilty to molestation of child that defendant would not be entitled to good behavior deduction and double time deduction until he had served at least one year did not mislead defendant who was advised that there was no possibility of parole until minimum sentence was served and who received sentence of not less than five years nor more than 20 years. A.R.S 13-653. | Does fondling and touching a child amount to child molesting? | 042967.docx | LEGALEASE-00147956-LEGALEASE-00147957 |
| State v. Powell, 62 Wash. App. 914 | 211+1751 | Evidence was insufficient to support inference that defendant had touched child for purposes of "sexual gratification," as required in order to convict for child sexual molestation; on one occasion defendant, whom the child knew, had touched child's underpants in "the front part" while assisting her off his lap after she had sat on it, and on another occasion had touched her thighs through her clothing while they were seated in a truck. West's RCWA 9A.44.010(2). | Can touching being done for the purpose of sexual gratification be inferred? | 042977.docx | LEGALEASE-00147966-LEGALEASE-00147967 |
| Thompson v. Iowa Beef Packers, 185 N.W.2d 738 | 231H+2363 | Employees were not required to attempt contract arbitration before they could sue for overtime compensation under Fair Labor Standards Act which contained provisions giving employees strong and detailed rights in court and which antedated Labor Management Relations Act embodying general congressional intent favoring arbitration. Fair Labor Standards Act of 1938, SS 2, 16, 29 U.S.C.A. SS 202, 216; Labor Management Relations Act, 1947, S 301(a), 29 U.S.C.A. S 185(a). | Do employees have to attempt to arbitrate Fair Labor Standards Act (FLSA) claims before they come to court? | Alternative Dispute Resolution - Memo 774 - RK_58107.docx | ROSS-003294257-ROSS-003294258 |
| Boyd v. McCann, 10 Md. 118 | 83E+426 | The fact that a promissory note is payable to blank order, authorizes the holder to fill it up, at any time, with his own name as payee. | Can the holder fill in his own name when the name of payee in a check is left blank? | 009634.docx | LEGALEASE-00148731-LEGALEASE-00148732 |
| Polk Chevrolet v. Vicaro, 162 So. 2d 761 | 83E+440 | Where endorser of negotiable paper becomes holder by retransfer, he may strike out his own endorsement and all endorsements subsequent to his own, whether special or not. LSA-R.S. 7:40, 7:48. | Whether an indorsement on a negotiable paper or note or bill be stricken out? | 010397.docx | LEGALEASE-00148418-LEGALEASE-00148419 |
| Soldier Valley Sav. Bank v. Camanche Sand & Gravel Co., 219 Iowa 614 | 83E+342 | Check or other instrument not payable to the order of a certain person or to bearer is not a "negotiable instrument". Code 1931, SS 9461, 9468, 9469. | Is it necessary for a negotiable instrument to be payable to order or to bearer? | Bills and Notes -Memo 624 -DB_57860.docx | ROSS-003282668-ROSS-003282669 |
| Bright v. Offield, 81 Wash. 442 | 83E+358 | Rem. & Bal.Code, S 3395, subd. 2, held applicable to notes payable at a fixed period after a specified event which is certain to happen, and not to a note payable at all events at a time which may be accelerated on the happening of a contingency. | Is a negotiable instrument be payable on demand or at a determinable time? | 010547.docx | LEGALEASE-00148508-LEGALEASE-00148509 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gilbert v. Adams, 146 A.D. 864 | 83E+672 | An instrument which acknowledges an indebtedness from the maker to a person named, and which promises to pay a specified sum to such person, "and in the event of my (maker's) death, I hereby authorize and direct the payment of the same out of the funds of my estate," is a promissory note payable on demand, within Negotiable Instruments Law (Consol.Laws 1909, c. 38) SS 26, 29, declaring that an instrument is payable on demand when no time for payment is expressed, etc.; the quoted clause being surplusage. | What is a promissory note? | 010560.docx | LEGALEASE-00148689-LEGALEASE-00148690 |
| Johnson Lumber & Supply Co. v. Byron, 113 So. 2d 577 | 83E+412 | Generally, courts will not inquire into adequacy of consideration in transaction between competent parties for discount of note. | "Can court inquire into adequacy of considerations, regarding bills and notes?" | 010593.docx | LEGALEASE-00148357-LEGALEASE-00148358 |
| Nationstar Mortg. v. MacPherson, 56 Misc. 3d 339 | 83E+426 | Where the note is endorsed in blank, it may be negotiated by delivery alone. McKinney's Uniform Commercial Code SS 3-202(1), 3-204(2). | Can a note be negotiated by delivery alone when it is endorsed in blank? | 010606.docx | LEGALEASE-00148416-LEGALEASE-00148417 |
| Kansas Bankers Sur. Co. v. Ford Cty. State Bank, 184 Kan. 529 | 8.30E+04 | The Uniform Negotiable Instruments Law is a complete codification of law of commercial instruments governing all transactions it purports to cover. G.S.1949, 52-101 et seq. | Does Negotiable Instruments Law control in all cases to which it is applicable? | 010618.docx | LEGALEASE-00148648-LEGALEASE-00148649 |
| Bullard v. Smith, 28 Mont. 387 | 361+1590 | Laws 1899, p. 124, amending Civ.Code, S 3996, so as to allow negotiable instruments to contain a provision for reasonable attorney's fees, even if construed as affecting notes given prior to its passage, is not objectionable as being retrospective; the only constitutional limitation as to retrospective legislation being article 3, S 11, prohibiting ex post facto laws and laws impairing the obligation of contracts. | Do negotiable instruments contain a provision for attorney's fees? | 010621.docx | LEGALEASE-00148675-LEGALEASE-00148676 |
| Northwestern National Life Insurance Co. v. Laurel Federal Savings Bank, 979 F. Supp. 354 | 83E+452 | "Forged endorsement" under Maryland Uniform Commercial Code (UCC) is one made without actual, implied, or apparent authority. Md.Code, Commercial Law S 1-201(43). | What is a forged endorsement? | 010945.docx | LEGALEASE-00148566-LEGALEASE-00148567 |
| United States v. Barnett, 197 F.3d 138 | 63+1(1) | Statute which prohibits the giving of anything of value to a witness in exchange for testimony is not violated when prosecutors compensate informants for their cooperation. 18 U.S.C.A. S 201(c)(2). | Is 18 U.S.C. 201(c)(2) violated when prosecutors compensate informants for their cooperation? | 012393.docx | LEGALEASE-00148530-LEGALEASE-00148531 |
| United States v. Rosen, 716 F.3d 691 | 63+1(1) | It is the requirement of an intent to perform an act in exchange for a benefit, that is, the quid pro quo agreement, that distinguishes bribery from legal and illegal gratuities. 18 U.S.C.A. S 666(a)(2). | What is a qui pro quo agreement within the meaning of bribery? | 012506.docx | LEGALEASE-00148318-LEGALEASE-00148319 |
| People v. Thorn, 176 Cal. App. 4th 255 | 67+10 | In determining whether a structure is part of an inhabited dwelling for purposes of first degree burglary statute, the essential inquiry is whether the structure is functionally interconnected with and immediately contiguous to other portions of the house. West's Ann.Cal.Penal Code S 460. | Is burglary of an inhabited house first degree burglary? | Burglary - Memo 260 - RK_58144.docx | ROSS-003321523-ROSS-003321524 |
| Alexander v. State, 126 Tex. Crim. 625 | 67+7 | Ownership of burglarized premises must be alleged and proved by title, possession or greater right to possession than defendant in order to sustain burglary conviction. V.T.C.A., Penal Code SS 1.07, 1.07(a)(24, 28), 30.02, 30.02(a), 31.10. | How is the ownership of the burglarized premises proven? | Burglary - Memo 266 - RK_58148.docx | ROSS-003282816-ROSS-003282817 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Pulskamp v. Bd. of Comm'rs of Mercer Cty., 119 Ohio St. 504 | 200+146 | Payment of alleged illegal assessment cannot be recovered unless involuntarily paid. Gen.Code, S 12075. | Can an alleged illegal assessment be recovered unless involuntarily paid? | Highways -Memo 336 - DB.docx | LEGALEASE-00038372-LEGALEASE-00038373 |
| Davis v. Laster, 130 So. 2d 479 | 260+79.1(2) | Payment of royalty under an oil, gas and mineral lease is payment of rent and not payment of a price for oil or gas rights as if they were sold. | Is the payment of royalty the payment of rent? | Mines and Minerals - Memo #316 - C - CSS_57767.docx | ROSS-003279824 |
| Hunter v. Gang, 132 Nev. Adv. Op. 22 | 30+3206 | When reviewing the dismissal of an action for want of prosecution under the district court's inherent authority, in considering the conduct of the parties, the appellate court considers whether the parties behaved in accordance with a reasonable and good-faith belief that no court action was necessary. | "To prevent undue delays and to control calendars, can courts exercise inherent power to dismiss a case for failure to prosecute?" | 035034.docx | LEGALEASE-00148143-LEGALEASE-00148144 |
| In re Bernard L. Madoff Inv. Sec. LLC, 515 B.R. 117 | 308+181 | Under New York law, if the company benefits while the fraud remains a secret, the adverse interest exception will not apply. | Does the Adverse Interest rule apply if there is a benefit? | 041366.docx | LEGALEASE-00148554-LEGALEASE-00148555 |
| Levy v. Brown, 6 Vet. App. 23 | 34+101 | Department of Veterans Affairs (VA) benefits involve no agreement of parties and may be redistributed or withdrawn at anytime in the discretion of Congress. | Can Veterans Administration (VA) benefits be redistributed or withdrawn at any time? | 008797.docx | LEGALEASE-00149778-LEGALEASE-00149779 |
| Cantrell v. Shulkin, 28 Vet. App. 382 | 34+101.1 | It is the responsibility of the Department of Veteran's Affairs (VA) to define the terms contained within its own regulations. | Is it the responsibility of the Veterans Administration (VA) to define the terms contained within in its regulations? | 008805.docx | LEGALEASE-00149786-LEGALEASE-00149787 |
| United States v. Guar. Tr. Co. of New York, 293 U.S. 340 | 8.30E+10 | Law of District of Columbia determines formal and essential validity of check drawn and payable therein, interpretation of contract, and incidents of obligation. | Which law governs a check? | 009657.docx | LEGALEASE-00149671-LEGALEASE-00149672 |
| Hurlbut v. Quigley, 180 Cal. 265 | 83E+629 | The words above indorsers' name, "I hereby waive presentment," etc., are governed by Civ.Code, S 1660, declaring that a promise made in the singular number, but executed by several persons, is presumed to be joint and several. | When is a promise presumed to be joint and several? | Bills and Notes - Memo 764 -IS_58515.docx | ROSS-003319145 |
| Rogers v. Durant, 140 U.S. 298 | 83E+741 | Act Ill. Nov. 5, 1849, p. 45, provides in section 2 that "all actions founded upon * * * bills of exchange, orders," etc., "shall be commenced within five years next after the cause of action shall have accrued." Held, that this section includes checks, and that they do not fall within the terms, "other evidence of indebtedness in writing," as to which the limitation is fixed by section 1 at 16 years. | Is order a bill of exchange? | 009659.docx | LEGALEASE-00149682-LEGALEASE-00149683 |
| Parke State Bank v. Akers, 659 N.E.2d 1031 | 172H+517 | Certificates of deposit are contracts and can create third-party beneficiary rights in those parties identified with rights of survivorship. (Per Selby, J., with one Judge concurring and one Judge concurring in the result.) | Are Certificate of Deposit (CD) considered to be Contracts? | 009670.docx | LEGALEASE-00149738-LEGALEASE-00149739 |
| Curtis v. Davidson, 215 N.Y. 395 | 83E+462 | The holder of a note may sue both maker and indorser, or either, and an indorser is absolutely liable; the maker's solvency being no defense. | Can the holder of a note sue both maker and indorser? | Bills and Notes- Memo 706-ANM_58222.docx | ROSS-003281567-ROSS-003281568 |
| Oddo Asset Mgmt. v. Barclays Bank PLC, 19 N.Y.3d 584 | 108H+6 | A debtor and creditor have no special relationship of confidence and trust, and the relationship is generally controlled by contract. | What controls a creditor debtor relationship? | 014117.docx | LEGALEASE-00149859-LEGALEASE-00149860 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Anthem, 129 F. Supp. 3d 887 | 135+1 | Person's "domicile" is her permanent home, where she resides with intention of remaining or to which she intends to return. | Is a person's domicile their permanent home? | 014520.docx | LEGALEASE-00149127-LEGALEASE-00149128 |
| Kimama Highway Dist. v. Oregon Short Line R. Co., 298 F. 431 | 200+90 | A highway district in Idaho is not a political municipality created for governmental purposes, but its powers are specially limited to the construction of highways for the benefit of the inhabitants and property therein. | Is highway district created for governmental purposes? | 018653.docx | LEGALEASE-00149631-LEGALEASE-00149632 |
| Macon Cty. v. City of Oglethorpe, 229 Ga. 687 | 200+64 | Injunction lay to prevent county from constructing road through territory within corporate limits of municipality without consent of municipality. | Does the creation of a municipal corporation restrict power of the counties over roads? | Highways-Memo 223-ANM_58287.docx | ROSS-003280684-ROSS-003280685 |
| The Irresistible, 20 U.S. 551 | 221+211 | The proviso in the repealing clause of the neutrality act of April 20, 1818, 3 Stat. 450, that persons having offended against any of the acts aforesaid may be prosecuted, convicted, and punished as if the same were not repealed, and no forfeiture heretofore incurred by a violation of any of the acts aforesaid shall be affected by such repeal, did not authorize a forfeiture under Act March 3, 1817, 3 Stat. 370, included in the repeal, after the time when that act would have expired by its own limitation, as an offense against a temporary statute cannot be punished after the expiration of the act, unless a particular provision made for that purpose. | Can an offence against a temporary act be punished after the expiration of the act? | Neutrality Laws - Memo 12 - RK_58645.docx | ROSS-003293342-ROSS-003293343 |
| Gayon v. McCarthy, 252 U.S. 171 | 221+212 | Cr.Code, S 10, as amended by Act May 7, 1917, 18 U.S.C.A. S 22, as to hiring or retaining another to go outside the United States with intent to enlist in the service of a foreign people, uses "retain" as an alternative to "hire," and as meaning something different from the usual employment with payment in money; and one may be retained, in the sense of engaged, to render a service by a verbal promise, and by a prospect for advancement or payment in the future. | What is the meaning of the term retain? | Neutrality Laws - Memo 31 - ANM_58558.docx | ROSS-003307545-ROSS-003307546 |
| Guthrie v. Nat'l Advert. Co., 556 N.E.2d 337 | 277+2 | Notice is actual where the purchaser is aware of the adverse claim or title or has such information as would lead to knowledge. | When can a notice be inferred as an actual notice? | 021752.docx | LEGALEASE-00149435-LEGALEASE-00149436 |
| Shafer v. Randolph, 99 Pa. 250 | 289+472 | One who holds himself out or knowingly permits himself to be held out as a partner, on the faith of which others give credit to the firm, will be held liable as such. | Can a person who in reality is not a partner but holds himself out as a partner be considered to be one? | 022548.docx | LEGALEASE-00149889-LEGALEASE-00149890 |
| Swiren v. C.I.R., 183 F.2d 656 | 289+558 | Under Illinois law, a partnership interest is property distinct and separate from the partnership or underlying assets. S.H.A.Ill. ch. 1061/212, SS 24-26. | Is partnership interest distinct from the partnership assets? | 022562.docx | LEGALEASE-00149897-LEGALEASE-00149898 |
| Crouch v. Bowman, 22 Tenn. 209 | 289+639 | Every partner is the agent of the partnership, may transact business in its name, and in all simple contracts relating to the business of the partnership he may bind the members of the firm; but in order to do this he must act in the name of the firm and in signing notes, bills, &c. he must subscribe the name or style by which they are known as a firm, and in which they do business. | Does an act by a partner have to be done in the name of the firm in order to bind the firm? | 022576.docx | LEGALEASE-00149905-LEGALEASE-00149906 |
| Redman v. Kelty, 795 A.2d 684 | 307A+581 | Lesser sanctions must be considered before dismissal of the complaint is justified, as the sanction for lack of prosecution. Civil Rule 41(b). | Is lesser sanctions considered before dismissal of the complaint justified? | Pretrial Procedure - Memo # 7965 - C - SS_58327.docx | ROSS-003292257-ROSS-003292258 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Holder v. Orange Grove Med. Specialties, P.A., 54 So. 3d 244 | 307A+581 | What constitutes failure to prosecute as grounds for dismissal is considered on a case-by-case basis. Rules Civ.Proc., Rule 41(b). | Is failure to prosecute considered on a case-by-case basis? | 036380.docx | LEGALEASE-00149193-LEGALEASE-00149194 |
| Loleta B. Wing Tr. v. Wing, 92 So. 3d 708 | 307A+581 | What constitutes failure to prosecute, for purposes of motion for involuntary dismissal, is considered on a case-by-case basis. Rules Civ.Proc., Rule 41(b). | Is failure to prosecute considered on a case-by-case basis? | Pretrial Procedure - Memo # 7987 - C - SU.docx | LEGALEASE-00039342-LEGALEASE-00039343 |
| State, Dep't of Transp. & Dev. v. Cole Oil & Tire Co., 822 So. 2d 229 | 307A+581 | Abandonment statutes are intended to dismiss those actions in which a plaintiff's inaction has clearly demonstrated his abandonment of the case, and not to dismiss those cases in which a plaintiff has clearly demonstrated that he does not intend to abandon the action. | What is an abandonment statute intended to do? | Pretrial Procedure - Memo # 8059 - C - NS_58413.docx | ROSS-003321544-ROSS-003321545 |
| Grimes v. D.C., Bus. Decisions Info. Inc., 89 A.3d 107 | 302+8(1) | Pleadings that are no more than conclusions are not entitled to the assumption of truth on motion to dismiss or for judgment on pleadings, and are insufficient to sustain a complaint. | Are pleadings that are no more than conclusions not entitled to the assumption of truth? | 036903.docx | LEGALEASE-00150043-LEGALEASE-00150044 |
| Twp. of Wayne v. Messercola, 789 F. Supp. 1305 | 184+59(1) | Under New Jersey law, attorney who was jointly liable as aider and abettor to breach of fiduciary duty relating to scheme by real estate developer to bribe mayor was liable for full amount of bribe paid by developer, even though mayor only received portion of bribe. N.J.S.A. 2C:5-1, 2C:41-2. | Can participants in a scheme that involves an agents breach of duty be jointly held liable? | 041376.docx | LEGALEASE-00149831-LEGALEASE-00149832 |
| State v. Daughtry, 340 N.C. 488 | 352H+49 | First-degree sexual offense is not specific intent crime; intent to commit crime is inferred from commission of act. | Is first-degree sexual offense a specific-intent crime? | 042994.docx | LEGALEASE-00149800-LEGALEASE-00149801 |
| Knudtson v. Citizens' Nat. Bank & Tr. Co. of Sioux Falls, 62 S.D. 71 | 371+2763 | Taxes are not debts, but liabilities created by statute and without authority of law do not draw interest. | Do taxes draw interest? | Taxation - Memo # 847 - C - JL_58475.docx | ROSS-003278893-ROSS-003278894 |
| Citizens' Sav. & Loan Ass'n v. City of Topeka, 87 U.S. 655 | 371+2001 | A "tax" is a rate or sum of money assessed on the person or property of a citizen by government for the use of the nation or state and "taxes" are burdens or charges imposed by the legislature upon persons or property to raise money for public purposes. | What is the purpose for taxation? | 045934.docx | LEGALEASE-00149386-LEGALEASE-00149387 |
| People v. Casciaro, 2015 IL App (2d) 131291 | 3.77E+06 | The purpose of the intimidation statute is the prohibition of making threats intended to compel a person to act against his will. S.H.A. 720 ILCS 5/12-6(a)(1). | What is the purpose of the intimidation statute? | "Threats, Stalking, and Harassment - Memo #6 - C - LB_58579.docx" | ROSS-003281389-ROSS-003281390 |
| Entvl. Prot. Info. Ctr. v. Dep't of Forestry & Fire Prot., 43 Cal. App. 4th 1011 | 411+5 | Rule of construction, expressio unius est exclusio alterius, that where exceptions to a general rule are specified by statute, other exceptions are not to be implied or presumed, applied in considering challenge to Board of Forestry (BOF) regulation excusing persons owning three acres or less of property from having to comply with timber harvest plan (THP) requirements of Forest Practice Act, legislature had directly and in detail dealt with what BOF may do regarding authorizing exemptions to THP requirement and broad general grant of authority did not give BOF authority to materially broaden exemptions by regulation. West's Ann.Cal.Pub.Res.Code SS 4551, 4551 et seq., 4584; Cal.Code, Regs. title 14, S 1038, subd. (c). | Is it the board or the courts that establishes forest policy? | 047567.docx | LEGALEASE-00149720-LEGALEASE-00149721 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| W. Virginia Div. of Izaak Walton League of Am. v. Butz, 522 F.2d 945 | 411+8 | As used in Organic Act provision that timber in national forest, before being sold, shall be marked and designated, "marked" means selection and indication by a blaze, paint or marking hammer on the stem of trees to be felled or retained, and "designate" means to indicate, and as the words are not synonymous, forest service must not only designate that area from which timber is to be sold, but mark each individual tree authorized to be cut. 16 U.S.C.A. S 476. | What is the meaning of the term marking in forestry? | 047590.docx | LEGALEASE-00149571-LEGALEASE-00149572 |
| W. Virginia Div. of Izaak Walton League of Am. v. Butz, 522 F.2d 945 | 411+7 | As used in provision of Organic Act authorizing secretary of agriculture to designate for sale the dead, matured or large growth of trees found upon national forests, the phrase "large growth of trees" requires that each individual tree be identified as "large," and does not merely signify a sizeable stand or grouping of trees, and the word "mature" means physiological maturity rather than economic or management maturity. 16 U.S.C.A. S 476. | Does mature tree or timber refer only to physiological maturity? | 047592.docx | LEGALEASE-00149579-LEGALEASE-00149580 |
| Newman v. City of Indianola, 232 N.W.2d 568 | 371+2060 | There is a distinction between a "tax" and an "assessment"; a "tax" is a charge to pay the cost of government without regard to special benefits conferred. | What distinguishes tax from assessment? | 045979.docx | LEGALEASE-00150256-LEGALEASE-00150257 |
| State v. Smith, 10 R.I. 258 | 3.77E+10 | "Purpose," as an element of the offense of making terroristic threats, means aim, objective, or intention, and "terrorize," as an element of the offense, means to cause extreme fear by use of violence or threats. M.S.A. S 609.713. | "What does ""purpose"" mean within the context of the terroristic-threats statute?" | Threats and Stalking - Memo #36 - C - LB.docx | LEGALEASE-00040483-LEGALEASE-00040484 |
| Bank of Danielsville v. Seagraves, 167 Ga. App. 135 | 83E+483 | Assignment of note means transfer of title to instruments so that recipient may bring an action thereon. | What is meant by assignment of a note? | 009050.docx | LEGALEASE-00151000-LEGALEASE-00151001 |
| Latham v. Brown, 16 Iowa 118 | 97C+211 | The amount of promissory notes delivered to a justice of the peace for collection, and wrongfully converted to his own use, is prima facie the measure of damages for such conversion; but the insolvency of the makers may be shown in mitigation of damages. | Is the amount of the face value of notes or choses in action which have been improperly converted the measure of its damages? | Bills and Notes- Memo 429 -DB.docx | LEGALEASE-00040586-LEGALEASE-00040587 |
| Gibson v. Spikes, 143 Ark. 270 | 200+121 | The Legislature has the power to levy road improvement assessments subject only to the right of the owner to have an arbitrary abuse of that power reversed by the courts. | Does the Legislature have the power to levy assessments? | Highways -Memo 361 - DB_59240.docx | ROSS-003312564 |
| In re Estate of Capuzzi, 470 Mich. 399 | 308+92(1) | A duly authorized agent has the power to act and bind the principal to the same extent as if the principal acted. | Can a duly authorized agent bind his principal? | 041470.docx | LEGALEASE-00151327-LEGALEASE-00151328 |
| Theos & Sons v. Mack Trucks, 1999 Mass. App. Div. 14 | 308+1 | The essence of the principal-agent relationship is the right of power or control by the alleged principal over the conduct of the alleged agent. | Does an agent serve under the control and supervision of his principal? | 041474.docx | LEGALEASE-00151337-LEGALEASE-00151338 |
| Porges v. United States Mortg. & Tr. Co., 203 N.Y. 181 | 308+92(1) | One dealing with the agent of another without ascertaining the scope and reach of the powers delegated to him does so at his peril. | Should a party dealing with an agent ascertain the scope or extent of the powers delegated to him? | Principal and Agent - Memo 193 - KC_59474.docx | ROSS-003285586-ROSS-003285587 |
| Forest Guardians v. U.S. Forest Serv., 329 F.3d 1089 | 411+7 | Forest Service is entitled to substantial deference to its interpretation of its own regulations. | Is the Forest Service entitled to substantial deference to its interpretation of its own regulations? | Woods and Forest - Memo 13 - ANM_59290.docx | ROSS-003292785-ROSS-003292786 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kittel v. Augusta, T. & G.R. Co., 65 F. 859 | 108H+956 | A creditor's bill which alleges that the marshal has returned, upon the execution on plaintiff's judgment, that there are no goods and chattels of defendant, but does not show that the marshal made any attempt to find leviable property of other kinds, or that the defendant was insolvent, or that it had no other property than that claimed to have been fraudulently disposed of, does not show that plaintiff has exhausted his remedy at law. | Are judgments and fruitless executions necessary to show that the creditor has no adequate legal remedy? | 014082.docx | LEGALEASE-00151539-LEGALEASE-00151541 |
| Seitz-Partridge v. Loyola Univ. of Chicago, 409 Ill. App. 3d 76 | 141E+1190 | Student did not introduce sufficient evidence to withstand summary judgment on breach of implied and express contract claims against university and individual faculty members who collectively denied student's application for admission into school's postgraduate doctorate program upon finding that she had committed plagiarism; student was unable to show that faculty members treated her in a manner that was arbitrary, capricious, or in bad faith, and student took full advantage of the university's three-tiered review process for students such as herself who had not successfully passed the preliminary examination necessary for admission. | Does a students breach of contract claim against a private university treated somewhat differently from a typical breach of contract claim? | 016710.docx | LEGALEASE-00151482-LEGALEASE-00151484 |
| In re Divelbess' Estate, 216 Iowa 1296 | 83E+416 | Note payable to makers must be indorsed by all of them on back thereof to give it validity. Code 1931, S 9509. | Are notes payable to the order of the maker valid without indorsement? | 009717.docx | LEGALEASE-00151596-LEGALEASE-00151597 |
| Burke Cty. v. Askin, 291 Ga. 697 | 200+79.1 | County had discretion to abandon road and trial court's role was limited to review of any such exercise of that discretion. | Is a countys discretionary authority to abandon a road granted by statute? | Highways - Memo 300 - RK_59593.docx | ROSS-003281916-ROSS-003281917 |
| Cent. Pac. Ry. Co. v. Alameda Cty., Cal., 284 U.S. 463 | 157+67(3) | Proof of establishment of road raised presumption of continuing identity, and party claiming otherwise had burden to prove abandonment. | Is the continuing identity of a road presumed until overcome by proof to the contrary? | 018726.docx | LEGALEASE-00151695-LEGALEASE-00151696 |
| In re Cohn Bros., 45 B.R. 723 | 172H+587 | Where one payee's endorsement was missing from check when it was presented to bank, check was unenforceable on its face, and bank, by accepting check and providing depositor with a provisional settlement, converted check under Pennsylvania law. 13 Pa.C.S.A. SS 3101 et seq., 3116(2), 3403, 3406, 3419, 3419(a)(3), (b, c), 4101 et seq. | What happens if the endorsement of one payee is missing? | 010281.docx | LEGALEASE-00152353-LEGALEASE-00152354 |
| Polk Chevrolet v. Vicaro, 162 So. 2d 761 | 83E+440 | Where endorser of negotiable paper becomes holder by retransfer, he may strike out his own endorsement and all endorsements subsequent to his own, whether special or not. LSA-R.S. 7:40, 7:48. | Can the holder of the note strike out endorsements? | 010759.docx | LEGALEASE-00152475-LEGALEASE-00152476 |
| Unlimited Adjusting Grp. v. Wells Fargo Bank, N.A., 174 Cal. App. 4th 883 | 83E+406 | The intended payee of a check may negotiate the check by indorsing it and depositing it in his or her bank account. | Can a payee negotiate a check by depositing it or transferring it to another person? | 010765.docx | LEGALEASE-00152483-LEGALEASE-00152484 |
| Zuendt v. Doerner, 101 Mo. App. 528 | 8.30E+270 | The surrender and cancellation of an old note is sufficient consideration for the execution of a new one given in lieu thereof. | Is surrender of note good consideration for making another note? | 010774.docx | LEGALEASE-00152493-LEGALEASE-00152494 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Anderson v. Nesbitt, 43 Ind. App. 703 | 28+53 | Owner of cows wrongfully allowing them to run at large on highway is not liable for injuries caused by horse frightened at the cows and running away; there being no special circumstances, such as allowing them to run at large during nighttime, or that they so obstructed the beaten part of highway that a horse would be frightened. | Will the object of the highway in violation of statute make the owner liable? | 019135.docx | LEGALEASE-00152642-LEGALEASE-00152644 |
| In re Arbitration Between Nat. Union Fire Ins. Co. of Pittsburgh, P.A. v. Pers. Plus, 954 F. Supp. 2d 239 | 25T+141 | Temporary services provider had either actual or apparent authority to act as its affiliate's agent in signing agreements for workers' compensation insurance program, which thus were binding on affiliate, including payment agreement containing arbitration provision, where payment agreement defined parties to include named client and each of client's affiliated organizations, affiliate was named insured under provider's policies with insurer, provider's owners were parents of affiliate's owner, financial documents identified affiliate as "related party to" provider, one of provider's owners signed documents on behalf of both entities, and insurance broker submitted application materials on behalf of both entities in connection with insurance program. | Does an agent have actual or apparent authority? | Principal and Agent - Memo 228 - KC_60114.docx | ROSS-003294221-ROSS-003294223 |
| Century Capital Grp. v. Barthels, 196 Wis. 2d 806 | 308+84 | A fiduciary is liable for damages arising out of breach of fiduciary duty, and any losses caused may be offset against any claim he makes for compensation. | Will an agent be liable for damages in the event of breach? | 042061.docx | LEGALEASE-00152251-LEGALEASE-00152252 |
| Gusma Properties v. Travelers Lloyds Ins. Co., 514 S.W.3d 319 | 308+92(2) | Where an agent misappropriates payments intended for its principal, it is the principal that bears the loss because, after the payment has been made to the agent, the payment is deemed to have been made to the principal. | Does payment to authorized agent constitute payment to principal even if funds are misappropriated? | Principal and Agent - Memo 61- KC_60268.docx | ROSS-003280395-ROSS-003280396 |
| Idaho Wool Growers Ass'n v. Vilsack, 816 F.3d 1095 | 149E+599 | National Environmental Policy Act (NEPA) imposes on federal agencies conducting environmental review a duty to consult with certain other agencies. National Environmental Policy Act of 1969, S 102(2)(C), 42 U.S.C.A. S 4332(2)(C). | Do federal agencies have to consult other agencies? | Woods and Forests-Memo 48-ANM.docx | LEGALEASE-00042503-LEGALEASE-00042504 |
| United States v. Parker, 761 F.3d 986 | 411+8 | While county's easement may have removed a highway from definition of "National Forest System road," as used in regulations prohibiting certain activities in and around Forest Service property, it did not deprive the Forest Service of authority over the road, and thus Forest Service retained jurisdiction to regulate use of the highway and to protect Forest Service lands underlying the highway from unauthorized use by commercial snowmobile operation. 36 C.F.R. SS 261.1, 261.10(c). | What is a National Forest System road? | Woods and Forests-Memo 50-ANM_60277.docx | ROSS-003283390-ROSS-003283391 |
| Johnson v. Arrigoni, 5 Or. 485 | 83E+618(4) | An indorser on note, who was discharged by laches of holder in failing to present the demand note for payment to maker until over seven months after time defendant indorser indorsed the note, could be held liable to pay note by his subsequent promise to do so with full knowledge that he had been discharged by such laches. | When does the indorser incur liability for a note? | Bills and Notes - Memo 842 - RK_60295.docx | ROSS-003322244-ROSS-003322245 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Waters v. Millar, 1 U.S. 369 | 83E+751 | The sale and delivery of a promissory note, payable to order, without indorsement or assignment, does not entitle the holder to sue in his own name. | Does a note payable to order have to be assigned to enable the holder to bring an action in his own name? | Bills and Notes - Memo 881 - RK_60680.docx | ROSS-003307449-ROSS-003307450 |
| First Nat. Bank v. Moore, 137 F. 505 | 83E+406 | In the absence of a statute to the contrary, a written assignment of a negotiable note, payable to order, is not necessary to transfer an equitable title to the note to the transferee. | Does a note payable to order have to be assigned to enable the holder to bring an action in his own name? | 009826.docx | LEGALEASE-00153547-LEGALEASE-00153548 |
| Carpenter v. Longan, 83 U.S. 271 | 266+1414 | Where security is given for negotiable note, the transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the security. | What happens to the security when a note is transferred? | Bills and Notes - Memo 887 - RK_60686.docx | ROSS-003278324-ROSS-003278325 |
| Rothwell v. Taylor, 303 Ill. 226 | 191+47(1) | The burden is on alleged donee of negotiable instruments to prove all facts essential to a valid gift. | Who shares the burden to prove all facts essential to a valid gift? | 009843.docx | LEGALEASE-00153564-LEGALEASE-00153565 |
| Hawley v. Sloo, 12 La. Ann. 815 | 8.30E+10 | A promissory note payable generally must bear the rate of interest of the place where it is made. | Will the place where the note is made determine the rate of interest? | 009867.docx | LEGALEASE-00153584-LEGALEASE-00153585 |
| Warner v. Beardsley, 8 Wend. 194 | 83E+462 | To discharge an indorser on the ground of the omission of the creditor to proceed against the principal debtor when requested so to do, it must appear that the principal was solvent at the time of the request, within the jurisdiction of the state in which the suit against the surety is instituted, and that the creditor, without any reasonable excuse, neglected or refused to proceed until the principal debtor became insolvent and unable to pay. | Will the surety be discharged from a debt when it is due? | Bills and Notes - Memo 922 - RK_60718.docx | ROSS-003280013-ROSS-003280014 |
| Rubio v. Capital One Bank, 613 F.3d 1195 | 172H+1344 | Although clarity and conspicuousness of a disclosure of annual percentage rates (APR) in a credit card solicitation is a question of law, under Truth in Lending Act (TILA), empirical evidence is helpful in determining what a reasonable consumer will understand and readily notice. Truth in Lending Act, S 127(c)(1)(A)(i)(I), 15 U.S.C.A. S 1637(c)(1)(A)(i)(I); 12 C.F.R. S 226.5a(b)(1). | What are clear and conspicuous disclosures? | 013950.docx | LEGALEASE-00153766-LEGALEASE-00153767 |
| Cohen v. Bd. of Trustees of Univ. of Med. & Dentistry of New Jersey, 240 N.J. Super. 188 | 141E+990 | State universities may be classified as instrumentalities of the state for some particular purposes and not for others. | Can universities be classified as instrumentalities of the state for a particular purpose? | Education - Memo #167 - C - ATS_60332.docx | ROSS-003281019-ROSS-003281020 |
| In re Exec. Comm'n On Ethical Standards Re: Appearance of Rutgers Attorneys, 116 N.J. 216 | 78+1346 | Rutgers University is not an alter ego of the state of New Jersey, but, a "person" subject to liability for purposes of a federal civil rights action. 42 U.S.C.A. S 1983. | Is a university a person subject to liability under the law? | 017066.docx | LEGALEASE-00152858-LEGALEASE-00152859 |
| Stow v. Wyse, 7 Conn. 214 | 156+27(2) | All persons claiming under and through the party estopped by deed, are bound by the estoppel. | Are all persons claiming under a party estopped bound equally by the estoppel? | 018024.docx | LEGALEASE-00153037-LEGALEASE-00153038 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sealy v. Perdido Key Oyster Bar & Marina, 88 So. 3d 366 | 307A+681 | Trial court could not dismiss architect's complaint against client for breach of contract, enforcement of construction lien, and account stated on the basis of architect's alleged failure to register with the Department of State the fictitious name under which he was doing business and to obtain a certificate of authorization from the Department of Business and Professional Regulation to provide architectural services under the fictitious name; trial court improperly relied on material outside the four corners of the complaint, including architect's deposition testimony and printed copies of pages from Department of State's website showing that the fictitious name was not registered. West's F.S.A. SS 481.219(2), 865.09(9)(a). | "For purposes of ruling on a motion to dismiss, can the trial court look no further than the four corners of the complaint?" | Pretrial Procedure - Memo # 8960 - C - SKG_60413.docx | ROSS-003296761 |
| Jensen v. Doherty, 101 Idaho 910 | 307A+581 | Dismissal for failure to prosecute is a remedy to be sparingly used, but it is always available. Rules of Civil Procedure, Rule 41(b). | Is dismissal for failure to prosecute a drastic remedy to be granted sparingly? | 038372.docx | LEGALEASE-00152808-LEGALEASE-00152809 |
| BE & K Const. Co. v. United Bhd. of Carpenters & Joiners of Am., AFL-CIO, 90 F.3d 1318 | 308+1 | Agency requires manifestation by principal that agent shall act for him, agent's acceptance of undertaking, and understanding of parties that principal is to be in control of undertaking. | What are the elements of agency? | 041297.docx | LEGALEASE-00153097-LEGALEASE-00153098 |
| In re Richard P., 227 W. Va. 285 | 308+10(1) | At common law, a parent or legal guardian may transfer medical, educational, and other legal decision-making authority for his or her child or ward to another adult through the execution of a power of attorney, and such instruments are revocable and automatically terminate upon disability or incapacity of the principal. | Does a power of attorney terminate upon the death of the principal? | 041404.docx | LEGALEASE-00153659-LEGALEASE-00153660 |
| In re Richard P., 227 W. Va. 285 | 308+10(1) | At common law, a parent or legal guardian may transfer medical, educational, and other legal decision-making authority for his or her child or ward to another adult through the execution of a power of attorney, and such instruments are revocable and automatically terminate upon disability or incapacity of the principal. | Can a power of attorney grant someone the authority to act as an agent? | Principal and Agent - Memo 156 - SB_60775.docx | ROSS-003283232-ROSS-003283233 |
| Cole v. McWillie, 464 S.W.3d 896 | 308+43(1) | An agent's authority to bind his principal terminates upon the principal's death. | Does an agents authority terminate upon the principals death? | Principal and Agent - Memo 157 - SB_60776.docx | ROSS-003293897-ROSS-003293898 |
| Eugene Theatre Co. v. City of Eugene, 194 Or. 603 | 371+3602 | An "excise tax" is something cut off from the price paid on a sale of goods as a contribution to the support of the government. | What is an excise tax? | Taxation - Memo # 892 - C - JL_60599.docx | ROSS-003293037-ROSS-003293038 |
| Dukesherer Farms v. Ball, 405 Mich. 1 | 371+2001 | Taxes are exactions or involuntary contributions of money which are sanctioned by law and enforceable by courts and which are imposed primarily for public rather than private purposes. | Are taxes and assessments both sanctioned by law and enforceable by the courts? | 046022.docx | LEGALEASE-00153326-LEGALEASE-00153327 |
| City of Louisville v. Sebree, 308 Ky. 420 | 371+2001 | The character of any tax is to be determined by its incidence, and the name by which it is described in legislation imposing it is immaterial. | Is the name by which a tax is described in the legislation significant to the character of the tax? | 046039.docx | LEGALEASE-00153374-LEGALEASE-00153375 |
| Procella v. Beto, 319 F. Supp. 662 | 21+5 | In Texas, as a general rule, affidavits which are notarized by counsel offering them into evidence are void. | Are affidavits which are notarized by the counsel void? | 006618.docx | LEGALEASE-00153971-LEGALEASE-00153972 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Barhydt v. Alexander, 59 Mo. App. 188 | 21+8 | The statement of the venue is an essential part of every affidavit, and its omission is fatal. | Is venue an essential part of every affidavit? | Affidavits - Memo 57 - _1FnTSDVJSHRWOVoNcI4Vjc-ynM5N9ULYC.docx | ROSS-000000210-ROSS-000000211 |
| Capitol Hill State Bank v. Rawlins Nat. Bank of Rawlins, 24 Wyo. 423 | 388+45(1) | In an action by the indorsee and holder of an unpaid certificate of deposit issued by the defendant bank, execution of the instrument being admitted by the answer, but its indorsement by payee denied, the offer of the certificate in evidence did not include the indorsement which was not essentially a part of the certificate, and in the absence of proof of the indorsement was insufficient to prove the fact of indorsement or to entitle the indorsement to be admitted in evidence. | Is it mandatory to include indorsement in an offer of the certificate of evidence? | Bills and Notes - Memo 1007 - RK.docx | LEGALEASE-00043638-LEGALEASE-00043639 |
| Midfirst Bank, SSB v. C.W. Haynes & Co., 893 F. Supp. 1304 | 83E+522 | "Possession" required under South Carolina law to constitute a "holder" of negotiable instrument may be constructive possession by delivery to third party on first person's behalf. S.C.Code 1976, S 36-1-201(20). | Who is a holder in terms of an instrument? | 009774.docx | LEGALEASE-00154737-LEGALEASE-00154738 |
| Maddox v. Robbert, 165 La. 694 | 83E+841 | Transfer, without indorsement, of note payable to order, may be proved by parol. | Can a note be transferred without indorsement? | 009967.docx | LEGALEASE-00153778-LEGALEASE-00153779 |
| Strubel v. Comenity Bank, 842 F.3d 181 | 172H+1595 | Credit card holder, who brought action alleging that bank's billing-rights disclosures failed to comply with TILA's mandatory disclosure requirements, sufficiently alleged the invasion of a legally protected interest, as required to satisfy the injury in fact requirement for Article III standing; Congress, through TILA, conferred legal interests on consumers by obligating creditors to make specified disclosures "to the person whom credit is to be extended." U.S. Const. art. III, S 2; Truth in Lending Act S 127, 15 U.S.C.A. S 1637(a)(7). | Is a creditor obligated to make disclosures? | Consumer Credit - Memo 45 - JK_61321.docx | ROSS-003323195-ROSS-003323196 |
| Brenny v. Bd. of Regents of Univ. of Minnesota, 813 N.W.2d 417 | 141E+992 | University of Minnesota is a legal entity within the State of Minnesota; the university has autonomous status as a constitutional corporation. | Is a university a constitutional corporation? | 016774.docx | LEGALEASE-00154113-LEGALEASE-00154114 |
| Magnetti v. Univ. of Maryland, 402 Md. 548 | 141E+1055 | The University of Maryland is considered to be an arm of the State Government for the purposes of the sovereign immunity doctrine. West's Ann.Md.Code, Education, S 12-102(a). | Is a university an arm of the state government? | Education - Memo # 229 - C - ATS_61011.docx | ROSS-003308417-ROSS-003308418 |
| State v. Tracy, 539 N.W.2d 327 | 200+18 | As long as section line highway has not been legally vacated, public has right to travel on it. SDCL 31-18-1. | "Can the abandonment of a section line right-of-way be established by evidence that the highway has never been open, improved, or traveled?" | 018811.docx | LEGALEASE-00154629-LEGALEASE-00154630 |
| Johnson v. Herring, 89 Mont. 156 | 302+26 | Under Code, pleading need only allege facts in ordinary and concise language (Rev.Codes 1921, S 9129). | "In a pleading, should facts be alleged in ordinary and concise language?" | 023734.docx | LEGALEASE-00154248-LEGALEASE-00154249 |
| Parker v. Town of Erwin, 243 N.C. App. 776 S.E.2d 710 | 30+3213 | When an appellate court reviews a decision as to personal jurisdiction, it considers only whether the findings of fact by the trial court are supported by competent evidence in the record; if so, it must affirm the order of the trial court. Rules Civ.Proc., Rule 12(b)(2), West's N.C.G.S.A. S 1A-1. | "If a defendant supplements his motion to dismiss for lack of personal jurisdiction with an affidavit or other supporting evidence, can the allegations in the complaint no longer be taken as true or controlling?" | Pretrial Procedure - Memo # 9531 - C - SHB.docx | LEGALEASE-00044391-LEGALEASE-00044392 |
| Nuzum v. Spriggs, 357 Pa. 531 | 308+92(1) | Where agent has authority to exercise discretion, his exercise thereof will bind principal. | "When an agent has authority to exercise discretion, will his exercise bind the principal?" | 041539.docx | LEGALEASE-00154258-LEGALEASE-00154259 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ingram v. Mandler, 56 F.2d 994 | 83E+481 | Note may be transferred by assignment without actual delivery. | Could a promissory note be transferred by assignment without the actual delivery of the note? | 010794.docx | LEGALEASE-00155334-LEGALEASE-00155335 |
| Anthony v. Anthony, 642 F. Supp. 2d 1366 | 172H+1341 | Homeowner's lack of assent to forged mortgage refinancing documents never contractually obligated homeowner, under Florida law, as required for "consummation" of contract, within meaning of TILA disclosure requirements for providing good faith estimates of credit terms and correcting any inaccuracies prior to consummating residential mortgage transactions, and thus, TILA provided homeowner no remedy against lender. Truth in Lending Act, S 128(b), 15 U.S.C.A. S 1638(b); 12 C.F.R. S 226.2(a)(13). | Does TILA provide a remedy in cases of forged contracts? | Consumer Credit - Memo 198 - RK_61860.docx | ROSS-003310396-ROSS-003310397 |
| In re Quenzer, 266 B.R. 760 | 172H+1557 | Obligor's decision to rescind a transaction under the Truth in Lending Act (TILA) is effective as soon as creditor receives the required notice of rescission, and immediately voids creditor's security interest. Truth in Lending Act, S 125(a, b), as amended, 15 U.S.C.A. S 1635(a, b); 12 C.F.R. S 226.23(d). | Can the obligor exercise his right of rescission by notifying the creditor within the prescribed time limit of his intent to rescind? | 013991.docx | LEGALEASE-00154841-LEGALEASE-00154842 |
| In re Quenzer, 266 B.R. 760 | 172H+1557 | Obligor's decision to rescind a transaction under the Truth in Lending Act (TILA) is effective as soon as creditor receives the required notice of rescission, and immediately voids creditor's security interest. Truth in Lending Act, S 125(a, b), as amended, 15 U.S.C.A. S 1635(a, b); 12 C.F.R. S 226.23(d). | Can the obligor exercise his right of rescission by notifying the creditor within the prescribed time limit of his intent to rescind? | Consumer Credit - Memo-15 - AM_61335.docx | ROSS-003323783-ROSS-003323784 |
| Psensky v. Am. Honda Fin. Corp., 378 N.J. Super. 221 | 172H+15(2) | Truth in Lending Act (TILA) limitation on liability of assignee of consumer car loan preempted buyer's claim under state Retail Installment Sales Act and Federal Trade Commission (FTC) holder rule that finance company was liable for dealership's failure to itemize certain registration expenses on disclosure form, even though buyer did not assert any TILA claim, given that state law claim interfered with TILA's purpose to limit liability to disclosures that were apparent on the face of the disclosure form, and FTC holder rule, as agency regulation, could not trump TILA, as law passed by Congress; overruling Scott v. Mayflower Home Improvement Corp., 363 N.J.Super. 145, 831 A.2d 564. Truth in Lending Act, S 131(a), as amended, 15 U.S.C.A. S 1641(a); 16 C.F.R. S 433.2(a); N.J.S.A. 17:16C-38.2. | "Under TILA, will an assignee be liable if the violation is apparent on the face of the disclosure statement?" | Consumer Credit - Memo19 - AM_61336.docx | ROSS-003306840 |
| State Univ. of New York v. Syracuse Univ., 285 A.D. 59 | 360+199 | State University was an integral part of State Government, and when such University was sued through counterclaim in action by State University against another University for specific performance of a contract between the two Universities, State was the real party, and, therefore, in such action, the Supreme Court would not acquire jurisdiction of the counterclaim. Education Law, S 352 et seq. | Is a university an integral part of state government? | 017105.docx | LEGALEASE-00155264-LEGALEASE-00155266 |
| Rison v. Farr, 24 Ark. 161 | 302+204(5) | Part of a law under which a plea in justification is made, being void for unconstitutionality, and the plea being entire, the whole is bad on demurrer. | "Is a plea which bad in part, bad in the whole?" | Pleading - Memo 549 - RMM_61969.docx | ROSS-003280860-ROSS-003280861 |
| Appling v. Stuck, 164 N.W.2d 810 | 302+16 | A pleading must present a legally justiciable issue; a deficiency will not be supplied by the court. | Will a deficiency in the pleadings be supplied by the court? | 023775.docx | LEGALEASE-00155444-LEGALEASE-00155445 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Walker v. Archer, 2016-0171 (La. App. 4 Cir. 10/5/16), 203 So. 3d 330 | 307A+690 | When a suit is dismissed on the basis of abandonment, the dismissal is without prejudice. La. Code Civ. Proc. Ann. art. 561. | "When a suit is dismissed on the basis of abandonment, is the dismissal without prejudice?" | Pretrial Procedure - Memo # 10214 - C - DHA_61720.docx | ROSS-003279423-ROSS-003279424 |
| Farinelli v. Campagna, 166 Ind. App. 587 | 307A+563 | Rule governing dismissal of actions for failure to prosecute or comply with rules is not limited in application to violation of rule of civil procedure but applies also to violations of orders of court entered pursuant to rules. Rule TR. 41(E). | Can court dismiss action when a party fails to comply with rules or when no action has been taken in case for at least sixty days? | 039099.docx | LEGALEASE-00155248-LEGALEASE-00155249 |
| Laurie v. Ezard, 595 S.W.2d 336 | 307A+581 | Whether case is prosecuted diligently must be decided on case-by-case basis. | "Is a case that is prosecuted diligently, decided on case-by-case basis?" | 039136.docx | LEGALEASE-00155241-LEGALEASE-00155242 |
| Garwood v. Indiana Dep't of State Revenue, 998 N.E.2d 314 | 371+3695 | Requirement for case to be original tax appeal, such that Tax Court has exclusive subject matter jurisdiction, that case be initial appeal of Department of Revenue's final determination embodies exhaustion of administrative remedies requirement; in certain instances, therefore, lack of final determination from Department, which is equivalent to failure to exhaust administrative remedies, deprives Court of subject matter jurisdiction in a case. West's A.I.C. 33-26-3-1; Tax Court Rule 13. | "When ruling on motion to dismiss for lack of subject matter jurisdiction, can a Tax Court consider a petition, motion, and any supporting affidavits or evidence?" | 039349.docx | LEGALEASE-00154892-LEGALEASE-00154893 |
| Tippins v. Cobb Cty. Parking Auth., 213 Ga. 685 | 308+92(1) | No greater power can be conferred upon an agent than that possessed by his principal. Code, SS 4-103, 4-201. | Can an agent be conferred with greater power than that possessed by the principal? | Principal and Agent - Memo 361 - KC_61624.docx | ROSS-003294768-ROSS-003294769 |
| State v. Schmitz, 559 N.W.2d 701 | 110+1175 | Improper submission of special interrogatory not relating solely to sentencing, which was to be answered if jury found defendant guilty of pattern harassment, was harmless beyond a reasonable doubt because it did not lead jury to a finding of guilt. M.S.A. S 609.749, subd. 5. | "What does the state  need to prove in order to find a defendant guilty of ""pattern harassment""?" | Threats - Memo #77 - C - LB_61645.docx | ROSS-003295223-ROSS-003295224 |
| State v. Duncan, 153 Ind. 318 | 3.77E+25 | A finding that defendant acted with a purpose or intent to harass another is integral to a determination of harassment. N.J.S.A. 2C:33-4. | What type of finding is integral to a determination of criminal harassment? | 046798.docx | LEGALEASE-00155193-LEGALEASE-00155194 |
| Berg v. State Bd. of Agric., 919 P.2d 254 | 156+52(1) | Equitable estoppel, because it is based on misrepresentation of facts, is fundamentally a tort theory. | Is equitable estoppel fundamentally a tort theory? | Estoppel - Memo #123 - C - CSS_62025.docx | ROSS-003280497-ROSS-003280498 |
| Lampton v. LaHood, 94 Md. App. 461 | 156+52(1) | All that is needed to create equitable estoppel is: voluntary conduct or representation, reliance, and detriment. | What is needed to create an equitable estoppel? | 017775.docx | LEGALEASE-00156100-LEGALEASE-00156101 |
| Perez v. Golden Empire Transit Dist., 209 Cal. App. 4th 1228 | 302+34(2) | Under the principle that specific allegations in a complaint control over an inconsistent general allegation, it is possible that specific allegations will render a complaint defective when the general allegations, standing alone, might have been sufficient. | Do specific allegations in a complaint control over an inconsistent general allegation? | Pleading - Memo 561 - RMM_62369.docx | ROSS-003280618-ROSS-003280619 |
| Argence v. Box Opportunities, 95 So. 3d 539 | 307A+581 | Dismissal of an action on grounds of abandonment may only be made without prejudice. LSA-C.C.P. arts. 561, 2129, 2164. | Can a dismissal on the grounds of abandonment only be made without prejudice? | Pretrial Procedure - Memo # 10257 - C - SN_61762.docx | ROSS-003282262-ROSS-003282263 |
| State v. Payne, 178 Ohio App. 3d 617 | 3.77E+28 | Substantial incapacity sufficient to support a conviction for menacing by stalking does not mean that the victim must be hospitalized, or totally unable to care for herself; incapacity is substantial if it has a significant impact upon the victim's daily life. R.C. S 2903.211(A)(1), (D)(2)(a, b). | "When is the victim's substantial incapacity ""substantial"" for the purposes of a stalking conviction?" | 046821.docx | LEGALEASE-00155992-LEGALEASE-00155993 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Whetstone v. State, 778 So. 2d 338 | 67+7 | "Ownership," for purpose of burglary prosecution, means any possession which is rightful as against burglary and is satisfied by proof of special or temporary ownership, possession, or control. West's F.S.A. S 810.02. | What does ownership mean in the context of burglary? | Burglary - Memo 272 - RK_62275.docx | ROSS-003306169-ROSS-003306170 |
| State v. LaGarde, 513 So. 2d 396 | 67+16 | A "lookout" or person providing means of escape by driving a "getaway" car is a principal in a burglary. LSA-R.S. 14:24. | Does serving as a look out make a person a principal in burglary? | 013090.docx | LEGALEASE-00156573-LEGALEASE-00156574 |
| State v. McDowell, 246 Neb. 692 | 67+9(1) | Climbing or jumping fence does not constitute "breaking" within definition of burglary statute. Neb.Rev.St. S 28-507. | Does climbing or jumping over a fence constitute breaking? | 013125.docx | LEGALEASE-00156538-LEGALEASE-00156539 |
| Rayonier v. Polson, 400 F.2d 909 | 411+1 | Under Washington law, standing timber owned by owner of real property on which it is growing is regarded as real property. | Can standing timber be considered as real property? | Woods and Forests - Memo 1 - KC_62517.docx | ROSS-003296560-ROSS-003296561 |
| Finch v. Commonwealth Health Ins. Connector Auth., 459 Mass. 655 | 24+104 | An "alien" is a person who was born outside the jurisdiction of the United States, who is subject to some foreign government, and who has not been naturalized under United States law. | Who is an alien? | Aliens_ Immigration an_1F2FMjjSl_fh24r6kBr_lkYykSqW6QrrO.docx | ROSS-000000278-ROSS-000000279 |
| Critcher v. Ballard, 180 N.C. 111 | 83E+525 | Under Negotiable Instruments Act, SS 2178, 2198, 2206, 2212, an indorsement written on a note payable to order, but not signed by the payee, or by any one in his behalf, does not make the transferee of the note a holder in due course, but gives him only an equitable title thereto. | Does a transferee without indorsement acquire only equitable title? | 009091.docx | LEGALEASE-00157151-LEGALEASE-00157152 |
| Gayoso Sav. Inst. v. Fellows, 46 Tenn. 467 | 38+57 | When a bond, bill, note or like evidence of debt is assigned, and is transferred by actual manual delivery to the assignee, whether the legal title in the instrument passed by the assignment or not, no notice is required to be given to the debtor, of the assignment. | Is notice to the debtor required for the transfer of title to negotiable instruments? | 009100.docx | LEGALEASE-00157161-LEGALEASE-00157162 |
| Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., 772 F.3d 111 | 83E+481 | Under New York law, specific incantations of "assignment" are unnecessary to perfect a transfer of a note. | Are specific incantations necessary to perfect a transfer? | Bills and Notes -Memo 1239 - JK_62553.docx | ROSS-003285758-ROSS-003285759 |
| Barrett v. Dodge, 16 R.I. 740 | 8.30E+10 | If no particular place of payment is specified in a note, the law of the place of contract governs as to the obligation and duty imposed on the maker. | Which law governs a note? | 010931.docx | LEGALEASE-00157942-LEGALEASE-00157943 |
| In re King Mem'l Hosp., 19 B.R. 885 | 156+52(1) | Estoppel means nothing more than application of rules of fair play. | Does estoppel mean nothing more than the application of fair play? | 017805.docx | LEGALEASE-00156733-LEGALEASE-00156734 |
| Sun Oil Co. (Delaware) v. Madeley, 626 S.W.2d 726 | 156+52(1) | Estoppel is a defensive theory and does not create a contract right that does not otherwise exist. | Does estoppel create a contract that does not otherwise exist? | Estoppel - Memo #146 - CSS_62347.docx | ROSS-003293218-ROSS-003293219 |
| Missouri Pac. R. Co. v. Am. Statesman, 552 S.W.2d 99 | 156+52(1) | The function of waiver or estoppel is to preserve rights, not to create independent causes of action. | Is the function of estoppel to preserve rights? | Estoppel - Memo #148 - CSS_62349.docx | ROSS-003296272-ROSS-003296273 |
| Bd. of Cty. Comm'rs of Summit Cty. v. DeLozier, 917 P.2d 714 | 156+52(5) | While doctrine of promissory estoppel is applicable to promises, doctrine of equitable estoppel is applicable to misstatements of fact. | Is equitable estoppel applicable to misstatements of fact? | 017884.docx | LEGALEASE-00157770-LEGALEASE-00157771 |
| Smith v. Melson, 135 Ariz. 134 | 315+609 | "Exchange" under modern common-law definition is reciprocal transfer of property for other property of value, rather than for money consideration. A.R.S. SS 37-104, 37-601 to 37-611. | "In an exchange of property, is the consideration received for the property given?" | 018289.docx | LEGALEASE-00157399-LEGALEASE-00157400 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Allin v. Motorists' All. of Am., 234 Ky. 714 | 217+1000 | One cannot change nature of insurance business by declaring in contract that it is not insurance. | Will the nature of insurance business change if it is expressly declared in the contract that it is not insurance? | 019546.docx | LEGALEASE-00157385-LEGALEASE-00157386 |
| Telford v. Smith Cty., Texas, 155 Idaho 497 | 307A+690 | A dismissal for lack of subject matter jurisdiction cannot be a dismissal with prejudice. Rules Civ.Proc., Rule 41(b). | Can a dismissal for lack of subject matter jurisdiction be a dismissal with prejudice? | Pretrial Procedure - Memo # 10484 - C - SHB_62419.docx | ROSS-003281749 |
| Comprehensive Pain Mgmt. v. Blakely, 312 Ga. App. 721 | 198H+805 | If the required expert affidavit is not filed with the complaint in a medical malpractice action, the complaint is subject to dismissal for failure to state a claim. West's Ga.Code Ann. SS 9-11-9.1(a), 9-11-12(b)(6). | Is a dismissal for failure to state a claim a dismissal on the merits and is with prejudice? | Pretrial Procedure - Memo # 10535 - C - SJ_62435.docx | ROSS-003291859-ROSS-003291860 |
| Ex parte W.L.K., 175 So. 3d 652 | 250+42 | Probate court order that putative father had not abandoned child in six months prior to her birth and thus had not impliedly consented to child's adoption was interlocutory, not final judgment, in proceedings on prospective adoptive parents' petition for adoption, for purposes of obtaining writ of mandamus, where it did not resolve entire adoption proceeding. (Per curiam opinion, with two Judges concurring and three Judges concurring in result.) Code 1975, S 26-10A-9(a)(1); Rules App.Proc., Rule 21(a)(3). | Do interlocutory orders become unenforceable upon a final judgment of dismissal? | 025134.docx | LEGALEASE-00156985-LEGALEASE-00156986 |
| First Fed. Bank v. Aldridge, 230 N.C. App. 187 | 307A+695 | Trial court's failure to sua sponte offer bank an opportunity to amend its defective complaint before dismissing its action against borrower for failure to state a claim with prejudice did not constitute an abuse of discretion, where bank did not move that the dismissal be without prejudice, or make any motion to amend its complaint. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | Is it the burden of the party whose claim is being dismissed to convince the court that he deserves a second chance? | 025156.docx | LEGALEASE-00157167-LEGALEASE-00157168 |
| Falls Cty. v. Perkins & Cullum, 798 S.W.2d 868 | 102+208 | A request for attorney fees made in a Declaratory Judgments Act case is a claim for "affirmative relief" authorizing a party to be heard under rule providing that dismissal pursuant to nonsuit rule could not prejudice the right of a party to be heard on a pending claim for affirmative relief. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Is a request for attorney fees a claim for affirmative relief? | 025162.docx | LEGALEASE-00157189-LEGALEASE-00157190 |
| S.C.G. v. J.G.Y., 794 So. 2d 399 | 307A+693.1 | Rule governing effect of involuntary dismissal is not limited to dismissals sought by the defendant. Rules Civ.Proc., Rule 41(b). | Is the rule governing an effect of an involuntary dismissal not limited to dismissals sought by the defendant? | 025197.docx | LEGALEASE-00157271-LEGALEASE-00157272 |
| Hodge v. Johnson, 852 N.E.2d 650 | 307A+517.1 | An open and voluntary renunciation by a plaintiff of his suit, a "retraxit," operates as a dismissal with prejudice. | Does a dismissal with prejudice operate as a retraxit under law? | 025262.docx | LEGALEASE-00156879-LEGALEASE-00156880 |
| Edgar Cty. Bank & Tr. Co. v. Paris Hosp., 57 Ill. 2d 298 | 307A+693.1 | The dismissal of one defendant, with prejudice, does not bar an action against other defendants who might be held jointly or severally liable. | "Once having dismissed an action, does the trial court have no jurisdiction to grant affirmative relief to the parties based on their subsequent petitions for affirmative relief?" | 025267.docx | LEGALEASE-00156891-LEGALEASE-00156892 |
| Watson v. Gen. Motors Corp., 479 S.W.2d 104 | 307A+693.1 | Until interlocutory judgment of dismissal is set aside, it is valid and binding. | "Until interlocutory judgment of dismissal is set aside, is it valid and binding?" | 025833.docx | LEGALEASE-00157662-LEGALEASE-00157663 |
| Frasier v. Palmetto Homes of Florence, 323 S.C. 240 | 308+99 | Agency may not be established solely by declarations and conduct of alleged agent. | Can an agency be established solely by the declarations of an agent? | Principal and Agent - Memo 448 - RK_63568.docx | ROSS-003294622-ROSS-003294623 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Whitley v. Taylor Bean & Whitacker Mortg. Corp., 607 F. Supp. 2d 885 | 308+1 | The parties must consent to a principal-agent relationship, which may be created by conduct or contract. | Can the principal-agent relationship be created by contract? | Principal and Agent - Memo 454 - RK_63574.docx | ROSS-003292587-ROSS-003292588 |
| Robinson v. Quicken Loans Inc., 988 F. Supp. 2d 615 | 308+19 | The burden of proving an agency relationship under West Virginia law rests upon him who alleges the existence of the agency; however, once a prima facie showing of the agency relationship has been made, a principal denying agency must show that the principal neither controlled, nor had the right to control, the alleged agent's work. | Whom does the burden of proving agency rest upon? | 041904.docx | LEGALEASE-00157060-LEGALEASE-00157061 |
| Desai v. ADT Sec. Sys., 78 F. Supp. 3d 896 | 308+1 | Under Colorado law, an "agent" is generally one who acts for, or in place of, another i.e., the principal, or is entrusted with the business of another. | Who is an agent? | Principal and Agent - Memo 565-SB_63581.docx | ROSS-003296199-ROSS-003296200 |
| State v. Worl, 74 Wash. App. 605 | 350H+89 | "Malicious harassment" is separate crime, and is not merely sentence enhancer. West's RCWA 9A.36.080(1). | Is malicious harassment a separate crime or a sentence enhancer? | "Threats, Stalking and Harassment - Memo #187 - C - LB_64736.docx" | ROSS-003281770-ROSS-003281771 |
| In re Boyer, 65 Ind. App. 408 | 413+101 | Workmen's Compensation Act includes all employ√© in industrial pursuits not expressly excepted therein. | Does the Workmen's Compensation Act include its benefits all employees in industrial pursuits? | 047704.docx | LEGALEASE-00157460-LEGALEASE-00157461 |
| Dryolin Corp. v. Zwicke, 17 N.Y.S.2d 974 | 83E+481 | Generally motives influencing the assignment of a note, or the consideration, do not affect validity of assignment as against debtor. | Does the motive influencing an assignment affect the validity of an assignment? | 009299.docx | LEGALEASE-00158226-LEGALEASE-00158227 |
| Packer v. Roberts, for Use of Wetherell, 40 Ill. App. 613 | 83E+481 | The legal title to a note cannot be transferred by assignment by a separate instrument. | Can a legal title to a note be transferred by assignment by a separate instrument? | Bills and Notes-Memo 1288-PR_63614.docx | ROSS-003294000-ROSS-003294001 |
| OT Indus. v. OT-tehdas Oy Santasalo-Sohlberg Ab, 346 N.W.2d 162 | 29T+264 | A minimum volume requirement is not a disguised franchise fee where the required purchases are made at bona fide wholesale prices for valid business reasons. M.S.A. S 80C.01, subd. 9(a). | What is a franchise fee? | Franchises - Memo 1 - ANG_65681.docx | ROSS-003279794-ROSS-003279795 |
| El Dorado Cty. v. Davison, 30 Cal. 520 | 200+158 | Toll gate erected on public highway may be abated as nuisance. | Can toll gate erected on public highway be abated as nuisance? | 019223.docx | LEGALEASE-00158934-LEGALEASE-00158935 |
| Spurck v. Leonard, 9 Ill.App. 174 | 289+956 | After dissolution of a firm, authority of making new contracts is completely revoked. | Does the dissolution of a partnership operate as a revocation of all authority to make new contracts? | 022621.docx | LEGALEASE-00158661-LEGALEASE-00158662 |
| Heath v. Waters, 40 Mich. 457 | 289+572 | The sickness of a partner is one of the risks incidental to partnership business, and does not give another partner any claim for personal services in conducting the entire business, if the partnership articles do not provide for any. | Is the sickness or inability of a partner one of the risks incidental to the partnership? | Partnership - Memo 531 - GP_64071.docx | ROSS-003299183 |
| Fiandaca v. Niehaus, 570 S.W.2d 714 | 307A+561.1 | Only if affirmative defense is irrefutably established by petition can petition be dismissed on such ground. | Can a petition be dismissed only if affirmative defense is irrefutably established by petition? | Pretrial Procedure - Memo # 10788 - C - NS_63655.docx | ROSS-003280914-ROSS-003280915 |
| Carver v. Morrow, 213 S.C. 199 | 308+92(3) | Authorized acts of agents are acts of principal, and agent's exercise of authority is an execution of principal's continuing will. | Is an agents exercise of authority regarded as execution of the principals continuing will? | 041681.docx | LEGALEASE-00158910-LEGALEASE-00158911 |
| Carver v. Morrow, 213 S.C. 199 | 308+43(1) | Generally, when not coupled with an interest, agency terminates on death of principal. | Does an agency terminate upon the death of the principal when not coupled with an interest? | 041683.docx | LEGALEASE-00158912-LEGALEASE-00158913 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| First Jackson Sec. Corp. v. B. F. Goodrich Co., 253 Miss. 519 | 308+3(1) | "Agent" is one who stands in shoes of his principal, and his principal's alter ego; word "employee" is not synonymous with "agent". | Is employee synonymous with agent? | Principal and Agent - Memo 401 - RK_63956.docx | ROSS-003307619-ROSS-003307620 |
| Dakota Provisions v. Hillshire Brands Co., 226 F. Supp. 3d 945 | 308+2 | Agency is a creature of state law and, in South Dakota, is governed by both statutory and common law. | Is an agency a creature of state law? | 041740.docx | LEGALEASE-00158989-LEGALEASE-00158990 |
| Chou v. Univ. of Chicago, 254 F.3d 1347 | 46H+518 | A fiduciary duty in Illinois may arise in one of two ways: it automatically arises from particular relationships, such as attorney-client and principal-agent, as a matter of law; and it may also arise from the special circumstances of the parties' relationship, such as when one party justifiably places trust in another so that the latter gains superiority and influence over the former. | Can a fiduciary relationship arise from attorney-client relationships? | Principal and Agent - Memo 484 - RK_63969.docx | ROSS-003309656-ROSS-003309657 |
| McInness v. Wilson Printing Co., 258 Ill. App. 161 | 413+101 | The extrahazardous employments specified in Workmen's Compensation Act, have reference only to right to compensation under act, and do not fix standard for any other purpose. S.H.A. ch. 48, S 138 et seq. | Does the compensation act define what employment shall be deemed extra hazardous? | Workers' Compensation - Memo #621 - C - ANC_63842.docx | ROSS-003293327-ROSS-003293328 |
| Banca Italiana Di Sconto v. Columbia Counter Co., 252 Mass. 552 | 8.30E+11 | Maker ordinarily bound under laws of place where note payable. | Is the maker of a note bound by the law of the place where the note is payable? | Bills and Notes - Memo 1393 - JK_64834.docx | ROSS-003322114-ROSS-003322115 |
| Hill v. Bartlette, 181 S.W.3d 541 | 156+52(4) | Equitable estoppel arises only in situations where one party has refused to do what he or she has a duty to do. | Can estoppel arise only when a party has refused to do that which he or she has a duty to do? | 017868.docx | LEGALEASE-00159329-LEGALEASE-00159330 |
| Gen. Tel. Co. of Nw. v. City of Bothell, 105 Wash. 2d 579 | 183+2 | Power to grant franchises is a sovereign power resting in state, although state may delegate such power to cities. | Is power to grant a franchise a sovereign power? | 018484.docx | LEGALEASE-00159780-LEGALEASE-00159782 |
| Porto Rico Ry., Light & Power Co. v. Colom, 106 F.2d 345 | 183+4 | Public utility franchises, which by their terms are not exclusive or do not grant a monopoly in the franchise territory, do not entitle their holders to be free from competition. | Does holder of nonexclusive franchise get a monopoly? | 018506.docx | LEGALEASE-00160024-LEGALEASE-00160025 |
| Syracuse Rural Fire Dist. v. Pletan, 254 Neb. 393 | 183+1 | "Franchise" is property or a vested right, protected by the Constitution that, if accepted and acted on, does create a contract. | Is a franchise a vested right? | Franchises - Memo 16 - KNR_65688.docx | ROSS-003295049-ROSS-003295050 |
| Estate of Handy v. R.L. Vallee, 993 F. Supp. 236 | 29T+270(2) | Under Petroleum Marketing Practices Act (PMPA), franchise must involve direct contractual relationship between parties. Petroleum Marketing Practices Act, S 101 et seq., 15 U.S.C.A. S 2801 et seq. | Does a franchise involve a contractual relationship between parties? | Franchises - Memo 18 - KNR_65690.docx | ROSS-003298324-ROSS-003298325 |
| Han v. Mobil Oil Corp., 73 F.3d 872 | 29T+270(2) | Under Petroleum Marketing Practices Act (PMPA), "franchise relationship" is entity separate from, but defined by, "franchise," or contractual arrangement existing between the parties. Petroleum Marketing Practices Act, S 101(2), 15 U.S.C.A. S 2801(2). | Does a franchise involve a contractual relationship between parties? | 018552.docx | LEGALEASE-00159463-LEGALEASE-00159464 |
| Shearson/Am. Exp. v. First Cont'l Bank & Tr. Co., 579 F. Supp. 1305 | 309+59 | Under Kansas law, surety bond is treated as contract for insurance, and bond is subject to same rules of construction that apply to insurance contracts. | Are surety bonds considered as insurance policy? | Insurance - Memo 53 - SNJ.docx | LEGALEASE-00049465-LEGALEASE-00049466 |
| Shafer v. Randolph, 99 Pa. 250 | 289+472 | One who holds himself out or knowingly permits himself to be held out as a partner, on the faith of which others give credit to the firm, will be held liable as such. | "Can there be instances where a person is not a partner, but holds himself out as a partner, and is considered to be one?" | 022550.docx | LEGALEASE-00160246-LEGALEASE-00160247 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Crouch v. Bowman, 22 Tenn. 209 | 289+639 | Every partner is the agent of the partnership, may transact business in its name, and in all simple contracts relating to the business of the partnership he may bind the members of the firm; but in order to do this he must act in the name of the firm and in signing notes, bills, &c. he must subscribe the name or style by which they are known as a firm, and in which they do business. | "Does the act by a partner have to be done in the name of the firm, in order to bind the firm?" | Partnership - Memo 496 - SB_64858.docx | ROSS-003292293-ROSS-003292294 |
| Capelle v. Makowski, 93 Misc. 2d 436 | 371+2100 | Fact that tax is more burdensome to some than others will not invalidate tax which legislature has determined to be necessary, and the fact that the tax imposed is a regressive one. | "What is a ""regressive tax""?" | 046189.docx | LEGALEASE-00159736-LEGALEASE-00159737 |
| City of S. San Francisco v. Bd. of Equalization, 181 Cal. Rptr. 3d 656 | 371+3602 | Under California Sales and Use Tax Law, in essence, a "sales tax" is a tax on the freedom of purchase and a "use tax" is a tax on the enjoyment of that which was purchased. Cal. Rev. & Tax. Code S 6001 et seq. | "Is a ""sales tax"" a tax on the freedom of purchase, while a ""use tax"" is a tax on the enjoyment of that which was purchased?" | 046217.docx | LEGALEASE-00159809-LEGALEASE-00159810 |
| Xerox Corp. v. Cty. of Orange, 66 Cal. App. 3d 746 | 371+3602 | Sales tax law imposes a tax at a fixed rate upon the gross receipts and not on the individual sales, and fact that law authorizes a bookkeeping method to compute the amount of tax separately from the sales price does not change the character of the tax. West's Ann.Rev. & Tax.Code, S 6051. | Does the sales tax law imposes a tax at a fixed rate upon the gross receipts? | 046290.docx | LEGALEASE-00160158-LEGALEASE-00160159 |
| Headwaters v. Forsgren, 219 F. Supp. 2d 1121 | 411+8 | Notwithstanding absence of reference that proposed sale of timber from national forest land would comply with forest management plan developed pursuant to National Forest Management Act (NFMA), the record showed that Forest Service considered issue of soil compaction in evaluating proposed sale, decision to use helicopter to remove harvested logs and to use existing roads and landings mitigated those concerns, and finding in decision notice indicating that sale was consistent with forest plan contained implicit finding that sale's soil compaction requirements were consistent with forest plan; therefore, Forest Service complied with NFMA with respect to soil compaction requirements in approving sale. Forest and Rangeland Renewable Resources Planning Act of 1974, S 2 et seq., as amended, 16 U.S.C.A. S 1600 et seq. | What are the requirements imposed by the Forest Act? | 047661.docx | LEGALEASE-00159827-LEGALEASE-00159828 |
| Kendall v. State, 429 Md. 476 | 413+103 | The Workmen's Compensation Act applies to the State only when the State is engaged in some of the enterprises declared by Section 3 of that Act, S.H.A. ch. 48, S 139, to be extrahazardous. | Does a state employee come under the Workmens Compensation Act if the employee is not engaged in one of the extra-hazardous occupations enumerated in Section 3 of the Act? | Workers' Compensation - Memo 666 - C - ANC_64586.docx | ROSS-003294064-ROSS-003294065 |
| Clark v. Searight, 135 Pa. 173 | 8.30E+10 | A promissory note not made payable elsewhere is payable at the place where it was made, and bears interest according to the law of the latter place. | Under what law is interest allowed when it is made payable at a particular place? | Bills and Notes -Memo 1377-JK_66279.docx | ROSS-003294416-ROSS-003294417 |
| Clark v. Searight, 135 Pa. 173 | 8.30E+10 | A promissory note not made payable elsewhere is payable at the place where it was made, and bears interest according to the law of the latter place. | According to what law is interest allowed on a promissory note? | Bills and Notes -Memo 1386- JK_66286.docx | ROSS-003318996-ROSS-003318997 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| City of Miamisburg v. Smith, 5 Ohio App. 3d 109 | 324+10 | Trial court did not abuse its discretion in sentencing defendant to six months in jail and a $250 fine on each of three counts of receiving stolen property under $150, suspending 120 days' incarceration on each count and placing defendant on a probation of one year, in that sentence imposed was well within parameters of criminal statute and statute establishing criteria for sentencing misdemeanants. R.C. SS 2929.12, 2929.22. | Under what circumstances would a court abuse its discretion in imposing a sentence? | Bribery - Memo 1067 - C - ML_65552.docx | ROSS-003279404 |
| Dayner v. Archdiocese of Hartford, , 2009 WL 865740 | 92+1368(1) | The ministerial exception in the First Amendment did not bar the court from hearing the case. The former principal of a religious school brought suit against the school after she was terminated, allegedly, in retaliation of an action she took. The school asserted that the ministerial exception to judicial authority precluded the court from adjudicating employment disputes between religious institutions and their religious leaders. The disputes in this case did not intrude into purely religious matters or issues of church governance. U.S.C.A. Const. Amend. 1 . | Does the Free Exercise Clause bar court adjudication of such disputes where the religious affiliation of the institution or business is not pervasive or the duties of the employee? | Education - Memo 334 - C - KS.docx | LEGALEASE-00050548-LEGALEASE-00050549 |
| Conseco Fin. Servicing Corp. v. Wilder, 47 S.W.3d 335 | 156+52.10(2) | A waiver may be either express or implied, although waiver will not be inferred lightly. | May a waiver either be express or implied? | Estoppel - Memo 246 - C - CSS_65222.docx | ROSS-003293359-ROSS-003293360 |
| Potter v. Moran, 61 Mich. 60 | 200+177 | Racing along a highway is itself such an act of negligence as to make the racing parties responsible for a collision caused thereby. | Is racing an act of negligence in itself? | 018788.docx | LEGALEASE-00161637-LEGALEASE-00161638 |
| Town of Hustisford v. Knuth, 190 Wis. 495 | 200+86 | Abutting owners may make such reasonable use of fee to highway as does not interfere with public right. | Who does the fee to a highway remain with? | 018835.docx | LEGALEASE-00161759-LEGALEASE-00161760 |
| Lower Nueces River Water Supply Dist. v. Live Oak Cty., 312 S.W.2d 696 | 64+7 | Roads and bridges of state, although constructed by county, are property of state and not county. | Are the roads and bridges of the State constructed by a County the property of the State? | Highways - Memo 462 - RK.docx | LEGALEASE-00050778-LEGALEASE-00050779 |
| Am. Ins. Co. v. Saulnier, 242 F. Supp. 257 | 217+1001 | Function of policy is to divide economic duty to make reparation to injured party, not to keep the peace. | What is the function of an insurance policy offered by an insurance company? | 019528.docx | LEGALEASE-00161573-LEGALEASE-00161574 |
| Madrid v. Alpine Mountain Corp., 2011 PA Super 117 | 307A+697 | Plaintiffs' ignorance of the procedural rule that required a timely filing of a petition to open a judgment non pros did not constitute a reasonable explanation for their failure to comply, and thus, trial court's denial of plaintiffs' request to open judgment non pros did not constitute an abuse of discretion. Rules Civ.Proc., Rule 3051, 42 Pa.C.S.A. | What are factors which must be present in order to open a non pros judgment? | 040078.docx | LEGALEASE-00160733-LEGALEASE-00160734 |
| Barragan v. Banco BCH, 188 Cal. App. 3d 283 | 307A+695 | Motion to dismiss may be substituted for demurrer as first pleading, and if denied, it is treated as demurrer overruled without leave to amend. | Can a motion to dismiss be substituted for demurrer as a first pleading? | 040332.docx | LEGALEASE-00161098-LEGALEASE-00161099 |
| Charlie Brown Const. Co. v. Leisure Sports Inc., 740 P.2d 1368 | 307A+587 | Trial court did not abuse its discretion by dismissing suit with prejudice on the merits for failure to prosecute; trial court provided plaintiffs an opportunity to be heard and to do justice, and plaintiffs nevertheless abused their opportunity through dilatory conduct. Rules Civ.Proc., Rule 41(b). | Is the dismissal for failure to prosecute a decision within the broad discretion of the trial court? | Pretrial Procedure - Memo 11720 - C - NE_65437.docx | ROSS-003294316-ROSS-003294317 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Citizens' Sav. & Loan Ass'n v. City of Topeka, 87 U.S. 655 | 371+2003 | The power to tax is the strongest and most pervading of all powers of government reaching directly or indirectly to all classes of the people. | What is the most pervading power of government? | 046310.docx | LEGALEASE-00160723-LEGALEASE-00160724 |
| Hampton v. Marvin, 105 N.H. 34 | 371+2003 | Power of taxation is attribute of sovereignty belonging to people and, under Constitution, is vested in Legislature. Const. pt. 2, art. 2. | Is the power of taxation vested in the legislature? | Taxation - Memo 1155 - C - JL_65488.docx | ROSS-003292523-ROSS-003292524 |
| Brown v. State of La., 383 U.S. 131 | 3.77E+10 | When a communication of a threat is done to terrorize another, the crime of making terroristic threats is complete. West's Ga.Code Ann. S 16-11-37(a). | When is the crime of making terroristic threats complete? | "Threats, Stalking and Harassment - Memo 201 - C - LB_65501.docx" | ROSS-003280064 |
| Guernsey v. Imperial Bank of Canada, 188 F. 300 | 8.30E+14 | The manner of giving and sufficiency of notice of dishonor is governed by the laws of the place where the note is payable. | Which law governs the manner of giving notice? | Bills and Notes - Memo 1323 - RK_66226.docx | ROSS-003283221-ROSS-003283222 |
| Wade v. Darring, 511 S.W.2d 320 | 8.30E+10 | Where note under which endorsers brought action against makers was made payable in North Carolina, laws of North Carolina governed subsequent liability of the parties. | Which law governs the substantive liability of the parties? | Bills and Notes - Memo 1327 - RK_66230.docx | ROSS-003306992 |
| Thorp, Smith & Hanchett v. Craig, 10 Iowa 461 | 83E+675 | The law of the place where a bill of exchange is payable governs as to the allowance of days of grace. | Which law governs the days of grace upon the check? | 009200.docx | LEGALEASE-00162656-LEGALEASE-00162657 |
| Bryant v. United States, 565 F.2d 650 | 141E+802 | In New Mexico, school authorities have duty to exercise ordinary care in protecting and supervising students while they are on school grounds, but do not have responsibility for protective supervision at all places and under all circumstances. | Do school authorities have a responsibility for supervision at all places and all circumstances? | 017282.docx | LEGALEASE-00162148-LEGALEASE-00162149 |
| Hahn v. Oregon Physicians Serv., 689 F.2d 840 | 217+1712 | Insurance is a contractual relationship which exists when an insurer, for consideration, agrees to reimburse an insured for loss cause by designated contingencies; the underwriting and subsequent spreading of the policyholder's risk is the primary element of the insurance contract. | What are the primary elements of an insurance contract? | 019649.docx | LEGALEASE-00162130-LEGALEASE-00162131 |
| Nat'l City Mortg. Co. v. Navarro, 220 F.R.D. 102 | 170A+825 | Motions to dismiss and for summary judgment do not qualify as "responsive pleadings" within meaning of civil rule permitting amendment of pleading once as matter of course at any time before responsive pleading is served. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A. | Is a motion to dismiss a responsive pleading or a pleading under the rules? | 040144.docx | LEGALEASE-00162138-LEGALEASE-00162139 |
| Rizzo v. City of Philadelphia, 668 A.2d 236 | 268+956(1) | Crucial factor in determining whether municipal charge for services constitutes valid regulatory fee, rather than unlawful tax, is whether charge is intended to cover cost of administering regulatory scheme or providing service. | Are taxes distinguishable from license fees because they are revenue-producing measures authorized under the taxing power of government? | Taxation - Memo 1021 - C - JL_66473.docx | ROSS-003281643-ROSS-003281644 |
| State ex rel. Agard v. Riederer, 448 S.W.2d 577 | 371+2003 | Power to tax is an extraordinary one and must be based on specific or clearly implied authority. V.A.M.S.Const. art. 10, S 1. | Under what condition can the power to tax be based on implication? | 046350.docx | LEGALEASE-00161980-LEGALEASE-00161981 |
| Ray v. Bd. of Comm'rs of Doniphan Cty., 173 Kan. 859 | 371+2801 | The entire matter of taxation, including levy and collection of taxes, does not exist apart from statute. | Is the entire matter of taxation statutory? | 046356.docx | LEGALEASE-00161995-LEGALEASE-00161996 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Miller v. City of Fairhope, 855 So. 2d 1139 | 3.77E+24 | "Fighting words," for purposes of harassment statute, are those words which have likelihood of causing violent response by person to whom they are addressed; they are words that, by their very utterance, provoke swift physical retaliation and incite immediate breach of peace. Code 1975, S 13A-11-8(a). | What are fighting words for the purposes of the harassment statute? | 046957.docx | LEGALEASE-00162160-LEGALEASE-00162161 |
| Haret v. State Acc. Ins. Fund Corp., 72 Or. App. 668 | 413+1042.1 | Workers' Compensation Law is complete statement of parties' rights and obligations: Act provides for penalty and attorney fees which are exclusive consequences. ORS 656.018, 656.262(10), 656.268(4). | Does workers compensation provide for penalty and attorney fees? | 048620.docx | LEGALEASE-00162400-LEGALEASE-00162401 |
| State of Ohio ex rel. Squire v. Eubank, 295 Mich. 230 | 8.30E+10 | In case of a note, place of contracting is where note is first delivered for value. | Is the place where the note is first delivered for value the place of contracting? | Bills and Notes - Memo 1366 - RK_66267.docx | ROSS-003279438-ROSS-003279439 |
| Kelly v. Cent. Bank & Tr. Co. of Denver, 794 P.2d 1037 | 172H+617 | When a depository bank's customer and the check payee are not the same person, a depository bank cannot supply a missing endorsement of the payee, and payment of such check proceeds to its depositor subjects the depository bank to liability for conversion. C.R.S. 4-1-201(20), 4-3-110(1), 4-3-201(3), 4-3-201 comment, 4-3-202(1), 4-3-307(2), 4-3-307 comment, 4-3-419(1)(c), 4-4-205, 4-4-205(1). | Can the depository bank supply a missing endorsement? | 009968.docx | LEGALEASE-00162833-LEGALEASE-00162834 |
| Adams v. United States, 117 Fed. Cl. 628 | 34+101.1 | Interpretive doubt regarding the reading of a statute pertaining to veterans is to be resolved in the veteran's favor. | Are statutes pertaining to veterans to be construed in the veterans' favor? | 008811.docx | LEGALEASE-00163897-LEGALEASE-00163899 |
| Adams v. United States, 117 Fed. Cl. 628 | 34+101.1 | Interpretive doubt regarding the reading of a statute pertaining to veterans is to be resolved in the veteran's favor. | Are statutes pertaining to veterans to be construed in the veterans' favor? | Armed Services - Memo 341 - RK_1.docx | LEGALEASE-00052648-LEGALEASE-00052650 |
| Winslow v. United States, 147 F.2d 157 | 241+72(1) | The Veterans' Act provision that infants shall have three years in which to bring suit after removal of their disabilities and war risk policies do not confer two rights, but infant beneficiary's interest in policy is derived from that of the insured veteran. World War Veterans' Act SS 19, 305, as amended, 38 U.S.C.A. SS 784(a-h), 759. | Is a beneficiary's interest in a policy derivative from that of the veteran? | 008844.docx | LEGALEASE-00163910-LEGALEASE-00163911 |
| Summe v. Kenton Cty. Clerk's Office, 626 F. Supp. 2d 680 | 78+1376(10) | Even if the dismissal of a chief deputy to a county clerk was not subject to political patronage dismissal, the clerk would have been entitled to qualified immunity in his individual capacity on the chief deputy's S 1983 claim of a First Amendment violation, as the law was not clearly established as to dismissals of such number two positions. U.S.C.A. Const.Amend. 1; 42 U.S.C.A. S 1983. | Are patronage dismissals of deputy court clerks unconstitutional? | 013555.docx | LEGALEASE-00164110-LEGALEASE-00164111 |
| Alken v. Lerner, 485 F. Supp. 871 | 83H+1 | Regulation of the commodity futures industry is essentially a federal concern. Commodity Exchange Act, S 1 et seq. as amended 7 U.S.C.A. S 1 et seq. | Is the regulation of the commodities futures industry a federal concern? | 013642.docx | LEGALEASE-00164164-LEGALEASE-00164165 |
| Comm'r of IRS v. Estate of Sanders, 834 F.3d 1269 | 135+2 | While a person may have only one domicile at a time, a person may have multiple residences simultaneously. | "Can an individual have multiple residences, but only one domicile as a basis for personal jurisdiction?" | 014548.docx | LEGALEASE-00164174-LEGALEASE-00164175 |
| In re Murrin, 461 B.R. 763 | 135+2 | "Domicile" and "residence" are not synonymous; person can reside in one place while being domiciled in a different place. | Can a person reside in one place while being domiciled in a different place? | Domicile - Memo 46 - C - AJ_67125.docx | ROSS-003295285-ROSS-003295286 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Gaines, 2003 WL 22966190 | 135H+97 | Allowing retrial of murder defendant following mistrial did not constitute plain error; although defendant contended double jeopardy clause barred retrial, trial court's finding that mistrial was warranted based on references to defendant's criminal record did not require conclusion that state goaded defendant into requesting mistrial and, on retrial, state assured court that witnesses were instructed not to mention defendant's criminal history. U.S.C.A. Const.Amend. 5. | Are there no double jeopardy considerations when a mistrial is declared? | Double Jeopardy - Memo 355 - C - SHS_66633.docx | ROSS-003282594-ROSS-003282595 |
| Hedged Inv. Partners v. Norwest Bank Minnesota, N.A., 578 N.W.2d 765 | 156+52.10(3) | Course-of-conduct waiver is based on the theory of estoppel and requires detrimental reliance. | Is course-of-conduct waiver based on the theory of estoppel? | Estoppel - Memo 282 - C - CSS_66554.docx | ROSS-003283279-ROSS-003283280 |
| In re Farley, 237 B.R. 702 | 195+5 | Under Ohio law, there can be no liability upon part of guarantor if there is no valid obligation against principal debtor. | Is a guarantor liable to pay a debt which a principal debtor is not bound to pay? | 018622.docx | LEGALEASE-00163621-LEGALEASE-00163622 |
| Dye v. State, 127 Miss. 492 | 203+535 | An instruction for the state defining "malice aforethought" as "the felonious design or purpose to effect the death of the person killed" is erroneous, for in this state "malice aforethought" is equivalent to "premeditated design," or "deliberate design." | Is malice aforethought equivalent to premeditated design or deliberate design? | Homicide - Memo 184 - RK_66927.docx | ROSS-003285138 |
| Com. v. O'Neil, 67 Mass. App. Ct. 284 | 3.77E+06 | Statute creating offense of criminal harassment was intended to address stalking behaviors, and to protect victims of harassment before that behavior escalates into more dangerous conduct. M.G.L.A. c. 265, S 43A(a). | What was the statute creating the offense of criminal harassment intended to provide victims with a remedy for? | 046993.docx | LEGALEASE-00163399-LEGALEASE-00163400 |
| Bamberger Rosenheim, Ltd., (Israel) v. OA Dev., (United States), 862 F.3d 1284 | 25T+201 | Disputes over the interpretation of forum selection clauses in arbitration agreements raise presumptively arbitrable procedural questions intended for arbitrators, not courts, to decide; such clauses determine where an arbitration is conducted, not whether there is a contractual duty to arbitrate at all. | Do courts have the jurisdiction to enforce a forum selection clause in a valid arbitration agreement that has been disregarded by the arbitrators? | Alternative Dispute Resolution - Memo 888 - RK.docx | LEGALEASE-00054024-LEGALEASE-00054026 |
| Brown v. Mut. of New York Life Ins. Co., 213 F. Supp. 2d 667 | 135+2 | Domicile, more than where the party resides, is the place a person calls home; thus, when determining a party's domicile, a court looks to such factors as where the person resides, where he works, goes to school, pays his taxes, is registered to vote, the place of his drivers license, and location of family, among others. | "Is a domicile, more than where the party resides, the place a person calls home?" | Domicile - Memo 72 - C - NSY_67151.docx | ROSS-003310577-ROSS-003310578 |
| State v. Marr, 673 A.2d 452 | 135H+59 | In nonjury case jeopardy does not attach until evidence is presented on issue of guilt or innocence. U.S.C.A. Const.Amend. 6. | Does a jeopardy attach once evidence has been presented? | Double Jeopardy - Memo 992 - C - PC_67723.docx | ROSS-003294566-ROSS-003294567 |
| Robbins v. Magee, 76 Ind. 381 | 156+54 | A party acting in excusable ignorance of a material fact is not thereby estopped. | Is a person who acts in excusable ignorance of a material fact estopped? | Estoppel - Memo 322 - C - CSS_67204.docx | ROSS-003278935-ROSS-003278936 |
| Denton v. Moser, 241 N.W.2d 28 | 233+893 | A farm tenancy may be terminated by agreement of the parties, by proof of estoppel or by waiver; in such an event, statute requiring written notice of termination has no application. I.C.A. SS 562.6, 562.7. | Can farm tenancies be terminated by estoppel? | 021034.docx | LEGALEASE-00164957-LEGALEASE-00164958 |
| Midway Motor Lodge of Brookfield v. Hartford Ins. Grp., 226 Wis. 2d 23 | 302+71 | Ad damnum clause is not a substantive part of the complaint; it is nothing more than an "asking price." | Is the ad damnum clause a substantive part of the complaint? | 023976.docx | LEGALEASE-00164793-LEGALEASE-00164794 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Matter of Swagerty, 383 P.3d 454 | 135H+1 | "Double jeopardy" is a constitutional limitation on the power of the court to place a person in jeopardy multiple times for the same offense. U.S. Const. Amend. 5. | What is the definition of Double Jeopardy? | 041030.docx | LEGALEASE-00164397-LEGALEASE-00164398 |
| Ex parte Anthony, 931 S.W.2d 664 | 135H+5.1 | Like Federal Constitution, double jeopardy clause of State Constitution protects against multiple punishments for same offense. U.S.C.A. Const.Amend. 14; Vernon's Ann.Texas Const. Art. 1, S 14. | What are the constitutional protections double jeopardy provides? | Pretrial Procedure - Memo 12195 - C - AC.docx | LEGALEASE-00054589-LEGALEASE-00054590 |
| Collins v. Union Cty. Jail, 150 N.J. 407 | 352H+79 | Severe mental anguish can satisfy "serious bodily harm" element for first-degree rape. N.J.S.A. 2C:14-1, subd. f. | When will a mental injury become an element of rape? | Sex Offenses - Memo 24 - RK.docx | LEGALEASE-00054693-LEGALEASE-00054694 |
| Casino Reinvestment Dev. Auth. v. Atl. City, 18 N.J. Tax 463 | 371+2311 | Tax exemptions in favor of governmental agencies should be liberally construed. | How should the tax exemptions in favor of governmental agencies be construed? | 046431.docx | LEGALEASE-00164525-LEGALEASE-00164526 |
| Serv. Am. Corp. v. Cty. of San Diego, 15 Cal. App. 4th 1232 | 371+2311 | Property owned by governmental entities is generally exempt from taxation. | Are properties owned by governmental entities exempt from taxation? | Taxation - Memo 1248 - C - SS_67233.docx | ROSS-003283466-ROSS-003283467 |
| Easley v. City of Lincoln, 213 Neb. 450 | 371+2311 | Ordinarily, public property is exempt from general purpose taxation. | Is a public property exempt from the general taxation purposes? | 046477.docx | LEGALEASE-00164695-LEGALEASE-00164696 |
| United States v. Scott, 437 U.S. 82 | 135H+96 | Where a defendant successfully seeks to avoid his trial prior to its conclusion by a motion for mistrial, the double jeopardy clause is not offended by a second prosecution; such a motion by defendant is deemed to be a deliberate election on his part to forego his valued right to have his guilt or innocence determined before the first trier of fact. U.S.C.A.Const. Amend. 5. | Will a second trial after an acquittal wear down the defendant? | 015611.docx | LEGALEASE-00166090-LEGALEASE-00166091 |
| State v. Blackshere, 344 S.W.3d 400 | 135H+100.1 | When a trial ends in an acquittal, the defendant may not be tried again for the same offense. U.S.C.A. Const.Amend. 5. | "When a trial ends in an acquittal, can the defendant not be tried again for the same offense?" | Double Jeopardy - Memo 480 - C - TJ_68259.docx | ROSS-003282709-ROSS-003282710 |
| Fant v. State, 881 S.W.2d 830 | 135H+25 | In analyzing whether state forfeiture statute is remedial or punitive for purposes of double jeopardy clause, court must determine first whether state legislature intended for proceedings under statute to be civil or criminal, and second, whether proceedings are so punitive in fact that forfeiture proceedings may not legitimately be viewed as civil in nature in spite of legislature's intent. U.S.C.A. Const.Amend. 5; Vernon's Ann.Texas Const. Art. 1, S 14; Vernon's C.C.P. art. 59.01 et seq. | "Is in rem civil forfeiture a remedial civil sanction, distinct from potentially punitive in personam civil penalties such as fines?" | 016187.docx | LEGALEASE-00165499-LEGALEASE-00165500 |
| People v. Burtron, 376 Ill. App. 3d 856 | 135H+1 | The government may not put a defendant in jeopardy twice for the same offense. U.S.C.A. Const.Amend. 5. | Can a government put a defendant in jeopardy twice for the same offense? | 016559.docx | LEGALEASE-00165377-LEGALEASE-00165378 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Norwegian Twp. v. Schuylkill Cty. Bd. of Assessment Appeals, 74 A.3d 1124 | 371+2394 | Substantial evidence supported the trial court's conclusion that Board of Assessment Appeals failed to meet its burden to prove taxability of township's property; sole evidence that the Board placed into record was tax assessment record card and picture of the property, establishing only that the property was currently vacant, and township produced ample evidence to show that property was actually and regularly being used for public purpose and to support court's finding that property was available to public for recreational activities, had been used by township to benefit public, and that township had made good-faith effort to develop the land for a park or playground, and though not required for property to be tax-immune/exempt, court also found that the township made a good-faith effort to develop the property. Const. Art. 8, S 2. | "Is a government-owned property taxable, if it is being used for a public purpose?" | Taxation - Memo 1281 - C - SC_68460.docx | ROSS-003323926-ROSS-003323927 |
| Salomon Forex v. Tauber, 8 F.3d 966 | 83H+12 | Commodities Exchange Act was aimed at manipulation, speculation, and other abuses that could arise from trading futures contracts and options, as distinguished from commodity itself, and Congress never purported to regulate "spot transactions" (transactions for immediate sale and delivery of commodity) or "cash forward transactions" (in which commodity is presently sold but its delivery is, by agreement, delayed or deferred). Commodity Exchange Act, S 2(a)(1)(A), as amended, 7 U.S.C.A. S 2. | What system has Commodity Exchange Act established? | Commodity Futures Trading Regulation - Memo 43 - C - JL_68687.docx | ROSS-003281114-ROSS-003281115 |
| Com. v. Lowder, 432 Mass. 92 | 135H+100.1 | When a defendant has been put in jeopardy for an offense and acquitted, he may not be retried for that offense. U.S.C.A. Const.Amend. 5. | "When a defendant has been put in jeopardy for an offense and acquitted, can he not be retried for that offense?" | Double Jeopardy - Memo 550 - C - KG_68329.docx | ROSS-003294996-ROSS-003294997 |
| United States v. Armco Steel Corp., 252 F. Supp. 364 | 135H+95.1 | Generally, jeopardy does not attach when the fault was not with the prosecuting attorney nor with the defendant. U.S.C.A.Const. Amend. 5. | Does jeopardy not attach when the fault was not with the prosecuting attorney nor with the defendant? | 015816.docx | LEGALEASE-00166585-LEGALEASE-00166586 |
| State v. Musumeci, 717 A.2d 56 | 135H+96 | As a general rule, double jeopardy bar does not preclude a second trial when a defendant requests a mistrial. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 7. | Are there circumstances in which a mistrial does not preclude a second trial? | 015828.docx | LEGALEASE-00166599-LEGALEASE-00166600 |
| Tropical Jewelers v. NationsBank, N.A. (S.), 781 So. 2d 381 | 349A+10 | Under Florida's version of Uniform Commercial Code (UCC), guarantors are not excluded from definition of "debtor," as used in secured transaction provisions, under portion of statute defining debtor as "owner of the collateral in any provision of the chapter dealing with the collateral, the obligor in any provision dealing with the obligation," or both in circumstances in which debtor and owner of collateral are not the same person; rather, such portion of statute deals with situation in which borrower takes loan and third person puts up collateral. West's F.S.A. S 679.105(1)(d). | "Are guarantors not excluded from a definition of debtor, as used in secured transaction provisions?" | 042649.docx | LEGALEASE-00166947-LEGALEASE-00166948 |
| In re Trusty, 189 B.R. 977 | 349A+10 | Under Alabama law, "rent-to-own" agreements do not create security agreements and are not sales contracts. Ala.Code 1975, SS 8-25-1 to 8-25-6. | Do rent to own agreements not create security agreements and are not sales contracts? | 042686.docx | LEGALEASE-00167065-LEGALEASE-00167066 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ctr. for Molecular Med. & Immunology v. Twp. of Belleville, 19 N.J. Tax 342 | 371+2311 | In order to qualify for the real property tax exemption applicable to public property, the taxpayer must demonstrate that the property in question is used for a public purpose; this requirement is, however, accorded a liberal construction, one which is reasonably broad enough to encompass legislative aims. N.J.S.A. 54:4-3.3. | Does privately-held leasehold interests in public-owned real property subject to taxation? | 046524.docx | LEGALEASE-00166502-LEGALEASE-00166503 |
| First Main St. Corp. v. Bd. of Assessors of Acton, 49 Mass. App. Ct. 25 | 371+2016 | Doubts regarding existence of right to tax are resolved in favor of the taxpayer. | In whose favor are the doubts regarding existence of right to tax resolved? | Taxation - Memo 1321 - C - SC_68515.docx | ROSS-003293545-ROSS-003293546 |
| Sturbridge Home Builders v. Downing Seaport, 890 A.2d 58 | 156+52.10(2) | Waiver is the voluntary, intentional relinquishment of a known right; it results from action or nonaction. | Does waiver result from action or nonaction? | 018132.docx | LEGALEASE-00167334-LEGALEASE-00167335 |
| Com. v. McDonald, 462 Mass. 236 | 3.77E+25 | "Wilful conduct" for purposes of criminal harassment is that which is intentional rather than accidental; it requires no evil intent, ill will, or malevolence. M.G.L.A. c. 265, S 43A(a). | "What is ""willful conduct"" for the purposes of criminal harassment?" | 046794.docx | LEGALEASE-00167364-LEGALEASE-00167365 |
| Frunzar v. Allied Prop. & Cas. Ins. Co., 548 N.W.2d 880 | 21+18 | Professional statements of litigant's attorney are treated as affidavits, and attorney making statement may be cross-examined regarding substance of statement. | Do professional statements have the effect of an affidavit? | 07305.docx | LEGALEASE-00077613-LEGALEASE-00077614 |
| Lackawanna Chapter of Ry. & Locomotive Historical Soc. v. St. Louis Cty., Mo., 497 F.3d 832 | 50+2 | In the absence of a formal agreement, an indefinite bailment arises under Missouri law from the relationship between a lender and a museum and is terminable at will. | Is a formal agreement required for a bailment? | 06669.docx | LEGALEASE-00079145-LEGALEASE-00079147 |
| People v. Williams, 128 Ill. App. 3d 384 | 92+3419 | The legislature's determination that a more severe penalty was needed to deter men from committing aggravated incest than was needed to deter women, and that men most often, if not exclusively, commit the offense, was not arbitrary, irrational, or unreasonable, and aggravated incest statute did not offend equal protection clause. U.S.C.A.Const. Amend. 14; S.H.A.Const.1970, art. 1, S 18; S.H.A. ch. 38, SS 11-10, 11-11. | Are incest sentences more stringent on men than on women? | 05836.docx | LEGALEASE-00080849-LEGALEASE-00080850 |
| Adams v. Adams, 166 So.3d 1066 | 20+37 | "Disseisin" occurs when the true owner of real property is deprived of possession or displaced by someone exercising the powers and privileges of ownership. | When does Disseisin occur? | 05860.docx | LEGALEASE-00080875-LEGALEASE-00080877 |
| Bucca v. State, 43 N.J. Super. 315 | 207+5 | Where uncle, who was New Jersey resident, married his niece, who was daughter of uncle's sister, in Italy under dispensation authorized by Italian law, uncle, who sought to bring the niece to New Jersey, would not be entitled to full recognition of such Italian marriage under New Jersey law, and therefore, uncle's cohabitation with niece in New Jersey would constitute incest. N.J.S. 2A:114-1, N.J.S.A.; R.S. 37:1-1, N.J.S.A. | Does marriage between uncle and niece is a crime of incest? | 13358.docx | LEGALEASE-00081409-LEGALEASE-00081410 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bucca v. State, 43 N.J. Super. 315 | 207+5 | Where uncle, who was New Jersey resident, married his niece, who was daughter of uncle's sister, in Italy under dispensation authorized by Italian law, uncle, who sought to bring the niece to New Jersey, would not be entitled to full recognition of such Italian marriage under New Jersey law, and therefore, uncle's cohabitation with niece in New Jersey would constitute incest. N.J.S. 2A:114-1, N.J.S.A.; R.S. 37:1-1, N.J.S.A. | Does marriage between uncle and niece is a crime of incest? | 10819.docx | LEGALEASE-00081457-LEGALEASE-00081458 |
| Worden v. Smith, 178 Wash. App. 309 | 366+1 | The purpose of the doctrine of equitable subrogation is to avoid a person's receiving an unearned windfall at the expense of another. | What is the purpose of the doctrine of equitable subrogation? | 07779.docx | LEGALEASE-00081910-LEGALEASE-00081912 |
| Worden v. Smith, 178 Wash. App. 309 | 366+1 | The purpose of the doctrine of equitable subrogation is to avoid a person's receiving an unearned windfall at the expense of another. | What is the purpose of the doctrine of equitable subrogation? | 06504.docx | LEGALEASE-00081960-LEGALEASE-00081962 |
| Worden v. Smith, 178 Wash. App. 309 | 366+1 | The purpose of the doctrine of equitable subrogation is to avoid a person's receiving an unearned windfall at the expense of another. | What is the purpose of the doctrine of equitable subrogation? | 14760.docx | LEGALEASE-00081985-LEGALEASE-00081987 |
| U.S. ex rel. Rongetti v. Neelly, 207 F.2d 281 | 24+107 | Burden of proof in establishing alienage in deportation proceedings is on the government. | Who bears the burden of proof in establishing alienage in deportation proceedings? | Aliens_Immigration and Citizenship- Memo 3 - RK.docx | ROSS-003325636-ROSS-003325637 |
| In re Cox Enterprises Set-top Cable Television Box Antitrust Litig., 790 F.3d 1112 | 366+1 | Where a writing fails, Kansas law recognizes equitable subrogation based upon unjust enrichment. | Do Courts recognize equitable subrogation? | Subrogation - Memo 386 - RM C.docx | ROSS-003298609-ROSS-003298611 |
| Serpas v. Schmidt, 621 F. Supp. 734 | 216+5 | Individual operating within a highly regulated industry can have no reasonable expectation of privacy as to administrative inspections. U.S.C.A. Const.Amend. 4. | Is an individual operating within a highly regulated industry bound to administrative inspection? | 01310.docx | LEGALEASE-00084019-LEGALEASE-00084020 |
| U.S. ex rel. Rongetti v. Neelly, 207 F.2d 281 | 24+107 | Burden of proof in establishing alienage in deportation proceedings is on the government. | Who bears the burden of proof in establishing alienage in deportation proceedings? | 01292.docx | LEGALEASE-00084034-LEGALEASE-00084035 |
| In re Cox Enterprises Set-top Cable Television Box Antitrust Litig., 790 F.3d 1112 | 366+1 | Where a writing fails, Kansas law recognizes equitable subrogation based upon unjust enrichment. | Do Courts recognize equitable subrogation? | 01092.docx | LEGALEASE-00084067-LEGALEASE-00084068 |
| Velazquez v. Serrano, 43 So. 3d 82 | 366+1 | Equitable subrogation is not allowed if it works any injustice to the rights of others; a party's entitlement to subrogation therefore depends upon the equities and attending facts of each case. | Is equitable subrogation not allowed if it works any injustice to the rights of others? | 05137.docx | LEGALEASE-00084188-LEGALEASE-00084189 |
| Stiles v. Clifton Springs Sanitarium Co., 74 F. Supp. 907 | 180+48(1) | At common law, suicide was a crime and consequence was forfeiture of property of offender. | Is the forfeiture of the offenders property a consequence of suicide? | 05172.docx | LEGALEASE-00084237-LEGALEASE-00084239 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Bounds, 495 B.R. 725 | 51+2556 | Chapter 7 debtor-husband's cause of action for his attorneys' alleged malpractice, in purportedly devising ill-conceived and self-serving plan to stall pending state court litigation by advising him to file for bankruptcy on eve of trial without explaining that any judgment from litigation would not be dischargeable in bankruptcy and that securities violations alleged would render his homestead nonexempt, accrued on the moment that bankruptcy case was commenced and some of alleged injury first occurred, even if debtor-husband did not at that time know the full extent of his injuries; accordingly, malpractice claims belonged, not to debtor-husband, but to bankruptcy estate. 11 U.S.C.A. S 541(a)(1). | Do the facial allegations in the complaint limit and guide the court's analysis of when a cause of action accrues? | 05664.docx | LEGALEASE-00085017-LEGALEASE-00085018 |
| McNish v. Gen. Credit Corp., 164 Neb. 526 | 398+76 | Where charge for loan made to finance purchase of truck was in excess of maximum rate of interest allowable by statute, note given as evidence of such loan was void from its inception and maker was entitled to have the same canceled as well as a return of installment payments previously made thereon. R.S.Supp. 1953, S 45-138. | Are loans made in violation of installment loan statutes void and uncollectable? | 05727.docx | LEGALEASE-00085370-LEGALEASE-00085371 |
| Guthrie v. Nat'l Advert. Co., 556 N.E.2d 337 | 277+2 | Notice is actual where the purchaser is aware of the adverse claim or title or has such information as would lead to knowledge. | When can a notice be inferred as an actual notice? | 07096.docx | LEGALEASE-00089151-LEGALEASE-00089152 |
| A & B Bolt & Supply v. Whitco Supply, 167 So. 3d 967 | 307A+581 | Statute governing abandonment was not intended to dismiss those cases in which a plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon the action. LSA-C.C.P. art. 561. | "Does the statute governing abandonment, intend to dismiss those cases in which a plaintiff has clearly demonstrated before the court that he does not intend to abandon the action?" | 11052.docx | LEGALEASE-00094077-LEGALEASE-00094078 |
| Westmoreland v. Sadoux, 299 F.3d 462 | 25T+179 | Nonsignatory cannot compel arbitration merely because he is an agent of one of the signatories of arbitration agreement. | Can a nonsignatory compel arbitration because he is an agent of one of the signatories? | 10745.docx | LEGALEASE-00094170-LEGALEASE-00094171 |
| Carlisle v. U.S., 83 U.S. 147 | 384+1 | "Allegiance" is the obligation of fidelity and obedience which the individual owes to the government under which he lives, or to his sovereign in return for the protection he receives, and it may be an absolute and permanent obligation, or it may be a qualified and temporary one. | How is allegiance defined? | 11439.docx | LEGALEASE-00094663-LEGALEASE-00094664 |
| MAG Portfolio Consultant, GMBH v. Merlin Biomed Grp. LLC, 268 F.3d 58 | 25T+182(1) | Under estoppel theory for binding nonsignatory to arbitration agreement, where company knowingly accepted direct benefits of agreement containing arbitration clause, company may be bound by arbitration clause even without signing agreement. 9 U.S.C.A. S 1 et seq. | Can a company be estopped from avoiding an arbitration clause under the estoppel theory? | 10729.docx | LEGALEASE-00094667-LEGALEASE-00094668 |
| Arrow Marble v. Estate of Killion, 441 S.W.3d 702 | 307A+690 | A dismissal for failure to appear at trial or for want of prosecution should be without prejudice. | Is a dismissal for failure to prosecute to be without prejudice? | 11150.docx | LEGALEASE-00094683-LEGALEASE-00094684 |
| Arrow Marble v. Estate of Killion, 441 S.W.3d 702 | 307A+690 | A dismissal for failure to appear at trial or for want of prosecution should be without prejudice. | Should a dismissal for failure to prosecute be without prejudice? | 10301.docx | LEGALEASE-00095163-LEGALEASE-00095164 |
| A & B Bolt & Supply v. Whitco Supply, 167 So. 3d 967 | 307A+581 | Statute governing abandonment was not intended to dismiss those cases in which a plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon the action. LSA-C.C.P. art. 561. | "Does the statute governing abandonment, intend to dismiss those cases in which a plaintiff has clearly demonstrated before the court that he does not intend to abandon the action? " | 09700.docx | LEGALEASE-00095940-LEGALEASE-00095941 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Estate of Gallagher, 383 Ill. App. 3d 901 | 307A+688 | Party moving for involuntary dismissal admits legal sufficiency of complaint but asserts affirmative defense or other matter to defeat plaintiff's claim. S.H.A. 735 ILCS 5/2-619. | What is the purpose of a motion to dismiss that admits the legal sufficiency of the complaint? | 09674.docx | LEGALEASE-00096515-LEGALEASE-00096516 |
| Midway Motor Lodge of Brookfield v. Hartford Ins. Grp., 226 Wis. 2d 23 | 302+71 | Ad damnum clause is not a substantive part of the complaint; it is nothing more than an "asking price." | Is the ad damnum clause a substantive part of the complaint? | 05712.docx | LEGALEASE-00113388-LEGALEASE-00113389 |
| Life Ins. Co. of Georgia v. Smith, 719 So. 2d 797 | 157+129(5) | Evidence of forgeries by life insurance agent to obtain funds from beneficiary for investment and to inflate sales account were relevant as other wrongs or acts and admissible in suit by employees alleging fraud in sale of life insurance by representing it as cafeteria retirement program or savings plan, even though the alleged other wrongs occurred after the alleged fraud; insurer defended on ground that written material disclosed that employees were purchasing insurance, employees claimed forgery of their signatures on these documents, and forgery and concealment of critical portions of documents were common elements in the transactions. Rules of Evid., Rule 404(b). | Is forgery a species of fraud? | 000132.docx | LEGALEASE-00115652-LEGALEASE-00115653 |
| Jules-Wallace & Co. v. R.A. Mgmt., 148 Misc. 180 | 38+13 | Assignment of wages to be earned in future, under employment contract not then existing, held void as against public policy, or at least unenforceable in law action against employer. | How is the validity of wage assignments to be tested? | 003809.docx | LEGALEASE-00115829-LEGALEASE-00115830 |
| Costanzo v. Costanzo, 248 N.J. Super. 116 | 38+4 | Any "specific thing," debt, or chose in action may be subject of assignment, but that which is not in existence or cannot be identified cannot be assigned. | Can any specific thing be assigned to effectuate a legal assignmen? | 003889.docx | LEGALEASE-00115900-LEGALEASE-00115901 |
| Biondo v. Biondo, 769 So. 2d 94 | 253+953 | By matrimonial agreement, wife and husband could have provided for contribution to the expenses of the marriage, for apportionment of community property according to fixed shares, or for the reservation of fruits as separate property, and they could have provided that their existing or future property would be subject to something other than the legal regime. LSA-C.C. art. 2330. | How is a property classified as separate and community? | 005129.docx | LEGALEASE-00117353-LEGALEASE-00117354 |
| Argonaut Ins. Co. v. C & S Bank of Tifton, 140 Ga. App. 807 | 366+1 | Subrogation is not founded upon contract, express or implied, but upon principles of equity and justice. | Is the right of subrogation founded upon contract? | Subrogation - Memo 85 - RM C.docx | ROSS-003297947-ROSS-003297948 |
| In re Funneman, 155 B.R. 197 | 289+953 | Under Illinois law, partners' rights in partnership property are secondary to rights of partnership creditors; until creditors of partnership are satisfied, no partner has right to any distribution from partnership. | Do partners have the right to distribution of partnership property before creditors are satisfied ? | 021863.docx | LEGALEASE-00122521-LEGALEASE-00122522 |
| Focht v. Focht, 613 Pa. 48 | 134+717 | When a cause of action accrues, that is, when an injury has been inflicted, leading to the right to institute and pursue a suit for damages, after the date of marriage and before the date of final separation, then any settlement proceeds resolving that cause of action are marital property, regardless of when the settlement actually occurs. 23 Pa.C.S.A. S 3501(a)(8). | Does cause of action or a claim accrue on the date that plaintiff could have first maintained the action to a successful conclusion by holding an enforceable claim? | 005451.docx | LEGALEASE-00122875-LEGALEASE-00122876 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela, 971 F. Supp. 2d 49 | 221+342 | The act of state doctrine goes to the merits, and is not a jurisdictional defense. | Does the act of state doctrine go to the merits and is not a jurisdictional defense? | International Law - Memo # 523 - C - SU.docx | ROSS-003324279-ROSS-003324281 |
| Terex-Telelect v. Wade, 59 N.E.3d 298 | 30+3209 | When reviewing a grant or denial of a motion in limine, the Court of Appeals applies the standard of review for the admission of evidence, which is whether the trial court abused its discretion. | Is the granting of a motion in limine an adjunct of the inherent power of trial courts which will not be reversed absent an abuse of discretion? | 036740.docx | LEGALEASE-00125485-LEGALEASE-00125486 |
| Boston Nutrition Soc. v. Stare, 342 Mass. 439 | 237+97 | Questions relating to public health and nutrition are of public concern, but the qualified privilege of fair comment upon a matter of public concern is a matter of defense in a libel action ordinarily not open on demurrer. | Are matters of defence open on demurrer? | 023014.docx | LEGALEASE-00125675-LEGALEASE-00125676 |
| United States v. Bahel, 662 F.3d 610 | 393+315(9) | Prosecution of Chief of Commodity Procurement Section within the United Nation's Procurement Division, as foreign national employee, under statute prohibiting theft involving federal funds, for of use of mail or wires in furtherance of fraud that deprived United Nations, his former employer, of its intangible right to his honest services, corrupt receipt of things of value with intent to be rewarded with respect to official business, and conspiracy, did not violate Spending Clause or Necessary and Proper Clause, since congress had authorized payment of U.N. dues from federal monies. U.S.C.A. Const. Art. 1, S 8, cls. 1, 18; 18 U.S.C.A. SS 371, 666, 1341, 1343, 1346. | Does the statute that prohibits theft involving federal funds extend to both bribes and gratuities? | 011040.docx | LEGALEASE-00125948-LEGALEASE-00125949 |
| State v. White, 115 Wis. 2d 696 | 67+9(0.5) | Essential elements of felonious breaking or entering are breaking or entering, that such breaking or entering was of any building, and that such breaking or entering was with intent to commit any felony or larceny therein. | What are the elements of breaking and entering? | Burglary - Memo 2 - RK.docx | ROSS-003299915-ROSS-003299916 |
| United States v. Scholz, 19 M.J. 837 | 258A+509 | Government agencies, including those of the military, must comply with their own regulations, and the Navy is obligated to comply with Department of Defense directives. | "Do government agencies, including the military, have to comply with the regulations they promulgate? " | 008342.docx | LEGALEASE-00128624-LEGALEASE-00128625 |
| Hensel Phelps Const. Co. v. C.I.R., 703 F.2d 485 | 289+482 | Intent of parties is critical factor in determining when partnership began. | Is the intent of the parties a critical factor in determining when a partnership shall commence? | 022020.docx | LEGALEASE-00128946-LEGALEASE-00128947 |
| Bernstein & Grazian, P.C. v. Grazian & Volpe, P.C., 402 Ill. App. 3d 961 | 30+185(1) | Appellate jurisdiction cannot be conferred by laches, agreement, waiver, or estoppel, including a party's failure to call the jurisdictional defect to the appellate court's attention. | "Can Appellate jurisdiction be conferred by agreement, waiver, or estoppel?" | 008258.docx | LEGALEASE-00129539-LEGALEASE-00129540 |
| Besemer v. Bd. of Cty. Comm'rs, Brown Cty., 357 N.W.2d 365 | 79+33 | District court has broad discretion under statute allowing review of salary set for clerk of court and deputy clerks to adjust disputed salaries. M.S.A. SS 485.018, subd. 7, 487.13. | Does the district court have the discretion to adjust salaries? | 013379.docx | LEGALEASE-00130187-LEGALEASE-00130188 |
| Arbuckle-Coll. City Fire Prot. Dist. v. Cty. of Colusa, 105 Cal. App. 4th 1155 | 371+2001 | Taxes that provide revenues that are available for all purposes of the governmental entity are "general taxes" and include ad valorem property taxes; whereas, taxes that provide revenue for a specific or limited purpose are "special taxes." | What are general taxes? | 044646.docx | LEGALEASE-00131488-LEGALEASE-00131490 |
| Borger v. Conner, 210 A.2d 546 | 307A+749.1 | Generally party is bound by pretrial order, but rigid adherence to it should not always be exacted. | Is a party bound to rigidly adhere to a pretrial order? | 028084.docx | LEGALEASE-00132180-LEGALEASE-00132181 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Riedman v. Macht, 98 Ind. App. 124 | 8.30E+296 | Law merchant is part of common law and governs bills of exchange, but does not at common law apply to promissory notes which at common law were not negotiable as bills of exchange. | What is the Law Merchant | 009421.docx | LEGALEASE-00137747-LEGALEASE-00137748 |
| Falls Rubber Co. of Akron v. Applebaum, 286 Mass. 18 | 269+10 | One doing business under trade-name may be liable on paper executed by him in that name. G.L.(Ter.Ed.) c. 107, S 40. | Can one who does business under a trade name be liable upon paper executed by him in that name? | 009538.docx | LEGALEASE-00142636-LEGALEASE-00142637 |
| In re Frick's Estate, 277 Pa. 242 | 371+2005 | A tax can only be imposed by the state when it has either jurisdiction over the person or over his property. | Can a tax be imposed by the state only when it has either jurisdiction over the person or over his property? | 045773.docx | LEGALEASE-00144506-LEGALEASE-00144508 |
| Whigham v. Chase Auto Fin. Corp., 826 F. Supp. 2d 914 | 34+34.4(6) | Servicemember failed to allege lien held by assignee of financing contract he executed in connection with the purchase of a new truck included any charges for storage, as required to state a claim against assignee under provision of Servicemember Civil Relief Act (SCRA) governing storage liens. Servicemembers Civil Relief Act, S 307, 50 App.U.S.C.A. S 537. | " In order to fall within the Soldiers' and Sailors' Civil Relief Act (SSCRA), must a storage lien include charges for storage?" | 008712.docx | LEGALEASE-00147994-LEGALEASE-00147995 |
| Larrabee v. Bank of Am., N.A., 714 F. Supp. 2d 562 | 172H+1344 | Borrower who sued lender and Federal Home Loan Mortgage Corporation (Freddie Mac), seeking rescission of mortgage loan transaction, failed to allege that lender inaccurately disclosed number and due dates of mortgage payments, as required to state claim under Truth in Lending Act (TILA); borrower's erroneous construction of mortgage terms on disclosure form would have mandated 359 loan payments on single date. Truth in Lending Act, S 103(u), 15 U.S.C.A. S 1602(u); 12 C.F.R. S 226.18(g). | "Under federal law, is a creditor required to disclose the total payments?" | 013929.docx | LEGALEASE-00149531-LEGALEASE-00149532 |
| State v. Smith, 10 R.I. 258 | 3.77E+10 | "Purpose," as an element of the offense of making terroristic threats, means aim, objective, or intention, and "terrorize," as an element of the offense, means to cause extreme fear by use of violence or threats. M.S.A. S 609.713. | "What does ""purpose"" mean within the context of the terroristic-threats statute? " | 046849.docx | LEGALEASE-00150458-LEGALEASE-00150459 |
| Blevins v. Johnson Cty., 746 S.W.2d 678 | 156+32(1) | Successor-in-interest was estopped from claiming incidental damages caused to his business property by reconstruction of state highway that resulted in restriction of access to parking lot; deed from predecessor-in-interest specifically reserved and excepted all prior easements and conveyances in fee to government for rights-of-way, and deed executed by predecessor-in-interest to State for other portion of property contained recital disclaiming any right to incidental damages from taking and included notation of highway project number, and thus successor-in-interest could have and should have discovered extent to which highway project was to have affected his property. | "Is the recital in the deed, that the consideration for it is in full of all damages that the grantor may suffer, an estoppel against his right to later sue for such damages?" | 017998.docx | LEGALEASE-00150624-LEGALEASE-00150625 |
| Latham v. Brown, 16 Iowa 118 | 97C+211 | The amount of promissory notes delivered to a justice of the peace for collection, and wrongfully converted to his own use, is prima facie the measure of damages for such conversion; but the insolency of the makers may be shown in mitigation of damages. | Is the amount of the face value of notes or choses in action which have been improperly converted the measure of its damages? | 010355.docx | LEGALEASE-00151142-LEGALEASE-00151143 |
| Idaho Wool Growers Ass'n v. Vilsack, 816 F.3d 1095 | 149E+599 | National Environmental Policy Act (NEPA) imposes on federal agencies conducting environmental review a duty to consult with certain other agencies. National Environmental Policy Act of 1969, S 102(2)(C), 42 U.S.C.A. S 4332(2)(C). | Do the federal agencies have to consult other agencies? | Woods and Forests-Memo 48-ANM_60275.docx | ROSS-003282235-ROSS-003282236 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jaffer v. Chase Home Fin., 155 So. 3d 1199 | 266+1784(2) | Allegations of mortgagee's foreclosure complaint were sufficient to state a cause of action for mortgage foreclosure, even though copy of promissory note attached to the complaint was payable to a different lender and did not contain any indorsements or allonges demonstrating that the note had been transferred to mortgagee; complaint alleged that mortgagee was now the holder of the note and mortgage or entitled to enforce them, and copy of note did not negate the cause of action, but merely raised a possible standing defense. | "For exhibits to a complaint to serve as a basis for dismissing a complaint for failure to state a cause of action, should the exhibits actually negate the cause of action?" | Pretrial Procedure - Memo # 9084 - C - NS_60765.docx | ROSS-003292861-ROSS-003292862 |
| Cady v. Bay City Land Co., 102 Or. 5 | 83E+431 | Since one who writes his name on the back of a negotiable instrument may enlarge or restrict his liability without destroying his character as an indorser, a writing by the payee on the back of a promissory note, "Notice of protest waived and payment guaranteed," passed title to his assignee; such guaranty of payment being equivalent to an indorsement, and the rights of the parties, in view of Or.L. S 7910, ORS 71.118, requiring protest only in case of foreign bills of exchange, not being affected by such waiver of notice. | Does indorsing a guarantee on a note enlarge liability? | 009980.docx | LEGALEASE-00154683-LEGALEASE-00154684 |
| Capitol Hill State Bank v. Rawlins Nat. Bank of Rawlins, 24 Wyo. 423 | 388+45(1) | In an action by the indorsee and holder of an unpaid certificate of deposit issued by the defendant bank, execution of the instrument being admitted by the answer, but its indorsement by payee denied, the offer of the certificate in evidence did not include the indorsement which was not essentially a part of the certificate, and in the absence of proof of the indorsement was insufficient to prove the fact of indorsement or to entitle the indorsement to be admitted in evidence. | Is it mandatory to include indorsement in an offer of the certificate of evidence? | 009009.docx | LEGALEASE-00154719-LEGALEASE-00154720 |
| Waldor Realty Corp. v. Town Clerk of Bellingham, 350 Mass. 669 | 302+17 | Averments of crucial facts in pleading should be clear, direct and unequivocal. | Should averments of crucial facts in a pleading be direct and unequivocal? | 023817.docx | LEGALEASE-00158370-LEGALEASE-00158371 |
| Hager v. City of Devils Lake, 2009 ND 180 | 307A+693.1 | After a court enters an order of dismissal without prejudice, the action is ended, and there is no longer an action pending before the court. | "After a court enters an order of dismissal without prejudice, is the action ended, and is it no longer pending before the court?" | 025737.docx | LEGALEASE-00158576-LEGALEASE-00158577 |
| Dir. of Ins. ex rel. State v. A & A Midwest Rebuilders, 383 Ill. App. 3d 721 | 30+78(4) | An order of dismissal may be final even though it is not with prejudice. | Can an order of dismissal be final even though it is not with prejudice? | Pretrial Procedure - Memo # 10967 - C - VP_63902.docx | ROSS-003280437-ROSS-003280438 |
| Shearson/Am. Exp. v. First Cont'l Bank & Tr. Co., 579 F. Supp. 1305 | 309+59 | Under Kansas law, surety bond is treated as contract for insurance, and bond is subject to same rules of construction that apply to insurance contracts. | Are surety bonds considered as insurance policy? | 019572.docx | LEGALEASE-00159569-LEGALEASE-00159570 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dayner v. Archdiocese of Hartford, , 2009 WL 865740 | 92+1368(1) | The ministerial exception in the First Amendment did not bar the court from hearing the case. The former principal of a religious school brought suit against the school after she was terminated, allegedly, in retaliation of an action she took. The school asserted that the ministerial exception to judicial authority precluded the court from adjudicating employment disputes between religious institutions and their religious leaders. The disputes in this case did not intrude into purely religious matters or issues of church governance. U.S.C.A. Const. Amend. 1 . | Does the Free Exercise Clause bar court adjudication of such disputes where the religious affiliation of the institution or business is not pervasive or the duties of the aggrieved employee? | 017221.docx | LEGALEASE-00160984-LEGALEASE-00160985 |
| People by Abrams v. Am. Motor Club, 133 A.D.2d 593 | 217+1001 | Prepaid collision service contract was an "insurance contract" as defined by the Insurance Law where contract obligated seller to repair damaged car or reimburse customer for loss regardless of cost and customer was obligated to pay only annual agreement fee plus a service charge for repair, both set at time of application and neither bearing any relationship to the cost of repair or the reimbursement, and fact that seller purchased its own policy of reinsurance did not alter the fact that the contract was one of insurance. McKinney's Insurance Law S 1101(a)(1). | Are prepaid collision service contracts insurance contracts? | 019518.docx | LEGALEASE-00161557-LEGALEASE-00161558 |
| Grubb v. Teale, 265 Ala. 257 | 200+12 | Establishment of a roadway by prescription gives to the public an easement only and the owner is not divested of the fee in land so used. | Does the fee remain with the owner when the public acquires an easement in the highway? | 018809.docx | LEGALEASE-00161657-LEGALEASE-00161658 |
| Lower Nueces River Water Supply Dist. v. Live Oak Cty., 312 S.W.2d 696 | 64+7 | Roads and bridges of state, although constructed by county, are property of state and not county. | Are the roads and bridges of the State constructed by a County the property of the State? | 018885.docx | LEGALEASE-00161817-LEGALEASE-00161818 |
| Appeal of News Pub. Co., 12 Kan. App. 2d 328 | 371+2016 | Entire matter of taxation is legislative and does not exist apart from statute; legislature is empowered to provide means and agencies for carrying out its responsibilities in matter of taxation. | Does the entire matter of taxation exist apart from statute? | Taxation - Memo 1330 - C - NSY_68524.docx | ROSS-003321967-ROSS-003321968 |
| Procella v. Beto, 319 F. Supp. 662 | 21+5 | In Texas, as a general rule, affidavits which are notarized by counsel offering them into evidence are void. | Are affidavits which are notarized by the counsel void? | Affidavits - Memo 46 - _1R34trGUkzE5JiieS0FVjnLIlifYn54JI.docx | ROSS-000000189-ROSS-000000190 |
| W. Virginia Div. of Izaak Walton League of Am. v. Butz, 522 F.2d 945 | 411+8 | As used in Organic Act provision that timber in national forest, before being sold, shall be marked and designated, "marked" means selection and indication by a blaze, paint or marking hammer on the stem of trees to be felled or retained, and "designate" means to indicate, and as the words are not synonymous, forest service must not only designate that area from which timber is to be sold, but mark each individual tree authorized to be cut. 16 U.S.C.A. S 476. | What is the meaning of the term marking in forestry? | Woods and Forest - Memo 62 - AR_58584.docx | ROSS-003278810-ROSS-003278811 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Envtl. Prot. Info. Ctr. v. Dep't of Forestry & Fire Prot., 43 Cal. App. 4th 1011 | 411+5 | Rule of construction, expressio unius est exclusio alterius, that where exceptions to a general rule are specified by statute, other exceptions are not to be implied or presumed, applied in considering challenge to Board of Forestry (BOF) regulation excusing persons owning three acres or less of property from having to comply with timber harvest plan (THP) requirements of Forest Practice Act, legislature had directly and in detail dealt with what BOF may do regarding authorizing exemptions to THP requirement and broad general grant of authority did not give BOF authority to materially broaden exemptions by regulation. West's Ann.Cal.Pub.Res.Code SS 4551, 4551 et seq., 4584; Cal.Code, Regs. title 14, S 1038, subd. (c). | Is it the board or the courts that establishes forest policy? | Woods and Forest - Memo 25 - ANM_58703.docx | ROSS-003279868-ROSS-003279869 |
| Dakota Provisions v. Hillshire Brands Co., 226 F. Supp. 3d 945 | 308+2 | Agency is a creature of state law and, in South Dakota, is governed by both statutory and common law. | Is an agency a creature of state law? | Principal and Agent - Memo 406 - RK_63960.docx | ROSS-003280102-ROSS-003280103 |
| AT & T Techs. v. Commc'ns Workers of Am., 475 U.S. 643 | 25T+112 | Arbitration is matter of contract and party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. | Can parties submit to arbitrate any dispute that they have not agreed to arbitrate? | Alternative Dispute Resolution - Memo 49-JS.docx | ROSS-003281697-ROSS-003281699 |
| Metmor Fin. v. Landoll Corp., 976 S.W.2d 454 | 366+1 | Subrogation compels ultimate payment of debt by one who, in justice, equity and good conscience, should pay it. | What does equitable subrogation compel? | Subrogation - Memo 237 - VG C.docx | ROSS-003283464-ROSS-003283465 |
| In Re Mountaintop Area Joint Sanitary Auth., 166 A.3d 553 | 148+2.1 | When determining whether a de facto taking has occurred, court focuses on the governmental action in question. | Does occurrence of a de facto taking focus on the governmental action in question? | Eminent Domain -Memo 56- VP.docx | ROSS-003283773-ROSS-003283774 |
| In re Houston, 409 B.R. 799 | 366+1 | Under South Carolina law, subrogation arises by statute, by contract, or in equity. | "Does subrogation arise by statute, by contract, or in equity?" | Subrogation - Memo 129 - VP C.docx | ROSS-003283871-ROSS-003283872 |
| Kennedy v. City of New York, 196 N.Y. 19 | 233+695(3) | A tenant holding over after the expiration of a definite term for a year, or years, may be treated by the landlord as a trespasser, or as a tenant from year to year, holding under the conditions of the original lease except as to duration. Order (1908) 111 N.Y.S. 61, 127 App.Div. 89, reversed. | Is a tenant who holds over considered a tenant from year to year? | Landlord and Tenant - Memo 38 - ANG.docx | ROSS-003283966-ROSS-003283969 |
| Interamerican Ref. Corp. v. Texaco Maracaibo, 307 F. Supp. 1291 | 221+351 | Federal jurisdiction being present, a showing of bona fide compulsion by a foreign government immunizes an otherwise illegal boycott. Sherman Anti-Trust Act, SS 1, 2, 15 U.S.C.A. SS 1, 2; Clayton Act, S 4, 15 U.S.C.A. S 15. | Is participation in what might otherwise be an illegal boycott immunized by acquiescence in the order of a foreign government? | International Law - Memo # 617 - MC.docx | ROSS-003284128-ROSS-003284129 |
| Am. Ins. Co. v. Ohio Bur. of Workers Comp., 62 Ohio App. 3d 921 | 366+7(1) | Surety is traditionally subrogated to rights of the one it pays, the obligee. | Is a surety traditionally subrogated to the rights of the one it pays? | Subrogation - Memo # 910 - C - CAR.docx | ROSS-003284134-ROSS-003284135 |
| Schmidt v. Cal-Dive International, 240 F.Supp.3d 532 | 237+6(1) | In Louisiana, defamatory words are divided into two categories: those that are defamatory per se and those that are susceptible of a defamatory meaning. | What are the two categories of defamatory words? | Libel and Slander - Memo 179 - RK.docx | ROSS-003284206-ROSS-003284207 |
| Tachiona v. United States, 386 F.3d 205 | 221+179 | Vienna Convention's protection of diplomats' "inviolability" of the person precludes service of process on persons entitled to diplomatic immunity, even where such persons are served on behalf of non-immune, private entity. | Does inviolability principle preclude service of process on a diplomat? | Ambassadors and Consuls - Memo 8 - MS.docx | ROSS-003284587-ROSS-003284588 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kaufman v. Comm'n for Lawyer Discipline, 197 S.W.3d 867 | 46H+1156 | Attorney did not proffer during trial evidence of his substantive defenses, which was excluded by motion in limine, or obtain an adverse ruling from the trial court, and thus preserved nothing for review in connection with the exclusion of that evidence at trial which resulted in attorney's disbarment. Rules App.Proc., Rule 33.1(a)(2)(A). | Is the granting of a motion in limine a final ruling on the evidence or does it preserve anything for review? | Pretrial Procedure - Memo # 922 - C - TJ.docx | ROSS-003285204-ROSS-003285205 |
| In re AppOnline.com, 321 B.R. 614 | 8.30E+10 | Under New York choice-of-law rules, general rule is that laws of state where note is executed and payable govern the interpretation of that note. | Which law governs the interpretation of a note? | Bills and Notes - Memo 46 - ANG.docx | ROSS-003285793-ROSS-003285794 |
| Montgomery v. Compass Airlines, 98 F. Supp. 3d 1012 | 231H+1549(14) | Provision of collective bargaining agreement (CBA), requiring the system board to hear and decide all grievances, and providing that its decisions were final and binding on the parties, required airline employee to submit FMLA claim against airline employer to system board for arbitration; CBA provision was clear and unmistakable waiver of judicial forum for the FMLA claim, as the CBA contained explicit statutory reference to the FMLA, wherein employer promised to comply with the FMLA, and CBA provision made arbitration of any claims arising under the terms of the CBA mandatory. Family and Medical Leave Act of 1993, S 2 et seq., 29 U.S.C.A. S 2601 et seq. | Can employment-related civil rights claims be subjected to mandatory arbitration provisions? | Alternative Dispute Resolution - Memo 407 - RK.docx | ROSS-003286087-ROSS-003286088 |
| Levy v. HLI Operating Co., 924 A.2d 210 | 366+33(1) | Subrogation differs from contribution because its operation rests on concepts of primary and secondary liability among obligors; thus, it acts to place an entire loss, not just a portion, on another party. | "Are ""contribution"" and ""subrogation"" distinct?  " | Subrogation - Memo # 475 - C - SA.docx | ROSS-003286366-ROSS-003286367 |
| Benjamin v. Jacobson, 172 F.3d 144 | 92+2385 | In requiring termination of consent decrees that are not supportable by requisite findings, Prison Litigation Reform Act (PLRA) termination provision does not violate constitutional separation of powers principle by requiring courts to reopen final judgments, since PLRA's termination provision does not require termination of any relief other than prospective relief, courts would have inherent authority to modify or terminate forward-looking injunctive provisions in light of changes in law or circumstances, and statutory definition of prospective relief expressly excludes compensatory monetary damages. 18 U.S.C.A. S 3626(b)(2). | "Do court of equity have the power to modify an injunction in adaptation to changed conditions, though it was entered by consent?" | Action - Memo # 669 - C - SS.docx | ROSS-003286486-ROSS-003286488 |
| Roberson v. Rollins, 710 S.W.2d 180 | 307A+501 | Rule governing nonsuits is liberally construed in favor of right to nonsuit. Vernon's Ann.Texas Rules Civ.Proc., Rule 164. | Is a rule governing nonsuits liberally construed in favor of a right to nonsuit? | Pretrial Proceedure - Memo # 1146 - C - TJ.docx | ROSS-003286758-ROSS-003286759 |
| Hensel Phelps Const. Co. v. C.I.R., 703 F.2d 485 | 289+482 | Intent of parties is critical factor in determining when partnership began. | Is the intent of the parties a critical factor in determining when a partnership shall commence? | Partnership - Memo 232 - RK.docx | ROSS-003286829-ROSS-003286830 |
| Okeson v. City of Seattle, 150 Wash. 2d 540 | 371+2001 | Generally speaking, taxes are imposed to raise money for the public treasury. | Is tax a charge imposed to raise money for the public treasury? | Taxation - Memo # 35 - C - CK.docx | ROSS-003286870-ROSS-003286872 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tomsha v. City of Colorado Springs, 856 P.2d 13 | 413+1 | There is no constitutionally protected civil right in workers' compensation benefits. 42 U.S.C.A. S 1981. | Is there a constitutionally protected civil right in workers' compensation? | Workers Compensation - Memo #103 ANC.docx | ROSS-003286943-ROSS-003286944 |
| Yell Cty. Tel. Co. v. Taylor, 336 Ark. 108 | 307A+501 | Right to a voluntary nonsuit rests solely with plaintiffs. Rules Civ.Proc., Rule 41(a). | Does the right to a voluntary nonsuit rest solely with plaintiffs? | Pretrial Procedure - Memo # 1132 - C - TJ.docx | ROSS-003288389-ROSS-003288390 |
| McGuire, Cornwell & Blakey v. Grider, 771 F. Supp. 319 | 25T+216 | Arbitrator's unwillingness to arbitrate parties' dispute over legal fees did not affect enforceability of arbitration agreement, absent showing that naming of arbitrator was central to parties' agreement to arbitrate. Fed.Rules Civ.Proc.Rule 60(b)(2), 28 U.S.C.A.; 9 U.S.C.A S 5. | Does the unwillingness of the arbitrator to arbitrate the parties' dispute affect the enforceability of the arbitration agreement? | Alternative Dispute Resolution - Memo 639 - JS.docx | ROSS-003289052-ROSS-003289053 |
| In re Brooks, 143 N.C. App. 601 | 307A+552 | If, during the course of litigation, an action becomes moot, it should usually be dismissed. | Should an action be dismissed if during the course of litigation it becomes moot? | Pretrial Procedure - Memo # 7324 - C - VA.docx | ROSS-003289547-ROSS-003289548 |
| Wrenn v. Lawrence Cotton Mills, 198 N.C. 89 | 157+423(6) | Persons writing names on backs of notes are secondarily liable as indorsers, in absence of words clearly indicating different intent, and parol evidence of indorsement thereof as comakers, guarantors, or sureties is inadmissible (C.S. SS 3044, 3045). | Can a person be deemed to be an indorser unless he clearly indicates by appropriate words? | Bills and Notes-Memo 1214-PR_61523.docx | ROSS-003291834-ROSS-003291835 |
| Procella v. Beto, 319 F. Supp. 662 | 21+5 | In Texas, as a general rule, affidavits which are notarized by counsel offering them into evidence are void. | Are affidavits which are notarized by the counsel void? | Affidavits - Memo 46 - SNJ_50843.docx | ROSS-003293241-ROSS-003293242 |
| Capitol Hill State Bank v. Rawlins Nat. Bank of Rawlins, 24 Wyo. 423 | 388+45(1) | In an action by the indorsee and holder of an unpaid certificate of deposit issued by the defendant bank, execution of the instrument being admitted by the answer, but its indorsement by payee denied, the offer of the certificate in evidence did not include the indorsement which was not essentially a part of the certificate, and in the absence of proof of the indorsement was insufficient to prove the fact of indorsement or to entitle the indorsement to be admitted in evidence. | Is it mandatory to include indorsement in an offer of the certificate of evidence? | Bills and Notes - Memo 1007 - RK_61287.docx | ROSS-003296521-ROSS-003296522 |
| Rothwell v. Taylor, 303 Ill. 226 | 191+47(1) | The burden is on alleged donee of negotiable instruments to prove all facts essential to a valid gift. | Who shares the burden to prove all facts essential to a valid gift? | Bills and Notes - Memo 890 - RK_60689.docx | ROSS-003296757-ROSS-003296758 |
| Roberts v. Cent. Refrigerated Serv., 27 F. Supp. 3d 1256 | 360+18.15 | Federal Arbitration Act (FAA) did not preempt Utah Arbitration Act, for purposes of determining whether to compel arbitration in truck driver's action against carrier, alleging violations of the Fair Labor Standards Act (FLSA), pursuant to arbitration agreement in employment contract; driver and carrier chose to abide by Utah's arbitration law, purpose of FAA was to place arbitration agreements on same footing as other contracts, and FAA contained express preemptive provision. 9 U.S.C.A S 1; Fair Labor Standards Act of 1938, S 1 et seq., 29 U.S.C.A. S 201 et seq.; West's U.C.A. S 78B-11-107(1). | Does the Federal Arbitration Act (FAA) contain an express pre-emptive provision? | Alternative Dispute Resolution - Memo 335 - RK.docx | ROSS-003297499-ROSS-003297500 |
| The Care Grp. Heart Hosp. v. Sawyer, 80 N.E.3d 190 | 307A+14.1 | Purpose of the discovery rules is to allow for minimal trial court involvement and to promote liberal discovery. | What is the purpose of discovery rules? | Pretrial Procedure - Memo 3 - JS.docx | ROSS-003298338-ROSS-003298339 |
| Rayonier v. Polson, 400 F.2d 909 | 411+1 | Under Washington law, standing timber owned by owner of real property on which it is growing is regarded as real property. | Is standing timber real property? | Woods and Forests - Memo 1 - RK.docx | ROSS-003298721-ROSS-003298722 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. McDowell, 246 Neb. 692 | 67+9(1) | Climbing or jumping fence does not constitute "breaking" within definition of burglary statute. Neb.Rev.St. S 28-507. | Does climbing or jumping over a fence constitute breaking? | Burglary - Memo 301 - RK_62303.docx | ROSS-003298767-ROSS-003298768 |
| Alexander v. State, 126 Tex. Crim. 625 | 67+7 | Ownership of burglarized premises must be alleged and proven by title, possession or greater right to possession than defendant in order to sustain burglary conviction. V.T.C.A., Penal Code SS 1.07, 1.07(a)(24, 28), 30.02, 30.02(a), 31.10. | How is the ownership of burglarized premises proven? | Burglary - Memo 266 - RK_62270.docx | ROSS-003306595-ROSS-003306596 |
| Oxford Health Plans LLC v. Sutter, 133 S. Ct. 2064 | 25T+112 | Class arbitration is matter of consent: arbitrator may employ class procedures only if parties have authorized them. | Is class arbitration a matter of consent? | Alternative Dispute Resolution - Memo 78 - AKA.docx | ROSS-003308936-ROSS-003308938 |
| Georgia Cas. & Sur. Co. v. Woodcraft by MacDonald, 315 Ga. App. 331 | 366+1 | The right of subrogation can arise from either equity, contract, which is referred to as "conventional subrogation," or statute. | Can the right of subrogation arise from contract? | Subrogation - Memo 204 RM C.docx | ROSS-003309373-ROSS-003309374 |
| People v. Steiniger, 142 A.D.3d 1320 | 352H+190 | Sexual gratification, as element of first-degree sexual assault of a minor, may be inferred from the sexual nature of defendant's actions. McKinney's Penal Law S 130.65(3). | Can sexual gratification be inferred from the defendants action? | Sex Offence - Memo 108 - RK_57665.docx | ROSS-003310409-ROSS-003310411 |
| Absher v. AutoZone, 164 Cal. App. 4th 332 | 172H+1692 | Statute prohibiting a business from requiring personal identification information as part of "any credit card transaction" does not apply to return in exchange for a reversal of the original credit card purchase transaction. West's Ann.Cal.Civ.Code S 1747.08(a). | May merchants require or request the taking or recording of personal identification information from the cardholder for a credit card transaction? | Consumer Credit - Memo 8 - RK.docx | ROSS-003311324-ROSS-003311325 |
| Johnson Lumber & Supply Co. v. Byron, 113 So. 2d 577 | 83E+412 | Generally, courts will not inquire into adequacy of consideration in transaction between competent parties for discount of note. | "Can court inquire into adequacy of considerations, regarding bills and notes? " | Bills and Notes- Memo 676-PR_57906.docx | ROSS-003311723 |
| Abbas v. Foreign Policy Grp., 975 F. Supp. 2d 1 | 237+6(1) | Falsity and defamatory meaning are distinct elements of defamation claim and are considered separately under District of Columbia law. | Are falsity and defamatory meaning considered separately from each other? | Libel and Slander - Memo 176 - RK.docx | ROSS-003312293-ROSS-003312294 |
| Castle v. Mason, 24 Ohio Dec. 383 | 260+86 | The state has full power to enact proper laws for the inspection of oils, gasoline, petroleum ether, and like substances. | Can the state Legislature enact laws for inspection or regulation in relation to petroleum oils or its products? | Inspection - Memo 18 - SH.docx | ROSS-003314115-ROSS-003314116 |
| Messmer v. State Farm Cty. Mut. Ins. Co. of Texas, 972 S.W.2d 774 | 307A+501 | Plaintiff's right to nonsuit is absolute and trial judge has no discretion to refuse to grant dismissal. | Is a plaintiffs right to nonsuit an absolute one? | Pretrial Procedure - Memo # 1107 - C - CK.docx | ROSS-003314382-ROSS-003314383 |
| Bell v. City of Winter Park, Fla., 745 F.3d 1318 | 399+1 | Municipal ordinance, allowing person residing in a dwelling unit to post "no loitering" sign and allowing city officer to enforce such prohibition against loitering within 50 feet of dwelling, on its face violated free speech rights, in that ordinance permitted private citizens to have municipality regulate speech on traditional public fora for any reason, and it provided no standards for enforcement, leaving officers free to enforce prohibition on basis of content or viewpoint of an individual's speech. U.S.C.A. Const.Amend. 1. | "Can an officer enforce a posted ""no loitering"" sign?" | Vagrancy - Memo 16 - SB.docx | ROSS-003315498-ROSS-003315499 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Robinson v. Quicken Loans Inc., 988 F. Supp. 2d 615 | 308+19 | The burden of proving an agency relationship under West Virginia law rests upon him who alleges the existence of the agency; however, once a prima facie showing of the agency relationship has been made, a principal denying agency must show that the principal neither controlled, nor had the right to control, the alleged agent's work. | Whom does the burden of proving agency rest upon? | Principal and Agent - Memo 490 - KK_62693.docx | ROSS-003319245-ROSS-003319246 |
| Dryolin Corp. v. Zwicke, 17 N.Y.S.2d 974 | 83E+481 | Generally motives influencing the assignment of a note, or the consideration, do not affect validity of assignment as against debtor. | Does the motive influencing an assignment affect the validity of an assignment? | Bills and Notes - Memo 1433 - RK_63512.docx | ROSS-003320693 |
| Town of Hustisford v. Knuth, 190 Wis. 495 | 200+86 | Abutting owners may make such reasonable use of fee to highway as does not interfere with public right. | Who does the fee to the highway remain with? | Highways - Memo 437 - RK_66338.docx | ROSS-003323580-ROSS-003323581 |
| Coup v. Scottsdale Plaza Resort, 823 F. Supp. 2d 931 | 170B+3053 | Generally, district courts apply state contract law in determining the enforceability of an arbitration agreement that falls within the ambit of the Federal Arbitration Act (FAA). 9 U.S.C.A. S 1. | Does the Federal Arbitration Act (FAA) preempt state law defenses that apply only to arbitration? | Alternative Dispute Resolution - Memo 336 - RK.docx | ROSS-003324238-ROSS-003324239 |
| Osterman v. Baber, 714 N.E.2d 735 | 366+1 | Equitable subrogation is a highly favored doctrine, which is to be given a liberal application. | Is subrogation a highly favored doctrine that demands liberal application? | Subrogation - Memo 256 - VP C.docx | ROSS-003324720-ROSS-003324721 |
| United States v. One (1) 43 Foot Sailing Vessel Winds Will, License O.N. 531317/U.S. & Equip., 405 F. Supp. 879 | 221+138 | No nation may exercise sovereignty over the waters of the high seas. | Can any nation exercise sovereignty over the waters of the high seas? | International Law - Memo # 8 - C - LK.docx | ROSS-003324907-ROSS-003324908 |
| Gregoire v. Enterprise Marine Services, 38 F. Supp. 3d 749 | 16+2 | The basis for jurisdiction when a suit is brought in admiralty or under "saving to suitors" clause in federal court also may affect the availability of forums to the suitor; when the matter proceeds in admiralty alone, federal admiralty jurisdictional statute provides exclusive jurisdiction to hear any matter in admiralty, but when a maritime matter proceeds on the law side of the court under the "saving to suitors" clause, courts have traditionally determined the suitor must demonstrate another source of jurisdiction exists, such as diversity jurisdiction. 28 U.S.C.A. SS 1332, 1333. | Is a Federal courts admiralty jurisdiction exclusive to those maritime causes of action begun and carried on as proceedings in rem? | 04060.docx | LEGALEASE-00077235-LEGALEASE-00077237 |
| AT&T Commc'ns of the Sw. v. Sw. Bell Tel. Co., 86 F. Supp. 2d 932 | 372+870(2) | State commission's arbitration of interconnection agreement between local exchange carrier (LEC) and competitor, pursuant to Telecommunications Act, was sui generis proceeding, and therefore no state procedural law was controlling. Telecommunications Act of 1996, 47 U.S.C.A. S 252. | Is arbitration a sui generis proceeding? | Alternative Dispute Resolution - Memo 3 - VP.docx | LEGALEASE-00000097-LEGALEASE-00000099 |
| First Bank & Tr. v. Novak, 12 Kan. App. 2d 407 | 38+58 | Restriction against assignment is restraint on alienation, and as such it is strictly construed against party urging restriction. | Are restrictions on assignments strictly construed? | 000090.docx | LEGALEASE-00115503-LEGALEASE-00115504 |
| SCA Servs. v. Transportation Ins. Co., 419 Mass. 528 | 217+1000 | Basic purpose of insurance is to protect against fortuitous events and not against known certainties; parties wager against occurrence or nonoccurrence of specified event, and carrier insures against risk, not certainty. | Does insurance provide protection against known certainties? | 000183.docx | LEGALEASE-00115579-LEGALEASE-00115581 |
| Arrow Master v. Unique Forming Ltd., 12 F.3d 709 | 277+1 | Under Illinois law, purpose of notice provision is to ensure that party is informed and message was delivered. | What is the purpose of the notice provision under the law? | 000278.docx | LEGALEASE-00115570-LEGALEASE-00115571 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| DeCespedes v. Prudence Mut. Cas. Co. of Chicago, Ill., 193 So. 2d 224 | 38+31 | An assignment generally refers to or connotes a voluntary act of transferring an interest. | Will an assignment which is the transfer of an interest be voluntary in nature? | Assignments - Memo 7 - MS.docx | LEGALEASE-00000467-LEGALEASE-00000468 |
| In re Marriage of Epstein, 24 Cal. 3d 76 | 253+408 | Husband and wife assume mutual obligation of support upon marriage, and this obligation is not conditioned on existence of community support or income but, in fact, upon exhaustion of community property or income, spouse must utilize his or her separate property to provide for the support of the other. West's Ann.Civ.Code, SS 242, 5100, 5132. | Will the courts consider the spouses duty of support as mutual? | Marriage and Cohabitation - Memo 2 - RM.docx | LEGALEASE-00000599-LEGALEASE-00000600 |
| Dawkins v. Fields, 345 S.C. 23 | 228+185.1(1) | For summary judgment purposes, a verified pleading is equivalent to an affidavit, provided it meets requirements as to its form. Rules Civ.Proc., Rule 56(e). | Can a verified complaint be treated as an affidavit? | 003798.docx | LEGALEASE-00115833-LEGALEASE-00115834 |
| State v. Dunbar, 361 S.C. 240 | 21+1 | An affidavit differs from an oath in that an "affidavit" consists of statements of fact which is sworn to as the truth, while an "oath" is a pledge. | Is there any difference between an affidavit and an oath? | 07334.docx | LEGALEASE-00077597-LEGALEASE-00077598 |
| United States v. Turner, 28 F.3d 981 | 181+10 | Fraudulently filling out stolen, blank money orders was "altering", as needed to support federal conviction for altering money orders. 18 U.S.C.A. S 500. | Can fraudulently filling out blank money orders be considered as altering the orders? | 003824.docx | LEGALEASE-00115799-LEGALEASE-00115800 |
| Zinner v. Louis Meyers & Son, 181 Misc. 344 | 307A+61 | A "deposition" is testimony given under oath, pursuant to notice, upon oral or written interrogatories, and with opportunity for cross-examination. | Can an affidavit be subjected to cross examination? | 003883.docx | LEGALEASE-00115926-LEGALEASE-00115927 |
| Grieve v. Mullaly, 211 Cal. 77 | 38+4 | An offer to contract is purely personal to offeree, and not assignable. | "Is an offer to contract purely personal to offeree, and not assignable?" | 003887.docx | LEGALEASE-00115898-LEGALEASE-00115899 |
| Goodman, Boyne & Sherwood Co. v. Pence, 21 Neb. 459 | 257+202 | A mere inchoate right to a mechanic's lien is not assignable. Such lien passes with an assignment of the debt only when it has been perfected under the statute. | Is mechanics lien assignable? | Assignments - Memo 25 - AKA.docx | ROSS-003285177-ROSS-003285180 |
| Newton v. Bullard, 181 Ga. 448 | 307+32 | Deed providing that, if grantee died without children, premises go to such persons as grantee might by will appoint held to give grantee life estate with power to appoint remainderman exercisable by will only, so that attempt to exercise power of appointment by deed was ineffectual and gave appointee no transferable interest. Code 1933, SS 29-103, 96-102. | What happens when a life tenant conveys a greater estate than they possess? | Life Estate - Memo 12 - JS.docx | LEGALEASE-00001207-LEGALEASE-00001209 |
| FLCT, Ltd. v. City of Frisco, 493 S.W.3d 238 | 148+82 | Generally, a property owner has no vested right, as required to support an inverse condemnation claim, to use its property in a certain way without restriction. Tex. Const. art. 1, S 17. | Which law creates and defines property rights? | 003044.docx | LEGALEASE-00116176-LEGALEASE-00116177 |
| Montgomery v. Samory, 99 U.S. 482 | 315+22 | Title to real estate is governed by the laws of the place where it is situated. | Which law governs the title to real estate? | Property - Memo 5 - ANG.docx | ROSS-003284882-ROSS-003284884 |
| Bus. Loan Ctr. v. Nischal, 331 F. Supp. 2d 301 | 315+22 | Title to real estate is governed by laws of place where it is situated. | Which law governs the title to real estate? | 003046.docx | LEGALEASE-00116185-LEGALEASE-00116187 |
| Exxon Corp. v. Central Gulf Lines, 500 U.S. 603 | 16+13 | In determining whether admiralty jurisdiction exists over agency contracts, lower court should look to subject matter of agency contract and determine whether services performed under contract are maritime in nature. 28 U.S.C.A. S 1333(1). | "Can a contract, that falls outside the admiralty jurisdiction of the United States, give rise to a maritime lien?" | 004043.docx | LEGALEASE-00116287-LEGALEASE-00116289 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Antill Pipeline Construction Company, 866 F. Supp. 2d 563 | 16+1.20(6) | Louisiana statute prohibiting all recovery to operator of watercraft found to have been under influence of alcohol at time of accident and partially at fault impermissibly interfered with maritime law's uniformity in its settled comparative fault allocation scheme in wrongful death cases, and thus did not apply to bar estate and heirs of driver of recreational fishing vessel who died in allision with barge and tug units in Louisiana territorial waters from recovering against barge owner under general maritime law. LSA-R.S. 9:2798.4. | Is an action for wrongful death available under the general maritime law? | 004094.docx | LEGALEASE-00116171-LEGALEASE-00116173 |
| Greenwood v. CompuCredit Corp., 615 F.3d 1204 | 25T+111 | The act of suing in a court of law is distinctly different from arbitration. | Is the act of suing in a court of law the same as arbitration? | 004187.docx | LEGALEASE-00116264-LEGALEASE-00116265 |
| In re Grand Jury Subpoena dated Aug. 9, 2000, 218 F. Supp. 2d 544 | 311H+168 | The client is the holder of the attorney-client privilege and can waive it either expressly or through conduct. | Can a client waive attorney-client privilege? | Privileged Communications and Confidentiality - Memo 5 - VP.docx | LEGALEASE-00001609-LEGALEASE-00001610 |
| Kaluom v. Stolt Offshore, 504 F.3d 511 | 348+18 | Requirement that, in order for seamen on American vessels to recover penalty wages based on master's failure to make wage payments as required in the Seamen's Wage Act, vessel must be on foreign or intercoastal voyage, or on voyage between port in one state in the United States and port in another nonadjoining state, was also applicable to seamen on foreign vessels, following amendment of the Seamen's Wage Act to make penalty wage provisions applicable to seamen on foreign vessels "when in a harbor of the United States"; amendments expanding scope of penalty provisions to make them applicable to seamen on foreign vessels could not be read in isolation from voyage requirements, so as to accord seamen on foreign vessels better treatment than seamen on American vessels, contrary to Congress' intent in enacting amendments to equalize rights of foreign and United States seamen. 46 U.S.C.A. SS 10301(a), 10313(g, i), 10501(a), 10504(c, e). | What is the penalty for withholding a seamans wages without sufficient cause? | 004112.docx | LEGALEASE-00116335-LEGALEASE-00116336 |
| Bevis v. Illinois Pollution Control Bd., 289 Ill. App. 3d 432 | 1.49E+17 | Pollution Control Board's (PCB) authority is limited by its enabling statute. | "Is the authority of a statutory administrative agency, like the Pollution Control Board, limited by its enabling statute?" | Environmental Law - Memo 37 - AKA.doc | LEGALEASE-00002134-LEGALEASE-00002135 |
| Browning-Ferris v. Dep't of Envtl. Res., 143 Pa. Cmwlth. 243 | 1.49E+17 | In the context of intervention before Environmental Hearing Board, the phrase "interested party" means any entity who will either gain or lose by direct operation of Board's ultimate determination. 35 P.S. S 7514(e). | "Legally, what does the phrase any interested party refer to?" | Environmental Law - Memo 41 - AKA.doc | LEGALEASE-00002144-LEGALEASE-00002145 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Morris v. Marshall, 172 W. Va. 405 | 172H+216 | Lending of money from its own assets by private corporation which had no depositors did not constitute banking business and did not make corporation subject to banking statutes so as to entitle plaintiffs to a permanent injunction preventing trustee's foreclosure of sale on real property belonging to them on basis that loans they guaranteed on behalf of corporation and on which they gave deeds of trust as security violated the banking laws. Code, 31A-1-2(b, c), 31A-4-13, 31A-4-14. | Can a corporation engaged in loaning its own money be deemed as engaged in the banking business? | 004508.docx | LEGALEASE-00116609-LEGALEASE-00116611 |
| Prime Prod. v. S.S.I. Plastics, 97 S.W.3d 631 | 50+1 | Bailment generally does not create formal, fiduciary relationship between bailee and bailor. | Is the relationship between a bailor and a bailee a fiduciary relationship? | Bailment - Memo 12 - ANG.docx | ROSS-003283688-ROSS-003283689 |
| McAdams v. McAdams, 267 So. 2d 908 | 253+756 | Judgment of separation dissolves community and vests each of parties with an undivided one-half interest therein. | Does the community property dissolve after separation? | Marriage and Cohabitation - Memo 23 - RK.docx | LEGALEASE-00002370-LEGALEASE-00002371 |
| E.P.A. v. Pollution Control Bd., 308 Ill. App. 3d 741 | 1.49E+18 | Quasi-legislative determinations are exercises of the Pollution Control Board's rulemaking powers. | "Does an administrative agency, such as the Pollution Control Board, perform a quasi-legislative function while exercising its rule-making power?" | Environmental Law - Memo 44 - AKA.doc | LEGALEASE-00002496-LEGALEASE-00002498 |
| Partington v. Houck, 840 F. Supp. 2d 236 | 258A+1480 | Navy Judge Advocate General (JAG) was not an agency subject to Administrative Procedure Act (APA) review. 5 U.S.C.A. S 701(b)(1). | Is Judge Advocate General (JAG) an agency under the Administrative Procedure Code? | 004590.docx | LEGALEASE-00116950-LEGALEASE-00116951 |
| McConico v. Alabama Dep't of Corr., 893 So. 2d 577 | 284+55.1 | The Board of Pardons and Paroles is a legislative agency, rather than an administrative agency. | Is Board of Pardons and Paroles an administrative agency? | 004596.docx | LEGALEASE-00117032-LEGALEASE-00117033 |
| Hossain v. Rauscher Pierce Refsnes, 46 F. Supp. 2d 1164 | 50+1 | Under Kansas law, "bailee" is person who receives possession or custody of property under circumstances constituting bailment; "bailor" is person from whom property is thus received. | Does the bailee have custody of property? | 06131.docx | LEGALEASE-00079109-LEGALEASE-00079110 |
| Nissan N. Am. v. Haislip, 155 S.W.3d 104 | 50+2 | The type of bailment which constitutes a loan is a bailment for the sole benefit of the bailee; it is an uncompensated lending in which the bailee is the sole beneficiary. | Is a loan a form of bailment? | 004630.docx | LEGALEASE-00116933-LEGALEASE-00116934 |
| Salts v. State, 984 So. 2d 1050 | 146+5 | Embezzlement requires specific intent, even though the statute does not mention intent. West's A.M.C. S 97-23-25. | Is it necessary that embezzlement require specific intent? | 004641.docx | LEGALEASE-00116783-LEGALEASE-00116784 |
| Ten Broeck Dupont v. Brooks, 283 S.W.3d 705 | 37+616 | Negligence and assault and battery claims are mutually exclusive. | Are negligence and assault and battery claims mutually exclusive? | Negligence - Memo 20 - VP.docx | ROSS-003284968-ROSS-003284969 |
| Rooks v. Tenet Healthsystem GB, 292 Ga. App. 477 | 302+2 | The Civil Practice Act encourages liberality of pleading. West's Ga.Code Ann. S 9-11-17(a). | Does the Civil Practice Act encourage liberality of pleading? | Pleading - Memo 21 - VP.docx | ROSS-003288057-ROSS-003288059 |
| Deering v. Keever, 282 Ga. 161 | 302+2 | Civil Practice Act generally advances liberality of pleading. West's Ga.Code Ann. S 9-11-15. | Does the Civil Practice Act encourage liberality of pleading? | 004849.docx | LEGALEASE-00116986-LEGALEASE-00116988 |
| Slack v. Bryan, 299 Ky. 132 | 50+2 | A "gratuitous loan", or as called in civil law a "depositum", occurs where custody, as opposed to service, is chief purpose of loan. | What is a depositum? | 004943.docx | LEGALEASE-00116976-LEGALEASE-00116977 |
| Purolator Sec. v. Citizens Nat. Bank of Waco, 546 S.W.2d 935 | 50+17 | Ordinarily, bailee is not liable for loss of property attributable to fault or negligence of bailor; such rule applies in cases of misdelivery by bailee. | "Will the negligence of the bailor, contributing to the loss, exonerate the bailee from liability?" | Bailment - Memo 38 - RK.docx | LEGALEASE-00002950-LEGALEASE-00002951 |
| United States v. Cortes, 757 F.3d 850 | 164T+4 | Congress intended the Hobbs Act to be broadly construed. 18 U.S.C.A. S 1951. | Did Congress intend the Hobbs Act to be broadly construed? | Extortion - Memo 8 - JS.docx | ROSS-003289466-ROSS-003289468 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| First Am. Title Ins. Co. v. Broadstreet, 260 Ga. App. 705 | 401+1.5 | A judgment or order issued by a court without venue is void. | Is a judgment of a trial court without venue void? | 005173.docx | LEGALEASE-00117260-LEGALEASE-00117261 |
| In re Team Rocket, 256 S.W.3d 257 | 401+46 | The plaintiff gets the first choice of venue by filing suit, but the defendant may challenge that venue selection, and a court must transfer an action to another county of proper venue if the county in which the action is pending is not a proper county. V.T.C.A., Civil Practice & Remedies Code S 15.063(1). | Is the plaintiff or the defendant given the first choice of venue? | Venue - Memo 19 - RK.docx | ROSS-003312849-ROSS-003312851 |
| People v. Poindexter, 138 Mich. App. 322 | 164T+8 | Elements of extortion are: (1) a communication, (2) threatening accusation of any crime or offense or any injury to the person or property or mother, father, husband, wife, or child of another, (3) with intent thereby to extort money or pecuniary advantage as to compel the person so threatened to do or refrain from doing an act against his will. M.C.L.A. S 750.213. | What are the elements of extortion? | Extortion- Memo 10 - JS.docx | LEGALEASE-00003700-LEGALEASE-00003701 |
| United States v. Anderson, 989 F.2d 310 | 350H+1285 | Defendant's state conviction for attempting to get money by threatening harm, being only an attempt, was not "extortion" and, thus, was not crime of violence for purposes of Armed Career Criminal Act; Hobbs Act defines extortion as obtaining of property, not attempt to do so. 18 U.S.C.A. SS 924(e)(2)(B)(ii), 1951. | How is extortion defined? | 005064.docx | LEGALEASE-00117396-LEGALEASE-00117397 |
| Pace v. Pace, 160 S.W.3d 706 | 253+840 | Proceeds from the sale of separate property are the separate property of the spouse whose property was sold. | Are proceeds from the sale of a spouses separate property considered as separate property? | Marriage and Cohabitation- Memo 43 - JS.docx | LEGALEASE-00003884-LEGALEASE-00003885 |
| McLaughlin v. Johnson, 46 Ill. 163 | 315+538 | A. lent to B., for use upon B.'s land, the rails in a piece of fence standing upon A.'s land. Held that, upon the sale by A. to B. of the land where the fence stood, the rails were fixtures, and passed under the deed as a part of the realty. | "Does a rail, when made up into a fence upon the land, become a part of the realty?" | Property - Memo 18 - JS.docx | ROSS-003284802-ROSS-003284803 |
| Pace v. Pace, 160 S.W.3d 706 | 253+840 | Proceeds from the sale of separate property are the separate property of the spouse whose property was sold. | Are proceeds from the sale of a spouses separate property considered as separate property? | 005113.docx | LEGALEASE-00117329-LEGALEASE-00117330 |
| Davis v. Berwind Corp., 547 Pa. 260 | 313A+113 | It is not purpose of strict liability provision of Restatement (Second) of Torts to impose absolute liability on product manufacturer, as manufacturer is guarantor of its product and not insurer. Restatement (Second) of Torts S 402A. | Is manufacturer a guarantor of its product? | 000655.docx | LEGALEASE-00117564-LEGALEASE-00117565 |
| Dambacher by Dambacher v. Mallis, 336 Pa. Super. 22 | 313A+119 | In products liability case, the defendant manufacturer or supplier of the product is not an insurer but effectively the guarantor of his product's safety and thus liability may be imposed only in proof that the product lacked an element necessary to make it safe for its intended use. | Is manufacturer a guarantor of its product? | Products Liability - Memo 21- JS.docx | LEGALEASE-00004229-LEGALEASE-00004230 |
| Colonial Pipeline Co. v. Morgan, 263 S.W.3d 827 | 15A+1013 | Provision of Uniform Administrative Procedures Act (UAPA) requiring prospective plaintiff to make request for declaratory order with agency before bringing action for declaratory judgment in Chancery Court violated state constitution's separation-of-powers clause to extent that it required administrative review prior to bringing a direct constitutional challenge to the facial validity of a statute in the Chancery Court. West's T.C.A. Const. Art. 2, S 2; West's T.C.A. S 4-5-225. | Do administrative agencies have the authority to determine the facial validity of a statute? | Administrative Law - Memo 56 - RK.docx | ROSS-003298241-ROSS-003298243 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Valdez, 126 Cal. App. 4th 575 | 203+503 | Although a fetus is not a human being within the meaning of the murder statute, fetal life is entitled to the same protection as human life, except where the mother's paramount privacy interests are at stake. West's Ann.Cal.Penal Code S 187(a). | Is a fetus a human being within the meaning of murder or homicide statutes? | Homicide - Memo 19 - RK.docx | ROSS-003298092-ROSS-003298093 |
| People v. Hansen, 9 Cal. 4th 300 | 203+609 | Offense of discharging firearm at inhabited dwelling house did not merge with resulting homicide even if offense was integral part of homicide and, thus, commission of offense supported conviction of second-degree felony murder; use of firearm as predicate felony for felony-murder rule would not elevate all felonious assaults to murder or otherwise subvert legislative intent behind gradation of homicide offenses. West's Ann.Cal.Penal Code S 246. | Can a homicide occur absent an assault? | 000430.docx | LEGALEASE-00117746-LEGALEASE-00117747 |
| Melcher v. F.C.C., 134 F.3d 1143 | 372+1037 | Denial by Federal Communications Commission (FCC) of telecommunications companies' requests for waiver of rules formerly governing use of spectrum currently designated for Local Multipoint Distribution Service (LMDS) was not abuse of discretion, in view of large number of waiver requests and presence of common issues that could better be addressed in rulemaking proceeding. | What is the burden upon an applicant who appeals the denial of a request for a waiver of an agency rule? | 000309.docx | LEGALEASE-00117973-LEGALEASE-00117974 |
| United States v. Hamilton, 499 F.3d 734 | 146+23 | If a defendant embezzles from his employer he is not excused from criminal liability just because he had an honest intention of replacing the money, maybe with interest. | Is intent to repay a defense to embezzlement? | Embezzlement - Memo 43 - VP.docx | LEGALEASE-00004672-LEGALEASE-00004673 |
| Bell v. State, 1 N.E.3d 190 | 203+908 | Intent to kill may be inferred from the use of deadly weapon. Vernon's Ann.P.C. art. 45. | Can the intent to commit murder be presumed by the deadly weapon used? | Homicide - Memo 27 - RK.docx | LEGALEASE-00004938-LEGALEASE-00004939 |
| Bldg. Indus. Elec. Contractors Ass'n v. City of New York, 678 F.3d 184 | 231H+968 | Market participant exception to NLRA preemption does not immunize from scrutiny any choice a state makes about expending state funds on state projects; state cannot use its spending power to regulate labor. U.S.C.A. Const. Art. 6, cl. 2. | Can the state use its spending power for regulating labor relations? | 001430.docx | LEGALEASE-00117800-LEGALEASE-00117801 |
| Crow v. State, 55 Tex. Crim. 200 | 203+1388 | Pen.Code 1895, art. 717 (Vernon's Ann.P.C. art. 1261), provides that the instrument by which a homicide is committed is to be considered in judging of intent, and, if the instrument be one not likely to produce death, it is not to be presumed that death was designed, unless it appears from the manner in which the instrument was used. Article 719 (1263), providing that where a homicide occurs under sudden passion, but by the use of means not in their nature calculated to produce death, the person killing is not deemed guilty of the homicide, unless there was an intention to kill, applies to all homicides, except where the injury is inflicted in a cruel manner, or a manner showing an evil disposition or a design to kill. Held that, in a prosecution for murder alleged to have been committed during a sudden difficulty, by striking with a baseball bat, which is not a deadly weapon per se, where there was evidence that accused did not intend to kill, a failure to charge on his intent in striking was error. | Is a baseball bat considered to be a deadly weapon? | 000940.docx | LEGALEASE-00118160-LEGALEASE-00118162 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cortiza v. Rosenblat, 291 So.2d 425 | 289+732 | A partnership is a separate legal entity from its partners and has the procedural capacity to be sued in its own name. LSA-C.C.P. art. 737. | Can a partnership be sued in its own name? | Partnership - Memo 47 - TH.docx | ROSS-003283657-ROSS-003283658 |
| Estate of Prather v. Sherman Hosp. Sys., 2015 IL App (2d) 140723 | 401+52(1) | When a plaintiff chooses his home forum or the site of the accident or injury, the choice of forum is most likely convenient; however, when a plaintiff is foreign to the chosen forum and when the action giving rise to the litigation did not occur in the chosen forum, the plaintiff's choice of forum is accorded less deference. | Is the plaintiffs choice of venue entitled to the same weight in all cases? | Venue - Memo 31 - TH.docx | LEGALEASE-00005424-LEGALEASE-00005426 |
| Seaboard Coast Line R. Co. v. Nat'l Rail Passenger Corp., 554 F.2d 657 | 25T+113 | Policy of the Federal Arbitration Act is to encourage arbitration and to relieve congestion in the courts. 9 U.S.C.A. S 1 et seq. | What is the policy behind the Federal Arbitration Act? | Alternative Dispute Resolution - Memo 186 - RK.docx | ROSS-003298745-ROSS-003298746 |
| Okanogan Highlands All. v. Williams, 236 F.3d 468 | 209+117 | Federal agencies owe fiduciary responsibility to Native American tribes. | Do federal agencies hold a fiduciary relationship with Indian tribes? | 019436.docx | LEGALEASE-00118320-LEGALEASE-00118321 |
| Pub. Utilities Comm'n of R.I. v. Attleboro Steam & Elec. Co., 273 U.S. 83 | 83+62.1 | Sale of electric current to purchaser in another state held "interstate commerce." | Is the transmission of electric current from one state to another an interstate commerce subject to the Commerce Clause? | Electricity - Memo 7 - RM.docx | ROSS-003295761-ROSS-003295762 |
| Hall v. Luby Corp., 232 N.J. Super. 337 | 315+451 | Term "fixture" and phrase "improvement to real property" are not synonymous; a fixture by definition is an improvement to real property, but an improvement to real property need not be a fixture. | Are fixtures real property? | Property - Memo 33 - RM.docx | ROSS-003309458-ROSS-003309459 |
| Tuttle v. Henderson, 628 P.2d 1275 | 76D+76 | Controlling factor in custody proceedings is the best interest and welfare of the child. | What is the controlling factor in child custody cases? | 001350.docx | LEGALEASE-00118444-LEGALEASE-00118445 |
| State v. E.J.F., 999 So. 2d 224 | 207+4 | The date of the offense is not a specific element of aggravated incest. LSA-R.S. 14:78.1 (2005). | Is the date of the offense a specific element of aggravated incest? | Incest -  Memo 36 - RM.docx | ROSS-003325254-ROSS-003325255 |
| Webb v. Allington, 27 Mo.App. 559 | 289+666(2) | A partnership engaged in running a crusher for crushing and cleaning zinc ore being a nontrading partnership, one of the partners could not bind the other by a note executed by him in the partnership name, without prior authority therefor or evidence that it was customary so to do. | Can a partner in a non-trading partnership bind a co-partner by a note drawn by him in the firm name? | Partnership - Memo 49 - RK.docx | ROSS-003287273-ROSS-003287274 |
| Adams v. Long, 114 Ill.App. 277 | 289+666(2) | A partner in a trading firm has prima facie authority to bind the firm by drawing, endorsing or accepting bills in the firm name for partnership purposes. | Can a partner in a non-trading partnership bind a co-partner by a note drawn by him in the firm name? | 001848.docx | LEGALEASE-00118772-LEGALEASE-00118773 |
| Lewis v. Jackson Energy Co-op. Corp., 189 S.W.3d 87 | 317A+101 | A public utility may not accomplish indirectly what it is forbidden to do directly. | Can a public utility accomplish indirectly what it is disallowed to do directly? | 001611.docx | LEGALEASE-00119041-LEGALEASE-00119042 |
| Durden v. State, 250 Ga. 325 | 203+506 | Physical injury is not required for criminal responsibility for homicide. | Is physical injury required for criminal responsibility for homicide? | 001730.docx | LEGALEASE-00118869-LEGALEASE-00118870 |
| Johnson v. Calado, 159 Wis. 2d 446 | 249+52 | General expenses in defending lawsuit, loss of time, and diminution of quality of life are not special damages flowing from interference with personal property, such as must be alleged in order to state cause of action for malicious prosecution. | Is special injury or special damages an essential element in a civil malicious prosecution action? | Malicious Prosecution - Memo 11 - MS.docx | LEGALEASE-00006887-LEGALEASE-00006889 |
| Fisher v. GE Med. Sys., 276 F. Supp. 2d 891 | 25T+114 | "Arbitration" in the Federal Arbitration Act (FAA) is a broad term that encompasses many forms of dispute resolution. 9 U.S.C.A. S 2. | Should arbitration be defined broadly under the Federal Arbitration Act? | 002132.docx | LEGALEASE-00119092-LEGALEASE-00119093 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Truly Nolen of Am. v. Superior Court, 208 Cal. App. 4th 487 | 106+91(1) | Court of Appeal was bound as a matter of stare decisis to follow California Supreme Court decision holding in Gentry v. Superior Court, that class arbitration waivers in employment agreements could not be enforced if class arbitration would be a significantly more effective means of vindicating rights, notwithstanding United States Supreme Court's holding in AT & T Mobility LLC v. Concepcion, which overruled an earlier California Supreme Court decision that held that class arbitration waivers in arbitration provisions of consumer contracts were unconscionable; although the United States Supreme Court's overruling of earlier decision under the Federal Arbitration Act (FAA) implicitly disapproved the reasoning of the later decision, the United States Supreme Court did not directly address the precise issue presented in the later case, whose conclusion was based on different theoretical grounds. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act (FAA) require courts to honor parties expectation? | 002182.docx | LEGALEASE-00119142-LEGALEASE-00119144 |
| Int'l Union of Operating Engineers, Local 150, AFL-CIO v. Ward, 563 F.3d 276 | 170B+2214 | Federal causes of action, as will support federal question jurisdiction, may be created either expressly or by implication. 28 U.S.C.A. S 1331. | How can a federal cause of action be created? | Action - Memo 13 - MS.docx | ROSS-003308674-ROSS-003308675 |
| Hendrick v. Caldwell, 232 F. Supp. 3d 868 | 13+1 | A "cause of action" is the set of operative facts which, under the substantive law, gives rise to a right of action. | What is a cause of action? | Action - Memo 19 - MS.docx | ROSS-003328922-ROSS-003328924 |
| First Advantage Background Servs. Corp. v. Private Eyes, 569 F. Supp. 2d 929 | 237+130 | Trade libel is more like unfair competition than true libel and is not actionable as defamation, but this difference does not diminish the pleading requirements in a trade libel claim. | Is trade libel actionable as defamation? | Libel and Slander - Memo 119 - ANG.docx | ROSS-003282187-ROSS-003282188 |
| Microtec Research v. Nationwide Mut. Ins. Co., 40 F.3d 968 | 237+133 | Trade libel is more akin to unfair competition than true libel and it is not actionable as defamation under California law. | Is trade libel actionable as defamation? | 002088.docx | LEGALEASE-00119381-LEGALEASE-00119382 |
| Rosen v. Kessler, 145 Cal. App. 2d 676 | 401+4 | Action for damages for refusal of defendant to carry out terms of an alleged agreement entered into between plaintiff and defendant, is a transitory action. West's Ann.Code Civ.Proc., S 395. | Is a cause of action seeking damages transitory? | Venue - Memo 51-ANG.docx | ROSS-003312028-ROSS-003312030 |
| Howard v. Commonwealth, 484 S.W.3d 295 | 207+4 | Incest statute criminalizes sexual intercourse between a stepparent and a stepchild, regardless of age and consent. Ky. Rev. Stat. Ann. S 530.020(1). | Does incest prohibit sexual relationships between step-children and step-parents? | Incest - Memo 40 - JS.docx | ROSS-003324693-ROSS-003324694 |
| State v. Buck, 92 Or. App. 130 | 207+2 | Difference in treatment accorded by incest statute to those who engage in intercourse with person while married to that person's parent as opposed to those who engage in sexual intercourse with person without being married to that person's parent was rationally related to legitimate governmental purpose of protection of family, and did not deny equal protection of the laws to stepfather who was convicted of incest with adult stepdaughter. ORS 163.505(1), 163.525, 163.525(1); U.S.C.A. Const.Amend. 14; Const.Art. 1, S 20. | Does incest prohibit sexual relationships between step-children and step-parents? | Incest - Memo 40 - JS.docx | LEGALEASE-00007545-LEGALEASE-00007546 |
| Brown v. Collins, 402 F.2d 209 | 237+38(1) | Statement to be privileged as communication preliminary to a judicial proceeding must be made in character of a litigant. | What is a privileged communication? | Libel and Slander - Memo 114 - JS.docx | ROSS-003298776-ROSS-003298777 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| On-Line Power v. Mazur, 149 Cal. App. 4th 1079 | 231H+2178 | Labor Code provisions ensuring an employee's right to payment of wages applied to salaried corporate executive; taken as a whole, these provisions indicated that for purposes of the Labor Code, the salaries of executives were protected wages. West's Ann.Cal.Labor Code SS 200, 201, 202, 203, 204, 218.5. | "Does the Labor Code contain provisions to ensure that employees receive their full wages at specified intervals while employed, as well as when they are fired or quit?" | 003246.docx | LEGALEASE-00119192-LEGALEASE-00119193 |
| E.E.O.C. v. Dowd & Dowd, Ltd., 736 F.2d 1177 | 78+1111 | Shareholders in professional corporation engaged in practice of law were not "employees" of corporation for purposes of section of Civil Rights Act defining "employer" as a person engaged in an industry affecting commerce who has 15 or more employees, and thus corporation was not an "employer" subject to Act because it employed less than 15 nonshareholders. Civil Rights Act of 1964, S 701(b), 42 U.S.C.A. S 2000e(b). | Who is an employer? | 003260.docx | LEGALEASE-00119236-LEGALEASE-00119237 |
| Denver Joint Stock Land Bank v. Bd. of Comm'rs of Elbert Cty., 105 Colo. 366 | 148+145(1) | The benefits which may be set off against damages, where part of a tract of land is condemned, are those accruing to the residue of the tract from the construction of the improvement, but such as are only conjectural or speculative may not be thus set off. | What is a benefit under the eminent domain statute? | 001890.docx | LEGALEASE-00119649-LEGALEASE-00119650 |
| Harris Cty. Flood Control Dist. v. Kerr, 445 S.W.3d 242 | 148+2.1 | Proximate cause is an essential element of a takings case; without causation, there is no taking. | Is proximate cause an essential element in takings claim? | 001898.docx | LEGALEASE-00119670-LEGALEASE-00119671 |
| State v. Bishop, 431 S.W.3d 22 | 203+511 | Corpus delicti of a felony murder does not include the predicate felony; abrogating State v. Wagner, 2011 WL 2893098, and State v. Bough, 2004 WL 50798. | Does corpus delicti of a felony murder include the predicate felony? | 00784.docx | LEGALEASE-00081555-LEGALEASE-00081556 |
| City of Pittsburgh v. Pennsylvania Pub. Util. Comm'n, 165 Pa. Super. 519 | 317A+101 | The property of a public utility is private property, but it is also property devoted to public service and is impressed with a public interest. | Is property of a public utility still private property? | 001982.docx | LEGALEASE-00119680-LEGALEASE-00119681 |
| Romyn v. Shearson Lehman Bros., 648 F. Supp. 626 | 25T+414 | Claims under the Securities Act and the Securities Exchange Act were not subject to arbitration, despite provision in stock brokerage account agreements providing that any controversy arising out of accounts or transactions should be settled by arbitration, unless unenforceable due to federal or state law, given antiwaiver provisions of the securities acts. Securities Act of 1933, SS 12(2), 15, 17, 15 U.S.C.A. SS 77l (2), 77o, 77q; Securities Exchange Act of 1934, SS 10, 20, 29(a), 15 U.S.C.A. SS 78j, 78t, 78cc(a); 9 U.S.C.A. SS 1-14. | Do the courts consider arbitration agreements arising under the Securities Act as invalid? | Alternative Dispute Resolution - Memo 273 - RK.docx | LEGALEASE-00008263-LEGALEASE-00008264 |
| Kaltwasser v. Cingular Wireless LLC, 543 F. Supp. 2d 1124 | 25T+117 | To determine whether there is preemption under the Federal Arbitration Act (FAA), the court must decide which state's law applies and whether, under the law of the appropriate state, the arbitration provision in the parties' contract is valid and enforceable. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act apply to contracts involving foreign commerce? | Alternative Dispute Resolution - Memo 285 - RK.docx | ROSS-003283690-ROSS-003283691 |
| State v. Hutter, 145 Neb. 798 | 203+525 | At common law and under statute dividing crime of murder into murder of first and second degrees, "murder" is unlawful killing of person with malice aforethought, either express or implied. R.S.1943, SS 28-401, 28-402. | Are there different degrees of murder? | 05255.docx | LEGALEASE-00082106-LEGALEASE-00082107 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Rumble, 680 S.W.2d 939 | 203+520 | At common law, a homicide was either murder or manslaughter. | Was homicide considered as either manslaughter or murder at common law? | Homicide - Memo 78 - RK.docx | ROSS-003298320-ROSS-003298321 |
| Gibbs v. Chase, 10 Mass. 125 | 386+3 | Proof of any unlawful exercise of authority over goods will support trespass, although without force; as by an attachment, although there was no removal of the property. | Can an unlawful exercise of authority over the goods of another support an action for trespass? | 002966.docx | LEGALEASE-00119801-LEGALEASE-00119803 |
| CareFlite v. Office And Prof'l Employees Int'l Union, AFL-CIO, 612 F.3d 314 | 231H+1526 | Helicopter pilot's grievance challenging medical air transportation company's refusal to extend time for him to obtain airline transport pilot certificate (ATP) was minor dispute that was required to be referred to arbitration under Railway Labor Act (RLA), even though his discharge for failing to timely obtain ATP was expressly declared non-grievable in collective bargaining agreement (CBA), where grievance listed provisions of CBA allegedly violated. Railway Labor Act, S 2, 45 U.S.C.A. S 151a. | "If the grievances under the Railway Labor Acts (RLA) mandatory arbitral mechanism are minor disputes, should those be resolved only through the RLA mechanisms?" | Labor and Employment - Memo 63 - VP.docx | ROSS-003297755-ROSS-003297756 |
| White v. Chrysler Corp., 421 Mich. 192 | 13+1 | A common-law cause of action should not be evolved solely or primarily to avoid a statutory limitation. | How do causes of action at common law evolve? | 002454.docx | LEGALEASE-00119949-LEGALEASE-00119951 |
| Groves v. Dep't of Corr., 295 Mich. App. 1 | 30+3226 | Whether a party has standing is a question of law subject to review de novo. | Is a party's standing to sue be reviewed de novo? | Action - Memo 54 - MS.docx | ROSS-003312595-ROSS-003312596 |
| Dieden v. Schmidt, 104 Cal. App. 4th 645 | 366+1 | Doctrine of equitable subrogation invokes court's equitable jurisdiction. | Does the doctrine of equitable subrogation invoke a trial court's equitable jurisdiction? | 002538.docx | LEGALEASE-00119889-LEGALEASE-00119890 |
| Associated Int'l Ins. Co. v. Scottsdale Ins. Co., 862 F.3d 508 | 366+1 | Texas courts recognize the subrogation doctrine to its fullest extent. | To what extent do courts recognize the subrogation doctrine? | Subrogation - Memo 5 - ANG.docx | LEGALEASE-00008856-LEGALEASE-00008857 |
| Westerbeke Corp. v. Daihatsu Motor Co., 304 F.3d 200 | 25T+329 | District court's decision, to set aside arbitral decision awarding expectancy damages in breach of contract action as having been entered in manifest disregard of principle of New York law that only reliance damages may be awarded for breach of preliminary agreement, did not accord proper deference to arbitrator's determination that defendant had breached contract with contingency rather than preliminary agreement, and itself had to be set aside. | Can arbitrators award punitive damages? | 002651.docx | LEGALEASE-00120041-LEGALEASE-00120042 |
| Zimmerman v. Al Jazeera Am., 246 F. Supp. 3d 257 | 237+23.1 | Under District of Columbia law, "publication" is the communication of defamatory matter intentionally or by a negligent act to one other than the person defamed. | What is publication of a defamatory statement? | 002907.docx | LEGALEASE-00119921-LEGALEASE-00119922 |
| Milner v. Duncklee, 460 F. Supp. 2d 360 | 386+7 | Under Connecticut law, trespass requires a direct injury to the property itself by force. | Does trespass require a direct injury to the property by force? | Trespass - Memo 72 - TH.docx | ROSS-003297871-ROSS-003297872 |
| Aaron & Turner v. Perret, 22 So. 3d 910 | 95+54(1) | The cause which will bind parties to a contract, without what a common law court would consider to be consideration, need not have any economic value. LSA-C.C. arts. 1966, 1967. | Can an obligation exist without a lawful cause? | Action - Memo 30 - ANG.docx | ROSS-003285690-ROSS-003285691 |
| Chamber of Commerce of U.S. v. N.L.R.B., 879 F. Supp. 2d 18 | 15A+1062 | Abstaining voter is counted in determining presence of a quorum. | Is an abstaining voter counted when determining the presence of a quorum? | 002988.docx | LEGALEASE-00120500-LEGALEASE-00120502 |
| McKeel v. Islamic Republic of Iran, 722 F.2d 582 | 221+183 | United States embassies are not within the territorial jurisdiction of the United States. | Are United States embassies within the territorial jurisdiction of the United States? | 002993.docx | LEGALEASE-00120505-LEGALEASE-00120506 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. McQuiston, 277 Mont. 397 | 135H+148 | Defendant's convictions for sexual intercourse without consent and incest, based on sexual intercourse between defendant and his adopted daughter, did not violate double jeopardy; incest was distinct and wholly separate offense from sexual intercourse without consent, and each offense required proof of distinct elements that the other did not. U.S.C.A. Const.Amend. 5; MCA 45-5-503, 45-5-507. | Is consent an element of incest? | Incest - Memo 67 - RK.docx | ROSS-003296819-ROSS-003296821 |
| Darden v. State, 206 Ga. App. 400 | 211+1737(2) | Chastity or nonchastity of victim of statutory rape or incest is not relevant in criminal prosecution for those offenses; thus, defendant accused of statutory rape and incest was not entitled to introduce evidence of sexual relations between victim and another. | Is the chastity of the victim relevant in a prosecution for incest? | 003200.docx | LEGALEASE-00120556-LEGALEASE-00120557 |
| Alexander v. State, 126 Tex. Crim. 625 | 207+8.5 | Incest is offense against society in which both parties ordinarily engage with same intent and purpose as principals. | Is incest an offense against society? | Incest - Memo 74 - RK.docx | ROSS-003301758-ROSS-003301759 |
| Winn-Dixie Stores v. Dolgencorp, 746 F.3d 1008 | 233+531 | In Louisiana, a lease contract is not a title document that can give rise to a real obligation; leases convey only a personal right. | Do leases create real obligation? | 003290.docx | LEGALEASE-00120477-LEGALEASE-00120478 |
| McClennen v. Commissioner of Internal Revenue, 131 F.2d 165 | 289+937 | In the absence of a controlling agreement in the partnership articles, the death of a partner dissolves the partnership. | Does a partnership get dissolved upon the death of a partner? | Partnership - Memo 81 - RK.docx | ROSS-003296475-ROSS-003296476 |
| Development Specialists v. Akin Gump Strauss Hauer & Feld LLP, 480 B.R. 145 | 289+926 | Under New York law, a partnership can dissolve for several different reasons, including an agreement by the partners to dissolve, the death of a partner, or the decision of a partner to withdraw. N.Y.McKinney's Partnership Law S 62. | What can cause the dissolution of a partnership? | 003426.docx | LEGALEASE-00120634-LEGALEASE-00120635 |
| OCA v. Hodges, 615 F.Supp.2d 477 | 289+426(1) | Along with profit-sharing, co-ownership of a business is an indispensable requirement of a partnership under Pennsylvania law. | Is co-ownership of a business an indispensable requirement of a partnership? | Partnership - Memo 83 - RK.docx | ROSS-003302826-ROSS-003302827 |
| Matter of Udell, 18 F.3d 403 | 51+2825 | Right to equitable remedy for breach of performance qualifies as a "claim," within meaning of Bankruptcy Code, if same breach also gives rise to right to payment "with respect to" equitable remedy; right to payment must be an alternative to the right to equitable remedy or otherwise related to the right to equitable remedy. Bankr.Code, 11 U.S.C.A. S 101(5). | Can a party obtain an equitable remedy without a wrong for which a remedy is necessary? | 003559.docx | LEGALEASE-00120370-LEGALEASE-00120371 |
| N. Tr. Co. v. Consol. Elevator Co., 142 Minn. 132 | 366+1 | Doctrine of subrogation is of purely equitable origin and nature; its object being to place a charge where it ought to rest, by compelling payment of a debt by him who ought in equity to pay it. | Is the doctrine of subrogation of equitable origin and nature? | 003648.docx | LEGALEASE-00120448-LEGALEASE-00120449 |
| Starr Int'l Co. v. United States, 106 Fed. Cl. 50 | 148+2.10(7) | Rough proportionality test used in connection with takings claim based on doctrine of unconstitutional conditions applies only in the context of land use exactions, and does not apply in context of monetary exactions. U.S.C.A. Const.Amend. 5. | Under what circumstance does the rough proportionality test apply? | Eminent Domain - Memo 142 - RK.docx | ROSS-003301422-ROSS-003301423 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| City of Brownsville v. Pub. Util. Comm'n of Texas, 616 S.W.2d 402 | 317A+102 | Public Utilities Regulatory Act was not invalid insofar as it purported to extend the jurisdiction of the Public Utilities Commission to municipally owned public utilities, even though the caption of the Act did not specifically refer to such utilities; the caption's reference to public utilities was sufficient. Vernon's Ann.Civ.St. art. 1446c, S 1 et seq.; Vernon's Ann.St.Const. Art. 3, S 35. | Does the caption of the Utility Regulation Act relate to the regulation of public utilities? | 003525.docx | LEGALEASE-00120897-LEGALEASE-00120898 |
| City of Dallas v. CKS Asset Mgmt., 345 S.W.3d 199 | 148+2.2 | City was acting under color of right, rather than pursuant to its power of eminent domain, when it asserted claim of ownership to real property, and thus did not have requisite intent to support adverse claimant's inverse condemnation claim, even though city had not established that its claim to property was superior to adverse claimant's, where city asserted ownership by detailing chain of title arising from abstracted judgments, related foreclosure sales, and its purchase of property for $972,120 by special warranty deed granted by third party. Vernon's Ann.Texas Const. Art. 1, S 17(a). | Is the State's intentional act of taking property for public use an exercise of its eminent domain powers? | Eminent Domain - Memo 150 - RK.docx | ROSS-003284700-ROSS-003284702 |
| Bochenek v. Walgreen Co., 18 F. Supp. 2d 965 | 237+100(2) | Under Indiana law, if a communication is defamatory per se, damages need not be specially pleaded or proved, and malice will be implied. | When is malice implied in an action for defamation? | Libel and Slander - Memo 160 - RK.docx | LEGALEASE-00010683-LEGALEASE-00010684 |
| State ex rel. Utilities Comm'n v. Edmisten, 291 N.C. 327 | 92+4371 | Utilities Commission's interim ex parte order which authorized fossil fuel adjustment clause to be placed in effect by electric utility on an interim basis pending further hearing and final determination did not violate constitutional due process requirements of notice and an opportunity to be heard, since sufficient protection was afforded by subsequent hearings and utility's refund undertaking. Const.1970, art. 1, S 19; U.S.C.A.Const. Amend. 14; G.S. S 62-132. | Why was General Statutes s 62135 enacted? | Public Utilities - Memo 66 - AM.docx | ROSS-003301366-ROSS-003301367 |
| Transamerica Ins. Co. v. Barnes, 29 Utah 2d 101 | 366+1 | Subrogation is not a matter of right but may be invoked only in those circumstances where justice demands its application. (Per Callister, C. J., with one Justice concurring and one Justice concurring in the result.) | Is subrogation permitted only when the rights of those seeking subrogation have greater equity than the rights of those who oppose it? | 043598.docx | LEGALEASE-00121001-LEGALEASE-00121002 |
| PM Farms v. Young, 233 F. Supp. 3d 706 | 23+3.2 | Administrative proceedings in connection with farmer's violations of regulations governing highly erodible land (HEL) arising from not following approved conservation plan did not violate farmer's due process rights, since before imposition of any graduated pay reduction (GPR) penalty, farmer was informed of alleged violations, and farmer had meaningful opportunities to challenge, including requesting reconsideration, appealing to Farm Service Agency (FSA), seeking good faith relief, appealing to National Appeals Division (NAD) of United States Department of Agriculture (USDA), and exercising right to judicial review. U.S. Const. Amend. 5; 7 C.F.R. S 12.6(c)(9). | When is a person ineligible for USDA program benefits? | 006747.docx | LEGALEASE-00121751-LEGALEASE-00121752 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Compassion Over Killing v. U.S. Food & Drug Admin., 849 F.3d 849 | 23+3.3(3) | Agricultural Marketing Service (AMS) did not act arbitrarily or capriciously, in violation of the Administrative Procedures Act (APA), in denying petition submitted by organizations that advocated for animal rights and individual egg consumers, requesting that AMS promulgate regulations requiring all egg cartons to identify conditions in which the egg-laying hens were kept during production; AMS lacked authority to promulgate mandatory labeling requirements for shell eggs under the Agricultural Marketing Act (AMA). 7 U.S.C.A. S 1622(c). | What does the Agricultural Marketing Act (AMA) authorize the Agricultural Marketing Service (AMS) to do? | 006751.docx | LEGALEASE-00121747-LEGALEASE-00121748 |
| Tilton v. Reclamation Dist. No. 800, 142 Cal. App. 4th 848 | 148+2.17(5) | Damage to real property allegedly caused by negligence of reclamation district in maintenance of levees did not constitute "taking" that would support inverse condemnation or S 1983 cause of action. 42 U.S.C.A. S 1983; West's Ann.Cal. Const. Art. 1, S 19. | Can a property owner recover in an inverse condemnation proceeding for damages caused by acts of carelessness or neglect on the part of a public agency? | 017408.docx | LEGALEASE-00121465-LEGALEASE-00121466 |
| Matter of Bd. of Cty. Comm'rs of Cty. of Arapahoe, 891 P.2d 952 | 307A+2 | Purpose of rule authorizing court to enter order determining question of law is to allow court to address issues of law which do not decide claim but will have significant impact on litigation. Rules Civ.Proc., Rule 56(h). | What is the purpose of a 56(h) motion? | Pretrial Procedure - Memo # 6 - C - SU.docx | ROSS-003325432-ROSS-003325433 |
| Union Planters Bank, N.A. v. FT Mortg. Companies, 341 Ill. App. 3d 921 | 366+27 | There are two types of subrogation: (1) contractual or conventional rights, and (2) common law or equitable rights. | Are the two types of subrogation conventional and equitable? | Subrogation - Memo # 452 - C - NO.docx | ROSS-003301430-ROSS-003301431 |
| Bel Air & Briney v. City of Kent, 190 Wash. App. 166 | 366+1 | Subrogation is an equitable remedy, and is founded in the facts and circumstances of each particular case. | Does equitable subrogation depend on the facts and circumstances of each case? | 043674.docx | LEGALEASE-00121247-LEGALEASE-00121249 |
| Cont'l Cas. Co. v. Ryan Inc. E., 974 | 366+1 | Equitable (sometimes referred to as legal) subrogation arises by operation of law. | Does subrogation arise by operation of law or agreement? | Subrogation - Memo # 463 - C - SA.docx | ROSS-003297074-ROSS-003297075 |
| In re N. Am. Rubber Thread Co., 333 B.R. 164 | 366+1 | Doctrine of equitable subrogation is available when there is no express subrogation agreement. | Is the doctrine of equitable subrogation available when there is no express subrogation agreement? | Subrogation - Memo # 499 - C - NO.docx | ROSS-003310401-ROSS-003310403 |
| Dieden v. Schmidt, 104 Cal. App. 4th 645 | 366+1 | Doctrine of equitable subrogation invokes court's equitable jurisdiction. | Does the Doctrine of equitable subrogation invoke a court's equitable jurisdiction? | Subrogation - Memo # 632 - C - SA.docx | ROSS-003288012-ROSS-003288013 |
| E. Sav. Bank, FSB v. Papageorge, 31 F. Supp. 3d 1 | 386+6 | "Chattel," for purposes of trespass to chattels under District of Columbia law, includes personal property, but not money. | Is personal property included within the meaning of chattel for the purpose of trespass to chattel? | 047154.docx | LEGALEASE-00121366-LEGALEASE-00121368 |
| Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, 7 F.3d 1110 | 170B+3403 | Pension plan trustees waived argument that they could not have intended to submit statutory ERISA claims to arbitration since those claims were not arbitrable at time of signing agreement; trustees did not raise argument before district court, and manifest injustice would not result since trustees were assured of arbitration forum. | Does a district court's duty to enforce an arbitration agreement diminish when a party to the agreement asserts a statutory claim? | 007084.docx | LEGALEASE-00122428-LEGALEASE-00122430 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Leahy v. Haworth, 141 F. 850 | 83E+374 | A written assignment on the back of a promissory note payable to the order of the payee, signed by such payee, is the equivalent of a blank indorsement to transfer title to the note free from equities, either under the law merchant or Comp.St.Neb.1901, S 3380, which provides that "all bonds, promissory notes, bills of exchange, foreign and inland, drawn for any sum or sums of money certain, and made payable to any person or order, or to any person or assigns, shall be negotiable by indorsement thereon so as absolutely to transfer and vest the property thereof in each and every indorsee successfully," and under such section a written guaranty, signed by the payee on the back of a note payable to his order, constitutes an indorsement with an enlarged liability, and transfers the legal title free from equities existing between the maker and payee. | Does the payee of a negotiable note who signed his name on the back of the note assume liabilities? | 009554.docx | LEGALEASE-00122336-LEGALEASE-00122338 |
| United States v. Miller, 317 U.S. 369 | 148+131 | Since owner is to receive no more than indemnity for condemned land, his award cannot be enhanced by any gain to the taker. | Can the award be enhanced by any gain to the taker under the takings law? | 017430.docx | LEGALEASE-00121930-LEGALEASE-00121931 |
| Mike's Contracting v. United States, 92 Fed. Cl. 302 | 148+82 | Real property, tangible property, and intangible property, all may be the subject of Fifth Amendment takings claims. U.S.C.A. Const.Amend. 5. | "Are real, tangible and personal property protected by taking clause?" | 017444.docx | LEGALEASE-00122229-LEGALEASE-00122230 |
| Kadrovach v. State, 61 N.E.3d 1241 | 203+1404 | Language in instruction, which included a general, statutory definition of an "attempt" to commit any offense, stating that the culpability necessary to prove an attempt was the same level as was required for the offense itself, was not an accurate statement when the attempted offense was murder, given that murder and attempted murder were not subject to the same level of culpability. West's A.I.C. 35-41-5-1(a), 35-42-1-1(1). | Are murder and attempted murder subject to the same level of culpability? | 019339.docx | LEGALEASE-00122458-LEGALEASE-00122459 |
| Others First v. Better Bus. Bureau of Greater St. Louis, 829 F.3d 576 | 237+6(1) | Alleging a conflict of interest is not defamatory under Missouri law unless it implies undisclosed defamatory facts. | Are allegations of conflict of interests defamatory? | Libel and Slander - Memo 186  - BP.docx | ROSS-003300641-ROSS-003300642 |
| Harris v. Wallette, 538 So.2d 728 | 289+451 | Whether parties have used the word "partnership" is immaterial in determining whether their enterprise is a partnership. | "If the parties do not use the words partners or partnership, will that affect the existence of the partnership?" | 021813.docx | LEGALEASE-00122471-LEGALEASE-00122472 |
| Gunn v. Central R.R., 74 Ga. 509 | 101+2253 | The powers of a corporation are limited and fixed by the act of incorporation, and besides the powers thus specially granted, it has those which are common to all corporations. The power to form a partnership is not one of those which is common to all corporations; and where the charter of a railroad conferred no such power upon it, it had no authority to enter into a partnership with a natural person to run a line of boats and carry passengers, and its acts and contracts pertaining to the business of such an association are invalid as against the firm and the corporation as a member thereof; and it is not liable to an action for a tort arising from a breach of duty created by a contract of such a firm. | Do corporations have the power to become members of a partnership? | 021826.docx | LEGALEASE-00122487-LEGALEASE-00122488 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Funneman, 155 B.R. 197 | 289+953 | Under Illinois law, partners' rights in partnership property are secondary to rights of partnership creditors; until creditors of partnership are satisfied, no partner has right to any distribution from partnership. | Are partners rights in partnership property secondary to the rights of partnership creditors? | 021865.docx | LEGALEASE-00122526-LEGALEASE-00122527 |
| McGurren v. City of Fargo, 66 N.W.2d 207 | 302+214(4) | A demurrer does not admit inferences and conclusions unless they appear clearly drawn from the facts alleged. | Does a demurrer admit the inferences or conclusions from the facts alleged in the complaint? | Pleading - Memo 132 - RMM.docx | LEGALEASE-00012020-LEGALEASE-00012021 |
| Singh v. Larry Fowler Trucking, 390 S.W.3d 280 | 30+205 | Although plaintiff driver, who was rear-ended by defendant driver, did not make a separate offer of proof, there was sufficient evidence in the record from which appellate court could determine the trial court's reasoning in granting defendant's motion in limine to exclude deposition testimony of plaintiff's medical expert and whether court's ruling was erroneous, given that the appellate record contained full deposition of plaintiff's medical expert, the motion in limine, and the trial court's order on the motion; substance of the evidence and the specific evidentiary basis supporting admission or exclusion were apparent from the context. Rules of Evid., Rule 103(a)(2). | "Although rulings on motions in limine are within the discretion of the trial court, are discretionary choices left to a court's inclination?" | Pretrial Procedure - Memo # 388 - C - NE.docx | ROSS-003282162-ROSS-003282163 |
| Certain Underwriters at Lloyd's, London v. S. Nat. Gas Co., 142 So. 3d 436 | 307A+3 | A trial court has broad discretion in determining whether to grant a motion in limine. | Do trial courts have broad discretion when ruling on a motion in limine? | Pretrial Procedure - Memo # 21 - C - KA.docx | LEGALEASE-00012210-LEGALEASE-00012211 |
| Jakobsen v. Colonial Pipeline Co., 237 Ga. App. 441 | 307A+3 | Trial court can modify a ruling on a motion in limine. | Can a trial court modify a ruling on a motion in limine? | 028148.docx | LEGALEASE-00122125-LEGALEASE-00122126 |
| Bifano v. Young, 665 S.W.2d 536 | 307A+3 | Granting of a motion in limine is not a final ruling on the evidence. | Is the granting of a motion in limine not a final ruling on the evidence? | Pretrial Proceedure - Memo # 42 - C - TJ.docx | ROSS-003297535-ROSS-003297536 |
| Fed. Ins. Co., an Indiana corporation v. Hartford Steam Boiler Inspection & Ins. Co., 415 F.3d 487 | 366+1 | Equitable subrogation is a flexible, elastic doctrine of equity. | "Is equitable subrogation a flexible, elastic doctrine of equity, whose application should and must proceed on case-by-case analysis characteristic of equity jurisprudence?" | 044142.docx | LEGALEASE-00121792-LEGALEASE-00121793 |
| In re Cone Constructors, 265 B.R. 302 | 316H+239 | Under Florida law, surety is entitled to right of equitable subrogation with respect to any contract funds owed by owner of project, where contractor has defaulted on public construction project, and surety has performed its obligations under bond. | Is a surety that satisfies its obligations under payment or performance bond subrogated to rights of party that he paid? | 044212.docx | LEGALEASE-00122135-LEGALEASE-00122136 |
| Vang Chanthavong v. Aurora Loan Services, 448 B.R. 789 | 13+61 | Under California law, a claim accrues when an action could have been brought. | Does a claim or cause of action accrue when an action could have been brought? | 005442.docx | LEGALEASE-00122805-LEGALEASE-00122806 |
| Pioneer Roofing Co. v. Mardian Const. Co., 152 Ariz. 455 | 241+43 | Accrual of cause of action means right to institute and maintain suit. | Does cause of action arise when party has a right to file suit? | Action - Memo # 147 - C - CS.docx | ROSS-003324741-ROSS-003324742 |
| Whitney v. Whitney, 316 Mass. 367 | 13+61 | Actual injury and not anticipated injury is the ground of legal recovery. | Is actual injury and not anticipated injury the ground of legal recovery? | 005594.docx | LEGALEASE-00123973-LEGALEASE-00123974 |
| Fredericksen v. Knight Land Corp., 667 P.2d 34 | 241+43 | The statute of limitations begins to run at the moment that a cause of action arises. | Does a cause or right of action arise the moment action may be maintained to enforce it? | 005636.docx | LEGALEASE-00124031-LEGALEASE-00124033 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Katrina Canal Breaches Consol. Litig., 629 F. Supp. 2d 601 | 13+61 | Cause of action for property damage arises under Louisiana law when damages are incurred; it is only once damages are incurred that cause of action is considered to have vested. | Does a cause of action for property damage arise when damages are incurred? | Action - Memo # 28 - C - LK.docx | LEGALEASE-00012628-LEGALEASE-00012629 |
| In re Bounds, 495 B.R. 725 | 51+2556 | Chapter 7 debtor-husband's cause of action for his attorneys' alleged malpractice, in purportedly devising ill-conceived and self-serving plan to stall pending state court litigation by advising him to file for bankruptcy on eve of trial without explaining that any judgment from litigation would not be dischargeable in bankruptcy and that securities violations alleged would render his homestead nonexempt, accrued on the moment that bankruptcy case was commenced and some of alleged injury first occurred, even if debtor-husband did not at that time know the full extent of his injuries; accordingly, malpractice claims belonged, not to debtor-husband, but to bankruptcy estate. 11 U.S.C.A. S 541(a)(1). | Do the facial allegations in the complaint limit and guide the court's analysis of when a cause of action accrues? | Action - Memo # 33 - C - LK.docx | ROSS-003298702-ROSS-003298703 |
| Eck v. Godbout, 444 Mass. 724 | 13+61 | A claim arises at the time of the underlying incident giving rise to the claim. | Does a claim arise at the time of the underlying incident? | Action- Memo # 77 - C - LK.docx | ROSS-003308607-ROSS-003308608 |
| Snyder v. Farnam Companies, 792 F. Supp. 2d 712 | 360+18.15 | Consumers' claims under New Jersey law against manufacturer of pesticide products for cats and dogs for breach of express warranty, breach of implied warranty, and unjust enrichment, were not pre-empted by FIFRA's labeling requirements; although success on breach of express warranty claim might lead to a label change on the product, such change would not be a requirement in violation of FIFRA's preemption provision, breach of implied warranty of merchantability claim only required that the product itself be merchantable, not that manufacturer label its products in any particular way, and unjust enrichment claim only alleged that product received was not product consumers had bargained for, so did not address any labeling requirements. Federal Insecticide, Fungicide, and Rodenticide Act, SS 3, 3(c), 24(b), 7 U.S.C.A. SS 136a, 136a(c), 136v(b). | "According to the Supreme Court, what does not qualify as a requirement for labeling or packaging with regards to manufacturers?" | 006735.docx | LEGALEASE-00123971-LEGALEASE-00123972 |
| McKesson Corp. v. Islamic Republic of Iran, 539 F.3d 485 | 221+342 | Act of state doctrine applies when the relief sought against a foreign sovereign or the defense interposed by the sovereign would require a court in the United States to declare invalid the official act of the foreign sovereign performed within its own territory. | Does the act of state doctrine apply only to conduct that is by nature distinctly sovereign? | 019720.docx | LEGALEASE-00123783-LEGALEASE-00123784 |
| Barber v. Tadayasu Abo, 186 F.2d 775 | 221+134 | Mere renunciation of one citizenship does not of itself create another, and it is only by the law of the nation of the successor citizenship that the renunciant may attain it. | Does mere renunciation of one citizenship create another? | 019972.docx | LEGALEASE-00122908-LEGALEASE-00122909 |
| Lizarbe v. Rondon, 642 F. Supp. 2d 473 | 221+342 | Application of the act of state doctrine depends on a case-by-case analysis. | Does the application of the act of state doctrine depend on a case-by-case analysis? | 019993.docx | LEGALEASE-00123209-LEGALEASE-00123210 |
| Stserba v. Holder, 646 F.3d 964 | 221+154 | It is within each state's domestic jurisdiction to decide who are its nationals. | Is it within each states domestic jurisdiction to decide who its nationals are? | 020535.docx | LEGALEASE-00123309-LEGALEASE-00123310 |
| Fogade v. ENB Revocable Tr., 263 F.3d 1274 | 221+342 | Act of state doctrine applies to affirmative defenses. | Does the act of state doctrine apply to affirmative defenses? | 020783.docx | LEGALEASE-00123654-LEGALEASE-00123655 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ingram v. Clover Leaf Lumber Co., 331 Mo. 739 | 289+1019 | Receiver will not be appointed for partnership property except where necessary for protection of property rights of the parties. | When can the court refuse to appoint a receiver of partnership property? | Partnership - Memo 176 - BP.docx | ROSS-003298878-ROSS-003298879 |
| Merwin v. Ziebarth, 252 N.W.2d 193 | 289+469 | Concept of "ostensible partnership" is essentially equivalent to the concept of "partnership by estoppel" defined in statute. NDCC 45-06-08. | Is ostensible partnership equivalent to the partnership by estoppel? | Partnership - Memo 177 - BP.docx | LEGALEASE-00013522-LEGALEASE-00013523 |
| In re Singer, 99 A.D.3d 802 | 307A+3 | Motion in limine is an inappropriate substitute for a motion for summary judgment. | Is a motion in limine an inappropriate substitute for a motion for summary judgment? | Pretrial Procedure - Memo # 291 - C - CRB.docx | ROSS-003283738-ROSS-003283740 |
| Eckler v. Allen, 231 S.W.3d 379 | 307A+1 | Trial judges have the right to set and enforce deadlines. | Do trial judges have the right to set and enforce deadlines? | Pretrial Procedure - Memo # 320 - C - ANC.docx | ROSS-003285157-ROSS-003285158 |
| Morris v. Brandenburg, 376 P.3d 836 | 368+3 | Statute criminalizing "assisting suicide," which is defined as "deliberately aiding another in the taking of his own life," prohibits physician aid in dying, which is the medical practice of providing a mentally-competent, terminally-ill patient with a prescription for medication that the patient may choose to take in order to bring about a peaceful death if the patient finds his or her dying process unbearable. N.M. Stat. Ann. S 30-2-4. | How is the term assisting suicide defined? | 044465.docx | LEGALEASE-00122560-LEGALEASE-00122561 |
| United States v. Lovknit Mfg. Co., 189 F.2d 454 | 13+61 | A cause of action will "accrue" when all the facts exist, whether known or not, which will authorize a suit. | When does a cause of action accrues? | 005807.docx | LEGALEASE-00124910-LEGALEASE-00124911 |
| Powderly v. MetraByte Corp., 866 F. Supp. 39 | 25T+133(1) | Under Federal Arbitration Act, use of term "arbitrate" is not vital ingredient of agreement to do so. 9 U.S.C.A. S 2. | Is the use of the term arbitrate a vital ingredient of an arbitration agreement? | 007168.docx | LEGALEASE-00125565-LEGALEASE-00125567 |
| Hooters of Am. v. Phillips, 173 F.3d 933 | 25T+134(5) | Arbitral forum need not replicate the judicial forum for arbitration agreement to be enforceable. | Does an arbitral forum need to replicate a judicial forum to be enforceable? | Alternative Dispute Resolution - Memo 431 - RK.docx | LEGALEASE-00014211-LEGALEASE-00014213 |
| Lafontant v. Aristide, 844 F. Supp. 128 | 221+151 | Exiled president of Haiti was entitled to head-of-state immunity in civil rights action arising out of his alleged extrajudicial killing of political opponent in Haiti, notwithstanding contention that killing was private, rather than official act; whether killing was private or official act was irrelevant as neither Foreign Sovereign Immunities Act (FSIA) nor Torture Victim Protection Act (TVPA) negated head-of-state immunity. 28 U.S.C.A. S 1605; Torture Victim Protection Act of 1991, SS 2, 3, 28 U.S.C.A. S 1350 note. | Does the Torture Victim Protection Act (TVPA) negate common-law head-of-state immunity? | 020158.docx | LEGALEASE-00124749-LEGALEASE-00124750 |
| Glen v. Club Mediterranee S.A., 365 F. Supp. 2d 1263 | 221+351 | Act of state doctrine did not have exception for commercial activity. | Does the act of state doctrine have an exception for commercial activity? | International Law - Memo # 290 - C - SS.docx | ROSS-003298308-ROSS-003298309 |
| Slater v. Jackson, 163 Ga. App. 342 | 307A+1 | Where no pretrial order is entered, pretrial proceedings end with commencement of trial proper and taking of evidence, and unfettered right to amend ceases and party may amend his pleading only by leave of court or by consent of adverse party. Code, S 81A-115. | When do pretrial proceedings end? | 030931.docx | LEGALEASE-00124987-LEGALEASE-00124988 |
| Chavis v. Dir., State Worker's Comp. Div., 924 S.W.2d 439 | 307A+3 | Motion in limine is not valid substitute for objection or motion to strike. | Is a motion in limine a valid substitute for an objection or motion to strike? | Pretrial Procedure - Memo # 508 - C - LK.docx | ROSS-003281676-ROSS-003281677 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Young, 136 Idaho 113 | 110+632(4) | An order granting a motion in limine is not a final order; the trial court can reconsider the issue at any time. | Is a granted motion in limine a final order? | 041194.docx | LEGALEASE-00124196-LEGALEASE-00124197 |
| Pub. Utilities Comm'n v. Natatorium Co., 36 Idaho 287 | 405+2277 | Where waters flowing from a water company's hot water wells were private waters, the facts of distribution to a selected class of customers for compensation, that the company originally filed notices of location and appropriation of the hot waters of certain springs, and was authorized by its charter to devote such waters to a public use, in the absence of an unequivocal intention to dedicate to a public use, do not of themselves constitute the company a public service corporation, since such waters belong to the company as unqualifiedly as the land upon which the springs were found. | Is the dedication of the property of a corporation to public use presumed without evidence of unequivocal intention? | Public Utilities - Memo 153 - AM.docx | LEGALEASE-00015336-LEGALEASE-00015338 |
| Rupp v. Transcon. Ins. Co., 627 F. Supp. 2d 1304 | 366+1 | Under Utah law, subrogation must not work any injustice to the rights of others. | Is it required that subrogation must not work any injustice to the rights of others? | Subrogation - Memo # 436 - C - SU.docx | ROSS-003312146-ROSS-003312147 |
| In re Stambaugh, 532 B.R. 572 | 366+1 | Four criteria must be met in order for equitable subrogation to apply as exception to Pennsylvania's "first in time" lien priority rule: (1) claimant must have paid creditor to protect his own interests; (2) claimant must not have acted as volunteer; (3) claimant must not have been primarily liable for debt; and (4) allowing subrogation must not cause injustice to the rights of others. | Is the first in time rule an exception to equitable subrogation? | Subrogation - Memo 1000 - C- CAT.docx | ROSS-003299378 |
| N. Tr. Co. v. Consol. Elevator Co., 142 Minn. 132 | 366+1 | Doctrine of subrogation is of purely equitable origin and nature; its object being to place a charge where it ought to rest, by compelling payment of a debt by him who ought in equity to pay it. | Is the doctrine of subrogation purely equitable origin? | Subrogation - Memo 1025 - C- CAT.docx | ROSS-003284152-ROSS-003284153 |
| Philadelphia Indem. Ins. Co. v. Pace Suburban Bus Serv., 2016 IL App (1st) 151659 | 366+1 | Subrogation is allowed to prevent injustice and unjust enrichment but will not be allowed where it would be inequitable to do so. | Will subrogation be allowed where it would be inequitable? | Subrogation - Memo 992 - C- CAT.docx | ROSS-003285471-ROSS-003285472 |
| Jordan v. Knox Cty., 213 S.W.3d 751 | 79+7 | Circuit and criminal court clerks are considered to be county officials, but the positions are created as part of the judicial branch of the government; therefore, court clerks may not be subjected to term limits imposed by county. West's T.C.A. Const. Art. 6, S 13; Art. 7, S 1; West's T.C.A. S 5-1-204(f)(1). | Are court clerks considered to be county officials? | 013523.docx | LEGALEASE-00125702-LEGALEASE-00125703 |
| People v. Jones, 2017 WL 3262112 | 203+709 | The mental state for murder is knowledge, while the mental state for involuntary manslaughter is recklessness. S.H.A. 720 ILCS 5/9-1(a)(1, 2), 5/9-3. | Is mental state of involuntary manslaughter considered as recklessness? | Homicide - Memo 160 - VG.docx | ROSS-003298628-ROSS-003298629 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Miller v. Journal-News, 211 A.D.2d 626 | 237+55 | Newspaper article stating that police officer was "suspended" from his duties by police department pending departmental investigation into shooting incident was substantially true, barring officer's libel action against newspaper, although officer was placed on "administrative leave" instead of suspended; terms "suspended" and "placed on administrative leave" were interchangeable given underlying facts of incident reported and action taken by police department in placing officer on leave pending internal investigation. | Can a substantial truth of the newspaper articles bar a libel action? | 021108.docx | LEGALEASE-00125604-LEGALEASE-00125605 |
| CompuServe Inc. v. Cyber Promotions, 962 F. Supp. 1015 | 386+6 | Use of personal property exceeding consent is trespass. Restatement (Second) of Torts S 256. | Can the use of personal property exceeding consent constitute a trespass? | Trespass - Memo 190 - RK.docx | LEGALEASE-00015750-LEGALEASE-00015751 |
| Konecny v. United States, 388 F.2d 59 | 13+61 | A cause of action accrues at the time when an action thereon can be commenced. | Does a cause of action accrue at the time when an action thereon can be commenced? | 005336.docx | LEGALEASE-00126078-LEGALEASE-00126079 |
| Morning v. Bd. of Educ. of City Sch. Dist. of City of New York, 28 Misc. 3d 653 | 141E+364 | Claim against a school district accrues when damages mature and become certain and ascertainable. | Does the claim accrue when damages become ascertainable? | 005460.docx | LEGALEASE-00126246-LEGALEASE-00126247 |
| Coca-Cola Co. v. Harmar Bottling Co., 218 S.W.3d 671 | 361+1415 | A statute will not be given extraterritorial effect by implication but only when such intent is clear. | Will a statute be given extraterritorial effect by implication? | 005740.docx | LEGALEASE-00126263-LEGALEASE-00126264 |
| Estep v. Commissioners of Boundary Cty., 122 Idaho 345 | 79+1 | Clerk of the district court is judicial official, despite possession of powers and duties which are nonjudicial. Const. Art. 5, S 16. | Are clerks of court judicial officials? | 013424.docx | LEGALEASE-00126278-LEGALEASE-00126279 |
| Luf v. Town of Southbury, 188 Conn. 336 | 148+2.19(1) | Property owner's diminution of their access rights under statute preserving for them a less valuable but nonetheless legally viable right of access to public highway system after discontinuance of public highway did not, in practical effect, so drastically impair economic utilization of land that discontinuance of public highway, as to them, was a taking of their property. C.G.S.A. S 13a-55; U.S.C.A. Const. Amends. 5, 14. | Do some impairment of access rights and some diminution in the total value of property justify a conclusion that there has been an unconstitutional taking? | 017595.docx | LEGALEASE-00126157-LEGALEASE-00126158 |
| Sampson v. Fed. Republic of Germany, 975 F. Supp. 1108 | 221+333 | Universal jurisdiction, such as exists under international law for certain offenses, applies to a foreign national, not to a foreign sovereign. | Does universal jurisdiction apply to a foreign national or a foreign sovereign? | 020635.docx | LEGALEASE-00126016-LEGALEASE-00126017 |
| Craigslist Inc. v. 3Taps Inc., 942 F. Supp. 2d 962 | 386+7 | Under California law, tort of trespass to chattel does not encompass electronic communication that neither damages recipient computer system nor impairs its functioning. | Can unauthorized access to a computer system be considered a trespass? | Trespass - Memo 180 - RK.docx | ROSS-003286848-ROSS-003286849 |
| Stitzel v. Miller, 250 Ill. 72 | 13+61 | There cannot be any recovery in an ordinary common-law action, where the money is not due at the institution of the suit. | Can there be any recovery in an ordinary common-law action? | Action - Memo # - C 318-TJ.docx | ROSS-003286251-ROSS-003286253 |
| Hartford Life Ins. Co. v. Title Guarantee Co., 520 F.2d 1170 | 13+61 | Right to sue did not accrue until plaintiff had a cause of action. | Did right to sue accrue until plaintiff had a cause of action? | 005481.docx | LEGALEASE-00126363-LEGALEASE-00126364 |
| Republic Ins. Co. v. Culbertson, 717 F. Supp. 415 | 13+1 | Essential elements of a cause of action are a legal obligation, a breach, and consequential damage. | Is occurrence of an injury essential for a cause of action? | Action - Memo # 268 - C - ES.docx | ROSS-003313212-ROSS-003313213 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Vanderlinde Elec. Corp. v. City of Rochester, 54 A.D.2d 155 | 13+61 | There exists a distinction between an "accrued claim" and a cause of action: an "accrued claim" is one in which damages have accrued. | Is there a distinction between an accrued claim or claim accrued and a cause of action? | 005751.docx | LEGALEASE-00126640-LEGALEASE-00126641 |
| Caner v. Owners' Realty Co., 33 Cal. App. 479 | 95+277(1) | Where no time is specified for performance of contract other than for payment of money, a demand for performance is necessary to put promisor in default. | "For an action to lie for a default, should there be a demand and nonperformance?" | 006364.docx | LEGALEASE-00126395-LEGALEASE-00126396 |
| Parker v. Levy, 417 U.S. 733 | 34+3(1) | Just as military society has been a society apart from civilian society, so military law is a jurisprudence which exists separate and apart from the law which governs in our federal judicial establishment and to maintain the discipline essential to perform its mission effectively, the military has developed the customary military law. | Is the military a specialized community that is governed by laws separate from civilian society? | 008882.docx | LEGALEASE-00126371-LEGALEASE-00126372 |
| Commercial Trading Co. v. Trade Bank & Tr. Co., 207 Misc. 510 | 8.30E+05 | The free circulation of negotiable paper is to be encouraged and the law must be interpreted in that light. | How should the Negotiable Instrument Law be interpreted? | 009026.docx | LEGALEASE-00126749-LEGALEASE-00126750 |
| Corbin v. State ex rel. Slaughter, 324 So. 2d 203 | 79+66 | Clerk has no authority to contest validity of any act of court for which he acts as clerk purportedly done in performance of court's judicial function. | Is the clerk of the circuit court a ministerial officer of the court? | 013452.docx | LEGALEASE-00126778-LEGALEASE-00126779 |
| Powell v. Buchanan Cty., 348 Mo. 807 | 104+63 | The statute providing that no money shall be paid to any deputy or assistant county officer, who has not been authorized by county court to be appointed by any of the county officials authorized to appoint assistants and deputies, and statute providing that number of all deputies required by any county office shall be submitted to county court and county court shall by order of record permit such number as in their opinion the necessary duties of the office require, would be construed as referring to deputies and assistants other than chief deputy specified by statute providing for chief deputies of certain county officers and fixing their salaries at $1,920 per year. Mo.R.S.A. SS 13488, 13494, 13495. | Can a county court exercise discretion as to the number of deputies and assistants the clerk may appoint? | 013460.docx | LEGALEASE-00126786-LEGALEASE-00126787 |
| Forest Properties v. United States, 39 Fed. Cl. 56 | 148+2.1 | In determining whether there has been regulatory/partial taking of property, investment-backed expectation must be more than unilateral expectation or abstract need, it must be reasonable. U.S.C.A. Const.Amend. 5. | Should an investment-backed expectation be more than a unilateral expectation or an abstract need? | Eminent Domain - Memo 280 - GP.docx | ROSS-003290122-ROSS-003290123 |
| Robinson v. Martel Enterprises, 337 So. 2d 698 | 302+8(10) | Waiver is conclusion of law, and facts constituting such excuse must be pleaded. | Should facts constituting waiver be pleaded? | 023056.docx | LEGALEASE-00126708-LEGALEASE-00126709 |
| State v. Boschert, 693 S.W.2d 128 | 352H+122 | Defendant's abandonment of his attempt to rape victim after great deal of resistance by her was not a defense to attempted rape. V.A.M.S. SS 566.030, 558.016, subd. 1. | Is abandonment of rape a defense to attempted rape? | Sex Offence  - Memo 46 - SB.docx | ROSS-003290920-ROSS-003290921 |
| State v. Barclays Bank of New York, N.A., 151 A.D.2d 19 | 172H+622 | Named payee of undelivered check cannot bring conversion action against depository bank which cashed check over forged endorsement; delivery, either actual or constructive, is indispensable prerequisite for such action. McKinney's Uniform Commercial Code S 3-419. | Can delivery to one payee be considered as constructive delivery? | 009041.docx | LEGALEASE-00126934-LEGALEASE-00126935 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Skip Kirchdorfer v. United States, 6 F.3d 1573 | 148+2.2 | "Permanent physical occupation" of private property by government that constitutes taking under Fifth Amendment does not necessarily mean occupation unlimited in duration and does not need to be continuous and uninterrupted; rather, permanent physical occupation can have limited term and an intermittent intrusion still causes taking. U.S.C.A. Const.Amend. 5. | Does a permanent physical occupation need to be continuous and uninterrupted? | Eminent Domain - Memo 313 - GP.docx | ROSS-003286048-ROSS-003286049 |
| Kelley v. Mallory, 202 Or. 690 | 302+8(1) | Conclusion of law in pleading is not issuable, requires no denial, does not aid the pleading, and amounts to a nullity. | Is a conclusion of law a nullity? | 023064.docx | LEGALEASE-00126886-LEGALEASE-00126887 |
| First Am. Title Ins. Co. v. Cumberland Cty. Bank, 633 F. Supp. 2d 566 | 366+41(6) | Under Tennessee law, burden is on party claiming subrogation to prove entitlement. | Is the burden on the party claiming subrogation to prove entitlement? | 044253.docx | LEGALEASE-00127110-LEGALEASE-00127111 |
| Kofoed v. Indus. Comm'n of Utah, 872 P.2d 484 | 413+1 | Workers' compensation is centered on relationship between employer and employee. | Is workers compensation centered on the relationship between the employer and employee? | 048538.docx | LEGALEASE-00127191-LEGALEASE-00127192 |
| Mallon v. City of Long Beach, 164 Cal. App. 2d 178 | 212+1006 | Equity acts in the present and not in the past tense, and whether injunctive relief will be granted depends upon present and future conditions and not solely on conditions existing when suit was brought. | "In granting or dissolving injunction, does equity act in present tense?" | Action - Memo # 665 - C - SK.docx | ROSS-003286296-ROSS-003286298 |
| Holzapfel v. Hoboken Manufacturers' R. Co., 92 N.J.L. 193 | 13+62 | "It is, of course, elementary at common law that an action cannot be brought to recover money not due." | "In an action at law, can a claim maturing after suit was brought be included in judgment?" | 005943.docx | LEGALEASE-00127916-LEGALEASE-00127918 |
| Walden's Lessee v. Craig's Heirs, 39 U.S. 147 | 13+63 | At law, lapse of time can only operate by way of evidence. | "At law, can a lapse of time only operate by way of evidence?" | 006041.docx | LEGALEASE-00127358-LEGALEASE-00127359 |
| Cullen v. Johnson, 325 Mo. 253 | 13+36 | Defendant's answer in quiet title action, attempting to set up plaintiffs' laches as equitable defense, but unaccompanied by prayer for affirmative equitable relief, did not convert law action into equitable action. V.A.M.S. S 527.150. | Is laches peculiarly a defense to an equitable claim and has no place as a defense to an action at law? | 006090.docx | LEGALEASE-00127921-LEGALEASE-00127922 |
| F.C.C. v. Florida Power Corp., 480 U.S. 245 | 148+2.1 | Element of required acquiescence is at the heart of concept of occupation for purposes of per se taking analysis under the Fifth Amendment. U.S.C.A. Const.Amend. 5. | Is the element of required acquiescence at the heart of the concept of occupation? | Eminent Domain - Memo 329 - GP.docx | LEGALEASE-00017638-LEGALEASE-00017639 |
| Martin v. Makowski, 67 A.D.2d 1080 | 366+35 | It is possible to surrender one's right to subrogation by agreement. | Is it possible to surrender one's right to subrogation by agreement? | 043451.docx | LEGALEASE-00127728-LEGALEASE-00127729 |
| Celtic Life Ins. Co. v. McLendon, 814 So. 2d 222 | 217+3275 | Arbitration clause in medical insurance policy stating that the disputes may be resolved by arbitration provided for mandatory, not permissive, arbitration; other terms of the clause made arbitration binding and a waiver of the right to seek remedies in court, and if neither party had a right to insist on arbitration, the clause would be meaningless since the parties could always voluntarily submit to arbitration. | Can an arbitration provision be included in a contract when the parties to the agreement intended for arbitration to be permissive? | Alternative Dispute Resolution - Memo 471 - RK.docx | ROSS-003286972-ROSS-003286973 |
| Crawford v. Cushman, 531 F.2d 1114 | 34+2 | The military is subject to the Bill of Rights and its constitutional implications. | Is the military subject to the bill of rights and its constitutional implications? | 008355.docx | LEGALEASE-00128636-LEGALEASE-00128637 |
| Kelly v. Colston, 977 So. 2d 692 | 307A+501 | Petitioner has a nearly absolute right to voluntarily dismiss. West's F.S.A. RCP Rule 1.420. | Does a petitioner have a nearly absolute right to voluntarily dismiss? | Pretrial Procedure - Memo # 940 - C - KG.docx | ROSS-003327346-ROSS-003327347 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Harthun v. Edens, 2016 WL 1056960 | 307A+501 | In most situations, a voluntary non-suit may be taken as a matter of right; however, such is not the case when a motion for summary judgment is pending. Tenn. R. Civ. P. 41.01. | Can a voluntary non-suit be taken as a matter of right? | 039097.docx | LEGALEASE-00128261-LEGALEASE-00128262 |
| In re Spree.Com Corp., 295 B.R. 762 | 366+35 | Under Pennsylvania law, subrogation rights do not exist unless asserted by subrogee. | Do subrogation rights exist unless asserted by a subrogee? | Subrogation - Memo # 1100- C - SK.docx | ROSS-003313733 |
| Nestel v. Future Const., 836 N.E.2d 445 | 366+35 | Negligence and breach of contract do not supersede a waiver of subrogation. | Does negligence and breach of contract supersede a waiver of subrogation? | 043178.docx | LEGALEASE-00128531-LEGALEASE-00128532 |
| Lexington Ins. Co. v. Entrex Commc'n Servs., 275 Neb. 702 | 366+35 | A contractual waiver of subrogation is enforceable against gross negligence claims. | Can you contractual waive subrogation and have it be enforceable against gross negligence claims? | 043212.docx | LEGALEASE-00128561-LEGALEASE-00128562 |
| Footlocker v. KK & J, 69 A.D.3d 481 | 217+3522 | Waiver of subrogation clauses are necessarily premised on the procurement of insurance by the parties. | Does a party need insurance to waive of subrogation clauses? | 043235.docx | LEGALEASE-00128453-LEGALEASE-00128454 |
| In re Spree.Com Corp., 295 B.R. 762 | 366+35 | Under Pennsylvania law, subrogation is not self-executing, but is right which must be pursued with reasonable diligence by the alleged subrogee or it is lost. | Can subrogation be self-executing? | Subrogation - Memo # 1082 - C - KG.docx | ROSS-003317333-ROSS-003317335 |
| Noroton Properties v. Lawendy, 154 Conn. App. 367 | 8.30E+184 | A "promissory note" is nothing more than a written contract for the payment of money, and, as such, contract law applies. | Is a promissory note a contract? | Bills and Notes - Memo 142 - RK.docx | LEGALEASE-00018580-LEGALEASE-00018581 |
| Abbott v. Hurst, 643 So.2d 589 | 289+485 | When no time is fixed by contract for continuance of a partnership, partnership at will is created. | "When no time is fixed by contract for the continuance of a partnership, is a partnership at will created?" | 021973.docx | LEGALEASE-00128895-LEGALEASE-00128896 |
| Walthall v. U.S., 911 F.Supp. 1275 | 289+637 | Notice to one partner regarding matter of importance to partnership is notice to every partner. AS 32.05.070. | Does a notice to one partner serve as a notice to allthe partners? | Partnership - Memo 215 - RK.docx | LEGALEASE-00018665-LEGALEASE-00018666 |
| Rodgers v. RAB Investments, Ltd., 816 S.W.2d 543 | 289+950 | Ouster of partner is sufficient expression of will to dissolve partnership; partnership continues to exist, at least for purposes of winding up, and only on termination does relationship end. | Is the ouster of a partner a sufficient expression of the will to dissolve the partnership? | 021997.docx | LEGALEASE-00128921-LEGALEASE-00128922 |
| Bushman Const. Co. v. Air Force Academy Housing, 327 F.2d 481 | 226H+3 | Generally, substantive law of partnerships is applicable to joint adventures. | Is the substantive law of partnership applicable to joint ventures? | Partnership - Memo 239 - RK.docx | ROSS-003300294-ROSS-003300295 |
| Found. Engineers v. Superior Court, 19 Cal. App. 4th 104 | 401+5.5 | Action is not transitory for venue purposes simply because money damages are sought but, rather, an action may essentially be local although it seeks damages for injury to real property. West's Ann.Cal.C.C.P. SS 392, 395(a, b), 395.5. | "Are alleged defects in underground water pipelines, resulting from defendants' alleged breach of contract, the type of injuries to real property contemplated by venue statutes for actions relating to real property?" | 047494.docx | LEGALEASE-00128881-LEGALEASE-00128882 |
| Vincent v. Vincent, 06-419 (La. App. 5 Cir. 10/31/06), 945 So. 2d 114 | 30+4 | An appeal is not the appropriate remedy to attempt to annul a consent judgment. | Is an appeal the appropriate remedy to obtain relief from a consent judgment? | Appeal and error - Memo 34 - RK.docx | LEGALEASE-00018899-LEGALEASE-00018900 |
| Gran v. Hale, 294 Ark. 563 | 250+4(4) | Mandamus, certiorari, or prohibition could not be used by pro se petitioner as substitute for appeal challenging convictions. A.C.A. S 16-17-703. | "Can mandamus, prohibition, or certiorari be used as a substitute for appeal?" | Appeal and error - Memo 42 - RK.docx | LEGALEASE-00018914-LEGALEASE-00018915 |
| C & V Club v. Gonzalez, 953 S.W.2d 755 | 30+5 | Elements necessary for Court of Appeals to review case by writ of error are mandatory and jurisdictional and cannot be waived. Rules App.Proc., Rule 45. | What are the requirements for bringing an appeal by writ of error? | 008215.docx | LEGALEASE-00129097-LEGALEASE-00129098 |
| Pilkington v. Potwin, 163 Iowa 86 | 30+13 | A subsequent appeal or notice by the same party while the first is pending is nugatory. | Is a subsequent appeal or notice by the same party while their first appeal is pending considered nugatory? | Appeal and error - Memo 52 - RK.docx | ROSS-003326088-ROSS-003326089 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Clouser v. Espy, 42 F.3d 1522 | 411+8 | Mining statute limiting government regulation that materially interferes with use of surface of mining claim did not apply to actions taken by Forest Service to regulate mining-related activities occurring on national forest lands outside of boundary of mining claim. 30 U.S.C.A. S 612(b). | Is the Forest Service authorized to interfere with mining claims? | Woods and Forest - Memo 35 - RK.docx | LEGALEASE-00018976-LEGALEASE-00018977 |
| Houston Cty. v. Harrell, 287 Ga. 162 | 30+14(0.5) | A party is not entitled to a second appeal from a single order. | Is a party entitled to a second appeal from a single order? | 008230.docx | LEGALEASE-00129398-LEGALEASE-00129399 |
| Massaline v. Carter, 528 So. 2d 561 | 30+103 | Order of abatement and stay, which was filed in circuit court, was not appealable; moreover, District Court of Appeal had no jurisdiction to review matter as a petition for writ of certiorari because such a petition must be filed with the District Court, and not the circuit court as in plenary appeals, within 30 days of rendition of order to be reviewed. West's F.S.A. R.App.P.Rules 9.020(g), 9.040(c), 9.100(b, c). | Can a petition for a writ of certiorari be treated as a notice of appeal? | 008232.docx | LEGALEASE-00129423-LEGALEASE-00129424 |
| Clark v. Elza, 286 Md. 208 | 30+21 | Consent of the litigants cannot vest jurisdiction in an appellate court. | Can the consent of the litigants vest jurisdiction in an appellate court? | Appeal and error - Memo 72 - RK.docx | LEGALEASE-00019052-LEGALEASE-00019053 |
| Centennial Ins. Co. v. Sandner, 259 Ga. 317 | 30+14(4) | Under Appellate Practice Act, appellee may institute cross appeal against party other than appellant. O.C.G.A. SS 5-6-30 to 5-6-51. | Can an appellee institute a cross appeal against a party other than the appellant? | Appeal and error - Memo 75 - RK.docx | ROSS-003313498-ROSS-003313499 |
| Antonuk v. United States, 445 F.2d 592 | 34+3(1) | Discretionary rulings by the Army are beyond the power of review of civilian courts. | Can discretionary rulings of an army be subject to judicial review? | Armed Services - Memo 104 - JS.docx | ROSS-003289054-ROSS-003289055 |
| Caledonia Nat. Bank of Danville v. McPherson, 116 Vt. 328 | 8.30E+76 | In revoking or countermanding a check the drawer takes upon himself all consequences of his act. | Do the consequences of revoking a check falls on the drawer? | 009375.docx | LEGALEASE-00129171-LEGALEASE-00129172 |
| People v. Shipley, 256 Mich. App. 367 | 67+2 | Breaking and entering is not a continuing offense, but rather is completed once the offender has entered the building. | Is breaking and entering a continuing offense? | Burglary - Memo 42 - RK.docx | ROSS-003314347-ROSS-003314348 |
| In re Lamont R., 200 Cal. App. 3d 244 | 67+2 | Essential element of vehicular burglary is that vehicle must be locked. West's Ann.Cal.Penal Code S 459. | Is locking as an essential element of common vehicular burglary? | 013211.docx | LEGALEASE-00129632-LEGALEASE-00129633 |
| State v. Ellis, 33 N.J.L. 102 | 67+31 | Valuation of items taken in a burglary were not relevant in the defendant's prosecution for second-degree burglary and should not have been admitted into evidence, in view of fact that value of the property taken was not an element of offense with which defendant was charged. I.C.A. SS 713.1, 713.3. | Is the value of the property taken relevant in second degree burglary? | 013257.docx | LEGALEASE-00129667-LEGALEASE-00129668 |
| Kane Cty. v. Carlson, 116 Ill. 2d 186 | 79+6 | For purposes of Public Labor Relations Act, circuit clerk, and not chief judge, is employer of deputy clerks. S.H.A. ch. 48, PP 1601-1627. | Is the circuit clerk the employer of deputy clerks? | 013358.docx | LEGALEASE-00129677-LEGALEASE-00129678 |
| State v. Hackley, Hume & Joyce, 124 La. 854 | 302+8(1) | Ultimate facts of necessity are conclusions from intermediate and evidentiary facts; but legal conclusions cannot be pleaded as ultimate facts. | Are ultimate facts conclusions drawn from evidentiary facts? | Pleading - Memo 215 - RMM.docx | LEGALEASE-00019197-LEGALEASE-00019198 |
| Ciaccio v. Hartman, 170 La. 949 | 302+8(11) | In possessory actions, allegations that petitioner had real and actual possession and enjoyment of property held not conclusion or opinion. | In an allegation of real and actual possession a legal conclusion? | 023123.docx | LEGALEASE-00129390-LEGALEASE-00129391 |
| Romanus v. Biggs, 217 S.C. 77 | 307A+501 | Motions for nonsuit are not entertained or granted in suits in equity. | Are motions for nonsuit entertained or granted in suits in equity? | Pre-trial Procedure - Memo # 1049 - C - KG.docx | ROSS-003299525-ROSS-003299526 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Roberson v. Rollins, 710 S.W.2d 180 | 307A+501 | Rule governing nonsuits is liberally construed in favor of right to nonsuit. Vernon's Ann.Texas Rules Civ.Proc., Rule 164. | Should the rule recognizing the right of a plaintiff to take a nonsuit be liberally construed? | 024999.docx | LEGALEASE-00129356-LEGALEASE-00129357 |
| Margolis v. Clawans, 54 N.J. Super. 472 | 307A+501 | An action can voluntarily be dismissed only by a plaintiff in accordance with the rules. R.R. 4:42-1(a, b), 5:2-1, 7:1-3. | Can an action voluntarily be dismissed only by a plaintiff in accordance with the rules? | Pretrial Procedure - Memo # 1111 - C - CK.docx | ROSS-003313885-ROSS-003313886 |
| Aragona v. Allstate Ins. Co., 41 Misc. 3d 242 | 307A+501 | Absent special circumstances, a party should not be compelled to litigate. | Should a party be compelled to litigate absent special circumstances? | Pretrial Procedure - Memo # 1289 - C - RY.docx | ROSS-003287520-ROSS-003287521 |
| Paepcke-Leicht Lumber Co. v. Berkowsky, 73 Ill. App. 400 | 307A+501 | Plaintiff is entitled to take a nonsuit at any time before entry of the finding. | Is a party entitled to take a nonsuit at any time before entry of the finding? | Pretrial Procedure - Memo # 1313 - C - SB.docx | ROSS-003301212-ROSS-003301213 |
| Weil v. Abeel, 206 S.W. 735 | 307A+501 | The right to take a nonsuit is liberally construed by the courts. | Is the right to take a nonsuit liberally construed by the courts? | Pretrial Procedure - Memo # 1324 - C - SJ.docx | ROSS-003287539-ROSS-003287540 |
| Smith v. Columbian Carbon Co., 145 Tex. 478 | 307A+501 | Rule giving plaintiff right to take a nonsuit should be liberally construed. Rules of Civil Procedure, rule 164. | Is the right to take a nonsuit liberally construed by the courts? | 026248.docx | LEGALEASE-00129303-LEGALEASE-00129304 |
| Inland Empire Pub. Lands Council v. U.S. Forest Serv., 88 F.3d 754 | 149E+689 | On review under NEPA, Court of Appeals may only examine whether the agency has taken a hard look at environmental consequences, and only if the agency's analysis of environmental consequences is arbitrary and capricious or contrary to the procedures required by law can it conclude that agency did not take a "hard look." National Environmental Policy Act of 1969, S 102(2)(C), 42 U.S.C.A. S 4332(2)(C). | What are the requirements of The National Environment Policy Act (NEPA)? | Woods and Forests - Memo 42 - RK.docx | ROSS-003288556-ROSS-003288557 |
| State ex rel. U. S. Fid. & Guar. Co. v. Harty, 276 Mo. 583 | 302+8(13) | In a proceeding concerning duty of an officer, an allegation of duty in terms is a mere legal conclusion, it being necessary to allege facts showing existence of duty, and this is especially true as to duties created by statute. | "Are allegations as to duties created by statute, conclusions of law?" | Pleading - Memo 231 - RMM.docx | ROSS-003286865-ROSS-003286867 |
| Lumbermens Mut. Cas. Co. v. Cont'l Cas. Co., 387 P.2d 104 | 307A+747.1 | Counsel has particular responsibility to assist court at pre-trial so that pre-trial order in final form accomplishes its purpose of clearly defining all issues to be tried and decided. | Is a pre-trial procedure intended to clearly define the issues to be tried before and decided by the trial judge? | 026264.docx | LEGALEASE-00129833-LEGALEASE-00129834 |
| Universal Underwriters Ins. Co. v. Superior Court for Los Angeles Cty., 250 Cal. App. 2d 722 | 307A+742.1 | Purpose of pretrial conference orders is to place case in focus for trial. Cal. Rules of Court, rule 216. | What is the purpose of pretrial conference orders? | Pretrial Procedure - Memo # 1369 - C - BP.docx | ROSS-003313077-ROSS-003313078 |
| Downer v. Garland, 21 Vt. 362 | 2+15 | Where the prior defective suit had been entered in court, and the defect pleaded in abatement, and the plaintiff, during the term at which the plea was filed, gave to the defendant a written notice of the discontinuance of the suit, and immediately caused the writ in the second suit to be served, and subsequently, at the same term, entered upon the docket of the court a discontinuance of the first suit, it was held that the second suit was not vexatious, and would not be abated by the pendency of the prior suit. | "If a party bring a defective suit, upon discovering the defect, can he discontinue that suit and bring another?" | Pretrial Procedure - Memo # 1374 - C - MS.docx | ROSS-003300504-ROSS-003300505 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Saunders v. Coffin, 16 Ala. 421 | 307A+531 | The court cannot compel the plaintiff to submit to a nonsuit without his consent. | Can the court compel the plaintiff to submit to a nonsuit without his consent? | 026613.docx | LEGALEASE-00130036-LEGALEASE-00130037 |
| Volk v. Brame, 235 Ariz. 462 | 92+3885 | When the court allows no time to hear testimony, or when the time available for each necessary witness does not allow for meaningful direct testimony and efficient but adequate cross-examination, the court violates the parties' due process rights. U.S.C.A. Const.Amend. 14. | "If, during the progress of a scheduled hearing, it becomes apparent that the court lacks sufficient time to receive adequate testimony, should the court allow reasonable additional time or continue the hearing to permit it to perform its essential tasks?" | 026678.docx | LEGALEASE-00129858-LEGALEASE-00129859 |
| Joe Williamson Const. Co. v. Raymondville Indep. Sch. Dist., 251 S.W.3d 800 | 307A+517.1 | A non-suit is effective as soon as the plaintiff files a motion for non-suit. | Is a non-suit effective as soon as the plaintiff files a motion for non-suit? | Pretrial Procedure - Memo # 2407 - C - ES.docx | ROSS-003287514-ROSS-003287515 |
| Okeson v. City of Seattle, 150 Wash. 2d 540 | 371+2001 | Generally speaking, taxes are imposed to raise money for the public treasury. | Are taxes imposed to raise money? | Taxation - Memo # 202 - C - KI.docx | ROSS-003300278-ROSS-003300279 |
| People v. Morales, 55 Misc. 3d 59 | 399+1 | Statute prohibiting person from loitering or remaining in transportation facility, unless specifically authorized, for purpose of soliciting or engaging in any business, trade, or commercial transactions involving sale of merchandise or services, or for entertaining by singing, dancing, or playing any musical instrument, was not unconstitutionally vague; statute was sufficiently definite to give person of ordinary intelligence fair notice that his contemplated conduct was forbidden, statute provided explicit standards so as to avoid resolution on ad hoc subjective basis, with attendant dangers of arbitrary and discriminary application, and statute was not inherently contradictory by proscribing loitering with specific purpose, which was hallmark of constitutionality, not infirmity. McKinney's Penal Law S 240.35(6). | Is the loitering statute constitutionally vague? | 047454.docx | LEGALEASE-00129801-LEGALEASE-00129802 |
| Taylor v. Dixie Plywood Co. of Miami, 297 So. 2d 553 | 413+1 | Technical excuses for denying workmen's compensation are not favored. | Are technical excuses for denying workmens compensation favored by law? | Workers Compensation - Memo #156 ANC.docx | LEGALEASE-00020090-LEGALEASE-00020091 |
| S.A. Mineracao Da Trindade-Samitri v. Utah Int'l, 745 F.2d 190 | 25T+143 | Unless excluded, claims of fraud in the inducement of a contract are arbitrable. | Are claims of fraud in the inducement of a contract arbitrable? | 007413.docx | LEGALEASE-00131374-LEGALEASE-00131375 |
| State v. Rosencrans, 24 Wash. 2d 775 | 67+9(1) | The gist of burglarious "breaking" is the application of force to remove some obstacle to entry, and the amount of force employed is immaterial; the slightest force being sufficient. | What constitutes burglarious breaking? | Burglary - Memo 82 - JK.docx | ROSS-003327929-ROSS-003327930 |
| Burrell v. State, 18 Tex. 713 | 210+833 | Aggravated robbery is not a lesser included offense of burglary. | Is aggravated robbery a lesser included offense of burglary? | Burglary - Memo 91 - JK.docx | ROSS-003327235-ROSS-003327237 |
| Gorney v. Gorney, 136 Ind. App. 96 | 302+8(15) | Term "fraud" need not be used in the pleading if facts are alleged which show fraud. | Should the term fraud be used in the pleading? | 023178.docx | LEGALEASE-00131113-LEGALEASE-00131114 |
| Des Moines Joint Stock Land Bank of Des Moines v. Danson, 206 Iowa 897 | 307A+501 | Right to dismiss without prejudice may be exercised, provided action is not split. | Does an appellant have a right to dismiss its cause of action without prejudice? | Pretrial Procedure - Memo # 1463 - C - SK.docx | ROSS-003313114-ROSS-003313115 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sigala v. Anaheim City Sch. Dist., 15 Cal. App. 4th 661 | 307A+742.1 | Major purpose of settlement conference is not to "clear the docket," but to achieve justice. | What is the Major purpose of settlement conference? | Pretrial Procedure - Memo # 1478 - C - ES.docx | ROSS-003328289-ROSS-003328290 |
| Knighten v. Knighten, 447 So. 2d 534 | 307A+721 | Trial court did not err in refusing to grant a continuance to curatrix of husband's estate in connection with curatrix's third-party legal malpractice demand, because curatrix merely argued that she was unable to obtain evidence material to her case, but she failed to assert what evidence she was unable to obtain or how that evidence was material. LSA-C.C.P. arts. 1601, 1602. | "Should a party who seeks a continuance because he was unable to obtain material evidence, show what evidence he could not obtain?" | 027507.docx | LEGALEASE-00130679-LEGALEASE-00130680 |
| State v. Jackman, 60 Wis. 2d 700 | 371+2001 | "Tax" is charge whose primary purpose is to obtain revenue. | Is the primary purpose of a tax to obtain revenue? | 044696.docx | LEGALEASE-00130754-LEGALEASE-00130755 |
| City & Cty. of San Francisco v. Flying Dutchman Park, 122 Cal. App. 4th 74 | 371+2001 | A distinction is made between the taxation of real estate ownership on an ad valorem basis, and a tax on the use of that real property; a tax on the separate use of the property, known as an "excise tax," is permissible, and does not constitute double taxation. West's Ann.Cal. Const. Art. 13, S 1. | What is excise tax? | Taxation - Memo # 185 - C - SS.docx | ROSS-003304033-ROSS-003304034 |
| Jackson v. Quanex Corp., 889 F. Supp. 1007 | 231H+1516 | In the Sixth Circuit, Federal Arbitration Act (FAA) exempts from its coverage "contracts of employment of . . . any . . . class of workers employed in . . . interstate commerce," under broadest possible constitutional meaning of phrase "interstate commerce." 9 U.S.C.A. S 1 et seq. | Are the collective bargaining agreements outside the scope of the Federal Arbitration Act (FAA)? | Alternative Dispute Resolution - Memo 572 - RK.docx | ROSS-003287034-ROSS-003287035 |
| Jackson v. Quanex Corp., 889 F. Supp. 1007 | 231H+1516 | In the Sixth Circuit, Federal Arbitration Act (FAA) exempts from its coverage "contracts of employment of . . . any . . . class of workers employed in . . . interstate commerce," under broadest possible constitutional meaning of phrase "interstate commerce." 9 U.S.C.A. S 1 et seq. | Are the collective bargaining agreements outside the scope of the Federal Arbitration Act (FAA)? | 007476.docx | LEGALEASE-00132395-LEGALEASE-00132396 |
| Pitcher v. Laird, 421 F.2d 1272 | 34+2 | Army cannot apply regulations in arbitrary or capricious manner. | Is the Army allowed to apply regulations in an arbitrary or capricious manner? | 008893.docx | LEGALEASE-00132407-LEGALEASE-00132408 |
| Reed v. Franke, 187 F. Supp. 905 | 34+2 | The Armed Forces are free to regulate their internal affairs. | Are the armed force free to regulate their internal affairs? | 008897.docx | LEGALEASE-00132411-LEGALEASE-00132412 |
| L-3 Commc'ns EOTech v. United States, 85 Fed. Cl. 667 | 34+3(1) | Courts are especially deferential to discretionary decisions of the military in times of war. | Are the courts deferential to military decisions? | Armed Services - Memo 69 - RK.docx | ROSS-003300563-ROSS-003300564 |
| Koch v. Seventh St. Realty Corp., 205 Va. 65 | 184+49 | Facts out of which fraud arises must be alleged as well as proved to justify relief on that ground. | Is fraud a conclusion of law from facts? | 023224.docx | LEGALEASE-00132256-LEGALEASE-00132257 |
| Nelson v. Nelson, 288 Kan. 570 | 307A+749.1 | When there has been no attempt to modify the pretrial order, it is binding and controls the later course of litigation. Rules Civ.Proc., K.S.A. 60-216(e). | Is a pretrial order binding on the parties? | 027171.docx | LEGALEASE-00132069-LEGALEASE-00132070 |
| Hullman v. Bd. of Trustees of Pratt Cmty. Coll., 732 F. Supp. 91 | 170A+1938.1 | Pretrial order supersedes pleadings and controls subsequent course of litigation. Fed.Rules Civ.Proc.Rule 16(e), 28 U.S.C.A. | Does a pretrial order supersede pleadings? | 027240.docx | LEGALEASE-00131801-LEGALEASE-00131802 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Payne v. Matthews, 633 S.W.2d 494 | 307A+517.1 | Any additional suits filed after taking of any nonsuit to original action must be filed within one year of first nonsuit regardless of whether initial conclusive dismissal or nonmerits dismissal was a voluntary nonsuit or a dismissal without prejudice for want of prosecution. T.C.A. SS 28-1-105, 28-3-104, 28-3-105; Rules Civ.Proc., Rule 41.01 et seq. | "When a voluntary nonsuit is taken, are the rights of the parties adjudicated, and the parties are placed in their original positions prior to the filing of the lawsuit?" | Pretrial Procedure - Memo # 2280 - C - SHB.docx | LEGALEASE-00021819-LEGALEASE-00021820 |
| Allen v. Samuels, 204 Cal. App. 2d 710 | 307A+749.1 | A pretrial conference order, where inconsistent with complaint, will supersede the complaint. | "Will a pretrial conference order, where inconsistent with a complaint, supersede the complaint?" | Pretrial Procedure - Memo # 2286 - C - SK.docx | ROSS-003327921-ROSS-003327922 |
| Hoyt Properties v. Prod. Res. Grp., 716 N.W.2d 366 | 307A+517.1 | A district court has discretion to determine whether a voluntary dismissal should be with prejudice. 48 M.S.A., Rules Civ.Proc., Rule 41.01(a). | "Is a court, in its discretion, allowed to rule that a voluntary dismissal will be with prejudice?" | 027778.docx | LEGALEASE-00132147-LEGALEASE-00132148 |
| In re Det. of G.V., 124 Wash. 2d 288 | 307A+517.1 | Governed by civil rule relating to voluntary dismissals, "voluntary nonsuit" is dismissal of action by court on motion of plaintiff made before plaintiff has rested, and it can be with or without prejudice but is presumed to be without prejudice unless order of dismissal otherwise states. CR 41(a)(1)(B). | "When a plaintiff moves for a voluntary dismissal, presumptively the dismissal will be without prejudice to the plaintiff's right to refile the action; however, does the rule, guarantee that the dismissal will be without prejudice?" | 027849.docx | LEGALEASE-00132136-LEGALEASE-00132137 |
| Cook v. Stewart McKee & Co., 68 Cal. App. 2d 758 | 307A+517.1 | When plaintiff voluntarily dismisses action against a sole defendant, it is as though no action had ever been filed, and thereafter defendant is a stranger to the action. West's Ann.Code Civ.Proc. S 581. | "After a voluntary dismissal, is the defendant a stranger to the action?" | Pretrial Procedure - Memo # 2393 - C - KS.docx | ROSS-003288238-ROSS-003288239 |
| City of Marion v. Weitenhagen, 361 N.W.2d 323 | 307A+749.1 | A pretrial order controls subsequent court action. Rules Civ.Proc., Rule 138. | Does a pretrial order control a subsequent court action? | Pretrial Procedure - Memo # 2404 - C - ES.docx | LEGALEASE-00021999-LEGALEASE-00022000 |
| Fitzsimmons v. Jones, 179 Cal. App. 2d 5 | 307A+749.1 | Pretrial order controls inconsistent pleading, and trial court could not supersede pretrial order, which defined issues, by holding that pleadings failed to tender issue and rendering judgment for plaintiff on pleadings. West's Ann.Code Civ.Proc. S 473. | Is an issue expressly stated in a pretrial record considered to be before the court? | 028086.docx | LEGALEASE-00132210-LEGALEASE-00132211 |
| Stroman v. Tautenhahn, 465 S.W.3d 715 | 307A+517.1 | A nonsuit terminates a case from the moment the notice of nonsuit is filed. Tex. R. Civ. P. 162. | Does a nonsuit terminate a case from the moment the notice of nonsuit filed? | Pretrial Procedure - Memo # 2527 - C - SB.docx | ROSS-003313580-ROSS-003313581 |
| In re Farrell, 211 F. 212 | 371+2001 | A "tax" is a pecuniary burden imposed for the support of the government, and is the enforced proportionate contribution of persons and property levied for the government's support and for all public things. | "What is a pecuniary burden imposed upon a class of individuals, businesses, or other entities for support of government called?" | 044661.docx | LEGALEASE-00131582-LEGALEASE-00131583 |
| Jensen v. Henneford, 185 Wash. 209 | 361+1009 | Legislative body cannot change real nature and purpose of act by giving it a different title or by declaring its nature and purpose to be otherwise. | Is the character of a tax determined by its incidents? | Taxation - Memo # 206 - C - KI.docx | LEGALEASE-00022103-LEGALEASE-00022104 |
| Jensen v. Henneford, 185 Wash. 209 | 361+1009 | Legislative body cannot change real nature and purpose of act by giving it a different title or by declaring its nature and purpose to be otherwise. | Is the character of a tax determined by its name? | 044792.docx | LEGALEASE-00131499-LEGALEASE-00131500 |
| Cooper v. City of Charleston, 218 W. Va. 279 | 371+2001 | The character of a tax is determined not by its label, but by analysis of its operation and effect. | Is the character of a tax determined by analysis of its operation and effect? | 044840.docx | LEGALEASE-00131618-LEGALEASE-00131619 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Matter of O.W. Ltd. P'ship, 4 Haw. App. 487 | 371+3642 | In determining tax liability, substance of a transaction, rather than its form, governs. | Is it the substance that determines tax liability in tax matters? | Taxation - Memo # 266 - C - SU.docx | ROSS-003301940 |
| O'Donnell v. Reivitz, 144 Wis. 2d 717 | 371+2001 | "Tax" is an exaction, usually of money, by government to support government. W.S.A. Const. Art. 8, S 1. | "Is tax an exaction, usually of money, by government to support government?" | 044888.docx | LEGALEASE-00131758-LEGALEASE-00131759 |
| Chicago & N. W. Transp. Co. v. Webster Cty. Bd. of Sup'rs, 880 F. Supp. 1290 | 371+2001 | Mere fact that statute raises revenue does not make it a "tax," nor does deposit of revenue raised into general fund necessarily make the levy a "tax." | "Does the fact that a statute raises revenue make it a ""tax""?" | 044900.docx | LEGALEASE-00131833-LEGALEASE-00131834 |
| Centerre Bank of Crane v. Dir. of Revenue, 744 S.W.2d 754 | 371+2001 | Nature of tax is determined not by character of tax it displaces, but rather, by manner in which it is imposed. | Is the nature of a tax determined by the character of the tax it displaces? | 044904.docx | LEGALEASE-00131949-LEGALEASE-00131950 |
| Centerre Bank of Crane v. Dir. of Revenue, 744 S.W.2d 754 | 371+2001 | Nature of tax is determined not by character of tax it displaces, but rather, by manner in which it is imposed. | Is the nature of tax determined by the manner in which it is imposed? | Taxation - Memo # 278 - C - SS.docx | ROSS-003304067-ROSS-003304068 |
| City of N. Little Rock v. Graham, 278 Ark. 547 | 371+2001 | "Taxes" are enforced burdens exacted pursuant to statutory authority. | Are taxes exacted pursuant to statutory authority? | Taxation - Memo # 309 - C - CK.docx | ROSS-003331043-ROSS-003331044 |
| Forsgren v. City of Chicago, 151 Ill. App. 3d 354 | 371+2001 | A tax is not an assessment of benefits, but instead is a means of distributing the burden of the cost of government. | Is tax an assessment of benefits? | Taxation - Memo # 321 - C - KI.docx | LEGALEASE-00022287-LEGALEASE-00022288 |
| Reis v. Douglas Cty. Hosp., 193 Neb. 542 | 413+1 | Strict fulfillment of requirement of Workmen's Compensation Act is necessary. R.R.S.1943, S 48-101 et seq. | Is strict fulfillment of the requirements of the Workmens Compensation Act necessary? | 047812.docx | LEGALEASE-00131738-LEGALEASE-00131739 |
| Sadelmi Joint Venture v. Dalton, 5 F.3d 510 | 226H+3 | "Joint venture" entails legal consequences similar to those of partnership. | Are the legal consequences of a joint venture equivalent to that of a partnership? | 022057.docx | LEGALEASE-00133448-LEGALEASE-00133449 |
| In re Norwest Bank of New Mexico, N.A., 134 N.M. 516 | 307A+750 | Generally, only those theories of liability contained in a pretrial order will be considered at trial. | What theories of liability will be considered at trial? | Pretrial Procedure - Memo # 1857 - C - SHB.docx | ROSS-003286385-ROSS-003286386 |
| Kromat v. Vestevich, 14 Mich. App. 291 | 307A+747.1 | Pretrial statement, when signed by the judge, is considered an order of court. | Can a pretrial statement be considered as an order of a court? | 027103.docx | LEGALEASE-00133235-LEGALEASE-00133236 |
| Rehman v. ECC Int'l Corp., 698 So. 2d 921 | 307A+517.1 | Voluntary dismissal terminates pending action instantaneously. | Does voluntary dismissal terminate pending action instantaneously? | 028564.docx | LEGALEASE-00132671-LEGALEASE-00132672 |
| Juengain v. Tervalon, 223 So. 3d 1174 | 307A+517.1 | A dismissal without prejudice is considered as if the suit has never been filed. | "Is an action treated as if it never had been filed, following a voluntary dismissal without prejudice?" | Pretrial Procedure - Memo # 2853 - C - NS.docx | ROSS-003288158-ROSS-003288159 |
| Food Lion v. Capital Cities/ABC, 194 F.3d 505 | 386+25 | Under North Carolina and South Carolina law, consent to enter is canceled out, and does not serve as defense to claim of trespass, if a wrongful act is done in excess of and in abuse of authorized entry. | Is consent a defense to a claim of trespass? | Trespass - Memo 226 - RK.docx | ROSS-003286896 |
| Hinman v. Pac. Air Lines Transp. Corp., 84 F.2d 755 | 386+57 | Ordinarily, landowner is entitled to at least nominal damages for trespass without showing any actual damages. | Can nominal damages can be awarded when the amount of actual injury is unclear in a trespass action? | 047330.docx | LEGALEASE-00133403-LEGALEASE-00133404 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Koprowski v. Baker, 822 F.3d 248 | 393+1456 | Inmate Accident Compensation Act (IACA), a workers' compensation scheme that covered federal prisoners injured during the course of their prison employment, did not preclude former federal prisoner, who severely injured his back when he fell off a ladder while working in the food-service area of the prison, from bringing Bivens claim for money damages alleging that prison officials were deliberately indifferent to his serious medical needs in violation of Eighth Amendment. U.S.C.A. Const.Amend. 8; 18 U.S.C.A. S 4126(c). | "Historically, were workmens compensation statutes the offspring of a desire to give injured workers quicker and more certain recovery than could be obtained from tort suits, and were they practically always thought of as substitutes for, not supplements to, common-law tort actions?" | 047861.docx | LEGALEASE-00132905-LEGALEASE-00132907 |
| Knaggs v. City of Lexington, 171 Neb. 135 | 413+1 | Each case arising under Workmen's Compensation Act must stand on its own facts. R.R.S.1943, S 48-101 et seq. | Should each compensation case stand on its own facts? | 047889.docx | LEGALEASE-00133032-LEGALEASE-00133033 |
| United States v. Mirikitani, 380 F.3d 1223 | 63+1(1) | The existence of a nexus between the bribe and some federal money is not an element of the offense of bribery that must be proven to the jury beyond a reasonable doubt. 18 U.S.C.A. S 666. | Is the existence of a nexus between a bribe and some federal money an element of bribery? | 011207.docx | LEGALEASE-00133893-LEGALEASE-00133894 |
| Merchants Nat. Bank of Aurora v. Frazier, 329 Ill. App. 191 | 308+3(5) | An agent, as such, does not have title to the property of the principal, though he may be intrusted with possession and though he may have power to pass title. | Does Agent have title to the property of the principal? | Principal and Agent - Memo 79 - KC.docx | ROSS-003291214-ROSS-003291215 |
| State v. Hunt Oil Co., 49 Ala. App. 445 | 371+2121 | Unavoidable inequalities which are due only to inequalities in business conditions and activities are not sufficient to render a tax statute invalid. | Can a legislation upon the subject of taxation be declared invalid? | 045121.docx | LEGALEASE-00133900-LEGALEASE-00133901 |
| Wightman v. Hart, 37 Ill. 123 | 83E+413 | The transfer of a note by indorsement is prima facie evidence that a consideration was paid. | Is the assignment of a note a prima facie evidence that the consideration was paid? | 009456.docx | LEGALEASE-00134202-LEGALEASE-00134203 |
| State Sav. Bank of Leavenworth v. Krug, 108 Kan. 108 | 83E+405 | Where the name of the indorser placed on the back of the instrument with a rubber stamp by one authorized to do so with intent to indorse it is a valid "indorsement" within Negotiable Instrument Law, SS 37, 38, Gen.St.1915, SS 6557, 6558, and in view of Gen.St.1915, S 10973, subd. 18. | Is affixing a rubber stamp to an instrument is sufficient in law to fulfill the requirement of indorsement? | 009491.docx | LEGALEASE-00134647-LEGALEASE-00134648 |
| Gray v. Am. Exp. Co., 34 N.C. App. 714 | 8.30E+60 | Under the Uniform Commercial Code, a negotiable instrument is not incomplete and unenforceable because it is not dated. G.S. S 25-3-115. | Which law governs the negotiable instrument if it is undated? | Bills and Notes -Memo 291 -DB.docx | LEGALEASE-00023869-LEGALEASE-00023870 |
| Potter v. Tucker, 11 Ala. App. 466 | 8.30E+60 | Date in general is not essential to a bill or note; if there be no date it will be considered as dated at the time it was made. | How is the actual date considered when no date is mentioned in a bill or note? | 010234.docx | LEGALEASE-00134722-LEGALEASE-00134723 |
| Fleming, etc. v. Sierra, 14 Teiss. 168 | 8.30E+60 | When no date is expressed in the bill or note, it dates from the day when it was made or issued or from delivery. | What happens when no date is expressed in the bill or note? | Bills and Notes -Memo 298 -DB.docx | ROSS-003303812 |
| State v. Hicks, 421 So. 2d 510 | 67+15 | Consent to entry is affirmative defense to, rather than essential element of, burglary. West's F.S.A. S 810.02(1). | Is consent to entry a defense to burglary? | Burglary - Memo 145 - JS.docx | ROSS-003331013-ROSS-003331015 |
| S. Indiana Gas & Elec. Co. v. Dep't of Highways, State of Ind., 533 N.E.2d 1289 | 200+80 | In absence of statutory provision to the contrary, ownership of public highways lies in State. | Does the ownership of the public way lie with the state? | Highways -Memo 101 - DB.docx | LEGALEASE-00023978-LEGALEASE-00023980 |
| S. Indiana Gas & Elec. Co. v. Dep't of Highways, State of Ind., 533 N.E.2d 1289 | 200+80 | In absence of statutory provision to the contrary, ownership of public highways lies in State. | Does the ownership of the public way lie with the state? | Highways -Memo 101 - DB.docx | ROSS-003316311-ROSS-003316313 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Haugh v. Simms, 64 Mass. App. Ct. 781 | 200+80 | Whether a way is public or private is based on the use of the way, not solely on who owns it. | What determines whether a way is public or private? | Highways -Memo 107- DB.docx | ROSS-003316316-ROSS-003316317 |
| Caggiano v. Fontoura, 354 N.J. Super. 111 | 307A+517.1 | While a voluntary dismissal may be a judgment, it is not necessarily a final judgment; the additional inquiry must be whether the stipulation of dismissal ended the case on all issues as to all parties. R. 2:2-3(a)(1); R. 4:37-1(b). | "While a voluntary dismissal may be a judgment, is it necessarily a final judgment?" | 028423.docx | LEGALEASE-00133984-LEGALEASE-00133985 |
| Farr Man & Co. v. M/V Rozita, 903 F.2d 871 | 170A+1686 | Order allowing shipowner, after trial had begun, to withdraw its admissions of liability to charterer for cargo damage was not abuse of discretion; facts had come to light from which it could be determined that charterer's damages were substantially less than amount admitted to. Fed.Rules Civ.Proc.Rule 36(b), 28 U.S.C.A. | "Although district courts have considerable discretion over whether to permit withdrawal or amendment of admissions made pursuant to rule governing requests for admission, once trial has begun, may a court grant a motion to withdraw only if it determines that doing so is necessary to prevent manifest injustice?" | 028691.docx | LEGALEASE-00134005-LEGALEASE-00134006 |
| Motor Car Classics v. Abbott, 316 S.W.3d 223 | 307A+486 | Undue prejudice bars withdrawal of deemed admissions. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | Does undue prejudice bar a withdrawal of deemed admissions? | 029025.docx | LEGALEASE-00134131-LEGALEASE-00134132 |
| Watson v. Dallas Indep. Sch. Dist., 135 S.W.3d 208 | 307A+486 | A party shows good cause for the withdrawal of deemed admissions by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | "Is good cause justifying the withdrawal or amendment of an admission established by showing that the failure involved was an accident or mistake, not intentional or the result of conscious indifference?" | Pretrial Procedure - Memo # 3156 - C - RY.docx | LEGALEASE-00024460-LEGALEASE-00024461 |
| Robertson v. State, 392 S.W.3d 1 | 257A+454 | Offender's prior conviction for deviate sexual assault in the first degree was not conviction of "sexually violent offense" for purposes of state's motion for his involuntary commitment as a sexually violent predator (SVP), as involuntary commitment statute referred only to "deviate sexual assault" without reference to degree, although other sexual offenses were referred to by degree where applicable, multiple degrees of same offense were separately listed rather than being referred to by their common offense designator, and other offenses which not longer existed on effective date of involuntary commitment statute were separately listed. V.A.M.S. S 632.480(4). | When does a person commit the crime of deviate sexual assault in the first degree? | Sex Offence - Memo 73 - SB.docx | LEGALEASE-00024589-LEGALEASE-00024590 |
| Ropo v. City of Seattle, 67 Wash. 2d 574 | 371+2001 | Character of a particular tax is not determined by the mode adopted for its payment. | Is the character of a tax being imposed determined by mode adopted in fixing its amount? | 045011.docx | LEGALEASE-00134513-LEGALEASE-00134514 |
| Hamilton Nat. Bank v. Richardson, 42 Tenn. App. 486 | 371+2001 | A tax is not predicated on contract and cannot be discharged by reason of contractual considerations. | Can a tax be discharged by reason of contractual considerations? | 045058.docx | LEGALEASE-00134270-LEGALEASE-00134271 |
| People ex rel. Froelick v. Graves, 259 A.D. 30 | 371+3522 | Under statutes imposing an unincorporated business tax the legislature intended that such tax should be an emergency income tax based on entire net income of unincorporated businesses, and the tax falls within provision of statute prohibiting deduction of "income taxes" in computing net income subject to personal income tax. Tax Law, S 360, subd. 3, and S 386-j. | Is the name by which the tax is described in the statute immaterial? | Taxation - Memo # 446 - C - SS.docx | ROSS-003291814-ROSS-003291815 |
| Ivory v. Int'l Bus. Machines Corp., 116 A.D.3d 121 | 386+10 | The elements of a trespass cause of action are an intentional entry onto the land of another without permission. | What does a trespass claim represent? | Trespass - Memo 270 - SB.docx | ROSS-003290977-ROSS-003290978 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Coppola v. Smith, 935 F. Supp. 2d 993 | 405+1126 | Owner and operator of dry cleaning business made no factual allegations that water utility acted unreasonably as to any aspect of subject well, let alone in failure to detect and abate perchloroethylene (PCE) contamination nuisance, precluding its California-law claims for private, public, continuing, and per se nuisance claims; owner and operator offered only vague allegation that utility operated well and that such operation caused spread of hazardous substance. West's Ann.Cal.Civ.Code SS 3479, 3480. | "Can failure to clean up contamination that causes ongoing damage to property constitute a continuing nuisance, and a continuing trespass?" | 047398.docx | LEGALEASE-00134797-LEGALEASE-00134798 |
| GATX Mgmt. Servs. v. Weakland, 171 F. Supp. 2d 1159 | 25T+146 | Arbitration clause in employment agreement which provided that any and all claims relating to agreement or relationship under agreement were arbitrable extended to employer's claim that former employee, as officer of employer, tortiously induced other employees to breach their employment contracts and work for competitor, as such claim "related to" the employment relationship with employer. | "Do courts consider an arbitration clause in an employment contract as broad, if it covers issues other than those arising under the employment contract?" | 007526.docx | LEGALEASE-00135780-LEGALEASE-00135782 |
| Chambers v. Groome Transp. of Alabama, 41 F. Supp. 3d 1327 | 25T+200 | On a motion to compel arbitration, issues of whether an arbitration agreement is a written agreement involving interstate commerce as required by the Federal Arbitration Act (FAA), whether the arbitration agreement is unenforceable for lack of mutualassent or because it is unconscionable, and whether the scope of the arbitration agreement covers federal statutory claims or claims predicated on conduct that preexists the making of the arbitration agreement are presumptively for the court to decide, unless there is an agreement to the contrary between the contracting parties. 9 U.S.C.A. S 2. | Does an arbitration agreement have to specifically list every federal or state statute it purports to cover? | Alternative Dispute Resolution - Memo 621 - SB.docx | ROSS-003303737-ROSS-003303739 |
| Chambers v. Groome Transp. of Alabama, 41 F. Supp. 3d 1327 | 25T+200 | On a motion to compel arbitration, issues of whether an arbitration agreement is a written agreement involving interstate commerce as required by the Federal Arbitration Act (FAA), whether the arbitration agreement is unenforceable for lack of mutualassent or because it is unconscionable, and whether the scope of the arbitration agreement covers federal statutory claims or claims predicated on conduct that preexists the making of the arbitration agreement are presumptively for the court to decide, unless there is an agreement to the contrary between the contracting parties. 9 U.S.C.A. S 2. | Does an arbitration agreement have to specifically list every federal or state statute it purports to cover? | 007540.docx | LEGALEASE-00135798-LEGALEASE-00135800 |
| United States v. Bonito, 57 F.3d 167 | 63+1(1) | Current as well as former version of federal statute proscribing bribery of officials of public and private entities receiving federal funds applies to both gratuities and bribes, so long as intent to reward is corrupt. 18 U.S.C.A. S 666(a)(2). | Does Section 666 of the bribery statute apply to both gratuities and bribes? | Bribery - Memo #369 - C-JL.docx | ROSS-003290367-ROSS-003290368 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| McElreath v. State, 55 Ga. 562 | 67+20 | As a mill house is not one of the buildings expressly mentioned in the statute defining burglary, and as it may or may not be a place of business, an indictment for burglary which alleges the offense to have been committed by breaking and entering a mill house with intent to steal, and which neither by description nor substantial averment designates the house as a place of business, is fatally defective, and judgment thereon will be arrested. | Is breaking and entering a place of business considered a burglary? | Burglary - Memo 111 - JS.docx | ROSS-003330997-ROSS-003330998 |
| State v. Bussard, 494 S.W.2d 401 | 67+2 | Address of a dwelling house is not an essential element of crime of burglary in second degree as long as such house is sufficiently identified. Sections 560.045, 560.110 RSMo 1969, V.A.M.S. | Is an address of the location a necessary element of burglary? | 012636.docx | LEGALEASE-00135838-LEGALEASE-00135840 |
| Davis v. Com., 132 Va. 521 | 67+9(1) | Breaking, as an element of the crime of burglary, may be either actual or constructive, there being a constructive breaking when an entrance has been obtained by threat of violence, by fraud, or by conspiracy, and an actual breaking where there is the application of some force, slight though it may be, whereby the entrance is effected, and may be the mere pushing open of a door, turning a key, lifting a latch, or use of slight physical force. | Can the breaking in a burglary be actual and constructive? | Burglary - Memo 126 - JS.docx | ROSS-003316265-ROSS-003316267 |
| United States v. Sanders, 705 F. Supp. 396 | 350H+1263 | All attempt burglaries were "violent felonies" for purposes of provision authorizing an enhanced sentence for convicted felon who possessed a firearm which has traveled in interstate commerce and who had three previous convictions for a violent felony or serious drug offense; like burglaries, attempted burglaries involved a risk that the property owner might return, and neighbor might investigate, or a law enforcement official might respond, presenting the possibility of injury. 18 U.S.C.A. S 924(e)(2)(B), (e)(2)(B)(i, ii). | Is attempted burglary a violent felony? | Burglary - Memo 134 - JS.docx | ROSS-003331007-ROSS-003331009 |
| Fritcher v. Kelley, 34 Idaho 471 | 302+8(16) | Facts constituting undue influence must be pleaded, and mere conclusions are insufficient. | Should facts constituting undue influence be pleaded? | Pleading - Memo 320 - RMM.docx | ROSS-003290246-ROSS-003290248 |
| Am. Fed'n of State, Cty. & Mun. Employees v. Metro. Water Dist. of S. California, 126 Cal. App. 4th 247 | 307A+485 | Metropolitan water district did not waive its right to cost-of-proof fees and expenses, based on its failure to move to compel further responses, in a dispute involving the grievance procedure under a memorandum of understanding (MOU) between district and union; union's admissions and denials provided complete responses to the requests, thus leaving nothing to address in a motion to compel. West's Ann.Cal.C.C.P. S 2033. | Will a plaintiff be entitled to costs associated with proving need for future medical care if the plaintiff made no motion to compel a further response after defendant objected to request for admission of that fact? | Pretrial Procedure - Memo # 3487 - C - NS.docx | ROSS-003318653-ROSS-003318654 |
| Pope v. United States, 15 Cl. Ct. 218 | 34+12 | Army has discretionary authority to choose whether to reinstate a reserve officer to active duty. 10 U.S.C.A. SS 681(a), 1211, 1211(a)(1, 2, 4). | Does the Army have discretion in both releasing and reinstating a reserve officer from or to active duty? | 008485.docx | LEGALEASE-00137010-LEGALEASE-00137011 |
| Sims v. State, 131 Ark. 185 | 63+10 | In determining guilt of state senator for receiving bribe to defeat bill, evidence that he had entered a conspiracy to introduce bills to extort money for their defeat may be considered. | "Is the guilt of a state senator or officer receiving a bribe, on the understanding that his official conduct should be influenced, affected by the absence of intent to bribe on the part of the persons furnishing the money paid to him?" | 011707.docx | LEGALEASE-00136644-LEGALEASE-00136645 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Jennings, 160 F.3d 1006 | 63+1(1) | "Corrupt intent," with which payment must be made in order for payment to be a bribe for purposes of statute prohibiting bribery of public officials and witnesses, is the intent to receive a specific benefit in return for the payment. 18 U.S.C.A. S 201(b)(1)(A). | What is the definition of corrupt intent under the bribery statute? | Bribery - Memo #459 - C-JL.docx | ROSS-003290130-ROSS-003290132 |
| 8182 Maryland Associates, Ltd. Partnership v. Sheehan, 14 S.W.3d 576 | 289+929 | Under common law, a partnership is dissolved by the admission of a new partner. | Is a partnership dissolved upon admission of a new partner? | 022271.docx | LEGALEASE-00136369-LEGALEASE-00136370 |
| Luellen v. City of Aberdeen, 20 Wash. 2d 594 | 296+2 | A "pension" is a gratuity extended to an individual by his sovereign as a reward for past services. | Is pension a reward for past services? | 022802.docx | LEGALEASE-00136720-LEGALEASE-00136721 |
| Baillio v. Wilson, 6 Mart.(n.s.) 334 | 307A+716 | The sickness of principal counsel is good cause for a continuance. | Is the sickness of principal counsel good cause for a continuance? | 029360.docx | LEGALEASE-00136138-LEGALEASE-00136139 |
| Harrison v. Harrison, 367 S.W.3d 822 | 134+145 | Denial of wife's motion for continuance to obtain new counsel, in divorce action, after wife's attorney was permitted to withdraw 40 days before trial over wife's objection was abuse of discretion; attorney sought to withdraw due to nonpayment of fees but amount of fees due was not clearly established, there was no evidence that wife was able to pay attorney fees but refused to do so, attorney could have filed motion for interim fees in order to prevent prejudice to wife but did not do so, and although wife had previously hired and fired five other attorneys, there was no evidence that case was delayed as result. V.T.C.A., Family Code S 6.502(a)(4); Vernon's Ann.Texas Rules Civ.Proc., Rule 10. | "When the ground specified in a motion for a continuance is the withdrawal of counsel, must movants show that the failure to be represented at trial was not due to their own fault or negligence?" | Pretrial Procedure - Memo # 3390 - C - BP.docx | ROSS-003290785-ROSS-003290786 |
| Kimberly D.-D. v. Arizona Dep't of Econ. Sec., 234 Ariz. 207 | 211+2064 | Attorney illness can constitute extraordinary circumstances justifying delay of a child dependency adjudication hearing. A.R.S. S 8-842(C). | "Can attorney illness constitute extraordinary circumstances warranting a continuance of trial, even when the delays concern the statute of limitations or a motion to set aside a judgment?" | 029474.docx | LEGALEASE-00136504-LEGALEASE-00136505 |
| Greenway v. Heathcott, 294 P.3d 1056 | 307A+716 | Denial of pro se plaintiff's April motion for continuance "at least until September" so her "chosen attorney" could represent her, was not abuse of discretion, in action against former boyfriend for identity theft, breach of domestic partnership, and breach of fiduciary duties; she filed motion three days before trial, lawsuit was more than three and one-half years old, "chosen" lawyer was judicial law clerk whose clerkship would end in August, law clerk did not confirm his willingness to represent plaintiff, plaintiff did not support her motion with affidavit, her assertion that "previous hopes to obtain an attorney have not panned out" did not demonstrate that she exercised diligence in obtaining representation after prior counsel withdrew two years earlier, there was concern for witness' fading memory and failing health, loss of evidence, and staleness of events that occurred "up to 17 years ago," and if trial court granted continuance, case would be delayed for at least one year in order to allow counsel to re-open discovery. Rules Civ.Proc., Rule 40(e)(2). | Does a continuance for the purpose of finding and obtaining counsel require a showing of diligence? | 029478.docx | LEGALEASE-00136519-LEGALEASE-00136520 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Carroll & Downs v. Groover, 27 Ga. App. 747 | 307A+716 | Refusal of a motion to continue a case because of the absence of leading counsel, who was in attendance upon the United States court, held not error. | "Is the continuance of cases on account of the absence of counsel not favored, and such absence is no cause for postponement, unless in cases of necessity or misconception?" | Pretrial Procedure - Memo # 3598 - C - VP.docx | ROSS-003291701-ROSS-003291702 |
| Harrison v. Harrison, 367 S.W.3d 822 | 134+145 | Denial of wife's motion for continuance to obtain new counsel, in divorce action, after wife's attorney was permitted to withdraw 40 days before trial over wife's objection was abuse of discretion; attorney sought to withdraw due to nonpayment of fees but amount of fees due was not clearly established, there was no evidence that wife was able to pay attorney fees but refused to do so, attorney could have filed motion for interim fees in order to prevent prejudice to wife but did not do so, and although wife had previously hired and fired five other attorneys, there was no evidence that case was delayed as result. V.T.C.A., Family Code S 6.502(a)(4); Vernon's Ann.Texas Rules Civ.Proc., Rule 10. | Will the serial hiring and firing of attorneys for dilatory purposes be a legitimate concern to be balanced against a requested continuance in order to obtain new counsel in appropriate circumstances? | 029962.docx | LEGALEASE-00136247-LEGALEASE-00136248 |
| Ponder v. O'Neal Elec. Co., 214 So. 2d 453 | 307A+723.1 | A motion for continuance which does not comply with statute may be properly overruled. Code 1942, S 1520. | Could a motion for continuance which does not comply with statute be properly overruled? | 030276.docx | LEGALEASE-00136640-LEGALEASE-00136641 |
| Crawford v. Saunders, 29 S.W. 102 | 307A+723.1 | It is not enough to allege, in an application for continuance for absence of witness, that "diligence" has been used. | "Is it not enough to allege, in an application for continuance for an absence of witness, that diligence has been used?" | 030348.docx | LEGALEASE-00136534-LEGALEASE-00136535 |
| Allen v. Van Horn, 222 Mo. App. 930 | 307A+720 | Amendment of prayer of petition does not entitle defendant to continuance. | Does an amendment of prayer of petition entitle a defendant to continuance? | 030377.docx | LEGALEASE-00136694-LEGALEASE-00136695 |
| State v. Tatum, 74 Wash. App. 81 | 30+3239 | Generally, granting or denying of motion for continuance of trial of case, whether criminal or civil, rests within sound discretion of trial court, and will not be disturbed absent showing that trial court in ruling upon motion either failed to exercise its discretion or manifestly abused its discretion. | Does a trial court exercise significant discretion in evaluating motions to continue a trial date? | Pretrial Procedure - Memo # 4109 - C - SHB.docx | LEGALEASE-00026680-LEGALEASE-00026681 |
| Bogert v. Herrick, 37 Misc. 2d 907 | 307A+91 | Matters of examinations before trial are matters of practice and are not jurisdictional in nature. | Are matters of examinations before trial matters of practice and are not jurisdictional in nature? | 031186.docx | LEGALEASE-00137026-LEGALEASE-00137027 |
| Aydin Co. Exch. v. Marting Realty, 118 Ohio App. 3d 274 | 307A+725 | It is not necessary that trial court give reasons for refusing a continuance. | Is it necessary for a court to give reasons for refusing a continuance? | Pretrial Procedure - Memo # 4793 - C - NA.docx | ROSS-003287817-ROSS-003287818 |
| Moore v. Mitchell, 30 F.2d 600 | 371+2001 | Character of tax cannot be changed by form of procedure for collection. | Can the character of a tax be changed by form of procedure for collection? | 045272.docx | LEGALEASE-00136674-LEGALEASE-00136675 |
| Al-Quraishi v. Nakhla, 728 F. Supp. 2d 702 | 24+133 | Courts of the United States have traditionally been open to nonresident aliens. | Are the courts of the United States open to aliens? | Aliens_Immigration and Citizenship_ Memo 11 - GP.docx | ROSS-003303425-ROSS-003303426 |
| Thomas v. First Nat. Bank of Scranton, 173 Pa. Super. 205 | 172H+593 | A check is merely an order of the depositor on bank to pay stated amount to a named payee from the drawer's account, and, as such, may be revoked at any time before check is paid or accepted for payment by bank, and if payment is made by bank, after such notice, payment is at peril of the bank. | Whether a notice of stop payment order by the drawer is binding on the bank? | 010157.docx | LEGALEASE-00137962-LEGALEASE-00137963 |
| United States v. Kidd, 734 F.2d 409 | 63+1(2) | Private in the United States Army was a "public official" for purposes of federal bribery statute, which defines "public official" to include any government employee. 18 U.S.C.A. S 201. | "Does a ""public official"" include any government employee?" | 011811.docx | LEGALEASE-00137725-LEGALEASE-00137726 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Barash, 266 F. Supp. 126 | 63+1(2) | A payor of a bribe can be charged and convicted with aiding and abetting internal revenue employees in receiving illegal fees for performance of their duties. 18 U.S.C.A. S 201 and (b); 26 U.S.C.A. (I.R.C.1954) S 7214(a) (2). | Can the payor of a bribe be charged with aiding and abetting as well? | 011830.docx | LEGALEASE-00137652-LEGALEASE-00137653 |
| United States v. Marmolejo, 89 F.3d 1185 | 63+1(2) | Cooperative agreement plan (CAP), that provided $850,000 grant to county for construction of jail, and intergovernmental service agreement (ISA), that provided that county jail would house federal prisoners in exchange for their costs, were so interrelated as to constitute single agreement to provide federal assistance to county jail, for purpose of determining whether, in accepting bribes to allow conjugal visits to federal prisoner incarcerated in county jail, sheriff and deputy violated statute prohibiting bribery of officials of state and local agencies that receive federal funds in one year in excess of $10,000; IGA established specific conditions of agreement to house federal prisoners that was precondition for receipt of funds under CAP, and funds provided to county were authorized by specific statute and were intended to further public policy goals, even though government received something in return for assistance it provided to county. 18 U.S.C.A. S 666(b). | Does Section 666 of the federal statute prohibiting theft or bribery concerning programs receiving federal funds require direct involvement of federal funds in allegedly corrupt transaction? | 011838.docx | LEGALEASE-00137615-LEGALEASE-00137616 |
| State v. Brady, 2 Ariz. App. 210 | 67+10 | As commonly used, "degree" of an offense usually relates to lesser included offenses, but as used in statute defining burglary, quoted word refers merely to time of commission of offense, whether in the daytime or nighttime. A.R.S. SS 13-301, 13-302, subsecs. A, B. | Is daytime burglary a lesser included offense to nighttime burglary? | Burglary - Memo 103 - JS.docx | ROSS-003290554-ROSS-003290556 |
| State v. Butler, 178 Mo. 272 | 67+14 | Establishing that the premises were open to the public was a complete defense to burglary of convenience store, even though the defendant entered area behind counter. West's F.S.A. S 810.02(1). | Is open to the public a defense to burglary? | Burglary - Memo 110 - JS.docx | ROSS-003317166-ROSS-003317167 |
| Collett v. State, 676 So. 2d 1046 | 67+15 | Fact that persons with criminal intent have not been given permission to enter has no effect on whether premises are open to the public and thus within affirmative defense to charge of burglary of structure. West's F.S.A. S 810.02(1). | Is open to the public a defense to burglary? | 012625.docx | LEGALEASE-00137958-LEGALEASE-00137959 |
| Magness v. Superior Court, 54 Cal. 4th 270 | 67+9(2) | The slightest entry by any part of the body or an instrument is sufficient for burglary, but a part of the body or an instrument must penetrate the outer boundary of the building. West's Ann.Cal.Penal Code S 459. | Is entry of any part of the body of an intruder sufficient for burglary? | 012695.docx | LEGALEASE-00137425-LEGALEASE-00137427 |
| Martin v. State, 10 Md. App. 274 | 67+9(1) | If entry is made by opening a closed door, there has been a "breaking" so as to constitute burglary. Code 1940, Tit. 14, S 85. | Does entry through an open door constitute burglary? | 012705.docx | LEGALEASE-00137448-LEGALEASE-00137449 |
| Webb v. Wakefield Twp., 239 Mich. 521 | 200+121 | Township has power to raise taxes to maintain highways. | Does the township have power to raise taxes to maintain roads and highways? | 019208.docx | LEGALEASE-00137858-LEGALEASE-00137859 |
| Fishman v. Eads, 90 Ind. App. 137 | 48A+160(1) | Neither foot passengers nor automobiles have priority of right over the other in streets. | Does a foot passenger have priority of right of way over automobiles? | Highways -Memo 79-IS.docx | ROSS-003290600-ROSS-003290601 |
| Smith Cty. v. Thornton, 726 S.W.2d 2 | 200+76 | A county commissioners court has power to close a county road over protests of landowners whose property does not abut that segment of road sought to be closed. Vernon's Ann.Texas Const. Art. 1, S 17; Vernon's Ann.Texas Civ.St. art. 6702-1, S 2.002. | Does commissioners court power extend to closing a road? | Highways-Memo 75-ANM.docx | LEGALEASE-00027205-LEGALEASE-00027206 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bailey v. Iowa Beef Processors, 213 N.W.2d 642 | 302+360 | Motion to dismiss admits only well pleaded facts; conclusions of law or conclusions of fact are not allowed except where underlying facts are first alleged. 58 I.C.A. Rules of Civil Procedure, rule 111. | Will a motion to dismiss admit only well pleaded facts? | 023369.docx | LEGALEASE-00137782-LEGALEASE-00137783 |
| Durston v. Best W. Motel, 695 S.W.2d 795 | 307A+723.1 | Party moving for continuance was not entitled to it merely because motion was not controverted. | Is a party moving for continuance not entitled to it merely because a motion was not controverted? | 030555.docx | LEGALEASE-00137798-LEGALEASE-00137799 |
| Humboldt Livestock Auction v. B & H Cattle Co., 261 Iowa 419 | 307A+725 | Under provision of Uniform Rule for Dismissal for Want of Prosecution that where appropriate the order of continuance shall be date or term certain, continuance may be to a certain date if possible. 58 I.C.A. Rules of Civil Procedure, rule 215.1. | "Should continuance be to a certain date, where the order of continuance is to date or term certain?" | Pretrial Procedure - Memo # 4721 - C - NE.docx | ROSS-003290769-ROSS-003290770 |
| Trina Solar US v. JRC-Servs. LLC, 229 F. Supp. 3d 176 | 308+101(1) | Under New York law, an agent binds his principal when he enters into a contract within the scope of his authority. | "Can a contract made by an agent, be considered the principals contract?" | 042104.docx | LEGALEASE-00137778-LEGALEASE-00137779 |
| Shell Oil Co. v. CO2 Comm., 589 F.3d 1105 | 25T+151 | Binding arbitration section of class settlement did not provide for a prior panel to resolve, after the fact, a dispute regarding the res judicata effect of its prior order on a newly submitted arbitration complaint, but, rather, required a new panel, where the arbitration provisions stated that each time a party filed a new arbitration complaint, the parties should select panel members in the manner prescribed by the panel selection provision. | "Is the res judicata effect of the original panels order, an arbitrable issue?" | Alternative Dispute Resolution - Memo 644 - SB.docx | ROSS-003300482-ROSS-003300483 |
| Furia v. Cerone, 218 A.D.2d 682 | 228+185.3(16) | Promissory note was enforceable as instrument for payment of money only; notations on back of note did not alter maker's unambiguous obligation to pay, and evidence submitted by maker was insufficient to raise triable issues of fact regarding his defenses of payment and lack of consideration. McKinney's CPLR 3213. | Are promissory notes enforceable for payment of money only? | Bills and Notes - Memo 183 - KC.docx | ROSS-003290808-ROSS-003290809 |
| Gray v. Am. Exp. Co., 34 N.C. App. 714 | 8.30E+60 | Under the Uniform Commercial Code, a negotiable instrument is not incomplete and unenforceable because it is not dated. G.S. 25-3-115. | Is an undated note or negotiable instrument valid under law? | 010126.docx | LEGALEASE-00138854-LEGALEASE-00138855 |
| Maryland Cas. Co. v. Dobbin, 232 Mo. App. 557 | 8.30E+76 | Merely stopping payment on check did not absolve drawer of check from his obligation thereon. | Does a drawer be liable for an obligation on stopping payments on a check? | 010137.docx | LEGALEASE-00138806-LEGALEASE-00138807 |
| Di Franco v. Steinbaum, 177 S.W.2d 69 | 8.30E+76 | Merely stopping payment on check which was a negotiable instrument did not absolve drawer from his obligation thereon. Mo.R.S.A. SS 3017, 3200. | Can stopping of payment absolve the drawer from his obligations? | 010139.docx | LEGALEASE-00138810-LEGALEASE-00138811 |
| Miller v. Medford Nat. Bank, 115 Or. 366 | 172H+593 | Where check does not operate as an assignment, authority to pay it is revoked on death of drawer. | Does the death of the drawer operate as a revocation of a check? | 010163.docx | LEGALEASE-00138227-LEGALEASE-00138228 |
| Thompson v. Bank of Am., N.A., 773 F.3d 741 | 83E+481 | Under Tennessee law, assignment of a note is enforceable regardless of whether it is recorded. | Is an assignment of note enforceable regardless of whether it is recorded? | Bills and Notes -Memo 384 -VP.docx | ROSS-003290845-ROSS-003290846 |
| Roob v. Von Bereghasy, 866 S.W.2d 765 | 307A+723.1 | Trial court has no discretion to reject uncontroverted facts set out by party in a sworn motion for continuance. | Does a trial court lack the discretion to reject the uncontroverted facts established in a party's first motion for continuance? | 030601.docx | LEGALEASE-00138262-LEGALEASE-00138263 |
| Capobianco v. United Wire & Supply Corp., 83 R.I. 405 | 307A+725 | On motion for continuance, burden of proof is on moving party. | Is the burden of proof on the moving party on motion for continuance? | 030828.docx | LEGALEASE-00138561-LEGALEASE-00138562 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wallick v. First State Bank of Farmington, 532 S.W.2d 520 | 307A+720 | It is within the sound discretion of trial court to grant or refuse a continuance after permitting an amendment to pleadings during the course of trial, but such discretion is neither an absolute nor arbitrary discretion. | Is it within the sound discretion of trial court to grant or refuse a continuance after permitting an amendment to pleadings during the course of trial? | Pretrial Procedure - Memo # 4385 - C - DHA.docx | LEGALEASE-00028229-LEGALEASE-00028230 |
| Scott v. Missouri Pac. R. Co., 333 Mo. 374 | 307A+74 | Plaintiff introducing deposition in evidence had right to correct deposition from notes of stenographer. | Does a plaintiff have a right to correct the deposition from the notes of the stenographer? | 031655.docx | LEGALEASE-00138712-LEGALEASE-00138713 |
| Corn Exch. Bank v. Tri State Livestock Auction Co., 368 N.W.2d 596 | 307A+36.1 | Settlement agreement, if any, between bank and owner of corporate payee, should have been disclosed to opposing counsel and court in action by bank to recover amount of three checks drawn on account of payor. | Should a settlement agreement be disclosed to opposing counsel and a court? | 031986.docx | LEGALEASE-00138137-LEGALEASE-00138138 |
| City of Miami v. Quik Cash Jewelry & Pawn, 811 So. 2d 756 | 371+2005 | While only the state legislature has power to authorize the levy of a tax, user fees can validly be imposed by a city or county. West's F.S.A. Const. Art. 7, S 1(a). | Can user fees be validly imposed by a city or county? | 032332.docx | LEGALEASE-00138876-LEGALEASE-00138877 |
| Caro v. City of New York, 31 Misc. 2d 834 | 268+1008 | City waived requirement of statute that mailed notice of claim be transmitted by registered mail where it received notice sent by certified mail and failed to object to method of mailing until after time for service personally or by registered mail had expired. General Municipal Law, S 50-e. | "Although the statute directs that depositions shall be transmitted by the officer taking them to the clerk by mail or a special messenger, is it not an objection to a deposition that the officer personally delivered it to the clerk?" | Pretrial Procedure - Memo # 5372 - C - NC.docx | ROSS-003302766-ROSS-003302767 |
| Alan, Sean & Koule v. SV/CORSTA V, 286 F. Supp. 2d 1367 | 308+151(1) | Under the federal common law of agency, one event that conveys notice of a termination of apparent authority to a third party is the termination of the agent's employment. | Does apparent authority terminate when a third party has notice of termination? | Principal and Agent - Memo 122 - GP.docx | LEGALEASE-00028776-LEGALEASE-00028777 |
| United States v. White, 663 F.3d 1207 | 63+11 | The extent to which the parties conceal their bribes is powerful evidence of their corrupt intent, which is required for a conviction for federal-funds bribery. 18 U.S.C.A. S 666(a)(1)(B). | Does the extent to which the defendants conceal their bribe imply anything in a bribery prosecution? | Bribery - Memo #577 - C - LB.docx | ROSS-003329331-ROSS-003329332 |
| United States v. Leyva, 282 F.3d 623 | 63+1(1) | Use of an official position was not an element of bribery offense; plain language of statute required only that the public official accept a thing of value in exchange for perpetrating a fraud, and absence of any official act requirement was particularly pointed in light of explicit "official act" or "official duty" language in other subsections of statute. 18 U.S.C.A. S 201(b)(2)(B). | Is the use of an official position an element of the offense under 201(b)(2)(B)? | 012468.docx | LEGALEASE-00139185-LEGALEASE-00139186 |
| People v. Henderson, 138 Cal. App. 2d 505 | 67+29 | Burglarious intent may be inferred from the forcible and unlawful entry alone. West's Ann.Pen.Code, S 459. | Can intent to commit burglary be inferred from forcible entry? | Burglary - Memo 195 - KNR.docx | ROSS-003314269-ROSS-003314271 |
| Messmer v. State Farm Cty. Mut. Ins. Co. of Texas, 972 S.W.2d 774 | 307A+501 | Plaintiff's right to nonsuit is absolute and trial judge has no discretion to refuse to grant dismissal. | Is the right to nonsuit absolute? | Pretrial Procedure - Memo # 5500 - C - NC.docx | ROSS-003288851-ROSS-003288852 |
| Lexington Ins. Co. v. Entrex Commc'n Servs., 275 Neb. 702 | 366+35 | A contractual waiver of subrogation is enforceable against gross negligence claims. | Do public policy favor enforcement of waivers of subrogation even in the face of claims of gross negligence? | 043210.docx | LEGALEASE-00139344-LEGALEASE-00139345 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Harder, 168 F. Supp. 3d 732 | 110+29(5.5) | Government was required to prove different facts to support charges against defendant for violation of Foreign Corrupt Practices Act (FCPA) and for charge of international money laundering, and charges were thus distinct and did not require merger, even though charges were based on same payments defendant allegedly made to bank official's sister, knowing that those bribes would be given, directly or eventually, to the employee, to induce him to violate the law; government was required to prove that defendant offered or paid anything of value to a foreign official for corrupt purposes to support FCPA charge, and was required to prove that defendant transferred funds abroad from the United States with intent to promote unlawful activity, i.e., intent to promote an FCPA violation, to support money laundering charge, and the government was thus required to prove different facts to make out the violations charged. 15 U.S.C.A. S 78dd-2(a)(1), (3); 18 U.S.C.A. S 1956(a)(2)(A). | Do courts doubt on the Congress intention to hold an individual liable under 15 U.S.C.  78dd1(a)(3)(A) if he took great care to know exactly whom his agent would be bribing and what precise steps that official would be taking? | 011121.docx | LEGALEASE-00139606-LEGALEASE-00139607 |
| Phillips v. Nash, 47 Ga. 218 | 289+474 | But a dormant partner is not liable to those dealing with the firm after his withdrawal, even though he give no notice of his withdrawal, except to those who know of his connection with the firm. To such as had such knowledge he is liable, even for contracts made after his withdrawal, unless they have notice of his withdrawal. | Does a dormant or a silent partner have liabilities to everyone dealing with the partnership? | 022321.docx | LEGALEASE-00139581-LEGALEASE-00139582 |
| Deford v. Reynolds, 36 Pa. 325 | 289+474 | It seems that every partner is considered as dormant unless his name is mentioned in the title of the firm or included in some general term, e.g., "& Co.," "Sons," etc. | Will a partner be a dormant one if his name does not appear in the firm? | 022323.docx | LEGALEASE-00139587-LEGALEASE-00139588 |
| Babcock v. Stewart, 58 Pa. 179 | 289+828 | An incoming partner is not liable for the prior contracts of the firm, not entered into on his credit. | Is an incoming partner liable on the contracts entered into by the firm before he became a member? | Partnership - Memo 376 - SB.docx | ROSS-003301945-ROSS-003301946 |
| In re Monetary Group, 2 F.3d 1098 | 289+560 | Partners are liable to each other for fruits of misappropriated partnership property. | Are partners liable to each other for the fruits of misappropriated partnership property? | 022348.docx | LEGALEASE-00139410-LEGALEASE-00139411 |
| Guthrie v. Buckeye Cannel Coal Co., 66 Ind. 543 | 307A+74 | Though 2 Rev.St.1876, p. 141, S 256, provides that the deposition shall be subscribed by the deponent after being carefully read to or by him, it is not necessary that the certificate show that such section was complied with. | Shall the deposition be subscribed by the deponent after being carefully read to or by him? | Pretrial Procedure - Memo # 5272 - C - SK.docx | ROSS-003291298-ROSS-003291299 |
| Twp. of Holmdel v. New Jersey Highway Auth., 190 N.J. 74 | 371+2005 | A too expansive interpretation of governmental tax immunity must be guarded against. | Should a too expansive interpretation of governmental tax immunity be guarded against? | 045343.docx | LEGALEASE-00139465-LEGALEASE-00139466 |
| Petrick v. United States, 12 Cl. Ct. 700 | 34+9 | Resignation of military officer is involuntary only when brought about by government action, and subjective feelings of duress on the part of officer, absent government action, or fact that officer is faced with inherently unpleasant alternatives do not make his or her choice involuntary. | Is a resignation by a military officer involuntary when brought about by government action? | 008556.docx | LEGALEASE-00140032-LEGALEASE-00140033 |
| Leahy v. McManus, 237 Md. 450 | 83E+423 | In absence of express negation of personal liability, endorser is liable to holder for value. Code 1957, art. 13, SS 52, 65, 87; art. 95B, SS 3-402, 3-403. | Can an indorsement be written anywhere on the instrument? | Bills and Notes - Memo 136 - IS.docx | ROSS-003301511-ROSS-003301512 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Farmers' Sav. Bank v. Neel, 193 Iowa 685 | 8.30E+04 | The state Legislature has power to declare what instruments shall be negotiable and what shall not, and has done so by the enactment of the Negotiable Instruments Act (Code Supp. 1913, SS 3060a1, 3060a55, and 3060a56). | Does the State have power to determine what instruments are negotiable? | Bills and Notes - Memo 567 - RK.docx | ROSS-003301531-ROSS-003301532 |
| Russell v. Klink, 53 Mich. 161 | 83E+423 | The payee of a note, by indorsing thereon a guaranty of collection to a third person, transfers the title. | Whether a guaranty of collection indorsed by the payee passes title? | Bills and Notes- Memo 353-IS.docx | ROSS-003300622-ROSS-003300623 |
| FFP Mktg. Co. v. Long Lane Master Tr. IV, 169 S.W.3d 402 | 83E+402 | Negotiation or assignment can change ownership of a promissory note. | Can negotiation or assignment change ownership of a promissory note? | Bills and Notes- Memo 361-IS.docx | ROSS-003301553-ROSS-003301554 |
| Phoenix Assur. Co. v. Davis, 126 N.J. Super. 379 | 83E+481 | Any negotiable instrument payable to payees jointly and not in the alternative may be assigned but not negotiated without endorsement of all payees. | Is endorsement of all payees necessary? | Bills and Notes -Memo 420 -DB.docx | ROSS-003300634-ROSS-003300635 |
| Joint Highway Dist. No. 13 v. Hinman, 220 Cal. 578 | 200+121 | Highway construction is "public purpose" for which property may be taxed by state. | Is highway construction a public purpose? | 019002.docx | LEGALEASE-00140333-LEGALEASE-00140335 |
| In re Opinion of the Justices, 133 Me. 525 | 296+1 | By direct provision of Const. pt. 1, art. 36, pensions are not to be granted, except in consideration of actual services, and never for more than one year at a time; a "pension" ordinarily suggesting the idea of a bounty or reward for services rendered. | What is the consideration for a pension? | 022759.docx | LEGALEASE-00140486-LEGALEASE-00140487 |
| Goodman v. McMillan, 258 Ala. 125 | 134+1355 | A "widow" is a wife who outlives her husband, and not an ex-wife who has been divorced from husband before his death. | Is the divorced wife of a confederate soldier entitled to pension as a husband's widow after his death? | Pension - Memo 37 - SB.docx | LEGALEASE-00029910-LEGALEASE-00029911 |
| Bundren v. Holly Oaks Townhomes Ass'n, 347 S.W.3d 421 | 302+16 | Texas follows a "fair notice" standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. Vernon's Ann.Texas Rules Civ.Proc., Rule 47(a). | Does the fair notice pleading standard serve to give the opposing party information to prepare a defense? | 023434.docx | LEGALEASE-00140340-LEGALEASE-00140341 |
| Blanchard v. Blanchard, 261 Ga. 11 | 309+185 | A payment to a surety on the principal's account is presumed to be made at the principal's request. | "Will a payment by a surety or guarantor for the account of a principal presumed to be at the request of the latter, raise an implied promise of reimbursement?" | 043549.docx | LEGALEASE-00139975-LEGALEASE-00139976 |
| Lexington Ins. Co. v. Entrex Commc'n Servs., 275 Neb. 702 | 366+35 | A contractual waiver of subrogation is enforceable against gross negligence claims. | Can a waiver of subrogation be enforced against a gross negligence claim? | Subrogation - Memo # 1266 - C - SJ.docx | ROSS-003288753-ROSS-003288754 |
| United States v. Jennings, 160 F.3d 1006 | 63+1(1) | "Corrupt intent," with which payment must be made in order for payment to be a bribe for purposes of statute prohibiting bribery of public officials and witnesses, is the intent to receive a specific benefit in return for the payment. 18 U.S.C.A. S 201(b)(1)(A). | "How is ""corrupt intent"" defined for the purposes of a bribery conviction?" | 012127.docx | LEGALEASE-00142017-LEGALEASE-00142018 |
| Salinas v. United States, 522 U.S. 52 | 63+1(1) | Bribe need not affect federal funds before bribe violates federal bribery statute. 18 U.S.C.A. S 666(a)(1)(B). | Does a bribe need to affect federal funds before it can be considered a violation of the federal bribery statute? | Bribery - Memo #762 - C - LB.docx | ROSS-003288902-ROSS-003288903 |
| Brown v. Am. Steel Foundries, 272 Pa. 231 | 113+3 | A custom to be good should be certain, continued, reasonable, distinct, uncontradicted, and so notorious as to be probably known to the parties. | What are the requirements of a valid custom? | 014158.docx | LEGALEASE-00141750-LEGALEASE-00141751 |
| Ludman v. Davenport Assumption High Sch., 895 N.W.2d 902 | 157+516 | A witness who is qualified by knowledge and experience can testify to a custom or usage's existence in a particular trade or business, and the testimony does not have to call for the opinion of the witness as an expert; instead, the record must establish the custom as a matter of fact, not a matter of opinion. | Do customs exist only as a matter of fact? | 014184.docx | LEGALEASE-00141856-LEGALEASE-00141857 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pennell v. Delta Transp. Co., 94 Mich. 247 | 113+3 | Custom cannot change a definite contract, and no custom is binding which is not certain, definite, uniform, and notorious. | Can custom change a definite contract? | Customs & Usage - Memo 165 - RK.docx | ROSS-003288304-ROSS-003288305 |
| Reich v. Lopez, 858 F.3d 55 | 135+2 | Owning property in forum does not alone establish domicile; one may have more than one residence in different parts of country or world, but person may have only one domicile. | Can a person have only one domicile? | 014476.docx | LEGALEASE-00141085-LEGALEASE-00141086 |
| Gauthier v. Benson, 667 So. 2d 1181 | 135+2 | "Residence" is not a specific legal term, is nebulous and has no precise meaning; person's "residence" is his dwelling place, however, temporary, and regardless of whether he intends it to be his permanent home. | What is a residence? | 014538.docx | LEGALEASE-00141819-LEGALEASE-00141820 |
| San Diego Cty. v. California Water & Tel. Co., 30 Cal. 2d 817 | 200+77(1) | A method provided by legislature for abandonment or vacation of highways by county or city is exclusive. Streets and Highways Code, SS 954-960.4. | Is the method to abandon or vacate roads exclusive? | Highway-Memo 165-ANM.docx | ROSS-003288829-ROSS-003288830 |
| Mississippi State Highway Comm'n v. McClure, 536 So. 2d 895 | 200+80 | State Highway Commission could not convey fee simple title to portion of road easement which was no longer needed, but could only abandon it. | Do statutes authorize the commission to acquire fee simple title to lands? | 019035.docx | LEGALEASE-00141000-LEGALEASE-00141001 |
| Bob Marshall All. v. Hodel, 852 F.2d 1223 | 260+5.1(3) | Decision by federal agencies not to issue oil and gas leases in designated wilderness of national forest would not be equivalent to formal "withdrawal" of wilderness from mineral leasing under Federal Land Policy and Management Act, but would constitute legitimate exercise of discretion granted to Interior Secretary under Mineral Leasing Act. Federal Land Policy and Management Act of 1976, S 204, 43 U.S.C.A. S 1714; Mineral Lands Leasing Act, SS 1 et seq., 17(a), 30 U.S.C.A. SS 181 et seq., 226(a). | Does the Mineral Leasing Act allow the Secretary to lease such lands but does not require him to do so? | Mines and Minerals - Memo # 93- C - EB.docx | ROSS-003288881-ROSS-003288882 |
| Beggs v. Brooker, 79 S.W.2d 642 | 289+715 | Right of application of partnership assets to partnership debts is right which partners themselves have. | Do the partners have the right of application of partnership assets to partnership debts? | 022403.docx | LEGALEASE-00141918-LEGALEASE-00141919 |
| Farrell v. Theriault, 464 A.2d 188 | 307A+723.1 | Motion for continuance should be filed promptly after need for continuance arises. Rules Civ.Proc., Rule 40(b). | Should a motion for continuance be filed promptly after the need for continuance arises? | 030737.docx | LEGALEASE-00141507-LEGALEASE-00141508 |
| Carlyle v. Plumer, 11 Wis. 96 | 307A+74 | Where a deposition is taken under a commission, as well as when taken under the statute, a witness may write in his answers himself. | "Where a deposition is taken under a commission, as well as when taken under the statute, can a witness write in his answers himself?" | 032554.docx | LEGALEASE-00141710-LEGALEASE-00141711 |
| Hammond v. Freeman, 9 Ark. 62 | 307A+74 | The certificate of an officer before whom a deposition is taken, must show that it was reduced to writing in his presence, otherwise it cannot be read. | Will it be defective if there is no showing that the examination of the witness was reduced to writing in the presence of the justice? | Pretrial Procedure - Memo # 5726 - C - DHA.docx | ROSS-003303122-ROSS-003303123 |
| J.H. Rottman Distilling Co. v. Van Frank, 88 Mo. App. 50 | 307A+715 | An application by plaintiff showed that he was at the time of the trial away on a visit to one of his children, but that he intended to be present and make a defense, and that when notified by his attorney, pursuant to agreement with him, of the day for which the cause was set down for trial, he was ill, threatened with pneumonia, and that, being an aged man, past 70 it would have been extremely dangerous for him to undertake the trip. Besides this, it appeared that his testimony was important, and the refusal of the continuance practically prevented him from making any defense. Held, that it was reversible error to overrule the application under the circumstances. | Can an application for continuance be refused when materiality of the evidence on the trial of the cause and proper diligence is shown? | Pretrial Procedure - Memo # 6097 - C - DHA.docx | ROSS-003304839-ROSS-003304840 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Moore v. Mitchell, 30 F.2d 600 | 371+2001 | Enforcement of revenue laws rests on force and authority, not on consent. | Do enforcement of revenue laws rest on consent? | 045155.docx | LEGALEASE-00140901-LEGALEASE-00140902 |
| Radiofone v. City of New Orleans, 630 So. 2d 694 | 371+2005 | Power of state to tax is unlimited except as restricted by constitutional provisions. | Is the power of state to tax unlimited? | Taxation - Memo # 531 - C - DHA.docx | ROSS-003290187-ROSS-003290188 |
| W.S. Butterfield Theatres v. Dep't of Revenue, 353 Mich. 345 | 371+2005 | Power of taxation is fundamental to very existence of government of the state. | Is the power of taxation fundamental to the existence of government of the state? | Taxation - Memo # 596 - C - NS.docx | ROSS-003329329-ROSS-003329330 |
| Propark Am. New York v. City of Hoboken, 27 N.J. Tax 565 | 268+956(1) | The power to tax reposes in the State; municipalities have no inherent power to tax and can do so only pursuant to a delegation of the State's power. | Do municipalities have inherent power to tax? | Taxation - Memo # 607 - C - SHS.docx | ROSS-003290216-ROSS-003290217 |
| Wheeling Steel Corp. v. Glander, 337 U.S. 562 | 371+2182 | Under Ohio law, tax on intangibles such as notes and accounts receivable is not a franchise, privilege, occupation, or income tax, but is an ad valorem property tax. Gen.Code Ohio, SS 5325-1, 5327, 5328-1, 5328-2, 5638. | "Is a tax on intangibles an ""ad valorem tax""?" | Taxation - Memo # 681 - C - SS.docx | ROSS-003290090-ROSS-003290092 |
| Gustafson v. Riggs, 10 Ariz. App. 74 | 371+2001 | Taxes fall naturally into three classifications: (1) capitation or poll taxes, (2) taxes on property, (3) excises. | What are three classifications of taxes? | Taxation - Memo # 699 - C - CK.docx | ROSS-003291518-ROSS-003291519 |
| Falls Rubber Co. of Akron v. Applebaum, 286 Mass. 18 | 269+10 | One doing business under trade-name may be liable on paper executed by him in that name. G.L.(Ter.Ed.) c. 107, S 40. | Can one who does business under a trade name be liable upon paper executed by him in that name? | Bills and Notes - Memo 411 - RK.docx | LEGALEASE-00031973-LEGALEASE-00031974 |
| United States v. Madeoy, 912 F.2d 1486 | 63+1(2) | Veterans Administration fee appraisers are "public officials" under bribery statute; fee appraisers have official federal responsibility and occupy position of public trust. 18 U.S.C.A. S 201(a)(1). | Can a Veterans Administration fee appraiser be considered public officials under bribery statute? | 012183.docx | LEGALEASE-00142439-LEGALEASE-00142440 |
| Murray v. Albert Lea Home Inv. C.o., 202 Minn. 62 | 113+7 | A custom, no matter how well established, will not be recognized if it is contrary to common sense. | Will a custom be recognized if it is contrary to common sense? | 014241.docx | LEGALEASE-00143051-LEGALEASE-00143052 |
| Walker v. United States, 142 N.M. 45 | 113+8 | Customary practice is irrelevant when inconsistent with New Mexico law. | Is a customary practice irrelevant when inconsistent with law? | 014248.docx | LEGALEASE-00142935-LEGALEASE-00142936 |
| PLM v. Consol. Rail Corp., 490 F. Supp. 194 | 113+8 | Under Pennsylvania law, custom which conflicts with a statute or rule of law is void. | "If a custom conflicts with a statue or rule of law, then is it void?" | Customs & Usage - Memo 280 - TB.docx | ROSS-003289020-ROSS-003289021 |
| Devon Energy Corp. v. Kempthorne, 551 F.3d 1030 | 260+5.1(8) | Department of Interior's (DOI) interpretation of its marketable condition rule to include in gross proceeds, for royalty purposes, costs of compression and dehydration incurred after coalbed methane gas from federal oil and gas mineral leases left central delivery points (CDP) to allow it to move through pipelines that served market in which gas was typically sold was reasonable interpretation of Mineral Leasing Act (MLA) provision requiring royalties to be based on value of product sold "from the lease." Mineral Leasing Act, S 17(b)(1)(A), 30 U.S.C.A. S 226(b)(1)(A); 30 C.F.R. S 206.151. | Do royalty regulations specify that the value of production should be no less than the gross proceeds accruing to the lessee for lease production? | Mines and Minerals - Memo #140 - C - EB.docx | ROSS-003288405-ROSS-003288406 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Piney Woods Country Life Sch. v. Shell Oil Co., 726 F.2d 225 | 260+79.3 | Purpose of distinction, in royalty clauses, between gas sold at well and gas sold off the lease is to distinguish between gas sold in form in which it emerges from the well, and gas to which value is added by transportation away from the well or by processing after the gas is produced, and thus "at the well" describes not only location but quality as well, and market value at well means market value before processing and transportation, and gas is sold at the well if price paid is consideration for gas as produced but not for processing and transportation. Natural Gas Act, SS 1-607, as amended, 15 U.S.C.A. SS 717-717z; Energy Policy and Conservation Act, S 529, 42 U.S.C.A. S 6399. | "Does ""at the well"" mean that the gas has or has not been increased in value by processing or transportation?" | 021330.docx | LEGALEASE-00142654-LEGALEASE-00142655 |
| Alford v. Chevron U.S.A. Inc., 13 F. Supp. 3d 581 | 260+73.1(6) | Under Louisiana law, owners and users of real property failed to allege that successor in interest to operators of oil and gas facilities negligently performed its contractual obligations as lessee to the property, as required to state negligence claim against operator based upon its alleged failure to restore leased property to its original condition; complaint alleged that successor in interest failed to perform its obligation to restore the property under civil and mineral codes, not that it actually operated on the property or otherwise performed any obligations at all. LSA-C.C. art. 2315. | Is the lessee responsible for damages which are inflicted without negligence upon the lessor's property in the course of necessary drilling operations? | Mines and Minerals - Memo #170 - C - CSS.docx | LEGALEASE-00032242-LEGALEASE-00032243 |
| Kaiser-Francis Oil Co. v. Producer's Gas Co., 870 F.2d 563 | 260+83 | Under Oklahoma law, purchaser of natural gas could not avoid its obligations under take-or-pay contract with seller by purchasing gas at lower than contract price from co-owners of seller's well thereby forcing seller to rely on traditional gas balancing remedies between co-owners of jointly owned wells for payment; given contracts, which entitled seller to payment from buyer within specific time, seller was not required to resort to balancing which would have altered price paid, time payment was made, and likelihood that payment would ever be made. | "In the context of industry practice, is the take-or-pay payment intended to be a payment for gas or is it part of the price of gas until it is applied at the time of the sale?" | 021396.docx | LEGALEASE-00143462-LEGALEASE-00143463 |
| Claybrooke v. Barnes, 180 Ark. 678 | 260+49 | Evidence that owner of surface estate had worked surface mines held insufficient to show title by adverse possession to severed mineral estate. | "Where there has been a severance of the legal interest in the minerals from the ownership of the land, is adverse possession of the surface also adverse possession of the mineral estate?" | 021405.docx | LEGALEASE-00143516-LEGALEASE-00143517 |
| Waller Bros. v. Exxon Corp., 836 F. Supp. 363 | 219+31 | Under general equitable considerations, 6% interest rate would be paid to nonconsenting owner of leasehold interest in gas unit subject to forced integration by oil company on sum represented by check mailed by owner to oil company and held by oil company for 90 days, after court determined that acceptance of check by oil company did not constitute "accord and satisfaction" whereby oil company waived right to charge and collect alternate charges from owner, considering federal interest rate, state interest rate, and interest rate on passbooks and checking accounts as well as treasury bills. | Does the state have the constitutional power to regulate production of oil and gas so as to prevent waste? | 021631.docx | LEGALEASE-00142124-LEGALEASE-00142125 |
| Flournoy v. First Nat. Bank, 78 Ga. 222 | 307A+74 | Though the place of execution must appear, it is sufficient to give the county and state; and, if these can be ascertained from the return with due certainty by reasonable construction, it will suffice. | "Though the place of execution of interrogatories must appear, is it sufficient to give the county and state?" | Pretrial Procedure - Memo # 5418 - C - SK.docx | ROSS-003328404-ROSS-003328405 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| McCleary v. Sankey, 1842 WL 4793 | 307A+74 | The certificate of a justice taking a deposition must show that it was taken at the time and place mentioned in the notice, or the deposition is not evidence. | Should the deposition taken in pursuance of a rule of court be read in evidence? | 033086.docx | LEGALEASE-00142553-LEGALEASE-00142554 |
| Dev. Corp. of Palm Beach v. WBC Const., 925 So. 2d 1156 | 307A+554 | When a defendant challenges jurisdiction, the defendant files a motion to dismiss. | "When a defendant challenges jurisdiction, does the defendant file a motion to dismiss?" | 033429.docx | LEGALEASE-00142782-LEGALEASE-00142783 |
| Semenza v. Kniss, 2005 MT 268, 17, 329 Mont. 115 | 31+9(2) | Special appearance is not required to contest personal jurisdiction; party may challenge a court's personal jurisdiction simply by raising the issue in its initial response to a claim. Rules Civ.Proc., Rule 12. | Does the rule permitting motion to dismiss for lack of personal jurisdiction (Rule 12 M.R.Civ.P.) effectively abolish the distinction between general and special appearances? | 033439.docx | LEGALEASE-00143538-LEGALEASE-00143539 |
| Bologna v. Schlanger, 995 So. 2d 526 | 307A+563 | Dismissal for fraud is warranted where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. | Is the dismissal of a lawsuit for fraud on the court an extraordinary remedy to be utilized only when a deliberate scheme to subvert the judicial process has been clearly and convincingly proved? | 034526.docx | LEGALEASE-00143482-LEGALEASE-00143483 |
| Chickasaw Nation v. State of Okl. ex rel. Oklahoma Tax Comm'n, 31 F.3d 964 | 371+2005 | State's power to regulate does not automatically encompass power to tax in all circumstances; where taxation is integral part of overall regulatory structure in traditionally heavily regulated area, as opposed to simple revenue measure, tax may properly be considered to be regulatory and to fall within regulatory authority. | Does the state's power to regulate encompass power to tax in all circumstances? | Taxation - Memo # 486 - C - KBM.docx | ROSS-003302253-ROSS-003302254 |
| Oswald v. Hamer, 73 N.E.3d 536 | 371+2013 | The legislature's power to tax is plenary; it is restricted only by the federal and state constitutions. | Is the power of state to tax plenary? | 045333.docx | LEGALEASE-00142419-LEGALEASE-00142420 |
| Rosenbalm v. Dep't of Treasury, 164 Mich. App. 99 | 371+3402 | Intangibles tax did not in substance constitute "income tax"; intangibles tax is specific tax on privilege of ownership of intangible personal property such as corporate shares, and not tax on income from shares. M.C.L.A. SS 205.131 et seq., 206.1 et seq.; M.C.L.A. Const. Art. 9, S 7. | Is the intangible tax a property tax and not an income tax? | 045673.docx | LEGALEASE-00143069-LEGALEASE-00143070 |
| Bluebeard's Castle v. Gov't of Virgin Islands, 321 F.3d 394 | 371+2060 | Property taxes are generally governed by state law. | Are property taxes generally governed by state law? | 045714.docx | LEGALEASE-00142197-LEGALEASE-00142198 |
| Gilreath v. Westgate Daytona, Ltd., 871 So. 2d 961 | 371+2060 | An "ad valorem tax" is a tax assessed upon the value of property. | "Is an ""ad valorem tax"" a tax assessed upon the value of property?" | Taxation - Memo # 747 - C - SHB.docx | ROSS-003289817 |
| Performance Unlimited v. Questar Publishers, 52 F.3d 1373 | 25T+186 | In a dispute subject to mandatory arbitration under the Federal Arbitration Act, district court has subject matter jurisdiction under provision governing stays pending arbitration to grant preliminary injunctive relief, provided that party seeking relief satisfies four criteria which are prerequisites to grant of such relief. 9 U.S.C.A. S 3. | Does the Arbitration Act strip the authority of the court to grant a writ of possession pending outcome of the arbitration? | Alternative Dispute Resolution - Memo 681 - RK.docx | ROSS-003290733-ROSS-003290735 |
| Second Congregation Soc. v. Hugh Stubbins & Assocs., 108 N.H. 446 | 25T+181 | Although delay in moving for arbitration will not alone amount to default of that procedure under statute, any attempt to go to merits and to still retain right to arbitrate is clearly impermissible. RSA 542:2. | Does delay in moving for arbitration constitute a default? | 007692.docx | LEGALEASE-00144805-LEGALEASE-00144806 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| St. Mary's Med. Ctr. of Evansville v. Disco Aluminum Prod. Co., 969 F.2d 585 | 25T+182(1) | Waiver of right to arbitrate may be found even if decision to forego arbitration did not prejudice nondefaulting party. 9 U.S.C.A. S 2. | Can courts find waiver if it is clear that a party has forgone its right to arbitrate? | Alternative Dispute Resolution - Memo 695 - RK.docx | ROSS-003302126-ROSS-003302128 |
| Ivax Corp. v. B. Braun of Am., 286 F.3d 1309 | 25T+182(1) | Participating in litigation is not the only way to waive the right to arbitration. | Is participating in litigation the only way to waive the right to arbitration? | 007716.docx | LEGALEASE-00144831-LEGALEASE-00144832 |
| Midwest Window Sys. v. Amcor Indus., 630 F.2d 535 | 25T+182(1) | Whether a right to arbitration has been waived cannot be determined by application of an inflexible rule; all of the circumstances, of which prejudice should be one, must be considered in the context of the particular case. | Can waiver of the right to arbitration be determined by the application of some inflexible rule? | 007747.docx | LEGALEASE-00145033-LEGALEASE-00145034 |
| United States v. Lederer, 365 F. Supp. 1003 | 34+20.8(1) | Draft board is under duty to supply registrants with requested form for conscientious objector classification. | Is supplying registrants with requested forms a mandatory duty of the board? | 008672.docx | LEGALEASE-00144654-LEGALEASE-00144655 |
| Young v. Terminal R. R. Ass'n of St. Louis, 70 F. Supp. 106 | 34+20.2 | Selective service regulations authorized by statute have the force of law. Selective Training and Service Act of 1940, S 10(a)(1), 50 U.S.C.A.App. S 310(a)(1). | Do selective service regulations have the force of law? | 008687.docx | LEGALEASE-00144670-LEGALEASE-00144671 |
| Ex parte Stewart, 47 F. Supp. 415 | 34+20.8(1) | The opinions of the Director of the Selective Service are merely the director's opinions directed to the various boards to guide them in solving certain problems and do not have the force of "law". Selective Training and Service Act of 1940, S 1 et seq., 50 U.S.C.A.Appendix S 300 et seq. | Do the opinions of the Director of Selective Service have the force of law? | Armed Services - Memo 273 - RK.docx | ROSS-003301504 |
| United States v. Capo, 817 F.2d 947 | 63+1(1) | Commercial bribery is not within the reach of the Hobbs Act, which prohibits extortion. 18 U.S.C.A. S 1951. | Is commercial bribery within the reach of the Hobbs Act? | Bribery - Memo #848 - C - LB.docx | ROSS-003288223-ROSS-003288224 |
| Sherrill-Russell Lumber Co. v. Krug Lumber Co., 216 Mo. App. 1 | 113+7 | Contract, made in view of well-established customs of trade to which it relates, is to be construed in light of customs, but, to become part of contract, customs must be reasonable. | Should a contract be construed in light of customs? | 014243.docx | LEGALEASE-00143617-LEGALEASE-00143618 |
| St. James v. Embury-Martin Lumber Co., 219 Mich. 115 | 113+7 | That a custom is general and established raises a presumption of its reasonableness. | Does a custom that is general and established raise a presumption of reasonableness? | 014244.docx | LEGALEASE-00143613-LEGALEASE-00143614 |
| Heckman v. Williamson Cty., 369 S.W.3d 137 | 106+247(7) | Though ordinarily lacking jurisdiction over an appeal from an interlocutory order, the Supreme Court had appellate jurisdiction, because on a conflict with its prior decisions, over decision of Court of Appeals that held on an interlocutory appeal that because no named plaintiff in putative class action had standing on all of class's claims, no named plaintiff had standing at all; Supreme Court had previously held that a named plaintiff's lack of standing to bring some, but not all, of his claims just deprived trial court of jurisdiction over those discrete claims. V.T.C.A., Government Code S 22.225(b). | Does a court have no jurisdiction over a claim made by a plaintiff who lacks standing to assert it? | 033218.docx | LEGALEASE-00144914-LEGALEASE-00144915 |
| Henneberry v. Borstein, 91 A.D.3d 493 | 307A+560 | Defendant challenging service must move to dismiss on that ground. McKinney's CPLR 306-b. | Should a defendant challenging service move to dismiss on that ground? | Pretrial Procedure - Memo # 6183 - C - SN.docx | ROSS-003302573 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Beverage v. Pullman & Comley, 232 Ariz. 414 | 30+3904 | When the superior court dismisses for lack of personal jurisdiction without conducting an evidentiary hearing, the appellate court views the facts in the light most favorable to the plaintiffs but accepts as true the uncontradicted facts put forward by the defendants. | "To survive a motion to dismiss for lack of personal jurisdiction over a nonresident defendant, does the burden shift to the defendant to rebut the showing?" | Pretrial Procedure - Memo # 6215 - C - KG.docx | LEGALEASE-00034118-LEGALEASE-00034119 |
| Mistich v. Com., Pa. Bd. of Prob. & Parole, 863 A.2d 116 | 307A+552 | Generally, a case will be dismissed as moot if there exists no actual case or controversy. | Will a case be moot and be dismissed when the controversy that existed between litigants has ceased to exist? | Pretrial Procedure - Memo # 6709 - C - SK.docx | ROSS-003289332-ROSS-003289333 |
| Wells Fargo Bank, N.A. v. Reeves, 92 So. 3d 249 | 266+1785(2) | Issue of mortgagee's compliance or lack thereof with statute that required mortgagee to give satisfactory security of 25% of the market value of its outstanding capital stock was not properly before the trial court at the pre-answer stage of the litigation; it was a possible affirmative defense or counterclaim which would be determined upon averments of fact in a responsive pleading and sufficient proof of those facts. West's F.S.A. § 660.27. | Is fraud upon the court an egregious offense against the integrity of the judicial system and is more than a simple assertion of facts in a pleading which might later fail for lack of proof? | 034649.docx | LEGALEASE-00144975-LEGALEASE-00144976 |
| Scallan v. Marriott Intl, 995 So. 2d 1066 | 307A+46 | Although a trial court has discretion to dismiss a complaint for noncompliance with a court's discovery order, it is for the very reason that the trial judge is granted so much discretion to impose this severe sanction that it has been determined that an order for dismissal should contain an explicit finding of willful noncompliance. | Does a trial court possess the discretion to dismiss a complaint when there is clear and convincing evidence that the plaintiff has committed fraud upon the court? | Pretrial Procedure - Memo # 7352 - C - UG.docx | LEGALEASE-00034657-LEGALEASE-00034658 |
| Bd. of Cty. Comm'rs of Eagle Cty. v. Dist. Court In & For the City & Cty. of Denver, 632 P.2d 1017 | 401+2 | It is the substance of the action and not the form which controls the venue of case. | Is it the substance of the action or the form of the action which controls the venue of the case? | Venue - Memo 131 - RK.docx | ROSS-003305001-ROSS-003305002 |
| Williams v. E. Coal Corp., 952 S.W.2d 696 | 413+2084 | Workers' compensation is creature of statute, and remedies and procedures described therein are exclusive. KRS 342.011 et seq. | What is workers compensation a creature of? | 048215.docx | LEGALEASE-00144299-LEGALEASE-00144300 |
| United States v. Bahel, 662 F.3d 610 | 63+1(1) | A showing of "quid pro quo" contemporaneous with the bribe, that is, a specific act to be completed at the time of the promise to compensate the actor, is limited to bribery, and therefore, has no application in the honest services fraud context. 18 U.S.C.A. SS 201, 1341, 1343, 1346. | Can bribery be accomplished through an ongoing course of conduct without specific quid pro quo being proved? | 012307.docx | LEGALEASE-00145647-LEGALEASE-00145648 |
| United States v. Ramirez, 708 F.3d 295 | 350H+1263 | Generic definition of "dwelling," for the purposes of the enumerated "burglary of a dwelling" offense under the career offender Sentencing Guideline, is an enclosed space for use or intended use for human habitation. U.S.S.G. SS 4B1.1(a), 4B1.2(a), 18 U.S.C.A. | Does a burglary of a dwelling require the dwelling to be an enclosed space? | Burglary - Memo 234 - TB.docx | ROSS-003315751-ROSS-003315752 |
| State v. Cantu, 123 Wash. App. 404 | 67+4 | A locked room can be a "dwelling" for the purpose of residential burglary. West's RCWA 9A.52.025(1). | May a locked room be considered a dwelling for the purpose of residential burglary? | Burglary - Memo 240 - TB.docx | ROSS-003317994-ROSS-003317995 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Burnett, 750 F. Supp. 1029 | 260+7 | Purchaser of an interest in an unpatented mining claim was required to remove structures and personal property located on claim which he had purchased from a previous holder; operating plan submitted by purchaser was rejected by Forest Service, and thus the purchaser did not have the required approval from the Service, and thus the structures and personal property were a trespass on government property in light of evidence that purchaser had acquired only right to remove structures and did not have right to list them on claims. | "Can a person maintain property on a mining claim on land without first having a special use authorization, contract, or approved operating plan permitting such use?" | 021428.docx | LEGALEASE-00145930-LEGALEASE-00145931 |
| Kadrmas v. Sauvageau, 188 N.W.2d 753 | 260+55(5) | Warranty deed which described land conveyed, and excepted and reserved one-half of minerals to grantors, conveyed surface and one-half of the minerals. | "Does a general conveyance of land, without any exception or reservation of the minerals, carry with it the minerals as well as the surface?" | 021436.docx | LEGALEASE-00145989-LEGALEASE-00145990 |
| Dayton v. Bartlett, 38 Ohio St. 357 | 289+870 | Where a surviving partner, engaged in winding up the partnership affairs, dies, his administrator is charged with completing the duty, and is entitled to compensation for such service, to be paid from the partnership assets which came to his hands from such surviving partner. | Is it the duty of all the partners to settle the partnerships affairs? | Partnership - Memo 454 - RK.docx | ROSS-003291149-ROSS-003291150 |
| Yandes v. Lefavour, 2 Blackf. 371 | 241+143(3) | An acknowledgement or promise by one partner, after the dissolution of the firm, does not bind the other partners, so as to take the debt out of the statute of limitations as to them. | Will one partners acknowledgment of a debt of the firm after dissolution bind the other partners? | 022484.docx | LEGALEASE-00146394-LEGALEASE-00146395 |
| Gray v. City of Salem, 271 Mass. 495 | 296+2 | Legislature has power to grant pensions to selected individuals, except where no legitimate public good will be derived therefrom. | Does the legislature have constitutional power to grant pensions to selected individuals? | 022822.docx | LEGALEASE-00145310-LEGALEASE-00145311 |
| WorldPeace v. Comm'n for Lawyer Discipline, 183 S.W.3d 451 | 302+34(3) | Pleadings should generally be construed as favorably as possible to the pleader. | Are pleadings generally construed as favorably as possible to the pleader? | Pleading - Memo 440 - RMM.docx | ROSS-003289274-ROSS-003289275 |
| Texas Dept of Transp. v. Garcia, 243 S.W.3d 759 | 307A+554 | A court's lack of jurisdiction requires dismissal of a case. | Does a court lack of jurisdiction require dismissal of a case? | 033169.docx | LEGALEASE-00145547-LEGALEASE-00145548 |
| Blanke v. Hendrickson, 944 S.W.2d 943 | 184+13(1) | For purposes of fraud claim, truth or falsity of representation is determined as of time it was made and as of time it was intended to be relied and acted upon. | Is the truth or falsity of the representation determined as of the time it was made and as of the time it was intended to be relied and acted upon? | Pretrial Procedure - Memo # 6496 - C - PC.docx | LEGALEASE-00035359-LEGALEASE-00035360 |
| Cal v. Forward Air Sols., 199 So. 3d 312 | 30+3330 | Trial court's entry of an order dismissing a complaint as a discovery sanction is reviewed for an abuse of discretion. | Can a trial court dismiss a complaint as a sanction if it finds that a party has willfully disregarded a court order? | Pretrial Procedure - Memo # 6506 - C - TM.docx | ROSS-003304870-ROSS-003304872 |
| Nagy v. Dist. Court of City & Cty. of Denver, 762 P.2d 158 | 307A+746 | Imposing sanction equivalent to dismissal for failing to file trial data certificate was clear abuse of discretion where record did not indicate that failure to file trial data certificate resulted in any prejudice to either party, and where other party was equally negligent in failing to file trial data certificate. Rules Civ.Proc., Rule 121. | Is imposing a sanction equivalent to a dismissal in any circumstance? | 034778.docx | LEGALEASE-00145393-LEGALEASE-00145394 |
| McGriff v. Vidovich, 699 A.2d 797 | 307A+552 | Action is frivolous, and therefore subject to dismissal before court considers petition to proceed in forma pauperis, if, on its face, action does not set forth valid cause of action. | Is an action that is frivolous subject to dismissal before court? | 035124.docx | LEGALEASE-00146149-LEGALEASE-00146150 |
| Damron v. Sledge, 105 Ariz. 151 | 307A+552 | Courts have inherent power to dismiss a case which is collusive. | Do courts have inherent power to dismiss a case which is collusive? | Pretrial Procedure - Memo # 7266 - C - KG.docx | ROSS-003316997-ROSS-003316998 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Osborne v. Osborne, 2 Conn. App. 635 | 307A+563 | Failure to comply with an order of the court is ground for a nonsuit. Practice Book 1978, S 351. | Is failure to comply with an order of the court ground for a nonsuit? | Pretrial Procedure - Memo # 7383 - C - ES.docx | ROSS-003330055 |
| Miami Beach Awning Co. v. Heart of the City, 565 So. 2d 739 | 307A+590.1 | Circuit court's order setting cause for status conference was "record activity" within year of motion to dismiss and, therefore, barred dismissal for lack of prosecution. West's F.S.A. RCP Rule 1.420(e). | "If sufficient record activity occurs during one-year period preceding motion to dismiss for failure to prosecute, should then the motion be denied?" | 11315.docx | LEGALEASE-00094491-LEGALEASE-00094492 |
| Doss v. Food Lion, 267 Ga. 312 | 413+2 | Any enlargement of workers' compensation benefits and remedies must originate with legislature. | Any enlargements to workers compensation should originate from where? | 048227.docx | LEGALEASE-00145515-LEGALEASE-00145516 |
| Hartman v. Clarke Cty. Homemakers, 520 N.W.2d 323 | 413+2 | Workers' compensation is statutory and must be construed according to its language. | Should workers compensation be construed according to its language or its terms? | 048262.docx | LEGALEASE-00145623-LEGALEASE-00145624 |
| Frye v. Paine, Webber, Jackson & Curtis, 877 F.2d 396 | 25T+182(1) | Despite strong federal policy favoring arbitration, right to arbitration may be waived. | Can the right to arbitrate be waived? | 10727.docx | LEGALEASE-00094291-LEGALEASE-00094292 |
| Borowiec v. Gateway 2000, 209 Ill. 2d 376 | 307A+622 | A motion to dismiss on the pleadings attacks the legal sufficiency of the complaint; such a motion does not raise affirmative factual defenses, but alleges only defects appearing on the face of the complaint. S.H.A. 735 ILCS 5/2-615. | Will a motion to dismiss under statute governing involuntary dismissals assert an affirmative defense or other matter that avoids or defeats the plaintiffs' claim? | 11381.docx | LEGALEASE-00094039-LEGALEASE-00094040 |
| Young v. United States, 97 U.S. 39 | 384+1 | "Treason" is a breach of allegiance and can be committed by him only who owes allegiance either perpetual or temporary. | Is breach of allegiance committed only by a person who owes allegiance? | 11441.docx | LEGALEASE-00094389-LEGALEASE-00094391 |
| United States v. Madigan, 300 U.S. 500 | 15A+2263 | Administrative construction by Veterans' Bureau of statute providing for revival of lapsed policies held of persuasive force in suit involving rights under statute. World War Veterans' Act 1924, S 305, as amended by Act July 2, 1926, 38 U.S.C.A. S 516. | Is the administrative construction given to the Veterans' Bureau of persuasive force? | 008731.docx | LEGALEASE-00148012-LEGALEASE-00148013 |
| United States v. Brunner, 457 F.2d 1301 | 34+20.10(2) | Selective service regulation creating a duty on local board to induct a registrant within a maximum 120 days from induction order or cancel order to report for induction is inapplicable to registrants who refuse to appear for or submit to induction. | Does the one-hundred-twenty (120) day limitation apply to a registrant who has failed to appear for and submit to induction? | Armed Services - Memo 307 - RK_57616.docx | ROSS-003294573-ROSS-003294574 |
| People v. Blair, 1 Ill. App. 3d 6 | 67+45 | Whether entry is initially made with requisite intent to commit felony or theft is question for jury in burglary prosecutions. S.H.A. ch. 38, S 19-1(a). | Can burglary be in a public place? | Burglary - Memo 248 - SB_57626.docx | ROSS-003323403-ROSS-003323406 |
| Wolcott v. Frissell, 134 Mass. 1 | 296+6 | Under Rev.St.U.S. SS 4785, 4786, 5485, 43 U.S.C.A. SS 842-844, Or St. U.S. June 20, 1878, c. 367, S 2, 20 Stat. 243, 43 U.S.C.A. S 842 note, an attorney, who has received the fee therein prescribed for services in procuring a pension, is not entitled to maintain an action, against a person other than the pensioner for a larger fee, upon an alleged promise of such person to pay him for his services as much as they were reasonably worth. The statutes clearly prohibit the receiving of additional compensation for such services, not only from the pensioner, but from any person. | Is it lawful for a person to receive for his servicesin a pension case a greater sum than that provided by statute? | 022834.docx | LEGALEASE-00147836-LEGALEASE-00147837 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Schwab v. Ginkinger, 181 Pa. 8 | 157+450(5) | In an action by an administratrix to recover the proceeds of a pension check payable to deceased, and alleged to belong to him at his death, defendant claimed the right to retain the money, and introduced a writing as follows: "And the said (deceased) further agrees that if his said son (defendant) shall provide for him just and right during his natural life, that the balance remaining of his estate shall be for his compensation, etc., in getting said pension, etc." Plaintiff contended that the agreement was void under the pension law, which imposes a limit on the fee chargeable for prosecuting a pension claim. Held, that the writing required explanation, and hence it was error to reject parol evidence that deceased gave the check to defendant solely in consideration that defendant should provide for him during the rest of his life, and not as compensation for getting the pension. | Does receiving pension benefits from a pensioner as compensation violate pension laws? | Pension - Memo 64 - JK_57650.docx | ROSS-003306887-ROSS-003306888 |
| Crane v. Inhabitants of Linneus, 77 Me. 59 | 163+49 | A verbal promise by a pension claimant to pay a debt out of his pension money is not a "pledge, mortgage, assignment, transfer, or sale," under Rev.St.U.S. S 4745 (38 U.S.C.A. S 129). | "May a pensioner pledge, mortgage, assign, transfer, or sell his pension benefits?" | Pension - Memo 65 - JK_57651.docx | ROSS-003278361 |
| Glisson v. City of Marion, 188 Ill. 2d 211 | 13+13 | Lack of standing is an affirmative defense, which the defendant bears the burden to plead and prove. | Is lack of standing an affirmative matter? | Pretrial Procedure - Memo # 7481 - C - SKG_57520.docx | ROSS-003284988-ROSS-003284989 |
| Holder v. Orange Grove Med. Specialties, P.A., 54 So. 3d 192 | 307A+675 | Motions for failure to prosecute are considered on a case-by-case basis. Rules Civ.Proc., Rule 41(b). | Are motions to dismiss for failure to prosecute considered on a case-by-case basis? | 11011.docx | LEGALEASE-00094713-LEGALEASE-00094714 |
| Jones v. Jones, 16-536 (La. App. 5 Cir. 4/26/17), 220 So. 3d 855 | 307A+690 | When a suit is dismissed on the basis of abandonment, the dismissal is without prejudice. La. Code Civ. Proc. Ann. art. 561. | Is a dismissal without prejudice when a suit is dismissed on the basis of abandonment? | 11070.docx | LEGALEASE-00094228-LEGALEASE-00094229 |
| Argence v. Box Opportunities, 95 So. 3d 539 | 307A+581 | Dismissal of an action on grounds of abandonment may only be made without prejudice. LSA-C.C.P. arts. 561, 2129, 2164. | Is a dismissal on the grounds of abandonment a dismissal without prejudice? | 11241.docx | LEGALEASE-00094609-LEGALEASE-00094610 |
| Fit Tech v. Bally Total Fitness Holding Corp., 374 F.3d 1 | 25T+145 | Only accounting issues concerning computation of earning schedules and thus supplemental payments due sellers under asset purchase agreement were referable to accountant under agreement terms, as opposed to additional disputes about operation of business, even if they affected level of earnings; disagreements referable to accountant were defined in accounting terms in agreement. | Does it make sense to assume that accountants would be entrusted with evaluating disputes about the operation of the business? | 007822.docx | LEGALEASE-00148857-LEGALEASE-00148859 |
| Schoenduve Corp. v. Lucent Techs., 442 F.3d 727 | 25T+143 | Arbitrator had authority to decide quasi-contract and estoppel claims included in demand for arbitration, where other party did not object, and agreement, by permitting arbitration of disputes arising out of or relating to agreement regarding commissions, did not preclude consideration of issues outside parties' contract. 9 U.S.C.A. S 1 et seq. | Does the language any dispute arising out of or relating to in an arbitration agreement cover every dispute between the parties having a significant relationship to the agreement? | 007838.docx | LEGALEASE-00148873-LEGALEASE-00148874 |