| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| L. H. Lacy Co. v. City of Lubbock, 559 S.W.2d 348 | 25T+391 | Where both city and contractor participated in arbitration proceedings pursuant to arbitration clause in construction contract, and neither party unequivocally withdrew its consent to arbitrate and arbitration proceedings resulted in an award to contractor, award was valid and enforceable under Texas common law, notwithstanding that city had participated subject to "jurisdictional pleas and exceptions," since such pleas had not been made with reference to common-law arbitration. Vernon's Ann.Civ.St. art. 224 et seq. | Is it possible to withdraw a submission to arbitration after a preliminary award has been declared? | Alternative Dispute Resolution - Memo 761 - RK.docx | LEGALEASE-00037875-LEGALEASE-00037876 |
| Walthour v. Chipio Windshield Repair, 944 F. Supp. 2d 1267 | 25T+134(1) | Under Georgia law, a provision of an arbitration agreement that expressly waived employees' rights to a "representative or class proceeding" as opposed to a "collective proceeding" under Fair Labor Standards Act (FLSA) was not so ambiguous as to constitute an invalid waiver of employees' rights of collective action under the FLSA. 9 U.S.C.A. S 1 et seq.; Fair Labor Standards Act of 1938, S 16(b), 29 U.S.C.A. S 216(b). | Does a plaintiffs' inability to proceed on a class or collective basis in arbitration prevent them from vindicating their substantive rights under the FLSA? | 007862.docx | LEGALEASE-00148899-LEGALEASE-00148900 |
| Parrott v. United States, 370 F.2d 388 | 34+20.8(5) | Selective service registrant bears burden of clearly establishing right to ministerial exemption. Universal Military Training and Service Act, S 6(g), 50 U.S.C.A.App. S 456(g). | Is ministerial exemption a matter of legislative grace? | Armed Services - Memo 316 - RK_58130.docx | ROSS-003281690 |
| Matter of Sims Office Supply, 94 B.R. 744 | 51+2620 | Transfer of check occurs, for preference purposes, when check is honored by bank rather than upon delivery of check. Bankr.Code, 11 U.S.C.A. S 547. | Will the transfer of a check occur when it is honored by the bank? | Bills and Notes- Memo 458-IS_57869.docx | ROSS-003297072-ROSS-003297073 |
| Larson-Hegstrom & Assocs. v. Jeffries, 145 Ariz. 329 | 95+52 | "Valuable consideration" implies a benefit to promisor or detriment to promisee, and may consist of any benefit or detriment, not necessarily monetary. | Does valuable consideration implies profit to the promisor and loss to promisee? | Bills and Notes- Memo 679-PR_57909.docx | ROSS-003308510 |
| San Diego Cty. v. California Water & Tel. Co., 30 Cal. 2d 817 | 200+77(1) | A method provided by legislature for abandonment or vacation of highways by county or city is exclusive. Streets and Highways Code, SS 954-960.4. | Is the method for vacation of highway exclusive and be authorized by law? | 018647.docx | LEGALEASE-00148373-LEGALEASE-00148374 |
| Hoch v. Doughty, 224 A.2d 54 | 48A+170(2) | It should be statutory duty to seasonably turn to right at blind corner, or turn in road, when motorist is legally bound to anticipate that approaching vehicle may at any moment appear. 29 M.R.S.A. S 941. | What is the nature of the duty to seasonably turn to the right while travelling on a road? | Highways -Memo 225-IS.docx | LEGALEASE-00038352-LEGALEASE-00038353 |
| Burkey v. United States, 25 Cl. Ct. 566 | 260+55(5) | The general rule that a straight mineral reservation did not include sand and gravel where the surface of the land was sand and gravel, could be overcome in a given case by an examination of the usage of the term in the vernacular of the mining world or world of commerce, or by consideration of what the particular parties contemplated. | Are sand and gravel generally included within the definition of minerals in a reserved estate? | 021523.docx | LEGALEASE-00148578-LEGALEASE-00148579 |
| Hanson v. Birmingham, 92 F.Supp. 33 | 289+462 | At common law, if parties have rights of partners they have duties imposed by law on partners. | "If parties have the rights of partners, do they have the duties imposed by law on partners?" | 022525.docx | LEGALEASE-00148925-LEGALEASE-00148926 |
| Brabham v. Brabham, 483 So. 2d 341 | 302+18 | Circumstances of alleged fraud such as time, place and contents of any false representations or conduct must be specifically stated. Rules Civ.Proc., Rule 9(b). | Can fraud be inferred or presumed? | 023606.docx | LEGALEASE-00148610-LEGALEASE-00148611 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wydel Assocs. v. Thermasol, Ltd., 452 F. Supp. 739 | 308+172 | Under Texas law, a contract cannot be adopted in part and rejected in part because act of ratification extends to entire contract. | Can a contract be adopted and rejected in part? | 041362.docx | LEGALEASE-00148528-LEGALEASE-00148529 |
| In re Grubin, 476 B.R. 699 | 308+175(1) | Under New York law, once principal ratifies act of agent, the principal is bound as if he had authorized the act in first place. Restatement (Second) of Agency S 82; Restatement (Third) of Agency S 4.02(1). | "If a principal ratifies the acts of his agent, is he responsible for those acts?" | 041369.docx | LEGALEASE-00148560-LEGALEASE-00148561 |
| Am. Computer Tech. v. Hardwick, 274 Ga. App. 62 | 308+175(3) | A ratification by the principal of an agent's action refers back to the act ratified, and becomes effective as if originally authorized. West's Ga.Code Ann. S 10-6-52. | Can ratification by the principal be revoked? | Principal and Agent - Memo 132 - KC_58046.docx | ROSS-003280880-ROSS-003280881 |
| Howell v. Texas Workers' Comp. Comm'n, 143 S.W.3d 416 | 46H+1234 | Trial court did not abuse its discretion by imposing monetary sanctions, under its inherent power, against health care provider's attorneys in health care provider's action against Workers' Compensation Commission and workers' compensation insurers disputing adequacy of administrative review process for fee disputes and independent review organization (IRO) fees, for making false statements of material fact to the court, in violation of the rules of professional conduct, suggesting that attorneys had little or no involvement in the filing of over 700 lawsuits by provider regarding medical payment disputes; attorneys stated that though they had drafted lawsuits they first had notice that lawsuits had been filed when they attended a hearing on a temporary restraining order (TRO), and at hearing on sanctions attorney stated that vast majority of lawsuits had been filed while he was out on back surgery and that his signature had been stamped. V.T.C.A., Government Code Title 2, Subtitle G App. A-1, Disciplinary Procedure Rule 3.03. | Are the rights and obligation of the employee and the health care provider treating the employee governed under the Workers Compensation Act? | Workers Compensation - Memo #532 ANC_57832.docx | ROSS-003280425-ROSS-003280426 |
| Jean Pierre v. State, 635 S.W.2d 548 | 178+20(1) | In information, which charged business corporation engaged in baking trade with committing misdemeanor deceptive business practice by selling adulterated bakery products, the language "may have become contaminated" described possible result of criminal act and not act itself, given fact that prohibited act was subjection of food to unsanitary conditions, not actual contamination of food, and thus information did not charge corporation with acts which "may have occurred," but, rather, information sufficiently informed corporation of exact charges against it and enabled it to prepare defense. V.T.C.A., Penal Code S 32.42; Vernon's Ann.Civ.St. arts. 4476-5, 4476-5, SS 3, 10(a)(4). | Is food deemed to be adulterated if it is prepared under unsanitary condition? | Adulteration- Memo 55-_1oS91nMJYrYcLPjDFMc2ci-EnvyPQX9Wr.docx | ROSS-000000136 |
| United States v. Ventura-Melendez, 275 F.3d 9 | 34+40(5) | Government ownership of the property in question is not a requisite to violating statute setting forth offense of trespassing on a United States military installation. 18 U.S.C.A. S 1382. | Is government ownership of the property in question a requisite for a conviction under 18 U.S.C. 1382? | Armed Services - Memo 328 - RK_58601.docx | ROSS-003281183 |
| Adams v. United States, 117 Fed. Cl. 628 | 34+101.1 | Interpretive doubt regarding the reading of a statute pertaining to veterans is to be resolved in the veteran's favor. | Should statutes benefiting veterans be construed in the veterans' favor? | 008814.docx | LEGALEASE-00149790-LEGALEASE-00149791 |
| Standard Furniture Co. v. Smith, 32 F.2d 176 | 8.30E+162 | Bills and notes founded on illegal consideration cannot be enforced. | Can bills and notes founded on illegal consideration be enforced? | Bills and Notes - Memo 797-PR_58517.docx | ROSS-003293771-ROSS-003293772 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fewox v. Tallahassee Bank & Tr. Co., 249 So. 2d 55 | 83E+451 | Uniform Commercial Code controlled rights and obligations between maker of note and holder, bank, but law of guaranty controlled rights and obligations as between guarantors and the bank. F.S.A. S 673.119(1). | Which law controls the rights and obligations between the guarantors? | Bills and Notes - Memo - 87- VP_58191.docx | ROSS-003283772 |
| Campbell v. Fourth Nat. Bank, 137 Ky. 555 | 8.30E+05 | The negotiable instrument act is mainly a mere codification of the common-law rules constituting the law merchant, so that where consistent with the prior rule it should be construed as declaratory thereof. | Is Negotiable Instruments Act a codification of common law? | 010540.docx | LEGALEASE-00149097-LEGALEASE-00149098 |
| Lewis v. Harvey, 18 Mo. 74 | 157+403 | When one writes his name on the back of a note of which he is neither payee nor indorsee, parol evidence is admissible to show that he did not sign as maker, but as indorser or guarantor. | Can a party whose name is written on the back of a note be a maker of it? | Bills and Notes- Memo 707- ANM_58223.docx | ROSS-003280365-ROSS-003280366 |
| Gibson v. Parlin, 13 Neb. 292 | 83E+462 | The indorser cannot, like a surety, call upon the holder of the note to proceed and collect it of the maker. | Can an indorser be a surety? | 010634.docx | LEGALEASE-00149416-LEGALEASE-00149417 |
| Piascyk v. Malon, 116 Conn. 418 | 83E+462 | Due diligence, to charge indorser of nonnegotiable note, does not require suit against maker when suit would be fruitless. | Is due diligence required to bring in a suit? | Bills and Notes- Memo 722-ANM_58226.docx | ROSS-003308405-ROSS-003308406 |
| Neely v. Comm'n for Lawyer Discipline, 302 S.W.3d 331 | 92+1228 | Checks are not confidential communications in which a person has a constitutional right to privacy, but are rather negotiable instruments used in commercial transactions. | Whether checks are confidential communications? | Bills and Notes- Memo 751 - KC_58524.docx | ROSS-003282419-ROSS-003282420 |
| Anderson v. Border, 75 Mont. 516 | 83E+522 | Negotiable instruments, which are not in hand of holders in due course, are subject to same defenses as if they were nonnegotiable (Rev.Codes 1921, S 8401 et seq.). | Will the Negotiable Instruments Act deal with negotiable instruments as long as they are in the hands of holders in due course? | Bills and notes -Memo 88-IS_58208.docx | ROSS-003278479-ROSS-003278480 |
| Dyer v. U.S. Bank, N.A., 141 F. Supp. 3d 149 | 83E+426 | Under Massachusetts law, one who possesses a note endorsed in blank is the bearer of the note. Mass. Gen. Laws Ann. ch. 106, SS 3-109(a)(2), 3-205(b). | Is the one who possesses a note endorsed in blank is the bearer of the note? | Bills and Notes -Memo 990-DB_58714.docx | ROSS-003324757 |
| In re Weisband, 427 B.R. 13 | 83E+426 | Under Arizona law, if a note is endorsed in blank, it is enforceable as a bearer instrument. | Is a note endorsed in blank enforceable as a bearer instrument? | Bills and Notes -Memo 991-DB_58715.docx | ROSS-003319033 |
| Evanto v. Fed. Nat. Mortg. Ass'n, 814 F.3d 1295 | 172H+1342 | For purposes of Truth in Lending Act (TILA) requirement that, in order to maintain a civil action against an assignee of a creditor, the violation for which such action or proceeding is brought must be apparent on the face of the disclosure statement provided in connection with the subject transaction, a "disclosure statement" is a document provided before the extension of credit that sets out the terms of the loan. Truth in Lending Act, S 131(e)(1)(A), 15 U.S.C.A. S 1641(e)(1)(A). | What is a disclosure statement in relation to consumer credit? | 013925.docx | LEGALEASE-00149527-LEGALEASE-00149528 |
| Larrabee v. Bank of Am., N.A., 714 F. Supp. 2d 562 | 172H+1344 | Borrower who sued lender and Federal Home Loan Mortgage Corporation (Freddie Mac), seeking rescission of mortgage loan transaction, failed to allege that lender inaccurately disclosed number and due dates of mortgage payments, as required to state claim under Truth in Lending Act (TILA); borrower's erroneous construction of mortgage terms on disclosure form would have mandated 359 loan payments on single date. Truth in Lending Act, S 103(u), 15 U.S.C.A. S 1602(u); 12 C.F.R. S 226.18(g). | "Under federal law, what is a creditor required to disclose?" | 013927.docx | LEGALEASE-00149529-LEGALEASE-00149530 |
| Behrman v. Louisiana Ry. & Nav. Co., 127 La. 775 | 156+3(1) | A party is not estopped by allegations of law unsuccessfully made in a former suit. | Is a party estopped by allegations unsuccessfully made in a former suit? | Estoppel - Memo #18 - C - CSS.docx | LEGALEASE-00039101-LEGALEASE-00039102 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Goodwine v. Vermilion Cty., 271 Ill. 126 | 200+121 | Power of county board to aid in the construction of roads and bridges under County Law, S 57, S.H.A. ch. 34, S 57, held not limited or modified by Road and Bridge Act, S 126, S.H.A. ch. 121, S 134. | Does the county board have the power to aid in the construction of bridges? | 019103.docx | LEGALEASE-00149627-LEGALEASE-00149628 |
| Kimama Highway Dist. v. Oregon Short Line R. Co., 298 F. 431 | 200+90 | A highway district in Idaho is not a political municipality created for governmental purposes, but its powers are specially limited to the construction of highways for the benefit of the inhabitants and property therein. | Is highway district a political municipality? | Highways -Memo 293 - DB_58549.docx | ROSS-003294394-ROSS-003294395 |
| United States v. YasithChhun, 513 F. Supp. 2d 1179 | 91+393 | Issue of whether United States was "at peace" with Cambodia presented question of fact that could not be resolved on motion to dismiss indictment for conspiring to damage or destroy property of and to take part in military expedition against a foreign state with which the United States was "at peace," as "at peace" requirement was a element of those crimes. 18 U.S.C.A. SS 956(b), 960. | Who decides whether the prosecution has carried its burden of proving that the United States is at peace? | Neutrality Laws - Memo 17 - RK_58650.docx | ROSS-003293398-ROSS-003293399 |
| Meyer v. U.S., 213 F.2d 278 | 220+3933.1 | A partnership interest is a capital asset for income tax purposes and, when sold, warrants treatment as does such class of assets. 26 U.S.C.A. 117(j). | Are partnership interests capital assets? | 022558.docx | LEGALEASE-00149895-LEGALEASE-00149896 |
| Guild v. Herrick, 51 N.Y.S.2d 326 | 289+674(2) | Where some members of stock brokerage firm knew or should have known that customer's securities were being improperly manipulated in course of partnership business, other partners could not escape liability on ground that they had no knowledge of the manipulations. Partnership Law, S 24. | "Are individual members of a partnership held responsible for torts, of which they had no knowledge, committed by any member of the firm in the course of partnership business?" | 022564.docx | LEGALEASE-00149899-LEGALEASE-00149900 |
| AFSCME Council 25 v. Faust Pub. Library, 311 Mich. App. 449 | 302+53(1) | In general, parties are permitted to plead inconsistent claims and facts in the alternative. MCR 2.111(A)(2). | Can a party plead inconsistent claims? | 023621.docx | LEGALEASE-00149079-LEGALEASE-00149080 |
| Dever v. Lucas, 2008-Ohio-332, ¬∂ 36, 174 Ohio App. 3d 725 | 302+53(1) | The rules of civil procedure permit alternative or hypothetical pleading, or even the use of inconsistent claims. Rules Civ.Proc., Rule 8(E)(2). | Is alternative or hypothetical pleading permitted? | 023623.docx | LEGALEASE-00149113-LEGALEASE-00149114 |
| Langlois v. Energy Automation Sys., 332 S.W.3d 353 | 307A+226 | Trial court acted within its discretion in imposing sanction of dismissal for plaintiff's failure to attend several properly-noticed depositions, in action arising out of unsuccessful dealership agreement, where plaintiff failed to attend several properly-noticed depositions, one of the noticed dates occurred only weeks before a court-imposed discovery deadline and just months before trial date, and plaintiff did not file motion for protective order. Rules Civ.Proc., Rule 37.04. | "Is dismissal for failure to prosecute or failure to abide by discovery rules, a severe sanction that runs counter to the judicial system's general objective of disposing of cases on the merits?" | Pretrial Procedure - Memo # 8148 - C - MS_58750.docx | ROSS-003279530-ROSS-003279531 |
| Opp v. Wheaton Van Lines, 231 F.3d 1060 | 308+1 | Illinois law of agency, as well as the federal common law of agency, accord with the Restatement of Agency. Restatement (Second) of Agency S 1 et seq. | Does the law of agency accord with Restatement? | Principal and Agent - Memo 151 - KC_58565.docx | ROSS-003280452-ROSS-003280453 |
| Welch v. Henry, 305 U.S. 134 | 371+2135 | Any classification of taxation which has reasonable relation to a legitimate end of governmental action is permissible. | What classification is permissible for purpose of taxation? | 045932.docx | LEGALEASE-00149380-LEGALEASE-00149381 |
| State v. Williams, 124 Wash. 160 | 3.77E+11 | "Terrorizing" is defined as putting victim in some high degree of fear, a state of intense fright or apprehension. | How is terrorizing defined? | Threats - Memo #49 - C - LB_60789.docx | ROSS-003321467-ROSS-003321468 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pub. Res. Prot. Assn. v. Dep't of Forestry & Fire Prot., 7 Cal. 4th 111 | 92+1130.9 | In absence of ambiguity, court will uphold agency's rules as they are written unless they go beyond agency's authority. West's Ann.Cal.Gov.Code SS 11342.1, 11342.2; West's Ann.Cal.Pub.Res.Code SS 4551, 4553. | Will the board's rules establishing forest policy be upheld absent an ambiguity as they are written? | 047569.docx | LEGALEASE-00149734-LEGALEASE-00149735 |
| Overton v. Hardin, 46 Tenn. 375 | 83E+467 | An indorser for value, has no remedy against the maker for costs incurred by him in his own defense, but an accommodation indorser may recover from the maker the cost incurred in resisting, in good faith and upon reasonable grounds, a recovery against him upon his indorsement. | Does an indorser have a remedy against the maker for the cost incurred by him in his own defence? | Bills and Notes - Memo 786 - ANM _58708.docx | ROSS-003299113-ROSS-003299114 |
| Turk v. Stahl, 53 Mo. 437 | 83E+675 | Promissory notes, payable at a certain time, are entitled to days of grace, the same as by the law merchant, notwithstanding the statutes respecting bills of exchange (Wag. St. pp. 216, 217, S 18). | How many days of grace are promissory notes entitled to? | 009998.docx | LEGALEASE-00150180-LEGALEASE-00150181 |
| In re Jensen Field Relocation Claims Jensen Field, 817 N.W.2d 724 | 141E+990 | The autonomy of the University of Minnesota is derived from the principle of separation of powers. | Is the autonomy of a university derived from the principle of separation of powers? | Education - Memo #120 - C - ATS_58735.docx | ROSS-003293962 |
| Curiano v. Suozzi, 63 N.Y.2d 113 | 379+156 | Prima facie tort may be pleaded in the alternative with a traditional tort. | Can prima facie tort be pleaded in the alternative? | Pleading - Memo 490-RMM_59046.docx | ROSS-003305663-ROSS-003305664 |
| King v. State, 2017 WY 129 | 307A+622 | A rational basis challenge, brought in an equal protection claim, can sometimes be resolved on a motion to dismiss. Const. Art. 1, S 6. | Can a rational basis challenge be resolved on a motion to dismiss? | Pretrial Procedure - Memo # 8232 - C - NS_58805.docx | ROSS-003307615-ROSS-003307616 |
| L.D.G. v. Robinson, 290 P.3d 215 | 30+3896 | When reviewing an order granting a motion to dismiss for failure to state a claim upon which relief can be granted, the Supreme Court deems all facts alleged in the complaint true and provable. | Is a motion to dismiss for failure to state a claim looked upon with disfavour? | 036991.docx | LEGALEASE-00150340-LEGALEASE-00150341 |
| Foss Mar. Co. v. City of Seattle, 107 Wash. App. 669 | 307A+581 | Motion to dismiss for want of prosecution is not appropriate until after issues have been joined. CR 41(b)(1). | Is a motion to dismiss for want of prosecution appropriate until after issues have been joined? | 037015.docx | LEGALEASE-00150690-LEGALEASE-00150691 |
| People v. McCreery, 34 Cal. 432 | 371+2001 | Taxes are charges, imposed by or under the authority of the legislature, upon persons or property subject to its jurisdiction. The tax must have its origin in a law enacted for that purpose. | Who authorize the imposition of taxes? | 045956.docx | LEGALEASE-00150530-LEGALEASE-00150531 |
| Reed v. City of New Orleans, 593 So. 2d 36 | 371+2001 | Nature of tax is determined not by its title, but by its incidents, attributes, and operational effect; realities and substance of tax must be examined, not its form. LSA-Const. Art. 6, S 29. | Does the title determine the nature of a tax? | 045966.docx | LEGALEASE-00150602-LEGALEASE-00150603 |
| Ware v. Multibank 2009-1 RES-ADC Venture, 327 Ga. App. 245 | 83E+435 | An "allonge" is a piece of paper attached to a promissory note on which parties write endorsements for which there is no room on the instrument itself. | What is an Allonge? | Bills and Notes - Memo 218 - IS_59301.docx | ROSS-003281583 |
| Harris v. Bradley, 15 Tenn. 310 | 83E+503 | The last endorsement of a note or bill is a guaranty of all preceding endorsements; it admits the hand writing of the drawer and all prior endorsers; the last endorser is consequently liable, although the preceding endorsements were forgeries. | Is the last indorsement of a note a guarantee of all preceding indorsements? | Bills and Notes - Memo 809-PR_59305.docx | ROSS-003282168-ROSS-003282169 |
| E.D. Fisher Lumber & Coal Co. v. Robbins, 104 Kan. 619 | 83E+432 | An assignment by a holder of a negotiable note written on the back thereof without limitation, to which a guaranty of payment is added, is a commercial indorsement. | Will the title of the note be passed by way of commercial indorsement? | 010725.docx | LEGALEASE-00151020-LEGALEASE-00151021 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Galbreath v. Wallrich, 45 Colo. 537 | 38+97 | Assignment of a nonnegotiable contract does not carry a warranty that it will be performed; but assignee merely impliedly warrants it is what it purports to be, and hence, where nonnegotiable contracts to furnish ties to a railroad were assigned, the mere fact that it subsequently canceled them and refused to allow assignees to fill them did not impose any liability on assignors. | Does the assignment of a nonnegotiable contract carry a warranty that it will be performed? | Bills and Notes-Memo 1059-IS_59332.docx | ROSS-003281177-ROSS-003281178 |
| Fed. Deposit Ins. Corp. v. Nobles, 901 F.2d 477 | 195+28 | Guaranty that was separate and apart from promissory note was not "negotiable" instrument, and thus, did not fall within scope of Uniform Commercial Code but, rather, was governed by general contract law. U.C.C. S 1-101 et seq. | Should a guarantee be a part of the promissory note? | 010812.docx | LEGALEASE-00151371-LEGALEASE-00151372 |
| People v. McLennon, 2011 IL App (2d) 091299 | 129+109 | To breach the peace, as would support a conviction for disorderly conduct, a defendant's conduct must threaten another or have an effect on the surrounding crowd; however, a breach of the peace can occur without overt threats or profane and abusive language. S.H.A. 720 ILCS 5/26-1(a)(1). | What is breach of peace? | 014291.docx | LEGALEASE-00151325-LEGALEASE-00151326 |
| Nino v. Jewelry Exch., 609 F.3d 191 | 25T+182(2) | Extent of parties' discovery weighed firmly in favor of finding waiver of former employer's right to compel arbitration in former employee's discrimination action; in the 15 months before employer moved to compel arbitration, parties conferred and prepared a proposed case management order which contained no mention of arbitration, propounded interrogatories, served and supplemented disclosures, exchanged requests for document production, and attended the depositions of four witnesses, employee expended additional resources on discovery-related matters as a result of employer's inadequate responses to discovery requests, and mere fact that limited discovery would have been available in arbitration did not mean that employee was not prejudiced by having to participate in 15 months' worth of discovery in federal court before employer elected to move to compel arbitration. | Does the party seeking arbitration lose its contractual rights by prudently pursuing discovery in the face of a court ordered deadline? | 008014.docx | LEGALEASE-00151489-LEGALEASE-00151490 |
| Finn v. Meighan, 325 U.S. 300 | 108H+9 | "Insolvency" in the equity sense means an inability of debtor to pay his debts as they mature. | What does the term insolvency mean in the equity sense? | 014064.docx | LEGALEASE-00151523-LEGALEASE-00151525 |
| Strawberry Point Bank v. Lee, 117 Mich. 122 | 8.30E+10 | The law of the place where a note or bill of exchange is made and delivered will govern, in the absence of the designation of any other place as the place of payment. | Is the law of the place where a note is payable applicable to the note? | 009791.docx | LEGALEASE-00151612-LEGALEASE-00151614 |
| United States v. First Nat. Bank, 82 F. 410 | 296+10 | A pension certificate or check drawn to the order of a person then deceased is absolutely void. | Is a pension certificate or check drawn to the order of a deceased person absolutely void? | 022885.docx | LEGALEASE-00151572-LEGALEASE-00151573 |
| VSR Fin. Servs. v. McLendon, 409 S.W.3d 817 | 21+3 | Affidavit must explain how the affiant has personal knowledge, and affidavit not based on personal knowledge is legally insufficient. Rules of Evid., Rule 602. | What is the consequence of an affidavit not based on personal knowledge of the affiant? | Affidavits - Memo 43 - _1XpQErHDGAOzge3R5Id3qkxJg2ZNtSfBY.docx | ROSS-000000182-ROSS-000000184 |
| Trail Clinic, P.C. v. Bloch, 114 Mich. App. 700 | 97C+106 | Checks are considered to be property of designated payee and may be subject of a suit for conversion. | Are checks the property of the payee? | Bills and Notes - Memo 827 - RK_60133.docx | ROSS-003295308-ROSS-003295309 |
| Ryan v. May, 14 Ill. 49 | 83E+481 | The legal title to a note cannot be transferred by assignment by a separate instrument. | Can the legal title to a note be transferred by a separate instrument? | Bills and Notes - Memo 833 - RK_60139.docx | ROSS-003292574-ROSS-003292575 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| J.P. Morgan Delaware v. Onyx Arabians II, Ltd., 825 F. Supp. 146 | 349A+165 | Under Kentucky law, secured party has burden to show that it acted with commercial reasonableness. | Who has the burden to prove the commercial reasonableness of an act under a contract? | Bills and Notes- Memo 341-PR_60204.docx | ROSS-003320664 |
| Horvath v. Bank of New York, N.A., 641 | 83E+426 | Under Virginia law, negotiable instruments like mortgage notes that are endorsed in blank may be freely transferred; whoever possesses an instrument endorsed in blank has full power to enforce it. West's V.C.A. SS 8.3A-104, 8.3A-201(b), 8.3A-203(b), 8.3A-205(b). | Who can enforce an instrument endorsed in blank? | 010285.docx | LEGALEASE-00152367-LEGALEASE-00152368 |
| Colburn v. Averill, 30 Me. 310 | 83E+815 | Where an indorsement by a third party is without date, it is presumed to have been made at the time of the inception of the note, so as to charge the indorser as maker or guarantor. | What will be the presumed date of an indorsement of bill if it has no date? | 010444.docx | LEGALEASE-00152398-LEGALEASE-00152399 |
| Nationstar Mortg. v. MacPherson, 56 Misc. 3d 339 | 83E+426 | Where the note is endorsed in blank, it may be negotiated by delivery alone. McKinney's Uniform Commercial Code SS 3-202(1), 3-204(2). | "When a note is endorsed in blank, can it be negotiated by delivery alone?" | 010719.docx | LEGALEASE-00152406-LEGALEASE-00152407 |
| Kelly v. Cent. Bank & Tr. Co. of Denver, 794 P.2d 1037 | 83E+428 | "Indorsement" means the indorser's writing of his or her signature on an instrument or affixing of the indorser's name or some designation identifying the indorser on the instrument, and a check simply inscribed for deposit only to an account other than payee's account and without the payee's signature is not an effective "indorsement.". | Does the word indorsement mean transfer upon the instrument? | 010761.docx | LEGALEASE-00152477-LEGALEASE-00152478 |
| Morris v. Preston, 93 Ill. 215 | 83E+540 | Bills and notes indorsed in blank pass by delivery. The purchaser is not bound to inquire as to the title of the holder, unless he has knowledge of facts which, on inquiry, would lead to notice. So held as to notes placed in the hands of a banker, to sell for the payee as her agent, but who pledged them to secure a debt owing by himself to another bank; there being nothing to excite the pledgee's suspicion that her indorsement in blank did not make him absolute owner. | Can notes indorsed in a blank pass by delivery? | 010802.docx | LEGALEASE-00151883-LEGALEASE-00151884 |
| Smith v. Highland Bank, 108 F.3d 1325 | 172H+1377 | Mortgagee did not violate Truth in Lending Act's (TILA) requirement of clear and conspicuous disclosure of right to rescind by including notice of right to cancel which contained, on same page, both "acknowledgment of receipt" confirming that mortgagee complied with TILA and "certificate of confirmation" that debtor was to sign after three-day rescission period to indicate that she had not exercised rescission rights; note stating that all parties executing acknowledgment of receipt had to execute certificate of confirmation was not misleading, but was to ensure that all signatories to acknowledgment of receipt concurred in decision not to rescind. Truth in Lending Act, S 125(a), 15 U.S.C.A. S 1635(a); 12 C.F.R. S 226.23(b)(1). | Should there be a perfect  or a clear and conspicuous notice of rescission rights? | 013863.docx | LEGALEASE-00152439-LEGALEASE-00152440 |
| Rosal v. First Fed. Bank of California, 671 F. Supp. 2d 1111 | 172H+1584 | There is no private right of action under the Real Estate Settlement Procedures Act (RESPA) for disclosure violations. Real Estate Settlement Procedures Act of 1974, SS 4, 5, 12 U.S.C.A. SS 2603, 2604. | Is there any private right of action for disclosure violations? | Consumer Credit - Memo 91 - SB_60166.docx | ROSS-003279822-ROSS-003279823 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Commissioners of Haywood Cty., 122 N.C. 812 | 200+121 | Where the legislature authorizes commissioners to issue the bonds of the county for the construction of a road, and to meet the expenses by assessing those near it, on failure to meet the whole amount in such way the commissioners have authority to tax the whole county. | Can commissioners issue bonds necessary to meet the expenses of improvement? | 018765.docx | LEGALEASE-00152517-LEGALEASE-00152518 |
| Nevitt v. Bonomo, 53 So. 3d 1078 | 285+159 | Trial court erred in relying on nunc pro tunc order, vacating the final judgment of dissolution of mother's marriage, when dismissing putative father's complaint, asserting paternity claim to child conceived while mother was married but born after mother's divorce; the nunc pro tunc order was extrinsic to putative father's complaint, and thus, it could not be considered by the trial court in ruling on the motion to dismiss putative father's complaint. | "In ruling on a motion to dismiss, should a trial court confine itself to the four corners of the complaint?" | Pretrial Procedure - Memo # 8659 - C - KBM_60224.docx | ROSS-003285339-ROSS-003285340 |
| In re First Interstate Bancorp Consol. S'holder Litig., 729 A.2d 851 | 307A+680 | Only well-pleaded facts are operative in the context of a motion to dismiss. | Are only well-pleaded facts operative in the context of a motion to dismiss? | 037777.docx | LEGALEASE-00151933-LEGALEASE-00151934 |
| Turner v. 1212 S. Michigan P'ship, 355 Ill. App. 3d 885 | 307A+561.1 | A motion to dismiss based on claims being barred by other affirmative matters avoiding legal effect of or defeating the claims furnishes a mechanism for the disposition of issues of law and easily proved issues of fact; as such, it amounts essentially to a summary judgment procedure. S.H.A. 735 ILCS 5/2-619(a)(9). | Will a motion to dismiss essentially amount to a summary judgment procedure? | Pretrial Procedure - Memo # 8856 - C - MS_59853.docx | ROSS-003281231-ROSS-003281232 |
| Uniprop v. Morganroth, 260 Mich. App. 442 | 308+1 | Principal has the right to control the conduct of his agent with respect to the matters entrusted to the agent. | Can a principal control the conduct of an agent? | Principal and Agent - Memo 219 - KC_60982.docx | ROSS-003280212 |
| In re Arbitration Between Nat. Union Fire Ins. Co. of Pittsburgh, P.A. v. Pers. Plus, 954 F. Supp. 2d 239 | 25T+141 | Temporary services provider had either actual or apparent authority to act as its affiliate's agent in signing agreements for workers' compensation insurance program, which thus were binding on affiliate, including payment agreement containing arbitration provision, where payment agreement defined parties to include named client and each of client's affiliated organizations, affiliate was named insured under provider's policies with insurer, provider's owners were parents of affiliate's owner, financial documents identified affiliate as "related party to" provider, one of provider's owners signed documents on behalf of both entities, and insurance broker submitted application materials on behalf of both entities in connection with insurance program. | Does an agent have actual authority? | Principal and Agent - Memo 229 - KC_60115.docx | ROSS-003292363-ROSS-003292364 |
| Arnold v. AT & T, 874 F. Supp. 2d 825 | 170B+2478 | Contents and contexts of information in companies' affidavits supporting their motion to dismiss diversity action against them for lack of personal jurisdiction were based on affiants' personal knowledge and would be considered by district court, although affiants obtained the information in interviews with other persons, where affiants either personally obtained or observed the information in their positions as employees of the companies. Fed.Rules Civ.Proc.Rule 56(c)(4), 28 U.S.C.A. | Can courts infer personal knowledge from an affidavit? | 006614.docx | LEGALEASE-00153770-LEGALEASE-00153771 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Packer v. Roberts, for Use of Wetherell, 40 Ill. App. 613 | 83E+481 | The legal title to a note cannot be transferred by assignment by a separate instrument. | Can the legal title to notes be transferred by a separate instrument? | 009739.docx | LEGALEASE-00152992-LEGALEASE-00152993 |
| Doughty v. Sullivan, 661 A.2d 1112 | 83E+672 | When parties have not specified any time for repayment of loan, loan is repayable on demand. Rules Civ.Proc., Rules 8(c), 15(b). | Does the loan become payable on demand when parties have not specified any time for repayment of loan? | Bills and Notes - Memo - 85- IS_60548.docx | ROSS-003311881-ROSS-003311882 |
| Ft. Dearborn Nat. Bank v. Berrott, 23 Tex. Civ. App. 662 | 83E+483 | Under Rev.St. Art. 307 (Vernon's Ann.Civ.St. art. 568), providing that when a negotiable instrument has been assigned before its maturity for a valuable consideration without notice of any discount or defense against it, the assignee shall be compelled to allow only just discounts against himself, and which does not prescribe a mode of assignment, such an instrument is assigned when it is transferred from one to another, the form of the transfer, and whether written or verbal being immaterial. | Is an instrument assigned when it is transferred from one to another? | Bills and Notes - Memo 889 - RK_60688.docx | ROSS-003281430-ROSS-003281432 |
| Mullen v. Morris, 2 Pa. 85 | 219+2 | The indorser of a bill of exchange is liable for interest according to the law of the place on which it is drawn. | Is the rate of intrest on a bill of exchange set according to law of the place of its making? | Bills and Notes - Memo 902 - RK_60701.docx | ROSS-003292397-ROSS-003292398 |
| Di Franco v. Steinbaum, 177 S.W.2d 69 | 8.30E+76 | Merely stopping payment on check which was a negotiable instrument did not absolve drawer from his obligation thereon. Mo.R.S.A. SS 3017, 3200. | Does stopping payment on check absolve maker from his obligation? | 010678.docx | LEGALEASE-00153435-LEGALEASE-00153436 |
| In re Winborne's Will, 231 N.C. 463 | 8.30E+76 | A "check" is nothing more than a bill of exchange drawn on a bank and it does not operate as an assignment of any part of funds to the credit of drawer with the bank until it is presented to and accepted by the bank on which it is drawn and drawer may at any time before acceptance by the bank stop payment or withdraw his funds from the bank. G.S. SS 25-192, 25-197. | Does a drawer of a check has a right to stop its payment? | 010682.docx | LEGALEASE-00153511-LEGALEASE-00153512 |
| In re Slaw Const. Corp., 17 B.R. 744 | 51+2674 | Bankruptcy Code allows setoff of mutual debts both of which arose before bankruptcy, regardless of when suit thereon is instituted; this would, thus, allow creditor to raise discharged debt as defense to action brought by debtor, regardless of when that action is instituted, if that action is based on claim or cause of action which arose before bankruptcy. Bankr.Code, 11 U.S.C.A. SS 524(a)(2), 553. | Can a creditor offset a discharged debt? | 013694.docx | LEGALEASE-00153320-LEGALEASE-00153321 |
| Johnson v. Univ. of Iowa, 408 F. Supp. 2d 728 | 141E+990 | Public university need not articulate its reasons for establishing a policy. | Should a university articulate its reasons for establishing a policy? | 016740.docx | LEGALEASE-00153358-LEGALEASE-00153359 |
| Miklosy v. Regents of Univ. of California, 44 Cal. 4th 876 | 141E+990 | The grant of constitutional power to the University of California includes the grant of quasi-judicial powers. West's Ann.Cal. Const. Art. 9, S 9(a). | Does a grant of constitutional power to a university include quasi-judicial powers? | Education - Memo #107 - C - ATS_60320.docx | ROSS-003283227-ROSS-003283229 |
| Gibbs v. SLM Corp., 336 F. Supp. 2d 1 | 141E+1242 | Lack of private right of action to enforce the regulations enacted pursuant to Higher Education Act (HEA) barred student loan borrower's breach of contract claim against student loan guarantor, loan processor, loan servicer, and loan collector to the extent that claim was based on failure to comply with regulations in connection with alleged interest overcharges. Higher Education Act of 1965, S 400 et seq., as amended, 20 U.S.C.A. S 1070 et seq. | Can a student Borrower assert a private right of action under the Higher Education Act? | 017052.docx | LEGALEASE-00152790-LEGALEASE-00152791 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| City of Washington v. Bd. of Assessment Appeals of Washington Cty., 550 Pa. 175 | 141E+990 | Fact that tuition charges are levied by private college, without more, does not negate college's status as purely public charity if it is otherwise entitled thereto. Const. Art. 8, S 2(a)(v); 72 P.S. S 5020-204(a)(3). | Is a college a charity if it charges tuition? | Education - Memo #163 - C - ATS_60329.docx | ROSS-003282421-ROSS-003282422 |
| Slivkoff v. Bd. of Trustees, 69 Cal. App. 3d 394 | 141E+990 | State university and colleges have only such autonomy as the legislature has seen fit to bestow. West's Ann.Gov.Code, SS 18100-18105, 19143; West's Ann.Const. art. 9, S 9. | Is university bestowed autonomy by the legislature? | 017345.docx | LEGALEASE-00153742-LEGALEASE-00153743 |
| Thistle v. Jones, 45 Misc. 215 | 108+7 | Under Real Property Law (Laws 1896, p. 592, c. 547) S 207, providing that an estate or interest in real property other than a lease for one year cannot be created unless by deed or conveyance in writing subscribed by the person creating or granting the same, deeds conveying lands, or leases thereof, may be signed and executed by the grantor or lessor only; and if accepted by the grantee or lessee, covenants contained therein must be kept by him. | "In the case of a deed-poll containing covenants to be performed by the grantee, is the grantee estopped from denying his covenants?" | Estoppel - Memo #61 - C - CSS_60351.docx | ROSS-003282379-ROSS-003282380 |
| Garden Realty Corp. v. Hadley, 110 N.J. Eq. 474 | 184+11(2) | Seller's representations regarding value of property are not usually basis for claim of fraud, since value is matter of opinion. | "Can representations or statements by a seller or vendor, about the value of a property constitute fraud?" | 018336.docx | LEGALEASE-00153738-LEGALEASE-00153739 |
| Carlton v. United States, 385 F.2d 238 | 220+3179 | The very essence of an "exchange," for purposes of statute conferring advantage of tax free exchange, is the transfer of property between owners, while the mark of a "sale" is the receipt of cash for the property. 26 U.S.C.A. (I.R.C.1954) S 1031. | What is the difference between a sale and an exchange of property? | 018338.docx | LEGALEASE-00153758-LEGALEASE-00153759 |
| In re Marriage of O'Hare & Stradt, 79 N.E.3d 712 | 76D+609 | Trial court did not err by refusing to accept as true conclusory allegations included in divorced father's motion to modify parenting time when considering divorced mother's motion to dismiss for failure to state a cause of action; while father asserted that a proposed modification of his parenting time that would have increased it by 6% was a minor modification and that such modification would have served child's best interest, these allegations were legal conclusions, not facts, and trial court was not required to accept these conclusory allegations as true, given that they were unsupported by specific factual allegations. 735 Ill. Comp. Stat. Ann. 5/2-615; 750 Ill. Comp. Stat. Ann. 5/610.5(e). | "In ruling on a motion to dismiss on the pleadings under section 2615, should a court accept as true all well-pleaded facts and all reasonable inferences that can be drawn from those facts?" | 037977.docx | LEGALEASE-00152919-LEGALEASE-00152920 |
| Synovus Bank v. Mitchell, 206 So. 3d 568 | 30+3200 | A dismissal by stipulation is a question of law and, therefore, is reviewable de novo. Rules Civ.Proc., Rule 41(a)(1). | Does the issue of whether a case should have been dismissed for failure to state a claim raise a question of law and is reviewed de novo? | 038080.docx | LEGALEASE-00153303-LEGALEASE-00153304 |
| Fenlon v. Union Elec. Co., 266 S.W.3d 852 | 307A+680 | Determination of a fact question is not appropriate on a motion to dismiss. | Is a determination of a fact question not appropriate on a motion to dismiss? | 038121.docx | LEGALEASE-00153531-LEGALEASE-00153532 |
| Watson v. McCabe, 527 F.2d 286 | 308+19 | In Tennessee, person seeking to charge an alleged principal with acts of an agent has burden of proving agency. | Does an agency agreement have to be in writing? | 041286.docx | LEGALEASE-00153055-LEGALEASE-00153056 |
| Jay v. Dollarhide, 3 Cal. App. 3d 1001 | 308+46 | Generally, power of attorney is terminated by the death of either the one granting the power or the one receiving. | Can death of either principal or agent terminate the relationship? | Principal Agent- Memo 32-AM.docx | LEGALEASE-00043320-LEGALEASE-00043321 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Arbitration Between Nat. Union Fire Ins. Co. of Pittsburgh, P.A. v. Pers. Plus, 954 F. Supp. 2d 239 | 25T+141 | Temporary services provider had either actual or apparent authority to act as its affiliate's agent in signing agreements for workers' compensation insurance program, which thus were binding on affiliate, including payment agreement containing arbitration provision, where payment agreement defined parties to include named client and each of client's affiliated organizations, affiliate was named insured under provider's policies with insurer, provider's owners were parents of affiliate's owner, financial documents identified affiliate as "related party to" provider, one of provider's owners signed documents on behalf of both entities, and insurance broker submitted application materials on behalf of both entities in connection with insurance program. | Can an agents authority be apparent? | 041518.docx | LEGALEASE-00152824-LEGALEASE-00152825 |
| Merchants Nat. Bank of Aurora v. Frazier, 329 Ill. App. 191 | 308+3(5) | An agent, as such, does not have title to the property of the principal, though he may be intrusted with possession and though he may have power to pass title. | Does an agent have title to the property of the principal? | 041570.docx | LEGALEASE-00153225-LEGALEASE-00153226 |
| Matter of Craig Coal Min. Co., 33 B.R. 204 | 308+92(1) | Where agent has authority to exercise discretion, exercise thereof will bind principal. | "Does an agents exercise of discretion, bind the principal?" | Principal and Agent - Memo 301 - KC_60663.docx | ROSS-003280096-ROSS-003280097 |
| In re E.A. Nord Co., 75 B.R. 634 | 51+2954.1 | For purpose of Bankruptcy Code provision granting priority to unsecured claims for taxes, "tax" is involuntary pecuniary burden, regardless of name, imposed on individuals or property by or under authority of legislature for public purposes, including purposes of defraying government expenses or undertakings, under police or taxing power of state; payment is not required to be made into common fund and may be made for special purpose. Bankr.Code, 11 U.S.C.A. S 507(a)(7). | Is tax an involuntary pecuniary burden for the purpose of supporting the Government? | 045990.docx | LEGALEASE-00153241-LEGALEASE-00153242 |
| State ex rel. City of Seattle v. Dep't of Pub. Utilities of Wash., 33 Wash. 2d 896 | 371+2001 | A "tax" is an enforced contribution of money assessed or charged by authority of sovereign government for the benefit of the state or the legal taxing authorities and it is not a debt or contract in the ordinary sense but it is an exaction in the strictest sense of the word. | " In the strictest sense of the word, is tax an exaction?" | Taxation - Memo # 916 - C - JL.docx | LEGALEASE-00043487-LEGALEASE-00043488 |
| Dr. J. L. Stephens Co. v. United States, 203 F. 817 | 198H+988 | An information for misbranding medicine shipped in interstate commerce, in violation of the Pure Food and Drugs Act, was not fatally defective for not alleging that the boxes or packages containing the bottles which were themselves alleged to have been misbranded were also misbranded; the word "package" meaning the package ultimately passing to the consumer, and the words "original unbroken package" relating to the package in the form received by the vendee or consignee. | Does the law forbid the introduction into a state or territory from another state or territory any article of food or drugs adulterated or misbranded within the meaning of the law? | Adulteration - Memo 3 _1P-H_jBRc4pHoyW36NBwfFkumoCAHiN75.docx | ROSS-000000104-ROSS-000000105 |
| Mount Prospect State Bank v. Forestry Recycling Sawmill, 93 Ill. App. 3d 448 | 21+1 | Technical deficiencies do not render affidavits improper; substance and not form controls. Supreme Court Rules, Rule 191, S.H.A. ch. 110A, S 191. | Is an affidavit controlled by its form or substance? | Affidavits - Memo 67 - _1c47Kf7T1ZKH4tv3dSASct9VNVqUNwXUS.docx | ROSS-000000228-ROSS-000000229 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Minyard v. S. Pipe & Supply Co., 563 S.W.2d 332 | 21+9 | Mere clerical omissions which do not obscure meaning will not invalidate an affidavit. | Do mere clerical omissions invalidate an affidavit? | Affidavits - Memo 71 - _1zWyRdAc-ghYgMzT0d7FVmr8_JMrh58jr.docx | ROSS-000000237-ROSS-000000238 |
| In re Taylor, 209 B.R. 482 | 21+9 | The practice of embodying argument on the facts and law, including the citation of authorities, in an affidavit is improper. | Can an affidavit contain legal citations? | Affidavits - Memo 78 - _1WegXOYIVR7CdqlnvQDC-NtjNsdlcUtE.docx | ROSS-000000252-ROSS-000000253 |
| Edlund v. Bounds, 842 S.W.2d 719 | 8.30E+183 | Rules of construction governing contracts are applicable to notes, and note must be construed as a whole. | Does a note have to be construed as a whole? | Bills and Notes - Memo 1000 - IS RK_61277.docx | ROSS-003297987-ROSS-003297988 |
| Burke v. Arnold, 836 S.W.2d 99 | 8.30E+56 | Document which stated that former husband owed former wife certain amount plus interest but contained no promise to pay was not a "promissory note," but rather an acknowledgment of a preexisting debt. | Can a written debt without a promise to pay constitute a promissory note? | 008996.docx | LEGALEASE-00154705-LEGALEASE-00154706 |
| Palmer v. Poor, 121 Ind. 135 | 83E+408 | Where an old, infirm and ignorant person was induced by means of a fraudulent conspiracy, and threatened violence, to sign a promissory note, which, immediately after being signed, was snatched up and carried away against his will, there was no delivery of the note. Delivery is a part of the execution of a promissory note, and until delivered it is destitute of force. | Is delivery a part of the execution of a note? | 009019.docx | LEGALEASE-00154749-LEGALEASE-00154750 |
| Grannis v. Stevens, 216 N.Y. 583 | 8.30E+104 | Act and intention are the essential constituents of a delivery which makes an instrument operative according to its terms. The final question is, Did the obligor do such act in reference to it as evidences an intention to give it, in the possession or control of the obligee, effect and operation according to its terms? | What is the essential ingredient of a delivery? | Bills and Notes - Memo 850 - RK.docx | LEGALEASE-00043668-LEGALEASE-00043669 |
| Corporacion Venezolana de Fomento v. Vintero Sales Corp., 452 F. Supp. 1108 | 83E+408 | Under New York law, constructive delivery of promissory note may be accomplished through agent. Uniform Commercial Code N.Y. S 1-201(14). | Can constructive delivery be accomplished through an agent? | Bills and Notes - Memo 853 - RK.docx | LEGALEASE-00043674-LEGALEASE-00043675 |
| Ryan v. May, 14 Ill. 49 | 83E+481 | The legal title to a note cannot be transferred by assignment by a separate instrument. | Can legal title to a note be transferred by a separate instrument in writing? | Bills and Notes - Memo 946 - RK_60806.docx | ROSS-003322381-ROSS-003322382 |
| Dwight v. Newell, 15 Ill. 333 | 162+124 | One of several executors or administrators may assign a note made payable to the testator. | Can an executor assign a promissory note payable to his intestate? | Bills and Notes - Memo 948 - RK_60808.docx | ROSS-003323631-ROSS-003323632 |
| Mullen v. E.D. Green Realty Co., 147 So. 115 | 83E+481 | No notice to debtor by transferee of negotiable note is necessary under statute relating to transfer. Act No. 64 of 1904. | Is notice necessary for a negotiable note? | 009956.docx | LEGALEASE-00153824-LEGALEASE-00153825 |
| Cady v. Bay City Land Co., 102 Or. 5 | 83E+431 | Since one who writes his name on the back of a negotiable instrument may enlarge or restrict his liability without destroying his character as an indorser, a writing by the payee on the back of a promissory note, "Notice of protest waived and payment guaranteed," passed title to his assignee; such guaranty of payment being equivalent to an indorsement, and the rights of the parties, in view of Or.L. S 7910, ORS 71.118, requiring protest only in case of foreign bills of exchange, not being affected by such waiver of notice. | Does indorsing a guarantee on a note enlarge liability? | Bills and Notes - Memo 975 - RK.docx | LEGALEASE-00043748-LEGALEASE-00043749 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Reed v. Chase Home Fin., 723 F.3d 1301 | 172H+1382 | Term "administrative convenience," as used in the section of the Truth in Lending Act (TILA) exempting from the Act's disclosure requirement assignments made solely for the administrative convenience of the servicer in servicing the obligation, means that which allows performance of a managerial action or requirement. Truth in Lending Act, S 131(f, g), 15 U.S.C.A. S 1641(f, g). | What is the ordinary meaning of the term administrative convenience? | Consumer Credit - Memo 44 - JK.docx | LEGALEASE-00043776-LEGALEASE-00043777 |
| Sheridan v. Trustees of Columbia Univ. In City of New York, 296 A.D.2d 314 | 141E+1206 | University could not be said to defraud degree holder into paying outstanding tuition by telling him that it would release his transcript if he obtained a bank loan and used it to reduce his obligation to the university, since holder was already legally bound to pay tuition. | Does a university has a legal obligation to provide a diploma or transcript to a graduating student with outstanding financial obligations? | 016806.docx | LEGALEASE-00153879-LEGALEASE-00153880 |
| Koelling v. Wachsning, 174 Ill. App. 321 | 30+4869 | In action on appeal bond, defendant could not question by plea, validity of judgment, existence of which was admitted by recitals in bond, he executed and which were set out in declaration; in such a case the principal of estoppel is clearly applicable and rightly insisted on by demurrer. | Are obligors estopped to deny the recitals of the bond? | 018041.docx | LEGALEASE-00153818-LEGALEASE-00153819 |
| Gochenour v. Mowry, 33 Ill. 331 | 156+45 | A subsequent purchaser from a mortgagor under his after-acquired title is estopped if he had notice. | Is a subsequent purchaser from a mortgagor under his after acquired title estopped if he had notice? | 018062.docx | LEGALEASE-00154175-LEGALEASE-00154176 |
| Bell Lines v. United States, 480 F.2d 710 | 220+3184 | Taxpayer's sale of old trucks to third party and purchase of new trucks from dealer constituted a "purchase and sale" transaction rather than a nontaxable "exchange" and, therefore, for depreciation purposes, taxpayer could use actual cost of new trucks as their basis for tax years in question even though dealer had supplied funds to third party for purchase of the old trucks and later took most of the old trucks from the third party, where the taxpayer was obligated under purchase order and conditional sales contract to purchase the new trucks regardless of whether it sold the old ones and was not aware of the agreement between the dealer and the third party. 26 U.S.C.A. (I.R.C.1954) SS 1002, 1031, 1031(a, d); Fed.Rules Civ.Proc. rule 52(a), 28 U.S.C.A. | Does a sale for cash constitute an exchange of property? | 018296.docx | LEGALEASE-00154597-LEGALEASE-00154598 |
| McGhee v. Young, 138 So. 3d 259 | 302+34(3.5) | Court of Appeals will not discard a pro se party's meritorious complaint simply because it is inartfully drafted. | Will a meritorious complaint be discarded simply because it is inartfully drafted? | 023726.docx | LEGALEASE-00153931-LEGALEASE-00153932 |
| Myers v. Majors, 242 Ark. 326 | 302+26 | Courts regard substance of pleadings, rather than form. | "Do courts regard the substance of pleadings, rather than form?" | 023732.docx | LEGALEASE-00154167-LEGALEASE-00154168 |
| Lynch v. Wolfinger, 163 Pa. Super. 405 | 302+26 | Where only the form of a pleading is attacked, pleading will be viewed with lenient eyes. | "Where only the form of the pleading is attacked, will the pleading be viewed with lenient eyes?" | 023742.docx | LEGALEASE-00154460-LEGALEASE-00154462 |
| DRMAK Realty LLC v. Progressive Credit Union, 133 A.D.3d 401 | 307A+679 | Conclusory allegations will not serve to defeat a motion to dismiss. McKinney's CPLR 3211. | Will conclusory allegations not serve to defeat a motion to dismiss? | Pretrial Procedure - Memo # 9249 - C - RY_61036.docx | ROSS-003283493-ROSS-003283494 |
| Leon Cty. v. Stephen S. Dobson, III, P.A., 917 So. 2d 278 | 307A+680 | When there are factual issues in dispute, an issue should not be resolved with a motion to dismiss. | "When there are factual issues in dispute, should an issue not be resolved with a motion to dismiss?" | Pretrial Procedure - Memo # 9274 - C - VA_61239.docx | ROSS-003285537-ROSS-003285538 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Myers v. Moyars, 667 N.E.2d 1120 | 307A+680 | Standard of review for granting of motion to dismiss is twofold: all facts in complaint must be taken as true, and every reasonable inference and intendment must be drawn in plaintiff's favor from alleged facts. | Is the standard of review for granting of motion to dismiss twofold? | 038554.docx | LEGALEASE-00153891-LEGALEASE-00153892 |
| Dunnell v. Malone & Hyde, 425 So. 2d 646 | 307A+671.1 | Motion to dismiss may not act as substitute for motion for summary judgment. West's F.S.A. Rules Civ.Proc., Rule 1.110. | Is a motion to dismiss not a substitute for a motion for summary judgment? | Pretrial Procedure - Memo # 9332 - C - VA_60910.docx | ROSS-003282150-ROSS-003282151 |
| Art & Fashion Grp. Corp. v. Cyclops Prod., 120 A.D.3d 436 | 307A+684 | Factual affidavits do not constitute "documentary evidence" on which dismissal may be based. McKinney's CPLR 3211(a)(1). | "Do factual affidavits not constitute ""documentary evidence"" on which dismissal can be based?" | 039326.docx | LEGALEASE-00154635-LEGALEASE-00154636 |
| United States v. Fulmer, 108 F.3d 1486 | 306+33 | Use of ambiguous language does not preclude statement from being a "threat." 18 U.S.C.A. SS 115(a)(1)(B), 871, 875, 876. | Does the use of ambiguous language preclude a statement from being a threat? | 046758.docx | LEGALEASE-00154603-LEGALEASE-00154604 |
| F.D.I.C. v. 32 Edwardsville, 873 F. Supp. 1474 | 172H+1551 | Equal Credit Opportunity Act (ECOA) does not provide for invalidation of guaranty as remedy for ECOA violation. Consumer Credit Protection Act, SS 701(a)(1), 706(a-d), as amended, 15 U.S.C.A. SS 1691a(1), 1691e(a-d); 12 C.F.R. S 202.7(d)(1). | Does the ECOA provide for the invalidation of a guaranty as remedy for an ECOA violation? | Consumer Credit - Memo 201 - RK_61863.docx | ROSS-003308270-ROSS-003308271 |
| In re Jones & McClain, LLP, 271 B.R. 473 | 172H+1247 | Alabama Pawnshop Act provides for the forfeiture of pledged goods when they are not redeemed within 30 days after the originally fixed maturity date. Ala.Code 1975, S 5-19A-6. | Does a pledgor has any obligation to redeem pledged goods or make any payments on a pawn transaction? | Consumer Credit- Memo 3 - AM_61950.docx | ROSS-003321669-ROSS-003321670 |
| Haywood v. Ryan, 85 N.J.L. 116 | 129+108 | Act Concerning Disorderly Persons, S 3, applies only to such persons as shall by their act obstruct or interfere with the movement of persons lawfully on the street. | Will a person who obstructs a person lawfully in a public place be deemed a disorderly person? | Disorderly Conduct - Memo 153 - RK_61878.docx | ROSS-003293162-ROSS-003293163 |
| Haywood v. Ryan, 85 N.J.L. 116 | 129+108 | Act Concerning Disorderly Persons, S 3, applies only to such persons as shall by their act obstruct or interfere with the movement of persons lawfully on the street. | Will a person who interferes with person lawfully in public place be deemed a disorderly person? | 014313.docx | LEGALEASE-00155768-LEGALEASE-00155769 |
| Haywood v. Ryan, 85 N.J.L. 116 | 129+108 | Act Concerning Disorderly Persons, S 3, applies only to such persons as shall by their act obstruct or interfere with the movement of persons lawfully on the street. | Is a person who obstructs a person lawfully in public place is a disorderly person? | 014315.docx | LEGALEASE-00155764-LEGALEASE-00155765 |
| Haywood v. Ryan, 85 N.J.L. 116 | 129+108 | Act Concerning Disorderly Persons, S 3, applies only to such persons as shall by their act obstruct or interfere with the movement of persons lawfully on the street. | Is a person who interferes with a person lawfully in a public place a disorderly person? | 014317.docx | LEGALEASE-00155762-LEGALEASE-00155763 |
| Watson Clinic, LLP v. Verzosa, 816 So. 2d 832 | 156+52(1) | Equitable estoppel must be applied with great caution. | Must equitable estoppel be applied with great caution? | 017743.docx | LEGALEASE-00155538-LEGALEASE-00155539 |
| McKay v. Meyer, 103 Wash. 270 | 322H+925 | An executory contract for sale of land may be rescinded by mutual consent. | Can an executory agreement for the sale of land or real estate be rescinded or abrogated by oral rescission or agreement? | 018287.docx | LEGALEASE-00154968-LEGALEASE-00154969 |
| Ex parte Edmonds, 383 S.W.2d 579 | 302+38 | Mere defect in pleadings does not make proceeding void, but pleadings may be subject to amendment after proper objection has been sustained. | Will a mere defect in pleadings make the proceedings void? | 023757.docx | LEGALEASE-00155221-LEGALEASE-00155222 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Blackwell v. Howard Indus., 98 So. 3d 463 | 413+1174 | Consideration of lesser sanctions than dismissal for failing to comply with appellate briefing requirements would have been appropriate against workers' compensation claimant's counsel; despite having notice of hearing on employer's motion to dismiss, claimant's counsel failed to appear, subsequently arguing that portions of the procedural rules regarding appellate briefs were not necessary and "simply busy work," and counsel's disregard for the rules, and the court's and opposing counsel's time, was disrespectful and inexcusable. Rules App.Proc., Rule 28(a). | "Do lesser sanctions, include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings?" | Pretrial Procedure - Memo # 10006 - C - KS.docx | LEGALEASE-00044954-LEGALEASE-00044955 |
| Prahl v. Brosamle, 142 Wis. 2d 658 | 30+4823 | Plaintiff's action could be dismissed for lack of prosecution where it was undisputed on the evidentiary record that, following reversal of summary judgment for defendant on appeal and remand for trial, plaintiff made no effort to move the case to trial for more than three years and his only explanation for his failure to take any action in the case or to even inquire about its status was that he was relying on the court to move the case to trial, particularly as the case had already been pending for nearly a decade when it was returned to the trial court. W.S.A. 805.03. | Is a dismissal remedy for failure to prosecute designed to punish the suitor who sleeps away his or her day in court? | 039223.docx | LEGALEASE-00155243-LEGALEASE-00155244 |
| Lapham v. Green, 9 Vt. 407 | 308+183(0.5) | In contracts, made by agents, without disclosing the principal, the suit, to enforce them, may be in the name of the principal or agent. | Who can bring suit for the breach of a contract made when an agent did not disclose his principal? | Principal and Agent - Memo 320 - RK_61918.docx | ROSS-003307025-ROSS-003307026 |
| Graham v. Mut. Life Ins. Co. of New York, 176 N.C. 313 | 308+92(1) | Where one deals with an agent, it behooves him to ascertain correctly the extent of the agent's authority and power to contract. | "Is the principal at the mercy of his agent, however carefully he might limit his authority?" | Principal and Agent - Memo 345 - RK_61933.docx | ROSS-003293666-ROSS-003293667 |
| Sullivan v. Bickel & Brewer, 943 S.W.2d 477 | 21+12 | In determining whether instrument meets statutory requirements for affidavit, acknowledgement is not sufficient to replace jurat required by statute. V.T.C.A., Government Code S 312.011. | Can an acknowledgement be sufficient to replace the jurat required by statute? | Affidavits - Memo 88 - _1rWVyvoOKlZ5iswodPUCMUCC8EsFixaJm.docx | ROSS-000000270-ROSS-000000271 |
| Fawsett v. Nat'l Life Ins. Co. of U.S., 97 Ill. 11 | 83E+375 | The payee of a note indorsed it in blank. The transferee filled up the blank, making the note payable to a bank (without the words "or order") for collection on his account. The bank, failing to collect, returned it to him, indorsed by its cashier, "Without recourse." He then reindorsed and retransferred it to the plaintiff. Held, that the indorsement to the bank written over the payor's signature did not affect the note's negotiability. | Does an indorsement for collection suspends or destroys the negotiability of the note? | 010741.docx | LEGALEASE-00156401-LEGALEASE-00156402 |
| People, on Complaint of Whelan, v. Friedman, 6 Misc. 2d 271 | 129+108 | In prosecution for disorderly conduct by holding a public meeting on a street and refusing to obey a police officer's order to move on, defendant could not successfully claim that his constitutional rights of free speech and to conduct public meetings in the street had been violated, since the right to conduct a public meeting in a street is not absolute and is not guaranteed by Constitution. Penal Law, S 722, subds. 2, 3. | Is the right to conduct a street meeting absolute? | Disorderly Conduct - Memo 4 - KC_62332.docx | ROSS-003306584-ROSS-003306585 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Straw Pond Assocs. v. Fitzpatrick, Mariano & Santos, P.C., 167 Conn. App. 691 | 302+34(1) | Interpretation of pleadings is always a question of law for the court. | Is the interpretation of pleadings always a question of law for the court? | 023785.docx | LEGALEASE-00155998-LEGALEASE-00155999 |
| Nevelson v. Carro, Spanbock, Kaster & Cuiffo, 290 A.D.2d 399 | 302+64(1) | It is not the theory behind a claim that determines whether it is duplicative. | Is it the theory behind a claim that determines whether it is duplicative? | 023807.docx | LEGALEASE-00156375-LEGALEASE-00156376 |
| Simmons v. Narine, 15 N.E.3d 1206 | 307A+676 | Before a trial court can properly dismiss a party's claim for failure to prosecute, the record must show that the party had notice of the possibility of dismissal. Rules Civ.Proc., Rule 41(B)(1). | Is the harsh remedy of dismissal with prejudice warranted where the record shows that a party has repeatedly failed to comply with the trial court orders? | Pretrial Procedure - Memo # 10244 - C - NE_61749.docx | ROSS-003279468-ROSS-003279469 |
| Johnson v. Du Page Airport Auth., 268 Ill. App. 3d 409 | 307A+690 | Where there is no adjudication on merits, dismissal should be granted without prejudice, rather than granting dismissal with prejudice. | "Where there is no adjudication on merits, should a dismissal be granted without prejudice?" | 024661.docx | LEGALEASE-00155918-LEGALEASE-00155919 |
| Cesare v. Cesare, 154 N.J. 394 | 3.77E+10 | Proof of terroristic threats must be measured by objective standard, and pertinent requirements are whether defendant in fact threatened plaintiff, defendant intended to so threaten plaintiff, and reasonable person would have believed threat. N.J.S.A. 2C:12-3, subd. b. | What standard should the proof of terroristic threats be measured by? | Threats - Memo #108 - C - LB_62180.docx | ROSS-003279564-ROSS-003279565 |
| Mack v. State, 928 S.W.2d 219 | 67+7 | Under burglary statute, anyone with greater right to actual care, custody, or control of building than defendant may be alleged as "owner"; this greater right of possession doctrine applies to any prosecution for burglary. V.T.C.A., Penal Code SS 1.07(a)(35)(A), 30.02(a). | Does the greater right of possession theory apply to burglary? | Burglary - Memo 269 - RK_62272.docx | ROSS-003308031-ROSS-003308032 |
| Moye v. State, 991 A.2d 18 | 67+9(3) | An actual "breaking" is not required in order to find the defendant guilty of burglary; instead, it is sufficient that a person enter or remain on the premises when he is not licensed or privileged to do so. 11 West's Del.C. S 824. | Does burglary require actual breaking? | 013069.docx | LEGALEASE-00156444-LEGALEASE-00156445 |
| Wilie v. Signature Geophysical Servs., 65 S.W.3d 355 | 21+9 | An affidavit without a notary's seal is not properly notarized and is defective. V.T.C.A., Government Code S 312.011(1). | Is an affidavit without a notarys seal defective? | Affidavits - Memo 65 - _1IQR9y-zUt9KZfqIQnaKxQlzP2j5DbaAP.docx | ROSS-000000226-ROSS-000000227 |
| Parrish v. State, 138 Tex. Crim. 150 | 67+9(2) | In prosecution for nighttime burglary of dwelling house, entrance into house effected through a window could be considered by jury as an "unusual mode of entry" under the statute defining what constitutes a burglarious entry. Vernon's Ann.P.C. art. 1394. | What is considered entry at an unusual place? | 013116.docx | LEGALEASE-00156532-LEGALEASE-00156533 |
| Toney v. State, 961 N.E.2d 57 | 67+10 | All that is required to establish "bodily injury" for purposes of a conviction of class A felony burglary is that the victim experience any physical pain as a result of the defendant's actions. West's A.I.C. 35-41-1-4. | Does Class A felony burglary involve bodily injury? | 013176.docx | LEGALEASE-00156587-LEGALEASE-00156588 |
| N. L. R. B. v. Local 254, Bldg. Serv. Emp. Int'l Union, AFL-CIO, 359 F.2d 289 | 3.77E+10 | Words harmless in themselves can take on sinister meaning in context in which they are used. | "For the purposes of identifying a threat, can harmless words take on a sinister meaning?" | 046690.docx | LEGALEASE-00156506-LEGALEASE-00156507 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Native Ecosystems Council v. Weldon, 697 F.3d 1043 | 411+8 | There was a sufficient site-specific connection between challenged fuels reduction project in national forest and United States Forest Service's (USFS) alleged failure to conduct further evaluation of goshawk population decreases in excess of ten percent required by the forest plan, as required for environmental organization to challenge the goshawk evaluations under the National Forest Management Act (NFMA); stand treatment has been shown to affect goshawk nesting territories, and the project required significant stand treatment in known goshawk nesting territories. National Forest Management Act of 1976, S 2 et seq., 16 U.S.C.A. S 1600 et seq. | What does National Forest Management Act (NFMA) provides for forest planning and management? | Woods and Forests - Memo 5 - KC_62521.docx | ROSS-003293753-ROSS-003293754 |
| Nat'l State Bank of Mt. Pleasant, Iowa, v. Ricketts, 152 S.W. 646 | 83E+481 | Under Rev.Civ.St.1911, art. 583 (Vernon's Ann.Civ.St. art. 569), permitting the assignee of negotiable instruments to maintain any action in his own name which the original payee might have brought, upon allowing all just discounts, etc., a negotiable note may be assigned either verbally or in writing; indorsement not being necessary. | Is an indorsement of the note necessary for an assignment? | 009095.docx | LEGALEASE-00157153-LEGALEASE-00157154 |
| Dwight v. Newell, 15 Ill. 333 | 162+124 | One of several executors or administrators may assign a note made payable to the testator. | Can a promissory note be assigned by the executor or administrator? | Bills and Notes -Memo 1235 -DB_62551.docx | ROSS-003294144-ROSS-003294145 |
| Mecham v. United Bank of Ariz., 107 Ariz. 437 | 83E+426 | Where individual to whom negotiable note was made payable endorsed note in blank and delivered it to bank, bank was a "holder." A.R.S. SS 44-2208, subsecs. 20, 25, par. c, 44-2524, subsec. A, 44-2526, subsec. B. | When can a bank be a holder? | 010874.docx | LEGALEASE-00157365-LEGALEASE-00157366 |
| Hansen v. Duvall, 333 Mo. 59 | 398+2(3) | Mortgagor's acceptance of mortgagee's proposal of contract, calling for interest not usurious under laws of another state, in which original loan to former owner of land was made, by executing renewal notes bearing such interest after maturity, amounted to agreement that notes were contracts governed by such law. | Which law governs renewal of a note? | Bills and Notes-Memo 1410 - JK_63514.docx | ROSS-003295813-ROSS-003295814 |
| Mullen v. Morris, 2 Pa. 85 | 219+2 | The indorser of a bill of exchange is liable for interest according to the law of the place on which it is drawn. | According to which law is an endorser liable for interest on the bill? | Bills and Notes-Memo 1414 - JK_63518.docx | ROSS-003293153-ROSS-003293154 |
| Strubel v. Comenity Bank, 842 F.3d 181 | 172H+1595 | Credit card holder sufficiently alleged that she was at risk of concrete and particularized harm, as required to satisfy injury in fact requirement for Article III standing, from bank's alleged noncompliance with TILA requirement that consumers be notified that certain consumer rights pertain only to disputed credit card purchases not yet paid in full and that consumers dissatisfied with a credit card purchase must contact the creditor in writing or electronically; given that the disclosure requirements served to protect a consumer's concrete interest in avoiding the uninformed use of credit, holder was not required to allege any additional harm beyond procedural violations, and holder sought to vindicate interests particular to her rather than the public at large. U.S. Const. art. III, S 2; Truth in Lending Act SS 102, 127, 15 U.S.C.A. SS 1601(a), 1637(a)(7). | Was TILA enacted to protect consumers against inaccurate and unfair credit billing and credit card practices? | 013865.docx | LEGALEASE-00156779-LEGALEASE-00156780 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Franklin v. St. Paul Fire & Marine Ins. Co., 534 S.W.2d 661 | 156+52(1) | Estoppel is available to protect right but not to create one. | Is estoppel available to protect a right but not create one? | Estoppel - Memo #149 - C - CSS_62350.docx | ROSS-003282491-ROSS-003282492 |
| First Inv'rs Corp. v. Rayner, 738 So. 2d 228 | 156+52(5) | Equitable estoppel is a doctrine that is to be applied cautiously; it is to be used as a shield and not a sword. | Is equitable estoppel a shield and not a sword? | Estoppel - Memo #185 - C - CSS_63210.docx | ROSS-003293653-ROSS-003293654 |
| Black v. TIC Inv. Corp., 900 F.2d 112 | 156+52(5) | Estoppel principles generally apply to all legal actions, and it is exception to that general rule to deny use of doctrine. | Do estoppel principles generally apply to all legal actions? | 017895.docx | LEGALEASE-00157750-LEGALEASE-00157751 |
| State ex rel. Willcox v. Credit Suisse Sec. (USA) LLC, 140 A.D.3d 622 | 307A+622 | Complaint is properly dismissed if it is based on pure speculation. | Is a complaint properly dismissed if it is based on pure speculation? | Pretrial Procedure - Memo # 10395 - C - KG_63345.docx | ROSS-003278317-ROSS-003278318 |
| Kelbro Co. v. Vinny's on the River, 893 N.W.2d 390 | 307A+690 | A court has discretion to determine whether a dismissal should be with prejudice. Minn. R. Civ. P. 41.01(b). | Does a court have discretion to determine whether a dismissal should be with prejudice? | 024888.docx | LEGALEASE-00157135-LEGALEASE-00157136 |
| La Chona v. Aberra, 797 S.E.2d 895 | 307A+694 | A voluntary dismissal of a complaint without prejudice is not on the merits. | Is a voluntary dismissal of a complaint without prejudice not on the merits? | 024890.docx | LEGALEASE-00157141-LEGALEASE-00157142 |
| Atkins v. Jester, 309 S.W.3d 418 | 307A+690 | A dismissal failing to indicate that it is with prejudice is deemed to be without prejudice. | Is a dismissal failing to indicate that it is with prejudice deemed to be without prejudice? | Pretrial Procedure - Memo # 10500 - C - UG_64158.docx | ROSS-003295683-ROSS-003295684 |
| Kosmowski v. Atl. City Med. Ctr., 175 N.J. 568 | 307A+690 | The ultimate sanction of dismissal with prejudice should be imposed only sparingly. | Should the ultimate sanction of dismissal with prejudice be imposed only sparingly? | Pretrial Procedure - Memo # 10550 - C - KG.docx | LEGALEASE-00046981-LEGALEASE-00046982 |
| Times Picayune Pub. Corp. v. Bd. of Suprs of Louisiana State Univ., 845 So. 2d 599 | 307A+693.1 | Once there has been a final judgment dismissing it, a claim ceases to be pending. | "Once there has been a final judgment dismissing it, does a claim cease to be pending?" | 025166.docx | LEGALEASE-00157199-LEGALEASE-00157200 |
| JB Intl v. Mega Flight, 840 So. 2d 1147 | 307A+693.1 | Prior rulings in a dismissed case have no preclusive effect. | Do prior rulings in a dismissed case have no preclusive effect? | 025167.docx | LEGALEASE-00157201-LEGALEASE-00157202 |
| Thrift Mart v. State Farm Fire & Cas. Co., 251 Neb. 448 | 307A+693.1 | Dismissal of cause of action is equivalent of discontinuance of it in court; rights of parties in cause of action are determined insofar as court rendering order of dismissal is concerned. | Is dismissal of cause of action equivalent of discontinuance of it in court? | 025205.docx | LEGALEASE-00157281-LEGALEASE-00157282 |
| Miller v. Davis, 123 F. Supp. 3d 924 | 231+166(5) | Where appeal to circuit court is dismissed or discontinued, judgment rendered in justice court may be revived. Comp.Laws 1915, S 14420. | Does a discontinuance of suit conclude litigation? | Pretrial Procedure - Memo # 10699 - C - BP_62678.docx | ROSS-003307914-ROSS-003307915 |
| Allen v. Lindstrom, 237 Va. 489 | 308+1 | Power of control is the determining factor in determining alleged agent's status as an agent. | What is the determining factor in ascertaining an alleged agent's status? | Principal and Agent - Memo 423 - RK_63543.docx | ROSS-003311816-ROSS-003311817 |
| Heard v. Miles, 32 Tenn. App. 410 | 308+48 | Principal and agent relationship is one of trust and confidence. | "Is the relationship of principal and agent, one of trust and confidence?" | Principal and Agent - Memo 487 - KK_62690.docx | ROSS-003321620-ROSS-003321621 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fitzgerald v. State, 26 N.E.3d 105 | 377E+48(1) | Evidence was insufficient to establish defendant acted without fault, an element necessary to support defendant's claim of self defense, during prosecution for Class C felony intimidation; defendant was attempting to flee from a staged robbery that the victim had planned to cover up a theft from the victim's employer, and from a witness's perspective defendant had sprayed the victim in the face with pepper spray and forcibly took the victim's bag. West's A.I.C. 35-41-3-2, 35-45-2-1(b)(2)(A). | "Does a claim of self defense require a defendant to act without fault, be in a place they had a right to be and have reasonable fear?" | "Threats, Stalking and Harassment - Memo #174 - C - DH_64723.docx" | ROSS-003282723-ROSS-003282724 |
| In re Weisband, 427 B.R. 13 | 8.30E+128 | Consideration for a contract, including a promissory note, can be provided by a third party. Restatement (Second) of Contracts S 71(4). | Can consideration for a note be furnished by a third party? | 009447.docx | LEGALEASE-00158194-LEGALEASE-00158195 |
| Allen v. Beneficial Fin. Co. of Gary, 531 F.2d 797 | 172H+1322 | Truth in Lending Act was designed to provide for mandatory disclosure requirements upon those institutions which extend credit to consumers; the purpose was to assure meaningful disclosure of the cost of credit so that consumers could compare various credit terms and avoid the uninformed use of credit. Truth in Lending Act, S 102, 15 U.S.C.A. S 1601. | Why is the Truth In Lending Act (TILA) liberally construed in favour of the borrowers? | 013819.docx | LEGALEASE-00158781-LEGALEASE-00158782 |
| Citibank S. Dakota N.A. v. Santoro, 210 Or. App. 344 | 95+15 | The law of contracts requires only evidence of mutual assent, whether that assent is expressed through an offer and an acceptance or is manifested by conduct. | Can a party assent to a card member agreement by using a credit card? | 013869.docx | LEGALEASE-00158687-LEGALEASE-00158688 |
| Willard v. Bank of Am., 204 F. Supp. 3d 829 | 172H+1280 | Credit card issuer did not relinquish its beneficial interest in credit card holder's credit card account by securitizing its credit card receivables and transferring them to a trust, and thus, credit card holder was not relieved of her obligation to pay the debt owed on the account; securitization merely created a separate contract involving the receivables, distinct from card holder's debt obligations, and did not divest the issuer of its ownership interest in the credit card account. | Does credit card securitization involve the securitization of the receivables or the accounts? | 013875.docx | LEGALEASE-00158689-LEGALEASE-00158690 |
| Com. v. Ubilez, 88 Mass. App. Ct. 814 | 129+105 | To find a "breach of the peace," an act must at least threaten to have some disturbing effect on the public. | What does the term breach of the peace mean as an offense? | Disorderly Conduct - Memo 3 - KC.docx | LEGALEASE-00047906-LEGALEASE-00047907 |
| Liberty State Bank v. Guardian Sav. & Loan Ass'n, 127 Tex. 311 | 156+52(2) | Estoppel in pais may be invoked only for party's failure to perform duty. | Can estoppel in pais be invoked when a party has failed to do that which he had a duty to do? | Estoppel - Memo #171 - C - CSS.docx | LEGALEASE-00047919-LEGALEASE-00047920 |
| Baltimore Steam Co. v. Baltimore Gas & Elec. Co., 123 Md. App. 1 | 183+1 | "Franchise" is a special privilege conferred by the state on certain persons, and which does not belong to them of common right. | Is franchise a privilege? | 018539.docx | LEGALEASE-00158947-LEGALEASE-00158948 |
| Penn Twp. v. Aetna Cas. & Sur. Co., 719 A.2d 749 | 217+1716 | Fidelity bond is a contract of insurance, and the rules of interpretation of insurance policies apply. | Are fidelity bonds a contract of insurance? | Insurance - Memo 45 - SNJ_63858.docx | ROSS-003308332-ROSS-003308333 |
| In re Barr's Estate, 104 Cal. App. 2d 506 | 217+1001 | For a contract to be one of insurance it is essential that there be hazard and a shifting of the incidence, and if there is no risk, or if there be one and it is not shifted to another or others, there can be no insurance. West's Ann.Insurance Code, S 22. | Will there be insurance without risk? | 019560.docx | LEGALEASE-00158844-LEGALEASE-00158845 |
| Soley v. Wasserman, 823 F.Supp.2d 221 | 289+1134 | Under New York law, the fiduciary relationship owed by general partners to the limited partners continues as long as the partnership in fact exists. | Do partners have fiduciary relationship till the partnership continues? | Partnership - Memo 504 - GP_63817.docx | ROSS-003296088-ROSS-003296089 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pollock v. Jones, 124 F. 163 | 289+655 | Under the law of South Carolina, a partner cannot bind his firm by a sealed obligation or conveyance without the authority of ratification of his copartner. | Does a sealed note given by a member of a firm creates obligation against the firm? | Partnership - Memo 611 - SH_63634.docx | ROSS-003293382 |
| Nichols v. Prudential Ins. Co. of Am., 406 F.3d 98 | 170B+3296 | In suit against ERISA plan administrator for wrongful termination of benefits in which district court ruled that beneficiary had failed to exhaust administrative remedies, district court's order was by its own terms dismissal of claim without prejudice, not vacatur and remand to plan administrator, and thus was appealable "final decision" under Title 28; though statement in order that beneficiary "may return to this Court for further proceedings" could be interpreted as retention of jurisdiction, decision contemplated return to court only after administrator had violated new deadline or denied benefits. 28 U.S.C.A. S 1291; Employee Retirement Income Security Act of 1974, S 502(a)(1)(B), as amended, 29 U.S.C.A. S 1132(a)(1)(B). | "Does a ""dismissal without prejudice"" terminate litigation and the court's responsibilities, while leaving the door open for some new, future litigation?" | 025605.docx | LEGALEASE-00158526-LEGALEASE-00158527 |
| Gardner v. Bd. of Cty. Comm'rs of Wasatch Cty., 178 P.3d 893 | 307A+690 | Ordinarily, dismissal with prejudice constitutes a final judgment. | "Ordinarily, does dismissal with prejudice constitute a final judgment?" | Pretrial Procedure - Memo # 10897 - C - PC_63895.docx | ROSS-003284381-ROSS-003284382 |
| Bird v. Kornman, 152 S.W.3d 154 | 307A+694 | A dismissal for want of prosecution is not a decision on the merits and should not be with prejudice. | Is a dismissal for want of prosecution a decision on the merits and should it be with prejudice? | Pretrial Procedure - Memo # 10918 - C - RF_63417.docx | ROSS-003294082-ROSS-003294083 |
| Infinite Sec. Sols. v. Karam Properties I, Ltd., 2 N.E.3d 297 | 89+541 | Judgment dismissing action following settlement of claims among apartment complex owners, complex's insurer, and security provider was unconditional due to lack of inclusion of the terms of the settlement agreement or express reservation of jurisdiction to enforce the settlement agreement, and thus trial court lacked jurisdiction to enforce settlement agreement and determine whether complex owners or insurer had priority to settlement proceeds paid by security provider. | Does a trial court lose jurisdiction to proceed in a matter when the court has unconditionally dismissed the action? | 025713.docx | LEGALEASE-00158378-LEGALEASE-00158379 |
| Dir. of Ins. ex rel. State v. A & A Midwest Rebuilders, 383 Ill. App. 3d 721 | 30+78(4) | An order of dismissal may be final even though it is not with prejudice. | Can an order of dismissal be final even though it is not with prejudice? | Pretrial Procedure - Memo # 10967 - C - VP.docx | LEGALEASE-00048433-LEGALEASE-00048434 |
| West Pittsburgh Partnership ex rel. WEHAV Governing Commn. v. McNeilly, 840 A.2d 498 | 307A+693.1 | An order dismissing an action as to fewer than all plaintiffs is not a final order. Rules App.Proc., Rule 341(b, c), 42 Pa.C.S.A. | Is an order dismissing an action as to fewer than all plaintiffs not a final order? | 025757.docx | LEGALEASE-00158685-LEGALEASE-00158686 |
| Bertrand v. Mut. Motor Co., 38 S.W.2d 417 | 308+3(1) | That bailee acts for benefit of bailor, without more, does not make him "agent." | Does a bailee acting for the benefit of the bailor make him an agent? | Principal and Agent - Memo 394 - RK_63950.docx | ROSS-003293767-ROSS-003293768 |
| Kingan & Co. v. Silvers, 13 Ind. App. 80 | 308+3(1) | Legal difference between agent and servant is that agency imports commercial dealing between two parties through another, while service refers to actions on and concerning things and deals with matters of manual or mechanical execution. | Does service have reference to actions concerning things? | Principal and Agent - Memo 397 - RK_63953.docx | ROSS-003293601-ROSS-003293602 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bertrand v. Mut. Motor Co., 38 S.W.2d 417 | 308+3(1) | That bailee acts for benefit of bailor, without more, does not make him "agent." | Does a bailees act for the benefit of the bailor make him an agent? | Principal and Agent - Memo 400 - RK_63955.docx | ROSS-003296591-ROSS-003296592 |
| In re Greenfield Direct Response, 171 B.R. 848 | 65+2 | Under Illinois law, word "agent" is broader than word "broker" and more comprehensive in its legal scope; while every broker is in a sense an agent, every agent is not a broker. | Can every agent be considered as a broker? | Principal and Agent - Memo 472-PR_63795.docx | ROSS-003320670-ROSS-003320671 |
| In re Grabau, 151 B.R. 227 | 65+3 | California Real Estate Act contemplates that someone can act as salesman without necessarily qualifying as real estate broker; in that instance, real estate salesman is merely agent of employing broker. West's Ann.Cal.Bus. & Prof.Code SS 10131, 10131.1-10131.3, 10131.6, 10132. | Are real estate salesmen agents of the broker? | Principal and Agent - Memo 537 - RK_63995.docx | ROSS-003323115-ROSS-003323116 |
| Robinson v. Quicken Loans Inc., 988 F. Supp. 2d 615 | 308+19 | The burden of proving an agency relationship under West Virginia law rests upon him who alleges the existence of the agency; however, once a prima facie showing of the agency relationship has been made, a principal denying agency must show that the principal neither controlled, nor had the right to control, the alleged agent's work. | Who has the burden of proving the agency relationship? | Principal and Agent - Memo 558 - RK_64016.docx | ROSS-003319736-ROSS-003319738 |
| Robbins v. Caraway-Rhodes Veterinary Hosp., 299 So. 2d 446 | 413+114 | Where employers' veterinarian business was not listed as hazardous in Workmen's Compensation Act, parties did not elect by agreement to come under terms of Act and it was not determined in advance by court that such business which did not have features of a hazardous nature was hazardous and thus covered under Act, neither employee's employment as a veterinarian assistant nor veterinarian business was covered or included within provisions of Act and employee was not entitled to recover compensation for injury sustained when he lifted a dog in the course of his employment. LSA-R.S. 23:1021 et seq., 23:1035. | "The compensation laws only apply to, what?" | 047684.docx | LEGALEASE-00158078-LEGALEASE-00158079 |
| League of United Latin Am. Citizens v. Wilson, 908 F. Supp. 755 | 24+103 | Since power to regulate immigration is unquestionably exclusively federal power, any state statute which regulates immigration is constitutionally proscribed. | Is every state enactment which in any way deals with aliens considered a regulation of immigration? | 006819.docx | LEGALEASE-00160404-LEGALEASE-00160405 |
| Pittsburgh Steel Co. v. Hollingshead & Blei, 202 Ill. App. 177 | 83E+607 | Presentment for payment was necessary in order to hold defendant as an indorser of draft. S.H.A. ch. 98, S 91. | Is presentment of bill of exchange for payment necessary to hold a person as an indorser? | 010955.docx | LEGALEASE-00160061-LEGALEASE-00160062 |
| State v. Steger, 94 W. Va. 576 | 129+109 | The use of profane and insulting language by a landowner to a person who is apparently about to trespass on his farm, unaccompanied by threats and causing no fear of personal violence, is not a breach of the peace at common law, and an indictment therefor which does not aver an actual breach of the public peace by the use of the words, is demurrable. | Whether the use of abusive language in a public place amounts to breach of the peace? | Disorderly Conduct-Memo 109-PR.docx | LEGALEASE-00049247-LEGALEASE-00049248 |
| Keles v. Hultin, 144 A.D.3d 987 | 141E+1000 | Courts retain a restricted role in dealing with and reviewing controversies involving colleges and universities. | Can a court make determinations that a university acted arbitrarily? | 017130.docx | LEGALEASE-00159766-LEGALEASE-00159767 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Alfieri v. Willys Motors, 227 F. Supp. 627 | 170A+2493 | Pleading and affidavits presented issues of fact as to whether manufacturer failed to act in good faith in complying with provisions of a franchise in regard to withholding of deliveries of vehicles, and in regard to cancellation of the franchise, and as to whether a written demand for reimbursement of remaining parts had been refused by manufacturer, precluding summary judgment for manufacturer in regard to such claims; but manufacturer was entitled to summary judgment on purported claim for breach of oral agreement of exclusive dealership. Automobile Dealers' Day in Court Act, S 1(b), 15 U.S.C.A. S 1221(b). | Is franchise a written agreement or contract that fixes the legal rights and liabilities of the parties to such agreement or contract? | 018487.docx | LEGALEASE-00159846-LEGALEASE-00159847 |
| City of Groton v. Yankee Gas Servs. Co., 224 Conn. 675 | 183+4 | Grant of a nonexclusive franchise does not carry with it right to be free from competition from another entity that has been granted a valid franchise; however, it does embody right to be free from unauthorized competition, and if party enters franchisee's territory without such authorization, injunction is proper remedy. | What are nonexclusive franchises? | 018502.docx | LEGALEASE-00160008-LEGALEASE-00160009 |
| Gulf Ref. Co. v. Cleveland Tr. Co., 166 Miss. 759 | 101+1212 | Franchises of corporation are corporate or general franchises, which are franchises to exist as corporation, and special or secondary franchise, which are certain rights conferred on existing corporations. | What are general and secondary franchises? | 018508.docx | LEGALEASE-00160040-LEGALEASE-00160041 |
| Raynor v. New York & L.I. Traction Co., 86 Misc. 201 | 183+2 | Where the language of a franchise is ambiguous, it will be construed against the grantee and in favor of the public, but, where free from ambiguity, the court will give the language used its ordinary and accepted meaning. | How are franchises construed when ambiguous? | 018512.docx | LEGALEASE-00160052-LEGALEASE-00160054 |
| City of Lakewood v. Pierce Cty., 106 Wash. App. 63 | 183+1 | Until both parties accept the terms of a franchise, it lacks the essentials of a contract; it is a mere proposition. | Does a franchise require acceptance by both parties? | 018554.docx | LEGALEASE-00159457-LEGALEASE-00159458 |
| Artesian Water Co. v. State, Dep't of Highways & Transp., 330 A.2d 432 | 183+1 | Generally, even if use of franchise requires occupancy of land, franchise does not create an interest in land. | Does franchise create an interest in the land? | 018567.docx | LEGALEASE-00159976-LEGALEASE-00159977 |
| Concierge Nursing Centers v. Antex Roofing, 433 S.W.3d 37 | 217+1000 | In an insurance arrangement, the insurer assumes the risk that a loss may occur in exchange for a premium payment; in this way, insurance companies are in the business of spreading losses across the premiums they receive. | "In an insurance contract, what is the risk undertaken by the insurer?" | Insurance - Memo 54 - SNJ_64331.docx | ROSS-003279464-ROSS-003279465 |
| Fort Bragg Unified Sch. Dist. v. Solano Cty. Roofing, 194 Cal. App. 4th 891 | 309+5 | Whereas insurance protects the principal against risk, a performance bond protects the obligee against the principal's default; there will seldom be overlapping coverage between such a bond, which guarantees performance of a contract, and the contractor's liability insurance policy, which indemnifies the contractor from injury claims based on negligence or accident. | How is a performance bond different from insurance? | Insurance - Memo 62 - SNJ - 12.06.2017_64335.docx | ROSS-003280171-ROSS-003280172 |
| Meyer v. U.S., 213 F.2d 278 | 220+3933.1 | A partnership interest is a capital asset for income tax purposes and, when sold, warrants treatment as does such class of assets. 26 U.S.C.A. 117(j). | Is a partnership interest a capital asset? | Partnership - Memo 491 - SB_64854.docx | ROSS-003279362-ROSS-003279363 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Guild v. Herrick, 51 N.Y.S.2d 326 | 289+674(2) | Where some members of stock brokerage firm knew or should have known that customer's securities were being improperly manipulated in course of partnership business, other partners could not escape liability on ground that they had no knowledge of the manipulations. Partnership Law, S 24. | "Are individual members of a partnership held responsible for torts they had no knowledge of, committed by any member of the firm in the course of partnership business?" | 022566.docx | LEGALEASE-00160238-LEGALEASE-00160239 |
| Jones v. Anheuser-Busch Brewing Ass'n, 189 S.W. 631 | 289+1015 | All the partners are necessary parties to a suit for settlement and accounting of partnership affairs. | Are all partners necessary parties to an action for a partnership accounting? | 022642.docx | LEGALEASE-00160032-LEGALEASE-00160033 |
| In re Middletown Metro Assocs., 225 B.R. 281 | 289+934 | Under former Connecticut partnership statute, bankruptcy of any partner causes dissolution of partnership. C.G.S.A. S 34-69. | Does a bankruptcy of any partner cause dissolution of the partnership? | Partnership - Memo 541-RM_64664.docx | ROSS-003296556 |
| Baker v. McCue-Moyle Development Co., 695 S.W.2d 906 | 289+639 | Generally, each partner is at once a principal and agent of partnership and other partners in matters pertaining to partnership business. | "In a partnership, is each partner both a principal and an agent of the partnership?" | Partnership - Memo 548 - GP_64574.docx | ROSS-003291982-ROSS-003291983 |
| McCann Real Equities Series XXII v. David McDermott Chevrolet, 93 Conn. App. 486 | 228+251(1) | The right of a plaintiff to recover is limited to the allegations of his complaint. | Is the right of a plaintiff to recover limited to the allegations of his complaint? | Pleading - Memo 600 - RMM_64672.docx | ROSS-003280443-ROSS-003280444 |
| Jung v. St. Paul's Par., 522 Pa. 167 | 307A+697 | Judgment of non pros should have been opened in personal injury action even though no complaint was filed within 20 days of form praecipe for rule to file complaint where parties were engaged in settlement negotiations and rule was mailed mixed in with two sets of discovery requests and thus facilitated error in failing to timely file the complaint. Rules Civ.Proc., Rule 440, 42 Pa.C.S.A. | "Is a request to open a judgment of non pros (JNP), like the opening of a default judgment, in the nature of an appeal to the equitable powers of the court?" | 039699.docx | LEGALEASE-00160453-LEGALEASE-00160454 |
| In re Chicago Flood Litig., 176 Ill. 2d 179 | 307A+681 | In ruling on motion to dismiss, court may not consider affidavits, products of discovery, documentary evidence not incorporated into pleadings, or other evidence. S.H.A. 735 ILCS 5/2-615. | Should the court construe the pleadings and supporting documents in favor of non moving party while ruling on a motion to dismiss? | 039893.docx | LEGALEASE-00159807-LEGALEASE-00159808 |
| Callaghan v. Vill. of Clarendon Hills, 401 Ill. App. 3d 287 | 307A+561.1 | On a motion to dismiss based on affirmative matter avoiding the legal effect of a claim, the defendant bears the burden of proof of the affirmative matter. S.H.A. 735 ILCS 5/2-619(a)(9). | Should the defendant bear the burden of proof of the affirmative matter? | 039899.docx | LEGALEASE-00159527-LEGALEASE-00159528 |
| Anthony v. City of Omaha, 283 Neb. 868 | 238+29 | Both occupation taxes and sales taxes can be calculated upon gross receipts. | Can both occupation taxes and sales taxes be calculated upon gross receipts? | 046181.docx | LEGALEASE-00160136-LEGALEASE-00160137 |
| Word of Life Christian Ctr. v. West, 936 So. 2d 1226 | 371+3641 | Use tax applies when the transaction is consummated outside the taxing jurisdiction, and the goods are subsequently imported and used in the taxing jurisdiction. | Are sales and use taxes consumption taxes? | Taxation - Memo 1082 - C - CK.docx | LEGALEASE-00050096-LEGALEASE-00050097 |
| Home Builders Ass'n of Greater Des Moines v. City of W. Des Moines, 644 N.W.2d 339 | 371+3249 | An "excise tax" is a tax imposed on a transaction or as a condition to the exercise of a privilege. | "Is an ""excise tax"" a condition to the exercise of a privilege?" | 046251.docx | LEGALEASE-00159873-LEGALEASE-00159874 |
| Bragg v. State, 285 Ga. App. 408 | 3.77E+35 | It is an element of aggravated stalking that the contact be without the victim's consent. West's Ga.Code Ann. S 16-5-91(a). | Is it an element of aggravated stalking that the contact be without the victim's consent? | 046906.docx | LEGALEASE-00160288-LEGALEASE-00160289 |
| Ex parte N.W., 748 So. 2d 190 | 3.77E+10 | Language, whether abusive or obscene, is not "physical action," for purposes of menacing statute. Code 1975, S 13A-6-23(a). | "Can language constitute ""physical action"" for purposes of the menacing statute?" | 046916.docx | LEGALEASE-00160296-LEGALEASE-00160297 |
| Wooley v. Lyon, 117 Ill. 244 | 8.30E+14 | Notice and protest of negotiable paper is governed, in case of conflict, by laws of place where instrument is payable. | "Does the law of the place a note is payable govern the time and mode of payment, manner of protest and giving notice?" | Bills and Notes -Memo 1382- JK_66283.docx | ROSS-003312586-ROSS-003312587 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wilensky v. Miller, 257 Wis. 589 | 8.30E+10 | Where note was executed in Illinois, rights and obligations of parties were governed by Illinois law. | Which states law governs the rights of parties? | Bills and Notes -Memo 1391- JK_66290.docx | ROSS-003280463-ROSS-003280464 |
| Lambeth v. Lewis, 114 Ga. App. 191 | 162+202.10 | Original payee of check which had been revoked by operation of law by death of drawer before presentment for payment had no claim against drawer's estate on instrument itself but was remitted to any underlying claim he might have against the decedent. Code, SS 109A-3-409, 109A-4-405. | Will a check be revoked by operation of law ten days after the death of the drawer? | 010522.docx | LEGALEASE-00161481-LEGALEASE-00161482 |
| Quinn v. Rike, 50 Cal. App. 243 | 83E+432 | Defendant payee of a note negotiable in form, but nonnegotiable because secured by deed of trust to a trust company, transferred it for valuable consideration, the transfer being by writing on the back reading that for value received it transferred and assigned to plaintiff all its right, title, and interest in and to the within note, together with all rights under the deed of trust securing it, so far as it related to the note, and waived presentment, demand, and notice of protest. Held, that defendant's intent to become liable as indorser was clearly expressed. | Can the assignment by the payee of a promissory note of all his interest in the note be a qualified indorsement? | 010586.docx | LEGALEASE-00160827-LEGALEASE-00160828 |
| State v. Desirey, 909 S.W.2d 20 | 350H+609 | Offenses which overlap with the same intent can make concurrent sentencing appropriate. | Are concurrent sentencing appropriate given overlapping offenses? | Bribery - Memo 1059 - C - ML_65547.docx | ROSS-003293239-ROSS-003293240 |
| Mazik v. Decision Making, 449 A.2d 202 | 156+52.10(1) | Validity of a waiver depends upon totality of circumstances. | Does the validity of a waiver depend upon the totality of the circumstances? | Estoppel - Memo 226 - CSS_65202.docx | ROSS-003279352-ROSS-003279354 |
| Am. Bridge Co. v. State, 245 A.D. 535 | 156+52.10(2) | Intentional relinquishment of a known right is of the essence of "waiver." | Is the essence of waiver the intentional relinquishment of a known right? | 018172.docx | LEGALEASE-00161849-LEGALEASE-00161850 |
| Curtis v. Hubbel, 42 Ohio App. 520 | 48A+168(8) | Statute requiring drivers to maintain speed permitting them to stop within assured clear distance ahead held applicable to both day and night driving. Gen.Code, S 12603, 113 Ohio Laws, p. 283 (repealed 1941. See Gen.Code, S 6307-21). | Should the speed of the automobile at all times be such as to permit the driver to stop within the range of his vision? | 018837.docx | LEGALEASE-00161761-LEGALEASE-00161762 |
| Petro v. Serio, 9 Misc. 3d 805 | 217+1001 | Under the "substantial control" test for determining whether a service and maintenance plan constitutes a warranty contract or an insurance contract subject to regulation, an event is deemed fortuitous if its occurrence is beyond the substantial control of either party, and determination of whether coverage is dependant on fortuitous events is generally an issue of law for the court to decide. McKinney's Insurance Law S 1101(a)(1). | Does the plans for prepaid legal services constitute insurance? | 019524.docx | LEGALEASE-00161565-LEGALEASE-00161566 |
| Sec. & Exch. Comm'n v. Variable Annuity Life Ins. Co. of Am., 359 U.S. 65 | 217+1001 | In common understanding, "insurance" involves a guaranty that at least some fraction of benefits will be payable in fixed amounts. | Does insurance involve a guarantee? | 019530.docx | LEGALEASE-00161577-LEGALEASE-00161578 |
| Bane v. Ferguson, 707 F.Supp. 988 | 46H+158 | Retired partner of now dissolved law firm, who claimed that he was aggrieved by alleged unauthorized acts of partners, which allegedly resulted in dissolution of firm, thereby terminating retirement plan in partnership agreement, could not bring action against former partners for violation of provision of Illinois Uniform Partnership Act prohibiting actions by partners which make it impossible to carry on ordinary business of partnership. Ill.S.H.A. ch. 1061/212, P 9(3)(c). | Can a retirement of a partner from a partnership result in the dissolution of the partnership? | Partnership - Memo 569 - GP_65241.docx | ROSS-003296443-ROSS-003296444 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wharff v. Iowa Methodist Hosp., 219 N.W.2d 18 | 307A+699 | General policy in jurisdiction is to allow trial on the merits. | Is the general policy in jurisdiction to allow trial on the merits? | 039672.docx | LEGALEASE-00161186-LEGALEASE-00161187 |
| Brigham v. Eglin's of Philadelphia, 406 Pa. 99 | 307A+699 | Relief from judgment of non pros. is by way of grace and not of right, and its grant or refusal is discretionary and reviewing court may not reverse absent clear abuse of discretion. | Is relief from judgment of non pros. by way of grace and not of right? | 039690.docx | LEGALEASE-00161110-LEGALEASE-00161111 |
| Weymers v. Khera, 454 Mich. 639 | 302+245(1) | Trial court may find that prejudice has resulted from delay in seeking to amend pleading, and may deny motion for leave to amend on that basis, when moving party seeks to add new claim or new theory of recovery on basis of same set of facts after discovery is closed and just before trial, and opposing party shows that he did not have reasonable notice, from any source, that moving party would rely on new claim or theory at trial. MCR 2.118. | "If summary disposition is appropriate based upon a failure to state a claim upon which relief can be granted, should plaintiffs be given the opportunity to amend their pleadings?" | 040158.docx | LEGALEASE-00161835-LEGALEASE-00161836 |
| In re Marriage of Busch, 310 S.W.3d 253 | 307A+695 | If a court sustains a motion to dismiss, it shall freely grant leave to amend, but a motion for judgment on the pleadings contemplates a final judgment on the merits. | Does a motion for judgment on the pleadings contemplate a final judgment on the merits? | Pretrial Procedure - Memo 11561 - C - BP.docx | LEGALEASE-00051130-LEGALEASE-00051131 |
| Johnson v. J.W. Const. Co., 717 S.W.2d 464 | 307A+583 | Trial court did not necessarily abuse its discretion by dismissing for failure to prosecute merely because plaintiffs had requested a trial setting which was for a short time after the case was dismissed for want of prosecution. | "Is the trial court entitled to consider entire history of a case, in resolving the issue of whether to dismiss a suit for want of prosecution?" | Pretrial Procedure - Memo 11791 - C - NC_65469.docx | ROSS-003281412-ROSS-003281413 |
| Providence Bank v. Billings, 29 U.S. 514 | 371+2003 | The taxing power is of vital importance and is essential to the existence of government. | Is the taxing power essential to the existence of government? | 046304.docx | LEGALEASE-00161699-LEGALEASE-00161700 |
| Providence Bank v. Billings, 29 U.S. 514 | 371+2003 | The taxing power is of vital importance and is essential to the existence of government. | Is the taxing power a vital importance to the government? | 046306.docx | LEGALEASE-00160674-LEGALEASE-00160675 |
| Heine v. Bd. of Levee Comm'rs, 86 U.S. 655 | 371+2003 | The power of taxation belongs to the legislative sovereignty, state or national. | Does the power of taxation belong to legislative sovereignty? | 046319.docx | LEGALEASE-00160809-LEGALEASE-00160810 |
| State Bd. of Tax Comm'rs of Ind. v. Jackson, 283 U.S. 527 | 371+2003 | Power of taxation is fundamental to very existence of government of several states. | Is the power of taxation fundamental to the very existence of the government of a state? | Taxation - Memo 1158 - C - JL_65491.docx | ROSS-003295218 |
| Lebleu v. State, 192 S.W.3d 205 | 3.77E+10 | The crime of retaliation does not require an intent to follow through with a threat; so long as a person issues a threat, knowingly and intentionally, and for the reasons set out in the statute, then she is guilty of the crime. V.T.C.A., Penal Code S 36.06(a). | Does the crime of retaliation require an intent to follow through with a threat? | "Threats, Stalking and Harassment - Memo 206 - C - LB_65506.docx" | ROSS-003279431 |
| Gaddis v. State, 680 N.E.2d 860 | 3.77E+12 | Motorist's mere display of handgun to another driver did not communicate "threat," as required to support conviction for intimidation; motorist was entitled to carrying handgun, which was properly licensed, and handgun was not pointed at driver or driver's vehicle, nor was there other evidence of intent to injure. West's A.I.C. 35-45-2-1(a)(1, 2). | Does the mere display of a handgun communicate a threat within the meaning of the intimidation statute? | "Threats, Stalking and Harassment - Memo 213 - C - LB_65513.docx" | ROSS-003281910-ROSS-003281911 |
| Remsnider v. Union Sav. & Tr. Co., 89 Wash. 87 | 413+105 | Where neither the work of a janitor in an office building nor work about an elevator shaft had been classified as extrahazardous by the Industrial Insurance Department as authorized by Workmen's Compensation Act, S 2, an injury to a person engaged in such employment is not governed by the statute. | Does the Workmen's Compensation Act provide compensation for injuries from employments recognized as inherently and constantly dangerous? | Workers' Compensation - Memo 699 - C - ANC_65532.docx | ROSS-003308839 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bizmark v. Air Prod., 427 F. Supp. 2d 680 | 8.30E+10 | Under Virginia choice of law rules, place of payment of note is determinative of place of performance of contract. | Is the place of payment of a note determinative of the place of performance of the contract? | 009179.docx | LEGALEASE-00162672-LEGALEASE-00162673 |
| Wooley v. Lyon, 117 Ill. 244 | 8.30E+14 | Notice and protest of negotiable paper is governed, in case of conflict, by laws of place where instrument is payable. | "Does the law of the place where notes are payable govern the time and mode of payment, manner of payment, protest and giving notice?" | Bills and Notes - Memo 1328 - RK_66231.docx | ROSS-003306502-ROSS-003306503 |
| City of New Brighton v. 2000 Ford Excursion VIN No. 1FMNU43S2YEA74156, 622 N.W.2d 364 | 135H+25 | It is presumed that civil forfeitures do not violate double jeopardy. U.S.C.A. Const.Amend. 5; M.S.A. Const. Art. 1, S 7. | Is it presumed that civil forfeitures do not violate double jeopardy? | Double Jeopardy - Memo 206 - C - KS_66957.docx | ROSS-003293849 |
| Brown v. State of La., 383 U.S. 131 | 135H+95.1 | Where there was legal mistrial without verdict, jeopardy did not attach. Vernon's Ann.C.C.P. art. 36.29; Vernon's Ann.St. Const. art. 5, S 13. | "Where there was legal mistrial without verdict, does jeopardy not attach?" | 015547.docx | LEGALEASE-00162576-LEGALEASE-00162577 |
| Diocese of Winona v. Interstate Fire &Cas. Co., 89 F.3d 1386 | 217+1001 | It is fundamental premise that insurance policy protects insured from fortuitous loss. | Does an insurance policy protect insured from fortuitous losses? | Insurance - Memo 104 - SNJ_66088.docx | ROSS-003280947-ROSS-003280948 |
| Price v. Vattes, 161 S.W.3d 397 | 289+492 | Party asserting the existence of a partnership has the burden of proving a partnership. | Does the party asserting the existence of a partnership have the burden of proving a partnership? | Partnership - Memo 582 - SNP - 11.29.2017_65960.docx | ROSS-003279909-ROSS-003279910 |
| Tjernlund v. Kadrie, 425 N.W.2d 292 | 289+1161 | Partner had right to formal accounting under circumstances which rendered it just and reasonable. M.S.A. S 323.21(4). | Does a partner have the right to account if the circumstances are just and reasonable? | 022698.docx | LEGALEASE-00162261-LEGALEASE-00162262 |
| Johnson v. Johnson & Bell, Ltd., 2014 IL App (1st) 122677 | 289+494 | A partnership may be shown by oral testimony or circumstances of case, but such testimony or circumstances must point convincingly to existence of partnership. | Can a partnership be proved by oral testimony? | Partnership - Memo 587 - SNP_65965.docx | ROSS-003308491-ROSS-003308492 |
| Satterfield v. State, 158 So. 3d 380 | 307A+695 | There is no error in denying leave to amend after granting a motion to dismiss when the amendment would be futile. Rules Civ.Proc., Rule 12(b)(6). | Is there an error in denying leave to amend when the amendment would be futile? | Pretrial Procedure - Memo 11544 - C - NS_65977.docx | ROSS-003312836-ROSS-003312837 |
| State ex rel. & to Use of Par. v. Young, 327 Mo. 909 | 371+2003 | Power to levy and collect taxes is purely statutory. | Is the power to levy and collect taxes purely statutory? | 046360.docx | LEGALEASE-00162017-LEGALEASE-00162018 |
| City of Buffalo v. Stevenson, 207 N.Y. 258 | 371+2003 | The distinction between the taxing power and the police power is to be found in the purpose for which the particular power is exercised. | Is there a distinction between the taxing power and the police power? | Taxation - Memo 1178 - C -JL_65995.docx | ROSS-003291917-ROSS-003291918 |
| Madary v. City of Fresno, 20 Cal. App. 91 | 371+2003 | "Taxes" are enforced contributions levied for public needs, and the needs of the government constitute the occasion and the limitation of the taxing power. | What constitutes both the occasion and limitation of the taxing power? | Taxation - Memo 1179 - C -JL_65996.docx | ROSS-003305832-ROSS-003305833 |
| Waterhouse v. Bd. of Cleveland Pub. Sch., 68 Tenn. 398 | 371+2016 | The power of taxation belongs to the State in its sovereign capacity. The exercise of the power is legislative. The legislature has no authority to delegate this power except in such cases as the constitution authorizes. | When can the legislature delegate the power of taxation? | 046370.docx | LEGALEASE-00162041-LEGALEASE-00162042 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Matter of Assessment of Additional N. Carolina & Orange Cty. Use Taxes Against Vill. Pub. Corp. for Period from Apr. 1, 1972 through Mar. 31, 1978, 312 N.C. 211 | 371+3602 | Purpose of the state sales and use tax is to generate revenue for the state and to equalize the tax burden on all state residents. G.S. S 105-164.1 et seq. | What is the purpose of the state sales and use tax? | Taxation - Memo 1215 - C - SKG_66482.docx | ROSS-003280205-ROSS-003280206 |
| Midcontinent Broad. Co. of Wisconsin v. Wisconsin Dep't of Revenue, 91 Wis. 2d 579 | 371+3602 | "Sales tax" is a tax imposed upon the privilege of selling. W.S.A. 77.52. | Is a ""sales tax"" a tax imposed upon the privilege of selling? | Taxation - Memo 1217 - C - TJ_66484.docx | ROSS-003283026-ROSS-003283027 |
| Am. Fid. Fire Ins. Co. v. State Bd. of Equalization, 34 Cal. App. 3d 51 | 371+3602 | Sales tax is an excise tax levied for privilege of conducting retail business in California. West's Ann.Rev. & Tax.Code, SS 6001-7176. | Is sales tax an excise tax? | Taxation - Memo 1218 - C - TJ_66485.docx | ROSS-003297013-ROSS-003297014 |
| State v. Collie, 108 Ohio App. 3d 580 | 3.77E+11 | Conditional threat can constitute violation of menacing laws. R.C. SS 2903.21, 2903.22. | Can a conditional threat constitute a violation of the menacing laws? | 046967.docx | LEGALEASE-00162188-LEGALEASE-00162189 |
| Campbell v. Nichols, 33 N.J.L. 81 | 8.30E+10 | A note made to the order of the maker, signed in New Jersey, and first delivered from the possession of the maker in New York, is, in contemplation of law, made in the latter jurisdiction. | What states law governs a note that is drawn in one state but is brought into existence in another state? | 009164.docx | LEGALEASE-00162795-LEGALEASE-00162796 |
| Commercial Credit Corp. v. Boyko, 103 N.J.L. 620 | 8.30E+10 | Note will be treated as if made at particular place at which it is payable. | Is a note made payable at a particular place treated with all respect as if it were made there regardless of the place where it is dated or delivered? | Bills and Notes - Memo 1365 - RK_66266.docx | ROSS-003310635-ROSS-003310636 |
| Hyatt v. Peake, 22 Vet. App. 211 | 34+104.5 | A veteran's claim to disability benefits terminates at death; however, statute allows qualified survivors of the veteran to seek payment of accrued benefits owed to that veteran at the time of the veteran's death. 38 U.S.C.A. S 5121. | Does a veteran's claim to disability benefits terminate at death? | Armed Services - Memo 346 - RK_66867.docx | ROSS-003278328-ROSS-003278329 |
| Neal v. Bradley, 238 Ark. 714 | 83E+481 | Generally, recordation statutes do not apply to assignments of notes unless specifically so stated. | Does an assignment need to be recorded to be valid absent a statute mandating it? | 009306.docx | LEGALEASE-00162925-LEGALEASE-00162926 |
| Sims v. Kennedy, 184 Ga. 822 | 1.41E+298 | In school tax election contest evidence of length of voters' residences within state and school district held to authorize counting their votes on ground they had resided within district for six months and within state more than a year but had not resided long enough to be liable for poll tax. Code 1933, S 2-603; Const. art. 2, S 1, par. 3. | What are the requirements necessary for a voter to be entitled to register? | 013545.docx | LEGALEASE-00164126-LEGALEASE-00164127 |
| Stotler & Co. v. Commodity Futures Trading Comm'n, 855 F.2d 1288 | 83H+4.1 | If a person acts as a salesman and solicits orders for a particular futures commission merchant, he may be an "associated person" with that merchant, within meaning of statute requiring registration of such persons with the Commodity Futures Trading Commission, even if he places some trades with other merchants; there is no requirement of "exclusivity" under the statute. Commodity Exchange Act, S 4k, as amended, 7 U.S.C.A. S 6k. | What is the definition of associated person under Commodity Exchange Act? | 013607.docx | LEGALEASE-00163881-LEGALEASE-00163882 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Davis, 160 Conn. App. 251 | 135H+25 | In rem civil forfeiture of defendant's automobile, based on discovery of small amount of cocaine in the automobile, was not punishment for purposes of Fifth Amendment's double jeopardy clause, and did not bar subsequent prosecution of defendant for possession of a controlled substance. U.S.C.A. Const.Amend. 5. | Will only the clearest proof of a punitive form or effect suffice to overcome a firm presumption that in rem forfeitures are not punishment for double jeopardy purposes? | 015108.docx | LEGALEASE-00163772-LEGALEASE-00163773 |
| Aspen Investments Corp. v. Holzworth, 587 So. 2d 1374 | 156+52.10(3) | Conduct is not held to constitute "waiver" unless it does so clearly. | Is conduct held not to constitute waiver unless it does so clearly? | 018220.docx | LEGALEASE-00163141-LEGALEASE-00163142 |
| Am. Somax Ventures v. Touma, 547 So. 2d 1266 | 156+52.10(3) | Waiver does not arise merely from forbearance for reasonable time. | Does waiver arise merely from a forbearance for a reasonable time? | 018222.docx | LEGALEASE-00163159-LEGALEASE-00163160 |
| Alzado v. Blinder, Robinson & Co., 752 P.2d 544 | 195+5 | Guaranty agreement is not enforceable if the underlying obligation upon which it is based is void. | Can a guaranty agreement be enforced if the principal obligation is invalid? | 018624.docx | LEGALEASE-00163752-LEGALEASE-00163753 |
| United States v. Marrero, 743 F.3d 389 | 203+548 | In Pennsylvania, third-degree murder is an unlawful killing with malice but without specific intent to kill; malice, in turn, involves hardness of heart, cruelty, and recklessness of consequences, and exists where the defendant consciously disregarded an unjustifiable and extremely high risk that his actions might cause serious bodily injury. 18 Pa.C.S.A. S 2501(a). | Does malice involve recklessness of consequences? | Homicide - Memo 183 - RK.docx | LEGALEASE-00053487-LEGALEASE-00053488 |
| Jung v. St. Paul's Par., 522 Pa. 167 | 307A+697 | Judgment of non pros should have been opened in personal injury action even though no complaint was filed within 20 days of form praecipe for rule to file complaint where parties were engaged in settlement negotiations and rule was mailed mixed in with two sets of discovery requests and thus facilitated error in failing to timely file the complaint. Rules Civ.Proc., Rule 440, 42 Pa.C.S.A. | "Is a request to open a judgment of non pros like the opening of a default judgment, in the nature of an appeal to the equitable powers of the court?" | 040694.docx | LEGALEASE-00163099-LEGALEASE-00163100 |
| Forsberg v. City of Chicago, 151 Ill. App. 3d 354 | 371+2001 | A tax is not an assessment of benefits, but instead is a means of distributing the burden of the cost of government. | Is a tax an assessment of benefits? | 046419.docx | LEGALEASE-00163303-LEGALEASE-00163304 |
| State v. Hoffman, 149 N.J. 564 | 3.77E+23 | Third subsection of harassment statute proscribes a course of alarming conduct or repeated acts with a purpose to alarm or seriously annoy an intended victim, and its purpose is to reach conduct not covered by the first two subsections. N.J.S.A. 2C:33-4, subds. a-c. | "What does the word ""annoyance,"" within the context of the harassment statute proscribe?" | 046991.docx | LEGALEASE-00163393-LEGALEASE-00163394 |
| Arnold v. Arnold Corp.-Printed Commc'ns for Bus., 860 F.2d 1078 | 25T+179 | Agents are entitled to benefits of arbitration agreements made by their principal. | Are agents afforded the benefit of arbitration agreements made by their principal? | 008075.docx | LEGALEASE-00165031-LEGALEASE-00165033 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Barton Enterprises v. Cardinal Health, 2010 WL 2132744 | 25T+179 | The parent company of a licensor was allowed to enforce the arbitration terms of the license agreement against the licensee due to the agency relationship between the parent company and the licensor. Thus the licensee's claims for tortious interference with a contract and tortious interference with a business expectancy were subject to arbitration. To demonstrate the parent company's actions were unjustified, the licensor needed to rely on the license agreement. It would have been unfair to allow the licensor to rely on those terms for its complaint, yet to disavow the arbitration terms found in the same license. | Can a non-signatory compel a signatory to arbitration when failure to allow a non-signatory to compel arbitration would eviscerate the arbitration agreement? | 008078.docx | LEGALEASE-00165019-LEGALEASE-00165020 |
| Faulkenberg v. CB Tax Franchise Sys., LP, 637 F.3d 801 | 25T+184 | A federal district court cannot compel arbitration outside the confines of its district. 9 U.S.C.A. S 4. | Can a district court compel arbitration outside the confines of its district? | 008113.docx | LEGALEASE-00165057-LEGALEASE-00165058 |
| City of Bismarck v. Toltz, King, Duvall, Anderson & Assocs., 767 F.2d 429 | 336H+383 | Doctrine of collateral estoppel precluded relitigation of proper interpretation of arbitration clause of construction contract, where same legal issue had been presented in prior declaratory action where parties had had full and fair opportunity to litigate issue, and federal substantive law concerning interpretation of arbitration agreements within coverage of Arbitration Act had not materially altered since district court's prior order. 9 U.S.C.A. S 3. | Does the district court have the inherent power to grant the stay in an arbitration proceeding? | Alternative Dispute Resolution - Memo 884 - RK.docx | LEGALEASE-00054014-LEGALEASE-00054016 |
| Rivers v. Thomas, 69 Tenn. 649 | 83E+436 | One who indorses a past-due note at the request of the maker, pursuant to a contract with the payee for further indulgence, is liable as guarantor. | Can an endorser of a note be held liable as a guarantor? | 010057.docx | LEGALEASE-00164419-LEGALEASE-00164420 |
| United States v. Holmes, 618 F. Supp. 2d 529 | 135+2 | Domicile is distinguished from residence in that an individual may have more than one residence but only one domicile. | Is domicile distinguished from residence in that an individual may have more than one residence but only one domicile? | Domicile - Memo 53 - C - JA_67132.docx | ROSS-003298874-ROSS-003298875 |
| Gambelli v. United States, 904 F. Supp. 494 | 170B+2406 | Person's domicile is distinguished from residence for purposes of diversity jurisdiction statute in that individual may have more than one residence, but has only one domicile. 28 U.S.C.A. S 1332. | Is domicile distinguished from residence in that an individual may have more than one residence but only one domicile? | 014567.docx | LEGALEASE-00164204-LEGALEASE-00164205 |
| State Farm Mut. Auto. Ins. Co. v. Colon, 880 So. 2d 782 | 135+2 | A determination of residency involves consideration of both fact and intention. | Does a determination of residency involve consideration of both fact and intention? | Domicile - Memo 63 - C - NK_67142.docx | ROSS-003294088-ROSS-003294089 |
| Zimmerman v. Zimmerman, 175 Or. 585 | 135+2 | At common law, "residence" indicates merely a factual place of abode and is not synonymous with "domicile". | "Are the words ""inhabitant"" and ""resident"" not synonymous?" | Domicile - Memo 64 - C - NK.docx | LEGALEASE-00054097-LEGALEASE-00054098 |
| State v. Monterroso, 685 So. 2d 249 | 135H+30 | Double jeopardy does not attach to multiple offender hearings. U.S.C.A. Const.Amend. 5. | Does double jeopardy attach to multiple offender hearings? | Double Jeopardy - Memo 1241 - C - NE_67378.docx | ROSS-003281962 |
| Hill v. Goodwin, 722 S.W.2d 668 | 156+53 | Whether waiver is expressed or implied, it must be intentional. | Whether waiver is express or implied must it be intentional? | 018260.docx | LEGALEASE-00164411-LEGALEASE-00164412 |
| Stowers v. Harper, 376 S.W.2d 34 | 156+53 | Intention is prime factor in determining question of waiver. | Is intention a prime factor in determining the question of waiver? | 018264.docx | LEGALEASE-00164415-LEGALEASE-00164416 |
| In re Dena Corp., 312 B.R. 162 | 233+531 | There cannot be a true lease where "lessor" has no ownership interest at end of lease term. | Can there be a true lease when the lessor has no ownership interest? | Landlord and Tenant - Memo 83 - RK_67505.docx | ROSS-003281932-ROSS-003281933 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Malone v. Steinberg, 138 Conn. 718 | 302+387 | Plaintiff's right to recover is limited to allegations of his complaint. | Is a plaintiff's right to recover limited to allegations of his complaint? | 023965.docx | LEGALEASE-00164455-LEGALEASE-00164456 |
| State v. Tyler, 382 P.3d 699 | 135H+1 | The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects against a second prosecution for the same offense, after acquittal, conviction, or a reversal for lack of sufficient evidence. U.S. Const. Amend. 5. | Does a double jeopardy clause protect a person against reversal for lack of sufficient evidence? | Pretrial Procedure - Memo 12198 - C - AC.docx | LEGALEASE-00054595-LEGALEASE-00054596 |
| Friedmann v. State, 172 P.3d 831 | 135H+59 | Once jeopardy attaches, a defendant is entitled to have his or her case decided by the original jury empaneled and sworn to try the case, including any duly selected alternates; however, the defendant can relinquish this right by requesting or consenting to a mistrial. U.S.C.A. Const.Amend. 5. | Can the defendant relinquish his right by requesting or consenting to a mistrial? | Double Jeopardy - Memo 1043 - C - BP_67865.docx | ROSS-003281313-ROSS-003281314 |
| People v. Watkins, 2010 WL 3893812 | 135H+97 | Defendant's retrial after a mistrial that resulted from prosecutorial misconduct did not violate the double jeopardy clause. Though the prosecutor's behavior was grossly negligent, there was no evidence to suggest that the prosecution was intending to provoke a mistrial through his actions. Additionally, the public interest in allowing a retrial outweighed the double jeopardy bar. U.S.C.A. Const.Amend. 5; M.C.L.A. Const. Art. 1, S 15. | Can the double jeopardy clause protect a defendant's interest when no determination of guilt or innocence has been made? | Double Jeopardy - Memo 1069 - C - VA_68206.docx | ROSS-003294002-ROSS-003294003 |
| Blount v. State, 169 Ga. App. 215 | 135H+95.1 | Mistrial is not per se acquittal barring second prosecution. | Is mistrial not per se an acquittal barring second prosecution? | 016218.docx | LEGALEASE-00165533-LEGALEASE-00165534 |
| In re Mark R., 294 Md. 244 | 135H+95.1 | A retrial is barred by Fifth Amendment where reasonable alternatives to mistrial, such as continuance, are feasible and could cure the problem. U.S.C.A.Const.Amend. 5. | "Is a retrial barred by the Fifth Amendment where reasonable alternatives to mistrial, such as continuance, are feasible and could cure the problem?" | Double Jeopardy - Memo 776 - C - NS.docx | LEGALEASE-00055353-LEGALEASE-00055354 |
| People v. Echevarria, 6 N.Y.3d 89 | 135H+100.1 | Once acquitted, it is not possible to waive the protections against multiple prosecutions. U.S.C.A. Const.Amend. 5. | "Once acquitted, is it not possible to waive the protections against multiple prosecutions?" | Double Jeopardy - Memo 787 - C - SN_67792.docx | ROSS-003280075 |
| Doe 30's Mother v. Bradley, 58 A.3d 42 | 307A+695 | Motion to amend a pleading will not be granted if the amendment would be futile, that is, if it clearly would not survive a motion to dismiss. Superior Court Civil Rule 15. | Will a court grant a motion to amend a pleading if the amendment would be futile? | 040814.docx | LEGALEASE-00166114-LEGALEASE-00166115 |
| Norwegian Twp. v. Schuylkill Cty. Bd. of Assessment Appeals, 74 A.3d 1124 | 371+2394 | Substantial evidence supported the trial court's conclusion that Board of Assessment Appeals failed to meet its burden to prove taxability of township's property; sole evidence that the Board placed into record was tax assessment record card and picture of the property, establishing only that the property was currently vacant, and township produced ample evidence to show that property was actually and regularly being used for public purpose and to support court's finding that property was available to public for recreational activities, had been used by township to benefit public, and that township had made good-faith effort to develop the land for a park or playground, and though not required for property to be tax-immune/exempt, court also found that the township made a good-faith effort to develop the property. Const. Art. 8, S 2. | What should the taxing authority prove in order for the government-owned property be taxable? | Taxation - Memo 1283 - C - SC ?_68462.docx | ROSS-003283023-ROSS-003283024 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Thornton v. Cangialosi, 2010 WL 2162905 | 101+1556 | Minority shareholders were unable to bring a fraudulent inducement suit against majority shareholder. Even though minority shareholders sufficiently alleged a claim of fraudulent inducement, that claim could not be brought concurrent with the breach of contract claim. The representations that allegedly induced minority shareholders to enter into the agreement with majority shareholder were the same allegedly unfulfilled promises that gave rise to the breach of contract claim. Further, the two claims were factually intertwined and could not be separated. | "If a tort claim is factually intertwined with a breach of contract claim, can recovery be had for both?" | Action - Memo 937 - C _1FcdPyOssViqh3aZtU4E 0uS1pSVXzO4wb.docx | ROSS-000000014 |
| Wachovia Bank, Nat. Ass'n v. Preston Lake Homes, 750 F. Supp. 2d 682 | 13+27(1) | To extent that bank's alleged misrepresentations to real estate developer regarding its willingness to renew or extend site acquisition/development and construction loans between parties violated any duties that bank owed developer, they were duties that were created, not by common law, but by terms of loan agreements, such that developer's remedy, if one existed, lay in contract law, and not in cause of action for actual or constructive fraud. | "When tort claim such as fraud is brought in breach of contract case, should a court ensure that a tort claim stems from a defendant's breach of common law duty of care independent of any duties owed to plaintiff under contract?" | Action - Memo 953 - C _1a8X4KD-L_3sw4FeF1LbdE7hvkdW 55t7R.docx | ROSS-000000033-ROSS-000000034 |
| Wierzbicki v. Thacher, 273 Mass. 346 | 13+27(2) | If agreement to repair leased premises existed and there was omission to repair, right of action for breach of contract, and not for tort resulting from injury, would accrue. | Can a lessee's breach of a lease covenant requiring the lessee to repair and maintain the leased property be a breach of a tort duty? | Action - Memo 954 - C _18Wekzomc1x-jw_gr3C0qKj7K9qR0pRQg .docx | ROSS-000000035-ROSS-000000036 |
| Torok v. Moore's Flatwork & Foundations, 106 A.D.3d 1421 | 13+27(1) | No warranty attaches to the performance of a service; if the service is performed negligently, the cause of action accruing is for negligence, and, likewise, if it constitutes a breach of contract, the action is for that breach. | Does no warranty attach to the performance of a service? | Action - Memo 972 - C _11vi9qAb3IlQtQXvuf4Ts-kaCcKtHu2nw.docx | ROSS-000000069-ROSS-000000070 |
| Aliya Medcare Fin. v. Nickell, 156 F. Supp. 3d 1105 | 184+13(3) | Under Nevada law, where only pecuniary loss results, liability for negligent misrepresentation is not based on general duty rules; rather, liability is only imposed on a party who has supplied false information, where that information is for the guidance of others and where the party knows that information will be relied upon by a foreseeable class of persons. | "When economic loss occurs as a result of negligence in the context of commercial activity, can contract law be invoked to enforce the quality expectations derived from the parties' agreement?" | Action - Memo 981 - C _1J7E10tWjEPgasDODAb dVU1qysILi22M6.docx | ROSS-000000086-ROSS-000000087 |
| Lachmund v. ADM Inv'r Servs., 191 F.3d 777 | 83H+10 | In determining whether contract is cash forward contract exempt from regulation under Commodity Exchange Act (CEA) or futures contract subject to requirements of CEA, cash forward contract is indicated where parties to contract are in business of producing or obtaining grain, parties are capable of delivering or receiving actual grain in quantities provided for, there is definite date of delivery, agreement explicitly requires actual delivery, as opposed to allowing delivery obligations to be rolled indefinitely into future and payment takes place only upon delivery, and contract's terms are individualized, as opposed to standardized. Commodity Exchange Act, SS 1a(11), 4(a), as amended, 7 U.S.C.A. SS 1a(11), 6(a). | What kind of conducts are Commodity Exchange Act aimed at? | Commodities - Memo 40 - C -JL_68610.docx | ROSS-003291878-ROSS-003291879 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Commodity Futures Trading Comm'n v. Carnegie Trading Grp., Ltd., 450 F. Supp. 2d 788 | 83H+17 | Commodities broker's employees, who made false and misleading sales solicitations by touting enormous profit potential with minimal or no risk and distributed false and misleading advertisements regarding a trading program, were liable under Commodity Exchange Act (CEA) and regulation for fraud in the sale of futures and options contracts based upon misrepresentations and omissions of material facts made in order to induce customers to invest funds or additional funds for the purpose of trading futures and options on futures pursuant to broker's trade recommendations; employees' misrepresentations were material to customers' decisions to invest with them, and employees made such representations of high probability of great profit and/or fast profits and minimal risk while knowing that the representations were false. Commodity Exchange Act, S 4b(a)(2)(i, iii), 7 U.S.C.A. S 6b(a)(2)(i, iii); 17 C.F.R. S 33.10. | Does Commodity Futures Trade Commission need to prove customer reliance on material misrepresentations under Commodity Exchange Act? | 013593.docx | LEGALEASE-00167025-LEGALEASE-00167026 |
| Taucher v. Born, 53 F. Supp. 2d 464 | 92+1605 | Commodity Exchange Act (CEA) requirement that commodity trading advisors register with Commodities Futures Trading Commission (CFTC), was regulation of speech rather than regulation of profession, when applied to publishers of general commodity trading information strategy and advice, and trading systems, who occasionally made general buy and sell recommendations not tailored to any specific individuals, and never had contact with individual investors. U.S.C.A. Const.Amend. 1; Commodity Exchange Act, S 4M, as amended, 7 U.S.C.A. S 6m(1). | Is Commodity Exchange Acts registration requirement a regulation of speech or a regulation of profession? | 013603.docx | LEGALEASE-00167047-LEGALEASE-00167048 |
| Sinclair & Co. v. Gurule, 114 Idaho 362 | 83H+51 | Commodity Futures Trading Commission is not authorized to entertain claims other than those alleging violations of Commodity Exchange Act or CFTC regulations; state courts still have subject-matter jurisdiction over traditional contract actions which are a garden variety matter of state common law. Commodity Exchange Act, S 2(a)(1)(A), as amended, 7 U.S.C.A. S 2. | Are state common law claims preempted by the Commodity Exchange Act? | 013605.docx | LEGALEASE-00167051-LEGALEASE-00167052 |
| United States v. Allen, 755 A.2d 402 | 135H+100.1 | Where there has been acquittal, double jeopardy clause bars retrial. U.S.C.A. Const.Amend. 5. | "Where there has been acquittal, does the double jeopardy clause bar retrial?" | 015772.docx | LEGALEASE-00166492-LEGALEASE-00166493 |
| In re JII Liquidating, 341 B.R. 256 | 349A+10 | Under Illinois law, characterization of agreement as security agreement or lease depends on circumstances of each case. S.H.A. 810 ILCS 5/1-201(37). | Does characterization of an agreement as a security agreement or lease depend on circumstances of each case? | 042867.docx | LEGALEASE-00167045-LEGALEASE-00167046 |
| Midtown Chiropractic v. Illinois Farmers Ins. Co., 847 N.E.2d 942 | 38+24(2) | An assignment of proceeds from a personal injury claim is not distinguished from the prohibited assignment of the personal injury claim itself. | Does the law prohibit assignment of personal injury claims? | 06089.docx | LEGALEASE-00077666-LEGALEASE-00077667 |
| Richard T. Blake & Assocs. v. Aetna Cas. & Sur. Co., 255 A.D.2d 569 | 38+90 | Assignee stands in the shoes of the assignor and takes the assignment subject to any pre-existing liabilities. | Does an assignee stand in a better position than that of the assignor? | 06096.docx | LEGALEASE-00077700-LEGALEASE-00077702 |
| Hahamovitch v. Hahamovitch, 133 So. 3d 1008 | 253+183 | Prenuptial agreements limiting alimony to a certain amount are subject to judicial modification. West's F.S.A. S 61.14. | Are antenuptial agreements subject to modification? | 06360.docx | LEGALEASE-00078422-LEGALEASE-00078423 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hossain v. Rauscher Pierce Refsnes, 46 F. Supp. 2d 1164 | 50+1 | Under Kansas law, "bailee" is person who receives possession or custody of property under circumstances constituting bailment; "bailor" is person from whom property is thus received. | Does the bailee have custody of property? | 07380.docx | LEGALEASE-00079053-LEGALEASE-00079054 |
| Hossain v. Rauscher Pierce Refsnes, 46 F. Supp. 2d 1164 | 50+1 | Under Kansas law, "bailee" is person who receives possession or custody of property under circumstances constituting bailment; "bailor" is person from whom property is thus received. | Does the bailee have custody of property? | 06667.docx | LEGALEASE-00079141-LEGALEASE-00079142 |
| Brady v. Brady, 161 N.C. 324 | 401+4 | Within the rule that a cause of action, when local, may be tried only in the state where the transaction relied on occurred, and, when transitory, may be tried elsewhere, actions are "transitory" when the transactions relied on might have taken place anywhere, and are "local" when they could not occur except in some particular place. | What is the distinction between local and transitory actions? | 13369.docx | LEGALEASE-00081428-LEGALEASE-00081430 |
| People v. Burke, 400 Ill. 24 | 207+10 | An indictment, reciting that defendant licentiously cohabited with, and had carnal knowledge of body of, his daughter, described act or crime of incest charged with sufficient clarity to enable defendant to prepare defense. S.H.A. ch. 38, S 374. | What is cohabitation under incest laws? | 01086.docx | LEGALEASE-00081772-LEGALEASE-00081773 |
| State v. Hutter, 145 Neb. 798 | 203+525 | At common law and under statute dividing crime of murder into murder of first and second degrees, "murder" is unlawful killing of person with malice aforethought, either express or implied. R.S.1943, SS 28-401, 28-402. | Are there different degrees of murder? | Homicide - Memo 69 - RK.docx | ROSS-003298514-ROSS-003298515 |
| People v. Burke, 400 Ill. 24 | 207+10 | An indictment, reciting that defendant licentiously cohabited with, and had carnal knowledge of body of, his daughter, described act or crime of incest charged with sufficient clarity to enable defendant to prepare defense. S.H.A. ch. 38, S 374. | What is cohabitation under incest laws? | 01112.docx | LEGALEASE-00084150-LEGALEASE-00084151 |
| In re Salcedo, 34 S.W.3d 862 | 30+1 | Right to appeal is purely statutory; where no statute grants such right, none exists. | "If there is no statutory right to appeal, can a right to appeal exist?" | 05109.docx | LEGALEASE-00084186-LEGALEASE-00084187 |
| Fanaro v. First Nat. Bank of Chicago, 160 Ill. App. 3d 1030 | 336H+125 | Dismissal for want of prosecution is not considered adjudication on merits; such dismissal does not prejudice party against whom dismissal was entered, nor does such dismissal receive res judicata effect, and vacatur of that dismissal does not constitute another action. S.H.A. ch. 110, P 13-217. | Will suits dismissed for want of prosecution decide any issues in controversy? | 09802.docx | LEGALEASE-00096160-LEGALEASE-00096161 |
| Westmoreland v. Sadoux, 299 F.3d 462 | 25T+179 | Nonsignatory cannot compel arbitration merely because he is an agent of one of the signatories of arbitration agreement. | Can a nonsignatory compel arbitrationbecause he is an agent of one of the signatories? | 09393.docx | LEGALEASE-00096343-LEGALEASE-00096344 |
| Young v. United States, 97 U.S. 39 | 384+1 | "Treason" is a breach of allegiance and can be committed by him only who owes allegiance either perpetual or temporary. | Is breach of allegiance committed only by a person who owes allegiance? | 10089.docx | LEGALEASE-00096464-LEGALEASE-00096466 |
| Alexandria Canal Co. v. Swann, 46 U.S. 83 | 46H+426 | In an action by a corporation, it is immaterial whether the power to submit a case for arbitration is lodged in the president and directors, or in the stockholders assembled in general meeting, for the entire corporation is represented in court by its counsel, whose acts in conducting the suit and in consenting to a reference are presumed to be authorized by the party. | Is trial by arbitrators a mode of prosecuting a suit to judgment? | 004147.docx | LEGALEASE-00116234-LEGALEASE-00116236 |
| Buckeye Cmty. Hope Found. v. Cuyahoga Falls, 82 Ohio St. 3d 539 | 268+108.7 | Actions taken by a municipal legislative body, whether by ordinance, resolution, or other means, that constitute administrative action are not constitutionally subject to referendum proceedings. Const. Art. 2, S 1f. | How is it determined whether an action of a legislative body is legislative or administrative? | 000378.docx | LEGALEASE-00117412-LEGALEASE-00117413 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nixon v. Com., 576 Pa. 385 | 92+4182 | Rational basis test applied in determining whether amendment to Older Adults Protective Services Act (Act 13), that prohibited employment in elder care facilities of those convicted of certain criminal offenses, violated employees' substantive due process rights; Act 13 infringed upon employees' right to continue their lawful health care occupations and right to engage in particular occupation is not fundamental right. Const. Art. 1, S 1; 35 P.S. SS 10225.503, 10225.508. | Is a right to engage in a particular occupation a fundamental right? | 000796.docx | LEGALEASE-00117762-LEGALEASE-00117763 |
| State v. AFSCME, Council 4, Local 387, AFL-CIO, 252 Conn. 467 | 231H+1609(1) | When a challenge to an arbitrator's authority is made on public policy grounds, the court is not concerned with the correctness of the arbitrator's decision but with the lawfulness of enforcing the award; accordingly, the public policy exception to arbitral authority should be narrowly construed and a court's refusal to enforce an arbitrator's interpretation of collective bargaining agreements is limited to situations where the contract as interpreted would violate some explicit public policy that is well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests. C.G.S.A. S 52-418(a)(4). | Can a trial court vacate the arbitration award on the grounds of public policy? | 000800.docx | LEGALEASE-00117768-LEGALEASE-00117769 |
| In re Fornaro, 402 B.R. 104 | 170B+2650 | Bankruptcy court's permissive abstention from hearing Chapter 7 debtor's malicious prosecution counterclaim against judgment creditor best served interests of parties and court and thus was warranted following judgment creditor's voluntary dismissal of nondischargeability adversary proceeding in which counterclaim was raised, given that counterclaim was not related to debtor's bankruptcy case, that litigating counterclaim would necessarily reduce court's already limited resources, and that counterclaim was not preempted by Bankruptcy Code and could be brought in more appropriate forum. 11 U.S.C.A. SS 305(a), 523(a); 28 U.S.C.A. S 1334(d). | Does state claims for malicious prosecution preempted by a proceeding in the bankruptcy court? | 000839.docx | LEGALEASE-00117816-LEGALEASE-00117818 |
| Associated Int'l Ins. Co. v. Scottsdale Ins. Co., 862 F.3d 508 | 366+1 | Texas courts recognize the subrogation doctrine to its fullest extent. | To what extent do courts recognize the subrogation doctrine? | 002611.docx | LEGALEASE-00120089-LEGALEASE-00120090 |
| In re Katrina Canal Breaches Consol. Litig., 629 F. Supp. 2d 601 | 13+61 | Cause of action for property damage arises under Louisiana law when damages are incurred; it is only once damages are incurred that cause of action is considered to have vested. | Does a cause of action for property damage arise when damages are incurred? | 005747.docx | LEGALEASE-00122902-LEGALEASE-00122903 |
| Holy Land Found. for Relief & Dev. v. Ashcroft, 219 F. Supp. 2d 57 | 148+2.2 | Blocking of Muslim charitable foundation's assets by Office of Foreign Asset Control (OFAC) under International Emergency Economic Powers Act (IEEPA) did not constitute taking of foundation's property without just compensation, as would violate foundation's Fifth Amendment rights, since blocking was temporary deprivation that did not vest assets in government. U.S.C.A. Const.Amend. 5.; International Emergency Economic Powers Act, S 202 et seq., 50 U.S.C.A. S 1701 et seq. | Does a temporary blocking of assets constitute taking? | 017475.docx | LEGALEASE-00122958-LEGALEASE-00122959 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Merwin v. Ziebarth, 252 N.W.2d 193 | 289+469 | Concept of "ostensible partnership" is essentially equivalent to the concept of "partnership by estoppel" defined in statute. NDCC 45-06-08. | Is ostensible partnership equivalent to the partnership by estoppel? | 021897.docx | LEGALEASE-00123075-LEGALEASE-00123076 |
| Hooters of Am. v. Phillips, 173 F.3d 933 | 25T+134(5) | Arbitral forum need not replicate the judicial forum for arbitration agreement to be enforceable. | Does an arbitral forum need to replicate a judicial forum to be enforceable? | 007183.docx | LEGALEASE-00125578-LEGALEASE-00125580 |
| CompuServe Inc. v. Cyber Promotions, 962 F. Supp. 1015 | 386+6 | Use of personal property exceeding consent is trespass. Restatement (Second) of Torts S 256. | an the use of personal property exceeding consent constitute a trespass? | 047238.docx | LEGALEASE-00125836-LEGALEASE-00125837 |
| F.C.C. v. Florida Power Corp., 480 U.S. 245 | 148+2.1 | Element of required acquiescence is at the heart of concept of occupation for purposes of per se taking analysis under the Fifth Amendment. U.S.C.A. Const.Amend. 5. | Is the element of required acquiescence at the heart of the concept of occupation? | 017705.docx | LEGALEASE-00127620-LEGALEASE-00127621 |
| Exch. Mut. Ins. Co. v. Haskell Co., 742 F.2d 274 | 25T+141 | Surety on performance bond was bound by arbitration clause where performance bond incorporated by reference the terms of subcontract, the subcontract incorporated by reference the general contract and the general contract imposed obligation to submit all unresolved disputes to arbitration, and same was true though it was surety, which did not sign general contract, that sought to avoid arbitration. | Can performance bonds incorporate a duty to arbitrateby referencing a subcontract? | 007284.docx | LEGALEASE-00128838-LEGALEASE-00128839 |
| Walthall v. U.S., 911 F.Supp. 1275 | 289+637 | Notice to one partner regarding matter of importance to partnership is notice to every partner. AS 32.05.070. | Does a notice to one partner serve as a notice to all the partners? | 021987.docx | LEGALEASE-00128911-LEGALEASE-00128912 |
| Noroton Properties v. Lawendy, 154 Conn. App. 367 | 8.30E+184 | A "promissory note" is nothing more than a written contract for the payment of money, and, as such, contract law applies. | Is a promissory note is a contract? | 009281.docx | LEGALEASE-00128984-LEGALEASE-00128985 |
| Vincent v. Vincent, 06-419 (La. App. 5 Cir. 10/31/06), 945 So. 2d 114 | 30+4 | An appeal is not the appropriate remedy to attempt to annul a consent judgment. | Is an appeal the appropriate remedy to obtain relief from a consent judgment? | Appeal and error - Memo 34 - RK.docx | ROSS-003285623-ROSS-003285624 |
| Clark v. Elza, 286 Md. 208 | 30+21 | Consent of the litigants cannot vest jurisdiction in an appellate court. | Can the consent of the litigants vest jurisdiction in an appellate court? | Appeal and error - Memo 72 - RK.docx | ROSS-003326104-ROSS-003326105 |
| Jensen v. Henneford, 185 Wash. 209 | 361+1009 | Legislative body cannot change real nature and purpose of act by giving it a different title or by declaring its nature and purpose to be otherwise. | Is the character of a tax determined by its incidents? | 044790.docx | LEGALEASE-00131497-LEGALEASE-00131498 |
| Forsberg v. City of Chicago, 151 Ill. App. 3d 354 | 371+2001 | A tax is not an assessment of benefits, but instead is a means of distributing the burden of the cost of government. | Is tax an assessment of benefits? | 044998.docx | LEGALEASE-00132204-LEGALEASE-00132205 |
| City of Marion v. Weitenhagen, 361 N.W.2d 323 | 307A+749.1 | A pretrial order controls subsequent court action. Rules Civ.Proc., Rule 138. | Does a pretrial order control a subsequent court action? | Pretrial Procedure - Memo # 2404 - C - ES.docx | ROSS-003328708-ROSS-003328709 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Robertson v. State, 392 S.W.3d 1 | 257A+454 | Offender's prior conviction for deviate sexual assault in the first degree was not conviction of "sexually violent offense" for purposes of state's motion for his involuntary commitment as a sexually violent predator (SVP), as involuntary commitment statute referred only to "deviate sexual assault" without reference to degree, although other sexual offenses were referred to by degree where applicable, multiple degrees of same offense were separately listed rather than being referred to by their common offense designator, and other offenses which not longer existed on effective date of involuntary commitment statute were separately listed. V.A.M.S. S 632.480(4). | When does a person commit the crime of deviate sexual assault in the first degree? | 043067.docx | LEGALEASE-00133944-LEGALEASE-00133945 |
| Gray v. Am. Exp. Co., 34 N.C. App. 714 | 8.30E+60 | Under the Uniform Commercial Code, a negotiable instrument is not incomplete and unenforceable because it is not dated. G.S. S 25-3-115. | Which law governs the negotiable instrument if it is undated? | 010232.docx | LEGALEASE-00134709-LEGALEASE-00134710 |
| United States v. Agostino, 132 F.3d 1183 | 63+14 | Instruction was sufficient to inform jury correctly of applicable law when it indicated that, to satisfy receipt of federal funds element for conviction for bribery concerning programs receiving federal funds, each division or subpart of state agency need not receive federal funds or benefits, as long as agency itself received requisite funds, given that instruction was accurate statement of law if agent to be influenced by bribe was agent of state agency itself, and not just agent of division or subpart, and uncontroverted evidence established that agent involved in defendant's case satisfied this requirement. 18 U.S.C.A. S 666(a)(2). | What constitutes misleading the jury in a bribery trial? | 011300.docx | LEGALEASE-00136726-LEGALEASE-00136728 |
| Alan, Sean & Koule v. SV/CORSTA V, 286 F. Supp. 2d 1367 | 308+151(1) | Under the federal common law of agency, one event that conveys notice of a termination of apparent authority to a third party is the termination of the agent's employment. | Does apparent authority terminate when a third party has notice of termination? | Principal and Agent - Memo 122 - GP.docx | ROSS-003317896-ROSS-003317897 |
| United States v. Fernandez, 722 F.3d 1 | 63+1(1) | The business or transaction requirement of the federal bribery statute does not limit the statute's reach to purely commercial conduct, and, thus, the passing of legislation can be considered "business" or a "transaction" under the statute. 18 U.S.C.A. S 666(a)(1)(B). | Does the business or transaction requirement of the federal bribery statute limit the statutes reach to purely commercial conduct? | 011887.docx | LEGALEASE-00139323-LEGALEASE-00139324 |
| Beverage v. Pullman & Comley, 232 Ariz. 414 | 30+3904 | When the superior court dismisses for lack of personal jurisdiction without conducting an evidentiary hearing, the appellate court views the facts in the light most favorable to the plaintiffs but accepts as true the uncontradicted facts put forward by the defendants. | "To survive a motion to dismiss for lack of personal jurisdiction over a nonresident defendant, does the burden shift to the defendant to rebut the showing?" | 033667.docx | LEGALEASE-00144155-LEGALEASE-00144156 |
| Westmoreland v. Sadoux, 299 F.3d 462 | 25T+179 | Nonsignatory cannot compel arbitration merely because he is an agent of one of the signatories of arbitration agreement. | Can a nonsignatory compel arbitration because he is an agent of one of the signatories? | 007818.docx | LEGALEASE-00146833-LEGALEASE-00146834 |
| Baker & Taylor v. AlphaCraze.Com Corp., 602 F.3d 486 | 25T+113 | Federal Arbitration Act's proarbitration policy does not operate without regard to wishes of contracting parties. 9 U.S.C.A. S 1 et seq. | Is there anything irrevocable about an agreement to arbitrate? | 007898.docx | LEGALEASE-00148965-LEGALEASE-00148967 |
| State v. Williams, 124 Wash. 160 | 3.77E+11 | "Terrorizing" is defined as putting victim in some high degree of fear, a state of intense fright or apprehension. | How is terrorizing defined? | 046730.docx | LEGALEASE-00149117-LEGALEASE-00149118 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fewox v. Tallahassee Bank & Tr. Co., 249 So. 2d 55 | 83E+451 | Uniform Commercial Code controlled rights and obligations between maker of note and holder, bank, but law of guaranty controlled rights and obligations as between guarantors and the bank. F.S.A. S 673.119(1). | Which law controls the rights and obligations between the guarantors? | 009807.docx | LEGALEASE-00149356-LEGALEASE-00149357 |
| Jay v. Dollarhide, 3 Cal. App. 3d 1001 | 308+46 | Generally, power of attorney is terminated by the death of either the one granting the power or the one receiving. | Can death of either principal or agent terminate the relationship? | 041303.docx | LEGALEASE-00153145-LEGALEASE-00153146 |
| State ex rel. City of Seattle v. Dep't of Pub. Utilities of Wash., 33 Wash. 2d 896 | 371+2001 | A "tax" is an enforced contribution of money assessed or charged by authority of sovereign government for the benefit of the state or the legal taxing authorities and it is not a debt or contract in the ordinary sense but it is an exaction in the strictest sense of the word. | "In the strictest sense of the word, is tax an exaction?" | 046041.docx | LEGALEASE-00153378-LEGALEASE-00153379 |
| Grannis v. Stevens, 216 N.Y. 583 | 8.30E+104 | Act and intention are the essential constituents of a delivery which makes an instrument operative according to its terms. The final question is, Did the obligor do such act in reference to it as evidences an intention to give it, in the possession or control of the obligee, effect and operation according to its terms? | What is the essential ingredient of a delivery? | 009764.docx | LEGALEASE-00154641-LEGALEASE-00154642 |
| Corporacion Venezolana de Fomento v. Vintero Sales Corp., 452 F. Supp. 1108 | 83E+408 | Under New York law, constructive delivery of promissory note may be accomplished through agent. Uniform Commercial Code N.Y. S 1-201(14). | Can constructive delivery be accomplished through an agent? | 009770.docx | LEGALEASE-00154725-LEGALEASE-00154726 |
| Reed v. Chase Home Fin., 723 F.3d 1301 | 172H+1382 | Term "administrative convenience," as used in the section of the Truth in Lending Act (TILA) exempting from the Act's disclosure requirement assignments made solely for the administrative convenience of the servicer in servicing the obligation, means that which allows performance of a managerial action or requirement. Truth in Lending Act, S 131(f, g), 15 U.S.C.A. S 1641(f, g). | What is the ordinary meaning of the term administrative convenience? | Consumer Credit - Memo 44 - JK_61320.docx | ROSS-003308809-ROSS-003308810 |
| Kosmowski v. Atl. City Med. Ctr., 175 N.J. 568 | 307A+690 | The ultimate sanction of dismissal with prejudice should be imposed only sparingly. | Should the ultimate sanction of dismissal with prejudice be imposed only sparingly? | 025074.docx | LEGALEASE-00156799-LEGALEASE-00156800 |
| Dwight v. Newell, 15 Ill. 333 | 162+124 | One of several executors or administrators may assign a note made payable to the testator. | Cana promissory note be assigned by the executor or administrator? | 010072.docx | LEGALEASE-00157181-LEGALEASE-00157182 |
| Pollock v. Jones, 124 F. 163 | 289+655 | Under the law of South Carolina, a partner cannot bind his firm by a sealed obligation or conveyance without the authority of ratification of his copartner. | Does a seal noted given by a member of a firm creates obligation against the firm? | 022732.docx | LEGALEASE-00158478-LEGALEASE-00158479 |
| State v. Steger, 94 W. Va. 576 | 129+109 | The use of profane and insulting language by a landowner to a person who is apparently about to trespass on his farm, unaccompanied by threats and causing no fear of personal violence, is not a breach of the peace at common law, and an indictment therefor which does not aver an actual breach of the public peace by the use of the words, is demurrable. | Whether the use of abusive language in a public place amounts to breach of the peace? | 014349.docx | LEGALEASE-00159404-LEGALEASE-00159405 |
| Word of Life Christian Ctr. v. West, 936 So. 2d 1226 | 371+3641 | Use tax applies when the transaction is consummated outside the taxing jurisdiction, and the goods are subsequently imported and used in the taxing jurisdiction. | Are sales and use taxes consumption taxes? | 046201.docx | LEGALEASE-00159774-LEGALEASE-00159775 |
| Weber-Stephen Prod. v. Dep't of Revenue, 324 Ill. App. 3d 893 | 371+3602 | The state "sales tax" consists of two separate, complementary taxes: the retailers' occupation tax (ROTA) and the use tax. | "What are the two separate, complementary taxes the state ""sales tax"" consists of?" | 046255.docx | LEGALEASE-00159877-LEGALEASE-00159878 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Concierge Nursing Centers v. Antex Roofing, 433 S.W.3d 37 | 217+1000 | In an insurance arrangement, the insurer assumes the risk that a loss may occur in exchange for a premium payment; in this way, insurance companies are in the business of spreading losses across the premiums they receive. | "MEMORANDUM # 541. QuestionIn an insurance contract, what is the risk undertaken by the insurer?" | 019574.docx | LEGALEASE-00159895-LEGALEASE-00159896 |
| In re Marriage of Busch, 310 S.W.3d 253 | 307A+695 | If a court sustains a motion to dismiss, it shall freely grant leave to amend, but a motion for judgment on the pleadings contemplates a final judgment on the merits. | Does a motion for judgment on the pleadings contemplate a final judgment on the merits? | Pretrial Procedure - Memo 11561 - C - BP_65812.docx | ROSS-003297049-ROSS-003297050 |
| State of New Mexico Uninsured Employers' Fund v. Gallegos, 395 P.3d 533 | 307A+697 | A party may move by right to reinstate within 30 days of dismissal, but whether the motion will be granted depends on the existence of the moving party's good cause justification for failing to prosecute its cause of action during the 180 days preceding dismissal. NMRA 1-041(E)(2), 1-060(B)(6). | Can a party move by right to reinstate within 30 days of dismissal? | 040689.docx | LEGALEASE-00163087-LEGALEASE-00163088 |
| United States v. Marrero, 743 F.3d 389 | 203+548 | In Pennsylvania, third-degree murder is an unlawful killing with malice but without specific intent to kill; malice, in turn, involves hardness of heart, cruelty, and recklessness of consequences, and exists where the defendant consciously disregarded an unjustifiable and extremely high risk that his actions might cause serious bodily injury. 18 Pa.C.S.A. S 2501(a). | Does malice involve recklessness of consequences? | 019412.docx | LEGALEASE-00164040-LEGALEASE-00164041 |
| Zimmerman v. Zimmerman, 175 Or. 585 | 135+2 | At common law, "residence" indicates merely a factual place of abode and is not synonymous with "domicile". | "Are the words ""inhabitant"" and ""resident"" not synonymous?" | 014588.docx | LEGALEASE-00164238-LEGALEASE-00164239 |
| City of Bismarck v. Toltz, King, Duvall, Anderson & Assocs., 767 F.2d 429 | 336H+383 | Doctrine of collateral estoppel precluded relitigation of proper interpretation of arbitration clause of construction contract, where same legal issue had been presented in prior declaratory action where parties had had full and fair opportunity to litigate issue, and federal substantive law concerning interpretation of arbitration agreements within coverage of Arbitration Act had not materially altered since district court's prior order. 9 U.S.C.A. S 3. | Does the district court have the inherent power to grant the stay in an arbitration proceeding? | 008119.docx | LEGALEASE-00165045-LEGALEASE-00165047 |
| Arnold v. AT & T, 874 F. Supp. 2d 825 | 170B+2478 | Contents and contexts of information in companies' affidavits supporting their motion to dismiss diversity action against them for lack of personal jurisdiction were based on affiants' personal knowledge and would be considered by district court, although affiants obtained the information in interviews with other persons, where affiants either personally obtained or observed the information in their positions as employees of the companies. Fed.Rules Civ.Proc.Rule 56(c)(4), 28 U.S.C.A. | Can courts infer personal knowledge from an affidavit? | Affidavits - Memo 44 - _1TdhC0T45ZpyhzX6Of mfJU6JXEm6WdKw.docx | ROSS-000000185-ROSS-000000186 |
| Jung v. St. Paul's Par., 522 Pa. 167 | 307A+697 | Judgment of non pros should have been opened in personal injury action even though no complaint was filed within 20 days of form praecipe for rule to file complaint where parties were engaged in settlement negotiations and rule was mailed mixed in with two sets of discovery requests and thus facilitated error in failing to timely file the complaint. Rules Civ.Proc., Rule 440, 42 Pa.C.S.A. | "Is a request to open a judgment of non pros like the opening of a default judgment, in the nature of an appeal to the equitable powers of the court?" | Pretrial Procedure - Memo 11899 - C - SHB_66689.docx | ROSS-003278291-ROSS-003278292 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Prahl v. Brosamle, 142 Wis. 2d 658 | 30+4823 | Plaintiff's action could be dismissed for lack of prosecution where it was undisputed on the evidentiary record that, following reversal of summary judgment for defendant on appeal and remand for trial, plaintiff made no effort to move the case to trial for more than three years and his only explanation for his failure to take any action in the case or to even inquire about its status was that he was relying on the court to move the case to trial, particularly as the case had already been pending for nearly a decade when it was returned to the trial court. W.S.A. 805.03. | Is a dismissal remedy for failure to prosecute designed to punish the suitor who sleeps away his or her day in court? | Pretrial Procedure - Memo # 9734 - C - NE_61613.docx | ROSS-003279082-ROSS-003279083 |
| Am. Bridge Co. v. State, 245 A.D. 535 | 156+52.10(2) | Intentional relinquishment of a known right is of the essence of "waiver." | Is the essence of waiver the intentional relinquishment of a known right? | Estoppel - Memo 262 - C - CSS_65741.docx | ROSS-003280416-ROSS-003280417 |
| Sheridan v. Trustees of Columbia Univ. In City of New York, 296 A.D.2d 314 | 141E+1206 | University could not be said to defraud degree holder into paying outstanding tuition by telling him that it would release his transcript if he obtained a bank loan and used it to reduce his obligation to the university, since holder was already legally bound to pay tuition. | Does a university has a legal obligation to provide a diploma or transcript to a graduating student with outstanding financial obligations? | Education - Memo # 246 - C - KS_61020.docx | ROSS-003280602-ROSS-003280603 |
| Jenkins v. State, 101 So. 3d 161 | 352H+259 | Testimony by alleged victim, that defendant put his hand inside her panties, on "the top part," but that his hand never went "inside," was not sufficient to establish penetration of genital opening, as essential element of sexual battery. West's A.M.C. SS 97-3-95, 97-3-97(a). | Is penetration an essential element of sexual battery? | Sex Offence - Memo 4 - RK_57680.docx | ROSS-003281356-ROSS-003281357 |
| Palmer v. Poor, 121 Ind. 135 | 83E+408 | Where an old, infirm and ignorant person was induced by means of a fraudulent conspiracy, and threatened violence, to sign a promissory note, which, immediately after being signed, was snatched up and carried away against his will, there was no delivery of the note. Delivery is a part of the execution of a promissory note, and until delivered it is destitute of force. | Is delivery a part of the execution of a note? | Bills and Notes - Memo 1017 - RK_61291.docx | ROSS-003281602-ROSS-003281603 |
| State v. Young, 136 Idaho 113 | 110+632(4) | An order granting a motion in limine is not a final order; the trial court can reconsider the issue at any time. | Is a granted motion in limine a final order? | Pretrial Procedure - Memo 562 - RK.docx | ROSS-003283546-ROSS-003283547 |
| Chamber of Commerce of U.S. v. N.L.R.B., 879 F. Supp. 2d 18 | 15A+1062 | Abstaining voter is counted in determining presence of a quorum. | Is an abstaining voter counted when determining the presence of a quorum? | Administrative Law - Memo 187 - RK.docx | ROSS-003283675-ROSS-003283677 |
| Psensky v. Am. Honda Fin. Corp., 378 N.J. Super. 221 | 172H+15(2) | Truth in Lending Act (TILA) limitation on liability of assignee of consumer car loan preempted buyer's claim under state Retail Installment Sales Act and Federal Trade Commission (FTC) holder rule that finance company was liable for dealership's failure to itemize certain registration expenses on disclosure form, even though buyer did not assert any TILA claim, given that state law claim interfered with TILA's purpose to limit liability to disclosures that were apparent on the face of the disclosure form, and FTC holder rule, as agency regulation, could not trump TILA, as law passed by Congress; overruling Scott v. Mayflower Home Improvement Corp., 363 N.J.Super. 145, 831 A.2d 564. Truth in Lending Act, S 131(a), as amended, 15 U.S.C.A. S 1641(a); 16 C.F.R. S 433.2(a); N.J.S.A. 17:16C-38.2. | Can an assignee be held liable for violations that are not apparent on the face of the disclosure statement? | Consumer Credit - Memo 19 - RK.docx | ROSS-003283996-ROSS-003283997 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Katrina Canal Breaches Consol. Litig., 629 F. Supp. 2d 601 | 13+61 | Cause of action for property damage arises under Louisiana law when damages are incurred; it is only once damages are incurred that cause of action is considered to have vested. | Does a cause of action for property damage arise when damages are incurred? | Action - Memo # 28 - C - LK.docx | ROSS-003284319-ROSS-003284320 |
| Kaluom v. Stolt Offshore, 504 F.3d 511 | 348+18 | Requirement that, in order for seamen on American vessels to recover penalty wages based on master's failure to make wage payments as required in the Seamen's Wage Act, vessel must be on foreign or intercoastal voyage, or on voyage between port in one state in the United States and port in another nonadjoining state, was also applicable to seamen on foreign vessels, following amendment of the Seamen's Wage Act to make penalty wage provisions applicable to seamen on foreign vessels "when in a harbor of the United States"; amendments expanding scope of penalty provisions to make them applicable to seamen on foreign vessels could not be read in isolation from voyage requirements, so as to accord seamen on foreign vessels better treatment than seamen on American vessels, contrary to Congress' intent in enacting amendments to equalize rights of foreign and United States seamen. 46 U.S.C.A. SS 10301(a), 10313(g, i), 10501(a), 10504(c, e). | What is the penalty for withholding a seamans wages without sufficient cause? | Admiralty Law - Memo 37 - JS.docx | ROSS-003284533-ROSS-003284534 |
| Syscomm Int'l Corp. v. Synoptics Commc'ns, 856 F. Supp. 135 | 25T+119 | Antitrust claims arising from domestic transactions are arbitrable. | Are antitrust claims arising from domestic transactions arbitrable? | Alternative Dispute Resolution - Memo 350 - RK.docx | ROSS-003284646-ROSS-003284647 |
| Powderly v. MetraByte Corp., 866 F. Supp. 39 | 25T+133(1) | Under Federal Arbitration Act, use of term "arbitrate" is not vital ingredient of agreement to do so. 9 U.S.C.A. S 2. | Is the use of the term arbitrate a vital ingredient of an arbitration agreement? | Alternative Dispute Resolution - Memo 424 - RK.docx | ROSS-003284662-ROSS-003284664 |
| Allstate Ins. Co. v. Palumbo, 109 Conn. App. 731 | 366+1 | Equitable subrogation derives from the equitable principle against unjust enrichment. | Does equitable subrogation derive from the equitable principle against unjust enrichment? | Subrogation - Memo 388 - RM C.docx | ROSS-003284814-ROSS-003284816 |
| Houston Cty. v. Harrell, 287 Ga. 162 | 30+14(0.5) | A party is not entitled to a second appeal from a single order. | Is a party entitled to a second appeal froma single order? | Appeal and error - Memo 56 - RK.docx | ROSS-003285637-ROSS-003285638 |
| Truly Nolen of Am. v. Superior Court, 208 Cal. App. 4th 487 | 106+91(1) | Court of Appeal was bound as a matter of stare decisis to follow California Supreme Court decision holding in Gentry v. Superior Court, that class arbitration waivers in employment agreements could not be enforced if class arbitration would be a significantly more effective means of vindicating rights, notwithstanding United States Supreme Court's holding in AT & T Mobility LLC v. Concepcion, which overruled an earlier California Supreme Court decision that held that class arbitration waivers in arbitration provisions of consumer contracts were unconscionable; although the United States Supreme Court's overruling of earlier decision under the Federal Arbitration Act (FAA) implicitly disapproved the reasoning of the later decision, the United States Supreme Court did not directly address the precise issue presented in the later case, whose conclusion was based on different theoretical grounds. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act (FAA) require courts to honor parties expectation? | Alternative Dispute Resolution - Memo 265 - RK.docx | ROSS-003286210-ROSS-003286212 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Potter, 402 F. Supp. 1161 | 34+20.8(1) | Rule that administrative agency must follow its own regulations is especially important in selective service cases where area of discretion of local boards is broad and scope of review correspondingly narrow. | Should an administrative agency follow its own regulations in selective service cases? | Armed Services - Memo 262 - RK.docx | ROSS-003287120 |
| Taylor v. Dixie Plywood Co. of Miami, 297 So. 2d 553 | 413+1 | Technical excuses for denying workmen's compensation are not favored. | Are technical excuses for denying workmen's compensation favored by law? | Workers Compensation - Memo #156 ANC.docx | ROSS-003287866-ROSS-003287867 |
| O'Donnell v. Reivitz, 144 Wis. 2d 717 | 371+2001 | "Tax" is an exaction, usually of money, by government to support government. W.S.A. Const. Art. 8, S 1. | "Is tax an exaction, usually of money, by government to support government? " | Taxation - Memo # 269 - C - SU.docx | ROSS-003288281-ROSS-003288282 |
| Williams v. E. Coal Corp., 952 S.W.2d 696 | 413+2084 | Workers' compensation is creature of statute, and remedies and procedures described therein are exclusive. KRS 342.011 et seq. | What is workers' compensation a creature of? | Workers Compensation - Memo #434 ANC.docx | ROSS-003289917-ROSS-003289918 |
| Bologna Bros. v. Morrissey, 154 So. 2d 455 | 8.30E+12 | Obligation of endorser or accommodation party is governed by lex loci contractus. | Is the obligation of an accommodation party governed by lex loci contractus? | Bills and Notes - Memo 925 - RK_59557.docx | ROSS-003292699-ROSS-003292700 |
| Nabelek v. Dist. Attorney of Harris Cty., 290 S.W.3d 222 | 307A+690 | A dismissal with prejudice is improper if the plaintiff's failure can be remedied. | Is a dismissal with prejudice improper if the plaintiff's failure can be remedied? | Pretrial Procedure - Memo # 10365 - C - SJ_62090.docx | ROSS-003293668-ROSS-003293669 |
| Pittsburgh Steel Co. v. Hollingshead & Blei, 202 Ill. App. 177 | 83E+607 | Presentment for payment was necessary in order to hold defendant as an indorser of draft. S.H.A. ch. 98, S 91. | Is presentment of bill of exchange for payment necessary to hold a person as an indorser? | bills and notes-Memo 65-IS_64602.docx | ROSS-003294292-ROSS-003294293 |
| Ferguson v. Corinthian Colleges, 733 F.3d 928 | 360+18.15 | Under the Federal Arbitration Act (FAA), court may not apply any other state law that prohibits outright the arbitration of a particular type of claim. 9 U.S.C.A. S 1 et seq. | Are courts prohibited from applying any state statute that invalidates an arbitration agreement? | Alternative Dispute Resolution - Memo 332 - RK.docx | ROSS-003295507-ROSS-003295508 |
| Dodge Data & Analytics LLC v. iSqFt, 183 F. Supp. 3d 855 | 386+6 | Under Ohio law, a trespass to chattel occurs when one intentionally disposes another of their personal property. | When does a trespass to chattel occur? | Trespass - Memo 115 - RK.docx | ROSS-003297627-ROSS-003297628 |
| Stserba v. Holder, 646 F.3d 964 | 221+154 | It is within each state's domestic jurisdiction to decide who are its nationals. | Is it within each states domestic jurisdiction to decide who its nationals are? | International Law - Memo # 6 - C - LK.docx | ROSS-003297633-ROSS-003297634 |
| Alfred Chiulli & Sons v. Hanover Ins. Co., 51 Conn. Supp. 383 | 366+27 | "Equitable subrogation" is a cause of action sounding in equity, and is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect. | Is equitable subrogation a cause of action sounding in equity? | Subrogation - Memo 337 RM C.docx | ROSS-003298176-ROSS-003298177 |
| Development Specialists v. Akin Gump Strauss Hauer & Feld LLP, 480 B.R. 145 | 289+926 | Under New York law, a partnership can dissolve for several different reasons, including an agreement by the partners to dissolve, the death of a partner, or the decision of a partner to withdraw. N.Y.McKinney's Partnership Law S 62. | What can cause the dissolution of a partnership? | Partnership - Memo 82 - RK.docx | ROSS-003298691-ROSS-003298692 |
| Abdulaziz v. Metro. Dade Cty., 741 F.2d 1328 | 221+181 | Diplomatic immunity can be waived by continuing to assert a claim while at same time seeking immunity from a counterclaim. | Can diplomatic immunity be waived? | Ambassadors and Consuls - Memo 6 - SH.docx | ROSS-003301205-ROSS-003301207 |
| Ivax Corp. v. B. Braun of Am., 286 F.3d 1309 | 25T+182(1) | Participating in litigation is not the only way to waive the right to arbitration. | Is participating in litigation the only way to waive the right to arbitration? | Alternative Dispute Resolution - Memo 699 - RK.docx | ROSS-003302129-ROSS-003302130 |
| Lynn v. United States, 58 Fed. Cl. 797 | 34+5(3) | An otherwise voluntary resignation from the military is rendered involuntary if it results from misrepresentation or deception on the part of government officers. | Is a resignation or retirement of a military official voluntary if it results from misrepresentation or deception on the part of government officers? | Armed Services - Memo 144 - JS.docx | ROSS-003303765-ROSS-003303766 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Critcher v. Ballard, 180 N.C. 111 | 83E+525 | Under Negotiable Instruments Act, SS 2178, 2198, 2206, 2212, an indorsement written on a note payable to order, but not signed by the payee, or by any one in his behalf, does not make the transferee of the note a holder in due course, but gives him only an equitable title thereto. | Does a transferee without indorsement acquire only equitable title? | Bills and Notes - Memo 1249 - RK_62539.docx | ROSS-003305928 |
| Oliver v. Coffman, 112 Ind. App. 507 | 302+11 | Ultimate issuable facts, instead of evidentiary facts and conclusions of law, should be pleaded. | Should the ultimate issuable facts be pleaded? | Pleading - Memo 115 - RMM.docx | ROSS-003309637-ROSS-003309638 |
| Scottsdale Ins. Co. v. Addison Ins. Co., 448 S.W.3d 818 | 366+1 | As with all forms of subrogation, equitable subrogation is intended to prevent unjust enrichment. | Is subrogation intended to prevent unjust enrichment? | Subrogation - Memo 130 - VP C.docx | ROSS-003311048-ROSS-003311049 |
| Hooters of Am. v. Phillips, 173 F.3d 933 | 25T+119 | Questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration. | How do courts address questions of arbitrability? | Alternative Dispute Resolution - Memo 349 - RK.docx | ROSS-003311177-ROSS-003311178 |
| Bel Air & Briney v. City of Kent, 190 Wash. App. 166 | 366+1 | Subrogation is an equitable remedy, and is founded in the facts and circumstances of each particular case. | Does the application of equitable subrogation depend on the facts and circumstances of each case? | Subrogation - Memo 396 - RM C.docx | ROSS-003312273-ROSS-003312274 |
| Massaline v. Carter, 528 So. 2d 561 | 30+103 | Order of abatement and stay, which was filed in circuit court, was not appealable; moreover, District Court of Appeal had no jurisdiction to review matter as a petition for writ of certiorari because such a petition must be filed with the District Court, and not the circuit court as in plenary appeals, within 30 days of rendition of order to be reviewed. West's F.S.A. R.App.P.Rules 9.020(g), 9.040(c), 9.100(b, c). | Can a petition for a writ of certiorari be treated as a notice of appeal? | Appeal and error - Memo 57 - RK.docx | ROSS-003313990-ROSS-003313992 |
| Ferreira v. Mortg. Elec. Registration Sys., 794 F. Supp. 2d 297 | 172H+91 | Under the Massachusetts Consumer Credit Cost Disclosure Act (CCCDA), an individual who is not named on the note executed by his or her spouse is not an "obligor" and does not have a right to rescind. M.G.L.A. c. 140D, S 10(a). | "Does an individual who is not an ""obligor"" have a right to rescind?" | Consumer Credit -Memo 101 -SB_60169.docx | ROSS-003321671-ROSS-003321672 |
| Rudisell v. Fifth Third Bank, 622 F.2d 243 | 172H+1556 | If disclosures required by Truth in Lending Act are not made, debtor has continuing right to rescind. Truth in Lending Act, S 125 as amended 15 U.S.C.A. S 1635. | Does the debtor have a continuing right to rescind if disclosures required by TILA are not made? | Consumer Credit - Memo 200 - RK_61862.docx | ROSS-003323605-ROSS-003323606 |
| Bainbridge v. Travelers Cas. Co. of Connecticut, 159 P.3d 748 | 366+27 | Subrogation can occur by contract or through application of the principles of equity. | Can subrogation occur by contract or through application of the principles of equity? | Subrogation - Memo # 491 - C - SA.docx | ROSS-003324735-ROSS-003324736 |
| Horvath v. Bank of New York, N.A., 641 | 83E+426 | Under Virginia law, negotiable instruments like mortgage notes that are endorsed in blank may be freely transferred; whoever possesses an instrument endorsed in blank has full power to enforce it. West's V.C.A. SS 8.3A-104, 8.3A-201(b), 8.3A-203(b), 8.3A-205(b). | Who can enforce an instrument endorsed in blank? | Bills and Notes- Memo 349-PR_60212.docx | ROSS-003325142 |
| In re Hamada, 291 F.3d 645 | 366+1 | There are various types of subrogation, that are most commonly categorized as conventional (or contractual) subrogation, legal (or equitable) subrogation, and statutory subrogation. | What are the types of subrogation? | Subrogation - Memo 391 - VP C.docx | ROSS-003325163-ROSS-003325164 |
| Enter. Leasing Co. of St. Louis v. Hardin, 2011 IL App (5th) 100201 | 366+1 | Contribution, subrogation, and indemnification are distinct causes of action. | "Are contribution, subrogation and indemnification, distinct causes of action?" | Subrogation - Memo 230 - VG C.docx | ROSS-003325175-ROSS-003325176 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Macchiavelli v. Shearson, Hammill & Co., 384 F. Supp. 21 | 25T+119 | Breaches of contract are the archetypal kinds of disputes referable to arbitration. 9 U.S.C.A. S 1 et seq. | Can breach of contract disputes be referred to arbitration? | Alternative Dispute Resolution - Memo 356 - RK.docx | ROSS-003325353-ROSS-003325354 |
| Bizmark v. Air Prod., 427 F. Supp. 2d 680 | 8.30E+10 | Under Virginia choice of law rules, place of payment of note is determinative of place of performance of contract. | Is the place of payment of a note determinative of the place of performance of the contract? | Bills and Notes - Memo 1326 - RK_66229.docx | ROSS-003325704-ROSS-003325705 |
| Scottsdale Ins. Co. v. Addison Ins. Co., 448 S.W.3d 818 | 366+1 | Subrogation is classified as either equitable, the right to which is imposed by law, or conventional, the right to which arises from a contract. | What are the types of subrogation rights? | Subrogation - Memo 160 - ANG C.docx | ROSS-003325796-ROSS-003325799 |
| Crawford v. Crawford, 39 Ill. App. 3d 457 | 253+1234 | Order of support will not be modified in the absence of a change in circumstances. 23 Pa.C.S.A. S 4352(a). | Can a support order be modified in the absence of a change in circumstance? | Marriage and Cohabitation - Memo 55 - RK.docx | ROSS-003327633-ROSS-003327634 |
| People v. Morales, 55 Misc. 3d 59 | 399+1 | Statute prohibiting person from loitering or remaining in transportation facility, unless specifically authorized, for purpose of soliciting or engaging in any business, trade, or commercial transactions involving sale of merchandise or services, or for entertaining by singing, dancing, or playing any musical instrument, was not unconstitutionally vague; statute was sufficiently definite to give person of ordinary intelligence fair notice that his contemplated conduct was forbidden, statute provided explicit standards so as to avoid resolution on ad hoc subjective basis, with attendant dangers of arbitrary and discriminatory application, and statute was not inherently contradictory by proscribing loitering with specific purpose, which was hallmark of constitutionality, not infirmity. McKinney's Penal Law S 240.35(6). | Is the loitering statute constitutionally vague? | Vagrancy - Memo 6 - JS.docx | ROSS-003328295-ROSS-003328296 |
| Davidson v. Bugbee, 227 Mich. App. 264 | 13+61 | Cause of action accrues when all the elements of claim have occurred and can be alleged in proper complaint. | When does a cause of action accrue? | Action - Memo # 340.docx | ROSS-003329665-ROSS-003329666 |
| Skopp v. Weaver, 16 Cal. 3d 432 | 302+34(1) | Allegations of a complaint must be construed liberally in favor of the pleader. | Are allegations of a complaint construed liberally in favor of the pleader? | Pleading - Memo 399 - RMM.docx | ROSS-003329734-ROSS-003329735 |
| In re Texas Ass'n of Sch. Boards, 169 S.W.3d 653 | 217+2062 | There is no premium due until risk attaches, and once risk has attached premiums have been earned and are non-returnable, absent a statutory or contract provision to the contrary. | What is considered as the foundation of insurance? | 000199.docx | LEGALEASE-00115438-LEGALEASE-00115439 |
| Esparza v. Scott & White Health Plan, 909 S.W.2d 548 | 217+1001 | Principal purpose of insurance contract is to protect insured from loss, thereby placing risk of loss on insurer. | What is the purpose of insurance? | Insurance - Memo 4 - VP.docx | ROSS-003295633-ROSS-003295635 |
| Burns v. California Fair Plan, 152 Cal. App. 4th 646 | 217+1000 | The very meaning of the term indemnity excludes all idea of profit to the insured. | Does indemnity exclude profit to the insured? | Insurance - Memo 6 - VP.docx | ROSS-003288659-ROSS-003288661 |
| ConticommodityServs. Inc. v. Philipp & Lion, 613 F.2d 1222 | 25T+111 | Arbitration is intended to provide the parties to a dispute with a speedy and relatively inexpensive trial before specialists. 9 U.S.C.A. S 4. | What is the intention of the Arbitration process? | Alternative Dispute Resolution - Memo 23 - JS.docx | LEGALEASE-00000347-LEGALEASE-00000348 |
| Clarendon Bank & Tr. v. Fid. & Deposit Co. of Maryland, 406 F. Supp. 1161 | 181+1 | Where the falsity lies in the representation of facts, not in the genuineness of execution, it is not forgery. | Is falsity in the representation of facts alone a forgery? | Forgery - Memo 10 - RMM.docx | ROSS-003284147-ROSS-003284149 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hale v. Osborn Coal Enterprises, 729 So. 2d 853 | 414+1153 | Zoning of property by municipality, being legislative in character, cannot be bargained or sold. | Can zoning of property by a municipality be bargained? | 003856.docx | LEGALEASE-00115783-LEGALEASE-00115785 |
| Marcomo Stevedoring Corp. v. Nathanson, 202 Misc. 154 | 38+3 | Failure to file wage assignment executed in February, 1950, with assignor's employer within three days, as required by statute, prevented assignee from acquiring any right thereunder to collect or attach wages while in possession or control of employer, though such statutory requirement was subsequently repealed and assignment was thereafter filed in county clerk's office and with employer pursuant to statutes which had meantime become effective. Personal Property Law, SS 42, subds. 1, 2, 47, 47-a. | What effects follow any failure to file an assignment of wages? | 07348.docx | LEGALEASE-00077603-LEGALEASE-00077605 |
| State v. Ford, 180 N.C. App. 474 | 181+9 | For purposes of statute prohibiting one from falsely altering a written instrument, an ostensible maker is one who appears to have made or executed the instrument. ORS 165.002(6). | Should the term maker be legally understood in a broad sense? | 003832.docx | LEGALEASE-00115809-LEGALEASE-00115810 |
| Drake Med. Co. v. Glessner, 68 Ohio St. 337 | 38+4 | The right to protection in the use of a name as a trade-mark will pass by assignment. | Do right to trade-marks pass by assignment? | Assignments - Memo 18 - AKA.docx | ROSS-003285600-ROSS-003285601 |
| Mathews Slate Co. of New York v. Advance Indus. Supply Co., 185 A.D. 74 | 141+24 | "Easements in gross" are always personal, and never inheritable, but "profits √† prendre in gross" may be both inheritable and assignable. | Are easements in gross assignable? | 003914.docx | LEGALEASE-00115912-LEGALEASE-00115915 |
| Hedlund v. Jones, 114 So. 2d 220 | 322H+1025 | Where a corporation sold realty to defendants, and a part of the consideration was defendants' promissory note which was transferred to the plaintiff as a part of the division of the property of the corporation, plaintiff could not enforce corporate vendor's implied lien since such a lien is personal to the vendor and is not assignable by him nor does it follow the debt without assignment. | Is vendors lien assignable? | 003921.docx | LEGALEASE-00115916-LEGALEASE-00115917 |
| Bardin v. Grace, 167 Ala. 453 | 322H+47 | A deed without a grantee named therein is void, and if the grantor signs a deed, leaving the space for the name of the grantee blank, and authorizes some one as his agent to fill in the name of the grantee, and that person fills it in with the name of the designated grantee, the deed will be valid; but, if the blank is filled with the name of another, it is void. | Is a deed without a naming a grantee void? | 003931.docx | LEGALEASE-00115962-LEGALEASE-00115963 |
| In re Custody of Cannon, 268 Ill. App. 3d 937 | 277+12 | Where party is given notice, she cannot complain that others were not notified. | Can a party who has received notice complain that the others were not notified? | Notice -Memo 22 - ANG.docx | ROSS-003285356-ROSS-003285357 |
| In re Estate of Stanford, 221 Ill. App. 3d 154 | 313+154 | Where party was given notice, he cannot complain that others were not notified. | Can a party who has received notice complain that the others were not notified? | 003968.docx | LEGALEASE-00115972-LEGALEASE-00115973 |
| Louisiana Ass'n of Self-Insured Employers v. Louisiana Workforce Comm'n, 92 So.3d 397 | 361+1410 | What constitutes substantial compliance with a statute is a matter depending on the facts of each particular case. | What is substantial compliance with the Administrative Procedure Act rulemaking procedure mean? | 06308.docx | LEGALEASE-00078366-LEGALEASE-00078368 |
| In re Southern Scrap Material Company, 713 F. Supp. 2d 568 | 405+2631 | Under the Wreck Act, the owner of a wreck sunk in navigable waters has a clearly expressed duty, without regard to fault, both to mark and remove the wreck. 33 U.S.C.A. S 414. | Who is responsible for the removal of wrecks or other obstructions in navigable waters? | 06317.docx | LEGALEASE-00078392-LEGALEASE-00078394 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Citizens Comm. for Hudson Val. v. Volpe, 425 F.2d 97 | 15A+1721 | Administrative Procedure Act is intended to assure comprehensive review of broad spectrum of administrative actions, including those made reviewable by specific statutes without adequate review provisions as well as those for which no review is available under any other statute. 5 U.S.C.A. S 706. | "Does the Administrative Procedure Act provide review of broad spectrum of administrative actions, including those made reviewable by specific statutes?" | Administrative Law - Memo 15 - JS.docx | ROSS-003283637-ROSS-003283638 |
| Finney v. State, 348 So. 2d 876 | 92+996 | Statutes are presumed to be constitutional, and that presumption continues until clearly overcome by showing to contrary. | "How is a statute presumed, generally under the law?" | 004526.docx | LEGALEASE-00116382-LEGALEASE-00116383 |
| Lewis v. Jacksonville Bldg. & Loan Ass'n, 540 S.W.2d 307 | 15A+1241 | Administrative rules are ordinarily construed like statutes. | Are administrative rules construed like statutes? | Environmental Law - Memo 23 - JS.docx | ROSS-003284334-ROSS-003284335 |
| Schlega v. Detroit Bd. of Zoning Appeals, 147 Mich. App. 79 | 414+1605 | City board of zoning appeals was municipal administrative agency, rather than state administrative agency, even though authorized by state, and thus, not subject to terms of Administrative Procedures Act (M.C.L.A. S 24.201 et seq.), including 60-day appeals filing requirement. M.C.L.A. S 24.203(2). | Does the State Administrative Procedure Act apply to municipal agencies? | 004269.docx | LEGALEASE-00116549-LEGALEASE-00116550 |
| W. State Univ. of S. California v. Am. Bar Ass'n, 301 F. Supp. 2d 1129 | 141E+994 | Administrative Procedure Act (APA) did not extend to an entity that is not a federal agency, such as a private organization which accredited law schools. 5 U.S.C.A. SS 701(b)(1), 702. | s Administrative Procedure Act applicable to an entity that is not a federal agency? | Administrative Law - Memo 20- RM.docx | LEGALEASE-00002057-LEGALEASE-00002058 |
| In re Wolverine Fire Apparatus Co. of Sherwood Michigan, 465 B.R. 808 | 50+1 | Under Wisconsin law, every consignment involves a bailment of sorts, because goods are entrusted to a third party, but not every "bailment" is a "consignment." | Is consignment a type of bailment? | Bailment - Memo 27 - ANG.docx | ROSS-003285949-ROSS-003285950 |
| Voss v. State, 208 Miss. 303 | 146+1 | There was no such offense in common law as embezzlement; and it is made such by statute, being a statutory larceny. | Is embezzlement a common law offence? | 004311.docx | LEGALEASE-00116527-LEGALEASE-00116528 |
| Underwood v. City of Chicago, Ill., 779 F.3d 461 | 148+1 | Federal Constitution does not forbid takings; instead, it requires just compensation. U.S.C.A. Const.Amend. 5. | Does the federal constitution forbid takings? | Eminent Domain - Memo 4 - AKA.doc | ROSS-003298312-ROSS-003298313 |
| Smith v. Bull, 50 Cal. 2d 294 | 192+2 | Customers of a business are an essential part of its good will and in fact without their continued custom good will ceases to exist, since good will is the expectation of continued public patronage. West's Ann.Bus. & Prof.Code S 14100. | Is goodwill the expectation of continued public patronage? | Goodwill - Memo 10 - ANG..docx | ROSS-003299162-ROSS-003299164 |
| Commonwealth v. Burno, 154 A.3d 764 | 203+502 | To convict a defendant for first degree murder, the victim must be alive before being killed unlawfully. 18 Pa. Cons. Stat. Ann. S 2502(a). | Is it necessary to prove that the victim must be alive before being killed unlawfully to constitute homicide? | Homicide - Memo 3 - RM.docx | LEGALEASE-00002188-LEGALEASE-00002189 |
| Kent v. Iowa, 651 F.Supp.2d 910 | 237+1 | Under Iowa law, defamation consists of twin torts of libel and slander. | What are the twin torts under defamation? | Libel and Slander - Memo  4 - RM.docx | LEGALEASE-00002199-LEGALEASE-00002200 |
| Horton v. Blackrock Aggregates, 213 So. 3d 429 | 272+200 | Liability in a negligence action is determined by employing a duty/risk analysis. | How is liability determined in a negligence action? | Negligence - Memo 4 - VP.docx | ROSS-003284421-ROSS-003284422 |
| Abrams v. Stone, 154 Cal. App. 2d 33 | 361+1565 | Statutes effecting changes in civil procedure or remedy may have valid retrospective application. | Can matters of venue operate retrospectively? | 004465.docx | LEGALEASE-00116477-LEGALEASE-00116479 |
| Hossain v. Rauscher Pierce Refsnes, 46 F. Supp. 2d 1164 | 50+1 | Under Kansas law, "bailee" is person who receives possession or custody of property under circumstances constituting bailment; "bailor" is person from whom property is thus received. | In a bailment who can be considered as a bailee? | Bailment- Memo 16- JS.docx | ROSS-003296279-ROSS-003296280 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| W. State Univ. of S. California v. Am. Bar Ass'n, 301 F. Supp. 2d 1129 | 141E+994 | Administrative Procedure Act (APA) did not extend to an entity that is not a federal agency, such as a private organization which accredited law schools. 5 U.S.C.A. SS 701(b)(1), 702. | Is Administrative Procedure Act applicable to an entity that is not a federal agency? | 004277.docx | LEGALEASE-00116605-LEGALEASE-00116606 |
| Commonwealth v. Burno, 154 A.3d 764 | 203+502 | To convict a defendant for first degree murder, the victim must be alive before being killed unlawfully. 18 Pa. Cons. Stat. Ann. S 2502(a). | Is it necessary to prove that the victim must be alive before being killed unlawfully to constitute homicide? | 004410.docx | LEGALEASE-00116699-LEGALEASE-00116700 |
| State v. Tauscher, 227 Or. 1 | 146+6 | Only property which is tangible and capable of being possessed may be subject of larceny or embezzlement, and agent who, without authority and for her own purposes, drew check on principal's account was not guilty of embezzlement. ORS 164.310, 165.005. | Can the property which is the subject of larceny be the subject of embezzlement? | 004644.docx | LEGALEASE-00116797-LEGALEASE-00116798 |
| Kirby v. N. Carolina Dep't of Transp., 239 N.C. App. 345 | 315+63 | Rights of property are subject to such limitations as are demanded by the common welfare of society, and it is within the range and scope of legislative action to declare what general regulations shall be deemed expedient; this is very different from the right of eminent domain, the right of a government to take and appropriate private property to public use, whenever the public exigency requires it, which can be done only on condition of providing a reasonable compensation therefor. West's N.C.G.S.A. Const. Art. 1, S 19. | How is taking in relation to the eminent domain defined? | Eminent Domain - Memo 29 - AKA.doc | LEGALEASE-00002827-LEGALEASE-00002828 |
| People v. Elmore, 59 Cal. 4th 121 | 203+500 | Homicide, the killing of one human being by another, is not always criminal. | Is killing of a human being by another human being consider as homicide? | Homicide - Memo 11 - RM.docx | ROSS-003298022-ROSS-003298023 |
| Prichard Bros. v. Grady Co., 436 N.W.2d 460 | 388+352.16 | In action brought by construction contractor against architect for damages arising out of delays in completion of school construction project, trial court's jury instructions and special verdict questions improperly commingled concepts of negligence and bad faith, as bad faith is not equivalent to negligence and requires finding of fraudulent intent. | Is bad faith equivalent to negligence? | 05843.docx | LEGALEASE-00089187-LEGALEASE-00089188 |
| N. Assur. Co. Ltd. v. Wolk, 182 Misc. 112 | 50+14(1) | One receiving fur coats from another on consignment was a "bailee" and required to use due and reasonable care to prevent loss thereof. | "In a bailment, is a bailee required to exercise reasonable care?" | Bailment - Memo 41 - RK.docx | LEGALEASE-00002954-LEGALEASE-00002955 |
| Brook v. Peak Int'l, Ltd., 294 F.3d 668 | 25T+112 | Arbitration is a matter of contract, and thus, the power and authority of arbitrators in an arbitration proceeding is dependent on the provisions under which the arbitrators were appointed. | What decides the power and authority of arbitrators? | Alternative Dispute Resolution - Memo 120 - JS.docx | ROSS-003285200-ROSS-003285201 |
| Teller v. McCoy, 162 W. Va. 367 | 233+1051 | In a written lease or oral lease of residential premises, there is an implied warranty that landlord shall at commencement of tenancy, deliver dwelling unit and surrounding premises in a fit and habitable condition and shall thereafter maintain leased premises in such condition. Code, 37-6-30. | Is there an implied warranty of habitability in residential leases? | Landlord and Tenant - Memo 05 - RK.docx | ROSS-003302926-ROSS-003302929 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Harrison, 181 Wash. App. 577 | 406+182 | California certificate of rehabilitation obtained by defendant for prior conviction for felony custodial interference qualified as "certificate of rehabilitation" under statutory exception to crime of felon in possession of firearm for rehabilitated ex-felons, such that certificate was sufficient to restore defendant's gun rights; even though certificate of rehabilitation would not restore defendant's gun rights in California, defendant demonstrated in hearing to obtain certificate that he lived honest and upright life, conducted himself with sobriety and industry, and exhibited good moral character, conforming to and obeying laws of the land, which was higher standard than that required to obtain restoration of gun rights under statutory exception. West's RCWA 9.41.040(2)(a)(i), (3, 4); West's Ann.Cal.Penal Code SS 4852.05, 4852.1, 4852.11, 4852.13(a), 4852.17; ER 609. | Are the gun rights of a convict restored automatically? | 000392.docx | LEGALEASE-00117422-LEGALEASE-00117423 |
| Coggins v. Gregorio, 97 F.2d 948 | 233+501 | To constitute the relation of "landlord and tenant" there must be permission or consent on the part of the landlord, subordination of the tenant to the landlord's title and rights, a reversion in the landlord, an estate in the tenant, and the transfer of possession and control of the premises to the tenant under a contract express or implied. | Is the landlords consent a necessary element of the landlord  tenant relationship? | 000497.docx | LEGALEASE-00117444-LEGALEASE-00117445 |
| Anderson v. Steven R. Andrews, P.A., 692 So. 2d 237 | 98+20 | Person is not deemed to have committed crime until adjudication of guilt has been entered against him. | At what point is a person deemed to have committed a crime? | Convicts- Memo 02 - JS.docx | ROSS-003285485-ROSS-003285486 |
| In re Steiner, 459 B.R. 748 | 253+837 | Under Idaho law, if one spouse can show that value of separate property was enhanced by community property expenditure, increase in value is community property. | Will separate property become community property if it is improved using community property? | 005109.docx | LEGALEASE-00117323-LEGALEASE-00117324 |
| Hill v. Hill, 262 A.2d 661 | 315+22 | Law of situs of real property determines effect of actions involving its ownership. | What does the law of situs govern? | Property - Memo 21 - JS.docx | ROSS-003297409-ROSS-003297412 |
| State v. Charlton, 465 S.W.2d 502 | 37+588 | Failure to instruct in indecent liberties prosecution on common assault, which offense was not necessarily included in offense of taking indecent or improper liberties with a minor, was not error. Sections 559.220, 563.160 RSMo 1969, V.A.M.S. | Are the offences of common assault and molestation of minors included under incest? | Incest - Memo 14 - TH.docx | LEGALEASE-00004097-LEGALEASE-00004099 |
| Donner v. Blue, 187 Wash. App. 51 | 279+18 | Nuisance and trespass are related claims focusing on the invasion of a property interest. | How are negligent nuisance and negligent trespass related? | 000689.docx | LEGALEASE-00117515-LEGALEASE-00117516 |
| Donner v. Blue, 187 Wash. App. 51 | 279+18 | Nuisance and trespass are related claims focusing on the invasion of a property interest. | How are negligent nuisance and negligent trespass related? | Trespass - Memo 10 - RK.docx | LEGALEASE-00004231-LEGALEASE-00004232 |
| Sarnoff v. Florida Dep't of Highway Safety & Motor Vehicles, 825 So. 2d 351 | 15A+1111 | A challenge to the facial constitutionality of a statute cannot be resolved by an administrative agency. | Do administrative agencies have the authority to determine the facial validity of a statute? | 000353.docx | LEGALEASE-00117710-LEGALEASE-00117712 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Dennis, 17 Cal. 4th 468 | 203+1457 | Defendant was not entitled to instruction on manslaughter as lesser included offense of murder of fetus where record lacked substantive evidence from which rational trier of fact could find that fetus was born alive and thus was "human being" within manslaughter statute; expulsion of fetus from mother's womb as result of large cut to her abdomen in course of her murder with machete did not resemble live birth of human being, and fetus never breathed or lived independently of mother. West's Ann.Cal.Penal Code SS 187, 192. | Is a fetus a human being within the meaning of murder or homicide statutes? | 000425.docx | LEGALEASE-00117736-LEGALEASE-00117737 |
| Skinner v. State, 36 Ala. App. 434 | 207+1 | Each incestuous sexual act constitutes a separate and distinct offense. Code 1940, Tit. 14, S 325. | Does each act of sexual intercourse constitute a separate offense of incest? | 000461.docx | LEGALEASE-00117708-LEGALEASE-00117709 |
| Bank One, Texas, N.A. v. Prudential Ins. Co. of Am., 939 F. Supp. 533 | 233+694 | "Holdover tenant" is one who continues to occupy leased premises after term has expired. | What is a holdover tenant? | 000510.docx | LEGALEASE-00117637-LEGALEASE-00117638 |
| Nationwide Bi-Weekly Admin. v. Belo Corp., 512 F.3d 137 | 241+55(1) | Under Texas law as predicted by federal appellate court, single publication rule, which provides that limitations period for libel action begins to run when publication of libelous statement is complete, applies to information widely available on the Internet. V.T.C.A., Civil Practice & Remedies Code S 16.002(a). | Does the single publication rule apply to content published on the internet? | Libel and Slander - Memo 90 - MS.docx | ROSS-003284955-ROSS-003284956 |
| Bachus v. Bachus, 216 Ark. 802 | 302+3 | Pleadings are required by Civil Code to be in writing in order that each party may know what issues are to be tried. Ark.Stats. S 27-1101. | What is the purpose of requiring written pleadings? | 000860.docx | LEGALEASE-00117905-LEGALEASE-00117906 |
| Waller v. Morris, 78 Ga. App. 821 | 302+3 | Name of a pleading is not important since Court will look to substance rather than name. | Do courts look to the substance or name of the pleading? | Pleading - Memo 29 - ANG.docx | ROSS-003297930-ROSS-003297932 |
| Young v. United States, 97 U.S. 39 | 384+1 | "Treason" is a breach of allegiance and can be committed by him only who owes allegiance either perpetual or temporary. | Does element of treason include the breach of allegiance? | 000876.docx | LEGALEASE-00117812-LEGALEASE-00117813 |
| Tarnavsky v. Tarnavsky, 666 N.W.2d 444 | 289+421 | The critical elements of a partnership are (1) an intention to be partners, (2) co-ownership of the business, and (3) a profit motive. | What are the essential elements of partnership? | Partnership - Memo 22 - JS.docx | ROSS-003285053-ROSS-003285054 |
| F. H. Stoltze Land Co. v. Westberg, 63 Mont. 38 | 233+542 | No particular words or form of expression are necessary to constitute a lease; any language by which the possession and enjoyment of land is granted for a specified time at a stipulated rental being sufficient. | Are particular set of words required to constitute a lease? | 000958.docx | LEGALEASE-00118223-LEGALEASE-00118224 |
| RME Mgmt. v. Chapel H.O.M. Assocs., 795 S.E.2d 641 | 233+531 | A lease is a contract which contains both property rights and contractual rights. | Do leases contain both property rights and contractual rights? | 001294.docx | LEGALEASE-00118358-LEGALEASE-00118359 |
| United Elec. Coal Companies v. Rice, 80 F.2d 1 | 231H+2072 | Term "labor dispute," as used in statute limiting power of federal court of equity to grant injunctions in labor dispute cases, comprehends disputes growing out of labor relations and implies the existence of relation of employer and employee. Norris-LaGuardia Act, 29 U.S.C.A. S 101 et seq. | What is a labor dispute? | 001381.docx | LEGALEASE-00118193-LEGALEASE-00118194 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bd. of Educ., Levittown Union Free Sch. Dist. v. Nyquist, 57 N.Y.2d 27 | 1.41E+216 | Education article mandate that legislature provide for maintenance and support of system of free common schools in which all children of state may be educated was being met in New York, in which average per pupil expenditure exceeded that in all other states but two, and thus, since decisions as to how public funds will be allocated are matters peculiarly appropriate for formulation by legislative body, present school financing system does not violate constitutional education article. Const.Art. 11, S 1; McKinney's Education Law SS 2022, 3602. | Do communities make decisions on funding and operating publicly-funded local schools? | Education - Memo 6 - JS.docx | LEGALEASE-00005962-LEGALEASE-00005964 |
| State v. Schifani, 92 N.M 127 | 146+23 | Restitution does not allow the embezzler to escape prosecution and conviction. 1953 Comp. S 40A-16-7. | Does restitution allow the embezzler to escape prosecution? | 001220.docx | LEGALEASE-00118538-LEGALEASE-00118539 |
| Hutch. v. State, 61 Okla. Crim. 117 | 146+27 | Words "knowingly" and "willfully" are of similar import, and allegation in information in embezzlement prosecution that defendant "willfully committed the act" is same as one that he "knowingly committed the act". 19 Okl.St.Ann. S 641. | Are the words knowingly and willfully of similar import? | 001231.docx | LEGALEASE-00118573-LEGALEASE-00118574 |
| Wolk v. Olson, 730 F. Supp. 2d 376 | 241+95(6) | Under Pennsylvania law, as predicted by the district court, discovery rule did not toll statute of limitations for attorney to bring defamation action based on publication of article on public website that was received by tens of thousands of readers. 42 Pa.C.S.A. S 5523(1). | When is the discovery rule applied by Courts in defamation suits? | 001300.docx | LEGALEASE-00118475-LEGALEASE-00118476 |
| Parkwood Assocs. Ltd. P'ship v. United States, 97 Fed. Cl. 809 | 393+1027(1) | A claim alleging a Fifth Amendment taking accrues when that taking action occurs. U.S.C.A. Const.Amend. 5. | When does a takings claim accrue? | 001444.docx | LEGALEASE-00118607-LEGALEASE-00118608 |
| Wells v. Liddy, 1 F. Supp. 2d 532 | 237+1.6 | In ordinary defamation cases it is appropriate under Maryland's lex loci doctrine presumptively to apply substantive defamation law of plaintiff's domicile, and it is only in atypical circumstances, such as where plaintiff's alleged injury is loss of business opportunities in state other than her domicile or where plaintiff has suffered humiliation by hearing defamatory remarks about her in state other than her domicile, that lex loci doctrine requires application of nondomiciliary law. | What is the law applicable to multi state defamation cases? | 06701.docx | LEGALEASE-00080942-LEGALEASE-00080943 |
| Piper Aircraft Co. v. Reyno, 454 U.S. 235 | 170B+2976 | Dismissal on ground of forum non conveniens will ordinarily be appropriate where trial in plaintiff's chosen forum imposes heavy burden on defendant or court, and where plaintiff is unable to offer any specific reasons of convenience supporting his choice. | Is the plaintiffs choice of forum entitled to greater deference when the plaintiff has chosen the home forum? | Venue  - Memo 36 - RM.docx | ROSS-003324431-ROSS-003324432 |
| Hutchin v. State, 61 Okla. Crim. 117 | 146+27 | Words "knowingly" and "willfully" are of similar import, and allegation in information in embezzlement prosecution that defendant "willfully committed the act" is same as one that he "knowingly committed the act". 19 Okl.St.Ann. S 641. | Are the words knowingly and willfully of similar import? | Embezzlement - Memo 53 - JS.docx | LEGALEASE-00006361-LEGALEASE-00006362 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| City of Sherman v. Pub. Util. Comm'n of Texas, 643 S.W.2d 681 | 317A+147 | While the Public Utility Commission may share original jurisdiction with a municipality over the operations or services of a public utility which operates both inside and outside municipal limits, it has no statutory authority to regulate the operations or services of "municipally-owned utilities" under statute relating to original municipal jurisdiction within territorial limits of each municipality and original commission jurisdiction outside municipal boundaries. Vernon's Ann. Texas Civ.St. art. 1446c, S 17(e). | Are municipally owned utilities different from privately owned utilities? | 001622.docx | LEGALEASE-00118979-LEGALEASE-00118980 |
| United States v. Wong Kim Ark, 169 U.S. 649 | 24+655 | The fourteenth amendment affirms the ancient rule of citizenship by birth within the territory in the allegiance and under the protection of the country, including all children here born of resident aliens, except the children of foreign sovereigns or their ministers, or born on foreign public ships, or of enemies during a hostile occupation, and children of Indian tribes owing direct tribal allegiance. It includes the children of all other persons, of whatever race or color, domiciled within the United States. | Can an alien be prosecuted for treason? | 003658.docx | LEGALEASE-00120266-LEGALEASE-00120267 |
| Menominee Tribe of Indians v. U.S., 91 F. Supp. 917 | 209+123 | The intention of Congress to abrogate or modify a treaty with Indian tribe is not to be lightly imputed to Congress. | Can the United States abrogate a treaty it entered with an Indian tribe? | Indians - Memo 30 - TH.docx | LEGALEASE-00006866-LEGALEASE-00006867 |
| Lund ex rel. Wilbur v. Pratt, 308 A.2d 554 | 302+4 | Caption is no part of pleading, unless made so by express reference thereto in pleading itself. | Is the caption a part of the pleading? | Pleading - Memo 41-TH.docx | ROSS-003286102-ROSS-003286103 |
| In re Hidalgo, 279 S.W.3d 456 | 302+4 | A court looks to the substance of a pleading or motion, not its title, to determine its effect. | Does the substance of a pleading determine its effect? | 001880.docx | LEGALEASE-00118891-LEGALEASE-00118892 |
| Mittendorf v. Stone Lumber Co., 874 F. Supp. 292 | 25T+114 | Federal Arbitration Act (FAA) does not govern employment contracts. 9 U.S.C.A. S 1. | Does the Federal Arbitration Act apply to employment contracts? | Alternative Dispute Resolution - Memo 251 - RK.docx | ROSS-003298685-ROSS-003298686 |
| Collie v. Wehr Dissolution Corp., 345 F. Supp. 2d 555 | 83+80.5 | At-will employment contract between store operator and store's owner was "transaction involving commerce" within meaning of Federal Arbitration Act, since owner was engaged in interstate commerce. 9 U.S.C.A. S 2 et seq. | Are employment contracts covering workers engaged in transportation covered by the Federal Arbitration Act (FAA)? | 002155.docx | LEGALEASE-00119115-LEGALEASE-00119117 |
| Chiron Corp. v. Ortho Diagnostic Sys., 207 F.3d 1126 | 25T+213(5) | Court of Appeals reviews de novo the district court's decision to compel arbitration and begins its analysis by recognizing that an agreement to arbitrate is a matter of contract: it is a way to resolve those disputes, but only those disputes, that the parties have agreed to submit to arbitration. | When may a party petition a federal district court for an order compelling arbitration? | 002162.docx | LEGALEASE-00119122-LEGALEASE-00119123 |
| Boswell v. Green, 25 N.J.L. 390 | 289+694 | Each partner in a firm has entire control over the personal property of the partnership; and a sale by either of the partners, even if fraudulent as to creditors, to a purchaser not cognizant of the fraud, binds the firm. | Do the partners of a firm have control over the property of the partnership? | Partnership - Memo 58 - RK.docx | ROSS-003286334-ROSS-003286335 |
| Baker v. Tremco Inc., 917 N.E.2d 650 | 231H+40(2) | Indiana follows the doctrine of "employment at will," under which employment may be terminated by either party at will, with or without reason; the presumption of at-will employment is strong, and courts are disinclined to adopt broad and ill-defined exceptions to the employment at will doctrine. | What is an employment at will doctrine? | Labor and Employment - Memo 39 - VP.docx | LEGALEASE-00007050-LEGALEASE-00007051 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| McIntire v. Franklin Twp. Cmty. Sch. Corp., 15 N.E.3d 131 | 141E+682 | Parent, who alleged that township school corporation's actions of charging locker and newspaper fees amounted to charging for "tuition," which was prohibited by State Constitution, did not establish claim for damages because there was no right of action for monetary damages under the Indiana Constitution. West's A.I.C. Const. Art. 8, S 1. | Is there a right of action for monetary damages under the constitution? | Action - Memo 10 - MS.docx | ROSS-003299370-ROSS-003299371 |
| Hendrick v. Caldwell, 232 F. Supp. 3d 868 | 13+1 | "A right of action" is the remedial right accorded to a person to enforce a cause of action and arises only when a person's rights are infringed. | "What is a ""right of action""?" | Action - Memo 12 - MS.docx | ROSS-003328348-ROSS-003328349 |
| Jaster v. Comet II Const., 438 S.W.3d 556 | 13+1 | A "cause of action" may exist before a "suit" is instituted; but for there to be a "suit" or "action," it is essential that it rest in a court, with the power to hear it, as, without such a forum, it is not a "suit," since it lacks that which is as necessary to make it a suit as the petition itself. (Per Boyd, J., with three justices concurring.) | Can a cause of action exist before a suit is instituted? | Action - Memo 16 - MS.docx | ROSS-003313033-ROSS-003313034 |
| Valencis v. Nyberg, 160 Conn. App. 777 | 13+1 | The terms cause of action and claim are not always synonymous. | Are the terms cause of action and claim synonymous? | Action - Memo 24 - MS.docx | ROSS-003297857-ROSS-003297858 |
| State v. Tartenaar, 371 S.W.2d 192 | 110+45.40 | "Fornication" is illicit sexual intercourse between a man, whether married or single, and an unmarried woman. | What is fornication? | Incest - Memo 52 - VP.docx | ROSS-003297955-ROSS-003297956 |
| Jenkins v. Entergy Corp., 187 S.W.3d 785 | 360+18.73 | Texas Public Utilities Commission (PUC) did not have exclusive jurisdiction over claims by retail customers of electric utility that electric generation and transmission companies conspired with utility to force excessive purchases of power from companies rather than purchasing cheaper power from other sources, as retail rate structure was not the object of customers' pleadings, customers were challenging decisions to purchase, use, or sell lower-priced and higher-priced energy rather than the monies or rates involved in those purchases, customers' allegations involved interstate sales and purchases of wholesale power, and, under the Federal Power Act, PUC could not regulate interstate wholesale power sales. Federal Power Act, S 1 et seq., as amended, 16 U.S.C.A. S 792 et seq.; V.T.C.A., Utilities Code S 11.001 et seq. | What is the purpose of Public Utility Regulatory Act? | Electricity - Memo 10 - JS.docx | LEGALEASE-00007477-LEGALEASE-00007478 |
| Hillman v. N. Wasco Cty. People's Util. Dist., 213 Or. 264 | 268+733(1) | The functions of a people's utility district are essentially proprietary in nature while imposing tort liability on quasi-municipal corporation when it is acting in a private, corporate or proprietary capacity. ORS 30.310, 30.320, 261.005 et seq., 261.305; Const. art. 11, S 12. | Is a people's utility district a quasi-municipal corporation? | 002195.docx | LEGALEASE-00119327-LEGALEASE-00119328 |
| McGee v. People, 160 Colo. 46 | 207+4 | Essential elements of incest are act of sexual intercourse and commission of that act between persons related within the prohibited degrees defined by statute; age of victim or perpetrator and unwed status of female are not elements. C.R.S. '53, 40-9-6. | Is victim's age an element of the crime of incest? | Incest - Memo 35 - RM.docx | LEGALEASE-00007942-LEGALEASE-00007943 |
| Expressions Hair Design v. Schneiderman, 137 S. Ct. 1144 | 172H+1263 | "Surcharge," under New York statute prohibiting a merchant from imposing a surcharge for a credit card transaction, means, in the context of a single-sticker regime, in which a merchant lists one price and a separate surcharge amount, a charge in excess of the sticker price. McKinney's General Business Law S 518. | Can a surcharge be imposed on a credit card? | 002062.docx | LEGALEASE-00119541-LEGALEASE-00119542 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| C.I.R. v. Chase Manhattan Bank, 259 F.2d 231 | 253+772 | Under community property system, all property accumulated during marriage is community property, unless it was received by gift, devise or inheritance. Vernon's Ann.Civ.St.Tex. arts. 3678, 4613, 4614, 4619. | Does a husband and a wife have equal share of community property? | 002436.docx | LEGALEASE-00119532-LEGALEASE-00119533 |
| Systran Fin. Servs. Corp. v. Giant Cement Holding, 252 F. Supp. 2d 500 | 349A+4 | Under Ohio law, factoring agreement was "sale of accounts" governed by Article 9 of Uniform Commercial Code (UCC), rather than finance assignment governed by Article 2, and thus factor was bound by arbitration provision in assignor's contract with account debtor, even though factor was only assigned right to payment. Ohio R.C. SS 1302.13(D), 1309.109(A)(3), 1309.404. | s an assignee suing on an assigned contract bound by that contracts arbitration clause? | Alternative Dispute Resolution - Memo 281 - RK.docx | LEGALEASE-00008280-LEGALEASE-00008282 |
| Mengel Co. v. Nashville Paper Prod. & Specialty Workers Union, No. 513, 221 F.2d 644 | 25T+125 | Compulsory arbitration, without right to have the issue determined by court action, is invalid. | Is there a common law right of arbitration? | Alternative Dispute Resolution - Memo 278 - RK.docx | ROSS-003301551-ROSS-003301552 |
| Systran Fin. Servs. Corp. v. Giant Cement Holding, 252 F. Supp. 2d 500 | 349A+4 | Under Ohio law, factoring agreement was "sale of accounts" governed by Article 9 of Uniform Commercial Code (UCC), rather than finance assignment governed by Article 2, and thus factor was bound by arbitration provision in assignor's contract with account debtor, even though factor was only assigned right to payment. Ohio R.C. SS 1302.13(D), 1309.109(A)(3), 1309.404. | Is an assignee suing on an assigned contract bound by that contracts arbitration clause? | 002792.docx | LEGALEASE-00119727-LEGALEASE-00119729 |
| Somers v. AAA Temp. Servs., 5 Ill. App. 3d 931 | 13+7 | Where plaintiff had valid cause of action, plaintiff's motives in bringing action were immaterial. | Is the plaintiffs motive in bringing an action material? | Action - Memo 49 - MS.docx | ROSS-003297759-ROSS-003297760 |
| Dep't of Revenue v. Merritt Square Corp., 334 So. 2d 351 | 317A+101 | Under statute defining "public utility" for purposes of regulation, a privately owned utility is "public utility" if it holds itself out to serve general public. West's F.S.A. SS 366.01 et seq., 366.02. | When is a privately owned utility a public utility? | 002512.docx | LEGALEASE-00120075-LEGALEASE-00120076 |
| Aames Capital Corp. v. Interstate Bank of Oak Forest, 315 Ill. App. 3d 700 | 366+1 | "Equitable subrogation" is a creature of chancery that is utilized to prevent unjust enrichment. | Is equitable subrogation a creature of the common law? | 002568.docx | LEGALEASE-00120066-LEGALEASE-00120067 |
| Rock River Lumber Corp. v. Universal Mortg. Corp. of Wisconsin, 82 Wis. 2d 235 | 366+1 | The object of subrogation is to do substantial justice independent of form or contract relation between parties. | What is the object of subrogation? | Subrogation - Memo 44 - RM.docx | ROSS-003312794-ROSS-003312795 |
| State of Fla. ex rel. Shevin v. Exxon Corp., 526 F.2d 266 | 170B+3107 | Court of Appeals would not certify to Florida Supreme Court question whether Florida Attorney General had power to institute suit under federal law without specific authorization of individual government entities which allegedly had sustained legal injuries asserted, in view of long line of Florida decisions indicating that Attorney General did have such power, fact that certification would cause delay, fact that case was brought under federal law and was not diversity action, and fact that Attorney General had prosecuted case for two years without apparent opposition from Florida Legislature or state governmental agencies that he purported to represent. 32 West's F.S.A. Florida Appellate Rules, rule 4.61. | Can a State Board of Administration employ a counsel other than an Attorney General to represent them in legal matters? | 002628.docx | LEGALEASE-00120158-LEGALEASE-00120159 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Simmons v. Morgan Stanley Smith Barney, 872 F. Supp. 2d 1002 | 25T+140 | Under California law, severance of substantively unconscionable provision of arbitration provisions in executive's promissory notes and bonus agreements with former employer, which required executive to pay hearing sessions fees in excess of those that he would pay to bring his action in federal district court, was warranted, and therefore arbitration provisions, which were not permeated by unconscionability, were otherwise enforceable. West's Ann.Cal.Civ.Code S 1670.5. | Can a court rely on the uniqueness of an arbitration agreement when state-law says that the enforcement of the agreement is unconscionable? | Alternative Dispute Resolution - Memo 303 - RK.docx | ROSS-003297261-ROSS-003297263 |
| Reagan v. Murphy, 235 La. 529 | 233+531 | A lease is not, in essence, a real right under civil law. | Is a lease a real right under the civil law? | 002745.docx | LEGALEASE-00120234-LEGALEASE-00120235 |
| Respublica v. McCarty, 2 U.S. 86 | 384+6 | Enlisting in the service of an enemy is clearly treason, and nothing will excuse such act but the fear of immediate death. | Is enlisting in the service of an enemy an act of treason? | Treason - Memo 15 - RK.docx | LEGALEASE-00009132-LEGALEASE-00009133 |
| Shellabarger v. Morris, 115 Mo. App. 566 | 386+4 | One maliciously annoying another by means of loud noises, consisting of pounding on tin pans, etc., and thereby injuring the health and business of the latter, is guilty of trespass and liable for the injuries sustained. | Can an action for trespass be instituted against someone who maliciously annoys another? | 003684.docx | LEGALEASE-00120292-LEGALEASE-00120294 |
| Aames Capital Corp. v. Interstate Bank of Oak Forest, 315 Ill. App. 3d 700 | 366+1 | "Equitable subrogation" is a creature of chancery that is utilized to prevent unjust enrichment. | s equitable subrogation a creature of the common law? | Subrogation - Memo 3 - ANG.docx | LEGALEASE-00009284-LEGALEASE-00009285 |
| Webb v. Dickson, 276 Ala. 553 | 386+27 | The owner of personalty may recapture and take into his possession whenever or wherever found, but in taking possession of his own property he must commit no trespass, violence, force or breach of the peace, unlawful force forming essential element of trespass. | Is unlawful force an essential element of trespass? | Trespass - Memo 73 - TH.docx | LEGALEASE-00009565-LEGALEASE-00009566 |
| Respublica v. McCarty, 2 U.S. 86 | 384+6 | Enlisting in the service of an enemy is clearly treason, and nothing will excuse such act but the fear of immediate death. | Is enlisting in the service of an enemy an act of treason? | 003670.docx | LEGALEASE-00120278-LEGALEASE-00120279 |
| Eisenberg v. City of Miami Beach, 1 F. Supp. 3d 1327 | 13+16 | Equitable relief sought by plaintiffs was a remedy, not a separate cause of action. | Is equitable relief a cause of action? | Action - Memo 57 - MSC.docx | ROSS-003303032-ROSS-003303033 |
| Holston River Elec. Co. v. Hydro Elec. Corp., 17 Tenn. App. 122 | 145+1 | Electric companies are quasi public corporations subject to state's control. | Are Electric companies termed as quasi-public corporations? | Electricity - Memo 55 - JS.docx | ROSS-003325783-ROSS-003325785 |
| Kitt v. United States, 277 F.3d 1330 | 148+2.4 | For retroactive taxation to be a taking in violation of Fifth Amendment, it must be so arbitrary as to constrain to the conclusion that it was not the exertion of taxation. U.S.C.A. Const.Amend. 5. | When is a retroactive taxation considered a taking? | 003109.docx | LEGALEASE-00120697-LEGALEASE-00120698 |
| Crown Wisteria v. F.G.F. Enterprises Corp., 168 A.D.2d 238 | 249+41 | Only party to proceeding complained of as malicious prosecution is entitled to maintain action for malicious prosecution. | Who has the standing to bring a malicious prosecution action? | Malicious Prosecution - Memo 85 - AKA.docx | ROSS-003281573-ROSS-003281574 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Adams-Marquette Elec. Co-op. v. Pub. Serv. Comm'n, 51 Wis. 2d 718 | 145+11(4) | The meaning of phrase "premises of person already receiving electric service" should be determined only with reference to context of public utilities law provision that no public utility or electric cooperative should render electric service to premises of person already receiving electric service; the context should include not only the statutory provision itself, but purpose of provision, and prior decisions of Supreme Court; reasonableness of Public Service Commission's construction must also be considered in factual context of particular case; to these factors should also be added nature of service to be provided, and its relation to that previously provided, as well as changes in ownership and use. W.S.A. 196.495(1) (a). | Is the predominant purpose of the Public Utilities Law the protection of consuming public? | 042575.docx | LEGALEASE-00120961-LEGALEASE-00120962 |
| Almadova v. Arnold, 130 Ariz. 115 | 30+3.1 | Venue rulings are appropriately reviewable by special action. | Are venue rulings reviewable by special action? | Appeal And Error - Memo 13 - BP.docx | ROSS-003285639-ROSS-003285640 |
| In re Pinti, 363 B.R. 369 | 148+81.1 | Undersecured purchase-money motor vehicle lender's right to deficiency judgment was not property right, of kind protected by the Takings Clause of the Fifth Amendment, but a contractual right, with which Congress could interfere in "hanging paragraph" added to the Code by the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA). U.S.C.A. Const.Amend. 5; 11 U.S.C.A. SS 506, 1325(a), (a)(5)(C). | Is the right to a deficiency judgment a property right? | 017404.docx | LEGALEASE-00121336-LEGALEASE-00121337 |
| People v. Brown, 193 Colo. 120 | 352H+59(2) | For purposes of criminal sexual assault charge, there is no "implied consent" to sex with another adult, even when that other adult is a spouse. 720 ILCS 5/12-13(a)(2) (2008 Bar Ed.) | Is there an implied consent to sex among spouses? | Sex Offence - Memo 16 - BP.docx | ROSS-003298119-ROSS-003298120 |
| Scottsdale Ins. Co. v. Addison Ins. Co., 448 S.W.3d 818 | 366+1 | Equitable subrogation is a form of subrogation that is not founded in contract, but is a creature of equity. | Is equitable subrogation a creature of equity and independent of any contractual relations? | Subrogation - Memo # 582 - ES.docx | ROSS-003322921-ROSS-003322923 |
| Portland Valve v. Rockwood Sys. Corp., 460 A.2d 1383 | 95+176(1) | Issue whether contract language is ambiguous is a question of law for the court. | Can ambiguity in the terms of the contract be determined by the court? | Bills and Notes - Memo 47 - ANG.docx | ROSS-003325448-ROSS-003325449 |
| Cane Tennessee v. United States, 57 Fed. Cl. 115 | 148+2.1 | With regard to economic impact factor of regulatory taking test, proper measure of economic impact is a comparison of the market value of the property immediately before the governmental action with the market value of that same property immediately after the action. | How does the court analyze the economic impact of the regulatory action? | Eminent Domain - Memo 203 - GP.docx | LEGALEASE-00011851-LEGALEASE-00011852 |
| Saad v. Am. Diabetes Ass'n, 123 F. Supp. 3d 175 | 237+6(1) | Under Massachusetts law, an expression of pure opinion is not actionable for defamation; therefore, a statement generally must contain an objectively verifiable assertion to be defamatory. | Are pure opinions actionable as defamation? | Libel and Slander - Memo 189 - BP.docx | ROSS-003284298-ROSS-003284300 |
| State v. Winston, 71 Ohio App. 3d 154 | 110+1035(2) | No reviewable error results from denial of motion in limine unless proponent of evidence later offers it at trial, opponent then objects, and trial court erroneously overrules objection or mere asking of question creates unfair prejudice. | Does the motion in limine ask the court to exclude the evidence unless and until the court is first shown that the material is relevant and proper? | 024228.docx | LEGALEASE-00122082-LEGALEASE-00122083 |
| Casteel v. State Farm Mut. Auto. Ins. Co., 66 Ark. App. 220 | 307A+3 | There is no affirmative duty on a trial court that grants motion in limine to subsequently make evidentiary rulings on its own motion. | Is there an affirmative duty on a trial court that grants motion in limine to subsequently make evidentiary rulings on its own motion? | Pretrial Procedure - Memo # 247 - C - ANC.docx | ROSS-003297655-ROSS-003297656 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| York Rys. Co. v. Driscoll, 331 Pa. 193 | 317A+102 | The statute requiring registration of securities certificate by Public Utility Commission before public utility shall change terms or conditions of its bonds, but authorizing Commission to exempt utilities from such requirements as to any class of securities, is unconstitutional as granting Commission power to prescribe which securities are within act, and hence does not authorize Commission to act on railway company's request for registration of certificate of extension of time to pay its outstanding bonds. 66 P.S. S 1241(a). | Are public utilities exempt from the class of securities? | 042183.docx | LEGALEASE-00121956-LEGALEASE-00121958 |
| Omega Satellite Prod. Co. v. City of Indianapolis, 694 F.2d 119 | 212+1431 | Limited partnership's lawless behavior consisting of running cable through drainage culvert for certain purpose and thereby becoming a cable television system using a public way, without the required license, did not preclude granting partnership a preliminary injunction forbidding city to remove cable or to enforce ordinance requiring any cable television system to obtain franchise from city if the system used any of city's public ways. | Should there be a limit on the number of telephone and light companies that serve the public since the municipal authorities are responsible to establish and regulate such public utilities? | 042202.docx | LEGALEASE-00122070-LEGALEASE-00122071 |
| In re Hamada, 291 F.3d 645 | 366+1 | Statutory subrogation occurs by virtue of right created by statute. | Does statutory subrogation occur by virtue of a right created by statute? | 043828.docx | LEGALEASE-00121847-LEGALEASE-00121848 |
| Vang Chanthavong v. Aurora Loan Services, 448 B.R. 789 | 13+61 | Under California law, a claim accrues when an action could have been brought. | Does a claim or cause of action accrue when an action could have been brought? | Action - Memo # 94 - C - NO.docx | ROSS-003315778-ROSS-003315779 |
| Tatum v. Townsend, 61 A.2d 478 | 13+61 | A suit cannot be begun until cause of action accrues to plaintiff. | Can a suit begin before a cause of action accrues to plaintiff? | 005509.docx | LEGALEASE-00123815-LEGALEASE-00123816 |
| Pac. Atl. S.S. Co. v. United States, 120 F. Supp. 753 | 13+61 | Damages need not be liquidated before a cause of action can arise. | Should damages be liquidated before a cause of action can arise? | 005571.docx | LEGALEASE-00123898-LEGALEASE-00123899 |
| Smoky Greenhaw Cotton Co. v. Merrill Lynch, Pierce, Fenner & Smith, 805 F.2d 1221 | 25T+121 | Civil Racketeer Influenced and Corrupt Organizations Act claims are arbitrable. 18 U.S.C.A. S 1961 et seq. | Are civil Racketeer Influenced and Corrupt Organizations (RICO) Act claims arbitrable? | Alternative Dispute Resolution - Memo 387 - RK.docx | ROSS-003297302-ROSS-003297303 |
| Giron v. City of Alexander, 693 F. Supp. 2d 904 | 35+63.4(15) | Arrestee did not appear in a public place, within meaning of Arkansas law, when he came outside his home at city police officer's request and stood in his driveway, as required to afford officer probable cause to cite arrestee for public intoxication. U.S.C.A. Const.Amend. 4; West's A.C.A. SS 5-71-101(6), 5-71-212. | When does a person commits the offense of public intoxication? | Disorder Conduct - Memo 11 - SR VP.docx | ROSS-003289517 |
| Kitt v. United States, 277 F.3d 1330 | 148+2.4 | For retroactive taxation to be a taking in violation of Fifth Amendment, it must be so arbitrary as to constrain to the conclusion that it was not the exertion of taxation. U.S.C.A. Const.Amend. 5. | Under what circumstances a retroactive taxation could be considered as a taking? | Eminent Domain - Memo 214 - GP.docx | ROSS-003283623-ROSS-003283624 |
| Lehigh Valley R. Co. v. State of Russia, 21 F.2d 396 | 221+134 | Foreign state is true owner of its property, and its government is its representative. | Is a foreign state the true owner of its property? | International Law - Memo # 400 - C - MLS.docx | ROSS-003288791-ROSS-003288793 |
| Schlichenmayer v. Luithle, 221 N.W.2d 77 | 289+505 | Proof of ostensible partnership, if circumstantial, must be inconsistent with any other reasonable hypothesis than the existence of a partnership. | How to establish an ostensible partnership under circumstantial evidence? | 021899.docx | LEGALEASE-00123125-LEGALEASE-00123126 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| McBride v. Alles, 222 Ky. 725 | 302+34(4) | Pleadings must be construed most strongly against pleader, and no presumptions will be indulged in his favor. | Are pleadings construed most strongly against the pleader? | 022958.docx | LEGALEASE-00123501-LEGALEASE-00123503 |
| Quad City Bank & Tr. v. Jim Kircher & Assocs., P.C., 804 N.W.2d 83 | 307A+3 | A ruling sustaining a motion in limine is generally not an evidentiary ruling; rather, it simply adds a procedural step to the introduction of allegedly objectionable evidence. | Is a ruling sustaining a motion in limine an evidentiary ruling? | Pretrial Procedure - Memo 370 - RK.docx | ROSS-003315273-ROSS-003315274 |
| Hayes v. Delbert Servs. Corp., 811 F.3d 666 | 25T+134(4) | Arbitration agreement between lender that was owned by tribal member, payday loan servicer, and borrowers, which purported to renounce any application of federal law to borrowers' claims against loan servicing agent for alleged violations of the FairDebt Collection Practices Act and the Telephone Consumer Protection Act (TCPA), was unenforceable; agreement used its choice of law provision to waive all of borrowers' potential federal rights, rather than select the law of a certain jurisdiction t o govern the agreement, and agreement flatly renounced the authority of federal statutes by stating that all claims were to be governed by tribal law. 9 U.S.C.A. S 2; Fair Debt Collection Practices Act, S 807, 15 U.S.C.A. S 1692e; Telephone Consumer Protection Act of 1991, S 3(a), 47 U.S.C.A. S 227. | Can a party convert a choice of law clause in an arbitration agreement into a choice of no law clause? | 007189.docx | LEGALEASE-00125584-LEGALEASE-00125585 |
| United States v. Oriakhi, 57 F.3d 1290 | 221+134 | "National sovereignty" is the undivided power of a people and their government within a territory, inherent in which are the overarching rights of the nation to defend itself from outside threats, to act in relation to other nations, and to secure its territory and assets. | What is national sovereignty? | International Law - Memo # 30 - C - LK.docx | ROSS-003316280-ROSS-003316281 |
| United States v. Noriega, 746 F. Supp. 1506 | 221+151 | Under doctrine of head of state immunity, head of state is not subject to jurisdiction of foreign courts, at least as to official acts taken during ruler's term of office. | Does the Act of State doctrine address the court's permissible scope of inquiry into certain governmental acts? | 020345.docx | LEGALEASE-00124216-LEGALEASE-00124217 |
| United States v. Arredondo, 31 U.S. 691 | 221+148 | Under Spanish law, the acts of the king were not in subordination to the laws of the country. | Are acts of a king in subordination to the laws of a country? | International Law - Memo # 564 - C - SA.docx | ROSS-003312313-ROSS-003312314 |
| Int'l Ass'n of Machinists & Aerospace Workers, (IAM) v. Org. of Petroleum Exporting Countries (OPEC), 649 F.2d 1354 | 221+342 | Act of state doctrine is not superseded by the Foreign Sovereign Immunity Act nor is the doctrine diluted by the Act's commercial activity exception. 28 U.S.C.A. SS 1330, 1602 et seq., 1605. | Is the act of state doctrine superseded by the Foreign Sovereign Immunity Act? | International Law- Memo # 753 - MC.docx | ROSS-003310363-ROSS-003310364 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| The Huff Energy Fund v. Longview Energy Co., 482 S.W.3d 184 | 302+16 | Corporation's petition did not give fair notice to directors of a separate competition claim against directors, and therefore trial court erred in submitting jury question as to whether directors had breached fiduciary duty by engaging in competition with corporation, in action arising out of directors' own company's investment in particular shale area after directors allegedly diverted opportunity from corporation, even though petition made general allegations referring to an entity as a competitor of corporation, where any reference to competition was in connection with corporation's claim of breach of fiduciary duty based on usurpation, and factual allegations spoke in terms of a director considering or appropriating an opportunity that belonged to corporation. Tex. R. Civ. P. 47(a), 278. | Should a petition give fair and adequate notice of facts? | 022997.docx | LEGALEASE-00125425-LEGALEASE-00125426 |
| Slater v. Jackson, 163 Ga. App. 342 | 307A+1 | Where no pretrial order is entered, pretrial proceedings end with commencement of trial proper and taking of evidence, and unfettered right to amend ceases and party may amend his pleading only by leave of court or by consent of adverse party. Code, S 81A-115. | What happens when no pre-trial order is entered? | 024344.docx | LEGALEASE-00125220-LEGALEASE-00125221 |
| Lail ex rel. Lail v. Bowman Gray Sch. of Med., 196 N.C. App. 355 | 30+205 | Patient's failure to call physician to testify in medical malpractice action waived review of pre-trial exclusion of his discovery deposition, although hospital and medical school's motion in limine was granted due to lack of notice and ruling was not based upon actual evidence offered at trial. Rules Civ.Proc., Rule 32, West's N.C.G.S.A. S 1A-1; Rules App.Proc., Rule 10(b)(1). | Is the granting or denying of a motion in limine appealable? | Pretrial Procedure - Memo # 484 - C - LK.docx | ROSS-003324524-ROSS-003324525 |
| Opelousas Tr. Auth. v. Cleco Corp., 105 So. 3d 26 | 145+11.3(1) | Louisiana Public Service Commission (LPSC) is authorized by statute to exercise all necessary power and authority over electric utilities for the purpose of fixing and regulating rates charged and services furnished. LSA-Const. Art. 4, S 21(B); LSA-R.S. 45:1163. | Does the Public Service Commission (PSC) have plenary jurisdiction and powers over public utilities? | 042306.docx | LEGALEASE-00125592-LEGALEASE-00125593 |
| In re John's Insulation, 221 B.R. 683 | 366+7(1) | Under New York law, following principal's default on construction contract, completing surety is subrogated to rights of obligee and may enforce obligee's rights against principal. | "Upon default of a public works contractor, is a surety subrogated to the rights of obligee as well as those of the principal?" | 044378.docx | LEGALEASE-00125527-LEGALEASE-00125529 |
| Stidham v. Millvale Sportsmen's Club, 421 Pa. Super. 548 | 203+548 | Malice is essential element or gravamen of third-degree murder, distinguishing factor between murder and manslaughter. 18 Pa.C.S.A. SS 2501, 2502. | Is malice the gravamen of third degree murder? | 019368.docx | LEGALEASE-00125700-LEGALEASE-00125701 |
| People v. Perez, 50 Cal. 4th 222 | 203+558 | The mental state required for attempted murder is the intent to kill a human being, not a particular human being. | Does murder require specific intent to kill? | 019374.docx | LEGALEASE-00125733-LEGALEASE-00125734 |
| Davis v. Macon Tel. Pub. Co., 93 Ga. App. 633 | 237+7(2) | It is libel per se to charge a person with offense of misdemeanor. | Is it libel per se to charge a person with misdemeanor? | Libel and Slander - Memo 216 - BP.docx | ROSS-003300078-ROSS-003300079 |
| Elyria Tel. Co. v. Pub. Utilities Comm'n, 158 Ohio St. 441 | 317A+111 | A public utility may regulate its own affairs and manage its own business unless in doing so a situation develops which is inimical to public interest, and Public Utilities Commission may not manage utility or dictate policies of utility. | Should the Public Utility Commission dictate a utilitys business practices? | 042334.docx | LEGALEASE-00125716-LEGALEASE-00125717 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| eBay v. Bidder's Edge, 100 F. Supp. 2d 1058 | 386+6 | Under California law, in order to prevail on claim for trespass based on accessing computer system, plaintiff must establish: (1) defendant intentionally and without authorization interfered with plaintiff's possessory interest in computer system; and (2) defendant's unauthorized use proximately resulted in damage to plaintiff. | Is an unauthorized electronic contact with a computer system that causes harm trespass? | 047195.docx | LEGALEASE-00125798-LEGALEASE-00125799 |
| Rushing v. Hooper-McDonald, 293 Ala. 56 | 386+49 | In a suit for trespass to land in which defendant alleged pollution of fishpond which killed fish or otherwise rendered fish unmerchantable, plaintiff could recover for damage to his fish, though the fish constituted personal property. | Can damages to personal property be recovered in an action for trespass? | 047259.docx | LEGALEASE-00125854-LEGALEASE-00125855 |
| Republic Ins. Co. v. Culbertson, 717 F. Supp. 415 | 13+1 | Essential elements of a cause of action are a legal obligation, a breach, and consequential damage. | Does a cause of action arise until the injury occurs? | Action - Memo # - C 304-RY.docx | ROSS-003285721-ROSS-003285722 |
| Nat'l Westminster Bank, USA v. State, 76 N.Y.2d 507 | 104+146 | As clerk of courts, county clerk is state officer for whom State is responsible; but when performing general duties, county clerk acts as local officer, and local government must answer for actions taken. | Is a clerk of the courts a State officer for whom the State is responsible? | 013426.docx | LEGALEASE-00126280-LEGALEASE-00126281 |
| Molina v. Comision Reguladora del Mercado de Henequen, 92 N.J.L. 38 | 221+134 | A government which has sequestered property occupies to it the position of custodian only. | Can a government which sequestered property occupy to it the position of custodian? | 020376.docx | LEGALEASE-00125974-LEGALEASE-00125975 |
| Clifford v. U.S. Fid. & Guar. Co., 1926 OK 564 | 91+231 | Officers and crew of liquor-laden vessel held subject to prosecution for conspiracy to violate laws of United States, though corporeally at all times outside jurisdiction of United States. 18 U.S.C.A. S 88. | "Does international law permit the exercise of jurisdiction over conspirators who have never entered the United States, where the conspiracy was directed to violation of the United States law within the United States?" | 020674.docx | LEGALEASE-00126026-LEGALEASE-00126027 |
| Poff v. Hayes, 763 So. 2d 234 | 386+6 | In trespass actions involving chattels, not all interferences with possession are actionable. | Are all interferences with possession actionable in an action for trespass to chattel? | 047224.docx | LEGALEASE-00126020-LEGALEASE-00126021 |
| Thrifty-Tel v. Bezenek, 46 Cal. App. 4th 1559 | 386+6 | "Trespass to chattel" lies where intentional interference with possession of personal property has proximately caused injury. | Can an action for trespass to chattels be sustained without showing a substantial interference with the right to possession? | 047234.docx | LEGALEASE-00126030-LEGALEASE-00126031 |
| City of Trinidad v. Hokasona, 178 F. 438 | 13+61 | An action begun before the accrual or maturity of the demand is premature and should be dismissed. | Can an action begin before the accrual or maturity of the demand? | 005483.docx | LEGALEASE-00126367-LEGALEASE-00126368 |
| Velotta v. Leo Petronzio Landscaping, 69 Ohio St. 2d 376 | 241+43 | Where wrongful conduct complained of is not presently harmful, cause of action does not accrue until actual damage occurs. | "When negligence does not immediately result in damages, does a cause of action accrue only when actual damage has resulted from negligence complained of?" | Action - Memo # 127 - C - AP.docx | ROSS-003325252-ROSS-003325253 |
| Eisenberg v. City of Miami Beach, 1 F. Supp. 3d 1327 | 13+16 | Equitable relief sought by plaintiffs was a remedy, not a separate cause of action. | Is an equitable relief a cause of action? | 005648.docx | LEGALEASE-00126599-LEGALEASE-00126600 |
| Shinkle v. Turner, 496 S.W.3d 418 | 13+61 | A cause of action does not exist until the conduct causes injury that produces loss or damage. | Does a cause of action accrue without occurrence of an injury? | 005773.docx | LEGALEASE-00126503-LEGALEASE-00126504 |
| Brezler v. Mills, 220 F. Supp. 3d 303 | 34+2 | Navy, like any other agency, must comply with its own binding rules. | Does the navy have to comply with its own binding rules? | 008766.docx | LEGALEASE-00126369-LEGALEASE-00126370 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Seemann v. Kinch, 606 A.2d 1308 | 79+3 | Governor was vested with authority to make interim appointment to office of Superior Court clerk pending senate confirmation; pending senate action, appointee, once qualified, took office temporarily and was authorized to act with its powers and responsibilities. Gen.Laws 1956, S 8-4-5. | Does the Governor have the power to appoint judicial officers? | 013496.docx | LEGALEASE-00126812-LEGALEASE-00126813 |
| Rockford Drop Forge Co. v. Donovan, 672 F.2d 626 | 170B+3515 | Appeal from judgment invalidating OSHA inspection warrant was not rendered moot as a result of fact that OSHA inspection had been permitted to take place over employer's objection, since, on the following day, Secretary of Labor terminated further attempts to inspect employer's facilities and since district court granted employer's motion to suppress evidence obtained under the inspection warrant. | Does the Secretary of Labor have authority to obtain inspection warrants ex parte? | 019483.docx | LEGALEASE-00126438-LEGALEASE-00126439 |
| Kelley v. Mallory, 202 Or. 690 | 302+8(1) | Conclusion of law in pleading is not issuable, requires no denial, does not aid the pleading, and amounts to a nullity. | Does a conclusion of law aid pleading? | 022895.docx | LEGALEASE-00126694-LEGALEASE-00126695 |
| Kelley v. Mallory, 202 Or. 690 | 302+8(1) | Conclusion of law in pleading is not issuable, requires no denial, does not aid the pleading, and amounts to a nullity. | Does a conclusion of law require denial? | Pleading - Memo 190 - RMM.docx | LEGALEASE-00016614-LEGALEASE-00016615 |
| Bart v. Union Oil Co. of California, 185 Ill. App. 3d 64 | 190+16 | Oil refinery was not "public utility" within meaning of the Public Utilities Act and, therefore, surviving spouse of security guard killed in explosion at oil refinery could not recover for alleged violations of Act; although oil refinery sold product ordinarily sold by public utilities, refinery had not held itself out to be public utility and there was no proffered evidence that Illinois Commerce Commission had exercised jurisdiction over refinery as public utility. S.H.A. ch. 1112/323, P 1-101 et seq. | Does the mere fact of selling things ordinarily sold by public utilities render the seller a public utility? | Public Utilities - Memo 203 - AM.docx | ROSS-003303791-ROSS-003303794 |
| Miller v. State, 1972 OK CR 327 | 352H+115 | Consent is no defense to a prosecution for sodomy and its only effect is to make the consenting person an accomplice. | Is consent a defense to sodomy? | 043009.docx | LEGALEASE-00126442-LEGALEASE-00126443 |
| State ex rel. Gold v. Dunne, 421 S.W.2d 268 | 1.41E+212 | Funds of school districts are the property of the state, and not the private property of the school districts. | Are funds of school districts property of the state or the private property of the school districts? | Education - Memo # 16 - C - SU.docx | ROSS-003330550-ROSS-003330551 |
| Dear v. Madison Cty. By & Through Madison Cty. Bd. of Sup'rs, 649 So. 2d 1260 | 148+2.19(1) | Government has powers that do not carry with them duty to compensate, as is attendant to eminent domain; such powers include zoning authority, authority to relocate roads and highways, exercise of police powers to regulation of traffic control and designation of access, and power to tax. Const. Art. 3, S 17. | Is the power to tax independent of the eminent domain power? | 017648.docx | LEGALEASE-00126873-LEGALEASE-00126874 |
| Enbridge Pipelines (Illinois) v. Troyer, 2015 IL App (4th) 150334 | 148+187 | Trial court had equitable authority to issue preliminary injunction prohibiting property owners from obstructing gas utility's access to easements after utility had been granted right to exercise eminent domain, but before jury had determined amount of just compensation due; when proceedings terminated, property owners would continue to hold title and possession of their tracts, and injunction simply prevented property owners from impeding utility's access to the tracts for the purpose of installing, operating, and maintaining a petroleum pipeline, rights which had been approved by the Illinois Commerce Commission (ICC) and judicially upheld. | Can a preliminary injunction be considered a taking without just compensation? | Eminent Domain - Memo 304 - GP.docx | ROSS-003286559-ROSS-003286560 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hendler v. United States, 952 F.2d 1364 | 148+2.1 | Government's physical occupation of private property may be "permanent," in sense that it is a "taking" for which just compensation is owed, even though it is not exclusive, continuous, or uninterrupted. U.S.C.A. Const.Amend. 5. | Does a permanent physical occupation need to be continuous and uninterrupted? | 017677.docx | LEGALEASE-00127136-LEGALEASE-00127137 |
| Joint Highway Dist. No. 13 v. Hinman, 220 Cal. 578 | 200+121 | Highway construction is "public purpose" for which property may be taxed by state. | Is road building a public purpose which may be effected by general taxation? | 019262.docx | LEGALEASE-00126861-LEGALEASE-00126862 |
| St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply, 317 F. Supp. 2d 33 | 366+35 | Waiver of subrogation clause, absent any indication of overreaching or unconscionability, is neither invalid under New York statutory law nor contrary to public policy, and thus can bar subrogated claim for gross negligence. N.Y.McKinney's GeneralObligations Law S 5-323. | Can a waiver of subrogation clause bar a subrogated claim for gross negligence? | 043506.docx | LEGALEASE-00127147-LEGALEASE-00127148 |
| Carey v. Stadther, 300 Minn. 88 | 413+670 | Death of feed salesman, whose employer encouraged and expected him to perform acts of community service and who died while attempting to rescue person from bottom of cesspool, arose out of and in the course of his employment and salesman's dependents were entitled to dependency benefits under the Workmen's Compensation Act. M.S.A. SS 176.011 et seq., 176.021, 176.021, subd. 1, 176.111, 604.05. | Is workers compensation based on industrys obligation to recognize accidental injury and death arising out of employment as a cost of production? | 048455.docx | LEGALEASE-00126832-LEGALEASE-00126833 |
| New Hampshire Ins. Co. v. Mora, 500 S.W.3d 132 | 366+35 | Subrogation rights may be waived or altered by contract. | Can subrogation rights be waived or altered by contract? | Action - Memo # 904 - C-PC.docx | ROSS-003298419-ROSS-003298420 |
| Coast Range Conifers v. State ex rel. Oregon State Bd. of Forestry, 339 Or. 136 | 148+2.1 | For purposes of provision of state constitution prohibiting taking of private property for public use without just compensation, the Supreme Court would decline to treat regulation of property and physical invasion of property as if they were the same. West's Or.Const. Art. 1, S 18. | Is regulation in pursuit of a public policy equivalent to taking for a public use? | Eminent Domain - Memo 344 - GP.docx | LEGALEASE-00017650-LEGALEASE-00017651 |
| In re B.C. Rogers Poultry, 455 B.R. 524 | 366+38 | In determining whether subrogation remedy would result in prejudice or injury to subrogor, rendering equitable subrogation unavailable under Mississippi law, courts consider (1) whether applying equitable subrogation will prevent unjust enrichment, and (2) whether the party seeking equitable subrogation has clear equities that are superior to the competing equities of third parties who would be affected by the subrogation remedy. | "Is subrogation defeated due to the ""superior equities doctrine"", if there are greater, or countervailing, equities of other parties who will be affected by equitable subrogation?" | Subrogation - Memo # 1131 - C - TJ.docx | ROSS-003300285-ROSS-003300286 |
| John L. Mattingly Const. Co. v. Hartford Underwriters Ins. Co., 415 Md. 313 | 30+4734 | Ambiguity in waiver of subrogation clause in form contract for construction of a restaurant as to whether waiver encompassed losses sustained after completion of construction and final payment, warranted remand to circuit court to more fully develop the record as to what the parties intended. | Do waivers of subrogation clauses appear in construction contracts? | 043434.docx | LEGALEASE-00127994-LEGALEASE-00127995 |
| Olivas v. United States, 506 F.2d 1158 | 366+35 | The right of subrogation may be modified or extinguished by contract. | Can a right of subrogation be modified or extinguished by contract? | Subrogation - Memo # 1193 - C - BP.docx | ROSS-003286329-ROSS-003286331 |
| Boudreaux v. Scott's Boat Rentals, 184 F. Supp. 3d 343 | 366+35 | Louisiana law generally allows waivers of subrogation. | Does law generally allow waivers of subrogation? | 043442.docx | LEGALEASE-00127800-LEGALEASE-00127801 |
| New Hampshire Ins. Co. v. Mora, 500 S.W.3d 132 | 366+35 | Subrogation rights may be waived or altered by contract. | Can the subrogation rights be waived or altered by contract? | 043569.docx | LEGALEASE-00127643-LEGALEASE-00127644 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| U.S. ex rel. Goodman v. Hearn, 153 F.2d 186 | 34+19 | The constitutional power of Congress to raise and support armies is plenary, and minors may be enlisted without the consent of their parents. U.S.C.A.Const. art. 1, S 8, cl. 12. | Can minors be enlisted without the consent of their parents? | 008332.docx | LEGALEASE-00128618-LEGALEASE-00128619 |
| Cunningham v. Hoffman, 420 F. Supp. 325 | 34+2 | Military authorities are permitted to interpret their own regulations as long as their interpretations are reasonable, and thus if applicable regulations are interpreted in reasonable manner, charge that military authorities have failed to follow their own regulations must fail even though petitioner may present another reasonable interpretation of regulations. | Should the Army's interpretation of its regulations be given controlling weight when the meaning of the army regulation is in question? | 008345.docx | LEGALEASE-00128628-LEGALEASE-00128629 |
| Sellers v. Valenzuela, 249 Ala. 627 | 150+235 | A demurrer is addressed to face of bill and if not thus supported it is a "speaking demurrer" which is not permissible. | Are speaking demurrers permissible? | 023099.docx | LEGALEASE-00128533-LEGALEASE-00128534 |
| Shady Records v. Source Enterprises, 371 F. Supp. 2d 394 | 170A+1711.1 | Plaintiff's voluntary dismissal of action, after answer has been filed, may be conditioned upon plaintiff fulfilling whatever terms and conditions district court, in its discretion, deems necessary to offset possible prejudice that defendant may otherwise suffer from dismissal, including requirement that dismissal be with prejudice. Fed.Rules Civ.Proc.Rule 41(a)(2), 28 U.S.C.A. | Is the purpose of the rule related to voluntary dismissals the prevention of intolerable manipulation of the court's calendar and the defendants' resources? | 039213.docx | LEGALEASE-00128330-LEGALEASE-00128331 |
| Muscoda Bridge Co. v. Vill. of Muscoda, 193 Wis. 457 | 64+15 | Legislative declaration that toll bridges are public utilities did not necessarily result in toll bridge franchises becoming indeterminate permits. Laws 1911, cc. 48, 596; Laws 1907, c. 499, S 1797m-77. | Does the existence as a public utility result in the grant of an indeterminate permit? | 042474.docx | LEGALEASE-00128587-LEGALEASE-00128588 |
| Bacon v. DBI/SALA, 284 Neb. 579 | 413+2103 | Waivers of statutorily conferred rights under the Workers' Compensation Act must be clear and unequivocal. West's Neb.Rev.St. S 48-118. | Are subrogation waivers strictly construed? | 043214.docx | LEGALEASE-00128348-LEGALEASE-00128349 |
| Bacon v. DBI/SALA, 284 Neb. 579 | 413+2103 | Waivers of statutorily conferred rights under the Workers' Compensation Act must be clear and unequivocal. West's Neb.Rev.St. S 48-118. | Are waivers of subrogation strictly construed? | 043377.docx | LEGALEASE-00128158-LEGALEASE-00128160 |
| Nestel v. Future Const., 836 N.E.2d 445 | 366+35 | Negligence and breach of contract do not supersede a waiver of subrogation. | Does breach of contract supersede a waiver of subrogation? | 043412.docx | LEGALEASE-00128322-LEGALEASE-00128323 |
| Alley v. Alley, 137 Ga. App. 256 | 13+63 | Doctrine of laches has no application as defense to action at law. | Is the doctrine of laches not applicable to an action at law? | Action - Memo # 836 - C - DA.docx | ROSS-003287163-ROSS-003287164 |
| Flanagin v. Hambleton, 54 Md. 222 | 8.30E+266 | The word "renewal" has no legal, or strictly technical signification. | Does the word renewal have any legal or technical signification? | Bills and Notes - Memo 150 - RK.docx | LEGALEASE-00018597-LEGALEASE-00018599 |
| Flanagin v. Hambleton, 54 Md. 222 | 8.30E+266 | The word "renewal" has no legal, or strictly technical signification. | Does the word renewal have any legal or technical signification? | 009349.docx | LEGALEASE-00129001-LEGALEASE-00129003 |
| Pierce v. Associated Rest & Nursing Care, 90 N.C. App. 210 | 118A+271 | Declaratory judgment action brought by lessees which sought determination of parties' rights under lease agreement and which sought to enjoin lessor from bringing separate ejectment action pending determination of rights would not directly affect title or interest in property, and thus, action need not be tried in county in which property is located, pursuant to statute. G.S. S 1-76. | Do courts consider the allegations in the complaint in deciding whether the judgment sought by plaintiff would affect title to land? | Venue - Memo 112 - RK.docx | ROSS-003315267-ROSS-003315268 |
| Thomas v. Hunt Mfg. Corp., 42 Cal. 2d 734 | 30+110 | Appeal would not lie from order denying a motion for new trial. Code Civ.Proc. S 963. | Is an order denying a motion for a new trial appealable? | Appeal and error - Memo 43 - RK.docx | ROSS-003327027-ROSS-003327028 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fendall v. D.C., 16 Ct. Cl. 106 | 132+35 | Congress created a territorial government for the District of Columbia, and authorized it to make assessments for sewers upon the property adjoining. A tax, therefore, was levied upon property, for this purpose, by the territorial government, and, in advance of its collection, the board of public works issued certificates of indebtedness, secured by the assessments. These were received by third persons for value, and, while thus outstanding, congress abolished the government, and prohibited the collection of assessments, and afterwards conferred jurisdiction upon the court of claims to entertain actions for the settlement of all outstanding claims. Held, that the holders of these certificates were entitled to judgments for their amounts, not, however, in money, but in 3.65 bonds, as specified in the act. | What is the interest rate on certificates of assessment? | 018754.docx | LEGALEASE-00129032-LEGALEASE-00129033 |
| Gen. Elec. Credit Corp. v. Aetna Cas. & Sur. Co., 437 Pa. 463 | 30+15 | Even though two final judgments in favor of defendants were entered but plaintiff filed only one appeal and this was not acceptable procedure, appeal would not be quashed and appeal from two judgments would be considered on merits, where (1) issues raised as to both judgments were precisely the same, (2) neither defendant objected to plaintiff's bringing but one appeal, and (3) if appeal were quashed the statutory period allowed for appeal would already have expired, precluding institution of proper appeals. Supreme Court Rules, rule 20, subd. A; 12 P.S. S 1136. | Does an appellate court maintain discretion to refrain from quashing a single appeal from several final orders? | Appeal and error - Memo 64 - RK.docx | LEGALEASE-00019033-LEGALEASE-00019034 |
| Adirim v. State, 350 So. 2d 1082 | 67+6 | Burglary is not a disturbance to fee of the place as realty but to habitable security; therefore, in burglary, ownership means any possession which is rightful as against burglar. | Is burglary a disturbance to habitable security? | 013222.docx | LEGALEASE-00129641-LEGALEASE-00129642 |
| Union Bank & Tr. Co. of Los Angeles v. Los Angeles Cty., 2 Cal. App. 2d 600 | 316P+230 | Where public officer is ex officio incumbent of another public office, such offices are as distinct as though occupied by different persons. | Is the county clerk the ex officio clerk of the superior court? | 013352.docx | LEGALEASE-00129671-LEGALEASE-00129672 |
| Gladden v. Thurmond, 77 S.W.2d 703 | 307A+501 | Plaintiff may at any time take a nonsuit and dismiss the cause of action asserted by him. Vernon's Ann.Civ.St. art. 2182. | Does the right to dismiss an action rests with the plaintiff? | Pre-trial Procedure - Memo # 1052 - C - KG.docx | LEGALEASE-00019317-LEGALEASE-00019318 |
| Wilcox v. Orellano, 443 Md. 177 | 241+130(10) | Pursuant to statutory savings clause for malpractice actions, if a claimant commences a medical malpractice claim within the period of limitations and the claim is dismissed without prejudice for failure to file an expert report, the claimant has up to 60 days to file a new civil action for the same cause against the same parties, even if the statute of limitations has otherwise run in the interim, but this grace period does not apply when there is a voluntary dismissal by the plaintiff; statutory savings clause applies "only" when the claim has been dismissed for failure to file an expert report. West's Ann.Md.Code, Courts and Judicial Proceedings, SS 3-2A-04(b)(3), 5-119(a)(2), (b). | "Can a plaintiff voluntarily dismiss the action once, without prejudice at any time prior to the commencement of trial?" | 026038.docx | LEGALEASE-00129444-LEGALEASE-00129445 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Shepard Realty Co. v. United Shoe Stores Co., 193 La. 211 | 307A+501 | There exists no essential difference between a "discontinuance" and a "voluntary nonsuit." | "Does there exist any essential difference between discontinuance"" and a ""voluntary nonsuit""?" | 026219.docx | LEGALEASE-00129328-LEGALEASE-00129329 |
| Watson v. Watson, 9 Haw. 389 | 307A+501 | When a discontinuance of a suit will result in injury to any of the parties, it is not allowable, and where each of parties has an interest in the verdict, court will not grant leave to discontinue against objections. | "When a discontinuance of a suit will result in injury to any of the parties, is it allowable?" | 026239.docx | LEGALEASE-00129453-LEGALEASE-00129454 |
| Damp v. Town of Dane, 33 Wis. 430 | 307A+501 | As a rule, the plaintiff in an action has an undoubted right to discontinue it. | "As a rule, does the plaintiff in an action have an undoubted right to discontinue it?" | 026317.docx | LEGALEASE-00129794-LEGALEASE-00129795 |
| Fox v. Stanley J. How & Assocs., 309 N.W.2d 520 | 30+3324 | Although trial courts have power and discretion to impose sanctions to enforce pretrial order, it is incumbent upon reviewing court to scrutinize exercise of that discretion and to confine exercise to reasonable limits. | Does a trial court have the power to enforce its own pre-trial order which is designed to prevent surprise evidence? | 026344.docx | LEGALEASE-00130060-LEGALEASE-00130061 |
| Estate of Fahnlander, 81 Wash. App. 206 | 307A+742.1 | Purpose of pretrial scheduling orders is to permit orderly discovery and pretrial preparation. | What is the purpose of pretrial scheduling? | 026405.docx | LEGALEASE-00130052-LEGALEASE-00130055 |
| Swafford v. Manejwala, 210 So. 3d 1007 | 307A+45 | Granting summary judgment in favor of doctor in medical malpractice action after court both denied patient's motion to extend scheduling order's deadline for designating expert witnesses and struck affidavit of patient's medical expert was not too harsh of a sanction for failing to obey scheduling order; trial court had right to expect compliance with scheduling order. Rules Civ.Proc., Rules 26(f), 56. | Does trial judges have considerable discretion in managing the pre-trial discovery process in their courts? | Pretrial Procedure - Memo # 1545 - C - SN.docx | LEGALEASE-00019919-LEGALEASE-00019920 |
| Walton v. Town of Jena, 284 So. 2d 632 | 413+1 | Workmen's Compensation Law is paternalistic in nature and intent. LSA-R.S. 23:1021 et seq. | Is Workmens compensation paternalistic in nature and intent? | 047822.docx | LEGALEASE-00130141-LEGALEASE-00130142 |
| Jones v. Regions Bank, 719 F. Supp. 2d 711 | 25T+143 | Borrower and bank agreed to arbitrate disputes arising from loan agreement, for purposes of compelling arbitration of borrower's claims for breach of contract, breach of duty of good faith and fair dealing, and fraud against bank and its debt protection program administrator; agreement expressly provided for arbitration of any claim arising out of, arising from, or relating in any way to agreement, including issue of arbitrability, and extended those provisions to bank's contractors, such as program administrator. 9 U.S.C.A. S 2. | "Are arbitration clauses that contain phrases such as, any controversy, claim, counterclaim, defense, dispute, difference or misunderstanding arising out of or relating to this agreement or breach thereof, deemed to be very broad and cover all possible claims that might arise?" | 007411.docx | LEGALEASE-00131372-LEGALEASE-00131373 |
| Strauss v. Silvercup Bakers, 353 F.2d 555 | 25T+143 | A provision must be specific if it is to exclude a claim from arbitration. | Does a provision excluding a claim from arbitration have to be specific? | Alternative Dispute Resolution - Memo 557 - RK.docx | ROSS-003285609-ROSS-003285610 |
| McCormick v. United States, 500 U.S. 257 | 164T+24(5) | Quid pro quo is necessary for conviction under Hobbs Act when official receives campaign contribution, regardless of whether it is legitimate contribution; property is "extorted" in violation of Hobbs Act only when official asserts that his official conduct will be controlled by terms of promise or undertaking. 18 U.S.C.A. S 1951. | Is a campaign contribution a bribe? | 011077.docx | LEGALEASE-00130370-LEGALEASE-00130371 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Park, 649 F.3d 1175 | 350H+1285 | Defendant's prior conviction for burglary under California's first-degree burglary statute involved conduct that presented serious potential risk of physical injury to another, as required to qualify as "crime of violence" under residual clause of career offender sentencing guideline, even though statute did not require unlawful entry in same sense contemplated by Sentencing Guidelines, since absence of unlawful entry did not, without more, change fact that committing offense presented serious potential risk of injury to dwelling's lawful occupants. U.S.S.G. SS 2K2.1(a), 4B1.2(a), 18 U.S.C.A.; West's Ann.Cal.Penal Code S 459. | Is burglary a crime of violence? | 012928.docx | LEGALEASE-00131296-LEGALEASE-00131297 |
| United States v. Cloud, 197 F. Supp. 3d 1263 | 350H+1285 | Defendant's prior Washington conviction for residential burglary was not a "crime of violence" under Sentencing Guidelines, and thus could not provide basis for enhancement to his sentence for possession of stolen firearms; Washington State definition of residential burglary was not a categorical match for generic burglary and was indivisible, as it included burglarizing a fenced area that doubled as a dwelling, and it contained alternative means of committing residential burglary, as opposed to alternative elements, as a conviction required jury to find only that defendant entered or remained unlawfully in a dwelling, but jury did not have to agree on the specific type of dwelling or building burglarized. Wash. Rev. Code Ann. SS 9A.04.110(5), 9A.04.110(7), 9A.52.025(1); U.S.S.G. SS 2K2.1(a)(2), 4B1.2(a)(2). | What is burglary in the second degree? | Burglary - Memo 37 - RK.docx | ROSS-003314345-ROSS-003314346 |
| State v. Thomas, 124 So. 3d 1049 | 67+2 | Defendant who unlawfully opened safe simply by turning dial to proper combination but who did not use explosives, drills or tools to open safe could not be convicted of violating safecracking statute. G.S. S 14-89.1. | How is the offense of safecracking defined? | 013197.docx | LEGALEASE-00131333-LEGALEASE-00131334 |
| Mellons v. State, 560 S.W.2d 634 | 67+2 | Consummation of intent to steal is not necessary to complete crime of burglary. | Is consummation of intent necessary for burglary? | Burglary - Memo 75 - RK.docx | ROSS-003327740-ROSS-003327741 |
| Stegmaier v. Trammell, 597 F.2d 1027 | 79+6 | Even though, under the Alabama judicial scheme, deputy circuit clerk did not stand in a confidential relationship to a policy maker or to a policy-making process, deputy circuit clerk fell within the "confidential employee" exception to the general proscription of patronage dismissals where, under Alabama statutes, deputy clerks were empowered to conduct all business which the elected clerk was authorized to conduct and where the clerk was statutorily subject to civil liability and fines for failure to perform statutory duties, thus making it necessary for circuit clerk to select a deputy in whom he has total trust and confidence and from whom he can expect undivided loyalty. Code of Ala.1975, SS 12-17-93, 12-17-93(2), 12-17-94, 12-17-94(b). | Does a circuit court clerk have the power to transact all the business of a deputy clerk? | 013390.docx | LEGALEASE-00131205-LEGALEASE-00131206 |
| Yell Cty. Tel. Co. v. Taylor, 336 Ark. 108 | 307A+501 | Right to a voluntary nonsuit rests solely with plaintiffs. Rules Civ.Proc., Rule 41(a). | Does a plaintiff have no lawful right to a voluntary nonsuit? | Pretrial Procedure - Memo # 1223 - C - DA.docx | ROSS-003286065-ROSS-003286066 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Palacios v. Winters, 26 S.W.3d 734 | 307A+747.1 | Pretrial order must be in writing to be effective. Vernon's Ann.Texas Rules of Civ.Proc., Rule 166. | Must a pretrial order be in writing to be effective? | 026857.docx | LEGALEASE-00131046-LEGALEASE-00131047 |
| Unruh v. Purina Mills, 289 Kan. 1185 | 307A+749.1 | The pretrial order supersedes any pleadings and has the effect of amending the pleadings to conform to it. West's K.S.A. 60-216(e). | Does the pretrial order supersede the pleadings? | 026884.docx | LEGALEASE-00130323-LEGALEASE-00130324 |
| State v. Croom, 168 Ga. App. 145 | 307A+742.1 | The purpose of both the pleadings and the pretrial order is to define the issues for trial. O.C.G.A. S 9-11-16. | What is the purpose of the pleadings and the pretrial order? | 027031.docx | LEGALEASE-00130964-LEGALEASE-00130965 |
| State v. Jackman, 60 Wis. 2d 700 | 371+2100 | Charges exacted in exercise of police power are not "taxes" and are not subject to constitutional limitations which apply to exercise of power to tax. | What is the primary purpose of a tax? | Taxation - Memo # 161 - C- NA.docx | LEGALEASE-00021104-LEGALEASE-00021106 |
| Clean Water Coal. v. The M Resort, 127 Nev. 301 | 371+2001 | An exaction of money for the purpose of generating revenue is a "tax." | What is an exaction of money for the purpose of generating revenue termed as? | 044720.docx | LEGALEASE-00130845-LEGALEASE-00130846 |
| Madden v. City of Iowa City, 848 N.W.2d 40 | 371+2001 | A "tax" is a general revenue measure without benefits conferred. | Is tax a general revenue measure? | 045021.docx | LEGALEASE-00130550-LEGALEASE-00130551 |
| Madden v. City of Iowa City, 848 N.W.2d 40 | 371+2001 | A "tax" is a general revenue measure without benefits conferred. | Is tax conferred without benefits? | Taxation - Memo # 45 - C - KBM.docx | ROSS-003288502-ROSS-003288503 |
| Chisolm v. United States, 49 Fed. Cl. 614 | 34+3(1) | Procedural matters involved in military decisions are justiciable; merits of the decision are not. | Are the merits of a military decision justiciable? | 008941.docx | LEGALEASE-00132465-LEGALEASE-00132466 |
| United States v. Kemp, 500 F.3d 257 | 63+1(1) | Key to whether a gift constitutes a bribe is whether the parties intended for the benefit to be made in exchange for some official action; government need not prove that each gift was provided with the intent to prompt a specific official act. | When does a gift constitute a bribe? | 011163.docx | LEGALEASE-00132505-LEGALEASE-00132506 |
| People v. Walters, 249 Cal. App. 2d 547 | 67+9(2) | The slightest entry is sufficient to constitute crime of burglary, if it be with felonious intent. | Is burglary a crime involving entry? | Burglary - Memo 70 - RK.docx | ROSS-003327222-ROSS-003327223 |
| Condor Am. v. Am. Power Dev., 128 F.R.D. 229 | 170A+636 | In order to satisfy requirements of rule requiring that fraud be pled with particularity, complaint must give defendant notice of nature of claims against him; plaintiff need only plead circumstances of the fraud with particularity, not the evidence of fraud. Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A. | Must fraud be plead with particularity? | 023222.docx | LEGALEASE-00132290-LEGALEASE-00132291 |
| State v. Dozler, 455 S.W.3d 471 | 110+303.35(1) | Trial court had no jurisdiction to enter a dismissal of a criminal case with prejudice after prosecutor entered an oral nolle prosequi at a hearing before trial, and thus trial court's order was a nullity. Mo. Const. art. 5, S 14; Mo. Ann. Stat. S 56.087(1, 2). | "Once a case is voluntarily dismissed, is there any case or matter?" | Pretrial Procedure - Memo # 2292 - C - SK.docx | ROSS-003314369-ROSS-003314370 |
| Dukesherer Farms v. Ball, 405 Mich. 1 | 371+2001 | Taxes are exactions or involuntary contributions of money which are sanctioned by law and enforceable by courts and which are imposed primarily for public rather than private purposes. | Are taxes enforceable by courts? | 044946.docx | LEGALEASE-00132029-LEGALEASE-00132030 |
| Reed v. City of New Orleans, 593 So. 2d 36 | 371+2001 | Nature of tax is determined not by its title, but by its incidents, attributes, and operational effect; realities and substance of tax must be examined, not its form. LSA-Const. Art. 6, S 29. | Should the realities and substance of a tax be examined rather than its form? | Taxation - Memo # 308 - C - CK.docx | ROSS-003315225-ROSS-003315226 |
| United States v. Muldoon, 931 F.2d 282 | 63+1(1) | Distinction between bribe and illegal gratuity is difference in intent of person who gives bribe; proof of bribery requires corrupt intent, which is not required to show illegal gratuity. 18 U.S.C.A. S 201(b), (b)(1)(A-C), (c); Fed.Rules Cr.Proc.Rule 31(c), 18 U.S.C.A. | Is a finding of corrupt intent necessary for a conviction of bribery? | 011177.docx | LEGALEASE-00132566-LEGALEASE-00132567 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Miles, 160 A.3d 23 | 110+772(2) | It was not necessary for court to use the word "corrupt" in definition of crime charged in indictment charging the soliciting of a bribe. Gen.Code, S 12823. | Is a finding of corrupt intent necessary for a conviction of bribery? | Bribery - Memo #135 - C - EB.docx | LEGALEASE-00022362-LEGALEASE-00022363 |
| In re Calhoun Beach Holding Co., 205 Minn. 582 | 51+3372.13 | Partner's fraud can be imputed to debtor, regardless of debtor's actions or knowledge, in determining whether debt is nondischargeable on grounds of false pretenses, false representation, or actual fraud. Bankr.Code, 11 U.S.C.A. S 523(a)(2)(A). | Can a partners fraud be imputed to a debtor? | 022145.docx | LEGALEASE-00133547-LEGALEASE-00133548 |
| Beck v. Indiana Surveying Co., 429 N.E.2d 264 | 289+494 | Use of a firm name is evidence of existence of a partnership. IC 23-4-1-6, 23-4-1-7 (1976 Ed.). | Is the use of a firm name material in determining the existence of a partnership? | Partnership - Memo 292 - RK.docx | ROSS-003305085-ROSS-003305086 |
| T & G Enterprises v. White, 298 Ga. App. 355 | 307A+750 | If a claim or issue is omitted from the pretrial order, it is waived. | Does a claim or issue get waived if it is omitted from a pretrial order? | Pretrial Procedure - Memo # 1821 - C - SB.docx | ROSS-003287786-ROSS-003287787 |
| Marquez v. Rapid Harvest Co., 1 Ariz. App. 562 | 413+1 | The benefits of the Workmen's Compensation Act accrue to those who undertake its burdens. A.R.S. S 23-901 et seq. | To whom do the benefits of the Workmens Compensation Act accrue? | 047870.docx | LEGALEASE-00132935-LEGALEASE-00132936 |
| Exch. Nat. Bank of Chicago v. Crest Fin. Co., 53 Ill. App. 2d 255 | 8.30E+186 | Handwritten marginal figures relating to date of maturity were no part of instrument and could not be referred to in absence of an ambiguity in note as to due date. | Do figures in the margin form a part of the note or instrument? | 010226.docx | LEGALEASE-00133624-LEGALEASE-00133625 |
| Meinhold v. U.S. Dep't of Def., 123 F.3d 1275 | 393+1109(1) | District court did not abuse its discretion in finding that government's position with respect to lawsuit brought by Naval officer who was discharged for stating that he was gay was not substantially justified, and that officer was thus entitled to attorney fees under Equal Access to Justice Act (EAJA), where Navy violated its own regulation by discharging officer for statement alone. 28 U.S.C.A. S 2412. | Is the banning of gays and lesbians from the military service unconstitutional under the Equal Protection Clause? | 008424.docx | LEGALEASE-00133828-LEGALEASE-00133829 |
| Williams v. United States, 541 F. Supp. 1187 | 34+5(1) | A citizen enjoys no constitutionally protected right to join the military. U.S.C.A.Const.Amend. 5. | Is there any constitutional right to join the military? | 008430.docx | LEGALEASE-00133908-LEGALEASE-00133909 |
| Houston v. McCoy, 351 So. 2d 829 | 83E+413 | Under Negotiable Instruments Law, a negotiable instrument may be negotiated by gift as well as for value. LSA-R.S. 7:191. | Can negotiable instrument be negotiated by gift as well as for value? | Bills and Notes - Memo 260- VP.docx | ROSS-003303898-ROSS-003303899 |
| Turner v. Wakefield, 481 So. 2d 846 | 8.30E+266 | It is duty of party to make inquiry or investigation before executing renewal note, where facts and circumstances are such that a reasonably prudent person, judged by normal standards, should have made such inquiry, which if pursued with reasonable and ordinary diligence, would have led to full knowledge of his defenses. | Will a party waive all his defenses and becomes obligated to pay the new note when the party has fully knowledge of all defenses to a note and executes a new note payable at a future date? | 009468.docx | LEGALEASE-00134345-LEGALEASE-00134346 |
| Allamakee Cty. v. Collins Tr., 599 N.W.2d 448 | 200+79.1 | Established highway or right of way may be abandoned by the public and its rights lost. | Can an established highway be abandoned? | Highways -Memo 89 - KC.docx | ROSS-003317606-ROSS-003317607 |
| Board of Trustees of Town of Lake Park Firefighters' Pension Plan v. Town of Lake Park, 966 So. 2d 448 | 231H+402 | Pension statutes are to be liberally construed in favor of the intended recipients. | Can pension statutes be liberally construed? | 022792.docx | LEGALEASE-00134092-LEGALEASE-00134093 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Einhaus v. O. Ames Co., 547 S.W.2d 821 | 302+8(17) | Negligence is an ultimate fact which may be pleaded as such, and not a conclusion. | Is negligence an ultimate fact which may be pleaded as such? | 023261.docx | LEGALEASE-00134224-LEGALEASE-00134225 |
| In re Forfeiture of 1982 Ford Mustang, Vehicle ID No. ABP16F6CF190433, 725 So. 2d 382 | 307A+486 | Party may not withdraw admission without motion to amend admission. West's F.S.A. RCP Rule 1.370. | Can a party withdraw admission without a motion to amend admission? | 028785.docx | LEGALEASE-00134609-LEGALEASE-00134610 |
| Howard v. Howard, 200 N.C. 574 | 307A+66 | Where certain known creditors of an estate were made parties defendant in an action to settle estate along with certain infants' statutory guardian and infants themselves, it was not necessary that depositions be taken on interrogatories under statute requiring depositions so to be taken if all of the parties against whom a deposition is to be read have been constructively summoned and have not appeared or if they are defendants and under disability other than coverture or infancy and coverture combined. Civ.Code Prac. S 574. | Is it necessary that a deposition should be taken on interrogatories? | 028954.docx | LEGALEASE-00134216-LEGALEASE-00134217 |
| Glenn v. Hunt, 120 Mo. 330 | 307A+69.1 | It is not necessary that interrogatories be annexed to the commission, under Rev.St.1889, S 4439, authorizing the officer to whom the commission is directed to examine the witness "touching his knowledge of anything relating to the matter in controversy." | Is it necessary that interrogatories be annexed to the commission? | 028958.docx | LEGALEASE-00134226-LEGALEASE-00134227 |
| Sanders v. State, 293 Ga. App. 534 | 352H+119 | Mistake of age is not a defense to capital or statutory rape. | Is mistake of age a defense to statutory rape? | 043013.docx | LEGALEASE-00134760-LEGALEASE-00134761 |
| Tax Review Bd. of Philadelphia v. Esso Standard Div. of Humble Oil & Ref. Co., 424 Pa. 355 | 371+2001 | Invoices or bookkeeping cannot change nature or incidence of a tax. | Can invoices change nature or incidence of a tax? | 045041.docx | LEGALEASE-00134327-LEGALEASE-00134328 |
| Bevere v. Oppenheimer & Co., 862 F. Supp. 1243 | 25T+121 | Statutory nature of ERISA breach of fiduciary duty claims against financial services company by plan beneficiaries and participants did not bar enforcement, under Federal Arbitration Act (FAA), of arbitration clause in customer agreement executed by plan administrator and company. 9 U.S.C.A. S 2; Employee Retirement Income Security Act of 1974, SS 409, 502, 29 U.S.C.A. SS 1109, 1132. | Does Employee Retirement Income Security Act (ERISA) completely supplants or completely subordinate to arbitration? | Alternative Dispute Resolution - Memo 208 - SB.docx | LEGALEASE-00024778-LEGALEASE-00024779 |
| United States v. Shirey, 168 F. Supp. 382 | 63+6(1) | An information charging that the defendant did unlawfully offer to a member of Congress to donate $1,000 a year to a political party in consideration of promise to use influence to procure for the donor an appointive office as postmaster was insufficient to charge an offense. 18 U.S.C.A. SS 214, 215; Defense Production Act of 1950, S 1 et seq., 50 U.S.C.A.App., SS 2061 et seq.; 18 U.S.C.A. S 3731. | Is it a crime to solicit or receive political contributions for a promise to help any person obtain any appointive office or place under the United States? | Bribery - Memo #373 - C-CSS.docx | LEGALEASE-00024875-LEGALEASE-00024876 |
| State v. Rounds, 476 So. 2d 965 | 67+2 | Essential part of a burglary is a safe and undetected retreat from the premises with fruits of the crime. | Is an escape part of the burglary? | Burglary - Memo 116 - JS.docx | ROSS-003330999-ROSS-003331001 |
| Kessinger Hunter Mgmt. Co. v. Davis, 782 S.W.2d 426 | 307A+716 | Trial court may exercise discretion when attorney legislator requests continuance; filing of application for legislative continuance does not divest trial court of jurisdiction and preclude further proceedings. V.A.M.R. 65.06. | Do courts have some discretion to grant or deny a motion for legislative continuance? | 029233.docx | LEGALEASE-00135288-LEGALEASE-00135289 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Schroeder v. Busenhart, 133 Ill. App. 2d 180 | 30+4193 | Denial of further continuances did not prejudice plaintiffs, where harm which plaintiffs sought to prevent was the denial of an opportunity for effective representation by counsel, in situation where counsel for plaintiffs was the third attorney in a four-month period to appear in the cause, and where plaintiffs' counsel distinguished himself by the vigorous and thorough manner in which he conducted plaintiffs' case. Supreme Court Rules, rule 231(f), S.H.A. ch. 110A, S 231(f). | Is the substitution of attorneys after the commencement of trial a good cause for granting continuance? | Pretrial Procedure - Memo # 3272 - C - KG.docx | LEGALEASE-00025191-LEGALEASE-00025192 |
| Combs v. Schmidt, 2012 IL App (2d) 110517 | 228+181(23) | Genuine issue of material fact as to whether, pursuant to special circumstances doctrine, landlord and landlord's insurer had duty to preserve evidence precluded summary judgment on spoliation of evidence claim by tenants' estates after tenants were killed in house fire and remainder of house was subsequently demolished. | Is the duty to preserve relevant evidence discharged when a party or potential litigant with a legitimate reason to destroy evidence provides reasonable notice of a possible claim? | Pretrial Procedure - Memo # 3305 - C - SPB.docx | ROSS-003290749-ROSS-003290751 |
| Adams v. Hill, 177 Ga. App. 492 | 307A+716 | As a rule, continuance on ground of counsel's illness is not favored. | Is continuance on ground of counsel's illness favored? | Pretrial Procedure - Memo # 3342 - C - NS.docx | ROSS-003289682 |
| Scott v. Bullion Min. Co., 2 Nev. 81 | 307A+69.1 | A new trial will be granted when a second deposition is excluded, because one deposition of the same witness about the same subject-matter has been taken, unless it is shown that the first contained a complete examination, and that there was no legal objection to its being used. | Can a Court grant or reject the second depositions? | 029648.docx | LEGALEASE-00135188-LEGALEASE-00135189 |
| Mercado v. Hill, 2012 UT App 44 | 307A+483 | Counsel's failure to respond to requests for admissions rendered them admitted in negligence action arising out of motor vehicle accident; requests for admissions were resorted to only after counsel repeatedly failed to respond to other forms of discovery, and, rather than promptly objecting, counsel ignored the requests and did not seriously challenge the admission until after the trial court had granted summary judgment. Rules Civ.Proc., Rule 36 (2010). | "Are requests for admission taken seriously, and answers or objections served promptly?" | Pretrial Procedure - Memo # 3927 - C - MS.docx | ROSS-003291040-ROSS-003291041 |
| Southport Mill v. Friedrichs, 171 La. 786 | 95+303(4) | Condition of contract is considered fulfilled when performance is prevented by party whose obligation depends on condition. Civ.Code, art. 2040. | When is a condition fulfilled? | 010123.docx | LEGALEASE-00136536-LEGALEASE-00136537 |
| Johnson v. Frisbie, 15 Mich. 286 | 83E+348 | A promissory note, made in Michigan and payable "with current rate of exchange on New York," is a negotiable instrument. | "If a note is made payable in exchange, does it destroy its negotiability or prevent it from being a promissory note?" | Bills and Notes- Memo 238 -VP.docx | ROSS-003331969-ROSS-003331970 |
| United States v. Townsend, 630 F.3d 1003 | 63+1(2) | Term "any thing of value," as used in the federal statute prohibiting bribes offered to state and local officials employed by agencies receiving federal funds, may include intangibles, such as freedom from jail and incremental increases in such freedom. 18 U.S.C.A. S 666(a)(1)(B). | Can intangibles be things of value? | Bribery - Memo #414 - C-CSS.docx | ROSS-003303994-ROSS-003303996 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Barnes, 126 F. Supp. 3d 735 | 349+112 | Had agent included, in affidavit for warrant to search defendant's medical office for evidence of health care fraud and illegal kickbacks, information that certain payments referenced in the affidavit were provided as legitimate compensation for his services as medical director for provider of home healthcare services, the affidavit would not have been rendered insufficient to support a finding of probable cause; this information related to affirmative defenses under safe-harbor provisions to the anti-kickback statute, and any additions to the affidavit concerning the alleged kickbacks did not affect the allegations that defendant participated in a scheme to defraud Medicare by falsely certifying beneficiaries for home healthcare services. U.S.C.A. Const.Amend. 4; Stark Law, S 1128B(b)(3)(B), 42 U.S.C.A. S 1320a-7b(b)(3)(B); 42 C.F.R. S 1001.952(d). | Is the safe-harbor provision treated as an affirmative defense for bribery? | 011718.docx | LEGALEASE-00136704-LEGALEASE-00136705 |
| Etheridge Motors v. Haynie, 103 Ga. App. 676 | 302+8(17) | Statement that plaintiff was without fault is not a conclusion but a statement of fact. | Is the statement that the plaintiff was without fault a conclusion? | 023332.docx | LEGALEASE-00136409-LEGALEASE-00136411 |
| Irvine v. State, 64 Okla. Crim. 345 | 110+593 | Where the defendant or his attorney of record is a member of the Legislature or the Senate then in session at time of trial, the defendant is entitled to a continuance under statute as a matter of law. 12 Okl.St.Ann. S 667. | Can the court for good cause continue a case at any stage of the proceeding on such terms as may be just? | 030253.docx | LEGALEASE-00136911-LEGALEASE-00136912 |
| Serrano v. Ryan's Crossing Apartments, 241 S.W.3d 560 | 30+3911 | If a motion for continuance is not verified or supported by affidavit, the appellate court will presume the trial court did not abuse its discretion in denying the motion. | "Must a motion for continuance be in writing, state the specific facts supporting the motion, and be verified or supported by an affidavit?" | 030780.docx | LEGALEASE-00136403-LEGALEASE-00136404 |
| Cooper v. Epstein, 308 A.2d 781 | 308+145(2) | Generally, undisclosed principal may sue and be sued on contract made by agent, even where agent denies there is a principal or represents himself to be principal. | Does an undisclosed principal have the right to sue? | Principal and Agent - Memo 95 - KC.docx | ROSS-003318767-ROSS-003318768 |
| Bennett Dairy v. Putney, 46 A.D.2d 1010 | 289+638 | A partner is agent of partnership and his acts may be adopted and enforced by partnership as its own. | Can an agents acts be adopted and enforced? | Principal and Agent - Memo 99 - KC.docx | LEGALEASE-00026864-LEGALEASE-00026865 |
| Patterson v. Stancliff, 330 F. Supp. 110 | 197+283 | Resort to Army Board for Correction of Military Records was not prerequisite to habeas corpus proceeding by petitioner seeking discharge from United States Army Reserve. 10 U.S.C.A. S 1552; 28 U.S.C.A. S 2241(c) (1). | Is it necessary that an unsuccessful applicant for post induction conscientious objector discharge have to appeal to the Board for Correction of Military Records in order to exhaust his available administrative remedies? | Armed Services - Memo 162 - JS.docx | ROSS-003290396-ROSS-003290397 |
| Zuvers v. Robertson, 906 S.W.2d 892 | 241+25(2) | Delivery of check containing the word "loan" written as memorandum notation on the check, made payable to the alleged recipient of the loan proceeds, which is then endorsed by the payee, satisfies the requirement of ten-year statute of limitation for action upon a writing for payment of money, as opposed to five-year statute of limitations for other obligations. V.A.M.S. SS 516.110, 516.120. | "Does a check, on the face of which the word loan appears, constitute an instrument containing a contract to repay the money borrowed?" | 010256.docx | LEGALEASE-00137676-LEGALEASE-00137677 |
| Van Zandt v. Hopkins, 151 Ill. 248 | 8.30E+186 | A memorandum written on a note below the signature at the time of its execution is part of the note. | Is a memorandum written contemporaneously with the execution of the note form a part of the contract? | Bills and Notes-Memo 119-DB.docx | ROSS-003290049-ROSS-003290052 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Townsend, 630 F.3d 1003 | 63+1(2) | In valuing intangibles, for purposes of determining whether the $5,000 jurisdiction threshold of the federal statute prohibiting bribes offered to state and local officials employed by agencies receiving federal funds is met, courts are to use the amount of the bribe, that is, the monetary value of what a willing bribe-giver gives and what a willing bribe-taker takes in exchange for the intangible. 18 U.S.C.A. S 666(a)(1)(B). | "To determine the value of a transaction involving intangibles, must the court look to traditional valuation methods?" | 011782.docx | LEGALEASE-00138024-LEGALEASE-00138026 |
| United States v. Garner, 837 F.2d 1404 | 319H+9 | The labels placed on a state statute do not determine whether that statute proscribes bribery for purposes of the RICO statute and thus any statute prohibiting conduct which can be generically defined as bribery could be the basis for a RICO predicate act. 18 U.S.C.A. SS 201, 1961(1)(A). | Did congress intend for bribery to be defined generally when it included bribery as a predicate act under RICO? | Bribery - Memo #510 - C-EB.docx | ROSS-003305049-ROSS-003305050 |
| United States v. Jannotti, 673 F.2d 578 | 164T+24(1) | If Hobbs Act is read in full, distinction between bribery and extortion becomes unnecessary where public officials are involved. 18 U.S.C.A. SS 1951, 1951(b)(2). | Are bribery and extortion mutually exclusive under the Hobbs Act? | 011822.docx | LEGALEASE-00137678-LEGALEASE-00137679 |
| United States v. Arriaga, 70 M.J. 51 | 258A+966 | Housebreaking was a lesser included offense of burglary, where accused was charged with breaking into victim's house with intent of committing aggravated sexual assault, which was criminal offense designated in the intent element of the burglary article. MCM 2008, Pt. IV, P 55(b), 56(b). | Is housebreaking a lesser included offense of burglary? | Burglary - Memo 104 - JS.docx | ROSS-003290425-ROSS-003290426 |
| People v. Chavez, 205 Cal. App. 4th 1274 | 67+4 | Uncovered fenced wrecking yard was not a "building" or appurtenance of a building under burglary statute, and thus entry into the yard was not burglary, even though there was a building in the yard, and even if the building's wall formed one side of the fenced area. West's Ann.Cal.Penal Code S 459. | What is a building under the burglary statute? | 012735.docx | LEGALEASE-00137555-LEGALEASE-00137556 |
| State v. Arnold, 115 Ariz. 421 | 210+827 | Petty theft and burglary are not the same crime, nor is one a lesser included offense of the other. A.R.S. SS 13-302, 13-661, 13-663. | Is petty theft different from burglary? | 013326.docx | LEGALEASE-00137575-LEGALEASE-00137576 |
| Schaller v. State, 537 N.W.2d 738 | 200+76 | A county has statutory authority to vacate roads. I.C.A. S 306.10. | Does a county have the statutory authority to vacate a road? | 019308.docx | LEGALEASE-00137603-LEGALEASE-00137604 |
| Sterlane v. Fleming, 236 Iowa 480 | 200+79.1 | Obstructions, encroachments, or failure to keep road in repair do not necessarily work an abandonment of a highway. | Does failure to repair a road constitute abandonment? | 019315.docx | LEGALEASE-00137729-LEGALEASE-00137730 |
| Edwardsen v. U.S. Dep't of Interior, 268 F.3d 781 | 170B+3908 | Claim alleging that developer's spill response plan for oil and gas development project located off the Alaskan coast failed to comply with the Oil Pollution Act (OPA), and that Interior Department's approval of development and production plan (DPP) thus violated Outer Continental Shelf Lands Act (OCSLA), was subject to original exclusive jurisdiction in the district court and was thus unreviewable by the Court of Appeals. Federal Water Pollution Control Act Amendments of 1972, S 311(j)(5), (n), 33 U.S.C.A. S 1321(j)(5), (n); Outer Continental Shelf Lands Act, S 2 et seq., as amended, 43 U.S.C.A. S 1331 et seq.; 30 C.F.R. S 250.204(b)(3). | "Under OCSLA, how many stages are there to developing an offshore oil well?" | 021233.docx | LEGALEASE-00137978-LEGALEASE-00137979 |
| Carlton & Manning v. Coffin, 27 Vt. 496 | 289+494 | Evidence of general reputation is not admissible to prove a partnership. | Is general reputation admissible as evidence to prove partnership? | 022237.docx | LEGALEASE-00137637-LEGALEASE-00137638 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pickrel v. Pickrel, 86 S.W.2d 336 | 307A+720 | Unimportant amendment of pleading affords no ground for continuance. | Does an unimportant amendment of pleading afford no ground for continuance? | Pretrial Procedure - Memo # 4621 - C - SJ.docx | ROSS-003290101-ROSS-003290102 |
| Kendall v. Curl, 222 Or. 329 | 307A+91 | Counsel has right to use discovery depositions with discrimination. | Does counsel have the right to use discovery depositions with discrimination? | Pretrial Procedure - Memo # 4648 - C - UG.docx | ROSS-003291172-ROSS-003291173 |
| Mid-State Homes v. Johnson, 294 Ala. 59 | 184+52 | Great latitude is allowed in admitting evidence on issue of alleged fraud. | "In discovery, should wide latitude be permitted in seeking evidence of fraud since positive proof of the tort is generally not to be expected?" | 031953.docx | LEGALEASE-00138067-LEGALEASE-00138068 |
| Premier Bank v. Cohen-Esrey Properties, 859 F. Supp. 1388 | 308+100(1) | Delivery to one's agent constitutes delivery to principal, and likewise possession by one's agent constitutes possession by principal. | Does delivery to an agent constitute delivery to the principal? | 042106.docx | LEGALEASE-00137770-LEGALEASE-00137771 |
| Reguera v. Calderon, 27 A.D.2d 371 | 308+100(4) | Generally, agent authorized to sell is not also authorized to pledge. | "Is an agent authorized to sell, also authorized to pledge?" | Principal and Agent - Memo 70 - KC.docx | ROSS-003303605-ROSS-003303606 |
| DiMercurio v. Sphere Drake Ins., PLC, 202 F.3d 71 | 217+3273 | Arbitration clause in policy issued by English insurer to Massachusetts owner of commercial fishing vessel, which required arbitration of all coverage disputes in England, was valid under Massachusetts law; in light of Massachusetts' adoption of Uniform Arbitration Act for Commercial Disputes, which required enforcement of arbitration agreements except in circumstances that would invalidate any other contract, arbitration clause would not be deemed to deprive Massachusetts courts of jurisdiction, for purposes of Massachusetts statute prohibiting policy provisions that would deprive Massachusetts courts of jurisdiction over actions against insurer. M.G.L.A. c. 175, S 22; c. 251, S 1. | Can an agreement to arbitrate be pleaded as a personal defense? | 007605.docx | LEGALEASE-00139003-LEGALEASE-00139005 |
| Potter v. Tucker, 11 Ala. App. 466 | 8.30E+60 | Date in general is not essential to a bill or note; if there be no date it will be considered as dated at the time it was made. | Is date an essential requisite of a promissory note? | 010125.docx | LEGALEASE-00138519-LEGALEASE-00138520 |
| Maryland Cas. Co. v. Dobbin, 232 Mo. App. 557 | 8.30E+76 | Merely stopping payment on check did not absolve drawer of check from his obligation thereon. | Will revocation of payment absolves the drawer from his obligations? | 010132.docx | LEGALEASE-00138796-LEGALEASE-00138797 |
| Oram v. People, 255 P.3d 1032 | 67+3 | A "knowingly" mental state applies to each element of the burglary statute. West's C.R.S.A. SS 18-1-501(6), 18-1-503(4), 18-4-203(1). | Is knowingly a mental state for burglary? | Burglary - Memo 180 - KNR.docx | ROSS-003304454-ROSS-003304455 |
| Boos v. Barry, 485 U.S. 312 | 129+101 | District of Columbia provision which prohibited signs or displays critical of foreign governments within 500 feet of embassies, although it was not viewpoint-based, was a content-based restriction on political speech in a public forum, which was not narrowly tailored to serve a compelling state interest and thus violated the First Amendment. (Per Justice O'Connor, with two Justices concurring and five Justices concurring in part.) D.C.Code 1981, S 22-1115; U.S.C.A. Const.Amend. 1. | Is International law sufficient to support content based restriction on speech? | 014405.docx | LEGALEASE-00138710-LEGALEASE-00138711 |
| Cheek v. United States, 498 U.S. 192 | 110+313 | Based on the notion that the law is definite and knowable, common law presumed that every person knew the law. | Is the rule Ignorance of law is no defense to criminal prosecution a part of legal system? | 014430.docx | LEGALEASE-00138756-LEGALEASE-00138757 |
| Kuiken v. Garrett, 243 Iowa 785 | 302+9 | Legal conclusions are proper where supported by proper allegations of fact. | Are legal conclusions proper where supported by proper allegations? | 023384.docx | LEGALEASE-00138199-LEGALEASE-00138200 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sanders v. Ahmed, 364 S.W.3d 195 | 117+91 | Wrongful-death plaintiff's pleading of joint and several liability along with the existence of a settlement with named defendants raised the presumption, under statute permitting a defendant's tort liability to be reduced by the amounts of settlements with joint tortfeasors, that the settlement was for the same injury as recovered under the jury's verdict. V.A.M.S. S 537.060. | "When a plaintiff expressly alleges a right to recover for the exact same injury or damage from independent tortfeasors, should the non-settling independent tortfeasor be permitted to conduct limited discovery?" | 031116.docx | LEGALEASE-00138472-LEGALEASE-00138473 |
| Common Wealth Ins. Sys. v. Kersten, 40 Cal. App. 3d 1014 | 308+164(2) | Principal may ratify signature forged by an agent. | Can a Principal ratify signature forged by an agent? | Principal and Agent - Memo 116 - KC.docx | ROSS-003332214-ROSS-003332215 |
| Briggs v. Clinton Cty. Bank & Tr. Co. of Frankfort, Ind., 452 N.E.2d 989 | 307A+91 | All phases of pretrial examination are subject to control of the court. | Are all phases of pretrial examination subject to control of the court? | 030959.docx | LEGALEASE-00139145-LEGALEASE-00139146 |
| McKissick v. Jackson, 15 Kan. App. 2d 508 | 307A+725 | A court may continue an action upon such terms as may be just. Rules Civ.Proc., K.S.A. 60-240. | Will a court continue an action on just terms? | 031556.docx | LEGALEASE-00139201-LEGALEASE-00139202 |
| McKissick v. Jackson, 15 Kan. App. 2d 508 | 307A+725 | Awarding expenses in preparing for trial is a reasonable condition for continuance. | Is awarding expenses in preparing for trial a reasonable condition for continuance? | Pretrial Procedure - Memo # 4798 - C - NA.docx | LEGALEASE-00029025-LEGALEASE-00029026 |
| Gogri v. Jack In The Box Inc., 166 Cal. App. 4th 255 | 307A+508 | Plaintiff's voluntary dismissal was timely filed under statute granting a plaintiff an absolute right to timely voluntary dismissal, and thus trial court lacked discretion to vacate dismissal or grant defendant's motion for summary judgment, even though trial court had sustained demurrers without leave to amend as to some of plaintiff's causes of action, and both parties had moved for summary judgment as to remaining causes of action, where trial court had issued no tentative ruling on summary judgment motions, and plaintiff had submitted admissible evidence in support of its motion; there had been no public and formal indication by court regarding merits of case, and plaintiff had not committed any procedural dereliction that rendered judgment against him inevitable or mere formality. West's Ann.Cal.C.C.P. S 581. | "Can plaintiff voluntarily dismiss, with or without prejudice, all or any part of an action before the actual commencement of trial?" | Pretrial Procedure - Memo # 5215 - C - SJ.docx | ROSS-003291291-ROSS-003291292 |
| Bittner v. Sec'y of Def., 625 F. Supp. 1022 | 34+5(8) | Member of air force who resigned and received general discharge after administrative discharge proceedings were initiated against him on grounds that he admitted being homosexual was required to pursue administrative remedies with air force personnel review boards before pursuing his claims in court challenging less than honorable discharge characterization issued administratively for homosexuals, despite contentions that review boards lacked authority to examine constitutional claims, that the review process was too long and time consuming, and that prior board action with respect to other individuals suggested that plaintiff would also be unsuccessful with his claims. 10 U.S.C.A. SS 1552, 1553. | "Is the resolution of plaintiff's substantive claims, involving matters of personnel management is, in the first instance, for the military?" | 008599.docx | LEGALEASE-00139500-LEGALEASE-00139501 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sanford v. Dudley, 196 So. 3d 1106 | 307A+486 | The seemed harshness of the rule for requests for admission may be ameliorated by the trial court's power to grant amendments or withdrawals of admissions in proper circumstances. Rules Civ.Proc., Rule 36. | Are the requests for admission rule intended to be applied in Draconian fashion? | 029103.docx | LEGALEASE-00139583-LEGALEASE-00139584 |
| State Bank v. Cent. Mercantile Bank of New York, 248 N.Y. 428 | 83E+481 | Nonnegotiable certificates of deposit held assignable, in absence of agreement to contrary, in accordance with Personal Property Law (Consol.Laws, c. 41) S 41. | Are nonnegotiable certificates of deposit assignable? | 009524.docx | LEGALEASE-00140629-LEGALEASE-00140630 |
| Buckner v. Real Estate Bank, 5 Ark. 536 | 83E+732 | A deed of assignment made by a corporation, whereby it assigned, transferred and made over all its real estate, real and personal, choses in action and assets, does not transfer the legal interest in a bill of exchange, so as to enable the assignee to sue in his own name. | Can an assignment authorize the holder to sue in his own name? | 009526.docx | LEGALEASE-00140643-LEGALEASE-00140645 |
| Ryan v. May, 14 Ill. 49 | 83E+416 | The legal title to a bill or note payable to order can be transferred only by indorsement. | How is legal title to a bill or note transferred? | 009572.docx | LEGALEASE-00140468-LEGALEASE-00140469 |
| Spencer v. Sterling Bank, 63 Cal. App. 4th 1055 | 83E+427 | If indorsement is made by holder of instrument and indorsement identifies person to whom it makes instrument payable, it is a "special indorsement." West's Ann.Cal.Com.Code S 3205(a). | What are special indorsements? | Bills and Notes- Memo 358-IS.docx | ROSS-003288780-ROSS-003288781 |
| Gross v. Lamme, 77 Nev. 200 | 83E+455 | Contracts of endorsement and of guarantee were separate and distinct obligations from obligation contained in note itself. | Are contracts of endorsement and contracts of guarantee separate? | 010317.docx | LEGALEASE-00140009-LEGALEASE-00140010 |
| Padilla v. Ghuman, 183 P.3d 653 | 83E+481 | When promissory notes are assigned, the assignees stand in the shoes of the original payee and obtain all the rights the original payee possessed under the notes. | Can an assignee stand in the shoes of the assignor? | Bills and Notes -Memo 389 -DB.docx | ROSS-003290847 |
| In re Glover-Tonwe, 626 A.2d 1387 | 46H+924 | Crime of bribery inherently involves moral turpitude and warrants automatic disbarment. D.C.Code 1981, S 11-2503(a); 18 U.S.C.A. SS 201(b)(1)(A), 210. | "Does the crime of bribery, when committed by an attorney, result in disbarment?" | 011914.docx | LEGALEASE-00139969-LEGALEASE-00139970 |
| Weisbrod v. Ely, 767 P.2d 171 | 289+1041 | Trial court did not abuse its discretion in conducting accounting of partnership business without appointment of master, given simple nature of accounting, which involved determination of withdrawing partner's interest in partnership and his right to profits. W.S.1977, S 17-13-615. | Is the right to an accounting of his interest one of the rights of the partners in a partnership? | 022293.docx | LEGALEASE-00140181-LEGALEASE-00140182 |
| Feher's Estate v. Bd. of Trustees, Pub. Emp. Ret. Sys., 68 N.J. Super. 391 | 296+2 | Right to a pension or to a return of pension contributions exists only where a statute provides therefor. | Does a right to pension depend on a granting statute? | Pension - Memo 25 - SB.docx | ROSS-003287632-ROSS-003287633 |
| Ballurio v. Castellini, 29 N.J. Super. 383 | 296+2 | A pension is a bounty springing from the appreciation and graciousness of the sovereign and is an inducement to conscientious, efficient and honorable service, and honorable service is implicit in every pension enactment. | Does every pension enactment require an honorable service? | 022789.docx | LEGALEASE-00140548-LEGALEASE-00140549 |
| Rabin v. Karlin & Fleisher, 409 Ill. App. 3d 182 | 30+3896 | When reviewing the dismissal of a complaint for failure to state a cause of action, a reviewing court should interpret the facts alleged in the complaint in the light most favorable to the plaintiff. S.H.A. 735 ILCS 5/2-615. | "Must the plaintiff allege facts, in a fact-pleading jurisdiction, to bring a claim within a legally recognized cause of action?" | Pleading - Memo 376 - RMM.docx | ROSS-003289037-ROSS-003289038 |
| Wannack v. City of Macon, 53 Ga. 162 | 307A+74 | The place of the execution of the commission attached to interrogatories must appear. Otherwise such evidence should be excluded. | Must the place of the execution of the commission attached to interrogatories appear? | Pretrial Procedure - Memo # 5303 - C - TM.docx | ROSS-003289264-ROSS-003289265 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gallagher v. Swiatek, 106 Ill. App. 3d 417 | 388+26 | Denial of a continuance to allow judgment debtor's attorney, who was then hospitalized, to argue motion to vacate the judgment was not an abuse of trial court's discretion, where there was no showing that either the attorney's associate, who appeared in court to ask for a continuance, or another attorney could not have argued the motion. | Will the judge deny defendants' motion for rehearing when no attorney appears for defendants' request for continuance? | 032389.docx | LEGALEASE-00140305-LEGALEASE-00140306 |
| Yamagiwa v. City of Half Moon Bay, 523 F. Supp. 2d 1036 | 386+14 | Under California law, trespasses may be committed by consequential and indirect injuries as well as by direct and forcible injuries. | Can trespass be committed above the surface of the land? | Trespass - Memo 290 - JK.docx | ROSS-003303644-ROSS-003303645 |
| Rogers v. Donovan, 261 Or. 124 | 386+11 | Since trespass lies only for an interference with a possessory interest in land, and since an easement is not a possessory interest in land, interference with a claimed easement is not a "trespass." | Is interference with an easement a trespass? | 047417.docx | LEGALEASE-00140594-LEGALEASE-00140595 |
| Farmers Nat'l Bank v. Commonwealth Dep't of Revenue, 486 S.W.3d 872 | 315+40 | A "chose in action" is a right of action to recover a debt, a demand, or a promissory note or a right to recover damages. | "What is a ""chose in action""?" | Action - Memo # 207 - CNS.docx | ROSS-003288628 |
| United States v. Cogan, 266 F. Supp. 374 | 91+283 | Indictment charging conspiracy, bribery and aiding and abetting receipt of bribes and alleging that internal revenue agents received fees not provided by law, that defendant offered agent's fees other than provided by law in recognition of acts performed by agents and that defendant through his employee offered money to agents to influence their official actions, and bill of particulars were sufficient to apprise defendant of charges against him, enable him to prepare his defense, avoid double jeopardy and avoid prejudicial surprise at trial. 18 U.S.C.A. SS 201, 371; 26 U.S.C.A. (I.R.C.1954) S 7214(a)(2). | Can the payor of a bribe be charged with aiding and abetting the payee in violation of bribery statute? | 012043.docx | LEGALEASE-00141839-LEGALEASE-00141841 |
| Gandara v. State, 527 S.W.3d 261 | 63+1(1) | Obtaining a personal benefit is a constitutionally-required element of bribery. Tex. Const. art. 16, S 41; Tex. Penal Code Ann. S 36.02. | Is obtaining a personal benefit a constitutionally-required element of bribery? | Bribery - Memo #708 - C - LB.docx | ROSS-003288885-ROSS-003288886 |
| Hammond v. State, 354 So. 2d 280 | 63+11 | Evidence on issue whether accused, who had been president of Public Service Commission, incited another to give accused a thing of value in order to influence accused's vote on rate request was sufficient to sustain accused's conviction of "inciting to a felony, bribery." Code of Ala., Tit. 14, SS 63, 326(a1)-326(a4). | Is giving or promising to give sexual favors in exchange for official action a sufficient thing of value to support a charge of bribery? | 012098.docx | LEGALEASE-00140724-LEGALEASE-00140725 |
| Hartley v. Richardson, 91 Me. 424 | 106+87 | A custom, to be binding, must be universal in the locality, and of long existence. | Does a custom have to be universal in the locality to be binding? | Customs & Usage - Memo 163 - RK.docx | ROSS-003287404-ROSS-003287405 |
| Pennie v. Obama, 255 F. Supp. 3d 648 | 135+1 | Domicile requires residence in state and intent to remain in state. | Does domicile require intent to remain in state? | Domicile - Memo # 12 - CSA.docx | ROSS-003287429-ROSS-003287430 |
| Reich v. Lopez, 858 F.3d 55 | 135+2 | Owning property in forum does not alone establish domicile; one may have more than one residence in different parts of country or world, but person may have only one domicile. | Does owning property alone establish domicile? | 014513.docx | LEGALEASE-00141815-LEGALEASE-00141816 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hicks v. Humble Oil & Ref. Co., 970 S.W.2d 90 | 272+1025 | Failure to comply with provisions of Railroad Commission Rule generally prohibiting open earthen storage for oil did not constitute negligence per se so as to support damages for injuries allegedly suffered from toxic contamination, in light of purpose of rule to prevent waste and encourage conservation of oil. V.T.C.A., Natural Resources Code S 85.046. | "Is article 6036 of Vernon's Annotated Civil Statutes a civil penalty statute enacted for the primary purpose of promoting and encouraging law enforcement and deterring violationsof the rules, regulations, and orders of the railroad commission?" | Mines and Minerals - Memo #120 - C - CSS.docx | LEGALEASE-00030934-LEGALEASE-00030935 |
| In re Bump's Estate, 171 Kan. 442 | 307A+725 | Ordinarily, a continuance is not a matter of right, but may be on such conditions as court may impose. | Can a continuance be a matter of right? | Pretrial Procedure - Memo # 5187 - C - NS.docx | ROSS-003329225-ROSS-003329226 |
| Moss v. Booth, 34 Mo. 316 | 307A+74 | The signature to a deposition is good, even if inadvertently put in the wrong place. | "Is the signature to a deposition good, even if inadvertently put in the wrong place?" | 032548.docx | LEGALEASE-00141716-LEGALEASE-00141717 |
| W.S. Butterfield Theatres v. Dep't of Revenue, 353 Mich. 345 | 371+2005 | Power of taxation is fundamental to very existence of government of the state. | Is the power of taxation fundamental to the existence of a government? | 045171.docx | LEGALEASE-00141087-LEGALEASE-00141088 |
| Havens v. Attorney Gen., 91 N.H. 115 | 371+2001 | A "tax" in itself is an economic charge which must be paid in some way by the person affected, and it must either come from a surplus of the taxpayer, or the burden must be passed on to those with whom taxpayer has economic relations. | Is tax an economic charge in itself? | 045181.docx | LEGALEASE-00141111-LEGALEASE-00141112 |
| Moore v. Mitchell, 30 F.2d 600 | 371+2001 | Taxes are imposts, not debts, collected for support of government. | Are taxes imposts collected for support of government? | Taxation - Memo # 432 - C - NS.docx | ROSS-003302243-ROSS-003302244 |
| Larson v. W. Underwriters, 77 S.D. 157 | 95+159 | Meaning of the word taxes, when used in a contract, must be determined from the context. | Does the word tax have meanings inclusive and exclusive of special assessments? | 045207.docx | LEGALEASE-00141214-LEGALEASE-00141215 |
| Weissinger v. Boswell, 330 F. Supp. 615 | 371+2005 | States have wide discretion in laying and collecting their taxes. | Do states have a wide discretion in the laying of their taxes? | Taxation - Memo # 590 - C - NS.docx | ROSS-003330223-ROSS-003330224 |
| Colonial Pipeline Co. v. Com., 145 S.E.2d 227 | 371+2005 | State has inherent and unlimited power of taxation unless restrained by State or Federal Constitution, and power of state to levy taxes is not derived from Federal Constitution as interpreted by Supreme Court. | Is the power of the states to impose tax absolute? | 045548.docx | LEGALEASE-00141809-LEGALEASE-00141810 |
| State ex rel. Seaboard Air Line R. Co. v. Gay, 160 Fla. 445 | 371+2160 | The taxes imposed under the statute relating to intangible personal property taxation are ad valorem taxes imposed against intangible personal property. F.S.A. S 199.01 et seq. | "Is a tax on intangibles an ""ad valorem tax""?" | 045605.docx | LEGALEASE-00141653-LEGALEASE-00141655 |
| Ingram v. Mandler, 56 F.2d 994 | 83E+481 | Note may be transferred by assignment without actual delivery. | Can a note be transferred without delivery? | Bills and Notes - Memo 579 - RK.docx | ROSS-003302029-ROSS-003302030 |
| United States v. McLean, 802 F.3d 1228 | 110+1137(3) | Doctrine of invited error precluded government from arguing on appeal that district court erred in submitting to jury question of whether item could be classified as "benefit" required to establish federal jurisdiction, wheregovernment's proposed jury instruction explained that jury had to find that city received benefits in excess of $10,000 under federal program involving some form of federal assistance, and, at hearing on defendant's motion for judgment of acquittal, urged district court not to disturb jury's factual determination. 18 U.S.C.A. S 666. | Does the court make a statutory inquiry to determine whether funds provided under a specific federal program constitute benefits? | Bribery - Memo #704- C - LB.docx | LEGALEASE-00032086-LEGALEASE-00032087 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Manning Coal Corp., 977 F.2d 117 | 260+92.5(2) | Mineral owner and mining company were jointly and severally liable for surface mining fees and that joint liability precluded any finding of privity between the two so as to make government's settlement of claim against one res judicata as to its claim against the other. | Are mining contractors and landowners jointly and severally liable for reclamation fees? | 021218.docx | LEGALEASE-00143290-LEGALEASE-00143291 |
| Browning Oil Co. v. Luecke, 38 S.W.3d 625 | 260+73 | Oil and gas lease is a contract and must be interpreted as one. | Is an oil and gas lease a contract? | 021324.docx | LEGALEASE-00142599-LEGALEASE-00142600 |
| In re Century Offshore Mgmt. Corp., 185 B.R. 734 | 260+5.1(9.1) | District court did not have to defer to interpretation by United States Department of Interior, Bureau of Minerals Management Service (MMS) of term "gross proceeds," for purposes of regulation stating that under no circumstances will value of production for royalty purposes be less than gross proceeds accruing to lessee for lease production, as set forth in MMS' decisions in Shell Offshore, Inc. and Samedan Oil Corporation, where not only had Fifth Circuit in Diamond Shamrock decision definitively interpreted Outer Continental Shelf Lands Act (OCSLA) and gross proceeds rule contained in OCSLA regulations, but MMS had amended royalty regulations to conform that to that interpretation. Outer Continental Shelf Lands Act, S 8(a), 43 U.S.C.A. S 1337(a); 30 C.F.R. S 206.152(h). | When is the definition of the word production? | 021394.docx | LEGALEASE-00143458-LEGALEASE-00143459 |
| Rosenfeld, Meyer & Susman v. Cohen, 146 Cal. App. 3d 200 | 302+20 | Party is permitted to plead alternative legal theories. | Can a party plead alternative legal theories? | Pleading - Memo 402 - RMM.docx | ROSS-003287665-ROSS-003287666 |
| Mac Smith v. Fish, 647 So. 2d 771 | 307A+202 | Trial court properly considered deposition of general contractor in action brought by subcontractor against homeowners even though deposition was unsigned; subcontractor did not object to unsigned deposition until court held hearing on homeowners' summary judgment motion, though subcontractor knew about deposition almost eight months earlier. Rules Civ.Proc., Rule 32(d)(4). | "Is an unsigned deposition, taken in shorthand and not certified under the code inadmissible if an objection is made in due time and in a proper manner?" | 032504.docx | LEGALEASE-00142300-LEGALEASE-00142301 |
| Saunders v. City & Suburban R. Co., 99 Tenn. 130 | 388+63(1) | A deposition taken by defendant, and used by it on the first trial, may be offered in evidence by plaintiff on a second trial, after defeat has closed its evidence without offering the same. And plaintiff's reasonable expectation that it would again be offered by defendant is a sufficient excuse for failing to read it as evidence in chief. | "Where a deposition is taken by either party to a suit, and it is filed, may such party decline to read it on trial?" | Pretrial Procedure - Memo # 5758 - C - TM.docx | LEGALEASE-00032545-LEGALEASE-00032546 |
| Spencer v. Perry, 17 Me. 413 | 231+107(3) | Where a justice has ordered a continuance of an action, he cannot order a further continuance prior to the day appointed. | Can a further continuance order be made prior to the day appointed? | Pretrial Procedure - Memo # 6099 - C - DHA.docx | ROSS-003316753 |
| Rosen v. State, 940 So. 2d 1155 | 211+1723 | Under statute on lewd and lascivious molestation, lewdness must be determined on case-by-case basis and may be imputed from circumstances. West's F.S.A. S 800.04(5, 6). | Can lewdness be imputed from the circumstances? | 043085.docx | LEGALEASE-00143414-LEGALEASE-00143415 |
| Eastler v. State Tax Assessor, 499 A.2d 921 | 371+3249 | "Excise tax" may only be levied on a use of property, however, excise tax is not confined to a tax on business, but also embraces any tax imposed on a particular use of property or particular power over property incidental to ownership. | "Is ""property tax"" levied on the ownership of property?" | 045581.docx | LEGALEASE-00142400-LEGALEASE-00142401 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Evans v. W. Norriton Twp. Mun. Auth., 370 Pa. 150 | 381+54 | The State legislature has the right to delegate its power to tax to municipal bodies, such as counties, cities, boroughs, and townships, whose commissioners or taxing officers are elected by people; and for purposes and objects of carrying on local government, such elected public officials may perform municipal functions and may be validly and constitutionally authorized to impose and collect taxes; and moreover, elected local public officials may be specifically authorized to assess sewer charges and create liens therefor against the abutting or benefiting property owners. 53 P.S. SS 2900z-5, subd. B(s), 19092-2406, 19092-2410, 19093-1507, 19093-1511. | Is the distinction between a general tax and a local assessment well recognized? | 045650.docx | LEGALEASE-00142957-LEGALEASE-00142958 |
| Douglas Aircraft Co. v. Johnson, 13 Cal. 2d 545 | 371+2060 | Generally, a "property tax" is for revenue and does not impose restriction on use of property taxed, whereas a "privilege tax," though also passed for revenue and as such to be distinguished from "license tax," is imposed on right to exercise privilege, and its payment is condition precedent to exercise of privilege. | "What is the function of a ""property tax""?" | 045671.docx | LEGALEASE-00143061-LEGALEASE-00143062 |
| Cortigiano v. City of Waterbury, 133 Conn. 1 | 371+2060 | An assessment for benefits is not ordinarily included in the term "taxes". | "Is an assessment for benefits included in the term ""taxes""?" | Taxation - Memo # 722 - C - NS.docx | ROSS-003288900-ROSS-003288901 |
| Hunton v. Com., 166 Va. 229 | 371+2060 | That tax directly or indirectly affects property does not necessarily make it "tax on property." | "When the tax directly or indirectly affects property make it a ""tax on that property""?" | 045707.docx | LEGALEASE-00142360-LEGALEASE-00142361 |
| Humana of Florida v. McKaughan on Behalf of McKaughan, 652 So. 2d 852 | 413+2 | Workers' Compensation Act is limited statutory substitute for common-law rights and liabilities. West's F.S.A. S 440.11(1). | What is workers compensation a substitute for? | 048180.docx | LEGALEASE-00142203-LEGALEASE-00142204 |
| E.A.S.T. of Stamford, Conn. v. M/V Alaia, 673 F. Supp. 796 | 25T+178 | With respect to maritime actions, section 8 of the Federal Arbitration Act does not of itself confer an in rem right against vessel, and to proceed in rem under that section there must exist an independent in rem admiralty claim. 9 U.S.C.A. SS 1 et seq., 8. | Do provisions of Federal Arbitration Act (FAA) confer an in rem right against a vessel? | Alternative Dispute Resolution - Memo 684 - RK.docx | LEGALEASE-00033420-LEGALEASE-00033421 |
| In re A.R., 170 Cal. App. 4th 733 | 34+34.9(2) | The stay provision under the prior version of the Servicemembers Civil Relief Act (SCRA) applies in juvenile dependency proceedings, since such proceedings are civil in nature. Servicemembers Civil Relief Act, S 202(a), 50 App. U.S.C.A. S 522(a). | Does the SCRA apply to juvenile dependency proceedings? | Armed Services - Memo 252 - RK.docx | ROSS-003300575-ROSS-003300576 |
| Williams v. United States, 47 Ct. Cl. 316 | 34+26 | Where a statute enacts that there shall be 26 additional passed assistant and assistant paymasters on the active list of the navy, the President in his discretion may direct that the whole number so added to the active list shall be of the higher grade. Act March 3, 1903, 32 Stat. 1197, 34 U.S.C.A. S 334. | Is the President empowered to appoint either assistant or passed assistant paymasters? | 008653.docx | LEGALEASE-00144498-LEGALEASE-00144499 |
| United States v. Bahel, 662 F.3d 610 | 63+1(1) | The statute that prohibits theft involving federal funds extends to both bribes and gratuities. 18 U.S.C.A. S 666. | Does the statute prohibiting theft involving federal funds extend to both bribes and gratuities? | 012309.docx | LEGALEASE-00144991-LEGALEASE-00144992 |
| Metales v. State, 963 So. 2d 989 | 67+29 | Because consent to enter the premises is an affirmative defense to burglary, a burglary defendant has the burden of initially offering evidence to establish the defense, but after he does so the burden then shifts to the state to disprove the defense beyond a reasonable doubt. | Is consent a defense to burglary? | Burglary - Memo 224 - SB.docx | ROSS-003288763-ROSS-003288767 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Anderson v. State, 1884 WL 8669 | 67+4 | Incomplete addition to victim's home was part of the curtilage, and thus constituted a dwelling within meaning of burglary statute, where addition was separated from the home in which the victim was living by a temporary wall containing no access, had walls and a roof, but no door or windows. West's F.S.A. S 810.02. | What is a dwelling as per the burglary statute? | Burglary - Memo 228 - SB.docx | ROSS-003329455-ROSS-003329458 |
| Lichter v. Land Title Guarantee & Tr. Co., 150 N.E.2d 70 | 113+7 | Usages are presumed to be reasonable and the person attacking them has the burden of showing their unreasonableness. | Are usages presumed to be reasonable? | 014235.docx | LEGALEASE-00144883-LEGALEASE-00144884 |
| Island Creek Coal Co. v. Rodgers, 644 S.W.2d 339 | 388+328 | It is not inconsistent for jury in its verdict in blasting case to hold one defendant liable for compensatory damage on theory that it was absolutely liable for failure to adequately support the surface regardless of whether its mining activities were negligent and to hold the other defendant liable for compensatory damages to the extent that its blasting contributed to the subsidence and for punitive damages to extent that its blasting was done in reckless or wanton disregard for the rights of others. | Is the right to mine subservient to the right of the surface owners to have the surface maintained in its natural state free from subsidence? | 021357.docx | LEGALEASE-00144005-LEGALEASE-00144006 |
| Adams ex rel. Adams v. City of Westminster, 140 P.3d 8 | 307A+554 | Sovereign-immunity issues concern subject-matter jurisdiction and, thus are determined in accordance with rule governing motions to dismiss for lack of subject-matter jurisdiction. Rules Civ.Proc., Rule 12(b)(1). | Does sovereign-immunity issues concern subject-matter jurisdiction? | Pretrial Procedure - Memo # 5770 - C - SKG.docx | ROSS-003302920-ROSS-003302921 |
| Deutsche Bank Nat'l Tr. Co. v. Waldorf, 92 So. 3d 857 | 266+1798 | Trial court's failure to consider the Kozel factors for determining whether dismissal with prejudice is an appropriate sanction for attorney misconduct before dismissing bank's foreclosure complaint with prejudice for failure to provide the court with a summary final judgment package before the hearing on bank's summary judgment motion required reversal and remand for consideration of the factors in determining what sanction other than dismissal was appropriate. | "Although no magic words are required when a court dismisses a case with prejudice as a sanction for attorney misconduct, should the court find the conduct leading to the order was willful?" | 034445.docx | LEGALEASE-00144303-LEGALEASE-00144304 |
| Temple Univ. of Com. Sys. of Higher Ed. v. Pennsylvania Dep't of Pub. Welfare, 30 Pa. Cmwlth. 595 | 307A+552 | If at any stage of judicial process a case is rendered moot, it will be dismissed; however, a universally recognized exception to such doctrine is illustrated by cases in which technically moot issues were decided on merits because they were of a recurring nature, capable of avoiding review and involved a question of important public interest. | Should a case be dismissed when it is rendered moot? | Pretrial Procedure - Memo # 6884 - C - KS.docx | ROSS-003289415-ROSS-003289416 |
| Abernathy v. City of Albany, 269 Ga. 88 | 413+2 | Any enlargement of workers' compensation benefits and remedies must originate with legislature. | Where must any enlargement of benefits or remedies originate? | 048206.docx | LEGALEASE-00144287-LEGALEASE-00144288 |
| Cunningham v. Dean Witter Reynolds, 550 F. Supp. 578 | 25T+114 | Congress intended the Arbitration Act to overrule the traditional refusal of courts to enforce arbitration agreements under the common law and the policy Congress intended to effectuate was to avoid the unnecessary expense and delay of litigation where parties had provided for the more efficient process of arbitration. 9 U.S.C.A. SS 1, 2. | Can a court refuse to enforce an arbitration agreement because of the joinder of a non arbitrable claim? | Alternative Dispute Resolution - Memo 723 - RK.docx | ROSS-003288470-ROSS-003288471 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Liskey v. Oppenheimer & Co., 717 F.2d 314 | 25T+178 | "Doctrine of intertwining" is a judicially created exception to the application of the Arbitration Act which instructs that when arbitrable and nonarbitrable claims are sufficiently intertwined factually and legally, trial court should deny arbitration of arbitrable claims and try all the claims together in federal court. 9 U.S.C.A. S 1 et seq. | Is the doctrine of intertwining a judicially created exception to the application of the Arbitration Act? | Alternative Dispute Resolution - Memo 725 - RK.docx | ROSS-003300527-ROSS-003300528 |
| Commercial Iron & Metal Co. v. Bache Halsey Stuart, 581 F.2d 246 | 25T+182(1) | Arbitration may be waived by conduct of demanding party. | Can arbitration be waived by the conduct of demanding parties? | 007793.docx | LEGALEASE-00146456-LEGALEASE-00146457 |
| United States v. Bonito, 57 F.3d 167 | 63+1(2) | Under federal statute proscribing bribery of officials of public and private entities receiving federal funds, in connection with any "business, transaction or series of transactions" of such entities involving at least $5,000, term "business" means something different from, and often broader than, "transaction" and includes dealings of government official in connection with discrete transaction, as such definition complements the sense of "transaction," which implies concluded business agreement. 18 U.S.C.A. S 666(a)(2). | "Under federal bribery statute, must the thing of value of $5,000 be that of the affected organization?" | Bribery - Memo #881 - C-JL.docx | ROSS-003288733-ROSS-003288735 |
| United States v. Brunshtein, 344 F.3d 91 | 63+2 | Federal bribery statute as applied to defendant who bribed city official to induce official to eliminate taxes on various parcels of real property in city that received substantial federal funds was not unconstitutional as vague; statute conveyed sufficiently definite warning as to proscribed conduct, read in light of federal-nexus requirement of a connection between bribe and risk to integrity of a federally funded program. 18 U.S.C.A. S 666(a)(2). | Can the corruption of an organization's official in the administration of non-federal monies trigger federal bribery statute? | 012319.docx | LEGALEASE-00145716-LEGALEASE-00145718 |
| United States v. Doremus, 888 F.2d 630 | 411+8 | Forest Service regulation, providing that regulations do not preclude activities on Forest Service land which are authorized by Mining Laws Act, was not intended to provide blanket exemption for mining operations, but only to ensure that mining operations were not prohibited or unreasonably circumscribed. 30 U.S.C.A. SS 26, 612. | Under regulations can mining operations or developing of mineral resources be prohibited or so unreasonably circumscribed as to amount to a prohibition? | 021467.docx | LEGALEASE-00146155-LEGALEASE-00146157 |
| Fleming & Associates, L.L.P. v. Barton, 425 S.W.3d 560 | 289+535 | In most cases, partnership agreement governs the relationship of partners. | Does a partnership agreement govern the relationship between the partners? | 022441.docx | LEGALEASE-00146256-LEGALEASE-00146257 |
| Martin v. Dial, 57 S.W.2d 75 | 289+881 | Where surviving partner negligently delays in selling assets to pay debts, creditor or deceased partner's representative may invoke equity's aid to compel performance or have receiver appointed. | Does a surviving partner of a firm have the power to execute a mortgage upon the firm assets to secure the payment of a firm debt? | 022463.docx | LEGALEASE-00146362-LEGALEASE-00146363 |
| Wilson v. Forder, 20 Ohio St. 89 | 8.30E+266 | A renewal note given in the firm name, after dissolution, by a partner without his copartners' assent, may be regarded as divisible, and valid to the extent that the firm debts constituted the consideration, and invalid as to the residue. | Can a partner renew a note in the name of the firm after dissolution? | 022482.docx | LEGALEASE-00146392-LEGALEASE-00146393 |
| Pierson v. Hooker, 3 Johns. 68 | 289+668 | A release, under seal, by one partner in the firm, of a debt due to the copartnership, is binding on all the partners. | Is a release by one partner to a debtor obligatory to the other partners? | 022498.docx | LEGALEASE-00146408-LEGALEASE-00146409 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pierson v. Hooker, 3 Johns. 68 | 289+668 | A release, under seal, by one partner in the firm, of a debt due to the copartnership, is binding on all the partners. | Is a release by one partner to a debtor obligatory to the other partners? | Partnership - Memo 465 - RK.docx | LEGALEASE-00035195-LEGALEASE-00035196 |
| Lewis v. Forest Family Practice Clinic, P.A., 124 So. 3d 654 | 307A+560 | Dismissal for failure to serve process within 120 days of filing of complaint should have been without prejudice. Rules Civ.Proc., Rule 4(h). | Should dismissal for failure to serve process be made without prejudice? | 034108.docx | LEGALEASE-00145336-LEGALEASE-00145337 |
| GTE Commc'ns Sys. Corp. v. Tanner, 856 S.W.2d 725 | 307A+44.1 | Before court may deprive party of its right to present merits of its case because of discovery abuse, it must determine that party's hindrance of discovery process justifies presumption that its claims or defenses lack merit. Vernon's Ann.Texas Rules Civ.Proc., Rule 215. | "Only in exceptional situations, can case-determinative sanctions be imposed in the first instance-when they are clearly justified?" | Pretrial Procedure - Memo # 6888 - C - KBM.docx | LEGALEASE-00035521-LEGALEASE-00035522 |
| Mason v. Snyder, 332 Ill. App. 3d 834 | 250+169 | Trial courts have authority to sua sponte order stricken mandamus petitions courts find to be frivolous and without merit; abrogating West v Gramley, 262 Ill.App.3d 552, 199 Ill.Dec. 907, 634 N.E.2d 1261. | Does a court have authority to dismiss complaints that do not state causes of action? | Pretrial Procedure - Memo # 6960 - C - DHA.docx | ROSS-003330414-ROSS-003330415 |
| Heckman v. Williamson Cty., 369 S.W.3d 137 | 106+247(8) | Whether named plaintiffs had justiciable interest in putative class action against county on behalf of indigent defendants who were allegedly deprived of right to court-appointed counsel on misdemeanor charges carrying possible confinement, as well as the right to open court proceedings, was not a "criminal law matter," but, rather, a "civil law matter," such that the Supreme Court had appellate jurisdiction over the question, even though some reference to criminal procedural law was necessary in order to answer it; case involved justiciability doctrines deriving from constitutional separation-of-powers and open-courts provisions, and justiciability went to the heart of civil practice. U.S.C.A. Const.Amend. 6; Vernon's Ann.Texas Const. Arts. 1, S 13, 2, S 1, 5, S 3(a); Vernon's Ann.Texas Rules Civ.Proc., Rule 42. | Should the court vacate any order or judgments previously issued and dismiss the case for want of jurisdiction if a case becomes moot? | 034772.docx | LEGALEASE-00145296-LEGALEASE-00145297 |
| Graczyk v. Workers' Comp. Appeals Bd., 184 Cal. App. 3d 997 | 413+56 | Varsity college athlete with athletic scholarship did not have vested right to workers' compensation benefits, and his constitutional objection to retroactive application of legislative amendment further clarifying employee status of amateur student athletes as persons not entitled to workers' compensation benefits had no bearing; athlete's inchoate right to benefits under workers' compensation law was wholly statutory and had not been reduced to final judgment before legislative amendment. West's Ann.Cal.Labor Code S 3352(k). | Are workers compensation benefits statutory? | 048618.docx | LEGALEASE-00145737-LEGALEASE-00145738 |
| Hill v. Ricoh Americas Corp., 603 F.3d 766 | 25T+182(1) | The final consideration in determining whether a party has waived its right to arbitration is prejudice to the party opposing arbitration. | Is prejudice to the party opposing arbitration the final consideration in waiver analysis? | 10738.docx | LEGALEASE-00094323-LEGALEASE-00094324 |
| U.S. v. Tomoya Kawakita, 96 F. Supp. 824 | 350H+2265 | Record failed to disclose any ground for modification of death sentence imposed on native born citizen of the United States of Japanese parentage convicted of eight overt acts of treason which were committed in Japan during World War II and consisted in giving aid and comfort to the enemy. Fed.Rules Crim.Proc. rule 35, 18 U.S.C.A.; 18 U.S.C.A. S 2381; U.S.C.A.Const. art. 3, S 3. | Does giving aid and comfort to the enemy constitute treason if it is unintentional? | 10081.docx | LEGALEASE-00096233-LEGALEASE-00096234 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ex parte Billings, 46 F. Supp. 663 | 34+20.10(2) | "Induction" into military service, within Selective Training Act, is complete upon acceptance of a registrant by the government, irrespective of desires, acts and mental attitudes of party affected. Selective Training and Service Act of 1940, Sec. 1 et seq., 50 U.S.C.A.Appendix 301 et seq.; Service Extension Act of 1941, Sec. 1 et seq., 50 U.S.C.A.Appendix 351 et seq. | Is induction into the armed forces completed upon acceptance by the government of the draftee? | 008749.docx | LEGALEASE-00147982-LEGALEASE-00147983 |
| State Bank of Drummond v. Nuesse, 13 Wis. 2d 74 | 172H+204 | Banks are quasi-public institutions, and laws and regulations affecting them are framed in public interest. | Does a bank possess a quasi-public character? | 10478.docx | LEGALEASE-00089351-LEGALEASE-00089353 |
| United States v. Alfisi, 308 F.3d 144 | 63+1(2) | Bribery involves the giving of value to procure a specific official action from a public official. 18 U.S.C.A. S 201(b)(1)(A). | What does bribery require or involve? | 012011.docx | LEGALEASE-00147752-LEGALEASE-00147753 |
| United States v. Wyncoop, 11 F.3d 119 | 146+2 | Under statute which proscribes stealing, embezzling, or obtaining by fraud money or property from entity that receives over $10,000 per year in benefits under a federal program, intent of Congress was to bring conduct that could have effect on administration or integrity of federal funds within ambit of federal criminal law, and Congress did not intend to make misappropriations of money from every organization that receives indirect benefits from a federal program a federal crime. 18 U.S.C.A. S 666. | Does the statute prohibiting federal funds bribery apply even in cases in which the federal funds cannot be traced to the project affected by the bribe? | 10778.docx | LEGALEASE-00094197-LEGALEASE-00094198 |
| Williams v. State Farm Mut. Auto. Ins. Co., 202 Mich. App. 491 | 63+1(1) | Bribery statute condemns unilateral offer or promise of bribe, and proof of bilateral agreement, that is, that officer accepted bribe, is not required. Code of Ala., Tit. 14, S 73. | Is proof of a bilateral agreement necessary for a bribery conviction? | 09970.docx | LEGALEASE-00095471-LEGALEASE-00095472 |
| Hamilton v. State, 1881 WL 9629 | 67+4 | By adding "curtilage" to definition of "structure" in burglary statute, legislature intended to apply common-law concept of curtilage to all structures, not just to dwellings, notwithstanding fact that at common law "curtilage" used in burglary context was restricted to dwelling houses. West's F.S.A. SS 810.02(1), 810.011(1). | Is the curtilage considered a dwelling in the burglary statute? | Burglary - Memo 244 - SB_57621.docx | ROSS-003293272-ROSS-003293275 |
| Pike v. Chicago, M. & St. P. Ry. Co., 40 Wis. 583 | 70+143 | As to goods in their possession merely as warehousemen, railroad companies are bound to no more than ordinary care, or such as a man of ordinary prudence would use in respect to his own property placed in like circumstances. | What is Ordinary Negligence? | 021703.docx | LEGALEASE-00147608-LEGALEASE-00147609 |
| Magnelli v. Com., Pennsylvania State Civil Serv. Comm'n, 55 Pa. Cmwlth. 531 | 307A+552 | A case will be dismissed if at any stage of the judicial process it is rendered moot for loss of standing. | Will a case that has been rendered moot be dismissed? | 035332.docx | LEGALEASE-00147124-LEGALEASE-00147125 |
| Marino v. Hackman, 551 Pa. 369 | 307A+590.1 | Nondocket activity may be considered when deciding whether case should be terminated for inactivity. Pa.R.J.A. No. 1901. | Can non-docket activity be considered when deciding whether a case should be terminated for inactivity? | 10918.docx | LEGALEASE-00094637-LEGALEASE-00094638 |
| Claiborne Med. Corp. v. ABC Ins. Co., 185 So. 3d 216 | 307A+581 | A dismissal of an action on the grounds of abandonment is a dismissal without prejudice. LSA-C.C.P. art. 561. | Is a dismissal of an action on the grounds of abandonment a dismissal without prejudice? | 10998.docx | LEGALEASE-00094364-LEGALEASE-00094365 |
| Lewis v. Jones, 16-48 (La. App. 5 Cir. 5/26/16) | 307A+690 | Dismissal of an action on the grounds of abandonment is a dismissal without prejudice. LSA-C.C.P. art. 561. | Can an action be dismissed as abandoned under the abandonment statute only without prejudice? | 11130.docx | LEGALEASE-00094742-LEGALEASE-00094743 |
| Claiborne Med. Corp. v. ABC Ins. Co., 185 So. 3d 216 | 307A+581 | A dismissal of an action on the grounds of abandonment is a dismissal without prejudice. LSA-C.C.P. art. 561. | Is a dismissal on the grounds of abandonment a dismissal without prejudice? | Pretrial Procedure - Memo # 7758 - C - PC.docx | ROSS-003286668-ROSS-003286669 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Peckham, 249 Cal. App. 2d 941 | 352H+112 | Intoxication and impotency of defendant at time of alleged assault with intent to rape are not defenses to the crime although they are factors that may be considered in determining whether defendant had the requisite intent. West's Ann.Pen.Code, S 220. | Is impotency a defense for rape? | 043003.docx | LEGALEASE-00147866-LEGALEASE-00147867 |
| Jenkins v. State, 101 So. 3d 161 | 352H+259 | Testimony by alleged victim, that defendant put his hand inside her panties, on "the top part," but that his hand never went "inside," was not sufficient to establish penetration of genital opening, as essential element of sexual battery. West's A.M.C. SS 97-3-95, 97-3-97(a). | Is penetration an essential element of sexual battery? | Sex Offence - Memo 4 - RK.docx | LEGALEASE-00037776-LEGALEASE-00037777 |
| ABF Freight Sys. v. Int'l Bhd. of Teamsters, 728 F.3d 853 | 25T+182(1) | Not every motion to dismiss is inconsistent with the right to arbitration, as would constitute waiver of right to arbitrate; motions to dismiss are not homogeneous, and courts should consider the totality of the circumstances. | Is a motion to dismiss arbitration inconsistent with the right to arbitration? | 007905.docx | LEGALEASE-00148976-LEGALEASE-00148978 |
| Armstrong v. United States, 16 F.2d 387 | 34+76 | Decision of Director of Veterans' Bureau on right to compensation is ordinarily conclusive. World War Veterans' Act 1924, 38 U.S.C.A. SS 101, 102, 109, 210 et seq., 301, 302, 314, 351, 355, 501, 503, 537 et seq., 611, 621, 625, 626, 741 et seq., 3001, 3010, 3022, 3101 et seq., 3201-3203, 3301, 3304, 3401, 3404, 3405, 3501 et seq., 5001 et seq. | Is the decision of the Director on the right to compensation conclusive? | 008772.docx | LEGALEASE-00148832-LEGALEASE-00148833 |
| Foley v. Hardy, 122 Kan. 616 | 83E+374 | Instrument in form of note, not containing words of negotiation, is not rendered negotiable by indorsement in blank by payee; "negotiable instrument". Rev.St. 52-102, 52-201, 52-209, 52-1701. | Can a nonnegotiable note become a negotiable note by indorsement? | 010405.docx | LEGALEASE-00148646-LEGALEASE-00148647 |
| Stevens v. Decker, 192 Ill. App. 474 | 83E+425 | Notes which were indorsed by the maker in blank were negotiable by delivery. Negotiable Instruments Act S 34, S.H.A. ch. 98, S 54. | Can an indorsement in blank be negotiated by delivery? | 010407.docx | LEGALEASE-00148654-LEGALEASE-00148655 |
| Palmer v. Dodge, 4 Ohio St. 21 | 289+957 | A surety on a note given by one of the partners after the dissolution of the partnership, duly notified, he being authorized to settle the affairs of the firm, to a creditor of the firm, in the partnership name, has no claim to indemnity from the other partner for any loss he may sustain. | Can a partner execute a note in the name of the firm after its dissolution by renewal of the note of the firm to bind other partners or the firm? | 010412.docx | LEGALEASE-00148691-LEGALEASE-00148692 |
| Clark v. Sigourney, 17 Conn. 511 | 83E+410 | The payee of a negotiable note, who had written his name on the back, but who had not transferred it, died, leaving the note past due; and his administratrix transferred it for value, delivering it to the purchaser without further indorsement. Held, that the note was not indorsed, and on the death of the payee the legal title vested in his administratrix, and could not be transferred, except by her indorsement. | Does mere writing of name on the back of the note amounts to indorsement or not? | 010580.docx | LEGALEASE-00148542-LEGALEASE-00148543 |
| Hamlin v. Hawkins, 332 Mo. 1098 | 83E+401 | Maker cannot question lawful holder's right to transfer negotiable instrument, and right may not be attacked collaterally. | What right does the holder of note have? | Bills and Notes -Memo 697 -DB_58204.docx | ROSS-003292909 |
| State v. Badaracco, 156 Conn. App. 65 | 63+1(1) | Under federal law, a bribery conviction must be based on more than evidence of mere preparation; it must progress to the point that the defendant made an offer that consisted of a desire to pay and an ability to pay the public official for performing a proscribed act. 18 U.S.C.A. S 201(b). | Is the crime of bribery consummated irrespective of whether the public official accepts the offer of an amount of money to influence his/her behaviour? | 012456.docx | LEGALEASE-00148300-LEGALEASE-00148301 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Scaccia v. State Ethics Comm'n, 431 Mass. 351 | 360+72 | State Ethics Commission failed to establish that state representative violated gratuity statute by his acceptance of gifts in form of meals and rounds of golf from lobbyists from tobacco and insurance industries; while there was evidence that representative held committee hearings on proposed legislation affecting one of those industries after receiving gifts, administrative record did not specify how he voted on those particular pieces of legislation, and thus no link between gifts and an official act was shown. M.G.L.A. c. 268A, S 3(b). | "Under gratuity statute, must the government prove a link between a thing of value and a specific official act?" | Bribery - Memo #975 - C-JL_57942.docx | ROSS-003279289-ROSS-003279290 |
| In re Schuylkill River Rd., 19 Pa. Super. 376 | 200+44 | A large manufacturing plant, covering many acres of land, on which are erected a number of mills, shops, offices, etc., and where thousands of persons are employed, and at which there is also a public station on a railroad, is a sufficient terminus for a public road as a "place of necessary public resort," within Act June 13, 1836, P.L. 551, S 11, 36 P.S. S 2731. | What would be sufficient termini to warrant the confirmation of a public road? | Highways-Memo 246-ANM_57970.docx | ROSS-003296479 |
| In re Schuylkill River Rd., 19 Pa. Super. 376 | 200+77(1) | It seems that a public highway may terminate in a cul de sac. | Can a public highway terminate in cul de sac? | 019284.docx | LEGALEASE-00148460-LEGALEASE-00148461 |
| Bumpus v. United States, 325 F.2d 264 | 260+48 | "Mineral" is a word of general language, and not per se a term of art; it does not have a definite meaning and is used in many senses; it is not capable of a definition of universal application, but is susceptible to limitation or expansion according to intention with which it is used in particular instrument or statute. | "Is ""mineral"" a per se term of art or trade?" | Mines and Minerals - Memo # 27 - C-EB_57975.docx | ROSS-003280810-ROSS-003280811 |
| Jones v. Hous. Auth. of Fulton Cty., 315 Ga. App. 15 | 308+175(1) | When a principal ratifies the acts of his agent, he is as responsible for those acts as if he had done the acts himself. | "If a principal ratifies the acts of his agent, is he responsible for those acts?" | Principal and Agent - Memo 131 - KC_58045.docx | ROSS-003308858-ROSS-003308859 |
| Rokowsky v. Gordon, 501 F. Supp. 1114 | 83E+676 | Demand note is payable at place of residence of maker, if no place of payment is named in the note. | Where is a demand note payable? | Bills and Notes - Memo 762 - KC_58513.docx | ROSS-003309693 |
| Fed. Deposit Ins. Corp. v. Cloonan, 165 Kan. 440 | 8.30E+215 | An accommodation party who signs note as maker is liable to a holder for value. Gen.St.1935, 52-306. | Is an accommodation party liable to the holder? | Bills and Notes - Memo 766 -IS_58516.docx | ROSS-003308068-ROSS-003308069 |
| Dubler v. Toscana Straw Goods Corp., 142 Misc. 369 | 8.30E+36 | "Trade acceptance" is draft or bill of exchange drawn by seller on purchaser of goods. | What is a Trade Acceptance? | 009672.docx | LEGALEASE-00149744-LEGALEASE-00149745 |
| Rivers v. Thomas, 69 Tenn. 649 | 83E+436 | One who indorses a past-due note at the request of the maker, pursuant to a contract with the payee for further indulgence, is liable as guarantor. | Can the endorser be liable as guarantor? | 009677.docx | LEGALEASE-00149752-LEGALEASE-00149753 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Thompson & Thompson v. Brown, 121 Mo. App. 524 | 410+172 | Limitations having been pleaded in an action brought on a note by those acquiring it from the representatives of the deceased payee, payments alleged to have tolled the statute were proved to have been made by a stranger to the note, whose name appeared as indorser, and who was not a party to the litigation. The claims against the maker arising from such payments by the indorser were barred by limitations, even though the payments were made by the indorser as a guarantor. Held that, since, the payments would keep the note alive as against the indorser, whether made as guarantor or co-maker, and since the outcome of the litigation could not prevent judgment against him, and since he could not by a subsequent payment as a guarantor revive his claim against the maker for past payments, he was not precluded from testifying that he signed the note as a guarantor, by Rev.St.1899, S 4652, V.A.M.S. S 491.010, providing that where one of the parties to a contract in issue is dead the other party cannot testify "in his own favor" in relation thereto. | Can a party whose name is written on the back of a note be a maker of it? | 010631.docx | LEGALEASE-00149410-LEGALEASE-00149411 |
| Clark v. Barrett, 19 Mo. 39 | 83E+462 | An indorser of a negotiable note is not a security, within the statute providing that in an action on a note, against a security, he may defend by showing that he requested the payee to sue the principal, and that the request was refused. | "Can an endorser or indorser of a negotiable note, a security or surety within the meaning of statute concerning securities?" | Bills and Notes- Memo 719- ANM_58224.docx | ROSS-003279375 |
| Material Partnerships v. Ventura, 102 S.W.3d 252 | 83E+308 | A guaranty agreement is not a negotiable instrument and is not governed by the provisions of the state Uniform Commercial Code (UCC). | Is a guaranty agreement a negotiable instrument? | 010643.docx | LEGALEASE-00149483-LEGALEASE-00149484 |
| Washington Cty. Mercantile Bank v. Kennedy, 855 S.W.2d 520 | 172H+517 | A certificate of deposit is a note of the bank, payable only according to its terms; the clear and unambiguous terms of the contract control ownership of the account. | Is a Certificate of Deposit a note of the bank? | 010645.docx | LEGALEASE-00149507-LEGALEASE-00149508 |
| Osborn v. Kistler, 35 Ohio St. 99 | 83E+417 | Under the statutory provision that notes "payable to order, bearer, or assigns shall be negotiated by indorsement thereon," the legal title to a sealed bill, made payable to bearer, can only pass by indorsement; and, if sold and delivered without indorsement, the holder must sue thereon in the name of the transferor. | Are notes under seal negotiable by delivery or indorsement? | Bills and Notes-Memo 95-PR_58526.docx | ROSS-003283419-ROSS-003283420 |
| Larrabee v. Bank of Am., N.A., 714 F. Supp. 2d 562 | 172H+1344 | Borrower who sued lender and Federal Home Loan Mortgage Corporation (Freddie Mac), seeking rescission of mortgage loan transaction, failed to allege that lender inaccurately disclosed number and due dates of mortgage payments, as required to state claim under Truth in Lending Act (TILA); borrower's erroneous construction of mortgage terms on disclosure form would have mandated 359 loan payments on single date. Truth in Lending Act, S 103(u), 15 U.S.C.A. S 1602(u); 12 C.F.R. S 226.18(g). | "Under federal law, is a creditor required to disclose the total payments?" | Consumer Credit - Memo 59 - KC.docx | LEGALEASE-00039028-LEGALEASE-00039029 |
| Allamakee Cty. v. Collins Tr., 599 N.W.2d 448 | 200+79.1 | Established highway or right of way may be abandoned by the public and its rights lost. | Can a highway be abandoned by the public? | Highways -Memo 334 - KC_58551.docx | ROSS-003295319-ROSS-003295320 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Eastex Wildlife Conservation Ass'n v. Jasper, et al., Cty. Dog & Wildlife Protective Ass'n, 450 S.W.2d 904 | 200+76 | Commissioners' court had authority to discontinue county road. Vernon's Ann.Civ.St. art. 6705. | Does the commissioners court have the authority to discontinue a road? | 019269.docx | LEGALEASE-00149388-LEGALEASE-00149389 |
| Petition of Miller, 18 Mich. App. 480 | 200+76 | County roads may be vacated only upon vote of board of county road commissioners. M.C.L.A. SS 224.18, 560.59-560.66. | Can a circuit court vacate a county road? | 019271.docx | LEGALEASE-00149404-LEGALEASE-00149405 |
| In re Palumbo, 154 B.R. 357 | 51+2559 | Debtor-partner's interest in partnership, although part of his bankruptcy estate in form of personal property interest, does not extend to interest of assets actually held by partnership. Bankr.Code, 11 U.S.C.A. S 541. | Is the interest held by a partner in a partnership personal property? | Partnership - Memo 482 - RK_58654.docx | ROSS-003280970-ROSS-003280971 |
| Adams v. Paul, 11 Cal. 4th 583 | 302+53(1) | Party may plead in alternative and may make inconsistent allegations. | Can a party make inconsistent allegations? | Pleading - Memo 486 - RMM_58681.docx | ROSS-003282081-ROSS-003282082 |
| DRC v. Great Am. Ins. Companies, 901 So. 2d 710 | 302+20 | Inconsistent, alternative, and hypothetical pleadings are permitted. Rules Civ.Proc., Rule 8(e)(2). | "Are inconsistent, alternative and hypothetical pleadings permitted?" | Pleading - Memo 487 - RMM_58682.docx | ROSS-003296378-ROSS-003296379 |
| BLDG Mgmt. Co. v. Meija, 32 Misc. 3d 652 | 307A+581 | Generally, mere delay in and of itself is not a basis for dismissal of a proceeding, under calendar default rule. N.Y.Ct.Rules, S 208.14. | Is a mere delay in and of itself a basis for dismissal of a proceeding? | 036463.docx | LEGALEASE-00149145-LEGALEASE-00149146 |
| Hillman v. Weatherly, 14 So. 3d 721 | 307A+581 | What constitutes failure to prosecute is considered on a case-by-case basis. Rules Civ.Proc., Rule 41(b). | "Is a failure to prosecute, considered on a case-by-case basis?" | Pretrial Procedure - Memo # 8137 - C - KI_58453.docx | ROSS-003291891 |
| Noble v. Shawnee Gun Shop, 409 S.W.3d 476 | 30+3893 | In reviewing a circuit court's grant of a motion to dismiss, the facts contained in the petition are treated as true and they are construed liberally in favor of the plaintiffs. | "In order to survive a motion to dismiss, should a petition invoke substantive principles of law entitling plaintiff to relief and ultimate facts informing the defendant of that which plaintiff will attempt to establish at trial?" | 036909.docx | LEGALEASE-00150018-LEGALEASE-00150019 |
| In re Telesphere Commc'ns, 205 B.R. 535 | 308+100(1) | Under Illinois law, agents generally do not own personal property transferred into their possession by or for benefit of principal. | Does an agent own the property he has in possession? | Principal and Agent - Memo 142 - RK_58689.docx | ROSS-003282360-ROSS-003282362 |
| Home Materials v. Auto Owners Ins. Co., 250 Ga. 599 | 308+15 | Dual agency is not considered void per se as against public policy. | Is dual agency against public policy? | 041396.docx | LEGALEASE-00149607-LEGALEASE-00149608 |
| Cty. of Fresno v. Malmstrom, 94 Cal. App. 3d 974 | 371+2001 | Taxes are raised for general revenue of governmental entity to pay for a variety of public services, and a "special tax" is a tax collected and earmarked for a special purpose, rather than being deposited in a general fund. | What is a special tax? | 045940.docx | LEGALEASE-00149402-LEGALEASE-00149403 |
| St. Fort v. State, 943 So. 2d 314 | 3.77E+06 | Purpose of stalking statute is to criminalize conduct that falls short of assault or battery. West's F.S.A. S 784.048. | What is the purpose of the stalking statute? | "Threats, Stalking, and Harassment - Memo #9 - C - LB.docx" | LEGALEASE-00039747-LEGALEASE-00039748 |
| Zapp Nat. Bank v. Metro. Planning & Redevelopment Corp., 308 Minn. 309 | 83E+461 | Order in which signatures of accommodation endorsers appeared on notes did not alone represent any agreement of endorsers as to order of liability. M.S.A. S 336.3-118(e). | "When there are multiple signatures on the note, how does it affect the liability of the signatories?" | 010980.docx | LEGALEASE-00150424-LEGALEASE-00150425 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Illinois Graphics Co. v. Nickum, 159 Ill. 2d 469 | 413+1044 | Even if claimant raised as affirmative matter, in employer's suit to recover workers' compensation payments for which claimant was later determined to be ineligible, voluntariness of employer's payments, that did not negate completely employer's claim for recovery of voluntary payments made because of a mistake of fact, and therefore claimant's motion to dismiss, if viewed as one raising affirmative matter, was improperly granted. Ill.Rev.Stat.1989, ch. 110, P 2-619. | Would an affirmative matter negate the cause of action completely or refute crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint? | 036528.docx | LEGALEASE-00150428-LEGALEASE-00150429 |
| Silicon Valley Taxpayers Ass'n v. Santa Clara Cty. Open Space Auth., 44 Cal. 4th 431 | 268+438 | The "public at large," within meaning of constitutional provision defining "special benefits" which may be funded by special assessment as particular and distinct benefits "over and above general benefits conferred on real property located in the district or to the public at large," means all members of the public, including those who live, work, and shop within the assessment district, and not simply transient visitors. West's Ann.Cal. Const. Art. 13D, S 2(i). | What is the difference between special assessment and special tax? | 045944.docx | LEGALEASE-00150494-LEGALEASE-00150495 |
| Young Men's Christian Ass'n of Germantown v. City of Philadelphia, 323 Pa. 401 | 371+2001 | "Taxes" are not penalties, but are contributions which all inhabitants may be compelled to make for support of government. | Are taxes one kind of penalties? | Taxation - Memo # 876 - C - JL_59075.docx | ROSS-003280920-ROSS-003280921 |
| Beall v. Russell, 76 Misc. 244 | 83E+481 | A negotiable instrument may be assigned before or after maturity, with or without indorsement. | Can a negotiable instrument be assigned before maturity? | Bills and Notes-Memo 1136-PR_59406.docx | ROSS-003295331 |
| Beall v. Russell, 76 Misc. 244 | 83E+481 | A negotiable instrument may be assigned before or after maturity, with or without indorsement. | Can a negotiable instrument be assigned after maturity? | 010799.docx | LEGALEASE-00151160-LEGALEASE-00151161 |
| Cent. Sch. Supply House v. Donovan, 70 Ill. App. 208 | 83E+426 | Possession of notes endorsed in blank is prima facie evidence of title thereto. | Is possession of notes evidence of title or ownership? | Bills and Notes-Memo 1145-PR_59411.docx | ROSS-003294848 |
| Vulcan Materials Co. v. Atofina Chemicals Inc., 355 F. Supp. 2d 1214 | 343+1006 | Good faith is essential to requirements contract; thus, party under contract cannot pretend not to have requirement to avoid his obligations under contract. U.C.C. S 2-306(1). | Is there an implied covenant of good faith in every contract? | Consumer Credit - Memo 106-IS.docx | LEGALEASE-00040684-LEGALEASE-00040685 |
| State Highway Comm'n v. Stadler, 158 Kan. 289 | 64+27 | Where highway bridge was destroyed when motor truck, loaded in excess of weight limit permitted by State Highway Commission, was driven on bridge, under statute providing that person causing injury to highway structure shall be liable for all damages, commission could recover replacement cost, and judgment for replacement cost less depreciation was improper. Gen.St.Supp.1939, 8-5,123; Gen.St.Supp.1943, 8-5,124. | Who can be held liable for damage caused to the Highway? | Highways - Memo 58 - KC_59343.docx | ROSS-003319845-ROSS-003319846 |
| Raymond James Capital Partners v. Hayes, 789 S.E.2d 695 | 307A+683 | On a motion to dismiss for failure to state a claim, the complaint's material factual allegations are taken as true; legal conclusions, however, are not entitled to a presumption of validity. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | Are legal conclusions not entitled to a presumption of validity? | Pretrial Procedure - Memo # 8463 - C - NS_59162.docx | ROSS-003310236-ROSS-003310237 |
| Messing v. Rosenkrantz, 872 F. Supp. 539 | 308+127.1 | An agent may invoke an arbitration agreement entered into by its principal. | Can an agent invoke an arbitration agreement? | 042144.docx | LEGALEASE-00150964-LEGALEASE-00150965 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Leonardo v. United States, 60 Fed. Cl. 126 | 316H+192 | A party alleging either an express or implied-in-fact contract with the United States must demonstrate: (1) mutual intent to contract; (2) offer; (3) acceptance; (4) consideration; and (5) that the government representative who entered or ratified the agreement had actual authority to bind the United States. | Does the Forest Supervisors have the authority to enter into contracts binding the government? | Woods and Forest - Memo 15 - ANM_59385.docx | ROSS-003310314-ROSS-003310315 |
| Nw. Ecosystem All. v. Washington Dep't of Ecology, 104 Wash. App. 901 | 411+7 | Doctrine of primary jurisdiction did not preclude court's exercise of jurisdiction under Administrative Procedure Act (APA) as to claims that state agencies failed to issue appropriate, reasonably necessary, and feasible forest practice rules under Forest Practices Act, and that certain existing rules not under current review by agencies were invalid; these issues went beyond agencies' authority to regulate forest practices, and required statutory interpretation as to extent of agencies' duties under Act and of validity of certain existing regulations. West's RCWA 34.05.570(2)(c), (4)(c), 76.09.010(2), 76.09.040(1), 76.09.050. | Does the Forest Practices Appeals Board (Appeals Board) have jurisdiction to determine compliance of forest practice rules? | 047555.docx | LEGALEASE-00151208-LEGALEASE-00151209 |
| Cent. Hanover Bank & Tr. Co. v. The Mirror, 155 Misc. 366 | 172H+603 | Certification procured by landlord of checks given by tenant's guarantor payable to city collector for taxes held not to discharge liability of tenant and guarantor for taxes on closing of bank before payment of checks, since landlord did not procure certification as "holder" and certification did not per se harm tenant and guarantor. Negotiable Instruments Law, SS 2, 323, 324. | Does having possession of a check and presenting it to the bank for the purpose of certification make someone a holder of the check? | 009619.docx | LEGALEASE-00151644-LEGALEASE-00151645 |
| Whitlock v. Castro, 22 Tex. 108 | 8.30E+10 | A note executed in one state, and made payable in another, must bear interest according to the law of the latter state when no rate of interest is expressed. | Which law governs the interest payable on a note? | Bills and Notes - Memo 867 - RK_59548.docx | ROSS-003279650-ROSS-003279651 |
| McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207 | 172H+117 | Mortgagee provided mortgagor sufficient notice of right to rescind mortgage transaction under Massachusetts Consumer Credit Cost Disclosure Act (MCCCDA), and therefore rescission period was not extended from three days to four years from closing, although mortgagee provided only one copy of notice, instead of two copies provided for under related regulations; lack of notice, not the number of copies, was the predicate for extending the rescission period. M.G.L.A. c. 140D, SS 10(a, f); 209 CMR 32.15(1), (2). | Can the rescission period be extended when the borrower has received notice? | 013900.docx | LEGALEASE-00151590-LEGALEASE-00151591 |
| Bd. of Cty. Comm'rs of Cty. of Morgan v. Kobobel, 74 P.3d 401 | 200+75 | Ordinarily, public highways remain public unless and until vacated or abandoned by some appropriate action. | When do highways cease to be public? | 018723.docx | LEGALEASE-00151691-LEGALEASE-00151692 |
| Petition of Miller, 18 Mich. App. 480 | 200+76 | County roads may be vacated only upon vote of board of county road commissioners. M.C.L.A. SS 224.18, 560.59-560.66. | How can a county road be vacated? | 018724.docx | LEGALEASE-00151652-LEGALEASE-00151653 |
| Simmons v. Stuckey, 1925 OK 873 | 371+2028 | Legislative authorization of additional apportionment of tax levies for counties and other municipalities, which, together with levies previously authorized, do not exceed constitutional limitation, held valid. | Can the county excise board levy beyond the constitutional limitation for the maintenance of county highways? | 018738.docx | LEGALEASE-00151654-LEGALEASE-00151655 |
| Simmons v. Stuckey, 1925 OK 873 | 371+2028 | Legislative authorization of additional apportionment of tax levies for counties and other municipalities, which, together with levies previously authorized, do not exceed constitutional limitation, held valid. | Can the county excise board levy beyond the constitutional limitation for the construction of county highways? | 018742.docx | LEGALEASE-00151658-LEGALEASE-00151659 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Simmons v. Stuckey, 1925 OK 873 | 371+2028 | Legislative authorization of additional apportionment of tax levies for counties and other municipalities, which, together with levies previously authorized, do not exceed constitutional limitation, held valid. | Can the county excise board levy beyond the constitutional limitation for the construction of state highways? | 018752.docx | LEGALEASE-00151664-LEGALEASE-00151665 |
| Simmons v. Stuckey, 1925 OK 873 | 371+2028 | Legislative authorization of additional apportionment of tax levies for counties and other municipalities, which, together with levies previously authorized, do not exceed constitutional limitation, held valid. | Can the county excise board levy beyond the constitutional limitation for the maintenance of state highways? | 018755.docx | LEGALEASE-00151666-LEGALEASE-00151667 |
| Thomas v. First Nat. Bank of Scranton, 173 Pa. Super. 205 | 172H+593 | A check is merely an order of the depositor on bank to pay stated amount to a named payee from the drawer's account, and, as such, may be revoked at any time before check is paid or accepted for payment by bank, and if payment is made by bank, after such notice, payment is at peril of the bank. | Is a notice of stop payment to a bank by a depositor binding in nature? | 010156.docx | LEGALEASE-00152077-LEGALEASE-00152078 |
| In re Dudley, 502 B.R. 259 | 51+3403(1) | Creditor generally has the burden to show that its debt is excluded from discharge. 11 U.S.C.A. S 523(a). | Who shares the burden of proof that the debt is excluded from discharge? | Bills and Notes- Memo 342-PR_60205.docx | ROSS-003296315 |
| FFP Mktg. Co. v. Long Lane Master Tr. IV, 169 S.W.3d 402 | 83E+402 | Negotiation or assignment can change ownership of a promissory note. | Can the ownership of promissory note be changed by assignment? | 010751.docx | LEGALEASE-00152455-LEGALEASE-00152456 |
| Kelly v. Cent. Bank & Tr. Co. of Denver, 794 P.2d 1037 | 83E+428 | "Indorsement" means the indorser's writing of his or her signature on an instrument or affixing of the indorser's name or some designation identifying the indorser on the instrument, and a check simply inscribed for deposit only to an account other than payee's account and without the payee's signature is not an effective "indorsement.". | Does the word endorsement mean transfer by writing? | 010763.docx | LEGALEASE-00152481-LEGALEASE-00152482 |
| In re Kemp, 440 B.R. 624 | 83E+728 | Bank serving as trustee pursuant to mortgage pooling and servicing agreement was not "holder" entitled to enforce mortgagor's promissory note, in mortgagor's bankruptcy case, under New Jersey's version of Uniform Commercial Code (UCC), where bank, despite being buyer of note as trustee, never came into physical possession of note, as required for negotiation of instrument to transferee. N.J.S.A. 12A:1-201(20), 12A:3-201(a, b). | Does the holder of a negotiable instrument has right to enforce it? | 010832.docx | LEGALEASE-00152303-LEGALEASE-00152304 |
| Spencer v. Sterling Bank, 63 Cal. App. 4th 1055 | 83E+427 | If indorsement is made by holder of instrument and indorsement identifies person to whom it makes instrument payable, it is a "special indorsement." West's Ann.Cal.Com.Code S 3205(a). | When does an indorsement become a special indorsement? | 010835.docx | LEGALEASE-00152355-LEGALEASE-00152356 |
| McHenry v. Foutty, 223 Ind. 335 | 200+77(1) | The vacation of roads is not favored and rights of public in and to a road can be divested only by some method authorized by law with which method there must be a full and substantial compliance. | Is the vacation of highways favored? | Highways - Memo 243 - RK_60185.docx | ROSS-003308686-ROSS-003308687 |
| State Highway Comm'n v. Stadler, 158 Kan. 289 | 64+27 | Where highway bridge was destroyed when motor truck, loaded in excess of weight limit permitted by State Highway Commission, was driven on bridge, under statute providing that person causing injury to highway structure shall be liable for all damages, commission could recover replacement cost, and judgment for replacement cost less depreciation was improper. Gen.St.Supp.1939, 8-5,123; Gen.St.Supp.1943, 8-5,124. | Will a person who willfully damages a highway be liable? | Highways - Memo 331 - RK_60193.docx | ROSS-003322013-ROSS-003322014 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Latham v. Field, 163 N.C. 356 | 308+92(1) | The acts of an agent performed within the scope of his real or apparent authority are binding on his principal. | Is a principal bound by the acts of his agent within the authority he has actually given? | Principal and Agent - Memo 197 - KC_59865.docx | ROSS-003319080-ROSS-003319081 |
| Weeger v. Mueller, 102 Ill. App. 258 | 8.30E+65 | Instrument promising and ordering payment of certain fixed amount not made payable to bearer or to some person named therein held not promissory note. | Is it mandatory to name the payee on a promissory note? | 009835.docx | LEGALEASE-00153557-LEGALEASE-00153558 |
| Rimel v. Uber Techs., 246 F. Supp. 3d 1317 | 95+144 | In the absence of a choice of law provision, the "lex loci contractus doctrine" applies; under that doctrine, a contract is governed by the law of the state in which the contract is made or is to be performed. | Under what law is the performance of a contract governed? | Bills and Notes - Memo 933 - RK.docx | LEGALEASE-00042652-LEGALEASE-00042653 |
| Lionhart v. Foster, 100 F. Supp. 2d 383 | 92+4509(8) | State statute imposing criminal penalties for production of sound in excess of 55 decibels within 10 feet of hospitals or churches during posted services "in a manner likely to ... annoy" was unconstitutionally vague, and thus violated due process rights of street musicians and other participants in activities on public streets, as 55 decibel level threshold included sound levels that average person would assume were not annoying or disturbing. U.S.C.A. Const.Amend. 14; LSA-R.S. 14:103.2. | Is it a crime for three or more individuals to assemble on public sidewalk to conduct themselves in a manner annoying to persons passing? | 014397.docx | LEGALEASE-00153491-LEGALEASE-00153492 |
| State v. Allen, 125 Ariz. 158 | 92+1130.8 | Enactment is void for vagueness if its prohibitions are not clearly defined. | Is an enactment void for vagueness if prohibitions are no clearly defined? | Education -  Memo # 189 - C - KS_60306.docx | ROSS-003319683-ROSS-003319684 |
| United States v. Summit Fid. & Sur. Co., 408 F.2d 46 | 308+39 | As between principal and agent a revocation of authority does not become effective until it is in some way communicated to the agent. | Can an agents authority be revoked without communication? | 041400.docx | LEGALEASE-00153645-LEGALEASE-00153646 |
| Tomlinson v. Bd. of Educ. of City of Bristol, 226 Conn. 704 | 308+99 | Issue of apparent authority is to be determined based on two criteria: first, it must appear from principal's conduct that principal held agent out as possessing sufficient authority to embrace act in question, or knowingly permitted agent to act as having such authority, and second, party dealing with agent must have, acting in good faith, reasonably believed, under all the circumstances, that agent had necessary authority to bind principal to agent's action. | How is apparent authority determined? | Principal and Agent - Memo 161 - SB_60780.docx | ROSS-003280379-ROSS-003280380 |
| U.S. Steel Corp. v. State, 65 Wash. 2d 385 | 371+2763 | Tax is not a "debt" and does not bear interest unless specifically imposed by statute. | Does a tax bear interest? | 046033.docx | LEGALEASE-00153356-LEGALEASE-00153357 |
| State ex rel. Utilities Comm'n v. Carolina Util. Customers Ass'n, 336 N.C. 657 | 190+2 | Statutorily-authorized capture of natural gas local distribution company (LDC) supplier refunds for inclusion in expansion funds for expansion of LDCs into their franchised but unserved area did not constitute "tax" in violation of state constitutional tax provision; capture of refunds was not charge levied upon general citizenry for general maintenance of government, and amounts refunded to LDCs were not payments made by natural gas utilities customers. G.S. SS 62-2(9), 62-158; Const. Art. 5, S 2(1). | Is tax a contribution to the maintenance of the general government? | Taxation - Memo # 925 - C - JL_60670.docx | ROSS-003293285-ROSS-003293286 |
| United States v. Burnett, 750 F. Supp. 1029 | 260+7 | Maintenance of personal property and structures on an unpatented mining claim is a significant surface disturbance which requires an operating plan. | What constitutes as a significant surface disturbance? | Woods and Forests - Memo 86 - SB_60794.docx | ROSS-003280837-ROSS-003280838 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Beebe v. Morrell, 76 Mich. 114 | 21+7 | The general rule is that an affidavit must be entitled in the suit in which it is to be used, and if it is entitled in a nonpending suit it is a nullity. | Should the affidavit be entitled in the suit in which it is to be used? | Affidavits - Memo 54 - _1tTwpYny2G2JNlXMBIAdlVHqfZsJ3zVyC.docx | ROSS-000000205-ROSS-000000206 |
| Paton v. La Prade, 524 F.2d 862 | 21+9 | Opinion testimony that would be admissible at the actual trial may be submitted in an affidavit. | Can opinions be included in an affidavit? | Affidavits - Memo 72 - SNJ.docx | LEGALEASE-00043595-LEGALEASE-00043596 |
| First Nat. Bank of Butte v. Weidenbeck, 97 F. 896 | 25+8 | The placing by a third person of his name on a note as guarantor, by agreement with the payee, and without the privity of the maker, is not a material alteration, which affects the validity of the note as against the maker, nor is the erasure of such name by a subsequent agreement between the same parties. | Is the addition of the name of a guarantor to a note a material alteration? | Bills and Notes - Memo 888 - RK_60800.docx | ROSS-003282032-ROSS-003282033 |
| Thornton v. Crowther, 24 Mo. 164 | 83E+481 | An assignment of a promissory note, written on a separate paper, although not transferring the legal ownership, transfers the beneficial ownership in the note, so as to enable the assignee to sue on it in his own name. | Is an assignee of a note entitled to sue in his own name? | Bills and Notes - Memo 950 - RK.docx | LEGALEASE-00043718-LEGALEASE-00043719 |
| McClain v. Weidemeyer, 25 Mo. 364 | 83E+481 | An assignment of a promissory note, written on a separate paper, although not transferring the legal ownership, transfers the beneficial ownership in the note, so as to enable the assignee to sue on it in his own name. | Is an assignee of a note entitled to sue in his own name? | 009951.docx | LEGALEASE-00153788-LEGALEASE-00153789 |
| Noble v. Beeman-Spaulding-Woodward Co., 65 Or. 93 | 83E+461 | In the absence of a special agreement to be bound jointly and not severally, accommodation parties to commercial paper are liable to each other in succession as their names appear upon the instrument. | In what order are indorsers liable? | 009974.docx | LEGALEASE-00154677-LEGALEASE-00154678 |
| Haynes v. Planet Automall, 276 F.R.D. 65 | 172H+1344 | In order to be considered a "finance charge" subject to disclosure under TILA, a charge must be incident to, or a condition of, an extension of credit. Truth in Lending Act, S 106(a), 15 U.S.C.A. S 1605(a). | What is a finance charge? | 013936.docx | LEGALEASE-00153851-LEGALEASE-00153852 |
| R.M.W. v. G.M.M., 23 Misc. 3d 713 | 211+1532 | Biological mother's alleged behavior, in appearing at home of biological father, acting verbally abusive, demanding to see their child, grabbing that child, and trying to force child into a car constituted disorderly conduct, as required to establish a family offense in proceedings on petitions brought on behalf, inter alia, of petitioner who lived and had child with biological father and of subject children. McKinney's Family Court Act S 821(1)(a); McKinney's Penal Law S 240.20. | Is a person guilty of disorderly conduct if he causes annoyance? | 014347.docx | LEGALEASE-00154619-LEGALEASE-00154620 |
| Vallera v. Vallera, 64 Cal. App. 2d 266 | 302+26 | Form is subordinated to substance in pleading and practice in civil cases. | "Is form subordinated to substance, in pleading?" | Pleading - Memo 539-RMM_61227.docx | ROSS-003281190-ROSS-003281191 |
| Town of Manteno v. Surprenant, 210 Ill. App. 438 | 302+28 | One of the purposes of videlicet is to dispense with strict proof. | Is dispensing with strict proof a purpose of a videlicet? | 023749.docx | LEGALEASE-00154593-LEGALEASE-00154594 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Broadwater v. City of Danville, 184 Ga. App. 886 | 148+238(6) | Landowner's appeal from award of special master in condemnation proceeding should not have been dismissed by trial court based on failure of landowner and his counsel to be present at call of calendar on date when case was number 11 on published trial calendar, on ground of failure to appear; superior court rule requires presence only of parties and counsel in the first five cases on the published calendar, and landowner's counsel had attempted to find out specific trial date or obtain permission to be on call within reasonable notice, the two options provided by superior court rule. O.C.G.A. S 9-11-41(b); Uniform Superior Court Rule 14. | Should a dismissal for failure to appear be based solely on absence of a party or be taken only after a full consideration of all circumstances? | 038846.docx | LEGALEASE-00154401-LEGALEASE-00154402 |
| Lapham v. Green, 9 Vt. 407 | 308+183(0.5) | In contracts, made by agents, without disclosing the principal, the suit, to enforce them, may be in the name of the principal or agent. | "When an agent does not disclose his principal, can an action or suit be brought in the name of both?" | 041624.docx | LEGALEASE-00154595-LEGALEASE-00154596 |
| Barrett v. Hinkley, 124 Ill. 32 | 83E+481 | The legal title to a note cannot be transferred by assignment by a separate instrument. | Can a note be transferred by assignment by a separate instrument? | 010862.docx | LEGALEASE-00155332-LEGALEASE-00155333 |
| Boynton v. Renwick, 46 Ill. 280 | 83E+481 | The legal title to a note cannot be transferred by assignment by a separate instrument. | Can a note be transferred by assignment by a separate instrument? | Bills and Notes-Memo 1211-PR_61521.docx | ROSS-003321729 |
| Billingham v. Bryan, 10 Iowa 317 | 83E+606 | The indorsement of a nonnegotiable promissory note is equivalent to the execution of a new note, and the liability of the indorser is not contingent upon due presentation to the maker, and notice of non-payment. | "Whether the indorser of a promissory note not negotiable, is liable to a suit by the holder?" | 010866.docx | LEGALEASE-00155348-LEGALEASE-00155349 |
| Sinibaldi v. Redbox Automated Retail, 754 F.3d 703 | 172H+1692 | Under California law, as predicted by a federal Court of Appeals, rental deposit exemption to California's Song-Beverly Credit Card Act applied to allow self-service movie and video game kiosk operator to collect personal identification information in the form of zip codes from customers in connection with rental transactions, since the credit card was being used as a deposit to secure payment in the event of default, loss, damage, or other similar occurrence. West's Ann.Cal.Civ.Code S 1747.08(a), (c)(1). | Is there an act to protect the personal privacy of consumers who pay for transactions with credit cards? | 014005.docx | LEGALEASE-00155418-LEGALEASE-00155419 |
| Phelps-Roper v. City of Manchester, Missouri, 738 F. Supp. 2d 947 | 129+111 | City ordinance prohibiting pickets and protests within 300 feet of funeral or burial service was not narrowly tailored to serve significant government interest, for purposes of church members' challenge to ordinance on First Amendment grounds; first version of ordinance contained complete ban on pickets and protests within 300-foot radius of any funeral, while later versions restricted too much speech due to size of buffer zone. U.S.C.A. Const.Amend. 1. | Is picketing considered protected speech under the First Amendment? | 014307.docx | LEGALEASE-00155780-LEGALEASE-00155781 |
| Carey v. Brown, 447 U.S. 455 | 129+111 | Illinois statute prohibiting picketing of residences or dwellings, but exempting from its prohibition peaceful picketing of place of employment involved in labor dispute, denied equal protection, notwithstanding state's asserted interests in promoting privacy of home and in providing special protection for labor protests. S.H.A.Ill. ch. 38, S 21.1-2; U.S.C.A.Const. Amends. 1, 14. | "Does an ordinance which prohibits protected speech, picketing, and protests on public streets and sidewalks regulate expressive conduct protected by the First Amendment?" | 014309.docx | LEGALEASE-00155776-LEGALEASE-00155777 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Porter, 186 Wash. 2d 85 | 129+128 | Sufficient evidence supported conclusion that defendant had requisite intent to breach the peace; defendant caused inconvenience and annoyance when he stopped traffic, damaged vehicles, attempted to drag people from cars and wrestled with police, and defendant was fighting and acting in violent manner, given extensive force that was required, including use of seven police officers, to place him under arrest. C.G.S.A. S 53a-181(a). | When is a person guilty of breach of the peace? | 014365.docx | LEGALEASE-00155486-LEGALEASE-00155487 |
| Gerard-Fillio Co. v. McNair, 68 Wash. 321 | 185+131(1) | A written contract within the statute of frauds (Rem. & Bal.Code, S 5289) may be modified or abrogated by an oral executed contract, but not by an oral executory agreement. | Can an executory agreement for the sale of land or real estate be rescinded or abrogated by oral rescission or agreement? | Exchange of property - Memo - 14 - AM_61345.docx | ROSS-003278459-ROSS-003278460 |
| Steubenville & Wheeling Traction Co. v. Brandon, 87 Ohio St. 187 | 396A+23.1 | Team driver at crossing has equal rights with street car, and motorman should so control car as to be able to stop if necessary to avoid accident. | Can the driver of horse and wagon have equal rights with the company in the street? | Highways- Memo 424-SB.docx | LEGALEASE-00044914-LEGALEASE-00044915 |
| Justin v. Delta Motor Line, 43 So. 2d 53 | 302+38 | Irrelevant allegations do not vitiate good allegations, and redundant allegations need not be proved. | `Will irrelevant allegations vitiate the good allegations? | Pleading - Memo 548 - RMM.docx | LEGALEASE-00044928-LEGALEASE-00044929 |
| Laurie v. Ezard, 595 S.W.2d 336 | 307A+581 | Whether case is prosecuted diligently must be decided on case-by-case basis. | On what basis should it be decided whether a claim has been diligently prosecuted? | 039069.docx | LEGALEASE-00155082-LEGALEASE-00155083 |
| Valencia v. State, 2004 WL 1416239 | 63+7 | State was not required to prove the existence of a bilateral agreement in bribery prosecution, where indictment alleged, in the disjunctive, that defendant offered or conferred a benefit. V.T.C.A., Penal Code S 36.02(a)(1). | Can benefit as consideration be an element of a bribery charge? | 012594.docx | LEGALEASE-00156000-LEGALEASE-00156001 |
| Univ. of Colorado Through Regents of Univ. of Colorado v. Derdeyn, 863 P.2d 929 | 349+78 | State university did not obtain valid consents from student athletes for suspicionless drug testing, for purpose of determining whether testing was unconstitutional search, where consent to testing was condition of participation in intercollegiate athletics at university; consents were coerced, in that there could be no participation in athletics without signed consent. U.S.C.A. Const.Amends. 4, 14; West's C.R.S.A. Const. Art. 2, S 7. | Is suspicionless drug testing of student athletes constitutionally permissible? | Education - Memo # 278-C - KS_62021.docx | ROSS-003292855-ROSS-003292856 |
| Smith v. State Indus. Comm'n, 1938 OK 167 | 67+29 | State has burden of proving allegation in indictment of ownership of burglarized property. | Does the state have the burden of proving ownership? | Burglary - Memo 274 - RK_62277.docx | ROSS-003294998-ROSS-003294999 |
| Randolph v. State, 117 Tex. Crim. 80 | 67+9(1) | There must be "actual breaking" by domestic servant to constitute burglary. | Does burglary by servant require actual breaking? | 013066.docx | LEGALEASE-00156441-LEGALEASE-00156442 |
| Biscoe v. Sneed, 11 Ark. 104 | 172H+762 | General deed of assignment of notes by Real Estate Bank to trustees vested in them the equitable interest in such notes, which they could enforce in chancery; and after the bank forfeited its charter, and they could no longer use its name as a nominal plaintiff in an action at law upon such notes, they could only collect them by bill in chancery. | Can the legal interest in a bill of exchange be transferred? | 010062.docx | LEGALEASE-00156617-LEGALEASE-00156618 |
| Leary v. Johnson, 159 Conn. 101 | 308+1 | An essential ingredient of agency is that agent is doing something at the behest and for the benefit of the principal. | What is an essential ingredient of agency? | Principal and Agent - Memo 569-SB_63585.docx | ROSS-003322212-ROSS-003322213 |
| Richmond Cty. Bus. Ass'n v. Richmond Cty., 224 Ga. 854 | 371+2002 | Tax is primarily intended to produce revenue whereas license is primarily intended for regulation under police power. | "As opposed to tax, what is the primary purpose of license?" | Taxation - Memo # 1003 -C - JL_62477.docx | ROSS-003281712-ROSS-003281713 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Marion Nat. Bank v. Harden, 83 W. Va. 119 | 83E+481 | An assignment of "All right, title and interest in and to the within note" endorsed on the back of an instrument, being a qualified endorsement, in no way affects the negotiability of the paper, and the endorsee having possession thereof is deemed prima facie a holder in due course. | Do words written on the back of an instrument constitute an endorsement? | 009057.docx | LEGALEASE-00157095-LEGALEASE-00157096 |
| Padilla v. Ghuman, 183 P.3d 653 | 83E+481 | When promissory notes are assigned, the assignees stand in the shoes of the original payee and obtain all the rights the original payee possessed under the notes. | Does an assignee stand in the shoes of the assignor? | 009079.docx | LEGALEASE-00157105-LEGALEASE-00157106 |
| Bank of New York Mellon v. Reyes, 126 So. 3d 304 | 266+711 | The promise to pay is one distinct agreement, and, if couched in proper terms, is negotiable, while the pledge of real estate to secure that promise, through a mortgage, is another distinct agreement, which ordinarily is not intended to affect in the least the promise to pay, but only to give a remedy for failure to carry out the promise to pay. | Is a promissory note a mortgage? | 010926.docx | LEGALEASE-00157936-LEGALEASE-00157937 |
| Laseter v. ClimateGuard Design & Installation, 931 F. Supp. 2d 862 | 172H+1527 | Because TILA is a consumer-protection statute, it does not easily forgive technical errors. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Does TILA easily forgive technical errors? | Consumer Credit - Memo 223 - RK_63530.docx | ROSS-003294548-ROSS-003294549 |
| Reynolds v. Gorton, 30 Misc. 2d 216 | 156+52(2) | Estoppel is an equitable doctrine which rests upon a word or deed of one party upon which another rightfully relies and in so relying changes his position to his injury, and it does not originate any legal right but merely forbids denial of a claimed right and doctrine is applicable only when grounds for its application are clearly and satisfactorily established. | Does estoppel originate a legal right? | 017836.docx | LEGALEASE-00156857-LEGALEASE-00156858 |
| Shendock v. Dir., Office of Workers' Comp. Programs, 893 F.2d 1458 | 156+52(5) | Equitable tolling or estoppel is not available when there are jurisdictional limitations. | Is equitable estoppel not available when there are jurisdictional limitations? | 017897.docx | LEGALEASE-00157748-LEGALEASE-00157749 |
| Lowery v. Lowery, 654 So. 2d 1218 | 336H+627 | Dismissing suit against discharged personal representative and his surety, based on res judicata was error; statutory bar was not apparent on face of complaint and res judicata is affirmative defense which may not be raised by means of motion to dismiss. West's F.S.A. S 733.901(5); West's F.S.A. RCP Rule 1.140(b). | Will a motion to dismiss be granted on basis of affirmative defenses that appear on face of pleading? | 025411.docx | LEGALEASE-00158004-LEGALEASE-00158005 |
| Matter of Shulman Transp. Enterprises, 33 B.R. 383 | 308+9 | Talismanic language alone does not determine an agency relationship; rather, courts must look to the substance of the relationship. | Can talismanic language determine an agency relationship? | Principal and Agent - Memo 444 - RK_63564.docx | ROSS-003319699-ROSS-003319700 |
| DeGraw v. State Sec. Ins. Co., 40 Ill. App. 3d 26 | 308+3(1) | Term "agent" is broader in scope than closely related term "broker"; broker neither maintains permanent employment with, nor fixed relationship to, a particular principal, rather, broker holds himself out to public generally, whereby his status in each instance after obtaining employment is that of special agent for a single purpose; in comparison, an agent engages in a continuing relationship with particular principal, to whom he owes his allegiance. | Is agent broader in scope than the broker? | Principal and Agent - Memo 474- PR_63265.docx | ROSS-003310238-ROSS-003310239 |
| Daly v. Aspen Ctr. for Women's Health, 134 P.3d 450 | 231H+29 | A nonservant agent is an independent contractor who has the power to bind the principal in contract, such as an attorney or a broker. | Can a non-servant agent bind the principal? | Principal and Agent - Memo 477- PR_63268.docx | ROSS-003299011-ROSS-003299012 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Viado v. Domino's Pizza, 230 Or. App. 531 | 231H+23 | All servants are agents and all masters, principals; however, all principals and agents are not also masters and servants. | Are all principals and agents also masters and servants? | Principal and Agent - Memo 508 - KK_63286.docx | ROSS-003319717-ROSS-003319718 |
| People v. Byrd, 285 Ill. App. 3d 641 | 110+312 | Intent to commit crime may be deduced by trier of fact from facts and circumstances surrounding offense. | Is the crime of intimidation a specific intent crime? | 046884.docx | LEGALEASE-00157706-LEGALEASE-00157707 |
| State v. Reynolds, 1998-Ohio-171 | 3.77E+24 | "Personal contact," as used within harassment statute, merely requires visual or physical proximity; it does not require that the victim recognize the offender or know the identity of the person harassing her, nor does it require that the victim actually feel threatened, intimidated, or alarmed, only that the defendant act with the intent to cause such a reaction. I.C.A. S 708.7, subd. 1, par. b. | What does personal contact mean within the context of the harassment statute? | 046892.docx | LEGALEASE-00157377-LEGALEASE-00157378 |
| Marshall v. Staley, 528 P.2d 964 | 83E+481 | Love and affection between decedent and his stepdaughters was sufficient consideration to support assignment of note from the decedent to his stepdaughters. | Is it necessary for an assignment to be supported by consideration? | Bills and Notes - Memo 1430 - RK.docx | LEGALEASE-00047835-LEGALEASE-00047836 |
| McIlroy Bank v. First Nat. Bank of Fayetteville, 252 Ark. 558 | 83E+481 | Uniform Commercial Code does not permit assignments of negotiable instruments; note must be transferred or negotiated. Ark.Stats. SS 85-3-201 to 85-3-208. | Does a promissory note to be transferred or negotiated in order to assign it to another? | 009300.docx | LEGALEASE-00158228-LEGALEASE-00158229 |
| Thomas v. American Nat. Bank, 694 S.W.2d 543 | 289+492 | Partnership, once proved, presumptively continues until contrary appears. | Does a partnership once proved continue until the contrary appears? | 021805.docx | LEGALEASE-00158558-LEGALEASE-00158559 |
| Hart v. Theus, Grisham, Davis & Leigh, L.L.P., 877 So.2d 1157 | 25T+141 | Law firm's action in registering for limited liability partnership (LLP) status did not create a new partnership entity, and thus, former partner was bound by firm's existing partnership agreement, which included provision for mandatory arbitration in any controversy between the partners; registration simply gave limited liability benefits to the existing partnership under which partner and the firm's other partners continued to operate. LSA-R.S. 9:3431 et seq. | Do partners in limited liability partnership enjoy limited liability protection? | 022612.docx | LEGALEASE-00158616-LEGALEASE-00158617 |
| Belcher v. Birmingham Trust Nat. Bank, 348 F.Supp. 61 | 289+659 | Generally, one partner has no implied authority to bind partnership by subscribing for stock of corporation, even though existence of such corporation will incidentally benefit partnership. Code of Ala., Tit. 43, SS 1, 2(7), 8, 21, 22. | "Are general partners alone authorized to transact business, sign for the partnership and bind the same?" | 022731.docx | LEGALEASE-00158504-LEGALEASE-00158505 |
| Johnson v. Johnson & Bell, Ltd., 2014 IL App (1st) 122677 | 302+72 | A complaint is not always to be rigidly tested by the prayer for relief, but, instead, the prayer may be governed by its allegations. | Is a complaint tested by the prayer for relief? | Pleading - Memo 578 - RMM_64349.docx | ROSS-003280872-ROSS-003280873 |
| Doe v. Diocese of Raleigh, 776 S.E.2d 29 | 115+57.61 | Individual's negligent infliction of emotional distress (NIED) claim against diocese and bishop of diocese based on negligent supervision of priest incardinated to diocese and, who allegedly sexually assaulted individual when he was a minor, did not implicate Free Exercise Clause or Establishment Clause of First Amendment, such that trial court had authority to adjudicate claim; determination of whether individual established elements of NIED based on negligent supervision of priest did not entangle court in ecclesiastical inquiries. U.S.C.A. Const.Amend. 1. | "Because negligent infliction of emotional distress (NIED) claims are premised upon negligent conduct by defendants, will a determination that an underlying negligence claim is subject to dismissal result in dismissal of a corresponding NIED claim as well?" | 025707.docx | LEGALEASE-00158322-LEGALEASE-00158323 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Entergy Mississippi v. Richardson, 134 So. 3d 287 | 307A+697 | Even though plaintiff driver's motion to reinstate her negligence claim against owner of defendant driver's car was not barred by the statute of limitations, the trial court improperly granted the motion because no valid grounds for relief existed, in that the case was appropriately dismissed for failure to prosecute and no extraordinary circumstances were present to justify reinstatement; there was no allegation of fraud or misconduct, accident or mistake, new evidence, or a void judgment. Rules Civ.Proc., Rule 60(b). | "When a court is presented with a request to set aside a dismissal for want of prosecution as nonfinal judgment, is the overriding consideration whether substantial justice is being done between the litigants?" | 039717.docx | LEGALEASE-00159232-LEGALEASE-00159233 |
| In re Greenfield Direct Response, 171 B.R. 848 | 65+2 | Under Illinois law, word "agent" is broader than word "broker" and more comprehensive in its legal scope; while every broker is in a sense an agent, every agent is not a broker. | Can a broker be considered as an agent? | 041868.docx | LEGALEASE-00158480-LEGALEASE-00158481 |
| Circle Food Stores v. City of New Orleans, 620 So. 2d 281 | 371+3602 | "Consumption tax" is one applying to commodities intended for consumption and burden of which falls on consumer. | "What is ""consumption tax""?" | Taxation - Memo 1126 - C - SB_64715.docx | ROSS-003292105-ROSS-003292106 |
| Keller v. City of Fremont, 719 F.3d 931 | 24+103 | City ordinance's rental provisions, requiring prospective tenants to disclose their immigration status, requiring police department verification of that status, and imposing criminal penalties against landlords for harboring illegal alien in dwelling unit, were not facially preempted, as conflicting with federal removal system for illegal aliens or anti-harboring prohibition, since provisions required city officials to defer to federal government's determination of whether alien tenant was unlawfully present, did not remove any alien from United States or even from city, and did not purport to enforce federal anti-harboring prohibition, but only prohibited harboring conduct that was inconsistent with city's local public interests while expressly allowing conduct permitted by federal law. | Does the Government of the United States have the power to regulate the status of aliens? | 006947.docx | LEGALEASE-00160268-LEGALEASE-00160269 |
| Arizona v. United States, 567 U.S. 387 | 24+103 | Arizona statute authorizing officers to arrest without a warrant a person "the officer has probable cause to believe . has committed any public offense that makes the person removable from the United States" was preempted as obstacle to removal system that Congress created; federal law specified limited circumstances in which state officers could perform functions of immigration officer, while Arizona statute attempted to provide state officers even greater authority to arrest aliens on basis of possible removability than Congress had given to trained federal immigration officers, and federal statute permitting state officers to "cooperate with the Attorney General in the identification, apprehension, detention, or removal of aliens not lawfully present in the United States" could not authorize unilateral decision of state officers to arrest alien for being removable absent any request, approval, or other instruction from Federal Government. U.S.C.A. Const. Art. 6, cl. 2; 8 U.S.C.A. SS 1226(a), 1357(g)(10)(B); A.R.S. S 13-3883(A)(5). | Is it a crime for a removable alien to remain present in the United States? | 006957.docx | LEGALEASE-00160250-LEGALEASE-00160251 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| COLON V.MAJORPERRYSTREETCORP, 987 F.Supp.2d 451 | 231H+2233 | Undocumented workers continue to be eligible to recover unpaid minimum wages and overtime wages under the FLSA; legislative history of both FLSA and Immigration Reform Control Act (IRCA) support plain reading that FLSA encompasses undocumented workers, as does interpretation of Department of Labor (DOL), the agency charged with interpreting and implementing FLSA. Immigration Reform and Control Act of 1986, S 101(a)(1), 8 U.S.C.A. S 1324a; Fair Labor Standards Act of 1938, SS 3(e)(1), 6(a), 7(a), 16(b), 29 U.S.C.A. SS 203(e)(1), 206(a), 207(a), 216(b). | Does denying undocumented workers the protection of the Fair Labor Standards Act (FLSA) permit abusive exploitation of workers? | 006972.docx | LEGALEASE-00160266-LEGALEASE-00160267 |
| John Hancock Mut. Life Ins. Co. v. Fid.-Baltimore Nat. Bank & Tr. Co., 212 Md. 506 | 8.30E+10 | Generally, law governing a bill or note is the law which the parties to the instrument intend to govern, and, therefore, if bill or note contains express provision that it shall be governed by laws of a particular state, such laws will govern. | Which is the law that governs a bill? | 009269.docx | LEGALEASE-00160364-LEGALEASE-00160365 |
| John Hancock Mut. Life Ins. Co. v. Fid.-Baltimore Nat. Bank & Tr. Co., 212 Md. 506 | 8.30E+10 | Generally, law governing a bill or note is the law which the parties to the instrument intend to govern, and, therefore, if bill or note contains express provision that it shall be governed by laws of a particular state, such laws will govern. | What law governs a note? | Bills and Notes - Memo 1394 - JK_64835.docx | ROSS-003284122-ROSS-003284123 |
| United States v. Nagorney, 28 F. Supp. 298 | 83E+358 | Under Kansas law, provisions of note accelerating due date of note at option of holder upon default in payment of any installment did not render note uncertain in time and make it a nonnegotiable instrument, since the option was not a "contingency" within Kansas law providing that an instrument payable on a contingency is not negotiable. Gen.St.Kan.1935, 52-201, 52-204. | "An instrument to be negotiable, should it be payable on demand at a determinable future time?" | Bills And Notes-Memo 51-AM_64601.docx | ROSS-003319928-ROSS-003319929 |
| Dickey v. State, 552 S.W.2d 467 | 23H+324 | An essential element of the offense of public intoxication is that the accused be intoxicated to the extent that he may endanger himself or another. V.T.C.A., Penal Code S 42.08. | When does a person commit the offense of public intoxication? | 014295.docx | LEGALEASE-00160036-LEGALEASE-00160037 |
| Coleman v. Whipple, 191 Miss. 287 | 141E+1023 | The University of Mississippi, the Mississippi State College and the Mississippi State College for Women are arms of the state and their property is owned by the state. Act Feb. 28, 1844; Act Feb. 28, 1878; Laws 1884, c. 30; Laws 1932, c. 127. | Is university property owned by the state? | 017136.docx | LEGALEASE-00159835-LEGALEASE-00159837 |
| N. Petrochemical Co. v. U. S. Fire Ins. Co., 277 N.W.2d 408 | 156+52(7) | Estoppel does not continue indefinitely if circumstances relied on to justify estoppel cease to be operational. | Does estoppel continue indefinitely? | 017930.docx | LEGALEASE-00160028-LEGALEASE-00160029 |
| Com. v. Mallory, 596 Pa. 172 | 156+52.10(1) | A waiver colloquy is a procedural device; it is not a constitutional end or a constitutional right. | Is waiver colloquy a procedural device? | Estoppel - Memo #220 - CSS_64618.docx | ROSS-003281116-ROSS-003281117 |
| California Serv. Station etc. Assn. v. Union Oil Co., 232 Cal. App. 3d 44 | 29T+270(5) | Retail petroleum products franchisor's policy of permitting "regular franchisees," who had automatic right of renewal and protection from arbitrary termination, from assigning their rights to successor transferee and allowing any such successors to have only a "trial franchise" terminable after one year without cause, violated statute precluding franchisor from withholding consent to assignment of franchise. West's Ann.Cal.Bus. & Prof.Code S 21148(a). | Can a franchise with no prior franchise relationship with franchisor and who now has an initial term of not more than one year be referred as a trial franchise? | Franchises - Memo 14 - KNR_65686.docx | ROSS-003279389-ROSS-003279390 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Valentine v. Mobil Oil Corp., 789 F.2d 1388 | 29T+270(5) | Petroleum Marketing Practices Act did not entitle franchisee to buy the gas station after the franchisor proposed to materially alter the premises; thus, franchisor was not precluded from ending the franchise relationship in response to the franchisee's refusal to authorize such changes. Petroleum Marketing Practices Act, S 102(b)(3)(D), 15 U.S.C.A. S 2802(b)(3)(D). | Does the mutual obligations and responsibilities between franchisor and franchise be referred as franchise relationship? | Franchises - Memo 15 - KNR_65687.docx | ROSS-003278994-ROSS-003278995 |
| Irvine Toll Bridge Co. v. Estill Cty., 210 Ky. 170 | 92+2437 | Sovereignty may delegate right to grant franchise to municipalities. | Do municipalities have the right to grant franchises? | 018580.docx | LEGALEASE-00159563-LEGALEASE-00159564 |
| McRoberts v. Washburne, 10 Minn. 23 | 172+15 | The right to operate a public ferry and to charge tolls is a franchise within the control of the legislature; and, where the legislature has granted to an individual the exclusive right of running a ferry within certain limits, the fact that a third party owns lands within these limits does not justify him in establishing a rival ferry therein. | Is the right to operate a ferry a franchise? | 018582.docx | LEGALEASE-00159589-LEGALEASE-00159590 |
| State Farm Mut. Auto. Ins. Co. v. Du Page Cty., 2011 IL App (2d) 100580 | 217+3517 | County that was a self-insured municipality was not an "insurance company" and did not provide "insurance coverage," and thus insurer for deceased county employee, which paid $400,000 to settle an injured motorist's claims against employee's estate arising out of an automobile accident that occurred while the employee was driving a county-owned vehicle, could not establish that county was a carrier primarily liable for the loss, as necessary to support its claim for equitable subrogation against the county. | Is a self-insured municipality an insurance company? | 019586.docx | LEGALEASE-00159473-LEGALEASE-00159474 |
| Household Fin. Corp. II v. King, 2010 WL 3928070 | 217+3273 | For purposes of provision of Kentucky Uniform Arbitration Act (KUAA) prohibiting arbitration clauses in insurance contracts, mortgage loan agreement that required borrowers to maintain property insurance in amounts sufficient to protect lender's security interest in the home was not an "insurance contract." Agreement's section requiring property insurance did not transform the agreement itself into an agreement for insurance or mean that it provided insurance coverage. KRS 417.050(2). | Are insurance contracts subject to arbitration? | 019612.docx | LEGALEASE-00159829-LEGALEASE-00159830 |
| Rodgers v. RAB Investments, Ltd., 816 S.W.2d 543 | 289+544 | As long as partnership continues, partners have fiduciary relationship. | Do partners have a fiduciary relationship till the partnership continues? | 022596.docx | LEGALEASE-00160132-LEGALEASE-00160133 |
| Amalgamated Bank v. Yahoo! Inc., 132 A.3d 752 | 302+38.5 | A plaintiff generally is master of its complaint and can choose what it wants to plead. | Is a plaintiff generally the master of its complaint? | 023853.docx | LEGALEASE-00159919-LEGALEASE-00159920 |
| Matthews v. F.M.C. Corp., 190 Conn. 700 | 302+370 | Principle that a plaintiff may rely only upon what he has alleged is basic. | Can a plaintiff rely only upon what he has alleged? | 023857.docx | LEGALEASE-00159946-LEGALEASE-00159947 |
| A.F.P. Enterprises v. Crescent Pork, 243 Ill. App. 3d 905 | 307A+689 | Conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest may not be admitted for purposes of deciding motion to dismiss. Ill.Rev.Stat.1991, ch. 110, P 2-619. | Will it be the purpose of statutory motion to dismiss to provide means to dispose of issues of law or easily prove issues of fact? | 039568.docx | LEGALEASE-00159303-LEGALEASE-00159304 |
| S. California Edison v. State Dep't of Taxation, 398 P.3d 896 | 371+3603 | Sales and use taxes are complementary, yet mutually exclusive. | Are sales and use taxes complementary taxes? | 046220.docx | LEGALEASE-00159823-LEGALEASE-00159824 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| S. California Edison v. State Dep't of Taxation, 398 P.3d 896 | 371+3603 | Sales and use taxes are complementary, yet mutually exclusive. | Are sales and use taxes complementary taxes? | Taxation - Memo 1093 - C - KBM.docx | LEGALEASE-00050118-LEGALEASE-00050119 |
| Yelverton's v. Jefferson Cty., 742 So. 2d 1216 | 371+3603 | Tax imposed on storage, consumption, or use, within county, of goods purchased from business not engaged in selling goods within county was "use tax", not "sales tax". Code 1975, SS 40-23-1(a)(5), 40-23-2, 40-23-61(a). | Do the sales tax statutes apply to retail sales or purchases taking place within the state? | 046222.docx | LEGALEASE-00159825-LEGALEASE-00159826 |
| Iowa Auto Dealers Ass'n v. Iowa Dep't of Revenue, 301 N.W.2d 760 | 371+3602 | A "sales tax" is a tax on the freedom of purchase, whereas a "use tax" is a tax on the enjoyment of what was purchased. | "Is a ""sales tax"" a tax on freedom of purchase?" | 046269.docx | LEGALEASE-00159907-LEGALEASE-00159908 |
| Thrifty Rent-A-Car Sys. v. City &Cty. of Denver, 833 P.2d 852 | 371+3602 | An excise tax is a tax imposed on a particular act, event, or occurrence, with the object of providing revenue for the general expenses of government. | What is the object of an excise tax? | Taxation - Memo 1129 - C - KS_64717.docx | ROSS-003278274 |
| Gen. Tel. Co. of the Se. v. Trimm, 706 F.2d 1117 | 95+145 | Under lex loci contractus approach, a court looks to the law of the state where the contract was made to ascertain whether the agreement is valid or enforceable; in deciding whether contract was made, court must determine where the last act essential to the completion of the contract was done. | What law controls a bill? | 010109.docx | LEGALEASE-00161713-LEGALEASE-00161714 |
| Libra Bank Ltd. v. Banco Nacional De Costa Rica, S.A., 570 F. Supp. 870 | 221+357 | At time of enactment of currency decrees by the Costa Rican government authorizing only repayment of external debts to multilateral international agencies, situs of debt owed by banking corporation which was wholly owned by the Costa Rican government was in the United States where bank had consented to jurisdiction in New York federal district court, had consented to have loan agreement construed under New York law, payments were due at New York bank and at time currency decrees were entered borrower had $2.5 million in various New York City bank accounts and, hence, act of state doctrine was inapplicable and district court, in action to recover loan balance, was not precluded from inquiring into validity of the currency decrees. | Is a choice of law clause in a loan agreement valid? | Bills and Notes -Memo 1389- JK_66289.docx | ROSS-003323756-ROSS-003323757 |
| United States v. Williams, 216 F.3d 1099 | 63+16 | There was no evidentiary basis for district court's inference, in holding motor vehicle inspectors responsible for bribes taken by other inspectors for purposes of sentencing defendants for bribery, that defendants began participating in bribery scheme as soon as they began working at inspection station; it was possible that defendants waited some time before opting to join in. 18 U.S.C.A. S 201(b)(2); U.S.S.G. SS 1B1.3, 2C1.1, 18 U.S.C.A. | Are actions taken by co-conspirators before the defendant joined the conspiracy relevant conduct for sentencing? | 012516.docx | LEGALEASE-00161460-LEGALEASE-00161461 |
| United States v. King, 351 F.3d 859 | 110+1152.21(1) | The Court of Appeals reviews the district court's decision to give a jury instruction under the abuse of discretion standard. | Is there an abuse of discretion or error by court for giving deliberate ignorance instruction? | Bribery - Memo 1079 - C - AV.docx | LEGALEASE-00050356-LEGALEASE-00050357 |
| United States v. Gonzalez, 76 F.3d 1339 | 135H+25 | Defendant must be party to civil forfeiture proceeding for double jeopardy to attach. U.S.C.A. Const.Amend. 5. | Should a defendant be a party to civil forfeiture proceeding for double jeopardy to attach? | Double Jeopardy - Memo 54 - C - SN.docx | LEGALEASE-00050470-LEGALEASE-00050471 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bd. of Ed. of Baltimore Cty. v. Wheat, 174 Md. 314 | 361+1624(16) | The statute providing that children attending Baltimore county schools not receiving state aid should be entitled to transportation on school busses on the same terms as public school children, referred to in title as an act to add two new sections to Code directing board of education to provide certain transportation for children attending certain schools in Baltimore county and directing county commissioners to appropriate certain funds, is not unconstitutional as violating requirement that subject should be described in title. Acts 1937, c. 185; Const. art. 3, S 29. | Is it valid to transport private school children at public expense? | 016725.docx | LEGALEASE-00161549-LEGALEASE-00161550 |
| In re St. Thomas High Sch., 495 S.W.3d 500 | 212+1319 | Ecclesiastical abstention doctrine applied to breach of contract claim against Catholic high school brought by a student and his parents in connection with student's expulsion from school, and thus trial court lacked subject matter jurisdiction over claim, where parents and student sought specific performance and immediate injunctive relief compelling the school to allow student to attend classes and expressly relied on the Catholic nature of the school's education to justify their demands, school expelled student after determining that his parents violated the school's student-parent handbook by falsely accusing a teacher of sexual harassment, and injunction, which directed school to treat student in the same manner as any other student attending the school, implicated all aspects of the school's mission and operations. U.S.C.A. Const. Amends. 1, 14. | Can the ecclesiastical abstention doctrine be applied to dismiss suits against religious school? | Education - Memo 341 - C - KS_65189.docx | ROSS-003293825-ROSS-003293826 |
| Packer v. Bd. of Educ. of Town of Thomaston, 246 Conn. 89 | 1.41E+03 | State Constitution places the ultimate responsibility for the education of the children of the state on the state. C.G.S.A. Const. Art. 8, S 1. | Do states have a responsibility to educate its children? | 017250.docx | LEGALEASE-00161128-LEGALEASE-00161129 |
| Winschel v. St. Louis Cty., 352 S.W.2d 652 | 119+53 | County was vested with title, in trust for use as public street, as to land, in unincorporated area, dedicated by filing of plat. Sections 445.010 to 445.120, 445.070 RSMo 1959, V.A.M.S. | Does a County acquire title to the land within designated boundaries of a public road by virtue of the recorded plat? | Highways - Memo 435 - RK_66336.docx | ROSS-003310350-ROSS-003310351 |
| Ziegler v. Ohio Water Serv. Co., 14 Ohio App. 2d 1 | 200+80 | Where fee of land located outside municipality is owned to center line of public highway, public has only right of improvement of right-of-way thereof for public highway purposes and right of uninterrupted travel thereover. R.C. SS 6103.01 et seq., 6103.25, 6117.01 et seq., 6117.39, 6117.47. | Does the fee to the country highway lie with the abutting owner? | 018882.docx | LEGALEASE-00161813-LEGALEASE-00161814 |
| Am. Nurses Ass'n v. Passaic Gen. Hosp., 184 N.J. Super. 170 | 217+1001 | Question of whether or not undertaking is insurance turns on its primary object and purpose; if its purpose is "indemnity" as opposed to providing service, then undertaking is in nature of insurance. | How to determine if an undertaking is in the nature of insurance? | Insurance - Memo 111 - SNJ_65767.docx | ROSS-003293068-ROSS-003293069 |
| Snow v. Jim Rathman Chevrolet, 39 So. 3d 368 | 217+1002 | A surety is considered by the courts to fit within the definition of an insurer and to be subject to the same regulations as insurers. West's F.S.A. S 624.03. | Is a surety an insurer? | Insurance - Memo 119 - SNJ_65776.docx | ROSS-003282980-ROSS-003282981 |
| Argentini v. Fortuna, 134 Conn. App. 538 | 302+370 | The allegations of a complaint limit the issues to be decided on the trial of a case and are calculated to prevent surprise to opposing parties. | "Are limiting the issues to be decided at the trial and preventing surprise, purposes of a complaint?" | 023893.docx | LEGALEASE-00161553-LEGALEASE-00161554 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gen. Motors Corp., Chevrolet Div. v. Lane, 496 S.W.2d 533 | 307A+673 | Where order of dismissal for want of prosecution was signed on December 11, where plaintiff on December 15 filed a "motion to reinstate" her suit and, before a hearing was held on such motion, filed on December 21 another motion seeking reinstatement which she denominated "motion for new trial," and where order of December 29 disposed of all pending motions and was in effect an order overruling motion for new trial, such December 11 order of dismissal became final 30 days after rendition of the December 29 order, and thus judge had no power on February 9 of the following year to set aside the judgment of dismissal and to reinstate suit on court docket except upon timely filed bill of review. Rules of Civil Procedure, rule 329b, subd. 5. | Can a motion to reinstate be in the nature of a motion for a new trial? | 040011.docx | LEGALEASE-00160686-LEGALEASE-00160687 |
| Reed v. Bjornson, 191 Minn. 254 | 371+2013 | Power of taxation reposes in Legislature except as limited by state or national Constitution. | Is the power of taxation inherent in sovereignty? | 046325.docx | LEGALEASE-00160823-LEGALEASE-00160824 |
| Whitney v. Dep't of Labor & Indus. of Washington, 191 Wash. 415 | 413+145 | A person engaged in business of selling new and used automobiles was not entitled to compensation for injuries received while driving automobile, since such work has not been classified as "extrahazardous." | How should the work or occupation be classified to be entitled to compensation? | 048695.docx | LEGALEASE-00161215-LEGALEASE-00161216 |
| Constitution Indem. Co. v. Shytles, 47 F.2d 441 | 413+105 | Question of extra hazard in work being performed is immaterial in action by employee for compensation. | "In a compensation case, is an employees hazardous work material?" | 048704.docx | LEGALEASE-00161321-LEGALEASE-00161322 |
| Gen. Tel. Co. of the Se. v. Trimm, 706 F.2d 1117 | 95+145 | Under lex loci contractus approach, a court looks to the law of the state where the contract was made to ascertain whether the agreement is valid or enforceable; in deciding whether contract was made, court must determine where the last act essential to the completion of the contract was done. | "Does the law of the place where a bill is written, signed or dated control it?" | 009198.docx | LEGALEASE-00162654-LEGALEASE-00162655 |
| State of Ohio ex rel. Squire v. Eubank, 295 Mich. 230 | 8.30E+10 | In case of a note, place of contracting is where note is first delivered for value. | Where is a promissory note first delivered for value? | Bills and Notes - Memo 1343 - RK_66246.docx | ROSS-003293998-ROSS-003293999 |
| State v. Tucker, 36 Iowa 485 | 135H+95.1 | Generally, mistrial ruling contemplates reprosecution of defendant. | Does a mistrial ruling contemplate reprosecution of a defendant? | Double Jeopardy - Memo 414 - C - TJ_66984.docx | ROSS-003293867 |
| Soter's v. Deseret Fed. Sav. & Loan Ass'n, 857 P.2d 935 | 156+52.10(2) | Waiver must be distinctly made, although it may be express or implied. | Should waiver be distinctly made? | Estoppel - Memo 252 - C - CSS_66078.docx | ROSS-003284777-ROSS-003284778 |
| Hallock v. Kintzler, 142 Ohio St. 287 | 233+841 | Perpetual leases are not favored, and general covenants as to right of renewal are usually limited to a single renewal unless an intention to create a perpetuity is clearly shown. | Are perpetual franchises favored by law? | 018519.docx | LEGALEASE-00161948-LEGALEASE-00161949 |
| Riffe v. Home Finders Assocs., 205 W. Va. 216 | 217+2097 | Exclusion in home warranty contract barring coverage for pre-existing conditions and perils normally addressed by property insurance policies needed to be severely restricted as largely nullifying the purpose of indemnifying the insured and to be strictly construed against the insurer in order that the purpose of providing indemnity not be defeated. | Is a home service contract that offers warranty an insurance policy? | 019505.docx | LEGALEASE-00162255-LEGALEASE-00162256 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Butterfield v. Giuntoli, 448 Pa. Super. 1 | 217+1001 | Medical professional liability catastrophe loss (CAT) fund is not insurance; rather, it is statutorily mandated executive agency to compensate victims of tort or breach of contract by health care provider. 40 P.S. S 1301.701 et seq. | Is the Medical Professional Liability Catastrophe Loss Fund (CAT Fund) insurance? | 019510.docx | LEGALEASE-00162312-LEGALEASE-00162313 |
| Am. Deposit Corp. v. Schacht, 887 F. Supp. 1066 | 217+1001 | Fundamental characteristic of insurance is spreading and underwriting of risk; risk to be insured against is shifted or distributed. | What are the fundamental characteristics of insurance? | 019651.docx | LEGALEASE-00162162-LEGALEASE-00162163 |
| In re Sabine Oil & Gas Corp., 550 B.R. 59 | 260+79.1(0.5) | Under Texas law, a royalty interest is per se a mineral interest. | Is a royalty interest also a mineral interest under Texas law? | 021673.docx | LEGALEASE-00161924-LEGALEASE-00161925 |
| People v. Sears, 344 Ill. 189 | 371+2013 | Legislative power to provide for taxes is unlimited except as restricted by state and federal Constitutions. | Is the obligation to pay taxes a statutory creation? | 046186.docx | LEGALEASE-00161956-LEGALEASE-00161957 |
| Langford v. Aten, 325 Mich. 585 | 371+2003 | Governmental powers of taxation are controlled by constitutional and statutory provisions, and hence it is not possible to adjudicate issues arising under taxation laws by general application of equitable principles. | What controls the governmental powers of taxation? | 046358.docx | LEGALEASE-00162002-LEGALEASE-00162003 |
| People v. McGraw Elec. Co., 375 Ill. 241 | 92+4137 | Under Fourteenth Amendment, a state must have jurisdiction over property to subject such property to any ad valorem taxation. U.S.C.A.Const. Amend. 14. | Can a state tax property without the jurisdiction? | 046391.docx | LEGALEASE-00162118-LEGALEASE-00162119 |
| Lockwood v. Mitchell, 7 Ohio St. 387 | 8.30E+10 | Where a loan was made, the money advanced and to be repaid, and a note and a mortgage delivered in New York, of land in Ohio, it will be regarded as a contract made in New York, and governed by the laws of that state; and the usury laws of that state will apply to it. | Is a contract governed by the law of the state where it is to be performed? | 009153.docx | LEGALEASE-00162813-LEGALEASE-00162814 |
| Pratt v. Wallbridge, 16 Ind. 147 | 8.30E+10 | A note made in the state where suit is brought, and payable generally, is governed by the laws of such state, and not by those of a different state in which the consideration may have arisen. | Which law will govern when a note is drawn in one place and payable in another? | 009160.docx | LEGALEASE-00162791-LEGALEASE-00162792 |
| Banca Italiana Di Sconto v. Columbia Counter Co., 252 Mass. 552 | 8.30E+11 | Maker ordinarily bound under laws of place where note payable. | Under what law is the maker of a note bound? | Bills and Notes - Memo 1364 - RK_66265.docx | ROSS-003295175-ROSS-003295176 |
| Harris v. Esterbrook, 226 N.W. 751 | 83E+481 | Assignee of note acquires title by transfer without indorsement (Rev. Code 1919, S 1753). | Can a person acquire title to a note if it is without indorsement? | 009313.docx | LEGALEASE-00162931-LEGALEASE-00162932 |
| Badgley v. Votrain, 68 Ill. 25 | 83E+481 | The legal title to a note cannot be transferred by assignment by a separate instrument. | Can a note be assigned so as to vest the legal title in the assignee by a separate instrument? | 009327.docx | LEGALEASE-00163001-LEGALEASE-00163002 |
| Underwood v. Harkins, 2011 WL 2457680 | 92+1474(3) | Deputy superior court clerk for Georgia county was confidential subordinate of elected superior court clerk, so that clerk could demand deputy's loyalty, and thus, First Amendment did not prohibit clerk from dismissing deputy for running against clerk in political party's primary election for clerk's office; under Georgia law, deputy had powers and duties which were identical to those of clerk, even if deputy's everyday duties under clerk's predecessor had not extended to outer limits authorized by Georgia law. U.S.C.A. Const.Amend. 1; West's Ga.Code Ann. SS 15-6-59(b), 15-6-61(a). | Are the powers and duties of a deputy clerk the same as that of a superior court clerk? | Clerks of courts - Memo 74 - RK_66896.docx | ROSS-003283542-ROSS-003283543 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Christensen Hatch Farms v. Peavey Co., 505 F. Supp. 903 | 349B+5.17 | Determination whether managed commodity accounts are investment contracts within Securities Exchange Act of 1934 generally focuses on whether a horizontal or a vertical relationship between investor satisfies common enterprise test. Securities Exchange Act of 1934, S 3(10), 15 U.S.C.A. S 78c(10). | Is a commodity futures contract a security? | 013660.docx | LEGALEASE-00164170-LEGALEASE-00164171 |
| People v. Daniels, 208 Cal. App. 4th 29 | 135H+115 | The purpose of the double jeopardy rule against imposing a greater sentence after retrial is to avoid the chilling effect on the right to appeal generated by the risk of a more severe punishment. West's Ann.Cal. Const. Art. 1, S 15. | Are restitution fines punishment for double jeopardy purposes? | Double Jeopardy - Memo 210 - C - KS_66960.docx | ROSS-003305820 |
| Lee v. United States, 432 U.S. 23 | 135H+87 | Question as to whether double jeopardy clause prohibits retrial after the case has been terminated, after jeopardy has attached, without a finding on the merits does not depend upon whether the court labels its action a dismissal or declaration of mistrial but rather whether the order contemplates an end to all prosecution of the defendant for the offense charged. U.S.C.A.Const. Amend. 5. | Does a double jeopardy clause not generally preclude reprosecution if a defendant requests or consents to mistrial? | 015319.docx | LEGALEASE-00163167-LEGALEASE-00163168 |
| Norwood v. Vance, 591 F.3d 1062 | 156+52.10(3) | A party can waive waiver implicitly by failing to assert it. | Can a party waive waiver implicity by failing to assert it? | Estoppel - Memo 276 - C - CSS_67184.docx | ROSS-003283781-ROSS-003283782 |
| Enfield Toll-Bridge Co. v. Hartford & N. H. R. Co., 17 Conn. 454 | 101+1212 | The franchise of the Enfield Toll-Bridge Company, aside from any special legislation regarding it, is subject to the same legislative control, for public use, as any other species of property. | Can franchises be taken for public use? | 018605.docx | LEGALEASE-00163380-LEGALEASE-00163381 |
| Commonwealth v. Packer, 168 A.3d 161 | 203+530 | A killing perpetrated with malice differentiates murder from all other homicides. | Does killing with malice differentiate murder from all other homicides? | Homicide - Memo 171 - RK.docx | LEGALEASE-00053463-LEGALEASE-00053464 |
| Segura v. State, 100 S.W.3d 652 | 3.77E+05 | Statutes setting forth offenses of harassment and stalking were not in pari materia, as the statutes were not similar in purpose or object, and thus, State had discretion as to which offense to prosecute; elements of proof between the two offenses were different, mens rea under each statute was different, the offenses involved different penalties, and if the legislature intended the harassment statute to control over the stalking statute, it never would have separated the two offenses in the first place. V.T.C.A., Government Code S 311.026; V.T.C.A., Penal Code SS 42.07, 42.072. | Are the crimes of stalking and harassment in pari materia? | 046990.docx | LEGALEASE-00163391-LEGALEASE-00163392 |
| In re Ryan D., 100 Cal. App. 4th 854 | 3.77E+11 | Criminal-threat statute cannot be applied to constitutionally protected speech. West's Ann.Cal.Penal Code S 422. | "Can  422, the criminal threats statute, be applied to constitutionally protected speech?" | "Threats, Stalking and Harassment - Memo 240 - C - LB_66845.docx" | ROSS-003280089-ROSS-003280090 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| PRM Energy Sys. v. Primenergy, 592 F.3d 830 | 25T+179 | In action brought by licensor of certain gasification technology patents against potential licensee for tortious interference with, and inducement to breach agreements between licensor and licensee licensed to use the gasification technology and enter into sublicense agreements in a number of countries, and for conspiring with licensee to convert licensor's intellectual property for their own use, concerted-misconduct theory of alternative estoppel applied to allow potential licensee, as a nonsignatory, to compel arbitration pursuant to terms of arbitration agreement between licensor and licensee, where licensor specifically alleged coordinated behavior between a signatory and a nonsignatory, the agreements between licensor and licensee anticipated that an entity such as potential licensee might enter into a licensing relationship with licensee, and the agreements attempted to govern that expected relationship. | Can a willing nonsignatory arbitrate with an unwilling signatory? | 008059.docx | LEGALEASE-00165005-LEGALEASE-00165007 |
| Charles R. Allen v. Rhode Island Ins. Co., 217 S.C. 296 | 217+3450 | Where machinery, equipment and stock were insured against fire and, under loss payable clauses which provided that loss should be payable to a specified bank to which insured was indebted, insured had right to collect insurance in excess of amount of its debt to bank, and excess was subject to attachment by another creditor of insured, after service of writ of attachment by such other creditor, interest of insured in proceeds of policies was in custodia legis and insurer and insured could not, without court order, compromise claims so as to defeat attachment. | Are unadjusted claims for loss under an insurance policy subject to garnishment? | 014111.docx | LEGALEASE-00165085-LEGALEASE-00165086 |
| State v. Salas, 400 P.3d 251 | 135H+30 | Double jeopardy protections generally do not apply in habitual offender proceedings because the proceedings do not have the hallmarks of a trial of guilt or innocence. U.S. Const. Amend. 5. | Do double-jeopardy doctrine generally apply to habitual-offender proceedings? | Double Jeopardy - Memo 1252 - C - SB_67554.docx | ROSS-003309559-ROSS-003309560 |
| Trueblood v. State, 790 N.E.2d 97 | 284+21 | Exclusive power to grant clemency rests with the governor. West's A.I.C. Const. Art. 5, S 17. | Is the governors power to grant clemency exclusive? | Pardon and Parole - Memo 6 - RK_67521.docx | ROSS-003280808-ROSS-003280809 |
| Finch v. Miller, 271 Or. 271 | 302+72 | Even though prayer is not part of complaint, it is relevant when it tends to explain or qualify other parts of pleading. | Is a prayer for relief a part of the complaint? | 023970.docx | LEGALEASE-00164599-LEGALEASE-00164600 |
| Scott v. State, 164 A.3d 177 | 135H+1 | Although the Constitution of Maryland does not contain a counterpart to the Double Jeopardy Clause, the common law of Maryland provides for a prohibition on double jeopardy. U.S. Const. Amend. 5. | Does law provide well-established protections for individuals against being twice put in jeopardy? | Pretrial Procedure - Memo 12190 - C - AC_67227.docx | ROSS-003282307 |
| State v. Finney, 157 N.C. App. 267 | 110+1038.1(4) | Trial court's instruction to jury on first-degree rape was not plain error; although defendant contended trial court erroneously eliminated instruction on serious physical injury and failed to instruct jury that in order to support conviction for first-degree rape, alleged mental injury must have been more than or different from injury usually associated with forcible rape, trial judge correctly defined serious physical injury in re-charging jury, and there was no additional burden on state to show mental injury more than that normally experienced in every forcible rape. | When will a mental injury become an element of rape? | 043153.docx | LEGALEASE-00164914-LEGALEASE-00164915 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cty. of Riverside v. Idyllwild Cty. Water Dist., 84 Cal. App. 3d 655 | 371+2311 | General rule is that property owned by a county is exempt from property taxation. West's Ann.Const. art. 13, S 3(b). | Is the property owned by a county exempt from property taxation? | 046490.docx | LEGALEASE-00164721-LEGALEASE-00164722 |
| State v. Juarez, 115 Wash. App. 881 | 135H+59 | A criminal defendant cannot be put in jeopardy twice for the same offense; jeopardy attaches when a jury is selected and sworn. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | Can a defendant be put in jeopardy twice for the same offense? | 014762.docx | LEGALEASE-00166016-LEGALEASE-00166017 |
| United States v. DiFrancesco, 449 U.S. 117 | 110+996(1) | Neither history of sentencing practices nor pertinent rulings of Supreme Court, nor even considerations of double jeopardy policy support proposition that criminal sentence, once pronounced, is to be accorded constitutional finality similar to that which attaches to jury's verdict of acquittal. | Does public interest exist in finality of criminal judgments and bars reprosecution even when an acquittal is based on egregiously erroneous foundation? | 016169.docx | LEGALEASE-00165922-LEGALEASE-00165923 |
| State v. Stillday, 417 N.W.2d 728 | 135H+1 | No person may be put twice in jeopardy for same offense, and jeopardy attaches when jury is empaneled and sworn. | Can a person be put twice in jeopardy for the same offense? | Double Jeopardy - Memo 921 - C - SK_67710.docx | ROSS-003292540-ROSS-003292541 |
| Rowe v. Educ. Credit Mgmt. Corp., 559 F.3d 1028 | 172H+1476 | When operating under Federal Family Educational Loan Program (FFELP), guaranty agency acts as "fiduciary" of Department of Education (DOE), as required for exception from Fair Debt Collection Practices Act's (FDCPA) definition of "debt collector" for collection activities "incidental to a bona fide fiduciary obligation." | What is the Congressional purpose for the enactment of Higher Education Act? | 017161.docx | LEGALEASE-00166084-LEGALEASE-00166085 |
| Norwegian Twp. v. Schuylkill Cty. Bd. of Assessment Appeals, 74 A.3d 1124 | 371+2394 | Substantial evidence supported the trial court's conclusion that Board of Assessment Appeals failed to meet its burden to prove taxability of township's property; sole evidence that the Board placed into record was tax assessment record card and picture of the property, establishing only that the property was currently vacant, and township produced ample evidence to show that property was actually and regularly being used for public purpose and to support court's finding that property was available to public for recreational activities, had been used by township to benefit public, and that township had made good-faith effort to develop the land for a park or playground, and though not required for property to be tax-immune/exempt, court also found that the township made a good-faith effort to develop the property. Const. Art. 8, S 2. | Who needs to prove the taxability of a government owned property? | 046508.docx | LEGALEASE-00166118-LEGALEASE-00166119 |
| In re M.H.P., 830 N.W.2d 216 | 135H+1 | Jeopardy denotes risk; in the constitutional sense, jeopardy describes the risk that is traditionally associated with a criminal prosecution. U.S.C.A. Const.Amend. 5. | What does jeopardy describe? | 015988.docx | LEGALEASE-00166343-LEGALEASE-00166344 |
| Morrison v. Quest Diagnostics Inc., 139 F. Supp. 3d 1182 | 379+118 | Under Nevada law, exceptions to the economic loss doctrine exist in a certain category of cases when strong countervailing considerations weigh in favor of imposing liability, such as cases where there is significant risk that the law would not exert significant financial pressures to avoid such negligence. | "When economic loss occurs as a result of negligence in the context of commercial activity, can contract law be invoked to enforce the quality expectations derived from the parties' agreement?" | Action - Memo 981 - C - MV.docx | LEGALEASE-00056184-LEGALEASE-00056185 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Salomon Forex v. Tauber, 8 F.3d 966 | 83H+6.1 | Individually negotiated foreign currency option and futures transactions between sophisticated, large-scale foreign currency traders come within foreign currency exclusion to coverage of Commodity Exchange Act. Commodity Exchange Act, S 2(a)(1)(A), as amended, 7 U.S.C.A. S 2. | Does Commodity Exchange Act cover deals between sophisticated traders? | Commodity Futures Trading Regulation - Memo 45 - C -JL.docx | LEGALEASE-00056242-LEGALEASE-00056243 |
| Beth Jacob Hebrew Teachers Coll. v. Riley, 73 F. Supp. 2d 262 | 141E+1234 | Department of Education's finding that religious school's program was not providing vocational training, and so was not eligible for Pell Grant funding, was not arbitrary or capricious. 5 U.S.C.A. S 706; Higher Education Act of 1965, S 400(a), as amended, 20 U.S.C.A. S 1070(a); 34 C.F.R. S 600.10(c)(1). | Is the Pell Grant Program the largest federal student financial assistance program offered to help financially-needy students obtain undergraduate degrees and vocational training? | Education - Memo 208 - C - HJ_68756.docx | ROSS-003279350-ROSS-003279351 |
| Stewart v. Daytona & New Smyrna Inlet Dist., 114 So. 545 | 371+2003 | Power of taxation can be exercised only pursuant to valid statute containing definite limitations (Const. art. 9, S 3). | Is taxation a legislative power that cannot be delegated? | 046626.docx | LEGALEASE-00166813-LEGALEASE-00166814 |
| People v. Bartkow, 96 N.Y.2d 770 | 3.77E+23 | Crime of menacing does not require any form of "physical contact," as is required to establish offense of harassment; rather, menacing simply requires an intent to place another person in reasonable fear of physical injury by displaying a weapon or dangerous instrument. McKinney's Penal Law S 120.14, 240.26, subd. 1. | "Does the crime of menacing require any ""physical contact""?" | 046785.docx | LEGALEASE-00167362-LEGALEASE-00167363 |
| Marcomo Stevedoring Corp. v. Nathanson, 202 Misc. 154 | 38+3 | Failure to file wage assignment executed in February, 1950, with assignor's employer within three days, as required by statute, prevented assignee from acquiring any right thereunder to collect or attach wages while in possession or control of employer, though such statutory requirement was subsequently repealed and assignment was thereafter filed in county clerk's office and with employer pursuant to statutes which had meantime become effective. Personal Property Law, SS 42, subds. 1, 2, 47, 47-a. | What effects follow any failure to file an assignment of wages? | 06099.docx | LEGALEASE-00077660-LEGALEASE-00077662 |
| Marcomo Stevedoring Corp. v. Nathanson, 202 Misc. 154 | 38+3 | Validity of a wage assignment is to be tested as of the date when loan was made. | How is the validity of wage assignments to be tested? | 06094.docx | LEGALEASE-00077684-LEGALEASE-00077685 |
| In re Jones & McClain, LLP, 271 B.R. 473 | 253+183 | Antenuptial agreement is an enforceable contract, subject to modification in the same manner as any other contract. | Are antenuptial agreements subject to modification? | 05039.docx | LEGALEASE-00078440-LEGALEASE-00078441 |
| Louisiana Ass'n of Self-Insured Employers v. Louisiana Workforce Comm'n, 92 So.3d 397 | 361+1410 | What constitutes substantial compliance with a statute is a matter depending on the facts of each particular case. | What is substantial compliance with the Administrative Procedure Act rulemaking procedure mean? | 05461.docx | LEGALEASE-00078519-LEGALEASE-00078521 |
| Schmidt v. Cal-Dive International, 240 F.Supp.3d 532 | 237+1 | Under Louisiana law, if any of the elements of the tort of defamation is lacking, the cause of action fails. | When does the cause of action in a tort of defamation fail? | 06152.docx | LEGALEASE-00079126-LEGALEASE-00079127 |
| Schmidt v. Cal-Dive International, 240 F.Supp.3d 532 | 237+1 | Under Louisiana law, if any of the elements of the tort of defamation is lacking, the cause of action fails. | When does the cause of action in a tort of defamation fail? | 06688.docx | LEGALEASE-00079161-LEGALEASE-00079162 |
| City of Flint v. Chesapeake & O. Ry. Co., 464 F. Supp. 423 | 148+1 | Power of eminent domain may never be applied by implication. | Can eminent domain be applied by implication? | 05350.docx | LEGALEASE-00080805-LEGALEASE-00080806 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Valencis v. Nyberg, 160 Conn. App. 777 | 13+1 | The terms cause of action and claim are not always synonymous. | Are the terms cause of action and claim synonymous? | 13339.docx | LEGALEASE-00081411-LEGALEASE-00081412 |
| McIntire v. Franklin Twp. Cmty. Sch. Corp., 15 N.E.3d 131 | 141E+682 | Parent, who alleged that township school corporation's actions of charging locker and newspaper fees amounted to charging for "tuition," which was prohibited by State Constitution, did not establish claim for damages because there was no right of action for monetary damages under the Indiana Constitution. West's A.I.C. Const. Art. 8, S 1. | Is there a right of action for monetary damages under the constitution? | 00756.docx | LEGALEASE-00081587-LEGALEASE-00081588 |
| Rasgaitis v. Rasgaitis, 347 Ill. App. 477 | 134+49(2) | "Cohabitation" means the living together as husband and wife, but does not necessarily imply sexual intercourse. | What is cohabitation under incest laws? | 01627.docx | LEGALEASE-00081784-LEGALEASE-00081785 |
| Rasgaitis v. Rasgaitis, 347 Ill. App. 477 | 134+49(2) | "Cohabitation" means the living together as husband and wife, but does not necessarily imply sexual intercourse. | What is cohabitation under incest laws? | 01394.docx | LEGALEASE-00081799-LEGALEASE-00081800 |
| Rasgaitis v. Rasgaitis, 347 Ill. App. 477 | 134+49(2) | "Cohabitation" means the living together as husband and wife, but does not necessarily imply sexual intercourse. | What is cohabitation under incest laws? | 14770.docx | LEGALEASE-00083559-LEGALEASE-00083560 |
| In re Estate of Peters, 171 Vt. 381 | 352H+59(2) | Marriage does not create implied blanket consent to sexual contact so as to give rise to a presumption of consent in an action for sexual battery between spouses. | Does marriage create an implied consent to sex? | 00931.docx | LEGALEASE-00083690-LEGALEASE-00083691 |
| Prichard Bros. v. Grady Co., 436 N.W.2d 460 | 388+352.16 | In action brought by construction contractor against architect for damages arising out of delays in completion of school construction project, trial court's jury instructions and special verdict questions improperly commingled concepts of negligence and bad faith, as bad faith is not equivalent to negligence and requires finding of fraudulent intent. | Is bad faith equivalent to negligence? | 07092.docx | LEGALEASE-00089125-LEGALEASE-00089126 |
| Prichard Bros. v. Grady Co., 436 N.W.2d 460 | 388+352.16 | In action brought by construction contractor against architect for damages arising out of delays in completion of school construction project, trial court's jury instructions and special verdict questions improperly commingled concepts of negligence and bad faith, as bad faith is not equivalent to negligence and requires finding of fraudulent intent. | Is bad faith equivalent to negligence? | Negligence - Memo 14 - VP_62195.docx | ROSS-003292240-ROSS-003292241 |
| Truck Ins. Exch. v. Cartmill, 385 S.W.2d 277 | 413+8 | Workmen's compensation benefits are paid for disability rather than for actual earnings received. | What do workers compensation benefits pay or compensate for? | 02228.docx | LEGALEASE-00092114-LEGALEASE-00092115 |
| Williams v. State Farm Mut. Auto. Ins. Co., 202 Mich. App. 491 | 63+1(1) | Bribery statute condemns unilateral offer or promise of bribe, and proof of bilateral agreement, that is, that officer accepted bribe, is not required. Code of Ala., Tit. 14, S 73. | Is proof of a bilateral agreement necessary for a bribery conviction? | 10786.docx | LEGALEASE-00094305-LEGALEASE-00094306 |
| Magnelli v. Com., Pennsylvania State Civil Serv. Comm'n, 55 Pa. Cmwlth. 531 | 307A+552 | A case will be dismissed if at any stage of the judicial process it is rendered moot for loss of standing. | Will a case that has been rendered moot be dismissed? | 10884.docx | LEGALEASE-00094313-LEGALEASE-00094314 |
| U.S. v. Tomoya Kawakita, 96 F. Supp. 824 | 350H+2265 | Record failed to disclose any ground for modification of death sentence imposed on native born citizen of the United States of Japanese parentage convicted of eight overt acts of treason which were committed in Japan during World War II and consisted in giving aid and comfort to the enemy. Fed.Rules Crim.Proc. rule 35, 18 U.S.C.A.; 18 U.S.C.A. S 2381; U.S.C.A.Const. art. 3, S 3. | Does giving aid and comfort to the enemy constitute treason if it is unintentional? | 11433.docx | LEGALEASE-00094473-LEGALEASE-00094474 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hill v. Ricoh Americas Corp., 603 F.3d 766 | 25T+182(1) | The final consideration in determining whether a party has waived its right to arbitration is prejudice to the party opposing arbitration. | Is prejudice to the party opposing arbitration the final consideration in waiver analysis? | 09922.docx | LEGALEASE-00095507-LEGALEASE-00095508 |
| United States v. Wyncoop, 11 F.3d 119 | 146+2 | Under statute which proscribes stealing, embezzling, or obtaining by fraud money or property from entity that receives over $10,000 per year in benefits under a federal program, intent of Congress was to bring conduct that could have effect on administration or integrity of federal funds within ambit of federal criminal law, and Congress did not intend to make misappropriations of money from every organization that receives indirect benefits from a federal program a federal crime. 18 U.S.C.A. S 666. | Does the statute prohibiting federal funds bribery apply even in cases in which the federal funds cannot be traced to the project affected by the bribe? | 09426.docx | LEGALEASE-00096265-LEGALEASE-00096266 |
| In re Grand Jury Subpoena dated Aug. 9, 2000, 218 F. Supp. 2d 544 | 311H+102 | The attorney-client privilege applies only if: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client. | Can a client waive attorney-client privilege? | 005315.docx | LEGALEASE-00116120-LEGALEASE-00116121 |
| Hossain v. Rauscher Pierce Refsnes, 46 F. Supp. 2d 1164 | 50+1 | Under Kansas law, "bailee" is person who receives possession or custody of property under circumstances constituting bailment; "bailor" is person from whom property is thus received. | In a bailment who can be considered as a bailee? | 004502.docx | LEGALEASE-00116448-LEGALEASE-00116449 |
| Price ex rel. Estate of Price v. City of Seattle, 106 Wash. App. 647 | 268+737 | Failure of city, as owner of property located at top of bluff where landslide took place, to take measures to prevent landslide did not establish trespass claim by landowners whose property was damaged by landslide. | Can a failure to act fulfill the intentional act element required for a claim of trespass? | 000744.docx | LEGALEASE-00117509-LEGALEASE-00117510 |
| Davidson v. Bugbee, 227 Mich. App. 264 | 13+61 | Cause of action accrues when all the elements of claim have occurred and can be alleged in proper complaint. | Is a cause of action fundamental to tort law? | 005783.docx | LEGALEASE-00124844-LEGALEASE-00124845 |
| Coast Range Conifers v. State ex rel. Oregon State Bd. of Forestry, 339 Or. 136 | 148+2.1 | For purposes of provision of state constitution prohibiting taking of private property for public use without just compensation, the Supreme Court would decline to treat regulation of property and physical invasion of property as if they were the same. West's Or.Const. Art. 1, S 18. | Is regulation in pursuit of a public policy equivalent to taking for a public use? | 017716.docx | LEGALEASE-00127772-LEGALEASE-00127773 |
| In re Spree.Com Corp., 295 B.R. 762 | 366+35 | Under Pennsylvania law, subrogation is not self-executing, but is right which must be pursued with reasonable diligence by the alleged subrogee or it is lost. | Is subrogation self-executing? | 043288.docx | LEGALEASE-00128192-LEGALEASE-00128194 |
| Gladden v. Thurmond, 77 S.W.2d 703 | 307A+501 | Plaintiff may at any time take a nonsuit and dismiss the cause of action asserted by him. Vernon's Ann.Civ.St. art. 2182. | Does the right to dismiss an action rests with the plaintiff? | 025017.docx | LEGALEASE-00129354-LEGALEASE-00129355 |
| State v. Jackman, 60 Wis. 2d 700 | 371+2100 | Charges exacted in exercise of police power are not "taxes" and are not subject to constitutional limitations which apply to exercise of power to tax. | What is the primary purpose of a tax? | Taxation - Memo # 161 - C- NA.docx | ROSS-003304022-ROSS-003304024 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Shirey, 168 F. Supp. 382 | 63+6(1) | An information charging that the defendant did unlawfully offer to a member of Congress to donate $1,000 a year to a political party in consideration of promise to use influence to procure for the donor an appointive office as postmaster was insufficient to charge an offense. 18 U.S.C.A. SS 214, 215; Defense Production Act of 1950, S 1 et seq., 50 U.S.C.A.App., S 2061 et seq.; 18 U.S.C.A. S 3731. | Is it a crime to solicit or receive political contributions for a promise to help any person obtain any appointive office or place under the United States? | 011580.docx | LEGALEASE-00135132-LEGALEASE-00135133 |
| Bevere v. Oppenheimer & Co., 862 F. Supp. 1243 | 25T+121 | Statutory nature of ERISA breach of fiduciary duty claims against financial services company by plan beneficiaries and participants did not bar enforcement, under Federal Arbitration Act (FAA), of arbitration clause in customer agreement executed by plan administrator and company. 9 U.S.C.A. S 2; Employee Retirement Income Security Act of 1974, SS 409, 502, 29 U.S.C.A. SS 1109, 1132. | Does Employee Retirement Income Security Act (ERISA) completely supplants or completely subordinate to arbitration? | 007556.docx | LEGALEASE-00135827-LEGALEASE-00135828 |
| Bennett Dairy v. Putney, 46 A.D.2d 1010 | 289+638 | A partner is agent of partnership and his acts may be adopted and enforced by partnership as its own. | Can an agents acts be adopted and enforced? | 042159.docx | LEGALEASE-00136852-LEGALEASE-00136853 |
| In re Ricketts Const. Co., 441 B.R. 512 | 371+2005 | Virginia courts strictly construe the power to tax. | Should courts strictly construe the power to tax? | 032415.docx | LEGALEASE-00140388-LEGALEASE-00140389 |
| Oatman v. Andrew, 43 Vt. 466 | 307A+74 | After a deposition is filed, the magistrate who took it has no authority to amend the caption; but the court may ratify and render valid such unauthorized amendment. | "After a deposition has been filed in court, is it still proper to allow the magistrate to amend his certificate thereon, so as to conform to the facts?" | 032610.docx | LEGALEASE-00141292-LEGALEASE-00141293 |
| Hicks v. Humble Oil & Ref. Co., 970 S.W.2d 90 | 272+1025 | Failure to comply with provisions of Railroad Commission Rule generally prohibiting open earthen storage for oil did not constitute negligence per se so as to support damages for injuries allegedly suffered from toxic contamination, in light of purpose of rule to prevent waste and encourage conservation of oil. V.T.C.A., Natural Resources Code S 85.046. | "Is article 6036 of Vernon's Annotated Civil Statutes a civil penalty statute enacted for the primary purpose of promoting and encouraging law enforcement and deterring violations of the rules, regulations, and orders of the railroad commission?" | 021298.docx | LEGALEASE-00141447-LEGALEASE-00141448 |
| Jenkins v. State, 101 So. 3d 161 | 352H+259 | Testimony by alleged victim, that defendant put his hand inside her panties, on "the top part," but that his hand never went "inside," was not sufficient to establish penetration of genital opening, as essential element of sexual battery. West's A.M.C. SS 97-3-95, 97-3-97(a). | Is penetration an essential element of sexual battery? | 043005.docx | LEGALEASE-00147876-LEGALEASE-00147877 |
| Am. Computer Tech. v. Hardwick, 274 Ga. App. 62 | 308+175(3) | A ratification by the principal of an agent's action refers back to the act ratified, and becomes effective as if originally authorized. West's Ga.Code Ann. S 10-6-52. | Can ratificationby the principal be revoked? | 041370.docx | LEGALEASE-00148572-LEGALEASE-00148573 |
| St. Fort v. State, 943 So. 2d 314 | 3.77E+06 | Purpose of stalking statute is to criminalize conduct that falls short of assault or battery. West's F.S.A. S 784.048. | What is the purpose of the stalking statute? | 047104.docx | LEGALEASE-00149569-LEGALEASE-00149570 |
| Vulcan Materials Co. v. Atofina Chemicals Inc., 355 F. Supp. 2d 1214 | 343+1006 | Good faith is essential to requirements contract; thus, party under contract cannot pretend not to have requirement to avoid his obligations under contract. U.C.C. S 2-306(1). | Is there an implied covenant of good faith in every contract? | 013671.docx | LEGALEASE-00150882-LEGALEASE-00150883 |
| Rimel v. Uber Techs., 246 F. Supp. 3d 1317 | 95+144 | In the absence of a choice of law provision, the "lex loci contractus doctrine" applies; under that doctrine, a contract is governed by the law of the state in which the contract is made or is to be performed. | Under what law is the performance of a contract governed? | 009924.docx | LEGALEASE-00153686-LEGALEASE-00153687 |
| Paton v. La Prade, 524 F.2d 862 | 21+9 | Opinion testimony that would be admissible at the actual trial may be submitted in an affidavit. | Can opinions be included in an affidavit? | Affidavits - Memo 72 - _1E3ZbgOUSrEeznaMXZIhuIwJqa3EKTdSU.docx | ROSS-000000239-ROSS-000000240 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Justin v. Delta Motor Line, 43 So. 2d 53 | 302+38 | Irrelevant allegations do not vitiate good allegations, and redundant allegations need not be proved. | Will irrelevant allegations vitiate the good allegations? | 023761.docx | LEGALEASE-00155250-LEGALEASE-00155251 |
| Steubenville & Wheeling Traction Co. v. Brandon, 87 Ohio St. 187 | 396A+23.1 | Team driver at crossing has equal rights with street car, and motorman should so control car as to be able to stop if necessary to avoid accident. | Can the driver of horse and wagon have equal rights with the company in the street? | Highways- Memo 424-SB_61904.docx | ROSS-003293213 |
| Univ. of Colorado Through Regents of Univ. of Colorado v. Derdeyn, 863 P.2d 929 | 349+78 | State university did not obtain valid consents from student athletes for suspicionless drug testing, for purpose of determining whether testing was unconstitutional search, where consent to testing was condition of participation in intercollegiate athletics at university; consents were coerced, in that there could be no participation in athletics without signed consent. U.S.C.A. Const.Amends. 4, 14; West's C.R.S.A. Const. Art. 2, S 7. | Is suspicionless drug testing of student athletes constitutionally permissible? | 016824.docx | LEGALEASE-00156174-LEGALEASE-00156175 |
| Marshall v. Staley, 528 P.2d 964 | 83E+481 | Love and affection between decedent and his stepdaughters was sufficient consideration to support assignment of note from the decedent to his stepdaughters. | Is it necessary for an assignment to be supported by consideration? | 009294.docx | LEGALEASE-00158216-LEGALEASE-00158217 |
| In re Estate of Lash, 329 N.J. Super. 249 | 217+1001 | A surety bond is not either a liability or an indemnity insurance policy. | Are surety bonds considered as insurance policy? | Insurance - Memo 53 - SNJ_64330.docx | ROSS-003298832-ROSS-003298833 |
| United States v. King, 351 F.3d 859 | 110+1152.21(1) | The Court of Appeals reviews the district court's decision to give a jury instruction under the abuse of discretion standard. | Is there a abuse of discretion or error by court for giving deliberate ignorance instruction? | 012540.docx | LEGALEASE-00161874-LEGALEASE-00161875 |
| IHC Health Servs. v. D & K Mgmt., 2003 UT 5, 73 P.3d 320 | 156+52.10(2) | Although any waiver must be distinctly made, it may be express or implied. | Should waiver be distinctly made? | 018152.docx | LEGALEASE-00162263-LEGALEASE-00162264 |
| Commonwealth v. Packer, 168 A.3d 161 | 203+530 | A killing perpetrated with malice differentiates murder from all other homicides. | Does killing with malice differentiate murder from all other homicides? | 019389.docx | LEGALEASE-00164050-LEGALEASE-00164051 |
| Commonwealth v. Packer, 168 A.3d 161 | 203+530 | A killing perpetrated with malice differentiates murder from all other homicides. | Does killing with malice differentiate murder from all other homicides? | Homicide - Memo 171 - RK_66914.docx | ROSS-003280823-ROSS-003280824 |
| People v. Peckham, 249 Cal. App. 2d 941 | 352H+112 | Intoxication and impotency of defendant at time of alleged assault with intent to rape are not defenses to the crime although they are factors that may be considered in determining whether defendant had the requisite intent. West's Ann.Pen.Code, S 220. | Is impotency a defense for rape? | Sex Offence - Memo 3 - RK_57679.docx | ROSS-003281317-ROSS-003281318 |
| Harris v. Esterbrook, 226 N.W. 751 | 83E+481 | Assignee of note acquires title by transfer without indorsement (Rev. Code 1919, S 1753). | Can a person acquire title to a note if it is without indorsement? | Bills and Notes - Memo 1440 - RK_66498.docx | ROSS-003281327 |
| FFP Mktg. Co. v. Long Lane Master Tr. IV, 169 S.W.3d 402 | 83E+402 | Negotiation or assignment can change ownership of a promissory note. | Can the ownership of promissory note be changed by assignment? | Bills and Notes-Memo 1084-IS_60054.docx | ROSS-003281783-ROSS-003281784 |
| Scottsdale Ins. Co. v. Addison Ins. Co., 448 S.W.3d 818 | 366+1 | Equitable subrogation is a form of subrogation that is not founded in contract, but is a creature of equity. | Is equitable subrogation a creature of equity? | Subrogation - Memo 125 - VP C.docx | ROSS-003283164-ROSS-003283165 |
| Riverside-Quindaro Bend Levee Dist. v. Intercontinental Eng'g Mfg. Corp., 121 S.W.3d 531 | 30+1 | The right to appeal is purely statutory, and where a statute does not give a right to appeal, no right exists. | "If there is no statutory right to appeal, can a right to appeal exist? " | Appeal And Error - Memo 1 - BP.docx | ROSS-003284064-ROSS-003284065 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Steiner, 459 B.R. 748 | 253+837 | Under Idaho law, if one spouse can show that value of separate property was enhanced by community property expenditure, increase in value is community property. | Will separate property become community property if it is improved using community property? | Marriage and Cohabitation- Memo 41 - JS.docx | ROSS-003287040-ROSS-003287041 |
| House v. United States, 99 Fed. Cl. 342 | 34+5(6) | Where a member of the military resigns or retires, his decision is presumed to be voluntary, for purposes of invoking Military Pay Act. 37 U.S.C.A. S 204. | Who has the burden of proving otherwise that a decision to resign or retire was not voluntary? | Armed Services - Memo 139 - JS.docx | ROSS-003289076-ROSS-003289077 |
| Crest Const. Co. v. Insurance Co. of North America, 417 F.Supp. 564 | 289+450 | It is not necessary to partnership relationship that there be an express agreement to share the losses; such an agreement may be implied if intent of parties to form a partnership is otherwise made clear. | Can an agreement to share losses be implied from an agreement to share profits in a partnership? | Partnership - Memo 145 - RK.docx | ROSS-003289451-ROSS-003289452 |
| Levi v. Mississippi State Bar, 436 So. 2d 781 | 315+31 | Practice of law is revocable privilege, not a property right. | Is the practice of law a privilege or a property right? | Property - Memo 17 - JS.docx | ROSS-003289503-ROSS-003289504 |
| Marquez v. Rapid Harvest Co., 1 Ariz. App. 562 | 413+1 | The benefits of the Workmen's Compensation Act accrue to those who undertake its burdens. A.R.S. S 23-901 et seq. | To whom do the benefits of the Workmen's Compensation Act accrue? | Workers Compensation - Memo #182 ANC.docx | ROSS-003290682-ROSS-003290683 |
| State ex rel. Gentry v. Hostetter, 343 Mo. 1090 | 83E+481 | The Uniform Negotiable Instruments Act does not prevent the transfer of a negotiable or nonnegotiable instrument by assignment. Mo.St.Ann. S 2629 et seq., p. 643 et seq. | Can a negotiable or non-negotiable instrument be transferred by assignment? | Bills and Notes -Memo 482-DB.docx | ROSS-003290853-ROSS-003290854 |
| Sanders v. State, 293 Ga. App. 534 | 352H+119 | Mistake of age is not a defense to capital or statutory rape. | Is mistake of age a defense to statutory rape? | Sex Offence - Memo 43 - SB.docx | ROSS-003291220-ROSS-003291221 |
| In re Greenfield Direct Response, 171 B.R. 848 | 65+2 | Under Illinois law, word "agent" is broader than word "broker" and more comprehensive in its legal scope; while every broker is in a sense an agent, every agent is not a broker. | Can a broker be considered as an agent? | Principal and Agent - Memo 471- PR_63794.docx | ROSS-003293859-ROSS-003293860 |
| Rivers v. Thomas, 69 Tenn. 649 | 83E+436 | One who indorses a past-due note at the request of the maker, pursuant to a contract with the payee for further indulgence, is liable as guarantor. | Can the endorser be liable as guarantor? | Bills and Notes - Memo 778 -IS_58624.docx | ROSS-003297017-ROSS-003297018 |
| Mathis v. State, 443 S.W.3d 391 | 210+834 | Bodily-injury assault was not lesser-included offense of sexual assault, and thus defendant was not entitled to jury instruction on bodily-injury assault as a lesser-included offense in sexual assault trial; bodily injury was not an element of sexual assault, and defendant's conduct of hitting or striking victim, upon which he sought the assault instruction, was not the same conduct alleged in the indictment, which was penetration of victim's sexual organ without her consent. V.T.C.A., Penal Code SS 22.01(a)(1), 22.011(a)(1)(A). | Is bodily injury an element of sexual assault? | Sex Offenses - Memo 23 - RK_67525.docx | ROSS-003297718-ROSS-003297719 |
| State v. Tauscher, 227 Or. 1 | 146+6 | Only property which is tangible and capable of being possessed may be subject of larceny or embezzlement, and agent who, without authority and for her own purposes, drew check on principal's account was not guilty of embezzlement. ORS 164.310, 165.005. | Can the property which is the subject of larceny be the subject of embezzlement? | Embezzlement - Memo 19 - VP.docx | ROSS-003298556-ROSS-003298557 |
| Shepard Realty Co. v. United Shoe Stores Co., 193 La. 211 | 307A+501 | There exists no essential difference between a "discontinuance" and a "voluntary nonsuit." | "Does there exist any essential difference between ""discontinuance"" and a ""voluntary nonsuit""?" | Pretrial Procedure - Memo # 1307 - C - CK.docx | ROSS-003300467-ROSS-003300468 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rosen v. State, 940 So. 2d 1155 | 211+1723 | Under statute on lewd and lascivious molestation, lewdness must be determined on case-by-case basis and may be imputed from circumstances. West's F.S.A. S 800.04(5, 6). | Can lewdness be imputed from the circumstances? | Sex Offence - Memo 82 - RK.docx | ROSS-003302185-ROSS-003302186 |
| Brannock v. Magoon, 141 Mo. App. 316 | 83E+481 | The title to a note may be transferred by a separate writing. | Can the title to a note be transferred by a separate writing? | Bills and Notes-Memo 1138-PR_59408.docx | ROSS-003307849 |
| Branch v. United States, 69 F.3d 1571 | 148+2.9 | Government seizure and closure of bank once bank became insolvent did not constitute taking under Fifth Amendment. U.S.C.A. Const.Amend. 5. | Does the seizure of bank constitute a taking? | Eminent Domain - Memo 220 - GP.docx | ROSS-003310776-ROSS-003310777 |
| Bell Atl. Corp. v. Twombly, 550 U.S. 544 | 29T+972(4) | Stating a claim under Sherman Act's restraint of trade provision requires a complaint with enough factual matter, taken as true, to suggest that an agreement was made; asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage, but simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. Sherman Act, S 1, 15 U.S.C.A. S 1. | What is the legal standard to state a claim? | Neutrality Laws - Memo 2 - SB.docx | ROSS-003311963-ROSS-003311964 |
| Disc. Tire Co. of Washington v. State, Dep't of Revenue, 121 Wash. App. 513 | 110+327 | The State is not required to prove motive as an element of its case. | Is the state required to prove motive as an element of the crime of Arson? | Arson - Memo 10 - ANG.docx | ROSS-003312209-ROSS-003312211 |
| State v. Keel, 333 N.C. 52 | 203+525 | Absence of self-defense is not element, essential or otherwise, of murder. G.S. S 14-17. | Is the absence of self-defense an element of murder? | Homicide - Memo 119 - RK.docx | ROSS-003316291-ROSS-003316292 |
| Arizona v. United States, 567 U.S. 387 | 24+103 | Arizona statute authorizing officers to arrest without a warrant a person "the officer has probable cause to believe . has committed any public offense that makes the person removable from the United States" was preempted as obstacle to removal system that Congress created; federal law specified limited circumstances in which state officers could perform functions of immigration officer, while Arizona statute attempted to provide state officers even greater authority to arrest aliens on basis of possible removability than Congress had given to trained federal immigration officers, and federal statute permitting state officers to "cooperate with the Attorney General in the identification, apprehension, detention, or removal of aliens not lawfully present in the United States" could not authorize unilateral decision of state officers to arrest alien for being removable absent any request, approval, or other instruction from Federal Government. U.S.C.A. Const. Art. 6, cl. 2; 8 U.S.C.A. SS 1226(a), 1357(g)(10)(B); A.R.S. S 13-3883(A)(5). | Is it a crime for a removable alien to remain present in the United States? | "Aliens, Immigration and Citizenship - Memo 89 - RK_64822.docx" | ROSS-003321371-ROSS-003321372 |
| John Hancock Mut. Life Ins. Co. v. Fid.-Baltimore Nat. Bank & Tr. Co., 212 Md. 506 | 8.30E+10 | Generally, law governing a bill or note is the law which the parties to the instrument intend to govern, and, therefore, if bill or note contains express provision that it shall be governed by laws of a particular state, such laws will govern. | Which is the law that governs the bill? | Bills and Notes - Memo 1392 - JK_64833.docx | ROSS-003322178-ROSS-003322179 |
| In re Kizzee-Jordan, 626 F.3d 239 | 366+27 | Texas recognizes three types of subrogation: equitable, contractual, and statutory. | How many types of subrogation are recognized? | Subrogation - Memo 183 - ANG C.docx | ROSS-003324316-ROSS-003324317 |
| Bennett Dairy v. Putney, 46 A.D.2d 1010 | 289+638 | A partner is agent of partnership and his acts may be adopted and enforced by partnership as its own. | Can an agent's acts be adopted and enforced? | Principal and Agent - Memo 99 - KC.docx | ROSS-003330587-ROSS-003330588 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sanson Four Rentals v. Faulk, 803 So.2d 1048 | 38+31 | An assignment of right is a species of sale and is treated as such in the Civil Code. | Is assignment a species of sale? | 000085.docx | LEGALEASE-00115497-LEGALEASE-00115498 |
| Pool v. Sneed, 173 S.W.2d 768 | 38+1 | An assignment cannot be made by a dead man, and a legatee is not an "assignee", but an "assignment" is a transfer by one existing party to another existing party of some valuable interest. | Can assignments be made by a dead man? | 000104.docx | LEGALEASE-00115608-LEGALEASE-00115609 |
| People v. Pinkney, 316 Mich. App. 450 | 181+4 | The common-law definition of "forgery" is a false making of any written instrument with intent to defraud. | What is forgery under common law? | 000120.docx | LEGALEASE-00115645-LEGALEASE-00115646 |
| Dolan v. O'Callaghan, 2012 IL App (1st) 111505 | 277+1 | The general purpose of notice is to apprise the person affected of the nature and purpose of a proceeding. | What is the purpose of the notice provision under the law? | Notice -Memo 12 - VP.docx | LEGALEASE-00000288-LEGALEASE-00000289 |
| Thomas v. Bd. of Sup'rs of PanolaCty., 45 So. 3d 1173 | 414+1000 | Issues of zoning are not judicial, but rather, legislative in nature. | Are zoning issues legislative in nature? | 000286.docx | LEGALEASE-00115691-LEGALEASE-00115692 |
| Farris v. Alaska Airlines, 113 F. Supp. 907 | 25T+111 | Primary function of arbitration is to serve as substitute for, and not as prelude to, litigation. | What is the primary function of arbitration? | 004184.docx | LEGALEASE-00115586-LEGALEASE-00115588 |
| Am. Almond Prod. Co. v. Consol. Pecan Sales Co., 144 F.2d 448 | 25T+251 | Where the parties have adopted arbitration to settle a controversy, they must be content with its informalities and with looser approximations to the enforcement of their rights than those that the law accords them. | "When parties opt for arbitration, should they be content with its informalities?" | Alternative Dispute Resolution - Memo 37 - JS.docx | LEGALEASE-00000357-LEGALEASE-00000359 |
| Vass v. Bd. of Trustees of Teachers' & State Employees Comprehensive Major Med. Plan, 324 N.C. 402 | 360+45 | Board of trustees of state employees' medical plan was "agency" within meaning of Administrative Procedure Act. G.S. SS 150A-1 et seq. (now S 151B-1 et seq), 150A-1(a, b) (now S 150B-1(c, b)), 150A-2(1) (now S 15B-2(1)). | Does the Administrative Procedure Act provide the procedure for resolution of a dispute that arises between a state agency and a person which cannot be informally resolved? | Administrative Law - Memo 2 - RM.docx | LEGALEASE-00000392-LEGALEASE-00000393 |
| United States v. Jones, 553 F.2d 351 | 181+9 | An essential element of the crime of forgery is making the false writing. | Does false making fall within the ambit of common law forgery? | 07080.docx | LEGALEASE-00089136-LEGALEASE-00089138 |
| Hornbeck Offshore Operators v. Ocean Line of Bermuda, 849 F. Supp. 434 | 393+984 | Actions under the Suits in Admiralty Act are not exempt from the Anti-Assignments Act which provides that voluntary assignments of claims against the government are void. Suits in Admiralty Act, S 1 et seq., 46 App.U.S.C.A. S 741 et seq.; 31 U.S.C.A. S 3727. | Does the Anti- Assignments Act prohibit voluntary assignments? | 003813.docx | LEGALEASE-00115780-LEGALEASE-00115782 |
| People v. Versaggi, 83 N.Y.2d 123 | 372+1348 | Word "alter" in computer tampering statute would be given its ordinary meaning and is commonly understood to mean to change or modify. McKinney's Penal Law S 156.20 (1992). | How is the term alter commonly understood by the courts? | 003829.docx | LEGALEASE-00115803-LEGALEASE-00115805 |
| BeWigged by Suzzi v. Atl. Dep't of Stores, 49 Ohio App. 2d 65 | 238+43 | A "license" is a permission to do some act or series of acts on the land of the licensor, without having any permanent interest in it. | Are licenses assignable? | 003904.docx | LEGALEASE-00115946-LEGALEASE-00115947 |
| Tisdale Lumber Co. v. Read Realty Co., 154 A.D. 270 | 257+202 | The right to file a mechanic's lien is not assignable, under Lien Law, S 2. | Is the right to file a mechanics lien assignable? | 003912.docx | LEGALEASE-00115910-LEGALEASE-00115911 |
| Nat'l Blvd. Bank of Chicago v. Citizens Utilities Co. of Illinois, 107 Ill. App. 3d 992 | 315+51 | Fixtures are "real property" because they are incorporated in or attached to the realty. | Are fixtures considered real property as they are attached to the real property? | 003042.docx | LEGALEASE-00116037-LEGALEASE-00116038 |
| Hughes v. New Life Dev. Corp., 387 S.W.3d 453 | 315+71 | A property owner's right to own, use, and enjoy private property is a fundamental right. | Is right to property a fundamental right? | Property - Memo 12 - ANG.docx | ROSS-003322522-ROSS-003322523 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fondren v. Republic Am. Life Ins. Co., 190 F.R.D. 597 | 311H+26 | A party asserting a privilege has the burden of demonstrating that the privilege is applicable. | Who has the burden of demonstrating that the privilege is applicable? | 10853.docx | LEGALEASE-00089298-LEGALEASE-00089299 |
| Noble Res. PTE, Ltd. v. Metinvest Holding Ltd., 622 F. Supp. 2d 77 | 16+12 | Admiralty jurisdiction does not arise simply because a contract refers to a ship, or to the transportation of goods by ship. | When will courts consider a contract as a maritime contract? | 004069.docx | LEGALEASE-00116302-LEGALEASE-00116303 |
| Coast Trading Co. v. Pac. Molasses Co., 681 F.2d 1195 | 25T+229 | In commercial cases, arbitration is used as substitute for litigation but even in such cases arbitrator is confined to interpretation and application of parties' agreement. | Can arbitration be substituted for litigation under commercial law? | Alternative Dispute Resolution - Memo 21 - JS.docx | ROSS-003287324-ROSS-003287326 |
| North Dakota v. United States, 64 F. Supp. 3d 1314 | 311H+168 | In consolidated actions to quiet title to section line rights-of-way within national grasslands, defendant United States did not intentionally waive attorney-client privilege, with respect to documents related to opinions issued by government attorneys concerning 1866 statute governing rights-of-way for construction of highways over unreserved public domain lands and/or state's section line law, by redacting portions of disclosed documents discussing the opinions but leaving unredacted portions that purportedly disclosed the contents of the opinions; court review of redacted and unredacted versions of the documents showed that, for the most part, the disclosed material was not attorney-client privileged, as though it may have been possible to guess from what had been disclosed what the opinions were, that was not the equivalent of disclosure of either the content of the opinions or the opinions themselves, and redaction efforts were not an attempt to gain litigation advantage. Fed.Rules Evid.Rule 502(a), 28 U.S.C.A. | Can a governmental entity claim attorney-client privilege as private litigants? | Privileged Communications and Confidentiality - Memo 10 - VP.docx | ROSS-003296296-ROSS-003296298 |
| Warner v. Bennett, 31 Conn. 468 | 322H+387 | A deed conveying to the grantees, their heirs and assigns forever, a piece of land, as a site for a school house, contained the following provision: "The conditions of this deed are such that whenever the premises shall be converted to any other use than those named, and the grantees shall knowingly persist therein, the grantees forfeit the right herein conveyed, upon the grantor paying to them the appraised value of such buildings as may be thereon standing." Held, that this provision of the deed was a condition subsequent, and not a limitation, and that the estate of the grantees would continue, after condition broken, until an entry by the grantor or his heirs. | "Can a right of entry, for conditions broken, be assigned?" | Assignments - Memo 39 - JS.docx | ROSS-003297600-ROSS-003297601 |
| United States v. Bajakajian, 524 U.S. 321 | 174+1.3 | The forfeiture of currency, when ordered for a violation of the statute requiring a person to report the transportation of more than $10,000 outside of the United States, is punishment and thus constitutes a "fine" within the meaning of the Excessive Fines Clause. U.S.C.A. Const.Amend. 8; 18 U.S.C.A. S 982(a)(1); 31 U.S.C.A. S 5316(a)(1)(A). | What does fine for the purposes of the Eighth Amendment's Excessive Fines Clause refer to? | 004736.docx | LEGALEASE-00116409-LEGALEASE-00116410 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Redevelopment Agency of City of San Diego v. Attisha, 128 Cal. App. 4th 35 | 192+1 | There is no single acceptable method of valuing goodwill, as valuation methods will differ with the nature of the business and with the purpose for which the evaluation is conducted; each case must be determined on its own facts and circumstances and the evidence must be such as legitimately establishes value. | Is there a single acceptable method of valuing goodwill? | Goodwill - Memo 9 - ANG._62192.docx | ROSS-003281512-ROSS-003281513 |
| Fort Trumbull Conservancy v. Alves, 262 Conn. 480 | 149E+652 | Conservation organization had standing, under section of the Environmental Protection Act authorizing actions for declaratory and injunctive relief against unreasonable pollution, to sue city and city building official to prevent issuance of permits allowing demolition of 39 buildings, although city and building official had no jurisdiction to consider environmental ramifications of issuing demolition permits, where organization alleged that issuance of permits would unreasonably pollute, impair, deplete or destroy the public trust in air, water, land or other natural resources of the state; overruling Connecticut Post Ltd. Partnership v. South Central Connecticut Regional Council of Governments, 60 Conn.App. 21, 25, 758 A.2d 408. C.G.S.A. S 22a-16. | Is prime agricultural land considered a natural resource? | 004548.docx | LEGALEASE-00116515-LEGALEASE-00116517 |
| People v. Elmore, 59 Cal. 4th 121 | 203+500 | Homicide, the killing of one human being by another, is not always criminal. | Will homicide always be a criminal act? | 004576.docx | LEGALEASE-00116580-LEGALEASE-00116581 |
| State ex rel. New Mexico Water Quality Control Comm'n v. Molybdenum Corp. of Am., 89 N.M. 552 | 1.49E+04 | Even if State had no specific statutory authority to enforce its pollution regulations, State had independent right, either as a sovereign or a political corporation, to enforce its own regulations, as State had the right to execute its law. | Is the State given the authority to execute its own laws or regulations? | 005283.docx | LEGALEASE-00116770-LEGALEASE-00116771 |
| Kozlowski v. Kozlowski, 80 N.J. 378 | 253+1141 | A male, married or unmarried, can be guilty of adultery only if he has sexual relations with a married woman. | Do both parties require to be married in order to constitute adultery? | Marriage and Cohabitation - Memo 17 - AKA.doc | LEGALEASE-00002552-LEGALEASE-00002553 |
| Bennett v. Illinois Power & Light Corp., 271 Ill. App. 182 | 272+200 | "Negligence" may consist of doing a legal act in a careless or negligent manner. | Can a legal act result in negligence? | 004444.docx | LEGALEASE-00116694-LEGALEASE-00116695 |
| Lalani v. Perryman, 105 F.3d 334 | 24+329 | Administrative Procedure Act (APA) does not apply to deportation proceedings. 5 U.S.C.A. S 551 et seq. | Is Administrative Procedure Act applicable to deportation proceedings? | Administrative Law - Memo 22- RM.docx | ROSS-003297965-ROSS-003297966 |
| Baker v. State, 17 S.W. 144 | 110+1226(3.1) | Court of Criminal Appeals lacked jurisdiction over appeal from denial of petition to correct Alabama Criminal Justice Information Center's (ACJIC) records of petitioner's convictions; statute required appeal in the same manner as appeals entered from the court of probate. Code 1975, S 41-9-645. | Is Criminal Justice Information Center Commission an administrative agency subject to the provisions of the Administrative Procedure Act? | 004598.docx | LEGALEASE-00117034-LEGALEASE-00117035 |
| Outcault Advert. Co. v. Brooks, 82 Or. 434 | 50+5 | Delivery is essential element of bailment, which begins when possession is transferred to bailee. | What is delivery in a bailment? | Bailment - Memo 30 - ANG.docx | ROSS-003295947-ROSS-003295948 |
| State v. Costich, 117 Wash. App. 491 | 148+1 | The power of eminent domain is strictly construed against the government. | Against whom should the power of eminent domain be construed? | Eminent Domain - Memo 31 - AKA.doc | ROSS-003288719-ROSS-003288720 |
| Appeal of Portsmouth Tr. Co., 120 N.H. 753 | 172H+202 | Validly chartered banks had legally protected right to engaged in business of banking, which included right to be free from unlawful competition. | "Under the law, who or what entities are empowered to do banking business?" | 005267.docx | LEGALEASE-00116903-LEGALEASE-00116904 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Janiga v. Questar Capital Corp., 615 F.3d 735 | 25T+113 | Although it is often said that there is a federal policy in favor of arbitration, federal law places arbitration clauses on equal footing with other contracts, not above them; any preference for arbitration is reserved for the interpretation of the scope of a valid arbitration clause. | How is a preference for arbitration reserved by Courts? | 004906.docx | LEGALEASE-00117158-LEGALEASE-00117160 |
| Keck v. Doughman, 392 Pa. Super. 127 | 233+1363(2) | In tenant's action against landlord on theories of negligence and implied warranty of habitability to recover for injuries allegedly sustained in fall on landlord's property, instruction suggesting that tenant could not recover unless she was unaware of condition of premises was error in that it precluded tenant from possibly recovering under warranty of habitability theory; however, error was harmless, as contributory negligence is defense to warranty of habitability actions, and jury found tenant to have been 58% contributorily negligent. 42 Pa.C.S.A. S 7102(a). | Is there an implied warranty of habitability in residential leases? | 005077.docx | LEGALEASE-00117231-LEGALEASE-00117234 |
| Turner v. Wells, 198 F. Supp. 3d 1355 | 237+30 | For purposes of defamation actions under Florida law, falsity exists only if the publication is substantially and materially false, not just if it is technically false. | Do technically false statements constitute falsity? | 000554.docx | LEGALEASE-00117375-LEGALEASE-00117377 |
| Colden v. Alexander, 141 Tex. 134 | 315+22 | The title to realty can be affected only by the "lex loci rei sitae", that is the law of the place where the realty is situated. | What law is applied in determining the ownership of a property? | 005161.docx | LEGALEASE-00117367-LEGALEASE-00117368 |
| Dale v. H.B. Smith Co., 136 F.3d 843 | 233+709 | Under Massachusetts law, sublessee which holds over after its sublessor's tenancy has terminated becomes a tenant at sufferance vis-a-vis property owner; in other words, tenancy at sufferance arises by virtue of the holdover. | What is a tenant at sufferance? | 000493.docx | LEGALEASE-00117440-LEGALEASE-00117441 |
| Johnson v. Paynesville Farmers Union Co-op. Oil Co., 817 N.W.2d 693 | 386+1 | Actual damages are not an element of the tort of trespass. | Are actual damages an element of the tort of trespass? | Trespass - Memo 16 - RK.docx | ROSS-003284504-ROSS-003284505 |
| Church of Christ in Hollywood v. Superior Court, 99 Cal. App. 4th 1244 | 386+2 | Trespasses are characterized as intentional torts, regardless of the actor's motivation. | Is trespass an intentional tort? | 000734.docx | LEGALEASE-00117558-LEGALEASE-00117559 |
| Church of Christ in Hollywood v. Superior Court, 99 Cal. App. 4th 1244 | 386+2 | Trespasses are characterized as intentional torts, regardless of the actor's motivation. | Is trespass an intentional tort? | Trespass - Memo 32 - RK.docx | ROSS-003322047-ROSS-003322048 |
| Powell v. Tosh, 929 F. Supp. 2d 691 | 386+10 | Three basic elements of negligent trespass under Kentucky law are (1) the defendant must have breached its duty of care (negligence); (2) the defendant caused a thing to enter the land of the plaintiff, and (3) the thing's presence causes harm to the land. Restatement (Second) of Torts S 165. | When does the law allow for recovery under trespass? | 000746.docx | LEGALEASE-00117507-LEGALEASE-00117508 |
| Penix v. Delong, 473 S.W.3d 609 | 386+2 | Reckless conduct may constitute a willful trespass. | Can reckless conduct constitute a wilful trespass? | Trespass -Memo 35 - RK.docx | ROSS-003322067-ROSS-003322068 |
| People v. Folsom, 268 A.D. 350 | 207+1 | The essence of "incest" is not intercourse, but intercourse with relative within prescribed line of consanguinity. | What is the essence of incest? | 000439.docx | LEGALEASE-00117758-LEGALEASE-00117759 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Carroll v. United States, 229 F. Supp. 891 | 393+629 | Where United States, on basis of Small Business Administration mortgage on lessee's cafeteria equipment which had been abandoned by lessee's bankruptcy trustee, had exclusive dominion and control of such equipment but did not remove it, lessors were deprived of use and occupancy of their property and United States was liable on implied contract for reasonable rental. | Is there an implied obligation to pay reasonable rental for occupying anothers premises without claim of right? | 000505.docx | LEGALEASE-00117642-LEGALEASE-00117643 |
| Parker v. Reynolds Metals Co., 747 F. Supp. 711 | 298+4(1) | Under Georgia law, perpetual option violates rule against perpetuities and is void, but perpetual lease or perpetual right to renew a lease, or even an option to purchase within a perpetually renewable lease, does not violate the rule. O.C.G.A. S 44-6-1. | What violates the rule against perpetuities ? | Landlord and Tenant - Memo 29 - TH.docx | ROSS-003287226-ROSS-003287227 |
| In re Corpus Christi Hotel Partners, Ltd., 133 B.R. 850 | 233+508 | Under Texas law, general rule is that tenant is vested with estate in property while hotel guest is not. | What is the distinction between a tenant and a lodger? | 000501.docx | LEGALEASE-00117959-LEGALEASE-00117960 |
| In re Ellerbee, 177 B.R. 731 | 51+3374(1) | "Willful and malicious injury," within meaning of statutory exception to discharge, need not be a product of spite or ill will. Bankr.Code, 11 U.S.C.A. S 523(a)(6). | What does the term malice mean in the context of defamation? | 000576.docx | LEGALEASE-00117918-LEGALEASE-00117919 |
| Kukatush Min. Corp. v. Sec. & Exch. Comm'n, 198 F. Supp. 508 | 212+1456 | Equity does not enjoin a libel or slander, and only remedy for defamation is an action for damages. | What is the rule of equity in defamation law? | 000582.docx | LEGALEASE-00117775-LEGALEASE-00117776 |
| Ricci v. Key Bancshares of Maine, 662 F. Supp. 1132 | 115+189.5 | Borrowers could not recover exemplary damages from bank holding company under Maine law where evidence showed at most that holding company responded recklessly, callously and discriminatorily upon hearing allegations from state and federal law enforcement officials connecting one borrower to organized crime, but there was no showing that holding company acted with deliberate conduct motivated by ill-will or specifically intended to injure borrower. | Under what circumstances can a plaintiff recover exemplary damages? | 000607.docx | LEGALEASE-00117975-LEGALEASE-00117976 |
| Ricci v. Key Bancshares of Maine, 662 F. Supp. 1132 | 115+189.5 | Borrowers could not recover exemplary damages from bank holding company under Maine law where evidence showed at most that holding company responded recklessly, callously and discriminatorily upon hearing allegations from state and federal law enforcement officials connecting one borrower to organized crime, but there was no showing that holding company acted with deliberate conduct motivated by ill-will or specifically intended to injure borrower. | When may a plaintiff recover exemplary damages? | Libel and Slander - Memo 87 - TH.docx | ROSS-003288463-ROSS-003288464 |
| Maxwell v. Howmedica Osteonics Corp., 713 F. Supp. 2d 84 | 313A+111 | Manufacturers of a product have a duty to market safe products; the duty is owed, at a minimum, to all foreseeable users of the product. | Does the manufacturer of a product have the duty to market safe products? | 000645.docx | LEGALEASE-00117894-LEGALEASE-00117895 |
| Dvoracek v. Gillies, 363 N.W.2d 99 | 233+710 | Tenant who wrongfully holds over after expiration of a lease becomes tenant at sufferance. | Is a tenant by holding over also a tenant by sufferance? | 000810.docx | LEGALEASE-00117793-LEGALEASE-00117796 |
| Williams v. State Farm Mut. Auto. Ins. Co., 202 Mich. App. 491 | 233+525 | Whether a landlord-tenant relationship exists is a question of fact. | Is the existence of a landlord tenant relationship a question of fact? | 000814.docx | LEGALEASE-00117804-LEGALEASE-00117805 |
| United States v. Rahman, 189 F.3d 88 | 384+1 | Treason includes in its elements a breach of allegiance to the United States. 18 U.S.C.A. S 2381. | Does element of treason include the breach of allegiance? | Treason - Memo 2 - ANG.docx | ROSS-003287626-ROSS-003287627 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Grigson v. Creative Artists Agency L.L.C., 210 F.3d 524 | 25T+119 | Parties to arbitration agreements cannot avoid them by casting their claims in tort, rather than in contract. | Is arbitration favored in the law? | Alternative Dispute Resolution - Memo 154 - RK.docx | ROSS-003287729-ROSS-003287731 |
| Ex parte Cobb, 703 So. 2d 871 | 37+135 | The use of fists or other body parts cannot constitute the use of "deadly weapons" or "dangerous instruments" as those terms are defined in criminal statutes; overruling Stewart v. State, 405 So.2d 402 (Ala.Crim.App.1981). Code 1975, S 13A-1-2(11, 12). | Are fists or hands classified as deadly weapons? | 001078.docx | LEGALEASE-00118078-LEGALEASE-00118079 |
| Waller v. Morris, 78 Ga. App. 821 | 302+3 | Name of a pleading is not important since Court will look to substance rather than name. | Does a court identify the function of a pleading by its name or substance? | 001106.docx | LEGALEASE-00118118-LEGALEASE-00118120 |
| Gilbert v. Texas Dep't of Criminal Justice, 490 S.W.3d 598 | 401+2 | While inmate was entitled to file his action against the Department of Criminal Justice, the University of Texas Medical Branch, and various employees of both entities, in any proper county of his choice, he did not have the right to select a particular court in a multicourt county. | Does a plaintiff have the right to select a particular judge or court? | Venue - Memo 28 - TH.docx | ROSS-003312212-ROSS-003312213 |
| Duffield v. Robertson Stephens & Co., 144 F.3d 1182 | 25T+125 | In enacting Civil Rights Act of 1991, which encourages arbitration "(w)here appropriate and to the extent authorized by law," Congress intended to codify its position that compulsory arbitration of Title VII claims was not "authorized by law," and that compelling employees to forego their rights to litigate future Title VII claims as condition of employment was not "appropriate." Civil Rights Act of 1964, S 701 et seq., as amended, 42 U.S.C.A. S 2000e et seq.; 42 U.S.C.A. S 1981 note. | What does it mean when the law says arbitration is encouraged? | Alternative Dispute Resolution - Memo 187 - RK.docx | ROSS-003289487-ROSS-003289489 |
| In re New Century TRS Holdings, 407 B.R. 558 | 51+3570 | Waiver decision could not be made in a vacuum, and therefore bankruptcy court could not enter order that court-appointed examiner's sharing of documents with governmental agencies, office of United States Trustee (UST), and liquidating trustee in Chapter 11 cases did not cause or constitute a waiver of any applicable protection belonging to examiner and his professionals, including attorney-client privilege and work product doctrine, or that liquidating trustee's consultation with or retention of examiner's forensic accountants would not cause waiver of any of examiner's privileges or protections; instead, when and if issue of waiver arose, court or other forum directly involved in discovery request would have facts available to make appropriate determination. | Can arbitration agreements be enforced in bankruptcy courts? | Alternative Dispute Resolution - Memo 201 - RK.docx | LEGALEASE-00005485-LEGALEASE-00005487 |
| Pennsylvania Coal Co. v. Mahon, 260 U.S. 393 | 148+2.1 | While property may be regulated to a certain extent, if regulation goes too far, it constitutes a taking. | Can excessive regulations be considered a taking? | 001280.docx | LEGALEASE-00118355-LEGALEASE-00118356 |
| In re Meyer, 563 B.R. 708 | 233+531 | Under Iowa law, a lease is a contract and, as such, is subject to ordinary contract principles. | Are leases controlled by the principles of contract law? | Landlord and Tenant - Memo 58 - RK.docx | ROSS-003286347-ROSS-003286348 |
| Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 131 F.3d 353 | 1.41E+03 | Education is core function of state government. | Is education a core function of the state government? | Education - Memo 1 - JS.docx | ROSS-003316738-ROSS-003316740 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Youst, 74 Ohio App. 381 | 207+5 | Sexual intercourse between a man and adopted daughter not of the blood of the man and wife adopting her does not constitute crime of incest. Gen.Code S 13023. | Is sexual intercourse between a man and his adopted daughter considered to be incest? | 001286.docx | LEGALEASE-00118520-LEGALEASE-00118521 |
| Lott v. Levitt, 469 F. Supp. 2d 575 | 237+6(1) | Under Illinois law, vague, unprovable statements and statements of opinion do not give rise to a defamation claim. | Do vague statements constitute defamation? | 001312.docx | LEGALEASE-00118497-LEGALEASE-00118498 |
| Owen v. Westwood Lumber Co., 22 F.2d 992 | 231H+3264 | State statutes, making it crime for employer to require employees to board at particular place or trade at particular store, held unconstitutional (Or. L. 2177, 2178; Const. U.S. Amend. 14). Or.L. 2177, 2178, making it a crime for an employer to compel by threats or intimidation, or threats to discharge, or using any means to compel an employee against his will to board at a particular hotel or purchase goods or supplies at any particular store, held invalid, as an unlawful interference with the liberty to contract, in violation of the Fourteenth Amendment. | Can an employer threaten any employee with loss of employment because of his membership in a labor organization? | 001398.docx | LEGALEASE-00118477-LEGALEASE-00118479 |
| Lingle v. Chevron U.S.A. Inc., 544 U.S. 528 | 148+122 | Where government requires owner to suffer permanent physical invasion of her property, however minor, it must provide just compensation. U.S.C.A. Const.Amend. 5. | Is a taking requiring just compensation a direct appropriation of physical property? | 001450.docx | LEGALEASE-00118616-LEGALEASE-00118617 |
| Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 131 F.3d 353 | 1.41E+03 | Education is core function of state government. | Is education a core function of the state government? | Education - Memo 1 - JS.docx | LEGALEASE-00006336-LEGALEASE-00006337 |
| Bass Enterprises Prod. Co. v. United States, 381 F.3d 1360 | 148+2.1 | Compensable taking may result when extraordinary delay in governmental decisionmaking occurs. U.S.C.A. Const.Amend. 5. | Does the governments delay in acquiring a property constitute a taking? | 001537.docx | LEGALEASE-00118977-LEGALEASE-00118978 |
| First Nat. Bank v. Adams, 123 Miss. 279 | 302+214(2) | A demurrer admits all facts well pleaded to be true, but does not admit the facts set forth in improper or illegal pleadings. | Will a demurrer admit facts well pleaded? | Pleading - Memo 58 - ANG.docx | ROSS-003285832-ROSS-003285833 |
| T.H. Rogers Lumber Co. v. McRea, 7 Ind. T. 468 | 302+7 | Under the express provisions of Mansf.Dig. S 5062 (Ind.T.Ann.St.1899, S 3267), presumptions of law need not be stated in pleading. | Should presumptions of law be pleaded? | Pleading - Memo 59 - ANG.docx | LEGALEASE-00006756-LEGALEASE-00006758 |
| Scarfone v. Marin, 442 So.2d 282 | 302+4 | Nature and character of pleading must be determined, not by its title, but by its contents and by actual issues in dispute. | Is the nature or character of a pleading determined from its content? | Pleading - Memo 43 - TH.docx | LEGALEASE-00006934-LEGALEASE-00006936 |
| Jaster v. Comet II Const., 438 S.W.3d 556 | 13+1 | A "suit" is any proceeding in a court of justice by which an individual pursues that remedy in a court of justice which the law affords him. (Per Boyd, J., with three justices concurring.) | What is a suit? | Action - Memo 4 - MS.docx | ROSS-003297276-ROSS-003297278 |
| Adelson v. Harris, 973 F. Supp. 2d 467 | 379+103 | Under New York law, "conduct-regulating rules," for choice-of-law purposes, are those governing conduct to prevent injuries from occurring, while "loss allocating rules" are those that prohibit, assign, or limit liability after tort occurs. | What law applies under choice of law rules in defamation cases? | 10823.docx | LEGALEASE-00081442-LEGALEASE-00081444 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Pub. Serv. Elec. & Gas Co.'s Rate Unbundling, Stranded Costs & Restructuring Filings, 330 N.J. Super. 65 | 145+11.3(1) | Board of Public Utilities' (BPU) decision authorizing electric utility to issue up to $2.525 billion of 15-year transition bonds, which represented $2.4 billion of the $2.94 billion net-of-tax stranded costs plus $125 million of transaction costs, and also allowing the anticipated taxes related to securitization to be collected through a separate market transition charge (MTC) tax over course of 15 years did not result in utility securitizing more than 75% of stranded costs allowed under Electric Discount and Energy Competition Act of 1999. N.J.S.A. 48:3-62, subd. c(1). | What are Stranded costs? | 002193.docx | LEGALEASE-00119325-LEGALEASE-00119326 |
| Cent. Lincoln People's Util. Dist. v. Stewart, 221 Or. 398 | 371+3490 | The definition of "corporation" as set forth in ORS 317.010(2) includes all corporations, municipal, quasi-municipal and private, and is broad enough to include a people's utility district furnishing electricity to customers so as to subject such district to an excise tax measured by its net income. ORS 308.505 to 308.730, 308.505(1), 308.515, 317.010(2), 317.074(1); Laws 1939, c. 343, ORS 306.090 et seq. | Is a people's utility district a quasi-municipal corporation? | Electricity - Memo 14 - JS.docx | ROSS-003287909-ROSS-003287910 |
| State v. Guess, 244 Conn. 761 | 203+509 | Supreme Court may, as matter of common law adjudication and absent adoption of Uniform Determination of Death Act or definition in Penal Code, define term "death," in tandem with medical science and technology as they have evolved in recent years, for purposes of Penal Code. C.G.S.A. S 1-1(a). | Can the court accept common law definition of death when there is no statutory definition? | Homicide - Memo 54 - JS.docx | LEGALEASE-00007539-LEGALEASE-00007540 |
| Lee v. Bankers Tr. Co., 166 F.3d 540 | 237+1.6 | Discouraging defamation is conduct-regulating as opposed to loss-allocating rule, and thus, under New York law, choice of law as to defamation claim is governed by situs of tort. | Is discouraging defamation a conduct regulating rule? | 002276.docx | LEGALEASE-00119275-LEGALEASE-00119277 |
| Schweihs v. Burdick, 96 F.3d 917 | 237+76 | After legislature shortened limitations period applying to prisoner's defamation claim, by abolishing tolling of prisoners' claims until their release, prisoner acted unreasonably in waiting 22 months after effective date of amendment before bringing defamation claim; delay was unreasonable, particularly where statute of limitations for defamation was only one year. S.H.A. 735 ILCS 5/13-201, 735 ILCS 5/13-211. | What is the statute of limitations for defamation as per state laws? | Libel and Slander - Memo 117 - JS.docx | LEGALEASE-00007571-LEGALEASE-00007572 |
| State v. Collins, 262 N.J. Super. 230 | 207+4 | Defendant who had intercourse with his natural daughter could be convicted of incest regardless of whether daughter was over 18 years old; age limitation for stepchildren and adopted children in statutory definition of descendant did not apply to a defendant's biological children. West's RCWA 9.94A.210(4), 9A.64.020(1, 3). | Does sexual relationship between father and natural daughter amount to incest? | Incest - Memo 42 - JS.docx | LEGALEASE-00007827-LEGALEASE-00007828 |
| Espy v. Bank of Cincinnati, 85 U.S. 604 | 8.30E+27 | Bank checks are not "bills of exchange" and laws applicable to bills of exchange may not be applicable to bank checks. | Are the same rules applicable to bank checks and bill of exchange? | Bills and Notes - Memo 14 - MS.docx | ROSS-003283126-ROSS-003283128 |
| Coal. For Fair & Equitable Regulation of Docks on Lake of the Ozarks v. F.E.R.C., 297 F.3d 771 | 145+10 | Arguments that were not raised in rehearing application before Federal Energy Regulatory Commission (FERC) were not reviewable by Court of Appeals, but equal protection contention that arguably was raised by petitioner's use of word "discriminatory" would be reviewed. U.S.C.A. Const.Amend. 5; Federal Power Act, S 313(b), as amended, 16 U.S.C.A. S 825l(b). | What was the purpose behind the enactment of the Federal Water Power Act? | 002379.docx | LEGALEASE-00119480-LEGALEASE-00119482 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Enbridge Pipelines (E. Texas) v. Gilbert Wheeler, 393 S.W.3d 921 | 115+217 | Trial court was required to instruct jury to determine whether property owner's damages were temporary or permanent, in owner's action alleging that pipeline company had committed trespass and breached contract governing right of way easement by destroying trees during preparation of easement area for construction of pipeline; owner could not recover damages for cost of replacement of trees without a finding that owner's damages were temporary, and owner could not recover damages for diminution of value without a finding that damages were permanent. Vernon's Ann.Texas Rules Civ.Proc., Rules 277, 278. | Can a party recover damages for both permanent and temporary damages in a single action? | Eminent Domain -Memo 92-VP.docx | ROSS-003284150-ROSS-003284151 |
| Crawford v. Cent. Neb. Pub. Power & Irr. Dist., 154 Neb. 832 | 148+146 | The distinction between general and special benefits conferred by a public work is that "general benefits" are those which arise from the fulfillment of the public object which justified the condemnation, and "special benefits" are those which arise from the peculiar relation of the land in question to the public improvement. | How are benefits resulting from public improvements where property is taken by condemnation classified? | Eminent Domain -Memo 99-VP.docx | LEGALEASE-00008152-LEGALEASE-00008153 |
| Vinings Jubilee Partners, Ltd. v. Vinings Dining, 266 Ga. App. 34 | 233+590 | In a commercial lease, the default provisions control. | Do the default provisions control in a commercial lease? | 001943.docx | LEGALEASE-00119672-LEGALEASE-00119673 |
| Fisher Flouring Mills Co. v. United States, 17 F.2d 232 | 25T+115 | Common-law arbitration held entirely supplanted by state statute. Rem.Comp.Stat.Wash. S 420 et seq. | Do state statutes supplant Common-law arbitration? | 002788.docx | LEGALEASE-00119723-LEGALEASE-00119724 |
| United States v. Piaza, 133 F. 998 | 166+11 | An information in extradition proceedings charging accused with "assault with intent to kill and murder" sufficiently brings the offense within article 10 of the treaty with Great Britain, authorizing extradition of persons charged with "assault with intent to commit murder." | Is unjustifiable killing considered murder? | 002858.docx | LEGALEASE-00119757-LEGALEASE-00119758 |
| Plotnik v. Meihaus, 208 Cal. App. 4th 1590 | 13+1 | A "primary right" is simply the plaintiff's right to be free from the particular injury suffered, and it must therefore be distinguished from the legal theory on which liability for that injury is premised. | What is a primary right? | Action - Memo 1 - ANG.docx | ROSS-003282258-ROSS-003282259 |
| Higgins v. Shenango Pottery Co., 99 F. Supp. 522 | 13+7 | Where plaintiff is entitled to relief in respect to the matter concerning which he sues, his motives are immaterial. | Is the plaintiffs motive in bringing an action material? | 002495.docx | LEGALEASE-00119995-LEGALEASE-00119996 |
| GMAC Mortg. v. Orcutt, 506 B.R. 52 | 366+26 | Under Vermont law, residential mortgage lender that, in connection with loan refinancing transaction, paid off prior loan on which its borrower and her husband were primarily liable did not pay off this prior loan as mere "volunteer," such that it was not barred from asserting right to be equitably subrogated to lien rights associated with mortgage loan that it paid off when its own mortgage lien was challenged based upon its failure to ensure that husband joined in signing mortgage. 27 V.S.A. S 141(a). | Is the application of equitable subrogation based on whether a lender paid another's debt? | 002532.docx | LEGALEASE-00119868-LEGALEASE-00119869 |
| Associated Int'l Ins. Co. v. Scottsdale Ins. Co., 862 F.3d 508 | 366+1 | Under Texas law, subrogation is the substitution of one party for another such that the new party may assert the rights of the substituted party. | What is subrogation? | 002553.docx | LEGALEASE-00120004-LEGALEASE-00120005 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Trampush, 552 B.R. 817 | 366+1 | Under Wisconsin law, the object of subrogation is to do substantial justice independent of form or contract relation between the parties. | What is the object of subrogation? | 14774.docx | LEGALEASE-00081968-LEGALEASE-00081969 |
| AJJ Enterprises, LLP v. Jean-Charles, 160 Conn. App. 375 | 366+1 | The object of legal or equitable subrogation is the prevention of injustice. | Is prevention of injustice the object of subrogation? | Subrogation - Memo 45 - RM.docx | LEGALEASE-00008852-LEGALEASE-00008853 |
| In re Saenz, 516 B.R. 423 | 366+1 | Texas courts interpret the doctrine of equitable subrogation liberally. | Do courts liberally apply the doctrine of equitable subrogation? | 002606.docx | LEGALEASE-00119957-LEGALEASE-00119958 |
| Ferguson v. Corinthian Colleges, 733 F.3d 928 | 360+18.15 | Under the Federal Arbitration Act (FAA), court may not apply any other state law that prohibits outright the arbitration of a particular type of claim. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act pre-empt contrary state laws? | 002686.docx | LEGALEASE-00120139-LEGALEASE-00120140 |
| Williams v. United States, 23 Ct. Cl. 46 | 316P+354 | Appointees to the offices of consul, consul general, and commercial agents of the United States are not entitled to the salaries thereof until they have taken such oath, and executed such bond as is required of them by law. | "Is it necessary for a consul before he receives his commission or enters upon the duties of his office, to give a bond?" | 002820.docx | LEGALEASE-00119862-LEGALEASE-00119863 |
| MSK EyEs Ltd. v. Wells Fargo Bank, Nat. Ass'n, 546 F.3d 533 | 237+23.1 | Exception to rule under Minnesota law requiring showing of publication by defendant to third party applies if plaintiff is compelled to publish defamatory statement to third person, and it was foreseeable to defendant that plaintiff would be so compelled. | Does defamation require publication to a third party to be actionable? | Libel and Slander - Memo 133 - JS.docx | ROSS-003299181-ROSS-003299182 |
| In re Klekunas' Estate, 56 Ill. App. 2d 70 | 221+176 | Consul is not personal agent of his national, absent some specific grant of authority. | Is a consul the personal agent of his national? | 003020.docx | LEGALEASE-00120535-LEGALEASE-00120536 |
| Tachiona v. United States, 386 F.3d 205 | 221+179 | Vienna Convention's protection of diplomats' "inviolability" of the person precludes service of process on persons entitled to diplomatic immunity, even where such persons are served on behalf of non-immune, separate entity. | Does inviolability principle preclude service of process on a diplomat? | 003028.docx | LEGALEASE-00120376-LEGALEASE-00120377 |
| Pagelsdorf v. Safeco Ins. Co. of Am., 91 Wis. 2d 734 | 233+531 | Modern-day apartment lease is regarded as a contract, not as a conveyance. | Is the modern day apartment lease regarded as a contract? | Landlord and Tenant - Memo 79 - ANG.docx | ROSS-003281688-ROSS-003281689 |
| Stepnes v. Ritschel, 771 F. Supp. 2d 1019 | 237+48(1) | Public figures are required to show a higher level of fault in defamation actions than private plaintiffs because public figures usually enjoy significantly greater access to the channels of effective communication and are thus better able to counter false statements and protect themselves from the harm caused by defamatory speech, and have voluntarily exposed themselves to increased risk of injury from defamatory falsehood concerning them. | Does the standard of fault in a defamation claim depend on the plaintiffs private or public status? | Libel and Slander - Memo 153 - RK.docx | ROSS-003308929-ROSS-003308930 |
| Stainton v. Tarantino, 637 F.Supp. 1051 | 289+935 | Dissension between partners, without more, is insufficient grounds under Pennsylvania law for judicial dissolution. 59 Pa.C.S.A. S 354(a)(6). | When is judicial dissolution of a partnership appropriate? | 003440.docx | LEGALEASE-00120648-LEGALEASE-00120649 |
| Loxahatchee River Envtl. Control Dist. v. Sch. Bd. of Palm Beach Cty., 496 So. 2d 930 | 92+3532 | Equal protection was not violated by statute exempting public school facilities from impact service availability fees imposed by publicly owned utility providers; exemption was rationally related to legitimate goal of keeping costs of public school construction within reasonable bounds. West's F.S.A. S 235.26(1); West's F.S.A. Const. Art. 1, S 2. | Is there an issue of equal protection when publicly owned utilities are not perceived as sharing a class with privately owned ones? | 003512.docx | LEGALEASE-00120394-LEGALEASE-00120395 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Chapman v. United States, 107 Fed. Cl. 47 | 148+2.2 | Government, when it lit backfires as part of wildfire containment efforts which ultimately destroyed privately-owned timber and other personal property, did not appropriate a benefit to itself at the expense of property owners or preempt owners' right to enjoyment of their property for an extended time, thereby precluding property owners' Fifth Amendment takings claims; any benefit inherent in property was lost through destruction, and government did not preempt owners' right of enjoyment because upon destruction, nothing remained to enjoy. U.S.C.A. Const.Amend. 5. | "If the Government was excessive in its destruction of property in the course of firefighting efforts, is the remedy found in tort or takings?" | 003129.docx | LEGALEASE-00120791-LEGALEASE-00120792 |
| Lingle v. Chevron U.S.A. Inc., 544 U.S. 528 | 148+122 | Where government requires owner to suffer permanent physical invasion of her property, however minor, it must provide just compensation. U.S.C.A. Const.Amend. 5. | What type of regulations are considered per se takings? | 003143.docx | LEGALEASE-00120809-LEGALEASE-00120810 |
| Nat'l Food & Beverage Co. v. United States, 103 Fed. Cl. 63 | 148+2.2 | United States' actions following Hurricanes Katrina and Rita, in entering private property, using land as staging area and transport route, and removing clay from property to repair and reconstruct damaged levees, constituted a "compensable taking" of the property, for purposes of owner's takings claim against the United States, despite government's contention that it was only entering land which had already been commandeered by local Parish; project to repair levees was a federal project, undertaken and financed by federal government which planned the repairs, sent a right-of-entry request to Parish, entered the land, removed the clay, and used the clay to reconstruct the levees, while local Parish commandeered over 36 acres of owner's property on behalf of federal government, it neither physically injured nor modified the property, and government intended to compensate owner in accordance with federal law and cooperation agreement. U.S.C.A. Const.Amend. 5. | What is a landowner entitled to receive for land taken for a public use? | Eminent Domain - Memo 148 - RK.docx | LEGALEASE-00010412-LEGALEASE-00010413 |
| Bane v. State, 587 N.E.2d 97 | 203+668 | Sudden heat is mitigator, rather than element of crime of voluntary manslaughter and, as such, once issue of sudden heat has been injected into case, burden is on state to negate its existence. West's A.I.C. 35-42-1-3, 35-42-1-3(b). | Is sudden heat considered as a mitigating factor in a prosecution for murder? | Homicide - Memo 102-RK.docx | LEGALEASE-00010420-LEGALEASE-00010421 |
| Steven H. v. Arizona Dep't of Econ. Sec., 218 Ariz. 566 | 209+134(4) | Indian Child Welfare Act (ICWA) does not require that requisite qualified expert testimony addressing the determination that the Indian child is at risk of future harm unless the child is removed from the parents' custody recite the specific language of ICWA, or that such testimony be expressed in a particular way; as long as the expert testimony addresses the likelihood of future harm, it will suffice. Indian Child Welfare Act of 1978, S 102(e), 25 U.S.C.A. S 1912(e). | How do courts construe Indian Child Welfare Act (ICWA)? | 05053.docx | LEGALEASE-00083757-LEGALEASE-00083758 |
| Martin v. Dial, 57 S.W.2d 75 | 289+856 | Surviving partner has same power as community survivor to sell partnership property to pay partnership debts and for that purpose is entitled to exclusive possession of assets. | Does a surviving partner have the duty to wind up the firms business? | Partnership - Memo 119 - RK.docx | LEGALEASE-00010511-LEGALEASE-00010512 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fortis Benefits v. Cantu, 234 S.W.3d 642 | 366+27 | The three varieties of subrogation-equitable, contractual, and statutory-represent three separate and distinct rights that, while related, are independent of each other. | Are there three varieties of subrogation? | 043600.docx | LEGALEASE-00121003-LEGALEASE-00121004 |
| Perry Educ. Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37 | 30+2 | Statutes authorizing appeals are to be strictly construed. | Whether Statutes authorizing appeals are to be strictly construed? | Appeal And Error - Memo 9 - BP.docx | ROSS-003283655-ROSS-003283656 |
| Bombardier Corp. v. Nat'l R.R. Passenger Corp., 333 F.3d 250 | 170B+3251 | In general, statutes authorizing appeals should be narrowly construed. | Whether Statutes authorizing appeals are to be strictly construed? | 008289.docx | LEGALEASE-00121573-LEGALEASE-00121574 |
| Palm Beach Cty. v. Tessler, 538 So. 2d 846 | 148+106 | Loss of most convenient access to one's property is not compensable through inverse condemnation where other suitable access continues to exist. | Is diminished access compensable if suitable access remains under the takings law? | 017392.docx | LEGALEASE-00121132-LEGALEASE-00121133 |
| Florida Rock Indus. v. United States, 18 F.3d 1560 | 148+2.1 | In determining whether compensable regulatory taking has occurred in situation in which regulation deprives owner of substantial part but not essentially all of economic use or value of property, court should undertake balancing of competing values and ask, in addition to whether there has been loss of economic use to property owner as result of regulatory imposition, such questions as: (1) whether government acted within its proper role, fairly and reasonably; (2) whether there are direct compensating benefits accruing to property, and others similarly situated, flowing from regulatory environment, or whether benefits, if any, are general and widely shared through community and society, while costs are focused on a few; and (3) whether there are alternative permitted activities economically realistic in light of setting and circumstances, and whether they are realistically available; in short, question is whether government has acted in responsible way, limiting constraints on property ownership to those necessary to achieve public purpose, and has not allocated to some number of individuals, less than all, burden that should be borne by all. U.S.C.A. Const.Amend. 5. | Can the takings claimant subdivide the parcel of property into what was taken and what was left for the purpose of demonstrating the taking of the former to be complete and compensable? | Eminent Domain - Memo 172 - GP.docx | ROSS-003284525-ROSS-003284526 |
| Allison v. Comm'n for Lawyer Discipline, 374 S.W.3d 520 | 46H+1004 | Attorney was not permitted to limit evidence to be brought before the trial court in attorney disciplinary proceeding by motion in limine, as trial was to the bench. | Is the purpose of a motion in limine to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission? | Pretrial Procedure - Memo # 59 - C - AP.docx | ROSS-003310393-ROSS-003310395 |
| Smith v. S. Union Gas Co., 58 N.M. 197 | 317A+102 | Public Utility Act requirement that administrative remedy be exhausted before resort is had to the courts is not repugnant to constitutional provision granting general jurisdiction to the District Courts except as elsewhere limited in Constitution. 1941 Comp. SS 72-301 et seq., 72-504, 72-814, 72-901 to 72-907; Const. art. 6, S 13. | Does the procedure of the Public Utility Act result in the deprivation or ouster of jurisdiction of the courts? | Public Utilities - Memo 86 - AM.docx | ROSS-003298876-ROSS-003298877 |
| State Farm Mut. Auto. Ins. Co. v. Wee, 196 N.W.2d 54 | 366+1 | Doctrine of subrogation applies only in equitable discretion. | Will doctrine of subrogation apply in equitable discretion? | Subrogation - Memo # 458 - C - NO.docx | ROSS-003310910-ROSS-003310912 |
| First Nat. Bank v. Plante, 60 N.D. 512 | 366+1 | Doctrine of subrogation will be applied only in equitable discretion. | Will doctrine of subrogation apply in equitable discretion? | 043677.docx | LEGALEASE-00121254-LEGALEASE-00121255 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United Carolina Bank v. Beesley, 663 A.2d 574 | 366+1 | Equitable subrogation doctrine requires court to weigh and balance equities of parties, and doctrine should not be invoked so as to work injustice, defeat legal right, overthrow superior or perhaps equal equity, or displace intervening right or title. | "Does subrogation stem from the equitable powers of the court, which must give due regard to the legal and equitable rights of others?" | 043728.docx | LEGALEASE-00121453-LEGALEASE-00121454 |
| Hill v. Cross Country Settlements, 402 Md. 281 | 366+1 | "Statutory subrogation" arises pursuant to a statute. | Does statutory subrogation arise pursuant to a statute? | Subrogation - Memo # 495 - C - NO.docx | ROSS-003295828-ROSS-003295829 |
| In re Flamingo 55, 378 B.R. 893 | 366+1 | "Statutory subrogation" occurs by virtue of a right created by statute. | Does statutory subrogation arise pursuant to a statute? | 043755.docx | LEGALEASE-00121546-LEGALEASE-00121547 |
| Falk v. Fannie Mae, 225 N.C. App. 685 | 366+1 | Subrogation is a consequence which equity attaches to certain conditions; it is not an absolute right, but one which depends on the equities and attending facts and circumstances of each case. | "Is equitable subrogation an absolute right, but one which depends on equities and attending facts and circumstances of each case?" | Subrogation - Memo # 512 - C - SU.docx | LEGALEASE-00011328-LEGALEASE-00011329 |
| In re Dudley, 502 B.R. 259 | 366+4 | Under Massachusetts law, a nonholder in possession of a non-negotiated negotiable instrument can acquire the rights of a holder through the common law doctrine of subrogation, which allows the payor on a debt to step into the shoes of the creditor vis-a-vis the party obligated to pay. M.G.L.A. c. 106, S 3-309. | Is a guarantor subrogated to creditor's rights once the guarantor has paid principal's obligation? | 044050.docx | LEGALEASE-00121461-LEGALEASE-00121462 |
| eBay v. Bidder's Edge, 100 F. Supp. 2d 1058 | 212+1217 | Owner of online auction site was likely to prevail on its California law trespass claim against online auction aggregating site, which was using programs to conduct automated searches of owner's site without authorization, for purpose of obtaining preliminary injunction; there was evidence that defendant's intentional conduct diminished quality or value of owner's computer systems. | "Can a trespasser be held liable when the trespass diminishes the condition, quality or value of the property?" | 047142.docx | LEGALEASE-00121266-LEGALEASE-00121267 |
| Bethesda Title & Escrow v. Gochnour, 197 Md. App. 450 | 30+9 | Review by an in banc court is a substitute or alternative for an appeal to the Court of Special Appeals. | Does an in banc review serve as a substitute for appeal? | 008148.docx | LEGALEASE-00121880-LEGALEASE-00121881 |
| Barker CATV Const. v. Ampro, 989 S.W.2d 789 | 30+5 | On restricted appeal, the reviewing court may not consider evidence unless it was before the trial court when it rendered judgment; restricted appeal directly attacks the judgment rendered. | Is a restricted appeal a direct attack on the judgment? | 008156.docx | LEGALEASE-00121936-LEGALEASE-00121937 |
| Hoffman Assocs. v. Snook, 112 N.J.L. 68 | 30+79(1) | Appeal lies only from final judgment, not only as to all issues, but as to all parties. | Can an appeal lie only from a final judgment? | 008165.docx | LEGALEASE-00122064-LEGALEASE-00122065 |
| Adams v. Adams, 166 So.3d 1066 | 8.30E+10 | Under Massachusetts law, the law applicable to a promissory note is the law of the place where the note is payable. | Which law is applicable when the promissory note becomes payable? | 009534.docx | LEGALEASE-00122317-LEGALEASE-00122318 |
| Kobey v. Hoffman, 229 F. 486 | 8.30E+12 | Whether note executed and payable in Missouri was negotiable, so as to be good in the hands of a bona fide purchaser, held governed by the law of Missouri. | Can a note be governed under the law where it was executed or performed? | 009561.docx | LEGALEASE-00122357-LEGALEASE-00122358 |
| City of Harrisonville v. McCall Serv. Stations, 2014 WL 705432 | 30+758.3(6) | Because a ruling on a motion in limine is interlocutory, and by itself preserves nothing for review, a point relied on that refers only to a ruling on a motion in limine is deficient; nevertheless, if the point does not impede disposition on the merits, the Court of Appeals may review the point. | Is a ruling in limine interlocutory and subject to change during trial? | 024021.docx | LEGALEASE-00121924-LEGALEASE-00121925 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Profits Plus Capital Mgmt. v. Podesta, 156 Idaho 873 | 30+3209 | The Supreme Court reviews the trial court's decision to grant or deny a motion in limine under an abuse of discretion standard; under that standard, the Court considers whether the district court's exercise of discretion was within the bounds of its authority, consistent with legal standards, and based on an exercise of reason. | Does the trial court have wide discretion when ruling on a motion in limine? | Pretrial Procedure - Memo # 415 - C - SB.docx | ROSS-003297296-ROSS-003297297 |
| Maxon v. Franklin Traffic Serv., 261 A.D.2d 830 | 13+61 | A tort cause of action does not accrue until an injury is sustained. | When does a tort cause of action accrue? | Action - Memo # 142 - C - CS.docx | ROSS-003310713-ROSS-003310714 |
| Robert E. Canty Bldg. Contractors v. Garrett Mach. & Const., 270 Ga. App. 871 | 13+61 | No person can bring an action until he has been actually damaged. | Can a person bring an action before he has been actually damaged? | Action - Memo # 154 - C - CS.docx | ROSS-003323169-ROSS-003323170 |
| In re Bounds, 495 B.R. 725 | 13+61 | Under Texas law, when act setting injury in motion is itself a completed wrong, such as an invasion of some personal or property right of plaintiff, the act and legal injury occur simultaneously, and cause of action "accrues" from time that act is committed, even though little, if any, actual damage occurs immediately upon commission of act. | Does harm to the plaintiff's legally protected interest need to be finally established for a cause of action to accrue? | Action - Memo # 37 - C - LK.docx | ROSS-003312927-ROSS-003312928 |
| Pascoag Reservoir & Dam v. Rhode Island, 217 F. Supp. 2d 206 | 148+2.17(1) | Record owner of reservoir alleged sufficient facts to make out a federal takings claim where it alleged that state had acquired title to a portion of the bottom of the reservoir and an easement by prescription on behalf of the public to use the reservoir for recreational purposes; because of the State's actions, State wiped out all of owner's economically beneficial use of the property and impressed a private individual into service to provide the public unrestricted use of private property. U.S.C.A. Const.Amend. 5. | Should a private owner bring an inverse condemnation action for public use of private property within a specified period of time? | 017461.docx | LEGALEASE-00122617-LEGALEASE-00122618 |
| Holy Land Found. for Relief & Dev. v. Ashcroft, 219 F. Supp. 2d 57 | 148+2.2 | Blocking of Muslim charitable foundation's assets by Office of Foreign Asset Control (OFAC) under International Emergency Economic Powers Act (IEEPA) did not constitute taking of foundation's property without just compensation, as would violate foundation's Fifth Amendment rights, since blocking was temporary deprivation that did not vest assets in government. U.S.C.A. Const.Amend. 5.; International Emergency Economic Powers Act, S 202 et seq., 50 U.S.C.A. S 1701 et seq. | Does a temporary blocking of assets constitute taking? | Eminent Domain - Memo 212 - GP.docx | LEGALEASE-00012835-LEGALEASE-00012836 |
| United States v. Ushi Shiroma, 123 F. Supp. 145 | 221+139 | Sovereignty over a territory may be transferred by an agreement of cession. | Can sovereignty over a treaty be transferred by an agreement of cession? | International Law - Memo # 26 - C - LK.docx | ROSS-003282273-ROSS-003282274 |
| People v. Stevenson, 12 N.E.3d 179 | 110+632(4) | Motions in limine are used to bring the trial court's attention to potentially irrelevant, inadmissible, or prejudicial evidence and obtain a pretrial order from the court excluding or permitting the evidence. | Is an unclear order in limine worse than no order at all; and even if the court concludes that the evidence is inadmissible does it has the discretion to deny the motion in limine before trial? | 034653.docx | LEGALEASE-00122680-LEGALEASE-00122682 |
| People v. Minor, 28 Misc. 3d 278 | 368+3 | The law does not permit a person to consent to his own murder, and such consent does not transform an active killing of another into a suicide. | Does the law permit a person to consent to his own murder? | 044475.docx | LEGALEASE-00122705-LEGALEASE-00122706 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Brown v. Shock, 27 Mo. App. 351 | 13+61 | An action cannot be maintained on a debt not due at the commencement of the action. | Can an action be maintained on a debt not due at the commencement of the action? | Action - Memo #  218 - C - NO.docx | ROSS-003323890-ROSS-003323891 |
| Granite Beach Holdings v. State ex rel. Dep't of Nat. Res., 103 Wash. App. 186 | 148+266 | There can be no inverse condemnation if no property right exists. West's RCWA Const. Art. 1, S 16. | Can there be inverse condemnation if no property right exists? | Eminent Domain - Memo 223 - GP.docx | ROSS-003285187-ROSS-003285188 |
| Casa de Cambio Comdiv S.A. de C.V. v. United States, 48 Fed. Cl. 137 | 148+2.1 | A "physical taking" occurs when the government seizes property; by contrast, a "regulatory taking" occurs when the government imposes a condition on private property that limits or prohibits any beneficial use thereof by the private owner. | Under what category of takings does the government seizes property? | Eminent Domain - Memo 224 - GP.docx | ROSS-003285539-ROSS-003285541 |
| New York Land Co. v. Republic of Philippines, 634 F. Supp. 279 | 221+342 | Act-of-state doctrine demands case-by-case analysis. | Does the act-of-state doctrine demand case-by-case analysis? | International Law - Memo # 433 - C - MLS.docx | ROSS-003283314-ROSS-003283315 |
| Pickles v. Anton, 49 N.D. 47 | 249+60(2) | In an action for malicious prosecution of an inquisition of lunacy, the personal relations previously existing between the parties may be shown for the purpose of showing malice of defendant. | Is evidence of the previous relations of the parties admissible in an action for malicious prosecution? | 021120.docx | LEGALEASE-00125152-LEGALEASE-00125153 |
| Mellor v. Lawyer, 55 Ill.App. 679 | 289+823 | An incoming partner is not liable for the previous debts of the concern, unless he makes himself so by express agreement, or by such conduct as will raise the presumption of a special promise. | Is an incoming partner liable for debts of old firm? | 021925.docx | LEGALEASE-00124736-LEGALEASE-00124738 |
| Profits Plus Capital Mgmt. v. Podesta, 156 Idaho 873 | 30+3209 | The Supreme Court reviews the trial court's decision to grant or deny a motion in limine under an abuse of discretion standard; under that standard, the Court considers whether the district court's exercise of discretion was within the bounds of its authority, consistent with legal standards, and based on an exercise of reason. | Does the trial court have broad discretion in ruling on a motion in limine? | 024281.docx | LEGALEASE-00124719-LEGALEASE-00124720 |
| Kelly v. New W. Fed. Sav., 49 Cal. App. 4th 659 | 307A+3 | Motions in limine permit more careful consideration of evidentiary issues than would take place in heat of battle during trial, minimize side-bar conferences and disruptions during trial and allow for uninterrupted flow of evidence and, by resolving potentially critical issues at outset, enhance efficiency of trials and promote settlements. | "Although in limine motions are typically brought at the beginning of trial, may they also be brought during trial when evidentiary issues are anticipated by the parties?" | 030676.docx | LEGALEASE-00124743-LEGALEASE-00124744 |
| Stennis v. Rekkas, 233 Ill. App. 3d 813 | 307A+3 | Motions and orders in limine should be clearly and specifically outlined in writing; order in limine, like any other interlocutory order, is subject to reconsideration by court throughout trial. | Should both the motion in limine and the resulting order be in writing? | 037143.docx | LEGALEASE-00125367-LEGALEASE-00125368 |
| Teleconnect Co. v. US W. Commc'ns, 508 N.W.2d 644 | 372+857 | Agreement between two telephone service companies was subject to "filed tariff doctrine" so one company could not pursue contract and tort claims against second company after second company refused to sell particular services to first company, in accordance with publicly filed tariff; claims against second company had to be pursued in accordance with public utility tariff scheme. I.C.A. SS 476.1, 476.4. | Should every public utility keep copies of its tariffs filed by them open to inspection under prescribed rules? | 042298.docx | LEGALEASE-00125431-LEGALEASE-00125432 |
| State Farm Mut. Auto. Ins. Co. v. Du Page Cty., 2011 IL App (2d) 100580 | 366+1 | Equitable subrogation is a remedial device that prevents unjust enrichment. | What is the doctrine of equitable subrogation designed to prevent? | Subrogation - Memo 1013 -- C- CAT.docx | ROSS-003309478-ROSS-003309479 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Alston v. State, 177 Md. App. 1 | 203+527 | An intent to murder means an intent to kill with malice. | Does intent to murder means intent to kill with malice? | Homicide - Memo 163 - VG.docx | ROSS-003299574-ROSS-003299575 |
| Cogent Pub. Serv. v. Arizona Corp. Comm'n, 142 Ariz. 52 | 268+712(9) | Sole issue raised by sewer utility in its application for rehearing following determination of its rate base was lawfulness of State Corporation Commission's "generic" decision to exclude from that rate base any contributions in aid of construction, although utility contended otherwise; therefore, jurisdiction of superior court was limited solely to consideration of lawfulness of that exclusion. A.R.S. S 40-253, subd. C. | Can the interests of the public service corporation stockholders overshadow those of the public served? | 042314.docx | LEGALEASE-00125666-LEGALEASE-00125667 |
| Commissioners of Bristol Cty. Mosquito Control Dist. v. State Reclamation & Mosquito Control Bd., 466 Mass. 523 | 361+1155 | Although statutory language is to be construed as written, in keeping with its plain meaning, the language is not to be read in isolation, but when the meaning of a statute is brought into question, a court properly should read other sections and should construe them together. | How must statutory language be construed? | Agriculture - Memo 25 - SB.docx | ROSS-003313518-ROSS-003313519 |
| Correll v. Ohio Bell Tel. Co., 63 Ohio App. 491 | 372+914(2) | Where telephone company filed with the state public utilities commission, as required by statute, a schedule providing a limit of liability for errors or omissions in telephone directory listings, company was not liable because of breach of contract for damages to subscriber whose name was omitted, except to the limit set forth in the schedule. Gen.Code, S 614-16. | Should a public utility regulated in all operations with necessary curtailment of its rights be limited as to its liabilities? | 042339.docx | LEGALEASE-00125850-LEGALEASE-00125851 |
| Boydstun v. Pearson, 239 Miss. 479 | 13+62 | A right of action must be complete when an action therefor is commenced. | Should a right of action be complete when an action is commenced? | Action memo# 300 C-PC.docx | ROSS-003300053-ROSS-003300054 |
| In re Bounds, 495 B.R. 725 | 13+61 | Under Texas law, when act setting injury in motion is itself a completed wrong, such as an invasion of some personal or property right of plaintiff, the act and legal injury occur simultaneously, and cause of action "accrues" from time that act is committed, even though little, if any, actual damage occurs immediately upon commission of act. | "Does the ""accrual of a cause of action"" gives the right to institute and maintain a suit?" | 006513.docx | LEGALEASE-00126254-LEGALEASE-00126255 |
| United States v. McDonnell, 64 F. Supp. 3d 783 | 63+1(2) | For purposes of federal bribery statute,"official action" is conduct that is taken as part of public official's position, whether pursuant to explicit duty or as matter of clearly established settled practice. 18 U.S.C.A. S 201(a)(3). | "For purposes of federal bribery statute, what is an official action?" | 011061.docx | LEGALEASE-00126088-LEGALEASE-00126090 |
| Rural Tel. Co. Coal. v. Pub. Util. Comm'n, 941 A.2d 751 | 372+855 | Public Utility Commission's decision to grant applicant's request for certificate of public convenience to provide competitive residential and business telecommunication services throughout the service territories of rural local exchange carriers (RLEC) was supported by substantial evidence showing that applicant was a facilities-based local exchange service, and, although applicant's service consisted of offering transmission path and local numbering services to Internet Service Providers (ISPs) to facilitate the ISPs offering of dial-up access to the internet, the transmission path needed to provide internet service was a telecommunication service under federal and state law. 66 Pa.C.S.A. SS 102, 1102, 1103, 3012, 3019. | What is the test for determining whether utility services are being offered to the public? | 042376.docx | LEGALEASE-00126323-LEGALEASE-00126325 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Branche v. Com., 25 Va. App. 480 | 110+37.10(2) | Evidence that police conducted sting operations due to complaints about male homosexuals soliciting in restrooms and that female undercover officers had never been utilized to target female homosexual offenders was insufficient to show purposeful discrimination against homosexual men, as required to support allegation of selective enforcement of criminal solicitation and sodomy statutes, absent evidence that similarly situated females were engaging in similar criminal behavior and could have been targeted and prosecuted. Code 1950, SS 18.2-29, 18.2-346. | When will a person be subject to prosecution for felony criminal solicitation? | 042934.docx | LEGALEASE-00126256-LEGALEASE-00126257 |
| Keiser v. J. Wiss & Sons Co., 340 F. Supp. 41 | 13+63 | Mere passage of time does not constitute laches. | Does the mere passage of time constitute laches? | Action - Memo # 750 - C - NS.docx | ROSS-003299973-ROSS-003299975 |
| Duke v. Sun Oil Co., 320 F.2d 853 | 8.30E+04 | Law of negotiable instruments is an outgrowth of the law merchant. | Is the law of negotiable instruments an outgrowth of the law merchant? | Bills and Notes - Memo 98 - ANG.docx | ROSS-003311911-ROSS-003311912 |
| Akbarnia v. Deming, 845 F. Supp. 788 | 227+36 | Psychologists conducting court-ordered evaluations were entitled to judicial function immunity under Kansas Tort Claims Act (KTCA); psychologists exercised considerable discretion while performing their evaluations. K.S.A. 60-1615, 75-6104(b). | Are judicial functions distinguished from ministerial acts? | 013436.docx | LEGALEASE-00126764-LEGALEASE-00126765 |
| State ex rel. Harvey v. Second Judicial Dist. Court, 117 Nev. 754 | 79+1 | District court clerk was a "judicial office," and therefore a district court's assumption of the operation of court clerk's office did not violate separation of powers doctrine of State Constitution, regardless of constitutional provision making county clerk the ex officio clerk of district court in his or her district. Const. Art. 3, S 1, subd. 1; Art. 4, S 32. | Is the office of the clerk of the Supreme Court a constitutional one? | 013483.docx | LEGALEASE-00126806-LEGALEASE-00126807 |
| Baker v. Peace, 172 S.W.3d 82 | 119+55 | Once dedicated, the owner of the land reserves no rights that are incompatible with the full enjoyment of the public. | What does the term dedication imply under the taking laws? | 017607.docx | LEGALEASE-00126383-LEGALEASE-00126384 |
| Kelley v. Mallory, 202 Or. 690 | 302+8(1) | Conclusion of law in pleading is not issuable, requires no denial, does not aid the pleading, and amounts to a nullity. | Are conclusions of law issuable? | Pleading - Memo 195 - RMM.docx | ROSS-003286644-ROSS-003286645 |
| Yellen v. Cooper, 828 F.2d 1471 | 170A+759 | Waiver, like immunity, is affirmative defense that must be affirmatively pleaded. Fed.Rules Civ.Proc.Rule 8(c), 28 U.S.C.A. | Should waiver be affirmatively plead? | 023984.docx | LEGALEASE-00126716-LEGALEASE-00126717 |
| Northlake Marine Works v. City of Seattle, 70 Wash. App. 491 | 148+2.3 | City's agreement with private developers to transfer its interest in southern half of railroad right-of-way in return for perpetual easement over portion of property for public trail was not inverse condemnation on ground that city purportedly dispensed with normal land use regulations and procedures, where, although agreement did contain provisions granting development credit to developers, there was no evidence that future developments would deviate from standards required by law. West's RCWA Const. Art. 1, S 16. | Does a regulation effect a taking of private property if it does not substantially advance legitimate state interests? | 017680.docx | LEGALEASE-00127286-LEGALEASE-00127287 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Mann, 462 F. Supp. 933 | 349+164 | Defendants, charged with conspiring to import marijuana into United States and conspiring to possess marijuana with intent to distribute in United States, had no reasonable expectation of privacy in Mexican waters, even if they had been in Mexican territorial waters, and they had no "possessory interest" of any kind in Mexican contiguous waters or Mexican territorial sea, and thus they had no standing to complain of Coast Guard's search, seizure and arrest of vessel in question, even if they were located within Mexican territorial sea and certainly when they were merely located within Mexican contiguous waters by testimony of their own witness, codefendant. U.S.C.A.Const. Amend. 4. | "Does the United States exercise plenary power over the territorial sea, subject to the requirement that the passage of foreign vessels may not be interfered with unreasonably?" | 019874.docx | LEGALEASE-00127044-LEGALEASE-00127045 |
| Mellor v. Lawyer, 55 Ill.App. 679 | 289+823 | An incoming partner is not liable for the previous debts of the concern, unless he makes himself so by express agreement, or by such conduct as will raise the presumption of a special promise. | Is an incoming partner liable for debts incurred prior to his entering the partnership? | 021928.docx | LEGALEASE-00127247-LEGALEASE-00127249 |
| Allstate Amusement Co. of Illinois v. Pasinato, 96 Ill. App. 3d 306 | 212+1546 | Preliminary injunctive relief is such an extraordinary remedy that plaintiff must plead facts which clearly establish that the remedy is necessary. | Are conclusory allegations sufficient for granting injunctive relief? | 023074.docx | LEGALEASE-00127026-LEGALEASE-00127027 |
| Andrews Indus. v. Andrews, 14 Conn. Supp. 305 | 302+210 | A speaking demurrer is improper since no allegation of fact is permissible in a demurrer. | Are speaking demurrers improper? | 023097.docx | LEGALEASE-00127141-LEGALEASE-00127142 |
| Rural Elec. Co. v. State Bd. of Equalization, 57 Wyo. 451 | 371+3666 | In order that an owner of an electric plant may be said to be a "public utility", its property must be devoted to public use. | Is the determination of whether a plant or system is a public utility based on whether the public may enjoy it by right or by permission only? | 042430.docx | LEGALEASE-00127003-LEGALEASE-00127006 |
| Nestel v. Future Const., 836 N.E.2d 445 | 366+35 | Negligence and breach of contract do not supersede a waiver of subrogation. | Does negligence supersede a waiver of subrogation? | Subrogation - Memo # 1076 - C - KG.docx | ROSS-003298823-ROSS-003298824 |
| St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply, 317 F. Supp. 2d 33 | 366+35 | Waiver of subrogation clauses are valid under New York law. | Are waiver of subrogation clauses valid? | 043514.docx | LEGALEASE-00127149-LEGALEASE-00127150 |
| H. O. Canfield Co. v. United Const. Workers, 136 Conn. 293 | 13+65 | The right to an injunction is to be determined as of the time of the hearing. | Is the right to an injunction to be determined as of the time of the hearing? | Action - Memo # 704 - C - NE.docx | ROSS-003299288-ROSS-003299289 |
| Alley v. Alley, 137 Ga. App. 256 | 13+63 | Doctrine of laches has no application as defense to action at law. | Is laches not a defense in action at law? | 006092.docx | LEGALEASE-00127720-LEGALEASE-00127721 |
| Dillard v. Brown, 652 F.2d 316 | 92+2501 | Claims of sex discrimination and violation of constitutional right of privacy brought by female enlistee who was discharged from New Jersey National Guard pursuant to a regulation forbidding enlistment of single parent with minor, dependent children, were justiciable, in that although under Constitution operation of the military is vested in Congress and the Executive, Constitution does not prevent a federal court from entertaining an appropriate constitutional claim brought against the military. AR 601-210; U.S.C.A.Const. Art. 1, S 8, cls. 1, 12, 14, 16; Art. 2, S 2, cl. 1. | Does the Constitution expressly commit issues concerning operation of the military to Congress and the President? | Armed Forces - Memo 2 - RK.docx | LEGALEASE-00017492-LEGALEASE-00017493 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mathis v. U.S.I. Properties, 894 S.W.2d 278 | 350H+1263 | "Burglary," as predicate violent felony offense for 15-year mandatory minimum sentence under Armed Career Criminal Act (ACCA), means a crime containing the following elements: an unlawful or unprivileged entry into a building or other structure, with intent to commit a crime. 18 U.S.C.A. S 924(e)(1), (e)(2)(B)(ii). | Is an unlawful entry into a building or property a burglary? | Burglary - Memo 1 - RK.docx | ROSS-003290044-ROSS-003290045 |
| White v. State, 132 Ga. App. 62 | 67+3 | Crime of burglary does not contain two separate and distinct subcrimes, and instead, the intent to commit some crime, be it a felony or misdemeanor, is simply an element of the crime of burglary. West's A.M.C. S 97-17-23(1). | Does burglary contain separate sub crimes? | Burglary - Memo 13 - RK.docx | ROSS-003286461-ROSS-003286462 |
| State v. Blake, 882 So. 2d 1187 | 110+273(4.1) | Felony possession of stolen property was not responsive verdict to charge of simple burglary, and thus, State was required to amend information or file new bill before trial court could accept defendant's guilty plea to possession of stolen property, where burglary did not require proof of stolen property and thus possession of stolen property was not a lesser included offense. LSA-C.Cr.P. arts. 558, 814, subd. A, par. 44. | Does simple burglary require proof of possession of stolen goods? | Burglary - Memo 15 - RK.docx | LEGALEASE-00017516-LEGALEASE-00017517 |
| Gonzales v. State, 1992 WL 105715 | 67+2 | The actual commission of the offense of theft is not a prerequisite to the commission of burglary; rather, the unlawful entry with the intent to commit theft (or a felony) is the required element which must be alleged and proved. V.T.C.A., Penal Code, SS 30.02, 31.03. | Does burglary require a theft to be committed? | Burglary - Memo 5 - RK.docx | LEGALEASE-00017531-LEGALEASE-00017532 |
| Unified Sch. Dist. No. 380, Marshall Cty. v. McMillen, 252 Kan. 451 | 1.41E+36 | Statute providing that due process hearing committee's decision with respect to tenured school teacher in employment dispute relating to nonrenewal of teacher's contract is final, subject to appeal to district court, does not unconstitutionally impinge on state board of education's general supervisory authority; hiring and firing of teachers and employees in local school district is not part of supervisory duty of state board of education, and is duty best administered by local authorities within statutory framework adopted by legislature. K.S.A. 72-5443; K.S.A. Const. Art. 6, S 2(a). | Does legislature have carte blanche over the duties and actions of local school boards? | Education - Memo # 32 - C - SU.docx | ROSS-003313427-ROSS-003313428 |
| State ex rel. Ross v. Bd. of Ed. of City of Beloit, 177 Kan. 540 | 1.41E+30 | The legislature has full control over schools and school property. | Does the legislature have full control over schools and school property? | Education - Memo # 44 - C - SU.docx | LEGALEASE-00017584-LEGALEASE-00017586 |
| Daszkiewicz v. Bd. of Ed. of City of Detroit, 301 Mich. 212 | 1.41E+30 | Education is a subject of governmental concern and activity. | Is education a subject of governmental concern and activity? | 016910.docx | LEGALEASE-00127656-LEGALEASE-00127657 |
| State ex rel. Missouri Highway & Transp. Comm'n v. Turner, 857 S.W.2d 293 | 148+2.2 | Abandonment of condemnation after payment of commissioners' award does not constitute an unconstitutional taking so long as condemnor abandons before taking possession of the property. | "If possession of the property is not taken at or prior to the institution of condemnation proceedings, can the proceedings be abandoned at any time before the actual acceptance of the property and payment?" | 017684.docx | LEGALEASE-00127317-LEGALEASE-00127318 |
| Poorbaugh v. United States, 27 Fed. Cl. 628 | 148+2.2 | United States' publication of maps inadvertently indicating public ownership of plaintiffs' land did not rise to the level of a taking, absent evidence indicating that plaintiffs were deprived of any tangible interest in their property. U.S.C.A. Const.Amend. 5. | "Does mere indication of ownership, without more, rise to the level of a taking?" | 017688.docx | LEGALEASE-00127348-LEGALEASE-00127349 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Certain Parcels of Land, 215 F.2d 140 | 148+68 | Once it is administratively determined that property is to be taken for a public use, a United States court ordinarily will not review the reasonableness of the government's decision as to the time of taking or the period which must elapse before the property is utilized solely for a public activity. 40 U.S.C.A. S 257. | Is the judgement as to the proper time of taking to be that of the government official to whom the exercise of the power of eminent domain has been delegated by Congress? | 017703.docx | LEGALEASE-00127590-LEGALEASE-00127591 |
| Sec. Ins. Co. of New Haven-The Connecticut Indem. Co. v. Mangan, 250 Md. 241 | 366+41(6) | In any subrogation case burden of proving entitlement is on subrogee. | Should a subrogee prove that he is entitled to relief by subrogation? | 043422.docx | LEGALEASE-00127684-LEGALEASE-00127685 |
| Old Kent Bank-Se. v. City of Detroit, 178 Mich. App. 416 | 366+35 | Defaulting contractor's surety did not lose its ability to assert equitable subrogation by perfecting security interest. | Can a surety waive its right to assert equitable subrogation by perfecting an assignment of accounts? | 043449.docx | LEGALEASE-00127754-LEGALEASE-00127755 |
| Voge v. Anderson, 181 Wis. 2d 726 | 366+41(6) | Assignment of claim by means of subrogation is not automatic; party that wants to impose subrogation has burden of proving it. | Is the assignment of claim by means of subrogation automatic? | Subrogation - Memo # 1235 - C - CK.docx | ROSS-003313968-ROSS-003313969 |
| Behr v. Hook, 173 Vt. 122 | 366+35 | Waiver-of-subrogation provision in new home construction contract did not violate public policy, although property owners alleged gross, as opposed to ordinary, negligence on part of subcontractor. | Does a waiver-of-subrogation provision violate public policy? | 043567.docx | LEGALEASE-00127598-LEGALEASE-00127599 |
| Gort v. Gort, 185 So. 3d 607 | 257A+137.1 | Settlement agreement, which required older brother to voluntarily dismiss a petition to determine younger brother's incapacity, and required younger brother and cousin to provide older brother with notice of the younger brother's medical events, copies of his financial statements, and the deed to his house, did not violate state law or public policy, even though no adjudicatory hearing was held, and the three-member examining committee found younger brother to be incapacitated and lacking the capacity to contract, where the guardianship and probate rules did not prohibit a party voluntarily dismissing a petition to determine incapacity, or mandate an adjudicatory hearing. West's F.S.A. S 744.331(1-3). | "Can a party voluntarily dismiss any claim, and does such a dismissal deprive the court of jurisdiction over the subject matter of the claim dismissed?" | Pretrial Procedure - Memo # 935 - C - SHS.docx | LEGALEASE-00018203-LEGALEASE-00018204 |
| Wilcox v. Orellano, 443 Md. 177 | 307A+512 | Plaintiff may voluntarily dismiss a complaint in one of three ways: by a notice of dismissal, by a stipulation of dismissal, or by court order. Md.Rule 2-506. | Can a plaintiff voluntarily dismiss a complaint by filing a simple notice of dismissal before the defendant has answered the complaint? | 038995.docx | LEGALEASE-00128211-LEGALEASE-00128212 |
| Bonds v. State, 296 Ark. 1 | 211+1658 | State's failure to include in rape and incest informations the date on which offenses occurred did not render informations inadequate to notify defendant of charges against him in violation of his Sixth Amendment right and State constitutional right; time was not essential element of rape or incest, and State informed defendant that rape for which he was charged took place within three years immediately preceding filing of original information and that acts of incest for which he was charged took place within statute of limitations. U.S.C.A. Const.Amend. 6; Const. Art. 2, S 10. | Is time an essential element of rape? | Sex Offence - Memo 60 - SB.docx | ROSS-003290135-ROSS-003290136 |
| In Matter of CUA Autofinder, 387 B.R. 906 | 366+35 | Under Georgia law, whether right of subrogation has been waived is question of intention. | Is the question of whether the right of subrogation has been waived a question of intention? | 043172.docx | LEGALEASE-00128514-LEGALEASE-00128515 |
| Skulskie v. Ceponis, 404 N.J. Super. 510 | 366+35 | Right of subrogation may be waived or limited by agreement. | Can the right of subrogation be waived or limited by agreement? | 043208.docx | LEGALEASE-00128559-LEGALEASE-00128560 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| RLI Ins. Co. v. S. Union Co., 341 S.W.3d 821 | 366+35 | Natural gas utility could seek protection under waiver of subrogation clause in contract between construction contractor and owner of hog plant that was partially destroyed in natural gas explosion while it was under construction; utility was included within the identifiable class of persons covered by the waiver of subrogation provision, utility's activities in provision of gas distribution line and necessary metering and regulatory equipment fell within the plain, ordinary, and common sense meaning ascribed contractual phrase "construction or operations related to" the project, provision of a gas service line to the plant was essential to the plant's ultimate operation, and utility could not have transported natural gas to the plant without undertaking these construction activities. | Does a waiver of subrogation in a contract reduce litigation by preventing claims? | 043218.docx | LEGALEASE-00128356-LEGALEASE-00128357 |
| New Hampshire Ins. Co. v. Mora, 500 S.W.3d 332 | 366+35 | Subrogation rights may be waived or altered by contract. | Can common law subrogation rights be waived by contract? | Subrogation - Memo # 1150 - C - VA.docx | ROSS-003300453-ROSS-003300455 |
| Anglo California Nat. Bank of San Francisco v. Lazard, 106 F.2d 693 | 13+63 | The doctrine of laches is not applicable to an action at law. | Is the doctrine of laches not applicable to an action at law? | 006171.docx | LEGALEASE-00128686-LEGALEASE-00128687 |
| J.J. Ryan & Sons v. Rhone Poulenc Textile, S.A., 863 F.2d 315 | 221+221 | Foreign Sovereign Immunities Act provision conferring jurisdiction on district court over civil actions against "foreign state" did not preclude reference to arbitration of importer's claims arising in connection with distribution contract with producer whose majority shareholder was French government, and district court was otherwise authorized to determine whether parties contracted to arbitrate their disputes. 9 U.S.C.A. SS 201, 206; 28 U.S.C.A. SS 1330, 1603(a, b); Convention on the Recognition and Enforcement of Foreign Arbitral Awards, Art. II, subd. 3, 9 U.S.C.A. S 201 note. | How do courts decide whether an arbitration agreement encompasses a dispute? | 007279.docx | LEGALEASE-00128825-LEGALEASE-00128826 |
| The Eros, 241 F. 186 | 354+34 | The effect of an arbitration clause in a charter party is to be determined by the law of the forum. | Can an arbitration clause be considered as a remedy and not as a right of the parties? | 007286.docx | LEGALEASE-00128840-LEGALEASE-00128841 |
| Bank of Commerce & Sav. v. Randell, 107 Neb. 332 | 83E+402 | The provision of the Negotiable Instruments Law that an instrument is negotiated by delivery if payable to bearer while if payable to order it is negotiated by endorsement of holder completed by delivery was not intended to include all the ways in which the instrument might be negotiated. Rev.St.1913, S 5348. | When is an instrument negotiated? | Bills and Notes - Memo 155 - RK.docx | ROSS-003314253-ROSS-003314254 |
| Loan Modification Group v. Reed, 694 F.3d 145 | 289+924 | Under Massachusetts law, an at-will partnership can be dissolved by any partner at any time. | Can a partnership at will be dissolved at any time? | 021975.docx | LEGALEASE-00128897-LEGALEASE-00128899 |
| Fightmaster v. Leffler, 556 S.W.2d 180 | 289+674(1) | One partner is bound by the knowledge of another, bound by his wrongful and fraudulent acts, and bound by his breach of trust. KRS 362.205-362.220. | Is a partnership bound by a partners breach of trust? | 021989.docx | LEGALEASE-00128913-LEGALEASE-00128914 |
| Southworth v. Marion Twp. Bd. of Trustees, 63 N.E.3d 449 | 200+77(9) | Statute governing appeals in county road cases authorized appeal from deemed vacation of road based on county commissioners' failure to vote on township trustees' petition for proposed vacation of portion of township road. R.C. S 5563.02. | Does a board of township trustees have the authority to vacate a township road? | 018714.docx | LEGALEASE-00129028-LEGALEASE-00129029 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Marriage of Lafkas, 153 Cal. App. 4th 1429 | 30+22 | Appellate jurisdiction cannot be created by consent, waiver, or estoppel. | Can appellate jurisdiction be invoked by waiver or consent of the parties? | Appeal and error - Memo 68 - RK.docx | LEGALEASE-00019043-LEGALEASE-00019044 |
| In re Marriage of Mackin, 391 Ill. App. 3d 518 | 30+21 | A party cannot consent to or waive appellate jurisdiction. | Can a party consent to or waive appellate jurisdiction? | Appeal and error - Memo 70 - RK.docx | LEGALEASE-00019047-LEGALEASE-00019049 |
| Mahach-Watkins v. Depee, 593 F.3d 1054 | 170B+3258 | The Court of Appeals generally requires a cross-appeal when a prevailing party seeks to enlarge her substantive rights on appeal. | When is a cross-appeal required? | Appeal and error - Memo 74 - RK.docx | LEGALEASE-00019054-LEGALEASE-00019055 |
| Buchanan v. Boyd's Ex'r, 131 Ky. 432 | 30+334(4.1) | Decedent's real representatives are necessary parties to an appeal from a judgment awarding him land. | Are a decedent's representatives necessary parties to an appeal? | 008285.docx | LEGALEASE-00129595-LEGALEASE-00129596 |
| Marshall v. Cliett, 97 Fla. 11 | 302+8(1) | Conclusions of law will not warrant relief in equity. | Can conclusions of law warrant relief in equity? | 023125.docx | LEGALEASE-00129405-LEGALEASE-00129406 |
| Cent. Bank of W. Lebanon v. Martin, 70 Ind. App. 387 | 302+204(3) | If a pleading be good on any theory at all, a demurrer to it should not be sustained. | Should a demurrer be sustained if a pleading is good on any theory? | 023132.docx | LEGALEASE-00129476-LEGALEASE-00129477 |
| Feldblum Realty Corp. v. City of New York, 150 Misc. 622 | 307A+501 | Plaintiff should be allowed to discontinue without costs action as to defendant making no objection thereto. | Should a plaintiff be allowed to discontinue without costs? | 024786.docx | LEGALEASE-00129376-LEGALEASE-00129377 |
| Walton v. Rucker, 193 Ark. 40 | 307A+501 | Right to dismiss an action rests only with the "plaintiff," who is one having and asserting a cause of action against another. Crawford & Moses' Dig. S 1262. | Does the right to dismiss an action rests with the plaintiff? | Pre-trial Procedure - Memo # 1052 - C - KG.docx | ROSS-003287451-ROSS-003287452 |
| Morris v. Univ. of Tex., 348 S.W.2d 644 | 307A+501 | Privilege of taking nonsuit is absolute. Rules of Civil Procedure, rule 164. | Is the privilege of taking nonsuit absolute? | 039466.docx | LEGALEASE-00129336-LEGALEASE-00129337 |
| Blyman v. Shelby Loan & Tr. Co., 382 Ill. 415 | 302+8(14) | Allegation of complaint in suit for partition of decedent's realty, that plaintiffs were decedent's first cousins and sole heirs at law, which did not show whether plaintiffs' relationship to decedent was derived through a common ancestor or through what ancestors plaintiffs claimed relationship to decedent, was a mere "conclusion" and did not state facts upon which plaintiffs might base claim of ownership as tenants in common of the realty. | "Are allegations that certain persons were sole heirs, a conclusion of law?" | 023139.docx | LEGALEASE-00129740-LEGALEASE-00129741 |
| Kearns v. Ford Motor Co., 567 F.3d 1120 | 170A+636 | Used car purchaser failed to allege particular circumstances surrounding seller's purported misrepresentations and fraud regarding "certified pre-owned" (CPO) vehicles, and thus failed to state claim for violations of California's Consumers Legal Remedies Act (CLRA) and Unfair Competition Law (UCL) under heightened pleading requirements for fraud claims; even though purchaser alleged that seller's marketing materials and representations led him to believe that CPO vehicles were subjected to rigorous inspections by specially trained technicians, he did not specify what marketing materials actually stated, when he was exposed to them, which ones he found material in making his decision to buy CPO vehicle, or who made statement to him that CPO vehicles were best used vehicles available. Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A.; West's Ann.Cal.Civ.Code S 1770; West's Ann.Cal.Bus. & Prof.Code S 17200. | Should circumstances constituting fraud be stated with particularity? | 023153.docx | LEGALEASE-00129999-LEGALEASE-00130001 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Rose, 82 Misc. 2d 429 | 399+1 | Unauthorized presence in school building is loitering. Penal Law 1965, S 240.35, subd. 5. | Is the unauthorized presence in a school building considered loitering? | Vagrancy - Memo 12 - SB.docx | ROSS-003302004-ROSS-003302005 |
| Burden v. Check Into Cash of Kentucky, 267 F.3d 483 | 25T+199 | Where the plaintiff affirmatively pleads that the contract and the arbitration agreement included therein were procured through fraud, the court should determine whether the arbitration clause was used to further the fraudulent scheme. 9 U.S.C.A. S 1 et seq. | Are assertions of fraud in a contract subject to arbitration? | 007306.docx | LEGALEASE-00131044-LEGALEASE-00131045 |
| ATSA of California v. Cont'l Ins. Co., 702 F.2d 172 | 25T+143 | A dispute about a waiver of arbitration may properly be referred to arbitrator. | Can a dispute regarding the waiver of arbitration be referred to arbitration? | 007395.docx | LEGALEASE-00131356-LEGALEASE-00131357 |
| United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. TriMas Corp., 531 F.3d 531 | 25T+143 | The scope of the arbitration clause is established by the text of the arbitration clause itself. | Does the text of an arbitration clause establish the scope of the arbitration clause? | 007442.docx | LEGALEASE-00131401-LEGALEASE-00131402 |
| Whicker v. State, 511 N.E.2d 1062 | 67+10 | Burglary defendant committed class B felony, though he was not carrying weapon, where defendant broke into victim's dwelling. IC 1971, 35-43-2-1. | What is a Class B felony burglary? | Burglary - Memo 77 - JK.docx | ROSS-003300708-ROSS-003300709 |
| Cook v. Peacock, 154 S.W.2d 688 | 289+566 | The duty of a partner in control of partnership business is analogous to that of a trustee. | Are the duties of a managing partner analogous to a trustee? | Partnership - Memo 307 - SB.docx | ROSS-003287569-ROSS-003287570 |
| Comm. On Children's Television v. Gen. Foods Corp., 35 Cal. 3d 197 | 184+41 | Requirement that fraud be pled with specificity serves two purposes: first is notice to the defendant, i.e., to furnish defendant with certain definite charges which can be intelligently met, and the second is to weed out nonmeritorious actions on basis of the pleadings, and thus the pleadings should be sufficient to enable the court to determine whether, on the facts pleaded, there is any foundation, prima facie at least, for the charge of fraud. | Does the specificity requirement serve two purposes? | 023196.docx | LEGALEASE-00131221-LEGALEASE-00131222 |
| St. Bernard Trappers' Ass'n v. Michel, 162 La. 366 | 307A+501 | Dismissal of principal suit carries dismissal of intervention. | Does the dismissal of principal suit carry a dismissal of intervention? | Pretrial Procedure - Memo # 1658 - C - KG.docx | ROSS-003299751-ROSS-003299752 |
| Chacon v. Jones-Schilds, 904 N.E.2d 286 | 307A+749.1 | A pretrial order controls the proceedings once it is entered. | Will a pretrial order control the proceedings once it is entered? | Pretrial Procedure - Memo # 1750 - C - NE.docx | ROSS-003286326-ROSS-003286327 |
| Parks v. Breedlove, 241 Ga. App. 72 | 307A+750 | An issue is waived if not included in the pretrial order. | Is an issue waived if not included in the pretrial order? | 026995.docx | LEGALEASE-00131262-LEGALEASE-00131263 |
| Gould v. McCarty, 11 N.Y. 575 | 307A+434 | Code, S 388, which provides that, where a discovery is refused by a party against whom an order for that purpose has been granted, the court may exclude the document from being given in evidence at all, or punish the party refusing, or both, is not a substitute for, but is auxiliary to, 2 Rev.St. p. 199, SS 21, 26, empowering the court in such cases as shall be deemed proper to compel any party "to produce and discover books, papers, and documents in his possession or power relating to the merits of any such suit, or of any defense therein," and, in case of a refusal to obey an order for discovery, to strike out any plea or notice that may be given. | "Is the code providing for the discovery of books or papers, a substitute for the provisions of the Revised Statutes, but auxiliary thereto? " | Pretrial Procedure - Memo # 2075- C - KG.docx | LEGALEASE-00020969-LEGALEASE-00020970 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ullmann v. Hartford Fire Ins. Co., 87 N.J. Super. 409 | 307A+331 | If disclosure will not serve a substantial purpose it should not be ordered at all, and if ordered, disclosure should be no greater than justice requires. R.R. 4:24-1. | Should a disclosure be ordered if it does not serve a substantial purpose? | Pretrial Procedure - Memo # 2166 - C - TM.docx | LEGALEASE-00021014-LEGALEASE-00021015 |
| Ullmann v. Hartford Fire Ins. Co., 87 N.J. Super. 409 | 307A+331 | If disclosure will not serve a substantial purpose it should not be ordered at all, and if ordered, disclosure should be no greater than justice requires. R.R. 4:24-1. | Should a disclosure be ordered if it does not serve a substantial purpose? | 027509.docx | LEGALEASE-00130697-LEGALEASE-00130698 |
| Free Speech v. City of Philadelphia, 884 A.2d 966 | 371+2001 | The primary purpose of taxes is always to raise money for the taxing authority. | What is the primary purpose of imposing a tax? | Taxation - Memo # 119 - C - CK.docx | ROSS-003287697-ROSS-003287699 |
| Citizens' Util. Ratepayer Bd. v. State Corp. Comm'n of State of Kan., 264 Kan. 363 | 371+2001 | Primary purpose of a tax is to raise money, not regulation; such a demand is only a tax if it is a forced contribution to raise revenue for the maintenance of government services offered to the general public. | Is regulation the primary purpose of a tax? | Taxation - Memo # 195 - C - CK.docx | ROSS-003328920-ROSS-003328921 |
| Chisolm v. United States, 49 Fed. Cl. 614 | 34+3(1) | Procedural matters involved in military decisions are justiciable; merits of the decision are not. | Is a claim of a procedural violation in the military justiciable? | Armed Services - Memo 78 - RK.docx | LEGALEASE-00021378-LEGALEASE-00021379 |
| United States v. Kahn, 340 F. Supp. 485 | 91+393 | Motion for judgment of acquittal on charges of conspiracy, interstate travel or transportation in aid of racketeering enterprises, and perjury would be denied where the evidence was overwhelming and contentions as to alleged errors were insubstantial. Fed.Rules Crim.Proc. rule 29(a, c), 18 U.S.C.A.; 18 U.S.C.A SS 371, 1621, 1952. | For what reasons can the court deny a judgment of acquittal in a bribery case? | Bribery - Memo #96 - C-EB.docx | LEGALEASE-00021466-LEGALEASE-00021467 |
| State by Kobayashi v. Zimring, 58 Haw. 106 | 113+3 | A usage must be based on actual practice. | Must a usage be based on actual practice? | 014128.docx | LEGALEASE-00132427-LEGALEASE-00132428 |
| Docheff v. Vacher, 470 P.2d 924 | 307A+749.1 | Pretrial order governs conduct of trial. Rules of Civil Procedure, rule 16. | Does a pretrial order govern a conduct of trial? | Pretrial Procedure - Memo # 2410 - C - ES.docx | ROSS-003301513-ROSS-003301514 |
| Ex parte Coffee Cty. Comm'n, 583 So. 2d 985 | 371+2001 | Whether tax is "general tax" or "special tax" depends on purpose for which tax is levied or assessed. | What are special taxes? | Taxation - Memo # 136 - C - KBM.docx | ROSS-003300259-ROSS-003300260 |
| Town of Hilton Head Island v. Morris, 324 S.C. 30 | 371+2001 | Statute levies tax when it fixes amount or rate to be imposed. | When does a statute levy a tax? | 044846.docx | LEGALEASE-00131636-LEGALEASE-00131637 |
| Huntington Pub. Co. v. Caryl, 180 W. Va. 486 | 371+2001 | In tax matters, it is substance, not form of transaction, that determines tax liability. | What determines a tax liability? | Taxation - Memo # 265 - C - SU.docx | ROSS-003300298-ROSS-003300299 |
| O'Donnell v. Reivitz, 144 Wis. 2d 717 | 371+2001 | "Tax" is an exaction, usually of money, by government to support government. W.S.A. Const. Art. 8, S 1. | Is tax usually an exaction of money? | 044892.docx | LEGALEASE-00131764-LEGALEASE-00131765 |
| Blanchard v. Blanchard, 261 Ga. 11 | 371+2001 | Tax law is statutory and equitable considerations are inapplicable. | Are equitable considerations inapplicable under tax law? | 044924.docx | LEGALEASE-00131967-LEGALEASE-00131968 |
| Glidden v. Szybiak, 95 N.H. 318 | 386+7 | One who without consensual or other privilege to do so, uses or otherwise intentionally meddles with a chattel in possession of another is liable to such person for a "trespass" if chattel is impaired as to condition, quality or value, possessor is deprived of its use for a substantial time or bodily harm is thereby caused to possessor or some person or thing in which possessor has a legally protected interest. | Can harmless intermeddling with chattel be actionable as a trespass to chattel? | 047303.docx | LEGALEASE-00132491-LEGALEASE-00132492 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re America West Airlines, 40 F.3d 1058 | 46H+86 | Nonattorney members of partnership cannot appear in court on behalf of partnership. 28 U.S.C.A. S 1654. | Can a non-attorney member of a partnership appear in court on behalf of the partnership? | 022077.docx | LEGALEASE-00133474-LEGALEASE-00133475 |
| Morrison v. Coombs, 23 F.Supp. 852 | 308+159(1) | Each member of a partnership is liable for any negligence of the other while carrying on the partnership business. | Is the entire partnership liable for the negligence of one partner committed while carrying on the partnership business? | Partnership - Memo 265 - RK.docx | ROSS-003302860-ROSS-003302861 |
| Wroblewski v. Brucher, 550 F.Supp. 742 | 289+1179(1) | Limited partner in California limited partnership, either by virtue of his right to sue partnership to enforce his rights against it, or by analogy to corporate law and application of general equitable principles, would have right to intervene or file derivative suit in event of fraud or collusion. West's Ann.Cal.Corp.Code SS 15526, 15529. | Is a limited partner a proper party to proceedings by or against the partnership? | Partnership - Memo 269 - RK.docx | ROSS-003291625-ROSS-003291626 |
| Turnbow v. Lamb, 95 F.2d 29 | 260+99(2) | A corporate partner which produced oil in excess of amount allowed by Texas law without consent of copartners operating mineral lease, though it had right to sell, was required to account to copartners for what it received and was not liable to them only for depletion of leasehold value, since fact that, as between state and producer, excess oil is subject to forfeiture did not relieve partner of its duty to account to innocent copartners for what it received. Vernon's Ann.Civ.St.Tex. art. 6049c, S 13. | Does each partner have the right to sell the products produced by partnership? | Partnership - Memo 286 - RK.docx | LEGALEASE-00022571-LEGALEASE-00022572 |
| White v. Trowbridge, 216 Pa. 11 | 192+1 | "Good will" is the favor which the management of a business has won from the public, and the probability that old customers will continue their patronage. | What is defined as the goodwill of a partnership? | 022155.docx | LEGALEASE-00133557-LEGALEASE-00133558 |
| Vance v. Huff, 568 So.2d 745 | 289+421 | There is no settled test for determining existence of partnership, but rather, that determination is made by reviewing all attendant circumstances, including right to manage and control business. Code 1975, S 10-8-20. | Is there a settled test for determining the existence of a partnership? | 022177.docx | LEGALEASE-00133578-LEGALEASE-00133579 |
| Meyer Koulish Co. v. Cannon, 213 Cal. App. 2d 419 | 307A+749.1 | Pre-trial order will control inconsistent pleadings. Cal. Rules of Court, rule 216. | Will a pre-trial order control inconsistent pleadings? | 027969.docx | LEGALEASE-00133002-LEGALEASE-00133003 |
| Allstate Prop. v. Ploutis, 290 Va. 226 | 307A+517.1 | An action filed in relation to a nonsuit is a new action that stands independently of any prior nonsuited action. | Is an action filed in relation to a nonsuit a new action that stands independently of any prior nonsuited action? | Pretrial Procedure - Memo # 2820 - C - SB.docx | ROSS-003300183-ROSS-003300184 |
| Pino v. Bank of New York Mellon, 57 So. 3d 950 | 307A+517.1 | Voluntary dismissal is effective upon service. West's F.S.A. RCP Rule 1.420(a)(1) (2010). | Is voluntary dismissal effective upon service? | 028615.docx | LEGALEASE-00132990-LEGALEASE-00132991 |
| Everhart v. Newark Cleaning & Dyeing Co., 119 N.J.L. 108 | 413+8 | Disability, actual or presumed is the test of the employer's obligation to make compensation. N.J.S.A. 34:15-12. | What does the term disability mean or imply in the context of workers compensation? | Workers Compensation - Memo #249 ANC.docx | ROSS-003288613-ROSS-003288614 |
| Farmers Tr. Co. v. Schenuit, 83 Ill. App. 267 | 83E+406 | Under statute, transfer of a note by an assignment with guaranty of collection and payment upon the identical paper containing the note, passed title to the legal holder. S.H.A. ch. 98, S 2. | Does a guaranty of a note operate as an assignment of the legal title? | 010204.docx | LEGALEASE-00133879-LEGALEASE-00133880 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gen. Dynamics Corp. v. City of Groton, 184 Conn. 483 | 200+75.1 | Even though highway as originally laid out by court was 491/212 feet wide and at time of discontinuance was 60 feet wide, where party wishing discontinuance of road, as abutting landowner on both sides of road, was presumed to own fee to road, and city had acquiesced in discontinuance, trial court had jurisdiction to extinguish public easement in road. C.G.S.A. S 13a-50. | Is municipality permitted to discontinue a highway laid out by a court? | 019312.docx | LEGALEASE-00133764-LEGALEASE-00133765 |
| Kornfeld v. NRX Techs., 93 A.D.2d 772 | 8.30E+74 | Provision affording to plaintiffs right to convert notes into common stock at any time prior to due date did not materially alter nature of instruments, which remained instruments for payment of money only. | Does acceleration provision change the nature of the instrument? | Bills and Notes - Memo 235 - VP.docx | ROSS-003290297-ROSS-003290298 |
| Second Nat. Bank v. Martin, 82 Iowa 442 | 83E+405 | An indorsement of a note by a corporation, which consists only of the name of the corporation in writing on the back of the note, is valid, although the name of the officer making it is not appended. | Is the name of the corporation written on the back of the instrument the signature of the indorser made by an officer of the corporation? | 009492.docx | LEGALEASE-00134657-LEGALEASE-00134658 |
| Legler v. Com., 2005 WL 3131600 | 67+10 | Significant bruising to victim's hands satisfied requirement of physical injury for purposes of first-degree burglary and first-degree robbery. KRS 511.020, 515.020. | Does first degree burglary conviction require physical injury to the victim? | Burglary - Memo 96 - KNR.docx | LEGALEASE-00023973-LEGALEASE-00023975 |
| Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992 | 371+2001 | Under Florida law, there are two kinds of taxes, direct and indirect; "direct taxes" are ad valorem taxes based on assessed value of property subject to taxation and "indirect taxes" are excise or occupational taxes such as taxes imposed on the manufacture, sale or consumption of commodities within the state or on corporate franchises and privileges. West's F.S.A. S 192.001. | Are taxes either direct or indirect? | 045070.docx | LEGALEASE-00134165-LEGALEASE-00134166 |
| City of De Land v. Florida Pub. Serv. Co., 119 Fla. 804 | 238+1 | "Excise tax" is tax laid upon manufacture, sale, or consumption of commodities within state or upon license to pursue certain occupations or upon corporate privileges. | "Is an ""indirect tax"" a tax upon some right or privilege or corporate franchise?" | 045086.docx | LEGALEASE-00134001-LEGALEASE-00134002 |
| S. Dakota v. Dole, 483 U.S. 203 | 92+2525 | In considering whether particular expenditure is intended to serve general public purposes so as to be within Congress' spending power, courts should defer substantially to judgment of Congress. U.S.C.A. Const. Art. 1, S 8, cl. 1. | Is the power of Congress to authorize expenditure of public moneys for public purposes limited by the direct grants of legislative power found in the Constitution? | Taxation - Memo # 447 - C - SS.docx | LEGALEASE-00024676-LEGALEASE-00024678 |
| Billizon v. Conoco Inc., 864 F. Supp. 571 | 241+143(2) | Under Louisiana law, oilfield service company, whose employee was injured while working on fixed platform, and contractor which performed work on platform were solidarily liable, so that acknowledgment of company as to its liability could toll prescriptive period for employee's action against contractor under Outer Continental Shelf Lands Act; employer, which is liable for workers' compensation payments, and tort-feasor, which is liable for damages, share coextensive liability to repair certain elements of same damage. LSA-C.C. art. 1799; Outer Continental Shelf Lands Act, S 2 et seq., 43 U.S.C.A. S 1331 et seq. | Do the periodic payments constitute separate obligations for an employer who is paying compensation? | Workers Compensation - Memo #269 ANC.docx | LEGALEASE-00024737-LEGALEASE-00024739 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Labovitz, 251 F.2d 393 | 63+1(1) | Under statute making it a crime to offer money to any person acting for United States with intent to influence his decision or action on any matter before him in his official capacity or to induce him to do or omit to do any act in violation of his lawful duty, either an intention to influence official behavior or an intention to induce unlawful action will supply required culpability. 18 U.S.C.A. S 201. | "To constitute the offense of attempted bribery, is it immaterial whether the official action sought to be influenced is right or wrong?" | Bribery - Memo #336 - C-EB.docx | ROSS-003303974-ROSS-003303975 |
| State v. Borrero, 147 Wash. 2d 353 | 110+782(9) | The State must prove every essential element of a crime beyond a reasonable doubt for a conviction to be upheld, and to instruct the jury in a manner that would relieve the State of this burden is reversible error. | Do jury instructions need to contain all essential elements of the offense charged? | 011545.docx | LEGALEASE-00135392-LEGALEASE-00135393 |
| United States v. Bahel, 662 F.3d 610 | 63+1(1) | United Nations Participation Act, which authorized payment of United States' dues to United Nations, was "benefit" within meaning of statute that prohibited theft involving federal funds, which encompassed bribes as well as illegal gratuities, since it sought to promote foreign policy objectives of United States. 18 U.S.C.A. S 666(a)(1)(B); United Nations Participation Act of 1945, S 8, 22 U.S.C.A. S 287e. | Does Section 666 of the bribery statute apply to both gratuities and bribes? | 011571.docx | LEGALEASE-00135186-LEGALEASE-00135187 |
| United States v. Bahel, 662 F.3d 610 | 221+548 | International Organization Immunities Act (IOIA) governed right of Chief of Commodity Procurement Section within the United Nation's Procurement Division, as foreign national employee, to raise claim of immunity to prosecution for use of mail or wires in furtherance of fraud that deprived United Nations, his former employer, of its intangible right to his honest services, corrupt receipt of things of value with intent to be rewarded with respect to official business, and conspiracy. 18 U.S.C.A. SS 371, 666, 1341, 1343, 1346; International Organizations Immunities Act, S 1 et seq., 22 U.S.C.A. S 288 et seq. | What is the fundamental component of a corrupt act prohibited by bribery statute? | 011576.docx | LEGALEASE-00135155-LEGALEASE-00135156 |
| Scaccia v. State Ethics Comm'n, 431 Mass. 351 | 316P+865 | To establish a violation of gratuity statute, there must be proof of linkage to a particular official act, not merely the fact that the official was in a position to take some undefined or generalized action, such as holding a hearing on proposed legislation that, if passed, could benefit the giver of the gratuity. M.G.L.A. c. 268A, S 3(b). | "Can a gratuity in violation of a statute be provided for a past, present or future action?" | Bribery - Memo #380 - C-LB.docx | ROSS-003303986-ROSS-003303987 |
| Ater v. McClure, 329 Ill. 519 | 302+8(16) | In will contest, it is not sufficient to aver undue influence as a conclusion. | Is it sufficient to aver undue influence as a conclusion? | 023318.docx | LEGALEASE-00135622-LEGALEASE-00135623 |
| JJM Trucking v. Caterpillar Fin. Servs. Corp., 295 Ga. App. 560 | 307A+486 | An amendment to the answer does not constitute a withdrawal of an admission. | Does an amendment to the answer constitute a withdrawal of an admission? | 028765.docx | LEGALEASE-00135020-LEGALEASE-00135021 |
| Roberts v. People, 203 P.3d 513 | 307A+716 | The convenience of lawyers can not be allowed to postpone the business of the court. | Can a judge of the criminal court reasonably postpone the business of his court in order to suit the convenience of lawyers who may desire to attend the sessions of other courts? | Pretrial Procedure - Memo # 3360 - C - VP.docx | ROSS-003290892-ROSS-003290893 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Commercial Standard Ins. Co. v. E.P. McKnight Chevrolet Co., 43 S.W.2d 636 | 307A+716 | Generally, application for continuance because of absence of party's leading counsel, though discretionary, should not be granted. | Should the absence of party's leading counsel gives to him an absolute right to a continuance? | Pretrial Procedure - Memo # 3474 - C - NS.docx | ROSS-003332097-ROSS-003332098 |
| Young v. Smith, 67 So. 3d 732 | 307A+483 | The rules of civil procedure provide a specific consequence for a party's failure to timely respond to a request for admission, the consequence being that those matters in the requests are deemed admitted. Rules Civ.Proc., Rule 36(a, b). | "In applying the civil procedure rule governing requests for admissions, is discretion vested in the trial judge with respect to whether he or she will take matters as admitted?" | Pretrial Procedure - Memo # 3560 - C - KG.docx | ROSS-003291699-ROSS-003291700 |
| Taylor v. Taylor, 20 Ill. 650 | 307A+483 | Deemed admissions were immune from contradiction by depositions. | Are deemed admissions immune from contradiction by depositions? | Pretrial Procedure - Memo # 3672 - C - NE.docx | ROSS-003304005-ROSS-003304006 |
| Turner v. State ex rel. Gruver, 168 So. 2d 194 | 110+593 | Refusal to grant a continuance on ground of absence of defendant's counsel was not an abuse of discretion where other counsel was appointed and his services refused by defendant. | "Is the mere absence of counsel, a sufficient ground for the continuance of a cause with the papers of the defendant?" | 030051.docx | LEGALEASE-00134962-LEGALEASE-00134963 |
| Columbia Gaslight Co. v. Mobley, 139 S.C. 107 | 371+2001 | Any governmental charge for raising revenue is a "tax." | Is any governmental charge for the purpose of raising revenue a tax? | Taxation - Memo # 467 - C - KBM.docx | ROSS-003303673-ROSS-003303674 |
| Grogan v. U.S., 346 F.Supp. 564 | 220+3095 | Partnership is not a taxable entity or taxpayer in sense that it is liable for taxes but is separate entity or taxpayer for income accounting and reporting purposes. 26 U.S.C.A. (I.R.C.1954) SS 701, 703. | Is a partnership a taxpaying entity? | Partnership - Memo 340 - JS.docx | LEGALEASE-00026064-LEGALEASE-00026065 |
| Wilson v. Texas Parks & Wildlife Dep't, 853 S.W.2d 825 | 307A+483 | Deemed admission only applies against party making the admission. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2. | Does a deemed admission only apply against the party making the admission? | 029788.docx | LEGALEASE-00136642-LEGALEASE-00136643 |
| Harrison v. Harrison, 367 S.W.3d 822 | 134+145 | Denial of wife's motion for continuance to obtain new counsel, in divorce action, after wife's attorney was permitted to withdraw 40 days before trial over wife's objection was abuse of discretion; attorney sought to withdraw due to nonpayment of fees but amount of fees due was not clearly established, there was no evidence that wife was able to pay attorney fees but refused to do so, attorney could have filed motion for interim fees in order to prevent prejudice to wife but did not do so, and although wife had previously hired and fired five other attorneys, there was no evidence that case was delayed as result. V.T.C.A., Family Code S 6.502(a)(4); Vernon's Ann.Texas Rules Civ.Proc., Rule 10. | Must a movant show that the failure to be represented at the trial was not due to own fault or negligence when withdrawal of counsel is the ground for a continuance? | 029964.docx | LEGALEASE-00136254-LEGALEASE-00136255 |
| Rentzheimer v. Bush, 2 Pa. 88 | 307A+723.1 | The court, in its discretion, may withdraw a juror to prevent an injustice. | Can the court withdraw a juror to prevent injustice? | 030288.docx | LEGALEASE-00136800-LEGALEASE-00136801 |
| Cooper v. Epstein, 308 A.2d 781 | 308+145(2) | Generally, undisclosed principal may sue and be sued on contract made by agent, even where agent denies there is a principal or represents himself to be principal. | Does an undisclosed principal have the right to sue? | Principal and Agent - Memo 95 - KC.docx | LEGALEASE-00026856-LEGALEASE-00026857 |
| Pavese v. Cleaning Sols., 894 N.E.2d 570 | 413+2 | Right to worker's compensation is a creature of statute. West's A.I.C. 22-3-1-1 et seq. | Is the right to workers compensation a creature of statute? | 048048.docx | LEGALEASE-00136984-LEGALEASE-00136985 |
| Sudomir v. McMahon, 767 F.2d 1456 | 24+101 | Federal authority in areas of immigration and naturalization is plenary. | Is federal authority in immigration matters plenary? | 007021.docx | LEGALEASE-00137579-LEGALEASE-00137580 |
| Rautenstrauch v. Sec'y of Def., 313 F. Supp. 170 | 34+5(4) | The essential test of conscientious objection is sincerity. Military Selective Service Act of 1967, S 6(j), 50 U.S.C.A. App. S 456(j). | Is the essential test of conscientious objection sincerity? | 008497.docx | LEGALEASE-00137328-LEGALEASE-00137329 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Martin v. Scudder, 14 Ohio Dec. 283 | 8.30E+123 | Want of consideration is a good defense to an action on a note. | Is want of consideration a good defense? | Bills and Notes- Memo 312-PR.docx | ROSS-003329629-ROSS-003329630 |
| People v. Smith, 128 Misc. 2d 733 | 282+118 | For purposes of McKinney's Penal Law S 195.05, proscribing obstruction of governmental administration, "public servant" extends to officials not actually in employ of New York State, although statutory requirement of official function imposes requirement that public servant be acting in manner of direct interest to New York State with respect to law enforcement. | "Does the term ""public servant"" include every person specially retained to perform some government service?" | 011820.docx | LEGALEASE-00137686-LEGALEASE-00137687 |
| State v. Makthepharak, 276 Kan. 563 | 67+3 | Aggravated burglary is specific intent crime. | Is aggravated burglary a specific intent crime? | Burglary - Memo 161 - JS.docx | ROSS-003291603-ROSS-003291604 |
| Chrisman v. Brandes, 137 Iowa 433 | 200+76 | In proceedings by the board of supervisors to vacate highways under Code, S 422, conferring upon them that power, the rule that a vested right may be acquired in the use of a highway is inapplicable. | Can an individual acquire a vested right of a highway? | 019310.docx | LEGALEASE-00137624-LEGALEASE-00137625 |
| Kelly v. Jorling, 164 A.D.2d 181 | 200+76 | Highway Law gave Commissioner of Department of Environmental Conservation power to order closure of portion of road traversing State-owned land which was reclassified wilderness. McKinney's Highway Law S 212. | Was the legislative intent behind Highway Law  212 to permit the state to close roads on state lands that endangered a state purpose? | Highways-Memo 72-ANM.docx | ROSS-003290619-ROSS-003290620 |
| Converse v. Shambaugh, 4 Neb. 376 | 157+259 | Before admissions made by one partner can be received in evidence to charge the other, the partnership must be established by evidence independent of the admissions. | Is a declaration by one partner on the existence of partnership admissible to charge himself only and not the other parties? | Partnership - Memo 332 - MS.docx | LEGALEASE-00027218-LEGALEASE-00027219 |
| Ledet v. Burgess, 632 So. 2d 1185 | 302+9 | Conclusions of law contained in petition will not be considered. | Will conclusions of law contained in a petition be considered? | 023353.docx | LEGALEASE-00137298-LEGALEASE-00137299 |
| State ex rel. Clark v. Bailey, 99 Mont. 484 | 307A+723.1 | Trial court may order continuance on its own motion. | Can a trial court order continuance on its own motion? | Pretrial Procedure - Memo # 4018 - C - NS.docx | ROSS-003290604-ROSS-003290605 |
| Taylor v. L.C. Smith & Corona Typewriters, 179 Misc. 290 | 307A+124 | One moving to examine an officer of defendant corporation before trial need only show that the examination is needful, and is not required to show that the examination is necessary. | "Where a plaintiff shows by affidavit that examination of defendants before trial is necessary or needful, will the court usually grant an order permitting examination?" | 030983.docx | LEGALEASE-00137336-LEGALEASE-00137338 |
| Simmons v. Leighton, 60 S.D. 524 | 307A+720 | Party seeking continuance on allowance of amendment to pleading during trial must establish surprise and inability to safely proceed with trial (Rev.Code 1919, S 2377). | Does the fact that a complaint is amended in itself entitle the defendant to a continuance? | Pretrial Procedure - Memo # 4691 - C - SJ.docx | ROSS-003291178-ROSS-003291179 |
| State v. Hardin, 429 S.W.3d 417 | 234+18 | Where defendant and buyers entered into agreement for purchase of defendant's truck, buyers delivered two checks as down payment, and following a controversy over the inability to convey title and complaints of mechanical difficulties, parties attempted a recission of their agreement by defendant delivering check to buyers in exchange for buyers' promise to return the truck, defendant could not be convicted of stealing more than $150 as the result of the stop payment order signed by defendant, since defendant, as drawer of check, had the right, at any time prior to acceptance by the bank, to stop payment, and stopping payment did not obviate defendant's liability for the indebtedness. V.A.M.S. S 570.030. | Is a drawer free from his responsibilities by stopping payment? | 010146.docx | LEGALEASE-00138828-LEGALEASE-00138829 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Daws, 303 Kan. 785 | 67+10 | Distinction between burglary and aggravated burglary is that aggravated burglary requires an additional element-the presence of a human being. West's K.S.A. 21-5807(a, b). | What is the distinction between burglary and aggravated burglary? | Burglary - Memo 188 - KNR.docx | ROSS-003287357-ROSS-003287358 |
| United States v. Szabo, 760 F.3d 997 | 92+1830 | Speech that threatens person with violence is not protected by First Amendment. U.S.C.A. Const.Amend. 1. | Is right to speak protected by the First Amendment? | Disorderly Conduct-Memo 51- GP.docx | ROSS-003290467-ROSS-003290468 |
| Cleveland Area Bd. of Realtors v. City of Euclid, 88 F.3d 382 | 92+1661 | Ordinances which completely banned all residential yard signs, commercial and noncommercial, except those displaying residents' name and address and pertinent social security information, was not narrowly tailored to serve significant government interest in aesthetics; by banning yard signs altogether, with exception only for minimal amount of information necessary for safety and security reasons, city burdened substantially more speech than necessary, because it completely foreclosed an inexpensive and autonomous way to communicate. U.S.C.A. Const.Amend. 1. | What is required for a statute to be narrowly tailored? | Disorderly Conduct-Memo 53- GP.docx | LEGALEASE-00028104-LEGALEASE-00028105 |
| La Villarena v. Acosta, 597 So. 2d 336 | 307A+36.1 | Surveillance evidence is subject to discovery before trial. | Is surveillance evidence subject to discovery before trial? | 031091.docx | LEGALEASE-00138366-LEGALEASE-00138367 |
| Vernon v. Wade Corr. Inst., 26,053 (La. App. 2 Cir. 8/19/94), 642 So. 2d 684 | 307A+742.1 | The theory inherent in pretrial procedure is avoidance of surprise and allowance of orderly disposition of case. | Does a trial court have wide discretion to provide for pre-trial orders and to ensure that the terms of the order are enforced? | 031093.docx | LEGALEASE-00138376-LEGALEASE-00138377 |
| Vernon v. Wade Corr. Inst., 26,053 (La. App. 2 Cir. 8/19/94), 642 So. 2d 684 | 307A+742.1 | The theory inherent in pretrial procedure is avoidance of surprise and allowance of orderly disposition of case. | Do courts have wide discretion to implement pre-trial orders and insure that their terms are enforced? | 031121.docx | LEGALEASE-00138499-LEGALEASE-00138501 |
| Easton v. Simpson, 182 Misc. 405 | 307A+91 | The practice relating to examination before trial is liberal. Civil Practice Act, SS 288, 290. | Is the practice relating to examination before trial liberal? | 031131.docx | LEGALEASE-00138606-LEGALEASE-00138609 |
| Davis v. Otto, 206 S.W. 409 | 30+4308 | Error, when defendants' attorney on cross-examination asked plaintiff if certain questions were not asked him in taking his deposition, and answers given, the attorney reading answers as shown in deposition prior to correction by plaintiff, held harmless where plaintiff was given opportunity to explain changes in deposition. | Is a plaintiff's deposition not such until he signs it? | 031720.docx | LEGALEASE-00138105-LEGALEASE-00138106 |
| Powell v. Hunter, 257 Mo. 440 | 307A+74 | A deposition not signed by the witness was properly excluded. | Is a deposition not signed by the witness properly excluded? | 031751.docx | LEGALEASE-00138297-LEGALEASE-00138298 |
| Babcock v. N. New York Utilities, 134 Misc. 71 | 307A+91 | Right to examination of defendant before trial is not unlimited. Civil Practice Act, SS 290, 291. | Is the right to examination of a defendant before trial unlimited? | 031780.docx | LEGALEASE-00138493-LEGALEASE-00138494 |
| Cabral v. Arruda, 556 A.2d 4 | 307A+36.1 | If surveillance materials exist, whether they are to be presented at trial is discoverable. | Are surveillance materials discoverable? | Pretrial Procedure - Memo # 5056 - C - BP.docx | ROSS-003290867-ROSS-003290868 |
| Westenberger v. Indus. Comm'n of Ohio, 135 Ohio St. 211 | 413+2 | Rights of employees and dependents to compensation under Workmen's Compensation Law rest solely on the statute and are not governed by common law. | How are the rights for compensation conferred? | 048608.docx | LEGALEASE-00138256-LEGALEASE-00138257 |
| State v. Garrett, 42 Conn. App. 507 | 67+9(0.5) | Forcible entry, with or without damage, is not element of burglary. C.G.S.A. SS 53a-100(b), 53a-103. | Is forcible entry an element of burglary? | Burglary - Memo 193 - KNR.docx | ROSS-003304458-ROSS-003304459 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Poole v. Harvey, 571 F. Supp. 2d 120 | 34+5(8) | Party seeking judicial review of decision by Army Board for Correction of Military Records (ABCMR) must overcome strong but rebuttable presumption that administrators of military discharge their duties correctly, lawfully, and in good faith. | Is the function of the court in reviewing final decision of a Military Correction Board to serve as a super correction board that reweighs the evidence? | 008533.docx | LEGALEASE-00139508-LEGALEASE-00139509 |
| Clifton v. United States, 31 Fed. Cl. 593 | 34+5(3) | To fall within the parameters of the duress exception to presumption that resignations from military service are voluntary, plaintiff must demonstrate that one side involuntarily accepted the terms of another, that circumstances permitted no other alternative, and that said circumstances were the result of coercive acts of the opposite party, and focus is on objective facts, rather than officer's subjective impressions. RCFC, Rule 12(b)(1), 28 U.S.C.A. | Can the presumption of voluntariness be vitiated when an officer unsuccessfully attempts to withdraw resignation? | 008550.docx | LEGALEASE-00139675-LEGALEASE-00139676 |
| Mayer v. Garvan, 278 F. 27 | 289+932 | Under the law of the United States, war dissolves a partnership between a citizen and subjects of the enemy. | Does a war dissolve partnership between citizens of two countries? | 022317.docx | LEGALEASE-00139571-LEGALEASE-00139572 |
| Ash v. Werner, 12 Pa.Super. 39 | 289+823 | A new partner, coming into an existing firm, is not liable for debts contracted by the firm previous to his entering it, unless he expressly assumed them. | Is an incoming partner liable on the contracts entered into by the firm before he became a member? | 022325.docx | LEGALEASE-00139591-LEGALEASE-00139592 |
| Old Kent Bank-Se. v. City of Detroit, 178 Mich. App. 416 | 366+35 | Defaulting contractor's surety did not lose its ability to assert equitable subrogation by perfecting security interest. | Does a surety does waive its right to assert equitable subrogation by perfecting an assignment of accounts?? | 043241.docx | LEGALEASE-00139442-LEGALEASE-00139443 |
| Estrada v. River Oaks Bank & Tr. Co., 550 S.W.2d 719 | 83E+435 | Change in wording from that used in Negotiable Instruments Law, which allowed instrument to be written upon paper "attached" to negotiable instrument, to wording used in Uniform Commercial Code requiring that paper be "so firmly affixed" to instrument "as to become a part thereof" evidences clear intent by Code draftsmen to restrict, rather than expand, use of allonges. V.T.C.A., Bus. & C. S 3.202; Vernon's Ann.Civ.St. art. 5934, S 31. | Should the indorsement be written on the instrument itself? | 009224.docx | LEGALEASE-00140147-LEGALEASE-00140148 |
| Commercial Credit Corp. v. Univ. Nat. Bank of Fort Collins, 590 F.2d 849 | 83E+406 | A negotiable instrument is property of holder or payee, not drawer. | Is a negotiable instrument the property of the drawer? | Bills and Notes - Memo 510 - RK.docx | ROSS-003301529-ROSS-003301530 |
| Gannon v. Bronston, 246 Ky. 612 | 8.30E+04 | Negotiable Instruments Law is codification, compilation, or restatement of preexisting law. | Is the Negotiable Instruments Law a codification of existing law? | 009587.docx | LEGALEASE-00140544-LEGALEASE-00140545 |
| E.D. Fisher Lumber & Coal Co. v. Robbins, 104 Kan. 619 | 83E+560 | Whenever a negotiable note passes into the hands of the holder in due course, its status as commercial paper is established, and such holder may transfer it to others, even after maturity, with immunity from the equities that may exist between maker and payee. | Whether a commercial indorsement is sufficient to pass title to the note? | 010289.docx | LEGALEASE-00139859-LEGALEASE-00139860 |
| Armour Bros. Banking Co. v. Riley Cty. Bank, 30 Kan. 163 | 83E+428 | An indorsement, "pay A. or order for account of B.," is a restrictive indorsement, and does not pass title. | Whether an indorsement in the form Pay to or order for account of can be a restrictive indorsement? | 010296.docx | LEGALEASE-00139871-LEGALEASE-00139872 |
| Cairo Nat. Bank of Cairo, Ill., v. Blanton Co., 287 S.W. 839 | 83E+428 | Indorsement for collection of bill of exchange is restrictive, and does not vest legal title in indorsee. | Whether an indorsement for collection is restrictive? | 010297.docx | LEGALEASE-00139861-LEGALEASE-00139862 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Grimm v. Warner, 45 Iowa 106 | 83E+553 | Where a promissory note had been transferred by indorsement as collateral security, and then, before maturity, with the knowledge of the indorsee, the payee had sold it to a third party, into whose possession it did not come until after maturity, held that the latter acquired it free from equities, and occupied the position of a good faith indorsee before maturity. | Whether promissory note taken as collateral security can confer title? | 010301.docx | LEGALEASE-00139873-LEGALEASE-00139874 |
| Pollin v. Mindy Mfg. Co., 211 Pa. Super. 87 | 8.30E+27 | A check is an order of a depositor on a bank in nature of a draft drawn on bank and payable on demand. | Is a check revocable until paid? | Bills and Notes -Memo 391 -DB.docx | ROSS-003301561-ROSS-003301562 |
| McIlroy Bank v. First Nat. Bank of Fayetteville, 252 Ark. 558 | 83E+481 | Uniform Commercial Code does not permit assignments of negotiable instruments; note must be transferred or negotiated. Ark.Stats. SS 85-3-201 to 85-3-208. | Is assignment of notes permitted under the law? | 010348.docx | LEGALEASE-00140171-LEGALEASE-00140172 |
| Hoppe v. Russo-Asiatic Bank, 200 A.D. 460 | 38+54 | Motives influencing assignor in making assignment, or the consideration does not affect validity of assignment as against debtor. | Whether the motive influencing the assignment is important? | Bills and Notes -Memo 481 -DB.docx | ROSS-003288580-ROSS-003288581 |
| State ex rel. Gentry v. Hostetter, 343 Mo. 1090 | 83E+481 | The Uniform Negotiable Instruments Act does not prevent the transfer of a negotiable or nonnegotiable instrument by assignment. Mo.St.Ann. S 2629 et seq., p. 643 et seq. | Can a negotiable or non-negotiableinstrument be transferred by assignment? | 010429.docx | LEGALEASE-00140336-LEGALEASE-00140337 |
| Moses v. Woodward, 109 Fla. 348 | 83E+481 | Like an ordinary chose in action, promissory note may be transferred by assignment. | How can a note be transferred? | Bills and Notes -Memo 485 -DB.docx | ROSS-003287197-ROSS-003287198 |
| Hurlbut v. Quigley, 180 Cal. 265 | 83E+451 | An indorsement is a wrtten contract, the effect of which the law declares. | Is an indorsement a written contract of which the law declares the effect and when counted upon it is the foundation of the action? | Bills and Notes- Memo 519-PR.docx | ROSS-003329073-ROSS-003329074 |
| Neely v. United States, 274 F.2d 389 | 63+1(1) | Criminal intent is an essential element of bribery. | Is criminal intent an essential element of bribery? | Bribery - Memo #588 - C - LB.docx | ROSS-003329333-ROSS-003329334 |
| Pennie v. Obama, 255 F. Supp. 3d 648 | 135+1 | Domicile requires residence in state and intent to remain in state. | Does domicile require residence in state? | 014490.docx | LEGALEASE-00140437-LEGALEASE-00140438 |
| Trinity Universal Ins. Co. v. Bill Cox Const., 75 S.W.3d 6 | 366+35 | Subrogation rights may be waived or altered by contract. | "Can a right to subrogation be modified or extinguished by contract, waived either expressly or by implication?" | 043565.docx | LEGALEASE-00140023-LEGALEASE-00140024 |
| Smith & McMaster, P.C. v. Newtown Borough, 669 A.2d 452 | 371+2001 | Manner in which tax is set and not source from which tax is paid determines type and validity of tax. | Is a court's determination as to the validity of a tax based on the source from which the tax is paid? | 044870.docx | LEGALEASE-00140278-LEGALEASE-00140279 |
| Cty. of El Paso, Tex. v. Jones, 2009 WL 4730305 | 184+41 | A county's allegation that a defendant participated in bribing the commissioner to waive the county's rights under the Fair Labor Standards Act (FLSA), was sufficient to underpin its civil Rico-Racketeer Influenced and Corrupt Organizations Act claim. The defendant arranged for the commissioner to receive free or discounted legal services for an unrelated personal criminal matter in exchange for her official vote to relinquish the county's FLSA rights. Because the complaint alleged the defendant participated directly in the bribing of the commissioner and that he engaged in wire and/or mail fraud when forwarding a settlement officer, the county sufficiently alleged a violation of the RICO-Racketeer Influenced and Corrupt Organizations Act. 18 U.S.C.A. S 1962. | What must be alleged when the plaintiff files an allegation of bribery as the Racketeer Influenced and Corrupt Organizations Act (RICO) predicate act? | 012119.docx | LEGALEASE-00141134-LEGALEASE-00141135 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Leque v. Madison Gas & Elec. Co., 133 Wis. 547 | 113+3 | While evidence of a custom obviously dangerous is not admissible, it is not error to admit evidence of a general custom of linemen to step on and make use of dead electric wires in climbing poles, notwithstanding evidence of a warning against usual dangers incident to the employment. | Is evidence of a custom that is obviously dangerous admissible? | Customs & Usage - Memo 155 - RK.docx | ROSS-003291016-ROSS-003291017 |
| Swift's Iron & Steel Works v. Dewey, 37 Ohio St. 242 | 113+3 | Usage must not be inconsistent with the words of the agreement nor must it be unreasonable. | May usage be inconsistent with the words of the agreement? | 014200.docx | LEGALEASE-00141884-LEGALEASE-00141885 |
| People v. Grant, 126 Misc. 2d 18 | 35+63.4(6) | Defendant's playing his radio loudly in the vicinity of the school while congregating with others, and refusing to disperse when ordered, gave police officer reasonable cause to arrest defendant for offense of disorderly conduct. McKinney's Penal Law S 240.20, subd. 6. | "In the context of disorderly conduct, when is an individuals refusal to obey a police order to disperse justified?" | 014449.docx | LEGALEASE-00141017-LEGALEASE-00141018 |
| Amoco Prod. Co. v. Thompson, 516 So. 2d 376 | 260+92.50 | The right of each owner of interest in a gas reservoir to take his share in kind is not absolute, and Commissioner of Conservation has the power to provide for another method of partitioning ownership of minerals produced if certain facts are established; partition in kind is only the preferred partition method provided for in the conservation law. LSA-R.S. 30:2, 30:3, 30:10, subd. A(1)(a), 31:9-31:11. | "Is the preferred method of judicial partitioning that of partition in kind, wherein each co-owner receives his proportionate share of the common property?" | 021277.docx | LEGALEASE-00141515-LEGALEASE-00141516 |
| State v. Harrington, 407 S.W.2d 467 | 260+97 | Joint operation is necessary element in mining partnership. | Is joint operation a requisite element for a mining partnership? | 021300.docx | LEGALEASE-00141479-LEGALEASE-00141480 |
| Newhouse Mill & Lumber Co. v. Keller, 103 Ark. 538 | 307A+723.1 | Motion for continuance, which stated conclusions, and not facts, as to what a proposed witness would testify to, held insufficient. | Should a motion for continuance state facts and not conclusions? | Pretrial Procedure - Memo # 4310 - C - PB.docx | ROSS-003287775-ROSS-003287776 |
| Cabral v. Arruda, 556 A.2d 4 | 307A+36.1 | Existence or nonexistence of surveillance materials is discoverable. | Is the existence or nonexistence of surveillance materials discoverable? | Pretrial Procedure - Memo # 5176 - C - KS.docx | ROSS-003302911-ROSS-003302912 |
| Murphy v. Joseph Hollander, 131 N.J.L. 165 | 371+2001 | A "tax" is not technically a debt for which an action in debt will lie, and is neither a "contractual obligation" nor a "debt", which is owing to the government in its corporate capacity, while a "tax" is an exaction due the government in its sovereign capacity, and is an impost levied by the sovereign authority to raise moneys for the support of the government, or for some special purpose within the domain of government. | Is tax technically a debt for which an action in debt will lie? | 045203.docx | LEGALEASE-00141206-LEGALEASE-00141207 |
| Bielski v. Zorn, 627 N.E.2d 880 | 371+2013 | Taxation power resides exclusively with legislature and is limited only by constitutional requirements. | Where does the taxation power reside? | 045378.docx | LEGALEASE-00141401-LEGALEASE-00141402 |
| Delta Air Lines v. Dep't of Revenue, 455 So. 2d 317 | 83+74.5(2) | Imposition of excise tax on purchase of motor fuel and special fuel in state of Florida is fairly related to purchasers' enjoyment of protections and benefits afforded by state, and thus law is not violative of commerce clause. U.S.C.A. Const. Art. 1, S 8, cl. 3; Laws 1983, ch. 83-3, S 1 et seq. | Does the Constitutional power of a state to tax depend upon enjoyment of taxpayer of any special benefit from use of funds raised by taxation? | 045475.docx | LEGALEASE-00141589-LEGALEASE-00141591 |
| Kemp v. Raudabaugh, 602 N.E.2d 389 | 371+2005 | States have wide discretion in setting taxes. | Do states have wide discretion in setting taxes? | Taxation - Memo # 605 - C - NC.docx | ROSS-003303701-ROSS-003303702 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People ex rel. Kutner v. Cullerton, 58 Ill. 2d 266 | 371+2005 | In matters of taxation, states have a very broad latitude. | In matters of taxation do the states have broad latitude? | 045540.docx | LEGALEASE-00141803-LEGALEASE-00141804 |
| De Blois v. Comm'r of Corps. & Taxation, 276 Mass. 437 | 371+3402 | Tax on income derived from real estate is "tax on real estate." | "Is a tax on income derived from real estate a ""tax on real estate""?" | Taxation - Memo # 718 - C - TM.docx | ROSS-003290109-ROSS-003290110 |
| Griggs v. C & H Mech. Corp., 169 Md. App. 556 | 413+2 | Worker's compensation remedies are purely statutory. West's Ann.Md.Code, Labor and Employment, S 9-101 et seq. | Are workers compensation remedies purely statutory? | Workers Compensation - Memo #359 ANC.docx | ROSS-003305007-ROSS-003305008 |
| ETrade Fin. Corp. v. Deutsche Bank AG, 420 F. Supp. 2d 273 | 25T+145 | Limited arbitration clause in stock purchase agreement, which related to closing balance sheet of company being acquired, did not apply to compel arbitration of buyer's fraud, statutory, and breach of contract claims against seller that fell outside scope of arbitration clause, which instead were governed by agreement's general dispute resolution provision allowing for litigation of buyer's claims under agreement. | How will courts interpret a contract that contains a broad dispute resolution provision permitting lawsuits and a narrow arbitration requirement? | 007495.docx | LEGALEASE-00143155-LEGALEASE-00143156 |
| Cardona Tirado v. Shearson Lehman Am. Exp., 634 F. Supp. 158 | 25T+148 | Generally, place of filing petition to compel arbitration under Federal Arbitration Act determines arbitration locale; however, court cannot circumvent clear intent of parties where they have expressly agreed to arbitrate in particular place and forum-selection clause is not unfair or unreasonable. 9 U.S.C.A. S 4. | Does the place of filing determine the arbitration locale? | 007628.docx | LEGALEASE-00143303-LEGALEASE-00143304 |
| Montgomery v. Compass Airlines, 98 F. Supp. 3d 1012 | 231H+1549(14) | Provision of collective bargaining agreement (CBA), requiring the system board to hear and decide all grievances, and providing that its decisions were final and binding on the parties, required airline employee to submit FMLA claim against airline employer to system board for arbitration; CBA provision was clear and unmistakable waiver of judicial forum for the FMLA claim, as the CBA contained explicit statutory reference to the FMLA, wherein employer promised to comply with the FMLA, and CBA provision made arbitration of any claims arising under the terms of the CBA mandatory. Family and Medical Leave Act of 1993, S 2 et seq., 29 U.S.C.A. S 2601 et seq. | Is the waiver of judicial forum the same as a waiver of claims? | 007633.docx | LEGALEASE-00143330-LEGALEASE-00143331 |
| Harmony Homes v. U.S. on Behalf of Small Bus. Admin., 936 F. Supp. 907 | 266+1406 | Under Florida law, notes and mortgages were effectively assigned by assignor to bank, even though notes were not endorsed or delivered; assignment, signed by officer who had authority to make assignment, was recorded in county records, evidence showed assignor's intent to surrender control of notes and mortgages to bank, and assignor's counsel prepared reassignment of bank's interest to assignor. | Can a note be transferred without being endorsed? | 009567.docx | LEGALEASE-00142640-LEGALEASE-00142641 |
| Brown v. Patella, 24 Cal. App. 2d 362 | 38+34 | An oral assignment of a promissory note is valid. | Are oral assignments of a promissory note valid? | 009570.docx | LEGALEASE-00142626-LEGALEASE-00142627 |
| Stockgrowers' Nat. Bank of Cheyenne v. Crosby, 39 Wyo. 454 | 83E+732 | Note may be assigned without writing to transfer ownership to assignee and enable assignee to sue thereon without indorsement. | Does an assignment need to be in writing and endorsed? | Bills and Notes - Memo 573 - RK.docx | ROSS-003304306-ROSS-003304307 |
| State Bank v. Cent. Mercantile Bank of New York, 248 N.Y. 428 | 83E+481 | Nonnegotiable certificates of deposit held assignable, in absence of agreement to contrary, in accordance with Personal Property Law (Consol.Laws, c. 41) S 41. | Are nonnegotiable certificates assignable? | 009606.docx | LEGALEASE-00142666-LEGALEASE-00142667 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Marincovich v. Tarabochia, 53 Wash. App. 633 | 113+8 | No rights can arise from custom that violates the law. | May rights arise from a custom that violates the law? | 014253.docx | LEGALEASE-00143568-LEGALEASE-00143569 |
| State v. Pennzoil Co., 752 P.2d 975 | 260+78.1(8) | "Production" as used in royalty or habendum clause of oil and gas lease, requires severance of mineral from ground. | Does production require severance of the mineral from the ground or soil? | Mines and Minerals - Memo #155 - C - EB.docx | ROSS-003288410-ROSS-003288411 |
| Gaudreau v. Smith, 137 Kan. 644 | 260+113 | Party furnishing casing and equipment to owner of oil and gas leasehold under contract giving him interest in leasehold held not entitled to lien to secure payment. Rev.St.Supp.1931, 55-207. | Do oil and gas lien laws confer special privileges? | 021339.docx | LEGALEASE-00142762-LEGALEASE-00142763 |
| Walton v. Burns, 47,388 (La. App. 2 Cir. 1/16/13), 151 So. 3d 616 | 260+73.1(6) | Surface owners suing former oil and gas operator/lessees and owners for contamination of the land were entitled to add mineral servitude owners as defendants; while lessees had duty to act as reasonably prudent operators, mineral servitude owners had additional duty to restore surface to its original condition. LSA-R.S. 30:29, 31:11(A), 31:22, 31:122; LSA-C.C.P. art. 1151. | Does a duty to remediate oilfield contamination exist under the prudent operator standard? | 021342.docx | LEGALEASE-00142788-LEGALEASE-00142789 |
| Luckel v. White, 792 S.W.2d 485 | 260+55(7) | The incidents of ownership of a severed fee estate of minerals in place of ingress and egress, bonus payments, delay rentals, and royalties, can be conveyed separately and become estates apart from the others, the incident of executive rights cannot. | Are the interest in minerals in place and an interest in royalty separate and distinct estates in land? | 021399.docx | LEGALEASE-00143478-LEGALEASE-00143479 |
| Bargsley v. Pryor Petroleum Corp., 196 S.W.3d 823 | 30+3348 | Abuse of discretion standard of review applied to Court of Appeals' review of trial court's jury instruction regarding placement of burden of proof on issue of whether oil and gas lease was producing in paying quantities at end of primary term of lease, for purposes of determining whether lease had terminated. | How has the court defined operations? | Mines and Minerals - Memo #215 - C - EB.docx | ROSS-003287532-ROSS-003287533 |
| Skopp v. Weaver, 16 Cal. 3d 432 | 302+11 | Since allegation of agency is a statement of ultimate fact, it is not necessary to plead how the fact of agency originated. | Is an allegation of agency as such a statement of ultimate fact? | 023474.docx | LEGALEASE-00142502-LEGALEASE-00142503 |
| Perry v. GRP Fin., 196 N.C. App. 41 | 25T+491 | An award of sanctions, under mediation statute providing that "(a)ny person required to attend a mediated settlement conference who, without good cause, fails to attend. shall be subject to any appropriate monetary sanction, " requires a finding of reasonableness of the amount. West's N.C.G.S.A. S 7A-38.1. | Does an award of sanctions require a finding of reasonableness? | 033508.docx | LEGALEASE-00142165-LEGALEASE-00142166 |
| Case v. Galesburg Cottage Hosp., 227 Ill. 2d 207 | 307A+560 | There is no specific time limitation, in rule allowing dismissal based on plaintiff's failure to exercise reasonable diligence to obtain service on defendant; rather, trial court must consider passage of time in relation to all other facts and circumstances of each case individually. Sup.Ct.Rules, Rule 103(b) (2006). | Is there no specific time limitation provided by Rule 103 (b)? | 033760.docx | LEGALEASE-00142551-LEGALEASE-00142552 |
| In re Dunn, 225 N.C. App. 43 | 106+40 | Where the court lacks jurisdiction, dismissal is appropriate. | "Where the court lacks jurisdiction, is dismissal appropriate?" | 033807.docx | LEGALEASE-00142388-LEGALEASE-00142389 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Koski v. Johnson, 837 N.W.2d 739 | 233+1765(2) | Residential tenant did not waive defense that court lacked personal jurisdiction over her in eviction action, based on landlord's allegedly improper service of process, even though tenant participated in litigation by moving for dismissal on grounds of improper service, filing answer, moving for summary judgment, and asserting defenses on the merits; tenant filed answer and motion for summary judgment at the same time she asked court to rule on her motion to dismiss for improper service, and there was no evidence that tenant acquiesced to court's jurisdiction. | "Absent proper service of process or a waiver thereof, must the district court dismiss the action?" | Pretrial Procedure - Memo # 6317 - C - PB.docx | ROSS-003289158-ROSS-003289159 |
| Pelletier v. Pathiraja, 519 A.2d 187 | 92+3989 | Dismissal of patients' medical malpractice claims, as sanction for failure to comply with discovery order, did not violate patients' due process rights, where patients had been given extensions to comply with discovery order and where patients had been warned that noncompliance would result in dismissal; rules and procedure applied by the trial court provided patients with all the process that was their due. Rules Civ.Proc., Rules 16, 37(b)(2)(C); U.S.C.A. Const.Amends. 5, 14. | Can the functions to be served by imposing a sanction for failure to comply with the requirements of the rule governing pretrial procedure be several? | 033843.docx | LEGALEASE-00142991-LEGALEASE-00142992 |
| ACLU of NM v. City of Albuquerque, 137 P.3d 1215 | 307A+552 | An action will be dismissed if the issues become moot. | Will an action be dismissed if an issue is or has become moot? | 034220.docx | LEGALEASE-00143193-LEGALEASE-00143194 |
| Columbus Green Bldg. Forum v. State, 980 N.E.2d 1 | 106+472.1 | Not every claim seeking monetary relief is a claim for money damages, so as to be within the exclusive, original subject matter jurisdiction of the Court of Claims; even where a claimant seeks relief that will ultimately result in the payment of money by the state, a cause of action will sound in equity if money damages is not the essence of the claim. R.C. S 2743.03(A)(1, 2). | "In considering whether to dismiss a claim for lack of subject matter jurisdiction, should a trial court determine whether the claim raises any action cognizable in that court?" | Pretrial Procedure - Memo # 6729 - C - KG.docx | ROSS-003303315-ROSS-003303316 |
| State v. Pettijohn, 541 S.W.2d 74 | 352H+259 | As in rape cases, penetration in a sodomy prosecution can be proved by circumstantial evidence. | Can penetration in sodomy be proven by circumstantial evidence? | 043098.docx | LEGALEASE-00143444-LEGALEASE-00143445 |
| People v. Commonwealth Edison Co., 367 Ill. 260 | 92+2429 | The Legislature cannot confer power to tax on executive branch of government. | Can the executive branch levy new taxes? | 045274.docx | LEGALEASE-00142930-LEGALEASE-00142932 |
| Minot Special Sch. Dist. No. 1 v. Olsness, 53 N.D. 683 | 360+127 | Statute creating state fire and tornado fund held not unconstitutional as delegating taxing power to commissioner of insurance (Laws 1919, c. 159). | Does the insurance commissioner have the power to tax? | 045279.docx | LEGALEASE-00142916-LEGALEASE-00142917 |
| Tyson Foods v. Dep't of Treasury, 276 Mich. App. 678 | 371+2005 | State may impose a tax only if the tax is expressly authorized by law. | When can a state impose a tax? | 045283.docx | LEGALEASE-00142901-LEGALEASE-00142902 |
| Pourier v. Bd. of Cty. Comm'rs of Shannon Cty., 83 S.D. 235 | 371+2063 | Nonexemption of Indians from federal income taxation is without significance as to power of state to tax personal property owned by tribal Indians and located within Indian reservations. | Can the state tax Indians or their property on reservation? | 045307.docx | LEGALEASE-00142696-LEGALEASE-00142697 |
| High Tide Seafoods v. State, 106 Wash. 2d 695 | 371+3249 | If tax is imposed upon value of property, it may be a "property tax"; if levied upon privilege of doing business, it is an "excise tax." | "Is tax imposed upon value of property called a ""property tax""?" | 045575.docx | LEGALEASE-00142264-LEGALEASE-00142265 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bullock v. Earle M. Jorgensen Co., 613 S.W.2d 12 | 371+2233 | Franchise tax is a charge made by the state against a corporation for the privilege of doing business in the state, and whether the privilege is actually utilized is not material. V.A.T.S. Tax.-Gen. arts. 12.01 et seq., 12.01(1). | "What is a ""franchise tax""?" | 045652.docx | LEGALEASE-00142965-LEGALEASE-00142966 |
| Victory Transp. Inc. v. Comisaria Gen. de Abastecimientos y Transportes, 336 F.2d 354 | 25T+178 | Implicit in agreement to arbitrate is consent to enforcement of that agreement. | Is consent to enforce the agreement to arbitrate implicit? | 007688.docx | LEGALEASE-00144775-LEGALEASE-00144776 |
| Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691 | 25T+182(1) | Waiver of contractual right to arbitration is not favored. | Do the courts favor waivers of a contractual right to arbitration? | Alternative Dispute Resolution - Memo 690 - RK.docx | ROSS-003290738-ROSS-003290739 |
| Bahoor v. Varonis Sys., 152 F. Supp. 3d 1091 | 25T+182(1) | A waiver of the right to arbitrate can be express or implied. | Can a waiver of the right to arbitrate be expressed or implied? | Alternative Dispute Resolution - Memo 696 - RK.docx | ROSS-003290740-ROSS-003290741 |
| In re Amber M., 184 Cal. App. 4th 1223 | 34+34.9(2) | The Servicemembers Civil Relief Act (SCRA) applies to juvenile dependency proceedings. Servicemembers Civil Relief Act, S 1(a), 50 App.U.S.C.A. S 501. | Does the SCRA apply to juvenile dependency proceedings? | 008651.docx | LEGALEASE-00144472-LEGALEASE-00144473 |
| United States v. Robinson, 663 F.3d 265 | 63+1(1) | For purposes of establishing threshold amount to support charge for violating statute prohibiting bribery intended to influence an organization that received federal funds in excess of $10,000 in one-year period, amount of bribe may suffice as proxy for value. 18 U.S.C.A. S 666(a). | Can the amount of bribe be considered a proxy for value? | 011397.docx | LEGALEASE-00143663-LEGALEASE-00143664 |
| State v. O'Connor, 299 Kan. 819 | 67+4 | If the building that was burglarized is a dwelling, the crime that formed the basis for an out-of-state conviction for burglary is classified as a person felony, for sentencing purposes; if not, it is a nonperson felony. K.S.A. 21-3715, 21-4711(e) (Repealed). | Is burglary of a persons dwelling felony? | 012880.docx | LEGALEASE-00144849-LEGALEASE-00144852 |
| Richardson v. State, 63 Md. App. 324 | 67+14 | Burglary is a specific intent crime for which voluntary intoxication is a defense. | Is intoxication a defense to burglary? | Burglary - Memo 218 - SB.docx | ROSS-003288760-ROSS-003288762 |
| Bland v. State, 563 So. 2d 794 | 110+1871 | Trial counsel, who relied on defense to burglary and attempted sexual battery charges that defendant's entry into home was voluntary and that alleged victim initiated fight, was not ineffective in failing to request instruction on voluntary intoxication defense that may have been warranted by evidence; jury returned verdict of not guilty on attempted sexual battery count, although the defendant was convicted of burglary, and only burglary, as specific intent crime, was amenable of intoxication defense. U.S.C.A. Const.Amend. 6. | Is intoxication a defense to burglary? | 012884.docx | LEGALEASE-00144853-LEGALEASE-00144854 |
| Collett v. State, 676 So. 2d 1046 | 67+15 | Fact that persons with criminal intent have not been given permission to enter has no effect on whether premises are open to the public and thus within affirmative defense to charge of burglary of structure. West's F.S.A. S 810.02(1). | What are the different defenses to burglary? | Burglary - Memo 223 - SB.docx | ROSS-003300827-ROSS-003300829 |
| Gray v. State, 163 Ga. App. 720 | 67+15 | Only authorized entry into building or mistake of fact would be affirmative defense to charge of burglary. Code, SS 26-605, 26-1601. | What are the different defenses to burglary? | 012901.docx | LEGALEASE-00144868-LEGALEASE-00144869 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Johnson v. Finkle, 837 N.W.2d 132 | 322H+678 | The subsequent conveyance under the warranty deed after the terms of a "contract for deed" have been met does not create a new right, but rather perfects the right existing under the contract and gives effect to the parties' intent by perfecting title relating back to the date of the contract. | Are deeds that convey mineral interest subject to the general rules governing contract interpretation? | 021492.docx | LEGALEASE-00145023-LEGALEASE-00145024 |
| Chittim v. Belle Fourche Bentonite Prod. Co., 60 Wyo. 235 | 260+38(15.1) | Evidence sustained finding that locators of bentonite placer mining claim were not "dummies" for a foreign corporation to enable it to obtain title to more bentonite ground than it was legally authorized to locate. | Is the use of dummies in locating mineral claims to obtain more ground than the law allows a species of fraud? | 021496.docx | LEGALEASE-00145029-LEGALEASE-00145030 |
| Clark v. Brown, 15 Vt. 658 | 307A+74 | An ex parte deposition need not be filed 30 days before the session of the court next after it is taken, when a term of court intervenes between the time of taking and using of the same. | "Can an exparte deposition filed with the clerk less than 30 days before court, but remaining there through the term, and till the succeeding term of the court, be read?" | Pretrial Procedure - Memo # 5775 - C - VP.docx | ROSS-003291350-ROSS-003291351 |
| Ad Miller Associates v. Glynn, 736 So. 2d 798 | 307A+746 | Default is most serious sanction that can be imposed on defendant. | Is default the most serious sanction that can be imposed on a defendant? | 034202.docx | LEGALEASE-00144722-LEGALEASE-00144723 |
| In re Elamex, S.A. de C.V., 367 S.W.3d 891 | 30+3212 | Whether a trial court has subject-matter jurisdiction is a question of law subject to de novo review. | "Should a trial court consider evidence in determining a plea to the jurisdiction or a motion to dismiss, and must do so when necessary to resolve the question of subject-matter jurisdiction?" | 034375.docx | LEGALEASE-00144019-LEGALEASE-00144020 |
| State ex rel. Plaster v. Pinnell, 831 S.W.2d 949 | 313+48 | Court lacks power to adjudicate when requirements for manner of service are not met; actual notice is not sufficient. | Can a defendant who is otherwise subject to a court's jurisdiction seek dismissal based on a claim that service was not properly effectuated? | 034489.docx | LEGALEASE-00144141-LEGALEASE-00144142 |
| Middleton v. Hager, 179 So. 3d 529 | 307A+563 | Trial court did not abuse its discretion in rejecting conclusion of magistrate, to whom court referred motorist's motion to dismiss for fraud upon the court, that vehicle passenger's numerous affirmative lies and misrepresentations fell "just short" of establishing a deliberate scheme to subvert the judicial process, and thus properly granted motion and dismissal of action against motorist in connection with a rear-end collision with prejudice; court determined that magistrate's findings were supported by competent substantial evidence, and findings were clear that passenger lied under oath on several occasions about her involvement in a prior automobile collision and her treatment for injuries, which were substantially the same as those allegedly suffered in instant case. West's F.S.A. RCP Rule 1.490. | "When reviewing a case for fraud upon the court, should the court consider the proper mix of factors and carefully balance a policy favoring adjudication on the merits?" | 034503.docx | LEGALEASE-00143737-LEGALEASE-00143738 |
| News & Observer Pub. Co. v. Coble, 128 N.C. App. 307 | 307A+552 | When action has become moot, case should be dismissed. | Should a case be dismissed when action has become moot? | Pretrial Procedure - Memo # 7144 - C - VA_58036.docx | ROSS-003285286-ROSS-003285287 |
| United States v. Menendez, 132 F. Supp. 3d 610 | 393+220(5) | E-mail communications between United States Senator's Senior Policy Advisor and State Department official asking to set up meeting between Senator and Assistant Secretary, to talk about cargo from Domican Republic coming into U.S. ports were not "legislative acts," for purposes of immunity under Speech or Debate Clause, in prosecution against Senator for bribery, where e-mails asking to set meeting did not involve actual fact-finding about Domican cargo issues. U.S.C.A. Const. Art. 1, S 6, cl. 1. | Should an indictment of bribery allege the actual performance of an official act to adequately plead bribery? | Bribery - Memo #866 - C-JL.docx | ROSS-003302183-ROSS-003302184 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Colson v. Com., 27 S.W.3d 481 | 67+4 | A hospital room falls within the definition of a "dwelling," as applied to burglary and related offenses. KRS 511.010(2). | Do hospital rooms qualify as a dwelling under burglary? | Burglary - Memo 235 - TB.docx | ROSS-003304482-ROSS-003304483 |
| People v. Meredith, 174 Cal. App. 4th 1257 | 67+10 | For purposes of the California first degree burglary statute, a structure need not be occupied at the time; it is "inhabited" if someone lives there, even though the person is temporarily absent. West's Ann.Cal.Penal Code SS 459, 460. | Is a temporarily unoccupied residence considered an inhabited dwelling pursuant to the burglary statute? | Burglary - Memo 238 - TB.docx | LEGALEASE-00035044-LEGALEASE-00035047 |
| Ladd v. Du Bose, 344 S.W.2d 476 | 260+55(1) | Reservation of minerals, to be effective, must be by clear language. | Should reservations in minerals be in clear language? | Mines and Minerals - Memo #231 - C - CSS.docx | ROSS-003288936-ROSS-003288937 |
| Howell v. Witts, 424 S.W.2d 19 | 289+485 | When partnership agreement sets no time limit for duration of relationship, partnership is terminable at will. Vernon's Ann.Civ.St. art. 6132b, S 31(1) (b). | When is a partnership terminable at will? | 022457.docx | LEGALEASE-00146356-LEGALEASE-00146357 |
| Gray v. City of Salem, 271 Mass. 495 | 296+2 | Legislature has power to grant pensions to selected individuals, except where no legitimate public good will be derived therefrom. | Does the legislature have the power to grant a pension? | Pension - Memo 45 - TB.docx | ROSS-003289029-ROSS-003289030 |
| United States v. Lalone, 44 F. 475 | 296+4 | The commissioner of pensions is not a judicial officer, and his rulings in granting a pension upon improper or fraudulent testimony do not estop the government from recovering back moneys paid thereunder. | Can the commissioner of pensions be considered a judicial officer? | 022824.docx | LEGALEASE-00145068-LEGALEASE-00145069 |
| Gulf, C. & S.F. Ry. Co. v. Bliss, 368 S.W.2d 594 | 302+34(1) | Petition will be construed as favorably as possible to pleader and court will look to pleader's intendment and will uphold pleading even if some element of cause has not been specifically alleged. | Are pleadings generally construed as favorably as possible to the pleader? | 023555.docx | LEGALEASE-00145883-LEGALEASE-00145884 |
| Stroud v. Riddle, 260 S.C. 99 | 302+11 | A litigant is not required to plead evidentiary matter. | Is a litigant required to plead evidentiary matter? | Pleading - Memo 444 - RMM_57493.docx | ROSS-003295051-ROSS-003295052 |
| Wells Fargo Bank, N.A. v. Reeves, 92 So. 3d 249 | 266+1798 | Dismissal with prejudice, due to alleged fraud upon the court, of mortgagee's foreclosure action was an abuse of the trial court's discretion, although mortgagors' motion to dismiss the complaint stated that statements in the complaint that mortgagee owned the mortgage and note and that it brought the suit in its capacity as a valid securitized trustee constituted fraud upon the court, where dismissal with prejudice was not supported by clear and convincing evidence advanced by the mortgagors of sufficiently unconscionable, deceitful conduct by the mortgagee. | "Are inartful pleadings, inconsistent testimony, and even lying to the court by a witness generally insufficient to support a dismissal for fraud upon the court?" | 034088.docx | LEGALEASE-00145284-LEGALEASE-00145285 |
| Koski v. Johnson, 837 N.W.2d 739 | 233+1765(2) | Residential tenant did not waive defense that court lacked personal jurisdiction over her in eviction action, based on landlord's allegedly improper service of process, even though tenant participated in litigation by moving for dismissal on grounds of improper service, filing answer, moving for summary judgment, and asserting defenses on the merits; tenant filed answer and motion for summary judgment at the same time she asked court to rule on her motion to dismiss for improper service, and there was no evidence that tenant acquiesced to court's jurisdiction. | "Should a district court dismiss the action, absent proper service of process or a waiver thereof?" | Pretrial Procedure - Memo # 6534 - C - AP.docx | ROSS-003304875-ROSS-003304876 |
| Woodbury Lumber Co. v. McIntosh, 125 Vt. 154 | 307A+552 | A defendant is entitled to be protected from vexatious litigation. | Is a defendant entitled to be protected from vexatious litigation? | 035102.docx | LEGALEASE-00146085-LEGALEASE-00146086 |
| St. Louis Sw. Ry. Co. v. Emmerson, 30 F.2d 322 | 371+2005 | Amount demanded is unimportant when there is no equitable basis for tax. | Is the amount demanded important when there is no equitable basis for tax? | 11425.docx | LEGALEASE-00094273-LEGALEASE-00094274 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tyroll v. Private Label Chemicals, 505 N.W.2d 54 | 230+14(1) | Determining amount of compensation benefits recoverable out of common-law damages award involves administration of Workers' Compensation Act in all its intricacies and, as such, is separate matter for court, not jury, to determine. M.S.A. S 176.001 et seq. | Is the extent of the employer's obligation under the Workers' Compensation Act determined according to the common law measure of damages? | 11476.docx | LEGALEASE-00094489-LEGALEASE-00094490 |
| United States v. Manzo, 851 F. Supp. 2d 797 | 83+82.10 | For purposes of the rule that if the alleged conduct of a defendant falls within the generic term "bribery" as used in the Travel Act, it is a proper predicate offense for a Travel Act violation, no distinction should be made between the actual and apparent ability a bribe receiver possessed at the time of exchange to influence official action or public office. 18 U.S.C.A. S 1952. | When does the attempt to influence a public officer's official duties constitute the crime of bribery? | 012005.docx | LEGALEASE-00147700-LEGALEASE-00147701 |
| Com. v. McCoy, 209 Pa. Super. 399 | 67+4 | Outdoor telephone booth was a "building" within burglary statute. 18 P.S. S 4901. | Is a telephone booth a building under burglary law? | Burglary - Memo 250 - SB_57628.docx | ROSS-003306129-ROSS-003306130 |
| Lee v. Union R. Co., 12 R.I. 383 | 200+196 | A horse was frightened by the overturning of a sleigh to which it was harnessed, the overturning being caused by a heap of snow and ice wrongfully made and left in a highway by defendant. Plaintiff, who was walking, was injured by the horse running away. Held, that the obstruction was the proximate cause of the injury. | Who is liable for the damage when one negligently frightens another horse which thereupon injures another? | Highway - Memo 188-ANM_57463.docx | ROSS-003306438-ROSS-003306439 |
| Parsons v. Crown Disposal Co., 15 Cal. 4th 456 | 48A+177(4) | Driver of garbage truck who was emptying trash container into truck while in parking lot which was adjacent to public bridle path did not breach limited duty of care owed to rider of horse on path, and was not liable for injuries suffered by rider after horse became frightened by operation of truck; nothing indicated that driver operated truck in anything but regular and necessary manner of garbage truck acting like a garbage truck, or that driver knew in time to take adequate countermeasures that horse had actually become frightened or that he thereafter neglected to take reasonable steps to avoid increasing risk to rider. | When is one liable for frightening a horse in a highway? | 018636.docx | LEGALEASE-00147821-LEGALEASE-00147822 |
| Cole v. Ralph, 252 U.S. 286 | 260+17(1) | Location confers no right in the absence of discovery, nor will assessment work take the place of discovery. | Does location or compliance with location requirements confer rights in the absence of a valid discovery? | 021562.docx | LEGALEASE-00147708-LEGALEASE-00147709 |
| Anderson v. U.S. Fid. & Guar. Co., 1997 OK 124 | 296+7 | Under act granting annuities to certain civilian officials and employees who were engaged in and about construction of Panama Canal during construction period, or to their widows, right of annuitant accrues when annuitant has filed proper application. Act May 29, 1944, S 3, 58 Stat. 257. | When does a right to an annuity accrue? | 022840.docx | LEGALEASE-00147842-LEGALEASE-00147843 |
| Massey v. Sunrise Hosp., 102 Nev. 367 | 307A+590.1 | During pendency of appeal, any time limitations with respect to dismissal for lack of prosecution are tolled. | "During the pendency of an appeal, are any time limitations tolled?" | Pretrial Procedure - Memo # 7484 - C - BP_57523.docx | ROSS-003312432-ROSS-003312433 |
| Felo v. Ochsner Med. Ctr.-Westbank, 182 So. 3d 417 | 307A+581 | A dismissal on the grounds of abandonment is a dismissal "without prejudice." LSA-C.C.P. art. 561. | Should dismissal on the grounds of abandonment be made without prejudice? | 11082.docx | LEGALEASE-00094410-LEGALEASE-00094411 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Louisiana Dep't of Transp. & Dev. v. Bayou Fleet, 37 So. 3d 1066 | 13+70 | The article on abandonment of an action imposes three requirements on plaintiffs: (1) a plaintiff must take some step towards prosecution of their lawsuit, i.e., formal action must be taken before the court to hasten the suit toward judgment or a deposition must be taken; (2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit; and (3) the step must be taken within the legislatively prescribed time period of the last step taken by either party. LSA-C.C.P. art. 561. | "To satisfy a code provision governing abandonment, is it necessary that any discovery pleadings be mailed to all the parties to the action?" | 11281.docx | LEGALEASE-00094281-LEGALEASE-00094282 |
| Burgess v. State, 178 So. 3d 1266 | 352H+41 | Marriage can be an affirmative defense to sexual battery; yet, it is not an absolute defense. West's A.M.C. SS 97-3-95, 97-3-99. | Is marriage a defense for sexual offenses? | 043042.docx | LEGALEASE-00147890-LEGALEASE-00147891 |
| Nguyen v. Schwegmann Giant Supermarket, 548 So. 2d 343 | 413+2 | Workmen's Compensation Act does not lend itself to analogy. LSA-R.S. 23:1021 et seq. | Does the Workmens Compensation Act lend itself to analogy? | 11464.docx | LEGALEASE-00094657-LEGALEASE-00094658 |
| Graczyk v. Workers' Comp. Appeals Bd., 184 Cal. App. 3d 997 | 413+56 | Varsity college athlete with athletic scholarship did not have vested right to workers' compensation benefits, and his constitutional objection to retroactive application of legislative amendment further clarifying employee status of amateur student athletes as persons not entitled to workers' compensation benefits had no bearing; athlete's inchoate right to benefits under workers' compensation law was wholly statutory and had not been reduced to final judgment before legislative amendment. West's Ann.Cal.Labor Code S 3352(k). | Is the workers' compensation law a statutory system enacted pursuant to constitutional grant of plenary power to the Legislature? | 10650.docx | LEGALEASE-00095130-LEGALEASE-00095131 |
| Tejas Dev. Co. v. McGough Bros., 165 F.2d 276 | 25T+169 | After preliminary award by arbitrators appointed pursuant to agreement to arbitrate contained in contracts for grading of streets and building houses, it was too late for owner to withdraw from such submission. | Is it possible to withdraw a submission to arbitration after a preliminary award has been declared? | 007849.docx | LEGALEASE-00148884-LEGALEASE-00148885 |
| Backus-Brooks Co. v. N. Pac. Ry. Co., 21 F.2d 4 | 25T+169 | In absence of provision for filling vacancies, death of one arbitrator named in agreement and incapacity of other revoked submission. | When is the authority of an arbitral board terminated? | 007851.docx | LEGALEASE-00148888-LEGALEASE-00148889 |
| Norcom Elecs. Corp. v. CIM USA Inc., 104 F. Supp. 2d 198 | 25T+200 | Where contract contains broad arbitration clause, court's focus in arbitrability determination is on allegations in complaint rather than legal causes of action asserted; if allegations underlying claims touch matters covered by agreement, then those claims must be arbitrated, regardless of legal labels attached to claims. 9 U.S.C.A. S 2. | Should a court decide at the outset whether an arbitration agreement is broad or narrow? | Alternative Dispute Resolution - Memo 772 - RK_58105.docx | ROSS-003280721-ROSS-003280722 |
| Kelly v. Cent. Bank & Tr. Co. of Denver, 794 P.2d 1037 | 83E+428 | "Indorsement" means the indorser's writing of his or her signature on an instrument or affixing of the indorser's name or some designation identifying the indorser on the instrument, and a check simply inscribed for deposit only to an account other than payee's account and without the payee's signature is not an effective "indorsement.". | What is indorsement? | Bills and Notes- Memo 457-IS_57868.docx | ROSS-003280334-ROSS-003280335 |
| Duke v. Sun Oil Co., 320 F.2d 853 | 8.30E+04 | Law of negotiable instruments is an outgrowth of the law merchant. | Is law of negotiable instruments an outgrowth of the Law Merchant? | Bills and Notes -Memo 630-DB_57865.docx | ROSS-003283254-ROSS-003283255 |
| Fordyce v. Nelson, 91 Ind. 447 | 83E+401 | The assignment by one of two holders of a note of his half to the other is a good assignment in equity. | "In equity, can assignment of a part of a debt be considered good?" | 010592.docx | LEGALEASE-00148344-LEGALEASE-00148345 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Ianniello, 808 F.2d 184 | 319H+28 | When person commits at least two acts that had common purpose of furthering continuing criminal enterprise with which that person is associated, elements of relatedness and continuity needed to establish S 1962(c) RICO violation are satisfied; declining to follow Superior Oil Co. v. Fulmer, 785 F.2d 252 (8th Cir.). 18 U.S.C.A. S 1962(c). | "What is an ""enterprise"" for purposes of a Racketeer Influenced and Corrupt Organizations Act violation?" | 012439.docx | LEGALEASE-00148266-LEGALEASE-00148267 |
| People v. Lauder, 82 Mich. 109 | 110+280(2) | A plea in abatement to an indictment set forth that defendant, being ignorant that any charge was made against him, was, under compulsion of a subpoena, brought before the grand jury, and there compelled to give his oath, and without opportunity to consult or have the aid of counsel was compelled to testify, and did testify, "to facts material and necessary to prove the truth of said charges," and to sustain the indictment as a true bill; and that upon such testimony, and that of certain other witnesses, the indictment was found to be a true bill. Held, the plea was bad for uncertainty and insufficiency. | Is a person testifying to the giving of a bribe which has been accepted liable to prosecution? | 012458.docx | LEGALEASE-00148306-LEGALEASE-00148307 |
| United States v. Sabri, 183 F. Supp. 2d 1145 | 63+1(1) | Federal bribery statute's prohibition against "corruptly giv(ing), offer(ing), or agree(ing) to give anything of value to any person" in connection with transaction of organization or state or local government receiving federal funds did not require government to prove connection between offense conduct and organization's or government's expenditure of those funds. 18 U.S.C.A. S 666(a)(2). | "In prosecution for bribery, does the government have to prove the bribe in some way affected federal funds?" | Bribery - Memo #984 - C-JL.docx | LEGALEASE-00038266-LEGALEASE-00038267 |
| United States v. Santopietro, 166 F.3d 88 | 63+1(1) | Requirements for conviction under statute punishing receipt of corrupt payments by person intending to be influenced in governmental transaction involving both at least $5,000 in value and governmental entity receiving more than $10,000 in federal funding were satisfied by conduct of former city political leaders, given evidence that leaders received benefits exceeding $5,000 in value for past and expected future support of real estate transactions and that transactions were within purview of city agencies administering federal funds received for housing, urban development, and other programs. 18 U.S.C.A. S 666(a)(1)(B). | Is the prohibition under federal bribery statute confined to a business or transaction which affects federal funds? | 012502.docx | LEGALEASE-00148350-LEGALEASE-00148351 |
| Ward v. Clark, 232 N.Y. 195 | 48A+171(1) | The supreme rule of the road as to automobilists at street intersections in cities is the rule of mutual forbearance. | "Is mutual forbearance, the supreme rule of the road?" | 019000.docx | LEGALEASE-00148685-LEGALEASE-00148686 |
| United States v. YasithChhun, 513 F. Supp. 2d 1179 | 91+393 | Issue of whether United States was "at peace" with Cambodia presented question of fact that could not be resolved on motion to dismiss indictment for conspiring to damage or destroy property of and to take part in military expedition against a foreign state with which the United States was "at peace," as "at peace" requirement was a element of those crimes. 18 U.S.C.A. SS 956(b), 960. | Is at peace an element of offence under Neutrality Act? | 021708.docx | LEGALEASE-00148510-LEGALEASE-00148511 |
| BancBoston Mortg. Corp. v. Ledford, 127 B.R. 175 | 51+3372.13 | One general partner's fraud could be imputed to another innocent general partner in determining whether other partner's debt was nondischargeable. Bankr.Code, 11 U.S.C.A. S 523(a)(2)(A). | Can fraud be imputed from one partner to another? | 022515.docx | LEGALEASE-00148907-LEGALEASE-00148908 |
| In re Tomlin, 280 B.R. 374 | 289+542 | Under Texas law, partnership agreement is a contract, that is to be construed like any other contract. | Does a partnership agreement need to be construed like any other contract? | Partnership - Memo 477 - JK.docx | LEGALEASE-00038515-LEGALEASE-00038516 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hanson v. Birmingham, 92 F.Supp. 33 | 289+639 | Within the scope of the partnership business, each partner is the agent of all other partners for transaction of partnership affairs, and his acts are the acts of all. | What is the fundamental principle of the law of partnership? | 022523.docx | LEGALEASE-00148919-LEGALEASE-00148920 |
| Breaux v. Auto Zone, 787 So. 2d 322 | 307A+590.1 | Injured motorist's and passenger's letter to alleged manufacturer of brake pads, with attached medical reports, constituted a step in the prosecution of the suit for damages, so as to interrupt the three-year abandonment period, even if motorist and passenger had failed to file a certificate of service for the letter and attachments, where alleged manufacturer did not dispute receiving the letter and attachments. LSA-C.C.P. arts. 561, 1313, 1474. | "Is properly mailing a discovery request to another party a ""step"" that can preclude dismissal for abandonment?" | Pretrial Procedure - Memo # 7592 - C - RY_57800.docx | ROSS-003295068-ROSS-003295070 |
| Smith v. Gallatin Nursing Home, 629 S.W.2d 683 | 413+2 | Entire subject of worker's compensation is statutory. | Is the entire subject of workers compensation statutory? | Workers Compensation - Memo #536 ANC_57836.docx | ROSS-003297890-ROSS-003297891 |
| Ramirez v. Immigration & Naturalization Serv., 550 F.2d 560 | 24+330 | A deportation hearing is a proceeding that is civil, not criminal, in nature. Immigration and Nationality Act, S 241(a)(2), 8 U.S.C.A. S 1251(a)(2). | Are deportation proceedings civil in nature? | Aliens_Immigration and_1sDH5PHS-joTGFwvQDINgB37vBtLLsbKZ.docx | ROSS-000000302-ROSS-000000303 |
| SouthTrust Bank v. Donely, 925 So. 2d 934 | 97C+106 | A negotiable instrument is a chose in action that is subject to conversion. | Is a negotiable instrument a chose in action? | Bills and Notes - Memo 774 -IS_58622.docx | ROSS-003283298 |
| Meekison v. Groschner, 153 Ohio St. 301 | 241+2(2) | Where a note was executed and delivered in a state other than Ohio, but note by its terms was payable to a resident of Ohio at his place of residence, and obligor defaulted in payment, the cause of action arose in Ohio, and statute requiring action upon a promise in writing to be brought within fifteen years after cause of action accrued was applicable rather than statute barring cause of action in Ohio at expiration of lesser number of years, if laws of state where cause of action arose limits time for commencement of action to a lesser number of years than statutes of Ohio. Gen.Code, SS 11221, 11234. | Does the law of the place where the note is made payable govern a note executed in another place? | 009679.docx | LEGALEASE-00149754-LEGALEASE-00149755 |
| Howell v. Roberson, 197 N.C. 572 | 83E+455 | Person placing name on back of note is prima facie indorser and liable only as such. C.S. SS 3044, 3049. | What is the liability of person placing name on a bill before its delivery? | 010572.docx | LEGALEASE-00149091-LEGALEASE-00149092 |
| Hall v. First State Bank of Hawley, 4 S.W.2d 253 | 83E+462 | Suit need not be brought to fix indorser's liability, where notice of dishonor is given (Vernon's Ann.Civ.St. art. 566). | How is liability fixed when there is no notice of dishonor? | Bills and Notes- Memo 705-ANM.docx | LEGALEASE-00038946-LEGALEASE-00038947 |
| Sandza v. Barclays Bank PLC, 151 F. Supp. 3d 94 | 108H+6 | Under District of Columbia law, the relationship between a debtor and a creditor is ordinarily a contractual relationship and not a fiduciary relationship. | What kind of relationship is there between debtor and creditor? | 014051.docx | LEGALEASE-00149868-LEGALEASE-00149869 |
| Tedder v. Deutsche Bank Nat. Tr. Co., 863 F. Supp. 2d 1020 | 172H+35 | Lenders generally owe no fiduciary duties to their borrowers. | Does a fiduciary duty exist between the borrower and the lender? | 014119.docx | LEGALEASE-00149861-LEGALEASE-00149862 |
| In re Irving-Austin Bldg. Corp., 100 F.2d 574 | 108H+4 | Liability for debts is traceable to contractual origin. | Is liability for debts traceable to contractual origin? | 014121.docx | LEGALEASE-00149863-LEGALEASE-00149864 |
| State v. Taylor, 136 Ohio Misc. 2d 18 | 156+62.2(1) | The doctrine of estoppel applies to the state as well as to private individuals. | Does the doctrine of estoppel apply to the state just as it does to individuals? | 017964.docx | LEGALEASE-00149139-LEGALEASE-00149140 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Haragan v. Am. Fed'n of Grain Millers Int'l, AFL-CIO, 445 S.W.2d 131 | 200+80 | Public highways belong to public from side to side and from end to end. | Do public highways belong to public from side to side and from end to end? | Highways - Memo 265 - DB.docx | LEGALEASE-00039129-LEGALEASE-00039130 |
| Allamakee Cty. v. Collins Tr., 599 N.W.2d 448 | 200+79.1 | Established highway or right of way may be abandoned by the public and its rights lost. | Can a highway lose its rights? | 019118.docx | LEGALEASE-00149639-LEGALEASE-00149640 |
| United States v. YasithChhun, 513 F. Supp. 2d 1179 | 91+393 | Issue of whether United States was "at peace" with Cambodia presented question of fact that could not be resolved on motion to dismiss indictment for conspiring to damage or destroy property of and to take part in military expedition against a foreign state with which the United States was "at peace," as "at peace" requirement was a element of those crimes. 18 U.S.C.A. SS 956(b), 960. | Who bears the burden of proving whether the US is at peace? | 021722.docx | LEGALEASE-00149907-LEGALEASE-00149908 |
| Hallet v. Desban, 14 La.Ann. 529 | 289+464 | A party who, without any interest in the property, is, by agreement, to receive as compensation for his services, and only as compensation therefor, a certain proportion of the profits, and is neither held out to the world as a partner nor through the negligence of the owner, permitted to hold himself out as partner, is not a partner either as to the owner or third person. | When can a person be held liable to third persons as a partner? | 022538.docx | LEGALEASE-00149883-LEGALEASE-00149884 |
| In re Greenfield Direct Response, 171 B.R. 848 | 308+105(1) | Under Illinois law, agent who collects money on behalf of principal does not become owner of such money. | "Where an agent earns income on behalf of the principal within the scope of the agency and remits the income to the principal according to the agency relationship, does the income belong to the principal or the agent?" | 041288.docx | LEGALEASE-00149641-LEGALEASE-00149642 |
| S. Pac. Transp. Co. v. Cont'l Shippers Ass'n, 642 F.2d 236 | 308+5 | Corporation may become agent of individual or of another corporation. | Can a corporation become an agent of an individual? | Principal and Agent - Memo 147 - KC_58561.docx | ROSS-003296657-ROSS-003296658 |
| S. Pac. Transp. Co. v. Cont'l Shippers Ass'n, 642 F.2d 236 | 308+5 | Corporation may become agent of individual or of another corporation. | Can a corporation become an agent of another corporation? | 041394.docx | LEGALEASE-00149603-LEGALEASE-00149604 |
| Arkla v. Harris, 846 S.W.2d 623 | 311H+1 | If matter sought to be discovered is privileged, it is not subject to discovery. Vernon's Ann.Texas Rules Civ.Proc., Rule 166b, subds. 3, par. e, 4; Rules of Civ.Evid., Rules 503, 503(a)(5), (b), (d)(1). | Are privileged matters subject to discovery? | 07118.docx | LEGALEASE-00089153-LEGALEASE-00089154 |
| Owens v. Fosdick, 153 Fla. 17 | 371+2001 | The nature of a tax must be determined by its operation rather than by its terminology. | What should determine the nature of the tax in a statute? | Taxation - Memo # 856 - C - JL_58484.docx | ROSS-003283258-ROSS-003283259 |
| Raymond v. Middleton, 29 Pa. 529 | 83E+360 | It was held, that a note, made negotiable at a certain bank, without other words of negotiability, does not become a negotiable instrument until actually negotiated in the first place at the designated bank. | When does a note become negotiable? | 009682.docx | LEGALEASE-00150104-LEGALEASE-00150105 |
| Thompson v. Bank of Am. N.A., 773 F.3d 741 | 83E+481 | Under Tennessee law, assignment of a note is enforceable regardless of whether it is recorded. | Is record of assignment necessary to enforce a note? | 010814.docx | LEGALEASE-00150742-LEGALEASE-00150743 |
| First Nat. Bank v. Carr, 572 So. 2d 1106 | 83E+417 | Bearer paper is transferable by mere delivery. LSA-R.S. 10:3-202(1). | Is bearer paper transferable by mere delivery? | 010958.docx | LEGALEASE-00150762-LEGALEASE-00150763 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Langenfeld v. Chase Bank USA, N.A., 537 F. Supp. 2d 1181 | 172H+1404 | Allegedly erroneous finance charges in credit card holder's notices to creditors were merely incident to "extensions of credit," and thus did not qualify as extensions of credit pursuant to Fair Credit Billing Act's (FCBA) definition of "billing error;" at time of enacting FCBA, finance charges were clearly defined in statute as something other than extensions of credit. Fair Credit Billing Act, S 161(a), (b)(1, 2), 15 U.S.C.A. S 1666(a), (b)(1, 2); 12 C.F.R. S 226.13(a). | Is finance charge an extension of credit? | 013981.docx | LEGALEASE-00150724-LEGALEASE-00150725 |
| Doe v. Ohio State University, 239 F.Supp.3d 1048 | 141E+990 | A university is not a court of law, and it is neither practical nor desirable it be one. | Can a university be a court of law? | Education - Memo #112 - C - ATS.docx | LEGALEASE-00039886-LEGALEASE-00039887 |
| Angell v. Bailey, 225 S.W.3d 834 | 156+19 | Estoppel by deed is the product of a good and valid deed. | Is estoppel by deed the product of a good and valid deed? | 017986.docx | LEGALEASE-00150614-LEGALEASE-00150615 |
| PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp., 387 S.W.3d 525 | 307A+622 | If a complaint makes out a cause of action despite what that action may be labeled, the complaint should not be dismissed for failure to state a claim upon which relief can be granted. Rules Civ.Proc., Rule 12.02(6). | "Should a complaint be dismissed, no matter how inartfully drafted, if it states a cause of action?" | 037095.docx | LEGALEASE-00150708-LEGALEASE-00150709 |
| Alpine Lakes Prot. Soc'y v. Washington State Dep't of Nat. Res., 102 Wash. App. 1 | 149E+698 | Proper remedy for improper ruling of Forest Practices Appeals Board (FPAB) on summary judgment, that no environmental impact statement (EIS) was required under State Environmental Protection Act (SEPA) for a watershed analysis prepared by a timber company that made no mention of any future forest practices, was to remand matter to FPAB for a fact-finding hearing as to whether an EIS was necessary, taking into account unproposed but probable future forest practices; superior court could not determine as matter of law that EIS was required. West's RCWA 43.21C.030, 43.21C.031, 43.21C.037, 76.09.050; Wash. Admin. Code S 222-22-010 et seq. | Does the Forest Practices Act authorize the Forest Practices Board to adopt forest practice rules? | Woods and Forest - Memo 29 - ANM.docx | LEGALEASE-00040501-LEGALEASE-00040502 |
| J.L. Mott Iron Works v. Metro. Bank, 78 Wash. 294 | 172H+551 | A bank, in the absence of limitation of authority known to it, need not inquire as to the disposition of the proceeds of a check indorsed by a general agent, even where the general agent indorses the check to himself and has it credited to his private account, and, as to agents of limited authority, the matter falls under the general rule as to the scope of the authority that the principal holds out. | Is it law that a limited authority to indorse checks for deposit or collection only does not carry with it authority generally to assign or transfer title to the check from the payee? | Bills and Notes-Memo 1124-IS_59403.docx | ROSS-003292302-ROSS-003292303 |
| Best v. Nokomis Nat. Bank, 76 Ill. 608 | 83E+429 | An indorsement of a note or bill for collection does not transfer title therein. | "Do indorsement for collection merely, and for no other purpose transfer title?" | 010788.docx | LEGALEASE-00151343-LEGALEASE-00151344 |
| Gainesville Fin. Servs. v. McDougal, 154 Ga. App. 820 | 106+100(1) | Decision by Court of Appeals that acceleration clauses providing that debtors' failure to pay any installment when due renders, at option of holders, all remaining installments at once due and collectable violate Industrial Loan Act could not be applied retroactively so as to render null and void contract entered into in good faith prior to such decision. Code, SS 25-301 et seq., 25-316, 25-9903. | Does mere presence of acceleration clause make the contracts void? | 013668.docx | LEGALEASE-00150808-LEGALEASE-00150809 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Com. v. Vandyke, 13 Pa. Super. 484 | 178+2 | The intention of the legislature to be extracted from the Act of May 5, 1899, 31 P.S. SS 804, 807, 808, regulating the manufacture and sale of oleomargarine, is to prohibit the imitation of yellow butter by any admixture or addition to oleomargarine during or after manufacture; and the effect of the statute is that butter may be colored yellow, but oleomargarine may not be so colored. | "Is the sale of any article manufactured from animal fat, animal, or vegetable oils prohibited?" | Adulteration- Memo 62-_1JVxSmaOEi0KgoCpIL8RS4bg0ZiyxfBpB.docx | ROSS-000000147-ROSS-000000148 |
| Mullen v. Morris, 2 Pa. 85 | 219+2 | The indorser of a bill of exchange is liable for interest according to the law of the place on which it is drawn. | Which law governs the interest payable on a bill? | Bills and Notes - Memo 869 - RK_59550.docx | ROSS-003309846-ROSS-003309847 |
| Case v. McKinnis, 107 Or. 223 | 8.30E+12 | Where the Negotiable Instruments Law speaks it controls. | Is it necessary for the Negotiable Instruments Law to control when it speaks? | Bills and Notes- Memo 1041- SB_60149.docx | ROSS-003321132-ROSS-003321133 |
| Huse v. Hamblin, 29 Iowa 501 | 8.30E+12 | The law of the place where the indorsement of paper is made will govern as to the rights and liability of the indorser and indorsee, rather than the law of the place where the instrument indorsed was made. | Does the law where the contract took place govern the liability of the indorser? | Bills and Notes - Memo - 1043- SB_60148.docx | ROSS-003283086-ROSS-003283088 |
| Thompson v. 10,000 RV Sales, 130 Cal. App. 4th 950 | 172H+93 | Although financing properly disclosed negative equity in a vehicle credit sale is permissible under the Automobile Sales Finance Act's (ASFA) and Federal Reserve Regulation Z, it is not permissible to include the over-allowance in the cash price of a vehicle, which interpretation is consistent with its remedial purpose of protecting consumers from inaccurate and unfair credit practices through full and honest disclosures. West's Ann.Cal.Civ.Code S 2982; 12 C.F.R. S 226.1. | Is the purpose of ASFA to protect purchasers of motor vehicles from excessive charges? | 013896.docx | LEGALEASE-00151586-LEGALEASE-00151587 |
| Wellmaker v. Lamar Cty. Advisory Bd., 43 Ga. App. 816 | 200+77(1) | Public road cannot be lawfully discontinued, except in manner prescribed by statute. Civ.Code 1910, SS 636-644. | Can an existing public road be discontinued without notice and registration in the proper office? | 018644.docx | LEGALEASE-00151711-LEGALEASE-00151712 |
| Simmons v. Stuckey, 1925 OK 873 | 371+2028 | Legislative authorization of additional apportionment of tax levies for counties and other municipalities, which, together with levies previously authorized, do not exceed constitutional limitation, held valid. | Are the county excise boards authorized to make levies for the construction of county highways? | 018740.docx | LEGALEASE-00151656-LEGALEASE-00151657 |
| Simmons v. Stuckey, 1925 OK 873 | 371+2028 | Legislative authorization of additional apportionment of tax levies for counties and other municipalities, which, together with levies previously authorized, do not exceed constitutional limitation, held valid. | Are the county excise boards authorized to make levies for the construction of state highways? | 018744.docx | LEGALEASE-00151660-LEGALEASE-00151661 |
| Simmons v. Stuckey, 1925 OK 873 | 371+2028 | Legislative authorization of additional apportionment of tax levies for counties and other municipalities, which, together with levies previously authorized, do not exceed constitutional limitation, held valid. | Are the county excise boards authorized to make levies for the maintenance of state highways? | 018757.docx | LEGALEASE-00151668-LEGALEASE-00151669 |
| Simmons v. Stuckey, 1925 OK 873 | 371+2028 | Legislative authorization of additional apportionment of tax levies for counties and other municipalities, which, together with levies previously authorized, do not exceed constitutional limitation, held valid. | Are county excise boards authorized to make levies for the maintenance of county highways? | 018759.docx | LEGALEASE-00151670-LEGALEASE-00151671 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dellums v. Smith, 577 F. Supp. 1449 | 46+6 | Attorney General could not refuse to conduct preliminary investigation under Ethics in Government Act on whether President, Secretaries of State and Defense, and other executive officials violated Neutrality Act by supporting paramilitary operations against Nicaragua on ground that the operations were authorized by the President since the Neutrality Act applied to all persons, including the President. 18 U.S.C.A. S 960; 28 U.S.C.A. SS 591-598. | Is an exception created for the President under the Neutrality Act? | 021730.docx | LEGALEASE-00151594-LEGALEASE-00151595 |
| U.S. Bank, Nat. Ass'n v. Schaeffer, 160 Conn. App. 138 | 83E+728 | A party in possession of a note, endorsed in blank and thereby made payable to its bearer, is the valid holder of the note, and is entitled to enforce the note. C.G.S.A. SS 42a-1-201(b)(21)(A), 42a-3-205, 42a-3-301. | Does possession of a note by a person makes him a valid holder of the note? | Bills and Notes- Memo 1102- ANM_60028.docx | ROSS-003310337-ROSS-003310338 |
| Gannon v. Bronston, 246 Ky. 612 | 8.30E+04 | Negotiable Instruments Law is codification, compilation, or restatement of preexisting law. | Is Negotiable Instruments Law a codification law? | 010051.docx | LEGALEASE-00152404-LEGALEASE-00152405 |
| Aikins v. Peterson, 12 Wis. 2d 209 | 8.30E+04 | Negotiable Instrument Law is a codification of law merchant. W.S.A. 116.79. | Is Negotiable Instruments a codification of the Law Merchant? | Bills and Notes -Memo 1196 -DB_60017.docx | ROSS-003281294-ROSS-003281295 |
| Grimm v. Warner, 45 Iowa 106 | 83E+553 | Where a promissory note had been transferred by indorsement as collateral security, and then, before maturity, with the knowledge of the indorsee, the payee had sold it to a third party, into whose possession it did not come until after maturity, held that the latter acquired it free from equities, and occupied the position of a good faith indorsee before maturity. | Does promissory note taken as collateral security confer title upon the holder? | Bills and Notes-Memo 1076 -IS_60051.docx | ROSS-003283124-ROSS-003283125 |
| Bishop v. Chase, 156 Mo. 158 | 83E+542 | An indorsement of a note written on a separate piece of paper, reciting that the note, with deed of trust accompanying, was placed as collateral security for a loan on another note, and attached to the original and collateral notes by a pin, where there is plenty of room on the note for the indorsement, was insufficient to invest the transferee with the rights of a bona fide purchaser. | Can an indorsement be made in another attached paper as part of the note? | 010766.docx | LEGALEASE-00152485-LEGALEASE-00152486 |
| Bishop v. Chase, 156 Mo. 158 | 83E+542 | An indorsement of a note written on a separate piece of paper, reciting that the note, with deed of trust accompanying, was placed as collateral security for a loan on another note, and attached to the original and collateral notes by a pin, where there is plenty of room on the note for the indorsement, was insufficient to invest the transferee with the rights of a bona fide purchaser. | "To transfer a promissory note, can another paper be attached when there is no room in the note itself?" | Bills and Notes-Memo 1108-IS_60064.docx | ROSS-003279552-ROSS-003279553 |
| Mann v. Merchants' Loan & Tr. Co., 100 Ill. App. 224 | 83E+426 | A note indorsed in blank passes by delivery. | Can notes indorsed in a blank pass by delivery? | Bills and Notes-Memo 1144-PR_59641.docx | ROSS-003319192 |
| United States of America V.S. W.H.I., and Michael and Virginia McGee, 855 F.Supp. 1207 | 200+79.1 | Whether there has been abandonment of public road is ordinarily question of fact to be resolved by trial court. West's C.R.S.A. S 43-2-106. | Is abandonment a question of fact? | Highways - Memo 237 - RK_60180.docx | ROSS-003293695-ROSS-003293696 |
| Sterlane v. Fleming, 236 Iowa 480 | 200+79.1 | A highway once shown to exist is presumed to continue to exist, and abandonment is a fact which must be proved by clear and satisfactory evidence by one asserting such abandonment. | Is there a presumption that once a highway is shown to exist it continues to exist? | 018695.docx | LEGALEASE-00152511-LEGALEASE-00152512 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bank of Am., N.A. v. Rice, 2017 WL 4931814 | 307A+681 | Documents attached to and incorporated within a complaint may be considered in connection with a motion for judgment on the pleadings or a motion to dismiss for failure to state a claim without converting it into a motion for summary judgment, because the obvious purpose of rule requiring conversion of motion to dismiss for failure to state a claim to motion for summary judgment if matters outside the pleadings are presented is to preclude any unfairness resulting from surprise when an adversaryintroduces extraneous material on a motion to dismiss for failure to state a claim, and to allow a party a reasonable time in which to produce materials to rebut an opponent's evidence once the motion is expanded to include matters beyond those cont ained in the pleadings. Rules Civ.Proc., Rule 12(b), (b)(6), (c), West's N.C.G.S.A. S 1A-1. | "If documents are attached to and incorporated within a complaint, do they become part of the complaint?" | Pretrial Procedure - Memo # 9141 - C - DA_60089.docx | ROSS-003294534-ROSS-003294535 |
| Chumasero v. Gilbert, 24 Ill. 293 | 8.30E+10 | A party will only be allowed to recover interest according to the law of the forum, in the absence of an express agreement, unless it be alleged and proved that the law of the place of execution of the note sued fixes a higher rate. | Which law governs a note if no rate of interest is specified? | 009873.docx | LEGALEASE-00153593-LEGALEASE-00153594 |
| Ameritrust Co. v. White, 73 F.3d 1553 | 8.30E+282 | To be negotiable, as unconditional promise to pay sum certain in money with no other promise, order, obligation, or power, note must be like a courier without luggage; it must move unencumbered. O.C.G.A. S 11-3-104(1). | Can a negotiable instrument contain any promise other than an unconditional promise to pay a fixed amount of money? | 009877.docx | LEGALEASE-00153609-LEGALEASE-00153610 |
| Bishop v. Chase, 156 Mo. 158 | 83E+542 | An indorsement of a note written on a separate piece of paper, reciting that the note, with deed of trust accompanying, was placed as collateral security for a loan on another note, and attached to the original and collateral notes by a pin, where there is plenty of room on the note for the indorsement, was insufficient to invest the transferee with the rights of a bona fide purchaser. | Can another paper be attached and made part of the notew hen there is a physical impossibility of an indorsement on the note itself? | 009881.docx | LEGALEASE-00153616-LEGALEASE-00153617 |
| Ctr. Coll. v. Trzop, 127 S.W.3d 562 | 92+4224(11) | College, as a private institution, was not required to afford dismissed student same due process as if it were a public school or any other "state actor." U.S.C.A. Const.Amend. 14. | Are colleges or private institutions constrained to the same rules and standards as public schools or institutions? | 06606.docx | LEGALEASE-00096631-LEGALEASE-00096632 |
| Slater v. Marshall, 906 F. Supp. 256 | 141E+990 | Under Pennsylvania law, community colleges are considered local agencies, not state agencies. | Is a community college a local agency? | Education - Memo #158 - C - ATS_60328.docx | ROSS-003281555-ROSS-003281556 |
| Goldberg v. Regents of Univ. of Cal., 248 Cal. App. 2d 867 | 141E+990 | State university is constitutional department or function of state government. West's Ann.Const. art. 9, S 9. | Is a university a function of state government? | 017078.docx | LEGALEASE-00152963-LEGALEASE-00152964 |
| W.R. Townsend Contracting v. Jensen Civil Const., 728 So. 2d 297 | 30+3281 | In reviewing an order granting a motion to dismiss for failure to state a cause of action, appellate court must accept as true all well-pled allegations in complaint, and draw all reasonable inferences in favor of the pleader. | Should the court accept internally inconsistent factual claims? | 023694.docx | LEGALEASE-00153376-LEGALEASE-00153377 |
| Patrick v. McManus, 14 Colo. 65 | 302+24 | The essential element of a sham plea is its falsity. | Is falsity the essential element of a sham plea? | Pleading - Memo 519 - RMM_60641.docx | ROSS-003283351-ROSS-003283352 |
| Adams v. State Farm Mut. Auto. Ins. Co., 264 S.W.3d 424 | 302+26 | Pleadings are not required to take any particular form. | Are pleadings required to take any particular form? | Pleading - Memo 527-RMM_61215.docx | ROSS-003279172-ROSS-003279173 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Poola v. Howard Univ., 147 A.3d 267 | 307A+681 | At the pleading stage, the plaintiff's burden is not onerous; if a complaint's factual allegations are sufficient, the case must not be dismissed for failure to state a claim on which relief can be granted even if the court doubts that the plaintiff will ultimately prevail. D.C. Super. Ct. R. Civ. P. 12(b)(6). | "At the pleading stage, is the plaintiff's burden not onerous?" | 038236.docx | LEGALEASE-00153215-LEGALEASE-00153216 |
| Ackerman v. Sobol Family P'ship, LLP, 298 Conn. 495 | 308+99 | A principal may make a manifestation of apparent authority by placing an agent in a defined position in an organization or by placing an agent in charge of a transaction or situation, and third parties who interact with the principal through the agent will naturally and reasonably assume that the agent has authority to do acts consistent with the agent's position or role unless they have notice of facts suggesting that this may not be so. Restatement (Third) of Agency S 3.03, comment. | How is apparent authority determined? | 041416.docx | LEGALEASE-00153680-LEGALEASE-00153681 |
| Hidden Brook Air v. Thabet Aviation Int'l Inc., 241 F. Supp. 2d 246 | 308+96 | Actual authority of agent may be express or implied, and distinction turns on the nature of the representation by which principal delegates authority to agent. | Can actual authority of an agent be express or implied? | 041520.docx | LEGALEASE-00152840-LEGALEASE-00152841 |
| Cullum v. Packo, 947 So. 2d 533 | 308+92(1) | An agent both speaks on behalf of and binds the principal. | Can an agent speak on behalf of and bind the principal? | Principal and Agent - Memo 298 - KC_60590.docx | ROSS-003280028-ROSS-003280029 |
| Marfia v. T.C. Ziraat Bankasi, New York Branch, 100 F.3d 243 | 308+99 | Apparent authority is based on principle of estoppel and arises when principal places agent in position where it appears that agent has certain powers which he may or may not possess; thus, when third person holds reasonable belief that agent was acting within scope of his authority and changes his position in reliance on agent's act, principal is estopped to deny that agent's act was not authorized. | How is implied authority viewed in the context of a principal-agent relationship? | Principal and Agent - Memo 303 - KC_60665.docx | ROSS-003281776-ROSS-003281777 |
| Church of Peace v. City of Rock Island, 357 Ill. App. 3d 47 | 371+2001 | Taxes are an enforced proportional contribution levied by the state by virtue of its sovereignty for support of the government; in contrast, a service charge or fees are contractual in nature, either express or implied, and are compensation for the use of another's property, or of an improvement made by another, and their amount is determined by the cost of the property or improvement and the consideration of the return which such an expenditure should yield. | How is a charge different than a tax? | 045986.docx | LEGALEASE-00153233-LEGALEASE-00153234 |
| Miles v. Gordon, 234 Ark. 525 | 371+2001 | "Taxes" are enforced contributions exacted pursuant to statute. | Are taxes enforced contributions exacted pursuant to statutory authority? | 046066.docx | LEGALEASE-00153481-LEGALEASE-00153482 |
| Fed. Land Bank of Saint Paul v. Anderson, 401 N.W.2d 709 | 21+9 | Affidavit may incorporate by reference other papers on file in same action. | Can an affidavit incorporate other documents by reference? | 006657.docx | LEGALEASE-00153859-LEGALEASE-00153860 |
| In re Portnow, 253 A.D. 395 | 21+1 | Thos who make affidavits are held to a strict accountability for the truth and accuracy of their contents. | Should an affidavit always state the truth? | Affidavits - Memo 76 - _1TOd7-eRaIq3abjvjY34o0kyF32FEDNrL.docx | ROSS-000000248-ROSS-000000249 |
| Adams v. Adams, 166 So.3d 1066 | 8.30E+10 | Under Massachusetts law, the law applicable to a promissory note is the law of the place where the note is payable. | Is the law that should be applicable to the note is the law of the place where the note is payable? | Bills and Notes - Memo 4 - KC_60847.docx | ROSS-003294183-ROSS-003294184 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Meekison v. Groschner, 153 Ohio St. 301 | 241+2(2) | Where a note was executed and delivered in a state other than Ohio, but note by its terms was payable to a resident of Ohio at his place of residence, and obligor defaulted in payment, the cause of action arose in Ohio, and statute requiring action upon a promise in writing to be brought within fifteen years after cause of action accrued was applicable rather than statute barring cause of action in Ohio at expiration of lesser number of years, if laws of state where cause of action arose limits time for commencement of action to a lesser number of years than statutes of Ohio. Gen.Code, SS 11221, 11234. | "When a note is executed in one state, but made payable in another, will it be governed by the laws of the state where the note is made payable?" | Bills and Notes - Memo 5 - KC_60848.docx | ROSS-003308215 |
| Carnes v. Clark, 1 Wash. App. 51 | 83E+525 | Where prior to adoption of Uniform Commercial Code note was transferred under language stating that note was sold, assigned and set over, words of transfer constituted an "assignment" and not an "endorsement" and transferee was not a holder in due course. RCWA 62A.3-202(4). | Do words of transfer constitute an assignment? | Bills and Notes - Memo 958 - RK_60816.docx | ROSS-003281323-ROSS-003281324 |
| Phillips Petroleum Co. v. Harnly, 348 S.W.2d 856 | 8.30E+27 | A "draft" is a common term for a "bill of exchange". Vernon's Ann.Civ.St. arts. 5939 et seq., 5940, SS 126, 130; art. 5948, S 191. | Is draft a common term for a bill of exchange? | Bills and Notes - Memo 987 - RK_61316.docx | ROSS-003307330 |
| Pechinski v. Astoria Fed. Sav. & Loan Ass'n, 345 F.3d 78 | 172H+1346 | Fee assessed against mortgagors when home mortgage was assigned to another lender as part of refinancing was not "refinancing penalty" required to be disclosed under TILA; fee did not qualify as "finance charge" since it was in no way "incident to the extension of credit" and thus could not meet statutory definition of refinancing penalty, specific assignment was not contemplated by original mortgage agreement but rather arose only at mortgagors' request well after initiation, and fee was imposed not for refinancing but rather because mortgagors asked for assignment. Truth in Lending Act, SS 106(a), 128(a)(11), 15 U.S.C.A. SS 1605(a), 1638(a)(11). | "To be considered a finance charge, must a charge be incident to, or a condition of, the extension of credit?" | Consumer Credit - Memo 64 - JK_60820.docx | ROSS-003282217-ROSS-003282218 |
| Rodash v. AIB Mortg. Co., 16 F.3d 1142 | 172H+1322 | Truth in Lending Act (TILA) is designed to promote informed use of awareness of cost of credit by consumers. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | What is the purpose of TILA? | 013951.docx | LEGALEASE-00153957-LEGALEASE-00153958 |
| In re Stewart, 164 N.H. 772 | 172H+1344 | Additional price charged by seller over that charged for same goods by seller's retail supplier was "hidden finance charge" within meaning of Pennsylvania Goods and Services Installment Sales Act, Truth in Lending Act, and unfair and deceptive acts and practices law, where only difference between consumer's dealing with seller's retailer and same consumer's dealing with seller was that latter provided convenient credit terms. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq.; 41 P.S. S 101 et seq.; 69 P.S. S 1101 et seq.; 73 P.S. S 201-1 et seq. | Do hidden finance charges enhance prices? | Consumer Credit - Memo 20 - AM_61204.docx | ROSS-003322709-ROSS-003322710 |
| People ex rel. Sussen v. Keller, 382 Ill. App. 3d 872 | 7.60E+120 | A child does not have an absolute right to a college education; however, a trial court may order the payment of postsecondary educational expenses, including college, professional, or other training. S.H.A. 750 ILCS 5/513(a)(2). | Does a child have an absolute right to a college education? | 016796.docx | LEGALEASE-00154141-LEGALEASE-00154142 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wisniewski v. Bd. of Educ. of Weedsport Cent. Sch. Dist., 494 F.3d 34 | 141E+739 | Middle-school student's sending of instant messages over Internet to classmates displaying drawing of pistol firing bullet at person's head, above which were dots representing splattered blood, and beneath which appeared word "kill" followed by name of student's English teacher, posed reasonably foreseeable risk drawing would come to attention of school authorities and would materially and substantially disrupt work and discipline of school, and thus, school officials did not violate student's First Amendment free speech rights by suspending him; although student created and transmitted drawing off school property, drawing's potentially threatening content and its distribution to 15 recipients, including classmates, during three-week period, made it reasonably foreseeable it would come to school authorities' attention. U.S.C.A. Const.Amend. 1. | Do school officials have broad authority to sanction student speech? | 016802.docx | LEGALEASE-00154143-LEGALEASE-00154144 |
| Klamath Land & Cattle Co. v. Roemer, 12 Cal. App. 3d 613 | 156+37 | A grant deed transfers an after-acquired title. West's Ann.Civ.Code, S 1106. | Does a grant deed transfer an after-acquired title? | 018051.docx | LEGALEASE-00153855-LEGALEASE-00153856 |
| Fanning v. LeMay, 38 Ill. 2d 209 | 302+48 | Complaint must contain substantial averments of fact necessary to state cause of action. S.H.A. ch. 110, S 31. | Are formal or technical allegations unnecessary in a pleading? | 023745.docx | LEGALEASE-00154555-LEGALEASE-00154556 |
| Coleman v. City of Mesa, 230 Ariz. 352 | 414+1403 | Complaint brought against city by tattoo artists, who were denied Council Use Permit (CUP) to operate tattoo parlor, stated claim for relief for alleged violations of artists' rights to equal protection and due process; artists alleged that city acted arbitrarily in denying them a permit and that the action did not further any legitimate government purpose. U.S.C.A. Const.Amend. 14; A.R.S. Const. Art. 2, SS 4, 13. | "In determining if a complaint states a claim on which relief can be granted, should courts assume the truth of all well-pleaded factual allegations?" | 038476.docx | LEGALEASE-00154551-LEGALEASE-00154552 |
| Holliday v. Foster, 221 Pa. Super. 388 | 307A+581 | Procrastination in the prosecution of a lawsuit can be the basis for dismissal. Pa.R.C.P. No. 1037(a), 12 P.S. Appendix. | Can procrastination in the prosecution of a lawsuit be the basis for dismissal? | 039196.docx | LEGALEASE-00154795-LEGALEASE-00154796 |
| Kentucky Home Life Ins. Co. v. Johnson, 263 Ky. 787 | 308+92(1) | Acts of agent bind principal when agent is acting within scope of his authority. | When can a principal be bound by the acts of an agent? | 041543.docx | LEGALEASE-00154305-LEGALEASE-00154306 |
| Computer Personalities Sys. v. Aspect Computer, 320 B.R. 812 | 8.30E+27 | Under Uniform Commercial Code (U.C.C.), a postdated check is technically not a check, but instead a credit instrument. U.C.C. S 2-511. | Is a postdated check a credit instrument? | Bills and notes - Memo 16 - KC_61940.docx | ROSS-003319344-ROSS-003319345 |
| Bank of Commerce & Sav. v. Randell, 107 Neb. 332 | 83E+402 | The provision of the Negotiable Instruments Law that an instrument is negotiated by delivery if payable to bearer while if payable to order it is negotiated by endorsement by holder completed by delivery was not intended to include all the ways in which the instrument might be negotiated. Rev.St.1913, S 5348. | Can an instrument be negotiated by transferring from one person to another? | Bills and Notes-Memo 1207-PR_61518.docx | ROSS-003279259 |
| Federal Home Loan Mortg. Corp. v. Lamar, 503 F.3d 504 | 172H+1482 | Collection notice is deceptive, in violation of Fair Debt Collection Practices Act (FDCPA), when it can be reasonably read to have two or more different meanings, one of which is inaccurate. Fair Debt Collection Practices Act, S 807, 15 U.S.C.A. S 1692e. | What damages can a consumer recover if a debt collector violates the Fair Debt Collection Protection Act (FDCPA)? | Consumer Credit - Memo 180 - RK_61842.docx | ROSS-003319767-ROSS-003319769 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Brown v. Marquette Sav. & Loan Ass'n, 686 F.2d 608 | 172H+1537 | Borrower need not have been so misled as to have suffered actual damages as result of violation of Truth in Lending Act to recover statutory penalty. Truth in Lending Simplification and Reform Act of 1980, S 601 et seq., 15 U.S.C.A. S 1601 note; Truth in Lending Act, S 130(d), 15 U.S.C.A. S 1640(d). | Does the borrower need to have been deceived to recover the statutory penalty? | Consumer Credit - Memo 187 - RK_61849.docx | ROSS-003305280-ROSS-003305281 |
| Hallas v. Ameriquest Mortg. Co., 406 F. Supp. 2d 1176 | 172H+1556 | Foreclosure sale terminated borrower/grantor's right of rescission of deed of trust under Truth in Lending Act (TILA). Truth in Lending Act, S 125(f), 15 U.S.C.A. S 1635(f). | Does a foreclosure sale terminate the right of rescission? | Consumer Credit - Memo 191 - RK_61853.docx | ROSS-003305292-ROSS-003305293 |
| McAnaney v. Astoria Fin. Corp., 357 F. Supp. 2d 578 | 172H+1344 | Fees for a courier service must be disclosed under TILA if they are required by the creditor. Consumer Credit Protection Act, S 102 et seq., as amended, 15 U.S.C.A. S 1601 et seq. | Can a fee for courier service charged by a settlement agent be considered as a finance charge if the creditor has not retained the charge? | Consumer Credit - Memo 75 - JK_61502.docx | ROSS-003280663-ROSS-003280664 |
| Absher v. AutoZone, 164 Cal. App. 4th 332 | 172H+1692 | Statute prohibiting a business from requiring personal identification information as part of "any credit card transaction" does not apply to return in exchange for a reversal of the original credit card purchase transaction. West's Ann.Cal.Civ.Code S 1747.08(a). | Does the law protect the personal privacy of consumers who pay for transactions with credit cards? | 013967.docx | LEGALEASE-00155364-LEGALEASE-00155365 |
| Miller v. Colortyme, 518 N.W.2d 544 | 172H+54 | Rent-to-own contracts were protected "consumer credit sales" within meaning of Consumer Credit Sales Act (CCSA); legislature would not have amended CCSA to define certain terminable leases if sales if it did not intent such leases to be protected consumer credit sales, and, under such contracts, sellers do extend "credit," as buyers of goods are not required to make full payment upon acquiring possession but are allowed to pay for goods sold over time. M.S.A. S 325G.15, subd. 2. | "At common law, is a rent-to-own transaction a lease or a sale?" | Consumer Credit- Memo 20 - AM_61337.docx | ROSS-003279346-ROSS-003279347 |
| Carey v. Brown, 447 U.S. 455 | 129+111 | Illinois statute prohibiting picketing of residences or dwellings, but exempting from its prohibition peaceful picketing of place of employment involved in labor dispute, denied equal protection, notwithstanding state's asserted interests in promoting privacy of home and in providing special protection for labor protests. S.H.A.Ill. ch. 38, S 21.1-2; U.S.C.A.Const. Amends. 1, 14. | Does a prohibition on picketing on public streets and sidewalks regulate expressive conduct protected by the First Amendment? | Disorderly Conduct-Memo 149-JK_61893.docx | ROSS-003281820-ROSS-003281821 |
| Steubenville & Wheeling Traction Co. v. Brandon, 87 Ohio St. 187 | 396A+23.1 | Team driver at crossing has equal rights with street car, and motorman should so control car as to be able to stop if necessary to avoid accident. | Can the rights of a driver of a horse and wagon be equal? | 019195.docx | LEGALEASE-00155675-LEGALEASE-00155677 |
| Cumberland Contractors v. State Bank & Tr. Co., 327 Ga. App. 121 | 302+37 | If material allegations are missing from a pleading, then the pleading fails. | "If material allegations are missing from the pleading, will it fail?" | 023765.docx | LEGALEASE-00155326-LEGALEASE-00155327 |
| Pac. Air Lines v. Superior Court In & For City & Cty. of San Francisco, 231 Cal. App. 2d 587 | 21+9 | Test of sufficiency of affidavit is whether an indictment for perjury will lie if it is false. | What determines the sufficiency of an affidavit? | Affidavits - Memo 77 - _1Undz2n0PTbxcNnUU2 wkTT9vDjNkZIdC6.docx | ROSS-000000250-ROSS-000000251 |
| Brown v. Branch, 758 N.E.2d 48 | 156+52(1) | "Estoppel" is a judicial doctrine sounding in equity. | Is estoppel a judicial doctrine sounding in equity? | 017751.docx | LEGALEASE-00155946-LEGALEASE-00155947 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Chuck Wagon Feeding Co. v. Davis, 768 S.W.2d 360 | 302+34(2) | If party pleads generally and then goes further and pleads specifically on same subject, specific allegations control; pleader cannot rely on general but is confined to his specific allegations. | Can the pleader rely on the general allegations? | 023795.docx | LEGALEASE-00156224-LEGALEASE-00156225 |
| Chuck Wagon Feeding Co. v. Davis, 768 S.W.2d 360 | 302+34(2) | If party pleads generally and then goes further and pleads specifically on same subject, specific allegations control; pleader cannot rely on general but is confined to his specific allegations. | Is the pleader confined to his specific allegations? | Pleading - Memo 566 - RMM_62374.docx | ROSS-003281227-ROSS-003281228 |
| Couchman v. Cardona, 471 S.W.3d 20 | 307A+690 | A motion to dismiss with prejudice is a motion for sanctions relief. | Is a motion to dismiss with prejudice a motion for sanctions relief? | Pretrial Procedure - Memo # 10231 - C - TJ_61736.docx | ROSS-003279340-ROSS-003279341 |
| Florida Dep't of Revenue ex rel. A.L. v. S.B., 124 So. 3d 377 | 285+142 | Failure of state department of revenue to join child's legal father as party in proceedings on petition to establish paternity, child support, and for award of other relief warranted dismissal with leave to amend, in order to permit department to allege facts necessary to establish that child's legal father was not necessary party. | Can dismissal with prejudice constitute an abuse of discretion where a party can be able to plead additional facts to support its cause of action or support another cause of action under a different legal theory? | Pretrial Procedure - Memo # 10254 - C - SN_61759.docx | ROSS-003279629-ROSS-003279630 |
| Claiborne Med. Corp. v. ABC Ins. Co., 185 So. 3d 216 | 307A+581 | A dismissal of an action on the grounds of abandonment is a dismissal without prejudice. LSA-C.C.P. art. 561. | Can a dismissal on the grounds of abandonment only be made without prejudice? | 024681.docx | LEGALEASE-00155944-LEGALEASE-00155945 |
| King Cty. Fire Prot. Districts No. 16, No. 36 & No. 40 v. Hous. Auth. of King Cty., 123 Wash. 2d 819 | 371+2002 | If charges are primarily intended to raise money, they are "taxes"; if charges are primarily tools of regulation, they are not taxes; and where charge is related to direct benefit or service, it is generally not considered tax or assessment. West's RCWA 35.82.210. | "Is a charge a tax, if it is primarily a tool of regulation?" | Taxation - Memo # 984 - C - JL_62129.docx | ROSS-003279275-ROSS-003279276 |
| Country Joe v. City of Eagan, 560 N.W.2d 681 | 414+1382(4) | Road unit connection charge imposed by city as condition of issuance of building permits was unlawful "tax," rather than regulatory or license fee authorized under city's general welfare powers; there was already separate building permit fee covering regulatory costs, plain language of resolution enacting charge indicated that it was expressly intended to raise revenue, and revenues collected were not earmarked for projects necessitated by new development, but funded all major street construction, as well as repairs of existing streets. M.S.A. S 412.221, subd. 32. | "When the true motivation of government is to raise revenue, is that the charge in question in fact a tax?" | 046140.docx | LEGALEASE-00156379-LEGALEASE-00156380 |
| People v. Suazo, 87 P.3d 124 | 3.77E+29 | Harassment-stalking statute requires that defendant both knowingly makes a credible threat to victim and knowingly engages in conduct in connection with the threat. West's C.R.S.A. S 18-9-111(4)(b)(I). | "What does ""conduct in connection with a credible threat"" mean for purposes of a stalking conviction?" | 046815.docx | LEGALEASE-00155984-LEGALEASE-00155985 |
| Phillips v. State Farm Mut. Auto. Ins. Co., 121 Ga. App. 342 | 67+6 | Burglary statute does not require occupier of residence to be in the home at time of the burglary. OCGA 1971, 35-43-2-1. | Does a home have to be occupied to commit burglary? | Burglary - Memo 262 - RK_62267.docx | ROSS-003325923-ROSS-003325925 |
| State v. Singley, 392 S.C. 270 | 67+7 | One cannot commit the offense of burglary by breaking into his own home, although the person must be in lawful possession of the home. Code 1976, S 16-11-311(A)(3). | Can one commit the offence of burglary by breaking into his own home? | Burglary - Memo 264 - RK_62269.docx | ROSS-003309412-ROSS-003309414 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tradesmen's Nat. Bank of Philadelphia v. Green, 57 Md. 602 | 83E+316 | The plaintiff was the holder for value of the following paper: We the undersigned, Commissioners of Madison Square, hereby promise to pay to the order of A. Petticord or bearer, the sum of $476.60, out of the appropriation for the said square for the year 1879, for lamps and fixtures furnished at Madison Square, according to contract, which is hereby approved: signed by the defendants, Commissioners of Madison Square. On this paper, set out in his narr., the plaintiff sued the defendants. There was no assignment in writing from A.P. to the plaintiff. The narr. did not contain the averment "for money payable by the defendants to the plaintiff." The defendants demurred, and judgment was entered for them. Held that the demurrer was well taken, on the ground that the instrument declared on was not negotiable, and, therefore, under the Code, Art. 9, sec. 1, the plaintiff could not maintain the suit in its own name; that there being no assignment of the paper in writing, the suit should have been instituted in the name of A.P. to the use of the holder. | Is an assignment in writing necessary for a person to sue in his own name where the note is nonnegotiable? | 009061.docx | LEGALEASE-00156510-LEGALEASE-00156511 |
| State ex rel. Gentry v. Hostetter, 343 Mo. 1090 | 83E+481 | The Uniform Negotiable Instruments Act does not prevent the transfer of a negotiable or nonnegotiable instrument by assignment. Mo.St.Ann. S 2629 et seq., p. 643 et seq. | Can a non-negotiable instrument be transferred by assignment? | Bills and Notes -Memo 1233 -JK_62258.docx | ROSS-003294822-ROSS-003294823 |
| Badgley v. Votrain, 68 Ill. 25 | 83E+481 | The legal title to a note cannot be transferred by assignment by a separate instrument. | Can a legal transfer of a note be done by a separate instrument? | 010074.docx | LEGALEASE-00156627-LEGALEASE-00156628 |
| Pepitone v. State, 846 So. 2d 640 | 210+815 | Attempted burglary is not a necessary lesser-included offense of burglary; it is a permissive or category two lesser-included offense. | Is attempted burglary a lesser included offense of burglary? | Burglary - Memo 290 - RK_62292.docx | ROSS-003305823-ROSS-003305824 |
| State v. Smith, 10 R.I. 258 | 67+46(3) | Where defendant had opened bathroom window of burglary victim's house, defendant had instructed one confederate to go through open window and unlock door, and confederate accomplished this task, aided in part by boost up to window by defendant, opening in victim's house was made by person other than defendant under defendant's direction, and supported trial court's instruction on constructive breaking in defendant's prosecution for first-degree burglary. | What does constructive breaking mean in the context of burglary? | Burglary - Memo 307 - RK_62309.docx | ROSS-003299357-ROSS-003299358 |
| State v. Vanek, 59 Idaho 514 | 67+9(3) | Under statutory definition of "burglary," a single act of entry is sufficient to constitute the crime, without the "breaking" required at common law. Code 1932, S 17-3401. | Is breaking an essential element of burglary? | Burglary - Memo 316 - RK_62318.docx | ROSS-003295491-ROSS-003295492 |
| Arroyo v. State, 564 So. 2d 1153 | 67+10 | Pocket knife can be a "dangerous weapon" under attempted armed burglary statute depending upon use made of pocket knife and other facts involved in particular case; knife can be dangerous weapon if it is used in a manner likely to cause death or great bodily harm. West's F.S.A. SS 790.001 et seq., 790.001(13), 810.011 et seq., 810.02(2)(b). | Are knives a deadly weapon? | 013164.docx | LEGALEASE-00156597-LEGALEASE-00156598 |
| Alonso v. State, 447 So. 2d 1029 | 3.77E+10 | Crime of extortion does not contemplate kind of malice in which extortionist hates his victim, but rather, "malice" requirement is satisfied if threat is made wilfully and purposely to prejudice and injury of another. West's F.S.A. S 836.05. | "When does a threat satisfy the ""malice"" requirement of the crime of extortion?" | 046680.docx | LEGALEASE-00156494-LEGALEASE-00156495 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Gentry v. Hostetter, 343 Mo. 1090 | 83E+481 | The Uniform Negotiable Instruments Act does not prevent the transfer of a negotiable or nonnegotiable instrument by assignment. Mo.St.Ann. S 2629 et seq., p. 643 et seq. | Can a negotiable instrument be transferred? | 009112.docx | LEGALEASE-00157179-LEGALEASE-00157180 |
| Ray v. Livingston, 204 N.C. 1 | 83E+426 | Indorsement of note in blank creates presumption of intent to transfer indorser's title. C.S. S 3047. | Does indorsement in blank presumes intent to transfer? | Bills and Notes-Memo 1279-ANM_63205.docx | ROSS-003296745 |
| Vacuum Sys. v. Bridge Const. Co., 632 A.2d 442 | 156+118 | Estoppel is a doctrine that should be carefully and sparingly applied and requires clear and satisfactory proof. | Does estoppel require clear and satisfactory proof? | Estoppel - Memo #189 - C - CSS_63213.docx | ROSS-003293004-ROSS-003293005 |
| Chrysler Sales Corp. v. Smith, 9 F.2d 666 | 217+1000 | In legal concept, insurance does not attach to property, but to persons. | Does insurance attach to property besides persons? | 019550.docx | LEGALEASE-00157448-LEGALEASE-00157449 |
| Hardaway v. Howard Indus., 211 So. 3d 718 | 30+3896 | In reviewing the grant of a motion to dismiss for failure to state a claim upon which relief can be granted, appellate court accepts as true all well-pled factual allegations in the complaint, and it will affirm only if it appears beyond doubt that the plaintiff would be unable to prove any set of facts that would support a right of recovery. Rules Civ.Proc., Rule 12(b)(6). | "Is a ruling that a plaintiff's claim is premature not a ruling on the merits of the claim, and thus dismissal of the claim should be without prejudice?" | 024921.docx | LEGALEASE-00157393-LEGALEASE-00157394 |
| White Eagle v. City of Fort Pierre, 2002 S.D. 68 | 307A+581 | The plaintiff has the burden to proceed with an action, to avoid dismissal; the defendant need only meet the plaintiff step by step. SDCL 15-11-11, 15-30-16. | "Does the plaintiff have the burden to proceed with an action, to avoid dismissal?" | 025342.docx | LEGALEASE-00157107-LEGALEASE-00157108 |
| Rotec Indus. v. Mitsubishi Corp., 215 F.3d 1246 | 308+1 | Although an agency relationship can be created by contract or conduct, not all contracts create agency relationships and not all conduct creates agency relationships; the court must decide whether the alleged principal has the right to control the manner and method in which work is carried out by the alleged agent and whether the alleged agent can affect the legal relationships of the principal. | Can all contracts create an agency relationship? | Principal and Agent - Memo 422 - RK_63542.docx | ROSS-003323387-ROSS-003323388 |
| Meyers v. Matthews, 270 Wis. 453 | 308+1 | An agent having authority only to solicit applications and forward them to home office is a "soliciting agent". | What authority does a soliciting agent have? | Principal and Agent - Memo 430 - RK_63550.docx | ROSS-003294718-ROSS-003294719 |
| Phoenix Canada Oil Co. v. Texaco, 842 F.2d 1466 | 170B+3787 | Remand was required to determine whether oil companies could be held liable for actions of their Ecuadorian subsidiaries under customary agency principles; although district court found that parents did not completely dominate subsidiaries, parent and subsidiaries may have entered into agency relationship for specific transaction. | Can an agency relationship develop if two separate corporations are completely unrelated outside of the limited agency setting? | 041810.docx | LEGALEASE-00157910-LEGALEASE-00157911 |
| Rotec Indus. v. Mitsubishi Corp., 215 F.3d 1246 | 308+1 | Although an agency relationship can be created by contract or conduct, not all contracts create agency relationships and not all conduct creates agency relationships; the court must decide whether the alleged principal has the right to control the manner and method in which work is carried out by the alleged agent and whether the alleged agent can affect the legal relationships of the principal. | Can an agency relationship be created through conduct? | Principal and Agent - Memo 462-PR_63476.docx | ROSS-003296308-ROSS-003296309 |
| United States v. Tianello, 860 F. Supp. 1521 | 308+17 | One who is appointed by agent, empowered to make such appointment, to perform functions of agent under primary control of agent is "subagent." Restatement (Second) of Agency S 5. | Who is a sub-agent? | Principal and Agent-Memo 10 - AM_62695.docx | ROSS-003309701-ROSS-003309702 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| City of River Falls v. St. Bridget's Catholic Church of River Falls, 182 Wis. 2d 436 | 405+2020 | Charge by city to cover cost of providing water for public fire protection is "fee," rather than "tax," and, therefore, may be assessed against church without violating its tax-exempt status, even if charge is not for commodities actually consumed, and even though charge is calculated according to property values; making water available, storing it, and ensuring its delivery are proprietary, not governmental functions, and administration of charge is not integral part of property taxing process. W.S.A. 196.03(3)(b). | Is a charge or fee a tax if the primary purpose of a charge is to cover the expense of providing services? | 044571.docx | LEGALEASE-00157046-LEGALEASE-00157047 |
| Keller v. City of Fremont, 719 F.3d 931 | 360+18.43 | In analyzing a preemption claim, a state may enact an otherwise valid law that deters unlawfully present aliens from residing within the state, notwithstanding the federal government's exclusive power in controlling the nation's borders. Immigration and Nationality Act, S 240, 8 U.S.C.A. S 1229a. | Does the federal government have the power to establish a uniform rule of naturalization? | "Aliens, Immigration, and Citizenship - Memo 51 - RK.docx" | LEGALEASE-00047807-LEGALEASE-00047808 |
| Hoppe v. Russo-Asiatic Bank, 200 A.D. 460 | 38+54 | Motives influencing assignor in making assignment, or the consideration does not affect validity of assignment as against debtor. | Is the motive influencing an assignment important? | Bills and Notes - Memo 1429 - RK_63812.docx | ROSS-003279485 |
| Exch. Nat. Bank of Chicago v. Crest Fin. Co., 53 Ill. App. 2d 255 | 8.30E+186 | Handwritten marginal figures relating to date of maturity were no part of instrument and could not be referred to in absence of an ambiguity in note as to due date. | Are marginal figures a part of the negotiable instrument? | Bills and Notes - Memo 22 - KC_63607.docx | ROSS-003323826-ROSS-003323827 |
| Chicago Title Ins. Co. v. Allfirst Bank, 394 Md. 270 | 83E+405 | A signature on the back of an instrument is an indorsement unless it says that it is not, and if the instrument does not indicate any clear intent on the part of the signer to sign as anything other than an indorser, the signature is an indorsement. West's Ann.Md.Code, Commercial Law, S 3-204(a). | Is a signature on an instrument an indorsement? | 009443.docx | LEGALEASE-00158178-LEGALEASE-00158179 |
| Buffalo Cty. v. Richards, 212 Neb. 826 | 8.30E+122 | Consideration for a promissory note may be furnished by a third party. Neb.Rev.St. U.C.C. S 3-408. | Can consideration for a note be furnished by a third party? | Bills and Notes - Memo 24 - KC_63609.docx | ROSS-003320972-ROSS-003320973 |
| Foster v. Berkey, 8 Minn. 351 | 83E+415 | Title to a promissory note may be transferred without indorsement or delivery of such note. | Is indorsement necessary for the transfer of title of a note? | 010891.docx | LEGALEASE-00158512-LEGALEASE-00158513 |
| Grosjean v. Grosjean, 50 So.3d 233 | 95+238(2) | Written contracts may be modified by oral contracts and the conduct of the parties. | Can a written contract of partnership be altered orally? | 022582.docx | LEGALEASE-00158520-LEGALEASE-00158521 |
| Elston Inv., Ltd. v. David Altman Leasing Corp., 731 F.2d 436 | 170B+2447 | Citizenship of all partners of limited partnership was relevant to a determination of partnership's citizenship, for purposes of determining diversity jurisdiction, and since there was not complete diversity, remand to state court was required. | Is the citizenship of all partners relevant in determining the partnerships citizenship? | Partnership - Memo 516-GP_64056.docx | ROSS-003279109 |
| In re Curran, 157 B.R. 500 | 289+541 | One partner cannot, directly or indirectly, use partnership assets for his own benefits, under Massachusetts law; he or she cannot, in conducting business of partnership, take any profit clandestinely, partner cannot carry on business of partnership for private advantage, and partner cannot avail himself or herself of knowledge or information which may be regarded as property of partnership. | Do the partners act as a trustee of the partnership assets so that it benefits all partners in the partnership? | 022623.docx | LEGALEASE-00158693-LEGALEASE-00158694 |
| Richardson v. Gregory, 27 Ill.App. 621 | 289+930 | The partnership closes when there is an end put to the business itself. | Does a partnership close when there is an end put to the business itself? | 022628.docx | LEGALEASE-00158721-LEGALEASE-00158722 |
| Vilardo v. Sacramento Cty., 54 Cal. App. 2d 413 | 302+34(4) | A plaintiff is presumed to have stated his case as strongly as it can be stated in his complaint. | Is a plaintiff presumed to have stated his case as strongly as it can be stated? | 023823.docx | LEGALEASE-00158530-LEGALEASE-00158531 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re J.M., 2012-Ohio-5283 | 307A+561.1 | Motion to dismiss because claim asserted against defendant is barred by affirmative matter avoiding legal effect of claim is analogous to motion for summary judgment. Ill.Rev.Stat.1991, ch. 110, P 2-619(a)(9). | Is motion to dismiss analogous to motion for summary judgment? | 025431.docx | LEGALEASE-00158134-LEGALEASE-00158135 |
| Wade v. Lima Mem. Hosp., 28 N.E.3d 161 | 30+3807 | Patient's complaint, dismissed without prejudice for failure to file expert's affidavit of merit establishing adequacy of medical malpractice claim, was a nullity which could not be considered by Court of Appeals when reviewing trial court's grant of summary judgment to hospital and treating physician in medical malpractice action. Rules Civ.Proc., Rules 10(D)(2), 12(B)(6). | Does a dismissal without prejudice relieve the court of all jurisdictions over the matter and leaves the parties in the same position as if the plaintiff had never commenced the action? | Pretrial Procedure - Memo # 10883 - C - PC_63687.docx | ROSS-003292236-ROSS-003292237 |
| Town of Trumbull v. Palmer, 104 Conn. App. 498 | 307A+693.1 | A nonsuit forecloses the plaintiff from further prosecution of the action. | Does a nonsuit foreclose the plaintiff from further prosecution of the action? | 025752.docx | LEGALEASE-00158669-LEGALEASE-00158670 |
| Erskine v. Gardiner, 162 La. 83 | 307A+693.1 | Dismissal of plaintiff's suit carries with it dismissal of intervention. | Does a dismissal of plaintiff's suit carry with it dismissal of intervention? | 025883.docx | LEGALEASE-00158082-LEGALEASE-00158083 |
| Winger v. Chicago City Bank & Tr. Co., 325 Ill. App. 459 | 302+360 | An order dismissing complaint and giving leave to file amended complaint was not a final order disposing of the litigation, and a defendant filing such motion continued to be a party to the litigation and could not validly object to receiving in evidence a deposition on ground that defendant was not a party to the cause at time the deposition was taken. | "Is an order merely sustaining a demurrer to a complaint or a motion to dismiss which is in the nature of a demurrer not a ""final adjudication""?" | 025887.docx | LEGALEASE-00158090-LEGALEASE-00158091 |
| Borowiec v. Gateway 2000, 209 Ill. 2d 376 | 307A+622 | A motion to dismiss on the pleadings attacks the legal sufficiency of the complaint; such a motion does not raise affirmative factual defenses, but alleges only defects appearing on the face of the complaint. S.H.A. 735 ILCS 5/2-615. | When will a court accept well pleaded allegations as true? | 025950.docx | LEGALEASE-00158723-LEGALEASE-00158724 |
| Perkaus v. Chicago Catholic High Sch. Athletic League, 140 Ill. App. 3d 127 | 272+219 | Where defendant is charged with negligence because of his failure to perform act allegedly required by contract, question of whether defendant actually had duty to perform the act usually must be determined from terms of the contract; in these situations, defendant's duty will not be extended beyond duties described in the contract. | Will the non-existence of duty on part of defendant be the basis for motion for involuntary dismissal in a negligence action? | 039548.docx | LEGALEASE-00159212-LEGALEASE-00159213 |
| Erwin v. State, 152 Tex. Crim. 245 | 308+3(1) | That bailee acts for benefit of bailor does not make him bailor's agent. | Can a bailee act for the benefit of the bailor? | Principal and Agent - Memo 395 - RK_63951.docx | ROSS-003320540-ROSS-003320541 |
| Hanna v. Vastar Res., 84 S.W.3d 372 | 308+19 | An agent is one who consents to the control of another, the principal, where the principal manifests consent that the agent shall act for the principal; principal/agency relationship is not presumed, and the party asserting the relationship has the burden of proving it. | Who has the burden of proving the agency relationship? | 042035.docx | LEGALEASE-00159117-LEGALEASE-00159118 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Korab v. Fink, 797 F.3d 572 | 92+3115 | Hawaii's reduction of state-funded health care benefits for nonimmigrant aliens residing in Hawaii under Compact of Free Association with United States (COFA residents) was rationally related to state's budgetary concerns, and thus did not violate Equal Protection Clause, even though state provided less health coverage to COFA residents than it provided to citizens and qualified aliens who were eligible for federal reimbursements through Medicaid; Welfare Reform Act granted state limited discretion to fill gap left by Congress's withdrawal of federal funding for COFA residents, but did not require it to do so. U.S.C.A. Const.Amend. 14; Welfare Reform Act, S 400, 8 U.S.C.A. S 1601. | Can states add or take from the conditions lawfully imposed by Congress upon the admission of aliens to the United States? | 006888.docx | LEGALEASE-00160112-LEGALEASE-00160113 |
| Georgia Latino All. for Human Rights v. Governor of Georgia, 691 F.3d 1250 | 212+1496 | Nonprofit organizations and others were likely to succeed on merits of their claim that section of Georgia's Illegal Immigration Reform and Enforcement Act, creating state criminal violations for transporting or moving an illegal alien, concealing or harboring an illegal alien, and inducing an illegal alien to enter the state of Georgia, was preempted by Immigration and Nationality Act (INA), as required for preliminary injunction against enforcement of such section; federal government in enacting INA clearly expressed more than peripheral concern with entry, movement, and residence of aliens within United States, and breadth of applicable laws illustrated overwhelmingly dominant federal interest in the field. Immigration and Nationality Act, S 274, 8 U.S.C.A. S 1324; West's Ga.Code Ann. SS 16-11-200 to 16-11-202. | Is it impermissible for a state to adopt complimentary regulations in the field of alien registration? | 006955.docx | LEGALEASE-00160248-LEGALEASE-00160249 |
| Jones v. Rider, 60 N.H. 452 | 83E+822 | A note is presumed to be payable where dated, if no other place of payment is mentioned therein. | Where is a note presumed to be payable? | Bills and Notes-Memo 1401- JK_64841.docx | ROSS-003280609 |
| Chase v. Dow, 47 N.H. 405 | 83E+666 | Where no place of payment is stipulated on a note running with interest, the law of the place where the contract was made will govern as to the rate of interest, though the note is secured by a mortgage on lands in another state, unless the circumstances show that the parties had in view the laws of the latter state in respect to the interest. | According to which law is the interest to be paid? | Bills and Notes-Memo 1402- JK_64842.docx | ROSS-003308645 |
| Wright v. State of Ga., 373 U.S. 284 | 92+3297 | Negro defendants could not constitutionally be convicted of violation of breach of the peace statute for refusal to leave municipally owned park where police officers' order to leave was violative of defendants' rights under the Equal Protection Clause. Code Ga., S 26-5301; U.S.C.A.Const. Amend. 14. | Can a person be constitutionally convicted merely for not complying with an order to leave a premise? | 014283.docx | LEGALEASE-00160006-LEGALEASE-00160007 |
| Hoffman v. Yack, 57 Ill. App. 3d 744 | 141E+997 | A state university and its board of trustees are arms of state and are not independent or autonomous of state. | Is a university autonomous of the State? | Education - Memo #300 - C - ATS_64301.docx | ROSS-003296687-ROSS-003296688 |
| People v. Henderson, 138 Cal. App. 2d 505 | 181+16 | Words "uttering" or "to utter" as used in definition of forgery to effect that forgery is intent to defraud involved in making of a forged instrument or knowingly "uttering" the same mean substantially to offer. S.H.A. ch. 38, S 17-3. | What is the gist of an offence of forgery? | 018437.docx | LEGALEASE-00159883-LEGALEASE-00159884 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gordon's Const. & Landfill v. Iberia Par. Gov't, 815 So. 2d 991 | 183+4 | Non-exclusive franchise does not confer upon the franchisee the right to be free of competition, and does not prevent the granting of a similar franchise to others. LSA-R.S. 33:4169.1. | What are nonexclusive franchises? | Franchise - Memo 37 - KNR_64633.docx | ROSS-003294096-ROSS-003294097 |
| Cent. Power Co. v. City of Hastings, 52 F.2d 487 | 183+2 | Franchise granted by municipal corporation, when ambiguous, must be construed strictly for grantor. | How are franchises construed when ambiguous? | Franchise - Memo 42 - KNR_64638.docx | ROSS-003283136-ROSS-003283138 |
| City of Joseph v. Joseph Waterworks Co., 57 Or. 586 | 268+682(3) | A municipality has no authority to grant a perpetual utility franchise. | Can municipalities grant perpetual franchises? | Franchises - Memo 50 - ANG_65707.docx | ROSS-003296255-ROSS-003296257 |
| McAnarney v. Newark Fire Ins. Co., 247 N.Y. 176 | 217+1001 | Indemnity is the basis and foundation of all insurance law. | Is indemnity the basis and foundation of all insurance laws? | Insurance - Memo 41 - SNJ_64146.docx | ROSS-003293097-ROSS-003293098 |
| Garcia v. City of Bridgeport, 306 Conn. 340 | 217+1001 | Insurance is the assumption of another's risk for profit. | Is insurance the assumption of another's risk for profit? | Insurance - Memo 55 - SNJ_65666.docx | ROSS-003310876-ROSS-003310877 |
| Fort Bragg Unified Sch. Dist. v. Solano Cty. Roofing, 194 Cal. App. 4th 891 | 217+1001 | A construction performance bond is not an insurance policy. | Is a construction performance bond or a performance bond an insurance policy? | 019588.docx | LEGALEASE-00159491-LEGALEASE-00159492 |
| Thomas v. American Nat. Bank, 694 S.W.2d 543 | 289+492 | Partnership, once proved, presumptively continues until contrary appears. | Does a partnership once proven to exist continue until the contrary appears? | 022598.docx | LEGALEASE-00160128-LEGALEASE-00160129 |
| Wiese v. Wiese, 107 So.2d 208 | 289+1052 | Where plaintiff simply walked out on partnership and defendants did not appropriate the business, including assets consisting of personalty and accounts collectible, such assets, on dissolution of partnership, should have been divided by ordering a sale of those assets and distributing balance after deduction of costs of sale, and it was improper to determine value of personalty and to require defendants to pay plaintiff one half of such value which in effect required defendants to buy plaintiff's half interest in such inventory. | Does the sale of all the assets of a firm carry with it the partnership good will? | 022639.docx | LEGALEASE-00159927-LEGALEASE-00159928 |
| Oddo v. Ries, 743 F.2d 630 | 99+41(3) | Co-owner of copyright must account to other co-owners for any profits he earns from licensing or use of copyright. | Is a joint owner of a copyright under a duty to account to the other joint owners of the work? | 022647.docx | LEGALEASE-00159923-LEGALEASE-00159924 |
| Sheridan v. Comp-U-Motive, 168 Ill. App. 3d 451 | 233+1181 | Yield-back clause in commercial lease with its unconditional fire loss exception was complete affirmative defense to landlord's action against tenant for breach of lease by keeping open container of gasoline on premises as landlord failed to exercise its right under lease to terminate lease. | Can an affirmative matter be more than assertion that complaint fails to plead sufficient facts to state cause of action? | Pretrial Procedure - Memo 11142 - C - TM_64204.docx | ROSS-003282484-ROSS-003282485 |
| Howard Elec. & Mech. v. Dep't of Revenue of State of Colo., 771 P.2d 475 | 371+3669 | Electrical and mechanical engineering contractor was liable for payment of Regional Transportation District use tax on tangible personal property it purchased in the District and used to fulfill its construction contracts in the District, where the property was purchased at retail prices and there was no prior payment of sales or use tax. C.R.S. 32-9-119(2)(a). | "Is a ""sales tax"" a tax on a purchase?" | 046233.docx | LEGALEASE-00159844-LEGALEASE-00159845 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| First Nat. Bank of Maywood v. Jones, 48 Ill. 2d 282 | 371+3610 | Where use and occupation tax statutes did not provide for taxation of national banks and rules of Department of Revenue made it clear that national banks were not subject to taxes imposed by those acts for their purchase and use of tangible personal property, legal incidence of those taxes was not imposed on national banks in violation of the limited authority to tax national banks given to the states under federal statute even if suppliers of tangible personal property did in fact pass such taxes on to banks in the form of a price increase. Supreme Court Rules, rule 302(a) (1, 2), S.H.A. ch. 110A, S 302(a) (1, 2); S.H.A. ch. 24, SS 8-11-1, 8-11-5; ch. 34, SS 409.1, 409.2; ch. 120, SS 439.1 et seq., 439.31 et seq., 439.101 et seq., 440 et seq., 441; Ill.Rev.Stat.1965, ch. 120, SS 453.101 et seq., 453.121 et seq.; 12 U.S.C.A. S 548. | Is the Retailer's Occupation Tax a tax on the seller? | Taxation - Memo 1113 - C - VA.docx | LEGALEASE-00050156-LEGALEASE-00050157 |
| United States v. Parker, 116 F. Supp. 3d 159 | 110+410.86 | Noncustodial statements made by psychiatric patient later charged with making threat against President of the United States to Secret Service Agent in conference room of hospital psychiatric ward were voluntary, notwithstanding patient's contention that agent "took advantage of his mental condition, medication and hospitalization and questioned (him) about his hallucinations" despite fact he had voluntarily sought medical treatment to ensure he did not act on the hallucinations; careful reviewof witnesses' credible hearing testimony demonstrated that although patient had taken medication during interview and suffered apparent hallucination during interview, he nonetheless appeared to understand and appropriately respond to agent's questi ons, and record did not reveal any coercive or overreaching tactics employed by agent with respect to characteristics of interrogation itself. U.S.C.A. Const.Amend. 5; 18 U.S.C.A. S 871. | Are threats made by the mentally ill during hospitalization a policy question for Congress? | "Threats, Stalking and Harassment -  Memo # 172 - C ? DH_64725.docx" | ROSS-003298294-ROSS-003298295 |
| State v. Kenney, 233 Ga. App. 298 | 3.77E+10 | "Threat," unlike assault, is not limited by time or distance; it is equally vicious whether made vis-a-vis or over wall or across stream, or whether it is uttered by unaided voice or over megaphone or is amplified through loudspeaker. C.G.S.A. S 53a-62. | Can a threat be limited by time or distance? | "Threats, Stalking and Harassment - Memo #191 - C - LB_64740.docx" | ROSS-003283368-ROSS-003283369 |
| Meekison v. Groschner, 153 Ohio St. 301 | 241+2(2) | Where a note was executed and delivered in a state other than Ohio, but note by its terms was payable to a resident of Ohio at his place of residence, and obligor defaulted in payment, the cause of action arose in Ohio, and statute requiring action upon a promise in writing to be brought within fifteen years after cause of action accrued was applicable rather than statute barring cause of action in Ohio at expiration of lesser number of years, if laws of state where cause of action arose limits time for commencement of action to a lesser number of years than statutes of Ohio. Gen.Code, SS 11221, 11234. | Which law governs a note executed in one state but made payable in another state? | Bills and Notes - Memo 72 - DB_65099.docx | ROSS-003282157-ROSS-003282158 |
| Butler v. Paine, 8 Minn. 324 | 83E+361 | A promissory note or bill of exchange, payable in currency, is payable in money, and is negotiable. | Should a negotiable bill or note be payable in money? | 009668.docx | LEGALEASE-00160775-LEGALEASE-00160776 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State of Ohio ex rel. Squire v. Eubank, 295 Mich. 230 | 8.30E+10 | In case of a note, place of contracting is where note is first delivered for value. | What is the place of contracting for a promissory note? | Bills and Notes -Memo 1379- JK_66281.docx | ROSS-003307105-ROSS-003307106 |
| Johnson v. Henderson, 76 N.C. 227 | 8.30E+303 | A certificate of deposit, when expressed in negotiable words, is negotiable, and subject to the same rules that control other negotiable paper. | Are certificates of deposit negotiable? | Bills and Notes -Memo 56 -AM_65104.docx | ROSS-003281307-ROSS-003281308 |
| United States v. Anderson, 509 F.2d | 63+16 | Briber may be punished separately for separate acts of bribery. 18 U.S.C.A. S 201(a, b). | Can bribers be punished separately for separate acts? | Bribery - Memo 1111 - C - ML_65568.docx | ROSS-003279394-ROSS-003279395 |
| Fish King Enterprises v. Countrywide Ins. Co., 88 A.D.3d 639, 930 N.Y.S.2d 256 | 156+52.10(2) | Waiver is an intentional relinquishment of a known right and should not be lightly presumed. | Should waiver not be presumed lightly? | Estoppel - Memo 234 - C - CSS_65210.docx | ROSS-003294564-ROSS-003294565 |
| Turner v. Howard, 91 Vt. 49 | 184+28 | An exchange of personal property, including horses, is governed by the same rules of law as a contract of sale, and the parties are liable for fraud. | Is a contract or law of exchange the same as that of sale? | 018386.docx | LEGALEASE-00161789-LEGALEASE-00161790 |
| Herold v. Hughes, 141 W. Va. 182 | 200+80 | Public highways of West Virginia belong to the state and are subject to the control of the state. Code, 17-4-8, 17-16-6. | Do public highways belong to the State? | Highways - Memo 392 - RK_66322.docx | ROSS-003322764-ROSS-003322765 |
| Salts v. Estes, 133 Wash. 2d 160 | 313+79 | Service of process upon person who was in defendant's home to temporarily feed defendant's dog and take in his mail during defendant's vacation was not sufficient under substitute service of process statute; person temporarily within defendant's home was not "resident" for purposes of statute. West's RCWA 4.28.080(15). | Can a person have more than one place of residence for the purpose of a signing a petition for a road vacation? | Highways - Memo 447 - RK_66347.docx | ROSS-003312570-ROSS-003312571 |
| Pittsburgh, C., C. & St. L.R. Co. v. Iddings, 28 Ind. App. 504 | 200+182 | The amount of damages is the amount which has been or will be expended necessarily in making the repairs. | How is the amount of damages estimated for making repairs? | Highways - Memo 458 - RK_66358.docx | ROSS-003278654-ROSS-003278655 |
| Cowart v. Perrine, 18 N.J. Eq. 454 | 241+36(1) | In equity the statute of limitations is a bar to an account between partners. | Is statute of limitation a bar to a bill filed for an account of partnership transactions? | 022644.docx | LEGALEASE-00160805-LEGALEASE-00160806 |
| Reed v. Robilio, 273 F.Supp. 954 | 289+937 | Death dissolves a partnership but the fiduciary relationship continues, and the surviving partner retains his fiduciary duty to the deceased partner's estate. | Does a fiduciary relationship exist between partners after dissolution of partnership? | 022670.docx | LEGALEASE-00161353-LEGALEASE-00161354 |
| In re El Paso Pipeline Partners Derivative Litigation, 132 A.3d 67 | 289+1099 | Limited partnership agreements are a type of contract. 6 Del. Code S 17-101(12). | Are limited partnership agreements a type of contract? | 022677.docx | LEGALEASE-00161454-LEGALEASE-00161455 |
| Dalmex, Ltd. v. Apparel Enterprises, 455 S.W.3d 241 | 307A+697 | Conscious indifference, for purposes of rule mandating reinstatement of a case dismissed for want of prosecution if the failure of a party or his attorney to appear "was not intentional or the result of conscious indifference but was due to an accident or mistake," means more than mere negligence. Tex. R. Civ. P. 165a(3). | Does conscious indifference mean more than mere negligence? | 039705.docx | LEGALEASE-00161142-LEGALEASE-00161143 |
| Mendoza v. Tamaya Enterprises, 238 P.3d 903 | 307A+695 | Amendments to pleadings are generally favored over dismissal. | Are amendments to pleadings generally favored over dismissal? | Pretrial Procedure - Memo 11560 - C - BP_65811.docx | ROSS-003293533-ROSS-003293534 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nathan v. State of Louisiana, 49 U.S. 73 | 371+2003 | The taxing power of the state is an attribute of sovereignty and where there has been no compact with the federal government or cession of jurisdiction for the purposes specified in the constitution such power reaches all property and business within the state not properly denominated the means of central, general government. | Is the taxing power of a state one of its attributes of sovereignty? | 046297.docx | LEGALEASE-00161691-LEGALEASE-00161692 |
| State v. Hendrix, 289 Kan. 859 | 3.77E+54 | A jury instruction on self defense is not warranted unless the defendant has used actual physical force; overruling State v. Kincade, 2006 WL 2265090. West's K.S.A. 21-3211. | Does use of force mean actual force or physical contact? | 046932.docx | LEGALEASE-00161078-LEGALEASE-00161079 |
| Dingman v. Dep't of Labor & Indus., 157 Wash. 336 | 413+105 | Injuries received while engaged in work not classified as extrahazardous by Legislature or Department of Labor and Industries are not compensable (Workmen's Compensation Act). | "To recover compensation, what classification is needed?" | 048705.docx | LEGALEASE-00161325-LEGALEASE-00161326 |
| Reed v. Washington Cty. Bd. of Educ., 756 S.W.2d 250 | 156+52.10(2) | If individual does not know of his rights or fails to understand them, he cannot waive those rights. | "If an individual does not know of his rights, can he waive those rights?" | 018156.docx | LEGALEASE-00162271-LEGALEASE-00162272 |
| Williams v. State Farm Mut. Auto. Ins. Co., 202 Mich. App. 491 | 181+4 | Proof of monetary gain is not required for forgery conviction. | Is monetary gain necessary to prove forgery conviction? | Forgery - Memo 56 - SNJ.docx | LEGALEASE-00051970-LEGALEASE-00051971 |
| Cates Constr. v. Talbot Partners, 21 Cal. 4th 28 | 217+1001 | Construction performance bond is not an insurance policy. West's Ann.Cal.Civ.Code S 2787 et seq.; West's Ann.Cal.Ins.Code SS 22, 23, 100(5), 105(a). | Is a construction performance bond an insurance policy? | 019503.docx | LEGALEASE-00162234-LEGALEASE-00162235 |
| State v. Schares, 548 N.W.2d 894 | 217+1001 | Not all contracts concerning risk transference are insurance. | Are all contracts concerning risk transference an insurance? | 019642.docx | LEGALEASE-00162049-LEGALEASE-00162050 |
| Warnig v. Atl. Cty. Special Servs., 363 N.J. Super. 563 | 217+1001 | The essential nature of insurance is that risk is shifted to the insurer for the payment of a premium; it is a gamble. | Is insurance a gamble? | Insurance - Memo 94 - SNJ_65948.docx | ROSS-003294140-ROSS-003294141 |
| San Diego Hous. Comm'n v. Indus. Indem.Co., 95 Cal. App. 4th 669 | 217+1001 | "Insurance" is a means of distributing risks of loss. | Is insurance a means of distributing risks of loss? | Insurance - Memo 98 - SNJ_65952.docx | ROSS-003281341-ROSS-003281342 |
| In re Richmond, 430 B.R. 846 | 289+701 | Partners are liable for the debts of general partnership. | Are all partners liable for the debts of the general partnership? | 022680.docx | LEGALEASE-00162164-LEGALEASE-00162165 |
| Estate of Dormaier ex rel. Dormaier v. Columbia Basin Anesthesia, P.L.L.C., 177 Wash. App. 828 | 302+48 | While a complaint may contain inexpert pleading, it may not contain insufficient pleading. CR 8. | Can a complaint contain inexpert pleading? | Pleading - Memo 620 - RMM_66420.docx | ROSS-003282310-ROSS-003282311 |
| Estate of Dormaier ex rel. Dormaier v. Columbia Basin Anesthesia, P.L.L.C., 177 Wash. App. 828 | 302+48 | While a complaint may contain inexpert pleading, it may not contain insufficient pleading. CR 8. | Can a complaint contain insufficient pleading? | 023909.docx | LEGALEASE-00162104-LEGALEASE-00162105 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Shaffer v. Carter, 252 U.S. 37 | 371+2003 | Governmental jurisdiction in matters of taxation depends upon the power to enforce the mandate of the state by action taken within its borders, either in personam or in rem, according to the circumstances of the case, and the jurisdiction to act remains, even though all permissible measures are not resorted to. | Is the power of taxation of a state limited to subjects within its jurisdiction? | 046389.docx | LEGALEASE-00162114-LEGALEASE-00162115 |
| Nat'l Bank of Detroit v. Dep't of Revenue, 334 Mich. 132 | 371+3662 | The direct legal incidence of Michigan sales tax act falls upon the retailer, but it was the legislative intent that the general sales tax be a tax whose economic burden should fall chiefly on the consumer, although collection of such tax is in some degree an economic burden upon the retailer and, in that sense, is a tax on the privilege of doing retail business in the state. Pub.Acts 1949, No. 272. | "Is a ""sales tax"" a tax imposed upon the privilege of selling?" | 046407.docx | LEGALEASE-00162512-LEGALEASE-00162513 |
| Jones v. Rider, 60 N.H. 452 | 83E+822 | A note is presumed to be payable where dated, if no other place of payment is mentioned therein. | When is a promissory note presumed to be payable? | Bills and Notes - Memo 1372 - RK_66273.docx | ROSS-003306061 |
| Jones v. Volunteers of Am. N. and C. Florida, 834 So. 2d 280 | 307A+590.1 | Defendant's failure to file an answer or other responsive pleading was sufficient to prevent case from being at issue, for purposes of a dismissal for lack of prosecution. West's F.S.A. RCP Rule 1.420(e). | Is the dismissal for failure to prosecute a remedy that is available only as to an entire case? | 041082.docx | LEGALEASE-00162745-LEGALEASE-00162746 |
| Sechrist v. Kurtz Bros., 147 Pa. Super. 214 | 413+324 | Where macaroni manufacturer employed electrician from time to time to install and repair electric equipment, and manufacturer exercised no control over details of work and did not carry electrician or his assistants on its payroll, and electrician furnished his own tools and controlled his assistants, the relation of "contractor and contractee" rather than the relation of "master and servant" or "employer and employee" existed, and electrician was not entitled to recover compensation from manufacturer, though electrician was paid on an hourly rate and was obliged to record on manufacturer's time clock hours worked. 77 P.S. SS 21, 22, 25, 52, 462. | "Under the Workmens Compensation Act, are the terms employer and employee synonymous with master and servant?" | 048747.docx | LEGALEASE-00162680-LEGALEASE-00162681 |
| DeLisio v. Shinseki, 25 Vet. App. 45 | 34+133(2) | Upon the filing of a claim for Department of Veterans Affairs (VA) disability benefits, the Secretary of Veterans Affairs generally must investigate the reasonably apparent and potential causes of the veteran's condition and theories of service connection that are reasonably raised by the record or raised by a sympathetic reading of the claimant's filing. | "If a claimant attempts to identify a diagnosis in his claim for Department of Veterans Affairs (VA) disability benefits, will the claim be limited to benefits for that diagnosis?" | Armed Services - Memo 351 - RK_66871.docx | ROSS-003280490-ROSS-003280491 |
| Williams v. Osbon, 75 Ind. 280 | 83E+481 | The term "assign" implies that the assignment was made on a separate instrument. | Does the word assigned imply that the assignment was made upon separate instrument? | Bills and Notes - Memo 1444 - RK_66502.docx | ROSS-003282715 |
| Stagg v. Linnenfelser, 59 Mo. 336 | 83E+376 | Although, under Wag. St. p. 216, S 15, promissory notes expressed to be for value received shall "be negotiable in like manner as inland bills of exchange," under the provisions of Wag. St. p. 89, S 40, notes payable to a decedent can be assigned after his death only by a duly qualified executor or administrator, and then only to discharge the claims of creditors, legatees, or distributees equal to the amount of the notes. | Is a note negotiable after the death of the payee? | Bills and Notes - Memo 1448 - RK_66506.docx | ROSS-003293093 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Glennan v. Rochester Tr. & Safe Deposit Co., 209 N.Y. 12 | 172H+593 | The death of the drawer of a check revokes the authority of the payee to collect the check. | Does the death of the principal revokes the authority of its agent to collect a check? | Bills and Notes - Memo 1456 - RK_66512.docx | ROSS-003308216-ROSS-003308217 |
| Underwood v. Harkins, 2011 WL 2457680 | 92+1474(3) | Deputy superior court clerk for Georgia county was confidential subordinate of elected superior court clerk, so that clerk could demand deputy's loyalty, and thus, First Amendment did not prohibit clerk from dismissing deputy for running against clerk in political party's primary election for clerk's office; under Georgia law, deputy had powers and duties which were identical to those of clerk, even if deputy's everyday duties under clerk's predecessor had not extended to outer limits authorized by Georgia law. U.S.C.A. Const.Amend. 1; West's Ga.Code Ann. SS 15-6-59(b), 15-6-61(a). | Are the roles of a clerk and a deputy clerk the same? | 013566.docx | LEGALEASE-00164122-LEGALEASE-00164123 |
| Matter of Int'l Gold Bullion Exch., 53 B.R. 660 | 51+2571 | Debtor who sold precious metals to buyer was not a "stockbroker" or a "commodities broker," and sale of precious metals did not involve "securities" within meaning of section 546(e), which provides that trustee may not avoid transfer that is margin payment made by commodity broker or stockbroker, where buyers considered debtor to be a precious metals dealer, not a broker or commodities clearing house dealing in investment securities or commodities contracts. Bankr.Code, 11 U.S.C.A. SS 101(5), 546(e), 547, 741(5, 8), 761(9)(E), (15); Securities Exchange Act of 1934, S 3(a)(23)(A, B), 15 U.S.C.A. S 78 c(a)(23)(A, B). | What is the definition of a commodity broker? | Commodity Futures Trading Regulation - Memo 9 - C - JL_67118.docx | ROSS-003281106-ROSS-003281107 |
| United States v. Figueroa, 683 F.3d 69 | 135H+95.1 | If a mistrial is properly declared it does not prevent reprosecution. U.S.C.A. Const.Amend. 5. | "If a mistrial is properly declared, does it not prevent reprosecution?" | Double Jeopardy - Memo 365 - C - SN_66785.docx | ROSS-003280217-ROSS-003280218 |
| Valspar Refinish v. Gaylord's, 764 N.W.2d 359 | 156+52.10(3) | Knowledge and intent are essential elements of waiver, but the requisite knowledge may be actual or constructive and the intent to waive may be inferred from conduct. | Are knowledge and intent essential elements of waiver? | 018200.docx | LEGALEASE-00162927-LEGALEASE-00162928 |
| City of Niles v. Michigan Gas & Elec. Co., 273 Mich. 255 | 268+71 | Constitutional provision that municipality could not grant irrevocable public utility franchise except by vote of people did not vest power to grant franchises in electors, but transferred to electors power theretofore exercised by common council to give irrevocability to franchises, and Legislature retained power under provision to authorize common council to grant revocable franchises. Const. art. 8, S 25. | Can franchises be revoked at will? | 018603.docx | LEGALEASE-00163354-LEGALEASE-00163355 |
| United States v. Marrero, 743 F.3d 389 | 203+548 | In Pennsylvania, third-degree murder is an unlawful killing with malice but without specific intent to kill; malice, in turn, involves hardness of heart, cruelty, and recklessness of consequences, and exists where the defendant consciously disregarded an unjustifiable and extremely high risk that his actions might cause serious bodily injury. 18 Pa.C.S.A. S 2501(a). | Does malice include cruelty? | Homicide - Memo 182 - RK_66925.docx | ROSS-003293925-ROSS-003293926 |
| Granite Loan Sols. v. King, 334 Ga. App. 305 | 302+43 | A caption is generally not considered a part of the petition. | Is the caption generally considered a part of the petition? | 023931.docx | LEGALEASE-00163344-LEGALEASE-00163345 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| L. Henry Enterprises, Ltd. v. Verifone, 273 Ga. App. 195 | 302+43 | The caption is generally not considered a part of the petition; a plaintiff may make the caption a part of the petition by making an allegation to that effect in the body of the petition. | Is the caption generally considered a part of the petition? | Pleading - Memo 636 - RMM.docx | LEGALEASE-00053530-LEGALEASE-00053531 |
| Kurak v. Control Data Corp., 410 N.W.2d 34 | 307A+697 | A litigant is not to be penalized for neglect or mistakes of his lawyer; parties will be relieved of consequences of neglect or mistakes of their attorneys, when it can be done without substantial prejudice to their adversaries. | Is a litigant not to be penalized for neglect or mistakes of his lawyer? | 040760.docx | LEGALEASE-00163395-LEGALEASE-00163396 |
| Jack v. Wood, 258 Cal. App. 2d 639 | 302+34(5) | The word "particularity" in a pleading or affidavit means the detailed statement of particulars. West's Ann.Code Civ.Proc. S 437c. | What does the word particularity in an affidavit denote? | Affidavits - Memo 75 - _1M7BrYgfzpCDgy0zFz_c 3tdmrSW9qrl2r.docx | ROSS-000000246-ROSS-000000247 |
| Auto Parts Mfg. Mississippi Inc. v. King Const. of Houston, 74 F. Supp. 3d 744 | 25T+141 | Arbitration agreements apply to nonsignatories only in rare circumstances. | Do arbitration agreements apply to nonsignatories? | Alternative Dispute Resolution - Memo 860 - RK_67465.docx | ROSS-003280128-ROSS-003280129 |
| Van Ness v. Hyatt, 38 U.S. 294 | 108H+27 | At common law, an equitable interest, such as an equity of redemption, is not liable to execution. | Are equitable interests liable to execution? | 014095.docx | LEGALEASE-00165091-LEGALEASE-00165092 |
| Lotz v. Atamaniuk, 172 W. Va. 116 | 135+2 | "Domicile" and "residence" are not synonymous; one may have several residences, but only one domicile. | "Can one have several residences, but only one domicile?" | 014594.docx | LEGALEASE-00164252-LEGALEASE-00164253 |
| People ex rel. Sloane v. Lawes, 255 N.Y. 112 | 284+21 | Executive clemency is applied for as matter of grace, never as matter of right. | Is clemency a matter of right? | Pardon and Parole - Memo 5 - RK_67520.docx | ROSS-003280825-ROSS-003280826 |
| Chavez v. State, 132 So. 3d 826 | 284+21 | Because clemency powers derive solely from the state constitution, to the extent statute pertaining to executive clemency conflicts with Rules of Executive Clemency with respect to the scope of confidentiality of clemency materials, the Rules of Executive Clemency control. West's F.S.A. Const. Art. 4, S 8; West's F.S.A S 14.28. | Is the clemency power derived from the constitution? | Pardon and Parole - Memo 8 - RK_67523.docx | ROSS-003321600-ROSS-003321601 |
| Van Sickell v. Margolis, 109 N.J. Super. 14 | 302+69 | Pleader's conclusions of law are not admissions of facts. | "Are the pleader's conclusions of law, admissions of facts?" | 023980.docx | LEGALEASE-00164863-LEGALEASE-00164864 |
| State v. Lopez-McCurdy, 266 S.W.3d 874 | 352H+22 | Proof of ejaculation is not essential to establish that a rape occurred. V.A.M.S. S 566.030. | Is ejaculation essential to establish rape? | 043158.docx | LEGALEASE-00164908-LEGALEASE-00164909 |
| State v. Howe, 247 N.W.2d 647 | 282+137 | Within statute proscribing use of threat with intent to influence another's testimony or cause another to withhold testimony in an official proceeding, no precise words are necessary to convey a threat, which may be made by innuendo or suggestion, and must be considered in the circumstances under which it was spoken. NDCC 12.1-09-01, subd. 1. | Are precise words necessary to convey a threat? | "Threats, Stalking and Harassment - Memo 273 - C - LB_67351.docx" | ROSS-003280882-ROSS-003280883 |
| Stanley v. Superior Court, 206 Cal. App. 4th 265 | 135H+59 | Jeopardy attaches once the jury and the alternates are sworn. U.S.C.A. Const.Amend. 5; West's Ann.Cal. Const. Art. 1, S 15. | Will jeopardy attach once the jury and the alternates are sworn? | Double Jeopardy - Memo 1019 - C - KG_67635.docx | ROSS-003324067-ROSS-003324068 |
| Pistone v. Superior Court, 228 Cal. App. 3d 672 | 135H+100.1 | No criminal defendant can be retried for an offense of which he has once been acquitted. U.S.C.A.Const.Amend. 5. | Can no criminal defendant be retried for an offense of which he has once been acquitted? | 016307.docx | LEGALEASE-00165631-LEGALEASE-00165632 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State in Interest of G.E., 94 So. 3d 863 | 135H+135 | In order to determine whether or not a defendant has been twice placed in jeopardy for the same offense, courts recognize both the "same elements" test and the "same evidence" test. U.S.C.A. Const.Amend. 5; LSA-Const. Art. 1, S 15. | Does a defendant have a right not to be twice placed in jeopardy for the same offense? | Double Jeopardy - Memo 904 - C - NC_67693.docx | ROSS-003283195-ROSS-003283196 |
| Gen. Elec. Capital Corp. v. FPL Serv. Corp., 986 F. Supp. 2d 1029 | 349A+10 | Contract between lessee of industrial copiers and lessor constituted a secured transaction under Iowa law, rather than a lease, regardless of the language of "lease" used in the contract, where the lease prohibited lessee from terminating its obligation to pay lessor for the copiers, stating that "(lessee's) payment obligations hereunder are absolute and unconditional and are not subject to cancellation, abatement, reduction, recoupment, defense or setoff for any reason whatsoever," and the lease gave lessee the option to own the copiers for nominal consideration of $1.00 if it complied with the agreement. I.C.A. S 554.1203(2). | "Does whether a contract constitutes a lease or a security agreement not depend on whether the parties call it a ""lease"" or a ""security agreement""?" | 042700.docx | LEGALEASE-00165712-LEGALEASE-00165713 |
| Jones v. State Bd. of Ed. Of & For State of Tenn., 279 F. Supp. 190 | 135H+1 | An accused cannot be made twice accountable for the same offense. U.S.C.A. Const.Amends. 5, 14. | Can an accused be made twice accountable for the same offense? | 015982.docx | LEGALEASE-00166337-LEGALEASE-00166338 |
| Oeltjenbrun v. CSA Inv'rs, 3 F. Supp. 2d 1024 | 83H+10 | Although the Commodities Exchange Act (CEA) regulates "futures contracts," the Act excludes from the definition of the term "future delivery" "any sale of any cash commodity for deferred shipment or delivery," and hence excludes such contracts, known as "cash forward contracts," from the definition of futures contracts, and by extension, excludes them from Commodity Futures Trading Commission (CFTC) jurisdiction and the ban on "off-exchange" contracts. Commodity Exchange Act, SS 1a(11), 4, as amended, 7 U.S.C.A. SS 1a(11), 6(a). | What is a cash forwards contract? | 013589.docx | LEGALEASE-00166977-LEGALEASE-00166978 |
| Tamari v. Bache & Co. (Lebanon) S.A.L., 730 F.2d 110 | 83H+6.1 | Under both "conduct" and "effects" tests for determining jurisdictional questions arising from transnational disputes, district court had subject matter jurisdiction over cause of action under Commodity Exchange Act arising from trading on United States exchanges, even though parties were nonresident aliens and contacts between them occurred in foreign country since transmission of commodity futures orders to United States constituted "conduct" within United States and alleged fraud implicated integrity of American market. Commodity Exchange Act, SS 4b, 4c, as amended, 7 U.S.C.A. SS 6b, 6c. | What is the essential step in the consummation of any scheme to defraud through futures trading? | 013613.docx | LEGALEASE-00167075-LEGALEASE-00167076 |
| United States v. Tateo, 377 U.S. 463 | 135H+95.1 | There are circumstances in which a mistrial does not preclude a second trial. U.S.C.A.Const. Amend. 5. | Are there circumstances in which a mistrial does not preclude a second trial? | Double Jeopardy - Memo 578 - C - SHB_68357.docx | ROSS-003283170-ROSS-003283171 |
| In re Lunan Family Restaurants, 194 B.R. 429 | 349A+10 | Labeling agreement "lease" does not make it one; whether lease is bona fide or merely financing agreement depends upon circumstances of each case. | "Does labeling agreement ""lease"" not make it one?" | 042670.docx | LEGALEASE-00166997-LEGALEASE-00166998 |
| Brenny v. Bd. of Regents of Univ. of Minnesota, 813 N.W.2d 417 | 141E+992 | University of Minnesota is a legal entity within the State of Minnesota; the university has autonomous status as a constitutional corporation. | Is a univeristy a legal entity within the state? | Education - Memo #299 - C - ATS_64300.docx | ROSS-003284795-ROSS-003284796 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Demayo v. Quinn, 87 Mass. App. Ct. 115 | 3.77E+23 | "Specific person," within the meaning of the criminal-harassment statute, which prohibits a pattern of conduct or series of acts of a certain nature "directed at a specific person," means the victim. M.G.L.A. c. 265, S 43A(a). | "Who does ""specific person"" within the meaning of the criminal-harassment statute, refer to?" | 046775.docx | LEGALEASE-00167356-LEGALEASE-00167357 |
| Thomas v. Bd. of Sup'rs of PanolaCty., 45 So. 3d 1173 | 414+1000 | Issues of zoning are not judicial, but rather, legislative in nature. | Are zoning issues legislative in nature? | Zoning and Planning - Memo 1 - RM.docx | ROSS-003328759-ROSS-003328761 |
| Bank of Cave Spring v. Gold Kist, 173 Ga. App. 679 | 38+1 | "Assignment," unlike a lien, is not merely a charge upon such a property but is an absolute, unconditional and completed transfer of all right, title and interest in property that is subject of assignment, whether in property as a whole or a specified estate in or portion of the property, with concomitant total relinquishment of any control over the property. | Does an assignment require transferring the whole or any part of the property? | 07351.docx | LEGALEASE-00077639-LEGALEASE-00077641 |
| Bank of Cave Spring v. Gold Kist, 173 Ga. App. 679 | 38+1 | "Assignment," unlike a lien, is not merely a charge upon such a property but is an absolute, unconditional and completed transfer of all right, title and interest in property that is subject of assignment, whether in property as a whole or a specified estate in or portion of the property, with concomitant total relinquishment of any control over the property. | Does an assignment require transferring the whole or any part of the property? | 06102.docx | LEGALEASE-00077707-LEGALEASE-00077709 |
| People v. McKenna, 11 Cal. 2d 327 | 110+792(2) | In prosecution for forgery, perjury, and for preparing and offering false evidence, an instruction defining conduct amounting to aiding and abetting another in the commission of a crime was properly given, where evidence authorized finding that defendant did not personally type or prepare forged documents, but that she aided and abetted another in doing so. West's Ann.Pen.Code, SS 132, 134, 470. | Does alteration of a document without authority amount to forgery? | 04307.docx | LEGALEASE-00078208-LEGALEASE-00078209 |
| Adelson v. Harris, 973 F. Supp. 2d 467 | 379+103 | Under New York law, "conduct-regulating rules," for choice-of-law purposes, are those governing conduct to prevent injuries from occurring, while "loss allocating rules" are those that prohibit, assign, or limit liability after tort occurs. | What law applies under choice of law rules in defamation cases? | 13362.docx | LEGALEASE-00081431-LEGALEASE-00081433 |
| In re Trampush, 552 B.R. 817 | 366+1 | Under Wisconsin law, the object of subrogation is to do substantial justice independent of form or contract relation between the parties. | What is the object of subrogation? | 07793.docx | LEGALEASE-00081923-LEGALEASE-00081924 |
| Yamamoto v. Bank of New York, 329 F.3d 1167 | 172H+1557 | Mortgagee's security interest did not become automatically void upon mortgagors' notice that they were exercising their right to rescind loan based upon mortgagee's alleged failure to disclose their right to cancel and alleged inaccurate disclosure of appraisal fees in violation of TILA, where mortgagee contested mortgagors' right to rescind and presented evidence that it did not violate TILA. Truth in Lending Act, S 125(b), 15 U.S.C.A. S 1635(b); 12 C.F.R. S 226.23. | When can the obligor exercise his right of rescission? | Consumer Credit - Memo 15 - RK.docx | ROSS-003316582-ROSS-003316583 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Yamamoto v. Bank of New York, 329 F.3d 1167 | 172H+1557 | Mortgagee's security interest did not become automatically void upon mortgagors' notice that they were exercising their right to rescind loan based upon mortgagee's alleged failure to disclose their right to cancel and alleged inaccurate disclosure of appraisal fees in violation of TILA, where mortgagee contested mortgagors' right to rescind and presented evidence that it did not violate TILA. Truth in Lending Act, S 125(b), 15 U.S.C.A. S 1635(b); 12 C.F.R. S 226.23. | When can the obligor exercise his right of rescission? | 01047.docx | LEGALEASE-00084061-LEGALEASE-00084062 |
| In re Brown, 226 B.R. 39 | 13+61 | Under Montana law, a claim accrues when an action can be brought. | Does a claim accrue when an action can be brought? | Action - Memo # 83 - C - NO.docx | ROSS-003297160-ROSS-003297161 |
| Vang Chanthavong v. Aurora Loan Services, 448 B.R. 789 | 13+61 | Under California law, a claim accrues when an action could have been brought. | Does a claim accrue when an action can be brought? | 05180.docx | LEGALEASE-00084930-LEGALEASE-00084931 |
| Arkla v. Harris, 846 S.W.2d 623 | 311H+1 | If matter sought to be discovered is privileged, it is not subject to discovery. Vernon's Ann.Texas Rules Civ.Proc., Rule 166b, subds. 3, par. e, 4; Rules of Civ.Evid., Rules 503, 503(a)(5), (b), (d)(1). | Are privileged matters subject to discovery? | 05869.docx | LEGALEASE-00089198-LEGALEASE-00089199 |
| Graczyk v. Workers' Comp. Appeals Bd., 184 Cal. App. 3d 997 | 413+56 | Varsity college athlete with athletic scholarship did not have vested right to workers' compensation benefits, and his constitutional objection to retroactive application of legislative amendment further clarifying employee status of amateur student athletes as persons not entitled to workers' compensation benefits had no bearing; athlete's inchoate right to benefits under workers' compensation law was wholly statutory and had not been reduced to final judgment before legislative amendment. West's Ann.Cal.Labor Code S 3352(k). | Are workers compensation benefits statutory? | 01717.docx | LEGALEASE-00092019-LEGALEASE-00092021 |
| Graczyk v. Workers' Comp. Appeals Bd., 184 Cal. App. 3d 997 | 413+56 | Varsity college athlete with athletic scholarship did not have vested right to workers' compensation benefits, and his constitutional objection to retroactive application of legislative amendment further clarifying employee status of amateur student athletes as persons not entitled to workers' compensation benefits had no bearing; athlete's inchoate right to benefits under workers' compensation law was wholly statutory and had not been reduced to final judgment before legislative amendment. West's Ann.Cal.Labor Code S 3352(k). | Is the workers' compensation law a statutory system enacted pursuant to constitutional grant of plenary power to the Legislature? | 11466.docx | LEGALEASE-00094117-LEGALEASE-00094118 |
| Tyroll v. Private Label Chemicals, 505 N.W.2d 54 | 230+14(1) | Determining amount of compensation benefits recoverable out of common-law damages award involves administration of Workers' Compensation Act in all its intricacies and, as such, is separate matter for court, not jury, to determine. M.S.A. S 176.001 et seq. | Question Is the extent of the employer's obligation under the Workers' Compensation Act determined according to the common law measure of damages? | 10660.docx | LEGALEASE-00095435-LEGALEASE-00095436 |
| St. Louis Sw. Ry. Co. v. Emmerson, 30 F.2d 322 | 371+2005 | Amount demanded is unimportant when there is no equitable basis for tax. | Is the amount demanded important when there is no equitable basis for tax? | 10073.docx | LEGALEASE-00096034-LEGALEASE-00096035 |
| Lowe v. Quinn, 32 A.D.2d 269 | 253+134 | Contract to marry is completely void where one party is already married, even though married promissor contemplates divorce and promises were conditional upon that eventuality. | Will a marriage contract made by a person who is already married be valid? | 000246.docx | LEGALEASE-00115476-LEGALEASE-00115477 |
| Evans v. Utah, 21 F. Supp. 3d 1192 | 253+207 | Under Utah law, a marriage becomes valid on the date of solemnization. | Issue: Is a marriage valid without solemnization? | 004425.docx | LEGALEASE-00116652-LEGALEASE-00116653 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Schweihs v. Burdick, 96 F.3d 917 | 237+76 | After legislature shortened limitations period applying to prisoner's defamation claim, by abolishing tolling of prisoners' claims until their release, prisoner acted unreasonably in waiting 22 months after effective date of amendment before bringing defamation claim; delay was unreasonable, particularly where statute of limitations for defamation was only one year. S.H.A. 735 ILCS 5/13-201, 735 ILCS 5/13-211. | QuestionWhat is the statute of limitations for defamation as per state laws? | 002289.docx | LEGALEASE-00119286-LEGALEASE-00119287 |
| Church Mut. Ins. Co. v. Dardar, 119 So.3d 967 | 92+3952 | Once a party's cause of action accrues, it becomes a vested property right, for due process purposes, and statutes enacted after the acquisition of such a vested property right cannot be applied so as to divest a party of his or her vested right in the cause of action because such a retroactive application would contravene due process guarantees. U.S.C.A. Const.Amend. 14; LSA-Const. Art. 1, S 2. | Does a cause of action accrue when a party has the right and capacity to sue? | 005353.docx | LEGALEASE-00126124-LEGALEASE-00126125 |
| State ex rel. Ross v. Bd. of Ed. of City of Beloit, 177 Kan. 540 | 1.41E+30 | The legislature has full control over schools and school property. | Does the legislature have full control over schools and school property? | 016895.docx | LEGALEASE-00127559-LEGALEASE-00127561 |
| Cook v. State, 63 Ga. App. 358 | 67+9(0.5) | Two essential elements of offense of "burglary" are the breaking into and the entering of a house. Code 1933, S 26-2401. | What are the elements of burglary? | 013286.docx | LEGALEASE-00128056-LEGALEASE-00128057 |
| Dillard v. Brown, 652 F.2d 316 | 92+2501 | Claims of sex discrimination and violation of constitutional right of privacy brought by female enlistee who was discharged from New Jersey National Guard pursuant to a regulation forbidding enlistment of single parent with minor, dependent children, were justiciable, in that although under Constitution operation of the military is vested in Congress and the Executive, Constitution does not prevent a federal court from entertaining an appropriate constitutional claim brought against the military. AR 601-210; U.S.C.A.Const. Art. 1, S 8, cls. 1, 12, 14, 16; Art. 2, S 2, cl. 1. | Does the Constitution expressly commit issues concerning operation of the military to Congress and the President? | 008314.docx | LEGALEASE-00128080-LEGALEASE-00128081 |
| In re Marriage of Lafkas, 153 Cal. App. 4th 1429 | 30+22 | Appellate jurisdiction cannot be created by consent, waiver, or estoppel. | Can appellate jurisdiction be invoked by waiver or consent of the parties? | Appeal and error - Memo 68 - RK.docx | ROSS-003287063-ROSS-003287065 |
| In re Marriage of Mackin, 391 Ill. App. 3d 518 | 30+21 | A party cannot consent to or waive appellate jurisdiction. | Can a party consent to or waive appellate jurisdiction? | Appeal and error - Memo 70 - RK.docx | ROSS-003313495-ROSS-003313497 |
| Mahach-Watkins v. Depee, 593 F.3d 1054 | 170B+3258 | The Court of Appeals generally requires a cross-appeal when a prevailing party seeks to enlarge her substantive rights on appeal. | When is a cross-appeal required? | 008267.docx | LEGALEASE-00129597-LEGALEASE-00129598 |
| People v. Rose, 82 Misc. 2d 429 | 399+1 | Unauthorized presence in school building is loitering. Penal Law 1965, S 240.35, subd. 5. | is the unauthorized presence in a school building considered loitering? | 047441.docx | LEGALEASE-00130175-LEGALEASE-00130176 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gould v. McCarty, 11 N.Y. 575 | 307A+434 | Code, S 388, which provides that, where a discovery is refused by a party against whom an order for that purpose has been granted, the court may exclude the document from being given in evidence at all, or punish the party refusing, or both, is not a substitute for, but is auxiliary to, 2 Rev.St. p. 199, SS 21, 26, empowering the court in such cases as shall be deemed proper to compel any party "to produce and discover books, papers, and documents in his possession or power relating to the merits of any such suit, or of any defense therein," and, in case of a refusal to obey an order for discovery, to strike out any plea or notice that may be given. | "Is the code providing for the discovery of books or papers, a substitute for the provisions of the Revised Statutes, but auxiliary thereto?" | 027377.docx | LEGALEASE-00130835-LEGALEASE-00130836 |
| United States v. Kahn, 340 F. Supp. 485 | 91+393 | Motion for judgment of acquittal on charges of conspiracy, interstate travel or transportation in aid of racketeering enterprises, and perjury would be denied where the evidence was overwhelming and contentions as to alleged errors were insubstantial. Fed.Rules Crim.Proc. rule 29(a, c), 18 U.S.C.A.; 18 U.S.C.A SS 371, 1621, 1952. | For what reasons can the court deny a judgment of acquittal in a bribery case? | 012450.docx | LEGALEASE-00132184-LEGALEASE-00132185 |
| Chisolm v. United States, 49 Fed. Cl. 614 | 34+3(1) | Procedural matters involved in military decisions are justiciable; merits of the decision are not. | Is a claim of a procedural violation in the military justiciable? | 008935.docx | LEGALEASE-00132457-LEGALEASE-00132458 |
| Billizon v. Conoco Inc., 864 F. Supp. 571 | 241+143(2) | Under Louisiana law, oilfield service company, whose employee was injured while working on fixed platform, and contractor which performed work on platform were solidarily liable, so that acknowledgment of company as to its liability could toll prescriptive period for employee's action against contractor under Outer Continental Shelf Lands Act; employer, which is liable for workers' compensation payments, and tort-feasor, which is liable for damages, share coextensive liability to repair certain elements of same damage. LSA-C.C. art. 1799; Outer Continental Shelf Lands Act, S 2 et seq., 43 U.S.C.A. S 1331 et seq. | Do the periodic payments constitute separate obligations for an employer who is paying compensation? | 047987.docx | LEGALEASE-00134906-LEGALEASE-00134908 |
| Cooper v. Thompson, 353 P.3d 782 | 307A+44.1 | Trial court acted within its discretion in awarding injured driver attorney's fees and costs for travel, lodging, and attorney's hours of trial preparation that would have to be duplicated, as condition for granting request for continuance made by employer of driver who caused accident in which injured driver allegedly sustained back and neck injuries, to discover information related to injured driver's poker playing, where trial court found that employer was aware of injured driver's poker playing prior to status hearing at which trial date was set and did not raise issue for another approximately two weeks nor move for continuance until ten days before scheduled start of trial. Rules Civ.Proc., Rule 40(e)(2). | Does a trial court exercise significant discretion in evaluating motions to continue a trial date? | 030462.docx | LEGALEASE-00136006-LEGALEASE-00136007 |
| Grogan v. U.S., 346 F.Supp. 564 | 220+3095 | Partnership is not a taxable entity or taxpayer in sense that it is liable for taxes but is separate entity or taxpayer for income accounting and reporting purposes. 26 U.S.C.A. (I.R.C.1954) SS 701, 703. | Is a partnership a taxpaying entity? | 022253.docx | LEGALEASE-00136153-LEGALEASE-00136154 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Old Colony Ins. Co. v. Dressel, 220 Ga. 354 | 302+218(1) | Defendant is entitled to have facts set forth with such reasonable certainty and fullness as to disclose whether plaintiff really has cause of action, regardless of whether defendant has knowledge of facts before trial, and defendant urging special demurrer need not make it appear that he does not possess knowledge of facts necessary for plaintiff to meet statutory requirement that he set forth his cause plainly, fully and distinctly. Code, S 81-101. | Is the legitimate function of a special demurrer compelling the pleader to disclose whether he really has a cause of action or defense? | 023335.docx | LEGALEASE-00136448-LEGALEASE-00136450 |
| First Nat. Bank of Sioux City, Iowa, v. John Morrell & Co., 53 S.D. 496 | 83E+428 | Indorsement "for deposit only" is "restrictive," and vests title in indorsee merely as trustee (Rev. Code 1919, S 1740). | Whether an indorsement for deposit only is restrictive in nature? | Bills and Notes - Memo 223 - IS.docx | ROSS-003289098-ROSS-003289099 |
| Cleveland Area Bd. of Realtors v. City of Euclid, 88 F.3d 382 | 92+1661 | Ordinances which completely banned all residential yard signs, commercial and noncommercial, except those displaying residents' name and address and pertinent social security information, was not narrowly tailored to serve significant government interest in aesthetics; by banning yard signs altogether, with exception only for minimal amount of information necessary for safety and security reasons, city burdened substantially more speech than necessary, because it completely foreclosed an inexpensive and autonomous way to communicate. U.S.C.A. Const.Amend. 1. | What is required for a statute to be narrowly tailored? | 014432.docx | LEGALEASE-00138760-LEGALEASE-00138761 |
| Marshall v. Staley, 528 P.2d 964 | 83E+481 | Love and affection between decedent and his stepdaughters was sufficient consideration to support assignment of note from the decedent to his stepdaughters. | Are love and affection sufficient consideration required for an assignment of the note? | 010345.docx | LEGALEASE-00140127-LEGALEASE-00140128 |
| Commercial Credit Corp. v. Univ. Nat. Bank of Fort Collins, 590 F.2d 849 | 83E+406 | A negotiable instrument is property of holder or payee, not drawer. | Is a negotiable instrument the property of the drawer? | 009576.docx | LEGALEASE-00140478-LEGALEASE-00140479 |
| Anderson v. Nesbitt, 43 Ind. App. 703 | 28+53 | Owner of cows wrongfully allowing them to run at large on highway is not liable for injuries caused by horse frightened at the cows and running away; there being no special circumstances, such as allowing them to run at large during nighttime, or that they so obstructed the beaten part of highway that a horse would be frightened. | Will the object in the highway in violation of statute make the owner liable for the damages which the object may have occasioned to the horses? | 018642.docx | LEGALEASE-00147829-LEGALEASE-00147830 |
| New v. Walker, 108 Ind. 365 | 83E+583 | Where a statute, in direct terms, declares void a promissory note when given for a vicious consideration, it is ineffective even in the hands of a good-faith holder. | When is a note void? | 010512.docx | LEGALEASE-00148077-LEGALEASE-00148078 |
| Ivy v. Walker, 58 Miss. 253 | 289+604 | An action at law cannot be maintained by one partner against his copartner, to recover moneys alleged to be due him on account of partnership transactions, where no settlement of the accounts and business has been had. | Can an action at law be maintained by one partner against his associate for money arising out of and connected with partnership business before there had been a settlement of the partnership accounts? | 022513.docx | LEGALEASE-00148886-LEGALEASE-00148887 |
| In re Tomlin, 280 B.R. 374 | 289+542 | Under Texas law, partnership agreement is a contract, that is to be construed like any other contract. | Does a partnership agreement need to be construed like any other contract? | 022520.docx | LEGALEASE-00148901-LEGALEASE-00148902 |
| Hall v. First State Bank of Hawley, 4 S.W.2d 253 | 83E+462 | Suit need not be brought to fix indorser's liability, where notice of dishonor is given (Vernon's Ann.Civ.St. art. 566). | How is liability fixed when there is no notice of dishonor? | Bills and Notes- Memo 705-ANM_58221.docx | ROSS-003280844 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Haragan v. Am. Fed'n of Grain Millers Int'l, AFL-CIO, 445 S.W.2d 131 | 200+80 | Public highways belong to public from side to side and from end to end. | Do public highways belong to public from side to side and from end to end? | Highways - Memo 265 - DB_58537.docx | ROSS-003279004 |
| Doe v. Ohio State University, 239 F.Supp.3d 1048 | 141E+990 | A university is not a court of law, and it is neither practical nor desirable it be one. | Can a university be a court of law? | 017027.docx | LEGALEASE-00150108-LEGALEASE-00150109 |
| Broome v. State Dep't of Corr., 330 Wis. 2d 792 | 30+3896 | In examining the complaint on motion to dismiss for failure to state a claim, the Court of Appeals take the allegations as true, construing them liberally in the plaintiff's favor. W.S.A. 802.06(2)(b). | "When a plaintiff is faced with a motion to dismiss for failure to state a claim and recognizes that the complaint does not allege all facts necessary to state a claim, is the proper procedure to amend the complaint?" | 040934.docx | LEGALEASE-00163223-LEGALEASE-00163224 |
| Alonso v. State, 447 So. 2d 1029 | 3.7E+10 | Crime of extortion does not contemplate kind of malice in which extortionist hates his victim, but rather, "malice" requirement is satisfied if threat is made wilfully and purposely to prejudice and injury of another. West's F.S.A. S 836.05. | "When doesa threat satisfy the ""malice"" requirement of the crime of extortion?" | Threats - Memo #122 - C - LB_62510.docx | ROSS-003279947-ROSS-003279948 |
| Dimitratos v. City of New York, 180 A.D.2d 414 | 307A+693.1 | Conditional order of dismissal was meant to be self-executing. | Is a conditional order of dismissal meant to be self-executing? | Pretrial Procedure - Memo # 11007 - C - SKG_64127.docx | ROSS-003281818-ROSS-003281819 |
| Chickering v. Raymond, 15 Ill. 362 | 83E+481 | The legal title to a note cannot be transferred by assignment by a separate instrument. | Can title to a promissory note be transferred by a separate instrument in writing? | Bills and Notes - Memo 949 - RK_60851.docx | ROSS-003282109-ROSS-003282110 |
| Doe v. Ohio State University, 239 F.Supp.3d 1048 | 141E+990 | A university is not a court of law, and it is neither practical nor desirable it be one. | Can a university be a court of law?? | Education - Memo #112 - C - ATS_58731.docx | ROSS-003283141 |
| Barker CATV Const. v. Ampro, 989 S.W.2d 789 | 30+5 | On restricted appeal, the reviewing court may not consider evidence unless it was before the trial court when it rendered judgment; restricted appeal directly attacks the judgment rendered. | Is a restricted appeal a direct attack on the judgment? | Appeal And Error - Memo 19 - BP.docx | ROSS-003283882-ROSS-003283883 |
| Cumberland Contractors v. State Bank & Tr. Co., 327 Ga. App. 121 | 302+37 | If material allegations are missing from a pleading, then the pleading fails. | "If material allegations are missing from the pleading, will it fail? " | Pleading - Memo 550 - RMM_61970.docx | ROSS-003284660-ROSS-003284661 |
| Raymond v. Middleton, 29 Pa. 529 | 83E+360 | It was held, that a note, made negotiable at a certain bank, without other words of negotiability, does not become a negotiable instrument until actually negotiated in the first place at the designated bank. | When does a note become negotiable? | Bills and Notes - Memo 781 -IS_60011.docx | ROSS-003285706-ROSS-003285707 |
| Heid Bros. v. Mueller-Huber Grain Co., 185 S.W.2d 470 | 289+735 | A partnership, whether it be regarded as a legal entity created by civil procedure rule separate and distinct from partners who compose it, or merely as a contractual status between the partners, can have no residence for venue purposes other than the residence of the partners, in the absence of a residence prescribed by statute. Vernon's Ann.Civ.St. art. 1995, subd. 23; Rules of Civil Procedure, rule 28. | Is a partnership at common law a contractual status? | Partnership- Memo 7-JS.docx | ROSS-003285821-ROSS-003285823 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Crooks v. Maynard, 112 Idaho 312 | 78+1376(8) | State judge did not violate any clearly established federal statutory or constitutional right when he issued administrative order preventing deputy clerk of court from performing certain duties and thereafter held deputy and clerk of court in contempt and jailed them for violating that order and, accordingly, judge was protected by judicial immunity from clerks' subsequent S 1983 action. 42 U.S.C.A. S 1983; I.C. S 7-603. | Does an administrative judge have the authority over the assignment and supervision of deputy court clerks? | Clerks of court - Memo 109 - RK.docx | ROSS-003285843-ROSS-003285844 |
| United States v. McDonnell, 64 F. Supp. 3d 783 | 63+1(2) | For purposes of federal bribery statute,"official action" is conduct that is taken as part of public official's position, whether pursuant to explicit duty or as matter of clearly established settled practice. 18 U.S.C.A. S 201(a)(3). | "For purposes of federal bribery statute, what is an official action? " | Bribery - Memo # 40 - C - SD.docx | ROSS-003286649-ROSS-003286651 |
| State v. Dep't of Indus., Labor & Human Relations, 101 Wis. 2d 396 | 413+1 | The Workers' Compensation Act is a remedial statute. | Is the Workers' Compensation Act a remedial statute? | Workers Compensation - Memo #140 ANC.docx | ROSS-003286962-ROSS-003286963 |
| New Castle Cty., DE v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 243 F.3d 744 | 217+1808 | Under Delaware law, an insurance policy is not ambiguous merely because two conflicting interpretations may be suggested; rather, both interpretations must reflect a reasonable reading of the contractual language. | When is an insurance policy ambiguous? | Insurance - Memo 10 - VP.docx | ROSS-003287123-ROSS-003287124 |
| Cairo Nat. Bank of Cairo, Ill., v. Blanton Co., 287 S.W. 839 | 83E+428 | Indorsement for collection of bill of exchange is restrictive, and does not vest legal title in indorsee. | Whether an indorsement for collection is a restrictive indorsement? | Bills and Notes- Memo 357-IS.docx | ROSS-003287177-ROSS-003287178 |
| Lyda Swinerton Builders v. Cathay Bank, 409 S.W.3d 221 | 366+26 | Under various circumstances, a non-volunteer who satisfies a tax lien may be subrogated to the taxing authority's lien to the extent necessary for his own equitable protection. V.T.C.A, Tax Code SS 32.06, 32.065. | Is equitable subrogation only available to the extent necessary for the subrogee's equitable protection | Subrogation - Memo 136 - VP C.docx | ROSS-003287414-ROSS-003287415 |
| Hoffman Assocs. v. Snook, 112 N.J.L. 68 | 30+79(1) | Appeal lies only from final judgment, not only as to all issues, but as to all parties. | Can an appeal lie only from a final judgment? | Appeal And Error - Memo 23 - BP.docx | ROSS-003287447-ROSS-003287448 |
| In re Klekunas' Estate, 56 Ill. App. 2d 70 | 221+176 | Consul is not personal agent of his national, absent some specific grant of authority. | Is a consul the personal agent of his national? | Ambassadors and Consuls - Memo 25 - RK.docx | ROSS-003288221-ROSS-003288222 |
| In re Farrell, 211 F. 212 | 371+2001 | A "tax" is a pecuniary burden imposed for the support of the government, and is the enforced proportionate contribution of persons and property levied for the government's support and for all public things. | "What is a pecuniary burden imposed upona class of individuals, businesses, or other entities for support of government called?" | Taxation - Memo # 142 - C - KBM.docx | ROSS-003288420-ROSS-003288421 |
| People v. Campbell, 119 Cal. App. 4th 1279, 15 Cal. Rptr. 3d 188 | 368+1 | Term "suicide" excludes by definition a homicide. | Does the term suicide exclude by definition a homicide? | Suicide - Memo 18 - AKA.docx | ROSS-003288803-ROSS-003288804 |
| Reed v. Washington Cty. Bd. of Educ., 756 S.W.2d 250 | 156+52.10(2) | If individual does not know of his rights or fails to understand them, he cannot waive those rights. | "If an individual does not know of his rights, can he waive those rights? " | Estoppel - Memo 254 - C - CSS_66080.docx | ROSS-003292318-ROSS-003292319 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Com. v. Vandyke, 13 Pa. Super. 484 | 178+2 | The intention of the legislature to be extracted from the Act of May 5, 1899, 31 P.S. SS 804, 807, 808, regulating the manufacture and sale of oleomargarine, is to prohibit the imitation of yellow butter by any admixture or addition to oleomargarine during or after manufacture; and the effect of the statute is that butter may be colored yellow, but oleomargarine may not be so colored. | "Is the sale of any article manufactured from animal fat, animal, or vegetable oils prohibited? " | Adulteration- Memo 62-SB_60117.docx | ROSS-003292468-ROSS-003292469 |
| Gen. Elec. Capital Corp. v. FPL Serv. Corp., 986 F. Supp. 2d 1029 | 349A+10 | Contract between lessee of industrial copiers and lessor constituted a secured transaction under Iowa law, rather than a lease, regardless of the language of "lease" used in the contract, where the lease prohibited lessee from terminating its obligation to pay lessor for the copiers, stating that "(lessee's) payment obligations hereunder are absolute and unconditional and are not subject to cancellation, abatement, reduction, recoupment, defense or setoff for any reason whatsoever," and the lease gave lessee the option to own the copiers for nominal consideration of $1.00 if it complied with the agreement. I.C.A. S 554.1203(2). | "Does whether a contract constitutes a lease or a security agreement not depend on whether the parties call it a ""lease"" or a ""security agreement""?  " | Secured Transactions - Memo 15 - C - VA_67958.docx | ROSS-003293195 |
| Klamath Land & Cattle Co. v. Roemer, 12 Cal. App. 3d 613 | 156+37 | A grant deed transfers an after-acquired title. West's Ann.Civ.Code, S 1106. | Does a grant deed transfer an after-acquired title? | Estoppel - Memo #72 - C - CSS_60871.docx | ROSS-003293833-ROSS-003293834 |
| United States v. Santopietro, 166 F.3d 88 | 63+1(1) | Requirements for conviction under statute punishing receipt of corrupt payments by person intending to be influenced in governmental transaction involving both at least $5,000 in value and governmental entity receiving more than $10,000 in federal funding were satisfied by conduct of former city political leaders, given evidence that leaders received benefits exceeding $5,000 in value for past and expected future support of real estate transactions and that transactions were within purview of city agencies administering federal funds received for housing, urban development, and other programs. 18 U.S.C.A. S 666(a)(1)(B). | Is the prohibition under federal bribery statute confined to a business or transaction which affects federal funds? | Bribery - Memo #988 - C-JL_57953.docx | ROSS-003295041-ROSS-003295042 |
| Profits Plus Capital Mgmt. v. Podesta, 156 Idaho 873 | 30+3209 | The Supreme Court reviews the trial court's decision to grant or deny a motion in limine under an abuse of discretion standard; under that standard, the Court considers whether the district court's exercise of discretion was within the bounds of its authority, consistent with legal standards, and based on an exercise of reason. | Does the trial court have broad discretion in ruling on a motion in limine? | Pretrial Procedure - Memo # 419 - C - SSB.docx | ROSS-003295294-ROSS-003295295 |
| Computer Personalities Sys. v. Aspect Computer, 320 B.R. 812 | 8.30E+27 | Under Uniform Commercial Code (U.C.C.), a postdated check is technically not a check, but instead a credit instrument. U.C.C. S 2-511. | Is a postdated check considered to be a credit instrument? | Bills and notes - Memo 16 - RK.docx | ROSS-003298211-ROSS-003298212 |
| Ferguson v. Corinthian Colleges, 733 F.3d 928 | 360+18.15 | Under the Federal Arbitration Act (FAA), court may not apply any other state law that prohibits outright the arbitration of a particular type of claim. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act pre-empt contrary state laws? | Alternative Dispute Resolution - Memo 310 - RK.docx | ROSS-003298666-ROSS-003298667 |
| Adams v. Adams, 166 So.3d 1066 | 8.30E+10 | Under Massachusetts law, the law applicable to a promissory note is the law of the place where the note is payable. | Which law is applicable when the promissory note becomes payable? | Bills and Notes - Memo 41 - ANG.docx | ROSS-003298932-ROSS-003298933 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gilbert v. Gottsegen, 171 So. 3d 289 | 366+1 | Conventional subrogation contemplates the obligee's consent and affirmative action to transfer his rights; it takes place by virtue of an agreement whereby the obligee transfers his rights in a debt to a third person. LSA-C.C. art. 1827. | What is conventional subrogation? | Subrogation - Memo 124 - VP C.docx | ROSS-003299307 |
| Graczyk v. Workers' Comp. Appeals Bd., 184 Cal. App. 3d 997 | 413+56 | Varsity college athlete with athletic scholarship did not have vested right to workers' compensation benefits, and his constitutional objection to retroactive application of legislative amendment further clarifying employee status of amateur student athletes as persons not entitled to workers' compensation benefits had no bearing; athlete's inchoate right to benefits under workers' compensation law was wholly statutory and had not been reduced to final judgment before legislative amendment. West's Ann.Cal.Labor Code S 3352(k). | Is the workers' compensation law a statutory system enacted pursuant to constitutional grant of plenary power to the Legislature? | Workers Compensation - Memo #491 ANC.docx | ROSS-003300439-ROSS-003300440 |
| High Tide Seafoods v. State, 106 Wash. 2d 695 | 371+3249 | If tax is imposed upon value of property, it may be a "property tax"; if levied upon privilege of doing business, it is an "excise tax." | " Is tax imposed upon value of property called a ""property tax""?" | Taxation - Memo # 655 - C - AP.docx | ROSS-003302323-ROSS-003302324 |
| United States v. Tianello, 860 F. Supp. 1521 | 308+17 | One who is appointed by agent, empowered to make such appointment, to perform functions of agent under primary control of agent is "subagent." Restatement (Second) of Agency S 5. | Who is a sub-agent? | Principal and Agent - Memo 10 - RK.docx | ROSS-003302396-ROSS-003302397 |
| Handy v. Anchor Mortg. Corp., 464 F.3d 760 | 172H+1342 | The sufficiency of TILA-mandated disclosures is determined from the standpoint of the ordinary consumer. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | How is the sufficiency of TILA mandated disclosures determined? | Consumer Credit - Memo 238 - RK_66305.docx | ROSS-003305791-ROSS-003305792 |
| Erskine v. Gardiner, 162 La. 83 | 307A+693.1 | Dismissal of plaintiff's suit carries with it dismissal of intervention. | Does a dismissal of plaintiff's suit carry with it dismissal of intervention? | Pretrial Procedure - Memo # 11061 - C - TM_63448.docx | ROSS-003307685-ROSS-003307686 |
| Korab v. Fink, 797 F.3d 572 | 92+3115 | Hawaii's reduction of state-funded health care benefits for nonimmigrant aliens residing in Hawaii under Compact of Free Association with United States (COFA residents) was rationally related to state's budgetary concerns, and thus did not violate Equal Protection Clause, even though state provided less health coverage to COFA residents than it provided to citizens and qualified aliens who were eligible for federal reimbursements through Medicaid; Welfare Reform Act granted state limited discretion to fill gap left by Congress's withdrawal of federal funding for COFA residents, but did not require it to do so. U.S.C.A. Const.Amend. 14; Welfare Reform Act, S 400, 8 U.S.C.A. S 1601. | Can states add or take from the conditions lawfully imposed by Congress upon the admission of aliens to the United States? | "Aliens, Immigration and Citizenship - Memo 57 - RK_64791.docx" | ROSS-003307982-ROSS-003307983 |
| D & G Flooring v. Home Depot U.S.A., 346 F. Supp. 2d 818 | 237+51(1) | Under Maryland law, fault necessary to support defamation claim can be based on negligence or actual malice. | Can fault in a defamation case be based on negligence or malice? | Libel and Slander - Memo 141 - RK.docx | ROSS-003309191-ROSS-003309192 |
| In re Bill Heard Enterprises, 423 B.R. 771 | 366+1 | Equity rules are not absolute and competing equities must be considered in any subrogation-restitution situation; the subrogee must have clear equity, and subrogation is defeated by countervailing equities. | Should a subrogee have clear equity? | Subrogation - Memo 332 - RM C.docx | ROSS-003310627-ROSS-003310628 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Stewart, 164 N.H. 772 | 172H+1344 | Additional price charged by seller over that charged for same goods by seller's retail supplier was "hidden finance charge" within meaning of Pennsylvania Goods and Services Installment Sales Act, Truth in Lending Act, and unfair and deceptive acts and practices law, where only difference between consumer's dealing with seller's retailer and same consumer's dealing with seller was that latter provided convenient credit terms. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq.; 41 P.S. S 101 et seq.; 69 P.S. S 1101 et seq.; 73 P.S. S 201-1 et seq. | When can increasing prices be considered a hidden finance charge? | Consumer Credit- Memo 20 - RK.docx | ROSS-003310952-ROSS-003310953 |
| Adams v. Adams, 166 So.3d 1066 | 8.30E+10 | Under Massachusetts law, the law applicable to a promissory note is the law of the place where the note is payable. | Is the law of the place where a note is payable applicable to the note? | Bills and Notes - Memo 863 - RK_59544.docx | ROSS-003311446-ROSS-003311448 |
| Martin v. Hickenlooper, 90 Utah 150 | 366+27 | Where a lender in no way related to property and not required to protect any interest advances money to pay off lien, "legal subrogation" does not exist, and at most "conventional subrogation" exists. | Does legal subrogation arise where the person who pays the debt of another stands in the situation of a surety or is compelled to pay to protect his own right or property? | Subrogation - Memo 151 - VP C.docx | ROSS-003313118-ROSS-003313120 |
| Mahr v. Young, 13 Wis. 634 | 30+4 | The object of an appeal is to try the case on its merits, and it does not perform the function of a certiorari. | What is the object of an appeal from the judgment of a justice? | Appeal and error - Memo 40 - RK.docx | ROSS-003313979-ROSS-003313981 |
| Fortis Benefits v. Cantu, 234 S.W.3d 642 | 366+27 | The three varieties of subrogation-equitable, contractual, and statutory-represent three separate and distinct rights that, while related, are independent of each other. | What are the three varieties of subrogation? | Subrogation - Memo 372 - VP.docx | ROSS-003328491-ROSS-003328493 |
| Hubel v. W. Virginia Racing Comm'n, 376 F. Supp. 1 | 315T+7 | Rules of West Virginia Racing Commission, which prohibited the staying of decisions of racing officials pending appeals of such decisions to the Commission, but required a hearing not less than ten days nor more than 30 days after receipt of written demand therefor, represented and constituted a legitimate exercise of state's police powers. Code W.Va. 19-23-2, 19-23-3, 19-23-16(c). | Can the state racing commissions regulate horse racing? | Administrative Law - Memo 3 - RM.docx | LEGALEASE-00000047-LEGALEASE-00000048 |
| Vazquez v. Deutsche Bank Nat. Tr. Co., 441 S.W.3d 783 | 181+1 | A document is "forged" if it is signed by one who purports to act as another. | What is a forged document under law? | 000138.docx | LEGALEASE-00115495-LEGALEASE-00115496 |
| Peoples State Bank of Ellinwood, Kan. v. Marlette Coach Co., 336 F.2d 3 | 217+1713 | Insurance is a contract made between parties for their benefit or for benefit of named person or class. | Is insurance attached to the insured property? | Insurance - Memo 14 - VP.docx | LEGALEASE-00000201-LEGALEASE-00000203 |
| In re Hilsen, 405 B.R. 49 | 315+132 | Under New York law, the granting of a life estate may indicated by the conveyance of the full bundle of rights associated with the "use and occupation" of the real property. | Is a life estate more than a right of occupancy? | Life Estates - Memo 10 - RM.docx | ROSS-003312420-ROSS-003312421 |
| Hammons v. Hammons, 327 S.W.3d 444 | 409+616(1) | As a life tenant regarding corpus of testator's estate, testator's wife had duty not to injure the remaindermen in the exercise of her rights. | Does the life tenant have any duties towards the remainderman? | Life Estates - Memo 7 - RM.docx | LEGALEASE-00000241-LEGALEASE-00000242 |
| In re Bonheur, 148 B.R. 379 | 253+406 | Duty of support is mutual one, extending to both spouses. | Will the courts consider the spouses duty of support as mutual? | 000242.docx | LEGALEASE-00115470-LEGALEASE-00115471 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Gleason v. Rickhoff, 541 S.W.2d 47 | 323+72 | Reasonable notice is prerequisite to court's power to order period of time different from five days required for notice of hearing on receiver's motion to take custody of certain property allegedly purchased by officers with insolvent company's funds. V.A.M.R. Civil Rule 44.01(d). | What is a prerequisite to the lawful exercise of the courts power? | Notice - Memo 5 - VP.docx | LEGALEASE-00000274-LEGALEASE-00000276 |
| Redfearn v. Creppel, 455 So. 2d 1356 | 414+1724 | Whether additional parking spaces would be required by operation of bar and meeting room as accessory uses to nonconforming use of land as hotel and restaurant could not be determined on the present record and case would be remanded for trial court to determine whether bar or meeting room would be permitted, and whether principal and accessory uses required increase of at least ten percent over number of parking spaces previously required. | Is the elimination of adverse effects of land use considered as a purpose of zoning? | Zoning and Planning - Memo 9 - RM.docx | LEGALEASE-00000317-LEGALEASE-00000318 |
| Golden Feather Cmty. Assn. v. Thermalito Irrigation Dist., 209 Cal. App. 3d 1276 | 317+7 | Where it is necessary to protect public trust interest state may have power over properties which are not themselves within public trust, but this does not mean that such properties are deemed to be added to public trust, nor that all incidents of public trust are applicable to such properties; in all cases, application of public trust doctrine depends upon interest for which protection is sought and manner in which interest is to be protected. | Is the scope of the public trust doctrine limited? | 07366.docx | LEGALEASE-00077611-LEGALEASE-00077612 |
| United States v. Shropshire, 498 F.2d 137 | 349+105.1 | Affidavits seeking issuance of search warrant should be interpreted in a commonsense and realistic fashion. | Should affidavits be accorded a common sense interpretation? | 003879.docx | LEGALEASE-00115964-LEGALEASE-00115965 |
| Nitsch v. DreamWorks Animation SKG Inc., 100 F. Supp. 3d 851 | 25T+143 | In deciding whether a dispute is arbitrable under Federal Arbitration Act (FAA), court must answer two questions: (1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement to arbitrate encompasses the claims at issue. 9 U.S.C.A. S 2. | Can a court expand the parties' agreement to arbitrate in order to achieve greater efficiency? | 005265.docx | LEGALEASE-00115888-LEGALEASE-00115889 |
| Hughes v. Beall, 264 S.W. 171 | 38+8 | The expectancy of an heir is a subject-matter of a sale and conveyance. | Is the subject matter of a sale and conveyance related to the expectancy of an heir? | 03831.docx | LEGALEASE-00078174-LEGALEASE-00078175 |
| Cummock v. Gore, 180 F.3d 282.Cummock v. Gore, 180 F.3d 282 | 326+347 | Members of the public possess enforceable rights to obtain information under the Federal Advisory Committee Act (FACA), and committee members have at least these same rights, and FACA rights are enforceable even after an advisory committee has been disbanded. Federal Advisory Committee Act, S 10(b), 5 U.S.C.A.App. 2, S 10(b). | "Does Federal Advisory Committee Act, 1972 deal with government agencies obtaining advice from private individuals?" | Administrative Law - Memo 12 - JS.docx | LEGALEASE-00001300-LEGALEASE-00001302 |
| State ex rel. Indus. Comm'n of Arizona v. Wright, 202 Ariz. 255 | 38+7 | Vested future interests are assignable at law. | Is a vested future interest assignable? | 003999.docx | LEGALEASE-00116191-LEGALEASE-00116193 |
| In re Am. Exp. Merchants' Litig., 667 F.3d 204 | 25T+210 | When a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive as a means to vindicate the party's statutory rights, that party bears the burden of showing the likelihood of incurring such costs. | When can an arbitration agreement be unenforceable? | 004208.docx | LEGALEASE-00116277-LEGALEASE-00116279 |
| In re Washburn's Estate, 23 Misc. 2d 415 | 409+743 | A contingent interest in the estate of a decedent may be assigned. Personal Property Law, S 41. | Can contingent rights be assigned? | 004234.docx | LEGALEASE-00116106-LEGALEASE-00116108 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stewart v. Stewart, 143 Idaho 673 | 134+797 | Evidence supported trial court's finding in dividing community property in divorce action that husband's interest in medical practice's goodwill totaled $210,747; evidence indicated that average compensation for dermatologists in ninetieth percentile of earnings nationwide was $423,023, husband's compensation exceeded that national figure, appropriate capitalization rate was 22.1%, and practice's name, location, and reputation had value separate and apart from husband's skill and was designed to attract new patients not familiar with either husband or his colleague. | Is enterprise goodwill of a business entity the same as the reputation of its owners? | Good Will - Memo 4 - RK.docx | ROSS-003284757-ROSS-003284758 |
| Stewart v. Stewart, 143 Idaho 673 | 253+798 | To the extent a professional services corporation has goodwill value beyond a shareholder's personal assets regarding knowledge, skill, and background, that goodwill is community property and thus subject to division in divorce action. | Does goodwill of a service business consist largely of personal goodwill? | 004752.docx | LEGALEASE-00116368-LEGALEASE-00116369 |
| Landfill v. Pollution Control Bd., 74 Ill. 2d 541 | 1.49E+21 | Environmental Protection Act gives Environmental Protection Agency function of issuing permits and only gives Pollution Control Board authority to hold enforcement hearings only on separate citizen or agency complaints which do not challenge agency's performance of its duties, but, rather, allege that the activity contemplated causes or threatens pollution. S.H.A. ch. 1111/2, SS 1002(a)(v), (b), 1004(a, c, d, f-h), 1005(a, b, d), 1026, 1027, 1030, 1031(a-c), 1039, 1039(a), 1040. | Does the Pollution Control Board perform both quasi-legislative and quasi-judicial functions? | Environmental Law - Memo 43 - AKA.doc | LEGALEASE-00002149-LEGALEASE-00002150 |
| Williams v. Woodmen Found., 792 S.E.2d 876 | 401+1.5 | Venue is determined at the commencement of the action, as denoted by the filing of the complaint. | When is the issue of venue to be determined? | 004472.docx | LEGALEASE-00116450-LEGALEASE-00116451 |
| State v. Hess Corp., 161 N.H. 426 | 405+1126 | State, in action against gasoline suppliers, refiners and chemical manufacturers, seeking damages for groundwater contamination allegedly caused by a gasoline additive, methyl tertiary butyl ether (MTBE), was not precluded from recovering, in its capacity as parens patriae, damages related to costs of investigating, monitoring, treating, remediating, replacing, or otherwise restoring privately owned wells, to the extent that damages to private wells went beyond harm to individual well owners and affected citizenry of state as a whole. RSA 481:1. | What are the remedies available to a state for environmental harm? | 004537.docx | LEGALEASE-00116507-LEGALEASE-00116508 |
| DeSalle v. Gentry, 818 N.E.2d 40 | 192+1 | "Personal goodwill" is goodwill that is based on the personal attributes of the individual. | Is personal goodwill dependent on the individuals personal attributes? | Good Will - Memo 6 - RK.docx | ROSS-003285374-ROSS-003285375 |
| Wilkinson v. Legal Servs. Corp., 27 F. Supp. 2d 32 | 393+1540 | District Court had jurisdiction to review Accardi claim brought against Legal Services Corporation (LSC) by its former Inspector General; LSC was a government agency for constitutional purposes, the Accardi doctrine reflects a constitutional principle that public agencies with the power to make law must follow that law, LSC has been given general rulemaking authority, and Congress has not expressed an intent to preclude judicial review of LSC's compliance with its unpublished rules. | How will the courts determine a private corporation to be part of the government? | 004587.docx | LEGALEASE-00116909-LEGALEASE-00116911 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gentry v. State Farm Mut. Auto. Ins. Co., 726 F. Supp. 2d 1160 | 146+6 | The embezzlement of chattels constitutes an offense under statute. Burns' Ann.St. S 10-1704. | Can embezzlement of chattels constitute an offence? | Embezzlement - Memo 20 - VP.docx | ROSS-003285175-ROSS-003285176 |
| People v. Bird, 212 Cal. 632 | 203+500 | "Murder" and "manslaughter" are both homicides, latter being included in the former. | Are both murder and manslaughter considered to be homicide? | Homicide - Memo 12 - RM.docx | LEGALEASE-00002867-LEGALEASE-00002868 |
| Time Warner Cable of New York City LLC v. Int'l Bhd. of Elec. Workers, 170 F. Supp. 3d 392 | 231H+1578 | In arbitrations brought pursuant to the grievance procedures included in a collective bargaining agreement (CBA), the scope of an arbitrator's authority is not always controlled by the CBA alone, since that agreement constitutes merely a promise to arbitrate; before arbitration can actually proceed, it is necessary for the parties to supplement the agreement to arbitrate by defining the issue to be submitted to the arbitrator and by explicitly giving him authority to act. | Does the grievance submitted to the arbiter define his authority? | Alternative Dispute Resolution - Memo 91 - JS.docx | LEGALEASE-00003054-LEGALEASE-00003056 |
| Oliver J. Olson & Co. v. Marine Terminals Corp., 215 F. Supp. 490 | 50+35 | A bailee may sue in his own name for damage to goods of a bailor. | Does a bailee have a right to sue? | Bailment  - Memo 50 - RK.docx | LEGALEASE-00003294-LEGALEASE-00003296 |
| Dunn v. Terry, 216 Va. 234 | 98+21 | Convicts may freely execute contracts and deeds and transact business. | Can convicts execute contracts? | 000386.docx | LEGALEASE-00117197-LEGALEASE-00117198 |
| Oracle Am. v. Myriad Grp. A.G., 724 F.3d 1069 | 25T+139 | There is generally a liberal federal policy favoring arbitration agreements; in accordance with that policy, doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. | Does the federal policy in favor of arbitration extend to questions of arbitrability? | 004915.docx | LEGALEASE-00117383-LEGALEASE-00117384 |
| Adler v. Sheriff, Clark Cty., 92 Nev. 641 | 164T+8 | Common-law definition of "extortion" is the corrupt collection of an unlawful fee by an officer under the color of office. | How is extortion defined? | Extortion - Memo 7 - JS.docx | ROSS-003297234-ROSS-003297235 |
| Poppler v. Wright Hennepin Co-op Elec. Ass'n, 834 N.W.2d 527 | 145+13 | Electricity was intangible, rather than tangible, and therefore the presence of stray electrical voltage on dairy farm did not give rise to a cause of action for trespass against electricity cooperative, where electrical current did not have any volume or mass but rather, was merely an electrical charge to the matter that conducts the charge, and, while presence of stray voltage may have interfered with the use and enjoyment of the farm, it did not interfere with operators' right to exclusive possession of the farm. | Does the right to exclusive possession of the property have an important role in the tort of trespass? | 000710.docx | LEGALEASE-00117536-LEGALEASE-00117538 |
| Berenger v. 261 W. LLC, 93 A.D.3d 175 | 386+2 | To constitute a trespass, by causing foreign substance to enter onto another's property, defendant's act must be such as will to a substantial certainty result in entry of the foreign matter. Restatement of Torts S 158 comment. | Does trespass require the intent to produce the damaging consequences? | Trespass - Memo 46 - JS.docx | ROSS-003325345-ROSS-003325346 |
| Bradley v. Am. Smelting & Ref. Co., 104 Wash. 2d 677 | 386+10 | Copper smelter's intentional deposit of microscopic particles, undetectible by human senses, upon person's property could give rise to cause of action for trespass if plaintiff could show invasion affecting interest and exclusive possession of his property, intentional doing of act which resulted in invasion, reasonable foreseeability that act done could result in an invasion of plaintiff's possessory interests, and substantial damage to res; declining to follow Arvidson v. Reynolds Metals Co., 125 F.Supp. 481 and Ryan v. Emmetsburg, 232 Iowa 600, 4 N.W.2d 435 (1942). | "Does an individual act intentionally for purposes of trespass, if he knows that consequences of his act are substantially certain?" | 000760.docx | LEGALEASE-00117482-LEGALEASE-00117483 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| W. Union Tel. Co. v. Pennsylvania R. Co., 120 F. 362 | 372+670 | A telegraph company, which for more than 20 years has occupied and used by its lines a part of the right of way of a railroad under a lease, and during such time has paid rental monthly, so long as it continues such occupancy is estopped by the relation of landlord and tenant to deny the title of the railroad company, or its right to re-enter and take possession of the ground so occupied after the lease has been terminated in accordance with its terms, on the ground that when the lease was made the telegraph company was already in possession under the right of a third party, paramount to that of the railroad company, which it had no power to release. | Is the title of the lessee in fact the title of the lessor? | Landlord and Tenant - Memo 32 - TH.docx | ROSS-003283454-ROSS-003283456 |
| United States v. Wiseman, 274 F.3d 1235 | 146+23 | Intent to repay generally is not a defense to embezzlement. | Is intent to repay a defense to embezzlement? | 000401.docx | LEGALEASE-00117861-LEGALEASE-00117862 |
| Herrod v. Metal Powder Prod., 886 F. Supp. 2d 1271 | 313A+133 | Under Utah law, a manufacturer or seller without notice of a risk associated with its product has no duty to warn; even when a manufacturer or seller has no actual or constructive knowledge of a risk associated with their product at the time of sale, it has a continuing duty to warn of a danger if a reasonable person in the seller's position would provide such a warning. Restatement (Third) of Torts: Products Liability S 10(a). | "Does seller bear the liability for an act as between an injured buyer of a product, and the seller of the product?" | 000665.docx | LEGALEASE-00117865-LEGALEASE-00117867 |
| State v. Raley, 100 Ohio App. 75 | 384+1 | Sedition and treason against the United States as a sovereign entity are necessarily offenses also against every sovereign state of the federal union. U.S.C.A.Const. art. 4, S 2; 18 U.S.C.A. S 2385; R.C. SS 103.31-103.38, 103.34. | Is treason against a state necessarily treason against the United States? | 000872.docx | LEGALEASE-00117825-LEGALEASE-00117828 |
| Life of Am. Ins. Co. v. Aetna Life Ins. Co., 744 F.2d 409 | 25T+113 | There is a strong national policy favoring arbitration. | Does national policy favor arbitration? | Alternative Dispute Resolution - Memo 149 - RK.docx | ROSS-003284479-ROSS-003284480 |
| United States v. Anchrum, 590 F.3d 795 | 48A+347 | A car, truck, automobile, or vehicle can constitute a "deadly or dangerous weapon" under the statute prohibiting assault on a federal officer with a deadly or dangerous weapon. 18 U.S.C.A. S 111(b). | Are automobiles considered to be deadly weapons? | 05360.docx | LEGALEASE-00080815-LEGALEASE-00080816 |
| Affholter v. Franklin Cty. Water Dist., 2008 WL 5385810 | 25T+134(6) | Arbitration clauses in agreements for the sale of property were not unconscionable. Therefore, purchasers' claims for property damage, economic losses, and emotional distress arising out of the alleged discharge of pollutants from various public and private wastewater treatment, refuse, and disposal facilities, irrigation canals, and other facilities were subject to arbitration under the Federal Arbitration Act. The purchasers alleged that the provision was substantively unconscionable because it precluded discovery. However, the arbitration rules and regulations provided for depositions as a matter of right and depositions based upon a showing of reasonable need. 9 U.S.C.A. S 1 et seq. | Did the Federal Arbitration Act (FAA) create rules of contract construction favoring arbitration? | 001168.docx | LEGALEASE-00118408-LEGALEASE-00118409 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Woodham, 288 Ala. 608 | 148+1 | Power of eminent domain is derived from sovereignty of the state, and constitutional provision and statutes enacted pursuant thereto, requiring payment of just compensation for taking of private property for public use or limitation on the power, is not a grant thereto. | What is the concept of eminent domain derived from? | 001247.docx | LEGALEASE-00118298-LEGALEASE-00118299 |
| Jordan v. Town of Canton, 265 A.2d 96 | 148+85 | When all reasonable access to public way has been destroyed, property right has been "taken" within meaning of constitutional prohibition against taking private property for public uses without just compensation. M.R.S.A.Const. art. 1, § 21. | Is there a constitutional requirement that private property not be taken without just compensation? | Eminent Domain - Memo 45 - RK.docx | LEGALEASE-00005526-LEGALEASE-00005527 |
| Lowe v. Swanson, 639 F. Supp. 2d 857 | 197+464 | State court's determination that petitioner's incest conviction for engaging in consensual sexual conduct with his adult stepdaughter did not violate his substantive due process right to sexual privacy was not unreasonable application of clearly established federal law in Lawrence v. Texas, and thus did not warrant federal habeas relief; there was split of authority among federal courts of appeals regarding appropriate standard of review, Lawrence did not address or clearly establish federal law regarding state incest statutes or categorically invalidate criminal laws based in part on morality, and state had legitimate and important interest in protecting families. U.S.C.A. Const.Amend. 14; 28 U.S.C.A. S 2254(d)(1); R.C. S 2907.03(A)(5). | Do step-children and adopted children come under the purview of incest? | 05364.docx | LEGALEASE-00080842-LEGALEASE-00080843 |
| United States ex rel. Cain v. Salish Kootenai Coll., 862 F.3d 939 | 209+103 | Federally-recognized Indian tribes are sovereign entities, and thus are presumptively excluded from term "person." | Can a tribe qualify as a person? | 019449.docx | LEGALEASE-00118308-LEGALEASE-00118310 |
| Surcey v. State, 4 Tenn. Crim. App. 542 | 207+6 | Sexual penetration is essential element of incest. T.C.A. S 39-705. | Is sexual penetration an essential element of incest? | Incest - Memo 34 - JS.docx | ROSS-003324019-ROSS-003324020 |
| Flotech v. E.I. Du Pont de Nemours Co., 627 F. Supp. 358 | 241+55(6) | Continuing tort doctrine did not apply to claim of product defamation so as to allow the action to be brought more than three years after the allegedly defamatory statement was made, even though there was republication of the statement. M.G.L.A. c. 260, S 2A. | When does the doctrine of continuing tort apply in defamation? | 001307.docx | LEGALEASE-00118492-LEGALEASE-00118494 |
| Barr v. Essex Trades Council, 53 N.J. Eq. 101 | 92+1114 | A person's business is property, entitled under the constitution to protection from unlawful interference. Every person has a right, as between his fellow citizens and himself, to carry on his business, within legal limits, according to his own discretion and choice, with any means which are safe and healthful, and to employ therein such persons as he may select; and every other person is subject to the correlative duty arising therefrom, to refrain from any obstruction of the fullest exercise of this right, which can be made compatible with the exercise of similar rights by others. | Does a person have a legal right to dispose of his own labor as he wishes? | 05368.docx | LEGALEASE-00080822-LEGALEASE-00080824 |
| Scofield v. State, Dep't of Nat. Res., 276 Neb. 215 | 148+69 | State constitutional right to just compensation includes compensation for damages occasioned in the exercise of eminent domain and, therefore, is broader than the federal right, which is limited only to compensation for a taking. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 21. | "With regard to regulatory taking, is federal constitutional case law and state constitutional case law coterminous?" | Eminent Domain -Memo 64- VP.docx | ROSS-003282479-ROSS-003282480 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| U.S., for & on behalf of Portland Const. Co. v. Weiss Pollution Control Corp., 532 F.2d 100 | 25T+196 | Where subcontractor, which had demanded arbitration with contractor and which had also filed Miller Act suit against the contractor and its Miller Act surety, consented to stay of the federal proceedings pending the outcome of the arbitration and had conceded that no Miller Act remedy would be available if the arbitrators resolved the dispute in favor of the contractor, the Miller Act suit should not have been dismissed but rather should have been stayed pending the outcome of the arbitration. Miller Act, S 1 et seq., 40 U.S.C.A. S 270a et seq. | Does the Federal Arbitration Act apply to suits and proceedings brought under the Miller Act? | 001720.docx | LEGALEASE-00118765-LEGALEASE-00118766 |
| Lattanzio v. COMTA, 481 F.3d 137 | 46H+86 | Limited liability company (LLC) could appear in federal court only through licensed attorney, regardless of fact that LLC had sole member and that its sole member/executive director, who was not licensed attorney, sought to represent it. 28 U.S.C.A. S 1654. | Does a corporation or a partnership need to be represented by a licensed attorney? | Partnership - Memo 52 - RK.docx | ROSS-003285113-ROSS-003285114 |
| State v. Bale, 512 N.W.2d 164 | 207+5 | Sexual penetration between adoptive parent and child did not constitute incest under statute limiting crime of incest to sexual penetration between those related by consanguinity; adoption did not create legal consanguinity between adoptive parent and child. SDCL 22-22-1(6). | Is sexual penetration an essential element of incest? | 001292.docx | LEGALEASE-00118528-LEGALEASE-00118529 |
| Statham v. Statham, 282 Ala. 322 | 157+1 | Judicial notice is a matter of evidence and not pleading. | Is judicial notice a matter of pleading? | Pleading - Memo 61 - ANG.docx | ROSS-003287455-ROSS-003287456 |
| United States v. Adair, 723 F.2d 1394 | 209+362 | Because Indian tribe's treaty right to hunt and fish was not transferrable, no subsequent transferee could acquire that right of use or reserved water necessary to fulfill that use. | "Is a treaty with Indian tribes, a grant of rights to them or grant of rights from them?" | 001777.docx | LEGALEASE-00118907-LEGALEASE-00118909 |
| State In Interest of T. J., 219 So.3d 414 | 302+4 | It is the content of the pleading, rather than its caption, that determines its nature. | What determines the nature of a pleading? | 001867.docx | LEGALEASE-00118878-LEGALEASE-00118879 |
| State v. Ward, 172 Conn. 163 | 110+338(1) | First test of admissibility of any evidence is whether it is relevant. | What is the test of admissibility of evidence in an offence of embezzlement? | 002066.docx | LEGALEASE-00119272-LEGALEASE-00119274 |
| W. Elec. Co. v. Cooley, 79 Cal. App. 770 | 145+8 | Electric power line is "structure," within statute giving lien on building or other structure. Code Civ.Proc. S 1183. | Are electric poles supporting power lines considered structures? | Electricity - Memo 22 - RK.docx | LEGALEASE-00007497-LEGALEASE-00007499 |
| Black Oak Energy v. F.E.R.C., 725 F.3d 230 | 145+11.3(4) | Federal Energy Regulatory Commission (FERC) orders approving a system in which the transmission loss surplus would be allocated to market participants based on the amount they paid for the fixed costs of the transmission grid were not arbitrary and capricious, even though they discriminated against virtual marketers, electricity traders who never actually transmitted or took delivery of electricity; FERC reasonably determined that the virtual marketers were not similarly situated to the rest of the market participants because unlike load-serving entities, arbitrageurs balanced each purchase transaction with a sales transaction, and, thus, since their business interests were purely speculative, FERC explained, the virtual marketers posed a threat as potential market manipulators. Electric Utility Companies Act, S 205, 16 U.S.C.A. S 824d. | What are the factors which depend upon the decision to vacate a Federal Energy Regulatory Commission (FERC) order? | 002230.docx | LEGALEASE-00119311-LEGALEASE-00119312 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. J.M., 144 Wash. 2d 472 | 207+4 | For purposes of establishing offense of aggravated incest, state does not have to prove actual arousal, only the intent to arouse. LSA-R.S. 14:78.1. | Is arousal a necessary element to prove the offense of incest? | 13356.docx | LEGALEASE-00081421-LEGALEASE-00081422 |
| Wilson v. State ex rel. State Election Bd., 2012 OK 2 | 207+4 | The essential elements of incest are relationship and carnal knowledge. | Is cardinal knowledge an element of incest? | Incest - Memo 45 - JS.docx | ROSS-003299033-ROSS-003299034 |
| Weeks v. Pers. Bd. of Review of Town of N. Kingstown, 118 R.I. 243 | 268+185(3) | Administrative proceedings to discipline or remove police officers for cause are judicial or quasi-judicial in nature; statute providing for trial de novo in superior court for certain appeals by police officers was therefore constitutional and did not violate doctrine of separation of powers by conferring on courts authority over executive or administrative functions. Gen.Laws 1956, SS 9-24-27, 45-20-1.1. | What does a statute empowering an administrative agency to act for cause indicate? | Administrative Law - Memo 170 - RK.docx | ROSS-003284501-ROSS-003284503 |
| Walley v. Pierce, 86 So. 3d 918 | 92+4396 | Trial court's application of the grandparent-visitation statute to permit visitation between grandparents and children did not violate parents' right to due process, even though there was no finding that parents were unfit, and parents objected to unsupervised visitation, where due consideration was given to parents' concerns, and grandparent-visitation statute did not permit parents to deny reasonable visitation with minor children when it was in their best interest. U.S.C.A. Const.Amend. 14; West's A.M.C. S 93-16-3. | Do parents with custody have a paramount right to control the environment to which their children are exposed? | Child Custody - Memo 11 ANG.docx | ROSS-003286056-ROSS-003286057 |
| Jacobson v. Mut. Ben. Health & Accident Ass'n, 73 N.D. 108 | 13+1 | The terms "cause of action" and "claim" are substantially synonymous. | "Is a ""cause of action"" similar to a claim?" | Action - Memo 9 - MS.docx | LEGALEASE-00007705-LEGALEASE-00007706 |
| Linder v. Thrifty Oil Co., 23 Cal. 4th 429 | 287+35.71 | Trial court failed to give adequate consideration to benefits of a possible class action in determining whether to certify class in action brought by plaintiff who alleged that oil company had violated Song-Beverly Credit Card Act, and had committed other unfair business practices, where court focused narrowly on each putative class member's potential recovery on claim that company had imposed unlawful surcharges on credit card purchases, and did not consider whether class action was only effective way to halt and redress alleged wrongdoing, or to prevent unjust advantage to oil company. West's Ann.Cal.C.C.P. S 382. | Can a surcharge be imposed on a credit card? | Consumer Credit - Memo 5 - MS.docx | ROSS-003288620-ROSS-003288621 |
| Flint Elec. Membership Corp. v. Barrow, 271 Ga. 636 | 145+11(1) | Electric membership corporation incorporated under the Electric Membership Corporation Act was precluded from furnishing or selling propane gas to its members. O.C.G.A. S 46-3-201(b)(7). | What purposes may an electric membership corporation serve? | Electricity - Memo 31 - RK.docx | ROSS-003311400-ROSS-003311402 |
| Keene Valley Ventures v. City of Richland, 174 Wash. App. 219 | 115+110 | "Permanent damage" to real property is valued by determining the market value of the property before and after the damage. | How is permanent damage valued under the provisions of eminent domain? | Eminent Domain -Memo 91-VP.docx | ROSS-003298655-ROSS-003298656 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Tracy, 539 N.W.2d 327 | 187+7 | Fact that section line on farmers' property partially contained farm trail did not mean that line was "improved" for vehicular travel, within meaning of statute providing that improved section lines were open to hunters, thus, farm manager of property did not commit offense of interference with lawful hunting by telling party hunting from section line that they were trespassing; statute contemplated improvement such as intentional enhancement of natural terrain's utility for travel or adaptation which would permit travel where it was not previously possible, or common use of section line, not merely fortuitous crossing of piece of machinery heavy enough to leave tracks. SDCL 41-9-1, 41-9-1.1. | Can the abandonment of a section line highway be established by evidence that the highway has never been open or improved? | 002076.docx | LEGALEASE-00119556-LEGALEASE-00119557 |
| People v. Yeast, 236 Ill. App. 3d 84 | 110+29(13) | Defendant could not be convicted of both unlawful restraint and criminal sexual abuse, and only conviction for sexual abuse would be allowed to stand, where restraint was slight and dominant offense was the sexual abuse. S.H.A. ch. 38, P 10-3, 12-15. | What is the common denominator of forcible rape and incest? | 05259.docx | LEGALEASE-00082087-LEGALEASE-00082088 |
| Elca of New Hampshire v. McIntyre, 129 N.H. 114 | 233+1001 | When restrictions in leases are express or clearly implied from language of lease they will be recognized. | Should express language from which a restriction can be implied be shown to establish restriction in a lease? | Landlord and Tenant - Memo 68 - ANG.docx | LEGALEASE-00008472-LEGALEASE-00008474 |
| Faber v. Menard, 267 F. Supp. 2d 961 | 25T+140 | Under Iowa law, court would sever arbitration clause in employment agreement in its entirety, rather than sever only unconscionable provisions relating to fees and costs, where unconscionable provisions defined the whole arbitration scheme and thus tainted central purpose of clause. | Does a substantial arbitration fee make an arbitration agreement unconscionable? | 002655.docx | LEGALEASE-00120047-LEGALEASE-00120048 |
| Dixie Elec. Membership Co-op. v. Louisiana Pub. Serv. Comm'n, 509 So. 2d 1002 | 145+11.5(1) | Public Service Commission had rate-making authority to order electric cooperative to refund sums to its customers, which it had received by way of refund from its wholesale supplier, even though at time cooperative received refund from wholesaler, Commission had chosen not to regulate electric cooperatives, where continuing failure of cooperative to refund money to its customers constituted "current condition" which justified Commission's regulatory orders in exercise of its plenary ratemaking authority. LSA-Const. Art. 4, S 21(B); LSA-R.S. 45:1163. | Under what standard of review may a Public Service Commission's (PSC) decisions be overturned by the courts? | 002700.docx | LEGALEASE-00120191-LEGALEASE-00120192 |
| Charles T. Main Int'l v. Khuzestan Water & Power Auth., 651 F.2d 800 | 170B+3868 | If and when plaintiff, an engineering firm with claims against Iran, could establish a "taking" for which compensation was due by reason of the President's settlement of the hostage crisis, its remedy would lie in the court of claims. 28 U.S.C.A. SS 1346, 1491, 2201. | Does the President's settlement of a claim against a foreign government constitute a taking of private property for a public use? | 002728.docx | LEGALEASE-00120215-LEGALEASE-00120216 |
| Bass v. State, 123 Ga. App. 705 | 146+52 | Two methods of punishment for embezzlement, imprisonment and fine, are alternative methods. Code 1972, S 97-23-25. | Are the two methods of punishment alternative methods for embezzlement? | 05253.docx | LEGALEASE-00082113-LEGALEASE-00082114 |
| Shaffer v. State, 137 Tex. Crim. 476 | 203+520 | There is no crime of "murder and sexual battery" or "manslaughter and sexual battery." | Is there a crime of murder and sexual battery? | 05257.docx | LEGALEASE-00082089-LEGALEASE-00082090 |
| Williams v. United States, 71 F.3d 502 | 237+2 | Defamation is defined under Texas law as intentional tort. | Is defamation an intentional tort? | Libel and Slander - Memo 128 - JS.docx | ROSS-003310795-ROSS-003310797 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Francis v. Allstate Ins. Co., 869 F. Supp. 2d 663 | 379+353 | Under Maryland law, false light invasion of privacy occurs when one publicizes a matter concerning another that places the other before the public in a false light if (a) the false light would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed; like defamation, it requires the defendant's voluntary communication and, thus, cannot be an accident. | Can defamation be caused by accident? | 002909.docx | LEGALEASE-00119881-LEGALEASE-00119882 |
| Chancely v. Bailey, 37 Ga. 532 | 384+1 | Treason is offense against political sovereignty of government. | Is treason an offense against the political sovereignty of the government? | 003662.docx | LEGALEASE-00120270-LEGALEASE-00120273 |
| Groves v. Dep't of Corr., 295 Mich. App. 1 | 30+3226 | Whether a party has standing is a question of law subject to review de novo. | Is a party's standing to sue be reviewed de novo? | Action - Memo 54 - MS.docx | LEGALEASE-00009224-LEGALEASE-00009225 |
| In re Badiou, 527 B.R. 692 | 366+1 | Under California law, for a claim to be subject to subrogation, it must be assignable. West's Ann.Cal.Civ.Code SS 953, 954. | Should a claim be assignable for it to be subject to subrogation? | Subrogation - Memo 96 - VP C.docx | ROSS-003310778 |
| Steaks Unlimited v. Deaner, 623 F.2d 264 | 237+101(1) | Malice component of Pennsylvania's cause of action for defamation is implied or presumed to exist from unprivileged publication of defamatory words actionable per se; such presumption can be negated, however, by defense that published material furthered some interest of social importance, which is entitled to protection even at expense of uncompensated harm to plaintiff's reputation. 12 P.S.Pa. S 1584a. | When is malice implied in an action for defamation? | Libel and Slander - Memo 160 - RK.docx | LEGALEASE-00010447-LEGALEASE-00010448 |
| Hutchinson v. Proxmire, 431 F. Supp. 1311 | 237+101(4) | In a libel action brought by a "public official" or a "public figure," required showing of malice may not be presumed but it must be proved by the plaintiff. | Should malice be presumed or proven? | 003354.docx | LEGALEASE-00120833-LEGALEASE-00120834 |
| United States v. Mitchell, 463 U.S. 206 | 393+468(4) | Statute and regulations giving federal Government full responsibility to manage Indian forests and property for benefit of Indians established fiduciary relationship between Government and Indians, breach of which gave rise to substantive claim for money damages against Government. 25 U.S.C.A. SS 162a, 318, 323-325, 406, 407, 413; Indian Reorganization Act, S 6, 25 U.S.C.A. S 466; 28 U.S.C.A. SS 1491, 1505. | What is the basis of the trust responsibility the federal government owes to the Native Americans? | Indians - Memo 41 - BP.docx | LEGALEASE-00010667-LEGALEASE-00010668 |
| In re Found. for Anglican Christian Tradition, 103 A.3d 425 | 75+3 | The Uniform Trust Act applies to charitable trusts but not to charitable gifts. 20 Pa.C.S.A. S 7702. | Do constitutional and statutory provisions apply to charitable trust and charitable gifts? | 013338.docx | LEGALEASE-00121759-LEGALEASE-00121760 |
| 2910 Georgia Ave. LLC v. D.C., 234 F. Supp. 3d 281 | 148+2.1 | A court will find a categorical or per se taking in two circumstances: (2) regulations that result in permanent physical occupation of property; or (2) regulations pursuant to which the government denies all economically beneficial or productive use of property. U.S. Const. Amend. 5. | Is categorical taking a classification of regulatory takings? | 017385.docx | LEGALEASE-00121066-LEGALEASE-00121067 |
| Cox v. State, 497 S.W.3d 42 | 2.31E+20 | In a kidnapping prosecution, there is no minimal requirement for restraint other than the interference with the victim's liberty to be substantial. Tex. Penal Code Ann. S 20.01(1). | Does the time a victim is confined matter in a kidnapping case? | Kidnapping - Memo 9 - TH.docx | LEGALEASE-00011009-LEGALEASE-00011010 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Yow v. Nat'l Enquirer, 550 F. Supp. 2d 1179 | 237+6(1) | Under California law, a statement is "libelous per se" if it defames the plaintiff on its face, without the need for extrinsic evidence to explain the statement's defamatory nature. West's Ann.Cal.Civ.Code S 45a. | When will statements or publications be libelous on its face? | 021039.docx | LEGALEASE-00121623-LEGALEASE-00121625 |
| Allen v. Hawley, 6 Fla. 142 | 354+17.5 | As a general rule, the several owners of a merchant vessel or steamboat hold their respective interests as tenants in common, and not as copartners, and are to be governed by the laws applicable to that species of tenure; but to this rule there may be exceptions, either growing out of the express agreement of the parties, or to be implied from the nature and character of the business or adventure in which they may be about to engage. | How is a part-ownership of a ship different from the partnership? | Partnership - Memo 141 - BP.docx | ROSS-003283875-ROSS-003283876 |
| State, Dep't of Human Servs. ex rel. Palmer v. Unisys Corp., 637 N.W.2d 142 | 366+1 | Subrogation, like contribution and indemnity, is a separate form of restitution. | "Are ""contribution"" and ""subrogation"" distinct?" | Subrogation - Memo # 475 - C - SA.docx | LEGALEASE-00011250-LEGALEASE-00011251 |
| Bender v. A.G. Edwards & Sons, 971 F.2d 698 | 25T+420 | Sex discrimination claim brought by stock brokerage's employee under Title VII was subject to compulsory arbitration under Federal Arbitration Act; plaintiff, individually, had entered into agreement whereby she promised to arbitrate all disagreements with her employer. Civil Rights Act of 1964, S 701 et seq., 42 U.S.C.A. S 2000e et seq.; 9 U.S.C.A. SS 1-16. | Are claims based on Title VII enforceable under the FAA? | 007092.docx | LEGALEASE-00122436-LEGALEASE-00122437 |
| Grimison v. Russell, 14 Neb. 521 | 8.30E+186 | A memorandum on the back of a note, made at the time of its execution, stating that the note is binding only on a certain condition, must be taken as part of the note. | Is memorandum on the back of a note a part of the instrument? | Bills and Notes - Memo 33 - ANG V.docx | LEGALEASE-00011767-LEGALEASE-00011768 |
| Rokowsky v. Gordon, 501 F. Supp. 1114 | 83E+676 | Demand note is payable at place of residence of maker, if no place of payment is named in the note. | Which law is applicable to a note? | Bills and Notes - Memo 50 - KC.docx | ROSS-003326430-ROSS-003326431 |
| Tompkins Printing Equip. Co. v. Almik, 725 F. Supp. 918 | 83E+342 | Promissory note was not "negotiable instrument," where note did not contain terms "payable to order" or "payable to bearer." U.C.C. SS 3-101 et seq., 3-104, 3-104(1)(d), 3-202(3). | Is it obligatory for a negotiable instrument to be payable to order or to bearer? | 010990.docx | LEGALEASE-00122383-LEGALEASE-00122384 |
| Century Expl. New Orleans v. United States, 103 Fed. Cl. 70 | 148+2.5 | Plaintiff in Court of Federal Claims may pursue breach of contract claim and Fifth Amendment takings claim against federal government in same suit when property interest alleged to have been taken arises under contract alleged to have been breached. U.S.C.A. Const.Amend. 5. | Can a claim of a breach of contract and a taking may be brought concurrently and be  proceed until the contract claim becomes viable and trumps the takings claim? | Eminent Domain - Memo 194 - GP.docx | ROSS-003296212-ROSS-003296214 |
| Jackson v. State Highway Dep't of Ga., 164 Ga. 434 | 2.31E+17 | Physical force is not a necessary element of kidnapping. West's Ga.Code Ann. S 16-5-40(a). | Is physical force necessary to commit kidnapping? | Kidnapping - Memo 3 - TH.docx | LEGALEASE-00011889-LEGALEASE-00011891 |
| Marchosky v. St. Luke's Episcopal-Presbyterian Hosps., 363 S.W.3d 121 | 30+205 | Under the Northeast exception to the general rule that when a trial court grants a motion to exclude evidence prior to trial an offer of proof must also be made at trial, there must be a complete understanding based on the record of the excluded testimony; the objection must be to a category of evidence rather than to specific testimony; and finally, the record must show the evidence would have helped its proponent. | Is a pre-trial ruling excluding evidence an interlocutory decision subject to change during trial? | Pretrial Procedure - Memo # 432 - C - ES.docx | ROSS-003313017-ROSS-003313018 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ben-Zvi v. Edmar Co., 40 Cal. App. 4th 468 | 308+44 | Agency may be terminated by agent's renunciation of it. West's Ann.Cal.Civ.Code S 2355(d). | Can Agency be terminated due to renunciation by an agent? | Principal Agent-Renunciation by Agent-Memo 21-AM.docx | ROSS-003285678-ROSS-003285680 |
| Philadelphia Elec. Co. v. Pennsylvania Pub. Util. Comm'n, 71 Pa. Cmwlth. 424 | 145+8.4 | Decision to cease construction of nuclear generating plant was within managerial prerogative of electric company, therefore, Public Utility Commission was without authority to order company to cease or suspend construction of plant, even if it determined that company had abused its managerial discretion. 66 Pa.C.S.A. SS 101-3315, 331, 501(b). | Is the Public Utility Commission a super board of the directors of public utility companies of the State? | 042621.docx | LEGALEASE-00121832-LEGALEASE-00121834 |
| In re Bounds, 495 B.R. 725 | 13+61 | Under Texas law, when act setting injury in motion is itself a completed wrong, such as an invasion of some personal or property right of plaintiff, the act and legal injury occur simultaneously, and cause of action "accrues" from time that act is committed, even though little, if any, actual damage occurs immediately upon commission of act. | Is the date a plaintiff discovers his injury relevant to the time of accrual for limitation purposes and not to the time the cause of action arose? | 005432.docx | LEGALEASE-00122727-LEGALEASE-00122728 |
| Reynolds v. Chrysler First Commercial Corp., 40 Conn. App. 725 | 113+1 | Contracts are not created by evidence of customs and usage. | May contracts be created by evidence of customs and usage? | Customs & Usage - Memo 30 - TH.docx | ROSS-003297236-ROSS-003297237 |
| Phelps-Roper v. City of Manchester, Missouri, 738 F. Supp. 2d 947 | 92+1515 | Under First Amendment free speech clause, states and municipalities may enforce content-neutral regulations of time, place, and manner of expression, as long as they are narrowly tailored to serve significant government interest and leave open ample alternative channels of communication. U.S.C.A. Const.Amend. 1. | Can expressive conduct protected by the First Amendment be regulated? | 05732.docx | LEGALEASE-00085372-LEGALEASE-00085373 |
| U. S. ex rel. Castro v. Regan, 525 F.2d 1157 | 203+1392 | Charge in state trial with respect to killing with malice and without reasonable provocation or justifiable cause or excuse, which included statement that the law presumes that all unlawful killings were committed with malice unless the lack of malice was affirmatively demonstrated by the evidence, did not violate rule of United States Supreme Court decision that state may not, without offending due process, affirmatively shift to defendant the burden of proving that he acted in the heat of passion on sudden provocation. | What is murder? | 019350.docx | LEGALEASE-00123598-LEGALEASE-00123599 |
| Kidz Cloz v. Officially For Kids, 320 F.Supp.2d 164 | 289+1005 | Under New York law, partner's only remedy upon dissolution of a partnership at will is an accounting. | Is accounting the only remedy left to a partner after a firm is dissolved at will? | 021885.docx | LEGALEASE-00122780-LEGALEASE-00122781 |
| Kjerstad v. Ravellette Publications, 517 N.W.2d 419 | 307A+3 | Defendant in tort action was prejudiced by plaintiffs' counsel's repeated violations of in limine orders, and mistrial should have been granted; during course of trial, plaintiffs' counsel violated orders barring reference to administrative proceedings, to any settlement in those proceedings, to what deceased witness' testimony would have been, and to any suspicions by plaintiffs of defendant's alleged tortious conduct; moreover, some inadmissible evidence, particularly relating to administrative proceedings, settlement, and defendant's apology went to vital issue of liability, and admissible evidence against defendant was not overwhelming. | "Is a ""motion in limine"" a motion heard in advance of jury selection, which asks the court to instruct the party, its counsel and witnesses not to mention certain facts unless and until permission of the court is first obtained outside the presence and hearing of the jury?" | 028674.docx | LEGALEASE-00123038-LEGALEASE-00123039 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Montz v. Hill-Mont Land Co., 329 N.W.2d 657 | 307A+2 | It was inappropriate for the trial court to construe instrument conveying an interest in land for a railroad right-of-way by a ruling on an application for adjudication of law points, where material facts concerning the deed were in dispute and were not stipulated. Rules Civ.Proc., Rule 105. | When is the application for adjudication of law points and motion for summary judgment appropriate? | Pretrial Procedure - Memo 344 - TH.docx | LEGALEASE-00013910-LEGALEASE-00013911 |
| Peters v. Gen. Motors Corp., 200 S.W.3d 1 | 30+205 | A motion in limine, by itself, preserves nothing for appeal; to preserve an evidentiary issue on appeal, a party is required to object at trial to the introduction of the evidence and to reassert the objection in post trial motions. | Are rulings on motions in limine interlocutory and subject to change during the course of the trial? | 041144.docx | LEGALEASE-00124041-LEGALEASE-00124042 |
| Consol. Waste Indus. v. Standard Equip. Co., 421 Md. 210 | 30+3366 | When weighing the probative value of proffered evidence against its potentially prejudicial nature, an "abuse of discretion" in the ruling may be found where no reasonable person would share the view taken by the trial judge; that is to say, an abuse of discretion occurs when a decision is well removed from any center mark imagined by the reviewing court and beyond the fringe of what that court deems minimally acceptable. | Is the grant or denial of a motion in limine within the sound discretion of the trial court? | 041179.docx | LEGALEASE-00124130-LEGALEASE-00124131 |
| United States v. Mullins, 800 F.3d 866 | 63+11 | Evidence was sufficient to support bribery conviction of defendant, who was former county director of public affairs and communications; defendant altered vendors' invoices to remain under $25,000 and kept himself in approval process, defendant required and received cash kickbacks from vendors when they received their fees under ruse that kickbacks were for subcontractors, and payments were given as reward or bribe for buying defendant's influence in obtaining future awards from county. 18 U.S.C.A. S 666(a)(1)(B). | "Does a public agent act corruptly when he understands that a payment given is a bribe, reward, or gratuity?" | Bribery - Memo 17 - TH.docx | ROSS-003288924-ROSS-003288925 |
| Succession of Henderson, 191 So. 3d 9 | 75+19 | Bequest of will, which created an academic scholarship fund, sufficiently designated a trustee and thus could create a valid trust, where testator gave his executor power to "take such steps" as needed to see that fund was legally established as a trust. LSA-R.S. 9:1753. | May the testator of a charitable trust expressly delegate or designate the trustee in the trust? | 013334.docx | LEGALEASE-00124284-LEGALEASE-00124285 |
| State v. Benge, 272 N.C. 261 | 203+656 | "Manslaughter" is the unlawful killing of a human being without malice and without premeditation or deliberation. | What is manslaughter? | 019355.docx | LEGALEASE-00124271-LEGALEASE-00124272 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Vitamin C Antitrust Litig., 837 F.3d 175 | 221+388 | Deference was due to Chinese government's interpretation of its own laws, for purposes of United States court's determination, under comity analysis, of whether a true conflict existed between Chinese and United States laws governing foreign export of vitamin C, in vitamin purchasers' Sherman Act class action against Chinese vitamin manufacturers alleging conspiracy to fix price and supply of vitamin C sold to United States companies on the international market; the Ministry of Commerce of the People's Republic of China had, for the first time ever, appeared amicus curia before a United States court to explain the unique and complex nature of the Chinese legal and economic regulatory system, the stark differences between the Chinese and United States pricing systems, and China's government controlled horizontal price-fixing agreements that were a result of industry-wide negotiations within the country, in order to demonstrate conflicts with United States antitrust laws. Sherman Act S 1, 15 U.S.C.A. S 1; Fed. R. Civ. P. 44.1. | Does a foreign sovereigns view regarding its own laws merit some degree of deference? | 020167.docx | LEGALEASE-00125035-LEGALEASE-00125036 |
| Phoenix Canada Oil Co. v. Texaco Inc., 749 F. Supp. 525 | 184+18 | Oil company's omission, in litigation context, of fact that it had procured survey by foreign government agency showing location of foreign oil well was not material to dispute over whether alleged owner of oil well royalties could recover, precluding finding of fraud under New York law, as origin of survey was irrelevant to validity of company's act of state defense during relevant time period, there were other plausible legal theories which may have defeated that defense, and owner could have prevailed on claim to royalties even if it lost on act of state issue. | "Is ""Act of state doctrine"" a principle of law designed primarily to avoid judicial inquiry into the acts and conduct of the officials of the foreign state, its affairs, and its policies, and into the underlying reasons and motivations for actions of foreign government?" | International Law - Memo # 516 - C - ES.docx | LEGALEASE-00014591-LEGALEASE-00014593 |
| Sunward Corp. v. Dun & Bradstreet, 811 F.2d 511 | 237+33 | Defamation plaintiff must show extrinsic facts and innuendo drawn from alleged defamatory words in light of those facts in order to prove defamation in a case of libel per quod. | Does an action for libel per quod require proof of special damages? | Libel and Slander - Memo 203 - BP.docx | LEGALEASE-00014867-LEGALEASE-00014868 |
| Kenley v. D.C., 83 F. Supp. 3d 20 | 237+7(1) | Under District of Columbia law, a false allegation of criminal wrongdoing is defamation per se. | Does a false accusation of a crime constitute defamation per se? | 021093.docx | LEGALEASE-00125216-LEGALEASE-00125217 |
| Zimmerman v. Huber, 29 Ala. 379 | 289+572 | One partner is not entitled to compensation from the partnership for his services in attending to the partnership affairs, unless there is a contract therefor express or implied. | Is a partner entitled to charge the partnership for his services to it? | 021824.docx | LEGALEASE-00124902-LEGALEASE-00124903 |
| Gibson v. Deuth, 270 N.W.2d 632 | 289+950 | Partnership dissolution ordinarily does not result in immediate termination; rather, termination occurs only after winding up of partnership affairs is completed. I.C.A. SS 544.29, 544.30. | When does a termination of a partnership occur? | Partnership - Memo 188 - BP.docx | ROSS-003282284-ROSS-003282285 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Groves v. Ihsanullah, 2016-Ohio-7703 | 307A+3 | Counsel for deceased patient's mother did not, by inquiring on cross-examination of defense expert witness as to whether witness assumed patient had history of drug seeking, violate motions in limine limiting witness's testimony regarding substance and drug abuse opinions and excluding evidence concerning patient's prior emergency room encounters to request narcotic prescription refills and, thus, mother was prejudiced by trial judge's sanctioning of counsel through issuance of curative jury instruction, entitling mother to new trial in wrongful death and medical malpractice action against hospital and emergency care provider premised on patient's death due to prescription drug overdose; liminal motions were not final, and trial judge overruled defense objections to questioning. Rules Civ.Proc., Rule 59(A)(1). | "Is a ruling on a motion in limine tentative, interlocutory and precautionary?" | Pretrial Procedure - Memo # 263 - C - MLS.docx | ROSS-003316572-ROSS-003316573 |
| Kletsch v. Waukesha Cty., 61 Wis. 2d 662 | 307A+1 | If pretrial procedure is to be effective, it must be observed. | Is it essential to observe pretrial procedure to make it effective? | Pretrial Procedure - Memo # 450 - C - HAM.docx | ROSS-003297865-ROSS-003297866 |
| State v. Young, 136 Idaho 113 | 110+1036.1(3.1) | State did not preserve on appeal the issue of whether evidence of lewd-conduct defendant's contacts with adopted daughter, barred by terms of release on bail, was admissible, where state made no offer of proof at trial, and no record evidence showed that these contacts were relevant. Rules of Evid., Rule 103(a)(2). | Does a motion in limine seek an advance ruling on the admissibility of evidence? | 041191.docx | LEGALEASE-00124189-LEGALEASE-00124191 |
| In re Badiou, 527 B.R. 692 | 366+1 | Under California law, for a claim to be subject to subrogation, it must be assignable. West's Ann.Cal.Civ.Code SS 953, 954. | Does a claim need to be assignable for it to be subject to subrogation? | Subrogation - Memo 1027 - C- CAT.docx | ROSS-003298811-ROSS-003298812 |
| Rowley Plastering Co. v. Marvin Gardens Dev. Corp., 180 Ariz. 212 | 208+67 | Stucco subcontractor which settled negligence action was entitled, under doctrine of equitable subrogation, to reimbursement from negligent nonsettling prime contractor, where subcontract contained indemnity clause requiring subcontractor to indemnify prime contractor for any loss for which subcontractor was even partially responsible; under terms of subcontract, subcontractor was at risk and, thus, was not "volunteer," for purposes of equitable considerations governing awards of restitution. | Can equitable subrogation be used to enforce restitution? | 044427.docx | LEGALEASE-00125323-LEGALEASE-00125325 |
| People ex rel. Dep't of Transportation v. Salami, 2 Cal. App. 4th 37 | 148+200 | In determining amount of compensation for loss of goodwill in eminent domain actions, neither party bears burden of proof. West's Ann.Cal.C.C.P. SS 1260.210, 1263.510. | "As to entitlement of goodwill, does the landowner bear the burden of proof?" | 017562.docx | LEGALEASE-00125660-LEGALEASE-00125661 |
| Com. v. White, 366 Pa. Super. 538 | 203+548 | Malice is the gravamen of third-degree murder and it is the distinguishing factor between murder and manslaughter. | Is malice the gravamen of third degree murder? | Homicide - Memo 157 - VG.docx | ROSS-003299572-ROSS-003299573 |
| James v. Powell, 154 Va. 96 | 237+7(6) | To charge one with robbery is libelous and actionable per se. | Are words that falsely impute that a person is guilty of the crime of robbery actionable per se? | Libel and Slander - Memo 220 - BP.docx | LEGALEASE-00015592-LEGALEASE-00015593 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Elkin v. Bell Tel. Co. of Pennsylvania, 491 Pa. 123 | 317A+181 | Where allegations of telephone company's customer's complaint involved adequacy and efficiency of wide-area telephone service and directory assistance services, issues clearly involved area where Public Utility Commission's expertise was needed, competence of Commission in such areas was substantially greater than court's and need for uniformity was apparent, Public Utility Commission had primary jurisdiction over controversy. | "Which is the appropriate forum for the adjudication of rates, services and facilities of public utilities?" | 042332.docx | LEGALEASE-00125710-LEGALEASE-00125711 |
| Church Mut. Ins. Co. v. Dardar, 119 So.3d 967 | 92+3952 | Once a party's cause of action accrues, it becomes a vested property right, for due process purposes, and statutes enacted after the acquisition of such a vested property right cannot be applied so as to divest a party of his or her vested right in the cause of action because such a retroactive application would contravene due process guarantees. U.S.C.A. Const.Amend. 14; LSA-Const. Art. 1, S 2. | Does a cause of action accrue when a party has the right and capacity to sue? | Action - Memo # 135 - CNE.docx | LEGALEASE-00015790-LEGALEASE-00015791 |
| Ex parte Alexander, 141 S.W.3d 798 | 79+1 | District court clerk is clerk for specific county and he or she is the clerk of court for all district courts in that county. | Is the district court clerk the clerk of the court for all of the district courts in its county? | 013418.docx | LEGALEASE-00126274-LEGALEASE-00126275 |
| State ex rel. Purola v. Cable, 48 Ohio St. 2d 239 | 381+28 | De facto township trustee may vote to fill office of township trustee; thus, where de jure office of township trustee was held by one who was at least a de facto member of board of township trustees, such de facto trustee could combine her vote with vote of duly elected de jure trustee to appoint a qualified person as member of board of trustees in order to fill vacancy created by resignation of member of board; and such appointee to board was a de jure township trustee. R.C. S 503.24. | What is the difference between a de facto officer and a de jure officer? | Clerks of Court - Memo 58 - RK.docx | ROSS-003290074-ROSS-003290075 |
| Lathon v. Cumberland Cty., 184 N.C. App. 62 | 316P+232(3) | Acts of a de facto officer are valid in law in respect to the public whom he represents and to third persons with whom he deals officially. | When does a de facto status arise? | Clerks of Court - Memo 15 - RK.docx | ROSS-003285945-ROSS-003285946 |
| Mississippi Comm'n on Judicial Performance v. Ishee, 627 So. 2d 283 | 231+10 | Justice court judge's failure to resign from office while running for office of circuit clerk violates prohibition against running for nonjudicial office while holding office as judge; office of circuit clerk was nonjudicial, notwithstanding constitutional placement of office within judicial branch. Code of Jud.Conduct, Canon 7, subd. A(3); Const. Art. 6, S 168. | Is the office of circuit clerk a judicial office? | Clerks of Court - Memo 24 - RK.docx | ROSS-003290061-ROSS-003290062 |
| Simpson v. Payne, 79 Cal. App. 780 | 79+1 | "Clerks of municipal courts" are not "officers of an inferior court," or "county officers". Const. art. 11, S 71/212. | Are clerks of municipal courts officers of an inferior court? | 013479.docx | LEGALEASE-00126802-LEGALEASE-00126803 |
| E. Minerals Int'l v. United States, 36 Fed. Cl. 541 | 148+152(1) | Only owner of property at time of taking is entitled to compensation under takings claim. | Who is entitled to compensation of a taking under the law? | Eminent Domain - Memo 283 - GP.docx | LEGALEASE-00016534-LEGALEASE-00016535 |
| Waite v. Standard Acc. Ins. Co., 132 Mont. 220 | 302+8(1) | Allegations of conclusions of law present no issuable facts. | Are conclusions of law issuable? | 023060.docx | LEGALEASE-00126718-LEGALEASE-00126719 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Burch v. Nedpower Mount Storm, 220 W. Va. 443 | 279+6 | The right of a person under the common law to bring in circuit court a nuisance claim to enjoin the construction and/or operation of an electric generating facility that is designated under federal law as an exempt wholesale generator is not precluded by the fact that the Public Service Commission (PSC) of West Virginia has granted a siting certificate to the owner or operator of the facility. West's Ann.W.Va.Code, 24-2-1(c)(1). | Does the term public utility properly designate the owner or the person in control of the property devoted to public use? | 042387.docx | LEGALEASE-00126357-LEGALEASE-00126358 |
| Am. Sur. Co. of New York v. Fed. Reserve Bank of Kansas City, 29 F. Supp. 940 | 8.30E+282 | All doubts are to be resolved in favor of negotiability of an instrument. | How should the doubts and issues regarding negotiable instruments be resolved lawfully? | 009052.docx | LEGALEASE-00127062-LEGALEASE-00127063 |
| United States of America V.S. W.H.I., and Michael and Virginia McGee, 855 F.Supp. 1207 | 200+79.2 | Whether road has been abandoned involves question of intent and acts of public, and nonuse is not enough, unless coupled with affirmative evidence of clear intention to abandon. West's C.R.S.A. S 43-2-106. | Is intent to abandon necessary to prove abandonment of a public road? | Highways - Memo 18 - BP.docx | LEGALEASE-00016900-LEGALEASE-00016901 |
| Dumais v. Am. Golf Corp., 150 F. Supp. 2d 1182 | 25T+134(2) | In the case of an arbitration agreement unsupported by consideration, issues surrounding the method of dispute resolution must be clear, unequivocal and apply mutually to both sides before that agreement may be enforced. | Are arbitration agreements enforceable if unsupported by consideration? | 007205.docx | LEGALEASE-00127382-LEGALEASE-00127383 |
| Horton v. California Credit Corp. Ret. Plan, 835 F. Supp. 2d 879 | 25T+134(6) | Provisions in a loan agreement excepting a foreclosure remedy from arbitration had a degree of substantive unconscionability. The lender, as the stronger party, had imposed the arbitration forum on the homeowners, without accepting that forum with respect to foreclosure, which was the only remedy the lender would likely need. The provision, therefore, did not provide a modicum of bilaterality and was substantively unconscionable. | Are fee splitting provisions of arbitration agreements per se substantively unconscionable? | Alternative Dispute Resolution - Memo 444 - RK.docx | LEGALEASE-00017474-LEGALEASE-00017475 |
| Hawkins v. City of La Grande, 315 Or. 57 | 148+2.1 | Property is not "taken," within meaning of takings clause of State Constitution, if it is simply damaged. Const. Art. 1, S 18. | Is a property taken if it is simply damaged under the takings law? | 017696.docx | LEGALEASE-00127453-LEGALEASE-00127454 |
| Curry v. Sec'y of Army, 595 F.2d 873 | 34+1 | Fundamental function of armed services is to fight or be ready to fight wars. | What is the fundamental function of the armed forces? | Armed Forces - Memo 10 - RK.docx | ROSS-003287076-ROSS-003287077 |
| Gilchrist v. United States, 33 Fed. Cl. 791 | 34+2 | Department of Defense (DOD) directive is controlling authority over Army regulation. | Do Department of Defense regulations control when they conflict with regulations promulgated by the Air Force? | Armed Forces - Memo 45 - RK.docx | LEGALEASE-00018164-LEGALEASE-00018165 |
| Titus v. Nieheiser, 269 Ala. 493 | 150+235 | Speaking demurrers are not permissible under the system of equity pleading. | Are speaking demurrers permissible? | Pleading - Memo 213 - RMM.docx | ROSS-003286856-ROSS-003286857 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Estate of Lewis v. Lewis, 229 Ariz. 275 P.3d 615 | 307A+746 | Even if out-of-state objector in probate proceeding had been told by his counsel that his personal presence was required at second pretrial conference, trial court abused its discretion when it sanctioned objector by entering a default judgment and dismissing objector's complaint, as the trial court's order that objector appear was ambiguous, and nonaggravated circumstances were present; objector had made a previous appearance by telephone, as had his counsel, without objection, trial court's statement at earlier pretrial conference, that objector was expected to personally appear, was not phrased as an order and could have been interpreted as referring only to the trial, minute entry order also lacked clarity, and minute entry order had not been served on objector. 16 A.R.S. Rules Civ.Proc., Rule 16(f). | What is a pretrial conference and what is the purpose of sanctions for failure to appear at a pretrial conference as ordered by a court? | 026438.docx | LEGALEASE-00128589-LEGALEASE-00128590 |
| Raritan & D.B.R. Co. v. Delaware & R. Canal Co., 18 N.J. Eq. 546 | 70+12(1) | The franchise of taking tolls upon public ferries, bridges, or highways, is a part of the sovereign prerogative, which can only be obtained by grant. Railroads for popular use, and for tolls, are publici juris. | "Is the title of the property of a franchise held for the sovereign, which is a necessity by law?" | 042488.docx | LEGALEASE-00128345-LEGALEASE-00128347 |
| Am. Motorist Ins. Co. v. Morris Goldman Real Estate Corp., 277 F. Supp. 2d 304 | 217+3522 | Under New York law, tenant's insurers' breach of contract claim against landlord fell within scope of waiver of subrogation clause in lease and its preclusion of claims arising from party's tortious activity, where insurer's claim was based completely on landlord's alleged negligence in maintaining water pipes on property. | Can a waiver of subrogation bar a claim for gross negligence? | 043237.docx | LEGALEASE-00128461-LEGALEASE-00128462 |
| Trinity Universal Ins. Co. v. Bill Cox Const., 75 S.W.3d 6 | 366+35 | Subrogation rights may be waived or altered by contract. | Can a party waive subrogation in a contract? | 043260.docx | LEGALEASE-00128367-LEGALEASE-00128368 |
| Disabled Veterans Tr. v. Porterfield Const., 996 S.W.2d 548 | 95+147(1) | The cardinal rule in the interpretation of a contract is to ascertain the intention of the parties and to give effect to that intention. | Can you enforce a waiver-of-subrogation provision? | Subrogation - Memo # 1152 - C - VA.docx | ROSS-003317353-ROSS-003317356 |
| SunTrust Banks v. Turnberry Capital Mgmt. LP, 945 F. Supp. 2d 415 | 25T+410 | One difference between ordinary contract interpretation and interpretation of the Financial Industry Regulatory Authority (FINRA) Code is that, consistent with the federal policy favoring arbitration, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. | "Is the interpretation of the arbitration rules of an industry self-regulatory organization (or SRO), similar to contract interpretation?" | Alternative Dispute Resolution - Memo 477 - RK.docx | LEGALEASE-00018566-LEGALEASE-00018568 |
| Fischer v. Fischer, 197 S.W.3d 98 | 289+924 | Right to dissolve is inseparably incident to every partnership, and there can be no indissoluble partnership. | Do indissoluble partnerships exist? | Partnership - Memo 225 - RK.docx | LEGALEASE-00018685-LEGALEASE-00018686 |
| Connors v. Sexton Studios, 270 N.J. Super. 390 | 307A+581 | Dismissal with prejudice for failure to appear is generally unwarranted, and procedural dismissals themselves are not favored. R. 1:2-4. | Are procedural dismissals favored? | Pretrial Proceedure - Memo # 1149 - C - TJ.docx | ROSS-003330932-ROSS-003330933 |
| Exec. Dir., Colorado Dep't of Corr. v. Dist. Court for Boulder Cty., 923 P.2d 885 | 401+11 | It is official act, or failure to act, by public officer that gives rise to cause of action and establishes venue in claim against public officer. Rules Civ.Proc., Rule 98(b)(2). | Should claims against a public officer for an official act done by him be tried in the county where the claim or some part thereof arose? | Venue - Memo 120 - RK.docx | LEGALEASE-00018808-LEGALEASE-00018809 |
| Mahr v. Young, 13 Wis. 634 | 30+4 | The object of an appeal is to try the case on its merits, and it does not perform the function of a certiorari. | What is the object of an appeal from the judgment of a justice? | 008199.docx | LEGALEASE-00129079-LEGALEASE-00129080 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cruzen v. Merchants' State Bank of St. Hilaire, 109 Minn. 303 | 30+13 | A second appeal cannot be taken while a former appeal is pending. | Can a second appeal be taken while a former appeal is pending? | 008228.docx | LEGALEASE-00129119-LEGALEASE-00129120 |
| In re Checking Account Overdraft Litig. MDL No. 2036, 674 F.3d 1252 | 25T+200 | "Clear and unmistakable" evidence requirement used in evaluating an arbitration provision's delegation provision pertains to the parties' manifestation of intent, not to the agreement's validity. | Can a delegation provision be severed from the rest of the arbitration agreement? | Alternative Dispute Resolution - Memo 500 - RK.docx | LEGALEASE-00019006-LEGALEASE-00019008 |
| Tremont Lumber Co. v. May, 143 La. 389 | 302+243 | Where document alleged to be made part of petition is not in fact annexed and filed, although court is of opinion that it discloses no cause of action, it may at any time before exception allow plaintiff to amend. | Can a suit which does not allege a cause of action be amended? | 023107.docx | LEGALEASE-00129203-LEGALEASE-00129204 |
| AT & T v. Pennsylvania Pub. Util. Comm'n, 709 A.2d 980 | 317A+114 | Exception is made for Public Utility Commission (PUC) to general rule that government agency does not have authority to abrogate or reform contracts between private parties, as a public utility's location of its facilities within public right-of-way is merely a privilege that is, by definition, revocable. Const. Art. 1, S 17. | Does a utility have a proprietary interest in the permanent location of its facilities in the right-of-way? | Public Utilities - Memo 258 - AM.docx | ROSS-003287671-ROSS-003287672 |
| U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co., 239 F.R.D. 404 | 25T+205 | If one of the parties fails to comply with an arbitration agreement, a court may order the parties to proceed to arbitration in accordance with the terms of the agreement, under the Federal Arbitration Act (FAA). 9 U.S.C.A. S 1 et seq. | "Will courts uphold an arbitration agreement against non-parties, if interests of the parties are not directly related to those of a signatory?" | Alternative Dispute Resolution - Memo 520 - RK.docx | ROSS-003285582-ROSS-003285583 |
| Jones v. Conradi, 673 So. 2d 389 | 79+3 | Although five counties had legislative authority for more than five circuit judgeships and statute providing for election of circuit court clerks mandated that "all counties having more than five circuit judges .shall" elect circuit court clerks, elected clerk positions existed in only one county, where statute's predecessor had been judicially interpreted to be local law applicable to only one county and had been reenacted without change by legislature. Code 1975, S 17-2-8. | Do circuit clerks have the power to appoint deputy clerks? | Clerks of court - Memo 111 - RK.docx | ROSS-003286763-ROSS-003286764 |
| Dornacker v. Olson, 248 N.W.2d 844 | 1.41E+19 | School system is the school system of the state, not of an organized administrative unit. | Is the school system the school system of an organized administrative unit? | 017002.docx | LEGALEASE-00129758-LEGALEASE-00129759 |
| Sturgeon v. Holtan, 486 S.W.2d 209 | 168+20(1) | Petition which, while alleging that defendants, mayor, city administrator, alderman and city policemen, were acting in their official capacities, also alleged they were acting beyond their official capacities as individuals without color of right, amounted to claim that such defendants instigated and caused plaintiff's arrest without any justification and was sufficient to state a claim for false arrest or false imprisonment. | "Is an allegation that arrests were made by the deputies in their official capacities, a mere legal conclusion?" | 023134.docx | LEGALEASE-00129825-LEGALEASE-00129826 |
| United Bonding Ins. Co. v. Castle, 444 P.2d 454 | 307A+742.1 | Purpose of pretrial is to clearly define all issues to be tried and decided- hidden issues or defenses are not to be tolerated. | What is the purpose of pre-trial? | Pretrial Procedure - Memo # 1529 - C - NE.docx | ROSS-003287620-ROSS-003287621 |
| Hoy v. Smith, 2 Wyo. 459 | 307A+501 | The meaning of a "non-suit" is that plaintiff does not proceed to a trial, and a non-suited plaintiff need not move for a new trial as a condition precedent to taking an appeal. | Is an instance where the plaintiff does not proceed to trial be a non-suit? | Pretrial Procedure - Memo # 1550 - C - SS.docx | ROSS-003301320-ROSS-003301321 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Willis v. Nationwide Debt Settlement Group, 878 F.Supp.2d 1208 | 25T+134(6) | Unenforceable forum selection provision in arbitration clause in debt consolidation services contract, which required arbitration in California, would be severed from the arbitration clause, and arbitration would be required in Oregon, under section of Oregon consumer protection statute governing arbitration agreements, and thus arbitration clause would not be unenforceable due to procedural or substantive unconscionability. West's Or.Rev. Stat. Ann. S 81.150. | How do courts determine whether an arbitration provision is severable? | 007332.docx | LEGALEASE-00131179-LEGALEASE-00131180 |
| Seed Holdings v. Jiffy Int'l AS, 5 F. Supp. 3d 565 | 25T+316 | Independent accountants (IAs) did not exceed scope of their authority under arbitration provision in asset purchase agreement by granting working capital adjustments to buyers that were sought by buyers for first time outside of contractual deadline for submitting requests for adjustments, where agreement called for period of negotiation of unspecified length to follow submission of both parties' determinations of working capital, IAs were then to be engaged not merely in order to compare parties' respective calculations of estimated and actual working capital and determine who was right, but, rather, to resolve "any dispute" arising out of those negotiations and to prepare report that provided "resolution of such unresolved disputes" that would be "conclusive and binding upon all parties," and it was reasonable for IAs to conclude that they were authorized to take into consideration arguments, claims, and information raised after respective thirty-and forty-five-day deadlines that affected determination of actual closing working capital. 9 U.S.C.A. S 10(a)(4). | Can arbitration be compelled if claims can be characterized in another way? | 007399.docx | LEGALEASE-00131360-LEGALEASE-00131361 |
| State v. Brown, 103 S.W.3d 923 | 63+1(1) | Under bribery statute, and the second subsection thereof, the offense of bribery may be committed by the acceptance by a public officer of a gratuity from the beneficiary of his official act, irrespective of the existence of a corrupt agreement prior to the official act. Section 558.020 RSMo 1949 V.A.M.S. | Is the taking of a gratuity bribery? | 011114.docx | LEGALEASE-00131464-LEGALEASE-00131465 |
| People v. Beauchamp, 241 Ill. 2d 1 | 67+9(0.5) | Unlawful entry is the essence of burglary and distinguishes burglary from theft, which does not require an entry. S.H.A. 720 ILCS 5/19-1(a). | What is the essence of burglary? | 013098.docx | LEGALEASE-00131311-LEGALEASE-00131312 |
| McCovens v. State, 539 N.E.2d 26 | 67+2 | To obtain conviction for burglary, it is not necessary for State to prove that defendant committed theft or any other felony, because burglary is complete upon breaking and entering with intent to commit felony. | Can entering a fenced area constitute burglary? | 013298.docx | LEGALEASE-00131407-LEGALEASE-00131408 |
| Florida E. Coast Ry. Co. v. Lewis, 167 So. 2d 104 | 307A+501 | Under current rule, plaintiff had no lawful right to voluntary nonsuit. 30 F.S.A. Rules of Civil Procedure, rule 1.35 and subd. (a). | Does a plaintiff have no lawful right to a voluntary nonsuit? | 026095.docx | LEGALEASE-00131101-LEGALEASE-00131102 |
| Shepard Realty Co. v. United Shoe Stores Co., 193 La. 211 | 307A+501 | There exists no essential difference between a "discontinuance" and a "voluntary nonsuit." | Is a discontinuance and a voluntary nonsuit essentially the same? | Pretrial Procedure - Memo # 1444 - C - PC.docx | ROSS-003301050-ROSS-003301051 |
| Kettlewell v. Peters, 23 Md. 312 | 307A+501 | A non-suit must be the voluntary act of the plaintiff. | Should a non-suit be the voluntary act of the plaintiff? | Pretrial Procedure - Memo # 1663 - C - KG.docx | ROSS-003287689-ROSS-003287690 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Harbour Vill. Apartments v. City of Mukilteo, 139 Wash. 2d 604 | 371+2001 | The character of a tax is determined by its incidents, not by its name. | Is the character of a tax determined by examining the incidents of the tax? | Taxation - Memo # 168 - C- NA.docx | ROSS-003287708-ROSS-003287709 |
| Okeson v. City of Seattle, 150 Wash. 2d 540 | 371+2001 | Generally speaking, taxes are imposed to raise money for the public treasury. | What is a tax? | Taxation - Memo # 37 - C - CK.docx | ROSS-003331051-ROSS-003331053 |
| Halcon Int'l v. Monsanto Australia Ltd., 446 F.2d 156 | 25T+144 | Where determination of issue of laches required fact-finding review of entire contract for design and engineering of plant and of all transactions occurring under it, issue was determinable by arbitrator as demanded by owner under contract rather than by court. 9 U.S.C.A. SS 2, 4. | Can the issue of laches in a contract be determined by an arbitrator? | 007466.docx | LEGALEASE-00132385-LEGALEASE-00132386 |
| Station Maint. Sols. v. Two Farms, 209 Md. App. 464 | 388+9(1) | Trial court lacked authority to enter default judgment against property owner as a sanction for alleged violation of scheduling order by property owner's insurer in action by adjacent property owner stemming from leak from underground gasoline storage tanks; the authority to sanction was grounded in the belief that a party would comply with the order in order to avoid imposition of a penalty against it, if an insurance company, or, for that matter, any person or entity, was aware that someone else would be punished for its violation of a court's scheduling order, the threat of sanctions would create no incentive for it to comply with an order of the court, and there was no evidence that property owner was complicit in insurer's violation of the order. Md.Rule 2-504. | "Are scheduling orders but the means to an end, not an end in and of themselves?" | Pretrial Procedure - Memo # 1485 - C - ES.docx | ROSS-003328070-ROSS-003328071 |
| Laws v. McIlroy, 283 Va. 594 | 241+130(5) | Tolling statute, allowing a plaintiff to recommence an action within six months from the date of a voluntary nonsuit, applied to toll two-year statute of limitations on second actions brought by rear-ended motorist and passenger against rear-ending motorist and underinsured motorist (UIM) insurers, where plaintiffs filed second actions after filing nonsuit orders in prior identical actions but before nonsuit orders were entered as to first actions; statute stated that the new action must be filed "within six months from the date of the order," not "after" the date of the order. West's V.C.A. SS 8.01-229(E)(3), 8.01-243(A), 8.01-380(A). | Does a new action stand independently of any prior nonsuited action? | 027570.docx | LEGALEASE-00131568-LEGALEASE-00131569 |
| Bd. of Ed. of Union Free Sch. Dist. No. 3 of Town of Oyster Bay, Nassau Cty. v. Allen, 6 A.D.2d 316 | 371+2001 | Taxation is to support the public welfare, as that may from time to time and from place to place be conceived. | "How is the theory of ""taxation"" defined?" | 044850.docx | LEGALEASE-00131644-LEGALEASE-00131645 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Collier v. City & Cty. of San Francisco, 151 Cal. App. 4th 1326 | 268+957(4) | City's decision to permit planning and fire departments to spend building inspection fund revenues from building permits and inspections did not create a "special tax" in violation of Proposition 13 requiring two-thirds vote of qualified electors to impose special tax; department of building inspection and planning and fire departments shared responsibility for reviewing applications and building plans and ensuring code compliance, planning department used the fees to prepare and implement general plan and cover overhead and other administrative costs of the department's long-range planning division, fire department used the fees for building fire safety activities, these uses were reasonably related to the regulatory purposes for which the building permit fees were assessed, and the fees were permissibly proportional to the reasonable costs to provide services necessary to the building permit process. West's Ann.Cal. Const. Art. 13A, S 4; West's Ann.Cal.Gov.Code S 50076. | Can a special tax be deposited into general fund? | Taxation - Memo # 276 - C - SS.docx | ROSS-003286843-ROSS-003286844 |
| People v. Brandstetter, 103 Ill. App. 3d 259 | 63+1(1) | Bribery conviction was not invalid merely because improper tender to state representative of $1,000 for his vote on equal rights amendment to Federal Constitution was accompanied by offer of campaign support. S.H.A. ch. 38, P 33-1(a). | Is the mere offer or promise with requisite intent sufficient to constitute the completed offense of briber? | 011373.docx | LEGALEASE-00133285-LEGALEASE-00133286 |
| In re Prairie Trunk Ry., 125 B.R. 217 | 51+2467 | Only natural persons, as "individuals," and not corporations, partnerships, or associations, can recover damages under the Bankruptcy Code for willful violations of automatic stay. Bankr.Code, 11 U.S.C.A. SS 109(e), 362(a, h); Bankr.Code, 11 U.S.C.(1988 Ed.) S 101(8)(A)(i), (35). | Does the law distinguish a natural person from an artificial person? | Partnership - Memo 257 - RK.docx | LEGALEASE-00022512-LEGALEASE-00022513 |
| In re ICLNDS Notes Acquisition, 259 B.R. 289 | 46H+86 | Partnership generally may only appear in court through counsel. | Can partnerships only appear in court through counsel? | 022075.docx | LEGALEASE-00133472-LEGALEASE-00133473 |
| Kelsey v. Kelsey, 714 N.E.2d 187 | 289+1140 | Husband's assignment of his general partner interest in limited partnership to wife pursuant to marriage dissolution decree was effective as between husband and wife, though certificate of limited partnership was not amended as required under Illinois Revised Uniform Limited Partnership Act (RULPA) to reflect withdrawal of husband as general partner and admission of wife as general partner, where wife was not a third party with respect to the partnership and she did not show she had been injured by the failure to amend the certificate of limited partnership. S.H.A. 805 ILCS 210/101, 202(b)(1, 2). | Does the assignment of a partnership interest dissolve a limited partnership? | Partnership - Memo 283 - RK.docx | ROSS-003291627-ROSS-003291628 |
| In re Codding, 9 F. 849 | 289+784 | A judgment against a partnership for a partnership debt, entered by confession of all the partners, is a lien upon the partnership real estate. | Can a judgment against a firm operate as a lien on the real estate of the partners? | 022163.docx | LEGALEASE-00133566-LEGALEASE-00133567 |
| Preferred Pictures Corp. v. Thompson, 170 Neb. 694 | 302+8(15) | A general charge of fraud or misrepresentation is a conclusion and presents no issue of fact. | Does a mere charge of fraud present an issue? | Pleading - Memo 284 - RMM.docx | ROSS-003285987-ROSS-003285988 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Moore v. Pate, 112 N.C. App. 833 | 307A+511 | Once dismissal is requested under rule entitling plaintiff to voluntarily dismiss by filing notice of dismissal at any time before resting case, no court action is required. Rules Civ.Proc., Rule 41(a)(1)(i), G.S. S 1A-1. | Is oral notice sufficient to meet the filing requirement? | Pretrial Procedure - Memo # 2662 - C - NE.docx | ROSS-003286692-ROSS-003286693 |
| Gibson v. Hughes, 192 F. Supp. 564 | 413+1 | Workmen's compensation statutes are remedial. Longshoremen's and Harbor Workers' Compensation Act, S 1 et seq., 33 U.S.C.A. S 901 et seq. | Is it true that workmens compensation statutes are remedial? | Workers Compensation - Memo #196 ANC.docx | ROSS-003286985-ROSS-003286986 |
| Elvin v. Wuchetich, 326 Ill. 285 | 83E+408 | Transfer of title to commercial paper requires indorsement by holder of title and delivery to indorsee. | Can a payee strike out the endorsement or the assignment indorsed on the back of the note if he chooses? | Bills and Notes Memo 239 -VP.docx | ROSS-003289125-ROSS-003289126 |
| Skelton v. Urban Tr. Bank, 516 B.R. 396 | 83E+405 | Under Texas law, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder; the indorsement must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed to it as to become part of it. V.T.C.A., Bus. & C. S 3.201(b). | Can a person be a holder of an instrument by negotiation? | 010197.docx | LEGALEASE-00133676-LEGALEASE-00133677 |
| United States v. Brennan, 629 F. Supp. 283 | 102+292 | Sentence of five years of imprisonment, concurrent on three of 26 counts, consecutive term of imprisonment of five years, concurrent on remaining counts, with consecutive five-year term suspended and defendant placed on probation for additional five years, forfeiture of $14,000 received in bribes, fine of $209,000, and payment of mandatory special assessment of $1,300 under Comprehensive Crime Control Act of 1984 would be imposed upon defendant convicted on 26 separate counts in connection with six separate bribe transactions related to defendant's solicitation and acceptance of series of bribes to fix cases in his court. 18 U.S.C.A. S 3013. | Can a defendant be convicted of receiving bribe if the end result is lawful? | 011266.docx | LEGALEASE-00134339-LEGALEASE-00134340 |
| Maybach v. Falstaff Brewing Corp., 359 Mo. 446 | 302+8(17) | In negligence action, plaintiff should allege facts sufficient to inform defendant of breach of duty with which he is charged; and if facts are within plaintiff's knowledge, he should state them with reasonable particularity, although negligence is an ultimate fact which may be pleaded as such. V.A.M.S. S 509.300. | Should a plaintiff allege facts sufficient to inform the defendant of the breach of duty with which he is charged? | Pleading - Memo 296 - RMM.docx | LEGALEASE-00024033-LEGALEASE-00024034 |
| Bergemann v. United States, 820 F.2d 1117 | 170A+1686 | Government's response to plaintiff's motion for summary judgment and pretrial hearings in connection with such motion and Government's summary judgment motion were, in essence, motions by Government to withdraw any deemed response to request for admission that there was common-law marriage between plaintiff and decedent, and there was no prejudice in granting United States relief, where plaintiff clearly knew defendants challenged existence of common-law marriage and both parties anticipated bifurcated trial. Fed.Rules Civ.Proc.Rule 36(b), 28 U.S.C.A. | "Will a provision providing that a court on motion permit withdrawal or amendment of admissions where presentation of merits be subserved, and party who obtained admission fails to convince court that it will suffer prejudice, emphasize importance of resolving action on merits?" | 028689.docx | LEGALEASE-00133976-LEGALEASE-00133977 |
| Baltzer v. Chicago, M. & N.R. Co., 89 Wis. 257 | 307A+69.1 | A witness may be permitted to amend his deposition. | May a witness be permitted to amend his deposition? | Pretrial Procedure - Memo # 3058 - C - TM.docx | ROSS-003290369-ROSS-003290370 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tyrone v. State, 854 S.W.2d 153 | 211+1597 | A minor cannot legally consent and is not an accomplice to statutory rape. Vernon's Ann.Texas C.C.P. art. 38.14. | Can a minor become an accomplice in a rape case? | 043021.docx | LEGALEASE-00134766-LEGALEASE-00134767 |
| City of Mesa v. Home Builders Ass'n of Cent. Arizona, 111 Ariz. 29 | 371+2001 | Matter of taxation is statutory and does not exist apart from statute. | Is the matter of taxation statutory? | 045007.docx | LEGALEASE-00134521-LEGALEASE-00134522 |
| Bell v. Joecken, 2002 WL 533399 | 386+10 | Evidence was sufficient to support finding that neighbors had not trespassed nor interfered with property owners' use and enjoyment of their easement by erecting fence close to owners' travel lane; nearby dweller testified that the fence did not diminish the graveled width of the easement, chief of the fire department testified that the fence did not hinder his ability to drive on the lane in fire engines and tankers and, yet, another dweller maintained that the fence was not in the lane but, rather, on neighbors' property, while one of the owners admitted that the width of the land had not changed since neighbors had erected their fence. | Can the wrongful obstruction of an easement be held as a trespass? | Trespass - Memo 286 - SB.docx | ROSS-003290208 |
| Green v. U.S. Cash Advance Illinois, 724 F.3d 787 | 25T+149 | Identity of arbitrator was not so important that whole contract had to be vitiated under provision of Federal Arbitration Act which says that arbitration agreements are enforceable "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.A. S 2. | Is the identity of an arbitrator is an integral part of an arbitration agreement? | 007577.docx | LEGALEASE-00135313-LEGALEASE-00135314 |
| United States v. Crozier, 987 F.2d 893 | 63+1(1) | Federal statute enacted to punish corrupt payments made to state or private officials who disburse federal funds is a statute which covers gratuities as well as bribes. 18 U.S.C.A. S 201; 18 U.S.C.(1982 Ed.Supp.II) S 666(c). | Does Section 666 of the bribery statute apply to both gratuities and bribes? | Bribery - Memo #369 - C-JL.docx | LEGALEASE-00024868-LEGALEASE-00024869 |
| Franks v. State, 240 Ga. App. 685 | 67+4 | Store's trailer that functioned as a storehouse for items on lay-away was a "building" within the meaning of the burglary statute, even though the trailer could be moved without having to dislodge it from the ground. O.C.G.A. S 16-7-1(a). | Is a storehouse subject to the burglary statute? | Burglary - Memo 113 - JS.docx | ROSS-003290430-ROSS-003290432 |
| People v. Allen, 20 Cal. App. 4th 846 | 67+9(3) | When the window of a vehicle is purposefully left accessible to invasion, and therefore no one would believe items left in the car are secure, some type of forced entry is required before a conviction for auto burglary may result. West's Ann.Cal.Penal Code S 459. | How is the automobile burglary statute construed? | 012657.docx | LEGALEASE-00135893-LEGALEASE-00135894 |
| Hatfield v. State, 241 Ind. 225 | 110+795(2.55) | Lesser crime of second-degree burglary was included in charge of automobile banditry, and it was error to refuse to charge with respect to lesser crime, where charging affidavit stated that defendants entered into building with the intent to commit a felony therein. Burns' Ann.St. SS 9-1817, 10-701, 10-4710. | Is auto banditry a lesser included offense than burglary? | Burglary - Memo 128 - JS.docx | ROSS-003331005-ROSS-003331006 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Donroy, Ltd. v. United States, 196 F. Supp. 54 | 170A+2514 | In actions by Canadian corporations for the recovery of federal income taxes on the ground that they were limited partners in California limited partnerships and that they did not have a permanent establishment in the United States and hence were entitled to the 15 per cent tax rate in the Tax Convention with Canada, issues of fact were presented precluding grant of plaintiffs' motion for summary judgment. | Are partners and shareholders treated differently for tax purposes? | 022223.docx | LEGALEASE-00135611-LEGALEASE-00135612 |
| Kapoor v. Dybwad, 49 N.E.3d 108 | 302+18 | Failure to comply with the specificity requirements for pleading fraud constitutes a failure to state a claim upon which relief may be granted; thus, any pleading which fails to satisfy the requirements fails to raise an issue of material fact. Trial Procedure Rules 9(B), 12(B)(6). | Should circumstances constituting fraud be specifically averred? | Pleading - Memo 311 - RMM.docx | ROSS-003290242-ROSS-003290243 |
| Cent. Sav. Bank & Tr. Co. v. Succession of Brandon, 167 So. 515 | 302+8(1) | Intermediate facts need not be alleged, but ultimate facts must be alleged. | Should intermediate facts be alleged? | 023301.docx | LEGALEASE-00135236-LEGALEASE-00135237 |
| True v. Older, 227 Minn. 154 | 117+46 | In action for wrongful death, complaint, which alleged that as result of abortion deceased became violently ill and unconscious, that defendants failed to provide her with proper medical care, that one defendant removed deceased while she was unconscious from office where abortion had been performed and kept her for remainder of night without medical attention, and that as a result of the illegal abortion and wrongful acts of the defendants and failure to provide proper medical care death resulted, stated cause of action. M.S.A. S 573.02. | "Are allegations of duress, without stating facts, sufficient?" | Pleading - Memo 318 - RMM.docx | ROSS-003290696-ROSS-003290697 |
| Graham v. Whitely, 26 N.J.L. 254 | 307A+69.1 | The interrogatories must be signed either by the party or his counsel. | Should the interrogatories be signed either by the party or his counsel? | 029593.docx | LEGALEASE-00135538-LEGALEASE-00135539 |
| Steele v. Totah, 180 Cal. App. 3d 545 | 307A+474 | Attorney verification of requests for admissions is insufficient to meet the requirements of S 2033(a); statute allowing for attorney verification of pleadings in certain circumstances did not apply to requests for admissions. West's Ann.Cal.C.C.P. SS 446, 2033. | Can an attorney verify a response to requests for admission (RFA) on behalf of an individual party? | 030199.docx | LEGALEASE-00135942-LEGALEASE-00135943 |
| State v. Manning, 136 Vt. 436 | 410+337(19) | Burglary is malum in se and as such involves moral turpitude as matter of law so that a prior burglary conviction is admissible for purpose of impeaching defendant's credibility. 12 V.S.A. S 1608; 13 V.S.A. S 1201. | Is burglary a crime malum in se? | Burglary - Memo 137 - JS.docx | ROSS-003289288-ROSS-003289289 |
| Respublica v. De Longchamps, 1 U.S. 111 | 221+109 | A French subject was indicted for assaulting a consul general of France to the United States and consul for Pennsylvania, residing at Philadelphia. Held, that he should be tried on the principles of the laws of nations, which form a part of the municipal law of Pennsylvania. | Is the law of Nations part of state law? | International Law - Memo #1038 ANC.docx | ROSS-003302832-ROSS-003302833 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Apcar Inv. Partners VI, Ltd. v. Gaus, 161 S.W.3d 137 | 289+1309 | Limited liability partnership (LLP) was required to comply with statutory renewal requirements for maintaining its status as a registered LLP in order to protect partners from individual liability under a commercial lease entered into four years after initial registration of LLP; clear language of statute governing liability in and registration of registered LLPs provided that partners were protected from individual liability only for debts and obligations that were incurred while LLP was a registered LLP, and statute did not contain a substantial compliance section or a grace period for filing the renewal application required each year. Vernon's Ann.Texas Civ.St. art. 6132b-3.08(a)(1), (b). | Is it necessary to file a certificate of limited partnership with the secretary of state to form a limited partnership? | Partnership - Memo 345 - JS.docx | ROSS-003289430-ROSS-003289432 |
| Gould v. Elgin City Banking Co., 136 Ill. 60 | 307A+716 | Where party has two attorneys, absence of one is no ground for continuance, where it is not shown that other is unable to conduct case. | "Where a party has two attorneys, is absence of a ground for continuance?" | 029438.docx | LEGALEASE-00136379-LEGALEASE-00136380 |
| Barrett v. Gagnon, 516 P.2d 1202 | 307A+716 | Under particular facts of case, it was an abuse of discretion for trial court to deny plaintiff's motion for continuance after plaintiff had consented to her counsel's motion to withdraw, even though defendant had asserted counterclaim alleging unlawful detainer of property by plaintiff and even though court advised plaintiff that no continuance would be granted even though she consented to motion to withdraw. Rules of Civil Procedure, rule 81(d), (d)(3); AS 09.45.120. | Does a party's decision to dismiss retained counsel on eve of trial not ipso facto entitle a party to continuance? | 029454.docx | LEGALEASE-00136440-LEGALEASE-00136441 |
| Am. Fed'n of State, Cty. & Mun. Employees v. Metro. Water Dist. of S. California, 126 Cal. App. 4th 247 | 307A+485 | Unlike other discovery sanctions, an award of expenses is not a penalty; instead, it is designed to reimburse reasonable expenses incurred by a party in proving the truth of a requested admission, such that trial would have been expedited or shortened if the request had been admitted. West's Ann.Cal.C.C.P. S 2033(o). | Is an award of expenses a penalty? | Pretrial Procedure - Memo # 3734 - C - KS.docx | ROSS-003290541-ROSS-003290542 |
| Schlossberg v. Schlossberg, 60 Misc. 2d 640 | 307A+91 | Examination before trial will be granted where special circumstances are presented. | Is an order for the examination of a party before trial usually granted? | 031476.docx | LEGALEASE-00137067-LEGALEASE-00137068 |
| Frontier Dev. Grp. v. Caravella, 157 Idaho 589 | 308+190(1) | Agents attempting to shield themselves from personal liability have the burden of proving when their agency relationship with the principal was disclosed or revealed. Restatement (Second) of Agency S 320. | When can an agent be held personally liable? | Principal and Agent - Memo 92 - KC.docx | ROSS-003318200-ROSS-003318201 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Williams, 507 F.3d 905 | 146+44(1) | Finding that "advance" paychecks received by defendant, who was then employed as city's payroll clerk and deputy city clerk, were actually extra payments for work she had not performed and, therefore, were not part of her bona fide salary or otherwise earned in the usual course of the city's business, within meaning of statutory defense to embezzlement from an organization receiving federal funds, was supported by evidence that, over a three-year period, defendant received additional compensation amounting to more than $30,000.00, representing more than twice her regular annual salary, and that defendant failed to make any plausible arguments that she legitimately earned the "advance" payments. 18 U.S.C.A. S 666(c). | Does Section 666(c) apply where someone performed little or no work for the office? | 011800.docx | LEGALEASE-00137796-LEGALEASE-00137797 |
| United States v. Brandenburg, 144 F.2d 656 | 151+1 | One who fled from North Carolina to avoid prosecution for burglary with explosives, an offense unknown at common law, did not commit an offense within the purview of the Fugitive Felon Act, prohibiting travel in interstate commerce with intent to avoid prosecution for burglary under laws of place from which flight is made. Code N.C. 1939, S 4237(a); Fugitive Felon Act, 18 U.S.C.A. S 1073. | Does common law recognize burglary with explosives? | Burglary - Memo 149 - JS.docx | ROSS-003318564-ROSS-003318565 |
| Levine v. State, 110 N.J.L. 467 | 129+118 | "Common burglar" is one who is burglar by practice and habit, and hence may be classified as disorderly person by statute. Comp.St.Supp. S 59-1. | Who is a burglar? | Burglary - Memo 157 - JS.docx | ROSS-003332007-ROSS-003332008 |
| State v. Case, 228 Kan. 733 | 67+3 | Offenses of burglary and aggravated burglary both require that the element of specific intent be proved. | Is aggravated burglary a specific intent crime? | 012749.docx | LEGALEASE-00137499-LEGALEASE-00137500 |
| Rivera v. Fox, 20 Conn. App. 619 | 48A+279 | Statute permitting suit against state by persons injured through negligence of state official when "operating a motor vehicle" owned and insured by state did not apply when motorist hit rear end of state truck which had been left partially on highway with flashing lights and warning flares, so as to direct oncoming traffic around site of earlier accident; at time of collision truck was being used as a warning signal and not as a motor vehicle. C.G.S.A. S 52-556. | What is the interpretation of operating a motor vehicle? | Highways - Memo 41-IS.docx | LEGALEASE-00027163-LEGALEASE-00027164 |
| State v. Green, 182 Wash. App. 133 | 200+1 | To establish a highway by prescription there must be an actual public use, general, uninterrupted, and continued for 10 years under claim of right. | Can a highway exist by prescription? | Highways -Memo 65-PR.docx | ROSS-003318577-ROSS-003318578 |
| Grafton Bank v. Moore, 13 N.H. 99 | 289+504 | In order to prove that defendant was a partner with others, evidence was introduced that a person who wished to ascertain if the firm were solvent called on defendant, who told him that E. (a member of the firm) had done the business of the company, and that he (defendant) knew nothing about it. Held, that as it did not appear what was the conversation between the parties prior to the remark made by defendant, and which might explain it, this declaration did not prove that he was a member of the firm. | Is a declaration by one partner on the existence of partnership admissible to charge himself only and not the other parties? | 022235.docx | LEGALEASE-00137288-LEGALEASE-00137289 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Steinger, Iscoe & Greene, P.A. v. GEICO Gen. Ins. Co., 103 So. 3d 200 | 307A+39 | Typically, the correct balance for bias discovery from a so-called hybrid witness is the same balance contained in the rule for all other experts, because there is no logical distinction between treating physicians and retained experts for purposes of uncovering this type of information; thus, under ordinary circumstances, a defendant may discover from a plaintiff's treating physician the type of general financial bias information set out in the rule limiting financial bias discovery from retained experts. West's F.S.A. RCP Rule 1.280(b)(5)(A)(iii). | Is discovery aimed at producing evidence of a treating physician's bias permissible? | 031234.docx | LEGALEASE-00137172-LEGALEASE-00137173 |
| Gonzales v. Boas, 160 Md. App. 462; | 307A+747.1 | Trial court scheduling orders, as any other order of court, are enforceable. | "Are trial court scheduling orders, as any other order of court, enforceable?" | Pretrial Procedure - Memo # 4771 - C - NS.docx | ROSS-003290793-ROSS-003290794 |
| Tradition N. Am. v. Sweeney, 133 A.D.2d 53 | 228+181(26) | Promissory notes signed by former employee were not instruments for payment of money only, and therefore, were inappropriate for accelerated judgment on such notes; although notes could be satisfied by monetary payment, former employee was given option of performing work for his employer according to certain contractually established standards in order to satisfy debt and thus, employee, in executing notes, did not make unconditional promise to pay sum certain at given time or over stated period. McKinney's CPLR 3213. | Are promissory notes enforceable for payment of money only? | 009405.docx | LEGALEASE-00138834-LEGALEASE-00138835 |
| Hays v. Clark, 175 Cal. App. 2d 565 | 157+439 | Parol evidence is not admissible to vary the terms of a deed of conveyance but is admissible to show the terms of a collateral agreement in connection with the conveyance. West's Ann.Code Civ.Proc. S 1962, subd. 2. | Can a collateral agreement made as a consideration for the transfer of property be proven by parol testimony? | Exchange Of Property - Memo 63 - KK.docx | ROSS-003316303-ROSS-003316304 |
| Moore v. Keesey, 26 Wash. 2d 31 | 307A+81 | Where objection to power of notary public in state of Washington to take depositions in other states pursuant to commission authorized by Washington court was first made when defendant, after plaintiff had presented his evidence, started to introduce his evidence by publishing and reading the depositions, objection came too late and was waived. Rem.Rev.Stat. SS 1239, 1240. | "Where a commission to take depositions is directed to a competent person, does he derive his authority from the commission?" | 031738.docx | LEGALEASE-00138197-LEGALEASE-00138198 |
| Tryon v. Clinch, 44 Cal. App. 629 | 308+163(2) | A principal's ratification of the act of his agent requires no new consideration. | Does ratification require new consideration? | 041347.docx | LEGALEASE-00138540-LEGALEASE-00138541 |
| United States v. Hawkins, 777 F.3d 880 | 63+1(1) | Agents of covered jurisdiction act "corruptly," for purposes of federal program bribery statute, if they know that payor is trying to get them to do acts forbidden by statute, and they take money anyway. 18 U.S.C.A. S 666. | When is an agent said to have acted corruptly? | 012359.docx | LEGALEASE-00139183-LEGALEASE-00139184 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mathews v. Am. Tobacco Co., 130 N.J. Eq. 470 | 101+1570 | Where there was extensive newspaper publicity concerning litigation over stock plan enabling corporation's directors to offer and allot for purchase by its employees shares of unissued common stock, and corporation sent to all stockholders who numbered over 40,000, a pamphlet concerning stock plan and stockholders' consolidated actions raising issue as to validity of the plan, vice chancellor properly concluded not to require stockholders bringing the actions to comply with chancery rule relating to notice to stockholders not parties to a stockholder's action, concerning the bringing of the action. Chancery Court Rules 4, 32, N.J.S.A. tit. 2; N.J.S.A. 1:1-10, 14:9-1 et seq. | "Does a person have the right to continue, discontinue, or compromise a suit where he brings an action for himself, until a person similarly situated has become a party plaintiff?" | 026477.docx | LEGALEASE-00139127-LEGALEASE-00139128 |
| Whetstone v. Chadduck, 316 Ark. 330 | 307A+501 | Plaintiff had absolute right to voluntary nonsuit of his claim without prejudice. Rules Civ.Proc., Rule 41(a). | Is the right to nonsuit absolute? | Pretrial Procedure - Memo # 5500 - C - NC.docx | LEGALEASE-00029111-LEGALEASE-00029112 |
| In re McLean, 16 F.Cas. 240 | 51+2964 | Under the bankrupt acts of 1841 and 1867, providing that the net proceeds of the joint stock shall be appropriated to pay the creditors of the co-partnership, and the net proceeds of the separate estate of each partner shall be appropriated to pay his separate creditors, the individual and firm creditors have the primary right to resort to the respective estates, and neither class has a right to go on the funds primarily belonging to the other until the creditors having priority are fully satisfied. | Will the property of the individual partners be first applied to the payment of the debts of the individual partners before it is applied to the partnership debts? | Partnership - Memo 394 - SNP.docx | LEGALEASE-00029313-LEGALEASE-00029314 |
| Brock v. Bateman, 25 Ohio St. 609 | 289+723 | Where a partnership and the several members of the firm are insolvent, and there are no partnership funds for distribution among the creditors, the firm creditors are entitled to share equally with the creditors of each partner in the distribution of his individual assets; the amount so distributed to the creditors of the firm, however, not to exceed the amount of their claims. | How will the partnership creditors be paid their share when there is no partnership property? | 022364.docx | LEGALEASE-00139461-LEGALEASE-00139462 |
| Muntz v. Newark City Hosp., 115 N.J. Super. 273 | 307A+750 | One of purposes of rule concerning pretrial conference procedure is to allow great liberality in forming and amending pretrial orders so that all phases of controversy may be finally and justly determined but parties will not be allowed in trial to go outside agreed upon issues framed in pretrial conferences and reduced to expression in pretrial order except to prevent manifest injustice. R. 4:25-1. | Can a pretrial order supersede inconsistent pleadings? | 027662.docx | LEGALEASE-00139432-LEGALEASE-00139433 |
| Sheriff v. Hull, 37 Iowa 174 | 307A+69.1 | If it be shown that Revision, S 4082, requiring that both or neither of the parties shall be present at the taking of a deposition, has not been complied with, the deposition will on motion be suppressed. | "On taking a deposition on interrogatories, should party be present at the examination of a witness?" | 032724.docx | LEGALEASE-00139604-LEGALEASE-00139605 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Abreu v. Callahan, 971 F. Supp. 799 | 24+116 | Classification of citizens and lawful permanent resident alien veterans and military personnel and those who have worked for at least ten years, on one hand, and all other resident aliens, on other, for purposes of establishing eligibility for welfare benefits, was rationally related to legitimate federal interest in promoting naturalization, for equal protection purposes; Congress could have regarded lawful permanent resident alien veterans and military personnel and long-time members of work force as having the desired ties of affinity to national community to degree greater than other permanent aliens whose experiences in country, as a broad generalization, have been more limited. U.S.C.A. Const.Amends. 5, 14; Personal Responsibility and Work Opportunity Reconciliation Act of 1996, S 402(a)(1), 8 U.S.C.A. S 1612(a)(1). | Is an Act of Congress that treats aliens differently than citizens considered invidious? | 006821.docx | LEGALEASE-00140451-LEGALEASE-00140453 |
| House v. Peacock, 84 Conn. 54 | 241+48(2) | Where a negotiable note was payable on demand after date, it was payable on demand, though providing that it should bear interest from date, and hence, as between the maker and payee, it was due and payable at once, and limitations began to run immediately. | Is an instrument payable on demand after date payable or not? | 009262.docx | LEGALEASE-00140350-LEGALEASE-00140351 |
| McLeod v. Despain, 49 Or. 536 | 322H+1177 | Appearance of the word "trustee," added to a payee's name in a note, or to a grantee's name in a deed or mortgage, or in connection with the name of a party to a written instrument, is sufficient to put persons dealing with such trustee upon inquiry, and, in the absence of inquiry, they will be presumed to have known what they might have discovered. | Does the word sheriff on a note denote descriptio personae? | 009530.docx | LEGALEASE-00140656-LEGALEASE-00140657 |
| In re D & K Aviation, 349 B.R. 169 | 51+2726.1(1) | Burden was on Chapter 7 trustee, as party asserting that new note that parties had executed in connection with postpetition loan transaction had extinguished prior note and released lender's security interest, to overcome presumption arising under Ohio law that new note simply renewed prior note. | Do renewals of notes create a new debt? | 010272.docx | LEGALEASE-00140257-LEGALEASE-00140258 |
| State v. La Flame, 30 N.D. 489 | 63+1(2) | The crime of giving a bribe to a deputy sheriff held complete when the money was feloniously paid to influence future acts with reference to a possible future violation of law. | Is an attempt to bribe a deputy an attempt to bribe the sheriff? | Bribery - Memo #726 - C-JL.DOCX | ROSS-003301658-ROSS-003301659 |
| City of Tampa v. State ex rel. Evans, 155 Fla. 177 | 296+2 | Where pension has been granted as a gratuity for public service rendered, the grant must be liberally construed in favor of the grantee. | Should the grant of pension be liberally construed? | Pension - Memo 34 - SB.docx | ROSS-003301099 |
| Webb v. Glenbrook Owners Ass'n, 298 S.W.3d 374 | 388+352.4(1) | Jury questions must be supported by the pleadings. Vernon's Ann.Texas Rules Civ.Proc., Rule 278. | Should jury questions be supported by the pleadings? | 023442.docx | LEGALEASE-00140402-LEGALEASE-00140403 |
| Hall v. Houghton, 37 Me. 411 | 307A+74 | The magistrate's certificate that the party did not object is extraofficial. | Is a magistrate's certificate that a party does not object to extraofficial? | 032330.docx | LEGALEASE-00139849-LEGALEASE-00139850 |
| Rollin v. William V. Frankel & Co., 196 Ariz. 350 | 106+13.3(8) | A plaintiff's claim must arise out of or relate to the defendant's forum activities before the forum state may exercise specific jurisdiction over the defendant. | "If the petitioner's claim and the non-resident defendant's forum-related activities are not sufficiently connected, is dismissal based on lack of jurisdiction warranted?" | 032819.docx | LEGALEASE-00139827-LEGALEASE-00139828 |
| Goodman v. Physical Res. Eng'g, 229 Ariz. 25 | 308+139.1 | A principal is undisclosed if the third party has no notice the agent is acting for a principal. Restatement (Third) of Agency S 1.03(2)(b). | When is a Principal Undisclosed? | Principal and Agent - Memo 102 - GP.docx | ROSS-003331884-ROSS-003331885 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Watts v. Eufaula Nat. Bank, 76 Ala. 474 | 366+6 | Where a surety pays for the defaults of his principal, he need not, to entitle him to the right of subrogation, at the time of payment signify his election and acceptance of such right; but it is sufficient if he show suretyship, payment of the debt, and a lien held by the creditor, in the absence of some act by him which amounts to a waiver. | Is the waiver of the right of subrogation a question of intention? | Subrogation - Memo # 1265 - C - SJ.docx | LEGALEASE-00030423-LEGALEASE-00030424 |
| Weisblat v. City of San Diego, 176 Cal. App. 4th 1022 | 268+957(4) | Levy imposed by city to raise revenue to pay for the cost of collecting business tax was a general tax that was void because it was imposed by the city without approval by a majority vote of the qualified electorate as required by State Constitution; although the levy was a hybrid tax that had characteristics of both a general tax and a special tax, in practical effect, the levy was an increase in the business tax, which was a general tax due to the fact that the proceeds were deposited in the general fund and made available for any and all governmental purposes, since prior to the levy business tax proceeds were necessarily expended on the cost of administering the business tax program. West's Ann.Cal. Const. Art. 13C, S 2(b). | When is a special tax? | 045494.docx | LEGALEASE-00140307-LEGALEASE-00140308 |
| Fuller v. United States, 30 Ct. Cl. 108 | 34+21.3 | The Navy Regulations, 1893, which declare that "mates are petty officers," are authorized by law. | Are mates considered petty officers? | 008639.docx | LEGALEASE-00141645-LEGALEASE-00141646 |
| Johanson v. Rowland, 196 Iowa 724 | 163+65 | Automobile used by the owner, the head of a family, in earning a living held exempt from execution to satisfy judgment on purchase-money note in favor of assignee, notwithstanding Code, S 4015, making exemptions inapplicable against an execution issued for the purchase money of property claimed to be exempt, and on which such execution is levied. | When will the assignor have no claim against the maker of the note for purchase money? | 010484.docx | LEGALEASE-00140834-LEGALEASE-00140835 |
| United States v. Bertman, 686 F.2d 772 | 63+3 | Under Hawaii law, coercion is a defense to a prosecution for bribery; that defense is a nonaffirmative one. HRS SS 701-115(3), 710-1040. | Is coercion a defense to bribery? | 011978.docx | LEGALEASE-00140907-LEGALEASE-00140908 |
| Ambler v. Phillips, 132 Pa. 167 | 113+3 | A good custom should be certain, continued, reasonable, distinct, uncontradicted and so notorious as to probably have been known to the parties to the contract. | When can usage of trade or custom become so firmly imbedded in the law as to govern the rights of parties? | 014198.docx | LEGALEASE-00141882-LEGALEASE-00141883 |
| Gilmore v. Oil & Gas Conservation Comm'n, 642 P.2d 773 | 260+92.79 | In approving a plan of unitization, prevention of waste is of primary importance; right to produce one's fair share from the pool is limited by and subject to the practicalities of the situation and the ability to produce without waste and other owners have concomitant right to produce from the pool without waste. W.S.1977, S 30-5-104(b). | Is the right of an individual owner to take oil and gas from the reservoir limited by a duty to other owners not to injure the source of supply and not to take a disproportionate part of the oil and gas? | 021281.docx | LEGALEASE-00141249-LEGALEASE-00141250 |
| Holloway v. State, 293 Neb. 12 | 110+593 | Where defendant, prior to convening of Legislature, had attorney of record, employing member of Legislature as attorney does not entitle him to continuance as matter of right, regardless of statute. 12 Okl.St.Ann. S 667. | Can a continuance be a matter of right? | 032167.docx | LEGALEASE-00141445-LEGALEASE-00141446 |
| In re Opinion of the Justices, 133 Me. 525 | 371+3403 | Income is not "property," and tax on income is not tax on property from which income is derived within Constitution requiring tax on property to be uniform. Const. Amend. 36, art. 9, SS 7, 8. | Is income tax a tax on property? | 045148.docx | LEGALEASE-00140879-LEGALEASE-00140880 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bender v. Pfaff, 38 F.2d 649 | 371+2001 | Tax is debt created by law rather than "debt created by contract." | Is tax a debt created by law? | 045195.docx | LEGALEASE-00141176-LEGALEASE-00141177 |
| Bender v. Pfaff, 38 F.2d 649 | 371+2001 | Tax is debt created by law rather than "debt created by contract." | Is tax a debt created by contract? | 045197.docx | LEGALEASE-00141182-LEGALEASE-00141183 |
| Matterhorn v. NCR Corp., 763 F.2d 866 | 25T+200 | Where purchaser, though having previously signed "Universal Agreement" containing arbitration clause, thereafter signed contract that seemed not to incorporate any set of terms containing arbitration clause, it may have intended and reasonably believed that it would not be forced to arbitrate disputes arising under the contract, and there was at least enough doubt to make the issue one for the district court rather than the arbitrator. 9 U.S.C.A. SS 3, 4. | Can parties universal agreement containing an arbitration clause be eternal? | 007484.docx | LEGALEASE-00143063-LEGALEASE-00143064 |
| Heldt v. Payday Fin., 12 F. Supp. 3d 1170 | 25T+148 | Pursuant to the Federal Arbitration Act's liberal federal policy favoring arbitration agreements, arbitration clauses are generally enforced, including requiring arbitration in the forum specified, but there are instances when the arbitration forum specified in the arbitration agreement is unavailable. 9 U.S.C.A. S 1 et seq. | Can a substitute arbitrator be appointed when the selected forum is unavailable? | 007626.docx | LEGALEASE-00143301-LEGALEASE-00143302 |
| Fatt v. Utah State Tax Comm'n, 884 P.2d 1233 | 371+3480 | Wages received by Native American who did not abandon his domicile on reservation while serving in the United States Navy were not subject to state income tax; Soldiers' and Sailors' Civil Relief Act preserved Native American serviceman's immunity from taxation as well as his domicile. Soldiers' and Sailors' Civil Relief Act of 1940, S 514, as amended, 50 App.U.S.C.A. S 574. | Can the taxable domicile of servicemen be changed by military assignments according to the Soldiers' and Sailors' Civil Relief Act? | 008643.docx | LEGALEASE-00142278-LEGALEASE-00142279 |
| Harris v. Esterbrook, 226 N.W. 751 | 83E+481 | Assignee of note acquires title by transfer without indorsement (Rev. Code 1919, S 1753). | Can title be acquired by transfer absent an endorsement? | Bills and Notes - Memo 578 - RK.docx | ROSS-003331257-ROSS-003331258 |
| United States v. Frost, 125 F.3d 346 | 306+35(9) | Private individual may commit mail fraud by breaching fiduciary duty and thereby depriving person or entity to which duty is owed of intangible right to honest services of that individual. 18 U.S.C.A. SS 1341, 1346. | What is the intangible rights theory? | 011329.docx | LEGALEASE-00143089-LEGALEASE-00143090 |
| People v. Biane, 58 Cal. 4th 381 | 63+6(1) | Even if proven, allegation that defendant, a real estate developer, and codefendant, acting as his agent, offered or paid bribes to county supervisors to settle litigation by defendant's company against county did not categorically exempt defendant and codefendant from charges of aiding and abetting receipt of bribes, or of conspiracy to accept bribes, if they also used threats, intimidation, or coercion to aid, promote, encourage, or instigate commission of those crimes, with knowledge of bribe-recipient's unlawful purpose and with intent or purpose of committing, encouraging, or facilitating commission of recipient's offense. West's Ann.Cal.Penal Code SS 31, 86, 165. | Does being the offeror or payor of a bribe disqualify that person from culpability for participating in a conspiracy to accept that same bribe? | 011598.docx | LEGALEASE-00142704-LEGALEASE-00142705 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Kincaid-Chauncey, 556 F.3d 923 | 63+14 | Jury instruction that described crime of bribery for purposes of charges of honest services wire fraud that were based upon elected official's alleged participation in bribery scheme accurately set forth applicable law when instruction explained that bribe required that elected official accepted something of value in conjunction with an intent to be influenced, and then contained numerous references to specific intent to defraud public. 18 U.S.C.A. S 1343. | "In relation to bribery, what is an intent to defraud?" | Bribery - Memo #384 - C - LB.docx | ROSS-003288839-ROSS-003288840 |
| Clark v. Com., 996 S.W.2d 39 | 63+11 | Evidence that motorist was told that defendant would intercept and fix traffic violations in exchange for $100, that third-party gave money to defendant, and that traffic citation issued to motorist, which was presented at trial, had defendant's initials on it and a receipt to motorist indicating that the citation had been paid, but the paperwork on the disposition of the ticket was never sent to the Department of Transportation, was sufficient to support conviction for bribery of a public servant. KRS 521.020. | Is conflicting evidence in bribery the province of the jury to determine? | 011641.docx | LEGALEASE-00142922-LEGALEASE-00142923 |
| United States v. Tri-No Enterprises, 819 F.2d 154 | 260+92.5(2) | Reclamation fee imposed by the Surface Mining Control and Reclamation Act is not a "civil fine, penalty, or forfeiture" for purposes of five-year statute of limitations on actions to enforce fines, penalties, and forfeitures. 28 U.S.C.A. S 2462; Surface Mining Control and Reclamation Act of 1977, S 402(a), 30 U.S.C.A. S 1232(a). | "Is the reclamation fee a fine, penalty, or forfeiture?" | 021220.docx | LEGALEASE-00143271-LEGALEASE-00143272 |
| Ford Motor Co. v. Stimpson, 115 So. 3d 401 | 307A+563 | Automobile manufacturer did not commit "fraud on the court" by making allegedly false representations to the National Highway Traffic Safety Administration (NHTSA), which formed basis for NHTSA report entered in evidence at trial in motorists' products liability action against manufacturer; manufacturer's representations to NHTSA were not contradicted by other evidence in the record, any alleged improper use of NHTSA report at trial would have been intrinsic rather than extrinsic fraud, and manufacturer's challenged representations were made more than ten years prior to motorists' filing of action, and, thus, were not calculated to interfere with adjudication of motorists' action. | "Is ""extrinsic fraud,"" a term which can be used interchangeably with fraud on the court?" | 034528.docx | LEGALEASE-00143504-LEGALEASE-00143505 |
| Gordon v. Gatlin Commons Prop. Owners Ass'n, 199 So. 3d 1120 | 307A+563 | Where counsel is involved in the conduct to be sanctioned, a Kozel analysis of six factors for dismissal is required before dismissal is used as a sanction for noncompliance with court order. | "If there is a less-severe sanction available than dismissal with prejudice, should the court use it?" | Pretrial Procedure - Memo # 6811 - C - TM.docx | ROSS-003289863-ROSS-003289864 |
| Millennium Park Joint Venture v. Houlihan, 393 Ill. App. 3d 13 | 371+2698 | Taxpayer was not required to exhaust its administrative remedies under the property tax code before challenging assessor's authority to determine that its concession permit to operate a restaurant in city park was a lease, which gave assessor authority to assess real estate tax on the permit; as permitted under "unauthorized at law" doctrine, taxpayer was not attacking assessor's alleged mistake in his determination that permit was a lease, but rather, was challenging whether assessor had legal authority to tax the permit. S.H.A. 35 ILCS 200/23-5, 200/23-10, 200/23-15. | Is a tax unauthorized when the taxing body has no statutory power to tax? | 045661.docx | LEGALEASE-00143021-LEGALEASE-00143022 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gulf Ref. Co. v. Sch. Dist. of Philadelphia, 109 Pa. Super. 177 | 371+2005 | State may tax its governmental agencies. | Can a state tax its governmental agencies? | Taxation - Memo # 812 - C - SN.docx | ROSS-003286919-ROSS-003286921 |
| State ex rel. ACF Indus. v. Vieweg, 204 W. Va. 525 | 413+2 | The right to workmen's compensation benefits is wholly statutory. | Is the right to workers compensation statutory? | 048169.docx | LEGALEASE-00142177-LEGALEASE-00142178 |
| United States v. Ganim, 510 F.3d 134 | 306+50 | Taken as a whole, jury instruction that described crime of bribery for purposes of charges of honest services mail fraud that were based upon former mayor's alleged participation in bribery scheme accurately set forth applicable law when instruction explained that bribe required some specific quid pro quo, or specific official action in return for benefit or payment, and then described in detail type of "legal lobbying" that was not bribery, notwithstanding former mayor's contention that instruction was improperly broad in permitting conviction based upon his knowledge that he was expected, due to payment, to exercise influence to payor's benefit and intended to do so, as specific opportunities arose, when accepting payment. 18 U.S.C.A. S 1346. | " Can the intended exchange for bribery only be ""this for that""?" | Bribery - Memo #806 - C - LB.docx | LEGALEASE-00033585-LEGALEASE-00033586 |
| United States v. Troop, 235 F.2d 123 | 63+1(1) | Offense of attempted bribery of federal officer is complete upon tender of bribe to such officer with intent to influence his decisions and acts in an official capacity, and it is entirely immaterial that for some reason, subsequently determined, officer could not have brought about result desired by person offering bribe. 18 U.S.C.A. 201. | What is the gravamen of the offense prohibited by the statutes governing bribery? | 012221.docx | LEGALEASE-00143776-LEGALEASE-00143777 |
| Howell v. State, 357 S.W.3d 236 | 67+4 | Resident's home was "dwelling," within meaning of burglary statute, even after resident, who was sole resident of home, had died. West's A.I.C. 35-31.5-2-107, 35-43-2-1 (2012). | What is a dwelling as per the burglary statute? | 012920.docx | LEGALEASE-00144889-LEGALEASE-00144892 |
| United States v. Sun Bear, 307 F.3d 747 | 350H+1263 | Burglary of commercial property is a crime of violence in the Eighth Circuit, for purposes of the career offender guideline. U.S.S.G. SS 4B1.1, 4B1.2, 18 U.S.C.A. | Is burglary of a commercial building a crime of violence? | Burglary - Memo 231 - SB.docx | ROSS-003315204-ROSS-003315208 |
| Spear v. Coon, 32 Conn. 292 | 307A+74 | It is not indispensable that magistrate should have certified upon deposition that it was sealed up by him. | Is it not indispensable that a magistrate should have certified upon deposition that it was sealed up by him? | 034522.docx | LEGALEASE-00144001-LEGALEASE-00144002 |
| Pierce v. City of Hamilton, 40 Ohio App. 338 | 268+906 | Since taxation is sovereign function, city's issuing general bonds payable by general taxation is governmental act. | Is taxation a sovereign function? | 045778.docx | LEGALEASE-00144521-LEGALEASE-00144522 |
| Comer v. Micor, 436 F.3d 1098 | 25T+179 | Nonsignatories to arbitration agreement can enforce agreement as third-party beneficiaries. | Can nonsignatories enforce arbitration agreements? | Alternative Dispute Resolution - Memo 716 - RK.docx | ROSS-003301943-ROSS-003301944 |
| United States v. Sorrow, 732 F.2d 176 | 164T+24(5) | If property is obtained under color of official right, no showing of threats or violence is necessary to sustain conviction under Hobbs Act. 18 U.S.C.A. S 1951. | What supplies the coercive element of extortion? | 012258.docx | LEGALEASE-00145085-LEGALEASE-00145086 |
| Williams v. State Farm Mut. Auto. Ins. Co., 202 Mich. App. 491 | 67+3 | Intent to rape is necessary element of crime of burglary with intent to rape. | Is intent to rape an element of burglary? | Burglary - Memo 209 - JS.docx | ROSS-003328730-ROSS-003328733 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Van Valkenburg v. Bradley, 14 Iowa 108 | 289+957 | A general authority to one partner, after the dissolution of a copartnership, to settle the business of the firm does not authorize him to renew in the name of the firm a pre-existing copartnership note, but an authority to so bind the firm may be given in the terms of dissolution, or by the assent of the other partners at the time of such renewal. | Does the power to bind the firm cease after dissolution of a partnership? | 022490.docx | LEGALEASE-00146400-LEGALEASE-00146401 |
| Heckman v. Williamson Cty., 369 S.W.3d 137 | 212+1505 | Whether considering the standing of one plaintiff or many, the court must generally analyze the standing of each individual plaintiff to bring each individual claim he or she alleges when that issue is before the court; an exception to this rule applies where there are multiple plaintiffs in a case, who seek injunctive or declaratory relief or both, who sue individually, and who all seek the same relief, in which case the court need not analyze the standing of more than one plaintiff, so long as that plaintiff has standing to pursue as much or more relief than any of the other plaintiffs. | "If a case is or becomes moot, must the court generally vacate any order or judgment previously issued and dismiss the case for want of jurisdiction?" | 033158.docx | LEGALEASE-00145719-LEGALEASE-00145720 |
| Triodyne v. Superior Court for Los Angeles Cty., 240 Cal. App. 2d 536 | 302+365(1) | Where insofar as motion to strike was upon asserted ground of irrelevancy, it was not directed to any particular allegations and no showing of irrelevancy was made, motion must be considered as one to strike or dismiss entire count on basis that it was sham. West's Ann.Code Civ.Proc. S 453. | Is a motion to dismiss an action on the ground that it is fictitious or sham a proper practice? | 035277.docx | LEGALEASE-00145465-LEGALEASE-00145466 |
| Antwine v. Dallas Indep. Sch. Dist., 698 S.W.2d 226 | 413+2 | There is no common-law right to workers' compensation and the right to compensation is limited to that which the statute provides. Vernon's Ann.Texas Civ.St. arts. 8306 et seq., 8306, S 12. | Is there a common law right to workers compensation? | Workers Compensation - Memo #512 ANC.docx | ROSS-003305014-ROSS-003305015 |
| Wamco, III, Ltd. v. First Piedmont Mortg. Corp., 856 F. Supp. 1076 | 83E+481 | Statute governing rights of transferee upon transfer of negotiable instrument, indicating that transferee obtains transferor's rights but does not obtain his status, illustrated concept that effect of transfer of negotiable instrument was to transfer rights in instrument, and not to transfer rights attendant status of transferor. Va.Code 1950, S 8.3-201(1) (Repealed). | Can a transferee obtain the status of the transferor? | 10755.docx | LEGALEASE-00094629-LEGALEASE-00094630 |
| Drummond v. White Oak Fuel Co., 104 W. Va. 368 | 260+55(6) | "Surface," without qualifying phrase in deed, ordinarily means only superficial part of land. | Does the word surface refer merely to the superficial part of land? | 021552.docx | LEGALEASE-00147726-LEGALEASE-00147727 |
| Bagg v. New Jersey Loan Co., 88 Ariz. 182 | 260+27(1) | A locator of a mining claim must act in good faith, and such rule is particularly stringent in the case of a purported subsequent locator attempting to wrest possession from a prior party in the peaceable possession of the premises. | Should a locator act in good faith? | 021558.docx | LEGALEASE-00147696-LEGALEASE-00147697 |
| Nelson v. Blacker, 701 P.2d 135 | 307A+590.1 | Motion to dismiss for failure to prosecute should not be granted if plaintiff resumes the diligent prosecution of his claim, even though, at some prior period of time, he may have been guilty of gross negligence. | Should a motion to dismiss for failure to prosecute be granted if a plaintiff resumes the diligent prosecution of his claim? | Pretrial Procedure - Memo # 7476 - C - DHA.docx | LEGALEASE-00037097-LEGALEASE-00037098 |
| Passmore v. McCarver, 395 P.3d 297 | 307A+581 | Mere delay can be the basis of dismissal. Fla. R. Civ. P. 41(b). | Can a mere delay be the basis of dismissal? | 11100.docx | LEGALEASE-00094541-LEGALEASE-00094542 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Aydiner v. Grosfillex, 111 A.D.3d 589 | 228+145(4) | Prior order denying purported chair manufacturers' motion for summary judgment in personal injury action arising when plaintiff allegedly sat on a chair and it collapsed was insufficient, by itself, to demonstrate that plaintiff had a potentially meritorious cause of action sounding in negligence or strict products liability, so as to warrant setting aside plaintiff's default; determination in the summary judgment order was based solely on discrete issue of whether defendants manufactured the chair, and did not address whether it was defective in some manner. N.Y.Ct.Rules, S 202.27(b). | Can a court dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar? | 10326.docx | LEGALEASE-00095597-LEGALEASE-00095598 |
| Niccum v. N. Assur. Co., 17 F.2d 160 | 170B+2835 | Suit by citizen against alien may be found or served. | In which courts can an alien bring suit against a citizen of the United States? | 007047.docx | LEGALEASE-00148398-LEGALEASE-00148399 |
| Niccum v. N. Assur. Co., 17 F.2d 160 | 170B+2835 | Suit by citizen against alien may be found or served. | Where can a citizen bring suit against an alien? | Aliens_Immigration and Citizenship-Memo 33 - KK_57854.docx | ROSS-003293569-ROSS-003293570 |
| Gersten v. Intrinsic Techs., LLP, 442 F. Supp. 2d 573 | 25T+182(1) | Purported buyer of interest in information technology consulting company who sued company, alleging wrongful refusal to recognize acquisition, was properly required to arbitrate dispute under estoppel doctrine; although buyer was not signatory to pertinent operating agreement containing arbitration clause, his claims for breach of contract and fiduciary duty, as well as accounting demand, were asserted in reliance on agreement. 9 U.S.C.A. S 3. | "When contracts are related, can each contract delineate rights and duties independent of the other?" | 007868.docx | LEGALEASE-00148917-LEGALEASE-00148918 |
| Encompass Ins. v. Hagerty Ins. Agency, 2009 WL 160776 | 25T+143 | Arbitration clause between insurer and insurance agent did not cover disputes arising under a profit sharing agreement. By its clear terms, the arbitration clause only covered "factual disputes regarding causation or damages related to the agreement." It was not the parties' intention to resolve all disputes relating to the agreement by arbitration. As a result, the profit sharing dispute fell outside the scope of causation and damages. | When is a dispute arbitrable pursuant to the arbitration clause in a related contract? | 007878.docx | LEGALEASE-00148933-LEGALEASE-00148934 |
| In re Chicago, Missouri & W. Ry. Co., 127 B.R. 839 | 51+2620 | Transfer of check occurs, for preferential transfer purposes, on date that debtor's bank honors check, as opposed to date when debtor delivers check to creditor. Bankr.Code, 11 U.S.C.A. S 547(b). | Will the transfer of a check occur when it is honored by the bank? | 010402.docx | LEGALEASE-00148630-LEGALEASE-00148631 |
| Nuetzel v. Mackie, 80 Cal. App. 768 | 83E+374 | Nonnegotiable instrument may be made negotiable between indorser and subsequent holders by indorsement to order, though intermediate indorsement is without recourse. | Can a nonnegotiable note become a negotiable note by indorsement? | Bills and Notes- Memo 460-IS_57871.docx | ROSS-003280850-ROSS-003280851 |
| Bridge v. Hubbard, 15 Mass. 96 | 398+88 | Where A., being the maker of a note to B., which was void for usury, asked for credit beyond the maturity of the note, and B. agreed to give further credit if he could obtain other security, and A. obtained and furnished, for that purpose, a new note, made by C., payable to and indorsed by D., which was received by B. in exchange for the former note, which was given up and canceled, it was held that this latter note was void in the hands of a bona fide indorsee without notice, being a mere substitute for the first note. | Can a note be void if it is given for usurious consideration? | Bills and Notes- Memo 654-IS_57892.docx | ROSS-003305558 |
| Coolidge v. Payson, 15 U.S. 66 | 8.30E+197 | If a letter be not shown, its contents, whatever they may be, can give no credit to a bill of exchange. | When does a promise to accept a bill become acceptance? | 010951.docx | LEGALEASE-00148632-LEGALEASE-00148633 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Bordallo, 857 F.2d 519 | 63+1(2) | Guam is not "state" for purposes of bribery statute applicable to agent of state agency. 18 U.S.C.A. S 666. | "Does the federal bribery statute, 666, apply to Guam?" | 012021.docx | LEGALEASE-00148131-LEGALEASE-00148132 |
| Empress Casino Joliet Corp. v. Johnston, 763 F.3d 723 | 228+828.15(1) | Casino owners' action against Illinois governor and members of horse racing industry, alleging defendants violated Racketeer Influenced and Corrupt Organizations Act (RICO) by conspiring to exchange campaign contributions for ensuring that two bills were enacted imposing a tax on certain in-state casinos and placing the funds into a trust for the benefit of the horse racing industry, was not barred by res judicata by two prior state court actions challenging the constitutionality of the bills; the claims in the state suits were materially different than the claims in casino owners' RICO action. 18 U.S.C.A. S 1961 et seq. | Can bribery of government officials serve as a predicate for a the Racketeer Influenced and Corrupt Organizations Act (RICO) violation? | 012431.docx | LEGALEASE-00148083-LEGALEASE-00148084 |
| Com. v. Baker, 146 Pa. Super. 559 | 63+1(1) | The Legislature, in enacting statute relating to bribery and that relating to corrupt solicitation of public officer, had in mind two separate offenses, the one bribery and the other offering or promising money or other thing of value to influence public officer in discharge or performance of his duties. 18 P.S. SS 4303, 4304; P.S.Const. art. 3, SS 30, 31. | Are bribery and corrupt solicitation separate or distinct offenses? | 012464.docx | LEGALEASE-00148636-LEGALEASE-00148637 |
| United States v. O'Brien, 994 F. Supp. 2d 167 | 63+6(1) | Indictment charging former officials at Massachusetts Office of Probation with offenses arising out of alleged scheme to defraud involving the process of hiring probation officers, in alleging that one defendant gave state legislators opportunities to fill positions in return for favorable action on appropriations and other legislative acts, sufficiently alleged payment of a quid pro quo, as required under Massachusetts bribery and gratuity statutes. M.G.L.A. c. 268A, SS 2(a)(1), 3(a). | "Under gratuity statute, are payments made merely to build a reservoir of good will enough to sustain a conviction?" | 012466.docx | LEGALEASE-00148634-LEGALEASE-00148635 |
| United States v. Welch, 327 F.3d 1081 | 63+2 | Utah bribery statute was not unconstitutionally vague as applied to members of committee bidding to host Winter Olympic Games, in prosecution alleging that defendants' bribery of members of International Olympic Committee (IOC) violated Travel Act; statute gave adequate guidance to law enforcement authorities as to whether defendants' bid-seeking efforts constituted unlawful activity. 18 U.S.C.A. S 1952; U.C.A.1953, 76-6-508(1)(a). | Does Congress intend Travel Act to encompass conduct in violation of state commercial bribery statutes? | 012491.docx | LEGALEASE-00148442-LEGALEASE-00148443 |
| State v. State Highway Comm'n, 129 Kan. 192 | 200+122 | Law relating to payment of cost chargeable to benefit districts by state highway commission did not conflict with other highway statutes or other parts of same act. Laws 1929, c. 225, S 18. | Is the state highway commission authorized to pay interest on reimbursement of assessments? | 019122.docx | LEGALEASE-00148709-LEGALEASE-00148710 |
| Freeman v. United States, 83 Fed. Cl. 530 | 393+1023 | Considerations of judicial efficiency precluded granting request of owner of mining claims that continued suspension of his taking case pending determination of validity of his claims by the Department of the Interior (DOI) be conditioned on reimbursement of annual fees paid to DOI to maintain the claims; if reimbursement were ordered prior to a validity determination, a later finding by DOI that plaintiff's claims were valid might necessitate a subsequent motion requesting that owner refund the maintenance fees previously reimbursed to him by the government. | Does the BLM have primary jurisdiction to determine the validity of mining claims? | Mines and Minerals - Memo #269 - C - EB_57989.docx | ROSS-003293283-ROSS-003293284 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Staggs v. Union Pac. R. Co., 2012 Ark. 156 | 260+48 | Under Arkansas law between 1905 and 1937, oil and gas were "minerals," and, thus, a 1934 reservation of mineral rights in landowners' property included any rights to oil and gas. | Is a reservation of minerals sufficient to identify oil and gas? | 021533.docx | LEGALEASE-00148582-LEGALEASE-00148583 |
| Peterson & Fitch v. State, 32 Tex. 477 | 289+1331 | Where a partnership is guilty of a criminal offense, the partners should be indicted as individuals, and not as a firm. | "When a partnership is guilty of a crime, should an indictment be against the members as individuals and not the firm?" | 022511.docx | LEGALEASE-00148909-LEGALEASE-00148910 |
| Tri-State Hosp. Supply Corp. v. United States, 341 F.3d 571 | 393+970 | "Money damages," recoverable against United States under Federal Tort Claims Act (FTCA) for abuse of process and malicious prosecution, included attorney fees plaintiff expended defending itself against government's underlying torts, so long as law of place where torts allegedly occurred so provided. 28 U.S.C.A. SS 1346(b)(1), 2680(h). | Do expenses incurred by states in fighting forest fires come under statutes like Tort Claims Act or The Federal Tort Claims Act? | 047606.docx | LEGALEASE-00148622-LEGALEASE-00148623 |
| Oram v. Dalton, 927 F. Supp. 180 | 34+28(1) | Military bases are nonpublic forums in which commercial activity may be limited. | Are military bases public fora? | 008781.docx | LEGALEASE-00149760-LEGALEASE-00149761 |
| Galbreath v. Wallrich, 45 Colo. 537 | 38+97 | Assignment of a nonnegotiable contract does not carry a warranty that it will be performed; but assignee merely impliedly warrants it is what it purports to be, and hence, where nonnegotiable contracts to furnish ties to a railroad were assigned, the mere fact that it subsequently canceled them and refused to allow assignees to fill them did not impose any liability on assignors. | When the assignee warrants the contract will it be genuine? | 010649.docx | LEGALEASE-00149637-LEGALEASE-00149638 |
| Mann v. Merchants' Loan & Tr. Co., 100 Ill. App. 224 | 83E+426 | A note indorsed in blank passes by delivery. | Is a note indorsed in blank transferable by delivery? | 010669.docx | LEGALEASE-00149667-LEGALEASE-00149668 |
| Fagnani v. Fisher, 418 Md. 371 | 266+872 | One who borrows money from a lender/creditor or mortgagee is designated as a "borrower/debtor" or "mortgagor." | Who is a borrower? | Creditors' Remedies - Memo 4- RK_58638.docx | ROSS-003283156-ROSS-003283157 |
| Tulsa Prof'l Collection Servs. v. Pope, 485 U.S. 478 | 92+3937 | Oklahoma's nonclaim statute is not self-executing, in that probate court's involvement in appointing executor is necessary to activate time bar, and thus there was sufficient state action to give rise to due process requirement of actual mail notice to known or reasonably ascertainable creditors, rather than mere notice by publication, which was sufficient only for creditors who are not reasonably ascertainable or who held merely conjectural claims. 58 O.S.1981, SS 331, 333; U.S.C.A. Const.Amend. 14. | How is fairness of a method of notice determined? | 06143.docx | LEGALEASE-00090274-LEGALEASE-00090276 |
| Thomas v. Price, 631 F.Supp. 114 | 172H+244 | Under New York law, assignment of partnership interest in bank, as security for nonrecourse note, entitled assignee's successors to participate directly in "the management, administration, affairs or control" of bank, upon occurrence of "Event of Default." Vernon's Ann.Texas Civ.St. art. 6132b, SS 24, 26, 27(1). | Is an assignee of a partnership interest entitled to interfere in the management of the partnership? | 022534.docx | LEGALEASE-00149881-LEGALEASE-00149882 |
| Guinn v. Hoskins Chevrolet, 361 Ill. App. 3d 575 | 302+53(1) | A party may plead claims in the alternative. | Can a party plead claims in the alternative? | 023640.docx | LEGALEASE-00149669-LEGALEASE-00149670 |
| Morton v. Thornton, 259 N.C. 697 | 308+183(1) | An agent is not real party in interest and cannot maintain an action. | Is the agent the party in interest to a contract? | 041383.docx | LEGALEASE-00149839-LEGALEASE-00149840 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Morris v. Goss, 147 Me. 89 | 92+2455 | The Supreme Judicial Court has the power and duty to safeguard and protect within the borders of the State the fundamental principles of government vouchsafed by the State and Federal Constitutions. | Is the right to levy taxes a supreme power of the state? | Taxation - Memo # 840 - C - JL_58468.docx | ROSS-003280506-ROSS-003280507 |
| Champion v. Gordon, 70 Pa. 474 | 83E+675 | The Act of May 16, 1901, P.L. 194, S 85, 56 P.S. S 186, provides that "every negotiable instrument is payable at the time fixed therein without grace. When the day of maturity falls upon Sunday or a holiday the instrument is payable on the next succeeding business day. Instruments falling due on Saturday are to be presented for payment on the next succeeding business day, except that instruments payable on demand may, at the option of the holder, be presented for payment before twelve o'clock noon on Saturday when that entire day is not a holiday. See also Act of June 18, 1895, P.L. 198, 56 P.S. S 184 note, which provides that "all drafts and bills of exchange drawn at sight shall be and become due and payable on presentation, without grace, and shall and may, if dishonored, be protested on and immediately after such presentation. On all notes, drafts, checks, acceptances, bills of exchange, bonds or other evidences of indebtedness made, drawn or accepted by any person or corporation after this act shall take effect, and in which there is no expressed stipulation to the contrary, no grace, according to the custom of merchants, shall be allowed, but the same shall be due and payable as therein expressed without grace. All such notes, drafts, bills of exchange, checks or other paper falling due on Sunday or a legal holiday or day observed as such, or any half holiday, shall be deemed to be due on the next secular business day thereafter: provided, however, that all such notes, bills of exchange, drafts, checks, etc., shall not be protested on any Saturday but must be protested on the next secular or business day." A post-dated check under the prior law also was not entitled to days of grace. | Is days of grace given to postdated check? | 010002.docx | LEGALEASE-00150226-LEGALEASE-00150227 |
| Randolph v. Green Tree Fin. Corp.--Alabama, 244 F.3d 814 | 172H+1550 | Arbitration provision in loan agreement that barred pursuit of classwide relief for TILA violations was not unenforceable for that reason; borrower could not contract away her ability to seek class action relief for TILA violations. Truth in Lending Act, S 130, 15 U.S.C.A. S 1640. | Can a contractual provision or an agreement to arbitrate TILA claims be enforceable? | Consumer Credit - Memo 88- PR_59009.docx | ROSS-003306318-ROSS-003306319 |
| Miklosy v. Regents of Univ. of California, 44 Cal. 4th 876 | 141E+990 | The grant of constitutional power to the University of California includes the grant of quasi-judicial powers. West's Ann.Cal. Const. Art. 9, S 9(a). | Does a university have quasi-judicial powers? | 017040.docx | LEGALEASE-00150304-LEGALEASE-00150305 |
| Nat'l Pride At Work v. Governor of Michigan, 274 Mich. App. 147 | 141E+990 | Although constitutionally unique, public universities are autonomous only within their own spheres of authority. M.C.L.A. Const. Art. 8, SS 5, 6. | Are public universities autonomous and independent? | 017043.docx | LEGALEASE-00150434-LEGALEASE-00150435 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n, 432 S.W.3d 381 | 156+26 | Estoppel by deed binds not only the parties to the deed, but also their successors-in-interest. | Does the recital of one deed in another bind the parties and form a muniment of title? | 018001.docx | LEGALEASE-00150630-LEGALEASE-00150631 |
| State v. Smith, 10 R.I. 258 | 3.77E+10 | A "threat," as an element of the offense of making terroristic threats, is a declaration of an intention to injure another or his property by some unlawful act. M.S.A. S 609.713. | How are threats communicated? | 046845.docx | LEGALEASE-00150446-LEGALEASE-00150447 |
| Design Ben. Plans v. Enright, 940 F. Supp. 200 | 25T+461 | Insurance agency's filing of suit against former agent for breach of restrictive covenants against recruiting agents did not result in waiver of right to mediate and arbitrate counterclaim for unpaid commissions; filing of counterclaim injected matters to be arbitrated into the litigation, and agency immediately moved to compel mediation and arbitration. | Is commencement of a suit in court followed by an answer by the opposing party upon the merits considered a waiver of the right to arbitrate by both parties? | Alternative Dispute Resolution - Memo 797 - RK.docx | LEGALEASE-00040532-LEGALEASE-00040534 |
| Brandon v. Hines, 439 A.2d 496 | 25T+279 | Because parties establish arbitrator's authority, they can enlarge it in various ways, including extension of time period for rendering award by mutual agreement and waiver of time limitation by consent implied from conduct during arbitration. | Is an award made by an arbitrator after the revocation of his authority valid? | 007945.docx | LEGALEASE-00151408-LEGALEASE-00151409 |
| Cozzens v. Chicago Hydraulic Press Brick Co., 166 Ill. 213 | 83E+455 | A second indorsement of a note by the payees raises no presumption that their contract is one of guaranty, and not of indorsement. | Is parol evidence admissible to contradict or vary a contract of indorsement? | 010391.docx | LEGALEASE-00150876-LEGALEASE-00150877 |
| Porges v. United States Mortg. & Tr. Co., 203 N.Y. 181 | 308+92(1) | One dealing with the agent of another without ascertaining the scope and reach of the powers delegated to him does so at his peril. | "Should a party dealing with an agent, abide by the consequences if he transcends them?" | 041480.docx | LEGALEASE-00151357-LEGALEASE-00151358 |
| Shamah v. Schweiger, 21 F. Supp. 2d 208 | 25T+416 | Arbitrators' denial of security broker's request for adjournment and to be allowed to participate by telephone, made three months prior to proceedings on grounds that his alleged financial distress precluded his attendance, was not "misconduct" within meaning of Federal Arbitration Act (FAA) provision allowing award to be vacated due to arbitrator misconduct; arbitrators made an unsuccessful attempt at telephoning broker at onset of hearing, but telephone number he provided was inaccurate. 9 U.S.C.A. S 10(a)(3). | Is due process violated if an arbitration hearing proceeds in the absence of one of the parties when that party has constructive notice and his absence is the result of his decision not to attend? | 008039.docx | LEGALEASE-00151514-LEGALEASE-00151515 |
| Shuffler v. Heritage Bank, 720 F.2d 1141 | 93+70 | To the extent an order finding borrowers in contempt for violating judgment which required them to pay $190,000 into escrow for bank and permitting bank to have foreclosure sale if money was not paid into escrow was intended to enforce payment of the $190,000 to the bank, fine could not be sustained in that proper means of a bank to secure compliance with money judgment was to seek writ of execution, not to obtain fine for contempt. Fed.Rules Civ.Proc.Rule 70, 28 U.S.C.A. | Are the equitable remedies provided by the rules of civil procedure appropriate aid to execution of a money judgement? | Creditors' Remedies - Memo 21 - RK_59583.docx | ROSS-003279804-ROSS-003279806 |
| Wolfe v. Tyler, 48 Tenn. 313 | 83E+361 | An instrument made payable in current bank notes is not a negotiable paper, in the sense of the law merchant. | Is a note payable in bank notes negotiable? | 009699.docx | LEGALEASE-00151793-LEGALEASE-00151794 |
| First Nat. Bank v. Sprout, 78 Neb. 187 | 83E+863 | The transferee of a negotiable promissory note, who has purchased the same in the usual course for value, may bring an action at law against the maker without proof of indorsement. | Can a promissory note payable to husband be transferred to wife without indorsement and without valuable consideration for title? | 009808.docx | LEGALEASE-00151628-LEGALEASE-00151629 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| O'Gasapian v. Danielson, 284 Mass. 27 | 38+57 | As between assignee and maker of note, notice to maker was not essential to assignment of note and mortgage. G.L., Ter.Ed., c. 107, S 72. | Is notice essential for an assignment? | Bills and Notes - Memo 934 - RK_59636.docx | ROSS-003297393-ROSS-003297394 |
| Plattsmouth State Bank v. Redding, 128 Neb. 268 | 83E+481 | Assignment of negotiable instrument payable to order may be written on separate instrument. Comp.St.1929, S 62-301. | Can an assignment of a note be written on a separate instrument? | 009928.docx | LEGALEASE-00151819-LEGALEASE-00151820 |
| Huse v. Hamblin, 29 Iowa 501 | 8.30E+12 | The law of the place where the indorsement of paper is made will govern as to the rights and liability of the indorser and indorsee, rather than the law of the place where the instrument indorsed was made. | Which law governs the liability of the indorser? | Bills and Notes- Memo 1042- SB_60150.docx | ROSS-003322392-ROSS-003322393 |
| Andrews v. Chevy Chase Bank, 545 F.3d 570 | 172H+1552 | Truth in Lending Act (TILA) rescission is a purely personal remedy intended to operate privately, at least initially, with the creditor and debtor working out the logistics of a given rescission. Truth in Lending Act, S 125, 15 U.S.C.A. S 1635. | Is rescission a purely personal remedy? | 013880.docx | LEGALEASE-00151560-LEGALEASE-00151561 |
| U.S. Bank, Nat. Ass'n v. Schaeffer, 160 Conn. App. 138 | 83E+728 | A party in possession of a note, endorsed in blank and thereby made payable to its bearer, is the valid holder of the note, and is entitled to enforce the note. C.G.S.A. SS 42a-1-201(b)(21)(A), 42a-3-205, 42a-3-301. | When does a person become a valid holder of a note or instrument? | Bills and Notes- Memo 1101- ANM_60027.docx | ROSS-003308497-ROSS-003308498 |
| Nationstar Mortg. v. MacPherson, 56 Misc. 3d 339 | 266+1749 | To establish its standing to foreclose a mortgage by demonstrating that it is the holder of the mortgage note within the contemplation of the Uniform Commercial Code (UCC), a plaintiff, as the holder of a duly endorsed note in blank, is not required to submit proof that the person who endorsed the subject note to the plaintiff on behalf of the original lender was authorized to do so, since a signature on a negotiable instrument is presumed to be genuine or authorized. McKinney's Uniform Commercial Code SS 1-201(b)(21), 3-202(1), 3-204(2), 3-301, 3-307(1)(b). | Who is a bearer of a negotiable instrument? | Bills and Notes-Memo 1051-ANM_60034.docx | ROSS-003308640-ROSS-003308641 |
| Horton v. California Credit Corp. Ret. Plan, 835 F. Supp. 2d 879 | 172H+1556 | Lender's failure to inform borrowers of specific numeric date when their right to rescind home equity line of credit agreement would expire gave borrowers right under TILA to extended three-year rescission period. Truth in Lending Act, S 125(a), 15 U.S.C.A. S 1635(a); 12 C.F.R. S 226.15(b)(5). | Does failure to fill in the expiration date of the rescission form a violation of law? | Consumer Credit - Memo 21 - IS_60038.docx | ROSS-003291904-ROSS-003291905 |
| Texas Tech Univ. Health Sci. Ctr. v. Buford, 334 S.W.3d 334 | 198H+770 | Alleged negligence by county hospital and hospital personnel in dispensing of opioid patches to patient for pain management did not constitute use of tangible personal property by physicians at state university health center who prescribed patches, as basis for waiving sovereign immunity under Tort Claims Act for patient's death from opioid toxicity, where personnel who dispensed patches were not employees of university health center. V.T.C.A., Civil Practice & Remedies Code S 101.021(2). | Does a University has sovereign immunity? | 016689.docx | LEGALEASE-00152746-LEGALEASE-00152747 |
| State ex rel. Gaines v. Canada, 342 Mo. 121 | 141E+831 | The states can separate the races for the purpose of education. | Does a State has the right to separate races for education? | Education - Memo # 187 - C - KS_60304.docx | ROSS-003283230-ROSS-003283231 |
| Cullum v. McCool, 432 S.W.3d 829 | 30+3284 | A lower court's legal conclusions on a motion to dismiss for failure to state a claim are reviewed de novo without any presumption of correctness. Rules Civ.Proc., Rule 12.02(6). | "In reviewing a motion to dismiss for failure to state a claim, is the court required to construe the complaint liberally?" | 037535.docx | LEGALEASE-00152239-LEGALEASE-00152240 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mitchell v. Lawson Milk Co., 40 Ohio St. 3d 190 | 413+2093 | Claim of intentional tort against employer will be dismissed, under exclusivity provisions of workers' compensation laws, as failing to establish that pleader is entitled to relief unless complaint alleges facts showing that employer specifically desired to injure employee, or knew that injury to employee was certain or substantially certain to result from employer's act and despite this knowledge, still proceeded. R.C. S 4121.80(G)(1); Rules Civ.Proc., Rule 12(B)(6). | Should a court considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted construe the complaint in the light most favorable to the plaintiff and presume all of the factual allegations to be true? | 037989.docx | LEGALEASE-00152684-LEGALEASE-00152685 |
| Alan, Sean & Koule v. SV/CORSTA V, 286 F. Supp. 2d 1367 | 308+151(1) | Under the federal common law of agency, one event that conveys notice of a termination of apparent authority to a third party is the termination of the agent's employment. | When is an apparent authority terminated? | 041338.docx | LEGALEASE-00152309-LEGALEASE-00152310 |
| In re Merv Properties, 539 B.R. 516 | 308+160.5 | Generally, the actions of an agent are imputed to the principal; an exception to that rule lies when the agent has interests adverse to those of his principal. | Are the actions of an agent imputed to the Principal? | 042099.docx | LEGALEASE-00152271-LEGALEASE-00152272 |
| Sharpe v. Glob. Sec. Int'l, 766 F. Supp. 2d 1272 | 21+9 | Rule regarding unsworn declarations did not require that entire declaration be handwritten to be properly considered; a handwritten date and signature was sufficient. 28 U.S.C.A. S 1746. | Does a statement require a handwritten averment which is signed and dated to be true under the penalties of perjury? | Affidavits - Memo 61 - SNJ.docx | LEGALEASE-00042525-LEGALEASE-00042526 |
| Brannock v. Magoon, 141 Mo. App. 316 | 83E+481 | The title to a note may be transferred by a separate writing. | How can the title to a note be transferred? | 009737.docx | LEGALEASE-00152988-LEGALEASE-00152989 |
| Duke v. Hall, 68 Tenn. 282 | 108H+1174 | An assignment in trust of negotiable paper or choses in action need not be registered, under the law relating to the registration of mortgages and trusts of personalty. | Is transfer of a chose in action required to be registered? | Bills and Notes - Memo 840 - RK_60293.docx | ROSS-003293580-ROSS-003293581 |
| Vitale v. Giaimo, 103 A.D.3d 835 | 241+66(12) | Parents' loans to son were repayable on demand absent specified time of repayment, and thus claims for repayment of loans accrued, and six-year limitations period began to run, on date loans were made. McKinney's CPLR 213(2). | Does the loan become payable on demand when parties have not specified any time for repayment of loan? | 009762.docx | LEGALEASE-00153307-LEGALEASE-00153308 |
| Cohn v. Hitt, 133 Tenn. 466 | 83E+461 | Both at common law and under Negotiable Instruments Law, SS 64, 68, defendant who first indorsed a note for the accommodation of the maker, held liable at the suit of the subsequent accommodation indorser. | Can a prior agreement release prior indorsers for accommodation against a subsequent indorser? | Bills and Notes - Memo 884 - RK_60683.docx | ROSS-003278483-ROSS-003278484 |
| Chumasero v. Gilbert, 24 Ill. 293 | 8.30E+10 | A party will only be allowed to recover interest according to the law of the forum, in the absence of an express agreement, unless it be alleged and proved that the law of the place of execution of the note sued fixes a higher rate. | When no rate of intrest is specified will the laws of the state of execution determine its rate? | 009871.docx | LEGALEASE-00153588-LEGALEASE-00153589 |
| Ameritrust Co. v. White, 73 F.3d 1553 | 83E+335 | Forfeiture clause in notes executed by limited partner at time he acquired interest in limited partnership, providing that if partner did not timely make all payments owing under notes, then he would retroactively lose all interest in limited partnership, qualified as impermissible "other promise, order, obligation, or power," which prevented promissory notes from qualifying as "negotiable instruments" under Georgia law. O.C.G.A. S 11-3-104(1). | Can a negotiable instrument contain any other obligation except as authorized by the statute? | Bills and Notes - Memo 911 - RK_60708.docx | ROSS-003307458-ROSS-003307459 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ameritrust Co. v. White, 73 F.3d 1553 | 83E+335 | Forfeiture clause in notes executed by limited partner at time he acquired interest in limited partnership, providing that if partner did not timely make all payments owing under notes, then he would retroactively lose all interest in limited partnership, qualified as impermissible "other promise, order, obligation, or power," which prevented promissory notes from qualifying as "negotiable instruments" under Georgia law. O.C.G.A. S 11-3-104(1). | Can a negotiable instrument contain an order not authorized by the statute? | Bills and Notes - Memo 912 - RK_60709.docx | ROSS-003323237 |
| Ameritrust Co. v. White, 73 F.3d 1553 | 83E+335 | Forfeiture clause in notes executed by limited partner at time he acquired interest in limited partnership, providing that if partner did not timely make all payments owing under notes, then he would retroactively lose all interest in limited partnership, qualified as impermissible "other promise, order, obligation, or power," which prevented promissory notes from qualifying as "negotiable instruments" under Georgia law. O.C.G.A. S 11-3-104(1). | Can a negotiable instrument contain an order not authorized by statute? | 009887.docx | LEGALEASE-00153627-LEGALEASE-00153628 |
| First Nat. Bank v. Payne, 111 Mo. 291 | 83E+416 | The doctrine that, when a person not a party to a note puts his name upon it before delivery, he thereby makes himself an original promisor, does not apply to a note payable to the maker, and indorsed before indorsement or negotiation by the maker. | Can a party who writes his name on the back of note of which he is not a payee or an endorsee be considered as the maker of the note? | 009918.docx | LEGALEASE-00153676-LEGALEASE-00153677 |
| Schmidt v. Citibank (S. Dakota), N.A. (CBSD), 645 F. Supp. 214 | 241+58(13) | Each statement sent to credit card customer by creditor which failed to contain information required by Truth in Lending Act constituted continuing violation of disclosure requirements for purpose of determining whether action was timely filed. Consumer Credit Protection Act, SS 102 et seq., 102(a), 130(e), 15 U.S.C.A. SS 1601 et seq., 1601(a), 1640(e). | "If a creditor violates truth-in-lending requirements, can individual consumers function as private attorneys general?" | 013690.docx | LEGALEASE-00152947-LEGALEASE-00152948 |
| Lucero v. Curators of Univ. of Missouri, 400 S.W.3d 1 | 141E+1209 | Law student's claim that state university failed to sufficiently comply with its established policies for monitoring its faculty raised questions concerning the reasonableness of the university's conduct in providing educational services, and thus, constituted a non-cognizable claim for educational malpractice, rather than a claim for breach of contract; student was effectively requesting the courts to supervise university's internal procedures for monitoring the professional responsibility of its faculty. | Do courts recognize educational malpractice claims? | 016713.docx | LEGALEASE-00152854-LEGALEASE-00152855 |
| Barrett v. Conley, 35 Misc. 2d 47 | 398+104 | Borrower may waive defense of usury or be estopped from asserting it. General Business Law, SS 373 et seq., 373. | Can an owner or borrower be estopped from setting up the usury? | 018022.docx | LEGALEASE-00153031-LEGALEASE-00153032 |
| Jaffer v. Chase Home Fin., 155 So. 3d 1199 | 266+1784(2) | Allegations of mortgagee's foreclosure complaint were sufficient to state a cause of action for mortgage foreclosure, even though copy of promissory note attached to the complaint was payable to a different lender and did not contain any indorsements or allonges demonstrating that the note had been transferred to mortgagee; complaint alleged that mortgagee was now the holder of the note and mortgage or entitled to enforce them, and copy of note did not negate the cause of action, but merely raised a possible standing defense. | "For exhibits to a complaint to serve as a basis for dismissing a complaint for failure to state a cause of action, should the exhibits actually negate the cause of action?" | Pretrial Procedure - Memo # 9084 - C - NS.docx | LEGALEASE-00043182-LEGALEASE-00043183 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Lilly, 810 F.3d 1205 | 308+99 | Actual authority incorporates concepts of express and implied authority. | Can actual authority be implied? | Principal and Agent - Memo 233 - KC_60526.docx | ROSS-003279905-ROSS-003279906 |
| In re Felt Mfg. Co., 371 B.R. 589 | 308+92(1) | Although, under New Hampshire law, a principal is chargeable with the acts of its agent while acting in its behalf, representations by an agent not made contemporaneously with the transaction will not to bind the principal. | Can a principal be charged with the acts of its agent while acting in its behalf? | Principal and Agent - Memo 295 - KC_60588.docx | ROSS-003282017-ROSS-003282018 |
| Saidel v. Union Assur. Soc., 84 N.H. 232 | 308+158 | Insured is chargeable with fraud of agent while acting in his behalf under provisions voiding fire policy for fraud before or after loss. | Can a principal be charged with the fraud of its agent while acting in its behalf? | Principal and Agent - Memo 296 - KC_60589.docx | ROSS-003282119-ROSS-003282120 |
| Jensen v. Henneford, 185 Wash. 209 | 371+2001 | Character of tax is determined by its incidents and not by its name. | Can the character of a tax be determined by its name? | Taxation - Memo # 894 - C - JL_60601.docx | ROSS-003297825-ROSS-003297826 |
| Bente v. Bugbee, 103 N.J.L. 608 | 371+2001 | "Tax" is legal imposition, exclusively of statutory origin. | Is tax of statutory origin? | Taxation - Memo # 896 - C - JL_60603.docx | ROSS-003292394-ROSS-003292395 |
| Coney Island, II v. Pottsville Area Sch. Dist., 72 Pa. Cmwlth. 461 | 371+2001 | Nature of tax is to be determined by its substance and not by its label. | Can the nature of a tax be determined by its label? | Taxation - Memo # 904 - C - JL_60609.docx | ROSS-003279152-ROSS-003279153 |
| Weekes v. City of Oakland, 21 Cal. 3d 386 | 371+2001 | The character of a tax is ascertained from its incidents, not its label; the legislative designation of a particular tax is persuasive but not determinative as to its nature. (Per Curiam, with three Justices concurring and two Justices concurring specially.) | Is the character of a tax ascertained from its incidents? | 046058.docx | LEGALEASE-00153459-LEGALEASE-00153460 |
| Meyer v. Weil, 37 La. Ann. 160 | 8.30E+56 | The words, "This is to certify that I am to pay," amount to a promise, and the unconditional obligation containing them is a promissory note. | Is a promissory note an unconditional promise to pay? | 009002.docx | LEGALEASE-00154711-LEGALEASE-00154712 |
| Mkt. & Fulton Nat. Bank v. Ettenson's Estate, 172 Mo. App. 404 | 83E+416 | Where an accommodation joint maker of a note payable to the maker's order sent it to other maker with implied instructions to indorse and deliver it in renewal of another note, which was done without knowledge of his death, his estate was estopped to invoke the rule that death revokes authority granted, whether express or implied. | Can one joint payee indorse on behalf of the other? | Bills and Notes - Memo 1015 - RK.docx | LEGALEASE-00043642-LEGALEASE-00043643 |
| Bliler v. Boswell, 9 Wyo. 57 | 241+76(3) | Though Mills' Ann.St.Colo. S 2914, provides that, where the person to whom a cause of action on notes accrues is a married woman, the statute of limitations does not run until the disability of coverture is removed, the subsequent marriage of a woman who was single when her right to sue on notes accrued does not prevent the running of the statute; and hence, under Rev.St. S 3464, providing that a cause of action is barred in this state if barred in the state where it arose, plaintiff, after the time limited by the Colorado statute, cannot maintain an action on a note executed to decedent, when the cause arose in Colorado while decedent was single, though she married before the action was barred. | "When a note is executed in one state, but made payable in another, will it be governed by the laws of the state where the note is made payable?" | 009564.docx | LEGALEASE-00154117-LEGALEASE-00154118 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Midwest Indus. Funding, Div. of Rivera Lend Lease v. First Nat. Bank of Lockport, 973 F.2d 534 | 172H+591 | Checks on which two separate names followed the language "pay to the order of" were jointly payable and could be negotiated only by the two parties whose names appeared on the checks; there was no indication that the checks were payable in the alternative. Ill.S.H.A. ch. 26, P 3-116. | Is an instrument that is payable to the order of two or more persons if not in the alternative payable to all of them? | 009785.docx | LEGALEASE-00154729-LEGALEASE-00154730 |
| Davis v. Solomon, 101 Conn. 465 | 157+317(4) | In action by accommodation indorsers against prior accommodation indorser, who was also payee, to fix liability under Gen.St.1918, S 4426 (Rev.1949, S 6360), in which payee alleged that there was an agreement between all indorsers to be jointly liable, evidence of payee as to statement by maker relative to agreement by plaintiffs as to liability of indorsers, without further proof, held hearsay as to existence of such agreement, where statements were made in absence of plaintiffs. | Will successive accomodation parties be made liable in the order in which their names appear in the absence of agreement to the contrary? | 009978.docx | LEGALEASE-00154681-LEGALEASE-00154682 |
| Brown v. N. Country Cmty. Coll., 63 Misc. 2d 442 | 141E+990 | Community college created by its sponsors pursuant to Education Law subject to approval of State University Trustees was an independent entity, and Supreme Court had jurisdiction over community college despite fact that no notice of claim of plaintiff was served on either sponsoring counties or on Board of Trustees. County Law S 52, subds. 1, 2; General Municipal Law SS 50-e, subd. 1, 50-i; Education Law SS 350 et seq., 351, subd. 2, 6302, subd. 1, par. a, 6306, subds. 1, 2, 6308; General Corporation Law S 3, subd. 1; Civil Service Law S 200 et seq. | Is a community college a public corporation? | 016778.docx | LEGALEASE-00154123-LEGALEASE-00154124 |
| Kimball v. Schoff, 40 N.H. 190 | 156+33 | S. conveyed with warranty to K. land claimed by S.'s father, and after the father's death purchased the land of the heirs, one of whom was the wife of K., and released, with her husband, all her right. Held, that K. could not claim against his own deed the share of his wife, though all the residue inured to him by estoppel, since it is a case of estoppel against estoppel, which sets the matter at large. | Does an estoppel against an estoppel set the matter at large? | Estoppel - Memo #68 - C - CSS_60867.docx | ROSS-003282780 |
| Leaveau v. Primeaux, 117 So. 2d 304 | 156+22(2) | Where a party in an authentic act executed by him solemnly admits a fact, he is forever estopped from disputing not only the deed itself but every fact which the deed recites; such estoppel by deed applies with greater force when the warranty made by a grantor is involved. | Is estoppel by warranty based on the fundamental principle of giving effect to the manifest intention of the grantor appearing on the deed? | 018066.docx | LEGALEASE-00154211-LEGALEASE-00154212 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sealy v. Perdido Key Oyster Bar & Marina, 88 So. 3d 366 | 302+350(6) | Trial court could not grant judgment on the pleadings dismissing architect's complaint against client for breach of contract, enforcement of construction lien, and account stated based on client's affirmative defenses alleging that architect failed to register with the Department of State the fictitious name under which he was doing business and failed to obtain a certificate of authorization from the Department of Business and Professional Regulation to provide architectural services under the fictitious name; architect denied the affirmative defenses in a responsive pleading, requiring trial court to treat them as false on a motion for judgment on the pleadings. West's F.S.A. SS 481.219(2), 865.09(9)(a). | "Is the purpose of a motion to dismiss to test the legal sufficiency of a complaint, not determine factual issues?" | 038490.docx | LEGALEASE-00154565-LEGALEASE-00154566 |
| Cornelius v. River Ridge Ranch Landowners Ass'n, 202 P.3d 564 | 307A+435 | Water court did not abuse its discretion in dismissing with prejudice property owner's pro se application for adjudication of water rights due to owner's failure to prosecute; property owner unreasonably delayed prosecution of his cases by failing to file any disclosures or respond to requests for information, thereby preventing opposers from preparing for trial. Rules Civ.Proc., Rules 37, 41. | Are rules which permit court to dismiss case for inactivity meant to be rules of forfeiture? | 06651.docx | LEGALEASE-00096607-LEGALEASE-00096608 |
| State v. Atl. Richfield Co., 142 A.3d 215 | 106+13.5(8) | Trial court properly exercised specific personal jurisdiction over manufacturer of gasoline additive, which was Delaware corporation headquartered in Texas, in Vermont's action against manufacturer alleging contamination of state waters; complaint stated that manufacturer was one of several companies that refined, marketed, or supplied gasoline containing additive into nationwide distribution system which manufacturer knew or should have known would bring its product into Vermont, expert stated that gasoline was commingled in various distribution centers, including center from which gasoline was trucked to Vermont, and manufacturer did not contest the allegations, but merely opposed Vermont's request for discovery to prove the allegations. 12 V.S.A. S 913(b). | "If a court chooses to rule on a motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone, should the party opposing the motion make only a prima facie showing of jurisdiction?" | 039279.docx | LEGALEASE-00154781-LEGALEASE-00154782 |
| Woodlawn Park Ltd. P'ship v. Doster Const. Co., 623 So. 2d 645 | 289+1181 | Limited partnership had right of action to seek enforcement of contract executed before its articles of partnership were executed; partnership's agent may have contracted on behalf of joint venture which ultimately became partnership, or partnership may have acquired contractual rights of party to contract. LSA-C.C. arts. 681, 927. | Can an undisclosed principal bring suit to enforce a contract directly against the party who contracted with the agent? | 041628.docx | LEGALEASE-00154617-LEGALEASE-00154618 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Earth Island Inst. v. U.S. Forest Serv., 442 F.3d 1147 | 149E+604(2) | United States Forest Service (USFS) improperly relied on habitat analyses and was required to conduct population surveys for hairy woodpecker and Williamson's sapsucker, management indicator species (MIS), in order to satisfy National Forest Management Act (NFMA) when drafting final environmental impact statements (FEIS) on logging projects following forest fires; the forest plan required population monitoring in form of distribution data. National Forest Management Act of 1976, S 6(g)(3)(B), 16 U.S.C.A. S 1604(g)(3)(B); National Environmental Policy Act of 1969, S 2 et seq., 42 U.S.C.A. S 4321 et seq.; 36 C.F.R. S 219.14. | Is the Forest Service concerned with species viability? | Woods and Forests - Memo 81- RK_61327.docx | ROSS-003282750-ROSS-003282751 |
| Watson v. Goldstein, 176 Minn. 18 | 83E+511 | Title to note may be effectually transferred by oral agreement without indorsement and physical change of possession. Gen.St.1923, S 7092 (M.S.A. S 335.195). | Could a note be transferred without indorsement? | 010796.docx | LEGALEASE-00155374-LEGALEASE-00155375 |
| Cahn v. Reid, 18 Mo. App. 115 | 343+2410 | Where defendant by false and fraudulent misrepresentations induced plaintiff to trade a stock of merchandise for land, a proposition by plaintiff to rescind the trade, and a tender by him of a deed to the land, the proposition and tender being made before the institution of a replevin action to recover the goods, was a sufficient rescission to support the action; but, if not made until after the making of the affidavit, the filing of the suit, and issuance of the writ, the action was premature. | "Where land has been conveyed in exchange for personal property, and the grantee seeks to repudiate the bargain for fraud, is a mere offer to trade back without tendering a re-conveyance a rescission?" | Exchange of property - Memo-13 - AM_61554.docx | ROSS-003306309-ROSS-003306310 |
| Allen v. Burnet Realty, 801 N.W.2d 153 | 217+1611 | "Legal administration program," by which real estate sales associates agreed to allocation of expenses should a dispute arise related to associate's work for broker, was not "insurance," for purposes of associate's claim that broker engaged in unauthorized sale of insurance, as broker was not assuming additional risk that would otherwise be allocated to associate, broker had a strong connection with, and a certain amount of control over, the actions of associate that would lead to the covered dispute and, in turn, to any losses, and program differed from a traditional insurance contract in several key respects, including that annual fee associate paid pursuant to program was not a "premium" for insurance, given that broker charged all associates a fixed fee under the program. M.S.A. SS 60K.47, 82.63(3). | In an insurance contract does the insurer have any control over the losses suffered by the insured? | Insurance - Memo 59 - SNJ_64648.docx | ROSS-003308800-ROSS-003308801 |
| Thompson v. Michigan Mut. Life Ins. Co., 56 Ind. App. 502 | 308+93 | Powers of special agent and general agent are governed by same principles; acts by either within scope of his authority binding principal, difference being that general agent is authorized to transact all of principal's business or all of business of particular kind or at particular place, while authority of special agent is confined to one or more specific acts. | Does limiting the authority of an agent make him a special agent? | 041599.docx | LEGALEASE-00155635-LEGALEASE-00155636 |
| Jones v. City of Moultrie, 196 Ga. 526 | 268+703(1) | The right to the use of streets is not absolute but subject to reasonable regulations and their use for the purpose of gain is special and extraordinary and may be prohibited or conditioned as the Legislature or municipality deems proper. | Is the right to conduct a street meeting absolute? | 014327.docx | LEGALEASE-00156280-LEGALEASE-00156281 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Guilford, 174 Minn. 457 | 279+77 | Equity may enjoin and abate public nuisances. | Does equity have the jurisdiction to abate public nuisances? | Highways -Memo 428- PR_62044.docx | ROSS-003280328 |
| Melican v. Regents of Univ. of California, 151 Cal. App. 4th 168 | 302+34(2) | General pleadings are controlled by specific allegations; for example, where a plaintiff alleges a permissible conclusion of law, such as the due performance of a condition precedent, but also avers specific additional facts which either do not support such conclusion or are inconsistent therewith, such specific allegations will control and a complaint which might have been sufficient with general allegations alone may be rendered defective. | Are general pleadings controlled by specific allegations? | Pleading - Memo 567 - RMM_62375.docx | ROSS-003285452-ROSS-003285453 |
| Mitchell v. State, 132 Neb. 891 | 67+7 | Defendant who broke into his own home could not be guilty of burglary, as burglary consisted of breaking and entering dwelling house of another. Code 1972, S 97-17-23. | Can one commit the offence of burglary by breaking into his own home? | 013034.docx | LEGALEASE-00156415-LEGALEASE-00156416 |
| Thompson v. Bank of Am., N.A., 773 F.3d 741 | 83E+481 | Under Tennessee law, assignment of a note is enforceable regardless of whether it is recorded. | Is it necessary to record an assignment to enforce it? | 010075.docx | LEGALEASE-00156629-LEGALEASE-00156630 |
| State v. Mack, 715 So. 2d 126 | 67+16 | Person who serves as a "lookout" is a principal to burglary. LSA-R.S. 14:24, 14:62.2. | Does serving as a look out make a person a principal in burglary? | Burglary - Memo 286 - RK_62288.docx | ROSS-003278862-ROSS-003278863 |
| Johns v. Com., 10 Va. App. 283 | 67+9(1) | Even where a defendant's entrance into a building is contrary to the will of the occupier of the premises, the requirement that a person "breaks and enters * * * any * * * banking house * * * with intent to commit * * * robbery," under burglary statute, is not satisfied by the mere showing that the accused entered the bank with the intent to commit robbery contrary to the will of the occupier of the premises. Code 1950, S 18.2-90. | What does actual breaking in the context of burglary mean? | Burglary - Memo 306 - RK.docx | LEGALEASE-00046288-LEGALEASE-00046289 |
| State v. Peck, 539 N.W.2d 170 | 67+9(0.5) | Under general rule, person who has general right of entry is guilty of burglary if he exceeds right either with respect to time or place of entering. | Can a person with a right to enter be guilty of burglary? | 013140.docx | LEGALEASE-00156611-LEGALEASE-00156612 |
| Jackson v. State Highway Dep't of Ga., 164 Ga. 434 | 203+1165 | Evidence was sufficient to show that defendant committed murder during the course of committing burglary of victim's habitation, so as to support conviction for capital murder; despite lack of evidence of forced entry into victim's home, evidence, including defendant's statements to police, indicated that defendant entered victim's apartment without victim's effective consent, in that defendant admitted that he did not know victim, that he entered victim's apartment when he saw her door propped open to "see what he could find," evincing intent to steal, and that defendant took items from victim's apartment that he believed he could use and put them in a trash bag beside the door. V.T.C.A., Penal Code SS 19.03, 30.02. | Is forced entry an element of burglary? | Burglary - Memo 312 - RK_62314.docx | ROSS-003279392-ROSS-003279393 |
| Joslin v. Regan, 63 A.D.2d 466 | 371+2002 | Label attached to an assessment is not dispositive of its true nature, i.e., whether a fee or a tax. Const. art. 3, S 22; art. 16, S 3. | Are taxes burdens of a pecuniary nature imposed generally upon individuals or property for defraying the cost of governmental functions? | Taxation - Memo # 997 - C - JL_62498.docx | ROSS-003293010-ROSS-003293012 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Valero Terrestrial Corp. v. Caffrey, 205 F.3d 130 | 360+127 | Solid waste assessment charge imposed pursuant to West Virginia's Landfill Closure Act was "tax" rather than "fee," even though revenues were deposited into special fund and used for specific purpose, and therefore federal district court lacked subject matter jurisdiction over constitutional challenge to charge, pursuant to Tax Injunction Act (TIA); charge was imposed by state legislature and deposited into state treasury, charge was paid by citizens and businesses who paid waste collection service fees, and charge benefitted large segment of population, in that it was imposed pursuant to statute seeking to reduce environmental hazards of contaminated landfills and preserve safety of state's groundwater. 28 U.S.C.A. S 1341; W.Va.Code S 22-16-4(a, c). | Is a classic tax spent to benefit the community at large? | 046154.docx | LEGALEASE-00156459-LEGALEASE-00156460 |
| In re M.S., 10 Cal. 4th 698 | 3.77E+11 | "Apparent ability" within meaning of hate crime statute permitting conviction based on speech threatening violence against specific person or group of persons, if defendant had apparent ability to carry out threat, is construed objectively and implies that threat must be one that would reasonably tend to induce fear in victim. West's Ann.Cal.Penal Code S 422.6(c). | "How is the ""because of"" in hate crime statutes construed?" | 046665.docx | LEGALEASE-00156488-LEGALEASE-00156489 |
| Border Nat. Bank of Eagle Pass, Tex., v. Am. Nat. Bank of San Francisco, 282 F. 73 | 8.30E+204 | The acceptance of a draft affords a presumption of funds of the drawer in the hands of the acceptor. | Can a promise to accept be equivalent to its acceptance? | 009449.docx | LEGALEASE-00157602-LEGALEASE-00157603 |
| Bryant v. Edson, 8 Vt. 325 | 8.30E+10 | Days of grace are regulated by the law of the place of contract if no place of payment is specified. | Which law regulates the days of grace? | Bills and Notes-Memo 1411 - JK_63515.docx | ROSS-003323666-ROSS-003323667 |
| United Ass'n of Journeymen & Apprentices of Plumbing & Pipe Fitting Indus. v. Manson, 105 Nev. 816 | 307A+690 | Dismissal of third-party plaintiff's claim because it was not brought to trial within five years of date original complaint was filed did not have to be with prejudice, and could be without prejudice if trial court, in its discretion, determined that justice so required. Rules Civ.Proc., Rule 41(e). | Does the expiration of five years makes dismissal with prejudice mandatory? | Pretrial Procedure - Memo # 10452 - C - KG_64147.docx | ROSS-003293344 |
| In re Crane's Estate, 343 Ill. App. 327 | 336H+125 | Where plaintiff had instituted suit for an alleged breach of trust with respect to stock certificate, and court after affidavits and pleadings were filed by defendant, dismissed plaintiff's third amended complaint and ordered plaintiff to file a fourth amended complaint within 20 days, which plaintiff failed to do, and case was dismissed with prejudice, trial court had passed upon questions presented by pleadings, there was an adjudication of the merits of the litigation, and same plaintiff could not thereafter have her claim with respect to same stock certificate litigated as a claim in probate court against defendant's estate. S.H.A. ch. 110, SS 169, 172. | "Do the words ""with prejudice,"" when used in an order of dismissal, have a definite and well known meaning?" | Pretrial Procedure - Memo # 10497 - C - SHS_62763.docx | ROSS-003280816-ROSS-003280817 |
| Erskine v. Gardiner, 162 La. 83 | 307A+693.1 | Dismissal of plaintiff's suit carries with it dismissal of intervention. | Does dismissal of a plaintiff's suit carry with it dismissal of intervention? | 025326.docx | LEGALEASE-00157058-LEGALEASE-00157059 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cit McLean v. State, 81 Ark. 304 | 371+2829 | Representations as to the condition of the collector's accounts made by a Chairman of the County Court to persons about to become sureties, cannot affect the obligation of the sureties, though they are misled thereby. He is not the agent of the State or county to give such information, and the State or county is not bound by his act. | Is the State bound by the acts of its agents? | 041672.docx | LEGALEASE-00157540-LEGALEASE-00157541 |
| United States v. Hoskins, 73 F. Supp. 3d 154 | 210+995 | Court could not resolve, on defendant's motion to dismiss indictment, his contention that the Foreign Corrupt Practices Act (FCPA) was unconstitutionally vague as applied to him because he could not have had fair notice that, as a member of a foreign parent company, he was also an agent of a domestic concern, as required to be prosecuted under the FCPA, in connection with scheme to bribe Indonesian officials to obtain contracts to build power stations in Indonesia; the resolution of defendant's challenge would require a more expansive factual record to be developed at trial regarding the highly factual nature of the alleged agency relationship. Foreign Corrupt Practices Act of 1977, S 104(a), 15 U.S.C.A. S 78dd-2(a). | Is the existence of an agency relationship highly factual? | Principal and Agent - Memo 432 - RK_63552.docx | ROSS-003321667-ROSS-003321668 |
| Nazworth v. Swire Florida, 486 So. 2d 637 | 308+23(3) | Conclusion that owner of shopping center maintained a degree of control over shopping center managers and that managers were not independent contractors of owner for purpose of liability for negligence of security guard hired by managers, was supported by evidence that owner had the right to control money spent by managers and required managers to insure the premises in such amounts and for such risks as owners determined. | What is the standard for determining whether an agent is an independent contractor? | Principal and Agent - Memo 496 - KK_63275.docx | ROSS-003281336-ROSS-003281337 |
| I.N.S. v. Lopez-Mendoza, 468 U.S. 1032 | 24+423 | Since person and identity of alien are not themselves suppressible as fruit of an illegal arrest, Immigration and Naturalization Service must prove only alienage in a deportation proceeding and that will sometimes be possible using evidence gathered independently of, or sufficiently attenuated from, original arrest. | Can deportation or removal proceedings be conducted without evidence derived directly from the arrest? | "Aliens, Immigration, and Citizenship - Memo 56 - RK_63924.docx" | ROSS-003321167-ROSS-003321168 |
| Brown v. Worthington, 162 Mo. App. 508 | 294+89(6) | Plaintiff, having an option to purchase a lot of hogs from defendant, resold a portion of them, after which defendant demanded a sum in excess of the contract price, which plaintiff paid in order to get possession of the hogs for delivery to his vendee; the excess payment being made by means of a check and promissory note. Held, the check and note having been paid, that it was a question for the jury whether plaintiff had ratified the payment of the excess, it appearing that defendant retained a portion of the hogs as security for payment of the note, and that the note had been indorsed without recourse and was governed by the law of Michigan, where presumably possession of a note payable to order and duly indorsed by the payee is prima facie evidence of title in the holder, though defendant testified that he indorsed the note to a bank for collection. | "If a note is executed under duress, does subsequent payment or action on the basis of the note, amount to ratification or validation of the note?" | 009030.docx | LEGALEASE-00158745-LEGALEASE-00158746 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Merchants' Nat. Bank of St. Paul v. Hanson, 33 Minn. 40 | 83E+525 | L., an individual doing business under name of the Bank of B., holding several notes payable to himself by his name, or by the name of the Bank of B., indorsed the notes, and sent them to plaintiff, another bank, requesting plaintiff to discount them, and place the proceeds to his credit, which plaintiff did. Afterwards plaintiff returned the notes to L. for collection, having indorsed them. "Pay Bank of B., or order, for collection account of" plaintiff. L. having received the notes for collection, transferred them by indorsement before their maturity, with plaintiff's indorsements uncanceled upon them, to defendant, in payment of a pre-existing debt from L. to defendant. Defendant noticed the indorsements when he received the notes, but asked no questions, and no notice to him of plaintiff's rights was shown, except such as might be inferred from the facts stated. Held, that the indorsements were notice to defendant of plaintiff's title, and that defendant's conduct in forbearing to make inquiries was not merely proof of negligence, but, in the absence of anything to support a contrary conclusion, was proof of mala fides. | Is indorsement necessary for the transfer of title of a note? | Bills and Notes-Memo 1286-PR_63612.docx | ROSS-003279901-ROSS-003279902 |
| Cemail v. Viking Dodge, 982 F. Supp. 1296 | 172H+1342 | Sufficiency of Truth in Lending Act (TILA) disclosures is to be viewed from standpoint of ordinary consumer, not from perspective of Federal Reserve Board member, federal judge, or English professor. Consumer Credit protection Act, 15 U.S.C.A. S 1601 et seq. | Should the Truth-in-Lending Act (TILA) disclosures be construed through the eyes of borrower or the lender? | 013817.docx | LEGALEASE-00158767-LEGALEASE-00158768 |
| Robert Bunts Eng'g & Equip. Co. v. Palmer, 169 Va. 206 | 183+1 | A "franchise" is incorporeal hereditament and applies technically to incorporated bodies. | Is a franchise an incorporeal hereditament? | Franchises - Memo 8 - ANG_65710.docx | ROSS-003281050-ROSS-003281051 |
| U.S. v. 175 Inwood Associates LLP., 330 F.Supp.2d 213 | 289+1309 | Under New York law, general partners in limited liability partnership are not protected as individuals from liability incurred by partnership if assets of partnership are insufficient to satisfy liability. N.Y.McKinney's Partnership Law S 26. | Is a partner of a limited liability partnership liable for any debts and obligations chargeable to the partnership? | Partnership - Memo 513-GP_64053.docx | ROSS-003283242-ROSS-003283243 |
| Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412 | 170B+2447 | A partnership, as an unincorporated entity, takes on the citizenship of each of its partners for purposes of determining diversity jurisdiction. 28 U.S.C.A. S 1332(a). | Is the citizenship of all partners relevant in determining the partnerships citizenship? | 022614.docx | LEGALEASE-00158623-LEGALEASE-00158624 |
| McLellan v. McLellan, 23 Cal. App. 3d 343 | 302+138 | Complaint and cross complaint are treated as separate actions for most purposes. | Are a complaint and cross complaint for most purposes treated as independent actions? | 025835.docx | LEGALEASE-00158466-LEGALEASE-00158467 |
| Rozgis v. Missouri State Life Ins. Co., 271 Ill. App. 155 | 217+1634(3) | An agent having authority only to solicit applications and forward them to the home office is a "soliciting agent." | Who is a soliciting agent? | Principal and Agent - Memo 466-PR_63789.docx | ROSS-003292198 |
| Torao Takahashi v. Fish & Game Comm'n, 334 U.S. 410 | 360+18.43 | State laws which impose discriminatory burdens upon entrance of residence of aliens lawfully within the United States conflict with constitutionally derived federal power to regulate immigration and are invalid. | Is the power of a state to apply its laws exclusively to aliens narrow? | 006902.docx | LEGALEASE-00160095-LEGALEASE-00160096 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Keller v. City of Fremont, 719 F.3d 931 | 360+18.43 | In analyzing a preemption claim, a state may enact an otherwise valid law that deters unlawfully present aliens from residing within the state, notwithstanding the federal government's exclusive power in controlling the nation's borders. Immigration and Nationality Act, S 240, 8 U.S.C.A. S 1229a. | Does the government have the power to establish uniform rules of naturalization? | 006951.docx | LEGALEASE-00160272-LEGALEASE-00160273 |
| Case v. McKinnis, 107 Or. 223 | 8.30E+12 | Where the Negotiable Instruments Law speaks it controls. | Where does the Negotiable Instruments Law control? | 010908.docx | LEGALEASE-00160358-LEGALEASE-00160359 |
| State v. Love, 271 Or. App. 545 | 129+107 | Term "public," as used in statute governing crime of second-degree disorderly conduct and requiring risk of "public inconvenience, annoyance, or alarm," refers to intent to inconvenience, annoy, or alarm the community in general, regardless of whether conduct at issue occurred in a public place or not. West's Or.Rev. Stat. Ann. S 166.025. | How is the public place defined in the context of disorderly conduct? | 014351.docx | LEGALEASE-00159420-LEGALEASE-00159421 |
| Delmarva Power & Light Co. v. City of Seaford, 575 A.2d 1089 | 183+4 | Exclusivity is not favored and will only be recognized if it is explicit in terms of franchise. | Are exclusive franchises favored under law? | Franchise - Memo 35 - KNR_64631.docx | ROSS-003296714-ROSS-003296715 |
| Zurich Ins. Co. v. New York State Tax Comm'n, 144 A.D.2d 202 | 238+28 | Franchise taxes are separate and distinct from income taxes, as they are imposed on the privilege a state grants a corporation to conduct business within its territory. McKinney's Tax Law S 1501(a). | Is franchise tax distinct from income tax? | 018569.docx | LEGALEASE-00159650-LEGALEASE-00159651 |
| Metmor Fin. v. Commonwealth Land Title Ins. Co., 645 So. 2d 295 | 217+1013 | Closing letter which provided indemnity against loss due to closing attorney's defalcation or failure to follow lender's closing instructions was not a title insurance policy and alleged breach thereof could not give rise to claim for bad faith refusal to pay. Code 1975, S 27-5-10. | Is a closing protection letter an insurance policy? | 019614.docx | LEGALEASE-00159881-LEGALEASE-00159882 |
| Thomas v. Price, 631 F.Supp. 114 | 172H+244 | Under New York law, assignment of partnership interest in bank, as security for nonrecourse note, entitled assignee's successors to participate directly in "the management, administration, affairs or control" of bank, upon occurrence of "Event of Default." Vernon's Ann.Texas Civ.St. art. 6132b, SS 24, 26, 27(1). | Is an assignee of a partnerships interest entitled to interfere in the management of the partnership? | Partnership - Memo 484 - SB_64848.docx | ROSS-003295611-ROSS-003295612 |
| Friedburgher v. Jaberg, 20 Abb. N. Cas. 279 | 108H+1174 | An assignment of partnership property, which is shown to be fraudulent as to firm creditors by reason of the transfer, immediately before the assignment, of firm assets to an individual creditor of one of the partners, is not rendered valid by a subsequent attempt to restore the proceeds of the property so transferred. | Can a partner make an assignment of partnership property to a trustee without the assent of his co-partners? | Partnership - Memo 508 - SB_64867.docx | ROSS-003280447-ROSS-003280448 |
| Cook v. Bennett, 94 Mich. App. 93 | 141E+423 | Extent to which school principal is protected by governmental immunity is dependent upon whether the act complained of falls within principal's discretionary or ministerial powers. | Are principals protected by governmental immunity? | Education - Memo 335 - C - KS_65183.docx | ROSS-003281172-ROSS-003281173 |
| In re Acadia Ins. Co., 279 S.W.3d 777 | 156+119 | Whether waiver has occurred is a question of fact for the trier of fact. | Is waiver a question of fact? | 018124.docx | LEGALEASE-00161313-LEGALEASE-00161314 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bello v. ABA Energy Corp., 121 Cal. App. 4th 301 | 190+9 | County's approval of encroachment permit to private energy corporation to install pipeline for transportation of unprocessed natural gas on public right-of-way was not abuse of discretion; pipeline served public interest by providing efficient and effective travel and transportation of important commodity. West's Ann.Cal.Str. & H.Code S 1460. | Is there a difference whether the question of the proper scope of a public right-of-way arises in regard to a rural highway right of way or to a city street? | Highways - Memo 393 - RK_66323.docx | ROSS-003306420-ROSS-003306421 |
| Churella v. Pioneer State Mut. Ins. Co., 258 Mich. App. 260 | 217+1002 | Because of their ownership interest, policyholders of mutual insurance companies are both insureds and insurers. | Are policy holders of mutual insurance companies insured or insurers? | 019538.docx | LEGALEASE-00161591-LEGALEASE-00161592 |
| Ubosi v. Sowela Tech. Inst., 584 So. 2d 340 | 307A+690 | When an action is dismissed "with prejudice," that means it cannot be filed again. | "When action is dismissed with prejudice, can it be filed again?" | 040299.docx | LEGALEASE-00160931-LEGALEASE-00160932 |
| Wooley v. Lyon, 117 Ill. 244 | 8.30E+14 | Notice and protest of negotiable paper is governed, in case of conflict, by laws of place where instrument is payable. | Which law governs the manner of protests of a note? | Bills and Notes - Memo 1333 - RK_66236.docx | ROSS-003298801-ROSS-003298802 |
| Bryant v. Edson, 8 Vt. 325 | 8.30E+10 | The allowance of grace on a bill of exchange is determined by the law of the place of payment. | Does the usage of the place where payment of a bill or note is to be made govern the days of grace? | 009196.docx | LEGALEASE-00162650-LEGALEASE-00162651 |
| Wooley v. Lyon, 117 Ill. 244 | 30+4440 | Indorser's liability on note becomes fixed on presentment, demand of payment, protest for nonpayment, and notice addressed to indorser and when this is done his subsequent promise is immaterial and erroneous instruction as to effect of promise was harmless error as against him. | Which law governs the time and mode of presentment for payment of a note? | Bills and Notes - Memo 1338 - RK_66241.docx | ROSS-003282833-ROSS-003282834 |
| James v. Home Const. Co. of Mobile, 621 F.2d 727 | 172H+1619 | It is the attorney who is entitled to fee awards in a Truth in Lending Act case, not the client. Truth in Lending Act, S 130(a)(3), 15 U.S.C.A. S 1640(a)(3). | Would indigent clients who have no financial interest in statutory fee awards possibly bargain them away if attorneys were precluded from seeking fee awards? | 013839.docx | LEGALEASE-00162602-LEGALEASE-00162603 |
| James v. Home Const. Co. of Mobile, 621 F.2d 727 | 170A+103.2 | To have standing to seek fees after settlement of plaintiff's claim in Truth in Lending Act case, attorney's claim to fees must be cognizable under Article III, and Truth in Lending Act must confer a right of action upon attorney to seek fees. | Would TILAs private enforcement scheme and its remedial objectives be thwarted if creditors who violated the TILA were able to escape liability for attorneys fee? | Consumer Credit - Memo 230 - RK_66299.docx | ROSS-003305793-ROSS-003305794 |
| Strubel v. Capital One Bank (USA), N.A., 179 F. Supp. 3d 320 | 172H+1342 | Disclosures in a credit card solicitation were clear and conspicuous, as required by Truth in Lending Act (TILA) and implementing regulations, even if the disclosures used a difference typeface than that used in the model forms, where the text was set in 10-point type with white space separating the letters, words, and lines of text so that they could be easily distinguished, the text was printed in black ink on a white background, the typeface used was not unreasonably small compared to other commonly-used fonts, and the formatting of the required disclosures was substantially similar to the model forms. Truth in Lending Act S 122, 15 U.S.C.A. S 1632(a); 12 C.F.R. S 1026.60. | Is the question of whether required disclosures have been made clearly and conspicuously under TILA a question of law? | Consumer Credit - Memo 233 - RK.docx | LEGALEASE-00051733-LEGALEASE-00051734 |
| Flick v. State, 455 N.E.2d 339 | 181+4 | Monetary gain is not required for conviction of forgery and what is required is proof of intent to defraud. IC 35-43-5-2 (1982 Ed.). | Is monetary gain necessary to prove forgery conviction? | 018473.docx | LEGALEASE-00162007-LEGALEASE-00162008 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Oahu Ry. & Land Co. v. Shaw, 12 Haw. 76 | 371+2327 | The fact that a railroad used coal plant for a number of years in a manner to render it liable to taxation under statute did not require taxation of coal plant after its use had been so changed as to bring the property within the clause of the statute authorizing exemption of railroad properties fairly necessary to the reasonable construction and operation of the road. | How should a court construe a statute exempting property from taxation? | 046343.docx | LEGALEASE-00161966-LEGALEASE-00161967 |
| Austin v. Aldermen of Boston, 74 U.S. 694 | 371+2003 | The right of taxation where it exists is unlimited in its nature. | Is the right of taxation necessarily unlimited in its nature? | 046345.docx | LEGALEASE-00161968-LEGALEASE-00161969 |
| Hodson v. Scoggins, 102 Ga. App. 44 | 83E+755 | Where note for $4,989.92 was payable to three payees and recited that interest of one of the payees in the note was $1,000 assignee of that payee could maintain an action against the maker for $1,000 without indorsement of the other two payees and without their being made parties to the action. Code, SS 3-110, 14-403, 14-412. | In an action by one of the indorsees severally are all other indorsees brought in as parties? | 009307.docx | LEGALEASE-00163050-LEGALEASE-00163051 |
| Duke v. Hall, 68 Tenn. 282 | 108H+1174 | An assignment in trust of negotiable paper or choses in action need not be registered, under the law relating to the registration of mortgages and trusts of personalty. | Is it necessary to register a chose in action? | 009324.docx | LEGALEASE-00162995-LEGALEASE-00162996 |
| State v. De Armijo, 18 N.M. 646 | 316P+110 | Section 1 of chapter 134, Sess.Laws 1909, which provides that "No person prevented by the Organic Act of the Territory of New Mexico * * * shall be entitled to vote or hold public office in this Territory," refers to the original act of Congress creating the Territory of New Mexico, and the only limitations thereby imposed upon the right to vote or hold public office are that such rights shall be exercised only by citizens of the United States, including those recognized as citizens by the treaty with the Republic of Mexico, etc. | Is a woman eligible to hold the office of clerk? | 013547.docx | LEGALEASE-00164128-LEGALEASE-00164129 |
| Matter of Prop. Seized from Sykes, 497 N.W.2d 829 | 156+52.10(3) | Mere passivity may not support waiver. | Can mere passivity support waiver? | Estoppel - Memo 286 - C - CSS_66558.docx | ROSS-003297381-ROSS-003297382 |
| McMenamy v. Main, 686 S.W.2d 874 | 302+72 | Under contemporary code pleading, prayer is not part of a petition. | Is the prayer a part of the petition? | Pleading - Memo 644 - RMM.docx | LEGALEASE-00053546-LEGALEASE-00053547 |
| Zimmerman v. Zimmerman, 175 Or. 585 | 134+62(2) | The words "resident" and "inhabitant", as used in statute requiring plaintiff to be an inhabitant of state at commencement of divorce suit and for one year prior thereto, and providing that such residence should be sufficient to give court jurisdiction, are used interchangeably. ORS 107.060. | "Are the words ""inhabitant"" and ""resident"" not synonymous?" | Domicile - Memo 64 - C - NK_67143.docx | ROSS-003296617-ROSS-003296618 |
| Reese v. Reese, 179 Misc. 665 | 135+1 | Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of "domicile", and personal "residence" can exist distinct from a "matrimonial domicile" and a person may have several residences, but only one domicile. | "Can one have several residences, but only one domicile?" | Domicile - Memo 68 - C - SJ.docx | LEGALEASE-00054105-LEGALEASE-00054106 |
| Cilibrasi v. Reiter, 103 Cal. App. 2d 397 | 413+186 | Workmen's Compensation Act and Labor Code do not govern liability of one who is not the employer to an employee of another. West's Ann.Labor Code, SS 3201 et seq., 3859; West's Ann.Const. art. 20, S 21. | Can the liability of one who is not the employer to an employee be governed by workmens compensation? | Workers Compensation - Memo 761 - C - ANC_67427.docx | ROSS-003278680-ROSS-003278681 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Campbell v. State, 525 S.W.3d 465 | 110+1042.3(1) | Defendant failed to preserve appellate review of argument that firearm sentencing enhancement imposed by jury should be set aside because it constituted double jeopardy, in trial for first-degree murder in which jury found defendant guilty of manslaughter, where defendant did not object or raise a double jeopardy argument after jury returned its verdict and sentence enhancement at trial and instead first raised issue four days later in a motion for new trial. U.S. Const. Amend. 5; Ark. Const. art. 2, S 8; Ark. Code Ann. SS 5-1-110(b), 5-10-104(a)(3), 16-90-120(a). | Is the double-jeopardy clause offended when firearm enhancement law is used to enhance a defendant's sentence? | 014939.docx | LEGALEASE-00165487-LEGALEASE-00165488 |
| In re Shulista, 451 B.R. 867 | 51+2972 | While agricultural supply dealer, by failing to take steps required to perfect its agricultural supply lien except as to feed supplied between date of debtor-farmers' initial purchase of feed and its filing of financing statement 31 days later, held only an unperfected lien as to feed supplied thereafter, which was not entitled to superpriority over prior, perfected security interest of bank that provided financing for debtors pig farming operation, hearing would be scheduled to determine whether, because it supplied feed that increased value of pigs securing bank's claim, especially after notifying bank of its intent to continue supplying debtors with feed over the next five month, dealer was entitled to some sort of equitable lien that might have priority vis-a-vis bank for value of feed that it supplied more than 31 days after debtors' initial feed purchase. I.C.A. S 570A.4. | Are agricultural liens not security interests under the Uniform Commercial Code (UCC)? | 042799.docx | LEGALEASE-00166022-LEGALEASE-00166023 |
| United States v. Fuentes, 107 F.3d 1515 | 350H+635 | Defendant's state convictions of stealing automobiles and selling their parts were relevant conduct under Sentencing Guidelines in federal prosecution for similar offenses, even though different automobiles were involved in state and federal convictions, and thus federal sentence was required to run concurrently with state sentences unless court imposed upward departure; offenses were committed with clear regularity and within very close time period, offenses shared purpose of making money by selling stolen parts, and offenses shared identical modus operandi. U.S.S.G. SS 1B1.3(a)(2), 5G1.3(b), 18 U.S.C.A. | Does the consideration of prior convictions in sentencing implicate or violate the Double Jeopardy Clause? | Double Jeopardy - Memo 1173 - C - SHB_68247.docx | ROSS-003280874-ROSS-003280875 |
| Stotler & Co. v. Commodity Futures Trading Comm'n, 855 F.2d 1288 | 83H+4.1 | If a person acts as a salesman and solicits orders for a particular futures commission merchant, he may be an "associated person" with that merchant, within meaning of statute requiring registration of such persons with the Commodity Futures Trading Commission, even if he places some trades with other merchants; there is no requirement of "exclusivity" under the statute. Commodity Exchange Act, S 4k, as amended, 7 U.S.C.A. S 6k. | What is the kingpin in this statutory machinery of Commodity Exchange Act? | 013599.docx | LEGALEASE-00167039-LEGALEASE-00167040 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kerlin v. Tensaw Land & Timber Co., 390 So. 2d 616 | 20+13 | Statutory adverse possession requires same elements as adverse possession by prescription, that is, actual, exclusive, open, notorious and hostile possession under claim of right, but if adverse possessor holds under color of title, has paid taxes for ten years, or derives his title by descent cast or devise from possessor, he may acquire title in ten years, as opposed to 20 years required for adverse possession by prescription. Code 1975, S 6-5-200. | Can a boundary line action include an adverse possession claim? | BATES00219.docx | LEGALEASE-00073492-LEGALEASE-00073494 |
| Virginia-Carolina Chem. Co. v. Rachels, 41 Ga. App. 221 | 38+22 | Chose in action involving property rights held assignable. | Can a chose in action be assigned? | 07356.docx | LEGALEASE-00077620-LEGALEASE-00077622 |
| Virginia-Carolina Chem. Co. v. Rachels, 41 Ga. App. 221 | 38+22 | Chose in action involving property rights held assignable. | Can a chose in action be assigned? | 06107.docx | LEGALEASE-00077677-LEGALEASE-00077679 |
| Golden Feather Cmty. Assn. v. Thermalito Irrigation Dist., 209 Cal. App. 3d 1276 | 317+7 | Where it is necessary to protect public trust interest state may have power over properties which are not themselves within public trust, but this does not mean that such properties are deemed to be added to public trust, nor that all incidents of public trust are applicable to such properties; in all cases, application of public trust doctrine depends upon interest for which protection is sought and manner in which interest is to be protected. | Is the scope of the public trust doctrine limited? | 06117.docx | LEGALEASE-00077696-LEGALEASE-00077697 |
| Hughes v. Beall, 264 S.W. 171 | 38+8 | The expectancy of an heir is a subject-matter of a sale and conveyance. | Is the subject matter of a sale and conveyance related to the expectancy of an heir? | 05013.docx | LEGALEASE-00078089-LEGALEASE-00078090 |
| Lewis v. United States, 10 A.3d 646 | 106+90(2) | Panel of Court of Appeals was bound by prior panel decisions recognizing a "risk to human life" requirement for the crime of arson, and it would be inappropriate to consider removing or eliminating that element as a panel, rather than when sitting en banc. D.C. Official Code, 2001 Ed. S 22-301. | Is endangerment of human life a necessary element of arson? | 06345.docx | LEGALEASE-00078416-LEGALEASE-00078418 |
| State v. Ward, 172 Conn. 163 | 110+338(1) | First test of admissibility of any evidence is whether it is relevant. | What is the test of admissibility of evidence in an offence of embezzlement? | 13351.docx | LEGALEASE-00081423-LEGALEASE-00081425 |
| State v. Ward, 172 Conn. 163 | 110+338(1) | First test of admissibility of any evidence is whether it is relevant. | What is the test of admissibility of evidence in an offence of embezzlement? | 10812.docx | LEGALEASE-00081445-LEGALEASE-00081447 |
| Philadelphia Indem. Ins. Co. v. Pace Suburban Bus Serv., 2016 IL App (1st) 151659 | 366+1 | Subrogation is allowed to prevent injustice and unjust enrichment but will not be allowed where it would be inequitable to do so. | What is the object of subrogation? | 07795.docx | LEGALEASE-00081915-LEGALEASE-00081917 |
| Philadelphia Indem. Ins. Co. v. Pace Suburban Bus Serv., 2016 IL App (1st) 151659 | 366+1 | Subrogation is allowed to prevent injustice and unjust enrichment but will not be allowed where it would be inequitable to do so. | What is the object of subrogation? | 06520.docx | LEGALEASE-00081938-LEGALEASE-00081940 |
| Bass v. State, 123 Ga. App. 705 | 146+52 | Two methods of punishment for embezzlement, imprisonment and fine, are alternative methods. Code 1972, S 97-23-25. | Are the two methods of punishment alternative methods for embezzlement? | 05727.docx | LEGALEASE-00082128-LEGALEASE-00082129 |
| Mosher v. Conway, 45 Ariz. 463 | 366+1 | Whether doctrine of subrogation applies depends on particular circumstances. | "Is there a general rule that can be stated which will afford a test for equitable subrogation in all cases, or instead, is it that its applicability depends upon the particular facts and circumstances of each case as it arises?" | 05090.docx | LEGALEASE-00083720-LEGALEASE-00083722 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mosher v. Conway, 45 Ariz. 463 | 366+1 | Whether doctrine of subrogation applies depends on particular circumstances. | "Is there a general rule that can be stated which will afford a test for equitable subrogation in all cases, or instead, is it that its applicability depends upon the particular facts and circumstances of each case as it arises?" | 05564.docx | LEGALEASE-00083811-LEGALEASE-00083813 |
| Mosher v. Conway, 45 Ariz. 463 | 366+1 | Whether doctrine of subrogation applies depends on particular circumstances. | "Is there a general rule that can be stated which will afford a test for equitable subrogation in all cases, or instead, is it that its applicability depends upon the particular facts and circumstances of each case as it arises? " | 06411.docx | LEGALEASE-00083886-LEGALEASE-00083888 |
| Navajo Nation v. Superior Court of State of Wash. for Yakima Cty., 47 F. Supp. 2d 1233 | 209+138 | Biological grandparents never had legal or physical custody of Indian child, and thus were not "Indian custodians" of child and had no adoption rights under Indian Child Welfare Act (ICWA). Indian Child Welfare Act of 1978, S 4(6), 25 U.S.C.A. S 1903(6). | Who can be described as an 'Indian custodian'? | 00823.docx | LEGALEASE-00083990-LEGALEASE-00083991 |
| Phelps-Roper v. City of Manchester, Missouri, 738 F. Supp. 2d 947 | 92+1515 | Under First Amendment free speech clause, states and municipalities may enforce content-neutral regulations of time, place, and manner of expression, as long as they are narrowly tailored to serve significant government interest and leave open ample alternative channels of communication. U.S.C.A. Const.Amend. 1. | Can expressive conduct protected by the First Amendment be regulated? | 06099.docx | LEGALEASE-00085446-LEGALEASE-00085447 |
| Tulsa Prof'l Collection Servs. v. Pope, 485 U.S. 478 | 92+3937 | Oklahoma's nonclaim statute is not self-executing, in that probate court's involvement in appointing executor is necessary to activate time bar, and thus there was sufficient state action to give rise to due process requirement of actual mail notice to known or reasonably ascertainable creditors, rather than mere notice by publication, which was sufficient only for creditors who are not reasonably ascertainable or who held merely conjectural claims. 58 O.S.1981, SS 331, 333; U.S.C.A. Const.Amend. 14. | How is fairness of a method of notice determined? | 07098.docx | LEGALEASE-00089163-LEGALEASE-00089165 |
| Wamco, III, Ltd. v. First Piedmont Mortg. Corp., 856 F. Supp. 1076 | 83E+481 | Statute governing rights of transferee upon transfer of negotiable instrument, indicating that transferee obtains transferor's rights but does not obtain his status, illustrated concept that effect of transfer of negotiable instrument was to transfer rights in instrument, and not to transfer rights attendant status of transferor. Va.Code 1950, S 8.3-201(1) (Repealed). | Can a transferee obtain the status of the transferor? | 09939.docx | LEGALEASE-00095477-LEGALEASE-00095478 |
| Passmore v. McCarver, 395 P.3d 297 | 307A+581 | Mere delay can be the basis of dismissal. Fla. R. Civ. P. 41(b). | Can a mere delay be the basis of dismissal? | 10284.docx | LEGALEASE-00095682-LEGALEASE-00095683 |
| Wallisville Corp. v. McGuinness, 154 So. 3d 501 | 188+291 | Fact issue as to the purpose of website visitor's $10,000 deposit with gambling website precluded dismissal, for failure to state a cause of action, of visitor's action against operators of the website for the return of the deposit; while it seemed likely that statute barring enforcement of gambling debts would bar recovery of the deposit, complaint contained no allegations as to the terms on which the deposit was being held, so as to enable trial court to decide the merits of website operators'affirmative defense raising the statute. West's F.S.A. S 849.26. | "Will a motion for involuntary dismissal admit the legal sufficiency of the complaint, all well-pleaded facts and all reasonable inferences therefrom?" | 09905.docx | LEGALEASE-00095906-LEGALEASE-00095907 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kerlin v. Tensaw Land & Timber Co., 390 So. 2d 616 | 20+13 | Statutory adverse possession requires same elements as adverse possession by prescription, that is, actual, exclusive, open, notorious and hostile possession under claim of right, but if adverse possessor holds under color of title, has paid taxes for ten years, or derives his title by descent cast or devise from possessor, he may acquire title in ten years, as opposed to 20 years required for adverse possession by prescription. Code 1975, S 6-5-200. | Can a boundary line action include an adverse possession claim? | 000053.docx | LEGALEASE-00115501-LEGALEASE-00115502 |
| Glaskin v. Klass, 996 F. Supp. 67 | 393+553 | Administrative Procedure Act (APA) provisions allowing for suit by person aggrieved by agency action does not apply to breach of contract actions against government. 5 U.S.C.A. SS 702, 704. | Does the Administrative Procedure Act provide judicial review of bureau actions? | 004489.docx | LEGALEASE-00116425-LEGALEASE-00116426 |
| Farman v. Farman, 25 Wash. App. 896 | 253+1081 | The spouse who does not commit the tort cannot be held personally liable. West's RCWA 26.16.190. | Is a spouse liable for the torts of the other spouse? | 004427.doc | LEGALEASE-00116501-LEGALEASE-00116502 |
| Kozlowski v. Kozlowski, 80 N.J. 378 | 253+1141 | A male, married or unmarried, can be guilty of adultery only if he has sexual relations with a married woman. | Do both parties require to be married in order to constitute adultery? | 004429.doc | LEGALEASE-00116505-LEGALEASE-00116506 |
| People v. Mitchell, 132 Cal. App. 3d 389 | 203+509 | When there is no statutory law defining death, courts may apply common-law definition. West's Ann.Health & Safety Code S 7180. | Can the court accept common law definition of death when there is no statutory definition? | 002249.docx | LEGALEASE-00119309-LEGALEASE-00119310 |
| Jackson v. State Highway Dep't of Ga., 164 Ga. 434 | 2.31E+17 | Physical force is not a necessary element of kidnapping. West's Ga.Code Ann. S 16-5-40(a). | Is physical force necessary to commit kidnapping? | Kidnapping - Memo 3 - TH.docx | ROSS-003284265-ROSS-003284267 |
| Sunward Corp. v. Dun & Bradstreet, 811 F.2d 511 | 237+33 | Defamation plaintiff must show extrinsic facts and innuendo drawn from alleged defamatory words in light of those facts in order to prove defamation in a case of libel per quod. | Does an action for libel per quod require proof of special damages? | 021089.docx | LEGALEASE-00125117-LEGALEASE-00125118 |
| Horton v. California Credit Corp. Ret. Plan, 835 F. Supp. 2d 879 | 25T+134(6) | Provisions in a loan agreement excepting a foreclosure remedy from arbitration had a degree of substantive unconscionability. The lender, as the stronger party, had imposed the arbitration forum on the homeowners, without accepting that forum with respect to foreclosure, which was the only remedy the lender would likely need. The provision, therefore, did not provide a modicum of bilaterality and was substantively unconscionable. | Are fee splitting provisions of arbitration agreements per se substantively unconscionable? | 007211.docx | LEGALEASE-00127394-LEGALEASE-00127395 |
| Fischer v. Fischer, 197 S.W.3d 98 | 289+924 | Right to dissolve is inseparably incident to every partnership, and there can be no indissoluble partnership. | Do indissoluble partnerships exist? | 022006.docx | LEGALEASE-00128931-LEGALEASE-00128932 |
| Suberville v. Adams, 47 La. Ann. 68 | 30+4823 | A defendant, whose judgment on a reconventional demand has been reversed, and the case remanded, may discontinue same; final judgment having been rendered against plaintiff on the principal demand, and that judgment having been affirmed on appeal. | Can a plaintiff discontinue his suit at any time prior to rendition of judgment? | 024980.docx | LEGALEASE-00129325-LEGALEASE-00129327 |
| In re Checking Account Overdraft Litig. MDL No. 2036, 674 F.3d 1252 | 25T+200 | "Clear and unmistakable" evidence requirement used in evaluating an arbitration provision's delegation provision pertains to the parties' manifestation of intent, not to the agreement's validity. | Can a delegation provision be severed from the rest of the arbitration agreement? | 007329.docx | LEGALEASE-00129613-LEGALEASE-00129615 |
| United States v. Addonizio, 451 F.2d 49 | 164T+22 | Essence of crime of bribery is voluntariness while essence of extortion is duress. | What is the difference between the essence of bribery and the essence of extortion? | Bribery - Memo #285 - C-CSS.docx | ROSS-003285771-ROSS-003285772 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rivera v. Fox, 20 Conn. App. 619 | 48A+279 | Statute permitting suit against state by persons injured through negligence of state official when "operating a motor vehicle" owned and insured by state did not apply when motorist hit rear end of state truck which had been left partially on highway with flashing lights and warning flares, so as to direct oncoming traffic around site of earlier accident; at time of collision truck was being used as a warning signal and not as a motor vehicle. C.G.S.A. S 52-556. | What is the interpretation of operating a motor vehicle? | 018824.docx | LEGALEASE-00137711-LEGALEASE-00137712 |
| Read v. Patterson, 79 Tenn. 430 | 307A+74 | Neither the caption nor certificate need set forth the official character of the magistrate who takes a deposition, if his official character appears in his signature. | Should a deponent sign at the end of the deposition? | 032487.docx | LEGALEASE-00140574-LEGALEASE-00140575 |
| United States v. Ganim, 510 F.3d 134 | 306+50 | Taken as a whole, jury instruction that described crime of bribery for purposes of charges of honest services mail fraud that were based upon former mayor's alleged participation in bribery scheme accurately set forth applicable law when instruction explained that bribe required some specific quid pro quo, or specific official action in return for benefit or payment, and then described in detail type of "legal lobbying" that was not bribery, notwithstanding former mayor's contention that instruction was improperly broad in permitting conviction based upon his knowledge that he was expected, due to payment, to exercise influence to payor's benefit and intended to do so, as specific opportunities arose, when accepting payment. 18 U.S.C.A. S 1346. | "Can the intended exchange for bribery only be ""this for that""?" | Bribery - Memo #806 - C - LB.docx | ROSS-003287320-ROSS-003287321 |
| Bosque v. Rivera, 135 So. 3d 399 | 307A+563 | Although District Court of Appeal reviews a dismissal for fraud on the court under an abuse of discretion standard, that standard of review is somewhat narrowed to take into account that the dismissal must be established by clear and convincing evidence. | "To obtain a dismissal for fraud on the court, should the movant prove his case by clear and convincing evidence?" | 034565.docx | LEGALEASE-00144107-LEGALEASE-00144108 |
| Niccum v. N. Assur. Co., 17 F.2d 160 | 170B+2835 | Suit by citizen against alien may be in any federal district where alien may be found or served. | Where can a citizen bring suit against an alien? | 007049.docx | LEGALEASE-00148410-LEGALEASE-00148411 |
| Isaacson v. Wirklan, 245 Or. 612 | 48A+171(8) | Privilege of having right-of-way at uncontrolled intersection is not absolute, and one having the privilege continues to have a duty to exercise due care. | "In case of right of way, does a duty of care subsist? " | 018997.docx | LEGALEASE-00148664-LEGALEASE-00148665 |
| Sharpe v. Glob. Sec. Int'l, 766 F. Supp. 2d 1272 | 21+9 | Rule regarding unsworn declarations did not require that entire declaration be handwritten to be properly considered; a handwritten date and signature was sufficient. 28 U.S.C.A. S 1746. | Does a statement require a handwritten averment which is signed and dated to be true under the penalties of perjury? | Affidavits - Memo 61 - _1IJOuHYh3nEsiDa4b_ckBy0Y6yckL7cGO.docx | ROSS-000000219-ROSS-000000220 |
| Mkt. & Fulton Nat. Bank v. Ettenson's Estate, 172 Mo. App. 404 | 83E+416 | Where an accommodation joint maker of a note payable to the maker's order sent it to other maker with implied instructions to indorse and deliver it in renewal of another note, which was done without knowledge of his death, his estate was estopped to invoke the rule that death revokes authority granted, whether express or implied. | Can one joint payee indorse on behalf of the other? | Bills and Notes - Memo 1015 - RK_61289.docx | ROSS-003322353-ROSS-003322354 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Strubel v. Capital One Bank (USA), N.A., 179 F. Supp. 3d 320 | 172H+1342 | Disclosures in a credit card solicitation were clear and conspicuous, as required by Truth in Lending Act (TILA) and implementing regulations, even if the disclosures used a difference typeface than that used in the model forms, where the text was set in 10-point type with white space separating the letters, words, and lines of text so that they could be easily distinguished, the text was printed in black ink on a white background, the typeface used was not unreasonably small compared to other commonly-used fonts, and the formatting of the required disclosures was substantially similar to the model forms. Truth in Lending Act S 122, 15 U.S.C.A. S 1632(a); 12 C.F.R. S 1026.60. | Is the question of whether required disclosures have been made clearly and conspicuously under TILA a question of law? | Consumer Credit - Memo 233 - RK_66302.docx | ROSS-003296967-ROSS-003296968 |
| City of Mesa v. Home Builders Ass'n of Cent. Arizona, 111 Ariz. 29 | 371+2001 | Matter of taxation is statutory and does not exist apart from statute. | Does the entire matter of taxation exist apart from statute? | 046575.docx | LEGALEASE-00166575-LEGALEASE-00166576 |
| Salomon Forex v. Tauber, 8 F.3d 966 | 83H+6.1 | Individually negotiated foreign currency option and futures transactions between sophisticated, large-scale foreign currency traders come within foreign currency exclusion to coverage of Commodity Exchange Act. Commodity Exchange Act, S 2(a)(1)(A), as amended, 7 U.S.C.A. S 2. | Does Commodity Exchange Act cover deals | 013648.docx | LEGALEASE-00166987-LEGALEASE-00166988 |
| Cit McLean v. State, 81 Ark. 304 | 371+2829 | Representations as to the condition of the collector's accounts made by a Chairman of the County Court to persons about to become sureties, cannot affect the obligation of the sureties, though they are misled thereby. He is not the agent of the State or county to give such information, and the State or county is not bound by his act. | Is the State bound by the acts of its agents? | Principal and Agent - Memo 368 - KC_63469.docx | ROSS-003281270 |
| Morton v. Thornton, 259 N.C. 697 | 308+183(1) | An agent is not real party in interest and cannot maintain an action. | s the agent the party in interest to a contract? | Principal and Agent - Memo 141 - RK_58688.docx | ROSS-003281918-ROSS-003281919 |
| In re Ryan N., 92 Cal. App. 4th 1359 | 368+2 | Neither suicide nor attempted suicide is a crime under the criminal statutes. | Is attempted suicide a crime? | Suicide - Memo 8 - AKA.docx | ROSS-003284143-ROSS-003284144 |
| Oliver v. Coffman, 112 Ind. App. 507 | 302+367(6) | Trial court in ruling on a motion to make an allegation more specific should determine whether such allegation considered with other allegations is sufficiently definite and furnishes adverse party with sufficient information of opponent's claim to adequately prepare and present his case, instead of trying to determine whether such allegation states a conclusion of fact or of law or an ultimate fact. | Can ultimate facts and conclusions of law be distinguished? | Pleading - Memo 116 - RMM.docx | ROSS-003284797-ROSS-003284798 |
| Charles T. Main Int'l v. Khuzestan Water & Power Auth., 651 F.2d 800 | 170B+3868 | If and when plaintiff, an engineering firm with claims against Iran, could establish a "taking" for which compensation was due by reason of the President's settlement of the hostage crisis, its remedy would lie in the court of claims. 28 U.S.C.A. SS 1346, 1491, 2201. | Does the President's settlement of a claim against a foreign government constitute a taking of private property for a public use? | Eminent Domain - Memo 112 - RK.docx | ROSS-003284980-ROSS-003284981 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bender v. A.G. Edwards & Sons, 971 F.2d 698 | 25T+420 | Sex discrimination claim brought by stock brokerage's employee under Title VII was subject to compulsory arbitration under Federal Arbitration Act; plaintiff, individually, had entered into agreement whereby she promised to arbitrate all disagreements with her employer. Civil Rights Act of 1964, S 701 et seq., 42 U.S.C.A. S 2000e et seq.; 9 U.S.C.A. SS 1-16. | Are claims based on Title VII enforceable under the FAA? | Alternative Dispute Resolution - Memo 381 - RK.docx | ROSS-003287082-ROSS-003287083 |
| Hall v. State Farm Fire & Cas. Co., 937 F.2d 210 | 311H+60 | Husband-wife privilege provides that where a spouse wishes to testify against an accused spouse, the witness spouse generally is precluded from divulging the confidential communications of the accused spouse made during the marriage. Rules of Evid., Rule 504. | What is a confidential communication? | Privileged Communications and Confidentiality - Memo 20 - VP.docx | ROSS-003288876-ROSS-003288878 |
| Landfill v. Pollution Control Bd., 74 Ill. 2d 541 | 1.49E+21 | Environmental Protection Act gives Environmental Protection Agency function of issuing permits and only gives Pollution Control Board authority to hold enforcement hearings only on separate citizen or agency complaints which do not challenge agency's performance of its duties, but, rather, allege that the activity contemplated causes or threatens pollution. S.H.A. ch. 1111/2, SS 1002(a)(v), (b), 1004(a, c, d, f-h), 1005(a, b, d), 1026, 1027, 1030, 1031(a-c), 1039, 1039(a), 1040. | Does the Pollution Control Board perform both quasi-legislative and quasi-judicial functions? | Environmental Law - Memo 43 - AKA.doc | ROSS-003289139-ROSS-003289140 |
| Rivera v. Fox, 20 Conn. App. 619 | 48A+279 | Statute permitting suit against state by persons injured through negligence of state official when "operating a motor vehicle" owned and insured by state did not apply when motorist hit rear end of state truck which had been left partially on highway with flashing lights and warning flares, so as to direct oncoming traffic around site of earlier accident; at time of collision truck was being used as a warning signal and not as a motor vehicle. C.G.S.A. S 52-556. | What is the interpretation of operating a motor vehicle? | Highways - Memo 41-IS.docx | ROSS-003291607-ROSS-003291608 |
| Davis v. Solomon, 101 Conn. 465 | 157+317(4) | In action by accommodation indorsers against prior accommodation indorser, who was also payee, to fix liability under Gen.St.1918, S 4426 (Rev.1949, S 6360), in which payee alleged that there was an agreement between all indorsers to be jointly liable, evidence of payee as to statement by maker relative to agreement by plaintiffs as to liability of indorsers, without further proof, held hearsay as to existence of such agreement, where statements were made in absence of plaintiffs. | Will successive accomodation parties be made liable in the order in which their names appear in the absence of agreement to the contrary? | Bills and Notes - Memo 974 - RK_61311.docx | ROSS-003294689-ROSS-003294690 |
| In re AppOnline.com, 321 B.R. 614 | 8.30E+10 | Under New York choice-of-law rules, general rule is that laws of state where note is executed and payable govern the interpretation of that note. | "In re AppOnline, Inc., 321 B.R. 614." | Bills and Notes - Memo 761 - KC_58512.docx | ROSS-003296314 |
| Nitsch v. DreamWorks Animation SKG Inc., 100 F. Supp. 3d 851 | 25T+143 | In deciding whether a dispute is arbitrable under Federal Arbitration Act (FAA), court must answer two questions: (1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement to arbitrate encompasses the claims at issue. 9 U.S.C.A. S 2. | Can a court expand the parties' agreement to arbitrate in order to achieve greater efficiency? | Alternative Dispute Resolution - Memo 99 - JS.docx | ROSS-003297272-ROSS-003297273 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Old Dominion Freight Line v. Dally, 369 S.W.3d 773 | 241+2(1) | A cause of action accrues, and "originates" for purposes of Missouri's statute of limitations borrowing statute, when and where the damage is sustained and is capable of ascertainment. V.A.M.S. S 516.190. | Does the law declare that a cause of action originates when tortious conduct occurs? | Action - Memo #  95 - C - NO.docx | ROSS-003297662-ROSS-003297663 |
| Alan, Sean & Koule v. SV/CORSTA V, 286 F. Supp. 2d 1367 | 308+151(1) | Under the federal common law of agency, one event that conveys notice of a termination of apparent authority to a third party is the termination of the agent's employment. | When is an apparent authority terminated? | Principal and Agent - Memo 110 - KC_60260.docx | ROSS-003308338-ROSS-003308339 |
| First Nat. Bank v. Sprout, 78 Neb. 187 | 83E+863 | The transferee of a negotiable promissory note, who has purchased the same in the usual course for value, may bring an action at law against the maker without proof of indorsement. | Can a promissory note payable to husband be transferred to wife without indorsement and without valuable consideration for title? | Bills and Notes - Memo 870 - RK_59551.docx | ROSS-003309763-ROSS-003309764 |
| Ludman v. Davenport Assumption High Sch., 895 N.W.2d 902 | 113+8 | Generally, if there is a conflict between a statute and custom, the statute controls. | If there is a conflict between a statute and custom which controls? | Customs & Usage - Memo 8 - JS.docx | ROSS-003310599-ROSS-003310600 |
| In re Merv Properties, 539 B.R. 516 | 308+160.5 | Generally, the actions of an agent are imputed to the principal; an exception to that rule lies when the agent has interests adverse to those of his principal. | Are the actions of an agent imputed to the Principal? | Principal and Agent - Memo 62- KC_60269.docx | ROSS-003320784 |
| In re Shavers, 418 B.R. 589 | 366+1 | Under Mississippi law, the doctrine of equitable subrogation will not be applied unless the applicant's cause is just and innocent persons will not be injured thereby. | Is equitable subrogation a state-law doctrine? | Subrogation - Memo 147 - VP C.docx | ROSS-003324081-ROSS-003324082 |
| Native Ecosystems Council v. Weldon, 697 F.3d 1043 | 411+8 | There was a sufficient site-specific connection between challenged fuels reduction project in national forest and United States Forest Service's (USFS) alleged failure to conduct further evaluation of goshawk population decreases in excess of ten percent required by the forest plan, as required for environmental organization to challenge the goshawk evaluations under the National Forest Management Act (NFMA); stand treatment has been shown to affect goshawk nesting territories, and the project required significant stand treatment in known goshawk nesting territories. National Forest Management Act of 1976, S 2 et seq., 16 U.S.C.A. S 1600 et seq. | How are forests managed under NFMA? | Woods and Forests - Memo 5 - RK.docx | ROSS-003328789-ROSS-003328790 |
| Drennen Land & Timber Co. v. Angell, 475 So. 2d 1166 | 20+82 | Recordation of deed or color of title for ten years is one of the requirements under the ten-year adverse possession statute (Code 1975, S 6-5-200), which must be coupled with necessary elements of adverse possession for ten-year period in order to establish title by adverse possession. | Is exclusive possession an essential element of adverse possession? | Adverse Possession - Memo 9 - RM.docx | ROSS-003301075-ROSS-003301077 |
| Amalgamated Meat Cutters & Butcher Workmen of N. Am., Dist. Local No. 540 v. Neuhoff Bros. Packers, 481 F.2d 817 | 25T+111 | Arbitration proceedings are sui generis. | Is arbitration a sui generis proceeding? | 000077.docx | LEGALEASE-00115405-LEGALEASE-00115407 |
| Peterson v. Wells Fargo Bank, 556 F. Supp. 1100 | 172H+242 | A bank is not a "public service corporation." | Can a bank be termed as a public service corporation? | Banks and Banking - Memo 5 - MS.docx | ROSS-003326123-ROSS-003326124 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fortis Benefits Ins. Co. v. Pinkley, 926 So. 2d 981 | 181+1 | Forgery is a species of fraud, as is undue influence. | Is forgery a species of fraud? | Forgery - Memo 13 - RM.docx | ROSS-003288568-ROSS-003288569 |
| Bruce v. Landmark Cent. Bank & Tr. Co., 592 S.W.2d 198 | 195+27 | Contract of guaranty should be interpreted like other types of contracts; all terms of contract should be given effect. | Will a guaranty be treated like other contracts? | 000157.docx | LEGALEASE-00115433-LEGALEASE-00115435 |
| Dees v. Distenfield, 618 F. Supp. 123 | 25T+114 | By enacting Federal Arbitration Act, Congress sought to make arbitration agreements as enforceable as all other contracts; Congress intended to avoid unnecessary expense and delay of litigation where parties had provided for more efficient process of arbitration. 9 U.S.C.A. S 1 et seq. | What is the intention of the Arbitration process? | 004160.docx | LEGALEASE-00115641-LEGALEASE-00115642 |
| McHorse v. Portland Gen. Elec. Co., 268 Or. 323 | 217+3342 | Presence or absence of word "insurance" in contract is not determinative of whether contract is a policy of insurance such that beneficiary is entitled to recover attorney fees if settlement is not made within six months from filing of proof of loss and if beneficiary's recovery in action on the policy exceeds amount of any tender made by the defendant. ORS 743.114. | How do courts interpret the terminology of insurance contracts? | Insurance - Memo 12 - VP.docx | LEGALEASE-00000543-LEGALEASE-00000544 |
| Sokol Holdings v. BMB Munai, 542 F.3d 354 | 25T+112 | Persons are generally entitled to have their dispute settled by ruling of court of law, and it is essentially only by making commitment to arbitrate that one gives up this right of access to court of law in favor of arbitration. | What is the black letter law relating to arbitration? | Alternative Dispute Resolution - Memo 73-JS.docx | ROSS-003286232-ROSS-003286233 |
| Gardner v. S.C. Dep't of Revenue, 353 S.C. 1 | 361+1407 | As a general rule, a party must establish prejudice as the result of another's failure to follow mandatory statutory procedure or provide inadequate notice in order to hold the other party liable. | What should a party demonstrate to claim insufficient or defective notice? | Notice -Memo 20 - JS.docx | ROSS-003283700-ROSS-003283701 |
| Am. Sur. Co. of New York v. Multnomah Cty., 171 Or. 287 | 277+13 | An averment of knowledge is not a "conclusion of law," even if source of knowledge is designated. | Is the averment of knowledge a conclusion of law? | 003841.docx | LEGALEASE-00115835-LEGALEASE-00115836 |
| Kane v. Clough, 36 Mich. 436 | 38+4 | A mere possibility is not the subject of assignment. | Could mere possibility be the subject of an assignment? | 003896.docx | LEGALEASE-00115907-LEGALEASE-00115909 |
| Poplar Grove State Bank v. Powers, 218 Ill. App. 3d 509 | 106+19 | Situs of debt, insofar as there can be one, is domicile of creditor. S.H.A. ch. 110, P 2-209(a)(10). | Which is the situs of a debt? | Property - Memo 8 - ANG.docx | ROSS-003315665-ROSS-003315666 |
| Sec. & Exch. Comm'n v. ESM Gov't Sec., 645 F.2d 310 | 349B+86 | In action brought by the Securities and Exchange Commission to enforce administrative subpoena duces tecum against broker/dealer of government securities in which the broker/dealer alleged fraud and deceit by the SEC, remand was required for district court to make findings on whether the SEC intentionally or knowingly misled broker/dealer about purposes of its review of broker/dealer's files, whether broker/dealer was in fact misled, and whether the subpoena was result of the SEC's allegedly improper access to the records; if broker/dealer would establish that answers to all three questions were affirmative, then enforcement of the subpoena would be an abuse of process and would be denied. | Are administrative subpoenas subject to Fourth Amendment requirements of the Constitution? | 004041.docx | LEGALEASE-00116364-LEGALEASE-00116365 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Windsor Mount Joy Mut. Ins. Co. v. Johnson, 264 F. Supp. 2d 158 | 16+80 | Where insurer brought suit first in coverage dispute with insured and properly invoked district court's admiralty jurisdiction, insurer's election of non-jury trial was protected and could not be undone by insured's assertion of intertwined counterclaim that might have been subject to court's diversity jurisdiction, and thus jury trial, if brought in separate action. 28 U.S.C.A. SS 1332, 1333(1); Fed.Rules Civ.Proc.Rule 9(h), 35(e), 28 U.S.C.A. | Is the right to trial by jury available in admiralty suits? | Admiralty Law - Memo 22 - JS.docx | ROSS-003302800-ROSS-003302801 |
| Michigan State Employees Ass'n v. Michigan Liquor Control Comm'n, 232 Mich. App. 456 | 361+1535(5) | Provisions of Administrative Procedure Act (APA) that improperly authorized legislature's Joint Committee on Administrative Rules to veto administrative rules were severable from APA; remainder of APA was enforceable in view of procedural protections in the form of public notice and public hearing requirements regarding proposed rules. M.C.L.A. SS 8.5, 24.241-24.244, 24.245(9), 24.246(1). | Does the Administrative Procedure Act provide procedural protection where personal rights or a duty is at stake? | Administrative Law - Memo 11 - RK.docx | ROSS-003289424-ROSS-003289425 |
| Liddle v. Salem Sch. Dist. No. 600, 249 Ill. App. 3d 768 | 50+4 | Both tangible and intangible property may be subject of bailment. | What is the subject of a bailment? | Bailment - Memo 28 - ANG.docx | LEGALEASE-00002066-LEGALEASE-00002067 |
| Liddle v. Salem Sch. Dist. No. 600, 249 Ill. App. 3d 768 | 50+4 | Both tangible and intangible property may be subject of bailment. | What is the subject of a bailment? | 004288.docx | LEGALEASE-00116499-LEGALEASE-00116500 |
| Alvarado v. Sersch, 262 Wis. 2d 74 | 272+250 | Negligence and liability are distinct concepts. | Are negligence and liability distinct concepts? | Negligence- Memo 10 - VP.docx | ROSS-003310940-ROSS-003310941 |
| Collin Cty. Dist. Attorney's Office v. Fourrier, 453 S.W.3d 536 | 302+1 | A party's pleadings are not evidence of the facts alleged therein. | Are pleadings evidence? | 004459.docx | LEGALEASE-00116593-LEGALEASE-00116595 |
| Hossain v. Rauscher Pierce Refsnes, 46 F. Supp. 2d 1164 | 50+1 | Under Kansas law, "bailee" is person who receives possession or custody of property under circumstances constituting bailment; "bailor" is person from whom property is thus received. | In a bailment who can be considered as a bailor? | Bailment- Memo 15- JS.docx | ROSS-003284667 |
| Paralyzed Veterans of Am. v. D.C. Arena L.P., 117 F.3d 579 | 78+1021 | Department of Justice's interpretation of its own regulation was not sufficiently distinct from or additive to regulation as to require notice and comment; regulation mandated that wheelchair areas in public accommodations covered by ADA provide lines of sight comparable to those of general public, and interpretation required that wheelchair areas have lines of sight over standing spectators. 5 U.S.C.A. S 553(b),(b)(3)(A); Americans with Disabilities Act of 1990, S 302(a), 42 U.S.C.A. S 12182(a); 28 C.F.R. Pt. 36, App. A, S 4.33.3. | Can an interpretation to a regulation given by an agency modified only through the process of notice and comment rulemaking? | Environmental Law - Memo 47 - AKA.doc | ROSS-003283620-ROSS-003283622 |
| Fossen v. Fossen, 372 Mont. 175 | 302+18 | When a fraud pleading alone does not give sufficient notice to an adverse party, it is appropriate to consider the context in which the fraud is alleged to have occurred. Rules Civ.Proc., Rule 9(b). | What should be the key inquiry in evaluating a pleading's sufficiency? | 004857.docx | LEGALEASE-00116765-LEGALEASE-00116767 |
| Litz v. Maryland Dep't of Env't, 446 Md. 254 | 148+277 | General Assembly did not intend for a claim for inverse condemnation to come within the ambit of the notice provisions of either the Maryland Tort Claims Act nor the Local Government Tort Claims Act. West's Ann.Md.Code, Courts and Judicial Proceedings, S 5-301 et seq.; West's Ann.Md.Code, State Government, S 12-101 et seq. | Can a claim for inverse condemnation be treated as a tort? | Eminent Domain - Memo 30 - AKA.doc | LEGALEASE-00002829-LEGALEASE-00002830 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mike v. Prof'l Clinical Lab., 781 F. Supp. 2d 1192 | 198H+709(2) | Licensed Practical Nurse's (LPN) failure to abide by the terms of her license probation, which was imposed after employer forwarded drug test results to nursing board, was supervening cause of her injury of temporary suspension of her LPN license, precluding nurse's action against the testing facility for gross negligence under Oklahoma law; nurse suffered no injury from her probationary status, nurse was not publicly censured by board, and license was not revoked during probationary period. | How does the common law divide actionable tortious conduct? | 004818.docx | LEGALEASE-00116880-LEGALEASE-00116881 |
| D.S. Sifers Corp. v. Hallak, 46 S.W.3d 11 | 50+31(1) | In a normal bailment situation, once a bailor establishes that a bailment relationship or contract exists and has been breached, the burden shifts to the bailee to prove that he exercised due care; thus, a rebuttable presumption arises that the bailee was negligent. | Is the presumption of negligence rebuttable in a bailment? | 004965.docx | LEGALEASE-00116991-LEGALEASE-00116992 |
| Clay v. Tryk, 177 Cal. App. 3d 119 | 3.16E+30 | Regulation of county welfare department prohibiting housing and utility payments to those in "shared housing" arrangements unless all members of household met general relief eligibility standards, and providing that "shared housing" did not include situations where an established or proven landlord-tenant relationship existed would be read to include lodgers who paid rent, despite fact that proprietors retained control of premises; to interpret regulation otherwise would create a irrebuttable presumption that persons who share possession of housing with people who are ineligible for general relief need not pay for their housing, and would render regulation invalid. West's Ann.Cal.Welf. & Inst.Code SS 17000, 17001. | What is the definition of a tenant? | 005085.docx | LEGALEASE-00117239-LEGALEASE-00117241 |
| Cox v. Par., 66 Ohio App. 3d 138 | 233+1415(3) | Landlord-tenant relationship was not created between parties so as to entitle prospective tenant to recover double damages and attorney fees for property owner's wrongful withholding of damage deposit, where prospective tenant never completed her part of landlord-tenant agreement by paying property owner full deposit plus one month's rent and owner never turned over possession of keys to prospective tenant. R.C. SS 5321.16, 5321.16(B, C). | Is possession by the tenant required to create a landlord  tenant relationship? | 005090.docx | LEGALEASE-00117242-LEGALEASE-00117243 |
| In re Isenbart, 255 B.R. 62 | 233+1062 | Typically, in lease, tenant is granted some possessory right; indeed, even in instances where tenant need not have exclusive possession, tenant at least has right of shared possession. | Does the tenant have a possessory interest in the leased premises? | 000491.docx | LEGALEASE-00117438-LEGALEASE-00117439 |
| GBJ, II v. First Ave. Inv. Corp., 520 N.W.2d 508 | 233+590 | Lessee's rights can be no greater than lessor's. | Does the lessee have greater rights than the lessor? | 000534.docx | LEGALEASE-00117450-LEGALEASE-00117451 |
| Rhodes v. E.I. du Pont de Nemours & Co., 636 F.3d 88 | 37+620 | In order to prove a battery under West Virginia law, a plaintiff generally must demonstrate that the defendant inflicted a harmful bodily contact on the plaintiff. | Does an actual nonconsensual invasion of the plaintiffs property need to be proved to sustain an action for trespass? | 000774.docx | LEGALEASE-00117494-LEGALEASE-00117496 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| City of Newark v. New Jersey Tpk. Auth., 12 N.J. Super. 523 | 148+3 | The Turnpike Authority Act providing for construction of modern express highways embodying every known safety device including center divisions, ample shoulder width, long-sight distances, multiple lanes in each direction, and grade separations at all intersections, and specifying procedure under which power of eminent domain might be exercised, is not unconstitutional on ground that it is an abdication of legislative power because it allegedly fails to contain standards and to impose limitation on power of eminent domain. P.L.1948, c. 454; R.S. 27:23-1, 2, 5(j), 11, 14, N.J.S.A. | Is it necessary for the legislature to prescribe standards that are to govern the administrative agency in the exercise of the powers the legislature delegates to it? | Administrative Law - Memo 48 - RK.docx | ROSS-003285700-ROSS-003285701 |
| In re Sacramento Mansion, Ltd., 117 B.R. 592 | 349A+190 | Lender protected by deed of trust on hotel and assignment of rents had burden under California law to prove facts establishing that legal relationship between debtor which would be considered to have leased collateral hotel and guests was other than that of licensor and licensee, to render revenues from hotel room sales rents from real property subject to recorded deed of trust and assigned under California law. | Are guests mere licensees and not tenants because they do not acquire interests in the property? | 000503.docx | LEGALEASE-00117644-LEGALEASE-00117645 |
| Skinner v. State, 36 Ala. App. 434 | 207+1 | Each incestuous sexual act constitutes a separate and distinct offense. Code 1940, Tit. 14, S 325. | Does each act of sexual intercourse constitute a separate offense of incest? | Incest - Memo 20 - TH.docx | LEGALEASE-00004573-LEGALEASE-00004574 |
| Indus. Sands & Abrasives v. Quebedeaux, 366 So. 2d 999 | 302+3 | Oral pleadings are not permitted in court of record. LSA-C.C.P. art. 852. | Are oral pleadings permitted? | Pleading - Memo 28 - ANG.docx | ROSS-003297375-ROSS-003297376 |
| Bradley v. Bradley, 206 N.C. App. 249 | 289+429 | Cotenants who purchased property together with third party did not constitute "partnership" even though parties shared profits from ownership of property where cotenants did not actively manage property and did not collaborate in any related business matters. | Does a joint ownership or sharing of profits alone establish a partnership? | Partnership - Memo 23 - JS.docx | ROSS-003284272-ROSS-003284273 |
| Mun. Light Boards of Reading & Wakefield, Mass. v. Fed. Power Comm'n, 450 F.2d 1341 | 317A+183 | Refusal of Federal Power Commission to suspend a filed rate increase for electric service is nonreviewable exercise of agency discretion. Federal Power Act, S 205(a, e), 16 U.S.C.A. S 824d(a, e). | What is the primary aim of Federal Power Act? | 000896.docx | LEGALEASE-00118210-LEGALEASE-00118212 |
| Ex parte Mountain Heating & Cooling, 867 So. 2d 1112 | 25T+211 | Wording of arbitration provision in contractor's contract with subcontractor, and changes made to contract, raised doubts as to whether parties agreed to arbitrate disputes, such that question of arbitrability warranted jury determination; agreement stated "parties agree(d) to settle . disputes by arbitration under the Construction Industry Mediation Rules of American Arbitration Association," Association had different rules for mediation and arbitration, word "settle" suggested mediation rather than arbitration, parties struck jury-waiver clause, choice-of-law provision was altered, and state disfavored pre-dispute arbitration. (Per Curiam, with three Justices concurring and four Justices concurring in the result.) Code 1975, S 8-1-41(3). | How do courts resolve doubts regarding the construction of a putative arbitration provision? | Alternative Dispute Resolution - Memo 185 - RK.docx | ROSS-003298237-ROSS-003298238 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Societe Nationale Algerienne Pour La Recherche, La Prod., Le Transp., La Transformation et La Commercialisation des Hydrocarbures v. Distrigas Corp., 80 B.R. 606 | 25T+515 | Once arbitration has commenced, United States courts have opportunity at arbitration award enforcement stage to ensure that legitimate interest in enforcement of the laws has been addressed, and are entitled under convention of recognition and enforcement of foreign arbitral awards to refuse enforcement of award where such enforcement would be contrary to public policy of the country. 9 U.S.C.A. S 1 et seq. | Can courts refuse to order arbitration? | Alternative Dispute Resolution - Memo 188 - RK.docx | LEGALEASE-00005452-LEGALEASE-00005454 |
| In re U.S. Lines, 197 F.3d 631 | 25T+513 | Like any statutory directive, the Federal Arbitration Act's mandate may be overridden by a contrary congressional command, even where arbitration is sought subject to an international arbitration agreement. 9 U.S.C.A. S 1 et seq. | Does federal policy favoring arbitration extend to international arbitration clauses? | 001166.docx | LEGALEASE-00118406-LEGALEASE-00118407 |
| Columbia Gas Transmission Corp. v. An Exclusive Nat. Gas Storage Easement in Clinton Subterranean Geological Formation Beneath An 80 Acre Tract In Ripley Twp., Holmes Cty., Ohio, 688 F. Supp. 1245 | 148+1 | Power of eminent domain is special and limited power, and use of power should be scrutinized more closely when exercised by private party rather than governmental entity. | How does the court recognize the power of eminent domain? | Eminent Domain - Memo 33 - RK.docx | ROSS-003284174-ROSS-003284175 |
| United Elec. Coal Companies v. Rice, 80 F.2d 1 | 231H+2042 | Where, after mine operator had contracted with labor union, many employees, although there was no controversy as to terms of employment, joined new union which demanded that operator break contract with old union and resorted to disorder and destruction of property when attempts were made to open mine, controversy held not "labor dispute" within statute limiting power of federal court of equity to grant injunctions in labor cases, since operator was merely third party, injured because of controversy between two unions. Norris-LaGuardia Act, 29 U.S.C.A. S 101 et seq. | What is a labor dispute? | Labor and Employment - Memo 21 - VP.docx | LEGALEASE-00005567-LEGALEASE-00005568 |
| Husted v. McCloud, 450 N.E.2d 491 | 46H+612 | Where client's money was in law partnership's possession when it was in partner's possession, even though partner deposited money in his personal account and converted it to his own use, since partner deviated from client's plan and converted money to his own use only after he received it in ordinary course of partnership's business, trial court did not err by holding partnership responsible to client for compensatory damages. IC 23-4-1-1 to 23-4-1-43 (1982 Ed.). | Is a partnership bound by a partners wrongful acts? | Partnership - Memo 35 - JS_62234.docx | ROSS-003294098-ROSS-003294099 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Apple iPhone 3G & 3GS MMS Mktg. & Sales Practices Litig., 864 F. Supp. 2d 451 | 25T+182(1) | Cellular telephone purchasers' breach of contract claims against telephone manufacturer based on issues with functionality of feature on phone were intertwined with purchasers' claims against wireless provider, and thus arbitration clause in provider's wireless services agreement applied to claims against manufacturer under equitable estoppel theory, although manufacturer was not signatory to agreement; purchasers relied on terms of written agreement with provider in asserting claims against manufacturer, and complaints alleged that in order to maximize profits, manufacturer and provider co-marketed phone and entered into exclusivity agreement that required purchasers to obtain wireless services from provider. | Can parties avoid arbitration agreements by filing their claims in tort? | 001136.docx | LEGALEASE-00118675-LEGALEASE-00118676 |
| Local 205, Cmty. & Soc. Agency Employees' Union, Dist. Council 1707 AFSCME, AFL-CIO v. Day Care Council of New York, 992 F. Supp. 388 | 25T+363(4) | Section of the Federal Arbitration Act (FAA) imposing three month limitation on filing motion to vacate arbitration award was not applicable to party which did not seek to vacate award on grounds set forth in the FAA, but which instead argued that award could not be confirmed or enforced against it because it never agreed to arbitrate. 9 U.S.C.A. SS 10, 12. | Does federal policy in favor of arbitration extend to situations in which the identity of the parties who have agreed to arbitrate is unclear? | 001656.docx | LEGALEASE-00118700-LEGALEASE-00118702 |
| Hopkins v. Mississippi Valley Gas Co., 866 So. 2d 514 | 317A+101 | The duty of the utility company is to exercise reasonable care. | What is the duty of a public utility? | 001615.docx | LEGALEASE-00119049-LEGALEASE-00119050 |
| Bell v. Com., 167 Va. 526 | 384+1 | "Crimes" are offenses which law punishes directly, and are classified as treason, felonies, and misdemeanors, "treason" being an aggravated felony. | Is treason an aggravated felony? | Treason - Memo 9 - RK.docx | ROSS-003296312-ROSS-003296313 |
| In re Search Warrant for 415 Locust Street, Chillicothe, Missouri, 272 S.W.3d 396 | 302+4 | The court judges a pleading by its subject matter and not its caption. | How do courts judge a pleading? | 001885.docx | LEGALEASE-00118896-LEGALEASE-00118898 |
| Matter of Kasler, 611 F.2d 308 | 51+3374(9) | In view of fact that, under California law, willful conduct is not required to commit libel or trade disparagement, debt arising out of judgment of arbitration panel that bankrupt was guilty of such torts was dischargeable in bankruptcy. Bankr.Act, SS 1 et seq., 14(f), 17(a)(8), 11 U.S.C.A. SS 1 et seq., 32(f), 35(a)(8). | What is trade libel? | 002090.docx | LEGALEASE-00119383-LEGALEASE-00119384 |
| Mason v. Warner, 31 Mo. 508 | 106+7 | The test of local or transitory actions is the subject-matter to which the injury is done, not the subject causing the injury. Injuries to persons and personal property are transitory, not local. | What is the distinction between local and transitory actions? | Venue - Memo 50-ANG.docx | LEGALEASE-00007460-LEGALEASE-00007462 |
| Beausoleil v. Massachusetts Bay Transp. Auth., 138 F. Supp. 2d 189 | 272+1045(2) | Under Massachusetts law, trespass may occur from intrusion by mistake. | Can a trespass occur by mistake? | Trespass - Memo 64 - JS.docx | ROSS-003315289-ROSS-003315290 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ex parte Trombley, 31 Cal. 2d 801 | 231H+2526 | An employer who knows that wages are due, has ability to pay them and still refuses to pay them acts against good morals and fair dealings and necessarily intentionally does an act which prejudices rights of his employee and such conduct amounts to a "case of fraud" within exception to constitutional prohibition against imprisonment for debt and may be punished by statute. Labor Code, S 216(a); Const. art. 1, S 15. | Is it essential to the public welfare that an employee receive his pay when it is due? | 003251.docx | LEGALEASE-00119206-LEGALEASE-00119207 |
| Alexander v. Avera St. Luke's Hosp., 768 F.3d 756 | 78+1110 | Factors as to provision of employee benefits and tax treatment of individual weighed in favor of finding that pathologist was independent contractor of hospital, rather than employee protected by Americans with Disabilities Act (ADA) and Age Discrimination in Employment Act (ADEA); hospital did not provide benefits or malpractice insurance to pathologist, hospital did not withhold income and FICA taxes from pathologist's monthly compensation and reported his income on IRS Form 1099, rather than Form W-2, and pathologist reported his compensation as income of self-employed independent contractor. Americans with Disabilities Act of 1990, S 101(4), 42 U.S.C.A. S 12111(4); Age Discrimination in Employment Act of 1967, S 11(f), 29 U.S.C.A. S 630(f). | Who is an employee? | 003258.docx | LEGALEASE-00119230-LEGALEASE-00119231 |
| State ex rel. Utilities Comm'n v. Lumbee River Elec. Membership Corp., 275 N.C. 250 | 317A+113 | Absent valid grant of such right by statute or by an administrative order issued pursuant to statutory authority and absent valid contract with its competitor or with person to be served, a supplier of electric power, or other public utility service,has no territorial monopoly or other right to prevent its competitor from serving anyone who desires the competitor to do so. | Does a person seeking electric service have the right to choose between vendors? | Electricity - Memo 32 - RK.docx | ROSS-003296225-ROSS-003296227 |
| Pub. Serv. Co. v. Dep't of Revenue, 397 P.3d 1111 | 371+3657 | Electric company's purchase of machinery and machine tools used in the manufacturing or generation of electricity, for sale or profit, was exempt from taxation under the machinery exemption and the enterprise zone machinery exemption to the sales and use tax; for purposes of the exemption statutes, electricity fell within the regulatory definition of "tangible personal property," since it was a commodity that was traded as a commodity on futures exchanges. West's C.R.S.A. SS 39-26-709, 39-30-106(1); 1 Colo. Code Regs. S 201-4:39-26-102.15. | Is electricity made by artificial means a product of manufacture and personal property? | Electricity - Memo 33 - RK.docx | LEGALEASE-00007962-LEGALEASE-00007964 |
| City of Colorado Springs v. Andersen Mahon Enterprises, LLP, 260 P.3d 29 | 148+2.1 | Generally, a taking of property occurs when the entity clothed with the power of eminent domain substantially deprives a property owner of the use and enjoyment of that property. U.S.C.A. Const.Amend. 5; West's C.R.S.A. Const. Art. 2, S 15. | Can a plotting or planning in anticipation of a public improvement be considered a taking? | 002403.docx | LEGALEASE-00119504-LEGALEASE-00119505 |
| E. Gottschalk & Co. v. Cty. of Merced, 196 Cal. App. 3d 1378 | 371+2571 | Revenue and Taxation Code sections reasonably interpreted "change of ownership," in constitutional article governing property tax reappraisals, to include creation of leasehold interest for term of 35 years or more. West's Ann.Cal.Rev. & T.Code SS 60, 61, 61(c)(1); West's Ann.Cal. Const. Art. 13A, S 2(a). | Do long term leases amount to change of ownership? | 001938.docx | LEGALEASE-00119651-LEGALEASE-00119653 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| May v. State, 133 Ind. 567 | 203+520 | Murder is not a constitutionally protected activity. | Is murder a constitutionally protected activity? | Homicide - Memo 75 - RK.docx | ROSS-003285019-ROSS-003285020 |
| People v. Dlugash, 41 N.Y.2d 725 | 203+520 | It is not murder to shoot a dead body. Penal Law S 125.00; CPL 70.20. | Can shooting a dead body be considered murder? | Homicide - Memo 77-RK.docx | ROSS-003286361-ROSS-003286362 |
| State Farm Gen. Ins. Co. v. Wells Fargo Bank, N.A., 143 Cal. App. 4th 1098 | 217+3513(4) | While subrogation has its source in equity and arises by operation of law, it may also arise out of the contractual language of an insurance policy; subrogation provisions of most insurance contracts typically are general and add nothing to the rights of subrogation that arise as a matter of law. | Is equitable subrogation based on equity? | 002560.docx | LEGALEASE-00120039-LEGALEASE-00120040 |
| State v. Stevenson, 147 W. Va. 211 | 203+520 | There can be no murder without homicide, but the converse is not true. | Can there be murder without homicide? | Homicide - Memo 83 - RK.docx | ROSS-003283478-ROSS-003283479 |
| People v. Shimonaka, 16 Cal. App. 117 | 203+520 | The crime of murder includes manslaughter. | Does the crime of murder include manslaughter? | Homicide - Memo 86 - RK.docx | ROSS-003289623-ROSS-003289625 |
| Kline v. 1500 Massachusetts Ave. Apartment Corp., 439 F.2d 477 | 233+1231 | Duty of taking protective measures guarding entire premises and areas peculiarly under landlord's control against perpetration of criminal acts is on landlord, the party to lease contract having effective capacity to perform necessary acts. | Is the modern day apartment lease regarded as a contract? | 003288.docx | LEGALEASE-00120475-LEGALEASE-00120476 |
| In re Johnson's Estate, 240 Cal. App. 2d 742 | 366+1 | Doctrine of equitable subrogation will be applied liberally to promote justice. | Is the doctrine of equitable subrogation the natural consequence of a call for the application of justice and equity to particular situations? | 003561.docx | LEGALEASE-00120323-LEGALEASE-00120325 |
| People v. Baker, 20 N.Y.3d 354 | 315+40 | A "thing in action" for purposes of Civil Code includes a right of action for personal injury, breach of a contract, or fraud. West's Ann.Civ.Code, S 953. | What does a thing in action include? | 002983.docx | LEGALEASE-00120437-LEGALEASE-00120438 |
| A. Copeland Enterprises v. Slidell Mem'l Hosp., 657 So. 2d 1292 | 366+27 | Subrogation may result from either agreement of obligor or obligee or both with third person or directly from operation of law. LSA-C.C. art. 1825. | When does subrogation take place by operation of law? | Subrogation - Memo 70 - VP C.docx | LEGALEASE-00010285-LEGALEASE-00010286 |
| In re Lamb, 36 B.R. 184 | 289+429 | It is not necessary for existence of a partnership that the partners contribute equally and have equal responsibilities in management of the business. | What does a silent partner contribute to the partnership? | 05067.docx | LEGALEASE-00083714-LEGALEASE-00083715 |
| Illinois Cent. R. Co. v. Franklin Cty., 387 Ill. 301 | 320+98 | Under general powers granted to Commerce Commission by Public Utilities Act, commission had ample power, even prior to 1917 amendment of statute defining commission's powers respecting grade crossings, to order an existing grade crossing replaced, improved, repaired, or relocated. Smith-Hurd Stats. c. 1112/323, S 62. | What does Section 10 of the Public Utilities Act define public utility as? | Public Utilities - Memo 71 - AM.docx | ROSS-003284360-ROSS-003284361 |
| Wong v. Minnesota Dep't of Human Servs., 820 F.3d 922 | 170B+3667 | In reviewing an appeal from a grant of a motion to dismiss for failure to state a claim, the Court of Appeals construes the complaint in the light most favorable to the nonmoving party. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A. | "In construing statute granting the right of appeal, should the court seek to avoid forfeiture of such right?" | 008140.docx | LEGALEASE-00121611-LEGALEASE-00121612 |
| Young Partners v. Bd. of Educ., Unified Sch. Dist. No. 214, Grant Cty., 284 Kan. 397 | 148+69 | While the legislature possesses no power to authorize the appropriation of one's property for a private use or purpose, the right to take private property for a public use is inherent in the state, and the legislature may authorize the acquisition and appropriation of private property for a public use, provided the owner is compensated therefor. U.S.C.A. Const.Amend. 5. | How is Fifth Amendment made applicable to the states? | Eminent Domain - Memo 173 - GP.docx | ROSS-003289380-ROSS-003289381 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Allen v. Hawley, 6 Fla. 142 | 354+17.5 | As a general rule, the several owners of a merchant vessel or steamboat hold their respective interests as tenants in common, and not as copartners, and are to be governed by the laws applicable to that species of tenure; but to this rule there may be exceptions, either growing out of the express agreement of the parties, or to be implied from the nature and character of the business or adventure in which they may be about to engage. | "Can a part owner of a ship in the character of partner, sell only his own share?" | 021853.docx | LEGALEASE-00121197-LEGALEASE-00121198 |
| Harris v. State, 2004 OK CR 1 | 352H+224 | A rape victim's alleged motive and fabrication are within the consent exception to rape shield statute since victim can only have motive to fabricate rape charge if the original sexual act was consensual, and if original act was not consensual, the allegation is not a fabrication. O.C.G.A. SS 24-2-3, 24-2-3(b). | Does the victim's status as a prostitute prove consent to sexual relations? | Sex Offence - Memo 14 - BP.docx | ROSS-003284823-ROSS-003284824 |
| Prince George's Hosp. Ctr. v. Advantage Healthplan Inc., 865 F. Supp. 2d 47 | 366+21 | "Out-of-network" hospital, which provided emergency services under the Emergency Medical Treatment and Active Labor Act (EMTALA) to Medicaid-eligible patients insured under managed care organization's (MCO) plan, failed to state equitable subrogation claim against MCO under District of Columbia (D.C.) law because it did not demonstrate that the patients would have claims for monetary compensation against MCO which would result in a "debt" that hospital extinguished, nor had hospital identified existing claims that the patients made against MCO for which hospital could step into their shoes to advance. Emergency Medical Treatment and Active Labor Act, S 1867(b)(1), 42 U.S.C.A. S 1395dd(b)(1). | Does the doctrine of equitable subrogation arise by operation of law when one having a liability or right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid? | Subrogation - Memo # 553 - C - AP.docx | ROSS-003314703-ROSS-003314704 |
| Am. Contractors Indem. Co. v. Saladino, 115 Cal. App. 4th 1262 | 366+7(1) | "Subrogation" is the right to recover from the debtor-obligor; a surety pays the principal debtor's obligation to the creditor, and in equity is substituted for the creditor, or subrogated to his or her rights against the debtor. | Is subrogation a right to recover from a debtor-obligor? | 044003.docx | LEGALEASE-00121354-LEGALEASE-00121355 |
| In re Darosa, 318 B.R. 871 | 366+1 | Three forms of subrogation exist: conventional or contractual subrogation, which arises from an express or implied agreement between subrogor and subrogee; statutory subrogation, which arises by virtue of statute; and legal or equitable subrogation. | Do three forms of subrogation exist? | Subrogation - Memo # 864 - ES.docx | ROSS-003285017-ROSS-003285018 |
| Freeman & Co. v. Bolt, 132 Idaho 152 | 113+1 | Custom of trade cannot be invoked against a party not in the same trade. | Can a custom of trade be invoked against a party not in the same trade? | 014259.docx | LEGALEASE-00122519-LEGALEASE-00122520 |
| Geller v. Schulman, 110 N.Y.S.2d 862 | 302+8(5) | An allegation of indebtedness is not an allegation of fact but a conclusion of law. | Is an allegation of indebtedness an allegation of fact? | Pleading - Memo 130 - RMM.docx | ROSS-003285566-ROSS-003285567 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dan Cristiani Excavating Co. v. Money, 941 N.E.2d 1072 | 30+205 | Excavating company waived for appeal issue of whether testimony of certified nurse life care planner regarding a life care plan prepared for grade checker was inadmissible because it served as an improper conduit for rehabilitation specialist who did not testify, in negligence action grade checker brought against excavating company after bulldozer ran over his foot; though company made a motion in limine to exclude nurse's testimony, when company during trial raised an objection to nurse's testimony trial court sustained the objection to the extent the question asked what the rehabilitation specialist told the nurse, nurse did not testify as to what rehabilitation specialist told her, nurse did not testify why any of the medical treatments were recommended, and company never raised an objection at trial to nurse's qualifications as an expert in the area of life care planning. Rules of Evid., Rule 702. | Is a ruling on a motion in limine independent from the admission of evidence at trial? | Pretrial Procedure - Memo # 103 - C - RY.docx | ROSS-003296889-ROSS-003296890 |
| Groves v. Ihsanullah, 2016-Ohio-7703 | 307A+3 | Counsel for deceased patient's mother did not, by inquiring on cross-examination of defense expert witness as to whether witness assumed patient had history of drug seeking, violate motions in limine limiting witness's testimony regarding substance and drug abuse opinions and excluding evidence concerning patient's prior emergency room encounters to request narcotic prescription refills and, thus, mother was prejudiced by trial judge's sanctioning of counsel through issuance of curative jury instruction, entitling mother to new trial in wrongful death and medical malpractice action against hospital and emergency care provider premised on patient's death due to prescription drug overdose; liminal motions were not final, and trial judge overruled defense objections to questioning. Rules Civ.Proc., Rule 59(A)(1). | Is a motion in limine a tentative ruling for trial purposes? | 024163.docx | LEGALEASE-00122048-LEGALEASE-00122049 |
| Bay Point Properties v. Mississippi Transp. Comm'n, 201 So. 3d 1046 | 148+316 | It was within the trial court's discretion not to grant landowner's attorney fee request for $680,000 in full, but trial court's failure to award any reimbursement at all was manifestly wrong and in direct violation of statute providing that, where an inverse condemnation proceeding is instituted by the owner of any right, title or interest in real property because of use of his property in any program or project in which federal and/or federal-aid funds are used, the court, rendering a judgment for the plaintiff in such proceeding and awarding compensation for the taking of property, shall determine and award plaintiff such sum as will, in the opinion of the court, reimburse such plaintiff for his reasonable costs; Mississippi Transportation Commission (MTC) used federal funds to finance construction of the park, landowner was the plaintiff in this inverse-condemnation proceeding, and jury rendered a verdict for landowner in the amount of $500. West's A.M.C. S 43-37-9. | When does a grant of motion in limine is without an abuse of discretion? | 024404.docx | LEGALEASE-00122060-LEGALEASE-00122061 |
| In re Flamingo 55, 378 B.R. 893 | 366+1 | As with any venerable equitable doctrine, subrogation is to be flexibly applied. | Is subrogation to be flexibly applied? | 043832.docx | LEGALEASE-00121810-LEGALEASE-00121812 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Am. Transit Ins. Co. v. State, 225 A.D.2d 117 | 13+61 | Claim does not accrue until damages are ascertainable. | Does a claim accrue before damages are ascertainable? | Action - Memo # 169 - C - CS.docx | ROSS-003282785-ROSS-003282787 |
| In re Bounds, 495 B.R. 725 | 13+61 | Under Texas law, when act setting injury in motion is itself a completed wrong, such as an invasion of some personal or property right of plaintiff, the act and legal injury occur simultaneously, and cause of action "accrues" from time that act is committed, even though little, if any, actual damage occurs immediately upon commission of act. | Does the accrual of a cause of action mean the right to institute and maintain a suit? | Action - Memo # 65 - C - LK.docx | ROSS-003301644-ROSS-003301645 |
| Sec'y of Agric. v. Cent. Roig Ref. Co., 338 U.S. 604 | 23+3.4(1) | In making quota allotments under Sugar Act of 1948, Secretary of Agriculture must keep scrupulously within statutory limits, but has discretion commensurate with the legislative goal, requiring continuous detailed administrative supervision. Sugar Act of 1948, S 1 et seq., 7 U.S.C.A. S 1100 et seq. | What kind of allotments did Congress instruct the Secretary of Agriculture to make? | 006707.docx | LEGALEASE-00122643-LEGALEASE-00122644 |
| Alfred Dunhill of London v. Republic of Cuba, 425 U.S. 682 | 221+359 | Refusal of interventors to repay funds mistakenly paid to them by American importers for preintervention cigar shipments, subsequent to 1960 Cuban "intervention" or nationalization of the business and assets of five cigar manufacturers, did not constitute an act of state or indicate that the interventors had governmental, as opposed to mere commercial, authority for the refusal to repay. | Does the act of state doctrine apply to the purely commercial acts of sovereign nations? | 019698.docx | LEGALEASE-00123714-LEGALEASE-00123716 |
| Crystallex Intl. Corp. v. Petroleos de Venezuela, S.A., 213 F. Supp. 3d 683 | 221+342 | Act of state doctrine is not lightly to be imposed. | Is the act of state doctrine to be imposed lightly? | 019936.docx | LEGALEASE-00123600-LEGALEASE-00123601 |
| W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., Int'l, 493 U.S. 400 | 221+342 | Act of state doctrine does not establish exception to obligation of United States courts to decide cases and controversies for cases and controversies that may embarrass foreign governments, but merely requires that, in process of deciding, acts of foreign sovereigns taken within their own jurisdictions be deemed valid. | Is the act of state doctrine binding on federal and state courts alike? | International Law - Memo # 177 - C - PHS.docx | ROSS-003295326-ROSS-003295327 |
| United States v. Noriega, 746 F. Supp. 1506, aff'd, 117 F.3d 1206 | 110+99 | Panamanian defendant who was brought before district court through military invasion failed to show that United States affirmatively agreed not to seize foreign nationals from Panama territory, expressly through extradition treaty or by established practice thereunder, and thus was not entitled to have convictions reversed on ground that he was brought to United States in violation of treaty. Treaty Providing for the Extradition of Criminals, May 25, 1904, United States of America-Republic of Panama, Art. I, 34 Stat. 2851. | "Under the doctrine of head of state immunity, is the head of state not subject to the jurisdiction of foreign courts?" | 020264.docx | LEGALEASE-00124115-LEGALEASE-00124116 |
| Dwyer v. Kansas City Missouri Sch. Dist., 451 S.W.3d 704 | 30+199 | Ruling on a motion in limine is interlocutory and subject to change during trial, and thus, it preserves nothing for appeal. | Is a trial court at liberty to change its ruling on a motion in limine once the hearing or trial has begun? | Pretrial Procedure - Memo  # 205 - C - CRB.docx | ROSS-003325168-ROSS-003325169 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| R & B Auto Ctr. v. Farmers Grp., 140 Cal. App. 4th 327 | 307A+3 | Trial court's ruling on motions in limine, precluding insured used car dealership from presenting any evidence on its unfair business practices claim against insurer that had sold insured lemon law policy that covered only new cars, was tantamount to nonsuit without tailoring ruling to balance competing concerns of moving insurer against right of insured to present evidence. West's Ann.Cal.Bus. & Prof.Code S 17200. | Should a judge generally weigh the evidence on a motion in limine? | 024202.docx | LEGALEASE-00123090-LEGALEASE-00123091 |
| Owens-Illinois v. Armstrong, 326 Md. 107 | 115+127.5 | Cause of action "arises," for purposes of determining applicability of statutory cap on noneconomic damages, when it first comes into existence, rather than when it is discovered. Code, Courts and Judicial Proceedings, S 11-108. | Is a cause of action said to have arisen when facts exist to support each element? | 005386.docx | LEGALEASE-00124684-LEGALEASE-00124685 |
| Slater v. Farmland Mut. Ins. Co., 334 N.W.2d 728 | 13+61 | A cause of action accrues only when all the necessary elements have occurred. | Is a cause of action fundamental to tort law? | Action - Memo # 341.docx | ROSS-003286387-ROSS-003286388 |
| DiMercurio v. Sphere Drake Ins., PLC, 202 F.3d 71 | 25T+130 | One-sided agreements to arbitrate are not favored. | Do courts favor one-sided agreements to arbitrate? | 007150.docx | LEGALEASE-00125549-LEGALEASE-00125550 |
| BEG Investments v. Alberti, 34 F. Supp. 3d 68 | 148+2.4 | Decision of District of Columbia Alcohol Beverage Control Board, to issue license to restaurant operator only upon condition that it hire police officers to patrol surrounding area, did not violate Takings Clause, inasmuch as decision merely imposed obligation to pay money. U.S. Const. Amend. 5. | Is a government-imposed obligation to pay money susceptible to a taking analysis? | 017524.docx | LEGALEASE-00125020-LEGALEASE-00125021 |
| Mibbs v. S.C. Dep't of Revenue, 337 S.C. 601 | 148+2.1 | Where there is no reasonable investment-backed expectation, a governmental regulation does not violate the takings clause. U.S.C.A. Const.Amend. 5. | Can there be any taking where there is no reasonable investment-backed expectation? | 017526.docx | LEGALEASE-00125053-LEGALEASE-00125054 |
| Bigio v. Coca-Cola Co., 239 F.3d 440 | 221+342 | The act of state doctrine is not jurisdictional. | Is the act of state doctrine jurisdictional? | 020552.docx | LEGALEASE-00125284-LEGALEASE-00125286 |
| Sprewell v. NYP Holdings, 1 Misc. 3d 847 | 237+7(6) | Statements about professional basketball player in newspaper articles could be read as imputing crime of attempted assault to player, which, in light of prior publicity of incident in which player allegedly attempted to choke his former coach, was sufficiently serious to be actionable as libel per se without proof of special damages; articles stated that player reportedly "took a swing" at a guest on his yacht, that eyewitnesses reported that player "busted the hand during a skirmish during a booze-fest on his yacht," and that player sustained a "boxer's fracture which can only occur when a clenched fist hits a surface with no give." | Which serious crimes can be actionable as slander per se? | 021097.docx | LEGALEASE-00125468-LEGALEASE-00125469 |
| Gannett Co. v. State, 571 A.2d 735 | 110+855(1) | There is an affirmative duty on trial courts to limit outside influences on juries. | Do trial courts have an affirmative duty to control all aspects of pretrial and trial proceedings? | 031209.docx | LEGALEASE-00125263-LEGALEASE-00125264 |
| People v. Ebert, 401 Ill. App. 3d 958 | 48A+422.1 | When a motorist files a motion in limine to bar breath test results, the State must establish a sufficient foundation for admission of the evidence. | Is the decision to grant or deny a motion in limine left to the discretion of the trial court? | 041202.docx | LEGALEASE-00125493-LEGALEASE-00125494 |
| In re Dir. of Prop. Valuation, 284 Kan. 592 | 317A+111 | A tariff approved by a regulatory agency conclusively establishes the legal and contractual relationship between the regulated entity and its customers. | Are tariffs terms and conditions that govern the relationship between a utility and its customers? | 042285.docx | LEGALEASE-00125115-LEGALEASE-00125116 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| A. Copeland Enterprises v. Slidell Mem'l Hosp., 657 So. 2d 1292 | 366+27 | Subrogation may result from either agreement of obligor or obligee or both with third person or directly from operation of law. LSA-C.C. art. 1825. | When does subrogation take place as a matter of law? | Subrogation - Memo 1002 - C- CAT.docx | LEGALEASE-00015365-LEGALEASE-00015366 |
| Capitol Indem. Corp. v. Fleming, 203 Ariz. 589 | 366+11 | Legal malpractice claims are not subject to subrogation, just as they are not subject to assignment; legal policies that prohibit assignment of a legal malpractice claim also prohibit equitable subrogation of legal malpractice claim. A.R.S. S 12-1643, subd. A. | Does a claim need to be assignable for it to be subject to subrogation? | Subrogation - Memo 1027 - C- CAT.docx | LEGALEASE-00015413-LEGALEASE-00015414 |
| Boatright v. Aegis Def. Servs., 938 F. Supp. 2d 602 | 25T+146 | Employees' claims that employer failed to pay them for all of their hours worked and that employer failed to pay them at proper pay rates, in violation of Delaware law including the Delaware Wage Payment and Collection Act (DWPCA), were governed by an arbitration provision in the employment agreements, where employees' complaint involved disputes over the employment agreement and aspects of employment, and employer had moved to compel arbitration pursuant to the arbitration provision. 11 West's Del.C. S 1101 et seq. | Does an agreement to arbitrate have to be supported by adequate consideration for it to be valid? | 007175.docx | LEGALEASE-00125646-LEGALEASE-00125647 |
| Gaffney v. Riverboat Servs. of Indiana, 451 F.3d 424 | 354+9 | Although, as general matter, Coast Guard has discretion to vary application of inspection standards based on intended operation of vessel, Coast Guard is bound by regulation that specifically restricts the exercise of this discretion. | Is the Coast Guard an agency which is bound to follow its own regulations? | 008884.docx | LEGALEASE-00126301-LEGALEASE-00126302 |
| Merkur Steel Supply Inc. v. City of Detroit, 261 Mich. App. 116 | 148+2.1 | In regulatory takings other than categorical takings, a court must apply balancing test and engage in an ad hoc, factual inquiry, centering on three factors: (1) character of the government's action; (2) economic effect of regulation on property; and (3) extent by which regulation has interfered with distinct, investment-backed expectations. | "Is the concept of nonsegmentation, a fundamental principle of taking jurisprudence?" | 017597.docx | LEGALEASE-00126174-LEGALEASE-00126175 |
| Werner v. Illinois Cent. R. Co., 379 Ill. 559 | 13+2 | A "cause of action" is that which brings into being the necessity for bringing an action, and a cause of action "arises" when that is not done which ought to have been done or that is done which ought not to have been done. | Is cause of action something which brings into being the necessity for bringing an action? | Action - Memo # 227 - C - NC.docx | ROSS-003286261-ROSS-003286262 |
| Jones v. Crittenden, 96 S.W.3d 13 | 34+2 | Restrictions on constitutional rights which might have no rational basis in civilian society will survive in the military context because the unique war-making purpose of the armed forces makes such restrictions compelling. | Is the military a specialized community that is governed by laws separate from civilian society? | Armed Services - Memo 40 - RK.docx | LEGALEASE-00016442-LEGALEASE-00016443 |
| Cook v. City of Topeka, 232 Kan. 334 | 79+66 | One test used to determine whether a clerk of a court is engaged in a judicial, quasi-judicial, or ministerial task is to see if a statute imposes a duty upon the clerk to act in a certain way leaving the clerk no discretion. | Are judicial functions distinguished from ministerial acts? | Clerks of Court - Memo 27 - RK.docx | LEGALEASE-00016470-LEGALEASE-00016471 |
| Oswego Falls Corp. v. City of Fulton, 148 Misc. 170 | 156+110 | Waiver is affirmative defense, and must be pleaded. | Is waiver an affirmative defense? | Pleading - Memo 193 - RMM.docx | ROSS-003286145-ROSS-003286146 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cross v. State, 590 S.W.2d 510 | 352H+94 | For purposes of rule that defendant's voluntary abandonment may negate crime of attempted rape, "abandonment" occurs where, through verbal urging of victim, but with no physical resistance or external intervention, perpetrator changes his mind; perpetrator cannot claim that he abandoned his attempt when, in fact, he ceased his efforts because victim or third party intervened or prevented him from furthering attempt. Code 1972, SS 97-1-7, 97-3-65(2). | Is abandonment of rape a defense to attempted rape? | 042936.docx | LEGALEASE-00126686-LEGALEASE-00126687 |
| Jamgotchian v. Slender, 170 Cal. App. 4th 1384 | 228+181(33) | Genuine issue of material fact existed as to whether racing steward's conduct in ordering California Horse Racing Board (CHRB) investigators and race security staff to prevent racehorse owner from removing horse from race was a substantial factor in causing the harm to owner when horse was raced against owner's wishes and injured, precluding summary judgment for steward on owner's trespass to chattels claim, in light of owner's arrangements for a van and a trainer to pick up the horse, owner's knowledge that steward had ordered security officers at race track gate to prevent any attempt to remove horse, and owner's increasingly frantic attempts to secure approval from race officials to remove horse. | "Will a person be liable for trespass to chattels only if his intermeddling is harmful to the possessor's materially valuable interest in the physical condition, quality, or value of the chattel?" | Trespass - Memo 211 - BP.docx | ROSS-003286439-ROSS-003286440 |
| Epperson v. State of Ark., 393 U.S. 97 | 1.41E+31 | Courts do not and cannot intervene in resolution of conflicts which arise in daily operation of school systems and which do not directly and sharply implicate basic constitutional values, but, the vigilant protection of constitutional freedoms is nowhere more vital than in the community of American schools. | Does judicial intervention or interposition in the operation of the public-school system requires restraint? | 016810.docx | LEGALEASE-00127056-LEGALEASE-00127057 |
| United States v. Jho, 534 F.3d 398 | 354+2 | Traditional statement of "law of the flag" doctrine provides that a merchant ship is part of the territory of the country whose flag she flies, and that actions aboard that ship are subject to the laws of the flag state. | "Is merchant vessel entering  the ports of another for the purposes of trade,  subjects itself to the law of the place to which it goes?" | 019865.docx | LEGALEASE-00126977-LEGALEASE-00126979 |
| A.P. & Sons Const. v. Johnson, 657 N.W.2d 292 | 308+1 | There was no "actual agency" relationship between property owner and contractor who was developing property into a residential development, where there was no agreement that contractor was taking on role of agent, property owner gave no indication to contractor or third parties that contractor was acting on property owner's behalf, contractor did not assume role of principal, contractor desired to develop land in order to profit from building houses, and contractor did not receive any compensation from property owner for developing land. | "Will a property owner be held liable for work or materials furnished by a subcontractor to a contractor according to a contract between the contractor and subcontractor, where the property owner is not a party to the contract?" | 021909.docx | LEGALEASE-00127235-LEGALEASE-00127236 |
| Lucas v. Wright, 370 S.W.2d 924 | 311H+414 | Communications between partner and partner, though confidential in their nature, are not privileged. | Are communications between partners privileged? | 021952.docx | LEGALEASE-00127271-LEGALEASE-00127272 |
| Trammel's Lubbock Bail Bonds v. Lubbock Cty., 60 S.W.3d 145 | 150+72(1) | For "laches" to arise, one must unreasonably delay in asserting a legal or equitable right and the delay must cause another to, in good faith, change his position to his detriment. | "Except in case of extreme delay, is a delay which works no injury or no disadvantage to another not such laches as will bar a right?" | 005861.docx | LEGALEASE-00127300-LEGALEASE-00127301 |
| Crawford v. Metro. Life Ins. Co., 167 S.W.2d 915 | 13+63 | "Laches" is purely a creation of equity, and the crucial question where laches is charged is whether the opposite party has been placed at a disadvantageous position by reason of the delay. | "Is ""laches"" purely a creation of equity?" | 005935.docx | LEGALEASE-00127805-LEGALEASE-00127806 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Virgilio v. U.S. Rubber Co., 85 R.I. 136 | 13+65 | Equity speaks as of the time of its decree. | Does equity speak as of the time of its decree? | 006086.docx | LEGALEASE-00127841-LEGALEASE-00127842 |
| Curtiss-Wright Corp. v. Inc. Vill. of Garden City, 270 A.D. 936 | 13+65 | Equity speaks of time of decree. | Does equity speak as of the time of the decree? | Action - Memo # 903 - C - TM.docx | ROSS-003289957-ROSS-003289958 |
| Brown v. Shannon, 280 Ky. 88 | 316P+232(3) | De facto officers are not entitled to compensation. | Are de facto officers entitled to compensation? | 013507.docx | LEGALEASE-00128014-LEGALEASE-00128015 |
| State Farm Mut. Auto. Ins. Co. v. State of Connecticut Dep't of Transp., 2015 WL 9242168 | 148+2.2 | Constitutional requirement under takings clause that business regulated by government rate or price controls be permitted return sufficient to assure its financial health does not necessarily require any particular level of profit above that adequate to attract and retain invested capital. U.S.C.A. Const.Amend. 5. | "Can a regulation limit stringently the return recovered on investment, for investors' interests provide only one of the variables in the constitutional calculus of reasonableness?" | Eminent Domain - Memo 343 - GP.docx | ROSS-003285143-ROSS-003285144 |
| Valentine v. Valentine, 134 A.D. 664 | 307A+501 | A defendant cannot compel plaintiff to prosecute the action against his will. | Can a defendant compel a plaintiff to prosecute the action against his will? | 026134.docx | LEGALEASE-00127798-LEGALEASE-00127799 |
| Allstate Indem. Co. v. ADT LLC, 110 F. Supp. 3d 856 | 366+35 | Under Illinois law, subrogation waivers are not true exculpatory provisions, but, rather, they merely allocate risk of loss; they do not immunize the wrongdoer from all liability, nor do they require the injured parties to give up all their claims or leave them uncompensated. | Can a waiver of subrogation be an exculpatory clause? | 043399.docx | LEGALEASE-00127957-LEGALEASE-00127958 |
| Boudreaux v. Scott's Boat Rentals, 184 F. Supp. 3d 343 | 366+35 | Louisiana law generally allows waivers of subrogation. | Are waivers of subrogation legal? | Subrogation - Memo # 1169- C -  SHB.docx | ROSS-003285380-ROSS-003285381 |
| Empress Casino Joliet Corp. v. W.E. O'Neil Const. Co., 2016 IL App (1st) 151166 | 366+35 | A waiver of subrogation is not an exculpatory clause. | Is a waiver of subrogation an exculpatory clause? | 043438.docx | LEGALEASE-00127792-LEGALEASE-00127793 |
| In Matter of CUA Autofinder, 387 B.R. 906 | 366+35 | Under Georgia law, whether right of subrogation has been waived is question of intention. | Is waiver of the right of subrogation a question of intention? | Subrogation - Memo # 1262 - C - TM.docx | ROSS-003285418-ROSS-003285419 |
| CompuServe Inc. v. Cyber Promotions, 962 F. Supp. 1015 | 92+2150 | Commercial online computer service was entitled to preliminary injunction enjoining defendant from sending unsolicited advertisements to any electronic mail (e-mail) address maintained by service; defendant's intentional use of service's proprietary computer equipment was actionable trespass to chattels for which First Amendment provided no defense, intrusions onto service's computer systems harmed service's business reputation and goodwill, it was improbable that granting injunction would cause substantial harm to defendant, as defendant could continue to send advertisements in other ways, and public interest would be advanced by court's protection of common-law rights of individuals and entities to their personal property. U.S.C.A. Const.Amend. 1. | Does liability for a trespass to chattel generally require some showing of damages? | 047289.docx | LEGALEASE-00128028-LEGALEASE-00128029 |
| RLI Ins. Co. v. S. Union Co., 341 S.W.3d 821 | 217+1702 | Insurance procurement clauses reflect an intention on the part of the parties to relieve each other of liability and look to only one insurer to bear the risk instead. | Does the waiver of subrogation clause avoid both parties having to face potential liability for the same risk? | Subrogation - Memo # 1219 - C - SB.docx | ROSS-003330938-ROSS-003330939 |
| In Matter of CUA Autofinder, 387 B.R. 906 | 366+35 | Under Georgia law, whether right of subrogation has been waived is question of intention. | Is waiver of the right of subrogation question of intention? | 043406.docx | LEGALEASE-00128302-LEGALEASE-00128303 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Vaughn v. DAP Fin. Servs., 982 S.W.2d 1 | 83E+482 | Even a nonnegotiable note remains susceptible of assignment. | Is a nonnegotiable note susceptible of assignment? | Bills and Notes - Memo 152 - RK.docx | ROSS-003312634-ROSS-003312635 |
| Trammel's Lubbock Bail Bonds v. Lubbock Cty., 60 S.W.3d 145 | 150+72(1) | For "laches" to arise, one must unreasonably delay in asserting a legal or equitable right and the delay must cause another to, in good faith, change his position to his detriment. | Can a delay which works no injury or no disadvantage to another is laches that bar a right? | 006329.docx | LEGALEASE-00129209-LEGALEASE-00129210 |
| Solymar Investments, Ltd. v. Banco Santander S.A., 672 F.3d 981 | 25T+114 | Because of the Federal Arbitration Act (FAA), federal courts are required to place arbitration clauses on equal footing with other contracts. 9 U.S.C.A. S 1 et seq. | Do federal courts interpret arbitration clauses broadly where possible? | 007318.docx | LEGALEASE-00129601-LEGALEASE-00129602 |
| Alcalde v. Carnival Cruise Lines, 798 F. Supp. 2d 1314 | 25T+140 | By stipulating to striking stand-alone choice-of-law provision in seafarer's agreement, which required application of Panamanian law to seafarer's personal injury claims, and agreeing to application of United States law, cruise line operator cured the deficiency in the agreement as written, namely that it denied seafarer access to United States law in violation of public policy, and thus operator rendered agreement's arbitration provision requiring arbitration in a foreign venue enforceable against seafarer; agreement had a severability provision. 9 U.S.C.A. S 1 et seq. | Can a court choose to excise an invalid provision of an underlying contract if the arbitration agreement contains a severability provision? | Alternative Dispute Resolution - Memo 498 - RK.docx | ROSS-003287205-ROSS-003287206 |
| People v. Van Tran, 2002 WL 110621 | 67+2 | A burglary is complete when an entry with the requisite intent to commit grant or petty larceny or any felony is made. West's Ann.Cal.Penal Code S 459. | When is the crime of burglary complete? | 013206.docx | LEGALEASE-00129627-LEGALEASE-00129629 |
| Cornwell v. State Bd. of Ed., 314 F. Supp. 340 | 67+2 | "Robbery" relates to the taking of property from a person by means of actual or implied force, while "burglary" has to do with breaking and entering of a dwelling with the intention to commit a felony therein. | Is stealth an element of burglary? | 013236.docx | LEGALEASE-00129649-LEGALEASE-00129650 |
| Quinn v. State, 191 So. 3d 1227 | 203+598 | In prosecution for capital murder based on underlying felony of burglary, state was not required to prove the elements of assault, the offense defendant allegedly intended to commit when he broke and entered dwelling, or which category of assault was intended, but only that defendant intended to commit some crime. West's A.M.C. S 97-17-23(1). | Does the crime of burglary include felonies and misdemeanors? | 013245.docx | LEGALEASE-00129655-LEGALEASE-00129656 |
| State v. Anderson, 2014-Ohio-542 | 67+2 | Burglary and attempted burglary are offenses against the property and not against persons. | Is burglary an offense against the person? | Burglary - Memo 65 - RK.docx | ROSS-003312753-ROSS-003312754 |
| Doss v. State, 256 Ind. 174 | 67+10 | Value of property is not of essence of offense of second-degree burglary and failure to state such is not fatal. Burns' Ann.St. S 9-1127. | Is the value of the property taken relevant in second degree burglary? | Burglary - Memo 66 - RK.docx | ROSS-003313680-ROSS-003313681 |
| Commercial & Sav. Bank of Lake City v. Ward, 146 S.C. 77 | 307A+531 | Motion for nonsuit may not be granted in equity. | Are motions for nonsuit entertained or granted in suits in equity? | 024959.docx | LEGALEASE-00129321-LEGALEASE-00129322 |
| Moseley v. Behringer, 184 S.W.3d 829 | 307A+508 | The granting of a nonsuit is a ministerial act; plaintiff's right thereto exists from the moment a written motion is filed or an oral motion is made in open court unless defendant has, prior to that time, filed pleadings seeking affirmative relief, and, thus, trial court has no discretion but to grant the nonsuit unless defendant has previously sought affirmative relief. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Is the granting of a nonsuit a ministerial act? | 025141.docx | LEGALEASE-00129558-LEGALEASE-00129559 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Miller v. Columbus, 77 Ohio App. 3d 599 | 405+1965 | City ordinance disclaiming responsibility for maintaining fire hydrants attached to city water lines but located outside city's corporate limits did not conflict with statute requiring municipalities to provide free water service to public buildings only when those buildings belong to municipality and authorizing municipality to charge school district for water services to extent that district is not located within municipality's corporate limits. R.C. SS 743.09, 743.15; Const. Art. 1, S 19; Art. 18, SS 4, 6. | Are contractual obligations required by municipally owned public utilities to sell their products to extraterritorial purchasers? | 042538.docx | LEGALEASE-00129418-LEGALEASE-00129420 |
| Sheridan v. State, Dep't of Health, 182 So. 3d 787 | 78+1708 | The Commission on Human Relations is not divested of jurisdiction of a timely filed discrimination charge, under the Florida Civil Rights Act (FCRA), when the claimant prematurely files a civil action based on that charge; in the context of the FCRA provision governing the effect of a civil action on the commission's jurisdiction, only a properly filed civil action divests the commission of jurisdiction. West's F.S.A. S 760.11(5). | Does the appropriate disposition of prematurely filed actions vary depending on the nature of the premature element and the circumstances surrounding the premature act? | 006341.docx | LEGALEASE-00130129-LEGALEASE-00130130 |
| Barnes v. Bosley, 745 F.2d 501 | 78+1413 | Fact that one deputy circuit clerk of court who had supported unsuccessful incumbent in reelection bid was transferred from management position to a predominantly ministerial position before the successful challenger took office was irrelevant to issue of whether his dismissal violated First Amendment as clerk, who was transferred to avoid possible dismissal, was dismissed because of his political affiliation even though political affiliation had no relevance to the ministerial position he held at time successor took office. U.S.C.A. Const.Amend. 1. | Can the political affiliation of an employee of the court result in his dismissal? | 013380.docx | LEGALEASE-00130189-LEGALEASE-00130190 |
| Jackson v. Merritt,1892 WL 11463 | 307A+531 | The court cannot compel the plaintiff to submit to a nonsuit without his consent. | Can the court compel the plaintiff to submit to a nonsuit without his consent? | Pretrial Procedure - Memo # 1565 - C - TM.docx | LEGALEASE-00019948-LEGALEASE-00019949 |
| Sheridan v. State, Dep't of Health, 182 So. 3d 787 | 78+1732 | Former employee failed to exhaust administrative remedies prior to filing Florida Civil Rights Act (FCRA) action against Department of Health, where she commenced action before Commission on Human Relations made cause determination on her discrimination charge or had opportunity to utilize the full 180-day investigatory period provided by FCRA, notwithstanding that she designated charge to be dual-filed with Commission and Equal Employment Opportunity Commission (EEOC), and that she complied with EEOC's 90-day right-to-sue deadline; EEOC's right-to-sue notice was clear that 90-day window applied only to federal law claims, right-to-sue notice put employee on notice that time limit for filing suit based on claim under state law "may be different," and right-to-sue notice did not operate to circumvent requirement under FCRA that Commission determine whether there was reasonable cause to believe violation occurred before former employee was authorized to file action. West's F.S.A. S 760.11(3). | "Is it appropriate to dismiss, if the action is premature because one of the essential elements of the claim is contingent upon the occurrence of an event that may or may not occur?" | 006343.docx | LEGALEASE-00130299-LEGALEASE-00130300 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| NCR Corp. v. Korala Assocs., Ltd., 512 F.3d 807 | 25T+143 | Copyright infringement claim relating to automatic teller machines (ATM) software not installed on ATM that copyright holder loaned to alleged infringer under agreement entered into by parties was not subject to that agreement's arbitration clause requiring arbitration for "any controversy or claim arising out of or relating to" the agreement; in contrast to the software on the loaned ATM, which copyright infringement claim was subject to the agreement, the software not on the ATM had no obvious link to the agreement and finding such a link required too many unwarranted inferences, and while the claim was similar to the copyright infringement claim relating to the software on the ATM, that fact did not compel arbitration of both claims, as the claims were not identical. | Can a party avoid arbitration by renaming its claim? | Alternative Dispute Resolution - Memo 538 - RK.docx | LEGALEASE-00020142-LEGALEASE-00020143 |
| Lee v. JPMorgan Chase & Co., 982 F. Supp. 2d 1109 | 25T+205 | Generally, a court's role under the Federal Arbitration Act (FAA) on a motion to compel is limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. | Do courts and arbitrators give effect to contractual limitations? | Alternative Dispute Resolution - Memo 545 - RK.docx | ROSS-003300480-ROSS-003300481 |
| Beasley v. State, 1955 OK CR 44 | 67+2 | Burglary is not an assaultive offense; it is a crime against property. V.T.C.A., Penal Code S 30.02(a). | Is burglary an assaultive offense? | 013076.docx | LEGALEASE-00131307-LEGALEASE-00131308 |
| Beasley v. State, 1955 OK CR 44 | 67+2 | Burglary is not an assaultive offense; it is a crime against property. V.T.C.A., Penal Code S 30.02(a). | Is burglary an assaultive offense? | Burglary - Memo 28 - RK.docx | ROSS-003327896-ROSS-003327897 |
| Anderson v. State, 1884 WL 8669 | 110+1188 | Where evidence was insufficient to sustain burglary conviction but evidence of defendant's guilt of trespass was conclusive, judgment of conviction for burglary would be affirmed as a conviction of trespass, but case would be remanded for resentencing. Code 1972, S 97-17-87. | Is trespass implicit in burglary? | 013121.docx | LEGALEASE-00131313-LEGALEASE-00131314 |
| State v. Lundberg, 575 N.W.2d 589 | 350H+645 | Concurrent sentences resulting in defendant serving approximately 180 days in jail for stealing approximately $2,000 in cash and checks from restaurant, causing approximately $1,300 in property damage at restaurant, and stealing approximately $5,300 from pulltab operation that leased space in restaurant, did not unfairly exaggerate criminality of defendant's conduct, despite challenge to sentence of 12 months and one day for second theft conviction; the two victims' monies were kept in different locations and were separately targeted. | Is burglary purely a property offense? | Burglary - Memo 34 - RK.docx | LEGALEASE-00020263-LEGALEASE-00020264 |
| Rhoton v. State, 938 N.E.2d 1240 | 110+1172.1(3) | Any error in instructing jury that Class A felony burglary did not require finding that defendant was armed with a deadly weapon when he broke and entered was harmless, as court entered judgment of conviction for Class C felony burglary to avoid a double jeopardy violation, and there was argument that state was required to show that defendant was armed with a deadly weapon in order to support conviction for Class C felony burglary or that the evidence was insufficient to support that conviction. West's A.I.C. 35-43-2-1. | When is burglary a Class A felony? | Burglary - Memo 76 - RK.docx | ROSS-003326293-ROSS-003326294 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Chisolm, 166 F. Supp. 3d 1279 | 350H+1285 | Defendant's prior Florida conviction for burglary was not a violent felony under the Armed Career Criminal Act (ACCA); Florida's burglary statute was broader than the generic burglary offense, as it included conveyances as well as structures and defined structure to include the curtilage of the structure, and Florida's burglary statute was not divisible, thus precluding application of the ACCA's modified categorical approach, as the statute defined structure overbroadly to include curtilage, rather than alternatively to include curtilage. 18 U.S.C.A. S 924(e); Fla. Stat. Ann. S 810.02. | Is the burglary of curtilage a generic burglary? | Burglary - Memo 83 - JK.docx | ROSS-003313691-ROSS-003313692 |
| Martinez v. Rio Rancho Estates, 1979-NMCA-086, 4, 93 N.M. 187 | 307A+753 | Where plaintiff learned of his witness' expertise several days before trial but took no action to advise opposing counsel or have name included in list of witnesses contained in pretrial order, and where trial court suggested that damaging letter as to which witness was to testify be introduced through another witness, court properly refused to permit witness to take the stand on ground that name of witness was not included in pretrial order and his testimony would be a surprise to objecting defendant. | What is the justification behind rule providing for pretrial order to control subsequent course of action unless modified at trial to prevent manifest injustice? | 026460.docx | LEGALEASE-00131147-LEGALEASE-00131148 |
| Thomas More Law Ctr. v. Obama, 651 F.3d 529 | 371+2001 | Under the Constitution's taxing power, a "tax" is an enforced contribution to provide for the support of government, and the central objective of a tax is to obtain revenue; a "penalty," by contrast, regulates conduct by establishing criteria of wrongdoing and imposing its principal consequence on those who transgress its standard. (Per concurring opinion of Sutton, Circuit Judge, for a majority of the court.) U.S.C.A. Const. Art. 1, S 8, cl. 1. | What is the central objective of a tax? | Taxation - Memo # 160 - C- NA.docx | ROSS-003288227-ROSS-003288228 |
| City of Vacaville v. Pitamber, 124 Cal. App. 4th 739 | 371+2001 | Statutes imposing taxes are regulatory statutes. | Are statutes imposing taxes regulatory statutes? | Taxation - Memo # 181 - C - SS.docx | ROSS-003304031-ROSS-003304032 |
| People v. Allen, 20 Cal. App. 4th 846 | 371+2001 | Tax statutes are regulatory or public welfare statutes. | Are statutes imposing taxes regulatory statutes? | 044737.docx | LEGALEASE-00130900-LEGALEASE-00130901 |
| Rural Tel. Coal. v. F.C.C., 838 F.2d 1307 | 371+2001 | Regulation is a tax only when its primary purpose is raising revenue. | Is regulation the primary purpose of a tax? | 044767.docx | LEGALEASE-00130994-LEGALEASE-00130995 |
| State v. Thomas, 124 So. 3d 1049 | 67+4 | Entering store that was open for business and remaining in area behind counter were not "unlawful" within meaning of burglary statute and did not constitute burglary; area encompassed by counter was not "building" or "separate unit" within store. C.G.S.A. SS 53a-100, 53a-100(a)(1), (b), 53a-101(a). | What is unlawful remaining in the context of burglary? | 013260.docx | LEGALEASE-00131813-LEGALEASE-00131814 |
| City of Prichard v. Moulton, 277 Ala. 231 | 302+8(15) | Fraud cannot be pleaded by way of conclusion only. | Can fraud be pleaded by way of conclusions only? | 023225.docx | LEGALEASE-00132272-LEGALEASE-00132273 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Black v. Don Schmid Motor, 232 Kan. 458 | 307A+752 | Trial court did not abuse its discretion in admitting evidence concerning express warranty even though pretrial order stated that the seller had warranted to the buyer that the vehicle was of a quality which was at least fit for the ordinary purpose for which automobiles are used and was in all respects of merchantable quality; in the absence of any surprise to the seller, court did not err in construing the language to embrace a claim for breach of express warranty. | "In determining breadth of pretrial order, should an order be given liberal construction?" | 027238.docx | LEGALEASE-00131781-LEGALEASE-00131782 |
| Blanchard v. Blanchard, 261 Ga. 11 | 371+2001 | Tax law is statutory and equitable considerations are inapplicable. | Is tax law statutory? | 044922.docx | LEGALEASE-00131971-LEGALEASE-00131972 |
| Colletti v. New York Tel. Co., 48 A.D.2d 991 | 413+1 | Loss of work resulting solely from strike is not compensable under workmen's compensation statute. | What types of acts are not compensable under workmens compensation laws? | Workers Compensation - Memo #150 ANC.docx | LEGALEASE-00022335-LEGALEASE-00022336 |
| Evans v. United States, 504 U.S. 255 | 164T+24(1) | Offense of extortion under color of official right in violation of Hobbs Act is completed at time when public official receives payment in return for his agreement to perform specific official acts, and fulfillment of the quid pro quo is not an element of offense. 18 U.S.C.A. S 1951. | Does bribery require that the official and the payor state the quid pro quo in express terms? | Bribery - Memo #142 - C-JL.docx | ROSS-003300830-ROSS-003300832 |
| United States v. Kay, 513 F.3d 461 | 63+14 | Jury instructions did not amount to improper general intent instruction, in that they indicated that government had to prove that defendants charged under Foreign Corrupt Practices Act (FCPA) knew that their conduct was illegal, where instruction on "corruptly" element referred to "bad purpose" and "evil motive," instructions on aiding and abetting insisted on finding of "intent to violate the law," neither government nor defense counsel suggested in closing argument that defendants could be convicted if there was reasonable doubt of their knowledge of unlawfulness, and question from jury confirmed that it did not believe defendants could be convicted absent their knowledge of unlawfulness. Foreign Corrupt Practices Act of 1977, SS 103(a), 104, 15 U.S.C.A. SS 78dd-1, 78dd-2; Securities Exchange Act of 1934, S 32, 15 U.S.C.A. S 78ff; 18 U.S.C.A. S 2. | When is an act corruptly done? | Bribery - Memo #224 - C-EB.docx | ROSS-003300123 |
| United States v. Lisinski, 728 F.2d 887 | 63+1(1) | Bribery and extortion are not mutually exclusive. | Are bribery and extortion are mutually exclusive? | Bribery - Memo #298 - C-JL.docx | ROSS-003286696-ROSS-003286697 |
| Kelsey v. Kelsey, 714 N.E.2d 187 | 289+1140 | Husband's assignment of his general partner interest in limited partnership to wife pursuant to marriage dissolution decree was effective as between husband and wife, though certificate of limited partnership was not amended as required under Illinois Revised Uniform Limited Partnership Act (RULPA) to reflect withdrawal of husband as general partner and admission of wife as general partner, where wife was not a third party with respect to the partnership and she did not show she had been injured by the failure to amend the certificate of limited partnership. S.H.A. 805 ILCS 210/101, 202(b)(1, 2). | Does a partner cease to be a partner upon the assignment of all of his or her partnership interest? | 022126.docx | LEGALEASE-00133531-LEGALEASE-00133532 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ronald M. Sharrow, Chartered v. State Farm Mut. Auto. Ins. Co., 306 Md. 754 | 379+246 | Attorney representing party injured in automobile accident stated cause of action against tort-feasor's insurer for tortious interference with contract, where he alleged that insurer capitalized on his client's need for money by involving client in negotiations and requiring client to falsely avow that he had advised attorney of his intention to settle directly with insurer, all for purpose of inducing client to repudiate his contract with attorney to deprive attorney of fee under contingent fee arrangement. | "Will an ambiguity or uncertainty in the allegations, bearing on whether the complaint states a cause of action, be construed against the pleader?" | 023234.docx | LEGALEASE-00132854-LEGALEASE-00132855 |
| De La Osa v. Wells Fargo Bank, N.A., 218 So. 3d 914 | 267+59(1) | Once a litigation is terminated and the time for appeal has run, that action is concluded for all time; there is one exception to this absolute finality in rule governing relief from judgment, decrees, or orders, which gives court jurisdiction to relieve party from act of finality in narrow range of circumstances. West's F.S.A. RCP Rule 1.540. | "Does a ""proceeding"" generally encompass certain acts of litigation finality, such as a party's voluntary dismissal?" | 027946.docx | LEGALEASE-00132669-LEGALEASE-00132670 |
| In re Paternity of M.T.H., 140 Wis. 2d 843 | 285+174 | Order to reopen judgment that had dismissed with prejudice paternity action against putative father was not abuse of discretion, where trial court had not intended that action be dismissed on the merits or with prejudice. W.S.A. 806.07(1)(a). | Is dismissal with prejudice tantamount to a judgment on the merits? | 028289.docx | LEGALEASE-00133652-LEGALEASE-00133653 |
| Saum v. Widnall, 912 F. Supp. 1384 | 92+2544 | Under judicial policy called "dissuasion," which is akin to comity, federal courts are reluctant to intervene in or review internal military affairs; certain matters are so uniquely within military's discretion that they are subject to civilian control only by legislative and executive branches of government. | Is composition of the armed forces a matter of Congress and military? | 008404.docx | LEGALEASE-00133804-LEGALEASE-00133805 |
| Mack v. Rumsfeld, 609 F. Supp. 1561 | 34+5(1) | There is no constitutional right to join military. | Is there any constitutional right to join the military? | Armed Services - Memo 129 - JS.docx | LEGALEASE-00023567-LEGALEASE-00023568 |
| Panagacos v. Towery, 782 F. Supp. 2d 1183 | 13+3 | Posse Comitatus Act (PCA) is a criminal statute; it does not provide a private right of action. 18 U.S.C.A. S 1385. | Is Posse Comitatus Act a criminal statute? | Armed Services - Memo 90 - JS.docx | LEGALEASE-00023573-LEGALEASE-00023574 |
| Ritchie v. Weston, 143 Ohio App. 3d 176 | 38+90 | "Standing in the shoes of another" means that the assignee stands in the shoes of the assignor or subrogor and succeeds to all the rights and remedies of the latter. | Does an assignee of a negotiable instrument stand in the shoes of the assignor? | 010941.docx | LEGALEASE-00133778-LEGALEASE-00133779 |
| Vogel v. Am. Kiosk Mgmt., 371 F. Supp. 2d 122 | 170B+2154 | In context of FLSA action brought by single employee and asserting both individual claim and claim on behalf of putative class of similarly situated other employees, settlement of individual claim via offer of judgment moots action, absent any opt-ins by other employees. Fair Labor Standards Act, S 16(b), 29 U.S.C.A. S 216(b); Fed.Rules Civ.Proc.Rule 68, 28 U.S.C.A. | "Does the plain language of Rule 41(a) of Civil Procedure permits the voluntary dismissal of an action, meaning the totality of all component claims asserted against a single defendant?" | Pretrial Procedure - Memo # 2226 - C - VA.docx | ROSS-003290595-ROSS-003290596 |
| United States v. Brocksmith, 991 F.2d 1363 | 110+1130(5) | Undeveloped and unsupported claims are waived on appeal. | re undeveloped and unsupported claims waived? | Adulteration- Memo 15-VP.docx | LEGALEASE-00023763-LEGALEASE-00023764 |
| Mosely v. Graydon, 35 S.C.L. 7 | 83E+423 | An indorsement of a note to one to collect, and, if he fail to collect, the indorser to pay the same to the indorsee, though made on a separate piece of paper, which was not affixed to the note, was held to be a valid indorsement of the note, so as to render the indorser liable to the indorsee. | Is an indorsement on an annexed piece of paper to the bill or note a sufficient indorsement? | 009482.docx | LEGALEASE-00134553-LEGALEASE-00134554 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Closson v. Stearns, 4 Vt. 11 | 83E+405 | An indorsement written and signed with a pencil is a valid indorsement. | Is an indorsement written and signed with a pencil a valid indorsement? | 009487.docx | LEGALEASE-00134589-LEGALEASE-00134590 |
| Mirandona Bros. v. Danos, 56 So. 2d 159 | 8.30E+60 | That negotiable note was dated three days prior to date on which advance evidenced by note was made did not affect validity of note. | "If a note is incorrectly dated, would it affect its validity?" | Bills and Notes -Memo 292 -DB.docx | ROSS-003291570 |
| United States v. Sunia, 643 F. Supp. 2d 51 | 91+171(4) | Member of Senate in American Samoa was not "agent" of American Samoa Departments of Treasury or Education under statute governing fraud concerning programs receiving federal funds, as required to indict member based on alleged conspiracy to secure lucrative payments totaling hundreds of thousands of dollars in exchange for manufacturing and supplying classroom and library furniture for American Samoa Department of Education. 18 U.S.C.A. S 666(a)(1)(A). | Should a bribe affect federal funds before the bribe violates the federal bribery statute? | 011256.docx | LEGALEASE-00134230-LEGALEASE-00134232 |
| United States v. Lisinski, 728 F.2d 887 | 63+1(1) | Bribery and extortion are not mutually exclusive. | Are bribery and extortion mutually exclusive? | 011276.docx | LEGALEASE-00134404-LEGALEASE-00134405 |
| Rainwater v. Haynes, 244 Ark. 1191 | 371+2001 | The word "tax" does not include "assessments". | "Does the word ""tax"" include ""assessments""?" | 045034.docx | LEGALEASE-00134381-LEGALEASE-00134383 |
| Rounsaville v. Cent. R. Co., 87 N.J.L. 371 | 413+1 | The federal Employers' Liability Act deals with an entirely separate matter from the New Jersey Workmen's Compensation Act. | Is the federal Employers Liability Act applicable to liability in tort for negligence? | 047997.docx | LEGALEASE-00134852-LEGALEASE-00134854 |
| United States v. Cervone, 907 F.2d 332 | 63+1(1) | Intangible value to local union's business manager of continuing ability to influence corrupt union practices by transferring money from developer's site supervisor and subcontractor's president to head of coalition protesting subcontractor's alleged failure to hire minorities was not "thing of value" within meaning of statute prohibiting employers from paying thing of value to any officer or employee of labor organization; thus, supervisor and president could not be convicted of labor bribery. Labor Management Relations Act, 1947, S 302(a)(2), 29 U.S.C.A. S 186(a)(2). | Does a thing of value include tangible items under bribery statutes? | Bribery - Memo #483 - C-JL.docx | ROSS-003303628-ROSS-003303629 |
| Peachtree Apartments v. Pallo, 317 S.W.3d 189 | 307A+517.1 | Any attempted action by a court on a dismissed case is a nullity. | "If a plaintiff attempts to voluntarily dismiss less than all the defendants without obtaining leave of court, is the dismissal ineffective?" | 028507.docx | LEGALEASE-00134933-LEGALEASE-00134934 |
| Amoco Prod. Co. v. Salyer, 814 S.W.2d 211 | 307A+716 | Legislative continuance is mandatory, if properly requested, except when substantial existing right will be defeated or abridged by delay of trial. | Is a legislative continuance mandatory? | Pretrial Procedure - Memo # 3345 - C - VP.docx | ROSS-003291685-ROSS-003291686 |
| People v. Grayson, 83 Cal. App. 2d 516 | 110+507(8) | Since the act of placing a bet on a horse race is punishable as an offense separate from offense of receiving, holding, or forwarding the bet under subdivision 6 and not specifically punishable as a separate offense under subdivision 3, making the receiving, holding, or forwarding the bet an offense, the placing of the bet is not punishable under section 31, defining principals, and hence one who placed a bet with defendant charged with receiving and holding a bet on a horse race was not an "accomplice" whose testimony required corroboration. West's Ann.Pen.Code, SS 31, 337a, subd. 3, 6, S 1111. | Can the giver and the receiver be accomplices in a bribery case? | 011659.docx | LEGALEASE-00136266-LEGALEASE-00136268 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Stitt, 250 F.3d 878 | 110+1038.2 | Although district court's failure to instruct the jury on the unanimity requirement as to which three violations of Title 21 constituted the series of transactions that made up the continuing criminal enterprise (CCE) constituted Richardson error, defendant failed to establish plain error since defendant could not demonstrate that the erroneous instruction led to his CCE conviction, and, additionally, the error did not seriously affect the fairness, integrity or public reputation of the judicial proceedings; jury's decision to convict established that defendant was unanimously found guilty of at least three predicate violations constituting the continuing series. Comprehensive Drug Abuse Prevention and Control Act of 1970, S 408, 21 U.S.C.A. S 848; Fed.Rules Cr.Proc.Rule 52(b), 18 U.S.C.A. | Does the government violate federal bribery laws when they promise immunity and possible sentence reductions in exchange for testimony at trial? | 011680.docx | LEGALEASE-00136357-LEGALEASE-00136358 |
| United States v. Carson, 464 F.2d 424 | 63+1(2) | Defendant administrative assistant to member of Senate Judiciary Committee was clearly embraced within terms of the bribery statute, for purposes of situation in which influence of defendant was sought in connection with federal criminal charges that were being contemplated against other persons. 18 U.S.C.A. S 201(a). | "Are federal bribery statutes construed to cover any situation in which the advice or recommendation of a Government employee would be influential, irrespective of the employee's specific authority to make a binding decision?" | 011709.docx | LEGALEASE-00136656-LEGALEASE-00136658 |
| Am. Sur. Co. of New York v. Multnomah Cty., 171 Or. 287 | 277+13 | An averment of knowledge is not a "conclusion of law," even if source of knowledge is designated. | Is an averment of knowledge a conclusion of law? | 023342.docx | LEGALEASE-00136568-LEGALEASE-00136569 |
| Agri Process Innovations v. Envirotrol, 338 S.W.3d 381 | 30+4522 | While counsel's closing argument would have been helpful to the jury in understanding the applicable rule of law concerning agency, it was not sufficient to allow the jury to render an informed verdict, and thus, was insufficient to rebut the presumption of prejudice raised by trial court's failure to modify verdict director to submit question of whether agent, in entering into contract, acted within the scope and course of his agency, and to specifically define the term "scope and course of agency"; irrespective of comments made during closing arguments, jurors were required to follow only directions and instructions given to them by the court, and could have rejected statements made by counsel when they were not supported by the verdict director. | "When the request or the response is fairly susceptible to more than one interpretation, will the trial court allow each party to argue its interpretation to the jury as opposed to giving conclusive effect to one of the interpretations?" | Pretrial Procedure - Memo # 3929 - C - MS.docx | ROSS-003290582-ROSS-003290583 |
| Butterman v. R. H. Macy & Co., 33 A.D.2d 746 | 307A+91 | Plaintiff's right to examination is not unlimited. | Is a plaintiff's right to examination not unlimited? | 031482.docx | LEGALEASE-00136954-LEGALEASE-00136955 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Agrisource v. Johnson, 156 Idaho 903 | 228+185.3(7) | Wheat seller's statements, submitted in support of his motion for summary judgment against wheat buyer on its action for breach of commodities purchase contract, were insufficient to create a reasonable inference that seller disclosed his agency for his principal, and thus, seller could be held personally liable for the breach; the trial court found that at best, seller was acting for a partially disclosed principal and consequently liable on the contract, seller did not recall if heever informed buyer of the full name of his principal, and even though buyer endorsed buyer's checks with a stamp that listed his principal's full name, buyer had no duty to investigate the endorsements. | When can an agent be held personally liable? | 042146.docx | LEGALEASE-00136758-LEGALEASE-00136759 |
| Doll v. Getzschmann, 90 Neb. 370 | 322H+612 | Where a vendor of realty takes a series of notes for deferred payments, and, when executed, indorses one of them paid and surrenders it pursuant to the contract, the indorsement is a substantive part of the note and must be construed with the contract of sale to show the agreed consideration for the sale. | Is a memorandum at the back of an instrument a substantive part of the instrument? | 010839.docx | LEGALEASE-00137767-LEGALEASE-00137769 |
| State v. Fitzpatrick, 125 Mont. 448 | 67+41(5) | Evidence was insufficient to sustain conviction of burglary in the first degree in that such evidence totally failed to establish that the burglary was committed in the nighttime. R.C.M.1947, SS 94-901, 94-902, 94-905. | Is night time burglary a first degree offense? | Burglary - Memo 100 - JS.docx | ROSS-003330869-ROSS-003330870 |
| Smo v. Black, 770 P.2d 925 | 307A+485 | Property owners did not act reasonably in contesting authenticity of document entered into by their predecessors for purposes of rule permitting award of fees and expenses for unreasonably refusing to respond to request for admission, even if they acted reasonably in contesting document's binding effect. Rules Civ.Proc., Rules 45, subd. C, 46, subd. C. | Is the purpose of ORCP 46 to reimburse a party for expenses incurred because of the need to prove facts that were unreasonably denied? | 030149.docx | LEGALEASE-00137312-LEGALEASE-00137313 |
| McKinney v. Hirstine, 257 Iowa 395 | 307A+725 | "Continuance" means only that date of hearing or trial is postponed; it does not affect merits of case, does not change any rulings that have been made, and leaves all matters as they were before, except that time is extended. | What does continuance mean? | Pretrial Procedure - Memo # 4729 - C - SU.docx | LEGALEASE-00027696-LEGALEASE-00027697 |
| Matter of Mickler, 50 B.R. 818 | 308+105(1) | Payment to an agent is deemed to be payment to the principal. | Is payment made to an agent deemed to be payment made to principal? | Principal and Agent - Memo 74 - KC.docx | ROSS-003304679-ROSS-003304680 |
| Blair v. Nw. Tr. Servs., 193 Wash. App. 18 | 83E+426 | A note indorsed in blank is payable to its bearer. West's RCWA 62A.3-205(b). | To whom is a blank note payable? | 010248.docx | LEGALEASE-00138295-LEGALEASE-00138296 |
| Coleman v. McCormick, 874 F.2d 1280 | 230+33(1.10) | Fair cross section challenge to constitutionality of jury venire could not be upheld absent evidence that person from lower socioeconomic areas of city, allegedly excluded from jury, formed distinctive group in community, or that if such group existed it consisted of sufficient number of persons so that its systematic exclusion from jury panels would support challenge. U.S.C.A. Const.Amend. 6. | "In a bribery case, did the judge exclude anyone or any cognizable group when the sole criterion he employed was to serve longer?" | Bribery - Memo #486 - C-EB.docx | ROSS-003291590-ROSS-003291591 |
| People v. Atkins, 217 Ill. 2d 66 | 110+1139 | Question of whether an amendment to the residential burglary statute, making burglary a lesser-included offense of residential burglary, could be applied retroactively was solely one of law, and thus Supreme Court review was de novo. S.H.A. 720 ILCS 5/19-3. | Is burglary lesser included offense than residential burglary? | Burglary - Memo 191 - KNR.docx | ROSS-003288257-ROSS-003288258 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Guthrie v. Buckeye Cannel Coal Co., 66 Ind. 543 | 307A+74 | Though 2 Rev.St.1876, p. 141, S 256, provides that the deposition shall be subscribed by the deponent after being carefully read to or by him, it is not necessary that the certificate show that such section was complied with. | Shall a deposition be written down by a disinterested person? | 031858.docx | LEGALEASE-00138870-LEGALEASE-00138871 |
| Maddox v. Stone, 174 Md. App. 489 | 307A+747.1 | Scheduling orders are but the means to an end, not an end in and of themselves. Md.Rule 2-504. | "Are scheduling orders means to an end, not an end in and of themselves?" | 031992.docx | LEGALEASE-00138155-LEGALEASE-00138156 |
| People v. McMann, 2003 WL 932403 | 67+3 | Defendant could be convicted of burglary if he formed intent to steal after he entered relevant structure but before he entered room within structure from which item was taken. West's Ann.Cal.Penal Code S 459. | "Does entry into any type of room, with the requisite intent, constitute burglary?" | 012823.docx | LEGALEASE-00139121-LEGALEASE-00139122 |
| Second Measure v. Kim, 143 F. Supp. 3d 961 | 226H+71 | Under California common law, purported business partner was not required to seek dissolution or accounting before bringing action against other partner following alleged breach of express partnership or joint venture agreement, where purported partner alleged that he was "shut out" of the business or joint venture agreement, and that the other partner converted it to his own use. | Can a partner reengage in the same line of business after the dissolution of partnership? | 022339.docx | LEGALEASE-00139214-LEGALEASE-00139215 |
| In re J.P., 365 S.W.3d 833 | 30+3239 | Appellate court reviews a trial court's denial of a motion for continuance for abuse of discretion; unless the record shows a clear abuse of discretion, the appellate court will not reverse a trial court's decision. | "When a motion for continuance is based on the lack of counsel, must the movant show that the failure to be represented at trial was not due to their own fault or negligence?" | 031864.docx | LEGALEASE-00139218-LEGALEASE-00139219 |
| Harrison v. Harrison, 367 S.W.3d 822 | 134+145 | Denial of wife's motion for continuance to obtain new counsel, in divorce action, after wife's attorney was permitted to withdraw 40 days before trial over wife's objection was abuse of discretion; attorney sought to withdraw due to nonpayment of fees but amount of fees due was not clearly established, there was no evidence that wife was able to pay attorney fees but refused to do so, attorney could have filed motion for interim fees in order to prevent prejudice to wife but did not do so, and although wife had previously hired and fired five other attorneys, there was no evidence that case was delayed as result. V.T.C.A., Family Code S 6.502(a)(4); Vernon's Ann.Texas Rules Civ.Proc., Rule 10. | Will the serial hiring and firing of attorneys for dilatory purposes be a legitimate concern to be balanced against a requested continuance in appropriate circumstances? | 031870.docx | LEGALEASE-00139224-LEGALEASE-00139225 |
| Fry v. Blauvelt, 818 N.W.2d 123 | 30+4270 | Home remodeling company was not entitled to a new trial after the trial court failed to enforce pretrial order regarding disclosure of exhibits against home owner, who disclosed new exhibits a day before trial, in breach of contract case; company was not prejudiced by owner's failure to include the exhibits in her original exhibit list, and the testimony concerning the new exhibits consisted of five pages of a trial transcript that exceeded 580 pages. I.C.A. Rule 1.1004(3). | Does a scheduling order encourage pretrial management and assist the trial court in controlling the direction of the litigation? | Pretrial Procedure - Memo # 5022 - C - VA.docx | ROSS-003288721-ROSS-003288722 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lasky v. McHugh, 92 F. Supp. 3d 3 | 34+22(6) | Decision by Army Board for the Correction of Military Records (ABCMR) to deny former service member's request to upgrade his bad conduct discharge to general discharge was not arbitrary, capricious, or unsupported by substantial evidence under the Administrative Procedure Act (APA); ABCMR considered service member's offenses of possessing a fraudulent furlough order and impersonating a corporal and determined that service member did not meet standards of acceptable conduct and performance duty for Army personnel and that service member did not provide evidence of post-service conduct that would support relief as a matter of equity. 5 U.S.C.A. S 702. | Does the Secretary of the Army have broad discretion in correcting military records? | 008524.docx | LEGALEASE-00139479-LEGALEASE-00139481 |
| Reed v. State, 157 Tex. Crim. 585 | 63+1(1) | The statute which provides in relevant part that any person who, directly or indirectly, offers, gives or promises any money or thing of value to any executive or judicial officer or member of the legislature to influence him in the performance of official duties shall be guilty of bribery subsumes all activities and conduct which may be characterized as an attempt to bribe; that is, the bribery statute, by its very terms, includes the attempt to influence. Code of Ala.1975, S 13-5-31. | Does the law defining bribery also include attempted bribery? | Bribery - Memo #614 - C-JL.docx | ROSS-003288646-ROSS-003288647 |
| Freeland v. Prince, 41 Me. 105 | 307A+74 | The fact that the caption of a deposition did not show that the deponent was duly sworn before giving his deposition, as required by statute governing depositions taken within the state, does not render it inadmissible when taken out of the state; 2 Rev.St. c. 133, S 22, providing that depositions taken out of the state by persons lawfully empowered may be admitted or rejected by the court at their discretion. | "Is a recital in the caption that the deponent sworn ""to testify the truth and nothing but the truth"" fatally defective?" | 032272.docx | LEGALEASE-00139446-LEGALEASE-00139448 |
| Felder v. Felder, 71 Ga. App. 860 | 38+49 | An uncertified check, delivered by husband to his wife for love and affection, payable to wife and drawn against husband's general deposit account, does not assign any part of husband's deposit, and is revocable at any time before presentation to bank for payment and is revoked by husband's death. Code, SS 12-303, 14-1707, 48-101, 48-103. | Is the check delivered by drawer to payee as a mere gift and not paid or accepted in the lifetime of the drawer revoked by his death not a valid claim against his estate? | 009055.docx | LEGALEASE-00140061-LEGALEASE-00140062 |
| Clifford v. W. Hartford Creamery Co., 103 Vt. 229 | 366+4 | Accommodation maker held entitled to subrogation to all rights and remedies of creditor, including securities, against party accommodated, whose debt accommodated maker was compelled to pay, not withstanding Negotiable Instruments Law. G.L. 2868, 2899, 2929. | When the Negotiable Instruments Act is silent is it governed by the rules of equity including the law merchant? | Bills and Notes - Memo 133 - IS.docx | ROSS-003290805-ROSS-003290806 |
| Parks v. Brown, 16 Ill. 454 | 83E+440 | A blank indorsement may be stricken out at the trial. | Can a blank indorsement be stricken out at the trial? | Bills and Notes - Memo 410 - RK.docx | ROSS-003288541-ROSS-003288542 |
| Liberty Nat. Bank & Tr. Co. v. Dvorak, 199 N.W.2d 414 | 195+53(3) | A guarantor of a note is exonerated by an act of creditor without consent of guarantor which changes original obligation of principal by substantially increasing principal debt and by providing for increased monthly payments extended over a longer period of time, even though original note contained provisions whereby guarantor consented to any extension and renewal without notice. | When is an obligation renewed? | 010268.docx | LEGALEASE-00140227-LEGALEASE-00140228 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bowles v. Oakman, 246 Mich. 674 | 83E+736(7) | That note owned by plaintiff was transferred to him in fraud of payee held no defense to maker. | Can fraud be a defense to a negotiable note? | 010307.docx | LEGALEASE-00139891-LEGALEASE-00139892 |
| Gray v. City of Salem, 271 Mass. 495 | 361+1586(1) | Legislature can ratify grant of pension where it could have authorized grant in the first place. | Can the legislature ratify a grant of pension? | 022757.docx | LEGALEASE-00140482-LEGALEASE-00140483 |
| Voorheis v. Hawthorne-Michaels Co., 151 Cal. App. 2d 688 | 307A+74 | Since there is always an inherent possibility of error in the transcription of a deposition, a final opportunity for correction of the writing as completed should be given by the reading to or by the witness. West's Ann.Code Civ.Proc., SS 2006, 2022, 2032. | "Is a deposition not final until read, signed and filed and until that time it may be corrected?" | Pretrial Procedure - Memo # 5367 - C - BP.docx | ROSS-003288805-ROSS-003288806 |
| Am. Fid. Co. of Montpelier, Vt. v. E. Ohio Sewer Pipe Co., 53 Ind. App. 335 | 366+35 | Municipal contractor's surety, who did not assert right to subrogation to money in city's hands until long after assignment of money and commencement of materialman's action against surety, cannot, because of laches, claim subrogation to money due principal. | Will subrogation be allowed if the person claiming the right of subrogation has unreasonably delayed in asserting such right? | Subrogation - Memo # 1256 - C - SHB.docx | ROSS-003290120-ROSS-003290121 |
| In Matter of CUA Autofinder, 387 B.R. 906 | 366+35 | Under Georgia law, whether right of subrogation has been waived is question of intention. | Is the waiver of the right of subrogation a question of intention? | 043570.docx | LEGALEASE-00140103-LEGALEASE-00140104 |
| Osborn v. United States, 385 U.S. 323 | 63+3 | Fact that informer, who had allegedly been employed by defendant to contact prospective juror in federal criminal case, never intended to carry out scheme did not preclude conviction, on theory of impossibility, for endeavoring to bribe member of jury panel. 18 U.S.C.A. S 1503. | Can the doctrine of impossibility be a defense to a charge of endeavor to bribe a juror? | 012046.docx | LEGALEASE-00141842-LEGALEASE-00141843 |
| McDonald v. State, 57 Ala. App. 529 | 63+1(2) | Term "value," within bribery statute prohibiting legislative, executive or judicial officers or their clerks, agents or employees from accepting or agreeing to accept a thing of value with the understanding that such person's decision is to be given on a particular side in any cause pending before him, is not limited to desirable things generally received in bribery cases; the test of value is the desire of a person for the thing in question. Code of Ala., Tit. 14, S 64. | Should the value of bribe be tested by whether the recipient subjectively attaches value to the thing received? | 012100.docx | LEGALEASE-00140734-LEGALEASE-00140735 |
| Turner v. State ex rel. Gruver, 168 So. 2d 192 | 63+3 | The giver of a bribe is an "accomplice" of the receiver of the bribe. | Is the giver of a bribe an accomplice of the receiver of the bribe? | 012103.docx | LEGALEASE-00140748-LEGALEASE-00140749 |
| Kelly v. Carroll, 223 Ill. App. 309 | 113+3 | A usage or custom, to be binding, must be so uniform, long established, and generally acquiesced in and so well known as to induce the belief that the parties contracted with reference to it, in the absence of anything to the contrary in their contract. | What are the elements of a valid custom? | 014160.docx | LEGALEASE-00141752-LEGALEASE-00141753 |
| Hughes v. Stanley, 45 Iowa 622 | 113+3 | It is competent for parties to enter into a contract in accord with an established usage or custom recognized by both, and the contract will be binding upon them. | Can parties use custom known to them in contracts? | 014202.docx | LEGALEASE-00141886-LEGALEASE-00141887 |
| Frontier Expl. v. Blocker Expl. Co., 709 P.2d 39 | 260+97 | Joint operation of an oil and gas venture sufficient to give rise to "mining partnership" requires more than mere tenancy in common, working interest in lease, contribution of equipment, right to give counsel, obligation to approve expenditures, right to take in kind or right of access, but requires joint operators to have choice and participation in control and management. | Does co-ownership give rise to a mining partnership? | 021302.docx | LEGALEASE-00141531-LEGALEASE-00141532 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Harrison-Wyatt v. Ratliff, 267 Va. 549 | 260+55(5) | Surface landowners, who had conveyed all the coal in and under their land, retained right to a gas, called coal bed methane (CBM), that was produced from the coal seams; CBM was a gas that existed freely in the coal seam and was a distinct mineral estate. | Is methane gas a constituent part of coal? | 021369.docx | LEGALEASE-00141916-LEGALEASE-00141917 |
| Anderson Living Tr. v. WPX Energy Prod., 306 F.R.D. 312 (D.N.M.), adhered to on reconsideration, 312 F.R.D. 620 | 170A+613.7 | In ruling on a motion to reconsider an interlocutory order, a court should consider the case's overall progress and posture, the motion's timeliness relative to the order it challenges, and any direct evidence the parties may produce, and use those factors to assess the degree of reasonable reliance the opposing party has placed in the court's prior ruling. Fed. R. Civ. P. 54(b). | Is processing something that takes place in order for the gas to be marketable to interstate pipelines? | Mines and Minerals - Memo #31 - C - CSS.docx | ROSS-003288951-ROSS-003288952 |
| Strickland v. Commc'ns & Cable of Chicago, 304 Ill. App. 3d 679 | 302+229 | The right to amend a complaint is not absolute. | Is the right to amend a complaint absolute? | 023450.docx | LEGALEASE-00140951-LEGALEASE-00140952 |
| McMillan v. City of Tacoma, 26 Wash. 358 | 371+2987 | The word "tax," as used in Amendatory Revenue Law 1899, p. 302, S 20, declaring that the holder of a general tax certificate, before bringing an action to foreclose the lien, shall "pay the taxes that have accrued on the property," does not include assessments for street improvements. | What are local assessments enforced to serve? | 045137.docx | LEGALEASE-00140845-LEGALEASE-00140846 |
| Boston & M.R.R. v. Wilton R. Co., 87 N.H. 416 | 371+3403 | "Income tax" is not tax on property and "property tax" does not embrace income. | Does property tax embrace income? | 045150.docx | LEGALEASE-00140891-LEGALEASE-00140892 |
| In re Advisory Opinion to the Governor, 98 Fla. 843 | 371+2005 | Power of state to tax is plenary. | Is a states power to tax plenary? | Taxation - Memo # 562 - C - CK.docx | ROSS-003303688-ROSS-003303689 |
| Montgomery Cty. v. Waters Landing Ltd. P'ship, 99 Md. App. 1 | 104+190.1 | Development impact tax was "excise tax," rather than "property tax," which county had authority to enact under statute authorizing county to tax to same extent as state, with specific exceptions; tax was on use, not ownership, of property, tax was based on size and type of proposed development, not value of property, lien would rarely be placed on property for failure to pay tax, and tax was due before building permit was issued, not on any specific date. Acts 1963, c. 808, S 1. | "Is ""property tax"" a charge on the owner of property by reason of his ownership alone without regard to any use that might be made of it?" | 045558.docx | LEGALEASE-00142039-LEGALEASE-00142040 |
| Berry v. Costello, 62 Ill. 2d 342 | 238+7(1) | Illinois mobile home privilege tax was constitutional, even if considered to be a personal property tax. S.H.A. ch. 120, SS 1201 et seq., 1203; Supreme Court Rule, rule 302(a), S.H.A. ch. 110A, S 302(a); S.H.A.Const.1970, art. 9, SS 1, 2, 5(a-c); Soldiers' and Sailors' Civil Relief Act of 1940, S 514, 50 U.S.C.A. App. S 574. | Can taxes be laid by a state on the exercise of personal rights and privileges? | 045623.docx | LEGALEASE-00141661-LEGALEASE-00141662 |
| United Aircraft Int'l v. Greenlandair, 298 F. Supp. 1329 | 25T+145 | The provision "Buyer is left to whatever remedies it may have at law for any claim of negligence", included in contract for purchase of helicopters, was too ineptly worded to be regarded as a specific exception to provision, incorporated five pages and six articles further in the agreement, that "any disputes arising under this Contract shall be settled and finally determined by arbitration", and thus buyer's claim against seller for damages resulting from crash of helicopter was arbitrable. | Is there anything incongruous about permitting arbitrators to resolve a dispute over conduct for which the law provides a remedy? | 007515.docx | LEGALEASE-00143181-LEGALEASE-00143182 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. O'Brien, 994 F. Supp. 2d 167 | 63+6(1) | Indictment charging former officials at Massachusetts Office of Probation with offenses arising out of alleged scheme to defraud involving process of hiring probation officers, in alleging that defendants gave state legislators the opportunity to fill probation positions to which those legislators were not legitimately entitled, alleged payment of a bribe, as required for bribery concerning programs receiving federal funds. 18 U.S.C.A. S 666(a)(2). | Does the bona fide exception apply to intentional misapplication of payments for legitimate purposes? | 011209.docx | LEGALEASE-00142362-LEGALEASE-00142363 |
| State v. Petitto, 59 So. 3d 1245 | 316P+865 | In an effort to assure that elected officials and public employees are independent and impartial, governmental decisions and policy are made in the proper channel of the governmental structure, public office and employment are not used for private gain, other than the remuneration provided by law, and there is public confidence in the integrity of government, the Code of Governmental Ethics proscribes certain conflicts of interest; duty imposed by the Code of Governmental Ethics is not to becomeembroiled in a prohibited conflict of interest. LSA-R.S. 42:1101(B). | What is public bribery? | Bribery - Memo #352 - C-CSS.docx | ROSS-003288126-ROSS-003288127 |
| State v. Hendricks, 66 Ariz. 235 | 63+1(2) | Directing highway travelers, who have been "fleeced" in gambling games at establishments along highway to proper authorities to present their grievances, is sufficiently within highway patrolman's duties as a peace officer and as one engaged in enforcing laws relating to use of highway so that offer of money to influence patrolman's action in such regard constituted statutory offense of "offering a bribe". Code 1939, SS 12-101, 12-301, 43-1702, 66-701, 66-704 (A.R.S. SS 13-281, 13-282, 28-231, 28-233, 38-101, 38-231). | Can the bribery of an officer to facilitate proposed unlawful conduct even in matters which the officer cannot finally determine constitute an inducement of action on matters within his official capacity? | Bribery - Memo #412 - C-CSS.docx | ROSS-003288626-ROSS-003288627 |
| United States v. River Coal Co., 748 F.2d 1103 | 51+3343.5 | Abandoned mine reclamation fee is a "tax" for purposes of section of former Bankruptcy Act precluding discharge of taxes which became due and owing to the United States within three years preceding bankruptcy. Surface Mining Control and Reclamation Act of 1977, S 401(c)(1), 30 U.S.C.A. S 1231(c)(1); Bankr.Act, S 17, 11 U.S.C. (1976 Ed.) S 35. | Is the reclamation fee a tax? | 021212.docx | LEGALEASE-00143267-LEGALEASE-00143268 |
| Reed v. Munn, 148 F. 737 | 150+427(1) | Where a bill seeks to enforce an unrecorded trust interest in a mining claim, the legal title to which is an assignee of the locator, under a syndicate agreement, to the constitution of which the bill alleges the beneficiaries assented, it is error to decree a revocation and to revest the title of the mine in the beneficiaries who had waived a right to reclaim the mine itself, whether recovery should be limited to a share in the proceeds of the lease and sale under the syndicate agreement. | Is there a relation of trust or confidence between mining partners which is violated by the sale and assignment by one partner of his share in the property and business to a stranger? | 021318.docx | LEGALEASE-00142569-LEGALEASE-00142570 |
| Savka v. Smith, 58 Ill. App. 3d 12 | 302+11 | Ordinarily it is improper to plead evidence in complaint, but if recovery is sought for injuries caused by another's violation of statute or ordinance, statute or ordinance must be pleaded even though it also is evidence. | Is it improper to plead evidence? | 023486.docx | LEGALEASE-00142780-LEGALEASE-00142781 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Watts v. Metro Sec. Agency, 346 S.C. 235 | 272+1525 | Allegations in complaint, that defendant as an agent, servant, board member, or employee of alcohol-serving establishment owed duty to plaintiff and negligently failed to prevent gunman from shooting him, negligently failed to employ adequate security, and negligently served gunman alcohol while he was intoxicated and disorderly, and that defendant's negligence caused plaintiff's injury, were sufficient to state cause of action for negligence; complaint gave fair notice of claim by alleging ultimate facts. Rules Civ.Proc., Rule 8. | Do ultimate facts fall somewhere between the verbosity of evidentiary facts and the sparsity of legal conclusions? | 023492.docx | LEGALEASE-00142945-LEGALEASE-00142946 |
| Burriss v. Wise, 2 Ark. 33 | 307A+726 | Where, at December Term, 1838, a cause was continued on account of the absence of A and B, two of defendant's witnesses; and at May Term, 1839, another affidavit for continuance is filed by him on account of the absence of A, one of the same witnesses, a continuance cannot be granted, because no suit can be twice continued for the same cause. | Can a suit be continued twice for the same cause? | Pretrial Procedure - Memo # 6100 - C - DHA.docx | ROSS-003301663-ROSS-003301664 |
| Butler v. S & S P'ship, 207 Md. App. 60 | 307A+44.1 | When a discovery violation has occurred, the issue must be before the trial judge before he or she may rule on it; a court may award sanctions for failure of discovery only when there is a discovering and moving party. Md.Rule 2-432. | "Just as there are sanctions for the violation of the discovery rules, are sanctions available for the violation of directives in scheduling orders?" | Pretrial Procedure - Memo # 6103 - C - CK.docx | ROSS-003303049 |
| Fox v. Nichter Const. Co., 978 N.E.2d 1171 | 336H+12 | In determining whether to allow the use of collateral estoppel, the trial court must engage in a two-part analysis: (1) whether the party in the prior action had a full and fair opportunity to litigate the issue, and (2) whether it is otherwise unfair to apply collateral estoppel given the facts of the particular case. | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, may a trial court weigh the evidence to determine the existence of the requisite jurisdictional facts?" | Pretrial Procedure - Memo # 6310 - C - KG.docx | LEGALEASE-00032803-LEGALEASE-00032804 |
| McFall v. State, 235 Ga. 105 | 352H+401 | Trial court did not err in charging at State's request that when act of sexual intercourse with girl under age of 14 is shown, law supplies essential element of force, in case in which defendant was charged with forcible rape, not statutory rape, but age of victim was not shown in indictment. Code, SS 26-2001, 26-2018. | Can an infant under ten years of age consent to sexual acts? | 043076.docx | LEGALEASE-00143402-LEGALEASE-00143403 |
| Edward Brown & Sons v. McColgan, 53 Cal. App. 2d 504 | 371+2233 | The tax on privilege of exercising corporate franchises is not an "occupational tax" and is not imposed on the doing of business, though phrase "doing business" is used to describe the group intended to be taxed, but is imposed on the privilege of doing business as a corporation, and using the corporate mechanism with its advantages over other forms of doing business in the state. St.1935, p. 1246, S 4(3) (repealed 1951. See Revenue and Taxation Code, S 23001 et seq.); Const. art. 13, S 14. | "Is the tax levied upon privilege of doing business an ""excise tax""?" | 045577.docx | LEGALEASE-00142302-LEGALEASE-00142303 |
| Ellis v. Title Ins. & Tr. Co., 227 Cal. App. 2d 204 | 371+2060 | Taxes on realty are payment for governmental services. | Are taxes on real estate a payment for governmental services? | 045592.docx | LEGALEASE-00142481-LEGALEASE-00142482 |
| Am. Nat. Bank & Tr. Co. v. Dep't of Revenue, 242 Ill. App. 3d 716 | 371+2060 | All property is presumed to be subject to taxation. | Is property presumed to be subject to taxation? | 045644.docx | LEGALEASE-00142826-LEGALEASE-00142827 |
| Keaney v. Treasurer of State, 415 S.W.3d 774 | 413+2 | Worker's compensation law is entirely statutory. V.A.M.S. S 287.010 et seq. | Is workers compensation statutory in nature? | Workers Compensation - Memo #386 ANC.docx | ROSS-003303697 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Miller Brewing Co. v. Fort Worth Distrib. Co., 781 F.2d 494 | 25T+210 | Waiver of arbitration is not a favored finding, and there is a presumption against it; nevertheless, under appropriate circumstances a waiver may be found. | Is there a presumption against waiver of arbitration? | 007701.docx | LEGALEASE-00144816-LEGALEASE-00144817 |
| State v. Small, 2005 WL 678116 | 110+780(1) | Trial court's failure to give cautionary instruction on credibility of accomplice testimony, alerting jurors that accomplices are witnesses with special motives that the average juror may never before have encountered, when defense counsel had clearly and timely requested instruction, was harmful error. R.C. S 2923.03(D). | Is cautionary instruction regarding accomplice testimony proper where there is some evidence of complicity? | Bribery - Memo #287 - C-EB.docx | ROSS-003302274-ROSS-003302275 |
| State v. Otto, 529 N.W.2d 193 | 67+4 | Attached garage is part of "occupied structure" for purposes of burglary statute, and thus a burglary conviction may be supported by proof that defendant entered attached garage with intent to commit crime, and it is not necessary to demonstrate entry into actual house itself. SDCL 22-1-2(28), 22-32-1. | Is an attached garage subject to a burglary? | 012916.docx | LEGALEASE-00144885-LEGALEASE-00144888 |
| Dellinger Septic Tank Co. v. Sherrill, 94 N.C. App. 105 | 302+11 | A party is not required to plead evidence. | Is a party required to plead evidence? | 023520.docx | LEGALEASE-00144129-LEGALEASE-00144130 |
| Schneider v. Spaeth, 133 So. 3d 1167 | 307A+746 | Trial court could not enter default against defendant who failed to attend a mandatory case management conference absent a finding that her conduct was willful; order merely stated that the conference had been properly noticed and that defendant had been advised that her non-appearance would amount to an abandonment of her defense and give rise to a default. West's F.S.A. RCP Rule 1.200(c). | Is the requisite written finding of willfulness is to provide assurance that the trial judge has made a conscious determination that the noncompliance was more than mere neglect or inadvertence? | Pretrial Procedure - Memo # 5804 - C - CK.docx | ROSS-003302425-ROSS-003302426 |
| Atchison, T. & S. F. R. Co. v. Pearson, 6 Kan. App. 825 | 307A+74 | Under a statute requiring the certificate of an officer before whom a deposition has been taken to show that the deponent was first sworn "to testify the truth, the whole truth, and nothing but the truth," a certificate which shows that the deponents were sworn "to testify the whole truth of their knowledge touching the matter in controversy" is insufficient. | Can a deposition be read in evidence unless it plainly and satisfactorily appears from the certificate of the justice that all the requirements of the statute have been fully complied with? | 033099.docx | LEGALEASE-00144043-LEGALEASE-00144044 |
| Bergstrom v. Polk Cty., 2011 WI App 20, 331 Wis. 2d 678 | 30+3230 | Whether the special circumstances exception applies to excuse a plaintiff's failure to serve a summons and complaint in a manner prescribed by statute, and whether the facts establish the existence of special circumstances, are questions of law that an appellate court reviews independently. W.S.A. 801.11. | "Is failure to properly serve a defendant a fundamental defect fatal to the action, regardless of prejudice, and warrants dismissal of the plaintiff complaint?" | 033673.docx | LEGALEASE-00144169-LEGALEASE-00144170 |
| Wells Fargo Bank, N.A. v. Reeves, 92 So. 3d 249 | 266+1798 | Dismissal with prejudice, due to alleged fraud upon the court, of mortgagee's foreclosure action was an abuse of the trial court's discretion, although mortgagors' motion to dismiss the complaint stated that statements in the complaint that mortgagee owned the mortgage and note and that it brought the suit in its capacity as a valid securitized trustee constituted fraud upon the court, where dismissal with prejudice was not supported by clear and convincing evidence advanced by the mortgagors of sufficiently unconscionable, deceitful conduct by the mortgagee. | Is the power to dismiss a case for fraud upon the court an extraordinary remedy found only in cases where a deliberate scheme to subvert the judicial process has been clearly and convincingly proved? | 034514.docx | LEGALEASE-00143876-LEGALEASE-00143877 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jimenez v. Ortega, 179 So. 3d 483 | 30+3202 | While an appellate court reviews a trial court's dismissal sanction for abuse of discretion, a more stringent abuse of discretion standard is appropriate because dismissal is an extreme remedy. | "Does a trial court have the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when the plaintiff has perpetrated a fraud on the court?" | 034604.docx | LEGALEASE-00144017-LEGALEASE-00144018 |
| Herman v. Intracoastal Cardiology Ctr., 121 So. 3d 583 | 30+3259 | Orders dismissing complaints for fraud upon the court are reviewed to determine if there has been an abuse of discretion. | "When imposing the sanction of dismissal for fraud upon the court, should trial courts weigh the policy favoring adjudication on the merits with the need to maintain the integrity of the judicial system?" | Pretrial Procedure - Memo # 6883 - C - VP.docx | ROSS-003302000-ROSS-003302001 |
| Hoy v. State, 53 Ariz. 440 | 63+5.1 | A judge of the superior court to which a defendant charged with bribery was held to answer on preliminary examination was a "magistrate" within purview of constitutional provision prohibiting prosecution for felony by information without the defendant having had or waived a preliminary examination before a magistrate; and hence defendant was legally held to answer under a preliminary examination held by such judge. Rev.Code 1928, SS 4515, 4927 et seq., 4948 et seq.; Const. art. 2, S 30 (A.R.S.). | "Does a justice of the peace, when exercising the powers of a magistrate, have equal authority with the justices of the Supreme Court and judges of the superior courts when acting in a similar capacity?" | 01680.docx | LEGALEASE-00092058-LEGALEASE-00092059 |
| United States v. Ganim, 225 F. Supp. 2d 145 | 63+6(3) | Indictment alleging that city received federal funds administered, inter alia, by three specified city agencies, and that mayor used his influence with city agencies, including the three named agencies, for the benefit of individuals and corporations who allegedly bribed him, sufficiently alleged violation of the federal-program bribery statute. 18 U.S.C.A. S 666. | "For purpose of bribery, what kind of connection between the bribe and the federal fund should be proved?" | 012322.docx | LEGALEASE-00145739-LEGALEASE-00145741 |
| Nguyen v. Hoang, 507 S.W.3d 360 | 115+15 | Award of $93,109.75 to one family member for breach of parties' agreement and $212,208 for breach of partnership duties and of $72,170.48 to second family member for breach of partnership agreement and $132,418.26 for breach of partnership duties violated one-satisfaction rule in action by family members who decided to purchase and operate chicken farm against other members; jury twice awarded family members for other member's decision to withhold 20 percent of profits to cover his and second other member's labor costs on two farms. | Does a partner become liable to the partnership and other partners for a breach of duty which causes harm to the partnership or other partners? | 022446.docx | LEGALEASE-00146331-LEGALEASE-00146332 |
| Kalantary v. Mention, 756 A.2d 671 | 307A+641 | A trial court may not conduct an ex parte settlement conference when a defendant fails to appear at a mandatory settlement conference; it may only to proceed to trial. Rules Civ.Proc., Rule 218(b), 42 Pa.C.S.A. | "Is the rule setting forth procedure if party not ready when case is called for trial applies not only to trial, but also to pretrial conferences?" | Pretrial Procedure - Memo # 6557 - C - TM.docx | ROSS-003288369-ROSS-003288371 |
| Mosley v. State, 908 N.E.2d 599 | 307A+552 | Moot cases are ordinarily dismissed, but that is not always the case. | Are moot cases ordinarily dismissed? | Pretrial Procedure - Memo # 6944 - C - SKG.docx | ROSS-003302905-ROSS-003302906 |
| New York Hous. Auth. v. Fountain, 172 Misc. 2d 784 | 307A+560 | Result of improper service is dismissal. | Is the result of improper service dismissal? | Pretrial Procedure - Memo # 7069 - C - AP.docx | ROSS-003289955-ROSS-003289956 |
| Damron v. Sledge, 105 Ariz. 151 | 307A+552 | Courts have inherent power to dismiss a case which is collusive. | Will finding that suit is collusive result in its dismissal? | 035418.docx | LEGALEASE-00145062-LEGALEASE-00145063 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rose v. Fiedler, 855 So. 2d 122 | 307A+46 | Dismissal of patient's medical malpractice action against doctors based on her attorney's misconduct during discovery was not warranted, even though attorney's disobedience with court was willful, deliberate, and contumacious, he had been previously sanctioned, his conduct caused prejudice to the opposing side, he offered no reasonable justification for non-compliance, and the delay created significant problems of judicial administration, where there was no evidence that the patient herself participated in her attorney's misconduct or that she was aware in any real sense of the nature or extent of her attorney's misdoings given that she was in the hospital for much of the trial. | "Would an attorney's misconduct result in a dismissal of an action, when clients involvement or complicity is lacking?" | 035548.docx | LEGALEASE-00146333-LEGALEASE-00146334 |
| Clouston v. Bd. of Cty. Comm'rs of Johnson Cty., 11 Kan. App. 2d 112 | 413+2 | Common-law rules relative to doctrine of restitution are inapplicable under the Workmen's Compensation Act, K.S.A. 44-501 et seq. | Do the general rules relating restitution apply to the compensation act? | 11495.docx | LEGALEASE-00094771-LEGALEASE-00094772 |
| Howard v. Risch, 959 So. 2d 308 | 307A+315 | Trial court lacked an evidentiary basis on which to conclude that driver perpetrated a fraud upon the court warranting dismissal by falsely answering an interrogatory question regarding his criminal history; only admissible evidence before the court was a certified copy of driver's past judgment and sentence and an affidavit from driver as to why he thought he was being honest when he answered the interrogatory, which evidence was insufficient to prove fraud. | Does a fraud that warrants dismissal of a complaint arise when it is clearly and convincingly demonstrated that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially? | 034919.docx | LEGALEASE-00146781-LEGALEASE-00146783 |
| United States v. Lee, 846 F.2d 531 | 110+778(5) | Jury instruction in bribery case, which stated that defendants, government contractors, had burden to prove affirmative defense that they were economically coerced into making bribes to government inspection official, improperly shifted burden of proof to defendants. | Does the presence of economic coercion have any effect on the intent requirement for a bribery conviction? | 012009.docx | LEGALEASE-00147722-LEGALEASE-00147723 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Lehman, 182 Mo. 424 | 210+771 | Rev.St.1899, S 2085 (V.A.M.S. S 558.020), declares that any public officer of a city, who shall directly or indirectly accept or receive any gift, etc., "or any promise or undertaking to make the same," under any agreement that his vote, opinion, judgment, or decision shall be given in any particular manner in any matter pending before him, shall be deemed guilty of bribery. An indictment charged that defendants, members of a house of delegates of a city, unlawfully entered into a certain corrupt bargain, agreement, etc., with B., by which money was by B. placed in the hands of one of the defendants thereupon selected by defendants to receive said sum, on the promise of said defendants that they would give their vote in favor of a certain measure. Held that, as the offense charged was having accepted a promise to make a gift in pursuance of an agreement to vote, the defendants need not be charged separately by indictment, and the indictment was sufficient, under section 2531 (V.A.M.S. S 545.210), providing that indictments shall not be deemed invalid for any defect or imperfection not tending to prejudice the substantial rights of the defendant on the merits. | "Is it necessary, in order to constitute bribery, that the vote of the public official bribed should be on a measure that can be enforced?" | Bribery - Memo #893 - C-LB.docx | ROSS-003285969-ROSS-003285971 |
| United States v. Hernandez, 731 F.2d 1147 | 282+136 | Witness bribery statute requires only that something of value be offered or promised, not that a bribe actually be paid. 18 U.S.C.A. S 201. | "Will any offense be committed under bribery statute, if the actual giving of money or other thing of value is absent?" | Bribery - Memo #919 - C-JL_57457.docx | ROSS-003280949-ROSS-003280950 |
| United States v. Haese, 162 F.3d 359 | 110+508(2) | Testimony of government's key witness was properly admitted, despite fact that he testified pursuant to a favorable plea agreement; statute prohibiting the giving, offering, or promising anything of value to witness for or because of his testimony was not violated by fact that witness' testimony was obtained in exchange for a favorable plea agreement. 18 U.S.C.A. S 201(c)(2). | Should governments efforts to provide benefits to witnesses in exchange for testimony be upheld by courts? | Bribery - Memo #921 - C-JL_57459.docx | ROSS-003293805-ROSS-003293806 |
| People v. Garcia, 214 Cal. App. 2d 681 | 67+4 | A room within a building may be burglarized. West's Ann.Pen.Code, S 459. | Can a room within a building be subject to burglary? | 012973.docx | LEGALEASE-00147926-LEGALEASE-00147928 |
| Holtman v. State, 12 Md. App. 168 | 67+4 | Church was not dwelling house, and defendant accused of breaking into church was not guilty of daytime housebreaking. | Is church a dwelling house within as per the burglary law? | Burglary - Memo 246 - SB_57624.docx | ROSS-003292728-ROSS-003292731 |
| Perry v. State Farm Mut. Auto. Ins. Co., 16-418 (La. App. 5 Cir. 12/14/16) | 67+4 | Outdoor telephone booths were "buildings" within burglary statute. F.S.A. S 810.05. | Is a telephone booth a building under burglary law? | 012992.docx | LEGALEASE-00147900-LEGALEASE-00147901 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lowe v. Union Oil Co. of California, 487 F.2d 477 | 260+14(1) | Plaintiffs' placer mining claims situated in the Outer Continental Shelf off the California coast were invalid where claims were filed under the general mining laws rather than under the Outer Continental Shelf Lands Act; by enacting the latter Act the United States had "otherwise provided" for disposition of such mineral interests within meaning of provision of general mining law that, except as otherwise provided, mineral deposits in lands belonging to the United States shall be free and open to exploration and purchase. 30 U.S.C.A. S 22; Outer Continental Shelf Lands Act, SS 2 et seq., 2(c), 4(a)(1), 8, 43 U.S.C.A. SS 1331 et seq., 1331(c), 1333(a)(1), 1337. | What is the purpose of the Lands Act? | 021568.docx | LEGALEASE-00147712-LEGALEASE-00147713 |
| Smith v. DeLoach, 556 So. 2d 786 | 307A+590.1 | Taking of depositions is "nonrecord activity," for purposes of rule providing for dismissal for failure to prosecute when it appears on face of record that no activity has occurred for one year. West's F.S.A. RCP Rule 1.420(e). | Is the taking of depositions nonrecord activity? | Pretrial Procedure - Memo # 7492 - C - NC_57530.docx | ROSS-003278364-ROSS-003278365 |
| Wallisville Corp. v. McGuinness, 154 So. 3d 501 | 188+291 | Fact issue as to the purpose of website visitor's $10,000 deposit with gambling website precluded dismissal, for failure to state a cause of action, of visitor's action against operators of the website for the return of the deposit; while it seemed likely that statute barring enforcement of gambling debts would bar recovery of the deposit, complaint contained no allegations as to the terms on which the deposit was being held, so as to enable trial court to decide the merits of website operators'affirmative defense raising the statute. West's F.S.A. S 849.26. | Should the party moving for dismissal for failure to state a cause of action admit all well pleaded facts as true? | Pretrial Procedure - Memo # 7607 - C - KBM.docx | ROSS-003286328 |
| Wallace v. Jones, 572 So. 2d 371 | 76E+444 | Dismissal with prejudice of proceeding to hold former husband in contempt for failure to pay child support was inappropriate and abuse of discretion; former wife made prima facie case for relief, case had come to trial and there was no want of prosecution, wife did not violate court order that was necessary for preparation of trial litigation as well as trial itself, and there was no evidence that court considered less severe sanctions. Rules Civ.Proc., Rule 41(b). | Does failure to prosecute depend on the facts of the particular case? | Pretrial Procedure - Memo # 7746 - C - NS.docx | ROSS-003327112-ROSS-003327113 |
| Wilson v. Salamon, 864 So. 2d 1122 | 307A+590.1 | Order permitting a foreign attorney to appear as co-counsel, pursuant to the procedures contained in rules of judicial administration, was not "record activity" for purposes of rule governing dismissal of cause of action for failure to prosecute. West's F.S.A. RCP Rule 1.420(e); West's F.S.A. R.Jud.Admin.Rule 2.061. | Is a timely authorized reply to an affirmative defense a pleading that constitutes record activity? | 11274.docx | LEGALEASE-00094501-LEGALEASE-00094503 |
| Stranahan Bros. Catering Co. v. Coit, 55 Ohio St. 398 | 231H+3061(2) | Where one under contract to deliver to a cheese and butter factory pure milk, and knowing that the milk is to be mixed with the milk of other patrons, intrusts the delivery to a servant, who, in the course of such employment, delivers adulterated milk, the master is liable for damages necessarily and directly resulting; and it is no defense that the servant adulterated such milk without authority, and merely to gratify his malice towards his employer, intending to injure him. | Is the employer or master liable for the delivery of adulterated milk by his employee or servant in the course of his employment? | Adulteration- Memo 30-_11yKhPezoikHMC-EaPGHTIzxD16qKrZac.docx | ROSS-000000116-ROSS-000000117 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Chorpenning v. United States, 11 Ct. Cl. 625 | 25T+111 | A reference by congress to the postmaster general, directing him "to investigate and adjust the claims" of a mail contractor, making no provision for the satisfaction of his award, and exacting no reciprocal submission from the claimant, is not an arbitration. | "Does the submission of a claim by congress to a specific department with instructions to adjudge and award according to the principles of law, equity, and justice constitute arbitrament?" | 007840.docx | LEGALEASE-00148875-LEGALEASE-00148876 |
| Trade & Transp. v. Nat. Petroleum Charterers Inc., 738 F. Supp. 789 | 25T+268 | Death of arbitrator after an award on liability does not terminate the authority of the remaining arbitrators to issue an award on damages, particularly where successor nominated by one of the parties has been accepted on the panel. | When is the authority of an arbitral board terminated? | Alternative Dispute Resolution - Memo 762 - RK_58095.docx | ROSS-003282062-ROSS-003282063 |
| Farmers' & Traders' Bank v. Laird, 188 Mo. App. 322 | 8.30E+266 | An agreement to renew a note is not void for uncertainty because it does not state how many renewals there may be or for how long. | How should an agreement to renew a note made at the time of executing it without stating the number of renewals be construed? | 010414.docx | LEGALEASE-00148371-LEGALEASE-00148372 |
| Smith v. McKeller, 638 So. 2d 1192 | 8.30E+57 | A document does not have to be negotiable to be classified as a promissory note. | Is negotiability an essential ability of a promissory note? | 010562.docx | LEGALEASE-00148693-LEGALEASE-00148694 |
| Tait's Ex'rs v. Hannum, 10 Tenn. 350 | 398+22 | If a note is executed upon a usurious consideration, it is void, whether it is executed to the lender, or to a creditor of his by his direction. | Can a note be void if it is given for usurious consideration? | 010575.docx | LEGALEASE-00148458-LEGALEASE-00148459 |
| Kennedy v. Heyman, 183 A.D. 421 | 83E+460 | A note given for the accommodation of the payee has no inception until it is delivered for value. | Can notes have inception before they are delivered? | 010579.docx | LEGALEASE-00148518-LEGALEASE-00148519 |
| Jenkins v. Wachovia Bank, Nat. Ass'n, 309 Ga. App. 562 | 83E+522 | To be a "holder" of a negotiable instrument, for purposes of holder in due course status, requires possession of the instrument. West's Ga.Code Ann. S 11-1-201(20). | To be a holder of an instrument is it necessary to have the possession of the instrument? | 010584.docx | LEGALEASE-00148604-LEGALEASE-00148605 |
| Lebowitz v. McPike, 157 Conn. 235 | 101+1416(2) | Agreement pursuant to which plaintiff deposited $20,000 in account in name of corporation and agreed to sell stock for $26,000 to officers and directors of corporation could not be enforced by plaintiff due to failure of consideration, where stock was neither authorized nor issued by corporation. (Per Cotter, J., with one judge concurring and one judge concurring in the result.) | Whether a note should be authorized /signed or issued to have a valid existence? | Bills and Notes- Memo 682-PR_57912.docx | ROSS-003320901-ROSS-003320902 |
| Manufacturers Tr. Co. v. Lafayette Nat. Bank of Brooklyn in New York, 2 Misc. 2d 518 | 83E+452 | It is the authority to endorse the check, and not the physical act of endorsement, that determines the validity of the endorsement. Negotiable Instruments Law, S 38. | What determines the validity of an indorsement? | Bills and Notes -Memo 701 -DB_58206.docx | ROSS-003308535 |
| Minter v. State, 70 Tex. Crim. 634 | 63+6(4) | Indictment for bribing policeman not to arrest accused in violation of his duties held not defective because of its failure to allege what his duties were. | "Where the defendant offered to bribe a witness to avoid the service of legal process, does the indictment have to allege that a subpna or other process had previously been issued?" | 012416.docx | LEGALEASE-00148330-LEGALEASE-00148331 |
| United States v. Ford, 435 F.3d 204 | 63+14 | In prosecution for accepting a bribe as an agent of an organization receiving federal funds, jury instructions, in explaining both the meaning of "corruptly" and "intending to be influenced," misstated the requisite criminal intent; instructions appeared to have told the jury that the "corruptly" requirement was fully satisfied by the recipient's knowledge of the donor's intent and omitted any reference to the recipient's intent in accepting the thing of value, and thus did not clearly communicate specific intent element requiring recipient's intent to be influenced in her official duties. 18 U.S.C.A. S 666(a)(1)(B). | Is the distinguishing feature of bribery and gratuity its intent element? | 012469.docx | LEGALEASE-00148628-LEGALEASE-00148629 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Carson, 464 F.2d 424 | 63+1(2) | Defendant administrative assistant to member of Senate Judiciary Committee was clearly embraced within terms of the bribery statute, for purposes of situation in which influence of defendant was sought in connection with federal criminal charges that were being contemplated against other persons. 18 U.S.C.A. S 201(a). | Does the federal bribery statute cover situation where the advice or recommendation of a Government employee would be influential? | Bribery - Memo #973 - C-JL_57940.docx | ROSS-003294436-ROSS-003294437 |
| Salinas v. United States, 522 U.S. 52 | 63+1(1) | Bribe need not affect federal funds before bribe violates federal bribery statute. 18 U.S.C.A. S 666(a)(1)(B). | Does the text of federal bribery statute require the Government to prove federal funds were involved in the bribery transaction? | 012495.docx | LEGALEASE-00148414-LEGALEASE-00148415 |
| State v. Hill, 214 S.E.2d 67 | 67+6 | Fenced enclosure behind auto parts store was "occupied structure" within meaning of burglary statute; some of store's business activities were carried on within enclosure, and store used enclosure to store parts of some value. I.C.A. SS 702.12, 713.1. | What is an occupied structure? | Burglary - Memo 257 - RK_58141.docx | ROSS-003282368-ROSS-003282369 |
| Valvoline Oil Co. v. Krauss, 335 So. 2d 64 | 156+3(3) | In concursus proceeding to have determined ownership of royalties allocable to disputed interest in oil-producing property, claimant wife would be estopped to deny that she executed 1947 property settlement agreement which was incorporated into judgment of Oklahoma court divorcing her from former husband, even though certified copy of settlement agreement attached to wife's answer in divorce action bore signature only of husband, where wife judicially confessed execution of agreement in her answer in divorce action and where former husband clearly relied on such admission when he later sold subject property as sole owner thereof. LSA-C.C. arts. 1790, 2291, 2446. | Is a party estopped from contradicting his sworn allegations in the absence of showing that his adversary was misled or deceived by reason of averment? | 017793.docx | LEGALEASE-00149013-LEGALEASE-00149014 |
| City of New London v. New York, N.H. & H.R. Co., 85 Conn. 595 | 200+75.3 | A town's approbation, required under Comp.Pub.St.1838, pp. 344, 346, in order that selectmen may discontinue a road, may be given either before or after action by the selectmen. | When is approbation given? | Highway- Memo 198-ANM_57960.docx | ROSS-003292843-ROSS-003292844 |
| Ricker v. Morin Brick Co., 223 A.2d 536 | 48A+172(1) | Driver of overtaken automobile preparing to execute left turn from middle lane of three-lane road was entitled to assume that driver of overtaking vehicle would observe rules of road and exercise due care. | What  must be followed by an overtaking driver? | 019055.docx | LEGALEASE-00148741-LEGALEASE-00148742 |
| Entek GRB v. Stull Ranches, 885 F. Supp. 2d 1082 | 260+5.1(9.1) | Federal subsurface-mineral-estate lessee failed to meet heightened burden of establishing success on merits as required for preliminary injunction compelling surface-estate owner to allow lessee to use access road across stretch of property, for which surface-estate owner held both surface and mineral estates, to reach oil well on federal land; generally applicable two-surface-owners rule would prohibit lessee from crossing one surface owner's property to reach property of another surface owner, lessee had not secured surface owner's consent or necessary bonds to use surface owner's property as required by Stock-Raising Homestead Act (SHRA), surface owner had not agreed to alter burden on its surface estate via participation in unitization agreement among subsurface lessees, and lease did not permit lessee to unilaterally bind surface owner to unitization agreement. Mineral Leasing Act, S 17(m), 30 U.S.C.A. S 226(m); Stock-Raising Homestead Act, S 9, 43 U.S.C.A. S 299; 43 C.F.R. SS 3101.1-2, 3186.1. | "In general, is a surface estate subservient to a mineral estate?" | 021179.docx | LEGALEASE-00148155-LEGALEASE-00148156 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| McClarty v. Sec'y of Interior, 408 F.2d 907 | 260+38(15.1) | In determining whether deposit of material covered by mining claim has special and distinct value because of some property, price at which it was sold in comparison with price for which material in other deposits without such property was sold was not the exclusive way of proving that deposit had distinct and special economic value. | What are the guidelines for distinguishing between common varieties and uncommon varieties of building stone? | Mines and Minerals - Memo #313 - C - EB_57764.docx | ROSS-003282227-ROSS-003282228 |
| State v. McDonald, 197 N.W.2d 573 | 218+2 | A state is not precluded, by the limitation of the crime of treason by the constitution of the United States or of the state, from making the plotting or consulting, for the purpose of encouraging, etc., an insurrection or rebellion, a distinct offense, punishable by death. | Is engaging or enlisting of men for levying war against the United States considered the offense of treason? | 047127.docx | LEGALEASE-00148849-LEGALEASE-00148850 |
| Gomes v. SociedadeLusitanaBeneficente de Hawaii, 21 Haw. 683 | 217+3465 | The making of a mark by a member of a benefit society on a declaration disposing of mortuary benefit was a sufficient signature where it was intended as a signature. | Can a mark be a signature? | Bills and Notes - Memo 768 -IS_58618.docx | ROSS-003295566-ROSS-003295567 |
| Nevill v. Hancock, 15 Ark. 511 | 58+81 | Bonds for money, by the statute of assignments, are placed upon the same footing as notes and other negotiable instruments, and an indorsement in blank transfers all the interest of the assignor which becomes vested in the holder or bearer. | Can a bill or note indorsed in blank is payable to bearer? | 010668.docx | LEGALEASE-00149659-LEGALEASE-00149660 |
| Boos v. Barry, 485 U.S. 312 | 129+101 | District of Columbia provision-prohibiting persons from displaying criticism of foreign government or from congregating within 500 feet of an embassy and refusing to disperse after having been ordered to do so by police-did not unconstitutionally require unequal treatment of labor and nonlabor activities in violation of the equal protection clause because another statute excluded labor picketing from the statute's general provisions, as the excluding statute's primary function of ensuring that the display clause did not prohibit labor picketing was largely preempted by the conclusion that the clause violated the First Amendment, while the congregation clause did not prohibit peaceful congregations, and would not be construed to protect violent labor congregations as required in order to find unequal treatment of nonlabor and labor picketing. U.S.C.A. Const.Amends. 1, 14; D.C.Code 1981, SS 22-1115, 22-1116. | Can the congregation clause withstand First Amendment? | 014461.docx | LEGALEASE-00149661-LEGALEASE-00149662 |
| Masters v. Cent. Illinois Elec. & Gas Co., 15 Ill. App. 2d 95 | 30+4803 | Where, as a result of a former trial and appeal in a negligence action, it was finally adjudicated, that plaintiffs were not guilty of contributory negligence derived through any negligence on the part of either a construction company involved, or plaintiffs' architect, upon a subsequent trial, plaintiffs were entitled to the benefit of such adjudication, and such judgment was binding upon all parties of record in the former action, and therefore, instructions which cast burden of proving that architect and construction company, as plaintiffs' agents, were free from negligence were erroneous and prejudicial. | Is an estoppel by verdict another branch of res judicata that rests up the principle that a matter once litigated to a final judgment in a court cannot again be controverted? | Estoppel - Memo #21 - C - CSS_58253.docx | ROSS-003293101-ROSS-003293102 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Terrell, 731 F. Supp. 473 | 221+212 | United States was not "at peace" with Nicaragua from October 1984 through March 1985 when defendant allegedly shipped and transported weapons, thus precluding prosecution of defendants under Neutrality Act; facts showed that following passage of legislation cutting off congressional funding to Contras for ten months, administration continued to seek and coordinate aid for Contras from other sources and that Contras, funded in part by executive branch, continued their attempt to overthrow Sandinista government. 18 U.S.C.A. S 960. | Is the question whether the United States is at peace a question of law? | 021716.docx | LEGALEASE-00149820-LEGALEASE-00149821 |
| United States v. YasithChhun, 513 F. Supp. 2d 1179 | 91+393 | Issue of whether United States was "at peace" with Cambodia presented question of fact that could not be resolved on motion to dismiss indictment for conspiring to damage or destroy property of and to take part in military expedition against a foreign state with which the United States was "at peace," as "at peace" requirement was a element of those crimes. 18 U.S.C.A. S 956(b), 960. | Is the at peace requirement a question of law and fact? | 021718.docx | LEGALEASE-00149825-LEGALEASE-00149826 |
| Gayon v. McCarthy, 252 U.S. 171 | 221+212 | Cr.Code, S 10, as amended by Act May 7, 1917, 18 U.S.C.A. S 22, as to hiring or retaining another to go outside the United States with intent to enlist in the service of a foreign people, uses "retain" as an alternative to "hire," and as meaning something different from the usual employment with payment in money; and one may be retained, in the sense of engaged, to render a service by a verbal promise, and by a prospect for advancement or payment in the future. | Can a party be retained by a verbal promise? | Neutrality Laws - Memo 32- ANM_58653.docx | ROSS-003294563 |
| Sands v. Andino, 404 Pa. Super. 238 | 217+2792 | Consent to be bound provision in automobile policy furthered, rather than violated, public policy; enforcement of judgment against an insurer who had neither notice nor opportunity to be heard would deprive insurer of right to due process and be contrary to law of Commonwealth. 40 P.S. S 2000(e)(2); U.S.C.A. Const.Amends. 5, 14. | What are the fundamental components of due process? | 05844.docx | LEGALEASE-00089210-LEGALEASE-00089212 |
| Bryan v. Bartlett, 435 F.2d 28 | 8.30E+104 | Delivery of note to principal's agent is equivalent of delivery to principal. | Is it an elementary principle of agency that delivery to a principal's agent is the equivalent of delivery to the principal? | Principal and Agent - Memo 144 - RK_58691.docx | ROSS-003280039-ROSS-003280040 |
| United States v. City of Columbia, Mo., 914 F.2d 151 | 371+2006 | Component of city's utility rate, known as "payment in lieu of taxes," charged to Veterans Administration hospital did not constitute impermissible tax on federal government but rather was simply profit component of city's utility rate, which was measured by lost tax revenue, despite federal government's claim that charge was referred to as "tax" in ordinance and was charged "in lieu of tax." U.S.C.A. Const. Art. 6, cl. 2. | "Where an exaction is clearly a penalty, can it be converted into a tax by calling it tax?" | 045924.docx | LEGALEASE-00149352-LEGALEASE-00149353 |
| XTO Energy Inc. v. Nikolai, 357 S.W.3d 47 | 156+26 | All parties to a deed are bound by the recitals therein, which operate as an estoppel, working on the interest in the land if it be a deed of conveyance, and binding both parties and privies; privies in blood, privies in estate, and privies in law. | Does the recital of one deed in another bind the parties and form a muniment of title? | Estoppel - Memo #46 - C - CSS_59035.docx | ROSS-003285222 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Amesquita v. Gilster-Mary Lee Corp., 408 S.W.3d 293 | 91+634 | Employees could not maintain a claim for civil conspiracy against co-employees, where employees failed to state a negligence claim against co-employees, and employees failed to allege the breach of any independent duty proximately caused employees' injuries. | "If the petition fails to allege facts essential to recovery, is dismissal for failure to state a claim proper?" | Pretrial Procedure - Memo # 8180 - C - KBM_58987.docx | ROSS-003295173-ROSS-003295174 |
| Newman v. City of Indianola, 232 N.W.2d 568 | 145+11.2(3) | Charge of $473.47, imposed by city, which owned and operated municipal electric utility and transmission lines, on owner of mobile home park who requested extension of electric service, was legal and valid under portion of statute which authorizes a city to assess a reasonable rate fixed by ordinance upon each tenement or other place supplied with light or power, and method employed was not an attempt to levy a tax. I.C.A. SS 368.2, 397.1, 397.27. | Are special assessments imposed through the taxing power? | Taxation - Memo # 883 - C - JL_58910.docx | ROSS-003285686-ROSS-003285687 |
| Henry S. Miller Co. v. Bynum, 836 S.W.2d 160 | 29T+390 | Award of actual damages in amount equal to sum that lessee sought in lost capital investment was supported by evidence in lessee's suit against leasing agent for shopping center under Deceptive Trade Practices Act. V.T.C.A. Bus. & C. SS 17.41-17.63, 17.50(b)(1). | Can damages be recovered by loss sustained by deceptive practice? | Consumer Credit - Memo 108-IS_59230.docx | ROSS-003308628-ROSS-003308629 |
| Hodges v. Torrey, 28 Mo. 99 | 322H+481 | In order to make out a failure of consideration of a note given for land, so as to entitle the purchaser to relief, on the ground that the vendor made fraudulent misrepresentations as to certain improvements upon the land sold, it must appear that the misrepresentation was of something material, and constituting an inducement or motive to the contract. | Is a purchaser entitled to relief against a vendor for a false affirmation of value for estate? | Exchange Of Property - Memo 42 - KK.docx | LEGALEASE-00040710-LEGALEASE-00040711 |
| Pavalon v. Thomas Holmes Corp., 25 Wis. 2d 540 | 302+20 | Allegations in alternative are fatally defective. | Are allegations in the alternative fatally defective? | 023686.docx | LEGALEASE-00151274-LEGALEASE-00151275 |
| Valdez v. Walck, 2014 WL 1314871 | 307A+587 | Trial court did not abuse its discretion in dismissing counterclaims of defendant landowner in action by landowner of 95 acres against property owner whose land also adjoined 51 disputed acres to quiet title to the disputed acres and the 95 acres and in which defendant landowner brought counterclaims to quiet title to the disputed land and tort damages for trespass by cattle, assault, harassment, and intentional infliction of emotional duress, where defendant took no action to advance his claims in excess of three years following conclusion of bench trial on equitable claims. NMRA, Rule 1-041(E)(1). | Do courts have discretion in determining whether to dismiss a case for inactivity? | 037039.docx | LEGALEASE-00151012-LEGALEASE-00151013 |
| John Deere Co. v. Metzler, 51 Ill. App. 2d 340 | 91+492 | A conspiracy does not exist between a principal and agent. | Can a conspiracy exist between a principal and an agent? | 041461.docx | LEGALEASE-00151282-LEGALEASE-00151283 |
| Theos & Sons v. Mack Trucks, 1999 Mass. App. Div. 14 | 308+99 | For either actual or apparent authority of agent to be found, there must be some intervention by the principal; authority to do an act can be created by written or spoken words or other conduct of the principal. Restatement (Second) of Agency SS 26, 27 (1958). | Can an agent bind his principal if he acts within the ambit of his authority to represent his principal? | 041476.docx | LEGALEASE-00151351-LEGALEASE-00151352 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Am. Personality Photos v. Mason, 589 F. Supp. 2d 1325 | 25T+182(1) | Mere fact that parties in arbitration and in separate court action may be related does not necessarily lead to a conclusion that arbitration should be compelled based on alternative estoppel theory; rather, in addition to intertwined factual issues, there must be the type of relationship which justifies a conclusion that the party which agreed to arbitrate with another entity should be estopped from denying an obligation to arbitrate a similar dispute with the adversary which is not a party to the arbitration agreement. | Should a court be wary of imposing a contractual obligation to arbitrate on a non-contracting party? | Alternative Dispute Resolution - Memo 828 - RK_59513.docx | ROSS-003282139-ROSS-003282140 |
| Holmes v. Williams, 69 Ill. App. 114 | 83E+458 | Blank endorsement on note was prima facie a guaranty, and holder of paper was authorized to write guaranty over signature. | Is a blank indorsement a prima facie guaranty? | Bills and Notes - Memo 875 - RK_59555.docx | ROSS-003310923-ROSS-003310924 |
| Anderson v. Wagner, 207 Neb. 87 | 172H+1349 | All possible security interests which are retained or could be acquired in consumer's residence must be clearly explained by creditor. | What is the meaning of Security Interest? | Consumer Credit - Memo 31 - RK_59563.docx | ROSS-003279974-ROSS-003279975 |
| State v. Williams, 124 Wash. 160 | 18+3 | Laws 1897, p. 403, c. 217, S 1, provides that no person or corporation shall manufacture or sell any linseed oil unless the same answers a chemical test for purity recognized in the United states Pharmacop≈iia; and section 2 provides for making and stamping packages in which the commodity is sold, and that it shall be sold under its true name, and in vessels bearing proper stamps, describing it as pure linseed oil raw or pure linseed oil boiled. This statute was subsequently amended by Laws 1901, p. 549, c. 332, providing that no person or corporation should manufacture or sell any linseed oil unless the same answered to a certain described test, but no reference was made in the amendment to raw or boiled oil. Held, that the failure to specifically include boiled linseed oil in the amendment did not indicate an intention that the statute should apply to raw oil only, but that the sale of boiled oil not complying with the required standard is a violation of the statute. | Do the principal purposes of the statute were to protect the public by police regulation against adulteration of the commodity? | Adulteration- Memo 69-_1V5Rm0OMHgi7xhfQPMZ-z_E2w9qyKPH2T.docx | ROSS-000000158-ROSS-000000159 |
| McIlvoy v. Sharp, 485 S.W.3d 367 | 302+8(1) | To state a claim, a petition must invoke substantive principles of law entitling the plaintiff to relief and allege ultimate facts informing the defendant of what the plaintiff will attempt to establish at trial. | "In ruling on a motion to dismiss for failure to state a claim, does a court not attempt to weigh whether the alleged facts are credible or persuasive?" | 037506.docx | LEGALEASE-00151994-LEGALEASE-00151995 |
| Bromwell v. Nixon, 361 S.W.3d 393 | 197+205 | Requirement of Missouri Prisoner Litigation Reform Act (MPLRA) that indigent prison inmates pay percentage of their prisoner accounts to satisfy filing fee for writ of habeas corpus did not violate open courts clause of state constitution, where inmates failed to show that they were unable to file petitions for habeas corpus because of an inability to pay filing fee. V.A.M.S. Const. Art. 1, S 14; V.A.M.S. SS 506.360-506.390. | "When considering whether a petition fails to state a claim upon which relief can be granted, does a court not weigh the factual allegations to determine whether they are credible or persuasive?" | 037671.docx | LEGALEASE-00152343-LEGALEASE-00152344 |
| Uniprop v. Morganroth, 260 Mich. App. 442 | 308+92(1) | A characteristic of an agent is that he is a business representative; his function is to bring about, modify, accept performance of, or terminate contractual obligations between his principal and third persons. | Is business representative a characteristic of an agent? | 041504.docx | LEGALEASE-00152293-LEGALEASE-00152294 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Meyer v. Weil, 37 La. Ann. 160 | 8.30E+56 | The words, "This is to certify that I am to pay," amount to a promise, and the unconditional obligation containing them is a promissory note. | "If an obligation in a contract is unconditional, is it a promissory note?" | 009025.docx | LEGALEASE-00153666-LEGALEASE-00153667 |
| Kelly v. Thompson, 49 Tenn. 278 | 409+743 | An assignment, trust deed, of choses in action, as legacies to secure creditors, is good against all persons, without registration. 1831, c. 90; 1839, c. 26. Code, 2030. | Is transfer of a chose in action required to be registered? | 009743.docx | LEGALEASE-00153000-LEGALEASE-00153001 |
| Cohn v. Hitt, 133 Tenn. 466 | 83E+461 | Both at common law and under Negotiable Instruments Law, SS 64, 68, defendant who first indorsed a note for the accommodation of the maker, held liable at the suit of the subsequent accommodation indorser. | What is the extent of liability faced by an accommodation indorser over other accommodation indorsers? | 009829.docx | LEGALEASE-00153551-LEGALEASE-00153552 |
| Huntington v. Attrill, 146 U.S. 657 | 228+817 | Laws N.Y.1875, c. 611, SS 21, 37, making the officers of a corporation liable for its debts in case they make any false certificate or report, and also, in the case of limited liability companies, rendering the stockholders liable to the full amount of the stock held by them, respectively, for all debts contracted by the company before the whole amount of capital stock has been paid in, is not a penal statute, in the international sense, so that a judgment recovered thereunder cannot be enforced in another state, and the decision of a court of another state that the judgment is not enforceable therein is a failure to give such judgment the full faith and credit required by the constitution of the United States (U.S.C.A. Const. article 4, S 1) and by Rev.St. S 905 (28 U.S.C.A. S 1738). | Are statutes giving private action penal in nature? | 013692.docx | LEGALEASE-00152892-LEGALEASE-00152893 |
| Hidden Brook Air v. Thabet Aviation Int'l Inc., 241 F. Supp. 2d 246 | 308+96 | Actual authority of agent may be express or implied, and distinction turns on the nature of the representation by which principal delegates authority to agent. | Can actual authority be express? | 041522.docx | LEGALEASE-00152864-LEGALEASE-00152865 |
| Charleston Dry Cleaners & Laundry v. Zurich Am. Ins. Co., 355 S.C. 614 | 308+92(1) | The authorized acts of an agent are the acts of the principal. | "Are the authorized acts of an agent, the acts of the principal?" | 041592.docx | LEGALEASE-00153433-LEGALEASE-00153434 |
| United States v. La Franca, 282 U.S. 568 | 295+1 | "Penalty" is an exaction imposed by statute as punishment for unlawful act. | What is the distinction between tax and penalty? | 045992.docx | LEGALEASE-00153255-LEGALEASE-00153256 |
| Johnston v. Griest, 85 Ind. 503 | 95+47 | An instrument: "This will certify that I do give to J. $100, the money to be paid as soon as my financial condition will allow; and, if I do not live to pay it, I wish it paid out of my estate,"-is not the subject of an action. | Can an action lie from a note if no obligation to pay is created? | 008992.docx | LEGALEASE-00154701-LEGALEASE-00154702 |
| Perrino v. Salem, 243 B.R. 550 | 83E+498 | Under Maine law, delivery of cashier's check to remitter that purchased instrument for payment to another party was not "transfer," but "issuance," of instrument to remitter, and did not make remitter either "holder" of instrument or "nonholder in possession...who ha(d) the rights of a holder"; accordingly, remitter could not enforce cashier's check against drawer, and did not have sufficient dominion over check to qualify as "initial transferee" thereof within meaning of transferee liability provision of the Bankruptcy Code. Bankr.Code, 11 U.S.C.A. S 550; 11 M.R.S.A. S 3-1301(2). | Does negotiation require transfer of possession? | Bills and Notes - Memo 851 - RK_61296.docx | ROSS-003325614-ROSS-003325615 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Midfirst Bank, SSB v. C.W. Haynes & Co., 893 F. Supp. 1304 | 83E+522 | "Possession" required under South Carolina law to constitute a "holder" of negotiable instrument may be constructive possession by delivery to third party on first person's behalf. S.C.Code 1976, S 36-1-201(20). | When does constructive possession exist? | Bills and Notes - Memo 854 - RK.docx | LEGALEASE-00043676-LEGALEASE-00043677 |
| Jaronko v. Czerwinski, 117 Conn. 15 | 83E+455 | Persons signing on back of note with printed form reading, "I hereby waive demand, protest, and notice of protest, and nonpayment of note and guarantee payment," held bound as indorsers successively liable for whole amount, and not as guarantors liable for proportionate part of total as among themselves. Gen.St.1930, SS 4380, 4383, 4385 (Rev.1949, SS 6355, 6358, 6360). | Does an indorser render himself conditionally liable to every subsequent and successive indorser when he places his name upon an instrument? | 009984.docx | LEGALEASE-00154685-LEGALEASE-00154686 |
| Fisher v. Univ. of Texas at Austin, 133 S. Ct. 2411 | 92+3280(3) | In determining whether means chosen by university to attain diversity in admissions are narrowly tailored to that goal, as required by Equal Protection Clause, reviewing court must verify that it is necessary for university to use race to achieve educational benefits of diversity; this involves careful judicial inquiry into whether university could achieve sufficient diversity without using racial classifications. U.S.C.A. Const.Amend. 14. | Is the attainment of a diverse student body a constitutionally permissible goal for an institution of higher education? | Education - Memo # 236 - C - KS_61012.docx | ROSS-003308115-ROSS-003308116 |
| Carpenter v. Thompson, 3 N.H. 204 | 156+33 | An estoppel against an estoppel sets the matter at large. | Does an estoppel against an estoppel set the matter at large? | 018043.docx | LEGALEASE-00153830-LEGALEASE-00153831 |
| Ransom & Co. v. Stanberry, 22 Iowa 334 | 156+34 | Matter in estoppel must be specially pleaded, and it is error to admit evidence thereof unless so pleaded. | Should a matter of estoppel be specially pleaded? | Estoppel - Memo #69 - C - CSS_60868.docx | ROSS-003293315 |
| Twersky v. Yeshiva Univ., 993 F. Supp. 2d 429 | 156+52(1) | Equitable estoppel is an extraordinary remedy. | Is equitable estoppel an extraordinary remedy? | 018070.docx | LEGALEASE-00154213-LEGALEASE-00154214 |
| Willis Sears Trucking Co. v. Pate, 452 S.W.2d 782 | 302+30 | Use in pleadings of term "and/or" is disapproved. Rules of Civil Procedure, rule 45(b). | Are use of the term and/or in pleadings condemned by the courts? | 023751.docx | LEGALEASE-00154611-LEGALEASE-00154612 |
| Rossman v. Fleet Bank (R.I.) Nat. Ass'n, 280 F.3d 384 | 172H+1344 | Allegations that credit card issuer solicited card holder's business with offer of credit account having no annual fee while intending to change terms of account shortly after holder's acceptance of offer supported claim that issuer's required disclosures of credit terms were misleading in violation of Truth in Lending Act (TILA), inasmuch as reasonable consumer would expect that stated terms were those that card issuer intended to provide, even if those terms could change. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Do reasonably understandable disclosures have to be within the understanding of an average consumer? | Consumer Credit - Memo 173 - RK_61835.docx | ROSS-003325444-ROSS-003325445 |
| Marchand v. Asbestos Defendants, 52 So. 3d 196 | 92+3965(4) | Defendant in asbestos case lacked requisite minimum contacts with forum required to exercise of personal jurisdiction to comply with due process; fact that defendant's principal business was to defend asbestos cases across the country, and fact that defendant had previously engaged in litigation in the forum, were insufficient to establish minimum contacts. U.S.C.A. Const.Amend. 14. | Can a defendant submit an affidavit in proceedings involving an exception of lack of personal jurisdiction? | 039348.docx | LEGALEASE-00154888-LEGALEASE-00154889 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lee v. Weisman, 505 U.S. 577 | 92+1351 | Public school's inclusion of "nonsectarian" prayer in school graduation ceremony constituted impermissible establishment of religion under establishment clause, by coercing student to stand and remain silent during giving of prayer, even though student was not required to join in message in any way and could meditate on own religion or let mind wander, and even though prayer and closing benediction involved approximately two minutes of total ceremony. U.S.C.A. Const.Amends. 1, 14. | Can school official assist in composing prayers as an incident to a formal exercise for their students? | 016818.docx | LEGALEASE-00156066-LEGALEASE-00156067 |
| Georgia High Sch. Ass'n v. Waddell, 248 Ga. 542 | 141E+766 | High school football referee's error in assessing penalty did not deny equal protection to football players. U.S.C.A.Const.Amend. 14. | Does a high school player have a right to participate in interscholastic sports? | 016820.docx | LEGALEASE-00156128-LEGALEASE-00156129 |
| Sinn v. Daily Nebraskan, 638 F. Supp. 143 | 141E+1196 | Decision of editorial staff of university newspaper not to print roommate advertisements in which advertisers stated their gay or lesbian orientation was an exercise of editorial discretion and did not constitute "state action" for purpose of constitutional claims brought by would-be advertisers; although paper was funded by the state and operated out of a university building, it was not an agency of the state for all purposes, and functioned like a private newspaper with respect to its editorial decision-making processes. | Is campus newspaper an agency of the state? | 016832.docx | LEGALEASE-00156278-LEGALEASE-00156279 |
| Monsanto Co. v. Milam, 494 S.W.2d 534 | 302+34(2) | Specific allegation controls over general allegation. | Do specific allegation control over the general allegation? | Pleading - Memo 569 - RMM_62377.docx | ROSS-003279625-ROSS-003279626 |
| Jackson v. Bell, 123 So. 3d 436 | 142T+544(6) | Candidate's failure to attach attorney certificates to petition for judicial review of election contest regarding primary runoff election for position of county tax assessor, as required by statute governing such judicial review, warranted dismissal of petition without prejudice, rather than with prejudice, where, although attorney-certificate requirement was a condition precedent to jurisdiction attaching, a dismissal with prejudice indicated a dismissal on the merits, and judicial review of an election contest was unique unto itself, unlike a complaint in a civil matter; overruling Esco v. Scott, 735 So.2d 1002. Code 1972, S 23-15-927 (2011). | Does a dismissal with prejudice indicate a dismissal on the merits? | Pretrial Procedure - Memo # 10256 - C - SN_61761.docx | ROSS-003281287-ROSS-003281288 |
| Tucker v. Delta Reg'l Med. Ctr., 189 So. 3d 690 | 307A+46 | Dismissal without prejudice of wrongful death action brought by patient's parent against hospital, rather than dismissal with prejudice, was appropriate sanction for parent's failure to comply with discovery requests; while it was undisputed that parent and her counsel disregarded demands from opposing counsel for discovery requests and made empty promises to produce responses, and parent and her counsel failed to attend hearing after months of their ignoring mandates from opposing counsel and court to respond to requests, court had not yet attempted any other means by which to garner the requested responses, including a court order. Rules Civ.Proc., Rule 37(b). | Will lesser sanctions than a dismissal with prejudice for failure to prosecute an action not suffice if they do not cure the prejudice caused by the delay? | 024685.docx | LEGALEASE-00155952-LEGALEASE-00155953 |
| Lapham v. Barrett, 1 Vt. 247 | 208+27 | Acknowledgment of "value received" in contract to indemnify another for paying a note imports a consideration. | "Are the words ""value received"" sufficient evidence of consideration?" | Bills and Notes -Memo 1231 - JK_62256.docx | ROSS-003282019-ROSS-003282020 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gutierrez v. State, 666 S.W.2d 248 | 67+46(2) | Trial court's charge, which contained definition of theft and theft of services, did not expand allegations in indictment which alleged burglary of a building with intent to commit theft, as both indictment and charge acquired proof that defendant entered building with intent to commit theft, and as actual commission of theft is not a prerequisite to commission of burglary, so that object of the theft was irrelevant. | Does burglary require the commission of a theft? | Burglary - Memo 289 - RK_62291.docx | ROSS-003285166-ROSS-003285167 |
| Edelen v. United States, 560 A.2d 527 | 67+9(2) | "Entry," for purposes of burglary in the first degree, occurred when defendant crossed threshhold of victim's apartment after forcing her to open door and enter before her, rather than point at which he stopped her outside apartment and ordered her to let him in. D.C.Code 1981, S 22-1801(a). | Does entry occur upon crossing of a threshold? | 013148.docx | LEGALEASE-00156603-LEGALEASE-00156604 |
| Elliott v. Deason, 64 Ga. 63 | 83E+481 | When negotiable paper is assigned to a married woman, or to a naked trustee for her use, both being absent, delivery may be made to a friend acting on her behalf, and the same will be as effective if made directly to her or to the trustee. | Does delivery have to be made to the grantee? | 009097.docx | LEGALEASE-00157091-LEGALEASE-00157092 |
| Walcott v. Manufacturers Hanover Tr., 133 Misc. 2d 725 | 83E+426 | Payee's signature on back of his paycheck, which did not specify any particular endorsee and merely set forth payee's mortgage number, was a "blank endorsement," which had effect of converting paycheck into a bearer instrument, so that paycheck was properly negotiated by delivery to third party and properly cashed by third party at collecting bank. McKinney's Uniform Commercial Code S 3-204(2). | Whether an instrument payable to order and indorsed in blank becomes payable to bearer? | Bills and Notes-Memo 1272-ANM_63200.docx | ROSS-003278891-ROSS-003278892 |
| Miller v. New Amsterdam Cas. Co., 105 Ga. App. 174 | 38+31 | "Legal assignment" is transfer of title or interest by writing. | What is legal assignment? | Bills and Notes-Memo 1273-ANM_63201.docx | ROSS-003305734 |
| Curtis v. Wasem, 96 Cal. App. 604 | 83E+426 | Indorsement in blank on back of note is sufficient assignment in writing of note. Civ.Code, S 3112. | Is indorsement without additional words a sufficient indorsement? | Bills and Notes-Memo 1280-ANM_63206.docx | ROSS-003305854-ROSS-003305856 |
| State Fire Marshall v. Lee, 101 Mich. App. 829 | 92+1369 | In insuring safety of school children through application of fire regulations, State was not violating free exercise clause of Constitution nor its establishment clause. U.S.C.A.Const. Amend. 1. | Does the state has a compelling interest to ensure the safety and welfare of school children? | 017233.docx | LEGALEASE-00157902-LEGALEASE-00157903 |
| Reverse Mortg. Sols. v. Unknown Heirs, 207 So. 3d 917 | 266+1798 | Dismissal of mortgage foreclosure action with prejudice was not warranted on ground of mortgagee's failure to comply with court rule or order; dismissal was imposed as a sanction for actions of prior counsel in prior foreclosure action, and record did not support trial court's finding that prior counsel had repeatedly failed to comply with court orders in prior case. West's F.S.A. RCP Rule 1.420(b). | "Because dismissal of a case with prejudice is the ultimate sanction in the adversarial system, should it be reserved for only the most egregious cases?" | Pretrial Procedure - Memo # 10457 - C - KG_62736.docx | ROSS-003284235-ROSS-003284236 |
| Chappelle v. S. Florida Guardianship Program, 169 So. 3d 291 | 307A+46 | Before a court may dismiss a cause as a sanction, it must first consider the six factors delineated in Kozel v. Ostendorf for entering dismissal as sanction and set forth explicit findings of fact in the order that imposes the sanction of dismissal. | "Although no ""magic words"" are required when a court dismisses a case with prejudice, should the court find the conduct leading to the order was willful?" | 024955.docx | LEGALEASE-00157235-LEGALEASE-00157236 |
| In Interest of C.M., 532 N.W.2d 381 | 336H+85 | Dismissal without prejudice is, by definition, not res judicata. | "Does a dismissal ""without prejudice,"" mean that no right or remedy of the parties is affected?" | 025114.docx | LEGALEASE-00156907-LEGALEASE-00156908 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Elec. Equip. Express v. Donald H. Seiler & Co., 122 Cal. App. 3d 834 | 307A+693.1 | If complaint is dismissed, cross complaint may stand on its own. | "If a complaint is dismissed, can a cross complaint stand on its own?" | 025255.docx | LEGALEASE-00156841-LEGALEASE-00156842 |
| Wilck v. Herbert, 78 Cal. App. 2d 392 | 308+81(2) | Ordinarily the mere appointment of an exclusive agent to sell certain property does not prevent the owner from making the sale himself without being liable for the agent's commission. | Is use of the words exclusive agency or exclusive sale conclusive that an agent has exclusive power? | Principal and Agent - Memo 429 - RK_63549.docx | ROSS-003294109-ROSS-003294110 |
| Dawson v. Sec'y of State, 274 Mich. App. 723 | 371+2002 | Taxes have a primary purpose of raising revenue, while fees are usually in exchange for a service rendered or a benefit conferred.(Per Wilder, P.J., with two justices concurring in part.) | "As opposed to taxes, is a fee designed to confer benefits on the general public?" | 044520.docx | LEGALEASE-00157375-LEGALEASE-00157376 |
| Cambee's Furniture v. Doughboy Recreational, 825 F.2d 167 | 29T+264 | South Dakota Franchise Act provides that purchase of or agreement to purchase goods at bona fide wholesale price shall not be considered payment of franchise fee, without regard to quantity of merchandise distributor is required to purchase. SDCL 37-5A-4(1). | What is a franchise fee? | 018533.docx | LEGALEASE-00158754-LEGALEASE-00158755 |
| Martin v. Dial, 57 S.W.2d 75 | 289+858 | It appeared that will of deceased partner gave all his property to wife, as independent executrix, to be held by her for support of children and of wife during her widowhood, and that at end of her widowhood property should vest in children in fee; that about three months after death of deceased partner large part of partnership debts was renewed by notes signed by surviving partner and by executrix; that about eight months after deceased partner's death, survivor, joined by executrix, executed oil and gas lease on partnership land to obtain funds for caring for partnership cattle during winter; and that about four years after deceased partner's death survivor, joined by executrix, deeded partnership land for purpose of discharging partnership indebtedness. | Does the power of the surviving partner to enter into contract to bind the partnership cease upon the death of a partner? | 022619.docx | LEGALEASE-00158647-LEGALEASE-00158648 |
| Vigue v. John Hancock Mut. Life Ins. Co., 147 Conn. 305 | 302+120(1) | Pleadings should be direct, precise and specific, and when a pleader wishes expressly to admit or deny a portion of a paragraph, he must recite that portion, and should not express his admission or denial in terms of admitting or denying a specified number of the first or last words in such paragraph. Practice Book,, SS 102, 106, 109. | "Should pleadings be direct, precise, and specific?" | 023831.docx | LEGALEASE-00158765-LEGALEASE-00158766 |
| Family Fin. Corp. v. Nat'l Sur. Corp., 180 Misc. 496 | 302+17 | A contingent or hypothetical pleading does not either deny or confess and avoid, as required by statute, and is improper. | Is a contingent or hypothetical pleading improper? | Pleading - Memo 587 - RMM_64358.docx | ROSS-003282499-ROSS-003282500 |
| Pollock v. Deere & Co., 282 N.W.2d 735 | 307A+694 | Any dismissal without prejudice pursuant to rule for dismissal for want of prosecution in an action that has been previously dismissed does not constitute an adjudication on the merits against plaintiff. Rules of Civil Procedure, rule 215.1. | Does a dismissal of an action without prejudice leaves the parties as if no action had been instituted? | Pretrial Procedure - Memo # 11055 - C - SHS_63443.docx | ROSS-003298719-ROSS-003298720 |
| Baldwin v. Mollette, 527 S.W.3d 830 | 308+3(1) | Power of attorney is a form of agency. | Is a power of attorney a form of agency? | 041709.docx | LEGALEASE-00158953-LEGALEASE-00158954 |
| S. Pac. Transp. Co. v. Cont'l Shippers Ass'n, 642 F.2d 236 | 308+5 | Corporation may become agent of individual or of another corporation. | Can a corporation be an agent? | Principal and Agent - Memo 407 - RK_63961.docx | ROSS-003320763-ROSS-003320764 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Columbus & S. Ohio Elec. Co. v. Porterfield, 41 Ohio App. 2d 191 | 371+3602 | Sales tax is tax on consumer of goods. | Is sales tax a tax on consumer of goods? | 046292.docx | LEGALEASE-00159087-LEGALEASE-00159088 |
| Fowler v. Brantly, 39 U.S. 318 | 83E+377 | After the maturity of a negotiable promissory note or bill of exchange, it ceases to be negotiable. | Does a note or a bill negotiable after maturity? | 010614.docx | LEGALEASE-00160065-LEGALEASE-00160066 |
| Giron v. City of Alexander, 693 F. Supp. 2d 904 | 35+63.4(15) | Arrestee did not appear in a public place, within meaning of Arkansas law, when he came outside his home at city police officer's request and stood in his driveway, as required to afford officer probable cause to cite arrestee for public intoxication. U.S.C.A. Const.Amend. 4; West's A.C.A. SS 5-71-101(6), 5-71-212. | When does a person commit the offense of public intoxication? | Disorder Conduct -Memo 14 - PR_64612.docx | ROSS-003280762-ROSS-003280763 |
| People v. Detroit United Ry., 162 Mich. 460 | 183+2 | The terms of a franchise must be construed strictly against the grantee. | Should franchises be strictly construed? | Franchise - Memo 45 - KNR_64640.docx | ROSS-003278791-ROSS-003278792 |
| Pritza v. Vill. of Lansing, 405 Ill. App. 3d 634 | 217+2774 | Agreement between village and risk management pool for automobile liability coverage was not an insurance "policy," but rather village's participation in the pool was self-insurance, and thus statutes requiring insurance policies to include underinsured motorist coverage did not require village and pool to offer underinsured motorist coverage to village police officer who was injured in a motor vehicle accident; funds at risk in the pool were municipal funds, rather than funds belonging to for-profit risk takers. S.H.A. 215 ILCS 5/143a-2(4); 625 ILCS 5/7-203; 745 ILCS 10/1-101 et seq. | Are governmental self-insurance pools insurance? | 019608.docx | LEGALEASE-00159738-LEGALEASE-00159739 |
| Matter of Minton Group, 46 B.R. 222 | 289+558 | While debtor, as general partner, "owned" a particular, circumscribed interest in partnership's property, it did not own the property itself and, because debtor exercised too few rights in regard to the property to qualify it as owner thereof, bankruptcy trustee had no power to reach transactions involving the property, nor did the automatic stay reach it. Bankr.Code, 11 U.S.C.A. SS 362, 544. | Does an interest of a partner grant him individually exercisable rights? | 022648.docx | LEGALEASE-00159929-LEGALEASE-00159930 |
| Simmons v. Dixon, 306 So. 2d 67 | 336H+85 | Where judgment of dismissal for lack of prosecution ordered that further proceedings be barred or dismissed at plaintiff's cost but did not dismiss plaintiff's suit "with prejudice," dismissal of suit was entered "without prejudice" and did not constitute a bar to another suit on same cause of action. LSA-C.C.P. arts. 561, 1673. | "When an action is dismissed for procedural insufficiency and not on the merits, should it be dismissed without prejudice to its renewal because no adjudication on the merits has taken place?" | 039847.docx | LEGALEASE-00159479-LEGALEASE-00159480 |
| Subway Restaurants of Bloomington-Normal v. Topinka, 322 Ill. App. 3d 376 | 371+3602 | Retailer's Occupation Tax is a tax on the seller, not on the buyer of the goods. S.H.A. 35 ILCS 120/2; Ill.Admin. Code title 86, S 130.2005(a)(2-4). | Is the Retailer's Occupation Tax a tax on the seller? | Taxation - Memo 1113 - VA_64516.docx | ROSS-003282077-ROSS-003282078 |
| Sharper Image Corp. v. Miller, 240 Conn. 531 | 371+3602 | "Sales tax" is tax on freedom of purchase. | "Is a ""sales tax"" a tax on freedom of purchase?" | Taxation - Memo 1119 - NS_64521.docx | ROSS-003309765-ROSS-003309766 |
| Bank of Orange Cty. v. Colby, 12 N.H. 520 | 8.30E+10 | A note naming no place of payment must be construed according to the lex loci contractus. | Does lex loci contractus determine the construction of a note? | Bills and Notes -Memo 1378- JK_66280.docx | ROSS-003280336-ROSS-003280337 |
| Bank of Orange Cty. v. Colby, 12 N.H. 520 | 8.30E+10 | A note naming no place of payment must be construed according to the lex loci contractus. | What must the lex loci contractus determine? | Bills and Notes -Memo 1388- JK_66288.docx | ROSS-003323670-ROSS-003323671 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Etkin, 277 A.D.2d 599 | 110+1044.1(2) | By moving to withdraw his guilty plea on the ground that it was coerced, defendant preserved his challenge to the voluntariness of both his plea and the waiver of his right to appeal. | Can a defendant waive his or her right to appeal the severity of a sentence? | 012513.docx | LEGALEASE-00161427-LEGALEASE-00161428 |
| Berry v. Michigan Racing Com'r, 116 Mich. App. 164 | 315T+33 | Strong public interest justifies close regulation of horse racing, an activity accompanied by legalized gambling and thereby especially susceptible to fraud and corruption. M.C.L.A. S 431.71(4). | Is corruption in horse racing activities regarded as an affront to a publicly sponsored sport with the potential for far reaching consequences? | Bribery - Memo 1107 - C - ML_65566.docx | ROSS-003281118-ROSS-003281119 |
| Meyer v. Chagrin Falls Exempted Vill. Sch. Dist. Bd. of Educ., 9 Ohio App. 3d 320 | 156+83(1) | School librarian's conduct in applying for and receiving retirement benefits did not necessarily indicate her intention to give up her right to continued employment, since she may have been concerned about her financial situation, and she may have anticipated extended period of time before her dispute with school board was resolved; since librarian did not willfully conceal or make misrepresentations about her plan to object to her superannuation in order to induce school board to act, and school board did not identify any injury or detriment resulting from any alleged misrepresentations, librarian was not precluded by waiver or estoppel from asserting her claim of wrongful termination. | Is a waiver the voluntary surrender of a known legal right? | 018174.docx | LEGALEASE-00161857-LEGALEASE-00161858 |
| Cole v. Wilson, 127 Me. 316 | 48A+244(6) | Evidence held to justify finding of driver's negligence in not stopping automobile when blinded by lights of other cars. | Will the driver of an automobile in heavy fog be held liable for negligence if he proceeds at a reasonable speed consistent with the existing conditions? | 018790.docx | LEGALEASE-00161639-LEGALEASE-00161640 |
| Nulter v. State Rd. Comm'n of W. Virginia, 119 W. Va. 312 | 200+165 | A state highway is the property of the state, and its use is subject to state's control. | Do public highways belong to the State? | 018797.docx | LEGALEASE-00161627-LEGALEASE-00161628 |
| Pittsburgh, C., C. & St. L. R. Co. v. Iddings, 28 Ind. App. 504 | 200+182 | The right of action has accrued when the injury has been consummated. | When has the right of action accrued? | Highways - Memo 452 - RK_66352.docx | ROSS-003284070-ROSS-003284071 |
| Hart v. Town of Shafter, 348 Ill. App. 3d 713 | 200+79.2 | Nonuse of a road, standing alone, is insufficient to establish an abandonment of the highway by the public. | Can a public highway lose its character as a public road? | Highways - Memo 471 - RK.docx | LEGALEASE-00050796-LEGALEASE-00050797 |
| Korzun v. Chang-Keun Yi, 207 W. Va. 377 | 48A+235 | A self-insured automobile lessor was an "insurance company" within the meaning of statute permitting service of process on a nonresident driver's insurance company, even though the lessor did not issue insurance policies. Code, 56-3-31(g), (h)(7). | Is a self-insured automobile rental company an insurance company? | Insurance - Memo 121 - SNJ_65778.docx | ROSS-003283449-ROSS-003283450 |
| Antonofsky v. Goldberg, 144 Conn. 594 | 302+370 | Allegations provide the measure of recovery. | Do allegations of a complaint provide the measure of recovery? | Pleading - Memo 604 - RMM_65789.docx | ROSS-003292388-ROSS-003292389 |
| Tsafatinos v. Family Dollar Stores of Florida, 116 So. 3d 576 | 287+51(3) | Landlord's claim against tenant for breach of contract on the basis of failure to name landlord as an additional insured on its commercial general liability (CGL) policy or its self-insurance policy could not be maintained as a third-party claim, where related claim for common law indemnification failed to state a cause of action. West's F.S.A. RCP Rule 1.180(a). | "When a complaint appears to be capable of being amended to properly state a cause of action, should it be dismissed with prejudice without affording the third-party plaintiff the chance to amend?" | Pretrial Procedure - Memo 11558 - C - NC_65809.docx | ROSS-003278760-ROSS-003278761 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Watson v. Lillard, 493 So. 2d 1277 | 307A+587 | Court's dismissal of plaintiff's medical malpractice action for failure to prosecute after plaintiff's "personal differences" resulted in use of three different sets of competent counsel and she repeatedly missed deadlines set by trial judge was not abuse of discretion, especially as there was no record of evidence presented at hearing supporting conclusion that plaintiff's failure to prosecute action was attributable to her disabilities. | "Is the power to dismiss an action for want of prosecution, inherent to the courts, necessary as a means to the orderly expedition of justice?" | 040451.docx | LEGALEASE-00161050-LEGALEASE-00161051 |
| Carter v. Hill, 31 Haw. 264 | 371+2201 | When property, owned by a resident of this Territory, consisting of shares of stock of a foreign corporation, state bonds, municipal bonds of mainland cities, Liberty bonds, federal farm loan bonds, deposits in a foreign bank and an undivided share of a trust estate held in trust by a foreign corporation, none of which securities have ever been actually in this Territory, but have at all times been physically present in the State of New York and under the complete control and management of the owner's agent, acting under a power of attorney which gives him unlimited discretion in the use and control of all of said securities without consultation with the owner, and when said attorney in fact, in the exercise of the powers conferred upon him, invests and reinvests said securities at his own will and in accordance with his own judgment, said securities have a fixed business situs in the State of New York, and have not, under the common-law doctrine expressed in the maxim, mobilia sequuntur personam, their situs in the Territory of Hawaii, and under section 1388, Rev.Laws 1925, the owner is not liable for a tax on the income derived from said securities. | Does the governmental jurisdiction in matters of taxation depend on the power to enforce the mandate of the State by action taken within its borders? | 046314.docx | LEGALEASE-00160779-LEGALEASE-00160780 |
| Thompson v. Dep't of Labor & Indus., 194 Wash. 396 | 413+108 | The employer's business or industry, rather than employee's activities, determine whether latter is within provisions of Workmen's Compensation Act. Rem.Rev.Stat. SS 7673 et seq., 7675. | "Under the Workmen's Compensation Act, is there a legislative intent to cover classes of business rather than particular pieces or kinds of machinery?" | Workers' Compensation - Memo 700 - C - ANC_65533.docx | ROSS-003281176 |
| Kucel v. Walter E. Heller & Co., 813 F.2d 67 | 170B+3061 | Award of attorney fees in diversity case depends on law of state whose rules govern substantive claims. | Will the intent of the parties prevail when they agree that the contract will be governed by the laws of a particular state? | Bills and Notes - Memo 1340 - RK_66243.docx | ROSS-003307614 |
| George v. Haas, 311 Ill. 382 | 95+101(1) | Parties presumed to contract with reference to law of state where contract is to be performed. | Which law governs if a contract is executed in one state to be performed in another state or country? | 009207.docx | LEGALEASE-00162624-LEGALEASE-00162625 |
| Salem Cmty. Sch. Corp. v. Richman, 406 N.E.2d 269 | 156+52.10(2) | "Waiver" is election to forego some advantage that might otherwise have been insistent upon; existence of waiver is ordinarily determined from conduct of parties making it. | Is waiver an election to forego some advantage that might otherwise have been insisted upon? | Estoppel - Memo 258 - C - CSS.docx | LEGALEASE-00051936-LEGALEASE-00051937 |
| Weisbrod v. Ely, 767 P.2d 171 | 289+1041 | Trial court did not abuse its discretion in conducting accounting of partnership business without appointment of master, given simple nature of accounting, which involved determination of withdrawing partner's interest in partnership and his right to profits. W.S.1977, S 17-13-615. | Does a partner have a right to a formal accounting when he has been wrongfully excluded from the partnership? | 022696.docx | LEGALEASE-00162249-LEGALEASE-00162250 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Smoot v. Judd, 161 Mo. 673 | 8.30E+10 | The law of the place where a contract is to be performed is the law of the contract, and a note signed by a married woman in Kentucky, which was returned to her husband at their home in Missouri, who signed and returned it to Kentucky, where it was delivered to the payee, a resident of that state, is a Missouri contract, no place of payment being mentioned, and the property charged with its payment being in Missouri. | Is the law of the place where the contract is to be performed is the law of the contract? | Bills and Notes - Memo 1298 - RK_66203.docx | ROSS-003309882-ROSS-003309883 |
| Smoot v. Judd, 161 Mo. 673 | 8.30E+10 | The law of the place where a contract is to be performed is the law of the contract, and a note signed by a married woman in Kentucky, which was returned to her husband at their home in Missouri, who signed and returned it to Kentucky, where it was delivered to the payee, a resident of that state, is a Missouri contract, no place of payment being mentioned, and the property charged with its payment being in Missouri. | Is the law of the place where the contract is to be performed the law of the contract? | Bills and Notes - Memo 1302 - RK_66207.docx | ROSS-003306148-ROSS-003306149 |
| Shoe & Leather Nat. Bank v. Wood, 142 Mass. 563 | 8.30E+10 | In general, commercial paper executed in one state, and made payable in another, is governed by the laws of the state in which it is payable. | Which law controls when a note is signed in one state and delivered in another state? | Bills and Notes - Memo 1303 - RK_66208.docx | ROSS-003281349 |
| Greenlee v. Hardin, 157 Miss. 229 | 8.30E+10 | Parties dating note in Florida and making it payable there, in absence of evidence to contrary, "located" contract in Florida and subjected it to laws thereof. | Which will governs when a contract is made in one state and performed in another? | Bills and Notes - Memo 1352 - RK_66255.docx | ROSS-003326297-ROSS-003326298 |
| Certification from the United States Dist. Court for the E. Dist. of Washington in Crossler v. Hille, 136 Wash. 2d 287 | 104+48 | Absent specific authority to the contrary, a board of county commissioners has no authority to interfere with an elected official's hiring decision. | Who is an official accountable to when he makes a poor hiring decision? | 013585.docx | LEGALEASE-00164090-LEGALEASE-00164091 |
| Paine, Webber, Jackson & Curtis v. Conaway, 515 F. Supp. 202 | 349B+5.20 | A commodity futures contract is not a security, but contract for future purchase or sale of Treasury bill is covered by Rule 10b-5 of the Securities and Exchange Commission, and thus fact that underlying commodity was a Treasury bill, itself a security, precluded summary judgment on customer's counterclaim asserting that dealer recklessly or with intent to deceive made misrepresentations and omissions in connection with sale of Treasury bill futures contracts, in violation of Rule 10b-5. | Is a commodity futures contract a security? | Commodity Futures Trading Regulation - Memo 6 - C - JL_67117.docx | ROSS-003280735-ROSS-003280736 |
| State v. State Bd. of Assessors, 65 N.J.L. 516 | 371+2346 | A purely educational association is not subject to assessment under "An act to provide for the imposition of state taxes upon certain corporations and for the collection thereof," approved April 18, 1884, and its supplements, 3 Gen.St. p. 3335 et seq., N.J.S.A. 54:13-11 to 15, 54:14-1 to 6, although formed under the general corporation act, with capital stock, and conducted for the private benefit of the stockholders. | Does the general tax act give a general exemption from taxation to school houses? | 017155.docx | LEGALEASE-00164134-LEGALEASE-00164135 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Quandt v. Quandt, No. 288864, 2010 WL 1565562 | 134+919(3) | The trial court did not err in the distribution of real property through the judgment of divorce, despite husband's contention that it was not consistent with the terms of a separate maintenance agreement. The parcels were not addressed or even acknowledged to exist in the judgment of separate maintenance. Further, the distribution of the sale proceeds from one of the properties was directly paid to wife at the time of sale, five years prior, and husband did not seek legal intervention at the time. | Is conduct that does not express any intent to relinquish a known right a waiver? | Estoppel - Memo 283 - C - CSS_66555.docx | ROSS-003294422-ROSS-003294423 |
| Hawthorne v. State, 58 Miss. 778 | 203+941 | A charge, upon a trial for murder, stating in effect that, if the homicide is proved under certain circumstances, the law presumes murder, and that it devolves upon the accused to show circumstances excusing his act, was erroneous; it not being coupled with the charge that such circumstances might be made to appear by the evidence introduced by the state, as well as by that introduced by the accused. | Is malice aforethought equivalent to premeditated design or deliberate design? | 019414.docx | LEGALEASE-00164042-LEGALEASE-00164043 |
| Edelstein v. Goldstein, 2011 WL 721490 | 46H+565 | The law firm that was hired by client to work on a legal matter concerning his late parents' estate did not commit professional negligence during its representation of client. Client alleged that law firm failed to prepare for trial, disregarded client's instructions, and settled client's case for less than it was worth, but client failed to present the expert testimony required to establish the applicable standard of care and law firm's breach of that standard. Client failed to offer concrete information about his proffered expert witness's professional experience to show that the proffered expert was qualified to render an opinion regarding the adequacy of law firm's performance of its duties to client. | "In the context of legal malpractice, can a claimant assert both negligence and breach of contract claims based on the same conduct?" | 006387.docx | LEGALEASE-00164981-LEGALEASE-00164982 |
| Oblix v. Winiecki, 374 F.3d 488 | 25T+146 | Arbitration clauses in employment contract were sufficiently broad to cover disputes about payment allegedly due and discriminatory discharge in violation of Title VII; one section of contract provided for arbitration of "any dispute or controversy arising out of or relating to...the amount of salary compensation, severance, or other similar amount owing," and another section calling for arbitration of any dispute or controversy "arising out of or relating to" employment agreement picked up employee's contention that her discharge was discriminatory. Civil Rights Act of 1964, S 701 et seq., 42 U.S.C.A. S 2000e et seq. | Are agreements to arbitrate employment issues treated the same as agreements to arbitrate labor-relations matters? | 008043.docx | LEGALEASE-00165010-LEGALEASE-00165011 |
| Holden v. Deloitte & Touche LLP, 390 F. Supp. 2d 752 | 170B+3053 | Federal law, rather than state law, applied to question as to whether nonsignatory could compel a signatory party to arbitrate. | When can nonsignatories to a contract compel arbitration? | 008068.docx | LEGALEASE-00165034-LEGALEASE-00165035 |
| Envtl. Barrier Co. v. Slurry Sys., 540 F.3d 598 | 25T+198 | Standing is matter for arbitrator to resolve. | Is standing to arbitrate a matter for the arbitrator to resolve? | 008070.docx | LEGALEASE-00165026-LEGALEASE-00165027 |
| In re Advisory Opinion of The Governor, 334 So.2d 561 | 284+21 | Governor's clemency powers are derived solely from the Constitution. West's F.S.A.Const. art. 4, S 8. | Where are clemency powers derived from? | Pardon and Parole - Memo 4 - RK_67519.docx | ROSS-003319171-ROSS-003319172 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Dick, 951 So. 2d 124 | 284+21 | The Governor has exclusive constitutional authority over matters of clemency. LSA-Const. Art. 4, S 5(E). | Is the governors power to grant clemency exclusive? | 021784.docx | LEGALEASE-00164916-LEGALEASE-00164917 |
| Keane v. Local Boundary Comm'n, 893 P.2d 1239 | 371+3633 | Use of revenue from sales and use tax on fish to establish savings account for future public purposes was "public purpose," within meaning of constitutional provision stating that no tax shall be levied except for public purpose; therefore, sales and use tax on fish had "public purpose." Const. Art. 9, S 6. | "Can the phrase public purpose within the meaning of taxation, be given a precise definition?" | Taxation - Memo 1229 - C -JL.docx | LEGALEASE-00054705-LEGALEASE-00054706 |
| People ex rel. Detroit & H.R. Co. v. Salem Twp. Bd., 20 Mich. 452 | 268+963 | The power of the legislature to authorize a municipal corporation to tax the inhabitants in aid of the construction of local improvements or public works is limited to taxes in aid of purposes of a strictly public character; i.e., to objects for which, by settled usage, government is expected to make provision, rather than to those which are usually left to private enterprise. The power should not be exercised in aid of the construction of a railroad to be owned and operated by a private corporation, although such road may facilitate travel to or within the limits of the municipal corporation. | Can any tax be imposed for a private purpose? | 046423.docx | LEGALEASE-00164951-LEGALEASE-00164952 |
| Ortega v. Salt Lake Wet Wash Laundry, 108 Utah 1 | 413+186 | The term "employer" in the Compensation Act is broad enough to cover all employment relationships. Utah Code 1943, 42-1-1 et seq., 42-1-40. | What does the term employer encompass? | 048577.docx | LEGALEASE-00164661-LEGALEASE-00164662 |
| Hollowell v. N. Carolina Dep't of Conservation & Dev., 206 N.C. 206 | 413+238 | Employee's right to demand pay for his services from employer is essential to his right to compensation in case of injury sustained by accident arising out of and in course of employment; "employee" being one who works for another for wages or salary (Pub.Laws 1929, c. 120, S 2). | "If there is no expectation of pay, are you an employee under the Compensation Act?" | 048814.docx | LEGALEASE-00164717-LEGALEASE-00164718 |
| In re Gateway Ethanol, 415 B.R. 486 | 349A+10 | Under Illinois law, custom-designed equipment may be indicative of a sale, for purposes of determining whether an agreement is a true lease or a disguised sale/security agreement. S.H.A. 810 ILCS 5/1-201(37) (2005). | Can a custom-designed equipment be indicative of a sale? | 042774.docx | LEGALEASE-00165950-LEGALEASE-00165951 |
| Thornton v. W. & S. Fin. Grp. Beneflex Plan, 797 F. Supp. 2d 796 | 241+14 | Under Kentucky law, former employee's claims against employer for violation of Kentucky Wage and Hour Act and breach of fiduciary duty "related to" his employment, as required for application of provision in employment agreement that required claims relating to employment to be brought within six months of employee's termination; employee alleged that employer violated Act and breached duty by failing to pay employee's retention incentive benefits within 14 days of termination, and both claims thus related to employer's decision to deny wages or compensation. KRS 337.055. | Should a breach of a duty which arises under the provisions of a contract between the parties be redressed under contract? | Action - Memo 943 - C _1Vh1gOn0knSIxvxXo__G 8HVsctcO3Bbke.docx | ROSS-000000021 |
| Valenzuela v. ADT Sec. Servs., 820 F. Supp. 2d 1061 | 170A+2492 | Genuine issue of material fact existed as to whether security services company's breach of contract caused damages suffered by jewelry store owners, precluding summary judgment in owner's breach of contract claim under California law. | Is whether a defendant owes a duty of care arising from a source outside of parties' contract a question of law? | Action - Memo 965 - C _1PbSvtV_wwIai8nF_uOr 6Lm-w5pQ_dn0p.docx | ROSS-000000055-ROSS-000000056 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wells Fargo Bank, N.A. v. Barber, 85 F. Supp. 3d 1308 | 186+8 | Under Florida law, in determining whether a debtor's transfer is fraudulent as to her creditor under Florida Uniform Fraudulent Transfer Act (FUFTA), court may consider any factor it deems relevant and should look to the totality of the circumstances in determining actual fraud. West's F.S.A. S 726.101 et seq. | "In determining a choice of law question, as a preliminary matter, should a court characterize the legal issue and determine whether it sounds in torts, contracts, property law, etc.?" | Action - Memo 971 - C_1haDzKFer3B_XGgdYt6N M2Xbv-B5siJC-.docx | ROSS-000000067-ROSS-000000068 |
| Mallen v. Merrill Lynch, Pierce, Fenner & Smith Inc., 605 F. Supp. 1105 | 83H+72 | Savings clause for federal and state court jurisdiction provided in Commodity Exchange Act was meant to protect pending Securities and Exchange Commission investigations and on-going court proceedings, to protect state court jurisdiction over contracts claims which formed basis of futures contract, to protect federal court jurisdiction over antitrust claims, and to preserve private causes of action in federal courts under commodities law, however, savings clause does not preserve private cause of action under federal securities statutes when underlying transaction is clearly "commodity"; declining to follow Westlake v. Abrams, 504 F.Supp. 337; Taylor v. Bear Stearns & Co., 572 F.Supp. 667. | Did the 1974 amendment to Commodity Exchange Act strip the Security Exchange Commission of standing to file suit based on violation of Commodity Exchange Act? | 013654.docx | LEGALEASE-00167001-LEGALEASE-00167002 |
| In re Bevis Co., 201 B.R. 923 | 349A+10 | For purposes of determining whether transaction was lease or security, designation on the agreement as a "lease" is not determinative; rather, the court looks to state law for guidance on the issue. | "Is designation on the agreement as a ""lease"" not determinative?" | 042664.docx | LEGALEASE-00166973-LEGALEASE-00166974 |
| In re Merritt Dredging Co., 839 F.2d 203 | 51+2576.5(2) | Parties to barge charter intended agreement to be security agreement, in that agreement allowed charterer to purchase barge for no additional consideration after twelve monthly "rental" payments, though charterer was not obligated to renew three-month "lease," and thus, under South Carolina law, charterer's trustee in bankruptcy had interest superior to owner, who failed to perfect its interest in barge. S.C.Code 1976, SS 36-9-102(1)(a), 36-9-103(2), 36-9-109(2), 36-9-302(1); Bankr.Code, 11 U.S.C.A. S 544(a)(1). | Does intent of parties govern determination of whether a putative consumer lease represents a security agreement? | 042687.docx | LEGALEASE-00167071-LEGALEASE-00167072 |
| In re Montgomery Ward, 469 B.R. 522 | 51+2834 | Appropriate treatment of claim for lease rejection damages filed against Chapter 11 debtor required bankruptcy court to determine whether purported ground lease and sublease agreement were truly leases or constituted financing arrangement, and therefore bankruptcy court had "related to" jurisdiction, post-plan confirmation, to determine true character of agreements. 11 U.S.C.A. S 365; 28 U.S.C.A. SS 157, 1334(b). | Can an agreement be a true lease where the purported lessor retains no ownership interest in the property at the end of the lease? | 042723.docx | LEGALEASE-00166741-LEGALEASE-00166742 |
| Dep't of Revenue v. Young Am. Builders, 358 So. 2d 1096 | 371+2013 | Department of Revenue has no power to tax; such power is reposed solely in the Legislature. | Does the department of Revenue have the power to tax? | 046590.docx | LEGALEASE-00166621-LEGALEASE-00166622 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| E.R.K. ex rel. R.K. v. Hawaii Dept. of Educ., 728 F.3d 982 | 141E+861 | Hawaii statute that barred both general-education students and students who received special education services under IDEA from attending public school after the last day of school year in which they turned 20 violated IDEA, since it denied public education to special-needs students aged 20 to 21 while offering it, in form of Community Schools for Adults, to students without special needs. Individuals with Disabilities Education Act, SS 602(9, 27), 612(a)(1)(B)(i), 20 U.S.C.A. SS 1401(9), 1401(27), 1412(a)(1)(B)(i); HRS S 302A-1134(c). | Is there an age bar to provide FAPE under IDEA? | 017333.docx | LEGALEASE-00167330-LEGALEASE-00167331 |
| Henry v. Com., 63 Va. App. 30 | 181+9 | In order for defendant's conviction for forgery of a public record to be upheld, with respect to false information provided by defendant to court clerk which was incorporated into financial documents to determine defendant's eligibility for indigent defense services, the Commonwealth was required to prove that defendant's conduct with respect to the financial statements altered the genuineness and authenticity of those documents, making them not in fact what they purported to be. West's V.C.A. S 18.2-168. | Is falsity in the representation of facts alone a forgery? | 04796.docx | LEGALEASE-00077086-LEGALEASE-00077088 |
| Windsor Mount Joy Mut. Ins. Co. v. Johnson, 264 F. Supp. 2d 158 | 16+80 | Where insurer brought suit first in coverage dispute with insured and properly invoked district court's admiralty jurisdiction, insurer's election of non-jury trial was protected and could not be undone by insured's assertion of intertwined counterclaim that might have been subject to court's diversity jurisdiction, and thus jury trial, if brought in separate action. 28 U.S.C.A. SS 1332, 1333(1); Fed.Rules Civ.Proc.Rule 9(h), 35(e), 28 U.S.C.A. | Is the right to trial by jury available in admiralty suits? | 04991.docx | LEGALEASE-00078461-LEGALEASE-00078462 |
| Detroit, G.H. & M. Ry. Co. v. Weber, 248 Mich. 28 | 148+8 | Extent to which power of eminent domain may be exercised is restricted to express terms or clear implication of statute containing grant. | Can eminent domain be applied by implication? | 06671.docx | LEGALEASE-00080938-LEGALEASE-00080939 |
| Hill v. Cross Country Settlements, 402 Md. 281 | 366+1 | Subrogation is also a remedy invoked by courts to prevent unjust enrichment, and for this purpose it is appropriate in any case where restitution is warranted and the remedy can be given without working injustice. | Is the object of equitable subrogation the prevention of injustice? | Subrogation - Memo 127 - VP C.docx | ROSS-003285405-ROSS-003285407 |
| In re Lamb, 36 B.R. 184 | 289+429 | It is not necessary for existence of a partnership that the partners contribute equally and have equal responsibilities in management of the business. | What does a silent partner contribute to the partnership? | 05541.docx | LEGALEASE-00083793-LEGALEASE-00083794 |
| Sands v. Andino, 404 Pa. Super. 238 | 217+2792 | Consent to be bound provision in automobile policy furthered, rather than violated, public policy; enforcement of judgment against an insurer who had neither notice nor opportunity to be heard would deprive insurer of right to due process and be contrary to law of Commonwealth. 40 P.S. S 2000(e)(2); U.S.C.A. Const.Amends. 5, 14. | What are the fundamental components of due process? | 10826.docx | LEGALEASE-00089253-LEGALEASE-00089255 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Elliott v. Navistar, 65 So. 3d 379 | 150+87(2) | Doctrine of laches did not bar action by parents of school-bus passengers, and guardians and next friends of passengers, against bus companies arising from injuries suffered by passengers in bus accident, where action involved a claim for money damages subject to a statute of limitations and statute of limitations had not yet run on claims. | "Where the issue involved in litigation is a legal one, is the statute of limitations applicable and the defense of laches may not be interposed?" | 01664.docx | LEGALEASE-00092031-LEGALEASE-00092033 |
| People v. Creegan, 121 Cal. 554 | 110+1159.5 | Where the only corroborating evidence given under Pen.Code, S 1111, requiring the testimony of an accomplice to be corroborated, was by a witness claimed to be also an accomplice, the question whether he was such was for the jury, and its verdict, from which it must be assumed (defendant being found guilty) that he was found not to be an accomplice, is conclusive of that fact, if the evidence thereon was properly received. | Is the question whether a person was an accomplice determined by the jury? | 01687.docx | LEGALEASE-00092072-LEGALEASE-00092075 |
| Wallisville Corp. v. McGuinness, 154 So. 3d 501 | 188+291 | Fact issue as to the purpose of website visitor's $10,000 deposit with gambling website precluded dismissal, for failure to state a cause of action, of visitor's action against operators of the website for the return of the deposit; while it seemed likely that statute barring enforcement of gambling debts would bar recovery of the deposit, complaint contained no allegations as to the terms on which the deposit was being held, so as to enable trial court to decide the merits of website operators'affirmative defense raising the statute. West's F.S.A. S 849.26. | Should the party moving for dismissal for failure to state a cause of action admit all well pleaded facts as true? | 10996.docx | LEGALEASE-00094201-LEGALEASE-00094202 |
| Wallace v. Jones, 572 So. 2d 371 | 76E+444 | Dismissal with prejudice of proceeding to hold former husband in contempt for failure to pay child support was inappropriate and abuse of discretion; former wife made prima facie case for relief, case had come to trial and there was no want of prosecution, wife did not violate court order that was necessary for preparation of trial litigation as well as trial itself, and there was no evidence that court considered less severe sanctions. Rules Civ.Proc., Rule 41(b). | Does failure to prosecute depend on the facts of the particular case? | 10402.docx | LEGALEASE-00095225-LEGALEASE-00095226 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Lehman, 182 Mo. 424 | 210+771 | Rev.St.1899, S 2085 (V.A.M.S. S 558.020), declares that any public officer of a city, who shall directly or indirectly accept or receive any gift, etc., "or any promise or undertaking to make the same," under any agreement that his vote, opinion, judgment, or decision shall be given in any particular manner in any matter pending before him, shall be deemed guilty of bribery. An indictment charged that defendants, members of a house of delegates of a city, unlawfully entered into a certain corrupt bargain, agreement, etc., with B., by which money was by B. placed in the hands of one of the defendants thereupon selected by defendants to receive said sum, on the promise of said defendants that they would give their vote in favor of a certain measure. Held that, as the offense charged was having accepted a promise to make a gift in pursuance of an agreement to vote, the defendants need not be charged separately by indictment, and the indictment was sufficient, under section 2531 (V.A.M.S. S 545.210), providing that indictments shall not be deemed invalid for any defect or imperfection not tending to prejudice the substantial rights of the defendant on the merits. | "Is it necessary, in order to constitute bribery, that the vote of the public official bribed should be on a measure that can be enforced? " | 09951.docx | LEGALEASE-00095690-LEGALEASE-00095692 |
| Trice v. Bridgewater, 51 S.W.2d 797 | 50+35 | Bailee of automobile at time of injury may sue for damage resulting from injury. | Does a bailee have a right to sue? | 004947.docx | LEGALEASE-00117078-LEGALEASE-00117080 |
| Mix v. McCoy, 22 Mo. App. 488 | 237+111 | In an action for slander, evidence of drunkenness is not admissible to rebut the presumption of malice and mitigate damages. | Is drunkenness a mitigating circumstance in an action for slander? | Libel and Slander - Memo 202 - BP.docx | ROSS-003284433-ROSS-003284434 |
| Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 867 F.2d 809 | 25T+143 | Claim of fraud in the inducement of a settlement agreement fell within scope of arbitration clause that provided for arbitration of any issue "believed to constitute a breach or violation" of the agreement. | Is fraud in the inducement of an agreement arbitrable? | 007207.docx | LEGALEASE-00127386-LEGALEASE-00127387 |
| Vaughn v. DAP Fin. Servs., 982 S.W.2d 1 | 83E+482 | Even a nonnegotiable note remains susceptible of assignment. | Is a nonnegotiable note susceptible of assignment? | 009354.docx | LEGALEASE-00129006-LEGALEASE-00129007 |
| AT & T v. Pennsylvania Pub. Util. Comm'n, 709 A.2d 980 | 317A+114 | Exception is made for Public Utility Commission (PUC) to general rule that government agency does not have authority to abrogate or reform contracts between private parties, as a public utility's location of its facilities within public right-of-way is merely a privilege that is, by definition, revocable. Const. Art. 1, S 17. | Does a utility have a proprietary interest in the permanent location of its facilities in the right-of-way? | 042527.docx | LEGALEASE-00129330-LEGALEASE-00129331 |
| State v. Lundberg, 575 N.W.2d 589 | 350H+645 | Concurrent sentences resulting in defendant serving approximately 180 days in jail for stealing approximately $2,000 in cash and checks from restaurant, causing approximately $1,300 in property damage at restaurant, and stealing approximately $5,300 from pulltab operation that leased space in restaurant, did not unfairly exaggerate criminality of defendant's conduct, despite challenge to sentence of 12 months and one day for second theft conviction; the two victims' monies were kept in different locations and were separately targeted. | Is burglary purely a property offense? | Burglary - Memo 34 - RK.docx | ROSS-003286718-ROSS-003286719 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| NCR Corp. v. Korala Assocs., Ltd., 512 F.3d 807 | 25T+143 | Copyright infringement claim relating to automatic teller machines (ATM) software not installed on ATM that copyright holder loaned to alleged infringer under agreement entered into by parties was not subject to that agreement's arbitration clause requiring arbitration for "any controversy or claim arising out of or relating to" the agreement; in contrast to the software on the loaned ATM, which copyright infringement claim was subject to the agreement, the software not on the ATM had no obvious link to the agreement and finding such a link required too many unwarranted inferences, and while the claim was similar to the copyright infringement claim relating to the software on the ATM, that fact did not compel arbitration of both claims, as the claims were not identical. | Can a party avoid arbitration by renaming its claim? | 007409.docx | LEGALEASE-00131370-LEGALEASE-00131371 |
| State v. Thomson, 71 Wash. App. 634 | 67+9(0.5) | "Felonious entry" is entry that is burglarious, as opposed to entry that is lawful or trespassory. West's RCWA 9A.52.020-9A.52.030, 9A.52.070-9A.52.080. | What constitutes felonious entry? | Burglary - Memo 80 - JK.docx | ROSS-003312762-ROSS-003312763 |
| United States v. Brocksmith, 991 F.2d 1363 | 110+1130(5) | Undeveloped and unsupported claims are waived on appeal. | Are undeveloped and unsupported claims waived? | Adulteration- Memo 15-VP.docx | ROSS-003317237-ROSS-003317238 |
| Satarino v. A.G. Edwards & Sons, 941 F. Supp. 609 | 25T+421 | Trainee broker's ADA and FMLA claims were subject to compulsory arbitration pursuant to training agreement and broker agreement providing that any controversy arising in respect to broker's employment shall be arbitrated and New York Stock Exchange (NYSE) rule mandating arbitration of any controversy between registered representative and any member organization arising out of employment. Family and Medical Leave Act of 1993, SS 2-404, 29 U.S.C.A. SS 2601-2654; Americans with Disabilities Act of 1990, S 2 et seq., 42 U.S.C.A. S 12101 et seq. | "Do courts recommend arbitration when arbitration agreement contains the language requiring any action contesting the validity of the Agreement, the enforcement of its financial terms, or any other disputes, submitted to arbitration?" | 007554.docx | LEGALEASE-00135823-LEGALEASE-00135824 |
| McKinney v. Hirstine, 257 Iowa 395 | 307A+725 | "Continuance" means only that date of hearing or trial is postponed; it does not affect merits of case, does not change any rulings that have been made, and leaves all matters as they were before, except that time is extended. | What does continuance mean? | Pretrial Procedure - Memo # 4729 - C - SU.docx | ROSS-003290773-ROSS-003290774 |
| Gaines v. Fitzgibbons, 168 La. 260 | 83E+418 | Nonnegotiable promissory notes are transferable and assignable by mere delivery. | Are promissory notes transferable by mere delivery? | 009510.docx | LEGALEASE-00140600-LEGALEASE-00140601 |
| Fox v. Nichter Const. Co., 978 N.E.2d 1171 | 336H+12 | In determining whether to allow the use of collateral estoppel, the trial court must engage in a two-part analysis: (1) whether the party in the prior action had a full and fair opportunity to litigate the issue, and (2) whether it is otherwise unfair to apply collateral estoppel given the facts of the particular case. | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, may a trial court weigh the evidence to determine the existence of the requisite jurisdictional facts?" | 033811.docx | LEGALEASE-00142461-LEGALEASE-00142462 |
| Rocka Fuerta Const. Inc. v. Southwick, 103 So. 3d 1022 | 30+80(3) | Contractor's appeal from trial court's award of attorney fees and costs to corporation under statute authorizing such an award as a sanction for raising unsupported claims or defenses was premature, where trial court's order, which also dismissed contractor's lawsuit against corporation, made no determination of the amount of fees to be imposed as a sanction. West's F.S.A. S 57.105. | "Should the extreme sanction of a dismissal be imposed only where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme?" | 034624.docx | LEGALEASE-00144582-LEGALEASE-00144583 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Hill, 214 S.E.2d 67 | 67+6 | Fenced enclosure behind auto parts store was "occupied structure" within meaning of burglary statute; some of store's business activities were carried on within enclosure, and store used enclosure to store parts of some value. I.C.A. SS 702.12, 713.1. | What is an occupied structure? | 013014.docx | LEGALEASE-00148762-LEGALEASE-00148763 |
| Whipps v. Ryan, 2014 WL 6725850 | 307A+581 | Property owner failed to show good cause why his claims against various parties in consolidated actions involving several parcels of real property should not be dismissed for failure to prosecute, despite contention that owner was denied the opportunity to pursue his claims while other matters in the case were pending and that trial court had declared him a vexatious litigator; owner provided no examples of an instance in which he sought to pursue his claims, and despite his active involvement in the case owner never filed a motion to compel additional discovery or instituted proceedings for judgment as a matter of law. Rules Civ.Proc., Rule 41(B)(1). | Do proper factors for consideration in a dismissal with prejudice for failure to prosecute include the drawn-out history of the litigation? | 036439.docx | LEGALEASE-00149064-LEGALEASE-00149065 |
| Hodges v. Torrey, 28 Mo. 99 | 322H+481 | In order to make out a failure of consideration of a note given for land, so as to entitle the purchaser to relief, on the ground that the vendor made fraudulent misrepresentations as to certain improvements upon the land sold, it must appear that the misrepresentation was of something material, and constituting an inducement or motive to the contract. | Is a purchaser entitled to relief against a vendor for a false affirmation of value for estate? | 018340.docx | LEGALEASE-00150870-LEGALEASE-00150871 |
| Midfirst Bank, SSB v. C.W. Haynes & Co., 893 F. Supp. 1304 | 83E+522 | "Possession" required under South Carolina law to constitute a "holder" of negotiable instrument may be constructive possession by delivery to third party on first person's behalf. S.C.Code 1976, S 36-1-201(20). | When does constructive possession exist? | 009772.docx | LEGALEASE-00154647-LEGALEASE-00154648 |
| Rossman v. Fleet Bank (R.I.) Nat. Ass'n, 280 F.3d 384 | 172H+1344 | Allegations that credit card issuer solicited card holder's business with offer of credit account having no annual fee while intending to change terms of account shortly after holder's acceptance of offer supported claim that issuer's required disclosures of credit terms were misleading in violation of Truth in Lending Act (TILA), inasmuch as reasonable consumer would expect that stated terms were those that card issuer intended to provide, even if those terms could change. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Is there a requirement that disclosures should be reasonably understandable? | 013712.docx | LEGALEASE-00155728-LEGALEASE-00155729 |
| Friedburgher v. Jaberg, 20 Abb. N. Cas. 279 | 108H+1174 | Where a partner, three days before an assignment of the firm property for the benefit of creditors, transferred firm assets in payment of his individual debt, and selected his creditor as assignee of the firm, the facts were held sufficient to show fraudulent intent. | Does the assignment by one partner of all his interest in the partnership and its property to trustees for the payment of debts lead to dissolution of partnership? | 021807.docx | LEGALEASE-00158566-LEGALEASE-00158567 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| California Serv. Station etc. Assn. v. Union Oil Co., 232 Cal. App. 3d 44 | 29T+270(5) | Retail petroleum products franchisor's policy of permitting "regular franchisees," who had automatic right of renewal and protection from arbitrary termination, from assigning their rights to successor transferee and allowing any such successors to have only a "trial franchise" terminable after one year without cause, violated statute precluding franchisor from withholding consent to assignment of franchise. West's Ann.Cal.Bus. & Prof.Code S 21148(a). | What is the meaning of the term trial franchise? | 018544.docx | LEGALEASE-00159344-LEGALEASE-00159345 |
| Hart v. Town of Shafter, 348 Ill. App. 3d 713 | 200+79.2 | Nonuse of a road, standing alone, is insufficient to establish an abandonment of the highway by the public. | Can a public highway lose its character as a public road? | 018900.docx | LEGALEASE-00161809-LEGALEASE-00161810 |
| Wells Fargo Bank, N.A. v. Barber, 85 F. Supp. 3d 1308 | 186+8 | Under Florida law, in determining whether a debtor's transfer is fraudulent as to her creditor under Florida Uniform Fraudulent Transfer Act (FUFTA), court may consider any factor it deems relevant and should look to the totality of the circumstances in determining actual fraud. West's F.S.A. S 726.101 et seq. | "In determining a choice of law question, as a preliminary matter, should a court characterize the legal issue and determine whether it sounds in torts, contracts, property law, etc.?" | 006434.docx | LEGALEASE-00166885-LEGALEASE-00166886 |
| Valdez v. Walck, 2014 WL 1314871 | 307A+587 | Trial court did not abuse its discretion in dismissing counterclaims of defendant landowner in action by landowner of 95 acres against property owner whose land also adjoined 51 disputed acres to quiet title to the disputed acres and the 95 acres and in which defendant landowner brought counterclaims to quiet title to the disputed land and tort damages for trespass by cattle, assault, harassment, and intentional infliction of emotional duress, where defendant took no action to advance his claims in excess of three years following conclusion of bench trial on equitable claims. NMRA, Rule 1-041(E)(1). | Do courts have discretion in determining whether to dismiss a case for inactivity? | Pretrial Procedure - Memo # 8398 - C - KG_59260.docx | ROSS-003280580-ROSS-003280581 |
| United States v. Lourdes Santiago, 194 F. Supp. 2d 82 | 34+40(5) | Military bases are not public fora; hence public entry thereto can be barred. 18 U.S.C.A. S 1382. | Are military bases public fora? | Armed Services - Memo 327 - RK_58600.docx | ROSS-003280803-ROSS-003280804 |
| Jaronko v. Czerwinski, 117 Conn. 15 | 83E+455 | Persons signing on back of note with printed form reading, "I hereby waive demand, protest, and notice of protest, and nonpayment of note and guarantee payment," held bound as indorsers successively liable for whole amount, and not as guarantors liable for proportionate part of total as among themselves. Gen.St.1930, SS 4380, 4383, 4385 (Rev.1949, SS 6355, 6358, 6360). | Does an indorser render himself conditionally liable to every subsequent and successive indorser when he places his name upon an instrument? | Bills and Notes - Memo 981 - RK_61313.docx | ROSS-003281082-ROSS-003281083 |
| Reserve Plan v. Schleider, 208 Misc. 805 | 83E+334 | Where note required payment of certain sums in monthly installments, but provided that in case of death of maker, all payments not due at date of death should be cancelled, the note was not a "negotiable instrument" for lack of unconditional promise to pay a sum certain, and defenses of general denial, breach of warranty and breach of agreement lay against holder of note. Negotiable Instruments Law, S 20, subd. 2. | What is a promissory note? | Bills and Notes- Memo 642-IS_58213.docx | ROSS-003283533-ROSS-003283534 |
| In re Celotex Corp., 472 F.3d 1318 | 366+2 | Under Florida law, subrogation is not available to a party who pays his own debt. | Is subrogation given to one who merely pays his or her own debt? | Subrogation - Memo 210 - RM C.docx | ROSS-003284436-ROSS-003284437 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ex parte Trombley, 31 Cal. 2d 801 | 231H+2526 | An employer who knows that wages are due, has ability to pay them and still refuses to pay them acts against good morals and fair dealings and necessarily intentionally does an act which prejudices rights of his employee and such conduct amounts to a "case of fraud" within exception to constitutional prohibition against imprisonment for debt and may be punished by statute. Labor Code, S 216(a); Const. art. 1, S 15. | Is it essential to the public welfare that an employee receive his pay when it is due? | Labor and Employment - Memo 49 - VP.docx | ROSS-003284455-ROSS-003284456 |
| United States v. Jho, 534 F.3d 398 | 354+2 | Traditional statement of "law of the flag" doctrine provides that a merchant ship is part of the territory of the country whose flag she flies, and that actions aboard that ship are subject to the laws of the flag state. | "Is merchant vessel entering the ports of another for the purposes of trade, subjects itself to the law of the place to which it goes?" | International Law - Memo # 1027 - C - RY.docx | ROSS-003285161-ROSS-003285163 |
| Wolters v. Am. Republic Ins. Co., 149 N.H. 599 | 366+1 | The doctrine of subrogation has its origins in equity. | Does doctrine of subrogation has its origins in equity? | Subrogation - Memo 374 - VP C.docx | ROSS-003286247-ROSS-003286249 |
| Liberty Nat. Bank & Tr. Co. v. Dvorak, 199 N.W.2d 414 | 195+53(3) | A guarantor of a note is exonerated by an act of creditor without consent of guarantor which changes original obligation of principal by substantially increasing principal debt and by providing for increased monthly payments extended over a longer period of time, even though original note contained provisions whereby guarantor consented to any extension and renewal without notice. | When is an obligation renewed? | Bills and Notes- Memo 330- GP.docx | ROSS-003288562-ROSS-003288563 |
| McFall v. State, 235 Ga. 105 | 352H+401 | Trial court did not err in charging at State's request that when act of sexual intercourse with girl under age of 14 is shown, law supplies essential element of force, in case in which defendant was charged with forcible rape, not statutory rape, but age of victim was not shown in indictment. Code, SS 26-2001, 26-2018. | Can an infant under ten years of age consent to sexual acts? | Sex Offence - Memo 78 - RK.docx | ROSS-003288725-ROSS-003288726 |
| E. Gottschalk & Co. v. Cty. of Merced, 196 Cal. App. 3d 1378 | 371+2571 | Revenue and Taxation Code sections reasonably interpreted "change of ownership," in constitutional article governing property tax reappraisals, to include creation of leasehold interest for term of 35 years or more. West's Ann.Cal.Rev. & T.Code SS 60, 61, 61(c)(1); West's Ann.Cal. Const. Art. 13A, S 2(a). | Do long term leases amount to change of ownership? | Landlord and Tenant - Memo 61 - ANG.docx | ROSS-003288755-ROSS-003288757 |
| Cornelius v. River Ridge Ranch Landowners Ass'n, 202 P.3d 564 | 307A+435 | Water court did not abuse its discretion in dismissing with prejudice property owner's pro se application for adjudication of water rights due to owner's failure to prosecute; property owner unreasonably delayed prosecution of his cases by failing to file any disclosures or respond to requests for information, thereby preventing opposers from preparing for trial. Rules Civ.Proc., Rules 37, 41. | Are rules which permit court to dismiss case for inactivity meant to be rules of forfeiture? | Pretrial Procedure - Memo # 9519 - C - PC_62159.docx | ROSS-003293256-ROSS-003293257 |
| State Fire Marshall v. Lee, 101 Mich. App. 829 | 92+1369 | In insuring safety of school children through application of fire regulations, State was not violating free exercise clause of Constitution nor its establishment clause. U.S.C.A.Const. Amend. 1. | Does the state has a compelling interest to ensure the safety and welfare of school children? | Education - Memo 340 - C - KS_65188.docx | ROSS-003293510-ROSS-003293511 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Prestridge v. Lazar, 132 Miss. 168 | 366+1 | The doctrine of subrogation applies wherever any person other than a mere volunteer pays a debt or demand which in equity or good conscience should have been satisfied by another, or where one person finds it necessary for his own protection to pay the debt for which another is primarily liable, or where one has such an interest in property as makes it necessary for him to get in an outstanding claim or equity for its protection. | Is the doctrine of subrogation one of equity and benevolence? | Subrogation - Memo 168 - ANG C.docx | ROSS-003295233-ROSS-003295235 |
| Dep't of Revenue v. Young Am. Builders, 358 So. 2d 1096 | 371+2013 | Department of Revenue has no power to tax; such power is reposed solely in the Legislature. | Does the department of Revenue have the power to tax? | Taxation - Memo 1339 - C - AAK_68533.docx | ROSS-003295644 |
| People v. Ebert, 401 Ill. App. 3d 958 | 48A+422.1 | When a motorist files a motion in limine to bar breath test results, the State must establish a sufficient foundation for admission of the evidence. | Is the decision to grant or deny a motion in limine left to the discretion of the trial court? | Pretrial Procedure - Memo 567 - RK.docx | ROSS-003299069-ROSS-003299070 |
| Etheridge v. Schlesinger, 362 F. Supp. 198 | 34+1 | The military is not immune to the provisions of the Constitution. | Is the military immune to the provisions of the constitution? | Armed Forces - Memo 14 - RK.docx | ROSS-003299156-ROSS-003299157 |
| Fed. Land Bank of Baltimore v. Joynes, 179 Va. 394 | 366+27 | "Subrogation" is generally classified as being either legal or conventional, "legal subrogation" arising by operation of law where one having a liability, or right, or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid, and "conventional subrogation" arising where by express or implied agreement with the debtor, a person advancing money to discharge a prior lien might be substituted to the security of the prior lienee. | How is Subrogation classified? | Subrogation - Memo 192 - RM.docx | ROSS-003299387-ROSS-003299389 |
| Griffith v. Griffith, 265 N.C. 521 | 311H+75 | Under the statute which forbids the husband or wife to testify to any admissions or conversations of the other, whether made by one to the other, or either to third persons, except in suits between themselves, in an action against a husband on the ground of impotency at the time of the marriage, caused by self-abuse, his former wife is not a competent witness to prove the existence of such facts while she was his wife, whether her knowledge was derived from admissions by or conversations with him or was the result merely of observation. | Is impotency a ground for divorce? | Marriage and Cohabitation - Memo 60 - RK.docx | ROSS-003300729-ROSS-003300730 |
| Hawkins Const. Co. v. Peterson Contractors, 970 F. Supp. 2d 945 | 208+67 | Under Nebraska law, lack of privity of contract between prime contractor and sub-consultants hired by subcontractor to provide design and engineering services for intermediate foundation improvement project barred contractor's claims against sub-consultants for equitable indemnity, contribution, and equitable subrogation, even if contractor worked directly with sub-consultants on design documents. | "Does subrogation involve substitution of one person in place of another with reference to a lawful claim, demand, or right? " | Subrogation - Memo 170 - ANG C.docx | ROSS-003301814-ROSS-003301815 |
| State v. Sage, 255 Mont. 227 | 368+2 | It is not a crime to attempt or commit suicide. | Is an attempt to commit suicide a crime? | Suicide - Memo 17 - AKA.docx | ROSS-003302631-ROSS-003302632 |
| George v. Haas, 311 Ill. 382 | 95+101(1) | Parties presumed to contract with reference to law of state where contract is to be performed. | Which law governs if a contract is executed in one state to be performed in another state or country | Bills and Notes - Memo 1341 - RK_66244.docx | ROSS-003307541-ROSS-003307542 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| White Eagle v. City of Fort Pierre, 2002 S.D. 68 | 30+3206 | A decision to dismiss for failure to prosecute will not stand if it is not justified by, and clearly against, reason and evidence. SDCL 15-11-11, 15-30-16. | "Does the plaintiff have the burden to proceed with an action, to avoid dismissal?" | Pretrial Procedure - Memo # 10710 - C - SK_62686.docx | ROSS-003308920-ROSS-003308921 |
| United States v. Terrell, 731 F. Supp. 473 | 221+212 | United States was not "at peace" with Nicaragua from October 1984 through March 1985 when defendant allegedly shipped and transported weapons, thus precluding prosecution of defendants under Neutrality Act; facts showed that following passage of legislation cutting off congressional funding to Contras for ten months, administration continued to seek and coordinate aid for Contras from other sources and that Contras, funded in part by executive branch, continued their attempt to overthrow Sandinista government. 18 U.S.C.A. S 960. | Is the question whether the United States is at peace a question of law? | Neutrality Laws - Memo 15 - RK_58648.docx | ROSS-003319865-ROSS-003319866 |
| Baldwin v. Mollette, 527 S.W.3d 830 | 308+3(1) | Power of attorney is a form of agency. | Is a power of attorney a form of agency? | Principal and Agent - Memo 387 - RK_63945.docx | ROSS-003321227-ROSS-003321228 |
| In re Ryan N., 92 Cal. App. 4th 1359 | 368+2 | Neither suicide nor attempted suicide is a crime under the criminal statutes. | Is suicide a crime? | Suicide - Memo 3 - AKA.docx | ROSS-003325446-ROSS-003325447 |
| Ferguson v. Corinthian Colleges, 733 F.3d 928 | 360+18.15 | Under the Federal Arbitration Act (FAA), court may not apply any other state law that prohibits outright the arbitration of a particular type of claim. 9 U.S.C.A. S 1 et seq. | Does the FAA preempt contrary state law? | Alternative Dispute Resolution - Memo 340 - RK.docx | ROSS-003326830-ROSS-003326831 |
| People's National Bank v. Allison, 377 P.3d 1285 | 195+1 | The obligations of a guarantor are purely contractual. 15 Okla. Stat. Ann. S 321. | Are the obligations of guarantors contractual in nature? | 04088.docx | LEGALEASE-00077269-LEGALEASE-00077270 |
| Mellon Bank, N. A. v. Pritchard-Keang Nam Corp., 651 F.2d 1244 | 25T+213(3) | Order granting motion to stay further district court proceedings pending arbitration of disputes between two parties in action could not be considered appealable under the Enelow-Ettelson rule as an injunction, even though interposition of an arbitration agreement was clearly an equitable defense, where original cause of action could not have been maintained at law in cases preceding single form of action because both complaint and counterclaim requested equitable relief in form of restitution of stock and were essentially equitable in nature. 28 U.S.C.A. SS 1291, 1292, 1292(a)(1). | How can federal law be implemented to make arbitration effective? | 004224.docx | LEGALEASE-00115613-LEGALEASE-00115615 |
| Beacon Syracuse Assocs. v. City of Syracuse, 560 F. Supp. 188 | 360+104 | Owner of property subject to urban renewal plan could not recover from state agency or adjoining property owners for breach of a contract entered into between state agency and adjoining property owners, since it was not a beneficiary entitled to enforce the contract, and since there was no breach of that contract. | Can zoning of property by a municipality be bargained? | Zoning and Planning - Memo 14 - ANG.docx | ROSS-003283718-ROSS-003283720 |
| Vaughn v. State, 13 Ariz. App. 15 | 349+107 | Where witness knew contents of affidavit and asserted to justice of the peace that statements therein were true, and signed affidavit in presence of justice who was authorized to administer oath, and witness understood that he was under oath, though oath was not formally administered, facts warranted conclusion that witness swore to affidavit so as to validate search warrant based thereon. | Does an affidavit always involve the administration of oath? | 07309.docx | LEGALEASE-00077593-LEGALEASE-00077594 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Joyce's Submarine Sandwiches v. California Pub. Employees' Ret. Sys., 195 Ga. App. 748 | 302+303 | Failure to verify pleading is amendable defect. | Are affidavits amendable to the same extent as other pleadings? | 003779.docx | LEGALEASE-00115822-LEGALEASE-00115823 |
| State v. White, 115 Wis. 2d 696 | 361+1123 | In absence of legislative definition of term or particular meaning in law, court gives words their ordinary meaning. | How is the term alter commonly understood by the courts? | Forgery - Memo 19 - JS.docx | LEGALEASE-00000849-LEGALEASE-00000851 |
| American Exp. Bank Ltd. v. Banco Espa%25nol de Credito, S.A., 597 F.Supp.2d 394 | 172H+791 | Under New York law, the typical letter-of-credit transaction involves three legal relationships: (1) an underlying contractual relationship between the party that obtains the letter of credit, the "applicant," and the party entitled to draw on it, the "beneficiary,"; (2) a relationship between the party that issues the letter of credit, the "issuer," and the applicant concerning the terms and amount of the credit; and (3) a relationship between the issuer and the beneficiary, which embodies the issuer's commitment to honor drafts or other demands for payment presented by the beneficiary or a transfer beneficiary upon compliance with the terms and conditions specified in the credit. | Is letter of credit equivalent to guaranty? | 003949.docx | LEGALEASE-00115882-LEGALEASE-00115883 |
| Philadelphia Gear Corp. v. Federal Deposit Ins. Corp., 751 F.2d 1131 | 157+450(5) | Provision of standby letter of credit that credit represented thereby would be automatically reinstated from time to time for any sum or sums up to $145,000 was ambiguous as to whether monetary limitation referred to claims in the aggregate or per presentation, warranting resort to extrinsic evidence. | Is a standby letter of credit similar to a guaranty? | Guaranty - Memo 15 - AKA.docx | LEGALEASE-00000961-LEGALEASE-00000962 |
| Renda v. Iowa Civil Rights Comm'n, 784 N.W.2d 8 | 78+1712 | Iowa Civil Rights Commission (ICRC) had not been vested by law with interpretive discretion of Iowa Civil Rights Act, and thus Supreme Court would not defer to ICRC's interpretation of terms such as "dwelling" and "employee" within Act, with regard to prisoner's civil rights claims against correctional facility for sexual harassment and retaliation concerning housing and employment, and Court would instead substitute its judgment for that of ICRC if Court concluded that ICRC made error of law; terms had specialized legal meaning and were widely used in areas of law other than civil rights arena. I.C.A. SS 17A.19(10)(c), 216.6, 216.8A. | Is it required that an agency be vested with express authority to interpret a statute? | Administrative Law - Memo 14 - JS.docx | LEGALEASE-00001229-LEGALEASE-00001230 |
| Downs v. Am. Mut. Liab. Ins. Co., 19 A.D.2d 376 | 38+12 | Where New York judgment of separation incorporated separation agreement by which husband assigned up to 50% of his future earnings to secure payments under agreement, and husband failed to meet his obligations and went to Massachusetts, and wife sued husband's employer, which was Massachusetts insurance company doing business in New York, in New York on partial assignment, assignment was valid and enforceable under New York law and was not affected by Massachusetts statute limiting wage assignments. M.G.L.A. c. 154 SS 1, 2, 3, 5; Personal Property Law, SS 46-49b. | Is the consent of a spouse required for an assignment of wages? | Assignments - Memo 34-JS.docx | ROSS-003297240-ROSS-003297242 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Naquin v. Elevating Boats, 744 F.3d 927 | 348+2 | Two-prong test applies to determine if a worker is a seaman or member of a vessel's crew under the Jones Act: first, an employee's duties must contribute to the function of the vessel or to the accomplishment of its mission; second, a seaman must have a connection to a vessel in navigation or to an identifiable group of such vessels that is substantial in terms of both duration and nature. 46 U.S.C.A. S 30104 et seq. | Does the Longshore and Harbor Workers' Compensation Act apply to ship repairmen? | Admiralty Law - Memo 27 - JS.docx | ROSS-003282552-ROSS-003282554 |
| Duke Energy Int'l Peru Investments No. 1 Ltd. v. Republic of Peru, 892 F. Supp. 2d 53 | 25T+352 | The ambiguity necessary to a court to remand an arbitral award requires something more substantial than a disagreement between the parties; rather, the award must be so ambiguous that a court is unable to discern how to enforce it, with the arbitrator's intent hopelessly difficult to determine. | Will a technical judicial review of arbitration awards frustrate the basic purpose of arbitration? | Alternative Dispute Resolution - Memo 20 - JS.docx | LEGALEASE-00001526-LEGALEASE-00001527 |
| Benoay v. E.F. Hutton & Co., 699 F. Supp. 1523 | 230+14(1.3) | Customer of securities brokerage was not entitled to jury trial on issues relating to validity of arbitration agreement; issues raised by customer, especially those concerning fraud, did not really concern arbitration clause, but concerned validity of entire customer agreement and customer did not raise outright denial that she signed customer agreement. 9 U.S.C.A. SS 1-14. | Can a party waive the right to trial by jury in favor of the right to arbitrate? | Alternative Dispute Resolution - Memo 7 - JS.docx | ROSS-003285982-ROSS-003285984 |
| Broadwell v. Imms, 14 Ala. App. 437 | 38+7 | Contingent rights are assignable; but, where the right to receive payment under an executory contract is assigned, the assignee cannot recover unless the assignor has so performed that he could recover. | Can contingent rights be assigned? | Assignments - Memo 40 - JS.docx | LEGALEASE-00001585-LEGALEASE-00001587 |
| White v. City of Elk River, 840 N.W.2d 43 | 414+1300 | Municipality lacked the authority to terminate a nonconforming use by requiring the property owner to obtain a conditional-use permit to continue the use and then revoking the conditional-use permit; the only ways for a municipality to terminate a nonconforming use of land was by exercise of its eminent domain power, upon a showing that the use was discontinued for a period of more than one year, that the use was destroyed by fire or other peril to the extent of greater than 50 percent of its estimated market value, or that the use was a nuisance. M.S.A. SS 465.01, 462.357. | Can a municipality regulate the use of privately-owned land as part of a community-development plan? | Zoning and Planning - Memo 21 - JS.docx | LEGALEASE-00001590-LEGALEASE-00001591 |
| Fort Trumbull Conservancy v. Alves, 262 Conn. 480 | 149E+652 | Conservation organization had standing, under section of the Environmental Protection Act authorizing actions for declaratory and injunctive relief against unreasonable pollution, to sue city and city building official to prevent issuance of permits allowing demolition of 39 buildings, although city and building official had no jurisdiction to consider environmental ramifications of issuing demolition permits, where organization alleged that issuance of permits would unreasonably pollute, impair, deplete or destroy the public trust in air, water, land or other natural resources of the state; overruling Connecticut Post Ltd. Partnership v. South Central Connecticut Regional Council of Governments, 60 Conn.App. 21, 25, 758 A.2d 408. C.G.S.A. S 22a-16. | Does prime agricultural land form a part of natural resources? | 004545.docx | LEGALEASE-00116372-LEGALEASE-00116374 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Bath, 442 B.R. 377 | 50+4 | Any type of personal property can be the subject of a bailment. | What is the subject of a bailment? | Bailment - Memo 28 - ANG.docx | ROSS-003289058-ROSS-003289059 |
| Nebraska, Dep't of Health & Human Servs. v. U.S. Dep't of Health & Human Servs., 340 F. Supp. 2d 1 | 211+1799 | Department of Health and Human Services' (HHS) Departmental Appeals Board (DAB) did not act arbitrarily and capriciously, in its refusal to allow Nebraska Department of Health and Human Services (NHHS) to use primary program cost allocation method in allocating expenses for training protection and safety workers involved in foster care and adoption services under Title IV-E of Social Security Act, when it rejected NHHS's arguments that allocating training costs on the basis of caseload or time studies was inequitable and that NHHS was entitled to make a business decision about which program should be charged for the costs; DAB provided a rational connection between the facts of the case and the decision. | Will the Environmental Protection Agency (EPA) consider or rely on third party human studies in its regulatory decision making? | Environmental Law - Memo 48 - AKA.doc | LEGALEASE-00002352-LEGALEASE-00002353 |
| E. Pennsboro Twp. Auth. v. Com., Dep't of Envtl. Res., 18 Pa. Cmwlth. 58 | 1.49E+21 | If the Environmental Quality Board establishes a regulation whereby a specific requirement or prohibition is set, the Department of Environmental Resources is obligated to enforce such regulation literally. 71 P.S. S 510-21. | Does the Departmental of Environmental Resources (DER) have the duty of enforcing rules and regulations? | Environmental Law - Memo 40 - AKA.doc | LEGALEASE-00002486-LEGALEASE-00002488 |
| Landmark Med. Ctr. v. Gauthier, 635 A.2d 1145 | 106+100(1) | Expansion of common-law doctrine of necessaries to hold both spouses liable for mutual support would be applied retroactively to hold wife liable for medically necessary expenses incurred by husband before his death, in light of clear foreshadowing of expansion from evolving role of women in society, policy of marital partnership, and absence of substantial hardship to wife. | Is the doctrine of necessaries applicable to both spouses? | 004796.docx | LEGALEASE-00116737-LEGALEASE-00116738 |
| Com. v. Redline, 391 Pa. 486 | 203+500 | Three classes of homicide recognized by common law are justifiable, excusable and felonious. | What are the classifications of homicide? | 004767.docx | LEGALEASE-00117069-LEGALEASE-00117070 |
| Jack Boles Servs. v. Stavely, 906 S.W.2d 185 | 50+11 | A duty of ordinary care normally arises out of a bailor-bailee relationship. | Does a bailment impose a duty of ordinary care upon the bailee? | Bailment  - Memo 40 - RK.docx | LEGALEASE-00002939-LEGALEASE-00002940 |
| Brockway Borough Mun. Auth. v. Dep't of Envtl. Prot., 131 A.3d 578 | 260+92.38 | Municipal authority failed to meet its burden to prove, by preponderance of evidence, that issuance of second gas drilling permit by Department of Environmental Protection to oil and gas exploration company was unreasonable and contrary to law, in its appeal of order of Environmental Hearing Board, which dismissed authority's challenge to issuance of permit; appeal involved technical issues such as intricacies of drilling and science of hydrogeology, but authority did not support its claims withcredible expert testimony, while company and Department provided ample credible testimony that refuted all of authority's allegations. 25 Pa.Code S 1021.122. | "Does the Environmental Hearing Board (EHB), as the fact finder, make all the determinations of credibility and evidentiary weight?" | 005018.docx | LEGALEASE-00117120-LEGALEASE-00117121 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Golden Mountain Realty Inc. v. Severino, 36 Misc. 3d 346 | 233+1975 | Landlord failed to make out prima facie case or cause of action in summary holdover proceeding seeking possession of rent controlled apartment, where landlord's predicate notice alleged that respondent was either subtenant or licensee that landlord could evict under accelerated eviction statute, but landlord did not obtain certificate of eviction from Division of Housing and Community Renewal (DHCR), as required to evict subtenant, and respondent was not licensee subject to immediate eviction following death of former tenant of record. McKinney's RPAPL S 713(7); 9 NYCRR 2204.1(a), 2204.6(d). | What is the definition of a tenant? | Landlord and Tenant - Memo 08 - RK.docx | LEGALEASE-00003550-LEGALEASE-00003552 |
| Clifford v. Hughson, 992 F. Supp. 661 | 233+501 | Landlord-tenant relationship is not ordinarily a fiduciary one. | Is the relationship between a landlord and tenant fiduciary in nature? | Landlord and Tenant - Memo 11 - RK.docx | ROSS-003285786-ROSS-003285788 |
| Landry v. LeBlanc, 416 So. 2d 247 | 185+72(1) | Verbal sale of immovable property, i.e., topsoil, was null, notwithstanding that parties had preexisting lease agreement, since oral lease did not effect ownership transfer of immovable topsoil. LSA-C.C. arts. 462, 2275, 2440. | Can topsoil be treated as immovable property? | 005149.docx | LEGALEASE-00117355-LEGALEASE-00117356 |
| Rickel v. Komaromi, 144 Conn. App. 775 | 279+4 | In order to recover damages in a common-law private nuisance cause of action, a plaintiff must show that the defendant's conduct was the proximate cause of an unreasonable interference with the plaintiff's use and enjoyment of his or her property. | Is the tort of trespass similar to nuisance? | Trespass - Memo 23 - RK.docx | LEGALEASE-00004141-LEGALEASE-00004142 |
| People v. Frye, 7 Cal. App. 4th 1148 | 203+504 | In absence of factors of excuse or justification, use of fatal physical force or violence against another person is unlawful. West's Ann.Cal.Penal Code S 189.5. | "Is every killing considered to be unlawful unless expressly excused, or justified by the law?" | 000416.docx | LEGALEASE-00117718-LEGALEASE-00117719 |
| State v. Buckles, 508 N.E.2d 54 | 207+1 | Under current incest statute, stepfather and stepdaughter who engaged in sexual intercourse did not both have to be charged with crime in order to convict stepfather. IC 35-46-1-3 (1982 Ed.). | Is an uncle or aunt engaging in sexual intercourse with a nephew or niece guilty of incest? | 000472.docx | LEGALEASE-00117748-LEGALEASE-00117749 |
| Harrington v. Harrington, 151 So. 648 | 289+410 | Partnership once formed becomes a being, distinct from persons composing it, and property belongs to it, not partners. | Does the partnership property belong to the partners? | 022393.docx | LEGALEASE-00118062-LEGALEASE-00118063 |
| Newman v. Legal Servs. Corp., 628 F. Supp. 535 | 231H+1 | Right to employment is as fundamental a right as the right to housing. | Is the right to employment a fundamental right? | 001363.docx | LEGALEASE-00117839-LEGALEASE-00117840 |
| Bachus v. Bachus, 216 Ark. 802 | 302+3 | Pleadings are required by Civil Code to be in writing in order that each party may know what issues are to be tried. Ark.Stats. S 27-1101. | Must pleadings be in writing? | Pleading - Memo 33 - TH.docx | ROSS-003284402-ROSS-003284404 |
| Brewer v. Big Lake State Bank, 378 S.W.2d 948 | 289+774 | Presumption is that each individual partner is an authorized agent for other partners. | Are partners also agents for other partners? | 022209.docx | LEGALEASE-00118184-LEGALEASE-00118185 |
| Town of Gurley v. M & N Materials, 143 So. 3d 1 | 148+2.1 | Constitutional provision for compensation to owner upon municipal corporation's taking of property did not allow for compensation to property owner for administrative or regulatory taking; constitution provided for compensation only for taking, injury, or destruction of property through physical invasion or disturbance of property, specifically by construction or enlargement of municipal corporation's works, highways, or improvements. Const. Art. 12, S 235. | When does a regulatory taking of property occur? | 001442.docx | LEGALEASE-00118575-LEGALEASE-00118576 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Trustees of the Graphic Communications Intern. Union Upper Midwest Local 1M Health and Welfare Plan v. Bjorkedal, 516 F.3d 719 | 289+685 | Rental partnership of two of printing company's shareholders that leased property to printing company did not ratify printing company's signing of collective bargaining agreement allegedly on behalf of rental partnership as a controlled entity, so as to make rental partnership liable for printing company's contractual obligations; agreement was not signed on behalf of the rental partnership, there was no evidence that rental partnership confirmed, approved, or sanctioned alleged act of signing agreement on behalf of the partnership as a controlled entity, there was no evidence that the partners had "full knowledge" that the agreement was signed on behalf of partnership or that the signing could bind the rental partnership, and partnership did not have constructive knowledge as the partnership did not benefit from agreement. | Does a partnership act through its partners? | 001862.docx | LEGALEASE-00118787-LEGALEASE-00118788 |
| Trustees of the Graphic Communications Intern. Union Upper Midwest Local 1M Health and Welfare Plan v. Bjorkedal, 516 F.3d 719 | 289+685 | Rental partnership of two of printing company's shareholders that leased property to printing company did not ratify printing company's signing of collective bargaining agreement allegedly on behalf of rental partnership as a controlled entity, so as to make rental partnership liable for printing company's contractual obligations; agreement was not signed on behalf of the rental partnership, there was no evidence that rental partnership confirmed, approved, or sanctioned alleged act of signing agreement on behalf of the partnership as a controlled entity, there was no evidence that the partners had "full knowledge" that the agreement was signed on behalf of partnership or that the signing could bind the rental partnership, and partnership did not have constructive knowledge as the partnership did not benefit from agreement. | Does a partnership act through its partners? | Partnership - Memo 56 - RK.docx | LEGALEASE-00006289-LEGALEASE-00006290 |
| Surcey v. State, 4 Tenn. Crim. App. 542 | 207+6 | Sexual penetration is essential element of incest. T.C.A. S 39-705. | Is sexual penetration an essential element of incest? | Incest - Memo 34 - JS.docx | LEGALEASE-00006388-LEGALEASE-00006389 |
| State v. Wilson, 127 N.C. App. 129 | 282+148 | Misprision of felony at common law is in force in Vermont, the offense not being confined to the crime of treason by reason of the fact that V.S. 4883, contained in chapter 211, touching the crime of treason, related to misprision of treason. | Is treason an aggravated felony? | 003676.docx | LEGALEASE-00120284-LEGALEASE-00120285 |
| Com. v. Skufca, 457 Pa. 124 | 203+507 | Criminal responsibility is properly assessed against one whose conduct was a direct and substantial factor in producing death even though other factors combined with that conduct to achieve the result. | Is criminal responsibility confined to a sole or immediate cause of death? | 001741.docx | LEGALEASE-00118854-LEGALEASE-00118855 |
| Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 | 83+80.5 | Transactions in "commerce", within United States Arbitration Act, are not limited to contracts between merchants for interstate shipment of goods. 9 U.S.C.A. SS 1, 2. | Are written arbitration provisions in contracts involving commerce enforceable under the Federal Arbitration Act (FAA)? | Alternative Dispute Resolution - Memo 240 - RK.docx | LEGALEASE-00006947-LEGALEASE-00006948 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Louisiana United Bus. Ass'n Cas. Ins. Co. v. J & J Maint., 133 F. Supp. 3d 852 | 334+3 | Claims brought by workers' compensation insurer for subcontractor, stemming from fatal injury sustained by subcontractor's worker while working on remodeling project at United States Army fort, arose under Louisiana's tort law, rather than workers' compensation law, and thus removal of insurer's action was not precluded by statute prohibiting removal of state workers' compensation actions; workers' compensation laws did not create separate cause of action but only extended right of action, laws'imposition was merely procedural, and nothing in insurer's claims raised substantial question relating to workers' compensation. LSA-R.S. 23:1021 et seq. | Do courts recognize the distinction between a right of action and a cause of action? | Action - Memo 14 - MS.docx | ROSS-003288275-ROSS-003288276 |
| Alford v. State, 243 Ga. App. 212 | 207+14 | Finding that defendant engaged in sexual intercourse with his daughter, as required to support incest conviction, was supported by daughter's testimony that defendant "raped" her and that he put his penis into her vagina. O.C.G.A. S 16-6-22(a). | Is slight penetration sufficient to constitute incest? | Incest - Memo 58 - RK.docx | ROSS-003284653-ROSS-003284654 |
| Bryson v. Middlefield Volunteer Fire Dep't, 656 F.3d 348 | 78+1116(1) | Receipt of significant remuneration was not independent antecedent inquiry prior to applying common-law agency test as to whether firefighter-members were employees of volunteer fire department for purposes of determining whether Title VII was applicable to department in action for sexual harassment and retaliation; court was instead required to assess and weigh all incidents of firefighter-member's relationship with department, with no single factor being decisive. Civil Rights Act of 1964, S 701(f), 42 U.S.C.A. S 2000e(f). | When does the court turn to common-law principles to analyze the character of an economic relationship? | Labor and Employment - Memo 8 - VP.docx | LEGALEASE-00008033-LEGALEASE-00008034 |
| White Current Corp. v. Vermont Elec. Co-op., 158 Vt. 216 | 145+11(4) | Federal regulation exempting small power producers from state law or regulation respecting rates of electric utilities and financial and organizational regulation of electric utilities did not eliminate requirement that letter of intent executed between small power producer and electric cooperatives be filed with the Public Service Board (PSB) pursuant to General Order 45 which requires utilities to file contracts, including letters of intent, for purchase or sale of electrical energy, considering that General Order does not directly regulate rates, finances or organization of utilities. | Are all purveyors of energy commodities public utilities? | 001977.docx | LEGALEASE-00119668-LEGALEASE-00119669 |
| Gillespie v. Colonial Life & Acc. Ins. Co., 2009 WL 890579 | 25T+146 | Insurance company could compel arbitration of an agent's sexual harassment, breach of contract, and tort claims on the ground that the arbitration clause in the agreement between them was broad and encompassed each of her claims. The breadth of the language of the clause established that it was intended to apply to any claim, controversy or dispute related to the business relationship between the parties. Further, the claim of sexual harassment and retaliation was inextricably connected to the breach of contract and tort claims because these claims arose from the allegedly wrongful treatment of the agent during her business relationship with the company. 9 U.S.C.A. S 1, et seq.. | Does the Federal Arbitration Act apply to contracts involving foreign commerce? | 002804.docx | LEGALEASE-00119739-LEGALEASE-00119740 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hamilton v. United States, 26 App. D.C. 382 | 203+522 | The definition of murder in Code, S 798, D.C.Code 1929, T. 6, S 21, is declaratory of the common law, and is not a new or statutory definition. | Is murder a common law crime? | 002854.docx | LEGALEASE-00119753-LEGALEASE-00119754 |
| Bergin v. Texas Beef Grp., 339 S.W.3d 312 | 118A+271 | Under general venue provision in effect at time feed lot operator filed action for declaratory judgment that neighbors' complaint for nuisance against feed lot based on emission of airborne dust was barred under Agriculture Code's statute of repose, venue was appropriate in county where nuisance cause of action accrued, and not county where operator received letters from neighbors' attorney which asserted injury from emissions, threatened litigation, and made offer of settlement. V.T.C.A., Agriculture Code S 251.004(a); V.T.C.A., Civil Practice & Remedies Code S 15.001. | Does a cause of action need to embrace every fact necessary to be shown in order to recover? | Action - Memo 27 - ANG.docx | ROSS-003295362-ROSS-003295364 |
| Brown v. Mortg. Elec. Registration Sys., 738 F.3d 926 | 334+2 | Arkansas circuit clerk's removed illegal-exaction claim under Arkansas law, alleging various originators and servicers of loans used the Mortgage Electronic Registration System (MERS) to avoid paying recording fees on mortgage assignments and, thus, deprived Arkansas counties of revenue, was a "class action" within the statutory definition of the Class Action Fairness Act (CAFA); although clerk's complaint asked the court to certify a class under the Arkansas constitutional provision defining an illegal-exaction action rather than under the Federal Rule of Civil Procedure governing class actions or the similar Arkansas rule, the judicially-created procedure for bringing an illegal-exaction claim provided a mechanism for plaintiffs to pursue a class action to collectively resist illegal taxation. 28 U.S.C.A. S 1332(d)(1)(B); Fed.Rules Civ.Proc.Rule 23, 28 U.S.C.A.; A.R.S. Const. Art. 16, S 13; 16 A.R.S. Rules Civ.Proc., Rule 23. | "What is an ""illegal exaction action""?" | Action - Memo 29 - ANG.docx | ROSS-003312477-ROSS-003312479 |
| Chichester ex rel. Estate of Cook v. Cook, 234 W. Va. 183 | 156+52.15 | To constitute an "estoppel" there must be conduct amounting to a misrepresentation or concealment of material facts, and such facts must be known to party sought to be estopped and unknown to party who claims benefit of the estoppel and who, relying upon such conduct, acted to his loss. | What must a subrogee show to obtain subrogation? | 002558.docx | LEGALEASE-00120020-LEGALEASE-00120021 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Stevenson, 2008 WL 748927 | 366+31(4) | Under District of Columbia law as predicted by the Court of Appeals for the District of Columbia, deed of trust lender's knowledge, at time it agreed to refinance an earlier mortgage signed by debtor and her son, that son would not agree to sign deed of trust because he felt that interest rate was too high did not prevent lender, after advancing funds on deed of trust signed only by debtor in order to pay off earlier mortgage, from asserting claim to be equitably subrogated to rights of prior mortgagee, where deed of trust lender, by advancing funds other than as volunteer to completely pay off prior mortgage on which it was not primarily liable, satisfied all of requirements for equitable subrogation, given that subrogation would not work any injustice on son, but simply require him to honor indebtedness that he voluntarily assumed by signing prior mortgage, while preventing him from obtaining windfall of an unencumbered interest in mortgage/deed of trust property without having advanced even a penny for that benefit. | Should courts pay attention to technicalities which are not of an insuperable character in deciding whether to apply the doctrine of equitable subrogation? | Subrogation - Memo 27 - VP.docx | ROSS-003288164-ROSS-003288165 |
| Koontz v. St. Johns River Water Mgmt. Dist., 133 S. Ct. 2586 | 148+2.10(7) | Extortionate demands for property in the land-use permitting context run afoul of the Takings Clause not because they take property but because they impermissibly burden the right not to have property taken without just compensation; as in other unconstitutional conditions cases in which someone refuses to cede a constitutional right in the face of coercive pressure, the impermissible denial of a governmental benefit is a constitutionally cognizable injury. U.S.C.A. Const.Amend. 5. | Does the imposition of a general obligation to pay money trigger the just compensation requirement of the takings clause? | 002724.docx | LEGALEASE-00120211-LEGALEASE-00120212 |
| Republic Tobacco Co. v. N. Atl. Trading Co., 381 F.3d 717 | 237+1 | To make out defamation claim under Illinois law, plaintiff must show that defendant made false statement concerning him, that there was unprivileged publication to third party with fault by defendant, which caused damage to plaintiff. Restatement (Second) of Torts S 588 (1977). | Was defamation a strict liability tort under common law? | 002905.docx | LEGALEASE-00119919-LEGALEASE-00119920 |
| Brewer v. State, 341 P.3d 1107 | 148+17 | State's action in conducting burnouts of vegetation on landowners' property to deprive advancing wildfires of fuel was an exercise of its police power to fight fires, and thus the damage that was caused to property was for a public use, as was required for landowners' claim that they were entitled to just compensation under Takings Clause; important aspect of police power was suppression and prevention of forest fires, State's entry upon private land for purpose of controlling fire was explicitly authorized by statute, and fighting wildfires, even on private property, was of benefit to the public as a whole regardless of whether only individual landowners were immediately benefited. Const. Art. 1, S 18; AS 41.15.040, 41.15.045. | "When the police power exception to just compensation is limited only by the sovereign power of the Government, what could be the possible result?" | 003087.docx | LEGALEASE-00120347-LEGALEASE-00120348 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Hopkins, 38 Misc. 2d 459 | 350H+1276 | Defendant's conviction of fornication in a Pennsylvania court did not necessarily adjudicate that the female consented to the sexual acts and consequently it did not necessarily contradict the operative facts on which the defendant's subsequent convictions in the same Pennsylvania court involving the same woman on charges of rape and assault with intent to rape depended, where defendant who had been convicted of assault with intent to rape in New York contended that Pennsylvania convictions could not be considered as felonies in determining defendant's status under New York law as a second felony offender. 18 P.S.Pa. SS 4721, 4722; Penal Law, S 1941. | Is the consent of the female necessary to constitute incest by the male? | Incest - Memo 71 - RK.docx | ROSS-003325578-ROSS-003325579 |
| Darden v. State, 206 Ga. App. 400 | 211+1737(2) | Chastity or nonchastity of victim of statutory rape or incest is not relevant in criminal prosecution for those offenses; thus, defendant accused of statutory rape and incest was not entitled to introduce evidence of sexual relations between victim and another. | Is the chastity of the victim relevant in a prosecution for incest? | Incest - Memo 73 - RK.docx | LEGALEASE-00009736-LEGALEASE-00009737 |
| Spacecon Specialty Contractors v. Bensinger, 713 F.3d 1028 | 237+48(1) | Any bias against construction contractor on part of filmmaker did not render messages conveyed in documentary film about contractor's alleged use and abuse of foreign workers matters of purely private rather than public concern, and, thus, actual malice standard was still applicable to contractor's defamation claim against filmmaker under Colorado law, even though filmmaker was a consultant for union, which paid for the film, and he delegated many of the critical film-making tasks to union members, knowing that union was embroiled in a campaign against contractor based on its alleged failure to pay employees area standards wages and benefits. | What is considered a matter of public concern? | 003333.docx | LEGALEASE-00120618-LEGALEASE-00120619 |
| Pan Am Sys. v. Hardenbergh, 871 F. Supp. 2d 6 | 92+2161 | In determining under Maine law whether an allegedly defamatory statement impacts a matter of public concern, so as to be protected by First Amendment, the relevant community need not be very large and the relevant concern need not be of paramount importance or national scope; rather, it is sufficient that the speech concern matters in which even a relatively small segment of the general public might be interested. U.S.C.A. Const.Amend. 1. | What is considered a matter of public concern? | Libel and Slander - Memo 156 - RK.docx | ROSS-003312381-ROSS-003312382 |
| Johnson v. Citimortgage, 351 F. Supp. 2d 1368 | 237+5 | Under Georgia law, malice is inferred from nature of defamation. West's Ga.Code Ann. S 51-5-1. | How is malice inferred in defamation? | Libel and Slander - Memo 161 - RK.docx | ROSS-003284755-ROSS-003284756 |
| Hood v. Dun & Bradstreet, 335 F. Supp. 170 | 237+4 | Use of "malice" in general definition of libel means only implied malice or lack of lawful excuse. | What is malice in the law of defamation? | 003350.docx | LEGALEASE-00120829-LEGALEASE-00120830 |
| Sugg v. Hopkins, 11 F.2d 517 | 289+426(1) | One is not a partner who has no proprietary interest in profits as profits. | Is proprietary interest in the business a necessary element in partnership? | 003401.docx | LEGALEASE-00120841-LEGALEASE-00120842 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Patteson v. City of Peoria, 318 Ill. App. 245 | 231H+2242 | Policewomen, police matrons, and clerks of identification bureau were not "policemen" within Policemen's Minimum Wage Act defining policemen to mean any member of a regularly constituted police department of a city and to include the chief of police, assistant chief of police, chief of detectives, captains, lieutenants, sergeants, plain-clothes men, and patrolmen, in view of Policemen's Annuity and Benefit Fund Act of 1921, expressly including terms policewoman, police matron and secretary of such police department in the definition of policemen. S.H.A. ch. 24, SS 860a, 860b; S.H.A. ch. 24, SS 11-1, 11-2, 956. | What does Section 10 of the Public Utilities Act define public utility as? | 042562.docx | LEGALEASE-00120937-LEGALEASE-00120938 |
| Whipple v. Hill, 14 La.Ann. 437 | 354+21 | The ownership of a steamboat used in carrying persons and merchandise remains in the partners individually, the use only being brought into the partnership which such transactions create. Therefore the ordinary partnership creditors of the owners have no right to be paid in preference to the individual creditors out of the proceeds of the boat received on policies of insurance. | Are part owners of a ship partners to each other? | 021849.docx | LEGALEASE-00121148-LEGALEASE-00121149 |
| In re B.C. Rogers Poultry, 455 B.R. 524 | 366+2 | Provision of Mississippi's version of Uniform Commercial Code (UCC) addressing subrogation in letter of credit transactions removes the independence principle as a basis for denying equitable subrogation in letter of credit transactions, although statute, by conferring subrogation rights only after beneficiary has been paid, maintains integrity of independence principle. West's A.M.C. S 75-5-117. | Does a surety subrogate to the rights of only those creditors whom it pays on the principal's behalf? | 043908.docx | LEGALEASE-00121117-LEGALEASE-00121118 |
| Auers v. Progressive Direct Ins. Co., 878 N.W.2d 350 | 217+2787 | Discount of approximately $85,869.59 that health insurer negotiated with providers was "collateral source" reducing past medical expenses below $100,000 limit of automobile liability coverage, even though accident victim's surviving spouse had paid for assignment of health insurer's subrogation rights, and, thus, tortfeasor was not underinsured; health insurer only had subrogation lien in amount paid. M.S.A. S 548.251(2). | "Is subrogation the substitution of a person for a creditor to whose rights the substitute succeeds in relation to the debt, and which gives the creditor all the rights, priorities, remedies, liens, and securities of the person for whom he or she is substituted?" | Subrogation - Memo # 674 - C - NO.docx | ROSS-003324223-ROSS-003324225 |
| Neu v. Gibson, 928 N.E.2d 556 | 219+36(1) | Equitable subrogees were not entitled to interest at rate provided for in mortgage of which they assumed first lien position following purchase of real property; equitable subrogees' position was different from mortgagee they helped pay off at closing, since they were not simply swappers of debt, but exposed themselves to both market risk and market reward, and court's earlier ruling giving them priority was a substantial step of equity which largely rescued them from the calamity that might have otherwise befallen them of ending up in line behind another mortgagee. | Is equity the nature of equitable subrogation? | Subrogation - Memo # 677 - C - NO.docx | ROSS-003297053-ROSS-003297055 |
| Liberty Nat. Life Ins. Co. v. Cox, 98 Ga. App. 582 | 368+1 | Accidental self-destruction is not legally "suicide". | Is accidental self-destruction suicide? | 044452.docx | LEGALEASE-00121044-LEGALEASE-00121046 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rowlette v. State, 188 N.C. App. 712 | 148+2.23 | State's retention of dividends and interest accrued on abandoned property while property was in possession of Treasury was not unconstitutional taking, since it was owners' abandonment of property, and not any overt action by State, that resulted in deprivation. U.S.C.A. Const.Amend. 5; West's N.C.G.S.A. Const. Art. 1 S 19; West's N.C.G.S.A. S 116B-64. | Does state have power to transfer property to another after its abandonment for a certain period of time of time? | 017416.docx | LEGALEASE-00121821-LEGALEASE-00121823 |
| Com. v. Huggins, 68 A.3d 962 | 110+451(3) | Allowing drug enforcement agent to testify, in jury trial, as both an expert, for limited purpose of decoding drug jargon, and a layperson, regarding his personal perceptions during drug investigation and his opinion that defendant was one of the parties to an intercepted telephone conversation, was not improper in prosecution for criminal conspiracy and delivery or possession with intent to deliver a controlled substance; trial court specifically directed Commonwealth to delineate between agent's expert and fact-based opinions, which it did, and defense counsel was permitted to engage in rigorous cross-examination of agent regarding his expertise and the substance of his testimony. Rules of Evid., Rules 701, 702, 704, 42 Pa.C.S.A. | Is a trial court granted broad discretion in its ruling on evidentiary issues? | Pretrial Procedure - Memo # 101 - C - SJ.docx | LEGALEASE-00012030-LEGALEASE-00012031 |
| State ex rel. Old Dominion Freight Line v. Dally, 369 S.W.3d 773 | 241+2(1) | Because a cause of action originates where it accrues, Missouri's statute of limitations borrowing statute not only determines when a cause of action accrues but where it accrues for purposes of determining whether the borrowing statute operates to bar an action. V.A.M.S. S 516.190. | Does the law declare that a cause of action originates when tortious conduct occurs? | 005332.docx | LEGALEASE-00122577-LEGALEASE-00122578 |
| Dotlich v. Tucker Hester, 49 N.E.3d 571 | 46H+502 | The elements of an action for legal malpractice are: (1) employment of an attorney, which creates a duty to the client; (2) failure of the attorney to exercise ordinary skill and knowledge (breach of the duty); and (3) that such negligence was the proximate cause of (4) damage to the plaintiff. | Do the facial allegations in the complaint limit and guide the court's analysis of when a cause of action accrues? | 05190.docx | LEGALEASE-00084906-LEGALEASE-00084907 |
| Cunard S.S. Co. v. Mellon, 262 U.S. 100 | 23H+281 | In view of Act Nov. 23, 1921, c. 134, 42 Stat. 223, S 3, supplemental to the National Prohibition Act, the act is operative throughout the territorial limits of the United States, subject only to the exception with respect to the Panama Canal and Panama Railroad contained in title 3, S 20, of the original act, 41 Stat. 305, 27 U.S.C.A. S 63, and applies to all merchant vessels, whether foreign or domestic, when within the territorial waters of the United States, but does not apply to domestic vessels when outside such waters. | Is jurisdiction of a nation within its own territory necessarily exclusive and absolute? | 019881.docx | LEGALEASE-00123277-LEGALEASE-00123278 |
| Jillian Mech. Corp. v. United Serv. Workers Union Local 355, 882 F. Supp. 2d 358 | 25T+210 | On a motion to compel arbitration, the moving party has the initial burden of showing that an agreement to arbitrate exists, and if there is, the court must then determine whether the particular dispute falls within the scope of arbitration clause. | How do courts construe an arbitration agreement if the contract embodying the purported arbitration agreement never existed? | 007154.docx | LEGALEASE-00125553-LEGALEASE-00125554 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Macon Tel. Pub. Co. v. Elliott, 165 Ga. App. 719 | 237+123(10) | Jury question was presented as to whether newspaper reporter was aware that statements attributed to plaintiff were false when they were published and therefore trial court did not err in denying newspaper's motion for directed verdict and judgment notwithstanding the verdict on issue of its liability for punitive damages in libel action. Code, SS 81A-150(a), 105-703. | What is newspaper libel? | 021102.docx | LEGALEASE-00125473-LEGALEASE-00125474 |
| Prestridge v. Lazar, 132 Miss. 168 | 366+1 | The doctrine of subrogation applies wherever any person other than a mere volunteer pays a debt or demand which in equity or good conscience should have been satisfied by another, or where one person finds it necessary for his own protection to pay the debt for which another is primarily liable, or where one has such an interest in property as makes it necessary for him to get in an outstanding claim or equity for its protection. | Does the doctrine of subrogation rest on a contract or principles of natural equity? | Subrogation - Memo 1023 - C- CAT.docx | ROSS-003311650-ROSS-003311651 |
| In re Johnson's Estate, 240 Cal. App. 2d 742 | 366+1 | Doctrine of equitable subrogation will be applied liberally to promote justice. | Is the doctrine of equitable subrogation the natural consequence of a call for the application of equity to particular situations? | 044416.docx | LEGALEASE-00125218-LEGALEASE-00125219 |
| State v. Connelly, 104 N.C. 794 | 146+21 | Code, S 1014, which declares that, if any officer, agent, etc., of any corporation shall embezzle any money, he shall be guilty of a felony, does not embrace clerks of the superior courts and like public officers. | Is a clerk of a court a public officer? | Clerks of court - Memo 10- VP.docx | LEGALEASE-00015517-LEGALEASE-00015518 |
| People v. Tainter, 304 Ill. App. 3d 847 | 203+709 | The crux of involuntary manslaughter is recklessness. S.H.A. 720 ILCS 5/9-3. | Is mental state of involuntary manslaughter considered as recklessness? | 019372.docx | LEGALEASE-00125725-LEGALEASE-00125726 |
| Los Angeles Cty. Employees Ass'n, SEIU, 81 Cal. App. 4th 164 | 316P+27 | Deputy court clerks for municipal court were "attach√©s" of the municipal court within meaning of statute requiring civil service commission to administer civil service provisions to attach√©s of municipal court, and thus deputy court clerks were entitled to civil service rights that were generally applicable to officers and employees of county. West's Ann.Cal.Gov.Code S 72002.1. | What are attachs? | 013422.docx | LEGALEASE-00126276-LEGALEASE-00126277 |
| State v. Canady, 116 Wash. 2d 853 | 227+6 | Judge pro tempore who issued search warrant could not have acquired de facto authority where department in which judge was sitting was not created by ordinance until two years after defendant's arrest; no de jure office existed that would have permitted judge pro tempore to be de facto officer. West's RCWA 35.20.020; U.S.C.A. Const.Amend. 4. | Are the acts of an officer de facto valid when the office itself does not exist? | 013492.docx | LEGALEASE-00126319-LEGALEASE-00126320 |
| Peat, Marwick, Mitchell & Co. v. Superior Court, 200 Cal. App. 3d 272 | 307A+3 | A court's inherent power to curb abuses and promote fair process extends to the preclusion of evidence. | Is a motion in limine expressly authorized by statute or is it within the trial courts inherent power to entertain and grant such motions? | 037516.docx | LEGALEASE-00125880-LEGALEASE-00125881 |
| Neel v. Strong, 114 S.W.3d 272 | 316P+351 | Attorneys who represented the State in tobacco-related litigation were "special assistant attorneys general" who maintained their authority only under the discretion of the Attorney General, and therefore, because the attorneys could not freely exercise their duties, they were not "public officers" for compensation purposes. V.A.M.S. Const. Art. 4, S 21; V.A.M.S S 27.020, subd. 1. | When is an individual who exercises the sovereign power of the state considered an officer of the state? | 013471.docx | LEGALEASE-00126794-LEGALEASE-00126795 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Manufacturers & Traders Tr. Co. v. Murphy, 369 F. Supp. 11 | 8.30E+282 | Law favors negotiability of negotiable instruments. | Does the law favour negotiability of negotiable instruments? | 009036.docx | LEGALEASE-00127046-LEGALEASE-00127047 |
| Skip Kirchdorfer v. United States, 6 F.3d 1573 | 148+298 | Issue of whether subcontractor abandoned temporary warehouse on military base when Navy broke into, entered, and assumed control of warehouse after contract dispute arose between subcontractor and contractor of housing construction project did not preclude finding of compensable taking under Fifth Amendment; however, it was relevant to question of duration of government-authorized physical intrusion for purposes of determining what compensation was just. U.S.C.A. Const.Amend. 5. | Does distinction between permanent and temporary takings refers to its temporal duration? | 017675.docx | LEGALEASE-00127127-LEGALEASE-00127128 |
| Lightfoot v. Davis, 198 N.Y. 261 | 241+100(2) | An action in equity being maintainable against a thief's administrator for an accounting because of the thief's fraud in concealing the property, its sale, and the receipt of its proceeds, the action under Code Civ.Proc. S 382, subd. 5, is not barred till six years after discovery of the fraud, though the ultimate relief sought is a money judgment. Order (1909) 116 N.Y.S. 904, 132 App.Div. 452, reversed. | Will equity give relief as exigencies of the case demand at the close of trial? | Action - Memo # 893 - C - VA.docx | LEGALEASE-00017423-LEGALEASE-00017426 |
| Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 867 F.2d 809 | 25T+143 | Claim of fraud in the inducement of a settlement agreement fell within scope of arbitration clause that provided for arbitration of any issue "believed to constitute a breach or violation" of the agreement. | Is fraud in the inducement of an agreement arbitrable? | Alternative Dispute Resolution - Memo 442 - RK.docx | LEGALEASE-00017470-LEGALEASE-00017471 |
| Padilla v. Rumsfeld, 352 F.3d 695 | 402+1018 | President's detention of American citizen on American soil as an "enemy combatant" was not authorized by statute allowing the use of appropriated funds for "expenses incident to the maintenance, pay, and allowances of prisoners of war, other persons in the custody of the Army, Navy or Air Force whose status is determined by the Secretary concerned to be similar to prisoners of war, and persons detained in the custody of (the Armed Services) pursuant to Presidential proclamation." 10 U.S.C.A. S 956(5). | Does the Commander in Chief have the authority to capture those who take up arms against America? | 008361.docx | LEGALEASE-00128091-LEGALEASE-00128092 |
| Employees Ret. Sys. v. Lewis, 109 Ga. App. 476 | 316P+252 | Sheriff is regarded as "county officer" within constitutional provision, relating to election, terms of office and removal of county officers. Const. art. 11, S 2, par. 1; Code, SS 24-201, 24-2811. | Is a clerk of the superior court a county officer? | Clerks of court - Memo 65 - RK.docx | LEGALEASE-00017554-LEGALEASE-00017555 |
| Watts v. Manheim Twp. Sch. Dist., 84 A.3d 378 | 102+260(5) | School district's appeal of trial court's decision granting divorced parent a permanent injunction and directing the district to resume busing services for his child to and from parent's residence was not frivolous, and therefore parent was not entitled to counsel fees and damages for delay; although the district did not prevail on appeal, it nevertheless presented a justifiable question for review. Rules App.Proc., Rule 2744, 42 Pa.C.S.A. | Is a school district authorized to prescribe rules and regulations only to the extent of carrying into effect the will of the Legislature as expressed in a statute? | Education - Memo # 33 - C - SU.docx | ROSS-003286702-ROSS-003286703 |
| RLI Ins. Co. v. S. Union Co., 341 S.W.3d 821 | 217+1702 | Insurance procurement clauses reflect an intention on the part of the parties to relieve each other of liability and look to only one insurer to bear the risk instead. | Does the waiving a subrogation clause avoid potential liability for two parties? | Subrogation - Memo # 1136 - C - TJ.docx | ROSS-003312250-ROSS-003312252 |
| Jack v. Wong Shee, 33 Cal. App. 2d 402 | 366+35 | The right of subrogation may be waived. | Can the right of subrogation be waived? | Subrogation - Memo # 1062 - C - NS.docx | ROSS-003300429-ROSS-003300431 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kamm v. City of Portland, 132 Or. 311 | 148+264 | Order quashing writ of review calling on court to pass on same questions as presented by appeal from city council's condemnation proceedings, held proper. ORS 34.040, n358.510. | Can a party prosecute an appeal from a judgment while a writ of review to the same court is pending? | 008224.docx | LEGALEASE-00129115-LEGALEASE-00129116 |
| McClure v. Gower, 259 Ga. 678 | 30+358 | Prospective purchaser's appeal of $1,533 in damages awarded in tortious interference with contractual rights action against owner of advertising sign on property, which was filed as independent appeal in Court of Appeals, but which was transferred by Court of Appeals to Supreme Court, was properly before Supreme Court as cross appeal to prospective vendor's appeal of award of specific performance of real estate sales contract and damages, even though prospective vendor was not party to prospective purchaser's appeal of judgment against sign owner, and thus rule requiring that application for discretionary appeal be made when there is action for damages and result is judgment of $2,500 or less was applicable. O.C.G.A. SS 5-6-34(c), 5-6-35(a)(6), 5-6-37, 5-6-38. | Can an appellee institute a cross appeal against a party other than the appellant? | 008269.docx | LEGALEASE-00129579-LEGALEASE-00129580 |
| People v. Goins, 136 Ill. App. 3d 582 | 67+2 | Residential burglary statute, S.H.A. ch. 38, P 19-3, is constitutional. | Are residential burglary statutes constitutional? | 013253.docx | LEGALEASE-00129663-LEGALEASE-00129664 |
| Mediterranean Enterprises v. Ssangyong Corp., 708 F.2d 1458 | 25T+143 | Arbitration clause in agreement providing for arbitration of any disputes "arising hereunder" was not designed to cover any dispute between parties, but, rather, only those relating to interpretation and performance of contract itself. | What does the phrase arising hereunder mean in an agreement? | Alternative Dispute Resolution - Memo 523 - RK.docx | ROSS-003286518-ROSS-003286519 |
| Abbott ex rel. Abbott v. Burke, 199 N.J. 140 | 1.41E+216 | School Funding Reform Act's (SFRA) use of census-based method for funding one-third of the cost of special education in school districts did not violate constitutional provision regarding funding of public school system, even if districts had a greater concentration of special education students than was estimated under the census-based method; the SFRA funded the other two-thirds of special education costs by allocating an excess dollar amount for each special education student in a district, and extraordinary aid was provided to reimburse districts for the expense of providing special education for those students whose costs were extraordinary, meaning above either $40,000 or $55,000 depending on whether the services were provided in-district. N.J.S.A. Const. Art. 8, S 4, par. 1; N.J.S.A. 18A:7F-43 et seq. | Does the thorough and efficient education clause require legislature to provide same means of instruction for every child in state? | Education - Memo # 96 - C - SU.docx | ROSS-003300265-ROSS-003300266 |
| Ashe v. Distribuidora Norma Inc., 965 F. Supp. 2d 212 | 170A+1278 | Before ordering the potential preclusion of an expert witness as a sanction for non-compliance with court-imposed deadline regarding disclosure of experts, the court must examine various factors: (1) the opponent-party's ability to overcome its adverse effects, i.e., harmlessness; (2) the history of litigation; (3) the late disclosure's impact on the district court's docket; and (4) the sanctioned party's need for the precluded evidence. Fed.Rules Civ.Proc.Rules 26, 37, 28 U.S.C.A. | Do litigants have an unflagging duty to comply with clearly communicated case-management orders? | 026584.docx | LEGALEASE-00129964-LEGALEASE-00129965 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Negrin v. Kalina, 2010 WL 2816809 | 25T+143 | Arbitration clause contained in garment company's articles of incorporation and bylaws did not require the arbitration of plaintiff owner's breach of fiduciary duty and fraud and conversion claims against defendant owners. The dispute arose out of an alleged conspiracy to oust plaintiff owner from the company by encouraging a creditor to withhold a substantial rental payment, thereby triggering an eviction action and a seizure of plaintiff owner's assets. However, the arbitration clause was narrow and only covered disputes relating to distribution of profits, liquidation, and non-performance. | Are collateral matters beyond the purview of narrowly drawn arbitration clauses? | 007446.docx | LEGALEASE-00131409-LEGALEASE-00131410 |
| Jones v. State Bd. of Ed. Of & For State of Tenn., 279 F. Supp. 190 | 67+4 | Removal of a wheel, tire, hub cap, or lug nuts, or any combination of the above, from the outside of a conveyance could not constitute burglary, as there was no intent to commit an offense within the vehicle. West's F.S.A. S 810.02. | Does the act of siphoning gasoline from an automobile constitute burglary? | Burglary - Memo 74 - RK.docx | ROSS-003286744-ROSS-003286745 |
| State v. Hart, 119 Vt. 54 | 35+63.4(16) | Evidence that defendant had carried sledge hammer concealed under his topcoat and had surreptitiously cached the hammer in bushes just before police officer found it there was, when coupled with knowledge that that type of hammer was commonly used by burglars and was of a kind used in recent burglaries in the area, was sufficient to establish probable cause to arrest defendant without warrant for possession of burglary tools so that admission of sledge hammer and of metal cutters taken from another defendant at jail was not error. K.S.A. 21-2437. | What are burglars tools? | 013290.docx | LEGALEASE-00131431-LEGALEASE-00131432 |
| Wiley v. Snedaker, 2000 PA Super 413, 6, 765 A.2d 816 | 307A+93 | Purpose of a pre-trial statement is to prevent surprise. Rules Civ.Proc., Rule 212.2(c)(1), 42 Pa.C.S.A. | What is the purpose of a pre-trial settlement? | Pretrial Procedure - Memo # 1648 - C - PB.docx | ROSS-003301364-ROSS-003301365 |
| In re Hight, 426 B.R. 258 | 371+3400 | Taxing authorities have no contractual arrangement with debtor-taxpayers; taxing authority's rights commence with the filing of tax return. | Is tax an exaction or involuntary contribution of money? | Taxation - Memo # 77 - C - SS.docx | ROSS-003288510-ROSS-003288511 |
| Carter v. Doll House II, 69 F. Supp. 3d 1351 | 25T+146 | Independent contractor agreement between gentlemen's club and dancers did not contain any indication that it would be applied retroactively, and thus dancers who signed agreement were only required to arbitrate Fair Labor Standards Act (FLSA) claims against club that accrued after the date they signed agreement. Fair Labor Standards Act of 1938, S 16(b), 29 U.S.C.A. S 216(b). | Do the parties to a contract need to explicitly state that an arbitration clause should apply retroactively? | 007478.docx | LEGALEASE-00132397-LEGALEASE-00132398 |
| State ex rel. Bldg. Owners & Managers Ass'n of Milwaukee v. Adamany, 64 Wis. 2d 280 | 233+1837 | Statute providing that tax reductions due to property tax relief should be passed on from landlords to tenants was not unconstitutional for lack of public purpose, where the statute dealt with a matter within the general concern of government and of legislation. Laws 1973, c. 90, S 539. | Is tax a contribution from persons and property levied to support a government and its needs? | 044684.docx | LEGALEASE-00131666-LEGALEASE-00131667 |
| State v. Savoie, 67 N.J. 439 | 164T+15 | For commission of crime of extortion, it is not required that there be coercive or oppressive use of powers of office for purpose of taking the money or thing of value, or that there be demand by the officer preceding the taking. N.J.S.A. 2A:105-1. | What is the definition of under color of office for purposes of bribery? | Bribery - Memo #293 - C-EB.docx | LEGALEASE-00022474-LEGALEASE-00022475 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| 22 Irving Place Corp. v. 30 Irving LLC, 57 Misc. 3d 253 | 238+50 | Even if building owner's trespass action against adjacent building owner were converted to license case, owner would not be required to pay license fee for alleged entry onto adjacent land to erect sidewalk shed that extended for 20 feet in front of adjacent building in addition to front of owner's building, in order to make exterior repairs to owner's building that were required for correction of building code violations; owner acted in good faith by erecting shed due to required repairs and in compliance with statute governing requirements of sidewalk sheds that did not require compensation for entry onto adjacent property, adjacent owner did not suffer any loss of enjoyment to its property, and any claim of reduced light as result of shed was incidental to legally required structure. McKinney's RPAPL S 881; New York City Administrative Code, SS 3307.6.2, 3307.6.3. | What are the elements of a cause of action sounding in trespass? | Trespass - Memo 245 - RK.docx | ROSS-003301289-ROSS-003301290 |
| Best v. Nokomis Nat. Bank, 76 Ill. 608 | 83E+729 | A payee of a note, although he may have written an assignment on the back of it, can maintain an action thereon in his own name, and his describing himself as "assignee" of the person to whom he made the assignment may be rejected as surplusage. | Can a payee strike out the endorsement or the assignment indorsed on the back of the note if he chooses? | 010191.docx | LEGALEASE-00133672-LEGALEASE-00133673 |
| Maltz v. Jackoway-Katz Cap Co., 336 Mo. 1000 | 413+1939.11(3) | Whether person killed in accident was employee within meaning of Workmen's Compensation Act held question of law as respects power of Supreme Court to review Compensation Commission's findings and conclusions. V.A.M.S. S 287.020. | Is the workmens compensation act a complete code governing all questions of substantive rights under its terms? | 047979.docx | LEGALEASE-00133598-LEGALEASE-00133599 |
| Slay v. Wheeler, 84 S.W.2d 841 | 83E+573 | Where payees of note indorsed entire instrument to plaintiff and made contemporaneous agreement retaining part interest therein, indorsement held not "split indorsement" so as to render note non-negotiable, and plaintiff was entitled to recover to extent of interest in note (Vernon's Ann.Civ.St. art. 5934, S 32). | Is an indorsement which purports to transfer to the indorsee a part of the amount payable on a note void? | 010208.docx | LEGALEASE-00133898-LEGALEASE-00133899 |
| Feldheim v. Plaquemines Oil & Dev. Co., 282 So. 2d 469 | 101+1434 | Uniform Stock Transfer Law providing, inter alia, that title to a certificate and to the shares represented thereby can be transferred by delivery of certificate endorsed either in blank or to a specified person by person appearing in certificate to be owner of shares did not preclude trial court, in proceeding to determine ownership of stock certificate endorsed in blank and delivered to owner's nephew who was her agent and attorney, from inquiring whether owner intended endorsement to transfer ownership of certificate to nephew or whether owner entrusted endorsed certificate to nephew in order to facilitate use of certificate as means of producing cash in case of need. LSA-R.S. 12:621-12-643, 12:624, 12:630, 12:641. | Can an agent treat an instrument as his own? | 009477.docx | LEGALEASE-00134426-LEGALEASE-00134427 |
| Potter v. Tucker, 11 Ala. App. 466 | 8.30E+60 | Date in general is not essential to a bill or note; if there be no date it will be considered as dated at the time it was made. | What happens when no date is expressed in the bill or note? | 010237.docx | LEGALEASE-00134036-LEGALEASE-00134037 |
| S. Indiana Gas & Elec. Co. v. Dep't of Highways, State of Ind., 533 N.E.2d 1289 | 200+80 | All roads laid out under legislative enactment are public highways belonging to State. | Do all roads laid out under legislative enactment belong to the State? | Highways -Memo 100 - DB.docx | LEGALEASE-00023976-LEGALEASE-00023977 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Smith v. First Nat. Bank of Atlanta, 837 F.2d 1575 | 170A+1686 | Requisites for withdrawal of admissions under federal rules were met; defendant's failure to timely respond to request for admissions was inadvertent and at most excusable neglect, and plaintiff was provided with opportunity to establish that delay in responding to request for admissions affected her ability to obtain appropriate discovery. Fed.Rules Civ.Proc.Rule 36(b), 28 U.S.C.A. | Is the prejudice contemplated by a rule withdrawing or amending admissions simply that a party who obtained the admission now has to convince the jury of its truth? | 028828.docx | LEGALEASE-00134446-LEGALEASE-00134447 |
| Brunner v. Morrison, 123 N.J. Eq. 224 | 371+2001 | A "tax," in its essential characteristics, is not a debt nor in nature of debt. | Is a tax generally a debt? | Taxation - Memo # 331 - C- NA.docx | ROSS-003290935-ROSS-003290937 |
| Moore v. Mitchell, 30 F.2d 600 | 371+2001 | Assessment of taxes does not raise contractual or quasi contractual obligation to pay. | Is a tax liability quasi-contractual? | 045090.docx | LEGALEASE-00133986-LEGALEASE-00133987 |
| Obermiller v. Baasch, 284 Neb. 542 | 386+11 | A trespass can be committed on, above, or beneath the surface of the land. | Where can a trespass be committed? | 047409.docx | LEGALEASE-00134822-LEGALEASE-00134823 |
| United States v. Menendez, 132 F. Supp. 3d 635 | 63+1(1) | Physician's contributions to Super political action committee (PAC) could constitute "thing of value" under federal bribery statute, even if bona fide Super PAC was barred from coordinating its expenditures with candidate; jury could find that candidate placed value, albeit subjective, on earmarked donations given to Super PAC by physician, and that contributions had value to Super PAC. 18 U.S.C.A. S 201. | "When a defendant is being prosecuted for bribery, is the phrase anything of value interpreted objectively or subjectively?" | 011600.docx | LEGALEASE-00135008-LEGALEASE-00135009 |
| George W. Garig Transfer v. Harris, 226 La. 117 | 95+303(4) | A party whose obligation depends upon a condition may not rely, in defense, on nonperformance of the condition where it was through his fault it was not performed. LSA-C.C. art. 2040. | When is a condition fulfilled? | Bills and Notes- Memo 174- VP.docx | LEGALEASE-00025837-LEGALEASE-00025838 |
| Johnston v. Dean, 48 La. Ann. 100 | 307A+716 | It was proper to refuse a continuance on account of the absence of leading counsel, not shown to have been absent on account of sickness, when associate counsel was present. | Will a continuance not be granted on account of the inability of counsel to attend in court? | 029358.docx | LEGALEASE-00136125-LEGALEASE-00136126 |
| Colvin v. Nelson, 4 La. Ann. 544 | 307A+723.1 | An intervention cannot retard the cause. Therefore, a vendor, though, if cited in warranty, he would be entitled to a continuance to call in warranty his vendors, is not, if he voluntarily intervenes. | Can an intervention retard the decision of the cause? | 030286.docx | LEGALEASE-00136884-LEGALEASE-00136885 |
| In re Feldman's Estate, 387 Ill. 568 | 8.30E+186 | Where note was dated March 1, 1931, and promised on or before date to pay a named person $3,000 with interest at 5 per cent. per annum from date until paid at named bank and contained in lower left-hand margin the statement "Due Mar. 1, 1939," the note matured on March 1, 1939. S.H.A. ch. 98, SS 27, 31, 47, 73, 78. | Will marginal notation(s) be regarded as part of a note if it conflicts with the terms of its main body? | 010159.docx | LEGALEASE-00137812-LEGALEASE-00137813 |
| Prins v. S. Branch Lumber Co., 20 Ill. App. 236 | 83E+542 | Where the words "order of" were stricken from printed blanks on which note was written, and "this note is not negotiable" was written in red ink on the margin, subsequent holder of note was put on notice of agreement that note should not be negotiated, and took subject to equities between the original parties. | Does the word foreign bills written underneath or in the margin of a note are a part of contract? | 010189.docx | LEGALEASE-00137842-LEGALEASE-00137843 |
| Carleton v. State, 29 Ohio App. 187 | 28+1.5(4) | Dog is subject of larceny and burglary. Gen.Code, S 12438. | Can a dog be a subject of a burglary? | Burglary - Memo 154 - JS.docx | ROSS-003331019-ROSS-003331021 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Greenberger, Krauss & Tenenbaum v. Catalfo, 293 Ill. App. 3d 88 | 46H+1236 | Whether sanctions will be imposed under Supreme Court Rule, allowing sanctions against parties and their attorneys who sign documents that are interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in cost of litigation, is within sound discretion of circuit court and decision will not be reversed on appeal absent abuse. Sup.Ct.Rules, Rule 137. | Would a denial of another continuation of action be the discretion of the Court? | 031499.docx | LEGALEASE-00137168-LEGALEASE-00137169 |
| Pesson v. Kleckley, 526 So. 2d 1220 | 308+100(2) | Agent must be given express power in order to have actual authority to bind principal personally to lease or addendum thereto. | When should the agents authority be express? | Principal and Agent - Memo 69 - KC.docx | ROSS-003291284-ROSS-003291285 |
| State v. Garcia-Gutierrez, 830 N.W.2d 919 | 67+10 | Defendants who entered victim's home and stole a safe containing a gun did not knowingly possess the gun, as required to support conviction for first degree burglary while possessing a dangerous weapon, absent any showing that defendants were aware that safe contained a gun or that there was something about the safe that suggested that it contained a gun. M.S.A. S 609.582. | What is the mens rea required for burglary? | Burglary - Memo 166 - KNR.docx | ROSS-003318566-ROSS-003318568 |
| Tumelaire v. Naples Estates Homeowners Ass'n, 137 So. 3d 596 | 307A+375 | Mobile home park's homeowners association, which was sued by park resident and which alleged that resident was acting as park owner's agent in order to gain access to association's documents for owner's benefit, was entitled to discovery of information on who hired resident's accountant and the fees that accountant was being paid, where resident named accountant as an expert in her case. | "Where the discovery sought is directed to a party about the extent of that party's relationship with a particular expert, does the balance of the interests shift in favor of allowing the pretrial discovery?" | Pretrial Procedure - Memo # 4541 - C - PC.docx | ROSS-003304208-ROSS-003304209 |
| Moncier v. Green, 182 Va. 127 | 308+165 | A contract can only be ratified by the person who had the power to authorize it. | Who can ratify a contract? | Principal and Agent - Memo 118 - KC.docx | ROSS-003291208-ROSS-003291209 |
| Dechio v. Raymark Indus., 114 Conn. App. 58 | 413+48 | In construing workers' compensation law, courts must resolve statutory ambiguities or lacunae in a manner that will further the remedial purpose of the law. | Are workers compensation rights in derogation of common law? | Workers' Compensation - Memo #281 ANC.docx | ROSS-003290998-ROSS-003290999 |
| Roberts v. United States, 741 F.3d 152 | 34+5(8) | Under the unusually deferential application of the arbitrary or capricious standard of the Administrative Procedure Act (APA) under which Court of Appeals reviews a decision of a military corrections board, the board must give a reason that a court can measure against the arbitrary or capricious standard of the APA. 5 U.S.C.A. S 706(2)(A). | Is a military board of correction obliged to provide a reasoned explanation for its decision by referring to a clearly relevant source? | 008520.docx | LEGALEASE-00139381-LEGALEASE-00139382 |
| Brock v. Bateman, 25 Ohio St. 609 | 289+723 | Where a partnership and the several members of the firm are insolvent, and there are no partnership funds for distribution among the creditors, the firm creditors are entitled to share equally with the creditors of each partner in the distribution of his individual assets; the amount so distributed to the creditors of the firm, however, not to exceed the amount of their claims. | How will the partnership creditors be paid their share when there is no partnership property? | Partnership - Memo 395 - SNP.docx | LEGALEASE-00029315-LEGALEASE-00029316 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Prochazka v. United States, 104 Fed. Cl. 774 | 34+13.5(3) | Navy's statutory interpretation to determine Judge Advocate General Corps (JAGC) officer's service creditable prior to enactment of Defense Officer Personnel Management Act (DOPMA) and his mandatory retirement date was unreasonable, in denying him six years of active duty pay and reducing his monetary pension benefits in order to advance careers of younger JAGC officers, based merely on officer's enlistment in Naval Reserve JAGC on entering law school rather than waiting to enlist in Regular Navy JAGC after graduating from law school, since Navy could have and should have computed pre-DOPMA total commissioned service for officer in Regular Navy JAGC or Naval Reserve JAGC consistent with Navy's stated policy of providing equality of treatment for all officers of Regular Navy, regardless of source from which procured. 10 U.S.C.(1976 Ed.) S 6388(b). | "Does Congress have the right to give, withhold, distribute, or recall monetary benefits to military pensioners at its discretion?" | 008560.docx | LEGALEASE-00140047-LEGALEASE-00140048 |
| Cooper v. Bailey, 52 Me. 230 | 83E+405 | An indorsement in only the surname of the payee is valid. | Is an endorsement in only the surname of the payee valid? | 009529.docx | LEGALEASE-00140652-LEGALEASE-00140653 |
| Allen v. Hillman, 215 Mich. 312 | 51+2650(3) | Renewal notes given by bankrupt after his alleged fraudulent conveyance will not be treated as payment of the original notes, relative to whether the indebtedness represented thereby was contracted before the conveyance. | Does renewal amount to payment? | Bills and Notes- Memo 334- GP.docx | ROSS-003301545-ROSS-003301546 |
| In re Smoak, 461 B.R. 510 | 83E+728 | Under Ohio's version of Uniform Commercial Code (UCC), bank which, as trustee for mortgage securitization trust, had physical possession of debtors' original promissory note and endorsement in blank was holder of note, and thus was real party in interest with standing to assert proof of claim in debtors' Chapter 13 case. Ohio R.C. S 1303.31(A)(1); S 1301.01(T)(1) (Repealed). | How do the statutes define a holder of a negotiable instrument? | Bills and Notes- Memo 366-IS.docx | ROSS-003288078-ROSS-003288079 |
| Tivoli Ventures v. Bumann, 870 P.2d 1244 | 38+71 | As a general principle of common law, assignee stands in shoes of assignor. | Can an assignee stand in the shoes of the assignor? | 010337.docx | LEGALEASE-00139779-LEGALEASE-00139780 |
| Bleitz v. Bryant Lumber Co., 113 Wash. 455 | 38+54 | Seller's order to buyer to remit proceeds to third party held not an equitable assignment, in absence of a showing of a valuable consideration for the assignment, as there can be no equitable assignment without proof of consideration therefor. | Is consideration an important element of equitable assignment? | Bills and Notes -Memo 483 -DB.docx | ROSS-003288801-ROSS-003288802 |
| Hurlbut v. Quigley, 180 Cal. 265 | 83E+629 | The writing above indorsers' names, declaring that they waive presentment, etc., is a part of the contract of indorsement, enlarging liability. | What constitutes an  indorsement with enlarged liability? | Bills and Notes- Memo 520-PR.docx | ROSS-003302255 |
| State v. Cole, 128 Wash. 2d 262 | 129+134 | Defendant's resistance to arrest by attempting to take flashlight from officer while being patted down on side of public roadway was sufficient to sustain finding that defendant's conduct posed risk of public inconvenience or annoyance and thus satisfied "public" element of offense of disorderly conduct. 13 V.S.A. S 1026(1). | Can a person be convicted of disorderly conduct for attempting to bite sheriffs hand? | 014447.docx | LEGALEASE-00140135-LEGALEASE-00140136 |
| Com. v. Doughty, 55 Pa. Super. 88 | 200+166 | Act May 11, 1911, P.L. 244, authorizing county commissioners to adopt reasonable rules as to the use of highways, is constitutional. | Who has the right to prescribe on what may be operated in a highway? | Highways- Memo 176 - ANM.docx | ROSS-003291048-ROSS-003291049 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Advisory Opinion to the Governor, 98 Fla. 843 | 296+1 | Statute granting pension for past services to state and carrying necessary appropriation held valid, and Governor authorized to countersign warrant therefor. Laws 1929, c. 14533; F.S.A.Const. art. 4, S 24; art. 9, S 2. | Does the legislature have the power to grant pensions to past civilians? | 022761.docx | LEGALEASE-00140496-LEGALEASE-00140497 |
| MacLeod v. Fernandez, 101 F.2d 20 | 375+23 | The Puerto Rican retirement statute of 1923 providing for optional payments to pension fund did not give government employee a vested right to recover a pension but merely a possible contingent right in the future, and such contingent right disappeared when the statute was repealed in 1925 by an act creating a compulsory pension fund. Laws Puerto Rico 1923, Sp.Sess., No. 22; Laws Puerto Rico 1925, No. 104. | Does the pensioner have a vested right in a pension? | 022766.docx | LEGALEASE-00140510-LEGALEASE-00140511 |
| Palm Beach Newspapers v. Burk, 504 So. 2d 378 | 326+410 | The press does not have any right under the Public Records Law to obtain copies of unfiled depositions in criminal proceedings. West's F.S.A. SS 119.01 et seq., 119.07. | Is taking of deposition a judicial trial and is not regarded as a public hearing? | 031560.docx | LEGALEASE-00139755-LEGALEASE-00139756 |
| Com. v. Hurley, 311 Mass. 78 | 110+446 | In prosecution for offering a bribe to a municipal officer, the telegrams sent by defendant were to be considered in the light of the circumstances in which they were sent. | Is the failure of the public officers to accept the offer of the defendant and to join with him in executing a corrupt bargain a defence? | Bribery - Memo #698 - C-JL.docx | ROSS-003288664 |
| St. James v. Embury-Martin Lumber Co., 219 Mich. 115 | 113+3 | A custom must be reasonable and lawful to be sustained. | Must a custom be reasonable? | 014156.docx | LEGALEASE-00141748-LEGALEASE-00141749 |
| Congregation B'Nai Sholom v. Martin, 382 Mich. 659 | 113+17 | Custom cannot change a definite contract. | Can custom change a definite contract? | 014190.docx | LEGALEASE-00141866-LEGALEASE-00141867 |
| Black v. Ashley, 80 Mich. 90 | 113+3 | Before any custom can have effect, it must have been general, uniform, acquiesced in, and be certain. | When can a custom be admitted into the law? | 014194.docx | LEGALEASE-00141874-LEGALEASE-00141875 |
| Reading Metal Craft Co. v. Hopf Drive Associates, 694 F.Supp. 98 | 170B+2740 | Under New York law, personal jurisdiction could be asserted over Florida limited partnership which was member of New York joint venture in dispute arising out of contract between subcontractor and joint venture for construction of shopping center which was owned by joint venture. N.Y.McKinney's CPLR 302. | Is a joint venture identical to a limited partnership? | Partnership - Memo 399 - TB.docx | LEGALEASE-00030982-LEGALEASE-00030983 |
| Genesco v. T. Kakiuchi & Co., 815 F.2d 840 | 25T+145 | American buyer's claim of fraudulent inducement against Japanese seller based on allegations that seller, through pattern of bribery, fraudulently induced it to enter into series of sales transactions involving overpriced, defective, or otherwise inappropriate goods was subject to arbitration pursuant to clause in sales confirmation forms used by Japanese seller in its transactions with American buyer requiring "all claims and disputes of whatever nature arising under this contract" to be referred to arbitration; calling into doubt In re Kinoshita & Co., 287 F.2d 951 (2d Cir.). 9 U.S.C.A. SS 1-14. | Do courts focus on whether there was subjective agreement as to each clause in a contract? | 007510.docx | LEGALEASE-00143170-LEGALEASE-00143171 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Coastal States Trading v. Zenith Nav. S. A., 446 F. Supp. 330 | 25T+514 | Even though defendant vessel owner, in suit brought by consignee to recover value of cargo of oil lost when vessel disappeared at sea, was Panamanian corporation, and even though dispute was properly referable to arbitration, convention on recognition and enforcement of foreign arbitral awards did not apply to preclude consignee from attaching vessel owner's assets where consignee was citizen of United States and where vessel owner's principal place of business was New York City, thereby making it "citizen of United States" for purposes of bringing dispute within exception to convention's applicability provided for actions arising out of contracts entirely between citizens of United States. Fed.Rules Civ.Proc. rule 64, 28 U.S.C.A.; CPLR N.Y. 6201, subd. 1; 9 U.S.C.A. SS 3, 201 et seq., 202. | Does the existence of an arbitration clause in a contract deprive a promisee of usual provisional remedies? | 007662.docx | LEGALEASE-00143388-LEGALEASE-00143389 |
| Reed v. Roark, 14 Tex. 329 | 8.30E+82 | A note in pencil is valid while legible. | Is a note written in pencil valid? | 009667.docx | LEGALEASE-00142706-LEGALEASE-00142707 |
| United States v. Sun-Diamond Growers of California, 941 F. Supp. 1262 | 63+1(2) | Anti-gratuity statute, prohibiting giving of "thing of value" to official "for or because of any official act performed or to be performed by any public official," was not void for vagueness, on facts of present case, for failure to distinguish between wrongful conduct on one hand and innocent gifts or legitimate reasons for acts on the other, and government was consequently not required to prove specific intent to reward public official or expectation of quid pro quo before statute could be applied to payments made by defendant agricultural cooperative to allow former Secretary of Agriculture to attend tennis tournament and for his girlfriend to be with him when he gave speech before industry association in Greece; statute as interpreted provided sufficient notice of prohibited conduct, giving of thing of value because of official's position. | What is the purpose of unlawful gratuity statute? | 012169.docx | LEGALEASE-00142366-LEGALEASE-00142367 |
| Phillips Petroleum Co. v. Corp. Comm'n, 1956 OK 313, 312 P.2d 916 | 92+4475 | Statute, which requires natural gas producer to make a portion of its gas available for use in pumping water for irrigation of agricultural lands from which the gas was produced, even though producer had not theretofore dedicated its property to suchuse, and which authorizes the Corporation Commission to fix prices, terms and conditions under which the gas shall be made available, is not a valid regulation under the police power but would, if enforced, constitute a taking of producer's property without due process of law. 52 O.S.Supp. SS 248-256; 82 O.S.1951, SS 1-104, 2, 111-276.19, 126; O.S.1951 Const. art. 2, S 24; art. 7, S 2. | Can a state adopt reasonable regulations to prevent economic and physical waste of natural gas? | 021629.docx | LEGALEASE-00142098-LEGALEASE-00142099 |
| Thompson v. U.S., 87 Fed.Cl. 728 | 289+1174 | Limited partnerships must distinguish between: (1) their limited partners, who have limited liability but are unable to participate in the management of the partnership, and (2) their general partners, who may participate in the management of the partnership but are personally liable for its debts. | Must a fictitious partnership state the names of the persons comprising the partnership truthfully on the certificate? | 022420.docx | LEGALEASE-00143394-LEGALEASE-00143395 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Board of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Palladium Equity Partners, 722 F.Supp.2d 854 | 220+3913 | The concept of a joint venture under the Internal Revenue Code (IRC) is similar to the concept of a partnership, with a primary distinction being that a joint venture is generally established for a single business venture, even though the business of managing the venture to a successful conclusion may continue for a number of years, while a partnership is formed to carry on a business for profit over a long period of time. 26 U.S.C.A. S 7701(a)(2). | Is joint venture included within the definition of a partnership? | 022436.docx | LEGALEASE-00143464-LEGALEASE-00143465 |
| Atchison, T. & S. F. R. Co. v. Pearson, 6 Kan. App. 825 | 307A+74 | Under a statute requiring the certificate of an officer before whom a deposition has been taken to show that the deponent was first sworn "to testify the truth, the whole truth, and nothing but the truth," a certificate which shows that the deponents were sworn "to testify the whole truth of their knowledge touching the matter in controversy" is insufficient. | Will no presumption be indulged in to supply any defects in the requirements of the statute relative to the taking of depositions? | 033077.docx | LEGALEASE-00142508-LEGALEASE-00142509 |
| Collins v. State, 691 So. 2d 918 | 352H+35 | Age is critical element of crimes of capital and statutory rape; capital rape requires rape of a child under age 14, while statutory rape requires carnal knowledge of unmarried person of previously chaste character younger than himself or herself and over 14 and under 18 years of age. Code 1972, SS 97-3-65(1), 97-3-67. | Is the State required to prove the age of the accused at trial? | Sex Offence - Memo 96 - RK.docx | LEGALEASE-00033092-LEGALEASE-00033093 |
| Bank of Commerce & Tr. Co. v. Senter, 149 Tenn. 569 | 371+2013 | Under Const. art. 2, S 3, the right to select the measure and subjects of taxation lies within the discretion of the Legislature, subject to definite constitutional limitations which may not be overstepped. | Does ad valorem and privilege taxes cover the whole domain of taxation and beyond them legislature may not go in imposition of taxes? | Taxation - Memo # 695 - C - SS.docx | ROSS-003304989-ROSS-003304990 |
| CAVU Co. v. Martinez, 2014-NMSC-029 | 371+2060 | Property is presumed to be subject to taxation. | Is property presumed to be subject to taxation? | Taxation - Memo # 700 - C - KBM.docx | ROSS-003288892-ROSS-003288893 |
| Banc of Am. Sec. LLC v. Indep. Tube Corp., 2010 WL 1780321 | 25T+414 | A purchaser of auction-rate-securities (ARS) waived its right to arbitrate its claims against the ARS seller through litigation of the claims for nearly a year rather than filing an arbitration claim. The ARS purchaser acted inconsistently with its right to file an arbitration claim with the Financial Industry Regulatory Authority (FINRA) by choosing to file and pursue a complaint in federal court and continuously attempting to use the federal courts and procedural mechanisms to litigate, only filing its FINRA arbitration claim after learning that one of its claims might be dismissed with prejudice. Furthermore, ARS purchaser failed to present evidence that it was uncertain about its right to arbitrate or that the seller was not prejudiced by the litigation in order to qualify for an exception to the general waiver-by-litigation-conduct rule. | Can courts find waiver if it is clear that a party has forgone its right to arbitrate? | 007706.docx | LEGALEASE-00144821-LEGALEASE-00144823 |
| United States v. Howell, 838 F.3d 489 | 350H+1262 | In determining if prior conviction is for "crime of violence" under Sentencing Guidelines, Court of Appeals generally applies categorical approach and looks to offense's elements enumerated or defined by Guideline section and compares those elements to elements of prior offense for which defendant was convicted, but does not consider defendant's actual conduct in committing offense. U.S.S.G. S 4B1.2. | Is burglary an enumerated offense? | Burglary - Memo 207 - JS.docx | LEGALEASE-00033626-LEGALEASE-00033629 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rodriguez-Diaz v. Sierra-Martinez, 853 F.2d 1027 | 170B+2406 | For purposes of establishing domicile for diversity jurisdiction, there must be physical presence in state and intent to make such state a home. 28 U.S.C.A. S 1332(a)(1), (d). | "Is a person's domicile a place where he has his true, fixed home and principal establishment?" | Domicile - Memo # 23 - C - SA.docx | LEGALEASE-00033733-LEGALEASE-00033734 |
| Bowles v. Hopkins Cty. Coal, 347 S.W.3d 59 | 260+47 | Owner of coal bed had the right to capture coal bed methane (CBM) that was located within the strata of coal beds and veins, and thus, owners of other minerals under the same surface estate were entitled to capture CBM only once coal mining process was complete, and CBM had migrated to other mineral owners' estate, where, at the time the coal beds were originally conveyed, CBM was not being actively pursued as a profitable product, but rather, was considered a valueless, dangerous waste product, not part of a bargained for exchange. | "Under the rule of capture, is gas that migrates from one property to another subject to recovery and possession by the holder of the gas estate on the property to which the gas migrates?" | Mines and Minerals - Memo #182 - C - CSS.docx | LEGALEASE-00033757-LEGALEASE-00033758 |
| Oltmanns v. Oltmanns, 241 N.C. App. 326 | 134+1251 | Husband abandoned argument, on appeal in divorce action, that trial court erred in classifying post-separation depreciation of marital home and parties' vacation home as marital property, where husband failed to cite any case law supporting his assertion. Rules App.Proc., Rule 28(a). | "Should a case be dismissed, if the questions originally in controversy between the parties are no longer at issue?" | 034288.docx | LEGALEASE-00144803-LEGALEASE-00144804 |
| E.C. v. Virginia Dep't of Juvenile Justice, 283 Va. 522 | 197+232 | Juvenile sex offender's release from parole supervision during pendency of his petition for writ of habeas corpus did not render case moot, where collateral consequences imposed on offender by his challenged juvenile adjudication were sufficient to sustain continued controversy, and relief sought, a determination that adjudications which imposed such consequences were invalid because of ineffective assistance of counsel and that juvenile was entitled to new trial, was within court's habeas jurisdiction. West's V.C.A. SS 8.01-654, 8.01-662. | Is a case moot and to be dismissed when the case or controversy that existed between litigants has ceased to exist? | 034321.docx | LEGALEASE-00144285-LEGALEASE-00144286 |
| Wells Fargo Bank, N.A. v. Reeves, 92 So. 3d 249 | 266+1785(2) | Issue of mortgagee's compliance or lack thereof with statute that required mortgagee to give satisfactory security of 25% of the market value of its outstanding capital stock was not properly before the trial court at the pre-answer stage of the litigation; it was a possible affirmative defense or counterclaim which would be determined upon averments of fact in a responsive pleading and sufficient proof of those facts. West's F.S.A. S 660.27. | Is fraud on the court an egregious offense against the integrity of the judicial system? | Pretrial Procedure - Memo # 6890 - C - NC.docx | ROSS-003302888 |
| Bruns v. Dep't of State Revenue, 725 N.E.2d 1023 | 48A+37 | Employee of State of Indiana who resided in Illinois was not required, under Indiana statutes relating to motor vehicle excise taxes, to come into violation of his home state's laws by registering his car in Indiana, in absence of any statute allowing dual registration of one car in two states. West's A.I.C. 6-6-5-2, 6-6-5-6, 9-13-2-78(1), 9-18-2-1, 9-18-2-2; S.H.A. 625 ILCS 5/3-401(a). | In which domicile should a taxpayer who has two residences in different states be taxed? | 045759.docx | LEGALEASE-00144458-LEGALEASE-00144459 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Bryant, 110 So. 3d 1191 | 63+2 | Statutory phrase prohibiting bribery of a person "otherwise engaged to serve in a public capacity" is not unconstitutional under "void-for-vagueness" doctrine; to be "otherwise engaged to serve in a public capacity" provides adequate notice that any person occupying a position of trust with official state responsibilities falls within the statute. U.S.C.A. Const.Amends. 1, 14; Const. Art. 1, S 9; I.C.A. S 722.1. | What is a public official for the federal government? | 01676.docx | LEGALEASE-00092036-LEGALEASE-00092037 |
| United States v. Phillips, 219 F.3d 404 | 111H+4 | Violation of federal money laundering statute requires showing that financial transactions in question were proceeds from either theft in connection with federally funded program or proceeds in connection with mail fraud. 18 U.S.C.A. S 1956(a)(1)(B)(i). | Should the funds in question be purely federal in order to apply federal bribery statute? | 012289.docx | LEGALEASE-00145376-LEGALEASE-00145378 |
| United States v. Bonito, 57 F.3d 167 | 63+1(2) | Under federal statute proscribing bribery of officials of public and private entities receiving federal funds, in connection with any "business, transaction or series of transactions" of such entities involving at least $5,000, term "business" means something different from, and often broader than, "transaction" and includes dealings of government official in connection with discrete transaction, as such definition complements the sense of "transaction," which implies concluded business agreement. 18 U.S.C.A. S 666(a)(2). | How is business defined under federal bribery statute? | 012311.docx | LEGALEASE-00145661-LEGALEASE-00145662 |
| W. Union Tel Co v. Topping, 66 F.2d 1006 | 170A+888 | Exact correspondence between pleadings and proofs is not required, particularly where there is substantial correspondence and adversary is not misled. | Must pleadings and proof correspond? | Pleading - Memo 443 - RMM_57492.docx | ROSS-003280405-ROSS-003280406 |
| N. Am. Properties v. McCarran Int'l Airport, 2016 WL 699864 | 307A+46 | Trial court did not abuse its discretion by imposing case-ending sanctions without first holding evidentiary hearing, in property owner's action against county to recover compensation for county's regulatory per se taking; record reflected multiple hearings during which owner presented its contentions regarding whether it misrepresented standing and committed discovery violations, and, thus, court provided owner with more than one meaningful opportunity to present evidence and arguments regarding its misconduct before issuing sanctions. | Does a court have inherent power to protect the dignity and decency of its proceedings and to enforce its decrees? | 035108.docx | LEGALEASE-00146104-LEGALEASE-00146105 |
| Braun v. Powell, 77 F. Supp. 2d 973 | 110+1189 | Remedy for a public trial violation is to vacate the conviction and order a new trial, not only where the harm in a particular case is sufficiently egregious to justify that result, but in any case where the public trial right is violated and the public nature of the trial cannot be restored by another remedy; defendant is not required to show specific prejudice as a condition of having the conviction vacated and receiving a new trial. U.S.C.A. Const.Amend. 6. | Is a defendant or plaintiff who fails to produce evidence in default and case can go against him on this ground? | 035133.docx | LEGALEASE-00146005-LEGALEASE-00146006 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Smith v. Allied Chem. Corp., 517 So. 2d 250 | 307A+315 | Dismissal of personal injury action with prejudice was appropriate sanction for failure to comply with orders to answer interrogatories where plaintiff offered no explanation or justification for his direct disobedience of three court orders, spanning four and one-half years, to produce requested, relevant information and offered nothing in way of explanation or justification for refusal to comply with orders. LSA-C.C.P. arts. 1457, 1471, 1473. | Is dismissal with prejudice a severe penalty and should be imposed only in extreme circumstances? | Pretrial Procedure - Memo # 7440 - C - CK.docx | LEGALEASE-00036212-LEGALEASE-00036213 |
| Zach v. Nebraska State Patrol, 14 Neb. App. 579 | 413+1174 | State trooper's relatives stated claim for relief under workers' compensation law when they alleged that state trooper suffered an "accident" resulting in a personal injury inasmuch as the sudden stimulus, namely being advised of the consequences of trooper's error which ultimately resulted in citizens' deaths in bank robbery, caused trooper's brain to undergo physical changes which, in turn, led trooper to a state of mind which overruled his will to the extent that even knowledge of the consequences of the act of suicide did not prevent trooper from taking his own life. | Is the right to and amount of recovery under workmens compensation are purely statutory? | 11497.docx | LEGALEASE-00094573-LEGALEASE-00094574 |
| Wallisville Corp. v. McGuinness, 154 So. 3d 501 | 188+291 | Fact issue as to the purpose of website visitor's $10,000 deposit with gambling website precluded dismissal, for failure to state a cause of action, of visitor's action against operators of the website for the return of the deposit; while it seemed likely that statute barring enforcement of gambling debts would bar recovery of the deposit, complaint contained no allegations as to the terms on which the deposit was being held, so as to enable trial court to decide the merits of website operators'affirmative defense raising the statute. West's F.S.A. S 849.26. | Can affirmative defenses be raised by motion to dismiss? | 10561.docx | LEGALEASE-00095030-LEGALEASE-00095031 |
| State v. Hodge, 121 N.C. App. 209 | 36+2 | Arson is offense against security of habitation. | Is arson an offense against the security of the habitation? | Arson - Memo 11 - ANG_62185.docx | ROSS-003280908-ROSS-003280909 |
| Am. Sur. Co. of New York v. State Tr. & Sav. Bank of Mt. Pleasant, 218 Iowa 1 | 210+786 | Where indictment for bribery properly joined separate transactions influencing official conduct in separate counts, state was not required to elect one count and one transaction. Pen.Code 1910, SS 270, 271. | "Is it necessary, in order to constitute bribery, that the vote of the public official bribed should be on a measure that can be enforced?" | 10767.docx | LEGALEASE-00094260-LEGALEASE-00094262 |
| Hannah v. State, 3 Md. App. 325 | 67+4 | Church may be subject of common-law burglary. | Can a church be the subject of the burglary law? | Burglary - Memo 247 - SB_57625.docx | ROSS-003280389-ROSS-003280390 |
| Dortch v. State, 1 Md. App. 173 | 67+4 | A church can be subject of common-law crime of burglary. | Can a church be the subject of the burglary law? | 012980.docx | LEGALEASE-00147912-LEGALEASE-00147913 |
| Freeman v. United States Dep't of Interior, 83 F. Supp. 3d 173 | 260+17(1) | Interior Board of Land Appeals' (IBLA) decision to employ Mineral Commodity Price Policy's six-year pricing average for nickel in determining validity of unpatented claims under General Mining Law, rather than examining nickel prices as of claimant's contest proceeding, was reasonable and supported by evidence, even though price of nickel surged at time of proceeding, where IBLA was permitted to use historical pricing in making its validity determination, and use of historical pricing resulted in estimated prices that a person of ordinary prudence would have relied on in determining whether to develop claims. 30 U.S.C.A. S 23. | "Even without a patent, can claimants maintain their mining rights indefinitely?" | Mines and Minerals - Memo #279 - C - EB_57473.docx | ROSS-003293924 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Olson v. Olson, 2014 Ark. 53 | 211+2380 | Mother failed to preserve for Supreme Court review claim that trial court lacked statutory authority to award permanent legal custody of child to father at six-month review hearing, to terminate reunification services, and to terminate proceedings, all without notice to mother, where mother did not raise claim at trial. West's A.C.A. S 9-27-365. | Is a court authorized to dismiss a claim upon a party's failure to prosecute? | 11072.docx | LEGALEASE-00094295-LEGALEASE-00094296 |
| Doe By & Through Doe v. Montessori Sch. of Lake Forest, 287 Ill. App. 3d 289 | 91+513 | Parents of minor child allegedly sexually abused by preschool teacher could maintain independent causes of action against teacher and her employer for fraudulent concealment, intentional infliction of emotional distress, and civil conspiracy, as such causes of action involved conduct directed at parents. | Can intent to harm be inferred as a matter of law in cases involving minors? | Sex Offence - Memo 120 - RK.docx | LEGALEASE-00037770-LEGALEASE-00037771 |
| United States v. Yacoubian, 24 F.3d 1 | 92+2838 | Retroactive application of firearm (destructive device) conviction deportation provision to alien convicted of firearm offense did not violate ex post facto clause of United States Constitution, although alien argued that his imminent deportation would constitute impermissible double criminal punishment for firearm offense of which he was already convicted; ex post facto clause only applies to criminal laws, and deportation proceedings are civil in nature, and thus ex post facto clause has no application to them. U.S.C.A. Const. Art. 1, SS 9, cl. 3, 10, cl. 1; Immigration and Nationality Act, S 241(a)(2)(C), as amended, 8 U.S.C.A. S 1251(a)(2)(C). | Are aliens entitled to the protection of the Constitution and laws of this country? | 007031.docx | LEGALEASE-00148278-LEGALEASE-00148279 |
| Oil & Gas Ventures-First 1958 Fund, Ltd. v. Kung, 250 F. Supp. 744 | 170B+2836 | Venue in action against alien, who was resident of Texas, could properly be laid in New York district, under statute providing that alien may be sued in any district, and was not limited to district in which alien could be served. 28 U.S.C.A. S 1391(d). | Where can a citizen bring suit against an alien? | Aliens_Immigration and Citizenship-Memo 33 - KK.docx | LEGALEASE-00037846-LEGALEASE-00037847 |
| W & T Travel Servs. v. Priority One Servs., 69 F. Supp. 3d 158 | 25T+135 | Contractor's material breach of subcontract for transportation services, which involved terminating the subcontract, which should have been automatically renewed for two years when customer exercised the first two one-year options for extension of prime contract, did not terminate the subcontract's arbitration provision, with respect to subcontractor's claim for lost profits under subcontract during prime contract's third and fourth option years. | Does the duty to arbitrate terminate automatically upon expiration of the contract? | 007874.docx | LEGALEASE-00148927-LEGALEASE-00148928 |
| Provident Sav. Bank v. United Jersey Bank, 207 N.J. Super. 303 | 172H+624 | "Missing signature" check is a check with "unauthorized signature" within meaning of N.J.S.A. 12A:1-201(43), so that customer's failure to notify drawee bank of such unauthorized signature within one-year period required by N.J.S.A. 12A:4-406(4) precluded customer from recovering amount of check due to negligence of drawee bank. | Does an unauthorized signature include forgery? | Bills and Notes- Memo 462-IS_57873.docx | ROSS-003294294-ROSS-003294295 |
| Hasman v. Canman, 136 Cal. App. 91 | 241+50(1) | Note "hereby renewed from year to year" at holder's option, if not paid at maturity, was so renewed by holder's forbearance to sue thereon, without any action clearly indicating that she did not desire to enforce payment, so that suit brought thereon within four years after year of last renewal was not barred by limitations. Code Civ.Proc. S 337. | "Is the provision for renewal contained within a contract, note or instrument valid and enforceable?" | Bills and Notes- Memo 465-IS_57876.docx | ROSS-003305707 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Liberty Nat. Bank & Tr. Co. v. Dvorak, 199 N.W.2d 414 | 195+53(3) | A guarantor of a note is exonerated by an act of creditor without consent of guarantor which changes original obligation of principal by substantially increasing principal debt and by providing for increased monthly payments extended over a longer period of time, even though original note contained provisions whereby guarantor consented to any extension and renewal without notice. | What is the purpose of renewal note? | Bills and Notes- Memo 615-IS_57885.docx | ROSS-003280953-ROSS-003280954 |
| Vasko v. Hermansky, 109 Neb. 563 | 8.30E+143 | In an action on notes, evidence held to sustain finding for defendant makers, for the reason that the consideration, the assignment of a lease, failed, because of the inability of the payee to perform. | Can there be recovery if the consideration of a note fails? | 010535.docx | LEGALEASE-00148466-LEGALEASE-00148467 |
| Kennedy v. Heyman, 183 A.D. 421 | 83E+460 | A note given for the accommodation of the payee has no inception until it is delivered for value. | Can the note have no inception? | 010573.docx | LEGALEASE-00148436-LEGALEASE-00148437 |
| The Elmbank, 72 F. 610 | 38+87 | One taking an equitable assignment of part of a fund or chose in action, as security for a pre-existing debt alone, is not a bona fide purchaser for value, and cannot acquire priority over a previous assignment of the same character, by first giving notice of the assignment to the person holding the fund. | "In equity, can assignment of a part of a debt be considered good?" | Bills and Notes- Memo 675-PR_57905.docx | ROSS-003278614 |
| McLendon v. Brewster, 286 So. 2d 513 | 83E+426 | Where collateral mortgage note was payable to "future holder" and endorsed in blank by maker, it was payable to bearer and transferable by mere delivery. LSA-R.S. 7:9, 7:30, 7:191. | Can a pledgee of a note be a holder? | Bills and Notes- Memo 678-PR_57908.docx | ROSS-003321041 |
| Brannock v. Magoon, 141 Mo. App. 316 | 95+52 | It is not necessary to a good consideration that the person contracting should receive any benefit; it is sufficient if the other party be subjected to loss or inconvenience. | If a consideration causes damage would it be a sufficient consideration? | 010602.docx | LEGALEASE-00148390-LEGALEASE-00148391 |
| United States v. Rosner, 485 F.2d 1213 | 110+772(6) | In prosecution for conspiracy, obstruction of justice and bribery arising from defendant's alleged purchase of certain material purportedly related to grand jury investigation and obtained from United States attorney's office, defendant who raised defense of entrapment was not entitled to requested charge that, though grand jury minutes had been obtained several days after other material, separate independent inducement by Government was not required to be shown as to grand jury minutes where there could have been no misapprehension by jury with respect to the matter as evidence showed a single continuous course of dealing and no one suggested that there had been anything but a single continuing inducement. 18 U.S.C.A. SS 2, 201(b), 371, 1503, 3237. | Is the statute prohibiting bribery of public officials and witnesses violated even though the official offered the bribe has not been corrupted? | 012452.docx | LEGALEASE-00148288-LEGALEASE-00148289 |
| In re Tomlin, 280 B.R. 374 | 289+459 | Under Texas law, partnership agreement can be amended only in compliance with partnership agreement. | Can a partnership agreement be amended in a manner that does not comply with the partnership agreement? | 022519.docx | LEGALEASE-00148905-LEGALEASE-00148906 |
| United States v. Schweppe, 38 F.2d 595 | 34+79(3.1) | Insured in war risk policy was required to surrender endowment policy before recovery for total disability on original policy. | Should war risk insurance policies be construed liberally? | 008789.docx | LEGALEASE-00149770-LEGALEASE-00149771 |
| Lucas v. Byrne, 35 Md. 485 | 83E+426 | A bill, note, or draft indorsed in blank is transferable by delivery only. | "Does a blank endorsement and delivery of the bill constitute the party to whom it was delivered, absolute ownership of the bill?" | 010375.docx | LEGALEASE-00149714-LEGALEASE-00149715 |
| Meyer v. Weil, 37 La. Ann. 160 | 8.30E+56 | The words, "This is to certify that I am to pay," amount to a promise, and the unconditional obligation containing them is a promissory note. | Does a promissory note have to be unconditional? | 010638.docx | LEGALEASE-00149447-LEGALEASE-00149448 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Phelps-Roper v. Strickland, 539 F.3d 356 | 92+1845 | Ohio statute prohibiting picketing or other protest activities within "fixed buffer zone" of 300 feet of any residence, cemetery, funeral home, church, synagogue, or other establishment during or within one hour before or one hour after funeral or burial service was narrowly tailored to meet Ohio's legitimate interest in protecting funeral attendees from unwanted communication, for purposes of First Amendment overbreadth challenge to statute; statute restricted only time and place of speech directed at funeral or burial service. U.S.C.A. Const.Amend. 1; Ohio R.C. S 3767.30. | Can picketing be prohibited by an ordinance? | Disorderly Conduct-Memo 99-PR_58533.docx | ROSS-003278293-ROSS-003278294 |
| Vittitow v. City of Upper Arlington, 43 F.3d 1100 | 268+622 | Where ordinance prohibiting residential picketing was unconstitutionally overbroad as written, Court of Appeals would not take extraordinary measure of saving ordinance by accepting representations by city's counsel as to how ordinance would be enforced, as Supreme Court did in Frisby v. Schultz ; it was not clear what representations Court of Appeals had received, it was not clear that counsel could bind city's legislative body or its police department, and city's idea of what constituted enforcement procedure that did not offend Constitution conflicted with Supreme Court precedent. U.S.C.A. Const.Amend. 1; Upper Arlington, Ohio, Code S 517.17. | Can picketing be prohibited by an ordinance? | Disorderly Conduct-Memo 99- PR.docx | LEGALEASE-00039075-LEGALEASE-00039076 |
| State v. Ober, 34 La. Ann. 359 | 156+62.2(1) | The doctrine of estoppel applies to the state as well as to private individuals. | Does the doctrine of estoppel apply to the state just as it does to individuals? | Estoppel - Memo #25 - C -CSS.docx | LEGALEASE-00039111-LEGALEASE-00039112 |
| McKean v. Carroll Cty., 324 Ill. 243 | 200+99 | County may pay for rights of way for construction of state hard roads. Bond Issue Act 1917, S 12, S.H.A. ch. 121, S 277; S.H.A. ch. 34, S 57; State Highways Act 1921, SS 7, 11, S.H.A. ch. 121, SS 297, 301; Hard Road Construction Act 1921, S 2, S.H.A. ch. 121, S 283; Laws 1925, p. 326, S.H.A. ch. 34, S 25, cl. 11. | Does the county board have the power to aid in the construction of roads? | 019105.docx | LEGALEASE-00149615-LEGALEASE-00149616 |
| United States v. YasithChhun, 513 F. Supp. 2d 1179 | 221+212 | Use of term "at peace" did not render void for vagueness statutes criminalizing damage or destruction to property of foreign state or taking part in military expedition against foreign state with whom United States is "at peace," as people of ordinary intelligence would understand "at peace" to mean the absence of war. U.S.C.A. Const.Amend. 5; 18 U.S.C.A. SS 956(b), 960. | What is the meaning of the term at peace? | Neutrality Laws - Memo 19 - RK_58652.docx | ROSS-003296231-ROSS-003296232 |
| McDaniel v. Harleysville Mut. Ins. Co., 84 So. 3d 106 | 217+3557 | Default declaratory judgment entered in federal court action in favor of home builder's insurer was not binding on home purchasers who were not parties to the action; as a result, they were free to litigate the issue of coverage determined by that judgment in a separate action seeking to apply insurance money to satisfy their judgment against home builder. | Is it within a court's discretion to dismiss an action when a party has failed to prosecute its action under circumstances evidencing purposeful delay or some other contumacious conduct on the part of that party? | 036714.docx | LEGALEASE-00149972-LEGALEASE-00149973 |
| State v. Commissioners of Haywood Cty., 122 N.C. 812 | 200+121 | Where the legislature authorizes commissioners to issue the bonds of the county for the construction of a road, and to meet the expenses by assessing those near it, on failure to meet the whole amount in such way the commissioners have authority to tax the whole county. | Can the commissioners levy a tax upon all the taxable property of the county? | HIghways -Memo 275 - DB_59043.docx | ROSS-003279596 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| McKoy v. McKoy, 214 N.C. App. 551 | 30+3202 | If the trial court undertakes an analysis of less drastic sanctions, a resulting order of dismissal will be reversed on appeal only for an abuse of discretion. Rules Civ.Proc., Rule 41(b), West's N.C.G.S.A. S 1A-1. | Can a claim be dismissed for a failure to comply with a court order? | 036892.docx | LEGALEASE-00150114-LEGALEASE-00150115 |
| Cosmopolitan Tr. Co. v. Leonard Watch Co., 249 Mass. 14 | 83E+481 | Assignments made by words or acts. | Can assignments be made by acts? | 009048.docx | LEGALEASE-00151114-LEGALEASE-00151115 |
| Forsyth v. Day, 41 Me. 382 | 308+173(2) | In an action on a note to which the defendant's name was signed by another person, other notes signed in the same manner and by the same person, subsequent to the date of the note in suit, or of whose existence the defendant was not shown to have knowledge before its execution and delivery, are not competent evidence from which the jury can infer original authority from the defendant to the party signing the note in suit, or a subsequent ratification or adoption of such signing. | Can there be authority for indorsements when a man had permitted his friend to forge his name as indorser of numerous bills? | 009704.docx | LEGALEASE-00151134-LEGALEASE-00151135 |
| In re Feldman's Estate, 387 Ill. 568 | 8.30E+186 | Where note was dated March 1, 1931, and promised on or before date to pay a named person $3,000 with interest at 5 per cent. per annum from date until paid at named bank and contained in lower left-hand margin the statement "Due Mar. 1, 1939," the note matured on March 1, 1939. S.H.A. ch. 98, SS 27, 31, 47, 73, 78. | Will marginal notation be regarded as part of a note if it conflicts with the terms of its main body? | Bills and Notes -Memo 216-DB.docx | LEGALEASE-00040584-LEGALEASE-00040585 |
| Williams v. Osbon, 75 Ind. 280 | 83E+402 | The term "indorsement" implies a transfer by writing upon the instrument. | What does the term endorsement imply? | Bills and Notes-Memo 1143-PR_59409.docx | ROSS-003297029-ROSS-003297030 |
| Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411 | 25T+515 | Given applicability of equitable estoppel doctrine to nonsignatories to arbitration agreements governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, Convention did not preclude enforcement of arbitral award against buyer of industrial saw and in favor of foreign manufacturer, based on contract between manufacturer and distributor, on grounds that Convention required United States courts to enforce international arbitration agreements only against parties to an agreement in writing. 9 U.S.C.A. S 201. | Can a party sue in court to vacate or modify an arbitral award? | Alternative Dispute Resolution - Memo 826 - RK_59511.docx | ROSS-003282686-ROSS-003282687 |
| Kent v. Curtis, 4 Mo. App. 121 | 108H+937 | An insolvent purchased land the deed to which was taken in the name of his wife, who furnished only a small part of the consideration. Nearly the whole of the purchase price was paid by the debtor with his own money and with money belonging to a third person arising out of sales of the third person's goods by the debtor. The debtor after the conveyance erected buildings on the land, which were paid for by him out of his own money and out of the proceeds of the sales of the third person's goods. The debtor had no property out of which the claim of the third person could be satisfied. Held, that the third person could not maintain a creditor's bill against the debtor without first having obtained a judgment at law against him, though such judgment would have been unavailing. | If a claim is to be satisfied out of a fund which is accessible only by the aid of a court of chancery where should the application be made? | 014076.docx | LEGALEASE-00151533-LEGALEASE-00151535 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mercer v. Lancaster, 5 Pa. 160 | 95+54(1) | If any of the elements of such test be established, the consideration becomes sufficient to support a promise, although its inadequacy may be grossly disproportionate to the promise. The smallest spark of benefit or accommodation is sufficient to sustain an action of assumpsit. | What constitutes sufficient consideration? | Bills and Notes - Memo 824 - RK.docx | LEGALEASE-00041335-LEGALEASE-00041336 |
| Dellums v. Smith, 577 F. Supp. 1449 | 46+6 | Attorney General could not refuse to conduct preliminary investigation under Ethics in Government Act on whether President, Secretaries of State and Defense, and other executive officials violated Neutrality Act by supporting paramilitary operations against Nicaragua on ground that the operations were authorized by the President since the Neutrality Act applied to all persons, including the President. 18 U.S.C.A. S 960; 28 U.S.C.A. SS 591-598. | Does the Neutrality Act dispense power in any officer or person whatsoever? | Neutrality Laws - Memo 26 - RK_59615.docx | ROSS-003279617-ROSS-003279618 |
| Redmon v. Davis, 115 Colo. 415 | 361+1617(13) | The statute entitled "An act to promote public welfare by providing for pensions to aged persons in need", and providing in the body of the act for payment of funeral expenses of needy aged persons, is not violative of constitutional requirement that act relate to only one subject expressed in title. Laws 1937, c. 201, S 10, as amended by Laws 1939, c. 131; Const. art. 5, S 21. | Can a widow be a pensioner? | Pension - Memo 72 - SB_59619.docx | ROSS-003280972-ROSS-003280973 |
| Kennedy v. Heyman, 183 A.D. 421 | 83E+460 | A note given for the accommodation of the payee has no inception until it is delivered for value. | What is the inception of the note? | 010443.docx | LEGALEASE-00152392-LEGALEASE-00152393 |
| Nationstar Mortg. v. MacPherson, 56 Misc. 3d 339 | 266+1749 | To establish its standing to foreclose a mortgage by demonstrating that it is the holder of the mortgage note within the contemplation of the Uniform Commercial Code (UCC), a plaintiff, as the holder of a duly endorsed note in blank, is required only to demonstrate that it had physical possession of the note prior to commencement of the action, and in such cases, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date, since a plaintiff in possession of a note endorsed in blank is without obligation to establish how it came into possession of the instrument in order to be able to enforce it. McKinney's Uniform Commercial Code SS 1-201(b)(21), 3-202(1), 3-204(2), 3-301. | Can a holder of an instrument enforce payment even though he is not an owner? | Bills and Notes-Memo 1050-ANM_60033.docx | ROSS-003282699-ROSS-003282700 |
| Farmers' & Traders' Bank v. Laird, 188 Mo. App. 322 | 8.30E+266 | An agreement to renew a note is not void for uncertainty because it does not state how many renewals there may be or for how long. | "Where an agreement to renew the note does not state the number of renewals, how do courts construe such agreements?" | 010770.docx | LEGALEASE-00152489-LEGALEASE-00152490 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Green v. JPMorgan Chase Bank, N.A., 937 F. Supp. 2d 849 | 83E+426 | Even if note executed to purchase home was indorsed in blank on allonge, indorsement was valid, under Texas law, providing that indorsement on allonge was valid, even though there was sufficient space on instrument for indorsement, and that instrument indorsed in blank became payable to bearer and could be negotiated by transfer of possession alone until specially indorsed, and thus, holder of note and deed of trust securing payment of note was entitled to collect on note by foreclosing on home, as blank indorsement made note payable to person possessing note. V.T.C.A., Bus. & C. S 3.205(a, b). | "Can use of allonge to a note without more, create an automatic fact issue as to whether the indorsement is valid?" | 010828.docx | LEGALEASE-00152257-LEGALEASE-00152258 |
| Cumming v. Bd. of Ed. of Richmond Cty., 175 U.S. 528 | 92+3278(1) | A decision by a state court, denying an injunction against the maintenance by a board of education of a high school for white children, while failing to maintain one for colored children also, for the reason that the funds were not sufficient to maintain it in addition to needed primary schools for colored children, does not constitute a denial to colored persons of the equal protection of the law or equal privileges of citizens of the United States. | Does a State has the right to separate races for education? | 016691.docx | LEGALEASE-00152750-LEGALEASE-00152751 |
| Chapman v. Sollars, 38 Ohio St. 378 | 200+147 | A purchaser at a tax sale of land delinquent for the nonpayment of assessments under the two mile road improvement law, after the sale has proved invalid on account of a defective description, may recover from the owner the tax, interest, and penalty, interest subsequently accruing, and taxes afterwards paid. | Are assessments for road improvements considered liens? | Highways - Memo 329 - RK_60191.docx | ROSS-003292278 |
| Simmons v. State, Dep't of Children & Family Servs, 171 So. 3d 1147 | 30+3279 | In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court should conduct a de novo review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. | "In determining whether a petition should be dismissed for failure to state a cause of action, should every reasonable interpretation be accorded the language of a petition in favor of maintaining its sufficiency?" | 037995.docx | LEGALEASE-00152742-LEGALEASE-00152743 |
| Williams v. Osbon, 75 Ind. 280 | 83E+481 | The term "assign" implies that the assignment was made on a separate instrument. | What does the word assigned imply? | Bills and Notes - Memo 835 - RK_60288.docx | ROSS-003293802 |
| In re McCord, 174 F. 72 | 83E+471 | The mere fact that indorsers of a note are accommodation indorsers, and known to each other to be so, is not sufficient to change the general rule of law that prior indorsers are liable in solido to subsequent indorsers who have paid the note; but an express agreement is necessary to render them liable ratably as between themselves. | What is the extent of liability faced by an accommodation indorser over other accommodation indorsers? | Bills and Notes - Memo 883 - RK_60682.docx | ROSS-003305455-ROSS-003305456 |
| Arthur Murray v. Smith, 124 Ga. App. 51 | 83E+454 | An indorser of a note is only secondarily liable. | Is an indorser secondarily liable? | Bills and Notes - Memo 897 - RK_60696.docx | ROSS-003319243-ROSS-003319244 |
| Bishop v. Chase, 156 Mo. 158 | 83E+542 | An indorsement of a note written on a separate piece of paper, reciting that the note, with deed of trust accompanying, was placed as collateral security for a loan on another note, and attached to the original and collateral notes by a pin, where there is plenty of room on the note for the indorsement, was insufficient to invest the transferee with the rights of a bona fide purchaser. | What can be done when there is physical impossibility of writing of an indorsement on the note itself? | 009879.docx | LEGALEASE-00153611-LEGALEASE-00153612 |
| Carroll Cty. Sav. Bank v. Strother, 28 S.C. 504 | 83E+356 | A contract to pay money which authorizes the payee to declare it due whenever deemed insecure is not a negotiable note. | Are notes promising to pay specified sums of money for the hire of slaves promissory notes? | 010008.docx | LEGALEASE-00153690-LEGALEASE-00153691 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Shrewsbury v. Pocahontas Coal & Coke Co., 219 F. 142 | 156+38 | A conveyance to the grantor of land subsequent to his deed to another with warranty inures to the benefit of his grantee. | Does a conveyance without warranty by mere estoppel cut off the assertion of any title or claim which the grantor had at the time of the conveyance? | Estoppel - Memo #65 - C - CSS_60355.docx | ROSS-003278826-ROSS-003278827 |
| Carlton v. United States, 385 F.2d 238 | 220+3179 | The very essence of an "exchange," for purposes of statute conferring advantage of tax free exchange, is the transfer of property between owners, while the mark of a "sale" is the receipt of cash for the property. 26 U.S.C.A. (I.R.C.1954) S 1031. | Should the gain realized on the exchange of property of like kind held for productive use or investment be recognized only to the extent of cash received? | 018335.docx | LEGALEASE-00153730-LEGALEASE-00153731 |
| Standard Title Ins. Co. v. United Pac. Ins. Co., 364 F.2d 287 | 308+12 | Generally, agency contract is not required to be in writing. | Does an agency agreement have to be in writing? | Principal Agent - Memo 26- AM_60513.docx | ROSS-003279306-ROSS-003279307 |
| Fulton Cty. v. T-Mobile, S., 305 Ga. App. 466 | 371+2776 | Taxpayer, a wireless telecommunications provider, could obtain refund of $101,618.66 from county for amount of 9-1-1 charges it paid on behalf of prepaid wireless service customers, even though charges were not ad valorem taxes or license fees; charges were taxes, and taxpayer erroneously paid $101,618.66 to county in connection with its prepaid wireless customers during refund period. West's Ga.Code Ann. SS 46-5-120 et seq., 48-5-380(b). | Is stormwater utility charge a fee or a tax? | 045984.docx | LEGALEASE-00153227-LEGALEASE-00153228 |
| Schmidt v. Feldman, 230 Ga. App. 500 | 198H+804 | Expert affidavit filed with medical malpractice complaint was not properly notarized and was invalid, where expert signed affidavit in Michigan and oath was administered over telephone by paralegal in Georgia. O.C.G.A. S 9-11-9.1. | Can an oath be administered over telephone? | Affidavits - Memo 49 - _16PGeX4MXRjPISWna2oxPwSyUDgOc0D_t.docx | ROSS-000000195-ROSS-000000196 |
| Mason v. Metcalf, 63 Tenn. 440 | 8.30E+56 | A promise in writing to refund a sum of money received from another, upon condition that a certain receipt be produced, is not a promissory note, and where judgment was rendered thereon for the holder by a magistrate, from which the other party appealed, it was error in the circuit court to render judgment against the sureties on the appeal bond for the amount of the justice's judgment, damages and costs as provided by S 3162 of the Code, although the penalty in the bond was in double that amount, and conditioned to comply with and perform the judgment of the circuit court. The judgment against the sureties should have been for damages and costs only under S 3163 of the Code. | Is a promissory note an unconditional promise to pay? | Bills and Notes - Memo 1003 - RK_61283.docx | ROSS-003325831 |
| Midfirst Bank, SSB v. C.W. Haynes & Co., 893 F. Supp. 1304 | 83E+522 | "Possession" required under South Carolina law to constitute a "holder" of negotiable instrument may be constructive possession by delivery to third party on first person's behalf. S.C.Code 1976, S 36-1-201(20). | Who is a holder in terms of an instrument? | Bills and Notes - Memo 855 - RK_61300.docx | ROSS-003292627-ROSS-003292628 |
| Van Lunen v. State Cent. Sav. Bank of Keokuk, Iowa, 751 F. Supp. 145 | 83E+416 | Check made payable to order of one payee on first payee line and second payee on second and distinct payee line could be negotiated only by obtaining endorsements from both payees where check was not made payable in alternative. I.C.A. S 554.3116(b). | Is an instrument that is payable to the order of two or more persons if not in the alternative payable to all of them? | Bills and Notes - Memo 860 - RK_61305.docx | ROSS-003321787-ROSS-003321788 |
| Ewing v. Sills, 1 Ind. 125 | 83E+481 | Where the date of an assignment is not shown, it will be presumed to have been at the date of the note. | If a date is not listed is it presumed as the date of the note? | Bills and Notes - Memo 944 - RK_60804.docx | ROSS-003293161 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Davis v. Solomon, 101 Conn. 465 | 157+317(4) | In action by accommodation indorsers against prior accommodation indorser, who was also payee, to fix liability under Gen.St.1918, S 4426 (Rev.1949, S 6360), in which payee alleged that there was an agreement between all indorsers to be jointly liable, evidence of payee as to statement by maker relative to agreement by plaintiffs as to liability of indorsers, without further proof, held hearsay as to existence of such agreement, where statements were made in absence of plaintiffs. | In what order are accommodation parties liable? | Bills and Notes - Memo 973 - RK_61310.docx | ROSS-003296916-ROSS-003296917 |
| Stasher v. Harger-Haldeman, 58 Cal. 2d 23 | 172H+112 | Automobile conditional sale contract substantially complied with requirements of statute concerning purchase of automobiles under an installment contract as to "cash price", "down payment", which included an item for discount, and the fees to be paid by seller to public officer as license fee and vehicle registration fee, and purchaser was not entitled to rescission and to restitution of down payments under contract, which through typographical error misstated number of payments to be made. West's Ann.Civ.Code, SS 2981, subd. (e), 2982, subds. (a-e). | "Do the disclosure provision of the Automobile Sales Finance Act (ASFA), and its companion provisions of the Civil Code, constitute a shield for the use of buyers?" | 014018.docx | LEGALEASE-00154589-LEGALEASE-00154590 |
| Ferguson Enterprises v. Astro Air Conditioning & Heating, 137 So. 3d 613 | 195+85(1) | Allegations by the surviving corporation of a merger with seller that guarantors personally guaranteed repayment of buyer's debts, and that buyer and guarantors owed surviving corporation more than $90,000, were sufficient to state a cause of action against guarantors for breach of guaranty. West's F.S.A. S 607.1106(1). | Is a motion to dismiss for failure to state a cause of action not a substitute for a motion for summary judgment? | 038619.docx | LEGALEASE-00154559-LEGALEASE-00154560 |
| Rossman v. Fleet Bank (R.I.) Nat. Ass'n, 280 F.3d 384 | 172H+1344 | Allegations that credit card issuer solicited card holder's business with offer of credit account having no annual fee while intending to change terms of account shortly after holder's acceptance of offer supported claim that issuer's required disclosures of credit terms were misleading in violation of Truth in Lending Act (TILA), inasmuch as reasonable consumer would expect that stated terms were those that card issuer intended to provide, even if those terms could change. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | What is a reasonably understandable form of disclosure? | Consumer Credit - Memo 174 - RK_61836.docx | ROSS-003278566-ROSS-003278567 |
| Kratz v. Countrywide Bank, 2009 WL 3063077 | 172H+1561 | Mortgagors were required to tender loan proceeds in order to rescind the loan for the mortgagee's failure to include the rescission date on refinancing documents. Without a tender, rescission would not restore the status quo ante. The mortgagors had lived in their home for seventeen months without paying and could not pay. To effectively rescind the loan transaction, keep the property, and have the loan removed, they needed to pay the loan proceeds net of finance charges. Truth in Lending Act, S 125(a), (b), 15 U.S.C.A S 1635(a), (b); 12 C.F.R. S 226.23(a)(3), (b)(1), (d)(1)-(3). | Does the TILA provision relating to rescission require the debtor to tender first? | Consumer Credit - Memo 193 - RK_61855.docx | ROSS-003281026-ROSS-003281027 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kratz v. Countrywide Bank, 2009 WL 3063077 | 172H+1561 | Mortgagors were required to tender loan proceeds in order to rescind the loan for the mortgagee's failure to include the rescission date on refinancing documents. Without a tender, rescission would not restore the status quo ante. The mortgagors had lived in their home for seventeen months without paying and could not pay. To effectively rescind the loan transaction, keep the property, and have the loan removed, they needed to pay the loan proceeds net of finance charges. Truth in Lending Act, S 125(a), (b), 15 U.S.C.A. S 1635(a), (b); 12 C.F.R. S 226.23(a)(3), (b)(1), (d)(1)-(3). | Does the TILA provision relating to rescission require the creditor to tender first? ? | Consumer Credit - Memo 194 - RK.docx | LEGALEASE-00044679-LEGALEASE-00044680 |
| Walker v. Michael W. Colton Tr., 33 F. Supp. 2d 585 | 172H+1362 | Assertion by buyer of carpeting, that his signature on installment contract and second mortgage securing payment on carpeting was forged, precluded claim that documents violated Truth in Lending Act (TILA). Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq.; 12 C.F.R. S 226.1(c). | Does TILA prohibit forged contracts? | Consumer Credit - Memo 199 - RK.docx | LEGALEASE-00044689-LEGALEASE-00044690 |
| Pineda v. Williams-Sonoma Stores, 51 Cal. 4th 524 | 172H+1698 | The Song-Beverly Credit Card Act provision prohibiting merchants from requesting and recording "personal identification information" concerning the cardholder is not strictly construed under the rule for construing penal statutes. West's Ann.Cal.Civ.Code S 1747.08(b). | Does the law protect the personal privacy of consumers who pay for transactions with credit cards? | Consumer Credit - Memo 8 - AM_61948.docx | ROSS-003297585-ROSS-003297586 |
| Terminiello v. City of Chicago, 337 U.S. 1 | 268+642(4) | Where ordinance of the city of Chicago as construed and applied by municipal court at least contained parts that were unconstitutional, and verdict was general and might have been based on invalid clauses, it was not necessary to consider whether as construed the ordinance was defective in its entirety, and conviction could not be sustained. | Can conviction under a statute can be set aside? | Disorderly Conduct-Memo 157-PR_61953.docx | ROSS-003278560 |
| Huntington Nat. Bank v. Comm'r of Internal Revenue, 90 F.2d 876 | 308+92(1) | Generally, receipt by agent is receipt by principal. | Is receipt by an agent a receipt by the principal? | Principal and Agent - Memo 338 - RK_61926.docx | ROSS-003295031-ROSS-003295032 |
| A & E Parking v. Detroit Metro. Wayne Cty. Airport Auth., 271 Mich. App. 641 | 48B+454 | Commercial access fees (CAFs) imposed by airport authority on hotels and parking and limousine companies providing shuttles services to airport constituted permissible fees and not illegal taxes under Headlee Amendment to State Constitution, which prohibits units of local government from levying any tax not authorized by law or charter without voter approval; authority was expressly permitted to impose fees, shuttle service providers obtained a benefit from the very existence of the airport, and thus authority was entitled to use the revenue obtained from the CAFs to fund the airport as a whole, shuttle service providers were not being forced to pay the CAFs but could choose, if they wished to avoid the fees, to attempt to obtain business elsewhere, and the CAFs were not arbitrary in their amounts, but instead were based on a study commissioned by the authority and were in accordance with similar fees imposed at other airports. M.C.L.A. Const. Art. 9, S 31; M.C.L.A. S 259.120(1). | What are the three primary criteria to be considered when distinguishing between a fee and a tax articulated by the courts? | 046108.docx | LEGALEASE-00155789-LEGALEASE-00155790 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Am. Petrofina Co. of Texas v. Nance, 859 F.2d 840 | 170B+2036 | State law requiring holders of proceeds due owners of unclaimed mineral interests situated within state to turn over such proceeds to state tax commission to be held and invested for state was not a "state tax law" within meaning of Tax Injunction Act as it did not enact a tax; thus, district court could exercise jurisdiction over declaratory constitutional challenge to the law. 28 U.S.C.A. SS 1331, 1341; 60 Okl.St.Ann. SS 651-687, 658.2-658.8. | "If a statute raises revenue, does it mean such statute has the characteristics of a law by which the taxing power is exercised?" | Taxation - Memo # 981 - C - JL_61815.docx | ROSS-003282765-ROSS-003282766 |
| State v. Rodriguez, 521 S.W.3d 1 | 110+1139 | The appellate court reviewing a ruling on a motion to suppress makes a de novo determination of the legal significance of the facts as found by the trial court, including the determination of whether a specific search or seizure was reasonable. U.S. Const. Amend. 4. | Does the legality of the search of a student depend simply on the reasonableness of the search? | Education - Memo # 287 - C - KS_62337.docx | ROSS-003281547-ROSS-003281549 |
| Dennis v. Riezman Berger, P.C., 2016 WL 5030349 | 228+326 | An award of post-judgment interest, regardless of whether it is made in a nontort or tort action, must be made in the original judgment, pursuant to a timely amendment following an after-trial motion, pursuant to supreme court rule governing amendment of judgments, or even pursuant to a nunc pro tunc where there is evidence in the record that the trial court intended to include an interest rate or order payment of interest at the time the judgment was entered. Mo. Ann. Stat. S 408.040(2), (3); Mo. Sup. Ct. R. 75.01, 78.07. | "Should a court consider the conduct of both parties in addition to the amount of elapsed time since suit was filed, when ruling on a motion to dismiss for failure to prosecute?" | Pretrial Procedure - Memo # 10046 - C - KG.docx | LEGALEASE-00045836-LEGALEASE-00045837 |
| Jones v. Elliott, 4 La. Ann. 303 | 83E+732 | The assignee of a promissory note, transferred by a separate instrument, may sue in his own name. | Can an assignee maintain an action or sue in his own name? | 009069.docx | LEGALEASE-00156514-LEGALEASE-00156515 |
| Hillis Homes v. Snohomish Cty., 97 Wash. 2d 804 | 104+192 | The "development fees" imposed by counties on new residential subdivisions and housing proposals constituted "taxes" where ordinances imposing the fees were intended to raise money rather than to regulate residential developments, and thus ordinances imposing such fees were invalid. West's RCWA Const.Art. 7, S 5; Art. 11, SS 4, 11. | Can a legislation with primary purpose of regulation be classified as a tax? | 044493.docx | LEGALEASE-00156465-LEGALEASE-00156466 |
| O'Gasapian v. Danielson, 284 Mass. 27 | 83E+481 | Assignment of note and mortgage in statutory form under seal transferred assignor's interest in note though note was not indorsed or delivered (G.L.(Ter.Ed.) c. 183, appendix, form (9)). | Is an assignment effective if the transfer is without delivery? | 009083.docx | LEGALEASE-00157123-LEGALEASE-00157124 |
| Shackelford v. Hooker, 54 Miss. 716 | 8.30E+118 | A conditional acceptance by the drawee of a bill of exchange, held not to render him liable thereon till the fulfillment of the condition. | What is a conditional acceptance of a bill of exchange? | 009451.docx | LEGALEASE-00157634-LEGALEASE-00157635 |
| Goldman v. KPMG LLP, 173 Cal. App. 4th 209 | 156+52(2) | The linchpin for equitable estoppel is equity, or fairness. | Is the linchpin for equitable estoppel fairness? | Estoppel - Memo #166 - C - CSS_62570.docx | ROSS-003294467-ROSS-003294468 |
| J.L. v. G.N., 210 So. 3d 1136 | 30+82(3) | Generally, an appeal cannot be taken from an order setting aside a judgment or order because further proceedings are contemplated by the trial court, and, therefore, the judgment or order is considered interlocutory. Rules Civ.Proc., Rule 60(b). | "Does the dismissal of an action operate to annul previously entered orders, rulings, or judgments?" | 025135.docx | LEGALEASE-00156993-LEGALEASE-00156994 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Simonsen v. Arizona Dep't of Corr., 2009 WL 1600401 | 228+181(15.1) | Genuine issue of material fact as to whether forcing prisoner to choose between a diet that met his medical needs and a diet that would not violate his religious beliefs constituted a substantial burden on his religious practice precluded summary judgment in favor of prison's employees in prisoner's action alleging violation of federal Religious Land Use and Institutionalized Persons Act (RLUIPA). Religious Land Use and Institutionalized Persons Act of 2000, S 2 et seq., 42 U.S.C.A. S 2000cc et seq. | "Once having dismissed an action, does the trial court have no jurisdiction to grant affirmative relief to the parties based on their subsequent petitions for affirmative relief?" | Pretrial Procedure - Memo # 10664 - C - SN_62648.docx | ROSS-003308796-ROSS-003308797 |
| Sperl v. C.H. Robinson Worldwide, 408 Ill. App. 3d 1051 | 48A+245(28) | Evidence of close alignment of semi-tractor driver's services in transporting load at request of motor carrier broker, method of payment, and provision of materials for delivery, supported jury's finding that principal-agent relationship existed between broker and driver, as required to support finding, in wrongful death action, that broker was vicariously liable for driver's negligence in causing motor vehicle accident; broker was in business of transportation logistics, handling means and methods of hauling freight for its customers, broker's business necessarily required service of semi-tractor drivers, and nature of driver's work, in hauling freight for customers from one location to another, was directly related to, if not the same as, general transportation business conducted by broker. | How to determine whether a person is an agent or an independent contractor? | Principal and Agent - Memo 479-PR_63270.docx | ROSS-003319884-ROSS-003319885 |
| Russell v. Dep't of Air Force, 915 F. Supp. 1108 | 308+1 | One for whom action is to be taken is the "principal" and the one who is to act is the "agent." Restatement (Second) of Agency S 1. | Who is a principal? | Principal and Agent - Memo 501 - KK_63280.docx | ROSS-003322933-ROSS-003322934 |
| Am. Trucking Associations v. Sec'y of State, 595 A.2d 1014 | 83+63.15 | After determination that flat tax imposed on hazardous material carriers was unconstitutional burden on interstate commerce, state could not be allowed to retain administrative portion of fee, absent legislative intent to create such program. 29 M.R.S.A. S 246-D; U.S.C.A. Const. Art. 1, S 8, cl. 3. | Can license fee be distinguished from taxes for being part of a regulatory program? | 044531.docx | LEGALEASE-00157442-LEGALEASE-00157443 |
| SDCO St. Martin v. City of Marlborough, 5 F. Supp. 3d 139 | 268+956(1) | Under Massachusetts law, in addition to general taxes, a municipality may also charge fees for the use of specific municipally provided services or as an exercise of police power. | Does a specially descriptive phrase of a charge determine whether the charge is a fee or a tax? | 044561.docx | LEGALEASE-00157131-LEGALEASE-00157132 |
| Kessler v. State, 850 S.W.2d 217 | 110+38 | "Threat of imminent death or serious bodily injury," for purposes of statute providing duress defense to criminal charge, means present threat. V.T.C.A., Penal Code S 8.05(a, c). | What does imminent mean for the purposes of a conviction for making threats? | Threats - Memo #158 - C - LB.docx | LEGALEASE-00047707-LEGALEASE-00047708 |
| People's Sav. Bank of Blakesburg v. Smith, 210 Iowa 136 | 172H+517 | Bank's obligation is only to payee on nonnegotiable certificate of deposit. | Does an assignee stand in a better position than the original payee? | 009287.docx | LEGALEASE-00158208-LEGALEASE-00158209 |
| Brown v. Bell, 291 Ark. 116 | 191+31(2) | While indorsement of note payable "to order" was required to negotiate in favor of one who becomes a holder in due course, donor's rights in such instrument may be transferred by gift without indorsement. Ark.Stats. SS 85-3-201 to 85-3-208, 85-3-201 comment, 85-3-202(1). | Does a promissory note to be transferred or negotiated in order to assign it to another? | Bills and Notes - Memo 1434 - RK.docx | LEGALEASE-00047843-LEGALEASE-00047844 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Downs v. Hammett Properties, 899 So. 2d 792 | 322H+1276 | Alleged failure of homeowner and homeowner's president to apprise landowner of existing subdivision regulations or ordinances before transaction in which home and land were exchanged was not a redhibitory vice, and thus landowner could not prevail in redhibition action alleging that homeowner and president defrauded landowner; regulations or ordinances were matters of public record and easily and equally attainable by landowner prior to exchanging home for land. LSA-C.C. arts. 1954, 2520, 2524. | Is an ordinance that restricts the subdivision of property a defect or vice in the thing sold or is it a mere restriction on the use of the property? | Exchange of Property - Memo 25 - DB_64039.docx | ROSS-003278666 |
| W. River Bridge Co. v. Dix, 47 U.S. 507 | 92+2708 | A "franchise" is incorporeal property, and nothing more, and its character of property imparts to it value, and alone authorizes in individuals a right of action for invasions or disturbances of its enjoyment. | Is a franchise a property? | 018611.docx | LEGALEASE-00158940-LEGALEASE-00158942 |
| Sugimoto v. Exportadora de Sal, S.A. de C.V., 233 Cal. App. 3d 165 | 30+790(1) | Appeal from order dismissing without prejudice actions that had been removed to federal court was not moot on theory that plaintiffs could request court to set aside dismissals and stay cases until remand; even if such option were available, it would not render appeal moot in sense of precluding reviewing court from being able to grant effectual relief. 28 U.S.C.A. S 1446(d). | "Are the terms ""dismissal"" and ""stay"" not the same?" | Pretrial Procedure - Memo # 11009 - C - SKG_64128.docx | ROSS-003296602-ROSS-003296603 |
| United States v. Hoskins, 73 F. Supp. 3d 154 | 210+995 | Court could not resolve, on defendant's motion to dismiss indictment, his contention that the Foreign Corrupt Practices Act (FCPA) was unconstitutionally vague as applied to him because he could not have had fair notice that, as a member of a foreign parent company, he was also an agent of a domestic concern, as required to be prosecuted under the FCPA, in connection with scheme to bribe Indonesian officials to obtain contracts to build power stations in Indonesia; the resolution of defendant's challenge would require a more expansive factual record to be developed at trial regarding the highly factual nature of the alleged agency relationship. Foreign Corrupt Practices Act of 1977, S 104(a), 15 U.S.C.A. S 78dd-2(a). | What are the factors considered in the existence of an agency relationship? | Principal and Agent - Memo 464-PR_63787.docx | ROSS-003292173-ROSS-003292174 |
| Kowalczyk v. Swift & Co., 329 Ill. 308 | 413+2097 | Remedy of minor illegally employed is under Child Labor Act, though engaged in occupation declared extrahazardous under Compensation Act. | Does the compensation act define what employment shall be deemed extra hazardous? | 048638.docx | LEGALEASE-00158200-LEGALEASE-00158201 |
| Estate of Jack ex rel. Blair v. United States, 54 Fed. Cl. 590 | 220+4193 | Canadian citizen employed in the United States on the date of his death, who was admitted to the United States under TC and TN nonimmigrant, temporary professional classifications, was legally capable of forming an intent to be domiciled in the United States for purpose of determining whether his property holdings outside the United States were includable in his gross estate for calculation of estate tax. 26 U.S.C.A. SS 2031(a), 2101; 26 C.F.R. S 20.0-1(b)(1). | Can a G4 alien stay without violating regulations if he develops a subjective intent to stay in the United States indefinitely? | "Aliens, Immigration and Citizenship - Memo 112 - RK_64754.docx" | ROSS-003319479-ROSS-003319480 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nadal-Ginard v. Holder, 558 F.3d 61 | 24+109 | Given alien's failure, in removal proceeding, to offer any evidence capable of casting a reasonable doubt on decision to inspect him as an alien, evidence, including his Spanish passport and greencard, as well as fact that his marriage license listed his birthplace as Spain, was sufficient to support alienage finding. Immigration and Nationality Act, S 242(b)(4)(B), 8 U.S.C.A. S 1252(b)(4)(B). | Does an individual born abroad is presumed to be an alien and bears the burden of rebutting that presumption? | 006974.docx | LEGALEASE-00159260-LEGALEASE-00159261 |
| Smith v. Nelson Land & Cattle Co., 212 F. 56 | 83E+356 | The time of payment of certain notes, negotiable in form, was not rendered uncertain and their negotiability destroyed by a provision of a mortgage, securing them, that the whole sum might be declared due and payable in the event of certain contingencies. | "An instrument to be negotiable, should it be payable on demand at a determinable future time?" | 010953.docx | LEGALEASE-00160417-LEGALEASE-00160418 |
| State v. Mayor, Etc., of City of Paterson, 56 N.J.L. 471 | 371+2233 | The franchise of a corporation is not taxable under Act 1866, Revision, p. 1150, wherein, section 3, real estate is declared to include all lands, all water power thereon or appurtenant thereto, and all buildings and erections thereon or affixed to the same, trees and underwood growing thereon, and all mines, quarries, peat and marl beds, and all fisheries, and that personal estate shall include goods and chattels of every description, including steamboats and other vessels, money, debts due or owing from solvent debtors, public stocks, and stocks in corporations; nor under Revision, p. 196, S 105, providing that "the real and personal estate of every corporation shall be taxed the same as the real and personal estate of an individual." | Is franchise a taxable property? | 018489.docx | LEGALEASE-00159870-LEGALEASE-00159872 |
| First Union Tr. & Sav. Bank v. Mississippi Power Co., 167 Miss. 876 | 101+2261 | Statutory provision that mortgage of corporate "franchise" shall not be valid against debt contracted in carrying on corporate business refers not to primary franchise, but to special or secondary franchises (Code 1930, S 4155). | What does the term corporate franchise refer to? | 018541.docx | LEGALEASE-00159292-LEGALEASE-00159294 |
| Fitzgerald v. State, 26 N.E.3d 105 | 377E+48(1) | Evidence was insufficient to establish defendant acted without fault, an element necessary to support defendant's claim of self defense, during prosecution for Class C felony intimidation; defendant was attempting to flee from a staged robbery that the victim had planned to cover up a theft from the victim's employer, and from a witness's perspective defendant had sprayed the victim in the face with pepper spray and forcibly took the victim's bag. West's A.I.C. 35-41-3-2, 35-45-2-1(b)(2)(A). | How may the State affirmatively rebut a claim of self defense? | 046896.docx | LEGALEASE-00160278-LEGALEASE-00160279 |
| Butler v. Paine, 8 Minn. 324 | 83E+361 | A promissory note or bill of exchange, payable in currency, is payable in money, and is negotiable. | "Is a note payable in currency or in current funds, prima facie negotiable?" | 009651.docx | LEGALEASE-00160763-LEGALEASE-00160764 |
| Easley v. E. Tennessee Nat. Bank, 138 Tenn. 369 | 83E+551 | Demand certificate of deposit, stipulating no interest after 12 months, negotiated more than year after date, is negotiated unreasonable time after issuance, and one who takes it is not holder in due course, under Thompson's Shannon's Code, S 3516a52. | Can there be an extension of time on a note payable on demand? | Bills and Notes -Memo 59 - AM.docx | LEGALEASE-00050310-LEGALEASE-00050311 |
| Langbein v. Bd. of Zoning Appeals of Town of Milford, 135 Conn. 575 | 414+1270 | Schools are generally suitable in an area zoned for residential purposes. | Are schools suitable in residence zones? | Education -  Memo 314- C - KS_65572.docx | ROSS-003281722-ROSS-003281723 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Larey v. Taliaferro, 57 Ga. 443 | 184+14 | When one, in trading property, says he will warrant it to be sound in every respect, his declaration may amount to a representation as well as to a warranty. | Can a declaration amount to a warranty? | 018382.docx | LEGALEASE-00161795-LEGALEASE-00161796 |
| Gen. Housewares Corp. v. Nat'l Sur. Corp., 741 N.E.2d 408 | 217+2101 | "Insurance" is a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from an unknown or contingent event; thus, fortuity is a concept inherent to insurance. | Is fortuity an inherent feature of insurance? | 019626.docx | LEGALEASE-00161505-LEGALEASE-00161506 |
| Love v. Money Tree, 279 Ga. 476 | 217+1107 | Statute invalidating agreements to arbitrate disputes regarding contracts of insurance was enacted to regulate the business of insurance and would be impaired by application of the Federal Arbitration Act (FAA), and, thus, the McCarran-Ferguson Act prohibited the FAA from preempting the statute and prevented enforcement of arbitration agreement in lender's collection action against borrowers who had purchased automobile club memberships. 9 U.S.C.A. S 2; McCarran-Ferguson Act, S 2, 15 U.S.C.A. S 1012(b); West's Ga.Code Ann. S 9-9-2(c)(3). | Are automobile club memberships insurances? | Insurance - Memo 88 - SNJ_65781.docx | ROSS-003284821-ROSS-003284822 |
| Campbellsville Lumber Co. v. Hubbert, 112 F. 718 | 170B+3073 | The powers granted by acts of the Kentucky legislature approved March 18, 1878, and February 27, 1882, authorizing a court in which a judgment is recovered against Taylor county on county bonds to assess the taxpayers to collect such judgment, may be exercised by a federal court. | Can the power to impose a tax only be exercised when authorized by express legislative authority? | 046326.docx | LEGALEASE-00160829-LEGALEASE-00160830 |
| State v. Anthony, 860 N.W.2d 10 | 410+88 | Defendant forfeited his right to testify at trial on charge of first degree intentional homicide by displaying stubborn and defiant conduct that presented a serious threat to both the fairness and reliability of the criminal trial process as well as the preservation of dignity, order, and decorum in the courtroom; defendant repeatedly and forcefully indicated that he would disobey trial court's evidentiary rulings and testify as to irrelevant, time-consuming, and confusing issues including allegedly wrongful armed robbery conviction that was over 40 years old, his race, his religion, and his childhood, and threatened that he would need to be carried out of courtroom if he could not testify freely. U.S.C.A. Const.Amends. 5, 6, 14. | Does waiver apply to rights so important to the administration of a fair trial that mere inaction is not sufficient to demonstrate a party intended to forgo the right? | 018192.docx | LEGALEASE-00161902-LEGALEASE-00161903 |
| State v. Hudson, 354 A.2d 97 | 181+4 | Reliance is not element of offense of forgery. V.A.M.S. S 570.090, subd. 1(1). | Is reliance an element of forgery? | Forgery - Memo 49 - SNJ_65764.docx | ROSS-003284589-ROSS-003284590 |
| Iowa Contractors Workers' Comp. Grp. v. Iowa Ins. Guar. Ass'n, 437 N.W.2d 909 | 217+1001 | Contract is one of "insurance" if it meets following test: one party, for compensation, assumes risk of another; party who assumes risk agrees to pay certain sum of money on specified contingency; and payment is made to other party or party's nominee. | Are all contracts concerning risk transference an insurance? | Insurance - Memo 92 - SNJ_65946.docx | ROSS-003278496-ROSS-003278497 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Inhabitants or Northampton v. Commissioners of Hampshire Cty., 145 Mass. 108 | 371+2641 | St.1849, c. 96, S 4, providing that funds of corporation known as "Smith Charities," for taxation purposes be equally apportioned among eight towns, named in the testamentary trust, or such of them as should not have forfeited their rights therein, apportionment to be made and assessors of each town notified by the trustees, on or before May 1st in each year, and that portions of funds thus assigned to the towns respectively, might be assessed therein in all the taxes legally rated and assessed by the towns, does not conflict with Const. pt. 2, c. 1, S 1, art. 4, requiring proportional and reasonable assessments, rates, and taxes. | Should the tax rate be identical in all municipal corporations throughout the state? | 046372.docx | LEGALEASE-00162070-LEGALEASE-00162071 |
| Clarey v. Union Cent. Life Ins. Co., 143 Ky. 540 | 217+1091(7) | An insurance policy which provided that no action might be brought upon it more than one year after the death of the insured was issued by an Ohio corporation to a resident of Wisconsin. After the contract was made, the insured removed to Kentucky, where he lived for some years before his death. In a suit on the policy, brought more than a year after the death of insured, the plaintiff in her pleadings admitted that the condition, as to the bringing of the suit, was valid both in Ohio and Wisconsin. Held, that the law of one of those two states governed the construction of the contract, and the condition as to the time of suit being valid in those states it will be recognized as valid in Kentucky, though such condition is regarded as contrary to the public policy of Kentucky. | "If a note is executed by a maker in a payee in one state, will the law of that state control?" | Bills and Notes - Memo 1307 - RK_66212.docx | ROSS-003321759-ROSS-003321760 |
| Johnston v. Gawtry, 83 Mo. 339 | 8.30E+10 | The state in which a note is made payable, and in which it is delivered in consummation of a bargain, is the place of the contract. | Does delivery of a note complete the contract? | Bills and Notes - Memo 1359 - RK_66261.docx | ROSS-003321744-ROSS-003321745 |
| Bell v. Packard, 69 Me. 105 | 253+109(1) | A promissory note written in Maine, but signed in Massachusetts by citizens there, and then returned by mail to the payee in Maine, is a note made in Maine, and to be construed by the laws thereof. So, where one of the makers of such a note, thus written and signed, was a married woman, who signed it as surety for her husband, and by the laws of Massachusetts she could not thus bind herself there, the note is to be construed by the laws of Maine, which authorize her to contract for any lawful purpose. | Does delivery of a note complete the contract? | 009240.docx | LEGALEASE-00162749-LEGALEASE-00162750 |
| Rivera v. Shinseki, 654 F.3d 1377 | 34+138 | Veteran sufficiently identified issue on appeal from denial of his motion to reopen previously-disallowed claim for disability benefits via his correspondence with Veterans Court, even if he did not make explicit statement that he disagreed with regional office's conclusion that he failed to offer new and material evidence, where that was sole issue decided by regional office. 38 U.S.C.A. S 7105(d)(3). | Does the Department of Veterans Affairs (DVA) operate under a duty to read the documents that a claimant files in support of his appeal? | Armed Services - Memo 361 - RK_66881.docx | ROSS-003292072-ROSS-003292073 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Curran v. Merrill Lynch, Pierce, Fenner & Smith, 622 F.2d 216 | 349B+5.17 | Alleged unfulfilled and proximate promise of a "common enterprise" with other customers did not itself bring actual agreement between parties with respect to discretionary trading account in commodity futures within definition of a "security" for purpose of registration requirements and enforcement provisions of federal securities laws, though customers may have hoped that broker's control over a number of accounts would increase agent's clout in market, customers always understood that the return would be based on one-to-one vertical relationship with broker. Securities Act of 1933, S 5, 15 U.S.C.A. S 77e; Securities Exchange Act of 1934, S 10, 15 U.S.C.A. S 78j. | Is the regulation of the commodities futures industry a federal concern? | Commodity Futures Trading Regulation - Memo 4 - C -JL.docx | LEGALEASE-00052808-LEGALEASE-00052809 |
| People v. Smith, 128 Misc. 2d 733 | 110+29(12) | Convictions for rape of an intoxicated woman and rape of an unconscious woman, arising from one act of sexual intercourse, could not both stand, and judgment would be modified to strike conviction for rape of an unconscious woman. West's Ann.Cal.Penal Code S 261(a)(3, 4). | Does sexual intercourse with a sleeping victim amount to the crime of rape? | 043141.docx | LEGALEASE-00164084-LEGALEASE-00164085 |
| Bd. of Directors of St. Francis Levee Dist. v. Bodkin, 108 Tenn. 700 | 405+2861 | An Act of the Legislature incorporating a Board of Directors and authorizing it to build, rebuild, and repair levees for the protection of a large district from overflow; to make all necessary contracts, and to levy taxes upon the inhabitants of the district and collect them, and to issue bonds for said purposes, constitutes such Board of Directors a public corporation, clothed with governmental duties and functions of the same general class as cities and counties. | Can lands held for public purposes be levied or sold? | 014106.docx | LEGALEASE-00165100-LEGALEASE-00165102 |
| In re T.P., 803 S.E.2d 1 | 106+21 | Court cannot undertake to adjudicate a controversy on its own motion; rather, it can adjudicate a controversy only when a party presents the controversy to it, and then, only if it is presented in the form of a proper pleading, and thus, before a court may act there must be some appropriate application invoking the judicial power of the court with respect to the matter in question. | Should a pleading or motion include a request or demand for the relief sought? | 023973.docx | LEGALEASE-00164635-LEGALEASE-00164636 |
| Pac. Grove-Asilomar Operating Corp. v. Cty. of Monterey, 43 Cal. App. 3d 675 | 371+2311 | All state-owned property is exempt from taxation. West's Ann.Rev. & Tax.Code, S 107. | Is all state-owned property exempt from taxation? | 046462.docx | LEGALEASE-00164565-LEGALEASE-00164566 |
| Mizell v. Atty. Gen. of State of N.Y., 586 F.2d 942 | 135H+99 | Where jury was impaneled and sworn on a Wednesday, where, on following day, trial court was informed that two state witnesses who had been subpoenaed had failed to appear, where prosecutor asked for continuance until following Monday, where there was no indication that either of two witnesses would be unavailable by Monday, where jury had not been sequestered and continuance would not have required them to serve beyond their appointed term, and where only reason given by trial court for failure to grant continuance was convenience of jury, neither ends of public justice nor manifest necessity required discharge of jury and mistrial, and thus, subsequent trial of petitioner was barred by double jeopardy. U.S.C.A.Const. Amend. 5. | Is protection against double jeopardy fundamental to the criminal justice system? | 016461.docx | LEGALEASE-00165257-LEGALEASE-00165258 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gen. Elec. Capital Corp. v. FPL Serv. Corp., 986 F. Supp. 2d 1029 | 50+2 | Under Iowa law, if a lease agreement retains or creates a security interest, the agreement cannot qualify as a lease or a finance lease because an agreement retaining or creating a security interest is specifically excluded from the statutory definition of a lease. I.C.A. S 554.13103(1)(j). | Can parties agree to treat a general lease as a more specific finance lease? | Secured Transactions - Memo 16 - C - VA_67959.docx | ROSS-003280559 |
| In re Purdy, 490 B.R. 530 | 349A+10 | Under Arizona law, if alleged lease is not terminable by lessee and one or more statutorily enumerated conditions is present, then document is a security agreement per se, and court's analysis ends. A.R.S. S 47-1203. | Does resolution of whether document at issue is lease or security agreement focus on economics? | 042744.docx | LEGALEASE-00165763-LEGALEASE-00165764 |
| Norwegian Twp. v. Schuylkill Cty. Bd. of Assessment Appeals, 74 A.3d 1124 | 371+2394 | Substantial evidence supported the trial court's conclusion that Board of Assessment Appeals failed to meet its burden to prove taxability of township's property; sole evidence that the Board placed into record was tax assessment record card and picture of the property, establishing only that the property was currently vacant, and township produced ample evidence to show that property was actually and regularly being used for public purpose and to support court's finding that property was available to public for recreational activities, had been used by township to benefit public, and that township had made good-faith effort to develop the land for a park or playground, and though not required for property to be tax-immune/exempt, court also found that the township made a good-faith effort to develop the property. Const. Art. 8, S 2. | How can a taxpayer overcome the speculative use of a property? | 046512.docx | LEGALEASE-00166146-LEGALEASE-00166147 |
| People's National Bank v. Allison, 377 P.3d 1285 | 195+1 | The obligations of a guarantor are purely contractual. 15 Okla. Stat. Ann. S 321. | Are the obligations of guarantors contractual in nature? | 04803.docx | LEGALEASE-00077092-LEGALEASE-00077093 |
| Vance v. Rumsfeld, 701 F.3d 193 | 34+33 | Detainee Treatment Act's creation of a defense to damages liability for military interrogators and their superiors does not create damages liability. Detainee Treatment Act of 2005, Div. A, S 1004(a), 42 U.S.C.A. S 2000dd-1(a). | Does the existence of statutory safeguards against personal liability imply legislative authorization for the judiciary to create personal liability? | 07768.docx | LEGALEASE-00081894-LEGALEASE-00081895 |
| Vance v. Rumsfeld, 701 F.3d 193 | 34+33 | Detainee Treatment Act's creation of a defense to damages liability for military interrogators and their superiors does not create damages liability. Detainee Treatment Act of 2005, Div. A, S 1004(a), 42 U.S.C.A. S 2000dd-1(a). | Does the existence of statutory safeguards against personal liability imply legislative authorization for the judiciary to create personal liability? | 14472.docx | LEGALEASE-00082015-LEGALEASE-00082016 |
| Ethridge v. TierOne Bank, 226 S.W.3d 127 | 366+31(4) | The doctrine of equitable subrogation is enforced whenever the person making the payment stands in such relations to the premises or to the other parties that his interests, recognized either by law or by equity, can only be fully protected and maintained by regarding the transaction as an assignment to him, and the lien of the mortgage as being kept alive, either wholly or in part, for his security and benefit. | Is there a general rule concerning when the doctrine of equitable subrogation is applicable? | 05095.docx | LEGALEASE-00083748-LEGALEASE-00083750 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ethridge v. TierOne Bank, 226 S.W.3d 127 | 366+31(4) | The doctrine of equitable subrogation is enforced whenever the person making the payment stands in such relations to the premises or to the other parties that his interests, recognized either by law or by equity, can only be fully protected and maintained by regarding the transaction as an assignment to him, and the lien of the mortgage as being kept alive, either wholly or in part, for his security and benefit. | Is there a general rule concerning when the doctrine of equitable subrogation is applicable? | 05569.docx | LEGALEASE-00083797-LEGALEASE-00083799 |
| Kerr v. Grand Foundries, 451 S.W.2d 26 | 307A+501 | Where plaintiff had agreed, upon granting of prior motion for continuance, to forego right of voluntary nonsuit at any subsequent date, finding that there was no binding waiver and granting of plaintiff's subsequent motion for leave to dismiss without prejudice, made before submission of case, was not error as defendant would not lose any right of defense and plaintiff would gain no undue advantage by granting of motion. | Is the right to a nonsuit absolute? | 01695.docx | LEGALEASE-00092034-LEGALEASE-00092035 |
| State v. Bryant, 110 So. 3d 1191 | 63+2 | Statutory phrase prohibiting bribery of a person "otherwise engaged to serve in a public capacity" is not unconstitutional under "void-for-vagueness" doctrine; to be "otherwise engaged to serve in a public capacity" provides adequate notice that any person occupying a position of trust with official state responsibilities falls within the statute. U.S.C.A. Const.Amends. 1, 14; Const. Art. 1, S 9; I.C.A. S 722.1. | What is a public official for the federal government? | 02189.docx | LEGALEASE-00092099-LEGALEASE-00092100 |
| Wallisville Corp. v. McGuinness, 154 So. 3d 501 | 188+291 | Fact issue as to the purpose of website visitor's $10,000 deposit with gambling website precluded dismissal, for failure to state a cause of action, of visitor's action against operators of the website for the return of the deposit; while it seemed likely that statute barring enforcement of gambling debts would bar recovery of the deposit, complaint contained no allegations as to the terms on which the deposit was being held, so as to enable trial court to decide the merits of website operators'affirmative defense raising the statute. West's F.S.A. S 849.26. | Can affirmative defenses be raised by motion to dismiss? | 11377.docx | LEGALEASE-00094019-LEGALEASE-00094020 |
| Wallisville Corp. v. McGuinness, 154 So. 3d 501 | 188+291 | Fact issue as to the purpose of website visitor's $10,000 deposit with gambling website precluded dismissal, for failure to state a cause of action, of visitor's action against operators of the website for the return of the deposit; while it seemed likely that statute barring enforcement of gambling debts would bar recovery of the deposit, complaint contained no allegations as to the terms on which the deposit was being held, so as to enable trial court to decide the merits of website operators'affirmative defense raising the statute. West's F.S.A. S 849.26. | "Will a motion for involuntary dismissal admit the legal sufficiency of the complaint, all well-pleaded facts and all reasonable inferences therefrom?" | 10441.docx | LEGALEASE-00095539-LEGALEASE-00095540 |
| Nw. Nat. Ins. Co. v. Crockett, 857 S.W.2d 757 | 83E+482 | Nonnegotiable note is nevertheless susceptible of assignment. | Is a non-negotiable note susceptible of assignment? | 09937.docx | LEGALEASE-00095628-LEGALEASE-00095629 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Com. v. Reinhold, 325 S.W.3d 272 | 217+1001 | Agreement signed by members of religious-based system for sharing medical costs was a "contract for insurance," and thus operator of system was engaged in unauthorized sale of insurance, since agreement provided for shifting of risk of medical expenses; although agreement contained a disclaimer that system was not intended to be a replacement for health insurance and was intended to be a purely charitable endeavor, operator pooled member payments to pay medical bills as claims for payment were submitted, used actuarial tables to calculate amount of member payments, and emphasized in advertising is that it was an economical alternative to conventional health insurance programs. KRS 304.1-030. | Is risk a nature of insurance? | 000210.docx | LEGALEASE-00115662-LEGALEASE-00115663 |
| Louisiana United Bus. Ass'n Cas. Ins. Co. v. J & J Maint., 133 F. Supp. 3d 852 | 334+3 | Claims brought by workers' compensation insurer for subcontractor, stemming from fatal injury sustained by subcontractor's worker while working on remodeling project at United States Army fort, arose under Louisiana's tort law, rather than workers' compensation law, and thus removal of insurer's action was not precluded by statute prohibiting removal of state workers' compensation actions; workers' compensation laws did not create separate cause of action but only extended right of action, laws'imposition was merely procedural, and nothing in insurer's claims raised substantial question relating to workers' compensation. LSA-R.S. 23:1021 et seq. | Do courts recognize the distinction between a right of action and a cause of action?2. | 002009.docx | LEGALEASE-00119379-LEGALEASE-00119380 |
| Auers v. Progressive Direct Ins. Co., 878 N.W.2d 350 | 217+2787 | Discount of approximately $85,869.59 that health insurer negotiated with providers was "collateral source" reducing past medical expenses below $100,000 limit of automobile liability coverage, even though accident victim's surviving spouse had paid for assignment of health insurer's subrogation rights, and, thus, tortfeasor was not underinsured; health insurer only had subrogation lien in amount paid. M.S.A. S 548.251(2). | "Is subrogation the substitution of a person for a creditor to whose rights the substitute succeeds in relation to the debt, and which gives the creditor all the rights, priorities, remedies, liens, and securities of the person for whom he or she is substituted?" | 044027.docx | LEGALEASE-00121550-LEGALEASE-00121552 |
| GLC Inv. Co. v. Pub. Serv. Comm'n of State of N.Y., 136 A.D.2d 857 | 362+5 | Public Service Commission's approval of steam and electricity utility abandonment settlement allowing remaining funds to be paid to abandoned utility's parent company, instead of establishing fund for abandoned steam customers who would have to convert to electricity was rationally based on conclusion that large operating losses made it appropriate for parent company to receive whatever proceeds remained after outstanding bank loans were satisfied. McKinney's Public Service Law SS 83, 85; U.S.C.A. Const.Amends. 5, 14. | Should the economic loss to a utility be balanced against the public interest if such utility is terminated or discontinued? | Public Utilities - Memo 248 - AM.docx | ROSS-003288401-ROSS-003288402 |
| A.L. Jones Co. v. Bowman Dairy Co., 209 Ill. App. 579 | 113+19(3) | Evidence was insufficient to establish a general custom to the effect that a person hired to draw away manure from a barn became the owner thereof and could dispose of it for his own profit so as to entitle plaintiff to recover for breach of contract whereby plaintiff was to remove manure from defendant's barn during the period of one year for the sum of $50 per month. | Can custom be found when parties are unable to articulate standards used by opposing parties? | 014207.docx | LEGALEASE-00141896-LEGALEASE-00141897 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Reading Metal Craft Co. v. Hopf Drive Associates, 694 F.Supp. 98 | 170B+2740 | Under New York law, personal jurisdiction could be asserted over Florida limited partnership which was member of New York joint venture in dispute arising out of contract between subcontractor and joint venture for construction of shopping center which was owned by joint venture. N.Y.McKinney's CPLR 302. | QuestionIs a joint venture identical to a limited partnership? | 022371.docx | LEGALEASE-00141999-LEGALEASE-00142000 |
| Collins v. State, 691 So. 2d 918 | 352H+35 | Age is critical element of crimes of capital and statutory rape; capital rape requires rape of a child under age 14, while statutory rape requires carnal knowledge of unmarried person of previously chaste character younger than himself or herself and over 14 and under 18 years of age. Code 1972, SS 97-3-65(1), 97-3-67. | Is the State required to prove the age of the accused at trial? | 043112.docx | LEGALEASE-00143480-LEGALEASE-00143481 |
| United States v. Howell, 838 F.3d 489 | 350H+1262 | In determining if prior conviction is for "crime of violence" under Sentencing Guidelines, Court of Appeals generally applies categorical approach and looks to offense's elements enumerated or defined by Guideline section and compares those elements to elements of prior offense for which defendant was convicted, but does not consider defendant's actual conduct in committing offense. U.S.S.G. S 4B1.2. | Is burglary an enumerated offense? | 012837.docx | LEGALEASE-00145015-LEGALEASE-00145018 |
| Doe By & Through Doe v. Montessori Sch. of Lake Forest, 287 Ill. App. 3d 289 | 91+513 | Parents of minor child allegedly sexually abused by preschool teacher could maintain independent causes of action against teacher and her employer for fraudulent concealment, intentional infliction of emotional distress, and civil conspiracy, as such causes of action involved conduct directed at parents. | Can intent to harm be inferred as a matter of law in cases involving minors? | 042986.docx | LEGALEASE-00147978-LEGALEASE-00147979 |
| Mills v. Stark, 4 N.H. 512 | 28+95(1) | Where cattle escape from the close of A., owing to a defect in his fence, and cross the highway into the close of B., which is opposite, through a defect in the fence of B., the latter may lawfully take the cattle as a distress for the damage they have done. | Can cattles be driven in public highways? | Highways -Memo 249-IS_57965.docx | ROSS-003308168-ROSS-003308169 |
| Russell v. Russell, 11 Va. App. 411 | 156+68(4) | When a party defeats a judicial proceeding by alleging in his pleadings a particular state of facts, he cannot be heard to subsequently deny or disprove such facts in defense of another proceeding. | Is a party who obtains or defeats a judgment estopped from giving it another in a suit founded upon the same subject matter? | 017834.docx | LEGALEASE-00148981-LEGALEASE-00148982 |
| Vittitow v. City of Upper Arlington, 43 F.3d 1100 | 268+622 | Where ordinance prohibiting residential picketing was unconstitutionally overbroad as written, Court of Appeals would not take extraordinary measure of saving ordinance by accepting representations by city's counsel as to how ordinance would be enforced, as Supreme Court did in Frisby v. Schultz ; it was not clear what representations Court of Appeals had received, it was not clear that counsel could bind city's legislative body or its police department, and city's idea of what constituted enforcement procedure that did not offend Constitution conflicted with Supreme Court precedent. U.S.C.A. Const.Amend. 1; Upper Arlington, Ohio, Code S 517.17. | Can picketing be prohibited by an ordinance? | 014465.docx | LEGALEASE-00149643-LEGALEASE-00149644 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mercer v. Lancaster, 5 Pa. 160 | 95+54(1) | If any of the elements of such test be established, the consideration becomes sufficient to support a promise, although its inadequacy may be grossly disproportionate to the promise. The smallest spark of benefit or accommodation is sufficient to sustain an action of assumpsit. | What constitutes sufficient consideration? | Bills and Notes - Memo 824 - RK_59542.docx | ROSS-003308052-ROSS-003308053 |
| Kratz v. Countrywide Bank, 2009 WL 3063077 | 172H+1561 | Mortgagors were required to tender loan proceeds in order to rescind the loan for the mortgagee's failure to include the rescission date on refinancing documents. Without a tender, rescission would not restore the status quo ante. The mortgagors had lived in their home for seventeen months without paying and could not pay. To effectively rescind the loan transaction, keep the property, and have the loan removed, they needed to pay the loan proceeds net of finance charges. Truth in Lending Act, S 125(a), (b), 15 U.S.C.A. S 1635(a), (b); 12 C.F.R. S 226.23(a)(3), (b)(1), (d)(1)-(3). | Does the TILA provision relating to rescission require the creditor to tender first? | Consumer Credit - Memo 194 - RK_61856.docx | ROSS-003320101-ROSS-003320102 |
| Walker v. Michael W. Colton Tr., 33 F. Supp. 2d 585 | 172H+1362 | Assertion by buyer of carpeting, that his signature on installment contract and second mortgage securing payment on carpeting was forged, precluded claim that documents violated Truth in Lending Act (TILA). Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq.; 12 C.F.R. S 226.1(c). | Does TILA prohibit forged contracts? | Consumer Credit - Memo 199 - RK_61861.docx | ROSS-003281433-ROSS-003281434 |
| Fairley v. Turan-Foley Imports, 864 F. Supp. 4 | 172H+1341 | TILA encourages informed use of credit by requiring lenders to disclose credit terms and thereby allow consumers to compare different offers and enter into contracts intelligently. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Does TILA prohibit forged contracts? | 013776.docx | LEGALEASE-00155510-LEGALEASE-00155511 |
| Nies v. Dist. Court in & for Woodbury Cty., 179 Iowa 326 | 23H+182 | If landlord of hotel knew that soft drinks were to be served and did not know that intoxicating liquors were to be served, she was not criminally liable for contempt by violating injunction against sales of intoxicating liquors; but, if she knew that a drink called "malta" was to be sold and it was in fact intoxicating, she was criminally liable, though she thought it was a soft drink. | Is a person who knows that the representations of seller were false estopped from afterward claiming damage for such false representations? | 041746.docx | LEGALEASE-00158975-LEGALEASE-00158976 |
| People v. Snowburger, 113 Mich. 86 | 178+14 | The seller's ignorance of the adulteration is no defense to a prosecution under Pub.Acts 1895, No. 193, SS 1-3, providing that no person shall sell or offer for sale any adulterated article of food or drink; section 8 forbidding any person to "knowingly" offer for sale falsely labeled cheese, and there being no like qualification of the other prohibitions of the act. | Whether knowledge needs to be proved for an offence to sell adulterated milk? | Adulteration- Memo 60-_1Hi3I0XqVsyYrM2ZtOJM2dVtDQkAP5Iso.docx | ROSS-000000143-ROSS-000000144 |
| Hillis Homes v. Snohomish Cty., 97 Wash. 2d 804 | 104+192 | The "development fees" imposed by counties on new residential subdivisions and housing proposals constituted "taxes" where ordinances imposing the fees were intended to raise money rather than to regulate residential developments, and thus ordinances imposing such fees were invalid. West's RCWA Const.Art. 7, S 5; Art. 11, SS 4, 11. | Can a legislation with primary purpose of regulation be classified as a tax | Taxation - Memo # 1002 - C - JL_62476.docx | ROSS-003280852-ROSS-003280853 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Hart, 119 Vt. 54 | 35+63.4(16) | Evidence that defendant had carried sledge hammer concealed under his topcoat and had surreptitiously cached the hammer in bushes just before police officer found it there was, when coupled with knowledge that that type of hammer was commonly used by burglars and was of a kind used in recent burglaries in the area, was sufficient to establish probable cause to arrest defendant without warrant for possession of burglary tools so that admission of sledge hammer and of metal cutters taken from another defendant at jail was not error. K.S.A. 21-2437. | What are burglar's tools? | Burglary - Memo 81 - JK.docx | ROSS-003287267-ROSS-003287268 |
| United States v. Menendez, 132 F. Supp. 3d 635 | 63+1(1) | Physician's contributions to Super political action committee (PAC) could constitute "thing of value" under federal bribery statute, even if bona fide Super PAC was barred from coordinating its expenditures with candidate; jury could find that candidate placed value, albeit subjective, on earmarked donations given to Super PAC by physician, and that contributions had value to Super PAC. 18 U.S.C.A. S 201. | "When a defendant is being prosecuted for bribery, is the phrase anything of value interpreted objectively or subjectively? " | Bribery - Memo #383 - C - LB.docx | ROSS-003290371-ROSS-003290372 |
| Norwegian Twp. v. Schuylkill Cty. Bd. of Assessment Appeals, 74 A.3d 1124 | 371+2394 | Substantial evidence supported the trial court's conclusion that Board of Assessment Appeals failed to meet its burden to prove taxability of township's property; sole evidence that the Board placed into record was tax assessment record card and picture of the property, establishing only that the property was currently vacant, and township produced ample evidence to show that property was actually and regularly being used for public purpose and to support court's finding that property was available to public for recreational activities, had been used by township to benefit public, and that township had made good-faith effort to develop the land for a park or playground, and though not required for property to be tax-immune/exempt, court also found that the township made a good-faith effort to develop the property. Const. Art. 8, S 2. | How can a taxpayer overcome the speculative use of a property? | Taxation - Memo 1284 - C - MV_68463.docx | ROSS-003293909 |
| Manufacturers & Traders Tr. Co. v. Murphy, 369 F. Supp. 11 | 8.30E+282 | Law favors negotiability of negotiable instruments. | Does the law favour negotiability of negotiable instruments? | Bills and Notes - Memo 110 - ANG.docx | ROSS-003298488-ROSS-003298489 |
| Erie Ins. Co. v. George, 681 N.E.2d 183 | 217+3517 | Subrogation clause in automobile insurance policy was at best ambiguous as to whether insurer had any contractual right to bring subrogation claim prior to insured's resolution of personal injury claim against tort-feasor where it did not alert lay reader that consequence of independent action would be to deprive insured of choice of forum; thus, clause did not afford independent right to suit prior to resolution of insured's claim. | Will a court substitute another person in place of a creditor when a claim based on subrogation is recognized? | Subrogation - Memo 400 - RM C.docx | ROSS-003311824-ROSS-003311825 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tizon v. Com., 60 Va. App. 1 | 35+63.4(16) | Police officer was not required to have probable cause to believe that defendant had acted with premeditation or malice in committing homicide, in order to arrest defendant, in case in which defendant was later prosecuted for second-degree murder; facts known to arresting officer, including presence of dead body with gunshot wounds, handgun dropped by defendant, and neighbor's report that defendant stated she had shot victim, established probable cause for any number of other arrestable offenses, and quantum of probable cause was not required to be specific to a murder charge. U.S.C.A. Const.Amend. 4. | Is specific intent to kill required for second degree murder? | Homicide - Memo 99 - RK.docx | ROSS-003312106-ROSS-003312107 |
| Merriman Investments v. Ujowundu, 123 So. 3d 1191 | 308+1 | Evidence was insufficient to establish that an agency relationship existed between judgment debtor, a hospital employee, and religious order, and thus the trial court erred in dissolving the writ of garnishment for judgment debtor's wages on the basis that the wages did not belong to her but belonged to the order; there was no evidence from religious order acknowledging that judgment debtor acted as its agent or that it controlled the actions of debtor. West's F.S.A. S 77.07. | "Where an agent earns income on behalf of the principal within the scope of the agency and remits the income to the principal according to the agency relationship, does the income belong to the principal or the agent? " | Principal Agent - Memo 39 - VP_58559.docx | ROSS-003319185 |
| In re B.C. Rogers Poultry, 455 B.R. 524 | 366+38 | In determining whether subrogation remedy would result in prejudice or injury to subrogor, rendering equitable subrogation unavailable under Mississippi law, courts consider (1) whether applying equitable subrogation will prevent unjust enrichment, and (2) whether the party seeking equitable subrogation has clear equities that are superior to the competing equities of third parties who would be affected by the subrogation remedy. | "When can the doctrine of ""equitable subrogation"" be applied?" | Subrogation - Memo 176 - ANG C.docx | ROSS-003325036-ROSS-003325038 |
| Cahn v. Reid, 18 Mo. App. 115 | 343+2410 | Where defendant by false and fraudulent misrepresentations induced plaintiff to trade a stock of merchandise for land, a proposition by plaintiff to rescind the trade, and a tender by him of a deed to the land, the proposition and tender being made before the institution of a replevin action to recover the goods, were a sufficient rescission to support the action; but, if not made until after the making of the affidavit, the filing of the suit, and issuance of the writ, the action was premature. | "When a grantee seeks to repudiate a bargain for fraud, can he reclaim his goods without tendering a re-conveyance? " | Exchange of Property - Memo 13 - RK.docx | ROSS-003325276-ROSS-003325277 |
| People v. Goins, 136 Ill. App. 3d 582 | 67+2 | Residential burglary statute, S.H.A. ch. 38, P 19-3, is constitutional. | Are residential burglary statutes constitutional? | Burglary - Memo 64 - RK.docx | ROSS-003327917-ROSS-003327918 |
| Wolsey, Ltd. v. Foodmaker, 144 F.3d 1205 | 25T+114 | Arbitration need not be binding in order to fall within scope of Federal Arbitration Act (FAA). 9 U.S.C.A. S 2. | Is an arbitrators decision as binding as a judicial decision? | Alternative Dispute Resolution - Memo 4 - VP.docx | LEGALEASE-00000100-LEGALEASE-00000101 |
| People v. Warner, 104 Mich. 337 | 181+8 | Though the names of both the drawee and the payee of a forged check be fictitious, the false making of it within intent to defraud constitutes forgery. | What is forgery under common law? | Forgery - Memo 1 - RMM.docx | LEGALEASE-00000130-LEGALEASE-00000131 |
| LSREF2 Cobalt (TX) v. 410 Centre LLC, 501 S.W.3d 626 | 83E+308 | A guaranty is not a negotiable instrument. | Is guaranty a negotiable instrument? | Guaranty - Memo 4 - RM.docx | ROSS-003296228-ROSS-003296230 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rudbart v. N. Jersey Dist. Water Supply Comm'n, 238 N.J. Super. 41 | 277+11 | Notice by publication in newspaper is considered adequate under some circumstances, especially where it is supplemental to other action likely to come to attention of affected party or where it is not reasonably possible or practical to give more adequate notice; however, if substantial rights are involved, no other notice is likely to come to attention of affected party and it is feasible to provide more reliable notice, publication is not considered a fair form of notice. | How is fairness of a method of notice determined? | 10508.docx | LEGALEASE-00089366-LEGALEASE-00089368 |
| Grannis v. Ordean, 234 U.S. 385 | 92+3975 | Service by publication and mailing of summons in partition, conformably to the local law, naming as party defendant Albert B. Guilfuss, assignee, and Albert B. Guilfuss, satisfied the due process of law clause of U.S.C.A. Const.Amend. 14, conferring jurisdiction, so as to render a judgment binding on Albert B. Guilfuss, assignee as to his lien; he not having appeared. | What are the requisites of a notice under due process? | Notice - Memo 1 - VP.docx | ROSS-003285448-ROSS-003285451 |
| State v. Stough, 318 Mo. 1198 | 110+134(2) | Joint affidavit for change of venue for prejudice of inhabitants, not showing affiants lived in different neighborhoods, held insufficient. Rev.St.1919, S 3973, as reenacted by Laws 1921, p. 206 (V.A.M.S. S 545.490). | Should an affidavit state facts or conclusions? | 003795.docx | LEGALEASE-00115826-LEGALEASE-00115828 |
| Kunkel v. Fisher, 106 Wash. App. 599 | 20+60(2) | Under the doctrines of both prescriptive easement and adverse possession, a use is not adverse if it is permissive. | What purpose does the doctrine of adverse possession serve? | Adverse Possession - Memo 11 - AKA.docx | LEGALEASE-00000869-LEGALEASE-00000870 |
| Cox v. Weed Sewing-Mach. Co., 57 Miss. 350 | 309+6 | The sureties on a bond conditioned to answer for the defaults of a sewing-machine agent, who is the principal obligor, and to whom the bond is delivered, are neither guarantors nor sureties on a guaranty, and are not entitled to notice of the obligee's acceptance of the bond, or of the agent's subsequently contracted debts. | How is a surety different from a guarantor? | Guaranty - Memo 17 - AKA.docx | LEGALEASE-00000965-LEGALEASE-00000966 |
| In re Kreisler, 407 B.R. 321 | 51+2932 | Regardless of whether Chapter 7 debtor was treated as guarantor or surety on bank debt for which he had agreed to be liable, claim that creditor had filed for debtor's liability as guarantor/surety had to be disallowed, where bank, the principal obligor, had not defaulted and was continuing to make routine payments pursuant to terms of underlying promissory note; however, order disallowing claim would be without prejudice to creditor's ability to move for reconsideration if bank defaulted. 11 U.S.C.A. S 502(j). | How is a surety different from a guarantor? | 003955.docx | LEGALEASE-00115890-LEGALEASE-00115891 |
| Brasington v. Williams, 143 S.C. 223 | 141+17(5) | It is easier for grantee to establish right of way of necessity over grantor's lands than for grantor to establish such easement over lands conveyed. | "Is a right of way, in gross, incapable of being transferred?" | Assignments - Memo 38 - JS.docx | ROSS-003283211-ROSS-003283212 |
| Clough v. Cook, 10 Del. Ch. 175 | 358+22 | A covenant to renew from year to year at the lessee's option in a lease of real estate is enforceable against a purchaser of the property with notice of the lease and the covenant to renew. | "Can a second purchaser, having notice of a previous contract, be compelled to convey to a former purchaser holding such previous contract?" | 05026.docx | LEGALEASE-00078091-LEGALEASE-00078092 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bonnell v. Bargeron, 162 Ga. 804 | 20+4 | Where, under deed in trust to pay usufruct to grantee's wife and to convey to persons wife by will should appoint, and in default of appointment land was to belong to wife's children, grantee held legal title in trust, not only to wife's interest, but to contingent remainders of children, parties holding adversely under color of title for more than prescriptive period before wife's death held to have good title thereto. | What happens when a life tenant conveys a greater estate than they possess? | 004239.docx | LEGALEASE-00115980-LEGALEASE-00115982 |
| Dell Webb Communities v. Carlson, 817 F.3d 867 | 170B+2235 | Federal Arbitration Act (FAA) does not create any independent federal-question jurisdiction, but rather only permits federal district court to compel arbitration when court would have jurisdiction over suit on underlying dispute, through diversity of citizenship or some other independent basis. 9 U.S.C.A. S 1 et seq. | Can parties be forced to arbitrate on a class-wide basis? | Alternative Dispute Resolution - Memo 54-JS.docx | ROSS-003285819-ROSS-003285820 |
| W. Media v. Merrick, 224 Mont. 28 | 192+1 | Goodwill is intangible asset of business. | Is the nature of goodwill intangible? | Good Will - Memo 1 - RK_62191.docx | ROSS-003278740-ROSS-003278741 |
| State v. Williams, 124 Wash. 160 | 146+1 | Embezzlement and all other crimes are wholly statutory. I.C.A. S 710.4. | Is embezzlement a statutory offence? | Embezzlement- Memo 9 - VP.docx | LEGALEASE-00002105-LEGALEASE-00002106 |
| Edwards Aquifer Auth. v. Bragg, 421 S.W.3d 118 | 148+2.1 | Knowledge of existing regulations at the time property is purchased is to be considered in determining whether a regulation interferes with landowner's investment-backed expectations as would support a regulatory takings claim. U.S.C.A. Const.Amend. 5; Vernon's Ann.Texas Const. Art. 1, S 17. | How are taking claims in relation to eminent domain categorized under the law? | Eminent Domain - Memo 18 - AKA.doc | LEGALEASE-00002806-LEGALEASE-00002807 |
| Tatum v. The Dallas Morning News, 493 S.W.3d 646 | 237+1 | "Slander" is an oral defamation. | Is slander a form of oral defamation? | Libel and Slander- Memo 8 - RM.docx | ROSS-003281607-ROSS-003281608 |
| Bridge Tower Dental, P.A. v. Meridian Computer Ctr., 152 Idaho 569 | 50+31(1) | Once a bailment is established, the burden always remains on the bailee to prove that the damage was not caused by its own negligence; if the bailee fails to satisfy its burden, the bailor does not have to prove that the bailee was negligent, but, instead, the bailor is simply entitled to judgment upon proof that the bailed property was returned in a damaged condition, different from the condition of the property at time the bailment was created, abrogating T-Craft Aero Club, Inc. v. Blough, 102 Idaho 833, 642 P.2d 70. | "In a bailment, is a bailee required to exercise reasonable care?" | Bailment - Memo 41 - RK.docx | ROSS-003287850-ROSS-003287851 |
| Koo Pil Chung v. Hair Trend USA, 322 Ga. App. 429 | 30+440 | A notice of appeal divests the trial court of jurisdiction to supplement, amend, alter, or modify the judgment while the appeal of that judgment remains pending. West's Ga.Code Ann. S 5-6-46(a). | Is a judgment of a trial court without venue void? | Venue - Memo 17 - RK.docx | ROSS-003324522-ROSS-003324523 |
| Cornwell v. Univ. of Florida, 307 So. 2d 203 | 92+2416 | Legislature's delegation of authority to board of regents to review all matters appealed to it is in keeping with the express intent of the legislature that the board of regents be a policy-making body, with the presidents of the several institutions exercising managerial function, and does not constitute an unconstitutional delegation of legislative function. West's F.S.A. SS 240.001(2), 240.042(1), (2)(f); West's F.S.A.Const. art. 2, S 3. | Is the authority vested in an administrative agency to regulate the grading and labeling of fruit an unlawful delegation of legislative authority? | Administrative Law - Memo 53 - RK.docx | LEGALEASE-00004353-LEGALEASE-00004354 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Patel v. State, 60 N.E.3d 1041 | 203+503 | The statute prohibiting feticide does not apply to pregnant women who have abortions. West's A.I.C. 35-42-1-6. | Can a pregnant woman be charged with the crime of feticide? | 000420.docx | LEGALEASE-00117726-LEGALEASE-00117728 |
| Mangano v. Town of Babylon, 111 A.D.3d 801 | 313A+114 | Depending upon the factual circumstances, a person injured by a defective product may maintain causes of action under the theories of strict products liability, negligence, or breach of warranty. | Is a manufacturer liable for injuries resulting from placing a defective product into the stream of commerce? | Products Liability - Memo 15 - TH.docx | ROSS-003284610-ROSS-003284611 |
| Traditional Cat Assn. v. Gilbreath, 118 Cal. App. 4th 392 | 302+360 | A motion to strike under the anti-SLAPP (strategic lawsuit against public participation) statute requires a trial court to engage in a two-step process: first, the court decides whether the defendant has made a threshold prima facie showing that the defendant's acts, of which the plaintiff complains, were ones taken in furtherance of the defendant's constitutional rights of petition or free speech in connection with a public issue; if the court finds that such a showing has been made, then the burden shifts to the plaintiff to establish a probability of prevailing on the claim by making a prima facie showing of facts that would, if proved, support a judgment in the plaintiff's favor. West's Ann.Cal.C.C.P. S 425.16. | Does the single publication rule apply to content published on the internet? | 000827.docx | LEGALEASE-00117874-LEGALEASE-00117875 |
| Sadlier v. Payne, 974 F. Supp. 1411 | 78+1088(5) | Inmate who sued state judge, state prosecutor and defense attorney for civil rights and constitutional violations and "constructive treason" had to show that his convictions or sentences were reversed on direct appeal, expunged by executive order, declared invalid by state tribunal, or called into question by federal court's issuance of writ of habeas corpus, as claims were based on constitutional violations that occurred in relation to underlying state criminal convictions. 42 U.S.C.A. S 1983. | Is the doctrine of constructive treason adopted in the United States? | 000880.docx | LEGALEASE-00117819-LEGALEASE-00117820 |
| Palmer v. Scott, 68 Ala. 380 | 289+674(3) | Where an agent collected money belonging to his principal and mingled it with the money of a firm of which he was a member, and it was used by the firm, a partnership liability was created, though the other partner was ignorant of the conversion. | Do mercantile partnerships have the right to borrow money? | 001864.docx | LEGALEASE-00118791-LEGALEASE-00118793 |
| BEG Investments v. Alberti, 34 F. Supp. 3d 68 | 148+2.1 | Payment of money is not a taking within the meaning of the Takings Clause. U.S. Const. Amend. 5. | Can government-imposed payment of money result in a compensable taking? | 001533.docx | LEGALEASE-00118967-LEGALEASE-00118968 |
| Palmer v. Scott, 68 Ala. 380 | 289+674(3) | Where an agent collected money belonging to his principal and mingled it with the money of a firm of which he was a member, and it was used by the firm, a partnership liability was created, though the other partner was ignorant of the conversion. | Does a mercantile partnership have the right to borrow money? | 002291.docx | LEGALEASE-00119147-LEGALEASE-00119149 |
| Farrand Coal Co. v. Halpin, 10 Ill. 2d 507 | 371+3666 | Where coal company sold coal to a utility for use in generating electrical energy, and such use resulted in the complete consumption of the coal, except for ash residue, such coal constituted "tangible personal property" within Retailers' Occupation Tax Act, and coal company had sold tangible personal property to the utility for use or consumption and not for resale and coal was measure of taxable retail sale. S.H.A. ch. 120, S 440 et seq. | Is an electric utility company a manufacturing or mercantile company? | Electricity - Memo 16 - RK.docx | LEGALEASE-00007768-LEGALEASE-00007769 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Richardson v. Big Indian Creek Watershed Conservancy Dist. of Gage & Jefferson Ctys., 181 Neb. 776 | 148+146 | "General benefits" are those which arise from fulfillment of public object which justified the taking. | What are general benefits under taking? | Eminent Domain -Memo 98-VP.docx | LEGALEASE-00008150-LEGALEASE-00008151 |
| Ford Hydro-Elec. Co. v. Town of Aurora, 206 Wis. 489 | 317A+101 | Test of "public utility" does not depend on power corporation's number of customers, but whether its plant was built and operated to furnish power to public generally. St.1929, S 76.02 (W.S.A.). | Can a single customer be a public utility? | 001971.docx | LEGALEASE-00119656-LEGALEASE-00119657 |
| Middlesex Mut. Assur. Co. v. Vaszil, 89 Conn. App. 482 | 366+1 | The object of equitable subrogation is the prevention of injustice; it is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it. | What is the goal of equitable subrogation? | 002581.docx | LEGALEASE-00120143-LEGALEASE-00120144 |
| Mortg. Elec. Registration Sys. v. Roberts, 366 S.W.3d 405 | 366+31(4) | Equity and economic-policy claims made by mortgage holder were insufficient to necessitate a departure from the "Wells Fargo rule," under which equitable subrogation was not available if the lender had constructive knowledge of an existing lien, even if allowing equitable subrogation would have facilitated refinancing, and in theory, stemmed the threat of foreclosure, where such economic concerns were for the legislature, and not the courts, and the legislature had the option of addressing such long-term effects by creating an exception to the recording statutes for mortgage refinancing situations. KRS 446.080. | Is equitable subrogation a judicially favored doctrine? | Subrogation - Memo 42 - RM.docx | ROSS-003285879-ROSS-003285881 |
| In re Couillard, 486 B.R. 466 | 51+2578 | Bank that, in connection with its refinancing of mortgage loan, failed to properly record its mortgage could not invoke doctrine of equitable subrogation to succeed to lien priority position of lender whose loan it advanced funds to pay off to the prejudice of trustee of debtor-mortgagors' bankruptcy estate, who enjoyed rights of subsequent bona fide purchaser for value pursuant to strong-arm statute. 11 U.S.C.A. S 544(a)(3). | Is the application of equitable subrogation based on whether a lender paid another's debt? | Subrogation - Memo 14 - VP.docx | LEGALEASE-00009248-LEGALEASE-00009249 |
| Abdulaziz v. Metro. Dade Cty., 741 F.2d 1328 | 221+179 | Where plaintiff was immune from suit because of diplomatic immunity, district court was not restricted from dismissing plaintiff's complaint to preserve common-law tort counterclaims. Fed.Rules Civ.Proc.Rule 41(a)(2), 28 U.S.C.A.; Diplomatic Relations Act, S 5, as amended, 22 U.S.C.A. S 254d. | What is the purpose of diplomatic immunity? | Ambassadors and Consuls - Memo 14 - RK.docx | LEGALEASE-00009646-LEGALEASE-00009647 |
| First Fid. Bank, N.A. v. Gov't of Antigua & Barbuda--Permanent Mission, 877 F.2d 189 | 221+176 | Ambassador's actions under color of authority do not automatically bind state that ambassador represents but, rather, facts of given case must be examined. | Does an ambassador have the power to bind the state that he represents? | Ambassadors and Consuls - Memo 22 - RK.docx | LEGALEASE-00009662-LEGALEASE-00009664 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Republic of Rwanda v. Uwimana, 255 B.R. 669 | 51+3376(5) | Debtor's actions, in capacity as former ambassador of foreign government, in paying $30,000 to attorney for legal assistance in obtaining asylum for himself and other members of embassy after foreign government was overthrown and debtor-ambassador was directed to leave United States, was in nature of fiduciary "defalcation," such as would preclude discharge of any resulting indebtedness, though foreign government's former president had died under suspicious circumstances, and though debtor-ambassador had reason to fear that his life might be in danger unless he obtained asylum; there is no "fear of life" exception under "defalcation" provision of Bankruptcy Code. Bankr.Code, 11 U.S.C.A. S 523(a)(4). | Does an ambassadors action under color of authority automatically bind the state that the ambassador represents? | 003018.docx | LEGALEASE-00120533-LEGALEASE-00120534 |
| Smelcher v. State, 33 Ala. App. 326 | 203+520 | "Murder" is an offense against the person. | Is murder an offense against the person? | 003176.docx | LEGALEASE-00120487-LEGALEASE-00120488 |
| People v. Zajaczkowski, 293 Mich. App. 370 | 207+5 | Although genetic testing indicated that victim's father was not defendant's biological father, defendant, who was convicted of first-degree criminal sexual conduct, lacked standing to challenge that he was the legitimate issue of the victim's father, who had been married to defendant's mother, and that he, therefore, was not "by blood" or "affinity" related to victim within meaning of criminal sexual conduct statute, providing that person is guilty of criminal sexual conduct in first degree if he engages in sexual penetration with victim and he is related to victim by blood or affinity to fourth degree; because defendant was conceived and born during his mother's marriage to victim's father, the strong presumption of legitimacy arose, and only defendant's mother and his legal father could rebut presumption with clear and convincing evidence in proper legal proceeding. | Does a relationship between a step-brother and step-sister come under the term affinity? | 003189.docx | LEGALEASE-00120545-LEGALEASE-00120546 |
| People v. Hopkins, 38 Misc. 2d 459 | 350H+1276 | Defendant's conviction of fornication in a Pennsylvania court did not necessarily adjudicate that the female consented to the sexual acts and consequently it did not necessarily contradict the operative facts on which the defendant's subsequent convictions in the same Pennsylvania court involving the same woman on charges of rape and assault with intent to rape depended, where defendant who had been convicted of assault with intent to rape in New York contended that Pennsylvania convictions could not be considered as felonies in determining defendant's status under New York law as a second felony offender. 18 P.S.Pa. SS 4721, 4722; Penal Law, S 1941. | Is the guilt or innocence of an accused in a prosecution for incest affected by the consent of the prosecutrix? | 003194.docx | LEGALEASE-00120550-LEGALEASE-00120551 |
| State v. Kuntz, 130 Mont. 126 | 207+1 | Whether a father is married or unmarried at time he commits incest with daughter is not a material ingredient of incest, and, in either event, father is guilty. | Does it matter if a person who commits incest is married or unmarried? | 003207.docx | LEGALEASE-00120564-LEGALEASE-00120565 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Spacecon Specialty Contractors v. Bensinger, 713 F.3d 1028 | 237+48(1) | Any bias against construction contractor on part of filmmaker did not render messages conveyed in documentary film about contractor's alleged use and abuse of foreign workers matters of purely private rather than public concern, and, thus, actual malice standard was still applicable to contractor's defamation claim against filmmaker under Colorado law, even though filmmaker was a consultant for union, which paid for the film, and he delegated many of the critical film-making tasks to union members, knowing that union was embroiled in a campaign against contractor based on its alleged failure to pay employees area standards wages and benefits. | How do Courts determine whether statements involve a matter of public concern? | 003331.docx | LEGALEASE-00120616-LEGALEASE-00120617 |
| Cmty. Tr. Bank of Mississippi v. First Nat. Bank of Clarksdale, 150 So. 3d 683 | 366+31(4) | To allow secondary lien holder subrogation over primary lien holder would be inequitable, regardless of whether secondary lien holder had actual knowledge of primary lien holder's lien; secondary lien holder was on constructive notice of the lien by virtue of its having been recorded in the office of the chancery clerk, allowing secondary lien holder to subrogate itself to the primary lien holder position would result in prejudice to primary lien holder not only by the amount of the new loan it would be placed behind, but also by the fact that loan involved two completely unknown and unanticipated parties, and secondary lien holder could file a claim against the title insurance company that insured against the risk of an intervening lien and negligently failed to inform anyone about it. West's A.M.C. S 89-5-7. | What is the controlling consideration when determining whether equitable subrogation should apply? | Subrogation - Memo 72 - VP C.docx | ROSS-003324091-ROSS-003324092 |
| Florida Farm Bureau Ins. Co. v. Martin, 377 So. 2d 827 | 217+3515(1) | Where parties stipulated that owners' property damage resulting from fire totaled $110,000, that recovery from tort-feasor's insurer would be the maximum policy limit of $50,000, and that recovery from tort-feasor would be maximum collectable amount of $2,500 and where owner's fire insurer paid owners approximately $42,535 for fire losses, owners' insurer was not entitled to subrogation from funds recovered by its insureds in suit against tort-feasor and tort-feasor's insurer because owners' damage of $110,000 exceeded total recovery of $95,035. | "Do equitable principles apply, even when the subrogation is based on a contract since subrogation is an offspring of equity?" | 003629.docx | LEGALEASE-00120439-LEGALEASE-00120440 |
| Goodpaster v. City of Indianapolis, 736 F.3d 1060 | 148+2.1 | On a claim for partial regulatory taking, it is inappropriate to consider only the loss due to prohibited uses, without also considering the many profitable uses to which the property could still be put. U.S.C.A. Const.Amend. 5. | Is physical invasion an element of takings jurisprudence? | 003105.docx | LEGALEASE-00120693-LEGALEASE-00120694 |
| City of Gulfport v. Orange Grove Utilities, 735 So. 2d 1041 | 148+9 | City lacked authority to condemn sewer and water utility's facilities up to five miles beyond the city limits; statute entitling municipality to condemn the facilities of any utility within the corporate limits of such municipality controlled over the general grant of authority in the Municipal Electric Power Plant Law. Code 1972, SS 21-27-11 et seq., 21-27-39, 77-3-17. | Are municipal utility statutes subordinate to the contrary provisions of the Public Utilities Act 1956 if the legislature intends it? | Public Utilities - Memo 63 - AM.docx | ROSS-003298306-ROSS-003298307 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Christus Spohn Health Sys. Corp. v. Ven Huizen, 2011 WL 1900174 | 92+2314 | Statute permitting governmental immunity for contractors of hospital districts did not violate open courts doctrine of state constitution; statute did not prevent the filing of medical malpractice action, as plaintiffs suggested, rather the statute required claims against a hospital district management contractor to satisfy the prerequisites set forth in the tort claims act. Vernon's Ann.Texas Const. Art. 1, S 13; V.T.C.A., Health & Safety Code S 285.071. | Is the intentional act of state an element in constitutional taking? | 017352.docx | LEGALEASE-00120909-LEGALEASE-00120910 |
| Borough of Grove City v. Pennsylvania Pub. Util. Comm'n, 95 Pa. Cmwlth. 188 | 317A+114 | Extent of a utility's service territory may be altered only by order of the Public Utility Commission. | Should the Borough Code and the Public Utility Code be read or harmonized with each other? | 042561.docx | LEGALEASE-00120935-LEGALEASE-00120936 |
| Consumers Energy Co. v. United States, 84 Fed. Cl. 152 | 148+81.1 | To allege a taking a plaintiff must possess a valid property right affected by government action that purportedly constitutes a taking. | How does a taking by direct government appropriation or physical invasion of private property effects? | Eminent Domain - Memo 167 - GP.docx | ROSS-003285713-ROSS-003285714 |
| Consumers Energy Co. v. United States, 84 Fed. Cl. 152 | 148+2.33 | Failure of government to perform standard contract for disposal of spent nuclear fuel did not effect a "taking" of electric utility's vested contract rights, where utility retained full range of remedies of associated with breach of contract action, and government had already been found liable for breach. | Does a takings claim have application when the rights and obligations of the parties have been created by contract? | Eminent Domain - Memo 169 - GP.docx | ROSS-003300533-ROSS-003300534 |
| Newcombe v. Adolf Coors Co., 157 F.3d 686 | 237+19 | Determination as to whether a publication is libelous on its face is one of law, and is to be measured by the effect the publication would have on the mind of the average reader. West's Cal.Civ.Code S 45a. | When will statements or publications be libelous on its face? | Libel and Slander - Memo 181 - AKA.docx | ROSS-003310502-ROSS-003310504 |
| State v. Bell, 145 Ohio Misc.2d 55 | 106+85(2) | One form of legislative history useful in determining legislative intent of statute is amendments proposed, but later rejected by the legislature or rules of procedure proposed by Standing Committee on Rules of Practice and Procedure, but later rejected by the Court of Appeals. | Does the rejection by the Senate of a bill denote that the Legislature intended that the Peoples Counsel should appeal from the order of the Public Service Commission? | 042595.docx | LEGALEASE-00121376-LEGALEASE-00121377 |
| Daley-Sand v. W. Am. Ins. Co., 387 Pa. Super. 630 | 217+2793(2) | Underinsured motorist carrier's exercise of contractual right to withhold consent to insured's settlement with tort-feasor until carrier could research its subrogation opportunities frustrated public policy requiring underinsured motorist coverage; carrier failed to show that withholding of consent and consequent refusal to pay benefits was in good faith or was reasonable. 75 Pa.C.S.A. SS 1701 et seq., 1731(a). | "As equitable doctrine, should subrogation be applied only in the exercise of a proper equitable discretion, with due regard for legal and equitable rights of others?" | 043689.docx | LEGALEASE-00121294-LEGALEASE-00121295 |
| Employers Ins. of Wausau v. Com., Dep't of Transp., 581 Pa. 381 | 366+1 | "Equitable subrogation" is a creature of equity and is independent of any contractual relations. | Is the doctrine of subrogation based on principles of equity and enforced to bring about substantial justice? | 043745.docx | LEGALEASE-00121524-LEGALEASE-00121526 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Abish v. Nw. Nat. Ins. Co. of Milwaukee, 924 F.2d 448 | 170B+3333 | Surety's claims for quia timet and exoneration did not satisfy definition of "injunction" for purposes of statute authorizing appeal from interlocutory district court orders granting, continuing, modifying, refusing or dissolving injunctions orrefusing to dissolve or modify injunction; district court was not asked to grant injunctive relief nor did court construe surety's motion as one for preliminary injunction and order denying relief requested would not cause serious or irreparable consequences since nature of relief sought was monetary compensation and there was no reason why surety could not be made whole upon resolution of merits. 28 U.S.C.A. S 1292(a)(1). | Does the existence of a principal's duty to pay give a surety an equitable right to call upon principal to exonerate him from liability by discharging debt when it becomes due? | 044093.docx | LEGALEASE-00121710-LEGALEASE-00121711 |
| Garcia v. U.S. Bank, 141 F. Supp. 3d 490 | 379+114 | In Virginia, to support a claim that a party's actions both breached contract terms and tortiously breached a duty, the tort alleged must be an independent, willful tort, not merely a claim of negligence. | "Is conversion and trespass to chattels a willful, independent tort?" | Trespass - Memo 126 - AKA.docx | ROSS-003283334-ROSS-003283335 |
| Miller, DuBrul & Peters Mfg. Co. v. Laidlaw-Dunn-Gordon Co., 17 Ohio Dec. 499 | 289+433 | An association composed of numerous persons, firms and corporations engaged in the metal trades, in order to adopt a uniform basis of just and equitable dealings between members and their employees and to investigate and adjust any question arising between members and employees, was not a copartnership nor an organization for profit, and membership therein by a corporation was not inconsistent with the character of the corporation, nor was there an unlawful delegation of powers from the directors. | Do corporations have the power to become members of a partnership? | Partnership - Memo 127 - RK.docx | ROSS-003298662-ROSS-003298663 |
| Allison v. Comm'n for Lawyer Discipline, 374 S.W.3d 520 | 46H+1004 | Attorney was not permitted to limit evidence to be brought before the trial court in attorney disciplinary proceeding by motion in limine, as trial was to the bench. | "Absent a jury, is a motion in limine irrelevant?" | 024238.docx | LEGALEASE-00121872-LEGALEASE-00121873 |
| CNL APF Partners, LP v. Dep't of Transp., 307 Ga. App. 511 | 30+3209 | Appellate courts review the trial court's ruling on a motion in limine for abuse of discretion. | Is a motion in limine properly granted when there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial? | Pretrial Procedure - Memo # 410 - C - SB.docx | ROSS-003325221-ROSS-003325222 |
| Gateway United Methodist Church of Gulfport, Mississippi v. Mississippi Transp. Comm'n, 147 So. 3d 900 | 30+3366 | An appellate court's standard of review regarding the admission or exclusion of evidence is abuse of discretion. | Is there an abuse of discretion in granting a motion in limine if material is inadmissible and statements are prejudicial? | 024266.docx | LEGALEASE-00122285-LEGALEASE-00122286 |
| Pagosa Oil & Gas v. Marrs & Smith P'ship, 323 S.W.3d 203 | 13+61 | A claim is mature when it has accrued. | Is a claim mature when it has accrued? | Action - Memo # 47 - C - LK.docx | ROSS-003297646-ROSS-003297647 |
| Wallace v. Kato, 127 S. Ct. 1091 | 241+58(7) | Fact that, at time arrestee appeared before examining magistrate and was bound over for trial, no conviction had yet occurred, did not preclude commencement of running of limitations period on arrestee's S 1983 unlawful arrest claim against city police officers; no rule prevented action that would impugn anticipated future conviction from being brought prior to occurrence of, and setting aside of, that conviction. U.S.C.A. Const.Amend. 4; 42 U.S.C.A. S 1983. | Is the standard rule that a claim accrues when the plaintiff has a complete and present cause of action? | Action - Memo # 69 - C - LK.docx | ROSS-003289306-ROSS-003289308 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dos Picos Land Ltd. P'ship v. Pima Cty., 225 Ariz. 458 | 148+316 | County's denial of landowners' request for special use permit to build road across southern portion of property amounted to regulatory, rather than physical taking, and thus, landowners were not entitled to award of attorney fees and other litigation expenses in inverse condemnation action. A.R.S. S 11-972(B). | Does every regulatory intrusion on property rights amounts to a taking? | 017512.docx | LEGALEASE-00124604-LEGALEASE-00124605 |
| Drexel Burnham Lambert Grp. Inc. v. Galadari, 610 F. Supp. 114, 777 F.2d 877 | 106+512 | District court should have afforded New York corporation reasonable discovery and evidentiary hearing before dismissing corporation's action for default on promissory note executed by foreign citizen and partnership on grounds of international comity where decree establishing committee of receivers to liquidate assets of citizen and partnership was foreign government's first attempt to frame insolvency law, so that American courts had no experience with that government's bankruptcy practices and procedures. | Is there a presumption that courts should defer to bankruptcy proceedings in other countries which are essentially fair? | 020266.docx | LEGALEASE-00125483-LEGALEASE-00125484 |
| Clientron Corp. v. Devon IT, 35 F. Supp. 3d 665 | 25T+515 | Arbitration award in favor of Taiwanese supplier of thin-client computer components and against buyer was final and binding under Taiwan law, as required for supplier to establish prima facie case for recognition of foreign money judgment under Pennsylvania Uniform Foreign Money Judgment Recognition Act (UFMJRA); arbitration law of Taiwan did not indicate that there were binding arbitrations and non-binding arbitrations, and rather, stated concisely that "an (arbitration) award shall, insofar as relevant, be binding on the parties and have the same force as a final judgment of a court," and buyer failed to present any evidence suggesting that statutory provision was subject to revision or alteration by contractual agreement between parties. 42 P.S. SS 22005, 22009. | "While comity doctrine does not reach force of obligation, does it create a strong presumption in favor of recognizing foreign judicial decrees?" | International Law - Memo # 484 - MC.docx | ROSS-003312556-ROSS-003312557 |
| Bryant v. Int'l Sch. Servs., 502 F. Supp. 472, 675 F.2d 562 | 78+1549 | Proof that 97 out of 98 local-hire contracts went to married women was not alone sufficient to establish prima facie case of disparate impact, in equal employment opportunity case, in face of other uncontested evidence, and although plaintiffs were not required to use actual labor market or applicant figures to show disparate impact, they were required, in peculiar circumstances of case, to offer at least comparative statistics by which court could infer invidious disparate impact. Civil Rights Act of 1964, S 703, 42 U.S.C.A. S 2000e-2. | Does the act of state doctrine preclude inquiry into the validity of a foreign sovereign's act and require American courts to respect private claims based on the contention that damaging an act of another nation violates American law? | 020426.docx | LEGALEASE-00124354-LEGALEASE-00124355 |
| Marquis Fin. Servs. of Indiana Inc. v. Peet, 365 S.W.3d 256 | 30+241 | Defendant's bare assertion that the trial court should enter a judgment for defendant and against financial services company, in defendant's oral motion for a directed verdict at the close of all the evidence on financial services company's unjust enrichment claim, was insufficient to comply with the rule that required a motion for a directed verdict to state the specific grounds therefore, and thus, preserved nothing for review, and could not be preserved by his motions for judgment notwithstanding the verdict (JNOV) or a new trial. V.A.M.R. 72.01(a). | Are rulings on motions in limine subject to change during the course of the trial? | 024365.docx | LEGALEASE-00124310-LEGALEASE-00124311 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Schexnayder v. Bridges, 190 So. 3d 764 | 388+62(3) | Trial court did not abuse its discretion, in motorist's negligence action arising from three-vehicle collision, in allowing motorist's former supervisor to be called as a rebuttal witness after defendants had presented their case-in-chief and rested; motorist's counsel had attempted unsuccessfully to call supervisor as witness during motorist's case-in-chief, and supervisor's testimony was not a surprise and was principally cumulative, since it merely reiterated a point previously made by motorist when he testified that he had been terminated from his employment after informing supervisor that he could no longer work due to his back pain. LSA-C.C.P. art. 1551(B). | Does the trial court have great discretion when considering evidentiary matters such as motions in limine? | 027793.docx | LEGALEASE-00125057-LEGALEASE-00125058 |
| State Farm Mut. Auto. Ins. Co. v. Superior Court, 121 Cal. App. 4th 490 | 30+4821 | Statute permitting peremptory challenge of judge in new trial following his reversal was not applicable to proceedings on remand, which had determined that Illinois, not California, law applied to dispute; determination regarding what law governed was made before any of plaintiffs' causes of action could be adjudicated, and the granting of the prior writ petition, which corrected the trial court's ruling that California law applied, would not result in a "new trial" to which the statute could apply. West's Ann.Cal.C.C.P. S 170.6(a)(2). | Is a motion to determine the law to be applied in a case the equivalent of an in limine motion that seeks to resolve a conflict of laws or choice of law issue? | Pretrial Procedure - Memo # 256 - C - LN.docx | ROSS-003311351-ROSS-003311352 |
| Davis v. City of Chicago, 2014 IL App (1st) 122427 | 307A+3 | In limine orders are interlocutory and, thus, remain subject to reconsideration throughout the trial. | Is an unclear order in limine worse than no order at all? | Pretrial Procedure - Memo # 844 - C - KA.docx | LEGALEASE-00015225-LEGALEASE-00015226 |
| Kjerstad v. Ravellette Publications, 517 N.W.2d 419 | 388+178 | On motion for directed verdict, trial court must accept evidence that is most favorable to party against whom motion is sought, and must indulge all legitimate inferences that can fairly be drawn from evidence in favor of nonmoving party. | "Do motions in limine seek a court order requiring parties, attorneys, and witnesses not to disclose certain facts unless and until permission of the court is first obtained outside the presence and hearing of the jury?" | 038419.docx | LEGALEASE-00124422-LEGALEASE-00124423 |
| Cmty. Tr. Bank of Mississippi v. First Nat. Bank of Clarksdale, 150 So. 3d 683 | 366+31(4) | To allow secondary lien holder subrogation over primary lien holder would be inequitable, regardless of whether secondary lien holder had actual knowledge of primary lien holder's lien; secondary lien holder was on constructive notice of the lien by virtue of its having been recorded in the office of the chancery clerk, allowing secondary lien holder to subrogate itself to the primary lien holder position would result in prejudice to primary lien holder not only by the amount of the new loan it would be placed behind, but also by the fact that loan involved two completely unknown and unanticipated parties, and secondary lien holder could file a claim against the title insurance company that insured against the risk of an intervening lien and negligently failed to inform anyone about it. West's A.M.C. S 89-5-7. | What controlling consideration determines whether equitable subrogation should apply? | Subrogation - Memo 1004 - C- CAT.docx | ROSS-003312357-ROSS-003312358 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Florida Farm Bureau Ins. Co. v. Martin, 377 So. 2d 827 | 217+3515(1) | Where parties stipulated that owners' property damage resulting from fire totaled $110,000, that recovery from tort-feasor's insurer would be the maximum policy limit of $50,000, and that recovery from tort-feasor would be maximum collectable amount of $2,500 and where owner's fire insurer paid owners approximately $42,535 for fire losses, owners' insurer was not entitled to subrogation from funds recovered by its insureds in suit against tort-feasor and tort-feasor's insurer because owners' damage of $110,000 exceeded total recovery of $95,035. | Is subrogation an offspring of equity? | Subrogation - Memo 1016 - C- CAT.docx | ROSS-003308944-ROSS-003308945 |
| Maryland Cas. Ins. Co. v. Welchel, 257 Ga. 259 | 97C+114(12) | A plaintiff may not, by election of remedies in conversion action, hold defendant strictly liable for loss of property converted, where defendant is unable to return property as result of theft of property by third party, if theft was not reasonably foreseeable by defendant. O.C.G.A. SS 44-12-151, 44-12-153. | Is the action of trespass to personalty concurrent with the action of conversion? | Trespass - Memo 197 - RK.docx | ROSS-003325918-ROSS-003325919 |
| Hart v. Guardian Tr. Co., 75 N.E.2d 570 | 241+58(5) | The statute of limitations commenced to run against causes of action by superintendent of banks in charge of liquidation of insolvent bank against directors for losses allegedly caused by maladministration of directors and for consequential damages flowing therefrom at time alleged acts of maladministration occurred, and operation of statute could not be suspended, as to a single cause of action, to postpone accrual of claim for consequential damage. | Should a cause of action be complete before an action can be commenced? | Action- memo # - PC334.docx | ROSS-003299847 |
| Denver & R.G.W.R., Co. v. Pub. Utilities Comm'n, 142 Colo. 400 | 70+8 | The validity of an order of the Public Utilities Commission enlarging the services that a carrier may render is to be tested by the same rules as the rules governing the issuance of a new certificate to a new carrier. | Is the structure of the Public Utility Commission (PUC) powers based on that of a regulated monopoly? | 042347.docx | LEGALEASE-00125878-LEGALEASE-00125879 |
| Austin v. Abney Mills, 824 So. 2d 1137 | 413+1199.10 | So-called "manifestation" theory, under which "manifestation" is defined as exhibiting symptoms of disease such that employee was disabled and could not work, was not appropriate for determining when former employee's cause of action accrued in a long-latency occupational disease case in which employee suffered from malignant pleural mesothelioma; adoption of "manifestation" theory effectively circumvented due process prohibition of divesting employee of a vested property right and had negative and serious impact on the role of prescription and the doctrine of contra non valentem. U.S.C.A. Const.Amend. 14; LSA-Const. Art. 1, S 2. | Are damages the sine qua non for the accrual of a cause of action? | Action memo# 294 C-PC.docx | ROSS-003316967 |
| Vance v. Rumsfeld, 701 F.3d 193 | 402+1144 | "Military authority exception" to the Administrative Procedure Act, which prohibited judicial review of military authority exercised in the field in time of war or in occupied territory, barred action against federal government by American citizens, who allegedly were subjected to abusive interrogation and mistreatment during detention by unidentified soldiers and others in military chain of command while citizens were in Iraq working for private security firm. 5 U.S.C.A. S 701(b)(1)(G). | Should courts interfere with the military chain of command? | 008832.docx | LEGALEASE-00126756-LEGALEASE-00126757 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wirtz v. Orr, 533 S.W.2d 468 | 30+4421 | In action, which arose out of ambiguous contract for sale and exchange of plaintiffs' apartment complex and defendants' farm and in which plaintiffs sought to recover on theory that they were due more monies out of the closing and that they were entitled to more silage, submission of issues whether jury found from preponderance of evidence that under the contract a plaintiff was not to pay $18,000 to a defendant and that defendant was obligated in an amount equal to silo mortgage was reversible error, in that jury should have been asked to resolve question of intent of parties rather than questions as to legal effect of contract. | Can a jury be called to construe the legal effect of an instrument? | Exchange Of Property - Memo 60 - ANG.docx | ROSS-003286580-ROSS-003286581 |
| Anaheim Gardens v. United States, 33 Fed. Cl. 24 | 148+2.2 | Although extraordinary delays in process of government decision making may give rise to temporary taking claim, mere fluctuations in value during process of government decision making, absent extraordinary delay, are incidents of ownership which cannot be considered as "taking" in constitutional sense. U.S.C.A. Const.Amends. 5, 14. | Can administrative foot-dragging constitute a taking under the law? | 017644.docx | LEGALEASE-00126850-LEGALEASE-00126851 |
| Penrod Drilling Co. v. Johnson, 414 F.2d 1217 | 170B+2819(6) | For venue purposes only there cannot be any recognizable difference between unincorporated partnership and unincorporated association for purpose of interpreting statute expanding concept of corporate residence standards which are applied with respect to residence or similar concepts concerning unincorporated associations. 28 U.S.C.A. S 1391(c). | Are unincorporated associations partnerships? | 022054.docx | LEGALEASE-00128980-LEGALEASE-00128981 |
| Maricle v. Spiegel, 213 Neb. 223 | 30+14(4) | Appellee cannot cross appeal against another appellee. | Can an appellee cross appeal against another appellee? | Appeal and error - Memo 85 - RK.docx | ROSS-003300734-ROSS-003300735 |
| In re Young K., 49 Cal. App. 4th 861 | 67+9(2) | Entry into headlamp housings of automobile with intention of stealing headlamps was not "entry into a vehicle" within meaning of statute prohibiting vehicular burglary; entry into vehicle could be burglary only if vehicle was locked, and headlamp housings could be entered regardless of whether vehicle was locked. West's Ann.Cal.Penal Code S 459. | Is locking as an essential element of common vehicular burglary? | Burglary - Memo 46 - RK.docx | ROSS-003327906-ROSS-003327907 |
| Baker v. State, 17 S.W. 144 | 67+29 | Stealth is not element of burglary; stealthy entry is evidentiary tool with which to establish prima facie proof of intent to commit offense. West's F.S.A. SS 810.02(1), 810.07. | Is stealth an element of burglary? | Burglary - Memo 57 - RK.docx | ROSS-003299326-ROSS-003299327 |
| People v. Cooper, 53 Cal. 3d 1158 | 67+2 | Asportation is not element of burglary. | Is asportation an element of burglary? | Burglary - Memo 59 - RK.docx | ROSS-003313674-ROSS-003313675 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gort v. Gort, 185 So. 3d 607 | 257A+137.1 | Settlement agreement, which required older brother to voluntarily dismiss a petition to determine younger brother's incapacity, and required younger brother and cousin to provide older brother with notice of the younger brother's medical events, copies of his financial statements, and the deed to his house, did not violate state law or public policy, even though no adjudicatory hearing was held, and the three-member examining committee found younger brother to be incapacitated and lacking the capacity to contract, where the guardianship and probate rules did not prohibit a party voluntarily dismissing a petition to determine incapacity, or mandate an adjudicatory hearing. West's F.S.A. S 744.331(1-3). | "Can a party voluntarily dismiss any claim, and such a dismissal, if accepted by the trial court, deprives the court of jurisdiction over the subject matter of the claim dismissed?" | Pretrial Procedure - Memo # 1159 - C-BP.docx | ROSS-003300929-ROSS-003300930 |
| Arnold v. Marcom, 49 Tenn. App. 161 | 307A+501 | Generally defendant cannot take nonsuit. T.C.A. S 20-1311. | Can a defendant take nonsuit? | 039511.docx | LEGALEASE-00129352-LEGALEASE-00129353 |
| Eagle Fabricators v. Rakowitz, 344 S.W.3d 414 | 13+60 | Order setting aside consolidation of steel erector's breach of contract claim against steel fabricator based on nonpayment of services performed on project for construction of middle school, high school, and firehouse with erector's claim against bond insurer on same project was not abuse of discretion, since fabricator's motion for consolidation was filed four weeks before trial on breach of contract claim, and therefore, consolidation added new party to case that was to be soon tried before jury, which would have necessitated setting new trial date in case that had already been set for trial four times, and motion for consolidation was heard at hearing attended only by fabricator's counsel. Vernon's Ann.Texas Rules Civ.Proc., Rule 174. | Does a trial court have not only the authority but the responsibility to review any pre-trial order upon a proper motion? | 026377.docx | LEGALEASE-00130101-LEGALEASE-00130102 |
| Reeves v. Travelers Ins. Companies, 421 A.2d 47 | 30+3258 | An appellate court reviews propriety of sanction imposed under Rules of Civil Procedure for failure to comply with discovery or failure to comply with pretrial order by an abuse of discretion standard. Rules of Civil Procedure, Rules 16(d), 37(b)(2). | What is the the purpose of both the discovery rules and the pretrial conference? | 026391.docx | LEGALEASE-00130024-LEGALEASE-00130027 |
| Reeves v. Travelers Ins. Companies, 421 A.2d 47 | 30+3258 | An appellate court reviews propriety of sanction imposed under Rules of Civil Procedure for failure to comply with discovery or failure to comply with pretrial order by an abuse of discretion standard. Rules of Civil Procedure, Rules 16(d), 37(b)(2). | What is the purpose of both the discovery rules and the pretrial conference? | 026395.docx | LEGALEASE-00130107-LEGALEASE-00130109 |
| Caruso v. Pearce, 223 W. Va. 544 | 307A+587 | Dismissal of injured motorist's complaint against driver and driver's employer for failure to prosecute was abuse of discretion; case involved cross- and third-party claims with multiple parties, period of inactivity was just over one year, trial court had not issued scheduling order, and motorist's attorney, although less than diligent in ascertaining status of case, reasonably believed that written discovery between all parties had not yet been completed. Rules Civ.Proc., Rule 41(b). | Does a scheduling order encourage pre-trial management? | 026570.docx | LEGALEASE-00129935-LEGALEASE-00129936 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| World Brilliance Corp. v. Bethlehem Steel Co., 342 F.2d 362 | 25T+143 | Contract providing for arbitration of any dispute or difference arising between parties as to any matter or thing arising out of or relating to contract was broad enough to cover defense of waiver of rights under arbitration clause, and the issue of waiver was correctly left to the arbitrators. | Can a dispute regarding the waiver of arbitration be referred to arbitration? | Alternative Dispute Resolution - Memo 531 - RK.docx | LEGALEASE-00020128-LEGALEASE-00020129 |
| Doe v. Princess Cruise Lines, Ltd., 657 F.3d 1204 | 25T+146 | All of cruise ship employee's claims against her employer, arising from her alleged drugging and rape by fellow crewmembers and employer's alleged destruction of evidence and refusal to provide her with proper medical treatment, were not subject to arbitration simply because employee was a "seaman"; plain language of arbitration provision contained in parties' contract imposed limitation that, to be arbitrable, parties' dispute had to relate to, arise from, or be connected with employee's crew agreement or the employment services that she performed for the cruise line, and so though the arbitration provision was broad, it was not limitless. 9 U.S.C.A. S 1 et seq.; 9 U.S.C.A. SS 201-208. | How is the term connected with used in a contract provision? | 007444.docx | LEGALEASE-00131403-LEGALEASE-00131404 |
| In re Cox Enterprises Set-top Cable Television Box Antitrust Litig., 835 F.3d 1195 | 25T+143 | Antitrust claims by cable service subscribers against cable company, that company allegedly tied its premium cable service to rental of set-top box, fell within scope of arbitration agreement, even though claims arose from events that occurred prior to agreement to arbitrate, since arbitration agreement stated that parties agreed to arbitrate "any and all claims or disputes" that "arise out of or in any way relate to" agreement, services, products, or bills, and term "relate" was broader than term "arise" and included relationship in subject matter that was independent of time. | Does the use of the term arise suggest suggests that the contract governs only disputes that begin that arise in the present or future? | 007454.docx | LEGALEASE-00131423-LEGALEASE-00131424 |
| Hill v. State, 2015 Ark. App. 630 | 210+815 | Trespass is the lesser-included offense of burglary. | Is trespass implicit in burglary? | Burglary - Memo 30 - RK.docx | LEGALEASE-00020255-LEGALEASE-00020256 |
| State v. Derby, 462 N.W.2d 512 | 67+10 | Defendant's entry of liquor store through window after business hours met unlawful entry requirement of third-degree burglary, as distinguished from shoplifting or retail theft. SDCL 22-30A-19.1, 22-32-8. | What is burglary in the third degree? | Burglary - Memo 38 - RK.docx | ROSS-003300179-ROSS-003300180 |
| United States v. Giggey, 589 F.3d 38 | 350H+1285 | Prior class C non-dwelling burglary in Maine, viewed categorically, had not created risk of physical injury comparable to that of crimes listed in United States Sentencing Guideline for career offenders, and thus could not be considered "crime of violence" for career offender purposes, as applied to defendant after he pleaded guilty to maliciously destroying building by fire that had been owned by organization that received federal financial assistance. 18 U.S.C.A. S 844(f); 28 U.S.C.A. S 994(h); U.S.S.G. SS 4B1.1(a, b), 4B1.2(a), 18 U.S.C.A.; 17-A M.R.S.A. S 401. | What is a Class C felony burglary? | Burglary - Memo 78 - JK.docx | ROSS-003300209-ROSS-003300210 |
| State v. Thomson, 71 Wash. App. 634 | 67+9(0.5) | "Felonious entry" is entry that is burglarious, as opposed to entry that is lawful or trespassory. West's RCWA 9A.52.020-9A.52.030, 9A.52.070-9A.52.080. | What constitutes felonious entry? | Burglary - Memo 80 - JK.docx | LEGALEASE-00020295-LEGALEASE-00020296 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Billingsley v. St. Louis Cty., 70 F.3d 61 | 92+1475(9) | Government worker who performs technical, ministerial tasks cannot be discharged based on his political beliefs. U.S.C.A. Const.Amend. 1. | Is an employees political affiliation an appropriate requirement for performing ministerial duties? | Clerks of court - Memo 114 - RK.docx | LEGALEASE-00020320-LEGALEASE-00020321 |
| Walmsley v. Whitfield, 24 La. Ann. 258 | 307A+693.1 | The dismissal, on motion of the defendant, of the main action, carries with it the dismissal of an intervention filed in the case. | Does the dismissal of principal suit carry a dismissal of intervention? | 026767.docx | LEGALEASE-00130329-LEGALEASE-00130330 |
| Walton v. New York State Dep't of Corr. Servs., 13 N.Y.3d 475 | 371+2002 | Commissions received by Department of Correctional Services (DOCS) from telecommunications provider pursuant to contract, consisting of percentage of provider's revenues from inmate-originated collect calls, were neither a tax, in usurpation of New York Constitution's separation of powers doctrine, nor an improper fee; commissions were expense voluntarily incurred by provider and encompassed within tariff filed with regulatory agencies, and thus not a tax or fee as to provider, and could not be transformed into tax or fee merely by virtue of provider's passing them on to call recipients. McKinney's Const. Art. 3, S 1, Art. 16, S 1; McKinney's Tax Law S 1133(b, c). | Is tax a charge? | Taxation - Memo # 38 - C CK.docx | ROSS-003301784-ROSS-003301786 |
| State v. Case, 228 Kan. 733 | 361+1624(15) | Sess.Laws 1903, p. 290, c. 151, entitled "An act in relation to the fees of state and county officers, witnesses and jurors, and repealing" a similar act, and the body of which imposes an ad valorem charge or tax on the property of estates under the guise of a fee for the probate proceedings, is repugnant to Const. art. 2, S 19, providing that no bill shall embrace more than one subject, which shall be expressed in the title. | Is tax a charge? | 045099.docx | LEGALEASE-00130571-LEGALEASE-00130573 |
| Walton v. New York State Dep't of Corr. Servs., 13 N.Y.3d 475 | 371+2002 | Commissions received by Department of Correctional Services (DOCS) from telecommunications provider pursuant to contract, consisting of percentage of provider's revenues from inmate-originated collect calls, were neither a tax, in usurpation of New York Constitution's separation of powers doctrine, nor an improper fee; commissions were expense voluntarily incurred by provider and encompassed within tariff filed with regulatory agencies, and thus not a tax or fee as to provider, and could not be transformed into tax or fee merely by virtue of provider's passing them on to call recipients. McKinney's Const. Art. 3, S 1, Art. 16, S 1; McKinney's Tax Law S 1133(b, c). | Is tax a charge that a government exacts from a citizen? | Taxation - Memo # 39 - C CK.docx | ROSS-003301254-ROSS-003301256 |
| Luther v. Comm'r of Revenue, 588 N.W.2d 502 | 371+3406 | Application of nondomiciliary resident statute to taxpayer, a Florida domiciliary who maintained abode in state and spent more than half of tax year in state, did not implicate commerce clause by violating her right to interstate travel; requirement that taxpayer pay state income tax was triggered by conduct that took place wholly within state and that did not substantially affect interstate commerce and taxpayer's contacts with state provided an adequate basis for state to tax her worldwide net income. U.S.C.A. Const. Art. 1, S 8, cl. 3; M.S.A. S 290.01, subd. 7(2). | What are income taxes founded upon? | Taxation - Memo # 41 - C CK.docx | ROSS-003328979-ROSS-003328980 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Marks v. Comm'r of Revenue, 875 N.W.2d 321 | 371+3483 | The income tax statute defining "resident" to mean any individual domiciled outside the state who maintains a place of abode in the state and spends in the aggregate more than one-half of the tax year in the state allows the Commissioner of Revenue to count all the days a taxpayer is physically present in the state to determine whether the taxpayer is a resident, including days spent in the state as a domiciliary. M.S.A. S 290.01(7)(b). | "Are income taxes founded upon an individual's obligation to contribute to the costs associated with the services, benefits, and protections provided by government?" | Taxation - Memo # 42 - C - CK.docx | ROSS-003331054-ROSS-003331055 |
| Madol v. Dan Nelson Auto. Grp., 372 F.3d 997 | 394+229 | Even when magistrate judge is hearing matter pursuant to his limited authority to make "recommended disposition," claimant must present all his claims squarely to magistrate judge to preserve them for review. | Do courts refer claims to arbitration when arguments of unconscionability cannot be limited to the making of the arbitration clause? | Alternative Dispute Resolution - Memo 571 - RK.docx | ROSS-003300011-ROSS-003300012 |
| Bohatch v. Butler & Binion, 977 S.W.2d 543 | 289+804 | Partners have no obligation to remain partners; at heart of partnership concept is principle that partners may choose with whom they wish to be associated. | Do partners have a duty to remain as partners in the partnership? | Partnership - Memo 310 - SB.docx | ROSS-003285932-ROSS-003285933 |
| Martin v. Reynolds Metals Corp., 297 F.2d 49 | 170A+1581 | Word "investigation" under Federal Rule of Civil Procedure pertaining to discovery and production of documents and things for inspection would include taking of samples of forage, feed, air, water, soil, vegetation, and mineral supplements on cattle raisers' land by aluminum plant operator who feared action by cattle raisers based on alleged damage to cattle from fluorides discharged from aluminum plant. Fed.Rules Civ.Proc. rule 34, 28 U.S.C.A. | "Does the word ""inspection"" have a broader meaning than just looking, and means to examine carefully or critically, investigate and test officially, especially a critical investigation or scrutiny?" | Pretrial Procedure - Memo # 1995 - C - UG.docx | ROSS-003328318-ROSS-003328319 |
| Christus Santa Rosa Health Care Corp. v. Botello, 424 S.W.3d 117 | 198H+804 | Nonsuited defendant on health care liability claim (HCLC) did not remain a party to the action, for purposes of determining whether plaintiff's faxing of expert report to that defendant during nonsuit period that preceded the refiling of claim complied with requirement of timely serving expert report, by virtue of fact that defendant's counsel, at plaintiff's request, corrected a discovery response during nonsuit period. V.T.C.A., Civil Practice & Remedies Code S 74.351(a). | "Is barring an affirmative claim against the plaintiff, the effect of a nonsuit to extinguish the case or controversy regarding the plaintiff's claims without an adjudication of their merits?" | Pretrial Procedure - Memo # 2249 - C - SKG.docx | ROSS-003301432-ROSS-003301433 |
| State ex rel. Bldg. Owners & Managers Ass'n of Milwaukee v. Adamany, 64 Wis. 2d 280 | 233+1837 | Because statute providing that tax reductions due to property tax relief should be passed on by landlords to tenants would require the landlord to collect less rent than the leases obligated the renters to pay, enforcement of the statute would impair the contractual obligation on these leases in violation of the United States and State Constitutions. Laws 1973, c. 90, S 539; U.S.C.A.Const. art. 1, S 10; W.S.A.Const. art. 1, S 12. | Is a tax an enforced proportional contribution? | 044682.docx | LEGALEASE-00131656-LEGALEASE-00131657 |
| Rehg v. Illinois Dep't of Revenue, 152 Ill. 2d 504 | 96H+10 | Monetary penalty imposed by Cannibis and Controlled Substances Tax Act was not so punitive as to negate civil tax label since collection of tax did not result in imposition of affirmative disability or restraint and liability under Act was absolute and did not depend upon the finding of criminal intent. S.H.A. ch. 120, P 2151 et seq. | Are monetary assessments traditionally regarded as a form of civil relief? | Taxation - Memo # 271 - C - SS.docx | ROSS-003301223-ROSS-003301224 |
| United States v. Colacurcio, 659 F.2d 684 | 63+3 | Extortion cannot be a defense to bribery. | Can extortion be a defense to bribery? | Bribery - Memo #299 - C - JL.docx | ROSS-003300859-ROSS-003300860 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Swenson v. Erickson, 90 Ill.App. 358 | 289+674(1) | Partner could not be held liable in action for malicious prosecution instituted solely by another partner in name of firm, since tort of one partner was not imputable to another partner who took no part in it. | Is a partner liable for tort of a copartner not committed within the scope of partnership? | 022092.docx | LEGALEASE-00133493-LEGALEASE-00133494 |
| Beckwith v. Dahl, 205 Cal. App. 4th 1039 | 30+3279 | When reviewing an order sustaining a demurrer for failure to state a cause of action, the question of plaintiff's ability to prove the allegations, or the possible difficulty in making such proof, does not concern the reviewing court. | Is it the ordinary function of a demurrer to test the truth of the plaintiff's allegations? | 023194.docx | LEGALEASE-00132918-LEGALEASE-00132919 |
| Gorsage v. Steinmann-McCord & Co., 138 Kan. 400 | 302+8(15) | Petition alleging that seller fraudulently represented value of bonds and extent of property securing them, without stating facts on which charge was based, held demurrable. Rev.St.Supp.1931, 17-1230. | Does a mere charge of fraud present an issue? | 023245.docx | LEGALEASE-00133024-LEGALEASE-00133025 |
| Aetna Cas. & Sur. Co. v. Dini, 169 Ariz. 555 | 307A+751 | General statement in joint pretrial memoranda, "Are defendant's liable to plaintiff," was insufficient to raise issue of whether or not husbands acted on behalf of their respective marital communities when they stole funds from insurance company and, thus, where liability of community was not specifically raised until one day before trial, it could not be raised at trial. A.R.S. S 13-2314, subd. G; 17B A.R.S. Super.Ct.Uniform Prac.Rules, Rule VI(a)(2, 3). | What does a pretrial statement serve? | 027127.docx | LEGALEASE-00133099-LEGALEASE-00133100 |
| Pulley v. Detroit Eng'g & Mach. Co., 378 Mich. 418 | 413+880.4 | "Wage-earning capacity" after injury is not limited to wages actually earned after injury and is not mere capacity to earn wages unless accompanied by opportunity to obtain suitable employment. Comp.Laws 1948 and Supp.1961, SS 411.1-417.14a, 412.9-412.11 and as amended by Pub.Acts 1965, No. 44. | Is workmens compensation a pension? | 047864.docx | LEGALEASE-00132908-LEGALEASE-00132909 |
| Kaletha v. Hall Mercantile Co., 157 Minn. 290 | 413+46 | It was the intention of the Legislature that an employee's recovery under the Workmen's Compensation Act should be speedy, certain, and definite. | "Does the right to workmens compensation arise out of tort, or does it exist by reason of the Workmens Compensation Act?" | 047899.docx | LEGALEASE-00133128-LEGALEASE-00133129 |
| Cummings v. Gassett, 19 Vt. 308 | 8.30E+186 | A memorandum on the margin of a note, merely specifying certain items of property at certain sums, the sum total of which, as added together, was equal to the sum on the face of the note, cannot be treated as part of the note for the purpose of showing that the consideration was other than money, so as to defeat an action for money had and received. | Are the memoranda at the side of the note a part of it? | Bills and Notes -Memo 256-VP.docx | ROSS-003330511-ROSS-003330512 |
| Miller Elec. Co. v. DeWeese, 589 Pa. 167 | 30+343.1 | Where a garnishee succeeds in securing a verdict in its favor, yet is subsequently denied its entitlement to attorney fees by order of court, the garnishee may appeal within 30 days of the date of the denial, regardless of when final judgment was entered. 42 Pa.C.S.A. S 2503(3). | Does a praecipe for discontinuance have the same effect as a judgment entered in favor of the defendant? | Pretrial Procedure - Memo # 2610 - C - KA.docx | ROSS-003304085-ROSS-003304086 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gort v. Gort, 185 So. 3d 607 | 257A+137.1 | Settlement agreement, which required older brother to voluntarily dismiss a petition to determine younger brother's incapacity, and required younger brother and cousin to provide older brother with notice of the younger brother's medical events, copies of his financial statements, and the deed to his house, did not violate state law or public policy, even though no adjudicatory hearing was held, and the three-member examining committee found younger brother to be incapacitated and lacking the capacity to contract, where the guardianship and probate rules did not prohibit a party voluntarily dismissing a petition to determine incapacity, or mandate an adjudicatory hearing. West's F.S.A. S 744.331(1-3). | "May a party voluntarily dismiss any claim, and such a dismissal, if accepted by the trial court, deprives the court of jurisdiction over the subject matter of the claim dismissed?" | 028295.docx | LEGALEASE-00133658-LEGALEASE-00133659 |
| Guie v. Byers, 95 Wash. 492 | 95+159 | In general, "renewal," as applied to promissory instruments, means change of something old for something new. | Can there be a renewal if the obligation changes? | Bills and Notes - Memo 276- VP.docx | ROSS-003290301-ROSS-003290302 |
| Tapco Europe Ltd. v. Red Square Corp., 2015 WL 7353487 | 307A+483 | Refusal to permit buyer of building materials to withdraw its answers to requests for admissions that were deemed admitted by operation of law was not an abuse of discretion, in action brought by seller for failure to pay for materials; buyer was properly served with requests yet "sat on it" for over four months, buyer did not submit any proposed responses to requests until it filed a motion for reconsideration of the order entering judgment on admissions, and proposed responses were mostly either admissions or inadequate vague, general denials and unspecified allegations. Rules Civ.Proc., Rule 4014(b), 42 Pa.C.S.A. | "If subject matter of admissions is broad and far-reaching, should a court permit a withdrawal of admissions in absence of bad faith or substantial prejudice?" | 028697.docx | LEGALEASE-00134058-LEGALEASE-00134059 |
| United States v. Carson, 464 F.2d 424 | 110+438.1 | Where court, prior to trial, ordered counsel for both parties to listen to tapes to determine where they disagreed as to words heard on the tapes, where parties agreed that the transcripts accurately reflected the words on the tapes, with certain exceptions as to which it was agreed that the transcripts would contain the version believed accurate by each party, and where government agreed with most of the changes sought by defense counsel, it was not an abuse of discretion to admit the tapes and transcripts into evidence, in prosecution for conspiracy to travel in interstate commerce in furtherance of bribery, and for perjury, nor to allow jury to retain the transcripts during trial and during their deliberations. 18 U.S.C.A. SS 371, 1621. | Is the bribery statute applicable where the advice or recommendation of the government employee would be influential? | 011489.docx | LEGALEASE-00135874-LEGALEASE-00135875 |
| Ex parte Mattox, 683 S.W.2d 93 | 63+1(1) | Statute which defines and proscribes commercial bribery is not strict liability statute, but criminalizes only those offers of benefits, acceptance of which are in consideration for breach of fiduciary duty, and state must prove knowledge that offeree is fiduciary and that fiduciary would violate duty owed to his beneficiary or otherwise cause harm to his beneficiary by accepting offered benefit. V.T.C.A., Penal Code SS 1.07(a)(6), 32.43(a-c). | Should the culpable mental state of the offeror be shown for the prosecution of commercial bribery? | Bribery - Memo #344 - C-JL.docx | ROSS-003290361-ROSS-003290362 |
| Johnson v. State, 138 Md. App. 539 | 63+15 | That the verdict found defendant guilty of "an attempt" to bribe, instead of "an offer" to bribe, as found by the judgment, is immaterial; such an attempt being the same as an offer to bribe. | Is "an attempt" to bribe the same as "an offer" to bribe? | Bribery - Memo #361 - C-EB.docx | ROSS-003290365-ROSS-003290366 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Rooney, 37 F.3d 847 | 63+2 | Manifest purpose of statute prohibiting theft or bribery concerning programs receiving federal funds is to safeguard finite federal resources from corruption and to police those with control of federal funds. 18 U.S.C.A. S 666. | What is the fundamental component of a corrupt act prohibited by bribery statute? | Bribery - Memo #371 - C-JL.docx | ROSS-003303594-ROSS-003303595 |
| United States v. Owens, 697 F.3d 657 | 63+11 | Evidence was insufficient to support zoning inspector's conviction of two counts of federal program bribery for accepting two $600 bribes in exchange for issuing certificates of occupancy for four newly constructed homes; because government failed to put forth any evidence linking the mortgages and the construction costs to the value of the issuance of the certificates, it failed to prove that the subject matter of the bribes met the statutory $5,000 threshold. 18 U.S.C.A. S 666(a)(1)(B). | What is the easiest and most obvious way to determine the value of the subject matter of the bribe? | Bribery - Memo #377 - C-LB.docx | ROSS-003316188-ROSS-003316189 |
| Kurtz v. Morse Oil Co., 114 Conn. 336 | 48A+246(8) | In action for death of driver of automobile which collided with passing truck at curve in macadamized highway, instruction on what constitutes "traveled portion" held erroneous. Gen.St.1930, S 1639 (Rev.1949, S 2489). | What is meant by traveled portion of the highway? | Highways -Memo 92 - GP.docx | LEGALEASE-00026027-LEGALEASE-00026028 |
| Dunn, McCormack & MacPherson v. Connolly, 281 Va. 553 | 30+3279 | Because the decision whether to grant a demurrer involves issues of law, the appellate court reviews the circuit court's judgment de novo. | "To survive demurrer, must a complaint allege sufficient facts to constitute a foundation in law for the judgment sought?" | Pleading - Memo 333 - RMM.docx | ROSS-003304187-ROSS-003304188 |
| First Nat. Bank v. Wolfson, 271 Mass. 292 | 83E+629 | Waiver of demand, protest, and notice of nonpayment printed above first indorsement on note was part of contract of first indorser only. G.L. c. 107, SS 18, 86, 133 (M.G.L.A. c. 106 SS 1-201(1, 4, 5, 14, 20, 44), 3-102(1) (a, e), 3-104(2) (a, d), 3-202, 3-303, 3-410(1), 3-402, 3-511(6)). | Can the parties to a promissory note make as part of their contract contemporaneous stipulations appearing elsewhere upon the note? | Bills and Notes -Memo 240 -VP.docx | ROSS-003305029-ROSS-003305030 |
| Jones v. State Bd. of Ed. Of & For State of Tenn., 279 F. Supp. 190 | 67+45 | Under White's Ann.Pen.Code 1895, art. 839a, as amended by Act 1899, p. 318, c. 178, which makes nighttime burglary of a private residence a distinct offense from daytime burglary, where an indictment was in two counts, one charging a daytime and the other a nighttime burglary of a private residence, but the proof without controversy showed only a nighttime burglary, it was error to submit the question of daytime burglary. | What is the punishment for daytime burglary? | Burglary - Memo 102 - JS.docx | ROSS-003329753-ROSS-003329754 |
| State v. Jones, 105 N.J. Super. 493 | 67+3 | "Purpose to commit a felony" element of breaking and entering may legally be formed while trespass is in progress, and plan need not be fashioned prior to trespass. Rules Crim.Proc., Rule 11(B)(2); R.C. SS 2911.13, 2911.13(B), 2911.21. | Is breaking and entering a felony? | Burglary - Memo 153 - JS.docx | ROSS-003305058-ROSS-003305059 |
| People v. Hernandez, 2002 WL 1472661 | 110+29(11) | Substantial evidence supported trial court's implied finding that defendant's offenses of vehicle tampering and burglary were independent criminal acts warranting separate punishment; even though defendant's two acts were part of a course of criminal conduct, the one was not incidental to the other, as defendant entered garage, rummaged about car that was in the garage, took from the car and left the garage, and then proceeded to enter an unlocked car that was parked in driveway and rummage about in it. West's Ann.Cal.Penal Code SS 459, 460; West's Ann.Cal.Vehicle Code S 10852. | Are burglary and theft separate acts? | 012756.docx | LEGALEASE-00137414-LEGALEASE-00137416 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| City of Osceola v. Gjellefald Const. Co. of Forest City, 220 Iowa 685 | 302+8(1) | Pleadings should state facts, and not mere conclusions. | Should a good pleading consist of the statement of the ultimate facts? | Pleading - Memo 347 - RMM.docx | ROSS-003290257-ROSS-003290258 |
| Wortham v. State, 5 Ark. App. 161 | 67+41(3) | Where defendant was merely seen inside open door of residence and State made no attempt to show purpose which defendant might have had for being there and did not offer proof of any intent on part of defendant to commit a crime, jury's finding that defendant intended to commit offense of burglary could only have been based upon speculation and conjecture, even though defendant ran when a young girl in house saw him and screamed, and conviction would be reversed. Ark.Stats. S 41-2002. | Is the intent required for burglary subjective? | 012793.docx | LEGALEASE-00138967-LEGALEASE-00138970 |
| United States v. Rodriguez, 790 F.3d 951 | 110+494 | The fact that defendant intentionally shined laser pointer at a helicopter was not, in and of itself, sufficient to support jury finding that he acted with reckless disregard for the safety of human life, as required to support his conviction for attempting to interfere with the safe operation of an aircraft; government's own expert testified that it was impossible for even an experienced laser professional to tell a laser's power merely by observing it and that the general public was unaware that 90 percent of green lasers imported into the United States were stronger than allowed by federal regulations. 18 U.S.C.A. S 32(a)(5), (a)(8). | What is relevant inquiry in finding recklessness? | Disorderly Conduct-Memo 48- GP.docx | ROSS-003317594-ROSS-003317595 |
| Newman v. Newman, 245 A.D.2d 353 | 134+139 | Husband's voluntary discontinuance ended entire divorce action, and, therefore, action could not proceed upon wife's counterclaim. McKinney's CPLR 3217(a), par. 1. | "Where no pleadings have been served, does a plaintiff have the absolute and unconditional right to discontinue an action without seeking judicial permission by serving a notice upon the defendant?" | 038543.docx | LEGALEASE-00139131-LEGALEASE-00139133 |
| United States v. Jefferson, 562 F. Supp. 2d 719 | 372+1017 | Indictment will sufficiently charge violation of honest services wire fraud statute where it alleges that public official intentionally failed to disclose existence of direct interest in matter on which he is passing. 18 U.S.C.A. SS 1343, 1346. | What duties of a public official are breached in bribery? | 011936.docx | LEGALEASE-00139617-LEGALEASE-00139618 |
| Watson v. Goldstein, 176 Minn. 18 | 83E+511 | Title to note may be effectually transferred by oral agreement without indorsement and physical change of possession. Gen.St.1923, S 7092 (M.S.A. S 335.195). | Is physical delivery essential for a valid transfer of title? | Bills and Notes - Memo 571 - RK.docx | LEGALEASE-00029610-LEGALEASE-00029611 |
| Dynalectron Corp. v. Union First Nat. Bank, 488 F. Supp. 868 | 172H+907 | Under Washington D.C. Code, a check drawn payable to two payees whose names are separated by a virgule is payable to the payees in the alternative and, hence, bank was not guilty of negligence and conversion in accepting and crediting such a check on signature of only one of the payees. D.C.C.E. S 28:3-116. | What is a Virgule? | 010259.docx | LEGALEASE-00140111-LEGALEASE-00140112 |
| Plunkett v. Bd. of Pension Comm'rs of City of Hoboken, 113 N.J.L. 230 | 268+200(2) | "Honorable service" is that characterized by or in accordance with principles of honor, and one so serving is scrupulously upright, and shows a fine regard for obligations as to conduct, and honorable service without limit as to time is necessary for recovery of statutory pension by fireman who has honorably served for 20 years. N.J.S.A. 43:16-1. | What is the fundamental purpose of the pensioning of civil servants? | 022776.docx | LEGALEASE-00140532-LEGALEASE-00140533 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Ricketts Const. Co., 441 B.R. 512 | 371+2005 | Virginia courts strictly construe the power to tax. | "In re Ricketts Const. Co., Inc., 441 B.R. 512." | Pretrial Procedure - Memo # 5360 - C - SU.docx | LEGALEASE-00030118- LEGALEASE-00030119 |
| Flex Techs. v. Am. Elec. Power Co., 41 N.E.3d 174 | 230+31.2(1) | Trial court's dismissal of customer's complaint against electric utility, based on exclusive jurisdiction of Public Utilities Commission of Ohio (PUCO) over claim, did not deprive customer of a right to a trial by jury for its claim that power surgescaused equipment damage; prior to the adoption of the state constitution, there was no common law right to a jury trial in a case against a public utility that allegedly violated its service obligation. Const. Art. 1, S 5. | Is the issue under a motion to dismiss for lack of jurisdiction over the subject matter whether any cause of action cognizable by the forum has been raised in the complaint? | 032882.docx | LEGALEASE-00140049- LEGALEASE-00140050 |
| Stephens v. Joyal, 45 Vt. 325 | 307A+68 | A deposition under a citation and caption as in a suit of "A.S. v. M.J., Administratrix," in a case docketed as "A.S. v. J.J.'s Estate," held to be admissible, M.J. being the defendant in fact. | "In the caption of a deposition, must all parties be individually and correctly named?" | 033386.docx | LEGALEASE-00140686- LEGALEASE-00140687 |
| State v. Talbert, 233 N.C. App. 403 | 257A+469(2) | Defendant's second-degree rape conviction, pursuant to statutory section defining second-degree rape as vaginal intercourse with another person who is mentally disabled, mentally incapacitated, or physically helpless, involved the "use of force or threat of serious violence," and thus, defendant's conviction constituted an "aggravated offense," as required to support trial court's order requiring defendant to enroll in lifetime satellite-based monitoring (SBM); defendant was convicted ofraping a physically helpless victim, such that nature of the crime and elements of the offense necessarily involved a threat of future violence against the victim. West's N.C.G.S.A. SS 14-27.3(a)(2), 14- 208.6(1a), 14- 208.40(a). | Is rape under the Uniform Code of Military Justice deemed as a matter of law to be a crime of violence? | Armed Services - Memo 245 - TB.docx | LEGALEASE-00030541- LEGALEASE-00030542 |
| Salmer v. Lathrop, 10 S.D. 216 | 307A+76.1 | It is no ground for exclusion of deposition that after it was taken for plaintiff, and returned in envelope bearing title of the cause, as prescribed by Comp. Laws, S 5292, other persons were, by amendment, made plaintiffs; the issues not being materially changed or defendant prejudiced thereby. | Does return on a deposition envelope serve the purpose to preserve the purity of the return? | Pretrial Procedure - Memo # 5460 - C - TM.docx | LEGALEASE-00031317- LEGALEASE-00031318 |
| Cleveland Raceways v. Bowers, 163 N.E.2d 73 | 371+2005 | The power to tax is the power to destroy. | Is the power to tax the power to destroy? | Taxation - Memo # 594 - C - NS.docx | ROSS-003316725-ROSS- 003316726 |
| Severstal U.S. Holdings v. RG Steel, 865 F. Supp. 2d 430 | 25T+114 | Under the Federal Arbitration Act (FAA), courts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms. 9 U.S.C.A. S 1 et seq. | Do courts presume arbitrability when the agreement does not direct how dual-natured claims must be asserted? | Alternative Dispute Resolution - Memo 606 - RK.docx | ROSS-003287018-ROSS- 003287019 |
| United States v. Bordallo, 857 F.2d 519 | 63+1(2) | Guam is not "state" for purposes of bribery statute applicable to agent of state agency. 18 U.S.C.A. S 666. | Do bribery statutes apply to non-states? | 011211.docx | LEGALEASE-00142384- LEGALEASE-00142385 |
| United States v. McElroy, 910 F.2d 1016 | 63+1(2) | Under federal bank bribery statute prohibiting acts done "corruptly," motive to act corruptly is ordinarily hope or expectation of either financial gain or other benefit to oneself or some profit or benefit to another. 18 U.S.C.A. S 215(a). | What does corruptly mean? | Bribery - Memo #246 - C- EB.docx | ROSS-003301591-ROSS- 003301592 |
| Berdick v. Costilla, 97 So. 3d 316 | 30+3284 | Appellate court reviews de novo the final judgment of dismissal for failure to state a cause of action. | Is the purpose of a motion to dismiss for failure to state a cause of action and to test the legal sufficiency of a complaint? | 033863.docx | LEGALEASE-00143548- LEGALEASE-00143549 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wyoming State Tax Comm'n v. BHP Petroleum Co. Inc., 856 P.2d 428 | 260+87 | Statute dealing with liability for taxes on product removed was intended to relieve mineral owner lessor from tax lien that arises when lessee of land has failed to pay ad valorem taxes on production from land; language of statute protects lessors of mineral production land from tax liens when their lessees do not properly pay tax assessed to them. W.S.1977, S 39-3-101(d). | "Is an ad valorem tax, a tax on production?" | 045572.docx | LEGALEASE-00142252-LEGALEASE-00142253 |
| Pfeiffer v. State, 226 Ark. 825 | 83+72 | The state of Arkansas has no authority to levy a tax on property while it is being transported in interstate commerce. U.S.C.A.Const. art. 1, S 8, cl. 3. | Is there a material distinction between excise tax which has been defined to be a tax imposed upon the performance of an act and that of a property tax ordinarily computed upon valuation and levied either where the property is situated or at the owner's domicile? | Taxation - Memo # 740 - C - UG.docx | ROSS-003290268-ROSS-003290269 |
| Peck v. Safway Steel Prod., 262 Va. 522 | 413+2166 | Subcontractor that provided and installed scaffolding from which worker for general contractor fell and was killed was not "other party" within meaning of exception to exclusivity provision of workers' compensation statute, where subcontractor did not merely deliver materials or equipment to job site but provided over 5,000 man-hours of labor in installing scaffolding. Code 1950, SS 65.2-307, 65.2-309, subd. A. | Are the rights and remedies provided in the Workers Compensation Act exclusive of all other rights and remedies of an employee or his estate at common law or otherwise? | 048151.docx | LEGALEASE-00142134-LEGALEASE-00142135 |
| United States v. Giggey, 501 F. Supp. 2d 237 | 350H+1285 | Arson defendant's two previous state burglary convictions were crimes of violence making him a career offender, more than doubling his prison range, even though one of the prior offenses was the burglary of a garage, for which he received only 90 days in a county jail, and the second was a burglary of a redemption center, for which he received only four months in jail. 28 U.S.C.A. S 994(h); U.S.S.G. S 4B1.2, 18 U.S.C.A. | Is burglary of a non-dwelling a crime of violence? | Burglary - Memo 233 - SB.docx | ROSS-003314291-ROSS-003314293 |
| Swaim v. Stephens Prod. Co., 359 Ark. 190 | 405+1493 | Owners of property adjacent to river, as riparian owners, became owners of additional land formed by accretion, which ownership encompassed both the surface and mineral rights. West's A.C.A. S 22-5-404. | Is a mineral estate subject to accretion? | Mines and Minerals - Memo #179 - C - EB.docx | ROSS-003288909-ROSS-003288910 |
| Christian v. Counseling Res. Assocs., 60 A.3d 1083 | 30+3631 | The Supreme Court reviews a trial court's decision refusing to modify a trial scheduling order for abuse of discretion. | Does parties who ignore or extend scheduling deadlines without promptly consulting the trial court do so at their own risk? | 033546.docx | LEGALEASE-00143643-LEGALEASE-00143644 |
| In re M.W., 181 So. 3d 1263 | 17+251 | Unsworn statements made by mother's counsel during case management conference, indicating that mother was not permitted to see her child until she signed paperwork consenting to adoption, was not a sufficient evidentiary basis to support finding that mother committed fraud on the court, and thus trial court improperly denied mother's motion to withdraw consent to adoption as a sanction for the alleged fraud, although adoption agency representatives attested that mother spent considerable time with her child before executing consent form; neither mother nor her subsequent counsel made any assertions regarding mother's inability to see child prior to consenting to adoption, and there was no evidence that counsel made the statements in reliance on information received from mother. | Does fraud on the court occur where it can be demonstrated that a party has sentiently set in motion some unconscionable scheme? | Pretrial Procedure - Memo # 6746 - C - DA.docx | ROSS-003289828-ROSS-003289829 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Middleton v. Hager, 179 So. 3d 529 | 307A+563 | Trial court did not abuse its discretion in rejecting conclusion of magistrate, to whom court referred motorist's motion to dismiss for fraud upon the court, that vehicle passenger's numerous affirmative lies and misrepresentations fell "just short" of establishing a deliberate scheme to subvert the judicial process, and thus properly granted motion and dismissal of action against motorist in connection with a rear-end collision with prejudice; court determined that magistrate's findings were supported by competent substantial evidence, and findings were clear that passenger lied under oath on several occasions about her involvement in a prior automobile collision and her treatment for injuries, which were substantially the same as those allegedly suffered in instant case. West's F.S.A. RCP Rule 1.490. | "Because dismissal for fraud upon the court sounds the death knell of the lawsuit, should courts reserve such strong medicine for instances where the defaulting party's misconduct is correspondingly egregious?" | 034473.docx | LEGALEASE-00143929-LEGALEASE-00143930 |
| Rocka Fuerta Const. Inc. v. Southwick, 103 So. 3d 1022 | 30+80(3) | Contractor's appeal from trial court's award of attorney fees and costs to corporation under statute authorizing such an award as a sanction for raising unsupported claims or defenses was premature, where trial court's order, which also dismissed contractor's lawsuit against corporation, made no determination of the amount of fees to be imposed as a sanction. West's F.S.A. S 57.105. | "Should the extreme sanction of a dismissal be imposed only where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme?" | Pretrial Procedure - Memo # 6879 - C - SU.docx | LEGALEASE-00034585-LEGALEASE-00034586 |
| Montgomery Cty. v. Maryland Econ. Dev. Corp., 204 Md. App. 282 | 371+2218 | Maryland Economic Development Corporation (MEDCO) was not exempt from recordation tax imposed on deed of trust transferring security interest in real property from MEDCO to bank, pursuant to statute providing that MEDCO was exempt from payment of taxes imposed on its real property and activities and taxes imposed on the income from those properties or activities, where agreement between MEDCO and bank made MEDCO responsible for payment of recordation tax; recordation tax was not a tax imposed on MEDCO's properties or activities or the revenues therefrom, but instead was an excise tax imposed upon the privilege of recording the deed of trust, which MEDCO had agreed to pay but which MEDCO even though it was not obligated to pay. West's Ann.Md.Code, Economic Development, S 10-129; West's Ann.Md.Code, Tax-Property, S 12-111. | "What is a ""property tax""?" | Taxation - Memo # 730 - C - NS.docx | ROSS-003289809-ROSS-003289810 |
| Lahti v. Fosterling, 357 Mich. 578 | 413+62 | The 1955 Amendment of the Workmen's Compensation Law eliminating restriction limiting medical benefits to four six-month periods is retrospective, and the Legislature intended the amendment to be applicable to an existing award entered prior to effective date of amendment, and intended to allow, on proper application and proofs, additional medical benefits even though all previous benefit periods had been exhausted. Comp.Laws Supp. 1954, S 412.4. | Does the subject matter of workmens compensation repose within the control of the legislature? | Workers Compensation - Memo #421 ANC.docx | LEGALEASE-00034804-LEGALEASE-00034805 |
| United States v. Orenuga, 430 F.3d 1158 | 63+3 | Possible lawful and proper performance of act by public official had there been no bribe was not defense to crime of bribery. 18 U.S.C.A. S 201(b)(2)(A). | Is taking or agreeing to take money for a promise to act in a certain way solely sufficient to constitute crime of bribery? | 012287.docx | LEGALEASE-00145366-LEGALEASE-00145367 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Rooney, 37 F.3d 847 | 110+1186.1 | Defendant's convictions of making false statement and concealing material fact in a submission to government had to be vacated upon invalidation of joined count for corruptly soliciting thing of value intending to be influenced in connection with federally funded project, upon which defendant was also convicted, where prosecution's depiction of defendant vis-a-vis his dealings with contractor on real estate development had decidedly pejorative connotation that was of sort to arouse jury, such evidence was unrelated to making false statement counts, prosecution encouraged jury to consider evidence on corrupt solicitation count as bearing on defendant's culpability on false statement counts, and government's case on false statement counts was not overwhelming. 18 U.S.C.A. SS 666(a)(1)(B), 1001. | What is the fundamental component of a corrupt act under bribery statute? | 012297.docx | LEGALEASE-00145409-LEGALEASE-00145410 |
| Skilling v. United States, 561 U.S. 358 | 372+1014(10) | Congress intended the honest services fraud statute to reach at least bribes and kickbacks. 18 U.S.C.A. S 1346. | Does honest-service fraud statute criminalize any conducts other than bribe and kickback? | 012301.docx | LEGALEASE-00145579-LEGALEASE-00145580 |
| State v. Office of Pub. Def. ex rel. Muqqddin, 285 P.3d 622 | 67+9(2) | Defendant's act of penetrating van's gas tank with a nail did not constitute an "entry," for purposes of burglary statute; abrogating, State v. Rodriguez, 101 N.M. 192, 679 P.2d 1290, State v. Gonzales, 145 N.M. 110, 194 P.3d 725. West's NMSA S 30-16-3. | Is burglary an offense against the security of a building? | Burglary - Memo 208 - JS.docx | ROSS-003288972-ROSS-003288975 |
| Prudhomme v. Imperial Fire & Cas. Ins. Co., 671 So. 2d 1116 | 217+2695 | Whether person is or is not resident of household, for purposes of coverage under automobile insurance policy covering relatives who are residents of insured's household, is question of law as well as fact that is to be determined from all facts of each case. | "Is the principal test, physical presence with the intention to continue living at a place although residency is dependent on the facts of each case?" | 014506.docx | LEGALEASE-00145907-LEGALEASE-00145908 |
| Kuklies v. Reinert, 256 S.W.2d 435 | 322H+65 | A deed will not be declared void for uncertainty of description if it is possible by any rules of construction to ascertain from description, aided by extrinsic evidence, what property it is intended to convey, and it is sufficient if description points out and indicates the premises so that by applying description to land involved it can be found and identified, particularly where party dealing with the land knew its location within a larger tract of which it is a part. | Are oil and gas in place under land regarded as real estate and conveyances thereof subject to the same rules governing the conveyance of real estate? | Mines and Minerals - Memo #240 - C - CSS.docx | ROSS-003287549-ROSS-003287550 |
| Annexation Ordinance F-2008-15 v. City of Evansville, 955 N.E.2d 769 | 307A+552 | When a dispositive issue in a case has been resolved in such a way as to render it unnecessary to decide the question involved, the case will be dismissed. | Will a case be dismissed as moot when a dispositive issue in a case has been resolved? | Pretrial Procedure - Memo # 6887 - C - KA.docx | LEGALEASE-00035519-LEGALEASE-00035520 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Perkins v. Caldwell, 363 S.W.3d 149 | 268+159(6) | Despite former alderman's impeachment and removal, she would no longer be occupying her elected position of alderman, and thus, her claim that she was entitled to reinstatement as alderman because the trial court erred in upholding board of aldermen's impeachment and removal of former alderman from her office, and that the board should have disqualified mayor and allowed former alderman to question the board as to any bias or prejudgment it may have had against her, were moot; expiration of former alderman's term of office made the relief sought impossible, and to reinstate alderman would have required ousting the present duly elected office holder. V.A.M.S. S 536.063(3). | Will a case be moot and dismissed if an event occurs that makes a court's decision unnecessary? | 035391.docx | LEGALEASE-00145659-LEGALEASE-00145660 |
| Santorso v. Bristol Hosp., 2010 WL 1545785 | 241+130(10) | Patient's first medical malpractice action, in which the patient's complaint was struck due to his counsel's failure to file the statutorily required good faith certificate and an opinion letter from a similar health care provider, failed due to a "matter of form" within meaning of savings statute. Thus, the savings statute allowed the patient's widow to file a new malpractice action within one year after the determination of the first action. The decision from patient's first suit was not on the merits. Further, the hospital was not unduly prejudiced by the actions of the patient's attorney. C.G.S.A. SS 52-190a(a), 52-592(a). | "Do ""disciplinary dismissals,"" for savings statute purposes refer to cases dismissed for a variety of punitive reasons?" | 035475.docx | LEGALEASE-00145963-LEGALEASE-00145964 |
| Grove Isle Ass'n v. Grove Isle Assocs., LLLP, 137 So. 3d 1081 | 241+180(7) | Date of accrual of condominium association's unjust enrichment claims arising out of condominium unit owners' payment of maintenance costs for facilities outside the condominium, as provided in declaration of condominium, and their payment of club membership fees and dues allegedly prohibited by the declaration, could not be determined from the four corners of the complaint, and thus trial court could not dismiss the claims on the basis of the four-year statute of limitations; complaint did not allege when unit owners began making such payments. West's F.S.A. S 95.11(3)(p). | Would it be appropriate if the allegations of the complaint negate the plaintiff's ability to allege facts in avoidance of the defense by way of reply or dismissal? | Pretrial Procedure - Memo # 7935 - C - NS.docx | ROSS-003304951-ROSS-003304952 |
| Pinghua Zhao v. Montoya, 329 P.3d 676 | 92+3562 | New Mexico's property tax system did not violate the equal protection clauses of the state and federal constitutions on the basis it carved out unequal treatment for property that had recently been sold, because it furthered legitimate state interests in fostering neighborhood preservation and stability by permitting older owners to pay progressively less in taxes than new owners, and was part of a systematic and definite plan to provide that all similar properties be valued in a like manner; new homeowners were treated differently from old homeowners when their properties were assessed at their current and correct value for the year in which their property taxation was being determined, but from that point forward enjoyed the benefit of a 3% valuation limitation on residential property. U.S.C.A. Const.Amend. 14; West's NMSA Const. Art. 8, S 1(A); West's NMSA S 7-36-21.2. | Can the state's power of taxation be exercised without let or hindrance? | 045815.docx | LEGALEASE-00146164-LEGALEASE-00146165 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Brien, 128 B.R. 220 | 163+37 | Under Wisconsin law, worker's widow had direct entitlement to workers' compensation claim settlement that expert testified was death benefit claim, and benefits received by widow were accordingly exempt from claims of widow's bankruptcy trustee and from claims of hospital which had treated worker. W.S.A. 102.27(1), 102.46, 102.47, 102.51. | When does the rights and benefits under workers compensation act said to exist? | Workers Compensation - Memo #497 ANC.docx | ROSS-003300456-ROSS-003300457 |
| Nw. Nat. Ins. Co. v. Crockett, 857 S.W.2d 757 | 83E+482 | Nonnegotiable note is nevertheless susceptible of assignment. | Is a non-negotiablenote susceptible of assignment? | 10753.docx | LEGALEASE-00094767-LEGALEASE-00094768 |
| United States v. Rooney, 37 F.3d 847 | 110+1186.1 | Defendant's convictions of making false statement and concealing material fact in a submission to government had to be vacated upon invalidation of joined count for corruptly soliciting thing of value intending to be influenced in connection with federally funded project, upon which defendant was also convicted, where prosecution's depiction of defendant vis-a-vis his dealings with contractor on real estate development had decidedly pejorative connotation that was of sort to arouse jury, such evidence was unrelated to making false statement counts, prosecution encouraged jury to consider evidence on corrupt solicitation count as bearing on defendant's culpability on false statement counts, and government's case on false statement counts was not overwhelming. 18 U.S.C.A. SS 666(a)(1)(B), 1001. | Is breach of official duty a component of a corrupt act under bribery statute? | 012378.docx | LEGALEASE-00147737-LEGALEASE-00147738 |
| United States v. O'Donnell, 510 F.2d 1190 | 110+113 | Where statute under which defendant was charged did not prescribe venue for offense, it was necessary to determine from other sources the place where the statutory offense must be deemed to have been committed. 18 U.S.C.A. S 1503; Fed.Rules Crim.Proc. rules 21, 21(b), 18 U.S.C.A.; U.S.C.A.Const. art. 3, S 2, cl. 3; Amend. 6. | "Will any offense be committed under bribery statute, if the actual giving of money or other thing of value is absent?" | 012383.docx | LEGALEASE-00147742-LEGALEASE-00147743 |
| State v. Lambert, 263 Or. App. 683 | 67+4 | Tent used at municipal water testing site was a "building," as element of second degree burglary, since tent had been adapted for use as municipal water bureau's place of business; in order to make the tent suitable for use as a testing facility, bureau employees brought in large equipment that was too heavy to easily move about bureau property, they also set up a work bench, and smaller tools and equipment would typically be brought into the tent while employees were conducting tests. West's Or.Rev. Stat. Ann. S 164.215. | Is a tent a building under burglary law? | Burglary - Memo 251 - SB_57629.docx | ROSS-003280383-ROSS-003280384 |
| Smith v. Davidson, 58 So. 3d 177 | 307A+690 | The decision whether to enter an involuntary dismissal is within the sound discretion of the trial court, and such a dismissal will be reversed on appeal only if the trial court exceeded its discretion; however, because dismissal with prejudice is a drastic sanction, it should be applied only in extreme situations. Rules Civ.Proc., Rule 41(b). | "For purposes of involuntary dismissal due to willful default or noncompliance with court orders is ""willful"" default or conduct a conscious or intentional failure to act?" | 10900.docx | LEGALEASE-00094832-LEGALEASE-00094833 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bird v. Shearson Lehman/Am. Exp., 926 F.2d 116 | 25T+412 | Federal Arbitration Act required enforcement of pension plan's arbitration agreement with brokerage firm, although plan claimed firm breached fiduciary duties under ERISA. Employee Retirement Income Security Act of 1974, S 2 et seq., 29 U.S.C.A. S 1001 et seq.; 9 U.S.C.A. S 1 et seq. | When are beneficiaries bound by a principal's agreement to arbitrate? | 007858.docx | LEGALEASE-00148895-LEGALEASE-00148896 |
| United States v. Jones, 386 F.2d 427 | 34+20.6(6) | Congress intended to provide ministerial exemption for leaders of religious faiths but not for members generally, whatever may be their title within their sects. Universal Military Training and Service Act, S 16(g) (1), 50 U.S.C.A. App. S 466(g) (1). | Is exemption from the armed service for ministers extended only to leaders of various faiths and not to members generally? | Armed Services - Memo 312 - RK.docx | LEGALEASE-00037946-LEGALEASE-00037947 |
| Sibley v. Phelps, 60 Mass. 172 | 8.30E+57 | Negotiability is not an essential element of a note. | Is negotiability an essential ability of a promissory note? | Bills and Notes- Memo 643-IS_58214.docx | ROSS-003280503-ROSS-003280504 |
| Jerstad v. Warren, 73 Or. App. 387 | 83E+402 | Negotiation is not the only form of transfer of a promissory note. | Whether negotiation is one form of transfer? | Bills and Notes- Memo 670-PR_57901.doc | ROSS-003323630 |
| Kelly v. State, 191 Ark. 674 | 67+42(1) | Evidence that some one broke and entered chicken house at night and stole therefrom chickens worth $12, and that some of chickens were subsequently recovered from witness who testified that he bought them from defendant held to sustain conviction for burglary (Acts 1921, p. 70, S 2). | Is boat or vessel a subject of burglary? | 013032.docx | LEGALEASE-00148802-LEGALEASE-00148803 |
| Turner v. Com., 33 Va. App. 88 | 67+7 | Defendant's acts in breaking and entering trailer home occupied by his estranged wife, accompanied by defendant's requisite unlawful intent, offended wife's right of habitation and constituted burglary, notwithstanding his joint ownership of that home, which was their former marital residence; defendant's proprietary interest was relegated to wife's superior possessory interest and right to exclusive habitation, as wife enjoyed sole occupancy of home following her separation from defendant one year earlier, with defendant continuously residing elsewhere, and as result of his post-separation assault on wife, defendant had been ordered by court to have no contact with her, which restriction clearly precluded his habitation of home. Code 1950, SS 18.2-90, 18.2-91. | Do burglary statutes protect the right of habitation? | 013036.docx | LEGALEASE-00148804-LEGALEASE-00148805 |
| Sexual Minorities Uganda v. Lively, 960 F. Supp. 2d 304 | 24+766 | Complaint in action alleging that defendant, an American citizen, violated the law of nations and conspired to persecute the lesbian, gay, bisexual, transgender, and intersex (LGBTI) community in Uganda, sufficiently set out actionable conduct undertaken by defendant in the United States to establish jurisdiction under the Alien Tort Statute (ATS). 28 U.S.C.A. S 1350. | Is a citizen liable for violation of a treaty? | Neutrality Laws - Memo 8 - ANM_58001.docx | ROSS-003279710 |
| Wilkerson v. Buras, 152 So. 3d 969 | 30+4174 | Although the trial court erred when it failed to order the sheriff to serve parents with notice of the dismissal of their wrongful death complaint based on abandonment, the error was harmless; parents received notice of the dismissal, and they were not denied judicial review of the dismissal. LSA-C.C.P. art. 561(A)(3). | Is a dismissal warranted if the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit? | Pretrial Procedure - Memo # 8015 - C - CK_58370.docx | ROSS-003312141-ROSS-003312142 |
| Frady v. Irvin, 245 Ga. 307 | 308+176 | Ratification once made may not be revoked. Code, S 4-303. | Can ratification by the principal be revoked? | Principal and Agent - Memo 132 - KC.docx | LEGALEASE-00038750-LEGALEASE-00038751 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| S. Nat. Life Realty Corp. v. People's Bank of Bardstown, 178 Ky. 80 | 309+115(1) | Negotiable Instruments Act, S 58, in view of sections 29, 52, 119, 120, and 191, held not to affect defense of sureties on note that payee, in whose hands it remained, surrendered collateral deposited by principal maker. | Is Negotiable Instruments Act a codification of common law? | Bills and Notes -Memo 620 -DB.docx | LEGALEASE-00038930-LEGALEASE-00038931 |
| Mason v. Metcalf, 63 Tenn. 440 | 8.30E+56 | A promise in writing to refund a sum of money received from another, upon condition that a certain receipt be produced, is not a promissory note, and where judgment was rendered thereon for the holder by a magistrate, from which the other party appealed, it was error in the circuit court to render judgment against the sureties on the appeal bond for the amount of the justice's judgment, damages and costs as provided by S 3162 of the Code, although the penalty in the bond was in double that amount, and conditioned to comply with and perform the judgment of the circuit court. The judgment against the sureties should have been for damages and costs only under S 3163 of the Code. | Does a promissory note have to be unconditional? | Bills and Notes- Memo 724-PR_58228.docx | ROSS-003308746 |
| People v. Losinger, 63 Misc. 2d 577 | 129+111 | Where defendants in staging anti-Vietnam war skits in presence of Christmas shopping crowds did not directly affect vehicular traffic and there was no violence or threat of violence on part of either defendants or onlooking crowds, defendants were properly exercising their rights under First Amendment of United States Constitution. U.S.C.A.Const. Amend. 1. | Can convictions be sustained when the defendants laid down on the streets or jumped police barricades to block traffic? | 014440.docx | LEGALEASE-00149549-LEGALEASE-00149550 |
| Davis v. Parris, 289 Ga. 201 | 409+62 | The law in effect when husband and wife allegedly made contract not to revoke joint will, not probate code that was enacted many years after execution of joint will, would be applied to determine whether a contract actually existed. West's Ga.Code Ann. S 53-1-1. | "Even if a joint and mutual will is technically revoked, can the interested parties have an action on the underlying contract not to revoke and obtain the remedy of specific performance?" | 018352.docx | LEGALEASE-00149575-LEGALEASE-00149576 |
| United States v. Curtiss-Wright Exp. Corp., 14 F. Supp. 230 | 402+1324 | Absence of a proviso in joint resolution declaring unlawful the sale of arms or munitions of war in United States if the President, under certain conditions, makes proclamation to that effect, preserving right to prosecute after expiration of resolution and proclamation for offenses committed before expiration held not to prevent such prosecution, in view of statute declaring repeal of statute shall not have effect of extinguishing any liability incurred under such statute in absence of express provision. Joint Resolution May 28, 1934, 48 Stat. 811; Proclamation of May 28, 1934, 48 Stat. 1744; 1 U.S.C.A. S 29. | Can a punishment be inflicted after the expiration of a law? | Neutrality Laws - Memo 13 - RK_58646.docx | ROSS-003282045 |
| United States v. Curtiss-Wright Exp. Corp., 14 F. Supp. 230 | 402+1324 | Absence of a proviso in joint resolution declaring unlawful the sale of arms or munitions of war in United States if the President, under certain conditions, makes proclamation to that effect, preserving right to prosecute after expiration of resolution and proclamation for offenses committed before expiration held not to prevent such prosecution, in view of statute declaring repeal of statute shall not have effect of extinguishing any liability incurred under such statute in absence of express provision. Joint Resolution May 28, 1934, 48 Stat. 811; Proclamation of May 28, 1934, 48 Stat. 1744; 1 U.S.C.A. S 29. | Can penalties be inflicted after expiration of a law? | 021714.docx | LEGALEASE-00149818-LEGALEASE-00149819 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Naccari v. Namer, 809 So. 2d 1157 | 13+70 | Any formal discovery served on all parties constitutes a step in the prosecution or defense of an action sufficient to interrupt abandonment, regardless of whether it is filed in the record. LSA-C.C.P. art. 561. | Should it be certain that the claim is not being seriously pursued before an action can be dismissed as abandoned? | 036576.docx | LEGALEASE-00149493-LEGALEASE-00149494 |
| Hardesty v. Cabotage, 1 Ohio St. 3d 114 | 241+127(5) | Plaintiffs' amended malpractice complaint brought against defendant hospital related back to date of original complaint despite dismissal of original complaint where plaintiffs filed motion to amend complaint prior to dismissal of original complaint, trial court took no action at all upon the motion to amend, claim asserted in amended complaint was identical to original pleading and related to the same conduct, transactions or occurrences therein, and where defendant hospital had received actual notice of the action prior to tolling of statute of limitations. Rules Civ.Proc., Rule 15(C); R.C. S 2305.11. | "Is the spirit of the rules of civil procedure the resolution of cases upon their merits, not upon pleading deficiencies?" | 036742.docx | LEGALEASE-00150041-LEGALEASE-00150042 |
| People v. Moore, 285 A.D.2d 827 | 352H+288 | Where defendant did not snatch pocketbook of complaining witness nor accost her nor attempt to rob her, but rather seized her by the throat and dragged her to a place of concealment and tried to overcome her resistance by force and where he did not desist when she fought him off and kept mauling her when she hit him with the few things she had at hand, intent to commit rape was inferred from defendant's conduct, even though initial assault took place in daylight and on public street. S.H.A. ch. 38, SS 4-4, 8-4(a). | Does an intent to commit rape need to be expressed? | Sex Offence - Memo 126 - RK.docx | LEGALEASE-00039652-LEGALEASE-00039653 |
| Lane Cty. v. State of Oregon, 74 U.S. 71 | 371+2761 | Taxes imposed by a state government on the people of the state are not "debts" within the meaning of the legal tender acts. | Should liabilities for taxes be treated as debts? | 045899.docx | LEGALEASE-00149990-LEGALEASE-00149991 |
| People v. Old Second Nat. Bank, 347 Ill. 640 | 371+2850 | Taxes are not contractual obligations; remedy for collection being action of debt, not common counts. S.H.A. ch. 120, S 557. | Are taxes contractual obligations? | 045915.docx | LEGALEASE-00149313-LEGALEASE-00149314 |
| Jennings v. Bd. of Sup'rs of Northumberland Cty., 281 Va. 511 | 414+1032 | County had zoning authority over portion of propose marina construction which extended into bay tributary beyond its mean low-water mark and into the Commonwealth's tidal, navigable waters; statute provided that county's authority "shall embrace all wharves, piers, docks and other structures erected along the waterfront of such locality" and extending into bay and its tidal tributaries, and county had concurrent authority with Virginia Marine Resources Commission (VMRC) to regulate the construction of piers upon state-owned bottomlands where the pier was also "erected along the waterfront of such locality." West's V.C.A. SS 15.2-3105, 28.2-1200, 28.2-1202(A). | Are a locality's zoning powers fixed by statute? | 048838.docx | LEGALEASE-00149309-LEGALEASE-00149310 |
| Perry v. Lockert, 414 F. Supp. 169 | 309+175 | Under Tennessee law, a compensated surety, as opposed to accommodation surety, in absence of an indemnity agreement or controlling statute may not recover from its principal the expenses which it incurs in defending a suit brought by an obligee against the principal and surety as codefendants, unless it has first satisfied some portion of principal's obligation. | Can an accommodation indorser recover from the maker? | 009694.docx | LEGALEASE-00150406-LEGALEASE-00150407 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Zdrowski v. Rieck, 119 F.Supp.3d 643 | 141E+893 | Mother's federal and state disability rights claims arising from school district's alleged failure to test student for autism and to refer student, who was eventually diagnosed with autism spectrum disorder, to special education fell within district's "child find" obligations under IDEA, and thus mother's claims were subject to IDEA's exhaustion requirement, even though she did not specifically include IDEA claim in her complaint. Individuals with Disabilities Education Act, S 615(I ), 20 U.S.C.A. S 1415(I ); 34 C.F.R. SS 104.32, 104.35. | Does a child with a disability receive a functional behavioral assessment under IDEA? | Education - Memo #115 - C -  BR_58732.docx | ROSS-003297778-ROSS-003297779 |
| W. Kendall Holdings v. Downrite Eng'g Corp., 112 So. 3d 614 | 30+3281 | A dismissal order is reviewed de novo, and the allegations of the complaint are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff. | "Is the test on a motion to dismiss not whether the plaintiff can prevail at trial, but whether the complaint states a cause of action?" | 036986.docx | LEGALEASE-00150324-LEGALEASE-00150325 |
| Doe 30's Mother v. Bradley, 58 A.3d 42 | 307A+681 | Generally, the universe of facts considered in a motion to dismiss are those plead within the confines of the complaint; however, parties may submit matters outside the pleading when presenting or opposing a motion to dismiss. Superior Court Civil Rule 12(b). | Is a complaint well-pled if it puts the opposing party on notice of the claim being brought against it? | 036987.docx | LEGALEASE-00150332-LEGALEASE-00150333 |
| Keller v. Beckenstein, 122 Conn. App. 438 | 249+34 | For a vexatious litigation claim to be ripe for adjudication, the party must allege, among other facts, that the allegedly vexatious litigation has terminated in its favor. | "In deciding a jurisdiction question raised by a pretrial motion to dismiss, should a court take the facts to be those alleged in the complaint?" | 037276.docx | LEGALEASE-00150768-LEGALEASE-00150769 |
| Brandon v. Hines, 439 A.2d 496 | 25T+354 | However an arbitration proceeding may have begun, whether with or without court participation, once an arbitration tribunal has rendered award, winning party may ask the court to confirm the award and enter judgment accordingly. | Can a party revoke a submission made under a rule of court? | 007947.docx | LEGALEASE-00151410-LEGALEASE-00151411 |
| U.S. Fid. & Guar. Co. v. Peoples Nat. Bank of Kewanee, 24 Ill. App. 2d 275 | 205H+75 | Payment of draft by drawer-drawee without discovering that the endorsements of two of the named payees were missing and failure of drawer-drawee to notify cashing bank for a period of six months of the missing endorsements did not constitute such negligence as would preclude recovery by drawer-drawee from cashing bank, where drawer-drawee properly advised cashing bank upon discovery of missing endorsements and drawer-drawee's failure to discover the missing endorsements did not in the first instance induce bank to cash draft and such failure did not result in change of position by cashing bank to its detriment. S.H.A. ch. 26, S 3-116. | Is forged endorsement result of an error in the identification of the payee? | Bills and Notes - Memo 812-PR_59307.docx | ROSS-003281371-ROSS-003281372 |
| Hall v. Burton, 29 Ill. 321 | 8.30E+298 | A note made payable to the order of the maker becomes, by his indorsement and delivery, like a note made to the order of any other person. | When does a note become fully invested with the attributes of the instruments? | Bills and Notes-Memo 1146-PR_59412.docx | ROSS-003293637 |
| Hall v. Burton, 29 Ill. 321 | 8.30E+298 | A note made payable to the order of the maker becomes, by his indorsement and delivery, like a note made to the order of any other person. | When does a note become subject to all of its incidents? | Bills and Notes-Memo 1151-PR_59416.docx | ROSS-003325970 |
| McKindly v. Dunham, 55 Wis. 515 | 308+105(4) | An agent who merely solicits orders for goods, and forwards them to his principal to be filled, has no implied authority to receive payment therefor. | Is a principal responsible for an agents act if he justified the party dealing with the agent in believing that he has given the agent authority? | Principal and Agent - Memo 187 - KC.docx | LEGALEASE-00041126-LEGALEASE-00041128 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Everdell v. Carrington, 154 A.D. 500 | 308+147(2) | A person dealing with an agent is bound at his peril to inquire and ascertain the extent of the agent's authority. | "Should a party dealing with an agent, abide by the consequences if he transcends them?" | Principal and Agent - Memo 194 - KC_59475.docx | ROSS-003296701-ROSS-003296702 |
| Marzano v. Proficio Mortg. Ventures, 942 F. Supp. 2d 781 | 25T+200 | Threshold questions of substantive arbitrability which a court may properly decide include: (1) whether the parties are bound by a given arbitration agreement, and (2) whether an arbitration clause in a binding contract applies to a particular type of controversy. 9 U.S.C.A. S 1 et seq. | Can the district courts enforce arbitration clauses sua sponte? | 007976.docx | LEGALEASE-00151439-LEGALEASE-00151440 |
| Davis v. Miller, 88 Iowa 114 | 401+7.5(4) | Code, 1873, S 2586 (I.C.A. S 616.17), provides that, with certain exceptions, personal actions must be brought in a county wherein some of the defendants actually reside. Section 2581 (I.C.A. S 616.7) provides that, when a written contract is to be performed in any particular place, action for a breach thereof may be brought in the county wherein such place is situated. Held, that the blank indorsement of a note payable at a particular place does not require the indorser to pay at that place, and unless, therefore, he is a resident of the county, no action can be brought against him therein. | Does the law where the contract took place govern the liability of the indorser? | 010014.docx | LEGALEASE-00151774-LEGALEASE-00151776 |
| Reagan v. City of Newport, 43 A.3d 33 | 200+79.1 | Abandonment statute was exclusive manner by which city could abandon public highway that was no longer being used as highway. Gen.Laws 1956, S 24-6-1(a). | Can a town abandon its obligation to maintain a right-of-way? | Highways - Memo 306 - RK_59599.docx | ROSS-003296183-ROSS-003296184 |
| United States v. Lue, 134 F.3d 79 | 24+102 | State or local laws that disadvantage aliens are presumptively invalid under equal protection clause, while federal laws doing same are accorded substantial deference. U.S.C.A. Const.Amends. 5, 14. | Can distinctions between citizens and aliens justify attributes and benefits for one class not accorded to the other? | 006878.docx | LEGALEASE-00152556-LEGALEASE-00152557 |
| Parkinson v. Finch, 45 Ind. 122 | 8.30E+173 | A person who signs a note purporting to be negotiable and payable at a bank in Indiana, in an action brought by a bona fide holder, is not estopped from showing that there was no such bank as the one described in the note. | Is it necessary for a note to be paid in chartered bank? | 009684.docx | LEGALEASE-00152394-LEGALEASE-00152395 |
| Jerstad v. Warren, 73 Or. App. 387 | 83E+402 | Negotiation is not the only form of transfer of a promissory note. | Is negotiation the only form of transfer? | 009725.docx | LEGALEASE-00152570-LEGALEASE-00152571 |
| Farmers' & Traders' Bank v. Laird, 188 Mo. App. 322 | 8.30E+266 | An agreement to renew a note is not void for uncertainty because it does not state how many renewals there may be or for how long. | What happens when an agreement does not state the number of renewals? | 010344.docx | LEGALEASE-00152390-LEGALEASE-00152391 |
| Wilcox v. Commerce Bank, 55 F.R.D. 134 | 170A+182.5 | Class action was not superior to other available methods for fair and efficient adjudication of controversy with respect to whether bank which issued credit cards to three individual plaintiffs made inadequate disclosure of finance charges in violation of Truth in Lending Act; accordingly, action was not maintainable as class action. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq.; Fed.Rules Civ.Proc. rule 23(a, b), (b) (3), (c) (1), (2), 28 U.S.C.A. | Is the Truth in Lending Act be liberally construed? | 013687.docx | LEGALEASE-00152063-LEGALEASE-00152064 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wilcox v. Commerce Bank, 55 F.R.D. 134 | 170A+182.5 | Class action was not superior to other available methods for fair and efficient adjudication of controversy with respect to whether bank which issued credit cards to three individual plaintiffs made inadequate disclosure of finance charges in violation of Truth in Lending Act; accordingly, action was not maintainable as class action. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq.; Fed.Rules Civ.Proc. rule 23(a, b), (b) (3), (c) (1), 28 U.S.C.A. | Why should the Truth in Lending Act be liberally constructed? | 013689.docx | LEGALEASE-00152449-LEGALEASE-00152450 |
| Sterlane v. Fleming, 236 Iowa 480 | 200+79.1 | A highway once known to exist is presumed to continue to exist, and abandonment is a fact which must be proved by clear and satisfactory evidence by one asserting such abandonment. | What needs to be shown in order to prove abandonment? | 018692.docx | LEGALEASE-00152509-LEGALEASE-00152510 |
| Burton v. Hansford, 10 W. Va. 470 | 83E+458 | A stranger who indorses negotiable paper at the time it is made is prima facie liable to the payee, at his election at any time, either as original promisor or as guarantor. | When can a third person be held as a guarantor? | 009849.docx | LEGALEASE-00153568-LEGALEASE-00153569 |
| Gay v. Rooke, 151 Mass. 115 | 8.30E+33 | An instrument in writing, in the form: "I O U, E. A. Gay, the sum of seventeen dolls. 5/100, for value received. John R. Rooke,"-is not a promissory note. | Can an instrument constitute a promissory note if there is no express promise to pay? | Bills and Notes -Memo 1023 - JK_60734.docx | ROSS-003278311-ROSS-003278312 |
| Sierra Club Iowa Chapter v. Iowa Dep't of Transp., 832 N.W.2d 636 | 200+103.2 | Motion in which environmental group and its members requested enlargement or expansion of trial court's findings and conclusions challenged several factual findings, and thus motion tolled 30-day period to file notice of appeal regarding trial court's dismissal of proceeding seeking review of decision of Iowa Department of Transportation (IDOT) to locate highway adjacent to and through two nature preserves; group and members challenged trial court's summary decisions, which involved legal issues with underlying questions of fact, trial court did not definitively specify whether it found proceeding to involve hypothetical or concrete facts, and trial court did not address appropriate standard of review. I.C.A. Rules 1.904(2), 6.101(1)(b). | Is a dismissal of a petition only appropriate if the plaintiff's claim could not be sustained under any state of facts provable under the petition? | 038015.docx | LEGALEASE-00152870-LEGALEASE-00152871 |
| Fulton Cty. v. T-Mobile, S., 305 Ga. App. 466 | 371+2246 | The 9-1-1 charge imposed by county on wireless telephone service providers pursuant to the Georgia Emergency Telephone Number 9-1-1 Service Act of 1977 was a tax under state law; charge was not voluntary, as it was exacted pursuant to Act and county resolution, purpose of charge was to raise revenue for 9-1-1 system, not as compensation for service rendered by it, and those who paid 9-1-1 charge, whether provider or its customers, received no benefit not received by general public, since all members of public could access 9-1-1 system. West's Ga.Code Ann. S 46-5-120 et seq. | Can voluntary payment constitute a tax? | 046002.docx | LEGALEASE-00153277-LEGALEASE-00153278 |
| United States v. Shenise, 43 F. Supp. 2d 1190 | 317+17 | Grazing trespass on Bureau of Land Management (BLM) land is "public welfare offense," for which mental element of intent may be proven by proof of guilty act itself. Taylor Grazing Act, S 2, 43 U.S.C.A. S 315a; 43 C.F.R. S 9264.1(a). | Is intention an essential element of cattle intruding on forest service land? | Woods and Forests - Memo 87 - SB_60795.docx | ROSS-003295844-ROSS-003295845 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Morissette v. United States, 342 U.S. 246 | 234+3(1) | Under statute providing that whoever embezzles, steals, purloins or knowingly converts government property is punishable by fine and imprisonment, "knowing conversion" requires more than knowledge that defendant was taking the property into his possession, and he must have had knowledge of the facts, though not necessarily the law that made the taking a conversion. 18 U.S.C.A. S 641. | Do convictions for selling adulterated milk in violation of statutes require allegation or proof that defendant knew of the adulteration? | Adulteration-Memo 5 - _1tBysuS_ZpGsagm0iae-LNbvOdz2rncfW.docx | ROSS-000000162-ROSS-000000163 |
| Stone v. Midland Multifamily Equity REIT, 334 S.W.3d 371 | 30+242(2) | For purposes of preservation of error, an appellate court treats a party's objections to defects in the "form" and the "substance" of an affidavit differently; a defect in the substance of an affidavit is not waived by failure to obtain a ruling from the trial court on the objection and may be raised for the first time on appeal, whereas a defect in the form of an affidavit must be objected to in the trial court and the opposing party must have the opportunity to amend the affidavit, such that failure to obtain a ruling from the trial court on an objection to the form of an affidavit waives the objection. | Is an affidavit which contains hearsay an objection to the form of affidavit? | Affidavits - Memo 60 - _1iz-ho93fMN73RBxSx4u1sSEWoPQ_uVVt.docx | ROSS-000000217-ROSS-000000218 |
| Freas v. Jones, 15 N.J.L. 20 | 21+10 | A date is not essential to an affidavit, and, if a date is stated erroneously, the mistake may be shown. | Is date an essential part of an affidavit? | Affidavits - Memo 84 - _12oy4XPoV0Z92yHTLDAqRBhi28NrN47sv.docx | ROSS-000000262-ROSS-000000263 |
| Gay v. Rooke, 151 Mass. 115 | 8.30E+56 | The following instrument: "I O U, E. A. Gay, the sum of seventeen dolls. 5/100, for value received. John R. Rooke"-is an acknowledgment of debt by the maker, and not a note. | Is acknowledgement of a debt a promissory note? | Bills and Notes - Memo 1004 - RK_61284.docx | ROSS-003284032-ROSS-003284033 |
| Thweatt v. Jackson, 838 S.W.2d 725 | 83E+481 | Assignee of promissory note obtained Federal Deposit Insurance Corporation's right to assert claim under six year statute of limitation provided by Financial Institutions Reform, Recovery, and Enforcement Act, even though state law provided only four-year statute of limitations. V.T.C.A., Civil Practice & Remedies Code S 16.004; Federal Deposit Insurance Act, SS 2(11), 2(11)(d)(14), as amended, 12 U.S.C.A. SS 1821, 1821(d)(14). | Does the FDICs assignee acquire its six-year limitations period? | Bills and Notes - Memo 957 - RK_60815.docx | ROSS-003308703-ROSS-003308704 |
| Anderson v. Border, 75 Mont. 516 | 157+423(6) | Parol evidence held admissible to show that accommodation indorsers of note had not bound themselves personally (Rev.Codes 1921, SS 7538, 8459, 8475, 10517, 10521). | In what order are indorsers liable? | Bills and Notes - Memo 972 - RK_61309.docx | ROSS-003319173-ROSS-003319174 |
| Phillips Petroleum Co. v. Harnly, 348 S.W.2d 856 | 8.30E+27 | A "draft" is a common term for a "bill of exchange". Vernon's Ann.Civ.St. arts. 5939 et seq., 5940, SS 126, 130; art. 5948, S 191. | What is a draft? | Bills and Notes - Memo 986 - RK_61315.docx | ROSS-003282883 |
| Hernandez v. Teachers Coll., Columbia Univ., 153 A.D.3d 1241 | 141E+1178 | Although decisions made by educational institutions as to academic issues are not completely beyond the scope of judicial scrutiny, review is restricted to special administrative proceedings, and only to determine whether the decision was arbitrary, capricious, irrational, or in bad faith. McKinney's CPLR 7801 et seq. | Can courts intervene in controversies relating to an educational institution's judgement of a student's academic performance? | 016800.docx | LEGALEASE-00153865-LEGALEASE-00153866 |
| Hanson v. Disotell, 106 So. 3d 345 | 30+3206 | Supreme Court does not reverse trial judges who grant dismissals for failure to prosecute unless it finds that, in so doing, they abused their discretion. Rules Civ.Proc., Rule 41(b). | Should a motion to dismiss be converted into a motion for summary judgment if a trial court considers external evidence? | Pretrial Procedure - Memo # 9372 - C - AC_61058.docx | ROSS-003294652-ROSS-003294653 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lessard v. Velsicol Chem. Corp., 2009 WL 1089362 | 307A+676 | Trial court did not abuse its discretion when it dismissed chemical contamination claims for want of prosecution as proper notice was given. The property owners argued that they did not receive adequate notice of the trial court's intent to dismiss their case because the notice was promulgated by the chemical corporation via its joint motion to dismiss for want of prosecution and not by the trial court itself. They argued that the chemical corporation's joint motion was only sufficient to inform them of the corporation's intentions and gave no indication of the trial court's intentions. However, the Texas Supreme Court has held that either notice of the trial court's intent to dismiss or notice of the actual order of dismissal is sufficient notice. | Is authority to dismiss derived both from rules of civil procedure and from court's inherent powers? | 038756.docx | LEGALEASE-00154250-LEGALEASE-00154251 |
| Fontanetta v. Doe, 73 A.D.3d 78 | 307A+684 | Printed materials created in connection with hospital's peer review of surgeon, including letters, summaries, opinions, and conclusions of hospital's agents and employees, did not constitute "documentary evidence," within meaning of statute permitting motions to dismiss on documentary evidence, and thus dismissal of surgeon's action against hospital officials for unfair competition, tortious interference with contract, tortious interference with business relations, and defamation on basis of statutory immunity was not warranted. McKinney's CPLR 3211(a)(1). | "Will ""documentary evidence"" include judicial records, as well as documents reflecting out-of-court transactions?" | 039295.docx | LEGALEASE-00154761-LEGALEASE-00154762 |
| State v. Camillo, 382 N.J. Super. 113 | 282+118 | Defendant's act of refusing to provide his name, date of birth, and social security number to state trooper who required the information to prepare an incident report did not constitute physical interference with trooper's orders, as required to sustain conviction for obstructing the administration of the law. N.J.S.A. 2C:29-1(a). | Is a person who interferes with a person lawfully in a public place a disorderly person? | Disorderly Conduct - Memo 156 - RK_61881.docx | ROSS-003295163-ROSS-003295164 |
| Giron v. City of Alexander, 693 F. Supp. 2d 904 | 35+63.4(15) | Arrestee did not appear in a public place, within meaning of Arkansas law, when he came outside his home at city police officer's request and stood in his driveway, as required to afford officer probable cause to cite arrestee for public intoxication. U.S.C.A. Const.Amend. 4; West's A.C.A. SS 5-71-101(6), 5-71-212. | When is the offense of public intoxication said to be committed? | Disorderly Conduct-Memo 147-JK_61891.docx | ROSS-003280052 |
| Giron v. City of Alexander, 693 F. Supp. 2d 904 | 35+63.4(15) | Arrestee did not appear in a public place, within meaning of Arkansas law, when he came outside his home at city police officer's request and stood in his driveway, as required to afford officer probable cause to cite arrestee for public intoxication. U.S.C.A. Const.Amend. 4; West's A.C.A. SS 5-71-101(6), 5-71-212. | What is public intoxication? | Disorderly Conduct-Memo 148-JK_61892.docx | ROSS-003281669-ROSS-003281670 |
| Stromberg v. People of State of Cal., 283 U.S. 359 | 110+1172.1(4.4) | Invalidity of one of clauses of statute will require reversal of conviction thereunder, where court authorized conviction for violating any one clause. | Can conviction under a statute can be set aside? | 014387.docx | LEGALEASE-00155420-LEGALEASE-00155421 |
| Harris v. McKay, 138 Va. 448 | 308+92(1) | Where an agent's authority is proved, no question of privity can arise. The doctrine of principal and agent, whether disclosed or undisclosed, recognizes that privity of contract exists between the principal and one dealing with the agent. The act of the agent is the act of the principal. | Is the act of the agent the act of the principal? | 041651.docx | LEGALEASE-00155704-LEGALEASE-00155705 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Hochwender, 20 Cal. 2d 181 | 371+2001 | "Taxes" are not "debts" nor "founded upon contract" but they are charges upon persons or property to raise money for public purposes and the general relationship of sovereign and taxpayer is not founded on nor does it create any contractual rights. | Are taxes debts due by contract? | 046083.docx | LEGALEASE-00154980-LEGALEASE-00154981 |
| Ex parte Orozco, 201 F. 106 | 221+211 | Pen.Code, S 14, 22 U.S.C.A. S 461, held not to authorize the president to use the military power in time of peace to arrest without a warrant and imprison without the benefit of a trial a person within the United States merely suspected of intention to organize an expedition in aid of a revolution in his own country with which the United States is at peace. | Can the President employ the army in preventing the carrying on of a military expedition and does his discretion in calling out the military forces for that purpose subject to the review and control of the courts? | Neutrality Laws - Memo 2 - KC_62359.docx | ROSS-003292188-ROSS-003292189 |
| United States v. Murphy, 84 F. 609 | 221+212 | A combination of a number of men in the United States, with a common intent to proceed in a body to a foreign territory, and engage in hostilities, either by themselves or in co-operation with others, against a power with whom the United States are at peace, constitutes a military expedition, when they actually proceed from the United States, whether they are then provided with arms, or intend to secure them in transit. It is not necessary that all the persons shall be brought in personal contact with each other in the United States, or that they shall be drilled, uniformed, or prepared for efficient service. | "In terms of military, is the word 'military enterprise broader than the word 'military expedition'?" | Neutrality Laws - Memo 4 - KC_62361.docx | ROSS-003281009-ROSS-003281010 |
| Quinton v. Kuffer, 221 Ill. App. 3d 466 | 30+3554 | Granting or denying of motion for summary judgment is not discretionary, and de novo standard of review is applied. | "When the grounds for a dismissal do not appear on the face of the pleadings, but are established by affidavits or depositions, can a defendant contest the complaint by either a motion to dismiss or a motion for summary judgment?" | Pretrial Procedure - Memo # 10171 - C - SK_62174.docx | ROSS-003321004-ROSS-003321005 |
| Kelly v. State, 191 Ark. 674 | 67+42(1) | Evidence that some one broke and entered chicken house at night and stole therefrom chickens worth $12, and that some of chickens were subsequently recovered from witness who testified that he bought them from defendant held to sustain conviction for burglary (Acts 1921, p. 70, S 2). | Can a boat or vessel be subject to burglary? | 013030.docx | LEGALEASE-00156413-LEGALEASE-00156414 |
| Seabolt v. Com., 2014 WL 5410238 | 110+1037.1(2) | Prosecutor's closing argument during penalty phase that defendant "was breaking in houses" in reference to prior second-degree burglary conviction did not constitute palpable error in second-degree burglary prosecution; statement appeared to have been little more than an attempt to further explain elements of persistent felony offender charge, statement was not reasonably calculated to stir jurors' emotions and was not repeated, and statement did not invoke images of a violent or aggressive past offense. KRS 511.030, 532.055(2)(a); Rules Crim.Proc., Rule 10.26. | Is forced entry an element of burglary? | 013150.docx | LEGALEASE-00156605-LEGALEASE-00156606 |
| Smoot v. Judd, 161 Mo. 673 | 8.30E+10 | The law of the place where a contract is to be performed is the law of the contract, and a note signed by a married woman in Kentucky, which was returned to her husband at their home in Missouri, who signed and returned it to Kentucky, where it was delivered to the payee, a resident of that state, is a Missouri contract, no place of payment being mentioned, and the property charged with its payment being in Missouri. | What law governs a contract? | Bills and Notes - Memo 1295 - RK_63502.docx | ROSS-003292405-ROSS-003292406 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Walcott v. Manufacturers Hanover Tr., 133 Misc. 2d 725 | 83E+426 | Payee's signature on back of his paycheck, which did not specify any particular endorsee and merely set forth payee's mortgage number, was a "blank endorsement," which had effect of converting paycheck into a bearer instrument, so that paycheck was properly negotiated by delivery to third party and properly cashed by third party at collecting bank. McKinney's Uniform Commercial Code S 3-204(2). | Does indorsement in blank specifies any indorsee? | 010880.docx | LEGALEASE-00157411-LEGALEASE-00157412 |
| Bureau Mktg. Serv. of Osceola v. Lewis, 220 Iowa 662 | 172H+574(3) | Bank acting as correspondent bank and receiving negotiable instruments from one apparently clothed with title thereto and crediting amount of proceeds and then honoring checks or drafts against such deposit, or applying same on overdraft on faith of the negotiable instruments is "holder for value." | When is loss occasioned by title to negotiable paper borne by the payee? | 010887.docx | LEGALEASE-00157436-LEGALEASE-00157437 |
| Swift & Co. v. Bankers Tr. Co., 280 N.Y. 135 | 8.30E+11 | The validity of checks made payable to a nonexisting person in belief that payee actually existed, induced by fraud of maker's employee, the scope of the order to pay and the person authorized to receive payment as affecting maker's right to recover from bank which paid the checks on forged indorsement, were fixed at the inception of the instrument and by the law of the place where the instruments had their inception. Negotiable Instruments Law S 28, subd. 3; SS 111, 210, 321; Smith-Hurd Stats.Ill. c. 98, S 29. | Is the validity of a contract governed by the place where the contract was made? | 010924.docx | LEGALEASE-00157934-LEGALEASE-00157935 |
| Hamilton v. Hamilton, 296 N.C. 574 | 156+52.15 | Neither bad faith, fraud nor intent to deceive is necessary before the doctrine of equitable estoppel can be applied. | Is equitable estoppel based on an application of the golden rule to the everyday affairs of men? | 017827.docx | LEGALEASE-00156809-LEGALEASE-00156810 |
| Coursey v. Coursey, 141 Ga. 65 | 156+52(1) | "Estoppel" is not a conveyance of title. Its office is to prevent denial by one affected by it, not to affirmatively transfer title. | Is estoppel a conveyance of title? | Estoppel - Memo #162 - C - CSS_62566.docx | ROSS-003279594-ROSS-003279595 |
| Como v. City of Beaumont, Texas, 345 S.W.3d 786 | 302+111.48 | Owner of commercial building that city condemned as public nuisance and later demolished had sufficient opportunity to amend her pleadings with respect to race-based equal protection claim, in response to city's plea to the jurisdiction on immunity grounds, such that dismissal with prejudice was appropriate, where owner amended her petition after city showed that owner had not been treated disparately from owners of other properties identified by owner, but owner neither changed the factual allegations of equal protection claim nor requested leave to further amend her pleadings. U.S.C.A. Const.Amend. 14. | Is a dismissal with prejudice improper when the plaintiff is capable of remedying a jurisdictional defect? | Pretrial Procedure - Memo # 10491 - C - TM_62759.docx | ROSS-003281837-ROSS-003281838 |
| Otter v. Gen. Ins. Co., 34 Cal. App. 3d 940 | 308+1 | "Representative" is synonymous with "agent." West's Ann.Civ.Code, S 2295. | Is ""agent"" synonymous with ""representative""? | 042085.docx | LEGALEASE-00157800-LEGALEASE-00157801 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Drees Co. v. Hamilton Twp., 132 Ohio St. 3d 186 | 414+1382(4) | "Impact fee," an assessment imposed by limited home rule township upon applicants for zoning certificates for new construction or redevelopment within township's unincorporated areas, was a tax, not a fee, and thus assessment violated limited home rule statute; although revenue generated by assessment was placed in segregated fund, stated purpose of assessment was to guarantee consistent level of services to all members of community, revenue generated by assessment was spent on typical township expenses inuring to the benefit of the entire community, such as roads, fire, police, and parks, revenue was not earmarked to ensure that it was spent to improve area around particular property upon which assessments had been imposed, assessed parties got no particular service above that provided to any other taxpayer for the fee that they paid, and any refund of assessment was dependent on whether township had spent revenue from assessment. R.C. S 504.04(A)(1). | "In order to determine whether certain assessments are taxes, must the court analyze the substance of the assessments and their form?" | Taxation - Memo # 1058 - C - JL_62707.docx | ROSS-003278846-ROSS-003278847 |
| De La Paz v. Coy, 786 F.3d 367 | 393+1463 | Undocumented aliens involved in immigration enforcement actions were barred from bringing Bivens actions against United States Customs and Border Patrol agents who arrested them following traffic stops, alleging that agents violated their Fourth Amendment rights in connection with the stops and arrests; even though Immigration and Nationality Act (INA) did not provide damages for unlawful arrests and stops of aliens, INA did provide alternative comprehensive remedial scheme to address such violations, and special factors counseled against extending Bivens liability for unlawful arrests and stops of aliens, since immigration enforcement proceedings already provided significant deterrence for such violations, successful Bivens action for removable aliens would not likely result in meaningful compensation, and constitution granted Congress power to regulate immigration. U.S. Const., art. I, S 8, cl. 4; U.S.C.A. Const.Amend. 4; 8 U.S.C.A. SS 1229(a)(1), 1357(a)(2),(5), (c); 8 C.F.R. 287.8(c)(2)(i). | Can deportation or removal proceedings be conducted without evidence derived directly from the arrest? | 006995.docx | LEGALEASE-00159188-LEGALEASE-00159189 |
| Federal Home Loan Mortg. Corp. v. Lamar, 503 F.3d 504 | 172H+1482 | Collection notice is deceptive, in violation of Fair Debt Collection Practices Act (FDCPA), when it can be reasonably read to have two or more different meanings, one of which is inaccurate. Fair Debt Collection Practices Act, S 807, 15 U.S.C.A. S 1692e. | What damages can a consumer recover if a debt collector violates the FDPA? | 013809.docx | LEGALEASE-00158620-LEGALEASE-00158622 |
| Allen v. Beneficial Fin. Co. of Gary, 531 F.2d 797 | 172H+1322 | Truth in Lending Act was designed to provide for mandatory disclosure requirements upon those institutions which extend credit to consumers; the purpose was to assure meaningful disclosure of the cost of credit so that consumers could compare various credit terms and avoid the uninformed use of credit. Truth in Lending Act, S 102, 15 U.S.C.A. S 1601. | Is TILA a remedial statute? | Consumer Credit - Memo 220-IS_64028.docx | ROSS-003282025-ROSS-003282027 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Monroe v. Hamilton, 60 Ala. 226 | 289+928 | H., who was an equal partner of M. in cultivating a crop, executed to M. a mortgage on his entire interest as security for an individual debt which M. had become liable to pay, and stipulating that, since the crop would be gathered before the maturity of the debt, M. should take possession and dispose of the crop for their mutual benefit; M. to hold H.'s half of the net profits in trust for H., to be applied to the payment of the secured debt, and the balance of H.'s moiety to be paid over to H. Held, that the mortgage did not operate a dissolution, nor affect the duties and liabilities of H. as a partner. | Does an assignment by one partner of all his interest in the partnership to a stranger dissolve the partnership? | 021806.docx | LEGALEASE-00158564-LEGALEASE-00158565 |
| Williams v. S. Union Co., 364 S.W.3d 228 | 307A+693.1 | A judgment of nonsuit and a judgment of dismissal serve the same purpose, have the same legal effect, and arrive at the same end, and hence should be treated alike and allowed the same office in the everyday administration of the law. | "Does the taking of a nonsuit amounts to, and has the effect of, a dismissal of the case as to one or all the defendants?" | Pretrial Procedure - Memo # 10955 - C - PC_63719.docx | ROSS-003285039-ROSS-003285040 |
| Guardianship of Lyle, 77 Cal. App. 2d 153 | 307A+514 | Where a petition was filed seeking appointment of a guardian over incompetent, and thereafter another filed a petition praying for appointment of guardian for the incompetent, and the second petition was filed with the first petition and given the same court number, and thereafter attorney for one who filed first petition sought dismissal of that petition and court ordered the petition "Off Calendar", the order was not equivalent to a dismissal, since "Off Calendar" is not synonymous with "dismissal" but merely means a postponement. | "Is ""off calendar"" not synonymous with ""dismissal""?" | 025727.docx | LEGALEASE-00158426-LEGALEASE-00158427 |
| Segretario v. Stewart-Warner Corp., 9 Conn. App. 355 | 307A+699 | Denial of motion to set aside nonsuit entered against intervening plaintiff in products liability action was erroneous where based on timeliness of motion rather than ruling on specific ground alleged in motion that failure of intervening plaintiff's counsel to appear at pretrial conference was due to counsel's secretary's failure to record date of conference on calendar. Practice Book 1978, SS 265, 337, 338, 377; C.G.S.A. S 52-212. | "When the plaintiff is nonsuited, is the judgment entered one entitled as of nonsuit?" | 025746.docx | LEGALEASE-00158651-LEGALEASE-00158652 |
| Amesquita v. Gilster-Mary Lee Corp., 408 S.W.3d 293 | 30+3284 | The Court of Appeals reviews de novo whether a petition states a claim. | Can the petition be dismissed unless it establishes on its face without exception that the defense applies? | Pretrial Procedure - Memo # 11089 - C - KS.docx | LEGALEASE-00048587-LEGALEASE-00048588 |
| Markland v. Travel Travel Southfield, 810 S.W.2d 81 | 308+1 | Travel agent is agent of customer. | "Is travel agent, an agent of the customer or traveler?" | Principal and Agent - Memo 468-PR_63791.docx | ROSS-003295087-ROSS-003295088 |
| Armstrong Const. Co. v. Thomson, 64 Wash. 2d 191 | 308+1 | An architect is agent of owner. | Can an architect be deemed as the agent of the owner? | Principal and Agent - Memo 525 - RK_63983.docx | ROSS-003306897-ROSS-003306898 |
| Bologna v. City & Cty. of San Francisco, 192 Cal. App. 4th 429 | 24+113 | Purpose of California statute requiring state authorities to notify federal authorities about the immigration status of drug arrestees is to combat the illegal drug trade. West's Ann.Cal.Health & Safety Code S 11369. | Was the chief legislative purpose of Section 11369 the regulation of immigration rather than the sales and use of narcotics? | 006848.docx | LEGALEASE-00160468-LEGALEASE-00160469 |
| United States v. Szabo, 760 F.3d 997 | 15A+1302 | Regulation's facial validity may only be raised outside of designated forum when that forum is somehow inadequate. 5 U.S.C.A. S 703. | Does the degree to which the government may regulate protected speech depend upon the nature of the forum? | 014293.docx | LEGALEASE-00160018-LEGALEASE-00160019 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| May v. Harris Mgmt. Corp., 2004-2657 (La. App. 1 Cir. 12/22/05), 928 So. 2d 140 | 156+52(6) | Estoppel is not favored in the law. (Per Carter, C.J., with one judge concurring.) | Is estoppel not favored in law? | 017918.docx | LEGALEASE-00159988-LEGALEASE-00159989 |
| First Union Tr. & Sav. Bank v. Mississippi Power Co., 167 Miss. 876 | 101+2476 | Trust deed attempting to convey "franchises" of corporation was ineffectual as regards corporation's special or secondary franchises, because "franchises" was not sufficiently specific (Code 1930, S 4155). | What are general and secondary franchises? | Franchise - Memo 40 - KNR_64636.docx | ROSS-003294185-ROSS-003294186 |
| New Orleans Pub. Serv. Inc. v. Citizens Utilities Co., 726 So. 2d 1012 | 212+1383 | Owner of a franchise, although not exclusive, is entitled to relief by way of an injunction against a threatened or actual injury to his property rights through illegal non-franchise competition. | Do non-exclusive franchise create a property right? | Franchises - Memo 23 - KNR_65697.docx | ROSS-003308477-ROSS-003308478 |
| In re Sturman, 222 B.R. 694 | 51+3068 | Balance of equities favored sale of real estate assemblage which involuntary Chapter 7 debtors owned, as tenants in common, with their mother's probate estate and sister who did not consent to sale, even assuming that debtors held only legal title and that beneficial interest was in family partnership, where debtors held majority legal title to assemblage as well as 60% interest in subject partnership, where sister, during nine year course of case, had never moved to lift stay to proceed with state court partnership liquidation, and where sale of assemblage in state court liquidation would double expenses that trustee would incur without providing any additional protection for sister's interest, would require state court judge to learn complex nine-year history of matter, and would result in expiration of existing purchase bid while multi-million dollar asset of estates sat untouched for another six months until partnership agreement expired by its terms. Bankr.Code, 11 U.S.C.A. S 363(h). | Is tenancies in partnership a recognized form of partnership? | 022650.docx | LEGALEASE-00159956-LEGALEASE-00159957 |
| United States v. Lopreato, 83 F.3d 571 | 63+16 | Presentence report (PSR) prepared by probation officer indicated that alternative fine was available on convictions of pension plan trustee for receiving unlawful payments and, thus, trustee had sufficient notice to support sentencing court's imposition of $250,000 alternative fine as departure sentence. 18 U.S.C.A. S 3571(b)(3); Fed.Rules Cr.Proc.Rule 32, 18 U.S.C.A. | Is the sentencing court required to provide the parties with prior notice of its intent to depart from the Guidelines sua sponte? | 012518.docx | LEGALEASE-00161465-LEGALEASE-00161466 |
| Galli v. Kirkeby, 398 Mich. 527 | 141E+374 | Hiring and/or supervising of public school personnel and making of relevant policy are "governmental functions" within the meaning of Tort Immunity Act and, hence, board of education was immune from suit for its own negligence in allegedly failing to exercise due care in hiring and supervising elementary school superintendent, who during school hours allegedly committed repeated homosexual attacks on minor student. M.C.L.A. SS 691.1401, 691.1407. | Are principals protected by governmental immunity? | 017223.docx | LEGALEASE-00160992-LEGALEASE-00160993 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lewin v. Telluride Iron Works Co., 272 F. 590 | 233+1643 | "Estoppel" is an indispensable element of a waiver, and estoppel does not exist unless there is ignorance by the party who invokes the estoppel, a misrepresentation by the other party and a detrimental change by the party asserting estoppel in reliance upon misrepresentation, so that a landlord does not waive his lien by mere inaction which did not mislead the lessee or his trustee in bankruptcy as to the true situation. | Is there no waiver where there is no estoppel? | 018108.docx | LEGALEASE-00161235-LEGALEASE-00161236 |
| Parsons v. Halliburton Energy Servs., 237 W. Va. 138, 785 S.E.2d 844 | 95+227 | Under general principles of state contract law, waiver requires proof of a voluntary act which implies a choice by the party to dispense with something of value, or to forego some advantage which he might at his option have demanded and insisted on. | Does the doctrine of waiver focus on the conduct of the party against whom waiver is sought? | Estoppel - Memo 248 - C - CSS_65224.docx | ROSS-003279526-ROSS-003279527 |
| Den Hartog v. City of Waterloo, 847 N.W.2d 459 | 268+225(3) | Land in question constituted unused right-of-way, and therefore municipality was not permitted to sell or transfer it to a developer without first following the statutory procedure mandating notice to the present owners of adjacent property and to the persons who owned the land at the time it was acquired for road purposes; statutory requirements were applicable to both land acquired for highway purposes but never used, and land acquired for highway purposes and previously or currently in use, rather than only to property acquired, but never used for, highway purposes. I.C.A. S 306.23(1). | Does a county have to provide notice in order to lawfully discontinue a road? | 018856.docx | LEGALEASE-00161751-LEGALEASE-00161752 |
| Fitzgerald v. State, 26 N.E.3d 105 | 377E+48(1) | Evidence was insufficient to establish defendant acted without fault, an element necessary to support defendant's claim of self defense, during prosecution for Class C felony intimidation; defendant was attempting to flee from a staged robbery that the victim had planned to cover up a theft from the victim's employer, and from a witness's perspective defendant had sprayed the victim in the face with pepper spray and forcibly took the victim's bag. West's A.I.C. 35-41-3-2, 35-45-2-1(b)(2)(A). | Who bears the burden of disproving the elements of a defendant's claim of self-defense? | 046894.docx | LEGALEASE-00160801-LEGALEASE-00160802 |
| Bank of Orange Cty. v. Colby, 12 N.H. 520 | 8.30E+10 | A note naming no place of payment must be construed according to the lex loci contractus. | Should lex loci contractus determine the obligation and duty a note imposes? | 009190.docx | LEGALEASE-00162644-LEGALEASE-00162645 |
| Barefield v. State, 14 Ala. 603 | 63+16 | An offer to bribe a justice of the peace corruptly to decide a cause not then pending, but afterwards to be instituted before him, the bribe not being accepted or the suit instituted, though indictable at common law, is not punishable by confinement in the penitentiary, under the statute of Alabama. | Does an act of bribery require that the cause or proceeding be pending before the officer at the time the gift or promise was made? | 012576.docx | LEGALEASE-00162550-LEGALEASE-00162551 |
| Andrews v. Chevy Chase Bank, FSB, 240 F.R.D. 612 | 118A+305 | Commonality requirement for class certification was satisfied in suit seeking declaratory judgment that mortgagors could rescind adjustable rate mortgage loan for bank's violation of Truth in Lending Act (TILA) disclosure requirements; whether defendant's disclosures of payment schedule, cost of the loan as an annual percentage rate (APR), and variable interest rate feature of the loan violated TILA was question common to class. Truth in Lending Act, S 125, 15 U.S.C.A. S 1635; Fed.Rules Civ.Proc.Rule 23(a)(2), 28 U.S.C.A. | Is whether a disclosure is conspicuous a question of law? | Consumer Credit - Memo 227 - RK_66296.docx | ROSS-003295110-ROSS-003295111 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Paladino v. Adelphi Univ., 89 A.D.2d 85 | 141E+954 | If a private school were to accept a student's tuition and thereafter provide no educational services, an action for breach of contract might lie and, similarly, if the contract were to provide for certain specified services such as for example, a designated number of hours of instruction and the school failed to meet its obligation, a contract action with appropriate consequential damages might be viable. | Should courts become engaged in determining the propriety of courses of instruction adopted by a private school? | 017266.docx | LEGALEASE-00162126-LEGALEASE-00162127 |
| Frey v. Hauke, 171 Neb. 852 | 289+989 | Managing partner of bowling alley who acquiesced in rate of depreciation of partnership business set up by accountant was not entitled to market value of business rather than book-rate depreciation in determining his interest in partnership. | Can a managing partner defeat the rights of his co-partner to a settlement and a proper distribution of the assets by failing to keep his accounts? | Partnership - Memo 595 - SNP_66404.docx | ROSS-003284368-ROSS-003284369 |
| Campus Commc'ns v. Dep't of Revenue, State of Fla., 473 So. 2d 1290 | 371+3602 | A sales tax is a "excise tax," which is a tax on exercise of a privilege. | "Is a sales tax an ""excise tax""?" | 046401.docx | LEGALEASE-00162494-LEGALEASE-00162495 |
| Clarey v. Union Cent. Life Ins. Co., 143 Ky. 540 | 217+1091(7) | An insurance policy which provided that no action might be brought upon it more than one year after the death of the insured was issued by an Ohio corporation to a resident of Wisconsin. After the contract was made, the insured removed to Kentucky, where he lived for some years before his death. In a suit on the policy, brought more than a year after the death of insured, the plaintiff in her pleadings admitted that the condition, as to the bringing of the suit, was valid both in Ohio and Wisconsin. Held, that the law of one of those two states governed the construction of the contract, and the condition as to the time of suit being valid in those states it will be recognized as valid in Kentucky, though such condition is regarded as contrary to the public policy of Kentucky. | Which law determines the legal effect of a note made between the maker and payee? | Bills and Notes - Memo 1304 - RK_66209.docx | ROSS-003281523-ROSS-003281524 |
| Ingersoll-Rand Fin. Corp. v. Atl. Mgmt. & Consulting Corp., 717 F. Supp. 1067 | 349A+226 | New Jersey law governed action by New Jersey secured payee on notes being held as security, even though all other principals in transaction were based in Florida; payments on notes were to be made in New Jersey. | How will a note be treated if it is made payable at a particular place? | Bills and Notes - Memo 1363 - RK_66264.docx | ROSS-003279571-ROSS-003279572 |
| Ingersoll-Rand Fin. Corp. v. Atl. Mgmt. & Consulting Corp., 717 F. Supp. 1067 | 349A+226 | New Jersey law governed action by New Jersey secured payee on notes being held as security, even though all other principals in transaction were based in Florida; payments on notes were to be made in New Jersey. | Is a note made payable at a particular place treated with all respect as if it were made there regardless of the place where it is dated or delivered? | 009252.docx | LEGALEASE-00162757-LEGALEASE-00162758 |
| Precious Metals Assocs. v. Commodity Futures Trading Comm'n, 620 F.2d 900 | 83H+54 | Commodity Futures Trading Commission was justified in ordering futures commission merchant and associated person to cease and desist from solicitation and sale of commodity options, despite fact that they had voluntarily discontinued their limited risk forward contract program which was found to be in violation of statute prohibiting commodity options trading, where there was no assurance that, without imposition of such an order with its attendant penalties for violation, they would not adopt the same game plan for an option under yet another name. | What is a commodity futures contract? | 013656.docx | LEGALEASE-00164166-LEGALEASE-00164167 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Baker v. State, 17 S.W. 144 | 135H+148 | Because defendant was not acquitted in state court of sexual battery offenses by operation of law, based upon speedy trial statute, superior court did not err in declining to reach defendant's claim that rape prosecution was barred under double jeopardy principles; even though same transaction underlied sexual battery accusation against him in state court, sexual battery by touching genital area of his victim, of which defendant was not acquitted, was basis for charge of rape. | "For double jeopardy purposes, can a defendant be retried on the greater offense after a mistrial on that count or if that conviction is reversed on appeal?" | 015466.docx | LEGALEASE-00163549-LEGALEASE-00163550 |
| Mayor & Council of Crisfield v. Pub. Serv. Comm'n, 183 Md. 179 | 183+11 | Abandonment of franchise requires intention to abandon. | Is abandonment of franchise a question of intention? | Franchise - Memo 65 - KNR_67268.docx | ROSS-003280037-ROSS-003280038 |
| Osborn v. Bank of U.S., 22 U.S. 738 | 212+1463 | An injunction will be granted to prevent the franchise of a corporation from being destroyed, as well as to restrain a party from violating it by attempting to participate in its exclusive privileges. | Does injunction prevent infringement of franchise? | Franchises - Memo 60 - KNR.docx | LEGALEASE-00053437-LEGALEASE-00053438 |
| Bordentown & S.A. Tpk. Rd. v. Camden & A.R. & Transp. Co., 17 N.J.L. 314 | 183+5 | Case will lie for the disturbance of a franchise. | Can a legal action lie for the disturbance of franchise? | 018597.docx | LEGALEASE-00163135-LEGALEASE-00163136 |
| Chicago, R.I. & P.R. Co. v. City of Iowa City, 288 N.W.2d 536 | 183+7 | A franchise is not an alienable possessory interest. | Are franchises alienable? | 018599.docx | LEGALEASE-00163171-LEGALEASE-00163172 |
| In re Qualia Clinical Serv., 441 B.R. 325 | 349A+10 | Purported contract for purchase and sale of debtor's accounts receivable was not true sales agreement but in nature of disguised financing agreement, pursuant to which debtor retained ownership interest in accounts despite its purported sale thereof to capital funding company outright, where contract, by requiring debtor to repurchase accounts if they proved uncollectible for any reason, placed risk of uncollectibility entirely on debtor; accordingly, when capital funding company filed financing statement to perfect security interest in accounts, it thereby effected transfer of "interest of the debtor in property," of kind potentially subject to avoidance as preference. 11 U.S.C.A. S 547(b). | "In determining whether parties intended a sale or a loan for security, is the issue how risks are contractually allocated when the transactions were entered into?" | 042814.docx | LEGALEASE-00164020-LEGALEASE-00164021 |
| People v. Carlson, 183 Misc. 2d 630 | 3.77E+24 | Defendant's alleged act of spitting in victim's face subjected victim to "physical contact," for purposes of prosecution for aggravated harassment in second degree. McKinney's Penal Law S 240.30, subd. 3. | "Can spitting on another constitute ""offensive physical contact"" within the meaning of the harassment statute?" | 047025.docx | LEGALEASE-00163515-LEGALEASE-00163516 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Cramer, 789 N.W.2d 164 | 377E+48(2) | There was sufficient evidence that harassment defendant intended to communicate threats contained in letter to his ex-girlfriend to ex-girlfriend's current boyfriend. Although the letter was addressed to defendant's ex-girlfriend and primarily communicated to the ex-girlfriend, there were two places where the defendant's intent to communicate the threats to the current boyfriend were clear. "I'll fuck (your boyfriend) up. You can tell him that," showed defendant expected the boyfriend to learn of the threat, and, later in the letter, the defendant briefly addressed the boyfriend directly, not in the third person. I.C.A. S 708.7(1)(a). | "What is the ""constitutional safety valve"" contained within the harassment statute?" | "Threats, Stalking and Harassment - Memo 251 C - LB_66856.docx" | ROSS-003297101-ROSS-003297102 |
| State v. Spencer, 319 N.J. Super. 284 | 135H+59 | Jeopardy attached upon conclusion of bench trial in which trial court accepted all of State's evidence, such that State could not appeal order granting defendant's motion to suppress evidence; after receiving all of State's evidence, trial court recessed and trial was not continued, and practical effect of trial court's actions, statements, and order was that defendant was acquitted after suppression of evidence. U.S.C.A. Const.Amend. 5. | Does double jeopardy apply in bench-tried cases after the State presents evidence? | 016675.docx | LEGALEASE-00165155-LEGALEASE-00165156 |
| In re Montgomery Ward, 469 B.R. 522 | 51+2834 | Appropriate treatment of claim for lease rejection damages filed against Chapter 11 debtor required bankruptcy court to determine whether purported ground lease and sublease agreement were truly leases or constituted financing arrangement, and therefore bankruptcy court had "related to" jurisdiction, post-plan confirmation, to determine true character of agreements. 11 U.S.C.A. S 365; 28 U.S.C.A. SS 157, 1334(b). | Can there be a true lease when the lessor has no ownership interest? | 021016.docx | LEGALEASE-00164975-LEGALEASE-00164976 |
| In re Montgomery Ward, 469 B.R. 522 | 51+2834 | Appropriate treatment of claim for lease rejection damages filed against Chapter 11 debtor required bankruptcy court to determine whether purported ground lease and sublease agreement were truly leases or constituted financing arrangement, and therefore bankruptcy court had "related to" jurisdiction, post-plan confirmation, to determine true character of agreements. 11 U.S.C.A. S 365; 28 U.S.C.A. SS 157, 1334(b). | Does labeling an agreement a lease make it a true lease? | 021026.docx | LEGALEASE-00164965-LEGALEASE-00164966 |
| C. V. Floyd Fruit Co. v. Florida Citrus Comm'n, 128 Fla. 565 | 238+7(1) | The tax imposed on each standard-packed box of oranges, grapefruit, and tangerines grown in state for purpose of providing fund for advertising such citrus fruits was for public purpose and valid since the protection and promotion of the citrus industry in Florida is matter of public concern. F.S.A. S 599.05; F.S.A.Const.Fla. art. 9, S 5. | Can the legislature by its mere fiat make a private purpose a public purpose in order to authorize a tax? | 046417.docx | LEGALEASE-00164947-LEGALEASE-00164948 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bowens v. Gen. Motors Corp., 608 So. 2d 999 | 413+1057 | Because self-insurance is merely method of complying with workers' compensation laws and is not equivalent to possession of insurance policy, nonduplication of recovery section of statute governing Louisiana Insurance Guaranty Association (LIGA) did not apply to worker's claim against self-insured car manufacturer, and LIGA was liable for compensation benefits; presence of self-insurer does not preclude liability on part of LIGA to plaintiff for compensation benefits. LSA-R.S. 22:1382, subd. A(2), 22:1386(1), 23:1061. | "In workers compensation, when does liability become a solidary?" | 048775.docx | LEGALEASE-00164273-LEGALEASE-00164274 |
| In re Montgomery Ward, 469 B.R. 522 | 51+2834 | Appropriate treatment of claim for lease rejection damages filed against Chapter 11 debtor required bankruptcy court to determine whether purported ground lease and sublease agreement were truly leases or constituted financing arrangement, and therefore bankruptcy court had "related to" jurisdiction, post-plan confirmation, to determine true character of agreements. 11 U.S.C.A. S 365; 28 U.S.C.A. SS 157, 1334(b). | Does a label create a rebuttable presumption that the agreement is a true lease? | Secured Transactions - Memo 21 - C - VA_67964.docx | ROSS-003284941 |
| State v. Vorhees, 342 S.W.3d 446 | 110+1036.10 | State's question of an investigating officer as to whether she believed victim's allegations that defendant, victim's father, had raped victim was permissible, after defendant had broached the subject of officer's initial conclusions as to victim's credibility and her cessation of prior investigation involving the same parties, and thus, trial court did not commit plain error in overruling defendant's objection to State's question. | Are appellate courts especially wary of a claim that the trial court failed to declare a mistrial sua sponte? | Double Jeopardy - Memo 502 - C - SN_68281.docx | ROSS-003278427-ROSS-003278428 |
| Pierson v. State, 398 S.W.3d 406 | 135H+96 | For purposes of double jeopardy analysis, if a defendant consents to a mistrial, the state is not required to demonstrate manifest necessity before bringing the same charge again. U.S.C.A. Const.Amend. 5. | Can State put a defendant in jeopardy twice for the same offense? | 015984.docx | LEGALEASE-00166339-LEGALEASE-00166340 |
| State v. Schmear, 28 Wis. 2d 126 | 135H+95.1 | "Mistrial" is not judgment of acquittal. | Is mistrial not a judgment of acquittal? | Double Jeopardy - Memo 574 - C - SHB_68353.docx | ROSS-003279308-ROSS-003279309 |
| In re Chicago, Missouri & W. Ry. Co., 127 B.R. 839 | 349A+10 | Under Illinois law, check is not a security interest. Ill.S.H.A. ch. 26, P 1-201(37). | Is a check not a security interest? | Secured Transactions - Memo 162 - C - DHA_68484.docx | ROSS-003281408-ROSS-003281409 |
| Gee v. Brown, 144 S.W.3d 844 | 315+138 | Intestate decedent's wife, who inherited life estate in decedent's property as dower, could not convert life estate to fee interest by straw man transaction conveying her interest to her attorney, who then deeded purported fee interest to wife, although wife asserted claim of adverse possession of fee; wife created affidavit of descent, by which she purported to own fee interest by adverse possession, and her actions while in possession, including farming land, leasing tobacco, raising livestock, and paying property taxes, were not inconsistent with duties of a life tenant. | "Can a person having a life estate and nothing more, enlarge the estate by any possession, act or declaration?" | 03645.docx | LEGALEASE-00077166-LEGALEASE-00077167 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Stough, 318 Mo. 1198 | 110+134(2) | Joint affidavit for change of venue for prejudice of inhabitants, not showing affiants lived in different neighborhoods, held insufficient. Rev.St.1919, S 3973, as reenacted by Laws 1921, p. 206 (V.A.M.S. S 545.490). | Does an affidavit state facts or conclusions? | 07327.docx | LEGALEASE-00077577-LEGALEASE-00077579 |
| State v. Stough, 318 Mo. 1198 | 110+134(2) | Joint affidavit for change of venue for prejudice of inhabitants, not showing affiants lived in different neighborhoods, held insufficient. Rev.St.1919, S 3973, as reenacted by Laws 1921, p. 206 (V.A.M.S. S 545.490). | Does an affidavit state facts or conclusions? | 06078.docx | LEGALEASE-00077653-LEGALEASE-00077655 |
| In re Stevenson, 2008 WL 748927 | 366+31(4) | Under District of Columbia law as predicted by the Court of Appeals for the District of Columbia, deed of trust lender's knowledge, at time it agreed to refinance an earlier mortgage signed by debtor and her son, that son would not agree to sign deed of trust because he felt that interest rate was too high did not prevent lender, after advancing funds on deed of trust signed only by debtor in order to pay off earlier mortgage, from asserting claim to be equitably subrogated to rights of prior mortgagee, where deed of trust lender, by advancing funds other than as volunteer to completely pay off prior mortgage on which it was not primarily liable, satisfied all of requirements for equitable subrogation, given that subrogation would not work any injustice on son, but simply require him to honor indebtedness that he voluntarily assumed by signing prior mortgage, while preventing him from obtaining windfall of an unencumbered interest in mortgage/deed of trust property without having advanced even a penny for that benefit. | Is the purpose of equitable subrogation to prevent forfeiture and unjust enrichment? | Subrogation - Memo 161 ANG C.docx | ROSS-003283884-ROSS-003283885 |
| Unifund CCR Partners v. Shah, 407 Ill. App. 3d 737 | 172H+103 | Assignment of account to collection agency had to be manifested in a written contract that was completely separate from any contract to list the account with the agency; when statutes, which stated that assignee and owner of a non-negotiable chose in action could sue thereon in his or her own name and that account could be assigned to a collection agency to enable collection of the account in the agency's name as assignee for the creditor, were read together, they implied that assignment of account had to be manifested by a legal document in the formal sense, that is, by a written contract of assignment. S.H.A. 225 ILCS 425/8b(a); 735 ILCS 5/2-403. | Can affidavits be a substitute to testimony? | 003792.docx | LEGALEASE-00115675-LEGALEASE-00115677 |
| Gatewood v. Gatewood, 75 Va. 407 | 38+31 | The right arising from the assignment of a mortgage must be distinguished from a mere right of subrogation to the lien of the mortgage creditor. Assignment is the act of the parties, and depends generally upon intention. When the nature of the transaction is such as imports a payment of the debt, and a consequent discharge of the mortgage, there can, of course, be no assignment, for the lien of the mortgage is extinguished by the payment. | Is the right of subrogation founded upon contract? | 003631.docx | LEGALEASE-00120446-LEGALEASE-00120447 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tornatta Investments v. Indiana Dep't of Transp., 879 N.E.2d 660 | 148+266 | There are two stages in an action for inverse condemnation; first, the landowner must show that he or she has an interest in land that has been taken for a public use without having been appropriated under eminent domain laws, and if the trial court finds that a taking has occurred, the matter proceeds to the second stage where the court appoints appraisers and assesses damages. | "On what factor must the damages be based, once a taking has been established?" | 017398.docx | LEGALEASE-00121230-LEGALEASE-00121231 |
| K.D. v. Chambers, 951 N.E.2d 855 | 198H+806 | Until the medical review panel issues its opinion on a proposed medical malpractice complaint as to whether the evidence supports the conclusion that defendant acted or failed to act within the appropriate standards of care as charged in the complaint, the trial court has no jurisdiction to hear and adjudicate the malpractice claim. West's A.I.C. 34-18-8-4, 34-18-10-17(e). | Is the trial court's grant of a pretrial motion in limine an adjunct of its inherent authority to admit and exclude evidence? | 030893.docx | LEGALEASE-00124952-LEGALEASE-00124953 |
| Gort v. Gort, 185 So. 3d 607 | 257A+137.1 | Settlement agreement, which required older brother to voluntarily dismiss a petition to determine younger brother's incapacity, and required younger brother and cousin to provide older brother with notice of the younger brother's medical events, copies of his financial statements, and the deed to his house, did not violate state law or public policy, even though no adjudicatory hearing was held, and the three-member examining committee found younger brother to be incapacitated and lacking the capacity to contract, where the guardianship and probate rules did not prohibit a party voluntarily dismissing a petition to determine incapacity, or mandate an adjudicatory hearing. West's F.S.A. S 744.331(1-3). | "Can a party voluntarily dismiss any claim, and does such a dismissal deprive the court of jurisdiction over the subject matter of the claim dismissed?" | 038610.docx | LEGALEASE-00128201-LEGALEASE-00128202 |
| Luther v. Comm'r of Revenue, 588 N.W.2d 502 | 371+3406 | Application of nondomiciliary resident statute to taxpayer, a Florida domiciliary who maintained abode in state and spent more than half of tax year in state, did not implicate commerce clause by violating her right to interstate travel; requirement that taxpayer pay state income tax was triggered by conduct that took place wholly within state and that did not substantially affect interstate commerce and taxpayer's contacts with state provided an adequate basis for state to tax her worldwide net income. U.S.C.A. Const. Art. 1, S 8, cl. 3; M.S.A. S 290.01, subd. 7(2). | What are income taxes founded upon? | 045152.docx | LEGALEASE-00130585-LEGALEASE-00130586 |
| Billingsley v. St. Louis Cty., 70 F.3d 61 | 92+1475(9) | Government worker who performs technical, ministerial tasks cannot be discharged based on his political beliefs. U.S.C.A. Const.Amend. 1. | Is an employees political affiliation an appropriate requirement for performing ministerial duties? | 013382.docx | LEGALEASE-00130833-LEGALEASE-00130834 |
| Kurtz v. Morse Oil Co., 114 Conn. 336 | 48A+246(8) | In action for death of driver of automobile which collided with passing truck at curve in macadamized highway, instruction on what constitutes "traveled portion" held erroneous. Gen.St.1930, S 1639 (Rev.1949, S 2489). | What is meant by traveled portion of the highway? | 019246.docx | LEGALEASE-00136777-LEGALEASE-00136778 |
| L. Fullam & Co. v. Abrahams & Epstine, 29 Kan. 725 | 289+723 | The general rule that the property of an individual partner is to be first applied to his individual debts, before it can be resorted to by partnership creditors, does not apply as against partnership creditors who have obtained a prior lien on the property of an individual partner by garnishment or other appropriate judicial proceedings. | How will the partnership creditors be paid their share when there is no partnership property? | Partnership - Memo 395 - SNP.docx | ROSS-003288986-ROSS-003288987 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Watson v. Goldstein, 176 Minn. 18 | 83E+511 | Title to note may be effectually transferred by oral agreement without indorsement and physical change of possession. Gen.St.1923, S 7092 (M.S.A. S 335.195). | Is physical delivery essential for a valid transfer of title? | 009593.docx | LEGALEASE-00140576-LEGALEASE-00140577 |
| Williamson v. Osenton, 232 U.S. 619 | 170B+2413 | Where a wife justifiably left her husband and removed to another state with no intent of living elsewhere, she acquired a domicile in the latter state, so that she could sue a citizen of the state in which her husband resided in the federal court. | "Is ""domicile"" a technically pre-eminent headquarters that every person is compelled to have in order that certain rights and duties that have been attached to it by the law may be determined?" | 014502.docx | LEGALEASE-00144466-LEGALEASE-00144467 |
| United States v. Santopietro, 166 F.3d 88 | 110+1438 | Any error resulting from failure to instruct jury in prosecution under federal bribery statute that it had to find connection between alleged corruption and requisite federal funding was forfeited and could not be raised on motion to vacate, given absence of request at trial for such instruction or objection to lack of instruction, and given defendants' failure to show cause and prejudice excusing failure to raise issue on direct appeal. 18 U.S.C.A. S 666(a)(1)(B). | "In prosecution for bribery, does the government have to prove the bribe in some way affected federal funds?" | 012493.docx | LEGALEASE-00148426-LEGALEASE-00148427 |
| People v. Moore, 285 A.D.2d 827 | 352H+288 | Where defendant did not snatch pocketbook of complaining witness nor accost her nor attempt to rob her, but rather seized her by the throat and dragged her to a place of concealment and tried to overcome her resistance by force and where he did not desist when she fought him off and kept mauling her when she hit him with the few things she had at hand, intent to commit rape was inferred from defendant's conduct, even though initial assault took place in daylight and on public street. S.H.A. ch. 38, SS 4-4, 8-4(a). | Does an intent to commit rape need to be expressed? | 042997.docx | LEGALEASE-00149804-LEGALEASE-00149805 |
| Ryan v. May, 14 Ill. 49 | 83E+481 | The legal title to a note cannot be transferred by assignment by a separate instrument. | Can legal title to a note be transferred by a separate instrument in writing? | 009944.docx | LEGALEASE-00153814-LEGALEASE-00153815 |
| Adusumelli v. Steiner, 740 F. Supp. 2d 582 | 170B+2384 | Eleventh Amendment barred claims against state agencies asserted by nonimmigrant aliens challenging constitutionality of state statute governing licensing of pharmacists, although aliens could state claims for injunctive relief against agency heads in their official capacities pursuant to Ex Parte Young doctrine. U.S.C.A. Const.Amend. 11; N.Y.McKinney's Education Law S 6805(1)(6). | Can states add or take from the conditions lawfully imposed by Congress upon the residence of aliens in the United States? | 006989.docx | LEGALEASE-00159182-LEGALEASE-00159183 |
| State v. Rathbun, 287 Or. 421 | 135H+98 | Where first prosecution was terminated because jury was unable to reach verdict, and the inability of jury to reach verdict was assumed to have been caused by misconduct of bailiff, provision of Oregon Constitution prohibiting person from being put in jeopardy twice for same offense prevented application of statute permitting subsequent prosecution when previous prosecution was terminated on basis that jury was unable to agree upon verdict, and thus the prosecution of defendant was barred. U.S.C.A.Const. Amends. 5, 6; Const. art. 1, S 12; ORS 1.025(1), 17.305, 131.515(1), (2)(c, d), 131.525. | "If jeopardy is properly annulled for any reason, do proceedings stand upon a same footing as if a defendant had never been in jeopardy?" | 015824.docx | LEGALEASE-00166595-LEGALEASE-00166596 |
| Otter v. Gen. Ins. Co., 34 Cal. App. 3d 940 | 308+1 | "Representative" is synonymous with "agent." West's Ann.Civ.Code, S 2295. | "Is ""agent"" synonymous with ""representative""? " | Principal and Agent - Memo 582-SB_63598.docx | ROSS-003280997-ROSS-003280998 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Harris v. McKay, 138 Va. 448 | 308+92(1) | Where an agent's authority is proved, no question of privity can arise. The doctrine of principal and agent, whether disclosed or undisclosed, recognizes that privity of contract exists between the principal and one dealing with the agent. The act of the agent is the act of the principal. | Is the act of the agent the act of the principal? | Principal and Agent - Memo 342 - RK_61930.docx | ROSS-003281600-ROSS-003281601 |
| ACE Am. Ins. Co. v. Sandberg, Phoenix & Von Gontard, PC., 900 F. Supp. 2d 887 | 46H+32 | Under Illinois choice of law rules, applying a "most significant contacts" test, the law of Illinois, not Missouri, governed the viability of equitable subrogation claims asserted by excess and umbrella insurers against a law firm whose alleged malpractice in representing their insured in underlying litigation purportedly caused the insurers to pay an inflated amount to settle the lawsuit; while the firm had its principal place of business in Missouri, it also had four Illinois offices, two named attorneys were licensed in Illinois, the injury was the forced payment of the huge settlement, which was mandated by a judge's order issued in Illinois, and the conduct causing the injury, the alleged malpractice, was best viewed as having occurred in Illinois, where the case was litigated. Restatement (Second) of Conflict of Laws S 145. | What is the distinction between conventional or contractual subrogation and legal or equitable subrogation? | Subrogation - Memo 184 - ANG C.docx | ROSS-003282247-ROSS-003282249 |
| Florida Farm Bureau Ins. Co. v. Martin, 377 So. 2d 827 | 217+3515(1) | Where parties stipulated that owners' property damage resulting from fire totaled $110,000, that recovery from tort-feasor's insurer would be the maximum policy limit of $50,000, and that recovery from tort-feasor would be maximum collectable amount of $2,500 and where owner's fire insurer paid owners approximately $42,535 for fire losses, owners' insurer was not entitled to subrogation from funds recovered by its insureds in suit against tort-feasor and tort-feasor's insurer because owners' damage of $110,000 exceeded total recovery of $95,035. | "Do equitable principles apply, even when the subrogation is based on a contract since subrogation is an offspring of equity?  " | Subrogation - Memo 84 - RM C.docx | ROSS-003285237-ROSS-003285238 |
| Denver & R.G.W.R., Co. v. Pub. Utilities Comm'n, 142 Colo. 400 | 70+8 | The validity of an order of the Public Utilities Commission enlarging the services that a carrier may render is to be tested by the same rules as the rules governing the issuance of a new certificate to a new carrier. | "Is the structure of the Public Utility Commission (""PUC"") powers based on that of a regulated monopoly?" | Public Utilities - Memo 176 - AM.docx | ROSS-003285308-ROSS-003285309 |
| Billingsley v. St. Louis Cty., 70 F.3d 61 | 92+1475(9) | Government worker who performs technical, ministerial tasks cannot be discharged based on his political beliefs. U.S.C.A. Const.Amend. 1. | Is an employee's political affiliation an appropriate requirement for performing ministerial duties? | Clerks of court - Memo 114 - RK.docx | ROSS-003285845-ROSS-003285846 |
| Grogan v. U.S., 346 F.Supp. 564 | 220+3095 | Partnership is not a taxable entity or taxpayer in sense that it is liable for taxes but is separate entity or taxpayer for income accounting and reporting purposes. 26 U.S.C.A. (I.R.C.1954) SS 701, 703. | Is a partnership a taxpaying entity? | Partnership - Memo 340 - JS.docx | ROSS-003290549-ROSS-003290550 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Letell, 103 So. 3d 1129 | 350H+642 | Trial court adequately considered statutory criteria and did not manifestly abuse its discretion in sentencing defendant convicted of vehicular homicide and fourth-offense operating a vehicle while intoxicated (DWI) to consecutive terms of 30 years for DWI and 30 years for vehicular homicide; defendant had been convicted of multiple DWI offenses and had been on felony probation therefor at least twice, current offenses took one life and endangered others, and defendant's criminal history and probation history indicated there was little likelihood that he could be rehabilitated. LSA-C.Cr.P. art. 894.1(A)(1, 3), (B)(5, 9, 12). | Do federal and state constitutions provide that no person shall be put in jeopardy twice for the same criminal offense? | Double Jeopardy - Memo 919 - C - SK_67708.docx | ROSS-003293640-ROSS-003293641 |
| Paladino v. Adelphi Univ., 89 A.D.2d 85 | 141E+954 | If a private school were to accept a student's tuition and thereafter provide no educational services, an action for breach of contract might lie and, similarly, if the contract were to provide for certain specified services such as for example, a designated number of hours of instruction and the school failed to meet its obligation, a contract action with appropriate consequential damages might be viable. | Should courts become engaged in determining the propriety of courses of instruction adopted by a private school? | Education - Memo 359 - C -KS_65924.docx | ROSS-003294090-ROSS-003294091 |
| United States v. Lopreato, 83 F.3d 571 | 63+16 | Presentence report (PSR) prepared by probation officer indicated that alternative fine was available on convictions of pension plan trustee for receiving unlawful payments and, thus, trustee had sufficient notice to support sentencing court's imposition of $250,000 alternative fine as departure sentence. 18 U.S.C.A. S 3571(b)(3); Fed.Rules Cr.Proc.Rule 32, 18 U.S.C.A. | Is the sentencing court required to provide the parties with prior notice of its intent to depart from the Guidelines sua sponte? | Bribery - Memo 1057 - C - ML_65545.docx | ROSS-003296981-ROSS-003296982 |
| Cheek v. United States, 498 U.S. 192 | 220+5263.35 | Defendant's good-faith belief that income tax law was unconstitutional as applied to him did not provide defense to charges of willfully attempting to evade income taxes and failing to file income tax returns, notwithstanding claim that, because of his belief in the unconstitutionality of the tax laws as applied to him, the income tax laws could not legally impose any duty upon him of which he should have been aware. 26 U.S.C.A. SS 7201, 7203. | Is the rule Ignorance of law is no defense to criminal prosecution a part of legal system? | Disorderly Conduct-Memo 52- GP.docx | ROSS-003305063-ROSS-003305064 |
| Bologna v. City & Cty. of San Francisco, 192 Cal. App. 4th 429 | 24+113 | Purpose of California statute requiring state authorities to notify federal authorities about the immigration status of drug arrestees is to combat the illegal drug trade. West's Ann.Cal.Health & Safety Code S 11369. | Was the chief legislative purpose of Section 11369 the regulation of immigration rather than of the sales and use of narcotics? | "Aliens, Immigration and Citizenship - Memo 145 - RK_64783.docx" | ROSS-003308371-ROSS-003308372 |
| See v. City of Seattle, 387 U.S. 541 | 349+79 | Administrative entry, without consent, upon portions of commercial premises which are not open to public may only be compelled through prosecution or physical force within framework of warrant procedure. U.S.C.A.Const. Amend. 4. | Can commercial premises which are open to the public be reasonably inspected in more situations than private homes? | Inspection - Memo 7 - SH.docx | ROSS-003308780-ROSS-003308782 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Lindsey, 595 F.2d 5 | 411+8 | The fact that title to land on which the violations occurred was in the State of Idaho, in that campsite had been located on the riverbed, did not deprive United States of regulatory control over conduct of defendants who allegedly, without proper permits, camped and built a campfire on portion of river which was surrounded by national forests. 16 U.S.C.A. SS 460gg, 551; Wild and Scenic Rivers Act, S 1, 16 U.S.C.A. S 1271; U.S.C.A.Const. art. 4, S 3, cl. 2. | Can conduct on non-federal land be regulated under  261.5(c)? | Woods and Forests - Memo 78 - RK_61326.docx | ROSS-003309951-ROSS-003309952 |
| Macchiavelli v. Shearson, Hammill & Co., 384 F. Supp. 21 | 25T+119 | Breaches of contract are the archetypal kinds of disputes referable to arbitration. 9 U.S.C.A. S 1 et seq. | Does a complaint sounding in tort prevent arbitration if the underlying contract embraces the disputed matter? | Alternative Dispute Resolution - Memo 351 - RK.docx | ROSS-003310566-ROSS-003310568 |
| Aetna Life Ins. Co. v. McLaughlin, 370 S.W.2d 229 | 388+194(11) | Instruction, in action on group accidental death policy excepting death resulting from suicide, that suicide is intentional self-destruction and that one may commit suicide although insane or intoxicated so long as act is result of exercise of his own will in any degree, and he understands nature and probable consequences of his act, was not objectionable on ground that it failed to state that insured's understanding of nature and probable consequences of his acts did not have to be rational or on ground that it was comment on weight of evidence. | Is suicide an intentional act? | Suicide - Memo 2 - AKA.docx | ROSS-003314222-ROSS-003314223 |
| Kaiser v. Doll-Pollard, 398 Ill. App. 3d 652 | 401+2 | Phrase "transaction or some part thereof" in statute making venue proper in any county "in which the transaction or some part thereof occurred out of which the cause of action arose" includes all the facts that the plaintiff bears the burden of proving. S.H.A. 735 ILCS 5/2-101. | What is the legislative intent behind the venue statute? | Venue  - Memo 35 - RM.docx | ROSS-003315938-ROSS-003315939 |
| Prince George's Hosp. Ctr. v. Advantage Healthplan Inc., 865 F. Supp. 2d 47 | 366+21 | "Out-of-network" hospital, which provided emergency services under the Emergency Medical Treatment and Active Labor Act (EMTALA) to Medicaid-eligible patients insured under managed care organization's (MCO) plan, failed to state equitable subrogation claim against MCO under District of Columbia (D.C.) law because it did not demonstrate that the patients would have claims for monetary compensation against MCO which would result in a "debt" that hospital extinguished, nor had hospital identified existing claims that the patients made against MCO for which hospital could step into their shoes to advance. Emergency Medical Treatment and Active Labor Act, S 1867(b)(1), 42 U.S.C.A. S 1395dd(b)(1). | "Will equitable subrogation arise when the paying party has a liability, claim, or fiduciary relationship with the debtor?" | Subrogation - Memo 253 - VP C.docx | ROSS-003322310-ROSS-003322311 |
| Auers v. Progressive Direct Ins. Co., 878 N.W.2d 350 | 217+2787 | Discount of approximately $85,869.59 that health insurer negotiated with providers was "collateral source" reducing past medical expenses below $100,000 limit of automobile liability coverage, even though accident victim's surviving spouse had paid for assignment of health insurer's subrogation rights, and, thus, tortfeasor was not underinsured; health insurer only had subrogation lien in amount paid. M.S.A. S 548.251(2). | "Is subrogation the substitution of one person for another so that he may succeed to the rights of the creditor in relation to the debt or claim and its rights, remedies, and securities?" | Subrogation - Memo 309 - RM C.docx | ROSS-003323410-ROSS-003323411 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Harmon, 444 B.R. 696 | 366+31(4) | Under Texas law, equities warranted equitable subrogation of lender in borrowers' mortgage refinance transaction to prior lien on borrowers' homestead of mortgagee that was paid off through funds obtained in refinance transaction where borrowers' position vis-a-vis their obligations to lender had already been improved greatly due to court's invalidation of lender's lien under state constitution, lender, which had extended loan with principal balance of $1,268,598.87, plus 14% interest annually, could at most recover through subrogation $986,992.06 payoff amount, plus 6% interest, borrowers were active participants in attempt to dodge state's home equity laws underlying invalidation of lender's lien, and borrowers never made any payments to lender. Vernon's Ann.Texas Const. Art. 16, S 50(c, e). | Is purpose of the equitable subrogation to prevent the unjust enrichment of debtor who owed the debt that was paid by party seeking subrogation? | Subrogation - Memo 378 - VP C.docx | ROSS-003326208-ROSS-003326209 |
| Kjerstad v. Ravellette Publications, 517 N.W.2d 419 | 388+178 | On motion for directed verdict, trial court must accept evidence that is most favorable to party against whom motion is sought, and must indulge all legitimate inferences that can fairly be drawn from evidence in favor of nonmoving party. | "Do motions in limine seek a court order requiring parties, attorneys, and witnesses not to disclose certain facts unless and until permission of the court is first obtained outside the presence and hearing of the jury? " | Pretrial Procedure - Memo # 920 - C - TJ.docx | ROSS-003327650-ROSS-003327651 |
| Eagle Fabricators v. Rakowitz, 344 S.W.3d 414 | 13+60 | Order setting aside consolidation of steel erector's breach of contract claim against steel fabricator based on nonpayment of services performed on project for construction of middle school, high school, and firehouse with erector's claim against bond insurer on same project was not abuse of discretion, since fabricator's motion for consolidation was filed four weeks before trial on breach of contract claim, and therefore, consolidation added new party to case that was to be soon tried before jury, which would have necessitated setting new trial date in case that had already been set for trial four times, and motion for consolidation was heard at hearing attended only by fabricator's counsel. Vernon's Ann.Texas Rules Civ.Proc., Rule 174. | Do a trial court have not only the authority but the responsibility to review any pre-trial order upon a proper motion? | Pretrial Procedure - Memo # 1405 - C - SHB.docx | ROSS-003328254-ROSS-003328255 |
| Faubourg Marigny Imp. Ass'n v. City of New Orleans, 195 So. 3d 606 | 414+1178 | Provision of municipal code stating that "A proposed ordinance shall not be altered or amended during its consideration so as to nullify its original purpose or so as to accomplish an object not germane to its original purpose" does not supersede or obviate statutory procedural requirements that zoning amendments be reviewed by planning commission so as to authorize city council to amend a pending zoning ordinance without first referring it to the planning commission if the amendment is germane to the ordinance's original purpose. LSA-R.S. 33:4724, 33:4725. | Is the elimination of adverse effects of land use considered as a purpose of zoning? | Zoning and Planning - Memo 9 - RM.docx | LEGALEASE-00000664-LEGALEASE-00000665 |
| Sheldon v. Kivett, 110 N.C. 408 | 231+174(18) | Where an affidavit for attachment in a justice's court, on the ground that defendant is a nonresident, is defective in failing to state that the amount claimed is due on a justice's judgment, or that defendant cannot be found in the state after due diligence, the superior court, on appeal, may amend so as to state such facts, under Code, S 908, providing that in such cases the court may amend "either in form or in substance." | Should an affidavit be re-sworn after amendment? | Affidavits - Memo 17 - MS.docx | LEGALEASE-00001002-LEGALEASE-00001004 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nies v. Town of Emerald Isle, 780 S.E.2d 187 | 148+2.42 | Beach-driving ordinances, which included ordinance permitting public driving on area of beach from foreshore to ten feet seaward of dune closest to ocean, did not constitute physical invasion of dry sand beach portion of property owners' ocean-front property, and thus was not taking under Takings Clause; public beach driving across dry sand beach was permissible pursuant to public trust rights, property owners had never had right to exclude public traffic from public trust dry sand beach portions of property, town had authority to both ensure public access to ocean beaches and to impose appropriate regulations pursuant to its police power, and contested beach-driving ordinances did not create a right of public relative to property, but rather regulated right public already enjoyed. U.S.C.A. Const.Amend. 5; West's N.C.G.S.A. SS 1-45.1, 77-20, 160A-308. | Which law creates and defines property rights? | Property - Memo 4 - ANG.docx | LEGALEASE-00001419-LEGALEASE-00001420 |
| Stephens v. Thompson, 177 Ga. App. 528 | 50+2 | Transfer of property by seller to prospective purchaser on approval creates "bailment" under O.C.G.A. S 44-12-40. | Does bailment involve the delivery of property? | 07385.docx | LEGALEASE-00079049-LEGALEASE-00079050 |
| Sorensen v. Sorensen, 769 P.2d 820 | 157+572 | Valuation of $62,000 placed on goodwill of husband's dental practice for purposes of equitable distribution was sufficiently supported by testimony of wife's expert, who was employed by brokerage firm that had been in business over 18 years and sold more than 250 dental practices and who had personally been involved in 12 appraisals and six sales of practices; expert derived goodwill figure by considering factors such as history of earnings, length of time husband had been in practice, number of patients, location of practice, facilities and equipment, accounts receivable, and transferability of profits to prospective buyer, goodwill value expressed as factor equaling 34% of gross receipts was on low end of scale for dental practices in state, and husband's expert who attempted to rebut testimony was not involved in sale and valuation of dental practices. | Is future earning capacity per se goodwill? | Goodwill - Memo 13 - ANG..docx | LEGALEASE-00002164-LEGALEASE-00002166 |
| Garber Bros. v. Evlek, 122 F. Supp. 2d 375 | 212+1383 | Wholesale service company for gas stations and convenience stores was likely to succeed on its claim that it had protectable interest in its good will that would be harmed if enforcement of restrictive covenant was denied, and thus was entitled to preliminarily enjoin former sales representative from soliciting business from customers with whom he had developed relationship with on company's behalf; good will was important to company's business, and company expended significant sums to develop good will. | Is goodwill generated by repeat business with existing customers? | 004391.docx | LEGALEASE-00116671-LEGALEASE-00116673 |
| Petty v. Chrysler Corp., 343 Ill. App. 3d 815 | 192+1 | Goodwill is the value of a business or practice that exceeds the combined value of the physical assets. | Do all businesses have goodwill? | 004405.docx | LEGALEASE-00116591-LEGALEASE-00116592 |
| Androscoggin Cty. Sav. Bank v. Campbell, 282 A.2d 858 | 172H+520 | Actions of mutual savings bank in amending its bylaws to permit a classification of deposit accounts subject to withdrawal by check and in permitting its depositors and customers to open such accounts were not authorized by statute. 9 M.R.S.A. SS 401 et seq. 441-732, 443, 477, subd. 5, 511, 564. | "What constitutes a commercial bank, under the law?" | Banks and banking - Memo 16 - JS.docx | ROSS-003298077-ROSS-003298078 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Paige v. Town Plan & Zoning Comm'n of Town of Fairfield, 235 Conn. 448 | 414+1383(5) | Even if trees and wildlife had no economic value, town plan and zoning commission deciding whether to grant request to subdivide, excavate, and fill property was obligated to consider whether proposed development would unreasonably destroy natural resource and whether any feasible and prudent alternatives existed. C.G.S.A. S 22a-19. | Is prime agricultural land considered a natural resource? | Environmental Law - Memo 25 - JS.docx | ROSS-003284811-ROSS-003284813 |
| City of Oakland v. Oakland Raiders, 31 Cal. 3d 656 | 148+13 | So long as adequate controls are imposed upon retransfer of condemned property to private ownership, "public purpose" which justifies taking may be so served and protected. West's Ann.C.C.P. SS 1240.050, 1240.120(b). | Can condemnation and inverse condemnation be identified as different forms of the same limitation on governmental power? | Eminent Domain - Memo 7 - AKA.doc | LEGALEASE-00002469-LEGALEASE-00002470 |
| Wood v. Commonwealth, 140 Va. 491 | 110+400(8) | In prosecution of broker for conversion of stock certificate, bookkeeper's evidence as to firm's insolvency and defendant's losses held not erroneous on ground books were best evidence. Ky.St. S 1358a. | Are shares of stock subject matter of embezzlement? | 004648.docx | LEGALEASE-00117003-LEGALEASE-00117004 |
| United States v. Bengali, 11 F.3d 1207 | 350H+976 | Two level increase for Hobbs Act defendant's leadership role in extortion offense was supported by evidence that defendant made original contacts with victim, made most of the threatening statements, and collected the money. U.S.S.G. S 3B1.1, 18 U.S.C.A.App. | Is the Hobbs Act to be narrowly applied? | Extortion - Memo 5 - RK.docx | ROSS-003298899-ROSS-003298900 |
| Sands Bros. & Co. v. Zipper, 2003 WL 22439789 | 25T+421 | Securities brokerage firm waived right to claim that it was not party to arbitration agreement contained in employment contract signed by firm of which it had acquired assets, when acquiring firm had participated in arbitration discovery and moved for injunction staying arbitration over one year after employee filed first arbitration claim, and only 22 days before arbitration was scheduled to begin. | Is an arbitral award binding only when a party has agreed to arbitrate? | Alternative Dispute Resolution - Memo 94 - JS.docx | LEGALEASE-00003409-LEGALEASE-00003411 |
| State v. Kelly, 148 Wis. 2d 774 | 110+112(1) | Threat of extortion made in Michigan, but received in Wisconsin, was sufficient to constitute a crime in Wisconsin. W.S.A. 943.30(1), 971.19. | What are the elements of extortion? | Extortion- Memo 10 - JS.docx | LEGALEASE-00003537-LEGALEASE-00003538 |
| State v. Foret,188 So. 3d 154 | 217+1022 | Sledge Jeansonne Louisiana Insurance Fraud Prevention Act and Louisiana Unfair Trade Practice and Consumer Protection Act (LUPTA) operated prospectively only, and therefore could not be retroactively applied to conduct occurring prior to the effective dates of statutes; Sledge Jeansonne Act created statutory right and authority of Louisiana Attorney General to bring civil action to collect damages and penalties against individuals who committed insurance fraud and was thus, clearly substantive law, legislature did not expressly provide that either statute applied retroactively, and conduct regulated by statutes was criminal conduct. LSA-R.S. 22:1931 et seq; LSA-R.S. 51:1401 et seq. | Can a persons rights be limited based on his past convictions? | Convicts- Memo 01 - JS.docx | ROSS-003288204-ROSS-003288205 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Team Enterprises v. W. Inv. Real Estate Tr., 647 F.3d 901 | 149E+445(1) | Under useful product doctrine, manufacturer of "filter-and-still" machine for filtering and recycling water lacked requisite intent to qualify as "arranger," for purposes of dry cleaning store operator's contribution action under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA); manufacturer's intent was not inferable from machine's design, even if machine when used by operator generated wastewater containing dissolved perchlorethylene (PCE) such that operator had not choice but to dispose of wastewater by pouring it into sewer, as self-evident purpose of machine was to recover and recycle usable PCE that would otherwise be discarded. Comprehensive Environmental Response, Compensation, and Liability Act of 1980, S 107(a)(3), 42 U.S.C.A. S 9607(a)(3). | Should the action causing the entry of pollutants have to be intentional to cause a trespass? | 000754.docx | LEGALEASE-00117476-LEGALEASE-00117477 |
| Schuman v. Greenbelt Homes, 212 Md. App. 451 | 233+1076 | Assuming existence of a landlord-tenant relationship between cooperative housing association and its members, association's failure to stop unit owner's neighbor from smoking did not go to the essence of association's contractual obligations, and thus did not breach any implied covenant of quiet enjoyment, where neighbor's smoking cigarettes on his outdoor patio for up to an hour and a half each evening did not amount to a nuisance. | Is an intrusion on a party's right or interest in exclusive possession of his or her property considered a trespass? | Trespass - Memo 30 - RK.docx | LEGALEASE-00004269-LEGALEASE-00004271 |
| Minto v. Sprague, 124 P.3d 881 | 386+2 | Strict liability is most commonly applied in matters of product liability, ultrahazardous activities, and trespass that, by their nature, may cause harm to others regardless of the exercise of due care. | Is trespass a strict liability tort? | Trespass - Memo 52-JS.docx | LEGALEASE-00004300-LEGALEASE-00004301 |
| Khan v. Shiley Inc., 217 Cal. App. 3d 848 | 313A+155 | Plaintiff who alleges product is defective must prove that product has malfunctioned to establish liability for injury caused by defect; owner of product, functioning as intended but containing inherent defect which may cause product to fail in future, does not have action against manufacturer. | What is products liability law? | 000639.docx | LEGALEASE-00117881-LEGALEASE-00117882 |
| Al-Salamah Arabian Agencies Co. v. Reece, 673 F. Supp. 748 | 83+80.5 | Marketing services contract entered into in Saudi Arabia concerning sale and renewal of insurance policies in Saudi Arabia involved foreign commerce, and hence, was covered by Arbitration Act. 9 U.S.C.A. S 1 et seq. | What is the policy behind the Federal Arbitration Act? | 001150.docx | LEGALEASE-00118387-LEGALEASE-00118388 |
| Barton v. Industrial Com'n of State of Utah, 723 P.2d 392 | 413+212 | Family partnership ranch with five or fewer nonfamily employees was "firm" within meaning of statute exempting such agricultural employers from responsibility for workers' compensation benefits. U.C.A.1953, 35-1-42(2)(a, b). | Does the word firm mean partnership? | Partnership - Memo 36 - JS_62235.docx | ROSS-003278789-ROSS-003278790 |
| Lott v. Levitt, 469 F. Supp. 2d 575 | 237+6(1) | Under Illinois law, vague, unprovable statements and statements of opinion do not give rise to a defamation claim. | Do vague statements constitute defamation? | Libel and Slander - Memo 104 - JS.docx | LEGALEASE-00006018-LEGALEASE-00006019 |
| Murrell v. Murrell, 33 La.Ann. 1233 | 289+412 | A partnership not embracing all the property of each partner is not a universal partnership. | What are the elements of a universal partnership? | 001853.docx | LEGALEASE-00118777-LEGALEASE-00118778 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sadlier v. Payne, 974 F. Supp. 1411 | 78+1088(5) | Inmate who sued state judge, state prosecutor and defense attorney for civil rights and constitutional violations and "constructive treason" had to show that his convictions or sentences were reversed on direct appeal, expunged by executive order, declared invalid by state tribunal, or called into question by federal court's issuance of writ of habeas corpus, as claims were based on constitutional violations that occurred in relation to underlying state criminal convictions. 42 U.S.C.A. S 1983. | Will an attempt to establish treason by circumstantiality constitute constructive treason? | 001634.docx | LEGALEASE-00119068-LEGALEASE-00119069 |
| Musson v. Lake, 45 U.S. 262 | 8.30E+11 | Liabilities of drawers and endorsers of bill of exchange were governed by law of state where bill was drawn and endorsed. | Does the law of the place of performance of a contract govern the contract and the liabilities of the person contracting? | 13343.docx | LEGALEASE-00081407-LEGALEASE-00081408 |
| Musson v. Lake, 45 U.S. 262 | 8.30E+11 | Liabilities of drawers and endorsers of bill of exchange were governed by law of state where bill was drawn and endorsed. | Does the law of the place of performance of a contract govern the contract and the liabilities of the person contracting? | 002052.docx | LEGALEASE-00119419-LEGALEASE-00119420 |
| Leckie v. Cty. of Orange, 65 Cal. App. 4th 334 | 371+2571 | Transfer of residence, placed in revocable trust, to settlor's cohabitant as life estate upon settlor's death was "change in ownership" as statutory basis for reassessment of the property for real property tax purposes; settlor divested himself of his primary interest in residence by granting possession and beneficial use to cohabitant upon settlor's death, and life estate was not held by settlor or settlor's spouse. West's Ann.Cal.Rev. & T.Code 60; Cal.Code Regs. title 18, S 462.060(a). | Do long term leases amount to change of ownership? | Landlord and Tenant - Memo 61 - ANG.docx | LEGALEASE-00008173-LEGALEASE-00008175 |
| State v. Automatic Merchandisers of Am., 64 Wis. 2d 659 | 29T+161 | Use of the term "the public," in statute which prohibits the making of any deceptive or misleading representation to the public in connection with the sale of a product does not mean that the statement must be made to a large audience, as in some situations, one person may constitute the public. W.S.A. 100.18(1). | Can a single customer be a public utility? | Public utilities - Memo 27 - RM.docx | LEGALEASE-00008206-LEGALEASE-00008207 |
| Usibelli Coal Mine v. United States, 54 Fed. Cl. 373 | 220+4958 | A taxpayer obtaining a money judgment in a suit seeking monetary damages stemming from its payment of an excise tax found violative of the Export Clause of the Constitution is not entitled to award of prejudgment interest under statute authorizing such award when judgment is rendered "for any overpayment in respect of any internal-revenue tax," as a suit for damages arising out of the violation of the Export Clause is not a suit for an "overpayment" within the meaning of the statute. U.S.C.A. Const. Art. 1, S 9, cl. 5; 28 U.S.C.A. S 2411. | "What is an ""illegal exaction action""?" | 002449.docx | LEGALEASE-00119923-LEGALEASE-00119925 |
| State v. Lee, 196 Miss. 311 | 361+1132 | The meaning of "daughter" as commonly used is the female offspring of a man or woman, an immediate female descendant. | How is the term daughter legally described? | 003205.docx | LEGALEASE-00120562-LEGALEASE-00120563 |
| Dun & Bradstreet v. Greenmoss Builders, 472 U.S. 749 | 92+2175 | Permitting recovery of presumed and punitive damages in defamation cases absent showing of "actual malice" does not violate the First Amendment when the defamatory statements do not involve matters of public concern. U.S.C.A. Const.Amend. 1. (Per Justice Powell with two Justices joining and the Chief Justice and a Justice concurring in judgment). | How do Courts determine whether statements involve a matter of public concern? | Libel and Slander - Memo 155 - RK.docx | LEGALEASE-00009802-LEGALEASE-00009803 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gaynor v. Williams, 366 So.2d 1243 | 217+2278(9) | Ownership of apartment complex, even though it was not insured's only or main occupation, constituted "business pursuit" within meaning of policy exclusion in umbrella personal liability policy, and policy therefore did not provide coverage for accident arising out of operation of apartment complex. | "Can business be defined to include a trade, profession or occupation?" | Partnership - Memo 87 - RK.docx | ROSS-003284763-ROSS-003284764 |
| Mangum v. State, 64 So. 3d 503 | 210+541 | Indictment must contain all the essential elements of the crime charged in order for a defendant to be properly convicted. | Is killing without the authority of law an element of murder? | Homicide - Memo 103 - RK.docx | LEGALEASE-00010422-LEGALEASE-00010423 |
| Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1 | 92+4372 | Final notice contained in municipal utility's bills, stating that payment was overdue and that service would be discontinued if payment was not made by a certain date, was not reasonably calculated to inform customers of availability of procedure forprotesting proposed termination of utility service as unjustified, and thus deprived customers of notice to which they were entitled under the due process clause. U.S.C.A.Const. Amend. 14. | Is utility service a necessity of modern life? | 003519.docx | LEGALEASE-00120891-LEGALEASE-00120892 |
| State v. Steele, 224 Neb. 476 | 257A+439.1 | Defendant, who was acquitted by reason of insanity in prosecution for possession of short shotgun and being felon in possession of firearm and who was committed to mental hospital for 90-day evaluation period, was not prejudiced by failure of mental hospital and trial court to provide and review report by examining psychiatrist ten days prior to expiration of 90-day evaluation period or by failure of trial court to hold evidentiary hearing prior to expiration of 90-day evaluation period; statute setting forth time limits for evaluation of defendant was directory and not mandatory. Neb.Rev.St. SS 29-3701, 29-3702. | Should the Public Service Commission have a decision for an issue within 30 days of a hearing? | Public Utilities - Memo 62 - AM.docx | ROSS-003285487-ROSS-003285488 |
| Peverill v. Bd. of Sup'rs of Black Hawk Cty., 208 Iowa 94 | 92+3902 | Due process rule is not limitation on state's right to exercise police power, unless power is arbitrarily, unreasonably, or improperly exercised (Const. U.S. Amend. 14). | Whether the absolute prohibition of the use of shoddy in the manufacture of comfortables violates the due process clause? | Inspection - Memo 25 - SH.docx | LEGALEASE-00010997-LEGALEASE-00010998 |
| Aetna Life Ins. Co. v. McLaughlin, 370 S.W.2d 229 | 388+194(11) | Instruction, in action on group accidental death policy excepting death resulting from suicide, that suicide is intentional self-destruction and that one may commit suicide although insane or intoxicated so long as act is result of exercise of his own will in any degree, and he understands nature and probable consequences of his act, was not objectionable on ground that it failed to state that insured's understanding of nature and probable consequences of his acts did not have to be rational or on ground that it was comment on weight of evidence. | Is suicide self-destruction? | Suicide - Memo 23 - AKA.docx | ROSS-003287534-ROSS-003287536 |
| Richards v. Harper, 864 F.2d 85 | 334+21 | Removal of civil case against state senator from state to federal court was proper, though senator was not served with process prior to removal and federal court did not issue new process; senator waived lack of process by making general appearance, filing responsive pleading without disputing personal jurisdiction, and not questioning lack of service in his brief on appeal. | Will courts supply essential elements of a claim that are not initially plead? | 022929.docx | LEGALEASE-00122115-LEGALEASE-00122116 |
| Browning v. Hickman, 235 W. Va. 640 | 30+3361 | A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard. | Is a pre-trial ruling subject to change when the case unfolds? | 024220.docx | LEGALEASE-00122042-LEGALEASE-00122043 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Fiedler, 2016 PA Super 3 | 30+3209 | A trial court's decision to grant a motion in limine is subject to an evidentiary abuse of discretion standard of review. | What is a motion in limine? | Pretrial Procedure - Memo 363 - RK.docx | ROSS-003309146-ROSS-003309147 |
| In re Estate of Gassmann, 2015 ND 188 | 30+3370 | A district court has discretion to balance the probative value of proffered evidence against unfair prejudice and other relevant dangers, and the Supreme Court reviews that determination under the abuse-of-discretion standard. Rules of Evid., Rule 403. | Is a pre-trial exclusion of evidence by a motion in limine considered a preliminary order regarding the admissibility of evidence? | 041169.docx | LEGALEASE-00124091-LEGALEASE-00124092 |
| Slater v. Farmland Mut. Ins. Co., 334 N.W.2d 728 | 13+61 | A cause of action accrues only when all the necessary elements have occurred. | Must there be an actual loss to another for a cause of action? | Action - Memo # 345.docx | ROSS-003288162-ROSS-003288163 |
| Sourcecorp v. Norcutt, 229 Ariz. 270 | 266+1376 | Fact that home purchasers had obtained title insurance, from which they allegedly could recoup their losses, did not preclude home purchasers, who paid off a mortgage loan on the home, from receiving equitable subrogation, as basis for priority over judgment lien which had not been discovered by the title insurer. | Does the application of the doctrine of equitable subrogation depend upon the particular facts and circumstances of each case? | 043841.docx | LEGALEASE-00125098-LEGALEASE-00125099 |
| In re Stevenson, 2008 WL 748927 | 366+31(4) | Under District of Columbia law as predicted by the Court of Appeals for the District of Columbia, deed of trust lender's knowledge, at time it agreed to refinance an earlier mortgage signed by debtor and her son, that son would not agree to sign deed of trust because he felt that interest rate was too high did not prevent lender, after advancing funds on deed of trust signed only by debtor in order to pay off earlier mortgage, from asserting claim to be equitably subrogated to rights of prior mortgagee, where deed of trust lender, by advancing funds other than as volunteer to completely pay off prior mortgage on which it was not primarily liable, satisfied all of requirements for equitable subrogation, given that subrogation would not work any injustice on son, but simply require him to honor indebtedness that he voluntarily assumed by signing prior mortgage, while preventing him from obtaining windfall of an unencumbered interest in mortgage/deed of trust property without having advanced even a penny for that benefit. | Is equitable subrogation administered in the furtherance of justice? | Subrogation - Memo 1024 - C- CAT.docx | ROSS-003285209-ROSS-003285211 |
| In re Estate of Scott, 208 Ill. App. 3d 846 | 217+3513(4) | Medical subrogation clauses in insurance contracts are generally enforceable; furthermore, if clause is enforceable, it is not common-law concepts of subrogation but contract terms that control. | Can a right of subrogation arise by statute or contract? | 044335.docx | LEGALEASE-00125228-LEGALEASE-00125229 |
| Am. Alternative Ins. Corp. v. Hudson Specialty Ins. Co., 938 F. Supp. 2d 908 | 217+3506(1) | Primary liability insurer could not maintain claim for equitable indemnity under California law against excess liability insurer, since there was no underlying contractual relationship between the parties and, consequently, no independent duty of good faith and fair dealing. | Is the doctrine of equitable subrogation the natural consequence of a call for the application of equity to particular situations? | Subrogation - Memo 985 - C- CAT.docx | ROSS-003284959-ROSS-003284961 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cmty. Tr. Bank of Mississippi v. First Nat. Bank of Clarksdale, 150 So. 3d 683 | 366+31(4) | To allow secondary lien holder subrogation over primary lien holder would be inequitable, regardless of whether secondary lien holder had actual knowledge of primary lien holder's lien; secondary lien holder was on constructive notice of the lien by virtue of its having been recorded in the office of the chancery clerk, allowing secondary lien holder to subrogate itself to the primary lien holder position would result in prejudice to primary lien holder not only by the amount of the new loan it would be placed behind, but also by the fact that loan involved two completely unknown and unanticipated parties, and secondary lien holder could file a claim against the title insurance company that insured against the risk of an intervening lien and negligently failed to inform anyone about it. West's A.M.C. S 89-5-7. | Does the determination of the applicability of equitable subrogation ultimately done on a case-by-case basis? | 044418.docx | LEGALEASE-00125271-LEGALEASE-00125272 |
| Stevens v. United States, 21 Cl. Ct. 195 | 23+3.4(4) | Denial of farm partnership's application for participation in wheat subsidy program was not arbitrary and capricious; partnership was not producer under relevant statutory and regulatory provisions, inasmuch as individual partners were not actively engaging in farming and did not share risks of producing a crop. Agricultural Adjustment Act of 1938, S 385, 7 U.S.C.A. S 1385; Agricultural Act of 1949, S 412, as amended, 7 U.S.C.A. S 1429. | When would an agencys decision be considered arbitrary and capricious? | Agriculture - Memo 13-SB.docx | ROSS-003327063-ROSS-003327064 |
| Smith v. State Indus. Comm'n, 1938 OK 167 | 360+112.2(1) | Actions of district court judges in setting pretrial release bonds in criminal cases were judicial functions, for which State was entitled to immunity under Kansas Tort Claims Act (KTCA) with respect to action challenging release orders which had been entered. K.S.A. 75-6104(b). | Are judicial functions distinguished from ministerial acts? | Clerks of Court - Memo 27 - RK.docx | ROSS-003286664-ROSS-003286665 |
| Twp. of W. Windsor in Cty. of Mercer v. Nierenberg, 285 N.J. Super. 436 | 148+124 | In incorporating into Eminent Domain Act three alternative enumerated events for fixing date of valuation of condemned property, Legislature intended to protect condemnee from a substantial decrease in value of the property which is attributable to the cloud of condemnation caused by condemnor's acts; statute was designed also to protect the condemnor where value of the property substantially increased because of proposed governmental taking. N.J.S.A. 20:3-30. | What is the ordinary and natural consequence of a declaration of blight under the statutes eminent domain? | Eminent Domain - Memo 288 - GP.docx | ROSS-003300013-ROSS-003300014 |
| Chew v. KPMG, LLP, 407 F. Supp. 2d 790 | 95+1.11(3) | A finding of procedural unconscionability under New York law requires the party seeking to avoid the contract to prove both procedural and substantive unconscionability. | How do courts determine procedural unconscionability? | 007235.docx | LEGALEASE-00127229-LEGALEASE-00127230 |
| Moses v. Nat'l Bank, 149 U.S. 298 | 8.30E+58 | It is not essential to a bill of exchange that it should contain the words "for value received." | Do the words for value received import consideration to promissory note? | Bills and Notes - Memo 124 - BP.docx | LEGALEASE-00016792-LEGALEASE-00016793 |
| Okanogan Cty. v. Johnson, 156 Wash. 515 | 200+158 | County may try question of its title to road in action to abate obstructions therein as public nuisance. Rem.Comp.Stat. S 9920. | Is right of a municipal corporation to bring action for a remedy against a public nuisance recognized? | 019293.docx | LEGALEASE-00126877-LEGALEASE-00126878 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Young v. Delaney, 647 A.2d 784 | 46H+160 | Law partners' alleged agreement to annually distribute profits in excess of parties' annual draws pursuant to majority vote could be continued and effectuated during wind up phase of dissolved partnership, if partners so intended, where parties' agreement did not mention need for annual meetings of partners to determine distribution of excess profits. D.C.Code 1981, SS 41-132, 41-134(a)(1). | Is termination the last event which takes places in winding up a partnership? | 021933.docx | LEGALEASE-00127250-LEGALEASE-00127251 |
| Parry v. Administrators of Tulane Educational Fund, 828 So.2d 30 | 141E+1142 | University medical school faculty member's petition alleging that university was violating agreement with faculty members by not crediting money derived from work performed at hospital was a claim for additional compensation, not some other type of contractual claim, and thus three-year limitations period for compensation for services, not ten-year catch-all limitations period, applied to faculty members' class action lawsuit against university, although fees from patients for medical services had already been collected by university, since agreement was cooperative faculty group practice agreement, agreement did not create joint venture or partnership, and damages sought in petition consisted of "unpaid income." LSA-C.C. arts. 3494(1), 3499. | Is risk an important part of a partnership? | 021956.docx | LEGALEASE-00127275-LEGALEASE-00127276 |
| Mike Vaughn Custom Sports v. Piku, 15 F. Supp. 3d 735 | 231H+111 | Under Michigan law, a claim for breach of fiduciary duty and breach of duty of loyalty is really the opposite of a misappropriation claim in that it is the agent or employee that withholds information or conceals activity of his own when the relationship gives rise to a duty to disclose, whereas the essence of a misappropriation claim is the theft of the employer's information. M.C.L.A. S 445.1908(1). | Can an agent act in a dual capacity in which his interest conflicts with his duty? | Principal and Agent - Memo 41 - BP.docx | ROSS-003286897-ROSS-003286898 |
| State v. Baca, 1997-NMSC-018 | 67+9(2) | Defendant's entry into members-only retail store, as non-member, was not unauthorized entry, and he thus did not commit crime of burglary, even if he was aware that his companion who presented a membership card was also non-member, since there was no particular security or privacy interest at stake inside store that justified departure from presumption that retail store was open to public; defendant's entry into shopping area of store did not implicate feeling of violation and vulnerability associated with burglary, there was no unique security interest served by store's membership policies, and defendant's entry into store, albeit deceptive, granted him access to otherwise open shopping area. West's NMSA S 30-16-3. | What is the interest that the burglary statute protects? | 012693.docx | LEGALEASE-00128066-LEGALEASE-00128067 |
| N. Tr. Co. v. Consol. Elevator Co., 142 Minn. 132 | 366+35 | Right of subrogation expires if it appears that at time of payment the purpose was not to keep debt alive, but to extinguish it; and, when it is sought to enforce the right, something more must be shown than that defendant could have been compelled by original creditor to pay debt. | Can a right of subrogation be modified or extinguished by contract? | 043436.docx | LEGALEASE-00127781-LEGALEASE-00127782 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bombolaski v. First Nat. Bank, 55 Ind. App. 172 | 8.30E+104 | As between the original parties, delivery involves not only a change of possession but also an intent that the note shall become effective. | Can a note become negotiable after it is transmitted to another jurisdiction? | 009342.docx | LEGALEASE-00128994-LEGALEASE-00128995 |
| Citizens Nat. Bank in Abilene v. Cattleman's Production Credit Ass'n., 617 S.W.2d 731 | 401+5.2 | Plaintiff's suit did not fail to qualify as a suit for foreclosure of a mortgage or other lien under venue statute stating that suit for foreclosure or mortgage or other lien may be brought in county where property is situated on ground that plaintiff did not allege in his complaint that debtor was in default where plaintiff's petition was not attacked by special exceptions asserting its insufficiency on any ground to state a cause of action for lien foreclosure, plaintiff pleaded for judgment establishing a lien in its favor against property secured by debtor's indebtedness and for a declaration that plaintiff has present right of foreclosure under its deed of trust securing the payment of indebtedness upon default. Vernon's Ann.Civ.St. art. 1995, subd. 12. | Is the dominant purpose of a lawsuit a question of fact or a question of law? | 047485.docx | LEGALEASE-00128872-LEGALEASE-00128873 |
| Halt v. Gama ex rel. Cty. of Maricopa, 238 Ariz. 352 | 102+198 | Under prior version of rule requiring that request for pre-appeal attorney fees be made in the briefs on appeal, or by written motion filed and served prior to oral argument or submission of the appeal, a claimant may not, by later applying to the trial court for the fees, circumvent the requirements of the rule. 17B A.R.S. Civil Appellate Proc.Rules, Rule 21(c) (2014). | Is a superior court's entry of judgment based on a specific mandate appealable? | Appeal and error - Memo 60 - RK.docx | LEGALEASE-00019025-LEGALEASE-00019026 |
| Kool Radiators v. Evans, 229 Ariz. 532 | 106+207.1 | Although the Court of Appeals cannot invoke its appellate jurisdiction to review an order awarding attorney fees entered with a dismissal without prejudice, it can invoke its special action jurisdiction to review a challenge to such an order. A.R.S. S 12-120.21(A)(4); 17B A.R.S. Special Actions Rules of Proc., Rule 1. | Is a court obligated to examine its jurisdiction over an appeal? | 008242.docx | LEGALEASE-00129466-LEGALEASE-00129467 |
| Mazurek v. Great Am. Ins. Co., 284 Conn. 16 | 30+80(6) | Partial summary judgment for property owner that disposed of all claims except negligent employment of incompetent or untrustworthy contractor did not create a final judgment from which injured worker could appeal, where parties agreed that injured worker withdraw remaining claim, which was sanctioned by the trial court, in order to create an artificial final judgment to the effect that worker merely put remaining claims on hold pending appeal. C.G.S.A. SS 51-197a, 52-263; Practice Book 1998, S 61-1. | Can a trial court confer jurisdiction upon an appellate court? | Appeal and error - Memo 71 - RK.docx | LEGALEASE-00019050-LEGALEASE-00019051 |
| Orenic v. Illinois State Labor Relations Bd., 127 Ill. 2d 453 | 231H+1109 | State Labor Relations Board cannot consider counties to be joint employers of courts nonjudicial employees for purposes of collective bargaining under State Public Labor Relations Act, in that state, personified by chief judge of each circuit, is sole employer of all court employees; save for setting and paying salaries and providing facilities, subject to ultimate court power, counties are entitled to no other role in regard to court's nonjudicial employees that might arguably be considered role of joint employer. S.H.A. ch. 48, P 1601 et seq. | Is the circuit clerk the employer of deputy clerks? | Clerks of court - Memo 103 - RK.docx | ROSS-003300219-ROSS-003300220 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Martin v. Bd. of Labor Appeals, 227 Mont. 145 | 307A+676 | District court abused its discretion in dismissing case for failure to prosecute, on one day's notice to plaintiff, while parties were waiting decision on plaintiff's motion for summary judgment and motion for judgment on the record, ten months after the parties had filed a stipulation that the case was fully submitted on the briefs. Rules Civ.Proc., Rule 41(b). | Must district courts balance concerns of judicial efficiency against a party's right to meaningful access to a judicial system? | 041220.docx | LEGALEASE-00129416-LEGALEASE-00129417 |
| Barton v. State, 797 So. 2d 1276 | 67+9(0.5) | A proper analysis of the offense of burglary must focus both on the act constituting the entry and the intent to commit an offense therein. | Does the removal of tires from a vehicle constitute burglary? | Burglary - Memo 51 - RK.docx | ROSS-003287247-ROSS-003287248 |
| State v. Waddy, 63 Ohio St. 3d 424 | 37+365 | Aggravated assault, aggravated robbery, and burglary convictions were supported by victim's identification of defendant's voice, evidence that fibers found at crime scene matched those in defendant's gloves, and evidence that defendant was in possession of victim's stolen car keys. | Does burglary require the victims restraint? | 013228.docx | LEGALEASE-00129711-LEGALEASE-00129712 |
| Villafani v. Trejo, 251 S.W.3d 466 | 307A+518 | Patient's nonsuit of medical malpractice claims against physician after failing to provide expert report within 180 days of suit did not vitiate physician's right to appeal denial of request for sanctions, regardless that trial court had denied physician's motion for sanctions prior to dismissal. Vernon's Ann.Texas Civ.St. art. 4590i(d) (Repealed); Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does a party have an unqualified and absolute right to file a non-suit? | Pretrial Procedure - Memo # 1283 - C - KS.docx | ROSS-003326565-ROSS-003326567 |
| Perry v. Sera, 623 A.2d 1210 | 307A+46 | Party's failure to respond to discovery which impairs another's ability to prepare for trial is highly relevant to determining whether prejudice necessary to justify dismissal for failure to comply with discovery orders has been shown. | "Does the failure of a party to meet pre-trial deadlines prejudices the other party, who is subject to the deadlines as well?" | 026572.docx | LEGALEASE-00129837-LEGALEASE-00129838 |
| United States v. Mullins, 800 F.3d 866 | 63+11 | Evidence was sufficient to support bribery conviction of defendant, who was former county director of public affairs and communications; defendant altered vendors' invoices to remain under $25,000 and kept himself in approval process, defendant required and received cash kickbacks from vendors when they received their fees under ruse that kickbacks were for subcontractors, and payments were given as reward or bribe for buying defendant's influence in obtaining future awards from county. 18 U.S.C.A. S 666(a)(1)(B). | "How is ""corruptly"" defined under the bribery statute?" | Bribery - Memo #85 - C-CSS.docx | ROSS-003313634-ROSS-003313635 |
| Powell v. Kevin Coleman Mental Health Ctr., 101 Ohio App. 3d 706 | 307A+517.1 | Voluntary dismissal of medical malpractice lawsuit in trial court deprived trial court of further jurisdiction over the cause, and court's subsequent journal entry declaring prior partial summary judgment final on all claims was null and void. | "After its voluntary dismissal, is an action treated as if it had never been commenced?" | Pretrial Procedure - Memo # 2337 - C - KG.docx | ROSS-003288208-ROSS-003288209 |
| City of New Orleans v. Scramuzza, 507 So. 2d 215 | 371+3402 | City's fiscal needs were irrelevant to determine whether city's earnings tax was impermissible local income tax. LSA-Const. Art. 7, SS 1 et seq., 4(C). | Should the realities and substance of a tax be examined rather than its form? | Taxation - Memo # 308 - C - CK.docx | LEGALEASE-00022265-LEGALEASE-00022266 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Mullins, 800 F.3d 866 | 63+11 | Evidence was sufficient to support bribery conviction of defendant, who was former county director of public affairs and communications; defendant altered vendors' invoices to remain under $25,000 and kept himself in approval process, defendant required and received cash kickbacks from vendors when they received their fees under ruse that kickbacks were for subcontractors, and payments were given as reward or bribe for buying defendant's influence in obtaining future awards from county. 18 U.S.C.A. S 666(a)(1)(B). | How does an agent act corruptly in regards to federal bribery? | 011355.docx | LEGALEASE-00133152-LEGALEASE-00133153 |
| Walker v. Rivera, 820 F. Supp. 2d 709 | 197+275.1 | Instruction on unconstitutionally broad "honest services" mail fraud statute, as to defendant's scheme to deprive others of his "honest services" as state senator by soliciting business with hospital for temporary services agency that he owned, was harmless error, precluding defendant from establishing actual prejudice or actual innocence to excuse procedural default as required for S 2241 habeas relief, since evidence at trial revealed that defendant received bribe involving quid pro quo by obtaining $2.6 million in business for his temporary services agency in exchange for his assistance in state legislature with pending legislation that could have had $40 million impact on hospital, and record supported jury's conviction for pecuniary mail fraud based on same fraudulent scheme. 18 U.S.C.A. SS 1341, 1346; 28 U.S.C.A. S 2241. | "In a charge involving bribery, does an expressed agreement by the parties is to be proved?" | Bribery - Memo #270 - C-JL.docx | ROSS-003287194-ROSS-003287196 |
| Bump v. Stewart, Wimer & Bump, P.C., 336 N.W.2d 731 | 46H+148 | Independent of considerations of existence of employment contract and evidence of damage to ousted member of professional legal corporation arising from alleged tortious interference with employment contract by other shareholders, individual members of the firm would have been justified in terminating an employment contract between the ousted attorney and the corporation in that the other shareholders had interest in preserving established law practice, and came to view their relationship with ousted attorney as detrimental to their practice; absent evidence that wrongful means were employed in separating ousted attorney from the group, there was no tortious interference with a contract. | Is goodwill the ability of a law firm to attract clients? | 022153.docx | LEGALEASE-00133555-LEGALEASE-00133556 |
| Wilson v. Doehler-Jarvis Div. of Nat'l Lead Co., 358 Mich. 510 | 413+11 | Primary purpose of Workmen's Compensation Act is to provide compensation for disability or death resulting from occupational injuries or diseases or accidental injury to, or death of, workmen; and statute is a remedial one enacted primarily for benefit of men who work in pursuits subject to its provisions; and it is for benefit of injured workmen and not injured employers. Comp.Laws 1948, SS 413.13, 438.7. | Is the public interested in matters of compensation payable to an injured employee? | 047975.docx | LEGALEASE-00133454-LEGALEASE-00133455 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Norris v. McHugh, 857 F. Supp. 2d 1229 | 78+1116(3) | A dual-status military technician may bring suit under Title VII or the ADEA, but only for claims arising out of his or her status as a civilian. Age Discrimination in Employment Act of 1967, 29 U.S.C.A. S 633a(a); Civil Rights Act of 1964, 42 U.S.C.A. S 2000e-16(a). | Can United States military personnel bring actions based on injuries suffered incident to their service in the armed forces? | 008415.docx | LEGALEASE-00133818-LEGALEASE-00133819 |
| United States v. Dimora, 750 F.3d 619 | 282+139 | Evidence that defendant, a county official, participated in a phone call in which he coached a co-conspirator in alleged bribery and fraud schemes about what to say to government investigators, telling the co-conspirator that "you didn't pay for your job," and "I didn't pay for my job," was sufficient to support conviction for obstruction of justice. | Can bribery agreements be oral and informal? | Bribery - Memo #170 - C-JL.docx | LEGALEASE-00023890-LEGALEASE-00023892 |
| Cary v. State, 507 S.W.3d 750 | 63+3 | The political-contribution exception to the statute setting forth the offense of bribery excludes all political contributions without regard to whether they are within the allowable legal limits. Tex. Penal Code Ann. S 36.02(d). | "What's the definition of ""benefit"" in bribery statute?" | 011514.docx | LEGALEASE-00135504-LEGALEASE-00135505 |
| In re Convery, 166 N.J. 298 | 46H+1011 | Record in attorney disciplinary case arising from federal misdemeanor conviction for promising employment or other benefit as consideration for any "political activity" refuted claim that attorney reasonably assumed that his conduct in seeking freeholder's assistance with board of adjustment fell within parameters of permissible lobbying efforts; attorney promised freeholder and his son that attorney would assist son in obtaining permanent employment with county in exchange for freeholder's assistance in obtaining favorable votes from two zoning board members for project proposed by attorney's client. 18 U.S.C.A. S 600; RPC 8.4(b). | "In a bribery case, is it for the jury to decide with what subjective intent the defendants accepted the money?" | 011622.docx | LEGALEASE-00135879-LEGALEASE-00135880 |
| State v. Moore, 108 Ariz. 532 | 210+1099 | Allowing the state to correct the address in defendant's burglary indictment did not substantially alter the charge set forth, and thus correction was permissible. Defendant was standing in front of the location of the alleged burglary when he was confronted and forced to drop the bicycle that did not belong to him. The exact street number was not required and defendant was not impaired in preparing his defense. The unamended indictment sufficiently identified the location of the alleged burglary. West's N.C.G.S.A. S 15A-923(e). | Is an address of the location a necessary element of burglary? | Burglary - Memo 115 - JS.docx | ROSS-003317168-ROSS-003317170 |
| United States v. Sullivan, 332 U.S. 689 | 198H+982 | The scope of offense of misbranding a food, drug, device or cosmetic while such article is held for sale after shipment in interstate commerce is not to be judicially narrowed as applied to drugs by envisioning extreme possible applications of different misbranding statutory provisions with respect to food or cosmetics. Federal Food, Drug, and Cosmetic Act, S 301(k), 21 U.S.C.A. S 331(k). | Is the meaning of the term misbranded variable in relation to the different commodities and sections defining it? | 006589.docx | LEGALEASE-00136854-LEGALEASE-00136855 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Fernandez, 722 F.3d 1 | 63+1(1) | Even if legislation that is the subject of bribes is revenue-neutral on its face, to satisfy the "involving" requirement of the federal bribery statute, prohibiting an agent from, inter alia, accepting or agreeing to accept anything of value "intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more," it is sufficient if the direct and foreseeable effect of that legislation would be to give the individual offering the bribe a particular desired result, assuming that the transaction involved something of value of $5,000 or more. 18 U.S.C.A. S 666(a)(1)(B). | What is the line separating a bribe from an illegal gratuity? | Bribery - Memo #462 - C-JL.docx | ROSS-003303883-ROSS-003303884 |
| Culbertson v. C.I.R., 168 F.2d 979 | 220+3944 | Evidence established that partnership entered into by father with his four sons in cattle raising business was a real, bona fide "partnership" entered into for benefit of partnership, so that it should be recognized as valid for federal income tax purposes. | Is a father-son partnership recognized by law? | 022285.docx | LEGALEASE-00136416-LEGALEASE-00136417 |
| McAleer v. McAleer, 394 S.W.3d 613 | 30+3239 | The trial court has broad discretion to deny or grant a motion for continuance, and the appellate court will not reverse the trial court's decision absent a clear abuse of discretion. | "When the ground for a continuance is the withdrawal of counsel, must the movant show that the failure to be represented at trial was not due to her own fault or negligence?" | Pretrial Procedure - Memo # 3422 - C - PC.docx | LEGALEASE-00026267-LEGALEASE-00026268 |
| United States v. Langston, 590 F.3d 1226 | 234+15(3) | For purposes of statutory prohibition against theft and bribery concerning programs receiving federal funds, employee of agency entity cannot be agent of principal entity unless legal construct establishes such relationship. 18 U.S.C.A. S 666. | Is an agent of a state agency also an agent of the state? | Bribery - Memo #491 - C-CSS.docx | ROSS-003290141-ROSS-003290142 |
| State v. Amor, 168 Mont. 122 | 67+41(5) | To establish entry in the nighttime under first-degree burglary statute, substantial evidence must be presented by state establishing time when entry occurred. R.C.M.1947, SS 94-902, 94-905. | Is night time burglary a first degree offense? | 012602.docx | LEGALEASE-00137583-LEGALEASE-00137584 |
| People v. Helms, 141 A.D.3d 1138 | 350H+1281 | Defendant's prior Georgia burglary conviction was not equivalent to New York felony, and thus defendant could not be sentenced as second felony offender based on that conviction; New York burglary statute contained knowledge requirement that Georgia statute did not. McKinney's Penal Law S 140.25(2); West's Ga.Code Ann. S 16-7-1. | Is a culpable mental state required for burglary? | 013324.docx | LEGALEASE-00137573-LEGALEASE-00137574 |
| Roberts v. Finkel, 46 A.D.2d 878 | 302+354 | Complaint against corporation and three of its alleged officers for slander, fraud, interference with contractual relations, conspiracy, and prima facie tort was subject to being dismissed for failure to state a cause of action, even though it contained allegations which might have been appropriate to some or all of alleged torts, where allegations were pleaded in form of a single cause of action contrary to statutory requirements, and, though damage seemed to be attributed to alleged defamation, plaintiff failed to fulfill further requirement of setting forth particular words claimed to have been uttered by individual defendants. CPLR 3014, 3016(a). | Can a party supplement or round out his pleading by conclusory allegations? | 023375.docx | LEGALEASE-00137680-LEGALEASE-00137681 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kornfeld v. NRX Techs., 93 A.D.2d 772 | 8.30E+74 | Provision affording to plaintiffs right to convert notes into common stock at any time prior to due date did not materially alter nature of instruments, which remained instruments for payment of money only. | Does acceleration change the nature of the instrument? | 009411.docx | LEGALEASE-00138852-LEGALEASE-00138853 |
| Wilson v. Gooding, 303 F. Supp. 952 | 129+109 | Georgia statute providing that any person who shall, without provocation, use to or of another, and in his presence, opprobrious words or abusive language, tending to cause a breach of the peace shall be guilty of a misdemeanor is unconstitutionally vague and broad and is not authorized by freedom of speech provision of First Amendment. Code Ga. S 26-6303; U.S.C.A.Const. Amend. 1. | Do First Amendment rights have a protected place in our jurisprudence? | Disorderly Conduct-Memo 50- GP.docx | ROSS-003317207-ROSS-003317208 |
| City of Lakewood v. Koenig, 160 Wash. App. 883 | 307A+372 | City was entitled to discovery in declaratory judgment action seeking determination that it had fully complied with requester's request for information pursuant to Public Records Act (PRA); rules of civil procedure applied in PRA actions, and there was nothing in the rules to limit their application to plaintiffs, and rules permitted parties to obtain discovery and there was nothing in the rules to limit their application to plaintiffs, and rules provided adequate protection to requesters as they limited materials that could be obtained through discovery. West's RCWA 42.56.001 et seq.; CR 26. | "For purposes of discovery, is a defendant entitled to anticipate what the plaintiff is likely to claim as damages?" | 031089.docx | LEGALEASE-00138348-LEGALEASE-00138349 |
| Dearborn Fire Fighters Union, Local No. 412, I. A. F. F. v. City of Dearborn, 394 Mich. 229 | 268+78 | The constitutional and statutory powers of a home rule city to establish the conditions of public employment are subject to the power of the legislature. M.C.L.A. S 423.231 et seq.; M.C.L.A.Const.1963, art. 4, S 48; art. 7, S 22. | Is an auditor with no power to determine policies a public officer? | Bribery - Memo #578 - C-CSS.docx | ROSS-003302095-ROSS-003302096 |
| People v. Valencia, 169 P.3d 212 | 67+45 | Whether entry of a building occurred within the meaning of the burglary statute was a question of law and not a question of fact, and thus, trial court had to resolve such a legal issue for the jury, and could not invite the jury to resolve the question for itself. West's Ann.Cal.Penal Code S 459. | Does burglary involve entry into a specified structure? | Burglary - Memo 204 - KNR.docx | ROSS-003304462-ROSS-003304463 |
| LeBlanc v. Petco, 647 F.2d 617 | 413+2252 | Compensation carrier's lien on amount recovered by injured employee from three third-party tort-feasors was not subject to reduction by one-third because of carrier's contractual waiver of any right of subrogation against one of those parties. LSA-C.C. art. 2203. | "When a creditor settles with and grants a remission as to one of two solidary obligors, can the creditor thereafter claim one-half the debt from the obligor who has not been released whether the obligation be one arising in contract or tort?" | 043187.docx | LEGALEASE-00139321-LEGALEASE-00139322 |
| Ex parte Tulley, 199 So. 3d 812 | 92+4700 | Statute that criminalized the act of carrying a pistol on private property did not provide for a punishment, and therefore statute on its face violated due-process guarantees, where statute did not expressly provide for a punishment for its violation, and another statute defined an offense as "conduct for which a sentence to a term of imprisonment, or the death penalty, or to a fine is provided by any law of this state or by any law, local law, or ordinance of a political subdivision of this state." U.S.C.A. Const.Amend. 14; Code 1975, S 13A-11-52. | Can an accused charged with the felony offense of bribery be convicted of a misdemeanor under the general attempt statute? | 011929.docx | LEGALEASE-00139667-LEGALEASE-00139668 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Brenton Bros. v. Dorr, 213 Iowa 725 | 108H+454 | Proceedings under execution levied on claim in counterclaim for breach of contract against judgment plaintiffs held properly stayed pending disposition of case in which counterclaim was filed (Code 1931, S 11672). | Can the Legislature make choses in action subject to levy under execution? | 010440.docx | LEGALEASE-00140706-LEGALEASE-00140707 |
| McGowan v. State, 375 S.W.3d 585 | 110+97(0.5) | Criminal territorial jurisdiction statute combines subjective and objective territorial principles; jurisdiction is conferred over offenses commenced within state but completed outside state (subjective) and for offenses committed outside state but consummated within (objective). V.T.C.A., Penal Code S 1.04. | Is an offense of bribery complete once there is an agreement to violate a legal duty? | 011916.docx | LEGALEASE-00139953-LEGALEASE-00139954 |
| Ventres v. Town of Farmington, 192 Conn. 663 | 200+78 | Developer had no right to relief under statute providing that property owners bounding a discontinued highway shall continue to have right-of-way over it to nearest or most accessible highway, since developer's property did not abut discontinued segment of road, and since developer still had access to public road system. C.G.S.A. S 13a-55. | Does the taking of a highway create an interest in the fee? | 019013.docx | LEGALEASE-00140368-LEGALEASE-00140369 |
| Williams v. Liberty Mut. Fire Ins. Co., 187 So. 3d 166 | 106+40.11(7) | Stipulation, which indicated that insurer waived any statute of limitations bar in Tennessee, failed to fulfill statutory requirements for forum non conveniens dismissal for insurer, in motorist's Mississippi action against driver of second vehicle and her insurer alleging that driver negligently caused automobile accident; motorist lacked alternate forum in which to file her suit, as she filed suit in Mississippi on last day she could have filed suit in Tennessee, and, thus, tolling of statute of limitations in Tennessee could not have applied. West's A.M.C. S 11-11-3(4)(b). | Does a dismissal with prejudice indicate a ruling on the merits of the case? | 032894.docx | LEGALEASE-00140074-LEGALEASE-00140075 |
| United States v. Valdes, 437 F.3d 1276 | 63+1(1) | Payments received by defendant, a police officer, from informant posing as a judge for information retrieved by defendant's use of computer data base linked to state data bases concerning fictitious individuals were not "for or because of an official act," as required to sustain conviction for receipt of an illegal gratuity. 18 U.S.C.A. S 201(c)(1)(B). | How many forms can an illegal gratuity take? | 012141.docx | LEGALEASE-00141939-LEGALEASE-00141940 |
| Duesing v. Udall, 350 F.2d 748 | 260+5.1(10) | Noncompetitive applicants for oil and gas leases of public lands declared a moose refuge failed to overcome presumption of validity of Secretary of Interior's denial of application. | Can the court presume to substitute its discretion for that of the Secretary? | 021275.docx | LEGALEASE-00141513-LEGALEASE-00141514 |
| Beggs v. Brooker, 79 S.W.2d 642 | 289+760 | Generally, garnishment may not be used to impound partnership assets in suit against one of partners on his individual debt. | Can the creditors of a partnership enforce equitable liens if the partners are not in a condition to enforce it? | 022402.docx | LEGALEASE-00141912-LEGALEASE-00141913 |
| Sims v. Ahrens, 167 Ark. 557 | 371+2013 | Legislature may select subjects of taxes and classify them under Constitution. Per Hart and Humphreys, JJ. | Can the right to impose taxes upon citizens and property be restricted by the constitution? | Taxation - Memo # 626 - C - SN.docx | ROSS-003302311-ROSS-003302312 |
| Cosmopolitan Tr. Co. v. Leonard Watch Co., 249 Mass. 14 | 83E+481 | Assignments made by words or acts. | Is it necessary to indicate the intention of the owner in an assignment? | Bills and Notes - Memo 574 - RK.docx | LEGALEASE-00031985-LEGALEASE-00031987 |
| Cosmopolitan Tr. Co. v. Leonard Watch Co., 249 Mass. 14 | 83E+481 | Assignments made by words or acts. | Does a valid assignment of a note require intent to make the assignee owner of a claim? | 009602.docx | LEGALEASE-00142656-LEGALEASE-00142657 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fairway Development Co. v. Title Ins. Co. of Minnesota, 621 F.Supp. 120 | 289+928 | Under Ohio law, partnership was not an entity in itself but was made up of three members, so that partnership ceased upon transfer by two partners of their entire respective bundles of partnership rights to remaining partner and a third-party purchaser. Ohio R.C. S 1775.01 et seq. | Is it necessary to file a new certificate of partnership when there is any change to the partnership members? | 022412.docx | LEGALEASE-00143236-LEGALEASE-00143237 |
| McMillan v. City of Tacoma, 26 Wash. 358 | 371+2987 | The word "tax," as used in Amendatory Revenue Law 1899, p. 302, S 20, declaring that the holder of a general tax certificate, before bringing an action to foreclose the lien, shall "pay the taxes that have accrued on the property," does not include assessments for street improvements. | Is general taxation enforced to serve the necessary purposes of government? | 045602.docx | LEGALEASE-00142499-LEGALEASE-00142501 |
| Allied Sanitation v. Waste Mgmt. Holdings, 97 F. Supp. 2d 320 | 25T+182(2) | Asset purchaser's conduct in opposing initial summary judgment motion on liability issue, opposing certification of class of plaintiffs who sold their assets in return for purchaser's stock, waiting for about two months after certification of the class before invoking the arbitration clause, and thereafter opposing second summary judgment motion, did not result in waiver of its right to arbitrate; purchaser assumed an essentially defensive posture in seeking to avoid litigation with a major stockholder who neither initiated the class action litigation nor asserted itself as a major player in the litigation and its efforts were not inconsistent with its arbitration rights. | When is prejudice considered substantive? | 007718.docx | LEGALEASE-00144833-LEGALEASE-00144834 |
| United States v. Orenuga, 430 F.3d 1158 | 63+3 | Possible lawful and proper performance of act by public official had there been no bribe was not defense to crime of bribery. 18 U.S.C.A. S 201(b)(2)(A). | Is acceptance of the bribe the violation the statute or is it the performance of the promise? | 011414.docx | LEGALEASE-00143830-LEGALEASE-00143831 |
| United States v. Mandel, 591 F.2d 1347 | 306+35(10) | Although most mail fraud prosecutions of public officials which allege bribery also allege that a state bribery law or law prohibiting the taking of additional fees has been violated, such an allegation is not necessary to bring the alleged scheme within the purview of the mail fraud statute. 18 U.S.C.A. S 1341. | What is the distinction between bribery and goodwill expenditures? | 012217.docx | LEGALEASE-00143764-LEGALEASE-00143765 |
| Bosque v. Rivera, 135 So. 3d 399 | 307A+563 | Although District Court of Appeal reviews a dismissal for fraud on the court under an abuse of discretion standard, that standard of review is somewhat narrowed to take into account that the dismissal must be established by clear and convincing evidence. | "Because dismissal sounds the death knell of a lawsuit, should courts reserve this remedy for instances where a party's conduct is egregious?" | 034495.docx | LEGALEASE-00144183-LEGALEASE-00144184 |
| People v. Pignatello, 15 Misc. 3d 833 | 110+273(4.1) | When crime is of type that is impossible to attempt, defendant may still plead guilty to otherwise non-existent attempt in context of bargained for plea, where court is permitted to accept negotiated plea to hypothetical lesser offense. | When is a defendant guilty of the crime of bribe receiving in the third degree? | Bribery - Memo #857 - C - LB.docx | ROSS-003300779-ROSS-003300780 |
| United States v. Crozier, 987 F.2d 893 | 63+1(2) | Any payment that defendant subjectively believes has value, including a loan, constitutes thing "of value" within meaning of federal bribery of an official statute. 18 U.S.C.A. SS 201, 201(c)(1)(B), 666(c); 18 U.S.C.(1958 Ed.Supp.IV) S 201(g). | "According to bribery statute, does the for or because of language support both gratuity theory and bribery theory?" | 012333.docx | LEGALEASE-00145836-LEGALEASE-00145838 |
| United States v. Myers, 692 F.2d 823 | 63+3 | Lack of intent to keep promise made for a bribe is not a defense to a charge of corrupt receipt of money by a public official. 18 U.S.C.A. S 201. | "Under bribery statute, can breach of warranty by the official be a defense to corruption?" | 012340.docx | LEGALEASE-00145857-LEGALEASE-00145858 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bohatch v. Butler & Binion, 977 S.W.2d 543 | 46H+158 | Partner in law firm can be expelled from partnership for accusing, in good faith, another partner of overbilling without subjecting partnership to tort damages for breach of fiduciary duty. | Can a partner be expelled purely for business reasons? | 022474.docx | LEGALEASE-00146382-LEGALEASE-00146383 |
| Missouri Bankers Ass'n v. St. Louis Cty., No. ED99333, 2013 WL 5629426 | 13+6 | Mootness implicates justiciability, and therefore courts may dismiss a case for mootness sua sponte. | Should a moot claim be dismissed? | 034695.docx | LEGALEASE-00145442-LEGALEASE-00145443 |
| Sw. Oil Co. v. State of Tex., 217 U.S. 114 | 361+1535(20) | The possible invalidity under the due process of law clause of the federal Constitution of the provisions as to penalties, contained in Gen.Laws Tex.1905, c. 148, S 9, taxing wholesale dealers in oils, does not invalidate the wholly independent provisions of that statute for the collection by civil suit of the taxes due the state. | Is the state required by Constitution to adopt the best possible taxation system? | 045877.docx | LEGALEASE-00146297-LEGALEASE-00146298 |
| Mance v. Mercedes-Benz USA, 901 F. Supp. 2d 1147 | 25T+182(1) | A signatory can be compelled to arbitrate at the non-signatory's insistence under an alternative estoppel theory, that is, because of the close relationship between the entities involved, as well as the relationship of the alleged wrongs to the nonsignatory's obligations and duties in the contract and the fact that the claims were intimately founded in and intertwined with the underlying contract obligations. | Is arbitration more likely to be attained when the party resisting arbitration is a signatory? | 10743.docx | LEGALEASE-00094043-LEGALEASE-00094044 |
| United States v. Yonan, 800 F.2d 164 | 319H+50 | Alleged relationship between defendant, who was charged with operating affairs of his law practice through a pattern of racketeering by bribing assistant state's attorney in order to influence disposition of some of his cases, and state's attorney's office was sufficient to allege that defendant was "associated" with that office for purposes of Racketeer Influenced and Corrupt Organizations Act. 18 U.S.C.A. S 1962(c). | "What are the characteristics of people who ""associate with"" enterprises for RICO purposes?" | 09968.docx | LEGALEASE-00095062-LEGALEASE-00095063 |
| Buie v. Com., 21 Va. App. 526 | 67+4 | In order for structure to be subject of burglary, it must be permanently affixed to ground at time of unlawful entry. Code 1950, S 18.2-90. | Does burglary require permanently fixed structures? | Burglary - Memo 256 - SB.docx | LEGALEASE-00036873-LEGALEASE-00036876 |
| Grove Isle Ass'n v. Grove Isle Assocs., LLLP, 137 So. 3d 1081 | 30+3200 | A trial court's order granting a motion to dismiss is reviewed de novo. | Are affirmative defenses generally matters raised in an answer and not a motion to dismiss? | 11248.docx | LEGALEASE-00094358-LEGALEASE-00094359 |
| PNC Bank, Nat. Ass'n v. Inlet Vill. Condo. Ass'n, 204 So. 3d 97 | 266+1335 | Condominium association's involuntary dismissal from mortgagee's prior foreclosure action as sanction for mortgagee's discovery violations did not preclude, based on doctrine of collateral estoppel, mortgagee's entitlement to safe harbor protection under statute governing condominium assessments in mortgagee's subsequent declaratory judgment action against association; dismissal as sanction did not render assessment lien superior to mortgage lien, as basis for precluding safe harbor, and issue of lien priority was never otherwise litigated in prior proceeding, so that application of doctrine of collateral estoppel was unwarranted. West's F.S.A. S 718.116(1)(b)(1), (1)(f). | Would it be permissible to consider affirmative defenses at the motion to dismiss phase where a plaintiff incorporates prior proceedings into his complaint? | 036321.docx | LEGALEASE-00147630-LEGALEASE-00147631 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| U.S. ex rel. Mikes v. Straus, 931 F. Supp. 248 | 25T+146 | Former employers' extortion counterclaim to former employee's qui tam action was not required to be arbitrated under employment agreement; counterclaim was outside scope of agreement and therefore not covered by arbitration clause. 31 U.S.C.A. S 3729 et seq. | Can retaliatory discharge claims be submitted to arbitration? | 007864.docx | LEGALEASE-00148911-LEGALEASE-00148912 |
| Kennedy v. Bank of Ephraim, 594 P.2d 881 | 195+99 | Where defendant signed letter of guarantee guaranteeing plaintiffs' debt, and received none of the proceeds or other consideration, defendant was merely an "accommodation party", and as such, where he had paid judgment on the debt, he was entitled to judgment against plaintiffs for the full amount he was required to pay, and principle of contribution among coobligors was not applicable. U.C.A.1953, 70A-3-415; U.C.C. S 3-415 comment. | Is accommodating party liable to the party accommodated? | Bills and Notes - Memo 641- ANM_58193.docx | ROSS-003310200-ROSS-003310201 |
| Kennedy v. Bank of Ephraim, 594 P.2d 881 | 195+99 | Where defendant signed letter of guarantee guaranteeing plaintiffs' debt, and received none of the proceeds or other consideration, defendant was merely an "accommodation party", and as such, where he had paid judgment on the debt, he was entitled to judgment against plaintiffs for the full amount he was required to pay, and principle of contribution among coobligors was not applicable. U.C.A.1953, 70A-3-415; U.C.C. S 3-415 comment. | Is accommodating party liable to the party accommodated? | Bills and Notes - Memo 641- ANM.docx | LEGALEASE-00037979-LEGALEASE-00037980 |
| Burrows v. W.U. Tel. Co., 86 Minn. 499 | 83E+580 | A telegraph company which, upon order by telegraph, issues and delivers its check by mistake to the wrong party, is liable in the amount thereof to an innocent purchaser for value, who takes the same upon his indorsement. Prima facie such indorser is the payee intended, and a purchaser who takes the check from him in good faith, believing him to be the payee, is not called upon to inquire any further than may be necessary to establish the identity of the indorser and the party to whom the check was delivered as payee. | "Should the drawer of a check, draft or bill of exchange, who delivers it to an impostor, supposing him to be the person whose name he has assumed, bear the loss where the impostor obtains payment of or negotiates the same?" | Bills and Notes- Memo 528-PR_58210.docx | ROSS-003292166-ROSS-003292168 |
| Milwaukee Cty. v. Northrop Data Sys., 602 F.2d 767 | 95+129(1) | County which, pursuant to solicited bids in conformity with specifications prepared by county, purchased a computerized laboratory information system, was a "merchant" for purposes of limitation under Wisconsin Uniform Commercial Code, and thus county and seller could properly vary six-year limitation period of Code by contract provision limiting such period to one year. W.S.A. 402.101 et seq., 402.104(1), 402.725(1). | Is the negotiable instrument law enacted for the purpose of furnishing a certain guide for the determination of all questions relating to commercial paper? | 010620.docx | LEGALEASE-00148660-LEGALEASE-00148661 |
| Treat v. Pierce, 53 Me. 71 | 266+2184 | The unauthorized signing and publishing of a notice of foreclosure cannot, by a subsequent ratification by the mortgagee, be rendered operative from the time of its first publication. When the first publication of a notice is invalid, the foreclosure is void. | How does ratification of an indorsement without authority by payee operate? | 010626.docx | LEGALEASE-00148723-LEGALEASE-00148724 |
| United States v. Romano, 879 F.2d 1056 | 63+1(2) | An engineer technician continued his status as employee of Environmental Protection Agency, after he agreed to plead guilty to a crime and become an undercover agent and, thus, was a "public official" under federal bribery statute. 18 U.S.C.A. S 201(a). | Was the bribery statute drafted with broad or narrow jurisdictional language? | 012430.docx | LEGALEASE-00148073-LEGALEASE-00148074 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Colbert v. State, 78 So. 3d 111 | 67+4 | Area in front of victim's townhome from which his bicycle was taken, consisting of concrete pad and mulch that were partially covered by garage eave and townhome's second floor balcony, which was not supported by posts, was not an "attached porch," and thus did not fall within the definition of "dwelling" for purposes of the burglary statute; the area was located in the front, rather than the rear, of the townhome and maintained neither posts nor a sufficient enclosure to visually indicate it was an extension of, rather than just near, the townhome, area was only partially covered by balcony and eave of garage, there was no personal property within area suggesting it was a logical extension of the dwelling, and area was open to unknown, uninvited people. West's F.S.A. SS 810.011(2), 810.02(3)(b). | Do burglary statutes protect the right of habitation? | Burglary - Memo 265 - RK_58147.docx | ROSS-003321618-ROSS-003321619 |
| Duffield v. San Francisco Chem. Co., 205 F. 480 | 260+27(2) | A lode claim peaceably located within the boundaries of a void placer claim which was at the time actually unoccupied held valid. | What is a placer claim? | Mines and Minerals - Memo #261 - C - EB_57982.docx | ROSS-003280510-ROSS-003280511 |
| Duffield v. San Francisco Chem. Co., 205 F. 480 | 260+16 | A deposit of calcium phosphate in veins or beds between well-defined rock walls held subject to location only as a lode claim under Rev.St. S 2320 (30 U.S.C.A. S 23). | Are veins or lodes meant lines or aggregations of metal imbedded in quartz or other rock in place? | 021521.docx | LEGALEASE-00148570-LEGALEASE-00148571 |
| Wiles v. Maddox, 26 Mo. 77 | 108H+377 | In levying execution against a single partner on his interest in the partnership property, the sheriff may seize and take possession of the entire partnership property, or any portion thereof, and deliver possession thereof to the execution purchaser. | What is the partnership property the primary fund for? | Partnership - Memo 471 - JK_58156.docx | ROSS-003296762-ROSS-003296763 |
| F. M. Strickland Printing & Stationery Co. v. Chenot, 45 S.W.2d 937 | 289+507 | Where contract is in writing, unaffected by extraneous facts, whether partnership exists is question of law for court. | Does the existence of a partnership need to be proven? | 022527.docx | LEGALEASE-00148937-LEGALEASE-00148938 |
| Burrows v. W.U. Tel. Co., 86 Minn. 499 | 83E+580 | A telegraph company which, upon order by telegraph, issues and delivers its check by mistake to the wrong party, is liable in the amount thereof to an innocent purchaser for value, who takes the same upon his indorsement. Prima facie such indorser is the payee intended, and a purchaser who takes the check from him in good faith, believing him to be the payee, is not called upon to inquire any further than may be necessary to establish the identity of the indorser and the party to whom the check was delivered as payee. | "What is the liability of drawer of check, who delivers it to an imposter?" | 009701.docx | LEGALEASE-00149673-LEGALEASE-00149675 |
| Bank of Conway v. Stary, 51 N.D. 399 | 83E+433(1) | Accommodation indorser, indorsing note before delivery under Comp. Laws 1913, SS 6914, 6948, 6949, is not surety within sections 6675-6689, so as to have right under section 6683 thereof to require creditor, on penalty of exoneration of surety, to proceed against principal or to pursue any other remedy in his power which surety cannot himself pursue. | Can an indorser be a surety? | Bills and Notes- Memo 720- ANM_58225.docx | ROSS-003294572 |
| Farmers Nat. Bank of Waseca v. Brown, 198 Minn. 195 | 83E+731(4) | Indorsee of note for collection held "real party in interest" entitled to bring action on note. Mason's Minn.St.1927, SS 7080, 7094, 7235, 9165. | Can an Agent sue on his own name? | Bills and Notes- Memo 726-PR_58230.docx | ROSS-003310767-ROSS-003310768 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Elec. City Brick Co. v. Hagler, 168 Ga. 836 | 366+7(7) | Indorser guaranteeing note held "surety" or "indorser," not "guarantor," and was entitled to be subrogated to payee's rights to extent of his payment (Civ.Code 1910, SS 3538, 3552). | Can a title to a note be passed to a surety by mere delivery? | Bills and Notes -Memo 992-DB_58716.docx | ROSS-003282189-ROSS-003282190 |
| City of Nyssa v. Dufloth, 184 Or. App. 631 | 210+1005 | A demurrer is limited to the face of the charging instrument. | Is a demurrer on constitutional grounds sustainable if the statute is vague or overbroad on its face? | 014434.docx | LEGALEASE-00149595-LEGALEASE-00149596 |
| Fowler v. N. Carolina Dep't of Revenue, 775 S.E.2d 350 | 371+3482 | Substantial evidence supported trial court's determination, in income and gift tax proceeding, that taxpayers changed their domicile from North Carolina to Florida on the day after they entered into a binding agreement to sell majority interest in successful business, which sale was set to occur the next month; taxpayers' accountant advised them to establish a new domicile prior to sale of business, and one day after they entered into agreement, they flew to Florida and attempted to acquire Florida driver's licenses, attempted to register to vote, attempted to acquire a post-office box, attempted to register their dog, and registered one vehicle, albeit as non-residents, and stayed at the Florida home they purchased several years earlier. 17 NCAC 6B.3901 (2011); West's N.C.G.S.A. SS 105-134(1), 105-134.1(12) (Recodified). | What circumstances must concur in order to establish a domicile? | 014522.docx | LEGALEASE-00149123-LEGALEASE-00149124 |
| Heien v. Crabtree, 364 S.W.2d 271 | 17+118 | Party cannot be estopped because of his failure to do that which he owed no duty to do; and since alleged adopted child owed no duty to execute documents of adoption and any duty in that regard was upon alleged adoptive parents, no estoppel could arise in their favor or in favor of those claiming under them. | Can an estoppel be invoked to establish facts? | Estoppel - Memo #26 - C - CSS_58258.docx | ROSS-003281048-ROSS-003281049 |
| In re Forked Deer Drainage Dist., 133 Tenn. 684 | 405+2801 | A drainage district is a governmental agency to which power to levy special assessments may be properly delegated. | Can the power of taxation be delegated to incorporated towns by the Legislature? | 019107.docx | LEGALEASE-00149453-LEGALEASE-00149454 |
| In re Forked Deer Drainage Dist., 133 Tenn. 684 | 405+2801 | A drainage district is a governmental agency to which power to levy special assessments may be properly delegated. | Can the power of taxation be delegated to counties by the Legislature? | Highways -Memo 289 - DB_58546.docx | ROSS-003293750 |
| Stark v. McLaughlin, 45 Idaho 112 | 92+4064 | In view of required notices of election for organization and issuance of bonds and right of appeal, Highway District Law held not to deprive owner of property without due process of law (U.S. Const.Amend. 14; Const.Idaho. art. 1, S 13; C.S. SS 1490, 1492-1495, 1510, 1551, 1552, 1554, 1555, 3434, 3509). | Is the power of a highway district to tax unlimited? | Highways -memo 291 - DB_58548.docx | ROSS-003282670 |
| Stark v. McLaughlin, 45 Idaho 112 | 200+90 | In view of required notices of election for organization and issuance of bonds and right of appeal, Highway District Law held not to deny equal protection of law (U.S. Const.Amend. 14; Const.Idaho art. 1, S 13; C.S. SS 1490, 1492-1495, 1510, 1551, 1552, 1554, 1555, 3434, 3509). | Is highway district a political municipality? | 019111.docx | LEGALEASE-00149503-LEGALEASE-00149504 |
| People v. Old Second Nat. Bank, 347 Ill. 640 | 371+2850 | Taxes are not contractual obligations; remedy for collection being action of debt, not common counts. S.H.A. ch. 120, S 557. | Are taxes contractual obligations? | Taxation - Memo # 846 - C - JL_58474.docx | ROSS-003305634-ROSS-003305635 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Perry v. Lockert, 414 F. Supp. 169 | 309+175 | Under Tennessee law, a compensated surety, as opposed to accommodation surety, in absence of an indemnity agreement or controlling statute may not recover from its principal the expenses which it incurs in defending a suit brought by an obligee against the principal and surety as codefendants, unless it has first satisfied some portion of principal's obligation. | Does an indorser have a remedy against the maker for the cost incurred by him in his own defence? | 009690.docx | LEGALEASE-00150124-LEGALEASE-00150125 |
| In re Forked Deer Drainage Dist., 133 Tenn. 684 | 405+2801 | A drainage district is a governmental agency to which power to levy special assessments may be properly delegated. | Is the Road Improvement District an agency of the county? | 019091.docx | LEGALEASE-00150528-LEGALEASE-00150529 |
| United States v. McFadden, 238 F.3d 198 | 48A+335 | Defendant who rode his bicycle on a sidewalk did not violate New York statute requiring bicyclists riding on roadways to ride near the right-hand curb or on a usable right-hand shoulder. N.Y.McKinney's Vehicle and Traffic Law S 1234(a). | "Is traffic defined as pedestrians, ridden or herded animals, vehicles, and other conveyances either singly or together while using any highway for the purpose of travel?" | Bills and Notes- Memo 452-PR_59324.docx | ROSS-003282308-ROSS-003282309 |
| Haskell v. Mitchell, 53 Me. 468 | 83E+551 | An assignment and delivery of a negotiable promissory note before maturity, without an indorsement by the payee until after maturity, gives to the assignee only the rights of the payee. | Can a negotiable instrument be assigned before maturity? | 010798.docx | LEGALEASE-00151130-LEGALEASE-00151131 |
| Daniggelis v. Pivan, 159 Ill. App. 3d 1097 | 308+132(1) | Lenders were bound by acts of their agents who entered into individual finance agreements with borrower. | Is a principal bound by all the acts of an agent performed within the scope of his agency? | Principal and Agent - Memo 196 - KC_59476.docx | ROSS-003282333-ROSS-003282334 |
| Mut. Ben. Life Ins. Co. v. Zimmerman, 783 F. Supp. 853 | 217+3626 | Claim for breach of fiduciary duty by managing agent of reinsurance pool was within scope of narrow arbitration clause in reinsurance pool management agreement, though agreement did not identify agent's fiduciary duties as managing agent, since there would not be fiduciary relationship without the management agreement; however, claims against other parties for tortious interference with fiduciary relations did not arise under the management agreement and were not within the scope of the arbitration clause. | Are the arbitrators appointed by the parties presumably specialists? | 007961.docx | LEGALEASE-00151424-LEGALEASE-00151425 |
| Horvath v. Bank of New York, N.A., 641 | 266+1442 | Transferee note holder had authority under Virginia law to enforce note by appointing substitute trustee and foreclosing on property, since note had been endorsed in blank, meaning it was bearer paper and enforceable by whoever possessed it, note and deed of trust demonstrated that parties intended to allow documents to be freely transferred and there was no alteration to note or deed of trust at any time, there was no change in its terms of payment, borrower was in default on his obligations, and note was in holder's hands when foreclosure sale took place. West's V.C.A. SS 8.3A-104, 8.3A-201(b), 8.3A-203(b), 8.3A-205(b), 8.1A-302(a). | Who can be called a note holder? | Bills and Notes- Memo 348-PR_60211.docx | ROSS-003309088 |
| Klauber v. Biggerstaff, 47 Wis. 551 | 83E+680 | The word "currency," in a certificate of deposit, means money, including bank notes, which, though not an absolute legal tender, are issued for circulation by authority of law, and are in actual and general circulation at the locus in quo at par with coin. | Are bank notes equivalent to money? | 009784.docx | LEGALEASE-00153354-LEGALEASE-00153355 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Metzerott v. Ward, 10 App. D.C. 514 | 83E+129(1) | Where the giving of a note suspends all right of action on the original indebtedness for the amount of which the note is given, such suspension is a sufficient consideration for the note to bind all parties who sign it, whether they all derive personal benefit from such suspension or not. | When can a third person be held as an endorser? | 009851.docx | LEGALEASE-00153570-LEGALEASE-00153571 |
| Comerica Bank v. Mann, 13 F. Supp. 3d 1262 | 101+2544(2) | Registered agent for company chartered under Cayman law did not have authority to receive notice of disposition of collateral on behalf of company or its principal, as required for disposition of collateral by secured party to be commercially reasonable under Florida law, although agent had authority to accept service of process and other notices. West's F.S.A. S 679.613. | Is a principal bound by the statement of an agent? | 041547.docx | LEGALEASE-00153453-LEGALEASE-00153454 |
| Maryland Econ. Dev. Corp. v. Montgomery Cty., 431 Md. 189 | 371+2218 | Economic development article which exempted Maryland Economic Development Corporation (MEDCO) from "any" requirement to pay taxes or assessments on its properties or activities exempted MEDCO from both direct and excise taxes, and thus, exempted MEDCO from obligation to pay recordation tax for recording of deed of trust on its property that secured loan from lender. West's Ann.Md.Code, Economic Development, S 10-129(a). | What is property tax? | 046025.docx | LEGALEASE-00153334-LEGALEASE-00153335 |
| Carroll Cty. Sav. Bank v. Strother, 28 S.C. 504 | 83E+356 | A contract to pay money which authorizes the payee to declare it due whenever deemed insecure is not a negotiable note. | Can a promissory note be used to hire a slave? | Bills and Notes - Memo 1002 - PR RK_61282.docx | ROSS-003307693-ROSS-003307694 |
| Gay v. Rooke, 151 Mass. 115 | 8.30E+33 | An instrument in writing, in the form: "I O U, E. A. Gay, the sum of seventeen dolls. 5/100, for value received. John R. Rooke,"-is not a promissory note. | Can a note in writing signed by witness be considered as promissory note? | 009005.docx | LEGALEASE-00154715-LEGALEASE-00154716 |
| Matson v. Frank, 86 Wash. 669 | 266+2131(3) | Under Rem. & Bal.Code, SS 474, 475, RCW 4.84.010, 4.84.020, an attorney's fee held properly taxed as costs, where the note provided for such fee, but the mortgage did not. | Can notes and mortgage be construed as one transaction? | 009697.docx | LEGALEASE-00154231-LEGALEASE-00154232 |
| Pyle v. Bituminous Cas. Corp., 42 Tenn. App. 145 | 336H+126 | Where declarations in suits arising from automobile accident alleged that automobile was being operated with consent of defendant, it became incumbent on defendant to present defense to charge, and having failed to defend after constructive and actual notice of pendency of suits, default judgments, rendered against defendant and unappealed within 30 days after rendition, became binding and conclusive on defendant. | Can an assignor erase the assignment in order to maintain a suit against the same parties on the note? | Bills and Notes - Memo 947 - RK_60807.docx | ROSS-003292225 |
| Smith v. Fid. Consumer Disc. Co., 898 F.2d 896 | 172H+1342 | Although consumer lender's actions in prematurely beginning performance of loan transaction violated Truth in Lending Act, lender's actions did not constitute failure to deliver either required material disclosure or required rescission notice to debtor, as would warrant rescission of loan under Act. Truth in Lending Act, SS 102 et seq., 125, 15 U.S.C.A. SS 1601 et seq., 1635; Truth in Lending Regulations, Regulation Z, S 226.23(b, c), 15 U.S.C.A. foll. S 1700. | Should Truth in Lending Act (TILA) be constructed in favor of lenders or borrowers? | Consumer Credit - Memo 154-IS_61197.docx | ROSS-003280614-ROSS-003280615 |
| Regents of Univ. of Michigan v. Ewing, 474 U.S. 214 | 141E+1182 | University faculties have the widest range of discretion in making judgments as to academic performance of students and their entitlement to promotion or graduation. | Should judges show great respect for the facultys professional judgement when asked to review the substance of an academic decision? | Education - Memo # 247 - C - KS_61021.docx | ROSS-003281534-ROSS-003281535 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Cornerstone Homes, 544 B.R. 492 | 266+1412 | Written assignments executed by individual investors who had previously loaned money to Chapter 11 debtor's business, and who were the lawful owners and holders of individual lender notes and mortgages, by which these individual investors purported to transfer to banks to whom these written assignments were delivered their individual lender mortgages, "together with the bond or obligation described in the mortgage," were sufficient under New York law to give banks standing to enforce mortgages, and to make the banks secured creditors for the more than $13 million that they advanced to debtor in connection with consolidation of earlier, individual mortgage loans, even in absence of endorsement and physical delivery of individual mortgage notes. | Can a person become a holder by reason of delivery? | 010858.docx | LEGALEASE-00155322-LEGALEASE-00155323 |
| Anthony v. Anthony, 642 F. Supp. 2d 1366 | 172H+1341 | Homeowner's lack of assent to forged mortgage refinancing documents never contractually obligated homeowner, under Florida law, as required for "consummation" of contract, within meaning of TILA disclosure requirements for providing good faith estimates of credit terms and correcting any inaccuracies prior to consummating residential mortgage transactions, and thus, TILA provided homeowner no remedy against lender. Truth in Lending Act, S 128(b), 15 U.S.C.A. S 1638(b); 12 C.F.R. S 226.2(a)(13). | Is a forged contract a nullity? | Consumer Credit - Memo 197 - RK_61859.docx | ROSS-003319193-ROSS-003319194 |
| United States v. Szabo, 760 F.3d 997 | 92+2039 | Department of Veterans Affairs (VA) regulation prohibiting disorderly conduct in VA medical facilities was reasonable in light of purpose served by such facilities, and thus its application to veteran who yelled obscenities and made threats of physical violence to receptionist, doctor, and security guard did not violate First Amendment as applied, even if veteran's speech was protected, where regulation was viewpoint neutral, and sought to prohibit disturbances because purpose of VA facilities was to serve and care for veterans, many veterans had heightened sensitivities, and disturbances, including loud noises, could trigger psychological reactions from VA patient population. U.S.C.A. Const.Amend. 1; 38 C.F.R. S 1.218(a)(5). | Can speech be regulated by the Government? | Disorderly Conduct-Memo 145-JK_61889.docx | ROSS-003283275-ROSS-003283276 |
| United States v. Szabo, 760 F.3d 997 | 15A+1302 | Regulation's facial validity may only be raised outside of designated forum when that forum is somehow inadequate. 5 U.S.C.A. S 703. | Does the regulation of speech depend on the nature of the forum? | Disorderly Conduct-Memo 146-JK_61890.docx | ROSS-003293531-ROSS-003293532 |
| U.S. Insulation Sales Corp. v. Jones-Blair Co., 491 S.W.2d 226 | 241+201 | Where defendant, sued on sworn account, had notice of trial date but did not appear, trial court should not have rendered judgment against defendant on its counterclaim but should have merely dismissed the same, even though the counterclaim was allegedly barred by the two-year statute of limitations. Vernon's Ann.Civ.St. art. 5526. | Can court try the case for a party where party fails to appear and prosecute his case? | 039229.docx | LEGALEASE-00155289-LEGALEASE-00155290 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bd. of Educ. of Indep. Sch. Dist. No. 92 of Pottawatomie Cty. v. Earls, 536 U.S. 822 | 141E+745 | School board's policy requiring all students who participated in competitive extracurricular activities to submit to drug testing was a reasonable means of furthering the school district's important interest in preventing and deterring drug use among its schoolchildren, and therefore did not violate Fourth Amendment; students affected by policy had a limited expectation of privacy, degree of intrusion caused by policy was negligible given the method of collection of urine samples, and the only consequence of a failed drug test was to limit student's privilege of participating in extracurricular activities. U.S.C.A. Const.Amend. 4. | Is suspicionless drug testing of student athletes constitutionally permissible? | Education - Memo # 278-C - KS.docx | LEGALEASE-00045650-LEGALEASE-00045651 |
| TracFone Wireless v. Comm'n on State Emergency Commc'ns, 397 S.W.3d 173 | 371+2150 | Double taxation violates the equal and uniform clause of state constitution not so much because two taxes are assessed, but the problem is that the double-tax burden is imposed on some taxpayers but not on others; this unequal imposition is what offends common constitutional requirements of uniformity. Vernon's Ann.Texas Const. Art. 8, S 1(a). | What does double taxation mean? | 046072.docx | LEGALEASE-00156310-LEGALEASE-00156312 |
| Cooper v. State, 2017 WL 5623582 | 67+6 | In prosecution for burglary of a habitation, it was not necessary for State to prove that owner of home was present at time of the burglary. | Does a home have to be occupied to commit burglary? | 013028.docx | LEGALEASE-00156411-LEGALEASE-00156412 |
| People v. Schmidt, 161 Ill. App. 3d 278 | 110+795(2.35) | Defendant charged with burglary was entitled to instruction on theft, even though theft was not lesser included offense of burglary, where defendant contended that he did not enter home, but had merely picked up items which third party had dropped. S.H.A. ch. 38, PP 5-2, 16-1(d). | Does burglary require the commission of a theft? | 013096.docx | LEGALEASE-00156549-LEGALEASE-00156550 |
| United States v. Hascall, 76 F.3d 902 | 350H+1285 | Second-degree burglary of commercial building involved conduct that presented serious potential risk of physical injury to another, as required to be "crime of violence," for purposes of career offender provision of Sentencing Guidelines. U.S.S.G. SS 4B1.1, 4B1.2, 18 U.S.C.A. | Can breaking into a commercial building be considered a violent felony? | Burglary - Memo 303 - RK_62305.docx | ROSS-003280517-ROSS-003280519 |
| Minter v. State, 70 Tex. Crim. 634 | 67+9(1) | Under Sand. & H.Dig., S 1492, a burglary is committed by either breaking or entering the house of another with intent to commit a felony. Held, that removing two slats on the outside of a window, and also the putty and tacks holding a pane of glass in the window, but leaving the pane in place, so that no opening was made into the house, did not constitute a breaking, so as to render accused liable to a prosecution for burglary. | What does actual breaking in the context of burglary mean? | Burglary - Memo 306 - RK_62308.docx | ROSS-003294882-ROSS-003294883 |
| W. Virginia Div. of Izaak Walton League of Am. v. Butz, 522 F.2d 945 | 411+8 | As used in Organic Act provision that timber in national forest, before being sold, shall be marked and designated, "marked" means selection and indication by a blaze, paint or marking hammer on the stem of trees to be felled or retained, and "designate" means to indicate, and as the words are not synonymous, forest service must not only designate that area from which timber is to be sold, but mark each individual tree authorized to be cut. 16 U.S.C.A. S 476. | What is the meaning of designate? | Woods and Forest - Memo 89 - SB_63602.docx | ROSS-003282450-ROSS-003282451 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bank of New York v. F.D.I.C., 453 F. Supp. 2d 82 | 172H+460 | Assuming issue of whether now-defunct bank entered into master indenture with securitization investors was a question of New York contract law, bank and indenture trustee for the interests of investors who purchased asset-backed securities from a trust established by bank intended the transaction documents, including master indenture and transfer and servicing agreement, to be construed together as a single agreement; each of the transaction documents contained repeated references to provisions of the other documents, making the documents interdependent, and ten of eleven examples of opinion letters from outside counsel sent to prospective investors unequivocally described bank as having entered into master indenture. | Was NextBank established to issue consumer credit cards through the internet? | Consumer Credit - Memo 17-AM_63848.docx | ROSS-003280361-ROSS-003280362 |
| Stouffer Corp. v. Breckenridge, 859 F.2d 75 | 170B+2447 | Citizenship of limited partners had to be considered in determining diversity jurisdiction in action involving limited partnership. 28 U.S.C.A. S 1332(a)(1), (c). | s limited partnership a form of unincorporated association? | Partnership - Memo 517-GP.docx | LEGALEASE-00048009-LEGALEASE-00048010 |
| Payne v. Slate & Gardner, 39 Barb. 634 | 241+143(1) | Whoever makes a promise or an acknowledgment, either orally or in writing, which is to have the effect to rescue a debt from the statute of limitations, must be the party to be charged, or duly authorized by such party. | Does the dissolution of a partnership operate as a revocation of all authority to make new contracts? | Partnership - Memo 521-GP_64061.docx | ROSS-003283179-ROSS-003283180 |
| Taylor v. New Jersey Title Guarantee & Tr. Co., 70 N.J.L. 24 | 217+3571 | An averment in a declaration that A. purchased land at a tax sale, and ever since has lawfully held the land against plaintiff, is not legally equivalent, in an action on a policy of title insurance, to an averment that plaintiff was evicted under the title conveyed by such sale. | Do the rules of pleading require the pleader to aver directly the facts which constitute his claim? | 023834.docx | LEGALEASE-00158852-LEGALEASE-00158853 |
| Tenney v. E. Warren Lumber Co., 43 N.H. 343 | 101+2435 | A deed in this form: "We, the E. W. L. Co., in consideration of $5,000 to us paid, etc., do give, grant," etc.; "we, the E. W. L. Co., do hereby covenant," etc.; "if the E. W. L. Co. shall pay," etc.; and concluding, "In witness whereof we have hereunto set our hands and seals," etc.; signed, "D. E. F., President," etc., and seal, "E. S. C., Treasurer," etc., and seal,-is the deed of the corporation, if the agents were authorized to execute it. | Does an agent need to name the principal in order to bind him? | 041685.docx | LEGALEASE-00158914-LEGALEASE-00158915 |
| Pulaski Cty. v. Lincoln, 9 Ark. 320 | 104+104 | The county court has the power to provide a house for the poor, and may appoint commissioners to select and contract for a site therefor, and when the acts of such commissioners are ratified by the court, they become as valid as if done directly by the court. | "When there is no intent that joint agents may act severally, will actions taken by the agents be invalid unless executed by all agents?" | Principal and Agent - Memo 376 - RK.docx | LEGALEASE-00048727-LEGALEASE-00048728 |
| Chapman v. Gerard, 456 F.2d 577 | 141E+1234 | Statute barring residents of Virgin Islands from participating in territorial scholarship fund solely by reason of their alienage could not be sustained on theory that fund was created to foster pool of qualified citizens capable of filling government offices or on theory that participation in fund was a privilege rather than a right, and scheme of exclusion was arbitrary, invidious and without reasonable nexus to the special interest allegedly sought to be protected. 17 V.I.C. SS 173, 176(a); Revised Organic Act of 1954, S 29, Vol. 1, V.I.C.; U.S.C.A.Const. Amend. 14. | Are aliens entitled to equal protection under the Fourteenth Amendment? | "Aliens, Immigration and Citizenship - Memo 80 - RK_64814.docx" | ROSS-003322931-ROSS-003322932 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| GMAC v. Everett Chevrolet, 179 Wash. App. 126 | 95+194 | Security agreement contained a demand obligation, and, thus, any duty of good faith did not limit right of lender on line of credit to demand repayment by borrower at any time for any reason or no reason, where upon-demand provision stated that borrower agreed upon demand to pay to lender the amount it advanced or was obligated to advance by the manufacturer or distributor for each vehicle with interest, which was express demand language on its face, the provision appeared to be a material clause governing the parties' lending relationship, provision was in the second paragraph of the security agreement, which suggested that the parties intended their relationship to be controlled by the upon-demand terms, and if the agreement were construed in any other way, the provision would have been rendered meaningless. | When is an instrument payable if no time is specified for repayment? | Bills and Notes - Memo 74 - DB_64595.docx | ROSS-003293176-ROSS-003293177 |
| MacKellar Assocs. v. Serigraph, No. 07-12468, 2009 WL 73660 | 170A+2492 | Sales representative firm's actions did not constitute waiver of contractual rights as a matter of law under Wisconsin law, precluding summary judgment in favor of manufacturer. The firm had sued for contractual pre-termination commissions and penalty damages under the Wisconsin Sales Commission Act. While the firm had accepted commission payments, it had repeatedly challenged the amounts paid. Also it was unclear whether the sales firm knew that the contract giving rise to the commission payments was in still force after the original manufacturer was acquired by the current manufacturer. Fed.Rules Civ.Proc.Rule 56(c), 28 U.S.C.A. | Do waiver and estoppel represent distinct but related doctrines? | Estoppel - Memo #221 - C - CSS_64619.docx | ROSS-003279513-ROSS-003279514 |
| Greene v. Rothschild, 60 Wash. 2d 508 | 70+321(23) | Evidence in taxicab passenger's personal injury action that taxicab driver at time of intersectional collision had been driving for 81/212 hours continuously did not require giving of instruction that fatigue of driver of taxicab, which may have impaired his driving ability, was not defense because of duty owed by common carrier to passenger. | Can a principal give notification of the termination of the agent's authority by any method reasonably adapted to give the information to such third person? | 041295.docx | LEGALEASE-00159471-LEGALEASE-00159472 |
| State v. Hogan, 480 So. 2d 288 | 350H+8 | General sentencing enhancement statute (LSA-R.S. 14:34, 14:95; LSA-C.Cr.P. art. 893.1) applicable when a firearm is used in commission of a felony, does not impose cruel, unusual, and excessive punishment and is not constitutionally infirm on its face or as applied. U.S.C.A. Const.Amend. 8. | When is a sentence considered excessive? | 012528.docx | LEGALEASE-00161515-LEGALEASE-00161516 |
| Volpe v. Marina Parks, 101 R.I. 80 | 268+663(2) | Where owner of tract extending to bay on the east platted a part and laid out thereon several streets, one bounding the plat on the southeasterly side, and about a year and five months after he died the city abandoned the street, a deed by his two children, to whom he had left all his property equally after selling the platted land, to the easterly half of the street together with the land southeast thereof to mean high-water mark conveyed good fee simple title. | Is the owner of premises bounded on a public highway presumed to own the fee to the middle line of the highway? | 018815.docx | LEGALEASE-00161643-LEGALEASE-00161644 |
| Finney v. Terrell, 276 S.W. 340 | 226H+3 | "Joint adventure" similar to partnership, except that it generally relates to a single transaction. | Are joint ventures regarded as within the principles governing partnerships? | 022750.docx | LEGALEASE-00162540-LEGALEASE-00162541 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Toney v. C. Courtney, 191 So. 3d 505 | 350H+1546 | Allegations in prisoner's amended complaint against two physicians and a nurse supported the objective prong of a S 1983 claim for deliberate indifference to a serious medical need in violation of Eighth Amendment prohibition against cruel and unusual punishment; prisoner alleged that he had a diagnosis of celiac disease, a gluten or wheat allergy, that nature of his meals was particularly important because he was also an insulin-dependent diabetic, that for the majority of time alleged in his amended complaint he did not receive gluten-free meals, and that, as a result, he regularly consumed gluten, which, due to his celiac disease, caused vomiting, stomach pains, headaches, fatigue, and skin irritation. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. S 1983. | "Will a complaint that simply strings together a series of sentences and paragraphs containing legal conclusions and theories, establish a claim for relief?" | Pleading - Memo 619 - RMM.docx | LEGALEASE-00052090-LEGALEASE-00052091 |
| Stockbridge Energy v. Taylor, 359 P.3d 181 | 307A+695 | The "reasonable time" that the trial court must allow the plaintiff to amend the petition after dismissal would not include a time longer than the one-year savings clause period or that of the remaining applicable statute of limitations, whichever is longer. 12 Okl.St.Ann. SS 100, 2012(G). | Is it the duty of the defendant to preserve the plaintiff's claims? | 040131.docx | LEGALEASE-00162358-LEGALEASE-00162359 |
| Fed. St. & P. V. Pass. Ry. Co. v. City of Pittsburg, 226 Pa. 419 | 371+2003 | While taxation is an incident of sovereignty necessary to maintain government, the authority to impose taxes depends upon express legislative grant, and not upon incidental governmental power, and there is no such thing as taxation by implication. | Can the power of taxation be possessed by municipalities without delegation? | 046331.docx | LEGALEASE-00161930-LEGALEASE-00161931 |
| Williams v. Osbon, 75 Ind. 280 | 83E+402 | The term "indorsement" implies a transfer by writing upon the instrument. | Does the word assigned have a known legal signification? | 009318.docx | LEGALEASE-00162977-LEGALEASE-00162978 |
| People v. Flannel, 25 Cal. 3d 668 | 106+100(1) | As to cases not yet tried as of date of Supreme Court opinion, November 13, 1979, rule in homicide cases that an honest but unreasonable belief in the need to defend negates element of malice and reduces offense to manslaughter is a general principle of law for purposes of jury instruction and therefore trial courts are under an obligation to give such an instruction sua sponte when appropriate. | Is vice an element of malice? | 019395.docx | LEGALEASE-00164056-LEGALEASE-00164057 |
| McKissick v. Pickle, 16 Pa. 140 | 75+30 | The declaration or admission of one of the trustees of a charitable trust in real estate, that the trust title had been devested, cannot affect the right of the persons interested under the trust. The trustees have no right to relinquish the trust property. | Can all possible contingent interests in land be taken in execution? | 014093.docx | LEGALEASE-00165089-LEGALEASE-00165090 |
| Com. v. Keenan, 365 Pa. Super. 437 | 135H+52 | Reprosecution on same charges in county with jurisdiction was not barred by double jeopardy following setting aside of guilty verdict and ordering of new trial for lack of subject matter jurisdiction in original county, as there was no proof that Commonwealth intended to engage in prosecution which it knew would result in outcome favorable to defense. U.S.C.A. Const.Amend. 5. | What are the three categories of protection that double jeopardy cover? | 016082.docx | LEGALEASE-00165829-LEGALEASE-00165830 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Herlihy Moving & Storage v. Adecco USA, 2010 WL 3607483 | 170A+2497.1 | Genuine issue of material fact existed as to whether an oral contract executed between temporary employment agency and a moving company included the requirement that the agency provide candidates that had their criminal histories checked. The owner of the company testified that he told an agency employee to perform background checks, that employee agreed that they would, and that the agency failed to do so. Further, the company could not claim that the term "background check" was ambiguous as their computer system had a tab for "background" which included criminal records files. Fed.Rules Civ.Proc.Rule 56(c) (2), 28 U.S.C.A. | "If a tort claim is factually intertwined with a breach of contract claim, can recovery be had for both?" | 006381.docx | LEGALEASE-00166795-LEGALEASE-00166796 |
| Sharer v. Creative Leasing, 612 So. 2d 1191 | 50+20 | Lessor of truck was not entitled to recover 5% late fee applicable to late "rental payments," under lease agreement, on amounts owing following termination of agreement, as upon termination, rental payments merged into termination loss amount and there were no more late rental payments. Code 1975, S 8-8-8. | Is the alleged lessor's ownership of the tax benefits associated with leased equipment a traditional indication? | 042638.docx | LEGALEASE-00166927-LEGALEASE-00166928 |
| Stephens v. Thompson, 177 Ga. App. 528 | 50+2 | Transfer of property by seller to prospective purchaser on approval creates "bailment" under O.C.G.A. S 44-12-40. | Does bailment involve the delivery of property? | 06136.docx | LEGALEASE-00079091-LEGALEASE-00079092 |
| Kesling v. Countrywide Home Loans, 2011 WL 227637 | 170A+2491.8 | A genuine issue of material fact existed as to whether the lender's return of two partial loan payments to the borrower before the foreclosure process had begun was due to insufficient funds. Therefore, summary judgment in favor of the lender was precluded in borrower's claim that lender violated the West Virginia Consumer Credit and Protection Act. Although the lender asserted that the borrower had insufficient funds, the lender relied on a spreadsheet that failed to clarify the reasons for the returned payments and consequently provided no support for the contention. Furthermore, the borrower testified that he had sufficient funds at all times and when the lender stopped taking money out of his bank account, he sent money orders that were sent back to him right away. West Virginia Code S 46A-2-115; West's Ann. W.Va.Code, 46A-1-101. | Can loan agreements permit recovery of reasonable expenses? | 01251.docx | LEGALEASE-00081611-LEGALEASE-00081612 |
| Grannis v. Ordean, 234 U.S. 385 | 92+3975 | Service by publication and mailing of summons in partition, conformably to the local law, naming as party defendant Albert Guilfuss, assignee, and Albert B. Guilfuss, satisfied the due process of law clause of U.S.C.A. Const.Amend. 14, conferring jurisdiction, so as to render a judgment binding on Albert B. Guilfuss, assignee as to his lien; he not having appeared. | What are the fundamental components of due process? | 07093.docx | LEGALEASE-00089148-LEGALEASE-00089150 |
| W. Media v. Merrick, 224 Mont. 28 | 192+1 | Goodwill is intangible asset of business. | Is the nature of goodwill intangible? | 10493.docx | LEGALEASE-00089337-LEGALEASE-00089338 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Yonan, 800 F.2d 164 | 319H+50 | Alleged relationship between defendant, who was charged with operating affairs of his law practice through a pattern of racketeering by bribing assistant state's attorney in order to influence disposition of some of his cases, and state's attorney's office was sufficient to allege that defendant was "associated" with that office for purposes of Racketeer Influenced and Corrupt Organizations Act. 18 U.S.C.A. S 1962(c). | "What are the characteristics of people who ""associate with"" enterprises for RICO purposes? " | 10784.docx | LEGALEASE-00094653-LEGALEASE-00094654 |
| Peverill v. Bd. of Sup'rs of Black Hawk Cty., 208 Iowa 94 | 92+3902 | Due process rule is not limitation on state's right to exercise police power, unless power is arbitrarily, unreasonably, or improperly exercised (Const. U.S. Amend. 14). | Whether the absolute prohibition of the use of shoddy in the manufacture of comfortables violates the due process clause? | 019473.docx | LEGALEASE-00121226-LEGALEASE-00121227 |
| Martin v. Hickenlooper, 90 Utah 150 | 366+1 | Doctrine of subrogation, which is purely equitable doctrine borrowed from civil law, is highly favored in equity. | Does the doctrine of subrogation rest on a contract or principles of natural equity? | 044320.docx | LEGALEASE-00125026-LEGALEASE-00125027 |
| Davis v. City of Chicago, 2014 IL App (1st) 122427 | 307A+3 | In limine orders are interlocutory and, thus, remain subject to reconsideration throughout the trial. | Is an unclear order in limine worse than no order at all? | 037122.docx | LEGALEASE-00125359-LEGALEASE-00125360 |
| Schultz v. AT & T Wireless Servs., a foreign corp., 376 F. Supp. 2d 685 | 25T+134(6) | Under West Virginia law, wireless telephone service contract was not unconscionable due to fact that it required arbitration of all disputes, even if it precluded all class action lawsuits, where customer was not precluded from vindicating his rights if action proceeded in arbitration, there was no evidence that arbitration would be cost prohibitive, and customer sought more than $75,000 in damages. | Does an arbitral forum need to replicate a judicial forum to be enforceable? | Alternative Dispute Resolution - Memo 431 - RK.docx | ROSS-003284105-ROSS-003284107 |
| United States v. Casson, 434 F.2d 415 | 342+2 | Federal statute for District of Columbia, defining crime of burglary in first degree and increasing minimum and maximum punishments therefor and increasing minimum punishment for robbery by amending prior laws on both crimes became effective at 3:05 p. m. when it was signed by the President, and not before. D.C.C.E. SS 22-1801, 22-1801(a), 22-2901; 1 U.S.C.A. S 112; U.S.C.A.Const. art. 1, S 9, cl. 3. | Is burglary a crime malum in se? | 012685.docx | LEGALEASE-00136051-LEGALEASE-00136052 |
| Cosmopolitan Tr. Co. v. Leonard Watch Co., 249 Mass. 14 | 83E+481 | Assignments made by words or acts. | Is it necessary to indicate the intention of the owner in an assignment? | Bills and Notes - Memo 574 - RK.docx | ROSS-003302026-ROSS-003302028 |
| TCF v. City of St. Louis, 402 S.W.3d 176 | 23H+682 | City's appeal of circuit court's reversal of administrative revocation of nightclub operator's liquor license was moot, and did not fall within any exception to the mootness doctrine; operator voluntarily surrendered its liquor license and closed its night club after appeal had been argued and submitted, and the case did not present an unsettled legal issue of public interest and importance of a recurring nature that would escape review unless the appellate court exercised its discretionary jurisdiction. | Should moot cases be dismissed? | 035404.docx | LEGALEASE-00144953-LEGALEASE-00144954 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Blahowski, 324 F.3d 592 | 350H+664(5) | Amendment to application notes for career offender sentencing guideline, stating that the offense of conviction, that is, the conduct of which defendant was convicted, was object of inquiry in determining application of the guideline, did not require sentencing court to examine specific evidence of defendant's actual conduct during the course of committing a particular commercial burglary used as predicate offense, in order to determine whether the defendant engaged in conduct that posed a serious potential risk of physical injury to another, as would warrant application of the guideline; Court of Appeals panel decision prior to amendment held that underlying facts specific to defendant's conduct in committing commercial burglary were irrelevant in determining whether it qualified as predicate offense under guideline, and amendment did not substantively alter the prior version of application note. U.S.S.G. S 4B1.2(1)(ii) (1997). | Can breaking into a commercial building be considered a violent felony? | 013129.docx | LEGALEASE-00156540-LEGALEASE-00156542 |
| Pulaski Cty. v. Lincoln, 9 Ark. 320 | 104+104 | The county court has the power to provide a house for the poor, and may appoint commissioners to select and contract for a site therefor, and when the acts of such commissioners are ratified by the court, they become as valid as if done directly by the court. | "When there is no intent that joint agents may act severally, will actions taken by the agents be invalid unless executed by all agents?" | 041687.docx | LEGALEASE-00158916-LEGALEASE-00158917 |
| Easley v. E. Tennessee Nat. Bank, 138 Tenn. 369 | 83E+551 | Demand certificate of deposit, stipulating no interest after 12 months, negotiated more than year after date, is negotiated unreasonable time after issuance, and one who takes it is not holder in due course, under Thompson's Shannon's Code, S 3516a52. | The trial court has broad discretion in dismissing frivolous or malicious in forma pauperis actions? | 010489.docx | LEGALEASE-00160921-LEGALEASE-00160922 |
| Toney v. C. Courtney, 191 So. 3d 505 | 350H+1546 | Allegations in prisoner's amended complaint against two physicians and a nurse supported the objective prong of a S 1983 claim for deliberate indifference to a serious medical need in violation of Eighth Amendment prohibition against cruel and unusual punishment; prisoner alleged that he had a diagnosis of celiac disease, a gluten or wheat allergy, that nature of his meals was particularly important because he was also an insulin-dependent diabetic, that for the majority of time alleged in his amended complaint he did not receive gluten-free meals, and that, as a result, he regularly consumed gluten, which, due to his celiac disease, caused vomiting, stomach pains, headaches, fatigue, and skin irritation. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. S 1983. | Will a complaint that simply strings together a series of sentences and paragraphs containing legal conclusions and theories establish a claim for relief? | 023897.docx | LEGALEASE-00162011-LEGALEASE-00162012 |
| Tello v. Royal Caribbean Cruises, Ltd., 939 F. Supp. 2d 1269 | 354+166(4) | Cruise ship passenger, whose son fell overboard and presumably drowned after bartenders served him multiple drinks, stated a plausible claim for respondeat superior or agency liability in her suit against cruise line operator under the Death on the High Seas Act (DOHSA) for her son's wrongful death, to the extent that crewmembers may have been negligent in over-serving, failing to assist, failing to monitor, failing to safeguard, or failing to promptly search for son. 46 U.S.C.A. S 30302. | How is vicarious liability established? | Principal and Agent - Memo 573-SB_63589.docx | ROSS-003278727-ROSS-003278728 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fin. Ctr. Fed. Credit Union v. Brand, 967 N.E.2d 1080 | 366+17 | Although preserving the rights of intervening creditors who record their interests is "plainly equitable," leapfrogging a senior claim is precisely what equitable subrogation is designed to prevent. | Does the doctrine of equitable subrogation avoid an inequitable application of the general principle that priority in time gives a lien priority in right? | Subrogation - Memo 370 - TJ.docx | ROSS-003283998-ROSS-003284000 |
| In re Cox Enterprises Set-top Cable Television Box Antitrust Litig., 835 F.3d 1195 | 170B+3053 | When the Federal Arbitration Act (FAA) states that arbitration agreements shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract, it is referring to the law of the state that governs the contract. 9 U.S.C.A. S 2. | Does the use of the term 'arise' suggest suggests that the contract governs only disputes that begin that arise in the present or future? | Alternative Dispute Resolution - Memo 561 - RK.docx | ROSS-003287026-ROSS-003287027 |
| Stockbridge Energy v. Taylor, 359 P.3d 181 | 307A+695 | The "reasonable time" that the trial court must allow the plaintiff to amend the petition after dismissal would not include a time longer than the one-year savings clause period or that of the remaining applicable statute of limitations, whichever is longer. 12 Okl.St.Ann. SS 100, 2012(G). | Is it the duty of the defendant to preserve the plaintiff's claims? | Pretrial Procedure - Memo 11538 - C - NS_66095.docx | ROSS-003294970-ROSS-003294971 |
| In re Estate of Scott, 208 Ill. App. 3d 846 | 217+3513(4) | Medical subrogation clauses in insurance contracts are generally enforceable; furthermore, if clause is enforceable, it is not common-law concepts of subrogation but contract terms that control. | Can a right of subrogation arise by statute or contract? | Subrogation - Memo 356 - NS.docx | ROSS-003295279-ROSS-003295280 |
| Sourcecorp v. Norcutt, 229 Ariz. 270 | 366+31(4) | A person who fully performs an obligation of another, secured by a mortgage, becomes by subrogation the owner of the obligation and the mortgage to the extent necessary to prevent unjust enrichment. Restatement (Third) of Property (Mortgages) S 7.6. | Does equitable subrogation turn on contractual principles? | Subrogation - Memo 213 - RM C.docx | ROSS-003299773-ROSS-003299774 |
| State v. Waddy, 63 Ohio St. 3d 424 | 37+365 | Aggravated assault, aggravated robbery, and burglary convictions were supported by victim's identification of defendant's voice, evidence that fibers found at crime scene matched those in defendant's gloves, and evidence that defendant was in possession of victim's stolen car keys. | Does burglary require the victim's restraint? | Burglary - Memo 53 - RK.docx | ROSS-003300190-ROSS-003300191 |
| Order of Ry. Conductors & Brakemen v. Clinchfield R. Co., 278 F. Supp. 322 | 25T+301 | The court, in determining validity of an arbitration award, must give effect to intent of the parties as evidenced by the agreement itself, which will be liberally construed to that end. | Is arbitration a formal contract? | Alternative Dispute Resolution - Memo 35 - JS.docx | ROSS-003300736-ROSS-003300737 |
| Burton v. Hansford, 10 W. Va. 470 | 83E+458 | A stranger who indorses negotiable paper at the time it is made is prima facie liable to the payee, at his election at any time, either as original promisor or as guarantor. | When can a third person be held as an endorser? | Bills and Notes - Memo 894 - RK_60693.docx | ROSS-003305606-ROSS-003305607 |
| Matson v. Frank, 86 Wash. 669 | 266+2131(3) | Under Rem. & Bal.Code, SS 474, 475, RCW 4.84.010, 4.84.020, an attorney's fee held properly taxed as costs, where the note provided for such fee, but the mortgage did not. | Can notes and mortgage be construed as one transaction? | Bills and Notes - Memo 8 - KC_61000.docx | ROSS-003308457-ROSS-003308458 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lewis v. Farmers Ins. Exch., 315 Mich. App. 202 | 217+2661 | Relationship by blood is an alternative to a relationship by marriage, i.e., by affinity, for purposes of statute defining term "relative" as a person related by marriage, consanguinity, or adoption, as that term is used in statute providing that personal protection insurance (PIP) benefits are recoverable by the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident; relationship by affinity or marriage consists of the relation existing in consequence of marriage between each of the married persons and the blood relatives of the other, and the degrees of affinity are computed in the same way as those of consanguinity or kindred, and as such, husband is related, by affinity, to all the blood relatives of his wife, and the wife is related, by affinity, to all the blood relatives of the husband. M.C.L.A. S 500.3114(1). | Does a relationship between a step-brother and step-sister come under the term affinity? | Incest - Memo 68 - RK.docx | ROSS-003311549-ROSS-003311550 |
| Clark v. Widnall, 51 F.3d 917 | 34+15 | Decision of Secretary of the Air Force in calling to active duty reserve officer, who participated in armed services health professions scholarship program, after officer changed specialties without permission, did not involve any unauthorized action that would justify interference by civilian courts; officer appeared, not as civilian student, but as reserve officer in Air Force seeking to prevent issuance of order from his military superior, and thus thrust civilian courts squarely into dispute founded upon his personal unwillingness to comply with authority he freely accepted in exchange for furtherance of his professional education by the taxpayers. 10 U.S.C.A. SS 2120-2127. | "Is wide discretion given to the military to decide what constitutes ""good service""?" | Armed Services - Memo 57 - RK.docx | ROSS-003312607-ROSS-003312608 |
| Team Enterprises v. W. Inv. Real Estate Tr., 647 F.3d 901 | 149E+445(1) | Under useful product doctrine, manufacturer of "filter-and-still" machine for filtering and recycling water lacked requisite intent to qualify as "arranger," for purposes of dry cleaning store operator's contribution action under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA); manufacturer's intent was not inferable from machine's design, even if machine when used by operator generated wastewater containing dissolved perchlorethylene (PCE) such that operator had not choice but to dispose of wastewater by pouring it into sewer, as self-evident purpose of machine was to recover and recycle usable PCE that would otherwise be discarded. Comprehensive Environmental Response, Compensation, and Liability Act of 1980, S 107(a)(3), 42 U.S.C.A. S 9607(a)(3). | Should the action causing the entry of pollutants have to be intentional to cause a trespass? | Trespass - Memo 48 - JS.docx | ROSS-003324508-ROSS-003324509 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bioscience W. v. Gulfstream Prop. & Cas. Ins. Co., 185 So. 3d 638 | 217+1790(1) | Insured's assignment of homeowner's insurance policy benefits to mitigation contractor that provided post-loss water removal services at insured's home did not violate statute requiring an insurable interest in the things insured at the time of the loss; insured had an insurable interest at the time of the loss, and insured assigned her vested insurable interest by the post-loss execution of assignment of benefits to contractor, which permitted contractor to step in her shoes. West's F.S.A. S 627.405. | Will an assignment which is the transfer of an interest be voluntary in nature? | Assignments - Memo 7 - MS.docx | LEGALEASE-00000120-LEGALEASE-00000121 |
| Deutsche Bank Nat'l Tr. Co. v. Burke, 117 F. Supp. 3d 953 | 266+1409 | Under Texas law, purported assignment of deed of trust from "Mortgage Electronic Registration System (MERS), as nominee for the lender, its successors and assigns" was void and invalid, where lender did not exist when assignment was signed, lender's successor had ceased existence before assignment and all of its assets were sold, and there was no evidence that MERS was nominee or agent of any successor or assign of original lender. | Should there be an existing right for an assignment to be valid? | Assignments - Memo 8 - MS.docx | ROSS-003289209-ROSS-003289210 |
| In re Liquidation of Cashmere State Bank, 169 Wash. 258 | 172H+971 | Judgment authorizing supervisor of banking to negotiate loan from Reconstruction Finance Corporation to pay claims of preferred creditors and declare first dividend to depositors and general creditors of insolvent state bank, affirmed, Reconstruction Finance Corporation Act, S 5, 15 U.S.C.A. S 605; Rem.Comp.Stat. SS 3269, 3276. | Can a bank be termed as a public service corporation? | Banks and Banking - Memo 5 - MS.docx | LEGALEASE-00000128-LEGALEASE-00000129 |
| Ward v. Vibrasonic Labs., 236 Mont. 314 | 302+237(1) | Trial court did not err in permitting buyer to amend his complaint to conform to evidence presented at trial concerning fraudulent misrepresentation in sale of insurance policy covering hearing aid. | What is the difference between a warranty and insurance? | Insurance - Memo 15 - VP.docx | LEGALEASE-00000204-LEGALEASE-00000205 |
| Hunt v. Nw. Airlines, 600 F.2d 176 | 231H+1625 | When Airline Adjustment Board has determined that discharge of employee was justified, case was determined on its merits, and Board's decision was final and binding on the courts, and independent review of such claims in federal court was not appropriate on same claims as were submitted to System Board for full hearing on the merits. Railway Labor Act, S 204 as amended 45 U.S.C.A. S 184; U.S.C.A.Const. Amends. 5, 14. | What is the primary function of arbitration? | Alternative Dispute Resolution - Memo 33 - JS.docx | LEGALEASE-00000352-LEGALEASE-00000354 |
| AMF Inc. v. Brunswick Corp., 621 F. Supp. 456 | 25T+100 | Manufacturer of bowling equipment would be required to comply with its agreement with a competitor to obtain a nonbinding advisory opinion in a dispute over priority of advertising claims; although new advertisement was not so explicit in denigrating competitor's product as former advertisements that were subject to prior litigation settled as result of agreement to utilize alternative dispute resolution device, current dispute was at least as important to parties as former one that resulted in litigation. | Is an arbitrators decision as binding as a judicial decision? | Alternative Dispute Resolution - Memo 4 - VP.docx | LEGALEASE-00000447-LEGALEASE-00000448 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mazur v. Young, 507 F.3d 1013 | 195+64 | Guarantors who personally secured payment of land contract between vendor and third party purchaser did not assume additional and lasting obligations to vendor that continued past forfeiture, under guaranty agreement stating that guarantors' obligations "shall remain fully binding" even though vendor may have "released" purchaser from "performance of its obligations under such Land Contract," as required for guarantors to be liable to vendor for deficiency after vendor elected forfeiture as remedy, under Michigan law, since vendor's judgment for possession after forfeiture extinguished, not merely released purchaser from, land contract, leaving vendor no legal basis to pursue further claim of breach of contract against guarantors. M.C.L.A. SS 600.5744(1), 600.5750. | Is a guaranty separate and distinct from a mortgage? | Guaranty- Memo 12 - JS.docx | ROSS-003284145-ROSS-003284146 |
| State v. Champoux, 252 Neb. 769 | 92+3902 | In cases involving due process challenges under state Constitution, when fundamental right or suspect classification is not involved in legislation, legislative act is a valid exercise of police power if act is rationally related to legitimate state interest. Const. Art. 1, S 3. | Is the right to full and free use and enjoyment of one's property a privilege protected by law? | Property - Memo 11 - ANG.docx | LEGALEASE-00001319-LEGALEASE-00001320 |
| United Steelworkers of Am. v. Warrior & Gulf Nav. Co., 363 U.S. 574 | 231H+1556(3) | Since any attempt by court to infer a purpose to exclude certain claims from arbitration under collective bargaining agreement necessarily comprehends the merits, court should view with suspicion an attempt to persuade it to become entangled in the substantive provisions of a labor agreement, even through the back door of interpreting the arbitration clause, when the alternative is to utilize the services of an arbitrator. | Can arbitration be substituted for litigation under commercial law? | 004154.docx | LEGALEASE-00116239-LEGALEASE-00116241 |
| Meleyco P'ship No. 2 v. City of W. St. Paul, 874 N.W.2d 440 | 414+1007 | Although a municipality's authority to enact zoning ordinances is a legitimate exercise of its police power, that authority is subject to certain constitutional and statutory limitations, including the municipality's authority to terminate nonconforming uses. | Can a municipality regulate the use of privately-owned land as part of a community-development plan? | 004260.docx | LEGALEASE-00116111-LEGALEASE-00116112 |
| City of S. Pasadena v. Volpe, 418 F. Supp. 854 | 149E+698 | Court has power and discretion, after balancing of equities, to allow portion of project to be performed even though provisions of National Environmental Policy Act and California Environmental Quality Act have not been met fully, where such partial work upon project is necessary for protection of public interest and halting of project in its entirety will pose threat to public welfare and safety of community's inhabitants. National Environmental Policy Act of 1969, S 102, 42 U.S.C.A. S 4332; West's Ann.Cal.Public Resources Code, S 21100. | Is the decisional process for judges one of balancing? | 004535.docx | LEGALEASE-00116351-LEGALEASE-00116352 |
| Moore v. Moore, 414 S.C. 490 | 192+1 | "Personal goodwill" is associated with individuals, and it is that part of increased earning capacity that results from the reputation, knowledge, and skills of individual people. | Does goodwill of a service business consist largely of personal goodwill? | Goodwill - Memo 7 - RK.docx | ROSS-003285477-ROSS-003285478 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Marsh USA Inc. v. Cook, 354 S.W.3d 764 | 95+65.5 | Stock options given in consideration for noncompete agreement were reasonably related to employer's interest in protecting its goodwill, namely the relationships employer had developed with its customers and employees and their identities, due in part to covenantor's performance as a valued employee, and thus covenant not to compete was ancillary to an otherwise enforceable agreement, as required by the Covenants Not to Compete Act. V.T.C.A., Bus. & C. S 15.50(a). | Can goodwill which is intangible be considered an integral part of the business? | 004399.docx | LEGALEASE-00116557-LEGALEASE-00116559 |
| Liberty Mut. Ins. Co. v. Zurich Ins. Co., 402 Ill. App. 3d 37 | 213+11(1) | The innkeeper has custody of the property of its guests, and, in the course of its work, it assumes a duty to protect that property; the guests' property falls in possessory control of the hotel, and it forms an essential part of the hotel's work of protecting its guests' property. S.H.A. 740 ILCS 90/1 et seq. | Does the bailee have custody of property? | Bailment - Memo 18 - ANG.docx | ROSS-003298607-ROSS-003298608 |
| Steamboat Lake Water & Sanitation Dist. v. Halvorson, 252 P.3d 497 | 148+265(1) | Landowners who were unsuccessful in their primary contention that water and sewer district was not authorized to acquire the interest it sought in condemnation action were not entitled to attorney's fees, absent a showing that the award of $90,000 equaled or exceeded 130 percent of the district's last written offer to purchase the property or interest. West's C.R.S.A. S 38-1-122(1, 1.5). | When does the right to condemn private property exists? | Eminent Domain - Memo 19 - AKA.doc | ROSS-003282357-ROSS-003282358 |
| Ex parte Algoe, 74 Neb. 353 | 361+1624(6) | Laws 1901, p. 493, c. 93, providing penalties for blackmail, extortion, and kindred felonies, expresses the subject of the act in the title with sufficient clearness to meet the requirements of Const. art. 3, S 11. | Does blackmail imply an extortion of hush money? | 005055.docx | LEGALEASE-00117115-LEGALEASE-00117116 |
| United Gov't Sec. Officers of Am., Int'l Union v. Exelon Nuclear Sec., 24 F. Supp. 3d 460 | 231H+1553 | Federal courts apply same standard to resolve requests to compel arbitration under Labor Management Relations Act and Federal Arbitration Act. 9 U.S.C.A. S 1 et seq.; Labor Management Relations Act, 1947, S 301, 29 U.S.C.A. S 185. | Can a court order arbitration of a matter that is outside the scope of the arbitration clause? | 005193.docx | LEGALEASE-00116848-LEGALEASE-00116850 |
| Cousins v. McNeel, 96 So. 3d 846 | 59+42 | Trial court did not commit reversible error in locating the boundary line between adjacent properties in action seeking a judgment declaring the boundary line; although trial court failed to identify the location of fence in describing boundary line, trial court relied on the evidence before it and long-standing principles of property law, trial court relied on language contained in deed that was before the court, and description of boundary line relied on landmarks and provided stated measurements from those landmarks to define the boundary. Code 1975, S 35-3-3. | What is the meaning of wantonness in a trespass action? | 000748.docx | LEGALEASE-00117446-LEGALEASE-00117447 |
| Jackass Mt. Ranch v. S. Columbia Basin Irr. Dist., 175 Wash. App. 374 | 148+266 | A claim for inverse condemnation exists where the alleged damage or taking was caused by a governmental entity's affirmative act of constructing a public project to achieve a public purpose. West's RCWA Const. Art. 1, S 16. | Can a failure to act fulfill the intentional act element required for a claim of trespass? | Trespass - Memo 42 - RK.docx | ROSS-003315384-ROSS-003315385 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| S. Nat. Gas Co. v. Mound Co., 229 F. Supp. 422 | 260+92.84 | Mineral lessees who contended that a defendant's well illegally produced oil from sand which had been sealed off, by order, from sand from which production was permitted so as to unjustly enrich defendant, depriving them of property in violation of code and who sought accounting were required to exhaust their administrative remedies before the Commissioner of Conservation, though several days after suit was filed, defendant sold its allegedly offending oil interests to a third party. LSA-R.S. 30:12. | Does the Commissioner of conservation have the authority to find the facts upon which the law is to be applied? | Administrative Law - Memo 50 - RK.docx | ROSS-003311778-ROSS-003311779 |
| Lowe v. Swanson, 639 F. Supp. 2d 857 | 92+4509(23) | Rational basis scrutiny, not strict scrutiny, applied to a criminal defendant's substantive due process challenge to an Ohio incest statute which prohibited sexual relations between the defendant and his adult, opposite-sex step-child; the defendant claimed that application of the statute to his circumstances infringed on his fundamental right to consensual sexual relationships within the privacy of the home. U.S.C.A. Const.Amend. 14; Ohio R.C. S 2907.03(A)(5). | Is incest a common law crime? | 000441.docx | LEGALEASE-00117756-LEGALEASE-00117757 |
| Clemente v. Espinosa, 749 F. Supp. 672 | 237+33 | Under Pennsylvania common law of defamation, plaintiff who proves that statements made about him were slanderous per se may recover even substantial sums without evidence of actual loss; existence of injury is presumed from fact of publication. | When are nominal damages appropriate? | Libel and Slander - Memo 82 - TH.docx | ROSS-003298620-ROSS-003298622 |
| Tossow v. State, 2003 WL 738331 | 386+84 | Evidence was sufficient to support defendant's conviction for criminal trespass upon the property of a residential treatment center; defendant was asked to leave premises and refused to do so until police were called and arrested him for trespass, although defendant claimed that, as a program participant he was a tenant of the center, and his program fee constituted rent, there was no evidence of a written or oral contract, and mere payment of rent, assuming defendant did pay rent, was insufficient to show tenancy. V.T.C.A., Penal Code S 30.05. | Can the relation between a landlord and a tenant be disproved by parol evidence? | Landlord and Tenant - Memo 41 - ANG.docx | ROSS-003296467-ROSS-003296468 |
| Davis v. Michigan Dept. of Corrections, 746 F.Supp. 662 | 170B+3442 | Inmate could not take good faith appeal of decisions that correctional officer who was sued in official capacity was not "person" within meaning of S 1983, that Eleventh Amendment barred suit against Michigan Department of Corrections, that officer's alleged verbal assault did not violate Eighth Amendment, and that inmate did not plead equal protection claim with requisite specificity, and, thus, inmate was not entitled to appeal in forma pauperis. 28 U.S.C.A. SS 1915, 1915(a); U.S.C.A. Const.Amends. 8, 14. | Is modern pleading less rigid than in the past? | 001508.docx | LEGALEASE-00118556-LEGALEASE-00118557 |
| Dominium Austin Partners v. Emerson, 248 F.3d 720 | 25T+141 | Fact that certain corporate parties who made up controlling limited partner in limited partnership were not parties to the same partnership agreements as individual limited partners who were suing corporate parties for breach of fiduciary duty did not preclude enforcement of arbitration clause in partnership agreements; individual partners made allegations which treated corporate parties as signatories to agreements. | Does the national policy in favor of arbitration create a broad principle of enforceability of arbitration provisions? | Alternative Dispute Resolution - Memo 219 - RK.docx | ROSS-003285106-ROSS-003285107 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Goesele v. Bimeler, 55 U.S. 589 | 288+13 | An association of separatists emigrated from Germany to this country; and B., their leader, purchased a tract of wild land in Ohio on credit, and took a deed thereof in his own name; and it was verbally agreed between the members of the association that each family should select as much land as it could cultivate, and pay for the same with the fruits of its industry. The members afterwards signed articles of association, renouncing all individual property, and agreeing to hold all their property in common, under the management of a board of directors elected by this society, and to labor in common for the good of the whole community, and for the comfortable maintenance of each member. The association afterwards obtained an act of incorporation and B. signed the articles, and put the lands under the control of the society. Held, that the heirs of one of the members who signed the articles of association could not maintain a bill in equity against B. and the other members for a partition of the lands. | What are the elements of a universal partnership? | Partnership - Memo 51 - RK.docx | ROSS-003282779 |
| Wells v. Clackamas Gastroenterology Associates, P.C., 271 F.3d 903 | 78+1111 | Professional medical corporation's physician-shareholders were "employees" for purposes of determining whether corporation had enough employees to be covered by ADA, where they were directors, they actively participated in management and operation of medical practice, and they had employment agreements with corporation. Americans with Disabilities Act of 1990, S 101(4, 5), 42 U.S.C.A. S 12111(4, 5). | Can a partner be regarded as an employee? | Partnership - Memo 55 - RK.docx | ROSS-003286142-ROSS-003286144 |
| Davis v. Holland, 31 S.W.3d 574 | 102+128 | Inmate was not entitled to file another claim at least until he finished paying off court costs from earlier action found to be both malicious and frivolous. T.C.A. SS 41-21-807(h), 41-21-812. | Is a claim for violation of civil rights a transitory action? | Venue - Memo 54-ANG.docx | ROSS-003311251-ROSS-003311252 |
| Appeal of Seacoast Anti Pollution League, 125 N.H. 465 | 145+8 | Fact that one alternative to approving additional monies for construction of a nuclear reactor was bankruptcy of the company building the reactor did not preclude the Public Utilities Commission from deferring determination of alternatives until after a financing decision on company's petition for additional money, where antipollution league opposing financing approval did not show that relative merits of bankruptcy and financing could have been assessed before August 31, 1984, the date determined to be date which decision on additional financing had to be made or result in a de facto denial. RSA 369:1 et seq. | Are decisions of administrative boards considered judicial when they affect private rights? | 002355.docx | LEGALEASE-00119432-LEGALEASE-00119433 |
| Farrior v. State, 728 So. 2d 691 | 203+523 | Equal Protection Clause is not violated by statute making murder capital if defendant committed the murder by or through the use of a deadly weapon while the victim was in a vehicle. U.S.C.A. Const.Amend. 14; Code 1975, S 13A-5-40(a)(17). | Is murder a constitutionally protected activity? | 002868.docx | LEGALEASE-00119773-LEGALEASE-00119774 |
| Vance v. Rumsfeld, 701 F.3d 193 | 34+33 | Detainee Treatment Act's creation of a defense to damages liability for military interrogators and their superiors does not create damages liability. Detainee Treatment Act of 2005, Div. A, S 1004(a), 42 U.S.C.A. S 2000dd-1(a). | Does the existence of statutory safeguards against personal liability imply legislative authorization for the judiciary to create personal liability? | 002480.docx | LEGALEASE-00120030-LEGALEASE-00120031 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Daley-Sand v. W. Am. Ins. Co., 387 Pa. Super. 630 | 217+2793(2) | Underinsured motorist carrier's exercise of contractual right to withhold consent to insured's settlement with tort-feasor until carrier could research its subrogation opportunities frustrated public policy requiring underinsured motorist coverage; carrier failed to show that withholding of consent and consequent refusal to pay benefits was in good faith or was reasonable. 75 Pa.C.S.A. SS 1701 et seq., 1731(a). | Is subrogation an inflexible legal concept? | 002524.docx | LEGALEASE-00120131-LEGALEASE-00120132 |
| Melrose Gates v. Chor Moua, 875 N.W.2d 814 | 30+3554 | District court's decision on cross motions for summary judgment dismissing an equitable claim on the ground that, as a matter of law, the requirements for equitable relief were not met, was required to be reviewed de novo, where the facts were undisputed and the district court did not weigh equitable factors. | Does equitable subrogation have its origins in common law? | 002530.docx | LEGALEASE-00119852-LEGALEASE-00119853 |
| Bank of Am., N.A. v. Prestance Corp., 160 Wash. 2d 560 | 366+31(4) | Washington Supreme Court would adopt the approach of the Restatement (Third) of Property, under which a refinancing mortgagee's actual or constructive knowledge of intervening liens does not automatically preclude a court from applying equitable subrogation. Restatement (Third) of Property (Mortgages) S 7.6. | What is the purpose of the doctrine of equitable subrogation? | 002590.docx | LEGALEASE-00119975-LEGALEASE-00119976 |
| State ex rel. Philipp Transit Lines v. Pub. Serv. Comm'n, 552 S.W.2d 696 | 317A+150 | Report and order of Public Service Commission did not conform to statutory requirements and, hence, were voidable and subject to attack in proceeding for review when adopted pursuant to a notational voting procedure and not at a public meeting of which notice had been given. Section 386.130 RSMo 1969, V.A.M.S.; Laws N.Y.1907, c. 429, SS 3, 4, 11. | "For a board to conduct its proceedings, is it required that the forum need to be physically present at any one time?" | Administrative Law - Memo 181 - RK.docx | ROSS-003311371-ROSS-003311372 |
| Charlebois v. United States, 54 Ct. Cl. 183 | 34+13.1(1) | Act Aug. 29, 1916, 39 Stat. 625, changed the designation of clerk, Quartermaster Corps, to field clerk. No new office was created by the act, and executive action was unnecessary to determine the status of its beneficiaries. It was intended that the clerks named should receive the allowances from the date of the approval of the act. | "Is it necessary for a consul before he receives his commission or enters upon the duties of his office, to give a bond?" | Ambassadors and Consuls - Memo 2 - TH.docx | LEGALEASE-00009012-LEGALEASE-00009013 |
| Gay v. Hudson River Elec. Power Co., 182 F. 279 | 106+508(2.1) | Rev.St. S 720; 28 U.S.C.A. S 2283, provides that an injunction shall not be granted by any federal court to stay proceedings in any court of a state, except where such injunction would be authorized by any law relating to proceedings in bankruptcy. Section 716; 28 U.S.C.A. S 1651, says that the federal court shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions and agreeable to the usages and principles of law. Held, that section 720 was modified by section 716, and hence, where a federal court, in the exercise of its concurrent jurisdiction, has taken possession of all the property of certain corporations in receivership proceedings, it will enjoin the prosecution of suits against such corporations in the state court, by which the property so taken may be seriously impaired and the operations of the receiver seriously interfered with. | Are Electric companies termed as quasi-public corporations? | 003069.docx | LEGALEASE-00120305-LEGALEASE-00120306 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lowe v. Swanson, 639 F. Supp. 2d 857 | 92+4509(23) | Rational basis scrutiny, not strict scrutiny, applied to a criminal defendant's substantive due process challenge to an Ohio incest statute which prohibited sexual relations between the defendant and his adult, opposite-sex step-child; the defendant claimed that application of the statute to his circumstances infringed on his fundamental right to consensual sexual relationships within the privacy of the home. U.S.C.A. Const.Amend. 14; Ohio R.C. S 2907.03(A)(5). | Is consent an issue in a charge of incest? | 003191.docx | LEGALEASE-00120547-LEGALEASE-00120549 |
| People v. Tobias, 25 Cal. 4th 327 | 110+59(5) | Child under 18 who had consensual incestuous sexual relationship with her father was victim, not perpetrator, of that incest, and, thus, child was not accomplice, and jury instructions on accomplice testimony were not warranted. West's Ann.Cal.Penal Code SS 285, 1111. | Is the consent of both parties an element of the crime of incest? | Incest - Memo 72 - RK.docx | ROSS-003311293-ROSS-003311294 |
| Wood v. Hustler Magazine, 736 F.2d 1084 | 379+354 | Under Texas law, magazine publisher could be held liable for actual damages for negligently placing private figures in offensive false light; in regard to private figures, showing of reckless disregard was not required. | What is the minimum standard of liability required to establish defamation? | 003302.docx | LEGALEASE-00120587-LEGALEASE-00120589 |
| In re Tsurukawa, 287 B.R. 515 | 289+639 | Under California law, each partner acts as principal for him/herself and as agent for copartners in transacting partnership business. | Does the law of agency apply to a partnership? | Partnership - Memo 85 - RK.docx | ROSS-003286204-ROSS-003286205 |
| Cmty. Tr. Bank of Mississippi v. First Nat. Bank of Clarksdale, 150 So. 3d 683 | 366+31(4) | To allow secondary lien holder subrogation over primary lien holder would be inequitable, regardless of whether secondary lien holder had actual knowledge of primary lien holder's lien; secondary lien holder was on constructive notice of the lien by virtue of its having been recorded in the office of the chancery clerk, allowing secondary lien holder to subrogate itself to the primary lien holder position would result in prejudice to primary lien holder not only by the amount of the new loan it would be placed behind, but also by the fact that loan involved two completely unknown and unanticipated parties, and secondary lien holder could file a claim against the title insurance company that insured against the risk of an intervening lien and negligently failed to inform anyone about it. West's A.M.C. S 89-5-7. | Is the determination of whether equitable subrogation applies done on a case-by-case basis? | 003564.docx | LEGALEASE-00120328-LEGALEASE-00120329 |
| Jones v. Nationwide Prop. & Cas. Ins. Co., 613 Pa. 219 | 30+3691 | Issue of whether the pro rata reimbursement of an insured's deductible from the insurer's subrogation recovery in a collision coverage case violated the common law made whole doctrine presented a question of law subject to plenary review. | Is subrogation an equitable doctrine intended to place the ultimate burden of a debt upon the party primarily responsible for the loss? | Subrogation - Memo 54 - RM C.docx | ROSS-003297008-ROSS-003297009 |
| In re Corbin, 506 B.R. 287 | 83E+712 | Under Washington law, an accommodation party who pays the instrument is entitled to reimbursement from the accommodated party and is entitled to enforce the instrument against the accommodated party. West's RCWA 62A.3-419. | Is a subrogee put in the place of a party to whose rights he is subrogated through subrogation? | 003650.docx | LEGALEASE-00120456-LEGALEASE-00120457 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Philadelphia Newspapers v. Hepps, 475 U.S. 767 | 237+101(4) | Where plaintiff is private figure and media speech concerning plaintiff is of public concern, plaintiff seeking to recover damages for defamation must bear burden of showing falsity of speech, as well as fault; in such cases, common-law presumption that defamatory speech is false cannot be applied. U.S.C.A. Const.Amend. 1. | Does the defendant have the burden of proving the truth of a defamatory statement? | 003352.docx | LEGALEASE-00120831-LEGALEASE-00120832 |
| Shaffer v. ACS Gov't Servs., 321 F. Supp. 2d 682 | 170B+3053 | Court must apply state-law principles governing contracts when analyzing formation of agreement to arbitrate, and federal substantive law in analyzing arbitrability. | Are claims pursuant to the Jury System Improvement Act arbitrable under the Federal Arbitration Act (FAA)? | 007094.docx | LEGALEASE-00122438-LEGALEASE-00122439 |
| In re Conservatorship of Key, 134 Cal. App. 4th 254 | 196+54 | Individual conservatorship estates were not entitled to procedural due process right to receive notice and opportunity to be heard prior to implementation of statute providing for deposit into county general fund of interest credited to public guardian's pooled conservatorship estates account which exceeded amount properly credited to each individual estate; under statute, each estate received amount it would have received had funds not been invested in pooled trust account, and thus individual estates had no protectable property interest in excess interest. U.S.C.A. Const.Amend. 14; West's Ann.Cal.Prob.Code S 7642. | Is interest income the private property of the owner of the principal? | Eminent Domain - Memo 189 - GP.docx | ROSS-003299601-ROSS-003299602 |
| Witte v. Williams, 8 S.C. 290 | 8.30E+63 | A bill of exchange is not invalid as a regular and formal bill of exchange because it is payable to the drawee. | Is it necessary that  there should be three different parties to a bill of exchange? | 018319.docx | LEGALEASE-00122275-LEGALEASE-00122277 |
| Point Ruston v. Pac. Nw. Reg'l Council of the United Bhd. of Carpenters & Joiners of Am., 2010 WL 3732984 | 170A+2515 | A genuine issue of material fact existed as to whether statements made by a carpenter's union regarding an employer were defamatory. Therefore summary judgment was precluded in favor of the union in the employer's defamation claim. The employer alleged that the union made statements that were not only false, or at least deceptively misleading in context, but also that the statements were made with actual malice. The union made statements regarding the employer's alleged emission of toxic waste and dangerous chemicals after negotiations in a labor dispute broke down. | Can questions be defamatory? | 021075.docx | LEGALEASE-00122299-LEGALEASE-00122300 |
| Adderhold v. Adderhold, 426 So.2d 457 | 289+507 | Where there is no written agreement between parties, and question is whether as between the two a partnership existed, the question is one of part law and part fact. | Is there an arbitrary test used to determine the existence of a partnership? | Partnership - Memo 157 - RK.docx | ROSS-003285545-ROSS-003285546 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Onewest Bank, FSB v. Alessio, 182 So. 3d 855 | 307A+563 | The six Kozel factors a trial court is required to consider in determining whether dismissal with prejudice is warranted due to an attorney's misconduct are: (1) whether the attorney's disobedience was willful, deliberate, or contumacious, ratherthan an act of neglect or inexperience; (2) whether the attorney has been previously sanctioned; (3) whether the client was personally involved in the act of disobedience; (4) whether the delay prejudiced the opposing party through undue expense, lo ss of evidence, or in some other fashion; (5) whether the attorney offered reasonable justification for noncompliance; and (6) whether the delay created significant problems of judicial administration. | "Is the purpose of a motion in limine generally to prevent the introduction of improper evidence, the mere mention of which at trial would be prejudicial?" | Pretrial Procedure - Memo # 236 - C - ANC.docx | ROSS-003326129-ROSS-003326130 |
| Osman v. Reese, 203 N.C. App. 373 | 211+1632(2) | Court properly denied defendant's motion to dismiss charges of felony child abuse, since the state had present sufficient evidence to support the charges. Although there was conflicting evidence presented by the state and defendant as to the cause of the child's injuries, the record reflected that the State put forth several medical experts who testified the child's injuries were consistent with non-accidental trauma. Two doctors testified that in their expert opinion, the child's injuries were intentionally inflicted. | What is the preferred form of evidence for pretrial motion hearings? | 031282.docx | LEGALEASE-00122181-LEGALEASE-00122182 |
| Colvin v. Louisiana Patient's Comp. Fund Oversight Bd., 2006-1104 (La. 1/17/07) | 360+200 | Medical malpractice plaintiffs' causes of action against the Patient's Compensation Fund Oversight Board (PCFOB), seeking declaratory and monetary relief for negligent adjustment and administration of their underlying medical malpractice claims, arose in East Baton Rouge Parish, and thus, because venue was proper in either the district court of the judicial district in which the state capitol was located or in the district court having jurisdiction in the parish in which the cause of action arose, venue was only proper in East Baton Rouge Parish; given that actions sought recovery based on administrative decisions of the PCFOB which were made in East Baton Rouge Parish, operative facts which supported plaintiffs' entitlement to recovery occurred in East Baton Rouge Parish. LSA-R.S. 13:5104(A). | Does a cause of action accrue when a party has the right to sue? | Action - Memo # 52 - C - LK.docx | ROSS-003300693-ROSS-003300694 |
| Fed. Energy Regulatory Comm'n v. Barclays Bank PLC, 105 F. Supp. 3d 1121 | 241+105(1) | Administrative proceedings before Federal Energy Regulatory Commission (FERC) concerning alleged market manipulation by electricity traders contained the basic elements common to adversarial adjudication, and thus were sufficient to toll five-year limitation period for FERC's action to affirm the civil penalties assessed against the traders; traders were afforded multiple opportunities to provide responses throughout the process, and submitted hundreds of pages of arguments and exhibits in their defense. Federal Power Act, S 31(d)(3)(B), 16 U.S.C.A. S 823b(d)(3)(B); 28 U.S.C.A. S 2462. | Does a claim accrue when the plaintiff has a complete and present cause of action? | Action- Memo # 76 - C - LK.docx | ROSS-003312434-ROSS-003312435 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Postal, 589 F.2d 862 | 221+308 | Self-executing treaties may act to deprive United States, and hence its courts, of jurisdiction over property and individuals that would otherwise be subject to such jurisdiction. Act Jan. 23, 1924, Art. I et seq., 43 Stat. 1761; U.S.C.A.Const. art. 6, cl. 1 et seq. | Can treaties be self-executing? | International Law - Memo 332 - RK.docx | ROSS-003324871-ROSS-003324872 |
| Tatum v. The Dallas Morning News, 493 S.W.3d 646 | 237+7(1) | Examples of defamation per se include (1) accusing someone of a crime, (2) accusing someone of having a foul or loathsome disease, (3) accusing someone of serious sexual misconduct, and (4) disparaging another's fitness to conduct his or her business or trade. | Is calling someone a liar defamatory? | 021079.docx | LEGALEASE-00122564-LEGALEASE-00122565 |
| Estate of Mills ex rel. Mills v. Mangosing, 44 Kan. App. 2d 399 | 30+3936 | If the evidence, when considered in the light most favorable to the prevailing party, supports the verdict, the appellate court should not intervene. | "When a party alleges that an order in limine has been violated, what must the trial court determine?" | Pretrial Procedure - Memo # 382 - C - SSB.docx | ROSS-003283779-ROSS-003283780 |
| ARW Expl. Corp. v. Aguirre, 45 F.3d 1455 | 25T+413 | Conclusion by arbitrator, that corporation which had signed agreements to arbitrate federal securities law claims was alter ego of its sole shareholder, so that arbitration agreement could be extended to shareholder, did not preclude federal court from making its own determination as to whether corporate veil could be pierced; arbitrator does not have power to determine whether party is subject to arbitration. | Does an arbitration agreement have to be embodied in a single writing or document? | 007173.docx | LEGALEASE-00125570-LEGALEASE-00125571 |
| Chalmers v. Winston, 95 F. Supp. 2d 536 | 148+2.39 | State prison officials did not violate Takings Clause by not crediting individual prisoners with interest earned through investments of wages placed in prisoner's account; as accounts were so small, it was not economical for prison to trace and credit individual interest amounts, and if forced to do so officials would cease investing, as was their right, cutting off collective benefits from interest on invested wages, which went for general prison improvements, such as magazine subscriptions and exercise equipment. U.S.C.A. Const.Amend. 5; Va.Code 1950, § 53.1-44. | Does the State having mandated the accrual of interest mean the State or its designate is entitled to assume ownership of the interest? | Eminent Domain - Memo 235 - GP.docx | ROSS-003283604-ROSS-003283605 |
| Bank of Am., N.A. v. Prestance Corp., 160 Wash. 2d 560 | 366+31(4) | Washington Supreme Court would adopt the approach of the Restatement (Third) of Property, under which a refinancing mortgagee's actual or constructive knowledge of intervening liens does not automatically preclude a court from applying equitable subrogation. Restatement (Third) of Property (Mortgages) § 7.6. | Does equitable subrogation avoid unearned windfalls? | 044306.docx | LEGALEASE-00124806-LEGALEASE-00124807 |
| Pauly v. U.S. Dep't of Agri., 348 F.3d 1143 | 23+3.5(1) | Since district court's partial remand to United States Department of Agriculture (USDA) was extremely narrow and merely required a mechanical recalculation of recapture amount under current agency regulations, order affirming USDA's determination that appreciation in the value of farm was due under farmers' shared appreciation agreement (SAA) with USDA was final for appeal purposes. 28 U.S.C.A. § 1291; Agricultural Credit Act of 1961, § 353, 7 U.S.C.A. § 2001. | When is an agencys interpretation of its own regulation not entitled to deference? | 006711.docx | LEGALEASE-00125762-LEGALEASE-00125763 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fullenkamp v. Veneman, 383 F.3d 478 | 23+3.5(2) | Secretary of Agriculture's interpretation of statute creating federal Milk Income Loss Contract Program so as to make transition payments to eligible milk producers subject to payment cap was reasonable; statutory language, legislative history, and overall structure and purpose of the statute did not sufficiently clarify intention of Congress with regard to the application of the cap to transition payments, and therefore, Secretary's reasonable interpretation of the statute would be upheld. Farm Security and Rural Investment Act 0f 2002, S 1502, 7 U.S.C.A. S 7982. | What is the first step in statutory construction cases? | Agriculture - Memo 15-SB.docx | ROSS-003285877-ROSS-003285878 |
| Nationwide Ins. Co. v. Ohio Dep't of Transp., 61 Ohio Misc. 2d 76 | 272+220 | Ordinarily, there is no duty to control conduct of third person by preventing him or her from causing harm to another, absent special relationship between the actor and the third person which gives rise to duty to control, or between the actor and another which gives the other the right to protection; thus, liability in negligence will not lie absent special duty owed by particular defendant. | Does a cause of action accrue at the moment of a wrong? | 006478.docx | LEGALEASE-00126226-LEGALEASE-00126227 |
| Courtney v. Harris, 355 So. 2d 1039 | 217+3521 | Automobile liability insurer of plaintiff in personal injury suit arising out of automobile accident was not entitled, in absence of any contractual right of subrogation, to be subrogated to plaintiff's recovery to extent necessary to reimburse it for medical expenses advanced plaintiff under its policy. LSA-C.C. arts. 2160, 2161, subd. 3, 2315. | In whose favor does subrogation arise? | Subrogation - Memo 973 C - ES.docx | ROSS-003300557-ROSS-003300558 |
| Los Angeles Cty. v. Metro. Cas. Ins. Co. ofNew York, 135 Cal. App. 26 | 13+61 | A cause of action does not "accrue" until the party owning it is entitled to begin and prosecute action thereon. | Does the word accrue means to become a present and enforceable demand? | Action - Memo # - C 319-TJ.docx | ROSS-003286445-ROSS-003286446 |
| Brown v. Herbert, 43 F. Supp. 3d 1229 | 78+1424 | Defendant was adequately on notice that plaintiffs were seeking money damages in addition to injunctive and constitutional relief, such that defendant was required to raise affirmative defenses of prosecutorial immunity or qualified immunity to S 1983 claim in order to avoid waiving them, where plaintiffs unambiguously asserted specific injuries in complaint that entitled them to monetary damages, plaintiffs explicitly sought to recover all of their attorney fees, costs, and expenses incurred in the action pursuant to S 1988 "and any other relief that this Court may order," and, in their prayer for relief, they included their claim under S 1983 with the rest of their constitutional claims and followed their request pursuant to S 1988 with specific request that District Court "award such other relief as it may deem just and proper." 42 U.S.C.A. SS 1983, 1988; West's U.C.A. S 76-7-101. | Does the failure to plead an affirmative defense result in the waiver of that defense? | Pleading - Memo 196 - RMM.docx | ROSS-003290240-ROSS-003290241 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Borough of Upper Saddle River, N.J. v. Rockland Cty. Sewer Dist. #~£1, 16 F. Supp. 3d 294 | 149E+656 | Citizens alleged injury under Clean Water Act (CWA), as required for standing to bring claims against operator of wastewater treatment plant; citizens alleged that they used allegedly affected area and were persons for whom aesthetic and recreational values of area around river would be lessened as a result of permit violations, alleged that waters of the river had become murky and smelled of sewage, and presented additional evidence of sewage overflows negatively affecting recreational centers that they patronized. U.S.C.A. Const. Art. 3, S 1 et seq.; Federal Water Pollution Control Act, S 101(a), 33 U.S.C.A. S 1251(a). | "Can trespass on property, whether real or personal, be actionable, irrespective of any appreciable injury?" | 047283.docx | LEGALEASE-00126700-LEGALEASE-00126701 |
| Pinnock v. Int'l House of Pancakes Franchisee, 844 F. Supp. 574 | 148+2.2 | Expenditure of funds by restaurant owner necessary to make restrooms in its facility accessible to individuals in wheelchairs, if required under ADA, would not be a taking of private property for public use without just compensation in violation of the Fifth Amendment; requiring owner to comply with ADA would not be physical invasion of its property, ADA would not deny owner all economically beneficial or productive use of its land, and barrier removal requirements clearly forward stated objectives of ADA. Americans with Disabilities Act of 1990, S 2(b)(1, 2), 42 U.S.C.A. S 12101(b)(1, 2); U.S.C.A. Const.Amend. 5. | An invasion will constitute a taking even if the amount taken is insubstantial? | 017673.docx | LEGALEASE-00127122-LEGALEASE-00127123 |
| United States v. Sanford Ltd., 880 F. Supp. 2d 9 | 354+2 | The law-of-the-flag doctrine did not bar United States from prosecuting owner of commercial fishing vessel, which was registered under the flag administration of New Zealand, and its employee for their failure to make entries in the oil record book (ORB) of the vessel, in violation of the Act to Prevent Pollution from Ships (APPS); crewmembers responsible for maintaining the ORB aboard vessels had a duty under the APPS to ensure that their ORBs were in compliance with United States law before they entered United States navigable waters. Act to Prevent Pollution from Ships, SS 3(e), 9(f), 33 U.S.C.A. SS 1902(e), 1908(f). | "Is a merchant ship of one country, voluntarily entering the territorial limits of another, subject to the latter's jurisdiction?" | 019863.docx | LEGALEASE-00126975-LEGALEASE-00126976 |
| Khaldei v. Kaspiev, 135 F. Supp. 3d 70 | 167+15 | Under New York law, agent for World War II photographer and photographer's heir, who received photographic prints from photographer and heir for purpose of selling them, was liable to heir for any prints that were missing or were believed to have been disposed of by seller through undocumented transactions. N.Y.McKinney's Arts and Cultural Affairs Law S 12.01(1). | Is an agent who is found to be faithless in the performance of his fiduciary duties liable for all compensation from the date of the breach? | Principal Agent-Memo 52 - RM.docx | ROSS-003303774-ROSS-003303776 |
| In re Hyang Ran Hwang, 452 B.R. 187 | 366+14.2 | While judgment lien holder would not be considered a "good faith purchaser" itself, against which equitable subrogation could not be imposed under Texas law, Chapter 7 trustee, in his strong-arm capacity, would stand in shoes of good faith purchaser. 11 U.S.C.A. S 544(a)(3). | Is the burden of proof on the one claiming equitable subrogation? | 044257.docx | LEGALEASE-00127083-LEGALEASE-00127084 |
| Bolding v. Camp, 296 S.W. 1116 | 260+99(1) | One purchasing interest in mining lease being developed by parties holding no stock in corporation or association held "dormant partner." | Are the terms dormant and secret partners used synonymously? | 021980.docx | LEGALEASE-00128904-LEGALEASE-00128906 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gort v. Gort, 185 So. 3d 607 | 89+414 | The lack of a termination date in settlement agreement, which required older brother to voluntarily dismiss a petition to determine younger brother's incapacity, and required younger brother and cousin to provide older brother with notice of the younger brother's medical events, copies of his financial statements, and the deed to his house, did not render the agreement unenforceable; the facts giving rise to the petition to determine incapacity provided the reasonable interpretation that the settlement agreement was to terminate upon the younger brother's death. | "Is the plaintiff's right to voluntarily dismiss its own lawsuit almost absolute, with exceptions for fraud on the court and child custody?" | 026042.docx | LEGALEASE-00129459-LEGALEASE-00129460 |
| Doe v. Princess Cruise Lines, Ltd., 657 F.3d 1204 | 25T+146 | All of cruise ship employee's claims against her employer, arising from her alleged drugging and rape by fellow crewmembers and employer's alleged destruction of evidence and refusal to provide her with proper medical treatment, were not subject to arbitration simply because employee was a "seaman"; plain language of arbitration provision contained in parties' contract imposed limitation that, to be arbitrable, parties' dispute had to relate to, arise from, or be connected with employee's crew agreement or the employment services that she performed for the cruise line, and so though the arbitration provision was broad, it was not limitless. 9 U.S.C.A. S 1 et seq.; 9 U.S.C.A. SS 201-208. | What does the term related to as used in a contract provision mean? | 007405.docx | LEGALEASE-00131366-LEGALEASE-00131367 |
| McLaughlin v. Bailey, 240 N.C. App. 159 | 231H+759 | While there may be a right to terminate an employment contract at will for no reason, or for an arbitrary or irrational reason, there can be no right to terminate such a contract for an unlawful reason or purpose that contravenes public policy. | Can deputy clerks be fired for political reasons? | Clerks of court - Memo 121 - RK.docx | ROSS-003287483-ROSS-003287485 |
| McLaughlin v. Bailey, 240 N.C. App. 159 | 231H+759 | While there may be a right to terminate an employment contract at will for no reason, or for an arbitrary or irrational reason, there can be no right to terminate such a contract for an unlawful reason or purpose that contravenes public policy. | Can deputy clerks be fired for political reasons? | Clerks of court - Memo 121 - RK.docx | LEGALEASE-00020328-LEGALEASE-00020330 |
| In re Enlarging, Extending & Defining Corp. Limits & Boundaries of City of Biloxi, 109 So. 3d 529 | 268+29(3) | All twelve factors pertinent to the reasonableness of a proposed annexation must be considered by the trial court, but no one factor is dispositive. | Do trial courts have a right to expect compliance with their scheduling orders? | 026448.docx | LEGALEASE-00130457-LEGALEASE-00130458 |
| Trimble v. Coleman Co., 200 Kan. 350 | 157+553(4) | Pretrial deposition of expert on properties of natural gases was properly excluded at trial of action for deaths from carbon monoxide poisoning because expert's answers were to hypothetical questions asked in the alternative so that the answers would not aid jury in interpreting technical facts or assist in understanding material evidence and hypothesis upon which each question was presented was not sufficiently founded on facts in evidence. | What is the essential purpose of a pretrial conference procedure? | 026747.docx | LEGALEASE-00130262-LEGALEASE-00130263 |
| Daniels v. USAgencies Cas. Ins. Co., 92 So. 3d 1049 | 307A+19 | Trial courts have broad discretion when regulating pretrial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse. | "Should a suit be delayed pending discovery when it appears at an early stage that there is no genuine issue of material fact, and the plaintiff does not show a probable injustice in proceeding with the suit?" | 026914.docx | LEGALEASE-00130645-LEGALEASE-00130646 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Miller v. Lankow, 801 N.W.2d 120 | 307A+434 | Party in custody of evidence that may be relevant to potential legal claim is not required to provide potentially responsible parties actual notice of nature and timing of any action that could lead to destruction of evidence. | Does the duty to preserve evidence exist whenever a party knows or should know that litigation is reasonably foreseeable? | Pretrial Procedure - Memo # 2154 - C - PC.docx | ROSS-003287398-ROSS-003287399 |
| 100 Harborview Drive Condo. Council of Unit Owners v. Clark, 224 Md. App. 13 | 307A+45 | Condominium council sued by unit owner for violations of his right to disclosure of records under Maryland Condominium Act (MCA) was not entitled to present testimony of accounting expert on legal issue of whether detailed billing reports of legal counsel were part of the financial books and records that a condominium association is required to keep, as expert was not timely disclosed pursuant to scheduling order. West's Ann.Md.Code, Real Property, S 11-116. | Is substantial compliance with a scheduling order sufficient where the opposing party has not suffered prejudice? | Pretrial Procedure - Memo # 1501 - C - NC.docx | ROSS-003300561-ROSS-003300562 |
| Corr v. Metro. Washington Airports Auth., 740 F.3d 295 | 391+38 | Tolls imposed for passage on certain road were user fees and not taxes prohibited by Virginia constitution for being imposed by airport authority, rather than by Virginia legislature, for expansion of rail system; motorists paid tolls in exchange for particularized benefit of expanding rail system and for use of that road, motorists voluntarily chose to use toll road, motorist who objected to toll could take another route, and tolls were collected solely to fund the rail project. West's V.C.A. Const. Art. 1, S 6. | Is tax an enforced contribution which is not founded upon contract or agreement under a state law? | 044686.docx | LEGALEASE-00131672-LEGALEASE-00131673 |
| Rogers v. M.O. Bitner Co., 738 P.2d 1029 | 226H+3 | Joint venturers stand in same relationship to each other as partners, and thus principles governing liability of one partner for fraudulent assignment of partnership assets for benefit of partnership apply. U.C.A.1953, 48-1-10. | Does a subpartner become a member of the partnership if there is no agreement between him and the other partners? | 022066.docx | LEGALEASE-00133461-LEGALEASE-00133462 |
| Rogers v. M.O. Bitner Co., 738 P.2d 1029 | 226H+80 | Evidence supported finding that subdivision vendor and purchaser/developer of subdivision lots were engaged in joint venture such that vendor could be held liable for damages incurred by purchasers of two subdivision lots when developer failed to make improvements as promised; agreement between vendor and purchaser/developer provided that selling price was calculated on basis of anticipated profits from sale of developed lots rather than value of raw land, and, nine days after vendor "sold" subdivision, vendor signed escrow agreement with county guaranteeing completion of improvements. | Is a subpartner liable for to the debts due to the creditors of the firm? | 022068.docx | LEGALEASE-00133463-LEGALEASE-00133465 |
| Adams v. Adams, 166 So.3d 1066 | 289+811 | Where a sale is to one partner, on dissolution of the firm, for a valuable consideration, he to continue the business exclusively, he may use the firm name. | Is good will a part of firms assets? | Partnership - Memo 296 - RK.docx | LEGALEASE-00022591-LEGALEASE-00022592 |
| Cunningham v. Aluminum Co. of Am., 417 N.E.2d 1186 | 413+2124 | Employee and employer were not "similarly circumstanced" under Workmen's Compensation Act and thus employee's constitutional challenge to Act for failure to contain provision prohibiting employer who has engaged in intentional misconduct from invoking benefits of Act while providing that proof of such misconduct bars an injured employee's claim for compensation did not state cognizable equal protection claim. IC 22-1-1-10, 22-3-2-1 et seq., 22-3-2-6, 22-3-2-8 (1976 Ed.); Const. Art. 1, S 23; U.S.C.A.Const. Amend. 14, S 1. | Is the purpose and history behind workmen's compensation schemes well chronicled? | Workers Compensation - Memo #141 ANC.docx | ROSS-003288576-ROSS-003288577 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Fattah, 223 F. Supp. 3d 336 | 63+1(1) | Under the bribery statute, it is unlawful for a public official to accept anything of value in return for being influenced in the performance of an official act; a promise to perform an official act is sufficient to constitute a bribery offense if done in exchange for a thing of value, whether or not the official act ever occurs. 18 U.S.C.A. S 201. | What are the keys for determining whether a public official entered into an agreement to accept a bribe? | Bribery - Memo #171 - C-JL.docx | LEGALEASE-00023893-LEGALEASE-00023894 |
| Frisbie v. United States, 157 U.S. 160 | 92+1121(1) | Act June 27, 1890 (26 Stat. 182), S 4 (38 U.S.C.A. S 324), making it misdemeanor for an attorney to receive more than $10 for prosecuting a claim for a pension, is not unconstitutional as an interference with the liberty of contract, as a pension is a bounty, over which congress has full control. | Is pension a vested right? | Pension - Memo 2 - MS.docx | ROSS-003291635-ROSS-003291636 |
| Superadio Ltd. Pship v. Winstar Radio Prods., 446 Mass. 330 | 25T+314 | Arbitration may not award relief of a nature which offends public policy or which directs or requires a result contrary to express statutory provisions or otherwise transcends the limits of the contract of which the agreement to arbitrate is but a part. | "Do justices of the peace have power to punish, by fine or imprisonment, disorderly conduct interrupting judicial proceedings before them?" | Pretrial Procedure - Memo # 3017 - C - NE.docx | LEGALEASE-00024293-LEGALEASE-00024294 |
| Kilburn v. Fort Bend Cty. Drainage Dist., 411 S.W.3d 33 | 104+144 | Allegations in property owners' complaint, that county employees, during course of performing excavation work on creek running through their land, were bound by duty to exercise reasonable care, breached that duty by failing to plan or perform the work with reasonable care, and as proximate result of the breach, owners suffered property damages arising out of use by county and its employees of motor-driven equipment, stated a claim of negligence, not trespass, for purposes of sovereign immunity under Texas Tort Claims Act; fact that employees intentionally entered the property and undertook excavation work did not, standing alone, transform owners' negligence claim into a trespass claim, as dispositive inquiry was whether employees intended specific damages they caused. V.T.C.A., Civil Practice & Remedies Code S 101.021. | What is the gist of a claim for trespass to realty? | 047395.docx | LEGALEASE-00134793-LEGALEASE-00134794 |
| United States v. O'Donnell, 510 F.2d 1190 | 110+113 | Where statute under which defendant was charged did not prescribe venue for offense, it was necessary to determine from other sources the place where the statutory offense must be deemed to have been committed. 18 U.S.C.A. S 1503; Fed.Rules Crim.Proc. rules 21, 21(b), 18 U.S.C.A.; U.S.C.A.Const. art. 3, S 2, cl. 3; Amend. 6. | "Under the bribery statute, is the essence of the offense the transfer of money?" | 011547.docx | LEGALEASE-00135382-LEGALEASE-00135383 |
| United States v. Holzer, 840 F.2d 1343 | 306+35(10) | Former Illinois judge's mail fraud convictions under intangible rights doctrine could not stand after McNally v. U.S., and judge also could not be convicted of that crime based on breach of fiduciary duty in connection with his extraction of "loans" from lawyers with cases before him or from persons who sought appointment as receivers; constructive trust was imposed not because judge intercepted money intended for state or failed to account for money received on state's account, but in order to deter bribery by depriving bribed official of benefit thereof. 18 U.S.C.A. S 1341. | Is it possible for one to be a victim of extortion but not a briber or wrongdoer? | Bribery - Memo #401 - C-EB.docx | ROSS-003290107-ROSS-003290108 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Thongvilay, 62 Cal. App. 4th 71 | 110+1169.12 | Any error in admitting inculpatory statement given by defendant at hospital following fatal collision was harmless in felony-murder prosecution; there was overwhelming independent evidence, including defendant's fingerprints on car window, which showed that defendant and accomplice burglarized car and caused accident which killed motorist by running red light while they were escaping scene of burglary. | Is an escape part of the burglary? | Burglary - Memo 116 - JS.docx | LEGALEASE-00024947-LEGALEASE-00024949 |
| Jaffe In re Mahoney Hawkes, LLP, 289 B.R. 285 | 51+3555 | Proposed Chapter 11 plan did not properly provide for release of, and issuance of permanent injunction to protect, liability insurer that, in making substantial monetary contributions to plan, was only fulfilling its contractual obligation to debtor-insured; to extent that insurer had paid limits of policy, suit against insurer was not suit against debtor and would not deplete assets of estate. | Is a limited liability partner vicariously liable for the torts of the partnership? | 022259.docx | LEGALEASE-00136281-LEGALEASE-00136282 |
| In re Enlarging, Extending & Defining Corp. Limits & Boundaries of City of Biloxi, 109 So. 3d 529 | 268+29(3) | A court may consider seven subfactors in determining whether a municipality has the financial ability to provide municipal services to the proposed annexation area (PAA): (1) the municipality's present financial condition, (2) sales tax revenue history, (3) recent equipment purchases, (4) the financial plan and department reports proposed for implementing and fiscally carrying out the annexation, (5) fund balances, (6) bonding capacity, and (7) expected amount of revenue from taxes in the proposed annexation area. | Do courts have a right to expect compliance with their scheduling orders? | Pretrial Procedure - Memo # 4556 - C - VA.docx | ROSS-003291156-ROSS-003291157 |
| Fry v. Blauvelt, 818 N.W.2d 123 | 30+4270 | Home remodeling company was not entitled to a new trial after the trial court failed to enforce pretrial order regarding disclosure of exhibits against home owner, who disclosed new exhibits a day before trial, in breach of contract case; company was not prejudiced by owner's failure to include the exhibits in her original exhibit list, and the testimony concerning the new exhibits consisted of five pages of a trial transcript that exceeded 580 pages. I.C.A. Rule 1.1004(3). | Does the failure of a party to meet pretrial deadlines undermine the goals of the schedule? | Pretrial Procedure - Memo # 4801 - C - AC.docx | ROSS-003301293-ROSS-003301295 |
| Snodgrass v. State, 67 Tex. Crim. 451 | 67+24 | An indictment simply charging burglary, without stating whether committed by day or night, is sufficient for daytime burglary. | What is the punishment for daytime burglary? | 012607.docx | LEGALEASE-00137617-LEGALEASE-00137618 |
| Thompson v. State, 252 Ark. 1 | 67+9(0.5) | Both a breaking and entry need not be shown to convict of burglary; either is sufficient to constitute the crime. | Is both breaking and entering necessary for burglary? | 012710.docx | LEGALEASE-00137476-LEGALEASE-00137478 |
| Dyer v. State, 2002 WL 1732980 | 110+2182 | Prosecutor did not, by way of objection, attack the defendant over defense counsel's shoulder when defense counsel stated during sentencing phase of trial "I can hardly think of a less serious burglary" and prosecutor objected and stated "it's a different range of punishment, it's outside the record"; rather, the prosecutor's objection was timely and proper. | Is burglary a serious offense? | Burglary - Memo 165 - JS.docx | ROSS-003331025-ROSS-003331027 |
| Cator v. Martin, 57 Md. 397 | 108H+1184 | A joint proceeding against several as partners will not lie under the insolvent law. Proceedings must be taken against each separately. | Can a partnership be called insolvent if any of the partners are able to pay its debts? | 022242.docx | LEGALEASE-00137751-LEGALEASE-00137752 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Peter, 798 N.W.2d 552 | 129+127 | Defendants, who were animal rights activists, were not using fighting words when they yelled, while protesting in front of fur shop, that they knew where owner and his mother lived and that they knew his vehicle license plate number and, therefore, content of their speech did not fall outside scope of protected speech, as required to support convictions for disorderly conduct. U.S.C.A. Const.Amend. 1. | When is loud and boisterous conduct protected? | Disorderly Conduct- Memo 40- PR.docx | ROSS-003318569-ROSS-003318570 |
| State v. Young, 136 Idaho 113 | 386+77 | Statute prohibiting entry into school building "with the intent of disrupting classes or of otherwise interfering with the peace and good order of the place" was within police power of State and was adequate in its description of what was forbidden. N.J.S.A. 2A:149A-2. | When does a statute become invalid because of vagueness? | Disorderly Conduct- Memo 49- GP.docx | ROSS-003289321-ROSS-003289322 |
| State v. Goeson, 65 N.D. 706 | 361+1617(25) | Statute imposing mileage charge on motortrucks operating on state highways solely in interstate commerce held to comply with Constitution requiring bill to cover but one subject (Laws 1933, c. 162; Const. S 61). | "Is a pleading which depends on conclusions of law, without stating the facts on which they are based, fatally defective?" | Pleading - Memo 359 - RMM.docx | ROSS-003290591-ROSS-003290592 |
| Rivera v. City of New York, 306 A.D.2d 456 | 307A+224 | Defendant waived any objection to plaintiff's 60 day delay in providing errata sheet outlining purported corrections to her deposition testimony by waiting three years to bring motion to strike; plaintiff was significantly prejudiced by three year delay and defendant offered no reason for three year delay. McKinney's CPLR 3013, 3116(a). | "If the witness fails to sign the deposition within 60 days after it has been submitted for signing, may it be used at trial as if it had been signed?" | 031701.docx | LEGALEASE-00138425-LEGALEASE-00138426 |
| United States v. Caro-Muniz, 406 F.3d 22 | 63+1(1) | Government was not required to prove nexus between bribery and municipality's receipt of federal funds in order to convict mayor of bribery. 18 U.S.C.A. S 666. | "Does statute prohibiting bribery intended to influence an organization that received federal funds in excess of $10,000 in a one-year period exceed Congress's authority under the Spending Clause?" | 011952.docx | LEGALEASE-00139349-LEGALEASE-00139351 |
| 100 Harborview Drive Condo. Council of Unit Owners v. Clark, 224 Md. App. 13 | 307A+45 | Condominium council sued by unit owner for violations of his right to disclosure of records under Maryland Condominium Act (MCA) was not entitled to present testimony of accounting expert on legal issue of whether detailed billing reports of legal counsel were part of the financial books and records that a condominium association is required to keep, as expert was not timely disclosed pursuant to scheduling order. West's Ann.Md.Code, Real Property, S 11-116. | Is a substantial compliance with a scheduling order sufficient where the opposing party has not suffered prejudice? | 030970.docx | LEGALEASE-00139165-LEGALEASE-00139166 |
| Diamond v. C. I. R., 492 F.2d 286 | 220+3920 | Taxpayer who, in exchange for arranging financing for purchase of building, obtained income by virtue of receiving partnership interest which was limited to share of profits to be earned was not entitled to deduct a share of partnership unamortized loan expense. 26 U.S.C.A. (I.R.C.1954) S 708(b)(1)(B). | Is each partner entitled to repayment of their contributions to the partnership property? | 022335.docx | LEGALEASE-00139624-LEGALEASE-00139625 |
| Zinke v. Orskog, 422 S.W.3d 422 | 307A+517.1 | Once a permitted voluntary dismissal is filed, there is nothing pending before the trial court on which it is permitted to act, though the court may enter administrative orders such as those with regard to the assessment of costs. V.A.M.S. S 516.230; V.A.M.R. 67.02. | Is a voluntary dismissal without prejudice a species of nonsuit? | Pretrial Procedure - Memo # 2480 - C - SJ.docx | ROSS-003288598-ROSS-003288599 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Monitronics Int'l v. Veasley, 323 Ga. App. 126 | 30+4456 | Any error in instructing jury that home-security company had a duty to comply with industry standards was not harmful to company in negligence action by homeowner who was raped by an intruder after company misinformed her as to the reason an alarm was triggered after she arrived at home and failed to inform her that alarms had been triggered at her home multiple times that day; as demonstrated by special-verdict form, jury found that company's conduct constituted a failure to exercise ordinary care to homeowner and a failure to act without increasing the danger or harm to her. | "Are exculpatory clauses valid and binding, and are void as against public policy when a business relieves itself from its own negligence?" | 043307.docx | LEGALEASE-00139475-LEGALEASE-00139476 |
| Waters v. Waters, 498 S.W.2d 236 | 83E+401 | A promissory note can lawfully be transferred without a written assignment or an endorsement of the legal owner and holder thereof. V.T.C.A., Bus. & C. S 3.201(c). | Can a note be transferred when it is not indorsed by the transferee? | 009578.docx | LEGALEASE-00140484-LEGALEASE-00140485 |
| Paterson v. City of Granite City, 78 Ill. App. 3d 821 | 268+200(7) | A municipal ordinance enacted in 1964, prior to home rule powers, which purported to require city to pay disabled municipal employees difference between their normal wages and amount available under state disability statutes, was an attempt to confer a benefit in form of a lifetime pension not authorized by General Assembly either expressly or impliedly and was thus void, and thus a former fireman, retired due to a work-related injury, was not entitled to recover amounts claimed due under ordina nce. S.H.A. ch. 24, SS 10-3-2, 10-3-3, 10-4-1, 11-6-1; ch. 1081/212, SS 4-110, 4-118; S.H.A.Const. 1970, art. 7, S 6; Ill.Rev.Stat.1963, ch. 24, S 10-2-4. | Is a pension a state allowance paid out of public treasury? | Pension - Memo 22 - SB.docx | ROSS-003291154-ROSS-003291155 |
| Montgomery Cty., Md. v. Fed. Nat. Mortg. Ass'n, 740 F.3d 914 | 371+2218 | State and local taxes imposed on transfer and recordation of real property were not taxes on real property, and thus did not fall within real property tax exclusions from general tax exemption provision of charters for Federal National Mortgage Association (Fannie Mae) and Federal Home Loan Mortgage Corporation (Freddie Mac). Federal National Mortgage Association Charter Act, S 309(c)(2), 12 U.S.C.A. S 1723a(c)(2); 12 U.S.C.A. S 1452(e); West's Ann.Md.Code, Tax-Property, SS 12-103, 13-203; S.C.Code 1976, SS 12-37-30, 12-37-210, 12-37-610. | Is there any independent constitutional protection for states' right to tax? | 045424.docx | LEGALEASE-00140411-LEGALEASE-00140412 |
| United States v. Galbreath, 8 F.2d 360 | 95+138(3) | Where money paid as bribe and recipient convicted of extortion, held money should be deposited in registry of court, under Act Jan. 7, 1925, 18 U.S.C.A. S 3612, and liquor law violator who made such payment was not entitled to recover it, regardless of 18 U.S.C.A. S 201. | Can a person holding himself out as an officer defeat a charge of bribery on the ground that he had no legal right to act in the capacity he assumed? | Bribery - Memo #742 - C-JL.DOCX | LEGALEASE-00030661-LEGALEASE-00030662 |
| Sturges v. Buckley, 32 Conn. 18 | 113+3 | The custom, to be binding, must be followed in all cases by all persons following the business, and must have been established so long that all persons in the business to which the custom relates, living in the vicinity, could be presumed to have known of it, and acted in reference thereto. | Does a custom have to be reasonable? | 014216.docx | LEGALEASE-00141920-LEGALEASE-00141921 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Barash v. Seaton, 256 F.2d 714 | 260+5.1(4) | Memorandum from acting director of geological surveys that part of acquired lands, upon which applicant for lease had subsequently filed application for lease for noncompetitive oil and gas lease, was believed to be within known geological structure of producing field did not constitute a determination that land was within such structure as provided by statute requiring Secretary of Interior to issue lease to acquired lands to first applicant, if land is not within any known geological structure of a producing oil or gas field, and applicant was entitled to lease. Mineral Leasing Act for Acquired Lands, SS 1 et seq., 3, 30 U.S.C.A. SS 351 et seq., 352. | Is Public land Government owned land which was part of the original public domain? | Mines and Minerals - Memo # 116- C - EB.docx | ROSS-003289066-ROSS-003289067 |
| Nicolai v. Fed. Hous. Fin. Agency, 928 F. Supp. 2d 1331 | 371+2695 | County clerk had standing to bring action against Federal Home Loan Mortgage Corporation (Freddie Mac), Federal National Mortgage Association (Fannie Mae), and Federal Housing Finance Agency (FHFA), seeking to recover transfer taxes that defendants allegedly owed for real estate transactions, plus interest, where state law vested Florida's Department of Revenue with authority to administer the transfer tax, and county clerk, as agent for the Department, had a duty to ensure that the tax was paid. West's F.S.A. SS 201.02, 201.11. | How important is a state's power to tax? | 045509.docx | LEGALEASE-00141775-LEGALEASE-00141776 |
| Fyrnetics (Hong Kong) Ltd. v. Quantum Grp., 293 F.3d 1023 | 25T+139 | The district court may not deny a party's request to arbitrate an issue unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. | Do broad arbitration clauses create a presumption of arbitrability? | Alternative Dispute Resolution - Memo 613 - RK.docx | ROSS-003288644-ROSS-003288645 |
| United States v. Locke, 471 U.S. 84 | 92+2632 | Even with respect to vested property rights, a legislature generally has power to impose new regulatory constraints on the way in which those rights are used, or to condition their continued retention on performance of certain affirmative duties; as long as the constraint or duty imposed is a reasonable restriction designed to further legitimate legislative objectives, legislature acts within its powers in imposing such new constraints or duties. | Should claimants take their mineral interests with the knowledge that the Government retains substantial or significant regulatory power over those interests? | 021344.docx | LEGALEASE-00142814-LEGALEASE-00142815 |
| Harris Cty. Hous. Auth. v. Rankin, 414 S.W.3d 198 | 30+3212 | Whether a trial court has subject-matter jurisdiction is a question of law and is reviewed de novo. | May the absence of subject-matter jurisdiction be raised in various procedural vehicles such as a motion to dismiss for lack of jurisdiction? | 033805.docx | LEGALEASE-00142378-LEGALEASE-00142379 |
| E.I. DuPont De Nemours & Co. v. Sidran, 140 So. 3d 620 | 307A+563 | To support a dismissal based upon a fraud on the court, the court must find the false testimony was directly related to the central issue in the case. | "Does ""fraud on the court"" occur where it can be demonstrated that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter?" | 034007.docx | LEGALEASE-00143176-LEGALEASE-00143177 |
| Cty. of San Diego v. State of California, 15 Cal. 4th 68 | 360+111 | Constitutional prohibition on state creation of unfunded mandates for local governments prohibits state from shifting to counties the costs of state programs for which the state assumed complete financial responsibility before adoption of the amendment. West's Ann.Cal. Const. Art. 13B, S 6. | What are the goals of constitutional provisions pertaining to tax and government spending limitations? | 045329.docx | LEGALEASE-00142483-LEGALEASE-00142484 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bd. of Assessment Appeals v. AM/FM Int'l, 940 P.2d 338 | 371+2341 | Determination as to whether property is used for strictly charitable purposes within meaning of tax exemption statute must be made on case-by-case basis to determine whether such use satisfies statutory and constitutional requirements. | "Are ""ad valorem property taxes"" intended to raise revenue to defray general expenses of taxing entity?" | 045579.docx | LEGALEASE-00142292-LEGALEASE-00142293 |
| Williams v. Liberty Mut. Fire Ins. Co., 187 So. 3d 166 | 30+3211 | Jurisdictional issues are reviewed pursuant to a de novo standard of review. | Must a court issue a dismissal on jurisdictional grounds without prejudice? | Pretrial Procedure - Memo # 5689 - C - KBM.docx | ROSS-003302882-ROSS-003302883 |
| Herman v. Intracoastal Cardiology Ctr., 121 So. 3d 583 | 307A+563 | Any discrepancy between trial testimony by patient's husband concerning risks of open-heart surgery of which cardiologist informed patient and husband and the risks that husband recorded in his diary as having been discussed by cardiologist was not central to wrongful-death medical malpractice action in which husband asserted that cardiologist's failure to obtain a nephrology consult before clearing patient for surgery caused her to suffer renal failure, and, therefore, any such discrepancy did not warrant dismissal for fraud on the court; husband never asserted that surgery was performed without patient's informed consent. | "Except in the most extreme cases where it appears that the process of the trial has itself been subverted by alleged fraud on the court, are simple factual inconsistencies and false statements are well managed?" | 034555.docx | LEGALEASE-00143927-LEGALEASE-00143928 |
| Jones v. LeFrance Leasing Ltd. P'ship, 110 A.D.3d 1032 | 307A+44.1 | Trial court was within its discretion in precluding elevator repair company from claiming that it did not have prior notice of elevator's allegedly defective conditions, at trial in action to recover damages for wrongful death, where company failed to produce evidence in response to court's directive and plaintiffs' repeated discovery demands, it failed to provide a consistent and credible explanation as to why it failed to do so, and its failure to produce its records as directed was willful. McKinney's CPLR 3126(3). | "If the credibility of court orders and the integrity of the judicial system are to be maintained, can a litigant ignore court orders with impunity?" | 034571.docx | LEGALEASE-00144193-LEGALEASE-00144194 |
| Douglas Aircraft Co. v. Johnson, 13 Cal. 2d 545 | 371+2060 | Generally, a "property tax" is for revenue and does not impose restriction on use of property taxed, whereas a "privilege tax," though also passed for revenue and as such to be distinguished from "license tax," is imposed on right to exercise privilege, and its payment is condition precedent to exercise of privilege. | "What is a ""property tax""?" | 045695.docx | LEGALEASE-00144502-LEGALEASE-00144503 |
| Jordan v. Sears, Roebuck & Co., 651 A.2d 358 | 413+934.6 | Statute governing coordination of workers' compensation benefits, and permitting reduction of benefits by after-tax amount of payments received or being received under employee benefit plan, did not permit employer to a coordination of compensation benefits when employee rolled pension benefits over into individual retirement account (IRA) until those funds were distributed from IRA; since claimant was not required to pay taxes on funds that had been rolled over, he had not "received" a "payment" of pension benefits pursuant to the statute. 39 M.R.S.A. S 62-B (Repealed). | Are Workers Compensation Act rights purely statutory? | 048217.docx | LEGALEASE-00144336-LEGALEASE-00144337 |
| Tate v. Clements, 16 Fla. 339 | 241+143(3) | An admission or promise by a partner after dissolution of the partnership, and before suit is barred on a firm debt, to pay such debt, does not prevent the running of the statute as to other partners, though the creditor is ignorant of the dissolution. | Can a partner bind his copartners by a contract not within the scope of the partnership business? | Partnership - Memo 459 - RK.docx | ROSS-003301082-ROSS-003301083 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Moler, 269 Kan. 362 | 67+4 | Lean to attached to enclosed workshop for use as a carport, which was permanently and entirely open on one side was not "other structure" under burglary statute. K.S.A. 21-3715(b). | Is a mobile home a dwelling under burglary statute? | Burglary - Memo 249 - SB_57627.docx | ROSS-003325327-ROSS-003325330 |
| Blankenship v. State, 780 S.W.2d 198 | 110+1159.5 | Determination of whether burglarized place is a "building" or "habitation" under burglary of habitation statute will be overturned on appeal only if defendant can show that no reasonable trier of fact could have found the place to have been a habitation; overruling Jones v. State, 532 S.W.2d 596. | What are the different categories of burglary? | Burglary - Memo 253 - SB_57631.docx | ROSS-003294265-ROSS-003294269 |
| Polo Mfg. Co. v. Parr, 8 Neb. 379 | 8.30E+186 | A stipulation on the back of a note is as much a part of the instrument as if set out in its body. | Is memorandum at back of note made by agreement of parties before signing it binding on all the parties? | Bills and Notes -Memo 606 -DB_57719.docx | ROSS-003278457-ROSS-003278458 |
| NHL Tr. v. Sands, 733 So.2d 1288 | 83E+733 | There was no issue of note being misplaced or lost, in action to collect on note, where, as noted by district court on face of holder's petition, original note, allonges and authentic act of notice and acceleration were filed in vault of district court. | Is the holder of the note entitle to enforce the note? | Bills and Notes-Memo 1026 - SB_60152.docx | ROSS-003282964 |
| United States v. Jefferson, 674 F.3d 332 | 63+14 | Jury instructions given in bribery trial of congressman correctly stated the applicable law; instructions permitted jury to find that performing constituent services was a settled official practice of defendant's congressional office and, second, that African trade issues were "matters" or "causes" that were pending before him, and jury was then entitled to conclude that defendant's actions in connection with both constituent requests and the promotion of trade in Africa in exchange for bribe payments fell under the umbrella of his "official acts." 18 U.S.C.A. S 201(a)(3). | Can the gratuity statute be read to prohibit gifts given by reason of the donee's office? | Bribery - Memo #977 - C-JL_57944.docx | ROSS-003308437-ROSS-003308438 |
| Isaacson v. Wirklan, 245 Or. 612 | 48A+171(8) | Privilege of having right-of-way at uncontrolled intersection is not absolute, and one having the privilege continues to have a duty to exercise due care. | Is the privilege of the right of way an absolute privilege? | Highways -Memo 149 - IS.docx | LEGALEASE-00038348-LEGALEASE-00038349 |
| Alexander v. State, 126 Tex. Crim. 625 | 157+129(3) | Where a recovery is sought from a firm, on account of various frauds perpetrated by one of the partners in the firm name, and one of the transactions, in which such partner fraudulently obtained a large sum of money from the plaintiff, was conducted in his own name, yet was so interwoven with other frauds perpetrated in the firm name as to render its explanation necessary to its elucidation of the former, such transaction may be shown, even though the firm be not liable therefor. | Can a partner be liable for the crimes of a copartner if he himself did not participate in them? | 022517.docx | LEGALEASE-00148903-LEGALEASE-00148904 |
| Wallisville Corp. v. McGuinness, 154 So. 3d 501 | 188+291 | Fact issue as to the purpose of website visitor's $10,000 deposit with gambling website precluded dismissal, for failure to state a cause of action, of visitor's action against operators of the website for the return of the deposit; while it seemed likely that statute barring enforcement of gambling debts would bar recovery of the deposit, complaint contained no allegations as to the terms on which the deposit was being held, so as to enable trial court to decide the merits of website operators'affirmative defense raising the statute. West's F.S.A. S 849.26. | Can a motion to dismiss be granted on the basis of an affirmative defense unless that defense is established on the face of the pleadings? | Pretrial Procedure - Memo # 7594 - C - SHS_57802.docx | ROSS-003282475-ROSS-003282476 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Hardy, 963 S.W.2d 516 | 361+1374 | Court of Criminal Appeals generally presumes that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible. | Whether checks are confidential communications? | 010653.docx | LEGALEASE-00149692-LEGALEASE-00149693 |
| Williams v. Liberty Mut. Fire Ins. Co., 187 So. 3d 166 | 106+13.5(5) | Long-arm statute did not allow for personal jurisdiction over driver of second vehicle, who was Tennessee resident, in motorist's action against driver and her insurer alleging that driver negligently caused automobile accident; accident occurred in Tennessee, neither party contracted with the other in Mississippi, and, even if driver engaged in business in Mississippi by appearing in circuit court, contracting with Mississippi bail bondsman, and retaining attorney in Mississippi, statute barred use of its doing-business prong to establish jurisdiction by nonresident plaintiff, including motorist, who was also Tennessee resident. West's A.M.C. S 13-3-57. | What do elements indicating one's domicile include? | Domicile - Memo # 35 - C-SA_58237.docx | ROSS-003279026-ROSS-003279027 |
| Williams v. Liberty Mut. Fire Ins. Co., 187 So. 3d 166 | 106+13.5(5) | Long-arm statute did not allow for personal jurisdiction over driver of second vehicle, who was Tennessee resident, in motorist's action against driver and her insurer alleging that driver negligently caused automobile accident; accident occurred in Tennessee, neither party contracted with the other in Mississippi, and, even if driver engaged in business in Mississippi by appearing in circuit court, contracting with Mississippi bail bondsman, and retaining attorney in Mississippi, statute barred use of its doing-business prong to establish jurisdiction by nonresident plaintiff, including motorist, who was also Tennessee resident. West's A.M.C. S 13-3-57. | What is the intent necessary to establish domicile? | 014526.docx | LEGALEASE-00149311-LEGALEASE-00149312 |
| City of Wichita Falls v. Thomas, 523 S.W.2d 312 | 268+429 | Evidence supported finding that plaintiff's property, which was separated from street by a triangular strip of land which belonged to city but which was not used as a right-of-way, was not "abutting property" subject to street improvement assessment. Vernon's Ann.Civ.St. art. 1105b, S 6. | What does the term abutting owner refer to? | 019077.docx | LEGALEASE-00149724-LEGALEASE-00149725 |
| In re Davis' Estate, 5 Whart. 530 | 51+2705 | Trustee could not exercise strong-arm powers as bona fide purchaser of real property to set aside unacknowledged deed from debtor to parties who were in actual possession of property; parties' actual possession, coupled with their posting of no trespassing signs and storage of personal property on premises, was sufficient to put trustee on inquiry notice of their interest therein. Bankr.Code, 11 U.S.C.A. S 544(a)(3). | "Is a notice of unrecorded instrument equivalent to the recording of it, with respect to the person having such notice?" | 021762.docx | LEGALEASE-00149491-LEGALEASE-00149492 |
| Helvering v. Wheeling Mold & Foundry Co., 71 F.2d 749 | 220+4315 | Transferee of all assets and business of corporation engaged in manufacturing steel and iron products, under clause in contract requiring transferee to pay and discharge all "debts" of transferor corporation, held liable for unpaid excess profits tax assessed against transferor for year in which transfer was made. Revenue Act 1926, S 280(a)(1), 26 U.S.C.A.Int.Rev.Acts, page 212. | Are taxes imposed for public purposes? | 045897.docx | LEGALEASE-00149229-LEGALEASE-00149230 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Womack v. McCook Bros. Funeral Home, 194 La. 296 | 371+2001 | "Taxes" are imposts levied for support of government or for some special purpose authorized by it, consent of taxpayer being unnecessary to their enforcement, and are not "debts" which are obligations for payment of money founded upon contract, express or implied. | Is the consent of the tax-payer necessary to their enforcement? | 045901.docx | LEGALEASE-00149247-LEGALEASE-00149248 |
| United States v. City of Columbia, Mo., 914 F.2d 151 | 371+2006 | Component of city's utility rate, known as "payment in lieu of taxes," charged to Veterans Administration hospital did not constitute impermissible tax on federal government but rather was simply profit component of city's utility rate, which was measured by lost tax revenue, despite federal government's claim that charge was referred to as "tax" in ordinance and was charged "in lieu of tax." U.S.C.A. Const. Art. 6, cl. 2. | Are taxes enforced contribution to the government? | 045921.docx | LEGALEASE-00149345-LEGALEASE-00149347 |
| Adolph Ramish v. Woodruff, 2 Cal. 2d 190 | 83E+525 | Finding that note had been indorsed in blank so as to cut off defenses of maker against original payee held warranted, though indorsement recited that indorser guaranteed payment. | What is referred by an indorsement with an enlarged liablity? | 010978.docx | LEGALEASE-00150276-LEGALEASE-00150277 |
| Trimble v. State, 4 Blackf. 435 | 156+113 | If the declaration show that the defendant is estopped to deny the facts contained in his plea, the plaintiff need not reply the estoppel, but demur. | "In an administration bond, are the obligors estopped from denying the appointment of the administrator?" | Estoppel - Memo #40 - C - CSS_59029.docx | ROSS-003293233-ROSS-003293234 |
| Arthur Murray v. Smith, 124 Ga. App. 51 | 200+122 | Laws 1911, c. 254, providing for establishment of highways outside of cities and villages, and for assessment on land benefited, held valid, under Const. art. 9, S 1, relating to uniformity of taxes. | What comes under local improvements? | 019288.docx | LEGALEASE-00150534-LEGALEASE-00150535 |
| Schultes v. Eberly, 82 Ala. 242 | 371+2016 | The legislative assembly has no right to delegate the power of taxation to a school district. | Whom can the power to tax be delegated to? | 045975.docx | LEGALEASE-00150248-LEGALEASE-00150249 |
| Welsh v. Ebersole, 75 Va. 651 | 185+35 | In an action to recover the amount of a bond, executed by a third person to defendant, transferred to plaintiff with defendant's name indorsed thereon in blank, the declaration contained three counts. In the first count plaintiff declared on the bond as assigned to him by defendant. The second count alleged that the third person was indebted to plaintiff for the purchase-money for a tract of land sold by plaintiff to him, and that the third person preferred to give personal security for the debt rather than a loan on the land, and offered defendant as a guarantor, who, in consideration of the premises and the fact that plaintiff would not reserve a vendor's lien, guarantied the payment of the debt, which guaranty was evidenced by the bond of the third person payable to defendant, and indorsed by him to plaintiff; that plaintiff obtained judgment on the bond against the third person, but recovered nothing. Held, that plaintiff was not precluded from proving his case by parol testimony, and recovering on it when so proved. | Is the endorsement of a non- negotiable note equivalent to its assignment? | 010371.docx | LEGALEASE-00151148-LEGALEASE-00151149 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Morris v. Preston, 93 Ill. 215 | 83E+540 | Bills and notes indorsed in blank pass by delivery. The purchaser is not bound to inquire as to the title of the holder, unless he has knowledge of facts which, on inquiry, would lead to notice. So held as to notes placed in the hands of a banker, to sell for the payee as her agent, but who pledged them to secure a debt owing by himself to another bank; there being nothing to excite the pledgee's suspicion that her indorsement in blank did not make him absolute owner. | Is possession of notes evidence of title or ownership? | 010803.docx | LEGALEASE-00151242-LEGALEASE-00151243 |
| Ingram v. Mortg. Elec. Registration Sys., 94 A.3d 523 | 266+1409 | No evidence existed to support mortgagors' contention that promissory note that was endorsed in blank was invalidly endorsed to the note holder. | Is validity of endorsement in blank recognized? | Bills and Notes-Memo 1169-ANM_59668.docx | ROSS-003282481-ROSS-003282482 |
| Gomes v. Cty. of Monmouth, 444 N.J. Super. 479 | 268+741.25 | Notice provisions of Tort Claims Act do not require courts to treat private independent contractors to a governmental agency as a public entity that must be served with tort claims notices as a precondition to them being sued. N.J.S.A. 59:8-8, 59:8-9. | "Before a court dismisses a civil complaint with prejudice, should it search the complaint in depth and with liberality?" | Pretrial Procedure - Memo # 8473 - C - SKG_59172.docx | ROSS-003282071-ROSS-003282072 |
| Crest Res. v. Dan Blocker Petroleum Consultants, 865 F. Supp. 2d 1113 | 308+99 | Under Texas law, apparent authority to act for principal is based on estoppel, and only the conduct of the principal in leading a third party to believe that the agent has authority may be considered; therefore, a reviewing court looks to acts of participation, knowledge, or acquiescence by the principal. | When is an agents authority implied? | 041432.docx | LEGALEASE-00151194-LEGALEASE-00151195 |
| Estate of Orbie Coggins ex rel. Brooks v. Wapato Point Mgmt. Co. Health & Welfare Plan, 22 F. Supp. 3d 1152 | 231H+1549(12) | Estate of deceased employee was equitably estopped from evading the requirement that he exhaust the grievance procedure set forth in the collective bargaining agreement (CBA) before filing Employee Retirement Income Security Act (ERISA) action against employer, alleging that estate was entitled to more than $10,000 in life insurance benefits because the employer breached its fiduciary duty by failing to notify employee about the termination of life insurance coverage of two times employee's annual salary; the CBA's grievance procedure constituted the sole and exclusive method of adjusting all complaints or disputes related to employee's benefits, and estate argued that life insurance coverage of two times employee's annual salary remained in place at conclusion of CBA negotiations. Employee Retirement Income Security Act of 1974, S 2 et seq., 29 U.S.C.A. S 1001 et seq. | Does equitable estoppel preclude a party from claiming the benefits of a contract? | 007997.docx | LEGALEASE-00151460-LEGALEASE-00151461 |
| Anchor Loan Co. v. Willett, 137 N.E.2d 532 | 83E+481 | The assignor of a note is not required to give the parties to the note notification of an assignment. | Is notice essential for an assignment? | 009926.docx | LEGALEASE-00151795-LEGALEASE-00151796 |
| Antanuos v. First Nat. Bank of Arizona, 508 F. Supp. 2d 466 | 172H+1362 | Truth in Lending Act (TILA) applies only to credit transactions secured by real or personal property used or expected to be used as the principal dwelling of the debtor; credit transactions secured by real or personal property used for other purposes, such as commercial rental property, fall outside the scope of TILA's coverage. Truth in Lending Act, S 104, 15 U.S.C.A. S 1603; 12 C.F.R. S 226.3(b). | What is the definition of Dwelling? | Consumer Credit - Memo 30 - RK_59562.docx | ROSS-003293759-ROSS-003293760 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| JPMorgan Chase Bank, Nat. Ass'n v. Weinberger, 142 A.D.3d 643 | 266+1791 | In order to establish standing to bring foreclosure action, it is unnecessary to give factual details of delivery of the note in order to establish that possession was obtained prior to a particular date. | "When a note is endorsed in blank, can it be negotiated by delivery alone?" | Bills and Notes-Memo 1052-ANM_60035.docx | ROSS-003309012-ROSS-003309013 |
| Miron Rapid Mix Concrete Corp. v. Bank Hapoalim, B. M., 105 Misc. 2d 630 | 172H+591 | Check made payable to order of two payees whose names are separated by diagonal slash, or "virgule" symbol, is properly paid by bank with endorsement of only one of named payees. Uniform Commercial Code, S 3-116. | Is a short slanting stroke drawn between two words a virgule? | 010753.docx | LEGALEASE-00152465-LEGALEASE-00152466 |
| Steed v. Bain-Holloway, 356 P.3d 62 | 30+3200 | A trial court's judgment dismissing a petition is reviewed de novo. | Can a petition generally be dismissed only for lack of any cognizable legal theory to support the claim or for insufficient facts under a cognizable legal theory? | 037609.docx | LEGALEASE-00151937-LEGALEASE-00151938 |
| First Nat. Bank v. Sprout, 78 Neb. 187 | 83E+863 | The transferee of a negotiable promissory note, who has purchased the same in the usual course for value, may bring an action at law against the maker without proof of indorsement. | Is a parol transfer by the payee without indorsement of a check payable to order accompanied by manual delivery valid? | Bills and Notes - Memo 834 - RK_60287.docx | ROSS-003283021-ROSS-003283022 |
| In re J.H. Jackson Co., 15 F.2d 614 | 51+3063.1 | Defense of loss of books by leaving in taxicab held properly stricken as sham, and turnover order properly entered. | Is a sham defense one which is palpably false? | 023706.docx | LEGALEASE-00153293-LEGALEASE-00153294 |
| Green v. Green, 64 Md. App. 122 | 134+781 | In determining monetary award of marital property, court shall determine which property is marital property, determine value of all marital property, and may then grant monetary award as an adjustment of the equities in rights of parties concerning marital property, whether or not alimony is awarded. Code, Family Law S 8-201(e). | Is property tax a tax on the mere right to own or have property? | Taxation - Memo # 908 - C - JL_60613.docx | ROSS-003293223-ROSS-003293224 |
| Bell v. Norwood, 7 La. 95 | 157+441(11) | Parol evidence cannot be received of a promise to pay interest on a note which bears none. | Is re-possession of a bill or note considered as evidence of title? | Bills and Notes - Memo 849 - RK.docx | LEGALEASE-00043666-LEGALEASE-00043667 |
| Brown v. Bell, 291 Ark. 116 | 191+31(2) | While indorsement of note payable "to order" was required to negotiate in favor of one who becomes a holder in due course, donor's rights in such instrument may be transferred by gift without indorsement. Ark.Stats. SS 85-3-201 to 85-3-208, 85-3-201 comment, 85-3-202(1). | Is an assignment of a note permitted? | Bills and Notes - Memo 959 - RK_60817.docx | ROSS-003320876-ROSS-003320877 |
| Sweezy v. State of N.H. by Wyman, 354 U.S. 234 | 92+1078 | Where college professor was questioned by state Attorney General, pursuant to authorization by state Legislature, concerning content of professor's lectures and his knowledge of particular political party and its adherents, contempt conviction for refusal to answer was an invasion of professor's liberties in the areas of academic freedom and political expression. U.S.C.A.Const. Amends. 1, 5, 14; Const.N.H. pt. 1, art. 15; RSA N.H. 588:1-588:16. | Does the university have an essential freedom to determine for itself on academic grounds who may be admitted to study? | 016792.docx | LEGALEASE-00153836-LEGALEASE-00153837 |
| Estate of Linnick, 171 Cal. App. 3d 752 | 46H+266(1) | Attorney representing vendor of property under contingent fee arrangement did not, at time he died, have a sufficient claim to attorney fees to entitle his estate to bring, under West's Ann.Cal.Prob.Code S 851.5, which provides for hearing of petition by decedent's estate concerning any claim involving property allegedly wrongfully possessed by another, an action against law firm which succeeded decedent/attorney for fees paid firm on completion of sale of property. | Does the appellation given to a pleading determine the nature of an action and the issues involved? | Pleading - Memo 537-RMM_61225.docx | ROSS-003292613-ROSS-003292614 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Seminole Tribe of Florida v. State, Dep't of Revenue, 202 So. 3d 971 | 336H+284 | The doctrine of res judicata makes a judgment on the merits conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action. | "Can affirmative defenses, like res judicata, be properly considered on a motion to dismiss?" | Pretrial Procedure - Memo # 9354 - C - KS_61246.docx | ROSS-003279128 |
| Headwaters v. Bureau of Land Mgmt., Medford Dist., 914 F.2d 1174 | 149E+601 | Section of NEPA requiring federal agency to give detailed statement on alternatives to the proposed action and to describe appropriate alternatives does not require the consideration of alternatives whose effect cannot be reasonably ascertained, and whose implementation is deemed remote and speculative; furthermore, an agency need not consider alternatives which are infeasible, ineffective, or inconsistent with the basic policy objectives for the management of the area. National Environmental Policy Act of 1969, S 102, 42 U.S.C.A. S 4332. | Can an agency rely upon the reasonable conclusions of its own experts? | Woods and Forests - Memo 84 - RK_61329.docx | ROSS-003294195-ROSS-003294196 |
| Lockett v. Planned Parenthood of Indiana, 42 N.E.3d 119 | 156+12 | Various "estoppel" doctrines, including estoppel by record, estoppel by deed, collateral estoppel, equitable estoppel, promissory estoppel, and judicial estoppel, are all based on the same underlying principle: one who by deed or conduct has induced another to act in a particular manner will not be permitted to adopt an inconsistent position, attitude, or course of conduct that causes injury to such other. | Is equitable estoppel available only as a defense? | 018093.docx | LEGALEASE-00155370-LEGALEASE-00155371 |
| Noble v. Nugent, 89 Ill. 522 | 308+105(3) | A., through the agency of C., obtained a loan of money from B., who lived some distance away in the country, said loan being secured by a deed of trust from A. to C., and one of the notes given therefor being made payable to C. It appeared that C. had been for a number of years B.'s agent in loaning and collecting his money, and that C. was in the habit of making statements to him of the funds which had passed through his hands. B. admitted that he had received from C. the money due on some of the notes which had been paid by A. to C., and also certain installments of interest on another of the notes, after the same had matured. Held, that A., having received no notice from B. not to pay over the money to C., was protected in making subsequent payments to C. | Does the authority of an agent being limited to a particular business make it special? | 041598.docx | LEGALEASE-00155633-LEGALEASE-00155634 |
| Miklosy v. Regents of Univ. of California, 44 Cal. 4th 876 | 316P+286 | Existence of inactive bill that would amend statute governing whistleblower complaints against the University of California in a way that paralleled earlier amendment of statute governing whistleblower complaints by other state employees was relevantto analysis of legislative history of unamended statute, to show that restrictive language of unamended statute was brought to Legislature's attention and therefore that Legislature's failure to amend that section was not necessarily a matter of ina dvertence or oversight. West's Ann.Cal.Gov.Code SS 8547.8(c), 8547.10(c). | Do universities function in some ways like an independent sovereign? | 016852.docx | LEGALEASE-00156333-LEGALEASE-00156334 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gay v. City of Wichita Falls, 457 S.W.3d 499 | 156+62.4 | City was immune from retired city employees' promissory estoppel claim against city arising out of denial of employees' claims for long-term disability benefits; applicable statutory waiver of governmental immunity applied only to a written contract, and an implied contract was not a written contract. V.T.C.A., Local Government Code S 271.152. | "If a suit is barred by governmental immunity, is dismissal with prejudice mandatory?" | Pretrial Procedure - Memo # 10240 - C - NE_61745.docx | ROSS-003294062-ROSS-003294063 |
| Chamberlain v. New Hampshire Fire Ins. Co., 55 N.H. 249 | 217+3567 | A mortgagee, who, with the mortgagor's consent, obtains a fire policy upon the mortgaged premises, payable in case of loss to the mortgagee, who paid the premium, the mortgagor having no negotiations with the company, is the proper party to maintain an action on the policy to recover, not only the extent of his own interest, but also the interest of the mortgagor secured by the policy. | Can an assignee sue in the name of the assignor? | 009067.docx | LEGALEASE-00156518-LEGALEASE-00156519 |
| Nordin v. First Tr. & Sav. Bank of Pasadena, 118 Cal. App. 697 | 83E+374 | Payee's indorsement of mortgage notes in blank and deposit of them with bank as collateral made them negotiable and transferable by delivery. Civ.Code S 3115. | Is indorsement without additional words a sufficient indorsement? | 010884.docx | LEGALEASE-00157431-LEGALEASE-00157433 |
| Adden v. Middlebrooks, 688 F.2d 1147 | 92+3964 | Power of federal court entertaining case based on diversity of citizenship to exercise personal jurisdiction over nonresident defendants turns on two independent considerations: whether applicable state rule or state potentially confers in personam jurisdiction over defendants and, if it does, whether assertion of such jurisdiction is commensurate with due process. U.S.C.A.Const.Amends. 5, 14; 28 U.S.C.A. S 1332. | Can it appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test when a court reviews the sufficiency of a complaint? | 024773.docx | LEGALEASE-00156709-LEGALEASE-00156710 |
| In re Clean Burn Fuels, 492 B.R. 445 | 349A+117 | Language in contract between Chapter 7 debtor and party that had agreed to provide it with all of the corn that it needed for use in production of ethanol, to effect that party would retain title to corn even after it had been delivered to debtor's plant, until corn was transported from storage bins at debtor's facility and passed over weight belt to building where ethanol was produced, whereupon debtor would become liable for payment based upon weight of corn utilized in ethanol production process, was ineffective under North Carolina law to prevent title to corn from passing to debtor once "delivery," as defined by parties' contract to occur upon unloading of corn at debtor's plant, had taken place; though parties may have contemplated that seller would retain title until corn was actually introduced into ethanol production process and debtor became liable for payment, this contract language reserved for seller only a security interest in corn after it was delivered, such that corn became "property of the estate" upon debtor's bankruptcy filing. 11 U.S.C.A. S 541(a)(1). | Does an agency relationship need to be express? | 041774.docx | LEGALEASE-00157824-LEGALEASE-00157825 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Duffy v. Lawyers Title Ins. Co., 972 F. Supp. 2d 683 | 122A+13 | Under Pennsylvania law, no agency relationship existed between title agent and title insurer for anything outside scope of selling title insurance, and thus insurer was not vicariously liable for agent's participation in mortgage rescue scam, where agency agreement stated that "any escrow or closing business conducted by Agent is not within the scope of this Agreement," and payoff liens and encumbrances by agent in connection with transactions at issue were undertaken in agent's role as closing agent, insurer's participation in contract did not occur until after premium was remitted, current title insurance policies that were issued to purchasers of properties were still open, and insurer had no contact with defrauded owners. | When is an agency relationship created? | Principal and Agent - Memo 491 - KK_62694.docx | ROSS-003278769-ROSS-003278770 |
| State v. Lanclos, 980 So. 2d 643 | 48A+361 | Statutory assessment of $5 if motor vehicle offense was committed on the Huey P. Long Bridge or the Lake Pontchartrain Causeway Bridge was a "tax" funded through the judiciary in violation of the separation of powers; the cost was collected to supplement police salaries and acquire and maintain police equipment, and although police department could be considered a link in the chain of the criminal justice system, police salaries and uniform equipment and maintenance were too far attenuated from the administration of justice to be legitimate court cost. LSA-Const. Art. 2, SS 1, 2; LSA-R.S. 32:57(G). | "Where an imposition materially exceeds the special benefits conferred upon those assessed, is such imposition a tax?" | 044512.docx | LEGALEASE-00157335-LEGALEASE-00157336 |
| Fjeldahl v. Homer Co-Op. Ass'N, 11 Alaska 112 | 101+1577 | In action by co-operative corporation members against corporation to recover value of fish caught by members and marketed by corporation, complaint alleging that members were "employed" by corporation, and that "contract of employment" required corporation to pay certain price for fish to members, was not insufficient, notwithstanding that proof did not disclose a contract of employment in the ordinary sense, since the word "employment" could also mean "engaged" in fishing. Comp.Laws Alaska 1933, SS 2051, 2085, 2093. | "Is employment in general defined as the act of employing, the state of being employed, or that which consumes time or attention, occupation?" | Worker's Compensation - Memo #638 - C - ANC_63496.docx | ROSS-003298778-ROSS-003298779 |
| Bible Believers v. Wayne Cty., Mich., 805 F.3d 228 | 92+1847 | When peaceful speaker, whose message is protected by First Amendment, is confronted by hostile crowd, state may not silence speaker as expedient alternative to containing or snuffing out rioting individuals' lawless behavior; overruling Glasson v. City of Louisville, 518 F.2d 899. U.S.C.A. Const.Amend. 1. | "Whether the state has the power to prevent or punish when a clear and present danger of riot, disorder, interference with traffic upon public streets, or other immediate threat to public safety, peace or order, appear?" | 014333.docx | LEGALEASE-00158887-LEGALEASE-00158888 |
| E.M. Bailey Distrib. Co. v. Conagra, 676 S.W.2d 770 | 183+3 | While a license in respect to real property can be defined as a personal privilege to do acts upon land of the licensor of a temporary nature which are revocable at will of licensor, a franchise is neither temporary or personal and it is not revocable at will of grantor. (Per Wintersheimer, J., with two Justices concurring and one Justice concurring result.) | Is franchise a privilege? | Franchises - Memo 12 - ANG_65684.docx | ROSS-003281449-ROSS-003281450 |
| Levine v. Michel, 35 La.Ann. 1121 | 300+2.5 | The Louisiana pilot laws do not inhibit a partnership or association of pilots to further their common interests. | Is partnership an association? | Partnership - Memo 523 - GP.docx | LEGALEASE-00048021-LEGALEASE-00048022 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Levine v. Michel, 35 La.Ann. 1121 | 300+2.5 | The Louisiana pilot laws do not inhibit a partnership or association of pilots to further their common interests. | Is partnership an association? | 022625.docx | LEGALEASE-00158695-LEGALEASE-00158696 |
| Palmer Nat. Bank v. Van Doren, 260 Mich. 310 | 253+109(1) | Note executed and delivered in Illinois by married woman resident of Michigan as surety for brother's indebtedness to Illinois bank, and renewals of such note subsequently executed and mailed from Michigan, held Illinois contract. | Is a renewal note regarded as a continuation of the original note? | 010912.docx | LEGALEASE-00160352-LEGALEASE-00160353 |
| Travelers Ins. Co. v. Walkovak, 390 S.W.2d 75 | 413+1102 | That worker had tried to conceal his disability from his employer and that he could not have done his work without help from his fellow employees would not work estoppel against him and in favor of insurer which had not changed position in reliance on such conduct. | Is estoppel employed as a means of inflicting punishment for an unlawful or wrongful act? | Estoppel - Memo #204 - C - CSS_64540.docx | ROSS-003278734-ROSS-003278735 |
| Borre v. United States, 940 F.2d 215 | 306+35(9) | Under Illinois law, village had a property interest in cable television franchise and that property interest could be the subject of a mail fraud offense. 18 U.S.C.A. S 1341. | Is franchise distinct from licence? | 018479.docx | LEGALEASE-00159621-LEGALEASE-00159623 |
| Bank of Fairfield v. Spokane Cty., 173 Wash. 145 | 371+2233 | Corporate franchises, to extent of worth when taken in connection with other property to which they give superadded value, are subject to direct property tax. Rem.Rev.Stat. S 11135; Const. art. 7, S 2. | What are the different kinds of franchises? | 018563.docx | LEGALEASE-00159483-LEGALEASE-00159484 |
| Appeal of Pub. Serv. Co. of New Hampshire (New Hampshire Pub. Utilities Comm'n), 141 N.H. 13 | 371+2160 | Authority to impose a franchise tax is limited by requirement that there be an economically rational relationship between the actual value of the franchise and the tax imposed on it. | Does the right to engage in business taxed as franchise tax? | 018571.docx | LEGALEASE-00159662-LEGALEASE-00159663 |
| Allen v. Burnet Realty, 801 N.W.2d 153 | 217+1611 | "Legal administration program," by which real estate sales associates agreed to allocation of expenses should a dispute arise related to associate's work for broker, was not "insurance," for purposes of associate's claim that broker engaged in unauthorized sale of insurance, as broker was not assuming additional risk that would otherwise be allocated to associate, broker had a strong connection with, and a certain amount of control over, the actions of associate that would lead to the covered dispute and, in turn, to any losses, and program differed from a traditional insurance contract in several key respects, including that annual fee associate paid pursuant to program was not a "premium" for insurance, given that broker charged all associates a fixed fee under the program. M.S.A. SS 60K.47, 82.63(3). | Is LA or LAP considered to be insurance? | 019580.docx | LEGALEASE-00159998-LEGALEASE-00159999 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Allen v. Burnet Realty, 784 N.W.2d 84 | 217+1560 | "Legal assistance" program by which independent contractor real estate sales associates, pursuant to terms set forth in independent contractor agreement, paid real estate broker an annual fee in return for the broker's payment of attorney fees in sales-related disputes, arbitrations, or lawsuits against the contractor, and which limited contractor liability, had the principal purpose and object of selling real estate, and was not "insurance" or "indemnity for hire," thus precluding contractor's claim that broker engaged in unauthorized sale of insurance; in light of the broker-contractor relationship, the legal assistance program functioned as an arrangement to share potential risk of a dispute in the sales process, and the broker, by requiring adherence to its policies, exercised a degree of control over the risk of incurring losses. M.S.A. S 60K.47. | Is LA or LAP considered to be insurance? | Insurance - Memo 57 - SNJ.docx | LEGALEASE-00049473-LEGALEASE-00049474 |
| Pope v. TT of Lake Norman, 505 F. Supp. 2d 309 | 217+1001 | Window etching system with which vehicles sold by a dealership were equipped, purporting to deter the theft by making resale of stolen vehicles more difficult and risky, was a "warranty" within the meaning of a North Carolina statute providing that warranties did not constitute insurance; the system was sold by a third party for $349, and included a guarantee to pay $5,000 in the event it failed to deter theft of the vehicle. West's N.C.G.S.A. S 58-1-15(b). | Does insurance indemnify against damage from outside perils? | 019582.docx | LEGALEASE-00160063-LEGALEASE-00160064 |
| Bowens v. Gen. Motors Corp., 608 So. 2d 999 | 413+1057 | Because self-insurance is merely method of complying with workers' compensation laws and is not equivalent to possession of insurance policy, nonduplication of recovery section of statute governing Louisiana Insurance Guaranty Association (LIGA) did not apply to worker's claim against self-insured car manufacturer, and LIGA was liable for compensation benefits; presence of self-insurer does not preclude liability on part of LIGA to plaintiff for compensation benefits. LSA-R.S. 22:1382, subd. A(2), 22:1386(1), 23:1061. | Is self-insurance in actuality insurance? | Insurance - Memo 79 - SNJ_64655.docx | ROSS-003280600-ROSS-003280601 |
| New Jersey Div. of Taxation v. Selective Ins. Co. of Am., 399 N.J. Super. 315 | 309+5 | While surety bonds have been included within definitions of insurance for some purposes, "suretyship" is not generally considered to be "insurance." | Is suretyship the same as insurance? | 019622.docx | LEGALEASE-00160026-LEGALEASE-00160027 |
| James L. Haven & Co. v. Goodel, 12 Ohio Dec.Reprint 465 | 289+957 | One member of a firm cannot bind another by making or indorsing negotiable paper in the firm name after the dissolution of the partnership, though the proceeds of the paper are applied to the payment of partnership debts. | Does the power to settle and adjust the affairs of the partnership authorize a partner to use the partnerships name for that purpose? | Partnership - Memo 489 - SB_64852.docx | ROSS-003280344-ROSS-003280345 |
| McCall v. Moss, 112 Ill. 493 | 157+410 | An entry or charge on the books of a defunct partnership may be explained by proof and corrected although three years after the charge was made the bookkeeper transferred the account to the books of a succeeding firm, in which one of the members of the original firm was not a partner. | Can a written contract for a partnership be altered orally? | 022584.docx | LEGALEASE-00160170-LEGALEASE-00160171 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Magneson v. C.I.R., 753 F.2d 1490 | 220+3184 | Property acquired in like-kind exchange with intention of contributing it to limited partnership in return for general partnership interest was "held for investment" and no gain was recognized. 26 U.S.C.A. SS 721, 1031(a). | Can a tenancy in partnership be freely alienable like a tenancy in common? | 022649.docx | LEGALEASE-00159942-LEGALEASE-00159943 |
| Disc. Tire Co. of Washington v. State, Dep't of Revenue, 121 Wash. App. 513 | 371+3672 | Tires which were returned to tire retailer, pursuant to optional, extended warranty that was sold separately to customers, were "damaged" or "defective" within meaning of administrative rule entitling retailer to tax credit for refunded sales tax, and thus tire retailer was entitled to credit for sales tax remitted on sales of replacement tires, as original tires had previously been taxed. West's RCWA 82.32.300; WAC 458-20-108. | "Is an item of tangible property subject to both, use tax and sales tax?" | Taxation - Memo 1073 - C - SJ.docx | LEGALEASE-00050078-LEGALEASE-00050079 |
| People v. Etkin, 277 A.D.2d 599 | 63+16 | Trial court did not abuse its discretion in imposing some jail time for defendant who pled guilty to one count of bribing a witness, where there were no extraordinary circumstances that warranted a reduction of his sentence. | Can a defendant waive his or her right to appeal the severity of a sentence? | Bribery - Memo 1052 - C - ML_65542.docx | ROSS-003283890 |
| Ribaudo v. La Salle Inst., 45 A.D.3d 556 | 315T+127 | Basketball player assumed the risk of injury from running into concrete wall while playing basketball in private high school's gymnasium, where risk of colliding with the wall was inherent in the sport, condition of the wall was open and obvious, and there was no evidence that school's failure to pad the wall created a risk beyond those inherent in the sport, or that position of the wall or lack of padding violated any applicable standards relating to basketball courts. | Can a school be liable as a passive abuser? | 017243.docx | LEGALEASE-00161084-LEGALEASE-00161085 |
| Woods v. West, 37 S.W.2d 129 | 322H+1009 | General rule is vendor of land has lien to secure purchase money. | Is the homestead right subordinate to a vendors lien? | Exchange of Property - Memo 89 - RK_66315.docx | ROSS-003323969-ROSS-003323970 |
| Howle v. Aqua Illinois, 2012 IL App (4th) 120207 | 307A+622 | A claim concerning the negation of a plaintiff's pleadings, such as a defendant's assertion of "not true" to a pleading, is appropriately resolved either at trial or in a fact-based motion, such as a motion for summary judgment, not in a motion to dismiss based on defects or defenses. S.H.A. 735 ILCS 5/2-619(a)(9), 5/2-1005. | "Do pleadings present, define, and narrow the issues and limit the proof to be submitted at trial?" | Pleading - Memo 606 - RMM_65791.docx | ROSS-003280030-ROSS-003280031 |
| Corliss v. Bowers, 281 U.S. 376 | 220+4027 | Income from revocable trust may constitutionally be taxed to grantor, though actually paid to beneficiary (Revenue Act 1924, ss 219(g)(h), 26 USCA s 960 note). | What is taxation concerned with? | Taxation - Memo 1139 - C - JL_65653.docx | ROSS-003293231-ROSS-003293232 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mayes v. Chrysler Credit Corp., 37 F.3d 9 | 195+78(1) | Although lender's insistence that corporate president's spouse also sign guaranty of corporate indebtedness, as prerequisite to lender's approval of corporate loan, may have violated the Equal Credit Opportunity Act (ECOA) and permitted president to bring suit under the ECOA if his spouse had not signed guaranty and if loan was not approved, lender's conduct did not permit president's spouse, having executed guaranty, to raise lender's alleged violation of policies embodied in the ECOA as defense to suit on guaranty; as to president's spouse, lender's conduct did not violate any policy embodied in the ECOA at time guaranty was signed and loan proceeds were advanced. Consumer Credit Protection Act, S 701(a)(1), as amended, 15 U.S.C.A. S 1691(a)(1). | Is a guarantor also an applicant? | 013845.docx | LEGALEASE-00162604-LEGALEASE-00162605 |
| City of N. Little Rock v. Graham, 278 Ark. 547 | 371+2002 | Where contested charge was not for specific, special service, but means of raising revenue to pay additional money for services already in effect, charge was "tax" and not "fee." Ark.Stats. SS 17-2002, 19-4514(e)(1). | What are municipal taxes? | Taxation - Memo 1014 - C - JL_66472.docx | ROSS-003293220 |
| State ex rel. Davis v. Rogers, 79 Mo. 283 | 371+2064 | Under Rev. St. U. S. S 3701, 31 U.S.C.A. S 742, declaring that all stocks, bonds, treasury notes, and other obligations of the United States shall be exempt from taxation by state or municipal authority, the capital of a private bank consisting of United States bonds is not subject to taxation by the state. | Is it legal to tax on government stock? | 046376.docx | LEGALEASE-00162079-LEGALEASE-00162080 |
| Pugh v. Cameron's Adm'r, 11 W. Va. 523 | 398+2(1) | When the defense of usury is not available to the principal, it cannot be to the surety; and where a bill made by the principal in Ohio, and taken to Virginia and there signed by the surety, was usurious by the law of Virginia, but valid in Ohio, the surety cannot defend by recourse to the law of Virginia. | Is a note made in a particular country deemed a note governed by the law of that country? | Bills and Notes - Memo 1315 - RK_66220.docx | ROSS-003292484-ROSS-003292485 |
| Hai Yang Liu v. 88 Harborview Realty, 5 F. Supp. 3d 443 | 118A+275 | Complaint of member of limited liability company (LLC) against LLC and other individuals, alleging claims under New York law concerning disputed real estate transactions and investments in New York City and seeking a declaratory judgment that he was a member of LLC, failed to properly allege jurisdiction based on diversity of citizenship; member's allegation that he was a resident of South Carolina was contradicted by LLC's membership list and Internal Revenue Service (IRS) 1065 forms, which implied that member maintained a residence in New York, and member included 20 Doe defendants, all of whom allegedly were members of the LLC and resided in New York, although LLC's membership list showed 26 members, some of whom resided in Connecticut, Kentucky, and Minnesota. 28 U.S.C.A. S 1332. | "Is residence not the equivalent of domicile, although it is prima facie evidence of domicile?" | Domicile - Memo 44 - C - AB_67123.docx | ROSS-003295980-ROSS-003295981 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Rader v. Pataskala, 2016-Ohio-1215, 61 N.E.3d 618 | 316P+155 | Former city employee's retirement was voluntary, rather than involuntary, and thus could operate as waiver of right to challenge city's disciplinary proceedings in which he was demoted by appeal to Personnel Board of Review; former employee's only alternative was not reduction in work, as he had the alternatives of retiring, continuing to work in demoted position, or following disciplinary process through to its own conclusion, and in midst of conversations regarding scheduling of appeal to Board and possible settlement, former employee submitted his notice of retirement to the surprise of his own counsel. | Does waiver apply generally to all personal rights and privileges? | Estoppel - Memo 296 - C - CSS_66649.docx | ROSS-003285191-ROSS-003285192 |
| Bull v. Sykes, 7 Wis. 449 | 266+952 | Where a vendee of land, who has paid part of the purchase money and made improvements, mortgages his interest, and subsequently assigns his rights under the contract to one having notice, the title of the purchaser, if completed by the assignee, inures to the benefit of the mortgagee. | Can franchises be mortgaged? | 018589.docx | LEGALEASE-00163009-LEGALEASE-00163010 |
| Vorbeck v. Betancourt, 107 So. 3d 1142 | 30+199 | Siblings who owned 50 percent interests in two companies failed to preserve for appellate review the argument that dismissal of their pure bill of discovery, which sought to compel defendant owner of remaining 50 percent interests to produce companies' business records, should not have been with prejudice, where siblings did not seek leave to amend complaint at any point during the litigation before trial court, failed to contemporaneously object when trial court orally pronounced that it was going to grant motion to dismiss with prejudice, and did not file a motion for rehearing to amend after order of dismissal was entered. | "Where a party can be able to allege additional facts to support its cause of action or to support another cause of action based on a different legal theory, is dismissal with prejudice an abuse of discretion?" | 040794.docx | LEGALEASE-00163845-LEGALEASE-00163846 |
| Sanchez v. Martin, 378 S.W.3d 581 | 198H+804 | A claimant cannot avoid the medical expert report requirements by recasting a health care liability claim as a different cause of action; that is, courts look to the underlying nature of the claims and allegations, and not to the labels used by the claimant, to determine whether the medical expert report requirement applies. V.T.C.A., Civil Practice & Remedies Code S 74.101. | Can new claims added after the filing of a summary judgment motion properly be dismissed if the motion is not amended to encompass the new claims? | 040802.docx | LEGALEASE-00164136-LEGALEASE-00164137 |
| Colvin v. Bowen, 399 N.E.2d 835 | 92+4837 | Inmate had no right to procedural due process over decision as to whether he would be granted clemency. IC 11-7-4-1 et seq. (1976 Ed.); U.S.C.A.Const. Amend. 14. | Is clemency a matter of right? | Pardon and Parole - Memo 5 - RK.docx | LEGALEASE-00054462-LEGALEASE-00054463 |
| Geckles v. State, 177 Ga. App. 70 | 110+1037.1(2) | Nothing in State's closing argument to jury amounted to improper comment on defendant's right not to incriminate himself, and in any event, defendant's failure to raise any objection in that regard at trial presented no grounds for reversal on appeal. U.S.C.A. Const.Amend. 5. | "Can a defendant be placed in jeopardy when he has been arraigned, has pled, and a jury has been impaneled and sworn?" | Double Jeopardy - Memo 1020 - C - KG_67735.docx | ROSS-003283364-ROSS-003283365 |
| United States v. Bushay, 34 F. Supp. 3d 1260 | 180+95 | An owner's legal interest in property does not evaporate upon entering into a lease with a defendant whose offense conduct gives rise to criminal forfeiture; so lessors have statutory standing to pursue the return of their property in an ancillary proceeding. Comprehensive Crime Control Act of 1984, S 303(n), 21 U.S.C.A. S 853(n). | Do the specific facts of a transaction determine whether a security interest or a lease is created? | 042871.docx | LEGALEASE-00165690-LEGALEASE-00165691 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nat. Gas Pipeline Co. of Am. v. 3.39 Acres of Land, More or Less, in Cameron Par., Louisiana, 2009 WL 2135151 | 25T+114 | Natural gas company was entitled to compel arbitration against a second gas company seeking a right of way through a leasehold estate held by the original gas company. The two companies were parties to an interconnect agreement that required the companies to design and construct an interconnection in a location the was mutually agreeable to both and to resolve any disputes through arbitration. The contract, which involved interstate commerce, was within the ambit of the FAA and thus the court was able to compel arbitration. Natural Gas Act, S 1, 15 U.S.C.A. S 717; 9 U.S.C.A. S 2. | Can the right to arbitrate be waived? | 09375.docx | LEGALEASE-00096304-LEGALEASE-00096305 |
| State v. Champoux, 252 Neb. 769 | 92+3902 | In cases involving due process challenges under state Constitution, when fundamental right or suspect classification is not involved in legislation, legislative act is a valid exercise of police power if act is rationally related to legitimate state interest. Const. Art. 1, S 3. | Is the right to full and free use and enjoyment of one's property a privilege protected by law? | 003034.docx | LEGALEASE-00116087-LEGALEASE-00116088 |
| Prichard Bros. v. Grady Co., 436 N.W.2d 460 | 388+352.16 | In action brought by construction contractor against architect for damages arising out of delays in completion of school construction project, trial court's jury instructions and special verdict questions improperly commingled concepts of negligence and bad faith, as bad faith is not equivalent to negligence and requires finding of fraudulent intent. | Is bad faith equivalent to negligence? | 004809.docx | LEGALEASE-00116835-LEGALEASE-00116836 |
| Van Staphorst v. Pearce, 4 Mass. 258 | 108H+854 | An acceptor of a bill of exchange cannot set up, as a defense to the indorsee, that he has been intrusted by the creditors of the indorser through whom as factor, the plaintiff derives his title. | Should every indorsement of a bill be considered as a new bill? | 009028.docx | LEGALEASE-00126875-LEGALEASE-00126876 |
| People v. Brooks, 396 P.3d 480 | 2.31E+22 | If believed by the fact finder, defendant's honest and reasonable, albeit mistaken, belief in the victim's consent is a complete defense to a charge of kidnapping or rape. Cal. Penal Code S 207. | Is consent a defense to kidnapping? | 020993.docx | LEGALEASE-00130731-LEGALEASE-00130732 |
| McLaughlin v. Bailey, 240 N.C. App. 159 | 106+97(1) | Although the Court of Appeals is not bound by federal case law, the Court may find the analysis and holdings of federal case law persuasive. | Can deputy clerks be fired for political reasons? | 013398.docx | LEGALEASE-00131239-LEGALEASE-00131241 |
| Adams v. Adams, 166 So.3d 1066 | 289+811 | Where a sale is to one partner, on dissolution of the firm, for a valuable consideration, he to continue the business exclusively, he may use the firm name. | Is good will a part of firms assets? | 022157.docx | LEGALEASE-00133559-LEGALEASE-00133560 |
| Superadio Ltd. Pship v. Winstar Radio Prods., 446 Mass. 330 | 25T+314 | Arbitration may not award relief of a nature which offends public policy or which directs or requires a result contrary to express statutory provisions or otherwise transcends the limits of the contract of which the agreement to arbitrate is but a part. | "Do justices of the peace have power to punish, by fine or imprisonment, disorderly conduct interrupting judicial proceedings before them ?" | 028875.docx | LEGALEASE-00134029-LEGALEASE-00134030 |
| People v. Holmes, 711 N.E.2d 965 | 110+371.47 | In prosecution for receiving bribe in first degree, three uncharged instances of bribe receiving occurring within six months of charged crime were admissible for purpose of showing defendants' intent; they were admissible in People's direct case where defense counsel in his opening let it be known that defense would contest issue of intent. | When is the crime of bribe receiving committed? | 012268.docx | LEGALEASE-00145150-LEGALEASE-00145151 |
| Isaacson v. Wirklan, 245 Or. 612 | 48A+171(8) | Privilege of having right-of-way at uncontrolled intersection is not absolute, and one having the privilege continues to have a duty to exercise due care. | Is the privilege of the right of way an absolute privilege? | 018999.docx | LEGALEASE-00148656-LEGALEASE-00148657 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hempstead v. Easton, 33 Mo. 142 | 156+26 | Estoppels by deed must be mutual and bind both parties or neither. | Is mutuality a necessary ingredient of an estoppel? | Estoppel - Memo #33 - C - CSS_59022.docx | ROSS-003279364 |
| Wise v. Fuller, 29 N.J. Eq. 257 | 184+23 | A vendor's statement to the vendee that he is receiving a greater rent than that in fact reserved, or that the income from the property is greater than the true income, constitutes an actionable false representation, because of its being a statement of a matter peculiarly within the vendor's knowledge. | Is a purchaser entitled to relief against a vendor for a false affirmation of value for estate? | Exchange Of Property - Memo 42 - KK_59101.docx | ROSS-003307126-ROSS-003307127 |
| Bell v. Norwood, 7 La. 95 | 157+441(11) | Parol evidence cannot be received of a promise to pay interest on a note which bears none. | Is re-possession of a bill or note considered as evidence of title? | Bills and Notes - Memo 849 - RK_61294.docx | ROSS-003292921-ROSS-003292922 |
| Mayes v. Chrysler Credit Corp., 37 F.3d 9 | 172H+1451 | Section of Equal Credit Opportunity Act (ECOA), prohibiting any creditor from discriminating against loan applicant on basis of sex or marital status, was initially designed, at least in part, to curtail practice among creditors of refusing to grant wife's credit application without guaranty from her husband. Consumer Credit Protection Act, S 701(a)(1), as amended, 15 U.S.C.A. S 1691(a)(1). | Is a guarantor also an applicant? | Consumer Credit - Memo 231 - RK_66300.docx | ROSS-003283238-ROSS-003283239 |
| Fishman v. Murphy ex rel. Estate of Urban, 433 Md. 534 | 266+1749 | A "bona fide purchaser," or innocent purchaser, entitled to bring a foreclosure action, exists when a party acquires property for valuable consideration, in good faith, and without notice of another's prior claim to the property. | "Does legal subrogation apply to cases where a third party, to protect its own interests, pays the debt of another?" | Subrogation - Memo 137 - VP C.docx | ROSS-003284665-ROSS-003284666 |
| Adams v. Adams, 166 So.3d 1066 | 289+811 | Where a sale is to one partner, on dissolution of the firm, for a valuable consideration, he to continue the business exclusively, he may use the firm name. | Is good will a part of firm's assets? | Partnership - Memo 296 - RK.docx | ROSS-003291629-ROSS-003291630 |
| Adolph Ramish v. Woodruff, 2 Cal. 2d 190 | 83E+525 | Finding that note had been indorsed in blank so as to cut off defenses of maker against original payee held warranted, though indorsement recited that indorser guaranteed payment. | What is referred by an indorsement with an enlarged liablity? | Bills and Notes-Memo 976-IS_58952.docx | ROSS-003294057-ROSS-003294058 |
| Borre v. United States, 940 F.2d 215 | 306+35(9) | Under Illinois law, village had a property interest in cable television franchise and that property interest could be the subject of a mail fraud offense. 18 U.S.C.A. S 1341. | Is franchise distinct from licence? | Franchise - Memo 25 - KNR_65664.docx | ROSS-003296196-ROSS-003296198 |
| In re Clean Burn Fuels, 492 B.R. 445 | 349A+117 | Language in contract between Chapter 7 debtor and party that had agreed to provide it with all of the corn that it needed for use in production of ethanol, to effect that party would retain title to corn even after it had been delivered to debtor's plant, until corn was transported from storage bins at debtor's facility and passed over weight belt to building where ethanol was produced, whereupon debtor would become liable for payment based upon weight of corn utilized in ethanol production process, was ineffective under North Carolina law to prevent title to corn from passing to debtor once "delivery," as defined by parties' contract to occur upon unloading of corn at debtor's plant, had taken place; though parties may have contemplated that seller would retain title until corn was actually introduced into ethanol production process and debtor became liable for payment, this contract language reserved for seller only a security interest in corn after it was delivered, such that corn became "property of the estate" upon debtor's bankruptcy filing. 11 U.S.C.A. S 541(a)(1). | Does an agency relationship need to be express? | Principal and Agent - Memo 421 - RK_63541.docx | ROSS-003296343-ROSS-003296344 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pauly v. U.S. Dep't of Agri., 348 F.3d 1143 | 23+3.5(1) | Since district court's partial remand to United States Department of Agriculture (USDA) was extremely narrow and merely required a mechanical recalculation of recapture amount under current agency regulations, order affirming USDA's determination that appreciation in the value of farm was due under farmers' shared appreciation agreement (SAA) with USDA was final for appeal purposes. 28 U.S.C.A. S 1291; Agricultural Credit Act of 1961, S 353, 7 U.S.C.A. S 2001. | When is an agency's interpretation of its own regulation not entitled to deference? | Agriculture - Memo 14-SB.docx | ROSS-003298440-ROSS-003298441 |
| Cmty. Tr. Bank of Mississippi v. First Nat. Bank of Clarksdale, 150 So. 3d 683 | 366+31(4) | To allow secondary lien holder subrogation over primary lien holder would be inequitable, regardless of whether secondary lien holder had actual knowledge of primary lien holder's lien; secondary lien holder was on constructive notice of the lien by virtue of its having been recorded in the office of the chancery clerk, allowing secondary lien holder to subrogate itself to the primary lien holder position would result in prejudice to primary lien holder not only by the amount of the new loan it would be placed behind, but also by the fact that loan involved two completely unknown and unanticipated parties, and secondary lien holder could file a claim against the title insurance company that insured against the risk of an intervening lien and negligently failed to inform anyone about it. West's A.M.C. S 89-5-7. | Is the determination of whether equitable subrogation applies done on a case-by-case basis? | Subrogation - Memo 52 - RM C.docx | ROSS-003299263-ROSS-003299264 |
| State Auto Ins. Companies v. Whirlpool Corp., 62 F. Supp. 3d 857 | 170A+222 | Insured, who lived within the Western District of Wisconsin and thus could not be added as an involuntary plaintiff in subrogation action brought by insurance company seeking to recover payments made to insureds for property damage caused by an alleged defect in a valve installed in manufacturer's dishwashers and washing machines, was not a required party, and therefore, would be dropped from the action; insurance company asserted that it paid insured's loss in full without requiring him to pay his $2,500 deductible, and company had not pursued insured for his deductible. Fed.Rules Civ.Proc.Rules 19, 21, 28 U.S.C.A. | What does equitable subrogation rest upon? | Subrogation - Memo 171 - ANG C.docx | ROSS-003309894-ROSS-003309896 |
| Forsman v. United Fin. Cas. Co., 966 F. Supp. 2d 1091 | 217+3514(2) | Duplicate recovery clause in automobile insurance policies did not amount to de facto subrogation in violation of Montana's public policy against subrogation before the insured had been made whole; rather, the duplicate recovery clause was a valid double-recovery exclusion of optional collision coverage under the policy, it did not give insurer authority to substitute itself for insureds, and insureds received coverage for premiums they had paid. MCA 61-6-103. | Is subrogation the substitution of one party for another whose debt the party pays? | Subrogation - Memo # 544 - C - SU.docx | ROSS-003322438-ROSS-003322439 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re First Transit Inc., 499 S.W.3d 584 | 307A+434 | Trial court failed to consider imposing lesser discovery sanctions, as required before it could impose "death penalty sanction" of excluding all expert's testimony, based on bus company and driver's violation of court order by producing expert's documents regarding simulation of automobile collision only two days before deposition and less than 30 days before wrongful death trial, even though court warned that all of expert's testimony would be excluded if order was violated. Tex. R. Civ. P. 215.2, 215.3. | "Could a sanction be imposed for the failure to submit a trial memorandum?" | Pretrial Procedure - Memo # 478 - C - LK.docx | ROSS-003328825-ROSS-003328826 |
| Nationwide Mut. Ins. Co. v. First State Ins. Co., 213 F. Supp. 2d 10 | 25T+363(10) | Correction of arbitration award was required to conform amount in written award with award as orally stated by arbitrators at conclusion of hearing, where amount of written award clearly represented both amount owing and interest at rate requested by party, but rejected by panel. | Why do parties prefer to arbitrate? | 06325.docx | LEGALEASE-00078387-LEGALEASE-00078389 |
| Franklin Iron & Metal Corp. v. Ohio Petroleum Underground Storage Tank Release Comp. Bd., 117 Ohio App. 3d 509 | 15A+2212 | Regulation that impermissibly adds to or subtracts from statute is one means of creating clear conflict with statute rendering regulation invalid, and another would be regulation that intends to clarify but is not reasonable or supportable interpretation of statute. R.C. S 3737.91(D)(1); Ohio Admin. Code S 3737-1-04(E)(1, 3). | Is an unambiguous statute subject to judicial modification? | 004037.docx | LEGALEASE-00116362-LEGALEASE-00116363 |
| State v. Johnson, 115 N.J. Super. 6 | 360+21(2) | Constitutionally protected right of property is not unlimited and is subject to reasonable restraints and regulations in public interest by means of legitimate exercise of police power. M.R.S.A.Const. art. 1, SS 6, 21. | Should the protection of the environment be borne by the public? | 005273.docx | LEGALEASE-00116309-LEGALEASE-00116310 |
| City Nat'l Bank v. City of Beckley, 213 W. Va. 202 | 371+2027 | In the construction of tax laws, courts still must apply general rules of statutory construction with a view toward upholding the legislative intent; strict construction should not be used to defeat tax legislation that is reasonably clear in its meaning. | What are the chief functions of a bank as identified under the law? | Banks and banking - Memo 21 - JS.docx | ROSS-003284713-ROSS-003284714 |
| State v. Swayze, 30 La. Ann. 1323 | 203+909 | The jury fare to infer malice only from the surrounding circumstances. It is not an implication of law from the act of killing. | Will homicide always be a criminal act? | Homicide - Memo 5-JS.docx | ROSS-003284425-ROSS-003284426 |
| Com. v. Leone, 286 Va. 147 | 92+2355 | The General Assembly has the power under the Virginia Constitution to determine the jurisdiction of the courts of the Commonwealth. West's V.C.A.Const. Art. 6, S 1. | Are territorial jurisdiction and venue synonymous? | 005171.docx | LEGALEASE-00117258-LEGALEASE-00117259 |
| Rockwell Int'l Corp. v. Wilhite, 143 S.W.3d 604 | 386+2 | Recovery is allowed for trespass in either of three instances: (1) the defendant was engaged in an extra-hazardous activity, (2) the defendant committed an intentional trespass or (3) the defendant committed a negligent trespass. | When does the law allow for recovery under trespass? | Trespass - Memo 43 - RK.docx | ROSS-003287695-ROSS-003287696 |
| Litz v. Maryland Dep't of Env't, 446 Md. 254 | 268+741.25 | Tort of trespass is subject to the notice of claim requirement of the Local Government Tort Claims Act. West's Ann.Md.Code, Courts and Judicial Proceedings, S 5-304(d). | What is a trespass? | 000766.docx | LEGALEASE-00117503-LEGALEASE-00117504 |
| Com. v. Ramsey, 76 Mass. App. Ct. 844 | 110+1169.1(10) | The trial court committed prejudicial error when it admitted into evidence the victim's hospital records from her hospitalization following an alleged suicide attempt, in prosecution for incest; the records contained multiple repetitions by hospital staff of the allegations of abuse, and the central determination before the jury was the credibility of the victim. | Is incest limited to penile-vaginal penetration? | Incest - Memo 57 - RK.docx | ROSS-003285930-ROSS-003285931 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tincher v. Omega Flex, 628 Pa. 296 | 30+3348 | On appeal, Supreme Court examines jury instructions to determine whether the trial court abused its discretion or offered an inaccurate statement of law controlling the outcome of the case. | How do causes of action at common law evolve? | Action - Memo 31 - ANG.docx | ROSS-003325243-ROSS-003325245 |
| Dantzler Lumber & Exp. Co. v. Columbia Cas. Co., 115 Fla. 541 | 217+3517 | If public accountants engaged to audit employer's books negligently failed to discover employee's embezzlements, beginning in 1927, until 1931, surety on fidelity bond during such time would, upon payment of bond liability, be subrogated pro tanto to employer's rights against accountants. | "Will the remedy of equitable subrogation be applied in all cases where demanded by the dictates of equity, good conscience, and public policy?" | 002618.docx | LEGALEASE-00120112-LEGALEASE-00120114 |
| Vogt v. Schroeder, 129 Wis. 2d 3 | 217+3523(4) | Where insurance contract provided for subrogation only if underinsurer first made payment to its insured, insured could not accept settlement offered by tort-feasor's insurer without precluding underinsurer's subrogation rights against tort-feasor. | "Because equity does not lend itself to the application of black letter rules, does subrogation depend upon a just resolution of a dispute under a particular set of facts?" | 044140.docx | LEGALEASE-00121788-LEGALEASE-00121789 |
| United States v. Riverside Bayview Homes, 474 U.S. 121 | 1.49E+122 | Corps of Engineers may transfer to the states the authority to issue permits to discharge dredged or fill material into navigable waters if the states have devised federally approved permit program; absent such an approved program, the Corps retains jurisdiction to issue such permits for all waters of United States. Federal Water Pollution Control Act Amendments of 1972 (Clean Water Act), SS 301, 404, 502, as amended, 33 U.S.C.A. SS 1311, 1344, 1362. | Can the mere assertion of jurisdiction by an agency and the issuing of proposed regulations effect a taking? | 017485.docx | LEGALEASE-00123147-LEGALEASE-00123148 |
| State ex rel. KCP & L Greater Missouri Operations Co. v. Missouri Pub. Serv. Comm'n, 408 S.W.3d 153 | 30+3015 | A threshold question in any appellate review of a controversy is the mootness of the controversy. | Are tariffs generally considered moot if they are superseded by subsequent tariffs that are filed and approved? | Public Utilities - Memo 133 - AM.docx | ROSS-003284621-ROSS-003284623 |
| Jones v. Nationwide Prop. & Cas. Ins. Co., 613 Pa. 219 | 30+3691 | Issue of whether the pro rata reimbursement of an insured's deductible from the insurer's subrogation recovery in a collision coverage case violated the common law made whole doctrine presented a question of law subject to plenary review. | Does subrogation place the ultimate burden of a debt upon the party primarily responsible for the loss? | Subrogation - Memo 988 - C- CAT.docx | ROSS-003326084-ROSS-003326085 |
| Holmquist v. New England Tel. & Tel. Co., 637 A.2d 852 | 372+971 | Record on appeal from order of Public Utilities Commission dismissing complaint of independent telephone company against carrier disclosed that Commission had promptly and seriously considered consumer complaints as required by previous decision. 35-A M.R.S.A. S 702, subd. 1. | Is unjust discrimination by utilities allowed? | 042336.docx | LEGALEASE-00125720-LEGALEASE-00125722 |
| In re Lewis' Estate, 37 Pa. D. & C. 463 | 51+3376(3) | Arizona law imposes upon business partners a fiduciary duty within meaning of the discharge exception for debt for fraud or defalcation while acting in fiduciary capacity. Bankr.Code, 11 U.S.C.A. S 523(a)(4). | Is surety subrogated to the rights and remedies of the creditor against the principal? | Subrogation - Memo # 654 - C - SA.docx | ROSS-003285431-ROSS-003285432 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Davis' Estate, 5 Whart. 530 | 289+956 | After the dissolution of a partnership by agreement, the partner who is authorized to settle the estate may borrow money on the credit of the firm for the purpose of paying the debts of the firm; and if the credit is given in good faith, though with a knowledge of the dissolution, and the money is faithfully applied to the liquidation of the joint debts, the creditor has a claim against the firm, and is not to be considered as a creditor merely of the partner borrowing. | Can a partnership come to an end by an act of god? | Partnership - Memo 189 - RK.docx | ROSS-003299611-ROSS-003299613 |
| Arizona Corp. Comm'n v. Reliable Transp. Co., 86 Ariz. 363 | 48A+84 | On appeal from Superior Court judgment vacating commission orders granting contract motor carrier permits, Supreme Court's scope of review was not same as that of court below, and test in Supreme Court was whether there was substantial evidence to support finding of Superior Court that order of commission was unlawful. A.R.S.Const. art. 15, S 17; A.R.S. S 40-254. | Is the doctrine of regulated monopoly the basic law of the state? | 042456.docx | LEGALEASE-00127528-LEGALEASE-00127529 |
| Smith v. Rohrbaugh, 2012 PA Super 208 | 115+64 | Statutory provision that precluded the recovery of uninsured motorist (UM) benefits in a damages action against a tortfeasor was not designed or intended to require the offset of underinsured motorist (UIM) benefits from a damages award, and thus, trial court was precluded from molding jury verdict in favor of driver injured in rear-end collision to 0 on the basis driver had received $75,000 in UIM benefits; overruling Pusl v. Means, 982 A.2d 550. 75 Pa.C.S.A. S 1722. | Can subrogation be a matter of contract in adversarial actions? | 043557.docx | LEGALEASE-00127810-LEGALEASE-00127811 |
| Garcia v. Munnerlyn, 191 Misc. 2d 689 | 115+206(5) | Compliance conference order in personal injury case, requiring defendants to designate a doctor to conduct independent medical examination (IME) within ten days, was proper, although such time period was minimum required by law. | What is the useful function of a preliminary conference? | 026619.docx | LEGALEASE-00130097-LEGALEASE-00130098 |
| Com. ex rel. Dep't of Justice v. A. Overholt & Co., 331 Pa. 182 | 23H+487 | The liquor floor tax law imposing tax of $2 per gallon regardless of value of liquor, on spirituous and vinous liquors stored in commonwealth between effective date of law and date of ratification of Twenty-First Amendment to Federal Constitution by three-fourths of the states violated provision of State Constitution requiring uniformity in taxes and the due process and equal protection provisions of Federal Constitution. 47 P.S. S 780 et seq.; P.S.Const. art. 9, S 1; U.S.C.A.Const. Amend. 14, S 1. | What are the types of taxes? | 045428.docx | LEGALEASE-00130681-LEGALEASE-00130682 |
| Com. ex rel. Dep't of Justice v. A. Overholt & Co., 331 Pa. 182 | 23H+487 | The liquor floor tax law imposing tax of $2 per gallon regardless of value of liquor, on spirituous and vinous liquors stored in commonwealth between effective date of law and date of ratification of Twenty-First Amendment to Federal Constitution by three-fourths of the states violated provision of State Constitution requiring uniformity in taxes and the due process and equal protection provisions of Federal Constitution. 47 P.S. S 780 et seq.; P.S.Const. art. 9, S 1; U.S.C.A.Const. Amend. 14, S 1. | What is a specific tax? | 045441.docx | LEGALEASE-00130683-LEGALEASE-00130684 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Vertrees, 169 Cal. 404 | 67+36 | In a prosecution against V. for burglary with intent to steal papers used in proceedings before the grand jury, leading up to an indictment against K., evidence that defendant showed witnesses a check drawn by K. in favor of V. is not admissible. | Is time a material ingredient of burglary? | Burglary - Memo 71 - RK.docx | ROSS-003287453-ROSS-003287454 |
| Klingensmith v. James B. Clow& Sons, 273 Mich. 48 | 101+2928 | Receiver of debtor corporation appointed on application of creditor to whom renewal notes were executed subsequent to giving of unfiled chattel mortgage to another creditor held entitled to recover value of mortgaged property from such mortgagee, since receiver was representing "subsequent creditor". Comp.Laws 1929, S 15353. | Is a note evidence of the debt or liability? | 009475.docx | LEGALEASE-00134414-LEGALEASE-00134415 |
| State v. Leshore, 358 P.3d 878 | 110+2139 | Prosecutor's statement during closing argument, stating that it was defendant's intention all along to get the $480 that she was not legally entitled to get without her husband's permission, or without her husband's signature on the check, did not constitute prosecutorial misconduct in forgery case; prosecutor was discussing the claims the State had to prove, including intent to defraud, and prosecutor was not asserting a personal opinion about defendant's guilt. | What is the culpable mental state for aggravated burglary? | Burglary - Memo 95 - MS.docx | ROSS-003305060-ROSS-003305062 |
| Pepper v. Triplet,864 So.2d 181 | 28+66.5(1) | Neighbor failed to show that dog owner failed to exercise reasonable care in trying to prevent any damages to his neighbors that might be caused by his dog, and therefore, neighbor failed to establish that owner was negligent for injuries he sustained when the dog attacked him in the owner's yard; neighbor's behavior in entering owner's fenced yard without permission amounted to a trespass, neighbor knew dog was present in the yard and was territorial, and owner had discussed with neighbor's mother an earlier incident in which a child had been bitten by the dog. | Who is defined as a trespasser? | 047385.docx | LEGALEASE-00134783-LEGALEASE-00134784 |
| United States v. Gjieli, 717 F.2d 968 | 63+1(1) | Definitional section of statute governing offense of bribery of public official imposes no requirement that a bribed "employee" be acting in any official function before public official requirement may be satisfied; rather, the phrase "any official function" was intended to modify only "person acting for or on behalf of the United States," and not officer or employee. 18 U.S.C.A. SS 201, 201(a). | "For a charge of bribery, is the successful attempt or what the officer did in attempting to perform his side of the bargain immaterial?" | Bribery - Memo #421 - C-EB.docx | ROSS-003290379-ROSS-003290380 |
| Pjetrovic v. Home Depot, 411 S.W.3d 639 | 30+3239 | The ruling on a motion for continuance is reviewed for a clear abuse of discretion. | "When the ground specified in a motion for a continuance is the withdrawal of counsel, must movants show that the failure to be represented at trial was not due to their own fault or negligence?" | 029443.docx | LEGALEASE-00136412-LEGALEASE-00136413 |
| First Nat. Bank of Sioux City, Iowa, v. John Morrell & Co., 53 S.D. 496 | 83E+428 | Indorsement "for deposit only" is "restrictive," and vests title in indorsee merely as trustee (Rev. Code 1919, S 1740). | Whether an indorsement for deposit only is restrictive in nature? | Bills and Notes - Memo 223 - IS.docx | LEGALEASE-00027950-LEGALEASE-00027951 |
| Sauls v. Leath, 213 Ala. 664 | 302+9 | Allegations held proper conclusions from facts previously alleged. | When is it necessary for the pleader to draw conclusions? | Pleading - Memo 364 - RMM.docx | LEGALEASE-00028193-LEGALEASE-00028194 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ex parte M & F Bank, 58 So. 3d 111 | 30+3396 | The Supreme Court reviews a trial court's discovery orders only in certain exceptional cases, one of which is when a privilege is disregarded. | Does the law place a complete bar on the discovery of evidence concerning negotiations and settlements? | Pretrial Procedure - Memo # 4840 - C - SS.docx | ROSS-003290812-ROSS-003290813 |
| Cochran v. United States, 19 Cl. Ct. 455 | 170B+3092 | Federal law governed dispute between Indian mineral interest owners and United States Government over owners' entitlement to compensation for removal of gravel from property. | What is the test of minerality? | 021175.docx | LEGALEASE-00139335-LEGALEASE-00139337 |
| State Oil & Gas Bd. v. Mississippi Mineral & Royalty Owners Ass'n, 258 So. 2d 767 | 260+92.52 | Orders of state oil and gas board amending its statewide rules to widen and increase spacing pattern for oil and gas wells drilled below 12,000 feet and in Pennsylvanian and older formations below a measured depth of 3,500 feet, to a drilling unit of 80 acres for an oil well and a drilling unit of 640 acres for a gas well were not arbitrary or capricious and were not beyond board's power. Code 1942, SS 6132-01, 6132-10. | "Is it more important to secure each lessor, lessee, and owner of minerals rights in a field, his ratable share of the production therefrom and to prevent underground waste, than it is to secure to some, the maximum profits from drilling and producing operations?" | 021648.docx | LEGALEASE-00139363-LEGALEASE-00139364 |
| Fuentes v. United States, 107 Fed. Cl. 348 | 34+5(8) | Even if the merits of a military decision are committed wholly to the discretion of the military, a court still may address a challenge to the particular procedure followed in rendering a military decision. | Is the discretion of the Secretary of Army limited by the Armys regulations even though he has broad discretion to release officers from active duty? | 008572.docx | LEGALEASE-00140129-LEGALEASE-00140130 |
| Bank of Am., N.A. v. Ash, 2015 OK CIV APP 69 | 266+1138 | The question of whether the giving of a new note and mortgage satisfies the first note and mortgage on the same property is a question of fact concerning the parties' intent at the time the subsequent note and mortgage were executed. | What does renewal require? | 009544.docx | LEGALEASE-00140690-LEGALEASE-00140691 |
| Boyd v. Corbitt, 37 Mich. 52 | 83E+731(4) | An indorsee of a note for purposes of collection merely can maintain an action on the note in his own name. | Whether a guaranty of collection indorsed by the payee passes title? | 010290.docx | LEGALEASE-00139865-LEGALEASE-00139866 |
| Mull v. Motion Picture Indus. Health Plan, 937 F. Supp. 2d 1161 | 231H+461 | The plan administrator is not determined under ERISA by the actions or responsibilities of a particular party, but by the language in the coverage documents. Employee Retirement Income Security Act of 1974, S 3(16)(A), 29 U.S.C.A. S 1002(16)(A). | Can requests for damages or attorney fees and costs be asserted as independent causes of action? | 005652.docx | LEGALEASE-00141008-LEGALEASE-00141009 |
| United States v. Myers, 692 F.2d 823 | 110+1030(3) | Defendant who fails to assert entrapment as a factual defense at his trial cannot assert it as a legal defense to his conviction. | Is defendants playacting a defense to bribery? | 011980.docx | LEGALEASE-00140849-LEGALEASE-00140850 |
| Taylor v. State Highway Comm'n, 45 Wis. 2d 490 | 63+1(2) | Bribery is committed when clerk of council of Atlanta receives money to influence official behavior; clerk of council being "office of government" (Pen.Code 1910, SS 270, 271). | Can a person holding himself out as an officer defeat a charge of bribery on the ground that he had no legal right to act in the capacity he assumed? | Bribery - Memo #742 - C-JL.DOCX | ROSS-003288685 |
| Gonzales v. Gilliam, 506 S.W.2d 650 | 157+351 | Where medical records showed that cervical laminectomy was performed on passenger injured in rear-end collision, and surgeon's detailed description of operation plus his postoperative treatment and opinions were included, doctor's statement in his final diagnosis that passenger had "cervical disc" at specified time rested in reasonable medical certainty and was admissible. | "Is a reasonable compliance with law regarding a return of depositions sufficient, in absence of a charge of fraud?" | 032124.docx | LEGALEASE-00141294-LEGALEASE-00141297 |
| Perrin v. United States, 444 U.S. 37 | 63+1(1) | Bribery of private employee prohibited by state criminal statute violates the Travel Act which makes it a federal offense to travel or to use any facility in interstate commerce to commit "bribery * * * in violation of the laws of the State in which committed." 18 U.S.C.A. S 1952. | "Should the term bribery be read generically, and is the generic definition of the crime broader than its strict common law definition?" | 011606.docx | LEGALEASE-00142784-LEGALEASE-00142785 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Murray v. Billings Garfield Land Co., 187 F. Supp. 3d 1203 | 260+48 | Under Montana law, a material's inclusion in the scientific definition of "mineral" is not determinative of whether it is a "mineral" under a mineral deed. Mont. Code Ann. S 82-4-403(6). | Is Scoria a mineral? | 021391.docx | LEGALEASE-00143448-LEGALEASE-00143449 |
| Williamson v. Osenton, 232 U.S. 619 | 170B+2413 | A change of domicile is effected by removal from one state to another with intent of making a home there for an indefinite time, though the motive for the change is the bringing of a suit in a federal court on the ground of diverse citizenship. | "Is ""domicile"" a technically pre-eminent headquarters that every person is compelled to have in order that certain rights and duties that have been attached to it by the law may be determined?" | Domicile - Memo # 25 - C - SA.docx | LEGALEASE-00033737-LEGALEASE-00033738 |
| Miller Land & Mineral Co. v. State Highway Comm'n of Wyoming, 757 P.2d 1001 | 260+55(2) | Interpretation of instrument to determine whether ambiguity exists is question of law for courts to decide, although courts may augment general rules by considering pertinent extrinsic factors when interpreting conveyance of mineral interest. | Is bentonite a mineral? | 021498.docx | LEGALEASE-00145035-LEGALEASE-00145036 |
| Republican Party of New Mexico v. New Mexico Taxn. and Revenue Dept., 283 P.3d 853 | 326+585(2) | The scope of the Governor's executive privilege was an issue of substantial public interest and therefore the Supreme Court would address the issue de novo in appeal challenging redaction of information in documents requested under the Inspection of Public Records Act (IPRA), even though the documents that originally gave rise to the lawsuit underlying the appeal were no longer in dispute. West's NMSA S 14-2-1 et seq. | Will an action be dismissed if the issues therein are or have become moot? | 034735.docx | LEGALEASE-00144995-LEGALEASE-00144996 |
| Wilson v. State ex rel. State Election Bd., 2012 OK 2 | 110+1038.2 | Trial court's erroneous failure to instruct jury on definition of constructive possession in prosecution for burglary while in possession of a firearm and robbery with the use of a deadly weapon was not plain error; jury apparently applied the theory of constructive possession, as there was sufficient evidence that a rational juror could reasonably conclude that defendant had the requisite knowledge and control necessary for constructive possession of a weapon during the course of the burglary. | Do courts have inherent equitable powers to dismiss actions for abusive litigation practices? | Pretrial Procedure - Memo # 7098 - C - AP.docx | ROSS-003286116-ROSS-003286118 |
| E.E.O.C. v. Peat, Marwick, Mitchell and Co., 775 F.2d 928 | 78+1508 | In order to obtain enforcement of subpoena duces tecum issued to partnership, Equal Employment Opportunity Commission was not required to make showing that company's partners were in fact employees for purposes of Age Discrimination in Employment Act, or that Commission had reason to believe partnership's retirement practices and policies were violative of Act, where subpoena was issued for legitimate purpose of determining whether retirement practices and policies discriminated against individuals classified as employees for purposes of Act. Age Discrimination in Employment Act of 1967, S 2 et seq., 29 U.S.C.A. S 621 et seq. | Does a partner need to devote all his attention and skill to the business of the firm? | 022443.docx | LEGALEASE-00146305-LEGALEASE-00146306 |
| Bentkowski v. Trafis, 2015 Ohio, 56 N.E.3d 230 | 115+57.22 | A trial court may dismiss a claim for intentional infliction of emotional distress for failure to state a claim when the alleged conduct does not, as a matter of law reach the level of extreme and outrageous conduct. Rules Civ.Proc., Rule 12(B)(6). | "When is a sua sponte dismissal of a complaint without notice, appropriate?" | 035211.docx | LEGALEASE-00145810-LEGALEASE-00145811 |
| Boyd v. Merritt, 177 W. Va. 472 | 413+1820 | Upon appeal from Compensation Commissioner to Workmen's Compensation Appeal Board, Board is not bound by findings of fact of Commissioner, but itself becomes fact-finding tribunal, with authority to enter such order or make such award as Commissioner should, in its opinion, have entered or made upon case before him. | "Does the Court sit as a superlegislature, or is it the legislatures duty to consider the facts, establish, policy, and embody the policy in legislation?" | Workers Compensation - Memo #504 ANC.docx | ROSS-003287014-ROSS-003287015 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Adams' Estate v. Adams, 296 Minn. 409 | 368+1 | Common-law crime of being a principal to self-murder has been supplanted by statute which expressly prohibits one person from deliberately assisting another in the commission of self-murder and which specifically punishes such conduct as manslaughter. West's F.S.A. S 782.08. | Does the enactment of a state bribery statute abrogate the related common law? | 10772.docx | LEGALEASE-00094139-LEGALEASE-00094140 |
| Cumberland Cty. Hosp. Sys. v. N.C. Dep't of Health & Human Servs., 242 N.C. App. 524 | 15A+1746 | In cases appealed from administrative tribunals, appellate court reviews questions of law de novo and questions of fact under the whole record test. | "Should moot cases be dismissed, when the court lacks subject matter jurisdiction?" | 10913.docx | LEGALEASE-00094153-LEGALEASE-00094154 |
| Deseret Ranches of Florida v. Bowman, 340 So. 2d 1232 | 307A+503 | Since purported notice of dismissal without prejudice as to one count of the complaint was a nullity as it did not seek dismissal of all causes of action, the action was not terminated by the dismissal and trial court was not thereby divested of jurisdiction. 30 West's F.S.A. Rules of Civil Procedure, rule 1.420(a)(1). | Will a motion to dismiss assert an affirmative matter which defeats the claim? | Pretrial Procedure - Memo # 7550 - C - SKG.docx | LEGALEASE-00037227-LEGALEASE-00037228 |
| Wildflower v. St. Johns River Water Mgmt. Dist., 179 So. 3d 369 | 30+3200 | Standard of review of an order dismissing a complaint with prejudice is de novo. | What are the exceptions for an affirmative defense to be raised by motion to dismiss? | 10421.docx | LEGALEASE-00094876-LEGALEASE-00094877 |
| Morehouse v. Allen, 213 Cal. 1 | 8.30E+266 | "Maturity date" of substituted note, which fixed date note sued on was payable, was date on which it became payable. | "Is the provision for renewal contained within a contract, note or instrument valid and enforceable?" | 010413.docx | LEGALEASE-00148705-LEGALEASE-00148706 |
| Brush v. Scribner, 11 Conn. 388 | 83E+558 | A promissory note, made by A., and indorsed in blank by B., was intrusted to C., who had no interest in it, to get it discounted at the bank for A.'s benefit. C. fraudulently delivered it to D., who, acting fairly, and without knowledge of the fraud, received it in satisfaction and extinction of a pre-existing debt against C. In an action by D. against B. as indorser, it was held that D. was a bona fide holder of the note for a valuable consideration, and as such was entitled to recover. | Is a preexisting debt a sufficient consideration? | 010424.docx | LEGALEASE-00148470-LEGALEASE-00148471 |
| Scheid v. Shields, 269 Or. 236 | 83E+401 | "Transfer" is the all-encompassing term used by the Uniform Commercial Code to describe the act which passes an interest in an instrument from one person to another. ORS 73.2010, 73.2020. | Whether negotiation is one form of transfer? | Bills and Notes- Memo 670-PR.doc | LEGALEASE-00038106-LEGALEASE-00038107 |
| First Nat. Bank v. Foote, 12 Utah 157 | 172H+424 | A bank that takes for value a note signed by its cashier and others, without knowledge of a representation by the cashier to his co-makers that it would not be delivered until signed by the president of the bank, does not thereby ratify the cashier's representations. | Is an agents knowledge imputed to the principal? | 041367.docx | LEGALEASE-00148558-LEGALEASE-00148559 |
| State ex rel. Kennamore v. Thompson, No. W200900034COAR3JV, 2009 WL 2632759 | 76E+150.1 | Trial court's deviation from the child support guidelines by awarding child support retroactively from date of filing of petition to establish paternity rather than from date of child's birth was not an abuse of discretion. The trial court provided written findings that the mother had committed fraud by telling her husband that he was the father throughout divorce proceedings, that the husband supported the child until the divorce, and that the true father had no basis to know that he was the father until the paternity suit was filed. West's T.C.A. SS 36-2-311(1)(11)(A), 36-5-101(e)(1)(A). | "Under judicial estoppel where one states on oath in former litigation a given fact as true, will he be permitted to deny that fact in subsequent litigation although the parties may not be the same?" | 017946.docx | LEGALEASE-00149125-LEGALEASE-00149126 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Philadelphia Ass'n for relief of Disabled Firemen v. Wood, 39 Pa. 73 | 371+2010 | It is inherent in the very definition and nature of a tax that it shall be laid for a public purpose only. | Can taxing power be delegated? | Taxation - Memo # 870 - C - JL_59071.docx | ROSS-003278950-ROSS-003278951 |
| Heald v. City of Cleveland, 27 Ohio Dec. 435 | 268+911 | A city, under its home rule charter as provided by the 1912 amendment to the constitution, S 3, art. 18, under Gen.Code, S 3939, and under S 3, art. 1 of the Constitution, relating to right of people to assemble, had no authority to issue bonds to be used primarily for a building for exposition purposes, or to use portions of the auditorium for lodge rooms, concert halls, show rooms, or theaters as purely private enterprises. | Are there any authorities that allow the money raised through taxation not to go into the public treasury? | 045968.docx | LEGALEASE-00150606-LEGALEASE-00150607 |
| State v. Moyle, 299 Or. 691 | 3.77E+07 | Harassment statute does not violate State Constitution's freedom of expression provision on theory that the effect that is proscribed, causing fear of injury to persons or property, merely mirrors a prohibition of words themselves since criminal laws have historically protected against certain emotional harms. Const. Art. 1, S 8; ORS 166.065(1)(d). | Is it an offense to commit any wilful deed without lawful justification or excuse which unreasonably disturb the public peace and tranquility? | 014319.docx | LEGALEASE-00151290-LEGALEASE-00151291 |
| Carlson v. City of Tallahassee, 240 So. 2d 866 | 92+1851 | Petitioner did not have a constitutional right to display his sign of protest and to enter for that purpose a municipal facility rented by supporters of presidential candidate, and petitioner in so doing unlawfully attempted to interfere with exercise of First Amendment rights of persons who reserved stadium for their meeting, and thus was guilty of disturbing the peace in violation of city ordinance when he forcibly attempted to enter the stadium. U.S.C.A.Const. Amend. 1; F.S.A. S 871.01. | Does conviction for blocking passage along sidewalk and refusal to obey police commands to stop obstructing sidewalk violate Constitution? | 014343.docx | LEGALEASE-00150812-LEGALEASE-00150813 |
| Groff v. State, 171 Ind. 547 | 178+14 | Acts 1907, p. 153, c. 104, S 2 (Burns' Ann.St. S 35-1202), makes it unlawful for any person to offer for sale or sell any adulterated or misbranded article of food. Held, that guilty knowledge or intent was not an element of such offense. | Is the principal liable when his employee disobeys the law in the manner of selling? | Adulteration - Memo 34_1eljVS3GdO84Cyt4bwGNWwJ4TO9vm0Xc4.docx | ROSS-000000106-ROSS-000000107 |
| Shoe & Leather Nat. Bank v. Wood, 142 Mass. 563 | 8.30E+07 | Statute giving maker right to set up defenses against payee or intermediate assignee before notice of assignment is constitutional and valid although changing operation of law merchant so far as it affects contracts within state. | Is an assignment an indorsement? | Bills and Notes - Memo 832 - RK_60138.docx | ROSS-003280314-ROSS-003280315 |
| Wells Fargo Bank, NA v. Ostiguy, 127 A.D.3d 1375 | 228+181(25) | Genuine issue of material fact as to whether servicer of mortgage loan actually possessed underlying note at time foreclosure action against mortgagor was commenced, so as to have standing to bring suit as holder, precluded summary judgment in action to foreclose mortgage on real property. McKinney's Uniform Commercial Code S 3-301. | Can a holder of an instrument enforce payment even though he is not an owner? | 010715.docx | LEGALEASE-00152400-LEGALEASE-00152401 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kubic v. MERSCORP Holdings, 416 S.C. 161 | 326+139 | Statute authorizing a clerk of court or register of deeds to reject and remove fraudulent documents from the public record did not impliedly give such officials the power to commence litigation to remediate the record; statute was not enacted for the special benefit of the officials, but merely offered guidance as to how they should carry out their job duties, and in fact gave the person presenting a document the power to commence suit to require the clerk of court or register of deeds to accept a document for filing or to prevent him or her from removing a document. Code 1976, S 30-9-30(B). | "Does the general rule that important questions of novel impression should not be decided on a motion to dismiss, not apply when the determinative facts are not in dispute?" | Pretrial Procedure - Memo # 8699 - C - TJ_59737.docx | ROSS-003293563-ROSS-003293564 |
| Newton v. Bramlett, 55 Ill. App. 661 | 83E+423 | Where an incorrect addition was made to an endorsement of a note in open court after introduction of proof supposed to be sufficient to show intention to guaranty the note, it could be stricken out, and there being no fraud and no injury, it would not discharge the endorser from the contract really made. | When a writing states the contract incorrectly is it proper to correct it? | 009818.docx | LEGALEASE-00153539-LEGALEASE-00153540 |
| 534 E. 11th St. Hous. Dev. Fund Corp. v. Hendrick, 90 A.D.3d 541 | 307A+679 | In deciding motion to dismiss defense, defendant is entitled to benefit of every reasonable intendment of the pleading, which is to be liberally construed. McKinney's CPLR 3211(b). | Should the court not dismiss a defense where there remain questions of fact requiring a trial? | 038097.docx | LEGALEASE-00153396-LEGALEASE-00153397 |
| Bridgeview Health Care Ctr., Ltd. v. Clark, 816 F.3d 935 | 308+99 | To create apparent authority, principal must speak, write, or otherwise act toward third party, and his conduct must make third party reasonably believe that he has consented to action done on his behalf by someone purporting to act for him. | Can actual authority be express? | Principal and Agent - Memo 232 - KC_60525.docx | ROSS-003284225-ROSS-003284226 |
| Nogales Serv. Ctr. v. Atl. Richfield Co., 126 Ariz. 133 | 388+243 | Refusal to give instructions which were requested by plaintiff in suit for breach of a products agreement and which discussed inherent authority of an agent was not error where, aside from fact that plaintiff made only a general objection to refusal, instructions requested conflicted with and contradicted instruction which was given without objection and which told jury that agreement was binding only if there was actual or apparent authority. 16 A.R.S. Rules of Civil Procedure, Rule 51(a). | Does it make any difference if the agent disregards the principals secret? | 041545.docx | LEGALEASE-00153412-LEGALEASE-00153413 |
| In re Krueger's Estate, 11 Wash. 2d 329 | 371+3332(1) | The inheritance tax statute was enacted for purpose of taxing the right to receive property transmitted in various ways, all of which relate either to testamentary dispositions or to dispositions of assets designed to evade the inheritance tax, and it was not the purpose of the statute to impose an inheritance tax upon transfers of property made in ordinary course of business and for an adequate, valuable consideration. Rem.Rev.Stat. S 11201. | Is tax a legal imposition? | 046014.docx | LEGALEASE-00153305-LEGALEASE-00153306 |
| State v. Brand, 506 So. 2d 702 | 350H+41 | Deterrence of similar actions by other state employees was improper consideration for sentencing safety enforcement officer for public bribery. LSA-R.S. 14:118; LSA-C.Cr.P. art. 894.1. | Is a desire to teach others a lesson an acceptable basis for imposing a sentence? | 012535.docx | LEGALEASE-00156407-LEGALEASE-00156408 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Expro Americas v. Walters, 179 So. 3d 1010 | 30+3203 | If the trial court applies the correct legal standard in granting a motion for involuntary dismissal, the Supreme Court must affirm the decision, regardless of what any one of the members of the Court individually might have ruled had they been the judge, unless there is a definite and firm conviction that the court below committed clear error. Rules Civ.Proc., Rule 41(b). | Does a dismissal with prejudice indicate a dismissal on the merits? | Pretrial Procedure - Memo # 10256 - C - SN.docx | LEGALEASE-00045983-LEGALEASE-00045984 |
| Collins v. Sigmon, 299 S.C. 464 | 228+829(1) | Federal judge's sua sponte dismissal of suit, based on failure to prosecute, constituted res judicata as to similar points raised in counterclaim in state action; under federal rules dismissal operated as adjudication upon merits. Fed.Rules Civ.Proc.Rule 41(b), 28 U.S.C.A. | "Does a dismissal of a case ""without prejudice"" mean a plaintiff can reassert her complaint by curing defects that led to the dismissal?" | 025025.docx | LEGALEASE-00156665-LEGALEASE-00156666 |
| Godfredson v. JBC Legal Grp., P.C., 387 F. Supp. 2d 543 | 91+472 | To make out action under North Carolina law for damages caused by acts committed pursuant to formed conspiracy, plaintiff must show: (1) agreement between two or more persons; (2) to do wrongful act; (3) commission of some overt act by one member of conspiracy in furtherance of objectives; and (4) damage to plaintiff as result of actions of conspirators. | Is a statement of intention to file a suit to enforce one's claimed legal rights a threat? | Threats - Memo #118 - C - LB_62506.docx | ROSS-003285115-ROSS-003285116 |
| Green v. Interstate United Mgmt. Servs. Corp., 748 F.2d 827 | 156+85 | District court did not abuse its equitable discretion in refusing to allow full-scale enforcement of promises to enter into lease, given their manifestly contingent nature; thus, limitation of recovery on promissory estoppel claim to reliance damages was proper. | Is estoppel a flexible doctrine? | Estoppel - Memo #147 - C - CSS_62348.docx | ROSS-003297108-ROSS-003297109 |
| Compton v. Shopko Stores, 93 Wis. 2d 613 | 30+3471(2) | Generally, findings of fact by trial court will not be upset on appeal unless they are against great weight and clear preponderance of evidence. | "Is employment in general defined as the act of employing, the state of being employed, or that which consumes time or attention, occupation?" | 047702.docx | LEGALEASE-00157728-LEGALEASE-00157729 |
| State v. Moyle, 299 Or. 691 | 3.77E+26 | "Alarm" required to be raised for a threat to come within the prohibitions of harassment statute means more than mere inconvenience or feelings of anguish which are the result of angry or imposing words; it means being placed in actual fear or terror resulting from sudden sense of danger. ORS 166.065(1)(d). | "Whether the use of abusive, insulting or opprobrious language in a public place amounts to breach of the peace?" | 014329.docx | LEGALEASE-00158836-LEGALEASE-00158837 |
| Landry v. Istre, 510 So. 2d 1310 | 322H+1276 | Transferee who exchanged immovable property plus balance of $90,000 for immovable property was entitled to have contract of exchange rescinded on account of lesion, if difference between balance paid and total value of six-acre tract was greater than one half value of six-acre tract; thus, rescission would be warranted if value of property received was $60,000 or less at time of exchange. LSA-C.C. art. 2666. | Is redhibition the avoidance of a sale on account of some vice or defect in the thing sold which renders it useless? | 018307.docx | LEGALEASE-00158891-LEGALEASE-00158892 |
| Stroock Plush Co. v. Talcott, 129 A.D. 14 | 302+16 | Hypothetical pleadings are bad. | Is contingent pleading allowed? | 023841.docx | LEGALEASE-00159228-LEGALEASE-00159229 |
| KatiRoll Co. v. Kati Junction, 33 F. Supp. 3d 359 | 382T+1436 | To succeed on a claim for trade dress infringement under Lanham Act, plaintiff must prove that: (1) the claimed trade dress is non-functional; (2) the claimed trade dress has secondary meaning; and (3) there is a likelihood of confusion between plaintiff's goods and those of defendant's. Lanham Act, S 43(a), 15 U.S.C.A. S 1125(a). | What does an agents duty of loyalty entail? | Principal and Agent - Memo 521 - RK_63979.docx | ROSS-003308601-ROSS-003308602 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dep't of Health & Human Servs., Aging & Disability Servs. Div. v. Pub. Utilities Comm'n of Nevada, 2015 WL 3489549 | 372+613 | Public Utilities Commission misinterpreted statute governing programs to provide devices for telecommunication to persons with impaired speech or hearing when it altered the budget for deaf-and-hard-of-hearing centers that the Department of Health and Human Services, Aging and Disability Services Division (ADSD) had submitted, and, thus, exceeded its statutory authority. NRS 427A.797. | "Is a ""tax"" an enforced contribution to raise revenue?" | 046245.docx | LEGALEASE-00159862-LEGALEASE-00159863 |
| Dlaikan v. Roodbeen, 206 Mich. App. 591 | 141E+931 | Circuit court was without jurisdiction to resolve parents' claims of intentional misrepresentation, negligence, and breach of contract against parochial school and its representative for school's refusal to admit children, in that claims involved essentially ecclesiastical policies and services for which the organization enjoys First Amendment protection. U.S.C.A. Const.Amend. 1; MCR 2.116(C)(4). | Should a civil court avoid foray into a property dispute regarding religious or educational activities? | 017237.docx | LEGALEASE-00161054-LEGALEASE-00161055 |
| Baker v. State, 17 S.W. 144 | 231+164(3) | Under Rev.St. art. 1641, now Rules of Civil Procedure, rule 574, which provides that, on appeal from justice court, the transcript must be filed in the county court on or before the first day of the second term after such appeal is taken, an appeal is irregular where the transcript is not filed until several terms after the appeal bond was given, and a failure to move for the dismissal thereof at the second term after the filing of the bond does not waive the irregularity. | What does the term willful mean in public road statutes? | 018787.docx | LEGALEASE-00161635-LEGALEASE-00161636 |
| Reneau v. Mossy Motors, 622 F.2d 192 | 172H+1341 | An injured consumer is not an indispensable prerequisite to a conclusion that the Truth in Lending Act or Regulation Z has been violated. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq.; Truth in Lending Regulations, Regulation Z, S 226.1 et seq., 15 U.S.C.A. following section 1700. | Does the consumer have to actually be deceived for there to be a violation of TILA? | Consumer Credit - Memo 235 - RK.docx | LEGALEASE-00051735-LEGALEASE-00051736 |
| Hobbs v. Ludlow, 199 Ind. 733 | 241+169 | Defendant could not be held liable in Indiana on note made in sister state, where action was barred in sister state wherein defendant had continuously resided. Burns' Ann.St. SS 2-602, 2-606. | Is a promissory note presumed to be payable where dated if no other place of payment is mentioned in the note? | 009226.docx | LEGALEASE-00162773-LEGALEASE-00162774 |
| Corbett v. Riddle, 209 F. 811 | 51+2062 | A bankruptcy court having first acquired jurisdiction of the bankrupt's estate by the filing of a petition in bankruptcy, such jurisdiction is exclusive of the right of the state court to entertain jurisdiction of an action in detinue by a claimant to recover property alleged to belong to the estate. | Under what law is the liability of property to be sold under execution determined by? | Creditors' Remedies - Memo 25 - RK_67494.docx | ROSS-003279827-ROSS-003279828 |
| Heffelfinger v. Dep't of Pub. Welfare, 789 A.2d 349 | 198H+471(6) | Three consecutive monthly transfers of $9,000.00 each to irrevocable trust rendered applicant ineligible for Medicaid funding for nursing home care for a five-month period; the Department of Public Welfare (DPW) properly divided $27,000 by the average monthly cost to a private patient, even though its policy clarifications required a penalty for full months only and treatment of each transfer is treated as a separate event with its own penalty period. Social Security Act, S 1917(c)(1)(E)(i), as amended, 42 U.S.C.A. S 1396p(c)(1)(E)(i); 55 Pa. Code SS 178.104(d), 275.4(h)(2)(i). | Can an estoppel be claimed by one who has acted in ignorance of the true state of facts and who was without means of informing himself of their existence? | Estoppel - Memo 318 - C - CSS_67200.docx | ROSS-003292185-ROSS-003292186 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Rosenberg, 888 F.2d 1406 | 110+1192 | On remand of prosecution for substantive bombing offenses, Government would be given opportunity to argue for existence of "due diligence" exception to double jeopardy and to demonstrate that, despite exercise of such diligence, it did not discover evidence linking conspiracy to bombings until after two defendants had been convicted of conspiracy at trial in another district. U.S.C.A. Const.Amend. 5; 18 U.S.C.A. SS 2, 844(f). | Does policy protect an accused from attempts to relitigate facts underlying prior acquittal and from attempts to secure additional punishment after prior conviction and sentence? | 016126.docx | LEGALEASE-00165873-LEGALEASE-00165874 |
| Apache Corp. v. W & T Offshore, 626 F.3d 789 | 38+1 | Under Louisiana law, a party cannot assign what it does not own. | Can an assignor assign any rights greater than which it did not own? | 07362.docx | LEGALEASE-00077575-LEGALEASE-00077576 |
| Trinity Universal Ins. Co. of Kansas v. Ohio Cas. Ins. Co., 176 Wash. App. 185 | 217+3528 | Subcontractor's insurer was not entitled to award of attorney fees pursuant to Olympic Steamship doctrine, which permitted an award of attorney fees to an insured who successfully sued an insurer to obtain insurance coverage, in subrogation action against general contractor's insurer stemming from subcontractor's insurer's complete defense of general contractor in personal injury action filed by employee of subcontractor; having failed to produce evidence of assignment or contractual right, subcontractor's insurer lacked standing to assert those claims of the insured, and insurer's claim instead arose from its own equitable subrogation rights as the paying insurer, not the rights of the insured. | What are the features to subrogation? | 05558.docx | LEGALEASE-00083783-LEGALEASE-00083784 |
| Ex parte State Farm Mut. Auto. Ins. Co., 118 So. 3d 699 | 46H+309 | Limited appearance of automobile insurer to protect its subrogation interest with regard to $5,000 medical payment to insured, and no more, did not constitute active participation, as required to avoid application of the common-fund doctrine; it was the efforts of insured's attorney that resulted in $35,000 settlement and reimbursement to insurer of $5,000 medical-expenses payment. | What are the features of subrogation? | Subrogation - Memo 277 - ANG C.docx | ROSS-003284126-ROSS-003284127 |
| Kerr v. Grand Foundries, 451 S.W.2d 26 | 307A+501 | Right to a nonsuit is not absolute. | Is the right to a nonsuit absolute? | 02208.docx | LEGALEASE-00092118-LEGALEASE-00092119 |
| Wildflower v. St. Johns River Water Mgmt. Dist., 179 So. 3d 369 | 30+3200 | Standard of review of an order dismissing a complaint with prejudice is de novo. | What are the exceptions for an affirmative defense to be raised by motion to dismiss? | 11237.docx | LEGALEASE-00094641-LEGALEASE-00094642 |
| Medix Ambulance Serv. v. Superior Court, 97 Cal. App. 4th 109 | 307A+1 | Parties are entitled to oral argument in critical pretrial matters where there is a real and genuine dispute. | Are litigants entitled to oral argument? | 032076.docx | LEGALEASE-00124459-LEGALEASE-00124460 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Town of Smyrna, Tenn. v. Mun. Gas Auth. of Georgia, 129 F. Supp. 3d 589 | 241+95(16) | Town knew or should have known of municipal gas authority's actions regarding execution of hedges, allegedly in violation of the Tennessee Consumer Protection Act (TCPA), over a year before town brought action against the gas authority, and thus town's action under the TCPA was not timely pursuant to it, under which one-year statute of limitations period began running when a person discovered the unlawful act, despite town's claim that it did not ascertain the full extent of its loss until a later date, where, over one year prior to town initiating TCPA action, gas authority had informed town that it had executed allegedly unauthorized hedges, that town would not be permitted to reduce its volumes, and that town would be obligated to accept the prices imposed by the hedges, to which town responded that it did not recognize the hedges, and gas authority responded again that town was bound by any hedges gas authority had put in place. West's T.C.A. S 47-18-110. | Can an agent act in a dual capacity in which his interest conflicts with his duty? | 041748.docx | LEGALEASE-00127132-LEGALEASE-00127133 |
| State v. Hodges, 386 N.W.2d 709 | 110+29(11) | Burglarious entry of one dwelling justifies only one burglary conviction; however, if burglar commits other crimes, such as assault or robbery, against occupants of dwelling after entry, he may be additionally punished on basis of one extra conviction and sentence per victim of other crimes. M.S.A. S 609.04. | Is burglary purely a property offense? | 013182.docx | LEGALEASE-00131321-LEGALEASE-00131322 |
| Farris v. Boyke, 936 S.W.2d 197 | 30+3213 | Determination of whether personal jurisdiction exists is for trial court, but sufficiency of evidence to make prima facie showing that trial court may exercise personal jurisdiction is question of law which is reviewed independently on appeal. | "To prove jurisdictional factum, may a proponent resort to discovery or other evidence relevant to that purpose?" | 032090.docx | LEGALEASE-00138527-LEGALEASE-00138528 |
| Sauls v. Leath, 213 Ala. 664 | 302+9 | Allegations held proper conclusions from facts previously alleged. | When is it necessary for the pleader to draw conclusions? | 023405.docx | LEGALEASE-00138665-LEGALEASE-00138666 |
| Elsner v. E-Commerce Coffee Club, 126 So. 3d 1261 | 30+3311 | Trial court rulings on discovery issues must stand except in extraordinary cases. | "Can the disclosure of personal financial information during discovery cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant?" | 030942.docx | LEGALEASE-00138948-LEGALEASE-00138949 |
| City of New London v. Miller, 60 Conn. 112 | 268+480 | An assessment for street improvements cannot be made against one only of several joint owners of abutting property, for the benefits accruing to the whole property, but must be either separately against each owner or jointly against all. | "Is an assessment for benefits included in the term ""taxes""?" | 045683.docx | LEGALEASE-00143091-LEGALEASE-00143092 |
| Scheid v. Shields, 269 Or. 236 | 83E+401 | "Transfer" is the all-encompassing term used by the Uniform Commercial Code to describe the act which passes an interest in an instrument to another. ORS 73.2010, 73.2020. | Whether negotiation is one form of transfer? | 010588.doc | LEGALEASE-00148612-LEGALEASE-00148613 |
| Bridgeview Health Care Ctr., Ltd. v. Clark, 816 F.3d 935 | 308+99 | To create apparent authority, principal must speak, write, or otherwise act toward third party, and his conduct must make third party reasonably believe that he has consented to action done on his behalf by someone purporting to act for him. | Can actual authority be implied? | 041524.docx | LEGALEASE-00152896-LEGALEASE-00152897 |
| Karonis v. Visible Spectrum, 2015 IL App (2d) 150019 | 30+4069 | Appellate Court may affirm a dismissal on any basis appearing in record. | "In ruling on a motion to dismiss which challenges the legal sufficiency of a complaint, should a court accept as true all well-pleaded facts in the complaint?" | Pretrial Procedure - Memo # 8651 - C - KS_60218.docx | ROSS-003279400-ROSS-003279401 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Columbia Cmty. Bank v. Newman Park, 177 Wash. 2d 566 | 366+31(4) | Washington Supreme Court would adopt in full the subrogation section of the Restatement (Third) of Property: Mortgages, which sets forth a "protect some interest" rule of subrogation when a party fully performs a secured obligation of another party; overruling BNC Mortgage, Inc. v. Tax Pros., Inc., 111 Wash.App. 238, 46 P.3d 812. Restatement (Third) of Property: Mortgages S 7.6. | Is subrogation permitted without assignment to prevent unjust enrichment? | Subrogation - Memo 182 - ANG C.docx | ROSS-003283396-ROSS-003283397 |
| Garcia v. U.S. Bank, 141 F. Supp. 3d 490 | 349A+230 | Borrowers' allegations that lender repossessed and later sold their boat that served as collateral securing loan that financed boat and that lender failed to provide them notice of sale were sufficient to state claim for violation of notice requirements of Uniform Commercial Code (UCC), as adopted into Virginia law, providing that secured party intending to sell or otherwise dispose of collateral was required to provide notice of such disposition to borrower 10 days or more before earliest time of disposition of collateral. West's V.C.A. S 8.9A-609, 8.9A-611, 8.9A-612. | When does a trespass to chattels claim arise? | Trespass - Memo 124 - RK.docx | ROSS-003285117-ROSS-003285118 |
| Alex & Ani v. Elite Level Consulting, 31 F. Supp. 3d 365 | 29T+131 | Alleged deception of jewelry buyer, which allegedly induced jewelry manufacturer into selling jewelry at discounted rates with understanding that jewelry would not be resold, did not occur primarily and substantially in Massachusetts, and thus buyer did not violate Massachusetts Consumer Protection Law, although buyer allegedly resold jewelry to retailer, which sold jewelry at Massachusetts stores, and jewelry was shipped by Massachusetts distribution company, where deception took place principally in Utah, Colorado, and California, which was where buyer and corporations that allegedly procured jewelry for retailer were based, manufacturer was based in Rhode Island, and Massachusetts distribution company was not complicit in alleged scheme. M.G.L.A. c. 93A, S 11. | Is it essential that the principal have the right to control the work of the agent? | Principal and Agent - Memo 505 - KK_63283.docx | ROSS-003292951-ROSS-003292952 |
| City of St. Louis v. Polinsky, 190 Mo. 516 | 178+1.8(3) | An ordinance forbidding the sale of milk and cream containing coloring matter, being to prevent deception on the public and unfair advantage over honest competitors, is within the authority granted by the city charter to inspect milk, to secure the general health by any necessary measure, and to pass all ordinances expedient in maintaining the health and welfare of the city, its trade, commerce, and manufactures. | Will the quality of milk depend on food that cows are fed? | Adulteration- Memo 61- SB_60116.docx | ROSS-003294728-ROSS-003294729 |
| Dugan v. Dugan, 92 N.J. 423 | 192+1 | Attorney's goodwill is to be differentiated from earning capacity, in that it reflects not simply possibility of future earnings, but probability based on existing circumstances and enhanced earnings reflected in goodwill are to be distinguished from license to practice profession and educational degree. | Is goodwill a probability that old customers will resort to the old place? | Goodwill - Memo 11 - ANG..docx | ROSS-003297749-ROSS-003297750 |
| Com. v. Leone, 286 Va. 147 | 92+2355 | The General Assembly has the power under the Virginia Constitution to determine the jurisdiction of the courts of the Commonwealth. West's V.C.A.Const. Art. 6, S 1. | Are territorial jurisdiction and venue synonymous? | Venue - Memo 16 - RK.docx | ROSS-003301953-ROSS-003301954 |
| Cox v. Reinhardt, 41 Tex. 591 | 83E+740 | Suit cannot be brought upon a note on the day it is payable, unless by attachment, and as upon a debt not due. | Is days of grace allowed in contracts between merchant and merchant? | Bills and Notes -Memo 997-DB_58721.docx | ROSS-003307661 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dlaikan v. Roodbeen, 206 Mich. App. 591 | 141E+931 | Circuit court was without jurisdiction to resolve parents' claims of intentional misrepresentation, negligence, and breach of contract against parochial school and its representative for school's refusal to admit children, in that claims involved essentially ecclesiastical policies and services for which the organization enjoys First Amendment protection. U.S.C.A. Const.Amend. 1; MCR 2.116(C)(4). | Should a civil court avoid foray into a property dispute regarding religious or educational activities? | Education - Memo 342 - C - KS_65190.docx | ROSS-003308134-ROSS-003308135 |
| Maryland Cas. Ins. Co. v. Welchel, 257 Ga. 259 | 379+200 | Tow truck operator was not liable to insurer of vehicle for tortious interference with insurer's subrogation rights on claim for loss of vehicle, since insurer had no subrogation claim against operator for conversion of vehicle. | Can trespass lie for the interference of goods? | Trespass - Memo 108 - JS.docx | ROSS-003324852-ROSS-003324853 |
| Mull v. Motion Picture Indus. Health Plan, 937 F. Supp. 2d 1161 | 231H+461 | The plan administrator is not determined under ERISA by the actions or responsibilities of a particular party, but by the language in the coverage documents. Employee Retirement Income Security Act of 1974, S 3(16)(A), 29 U.S.C.A. S 1002(16)(A). | Can requests for damages or attorney fees and costs be asserted as independent causes of action? | Action - Memo # 204 - C - TJ.docx | ROSS-003328382-ROSS-003328383 |
| Columbia Asset Recovery Grp. v. Kelly, 177 Wash. App. 475 | 13+6 | Courts avoid considering moot cases in order to avoid the danger of an erroneous decision caused by the failure of parties, who no longer have an existing interest in the outcome of a case, to zealously advocate their position. | Must a party seeking equitable subrogation be in greater need of equity than its adversary? | Subrogation - Memo 162 - ANG C.docx | ROSS-003328865-ROSS-003328866 |
| Catlin (Syndicate 2003) at Lloyd's v. San Juan Towing & Marine Services, 974 F. Supp. 2d 64 | 16+80 | When a defendant brings a counterclaim to a plaintiff's admiralty claim, and it is so intertwined with the main action that the resolution of both claims hinges on the same factual determinations, the defendant's counterclaim cannot be heard by a jury. U.S.C.A. Const.Amend. 7; Fed.Rules Civ.Proc.Rule 38(e), 28 U.S.C.A. | "Under admiralty law, when can a court assess attorneys fees?" | 004106.docx | LEGALEASE-00116326-LEGALEASE-00116328 |
| Envtl. Def. Fund v. Froehlke, 348 F. Supp. 338 | 149E+700 | General principles of equity are applicable in determining whether injunction should be granted for a violation of the National Environmental Policy Act and application of those principles controls exercise of court's discretion under the circumstances. National Environmental Policy Act of 1969, SS 101, 102, 102(2)(C), 42 U.S.C.A. SS 4331, 4332, 4332(2)(C). | Is the decisional process for judges one of balancing? | Environmental Law - Memo 20 - JS.docx | ROSS-003298128-ROSS-003298129 |
| McReath v. McReath. 335 Wis. 2d 643 | 134+797 | When valuing a business interest that is part of the marital estate for purposes of divorce, a circuit court shall include the value of the salable professional goodwill attendant to the business interest; when the salable professional goodwill is developed during the marriage, it defies the presumption of equality to exclude it from the divisible marital estate. W.S.A. 767.61. | Is personal goodwill dependent on the individuals personal attributes? | Good Will - Memo 6 - RK.docx | LEGALEASE-00002322-LEGALEASE-00002323 |
| Barnett v. Hudspeth, 211 Cal. App. 2d 310 | 253+207 | Absence of witnesses did not invalidate Nevada marriage. N.R.S. 122.090, 122.110. | Is a marriage valid without solemnization? | Marriage and Cohabitation - Memo 10 - MS.docx | LEGALEASE-00002548-LEGALEASE-00002549 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Delia & Wilson v. Wilson, 448 So. 2d 621 | 134+760 | Equitable distribution is a three-step process in which court: first classifies parties' property as marital or non-marital, second, values marital assets, and third, divides marital estate in accordance with principles contained in statute which allows court to alter equal distribution on basis of extent to which each party contributed to acquisition, preservation and maintenance, or increase in value of marital property by monetary and non-monetary contributions, contributed to acquisition, preservation and maintenance or increase in value of marital property by non-monetary contributions, and could have dissipated or depreciated value of marital property. West's Ann.W.Va.Code, 48-7-103. | Is personal goodwill dependent on the individuals personal attributes? | 004568.docx | LEGALEASE-00116600-LEGALEASE-00116601 |
| Litz v. Maryland Dep't of Env't, 446 Md. 254 | 148+293(1) | Property owner's complaint sufficiently stated a cause of action for inverse condemnation by alleging that failure of state, Department of the Environment, county, and town to address pollution and sewage problems led directly to the substantial devaluing of her property, on which she had operated a popular lake-front recreational campground, and its ultimate loss through foreclosure. West's Ann.Md. Const. Art. 3, S 40. | Is an intrusion on a party's right or interest in exclusive possession of his or her property considered a trespass? | 000729.docx | LEGALEASE-00117553-LEGALEASE-00117555 |
| Schuman v. Greenbelt Homes, 212 Md. App. 451 | 30+3470 | When reviewing a judgment from a trial without a jury, an appellate court must consider the evidence in the light most favorable to the prevailing party, deciding whether the court's determinations were supported by a preponderance of the evidence. | Is an intrusion on a party's right or interest in exclusive possession of his or her property considered a trespass? | Trespass - Memo 30 - RK.docx | LEGALEASE-00004153-LEGALEASE-00004155 |
| Mulhearn v. Fed. Shipbuilding & Dry Dock Co., 2 N.J. 356 | 106+236 | The Division of Workmen's Compensation of the Department of Labor and Industry is not an "inferior court" within the constitution providing for appeals to the Supreme Court on certification, but is an administrative tribunal in a department that is a component part of the executive establishment. N.J.S.A.Const.1947, art. 3; art. 6, S 5, par. 1; Rules of Supreme Court, rules 1:5-2, 1:5-3. | Is it necessary for the legislature to prescribe standards that are to govern the administrative agency in the exercise of the powers the legislature delegates to it? | 000337.docx | LEGALEASE-00117689-LEGALEASE-00117690 |
| Trappey v. Lumbermens Mut. Cas. Co., 77 So.2d 183 | 413+295 | Plaintiff, who was manager and supervisor of bottling plant owned by commercial partnership, which carried compensation insurance, and who had been given a 1/616 interest in the partnership but who retained his position and received his wages without change, was an "employee", and he had a cause of action against insurance carrier for eye injury received after he had been given partnership interest. LSA-C.C. art. 2801. | Is a partnership a civil person having civil rights? | 022373.docx | LEGALEASE-00118082-LEGALEASE-00118083 |
| Dahl v. City of Shawnee, 130 P.3d 1247 | 110+1043(2) | Defendant's objection to introduction of preliminary hearing testimony of murder victim's girlfriend was sufficiently specific to preserve issue for appeal; defendant objected to girlfriend's failure to appear and to introduction of her preliminary hearing transcript. | When is a decision of a legislative body quasi-judicial in nature? | 002365.docx | LEGALEASE-00119442-LEGALEASE-00119443 |
| Doe v. Corp. of President of Church of Jesus Christ of Latter-Day Saints, 141 Wash. App. 407 | 211+1518 | A private cause of action is implied under statute mandating the report of abuse or neglect. West's RCWA 26.44.030(1)(a). | Does a grant of immunity from liability imply that civil liability exists? | Action - Memo 51 - MS.docx | ROSS-003322629-ROSS-003322630 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Young v. Gannett Satellite Info. Network, 837 F. Supp. 2d 758 | 237+1 | To prove a claim of defamation under Ohio law: (1) there must be the assertion of a false statement of fact; (2) that the false statement was defamatory; (3) that the false defamatory statement was published by defendants; (4) that the publication was the proximate cause of the injury to the plaintiff; and (5) that the defendants acted with the requisite degree of fault. | What is the innocent construction rule? | 002896.docx | LEGALEASE-00119900-LEGALEASE-00119902 |
| Lefrock v. Walgreens Co., 77 F. Supp. 3d 1199 | 237+41 | Under Florida law, pharmacist's statements to pharmacy customers about qualifications of doctor who issued their prescriptions were privileged, precluding doctor's slander per se claims against pharmacy; statements were made at time customers attempted to fill prescriptions, purpose of statements was to inform customers about doctor, and pharmacist had duty beyond robotically following doctor's instructions. | Is malice an essential element of slander? | Libel and Slander - Memo 144 - RK.docx | ROSS-003312528-ROSS-003312529 |
| People v. Kevorkian, 248 Mich. App. 373 | 368+3 | Where defendant merely is involved in events leading up to death, such as providing means, proper charge is assisting in a suicide, which may be prosecuted as common-law felony under savings clause statute governing punishment for indictable common-law offenses, in absence of statute that specifically prohibits assisting in a suicide. M.C.L.A. SS 750.505, 752.1027. | Do mentally competent and terminally ill adults have a right to knowingly and voluntarily hasten their deaths? | Suicide - Memo 40 - JS.docx | ROSS-003288125 |
| Melrose Gates v. Chor Moua, 875 N.W.2d 814 | 30+3554 | District court's decision on cross motions for summary judgment dismissing an equitable claim on the ground that, as a matter of law, the requirements for equitable relief were not met, was required to be reviewed de novo, where the facts were undisputed and the district court did not weigh equitable factors. | Is the purpose of subrogation purely equitable? | Subrogation - Memo # 675 - C - NO.docx | ROSS-003285133-ROSS-003285134 |
| Welenco v. Corbell, 126 F. Supp. 3d 1154 | 29T+421 | A customer list may qualify as a trade secret under the California Uniform Trade Secrets Act because of its economic value when its disclosure would allow a competitor to direct its sales efforts to those customers who have already shown a willingness to use a unique type of service or product as opposed to a list of people who only might be interested and plaintiff took reasonable steps to protect this information. West's Ann.Cal.Civ.Code S 3426.1(d). | "Can a trespasser be held liable when the trespass diminishes the condition, quality or value of the property?" | Trespass - Memo 128 - AKA.docx | ROSS-003284986-ROSS-003284987 |
| Cook, Perkiss & Liehe v. N. California Collection Serv. Inc., 911 F.2d 242 | 29T+28 | Statements in collection agency's advertisement implying that agency offered same collection services as lawyers at lower price were mere "puffery" and not actionable as false advertising. Lanham Trade-Mark Act, S 43(a), as amended, 15 U.S.C.A. S 1125(a). | What is puffery? | Libel and Slander - Memo 191 - BP.docx | LEGALEASE-00011919-LEGALEASE-00011920 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Onewest Bank, FSB v. Alessio, 182 So. 3d 855 | 307A+563 | The six Kozel factors a trial court is required to consider in determining whether dismissal with prejudice is warranted due to an attorney's misconduct are: (1) whether the attorney's disobedience was willful, deliberate, or contumacious, ratherthan an act of neglect or inexperience; (2) whether the attorney has been previously sanctioned; (3) whether the client was personally involved in the act of disobedience; (4) whether the delay prejudiced the opposing party through undue expense, lo ss of evidence, or in some other fashion; (5) whether the attorney offered reasonable justification for noncompliance; and (6) whether the delay created significant problems of judicial administration. | Does a motion in limine serve as an unnoticed alternative to a motion to dismiss or a motion for summary judgment? | Pretrial Procedure - Memo # 237 - C - ANC.docx | ROSS-003284633-ROSS-003284634 |
| Carr v. Jacuzzi Bros., 133 Ga. App. 70 | 343+2734(2) | Evidence which included, inter alia, testimony of buyer of pumps that he had kept no record as to the cost of labor or material used in repairing and replacing allegedly defective pumps presented insufficient information to enable a jury to reach a conclusion as to damages without speculation or guesswork. | Can a person bring an action before he has been actually damaged? | 005578.docx | LEGALEASE-00123911-LEGALEASE-00123912 |
| State v. Francis, 111 So. 3d 529 | 110+1168(2) | Any Confrontation Clause error in second degree murder prosecution in admitting autopsy report to show that cause of victim's death was a gunshot wound was harmless, as other evidence showed that defendant fired a bullet into the victim's head and the victim died as a result. U.S.C.A. Const.Amend. 6. | Is an act of pointing a gun at a person and firing the gun an indication of the intent to kill that person? | 019343.docx | LEGALEASE-00123390-LEGALEASE-00123391 |
| Shovah v. Mercure, 44 F. Supp. 3d 504 | 241+95(4.1) | Assuming arguendo that discovery rule applied, plaintiff's cause of action against Catholic priest under statute providing civil remedy for certain child victims of sexual abuse accrued, and six-year statute of limitations began to run, on date plaintiff discovered the unlawful conduct, which was date when the abuse itself occurred. 18 U.S.C.A. S 2255(a, b). | Does a right accrue when it comes into existence? | International Law - Memo # 520 - C - SU.docx | ROSS-003311794-ROSS-003311795 |
| Bishop v. Miller, 412 S.W.3d 758 | 30+3387 | Appellate courts generally review challenges to the admission of expert testimony under an abuse of discretion standard, but when a trial court admits expert testimony that is challenged on appeal as constituting no evidence, the appellate court will review the reliability of the expert testimony using a de novo standard of review. | Will a motion in limine preserve arguments for the exclusion of a witness's testimony? | 024252.docx | LEGALEASE-00122633-LEGALEASE-00122634 |
| Potts v. Barrett Div., Allied Chem. & Dye Corp., 48 N.J. Super. 554 | 217+1851 | Where insurance policy was issued under private plan section of Temporary Disability Benefits Law and provided benefits for employees disabled and prevented from performing duties of employment as result of injury or sickness, policy was to be read in the light of the stated purposes of the Temporary Disability Benefits Law. N.J.S.A. 43:21-26, 32. | Is attempting to commit suicide an indictable offense? | 044463.docx | LEGALEASE-00122558-LEGALEASE-00122559 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Moore v. Verizon Commc'ns Inc., 2010 WL 3619877 | 372+997(1) | Class action composed of consumers failed to state a claim against a wireline telephone service provider under the Communications Act, alleging that the provider's billing-related conduct violated the Act. The provider distributed its services through subsidiary companies that were responsible for billing and collecting. While the consumers acknowledged that billing and collection services provided by the subsidiaries were not subject to regulation under the Act, they argued that the provider sometimes purchased the accounts receivable from the third-parties and then billed and collected from those customer directly, which constituted billing and collecting on behalf of itself. However, consumers failed to cite authority to support their position and the services billed for were those of a third-party, which still were not considered communication services within the meaning of the Act. Communications Act of 1934, SS 201(b), 206, 207, 47 U.S.C.A. SS 201(b), 206, 207; 47 C.F.R. S 64.2401. | Is a tariff a document governing the rights and liabilities between a public utility and a customer? | 042275.docx | LEGALEASE-00124610-LEGALEASE-00124612 |
| Nishnabotna Valley Rural Elec. Co-op. v. Iowa Power & Light Co., 161 N.W.2d 348 | 15A+2212 | Commission or board may not change law by giving to statute or act interpretation or construction of which its words are not susceptible. | Is the State Commerce Commission authorized by Chapter 490A to supervise public utilities? | 042577.docx | LEGALEASE-00125146-LEGALEASE-00125147 |
| U.S. Bank Nat. Ass'n v. State Bank & Tr. Co., 45 F. Supp. 3d 582 | 278+4 | Under Mississippi law, new home-equity line of credit (HELOC) issued to husband and new deed of trust executed by him, upon maturity of original HELOC issued to husband and then-living wife, were renewals, rather than novations, of original HELOC and original deed of trust, for purposes of determining whether new deed of trust had priority over intervening deed of trust, which secured a refinancing loan which had paid the then-outstanding balance of original HELOC, which was not closed when it was paid off, and for which cancellation of original deed of trust had not been requested; promissory note for new HELOC was for amount owing on original HELOC when it matured, credit application for note indicated a purpose to "Renew" the original HELOC, disbursement request signed by husband expressly described the loan as "a secured renewal" of HELOC, deed of trust beneficiary stamped HELOC as "RENEWED NOT PAID," and new deed of trust recited that it was "an extension and renewal of" original deed of trust. West's A.M.C. S 89-5-21(5). | Does novation extinguish the old contract? | 021772.docx | LEGALEASE-00125648-LEGALEASE-00125649 |
| Peat, Marwick, Mitchell & Co. v. Superior Court, 200 Cal. App. 3d 272 | 106+209(1) | Appellate court would review substantive contentions of petition for review by extraordinary writ challenging preclusion order under the second of two orders, although the petitioner did not properly challenge that order, where the Supreme Court had directed the appellate court to afford writ review and the review of the prior order would be futile, as it would involve review of a moot order. | "Is the purpose of a motion in limine to avoid the obviously futile attempt to ""unring the bell""?" | 037533.docx | LEGALEASE-00125886-LEGALEASE-00125887 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rural Water Dist. No. 4, Douglas Cty., Kan. v. City of Eudora, Kan., 659 F.3d 969 | 405+2112 | City's threat to either de-annex protected area or force appraisal process may violate statute prohibiting curtailment of any service provided by water district or association that is recipient of federal loan by dissuading potential customers from seeking water service from protected water district if customer is effectively forced to make choice between either ceasing water service from water district or finding new provider for all other public services. Agricultural Act of 1961, S 306(b), 7 U.S.C.A. S 1926(b). | What does the word necessity imply in reference to public utilities? | Public Utilities - Memo 213 - AM.docx | LEGALEASE-00017040-LEGALEASE-00017041 |
| Smith v. Rohrbaugh, 2012 PA Super 208 | 115+64 | Statutory provision that precluded the recovery of uninsured motorist (UM) benefits in a damages action against a tortfeasor was not designed or intended to require the offset of underinsured motorist (UIM) benefits from a damages award, and thus, trial court was precluded from molding jury verdict in favor of driver injured in rear-end collision to 0 on the basis driver had received $75,000 in UIM benefits; overruling Pusl v. Means, 982 A.2d 550. 75 Pa.C.S.A. S 1722. | Can subrogation be an issue of contract in adversarial claims? | 043216.docx | LEGALEASE-00127207-LEGALEASE-00127208 |
| State v. Middleton, 208 N.C. App. 284 | 110+1038.1(4) | A trial court did not commit plain error by instructing a jury on the use of excessive force in the exercise of self-defense during a defendant's trial for first degree murder. Although the defendant presented evidence that he acted in self-defense, the State presented evidence that the defendant did not act in self-defense and instead was the aggressor. | What are the elements of breaking and entering into a motor vehicle? | Burglary - Memo 12 - RK.docx | ROSS-003286652-ROSS-003286653 |
| Best v. State, 109 Ga. App. 553 | 63+1(2) | A deputy sheriff is not "state officer" within statute penalizing bribery of any officer of state. Code, S 26-4102. | Is a clerk of the superior court a county officer? | Clerks of court - Memo 65 - RK.docx | ROSS-003300143-ROSS-003300144 |
| Dakota, Minnesota & E. R.R. Corp. v. Wisconsin & S. R.R. Corp., 657 F.3d 615 | 315+497 | Under Wisconsin law, the rails on a railroad's right of way are fixtures that are part of the real property to which they are attached. | Do damages have to be proven in a suit for trespass to personal property? | Trespass - Memo 217 - RK.docx | ROSS-003325929-ROSS-003325930 |
| Wachovia Fin. Servs. v. Dune Harbor, 948 N.E.2d 339 | 266+1333 | Dwelling unit sales provision that was part of purchase option made in connection with a failed real estate development did not create a vendor's lien that would take priority over lender's recorded mortgage, where provision contained unfulfilled conditions precedent, namely entry into a development agreement and sale of residential units. | Is the test for determining the propriety of a voluntary dismissal whether or not the party opposing the dismissal would be substantially prejudiced by the dismissal? | Pretrial Procedure - Memo # 949 - C - SK.docx | ROSS-003313812-ROSS-003313813 |
| State v. Blackmon, 587 S.W.2d 292 | 203+1399 | In proceeding in which defendant was convicted of first-degree murder committed in course of armed robbery, verdict-directing instruction requiring jury to find that defendant caused victim's death "by shooting him" submitted an element that was unnecessary to establish the felony-murder, but submission of such instruction could not have prejudiced defendant whether or not there was evidence that he had shot victim. V.A.M.S. S 559.007, Laws 1975, p. 411; MAI Criminal No. 6.19. | Is asportation an element of burglary? | Burglary - Memo 59 - RK.docx | LEGALEASE-00019127-LEGALEASE-00019128 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| All. for the Wild Rockies v. Savage, 209 F. Supp. 3d 1181 | 15A+1741 | Judicial review under the Administrative Procedure Act (APA) is narrow but searching and careful, and courts need not uphold agency actions where there has been a clear error of judgment. 5 U.S.C.A. S 701 et seq. | When is a party entitled to summary judgment? | Woods and Forests - Memo 44 - RK.docx | ROSS-003300391-ROSS-003300392 |
| Wright v. Miller, 989 N.E.2d 324 | 30+3870 | Appellate courts presume that the trial court will act in accord with what is fair and equitable in each case, and thus, appellate courts will only reverse trial court's discovery sanctions if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law. | Are the use and enforcement of case management orders and deadlines essential to sound judicial administration? | Pretrial Procedure - Memo # 1439 - C - SKG.docx | ROSS-003287586-ROSS-003287587 |
| Russell v. H & H Metal Contractors, 2011-27 (La. App. 3 Cir. 6/1/11) | 413+1396 | Letter from workers' compensation claimant's last treating physician, which was received by employer the day before administrative hearing, was inadmissible to prove that claimant was temporarily and totally disabled (TTD) from date of accident, though claimant's previously filed pretrial statement listed that physician as a potential witness and all medical records as potential exhibits; notes from claimant's last visit with that physician did not indicate, as did the letter, that claimant had a ten percent impairment rating or that claimant needed a functional capacity evaluation. LSA-R.S. 23:1317. | Is the avoidance of surprise a base for pretrial procedure? | 026872.docx | LEGALEASE-00131242-LEGALEASE-00131243 |
| Unified Concern for Children v. Caputo, 320 N.W.2d 643 | 413+934.4 | Employer and insurance carrier were entitled to credit against permanent partial disability award for overpayment of healing period benefits to employee. I.C.A. SS 85.1 et seq., 85.34, subd. 3. | What is one major function of the Workmens Compensation Act? | Workers Compensation - Memo #167 ANC.docx | LEGALEASE-00022348-LEGALEASE-00022349 |
| Rogers v. M.O. Bitner Co., 738 P.2d 1029 | 226H+80 | Evidence supported finding that subdivision vendor and purchaser/developer of subdivision lots were engaged in joint venture such that vendor could be held liable for damages incurred by purchasers of two subdivision lots when developer failed to make improvements as promised; agreement between vendor and purchaser/developer provided that selling price was calculated on basis of anticipated profits from sale of developed lots rather than value of raw land, and, nine days after vendor "sold" subdivision, vendor signed escrow agreement with county guaranteeing completion of improvements. | What is the meaning of subpartnership? | 022063.docx | LEGALEASE-00133458-LEGALEASE-00133460 |
| State v. Ice & Fuel Co., 166 N.C. 366 | 101+2612 | In view of section 2831, subd. 6, defining "person" as including bodies corporate, a corporation may be convicted of obtaining money by false pretenses under Revisal, S 3432, though it cannot be imprisoned. | Can a corporation form a criminal intent? | 006541.docx | LEGALEASE-00134056-LEGALEASE-00134057 |
| Henle v. Bodin, 54 S.D. 46 | 266+1825 | Restricting foreclosure to premises not embraced in stipulation as constituting part of street held error, where premises were not so used. | "When a state acquires private property for highway right of way, does it merely acquire an easement?" | Highways -Memo 108 - DB.docx | LEGALEASE-00023993-LEGALEASE-00023994 |
| Pjetrovic v. Home Depot, 411 S.W.3d 639 | 30+3239 | The ruling on a motion for continuance is reviewed for a clear abuse of discretion. | "When a request for a continuance is based on the withdrawal of counsel, is it the duty of the movant to show that the withdrawal was not due to negligence or fault on the part of the movant?" | 029476.docx | LEGALEASE-00136508-LEGALEASE-00136509 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Taylor v. State Highway Comm'n, 45 Wis. 2d 490 | 410+48(1) | The statutes have not changed the common-law rule that a person duly convicted of burglary or grand larceny is rendered infamous; and such a person is not a competent witness. | Is burglary a common law felony? | Burglary - Memo 152 - JS.docx | ROSS-003290447-ROSS-003290449 |
| State ex rel. Meeks v. Reaves, 416 S.W.3d 351 | 315P+52 | Subject of ex parte adult abuse protection order was entitled to depose petitioner and prepare his defense against full order of protection. V.A.M.S. S 455.010 et seq.; V.A.M.R. 57.03. | Is the right of a party to depose witnesses and as such adverse parties absolute? | 031456.docx | LEGALEASE-00137596-LEGALEASE-00137597 |
| Ogden Livestock Shows v. Rice, 108 Utah 228 | 115+138 | Where stockyards' lessee constructed wooden bridge with 38-foot span supported by five beams, 18x12 inches, having no supports under them, and bridge collapsed when truck which, with load, weighed about 15 tons, was driven thereon while hauling cement for contractor doing work for stockyards, judgment for lessee against trucker was reduced from $900 to $800 and affirmed. | Who has the duty to take reasonable care in using highways and bridge? | Highways- Memo 115-ANM.docx | ROSS-003302809-ROSS-003302810 |
| Bd. of Trustees of Internal Improvement Tr. Fund v. Am. Educ. Enterprises, 99 So. 3d 450 | 73+17 | Overbreadth is not a proper basis for certiorari review of discovery orders; disapproving Redland Company, Inc. v. Atlantic Civil, Inc., 961 So.2d 1004; Stihl Southeast, Inc. v. Green Thumb Lawn & Garden Center Newco, Inc., 974 So.2d 1200. West's F.S.A. Const. Art. 5, S 4(b)(3). | Is private individual financial information not discoverable when there is no financial issue pending in the case to which the discovery applies? | Pretrial Procedure - Memo # 4529 - C - NS.docx | ROSS-003330533-ROSS-003330534 |
| Wright v. Miller, 989 N.E.2d 324 | 30+3870 | Appellate courts presume that the trial court will act in accord with what is fair and equitable in each case, and thus, appellate courts will only reverse trial court's discovery sanctions if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law. | Are use and enforcement of case management orders and deadlines essential to sound judicial administration? | 031148.docx | LEGALEASE-00138647-LEGALEASE-00138648 |
| Kneeland v. Adm'r, Unemployment Comp. Act, 138 Conn. 630 | 392T+579 | A "pension" is a stated allowance or stipend made in consideration of past services or of surrender of rights or emoluments to one retired from service, and is not wages as that word is used in Unemployment Compensation Act provision wherein wages are defined as remuneration for employment. Social Security Act, 42 U.S.C.A. S 301 et seq.; Gen.St. 1949, S 7508. | Is a pension a wage? | Pension - Memo 29 - SB.docx | LEGALEASE-00029896-LEGALEASE-00029897 |
| Mt Holly Citizens In Action v. Twp. of Mount Holly, 2008 WL 4757299 | 148+277 | A citizen group's civil rights claims were ripe for adjudication. The citizen's group alleged that the township's planned demolition of minority-occupied housing was discriminatory both in intent and effect. The complaint alleged that the Township had already acquired 219 residential units out of the 329 homes in the redevelopment area, and that at least 73 of the units had been demolished. Additionally, the town council had passed an ordinance stating that the township did or would be the owner of all homes in the redevelopment area. The ordinance authorized the use of eminent domain proceedings in conjunction with the acquisition of the homes, and the township had commenced eminent domain proceedings against at least one property owner. | Should an action be dismissed for lack of subject matter jurisdiction if the issue presented involves a future event beyond the control of the parties which may never occur? | 032956.docx | LEGALEASE-00141212-LEGALEASE-00141213 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Akron Steel Fabricators Co. v. Krupp Plastics & Rubber Mach. (USA), 950 F. Supp. 836 | 25T+145 | Arbitration agreement contained in purchase order issued by buyer of conveyor system was binding upon seller, even though purchase order was not issued until after fundamental price, order and quality provisions had been agreed upon; there was prior course of dealing between parties, in which same purchase order form with arbitration agreement had been used. | Do courts focus on whether there was subjective agreement as to each clause in a contract? | Alternative Dispute Resolution - Memo 608 - RK.docx | LEGALEASE-00031900-LEGALEASE-00031901 |
| Qualls v. State Farm Lloyds, 226 F.R.D. 551 | 29T+369 | Insured was required to produce expert testimony on his theory that faulty sewer pipe caused mold to develop in home, in lawsuit against insurer alleging breach of standard Texas homeowners policy, breach of common law duty of good faith and fair dealing, and violations of Insurance Code and Texas Deceptive Trade Practices Act (DTPA), since specific cause was not within general experience and common sense of lay person and insurer provided expert testimony that another source was likely cause of mold. V.A.T.S. Insurance Code, arts. 21.21, 21.55; V.T.C.A., Bus. & C. S 17.41 et seq; Fed.Rules. Evid.Rule 701, 28 U.S.C.A. | Does the owner of a pipeline have the duty of ordinary care to protect the people and property in the vicinity of the line from the types of harm ordinarily resulting from such line? | Mines and Minerals - Memo #166 - C - CSS.docx | ROSS-003291080-ROSS-003291081 |
| Christian Bus. Phone Book v. Indianapolis Jewish Cmty. Relations Council, 576 N.E.2d 1276 | 46H+86 | Action by corporation which filed complaint without benefit of attorney should not have been dismissed where attorney had appeared for corporation prior to hearing on dismissal motion. West's A.I.C. 34-1-60-1. | Is a dismissal not favored because the opportunity to be heard is a litigant's most precious right? | 033865.docx | LEGALEASE-00143552-LEGALEASE-00143553 |
| Cumberland Cty. Hosp. Sys. v. N.C. Dep't of Health & Human Servs., 242 N.C. App. 524 | 15A+1836 | In conducting "whole record review," appellate court must examine all the record evidence in order to determine whether there is substantial evidence to support the agency's decision. | Should an action be dismissed for lack of subject matter jurisdiction if the issues before the court become moot? | 034181.docx | LEGALEASE-00144592-LEGALEASE-00144593 |
| E.I. DuPont De Nemours & Co. v. Sidran, 140 So. 3d 620 | 307A+563 | To support a dismissal based upon a fraud on the court, the court must find the false testimony was directly related to the central issue in the case. | Is it the moving party's burden to establish by clear and convincing evidence that the non-moving party has engaged in fraudulent conduct warranting dismissal? | 034372.docx | LEGALEASE-00144011-LEGALEASE-00144012 |
| People v. Pignatello, 15 Misc. 3d 833 | 110+273(4.1) | When crime is of type that is impossible to attempt, defendant may still plead guilty to otherwise non-existent attempt in context of bargained for plea, where court is permitted to accept negotiated plea to hypothetical lesser offense. | Is the payment of money important to a prosecution for bribery? | 012273.docx | LEGALEASE-00145160-LEGALEASE-00145161 |
| N. Arizona Properties v. Pinetop Properties Grp., 151 Ariz. 9 | 266+2073 | Exemption for deficiency judgment for single one or two-family "dwelling" did not require that dwelling constitute someone's permanent residence or normal place of abode and did not preclude investment use. A.R.S. S 33-729, subd. A. | Is church a dwelling house within as per the burglary law? | 012976.docx | LEGALEASE-00147918-LEGALEASE-00147921 |
| Wildflower v. St. Johns River Water Mgmt. Dist., 179 So. 3d 369 | 302+359 | In ruling upon a motion to strike pleading as sham, trial court must resolve all doubts in favor of the pleading. West's F.S.A. RCP Rule 1.150(a). | Can an affirmative defense ordinarily be raised by motion to dismiss? | 10410.docx | LEGALEASE-00095634-LEGALEASE-00095635 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Com. v. Rondeau, 27 Mass. App. Ct. 55 | 282+173 | While it was not unlawful to offer money to victim of assault and battery, but was unlawful to offer money to a robbery victim to drop prosecution, defendant's claim he was unaware that woman, to whom he attempted to offer money to drop pending charges against another, had been robbery and assault and battery victim, was for jury and was not grounds for dismissal of indictment. M.G.L.A. c. 268, S 13B. | How is the term endeavor different than attempt for the offense of corruptly endeavoring to influence petit juror? | 012404.docx | LEGALEASE-00148141-LEGALEASE-00148142 |
| United States v. Myers, 692 F.2d 823 | 316P+1057 | Congressman could not be convicted of violation of statute prohibiting members of Congress from receiving compensation for services rendered in relation to any proceeding in which the United States is interested merely by accepting money for giving advice about immigration. 18 U.S.C.A. S 203(a). | Is the defense of fraud available under bribery statute? | 012504.docx | LEGALEASE-00148340-LEGALEASE-00148341 |
| United States v. Garrido, 713 F.3d 985 | 110+1038.1(4) | Jury instructions on charges of honest services wire and mail fraud that allowed conviction if official acted or made decision based on his own personal interests, including receiving benefit from undisclosed conflict of interest, permitted conviction based upon failure-to-disclose theory that was subsequently determined to be unconstitutional in Supreme Court's decision in Skilling v. United States, resulting in error that was "plain," under plain error rule, on appellate review. 18 U.S.C.A. SS 1341, 1343, 1346; Fed.Rules Cr.Proc.Rule 52(b), 18 U.S.C.A. | What is the limiting principle that distinguishes an illegal gratuity from a legal one? | Bribery - Memo #991 - C-JL_57750.docx | ROSS-003293361-ROSS-003293362 |
| Panter v. Miller, 165 Ga. App. 266 | 228+185(2) | On summary judgment, the testimony of each party is construed against him if it is contradictory, vague or equivocal. | Can admissions in pleadings be used as solemn admissions in judicio to estop the party making them from denying them after they are withdrawn? | 017854.docx | LEGALEASE-00148956-LEGALEASE-00148957 |
| Wright v. Jackson Mun. Airport Auth., 300 So. 2d 805 | 156+68(2) | Landowners, who were awarded monetary judgment in airport's 1971 eminent domain proceeding to acquire fee simple title and who had instituted an inverse condemnation proceeding in 1963 to recover for taking of avigation easement, were not judicially estopped from claiming damages for avigation easement where it did not appear that landowners' positions in the two suits were inconsistent. | Does judicial estoppel differ from equitable estoppel in that it is not necessary to show reliance and injury? | Estoppel - Memo #7 - C-CSS_58265.docx | ROSS-003280427-ROSS-003280428 |
| Baker v. State, 17 S.W. 144 | 231+164(3) | Under Rev.St. art. 1641, now Rules of Civil Procedure, rule 574, which provides that, on appeal from justice court, the transcript must be filed in the county court on or before the first day of the second term after such appeal is taken, an appeal is irregular where the transcript is not filed until several terms after the appeal bond was given, and a failure to move for the dismissal thereof at the second term after the filing of the bond does not waive the irregularity. | Does the criminality of the offense of obstructing a public road depend on whether it was done willfully? | 018672.docx | LEGALEASE-00148644-LEGALEASE-00148645 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Matter of Park Nursing Ctr., 766 F.2d 261 | 51+2131 | Rule of notice in bankruptcy proceedings is adequate if it meets following conditions in addition to cost effectiveness: rule must reasonably be calculated to achieve actual notice, and there must be available procedure, either as part of the rule or as part of the general rules of civil procedure under which a person who fails to receive notice, through no fault of his own, has some available remedy for setting aside judgment of default entered against him. | How is fairness of a method of notice determined? | Notice - Memo 8 - VP_62198.docx | ROSS-003281580-ROSS-003281582 |
| Helvering v. Wheeling Mold & Foundry Co., 71 F.2d 749 | 220+4315 | Transferee of all assets and business of corporation engaged in manufacturing steel and iron products, under clause in contract requiring transferee to pay and discharge all "debts" of transferor corporation, held liable for unpaid excess profits tax assessed against transferor for year in which transfer was made. Revenue Act 1926, S 280(a)(1), 26 U.S.C.A.Int.Rev.Acts, page 212. | Does debt and tax have the same meaning? | 045891.docx | LEGALEASE-00149179-LEGALEASE-00149180 |
| Lawson v. Bank of Bladenboro, 203 N.C. 368 | 172H+588 | As respects liability, where bank receives paper for collection on party in distant place, agent it employs at place of payment is agent of owner and not of bank. | "Is it a well-settled principle of ratification that the principal should ratify the whole of an agent's unauthorized act, or not at all, and cannot accept its beneficial results and repudiate its burdens?" | 010383.docx | LEGALEASE-00150756-LEGALEASE-00150757 |
| Beach v. Ocwen Fed. Bank, 140 L. Ed. 2d 566 (1998) | 266+1710 | Three-year period for rescinding loan agreement under Truth-in-Lending Act (TILA) clearly precluded right of action after specified time; accordingly, it was not a statute of limitation, and mortgagors could not assert right to rescind as recoupment defense in foreclosure action brought by mortgagee more than three years after consummation of loan transaction; abrogating, In re Barsky, 210 B.R. 683; In re Botelho, 195 B.R. 558; In re Shaw, 178 B.R. 380; Federal Deposit Ins. Corp. v. Ablin, 177 Ill.App.3d 390, 126 Ill.Dec. 694, 532 N.E.2d 379; Community Nat. Bank & Trust Co. of N.Y. v. McClammy, 138 A.D.2d 339, 525 N.Y.S.2d 629; Dawe v. Merchants Mortgage and Trust Corp., 683 P.2d 796. Truth in Lending Act, S 125(f), 15 U.S.C.A. S 1635(f). | Does the TILA assure a meaningful disclosure of credit terms? | Consumer Credit - Memo 78 - KC_59001.docx | ROSS-003279915-ROSS-003279916 |
| Beach v. Ocwen Fed. Bank, 140 L. Ed. 2d 566 (1998) | 266+1710 | Three-year period for rescinding loan agreement under Truth-in-Lending Act (TILA) clearly precluded right of action after specified time; accordingly, it was not a statute of limitation, and mortgagors could not assert right to rescind as recoupment defense in foreclosure action brought by mortgagee more than three years after consummation of loan transaction; abrogating, In re Barsky, 210 B.R. 683; In re Botelho, 195 B.R. 558; In re Shaw, 178 B.R. 380; Federal Deposit Ins. Corp. v. Ablin, 177 Ill.App.3d 390, 126 Ill.Dec. 694, 532 N.E.2d 379; Community Nat. Bank & Trust Co. of N.Y. v. McClammy, 138 A.D.2d 339, 525 N.Y.S.2d 629; Dawe v. Merchants Mortgage and Trust Corp., 683 P.2d 796. Truth in Lending Act, S 125(f), 15 U.S.C.A. S 1635(f). | Does the TILA enable consumers to compare various credit terms available? | 013965.docx | LEGALEASE-00150544-LEGALEASE-00150545 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Beach v. Ocwen Fed. Bank, 140 L. Ed. 2d 566 (1998) | 266+1710 | Three-year period for rescinding loan agreement under Truth-in-Lending Act (TILA) clearly precluded right of action after specified time; accordingly, it was not a statute of limitation, and mortgagors could not assert right to rescind as recoupment defense in foreclosure action brought by mortgagee more than three years after consummation of loan transaction; abrogating, In re Barsky, 210 B.R. 683; In re Botelho, 195 B.R. 558; In re Shaw, 178 B.R. 380; Federal Deposit Ins. Corp. v. Ablin, 177 Ill.App.3d 390, 126 Ill.Dec. 694, 532 N.E.2d 379; Community Nat. Bank & Trust Co. of N.Y. v. McClammy, 138 A.D.2d 339, 525 N.Y.S.2d 629; Dawe v. Merchants Mortgage and Trust Corp., 683 P.2d 796. Truth in Lending Act, S 125(f), 15 U.S.C.A. S 1635(f). | Does the TILA enable consumers to avoid uninformed use of credit? | Consumer Credit - Memo 80 - KC_59003.docx | ROSS-003294666-ROSS-003294667 |
| Douglass v. Rowland, 540 S.W.2d 252 | 156+53 | It is not necessary that party against whom estoppel is charged should have intended to deceive; it is sufficient if he intended that his conduct should induce another to act upon it. | Are the three kinds of estoppel? | Estoppel - Memo #31 - C - CSS.docx | LEGALEASE-00039920-LEGALEASE-00039921 |
| Sutton v. FedFirst Fin. Corp., 226 Md. App. 46 | 30+3200 | Court of Special Appeals reviews the grant of a motion to dismiss de novo. | Should facts set forth in a complaint be pleaded with sufficient specificity to survive a motion to dismiss because bald assertions and conclusory statements by the pleader will not suffice? | Pretrial Procedure - Memo # 8176 - C - MS.docx | LEGALEASE-00040075-LEGALEASE-00040076 |
| In re Appointment of Viewers, 406 Pa. 6 | 148+156 | Where tax assessments were improperly made in name of someone other than name of registered owner and sheriff's sale to taxing authorities was void because registered owner was not named in foreclosure proceeding, and land was condemned after sheriff's sale, whatever rights taxing authorities had to amend assessment prior to condemnation were lost after condemnation, and heirs of former owner were entitled to condemnation award, and were not estopped from opposing amendment of liens. | Can taxes be collected in a way other than that pointed out by the statute? | 045950.docx | LEGALEASE-00150510-LEGALEASE-00150511 |
| Fay v. Witte, 262 N.Y. 215 | 83E+810 | Payee's name being on back of note, he was presumed to be unqualified indorser unless there were words expressing different intention. Negotiable Instruments Law, S 36, subd. 6, and SS 68, 113. | What does the term endorsement imply? | 010801.docx | LEGALEASE-00151222-LEGALEASE-00151223 |
| Triffin v. Dillabough, 448 Pa. Super. 72 | 83E+334 | Purported conditions on an otherwise negotiable instrument, that merely reflect other provisions of the law, do not vitiate negotiability. 13 Pa.C.S.A. S 3104(a) (1991). | When a note is subject to rights and obligations is it negotiable? | Bills and Notes-Memo 1032 - SB_60158.docx | ROSS-003320817 |
| Town of Burnside v. City of Indep., 372 Wis. 2d 802 | 30+3234 | Interpretations of statute of limitations and other statutes affecting the timeliness of a party's assertion of a legal claim ordinarily present questions of law reviewed de novo. | Are legal conclusions pleaded in a complaint not accepted and are insufficient to withstand a motion to dismiss? | 037839.docx | LEGALEASE-00152073-LEGALEASE-00152074 |
| Stephan v. Martin, 396 P.3d 723 | 106+90(2) | While panel of court of appeals must carefully consider each precedent cited to it, it also must uphold its duty to correctly determine law in each case that comes before it, and in doing so, may respectfully disagree with another panel's opinion. | Does a person appointed as an attorney has a fiduciary obligation to avoid self dealing and conflicts of interest? | Principal Agent-Memo 30-AM_60521.docx | ROSS-003293185-ROSS-003293186 |
| Great Am. Ins. Co. of New York v. Lowry Dev., 576 F.3d 251 | 217+1871 | Mississippi's notice statute, which stated that a cancellation, reduction in insurance coverage, or nonrenewal was not effective unless notice was mailed or delivered to the insured, allowed agents to receive the notice. West's A.M.C. S 83-5-28(1). | Is an agents authority limitless? | Principal and Agent - Memo 293 - KC_60586.docx | ROSS-003282260-ROSS-003282261 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jones v. United States, 124 A.3d 127 | 110+1032(1) | Any error in amendment of information from charging misdemeanor threats, which triggered statutory right to a jury trial, to attempted threats, which did not, on day of trial did not prejudice defendant, and therefore did not constitute plain error, where defendant never requested a jury trial and never objected to the amendment. D.C. Official Code, 2001 Ed. S 16-705(b). | Can a person be guilty of threats without causing the target of the threats to fear serious bodily harm or injury? | 046734.docx | LEGALEASE-00153517-LEGALEASE-00153518 |
| Groff v. State, 171 Ind. 547 | 178+14 | Acts 1907, p. 153, c. 104, S 2 (Burns' Ann.St. S 35-1202), makes it unlawful for any person to offer for sale or sell any adulterated or misbranded article of food. Held, that guilty knowledge or intent was not an element of such offense. | Should the employee who sells the article to the public obey the law in the manner of selling it? | Adulteration - Memo 38 _1VfK9b48on80bqYLZX5S SwRFkC4IVH7Xr.doc | ROSS-000000112-ROSS-000000113 |
| Palmer v. Poor, 121 Ind. 135 | 83E+793 | Proof that note had been altered after execution was admissible under answer denying defendant made note, and it was competent to prove want of delivery. | Does changing interest terms constitute a material alteration? | 009017.docx | LEGALEASE-00154747-LEGALEASE-00154748 |
| Yale v. Flanders, 4 Wis. 96 | 347+4 | It is not necessary that every one signing should have a separate seal, or that there shall be as many seals as signatures, but one may sign and adopt the seal of another party. | Can a note be assigned by parol? | Bills and Notes - Memo 942 - RK_60850.docx | ROSS-003282913 |
| Nelson v. First Nat. Bank of Killingley, 69 F. 798 | 157+489 | On an issue of the value of stock of a corporation in the hands of a receiver under a statute of the state creating it, in proceedings for its dissolution as insolvent, the opinions of competent witnesses as to the value of stock are admissible. | "Is a bill of exchange drawn in one of the states of the United States, payable in another, a foreign bill?" | Bill and Notes - Memo 15 KC _61939.docx | ROSS-003296793-ROSS-003296794 |
| All Purpose Vending v. City of Philadelphia, 127 Pa. Cmwlth. 415 | 92+1892 | That administrative review options to contest tax on taxpayers' for profit coin-operated mechanical amusement devices for film or video presentations were coupled with sanctions for noncompliance did not constitute prior restraint on taxpayers' freedom of speech. U.S.C.A. Const.Amend. 1. | Is a legislative declaration entitled to any weight when determining the nature of a tax? | Taxation - Memo # 931 - C - JL_61483.docx | ROSS-003293853-ROSS-003293854 |
| Jones v. State Bd. of Ed. Of & For State of Tenn., 279 F. Supp. 190 | 67+9(1) | Entry made by opening closed door is "breaking" regardless of whether door was locked or unlocked. Vernon's Ann.P.C. art. 1394. | What is considered entry at an unusual place? | Burglary - Memo 298 - RK_62300.docx | ROSS-003312805-ROSS-003312806 |
| Visoso v. Cargill Meat Sols., 18 Neb. App. 202 | 413+256 | As a general proposition, an illegal alien is an employee or worker who is covered by the Workers' Compensation Act. West's Neb.Rev.St. S 48-115(2). | Who is an alien? | MEMORANDUM _1V5ZUq74JgSBoacwPZA gSpGySUIjXQjSIvatMyVr1 O-c.docx | ROSS-000000320-ROSS-000000321 |
| Curtis v. Wasem, 96 Cal. App. 604 | 83E+426 | Indorsement in blank on back of note is sufficient assignment in writing of note. Civ.Code, S 3112. | When is loss occasioned by title to negotiable paper borne by the payee? | Bills and Notes-Memo 1281-ANM_63207.docx | ROSS-003279010-ROSS-003279011 |
| Watrel v. Com., Dep't of Educ., 513 Pa. 61 | 156+85 | Doctrine of promissory estoppel did not apply to require Retirement Board to accept terminated college president's retirement contribution in order that retirement benefits would vest where agreement between Department of Education and president, which by its terms did not require Board to accept check, was drafted by president who willingly agreed to terms that defeated bargained for result, and there was no evidence that deception was perpetrated by Department of Education. | Is the gist of estoppel a misrepresentation? | Estoppel - Memo #168 - C - CSS_62571.docx | ROSS-003293751-ROSS-003293752 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wallace v. Sinclair, 114 Cal. App. 2d 220 | 308+92(1) | The extent of an agency is measured by the authority conferred upon the agent, actually or ostensibly, and his power is sufficient to do everything that is necessary, proper or usual to accomplish the purpose of the principal, and the agent has actual authority as defined by the Civil Code, unless limited by the principal, and his ostensible authority is unlimited except as to those persons having knowledge of the restrictions imposed upon the agency. Civ.Code, SS 2315-2320, 2330. | What is the ancient maxim which expresses the heart of agency? | Principal and Agent - Memo 417 - RK_63537.docx | ROSS-003309648-ROSS-003309649 |
| Janssen v. State, 842 N.W.2d 680 | 266+708 | Under the doctrine of implied preemption, mortgagee's state law counterclaims against mortgagors for unjust enrichment, abuse of process, civil conspiracy, and tortious interference with prospective business relationships, which were premised on mortgagors aggregate actions in federal bankruptcy court, were preempted by the federal bankruptcy code; federal jurisdiction over bankruptcy proceedings was exclusive, there was a need for uniformity in the bankruptcy arena, and there were federal sanctions available to mortgagee for the filing of frivolous and malicious pleadings in bankruptcy court. U.S. Const. art I, S 8, cl. 4; 28 U.S.C.A. S 1334(a). | Is harassment a specific intent crime? | 046898.docx | LEGALEASE-00157832-LEGALEASE-00157833 |
| S.W. Croes Family Tr. v. Small Bus. Admin., 446 N.W.2d 55 | 302+236(7) | Nothing in the record indicated that defendants could clear up confusion they created even if they were allowed to amend their pleadings one more time, especially since they did not desire to amend in some minor respect but, rather, sought major amendment, which went to heart or grounds of litigation; therefore trial court did not abuse its discretion in denying defendants' motion to amend. | Is advancing the ends of justice the object of pleading? | 023836.docx | LEGALEASE-00158878-LEGALEASE-00158879 |
| Haltom Oil Co. v. Phillips Petroleum Co., 304 F.2d 95 | 101+2709 | Under provision in contract, each substantive paragraph of which was independent and distinct, to effect that oil company had theretofore sold to jobber bulk station and equipment, purchase price of which was covered by promissory note, that oil company was to purchase from jobber for total consideration of $30,000 said property and equipment and that oil company agreed to cancel note covering jobber's purchase price, balance due on note must be set off or credited against payment by oil company of $30,000 and oil company was not required to pay $30,000 in addition to cancelling balance due on note. | What is cancellation of a negotiable instrument? | Bills And Notes -Memo 53- AM_64597.docx | ROSS-003283292-ROSS-003283293 |
| Farmers Ins. Exch. v. Enter. Leasing Co., 281 Va. 612 | 95+1.1 | The law favors the making of contracts between competent parties for a valid purpose. | Is existence of a contract a necessary element of insurance? | 019592.docx | LEGALEASE-00159529-LEGALEASE-00159530 |
| Am. States Ins. Co. v. Utah Transit Auth., 699 P.2d 1210 | 217+2777 | Public transit authority, as a qualified self-insurer, was not required to provide uninsured motorist coverage for its passengers. U.C.A.1953, 31-41-5(1)(b). | Is self-insurance in actuality insurance? | 019620.docx | LEGALEASE-00160012-LEGALEASE-00160013 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Baker v. State, 17 S.W. 144 | 231+164(3) | Under Rev.St. art. 1641, now Rules of Civil Procedure, rule 574, which provides that, on appeal from justice court, the transcript must be filed in the county court on or before the first day of the second term after such appeal is taken, an appeal is irregular where the transcript is not filed until several terms after the appeal bond was given, and a failure to move for the dismissal thereof at the second term after the filing of the bond does not waive the irregularity. | Does liability for obstructing a public road depend on the fact that it was done willfully? | 018786.docx | LEGALEASE-00161633-LEGALEASE-00161634 |
| Baker v. State, 17 S.W. 144 | 231+164(3) | Under Rev.St. art. 1641, now Rules of Civil Procedure, rule 574, which provides that, on appeal from justice court, the transcript must be filed in the county court on or before the first day of the second term after such appeal is taken, an appeal is irregular where the transcript is not filed until several terms after the appeal bond was given, and a failure to move for the dismissal thereof at the second term after the filing of the bond does not waive the irregularity. | Does a person have to act willfully in order to be held liable or obstruction of a public road? | 018839.docx | LEGALEASE-00161763-LEGALEASE-00161764 |
| Battle v. Corp. of Mobile, 9 Ala. 234 | 83+82.35 | The city of Mobile, under its charter authority to tax real and personal property within the city, may lawfully assess a steamboat plying on the Alabama river, if owned by citizens of the state resident in Mobile, though it is registered and enrolled as a coasting vessel under the laws of the United States. | What does the power of taxation operate on? | Taxation - Memo 1148 - C - JL_65482.docx | ROSS-003293132 |
| Nat'l Meat Ass'n v. Deukmejian, 562 F. Supp. 357 | 83+74.5(3) | California statute imposing tax on out-of-state beef processors according to quantity of beef marketed in California but not levying any comparable tax on in-state beef processors discriminated against interstate commerce by treating out-of-state taxpayers differently from similarly situated in-state taxpayers and by giving direct commercial advantage to local business and thus violated commerce clause. U.S.C.A. Const. Art. 1, S 8, cl. 3; West's Ann.Cal.Agric.Code SS 64501-64735. | What is required in order to satisfy the nexus requirement for the state power to tax? | 046393.docx | LEGALEASE-00162120-LEGALEASE-00162121 |
| Maddox v. Duncan, 143 Mo. 613 | 83E+459 | The indorser of a note does not become a guarantor by an indorsement waiving notice and demand, and guarantying payment. Judgment (1895) 62 Mo. App. 474, reversed. | Is an endorsement considered an original contract? | 009264.docx | LEGALEASE-00162739-LEGALEASE-00162740 |
| First Nat. Bank v. Sprout, 78 Neb. 187 | 83E+863 | The transferee of a negotiable promissory note, who has purchased the same in the usual course for value, may bring an action at law against the maker without proof of indorsement. | Is the transfer of a check by parol valid? | Bills and Notes - Memo 1445 - RK_66503.docx | ROSS-003278904-ROSS-003278905 |
| First Nat. Bank v. Sprout, 78 Neb. 187 | 83E+863 | The transferee of a negotiable promissory note, who has purchased the same in the usual course for value, may bring an action at law against the maker without proof of indorsement. | Does a parol transfer of a check need to be accompanied by manual delivery to be valid? | Bills and Notes - Memo 1446 - RK_66504.docx | ROSS-003282879-ROSS-003282880 |
| Howe v. Waysman, 12 Mo. 169 | 186+189 | A father who was in failing circumstances bought property with his own money, and procured it to be conveyed to his minor children, and afterwards sold the same for a valuable consideration. Held, in an action of trover by the minors to recover the value of the property, that the conveyance to the minors was void as to the subsequent purchaser from the father. | Can money be taken in execution? | 014097.docx | LEGALEASE-00165093-LEGALEASE-00165094 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Davis ex rel. Zaire Ali Rose v. Pleasant, 68 So. 3d 679 | 30+3435 | Appellate courts review findings of fact using the clearly wrong/manifestly erroneous standard of review; during review, the appellate court must find from the record that there is a reasonable factual basis for the finding of the trial court and that the record establishes the finding is not clearly wrong or manifestly erroneous. | Does a determination of residency involve consideration of both fact and intention? | Domicile - Memo 63 - C - NK.docx | LEGALEASE-00054095-LEGALEASE-00054096 |
| Littlefield v. Roberts, 1968 OK 180, 448 P.2d 851 | 390+89(1) | Children and grandchildren of deceased grantor, seeking to impose resulting trust on land conveyed by grantor to herself and defendant as joint tenants failed to prove that prior to and at time of execution and delivery of deed that grantor had depended upon defendant to assist her in transacting her business, that grantor had been incapable of transacting her business affairs or that a close, confidential relationship existed between grantor and defendant. | Can an estoppel be set up against a party whose conduct was based upon pure mistake? | 018268.docx | LEGALEASE-00164421-LEGALEASE-00164422 |
| Barrows v. Nw. Mem'l Hosp., 153 Ill. App. 3d 83 | 198H+275 | Private hospital's exclusion of person from medical or surgical staff for unreasonable, arbitrary, capricious, or discriminatory considerations entitles that person to relief in courts of equity, but court will not intervene, if exclusion is based on sound and reasonable exercise of discretionary judgment; modifying Mauer v. Highland Park Hospital Foundation, 90 Ill.App.2d 409, 232 N.E.2d 776 (Ill.App. 2 Dist.); Rao v. St. Elizabeth's Hospital of the Hospital Sisters of the Third Order of St. Francis, 140 Ill.App.3d 442, 94 Ill.Dec. 686, 488 N.E.2d 685 (Ill.App. 5 Dist.); Knapp v. Palos Community Hospital, 125 Ill.App.3d 244, 80 Ill.Dec. 442, 465 N.E.2d 554 (Ill.App. 1 Dist.); Spencer v. Community Hospital of Evanston, 87 Ill.App.3d 214, 42 Ill.Dec. 272, 408 N.E.2d 981 (Ill.App. 1 Dist.); declining to follow Levin v. Sinai Hospital of Baltimore City, 186 Md. 174, 46 A.2d 298. | Is the purpose of attacking defects in pleadings to point out defects so that complainant will have opportunity to cure them before trial? | 041056.docx | LEGALEASE-00164519-LEGALEASE-00164520 |
| Nelson v. First Nat. Bank of Killingley, 69 F. 798 | 157+489 | On an issue of the value of stock of a corporation in the hands of a receiver under a statute of the state creating it, in proceedings for its dissolution as insolvent, the opinions of competent witnesses as to the value of stock are admissible. | Is a bill drawn in one state but payable in another a foreign bill of exchange? | Bill and Notes - Memo 15 - RK.docx | ROSS-003298999-ROSS-003299000 |
| Wildflower v. St. Johns River Water Mgmt. Dist., 179 So. 3d 369 | 302+359 | In ruling upon a motion to strike pleading as sham, trial court must resolve all doubts in favor of the pleading. West's F.S.A. RCP Rule 1.150(a). | Can an affirmative defense ordinarily be raised by motion to dismiss? | 11226.docx | LEGALEASE-00094526-LEGALEASE-00094527 |
| City of New Orleans v. Scramuzza, 507 So. 2d 215 | 371+3402 | City's earnings tax was local "income tax" prohibited by State Constitution. LSA-Const. Art. 7, SS 1 et seq., 4(C). | Should the realities and substance of a tax be examined rather than its form? | 044972.docx | LEGALEASE-00131893-LEGALEASE-00131894 |
| Sutton v. FedFirst Fin. Corp., 226 Md. App. 46 | 30+3200 | Court of Special Appeals reviews the grant of a motion to dismiss de novo. | Should facts set forth in a complaint be pleaded with sufficient specificity to survive a motion to dismiss because bald assertions and conclusory statements by the pleader will not suffice? | Pretrial Procedure - Memo # 8176 - C - MS_58986.docx | ROSS-003278684-ROSS-003278685 |
| Douglass v. Rowland, 540 S.W.2d 252 | 156+53 | It is not necessary that party against whom estoppel is charged should have intended to deceive; it is sufficient if he intended that his conduct should induce another to act upon it. | Are the three kinds of estoppel? | Estoppel - Memo #31 - C - CSS_59020.docx | ROSS-003280086 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ogden Livestock Shows v. Rice, 108 Utah 228 | 115+138 | Where stockyards' lessee constructed wooden bridge with 38-foot span supported by five beams, 18x12 inches, having no supports under them, and bridge collapsed while truck which, with load, weighed about 15 tons, was driven thereon while hauling cement for contractor doing work for stockyards, judgment for lessee against trucker was reduced from $900 to $800 and affirmed. | Is there a duty to use reasonable care so as not to cause damage to highways and bridges? | 018870.docx | LEGALEASE-00161727-LEGALEASE-00161728 |
| Wright v. Tower Loan of Mississippi, 679 F.2d 436 | 172H+1342 | Whether lender has violated Truth in Lending Act or Regulation Z by making an additional, nonrequired disclosure depends on facts of each case, but lender bears burden of proving compliance. Truth in Lending Act, SS 102-186 as amended 15 U.S.C.A. SS 1601-1667e; Truth in Lending Regulations, Regulation Z, S 226.1 et seq., 15 U.S.C.A. foll. S 1700. | Does the consumer have to actually be deceived for there to be a violation of TILA? | 013851.docx | LEGALEASE-00162610-LEGALEASE-00162611 |
| Culbertson v. Nelson, 93 Iowa 187 | 83E+348 | A bill of exchange drawn for a stated sum "with exchange" is not a negotiable instrument by the law merchant, for want of certainty in the sum to be paid. | "Is a note payable 'in currency' or 'in current funds,' prima facie negotiable" | Bills and Notes - Memo 76 - KC_65101.docx | ROSS-003281125-ROSS-003281126 |
| Schouwink v. Ferguson, 191 Mich. 284 | 73+60 | Where certificate of authority of surety company on bond offered by operator of motor bus under municipal ordinance expires before presentation on writ of certiorari of ruling on petition for mandamus to compel acceptance of bond, writ of certiorari will be dismissed. | "Will a case be dismissed when it appears by record that action by court would be futile, by reason of lapse of time?" | Pretrial Procedure - Memo # 7490 - C - KG_57528.docx | ROSS-003282462 |
| Forsman v. United Fin. Cas. Co., 966 F. Supp. 2d 1091 | 217+3514(2) | Duplicate recovery clause in automobile insurance policies did not amount to de facto subrogation in violation of Montana's public policy against subrogation before the insured had been made whole; rather, the duplicate recovery clause was a valid double-recovery exclusion of optional collision coverage under the policy, it did not give insurer authority to substitute itself for insureds, and insureds received coverage for premiums they had paid. MCA 61-6-103. | "Is subrogation an equitable doctrine designed to compel the ultimate payment of an obligation by the person who in justice, equity, and good conscience should pay it? " | Subrogation - Memo 141 VP C.docx | ROSS-003285769-ROSS-003285770 |
| In re Bosley, 446 B.R. 79 | 322H+1166 | Under Vermont law, if party is in possession of sufficient facts concerning another's interest in property to call upon him to inquire, he is charged with notice of such facts as diligent inquiry would disclose. | Does equitable subrogation arise in equity to prevent fraud and injustice? | Subrogation - Memo 249 VG C.docx | ROSS-003286161-ROSS-003286163 |
| Robertson v. Sullivan, 102 Miss. 581, 59 So. 846 | 366+3(4) | Cotenant of land subject to vendor's lien, who took a new deed from the grantor and had the lien canceled, held subrogated to the rights of the vendor as against the other cotenants. | "Is the object of subrogation the doing of complete, essential, and perfect justice between all parties?" | Subrogation - Memo 128 VP C.docx | ROSS-003286190-ROSS-003286191 |
| Sourcecorp v. Norcutt, 227 Ariz. 463 | 228+793(5) | A judgment creditor holding a lien upon real property may seek to satisfy the judgment from the property even if the debtor transfers the property to a third party. A.R.S. S 12-1553(2). | Is the nature of equitable subrogation to substitute a party into the position of another? | Subrogation - Memo 239 VG C.docx | ROSS-003312355-ROSS-003312356 |
| Jones v. United States, 124 A.3d 127 | 110+1032(1) | Any error in amendment of information from charging misdemeanor threats, which triggered statutory right to a jury trial, to attempted threats, which did not, on day of trial did not prejudice defendant, and therefore did not constitute plain error, where defendant never requested a jury trial and never objected to the amendment. D.C. Official Code, 2001 Ed. S 16-705(b). | Can a person be guilty of threats without causing the target of the threats to fear serious bodily harm or injury? | Threats - Memo #51 - C - LB_60791.docx | ROSS-003319906-ROSS-003319907 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| James T. Scatuorchio Racing Stable v. Walmac Stud Mgmt., 941 F. Supp. 2d 807 | 29T+151 | Agreement between owner of thoroughbred stallion and breeding farm, for the services of managing breeding career of race horse, was not subject to New Jersey Consumer Fraud Act (NJCFA); services to manage stud's career was not something sold to the general public, but instead a service highly particularized and unique, and the parties, as sophisticated breeders and competitive racers who entered into complex, multi-million dollar contracts with the aid of counsel, were not typical consumers. N.J.S.A. 56:8-1 et seq. | What is accounting? | 01990.docx | LEGALEASE-00077050-LEGALEASE-00077051 |
| Granite Valley Hotel Ltd. P'ship v. Jackpot Junction Bingo & Casino, 559 N.W.2d 135 | 209+241(1) | When both state court and tribal court have jurisdiction to entertain dispute involving question central to governance of Indian tribe, doctrine of comity generally divests state court of jurisdiction, as a matter of federal law, if state court's retention of jurisdiction would interfere with matters of tribal self-government. | Does the power of eminent domain extend to both intangibles and the product of intellectual activity? | Eminent Domain - Memo 41 - RK.docx | ROSS-003283921-ROSS-003283922 |
| United States v. Atl. Mut. Ins. Co., 298 U.S. 483 | 393+1027(1) | Insurer's claim as subrogee of cargo owners against United States, as owner of carrying transport, for contribution in "general average," held to have "accrued" when transport reached its destination and delivered remaining cargo to owners, even though claim was not then liquidated, as against contention claim accrued when adjuster rendered a general average statement, and hence, more than six years having elapsed since such accrual date, claim was barred by limitations. Jud.Code SS 145(1), 156; 28 U.S.C.A. SS 1491, 2501. | Should damages be liquidated before a cause of action can arise? | Action - Memo # 151 - C - CS.docx | LEGALEASE-00012553-LEGALEASE-00012554 |
| Florida Peninsula Ins. Co. v. Ken Mullen Plumbing, 171 So. 3d 194 | 302+245(1) | Homeowners insurer that was sued by insureds for water damage allegedly caused by defective plumbing had automatic right to amend third-party complaint against plumber that had not filed responsive pleading, but had only filed motion to dismiss. West's F.S.A. RCP Rule 1.190(a). | What facts and circumstances does the application of equitable subrogation depend upon? | Subrogation - Memo 1008 -- C- CAT.docx | ROSS-003310604-ROSS-003310605 |
| Brown v. ConocoPhillips Pipeline Co., 47 Kan. App. 2d 26 | 30+3662 | Appellate courts generally will not interfere with a district court's grant or denial of an injunction unless the district court abused its discretion; however, when an appeal frames questions of law, including the threshold legal requirements for injunctive relief in a particular case, appellate review is unlimited. | Can a party obtain an equitable remedy without a wrong for which a remedy is necessary? | Subrogation - Memo 984 - C- CAT.docx | ROSS-003284521-ROSS-003284522 |
| Westfield Ins. Grp. v. Affinia Dev., 982 N.E.2d 132 | 30+3554 | Appellate court reviews a summary judgment de novo and without deference to the trial court's determination. | Can you enforce a waiver of subrogation clause? | 043206.docx | LEGALEASE-00127205-LEGALEASE-00127206 |
| Whitaker v. Formby, 469 S.W.2d 241 | 260+78.6 | Where lease under which lessees completed first well provided that failure to drill second well forfeited all acreage covered by lease except 80 acres around completed well which acreage lessees could select, and lessees, after completing first well, did not drill second well or select 80 acres, and lessors entered into second lease specifically exempting 80 acres, and second lessees never requested first lessees to exercise right of selection, and second lessees claimed undivided interest in whole lease, selection by first lessees was excused. | Can a delay which works no injury or no disadvantage to another is laches that bar a right? | Action - Memo # 924 - C - KA.docx | LEGALEASE-00018986-LEGALEASE-00018987 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Schwartzco Enterprises LLC v. TMH Mgmt., 60 F. Supp. 3d 331 | 184+41 | When a plaintiff alleges a breach of fiduciary duty by conduct not amounting to fraud, such as breach of a duty of care, disclosure, or loyalty, the general pleading standards apply, as set out by rule requiring that a claim be a plain and short statement showing that the pleader is entitled to relief, not the heightened standards of rule requiring that, in all averments of fraud or mistake, the circumstances constituting fraud or mistake be stated with particularity. Fed.Rules Civ.Proc.Rules 8(a), 9(b), 28 U.S.C.A. | Is reciting bare legal conclusions insufficient? | 023169.docx | LEGALEASE-00130356-LEGALEASE-00130357 |
| Lee v. Konrad, 337 P.3d 510 | 102+194.18 | In action for attorney fees, wherein neighbor's attorneys contracted with the Alaska Public Employees Association (APEA), and neighbor was entitled to receive legal services at a contractually reduced rate, the trial court was not justified in using attorneys' customary hourly rates and awarding some fraction of the result, when the most objective estimation of the value of the attorneys' services was simply the rate they agreed to accept in exchange for participating in the APEA benefits plan, or $140 per hour. Rules Civ.Proc., Rule 82. | Is consent a defense to a claim of trespass? | 047305.docx | LEGALEASE-00133247-LEGALEASE-00133248 |
| Westfield Ins. Grp. v. Affinia Dev., 982 N.E.2d 132 | 30+3554 | Appellate court reviews a summary judgment de novo and without deference to the trial court's determination. | Is a waiver-of-subrogation provision valid and enforceable? | Subrogation - Memo # 1269 - C - SHS.docx | ROSS-003303622-ROSS-003303623 |
| Succession of McCord v. C.I.R., 461 F.3d 614 | 220+3011 | On appeal from tax court, determination of nature of property rights transferred is question of state law that Court of Appeals reviews de novo. | What does the term partnership interest mean? | 022434.docx | LEGALEASE-00143450-LEGALEASE-00143451 |
| Wilkins v. Wilkinson, 2002 WL 47051 | 284+85 | Parolee stated a cause of action in complaint for new parole revocation hearing on ground that use of video conferencing, without justification for depriving parolee his right to confront witnesses, violated his due process rights; parolee and attorney were unable to make eye contact with witnesses, and camera "froze up" on several occasions that prevented parolee and hearing officer from observing demeanor of witnesses. U.S.C.A. Const.Amend. 5, 14. | Are moot cases dismissed because they no longer present justiciable controversy? | Pretrial Procedure - Memo # 6939 - C - DHA.docx | ROSS-003316409-ROSS-003316410 |
| Roach v. Hedges, 419 S.W.3d 46 | 1.41E+205 | School principals, school plant operator, and school maintenance worker were immune from suit under recreational use statute as the owner of the school playground at which visitor allegedly received an injury after school hours, absent a showing of a willful or malicious failure to guard or warn, even if the defendants lacked the ability to decide if the land would be open to the public and the employees would be indemnified by school district, where the plant operator and maintenance worker's employment contract with the school district conferred duties that would give rise to negligence liability, and both principals had a duty to supervise school personnel, including those charged with maintenance of the school's grounds. KRS 411.190(1)(b), (3, 4, 6). | Is pleading in the alternative a standard legal practice? | 023626.docx | LEGALEASE-00149279-LEGALEASE-00149280 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Patton Children's Tr. v. Hamlin, 2008 WL 3863475 | 390+246 | An individual who claimed to be the trustee of a trust was authorized to request legal representation on behalf of the trust, in connection with landowners' declaratory judgment action against the trust for a declaration that the trust and the individual had no interest in certain real property. Thus, the attorney retained by the individual had authority to file an answer on the trust's behalf in that action. The individual had made sworn statements in response to the landowners' discovery requests that he was the trust's trustee, and he testified at the hearing on the landowner's motion to show authority that he had been the trust's trustee since its inception. Furthermore, another court had issued an order declaring that the individual was the trustee since the trust's inception. | Does the recital of facts bind both the parties to the deed and their privies? | 017996.docx | LEGALEASE-00150622-LEGALEASE-00150623 |
| Hoerner v. First Nat. Bank of Jackson, 254 So. 2d 754 | 185+158(2) | Where there was nothing to indicate that approval required of guarantor for loans by bank to corporation, of which guarantor was 50% shareholder, was required to be in writing, testimony offered by bank that subsequent loans were made by it only after approval of guarantor had been obtained by telephone conversations was not inadmissible as constituting parol evidence varying terms of a contract required by law to be in writing but rather should have been permitted in evidence not only to portray procedure used in obtaining guarantor's approval of the loans but also to determine whether his approval was in fact obtained. | Does estoppel arise from silence with a duty to speak? | 017852.docx | LEGALEASE-00156989-LEGALEASE-00156990 |
| Reiss v. Societe Centrale Du Groupe Des Assurances Nationales, 235 F.3d 738 | 170B+3785 | Further fact development was required as to whether federal district court sitting in New York had personal jurisdiction in finder's fee case over two French corporations that were instrumentalities of French government, under commercial exception togeneral sovereign immunity provided for in Foreign Sovereign Immunities Act (FSIA), based upon claimed status of finder as agent for corporations in connection with the acquisition of two subsidiaries by an American corporation. 28 U.S.C.A. S 160 2 et seq. | How is actual authority created? | 042053.docx | LEGALEASE-00157866-LEGALEASE-00157867 |
| Columbia Asset Recovery Grp. v. Kelly, 177 Wash. App. 475 | 13+6 | Courts avoid considering moot cases in order to avoid the danger of an erroneous decision caused by the failure of parties, who no longer have an existing interest in the outcome of a case, to zealously advocate their position. | Is equitable subrogation an absolute right? | 05098.docx | LEGALEASE-00083707-LEGALEASE-00083708 |
| Anti-Defamation League of B'Nai B'rith, Pacific Southwest Regional Office v. F.C.C., 403 F.2d 169 | 372+1124 | Record reflected substantial evidence, including fact that broadcasting company offered Anti-Defamation League free equal time to respond to paid broadcasts of commentator who allegedly made offensive comments concerning persons of the Jewish faith, in support of Federal Communications Commission's decision to renew license of the broadcasting company. U.S.C.A.Const. Amend. 1. | Can statements against large groups of people support an action for defamation? | 005098.docx | LEGALEASE-00117274-LEGALEASE-00117275 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Mau, 377 Ill. 199 | 181+31 | An indictment, which alleged that city comptroller, who had custody and control of city's account books and records and whose duty it was upon presentment of special assessment bonds for payment to prepare in triplicate a special assessment disbursement sheet upon which mayor and treasurer relied in executing warrant and authorization for payment, fraudulently prepared a special assessment disbursement sheet, which falsely stated that certain bonds were owned by a fictitious person, by reason of which a warrant and authorization for payment to order of fictitious person were issued, charged the offense of "forgery" under statute. Smith-Hurd Stats. c. 38, S 277. | Doesfalsemakingfallwithintheambitofcommonlawforgery? | Forgery - Memo 12 - RM.docx | ROSS-000177646-ROSS-000177649 |
| Orchards Assocs. v. Planning Bd. of Town of N. Salem, 114 A.D.2d 850 | 149E+689 | Scope of review of substantive environmental determinations made pursuant to the State Environmental Quality Review Act (McKinney's ECL S 8-0101 et seq.) is limited, with authority to annul determination as to environmental consequences of proposed project only if determination is irrational, arbitrary and capricious, or unsupported by substantial evidence. | Dothecourtsallowstateorlocalagenciesconsiderablelatitudeintheexerciseofdiscretiononsubstantiveenvironmentalmatters? | Environmental Law - Memo 38 - AKA.doc | ROSS-000177650-ROSS-000177652 |
| Columbia Asset Recovery Grp. v. Kelly, 177 Wash. App. 475 | 13+6 | Courts avoid considering moot cases in order to avoid the danger of an erroneous decision caused by the failure of parties, who no longer have an existing interest in the outcome of a case, to zealously advocate their position. | Is there an absolute right of equitable subrogation? | Subrogation - Memo 163 - ANG C.docx | ROSS-003287990-ROSS-003287991 |
| Reiss v. Societe Centrale Du Groupe Des Assurances Nationales, 235 F.3d 738 | 170B+3785 | Further fact development was required as to whether federal district court sitting in New York had personal jurisdiction in finder's fee case over two French corporations that were instrumentalities of French government, under commercial exception togeneral sovereign immunity provided for in Foreign Sovereign Immunities Act (FSIA), based upon claimed status of finder as agent for corporations in connection with the acquisition of two subsidiaries by an American corporation. 28 U.S.C.A. S 160 2 et seq. | How is actual authority created? | Principal and Agent - Memo 566-SB_63582.docx | ROSS-003308461-ROSS-003308462 |
| Am. Family Mut. Ins. Co. v. N. Heritage Builders, 404 Ill. App. 3d 584 | 307A+622 | A motion to dismiss based on legal insufficiency of the pleadings tests the legal sufficiency of the complaint, whereas a motion to dismiss based on defects or defenses outside the pleading that defeat the claim admits the legal sufficiency of the complaint, but asserts affirmative matter outside the complaint which defeats the claim. S.H.A. 735 ILCS 5/2-615, 2-619. | Is equitable subrogation dependent on the terms of the policy? | Subrogation - Memo 218 - RM C.docx | ROSS-003327862-ROSS-003327863 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Norfolk & Portsmouth Belt Line Railroad Company v. M/V MARLIN, 2009 WL 3363983 | 157+543.5 | Marine surveyor did not qualify to testify as an expert witness regarding the pre-incident value of the fendering system of railroad company's bridge, damaged after shipping company's bulk carrier boat allided into it. Marine surveyor opined that years of wear and marine borers caused such heavy deterioration to the piles of the fendering system that at the time of the allision, the piles were one-hundred percent depreciated and therefore, costs incurred by railroad company for its removal and reconstruction were not recoverable from the vessel's owner. However, while marine surveyor had extensive experience evaluating the nature and extent of damages and estimating the costs of repairs after an incident, he did not have any experience, training, or specialized knowledge in estimating the pre-incident value of a structure. | Does an admiralty court have the privilege to exercise flexibility? | 04993.docx | LEGALEASE-00078126-LEGALEASE-00078127 |
| Landers v. Bollinger Amelia Repair, 403 Fed. Appx. 954 | 170B+3448 | While notice of appeal specifically referred only to district court's order denying motion to reopen and not to underlying summary judgment ruling, the Court of Appeals would review summary judgment ruling, where order and ruling were intertwined, and both parties briefed the issues related to summary judgment ruling, such that appellee would not be prejudiced. | What is the fundamental duty of a vessels owner? | Admiralty Law - Memo 21 - JS.docx | ROSS-003300771-ROSS-003300773 |
| Schuman v. Greenbelt Homes, 212 Md. App. 451 | 233+1377 | Generally, in the absence of an actual or constructive eviction, a tenant will have a claim for damages caused by conduct by the landlord that strikes at the essence of its obligations under the lease. | What is a trespass? | Trespass - Memo 6 - RK.docx | ROSS-003285723-ROSS-003285724 |
| McCarthy v. Fuller, 810 F.3d 456 | 212+1456 | Permanent injunction barring defendants from making statements not determined, by jury or district judge, to be defamatory was overbroad. | What is the rule of equity in defamation law? | Libel and Slander - Memo 81 - TH.docx | LEGALEASE-00004705-LEGALEASE-00004706 |
| Embee Advice Establishment v. Holtzmann, Wise & Shepard, 191 A.D.2d 194 | 134+910(4) | Wife's express representations in settlement agreement precluded her claims that husband fraudulently misrepresented his finances to her. | What is the focus of modern pleading rules? | Pleading - Memo 45 - ANG.docx | ROSS-003284847-ROSS-003284848 |
| Sourcecorp v. Norcutt, 227 Ariz. 463 | 228+793(5) | A judgment creditor holding a lien upon real property may seek to satisfy the judgment from the property even if the debtor transfers the property to a third party. A.R.S. S 12-1553(2). | Does equitable subrogation compel the ultimate payment of a debt and prevent a windfall at the expense of another? | Subrogation - Memo 30 - VP.docx | ROSS-003283759-ROSS-003283760 |
| Capital Elec. Power Ass'n v. Mississippi Power & Light Co., 216 So. 2d 428 | 315+31 | Electricity is property. | Are awards of grandfather certificates under Section 5 made on area rather than facility basis? | 042447.docx | LEGALEASE-00127350-LEGALEASE-00127351 |
| Capital Elec. Power Ass'n v. Mississippi Power & Light Co., 216 So. 2d 428 | 315+31 | Electricity is property. | Is a certificate of convenience and necessity granted to a utility a valuable right to be protected by the courts? | Public Utilities - Memo 224 - AM.docx | ROSS-003286769-ROSS-003286770 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| 1701 Rest. on Second v. Armato Properties, 83 A.D.3d 526 | 233+832 | Lease extension and modification agreement unambiguously permitted tenant to renew lease, where extension agreement stated that other than as modified by the document itself, the terms of earlier lease remained "in full force and effect," renewal option had been available to tenant under terms of earlier lease, and extension agreement had clearly not modified the option. | Can a party be compelled to litigate and leave to discontinue a cause of action granted absent special circumstances? | Pretrial Procedure - Memo # 999 - C - SK.docx | ROSS-003314546-ROSS-003314547 |
| Bradley v. Bradley, 206 N.C. App. 249 | 30+3653 | When properly on appeal, orders concerning the appointment of a receiver are reviewed under an abuse of discretion standard. | "Can a voluntary dismissal be considered a ""proceeding"" for purposes of rule allowing relief?" | Pretrial Procedure - Memo # 2315 - C - NS.docx | ROSS-003300927-ROSS-003300928 |
| Berry v. Nat'l Med. Servs., 292 Kan. 917 | 30+3727 | The existence of a legal duty is a question of law over which the appellate court exercises unlimited review. | Does a petition govern the entire course of the case under notice pleading? | 027067.docx | LEGALEASE-00133062-LEGALEASE-00133063 |
| Point Intrepid v. Farley, 215 N.C. App. 82 | 106+26(3) | "Abuse of discretion" occurs where the court's ruling is manifestly unsupported by reason or is so arbitrary it could not have been the result of a reasoned decision; a trial court does not reach a reasoned decision, and thus abuses its discretion, when its findings of fact are not supported by competent evidence. | "Does a voluntary dismissal, even without prejudice, terminate a case and precludes the possibility of an appeal?" | 027936.docx | LEGALEASE-00132937-LEGALEASE-00132938 |
| Anderson v. State, 21 Okla. Crim. 135 | 268+636 | A county court is without jurisdiction to try municipal offenses. | "Will an application for a continuance on the ground of the absence of leading counsel be denied, where the defendant is duly represented by his other counsel?" | Pretrial Procedure - Memo # 3460 - C - KS.docx | ROSS-003291691-ROSS-003291692 |
| Duke Energy of Indiana v. City of Franklin, 69 N.E.3d 471 | 212+1078 | The grant or denial of a preliminary injunction rests within the sound discretion of the trial court, and appellate review is limited to whether there was a clear abuse of that discretion. | Is the plaintiff required to prove the defendant entered the land without right for a claim of trespass? | 047362.docx | LEGALEASE-00135230-LEGALEASE-00135231 |
| Graham v. Town of Latta, S.C., 417 S.C. 164 | 30+3603 | The grant or denial of new trial motions rests within the sound discretion of the trial judge and her decision will not be disturbed on appeal unless the findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law. | Is trespass to land an interference with another's present right of possession? | 047380.docx | LEGALEASE-00135272-LEGALEASE-00135273 |
| Roseman v. Mahony, 86 A.D. 377 | 30+4459 | Although an instruction has been erroneously refused, if its rejection has produced no injury to the party asking it, the judgment will not be reversed therefor. | When does a pre-existing debt constitute a consideration? | Bills and Notes- Memo 311-PR.docx | ROSS-003317449-ROSS-003317450 |
| State v. Mitchell, 106 Ariz. 492 | 350H+531 | Where defendant was charged with attempted kidnapping while armed with a gun and assault with a deadly weapon, to wit, a gun, there would have been no evidence of attempted kidnap while armed with a gun without assault with gun, and evidence necessary to convict on attempted kidnapping charge could not be withdrawn from assault charge without having complete lack of proof of assault with deadly weapon, defendant could not properly be sentenced under both counts, and it was necessary to vacate conviction of assault with deadly weapon. A.R.S. S 13-1641. | Are burglary and theft separate acts? | Burglary - Memo 164 - JS.docx | ROSS-003290203-ROSS-003290205 |
| State v. Steed, 357 P.3d 547 | 13+6 | Freeze orders under the Asset Preservation Statute are not inherently short in duration so as to likely evade review, and therefore, a claim challenging such an order does not satisfy the exception to the mootness doctrine. West's U.C.A. S 77-38a-601. | "Once a court has determined that there is no jurisdiction due to the absence of a justiciable controversy, is its immediate duty to dismiss the action?" | Pretrial Procedure - Memo # 5662 - C - DHA.docx | ROSS-003288917-ROSS-003288918 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mainor v. Jones, 190 Ohio App. 3d 300 | 228+379(1) | To prevail on motion for relief from judgment, movant must demonstrate that: (1) he has a meritorious defense or claim to present if relief is granted, (2) he is entitled to relief under one of the grounds stated in rule governing relief from judgment, and (3) motion for relief is made within a reasonable time. Rules Civ.Proc., Rule 60(B). | Is dismissal for procedural irregularities not highly favored? | 033479.docx | LEGALEASE-00140409-LEGALEASE-00140410 |
| Morss v. Palmer, 15 Pa. 51 | 307A+74 | Several depositions may be included in one certificate, if it is sufficiently formal. It is not necessary that a separate certificate should be appended to each deposition. | "To be admissible, should a commission required to show the return of the commissioner as to the manner of its execution?" | Pretrial Procedure - Memo # 5725 - C - DHA.docx | ROSS-003288053-ROSS-003288054 |
| Mainor v. Jones, 190 Ohio App. 3d 300 | 228+379(1) | To prevail on motion for relief from judgment, movant must demonstrate that: (1) he has a meritorious defense or claim to present if relief is granted, (2) he is entitled to relief under one of the grounds stated in rule governing relief from judgment, and (3) motion for relief is made within a reasonable time. Rules Civ.Proc., Rule 60(B). | Should the dismissal for nonappearance at a pre-trial conference be used only in extreme situations? | 033480.docx | LEGALEASE-00140976-LEGALEASE-00140977 |
| Jimenez v. Ortega, 179 So. 3d 483 | 30+3202 | While an appellate court reviews a trial court's dismissal sanction for abuse of discretion, a more stringent abuse of discretion standard is appropriate because dismissal is an extreme remedy. | Should the party who has been guilty of fraud or misconduct in the prosecution or defense of a civil proceeding not be permitted to continue to employ the very institution he has subverted to achieve his ends? | 034037.docx | LEGALEASE-00145107-LEGALEASE-00145108 |
| In re Commitment of J.M., 62 N.E.3d 1208 | 257A+40.6(12) | Involuntary commitment of patient was warranted since reasonable fact-finder could have concluded that patient presented a substantial risk to herself or others; patient's family described patient as delusional and hallucinatory, that patient had made threats against them, and that they were fearful of patient, patient had been belligerent and threatening to staff, such that she had to be restrained and secluded on various occasions, and doctor stated that patient had no clear shelter or ability to care for herself and that patient had not been willing to take necessary medications. West's A.I.C. 12-7-2-53, 12-26-2-5(e)(1). | Is a case deemed moot and dismissed when court is unable to render effective relief to party? | 035288.docx | LEGALEASE-00145531-LEGALEASE-00145532 |
| Piser v. State Farm Mut. Auto. Ins. Co., 405 Ill. App. 3d 341 | 157+370(1) | Basic rules of evidence require that a party must lay the proper foundation for the introduction of a document into evidence. | Would an affirmative matter for purpose of involuntary dismissal refute crucial conclusions of law or material fact contained in or inferred from the complaint? | Pretrial Procedure - Memo # 7547 - C - SHS.docx | ROSS-003286291-ROSS-003286292 |
| Brock v. Bowein, 99 So. 3d 580 | 222+13 | Complaint by clerk of circuit court was sufficient to state a claim for interpleader in action against school board and landowner, which was defendant in school board's "quick take" eminent domain action, even if clerk failed to qualify as an innocent stakeholder; clerk had only to allege that he was or could be exposed to double or multiple liability based on more than one claim to the accrued interest held in the court registry, and it was unnecessary for clerk to allege the common law requirements for strict interpleader. | Can a motion to dismiss be granted on the basis of an affirmative defense unless that defense is established on the face of the pleadings? | 035773.docx | LEGALEASE-00148184-LEGALEASE-00148185 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| B.R. v. Vaughan, 427 N.J. Super. 487 | 198H+750 | State and its agencies had no duty to notify long-term partner of community health center client that client was infected with the human immunodeficiency virus (HIV) or that she was at risk of contracting HIV from client; any such disclosure would have violated laws regarding confidentiality of acquired immune deficiency syndrome (AIDS) and HIV infection records and information since client gave no written authorization to agencies allowing for disclosure of his HIV status. N.J.S.A. 26:5C-7, 26:5C-8. | "Where a plaintiff fails to allege facts sufficient to support a claim for relief, should the complaint be dismissed?" | Pretrial Procedure - Memo # 8448 - C - NS_59147.docx | ROSS-003308433-ROSS-003308434 |
| Donovan v. Florida Peninsula Ins. Co., 147 So. 3d 566 | 241+6(1) | Statute requiring an action for breach of a property insurance contract to be brought within five years of the date of loss, rather than within five years of the date the cause of action accrued, could not be applied retroactively to insured whose breach of contract cause of action against property insurer accrued before statute's effective date; statute did not contain evidence of legislative intent for retroactive application, either on its face or in its legislative history, and statute did not contain a savings clause allowing a period of time for those with existing causes of action to file suit, such as would indicate legislative intent for retroactive application. West's F.S.A. S 95.11(2)(e). | Can the trial court go beyond the four corners of the complaint in deciding the merits of a motion to dismiss? | Pretrial Procedure - Memo # 8694 - C - KS_59732.docx | ROSS-003285791-ROSS-003285792 |
| Dare v. State on Behalf of Dep't of Law & Pub. Safety, Div. of New Jersey Racing Comm'n, 159 N.J. Super. 533 | 92+4292 | Racing Commission rules requiring all persons charged with care of horse to protect it from administration of drugs and declaring that trainer is responsible for condition of horse places absolute responsibility upon trainer when horse has been administered drug, the rules are consonant with statutory purposes and within authority delegated to Commission and suspension of license of trainer whose horse was found to have been administered drug did not deny due process, even though it was not found that trainer either directly administered drug, knew of administration of it or was negligent in his care of horse, thus permitting the drugging. N.J.S.A. 5:5-22 to 92, 30, 33, 71. | "In a prosecution for adulterated milk, s it necessary to show that the seller had knowledge that the milk was below the standard?" | Adulteration- Memo 40-_1HiQHTp6lfUR17q29uq9 DyelXnTuDinlu.doc | ROSS-000000121-ROSS-000000122 |
| Brown v. Krause, 30 Ill. App. 360 | 30+3511 | A finding or decree supported by some competent evidence, or substantially supported by the evidence, will not be disturbed. | "Where land has been conveyed in exchange for personal property, and the grantee seeks to repudiate the bargain for fraud, is a mere offer to trade back without tendering a re-conveyance a rescission?" | 018410.docx | LEGALEASE-00155078-LEGALEASE-00155079 |
| McDonald's Restaurants of Florida v. Doe, 87 So. 3d 791 | 73+17 | In premises liability action brought by employee of management company for fast food restaurant franchisee, trial court's discovery order, directing franchisor to produce trade secrets documents, departed from the essential requirements of law, such that certiorari review was appropriate; trial court ordered production of potential trade secrets information without conducting an in camera review of all the items, and apparently, the franchisee did not even possess some of these items, and they might not be relevant. | Does the right of control determine an agency relationship? | Principal and Agent - Memo 450 - RK_63570.docx | ROSS-003294701-ROSS-003294702 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Williams v. Neely, 134 F. 1 | 83E+735 | A sound reason why the holder of a note ought not in equity and good conscience to recover its face value is a good equitable defense, though it constitutes neither a counterclaim or offset nor an affirmative cause of action. | Is there no waiver where there is no estoppel? | Estoppel - Memo 230 - CSS.docx | LEGALEASE-00050593-LEGALEASE-00050594 |
| United States v. Robinson, 744 F.3d 293 | 350H+676 | Sentencing court's treatment of prior marijuana possession conviction of defendant convicted of conspiracy to distribute cocaine as yielding a prior sentence, rather than as relevant conduct, for purpose of calculating defendant's criminal history score, was warranted, even though the marijuana possession conviction and sentence occurred during the time frame of the conspiracy, where the marijuana possession conviction was for conduct unrelated to the conspiracy offenses. U.S.S.G. SS 1B1.3, 4A1.2, 18 U.S.C.A. | "Has a party who identified an issue, and then explicitly withraws it, waived the issue?" | 018112.docx | LEGALEASE-00161259-LEGALEASE-00161260 |
| Nugent v. Unum Life Ins. Co. of Am., 752 F. Supp. 2d 46 | 170A+1104 | Motions to strike matter from a pleading are generally disfavored, and requests to strike should usually be denied unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation, or unless it can be shown that no evidence in support of the allegation would be admissible. Fed.Rules Civ.Proc.Rule 12(f), 28 U.S.C.A. | "If the party to a contract evades the spirit of the contract, can he or she be liable for breach of the implied covenant of good faith and fair dealing?" | Action - Memo 952 - C _1ChbigS7tRmTOJx1RWE qHarNBr3AkbX-i.docx | ROSS-000000031-ROSS-000000032 |
| Piser v. State Farm Mut. Auto. Ins. Co., 405 Ill. App. 3d 341 | 157/370(1) | Basic rules of evidence require that a party must lay the proper foundation for the introduction of a document into evidence. | Would an affirmative matter for purpose of involuntary dismissal refute crucial conclusions of law or material fact contained in or inferred from the complaint? | 10972.docx | LEGALEASE-00094463-LEGALEASE-00094464 |
| Piser v. State Farm Mut. Auto. Ins. Co., 405 Ill. App. 3d 341 | 157/370(1) | Basic rules of evidence require that a party must lay the proper foundation for the introduction of a document into evidence. | Will an affirmative matter refute crucial conclusions of law or material fact contained in or inferred from the complaint? | 10156.docx | LEGALEASE-00095654-LEGALEASE-00095655 |
| Calibraro v. Bd. of Trustees of Buffalo Grove Firefighters' Pension Fund, 367 Ill. App. 3d 259 | 361+1217 | When two statutes conflict, more specific statute controls that which is more general. | "Can a motion to dismiss raise defects, defenses, or other affirmative matter appearing on the face of the complaint or established by external submissions that defeat the plaintiff's claim?" | 09712.docx | LEGALEASE-00096124-LEGALEASE-00096125 |
| Biggs v. N. Carolina Home Ins. Co., 88 N.C. 141 | 217+3051 | A provision in a fire policy, rendering it void if the title to the property insured be changed in any way other than by succession by reason of death, or if the policy be assigned without written assent of the company indorsed thereon, is reasonable and just; but it does not apply to a stock of goods disposed of in the ordinary course of trade, unless the sale be in mass or a new member be admitted into the firm. | "Is the principal at the mercy of his agent, however carefully he might limit his authority?" | 041657.docx | LEGALEASE-00155710-LEGALEASE-00155711 |
| Eisler v. United States, 170 F.2d 273 | 393+232(2) | Deliberate and intentional refusal of witness to testify before congressional investigating committee violated statute regardless of profession of good faith. 2 U.S.C.A. S 192. | DoesanaliendomiciledorresidingintheunitedStatesoweatemporaryall egiancetothecountry? | Aliens_Immigration and_1nH36gWeJdx4Cq8k TKvnaB41_luwfkZd1.docx | ROSS-000000296-ROSS-000000297 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Horn v. Int'l Bus. Machines Corp., 110 A.D.2d 87 | 149E+604(2) | Draft generic environmental impact statement and final generic environmental impact statement adequately discussed impact of proposed project and related zoning amendments upon entire community where they were replete with lengthy studies, analyses and discussions of potential impacts and serious consideration was given to issue of whether proposed action was in accordance with town plan. | Dothecourtsallowstateorlocalagenciesconsiderablelatitudeintheexer ciseofdiscretiononsubstantiveenvironmentalmatters? | Environmental Law - Memo 38 - AKA.doc | ROSS-000250474-ROSS-000250476 |
| United States v. Jones, 553 F.2d 351 | 135H+55 | There does not exist a double jeopardy problem in the appeal of a case wherein defendant stipulates facts solely for purpose of attacking validity of indictment. | Doesfalsemakingfallwithintheambitofcommonlawforgery? | Forgery - Memo 12 - RM.docx | ROSS-000250477-ROSS-000250480 |
| Graham v. Town of Latta, S.C., 417 S.C. 164 | 30+3603 | The grant or denial of new trial motions rests within the sound discretion of the trial judge and her decision will not be disturbed on appeal unless the findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law. | Is trespass to land an interference with another's present right of possession? | Trespass - Memo 268 - JS.docx | ROSS-003291317 |
| Am. Family Mut. Ins. Co. v. N. Heritage Builders, 404 Ill. App. 3d 584 | 307A+622 | A motion to dismiss based on legal insufficiency of the pleadings tests the legal sufficiency of the complaint, whereas a motion to dismiss based on defects or defenses outside the pleading that defeat the claim admits the legal sufficiency of the complaint, but asserts affirmative matter outside the complaint which defeats the claim. S.H.A. 735 ILCS 5/2-615, 2-619. | Is common law or equitable right of subrogation a remedial device utilized to prevent unjust enrichment? | Subrogation - Memo 355 - NS C.docx | ROSS-003312729-ROSS-003312730 |
| Am. Family Mut. Ins. Co. v. N. Heritage Builders, 404 Ill. App. 3d 584 | 307A+622 | A motion to dismiss based on legal insufficiency of the pleadings tests the legal sufficiency of the complaint, whereas a motion to dismiss based on defects or defenses outside the pleading that defeat the claim admits the legal sufficiency of the complaint, but asserts affirmative matter outside the complaint which defeats the claim. S.H.A. 735 ILCS 5/2-615, 2-619. | Can common law or equitable subrogation stand in the face of an express contractual right of subrogation? | Subrogation - Memo 248 - VG C.docx | ROSS-003323298-ROSS-003323299 |