

**Potter Anderson & Corroon LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE 19801-6108
302.984.6000
potteranderson.com

David E. Moore
Partner
dmoore@potteranderson.com
D 302.984.6147

December 9, 2024

**VIA ELECTRONIC FILING**

The Honorable Stephanos Bibas
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA 19106

    Re:    *Thomson Reuters Enterprise Centre GmbH et al. v. ROSS Intelligence Inc.*,
            C.A. No. 20-613-SB

Dear Judge Bibas:

      The parties have agreed that this Court should do a side-by-side comparison of the memo questions, headnotes and judicial text using D.I. 678-21, an excerpt of Ms. Frederiksen-Cross's three-way comparison, and 690-6 to 690-11, appendix B to Dr. Jonathan Krein's Supplemental Expert Report. However, D.I. 690-6 to 690-11 contains columns (J-O) that purport to be Dr. Krein's expert opinion of the originality of the headnotes. ROSS has not had the opportunity to respond to those columns. More importantly, case law precludes experts from opining on originality. *See Paul Morelli Design, Inc. v. Tiffany & Co.*, 200 F. Supp. 2d 482, 486-87 (E.D. Penn. 2002) (noting that an expert could not opine on the issues of originality, but if trained in a specific field, could opine on characteristics of jewelry). Accordingly, ROSS respectfully requests that the Court not consider Dr. Krein's opinions on creativity contained in columns J-O.

      Additionally, ROSS respectfully requests that the Court consider neither Dr. Krein's nor Ms. Frederiksen-Cross' expert opinions for actual copying (*Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 208 (3d Cir. 2005) (an expert is permissible for actual copying if it ""help[s] reveal the similarities that a lay person might not ordinarily perceive"); *Stromback v. New Line Cinema*, 384 F.3d 283, 295 (6th Cir. 2004) (expert testimony not permissible for short works); *Kindergartners Count, Inc. v. Demoulin*, 249 F. Supp. 2d 1214, 1231-32 (D. Kan. 2003) (same)); or material appropriation (*Whelan Assocs. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1232 (3d Cir. 1986) ("[T]he fact-finder must decide without the aid of expert testimony, but with the perspective of the 'lay observer,' whether the copying was 'illicit,' or 'an unlawful appropriation' of the copyrighted work.")).

      Thank you for Your Honor's consideration of this request.

The Honorable Stephanos Bibas
December 9, 2024
Page 2

                                                                            Respectfully,

                                                                            */s/ David E. Moore*

                                                                            David E. Moore

DEM:rms/11917108/20516.00001

cc:      Counsel of Record (via electronic mail)