# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200

MICHAEL J. FLYNN
(302) 351-9661
mflynn@morrisnichols.com

December 10, 2024

The Honorable Stephanos Bibas    *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE  19801-3570

Re:   *Thomson Reuters Enterprise Centre GmbH, et al. v. ROSS Intelligence Inc.*,
      C.A. No. 20-613 (SB) (D. Del.)

Dear Judge Bibas,

Plaintiffs respectfully respond to ROSS's December 9, 2024 letter.  D.I. 749.  At the oral argument on the parties' motions for summary judgment, Your Honor requested native copies of two spreadsheets that had been submitted with the parties' summary judgment papers.  D.I. 678, Ex. 21 and D.I. 690, Exs. 6–11.  Evidently concerned that Dr. Krein's spreadsheet contains six columns helpfully categorizing the headnotes, ROSS submitted an unrequested letter arguing that this Court should ignore them.  The letter was both inappropriate and wrong.

***First***, as discussed at the hearing, the law in this Circuit is clear: expert opinion is always permitted when assessing actual copying.  *See Dam Things from Denmark, a/k/a Troll Co. ApS, v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 562 (3d Cir. 2002) ("The test for actual copying can be established by direct evidence or inferred by evidence of access and similarities that are probative of copying between the works, ***and expert testimony***." (internal quotation marks omitted; emphasis added)).[1]  Thus, the material that ROSS asks this Court to ignore can be used to consider whether

---

[1]   The cases on which ROSS relies are inapposite as they address the separate question of whether an expert can testify about substantial similarity.  Moreover, these cases make clear that, in this Circuit, expert testimony ***is also*** permitted when analyzing substantial similarity.  *See Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 208 (3d Cir. 2005) (when analyzing "whether the defendant copied from the plaintiff's work . . . expert testimony is permissible to help reveal the similarities that a lay person might not ordinarily perceive"); *Whelan Assocs. v. Jaslow Dental Labs., Inc.*, 797 F.2d 1222, 1232 (3d Cir. 1986) (approving of district court's use of expert testimony in determining substantial similarity); *see also Stromback v. New Line Cinema*, 384 F.3d 283, 295 (6th Cir. 2004) (summary judgment order issued before commencement of expert discovery not cause for remand); *Kindergartners Count, Inc. v. Demoulin*, 249 F. Supp. 2d 1214, 1231–32 (D. Kan. 2003) (expert testimony not necessary for comparing substantial similarity of children's books).  In any case, as ROSS's own case makes clear, expert testimony is admissible as to substantial similarity when complex works are at issue.  *See Whelan*, 797 F.2d at 1233.

The Honorable Stephanos Bibas  Page 2
December 10, 2024

similarities between the headnotes and questions are probative of similarity. Hr'g Tr. 133:4–5, 13–17.

**Second**, even as to substantial similarity, the columns from Dr. Krein's spreadsheet merely categorize the headnotes. Dr. Krein does not offer an opinion on what constitutes protectible expression. Instead, he permissibly identifies the "characteristics" of the works. *See Paul Morelli Design, Inc. v. Tiffany & Co.*, 200 F. Supp. 2d 482, 486-87 (E.D. Pa. 2002). The Court can, thus, also use Dr. Krein's categories to sort the headnotes when determining their originality. Hr'g Tr. 94:25–96:11.

**Third**, ROSS again argues that it did not have the opportunity to respond to Dr. Krein's report, but as discussed at the hearing, the Canter Declaration is a direct response to Dr. Krein's spreadsheet. D.I. 717 (discussing Appendix B to the Krein Supplemental Report).[2] Moreover, ROSS could have submitted any other evidence or argument it wanted during summary judgment briefing. ROSS second guessing the evidence it submitted is not grounds to ignore the evidence that was submitted. Instead, as explained in *Compulife Software Inc. v. Newman*, "where the defendant's evidence is insufficient to prove that a particular element is unprotectable, the court should simply assume that the element is protectable and include that element in the final substantial-similarity comparison between the works." 959 F.3d 1288, 1306 (11th Cir. 2020). So too here, any headnotes ROSS did not address should be considered protectable. Hr'g Tr. 97:1–99:5.

**Fourth**, ROSS's challenge to Dr. Krein's opinions is untimely. ROSS had numerous opportunities to challenge Dr. Krein's categorization of headnotes. Plaintiffs note that the Krein Appendix was the subject of extensive oral argument, during which this Court was shown the document and requested a copy in Excel format, which the parties jointly agreed to provide. Hr'g Tr. 145:3–16, 175:16–176:12.

For the reasons enumerated, ROSS's request should be denied.

Respectfully,

Michael Flynn (# 5333)
*Counsel for Thomson Reuters*

cc:   All Counsel of Record

---

[2]   *See, e.g.*, D.I. 717, ¶ 2 ("In support of this brief, I and a team of lawyers at my direction completed an analysis of the 21,876 headnotes that Dr. Jonathan Krein identified in his Appendix B to his Supplemental Expert Report, served on August 11, 2024. This analysis was to determine the overlap between the 5,367 (out of 21,876) headnotes that Plaintiffs assert ROSS did not address during filtration and the 2,830 Bulk Memo questions identified by Mrs. Frederickson-Cross.").