# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200

**Michael J. Flynn**
(302) 351-9661
mflynn@morrisnichols.com

December 23, 2024

The Honorable Stephanos Bibas                                    *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801-3570

      Re:    *Thomson Reuters Enterprise Centre GmbH, et al. v. ROSS Intelligence Inc.*,
            C.A. No. 20-613 (SB) (D. Del.)

Dear Judge Bibas,

      Plaintiffs write in response to ROSS's December 20, 2024 letter (D.I. 755) concerning the Court's oral order of December 18, 2024 (the "Order") (D.I. 753). Plaintiffs respectfully submit that ROSS's letter is incorrect and should be given no weight.

      *First*, Plaintiffs' submission was made in direct response to the Court's Order. The Court requested the years on which the headnotes in D.I. 678-21 were published. For each headnote, Plaintiffs indicated whether the headnote was published before or after 1927  The Court then indicated that Plaintiffs had provided the information that it requested.

      *Second*, despite ROSS's claim that Plaintiffs submitted evidence not in the record, that is incorrect. On December 22, 2022, Plaintiffs filed D.I. 255-21, which is a list of the headnotes from D.I. 678-21 from cases published after 1927. *See* D.I. 257 (Notice of Lodging). ROSS has never challenged that submission. The revised spreadsheet that Plaintiffs provided to the Court in response to the Order merely provides the same information in an updated version of D.I. 678-21: adding an additional column (column J) identifying cases published prior to 1927 with a simple "yes" or "no." The updated file contains no new "substantive evidence," but rather, merely consolidates D.I. 255-21 and 678-21 for the Court's convenience. Plaintiffs also note that this same information is available in the dated cases themselves, which have all been produced and are available to ROSS. Indeed, they were cited by ROSS's own expert by Bates Number in each row of D.I. 678-21.[1]

---

[1] The discovery responses attached to ROSS's letter are irrelevant to the Court's request. ROSS's interrogatories improperly asked Plaintiffs to "[s]tate the number of HEADNOTES contained in WESTLAW that YOU created" and "state when each HEADNOTE was created and by whom." D.I. 755 at Exhibit B (Plaintiffs' response to interrogatory nos. 15 and 16) at 8-11. Plaintiffs responded to those interrogatories, explaining that "when newly published judicial opinions are added to Westlaw, headnotes are created for those opinions by

The Honorable Stephanos Bibas                                                                 Page 2
December 23, 2024

*Third*, ROSS is incorrect that the presumption of validity of Plaintiffs' copyright registrations does not extend to the West Headnotes—it is black-letter copyright law that "[t]he copyright in a compilation [extends] to the material contributed by the author of such work[.]" 17 U.S.C. § 103. Once again, ROSS misunderstands Plaintiffs' copyrights. This is not a situation where the work at issue is merely a compilation of facts. Rather, the West Headnotes and their selection and arrangement are Plaintiffs' original authorship, which involve extensive creativity, choice, and judgment. As this Court already has held, Plaintiffs' copyright registrations, which are in the record at D.I. 1-1, provide a presumption of validity that extends to the West Headnotes. D.I. 547 at 5-8; *see also FurnitureDealer.Net, Inc v. Amazon.com, Inc*, No. 18 Civ. 232, 2022 WL 891473, at *6 n.3 (D. Minn. Mar. 25, 2022) (noting "[t]he Court has previously concluded that a copyright registration for a compilation also provides protection to the component works so long as the registrant holds rights to those component parts" and "[t]herefore, the Court need not consider this argument again, but rather concludes that the presumption of validity extends to the component parts of a compilation for the same reasons the Court adopted in its prior Order").

The burden is thus squarely on ROSS to prove which elements are unprotectable. *See Hitchens v. Cnty. of Montgomery*, 98 F. App'x 106, 110 (3d Cir. 2004) ("Once the movant adequately supports its motion under Rule 56(c), the burden shifts to the nonmoving party to go beyond the mere pleadings and present evidence through affidavits, depositions, or admissions on file to show that there is a genuine issue for trial." (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 324 (1986))). To the extent that ROSS did not present evidence that headnotes were unprotectable, including due to material being in the public domain, "the court should simply assume that the element is protectable and include that element in the final substantial-similarity comparison between the works." *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1303, 1306 (11th Cir. 2020).

For the reasons enumerated, ROSS's letter should be disregarded.

                                                                            Respectfully,

                                                                            Michael Flynn (# 5333)
                                                                            *Counsel for Plaintiffs*

cc:     All Counsel of Record

---

Plaintiffs' attorney-editors as a part of Plaintiffs' rigorous editorial process." *Id*. at 11. This comports with the information contained within the updated version of D.I. 678-21, which merely indicates whether a judicial opinion was published before or after 1927—something that is also apparent from the face of the judicial opinion itself.