# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION,<br><br>        Plaintiffs/Counterdefendants,<br><br>    v.<br><br>ROSS INTELLIGENCE INC.,<br><br>        Defendant/Counterclaimant. | C.A. No. 20-613-SB<br><br>**JURY TRIAL DEMANDED**<br><br>**PUBLIC VERSION** |

## LETTER TO THE HONORABLE STEPHANOS BIBAS FROM DAVID E. MOORE, ESQ. REGARDING ORAL ORDER (D.I. 753)

OF COUNSEL:

Warrington S. Parker III
Joachim B. Steinberg
Jacob Canter
CROWELL & MORING LLP
3 Embarcadero Ctr., 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800

Keith J. Harrison
Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Tel: (202) 624-2500

Dated: December 20, 2024
11940396 / 20516.00001

PUBLIC VERSION
Dated: December 30, 2024

David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant/Counterclaimant ROSS Intelligence, Inc.*



**Potter Anderson & Corroon LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE  19801-6108
302.984.6000
potteranderson.com

David E. Moore
Partner
dmoore@potteranderson.com
D  302.984.6147

December 20, 2024

**VIA ELECTRONIC FILING**

The Honorable Stephanos Bibas
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA  19106

    Re:    *Thomson Reuters Enterprise Centre GmbH et al. v. ROSS Intelligence Inc.*, C.A. No. 20-613-SB

Dear Judge Bibas:

    ROSS Intelligence, Inc. ("ROSS") writes in response to the Court's December 19, 2024, Oral Order at D.I. 753, which directs the parties to "update [D.I. 678-21] with the year of publication of each headnote in a new column[.]" For the following reasons, ROSS respectfully objects to this request:

    Plaintiffs already provided a response to the Court without first showing the response to ROSS. ROSS needs an opportunity to review Plaintiffs' submission. But, more importantly, no supplement to D.I. 678-21 should be permitted at all.

    During discovery, ROSS requested that Plaintiffs provide the date that each headnote which Plaintiffs allege ROSS infringed was published. *See* Exhibit A at 8-9 (ROSS interrogatory request no. 16, directing Plaintiffs to identify "when each HEADNOTE" that Plaintiffs created and is contained in Westlaw "was created and by whom."). Plaintiffs objected to providing this information. *See* Exhibit B (Plaintiffs' response to interrogatory no. 16) at 9-11. Discovery is closed so Plaintiffs should not be allowed to provide this response now.

    It is Plaintiffs' burden to demonstrate the validity of each headnote which they contend ROSS has infringed based on evidence in the summary judgment record. *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002) ("To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff 's work."); *PennEnvironment v. PPG Indus., Inc.*, 587 F. Supp. 3d 286, 294 (W.D. Pa. 2022) ("The moving party bears the initial burden of identifying evidence which shows the lack of a genuine issue of material fact."). A copyright is only valid if it has not expired. *See Silverman v. CBS Inc.*, 870 F.2d 40, 49-50 (2d

The Honorable Stephanos Bibas
December 20, 2024
Page 2

Cir. 1989) (noting that "the CBS copyrights in the post–1948 radio scripts programs, and whatever rights it may have in the television scripts and programs . . . provide protection only for the increments of expression beyond what is contained in the pre–1948 radio scripts, which are in the public domain."); *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 33 (2003) ("The right to copy, and to copy without attribution, once a copyright has expired, like the right to make an article whose patent has expired—including the right to make it in precisely the shape it carried when patented—passes to the public.") (cleaned up); *Application of Cooper*, 254 F.2d 611, 616 (C.C.P.A. 1958) ("A book, once published, is protected against copying only if it is the subject of a valid copyright registration and then only until the registration expires, so eventually all books fall into the public domain").

Plaintiffs should not be able to provide substantive evidence sought during discovery to the evidentiary record at this juncture. If the Court cannot determine whether any of these headnotes are valid based on the summary judgment record, then Plaintiffs have failed to meet their burden, and the Court should rule against them on summary judgment.

To establish the validity of their headnotes, Plaintiffs cannot rely on the copyright registrations that they produced during discovery for two reasons. First, not all the registrations are in the summary judgment record. Second, the registrations only establish the validity of the compilation and do not establish the validity of the copyrightable works within the compilation. *See Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.,* 722 F.3d 591, 596 (4th Cir. 2013) ("The protection afforded to a compilation is independent of any protection that might be afforded to its individual components."); *Schiffer Pub., Ltd. v. Chron. Books, LLC*, 2004 WL 2583817, at *6 (E.D. Pa. Nov. 12, 2004) (agreeing with the Copyright Office that a compilation registration "covers the copyright protection available for [the author's] discretionary selection of which particular preexisting photos [ ] to use in a publication" but not the preexisting photos themselves); *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 926 (N.D. Ill. 2013) (noting that the *prima facie* presumption of validity for a registered compilation did not extend to individual works or sentences within the compilation). Indeed, like in *Schiffer*, Plaintiff's admit that their compilations include public domain materials, including judicial opinions and state-created headnotes. If Plaintiffs are claiming that portions of their compilations are individual works, it is Plaintiffs' burden to demonstrate the validity of these specific works.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM:rms/11940396/20516.00001

cc:     Counsel of Record (via electronic mail)