# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
———
(302) 658-9200

Michael J. Flynn
(302) 351-9661
mflynn@morrisnichols.com

December 30, 2024

The Honorable Stephanos Bibas　　　　　　　　　　　　　*VIA ELECTRONIC FILING*
United States District Court
　for the District of Delaware
844 North King Street
Wilmington, DE 19801-3570

　　　　　Re:　　*Thomson Reuters Enterprise Centre GmbH, et al. v. ROSS Intelligence Inc.*,
　　　　　　　　C.A. No. 20-613 (SB) (D. Del.)

Dear Judge Bibas:

　　　　ROSS's December 24, 2024 letter (D.I. 758) is an improper attempt to circumvent Federal Rule of Civil Procedure 56 and copyright law.  At this Court's request, Plaintiffs submitted a spreadsheet that reflected ROSS's expert, Barbara Frederickson-Cross's pairing of Bulk Memo questions, West headnotes, and case opinions, with Bates numbers identifying the source for each of those categories, and with a column added indicating whether the case listed in any given row was published before 1927.[1]  D.I. 678-21.  Plaintiffs' compliance with the Court's request, pointing only to information already on this case's docket, should not be an opportunity for ROSS to raise new issues nor to misrepresent the law and the facts relevant to this case.

　　　　*First*, ROSS's request to delay this case even further, by nearly a month, to object to each case ROSS itself identified as the relevant case corresponding to any given headnote in D.I. 678-21, which were identified by ROSS's *own* expert, is unnecessary, unwarranted, and prejudicial to Plaintiffs.  ROSS could have had its expert do this analysis during expert discovery, but it did not.  It could have raised objections to the version of its expert's spreadsheet submitted to the Court by Plaintiffs back in December 2022 in which Plaintiffs removed pre-1927 cases, but it did

---

[1] This information was taken from D.I. 255-21, filed December 22, 2022.  To be clear, 1927 reflects a conservative estimate of when materials would be in the public domain based on the timing of the first round of summary judgment briefing in this case in 2022. ROSS's infringement, however, occurred several years before this—namely, between 2015 to 2018—and, thus, Westlaw Content published prior to 1927 would still have been subject to copyright protection at the time of ROSS's infringement.

not. In fact, this Court requested this specific exhibit in native format because it was not the subject of a factual dispute.[2]

Even now, ROSS was only able to identify *three cases* out of 3,384 that it claims were erroneously categorized.[3] ROSS's only other alleged inaccuracies are that three cases *from* 1927 are labeled as not being pre-1927; plainly these were correctly categorized, as cases from 1927 are not pre-1927.[4] And ROSS claims that four entries for which Plaintiffs identified the case in column I as not predating 1927 are errors because ROSS has now newly identified an earlier-published opinion to which the headnote is currently attached in Westlaw, but which was *not* included in ROSS's expert report from which this chart originates. Only two of these earlier-identified opinions are actually pre-1927 opinions, but in any case, these were correctly categorized based on ROSS's own expert's chart, which is what is in the record and undisputed.[5]

| ID | Letter Chart Case | Bates Number | Bates Case |
|---|---|---|---|
| 2259 | *Champion v. Gordon*, 70 Pa. 474 (1872) | TR-0666714 | *Natl Am Insu Co of Cal v. Certain Underwriters at Lloyd's London*, 93 F.3d 529 (1996) |
| 3485 | *Drake Med. Co. v. Glessner*, 68 Ohio St. 337 (1903) | TR-0654828 | *Drake Medicine Co. v. Glessner*, 68 Ohio St. 337 (1903) |
| 3629 | *Clare v. Wogan*, 204 Iowa 1021 (1927) | TR-0692750 | *Clare v. Wogan*, 204 Iowa 1021 (1927) |
| 5049 | *Caspar v. Lewin*, 82 Kan. 604 (1910) | TR-0770287 | *Caspar v. Lewin*, 82 Kan. 604 (1910) |
| 5526 | *Erwin v. Lee Lumber Co.*, 163 La. 191 (1927) | TR-0678464 | *Erwin v. Lee Lumber Co.*, 163 La. 191 (1927) |

---

[2] While Plaintiffs contest ROSS's expert's ultimate conclusions, the information in this chart pairing headnotes, cases, and Bulk Memo questions is not the subject of any factual dispute.
[3] *Drake Med. Co. v. Glessner*, 68 Ohio St. 337 (1903) (ID#3485); *Caspar v. Lewin*, 82 Kan. 604 (1910) (ID#5049); and *Salter v Burt*, 20 Wend. 205 (1838) (ID#19277).
[4] ROSS claims this based on the cover email that Plaintiffs provided, which described the chart as showing which cases were published after 1927. For clarification, and as stated in the chart itself, the chart identifies cases published ***pre***-1927, and the chart controls.
[5] Moreover, of these four cases, two are identified as being publishing *in* 1927, not before 1927. These two cases, *Columbia Gaslight Co. v. Mobley*, 139 S.C. 107 (1927) (appearing in ID#11899) and *Lehigh Valley R. Co. v. State of Russia*, 21 F.2d 396 (2d Cir. 1927) (ID#18311) are ***not*** pre-1927 cases.

| 6293 | *State v. Jones*, 80 Mont. 574 (1927) | TR-0715283 | *State v. Walker*, 80 Mont. 574 (1927)[6] |
| 11899 | *Columbia Gaslight Co. v. Mobley*, 139 S.C. 107 (1927) | TR-0627638 | *Montana-Dakota Utilities v. City of Billings*, 318 Mont. 407 (2003) |
| 18311 | *Lehigh Valley R. Co. v. State of Russia*, 21 F.2d 396 (2d Cir. 1927) | TR-0706851 | *Cryer v. West*, 771 S.W.2d 5 (1989) |
| 19277 | *Champion v. Gordon*, 70 Pa. 474, 475 (1872) | TR-0566412 | *Salter v Burt*, 20 Wend. 205 (1838) |
| 15864[7] | *Lowe v. Broad Bottom Mining Co.*, 194 Ky. 88 (1922) at HN # 3 | TR-0883318 | *Fiscal Court of Pendleton County v. Pendleton Cty Board of Edu.*, 240 Ky. 589 (1931) |

While ROSS claims that it has not conducted a fulsome analysis of the entries in the spreadsheet, these same entries were submitted to the Court back in December 2022. If ROSS wanted to do this analysis, the time to do so was then, but having failed to do so, ROSS has waived these arguments. ROSS should not get a third bite at the apple now that summary judgment briefing is over.

***Second***, as indicated above, ROSS's letter raises arguments that it could have raised in opposition to Plaintiffs' motion for summary judgment, but it failed to do so. As a result, they are untimely and should not be considered for that reason alone.[8] *See Nat'l R.R. Passenger Corp. v. Penn. Public Utility Com'n*, 342 F.3d 242, (3d Cir. 2003); *Reynolds v. Wagner*, 128 F.3d 166, 178 (3d Cir. 1997) (holding that a single conclusory statement in a brief without more results in waiver of the argument); *Warren G. ex rel. Tom G. v. Cumberland Cty. Sch. Dist.*, 190 F.3d 80, 84 (3d Cir. 1999). ROSS did not previously argue that Westlaw Content was in the public domain due to a failure to renew or other formalities under the 1909 Act, nor has it put forward ***any*** evidence of such a failure. ROSS thus waived any such argument. Even now, as ROSS argues that certain headnotes are in the public domain, it points to only a handful, which, even had it raised this earlier, would have not met its burden under *Celotex Corp. v. Catrett*. *See* 477 U.S. 317, 320 (1986).

---

[6] This caption appears incorrectly in ROSS's original chart.
[7] As noted above, given ROSS's infringement occurred years prior to the filing of summary judgment in this case, the headnotes in the earlier 1922 case would have likewise been subject to copyright protection at the time of ROSS's copying.
[8] ROSS also attempts to relitigate issues covered by Plaintiffs' pending summary judgment motion, asserting that it has met its burden of rebutting the presumption of validity. Not so, as explained in Plaintiffs' briefing. D.I. 675 at 17-18.

3

***Third***, it is ROSS's burden to prove that any material it claims is in the public domain is in fact in the public domain. Because it has not presented any evidence thereof in opposition to either round of summary judgment briefing, "the court should simply assume that the element is protectable and include that element in the final substantial-similarity comparison between the works." *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1013, 1306 (11th Cir. 2020).[9] Furthermore, because Plaintiffs have obtained copyright registrations for Westlaw, it is ROSS's burden to demonstrate that any copyrightable subject matter covered by those registrations, ***including*** the Westlaw Content, is not protected by copyright law. 17 U.S.C. § 410(c) (copyright registrations "constitute *prima facie* evidence of the validity of the copyright"); *Broad. Music, Inc. v. Moor-L., Inc.*, 484 F. Supp. 357, 362–63 (D. Del. 1980) (copyright registrations constitute *prima facie* evidence of "ownership" as well as "originality, authorship, and compliance with statutory formalities."); *see also Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 291 (3d Cir. 1991).

ROSS contends that this presumption does not extend to the Westlaw Content because Plaintiffs did not register the Westlaw Content individually. That is not true. Rather, it is black-letter copyright law that, where the owner of a copyright for a collective work also owns the copyright for the constituent parts of that work, registration of the collective work covers the constituent parts. *See, e.g., Educ. Testing Serv. v. Katzman*, 793 F.2d 533, 538–39 (3d Cir. 1986) (finding "the fact that a registrant denominates the material as a compilation does not in itself signify that the constituent material is not also covered by the copyright"); *Idearc Media Corp. v. Nw. Directories, Inc.*, 623 F. Supp. 2d 1223, 1230 (D. Or. 2008) (collecting cases); 17 U.S.C. § 103 ("The copyright in a compilation [extends] to the material contributed by the author of such work…"). Depriving Plaintiffs the presumption of validity in the constituent parts of their collective work would completely undermine the Copyright Office's purpose in ***allowing*** single group registrations for collective works such as Westlaw. *See* U.S. Copyright Office, Circular No. 1, 7: Copyright Basics (2012); *Craigslist v. 3Taps*, 942 F. Supp. 2d 692, 976 (N.D. Cal. 2013) ("***absurd and inefficient to require the author of a larger work to individually register every possible smaller component of that work***") (emphasis added). To make this even clearer, in their registrations from the last few decades, Plaintiffs specifically identify as author-created material "original and revised text ***and*** compilation of legal material." D.I. 1-01 (emphasis added).[10] Thus, Plaintiffs have been granted copyright registrations for Westlaw covering all but the judicial opinions they expressly disclaim. Moreover, Plaintiffs' copyright registrations are prima facie evidence of "***compliance with statutory formalities.***" *Broad. Music*, 484 F. Supp. At

---

[9] Plaintiffs note that although they cited this case in their previous letter, ROSS still has not addressed it.

[10] ROSS's case citations are inapposite. It cites *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.* for the claim that the "*prima facie* evidence of the validity of a copyright" only attaches to information stated in the certificate, but as explained above, the certificates state that the compilation includes original text from Plaintiffs, not just a compilation of uncopyrightable facts. 975 F. Supp. 2d 920, 926 (N.D. Ill. 2013). *Collezione Europa U.S.A., Inc. v. Hillsdale House, Ltd.* is similarly irrelevant. It did not involve a compilation; rather, the issue in *Collezione* was that the copyright registration by its own description only extended to specific works and not others that Plaintiff was asserting. 243 F. Supp. 2d 444, 453 (M.D.N.C. 2003). That is not true here, where black-letter copyright law dictates that the copyright extends to the constitutive parts of the work.

362–63 (emphasis added). Accordingly, the presumption should be extended to the Westlaw Content. *FurnitureDealer.Net, Inc v. Amazon.com, Inc.*, 2022 WL 891473, at *6 n.3 (D. Minn. Mar. 25, 2022) ("a copyright registration for a compilation also provides protection to the component works so long as the registrant holds rights to those component parts").

**Fourth**, with regard to the two cases where ROSS identified an earlier published pre-1927 case in which the headnote appeared, ROSS overlooks the fact that Plaintiffs are also claiming infringement of their original *selection and arrangement* of West Headnotes in connection with specific relevant case passages chosen by Plaintiffs' attorney-editors. Accordingly, what matters for that claim is the date of the case in which the West Headnote is selected and arranged in connection with the text of that new case – the fact that a West Headnote might appear in an earlier case is separate from its protectability through this new selection and arrangement. Most important to the infringement here, it is the pairing of the headnote to the case passage that ROSS wanted to copy. *See* D.I. 675 at 12–13.

For the foregoing reasons, the Court should disregard ROSS's December 24, 2024 letter.

Respectfully,

Michael Flynn (# 5333)
*Counsel for Thomson Reuters*

cc:   All Counsel of Record

5