# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) | |
| | ) | C.A. No. 20-613-SB |
| Plaintiffs/Counterdefendants, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | **PUBLIC VERSION** |
| ROSS INTELLIGENCE INC., | ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |

## LETTER TO THE HONORABLE STEPHANOS BIBAS FROM DAVID E MOORE, ESQ.

OF COUNSEL:

Warrington S. Parker III
Joachim B. Steinberg
Jacob Canter
CROWELL & MORING LLP
3 Embarcadero Ctr., 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800

Keith J. Harrison
Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Tel: (202) 624-2500

Dated: December 24, 2024
11945010 / 20516.00001

PUBLIC VERSION
Dated: December 31, 2024

David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant/Counterclaimant*
*ROSS Intelligence, Inc.*



**Potter Anderson & Corroon LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE 19801-6108
302.984.6000
potteranderson.com

David E. Moore
Partner
dmoore@potteranderson.com
D 302.984.6147

December 24, 2024

<u>**VIA ELECTRONIC FILING**</u>

The Honorable Stephanos Bibas
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA 19106

**PUBLIC VERSION**
**December 31, 2024**

Re:    *Thomson Reuters Enterprise Centre GmbH et al. v. ROSS Intelligence Inc.*,
C.A. No. 20-613-SB

Dear Judge Bibas:

ROSS submits this letter to further object to Plaintiffs December 20, 2024, submission of the annotated excel. A preliminary review as noted below reflects that this excel is inaccurate and misleading. ROSS requests additional time to review the excel if the Court chooses to consider it. What follows is what ROSS has been able to complete since December 20, 2024. This letter also responds to Plaintiffs December 23, 2024, letter. D.I. 757.

Again, the annotated excel should not be considered at all regardless of Plaintiffs' justification because it is not part of the record on summary judgment.

I.    **The Annotated Excel is Unreliable, Contains Legally Irrelevant Information About Headnote Expiration Dates, and Contains Insufficient Information to Determine whether Any of the Headnotes Remain Protected**

**First**, the annotated excel is unreliable. Plaintiffs state that entries with a green-highlighted "no" in column J contain headnotes that "appeared in cases published after 1927." *See* Exhibit A (Loverro Email to Soparkar 2024-12-20). But this is not true, as many entries designated "no" contain cases that are from 1927 or that predate 1927. For example:

| ID # | Headnote Text | Sole Case Where Headnote is Found Based on Westlaw Search |
|------|---------------|----------------------------------------------------------|
| 2259[1] | "It is not an essential characteristic of a check that it is payable on demand." | *Champion v. Gordon*, 70 Pa. 474 (1872) at HN # 7 |

---

[1] This identical headnote can also be found at ID # 7459. This is another problem with the Annotated Excel: it has not been reviewed for duplications.

The Honorable Stephanos Bibas
December 24, 2024                                                                                        Page 2

| 3485 | "The right to protection in the use of a name as a trade-mark will pass by assignment." | *Drake Med. Co. v. Glessner*, 68 Ohio St. 337 (1903) at HN # 2 |
| 3629 | "Nonuser alone does not show abandonment of public highway." | *Clare v. Wogan*, 204 Iowa 1021 (1927) at HN # 9 |
| 5049 | "The protection of the Factory Act (Laws 1903, c. 356) extends only to persons acting within the scope of some labor or employment." | *Caspar v. Lewin*, 82 Kan. 604 (1910) at HN # 1 |
| 5526 | "Relief will be denied where suitor, before proceedings, permits lapse of time, so that evidence becomes obscure or lost." | *Erwin v. Lee Lumber Co.*, 163 La. 191 (1927) at HN # 3 |
| 6293 | "Right to impose tax must be upheld where state has power to impose tax and there are no constitutional objections." | *State v. Jones*, 80 Mont. 574 (1927) at HN # 5 |
| 11899 | "Any governmental charge for raising revenue is a 'tax.'" | *Columbia Gaslight Co. v. Mobley*, 139 S.C. 107 (1927) at HN # 8 |
| 18311 | "Foreign government may sue in federal courts." | *Lehigh Valley R. Co. v. State of Russia*, 21 F.2d 396 (2d Cir. 1927) at HN # 10 |
| 19277 | "A post-dated check was not entitled to days of grace, as a bill of exchange." | *Champion v. Gordon*, 70 Pa. 474, 475 (1872) at HN # 13 |

*See* Exhibit B (Annotated Excel).

**Second**, the annotated excel contains legally irrelevant information about the date that headnotes expire. The annotated excel only identifies headnotes that "*appeared* in cases published after 1927." *See* Exhibit A (Loverro Email to Soparkar 2024-12-20) (emphasis added). But the *first* date of publication is the legally relevant date for expiration purposes, not *any* date of publication. *See Richlin v. Metro-Goldwyn-Mayer Pictures, Inc.*, 531 F.3d 962, 966 n.7 (9th Cir. 2008) (quoting the 1909 Copyright Act, which stated that "the copyright secured by [the 1909 Act] . . . endure[ed] for twenty-eight years from the date of *first publication*.") (emphasis added); *Int'l Film Exch., Ltd. v. Corinth Films, Inc.*, 621 F. Supp. 631, 634 (S.D.N.Y. 1985) ("Under the 1909 Act, statutory copyright protection attached and endured for twenty-eight years from the date of *first publication* with notice.") (emphasis added). Entries in the annotated excel that are designated "no" in column J contain headnotes that were published in cases after 1927 but that were also published in cases that predate 1927. For example:

| ID # | Headnote Text | Case that Predates 1927 where Headnote is Found | Case that Postdates 1927 where Headnote is Found |
|---|---|---|---|
| 15864 | "An exhibit, while it cannot supply an omitted essential averment, may cure or aid a defective allegation." | *Lowe v. Broad Bottom Mining Co.*, 194 Ky. 88 (1922) at HN # 3 | *Fiscal Ct. of Pendleton Cnty. v. Pendleton Cnty. Bd. of Educ.*, 240 Ky. 589 (1931) at HN # 8 |

*See* Exhibit B.

**Third**, only copyrights that were published under the 1909 Act and that were *properly renewed* are entitled to the 95 years of protection. *Twin Books Corp. v. Walt Disney Co.*, 83 F.3d 1162, 1165 (9th Cir. 1996) ("The 1909 Act provided that an author was entitled to 28 years of protection from the date he or she secured a copyright on a work, and that the copyright could,

The Honorable Stephanos Bibas
December 24, 2024                                                                                              Page 3

before the first 28–year period expired, be renewed for another 28–year term."); *Batjac Prods. Inc. v. GoodTimes Home Video Corp.*, 160 F.3d 1223, 1226 (9th Cir. 1998) (stating that, under the 1909 Act "[t]o get the renewal term protection, copyright owners had to apply for renewal.").[2] To properly renew a copyright under the 1909 Act, "registration of an application for renewal in the Copyright Office," which could not "*be validly made until the last year of the original term of the copyright*" was required. *Barris v. Hamilton*, 1999 WL 311813, at *4 (S.D.N.Y. May 17, 1999) (quoting *Rose v. Bourne, Inc.*, 176 F. Supp. 605, 610 (S.D.N.Y. 1959), *aff'd* 279 F.2d 79 (2d Cir. 1960)) (emphasis in original). The annotated excel provides no information regarding whether any of the headnotes were properly renewed. The annotated excel thus provides insufficient information to establish whether any headnotes are entitled to 95-years of protection.

* * *

Because the annotated excel is unreliable, contains legally irrelevant information about when headnotes expired, and contains insufficient information to determine whether the headnotes are still entitled to protection, the annotated excel should not receive any weight as part of the Court's assessment of Plaintiffs' motion for summary judgment. If the Court is inclined to rely on the annotated excel, then ROSS respectfully requests 28 days to evaluate the annotated excel and raise objections about every entry in it.

## II.    Response to Plaintiffs December 23, 2024, Letter at D.I. 757

**First**, Plaintiffs contend that the exhibit at D.I. 255-21 is in the record. *See* D.I. 757 at 1. The exhibit at D.I. 255-21 was placed on the docket over two years ago, on December 22, 2022. *See* D.I. 255. That docket entry is not in the "in the summary judgment record." *See* D.I. 753 at 1. And only the summary judgment record matters when ruling on Plaintiffs' motion for summary judgment. Plaintiffs also contend that the "dated cases themselves" provide the information which the Court seeks. *See* D.I. 757 at 1. But these cases are not even on the docket and are certainly not part of the current summary judgment record. Plaintiffs' efforts to introduce brand new evidence well past the close of discovery and the close of summary judgment is procedurally improper, denies ROSS an opportunity to respond to evidence, and gives Plaintiffs a new opportunity to establish elements of its case well after the time to do so has ended.[3]

**Second**, Plaintiffs do not deny that they were asked in an interrogatory to "state when each HEADNOTE was created" and do not deny that they objected to providing this information

---

[2] Copyrights were only entitled to an extension to their renewal term if they were protected when the Copyright Term Extension Act was passed. *See e.g.*, *Eldred v. Ashcroft*, 537 U.S. 186, 196 (2003) ("For works published before 1978 with existing copyrights as of the [Copyright Term Extension Act's, or CTEA's] effective date, the CTEA extends the term to 95 years from publication."); *Mason v. Jamie Music Pub. Co.*, 658 F. Supp. 2d 571, 578 (S.D.N.Y. 2009) ("'Any copyright still in its renewal term at the time that the Sonny Bono Copyright Term Extension Act becomes effective [effective Oct. 27, 1998] shall have a copyright term of 95 years from the date copyright was originally secured.'") (quoting 17 U.S.C. § 304(b)).

[3] The Court stated that it will not "make arguments for Ross" in its 2022 copyright summary judgment decision. *Thomson Reuters Enter. Ctr. GmbH v. Ross Intel. Inc.*, 694 F. Supp. 3d 467, 480 (D. Del. 2023). Plaintiffs should be held to the same standard

The Honorable Stephanos Bibas
December 24, 2024                                                                                              Page 4

in a response and then failed to provide this information in any interrogatory responses. *See* D.I. 757 at 1-2 n.1. Plaintiffs cannot be allowed to now provide this information after the close of discovery. Plaintiffs must be required to bear the consequences of their discovery decisions.[4]

      **Third**, for many reasons Plaintiffs are wrong about where the presumption of copyright validity attaches.

      *Plaintiffs Ignore 17 U.S.C. § 410(c)*. Section 410(c) of Title 17 states that "[i]n any judicial proceedings the certificate of a registration made *before or within five years after first publication of the work* shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." *See* 17 U.S.C. § 410(c) (emphasis added); *Johnson v. Classic Material NY, LLC*, 2021 WL 1164089, at *2 (S.D.N.Y. Mar. 25, 2021) ("[I]f the certificate of copyright registration is not obtained within five years of the first publication of the work, the work is not entitled to the statutory presumption of validity") (citations omitted). *See also* 4 Nimmer on Copyright § 12.11[A].

      The earliest copyright registration in the summary judgment record is from the year 2019. *See* D.I. 690-20 at Exhibits. 34-35. And the earliest copyright registrations that Plaintiffs included at D.I. 1-1 are from the year 1981. *See* D.I. 1-1 at 1-17. Thus, even under Plaintiffs inaccurate theory, only headnotes that postdate the year 2014 are entitled to the presumption of validity (i.e., 2019 minus five years). *See* 17 U.S.C. § 410(c). Plaintiffs' other registrations, which are not in the summary judgment record, would only grant a presumption of validity for headnotes that postdate 1976 (i.e., 1981 minus five years). *See e.g. Shea v. Fantasy Inc.*, 2003 WL 881006, at *4 (N.D. Cal. Feb. 27, 2003) ("The statutory presumption of validity contained in the 1976 Act only applies when the certificate of registration is 'made before or within five years after first publication of the work . . .' 17 U.S.C. § 410(c). Since the Court has determined that the photograph was 'published' in the early 1970's, Shea is not entitled to a presumption of validity.").

      *17 U.S.C. § 103 Does Not Establish that the Presumption of Validity in a Compilation Registration Extends to Individual Works within the Compilation*. Despite what Plaintiffs state, *see* D.I. 757 at 2, section 103(b) has nothing to do with the scope of the presumption of validity. Instead, this provision describes the subject matter of copyright. It states that "[t]he copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material." 17 U.S.C. § 103(b). As explained *supra*, section 410(c) describes when the presumption of validity attaches to a registration.

      *FurnitureDealer.Net Does Not Establish that the Presumption of Validity in a Compilation Registration Extends to Individual Works within the Compilation*. The *FurnitureDealer.Net* opinion provides no explanation or justification for attaching the

---

[4] The Court stated that "Ross could have done more to try to develop the record during discovery . . . But it did not" in its 2024 antitrust summary judgment decision. *Thomson Reuters Enter. Ctr. GmbH v. Ross Intel. Inc.*, 2024 WL 4329936, at *3 (D. Del. Sept. 27, 2024). Plaintiffs should be held to the same standard.

The Honorable Stephanos Bibas
December 24, 2024

Page 5

presumption of validity to individual works within a compilation and instead only references a "prior Order" to justify this decision. *FurnitureDealer.Net, Inc v. Amazon.com, Inc*., 2022 WL 891473, at *6 n.3 (D. Minn. Mar. 25, 2022). The "prior Order" which the *FurnitureDealer.Net* court cites is at entry 91 of that case's docket. *See* D. Minn. 18-cv-232 at D.I. 91; *see also FurnitureDealer.Net, Inc. v. Amazon.com, Inc.*, 2019 WL 1207011, at *4 (D. Minn. Mar. 14, 2019) (the same decision). But that motion to dismiss opinion states nothing about whether the presumption of validity applies to individual works within a compilation. *Id*. The Court should not rely on an out-of-circuit district court opinion that provides no legal basis for its decision.

   <u>The Presumption of Validity in a Compilation Copyright Does Not Extend to Individual Copyrightable Works within the Compilation</u>. "Registration constitutes prima facie evidence that the work is original. This refers to the work as a whole, however, and not necessarily to all its parts." Patry on Copyright § 17:110; *Collezione Europa U.S.A., Inc. v. Hillsdale House, Ltd.*, 243 F. Supp. 2d 444, 453 (M.D.N.C. 2003) (holding that the "certificates of registration refer to and are limited to the sculpted leaves adorning the furniture" and not to all the other parts of the registered collection); *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 926 (N.D. Ill. 2013) (the "*prima facie* evidence of the validity of a copyright" only attaches to information stated in the certificate). If registration entitled a presumption of validity to every work within a compilation, then there would be no reason to ever register individual works.

   <u>ROSS Has Rebutted the Presumption of Validity</u>. Finally, even if the presumption of validity initially attached to the headnotes, "[t]his presumption of validity may be overcome by the 'offer [of] some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement.'" *Crew Knitwear, Inc. v. U.S. Textile Printing, Inc.*, 2009 WL 305526, at *2 (C.D. Cal. Feb. 6, 2009) (quoting *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1217 (9th Cir. 1997)). ROSS rebutted the presumption of validity in its opposition to Plaintiffs' motion for summary judgment by offering evidence that the headnotes are not original. *See e.g.*, D.I. 710 at 22-25; *N. Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992) ("The presumption of validity of copyright registration can be rebutted by a showing on the part of the defendant that the plaintiff's work is not original"); *CHM Indus., Inc. v. Structural & Steel Prods., Inc.*, 2008 WL 4693385, at *4 (N.D. Tex. Oct. 24, 2008) (Defendants "rebut[ted] section 410(c)'s presumption" because they "provided evidence that the copyrighted works are not original."); *Progressive Lighting, Inc. v. Lowe's Home Centers, Inc.*, 549 F. App'x 913, 919 (11th Cir. 2013) (the presumption of validity has been rebut because the defendants offered evidence that the "works whose copyrightability is at issue were useful articles" and thus not entitled to copyright).

       Respectfully,

       */s/ David E. Moore*

       David E. Moore

DEM:rms/11945010/20516.00001

Enclosure
cc: Counsel of Record (via electronic mail)