# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
———
(302) 658-9200

**Michael J. Flynn**
(302) 351-9661
mflynn@morrisnichols.com

January 8, 2025

The Honorable Stephanos Bibas                                            *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801-3570

    Re:   *Thomson Reuters Enterprise Centre GmbH, et al. v. ROSS Intelligence Inc.*,
           C.A. No. 20-613 (SB) (D. Del.)

Dear Judge Bibas:

    ROSS's January 6, 2025 letter (D.I. 764) attempts to muddy the water with various arguments that have already been discussed at length in the parties' various letters. To avoid burdening the Court with further back-and-forth, Plaintiffs focus this response on ROSS's new, untimely analysis, which is incorrect and grossly misleading.

    Once again, ROSS incorrectly claims "the earliest registration in the summary judgment record is from the year 2019." *Id*. at 3. This is false. Plaintiffs' copyright registrations in Westlaw, which date back to as early as 1981, were both filed concurrently with the Complaint on May 6, 2020 (D.I. 1-1) **and** were cited in Plaintiffs' summary judgment brief. *See* D.I. 675 at 17–18 ("Here, it is undisputed that Plaintiffs have copyright registrations in Westlaw. D.I. 1-1 (Copyright Registrations).").[1] Given all of Plaintiffs' registrations are part of the summary judgment record,[2] ROSS's arguments are without merit.

    Even if the Court were to consider ROSS's untimely analysis, it further demonstrates why summary judgment should be granted for Plaintiffs. ROSS claims that the only headnotes entitled to the presumption of validity were those published five years before the earliest registration date in the summary judgment record. Taking as true ROSS's erroneous claim that the earliest registration date in the summary judgment record is 2019, that would still leave 335 protectable Headnotes that were copied. D.I. 764 at 2. That is more than *de minimis* copying. *See, e.g., In Harper & Row, Publ'rs, Inc. v. Nation Enters.*, 471 U.S. 539, 564–66 (1985) (rejecting a claim that copying 300 to 400 words of a copyrighted book was insubstantial and

---

[1] Additionally, Plaintiffs' other copyright registrations in Westlaw are a matter of public record.

[2] To be clear, ROSS's argument makes no sense regardless of whether those registrations were cited in summary judgment briefing (which they were) as the Court is permitted to consider **any materials in the record** in ruling on the parties' summary judgment motions. Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

constituted fair use of the material).  Applying ROSS's own analysis to the **actual** date of the earliest registration in the record,³ 1981, minus five years, leaves **2,344** Headnotes that ROSS admits are entitled to the presumption of validity and were copied.  That, plainly, is not *de minimis* copying.

      Finally, none of ROSS's additional arguments have merit.  As to ROSS's claim that Plaintiffs have introduced "new evidence," Plaintiffs explained that (1) this information was submitted to the Court back in December 2022, and (2) ROSS could have had its expert do this analysis during expert discovery and/or ROSS could have raised these objections back in December 2022, but it did neither.  D.I. 761 at 1–2.  ROSS has waived the right to do so now.  Similarly, ROSS did not previously argue that Westlaw Content was in the public domain due to a failure to renew or other formalities under the 1909 Act, nor has it put forward any evidence of such a failure, and thus waived any such argument.  *Id*. at 3.  Lastly, ROSS's contention that the presumption of validity does not extend to the Westlaw Content because Plaintiffs did not register the Westlaw Content individually is contrary to black-letter copyright law and would completely undermine the Copyright Office's purpose in allowing single group registrations for collective works such as Westlaw.  *Id* at 4.

      In short, ROSS's letter makes clear its copying was more than *de minimis* and, thus, summary judgment should be granted for Plaintiffs on the issue of direct infringement.

      Respectfully,

Michael Flynn (# 5333)
*Counsel for Thomson Reuters*

cc:    All Counsel of Record

---

³  As noted above, Plaintiffs' other copyright registrations are a matter of public record and, thus, the Court need not consider this issue under ROSS's framework at all.