**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, <br><br> Plaintiffs/Counterdefendants, <br><br> v. <br><br> ROSS INTELLIGENCE INC., <br><br> Defendant/Counterclaimant. | ) ) ) ) ) C.A. No. 20-613-SB ) ) **JURY TRIAL DEMANDED** ) ) ) **PUBLIC VERSION** ) ) ) ) |

**<u>LETTER TO THE HONORABLE STEPHANOS BIBAS FROM DAVID E MOORE, ESQ.</u>**

OF COUNSEL:

Warrington S. Parker III
Joachim B. Steinberg
Jacob Canter
CROWELL & MORING LLP
3 Embarcadero Ctr., 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800

Keith J. Harrison
Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Tel: (202) 624-2500

Dated: January 6, 2025
11967405 / 20516.00001

Public Version Dated: January 13, 2025

David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant/Counterclaimant
ROSS Intelligence, Inc.*



**Potter Anderson & Corroon LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE 19801-6108
302.984.6000
potteranderson.com

David E. Moore
Partner
dmoore@potteranderson.com
D 302.984.6147

January 6, 2025

Public Version Dated: January 13, 2025

**VIA ELECTRONIC FILING**

**PUBLIC VERSION**

The Honorable Stephanos Bibas
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA 19106

    Re:  *Thomson Reuters Enterprise Centre GmbH et al. v. ROSS Intelligence Inc.*,
           C.A. No. 20-613-SB

Dear Judge Bibas:

    ROSS writes in response to Plaintiffs' annotated spreadsheet and Plaintiffs' December 30, 2024, letter (D.I. 761).

    Attached as Exhibit A is a spreadsheet that includes ROSS's response to Plaintiffs' new evidence. *See* Exhibit A. Here are the results:

- 1,061 of the 3,385 entries represent headnotes published before January 1, 1978. These entries are highlighted in green or blue (in column K). As explained *infra*, Plaintiffs have failed to introduce evidence on summary judgment that the registrations for these headnotes were properly renewed under the 1909 Act. *See infra* § I.

- 3,002 of the 3,385 entries represent headnotes published before January 1, 2015. These entries are highlighted in orange (in column K). As explained *infra*, Plaintiffs have failed to introduce evidence on summary judgment that these headnotes are eligible to receive a presumption of validity pursuant to 17 U.S.C. § 410(c). *See infra* § III.

- 50 of the 3,385 entries do not contain a headnote. These entries are highlighted in yellow (in column K).

- 23 of the 3,385 entries are designated "No" in column K but either were published in 1927 or predate 1927.

The Honorable Stephanos Bibas
January 6, 2025
Page 2

As a result of this analysis, there are only 335 entries out of the 3,385 that are potentially eligible for an originality and similarity analysis after the Court has determined whether they are at issue in this litigation. *See* D.I. 201. These are the entries with no highlights.

Plaintiffs contend that it would be prejudicial to them if ROSS had a reasonable amount of time to respond to their new evidence. *See* D.I. 761 at 1. They do not explain how this would be prejudicial. Moreover, as noted *infra*, the law requires allowing ROSS such a response and there is no validity to the assertion that ROSS has waived any response.

We also now respond to Plaintiffs' arguments in their December 30 letter.

### I.  ROSS Has Not Waived Its Right to Respond

Plaintiffs do not dispute that they have placed into the record new evidence after the hearing on summary judgment. *See* D.I. 761 at 1 n.1; D.I. 758 at Exhibit B. Plaintiffs also do not dispute that copyrights published under the 1909 Act are entitled to 95 years of protection only if they were properly renewed on the last year of the original term of the copyright. *See* D.I. 758 at 2-3. Instead, Plaintiffs wrongly claim that ROSS waived this argument. *See* D.I. 761 at 3.

Not so. In opposition to Plaintiffs' summary judgment motion, ROSS argued that certain headnotes no longer had copyright protection due to their age. *See* D.I. 713 at 24. Now, in post-hearing briefing, Plaintiffs introduce new evidence about the date that headnotes were published. *See* D.I. 758 at Exhibit B. ROSS is simply responding to Plaintiffs new evidence. This is allowed. *See Alston v. Forsyth*, 379 F. App'x 126, 129 (3d Cir. 2010) ("Fundamental fairness demands that Alston should have had notice and a meaningful opportunity to respond prior to the award of summary judgment on grounds raised for the first time in Appellees' reply brief.").

The Third Circuit in *National R.R. Passengers Corp.*, on which Plaintiffs rely for their waiver argument, *declined* to accept that an argument was waived. 342 F. 3d 242, 259 n. 14 (3d Cir. 2014). *Reynolds* has no application because the court deemed an argument waived when party had an opportunity to respond but only responded in a conclusory fashion. 128 F.3d 166, 178 (3d Cri. 1997). And in *Warren G. ex rel. Tom G.*, the movants had an opportunity to raise the argument in their opening brief and never did so. 190 F.3d 80, 84 (3d Cir. 1999).

### II.  The Presumption of Validity Does Not Apply to Any of the Individual Headnotes

ROSS also responded to Plaintiffs new evidence by noting that the Court may not presume the validity of any of the headnotes based on Plaintiffs' copyright registrations because "the registrations only establish the validity of the compilation and do not establish the validity of the copyrightable works within the compilation." D.I. 755 at 2; D.I. 758 at 5.

Plaintiffs' response that the owner of a collective work also owns the copyrights for the constituent parts of that work is neither here nor there. Ownership pursuant to 17 U.S.C. section 103 does not imply a presumption of validity pursuant to 17 U.S.C. section 410(c). *See* D.I. 758 a 4.

The Honorable Stephanos Bibas
January 6, 2025
Page 3

### III. Only Headnotes Published After 2014 Can Receive a Presumption of Validity

ROSS also explained in its December 24 letter that 17 U.S.C. section 410(c) only grants a presumption of validity to copyrighted works where the registration was made before or within five years after first publication of the work. *See* D.I. 758 at 4. ROSS then noted that the "earliest copyright registration in the summary judgment record is from the year 2019" and that, therefore, "only headnotes that postdate the year 2014 are entitled to the presumption of validity (i.e., 2019 minus five years)." *Id.* (collecting cases).

Plaintiffs do not challenge this argument. Instead, they state that "because Plaintiffs have obtained copyright registrations for the compilation Westlaw, it is ROSS's burden to demonstrate that any copyrightable subject matter covered by those registrations, including the Westlaw Content, is not protected by copyright law." D.I. 761 at 4. This argument ignores section 410(c), which only shifts the burden of proof for certain works first published within five years of the registration. *See* D.I. 758 at 4. Plaintiffs even ignore their own Copyright Office citation which explains that a five-year limitation applies. *See* Circular No. 1, 7: Copyright Basics (2012) ("A certificate of registration creates certain legal presumptions *if the work is registered before or within five years after the work was first published*.") (emphasis added, cited by Plaintiffs at D.I. 761 at 4).

Because Plaintiffs are entitled to *no* presumption of copyright validity for *any* of the 3,002 headnotes published in 2014 or before 2014, it is Plaintiffs' burden to establish the validity of *every* one of these 3,002 headnotes. *See Shea v. Fantasy Inc.*, 2003 WL 881006, at *4 (N.D. Cal. Feb. 27, 2003). Plaintiffs have failed to do so.

Also, *Broadcast Music* and *Ford Motor Co.*, both which Plaintiffs cite, are irrelevant to this argument because neither address the five-year limitation that is explicitly written into the federal statute. *See* 484 F. Supp. at 362-63; 930 F.2d 277, 290-91 (3d Cir. 1991).

Finally, in any case, ROSS has rebutted the presumption of validity. *See* D.I. 758 at 5.

### IV. There is No Copyright in an Abstract Idea Such as a "Connection" or "Link" Between a Headnote and Passage in a Judicial Opinion

Lastly, Plaintiffs argue again that the text of their headnotes is unimportant and that "what matters" and is "most important" for their copyright infringement theory is that ROSS allegedly copied the abstract link or connection between a headnote and a portion of an opinion. *See* D.I. 761 at 5. A link is not an expression. It is a "functional tool intended to lead a researcher to a particular portion of a case." *See* D.I. 713 at 35-37. A link is a selection that one has made to connect two pieces of expression together. And if that link is arranged along with other links, the selection and arrangement of all those links can be analyzed as a compilation. *See id.*; *see also id.* at 15-17. But the standard for material appropriation of a compilation is different than the standard for material appropriation of individual works. *See id.* at 15-17. And a single link is not a compilation.

The Honorable Stephanos Bibas
January 6, 2025
Page 4

                                                                                Respectfully,

                                                                                */s/ David E. Moore*

                                                                                David E. Moore

DEM:rms/11967405/20516.00001

Enclosure
cc:      Counsel of Record (via electronic mail)