IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GmbH and WEST PUBLISHING CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | |
| v. | |
| ROSS INTELLIGENCE INC., | |
| Defendant. | |

C.A. No. 20-613 (SB)

**JOINT LETTER REGARDING 2025 PRETRIAL DEADLINES**

Dear Judge Bibas:

Pursuant to the Court's order of February 20, 2025 (D.I. 773), Plaintiffs Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation ("Thomson Reuters") and Defendant ROSS Intelligence, Inc. ("ROSS") (together, the "Parties") have conferred concerning dates for pretrial deadlines. The Parties have been unable to reach an agreement and therefore submit competing proposals as follows:

**Thomson Reuters' Position**:

Thomson Reuters proposes a pretrial schedule that takes into account the fact that there already is an existing pretrial order and the issues in the case have now been narrowed as a result of the Court's summary judgment order (D.I. 770, the "Summary Judgment Order"). Thomson Reuters' proposal thus contemplates the Parties *narrowing* prior submissions, removing outdated references to defenses that are no longer in the case, and using this time to pare down the disputes left for the Court to resolve ahead of trial. In other words, the Parties can pick up where they left off with narrowed submissions reflecting the Summary Judgment Order. There is no need to reinvent the wheel.

By contrast, ROSS's proposal would have the Parties completely redo all of their pretrial submissions and get three new motions in limine. This is unnecessary, inefficient, and prejudicial. *First*, it is unnecessary and inefficient to have the Parties redo all pretrial submissions in this case. The Summary Judgment Order narrowed the claims at issue by dismissing certain defenses and resolving direct infringement in favor of Thomson Reuters. The Court did not touch the two remaining claims for trial: tortious interference with contract and indirect infringement. Thomson Reuters spent months and has incurred extensive costs negotiating the pretrial order and preparing pretrial submissions on precisely these two claims. It

spent time and money objecting to ROSS's deposition designations, preparing counter-designations, reviewing ROSS's extensive (639 item-long) exhibit list, preparing objections to those exhibits, and negotiating those objections with ROSS. All of these submissions already contemplated a trial on the same two issues that will be tried in May 2025, and thus should already include all possible related exhibits, deposition designations, and witnesses relevant thereto. Courts in this Circuit regularly grant pretrial orders before deciding summary judgment, *see e.g., Scopia Mortg. Corp. v. Greentree Mortg. Co., L.P.*, 184 F.R.D. 526, 528 (D.N.J. 1998) (granting final pretrial order months before deciding summary judgment, and denying request to amend final pretrial order after the court ruled on summary judgment), and there are often interstitial orders before trial that impact items like the verdict form and jury instructions that occur in the leadup to and during trial. That does not mean redoing all of this work every time. At this stage, the most efficient path forward is for the Parties to, at most, narrow certain submissions and issues to be resolved by the Court—such as by dropping exhibits, objections, and unnecessary witnesses—rather than starting from scratch and potentially expanding, rather than contracting, the issues to be resolved by the Court.

*Second*, ROSS, for which we note new counsel has recently made an appearance, evidently wants to redo pretrial submissions because it now has the benefit of Thomson Reuters' trial strategy, including being privy to the narrowed deposition designations that Thomson Reuters planned to play on the first day of trial, along with Thomson Reuters' positions on various exhibits and other issues that needed to be resolved immediately ahead of Plaintiffs' case-in-chief. This is an additional prejudice on top of the prejudice to Thomson Reuters associated with the additional costs it will need to incur preparing and responding to completely new pretrial submissions. The continuance of trial does not impact the validity of the pretrial

2

order that was already entered in this case, and amendment at this point is only appropriate to prevent manifest injustice. *See, e.g.*, Fed. R. Civ. P. 16(e) (allowing amendment of a final pretrial order only to prevent "manifest injustice"). Thomson Reuters agrees that some amendments to remove and narrow certain items, such as to remove references to dismissed defenses, makes sense. But allowing a complete "do-over" with new counsel now that ROSS is privy to Thomson Reuters' trial strategy is improper and prejudicial. In *Port-a-Pour, Inc. v. Peak Innovations, Inc*., for example, the court denied defendant's motion to redo the final pretrial order after trial was continued, finding "allowing Defendants essentially a do-over" was improper and extremely prejudicial. No. 13-CV-01511-WYD-BNB, 2016 WL 7868814 (D. Colo. June 29, 2016) (denying defendant's motion to redo the final pretrial order after trial was continued, stating that "vacating the Final Pretrial Order and allowing Defendants essentially a do-over is improper and appears to be an attempt to reframe or expand the scope of the case…This would be extremely prejudicial to Plaintiff, as discovery has closed and trial is set to commence in less than two months."); *see also Krys v. Aaron*, 312 F.R.D. 373, 378 (D.N.J. 2015) (finding amendment of pretrial exhibit list prejudicial to opposing party, as party would have to " thoroughly review these additional exhibits, [] re-prepare witnesses, and [] perform an array of attendant tasks…[that] will disrupt the orderly and efficient trial of this action, on the eve of trial.").

    ***Third***, compounding the prejudice, ROSS's proposal is not fair or feasible given the short time that remains before the pretrial conference. After the Court's order that the Parties confer on a schedule, Thomson Reuters reached out to ROSS with a proposal for limited additional exchanges on February 25, 2025. ROSS waited until nearly a week later on March 3, 2025, to inform Thomson Reuters that it intended to completely redo pretrial submissions. Given the

3

magnitude of ROSS's request and the scope of the work it will require, there is no reason why ROSS could not have raised it sooner. And the timing of the proposal is plainly disbalanced to ROSS's advantage. For instance, ROSS is proposing that Thomson Reuters has *4* days from today (March 10) to completely amend the pretrial order, exhibit lists, and deposition designations, and that ROSS will have *11* days to respond (March 21). ROSS then suggests a conferral in five days on March 26, 2025, apparently giving Thomson Reuters only *5* days to review ROSS's submission, exhibit lists, and deposition designations, and respond ahead of the conferral. This is plainly unworkable, particularly if ROSS is proposing adding exhibits, witnesses, and deposition designations that Thomson Reuters will need to newly review. In addition, although the Parties already briefed and the Court already ruled on motions in limine, which are capped by the Local Rules at three motions per side, a part of its "re-do" plan, ROSS is now proposing the Parties file *all new* motions in limine in under a week and fully brief them by March 26, 2025. This proposal not only gives Plaintiffs little time to prepare unexpected and wholly new motions in limine, it also gives the Court little time to review them ahead of the pretrial conference. Again, all of this seems calculated to both favor ROSS and add to the number of disputes before the Court on April 9, 2025, rather than using this time to narrow the scope of what remains and tee up the key issues that need Court resolution most urgently before trial.

Accordingly, Thomson Reuters proposes the following pretrial deadlines, which are also included in Thomson Reuters' proposed order, attached hereto as **Exhibit A.**

| Pretrial Submission | Proposed Deadline |
|---|---|
| **Deposition Designations** | **March 17, 2025** – The Parties shall exchange proposed narrowed deposition designation objections based on previously exchanged deposition designations. |

| Pretrial Submission | Proposed Deadline |
|---|---|
| | **March 24, 2025** – The Parties shall confer and exchange the five highest priority objections that they wish the Court to address at the pretrial conference.<br><br>**April 1, 2025 –** The Parties shall resubmit to the Court as exhibits to the Amended Pretrial Order the previously submitted deposition designations with any newly narrowed objections.  The Parties will also file with the Court a list of the top five categories of testimony with objection codes that they want the Court to resolve at the pretrial conference. |
| **Exhibit List** | **March 17, 2025** – Parties to exchange narrowed objections to previously exchanged exhibit lists.<br><br>**March 24, 2025** – The Parties shall confer and exchange the five highest priority exhibits that they wish the Court to address at the pretrial conference.<br><br>**April 1, 2025 -**  The Parties shall resubmit to the Court as exhibits to the Amended Pretrial Order the previously submitted exhibit lists with the newly narrowed objections.  The Parties will also file with the Court a list of the top five categories of exhibits with objection codes that they want the Court to resolve at the pretrial conference. |
| **Amended Pretrial Order** | **March 10, 2025** – Thomson Reuters shall send to ROSS a proposed amended pretrial order to remove references to dismissed claims and update references to resolved claim, along with narrowed versions of Exhibit 1 (uncontested facts), Exhibit 2 (Thomson Reuters' contested facts), Exhibit 4 (Thomson Reuters' issues of law),  Exhibit 8 (Thomson Reuters' witness list), and Exhibit 12 (Thomson Reuters' statement of intended proof). |

| **Pretrial Submission** | **Proposed Deadline** |
|---|---|
| | **March 17, 2024** – ROSS shall send to Thomson Reuters proposed revisions to the amended pretrial order and Exhibit 1, along with narrowed versions of Exhibit 3 (ROSS's statement of contested facts), Exhibit 5 (ROSS's issues of law), Exhibit 9 (ROSS's witness list), and Exhibit 13 (ROSS's statement of intended proofs).<br><br>**March 24, 2025** – Thomson Reuters shall send proposed revisions to the pretrial order and Exhibit 1 thereto.<br><br>**March 31, 2025** – The Parties shall confer and attempt to resolve any remaining disputes with respect to the pretrial order and Exhibit 1 thereto.<br><br>**April 1, 2025** – The Parties shall file the pretrial order with the Court. |
| **Jury Instructions and Verdict Form** | **March 17, 2025** – Parties to exchange jury instructions and verdict form.<br><br>**March 24, 2025** – Parties to exchange revised jury instructions and verdict form and attempt to reach agreement on undisputed instructions.<br><br>**April 1, 2025** – Parties to file proposed jury instructions and verdict form with the Court. |

**ROSS's Position**:

ROSS disagrees with Plaintiffs' position that the previous Pretrial Order governs the scope of the new trial. The previous Pretrial Order was based on the issues remaining after the previous summary judgment ruling. Now, the Court has reconsidered its prior summary judgment ruling and issued a new summary judgment order following additional summary judgment briefing. D.I. 770 at 4 ("I now revise parts of my 2023 summary-judgment opinion.");

6

*id.* at 7 ("So I now revise those parts of my prior opinion."); *id.* at 11 ("I revise my prior ruling and now consider these 1,623 headnotes as fairly part of the case."); *id.* at 15 ("I vacate those sections of that order and its accompanying opinion addressing fair use."). The Court's Order has significantly changed the scope of the trial.

      This is now a new trial with a different scope and different issues compared to the previous pretrial order based on the Court's summary judgment order. D.I. 770. For example, with the five days allotted for trial, ROSS previously prepared its case to focus significantly on the fair use defense. But now that summary judgement has been granted as to fair use, it is focusing significantly more on the direct and indirect infringement claims and the tortious interference claims, as well as other issues which were, given the previous scope of trial and time limitations, less important than fair use. Therefore, to appropriately govern the scope of this new trial, the parties need guidance from a new pretrial order, as neither party can be bound by reasoning that the Court has acknowledged it reconsidered during summary judgment. Pretrial orders are "a useful tool to harness unwieldy litigation by simplifying the dispute and narrowing the issues for trial." *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1476 (3d Cir. 1988). It is "[f]or this reason [that] pretrial orders bind the parties unless modified by the court to prevent manifest injustice." *Id.* (citing Fed. R. Civ. P. 16(e)).  Given that the Court has significantly changed the scope of trial by reconsidering its prior rulings, a new pretrial order that "simplif[ies] the dispute and narrow[s] the issues for trial" is necessary. *Phoenix Canada*, 842 F.2d at 1476.

      There is no prejudice to either party in reviewing, meeting and conferring, and drafting proposed pretrial orders to address topics such as (i) deposition designations and objections; (ii) exhibits and objections; (iii) jury instructions; (iv) verdict form; and (v) motions in limine. In

contrast, there is significant prejudice to the parties and increased burden on the Court if the parties lack clarity on the scope of the trial and if, on the eve of trial or even during trial, the parties are disputing the scope and relevance of deposition designations, exhibits, jury instructions, verdict form, and the topics that can be discussed by parties during trial. Such issues can be appropriately addressed well in advance of trial through briefing and a new pretrial order.

Accordingly, ROSS proposes the following dates for pretrial practice, which are reflected in ROSS's proposed order, attached hereto as **Exhibit B**:

| Event | Date |
|---|---|
| Plaintiffs Provide Draft Pretrial Order | March 10, 2025 |
| Parties File Opening Motion *in Limine* Briefing | March 12, 2025 |
| Parties File Opposition to Motion *in Limine* Briefing | March 19, 2025 |
| ROSS Provides Response to Pretrial Order | March 21, 2025 |
| Parties Meet and Confer Regarding Proposed Pretrial Orders | March 26, 2025 |
| Parties File Reply to Motion *in Limine* Briefing | March 26, 2025 |
| Parties Submit Pretrial Briefing | April 2, 2025 |

The foregoing dates are based the local rules (Rule 16(d)) and the Court's guidance on Motions *in Limine*. However, given that Plaintiffs' deadline to provide their draft pretrial order should have been 30 days before the pretrial order is due on April 2, 2025, ROSS has adjusted the dates to allow Plaintiffs time for briefing.

8

Respectfully submitted,

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| */s/ Michael J. Flynn* | */s/ David E. Moore* |
| Jack B. Blumenfeld (#1014) | David E. Moore (#3983) |
| Michael J. Flynn (#5333) | Bindu A. Palapura (#5370) |
| 1201 North Market Street | Hercules Plaza, 6th Floor |
| P.O. Box 1347 | 1313 N. Market Street |
| Wilmington, DE 19899 | Wilmington, DE 19801 |
| Tel: (302) 658-9200 | Tel: (302) 984-6000 |
| jblumenfeld@morrisnichols.com | dmoore@potteranderson.com |
| mflynn@morrisnichols.com | bpalapura@potteranderson.com |
| | |
| OF COUNSEL: | OF COUNSEL: |
| Dale M. Cendali | Warrington S. Parker III |
| Joshua L. Simmons | Joachim B. Steinberg |
| Jeremy King | Jacob Canter |
| KIRKLAND & ELLIS LLP | CROWELL & MORING LLP |
| 601 Lexington Avenue | 3 Embarcadero Ctr., 26th Floor |
| New York, NY 10022 | San Francisco, CA 94111 |
| (212) 446-4800 | Tel: (415) 986-2800 |
| | |
| Miranda D. Means | Keith J. Harrison |
| KIRKLAND & ELLIS LLP | Crinesha B. Berry |
| 200 Clarendon Street | CROWELL & MORING LLP |
| Boston, MA 02116 | 1001 Pennsylvania Avenue NW |
| (617) 385-7500 | Washington, DC 20004 |
| | Tel: (202) 624-2500 |
| Yungmoon Chang | |
| Allyn Belusko | Andy LeGolvan |
| KIRKLAND & ELLIS LLP | WHITE & CASE LLP |
| 2049 Century Park East, Suite 3700 | 3000 El Camino Real |
| Los Angeles, CA 90067 | 2 Palo Alto Square |
| (310) 552-4200 | Suite 900 |
| | Palo Alto, CA 94306 |
| *Attorneys for Plaintiffs Thomson Reuters Enterprise Center GmbH and West Publishing Corporation* | Tel: (213) 620-7755 |
| | *Attorneys for Defendant ROSS Intelligence Inc.* |

March 6, 2024

9