**Potter Anderson & Corroon LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE  19801-6108
302.984.6000
potteranderson.com



David E. Moore
Partner
dmoore@potteranderson.com
D  302.984.6147

March 21, 2025

**VIA ELECTRONIC FILING**

The Honorable Stephanos Bibas
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA  19106

      Re: *Thomson Reuters Enterprise Centre GmbH et al. v. ROSS Intelligence Inc.*, C.A. No. 20-613-SB

Dear Judge Bibas:

      We write on behalf of Defendant ROSS Intelligence, Inc. to respectfully request a short extension of time to serve objections to Plaintiffs' deposition designations, until Monday, March 24, 2025.

      Plaintiffs were successful in convincing this Court that things should be streamlined. And ROSS has acted consistently with that.  Plaintiffs, unfortunately, have not.

      In this regard, Plaintiffs have expanded their depositions designations, including new designations as to witnesses previously designated and including an additional six witness designations.  Prior to the first trial, Plaintiffs designated deposition testimony on July 31, 2024. Then, ahead of trial, Plaintiffs narrowed their designations so that by August 20, 2024, there were a more limited set.  As to this more limited set, ROSS provided objections.

      Now, without explanation, and inconsistent with Plaintiffs' stated view that things can be streamlined, Plaintiffs have reverted back to a far more extensive set of designations.  ROSS did not object to these expanded depositions designations previously given that Plaintiffs voluntarily narrowed their designations on August 20, 2024.  It is for this reason, ROSS requests more time.[1]

---

[1] This shift is inconsistent with Plaintiffs' own treatment of exhibits. Specifically, Plaintiffs has taken the position that objections to exhibits must be made based on the August 19, 2021 exchange—i.e., the most recent version. *See* Ex. A (Email from E. Dillion, Mar. 17, 2025) ("Plaintiffs' narrowed exhibit objections are made pursuant to the agreements reached during the parties' August 19 conferral"). It is, therefore, contradictory for Plaintiffs to now claim that the

The Honorable Stephanos Bibas
March 21, 2025
Page 2

      ROSS is open to meeting and conferring with Plaintiffs regarding these objections but respectfully requests that the meet-and-confer occur on Wednesday, March 26, rather than Monday, to allow sufficient time for review and proper preparation. This request arises from Plaintiffs' reversion to a prior version of its pretrial submissions—without notice or agreement—thereby expanding the designations to which ROSS must now respond.

      Plaintiffs refusal to stipulate is based on their assertion that ROSS made new objections to the August 20, 2024 designations. *See* Ex. B (Email from M. Means, Mar. 21, 2025). ROSS did so for certain designations because some testimony is irrelevant or lack a foundation given this Court's decisions on summary judgment and Plaintiffs' position that it is limiting its direct infringement case. Plaintiffs claim that ROSS had to receive permission first from this Court, which this Court order does not contemplate. ROSS has complied with both the Court's order and Plaintiffs' own approach by making objections within its pretrial submissions and indicating that disputed issues can be brought to the Court as needed. ROSS is also willing to meet and confer on these additional objections just as ROSS would assume Plaintiffs would meet and confer on their additional designations.

      Accordingly, ROSS respectfully requests a short extension of time to serve its objections to Plaintiffs' expanded deposition designations by Monday, March 24, and to meet and confer on the five highest-priority objections by Wednesday, March 26. *See* Ex. C (Proposed Order). This request will not impact any other deadlines or prejudice Plaintiffs.

      Thank you for the Court's consideration.

                                          Respectfully,

                                          */s/ David E. Moore*

                                          David E. Moore

DEM:rms/12127656/20516.00001

cc:      Counsel of Record (via electronic mail)

---

original designations govern deposition designations while asserting the latest version governs exhibits.