# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347
———
(302) 658-9200

MICHAEL J. FLYNN
(302) 351-9661
mflynn@morrisnichols.com

March 24, 2025

The Honorable Stephanos Bibas
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801-3570

   Re: *Thomson Reuters Enterprise Centre GmbH v. ROSS Intelligence Inc.*,
     C.A. No. 20-613 (SB)

Dear Judge Bibas:

We write in response to Defendant ROSS Intelligence Inc.'s letter of March 21, 2025. D.I. 788. To be clear, Plaintiffs **do not oppose the requested extension of time to March 24, 2025 for ROSS to narrow its objections to Plaintiffs' deposition designations**. Plaintiffs only ask that the Court direct ROSS to use the extension to **narrow**, rather than **add to**, their objections. This response is necessary to correct the many incorrect statements in ROSS's letter.

As an initial matter, Plaintiffs have not expanded their own deposition designations. The Court's March 6, 2025 order does not contemplate the parties exchanging new deposition designations. Instead, the point of Plaintiffs' proposal, which the Court adopted in its order, was that the parties would take the prior pre-trial order and narrow the issues therein, to minimize what the Court needs to do at the pre-trial conference. D.I. 778 ("The Parties shall resubmit to the Court as exhibits to the Amended Pretrial Order the previously submitted deposition designations with any newly narrowed objections."). Consistent with the Court's order, Plaintiffs have done just that. On March 17, 2025, Plaintiffs provided ROSS with ***narrowed objections*** to the designations and counter-designations that had been in the parties' prior pre-trial order. In other words, Plaintiffs went through the objections it had made previously and eliminated objections.

The reason ROSS writes to the Court is because on March 17, 2025, ROSS sent Plaintiffs revised objections that were faulty in two ways that bear on ROSS's need for an extension.

*First*, instead of using the parties' prior pre-trial order, as the Court's order contemplated, ROSS only submitted revised objections to a subset of Plaintiffs' deposition designations. The Court previously ordered that, "any party intending to enter testimony by deposition shall disclose its final affirmative designations by 7:00pm three calendar days before the deposition is to be used at trial." D.I. 624 at 9. Instead of using Plaintiffs' designations in the Pre-Trial Order as a starting point, which under the prior Pre-Trial Order "contain the maximum universe of deposition designations," D.I. 624 at 9, ROSS used the designations that Plaintiffs disclosed it would be playing ***on the first day of trial***. That, however, makes no sense. Plaintiffs' day one

The Honorable Stephanos Bibas                                                                Page 2
March 24, 2025

disclosure was not their pre-trial disclosure, and Plaintiffs have the right to play other deposition designations on a later day of the case, so long as timely disclosed.[1]  Realizing their mistake in only addressing Plaintiffs' day one disclosures, ROSS asked Plaintiffs if they would agree to an extension to allow ROSS to narrow objections to March 24, 2025.  **Plaintiffs agreed to ROSS's proposal**.

But then, Plaintiffs noticed the *second* issue with ROSS's allegedly narrowed objections from March 17—they were not, in fact, narrowed.  In actuality, although **Plaintiffs** went through and **dropped** dozens of objections from their set, ROSS improperly *added* 37 new objections and only "streamlined" by withdrawing 8.  Many of these objections have nothing to do with the impact of the Court's summary judgment order, and simply reflect additional objections such as foundation, authentication, and relevance that could have been asserted earlier and were not.  As we explained in our submission on pre-trial deadlines, it is unfair, prejudicial, and inefficient for ROSS to get a do-over in its trial defense once it had the benefit of Plaintiffs' trial submissions.  Plaintiffs had understood that any additions to the pre-trial submissions needed to be separately raised with the Court, and so for relevance objections they considered adding based on the summary judgment order, they separately raised the objections with ROSS to open the opportunity to confer thereupon before Plaintiffs bring them to the Court. D.I. 788-1.  ROSS clearly has not done the same, but instead mixes in dozens of new objections, many of which could have been raised previously and have no apparent relationship to the court order.  When Plaintiffs asked ROSS whether it planned to actually narrow the fuller set of objections on March 24, 2025, ROSS would not commit to doing so, and filed its letter instead.

Accordingly, although Plaintiffs do not oppose ROSS's stated request to submit **narrowed** objections to Plaintiffs' pretrial order deposition designations, Plaintiffs request that ROSS be directed not to use this submission to add to, rather than narrow, its objections.  Simply put, these designations should not be used to circumvent the Court's clear directive in its March 10, 2025 Order.  D.I. 779.

                                                    Respectfully,

                                                    */s/ Michael J. Flynn*

                                                    Michael J. Flynn (#5333)

cc:     All Counsel of Record (via electronic mail)

---

[1] ROSS claims this is "inconsistent" with Plaintiffs' treatment of the exhibit list because Plaintiffs worked from the Parties' most recent version, which reflects the Parties' conferral to reach agreements as to certain objections. But this is not inconsistent at all – these are two separate things. The deposition designation disclosure on August 20, 2024, was a day one of trial disclosure, not an agreement to "drop" certain testimony or objections.