## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) | |
| | ) | C.A. No. 20-613-SB |
| Plaintiffs/Counterdefendants, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| ROSS INTELLIGENCE INC., | ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |

## <u>Verdict Form</u>

**Instructions:** Please read and answer the questions below, beginning with Question 1.

After you have answered a question, follow the instructions that correspond to your answer. The

instructions will either direct you to answer another question or direct you to stop.

**I.**     <u>**Copyright Claims**</u>

**A. Direct Infringement by ROSS – 2,243 Headnotes**

1.     Has Thomson Reuters proven by the preponderance of the evidence that it owns a valid copyright to any of the 2,243 asserted headnotes such that any headnote is not expired?

       _____ Yes (for Thomson Reuters) (continue to Question 2)

       _____ No (for ROSS) (continue to Question 3)

2.     If you answered Yes to Question 1, go to Exhibit A and for each headnote, state whether it is not expired. Once complete, continue to Question 3.

**B. Direct Infringement by LegalEase**

3.     *Validity* – Has Thomson Reuters demonstrated that it owns a valid copyright to any of the asserted works in Exhibit B such that any work is original or is not expired?

       _____ Yes (for Thomson Reuters) (continue to Question 4)

       _____ No (for ROSS) (continue to Question 14)

4.     *Validity* – If you answered Yes to Question 1, go to Exhibit B and for each work, state whether (1) it is original or (2) it is not expired. Once complete, continue to Question 5.

Please note that any headnotes that you determined are either not original, or are expired, or both, in response to Question No. 4 may not be considered in responding to this or any of the questions below.

5.     *Direct Infringement – LegalEase* – Has Thomson Reuters proven by the preponderance of the evidence that LegalEase actually copied any of the works in Exhibit B by proving access to the work and that an observer would believe that LegalEase made a virtually identical copy of that work?

       _____ Yes (for Thomson Reuters) (continue to Question 6)

       _____ No (for ROSS) (continue to Question 14)

6.     *Direct Infringement – LegalEase* – If you answered Yes to Question 5, go to Exhibit C and for each headnote, state whether LegalEase actually copied the work. Once complete, continue to Question 7.

7.     *Direct Infringement – LegalEase* – Has Thomson Reuters proven by the preponderance of the evidence that LegalEase materially appropriated any of the works in Exhibit B by proving through a side-by-side comparison of the works and excluding any unprotectable, public domain elements, that an observer would believe that LegalEase made a virtually identical copy of that work?

      _____ Yes (for Thomson Reuters) (continue to Question 8)

      _____ No (for ROSS) (continue to Question 14)

8.     *Direct Infringement – LegalEase* – If you answered Yes to Question 6, go to Exhibit B and for each asserted work, state whether LegalEase materially appropriated the work. Once complete, continue to Question 9.

9.     *Vicarious Infringement* – Has Thomson Reuters proven by the preponderance of the evidence that ROSS directly benefitted financially from LegalEase copying the headnotes?

      _____ Yes (for Thomson Reuters) (continue to Question 10)

      _____ No (for ROSS) (continue to Question 12)

10.    *Vicarious Infringement* – Has Thomson Reuters proven by the preponderance of the evidence that ROSS had both the right and ability to supervise and control LegalEase's copying of the headnotes?

      _____ Yes (for Thomson Reuters) (continue to Question 11)

      _____ No (for ROSS) (continue to Question 12)

11. *Vicarious Infringement* – Has Thomson Reuters proven by the preponderance of the evidence that ROSS exercised practical control over LegalEase's copying of the headnotes?

    _____ Yes (for Thomson Reuters) (continue to Question 12)

    _____ No (for ROSS) (continue to Question 12)

12. *Contributory Infringement* – Has Thomson Reuters proven by the preponderance of the evidence that ROSS knew or had reason to know LegalEase copied the headnotes?

    _____ Yes (for Thomson Reuters) (continue to Question 13)

    _____ No (for ROSS) (continue to Question 14)

13. *Contributory Infringement* – Has Thomson Reuters proven by the preponderance of the evidence that ROSS intentionally induced and materially contributed to LegalEase's copying of the headnotes?

    _____ Yes (for Thomson Reuters) (continue to Question 14)

    _____ No (for ROSS) (continue to Question 14)

## C. Copyright Defenses

If you answered **YES to any of Questions 11 and 13**, answer the following Questions 14-23. If you have not answered yes to any of the above, proceed to Question 24.

14. *Fair Use* - Under Factor 1 of the fair use analysis, for each works you found to be infringing in response to Question 8, was LegalEase's use for a commercial purpose?

    _____ Yes (for Thomson Reuters) (continue to Question 15)

    _____ No (for ROSS) (continue to Question 15)

15. *Fair Use* - Under Factor 1 of the fair use analysis, for each works you found to be infringing in response to Question 8, was LegalEase's use for the purpose of locating judicial opinions and creating memos transformative?

    _____ Yes (for ROSS) (continue to Question 16)

    _____ No (for Thomson Reuters) (continue to Question 16)

16. *Fair Use* - Under Factor 2 of the fair use analysis, for each works you found to be infringing in response to Question 8, was the nature of the work factual or functional?

    _____ Yes (for ROSS) (continue to Question 17)

    _____ No (for Thomson Reuters) (continue to Question 17)

17. *Fair Use* - Under Factor 3 of the fair use analysis, for each works you found to be infringing in response to Question 8, was a large amount of the original work taken and made accessible to the public?

    _____ Yes (for Thomson Reuters) (continue to Question 18)

    _____ No (for ROSS) (continue to Question 18)

18. *Fair Use* - Under Factor 3 of the fair use analysis, for each works you found to be infringing in response to Question 8, was a significant portion of the original work taken and made accessible to the public?

    _____ Yes (for Thomson Reuters) (continue to Question 19)

    _____ No (for ROSS) (continue to Question 19)

19. *Fair Use* - Under Factor 4 of the fair use analysis, for each works you found to be infringing in response to Question 8, did LegalEase's use impact an actual market for that work?

    _____ Yes (for Thomson Reuters) (continue to Question 20)

    _____ No (for ROSS) (continue to Question 20)

20.    *Fair Use* - Under Factor 4 of the fair use analysis, for each works you found to be infringing in response to Question 8, did LegalEase's use impact a potential Westlaw market for that work?

       _____ Yes (for Thomson Reuters) (continue to Question 21)

       _____ No (for ROSS) (continue to Question 21)

21.    *Fair Use* - Under Factor 4 of the fair use analysis, for each works you found to be infringing in response to Question 8, did LegalEase's use impact the value of Westlaw's market for that work?

       _____ Yes (for Thomson Reuters) (continue to Question 22)

       _____ No (for ROSS) (continue to Question 22)

22.    *Merger* - Are any of the works you answered Yes to in Question 8 subject to merger?

       _____ Yes (for ROSS) (continue to Question 23)

       _____ No (for Thomson Reuters) (continue to Question 23)

23.    *Scènes à faire* - Are any of the works you answered Yes to in Question 8 scènes à faire such that they are standard or typical of the types of works Thomson Reuters is asserting?

       _____ Yes (for ROSS) (continue to Question 24)

       _____ No (for Thomson Reuters) (continue to Question 24)

## II.    Tortious Interference with Contract

24.    Has Thomson Reuters proven, by a preponderance of the evidence, that ROSS knew the substance of the contract between Thomson Reuters and LegalEase at the time of its work with LegalEase?

       _____ Yes (for Thomson Reuters) (continue to Question 25)

       _____ No (for ROSS) (continue to Copyright Damages Section)

25.    Has Thomson Reuters proven, by a preponderance of the evidence, that ROSS intended to interfere with the contract between Thomson Reuters and LegalEase?

_____ Yes (for Thomson Reuters) (continue to Question 26)

_____ No (for ROSS) (continue to Copyright Damages Section)


26.    Has Thomson Reuters proven, by a preponderance of the evidence, that ROSS acted without justification?

_____ Yes (for Thomson Reuters) (continue to Question 27)

_____ No (for ROSS) (continue to Copyright Damages Section)


27.    Has Thomson Reuters proven, by a preponderance of the evidence, that LegalEase was sharing passwords?

_____ Yes (for Thomson Reuters) (continue to Question 28)

_____ No (for ROSS) (continue to Question 28)


28.    Has Thomson Reuters proven, by a preponderance of the evidence, that ROSS knew that LegalEase was sharing passwords?

_____ Yes (for Thomson Reuters) (continue to Question 29)

_____ No (for ROSS) (continue to Question 29)


29.    Has Thomson Reuters proven, by a preponderance of the evidence, that LegalEase was using a scraping tool?

_____ Yes (for Thomson Reuters) (continue to Question 30)

_____ No (for ROSS) (continue to Question 30)

30.     Has Thomson Reuters proven, by a preponderance of the evidence, that ROSS knew that LegalEase was using a scraping tool?

_____ Yes (for Thomson Reuters) (continue to Question 31)

_____ No (for ROSS) (continue to Question 31)

31.     If answered yes to Questions 27 through 30 above related to tortious interference, is Thomson Reuters entitled to nominal damages for tortious interference in a sum such as one dollar?

_____ Yes (for ROSS)

_____ No (for Thomson Reuters) (continue to Question 32)

If the answer is yes, the amount of nominal damages is _____ (continue to Copyright Damages Section).

32.     If answered yes to Questions 27 through 30 and no to Question 31 above related to tortious interference, the amount of general damages Thomson Reuters is entitled to for tortious interference is:

_____ (continue to Copyright Damages Section).

## III.     <u>Copyright Damages</u>

If you answered **YES to any of Questions 1, 11, or 13**, review and answer the following Questions 33-42, where applicable. If you have not answered yes to any of the above, sign and turn in your Verdict Form.

33.     If you answered yes to Question 1 related to direct copyright infringement by ROSS, for each headnote you identified as not expired in Question 2, is Thomson Reuters entitled to only nominal actual damages in a sum such as one dollar for lost profits?

_____ Yes (for ROSS)

_____ No (for Thomson Reuters) (continue to Question 34)

If the answer is yes, the amount of nominal damages is _____ (continue to Question 35).

34.   If you answered yes to Question 1 related to direct copyright infringement by ROSS and no to Question 33, the dollar amount of lost profits that you find Thomson Reuters should receive from ROSS for each of the headnotes you identified as not expired in Question 2 is:

_____ (continue to Question 35)

35.   If answered yes to Questions 11 or 13 related to copyright infringement related to indirect infringement, for each work you found to be materially appropriated in Question 8, is Thomson Reuters entitled to only nominal actual damages in a sum such as one dollar for lost profits?

_____ Yes (for ROSS)

_____ No (for Thomson Reuters) (continue to Question 36)

If the answer is yes, the amount of nominal damages is _____ (continue to Question 37).

36.   If you answered yes to Questions 11 or 13 related to copyright infringement related to indirect infringement and no to Question 35, the dollar amount of lost profits that you find Thomson Reuters should receive from ROSS for copyright infringement for each work you found to be materially appropriated in Question 8 is:

_____ (continue to Question 37)

37.   If you answered yes to Question 1 related to direct copyright infringement by ROSS, for each headnote you identified as not expired in Question 2, is Thomson Reuters entitled to only nominal recovery in a sum such as one dollar with respect to ROSS's profits?

_____ Yes (for ROSS)

_____ No (for Thomson Reuters) (continue to Question 38)

If the answer is yes, the amount of nominal damages is _____ (continue to Question 39).

38.    If you answered yes to Question 1 related to direct copyright infringement by ROSS and no to Question 37, the dollar amount of ROSS's profits that you find Thomson Reuters should receive from ROSS for each of the headnotes you identified as not expired in Question 2 is:

_____ (continue to Question 39)

39.    If answered yes to Questions 11 or 13 related to copyright infringement related to indirect infringement, for each work you found to be materially appropriated in Question 8, is Thomson Reuters entitled to only nominal recovery in a sum such as one dollar with respect to ROSS's profits?

_____ Yes (for ROSS)

_____ No (for Thomson Reuters) (continue to Question 40)

If the answer is yes, the amount of nominal damages is _____ (continue to Question 41).

40.    If answered yes to Questions 11 or 13 related to copyright infringement related to indirect infringement and no to Question 39, the dollar amount of ROSS's profits that you find Thomson Reuters should receive from ROSS for copyright infringement for each work you found to be materially appropriated in Question 8 is:

_____ (continue to Question 41)

41.    If answered yes to Questions 1, 11, or 13 related to copyright infringement, has Thomson Reuters shown, by a preponderance of the evidence, that ROSS's infringement was willful?

_____ Yes (for Thomson Reuters) (continue to Question 42)

_____ No (for ROSS) (continue to Question 42)

42.    If answered yes to Questions 1, 11, or 13 related to copyright infringement, what is the statutory damages amount Thomson Reuters is entitled to? You may not award less than less than $750 or more than $30,000, unless you found that ROSS's infringement was willful (Yes for Question 41), in which case you may award up to $150,000.

_____ (turn in Verdict Form)

You have reached the end of the verdict form and should review it to ensure it accurately reflect your unanimous determinations.  Notify the Marshal that you have reached a verdict.


Dated: _____          _____
                                                      Jury Foreperson

OF COUNSEL:

Warrington S. Parker III
Joachim B. Steinberg
Jacob Canter
CROWELL & MORING LLP
3 Embarcadero Ctr., 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800

Keith J. Harrison
Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Tel: (202) 624-2500

Ryan H. Seewald
CROWELL & MORING LLP
1601 Wewatta Street, Suite 815
Denver, CO 80202
Tel: (303) 524-8660

Andy LeGolvan
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square
Suite 900
Palo Alto, CA 94306
Tel: (213) 620-7755

Mark S. Davies
Anna B. Naydonov
Kufere Laing
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Tel: (202) 626-3600

POTTER ANDERSON & CORROON LLP

By:  */s/ David E. Moore*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com

*Attorneys for Defendant/Counterclaimant*
*ROSS Intelligence, Inc.*

Taylor Moore-Willis
Rosie Norwood-Kelly
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 819-8200

Dated: April 1, 2025
12150163 / 20516.00001