# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) ) | |
| Plaintiffs and Counterdefendants, | ) ) ) | C.A. No. 20-613 (SB) |
| v. | ) ) | |
| ROSS INTELLIGENCE INC., | ) ) | |
| Defendant and Counterclaimant. | ) ) | |

**PROPOSED AMENDED JOINT PRETRIAL ORDER**

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16, Federal Rules of Civil Procedure. The parties are Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation (respectively, "Thomson Reuters" and "West," collectively "Plaintiffs") and defendant ROSS Intelligence Inc. ("ROSS"). A final pretrial order was already submitted by the Parties and signed by the Court. D.I. 624. Since that final pretrial order was entered, the scope of the case has narrowed due to the Court's order on summary judgment. D.I. 772. Consistent with the Court's March 7, 2025, order, D.I. 779, the Parties hereby submit for the Court's approval this proposed Amended Final Pretrial Order governing the trial, scheduled to begin on May 12, 2025. This order shall control the subsequent course of action, unless modified by the Court to prevent manifest injustice.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Michael J. Flynn
_____
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mflynn@morrisnichols.com

Attorneys for Plaintiffs Thomson Reuters
Enterprise Centre GmbH and West
Publishing Corporation

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
(212) 446-4800

POTTER ANDERSON & CORROON LLP

/s/ David E. Moore
_____
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

Attorneys for Defendant/Counterclaimant
ROSS Intelligence, Inc.

OF COUNSEL:

Warrington S. Parker III
Joachim B. Steinberg
Jacob Canter
CROWELL & MORING LLP
3 Embarcadero Ctr., 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

Yungmoon Chang
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067

Keith J. Harrison
Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Tel: (202) 624-2500

Andy LeGolvan
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square
Suite 900
Palo Alto, CA 94306
Tel: (213) 620-7755

Mark S. Davies
Anna B. Naydonov
Kufere Laing
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Tel: (202) 626-3600

Taylor Moore-Willis
Rosie Norwood-Kelly
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 819-8200

April 1, 2025

## <u>TABLE OF CONTENTS</u>

**Page**

I.     Statement of the Nature of the Action ................................................................1

II.    Statutory Basis for Jurisdiction .........................................................................3

III.   Statement of Uncontested Facts .........................................................................3

IV.    Statement of Contested Facts .............................................................................3

V.     Issues of Law .....................................................................................................3

VI.    Exhibits ..............................................................................................................4

    A.     Documentary and Physical Exhibits .......................................................4

    B.     Demonstrative Exhibits...........................................................................5

    C.     Exchange of Exhibits for use With a Witness .........................................7

VII.   Witnesses ...........................................................................................................7

    A.     Witness Lists............................................................................................8

    B.     Testimony by Deposition.........................................................................9

VIII.  Brief Statement of Intended Proofs..................................................................12

IX.    Motions *In Limine* ..........................................................................................12

X.     Limitations, Reservations, and Other Matters .................................................12

    A.     Length of Trial .......................................................................................12

    B.     Jury instructions and Verdict Form........................................................13

    C.     Handling of Confidential Information at Trial........................................13

    D.     Sequestration of Witnesses ...................................................................14

    E.     Judgment as a Matter of Law.................................................................14

    F.     Dispute Resolution Procedures..............................................................15

XI.    Other Issues For Resolution by the Court before trial .......**Error! Bookmark not defined.**

XII.   Certification of Good Faith Efforts as to Settlement ........................................15

XIII.  Order to Control Course of Action ...................................................................15

## Exhibits to Amended Pre-Trial Order

| Exhibit | Description |
|---------|-------------|
| 1 | Amended Joint Statement of Uncontested Statement of Facts |
| 2 | Plaintiffs' Amended Statement of Contested Mixed Issues of Fact and Law |
| 3 | Defendant's Amended Contested Statement of Issues of Fact |
| 4 | Plaintiffs' Amended Statement of Issues of Law |
| 5 | Defendant's Amended Statement of Issues of Law |
| 6 | Joint Statement of Top Five Categories of Exhibits to Resolve |
| 7 | Plaintiffs' Trial Exhibit List |
| 8 | Defendant's Trial Exhibit List |
| 9 | Plaintiffs' Amended List of Fact and Expert Witnesses |
| 10 | Defendant's Amended Witness List |
| 11 | Joint Statement of Top Five Categories of Testimony to Resolve |
| 12 | Plaintiffs' Deposition Designations |
| 13 | Defendant's Deposition Designations |
| 14 | Plaintiffs' Amended Statement of Intended Proofs |
| 15 | Defendant's Amended Statement of Intended Proofs |

## I.    STATEMENT OF THE NATURE OF THE ACTION

1.    This is a copyright infringement and tortious interference with contract case.

2.    Plaintiffs own Westlaw, a legal research platform which offers their subscribers access to legal information including case law, statutes and regulations, law journals, and treatises. Plaintiffs annotate the cases available on Westlaw with summaries and West Headnotes. The cases available on Westlaw are also organized topically within the West Key Number System (together with summaries and West Headnotes, the "Westlaw Content").

3.    ROSS is a company engaged in providing legal research services. ROSS utilizes a legal search engine that uses artificial intelligence.

4.    ROSS entered a contract with a third-party legal process outsourcing company called LegalEase Solutions, LLC ("LegalEase"). In 2017, ROSS hired LegalEase to create question-and-answer memos ("ROSS Memos") to train ROSS's artificial intelligence ("Bulk Memo Project").

5.    LegalEase had a license agreement with West to gain access to Westlaw and the Westlaw Content. LegalEase used Westlaw to create the ROSS Memos. While creating the ROSS Memos for the Bulk Memo Project, LegalEase engaged in behavior that violated Westlaw's Terms of Use.

6.    Plaintiffs filed this lawsuit against ROSS alleging (1) direct and secondary copyright infringement of the Westlaw Content and (2) tortious interference with the contract between West and LegalEase.

7.    On September 25, 2023, the Court granted summary judgment to Thomson Reuters on actual copying with respect to Thomson Reuters' copyright claim, and the existence of a

contract between Thomson Reuters and LegalEase and harm with respect to Thomson Reuters' tortious interference with contract claim.  D.I. 547.

8.      On February 11, 2025, the Court granted summary judgment to Thomson Reuters on direct copyright infringement, and "Ross's defenses of innocent infringement, copyright misuse, merger, scènes à faire, and fair use."  D.I. 770 at 23. "For those [2,243] headnotes, the only remaining factual issue on liability is that some of those copyrights may have expired or been untimely created." *Id.*

9.      At trial, Thomson Reuters intends to seek damages for ROSS's direct infringement, and to prove that ROSS is liable for secondary copyright infringement and tortious interference with contract.  ROSS denies it is liable for secondary copyright infringement for any Westlaw Content or liable for tortious interference with contract.

10.     ROSS also intends to assert that LegalEase's access of any Westlaw Content was permitted by fair use.  Thomson Reuters, however, contends that the Court's February 11, 2025 summary judgment order resolved ROSS's fair use defense.

11.     The parties' permitted claims and defenses will be explained in the course of the trial.

12.     The final pretrial conference is scheduled on April 9, 2025.  A 5-day jury trial is scheduled to begin on May 12, 2025.

13.     The operative pleadings in this case are:

       a.  Thomson Reuters and West's Complaint (D.I. 1) filed May 6, 2020;

       b.  ROSS's  Second  Amended  Answer  and  Defenses  and  Amended Counterclaims (D.I. 225) filed September 14, 2022; and

       c.  Thomson Reuters's Answer to Second Amended Answer to Complaint and

2

Counterclaims (D.I. 234) filed October 6, 2022.

## II.    STATUTORY BASIS FOR JURISDICTION

14.    This action arises under the Copyright Act of 1976, 17 U.S.C. 101 *et. seq* and Delaware law.

15.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

16.    Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and 1400(a).

## III.    STATEMENT OF UNCONTESTED FACTS

17.    The Parties' Joint Statement of Uncontested Facts that are not disputed or have been agreed to or stipulated to by the Parties is attached as **Exhibit 1**.

18.    These uncontested facts require no proof at trial and are part of the evidentiary record in this action.  Any party, with prior notice to all other parties, may read any or all of the uncontested facts to the jury or Court and will be charged for the time used to do so.

## IV.    STATEMENT OF CONTESTED FACTS

19.    Plaintiffs' Amended Statement of Contested Mixed Issues of Facts and Law is attached as **Exhibit 2.**

20.    Defendant's Amended Statement of Contested Facts is attached as **Exhibit 3.**

## V.    ISSUES OF LAW

21.    Plaintiffs' Amended Statement of Issues of Law is attached as **Exhibit 4.**

22.    Defendant's Amended Statement of Issues of Law is attached as **Exhibit 5.**

23.    Should the Court determine that any issue identified in a party's statement of issues of law that it contends remain to be litigated is more properly considered an issue of fact, it should be so considered.

## VI.    EXHIBITS

### A.    Documentary and Physical Exhibits

24.    Per the Court's Order, the Parties have met and conferred regarding the five highest priority objections that the Parties request the Court to address at the final pretrial conference.  The Parties' Joint Statement of Top Five Categories of Exhibits to Resolve at the pretrial conference is attached as **Exhibit 6**.

25.    Plaintiffs' list of exhibits that they intend to offer at trial, except demonstrative exhibits and exhibits to be used solely for impeachment or cross-examination, and Defendants' objections to Plaintiffs' exhibits, are attached as **Exhibit 7**.

26.    Defendant's list of exhibits that it intends to offer at trial, except demonstrative exhibits and exhibits to be used solely for impeachment or cross-examination, and Plaintiffs' objections to Defendant's exhibits, are attached as **Exhibit 8**.

27.    Plaintiffs' trial exhibits will be identified with PTX numbers.  Defendants' trial exhibits will be identified with DTX numbers.  Joint trial exhibits will be identified with JTX numbers.

28.    The Parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

29.    The fact that a document appears on a party's exhibit list does not mean that it is admissible against that party; admission and use will be treated the same irrespective of which party's list the exhibit appears on.

30.    No exhibit will be admitted into evidence unless offered through a witness, who must at least be shown the exhibit.  Exhibits may be introduced via prior sworn testimony.  Notwithstanding the foregoing, exhibits that are not objected to or that have been ruled on by the

Court may be used in opening statements. A party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence may formally move the exhibit into evidence, by exhibit number, at any time. For clarity, documents may be admitted for the first time through an expert witness who need not have direct, personal knowledge of the exhibit outside of the expert's assignment on this case.

31.    Subject to the Court's approval, the parties stipulate that all ROSS Memos, judicial opinions, and copyright registrations produced in this case are joint exhibits that do not need to be individually admitted following the procedures in Paragraph 26.

32.    Except as provided above with respect to opening statements, exhibits may not be published, displayed, or otherwise shown to the jury until after the Court allows such publication or display. Any exhibits already admitted may be published to the jury without requesting to do so.

33.    Any document that (a) was previously produced by a party or a subpoenaed third party in discovery in this action, or marked as an exhibit at a deposition; and (b) is contained or incorporated in a trial or demonstrative exhibit shall be deemed *prima facie* to be authentic, subject to the right of the party against whom such a document is offered to adduce evidence to the contrary.

34.    The parties have stipulated that ROSS will not introduce any evidence or testimony concerning whether Plaintiffs sent them a cease-and-desist letter.

35.    On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party and a thumb drive containing each exhibit.

**B.    Demonstrative Exhibits**

36.    Exhibits that the Parties intend to use at trial solely for demonstrative purposes without admitting into evidence ("demonstrative exhibits") do not need to be specifically described

on the Parties' respective exhibit lists that are part of this Amended Final Pretrial Order. Plaintiffs' demonstrative exhibits will be identified with PDX numbers, starting with PDX-1. Defendant's demonstrative exhibits will be identified with DDX numbers, starting with DDX-1.

37.    The Parties shall exchange demonstratives (e.g., PowerPoint slides and boards) to be used in opening statements by 2:00 p.m. the calendar day before opening statements. Any objections shall be provided no later than 5:00 p.m. the calendar day before their intended use. The Parties are to meet and confer to resolve any objections to the demonstratives for opening statements at 7:00 p.m. the calendar day before opening statements.

38.    The Parties shall provide demonstrative exhibits to be used in connection with direct examination of live witnesses by 6:00 p.m. the calendar day before their intended use. Any objections shall be provided no later than 8:00 p.m. the calendar day before their intended use. The Parties are to meet and confer to resolve any objections at 9:00 p.m. the calendar day before the demonstratives' intended use.

39.    If good-faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention the morning of the opening statement or the day the witness is being called to the witness stand.

40.    If any of the demonstratives change after the deadline, the party intending to use the demonstrative shall promptly notify the opposing party of the change(s) to provide the opposing party with reasonable notice of the change(s) before the demonstratives are presented to the jury.

41.    The party seeking to use a demonstrative shall provide a color representation of the demonstrative to the other side in PDF format. However, for a demonstrative containing video

animations, the party seeking to use the animation shall provide it to the other side via a secure file share.

42.    For physical demonstratives, the party seeking to use the demonstratives shall provide a color representation as a PDF of 8.5" x 11" copies of the demonstratives.

43.    These provisions do not apply to demonstratives created during testimony or demonstratives to be used for cross-examination, neither of which need to be provided to the other side in advance of their use.

44.    A demonstrative that is merely a blow-up or highlight of a single exhibit or part thereof, or of a single piece of continuous testimony, without title or added text, is not required to be provided to the other side in advance of its use.

### C.    Exchange of Exhibits for use With a Witness

45.    Each Party shall identify by number the exhibits it expects to use on direct examination of a witness by 6:00 pm two calendar days before the witness will testify live.  The party receiving the list of exhibits shall provide the identifying party with any objections to the listed exhibits by 8:00 pm via electronic mail to counsel of record that same day.  The Parties shall then meet and confer as soon as possible to resolve any objections, in no event later than 9:00 pm that day.  This notice provision does *not* apply to exhibits used on cross-examination.

46.    If good faith efforts to resolve objections to witness exhibits fail, the objecting party shall bring its objections to the Court's attention the morning of the day the witness is being called to the witness stand.

## VII.    WITNESSES

47.    The Parties' witnesses who will testify in person and by deposition are set forth in the paragraphs below and exhibits cited herein.  Any witness not listed will be precluded from testifying, absent good cause shown.

48.     The Parties reserve the right to call additional witnesses to provide foundation testimony should any party contest the authenticity or admissibility of any material proffered at trial.

49.     The order of presentation will follow the burden of proof:  First, Plaintiffs will present their case-in-chief on infringement and tortious interference with contract.   Then, Defendant will present its response on infringement and tortious interference with contract.   Then, Plaintiffs will present their rebuttal on infringement and tortious interference with contract, if any. To the extent the schedules of the witnesses necessitate presenting testimony out of order, the party sponsoring the witness will advise the opposing party promptly after they discover the issue, and the Parties will make a good faith effort to accommodate such needs.

50.     Unless otherwise agreed between the Parties, the Parties will identify the witnesses they expect to call live for direct examination, and the order in which they expect to call said witnesses, by 7:00 p.m. three calendar days before the direct examination is expected to take place.

51.     Prior to the start of the direct testimony of any witness, the party offering the witness shall provide two binders containing copies of the exhibits intended for use with that witness to the Court and to the opposing party.

52.     Regardless of burden of proof, the parties agree to identify by e-mail to opposing counsel a good faith belief of the order of all witnesses who will testify live by 12:00 pm ET seven (7) calendar days before the first day of trial.  For clarity, the requirement of this paragraph does not apply to witnesses who will testify by deposition only.

**A.     Witness Lists**

53.     Plaintiffs' amended list of the fact and expert witnesses they intend to call or may call at trial is set forth in **Exhibit 9**.

54.     Defendant's amended list of the fact and expert witnesses it intends to call or may call at trial is set forth in **Exhibit 10**.

**B.     Testimony by Deposition**

55.     Per the Court's March 7, 2025 Order, the Parties have met and conferred regarding the five categories of highest priority deposition designation objections that the Parties request the Court to address at the final pretrial conference.   The Parties' Joint Statement of Top Five Categories of Objections to Testimony to Resolve at the pretrial conference is attached as **Exhibit 11**.

56.     Plaintiffs' deposition designations, Defendant's amended objections and counter-designations to the offered testimony, and Plaintiffs' amended objections to Defendant's counter-designations and Plaintiffs' completeness designations are set forth in **Exhibit 12**.  Inclusion of deposition designations in **Exhibit 12** is neither an admission nor a representation as to the admissibility of or relevance to any issue of any deposition designation.  By designating deposition testimony, Plaintiffs are neither representing nor admitting that Plaintiffs have the burden of proof on any topic.

57.      Defendant's deposition designations, Plaintiffs' amended objections and counter-designations to the offered testimony, and Defendant's amended objections to Plaintiffs' counter-designations and Defendant's completeness designations are set forth in **Exhibit 13**.  Inclusion of deposition designations on **Exhibit 13** is neither an admission nor a representation as to the admissibility of or relevance to any issue of any deposition designation.  By designating deposition testimony, ROSS is neither representing nor admitting that ROSS has the burden of proof on any topic.

58.     The Parties agree that except for testimony used for impeachment, **Exhibits 12 and 13** will contain the maximum universe of deposition designations, counter-designations, and

objections to admission of deposition testimony. None of the foregoing shall be supplemented without approval of all Parties or leave of the Court, on good cause shown. The exception to this is for witnesses that the parties have indicated will appear at trial. Should a witness become unavailable, the party whose witness that is will promptly notify the opposing party. The party whose witness it is will provide designations within 24 hours of the notification. Cross-designations will be due within 24 hours of the designations. For the avoidance of doubt, this exception only applies to witnesses for whom deposition designations would have been appropriate in the first instance, had a party not indicated that witness would be present at trial.

59.    Unless otherwise agreed by the Parties, any party intending to enter testimony by deposition shall disclose its final affirmative designations by 7:00 p.m. three calendar days before the deposition is to be used at trial. The opposing party shall provide the designating party with any objections or counter-designations to the affirmative designations by 6:00 p.m. the day following receipt of the designating party's affirmative designations. To the extent necessary, the designating party will provide the opposing party with any objections to the opposing party's counter-designations by 8:00 p.m. the same day. The parties will meet and confer by 9:00 p.m. the day before the deposition testimony is to be entered to resolve any disputes.

60.    For convenience and sake of brevity, the Parties have listed counter-designations in response to specific affirmative designations by the opposing party. To the extent an opposing party withdraws affirmatively designated testimony, a party may present its counter-designation testimony in response to other specified affirmative testimony by the opposing party or re-designate its counter-designated testimony as affirmative testimony. Similarly, a party may designate testimony identified as affirmative testimony in this order as a counter-designation. To the extent a party removes or narrows its affirmative designations before identifying the testimony

10

it intends to play at trial, as described below, the other party may add those removed designations to its counter-designations, subject to the first party's objections and according to the process described below.

61.    To the extent admissible, a party may introduce the deposition excerpt by video or by reading the transcript.  When deposition designation excerpts are introduced, all admissible deposition counter-designation excerpts, whether offered by video or by transcript, will be introduced simultaneously in the sequence in which the testimony was originally given.  If a party opts to introduce deposition testimony by video, any counter-designations of that same witness's deposition testimony must also be submitted by video.

62.    To the extent such designations are read or played in open court, each party will be charged for the time taken to read or play the designations or counter-designations the party has identified for presentation, as measured by the time it takes to read or play the testimony that the party designated.  A party will not be charged with the time for playing or reading another party's designations or counter-designations.

63.    All colloquy between counsel and objections will be eliminated when the deposition is read or viewed at trial.

64.    If an exhibit is referenced in a portion of deposition testimony that has been designated by either party, the exhibit is admitted into evidence if it is included on the offering party's trial exhibit list and is not otherwise objected to, or is included on the joint trial exhibit list without any objections by the opposing party.

65.    When a witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations and counter-designations that will be read or played.

66.     All procedures regarding deposition designations do not apply to portions of deposition transcripts and/or video used for impeachment or cross-examination of a witness. Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

## VIII.    BRIEF STATEMENT OF INTENDED PROOFS

67.     Plaintiffs' Amended Statement of Proof is attached as **Exhibit 14.**

68.     Defendant's Amended Statement of Proof is attached as **Exhibit 15.**

## IX.    MOTIONS *IN LIMINE*

69.     Per the Court's general Scheduling Order, the Parties were allowed to submit (at most) three motions *in limine* each. *See* J. Bibas Scheduling Order, ¶ 16. The Parties each attached three motions *in limine* and responses thereto to the previous Final Pretrial Order. *See* D.I. 624. The Court ruled on each of the Parties' motions *in limine* during the August 6, 2024, pretrial conference. D.I. 644. Accordingly, no motions *in limine* are attached here, as each party has already met the limit of motions allowed by the Court.

70.     Per the Court's order, the Court will allow "ROSS, as part of its submissions, to make individual requests to the Court to alter rather than merely narrow preexisting filings. [The Court] warn[s] Ross to do so sparingly and to explain to the Court why each proposed addition is necessary."

## X.    LIMITATIONS, RESERVATIONS, AND OTHER MATTERS

### A.    Length of Trial

71.     This case is scheduled for a five-day jury trial beginning at 9:00 a.m. on May 12, 2025.

72.    Trial counsel are to be present and ready to proceed no later than 8:30 a.m. ET every trial day.  Issues that need to be addressed outside the presence of the jury will be taken up at 8:30 a.m. ET, at the lunch break, at the end of the day, or at such other time that the Court determines.

73.    The trial will be timed.  Unless otherwise ordered, time will be charged to a party for its opening statement, closing argument, direct and redirect examination of witnesses it calls, and cross-examination of witnesses called by the opposing party.  Time dedicated to arguing objections to trial or demonstrative exhibits will be charged against the parties at the Court's discretion.

74.    Each side shall be allotted 15 hours for all direct, cross, and rebuttal examinations. Each side shall have up to 1 hour for opening statements and up to 1.5 hours for closing arguments, inclusive of any rebuttal closing by Plaintiffs.

75.    The Courtroom Deputy will keep a running total of trial time used by counsel.  If any party uses all of its allocated trial time, the Court will terminate that party's trial presentation, except for good cause shown.

**B.    Jury instructions and Verdict Form**

76.    The Parties' proposed jury instructions and verdict form will be submitted on April 1, 2025 in accordance with the Court's form scheduling order and agreement of the Parties.

**C.    Handling of Confidential Information at Trial**

77.    The Parties anticipate that the majority of trial will be open to the public and not sealed unless a party specifically requests by 8:30 a.m. the day of anticipated sealing that a particularly sensitive portion be sealed.  If a party makes such a request, subject to the Court's approval, and for good cause shown, the courtroom shall be cleared of those individuals not qualified under the Protective Order entered in this case, except that each party may designate one

corporate representative who may remain in the courtroom throughout the entirety of trial. Each party must notify the opposing party of the identity of this corporate representative by 6:30 p.m. three (3) days before trial.

78.     Transcripts of any sealed testimony, and exhibits entered while the courtroom is sealed, shall remain under seal until thirty (30) days after the conclusion of the trial. Within two weeks of the last day of trial, the parties may designate, by page and line designations, the portions of the transcript they seek to have filed under seal and the exhibits they seek to have placed under seal, subject to the Court's approval. Counsel for the Parties shall be responsible for supplying the necessary envelopes and labels for any materials placed under seal. Within two weeks of the last day of trial, the Parties shall also make any corrections to the trial transcript.

**D.     Sequestration of Witnesses**

79.     Pursuant to Fed. R. Evid. 615, fact witnesses will be excluded from the courtroom during trial (after opening statements) so that they cannot hear the other witnesses' testimony, to the extent described herein. Excluded witnesses will be prohibited from learning about, obtaining, or being provided with trial testimony. For the avoidance of doubt, other than experts, no fact witness other than each party's respective corporate representative shall be allowed to be present at trial before they testify, including prior to any of their rebuttal testimony. In accordance with provision (2) of Rule 615, this exclusion rule will not apply to the officer or employee designated by each party as its representative. Expert witnesses will not be excluded for either fact or expert testimony.

**E.     Judgment as a Matter of Law**

80.     The Parties may follow the following procedure: The parties reserve the right to move for judgment on partial findings pursuant to Fed. R. Civ. P. 52(c). The parties agree that either party making a motion pursuant to Fed. R. Civ. P. 52(c) will advise the Court of its motion

promptly and in accordance with that rule. If the Court requests more extensive argument on the motion, such argument will be taken up at the Court's first convenience. The Parties will only supplement the motion in writing upon request by the Court. Pursuant to Fed. R. Civ. P. 52(c), the Court may decline to render any judgment until the close of evidence.

      **F.    Dispute Resolution Procedures**

      81.    The Parties' objections to demonstratives, exhibits, witnesses, and deposition designations shall be addressed from 8:30 a.m. to 9:00 a.m., after 4:30 p.m., or during the morning, lunch, or afternoon breaks.

## XI.    CERTIFICATION OF GOOD FAITH EFFORTS AS TO SETTLEMENT

      82.    The Parties certify that they have made good faith efforts to resolve the case through settlement.

## XII.    ORDER TO CONTROL COURSE OF ACTION

      83.    This Order shall control the trial on Plaintiffs' copyright and tortious interference claims, unless modified by the Court to prevent manifest injustice.

Dated: _____    _____
                                                     The Honorable Stephanos Bibas
                                                     U.S. Court of Appeals for the Third Circuit